# EXHIBIT 6

Case: 19-30088    Doc# 5768-9    Filed: 02/13/20    Entered: 02/13/20 14:35:29    Page 1 of 3

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SAN FRANCISCO HERRING
     ASSOCIATION, et al.,                        Case No.  14-cv-04393-WHO

8                    Plaintiffs,

9          v.                                    ORDER LIFTING STAY CONCERNING
                                                 KNOWN CLARKE PROPERTY
10   PACIFIC GAS AND ELECTRIC                     CLAIMS
     COMPANY, et al.,
11                                               Re: Dkt. Nos. 61, 62
                     Defendants.
12

13         This case involves two distinct, though potentially related, categories of claims: the known

14   claims that concern plaintiff Clarke's real property (the "Known Clarke Property Claims") and the

15   broader environmental claims brought by plaintiff Clarke and the San Francisco Herring

16   Association (the "Broader Environmental Claims").   I entered a stay in this action on February

17   25, 2015, to allow the parties to explore settlement.  Dkt. No. 42.

18         It is clear that the Broader Environmental Claims will require continued investigation for a

19   period of time before they are ripe for resolution, either by negotiation or litigation.  The Known

20   Clarke Property Claims, on the other hand, are ripe for resolution.  I have reviewed the parties'

21   contentions concerning the potential severance of the claims and while I recognize the possible

22   overlap between the two categories of claims, I disagree with Clarke that the remediation of his

23   property will necessarily be insufficient if I sever the claims.  I agree with PG&E that cleanup of a

24   known hazard is environmentally advantageous.  I do not see a potential for inconsistent rulings.

25   If further remediation of the problems affecting the Clarke property is warranted as determined

26   when the Broader Environmental Claims are litigated, Clarke will get the benefit of that

27   remediation.  A claim for punitive damages is personal to Clarke, as PG&E contends.

28         Accordingly, I lift the stay concerning the Known Clarke Property Claims only.  Trial on

United States District Court
Northern District of California

1    the Known Clarke Property Claims is set for February 22, 2016. The pretrial conference date is

2    January 25, 2016. The last day for dispositive motions to be heard is November 25, 2015. Fact

3    discovery cut off, and expert disclosure, is October 22, 2015. Rebuttal experts shall be disclosed

4    by November 13, 2015, and expert discovery shall close on December 4, 2015.

5        A further Case Management Conference is specially set for August 4, 2015 at 1:00 p.m. in

6    Courtroom 2. The parties shall meet and confer regarding their discovery plans and shall file a

7    Joint Statement on July 31, 2015, identifying any general areas of dispute concerning the scope of

8    discovery, questions concerning this order, and stipulations in the event modifications in the trial

9    and pretrial schedule are desired. The parties shall also propose, in the Joint Statement, a

10    delineation of the Known Clarke Property Claims and Broader Environmental Claims with

11    reference to the Complaint, so that there is no misunderstanding which matters remain stayed and

12    which will be tried.

13        **IT IS SO ORDERED**.

14    Dated: July 17, 2015

15

16        WILLIAM H. ORRICK
             United States District Judge

*United States District Court*
*Northern District of California*