WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br>    - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 (Lead Case) (Jointly Administered) <br><br> **DEBTORS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE** <br><br> Related Docket Ref.: 5042, 5369, 5373, 5452, 5604 |

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.    THE BAR DATE SHOULD BE EXTENDED RATHER THAN REQUIRE THE DEBTORS AND OTHER PARTIES TO ADDRESS A SECURITIES CLASS ACTION ...........................................................................................................3

    II.    THE DEBTORS' PROPOSED RE-NOTICING PROCESS WOULD ADDRESS THE COURT'S STATED DUE PROCESS CONCERNS ........................4

    III.    GRANTING THE SECURITIES PLAINTIFFS' 7023 MOTION WILL DELAY CRITICAL CONFIRMATION-RELATED DEADLINES AND IMPERIL AB 1054 COMPLIANCE ..............................................................................................7

CONCLUSION ...............................................................................................................................10

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Blockbuster Inc.*,
    441 B.R. 239 (Bankr. S.D.N.Y. 2011) .................................................................................6

*In re Ephedra Prods. Liab. Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005) .........................................................................................3, 4, 6

*In re Finisar Corp. Secs. Litig.*,
    5:11-CV-01252-EJD, 2019 WL 2247750 (N.D. Cal. May 24, 2019) ...........................8

*Guifu Li v. A Perfect Day Franchise, Inc.*,
    270 F.R.D. 509 (N.D. Cal. 2010) ..........................................................................................8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ..............................................................................................................8

*In re Jamesway Corp.*,
    No. 95 B 44821 (JLG), 1997 WL 327105 (Bankr. S.D.N.Y. June 12, 1997) ..............6, 7

*In re Livaditis*,
    122 B.R. 330 (Bankr. N.D. Ill. 1990) ...................................................................................8

*Lucero v. Bureau of Collection Recovery, Inc.*,
    639 F.3d 1239 (10th Cir. 2011) ............................................................................................8

*In re Musicland Holding Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) ..............................................................................6, 7

*In re Sacred Heart Hosp. of Norristown*,
    177 B.R. 16 (Bankr. E.D. Pa. 1995) .....................................................................................7

*Schuman v. The Connaught Grp., Ltd.* (*In re The Connaught Grp., Ltd.*),
    491 B.R. 88 (Bankr. S.D.N.Y. 2013) ....................................................................................4

*In re Verity Health Sys. of Cal., Inc.*,
    No. 2:18-BK-20151-ER, 2019 WL 2896189 (Bankr. C.D. Cal. May 24, 2019) ............3

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) ...........................................................................................7, 8

*In re WorldCom, Inc.*,
    Case No. 02-13533 (AJG), 2004 WL 7321972 (Bankr. S.D.N.Y. Dec. 28, 2004) .........3

**Statutes**

11 U.S.C. § 510(b) .......................................................................................................................9

**Other Authorities**

Fed R. Civ. P. 23 ................................................................................................................. *passim*

Fed. R. Bankr. P. 7023 ................................................................................................................. *passim*

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Supplemental Brief (the "**Supplemental Brief**") in response to the Court's *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline*, dated February 3, 2020 [Docket No. 5604] (the "**February 3 Order**"). The Debtors submit the *Declaration of Christina Pullo in Support of the Debtors' Supplemental Brief* (the "**Pullo Declaration**").

## PRELIMINARY STATEMENT[1]

The Debtors submit this Supplemental Brief to answer the Court's question in the February 3 Order: Why extending the Bar Date for absent securities claimants is not preferable to granting PERA's 7023 Motion. The simple answer is that it is preferable. Extending the Bar Date solely for the benefit of putative class members addresses, in a targeted fashion, all "concerns [of the Court] regarding the adequacy of actual or constructive notice of the claims bar date given to class members, and in particular to class members who were no longer securities or equity holders as of the Record Date." February 3 Order at 2.

As explained below, although the Debtors continue to believe their prior noticing efforts provided more than adequate notice of the Bar Date to comply with due process, the Debtors are prepared to implement this additional measure in a timely fashion so as not to jeopardize the timeline for Plan confirmation and their ability to comply with the deadline imposed under AB 1054. By contrast, as explained in the Debtors' Objection and below, permitting a class proof of claim at this late stage—with the attendant litigation necessary to determine if class certification is even appropriate under Civil Rule 23—could unduly imperil the progress of these Chapter 11 Cases and potentially jeopardize compliance with the AB 1054 deadlines and distributions to fire victims. Extending the Bar Date for the benefit of absent class members is preferable to proceeding down a path of class certification for the following additional reasons:

---

[1] Capitalized terms shall have the meanings ascribed to such terms in the *Debtors' Objection to Class Representative's Motion to Extend Application of Federal Rule of Civil Procedure 23 to Proof of Claim* [Dkt. No. 5369] (the "**Debtors' Objection**").

