| | |
|---|---|
| 1 | Robert A. Julian (SBN 88469) |
| | Cecily A. Dumas (SBN 111449) |
| 2 | BAKER & HOSTETLER LLP |
| | Transamerica Pyramid Center |
| 3 | 600 Montgomery Street, Suite 3100 |
| | San Francisco, CA 94111-2806 |
| 4 | Telephone: 415.659.2600 |
| | Facsimile: 415.659.2601 |
| 5 | Email: rjulian@bakerlaw.com |
| | Email: cdumas@bakerlaw.com |
| 6 | |
| 7 | Eric E. Sagerman (SBN 155496) |
| | David J. Richardson (SBN 168592) |
| | Lauren T. Attard (SBN 320898) |
| 8 | BAKER & HOSTETLER LLP |
| | 11601 Wilshire Blvd., Suite 1400 |
| 9 | Los Angeles, CA 90025-0509 |
| | Telephone: 310.820.8800 |
| 10 | Facsimile: 310.820.8859 |
| | Email: esagerman@bakerlaw.com |
| 11 | Email: drichardson@bakerlaw.com |
| | Email: lattard@bakerlaw.com |

*Counsel for the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 (Lead Case)<br>(Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **SUPPLEMENTAL BRIEF AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' TO SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS PROOF OF CLAIM (Dkt. No. 5042)** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | Date: TBD<br>Time: TBD |
| ■ Affects both Debtors | Before: Hon. Dennis Montali<br>United States Bankruptcy Court<br>Courtroom 17, 16th Fl.<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | |

The Official Tort Claimants' Committee ("TCC") hereby files this supplemental brief and reservation of rights in opposition to the motion [Dkt. 5042] (the "Motion") filed by the purported Securities Lead Plaintiffs ("Movants") to apply Bankruptcy Rule 7023 to a class proof of claim asserted on behalf of a class of shareholders (the "Putative Class") of PG&E Corporation and Pacific Gas & Electric Company (collectively, the "Debtors"), and further to this Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline [Dkt. No. 5604] entered February 3, 2020.

## I.

## ARGUMENT

### A. The Motion Should Be Denied Outright, or Alternatively, the Court May Extend the Bar Date for Securities Holders

The TCC contends that the Motion should be denied outright, or alternatively, addressed with an extended bar date for shareholders.

A bankruptcy court's decision to deny a Rule 7023 motion, and also deny an alternative request to extend the bar date, falls within the court's discretion. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1472, fn. 14 (6th Cir. 1989) (bankruptcy court did not "abuse its discretion by not extending the bar date to allow the supposed class members to file individual proofs of claim.").

While this Court expressed a concern at the 1/29/20 hearing about the possible former shareholder who might be "sailing his own boat [and] doesn't have internet access" (p. 55, lines 19-20), such a concern should not drive an outcome that will unfairly advantage those who have sat on their rights. Investors in public utilities are likely to pay attention to markets, to the filings of bankruptcy by large corporations, and particularly to the ups-and-downs of companies in which they once held stock. It is inconceivable that the majority of former shareholders of PG&E who would fall within the putative class, but did not file a proof of claim, were unaware of the filing of the Debtors' chapter 11 case. The fact that they did not file individual proofs of claim is not a failing of the system, but a demonstration that they recognize that their stock loss was a product of the North Bay Fires (and hence, a derivative claim), not of actionable misrepresentations. There is no need for an extended bar date for former shareholders.

However, if this Court concludes that some measure of relief is required, the TCC contends that an extended bar date for former shareholders along with denial of the 7023 Motion is the most relief that would be proper. *See Schuman v. Connaught Group, Ltd. (In re Connaught Group, Ltd.)*, 491 B.R. 88, 97 (Bankr. S.D.N.Y. 2013) ("If the representative files a *timely* adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims.") (emphasis added).

If this Court believes that some measure of relief is required to address the Motion, the TCC requests that this Court limit such relief to a brief extension of the bar date for former equityholders.

### B. A Securities Class Claim Would Weaken the Value of the TCC's Consideration Obtained under its RSA with the Debtors

On December 7, 2019, the TCC, the Debtors, Consenting Fire Claimant Professionals, and the Shareholder Plan Proponents, entered into a Restructuring Support Agreement (the "RSA") following extensive mediation and settlement discussions. It is often said that the TCC agreed to support the Debtors' plan in return for $13.5 billion in cash and stock (to be liquidated for cash) for fire victims, but this common statement omits a substantial part of the consideration that the TCC bargained to receive for fire victims: assigned claims and causes of action against the Debtors' former directors and officers, and the Debtors' vendors, contractors, and consultants. The TCC bargained for these assigned claims on the understanding that they will contribute substantial additional funds for fire victims.

When that settlement was discussed, it was beyond the claims bar date, and only a few *individual* proofs of claim had been filed by securities plaintiffs. The Rule 7023 Motion had not been filed, and there was no indication that any effort would be made to assert a late-filed $2 billion class claim.

The TCC's settlement is now facing criticism from some creditors who object to competition with government claims, to preferential treatment for their insurance companies, and to a perception that the settlement amount will be insufficient to address all claims. Movants seek to add the new burden of a $2 billion class claim that could affect available insurance policies, weaken the value of the Debtors' stock, and harm the Debtors' existing plan financing. The impact

that a late class claim would have on these cases will cause substantial prejudice to Fire Victims, who negotiated their RSA without timely notice that such a class claim would be pursued. The impact caused by a brief extension of the bar date for former shareholders would be far less.

Counsel to Movants explained to this Court at the hearing on 1/29/20 that any claim asserted by their Putative Class would be subordinated under 11 U.S.C. § 510(b), and that they would only seek to share in the equity put aside under the Debtors' Plan for current equityholders. While this suggests that leave to file a class claim would not impact fire victims, the TCC concurs with the arguments raised by the Debtors in their supplemental brief to be filed concurrently herewith, and contends that the relief requested in the Motion would impact the plan process to the detriment of all fire victims, and the potential value of the stock to be transferred to the Trust.

**C.     Reservation of Rights**

If this Court grants the Motion, or extends the bar date for former equityholders, the TCC, on its own behalf and on behalf of the future Fire Victim Trust, reserves all arguments pertaining to allowance of such claims, including but not limited to the fact that the damages asserted by such claims are incidental to the damages caused to the Debtors by the 2017 North Bay Fires, and therefore are derivative claims owned by the Debtors that are assigned to the Fire Victim Trust.

## II.

## CONCLUSION

For all of the reasons argued herein, the TCC respectfully requests that this Court deny the Motion outright, or alternatively, extend the bar date for former equityholders.

Dated: January 14, 2020                    BAKER & HOSTETLER LLP

By: */s/ David J. Richardson*
    Robert A. Julian
    Cecily A. Dumas
    David J. Richardson

*Counsel to the Official Committee of Tort Claimant*