**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF CHRISTINA PULLO IN SUPPORT OF THE DEBTORS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE**<br><br>Related Docket Ref.: 5042, 5369, 5373, 5452, 5604 |

Pursuant to 28 U.S.C. § 1746, I, Christina Pullo, hereby declare as follows under penalty of perjury:

## I. INTRODUCTION

1. I am Vice President of the Global Corporate Actions Department of Prime Clerk LLC ("**Prime Clerk**"), the Debtors' court-appointed claims and noticing agent in these chapter 11 cases. Except as otherwise noted, this Declaration is based upon my personal knowledge of the matters set forth herein, my review of relevant documents and information and my prior experience in bankruptcy and class action noticing in the bankruptcy context. If called and sworn as a witness, I could and would testify competently thereto as follows.

2. I submit this Declaration to provide the Court with additional information in connection with the Debtors' supplemental brief in response to the Court's *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* [Dockt No. 5604] (the "**Supplemental Brief**").[1]

3. A comprehensive description of my background is set forth in the January 14, 2020, *Declaration of Christina Pullo (I) Regarding Implementation of the Debtors' Notice Procedures and (II) In Support of the Debtors' Objection to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Proof of Claim* [Docket No. 5370] (the "**Prior Pullo Declaration**").

## II. IMPLEMENTATION OF ADDITIONAL NOTICING PROCEDURES

4. As described in the Prior Pullo Declaration, providing notice to former securities holders would rely on Nominee participation to provide notice to beneficial holders of the Debtors' securities.

5. While in my experience, and as explained in the Prior Pullo Declaration, providing notice of the bar date to absent members of a class of former securities holders is unprecedented in chapter 11 cases, it would be possible for the Debtors to provide notice of an extended bar date to former securities holders and to allow them to file individual proofs of claim.

6. Based on my experience, approximately three days is a sufficient amount of time for Prime Clerk to cause notice of the bar date and a proof of claim form to be provided to all directly

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Supplemental Brief.

registered and record holders of the Debtors' securities during the Class Period based on records provided by the relevant transfer agent, indenture trustee or depository (as applicable).

7. In addition, based on my experience, approximately seven days is a sufficient amount of time for Nominees to cause notice of the bar date and a proof of claim form to be provided to all beneficial holders of the Debtors' securities during the Class Period.

8. Based on my experience and knowledge of past practice in the industry, a bar date that is set 30 days after the notice is distributed through the process outlined above will be effective to provide holders the opportunity to file a proof of claim in the bankruptcy case.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on Feb. 14, 2020, in New York, New York.

_____
Christina Pullo

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119