Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Sandeep Qusba
Paul C. Curnin
Nicholas Goldin
Kathrine A. McLendon
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>Date: February 14, 2020 [per Dkt. No. 5604]<br><br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

**BRIEF OF CERTAIN CURRENT AND FORMER INDEPENDENT DIRECTORS IN SUPPORT OF DEBTORS' RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE**

I.  INTRODUCTION

Barbara L. Rambo, Lewis Chew, Fred J. Fowler, Richard C. Kelly, Roger H. Kimmel, Richard A. Meserve, Forrest E. Miller, Maryellen C. Herringer, Barry Lawson Williams, Rosendo G. Parra, Anne Shen Smith and Eric D. Mullins (collectively, the **"Individual Directors"**) submit this brief in support of the *Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* [Dkt No. 5787] (**"Debtors' Response"**).

As current or former directors of the Debtors, the Individual Directors are named as defendants in a purported securities class action captioned *In re PG&E Corporation Securities Litigation*, Case No. 19-03509 (the "**Securities Action**"), pending in the U.S. District Court for the Northern District of California (the **"District Court"**). The Securities Action has been stayed as to the Debtors but, following this Court's August 28, 2019 ruling, has been proceeding as to the Individual Directors and other non-debtor defendants. Briefing on a motion by the Individual Directors to dismiss the Securities Action for failure to state a claim as a matter of law was completed in January 2020, and the District Court has indicated that it will rule on the motion without oral argument.

While the motion to dismiss the Securities Action remains pending in the District Court, plaintiffs in that action have requested that this Court apply Federal Rule of Bankruptcy Procedure 7023 ("**Rule 7023**") to their purported class proofs of claim (claims numbers 72193 and 72273) [Dkt. No. 5042] (**"Plaintiffs' Motion"**). On February 3, 2020, in a tentative ruling on Plaintiffs' Motion, this Court invited the Debtors and other parties to be heard with respect to the alternative relief of extending the bar date to allow the filing of individual claims by purported class members [Dkt. No. 5604]. In response, the Individual Directors hereby join in

2

the arguments set forth in the Debtors' Response supporting an extension of the bar date to avoid the unnecessary delay and collateral consequences that would flow from granting Plaintiffs' Motion.  The Individual Directors submit this brief to emphasize the risk of significant prejudice to them, as individual defendants in the Securities Action, if this Court were to treat the securities claims as class claims, which is not necessary to address the concerns raised by Plaintiffs.

II. **THE COURT'S SUGGESTED ALTERNATIVE OF EXTENDING THE BAR DATE WOULD BE AN EFFECTIVE AND MORE EQUITABLE REMEDY.**

A. **Extending The Bar Date Would Permit Plaintiffs to File Claims.**

As demonstrated in the Debtors' Response, this Court does not need to undertake a complex and ordinarily time consuming class certification determination (and ultimately, a potential estimation process) to address any deficiencies in the notice to members of the putative class of the bar date for filing proofs of claim.  Instead, the notice rights of the holders of the putative claims can be fully protected by extending the bar date for a reasonable period to permit members of the purported class to file individual claims.  *See In Re Verity Health System of California, Inc.*, 2019 WL 2461688, *16 (Bankr. C.D. Cal. June 11, 2019); *In re TWL Corp.*, 712 F.3d 886, 899 (5th Cir. 2013); *Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir. 2012).

B. **Extending The Bar Date Would Minimize The Risk of Adverse Collateral Consequences for The Non-Debtor Defendants.**

In addition to the reasons set out in the Debtors' Response, this Court should extend the bar date to the class claims because doing so will avoid the substantial risk of prejudice to the Individual Directors named in the Securities Action that would result from class certification (as well as any potential future claims estimation proceeding) in the bankruptcy cases.  Even though the Court would not be applying class treatment to (or estimating claims against) the Individual Directors because none of them is a debtor, any factual and legal findings by this Court even as to the Debtors in connection with a Rule 7023 determination (and potential estimation) could

3

bear on their own defense in the Securities Action. This risk exists even though any findings by this Court should not be granted preclusive effect in the Securities Action.

First, the claims and the facts alleged against the Individual Directors in the Securities Action overlap with the claims and facts alleged against the Debtors in that case. As a result, any findings by this Court in connection with a Rule 7023 determination (or potential future estimation) of the class claims against the Debtors in the Securities Action inevitably, even if indirectly, would touch on the interests of the Individual Directors. This record could be substantial, including potential factual findings based on expert analysis, because the claims in the Securities Action concern multiple alleged misstatements made in connection with multiple offerings over a multi-year period. As just one example, this Court would face complex questions as to whether a class can be properly certified and, if so, whether any certification would require the creation of multiple sub-classes. Indeed, class certification proceedings often require both fact discovery and expert discovery, each of which typically spans a period of time that simply does not exist in these bankruptcy cases. And if this Court were to certify a class and/or series of sub-classes, the potential estimation process to value the claims would presumably need to involve some assessment of the merits of the claims.

Second, and at the same time, as non-parties in any certification (and potential estimation) proceedings in this Court, the Individual Defendants would not have a full — or potentially any — opportunity to develop the record in this Court. Even to the extent that their interests may overlap with the interests of the Debtors by virtue of overlapping legal issues and facts, and therefore might be protected to some degree by the record created by the Debtors, estimation is nevertheless an inherently truncated process that does not provide all of the rights, process, and protection afforded in District Court proceedings and that are so critical for fully

4

and fairly adjudicating complex allegations involving securities fraud. While the flexibility of an estimation process may be unavoidable or otherwise warranted to address claims against a *debtor* that satisfy the requirements of section 502(c) of the Bankruptcy Code, especially where, as here, other adequate remedies are available, it would be inequitable to subject the non-debtor Individual Directors to factual and legal findings that may touch on their defense in the Securities Action.

Third, the District Court has not yet ruled on the threshold question of the legal viability of the claims in the Securities Action. The parties in that case have filed extensive briefing, and for the reasons demonstrated in those filings, the Individual Directors believe their motion to dismiss all of the claims against them is very strong. There is no need here to short circuit that important process by moving in this Court on an expedited and truncated basis to questions about class treatment (and possible estimation). *See, e.g., Beatrice Company v. Rusty Jones, Inc.*, 153 B.R. 535 (Bankr. N.D. Ill. 1993).

## CONCLUSION

For the reasons set forth above, and those set forth in the Debtors' Response, the Individual Directors respectfully request that the Court grant the alternative relief of extending the bar date.

5

Dated: February 14, 2020

Respectfully submitted,

*/s/ Jonathan C. Sanders*
Jonathan C. Sanders
Sandeep Qusba
Paul C. Curnin
Nicholas Goldin
Kathrine A. McLendon

SIMPSON THACHER & BARTLETT LLP

*Counsel for Certain Current and Former Independent Directors*

6