McDERMOTT WILL & EMERY LLP
FELICIA PERLMAN (*pro hac vice application forthcoming*)
STEVEN S. SCHOLES (*pro hac vice application forthcoming*)
444 West Lake Street
Chicago, IL 60606-0029
Telephone: +1 312 372 2000
Facsimile: +1 312 984 7700

GREGORY R. JONES (State Bar No. 229858)
MICHAEL A. PIAZZA (State Bar No. 235881)
JASON D. STRABO (State Bar No. 246426)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3208
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730
Email: PG&E@mwe.com

Attorneys for Individual Officers
ANTHONY F. EARLEY, JR., GEISHA J. WILLIAMS,
NICKOLAS STAVROPOULOS, JULIE M. KANE,
CHRISTOPHER P. JOHNS, PATRICK M. HOGAN,
DAVID THOMASON, AND DINYAR MISTRY.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>– and –<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case) (Jointly Administered)<br><br>**INDIVIDUAL OFFICERS' (I) JOINDER TO DEBTORS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE [DKT. NO. 5787], AND (II) RESPONSE TO COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE [DKT. NO. 5604]** |

Interested Parties Anthony J. Earley, Jr., Geisha J. Williams, Nickolas Stavropoulos, Julie M. Kane, Christopher P. Johns, Patrick M. Hogan, David Thomason, and Dinyar Mistry (collectively, the "**Individual Officers**"), through their undersigned counsel, hereby respectfully join in the *Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* [Dkt. No. 5787] (the "**Debtors' Response**") and submit this response to the *Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* [Dkt. No. 5604] (the "**Tentative Ruling**").

The Individual Officers agree that, in the event the Court is inclined to grant the *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim* [Dkt. No. 5042] (the **"Rule 7023 Motion"**), the Court should do so by extending the claims bar date, rather than permitting the filing of a class proof of claim. For the reasons set forth at length in the Debtors' Response[1] and the other papers filed by the Debtors in connection with the Rule 7023 Motion, permitting the filing of a class proof of claim at this late stage endangers the ability of the Debtors to bring this matter to resolution by the critical June 30, 2020 deadline.

In addition, the Individual Officers submit this filing to apprise the Court of potential collateral consequences if the Court were to proceed through the class proof of claim process, rather than by extending the claims bar date. Specifically, as the Debtors have noted in their filings, any decision to proceed through the class proof of claim process may entail the need for the Court to also complete some form of class certification proceedings. *See, e.g.,* Dkt. No. 5787 at p. 7-8. Because of the limited time available, the Individual Officers do not believe any such proceeding could be completed in a manner that would adequately evaluate the relevant issues.

The class allegations in the Securities Litigation are complicated, involving 19 allegedly false or misleading statements and nine alleged corrective disclosures, spanning a three-and-a-half year period, during which there were numerous intervening events. The case involves multiple separate groups of defendants, including the Individual Officers, certain current and former directors of the Debtors, and twenty-four investment banks that underwrote various notes

---

[1] Any capitalized terms not defined in this filing will have the meaning assigned to them in the Debtors' Response.

offerings.  Moreover, the claims asserted arise under multiple statutes, including both the Securities Exchange Act of 1934 and the Securities Act of 1933.  Given these factors, class certification will present complicated questions as to not only whether any class can be certified but whether, if a class is certified, there are in fact multiple classes, each of which must be evaluated separately, and when each class begins and ends.  These determinations will have a substantial impact on the determination of whether any putative class suffered damage, and if so, in what amounts.

The full and fair litigation of these complex issues necessarily will require months to conduct fact and expert discovery, briefing, and oral argument.  Given that class certification issues often overlap to some degree with aspects of the underlying merits of the putative class's claims, adequate class certification proceedings may also require discovery into underlying factual issues, which in this case are complex and voluminous, as well as expert discovery.  *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action") (*quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978).  Further, any class certification that fails to address these issues would likely fall short of the "rigorous analysis" that the Supreme Court requires in resolving questions of class certification.  *See Falcon*, 457 U.S. at 160.  In addition, any truncated or compressed treatment of those issues in the bankruptcy court risks detrimentally impacting any subsequent evaluation of class certification issues in the Securities Case.

Accordingly, given the difficulties entailed in the class certification process, the potential delay and disruption of the Debtors' bankruptcy proceedings (and related impact on creditors), and the likelihood of prejudice to the Individual Officers, the Individual Officers respectfully assert that the Court should select the second option posed by the Court in its Tentative Ruling and extend the claims bar date, rather than permitting the filing of a class proof of claim.

| | | |
|---|---|---|
| Dated: February 14, 2020 | | McDERMOTT WILL & EMERY LLP |

By: */s/ Jason D. Strabo*
    FELICIA PERLMAN
    STEVEN S. SCHOLES
    MICHAEL PIAZZA
    GREGORY JONES
    JASON D. STRABO

Attorneys for the Individual Officers

DM_US 165722496-4.088584.0015