XAVIER BECERRA
Attorney General of California
BRIAN D. WESLEY, SBN 219018
Supervising Deputy Attorney General
MATTHEW C. HEYN, SBN 227474
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 296-6000
Fax: (916) 731-2144
Brian.Wesley@doj.ca.gov
Matthew.Heyn@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

*Attorneys for California Governor's Office of Emergency Services*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                  Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CAL OES'S NOTICE OF ERRATUM IN OPPOSITION TO OFFICIAL COMMITTEE OF TORT CLAIMANTS' OMNIBUS OBJECTION TO ITS CLAIMS**<br><br>Date:    February 26, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

The California Governor's Office of Emergency Services ("**Cal OES**"), hereby gives notice an erratum in *Cal OES's Opposition to Official Committee of Tort Claimants Omnibus Objection to Its Claim (Substantive) to Claims* [Docket No. 5743]. At page 16, line 4, the Opposition says: "*see, generally*, **Error! Hyperlink reference not valid.**" As set forth on the

attached page, it should have said: "*see, generally,* https://www.emacweb.org/index.php/learn-about-emac/what-is-emac."

Dated: February 18, 2020      Respectfully submitted,

                XAVIER BECERRA
                Attorney General of California

                By: _/s/ Matthew Heyn_
                MATTHEW C. HEYN, Deputy Attorney General

                PAUL J. PASCUZZI, ESQ.

                FELDERSTEIN FITZGERALD
                WILLOUGHBY PASCUZZI & RIOS LLP

                *Attorneys for California Governor's Office of Emergency Services*

Decl."] ¶ 2.) Under the EMAC, "[a]ny party state rendering aid in another state pursuant to this compact shall be reimbursed by the party state receiving such aid for any loss or damage to or expense incurred in the operation …." PL 104–321, October 19, 1996, 110 Stat. 3877, art. VIII; *see, generally*, Error! Hyperlink reference not valid. https://www.emacweb.org/index.php/learn-about-emac/what-is-emac. Cal OES also requested mutual aid from California agencies to assist in the provision of rescue and emergency services. (Joseph Decl. ¶ 2.)

Under Section 13009(a), any person "who negligently, or in violation of the law, sets a fire … is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those costs shall be a charge against that person." Cal. Health & Saf. Code §13009(a). That "charge shall constitute a debt" which "is collectible by the person, or by the federal, state, county, public, or private agency incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied." *Id.*

Several California cases have construed the right to recover fire suppression costs. Those decisions have held: "[S]ection 13009 provides for recovery as though the defendant had contracted with the plaintiff, public or private, to fight the fire. Such a contract would normally be expected to cover the reasonable value of the goods and services used in fighting the fire, regardless of whether the labor involved represented a regular expense or an additional expense of the agency involved." *People v. S. Pac. Co.*, 139 Cal. App. 3d 627, 640 (1983). "The clear intent of the Fire Liability Law [the predecessor to Section 13009] is to require reimbursement by the wrongdoer for expenses incurred in the suppression of fire. This liability may be enforced by *any person or agency* entitled thereto, and not solely by the agencies of government." *Cnty. of Ventura v. S. Cal. Edison*, 85 Cal. App. 2d 529, 533 (1948) (emphasis added). "The burden of suppressing a fire … thus rests squarely upon him whose willful or negligent acts or omissions necessitated that expense, and not upon the government or careful property owner." *Id.* at 534. Unlike the free public service doctrine, the Fire Liability Law "evinces an intention to make this additional liability as broad as the mischief it was designed to prevent" so that the wrongdoers bear the cost of their fires – not the public. *Id.* at 539.

The TCC does not challenge Cal OES's ability to establish that PG&E acted negligently

**PROOF OF SERVICE**

I, Matthew C. Heyn, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013.

On February 18, 2020, I served the forgoing CAL OES'S NOTICE OF ERRATUM IN OPPOSITION TO OFFICIAL COMMITTEE OF TORT CLAIMANTS' OMNIBUS OBJECTION TO ITS CLAIMS by Electronic Service only via CM/ECF.

                                       */s/ Matthew C. Heyn*
                                           Matthew C. Heyn