**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Nicole Fulfree
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Class*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION

- and –

PACIFIC GAS AND ELECTRIC
COMPANY,

Debtors.

☒ Affects Both Debtors

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric Company

Case No. 19-30088 (DM) (Lead Case)

Chapter 11

(Jointly Administered)

***EX PARTE* MOTION OF SECURITIES LEAD PLAINTIFF PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON SECURITIES LEAD PLAINTIFF'S MOTION TO STRIKE DECLARATION OF CHRISTINA PULLO IN SUPPORT OF THE DEBTORS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S TENTATIVE RULING REGARDING MOTION TO APPLY RULE 7023 AND ORDER SETTING DEADLINE [ECF NO. 5789]**

Related Document: Dkt. 5814

[No hearing requested]

Lead Plaintiff,[1] on behalf of itself and the Class, together with the Securities Act Plaintiffs,

hereby submit this Motion (the "**Motion to Shorten Time**"), pursuant to Rule 9006-1 of the

---

[1] Capitalized terms used but not defined herein have the meanings given in *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim* [ECF No. 5042].

Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on February 20, 2020, at 1:30 p.m. (prevailing Pacific Time), on *Securities Lead Plaintiff's Motion to Strike Declaration of Christina Pullo in Support of the Debtors' Supplemental Brief in Response to the Court's Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline [ECF No. 5789]* (the "**Motion to Strike**"), filed contemporaneously herewith. Lead Plaintiff requests that any responses or objections to the Motion to Strike be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on February 19, 2020.

In support of this Motion to Shorten Time, Lead Plaintiff submits the Declaration of Andrew Behlmann (the "**Behlmann Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On December 9, 2019, Lead Plaintiff filed the Rule 7023 Motion, seeking entry of an order applying Bankruptcy Rule 7023 to the Class Claims. The Debtors filed an objection to the Rule 7023 Motion (the "**Debtors' Objection**") [ECF No. 5369] on January 14, 2020. In support of the Debtors' Objection, the Debtors filed several declarations, including the *Declaration of Christina Pullo (I) Regarding Implementation of the Debtors' Notice Procedures and (II) In Support of the Debtors' Objection to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Proof of Claim* (the "**Prior Pullo Declaration**") [ECF No. 5370].

On February 3, 2020, the Court issued the *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* (the "**Tentative Ruling**") [ECF No. 5604], in which the Court ordered Lead Plaintiff and the Debtors "to each file a supplemental brief no later than

February 14, 2020, limited to ten pages, containing their respective arguments for why extension of the bar date for [the Class] is not preferable." Tentative Ruling at 2. The Tentative Ruling did not reopen the evidentiary record in connection with the Rule 7023 Motion, nor did it direct or authorize the parties to submit new evidence, through declarations or otherwise, in connection with their supplemental briefs.

Pursuant to the Court's directive in the Tentative Ruling, the Debtors filed a supplemental brief on February 14, 2020 [ECF No. 5369]. However, contrary to the clear directive in the Tentative Ruling limiting any further submissions to supplemental briefs, the Debtors also submitted a Supplemental Pullo Declaration (the "**Supplemental Pullo Declaration**").

On February 17, 2020, the Court entered a Docket Text Order scheduling a continued hearing on the Rule 7023 Motion for the Court's consideration of certain narrow issues related to the application of Rule 7023 versus extension of a claims bar date, the topic of the Supplemental Pullo Declaration, for February 20, 2020, at 1:30 p.m. (prevailing Pacific Time) (the "**Continued Rule 7023 Hearing**").

## <u>RELIEF REQUESTED IN THE MOTION TO STRIKE</u>

The Supplemental Pullo Declaration is an impermissible attempt to expand the factual record on the Rule 7023 Motion. In addition to having been submitted after the close of the evidentiary record and contrary to the clear directive set forth in the Tentative Ruling, the Supplemental Pullo Declaration also includes a number of statements that directly contradict assertions in the Prior Pullo Declaration and the Debtors' Objection.

By the Motion to Strike, Lead Plaintiff respectfully requests that the Court strike the Supplemental Pullo Declaration from the record, disregard the Supplemental Pullo Declaration in connection with its consideration of the Rule 7023 Motion, and grant such other relief as the Court deems appropriate under the circumstances.

## <u>SHORTENING TIME FOR A HEARING ON THE MOTION TO STRIKE IS WARRANTED</u>

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Motion to Strike requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Rule 9006-1(a)

provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Rules." B.L.R. 9006-1(a).

After a hearing on the Bankruptcy Rule 7023 Motion and the close of the factual record, the Court issued the Tentative Ruling, requesting short, targeted supplemental limited briefs. Instead of following the Court's direction, in a post hoc attempt to alter the record on the Rule 7023 Motion to suit their present purposes, the Debtors filed the Supplemental Pullo Declaration. In stark contrast to the Prior Pullo Declaration, the Supplemental Pullo Declaration, filed on February 14, 2020, swears that, based on her experience, these kind of noticing procedures can be completed in approximately one week. On February 17, 2020, the Court scheduled the Continued Rule 7023 Hearing, specifically regarding the application of Rule 7023 versus extension of the claims bar date, for February 20, 2020.

Lead Plaintiff respectfully submits that shortening the notice period is necessary to timely and appropriately address the bona fides of the Supplemental Pullo Declaration and clarify the record of the Rule 7023 Motion. It is crucial that the Motion to Strike be heard in advance of, or in conjunction with, the Continued Rule 7023 Motion. Therefore, shortened time is necessary to resolve both the Motion to Strike and the Rule 7023 Motion.

## **COMPLIANCE WITH BLR 9006-1**

BLR 9006-1 requires explanation of:

(1) The reason for the particular enlargement or shortening of time requested; (2) Previous time modifications related to the subject of the request, whether by Stipulation or Court order; (3) The effect of the requested time modification on the schedule for the case or proceeding; and (4) Where the request is not made by stipulation, the efforts made to speak with the respondent, and if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

The reason for shortening of time requested is set forth herein. No previous request for the relief sought herein has been made by Lead Plaintiff to this or any other court. The requested time modification will serve to maintain the current schedule for the case. At approximately 12:30 p.m.

PST on the date hereof, counsel reached out to Debtors' counsel, via email, requesting that the Debtors stipulate to the proposed shortened time. Given the necessity that the Motion to Strike be resolved prior to or in conjunction with the Continued Rule 7023 Hearing, it was not feasible to further await a response from the Debtors' counsel or to seek consent from any other parties prior to the filing of the Motion to Shorten Time.

## NOTICE

Notice of this Motion to Shorten Time will be provided to (i) counsel to the Debtors; (ii) counsel to the TCC; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Shorten Time.

WHEREFORE, Lead Plaintiff respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate

Dated: February 18, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By:  _/s/ Randy Michelson_
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*