

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

Signed and Filed: February 19, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**KELLER & BENVENUTTI LLP**
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING STIPULATION BETWEEN DEBTOR PACIFIC GAS AND ELECTRIC COMPANY AND CRISTINA MENDOZA FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**<br><br>[Relates to Dkt. Nos. 5535]<br><br>[Resolving Motion Set for Hearing February 26, 2020 at 10:00 am] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On consideration of the *Stipulation Between Debtor Pacific Gas and Electric Company and Cristina Mendoza for Limited Relief from the Automatic Stay*, filed on February 18, 2020 as Docket No. 5811 (the "**Stipulation**"),[1] between Cristina Mendoza ("**Mendoza**") and Pacific Gas and Electric Company (the "**Utility**"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), entered in settlement of Mendoza's *Motion for Relief from Stay* [Dkt. 5535] (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, and good cause appearing,

IT IS HEREBY ORDERED:

1. The Stipulation is approved.
2. The Hearing shall be taken off calendar.
3. The automatic stay is modified for the sole and limited purpose of allowing Mendoza to file in the District Court Action the version of the Amended Complaint attached to the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

Stipulation as Exhibit 1 or a similar version that does not change any allegations or facts as to the Utility.

4. The Answer shall be deemed the Utility's answer to the Amended Complaint.

5. Except as expressly provided herein, the automatic stay shall remain in effect as to the District Court Action.

6. This Court shall retain jurisdiction to resolve any dispute regarding, and to enforce, the terms of this Stipulation and the order approving it.

* * * END OF ORDER * * *

Approved:

Dated: February 18, 2020

FRENCH LYON TANG

*/s/ Mary Ellmann Tang*
Mary Ellmann Tang

*Attorneys for Cristina Mendoza*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119