**EXHIBIT 2**

| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111-2806<br>Telephone: 415.659.2600<br>Facsimile: 415.659.2601<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com<br><br>Eric E. Sagerman (SBN 155496)<br>David J. Richardson (SBN 168592)<br>Lauren T. Attard (SBN 320898)<br>BAKER & HOSTETLER LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone: 310.820.8800<br>Facsimile: 310.820.8859<br>Email: esagerman@bakerlaw.com<br>Email: drichardson@bakerlaw.com<br>Email: lattard@bakerlaw.com | |

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OFFICIAL COMMITTEE OF TORT CLAIMANTS' FIRST SET OF REQUESTS FOR ADMISSION TO DEPARTMENT OF HOMELAND SECURITY / FEDERAL EMERGENCY MANAGEMENT AGENCY** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), as made applicable by Rules 7036 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Northern District of California, the Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned attorneys, hereby serves the following requests for admission (the "**Requests for Admission**") on the Department of Homeland Security / Federal Emergency Management Agency ("**FEMA**") in connection with the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to No Liability Claims Filed by the Department of Homeland Security / Federal Emergency Management Agency (Claim Nos. 59692, 59734 & 59783)* (Dkt. No. 4943) (the "**FEMA Objection**"), dated December 2, 2019. The TCC requests that FEMA respond to the Requests for Admission in accordance with Civil Rule 36 by providing written responses to the law offices of Baker & Hostetler LLP, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806, within thirty (30) days of the service of the Requests for Admission.

## I. INSTRUCTIONS

1. Civil Rule 36, made applicable to this proceeding pursuant to Bankruptcy Rules 7036 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. These Requests for Admission are continuing in nature, so as to require supplemental responses, productions, and admissions if further documents are identified, or information is obtained, between the time answers are served and the time FEMA's claims are finally adjudicated.

3. If FEMA fails to respond or object to any Requests for Admission within thirty (30) days of the service of the Requests for Admission, the matter shall be deemed admitted under Civil Rule 36.

4. As is more fully set out in Civil Rule 36(a), FEMA must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If FEMA objects to only part of a Request for Admission, it must admit or deny the

remainder of the Request for Admission. If FEMA objects to or denies any Request for Admission or portion of a Request for Admission, FEMA must state the reasons for its objection or denial.

5. Unless otherwise specified, the time period covered by these Requests for Admission is from September 9, 2015 to the present.

**II.     DEFINITIONS**

    1. The term "**Butte Fire**" shall have the same meaning as that term is used in the Butte Fire Claim.

    2. The term "**Butte Fire Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59783) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

    3. The term "**Butte Fire Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-4240-DR-CA) for the State of California for the Butte Fire.

    4. The term "**Camp Fire**" shall have the same meaning as that term is used in the Camp Fire Claim.

    5. The term "**Camp Fire Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59692) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

    6. The term "**Camp Fire Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-3409-EM-CA) for the State of California for the Camp Fire.

    7. The term "**Chapter 11 Cases**" shall mean the chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company in the United States Bankruptcy Court for the Northern District of California, Case No. 19-30088.

    8. The term "**condition**" shall have the same meaning as that term is used in 42 U.S.C. § 5160(a).

    9. The term "**Debtor**" shall mean the Pacific Gas and Electric Company.

10. The term "**FEMA**" or "**You**" shall mean or refer to the Department of Homeland Security / Federal Emergency Management Agency.

11. The term "**Filing Date**" shall mean October 18, 2019.

12. The term "**intentionally**" shall have the same meaning as that term is used in 42 U.S.C. § 5160(a).

13. The term "**North Bay Fires Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59734) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

14. The term "**North Bay Fires Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-4344-DR-CA) for the State of California for the 2017 Northern California Wildfires.

15. The term "**2017 Northern California Wildfires**" shall have the same meaning as that term is used in the North Bay Fires Claim.

### III. REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Debtor did not intentionally cause the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Debtor did not intentionally cause the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Debtor did not intentionally cause the 2017 Northern California Wildfires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**

Admit that as of the Filing Date, FEMA had not identified any evidence indicating that the Debtor intended to cause the Butte Fire.

RESPONSE:

3

**REQUEST FOR ADMISSION NO. 5:**

Admit that as of the Filing Date, FEMA had not identified any evidence indicating that the Debtor intended to cause the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit that as of the Filing Date, FEMA had not identified any evidence indicating that the Debtor intended to cause the 2017 Northern California Wildfires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**

Admit that the condition that resulted in the Butte Fire Declaration was the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**

Admit that the condition that resulted in the Camp Fire Declaration was the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**

Admit that the condition that resulted in the North Bay Fires Declaration was the North Bay Fires.

RESPONSE:

Dated December 19, 2019        BAKER & HOSTETLER LLP

By: /s/ *Eric R. Goodman*
   Eric R. Goodman

*Attorney for The Official Committee of Tort Claimants*