**EXHIBIT 3**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>   Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OFFICIAL COMMITTEE OF TORT CLAIMANTS' FIRST SET OF INTERROGATORIES TO DEPARTMENT OF HOMELAND SECURITY / FEDERAL EMERGENCY MANAGEMENT AGENCY** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), as made applicable by Rules 7033 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Northern District of California, the Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned attorneys, hereby serves the following interrogatories (the "**Interrogatories**") on the Department of Homeland Security / Federal Emergency Management Agency ("**FEMA**") in connection with the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to No Liability Claims Filed by the Department of Homeland Security / Federal Emergency Management Agency (Claim Nos. 59692, 59734 & 59783)* (Dkt. No. 4943) (the "**FEMA Objection**"), dated December 2, 2019. The TCC requests that FEMA respond to the Interrogatories in accordance with Civil Rule 33 by providing written responses to the law offices of Baker & Hostetler LLP, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806, within thirty (30) days of the service of the Interrogatories.

## I. INSTRUCTIONS

1. Civil Rule 33, made applicable to this proceeding pursuant to Bankruptcy Rules 7033 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. These Interrogatories are continuing in nature, so as to require supplemental answers if further information is obtained between the time answers are served and the time FEMA's claims are finally adjudicated.

3. To the extent You consider any of the following Interrogatories objectionable, respond to so much of each, and each part thereof, which is not objectionable in Your view, and separately state that part of each which is objectionable and the ground for each objection.

4. Where precise/exact information is unavailable or unknown, provide approximate information along with an indication that such information is approximate rather than precise/exact.

5. If You deny knowledge or information sufficient to answer an Interrogatory (or any part thereof), provide the name and address of each person known or believed to have such knowledge.

6. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to these Interrogatories.

7. Provide a privilege log relating to Your responses to each of these Interrogatories from which You are withholding information on the basis of privilege. The privilege log must list the document or information withheld and the legal basis for withholding that information.

8. Unless otherwise specified, the time period covered by these Interrogatories is from September 9, 2015 to the present.

## II. DEFINITIONS

1. The term "**Butte Fire**" shall have the same meaning as that term is used in the Butte Fire Claim.

2. The term "**Butte Fire Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59783) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

3. The term "**Butte Fire Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-4240-DR-CA) for the State of California for the Butte Fire.

4. The term "**Camp Fire**" shall have the same meaning as that term is used in the Camp Fire Claim.

5. The term "**Camp Fire Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59692) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

6. The term "**Camp Fire Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-3409-EM-CA) for the State of California for the Camp Fire.

7. The term "**Chapter 11 Cases**" shall mean the chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company in the United States Bankruptcy Court for the Northern District of California, Case No. 19-30088.

2

8. The term "**condition**" shall have the same meaning as that term is used in 42 U.S.C. § 5160(a).

9. The term "**Debtor**" shall mean the Pacific Gas and Electric Company.

10. The term "**FEMA**" or "**You**" shall mean or refer to the Department of Homeland Security / Federal Emergency Management Agency.

11. The term "**FEMA Claims**" shall mean, collectively, the Butte Fire Claim, the North Bay Fires Claim and the Camp Fire Claim.

12. The term "**Filing Date**" shall mean October 18, 2019.

13. The term "**Government Agency**" shall mean any person or entity acting or purporting to act on behalf of, or otherwise representing or engaged by, any executive, judicial, or legislative body, or other government agency or instrumentality, including but not limited to, the California Governor's Office of Emergency Services and the California Department of Forestry and Fire Protection.

14. The term "**intentionally**" shall have the same meaning as that term is used in 42 U.S.C. § 5160(a).

15. The term "**North Bay Fires Claim**" shall mean the Proof of Claim (Fire Claim Related) (Claim Number 59734) filed by the Department of Homeland Security/Federal Emergency Management Agency in the Chapter 11 Cases on or about October 18, 2019.

16. The term "**North Bay Fires Declaration**" shall mean the emergency declaration issued by the President under the Stafford Act (FEMA-4344-DR-CA) for the State of California for the 2017 Northern California Wildfires.

