**EXHIBIT 1**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OFFICIAL COMMITTEE OF TORT CLAIMANTS' FIRST SET OF REQUESTS FOR ADMISSION TO CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), as made applicable by Rules 7036 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Northern District of California, the Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned attorneys, hereby serves the following requests for admission (the "**Requests for Admission**") on the California Governor's Office of Emergency Services ("**Cal OES**") in connection with the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office of Emergency Services (Claim Nos. 87748, 87754, & 87755)* (Dkt. No. 5096) (the "**Cal OES Objection**"), dated December 12, 2019. The TCC requests that Cal OES respond to the Requests for Admission in accordance with Civil Rule 36 by providing written responses to the law offices of Baker & Hostetler LLP, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806, within thirty (30) days of the service of the Requests for Admission.

## I. INSTRUCTIONS

1. Civil Rule 36, made applicable to this proceeding pursuant to Bankruptcy Rules 7036 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. These Requests for Admission are continuing in nature, so as to require supplemental responses, productions, and admissions if further documents are identified, or information is obtained, between the time answers are served and the time Cal OES' claims are finally adjudicated.

3. If Cal OES fails to respond or object to any Requests for Admission within thirty (30) days of the service of the Requests for Admission, the matter shall be deemed admitted under Civil Rule 36.

4. As is more fully set out in Civil Rule 36(a), Cal OES must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If Cal OES objects to only part of a Request for Admission, it must admit or deny the remainder of the Request for Admission. If Cal OES objects to or denies any Request

for Admission or portion of a Request for Admission, Cal OES must state the reasons for its objection or denial.

5. Unless otherwise specified, the time period covered by these Requests for Admission is from September 9, 2015 to the present.

**II.     DEFINITIONS**

1. The term "**Butte Fire**" shall have the same meaning as that term is used in the Butte Fire Claim.

2. The term "**Butte Fire Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87748) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

3. The term "**Cal OES**" or "**You**" shall mean or refer to the California Governor's Office of Emergency Services.

4. The term "**Camp Fire**" shall have the same meaning as that term is used in the Camp Fire Claim.

5. The term "**Camp Fire Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87755) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

6. The term "**Chapter 11 Cases**" shall mean the chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company in the United States Bankruptcy Court for the Northern District of California, Case No. 19-30088.

7. The term "**fire suppression**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.

8. The term "**hazardous substances**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.6.

9. The term "**North Bay Fires**" shall have the same meaning as that term is used in the North Bay Fires Claim.

10. The term "**North Bay Fires Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87754) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

11. The term "**rescue or emergency medical services**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.

**III. REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Cal OES did not perform any fire suppression services in connection with the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**

Admit that Cal OES did not provide any rescue or emergency medical services in connection with the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

Admit that Cal OES did not investigate the cause the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**

Admit that Cal OES did not make any reports regarding the cause of the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**

Admit that Cal OES did not provide any emergency services to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Butte Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit that Cal OES did not perform any fire suppression services in connection with the North Bay Fires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**

Admit that Cal OES did not provide any rescue or emergency medical services in connection with the North Bay Fires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**

Admit that Cal OES did not investigate the cause the North Bay Fires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**

Admit that Cal OES did not make any reports regarding the cause of the North Bay Fires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 10:**

Admit that Cal OES did not provide any emergency services to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the North Bay Fires.

RESPONSE:

**REQUEST FOR ADMISSION NO. 11:**

Admit that Cal OES did not perform any fire suppression services in connection with the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:**

Admit that Cal OES did not provide any rescue or emergency medical services in connection with the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:**

Admit that Cal OES did not investigate the cause the Camp Fire.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:**

Admit that Cal OES did not make any reports regarding the cause of the Camp Fire.

RESPONSE:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR ADMISSION NO. 15:**

Admit that Cal OES did not provide any emergency services to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Camp Fire.

RESPONSE:

Dated December 19, 2019

BAKER & HOSTETLER LLP

By: /s/ *Eric R. Goodman*
       Eric R. Goodman

*Attorney for The Official Committee of Tort Claimants*