**EXHIBIT 2**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **OFFICIAL COMMITTEE OF TORT CLAIMANTS' FIRST SET OF INTERROGATORIES TO CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), as made applicable by Rules 7033 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Northern District of California, the Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned attorneys, hereby serves the following interrogatories (the "**Interrogatories**") on the California Governor's Office of Emergency Services ("**Cal OES**") in connection with the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office of Emergency Services (Claim Nos. 87748, 87754, & 87755)* (Dkt. No. 5096) (the "**Cal OES Objection**"), dated December 12, 2019. The TCC requests that Cal OES respond to the Interrogatories in accordance with Civil Rule 33 by providing written responses to the law offices of Baker & Hostetler LLP, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806, within thirty (30) days of the service of the Interrogatories.

## I. INSTRUCTIONS

1. Civil Rule 33, made applicable to this proceeding pursuant to Bankruptcy Rules 7033 and 9014(c), is hereby incorporated by reference and applies to each of the following instructions.

2. These Interrogatories are continuing in nature, so as to require supplemental answers if further information is obtained between the time answers are served and the time Cal OES' claims are finally adjudicated.

3. To the extent You consider any of the following Interrogatories objectionable, respond to so much of each, and each part thereof, which is not objectionable in Your view, and separately state that part of each which is objectionable and the ground for each objection.

4. Where precise/exact information is unavailable or unknown, provide approximate information along with an indication that such information is approximate rather than precise/exact.

5. If You deny knowledge or information sufficient to answer an Interrogatory (or any part thereof), provide the name and address of each person known or believed to have such knowledge.

6. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to these Interrogatories.

7. Provide a privilege log relating to Your responses to each of these Interrogatories from which You are withholding information on the basis of privilege. The privilege log must list the document or information withheld and the legal basis for withholding that information.

8. Unless otherwise specified, the time period covered by these Interrogatories is from September 9, 2015 to the present.

## II. DEFINITIONS

1. The term "**Butte Fire**" shall have the same meaning as that term is used in the Butte Fire Claim.

2. The term "**Butte Fire Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87748) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

3. The term "**Cal OES**" or "**You**" shall mean or refer to the California Governor's Office of Emergency Services.

4. The term "**Cal OES Claims**" shall mean, collectively, the Butte Fire Claim, the North Bay Fires Claim and the Camp Fire Claim.

5. The term "**Camp Fire**" shall have the same meaning as that term is used in the Camp Fire Claim.

6. The term "**Camp Fire Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87755) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

7. The term "**Chapter 11 Cases**" shall mean the chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company in the United States Bankruptcy Court for the Northern District of California, Case No. 19-30088.

8. The term "**Debtor**" shall mean the Pacific Gas and Electric Company.

9. The term "**Filing Date**" shall mean November 15, 2019.

2

10. The term "**fire suppression**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.

11. The term "**hazardous substances**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.6.

12. The term "**North Bay Fires**" shall have the same meaning as that term is used in the North Bay Fires Claim.

13. The term "**North Bay Fires Claim**" shall mean the Proof of Claim (Official Form 410) (Claim Number 87754) filed by the California Governor's Office of Emergency Services in the Chapter 11 Cases on or about November 15, 2019.

14. The term "**Public Entity**" shall mean any state or local government or any department, agency, special purpose district, or other instrumentality of a state or local government, including but not limited to, Alameda County, Calaveras County, Placer County, York County, City of Chico, City of Warren Police and Fire Retirement System, Butte-Glenn Community College District, Mokelumne Hill Sanitary District, Paradise Irrigation District, Paradise Unified School District, Thermalito Water and Sewer District, Butte County Mosquito and Vector Control District, Paradise Community Council, City of Clearlake, City of Napa, City of Santa Rosa, County of Lake, Lake County Sanitation District, County of Mendocino, Napa County, County of Nevada, County of Sonoma, Sonoma County Agricultural Preservation and Open Space District, Sonoma County Community Development Commission, Sonoma County Water Agency, Sonoma Valley County Sanitation District and County of Yuba.

15. The term "**rescue or emergency medical services**" shall have the same meaning as that term is used in Cal. Health & Safety Code § 13009.

16. The term "**Wildfires**" shall mean, collectively, the Butte Fire, the Camp Fire and the North Bay Fires.

3

## III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all fire suppression services that Cal OES performed in connection with the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 2:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 3:**

Identify all investigations that Cal OES performed in connection with the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 4:**

Identify all reports produced by Cal OES regarding the cause of the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 5:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Butte Fire.

RESPONSE:

**INTERROGATORY NO. 6:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the Butte Fire Claim.

RESPONSE:

**INTERROGATORY NO. 7:**

Identify all fire suppression services that Cal OES performed in connection with the North Bay Fires.

RESPONSE:

**INTERROGATORY NO. 8:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the North Bay Fires.

RESPONSE:

**INTERROGATORY NO. 9:**

Identify all investigations that Cal OES performed in connection with the North Bay Fires.

RESPONSE:

**INTERROGATORY NO. 10:**

Identify all reports produced by Cal OES regarding the cause of the North Bay Fires.

RESPONSE:

**INTERROGATORY NO. 11:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the North Bay Fires.

RESPONSE:

**INTERROGATORY NO. 12:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the North Bay Fires Claim.

RESPONSE:

**INTERROGATORY NO. 13:**

Identify all fire suppression services that Cal OES performed in connection with the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 14:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 15:**

Identify all investigations that Cal OES performed in connection with the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 16:**

Identify all reports produced by Cal OES regarding the cause of the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 17:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Camp Fire.

RESPONSE:

**INTERROGATORY NO. 18:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the Camp Fire Claim.

RESPONSE:

**INTERROGATORY NO. 19:**

Identify all amounts included in the Cal OES Claims that constitute commitments made by Cal OES to advance funds after the Filing Date.

RESPONSE:

**INTERROGATORY NO. 20:**

Identify each Public Entity that Cal OES may seek to hold liable for costs incurred by Cal OES in connection with the Wildfires and the maximum amount of such liability.

RESPONSE:

**INTERROGATORY NO. 21:**

Identify all sources of recovery available to Cal OES to recover costs incurred by Cal OES in connection with the Wildfires other than Cal OES' claims against the Debtor.

RESPONSE:

| | | |
|---|---|---|
| Dated December 19, 2019 | | BAKER & HOSTETLER LLP |
| | | By: /s/ *Eric R. Goodman* |
| | | Eric R. Goodman |
| | | *Attorney for The Official Committee of Tort Claimants* |