**EXHIBIT 5**

XAVIER BECERRA
Attorney General of California
BRIAN D. WESLEY, SBN 219018
Supervising Deputy Attorney General
MATTHEW C. HEYN, SBN 227474
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 296-6000
Fax: (916) 731-2144
Brian.Wesley@doj.ca.gov
Matthew.Heyn@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

*Attorneys for California Governor's Office of Emergency Services*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                 Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES RESPONSE TO OFFICIAL COMMITTEE OF TORT CLAIMANTS' FIRST SET OF INTERROGATORIES** |

The California Governor's Office of Emergency Services ("**Cal OES**"), for itself and no other agency, hereby responds to *Official Committee of Tort Claimants' First Set of Interrogatories to California Governor's Office of Emergency Services* (the "**Interrogatories**").

**GENERAL OBJECTIONS:**

1. Cal OES objects to the "Instructions" in the Interrogatories as unduly burdensome and overbroad in scope to the extent they purport to require Cal OES to provide information, provide documents, or perform diligence beyond the requirements of Rule 33 of the Federal Rules of Civil Procedure. This includes, most prominently, any obligation to (i) "provide the name and address of each person known or believed to have … knowledge [of an interrogatory]" (Instruction 5); or (ii) "[i]dentify each person who assisted or participated in preparing and/or supplying any of the information given in answer to these Interrogatories" (Instruction 6).

2. Cal OES objects to the Interrogatories to the extent that they seek the identification and disclosure of information protected by the attorney-client privilege, the work product doctrine, mediation privilege, the constitutional right of privacy, or any other applicable privilege, statute, law or rule. Cal OES asserts such privileges and protections to the full extent allowable.

3. Cal OES objects to the Interrogatories to the extent they seek "all" or "any" information as overly broad and unduly burdensome. Cal OES has made a reasonable effort to provide complete responses to the multiple interrogatories simultaneously propounded on it from multiple parties in the limited time it has been given. However, discovery is ongoing and expert discovery has not yet begun. Therefore, Cal OES reserves the right to supplement its responses to these and related interrogatories.

4. Cal OES does not concede that any of its responses are or will be admissible evidence in the above-captioned bankruptcy cases (or any contested matter or adversary proceeding in the bankruptcy cases).

5. Cal OES objects that the Interrogatories are premised on the incorrect assumption that there is a contested matter over which the Bankruptcy Court has jurisdiction. Because the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office of Emergency Services (Claim Nos. 87748, 87754, & 87755)* was not served as required by Rule 3007(a)(2), there is no contested matter over which the Bankruptcy Court has jurisdiction and there is no authority for any party to serve discovery on Cal OES. Cal OES provides these responses without waiving this objection.

**INTERROGATORY NO. 1:**

Identify all fire suppression services that Cal OES performed in connection with the Butte Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not directly perform fire suppression services in connection with the Butte Fire. Rather, Cal OES coordinated mutual aid for fire suppression with in-state and out-of-state agencies, facilitated the employment of resources for fire suppression (including several of Cal OES's fire trucks and other fire equipment), and reimbursed agencies for the costs of fire suppression services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the fire suppression service that it paid for or is obligated to pay for in connection with the Butte Fire.

**INTERROGATORY NO. 2:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the Butte Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not directly provide rescue or emergency medical services in connection with the Butte Fire. Rather, Cal OES coordinated mutual aid for rescue and emergency services with in-state and out-of-state agencies, facilitated the employment of resources for rescue or emergency medical services, and reimbursed agencies for rescue and emergency services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the rescue or emergency medical services that it paid for or is obligated to pay for in connection with the Butte Fire.

**INTERROGATORY NO. 3:**

Identify all investigations that Cal OES performed in connection with the Butte Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Cal OES further objects to this interrogatory to the extent that it seeks the identification of information protected by the attorney-client privilege, the work product doctrine, the constitutional right of privacy, or any other applicable privilege, statute, law or rule. Cal OES asserts such privileges and protections to the full extent allowable.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not perform any investigations of the cause of the Butte Fire.

**INTERROGATORY NO. 4:**

Identify all reports produced by Cal OES regarding the cause of the Butte Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not produce any reports regarding the cause of the Butte Fire.

**INTERROGATORY NO. 5:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Butte Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES personnel did not provide the physical work of emergency service to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Butte Fire. Part of Cal OES' mission is to collaborate and coordinate the California Mutual Aid System. In connection with the Butte Fire, Cal OES collaborated and coordinated

mutual aid, mission tasked other state departments (such as the Department of Toxic Substances Control) to confine, prevent, or mitigate the release, escape, or burning of hazardous substances, and reimbursed other agencies' costs in to confining, preventing, or mitigating the release, escape, or burning of hazardous substances.

