**EXHIBIT 7**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>    -and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OFFICIAL COMMITTEE OF TORT CLAIMANTS' RESPONSES TO CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES' FIRST SET OF REQUESTS FOR ADMISSIONS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "**Civil Rules**"), as made applicable by Rules 7036 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules for the United States Bankruptcy Court for the Northern District of California, the Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned attorneys, hereby responds to the California Governor's Office of Emergency Services' ("**Cal OES**") First Set of Requests for Admissions to the TCC. These responses are made without waiver and with express reservation of:

(1) All objections relating to competency, relevancy, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purpose in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and in any other proceeding;

(2) The right to object to the use of any such responses, or the subject matter thereof, on any ground in the Chapter 11 Cases and in any other proceeding;

(3) The right at any time to revise, correct, supplement or clarify any of the responses contained herein; and

(4) The non-waiver of any attorney-client privilege or work-product protection that otherwise would apply and the right to claw back any such attorney-client privilege or work-product protected document that is produced pursuant to Rule 502(d) of the Federal Rules of Evidence.

No incidental or implied admissions are intended by these responses. The following responses are submitted without acknowledgement of the materiality or relevance of the information requested or that the requests for admission in any way are reasonably calculated to lead to the discovery of admissible evidence.

## II. GENERAL OBJECTIONS

1. The TCC objects to each request for admission to the extent that it seeks disclosure of information or data which is unduly burdensome or requires the TCC to do Cal OES' work.

2. The TCC objects to each request for admission to the extent that it seeks disclosure of information or data that is beyond the permissible scope of Civil Rule 26(b), in that such

information is not relevant to the subject matter of this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

3. The TCC objects to each request for admission to the extent that it seeks disclosure of information or documents incorporating or containing information which is protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other privilege or protections, or which is material prepared in anticipation of litigation within the meaning of Civil Rule 26(b).

4. The TCC objects to each request for admission to the extent that it prematurely seeks information related to, or that would be the subject of, expert opinion and discovery. The TCC's responses therefore to any request for admission are given without prejudice to its rights to produce and rely on expert opinion and testimony regarding such issues.

5. The TCC objects to each request for admission to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, or otherwise lacks sufficient precision or particularity to permit a response.

6. The TCC objects to each request for admission to the extent that it assumes facts not in evidence or that are otherwise erroneous.

7. The TCC objects to each request for admission to the extent that it seeks to require the TCC to provide information or documents which are equally available to Cal OES as to the TCC.

8. The TCC objects to the definitions provided in the requests for admission to the extent that they impose obligations in excess of those permitted by the Civil Rules.

Each of the foregoing objections is incorporated into the TCC's response to each request for admission set forth below.

### III. REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit the Debtor's negligence caused the Butte Fire.

RESPONSE: Objection. This request for admission is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope

2

of Civil Rule 26(b)(1) insofar as it is directed at the TCC as opposed to the Debtor. No allegation has been made that the TCC caused the Butte Fire. Any response by the TCC to this request for admission could not establish the Debtor's negligence or in any way narrow the range of issues for trial. For Cal OES to substantiate its claims, the Debtor's negligence must be admitted by the Debtor or proven by Cal OES.

**REQUEST FOR ADMISSION NO. 2:**

Admit the Debtor's negligence caused the Camp Fire.

RESPONSE: Objection. This request for admission is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the TCC as opposed to the Debtor. No allegation has been made that the TCC caused the Camp Fire. Any response by the TCC to this request for admission could not establish the Debtor's negligence or in any way narrow the range of issues for trial. For Cal OES to substantiate its claims, the Debtor's negligence must be admitted by the Debtor or proven by Cal OES.

**REQUEST FOR ADMISSION NO. 3:**

Admit the Debtor's negligence caused the North Bay Fires.

RESPONSE: Objection. This request for admission is premature, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of Civil Rule 26(b)(1) insofar as it is directed at the TCC as opposed to the Debtor. No allegation has been made that the TCC caused the North Bay Fires. Any response by the TCC to this request for admission could not establish the Debtor's negligence or in any way narrow the range of issues for trial. For Cal OES to substantiate its claims, the Debtor's negligence must be admitted by the Debtor or proven by Cal OES.

**REQUEST FOR ADMISSION NO. 4:**

Admit the Butte Fire Claim asserts amounts that, in the absence of the Debtor's bankruptcy would be enforceable against it under applicable law.

RESPONSE: Denied. For the reasons set forth in the *Omnibus Objection of the Official Committee of Tort Claimants (Substantive) to Claims Filed by California Governor's Office*

3

*of Emergency Services (Claim Nos. 87748, 87754, & 87755)* (Dkt. No. 5096) (the "**Claim Objection**"), Cal OES has failed to allege facts in the Butte Fire Claim that, if proven, would support a right to recover from the Debtor by Cal OES irrespective of the Debtor's bankruptcy.

**REQUEST FOR ADMISSION NO. 5:**

Admit the Camp Fire Claim asserts amounts that, in the absence of the Debtor's bankruptcy would be enforceable against it under applicable law.

RESPONSE: Denied. For the reasons set forth in the Claim Objection, Cal OES has failed to allege facts in the Camp Fire Claim that, if proven, would support a right to recover from the Debtor by Cal OES irrespective of the Debtor's bankruptcy.

**REQUEST FOR ADMISSION NO. 6:**

Admit the North Bay Fires Claim asserts amounts that, in the absence of the Debtor's bankruptcy would be enforceable against it under applicable law.

RESPONSE: Denied. For the reasons set forth in the Claim Objection, Cal OES has failed to allege facts in the North Bay Fires Claim that, if proven, would support a right to recover from the Debtor by Cal OES irrespective of the Debtor's bankruptcy.

**REQUEST FOR ADMISSION NO. 7:**

Admit that $13.5 billion is enough money to fully satisfy all of the Fire Victim Claims as that term is defined in paragraph 1.75 of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated December 12, 2019.

RESPONSE: Denied.

Dated January 31, 2020

BAKER & HOSTETLER LLP

By: /s/ *Eric R. Goodman*
Eric R. Goodman

*Attorney for The Official Committee of Tort Claimants*