WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR SOLICITATION PROCEDURES MOTION** <br><br> [No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize brief in connection with the *Debtors' Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief* (the "**Motion**")[1], which the Debtors filed on the date hereof.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

**Committee**" and, together with the Creditors Committee, the "**Official Committees**"). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On January 31, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). On February 7, 2020, the Debtors filed the proposed disclosure statement for the Plan [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**").

On February 11, 2020, the Court entered the *Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* [Docket No. 5732] (the "**Scheduling Order**"), which, among other things, established certain dates and deadlines relating to approval of the Proposed Disclosure Statement and confirmation of the Plan.

## III. RELIEF REQUESTED IN THE MOTION

As previously discussed with the Court, and as contemplated by the Scheduling Order, the Motion, filed contemporaneously hereto, seeks approval of the Debtors' proposed procedures for the solicitation, distribution, and tabulation of votes to accept and reject the Plan and the various forms of Ballots, Notices, and other related exhibits that are critical to the Proposed Disclosure Statement and Plan solicitation process, including specially tailored procedures for the distribution and solicitation of votes from the approximately 82,000 Fire Victim Claims. The proposed Solicitation Procedures were developed by the Debtors after significant coordination with, among others, representatives of the Tort Claimants Committee, attorneys representing a significant number of the Fire Victim Claimants, and the Shareholder Proponents. Specifically, the Motion seeks entry of an order granting the following relief:

/ / /

(a) **_Disclosure Statement Hearing Notice._** Approving the form of notice previously reviewed by the Court for the Disclosure Statement Hearing and the manner of notice thereof;

(b) **_Plan Solicitation and Voting Procedures._** Approving the procedures for (i) soliciting and tabulating votes to accept or reject the Plan, including procedures for the solicitation of votes from holders of Fire Victim Claims and the establishment of a record date for voting on the Plan and serving related notices, and (ii) voting to accept or reject the Plan, including procedures for the electronic submission of votes on the Plan;

(c) **_Ballots and Solicitation Packages._** Approving (i) the forms of Ballots and Solicitation Packages and procedures for the distribution thereof, including the form of master ballot for the submission of votes to accept or reject the Plan by attorneys representing multiple holders of Fire Victim Claims and related solicitation directive form and Fire Victim solicitation procedures, and (ii) the form of Notice of Non-Voting Status to be sent to holders of Claims and Interests that are Unimpaired under the Plan, as applicable, and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan or are otherwise deemed not entitled to vote on the Plan, as applicable; and

(d) **_Confirmation Hearing Notice Procedures._** Approving the form and manner of notice of the Confirmation Hearing.

## IV. OVERSIZE BRIEFING FOR THE MOTION IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Motion. The Motion proposes carefully constructed and specially tailored procedures and seeks essential relief that, if granted, would facilitate the Solicitation Procedures and, ultimately, confirmation of the Plan.

In particular, the Plan provides for ten impaired voting classes, and the Motion proposes certain procedures with respect to the temporary allowance of claims and interests within such classes for purposes of voting to accept or reject the Plan. The Motion also proposes specially tailored procedures for the proposed solicitation and distribution of votes from the approximately 82,000 Fire Victim Claims. In addition, the Motion seeks approval of different ballots and master ballots for the different impaired classes of creditors and interest holders, including Fire Victim Master Ballots and

Direct Fire Claim Ballots. Finally, the Motion sets forth proposed procedures for the receipt of and tabulation of ballots, as well as the manner of notice of the Confirmation Hearing.

Because of the scope and importance of the relief requested, the Motion requires thorough descriptions of the solicitation, distribution, and other Plan voting and confirmation procedures. Confirming a Plan by the June 30, 2020 deadline imposed by AB 1054 will require a tremendous solicitation effort by the Debtors to reach all parties entitled to vote on the plan, including the tens of thousands of individual holders of Fire Victim Claims, many of whom are not represented by counsel. Accordingly, a thorough description of the Debtors' proposed balloting procedures is necessary for the Court and parties in interest to evaluate and respond prior to execution of the Debtors' solicitation effort. The Motion attaches the eight forms of ballots for various voting classes and describes them in detail as well as the Solicitation Package to be delivered to each prospective voting creditor or interest holder. The Motion also provides a detailed description of the procedures and timeline for mailing, receipt, and tabulation of Ballots.

Accordingly, the Debtors believe it is appropriate to request authority for the Motion to exceed the 25 pages allowed under Bankruptcy Local Rule 9013-1(c).

## V. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Motion to exceed 25 pages, but not to exceed 40 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated: February 19, 2020

                        **WEIL, GOTSHAL & MANGES LLP**
                        **KELLER & BENVENUTTI LLP**

                        By: /s/ *Stephen Karotkin*
                              Stephen Karotkin

                        *Attorneys for Debtors and Debtors in Possession*