Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                  **Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>**Hearing**<br>**Date:** **March 10, 2020**<br>**Time:** **10:00 a.m. (Pacific Time)**<br>**Place:** **Courtroom 17**<br>         **450 Golden Gate Ave., 16th Fl.**<br>         **San Francisco, CA 94102** |

The Official Committee of Tort Claimants (the "**TCC**") submits this motion ("**Motion**"), as creditor in the above-captioned chapter 11 cases (the "**Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), to establish procedures for resolving any disputes that may arise as a result of discovery served by the TCC in connection with ongoing plan confirmation proceedings and the Assigned Claims and Causes of Action to be assigned to the Fire Victim Trust under the chapter 11 plan of reorganization of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**").

## PRELIMINARY STATEMENT

The TCC is presently conducting discovery on issues that are certain to be central to the final stages of the ongoing plan confirmation proceedings, primarily with respect to the nature and value of the Assigned Claims and Causes of Action, which form a substantial portion of the consideration received by the TCC in exchange for entering into a Restructuring Support Agreement with the Debtors. Since the early stages of these Cases, this Court has established various procedures for the streamlined resolution of discovery disputes, and the TCC believes that certain modified procedures for discovery disputes that arise during the TCC's ongoing discovery process would be advantageous to this Court and to all parties. The TCC respectfully requests that this Court enter the proposed procedures described below.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S. C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California.

This is a core proceeding pursuant to 28 U.S.C. §157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested in this Motion is section 105 of the United States Bankruptcy Code and Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure.

**BASIS FOR RELIEF**

As a material component of the Restructuring Support Agreement ("**RSA**") between the Debtors, the TCC, and Consenting Fire Claimant Professionals, the Debtors assigned to the future Fire Victim Trust (the "**Trust**") all Assigned Claims and Causes of Action they may have against the Debtors' contractors, consultants, and former officers and directors (collectively, the "**Vendors**") that relate to the Fires.[1] *See* ECF No. 5038-1, 12/9/20 RSA, Exhibit A, at "Aggregate Fire Victim Consideration" (defining the consideration flowing to the Trust to include "the assignment by the Debtors and Reorganized Debtors to the Fire Victim Trust of the Assigned Rights and Causes of Action").

The TCC has been conducting necessary due diligence on this component of the RSA and pending Plan of Reorganization (the "**Plan**") in order to better understand and assess the value of these Assigned Rights and Causes of Action (the "**Assigned Claims**") for Plan confirmation purposes. The TCC has analyzed information produced by the Debtors during this proceeding, the estimation proceeding before Judge Donato, as well as information submitted to Judge Alsup in the criminal proceeding. Through this process, the TCC identified approximately 100 Vendors—out of more than 2,000 contractors and subcontractors that PG&E retained—that PG&E relied on to complete much of its vegetation and asset management, which may have contributed to the fires at issue in this proceeding. *See* Declaration of David J. Richardson in Support of the Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation ("Richardson Decl."), filed concurrently herewith, at ¶ 2.

In order to learn the nature and value of these assigned claims, the TCC issued subpoenas to these approximately 100 Vendors. *Id.* The subpoenas requested contracts covering the

---

[1] The term "Fires" includes the Butte Fire; the Camp Fire, the Ghost Ship Fire, and the North Bay Wildfires, which include: 37, Adobe, Atlas, Blue, Cascade, Cherokee, Honey, LaPorte, Lobo, Maacama / Youngs, McCourtney, Norrbom, Nuns, Partrick, Pocket, Point, Pressley, Pythian / Oakmont, Redwood / Potter Valley, Sullivan, Sulphur, and Tubbs. ECF No. 5038-1, 12/9/20 RSA, Exhibit A.

Vendors' work for PG&E and documents that would identify certain indemnification agreements between Vendors and PG&E, as well as information about the Vendors' insurance coverage. *See* Dkt. Nos. 5345, 5347, 5348, 5388, and 5433 (Notices of third-party subpoenas filed by the TCC.). The ultimate goal of this investigative process is to obtain for the benefit of fire victims an understanding of the potential claims for which bankruptcy court jurisdiction will be reserved post-confirmation—and to do so with as much particularity as possible, prior to solicitation and voting on the Debtors' Plan. Another focus of the requested documents is the valuation/insurance issues that may be central in any Plan objections going to the value of the Assigned Claims, whether the consideration paid to the Trust is sufficient to comply with AB 1054, and whether the litigation that will arise from the Assigned Claims will imperil the Debtors' ability to comply with AB 1054 on a post-confirmation basis.[2]

To date, counsel for the TCC has communicated with over 70 subpoena recipients. Richardson Decl. ¶ 3. Many of these discussions yielded collaborative work and agreement on the scope of subpoena. The TCC has extended the subpoena response time for any Vendor who expressed a need. *Id.* ¶ 4. The TCC has agreed to narrow the subpoenas when the facts warranted doing so. *Id.* ¶ 5. In some cases, the TCC has agreed to withdraw the subpoena where investigation revealed that the Vendor lacked a nexus to PG&E's vegetation and asset management work that will be at issue in the post-confirmation claims. *Id.* Despite these efforts, the TCC has received thirty-one objections to its subpoenas. *Id.* ¶ 6. The TCC will continue working for consensual resolution of any objections to the subpoenas. But to the extent there are any issues outstanding, the TCC respectfully requests that the Court streamline resolution of these objections into one process in order to lessen the administrative burden on this Court and provide the parties with an expedited procedure. Accordingly, the TCC respectfully requests that the Court enter an order implementing the TCC's proposed procedures for resolving objections.

