| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Ray C. Schrock, P.C. (*pro hac vice*) |
| 3 | (ray.schrock@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 4 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 5 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 6 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | KELLER & BENVENUTTI LLP |
| | Tobias S. Keller (#151445) |
| 9 | (tkeller@kellerbenvenutti.com) |
| | Jane Kim (#298192) |
| 10 | (jkim@kellerbenvenutti.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| | Fax: 650 636 9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

Case No. 19-30088 (DM)
Chapter 11 (Lead Case) (Jointly Administered)

**In re:**

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

**REQUEST FOR ENTRY OF ORDER BY DEFAULT GRANTING MOTION CONFIRMING RELIEF GRANTED UNDER FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS**

Hearing Date: February 26, 2020
Hearing Time: 10:00 a.m. (Pacific Time)
Place: United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

Objection Deadline: February 19, 2020
4:00 p.m. (Pacific Time**)**

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**"), that the Court enter an order by default on the *Motion Confirming Relief Granted Under Final Order Pursuant to 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), and 364 and Fed. R. Bankr. P. 4001, 6003, and 6004 (I) Authorizing the Debtors to (A) Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and (B) Pay All Obligations with Respect Thereto; and (II) Granting Relief from the Automatic Stay with Respect to Workers' Compensation Claims* filed by the Debtors on February 5, 2020 [Dkt. No. 5640] (the "**Motion**").

## RELIEF REQUESTED IN THE MOTION

The Motion seeks entry of an order clarifying and confirming with respect to the Insurance and Surety Bond Order[1] that (i) in addition to any specific Surety explicitly identified in the Insurance and Surety Bond Motion, the definition of Surety includes any new or additional Surety Bond issuer or provider and that the relief granted in the Insurance and Surety Bond Order applies with full force and effect to any such new or additional Surety, and (ii) that, pursuant to Paragraph 4 of the Insurance and Surety Bond Order, the Debtors are authorized to execute new Surety Indemnity Agreements, and to provide cash or other collateral, as required or as they may deem desirable in order to obtain any new Surety Bonds, or with respect to the alteration, replacement, extension or renewal of any Surety Bonds and/or in connection with any new or existing Surety Indemnity Agreements or Surety Bond Program.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088   Doc# 5848   Filed: 02/20/20   Entered: 02/20/20 11:28:20   Page 2 of 3

A proposed order (the "**Proposed Order**") was attached as **Exhibit A** to the Motion. The order being submitted is different from the Proposed Order attached to the Motion in that the reference to a hearing being held has been deleted.

## NOTICE AND SERVICE

A *Notice of Hearing on Motion Confirming Relief Granted Under Final Order Pursuant to 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), and 364 and Fed. R. Bankr. P. 4001, 6003, and 6004 (I) Authorizing the Debtors to (A) Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and (B) Pay All Obligations with Respect Thereto; and (II) Granting Relief from the Automatic Stay with Respect to Workers' Compensation Claims* [Dkt. No. 5641] (the "**Notice of Hearing**") was filed on February 5, 2020. The Motion and the Notice of Hearing were served as described in the Certificate of Service of Alain B. Francoeur filed on February 10, 2020 [Dkt. No. 5709]. The deadline to file responses or oppositions to the Motion has passed, and no responses or oppositions have been filed with the Court or received by counsel for the Debtors.

## DECLARATION OF NO RESPONSE RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that:

1. I am an attorney with the firm of Keller & Benvenutti LLP, co-counsel for the Debtors.

2. I have reviewed the Court's docket in the Chapter 11 Cases and have determined that no response or opposition has been filed with respect to the Motion.

3. This declaration was executed in San Francisco, California.

WHEREFORE, the Debtors hereby request entry of the Proposed Order substantially in the form attached to the Motion, granting the Motion as set forth therein.

Dated: February 20, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

/s/   *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Debtors in Possession*