

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

Signed and Filed: February 21, 2020


_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER CONFIRMING RELIEF GRANTED UNDER FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), AND 364 AND FED. R. BANKR. P. 4001, 6003, AND 6004 (I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, WORKERS' COMPENSATION PROGRAM, AND SURETY BOND PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated February 5, 2020 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order clarifying and confirming the relief previously approved by the Court in its Final Order, dated February 27, 2019 [Docket No. 695] (the "**Insurance and Surety Bond Order**"), with respect to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 362(d), 363(b), 363(c), and 364 and Fed. R. Bankr. P. 4001, 6003, and 6004 for Interim and Final Orders (i) Authorizing the Debtors to Maintain Insurance Policies, Workers' Compensation Program, and Surety Bond Program and Pay All Obligations with Respect Thereto; and (ii) Granting Relief from the Automatic Stay with Respect to Workers' Compensation Claims* [Docket No. 9] (the "**Insurance and Surety Bond Motion**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Insurance and Surety Bond Motion, and the Wells Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, as provided herein.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2. The definition of Surety as used in, and made applicable to, the Insurance and Surety Bond Motion and the Insurance and Surety Bond Order shall include, in addition to any specific Surety explicitly identified in the Insurance and Surety Bond Motion, any new or additional Surety Bond issuer or provider and that the relief granted in the Insurance and Surety Bond Order shall apply with full force and effect to any such new or additional Surety.

3. Pursuant to Paragraph 4 of the Insurance and Surety Bond Order, the Debtors are authorized to execute new Surety Indemnity Agreements, and to provide cash or other collateral, as required or as they may deem desirable in order to obtain any new Surety Bonds, or with respect to the alteration, replacement, extension or renewal of any Surety Bonds and/or in connection with any new or existing Surety Indemnity Agreements or Surety Bond Program.

4. Except as expressly modified herein, the provisions of the Insurance and Surety Bond Order shall remain unchanged and in full force and effect.

5. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

\*\* END OF ORDER \*\*