

Signed and Filed: February 24, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

## MEMORANDUM DECISION REGARDING MOTION TO APPLY RULE 7023

Lead Plaintiffs ("Movants[1]") in pending district court litigation filed a motion (the "Motion") (dkt. #5042) to apply Federal Rule of Civil Procedure 23, made applicable here by Federal Rule of Bankruptcy Procedure ("FRBP") 7023 to their class proofs of claim on December 9, 2019. Debtors and the Official Committee of Tort Claimants ("TCC") filed

---
[1] Movants are as defined in the Motion.

-1-

oppositions and the matter was heard on January 29, 2020. Following that hearing, the court issued a tentative ruling (dkt. #5604) signaling its intent to either grant the Motion or extend the claims bar date to allow individual members of the class to file proofs of claim, and soliciting further briefing from the parties regarding those options. The parties filed supplemental briefs, the matter was again heard on February 20, 2020, and the matter was submitted. For the reasons below, the court will deny the Motion but will also extend the claims bar date for individual members of the class.

**Background**

Movants filed a complaint in district court on June 12, 2018, which suit was eventually consolidated and a lead plaintiff appointed (hereinafter the "Securities Litigation"). After Debtors filed bankruptcy on January 29, 2019, the Securities Litigation was automatically stayed by virtue of 11 U.S.C. § 362(a), Debtors filed an adversary proceeding to enjoin continued prosecution of the Securities Litigation (AP No. 19-03006). After the lead plaintiff there was dismissed from the adversary proceeding, Debtors were given a timeline to file a new adversary proceeding seeking to enjoin the plaintiffs from prosecution of the proceeding against the remaining non-debtor defendants in the district court action (AP No. 19-3039).

Briefly, Movants' claims against Debtors amount to securities fraud claims, alleging that Debtors (and others) misled investors about their wildfire safety practices. Movants allege that these practices artificially inflated stock prices, which then dropped after information regarding Debtors' improper safety practices emerged between 2017 and 2018. Movants also bring claims regarding the accuracy of certain offering documents for notes issued between 2016 and 2018. Movants represent a class of investors who acquired securities between April 2015 and November 2018 and suffered losses as a result of the alleged misleading statements. Currently, non-Debtor defendants have filed a motion to dismiss the Securities Litigation, which has been submitted for resolution by the district court.

**Analysis**

Movants request application of FRBP 7023 to their timely filed class proofs of claim (POC ##72193, 72273). Class proofs of claim are permitted in bankruptcy cases, typically

using a two-step process, whereby the court first allows the class proof of claim to be filed, and then determines whether certification is appropriate. *See In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007). In considering the first step, courts typically apply the factors laid out in *In re Musicland Holding Corp.*, which are as follows:

    1) whether the class was certified pre-petition;

    2) whether members of the putative class received notice of the bar date, and

    3) whether class certification will adversely affect the administration of the estate.

*Id.* at 654 (citations omitted). In applying the first factor, the class here has not yet been certified, but this fact is not fatal to Movants. Because a motion to dismiss is currently pending in the Securities Litigation, Movants are unable to certify their class at this point. 15 U.S.C. § 78u-4(b)(3)(B) (West) ("[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"). Consequently, this factor does not weigh against them. *See In re MF Glob. Inc.*, 512 B.R. 757, 763 (Bankr. S.D.N.Y. 2014); *Schuman v. The Connaught Grp., Ltd. (In re The Connaught Grp., Ltd.)*, 491 B.R. 88, 98 (Bankr.S.D.N.Y.2013).

The second factor weighs heavily in favor of granting the Motion. Previously in this case, the claims bar date was extended to October 21, 2019, and then extended to a later date specifically for wildfire victim claimants. Putative members of the class did not receive actual notice of the general claims bar date (although Debtors argue that they certainly received constructive notice). The parties appear to agree that known creditors are entitled to actual written notice of the claims bar date. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). However, the parties differ on whether members of the putative class are known creditors. A known creditor is one whose identity is either known or reasonably ascertainable by the debtor, and all creditors' identities are reasonably ascertainable if they can be identified through reasonably diligent efforts. *Id.* (citation omitted). Reasonable diligence generally requires a search of a debtor's books and records. *Id.* Debtors here were aware of the Securities Litigation, filed in 2018, and of its consolidation with other action. Debtors participated in the litigation and filed an adversary proceeding against the lead plaintiff, in this

bankruptcy. As such, Debtors knew of the existence of the putative class members and their status as potential creditors. An examination of their books and records would have yielded this information. Consequently, the putative class members here are known creditors entitled to actual written notice. As Debtors failed to provide this notice, this factor weighs in favor of granting the Motion. The briefing indicates that there is a well-established procedure for noticing investors through nominees. Initially, Debtors indicated that they were unable to implement this procedure (dkt. #5370) but have since reversed their position and stated that they are able to implement this procedure (dkt. #5789).

The third factor is of particular importance to this bankruptcy—it is unclear at this point whether class certification will adversely affect administration of the estate, and the court is inclined to weigh this factor in favor of Debtors. This bankruptcy faces the anomalous circumstance of a legislative deadline for plan confirmation, and numerous other considerations that render the timeline for confirmation to be shorter than most other cases. Disclosure and confirmation deadlines have been set and significant resources are being expended to ensure that confirmation will occur by the end of June 2020. However, unlike in *Musicland*, the parties here did not sit on their rights until it was too late. *See Musicland*, 362 B.R. at 649. Instead, Movants here are prejudiced by an extrinsic deadline for confirmation that is unrelated to their claims. The court is also aware of the possibility that it may grant this motion and then be forced to deny the subsequent class certification motion—which would give all parties even less time to cure the due process issues laid out above, and potentially derail a precarious confirmation process. At this juncture, it appears granting the Motion may result in more chaos than certainty. It is ultimately a close call, but the alternative route described below appears poised to generate less (but likely some) chaos.

Because Debtors did not make a reasonable effort to give actual notice to class members of the claims bar date, the court will extend the bar date for this group of creditors. This alternative has been recognized by other courts. *See Connaught*, 491 B.R. at 97 ("[i]f a class action was filed prior to the running of the statute of limitations and class certification is denied, the tolling of the statute of limitations will give the class members additional time to assert their

individual rights. . . . The same tolling rule applies in bankruptcy. If the representative files a timely adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims."). Movants here filed a timely proof of claim, thus, the court is prepared to follow the reasoning in *Connaught* and set a reasonable bar date to allow class members to file individual proofs of claim.

**Conclusion**

The court will separately issue a proposed order on the Motion and a proposed, revised, notice of extended bar date.

**\*\*\* END OF MEMORANDUM \*\*\***