**DIEMER & WEI, LLP**

Kathryn S. Diemer (SBN 133977)
Alexander J. Lewicki (SBN 323639)
55 S Market Street, Suite 1420
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com
       alewicki@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**

Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com
       bmccallen@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STATEMENT OF THE AD HOC GROUP OF SUBROGATION CREDITORS IN RESPONSE TO TCC REPLY IN SUPPORT OF OMNIBUS OBJECTION TO CLAIMS FILED BY CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES** |

The Ad Hoc Group of Subrogation Claim Holders (the "Ad Hoc Subrogation Group") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company, by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei LLP, hereby submits this Statement in Response to the TCC's *Reply In Support Of Omnibus Objection To Claims Filed By California Governor's Office Of Emergency Services* (the "Reply"), in order to object to certain statements made relating to the definition of Subrogation Wildfire Claims.

The TCC argues in the Reply that, to the extent this Court determines that Cal OES's claims arise in subrogation, they should not be allowed as "Fire Victim Claims" under PG&E's Plan, and should instead be treated as "Subrogation Wildfire Claims." Reply at 4-5. This argument, which appears to be part of a larger strategy to push claims from the Fire Victim Trust into the Subrogation Wildfire Trust,[1] is wrong and contradicted by the clear terms of the Plan.

Specifically, in its Reply, the TCC points out that the term "Fire Victim Claim," which comprises those claims that can recover from the $13.5 billion fire victim trust, is defined to mean any Fire Claim that is not a Subrogation Wildfire Claim. Reply at 5. The TCC then asserts that the term "Subrogation Wildfire Claim" is defined to include, among other things, any Fire Claim "that arises from subrogation (whether such subrogation is contractual, equitable, or statutory)," and goes on to suggest that if the Cal OES Claims arise in subrogation, they must recover from the Subrogation Wildfire Trust. *Id*.

Simply put, the TCC is wrong. In fact, the definition of Subrogation Wildfire Claim – which the TCC selectively quotes in part – ***clearly excludes*** the claims of Cal OES (and FEMA). In the sentence following the quote provided to the Court by the TCC, the definition of Subrogation Wildfire Claim goes on to provide:

---

[1] The TCC makes a similar argument with respect to the Adventist Health claim in its Omnibus Objection Of The Official Committee Of Tort Claimants (Substantive) To Claims Filed By Adventist Health System/WEST And Feather River Hospital D/B/A Adventist Health Feather River (Claim Nos. 59459 & 59996) [Dkt. No. 5760] (the "TCC's Adventist Objection"). The Ad Hoc Subrogation Group will address the failings with respect to that argument in connection with its response to the TCC's Adventist Objection.

> **Subrogation Wildfire Claims shall not include the claims of any Governmental Unit** (as defined in section 101(27) of the Bankruptcy Code) and any such claims are not the subject of, or compromised under, the Subrogation Claims RSA.

PG&E Plan, § 1.195 [Dkt. No. 5590] (the "<u>Plan</u>") (emphasis added). The definition of Governmental Unit includes Cal OES as a "department, agency, or instrumentality of . . . a State." 11 U.S.C. § 101(27).

The TCC offers no explanation for how, under these clear terms, the Cal OES Claim could recover from the Subrogation Wildfire Trust. That is because there is no colorable basis for the TCC's argument. As reflected in the Plan definitions, the Ad Hoc Subrogation Group expressly negotiated to exclude claims of governmental units from the $11 billion settlement. In fact, only a specific set of claims were negotiated and settled in the Subrogation Claims RSA for an $11 billion allowed claim: subrogation claims arising "in connection with payments made or to be made by the applicable insurer to insured tort victims." Plan § 1.195. Therefore, only Subrogation Wildfire Claims, as specifically and intentionally defined, can be paid out of the Subrogation Wildfire Trust.

It has been understood by all parties that claims of Governmental Units, such as Cal OES's claims, are Fire Victims Claims and not Subrogation Wildfire Claims. For example, the Court's July 2019 bar date order clearly defines Fire Claimant as "any person or entity, **including any Governmental Unit**, holding a Fire Claim (**other than a Wildfire Subrogation Claimant**)" and separately and distinctly defines Wildfire Subrogation Claimant as "any insurance carrier having made payments to their insureds for any damages arising out of or relating to a Fire Claim, or any other party who has acquired by assignment or otherwise obtained an interest in a claim arising out or related to such payments." [Dkt. No. 2806] at 4, n.2 (emphasis added). Counsel for the TCC itself repeatedly represented that the governmental entities' claims are included in the claims to be paid from the Fire Victims Trust. For example, TCC counsel, in discussing the aggregate amount of claims against the $13.5 billion Fire Victims Trust, listed "victims, FEMA, CAL FIRE, CPUC, and other governmental entities" as the relevant claimants. Oct. 7, 2019 H'rg Tr. 84.5:10; *see also id*. 81:20-82:2 (grouping "the

victims, FEMA, CAL FIRE, PUC Funds, and I guess any other unaccounted for public entities" together as subject to the same cap).

Likewise, counsel for the California state agencies with fire-related claims, acknowledged, without objection from the TCC, that "the government claims are going to be part of this fire victim's trust." Dec. 17, 2019 H'rg Tr. 163:1-4; *see also* Jan. 29, 2020 10:00 a.m. H'rg Tr. 121:3-18 ("Mr. Pascuzzi: . . . .the debtor's plan, and it always has, puts the California State Agency fire-related claims in the fire victim trust."). There is no room for the TCC, or any other party, to now argue, contrary to the clear definitions set forth in the Plan and the representations made to this Court, that the Cal OES claim (or any other Governmental Unit claim) should be recoverable out of the Subrogation Wildfire Trust.

Dated: February 25, 2020  **WILLKIE FARR & GALLAGHER LLP**

/s/ *Benjamin P. McCallen*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
jminias@willkie.com
dforman@willkie.com
bmccallen@willkie.com


**DIEMER & WEI, LLP**
Kathryn S. Diemer (SBN 133977)
Alexander J. Lewicki (SBN 323639)
55 S Market Street, Suite 1420
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com
alewicki@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*