JONATHAN A. SHAPIRO (SBN 257199)
Jonathan.shapiro@bakerbotts.com
DANIEL MARTIN (SBN 306794)
Daniel.martin@bakerbotts.com
TINA NGO (SBN 324102)
Tina.ngo@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys for
BLACK & VEATCH CONSTRUCTION, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>           Debtors. | Bankruptcy Case<br>Case No.: 19-30088-DM (Lead Case)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**BLACK & VEATCH CONSTRUCTION, INC.'S MOTION TO QUASH THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(3)**<br><br>Hearing<br>Date:   March 10, 2020[1]<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   Courtroom 17<br>           450 Golden Gate Ave., 16th Fl.<br>           San Francisco, CA 94102 |

---

[1] This motion seeks relief under Federal Rule of Civil Procedure 45(d)(3). The TCC, however, has asked the Court to replace the Rule 45 procedures (and movant's protections thereunder) with a new, very different process. *See* ECF Dkt. No. 5840, Motion to Establish Procedures for Discovery Preceding Plan Confirmation. As the TCC has noticed that motion for hearing on March 10, 2020, movant would like to be heard at the same time.

# MOTION TO QUASH SUBPOENA

Black & Veatch Construction, Inc. ("**BVCI**"), as a non-party to the above-captioned Chapter 11 cases, submits this Motion to Quash the Official Committee of Tort Claimants' (the "**TCC**") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) issued pursuant to Federal Rule of Civil Procedure 45 (the "**Subpoena**").

As explained below, and pursuant to Federal Rule of Civil Procedure 45, BVCI seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), quashing the TCC's Subpoena to BVCI and awarding BVCI the attorneys' fees and costs it incurred in objecting to the Subpoena and bringing this motion. In support of this motion, BVCI submits the Declaration of Jonathan Shapiro (the "**Shapiro Decl.**"), filed contemporaneously herewith.

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 6 |
| II. | BACKGROUND | | 7 |
| III. | LEGAL STANDARD | | 9 |
| IV. | ARGUMENT | | 10 |
| | 1. | The Rule 45 Subpoena Should Be Quashed Because There Is No "Action" | 10 |
| | 2. | Untethered to an "Action," the Subpoena Seeks Generic, Overly Broad, and Irrelevant Information | 13 |
| | 3. | The TCC Has Done Nothing to Avoid Undue Burden and Expense on BVCI and Has Imposed Additional Burden by Evading the Rule 45 Procedures It Invoked | 15 |
| | 4. | The Subpoena Seeks BVCI's and other Third Parties' Protected Information | 16 |
| V. | CONCLUSION | | 18 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*287 Franklin Ave. Residents' Ass'n v. Meisels*,
  No. 11-CV-976(KAM)(JO), 2012 WL 1899222 (E.D.N.Y. May 24, 2012) ............................ 17

*Exxon Shipping Co. v. U.S. Dept. of Interior*,
  34 F.3d 774 (9th Cir. 1994) ................................................................................................ 9

*In re Donald*,
  328 B.R. 192 (B.A.P. 9th Cir. 2005) .................................................................................. 11

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
  No. 09-CV-01967 CW (NC), 2012 WL 4846522 (N.D. Cal. Aug. 7, 2012) ..................... 6, 9

*In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*,
  MDL No. 13-2419-FDS, 2013 WL 6058483 (D. Mass. Nov. 13, 2013) ............................ 14

*In re Patel*,
  No. 16-65074-LRC, 2017 WL 377943 (Bankr. N.D. Ga. Jan. 26, 2017) ..................... 10, 13

*In re Rainbow Magazine, Inc.*,
  77 F.3d 278 (9th Cir. 1996) .............................................................................................. 17

*In re Rosa*,
  495 B.R. 522 (Bankr. D. Haw. 2013) ............................................................................... 11

*In re Shubov*,
  253 B.R. 540 (9th Cir. 2000) ................................................................................. 10, 13, 16

*Khan v. Rogers*,
  No. 17-cv-05548-RS (LB), 2018 WL 5849010 (N.D. Cal. Nov. 6, 2018) ......................... 15

