# EXHIBIT B
# BVCI's Objections to Subpoena

JONATHAN SHAPIRO (SBN 257199)
Jonathan.shapiro@bakerbotts.com
DANIEL MARTIN (SBN 306794)
Daniel.martin@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys for
BLACK & VEATCH CONSTRUCTION, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Bankruptcy Case<br>Case No.: 19-30088-DM (Lead Case)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(2)(B)** |

OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA
PURSUANT TO FED. R. CIV. P. 45(d)(2)(B); BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 5896-4    Filed: 02/25/20    Entered: 02/25/20 17:27:26    Page 2 of 9

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), non-party Black & Veatch Construction, Inc. ("BVCI") provides the following objections to the Official Committee of Tort Claimants' (the "Committee") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), dated January 15, 2020 (the "Subpoena").[1]

Preliminarily, BVCI objects to the Subpoena, including its Definitions and Requests for Production (each a "Request" or together the "Requests"), to the extent it seeks to impose any requirements or obligations on BVCI that exceed or are different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other applicable law or Court order. BVCI also generally objects to the Subpoena, including its Definitions and Requests, to the extent it seeks information or documents not in BVCI's possession, custody, or control. BVCI moreover objects to the Subpoena, and each of the Definitions and Requests, to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, common-interest or joint defense protections, or any other similar privilege from disclosure.

Additionally, and as explained below, BVCI objects to the Subpoena because (1) the Committee has not identified, nor is BVCI aware of, any pending "action" of the sort necessary for the Committee to serve the Subpoena under Federal Rule of Civil Procedure 45(a)(2); (2) the Subpoena is overly broad, generic, and seeks irrelevant information; (3) compliance with the Subpoena will impose an undue burden and significant expense on non-party BVCI; and (4) the Subpoena seeks information protected from disclosure. That the Committee has served the same generic subpoena on dozens of non-parties, seeking identical categories of information, runs afoul of the Committee's obligation under Rule 45(d)(1) to minimize the burden imposed on BVCI.

**1.     The Committee Cannot Serve a Rule 45 Subpoena Because There Is No "Action"**

BVCI objects to the Subpoena because there is no pending "action." *See In re Patel*, No. 16–65074-LRC, 2017 WL 377943 (Bankr. N.D. Ga. Jan. 26, 2017); *In re Shubov*, 253 B.R. 540 (9th Cir. 2000). Federal Rule of Civil Procedure 45, adopted in all relevant aspects by Bankruptcy Procedure

---

[1] By agreement of counsel, BVCI's deadline within which to respond and object to the Subpoena was extended to February 14, 2020.

Rule 9016, governs this Subpoena. *See* Fed. R. Bankr. P. 9016. Fundamental to Rule 45 is that subpoenas "must issue from the court where the *action is pending*." Fed. R. Civ. P. 45(a)(2) (emphasis added). That is, for a litigant to even invoke Rule 45, "there must be an 'action' pending in order for a subpoena to be issued." *In re Patel*, 2017 WL 377943 at *2 (citing *Application of Royal Bank of Canada*, 33 F.R.D. 296 (1963)).[2]

For bankruptcy cases, the Rules of Bankruptcy Procedure specifically define the term "action" as used in the Rules of Civil Procedure (*e.g.*, as used in Rule 45). *See* Fed. R. Bankr. P. 9002(1). An "action" in bankruptcy is not simply any pending matter on the docket, but instead is "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." *See id.* Combining that definition with Rule 45, a subpoena may issue in bankruptcy from an "adversary proceeding" or a "contested matter." *See id.*; Fed. R. Civ. P. 45(a)(2). "Adversary proceedings" are specifically defined, *see* Fed. R. Bankr. P. 7001, and "contested matters" include, among other things, objections to confirming a debtor's plan of reorganization, *see id.* 3015(f), 3020(b)(1); *see also* Drake, Bonapfel & Goodman, Chapter 13 Prac. & Proc. § 23:4 (June 2019) (explaining that an "adversary proceeding is a separate piece of litigation" initiated by "filing of a complaint" and a "contested matter" "begins with the filing and service of a motion . . . or an objection").

Here, the Committee did not even purport to serve the Subpoena to seek discovery for an "action." The Subpoena itself does not identify an adversary proceeding, *see* Form of Subpoena at 1 (leaving blank sections for "adversary proceeding"), nor is BVCI aware of any such proceeding. *See* Fed. R. Bankr. P. 7001. The Subpoena similarly does not identify a contested matter—not in the caption, instructions, definitions, or otherwise. BVCI has noted from the docket that, in the context of other subpoenas, the Committee has contended that "[t]he contested matter under which the

---

[2] To the extent the Committee served the Subpoena to identify or buttress an unasserted claim that it is considering bringing in the future (against BVCI or anyone else), that is a misuse of the discovery process—"[d]iscovery is not to be used as a hunting license to conjure up a claim that does not exist." *See 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976(KAM)(JO), 2012 WL 1899222, at *6 (E.D.N.Y. May 24, 2012) (internal quotations omitted). Indeed, even parties to a pending federal court proceeding cannot commence discovery before addressing initial case-management requirements. *See* Fed. R. Civ. P. 26(d)(1) (parties cannot seek discovery "from any source" before compliance with Rule 26(f)).

