# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy<br>Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED REVISED] ORDER (I) DENYING SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS PROOF OF CLAIM AND (II) EXTENDING BAR DATE FOR CERTAIN HOLDERS OF SECURITIES CLAIMS ARISING UNDER SECTION 510(b) OF THE BANKRUPTCY CODE** |

Lead Plaintiff's Revised Proposed Order

The Court having considered the Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim, dated December 9, 2019 [Docket No. 5042] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**7023 Motion**") filed by the Public Employees Retirement Association of New Mexico (the "**Lead Plaintiff**" or "**PERA**"), and the objections and responses to the 7023 Motion filed by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**Tort Claimants Committee**") [Docket Nos. 5369 and 5375]; and the Court having held a hearing on January 29, 2020, to hear argument and consider the relief requested in the 7023 Motion; and the Court having issued a Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline on February 3, 2020 [Docket No. 5604] (the "**Tentative Ruling**"), in which the Court requested additional briefing as to why an extension of the October 21, 2019 deadline for filing proofs of claim in the Chapter 11 Cases (the "**Original Bar Date**"), as previously established by Order of the Court dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), would not be preferable to the allowance of a class proof of claim as requested by the Lead Plaintiff; and the Court having considered the subsequent pleadings submitted in response to the Tentative Ruling; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The 7023 Motion is denied.
2. The Original Bar Date will be extended to **April 15, 2020** (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities (the "**Securities Claimants**") that purchased or acquired the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018, inclusive, and who may have claims under the securities laws against the Debtors for rescission or damages (the "**Rescission and Damage Claims**").

1

3. The form of notice of the Extended Securities Claims Bar Date, substantially in the form annexed hereto as **Exhibit A** (the "**Securities Claim Bar Date Notice**"), is hereby approved.

4. Any holders of Rescission and Damage Claims shall be required to file Securities Claim Proofs of Claim prior to the Extended Securities Claims Bar Date utilizing the customized proof of claim form, substantially in the form annexed hereto as Exhibit B (the "Securities Claim Proof of Claim Form"), which Securities Claim Proof of Claim Form conforms substantially to Official Bankruptcy Form 410 and is hereby approved.[1]

5. Within two (2) business days of the entry of this Order, the indenture trustee(s) for the Debtors' debt securities and the transfer agent(s) for the Debtors' equity securities shall provide to the Debtors the list(s) of all registered holders of the Debtors' debt securities (if any) and equity securities that purchased the debt or equity securities during the period from April 29, 2015 through November 15, 2018, inclusive. Further, within eight (8) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Securities Claim Proof of Claim Form, and (ii) the Securities Claim Bar Date Notice, to all registered holders of the Debtors' publicly traded debt or equity securities from April 29, 2015 through November 15, 2018 to the extent available and as provided by the Debtors' indenture trustee(s) and transfer agent(s), respectively.

6. In addition, within two (2) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Securities Claim Proof of Claim Form, and (ii) the Securities Claim Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have purchased the Debtors' publicly traded debt and/or equity securities in "street name" on behalf of the underlying beneficial owners of those debt and/or equity securities during the period from April 29, 2015 through November 15, 2018, inclusive (collectively, including their agents, the "**Nominees**"). With their mailing, the Debtors shall include instructions to the Nominees concerning the requirements in subparagraphs (a) – (c) below.

---

[1] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcyforms/ proof-claim-0, the Official Website for the United States Bankruptcy Courts.

(a) Such Nominees SHALL EITHER: (i) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the notice and claim form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the notice and claim form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors are ordered to send the notices and claim forms promptly to such identified beneficial owners.

(b) Nominees who elect to send the notice and claim form to their beneficial owners **SHALL ALSO** send a statement to the Debtors confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these proceedings.

(c) If it is the Nominee's customary and accepted practice to forward such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices, **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the materials, in lieu of sending actual printed copies of the Securities Claim Proof of Claim Form and the Securities Claim Bar Date Notice.

7. The Debtors shall post the Securities Claim Bar Date Notice and the Securities Claim Proof of Claim Form on the website maintained by Prime Clerk, LLC ("**Prime Clerk**"), the Court- appointed claims and noticing agent in these Chapter 11 Cases, at https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

8. A Securities Claim Proof of Claim Form submitted by a Securities Claimant shall be deemed timely filed if it is **postmarked or <u>received</u> on or before April 15, 2020** by Prime Clerk (i) via first class mail, overnight courier, or hand delivery at the addresses set forth in the Securities Claim Bar Date Notice, (ii) electronically through the Electronic Filing System on the Case Website, as described in the Securities Claim Bar Date Notice, on or before the Extended

Securities Claims Bar Date; or (iii) via email according to procedures established for large claimants. Proofs of Claim sent by facsimile or telecopy will not be accepted.

9. Any Securities Claimant must file, or have their authorized agent or attorney file, a Securities Claim Proof of Claim Form on account of such claimant's Rescission and Damage Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Rescission and Damage Claim.

