**Exhibit 1-2**

Redline Comparison of Debtors' Revised
Proposed Order

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                    **Debtors.**<br><br>☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒   **Affects both Debtors**<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy<br>Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER (I) DENYING SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS PROOF OF CLAIM AND (II) EXTENDING BAR DATE FOR CERTAIN HOLDERS OF SECURITIES CLAIMS** ~~ARISING UNDER SECTION 510(b) OF THE BANKRUPTCY CODE~~ **<u>FOR RESCISSION OR DAMAGES</u>** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered the *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim*, dated December 9, 2019 [Docket No. 5042] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**7023 Motion**") filed by the Public Employees Retirement Association of New Mexico (the "**Lead Plaintiff**" or "**PERA**"), and the objections and responses to the 7023 Motion filed by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**Tort Claimants Committee**") [Docket Nos. 5369 and 5375]; and the Court having held a hearing on January 29, 2020, to hear argument and consider the relief requested in the 7023 Motion; and the Court having issued a *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* on February 3, 2020 [Docket No. 5604] (the "**Tentative Ruling**"), in which the Court requested additional briefing as to why an extension of the October 21, 2019 deadline for filing proofs of claim in the Chapter 11 Cases (the "**Original Bar Date**"), as previously established by Order of the Court dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), would not be preferable to the allowance of a class proof of claim as requested by the Lead Plaintiff; and the Court having considered the subsequent pleadings submitted in response to the Tentative Ruling and having issued its *Memorandum Decision Regarding Motion to Apply Rule 7023* [Docket No. 5887] and the *Court's Intention Re: Proposed Order* [Docket No. 5888]; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The 7023 Motion is denied.

2.      The Original Bar Date will be extended to ~~March 31~~April 15, **2020 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities (the "**Potential Claimants**") that purchased or acquired the Debtors' publicly traded debt or equity securities from April 29, 2015 through November 15, 2018 and who may have claims against the Debtors for rescission or damages (the "**Rescission** ~~and~~or **Damage Claims**").

3.      The form of notice of the Extended Securities Claims Bar Date, substantially in the

form annexed hereto as **<u>Exhibit A</u>** (the "~~**Securities**~~**Rescission or Damage** Claim Bar Date Notice**"**), is hereby approved.

4. Any holders of Rescission ~~and~~or Damage Claims shall be required to file Proofs of Claim prior to the Extended Securities Claims Bar Date utilizing the customized proof of claim form, substantially in the form annexed hereto as **<u>Exhibit B</u>** (the "~~**Securities**~~**Rescission or Damage** Claim Proof of Claim Form**"**), which ~~Securities~~Rescission or Damage Claim Proof of Claim Form conforms substantially to Official Bankruptcy Form 410 and is hereby approved.[1]

5. Within two (2) business days of the entry of this Order, the indenture trustee(s) for the Debtors' debt securities and the transfer agent(s) for the Debtors' equity securities shall provide to the Debtors the list(s) of all registered holders of the Debtors' debt securities (if any) and equity securities that held the debt or equity securities between the period April 29, 2015 and November 15, 2018. Further, within eight (8) business days of entry of this Order, or as soon as practicable thereafter, the Debtors shall cause to be mailed (i) a ~~Securities~~Rescission or Damage Claim Proof of Claim Form, and (ii) the ~~Securities~~Rescission or Damage Claim Bar Date Notice, to all registered holders of the Debtors' publicly traded debt or equity securities from April 29, 2015 through November 15, 2018 to the extent available and as provided by the Debtors' indenture trustee(s) and transfer agent(s), respectively.

6. In addition, within two (2) business days of entry of this Order, or as soon as practicable thereafter, the Debtors shall cause to be mailed (i) a ~~Securities~~Rescission or Damage Claim Proof of Claim Form, and (ii) the ~~Securities~~Rescission or Damage Claim Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have held the Debtors' publicly traded debt or equity securities in "street name" on behalf of the underlying beneficial owners of those debt or equity securities from April 29, 2015 through November 15, 2018 (collectively, including their agents, the "**Nominees**"). The Debtors shall include instructions to the Nominees that they are directed to forward the ~~Securities~~Rescission or Damage Claim Proof of Claim Form and the ~~Securities~~Rescission or Damage Claim Bar Date Notice to their beneficial owner clients that held

---

[1] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcyforms/ proof-claim-0, the Official Website for the United States Bankruptcy Courts.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

those debt or equity securities from April 29, 2015 through November 15, 2018 within seven (7) business days of their receipt of those materials from the Debtors. If it is the Nominee's customary and accepted practice to forward these materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices in lieu of sending actual printed copies of the ~~Securities~~Rescission or Damage Claim Proof of Claim Form and the ~~Securities~~Rescission or Damage Claim Bar Date Notice.

7. The Debtors shall post the ~~Securities~~Rescission or Damage Claim Bar Date Notice and the ~~Securities~~Rescission or Damage Claim Proof of Claim Form on the website maintained by Prime Clerk, LLC ("**Prime Clerk**"), the Court-appointed claims and noticing agent in these Chapter 11 Cases, at https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

8. A ~~Securities~~Rescission or Damage Claim Proof of Claim Form submitted by a Potential Claimant shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) via first class mail, overnight courier, or hand delivery at the addresses set forth in the Securities Claim Bar Date Notice, or (ii) electronically through the Electronic Filing System on the Case Website, as described in the ~~Securities~~Rescission or Damage Claim Bar Date Notice, on or before the Extended Securities Claims Bar Date. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted.

9. Any Potential Claimant must file, or have their authorized agent or attorney file, ~~a Securities~~Rescission or Damage Claim Proof of Claim Form on account of such claimant's Rescission ~~and~~or Damage Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Rescission ~~and~~or Damage Claim.

10. Notice of the Extended Securities Claim Bar Date as provided herein shall be deemed good and sufficient notice to all Potential Claimants of the requirement to file a Rescission ~~and~~or Damage Claim by the Extended Securities Claim Bar Date. Potential Claimants who do not file a Rescission ~~and~~or Damage Claim by the Extended Securities Claim Bar Date may not vote or receive a distribution under any Plan of Reorganization on account of such Claim, and such Claim will be subject to discharge. If such Rescission ~~and~~or Damage Claim is discharged, the Potential Claimant

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

will be forever barred and prevented from asserting the Rescission ~~and~~or Damage Claim against the Debtors or their property.

11.     Any person or entity who has already filed a Rescission ~~and~~or Damage Claim with Prime Clerk against the Debtors utilizing a claim form that substantially conforms to the ~~Securities~~Rescission or Damage Claim Proof of Claim Form or Official Form No. 410 is not required to file another Proof of Claim Form on account of such Claim.

12.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**\*\* END OF ORDER \*\***

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 2/25/2020 10:15:26 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WEILDMS/WEIL/97394705/1 | |
| **Modified DMS:** iw://WEILDMS/WEIL/97394705/2 | |
| **Changes:** | |
| Add | 29 |
| Delete | 29 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 58 |