**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## <u>Exhibit 2-2</u>

Redline Comparison of Debtors' Revised
Extended Bar Date Notice

**Exhibit A**

**~~Securities~~Rescission or Damage Claim Bar Date Notice**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| **In re:**<br><br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC**<br>**COMPANY,**<br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case)<br>(Jointly Administered)<br><br>**NOTICE OF EXTENDED DEADLINE FOR FILING CERTAIN SECURITIES CLAIMS FOR RESCISSION ~~AND~~OR DAMAGES** |
| --- | --- |

| **NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER** | **CASE NUMBER** |
| --- | --- |
| PG&E Corporation (4914) | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) | 19-30089 (DM) |

**TO ALL PARTIES WHO PURCHASED OR ACQUIRED PG&E DEBT OR EQUITY SECURITIES DURING THE PERIOD APRIL 29, 2015 THROUGH NOVEMBER 15, 2018**

On January 29, 2019 (the "**Petition Date**"), PG&E Corporation and Pacific Gas and Electric Company (~~collectively, the~~ "**Debtors**") each filed ~~a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). By Order dated July 1, 2020 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court previously established **October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time)**~~ Chapter 11 Bankruptcy. Later the Court set a deadline of October 21, 2019, for creditors to file proofs of claims with respect to prepetition claims against the Debtors ("**Original Bar Date**"). That deadline was ~~the last d~~later ~~and time for each person or entity to file a proof of claim (each a "**Proof of Claim**") with respect to a prepetition claim against the Debtors.~~ extended to December 31, 2019 for claims to be filed based upon the widely-publicized deadly and damaging wildfires that occurred in 2015, 2017 and 2018 in Northern California.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

By Order, dated February [•], 2020 [Docket No. [•] (the "**Bar Date Extension Order**[1]"), the Bankruptcy Court extended the Original Bar Date to **March 31, 2020 at 5:00 p.m. (Prevailing Pacific Time)** (the "**Extended Securities Claims Bar Date**") solely with respect to persons or entities that purchased or acquired the Debtors' publicly traded debt or equity securities during the period April 29, 2015 through November 15, 2018 and who may have claims against the Debtors for rescission or damages (the "**Rescission and Damage Claims**").

On January 31, 2020, the Debtors filed their latest proposed Chapter 11 Plan of Reorganization [Docket No. 5590] and then on February 7, 2020, their Proposed Disclosure Statement to accompany that Plan [Docket No. 5700]. When approved by the Court, the Disclosure Statement will set forth relevant information to assist creditors and shareholders whose claims or equity interests will be affected by the Plan to determine whether to vote for or against it. The Debtors have begun the process of notifying creditors and shareholders of the schedule for approval of the Proposed Disclosure Statement, the deadline for submission of ballots for or against the Plan, the deadline for filing Objections to confirmation of the Plan, and other relevant information. [*See* Docket Nos. 5733 and 5835].

The procedures for sending and publishing notice of the Original Bar Date were extensive but the Court has concluded that they did not adequately notify prospective creditors whose claims are based on their belief that they have suffered losses ("**Rescission or Damage Claims**") as a result of alleged inadequate or fraudulent disclosure or non-disclosure of information about the Debtors that may have led persons to purchase the Debtors' publicly traded debt or equity securities from April 29, 2015 to November 15, 2018. For this reason, April 15, 2020 at 5:00 p.m. (Prevailing

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Bar Date Extension Order.

Pacific Time), has been fixed as the extended deadline to file Rescission or Damage Claims (the "**Extended Securities Claims Bar Date**").

The Plan presently classifies Rescission or Damage Claims of purchasers of debt securities separately from purchasers of equity securities. Regardless of which type of security was purchased, Section 510(b) of the Bankruptcy Code subordinates (places lower) Rescission or Damage Claims based upon purchases of debt securities to all other creditors; and it subordinates Rescission or Damage Claims based upon purchases of equity securities to the same level of treatment of equity securities.

