WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C.
ray.schrock@weil.com
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**SUPPLEMENT TO DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) FOR AUTHORITY TO ENTER INTO, PERFORM UNDER AND MAKE PAYMENTS UNDER CERTAIN CONSULTING CONTRACTS WITH MCKINSEY & COMPANY, INC. UNITED STATES**<br><br>[Related to Dkt. No. 3919]<br><br>Date: **March 10, 2020**<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this supplement (the "**Supplement**") to the *Application of Debtors Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Enter Into, Perform Under and Make Payments Under Certain Consulting Contracts with McKinsey & Company Inc. United States* [Dkt. No. 3919] (the "**Application**").[1]

---

[1] Defined terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As explained in more detail in the Application, the Debtors do not believe that McKinsey is performing work as a "professional" in the sense that would typically require an application for employment pursuant to section 327(a) of the Bankruptcy Code. The Debtors also believe that the entry into, and performance under, the Services Contracts are ordinary course of business transactions that would not require court approval under section 363(b) of the Bankruptcy Code. Nevertheless, the Debtors filed the Application out of an abundance of caution in order to satisfy McKinsey's concerns regarding providing such crucial services to the Debtors during their bankruptcy cases without obtaining Court approval. The Debtors hereby file this Supplement to update the Court and all parties in interest regarding certain Supplemental Agreements (as defined herein) that were recently entered into between the Debtors and McKinsey in the ordinary course of business that relate to the Application and the Service Contracts.[2] The Debtors intend to seek approval of this Supplement together with the Application.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The

---

[2] To the extent that PG&E and McKinsey enter into additional service contracts following submission of this Supplement, the Debtors will notify the Court of such engagements.

Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On September 17, 2019, the Debtors filed the Application. The Application sought authority to enter into, perform under, and make payments under three Service Contracts, as may be amended and supplemented from time to time, with McKinsey.

As described in more detail herein, following the filing of the Application, the Debtors requested that McKinsey provide certain additional services to supplement those described in the Application. The Debtors, therefore, submit this Supplement to provide notice of the Supplemental Agreements described herein, for which they will seek approval together with the Application.

## IV. SCOPE OF THE SUPPLEMENTAL AGREEMENTS

As described herein, the Debtors seek authority to enter into and perform under the Supplemental Agreements.[3] These critical services, which are unrelated to the chapter 11 restructuring, are consistent with the relief sought in the Application, but include certain additional services to be provided for the benefit of the Debtors and their estates.

Following filing of the Application, the Debtors requested that McKinsey amend and extend the Supplemental Service Contract through two additional amendments, which provide that McKinsey will (i) perform limited ad-hoc technical support relating to the prior digital locate and mark services

---

[3] The summary of the Supplemental Agreements included in this Supplement is provided for purposes of convenience only and is qualified in its entirety by reference to the actual agreements. To the extent of any inconsistency, the terms of the applicable agreement shall control.

4

for five months after the completion of the Supplemental Service Contract ("**Amendment No. 2**"), and (ii) provide one full-time professional and one part-time professional for certain short-term knowledge transfer and non-coding technical support services ("**Amendment No. 3**"). The Debtors and McKinsey executed Amendment No. 2 on December 31, 2019, and Amendment No. 3 on January 3, 2020. These two contract amendments contemplate that McKinsey will continue to provide assistance to the Debtors in relation to their "locate and mark" program by piloting a digital solution/application for use by PG&E employees, as more particularly described in the Application. The Debtors' goal for this project is to enable PG&E to more effectively obtain access to certain data in a digital solution/application, work toward mobile training to retire older devices used in the locate and mark program, and develop minimum viable product solutions for locate and mark employees. The Debtors consider these services as essential to the integrity of the its operations by providing additional support to allow the Debtors to further capitalize on the benefits already received from McKinsey as described in the Application.

In addition, upon the expiration of the Service Contracts and in light of recent operational reforms undertaken by PG&E in connection with its initiative to improve and optimize performance and interaction of its gas and electrical services through the year 2040, the Debtors also requested that McKinsey enter into an additional service agreement to perform a study of future options for the construction of PG&E's overall energy grid in connection with the Debtors' aim to improve performance in a safe and sustainable manner (the "**Grid Service Contract**" and, together with Amendment No. 2, and Amendment No. 3, the "**Supplemental Agreements**"). The Debtors and McKinsey executed the Grid Service Contract on January 6, 2020. McKinsey's services under the Grid Service Contract involved a high level global study of alternative grid business models and architectures, and an assessment of how these alternatives might be implemented by PG&E over the next two decades, taking into account technical, regulatory, operational and other considerations. In addition, McKinsey applied its extensive familiarity with the Debtors' gas operations unit from the Gas Stewardship Service Contract to determine the optimal methods for the Debtors to utilize and integrate such services in a more reliable and efficient manner. The Debtors believe that such services will

provide significant benefit, as they will enable PG&E to further improve its overall energy grid in a sustainable, safe and reliable fashion, and to emerge from bankruptcy with a forward-looking plan to improve its operations.

The term and compensation for each of the Supplemental Agreements is summarized below:

| Agreement | Term | Compensation |
|---|---|---|
| Amendment No. 2 to the Supplemental Service Contract - Ad-Hoc Support Amendment | January 1, 2020 through May 31, 2020. | $0 |
| Amendment No. 3 to the Supplemental Service Contract - Knowledge Transfer Amendment | January 6, 2020 through January 17, 2020, extendable by PG&E in one-week installments. | A fee not to exceed $65,000, plus, if applicable, a weekly extension fee of $45,000. |
| Grid Service Contract | December 14, 2019 through January 17, 2020 | A fee not to exceed $300,000. |

## V. PROFESSIONAL COMPENSATION

The Debtors respectfully request the authority to pay for the services described in this Supplement, in accordance with the proposed procedures set forth in the Application. The Debtors respectfully submit that McKinsey's rates and policies as set forth in the Application and as supplemented herein are reasonable, particularly given the nature of these Chapter 11 Cases.

## V. EFFORTS TO AVOID DUPLICATION OF SERVICES

The services provided by McKinsey pursuant to the Application, as supplemented herein, will complement, and not duplicate, the services to be rendered by other professionals retained in these Chapter 11 Cases. McKinsey's services relate to the Debtors' ordinary course operations, including obligations to comply with applicable state law, separate and apart from the various restructuring services provided by the other chapter 11 professionals being retained by the Debtors, including AP Services, LLC as restructuring advisor and Lazard Freres & Co. as investment banker. Accordingly, there is no other retained professional that can or will provide the critical services that McKinsey will provide pursuant to the Supplemental Agreements.

## V. NOTICE

Notice of this Supplement will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal

6

Case: 19-30088    Doc# 5925    Filed: 02/26/20    Entered: 02/26/20 21:39:21    Page 6 of 8

Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order granting (i) the relief requested in the Application, as supplemented herein, as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties' interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: February 26, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ *Matthew Goren*

*Attorneys for Debtors
and Debtors in Possession*