WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SECOND MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND THE EXCLUSIVE SOLICITATION PERIOD**<br><br>**(THE "SECOND EXCLUSIVE SOLICITATION PERIOD MOTION")**<br><br>Date: March 25, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br><br>Objection Deadline: March 18, 2020, 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for a further extension of the Exclusive Solicitation Period (as defined below) to and including June 30, 2020.[1]

In support of this Motion, the Debtors submit the *Declaration of John Boken In Support of Second Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend the Exclusive Solicitation Period* (the "**Boken Declaration**") filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Order**").

---

[1] Pursuant to the Second Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 1996] (the "**Case Management Order**"), if a motion to extend the time to take any action is filed consistent with the Case Management Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), or the provisions of any Order entered by the Court, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................6

II. JURISDICTION .............................................................................................................6

III. BACKGROUND ............................................................................................................7

IV. RELIEF REQUESTED ...................................................................................................9

V. BASIS FOR RELIEF REQUESTED ............................................................................10

    A. (i) The Debtors' Chapter 11 Cases Are Large and Complex, (ii) Considerable Good Faith Progress Has Been Made to Achieve the Objectives of Chapter 11, and (iii) The Debtors Are in the Midst of Prosecuting Their Chapter 11 Plan. ............13

    B. The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands ....................................................................................15

    C. The Debtors Are Making Required Postpetition Administrative Expense Payments As They Come Due and Have the Ability to Continue to Do So ................15

VI. CONCLUSION .............................................................................................................16

VII. NOTICE .......................................................................................................................16

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adelphia Commc'ns Corp.*,
  352 B.R. 578 (Bankr. S.D.N.Y. 2006) .................................................................................. 12, 15

*In re Borders Grp., Inc.*,
  460 B.R. 818 (Bankr. S.D.N.Y. 2011) ..................................................................................... 11-12

*In re Catholic Bishop of N. Alaska*,
  No. F08-00110-DMD, 2009 WL 8412171 (Bankr. D. Alaska Sept. 11, 2009) .............................. 12

*In re Covus Corp.*,
  122 B.R. 685 (Bankr. E.D. Va. 1991) ............................................................................................ 11

*In re Dow Corning Corp.*,
  208 B.R. 661 (Bankr. E.D. Mich. 1997) ........................................................................................ 12

*In re Express One Int'l, Inc.*,
  194 B.R. 98 (Bankr. E.D. Tex. 1996) ............................................................................................ 12

*In re Henry Mayo Newhall Mem'l Hosp.*,
  282 B.R. 444 (B.A.P. 9th Cir. 2002) .............................................................................................. 11

*In re Hermanos Torres Perez, Inc.*,
  491 B.R. 316 (Bankr. D.P.R. 2010) ............................................................................................... 11

*In re McLean Indus., Inc.*,
  87 B.R. 830 (Bankr. S.D.N.Y. 1987) ............................................................................................. 12

*In re New Meatco Provisions, LLC*,
  No. 2:13-BK-22155-PC, 2014 WL 917335 (Bankr. C.D. Cal. Mar. 10, 2014) .............................. 12

*In re Texaco Inc.*,
  76 B.R. 322 (Bankr. S.D.N.Y. 1987) ....................................................................................... 13, 15

*In re United Press Int'l, Inc.*,
  60 B.R. 265 (Bankr. D.D.C. 1986) ........................................................................................... 11, 13

**Statutes**

11 U.S.C. § 1107(a) ............................................................................................................................. 7

11 U.S.C. § 1108 ................................................................................................................................. 7

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

11 U.S.C. § 1121 ................................................................................................6, 9, 10, 11, 12, 16

28 U.S.C. § 1334 ....................................................................................................................6

28 U.S.C. § 157 ......................................................................................................................6

28 U.S.C. § 1408 ....................................................................................................................6

28 U.S.C. § 1409 ....................................................................................................................6

**Other Authorities**

B.L.R. 5011-1(a) ....................................................................................................................6

Fed. R. Bankr. P. 1015(b) .......................................................................................................7

Fed. R. Bankr. P. 2002 ..........................................................................................................16

H.R. Rep. No. 95-595 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 ..........................11, 13

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

By this Motion, the Debtors are requesting, pursuant to section 1121(d) of the Bankruptcy Code, a further extension of their Exclusive Solicitation Period to and including June 30, 2020.

