WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JOHN BOKEN IN SUPPORT OF SECOND MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND THE EXCLUSIVE SOLICITATION PERIOD**<br><br>Date:   March 25, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, John Boken, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Turnaround and Restructuring Services practice of AlixPartners, LLP, an affiliate of both AlixPartners, LLC and AP Services, LLC, which provides interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession (collectively, "**PG&E**" or the "**Debtors**")[1] in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I currently serve as the Deputy Chief Restructuring Officer for the Debtors as authorized by this Court by Order dated April 9, 2019 [Docket No. 1299].[2]

2. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors' employees or the Debtors' legal, restructuring, and financial advisors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors. I submit this Declaration in support of the *Second Motion of Debtors Pursuant to 11 U.S.C. § 1121(d) to Extend the Exclusive Solicitation Period* (the "**Motion**") filed contemporaneously herewith.

3. These Chapter 11 Cases are among the largest chapter 11 filings in U.S. history. The Debtors employ approximately 24,000 employees and operate one of the largest electricity and natural gas utilities in the United States—servicing approximately 16 million customers throughout a 70,000-square-mile service area in northern and central California. The Debtors own and operate approximately 136 generating facilities, nine (9) natural gas compressor stations, over 120,000 circuit miles of electric transmission and distribution lines, and nearly 50,000

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

[2] My education, background, and professional experience is described in the *Declaration of John Boken in Further Support of First Day Motions and Related Relief* [Docket No. 653] at 2–3.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

miles of natural gas transmission and distribution pipelines. The Debtors have approximately $51.7 billion in prepetition liabilities on a book value basis, and thousands of claims arising out of or relating to the wildfires that occurred in Northern California in 2017 and 2018.

4. I believe the Debtors have made significant progress in the administration of these Chapter 11 Cases. During the initial stages of these Chapter 11 Cases, the Debtors' resources were devoted to successfully assuring a smooth transition into chapter 11 and minimizing the business disruptions normally attendant thereto, and maintaining relationships with the Debtors' business partners. The number of parties that have appeared in these Chapter 11 Cases and the number of hearings and contested matters that have been held before the Court are both significant. Establishing a bar date and noticing procedures alone took several months, with the bar date being set for October 21, 2019, and later extended for fire claimants to December 31, 2019 by agreement between the Debtors and the TCC.

5. The Debtors have made substantial progress toward confirmation of the Plan. Since the Court entered the Second Extension Order, the Debtors have successfully negotiated both the Tort Claimants Settlement and the Noteholder Settlement, which settlements have resolved a number of critical, substantive issues, including, without limitation, the following:

- Fully resolving the Plan's treatment of all prepetition fire claims for consideration having a value of approximately $13.5 billion;

- Eliminating the substantial costs, risks, and uncertainties attendant to the estimation of the Fire Victim Claims and the Tubbs Cases;

- Fully resolving all issues relating to the Plan's treatment of the Utility's prepetition funded debt, including the disputes between the parties regarding the appropriate rate of postpetition interest and entitlement to claims for make-whole premiums, which together implicate over $5 billion in potential claims; and

- Eliminating the need to proceed with a costly and uncertain competing chapter 11 plan process.

6. The Plan is supported by all major impaired constituencies and is backed by equity commitments, which serve as the foundation for the equity portion of a comprehensive

financing package that will fund the Plan and the Debtors' timely emergence from chapter 11. The CPUC review process is also underway, and I believe the Plan is on track to meet the June 30, 2020 deadline imposed by AB 1054.

7. The Debtors are not seeking an extension of the Exclusive Solicitation Period as a negotiation tactic to delay the administration of these Chapter 11 Cases or to pressure creditors to support the Plan. Rather, the requested extension recognizes the current posture of these cases and the time needed to successfully complete the plan process.

8. The Debtors have obtained a $5.5 billion DIP facility, are current on payment of their postpetition obligations, and have sufficient liquidity to pay their undisputed administrative expenses in the ordinary course.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1         Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of

2  my knowledge and after reasonable inquiry, the foregoing is true and correct and that this Declaration

3  was executed in Los Angeles, California, on February 27, 2020.

4

5                                _____

6                               By: John Boken

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  *Signature Page to Declaration in Support of Second Exclusive Solicitation Period Motion*

WEIL:\97389662\4\67615.0014