

Signed and Filed: February 27, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br>**ORDER (I) DENYING SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS PROOF OF CLAIM AND (II) EXTENDING BAR DATE FOR CERTAIN HOLDERS OF SECURITIES CLAIMS FOR RESCISSION OR DAMAGES**<br>Re: Docket Nos. 5042, 5369, 5375 |

The Court having considered the *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim*, dated December 9, 2019 [Docket No. 5042] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**7023 Motion**") filed by the Public Employees Retirement Association of New Mexico (the "**Lead Plaintiff**" or "**PERA**"), and the objections and responses to the 7023 Motion filed by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**Tort Claimants Committee**") [Docket Nos. 5369 and 5375]; and the Court having held a hearing on January 29, 2020, to hear argument and consider the relief requested in the 7023 Motion; and the Court having issued a *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* on February 3, 2020 [Docket No. 5604] (the "**Tentative Ruling**"), in which the Court requested additional briefing as to why an extension of the October 21, 2019 deadline for filing proofs of claim in the Chapter 11 Cases (the "**Original Bar Date**"), as previously established by Order of the Court dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), would not be preferable to the allowance of a class proof of claim as requested by the Lead Plaintiff; and the Court having considered the subsequent pleadings submitted in response to the Tentative Ruling and having issued its *Memorandum Decision Regarding Motion to Apply Rule 7023* [Docket No. 5887] and the *Court's Intention Re: Proposed Order* [Docket No. 5888]; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The 7023 Motion is denied.

2. The Original Bar Date will be extended to **Midnight on April 16, 2020 (Prevailing Pacific Time)** (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities (the "**Securities Claimants**") that purchased or acquired the Debtors' publicly traded debt and/or equity securities identified on <u>**Exhibit A**</u> hereto (the debt securities listed therein, the "**Debt Securities**"; the equity securities listed therein, the "**Equity Securities**"; and together, the "**Debt or Equity Securities**") during the period from April 29, 2015 through

November 15, 2018, inclusive, and who may have claims under the securities laws against the Debtors for rescission or damages (the "**Rescission or Damage Claims**").

  3. The form of notice of the Extended Securities Claims Bar Date, substantially in the form annexed hereto as **Exhibit B** (the "**Rescission or Damage Claim Bar Date Notice**"), is hereby approved.

  4. Any holders of Rescission or Damage Claims shall be required to file Rescission or Damage Proofs of Claim prior to the Extended Securities Claims Bar Date utilizing the customized proof of claim form, substantially in the form annexed hereto as **Exhibit C** (the "**Rescission or Damage Claim Proof of Claim Form**"), which Rescission or Damage Claim Proof of Claim Form conforms substantially to Official Bankruptcy Form 410 and is hereby approved.[1]

  5. Within two (2) business days of the entry of this Order, the indenture trustee(s) for the Debt Securities and the transfer agent(s) for the Equity Securities shall provide to the Debtors the list(s) of all registered holders of the Debt Securities (if any) and Equity Securities that purchased the Debt or Equity Securities during the period from April 29, 2015 through November 15, 2018, inclusive. Further, within eight (8) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Rescission or Damage Claim Proof of Claim Form, and (ii) the Rescission or Damage Claim Bar Date Notice, to all registered holders of the Debt or Equity Securities from April 29, 2015 through November 15, 2018 to the extent available and as provided by the Debtors' indenture trustee(s) and transfer agent(s), respectively.

  6. In addition, within two (2) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Rescission or Damage Claim Proof of Claim Form, and (ii) the Rescission or Damage Claim Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have purchased the Debt or Equity Securities in "street name" on behalf of the underlying beneficial owners of those Debt or Equity Securities during the period

---

[1] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcyforms/ proof-claim-0, the Official Website for the United States Bankruptcy Courts.

from April 29, 2015 through November 15, 2018, inclusive (collectively, including their agents, the "**Nominees**"). With their mailing, the Debtors shall include instructions to the Nominees concerning the requirements in subparagraphs (a) – (c) below.

(a) Such Nominees SHALL EITHER: (i) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors are ordered to send the notices and claim forms promptly to such identified beneficial owners.

(b) Nominees who elect to send the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form to their beneficial owners **SHALL ALSO** send a statement to the Debtors confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these Chapter 11 Cases.

(c) If it is the Nominee's customary and accepted practice to forward such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices, **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the materials, in lieu of sending actual printed copies of the Rescission or Damage Claim Proof of Claim Form and the Rescission or Damage Claim Bar Date Notice.

7.      The Debtors shall post the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form on the website maintained by Prime Clerk, LLC ("**Prime Clerk**"), the Court- appointed claims and noticing agent in these Chapter 11 Cases, at https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

8.      A Rescission or Damage Claim Proof of Claim Form submitted by a Securities Claimant shall be deemed timely filed if it is **actually received on or before Midnight on April 16, 2020 (Prevailing Pacific Time)** by Prime Clerk (i) via first class mail, overnight courier, or hand delivery at the addresses set forth in the Rescission or Damage Claim Bar Date Notice, or (ii) electronically through the Electronic Filing System on the Case Website, as described in the Rescission or Damage Claim Bar Date Notice. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted; *provided, however*, that institutions with more than 100 transactions in the Debt or Equity Securities may contact Prime Clerk for instructions on how to file their claims electronically.

9.      Any Securities Claimant must file, or have their authorized agent or attorney file, a Rescission or Damage Claim Proof of Claim Form on account of such claimant's Rescission or Damage Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Rescission or Damage Claim.

10.     Notice of the Extended Securities Claim Bar Date as provided herein shall be deemed good and sufficient notice to all Securities Claimants of the requirement to file a Rescission or Damage Claim by the Extended Securities Claim Bar Date. Securities Claimants who do not file a Rescission or Damage Claim by the Extended Securities Claim Bar Date may not vote or receive a distribution under any Plan of Reorganization on account of such Claim, and such Claim will be subject to discharge. If such Rescission or Damage Claim is discharged, the Securities Claimant will be forever barred and prevented from asserting the Rescission or Damage Claim against the Debtors or their property.

11. Any person or entity who has already filed a Rescission or Damage Claim with Prime Clerk against the Debtors utilizing a claim form that substantially conforms to the Rescission or Damage Claim Proof of Claim Form or Official Form No. 410 is not required to file another Proof of Claim Form on account of such Claim.

12. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **