**Exhibit A**

# Affidavit of Publication

## STATE OF CALIFORNIA, COUNTY OF DEL NORTE

I, Faina Hopkins, a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter. I am the principal clerk of the printer of

## Del Norte Triplicate

A bi-weekly newspaper of general circulation, printed and published in the City of Crescent City, County of Del Norte, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Del Norte, State of California, under the date of March 21, 1952, case number 7594; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published and not in any supplement thereof on the following dates, to-wit

**Account Name:**   **PG&E Corporation**
**Legal Description:** **Legal Notice**
                 Ad #274301
                 Published: 2/18/20

I certify (or declare) under penalty of perjury that the foregoing is true and correct. Dated at Crescent City, California, this 18 day of February 2020

_____
*Signature*

OFFICIAL STAMP
JOELLA B ARTEAGA
NOTARY PUBLIC-OREGON
COMMISSION NO. 947941
MY COMMISSION EXPIRES FEBRUARY 29, 2020

In re:

**PG&E CORPORATION,**
— and —
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).*

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED
DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER
PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, (B) PLAN
SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS,
SOLICITATION PACKAGES, AND RELATED NOTICES; AND
(D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020 [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, inter alia, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time), in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail so the parties listed in Paragraph 4.c.(vi)-f. below (BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT) so as to be received no later than 4:00 p.m. on February 28, 2020 (Prevailing Pacific Time): (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than 4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (e.g., parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than 4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;

(iii) State with particularity in short, concise bullet points (without points and authorities in support) the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com));

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), and Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(e)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), at the address or e-mail address below, if by standard, overnight, or hand delivery: Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; if by e-mail to: pgeinfo@primeclerk.com.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

Dated: February 11, 2020

T274301

# *Wild Rivers Coast*

# CLASSIFIEDS

## CLASSIFIED AD IS EASY AND FAST

**To place an ad call**
**541-813-1717**
**707-460-6727**
Mon.-Fri. 8:30 a.m.-5 p.m.

**To FAX an ad call**
**541-813-1931**
**707-460-1948**
Anytime

**To place an ad online**
**www.CurryPilot.com**
**www.Triplicate.com**
Anytime

**Visit us at:**
**15957 US Hwy 101.,** Harbor, OR
**501 H. St.,** Crescent City, CA
Mon.-Fri. 8:30 a.m.-5 p.m.

Specials and certain classifications require payment in advance. Please check your ad on the first day to make sure it is correct. In the case of an error, please notify us by 10 a.m.
We accept responsibility for the first insertion only and will not be liable for any omission. The publishers reserve the right to refuse or edit any advertisement.

**100** SERVICES
**500** EMPLOYMENT & INSTRUCTION
**600** WHEELS
**700** MERCHANDISE
**800** FOR RENT
**900** REAL ESTATE FOR SALE
**999** NOTICES



### BARGAIN CORNER
Sell an item for $99 or less!
FREE AD to subscribers for 2 weeks in both papers and websites
$5.00 for non-subscribers
*1 item per ad, 1 ad per household.



### POWER PACKAGE
$29.95* - Get one full week, 2 Editions (merchandise only)
PLUS FREE placement on both papers' Websites.
NO REFUND for early cancellation.
*Private Party Ads Only



### DEALS ON WHEELS
Advertise for 8 weeks! $49.95*
Ad runs 2 editions every week in Wild Rivers Coast Classifieds
PLUS FREE placement on both papers' Websites.
NO REFUND for early cancellation.
*Private Party Ads Only
*Exludes Boats



### GARAGE SALE COMBO
Draw more traffic*
This package includes up to 6 lines
1 Edition = $15
2 Editions = $25
PLUS FREE placement on both papers' Websites.
NO REFUND for early cancellation.
*Private Party Ads Only

---

## 150 Misc Services

A PLACE FOR MOM. The nation's largest senior living referral service. Contact our trusted, local experts today! Our service is FREE/no obligation. CALL 1-855-467-6487. (Cal-SCAN)

ARE YOU BEHIND $10k OR MORE ON YOUR TAXES? Stop wage & bank levies, liens & audits, unfiled tax returns, payroll issues, & resolve tax debt FAST. Call 1-855-970-2032 (CalSCAN)

DID YOU KNOW 7 IN 10 Americans or 158 million U.S. Adults read content from newspaper media each week? Discover the Power of Newspaper Advertising. For a free brochure call 916-288-6011 or email cecelia@cnpa.com (Cal-SCAN)

DID YOU KNOW that newspapers serve an engaged audience and that 79% still read a print newspaper? Newspapers need to be in your mix! Discover the Power of Newspaper Advertising. For more info email

cecelia@cnpa.com or call (916) 288-6011. (Cal-SCAN)

DID YOU KNOW that the average business spends the equivalent of nearly 1%c3%u1f91/2 days per week on digital marketing activities? CNPA can help save you time and money. For more info email cecelia@cnpa.com or call (916) 288-6011. (Cal-SCAN)

EVERY BUSINESS has a story to tell! Get your message out with California's PRMedia Release - the only Press Release Service operated by the press to get press! For more info contact Cecelia @ 916-288-6011 or http://prmediarelease.com/california (Cal-SCAN)

James Elmer Schauer Tree Service Licensed, bonded & insured. CCB # 215967 541-373-9273

Mac Mazzettia Construction General Contractor & Masonry Specialist

## 150 Misc Services

Construction-Remodel Masonry, retaining walls, foundations, block, stone & all concrete work.
541-469-8842
541-251-4341
CCB #99763

Over $10K in Debt? Be debt free in 24 to 48 months. No upfront fees to enroll. A+ BBB rated. Call National Debt Relief 1-888-508-6305. (Cal-SCAN)

SAVE BIG on HOME INSURANCE! Compare 20 A-rated insurances companies. Get a quote within minutes. Average savings of $444/year! Call 1-844-410-9609! (M-F 8am-8pm Central) (Cal-SCAN)

## 150 Misc Services

Struggling With Your Private Student Loan Payment? New relief programs can reduce your payments. Learn your options. Good credit not necessary. Call the Helpline 866-305-5862 (Mon-Fri 9am-5pm Eastern) (Cal-SCAN)

Water Damage to Your Home? Call for a quote for professional cleanup & maintain the value of your home! Set an appt. today! Call 1-855-401-7069 (Cal-Scan)

## 303 Person to Person

Become a Published Author. We want to Read Your Book! Dorrance Publishing-Trusted by Authors Since 1920 Book manuscript submissions currently being reviewed. Comprehensive Services: Consultation, Production, Promotion and Distribution. Call for Your Free Authors Guide 1-877-538-9554 or visit http://dorranceinfo.com/Cali (Cal-SCAN)

## 314 Cruises/Travel

Orlando + Daytona Beach Florida Vacation! Enjoy 7 Days and 6 Nights with Hertz, Enterprise

12 months to use 1-866-903-7520. (24/7) (Cal-SCAN)

## 502 Help Wanted

Administrative Analyst I/II Department of Health & Human Services Required applications are available at the Del Norte County Human Resources Office, 981 H Street, Suite 250, Crescent City, CA 95531. (707) 464-7213 or www.dnco. org Applications accepted until 5:00 pm February 19, 2020. EEO

## 502 Help Wanted

Del Norte County Unified School District is testing for the following: Director of Foster Youth & Homeless: $58,680 $73,951 annual salary Applications will be accepted through Ed Join http://www. edjoin.org Apply by 3/26/2020 EEO/AA Employer

Del Norte County Unified School District is testing for the following: Secretary II: $18.89 $23.79 Applications will be accepted through Ed Join http://www. edjoin.org Apply by 3/11/2020 EEO/AA Employer

## 502 Help Wanted

JOIN OUR TEAM! Part time work with special needs kids on challenging behaviors and skill building. Need HS Diploma, reliable transportation, to pass background test. Experience and/or some education in field preferred. $15-19/ hr DOE. IHSS/SLS/ Supervisor positions also available DOE. Contact Laura Jo Welter at 707-572-8159 or laura.welter@ iecp.us.

---

Case Number
CVPT-2020-1020
ORDER TO SHOW CAUSE FOR CHANGE OF NAME
Superior Court of California, County of Del Norte, 450 H. Street, Crescent City, CA 95531
PETITION OF ANITA INEZ MONTANEZ-TONARELLI for change of name TO ALL INTERESTED PERSONS:
1. Petitioner: ANITA INEZ MONTANEZ-TONARELLI filed a petition with this court for a decree changing names as follows:
Present name: MA-GAL-LANES
Proposed name: ANITA INEZ MONTANEZ
2. THE COURT ORDERS that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objec-tion at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.
NOTICE OF HEARING
a. Date: MAR 6, 2020 Time: 10:00 A.M. Dept.: ONE
b. The address of the court is same as noted above.
3. a. A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the peti-tion in the following newspaper of general circulation, printed in this county:
DEL NORTE TRIPLICATE
Date: JAN 17, 2020
DERREN MCELFRESH, Judge of the Superior Court

Publish: 2/11, 2/18, 2/25, 3/3, 2020
T273546R0211

NOTICE OF TRUSTEE'S SALE TS No. CA-19-869003-JB Order No.: DS7333-19000555 YOU ARE IN DEFAULT UN-DER A DEED OF TRUST DATED 11/23/2011. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANA-TION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. A public auc-tion sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or sav-ings bank specified in Section 5102 to the Financial Code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining princi-pal sum of the note(s) secured by the Deed of Trust, with in-terest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. BENEFICIA-RY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE. Trustor(s): Richard C Brooks a single man Recorded: 11/29/2011 as Instrument No. 2011484 of Official Records in the office of the Recorder of DEL NORTE County, Califor-nia; Date of Sale: 3/4/2020 at 11:00 AM Place of Sale: In the building located at 124 Highway 101 North, Cres-cent City, CA 95531 Amount of unpaid balance and other charges: $200,498.60 The purported property address is: 1585 BOULDER AVE, CRESCENT CITY, CA 95531 Asses-sor's Parcel No.: 110-410-039-000 110-410-39 NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically en-title you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 for information regarding the trustee's sale or visit this Internet Web site http://www.qualityloan.com, using the number as-signed to this foreclosure by the Trustee: CA-19-869003-JB. Information about postponements that are very short in duration or that occur close in time to the scheduled sale date may not immediately be reflected in the telephone in-formation or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. The sale may be postponed for any reason. If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney. If you have previously been discharged through bankruptcy, you may have been released of personal liabil-ity for this loan in which case this letter is intended to exer-cise the note holders right's against the real property only. Date: Quality Loan Service Corporation 2763 Camino Del Rio South San Diego, CA 92108 619-645-7711 For NON SALE information only Sale Line: 916-939-0772 Or Login to: http://www.qualityloan.com Reinstatement Line: (866) 645-7711 Ext 5318 Quality Loan Service Corp. TS No. CA-19-869003-JB IDSPub #0160370 2/11/2020 2/18/2020 2/25/2020
T273748s0211

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
     - and -
PACIFIC GAS AND ELECTRIC COMPANY,
          Debtors.
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
* All papers shall be filed in the Lead Case, No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)
(Jointly Administered)

AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF

PLEASE TAKE NOTICE THAT:
...

Publish 2/11, 2/18, 2/25 3/3, 2020
T273666R0211

CN967844 MAGALLANES

**Exhibit B**



**(530) 283-0800**

# **F**EATHER PUBLISHING CO., INC.

### P.O. BOX B, QUINCY, CA 95971

STATE OF CALIFORNIA
   County of Plumas   **}**   ss.
   and/or Lassen

Keri B. Taborski deposes and says: That she is the principal clerk for the publisher of the

☐ **FEATHER RIVER BULLETIN**
Quincy, Plumas County
Adjudication Decree #4644

☐ *Indian Valley* **RECORD**
Greenville, Plumas County
Adjudication Decree #5462

☐ *Chester Progressive*
Chester, Plumas County
Adjudication Decree #5956

☐ **PORTOLA REPORTER**
Portola, Plumas County
Adjudication Decree #2497

☑ **Lassen County Times**
Susanville, Lassen County
Adjudication Decree #15466

that the   Legal Notice re: PG&E Corporation

of which the attached is a true printed copy, was published in the weekly issue of said newspaper(s) as indicated above (and not in a supplement thereof) for  One

consecutive week(s), beginning  Feb. 18, 2020

and ending  Feb. 18, 2020 , both dates inclusive, to wit: Feb. 18, 2020

Date: Feb. 18, 2020   /s/ *Keri B. Taborski*

Keri B. Taborski

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re:<br>**PG&E CORPORATION,**<br>– and –<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |
|---|---|

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(vi)-I. below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subordination Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil. com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew. goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com);

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov)

and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@ stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david. schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@ paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@ milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com);

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie. com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@ akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com).

THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.

IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/ pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

Dated: February 11, 2020

# PUBLIC NOTICES: YOUR RIGHT TO KNOW

Statewide public notices from participating California newspapers can be viewed at www.capublicnotice.com or lassennews.com

**NOTICE OF PUBLIC AUCTION ON MAY 8th THROUGH MAY 11th 2020 OF TAX DEFAULTED PROPERTY FOR DELINQUENT TAXES**

Made pursuant to Section 3692, Revenue and Taxation Code

On December 10, 2019, I, Nancy Cardenas, Lassen County Tax Collector, was directed to conduct a public auction sale by the board of supervisors of Lassen County, California. The tax-defaulted properties listed below are subject to the tax collector's power of sale and have been approved for sale by a resolution dated December 10, 2019, of the Lassen County Board of Supervisors.

The sale will be conducted on the website www.bid4assets.com beginning at 8:00 am PST on May 8th through May 11th 2020, as a public auction to the highest bidder for cash in lawful money of the United States, or negotiable paper, for not less than the minimum bid as shown on this notice. If no bids are received on a parcel, it may, at the tax collector's discretion, be reoffered June 13th through June 15th, 2020. In order to bid on these properties, you must be a registered bidder with www.bid4assets.com.

The right of redemption will cease Thursday, May 7th 2020, at the close of business, and properties not redeemed will be sold. If a parcel is not sold, the right of redemption revives up to the close of business of the last business day prior to the next scheduled sale.

If the properties are sold, parties of interest, as defined in California Revenue and Taxation Code Section 4675, have a right to file a claim with the county for any excess proceeds from the sale. Excess proceeds are the amount of the highest bid in excess of the liens and costs of the sale, which are paid from the sale price.

More information may be obtained by contacting the tax collector at 220 S. Lassen Street, Suite 3, Susanville, CA 96130 or calling (530) 251-8221.

**PARCEL NUMBERING SYSTEM EXPLANATION**

The Assessor's Parcel Number (APN), when used to describe property in this list, refers to the assessor's map book, the map page, the block on the map (if applicable), and the individual parcel on the map page or in the block. The assessor's maps and further explanation of the parcel numbering system are available in the assessor's office.

The properties that are the subject of this notice are situated in Lassen County, California, and are described as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Nancy Cardenas
Lassen County Tax Collector

Executed at Susanville, California, Lassen County on February 3rd, 2020
Published in Lassen County Times on February 11th, 18th, and 25th, 2020

Published LCT
Feb. 11, 18, 25, 2020

| APN | LAST ASSESSEE | MINIMUM BID |
|---|---|---|
| 001-321-07-11 | MARSDEN, MARK | $1,000.00 |
| 001-322-03-11 | HAWK, RAYMOND & KATHERINE CPRS | $1,360.00 |
| 001-362-02-11 | DENTEN, WALTER & NELLIE JT | $1,350.00 |
| 001-352-11-11 | VARGAS, MANUEL | $3,200.00 |
| 019-240-03-11 | HARRINGTON, CYNTHIA | $2,190.00 |
| 019-260-01-11 | SOM, SONY NGOV | $2,110.00 |
| 019-290-12-11 | HAILE, JEFFERSON | $2,260.00 |
| 019-300-36-11 | DEL ROSARIO, SHIRLI & DEL ROSARIO, RAYMOND JT | $2,330.00 |
| 019-540-03-11 | LAWTON, HELEN 2008 TRUST | $1,300.00 |
| 025-350-19-11 | SHAVER, WILLIAM R | $1,000.00 |
| 025-160-17-11 | SHAVER, WILLIAM B LIVING TRUST | $1,000.00 |
| 029-130-06-11 | SIENG, VOUCHMENG | $75,030.00 |
| 031-140-32-11 | CASTIGLIONI, DANIEL ESTATE OF | $1,580.00 |
| 031-160-80-11 | EARNEST, BONNIE J | $2,210.00 |
| 047-090-20-11 | DUGAN, WC & MARY H | $2,510.00 |
| 057-100-14-11 | HARRINGTON, CYNTHIA L | $1,900.00 |
| 057-120-20-11 | DICKINSON, THOMAS A&LES ESTATE OF | $1,980.00 |
| 077-254-05-11 | MIKULAS, JOHN JR & MARY M | $9,270.00 |
| 077-332-42-11 | MINER, SHEILA M | $14,250.00 |
| 077-342-18-11 | TETRAULT, ANDREW S | $17,320.00 |
| 077-354-17-11 | MEGIVERN, MILES K | $5,630.00 |
| 077-363-26-11 | WOMACK, GLENN E | $9,330.00 |
| 077-392-22-11 | SPECIALE, GEORGE D ESTATE OF | $5,000.00 |
| 077-396-11-11 | MCEACHERN, JAMES & CAROL FAMILY TRUST | $5,000.00 |
| 101-271-03-11 | MILLER'S CUSTOM WORK | $38,790.00 |
| 103-231-08-11 | BRANLTEY, ARTHA J ETAL | $11,000.00 |
| 103-244-32-11 | BERLIN, JAMES B JR & L INDA S | $2,780.00 |
| 107-123-02-11 | LASH, RICHARD E | $7,310.00 |
| 116-060-05-11 | MCEACHERN, JAMES & CAROL FAMILY TRUST | $34,150.00 |
| 116-150-37-11 | JENSEN, DIANA L ETAL | $6,550.00 |
| 116-160-10-11 | GLENN, THOMAS A III & SHANNAH | $14,570.00 |
| 123-053-02-11 | NOEL, KAREN JOY | $8,370.00 |
| 125-020-16-11 | KAUPANGER TRUST | $6,590.00 |
| 125-162-17-11 | MCLAIN, JEREMY | $50,100.00 |
| 125-350-05-11 | WILLIAMS, PAUL A | $9,590.00 |
| 129-420-54-11 | WATSON, ERNEST & KATHLEEN JT ESTATE OF | $9,220.00 |
| 137-100-45-11 | JOHNSON & JOHNSON LLC | $3,450.00 |
| 137-100-46-11 | JOHNSON & JOHNSON LLC | $2,610.00 |
| 137-125-18-11 | HERLONG DEVELOPMENT AGENCY LLC | $1,560.00 |
| 137-125-19-11 | JOHNSON & JOHNSON LLC | $1,570.00 |
| 137-132-19-11 | JAWED, MOHAMMAD & JAWED, NARGAS JT | $1,570.00 |
| 137-133-02-11 | MCCURDY, DENNIS | $1,560.00 |
| 137-133-03-11 | STANDRIDGE, KENNETH | $1,560.00 |
| 137-133-04-11 | JAJAL, MOHAMMED | $1,560.00 |
| 137-133-18-11 | JOHNSON & JOHNSON LLC | $1,560.00 |
| 137-142-03-11 | BIGGS, DAVID | $1,560.00 |
| 139-060-41-11 | JOHNSON & JOHNSON LLC | $6,120.00 |
| 141-050-11-11 | FIND FIX FLIP LLC | $2,800.00 |
| 139-060-22-11 | JOHNSON & JOHNSON LLC | $6,120.00 |
| 141-070-05-11 | MENSAY, RAY S & VICTORIA L JT | $4,820.00 |
| 141-080-24-11 | HORNER, JOSEPH J EST OF | $7,200.00 |
| 141-330-03-11 | PAQUETTE, HOWARD & PEARL JT | $4,000.00 |
| 141-370-28-11 | FISHER, STEVEN & DEBORAH L | $3,140.00 |
| 141-370-29-11 | FISHER, STEVEN & DEBORAH L | $2,640.00 |

**NOTICE OF SEALED BID SALE ON MAY 11th, 2020 OF TAX DEFAULTED PROPERTY FOR DELINQUENT TAXES**

Made pursuant to Section 3692, Revenue and Taxation Code

On December 10, 2019, I, Nancy Cardenas, Lassen County Tax Collector, was directed to conduct a sealed bid sale by the board of supervisors of Lassen County, California. The tax-defaulted properties listed below are subject to the tax collector's power of sale and have been approved for sale by a resolution dated December 10, 2019, of the Lassen County Board of Supervisors.

I will publicly open the sealed bids submitted and sell the properties at 9:00 am on Monday, May 11, 2020, in the office of the Treasurer/Tax Collector at 220 S. Lassen Street, Suite 3 Susanville, CA 96130. The property will be sold to the highest bidder among the eligible bidders.

Properties which are redeemed (paid in full) by Friday, May 8, 2020, at the close of business will not be sold. The right of redemption will cease at that time and properties not redeemed will be sold. If a parcel is not sold, the right of redemption revives up to the close of business of the last business day prior to the next scheduled sale. Any parcel not sold at this scheduled tax sale may be re-offered for sale within a 90-day period.

If the properties are sold, parties of interest, as defined in California Revenue and Taxation Code Section 4675, have a right to file a claim with the county for any excess proceeds from the sale. Excess proceeds are the amount of the highest bid in excess of the liens and costs of the sale which are paid from the sale price. Notice will be given to parties of interest, pursuant to law, if excess proceeds of $150.00 or greater result from the sale.

More information may be obtained by contacting the tax collector at 220 S. Lassen Street, Suite 3, Susanville, CA 96130 or call (530) 251-8221.

**PARCEL NUMBERING SYSTEM EXPLANATION**

The Assessor's Parcel Number (APN), when used to describe property in this list, refers to the assessor's map book, the map page, the block on the map (if applicable), and the individual parcel on the map page or in the block. The assessor's maps and further explanation of the parcel numbering system are available in the assessor's office.

The properties that are the subject of this notice are situated in Lassen County, California, and are described as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Nancy Cardenas
Lassen County Tax Collector

Executed at Susanville, California, Lassen County on February 13, 2020
Published in Lassen County Times on February 18, February 25, and March 3, 2020

Published LCT
Feb. 18, 2020

| APN | LAST ASSESSEE | MINIMUM BID |
|---|---|---|
| 003-150-37-11 | LANCO ENTERPRISES INC | $1,280.00 |
| 025-120-71-11 | LYONS, LAVELLE | $2,840.00 |
| 031-050-30-11 | LANCO ENTERPRISES INC | $2,260.00 |
| 031-050-34-11 | BRUSA LASSEN LAND TRUST | $2,890.00 |
| 045-100-33-11 | KHURANA, SHAILENDRA & VARSHNEY, SANJAY JT | $5,000.00 |
| 045-100-40-11 | WESCHLER, LAWRENCE M | $1.00 |
| 045-131-28-11 | BILLS, INEZ E & WHITEHORSE, WESLEY J JT | $5,000.00 |
| 045-131-29-11 | BILLS, INEZ E & WHITEHORSE, WESLEY J JT | $5,000.00 |
| 045-132-29-11 | TOM, HANNON LEONG | $1,460.00 |
| 047-020-16-11 | ARAEEN, SAMIR | $1,000.00 |
| 053-020-72-11 | YOUNG, JAMES L | $1,000.00 |
| 055-134-15-11 | GOINS, JOHN WAYNE & WONG, TY LEE TC | $1,000.00 |
| 057-050-30-11 | MOTA, JAVIER V | $100.00 |
| 077-224-02-11 | TUNSTALL, RN | $800.00 |
| 077-388-02-11 | MILLER, LAWRENCE E | $10,000.00 |
| 101-040-13-11 | BLAKEE, FREDRICK JOHN JR & MORRIS, WILLIAM J | $2,800.00 |
| 133-082-33-11 | SMITH, JACK S & ANDRE V | $1.00 |
| 137-170-10-11 | FREEMAN, RICHARD B | $1.00 |

## NOTICE TO LASSEN COUNTY VOTERS

An error has been identified on Lassen County's ballot for California's Assembly District 1 race. The designated party preference for candidate PK "Paul" Dhanuka was erroneously listed as Democratic. It should have read "No Party Preference". After consultation with the California Secretary of State's Office, Elections Unit, this election will continue. It has been determined that public notification measures should be implemented. Those are as follows:

The candidates in the affected race have been notified. All local news media is being briefed on the issue. A postcard notice of the error will be sent by mail to all Lassen County. Notice informing voters of the error will be posted at all polling locations, including within the polling booths. Efforts are also being made to contact all voters for whom cast ballots have been received at the time of discovery (68). Those voters will be provided an opportunity to cast a different ballot.

I apologize for the error and any inconvenience it may have caused. If you have any questions feel free to contact the election office at 530-251-8217.

Julie Bustamante, Lassen County Clerk/Registrar of Voters.
Feb 13, 2020
Published LCT
Feb. 18, 2020

**Proposed name change**
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LASSEN
2610 Riverside Drive, Susanville, CA 96130
Petition of LORI LOUISE SANDOVAL AKA LORI B. SANDOVAL for change of name
ORDER TO SHOW CAUSE FOR CHANGE OF NAME
Case Number: C62865
TO ALL INTERESTED PERSONS:
Petitioner Lori Louise Sandoval aka Lori B Sandoval filed a petition with this court for a decree changing names as follows:
Present name: LORI LOUISE SANDOVAL AKA LORI B. SANDOVAL AKA LORI LOUISE BERGQUIST to Proposed name: LORI B. SANDOVAL.
THE COURT ORDERS that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.

**NOTICE OF HEARING**
Date: March 24, 2020
Time: 9:00 a.m., Dept. 2C.
The address of the court is same as noted above.
A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county (specify newspaper): Lassen County Times.
Date: Jan. 24, 2020.
/s/ Tony Mallery, Judge of the Superior Court
Filed: Jan. 24, 2020.
Clerk of the Superior Court,
By Kim Gallagher, Deputy Clerk
Published LCT
Feb. 4, 11, 18, 25, 2020

## CITY OF SUSANVILLE
### NOTICE OF PUBLIC HEARING

NOTICE IS HEREBY GIVEN that the City Council of the City of Susanville will conduct a Public Hearing on March 4, 2020 at 7:00 pm in the City Council Chambers located 66 N. Lassen Street, Susanville, CA.

The purpose of this hearing is to review and approve the accomplishments that were produced from the City's 16-CDBG-11146 Agreement with the State of California and to solicit citizen input regarding the outcome and accomplishments of the funding received under this contract. The City was awarded $450,000 to carry out the following projects: Riverside Park Rehabilitation and General administration. Additionally, a Supplemental in the amount of $0.00 was implemented for the Homebuyer Program. All remaining Program Income in the amount of $419,455 went into the Riverside Park Improvement Project.

Citizens will be given the opportunity to make their comments known and questions answered related to the grant listed above. If you are unable to attend the Public Hearing, you may direct written comments to the City Clerk's Office, City Hall, 66 N. Lassen Street, Susanville, CA 96130. In addition, public information files for these projects may be reviewed at City Hall between 8:00 A.M. and 5:00 P.M., Monday through Friday. If you plan on attending the public hearing and need a special accommodation because of a sensory or mobility impairment/disability, please contact the City at (530) 252-5110 to arrange for those accommodations to be made.

