William B Abrams
1519 Branch Owl Place
Santa Rosa, CA 95409
Tel: 707 397 5727
End2endconsulting@gmail.com

*Claimant*



FILED

FEB 27 2020

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>X  Affects both Debtors<br>*  All papers shall be filed in the Lead Case, No. 19-30088(DM). | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION OF CLAIMANT WILLIAM B. ABRAMS FOR LEAVE TO FILE APPEAL OF ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENT** |

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004, William B Abrams ("Mr. Abrams"), a tort claimant, hereby moves the United States District Court for the

1

. MOTION OF WILLIAM B ABRAMS FOR LEAVE TO APPEAL ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF

Northern District of California (the "District Court") for leave to appeal the *Order Denying Motion for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and FED. R. BANKR. P. 6004 and 9019 (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* [D.I. 5766] entered on February 13, 2020 (the "Order") by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), a copy of which are attached hereto as **Exhibit A**.

The underlying Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief ("the RSA Order") is attached hereto as **Exhibit B.**

Mr. Abrams respectfully requests that the District Court issue an order permitting him to seek reversal on appeal of the Order, for the underlying motion to be granted, and for the Restructuring Support Agreement to be renegotiated to effect a valid and sound exercise of the Debtors' business judgment and to engender substantial fairness and transparency to the tort claimants and put the interests of the tort claimants on equal footing with the Debtors.

Mr. Abram's request is based on this motion; the **(1)** Notice of Motion of William B Abrams for Leave to Appeal Order Denying Motion for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief, and **(2)** the Memorandum in Support of Motion of William B Abrams for Leave to Appeal Order Denying Motion for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief filed concurrently herewith; all pleadings, papers, and other documentary materials in the Bankruptcy Court's file in this action; those matters of which the

2

. MOTION OF WILLIAM B ABRAMS FOR LEAVE TO APPEAL ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF

District Court may take judicial notice; the arguments of counsel made at the hearing on the Motion, if any; and such other matters as the District Court may consider.

**WHEREFORE**, the Mr. Abrams respectfully requests that the District Court grant Mr. Abrams leave to appeal the Order.

DATED: February 27, 2020

Respectfully submitted,

William B. Abrams
Claimant

---

3
. MOTION OF WILLIAM B ABRAMS FOR LEAVE TO APPEAL ORDER DENYING MOTION FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF

# Exhibit A

Entered on Docket
February 13, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 12, 2020

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | |
| Stephen Karotkin (*pro hac vice*) | |
| (stephen.karotkin@weil.com) | |
| Ray C. Schrock, P.C. (*pro hac vice*) | |
| (ray.schrock@weil.com) | |
| Jessica Liou (*pro hac vice*) | |
| (jessica.liou@weil.com) | |
| Matthew Goren (*pro hac vice*) | |
| (matthew.goren@weil.com) | |
| 767 Fifth Avenue | |
| New York, NY 10153-0119 | |
| Tel: 212 310 8000 | |
| Fax: 212 310 8007 | |

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **ORDER DENYING MOTION OF WILLIAM B. ABRAMS FOR RECONSIDERATION OF THE ORDER PURSUANT TO 11 U.S.C. §§ 363(B) AND 105(A) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF [DKT. 5174]**<br><br>**Related Docket No.: 5577** |

Upon consideration of the *Motion of William B. Abrams for Reconsideration of the Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (i) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire*