- It most fairly treats other creditors and equity holders by requiring adherence to a Bar Date and only allows claims by those who timely file proofs of claim under the circumstances here;
- It is a simpler process to administer than the steps required to determine whether a class is permissible under Civil Rule 23 (which the Court would still need to determine before fully granting the 7023 motion) and then address any class claims prior to confirmation and emergence;
- It is less costly to the estates to extend the Bar Date for the benefit of absent class members than to engage in contested litigation over the applicability of Civil Rule 23 and then the merits of a class securities claim;
- The proof of claim process is more efficient than litigating a contested class action and is consistent with the customary chapter 11 process; and
- It better adheres to existing authority where class proofs of claim are not allowed where there was no class already certified.

Under the circumstances, extending the Bar Date for a limited time period and solely for the benefit of putative class members is preferable to granting a class proof of claim.

## BACKGROUND

Two months after the Bar Date, PERA sought permission to file a proof of claim on behalf of an absent class of purchasers of the Debtors' debt and equity securities. As the Court correctly noted, these claims would all be subject to subordination pursuant to section 510(b) of the Bankruptcy Code. PERA asserts an approximately three and one-half year Class Period (*e.g.*, parties that acquired the Debtors' debt or equity securities from April 29, 2015 through November 15, 2018). In the District Court action, the Court has not yet ruled on the pending motions to dismiss and discovery is stayed at least until any attacks on the pleadings are resolved. As a result, even if PERA ultimately defeats the motions to dismiss, the parties remain far from testing the merits of PERA's claims. On February 3, 2020, the Court issued its Order directing the parties to file supplemental briefs addressing why it would not be preferable to extend the Bar Date for absent class members rather than granting PERA's Motion to extend Bankruptcy Rule 7023 to its proof of claim.

# ARGUMENT

## I. THE BAR DATE SHOULD BE EXTENDED RATHER THAN REQUIRE THE DEBTORS AND OTHER PARTIES TO ADDRESS A SECURITIES CLASS ACTION

As the Court recognized in the February 3 Order, "[c]ase law indicates that, if the court denies the Motion, it may set a reasonable bar date to allow members of the class to file individual claims." February 3 Order at 2. If the Court is not inclined to deny the Motion outright, as it has indicated, then extending the Bar Date is the best and most appropriate remedy here, as it is narrowly targeted to address any concerns "regarding the adequacy of actual or constructive notice of the claims bar date given to class members." *Id.* Extending the Bar Date for a limited period will provide a further opportunity for any absent class member to file a claim in these Chapter 11 Cases—fully addressing the Court's stated due process concerns.

Other courts have denied a class proof of claim in favor of extending the Bar Date. *See*, *e.g.*, *In re Verity Health Sys. of Cal., Inc.*, No. 2:18-BK-20151-ER, 2019 WL 2896189, at *9 (Bankr. C.D. Cal. May 24, 2019) ("That not all employees received actual notice of the Bar Date does not compel the Court to apply Civil Rule 23 to the claims administration process. . . . To vindicate the ability of class members to receive a distribution from the estate, the Court will extend the Bar Date[;] the extension shall apply only to members of the putative class and not to other creditors."); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 9 (S.D.N.Y. 2005) (denying certification of class proof of claim and extending bar date for members of putative class).[2] Courts have explained that this approach effectively eliminates possible due process concerns resulting from any perceived inadequacy of a debtor's notice. *See In re Ephedra*, 329 B.R. at 9 ("As for fairness, although the notice requirements of Rule 23 are superior for class members to the usual bankruptcy notice by publication, this shortcoming is easily remedied by a bankruptcy notice directed specifically at class

---

[2] Other courts have determined that it is sufficient simply to allow an absent class member to file a motion to allow a late claim instead of either extending the bar date or allowing a class proof of claim. *See*, *e.g.*, *In re WorldCom, Inc.*, Case No. 02-13533 (AJG), 2004 WL 7321972, at *6 (Bankr. S.D.N.Y. Dec. 28, 2004) (denying certification of class proof of claim, and declining to extend bar date, instead permitting individual claimants to seek leave under Bankruptcy Rule 9006(b) to file a late proof of claim).