17. The term "**Public Entity**" shall mean any state or local government or any department, agency, special purpose district, or other instrumentality of a state or local government, including but not limited to, Alameda County, Calaveras County, Placer County, York County, City of Chico, City of Warren Police and Fire Retirement System, Butte-Glenn Community College District, Mokelumne Hill Sanitary District, Paradise Irrigation District, Paradise Unified School District, Thermalito Water and Sewer District, Butte County Mosquito and Vector Control District, Paradise Community Council, City of Clearlake, City of Napa, City of Santa Rosa, County of Lake,

3

Lake County Sanitation District, County of Mendocino, Napa County, County of Nevada, County of Sonoma, Sonoma County Agricultural Preservation and Open Space District, Sonoma County Community Development Commission, Sonoma County Water Agency, Sonoma Valley County Sanitation District and County of Yuba.

18. The term "**Wildfires**" shall mean, collectively, the Butte Fire, the Camp Fire and the 2017 Northern California Wildfires.

19. The term "**2017 Northern California Wildfires**" shall have the same meaning as that term is used in the North Bay Fires Claim.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all evidence that FEMA had identified as of the Filing Date that indicates that the Debtor intentionally caused the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 2:**

Identify all evidence that FEMA had identified as of the Filing Date that indicates that the Debtor intentionally caused the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 3:**

Identify all evidence that FEMA had identified as of the Filing Date that indicates that the Debtor intentionally caused the 2017 Northern California Wildfires.

RESPONSE:

**INTERROGATORY NO. 4:**

Identify the condition that resulted in the Butte Fire Declaration.

RESPONSE:

**INTERROGATORY NO. 5:**

Identify the condition that resulted in the Camp Fire Declaration.

RESPONSE:

4

**INTERROGATORY NO. 6:**

Identify the condition that resulted in the North Bay Fires Declaration.

RESPONSE:

**INTERROGATORY NO. 7:**

Identify all amounts included in the FEMA Claims that constitute commitments made by FEMA to advance funds after the Filing Date.

RESPONSE:

**INTERROGATORY NO. 8:**

Identify the persons employed by FEMA who have the most knowledge regarding the factual basis for the Butte Fire Claim.

RESPONSE:

**INTERROGATORY NO. 9:**

Identify the persons employed by FEMA who have the most knowledge regarding the factual basis for the Camp Fire Claim.

RESPONSE:

**INTERROGATORY NO. 10:**

Identify the persons employed by FEMA who have the most knowledge regarding the factual basis for the North Bay Fires Claim.

RESPONSE:

**INTERROGATORY NO. 11:**

Identify each Government Agency that FEMA may seek to hold liable under 42 U.S.C. § 5155(c) for costs incurred by FEMA in connection with the Wildfires and the maximum amount of such liability.

RESPONSE:

**INTERROGATORY NO. 12:**

For each Government Agency that FEMA may seek to hold liable under 42 U.S.C. § 5155(c) for costs incurred by FEMA in connection with the Wildfires, identify the basis for liability and the nature of the assistance provided by FEMA to such Government Agency.

RESPONSE:

**INTERROGATORY NO. 13:**

Identify each Public Entity that FEMA may seek to hold liable under 42 U.S.C. § 5155(c) for costs incurred by FEMA in connection with the Wildfires and the maximum amount of such liability.

RESPONSE:

**INTERROGATORY NO. 14:**

For each Public Entity that FEMA may seek to hold liable under 42 U.S.C. § 5155(c) for costs incurred by FEMA in connection with the Wildfires, identify the basis for liability and the nature of the assistance provided by FEMA to such Public Entity.

RESPONSE:

**INTERROGATORY NO. 15:**

Identify all sources of recovery available to FEMA to recover costs incurred by FEMA in connection with the Wildfires other than FEMA's claims against the Debtor.

RESPONSE:

Dated December 19, 2019    BAKER & HOSTETLER LLP

By: /s/ *Eric R. Goodman*
       Eric R. Goodman

*Attorney for The Official Committee of Tort Claimants*