**INTERROGATORY NO. 6:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the Butte Fire Claim.

RESPONSE:

Cal OES incorporates each of its General Objections as if restated in full. Cal OES further objects that the term "most knowledgeable regarding the factual basis" of the Butte Fire Claim is vague and ambiguous. Different persons employed by Cal OES are most knowledgeable about different aspect of the Butte Fire Claim.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: The factual basis of the Butte Fire Claim are primarily the reports and other documents showing the cause of the Butte Fire, documents showing PG&E's culpability for the Butte Fire, and the documents showing the amounts spent by other state agencies, which Cal OES was obligated or will be obligated to pay. Those reports and other documents are produced herewith. Persons employed by Cal OES who are most knowledgeable about various aspects of the Butte Fire Claim include: Tabitha Stout, Grady Joseph, Robert Larsen, John Schuessler, and Ian Bradshaw.

**INTERROGATORY NO. 7:**

Identify all fire suppression services that Cal OES performed in connection with the North Bay Fires.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not directly perform fire suppression services in connection with the North Bay Fires. Rather, Cal OES coordinated mutual aid for fire suppression with in-state and out-of-state agencies, facilitated the employment of resources for fire suppression (including several of Cal OES's fire trucks and other fire equipment), and reimbursed agencies for the costs of fire suppression services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the fire suppression service that it paid for or is obligated to pay for in connection with the North Bay Fires.

**INTERROGATORY NO. 8:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the North Bay Fires.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not directly provide rescue or emergency medical services in connection with the North Bay Fires. Rather, Cal OES coordinated mutual aid for rescue and emergency services with in-state and out-of-state agencies, facilitated the employment of resources for rescue or emergency medical services, and reimbursed agencies for rescue and emergency services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the rescue or emergency medical services that it paid for or is obligated to pay for in connection with the North Bay Fires.

**INTERROGATORY NO. 9:**

Identify all investigations that Cal OES performed in connection with the North Bay Fires.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Cal OES further objects to this interrogatory to the extent that it seeks the identification of

information protected by the attorney-client privilege, the work product doctrine, the constitutional right of privacy, or any other applicable privilege, statute, law or rule. Cal OES asserts such privileges and protections to the full extent allowable.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not perform any investigations of the cause of the North Bay Fires.

**INTERROGATORY NO. 10:**

Identify all reports produced by Cal OES regarding the cause of the North Bay Fires.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not produce any reports regarding the cause of the North Bay Fires.

**INTERROGATORY NO. 11:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the North Bay Fires.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES personnel did not provide the physical work of emergency service to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the North Bay Fires. Part of Cal OES' mission is to collaborate and coordinate the California Mutual Aid System. In connection with the North Bay Fires, Cal OES collaborated and coordinated mutual aid, mission tasked other state departments (such as the Department of Toxic Substances Control) to confine, prevent, or mitigate the release, escape, or burning of hazardous substances, and reimbursed other agencies' costs in to confining, preventing, or mitigating the release, escape, or burning of hazardous substances.

**INTERROGATORY NO. 12:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the North Bay Fires Claim.

RESPONSE:

Cal OES incorporates each of its General Objections as if restated in full. Cal OES further objects that the term "most knowledgeable regarding the factual basis" of the North Bay Fires Claim is vague and ambiguous. Different persons employed by Cal OES are most knowledgeable about different aspect of the North Bay Fires Claim.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: The factual basis of the North Bay Fires Claim are primarily the reports and other documents showing the cause of the North Bay Fires, documents showing PG&E's culpability for the North Bay Fires, and the documents showing the amounts spent by other state agencies, which Cal OES was obligated or will be obligated to pay. Those reports and other documents are produced herewith. Persons employed by Cal OES who are most knowledgeable about various aspects of the North Bay Fires Claim include: Tabitha Stout, Grady Joseph, Robert Larsen, John Schuessler, and Ian Bradshaw.

**INTERROGATORY NO. 13:**

Identify all fire suppression services that Cal OES performed in connection with the Camp Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not perform fire suppression services in connection with the Camp Fire. Rather, Cal OES coordinated mutual aid for fire suppression with in-state and out-of-state agencies, facilitated the employment of resources for fire suppression (including several of Cal OES's fire trucks and other fire equipment), and reimbursed agencies for the costs of fire suppression services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is

producing documents showing the fire suppression service that it paid for or is obligated to pay for in connection with the Camp Fire.