In connection with this process, the TCC proposes a discovery resolution process in line with the procedures that this Court has previously established for discovery taken throughout

---

[2] Plan confirmation proceedings are treated as contested matters in chapter 11 cases. *See e.g.*, *Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.)*, 375 F.3d 51, 70 (5th Cir. 2004) ("The confirmation process constitutes a contested matter under the Bankruptcy Rules").

these Cases, with certain modifications aimed at reducing any burden on this Court during a period of busy Plan confirmation proceedings. In the course of drafting the proposed process, the TCC consulted this Court's Second Amended Order Implementing Certain Notice and Case Management Procedures dated May 13, 2019 [ECF Dkt. No. 1996], and this Court's Order re Telephone Discovery Conference dated July 29, 2019 [ECF Dkt. No. 3235].

Specifically, the TCC proposes the following procedures:

- A special master shall be appointed by the Court to resolve any disputes that require court intervention, if a consensual resolution cannot be reached, despite the good faith efforts of the parties. The TCC proposes that retired Judge Newsome service in this capacity, given his ongoing mediator role in these cases.
- Each Vendor who wishes to object to the TCC's subpoena or other discovery requests ("Objecting Party") must participate in a meet-and-confer discussion over the phone with TCC counsel before deeming that an objection cannot be resolved without Court intervention. Emails and voicemails will not satisfy this request. No filings shall be accepted without satisfying this meet-and-confer requirement.
- The Objecting Party and the TCC must work in good faith to resolve the objection without intervention by the Special Master.
- If, after working in good faith to resolve the objection, the parties reach an impasse and determine that intervention of the Special Master is necessary, the following procedures must be followed:
  ◦ The Objecting Party sends a brief list of its objections to the TCC, tied to specific production requests, as well as a statement under oath that the parties have met and conferred in good faith, pursuant to the directives in this Order.
    ▫ For each objection, the Objecting Party may only include in the list a sentence or two briefly stating the basis for the objection.
    ▫ No extensive argument or case law may be included, nor any history of exchanges of emails, letters, etc.

- Within 7 days, the TCC will send the Objecting party its responses to the objections, also in list form, that includes only a sentence or two briefly stating the basis for overruling the objection.
  ◦ Once the Objecting Party sends the list to the TCC, each Objecting Party's duty to produce the documents subject to the objection is paused, until the objections are resolved by the Special Master.
  ◦ The TCC will aggregate objections from all Objecting Parties that are pending at that time, and the TCC's responses to same, into one list for submission to the Special Master. Once the TCC determines it has received the objections pertaining to pending disputes, the TCC will file the list with the Special Master and serve the list on all Objecting parties. No briefing shall be included in the filing; the TCC shall only file a Notice of Objections and the List of Objections.
  ◦ The TCC will group like objections into similar categories wherever possible.
- The Special Master will set a telephonic hearing to resolve the list of objections and hear brief factual argument from Objecting Parties and the TCC.
- The Special Master will rule on the parties' objections as it deems appropriate, and will be authorized to enter tentative rulings compelling production, and to propose orders compelling such production for entry by this Court.
- If the Special Master overrules the Objecting Party's objections, the Objecting Party shall produce to the TCC all responsive, non-privileged documents previously withheld on the basis of the objection at issue within 14 days.
- All documents produced by the Vendors will be subject to this Court's Confidentiality and Protective Order dated August 6, 2019 [ECF Dkt. No. 3405].

For the reasons argued herein, the TCC respectfully requests that this Court enter the Proposed Order and establish the above procedures for the TCC's pending and future discovery disputes related to Plan confirmation.

# NOTICE

Notice of this Motion will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Consenting Fire Claimant Professionals; (xiii) counsel for the Shareholder Proponents; (xiv) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; and (xv) the recipients of the TCC's document subpoena. The TCC respectfully submits that no further notice is required.

# CONCLUSION

WHEREFORE the TCC respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and any further relief as the Court may deem just and proper.

Dated: February 19, 2020

BAKER & HOSTETLER LLP

By: /s/ *David J. Richardson*
Robert A. Julian
Cecily A. Dumas
David J. Richardson

*Counsel to the Official Committee of Tort Claimants*