*Nidec Corp. v. Victor Co. of Japan*,
  249 F.R.D. 575 (N.D. Cal. 2007) ................................................................................. 15, 16

*Soto v. Castlerock Farming & Transp., Inc.*,
  282 F.R.D. 492 (E.D. Cal. 2012) ....................................................................................... 15

*Specialized Bicycle Components, Inc. v. Barton*,
  No. C10-05725 HRL, 2011 WL 1599653 (N.D. Cal. Apr. 28, 2011) ................................ 17

*Under Armour, Inc. v. Battle Fashions, Inc.*,
  No. 18-mc-80117-LB, 2018 WL 3689664 (N.D. Cal. Aug. 3, 2018) ................................. 10

| | | |
|---|---|---|
| | *United States v. C.B.S., Inc.*, 666 F.2d 364 (9th Cir. 1982) | 7, 9 |

**STATUTES**

| | |
|---|---|
| 11 U.S.C. § 105 | 17 |
| Fed. R. Bankr. P. 3015 | 11 |
| Fed. R. Bankr. P. 3020 | 11 |
| Fed. R. Bankr. P. 7001 | 11 |
| Fed. R. Bankr. P. 9002 | 10 |
| Fed. R. Bankr. P. 9016 | 9 |
| Fed. R. Civ. P. 26 | *passim* |
| Fed. R. Civ. P. 45 | *passim* |
| Fed. R. Civ. P. 83 | 7, 8, 12 |
| Fed. R. Evid. 402 | 12 |
| Fed. R. Evid. 602 | 12 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Drake, Bonapfel & Goodman, Chapter 13 Prac. & Proc. (June 2019) | 11 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The TCC issued **over 100 identical document subpoenas** under Federal Rule of Civil Procedure 45 to contractors who it supposes "may" have contributed to fires (and may have insurance), including the Subpoena to BVCI. Like all the others, that Subpoena seeks seven years' worth of broad categories of discovery related to BVCI's work for PG&E, relationships that have nothing to do with PG&E, and every conceivable "document" related to all of BVCI's insurance policies. *See* Shapiro Decl., Ex. A. That Subpoena is not, however, tethered to any "contested matter," "adversary proceeding," or other "action" pending before this Court—a fundamental requirement under Rule 45, *see* Fed. R. Civ. P. 45(a)(2)—and, even if it was, it seeks facially overbroad, irrelevant, and protected categories of information. In doing so, the Subpoena inherently violates non-party BVCI's rights under Rule 45, which required the TCC to narrowly tailor any subpoenas to the actual case, and avoid imposing undue burden and expense on BVCI. *See* Fed. R. Civ. P. 45(d) ("Protecting a Person Subject to a Subpoena").

Pursuant to Rule 45(d)(2)(B), BVCI objected to the generic Subpoena, providing detailed objections with supporting legal authorities beyond what the Rules require of non-parties. *See* Shapiro Decl., Ex. B. The TCC did not acknowledge (much less address) BVCI's objections by withdrawing the Subpoena, or even engaging with counsel. Nor did the TCC move to compel compliance—the *only* other procedure available to the TCC under Rule 45 if it had a cogent basis to rebut BVCI's stated objections (and BVCI is not aware of any such basis). *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

Instead, the TCC emailed BVCI a noticed motion asking the Court to *replace* Rule 45's procedures with a "streamlined" process to relieve the TCC's self-inflicted burden of addressing all the objections that were predictably triggered by serving over 100 improper subpoenas. *See* ECF Dkt. No. 5840. The TCC's requested process conspicuously never refers to Rule 45, although its "aggregate" non-party treatment would explicitly deprive BVCI of the "extra protection" that "[t]he Ninth Circuit has long held that nonparties . . . deserve" under Rule 45. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW (NC), 2012 WL 4846522, at *2

(N.D. Cal. Aug. 7, 2012) (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982)).[2] The TCC now also admits that it subpoenaed BVCI and 100-plus others as a manifestly improper "*investigative process*" to "*understand[ ] . . . potential claims*" against non-parties. *See* ECF Dkt. No. 5840 at 3. Non-party discovery under Rule 45 is a privilege afforded only to litigants to compel discovery in *actual cases*, not to carpet bomb non-parties to "learn" who they might sue next, the "nature" and "value" of "potential claims," or whether non-parties have sufficient insurance to make it worthwhile. *See id.* at 3–4.