3
OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA
PURSUANT TO FED. R. CIV. P. 45(d)(2)(B); BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 5896-4    Filed: 02/25/20    Entered: 02/25/20 17:27:26    Page 4 of 9

subpoena was served is the plan confirmation proceeding." *See* ECF Dkt. No. 5611 at 20. But only "[a]n objection to confirmation" of a plan—*not* the confirmation proceeding itself—is treated as a contested matter. *See* Fed. R. Bankr. P. 3020(b)(1). No objections have been filed. Nor is there any basis to speculate that whatever objections may be filed in the future would present "contested" questions of the sort that would entitle the Committee to the unbounded discovery sought by the Subpoena. This much is clear: By entering into the Restructuring Support Agreement (which was approved by the Court), *see* ECF Dkt. Nos. 5038, 5143, 5173 and 5174, the Committee agreed to support the Debtors' plan and, by so doing, effectively waived its right oppose the proposed plan and its treatment of wildfire victims. That negotiated compromise does not create a "contested matter," and it cannot be that the Committee now needs discovery on a matter that was already noticed to creditors and approved by the Court.

In short, there is no adversary proceeding or contested matter and thus no "action" to support the Subpoena. Rule 45 subpoenas are not available, as used here, absent an identified action, and thus the Subpoena is invalid. *See* Fed. R. Civ. P. 45(a)(2); *In re Patel*, 2017 WL 377943 at *2, *6; *In re Shubov*, 253 B.R. at 543–44, 548.[3]

**2. The Subpoena Is Generic, Overly Broad, and Seeks Irrelevant Information**

BVCI also objects to the Subpoena because it is generic, overly broad, and seeks irrelevant information. *See* Fed. R. Civ. P. 45(d)(1); *see id.* 26(b)(1). Generally, all discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." *See id.* 26(b)(1). Here, however, the Subpoena is not relevant to any "claims" or "defenses" because there are none—there is no adversary proceeding, no contested matter, and no "action." Absent any such claims and defenses—or, "issues at stake in the action"—the Subpoena necessarily seeks irrelevant information and is overly broad and disproportionate to the needs of the case. *See id.*

Indeed, rather than tailor the Subpoena to the needs of a pending case (again, none is pending), the Committee seeks to compel an unrestrained laundry list of material—fifteen document requests that are *identical* (in the same words, production requests, sequence, and pagination) as subpoenas

---

[3] BVCI also objects to the Subpoena for the Committee's failure to comply with Rules 45(a)(4) and (c)(2).

served on *dozens* of other non-parties. *See* ECF Dkt. Nos. 5388, 5433. Boilerplate subpoenas are not properly tailored and "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

Additionally, the Subpoena seeks specific categories of documents that are—assuming the broadest "relevance" on the Subpoena's face—overly broad in both time and subject matter. Regarding time, all of the Requests seek documents "for the time period 2013 to present." *See* Req. Nos. 1–15. But the Subpoena itself limits the relevant period to 2015, 2017, and 2018—the years of the identified Fires—and thus the Requests are facially overbroad. As to subject matter, Request Nos. 4–15 seek "all documents" relating to all aspects of every insurance policy—and all related "notices of claims, tenders and coverage Communications" about them—held by BVCI. But there are no pending claims against BVCI (or anyone else) that make relevant its insurance policies (Req Nos. 4–9), communications about those policies (Req. Nos. 10–13), or payments received and limits remaining under them (Req. Nos. 14–15). Indeed, "insurance policies of non-parties are not discoverable." *See In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, MDL No. 13-2419-FDS, 2013 WL 6058483, at *11 (D. Mass. Nov. 13, 2013). Further, and assuming "relevant" means no more than documents *at least* related to PG&E, most of the Requests extend far beyond any relationship between PG&E and BVCI, *see* Req. Nos. 4–7, 9, 12–13, and several explicitly seek documents related to work BVCI has "performed for *any entity other than PG&E*." *See* Req. Nos. 12–13 (emphasis added).

On its face, the Subpoena is untethered to an action—it does not relate to a single "claim," "defense," or "issue at stake"—and it seeks broad categories of documents that are not even plausibly relevant to PG&E. That the Committee has not disclosed why it is invoking Rule 45 presents questions about whether the never-stated purpose is a proper one. Rule 45, for example, does not allow parties to "conduct a fishing expedition in search of other potential defendants not related to th[e] action" and does not permit them "to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Specialized Bicycle Components, Inc. v. Barton*, No. C10-05725 HRL, 2011 WL 1599653, at *2 (N.D. Cal. Apr. 28, 2011) (internal quotations omitted).