10. Notice of the Extended Securities Claim Bar Date as provided herein shall be deemed good and sufficient notice to all Securities Claimants of the requirement to file a Rescission and Damage Claim by the Extended Securities Claim Bar Date. Securities Claimants who do not file a Rescission and Damage Claim by the Extended Securities Claim Bar Date may not vote or receive a distribution under any Plan of Reorganization on account of such Claim, and such Claim will be subject to discharge. If such Rescission and Damage Claim is discharged, the Securities Claimant will be forever barred and prevented from asserting the Rescission and Damage Claim against the Debtors or their property.

11. Any person or entity who has already filed a Rescission and Damage Claim with Prime Clerk against the Debtors utilizing a claim form that substantially conforms to the Securities Claim Proof of Claim Form or Official Form No. 410 is not required to file another Proof of Claim Form on account of such Claim.

12. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Lead Plaintiff's Revised Proposed Order

1  ~~WEIL, GOTSHAL & MANGES LLP~~
2  ~~Stephen Karotkin (pro hac vice)~~
   ~~(stephen.karotkin@weil.com)~~
   ~~Ray C. Schrock, P.C. (pro hac vice)~~
3  ~~(ray.schrock@weil.com)~~
   ~~Jessica Liou (pro hac vice)~~
4  ~~(jessica.liou@weil.com) Matthew Goren (pro~~
   ~~hac vice) (matthew.goren@weil.com) 767~~
5  ~~Fifth Avenue~~
   ~~New York, NY 10153-0119 Tel: 212 310 8000~~
6  ~~Fax: 212 310 8007~~

7  ~~KELLER & BENVENUTTI LLP~~
   ~~Tobias S. Keller (#151445)~~
8  ~~(tkeller@kellerbenvenutti.com) Jane Kim~~
   ~~(#298192) (jkim@kellerbenvenutti.com) 650~~
9  ~~California Street, Suite 1900 San Francisco,~~
   ~~CA 94108~~
10 ~~Tel: 415 496 6723~~
   ~~Fax: 650 636 9251~~

11
12 ~~*Attorneys for Debtors*~~
   ~~*and Debtors in Possession*~~

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) Bankruptcy |
| | ) Chapter 11 Case No. 19-30088 (DM) |
| PG&E CORPORATION, | ) (Lead Case) |
| | ) (Jointly Administered) |
| - and - | ) |
| | ) **[PROPOSED REVISED] ORDER (I)** |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) **DENYING SECURITIES LEAD** |
| | ) **PLAINTIFF'S MOTION TO APPLY** |
| Debtors. | ) **BANKRUPTCY RULE 7023 TO CLASS** |
| | ) **PROOF OF CLAIM AND (II)** |
| ☐ Affects PG&E Corporation | ) **EXTENDING BAR DATE FOR** |
| ☐ Affects Pacific Gas and Electric Company | ) **CERTAIN HOLDERS OF SECURITIES** |
| ☒ Affects both Debtors | ) **CLAIMS ARISING UNDER SECTION** |
| | ) **510(b) OF THE BANKRUPTCY CODE** |
| | ) |
| *All papers shall be filed in the Lead Case, No.* | ) |
| *19-30088 (DM).* | ) |

)

Lead Plaintiff's Revised Proposed Order

The Court having considered the Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim, dated December 9, 2019 [Docket No. 5042] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**7023 Motion**") filed by the Public Employees Retirement Association of New Mexico (the "**Lead Plaintiff**" or "**PERA**"), and the objections and responses to the 7023 Motion filed by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**Tort Claimants Committee**") [Docket Nos. 5369 and 5375]; and the Court having held a hearing on January 29, 2020, to hear argument and consider the relief requested in the 7023 Motion; and the Court having issued a Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline on February 3, 2020 [Docket No. 5604] (the "**Tentative Ruling**"), in which the Court requested additional briefing as to why an extension of the October 21, 2019 deadline for filing proofs of claim in the Chapter 11 Cases (the "**Original Bar Date**"), as previously established by Order of the Court dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), would not be preferable to the allowance of a class proof of claim as requested by the Lead Plaintiff; and the Court having considered the subsequent pleadings submitted in response to the Tentative Ruling; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The 7023 Motion is denied.

2. The Original Bar Date will be extended to ~~March 31,~~ April 15, 2020 ~~at 5:00 p.m. (Prevailing Pacific Time)~~ (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities (the "~~Potential~~Securities **Claimants**") that purchased or acquired the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, ~~2018~~2018, inclusive, and who may have claims under the securities laws against the Debtors for rescission or damages (the "**Rescission and Damage Claims**").

3. The form of notice of the Extended Securities Claims Bar Date, substantially in the form annexed hereto as **Exhibit A** (the "**Securities Claim Bar Date Notice**"), is hereby approved.