The Debtors have advised the Court and represented in their Plan and Proposed Disclosure Statement that Rescission or Damage Claims based upon purchases of debt securities they issued will be UNIMPAIRED. Thus holders of Rescission or Damage Claims based upon debt securities will not vote for or against the Plan and they will not be provided a Disclosure Statement. Thus, the fact that the current deadline for filing objections to the Proposed Disclosure Statement will have passed before the deadline to file Rescission or Damage Claims should not affect those claimholders. Still, holders of Rescission or and Damage Claims must file proofs of claim by the April 15, 2020 at 5:00 p.m. (Prevailing Pacific Time) Extended Securities Claims Bar Date.

The Plan also provides that it does IMPAIR holders of equity securities of PG&E Corporation and any Rescission or Damage Claims that relate to such equity securities. Thus, the fact that there is insufficient time to provide notice of the deadline to object to the adequacy of the Disclosure Statement will be dealt with in the coming weeks. Parties affected will be given notice in the future, possibly with the notice of the hearing on Confirmation of the Plan and the deadline to file objections. Nevertheless, all holders of Rescission or Damage Claims must file proofs of claim by the April 15, 2020 at 5:00 p.m. (Prevailing Pacific Time) Extended Securities Claims Bar Date.

The following deadlines are also provided for all parties' information.

| May 15, 2020 | Deadline for (i) submitting Ballots to accept |
|---|---|

| | |
|---|---|
| | or reject the Plan and (ii) filing and serving objections to Plan confirmation. |
| May 19, 2020 at 10:00 a.m. | Pre-confirmation scheduling conference. |
| May 22, 2020 | Deadline for Debtors, Shareholder Proponents, and other parties in interest to file replies to Plan confirmation objections. |
| May 27, 2020 at 10:00 a.m. | First day of Confirmation Hearing. |

### WHO MUST SUBMIT A ~~SECURITIES~~RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM

If you believe you have a Rescission ~~and~~or Damage Claim against either of the Debtors (*e.g.*, you purchased or acquired PG&E's debt or equity securities from April 29, 2015 through November 15, 2018 and believe you have directly suffered losses as a result of allegedly false statements and omissions and other conduct by the Debtors) you or your authorized agent or attorney **MUST** file a Proof of Claim for your Rescission ~~and~~or Damage Claim prior to ~~March 31~~April 15, 2020 at 5:00 p.m. (Prevailing Pacific Time) utilizing the enclosed, customized proof of claim form (the "~~Securities~~**Rescission or Damage** Claim Proof of Claim Form").

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. **The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.**

You **DO NOT** need to file another Proof of Claim if you already filed a Proof of Claim on account of your Rescission or Damage Claim in the Chapter 11 Cases. You also **DO NOT** need to file a Proof of Claim solely on account of any equity interest that you may hold or held in the

Debtors, which interest is based exclusively upon the continuing ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest (*i.e.*, if you did not buy PG&E's securities from April 29, 2015 through November 15, 2018).

**YOU OR YOUR AUTHORIZED AGENT OR ATTORNEY MUST FILE A SECURITIES RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM ON ACCOUNT OF YOUR RESCISSION AND OR DAMAGE CLAIM EVEN IF YOU MAY BE INCLUDED IN, OR REPRESENTED BY, A PURPORTED CLASS ACTION, CLASS SUIT, CLASS PROOF OF CLAIM, OR SIMILAR REPRESENTATIVE ACTION FILED AGAINST THE DEBTORS WITH RESPECT TO YOUR CLAIM.**

**PROCEDURES FOR FILING A SECURITIES RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM**

**ALL SECURITIES RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORMS MUST BE FILED SO AS TO BE ACTUALLY RECEIVED ON OR BEFORE MARCH 31 APRIL 15, 2020 AT 5:00 P.M. (PREVAILING PACIFIC TIME) AS FOLLOWS:**

| If electronically: | If by first class mail: |
|---|---|
| Through the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**"), using the interface available under the linked entitled "Submit a Claim" (the "**Electronic Filing System**"). | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station, PO Box 4850 New York, NY 10163-4850 |
| | **If by overnight courier or hand delivery:** |
| | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11232 |

Securities Rescission or Damage Claim Proof of Claim Forms will be deemed timely filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the Extended Securities Claims Bar Date April 15, 2020 at 5:00 p.m. (Prevailing Pacific Time). If you submit a Securities Rescission or Damage Claim Proof of Claim Form via the Electronic Filing System, you will receive an email confirmation generated by the Electronic Filing

System with an image of your filed ~~Securities~~Rescission or Damage Claim Proof of Claim Form. ~~Securities~~Rescission or Damage Claim Proof of Claim Forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System). Additional ~~Securities~~Rescission or Damage Claim Proof of Claim Forms and instructions may be obtained from Prime Clerk at the Case Website.