As the Court is aware, the Debtors have successfully achieved settlements with all of the major impaired creditor and equity constituencies in these Chapter 11 Cases and are proceeding expeditiously towards confirmation of their Plan[1] (as defined below) by the June 30, 2020 deadline set by AB 1054. The Debtors have filed their Proposed Disclosure Statement and related Solicitation Procedures Motion (each as defined below) and, in accordance with the Court's Scheduling Order (as defined below), hearings to consider approval of the Proposed Disclosure Statement and confirmation of the Plan are scheduled for March 10, 2020 and May 27, 2020, respectively.

Extending the Debtors' Exclusive Solicitation Period as requested herein will ensure the Debtors are able to prosecute their Plan without distraction or interruption from any other potential competing plan and adhere to the confirmation timeline set by the Court in the Scheduling Order. Accordingly, the Exclusive Solicitation Period should be extended to allow the Debtors the necessary time to confirm their Plan and successfully conclude these Chapter 11 Cases in time to meet the AB 1054 deadline.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

## III. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.[2]

By Order dated May 23, 2019 [Docket No. 2226] (the "**First Extension Order**"), the Court extended the Debtors' Exclusive Filing Period (as defined below) to September 26, 2019, and extended the Debtors' Exclusive Solicitation Period to November 26, 2019, in each case, without prejudice to the Debtors' right to seek further extensions of such period.

On September 9, 2019, the Debtors filed the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 3841], which was thereafter amended on September 23, 2019 [Docket No. 3966], and November 4, 2019 [Docket No. 4563] (the "**Debtors' Plan**").

On October 7, 2019, the Court issued its opinion and order [Docket No. 4167] (the "**Exclusivity Termination Order**") terminating the Debtors' Exclusive Filing Period and Exclusive Solicitation Period (the "**Exclusive Periods**") solely to the extent to allow the Official Committee of Tort Claimants (the "**TCC**") and Ad Hoc Committee of Senior Unsecured Noteholders of the Utility (the "**Ad Hoc Noteholder Committee**") to file a competing chapter 11 plan of reorganization, which plan was thereafter filed on October 17, 2019 [Docket No. 4257] (the "**Alternative Plan**"). The Exclusivity Termination Order did not modify the Debtors' Exclusive Periods as to any other parties or plan.

On December 6, 2019, the Debtors, certain funds and accounts managed or advised by

---

[2] Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Knighthead Capital Management, LLC and certain funds and accounts managed or advised by Abrams Capital Management, L.P. (together, the "**Shareholder Proponents**"), the TCC, and certain professionals representing approximately 70% in number of the holders of Fire Victim Claims entered into an agreement (the "**Tort Claimants RSA**" and the settlement embodied therein, the "**Tort Claimants Settlement**") to resolve, among other things, the treatment and discharge of Fire Victim Claims under the Debtors' Plan. Prior to entering into the Tort Claimants RSA, the Debtors previously negotiated settlements with the holders of Public Entities Wildfire Claims and the holders of Subrogation Wildfire Claims.

By Order dated December 10, 2019, the Court further extended the Debtors' Exclusive Solicitation Period to March 20, 2020 [Docket No. 5069] (the "**Second Extension Order**" and, together with the First Extension Order, the "**Prior Extension Orders**"), without prejudice to the Debtors' right to seek additional extension of the Exclusive Solicitation Period. The relief granted by the Court pursuant to the Second Extension Order was subject to the relief granted by the Court pursuant to the Exclusivity Termination Order with respect to the Alternative Plan.

On December 12, 2019, the Debtors, together with the Shareholder Proponents as co-plan proponents, filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 5101] (together with all schedules and exhibits thereto, and as amended on January 31, 2020 [Docket No. 5590], and as may be further modified, amended, or supplemented from time to time, the "**Plan**"). On December 19, 2019 [Docket No. 5174], the Court entered an order approving the Tort Claimants RSA. On the same day, the TCC formally withdrew as co-plan proponents of the Alternative Plan [Docket No. 5177].