The City of Susanville promotes fair housing and makes all its programs available to low and moderate- income families regardless of age, race, color, religion, sex, national origin, sexual preference, marital status, or physical disabilities.

Published LCT
Feb. 18, 2020



BREAKING NEWS
1 CLICK AWAY
www.lassennews.com

CLASSIFIEDS WORK
FOR RENT

LASSEN COUNTY TIMES
100 GRAND AVE.
257-5321

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
        -and-
PACIFIC GAS AND ELECTRIC COMPANY,
                    Debtors.
☐ PG&E CORPORATION
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors
*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**PLEASE TAKE NOTICE THAT:**

[Legal notice text regarding the Plan and Proposed Disclosure Statement, Solicitation Procedures, Objection deadlines, and related hearing dates — multiple dense paragraphs.]


CLASSIFIEDS WORK


Trying to buy or sell an item?
Call one of our offices today...

Lassen County Times 257-5321     Chester Progressive 258-3115     Portola Reporter 832-4646

Westwood PinePress 257-5321     Feather River Bulletin 283-0800     Indian Valley Record 283-0800


FOR RENT

**Exhibit C**



**PROOF OF PUBLICATION**
**(2015.5 C.C.P.)**

**STATE OF CALIFORNIA**
**County of Los Angeles**

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the action for which the attached notice was published. I am an Inside Sales Associate of the Los Angeles Times, which was adjudged a newspaper of general circulation on May 21, 1952, Cases 598599 for the City of Los Angeles, County of Los Angeles, and State of California. Attached to this Affidavit is a true and complete copy as was printed and published on the following date(s): February 18, 2020

I certify (or declare) under penalty of perjury
under the laws of the State of California that the foregoing is true and correct.

Dated at Fountain Valley, California
on this 24th day of February, 2020.

_Allen P. Juezan_
**[signature]**

**10540 Talbert Avenue, Ste. 300 W.**
**Foutain Valley, CA 92708**

Case: 19-30088    Doc# 5944-1    Filed: 02/27/20    Entered: 02/27/20 20:23:06    Page 10 of 63

# Los Angeles Times
## M E D I A   G R O U P

**Sold To:**
Miller Advertising - CA11072826
220 W 42nd St Fl 12,
New York, NY 10036

**Bill To:**
Miller Advertising - CA11072826
220 W 42nd St Fl 12,
New York, NY 10036

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects Both Debtors

* All papers shall be filed in the Lead Case, No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, and, if needed, **March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(v)(C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:
   (i) Be in writing;
   (ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
   (iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;
   (iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
   (v) Be served on the following parties:
   A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;
   B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);
   C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)); (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));
   D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L.

Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));
   E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));
   F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com);
   G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));
   H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));
   I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));
   J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));
   K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and
   L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:
   a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.
   b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.
   c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.
   d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).
   e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.
   f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.
   g. March 9, 2020: Deadline to file revised or amended Plan and Proposed Disclosure Statement.
   h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.
   i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.
   j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference set for May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**
   k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.
6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

# Moderates worry about Sanders

[Democrats, from A1]

mate change.

Vargas and Democrats with similar concerns have begun endorsing other presidential candidates whose message they find less combustible — particularly former Vice President Joe Biden and Bloomberg, both of whom have generated opposition from progressives.

On Capitol Hill, Democrats are girding for a nomination process that could last months and get messy as the party decides whether it is going to pursue a progressive nominee or more moderate one. And coming out of the 2016 race — when Sanders' supporters never warmed to the eventual nominee, Hillary Clinton — congressional Democrats are increasingly nervous that the party will repeat its mistake and not unify in time for the general election.

Perhaps mindful of 2016, many elected Democrats have chosen to not endorse yet during the primary or have said that they'll back whichever horse wins the nomination. They have argued that any Democratic nominee would play better among their voters at home than with Trump, whose budget released last week sparked new opposition for its proposed cuts to healthcare and education programs that Democrats support.

"Any responsible Democratic [candidate] who speaks against that kind of road map to disaster is going to play very well in my district," Rep. Madeleine Dean (D-Pa.), who represents a historically Republican area outside of Philadelphia that is trending Democratic.

But Democratic House members who won in 2018 in parts of the country where Trump is popular will probably have to convince at least some of their voters to split their ballot, supporting both them and the Republican president. That kind of divided vote, always difficult, could be an even tougher pitch with Sanders as the Democratic presidential nominee.

"At the end of the day, who is at the top of the ticket defines the party agenda," said Rep. Ami Bera (D-Elk Grove), who has endorsed Biden and helps lead the Democrats' campaign group responsible for getting the most vulnerable Democrats reelected. "A lot of these folks in competitive districts didn't run on Medicare for all, and those are tough policies [to defend]. Having a socialist — that's how he describes himself, a democratic socialist — probably makes it a tougher race."

Sanders and his supporters argue those Democrats have nothing to worry about. A Sanders campaign, they say, would drive unprecedented turnout from once-disenfranchised voters.

"When you have a large

> 'Who is at the top of the ticket defines the party agenda. Having ... a democratic socialist probably makes it a tougher race.'
>
> — REP. AMI BERA
> (D-Elk Grove)

voter turnout, which is I think what our campaign is going to generate, it's going to help everybody from the top of the ticket to the bottom of the ticket," Sanders said in a brief interview last week as he left the campaign



MICHAEL R. BLOOMBERG has the endorsements of at least 13 congressional Democrats in his run for the party's presidential nomination. But both he and Joe Biden have generated opposition from progressives.
David J. Phillip Associated Press



REP. RO KHANNA says Bernie Sanders is the Democrats' best hope for "voters without college degrees, independents, rural voters, getting young people out."
Jose Luis Magana Associated Press

trail to cast a vote in the Senate.

Rank-and-file Democrats can break with Sanders when they need to, argues Rep. Ro Khanna (D-Fremont), national co-chair of Sanders' campaign. He offered up himself as an example to soothe skittish Democrats. He represents Silicon Valley while still helping lead a campaign that calls for breaking up tech companies and taxing the wealthy.

"What Sanders will do is give our party a unifying theme, give our party the best chance of winning voters without college degrees, independents, rural voters, getting young people out. He'll be the strongest top of the ticket," he said. "Obviously, people don't have to run a clone race in their own districts."

But the Democrats who are worried about Sanders' rise argue that the base is already enthusiastic to cast their ballot this November because of one man who is not a Democrat at all.

"The energy all comes from Trump," said Rep. Scott Peters (D-San Diego), who is supporting Bloomberg. On the Democratic side, "it can be the most milquetoast candidate. It's not about an orator. It's about someone who is credible."

Perhaps seeing the opening on Capitol Hill, Bloomberg has engaged in a significant effort to curry congressional endorsements. He has visited with several groups of lawmakers, including moderates and pro-business Democrats who are likely to be re-

ceptive to his message. In recent weeks, he has garnered at least 13 endorsements from congressional Democrats, particularly among those whose campaigns he heavily contributed to two years ago. Sanders has at least eight endorsements from lawmakers.

But Bloomberg has faced his own backlash, including from the highest-profile freshman Democrat in Congress.

Rep. Alexandria Ocasio-Cortez (D-N.Y.), who has endorsed Sanders, said Bloomberg's rise — fueled by his self-funded campaign ads blanketing airwaves around the country — "creates tough kinds of conflict-of-interest questions."

"We know that money in politics is a huge problem, a massive problem," she said. Worry about Sanders' nomination merely comes with being the front-runner, Ocasio-Cortez said.

"If [Sen. Amy] Klobuchar or whoever was the front-runner right now, there would be a lot of stress about whether progressives would unify around that. Similarly, with Bernie being the front-runner, there's going to be stress around more conservatives rallying behind that nominee," she said.

Both House Speaker Nancy Pelosi (D-San Francisco) and Senate Minority Leader Charles E. Schumer (D-N.Y.) have publicly downplayed any worry about how the primary will shake out.

"There is always lots of sturm and drang," Schumer said last week. "You will see in a few months Democrats will be strongly united together and we will be focused like a laser on beating Donald Trump."

## Museum's 1632 work by Dutch master, after all

It was long thought to have been painted by an aide to Rembrandt.

ASSOCIATED PRESS

ALLENTOWN, Pa. — Thanks to modern technology and some expert detective work, a nearly 400-year-old painting that had long been attributed to an unknown artist in Rembrandt's workshop has now been judged to have been a work of the Dutch master.

For decades, the Allentown Art Museum displayed an oil-on-oak panel painting called "Portrait of a Young Woman" and credited it to "Studio of Rembrandt." Two years ago, the painting was sent to New York University for conservation and cleaning.

There, conservators began removing layers of overpainting and dark, thick varnish that had been added over centuries — and they began to suspect Rembrandt was responsible for the original, delicate brushwork underneath.

"Our painting had numerous layers of varnish and that really obscured what you could see of the original brushwork, as well as the original color," said Elaine Mehalakes, vice president of curatorial affairs at the Allentown Art Museum.

Conservators used a variety of tools, including X-ray, infrared and electron microscopy, to bolster the case that it was the work of one of the most important and revered artists in history.

The scientific analysis "showed brushwork, and a liveliness to that brushwork, that is quite consistent with other works by Rembrandt," said Shan Kuang, a conservator at New York University's Institute of Fine Arts who restored "Portrait of a Young Woman."

Outside experts who examined the 1632 painting after the completion of its two-year restoration concurred that it's an authentic Rembrandt. About a decade later, a group of experts determined that it had been painted by one of his assistants.

[Lower portion of page consists of classified legal notices and advertisements, including an advertisement for "The Window Guy" window and door specialist, a Los Angeles Times "THE GOLDEN STATE. DELIVERED." subscription ad, and a United States Bankruptcy Court legal notice for Pacific Gas and Electric Company, Case No. 19-30088.]

Case: 19-30088    Doc# 5944-1    Filed: 02/27/20    Entered: 02/27/20 20:33:06    Page 12 of 63

Client Name:
Advertiser:
Section/Page/Zone: MAIN/A005/OCSE
Description:

Ad Number:
Insertion Number:
Size:
Color Type:

Los Angeles Times

Publication Date: 02/18/2020

This electronic tearsheet confirms the ad appeared in the Los Angeles Times on the date and page indicated. You may not create derivative works, or in any way exploit or repurpose any content.

**Exhibit D**

# *** Proof of Publication ***

AFFIDAVIT OF PUBLICATION        NAPA VALLEY REGISTER

MILLER ADVERTISING AGENCY, INC
Holly Dobbs
220 WEST 42ND STREET
NEW YORK NY 10036

ORDER NUMBER        124575

STATE OF CALIFORNIA

COUNTY OF NAPA

I AM A CITIZEN OF THE UNITED STATES AND A RESIDENT OF
THE COUNTY AFORESAID; I AM OVER THE AGE OF EIGHTEEN
YEARS, AND NOT A PART TO OR INTERESTED IN THE
ABOVE-ENTITLED MATTER. I AM THE PRINCIPAL CLERK
OF THE NAPA VALLEY REGISTER, A NEWSPAPER OF
GENERAL
CIRCULATION, PRINTED AND PUBLISHED DAILY IN THE
CITY OF NAPA, COUNTY OF NAPA, AND WHICH NEWPAPER
HAS BEEN ADJUDGED A NEWSPAPER OF GENERAL
CIRCULATON BY THE SUPERIOR COURT OF THE COUNTY
OF NAPA, STATE OF CALIFORNIA, UNDER THE DATE OF
NOVEMBER 16, 1951, CASE NUMBER 12752.

THAT I KNOW FROM MY OWN PERSONAL KNOWLEDGE THE
NOTICE, OF WHICH THE ANNEXED IS A PRINTED COPY
(SET IN TYPE NOT SMALLER THAT NONPAREIL), HAS
BEEN PUBLISHED IN EACH REGULAR AND ENTIRE ISSUE
OF SAID NEWPAPER AND NOT IN ANY SUPPLEMENT THEREOF
ON THE FOLLOWING DATES, TO-WIT:

Section: Legals
Category: 901 Public Notices
PUBLISHED ON: 02/18/2020

TOTAL AD COST:        567.00
FILED ON:        2/18/2020

# *** Proof of Publication ***

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

DATED AT NAPA COUNTY, CALIFORNIA,

THIS _18_ DAY OF _February 2020_

SIGNATURE _____

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
* All papers shall be filed in the Lead Case,
No. 19-30088 (DM)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement or the Plan.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(iv)-C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 26, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity in **short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180

Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com);

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and Joanne C. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines.

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained in writing request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## 901 Public Notices

Internet Web site www.STOX-POSTING.COM, using the file number assigned to this case 082863-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. FOR SALES INFORMATION: (844) 477-7869 CLEAR RECON CORP 4375 Jutland Drive San Diego, California 92117
2/4, 11, 18 #124026

## 902 FBN

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2019-0001514
The following person(s) is (are) doing business as:
NORTH COAST LAMINATES
775 8TH ST NAPA
NAPA CA 94559
County of Napa
STEPHEN CARTER
9080 BLUESS CT
COBB CA 94521
This business is conducted by: INDIVIDUAL
Registrant commenced to transact business under the fictitious business name or names listed above on: 12/30/2019
Statement Expires On: 12/30/2024
Signed: Stephen Carter
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: December 30, 2019
JOHN TUTEUR
Napa County Clerk-Recorder
By: K Rothbauer
Deputy Clerk-Recorder.
1/28, 2/4, 11,18 #123655

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2019-0001517
The following person(s) is (are) doing business as:
JOURNEYDAY MUSIC
3534 REDWOOD RD
NAPA CA 94558
County of Napa
JOURNEY DAY DHORER
State: CA
This business is conducted by: INDIVIDUAL
Registrant commenced to transact business under the fictitious business name or names listed above on: Not Applicable
Statement Expires On: 12/31/2024
Signed: Journey Day Dhorer
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: December 31, 2019
JOHN TUTEUR
Napa County Clerk-Recorder
By: K Rothbauer
Deputy Clerk-Recorder.
1/28, 2/4, 11, 18 #123825

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2020-0000000
The following person(s) is (are) doing business as:
PELUQUERIA NAPA VALLEY
44 AVON AVE
NAPA CA 94558

County of Napa
(707) 561-1302
LINA ADMEYALI TOSCANO
1700 PUEBLO AVE #407
NAPA CA 94558
This business is conducted by: INDIVIDUAL
Registrant commenced to transact business under the fictitious business name or names listed above on: Not Applicable
Statement Expires On: 1/6/2025
Signed: Lina Toscano
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: January 06, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
By: K Rothbauer
Deputy Clerk-Recorder.
2/4, 11, 18, 25 #123569

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2020-0000026
The following person(s) is (are) doing business as:
THISTLE & THORN
WILD AND FREE WINE COMPANY
3 EXECUTIVE WAY
NAPA CA 94558
County of Napa
(707) 259-9446
RANG DONG JOINT STOCK COMPANY
State: CA
This business is conducted by: CORPORATION
Registrant commenced to transact business under the fictitious business name or names listed above on: 1/7/2020
Statement Expires On: 1/7/2025
Signed: Mailynh Phan
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: January 07, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
By: L. RODRIGUEZ
Deputy Clerk-Recorder.
2/4, 11, 18, 25 #123888

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2020-0000053
The following person(s) is (are) doing business as:
PARSELL IMPORTS
849 JACKSON ST STE C
NAPA CA 94559
34 HIDEAWAY DR
HOPE ME 04847
This business is conducted by: INDIVIDUAL
Registrant commenced to transact business under the fictitious business name or names listed above on: Not Applicable
Statement Expires On: 1/14/2025
Signed: Tilar Jevon Mazzeo
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: January 14, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
By: K Decker
Deputy Clerk-Recorder.
2/4, 11, 18, 25 #123774

ADVERTISE
in print and online
Call us (707) 226-3719

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2020-0000027
The following person(s) is (are) doing business as:
PANEK VINEYARDS
3440 SAINT HELENA HWY N
SAINT HELENA CA 94574
County of Napa
415-298-9887
PANEK VINEYARDS, LLC
State: CA
This business is conducted by: LIMITED LIABILITY COMPANY
Registrant commenced to transact business under the fictitious business name or names listed above on: Not Applicable
Statement Expires On: 1/17/2025
Signed: James P. Panek
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: January 17, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
By: K Decker
Deputy Clerk-Recorder.
2/4, 11, 18, 25 #123948

### PUBLIC NOTICE
### FICTITIOUS BUSINESS NAME STATEMENT
FILE NO. 2020-0000119
The following person(s) is (are) doing business as:
STUDIO TRAVERSO
CENTANNI LEBLANC DESIGN
RAINER SABER & KNIFEWORKS
3764 SILVERADO TRAIL
CALISTOGA CA 94515
County of Napa
VINCENT TRAVERSO
This business is conducted by: INDIVIDUAL
Registrant commenced to transact business under the fictitious business name or names listed above on: 1/1/2020
Statement Expires On: 1/29/2025
Signed: Vincent Traverso
I hereby certify that this copy is a correct copy of the original statement on file in my office.
DATED: January 29, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
By: K. Rothbauer
Deputy Clerk-Recorder.
2/11, 18, 25, 3/3 #124251

### PUBLIC NOTICE
### STATEMENT OF ABANDONMENT
THE FOLLOWING PERSON(S) HAS (HAVE) ABANDONED THE USE OF THE FICTITIOUS BUSINESS NAME(S):
TILTING ROCK
TILTING ROCK CELLARS
TILTING ROCK RANCH
TILTING ROCK VINEYARDS
TILTING ROCK WINE CELLARS
TILTING ROCK WINERY
601 MUND RD
ST HELENA, CA 94574
(707) 963-5736
ARNS, JOHN ROBERT
ARNS, STEVEN RICHARD
This business was conducted by: GENERAL PARTNERSHIP
Original FBN Number:
2017-0001437
Original Filing Date: 11/09/2017
Statement Expires On: 11/9/2022
Signed: Steve Arns
I hereby certify that this copy is a correct copy of the original

## 902 FBN

statement on file in my office.
DATED: January 21, 2020
JOHN TUTEUR
Napa County Clerk-Recorder
2/18, 25, 3/3, 10 #124270

## 903 Petition to Administer Estate

### PUBLIC NOTICE
### NOTICE OF PETITION TO ADMINISTER ESTATE OF GEORGE EDSON WILLIAMS
SUPERIOR COURT OF CALIFORNIA
825 BROWN ST
NAPA CA 94559
COUNTY OF NAPA
CASE NUMBER: 30PR00027
IN THE MATTER OF THE ESTATE OF: GEORGE EDSON WILLIAMS DECEDENT.
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: GEORGE EDSON WILLIAMS, ED WILLIAMS, G. E. WILLIAMS, GEORGE WILLIAMS and GEORGE E. WILLIAMS.
A Petition for Probate has been filed by: MARK WILLIAMS AND LISA WILKIE in the Superior Court of California, County of Napa.
The Petition for Probate requests that MARK WILLIAMS AND LISA WILKIE be appointed as personal representative to administer the estate of the decedent.
The petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.
The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
A hearing on the petition will be held in this court as follows: MARCH 25, 2020 at 8:30 a.m. in Dept. B address of court: same as noted above.
If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code. Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.
You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
DATE: JANUARY 31, 2020
Clerk Of the Napa Superior Court
By: L. WALKER, Deputy.
Attorney for Petitioner:
CATHERINE A. ALVAREZ
2820 KILBURN AVE
NAPA, CA 94558
707-276-2186
2/18, 24, 3/1 #124625

### PUBLIC NOTICE
### NOTICE OF PETITION TO ADMINISTER ESTATE OF PATRICIA ANN HARTLEY
SUPERIOR COURT OF CALIFORNIA
825 BROWN ST
NAPA CA 94559
COUNTY OF NAPA
CASE NUMBER: 20pr00039
IN THE MATTER OF THE ESTATE OF: PATRICIA ANN HARTLEY DECEDENT.
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: PATRICIA ANN HARTLEY aka PAT HARTLEY, aka PATRICIA THOMAS, aka PATRICIA A. THOMAS.
A Petition for Probate has been filed by: TERESA M. GOTT-SCHALL in the Superior Court of California, County of Napa.
The Petition for Probate requests that: TERESA M. GOTTSCHALL be appointed as personal representative to administer the estate of the decedent.
The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
A hearing on the petition will be held in this court as follows: MARCH 12, 2020 at 8:30 a.m. in Dept. B address of court: same as noted above.
If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from

the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code. Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.
You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
DATE: FEBRUARY 14, 2020.
Clerk Of the Napa Superior Court
By: L. PERDIGAO, Deputy.
Attorney for Petitioner:
JONATHAN D. HOLLISTER
1000 MAIN STREET, SUITE 300
NAPA CA 94558
707-252-9000
2/18, 21, 25 #124653

## 904 Name Change

### PUBLIC NOTICE
ORDER TO SHOW CAUSE FOR CHANGE OF NAME
SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA,
825 BROWN STREET,
NAPA 94559.
CASE NO. 20CV000045
PETITION OF:
ANDREA ROBINSON
TO ALL INTERESTED PERSONS:
Petitioner:
ANDREA ROBINSON filed a petition with this court for a decree changing names as follows:
Present Name:
ANDREA ROBINSON
Proposed Name:
ANDREA METSY LEISTER
THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.
NOTICE OF HEARING
DATE: MARCH 3, 2020
Time: 8:30 AM Dept.: B
The address of the court is same as noted above.
A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: THE NAPA VALLEY REGISTER.
Dated: JANUARY 13, 2020
Clerk of the Napa Superior Court
By: L. PERDIGAO, Deputy.
1/28, 2/4, 11, 18 #123780

### PUBLIC NOTICE
ORDER TO SHOW CAUSE FOR CHANGE OF NAME
SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA,
825 BROWN STREET,
NAPA 94559.
CASE NO. 20CV000156
PETITION OF:
PEDRO AGUILAR PERALES
TO ALL INTERESTED PERSONS:
Petitioner:
PEDRO AGUILAR PERALES filed a petition with this court for a decree changing names as follows:
Present Name:
PEDRO AGUILAR PERALES
PETE AGUILAR PERALES
Proposed Name:
PETE AGUILAR PERALES
THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.
NOTICE OF HEARING
DATE: MARCH 24, 2020
Time: 8:30 AM Dept.: A
The address of the court is same as noted above.
A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: THE NAPA VALLEY REGISTER.
Dated: FEBRUARY 6, 2020
Clerk of the Napa Superior Court
By: I. RODRIGUEZ, Deputy.
2/18, 25, 3/3, 10 #124621



ADVERTISE YOUR
YARD SALE
CALL 226-3719

**Exhibit E**



# Record Searchlight
PART OF THE USA TODAY NETWORK

Miller Advertising- Legal
220 W 42nd St 12th Floor
New York, NY 10036

**STATE OF WISCONSIN, COUNTY OF BROWN:**

I hereby certify that the Record Searchlight is a newspaper
of general circulation within the provisions of the
Government Code of the State of California, printed and
published in the city of Redding, County of Shasta, State of
California; that I am the principal clerk of the printer of said
newspaper; that the notice of which the annexed clipping is
a true printed copy was published in said newspaper on
the following dates, to wit:

2/18/2020

such newspaper was regularly distributed to its
subscribers during all of said period

_____
Legal Clerk

I certify under penalty of perjury, under the laws of the State
of California, that the foregoing is true and correct.

Subscribed and sworn to before on February, 24, 2020:

_____
Notary Public, State of Wisconsin, County of Brown

TARA MONDLOCH
Notary Public
State of Wisconsin

8 6-21
_____
My commission expires

Publication Cost: $na
Ad No: GCI0371112
Customer No: 426752
PO #:

■ Public Notices

**NOTICE OF TRUSTEE'S SALE** TS No. CA-19-870741-CL. Order No.: DS7300-19006112 YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 4/28/2011. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE. Trustor(s): David Pendleton Recorded: 5/4/2011 as Instrument No. 2011-0013321 and modified as per Modification Agreement recorded 10/9/2015 as Instrument No. 2015-0029867 of Official Records in the office of the Recorder of SHASTA County, California; Date of Sale: 3/23/2020 at 11:00 AM Place of Sale: At the East entrance to the Shasta County Courthouse, 1500 Court Street, Redding, CA 96001 Amount of unpaid balance and other charges: $165,938.78 The purported property address is: 14425 HOLIDAY ROAD, REDDING, CA 96003 Assessor's Parcel No.: 307-240-004-000 NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 800-280-2832 for information regarding the trustee's sale or visit this internet Web site http://www.qualityloan.com, using the file number assigned to this foreclosure by the Trustee: CA-19-870741-CL. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale. If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Attorney, or any of their respective successors in interest. If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. Date: Quality Loan Service Corporation 2763 Camino Del Rio South San Diego, CA 92108 619-645-7711 For NON SALE information only Sale Line: 800-280-2832 Or Login to: http://www.qualityloan.com Reinstatement Line: (866) 645-7711 Ext 5318 Quality Loan Service Corp. TS No.: CA-19-870741-CL. IDSPub #0160206 Pub: 2/18/2020 2/25/2020 3/3/2020

■ Public Notices

**Notice of Petition To Administer Estate of JACK DEMPSEY BALLAH CASE NUMBER 30476**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of **JACK DEMPSEY BALLAH**.

A **Petition for Probate** has been filed by **NORVAL DEAN WEIGEL** in the Superior Court of California, County of **SHASTA**.

The Petition for Probate requests that **NORVAL DEAN WEIGEL** be appointed as personal representative to administer the estate of the decedent.

The Petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority. A hearing on the petition will be held in this court as follows:

DATE: **March 9, 2020** TIME: **1:30 P.M.**, Dept: **7**
Superior Court of California, County of Shasta,
1500 Court Street, Redding, CA 96001

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.

Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Attorney for Petitioner: T.R. COLLINS, III
REESE SMALLEY WISEMAN & SCHWEITZER, LLP
1265 Willis Street
Redding, CA 96001
(530) 241-1611
Published: February 18, 21, 24, 2020     Ad No.: 4063454

■ Public Notices

**Notice of Petition To Administer Estate of Nobi Homavnun CASE NUMBER 30476**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of **Nobi Homavnun**.

A Petition for Probate has been filed by **Ramona Palacio-Homavnun** in the Superior Court of California, County of **SHASTA**.

The Petition for Probate requests that **Ramona Palacio-Homavnun** be appointed as personal representative to administer the estate of the decedent.

The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority. A hearing on the petition will be held in this court as follows:

DATE: **March 2, 2020** TIME: **2:30 P.M.** Dept: **7**
Superior Court of California, County of Shasta,
1500 Court Street, Room 319 Redding, CA 96001

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.

Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

A hearing on the petition will be held in this court as follows:

Attorney for Petitioner: STEVEN A. SMALL
P.O. Box 991828
Redding, CA 96099-1828
530-223-1800
Feb. 7, 18, 21, 2020                          4044129

FINDING WORK
SHOULDN'T BE WORK.

the **job** network

Get started by visiting
jobs.usatoday.com

FINDING WORK SHOULDN'T BE WORK.

the **job** network

Get started by visiting
jobs.usatoday.com

FINDING WORK
SHOULDN'T BE WORK.

the **job** network

Get started by visiting
jobs.usatoday.com

FINDING WORK
SHOULDN'T BE WORK.

the **job** network

Get started by visiting
jobs.usatoday.com

■ Public Notices

**CITY OF REDDING, CALIFORNIA NOTICE INVITING BIDS Schedule No. 5112 One (1) 1-TON PICKUP TRUCK WITH UTILITY BODY**

Date/Time Due: Tuesday, March 10, 2020, prior to 3:00 p.m. You may obtain a copy of the NIB by downloading from the City's website at h tt p://cityofredding.org/purchasing/bids or by contacting Amber Edenburn, Purchasing Officer, at (530) 225-4135; oedenburn@cityofredding.org

February 18, 2020       #4058641

**CITY OF REDDING, CALIFORNIA NOTICE INVITING BIDS Schedule No. 5119 CARD LOCK FUEL SERVICES**

Date/Time Due: Thursday, March 12, 2020, prior to 3:00 p.m. You may obtain a copy of the NIB by downloading from the City's website at h tt p://cityofredding.org/purchasing/bids or by contacting Amber Edenburn, Purchasing Officer, at (530) 225-4135; oedenburn@cityofredding.org

Feb. 18, 2020            #061379

**FICTITIOUS BUSINESS NAME STATEMENT FBN Number: F2020 0139** This statement was filed in the office of CATHY DARLING ALLEN, County Clerk of SHASTA County on 02/11/2020 By: **MARY DENHOFF**, Deputy

Fictitious Business Name(s)
**COTTONWOOD VETERINARY CLINIC**
3917 MAIN ST
COTTONWOOD, CA 96022
Mailing Address:
20633 GAS POINT RD
SUITE E
COTTONWOOD, CA 96022
County of Shasta
Registrant Address(es)
**COTTONWOOD VETERINARY SERVICES, INC**
20633 GAS POINT RD
SUITE A
COTTONWOOD, CA 96022
State: CA
Began Transacting Business: 01/31/2025
Business Is Conducted By: A Corporation
NOTICE — IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920 A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION. THE FILING OF THIS STATEMENT DOES NOT ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).

Cottonwood Veterinary Services, Inc.
/s/ Steven Lonoskey
(President)
Print Name:          Steven Lonoskey
Feb. 4, 11, 18, 25, 2020
                                   4035597

■ Public Notices

T.S. No.: 2018-03163-CA                     A.P.N.:206-190-038-000
Property Address: 16795 Palm Avenue, Anderson, CA 96007

**NOTICE OF TRUSTEE'S SALE**

PURSUANT TO CIVIL CODE § 2923.3(a) and (d), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER:**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 01/22/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

Trustor: **Dion Arabelski, An unmarried man**
Duly Appointed Trustee: **Western Progressive, LLC**
Deed of Trust Recorded 02/04/2003 as Instrument No. 2003-0007348 in book ---, page--- and of Official Records in the office of the Recorder of Shasta County, California.

Date of Sale : **04/06/2020 at 11:00 AM**
Place of Sale:  **AT THE EAST ENTRANCE TO THE COUNTY COURTHOUSE, SHASTA COUNTY COURTHOUSE, 1500 COURT STREET, REDDING, CA 96001**

Estimated amount of unpaid balance, reasonably estimated costs and other charges: **$147,009.76**

**NOTICE OF TRUSTEE'S SALE**

THE TRUSTEE WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: **16795 Palm Avenue, Anderson, CA 96007**
A.P.N.: **206-190-038-000**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust with interest and late charges thereon, as provided in the note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$147,009.76.**

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same Lender may hold more than one mortgage or Deed of Trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866)-960-8299 or visit this Internet Web site https://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case 2018-03163-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Western Progressive, LLC, as Trustee for beneficiary
C/o 1500 Palma Drive, Suite 237, Ventura, CA 93003
Sale Information Line: (866) 960-8299
https://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx

Date: February 6, 2020
                          **Trustee Sale Assistant**

WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

■ Public Notices

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

In re
PG&E CORPORATION,
-and-
PACIFIC GAS AND ELECTRIC COMPANY,
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS AND SHAREHOLDER PROPONENTS JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**Exhibit F**

# DECLARATION OF PUBLICATION OF
## SAN FRANCISCO CHRONICLE

DIANE FITZGIBBON

declares that:

The annexed advertisement has been regularly published in the

**SAN FRANCISCO CHRONICLE**

which is and was at all times herein mentioned established as newspaper of general circulation in the City and County of San Francisco, State of California, as that term is defined by Section 6000 of the Government Code.

SAN FRANCISCO CHRONICLE
(Name of Newspaper)

901 Mission Street
San Francisco, CA 94103

From _2/18/2020_
To _2/19/2020_
Namely, on _2/18/2020_

(Dates of Publication)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _2/18/2020_

at San Francisco, California.

DIANE FITZGIBBON

## FROM THE COVER

# S.F. office limits sought if housing goals aren't met



Kate Munsch / Special to The Chronicle 2019

*Prop. E would accelerate approvals of such large office projects as Kilroy Realty's San Francisco Flower Mart. Kilroy and many other large developers haven't contributed against the measure.*

*Prop. E from page A1*

almost certainly cut office growth, because the city has built an average of 712 affordable units a year in the past decade.

Prop. E would further tighten Proposition M, a 1986 voter-approved law that limits the city to approving no more than 875,000 square feet of large office projects each year. If the city approves less, the unused square footage rolls over to future years.

"The commercial sector is growing so fast because of the boom," said Elberling, executive director of Todco. "We're not keeping up with the transportation. Everybody knows that's true. And we're not keeping up with the housing needs of all the new workers that are flooding into the Bay Area."

"Any rational person, I would think, says, 'Oh, then we should slow down until we can until we can catch up,' " he said.

But critics say the measure would do great harm to the economy and exacerbate the city's housing crisis, pushing growth to the South Bay and Oakland, while cutting office fees for affordable housing in San Francisco. Opponents also argue it will drive up office rents, forcing out nonprofits and small businesses that can't afford pricey office space.

Prop. E would cut $600 million to $900 million in affordable housing fees and reduce property taxes by $1 billion to $1.5 billion during that time period, according to the city's Office of Economic and Workforce Development.

A study by the city's chief economist said that if the measure passes, disposable personal income will drop 5.9% by

2040, and the city will have 7.9% or 91,600 fewer jobs.

Opponents include the San Francisco Chamber of Commerce and San Francisco Building and Construction Trades Council, which represents union workers. SPUR, a regional planning think tank whose members include developers, also opposes the measure.

"The effect of this ballot measure will be to shift offices out of the city, but leave the housing crisis with us. But we will no longer have any of the revenue to address it," said Jay Cheng, the chamber's public policy director. "The end result of Prop. E will literally take money out of people's pockets. It's really a no-win scenario."

SPUR noted that the measure doesn't create any new funding for housing.

"Prop. E definitely promises one thing but is actually going to reduce affordable housing funding," said Nick Josefowitz, director of policy at SPUR. "Prop. E does nothing to make it easier to build affordable housing."

Josefowitz said streamlining affordable housing approvals and raising more money for below-market units is a better approach.

Mayor London Breed also opposes the measure and had previously sponsored a competing proposal that would have lifted some office restrictions. She pulled her measure to focus on other issues such as homelessness, her spokesman previously said.

Under Prop. E, office projects that provide affordable housing and below-market-rate community and retail space could win approvals sooner, as an incentive to provide more

benefits. But Cheng said that wouldn't affect a significant number of projects.

Opponents face an uphill financial battle. Campaign finance disclosures show the Yes on E campaign has raised $407,353 to date, while opponent have raised $32,500. Cheng said additional commitments bring the opponents' total support up to around $60,000.

Todco, which owns 956 affordable housing units in the South of Market, previously refinanced the buildings to raise millions of dollars that it's deployed for ballot measures it supports.

Meanwhile, the city's largest office developers have stayed out of the fight.

Prop. M's existing office limitations have become a major obstacle for office developers in the newly rezoned Central SoMa district, because the number of office projects chasing approvals exceeds the bank, which is nearly exhausted. Prop. E would help those projects by accelerating approvals of up to 1.7 million square feet for six large office projects, including redevelopment of the San Francisco Flower Mart and 88 Bluxome, which would replace a tennis club. Some of those projects have received approvals for their first phase of development, but not their second.

As a result, those developers, which include some of the city's largest property owners and

developers, such as Boston Properties and Kilroy Realty, haven't contributed to oppose Prop. E, Cheng said.

On recent corporate earnings calls, some real estate executives said Prop. E could benefit existing landlords by limiting supply and putting more pressure on office rents, which are already at record highs.

"We're not hearing anything from any tenants as far as it's impacting their desire to be in San Francisco or they're looking elsewhere. And San Francisco has always been a difficult market to develop in. So I don't think it really changes anything," Robert Pester, executive vice president of the San Francisco region at Boston Properties, said on the call. "What the impact will be is (for) existing product, the rent should continue to rise substantially because it's going to restrict supply.

Rob Paratte, Kilroy executive vice president of leasing and business development, declined to comment on the merits of the measure on an earnings call, but said it would probably make it harder for large office projects to move forward.

"It's going to bode well for rental rates and asking rates because it's just going to make San Francisco tougher to develop in," he said.

Only one developer, Oz Erickson of the Emerald Fund, which builds housing and not offices, has donated to oppose

Prop. E.

"Restricting office supply will simply raise office rents in the city and will negatively affect struggling nonprofits whose work is so important to the well-being of San Francisco. What happens to the food banks, the homeless care providers, the domestic violence responders when their rents suddenly increase due to restricted office supply? They will be forced out of the city, and the city will be worse off," Erickson said.

Doug Engmann, the co-chairman of the original Prop. M campaign, said he strongly supports Prop. E and that new offices don't pay enough to offset their strain on housing and transit.

"We've had too much growth, particularly office growth, outstripping our infrastructure and affordable housing," Engmann said.

Shifting some office growth to nearby cities will help reduce housing demand, even if the San Francisco loses out on fees, he said.

Elberling said a solution to regional disparities is to widen office restrictions.

"What we think is that every city needs a Prop. E," Elberling said. "Long term, every county, every city should balance growth, jobs and housing."

*Roland Li is a San Francisco Chronicle staff writer. Email: roland.li@sfchronicle.com. Twitter: @rolandlisf*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF





# DOYLE

*Sell at Auction in New York!*

## SAN FRANCISCO CONSIGNMENT DAY

WEDNESDAY, FEB 26

We are currently collecting Jewelry & Fine Watches for auction consignment or outright purchase. Please contact us to schedule confidential appointment.

Nan Summerfield, G.G.
Emily Marchick, G.G.
DoyleLA@Doyle.com
310-276-6616

BERKSHIRE HATHAWAY | Drysdale
HomeServices | Properties

LUXURY COLLECTION

LF 19101168

DOYLE
AUCTIONEERS & APPRAISERS
9595 WILSHIRE BLVD
BEVERLY HILLS, CA 90212
DOYLE.COM

**Exhibit G**

# PROOF OF PUBLICATION

## The Bakersfield Californian

3700 Pegasus Drive
Bakersfield, CA 93308

| | | | |
|---|---|---|---|
| **Ad Number:** | 14696901 | **PO #:** | R2120050 |
| **Edition:** | CALR | **Run Times** | 1 |
| **Class Code** | MAIN | | |
| **Start Date** | 02/18/2020 | **Stop Date** | 02/18/2020 |
| **Billing Lines** | | **Inches** | |
| **Total Cost** | | **Account** | |
| **Billing** | | | |
| **Address** | | | |

STATE OF CALIFORNIA
COUNTY OF KERN

I AM A CITIZEN OF THE UNITED STATES AND A RESIDENT OF THE COUNTY AFORESAID: I AM OVER THE AGE OF EIGHTEEN YEARS, AND NOT A PARTY TO OR INTERESTED IN THE ABOVE ENTITLED MATTER. I AM THE ASSISTANT PRINCIPAL CLERK OF THE PRINTER OF THE BAKERSFIELD CALIFORNIAN, A NEWSPAPER OF GENERAL CIRCULATION, PRINTED AND PUBLISHED DAILY IN THE CITY OF BAKERSFIELD COUNTY OF KERN,

AND WHICH NEWSPAPER HAS BEEN ADJUDGED A NEWSPAPER OF GENERAL CIRCULATION BY THE SUPERIOR COURT OF THE COUNTY OF KERN, STATE OF CALIFORNIA, UNDER DATE OF FEBRUARY 5, 1952, CASE NUMBER 57610; THAT THE NOTICE, OF WHICH THE ANNEXED IS A PRINTED COPY, HAS BEEN PUBLISHED IN EACH REGULAR AND ENTIRE ISSUE OF SAID NEWSPAPER AND NOT IN ANY SUPPLEMENT THEREOF ON THE FOLLOWING DATES, TO WIT:

02/18/2020

| | |
|---|---|
| **Solicitor I.D.:** | |
| **First Text** | PG&E CORPORATION |
| **Ad Number** | 14696901 |

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Jason Miller

DATED AT BAKERSFIELD CALIFORNIA

2/18/20

In re:

PG&E CORPORATION,
- and -

PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)

(Lead Case)

(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED
DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER
PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION;
(B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF
BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND
(D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(vi)-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the nature and nature of the Claim or interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support, the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com);

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq.

E. The attorneys for the administrative agent under the Debtors'

debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq (egilad@stroock. com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com);

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli. vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@ paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank. com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP,11601 Wilshire Boulevard, Suite 1400, Los Angeles, California. 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@ jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump. com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com))

THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.

IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

## TODAY IN HISTORY

**1546:** Martin Luther, leader of the Protestant Reformation in Germany, died in Eisleben.

**1564:** Artist Michelangelo died in Rome.

**1861:** Jefferson Davis was sworn in as provisional president of the Confederate States of America in Montgomery, Alabama.

**1885:** Mark Twain's "Adventures of Huckleberry Finn" was published in the U.S. for the first time (after being published in Britain and Canada).

**1930:** Photographic evidence of Pluto (now designated a "dwarf planet") was discovered by Clyde W. Tombaugh at Lowell Observatory in Flagstaff, Arizona.

**1943:** Madame Chiang Kai-shek, wife of the Chinese leader, addressed members of the Senate and then the House, becoming the first Chinese national to address both houses of the U.S. Congress.

**1970:** The "Chicago Seven" defendants were found not guilty of conspiring to incite riots at the 1968 Democratic national convention; five were convicted of violating the Anti-Riot Act of 1968 (those convictions were later reversed).

**1983:** 13 people were shot to death in a gambling club in Seattle's Chinatown in what became known as the Wah Mee Massacre. (Two men were convicted of the killings and are serving life sentences; a third was found guilty of robbery and assault.)

**1988:** Anthony M. Kennedy was sworn in as an associate justice of the U.S. Supreme Court.

**1994:** At the Winter Olympic Games in Norway, U.S. speedskater Dan Jansen finally won a gold medal, breaking the world record in the 1,000 meters.

**1997:** Astronauts on the space shuttle Discovery completed their tune-up of the Hubble Space Telescope after 33 hours of spacewalking; the Hubble was then released using the shuttle's robot arm.

**2001:** Veteran FBI agent Robert Philip Hanssen was arrested, accused of spying for Russia. (Hanssen later pleaded guilty to espionage and attempted espionage and was sentenced to life in prison without the possibility of parole.) Auto racing star Dale Earnhardt Sr. died in a crash at the Daytona 500; he was 49.

**2003:** An arson attack involving two South Korean subway trains in the city of Daegu claimed 198 lives. (The arsonist was sentenced to life in prison, where he died in 2004.)

— The Associated Press

---

# The Bakersfield Californian

**CONTACT US**

■ **Address:** 3700 Pegasus Drive, Bakersfield, CA 93308
■ **Phone:** 661-395-7500

**NEWSROOM**
■ **Phone:** 661-395-7384 or 800-540-0646
■ **Email:** local@bakersfield.com

**CLASSIFIED ADVERTISING**
■ **Phone:** 661-322-SELL
■ **Online:** bakersfield.com/marketplace

**DISPLAY ADVERTISING**
■ **Phone:** 661-395-7622
■ **Online:** mediakit.bakersfield.com

**SUBSCRIBER SERVICES**
■ **Phone:** 661-392-5777 or 800-953-5353
■ **Email:** customercare@bakersfield.com
■ **Online:** bakersfield.com/subscriber-services
**Home delivery:** All plans are automatic renewal, with debit options every month, six months or 12 months; credit card or bank draft accepted

**Daily and Sunday**
■ Easy-pay plan: $24.99/month
■ 6 months: $179.84
■ 12 months: $359.88
**Thursday through Sunday\***
■ Easy-pay plan: $19.99/month
■ 6 months: $137.94
■ 12 months: $275.88
All prices include sales tax and transportation costs. *Includes bonus issue on 11/28/19. An additional one-time $4.95 activation fee applies to new subscriptions.

**Customer service hours**
■ Monday through Friday: 6 a.m. to 2 p.m.
**Redelivery hours**
■ Monday through Friday: 6 to 10:30 a.m.
■ Saturday and Sunday: 7 to 11:30 a.m.

**THE BAKERSFIELD CALIFORNIAN**
(ISSN 0276-5837, USPS 040-380) is published every day by Sound California News Media Inc., 3700 Pegasus Drive, Bakersfield, CA 93308. Periodical postage rates paid at Bakersfield, Calif. Postmaster, please send address changes to: SUBSCRIBER SERVICES, 3700 Pegasus Drive, Bakersfield, CA 93308.

---

## LOTTERY NUMBERS

| | | | | | | |
|---|---|---|---|---|---|---|
| **Saturday's Powerball** | 16 | 32 | 35 | 36 | 46 | 5 POWER |

Next jackpot: $50 million

| | | | | | | |
|---|---|---|---|---|---|---|
| **Friday's Mega Millions** | 10 | 32 | 48 | 54 | 65 | 18 MEGA |

Next jackpot: $45 million

| | | | | | | |
|---|---|---|---|---|---|---|
| **Saturday's SuperLotto** | 1 | 6 | 29 | 34 | 37 | 11 MEGA |

Next jackpot: $9 million

**Daily 3** MIDDAY 2 7 8  EVENING 3 2 5
**Daily 4** 0 0 5 0  **Fantasy 5:** 19 24 31 33 36
**Daily Derby** HORSES 11 12 7  RACE TIME 1:47.59

---

UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
— and —
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case No. 19-30088 (DM) (Lead Case) (Jointly Administered)

AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF

...

[dense legal notice text]

---

# Goodbye, Bob Price; welcome up-and-comers



**HERB BENHAM**
THE CALIFORNIAN



*After more than 30 years with The Bakersfield Californian, Robert Price is leaving to join KGET-TV 17 as digital managing editor.*

CALIFORNIAN FILE PHOTO

The good news is Bob Price will still be writing for the paper. Good for him, better for us. If there is bad news, and I consider it bracing rather than bad, it is that Bob will be joining KGET-TV 17 as digital managing editor, whatever that means.

Bob has worked at the paper for nearly 32 years. He's been through layoffs, hiring freezes, moves and vegetable Fridays. He's enjoyed the salad days and the single-packet-of-saltine-crackers days.

Bob has seen a thousand people come and go, which is not as ominous as it sounds. People who leave, almost without fail, move to bigger papers, get better jobs and make more money. They seem happy and I can't understand why.

Bob will end up in that category because usually people land on two feet and do so with a smile and a swagger. They wave to those of us left behind and visit once every five years or so and we are grateful for that.

Bob has done a million things on the paper: sports reporter, business reporter, entertainment reporter, metro reporter, metro editor, opinion editor, features editor. He's done nearly everything but print the paper, sell the paper and deliver the paper but given that he works late and hard, he may have done those things too.

Other than the late Steve Swenson's article titled "Dead horse neat road raises stink" (funnier than it sounds), Bob wrote my favorite piece of all time during the appearance of the Hale-Bopp Comet in 1997. Bob found Hal Bopp, the Kern County oil and gas supervisor for California, and wrote a column about Bopp and the comet:

"Friends and colleagues, it seems, are beginning to wonder if there's a Bruce Wayne-Batman kind of relationship between the mild-mannered petroleum engineer and the giant celestial snowball," Price wrote.

"Oh, sure, Bopp will offer a succession of alibis for each odd coincidence. He will point out, for instance, that Hale-Bopp is hurtling through space at 27 miles per second, while he, on the other hand, has not exceeded the posted speed limit since he was 19 years old."

Willing subject, able author. The piece was droll. "Droll" is hard to pull off in print, unless you're Bob.

This new gig is all well and good for Bob — new job, new salary, new office, new friends — but it leaves me in somewhat of an awkward position. I am now the most senior member of The Bakersfield Californian staff. I thought about using older but I figured that it might be understood if I did not.

Everybody else is gone. Gone, dead, retired or making more money in other places with brighter lights and more adulation.

Panicking, moaning or self-pitying seemed reasonable but then a wave of maturity entered even though I hadn't asked it to.

At work, and I'm not sure how or when this happened, the building has a chunk of young, smart and talented people.

At home, in the neighborhood, it's no different. At least the young part, but I'm sure they are smart and talented too. There are kids everywhere so they must have been smart, talented and maybe lucky enough to have something to do with it.

New can be terrifying, and some of us should be alarmed because we are solidly on our way to being yesterday's news, but it can also be exciting, gratifying and promising. "Promising" in that not only is there a tomorrow but a day after tomorrow and a day after that.

Thanks, Bob. I'm it now, but it's not bad. I have a front-row seat as people around me are shooting their arrows toward the sky.

*Herb Benham is a columnist for The Bakersfield Californian and can be reached at hbenham@bakersfield.com or 661-395-7279.*

---

## PUBLIC SAFETY

# BPD: Man missing over the weekend found unharmed

**THE BAKERSFIELD CALIFORNIAN**

Jose Perez Munoz, a 57-year-old man who was missing over the weekend and was considered at risk, was found Sunday evening, according to the Bakersfield Police Department.

He was found unarmed and was reunited with his family. He is no longer considered a missing person, according to BPD.

**The Kern County Sheriff's Office identified the motorcyclist killed at the intersection of 2nd Street and Chester Avenue on Friday as Deion Shaquille Nobles, 24, of**

**Bakersfield.**

A truck, driven by Torres Dawson, collided with Nobles at the intersection before 6 p.m. Friday, according to a Bakersfield Police Department news release. Dawson was arrested on suspicion of DUI and gross vehicular manslaughter, according to BPD.

---

# Robert Durst faces trial in friend's slaying

**BY BRIAN MELLEY**
The Associated Press

LOS ANGELES — There is almost no physical evidence connecting New York real estate heir Robert Durst to the slaying of his best friend in Los Angeles 20 years ago.

What does link him to the killing of Susan Berman, though, is a cryptic note sent to police with her address and one word: "CADAVER."

The slip of paper in-

tended to lead authorities to her lifeless body in December 2000 was penned by Durst. His lawyers have admitted as much. Durst himself has said more than once that only the killer or someone involved in the shooting could have written it.

Prosecutors intend to use the note and a web of circumstantial evidence to put Durst behind bars for three killings he's suspected of committing over nearly

four decades. They will be up against a legal team that won Durst's acquittal in one of those deaths.

"Our defense is, one, he didn't do it, and, two, they can't prove beyond a reasonable doubt that he did it," defense lawyer David Chesnoff said. "It is a highly circumstantial case and we will have strong responses to explain the circumstances."

Jury selection begins Wednesday in a case built around a story so sensational it inspired a feature film starring Ryan Gosling as Durst and a six-part documentary on his life that helped lead to his arrest.

Durst, 76, the eccentric son of a late prominent New York real estate developer, has pleaded not guilty. Said to be worth $100 million, and having jumped bail before, Durst has been awaiting trial in a California jail.

Suspicion has dogged Durst since his wife vanished in a New York suburb in 1982, a mystery that brought not only attention from the city's tabloids, but The New York Times

---

**DO YOU HAVE OR NEED**

A Medicare Supplement? Individual or Family Coverage? Losing Group Insurance?

**Don't Pay More Than You Need To!**

Review Drug Plans and Health Plans With Lower Premiums and More Freedom To Choose or Keep Your Doctor

Clients Send Their Friends To Us We Make It Easy!

We Service and Process Your Application at No Cost to You

In-Home, Office & Evening Appointments Available

Senior Benefits Insurance Services
3761 Bernard Street Bakersfield, Ca. 93306

**CALL TOLL FREE 1-661-426-7051**

Brian Dunlap
Lic#0F44254

**Exhibit H**

This space for County clerk's Filing Stamp

PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Sonoma

I am a citizen of the United States and a resident of the county aforesaid: I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of The Press Democrat, a newspaper of general circulation, printed and published DAILY IN THE City of Santa Rosa, County of Sonoma; and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sonoma, State of California, under the date of November 29, 1951, Case number 34831, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates to wit:

The Press Democrat - Legal Notices

2/18 - 2/18/2020

I certify (or declare) under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated at Santa Rosa, California, on

Feb 18, 2020

SIGNATURE

Proof of Publication of

# PUBLIC NOTICE ▪▪▪ PUBLIC NOTICE ▪▪▪ PUBLIC NOTICE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>**All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties**. Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(v) C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

City of Santa Rosa

**CITY OF SANTA ROSA**
**NOTICE OF PUBLIC HEARING**

**FY 2020-21 BUDGET PRIORITIES PUBLIC HEARING**

**Notice is hereby given that a public hearing will be conducted by the City Council on Tuesday February 25, 2020, at or after 5:00 p.m., in the City Council Chamber, City Hall, 100 Santa Rosa Avenue, Santa Rosa. The purpose of the public hearing will be to receive public comment and recommendations prior to the City Council acting on the upcoming preparation and review of the FY 2020-21 Annual Budget.**

**Comments and questions may be directed to the Finance Department, City of Santa Rosa, 90 Santa Rosa Avenue, Santa Rosa, CA 95404, telephone (707) 543-3140 050401@srcity.org.**

**Dina Manis, Acting City Clerk, City of Santa Rosa**

**PUBLISHED: January 31, 2020**
**February 18, 2020**

**The City of Santa Rosa does not discriminate against individuals with disabilities in its employment, services, benefits, facilities, programs, or activities. Requests for accommodations, auxiliary aids, or services necessary to participate in a City program, service, or activity, including printed information in alternate formats, are available by contacting the City Clerk's Office at 707-543-3015 (TTY Relay at 711) or cityclerk@srcity.org. Requests should be submitted as far in advance as possible, but no later than two business days before the scheduled meeting.**

**37593 – Pub Jan 31, Feb 18, 2020 2ti.**

**NOTICE OF PETITION TO ADMINISTER ESTATE OF RUTH M. SCOTTO**
**CASE NO. SPR-094155**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will, or estate or both, of: RUTH M. SCOTTO.

A Petition for Probate has been filed by: MARY COURTEAU in the Superior Court of California, County of Sonoma.

The Petition for Probate requests that: MARY COURTEAU be appointed as personal representative to administer the estate of the decedent.