| | |
|---|---|
| 1 | *Claimant Professionals, and Shareholder Proponents, and (ii) Granting Related Relief [Dkt. 5174]* |
| 2 | [Docket No. 5577] (the "**Motion**"), and the various objections to the Motion filed by PG&E Corporation |
| 3 | and Pacific Gas and Electric Company, as debtors and debtors in possession [Docket No. 5705], the Ad |
| 4 | Hoc Group of Subrogation Claim Holders [Docket No. 5702], and the Official Committee of Tort |
| 5 | Claimants [Docket No. 5698] (the "**Objections**"), and *William B. Abrams Response to Official* |
| 6 | *Committee of Tort Claimants Objection [Dkt. 5698] and the Restated Objection of the Ad Hoc* |
| 7 | *Subrogation Group [Dkt. 5702] to William B. Abrams Motion for Reconsideration of the Order* |
| 8 | *Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order* |
| 9 | *(i) Authorizing the Debtors and the TCC to Enter Into Restructuring Support Agreement with the TCC,* |
| 10 | *Consenting Fire Claimant Professionals, and Shareholder Proponents, and (ii) Granting Related Relief* |
| 11 | *[Dkt. 5577]* [Docket No. 5708] (the "**Response**"); and this Court having held a hearing on February 11, |
| 12 | 2020 to consider the Motion, the Objections, and the Response (the "**Hearing**"); and upon all of the |
| 13 | proceedings had before this Court and after due deliberation, |

**IT IS HEREBY ORDERED THAT:**

1. The Motion is denied for the reasons set forth on the record of the Hearing.

2. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

\*\* END OF ORDER \*\*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# Exhibit B

Entered on Docket
December 19, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 19, 2019

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251
*Attorneys for Debtors
and Debtors in Possession*

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS AND TCC TO ENTER INTO RESTRUCTURING SUPPORT AGREEMENT WITH THE TCC, CONSENTING FIRE CLAIMANT PROFESSIONALS, AND SHAREHOLDER PROPONENTS, AND (II) GRANTING RELATED RELIEF** |

Upon the Motion, dated December 9, 2019 [Docket No. 5038] (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) authorizing the Debtors and TCC to enter into that certain Restructuring Support Agreement, dated December 6, 2019 (as amended on December 16, 2019, and as may be further amended, modified, or supplemented from time to time in accordance with its terms, the "**Tort Claimants RSA**"), among the Debtors, the TCC, the Consenting Fire Claimant Professionals, and the Shareholder Proponents, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given in accordance with the *Order Granting Ex Parte Motion of Debtors Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Tort Claimants RSA Motion*, dated December 10, 2019 [Docket No. 5046] is reasonable and sufficient, and no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration; and various objections, responses, and statements having been filed with respect to the relief requested in the Motion, including, without limitation, the objections, responses, and statements found at Docket Nos. 5115, 5117, 5121, 5123, 5124, 5125, 5127, 5128, 5129, 5131, 5132, 5135, 5138, and 5139 (collectively, the "**Objections**"); and the Court having held a hearing on December 17, 2019 to consider the Motion and the Objections (the "**Hearing**"); and this Court, for the reasons stated by this Court on the record of the Hearing, having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the relief requested in the Motion represents a sound exercise of the Debtors'

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

business judgment and is in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties in interest; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein. Any Objections to the extent not resolved at the Hearing are hereby overruled.

2. The Tort Claimants RSA, including the Term Sheet encompassed therein, represents a valid and sound exercise of the Debtors' business judgment and, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, is hereby approved in its entirety.

3. The Debtors and TCC are authorized to enter into and perform under the Tort Claimants RSA and Term Sheet encompassed therein, and execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the entry into and performance under the Tort Claimants RSA, including any transactions contemplated thereby.

4. Any material modifications or amendments to the Tort Claimants RSA shall be subject to this Court's approval on not less than twenty-one (21) days' notice, subject to the right of any Party to move for shortened notice.

5. The failure to describe specifically or include any particular provision of, or documents related to, the Tort Claimants RSA or Term Sheet in the Motion or this Order shall not diminish or impair the effectiveness of the Tort Claimants RSA or the Term Sheet, it being the intent of this Court that the Tort Claimants RSA and the Term Sheet be approved in their entirety.

6. This Order shall be immediately effective and enforceable upon its entry.

7. The Debtors and the TCC are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

\*\* END OF ORDER \*\*