members, either at the time of the original notice or thereafter by order extending the bar date for class members.").[3]

Moreover, allowing a class proof of claim would create new and troublesome precedent in circumstances where no class has been certified or even merits tested. The filing of an untested claim on behalf of a non-certified class should not bind a debtor to seek out and provide actual notice on whatever absent class members the named plaintiff purports to represent. Such a class could encompass years of securities holders, and it is unreasonable to require the Debtors to treat such absent class members as "known creditors" just because a plaintiff simply *alleges* such a class without it being certified and merits tested.

At oral argument, the Court posed questions about "Mr. A" and "Mr. B." Mr. A received actual and constructive notice and decided not to file a claim, while Mr. B only received constructive notice. Extending the Bar Date for a limited period will put all of the Mr. B's on the same level playing field as the Mr. A's and any other creditor, fire victim, or trade creditor in these Chapter 11 Cases—providing them with actual notice and an opportunity to file proofs of claim. In this circumstance the most equitable result is to extend the Bar Date for a limited period to provide individual absent securities class members the opportunity to file their own proof of claim, just like any fire victim or other creditor, based on each holder's own good-faith assertion that they have a valid securities claim during the Class Period.

## II. THE DEBTORS' PROPOSED RE-NOTICING PROCESS WOULD ADDRESS THE COURT'S STATED DUE PROCESS CONCERNS

The process for serving all members of the putative class would follow the same process employed for serving securities holders as of the Record Date, as described in the Debtors' Objection.

---

[3] In a very different situation concerning a WARN Act claim, the Court in *In re The Connaught Grp., Ltd.* granted a class proof of claim instead of extending the Bar Date. It did so only because, by that point in the case, "the delay [in extending the bar date] may be as great or greater than [that resulting from] grant[ing] the motion." 491 B.R. 88, 99 (Bankr. S.D.N.Y. 2013). As explained below, the opposite is true here. The *Connaught* Court supports extending the Bar Date stating that if *"the representative files a timely adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims." Id.* at 97.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*See* Debtors' Objection at 5–6. The Debtors contemplate quickly implementing this re-noticing process and propose extending the Bar Date for these potential claimants to March 31, 2020 (the "**Extended Bar Date**"). *See generally* Pullo Decl. As set forth in the Pullo Declaration, this would provide absent class members with not less than 30 days' notice of the Extended Bar Date. A simple form of Proposed Order extending the Bar Date and implementing the procedures for providing notice to the putative class members of the Extended Bar Date is attached to this Supplemental Brief as Exhibit A.

A proposed form of notice of the Extended Bar Date (the "**Extended Bar Date Notice**") and customized proof of claim form (the "**Modified Proof of Claim Form**") that the Debtors propose to serve on putative class members are attached to the Proposed Order. Both the Extended Bar Date Notice and the Modified Proof of Claim Form are similar to the original Bar Date Notice and Standard Proof of Claim Form that the Court previously approved, but are modified (i) to make clear that the Extended Bar Date is for holders of the Debtors' securities during the Class Period asserting the same claims as those asserted in the Securities Litigation, and (ii) to collect certain limited information relevant for the Debtors to be able to assess such claims.

To summarize the potential extended noticing procedures in brief, the notice (as before) would proceed along two parallel tracks: One for registered record holders of the Debtors' securities, and the other for beneficial holders of the Debtors' securities.

- <u>Registered Holders</u>: As with the service of the original Bar Date Notice, the Debtors' noticing agent, Prime Clerk, would obtain a list of registered record owners during the Class Period and serve the Extended Bar Date Notice and Modified Proof of Claim form on both those individuals and again on holders as of the Record Date who already received the initial Bar Date notice. *See* Debtors' Objection at 6.

- <u>Beneficial Holders</u>: Prime Clerk would, at the election of the Nominees, either: (i) send the Nominees sufficient copies of the Extended Bar Date Notice and Modified Proof of Claim for them to deliver to the beneficial holders who held during the Class Period; or (ii) obtain from the Nominees a list of all beneficial holders who held the Debtors'

securities during the Class Period and Prime Clerk would then deliver the Extended Bar Date Notice and Modified Proof of Claim to those beneficial holders. *See id.* at 5.