**INTERROGATORY NO. 14:**

Identify all rescue or emergency medical services that Cal OES provided in connection with the Camp Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not directly provide rescue or emergency medical services in connection with the Butte Fire. Rather, Cal OES coordinated mutual aid for rescue and emergency services with in-state and out-of-state agencies, facilitated the employment of resources for rescue or emergency medical services, and reimbursed agencies for rescue and emergency services. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the rescue or emergency medical services that it paid for or is obligated to pay for in connection with the Butte Fire.

**INTERROGATORY NO. 15:**

Identify all investigations that Cal OES performed in connection with the Camp Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Cal OES further objects to this interrogatory to the extent that it seeks the identification of information protected by the attorney-client privilege, the work product doctrine, the constitutional right of privacy, or any other applicable privilege, statute, law or rule. Cal OES asserts such privileges and protections to the full extent allowable.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not perform any investigations of the cause of the Camp Fire.

**INTERROGATORY NO. 16:**

Identify all reports produced by Cal OES regarding the cause of the Camp Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES did not produce any reports regarding the cause of the Camp Fire.

**INTERROGATORY NO. 17:**

Identify all emergency services provided by Cal OES to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Camp Fire.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Cal OES personnel did not provide the physical work of emergency service to confine, prevent, or mitigate the release, escape, or burning of hazardous substances in connection with the Camp Fires. Part of Cal OES' mission is to collaborate and coordinate the California Mutual Aid System. In connection with the Camp Fire, Cal OES collaborated and coordinated mutual aid, mission tasked other state departments (such as the Department of Toxic Substances Control) to confine, prevent, or mitigate the release, escape, or burning of hazardous substances, and reimbursed other agencies' costs in to confining, preventing, or mitigating the release, escape, or burning of hazardous substances.

**INTERROGATORY NO. 18:**

Identify the persons employed by Cal OES who have the most knowledge regarding the factual basis for the Camp Fire Claim.

RESPONSE:

Cal OES incorporates each of its General Objections as if restated in full. Cal OES further objects that the term "most knowledgeable regarding the factual basis" of the Camp Fire Claim is

vague and ambiguous. Different persons employed by Cal OES are most knowledgeable about different aspect of the Camp Fire Claim.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: The factual basis of the Camp Fire Claim are primarily the reports and other documents showing the cause of the Camp Fire, documents showing PG&E's culpability for the Camp Fire, and the documents showing the amounts spent by other state agencies, which Cal OES was obligated or will be obligated to pay. Those reports and other documents are produced herewith. Persons employed by Cal OES who are most knowledgeable about various aspects of the Camp Fire Claim include: Tabitha Stout, Grady Joseph, Robert Larsen, John Schuessler, and Ian Bradshaw.

**INTERROGATORY NO. 19:**

Identify all amounts included in the Cal OES Claims that constitute commitments made by Cal OES to advance funds after the Filing Date.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein.

Subject to, as limited by and without waiving the foregoing objections, Cal OES responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Cal OES is producing documents showing the dates each of the subgrant applications (i.e. the amounts included in the Cal OES Claims) for the Butte Fire, North Bay Fires and the Camp Fire were awarded.

**INTERROGATORY NO. 20:**

Identify each Public Entity that Cal OES may seek to hold liable for costs incurred by Cal OES in connection with the Wildfires and the maximum amount of such liability.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Cal OES further objects that this interrogatory on the grounds that all the information it seeks is

protected by the attorney-client privilege and the attorney work product doctrine. Cal OES further objects that this interrogatory seeks information that is neither relevant nor reasonably calculated to lead to relevant information. Cal OES objects that this interrogatory is vague and ambiguous as to what is meant by "may seek to hold liable."

**INTERROGATORY NO. 21:**

Identify all sources of recovery available to Cal OES to recover costs incurred by Cal OES in connection with the Wildfires other than Cal OES' claims against the Debtor.

RESPONSE:

Cal OES incorporates each of its General Objections above as if fully stated herein. Cal OES further objects to this interrogatory on the grounds that all the information it seeks is protected by the attorney-client privilege and the attorney work product doctrine. Cal OES further objects that this interrogatory seeks information that is neither relevant nor reasonably calculated to lead to relevant information. Cal OES objects that this interrogatory is vague and ambiguous as to what is meant by "sources of recovery available."

Dated: January 20, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California

By: _____
MATTHEW C. HEYN
Deputy Attorney General

FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
   STEVEN H. FELDERSTEIN
   PAUL J. PASCUZZI

*Attorneys for California Governor's Office of Emergency Services*

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Grady Joseph, am Assistant Director of Recovery Operations for the California Governor's Office of Emergency Services. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I swear under penalty of perjury of the United States that the foregoing is true and correct.

Executed on January 20, 2020

_____
Grady Joseph