BVCI bears no burden to seek this Court's protection under Rule 45. That burden is squarely on the TCC. *See* Fed. R. Civ. P. 45(d)(1)(B). The TCC, however, now seeks to avoid that burden by disregarding Rule 45 entirely, asking the Court to deprive BVCI of its protections by adjudicating its objections in some other way. BVCI has thus been put to the additional and unwarranted burden of filing this Motion to Quash and, as set forth below, respectfully requests to be heard, and that the Subpoena be quashed, under Rule 45.

## II. BACKGROUND

BVCI is an employee-owned private company that provides construction and engineering services in the power, water, and communications markets. In January and February 2020, the TCC issued over **100 identical subpoenas** to third parties—each a contractor or other vendor of PG&E—including the Subpoena to BVCI. *See* ECF Dkt. Nos. 5345, 5347, 5348, 5388, 5433, and 5841 at 2, ¶ 2; *see also* Shapiro Decl., Ex. A. The BVCI Subpoena, like all the others, contains fifteen broad requests (each a "**Request**" and together the "**Requests**") that seek documents "for the time period 2013 to present." *See id.* at Req. Nos. 1–15. For that period, the Requests seek "any and all contracts" and "indemnification and/or hold harmless agreements" between BVCI and PG&E. *Id.* at Req. Nos. 1–2. They likewise seek "any and all reports, analyses, summaries, or descriptions of [BVCI's] work for PG&E." *Id.* at Req. No. 3. And they broadly seek "all documents" (policies, notices,

---

[2] The TCC also invites a clear violation of Civil Procedure Rule 83 by requesting that the Court *not* adjudicate non-parties' objections in accordance with Rule 45's protections and procedures, but instead through a "streamlined" delegation to a special master. *See* Fed. R. Civ. P. 83 (allowing districts to adopt local rules, and judges to order additional procedures, where doing so does *not* contradict or supplant requirements of the Federal Rules).

7

communications, and more) related to every insurance policy—including commercial general liability, professional liability, directors and officers, environmental and pollution, and "other insurance policies"—whether related to BVCI's work for PG&E or "for any entity other than PG&E." *See id.* at Req. Nos. 4–15.

On February 14, 2020, BVCI objected to the Subpoena under Rule 45(d)(2)(B).[3] *See* Shapiro Decl., Ex. B. It objected for four principal reasons, all supported by Rule 45 and precedent:[4]

> (1) there is no pending "action" of the sort necessary to support a subpoena under Rule 45(a)(2);
>
> (2) the Requests are overly broad, generic, and seek irrelevant information;
>
> (3) the Subpoena is not narrowly drawn nor reasonably tailored to avoid undue burden on BVCI; and
>
> (4) the Subpoena seeks information (of BVCI and others) that is protected from disclosure.

*See generally id.* The TCC never responded to BVCI's objections. It did not withdraw the Subpoena. It did not seek to meet and confer regarding BVCI's objections or minimize the burden on it. *See* Fed. R. Civ. P. 45(d)(1). The TCC also did not move to compel compliance, which was the only other option available to it under the Rule under which it chose to issue the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

Instead, the TCC noticed a motion (emailed to BVCI's counsel) proposing to "establish procedures for discovery preceding plan confirmation." *See* ECF Dkt. No. 5840 at 1 (capitalization removed). That proposal asks the Court to replace Rule 45's procedures and third-party protections—guaranteed by the Rule itself, years of well-established case law, and separately Civil Procedure Rule 83—in favor of a special master-run process whereby ***all third parties' objections*** would be addressed

---

[3] BVCI's deadline within which to respond and object to the Subpoena was extended to February 14, 2020, the date on which it served its objections. *See* Shapiro Decl., ¶ 4.

[4] BVCI also objected to the Subpoena for the TCC's failure to comply with Rules 45(a)(4) and (c)(2), which also render it void. *See* Shapiro Decl., Ex. B at 4 n.3.