5
OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA
PURSUANT TO FED. R. CIV. P. 45(d)(2)(B); BANKR. CASE NO. 19-30088-DM

### 3. The Subpoena Imposes an Undue Burden and Significant Expense

BVCI additionally objects to the Subpoena because compliance will impose an undue burden and significant expense. *See* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii). Generally, discovery should be limited where it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," *id.* 26(b)(2)(C)(i), and the party "issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," *id.* 45(d)(1). In particular, "[r]equests to nonparties should be narrowly drawn to meet specific needs for information." *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (internal quotations omitted). This is why the federal courts have "a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *see Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). And where a party has not first tried to obtain documents from another party to the action, a subpoena necessarily "places an undue burden on [the] non-party." *Soto*, 282 F.R.D. at 505.

Here, untethered to any action, compliance with the Subpoena's overly broad and irrelevant Requests will impose an undue burden and expense on BVCI in at least three ways. **First**, for the reasons explained above, the Subpoena is not "narrowly drawn" to *any* information needed for an action. To the contrary, there is no action—no "issues at stake"—and, assuming the broadest possible scope of relevance, the Subpoena seeks overly broad and irrelevant categories of documents. Searching for, reviewing, and producing documents in response to the Requests is thus inherently unduly burdensome. **Second**, the Subpoena does not reflect "reasonable steps" to avoid undue burden on BVCI. *See* Fed. R. Civ. P. 45(d)(1). The Subpoena is just one of dozens of identical subpoenas served on as many businesses. *See* ECF Dkt. Nos. 5388, 5433. That unrestrained, blanket approach to third-party discovery flatly disregards Rule 45's mandate that subpoenas be "narrowly drawn" and reflect "reasonable steps to avoid imposing undue burden or expense." *See* Fed. R. Civ. P. 45(d)(1). **Third**, the Subpoena seeks documents that are equally in a party's (PG&E's) possession. As examples,

it seeks: (1) "all contracts and/or work agreements between [BVCI] and PG&E" (Request No. 1); (2) "all indemnification and/or hold harmless agreements between [BVCI] and PG&E" (Request No. 2); and (3) "all reports, analyses, summaries, or descriptions of [BVCI's] work for PG&E" (Request No. 3). There is "no reason to burden [BVCI] when the documents sought are in the possession of [PG&E]." *See Nidec*, 249 F.R.D. at 577.

### 4. The Subpoena Seeks Information Protected from Disclosure

BVCI also objects to the Subpoena to the extent it seeks confidential, proprietary, or other protected information of BVCI or third parties, and to the extent it calls for information that is protected by privacy rights under the California or United States constitutions or under any other state or federal law. *See, e.g.*, Cal. Const. Art. I, § 1. Without limiting the foregoing, BVCI specifically objects to Request Nos. 4–9 to the extent they seek disclosure of third-parties' protected information regarding insurance policies covering "[BVCI] as well as others," and Request Nos. 12–13 to the extent they seek protected information regarding "any entity other than PG&E." Still more broadly, the Committee's Requests call for proprietary information about BVCI—an employee-owned private business—that ought not be required to share sensitive information, especially under circumstances where there is currently no claim or action against BVCI, and it is unclear if there will ever be an action and, if so, whether the nature of and parties to that hypothetical litigation are competitors. Finally, as explained above, BVCI objects to the extent the Requests seek information and documents protected by the attorney-client privilege, work product protection, or any similar privilege from disclosure.

Dated: February 14, 2020

Baker Botts LLP

By: _____
Jonathan Shapiro
Attorney for Black & Veatch Construction, Inc.

7
OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA
PURSUANT TO FED. R. CIV. P. 45(d)(2)(B); BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 5896-4    Filed: 02/25/20    Entered: 02/25/20 17:27:26    Page 8 of 9

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 California Street, Suite 3600, San Francisco, CA 94111.

On February 14, 2020, I served true copies of the following document(s) described as:

1. **OBJECTIONS OF BLACK & VEATCH CONSTRUCTION, INC. TO SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(2)(B)**

> Baker Hostetler
> Bridget McCabe
> Zoe Steinberg
> 11601 Wilshire Blvd., Suite 1400
> Los Angeles, CA 90025-0509
> Tel: (310) 442-8844
>
> bmccabe@bakerlaw.com
> zsteinberg@bakerlaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy to be emailed to the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I caused a copy to be delivered via overnight delivery to the address above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on February 14, 2020, at San Francisco, California.

_____
Daniel Martin