4. Any holders of Rescission and Damage Claims shall be required to file Securities Claim Proofs of Claim prior to the Extended Securities Claims Bar Date utilizing the customized proof of claim form, substantially in the form annexed hereto as Exhibit B (the "Securities Claim Proof of Claim Form"), which Securities Claim Proof of Claim Form conforms substantially to Official Bankruptcy Form 410 and is hereby approved.[1]

5. Within two (2) business days of the entry of this Order, the indenture trustee(s) for the Debtors' debt securities and the transfer agent(s) for the Debtors' equity securities shall provide to the Debtors the list(s) of all registered holders of the Debtors' debt securities (if any) and equity securities that ~~held~~purchased the debt or equity securities ~~between~~during the period from April 29, 2015 ~~and~~through November 15, ~~2018.~~2018, inclusive. Further, within eight (8) business days of entry of this Order, ~~or as soon as practicable thereafter,~~ the Debtors shall cause to be mailed (i) a Securities Claim Proof of Claim Form, and (ii) the Securities Claim Bar Date Notice, to all registered holders of the Debtors' publicly traded debt or equity securities from April 29, 2015 through November 15, 2018 to the extent available and as provided by the Debtors' indenture trustee(s) and transfer agent(s), respectively.

6. In addition, within two (2) business days of entry of this Order, ~~or as soon as practicable thereafter,~~ the Debtors shall cause to be mailed (i) a Securities Claim Proof of Claim Form, and (ii) the Securities Claim Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have ~~held~~purchased the Debtors' publicly traded debt and/or equity securities in "street name" on behalf of the underlying beneficial owners of those debt and/or equity securities during the period from April 29, 2015 through November 15, ~~2018~~2018, inclusive (collectively, including their agents, the "**Nominees**"). ~~The~~With their mailing, the Debtors shall include instructions to the Nominees ~~that they are directed to forward~~

---

[1] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcyforms/ proof-claim-0, the Official Website for the United States Bankruptcy Courts.

~~the Securities Claim Proof of Claim Form and the Securities Claim Bar Date Notice to their beneficial owner clients that held those debt or equity securities from April 29, 2015 through November 15, 2018 within seven (7) business days of their receipt of those materials from the Debtors.~~ concerning the requirements in subparagraphs (a) – (c) below.

(a) Such Nominees SHALL EITHER: (i) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the notice and claim form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the notice and claim form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors are ordered to send the notices and claim forms promptly to such identified beneficial owners.

(b) Nominees who elect to send the notice and claim form to their beneficial owners **SHALL ALSO** send a statement to the Debtors confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these proceedings.

(c) If it is the Nominee's customary and accepted practice to forward ~~these~~such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices~~,~~. **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the materials, in lieu of sending actual printed copies of the Securities Claim Proof of Claim Form and the Securities Claim Bar Date Notice.

7. The Debtors shall post the Securities Claim Bar Date Notice and the Securities Claim Proof of Claim Form on the website maintained by Prime Clerk, LLC ("**Prime Clerk**"),

the Court- appointed claims and noticing agent in these Chapter 11 Cases, at https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

8. A Securities Claim Proof of Claim Form submitted by a ~~Potential~~Securities Claimant shall be deemed timely filed ~~only~~ if it is ~~actually~~**postmarked or received on or before April 15, 2020** by Prime Clerk (i) via first class mail, overnight courier, or hand delivery at the addresses set forth in the Securities Claim Bar Date Notice, ~~or~~ (ii) electronically through the Electronic Filing System on the Case Website, as described in the Securities Claim Bar Date Notice, on or before the Extended Securities Claims Bar Date~~.~~; or (iii) via email according to procedures established for large claimants.  Proofs of Claim sent by facsimile~~, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System)~~ or telecopy will not be accepted.

9. Any ~~Potential~~Securities Claimant must file, or have their authorized agent or attorney file, a Securities Claim Proof of Claim Form on account of such claimant's Rescission and Damage Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Rescission and Damage Claim.

10. Notice of the Extended Securities Claim Bar Date as provided herein shall be deemed good and sufficient notice to all ~~Potential~~Securities Claimants of the requirement to file a Rescission and Damage Claim by the Extended Securities Claim Bar Date. ~~Potential~~Securities Claimants who do not file a Rescission and Damage Claim by the Extended Securities Claim Bar Date may not vote or receive a distribution under any Plan of Reorganization on account of such Claim, and such Claim will be subject to discharge. If such Rescission and Damage Claim is discharged, the ~~Potential~~Securities Claimant will be forever barred and prevented from asserting the Rescission and Damage Claim against the Debtors or their property.

11. Any person or entity who has already filed a Rescission and Damage Claim with Prime Clerk against the Debtors utilizing a claim form that substantially conforms to the Securities Claim Proof of Claim Form or Official Form No. 410 is not required to file another Proof of Claim Form on account of such Claim.

Case: 19-30088    Doc# 5900-3    Filed: 02/26/20    Entered: 02/26/20 07:14:26    Page 12 of 14

4

12. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Document comparison by Workshare Professional on Tuesday, February 25, 2020 5:58:21 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS/ACTIVE/2335473/1 |
| Description | #2335473v1<ACTIVE> - Proposed Order Denying LP's Motion |
| Document 2 ID | H:\NRPortbl\ACTIVE\ZEISSN\2335473_3.docx |
| Description | H:\NRPortbl\ACTIVE\ZEISSN\2335473_3.docx |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 38 |
| Deletions | 37 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 75 |