All ~~Securities~~Rescission or Damage Claim Proof of Claim Forms must be **signed** by the claimant or an authorized agent of the claimant.  It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date).  You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your ~~Securities~~Rescission or Damage Claim Proof of Claim Form must **not** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (only the year), the name of a minor (include only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A RESCISSION ~~AND~~OR DAMAGE CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR RESCISSION ~~AND~~OR DAMAGE CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S CHAPTER 11 CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

YOU MUST CHECK ONE (AND ONLY ONE) CUSIP NUMBER ON ANNEX A, PART I OF THE ~~SECURITIES~~RESCISSION OR DAMAGE CLAIM PROOF A CLAIM FORM.  IF YOU ARE ASSERTING A RECISSION OR DAMAGE CLAIM BASED ON MORE THAN ONE CUSIP NUMBER, YOU MUST MAKE ADDITIONAL COPIES OF ANNEX A, PART I.  FOR EACH ANNEX A, PART I, YOU MUST ALSO SUBMIT A CORRESPONDING ANNEX A, PART II.  (FOR EXAMPLE, IF YOU ARE ASSERTING THREE RECISSION OR DAMAGE CLAIMS ON ACCOUNT OF THREE (3) CUSIPS, YOU MUST SUBMIT THREE (3) SEPARATE VERSIONS OF ANNEX A, PART I ALONG WITH THREE (3) CORRESPONDING VERSIONS OF ANNEX A, PART II.  ANY ~~SECURITIES~~RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM THAT LACKS A CHECKED BOX ON ANNEX

A, PART I, OR HAS MULTIPLE BOXES CHECKED ON ONE ANNEX A, PART I WILL BE DEEMED INVALID.

**CONSEQUENCES OF FAILING TO FILE A ~~SECURITIES~~RESCISSION OR DAMAGE CLAIM ~~PROOF~~**
**PROOF OF CLAIM FORM BY THE EXTENDED SECURITIES CLAIMS BAR DATE**

THE EXTENDED DEADLINE FOR FILING RESCISSION ~~AND~~OR DAMAGE CLAIMS IS ~~MARCH 31~~APRIL 15, 2020 AT 5:00 P.M. (PREVAILING PACIFIC TIME). ANY PERSON OR ENTITY WHO HAS A RESCISSION ~~AND~~OR DAMAGE CLAIM AND DOES NOT FILE A ~~SECURITIES~~RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM BY THAT DATE AND TIME MAY NOT VOTE OR RECEIVE A DISTRIBUTION UNDER ANY PLAN OF REORGANIZATION AND SUCH CLAIM WILL BE SUBJECT TO DISCHARGE. FURTHER, IF SUCH RESCISSION ~~AND~~OR DAMAGE CLAIM IS DISCHARGED, THE POTENTIAL CLAIMANT WILL BE FOREVER BARRED AND PREVENTED FROM ASSERTING THE RESCISSION ~~AND~~OR DAMAGE CLAIM AGAINST THE DEBTORS OR THEIR PROPERTY.

**ADDITIONAL INFORMATION ON THE CHAPTER 11 CASES**

Copies of all of the documents filed in the Chapter 11 Cases can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Bankruptcy Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from Prime Clerk at the Case Website. Note that a PACER password is needed to access documents on the Bankruptcy Court's website. If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-5328 (toll free) for U.S.-based parties; at +1 (347) 226-7122 for International parties or by e-mail at: pgeinfo@primeclerk.com.

**Please note that Prime Clerk cannot provide legal advice. A holder of a potential Rescission ~~and~~or Damage Claim against the Debtors should consult an attorney with respect to any legal advice it believes it may need.**

Dated: February [•], 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

| Summary report: | |
|---|---|
| **Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 2/26/2020 6:56:47 AM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WEILDMS/WEIL/97369629/5 | |
| **Modified DMS:** iw://WEILDMS/WEIL/97394669/1 | |
| **Changes:** | |
| Add | 54 |
| Delete | 45 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 1 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 106 |