On January 22, 2020, the Debtors, the Shareholder Proponents, and certain members of the Ad Hoc Noteholder Committee entered into an agreement (the "**Noteholder RSA**") that, among other things, resolved all issues relating to the treatment of the Utility's prepetition funded debt under the Debtors' and Shareholder Proponents' Plan (the "**Noteholder Settlement**"). On January 31, 2020, the Debtors further amended the Plan to incorporate the terms of the Noteholder Settlement [Docket No. 5590]. On February 5, 2020, the Court entered an order approving the Noteholder RSA [Docket No.

5637]. On the same day, the Ad Hoc Noteholder Committee formally withdrew the Alternative Plan [Docket No. 5644].[3]

On February 11, 2020, the Court entered its *Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* [Docket No. 5732] (the "**Scheduling Order**"), which, among other things, established certain dates and deadlines relating to approval of the Proposed Disclosure Statement and confirmation of the Plan.

In accordance with the Scheduling Order, the Debtors filed (i) their proposed disclosure statement for the Plan on February 7, 2020 [Docket No. 5700] (together with all schedules and exhibits thereto, including, without limitation, the exhibits filed on February 18, 2020 [Docket No. 5810], and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") and (ii) their motion, dated February 19, 2020, to approve related notices, ballots, and procedures for the solicitation, distribution, and tabulation of votes to accept and reject the Plan [Docket No. 5835] (the "**Solicitation Procedures Motion**"). Pursuant to the Scheduling Order, hearings to consider approval of the Proposed Disclosure Statement (and Solicitation Procedures Motion) and confirmation of the Plan are scheduled for March 10 and May 27, 2020, respectively.

## IV. RELIEF REQUESTED

Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**"). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Exclusive Filing Period, it has an exclusive period of 180 days after the commencement of the chapter 11 case to obtain acceptances of its plan (the "**Exclusive Solicitation Period**"). As provided in the Prior Extension Orders, the Debtors' Exclusive Solicitation Period was extended to March 20, 2020, without prejudice to the Debtors' right to seek further extensions of such period.

---

[3] Nothing in this Motion is intended to, nor shall anything herein be deemed to, modify the rights of the Ad Hoc Noteholder Committee with respect to its Alternative Plan, which, as stated, has been withdrawn.

A further extension of the Exclusive Solicitation Period in these large and complex Chapter 11 Cases as requested herein is appropriate, is in the best interests of the Debtors' economic stakeholders, is consistent with the intent and purpose of chapter 11 of the Bankruptcy Code, and will promote the global consensus the Debtors have built and the established timeline for Plan confirmation. Ample cause exists to grant the extension of the Exclusive Solicitation Period as, *inter alia*, (i) the Debtors' cases are large and complex—the Utility is one of the largest electricity and natural gas utilities in the United States, with approximately 16 million customers, some 24,000 employees, approximately $51.7 billion in prepetition liabilities on a book value basis, and thousands of claims arising out of or relating to the tragic and catastrophic wildfires that occurred in Northern California in 2017 and 2018, and (ii) considerable good faith progress has been made in the administration of the Chapter 11 Cases as the Debtors have successfully achieved settlements with all of the major impaired creditor and equity constituencies in these Chapter 11 Cases, have filed their Proposed Disclosure Statement and, once approved, are poised to commence soliciting votes on their Plan.

The relief requested will allow the Debtors to move toward an expeditious, successful resolution of these Chapter 11 Cases, without distractions from other potential plans that may be filed, in time to meet the June 30, 2020 deadline set by AB 1054.

## V. BASIS FOR RELIEF REQUESTED

Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Solicitation Period for cause. *See* 11 U.S.C. § 1121(d) ("on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section"). However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [commencement] date." *Id.* § 1121(d)(2).

The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might be

caused by the filing of competing plans.