X The petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

X The Petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

A hearing on the petition will be held in this court as follows: 03-06-2020 at 9:30 a.m. in Dept. 18, located at 3055 Cleveland Ave, Santa Rosa, CA 95403.

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.

Other California statues and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a formal Request for Special Notice (FORM DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code §1250. A Request for Special Notice form is available from the court clerk.

FILED: 2/6/2020
JEANNE LEVIN, Attorney at Law
2455 Bennett Valley Rd., Ste 107C
Santa Rosa, CA 95404
707-579-5078
Attorney for Petitioner

41120 - Pub. Feb 12, 15, 18, 2020 3ti.

**FICTITIOUS BUSINESS NAME STATEMENT**
**FILE NO. 2020-00409**

The following person (persons) is (are) doing business as:
1) VULCAN MATERIALS COMPANY; 2) VULCAN MATERIALS COMPANY, WESTERN DIVISION located at 1534 COPPERHILL PARKWAY SANTA ROSA, CA 95403, Mailing Address 500 N BRAND BLVD. GLENDALE, CA 91203 Sonoma County, is hereby registered by the following owner(s): CALMAT CO. 1200 URBAN CENTER DRIVE, BIRMINGHAM, AL 35242

This business is conducted by: A DE Corporation

The registrant commenced to transact business under the fictitious name or names above on 1/15/2020.

I declare that all information in this statement is true and correct. Signed: MARK REARDON, VICE PRESIDENT

This statement was filed with the County Clerk of SONOMA COUNTY on 02/04/2020

I hereby certify that this copy is a correct copy of the original statement on file in my office.

DEVA MARIE PROTO
Sonoma County Clerk
By /s/ Norma Gonzalez
Deputy Clerk
SEAL

41012 - Pub. Feb 11, 18, 25, Mar 3, 2020 4ti.

**LIEN SALE NOTICE**

**Notice is hereby given pursuant to Section 3071 of the Civil Code of the State of California, the undersigned, Cream's Towing, 3971 Santa Rosa Ave., Santa Rosa, CA, 95407, will conduct a public sale on March 6, 2020, at 10:00 a.m. on the following vehicle: 2015 Chevrolet, VIN #: 1GB2CUEG1FZ505163, CA License Plate: 07904V1.**

41071 – Pub Feb 18, 2020 1ti

**NOTICE OF TRUSTEE'S SALE**

**T.S. No.: 2019-04587 A.P.N.: 152-060-020 NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED. [PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.] YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/12/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. A PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2424h(b), (payable at the time of sale in lawful money of the United States), will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale. Trustor: GARY FREITAS AND TAMI FREITAS HUSBAND AND WIFE AS JOINT TENANTS Duly Appointed Trustee: Entra Default Solutions, LLC 1355 Willow Way, Suite 115, Concord, California 94520 Phone: (925)272-4993 Deed of Trust Recorded 7/20/2018 as Instrument No. 2018051867 in book , page of Official Records in the office of the Recorder of Sonoma County, California, Date of Sale: 3/2/2020 at 10:00 AM Place of Sale: In the Plaza at Fremont Park located at 860 Fifth Street, Santa Rosa, CA 95401 Amount of unpaid balance and other charges: $634,502.97 Street Address or other common designation of real property: 2814 Audubon Court Santa Rosa, California 95403 to be sold: A.P.N.: 152-060-020 The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. We are attempting to collect a debt and any information we obtain will be used for that purpose. NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 or visit this Internet Web site www.servicelinkASAP.com, using the file number assigned to this case 2019-04587. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. Date: 1/28/2020 Entra Default Solutions, LLC Katie Milnes, Vice President A-4717164 02/04/2020, 02/11/2020, 02/18/2020**

**38796 – Pub. Feb 4, 11, 18, 2020 3ti.**

**SRJC BID #1236**
**SRJC Doyle Library 1st Floor Interior Modifications Project**
**NOTICE INVITING BIDS**

1. **Notice is hereby given that the Governing Board of the Sonoma County Junior College District ("District"), of the County of Sonoma, State of California, will receive bids for the SRJC Doyle Library 1st Floor Interior Modifications Project. This project requires License B – General Contractor**
2. **A Mandatory Bidders Conference will be held at the Santa Rosa Junior College Campus Santa Rosa, CA 95401 Facilities Maintenance Yard 1880 Armory Drive, Santa Rosa, CA 95401 on February 20, 2020 at 10 AM. The purpose of this conference is to acquaint all prospective bidders with the Contract Documents and Project Site. Failure to attend the conference may result in the disqualification of the bid of the non-attending bidder. Bids are due by 1 PM on March 12, 2020. Bids will be opened electronically and read aloud in the Purchasing Department located in Bailey Hall at Santa Rosa Junior College, 1501 Mendocino Ave, Santa Rosa, CA.**
3. **All bids shall be received electronically through the District's electronic bidding software on or before the due date stated in the bid document. Bid information may be obtained at:**
   **http://purchasing.santarosa.edu/current-solicitations**
   **Sonoma County Junior College District utilizes the college district website and the Press Democrat http://www.pressdemocrat.com/ for notification of solicitation opportunities. These are the only forms of notification authorized by the college district. Sonoma County Junior College shall not be responsible for receipt of notification and information received from any other source other than those listed and it shall be the vendor's responsibility to verify the validity of all bid information received.**
4. **Each bid shall be accompanied by a bidder's bond executed by a surety licensed to do business in the State of California as a surety, made payable to the District, in an amount not less than ten percent (10%) of the maximum amount of the bid. The bid bond shall be given as a guarantee that the bidder to whom the contract is awarded will execute the Contract Documents and will provide the required payment and performance bonds and insurance certificates within ten (10) days after the notification of the award of the contract.**
5. **The successful bidder shall comply with the provisions of the Labor Code pertaining to payment of the generally prevailing rate of wages and apprenticeships or other training programs. The Department of Industrial Relations has made available the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft, classification or type of worker needed to execute the contract, including employer payments for health and welfare, pension, vacation, apprenticeship and similar purposes. Copies of these prevailing rates are available to any interested party upon request and are online at http://www.dir.ca.gov/DLSR. The Contractor and all Subcontractors shall pay not less than the specified rates to all workers employed by them in the execution of the Contract. It is the Contractor's responsibility to determine any rate change.**
6. **The schedule of per diem wages is based upon a working day of eight hours. The rate for holiday and overtime work shall be at least time and one half.**
7. **The substitution of appropriate securities in lieu of retention amounts from progress payments in accordance with Public Contract Code §22300 is permitted.**
8. **Pursuant to Public Contract Code §4104, each bid shall include the name and location of the place of business of each subcontractor who shall perform work or service or fabricate or install work for the contactor in excess of one-half of one percent (1/2 of 1%) of the bid price. The bid shall describe the type of the work to be performed by each listed subcontractor.**
9. **No bid may be withdrawn for a period of sixty (60) days after the date set for the opening for bids except as provided by Public Contract Code §§5100 et seq. The District reserves the right to reject any and all bids and to waive any informalities or irregularities in the bidding.**
10. **The project is subject to compliance monitoring and enforcement by the California Department of Industrial Relations. In accordance with SB 854, all bidders, contractors and subcontractors working at the site shall be duly registered with the Department of Industrial Relations at time of bid opening and at all relevant times. Proof of registration must be available upon request prior to the commencement of any work.**
11. **Each bidder shall possess at the time the bid is awarded the following classification(s) of California State Contractor's license: B - General Contractor.**
12. **The Governing Board has found that the Project is substantially complex and therefore requires a retention amount of 5%.**

**SONOMA COUNTY JUNIOR COLLEGE DISTRICT**
**By: Ralph Gause, Senior Buyer**

**40791 – Pub Feb 11, 18, 2020 2ti.**

**NOTICE OF TRUSTEE'S SALE**

**TSG No.: 190990099-CA-MSI TS No.: CA1900285535 APN: 046-181-010-000 Property Address: 928 WEST SIERRA AVENUE COTATI, CA 94931 NOTICE OF TRUSTEE'S SALE YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/05/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. On 03/19/2020 at 01:00 P.M., First American Title Insurance Company, as duly appointed Trustee under and pursuant to Deed of Trust recorded 12/13/2006, as Instrument No. 2006153931, in book , page , , of Official Records in the office of the County Recorder of SONOMA County, State of California. Executed by: PATRICK MICHAEL FARRELL AND, TRACY LYNN FARRELL, HUSBAND AND WIFE AS JOINT TENANTS, WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) Fremont Park, 860 Fifth Street, Santa Rosa, CA 95401 All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 046-181-010- 000 The street address and other common designation, if any, of the real property described above is purported to be: 928 WEST SIERRA AVENUE, COTATI, CA 94931 The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $1,259,002.99. The beneficiary under said Deed of Trust has deposited all documents evidencing the obligations secured by the Deed of Trust and has declared all sums secured thereby immediately due and payable, and has caused a written Notice of Default and Election to Sell to be executed. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located. NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 800-280-2832 or visit this Internet Web www.Auction.com, using the file number assigned to this case CA1900285535 Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney. Date: First American Title Insurance Company 4795 Regent Blvd, Mail Code 1011-F Irving, TX 75063 First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. FOR TRUSTEES SALE INFORMATION PLEASE CALL 800-280-2832NPP0367410 To: PRESS DEMOCRAT 02/11/2020, 02/18/2020, 02/25/2020**

**40800 – Pub Feb 11, 18, 25, 2020 3ti.**

**NOTICE INVITING BIDS**

**1. Receipt and Opening of Bids.**

**A. Notice is hereby given that sealed bids will be received at the offices of the Northern California Power Agency ("Agency" or "NCPA") located at 12000 Ridge Road, Middletown, CA 95641 until Thursday, March 12, 2020 at 2:00 PM PST. The bids will be publicly opened and read aloud for the construction of the Work entitled:**

**Northern California Power Agency**
**Project Description:**
**Geothermal Plant 1 HVAC**
**System Upgrade Project**
**NCPA Bid No. GEO369**
**12000 Ridge Road**
**Middletown, CA 95641**

****Please note: The above address cannot accept USPS. If mailing in your bid, please use a courier such as UPS or Fed Ex.****

**B. Any bid received after the time and date specified above shall be deemed non-responsive and shall be returned to the bidder unopened.**

**C. Bids received by e-mail or other electronic media shall be considered.**

**2. General Work Description. The project, as more particularly described in the Bid Documents includes, but is not limited to, will comprehensibly retrofit the existing system. All major system components will be replaced, some ducting will be rerouted and enlarged, and a new control system installed as part of the project.**

**3. Contractor's License Requirements.**
**A bidder must be a contractor, holding a valid Class C license issued by the State of California, to perform the work for this project. The license must be active and in good standing as of the date of receipt of bids and must be maintained in good standing throughout the term of the contract.**

**4. Minimum Wage Requirement. Bidders are hereby notified that, pursuant to Labor Code Sections 1770 et seq., the California Director of Industrial Relations has ascertained the general prevailing rate of per diem wages and rates in the locality where this work is to be performed. The prevailing rates are available on the State of California Department of Industrial Relations website at www.dir.ca.gov and at the Agency's principal office, located at 651 Commerce Drive, Roseville, CA and at the job site.**

**It shall be mandatory upon the Contractor to which the contract is awarded, and upon any subcontractor under the Contractor, to pay not less than the specified prevailing wage rates to all laborers, workers, and mechanics employed in the execution of the contract.**

**5. Obtaining Bid Documents. Complete set of bid documents, including a copy of the Supplemental Conditions (if any), Technical Specifications and Plans (if any) and other Bid Documents will be made available during the mandatory pre-bid conference. Please contact the Project Manager, Jacob Snyder at Jacob.Snyder@ncpa.com or 707-809-6045.**

**6. Bid Bond. Each bid shall be accompanied by a certified check, cashier's check or bidder's bond payable to NCPA for an amount equal to ten percent (10%) of the amount of the bid. This guaranty will be forfeited to, paid to or retained by the Agency as damages should the bidder to which the Contract is awarded fail to enter into the contract or fail to present satisfactory bonds and/or insurance, as detailed in the Bid Documents, within ten business days of receipt of the Agency's Notice of Award of the Contract. A bidder's bond must be issued by a California admitted surety, and comply with applicable law.**

**7. Substitution of "or Equal" Materials. A bidder may propose one or more "equals" or substitutions for products listed in the Bid Documents by manufacturer name, brand or model number, unless the Bid Documents specify that the product is necessary to match others in use. Complete information for products proposed by a Bidder as an equal must be submitted to the Project Manager for review, at least ten business days before the time specified for bid opening in accordance with the Instructions to Bidders contained in the Bid Documents**

**8. Retainage. The successful bidder will be allowed to substitute securities or establish an escrow in lieu of retainage, pursuant to Public Contract Code Section 22300, and as described in the Agreement.**

**9. Payment (Labor and Materials) and Performance Bonds. The successful bidder will be required to furnish a Payment (Labor and Materials) Bond in the amount of one hundred percent (100%) of the contract price, a Faithful Performance Bond in the amount of one hundred percent (100%) of the contract price, and a Maintenance Bond in the amount of ten percent (10%) of the contract price. The bonds must be obtained from an admitted surety and comply with applicable law. The successful bidder will also be required to furnish insurance as set forth in the Bid Documents.**

**10. Permits. The successful bidder shall apply for and obtain at its cost any permits required for all work, except as otherwise specified in the Bid Documents.**

**11. Mandatory Site Pre-Bid Conference. A mandatory pre-bid conference and tour of the site will be held on: Tuesday, February 25, 2020 at 10:00 AM PST, or Wednesday, February 26, 2020 at 10:00 AM PST at NCPA's Geothermal Facility located at 12000 Ridge Road (Off HWY 175 and Socrates Mine Road), Middletown, CA 95461. Attendance at one of the pre-bid conferences in its entirety is mandatory and is a prequalification for a bid to be deemed responsive. Please call for directions; MapQuest and Google Maps will take you to the wrong location.**

**12.**

**13. Bidders must be on time or will be disqualified. The purpose of the conference is to review the bid requirements, to receive bidder questions and to review the site. Each bidder is responsible for signing the attendance sheet at the pre-bid conference to ensure qualified bid status. Any bid received by a bidder other than those included on the attendance sheet will be deemed non-responsive and the bid will be returned unopened.**

**14. Award of Contract.**

**A. Each bidder shall comply with and agree to all instruction and requirements in this Notice Inviting Bids and in the Bid Documents. All bids must be submitted on the prescribed bid proposal form.**

**B. The Agency reserves the right to reject any or all bids or to waive any informalities in a bid. The Agency will award the contract, if awarded, to the responsible bidder with the lowest responsive bid and whose bid proposal complies with the requirements prescribed. Such award, if made, will be made within ninety (90) calendar days after the opening of the proposals. All bids shall be valid for a minimum of ninety (90) days after the scheduled date for the opening of bids.**

**15. Notice of Compliance Monitoring. This project is subject to compliance monitoring and enforcement by the Department of Industrial Relations.**

**Dated: February 4, 2020 at Roseville, California**

**Northern California Power Agency**
**Jacob Snyder, Plant Engineer**
**2/17, 2/18, 2/19, 2/20, 2/21/20**
**CNS-3340195#**
**THE PRESS DEMOCRAT**

**40347 – Pub Feb 17-21, 2020 5ti.**

**Exhibit I**

# AFFIDAVIT

STATE OF NEW JERSEY          )
                             ) ss:
CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )

I, Andrew Introne, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

 the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

 1   insertion(s) on the following date(s):

FEB-18-2020;

ADVERTISER:  PG&E CORPORATION;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
 18   day of   February    2020

Notary Public

IAN C MARTIN
NOTARY PUBLIC
ID #
50086494
COMMISSION
EXPIRES
7/18/2023
STATE OF NEW JERSEY

## BUSINESS & FINANCE

## STOCKS

# Train Deal Creates A Giant

Continued from page B1

stom, the deal promises the bulk it has long said it needs to challenge China's CRRC, the world's largest train maker. Alstom and Siemens AG tried to do that once before, but their train business merger proposal was quashed in Brussels over regulatory concerns.

The Bombardier deal offers fewer regulatory hurdles and is unfolding in a very different political climate in Europe. A new European Commission, facing competition from China but also fighting on several trade fronts with the U.S., has promised to flex its muscles to support European industrial policy.

EU Competition Commissioner Margrethe Vestager's decision to oppose the French-German merger—on grounds that it would harm European consumers—infuriated many European politicians, who saw the linkup

as potentially creating a European industrial giant able to compete globally against Chinese state-backed companies.

A train linkup between Alstom and Bombardier could face less antitrust pushback from Brussels primarily for commercial reasons, rather than political logic, because the French and Canadian train makers' products and industrial operations are largely complementary. With "potentially limited overlaps," said analysts at UBS in a research note published Sunday, "this deal could potentially face lower regulatory barriers" from EU regulators.

Alstom and Siemens compete fiercely in the precipitous market for high-speed long-distance trains and the less visible but critical market for train-signaling equipment. Both also have production and maintenance operations around Europe that local politicians feared would be closed or downsized following a merger, so many of Europe's national competition regulators opposed the Alstom-Siemens merger on national grounds.

Still, fallout from the failed Alstom-Siemens deal has prompted fresh analysis of EU

competition regulation in Brussels. Ms. Vestager, who was promoted in December to oversee "a Europe fit for the Digital Age," has pledged to examine where antitrust regulation can make greater room for promoting Europe's global competitiveness. An advocate of free-market policies, Ms. Vestager opposes returning to subsidies or industrial policies that protect corporate champions.

**Alstom hopes to challenge China's CRRC, the world's biggest train maker.**

Some European politicians who want to promote national interests are getting impatient and advocating greater consideration of political imperatives in antitrust reviews.

Earlier this month, ministers of finance and economics from Germany, France, Italy and Poland wrote a joint letter to Ms. Vestager reminding her that "the nature of global competition has changed."

For competition policy "to remain relevant and effective," the ministers said, enforcement "may require some adaptations over time."

Pressure on Ms. Vestager could grow even more intense—and potentially make her more amenable to approving an Alstom-Bombardier linkup—because she is widely expected to raise questions about another European merger, between French and Italian shipyards building cruise liners.

Ms. Vestager, in announcing the competition review, said she "will carefully assess whether the proposed transaction would negatively affect competition" and harm Europeans.

French Finance Minister Bruno Le Maire said the proposed Alstom-Bombardier deal is "excellent news for France, for Europe and for Canada."

Monday's Alstom-Bombardier agreement would provide cash that could more than halve Bombardier's current debt of $9 billion and reduce the once-sprawling global transportation manufacturer to a business-jet manufacturer of such brands as the Learjet and Global aircraft.

*—Ben Dummett contributed to this article.*

## A Week in the Life of the DJIA

A look at how the Dow Jones Industrial Average component stocks did in the past week and how much each moved the index. The DJIA gained 295.57 points, or 1.02%, on the week. A $1 change in the price of any DJIA stock = 6.78-point change in the average. To date, a $1,000 investment on Dec. 31 in each current DJIA stock component would have returned $30,473, or a gain of 1.56%, on the $30,000 investment, including reinvested dividends.

| | The Week's Action | | | | | | | | $1,000 invested (year-end '19) |
|---|---|---|---|---|---|---|---|---|---|
| | Pct chg | Stock price chg (%) | | Point chg | | Symbol | Close | $1,000 | |
| Nike | | 4.13 | 4.10 | 27.81 | NKE | 103.54 | | $1,022 | |
| 3M | | 3.72 | 3.55 | 51.21 | MMM | V | 210.29 | | 1,121 |
| Caterpillar | | 3.46 | 4.62 | 31.33 | CAT | | 138.08 | | 941 |
| UnitedHealth Group | | 3.31 | 9.56 | 64.84 | UNH | | 290.78 | | 1,035 |
| Home Depot | | 3.26 | 7.73 | 52.43 | HD | | 245.03 | | 1,122 |
| American Express | | 3.07 | 4.05 | 27.47 | AXP | | 135.37 | | 1,095 |
| McDonald's | | 2.59 | 5.48 | 37.17 | MCD | | 217.09 | | 1,098 |
| Intel | | 1.89 | 1.25 | 8.48 | INTC | | 67.27 | | 1,130 |
| Apple | | 1.54 | 4.92 | 33.37 | AAPL | | 324.95 | | 1,199 |
| Travelers | | 1.29 | 1.75 | 11.87 | TRV | | 137.76 | | 1,006 |
| Coca-Cola | | 1.28 | 0.76 | 5.15 | KO | | 59.95 | | 1,083 |
| Dow | | 1.25 | 0.60 | 4.07 | DOW | | 48.63 | | 889 |
| WalMart | | 1.24 | 1.44 | 9.77 | WMT | | 117.89 | | 992 |
| Boeing | | 1.18 | 3.84 | 7.25 | BA | | 340.49 | | 1,051 |
| Chevron | | 1.05 | 1.14 | 7.73 | CVX | | 110.06 | | 924 |
| Microsoft | | 0.94 | 1.16 | 9.90 | MSFT | | 185.35 | | 1,175 |
| 3M | | 0.58 | 0.93 | 6.31 | MMM | | 161.73 | | 921 |
| JPMorgan Chase | | 0.21 | 0.29 | 1.97 | JPM | | 137.46 | | 993 |
| Procter & Gamble | | 0.06 | 0.06 | 0.41 | PG | | 126.14 | | 1,016 |
| Goldman Sachs | | -0.39 | -0.92 | -6.24 | GS | | 244.11 | | 1,063 |
| Walgreens | | -0.73 | -0.39 | -2.65 | WBA | | 52.85 | | 896 |
| Walt Disney | | -1.14 | -1.48 | -10.04 | DIS | | 138.04 | | 965 |
| Johnson & Johnson | | -1.16 | -1.76 | -11.94 | JNJ | | 146.33 | | 1,029 |
| Exxon Mobil | | -1.33 | -0.82 | -5.56 | XOM | | 60.65 | | 882 |
| Verizon | | -1.77 | -2.71 | -18.38 | VZ | | 58.80 | | 1,136 |
| Visa | | -2.08 | -1.00 | -6.78 | V | | 202.68 | | 1,086 |
| United Technologies | | -2.15 | -1.37 | -22.86 | UTX | | 85.46 | | 1,151 |
| Cisco | | -2.39 | -1.43 | -9.70 | CSCO | | 48.83 | | 1,017 |
| Merck | | -4.05 | -3.65 | -24.77 | MRK | | 82.65 | | 909 |
| Pfizer | | -4.05 | -1.54 | -10.44 | PFE | | 36.42 | | 941 |

*Based on Composite price. DJIA is calculated on primary-market price.*
*Source: Dow Jones Market Data; FactSet*

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### BANKRUPTCIES

### CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GSE BONDS ANTITRUST LITIGATION   Case No. 1:19-cv-01704 (JSR)

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, HEARING ON
ADDITIONAL PROPOSED SETTLEMENTS AND ATTORNEYS' FEES PETITION,
AND RIGHT TO SHARE IN NET SETTLEMENT FUND

### BUSINESS OPPORTUNITIES

### GLOBAL DANCE & GYMNASTICS
### APPAREL MANUFACTURER
$32mm Annual Revenue
Domestic Production & Overseas Sourcing

**Equity Partners**
a Division of SC&H Capital
(443) 951-4854 or DBeall@SCHGroup.com

### INTERNET STARTUP
Investors
Wanted
760-409-0433

### ATTENTION INVESTORS
We are a 29-year company based in Louisville, KY specializing in senior housing. Looking for a majority/minority partner to assist in acquiring properties.
Contact: Ralph Andrade, President/Owner
www.renaissanceseniorcommunities.com
(502) 648-0783

### 22% YIELD
School security loans and working capital for expansion of U.S. security business.
5 year term, 22% interest
30 Years Experience
Contact: 914-260-2949

### CPAs, Advisors & Bus Pros:
Help Families Save
Thousands on College!
Boost profits & attract clients
with innovative NEW TOOLS!
Ask about an Exclusive
Special Introductory Rate
LFE Institute, LLC
850. 781. 9191

### OTC Shell (full reporting)
Available for reverse merger or control purchase (existing or new shares) reporting company with no debt.
Impeccable clean OTC shell
pubcocure/gmail.com
(480) 319-6656

### CAREERS

### PRODUCTS

AMERICA'S
COLD ROLLED
STRIP STEEL
COMPANY
GreerSteel.com

### TRAVEL

Save Up To 60%
First & Business
INTERNATIONAL
Major Airlines, Corporate Travel
Never Fly Coach Again!
www.cooktravel.net
(888)473-3941

THE WALL STREET JOURNAL.
THE
MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds

### COMMERCIAL REAL ESTATE

### PUBLIC NOTICES



© 2020 Dow Jones & Company, Inc.
All Rights Reserved.

**Exhibit J**

# AFFIDAVIT OF PUBLICATION

**Name of Publication:** Times-Standard
**Address:** 930 6th Street, Eureka, CA 95501
**Phone:** 707-441-0556

The following described advertisement for
**PG&E CORPORATION** and
**PACIFIC GAS AND ELECTRIC COMPANY**
was printed in the **Times-Standard**,
published in the city of Eureka, state of
California, as described:

---

**Headline:**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION
**Date of publication:** 2/18/2020
**Appearing on page:** A3

Before me a Notary Public personally appeared

**Name:** Janet Marchetti

**Title:** Advertising Coordinator

**Signature:** _____

**State of** California **County of** Humboldt

Subscribed and sworn to (or affirmed) before

me on this __18__ day of __Feb.__

2020, by __Janet Marchetti__

proved to me on the basis of satisfactory evidence

to be the person(s) who appeared before me.



KELSEY YOUNKER
COMM. #2181591
NOTARY PUBLIC · CALIFORNIA
HUMBOLDT COUNTY
My Comm. Expires Feb. 24, 2021

Signature of Notary Public

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
— and —
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), or, if needed, March 11, 2020 at 10:00 a.m.** (Prevailing Pacific Time), in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c (iv)-C-L below (BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections or other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:
(i) be in writing;
(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
(iii) State with particularity in short, concise bullet points (without points and authorities in support, the basis and nature of any objection or response to the Proposed Disclosure Statement and indicate, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;
(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
(v) Be served on the following parties:
A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;
B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);
C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));
D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (james.l.snyder@usdoj.gov) and Timothy Laffredi (timothy.s.laffredi@usdoj.gov));
E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180

Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)), and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));
F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));
G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));
H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));
I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));
J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McClellan Esq. (bmcclellen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer Wei, LLP 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));
K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and
L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

5. **THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

6. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines.
a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.
b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing replies to Fire Victim Claims Resolution Procedures.
c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.
d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).
e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.
f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.
g. March 3, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.
h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.
i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.
j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling and evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**
k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

7. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk or a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**") or the "**Solicitation Agent**"), at the address or e-mail address below. If by standard, overnight, or hand delivery: PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; If by e-mail to: pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## Pier 1

FROM PAGE 1

Pier 1 said it will pursue a sale, with a March 23 deadline to submit bids. A hearing is scheduled for Tuesday at the U.S. Bankruptcy Court for the Eastern District of Virginia.

In the meantime, Pier 1 said lenders have committed approximately $256 million in debtor-in-possession financing so it can continue its operations during the Chapter 11 proceedings.