In short, extending the Bar Date and providing notice as set forth herein would allow the Debtors to address precisely the concerns that the Court raised at the hearing on the Motion and in its February 3 Order. Notably, the process that the Debtors propose herein is *exactly* the same process that PERA faulted the Debtors for failing to perform initially. *See* Reply at 14–17.

Although certain non-bankruptcy decisions discuss the merits of resolving securities claims through a class action, the calculus changes in chapter 11. Bankruptcy Courts recognize that the proof of claim process provides significant advantages over class resolution of claims. *See, e.g.*, *In re Blockbuster Inc.*, 441 B.R. 239, 241 (Bankr. S.D.N.Y. 2011) ("[The] superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows [Plaintiffs] to file proofs of claim without counsel and at virtually no cost."); *In re Musicland Holding Corp.*, 362 B.R. 644, 650–51 n.8 (Bankr. S.D.N.Y. 2007) ("Bankruptcy provides the same procedural advantages as a class action. In fact, it provides more advantages. Creditors, even corporate creditors, don't have to hire a lawyer, and can participate in the distribution for the price of a stamp. They need only fill out and return the proof of claim sent with the Bar Date Notice.").

Moreover, extending the Bar Date pursuant to the Debtors' proposed method would also avoid a windfall to plaintiffs' counsel. *See In re Ephedra*, 329 B.R. at 10 ("The only real beneficiaries of applying Rule 23 would be the lawyers representing the class."); *In re Jamesway Corp.*, No. 95 B 44821 (JLG), 1997 WL 327105, at *6 (Bankr. S.D.N.Y. June 12, 1997) ("[E]xtend[ing] the bar date [would] benefit . . . the pocketbooks of their lawyers, who would obviously seek a contingency fee from all putative class members who failed to opt out of the class." (citing *In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 24 (Bankr. E.D. Pa. 1995))).

## III. GRANTING THE SECURITIES PLAINTIFFS' 7023 MOTION WILL DELAY CRITICAL CONFIRMATION-RELATED DEADLINES AND IMPERIL AB 1054 COMPLIANCE

Granting the Motion would initiate a series of lengthy, complex, and contested proceedings that would almost certainly adversely impact the Debtors' timeline to confirmation and compliance with the requirements of AB 1054. Other parties in interest should not be subjected to this risk.

As the Court is aware, the Debtors must adhere to a tight timeline to achieve compliance with AB 1054 and are currently working towards a number of critical upcoming milestones. *See Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* [Dkt. No. 5732]. While the chapter 11 process indeed has tools to resolve mass claims, there are substantial issues raised by proceeding with a class proof of claim process that could jeopardize the timely administration of these cases

Although the Court issued a tentative ruling with respect to the first part of Bankruptcy Rule 7023—the application of the Court's discretion in light of the *Musicland* factors—there is no dispute that PERA still needs to satisfy, the parties need to brief, and the Court needs to rule on whether PERA has satisfied the requirements for class certification under Civil Rule 23 before the Court can grant a 7023 motion. *See* PERA Motion at 7 (stating that if the Court finds that the *Musicland* factors support treating the proof of claim as a class claim, the Court must then "establish[ ] a briefing schedule for and schedul[e] a hearing, if necessary, on certification of the Class.").

Even at its most abbreviated and in the best case scenario, the necessary discovery, briefing, and arguing of a motion for class certification under Civil Rule 23 will take close to two months—and certification ordinarily takes far longer in a contested securities class action. Class-related discovery alone would take at least a month—again even assuming an expedited schedule. *See, e.g., Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 943 (9th Cir. 2009) (describing ten months of discovery before certification). In fact, given the years-long Class Period asserted in the Securities Litigation and the highly context-specific nature of PERA's claims regarding the Debtors' alleged misrepresentations, extensive discovery will be required to determine whether this action can proceed as a class at all, whether the proposed Class Period must be narrowed, or whether the class must be portioned into sub-classes. In addition to arguments rebutting class-wide causation (which the

Supreme Court has held are allowable to be raised on class certification), the Debtors have arguments against the adequacy of PERA to represent some or all of the class. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 282 (2014) (finding that defendants must be permitted to present evidence that the alleged misrepresentation did not affect stock prices and, thus, rebutting the *Basic* presumption); *In re Finisar Corp. Secs. Litig.*, 5:11-CV-01252-EJD, 2019 WL 2247750, at *6 (N.D. Cal. May 24, 2019) (affirming denial of class certification where defendants established that the alleged misrepresentation had no price impact). The Debtors are entitled to develop and establish a robust class certification defense as a matter of due process. Given the complexity of the class certification inquiry, this first step alone may take as long, or longer, than the *entire* process for extending the Bar Date. *Vinole*, 571 F.3d at 942 (noting that ten months were required to conduct discovery between the time movant filed the original complaint and when opposition to class certification was due); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1241 (10th Cir. 2011) (noting that the parties agreed to conduct discovery on class certification for six months).