8

on an "aggregate" basis.[5] *See id.* at 4–6. The TCC says that because it served subpoenas to over 100 third-parties (at least 31 of which have objected), it is too burdensome for it (or the Court) to follow existing procedures (*e.g.*, Rule 45). *See id.* at 3–4. But because the TCC invoked Rule 45 to subpoena BVCI (improperly, as explained below), it cannot now disregard non-party BVCI's protections under the Rule because it did so on a now-unmanageable, epic scale.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 45, adopted in all relevant aspects by Federal Bankruptcy Procedure Rule 9016, governs the Subpoena. *See* Fed. R. Bankr. P. 9016. The scope of discovery available under Rule 45 is the same as under other discovery rules: it must not be privileged and must be relevant to the claims and defenses at issue and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) (advising that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

"***The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts***." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4846522 at *2 (citing *C.B.S.*, 666 F.2d at 371–72) (emphasis added); *see also Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules . . . afford nonparties special protection against the time and expense of complying with subpoenas."). To that end, on a non-party's motion, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . [or] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). A court may also quash a subpoena that requires disclosing "commercial information," Fed. R. Civ. P. 45(d)(3)(B)(i), and where a subpoena purportedly issued absent a

---

[5] The TCC's proposed process improperly wipes ***all individualized treatment*** of non-parties and strips them of the stepped-up protections that the Supreme Court adopted in Rule 45(d). *See* Fed. R. Civ. P. 45(d) ("Protecting a Person Subject to a Subpoena"). It proposes, for instance, a process that allows for objections stated in ***only*** "a sentence of two" with "[n]o extensive argument or case law," which the TCC will ultimately "aggregate" from "all Objecting Parties . . . [with] the TCC's responses . . . into one list for submission to the Special Master." *See* ECF Dkt. No. 5840 at 5–6. It shifts the burden to BVCI and it does not acknowledge the *mandatory* fee-shifting provisions under Rule 45. *See* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii). It is improper for the TCC to propose such a process that deprives non-parties of their Rule 45 protections, particularly via a proposed order that benignly refers to "case management" to the detriment of non-parties who are not even before the Court.

9

pending "action." Fed. R. Civ. P. 45(a)(2); *see In re Patel*, No. 16-65074-LRC, 2017 WL 377943, at *2–3, *6 (Bankr. N.D. Ga. Jan. 26, 2017). "[T]he moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Under Armour, Inc. v. Battle Fashions, Inc.*, No. 18-mc-80117-LB, 2018 WL 3689664, at *4 (N.D. Cal. Aug. 3, 2018) (internal quotations omitted).

## IV. ARGUMENT

The TCC served a facially invalid Subpoena—without a pending action, based on broad and generic requests designed to find new claims—then proposed to toss BVCI's objections into a lower-scrutiny "aggregate" category with unknown objections lodged by at least 30 unidentified others. *See* ECF Dkt. No. 5840 at 5–6. Such tactics spotlight the TCC's generic approach to non-party discovery that flouts Rule 45's protections and disregards BVCI's stated objections under a Rule that *requires* the TCC to affirmatively minimize third-party burden. *See* Shapiro Decl., Ex. B. The Subpoena should be quashed.

### 1. The Rule 45 Subpoena Should Be Quashed Because There Is No "Action"

Fundamentally, the Subpoena should be quashed because it did not issue from a pending "action." *See* Fed. R. Civ. P. 45(a)(2); *In re Patel*, 2017 WL 377943 at *2–*3, *6; *In re Shubov*, 253 B.R. 540, 543–44, 547–48 (9th Cir. 2000), *declined to follow on other grounds by Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427 (9th Cir. 2012). A basic tenet of Rule 45 is that subpoenas "must issue from the court where the ***action is pending***." Fed. R. Civ. P. 45(a)(2) (emphasis added). That is, for a litigant to invoke Rule 45, "there must be an 'action' pending in order for a subpoena to be issued." *In re Patel*, 2017 WL 377943 at *2 (citing *Application of Royal Bank of Canada*, 33 F.R.D. 296 (S.D.N.Y. 1963)).