Courts have held that if a debtor timely files a plan within the Exclusive Filing Period, the debtor continues to maintain exclusivity throughout the Exclusive Solicitation Period and no other party may file a chapter 11 plan during that time. *In re Covus Corp.*, 122 B.R. 685 (Bankr. E.D. Va. 1991) ("If the debtor files a plan within the 120 day period, the debtor is given a period of 180 days, commencing on the date the order of relief is entered, during which the debtor may *solicit acceptances* of its plan. No other person may file a plan during such periods.") (emphasis in original); *In re Hermanos Torres Perez, Inc.*, 491 B.R. 316, 320 (Bankr. D.P.R. 2010) ("Sections 1121(b) and (c) of the Bankruptcy Code contains what is commonly referred to as the "exclusivity period" provisions in a Chapter 11 context. These sections codify those periods of time in which the debtor, and only the debtor, may file a Chapter 11 plan and/or solicit acceptance of the Chapter 11 plan. *Creditors and other parties in interest are barred from filing a competing plan during this time*.") (emphasis supplied); *In re United Press Int'l, Inc.*, 60 B.R. 265, 268 (Bankr. D.D.C. 1986) ("Thus, § 1121(c)(3) can and should be construed as if it read that the exclusive period ends if 'the debtor has filed a plan but that plan has not been accepted' within 180 days (or any extension thereof).").

As stated, section 1121(d) of the Bankruptcy Code empowers a Bankruptcy Court to extend the Exclusive Solicitation Period "for cause." The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history of section 1121 indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

In exercising its broad discretion, the Bankruptcy Court may consider a variety of factors to assess the totality of circumstances in each case. *See In re Henry Mayo Newhall Mem'l Hosp.,* 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) ("The question [of § 1121(d) cause] is inherently fact-specific and calls for a delicate exercise of judgment about which seasoned judges could differ."); *In re Borders*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

(i) the size and complexity of the debtor's case;

(ii) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(iii) the existence of good faith progress towards reorganization;

(iv) the fact that the debtor is paying its bills as they become due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress in negotiations with its creditors;

(vii) the amount of time which has elapsed in the case;

(viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(ix) whether an unresolved contingency exists.

*In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014); *In re Catholic Bishop of N. Alaska,* No. F08-00110-DMD, 2009 WL 8412171, at *1 (Bankr. D. Alaska Sept. 11, 2009); *Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *accord In re Express One*, 194 B.R. at 100 (identifying all of the nine factors as relevant in

determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). The exercise of the Court's discretion is not simply a check-off process, but is based upon the totality of the circumstances. The above factors are not the exclusive bases for the exercise of the Court's discretion to extend the exclusive periods, nor must they all be satisfied.

As set forth below, application of the relevant standards to the indisputable facts of these Chapter 11 Cases demonstrates that more than ample cause exists to grant the requested extension of the Exclusive Solicitation Period.

**A. (i) The Debtors' Chapter 11 Cases Are Large and Complex, (ii) Considerable Good Faith Progress Has Been Made to Achieve the Objectives of Chapter 11, and (iii) The Debtors Are in the Midst of Prosecuting Their Chapter 11 Plan**.

It is well established that the size and complexity of a debtor's case alone may constitute cause to extend the Exclusive Periods. The legislative history provides that "if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963. Similarly, courts have recognized that "[t]he large size of a debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods." *In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

The size and complexity of, and legal issues involved in, these unprecedented Chapter 11 Cases themselves warrant a further extension of the Exclusive Solicitation Period as requested. As set forth above, these Chapter 11 Cases are among the largest chapter 11 filings in U.S. history. The Debtors employ approximately 24,000 employees and operate one of the largest electricity and natural gas utilities in the United States—servicing approximately 16 million customers throughout a 70,000-square-mile service area in northern and central California. The Debtors own and operate approximately 136 generating facilities, nine (9) natural gas compressor stations, over 120,000 circuit miles of electric transmission and distribution lines, and nearly 50,000 miles of natural gas

transmission and distribution pipelines. The size and complexity of the Debtors' businesses, assets, regulatory framework, employee relationships, vendor relationships, and financing arrangements are self-evident. Indeed, over 96,000 claims have been filed in these Chapter 11 Cases, including approximately 82,000 claims by potential wildfire claimants.