"Today's actions are intended to provide Pier 1 with additional time and financial flexibility as we now work to unlock additional value for our stakeholders through a sale of the company," Pier 1 CEO and Chief Financial Officer Robert Riesbeck said in a statement. Riesbeck, an executive with previous corporate turnarounds, joined Pier 1 last summer.

Ted Gavin, a retail bankruptcy expert and managing partner of the consulting firm Gavin/Solmonese, said he hasn't shopped at Pier 1 in more than a decade.

"People have been talking about Pier 1 heading for bankruptcy for a few years now. They've closed stores, they've struggled to find a steady customer base, they've struggled with falling sales," Gavin said.

Pier 1 was founded in 1962 in California, where it made its name selling incense, beanbag chairs and love beads. The company moved to Texas in 1966 and went public in 1970.

But in recent years, it struggled to draw customers to its often cramped and cluttered stores. The company has been trying to streamline its merchandise, improve online sales and draw in younger customers, but it was an uphill climb. On Monday, Pier 1 was selling a tufted velvet armchair for a sale price of $399 on its web site. Target was offering a similar one for $214.

In its most recent fiscal year, which ended in February 2019, Pier 1 reported sales of $1.55 billion. That was down 18% from 2015. Pier 1's sales tumbled 13% to $358 million in its most recent quarter, which ended Nov. 30.

## Parties

FROM PAGE 1

primary to have high levels of voter turnout. Additionally, while in past years California held its primary in June, and was considered an afterthought in terms of impact on candidate runs, this year's March date is likely to be instrumental as part of Super Tuesday.

"While voters have become accustomed to the 'top-two vote-getter' sys-

tem for federal and state races, the rules for voting in a presidential primary are different," said Padilla in a statement. "Allowing voters to easily update their political party preference will be especially important for the March 3rd Primary. Streamlining political party preference changes will help keep wait times at the polls to a minimum and help voters get their preferred ballot."

*Ruth Schneider can be reached at 707-441-0520.*

## Graffiti

FROM PAGE 1

or-12,000 markings."

Ahearn said the city is looking for interested volunteers to help restore the mural outside Wildberries Marketplace. The original artwork depicts a garden of organic produce, but now there's a blue marking of "Tropical Skuse" cover-

ing the image.

"Graffiti vandals — even though what they're doing is negative — there seems to be an unwritten code among them not to graffiti over works of art," Winkler said. "I was especially offended by somebody having so much disrespect for the artwork of the community."

*Shomik Mukherjee can be reached at 707-441-0504.*

## Flyers

FROM PAGE 1

were in constant contact," Hickcox said. "We were all going through deliberately to find what the evidence was that would suggest a certain person was responsible."

Besides the flyers, the university's investigation has turned up other sources of information since it began, HSU spokesperson Grant Scott-Goforth said Monday.

Scott-Goforth declined to say if the university has canceled any classes, saying it could "be used to identify the people involved."

Currently, the matter is not formally a Title IX investigation because no one has come forward with a complaint, but Hickcox's office is participating in the university's process.

Title IX, the federal law prohibiting discrimination or retaliation on the basis of sex (including sexual harassment and sexual assault), is limited to public university campuses and doesn't involve the judicial system.

When a Title IX investigation and subsequent hearing against a student results in a finding that the claim is more likely than not to be true, the accused individual faces sanctions that may include suspension or expulsion. Hickcox said he will look into "fair and consistent" sanctions for faculty members should a formal investigation arise.

Hickcox was hired as HSU's Title IX coordinator in December 2019 after several years of working as a recruitment manager in the university's Human Resources department.

In multiple statements emailed to the campus community, HSU has provided links to the university's counseling and psychological services, as well as a campus advocacy program that operates on behalf of the North Coast Rape Crisis Team.

The emails also provide Hickcox's contact information, as well as a phone number for the university police department.

*Shomik Mukherjee can be reached at 707-441-0504.*

## Exhibit

FROM PAGE 1

tive director, Leigh Pierre-Oetker, declined to comment ahead of the city council meeting. The Bear River Band and city of Eureka were unavailable for comment by publication time.

Anytime an attraction has a new addition or exhibit, that stimulates "not just local curiosity but out-of-town as well," said Bob Gilbert, general manager of marketing firm Eddy Alexander's tourism practice who has worked on tourism for national attractions like the Kennedy Space Center.

The zoo is a community attraction and, in terms of marketing, the more things

that are to do and see in a particular area, the more attractive it will be for visitors, Gilbert said.

Locals who may also see the same exhibits routinely get an additional incentive to visit the zoo anytime there's a new addition, he said.

"What does increased visitation bring to a community?" Gilbert said. "... If we can increase visitation to Eureka as a whole, everyone benefits. It isn't just a restaurant, it's not just a hotel, it's not just the zoo."

The more visitors there are, the more sales tax will be generated and increased sales tax means you can recruit a new teacher or a new police officer, Gilbert said.

*Sonia Waraich can be reached at 707-441-0506.*

## Civic

FROM PAGE 2

The agenda can be accessed online at http://www.ci.eureka.ca.gov/cals/

**Ferndale City Council**

When: Third Wednesday of every month at 7 p.m.

Where: Ferndale City Hall, 834 Main St., Ferndale

• The council will hold a special study session at 6 p.m. to discuss Proposition 218 and implementing a sewer rate increase.

• The council will consider a resolution to repeal and replace a resolution on the drainage committee.

• The council will appoint members to the drainage committee.

• The council will discuss amending the nuisance ordinance.

The agenda can be accessed online at https://ci.ferndale.ca.us/departments/city-council/.

**Fortuna City Council**

When: Meeting moved

to Tuesday at 6 p.m. due to holiday

Where: City Hall council chambers 621 11th Street, Fortuna

• The council will discuss the mid-year budget review.

• The council will consider whether to approve a letter of support from the city council for a Proposition 1 stormwater grant application.

The agenda can be accessed online at http://friendlyfortuna.com/index.aspx?nid=128

**Humboldt County Association of Governments**

When: Third Thursday of each month at 4 p.m.

Where: 611 I St., Eureka

• The board will receive a report on Last Chance Grade.

• The board will receive a report on the U.S. Highway 101 safety corridor project.

The agenda can be accessed online at http://www.hcaog.net/content/board-directors.

## Waters

his Water Resilience Portfolio, which manages the state's waters, are as environmentally unfriendly as they can get.

"We're really disappointed in the governor right now," said Regina Chichizola, of Save California Salmon. "We really believed him when he said he was going to fight the Trump administration."

Klamath River salmon populations are plummeting, Chichizola said, impacting tribal people who rely on them for sustenance and the commercial fishermen who rely on them for their livelihood.

"The state previously concluded that the increased water diversions under Trump fail to protect salmon and the environment," said John Mc-Manus, president of the

Golden State Salmon Association, in a statement. "Gov. Gavin Newsom said he'd stand up to Trump's assault on California and go to court to stop it but other voices have apparently gotten to him, and so far, Newsom has failed to act."

Few meetings on water diversions have been held locally, Chichizola said, but Hoopa high school students were able to get a meeting scheduled in Redding.

A couple of weeks after members of local tribes and members of the Hoopa Valley High School water protectors club traveled to the state capitol, the state agreed to hold a hearing on March 2 at 6 p.m. at the Sheraton Redding Hotel (820 Sundial Bridge Dr.).

"Why is it important for people to come out and help stop the projects threatening our rivers?" said Kylee Sorrel, of

the water protectors club, in a statement. "It is because these rivers are our future."

According to a report published by conservation group California Trout and the University of California, Davis Center for Watershed Sciences, "45% of California salmonids are likely to be extinct in the next 50 years."

Besides climate change, CalTrout listed the top three threats to the state's salmon as agriculture, major dams and changing land uses.

In order to have an abundant fishery, the salmon need plenty of cold water which comes into the Klamath from the Trinity River, Chichizola said.

The Trump administration's new water plan for the Central Valley and the biological opinion going along with it will lead to 22% more water being diverted to farmers, she

said, meaning a lot more water will be coming out of watersheds like the Sacramento and Trinity rivers.

The governor promised to litigate against those plans, but now "he's negotiating over water projects that are just as bad as Trump's water plan," she said.

"The governor wants the North State's water, but doesn't really want our opinions," Chichizola said.

Restoring and recharging the aquifers would be a win-win solution for everyone, but instead Newsom and Trump "are just proposing the same old large diversions and new reservoirs" that will benefit large water brokers and the agricultural industry, Chichizola said.

"The salmon cannot sustain any more water being taken from the Trinity River," said Margo Robbins, a Yurok tribal member and faculty advisor to the Water Protectors Club, in a statement. "We must put an end to these new diversion projects."

*Sonia Waraich can be reached at 707-441-0506.*

## Humboldt County Board of Supervisors

When: Every Tuesday except for the fifth Tuesday of a month

Where: Supervisors chambers, 825 Fifth St., Eureka

• The Tuesday meeting is canceled.

## Humboldt County Planning Commission

When: First Thursday of the month at 6 p.m.

Where: Board of Supervisors chambers, 825 5th St., Eureka

• The commission will consider a conditional use permit for a commercial cannabis grow in Dinsmore.

• The commission will consider a conditional use permit, a special permit and a lot line adjustment for a commercial cannabis grow in Alderpoint.

• The commission will consider a conditional use permit for a commercial cannabis grow in Benbow.

discuss the Humboldt County General Plan performance review.

The agenda can be accessed online at https://humboldt.legistar.com/Calendar.aspx

## Rio Dell City Council

When: First and third Tuesdays of each month at 6:30 p.m.

Where: Rio Dell City Hall council chambers, 675 Wildwood Ave., Rio Dell

• The council will consider a resolution authorizing the mayor to sign letters in support or opposition to state and/or federal legislation as recommended by the League of California Cities on an urgency basis.

• The council will discuss a draft of a policy to disconnect water service for nonpayment.

• The council will discuss a cannabis amending water and sewer rates in the city.

The agenda can be accessed online at http://cityofriodell.ca.gov/agendas-minutes-0

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
In re
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).
Bankruptcy Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

[legal notice text — AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF ...]

Case: 19-30088  Doc# 5944-1  Filed: 02/27/20  Entered: 02/27/20 20:23:06  Page 36 of 63

## TODAY IN HISTORY

### 1885

Mark Twain's "Adventures of Huckleberry Finn" was published in the U.S. for the first time.

### 1997

Astronauts on the space shuttle Discovery completed their tune-up of the Hubble Space Telescope after 33 hours of spacewalking; the Hubble was then released using the shuttle's crane.

### 2001

Veteran FBI agent Robert Philip Hanssen was arrested, accused of spying for Russia.

## LOTTERY

**WINNING NUMBERS**

**Daily 3 Afternoon:**
2, 7, 8

**Daily 3 Evening:**
5, 2, 5

**Daily 4:** 0, 0, 5, 0

**Fantasy 5:**
19, 24, 31, 33, 36

**Daily Derby**

**1st:** 11, Money Bags

**2nd:** 12, Lucky Charms

**3rd:** 7, Eureka

**Race Time:** 1:47.59

**SUPER LOTTO PLUS**
Saturday's drawing:
1, 6, 29, 34, 37

**Mega Number:** 18

Tomorrow's estimated jackpot: $9 million

**MEGA MILLIONS**
Friday's drawing:
10, 32, 48, 54, 55

**Mega Number:** 18

Today's estimated jackpot: $45 million

**POWERBALL**
Saturday's drawing:
16, 32, 35, 36, 46

**Mega number:** 3

Tomorrow's estimated jackpot: $50 million

**Exhibit K**



**VERIFICATION OF PUBLICATION**

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Vanessa Salvo says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Tuesday, February 18, 2020**, the following legal advertisement – **In re: PG&E CORPORATION** – was published in the national edition of **USA TODAY.**

Principal Clerk of USA TODAY
February 18, 2020

This _18th_ day of _February_ month
_2020_ year.

Notary Public
*Commission expires*
*31 oct 2023*

ROBIN SUE PURCELL
NOTARY PUBLIC
MY
COMMISSION
NUMBER
7630258
COMMONWEALTH OF VIRGINIA

# Fans can see Olympians on pre-Tokyo tour

**Roxanna Scott**
USA TODAY

With a focus on building excitement for this summer's Tokyo Games and bringing Team USA athletes closer to fans, the U.S. Olympic and Paralympic Committee will announce Tuesday a national five-city festival tour that kicks off with the 100 Days Out celebration in New York on April 15.

While the USOPC has hosted fan festivals leading up to previous Games, this year's Team USA Summer Fest presented by DeVry University will have a 25% larger footprint and will feature athlete meet and greets, sport demonstrations, concerts and giveaways.

The first stop lands in New York's Times Square with more than 75 athletes expected to attend, representing a variety and Olympic and Paralympic sports.

Luella Chavez D'Angelo, chief marketing and communications officer at the USOPC, views Summer Fest as a unique opportunity for fans to engage with athletes and the Olympic movement.

"The main reason that this project was developed was we wanted our fans of the United States or anyone visiting the United States to feel like they can experience the Olympics even if they cannot attend the Tokyo Games," she said. "They get a real feel for learning what it means to be to do in their own personal life to actually get here, how excited the athlete is, what their sport actually looks like.

"One of the things that's exciting for us about the Tokyo Games is that we have five new sports. We'll have the ability to talk about these new sports, what they mean to the athletes."

More than 40 athletes have qualified

for the Olympic team, with more than 600 athletes expected to comprise the U.S. team for the Olympics, to be held July 24-Aug. 9. The Paralympics follow Aug. 25-Sept. 6.

Forty-three venues will be used for the Olympics, including eight new permanent venues in Tokyo. The new Olympic Stadium, which will host the opening and closing ceremonies, track and field and soccer, opened to the public last month.

"The fans are coming out for Tokyo in record numbers," said Chavez D'Angelo, noting that tickets are close to being sold out. Officials estimated last year 7.8 million tickets would be available for sale. "We have a very rich host city where the Japanese people have such a sense of patriotism and the love of sport that they have been coming out in leaps and bounds in terms of wanting to get a hold of a ticket."

## Five Summer Fest stops

**April 15:** 100 Days Out, in New York

**May 9:** Discovery Green Park, in Houston

**June 26-28:** U.S. Olympic team trials – gymnastics, in St. Louis

**July 3-4:** Music City Let Freedom Sing, July 4th, in Nashville, Tennessee

**July 25:** Hollywood & Highland, in Los Angeles

For Summer Fest, the USOPC says a dozen Team USA athletes will be on hand at each city stop, while Olympic softball champion Jennie Finch, Paralympic wheelchair basketball champion Trevon Jenifer and Olympic gymnastics champion Nastia Liukin will appear at all five stops.

## MARKETPLACE TODAY

For advertising information: 1.800.397.0070   www.russelljohns.com/usat

To view more Classified listings, visit: www.classifieds.usatoday.com

---

## NOTICES

### LEGAL NOTICE



**February 2020**

As previously noticed, the AT&T contract with the programmer for the following channels is set to expire. While these channels will continue to be available to U-verse members so long as AT&T has the rights to carry them, if a reasonable agreement cannot be reached with the programmer the programming will no longer be available. AT&T may modify the channel location for the programming by moving them from their current channel location to a channel between 9501 – 9599, and if a reasonable longer term agreement cannot be reached with the programmers, we may lose the rights to carry them (listed in alphabetical order) or after February 2020: WNYY (channel 41), Network (channel 610 and 1610 in HD); Bally TV (channel 936), CG TV (channel 8501); Dove Channel (channel 3882); Disney Channel (channel 300 and 1302 in HD); Disney Channel West (channel 303 and 1303 in HD); Disney Jr. (channel 306 and 1306 in HD); Disney Jr. West (channel 306 and 1306 in HD); Disney XD (channel 304 and 1304 in HD); Disney XD West (channel 305 and 1305 in HD); Disney XD en Espanol (channel 3055); ESPN (channel 602 and 1602 in HD); ESPN Deportes (channel 3113); ESPN Goal Line Bases Loaded (channel 613 and 1613 in HD); ESPN 2 (channel 606 and 1606 in HD); ESPNEWS (channel 604 and 1604 in HD); ESPNU (channel 605 and 1605 in HD); Fox Life (channel 3049); Freeform (channel 178 and 1178 in HD); Freeform West (channel 179 and 1179 in HD); FX Movie Channel (channel 782 and 1782 in HD); FX Network (channel 129 and 1129 in HD); FX Network West (channel 130 and 1130 in HD); FXX (channel 128 and 1128 in HD); Heroes & Icons (channel 137 and 1137 in HD); Longhorn Network (channel 611 and 1611 in HD); MoTV (channel 133, 1136 and 1023.176 in HD); MTV Video (channel 3703); National Geographic (channel 265 and 1265 in HD); Nat Geo Mundo (channel 3103); Nat Geo WILD (channel 266 and 1266 in HD); Phoenix InfoNews (channel 3606); Phoenix North America Chinese Channel (channel 3606); SEC Network (channel 607 and 1607 in HD); SEC Network A (channel 608 and 1608 in HD); ShopHQ and ShopHQ in HD; Sony Entertainment Television Asia (channel 3704); Spectrum SportsNet (channel 777 and 1777 in HD); Spectrum SportsNet Alternate (channel 779 and 1779 in HD); Stingray 60 (channel 5147); Stingray Adult Alternative (channel 5116); Stingray All-Country Americana (channel 5130); Stingray Alt-Rock Classics (channel 5104); Stingray Arabian Nights (channel 5164); Stingray Asian Hits (channel 5167); Stingray Bluegrass (channel 5149); Stingray Boychoral (channel 5155); Stingray Classic Rock (channel 5153); Stingray Classic Soul (channel 5117); Stingray Country Classics (channel 5133); Stingray Dance Clubbin (channel 5102); Stingray Easy Listening (channel 5145); Stingray Eclectic Electronic (channel 5103); Stingray Euro Hits (channel 5169); Stingray Fanz (channel 5165); Stingray Flashback 70s (channel 5128); Stingray Franco Pop (channel 5137); Stingray Freedom (channel 5120); Stingray Gospel (channel 5111); Stingray Greatest Hits (channel 5103); Stingray Groove (Disco and Funk channel 5108); Stingray Guangdong (channel 5166); Stingray Heavy Metal (channel 5114); Stingray Hindi Gold (channel 5161); Stingray Hip Hop (channel 5105); Stingray Hit List (channel 5171); Stingray Holiday Hits (channel 5139); Stingray Hot Country (channel 5131); Stingray Jammin (channel 5112); Stingray Jazz Masters (channel 5142); Stingray Jukebox Oldies (channel 5129); Stingray Karaoke (channel 96, 1096); Stingray Kids Stuff (channel 5124); Stingray Latino Tropical (channel 5138); Stingray Latino Urbana (channel 5136); Stingray Mando Popular (channel 5168); Stingray Maximum Party (channel 5121); Stingray Music (channel 500, 531, 1500, 1531); Stingray New Age (channel 5151); Stingray No Fences (channel 5132); Stingray Nothin but 90s (channel 5126); Stingray OMG (channel 5123); Stingray Pop Adult (channel 5119); Stingray Pop Classics (channel 5146); Stingray Popcorn (channel 5122); Stingray Punjabi (channel 5162); Stingray Remember the 80s (channel 5127); Stingray Rejoice (channel 5157); Stingray Retro Active (channel 5115); Stingray Rock (channel 5113); Stingray Rock Anthems (channel 5117); Stingray Rock en Espanol (channel 5154); Stingray Romance Latino (channel 5153); Stingray Salsa-Merengue (channel 5155); Stingray Samba and Pagode (channel 5157); Stingray Silk Love Songs (channel 5150); Stingray Smooth Jazz (channel 5141); Stingray Solo Para Pequeu (channel 5156); Stingray Soul Storm (channel 5110); Stingray Sounds of South India (channel 5163); Stingray Southern Jams (channel 5148); Stingray Spanglish Standards (channel 5144); Stingray Tagalog (channel 5158); Stingray The Blues (channel 5143); Stingray The Light (channel 5134); Stingray The Spa (channel 5140); Stingray Todays Latin Pop (channel 5135); Stingray Total Hits - France (channel 5171); Stingray Total Hits - Italy (channel 5172); Stingray Total Hits - Poland (channel 5174); Stingray Total Hits - Russia (channel 5173); Stingray Trance (channel 5152); Stingray Urban Beats (channel 5106); Stingray Y2K (channel 5125); UP (channel 369 and 1369 in HD).

As well as the following:

1) Augusta, GA area, WFXG (channel 11, and 1011 in HD);
2) Austin, TX area, KNVA (channel 12 and 1012 in HD);
3) Bakersfield, CA area, KERO (channel 23 and 1023 in HD); KZKC (channel 42 and 1042 in HD);
4) Biloxi-Gulfport, MS area, WXXV (channel 25 and 1025 in HD); WXXV2 (channel 6 and 1026 in HD);
5) Charlotte, NC area, WAXN (channel 64 and 1064 in HD); WCCB (channel 18 and 1018 in HD);
6) Chattanooga, TN area, WDEF (channel 12 and 1012 in HD);
7) Chicago, IL area, WCIU (channel 10 and 1010 in HD); WLS (channel 7 and 1007 in HD); WMEU (channel 48); WMEUA (channel 49); WMMECA (channel 24);
8) Cleveland, OH area, WEWS (channel 5 and 1005 in HD);
9) Columbia, SC area, WOLO (channel 25 and 1025 in HD);
10) Corpus Christi, TX area, KAJA (channels 17 and 3007); KRIS (channels 2, 23 and 1006 and 1023 in HD);
11) Dayton, OH area, WDTT (channel 26 and 1026 in HD);
12) Detroit, MI area, WMYD (channel 20 and 1020 in HD); WXYZ (channel 7 and 1007 in HD);
13) Fresno-Visalia, CA area, KFSN (channel 30 and 1030 in HD);
14) Grand Rapids – Kalamazoo, MI area, WXMI (channel 17 and 1017 in HD);
15) Green Bay, WI area, WACY (channel 32 and 1032 in HD); WGBA (channel 26 and 1026 in HD);
16) Houston, TX area, KTRK (channel 13 and 1013 in HD);
17) Indianapolis, IN area, WRTV (channel 6 and 1006 in HD);
18) Kansas City, MO area, KMCI (channel 38 and 1038 in HD); KSHB (channel 41 and 1041 in HD);
19) Knoxville, TN, WTNZ (channel 43 and 1043 in HD);
20) Lafayette, LA area, KATC (channels 3, 4 and 1003, 1004 in HD);
21) Lansing, MI area, WSYM (channel 47 and 1047 in HD);
22) Los Angeles, CA area, KABC (channel 7 and 1007 in HD); KAZA (channel 54 and 1054 in HD);
23) Miami-Ft. Lauderdale, FL area, WPTV (channel 5 and 1005 in HD); WSFL (channel 39 and 1039 in HD);
24) Milwaukee, WI area, WBMEA (channel 18); WDJT (channel 5 and 1005 in HD); WMLW (channel 7 and 1007 in HD); WTMJ (channel 4 and 1004 in HD); WYTU (channel 27, 3007 and 1027 in HD);
25) Montgomery-Selma, AL area, WAKA (channel 8 and 1008 in HD); WBMM (channel 22 and 1022 in HD);
26) Nashville, TN area, WTVF (channel 5 and 1005 in HD);
27) Orlando-Daytona, FL area, WKMG (channel 27 and 1027 in HD);
28) Panama City, FL, WPGX (channel 28 and 1028 in HD);
29) Raleigh-Durham, NC area, WTVD (channel 11 and 1011 in HD);
30) San Diego, CA area, KZSD (channel 15);
31) San Francisco-Oakland-San Jose area, KGO (channel 7 and 1007 in HD);
32) Shreveport, LA area, KPXJ (channel 21 and 1021 in HD); KTBS (channel 3 and 1003 in HD);
33) South Bend-Elkhart, IN area, WBND (channel 57 and 1057 in HD); WCWW (channel 25 and 1025 in HD); WMYS (channel 69 and 1069 in HD);
34) St. Louis, MO area, KNLC (channel 24 and 1024 in HD);
35) Topeka, KS area, KTKA (channels 49, 50 and 1049 in HD);
36) Tulsa, OK area, KJRH (channel 2 and 1002 in HD); KMYT (channel 41 and 1041 in HD);
37) West Palm Beach-Ft Pierce, FL area, WPTV (channel 5 and 1005 in HD);
38) Wilmington, NC area, WWAY (channel 3 and 1003 in HD); WWAYD2 (channel 4 and 1004 in HD); WWAYD3 (channel 7).

**March 2020**

As previously noticed, the AT&T contract with the programmer for the following channels is set to expire. While these channels will continue to be available to U-verse members so long as AT&T has the rights to carry them, if a reasonable agreement cannot be reached with the programmer the programming will no longer be available. AT&T may modify the channel location for the programming by moving them from their current channel location to a channel between 9501 – 9599, and if a reasonable longer term agreement cannot be reached with the programmers, we may lose the rights to carry them (listed in alphabetical order) or after March 2020: Eleven Sports Network (channel 1665); Estrella (channel 3024); MBC America (channel 3643).

As well as the following:

1) Chicago, IL area, WESVLD (channels 45, 3024 and 1045 in HD);
2) Dallas-Ft. Worth, TX area, KMPX (channels, 29, 3024 and 1029 in HD);
3) Houston, TX area, KZJL (channels 61, 3024 and 1061 in HD);
4) Jackson, MS area, WLOO (channel 35 and 1035 in HD);
5) Knoxville, TN area, WKNX (channel 7 and 1007 in HD);
6) Los Angeles, CA area, KRCA (channels 62, 3024 and 1062 in HD);
7) Miami-Ft. Lauderdale, FL area, WGEN (channels 8, 3024 and 1008 in HD);
8) Oklahoma City, OK area, KSBI (channel 52 and 1052 in HD); KWTV (channel 9 and 1009 in HD);
9) San Diego, CA area, KSDX (channels 29, 3024 and 1029 in HD);
10) Tulsa, OK area, KOTV (channel 6 and 1006 in HD); KQCW (channel 7 and 1007 in HD);
11) Wichita-Hutchinson, KS area, KMTW (channel 10 and 1010 in HD).

In addition, AT&T will sunset its linear and streaming broadcasts of the AUDIENCE Network (channels 114, 599 and 1114, 1599 in HD).

**April 2020**

The AT&T contract with the programmer for the following channels is set to expire. While these channels will continue to be available to U-verse members so long as AT&T has the rights to carry them, if a reasonable agreement cannot be reached with the programmer the programming will no longer be available. AT&T may modify the channel location for the programming by moving them from their current channel location to a channel between 9501 – 9599, and if a reasonable longer term agreement cannot be reached with the programmers, we may lose the rights to carry them (listed in alphabetical order) or after April 2020: RFD-TV (channel 568 and 1568 in HD); The Cowboy Channel (channel 566).

As well as the following:

1) Jacksonville, FL-Brunswick, GA area, Telemiami (channel 20);
2) Miami-Ft. Lauderdale, FL area, Telemiami (channel 20 and 1020 in HD);
3) Orlando-Daytona, FL area, Telemiami (channel 20);
4) West Palm Beach-Ft. Pierce, FL area, Telemiami (channel 20).