Yet class certification would be only the very beginning of the process. If, after discovery, briefing, and argument, the Court issues a ruling certifying the class or sub-classes (which it should not), notice and the opportunity to opt out must then be provided to all members of the class pursuant to Civil Rule 23(c)(2), especially to those who have already filed proofs of claim and may not want to share their potential recoveries with class counsel. *In re Livaditis*, 122 B.R. 330, 340 (Bankr. N.D. Ill. 1990) ("Rule 23(c)(2) (Bankr. Rule 7023) requires that members of the class be notified promptly of the class action so that those members who are not interested in recovery can opt out and be removed from the class."); *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 514 (N.D. Cal. 2010) ("Once a Rule 23(b)(3) class is certified, Rule 23 requires the Court to direct notice of the case to the class. The notice must inform class members of their right to opt out of the class, and the method for doing so. Fed. R. Civ. Proc. 23(c)(2)."). ***This notice process would be the exact same process as providing notice of the Extended Bar Date as proposed herein (and described by PERA in its Reply)***. *See* Reply at 15–16. As explained above, this would add approximately the same time as the entire re-noticing process if the Court simply extended the Bar Date. After certification and

notice, the Court would then have to determine liability and estimate potential damages. Such proceedings could take significant time and require discovery and extensive expert testimony.

The Court's tentative ruling did not appreciate this concern, explaining that PERA's claims "will not impact other creditors" because the "claims are subordinated pursuant to 11 U.S.C. § 510(b)." February 3 Order at 2. But the securities class claims could have a material impact on other parties to the Debtors' Plan and could adversely impact the Debtors' ability to secure the funding necessary to implement that Plan.

Indeed, the putative class claim includes noteholder claims. Though these claims, if proven, would be subordinated under section 510(b) of the Bankruptcy Code relative to claims that are senior or of equal priority, the claims would still need to be funded and paid in full under the Plan. Moreover, the equity holders' claims, if proven, would have the same priority as holders of the Debtors' common stock, which would dilute the value of the interests retained by common equity holders under the Debtors' Plan. Thus, despite subordination, the claims nevertheless may significantly impact the administration of these cases, including the potential recoveries of existing equity holders—many of which have agreed to provide substantial new equity commitments to fund the Debtors' Plan. With this potential overhang and uncertainty, these funding sources may be jeopardized.

It is critical for the Debtors and other parties to understand the potential magnitude and consequences of a class proof of claim. This means that if a class claim were allowed to proceed, as opposed to extending the Bar Date as set forth herein, among other things, the parties could be required to accomplish any or all of the following within the next few months: (a) determine whether Civil Rule 23 is satisfied; (b) provide notice and the opportunity to potential class members to opt out of the class; (c) engage in discovery for an estimation hearing; (d) engage experts and prepare expert reports on damages issue; and (e) have the Court hold an evidentiary hearing and decide an estimation that will be hotly contested with numerous interested participants. Simply put, granting PERA's motion to apply Bankruptcy Rule 7023 to its proofs of claim and forcing the parties to proceed with contested certification and estimation proceedings will seriously jeopardize the Debtors' ability to confirm a plan in time to meet the deadline under AB 1054. Conversely, a conventional

proof of claim process as requested will facilitate the timely and successful administration of these cases.

While it remains the Debtors' contention that they have satisfied any due process requirements as related to the Securities Litigation such that the Motion should be denied in its entirety, extending the Bar Date for the limited purposes as explained above is an alternative that would provide a much better solution if the Court continues to believe that absent securities class members of an uncertified class are entitled to actual notice of the Bar Date. This alternative would provide the opportunity for the Debtors to meet key milestones in these Chapter 11 Cases necessary to meet the AB 1054 deadlines.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that, if the Court is inclined not to deny the Motion in its entirety, the Court instead enter the attached order extending the Bar Date to provide members of the putative class the opportunity to file individual proofs of claim.

Dated: February 14, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: */s/ Richard W. Slack*
Richard W. Slack

*Attorneys for Debtors
and Debtors in Possession*