For bankruptcy cases, the Federal Rules of Bankruptcy Procedure specifically define the term "action" as used in the Rules of Civil Procedure (*e.g.*, as used in Rule 45). *See* Fed. R. Bankr. P. 9002(1). An "action" in bankruptcy is not simply any pending matter on the docket; instead, it is "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." *See id.* Combining that definition with Rule 45, a

10

subpoena may issue in bankruptcy from an "adversary proceeding" or a "contested matter." *See id.*; Fed. R. Civ. P. 45(a)(2). "Adversary proceedings" are specifically defined, *see* Fed. R. Bankr. P. 7001, and "contested matters" include, among other things, objections to confirming a debtor's plan of reorganization, *see* Fed. R. Bankr. P. 3015(f), 3020(b)(1); *see also* Drake, Bonapfel & Goodman, Chapter 13 Prac. & Proc. § 23:4 (June 2019) (explaining that an "adversary proceeding is a separate piece of litigation" initiated by "filing of a complaint" and a "contested matter" "begins with the filing and service of a motion . . . or an objection").

Here, the TCC does not even purport to have served the Subpoena to seek discovery for an "action." The Subpoena itself does not identify an adversary proceeding, *see* Shapiro Decl., Ex. A, Form of Subpoena at 1 (leaving blank sections for "adversary proceeding"), nor is BVCI aware of any. *See* Fed. R. Bankr. P. 7001. The Subpoena similarly does not identify a contested matter—not in the caption, instructions, definitions, or otherwise. In the context of other subpoenas, the TCC has justified its use of Rule 45 by claiming that "[t]he contested matter under which the subpoena was served is the plan confirmation proceeding." *See* ECF Dkt. No. 5611 at 20. But only "[a]n objection to confirmation" of a plan—*not* the confirmation proceeding itself—is treated as a contested matter. *See* Fed. R. Bankr. P. 3020(b)(1); *In re Rosa*, 495 B.R. 522, 525 (Bankr. D. Haw. 2013) (explaining that "[t]he filing of a plan does not . . . initiate a contested matter" and "[p]lan confirmation becomes a contested matter only when an objection is filed"); *see also In re Donald*, 328 B.R. 192, 199 (B.A.P. 9th Cir. 2005) ("An objection to chapter 13 plan confirmation is a 'contested matter' governed by Rule 9014."). No objections have been filed. Today, there is no basis to speculate that future objections will entitle ***the TCC***—which has already agreed to support PG&E's proposed plan, *see infra*—to the unbounded discovery it seeks now.

Rather than address BVCI's objections—which cited Rule 45's plain language, Ninth Circuit authority, and other precedent requiring a predicate "action" before a subpoena can issue—the TCC *admits* it invoked Rule 45 to *find* new claims (*not* to support an existing action):

11

- The TCC served the Subpoena as part of an "investigative process" about "potential claims" that may not have merit;[6]
- The Subpoena was issued to "learn the nature and value of" those potential claims; and
- The Subpoena seeks to discover the insurance available to non-party potential defendants to pay potential claims.

*See* ECF Dkt. No. 5840 at 3–4. That acknowledged misuse of Rule 45 to investigate "potential claims," and the TCC's now-urgent request to "streamline" judicial scrutiny of the Subpoena, flatly disregards Rule 45's text and the supporting authority set out in BVCI's objections. *See* Shapiro Decl., Ex. B. Indeed, because the TCC's proposed "aggregate" process itself would violate Rule 45's most basic non-party protections, it is asking the Court to enter an order that, if adopted, would be legally invalid. *See* Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner *consistent with federal law* . . . ."). The TCC also cannot deny BVCI its Rule 45 protections, or replace Rule 45 altogether, because its own counsel believes that the Federal Rules are too burdensome in this regard. *See* ECF Dkt. 5841 at 2, ¶ 6 (declaring that "I believe that a . . . streamlined approach for resolution of these and other future objections would be in the best interests of all").[7]

Finally, the TCC makes the suspect claim that it now needs to evaluate the "nature and value" of the potential claims that it *already* accepted as "consideration" in the Restructuring Support Agreement (the "**RSA**"). *See* ECF Dkt. Nos. 5038, 5143, 5173, 5174, and 5840 at 3. Even if the TCC is correct to predict that these are "issues that are certain to be central to the final stages of the ongoing plan confirmation proceedings," the TCC conspicuously fails to explain why *it* needs any more

---

[6] The TCC plainly does *not* purport to have any Rule 11(b) basis to assert such "potential claims" against BVCI. If it did, it would not now claim an urgent need for non-party discovery to "investigate" one.