During the initial stages of these Chapter 11 Cases, the Debtors' resources were devoted to successfully assuring a smooth transition into chapter 11 and minimizing the business disruptions normally attendant thereto, and maintaining relationships with the Debtors' business partners. The Court is well aware of the number of parties that have appeared in these Chapter 11 Cases, and the number of hearings and contested matters that have been held before the Court. Establishing a bar date and noticing procedures alone took several months, with the bar date being set for October 21, 2019, and later extended for fire claimants to December 31, 2019 by agreement between the Debtors and the TCC [Docket No. 4672].

Notwithstanding the scale and complexity of these cases, the Debtors have made substantial progress toward confirmation and, as set forth above, subject to approval of the Proposed Disclosure Statement, are poised to commence solicitation of their Plan in short order. Since the Court entered the Second Extension Order, the Debtors have further solidified the support for their Plan by successfully negotiating both the Tort Claimants Settlement and the Noteholder Settlement, which settlements have resolved a number of critical, substantive issues, including, without limitation, the following:

- Fully resolving the Plan's treatment of all prepetition fire claims for consideration having a value of approximately $13.5 billion;

- Eliminating the substantial costs, risks, and uncertainties attendant to the estimation of the Fire Victim Claims and the Tubbs Cases;

- Fully resolving all issues relating to the Plan's treatment of the Utility's prepetition funded debt, including the disputes between the parties regarding the appropriate rate of postpetition interest and entitlement to claims for make-whole premiums, which together implicate over $5 billion in potential claims; and

- Eliminating the need to proceed with a costly and uncertain competing chapter 11 plan process.

In addition to the settlements discussed above, the Plan is supported by all major impaired constituencies and is also backed by equity commitments, which serve as the foundation for the equity portion of a comprehensive financing package that will fund the Plan and the Debtors' timely emergence from chapter 11. With the CPUC review process also underway, the Plan is on track to meet the June 30, 2020 deadline imposed by AB 1054.

The relief requested herein will allow the Debtors to complete their efforts without distraction, and ensure the Debtors' continued progress toward confirmation of their Plan in accordance with the timeline laid out by this Court. Accordingly, the Exclusive Solicitation Period should be extended as requested.

### B. The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands.

It is self-evident that the Debtors are not seeking this extension to artificially delay the administration of these Chapter 11 Cases or to pressure creditors to support the Plan. As discussed, the Debtors have used the time afforded by the Prior Extension Orders to reach a global consensus with all of the major impaired creditor and equity holder constituencies, including the TCC and Ad Hoc Noteholder Committee. Rather, the requested extension recognizes the current posture of these cases and the time needed to successfully complete the plan process. The request for extending the Exclusive Solicitation Period affords the Debtors the time necessary to fully prosecute their Plan in keeping with the Court-approved timeline.

### C. The Debtors Are Making Required Postpetition Administrative Expense Payments As They Come Due and Have the Ability to Continue to Do So.

Courts considering an extension of exclusivity also may assess a debtor's liquidity and ability to pay costs and expenses of administration. *See Adelphia Commc'ns*, 352 B.R. at 587; *Texaco*, 76 B.R. at 322. Here, the Debtors have obtained a $5.5 billion DIP facility, are current on payment of their postpetition obligations, and have sufficient liquidity to pay their undisputed administrative expenses in the ordinary course. As such, the requested extension of the Exclusive Solicitation Period

will not prejudice the legitimate interests of creditors or other parties in interest, and this factor weighs in favor of granting the relief requested.

## VI. CONCLUSION

The Debtors have responded to the exigent demands of these Chapter 11 Cases, have made substantial progress to advance the reorganization process, and, subject to approval of the Proposed Disclosure Statement, are on the verge of launching the solicitation of their Plan. Accordingly, subject to the relief granted by the Court under the Exclusivity Termination Order, the Exclusive Solicitation Period should be extended, pursuant to section 1121(d) of the Bankruptcy Code, to and including June 30, 2020, without prejudice to the Debtors' right to seek additional extensions of such period.

## VII. NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein for cause shown and as being in the best interests of their estates, creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: February 27, 2020

          **WEIL, GOTSHAL & MANGES LLP**

          **KELLER & BENVENUTTI LLP**

          */s/ Stephen Karotkin*
           Stephen Karotkin

          *Attorneys for Debtors and Debtors in Possession*