**UNITED STATES BANKRUPTCY COURT**
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
In re:
PG&E CORPORATION,
– and –
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020, at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as counsel may be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**
a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph no.5 (i) below, **NO LATER THAN 4:00 P.M. (PREVAILING PACIFIC TIME) ON FEBRUARY 26, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) and County of San Luis Obispo; (xiii) San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health Systems/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objection. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection on the parties in Paragraph no.5 below by the Disclosure Statement Objection Deadline (as defined below).
b. **All Other Parties.** Pursuant to the Court's Scheduling Order, any party other than a Core Party seeking to object to approval of the Proposed Disclosure Statement or any other parties (e.g., parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with subsection (b) below no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

5. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (e.g., parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with subsection (b) below no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.
a. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:
(i) be in writing;
(ii) State the name and address of the objecting party and the amount and nature of the claim or interest of such party;
(iii) State with particularity **in short, concise bullet points** (without argument) the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be inserted in the Proposed Disclosure Statement to resolve any such objection or response;
(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* [N.D. Cal. May 2017] (Montali, J.) and the Scheduling Order;
(v) Be filed with the Bankruptcy Court electronically in accordance with General Order 34 for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;
b. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.).
c. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), and (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)).
d. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)); and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)).
e. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));
f. The attorneys for the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com), Samuel A. Khalil, Esq. (skhalil@milbank.com) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067-3019 (Attn: Gregory A. Bray, Esq. (gbray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));
g. The attorneys for the Tort Claimants Committee; (A) Baker & Hostetler LLP, 11601 Wilshire Blvd., Suite 1400, Los Angeles, California 90025 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)); and (B) Baker & Hostetler LLP, 1160 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));
h. the attorneys for the San Claimants Committee, (A) Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 (Attn: Kathryn E. Warner, Esq. (kwarner@bakerlaw.com) and Robert A. Julian, Esq. (rjulian@bakerlaw.com);
i. the attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com), and James O. Johnston, Esq (jjohnston@jonesday.com));
j. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com);

**THE COURT HAS INDICATED CONTINUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER OR AN INTERESTED PARTY ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION. WHICH RELATE TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE RAISED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONFIRMED.**

**IF AN OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PROVIDED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

6. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:
a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to or request for estimation of a Claim for purposes of voting;
b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summaries of the Voting Procedures and the Solicitation Materials;
c. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summaries of the Fire Victim Claims Resolution Procedures;
d. February 26, 2020: Deadline for the substantially final forms of Subrogation Wildfire Trust Documents;
e. February 26, 2020: Deadline for Debtors to file the proposed executory summary of Plan treatment of the Victim Claims (this document is referred to as the Fire Victim Claim Resolution Procedures Summary in the Proposed Disclosure Statement);
f. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures;
g. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan;
g. March 9, 2020: Debtors will file revised versions of the Proposed Disclosure Statement;
h. March 9, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.
i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing objections to Plan confirmation;
j. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): The confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference to be May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling and evidentiary matters, and to attempt to resolve issues that would otherwise necessitate the introduction of evidence at the Confirmation Hearing and to discuss whether any contested evidentiary matters that will require live testimony.**
k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of the Confirmation Hearing.

7. **Miscellaneous.** The Proposed Disclosure Statement and Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at the office of the Clerk of the Bankruptcy Court and reviewing the Bankruptcy Court's website at https://ecf.canb.uscourts.gov/ (a PACER login and password are required to retrieve a document). In addition, copies of the Plan, the Proposed Disclosure Statement, and the Solicitation Procedures Motion (once filed) may be obtained free of charge by (a) accessing the website of the Debtors' claims and noticing agent, Prime Clerk LLC, at https://restructuring.primeclerk.com/pge/, or (b) requesting a copy from the Debtors' noticing and solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or "**Solicitation Agent**"), at the address, or e-mail address referenced below.

PG&E Information c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 If by e-mail at pgeinfo@primeclerk.com. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 12, 2020

---

## ONE CALL DOES IT ALL!

Advertise in USA TODAY's Marketplace!
**Call:1-800-397-0070**

**GET NOTICED!** Advertise in USA TODAY's Marketplace! Call: (800) 397-0070

## Exhibit L

# Chico Enterprise-Record

400 E. Park Ave.
Chico, Ca 95928
530-896-7702
erlegal@chicoer.com

3809751

PG&E CORPORATION
77 BEALE STREET
SAN FRANCISCO, CA 94177

Legal No. **0006459910**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF BUTTE

In The Matter Of
**R2120067**

## AFFIDAVIT OF PUBLICATION

STATE OF CALIFORNIA
} **SS.**
COUNTY OF BUTTE

The undersigned resident of the county of Butte, State of California, says:

That I am, and at all times herein mentioned was a citizen of the United States and not a party to nor interested in the above entitled matter; that I am the principal clerk of the printer and publisher of

**The Chico Enterprise-Record**
**The Oroville Mercury-Register**

That said newspaper is one of general circulation as defined by Section 6000 Government Code of the State of California, Case No. 26796 by the Superior Court of the State of California, in and for the County of Butte; that said newspaper at all times herein mentioned was printed and published daily in the City of Chico and County of Butte; that the notice of which the annexed is a true printed copy, was published in said newspaper on the following days:

**02/19/2020**

Dated February 19, 2020
at Chico, California

(Signature)

r.BP7-01/27/16

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**
- and -
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

## AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(iv) C-L below (BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT) so as to be received no later than **4:00 p.m. on February 26, 2020 (Prevailing Pacific Time):** (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xvi) Adventist Health System/West and Feather River Hospital; and (xvii) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).**

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).**

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco,

Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jjminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.

IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk at the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee on the Court's website at http://ecf.canb.uscourts.gov;

2

54-106 (Attn: Tobias S. Keller, Esq. (tkeller&kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180

request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020



## Legal Notices

**FICTITIOUS BUSINESS NAME STATEMENT REFILE WITH CHANGE**

The following person(s) is (are) doing business as **DJ BROCK AND STEELE** 5910 Clark Rd Suite M10 Paradise, CA 95969 **DJ BROCK WEDDINGS** 5910 Clark Rd Suite M10 Paradise, CA 95969 County of Butte **BROCK EVENTS LLC** 5910 Clark Rd Suite M10 Paradise, CA 95969 Original FBN Number: 2016-0001367 Began Transacting Business: 6/01/2012 Statement Expires On: 1/29/2025 Business Is Conducted By: Limited Liability Company This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on January 29, 2020 **By: J. SILVA, Deputy FBN Number: 2020-0000113** Publish: 2/12, 2/19, 2/26, 3/04/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as: 1. Chico News & Review, 2. CN&R, 3. News & Review, 4. Cammies, 5. Chico Beer Week, 353 E Second Street, Chico, CA 95928 County of BUTTE Chico Community Publishing, Inc., 1124 Del Paso Blvd., Sacramento, CA 95815 Began Transacting Business: 05/1977. Statement Expires five years from date of filing. Business is Conducted By: a Corporation This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on 01/24/2020. By: [Deputy], Deputy. **FBN Number: 2020-94** 2/5, 2/12, 2/19, 2/26/20 **CNS-3333990#** CHICO ENTERPRISE-RECORD

**FICTITIOUS BUSINESS NAME STATEMENT OF ABANDONMENT**

The following person(s) has (have) abandoned the use of the Fictitious Business Name(s): **TIME 2 SHINE** 6294 Cumberland Rd Magalia, CA 95954 County of Butte **RAYFIELD, ROBERT WOODROW** 6294 Cumberland Rd Magalia, CA 95954 Original FBN Number: 2019-0001093 Original Filing Date: 09/25/2019 Began Transacting Business: Not Applicable Statement Expires On: 09/25/2024 Business Is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, January 29, 2020 By: W. Schroeder, Deputy Publish: 02/05, 02/12, 02/19, 02/26/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as: Visualtimmy, 158 E Shasta Ave #4, Chico, CA 95973, County of Butte **Timothy M Mattaliano**, 158 E Shasta Ave #4, Chico, CA 95973 Began Transacting Business: N/A Statement Expires On: 1/15/2025 Business is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on January 15, 2020, **By: J. Silva, Deputy. FBN Number: 2020-0000053** 2/5, 2/12, 2/19, 2/26/20 **CNS-3338571#** **CHICO ENTERPRISE-RECORD**

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as **JIMS LANDSCAPE MAINTENANCE** at 70 Tom Polk Circle Chico, CA 95973 County of Butte **DABNER, JAMES ALAN** 70 Tom Polk Circle Chico, CA 95973 Began Transacting Business: 7/6/1999 Statement Expires On: 1/24/2025 Business Is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on January 24, 2020, **By: J. MELTON, Deputy. FBN Number: 2020-0000092** Publish: 1/29, 2/05, 2/12, 2/19/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as **OWENS FLOORING** at 13743 Endicot Cir Magalia, CA 95954 County of Butte **SCOTT, OWEN HOWARD** 255 Los Robles Hamilton, CA 95951 Began Transacting Business: 2/07/2020 Statement Expires On: 2/07/2025 Business Is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 07, 2020, **By: J. MELTON, Deputy. FBN Number: 2020-0000149** Publish: 2/12, 2/19, 2/26, 3/04/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as **COOPER MOTORSPORTS** at 1030A Green Tree Ct Paradise, CA 95969 County of Butte **COOPER, JASON RICHARD** 5864 Paschal Way Magalia, CA 95954 Began Transacting Business: 1/15/2020 Statement Expires On: 1/23/2025 Business Is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on January 23, 2020, **By: N. ROYBAL, Deputy. FBN Number: 2020-0000089** Publish: 2/05, 2/12, 2/19, 2/26/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as: **RING BY SPRING EVENTS** 2690 Chantel Way Chico, CA 95973 County of Butte **HAYES, DARCI** 2690 Chantel Way Chico, CA 95973 **HAYES, ROBERT** 2690 Chantel Way Chico, CA 95973 Began Transacting Business: 01/20/2020 Statement Expires On: 01/23/2025 Business Is Conducted By: A Married Couple This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, January 23, 2020 **By: W. Schroeder, Deputy FBN Number: 2020-0000085** Publish: 01/29; 02/05, 02/12, 02/19/2020

**FICTITIOUS BUSINESS NAME STATEMENT**

The following person(s) is (are) doing business as: **TIME 2 SHINE** 6294 Cumberland Rd Magalia, CA 95954 County of Butte **RODRIGUEZ, DIANE** 6294 Cumberland Rd Magalia, CA 95954 Began Transacting Business: Not Applicable Statement Expires On: 01/29/2025 Business Is Conducted By: Individual This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, January 29, 2020 **By: W. Schroeder, Deputy FBN Number: 2020-0000115** Publish: 02/05, 02/12, 02/19, 02/26/2020

NOTICE OF TRUSTEE'S SALE Foreclosure No. 6082337 APN# 072-050-032 On March 4, 2020 at 3:30 p.m., Mid Valley Title and Escrow Company, Trustee, or Successor Trustee or Substituted Trustee of that certain Deed of Trust executed by Charlotte A. Freer, and recorded November 22, 2011 as Instrument No. 2011-0039042, of Official Records of Butte County, California, and pursuant to that certain Notice of Default thereunder recorded November 5, 2019 as Instrument No. 2019-0048637, of Official Records of said County, will under and pursuant to said Deed of Trust sell at public auction for cash, lawful money of the United States of America, a cashier's check payable to said Trustee drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, at the main entrance to the County Courthouse at 1 Court Street, Oroville, CA 95965, all that right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: shown on said deed of trust (X)The street address or other common designation of said property: 5372 Oro Quincy Hwy, Oroville, CA 95966 (X)Name and address of the beneficiary at whose request the sale is being conducted: Taylor/Bischak, 505 S. Villa Real #201A, Anaheim Hills, CA 92807 Directions to the above property may be obtained by requesting same in writing from the beneficiary within 10 days from the first publication of this notice. Said sale will be made without covenant or warranty, express or implied, as to title, possession or encumbrances to satisfy the unpaid balance due on the note or notes secured by said Deed of Trust, plus estimated costs, expenses and advances at the time of the initial publication of this Notice of Sale: $281,401.00 NOTICE TO PROPERTY OWNER YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED OCTOBER 18, 2011 UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. DATED: February 6, 2020 NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call the automated sales line at 916.939.0772 or check the website at http://www.nationwideposting.com for information regarding the trustee's sale, using the file number 6082337 assigned to this case. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information. The best way to verify postponement information is to attend the scheduled sale. The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary declares that the mortgagee or beneficiary has satisfied the requirements of California Civil Code 2923.5. DATED: 02/06/2020 MID VALLEY TITLE AND ESCROW COMPANY Address: 601 Main Street Chico, California 95928 Phone: (530) 893-5644 BY: Greg Wood, Foreclosure Officer NPP0367426 To: OROVILLE MERCURY REGISTER 02/12/2020, 02/19/2020, 02/26/2020

You'll Do Well To Buy Or Sell... With A Fast Acting Classified Ad
VISA & MASTERCARD for your convenience.
Chico 896-7777
Oroville 1800-827-1421

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** **PG&E CORPORATION,** - and - **PACIFIC GAS AND ELECTRIC COMPANY,** **Debtors.** ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors **All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case No. 19-30088 (DM) (Lead Case) (Jointly Administered) |

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties**. Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(v) C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

## Legal Notices

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**Extra Self Storage - Magalia**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **LORI SOLDANO**
Brief description of items being sold:
**Furniture, Misc. Items**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
Publish: February 19 & 26, 2020

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**EXTRA SELF STORAGE PARADISE**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **John Domoe**
Brief description of items being sold:
**Boxes, misc**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
PUBLISH: February 19 & 26, 2020

**NOTICE TO SUBCONTRACTORS**

Notice is hereby given that United Building Contractors, Inc. will receive bids for the Lake Elementary School District Portable Lease-Leaseback Project until 2:00 p.m. on Tuesday, March 3, 2020. Interested parties may obtain a complete bid package by emailing jeffs@unitedbuildingcontractors.com or calling 530-345-8455
2/07, 2/08, 2/10, 2/11, 2/12, 2/13, 2/14, 2/15, 2/17, 2/18, 2/19, 2/20, 2/21, 2/22/2020

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**Extra Self-Storage Chico A**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **Haley Pitts**
Brief description of items being sold: **Boxes, misc.**
Name: **Julie Teso**
Brief description of items being sold: **Bins, misc.**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
PUBLISH: February19 & 26, 2020

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**Extra Self Storage Oroville South**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **Garry M. Jones**
Brief description of items being sold:**Totes and Misc**
Name: **Kris-tina Kelley**
Brief description of items being sold: **Totes and Misc**
Name: **Patrick Mc Peters**
Brief description of items being sold: **Crib And Clothes**
Name: **Randall Mockowski**
Brief description of items being sold: **Boxes and Totes**
Name: **Juan Pena**
Brief description of items being sold: **Furniture and Boxes**
Name: **John Stanhope**
Brief description of items being sold: **Boxes and Misc**
Name: **Ashley Bishop**
Brief description of items being sold: **Frig and Toys**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
PUB;ISH: February 19 & 26, 2020

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**Extra Self Storage-Oroville North**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **Kathryn Hardy**
Brief Description of items being sold: **Furniture, boxes**
Name: **Soledad Quindipan**
Brief Description of items being sold: **Clothing, boxes**
Name: **Andrew Mayberry**
Brief Description of items being sold: **Tools, boxes**
Name: **Tommy Bryson**
Brief Description of items being sold: **Furniture, totes**
Name: **Erik Svihus**
Brief Description of items being sold: **Furniture, boxes**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
PUBLISH: FEBRUARY 19 & 26, 2020

**NOTICE OF LIEN SALE**
**NOTICE OF SALE OF PERSONAL PROPERTY**
**Extra Self-Storage Chico**
Pursuant to the California self –storage facility act:
(B&P code 21770 et.sec.)
The undersigned will sell contents of:
Name: **Kristopher Arbayo**
Brief description of items being sold: **Boxes, misc.**
Name: **Mary Jane Sharpe**
Brief description of items being sold: **Boxes, misc.**
Name: **Amanda Mulrennean**
Brief description of items being sold: **Boxes, misc.**
Name: **Amanda Mulrennan**
Brief description of items being sold: **Misc. items**
Name: **Gerardo Rosas**
Brief description of items being sold: **House items, misc.**
Name: **Patrick Cabral**
Brief description of items being sold: **Misc. items**
**TO THE HIGHEST BIDDER ON:**
**March 4, 2020**
**ENDING AT 3:00 PM**
Purchases must be paid at the time with Cash only. All purchases are sold as is and must be removed within 72 hours of the time of sale. Sale subject to cancellation up to the time of sale. Company reserves the right to refuse any online bids.
**SALE TO BE HELD ONLINE AT:**
**www.StorageTreasures.com**
PUBLISH: February 19 & 26, 2020

## PEANUTS

!
I FIND IT DIFFICULT TO BELIEVE THAT HE WAS CALLED TO THE WHITE COURTESY TELEPHONE!

**Exhibit M**

# Contra Costa Times

2850 Shadelands Dr., #101
Walnut Creek, CA 94598
(510) 723-2850

3110950

PG&E Corporation

## PROOF OF PUBLICATION

### FILE NO. R2120069

In the matter of:

Contra Costa Times

I am a citizen of the United States. I am over the age of eighteen years and I am not a party to or interested in the above entitled matter. I am the Legal Advertising Clerk of the printer and publisher of the Contra Costa Times, a newspaper published in the English language in the City of Walnut Creek, County of Contra Costa, State of California.

I declare that the Contra Costa Times is a newspaper of general circulation as defined by the laws of the State of California as determined by court decree dated October 22, 1934, Case Number 19764. Said decree states that the Contra Costa Times is adjudged to be a newspaper of general circulation for the City of Walnut Creek, County of Contra Costa and State of California. Said order has not been revoked.

I declare that the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**February 19, 2020**

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Executed at Walnut Creek, California.
On this 23rd day of February, 2020.

Signature

# Legal Advertising and Public Notices

West County Times • WCTLegals@BayAreaNewsGroup.com
Contra Costa Times • CCTLegals@BayAreaNewsGroup.com
Alameda Times-Star • ATSLegals@BayAreaNewsGroup.com
East County Times • ECTLegals@BayAreaNewsGroup.com
Tri-Valley Herald • TVHLegals@BayAreaNewsGroup.com
San Ramon Valley Times • SRVTLegals@BayAreaNewsGroup.com
Valley Times • VTLegals@BayAreaNewsGroup.com
San Joaquin Herald • SJHLegals@BayAreaNewsGroup.com

legals

## Legal Notice

FILED
January 21, 2020
CONTRA COSTA COUNTY
Deborah Cooper
County Clerk
CONTRA COSTA COUNTY
By J Graff, Deputy
File No. F-0000414

**FICTITIOUS BUSINESS NAME STATEMENT Pursuant To Business and Professions Code Sections 17900-17930**

The name of the business: Business Services by Erin
located at 1814 Dixon Lane, Concord, Contra Costa County, CA 94521 is hereby registered by the following owner(s):
Erin Filoteo
1814 Dixon Lane, Concord, CA 94521
This business is conducted by: an individual
Business commenced on January 01, 2020
Expires 01/21/2025
/s/Erin Filoteo

**WB0197803 CCT January 29, February 5, 12, 19 2020**

FILED
January 8, 2020
ALAMEDA COUNTY
MELISSA WILK
County Clerk
ALAMEDA COUNTY
By Melissa Wilk , Deputy
File No. 567297

**FICTITIOUS BUSINESS NAME STATEMENT Pursuant To Business and Professions Code Sections 17900-17930**

The name of the business: Bumblebee Playspace
located at 35500 Dumbarton Court, Newark, Alameda County, CA 94560 is hereby registered by the following owner(s):
Debbie Jin
4613 Delores Drive, Union City, CA 94587
This business is conducted by: a Limited Liability Co.
Registrant has not yet commenced to transact business
Expires 01/08/2025
Debbie Jin

**WB0198191 TVH February 5, 12, 19, 26 2020**

FILED
January 15, 2020
CONTRA COSTA COUNTY
Deborah Cooper
County Clerk
CONTRA COSTA COUNTY
By C Garcia, Deputy
File No. F-0000306

**FICTITIOUS BUSINESS NAME STATEMENT Pursuant To Business and Professions Code Sections 17900-17930**

The name of the business: Red Curbs Skate Shop
located at 40923 Grimmer Blvd, Fremont, Alameda County, CA 94538 is hereby registered by the following owner(s):
Red Curbs Skateboarding LLC
40923 Grimmer Blvd, Fremont, CA 94538
This business is conducted by: a Limited Liability Co.
Registrant has not yet commenced to transact business
Expires 01/15/2025
/s/ Lilli Filichia

**WB0197896 CCT January 29, February 5, 12, 19 2020**

FILED
January 23, 2020
ALAMEDA COUNTY
MELISSA WILK
County Clerk
ALAMEDA COUNTY
By MELISSA WILK, Deputy
File No. 567790

**FICTITIOUS BUSINESS NAME STATEMENT Pursuant To Business and Professions Code Sections 17900-17930**

The name of the business: Golden Bay Tech
located at 19623 Bernal St, Castro Valley, Alameda County, CA 94546 is hereby registered by the following owner(s):
HJALMAR CERRATO
19623 Bernal St, Castro Valley, CA 94546
This business is conducted by: an individual
Business commenced on NOVEMBER 28, 2016
Expires JAN 23, 2025
/s/ HJALMAR CERRATO, Owner

**WB0197886 TVH February 5, 12, 19, 26 2020**

FILED
January 15, 2020
ALAMEDA COUNTY
MELISSA WILK
County Clerk
ALAMEDA COUNTY
By Verena B, Deputy
File No. 567573

**FICTITIOUS BUSINESS NAME STATEMENT Pursuant To Business and Professions Code Sections 17900-17930**

The name of the business: J M Squared Consulting
located at 2957 Florida St, Oakland, Alameda County, CA 94602 is hereby registered by the following owner(s):
Jesselle Miura
2957 Florida St, Oakland, CA 94602
This business is conducted by: an individual
Business commenced on January 03, 2020
Expires January 15, 2025
/Jesselle Miura/

**WB0197902 ATS January 29, February 5, 12, 19 2020**

## Legal Notice

NOTICE OF TRUSTEE'S SALETrustee Sale No. : 00000008620940 Title Order No.: 1153059 FHA/VA/PMI No.: 198-1151081-703 ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIESONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED.YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 02/13/2018. UNLESS YOU TAKE ACTIONTO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU N E E D ANEXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD C O N T A C T ALAWYER.BARRETT DAFFIN FRAPPIER TREDER and WEISS, LLP, as duly appointed Trustee under and pursuant to Deed of Trust Recorded on 02/20/2018 as Instrument No. 2018-0026234-00 of official records in the office of the County Recorder of CONTRA COSTA County, State of CALIFORNIA.EXECUTE D BY: RAUL MARTINEZ CARDENAS, AN UNMARRIED MAN,WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASH-I E R ' S CHECK/CASHEQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States).DATE OF SALE: 03/24/2020 TIME OF SALE: 9:00 AMPLACE OF SALE: Pleasant Hill Community Center, 320 Civic Drive, Pleasant Hill, CA 94523.STREET ADDRESS and other common designation, if any, of the real property described above is purported to be: 226 VAQUEROS AVENUE, RODEO, CALIFORNIA 94572APN#: 357-162-006The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied,regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $386,861.88. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself.-Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 800-280-2832 for information regarding the trustee's sale or visit this Internet Web site www.auction.com for information regarding the sale of this property, using the file number assigned to this case 00000008620940. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.FOR TRUSTEE SALE INFORMATION PLEASE CALL:AUCTION .COM800-280-2832www.auction.comBARRETT DAFFIN FRAPPIER TREDER and WEISS, LLP as Trustee 3990 E. Concours Street, Suite 350 Ontario, CA 91764 (866) 795-1852Dated: 02/12/2020 BARRETT DAFFIN FRAPPIER TREDER andWEISS, LLP IS ACTING AS A DEBTCOLLECTOR ATTEMPTING TO COLLECTA DEBT. ANY I N F O R M A T I O N OBTAINEDWILL BE USED FOR THAT PURPOSE. A-4718505 0 2 / 1 9 / 2 0 2 0 , 02/26/2020, 03/04/2020

**WCT#6458924 2/19/20, 2/26/20, 3/4/20**

FILED DEC. 31, 2019
DEBORAH COOPER
County Clerk
CONTRA COSTA COUNTY
BY: P. CORNELIUS DEPUTY
COUNTY CLERK
FILE#2019-7815

**FICTITIOUS BUSINESS NAME STATEMENT**

The name of the business: **Move and Feel Better** at **2950 Camino Diablo Ste. 320 Walnut Creek, Ca. 94597 Contra Costa Co.** is hereby registered by the following owner(s):
Eveline Wu
30 Bliss Ct.
Pleasant Hill, Ca. 94523
This business is conducted by:
an individual
/s/Eveline Wu
This statement was filed with the County Clerk of Contra Costa on date indicated by file stamp above.
Business commenced on n/a
Expires 12/31/2024

**WCT 6451978 Jan. 29 Feb. 5, 12, 19, 2020**

### NOTICE OF PETITION TO ADMINISTER ESTATE OF:

**JUDY FOSTER**
**Case Number: P20-00139**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: **Judy Foster**

**A PETITION FOR PROBATE** has been filed by: **Jill Ann Lewis** in the Superior Court of California, County of **CONTRA COSTA**

**THE PETITION FOR PROBATE** requests that **Jill Ann Lewis** be appointed as personal representative to administer the estate of the decedent.

**THE PETITION** requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

**THE PETITION** requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

**A HEARING on the petition will be held on Mar. 5, 2020 at 9:00 a.m. in Dept. 15, located at Superior Court of California County of Contra Costa 725 Court Street Martinez, CA 94553**

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

**Attorney for Petitioner:**
**Gino V. deSolenni**
**384 G. Street**
**Cresent City, CA 95531**
**707-464-6181**

**ECT# 6458874 Feb. 15, 19, 24, 2020**

## Legal Notice

### NOTICE OF PETITION TO ADMINISTER ESTATE OF:

**SHARON F. TORREY**
**Case Number: P20-00110**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: **Sharon F. Torrey, Sharon Faye Torrey**

**A PETITION FOR PROBATE** has been filed by: **Glen A. Torrey** in the Superior Court of California, County of **Contra Costa**

**THE PETITION FOR PROBATE** requests that **Glen A. Torrey** be appointed as personal representative to administer the estate of the decedent.