[7] It is not in BVCI's best interest to lose every protection afforded it by Rule 45. *See, e.g.*, Fed. R. Civ. P. 45(d) ("Protecting a Person Subject to a Subpoena; Enforcement."). Regardless, counsel's advocacy about what may or may not be in the "best interests" of non-parties is inadmissible. *See, e.g.*, Fed. R. Evid. 402, 602.

12

information than it had before agreeing to the plan with PG&E in the first place. *See* ECF Dkt. No. 5840 at 2.

For this reason, the sudden need for 100-plus subpoenas to find missing facts is difficult to understand. The TCC already made its decision, through the RSA, to support PG&E's Amended Chapter 11 Plan of Reorganization (the "**Amended Plan**") and paved the way for confirmation *without contest* from the TCC. The TCC presumably had a fully informed basis for the "extensive, good faith, arm's-length negotiations and mediation" that culminated in its support for PG&E's Amended Plan. *See* ECF Dkt. No. 5038 at 9.[8] Of course, even if not well-informed, the TCC cannot now claim that a negotiated compromise is a "contested matter" that triggers non-party discovery under Rule 45. *See supra*.

In short, Rule 45 subpoenas are not available, as used here, absent a pending action, and are never available to broadly investigate "potential claims" against non-parties. The Subpoena is thus invalid. *See* Fed. R. Civ. P. 45(a)(2); *In re Patel*, 2017 WL 377943 at *2, *6; *In re Shubov*, 253 B.R. at 543–44, 547–48.

### 2. Untethered to an "Action," the Subpoena Seeks Generic, Overly Broad, and Irrelevant Information

Without an "action," the Subpoena should be quashed because it inherently seeks broad swaths of generic and irrelevant information from BVCI. To be sure, Rule 45's "action" requirement is not a mere formality or technicality; ***it defines the scope of discovery***. All discovery must be "relevant to any party's claim or defense and proportional to the needs of the case" in light of (among other things) "the issues at stake in the action." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970). But here, the Subpoena is not relevant to any "claims," "defenses," or "issues at stake" because there are none—there is no adversary proceeding, no contested matter, no "action." To the contrary, the TCC admits it is seeking to investigate possible claims—a clear misuse of the subpoena process. Absent any such claims, defenses, or issues that entitle the TCC to third-party discovery—

---

[8] The TCC agreed to "recommend [that] holders of Fire Victim Claims vote to accept the Amended Plan" and to withdraw its competing plan for reorganization (which it later did). *See* ECF Dkt. No. 5038 at 9.

13

and set the bounds of that discovery—the Subpoena necessarily seeks irrelevant information that is overly broad and disproportionate to the needs of the case.

On its face, the identical subpoenas issued to over 100 others confirms the inherent overbreadth and disproportionality of the Subpoena to BVCI. Rather than tailor the Subpoena to the needs of a pending case (again, none is pending), the TCC seeks to compel an unrestrained laundry list of material: fifteen document requests that are ***identical*** (in the same words, production requests, sequence, and pagination) as subpoenas served on ***over 100*** other non-parties. *See* ECF Dkt. Nos. 5345, 5347, 5348, 5388, 5433, and 5841 at 2, ¶ 2. Boilerplate subpoenas are not properly tailored and "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

Additionally, the Subpoena seeks categories of documents that, even if relevant at all, are impermissibly broad in temporal scope and subject matter. Regarding time, all of the Requests seek documents "for the time period 2013 to the present." *See* Shapiro Decl., Ex. A at Req. Nos. 1–15. But the Subpoena itself limits the relevant period to 2015, 2017, and 2018—the years of the Fires—and thus the Requests are facially overbroad. As to subject matter, Request Nos. 4–15 seek "all documents" relating to all aspects of every insurance policy and all related "notices of claims, tenders and coverage Communications" about them. But there are no pending claims against BVCI (or anyone else) that make relevant its insurance policies (Req Nos. 4–9), communications about those policies (Req. Nos. 10–13), or payments received and limits remaining under them (Req. Nos. 14–15). All of those Requests also ignore that "insurance policies of non-parties are not discoverable." *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *11 (D. Mass. Nov. 13, 2013).