**THE PETITION** requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

**THE PETITION** requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

**A HEARING on the petition will be held on Mar. 10, 2020 at 9:00 a.m. in Dept. 30 Room: 212 located at Superior Court of California County of Contra Costa 725 Court Street Martinez, CA 94553**

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

**Attorney for Petitioner:**
Julie Fiedler
2333 San Ramon Valley Blvd. Suite 145
San Ramon, CA 94583
925-244-1185

**ECT# 6458897 Feb. 15, 19, 24, 2020**

FILED Jan. 09, 2020
Deborah Cooper,
County Clerk Recorder
CONTRA COSTA COUNTY
By, C. Dias, Deputy
County Clerk
FILE NO. 2020-0148

**FICTITIOUS BUSINESS NAME STATEMENT**

The name of the business is:
**DOCKING DRAWER**
located at 12893 Alcosta Blvd. # M, San Ramon, CA 94583 is hereby registered by the following owner(s):
Jtech Solutions Inc.
12893 Alcosta Blvd. #M
San Ramon, CA 94583
California
This business is conducted by: A Corporation
/s/ J. Scott Dickey - President
This statement was filed with the County Clerk of Contra Costa on date indicated by file stamp above.
The registrant commenced to transact business under the fictitious business name listed above on 2014
Expires 1/9/2025

**SRVT# 6455181 Feb. 5, 12, 19, 26, 2020**

WHERE ELSE CAN YOU FIND
**A HOUSE?**
**A CAR?**
**A PET?**
**A JOB?**
THEY'RE ALL IN ONE PLACE
**THE CLASSIFIEDS!**

## Legal Notice

### AMENDED NOTICE OF PETITION TO ADMINISTER ESTATE OF :

**Neil Stender**
**Case Number: RP20051018**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: **Neil Stender, Neil K. Stender, Neil Kofoed Stender**

**A PETITION FOR PROBATE** has been filed by: **Kirstin A. Stender** in the Superior Court of California, County of **ALAMEDA**

**THE PETITION FOR PROBATE** requests that **Kirstin A. Stender** be appointed as personal representative to administer the estate of the decedent.

**THE PETITION** requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

**A HEARING on the petition will be held on Mar. 4, 2020 at 9:31 a.m. in Dept. 202 located at Superior Court of California County of Alameda 2120 Martin Luther King Jr. Way Berkeley, CA 94704 Berkeley Courthouse**

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Petitioner:
5635 Shorehaven Cir.
Livermore, CA 94551
(925) 724-7237

**TVH# 6457861 Feb. 15, 19, 24, 2020**

ENDORSED FILED:
January 14, 2020
Melissa Wilk
County Clerk
Alameda County
By -------, Deputy
File Number: 567498

**FICTITIOUS BUSINESS NAME STATEMENT**

Pursuant To Business and Professions Code Sections 17900-17930
Name of business:
**IQuick Drains and Rooter**
5714 Harmon Avenue
Oakland, CA 94671
Alameda County
1) Registrant:
Lobos Building Solutions LLC
5714 Harmon Avenue
Oakland, CA 94671
Business is conducted by:
Business commenced on: January 14, 2020
**/s/Robert Lobos, President**
This statement was filed with the County Clerk of Alameda County on date indicated by file stamp above.
Expires Jan. 14, 2025

**PV/VT #6454923 February 12, 29, 26; March 4, 2020**

FILED
JANUARY 24, 2020
Deborah Cooper,
County Clerk-Recorder
Contra Costa County
By L Ferm, Deputy
FILE NO. F-0000528

**FICTITIOUS BUSINESS NAME STATEMENT**

The name of the business: BUILDING ENERGY COMPLIANCE TESTING located at 2432 Encinal Dr., Walnut Creek, CA 94597 in Contra Costa County is hereby registered by the following owner(s):
Lisa M. Matthews
2432 Encinal Dr.
Walnut Creek, CA 94597
This business is conducted by: An Individual
Business commenced on 11-22-19.
/s/ Lisa Matthews
This statement was filed with the County Clerk of Contra Costa on date indicated by file stamp above.
Expires JANUARY 24, 2025.

**CCT #6451647 Feb. 5, 12, 19, 26, 2020**

## Legal Notice

**NOTICE OF TRUSTEE'S SALE** NDSC File No. : 19-31123-BA-CA Title Order No. : 1167958 APN No. : 216-110-023 YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 07/12/2010 UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY; IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. Notice is hereby given that National Default Servicing Corporation as trustee (or successor trustee, or substituted trustee), pursuant to the Deed of Trust executed by Thomas Scott Edgington, III, an unmarried man, dated 07/12/2010 and recorded 07/15/2010 as Instrument No. 2010-0141417-00 (or Book, Page) of the Official Records of Contra Costa County, State of CA, and pursuant to the Notice of Default and Election to Sell thereunder recorded 11/04/2019 as Instrument No. 2019-0195485-00 (or Book , Page ) of said Official Records. Date and Time of Sale: 03/24/2020 9:00 AM Place of Sale: Pleasant Hill Community Center, Auction.com Room, 320 Civic Drive, Pleasant Hill, CA 94523 Property will be sold at public auction, to the highest bidder for cash (in the forms which are lawful tender in the United States, payable in full at time of sale), all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and Parcel One:Lot 9 of Tract 7888, filed September 7, 1994, in Book 375 of Maps, Pages 27 through 34, inclusive, and as amendedby Amended Map Subdivision 7888, filed February 22, 1995, in Book 378 Of Maps, Pages 1 through 8, inclusive,Contra Costa County records.Parcel Two:Non-exclusive easements and rights of ingress, egress, support, use and enjoyment in and to the common area,appurtenant to Parcel One hereinabove or any subdivision or subdivision thereof, as defined in that certain"Declaration of Conditions, Covenants and Restriction for Danville Stony Brook" ("Declaration"), recorded May 12,1995, Series No. 95-76364, Contra Costa County records. The street address and other common designation, if any of the real property described above is purported to be: 1027 River Rock Lane Danville, CA 94526. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publications of the Notice of Sale is $508,984.50 The opening bid at the time of the sale may be more or less than this amount depending on the total indebtedness owed and/or the fair market of the property. BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE. In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state. In the event tender other than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed until funds become available to the payee or endorsee as a matter of right. Said sale will be made, in an "as is" condition, without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid balance of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The lender is unable to validate the condition, defects or disclosure issues of said property and Buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing said receipt. If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. Date: 02/07/2020 National Default Servicing Corporation 7720 N. 16th Street, Suite 300 Phoenix, AZ 85020 602-264-6101 Sales Line : 480-257-2444 Sales Website: www.ndscorp.com /sales By: Rachael Hamilton, Trustee Sales Representative 02/19/2020, 02/26/2020, 03/04/2020

**SRVT# 6459771 Feb. 19, 26, Mar. 4, 2020**

## Legal Notice

NOTICE OF REQUEST FOR PROPOSALS

NOTICE IS HEREBY GIVEN The Antioch Unified School District wishes to receive proposals for Palo Alto 5250 firewall and licenses for E-Rate Funding Year 23 (2020-2021). The District has 27 school and operational facilities including the District Office that are currently connected by a fully managed private AT&T ASE WAN connected via 10 Gbps collector circuit that has 25 individual circuits to school sites and administrative annex. Antioch Unified is connected to the Internet via a 10 Gbps circuit to the Contra Costa County Office of Education.

The District will post the RFP, Prequalification documents, and Form 470 on the USAC EPC Portal site https://portal.usac.org/suite/ and the District website: https://www.antiochschools.net/bids-rfps

470 and RFP availability date: 2/7/2020

Questions must be provided in writing and emailed to josephgengler@antiochschools.net. The subject line must read "DISTRICT 2020-AUSD-FIREWALL". The responses will be provided in an addendum and posted on the District's website and on USAC's EPC portal site.

The request for information deadline is 2/21/2020

Sealed proposals should be delivered to ANTIOCH UNIFIED SCHOOL DISTRICT or emailed to JosephGengler@antiochschools.net. Proposals must be received by email or by the Antioch School District Technology Department no later than 3/6/2020
ANTIOCH UNIFIED SCHOOL DISTRICT TECHNOLOGY DEPARTMENT 510 G Street ANTIOCH CA 94509 ATTN: Joseph Gengler

Vendor must participate in the E-Rate Program and must provide a Service Provider Identification Number (SPIN) and Federal Registration Number (FCC-FRN) with the proposal.

Antioch Unified School District reserves the right to reject any and all proposals and to waive any informality, technical defect or clerical error in any Bid Proposal Package, as the interest of the Antioch Unified School District may require. Any proposer may withdraw his/her proposal, either personally or by written request, at any time prior to the scheduled closing time for receipt of proposals.

Equal Opportunity Employer

**ECT# 6458262 Feb. 12, 19, 2020**

## Legal Notice

NOTICE OF REQUEST FOR PROPOSALS

Bid #2020-AUSD-WIRELESS-CONTROLLER

NOTICE IS HEREBY GIVEN The Antioch Unified School District wishes to receive proposals for Cisco 9800 wireless controller and licenses for E-Rate Funding Year 23 (2020-2021). The District has 27 school and operational facilities including the District Office that are currently connected by a fully managed private AT&T ASE WAN connected via 10 Gbps collector circuit that has 25 individual circuits to school sites and administrative annex.

The District will post the RFP, Prequalification documents, and Form 470 on the USAC EPC Portal site https://portal.usac.org/suite/ and the District website: https://www.antiochschools.net/bids-rfps

470 and RFP availability date: 2/7/2020

Questions must be provided in writing and emailed to josephgengler@antiochschools.net. The subject line must read "DISTRICT 2020-AUSD-WIRELESS-CONTROLLER". The responses will be provided in an addendum and posted on the District's website and on USAC's EPC portal site.

The request for information deadline is 2/21/2020

Sealed proposals should be delivered to ANTIOCH UNIFIED SCHOOL DISTRICT or emailed to JosephGengler@antiochschools.net. Proposals must be received by email or by the Antioch School District Technology Department no later than 3/6/2020
ANTIOCH UNIFIED SCHOOL DISTRICT TECHNOLOGY DEPARTMENT 510 G Street ANTIOCH CA 94509 ATTN: Joseph Gengler

Vendor must participate in the E-Rate Program and must provide a Service Provider Identification Number (SPIN) and Federal Registration Number (FCC-FRN) with the proposal.

Antioch Unified School District reserves the right to reject any and all proposals and to waive any informality, technical defect or clerical error in any Bid Proposal Package, as the interest of the Antioch Unified School District may require. Any proposer may withdraw his/her proposal, either personally or by written request, at any time prior to the scheduled closing time for receipt of proposals.

Equal Opportunity Employer

**ECT# 6458258 Feb. 12, 19, 2020**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

**In re:**
**PG&E CORPORATION,**
**- and -**
**PACIFIC GAS AND ELECTRIC COMPANY,**
**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(v) C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

**CCT 6459662; Feb. 19, 2020**

**Exhibit N**

## STATE OF CALIFORNIA
## County of Humboldt



# PROOF OF PUBLICATION

Proof of Publication of: _____

P G & E Corporation

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the matter referred to herein. I am the "principal" clerk of the publisher of the MAD RIVER UNION a newspaper of general circulation, published once a week, Wednesdays, in the City of Arcata, county of Humboldt, and which has been adjudged a newspaper of general circulation by the Superior Court of the County of Humboldt, State of California, under the date of Oct. 29, 2013, Court Decree Number CV130613; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

Continued
on page 2

Run Dates  2/19/20

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Arcata, Humboldt County, California

this 19 day of February 2020
Signature: _____
Kevin Hoover or Jack Durham
(707) 826-7000

This space is for the County Clerk's Filing Stamp

9



**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)

(Lead Case)

(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; and (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020 [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, inter alia, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time)**, in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties.** Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.iv)-C-L below (BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT) so as to be received no later than 4:00 p.m. on **February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than 4:00 p.m. on **March 6, 2020 (Prevailing Pacific Time)**,

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq, (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com);

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

THE COURT SEVENTH CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.

IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement

Continued on pg 3

3 2

MADE RIVER UNION

**b. All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (e.g., parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).**

**c. Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen. karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj. gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

**6. Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring. primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

3

# Fluoride | Kept

❖ FROM A1

basing their beliefs on old data.

"In my mind, I would not fluoridate," Pitino said, with a warning that would give any prospective parent pause: "If you're pregnant, do not drink fluoridated water because it will affect the IQ of your baby."

The study he cited has been roundly panned by scientists for its basis in self-reported data, for non-significant findings and for conflating correlation and causation – something alluded to by a dental scholar later in the meeting.

While Pitino stressed the advent of game-changing new information, his arguments – and later, those on both sides of the issue who spoke – largely rehashed the same ones made during 2006's Measure W debate.

Pitino noted that Arcata's fluoridated water ends up in Humboldt Bay. "Who gets it?" Pitino asked, accurately answering his own question. "The environment, the bay, all the animals."

As in 2006, fluoride remains the 13th most abundant element in the Earth's crust. It is found in seawater at concentrations between 0.86 and 1.4 milligrams per liter, or parts per million.

According to a staff report, the City of Arcata fluoridates at a concentration of 0.7 milligrams per liter.

Thus, Arcata's drinking water discharges, containing up to half as much fluoride as seawater, dilute rather than increase Humboldt Bay's fluoride levels and the exposure of wildlife to it.

Were Arcata's annual discharge of 540,000,000 gallons of treated wastewater to become fluoride-free, it's still not likely to dilute the 353,462,210,000,000,000,000 gallons of water held in the world's seas. Arcata's minute 0.00000000000015277446 (1.5 trillionth) percent contribution is a virtual speck in that more-heavily fluoridated ocean.

In perhaps an inadvertent pun, Pitino complained that fluoride opponents were "drowned out" by supporters in 2006.

The ballot option and a town hall meeting on fluoridation gained immediate support from Mayor Michael Winkler. He said he wanted to honor the vote from 2006, but that he was open to having citizens re-decide the matter.

The first speaker was Fortuna dentist and president of the Humboldt-Del Norte Dental Society, Michael Belluscio, DDS. He's brought a coterie of dental scientists from academia, whom he said were available to provide the "real science" on fluoride.

Bruce Lebel, who opposed fluoridation in 2006, said the city was "medicating the population" with fluoride. He cautioned against arsenic contamination of the water supply via fluoridation.

Cynthia Stewart objected to Bayside residents who use Arcata water not being able to vote on the matter.

"Poison! Poison! Poison!" declared a woman who said she was a retired nurse. She said fluoride opponents were treated like unintelligent anti-Americans in 2006.

Citizen Kelsey Reedy suggested alternative methods for boosting dental health, just as fluoride opponents did in 2006 – though any postvote action they may have taken to improve dental care is unrecorded.

After fluoride opponents referred to the chemical as a drug, a toxin and as both toxic and hazardous waste, the doctors, dentists and scientists strongly supported fluoride as a major health innovation which is harmless and clinically proven as beneficial. Many agreed though, that a new vote was a good idea.

Former First Five Humboldt Director Wendy Rowan called for an "evidence-based" discussion, She said defluoridation would place "an unequal burden on those community members least able to afford or access preventive dental care," with increased tooth decay resulting and no benefits rendered.

Pitino eventually made a motion to eliminate fluoride on the spot, but that gained no second, only a rebuke by Winkler for dishonoring the peoples' 2006 vote.

A second Pitino motion to create ballot measure also failed for lack of a second. Councilmembers Brett Watson and Sofia Pereira said any action to place the matter on the ballot should be done via grassroots voter initiative.





BENOIT'S NEWEST BOOK Arcata dentist Richard Edward Benoit is also a twice-published author. He obtained a degree in biology, then continued his studies to earn a doctorate in dental surgery. He gardens and, even as a dentist, is always captivated by the wonders of science and the beauty of nature.

The Pulvology series was inspired by his children and was one of the ways Benoit brought science into their lives, making it fun and exciting. His first book in the series, A Pinch of Powder, won a gold decree from the 2017 Mom's Choice Awards and a bronze citation from the 2017 Moonbeam Children's Book Awards. Powders and Time is the second book in the series.

A plot summary:

After his accident with Mrs. Simonson's powder, Jim struggles to understand the abilities he's secretly gained. Then a terrible event hurtles him into a distant place, requiring others to rush to his aid. But saving Jim isn't easy, not when he's been promised he could rule the world if he'd simply embrace a sinister plan — an offer almost too difficult to turn down.

Powders and Time is an adventure full of excitement and humor. It is the second book in the Pulvology series.

SUBMITTED PHOTOS

## ECO BRIEFS



**CLIMATE MEETING** 350 Humboldt, a climate activist organization, holds its monthly meeting Thursday, Feb. 20 starting at 6 p.m. at El Chipotle Restaurant, 850 Crescent Way in Arcata. Arrive at 5:30 p.m. if you wish to learn more about 350 Humboldt's work in the community or to order dinner. All are Welcome.

**GREAT WHITES** Explore North Coast and the Humboldt Bay Aquatic Center invite the public to their lecture series on Great White Sharks featuring Dr. Taylor Chapple on Friday, Feb. 21 from 6 to 8 p.m. at the Humboldt Bay Aquatic Center, 921 Waterfront Dr., Eureka. Admission is free. The title for Dr. Chapple's talk is "Who is Jaws? Separating fact from fiction?" Dr. Chapple is professor at Hatfield Marine Science Center of Oregon State University. Taylor has been working with sharks around the world for nearly 20 years. Using cutting edge technology, rigorous science and engaging media platforms, Chapple has been working to use science to change how we think about sharks. For more information email info@explorenorthcoast.net or call (707) 616-0016.

**ARCATA MARSH NATIVE GARDEN TALK** On Friday, Feb. 21, Pete Haggard will enlighten us about his several years of volunteer work to create a native plant garden in front of the Arcata Marsh Interpretive Center.

The focus of the garden is coastal habitat species, using plants naturally there, donations from Lost Foods at Redwood Acres, and specimens from Pete's personal garden in Fieldbrook. According to former city naturalist Gretchen O'Brien, Haggard was involved in the conceptual meeting to create the garden, held in spring 2017, and the effort started with the two of them removing non-native plants from the area. Haggard will discuss the species of plants there and what critters they attract. He and his wife Judy authored a field guide to insects of the Pacific Northwest. He maintains two other public gardens as a volunteer. This free public lecture, starting at 7:30 p.m. at the Arcata Marsh Interpretive Center, is sponsored by FOAM. Seating is limited to the first 50 attendees, on a first-come, first-served basis. For more information, call (707) 826-2359.

**MARSH TOUR** Friends of the Arcata Marsh (FOAM) is sponsoring a free tour of the Arcata Marsh & Wildlife Sanctuary on Saturday, Feb. 22 at 2 p.m. Meet leader Leslie Scopes Anderson at the Interpretive Center on South G Street for a 90-minute walk focusing on the birds and/or ecology of the marsh. Loaner binoculars available with photo ID. For more information, call (707) 826-2359.

**BIRDING AT THE MARSH** Redwood Region Audubon Society is sponsoring a free public field trip at the Arcata Marsh and Wildlife Sanctuary on Saturday, Feb. 22. Bring your binoculars and have a great morning birding! Meet leader Tracy Walker in the parking lot at the end of South I Street (Klopp Lake) in Arcata at 8:30 a.m., rain or shine. Trip ends around 11 a.m.

**WIGI WETLANDS WORKDAY** Join Redwood Region Audubon Society for a Wigi Wetlands Volunteer Work Day on Saturday, Feb. 22. Help restore bird-friendly habitat by removing large swathes of scotch broom and lots of other invasive plant species, as well as trash, from a stretch of the bay trail right behind the Bayshore Mall. Meet at 9 a.m. at the back of parking lot between Kohl's and Sportsman's Warehouse (intersection of Christie and Howell streets). Tools and gloves will be provided, or you are welcome to bring your own. Light refreshments, water, and coffee will be available. Please bring your own containers. Work ends at 11 a.m. For more information, contact Jeremy Cashen at (214) 605-7368 or jeremy.cashen@yahoo.com.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
 – and –
PACIFIC GAS AND ELECTRIC COMPANY,
 Debtors.

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF

[The remainder of this column and the adjacent columns contain a lengthy legal bankruptcy notice with numbered paragraphs and attorney service lists.]



**Exhibit O**

**Marin Independent Journal**

4000 Civic Center Drive, Suite 301
San Rafael, CA 94903
415-382-7335
legals@marinij.com

3694551

MILLER LEGAL SERVICES
2458 N. RACINE, 1ST FLR
CHICAGO, IL 60614

Legal No. **0006459274**

# PROOF OF PUBLICATION
## (2015.5 C.C.P.)

## STATE OF CALIFORNIA
## County of Marin

I am a citizen of the United States and a resident of the County aforesaid: I am over the age of eighteen years, and not a party to or interested in the above matter. I am the principal clerk of the printer of the MARIN INDEPENDENT JOURNAL, a newspaper of general circulation, printed and published daily in the County of Marin, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Marin, State of California, under date of FEBRUARY 7, 1955, CASE NUMBER 25566; that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

**02/19/2020**

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Dated this 19th day of February, 2020.

*Donna Lazarus*
_____
Signature

# PROOF OF PUBLICATION

**SEPT. 28 VOTE**

# Election commission: Afghan president Ghani wins 2nd term

By Tameem Akhgar
and Rahim Faiez
The Associated Press

**KABUL, AFGHANISTAN »** Ashraf Ghani won a second term as president of Afghanistan, the country's independent election commission announced Tuesday, more than four months after polls closed.

The commission said Ghani garnered 923,592 votes, or 50.64%, in the election that took place last Sept. 28. His main challenger, the country's chief executive Abdullah Abdullah received 720,841 votes, or 39.52%.

Ghani and Abdullah head a fragile national unity government that was put together under U.S. pressure after both leaders claimed victory in Afghanistan's 2014 elections.

Election results were repeatedly delayed amid accusations of misconduct and technical problems with counting ballots. The final vote tally was originally to be announced Nov. 7.

Hawa Alam Nuristani, head of the national election commission, said previously that 1.8 million Afghan citizens voted in the election out of some 9.6 million eligible voters.

On election day, many Afghans found incomplete voters' lists, unworkable biometric identification systems aimed at curbing fraud, and in some cases hostile election workers.

In Kabul, it was rare to see a crowded polling center. Afghans who had patiently lined up before voting centers were opened, in some locations found that election officials had yet to arrive by opening time.

The election commission tried to launch a ballot recount in November but Abdullah halted the attempt, saying he wouldn't let his observers participate. Thousands of his supporters rallied against what they said were fake ballots and the controversial recount but seemed set to favor Ghani.

In December, however, Abdullah agreed to allow a ballot recount in provinces where his supporters had stopped the process.

The government's push to hold the vote in itself had been controversial. In an interview with The Associated Press before the election, former Afghan president Hamid Karzai warned the election could be destabilizing for the country at a time of deep political uncertainty.

Tuesday's election results came days after U.S. Defense Secretary Mark Esper announced a truce agreement between the United States and the Taliban that could lead to the withdrawal of American troops from the country.

The agreement was expected to be formally announced Sunday and the reduction in violence would begin Monday, according to people familiar with the plan. That would be followed by all-Afghan peace talks that envision the phased withdrawal of U.S. forces over 18 months, ending 18 years of war.

Ghani has been critical of the way U.S. envoy Zalmay Khalilzad has conducted the talks with the Taliban, complaining about being kept in the dark.


Afghan President Ashraf Ghani speaks at the Munich Security Conference, in Munich, Germany.
JENS MEYER — THE ASSOCIATED PRESS FILE


Hawa Alam Nuristani, chief of Election Commission of Afghanistan, center, leaves after a press conference at the commission's office in Kabul, Afghanistan, Tuesday.
RAHMAT GUL — THE ASSOCIATED PRESS

**OUTBREAK**


Patients infected with the coronavirus take rest at a temporary hospital converted from Wuhan Sports Center in Wuhan in central China's Hubei Province.
XIAO YIJIU — XINHUA

## New virus cases in China fall for 2nd day; deaths top 2,000

By Yanan Wang
The Associated Press

**BEIJING »** New virus cases in China continued to fall Wednesday, with 1,749 new infections and 136 new deaths announced after China's leader said disease prevention and control was at "a critical time."

Banks and technology stocks accounted for most of the decline. The Nasdaq eked out a tiny gain that was good enough to nudge it to another record high.

Japan also confirmed more infections of the new coronavirus on the Diamond Princess cruise ship, bringing the total to 542 people among the 3,700 crew and passengers initially on board. The infections have led to heavy criticism of the decision to quarantine passengers on the vessel. The quarantine ends later Wednesday.

The updated figures on the COVID-19 illness for mainland China bring the total for cases to 74,185 and deaths to 2,004. New cases have fallen to under 2,000 daily for the past two days.

Chinese President Xi Jinping spoke about the efforts to control the outbreak in a phone call with British Prime Minister Boris Johnson described in state media.

Separately, the U.N. secretary general told The Associated Press that the virus outbreak "is not out of control but it is a very dangerous situation," Antonio Guterres said in an interview in Lahore, Pakistan, that "the risks are enormous and we need to be prepared worldwide for that."

China has locked down several cities in central Hubei province where the outbreak hit hardest, halting nearly all transportation and movement except for the quarantine efforts, medical care and delivery of food and basic necessities.

China also may postpone its biggest political meeting of the year, the annual congress due to start in March, to avoid having people travel to Beijing while the virus is still spreading. One of the automotive industry's biggest events, China's biannual auto show, was postponed, and many sports and entertainment events have been delayed or canceled.

Many countries set up border screenings and airlines canceled flights to and from China to prevent further spread of the disease.

**FINANCIAL MARKETS**

## Stocks fall on Apple revenue; Dow drops 165

By Alex Veiga
The Associated Press

U.S. stock indexes closed with mostly modest losses Tuesday as the market gave up some of its solid gains from the past two weeks.

Banks and technology stocks accounted for most of the decline. The Nasdaq eked out a tiny gain that was good enough to nudge it to another record high.

The selling, which lost some of its momentum in the final hour of trading, came as investors weighed the impact of the virus outbreak in China on Apple and other major companies.

The tech giant said revenue will fall short of previous forecasts in the fiscal second quarter because production has been curtailed and consumer demand for iPhones has slowed in China. Apple's stores there are either closed or operating hours.

The iPhone maker is among the most notable companies to warn investors that the virus will hurt its financial performance. Medical device maker Medtronic also warned Tuesday that the virus outbreak will impact its quarterly results.

"The longer this goes on, the greater the focus is going to be on how much is this going to impact companies like Apple, which is considered not only a bellwether in tech, but a bellwether for the market overall," said Randy Frederick, vice president of trading & derivatives at Charles Schwab.

The S&P 500 index fell 9.87 points, or 0.3%, to 3,370.29. The benchmark index remains just below its all-time high set on Friday.

The Dow Jones Industrial Average slid 165.89 points, or 0.6%, to 29,232.19. It had been down as many as 281 points. The Nasdaq recovered from an early slide, inching up 1.57 points, or less than 0.1%, to 9,732.74.

The Russell 2000 index of smaller company stocks fell 4.06 points, or 0.2%, to 1,687.90.

European and Asian markets declined. Bond prices rose. The yield on the 10-year Treasury fell to 1.56% from 1.58% late Friday.

Stocks opened lower Tuesday as U.S. markets reopened following the Monday's President's Day holiday.

As in recent weeks, traders reacted to the latest developments in the viral outbreak that began in China and has since infected more than 73,000 people. Most of the cases and deaths remain centered in China.

Businesses worldwide are increasingly caught in the economic fallout from the outbreak. The Beijing auto show, the industry's biggest global event of the year, is being postponed indefinitely from its April date.

Apple and Medtronic are only latest notable examples of companies that have warned investors about the economic impact of the outbreak on their financial performance.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION,
— and —
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors
* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

[... legal notice text ...]

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

C12-0000158-UC


**Now delivering to Marin!**

**15% off** your first order
Use promo code MARIN15

High Quality Cannabis products at reasonable prices.