Finally, even if "relevant" means literally anything related to PG&E, the TCC's Requests go far beyond PG&E. *See* Shapiro Decl., Ex. A at Req. Nos. 4–7, 9, 12–13. The TCC even explicitly seeks to compel discovery about work BVCI has "performed for ***any entity other than PG&E***." *See* Req. Nos. 12–13 (emphasis added). That is improper.

14

### 3. The TCC Has Done Nothing to Avoid Undue Burden and Expense on BVCI and Has Imposed Additional Burden by Evading the Rule 45 Procedures It Invoked

The Subpoena should also be quashed because it is not narrowly tailored to avoid BVCI's burden and expense. *See* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (d)(3). Discovery should always be limited where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i), and the party "issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1). In particular, "[r]equests to nonparties should be narrowly drawn to meet specific needs for information." *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (internal quotations omitted). Federal courts expect "parties to obtain discovery from one another before burdening non-parties with discovery requests," and where documents have not first been sought from a party a subpoena necessarily "places an undue burden on [the] non-party." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012). "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

Here, compliance with the Subpoena would necessarily impose an impermissible burden and expense on BVCI. ***First***, as noted, the Subpoena is not "narrowly drawn" to *any* information needed for an action because there is no "action" and no "issues at stake." Of course, even imagining the broadest possible scope of relevance, the Subpoena seeks offensively broad and irrelevant categories of documents. Searching for, reviewing, and producing documents in response to the Requests is thus inherently unduly burdensome.

***Second***, the Subpoena does not reflect "reasonable steps" to avoid undue burden on BVCI. *See* Fed. R. Civ. P. 45(d)(1). The Subpoena is just one of over 100 identical subpoenas served en masse. *See* ECF Dkt. Nos. 5345, 5347, 5348, 5388, 5433, and 5841 at 2, ¶ 2. That unrestrained and indiscriminate blanket approach to third-party discovery flatly disregards Rule 45's mandate that subpoenas be narrowly drawn and reflect "reasonable steps to avoid imposing undue burden or expense." *See* Fed. R. Civ. P. 45(d)(1).

15

***Third***, the Subpoena seeks documents that are equally in a party's (PG&E's) possession. For example, it seeks: (1) "all contracts and/or work agreements between [BVCI] and PG&E" (Request No. 1); (2) "all indemnification and/or hold harmless agreements between [BVCI] and PG&E" (Request No. 2); and (3) "all reports, analyses, summaries, or descriptions of [BVCI's] work for PG&E" (Request No. 3). *See* Shapiro Decl., Ex. A at Req. Nos. 1–3. There is "no reason to burden [BVCI] when the documents sought are in possession of [PG&E]." *See Nidec*, 249 F.R.D. at 577.

Rule 45 is neither flexible nor discretionary in this regard. *See* Fed. R. Civ. P. 45(d)(1) (court "*must enforce*" duty to "take reasonable steps to avoid imposing undue burden or expense" and *must* "*impose* an appropriate sanction" for anyone "who fails to comply") (emphasis added). That is why Rule 45 "subjects attorneys to a 'sword of Damocles' when they overreach." *See In re Shubov*, 253 B.R. at 547.

### 4. The Subpoena Seeks BVCI's and other Third Parties' Protected Information

The Subpoena should also be quashed because it seeks information protected from disclosure. *See, e.g.*, Fed. R. Civ. P. 45(d)(3)(A)(iii), (d)(3)(B)(i). Initially, the Subpoena calls for proprietary information about BVCI—an employee-owned private business—that should not have to produce sensitive information where there is no action involving BVCI (directly or indirectly), it is unclear if there ever will be such an action, and (if there is) it is unclear what the nature of the hypothetical action will be and if the parties will include competitors. The Subpoena likewise calls for proprietary information about other (unidentified) third parties.[9] For example, Request Nos. 4–9 seek disclosure of third parties' information regarding insurance policies covering "[BVCI] ***as well as others***," and Request Nos. 12–13 seek information regarding BVCI's work for "***any entity other than PG&E***." *See* Shapiro Decl., Ex. A at Req. Nos. 4–9, 12–13. Such commercially sensitive information should not be subject to disclosure, particularly where it is unrelated to any pending action.