Visit us at
**www.basasf.com**
and place your order today.

**ASA You First!**

# Exhibit P

# AFFIDAVIT OF PUBLICATION

**In The Matter Of:  PG&E BANKRUPTCY NOTICE**

**Advertisement for -- PG&E CORPORATION**

This is to certify that a ¼ page ad appeared on PGA9

Newspaper name: MT SHASTA HERALD

On (Dates) 2/19/20

Signature





Cougar Grant Lane, left, scored 18 points in their 71-56 win over Mount Shasta Friday night in Weed. Bear Kekai Ferguson, right, scored nine points in a loss to Weed.

Photo by By Dave Sjostedt

# Weed Cougars best Bears again, 71-56

**By Dave Sjostedt**

WEED – Weed boys basketball coach Robert West said that he "would love to get some momentum this week to take into the playoffs," and his players obliged with a convincing 71-56 win over Mount Shasta Friday night in Weed.

Both teams earned playoff berths, with the 18-4 Cougars awarded a four seed in Division 6 and a home game Thursday night at 7 p.m. against American Christian Academy at 7 p.m.

The16-9 Bears were seeded third in Division 5 and will play at home Friday night at 7 p.m. against the winner of the Modoc vs Biggs game.

Weed took a 17-14 advantage after a quarter, and then scored 24 points in quarter 2 to grab a 10-point halftime lead at 41-31. Jivarqua Jordan-Foster scored 10 points in the Cougar surge.

Bear DJ Brown picked up his second foul seven minutes into the game and committed his fourth with three minutes left in quarter three, requiring him to play cautious defense for much of the game.

This gave room inside to Cougar big men Grant and Dallas Lane who scored 27 points between them and pulled down a ton of rebounds.

The Bears made a run in the third quarter, getting to within seven points, but Weed pulled away with 19 points in the last quarter. Jordan-Foster scored 6 points and Grant Lane and Angel Nicholas put up four each to help cement the win.

Grant Lane and DJ Brown belied the stereotype of inept free-throwing by big men as each went 4 for 4 from the foul line.

Jivarqua Jordan-Foster led all scorers with 20 points, hitting three three-pointers.

Cougars Grant Lane had 18 points, Angel Nicholas hit two threes and put up 10 points and Dallas Lane knocked down three treys for nine points.

DJ Brown scored 12 points, Darius Smith had 11, and Kekai Ferguson hit three threes for 9 points for the Bears.

Angel Nicholas of the Weed Cougars has a layup blocked by Anthony Pigoni of Mount Shasta during Friday night's game in Weed.

Photo By Dave Sjostedt

If the top seeds win out, the Cougars will face Redding Christian in a semi-final matchup and SCL foe Fall River in a potential final, both on the road.

The Bears, seeded behind Los Molinos, would likely have to defeat the Bulldogs and number 1 seed East Nicolaus on the road to repeat as Northern Section Division 5 champs.

Last Tuesday, the Weed Cougars tuned up for the playoffs with a 66-41 romp over visiting Modoc Tuesday night at home. They jumped out to a 14-4 first-quarter lead and were never headed in getting their 17 the win of the year.

The harassing Cougar defense held the Braves to seven points below their season scoring average while outscoring them in every quarter but the third when, with a 33-13 lead, coach West gave the bench some playing time.

Senior guard Jivarqua Jordan-Foster is on a late-season scoring binge, putting up 21 points after scoring 24 against Fall River. He knocked down 3 three-pointers as the Cougars racked up 10 treys in the game.

Grant Lane scored 14 points, most of them in the paint, while brother Dallas hit two threes and scored eight points. Angel Nicholas sank three three-pointers for nine points and Tripp Rodriguez also had nine points.

Last Tuesday, Mount Shasta defeated Etna on the road 60-40. Darius Smith led MSHS with 16 points.

Bear Zech Welch tries to get up a shot while Weed's Nathan Kephart defends.

Photo By Dave Sjostedt

# Bears JV boys down Cougars 51-34

**By Dave Sjostedt**

WEED – The Mount Shasta boys junior varsity basketball team capped a sparkling 22-3 season with a 51-34 win over the Cougar JV's in Weed Friday night.

If there were playoffs for the underclassmen, both teams would get high seeds. The Bears were 9-1 in the Shasta Cascade League, while Weed was 7-3, and 15-7 for the season.

The Bears clamped down the Cougar offense, holding them to 13 points in the first half and leading 23-13. Freshman Tristan Reeves knocked down a couple of threes, and Zech Welch and Hunter Snure each put up five points.

They lengthened their lead in the second half with Kolton Yager scoring all 11 of his points, while Cameron Collard added eight for MSHS.

Nathan Kephart scored seven for Weed, Jonah Jackson tallied six, while Antonio Sanders added five, and Julio Garcia and Patrick Hill added four.

Cougar Antonio Sanders III gets past Mount Shasta's Andrew Pigoni for the layup.

Photo By Dave Sjostedt

**Last week's Tuesday games**

Few things please a varsity coach more than a strong showing from a JV team that will send replacements to next year's varsity team, especially one that loses six seniors to graduation. Weed coach Robert West must be happy with the good job coaches Mike Carpine and Bob Zalunardo have done with the 15-7 boy JV's.

The JV's beat a strong Modoc team in a thriller on Feb. 11, at home by a 45-42 score in a game only decided in the last second.

Weed jumped out to an 11-6 lead after a quarter, but the Braves outscored them 27-18 in the next two quarters and took a four-point lead into the last quarter.

With the score tied at 42, the Cougars had the ball to inbound under their basket with seven-tenths of a second left in the game, enough time for only a quick catch-and-shoot.

Freshman Jonah Jackson sank a three-pointer for the dramatic win as the final buzzer sounded. He hit two threes on the night and led the Cougars with 12 points.

Brandon Cordes scored 11 points, Julio Garcia added nine, and Nathan Kephart seven.

Last Tuesday, the Mount Shasta JV boys downed Etna on the road 60-58. Collard led the Bears with 20 points. Yeager finished with 14, while Andrew Pigoni had 11 and Zech Welch put up 10 points.

The Hopper® 3 is the world's most powerful DVR.

Now including the free DISH Voice Remote with the Google Assistant.

What's the weather? Google Assistant

Never lose your remote again with the built-in Remote Finder.

Free streaming for everyone in your family, anywhere you go.
Watching live and recorded TV anywhere requires the DISH Anywhere app, an internet-connected Hopper w/Sling or Hopper 3 and compatible mobile device.

FREE
Over 80,000 free movies and shows On Demand.
Availability varies based on programming subscription.

Use the same remote to access Netflix, YouTube and Amazon Prime.
Netflix and Amazon Prime Video streaming memberships required.

Requires internet connected Hopper, Joey, or Wally device. Customer must press Voice Remote button to activate feature. Google and YouTube are trademarks of Google LLC.

Plus, DISH is ranked #1 in Customer Satisfaction by J.D. Power and our customers for the second year in a row.

DISH Network received the highest score in the nation in the J.D. Power 2018-2019 U.S. Residential Television Service Provider Satisfaction Studies of customers' satisfaction with their current television provider. Visit jdpower.com/awards.

John's Satellite
(530) 918-3739
152 Morgan Way, Mount Shasta, CA 96067
johnssatellite.net

dish Authorized Retailer

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Chapter 11 Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. **The Plan and Proposed Disclosure Statement.** On February 7, 2020, pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the proposed disclosure statement [Docket No. 5700] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, *dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. **Solicitation Procedures Motion.** In accordance with the amended Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "**Scheduling Order**"), the Debtors will file, on or before February 18, 2020, a Motion requesting, *inter alia*, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of Ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "**Solicitation Procedures Motion**").

3. **Disclosure Statement Hearing.** A hearing (the "**Disclosure Statement Hearing**") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on **March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time),** in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. **Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.**

a. **Core Parties**. Pursuant to the Court's Scheduling Order, the following parties (collectively, the "**Core Parties**") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "**Disclosure Statement or Solicitation Objection**") by e-mail on the parties listed in Paragraph 4.c.(v)C-L below (**BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT**) so as to be received no later than **4:00 p.m. on February 28, 2020 (Prevailing Pacific Time)**: (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District; (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objections. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

b. **All Other Parties.** Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (*e.g.*, parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(a), and the procedures set forth below so as to be received no later than **4:00 p.m. on March 6, 2020 (Prevailing Pacific Time)**.

c. **Response and Objection Procedures.** Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(iii) State with particularity **in short, concise bullet points** (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.**

**IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

5. **Other Relevant Dates.** The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or Interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Debtors to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. **Principal counsel representing a party, or any pro se party, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.**

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

6. **Miscellaneous.** The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), at the address or e-mail address below: **If by standard, overnight, or hand delivery:** PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; **If by e-mail to:** pgeinfo@primeclerk.com.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: February 11, 2020

Case: 19-30088 Doc# 5944-1 Filed: 02/27/20 Entered: 02/27/20 20:23:06 Page 58 of 63

**Exhibit Q**

# PARADISE POST ♠

PO Drawer 70
Paradise, CA 95967
530-877-4413
legals@paradisepost.com
3809751

PG&E CORPORATION
77 BEALE STREET
SAN FRANCISCO, CA 94177

Legal No. **0006459910**

## Declaration of Publication

### State of California
### County of Butte

That at all times herein mentioned Declarant is and was a resident of said county of Butte over the age of twenty-one years; not a party to nor interested in the within matter; that Declarant is now and was at all times herein mentioned the Legal Clerk of the Paradise Post, a newspaper published twice a week, which said newspaper was adjudged a newspaper of general circulation on November 12, 1946, by Superior Court Order No. 22262 as entered in Book 30 Page 223 of said Court; and that said newspaper is printed and published every Wednesday and Saturday.

**02/19/2020**

and such publications was made in the regular issues of said paper (and not in any supplemental edition or extra thereof).

02/19/2020

_____
**Signature**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:

PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**AMENDED NOTICE OF HEARING ON APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. The Plan and Proposed Disclosure Statement. On February 7, 2020 pursuant to section 1125 of the Bankruptcy Code, PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "Debtors"), filed the proposed disclosure statement [Docket No. 5730] together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Proposed Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated January 31, 2020 [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Proposed Disclosure Statement.

2. Solicitation Procedures Motion. In accordance with the proposed Disclosure Statement approval and Plan confirmation schedule established by the Court [Docket No. 5732] (the "Scheduling Order"), the Debtors will file, on or before February 10, 2020, a Motion requesting, inter alia, that the Court (i) approve Plan solicitation and voting procedures, and (ii) approve the forms of ballots, Solicitation Packages, and related notices to be sent to the Debtors' creditors and equity interest holders in connection with confirmation of the Plan (the "Solicitation Procedures Motion").

3. Disclosure Statement Hearing. A hearing (the "Disclosure Statement Hearing") to consider approval of the Proposed Disclosure Statement and the relief requested in the Solicitation Procedures Motion will be held before the Honorable Dennis Montali, United States Bankruptcy Judge, on March 10, 2020 at 10:00 a.m. (Prevailing Pacific Time), and, if needed, March 11, 2020 at 10:00 a.m. (Prevailing Pacific Time), in Courtroom 17 of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or as soon thereafter as counsel can be heard. The Disclosure Statement Hearing may be continued from time to time without further notice to creditors, equity interest holders, or other parties in interest other than by an announcement in the Bankruptcy Court of such continuance or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

4. Objections or Responses to the Proposed Disclosure Statement and Solicitation Procedures Motion.

a. Core Parties. Pursuant to the Court's Scheduling Order, the following parties (collectively, the "Core Parties") must serve any responses or objections to approval of the Proposed Disclosure Statement or any of the relief sought in the Solicitation Procedures Motion (each, a "Disclosure Statement or Solicitation Objection") by e-mail on the parties listed in Paragraph 4.c.(i) C-L below (BUT NOT FILED OR SENT TO THE BANKRUPTCY COURT) so as to be received no later than 4:00 p.m. on February 28, 2020 (Prevailing Pacific Time): (i) the Tort Claimants Committee; (ii) the Creditors Committee; (iii) the U.S. Trustee; (iv) the Ad Hoc Group of Subrogation Claimholders; (v) the Ad Hoc Committee of Senior Unsecured Noteholders; (vi) the U.S. Department of Justice; (vii) the Office of the California Attorney General; (viii) Governor Gavin Newsom; (ix) the California Public Utilities Commission; (x) the Ad Hoc Committee of Holders of Trade Claims; (xi) Valley Clean Energy Alliance; (xii) City and County of San Francisco; (xiii) South San Joaquin Irrigation District (xiv) BOKF, NA, solely in its capacity as Indenture Trustee for the Utility Senior Notes; (xv) Adventist Health System/West and Feather River Hospital; and (xvi) the Consenting Fire Claimant Professional Group. Counsel for any of the Core Parties who have served objections or responses shall meet and confer with counsel for the Debtors and the Shareholder Proponents no later than March 5, 2020, to attempt to resolve any Disclosure Statement or Solicitation Objection. To the extent any Disclosure Statement or Solicitation Objection of a Core Party is not resolved during such meet and confer, the applicable Core Party shall file and serve its Disclosure Statement or Solicitation Objection in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(b), and the procedures set forth below so as to be received no later than 4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).

b. All Other Parties. Pursuant to the Court's Scheduling Order, Disclosure Statement or Solicitation Objections of any other parties (e.g., parties other than the Core Parties) must be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3017(a), Local Bankruptcy Rule 3017-1(b), and the procedures set forth below so as to be received no later than 4:00 p.m. on March 6, 2020 (Prevailing Pacific Time).

c. Response and Objection Procedures. Disclosure Statement or Solicitation Objections must:

(i) Be in writing;

(ii) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;

(iii) State with particularity its short, concise basis points (without points and authorities in support), the basis and nature of any objection or response to the Proposed Disclosure Statement and include, where appropriate, proposed language to be incorporated into the Proposed Disclosure Statement to resolve any such objection or response;

(iv) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing [D.O. Cal. May 2017] [filed and the Scheduling Order; and

(v) Be served on the following parties:

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36000, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California

Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com);

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com));

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

THE COURT NARROWLY CONSTRUES SECTION 1125(a)(1) OF THE BANKRUPTCY CODE. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT ARE TO MAKE SURE THAT ADEQUATE DISCLOSURE WILL ENABLE AN IMPAIRED CREDITOR OR SHAREHOLDER TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN. OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD NOT INCLUDE OBJECTIONS TO CONFIRMATION, ALTERNATIVES TO THE PLAN, OR OTHER IRRELEVANT MATTERS. THE ONLY EXCEPTION IS THAT AN OBJECTION MAY BE BASED UPON A GOOD FAITH BELIEF THAT THE PROPOSED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW. THE COURT WILL NOT TREAT THE ABSENCE OF AN OBJECTION TO CONFIRMATION AS A WAIVER OF SUCH AN OBJECTION FILED LATER WHEN THE PLAN IS READY TO BE CONSIDERED.

IF ANY OBJECTION TO THE PROPOSED DISCLOSURE STATEMENT OR THE SOLICITATION PROCEDURES MOTION IS NOT TIMELY FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE PROPOSED DISCLOSURE STATEMENT OR ANY OF THE RELIEF SOUGHT IN CONNECTION WITH THE SOLICITATION PROCEDURES MOTION AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.

5. Other Relevant Dates. The Scheduling Order also approved and established the following dates and deadlines:

a. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing any objection to, or request for estimation of, a Claim for purposes of voting on the Plan.

b. February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing summary of Fire Victim Claims Resolution Procedures.

c. February 28, 2020: Deadline to file substantially final form of Subrogation Wildfire Trust Agreement.

d. February 28, 2020: Deadline for Debtors to file proposed executive summary of Plan treatment of Fire Victim Claims (this document is referred to as the Fire Victim Claim Plan Treatment Summary in the Proposed Disclosure Statement).

e. March 3, 2020: Deadline to file substantially final forms of each of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures.

f. March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for any creditor or shareholder to file a motion pursuant to Bankruptcy Rule 3018(a) seeking to temporarily allow its Claim or interest in a different class or amount for purposes of voting to accept or reject the Plan.

g. March 9, 2020: Deadline to file revised or amended Plan and Proposed Disclosure Statement.

h. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for submitting Ballots to accept or reject the Plan.

i. May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time): Deadline for filing and serving objections to Plan confirmation.

j. May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time): Pre-confirmation scheduling conference. Principal counsel representing a party, or any one or parties, objecting to confirmation of the Plan must appear in person at a pre-confirmation scheduling conference on May 19, 2020 at 10:00 a.m. (Prevailing Pacific Time) to discuss scheduling any evidentiary matters to be dealt with in connection with the Confirmation Hearing and scheduling for briefing of contested legal issues. Failure to appear may result in the objection being stricken.

k. May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time): First day of Confirmation Hearing.

8. Miscellaneous. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) are on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at no cost at https://restructuring.primeclerk.com/pge/. The Proposed Disclosure Statement and the Plan (and, once filed, the Solicitation Procedures Motion) may also be: (i) examined by interested parties during normal business hours at the office of the Clerk on a public computer terminal; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written

[...] P&C. RANA J. KAZI, Esq. (rachel.kazi@kirkland.com); and (iv) JANE Kim, Esq. (jkim@kellerbenvenutti.com)), and (D) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov);

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180

request to the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), at the address or e-mail address below. If by standard, overnight, or hand delivery: PG&E Information c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; if by e-mail to: pgeinfo@primeclerk.com.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

Dated: February 11, 2020

r-SPS-12-01/15
Case: 19-30088    Doc# 5944-1    Filed: 02/27/20    Entered: 02/27/20 20:23:06    Page 62 of 63

**Newspaper : Paradise Post**
**Issue Date : 02/19/2020**

**Advertiser : PG&E CORPORATION**
**Ad Number : 000645991001**

## COMMUNITY

# 19 youth organizations named to benefit from Chocolate Fest

Staff reports

The 15th annual Paradise Chocolate Fest, scheduled for May 9 at Terry Ashe Park has announced its beneficiaries for 2020.

Paradise Chocolate Fest leaders announced that 19 organizations providing educational, enrichment, leadership and recreational opportunities to youth on the Paradise Ridge will benefit from this year's Fest.

From scholarships to upgraded computers, sports uniforms, musical instruments, literacy mentors, leadership programs, vision screening, food banks and more, revenues ultimately reach out to impact the lives hundreds of Ridge youth.

2020 Beneficiaries include – Achieve Charter School, Boy Scouts 316, Boy Scouts 770, Children's Community Charter School, Cub Scouts 316, Cub Scouts 770, Girl Scouts, Gold Nugget Museum, Paradise Friends of the Library, Paradise High School Band, Paradise Host Lions Club, Paradise Junior Football, Paradise Piranhas Swim Team, Paradise Recreation & Park District, Paradise Rotary Interact, Paradise Stronger, Rainbow Girls and Ridgeview High School Rangers.

## Cartoonist's take



## Dam

FROM PAGE 1

The alarms will have three levels according to the agenda. Level I Alert (Out of Range Reading Alarm/Check Reading Alarm); Level II Alarm (Increased Surveillance Alarm) and Level III Alarm/Alert (Immediate Action Alarm/Dam Safety Alarm).

### Level I

This alarm will be based on threshold limits that will check the validity of an instrument reading or measurement. When this alarm is triggered, the company says immediately after the data is recorded, then PID staff should take another reading to make sure that the reading that was taken is not an erroneous reading. If both readings confirm that the data are correct, then closer subsequent monitoring of the dam will be required.

### Level II

According to the agenda, this is based on threshold limits that will be established using historical readings and review of engineering analyses using minimum factors of safety for the dam; these limits will be used to trigger increased surveillance and/or focused investigation.


PARADISE POST FILE
The PID will look to approve a plan to begin upgrading and repairing Paradise Lake spillway of Wednesday night.

ings and review of engineering analyses using required minimum factors of safety for the dam; these limits will be used to trigger increased surveillance and/or focused investigation."

### Level III

This alarm will be used to trigger immediate action to reduce risk and potential dam safety concerns. It will be based on threshold limits that will be established using historical readings and review of engineering analyses using reduced factors of safety. According to the

agenda, If the water level in a piezometer reaches a maximum allowable level from a dam safety standpoint, then this alarm will be triggered. To confirm that the alarm is not triggered by rainwater getting into the standpipe, staff will measure all remaining piezometers and if all readings trigger a dam safety alarm, then PID should notify its consultant immediately and be ready to implement the Emergency Action Plan and start releasing water from the reservoir to lower the potential hazard level.

## Arrest

FROM PAGE 1

fender, but is registered at an address in southern California. He reportedly had not updated his sex offender registration to his Paradise address as required by law.

Degatano was taken into custody without incident and booked into the Butte County Jail for driving under the influence of drugs, possession of narcotics, possession of drug paraphernalia and failing to register as a sex offender.

### Car accident report turns into a medical call

Paradise Police responded to what it thought was a single-vehicle car accident early Saturday afternoon, but it turned out to be a Medical Emergency.

Police that about 12:32 p.m., officers responded to the area of Pentz Road and Crandall Way where they found a Chevrolet SUV traveling northbound at about 3-5 mph as citizens directed them to the SUV. Officers tried to stop the vehicle, but it continued to drive north on Pentz at the same speed, but they noted the driver didn't respond to their presence.

After they got to the front driver's side as the vehicle kept moving they saw the driver was having what appeared to be a medical emergency.

Police say they then knew they needed to gain control of the danger it posed to other motorists, so the vehicle was moving down the roadway, Officer Matthew Gates was able to reach the ignition and turn off the engine.

Officers radioed for medical personnel to respond and then safely extracted the driver. The driver was subsequently transported to a local hospital for further medical attention. Witnesses relayed that the vehicle had been seen going off the roadway and crossing into the oncoming lane of traffic.

CHP had also received

the report of the vehicle accident and reports of the same vehicle driving erratically and crossing into oncoming traffic. PPD determined the vehicle had run off the road however caused no damage to personal property.

### Traffic stop leads to two arrests

A traffic stop late Friday night sent two people to jail on several charges. Police say that about 11:45 p.m. officers stopped a car in the area of South Libby Road and Newland Road. They contacted Christine Cline, 34 and Antonia Taylor, 32. Police allege that Taylor initially provided them with false identification.

However, officers figured out what her real identity was. A records check showed Cline and Taylor had active arrest warrants through Butte County Sheriff's office. Police K9 Cash was utilized to conduct an open-air search of the exterior of the vehicle and alerted to the odor of narcotics.

Police allege a search of the vehicle uncovered narcotics, paraphernalia and stolen property. Both were arrested on the active warrants and multiple fresh violations and were transported to Butte County Jail where they were booked without incident. The vehicle was released to Brown's Towing.

### Suspicious vehicle call gets two arrested

Police say that a call about a suspicious car in the area Diamond Ave, resulted in the arrest of two people on Friday morning.

Officers were sent to a call at about 10:06 a.m. that a female was possibly distressed. When police got there they found the vehicle and spoke to Russell Woods, Rebecca Ross and Jason Helms who were inside the vehicle. All three were from out of the area.

Police say that a records check showed Woods, 64, had a misdemeanor warrant out of Marysville,

California and Ross was on misdemeanor probation. Officers say they detained Woods without incident who allegedly had suspected methamphetamine and a Shuriken (throwing star) concealed in his pockets.

Police also allege that in a vehicle search, they found several hypodermic needles and methamphetamine pipes. Police allege that Ross had been in possession of drug paraphernalia. Woods was arrested and booked into the Butte County Jail for violation of probation and possession of drug paraphernalia.

Helms was released from the scene without charges.

### Chico man arrested for possession of weapon following suspicious person call

On Saturday night a Chico man was arrested at O'Reilly's Auto Parts after police were called to the store on a report of a subject acting suspiciously.

At about 7:28 p.m., officers responded to the store where they contacted Mark Arroyo, 56, of Chico. While speaking with Arroyo, police allege he displayed signs consistent with narcotics use.

An officer directed Arroyo through a series of drug recognition tests and determined he was under the influence of a central nervous system stimulant.

He was placed under arrest for being under the influence. During a search of Arroyo, police say he was found to be in possession of a stabbing instrument concealed on his person, a usable amount of methamphetamine and controlled substance paraphernalia. Arroyo was transported to Butte County Jail where he was booked without incident for the above violations.

## PID

FROM PAGE 1

### PID, PRPD nearing Lake deal

Thirteen months ago, the PID began investigating the

possibility of transitioning the recreation to the Paradise Recreation & Park District (PRPD). The PID has since has developed a Lease Agreement with PRPD to allow them to manage the recreation of Paradise Lake under the same rules and regulations that are cur-

rently in place.

A lease agreement by currently under review with PRPD legal counsel. Once the PRPD ratifies it, the draft agreement will be included with the memo to the PID Board.

Staff is recommending that the PID accept the "Lease Agreement between the Paradise Irrigation District and the Paradise Recreation & Park District as presented (or as amended), and authorize the District Manager to sign the agreement on behalf of the District subject to legal review."

# PARADISE POST

www.ParadisePost.com
Facebook: facebook.com/ParadisePost
Twitter: @ParadisePost

Contact us.......................................877-7210

Classified Department.............................................896-7777
Circulation Department...........................................877-7210

**Hours:** 8:30 a.m. to 4:30 p.m. Monday through Friday.

ARBITRATION & SUBSCRIPTION TERMS AGREEMENT The subscription to the Paradise Post is a CONTINUOUS SUBSCRIPTION, which means it will automatically renew at the end of this initial term. Notice of cancellation must be provided before the end of this SUBSCRIPTION TERM to avoid charges for an additional term. You may cancel or modify your subscription at any time by calling Customer Service at 530-870-7888. You will be billed at the term you have selected, which shall be your SUBSCRIPTION TERM. Future SUBSCRIPTION TERM prices are subject to change. This Subscription Agreement grants you a FULLY PREPAID, NON-REFUNDABLE license to receive and access the Paradise for the duration of the SUBSCRIPTION TERM. No credit is offered for vacation interruptions.

All home delivery subscriptions will automatically include up to five Special Editions annually, including the Thanksgiving Edition, at an additional cost of $6.00. The cost of these Special Editions will be subtracted from the amount you paid for your subscription and will shorten the length of its term UNLESS you OPT OUT of receiving them. If you prefer not to receive these editions, you must call Customer Service at 530-879-7888 to OPT OUT. If you do not OPT OUT, your account will be billed automatically and your term will be shortened. Digital online content is not subject to California sales tax. The sale of printed newspapers is subject to sales tax. Reimbursement per Cal. Code Regs, tit, § 1590(b)(1).

For more information on the terms of our ARBITRATION and SUBSCRIPTION TERMS AGREEMENT visit: http://digitalfirstmedia.com/common/dfm/arbitration-and-subscription-terms

## Follow us on Twitter and Facebook.

LEGAL NOTICE   LEGAL NOTICE   LEGAL NOTICE   LEGAL NOTICE   LEGAL NOTICE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY, Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors
*All papers shall be filed in the Lead Case,
No. 19-30088 (DM).

Chapter 11 Case
No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

[Legal notice text — bankruptcy proceedings, disclosure statement notices, objections deadlines, and related procedural content.]

*You're there for Mom. We're here for you.*

AARP