---

[9] As explained in BVCI's objections to the Subpoena, the breadth of the Requests also calls for disclosure of information protected by the attorney-client privilege, work product doctrine, joint-defense and common-interest protections, and privacy rights. *See* Shapiro Decl., Ex. B at 7.

16

\* \* \*

Federal Rule of Civil Procedure 45 authorizes the use of a subpoena only when there is a pending "action." *See* Fed. R. Civ. P. 45(a)(2). Here, there is no pending "action" and the TCC's Subpoena to BVCI—identical to over 100 others—seeks generic, irrelevant, and protected categories of information that the TCC has not narrowly drawn to avoid BVCI's burden and expense. Fed. R. Civ. P. 45(d); Fed. R. Civ. P. 26(b)(1). The TCC thus disregards Rule 45's procedures and non-party protections. Even the TCC's stated purpose is improper. Struggling to justify its overreach, the TCC claims the "ultimate goal" of the 100-plus subpoenas is to evaluate "the potential claims" it may bring *after* confirmation. *See* ECF Dkt. No. 5840 at 4.

Simply put, Rule 45 does not allow parties to "conduct a fishing expedition in search of other potential defendants not related to th[e] action" or to "explore matter which does not presently appear germane on the theory that it might conceivably become so." *Specialized Bicycle Components, Inc. v. Barton*, No. C10-05725 HRL, 2011 WL 1599653, at \*2 (N.D. Cal. Apr. 28, 2011) (internal quotations omitted). The TCC's desire to "investigate" new claims against *any* third party (BVCI or otherwise) is a blatant misuse of Rule 45—"[d]iscovery is not to be used as a hunting license to conjure up a claim that does not exist." *See 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976(KAM)(JO), 2012 WL 1899222, at \*6 (E.D.N.Y. May 24, 2012) (internal quotations omitted).[10] The TCC should have withdrawn the Subpoena in response to BVCI's objections. Instead, it now has compounded the burden on and prejudice to BVCI by seeking to altogether avoid the scrutiny required by Rule 45 and proposing "modified" procedures to strip BVCI of the protection of Rule 45(d)(2) ("Protecting a Person Subject to a Subpoena"). In addition to an order quashing the Subpoena, BVCI thus also seeks to recover the fees and costs it incurred in bringing this motion, pursuant to Rule 45 and the Court's inherent authority. *See* Fed. R. Civ. P. 45(d)(1); 11 U.S.C. § 105(a); *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996) (bankruptcy courts' inherent authority to sanction).

---

[10] Even parties to a pending federal court case cannot begin discovery before addressing initial case-management requirements. *See* Fed. R. Civ. P. 26(d)(1) (parties cannot seek discovery "from any source" before compliance with Rule 26(f)).

## V. CONCLUSION

For the foregoing reasons, BVCI respectfully requests that this Court hear it under Rule 45, in accordance with the procedures and remedies set forth therein, and enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit A:

- Quashing the TCC's Subpoena served on BVCI, in accordance with Rule 45's procedures (and not under any other process proposed by the TCC);
- Awarding BVCI the attorneys' fees and costs that, as a non-party, BVCI incurred serving never-acknowledged objections and then bringing this motion under Rule 45 (requiring the TCC and BVCI to first meet and confer on an appropriate amount of such attorneys' fees and costs in an effort to avoid further motion practice); and
- Awarding any other relief that the Court determines is fair and just.

Respectfully submitted,

Dated: February 25, 2020

Baker Botts L.L.P.

By: /s/ Tina Ngo
Jonathan A. Shapiro
Daniel Martin
Tina Ngo
Attorneys for Black & Veatch Construction, Inc.