1                  UNITED STATES BANKRUPTCY COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                              -oOo-

4    In Re:                      ) Case No. 19-30088
                                 ) Chapter 11
5    PG&E CORPORATION AND PACIFIC )
     GAS AND ELECTRIC COMPANY     ) San Francisco, California
6                                 ) Thursday, February 27, 2020
                      Debtors.    ) 10:00 AM
7    _____ )
                                    COURT'S INTENTIONS RE:
8                                   PROPOSED ORDER RE: MOTION TO
                                    APPLY RULE 7023, AND ORDER
9                                   SETTING DEADLINE [5042]

10                   TRANSCRIPT OF PROCEEDINGS
                  BEFORE HONORABLE DENNIS MONTALI
11                 UNITED STATES BANKRUPTCY JUDGE

12   APPEARANCES (TELEPHONIC):
     For the Debtors:            STEPHEN KAROTKIN, ESQ.
13                               Weil, Gotshal & Manges LLP
                                 767 Fifth Avenue
14                               New York, NY 10153
                                 (212) 310-8000

15
     For the Official Committee  DAVID J. RICHARDSON, ESQ.
16   of Tort Claimants:          Baker & Hostetler LLP
                                 11601 Wilshire Boulevard
17                               Suite 1400
                                 Los Angeles, CA 90025
18                               (310) 820-8800

19   For Public Employees        MICHAEL S. ETKIN, ESQ.
     Retirement Association of    Lowenstein Sandler LLP
20   New Mexico:                 One Lowenstein Drive
                                 Roseland, NJ 07068
21                               (973) 597-2500

22                               NICOLE M. ZEISS, ESQ.
                                 Labaton Sucharow
23                               140 Broadway
                                 New York, NY 10005
24                               (212) 907-0867

25

escribers
(973) 409-9950 | operations@escribers.net | www.escribers.net

```
1   Court Recorder:            ANKEY THOMAS

2   Transcriber:               CLARA RUBIN
                               eScribers, LLC
3                              7227 N. 16th Street
                               Suite #207
4                              Phoenix, AZ 85020
                               (973)406-2250
5
    Proceedings recorded by electronic sound recording;
6   transcript provided by transcription service.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PG&E Corp. and Pacific Gas and Electric Co.

1      SAN FRANCISCO, CALIFORNIA, FEBRUARY 27, 2020, 10:03 AM

2                              -oOo-

3          (Call to order of the Court.)

4              THE CLERK:  Court is now in session, the Honorable

5      Dennis Montali presiding.

6              THE COURT:  Okay --

7              THE CLERK:  Matter of PG&E Corporation.

8              THE COURT:  Good morning.  Counsel, I don't have a

9      phone list today, so let me go run down -- is Mr. Karotkin --

10     are you online?

11             MR. KAROTKIN:  Yes, sir.

12             THE COURT:  And Mr. Etkin?

13             MR. ETKIN:  Yes, Your Honor.

14             THE COURT:  And for the TCC, is that Mr. Richardson?

15             MR. RICHARDSON:  Yes, Your Honor.

16             THE COURT:  Okay.  I was a little busy, as you know,

17     yesterday, and so were you, but I --

18             MS. ZEISS:  Your Honor, I'm --

19             THE COURT:  Oh.  Who's that?

20             MS. ZEISS:  One more person, Nicole, N-I-C-O-L-E,

21     Zeiss, Z as in "zebra", E-I, S as in "Sam", S as in "Sam", with

22     Mr. Etkin, but I'm at Labaton Sucharow --

23             THE COURT:  Okay.

24             MS. ZEISS:  -- for PERA.

25             THE COURT:  Good morning, Ms. Zeiss.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    What I was going to say is I just -- I didn't take the

2  time to work my way through the two competing versions of the

3  notices, because -- well, I was hopeful that they would get

4  resolved without me.

5    So, Mr. Karotkin, why don't you tell me what are

6  the -- in dispute.  And I'll listen to brief commentary either

7  way and make a decision.

8    MR. KAROTKIN:  Okay.  We have, I think, and Mr. Etkin

9  can confirm, largely resolved everything in the notice and the

10  order and the proof-of-claim form, other than in two items, and

11  Mr. Etkin can correct me if I'm wrong; one is, we had

12  characterized the notice and the proof of claim as

13  (indiscernible) with respect to rescission-and-damage claims,

14  which we believe is appropriate because that is what the claims

15  are, and then believe it should say "securities claims" or

16  something to that effect, (indiscernible) can verify.  I

17  believe the only other open issue is whether the claims have to

18  be actually received by April 15th at midnight Pacific time or

19  whether they could be postmarked before that time, and then --

20    THE COURT:  My goodness.  What a -- that's a deal

21  point.  Talk about -- this is why I get the big bucks to make

22  these tough decisions, you know.

23    MR. KAROTKIN:  Exactly.  Exactly.  And our view is

24  (indiscernible) they are rescission or damage claims.  And in

25  fact, I think we characterized them as such that they

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    (indiscernible) claims that (indiscernible).  And in addition,

2    as to the postmark, we say that typically (indiscernible).

3    Others say they have to be received by a particular time and

4    (indiscernible) five weeks ago.  (Indiscernible).  So in order

5    to let the process work and know exactly what we're doing

6    and -- that's our view.

7              THE COURT:  Mr. Karotkin, you have to put a --

8              MR. KAROTKIN:  And I think other than that --

9              THE COURT:  -- you have to --

10             MR. KAROTKIN:  -- this is --

11             THE COURT:  Mr. Karotkin --

12             MR. KAROTKIN:  -- (indiscernible).  Other than that, I

13   think, again --

14             THE COURT:  Mr. Karotkin, you have to put a --

15             MR. KAROTKIN:  Thank you.

16             THE COURT:  -- you have to put a postage stamp on the

17   envelope.  That's the rule out here.

18             MR. KAROTKIN:  (Indiscernible) utility does it.

19             THE COURT:  Well, hopefully it wasn't from PG&E.

20             Mr. Etkin --

21             MR. KAROTKIN:  No, (indiscernible).

22             THE COURT:  Mr. Etkin, let's focus on the terminology.

23   Before you speak, let me just take one check at something.

24             Yeah, I'm just looking at the statute, because I can

25   probably -- can't go wrong by quoting 510(b).  But what's wrong

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    with the rescission-and-damage claim?  That's what it is.

2            MR. ETKIN:  Well, Your Honor, what's wrong with that

3    is that, with respect to the target audience, that's going to

4    cause some confusion, we believe, because that's essentially

5    the remedy that they're looking for.  But it's not what these

6    claims are.  And similar to how other claims have been

7    characterized in the case -- for example, there's the standard

8    bar-date notice, there's the customer bar-date notice, there's

9    the prior-claim bar-date notice.

10           And I would point out, Your Honor, that in your

11   Court's intentions with the proposed order, Your Honor actually

12   characterized these as an extended securities-claims bar date,

13   as well as the securities-claims bar-date notice.  And we

14   believe that's appropriate because that's going to advise folks

15   what essentially -- what do these claims stem from.  And most

16   (indiscernible) that's the purchase of securities.  And if

17   these claims are consistently referred to as damage --

18   rescission or damage claims we believe that is not going to

19   fulfill the intent of notifying these folks as to whether they

20   should or should not file a claim.

21           So really it's nomenclature, Your Honor; we understand

22   that.  But the idea, I believe, behind the (indiscernible)

23   rescission is to give folks an opportunity to assess whether

24   they have a claim.  And we believe this nomenclature is going

25   to help folks focus in on the type of claim that they might

PG&E Corp. and Pacific Gas and Electric Co.

1    have and whether they're going to file one.

2              THE COURT:  Okay, well --

3              MS. ZEISS:  Your Honor, it's Nicole Zeiss.  Can I --

4              THE COURT:  Yes.

5              MS. ZEISS:  -- clarify one thing?

6              THE COURT:  Go ahead.

7              MS. ZEISS:  The documents will still say "rescission

8    or damage claim".  What we're talking about is just the short

9    form with a defined term.  The defined term is the "securities

10   proof of claim".

11             THE COURT:  Yeah, okay, but here --

12             MS. ZEISS:  And on the website, when people go --

13             THE COURT:  -- here's my problem, and this is why I'm

14   not going to -- I might find a different language.  But the

15   bankruptcy world knows that the universe is divided into

16   claimants and interest holders.  And some people in your world

17   who suffer damages from misrepresentations concerning

18   particularly purchase of equity have claims, and they have

19   claims out in the real world.  But under 510(b), a person who

20   was defrauded in purchasing a security still has a claim, but

21   it's for security.  And I think that's an important distinction

22   where you have damage for a debt instrument, perhaps; it's a

23   slightly different nuance, because of the subordination, what

24   do you -- where do you put the subordinated bondholder; you put

25   the bondholder below or equivalent to everybody else or above

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    equity.

2         But my problem is -- and here's the point that I think

3    I'm more in favor of the debtors' side here -- is that you also

4    have people who don't -- who might be filing essentially proofs

5    of interest, because I don't expect unsophisticated and

6    untrained people to know the difference between an equity

7    position or a claim position, when they're just filing

8    something and maybe have no damage.

9         So I think that -- and I don't remember; my

10   recollection is, when I was working on the little insert that I

11   wanted on the notice -- I don't recall that I changed the

12   phrase "rescission or damage claim".  I believe that came from

13   the debtor.  And what I put in there was the language that gave

14   them some context by saying, if essentially -- 510(b), this is

15   where you're going to end up, and this is why you're getting

16   your notice.

17        So I think -- as I was listening to both sides here, I

18   was looking at the statute.  And the statute itself says, "a

19   claim arising from the rescission of a purchase or sale of

20   security of the debtor".  That, of course, can mean a debt

21   instrument or an ownership interest.

22        So I want to be faithful to that language.  And to me,

23   your terminology of just calling it a securities claim is too

24   neutral.  And I'm hopeful that a security holder who hasn't

25   suffered damage, who reads this notice carefully, will say,

PG&E Corp. and Pacific Gas and Electric Co.

1   it's not for me.  And someone who believes he or she has had

2   damage, this is the way of getting there.

3           Now, I'm willing to look and see if there's a slight

4   tweak to the phrase, but I think the statute -- since the

5   statute uses the word "rescission", I want to be consistent

6   with that.

7           MR. KAROTKIN:  Your Honor --

8           MR. ETKIN:  Your Honor, may --

9           MR. KAROTKIN:  Your Honor --

10          THE COURT:  Yeah -- well, let me --

11          MR. ETKIN:  Your Honor, may I --

12          THE COURT:  Let's take this --

13          MR. ETKIN:  May I try to --

14          THE COURT:  Wait.  Counsel.  Let --

15          MR. KAROTKIN:  May I --

16          THE COURT:  Yes --

17          MR. KAROTKIN:  May I say something?

18          THE COURT:  Mr. Karotkin?

19          MR. KAROTKIN:  May I say something?

20          THE COURT:  Yes.  Mr. Karotkin, go first.

21          MR. KAROTKIN:  Thank you, sir.  Your Honor, I think

22  if -- first of all, I understand.  I agree with you.  And I

23  think if you look at the notice, the first page of the notice,

24  including the box -- there's a box on the first page; it could

25  not be clearer to address the point you raised.  And I simply

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1  (ph.) don't understand Mr. Etkin's position.  And I don't want

2  to be pejorative.  It just seems like a way to try to generate

3  more claims.  And that's not what we're here for.

4  THE COURT:  Okay, I'm going to listen to Mr. Etkin

5  but, before I do, I want to ask you both a question.  Remember,

6  I started this hearing by telling you I haven't -- I didn't

7  take the time to review the competing forms.  So -- excuse me.

8  Pardon me.  I'm coughing

9  So I don't -- at the moment, I don't know what you

10  agreed to on the box.  Mr. Karotkin, did you agree to the black

11  box that appears right in the center of the first page, that

12  Mr. Etkin proposed?

13  MR. KAROTKIN:  No.

14  THE COURT:  No?

15  MR. KAROTKIN:  Well, Your Honor, we have revised the

16  notice to incorporate most of the comments Mr. Etkin submitted.

17  So it's different from what we submitted --

18  THE COURT:  Okay.

19  MR. KAROTKIN:  -- yesterday --

20  THE COURT:  What's the --

21  MR. KAROTKIN:  -- morning.

22  THE COURT:  Just, what's the --

23  MR. KAROTKIN:  I think --

24  THE COURT:  Just tell me the words underneath the --

25  where -- right below where the debtors' names and numbers are.

PG&E Corp. and Pacific Gas and Electric Co.

1   What's the first thing in all caps?  What does it say?

2       MR. KAROTKIN:  Okay.  Okay, so, to all those who

3   purchase or acquired PG&E publicly traded debt or equity

4   securities during the period April 29 through November 15.  And

5   then in the box that says, "Important:  Court-ordered notice.

6   You are receiving this notice because you may have purchased or

7   acquired security of PG&E Corporation, Pacific Gas and Electric

8   Company, or both, from April 29, 2015 through November 15,

9   2018, inclusive, and may be entitled to a recovery in the PG&E

10  Chapter 11 cases.  You have been given additional time by the

11  bankruptcy court to file a claim in the PG&E Chapter 11 cases,

12  for rescission or damages based upon your purchase of

13  acquisition of such securities.  If you wish to file such a

14  claim, please follow the following" --

15      THE COURT:  Okay.

16      MR. KAROTKIN:  -- "please follow the instructions

17  below."

18      THE COURT:  Okay.  I got you.

19      Mr. Etkin, I don't -- I think Mr. Karotkin's got the

20  better argument here, but I think the statute's got the better

21  language.  So I'll let you say what you want, but I'm pretty

22  satisfied with where we are.  Go ahead.

23      MR. ETKIN:  Well, let me try to move you, Your

24  Honor --

25      THE COURT:  Sure.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    MR. ETKIN:  -- if you don't mind.  A couple of things.

2  The language that Mr. Karotkin just quoted really makes the

3  point.  The claim is for damages or rescission, but it's based

4  upon the purchase or sale of a security.  And --

5    THE COURT:  No, no.  It's based upon --

6    MR. ETKIN:  -- as I understand 510(b) --

7    THE COURT:  Hold it.  It's based on the purchase, not

8  the sale.

9    MR. ETKIN:  Yeah, I'm sorry; it's based upon the

10  purchase.  I was confused with -- confusing the language of

11  510(b), which says "purchase or sale".

12    THE COURT:  Right.

13    MR. ETKIN:  But it's based upon the purchase of a

14  security.  So -- and the basis of somebody's claim and what

15  they would recognize is that it relates to their purchase or a

16  transaction in connection with a security of the debtor.

17    510(b), Your Honor, really -- it focuses really on the

18  treatment of these claims from the standpoint of whether

19  they're subordinated pursuant to that statute.  It really

20  doesn't deal necessarily with the definition of the claim or

21  the type of claim that it is.  It's there to indicate that

22  claims of this type are subordinated statutorily under the

23  Code.

24    So these claimants are not going to understand that a

25  510(b) -- or those nuances, although, by virtue of some of the

PG&E Corp. and Pacific Gas and Electric Co.

1   language that Your Honor included -- this notice tries to

2   explain that to some extent.

3           The important point, Your Honor, is that -- something

4   you raised with respect to the confusion of an equity holder

5   filing a claim based upon their status as a holder, where they

6   really may not have a securities claim.  And we've addressed

7   that when we were -- this was a point of contention in our

8   discussions with Mr. Karotkin.  But we've landed on language,

9   in both the proof of claim itself and in the notice, which

10  says, and I'm going to quote that to you, "You also do not need

11  to file a proof of claim if you did not purchase or acquire

12  publicly traded debt or equity securities of the debtors from"

13  the dates that you've heard before, "and your claim is based

14  solely on your current and continuous ownership of such

15  securities."

16          So the notice and the claim form already provide, for

17  the benefit of those receiving this form, that if they didn't

18  purchase during the class period, that -- and their claim is

19  only based upon their status as a holder, a current holder,

20  that they don't need to file a claim.

21          So that's really taken care of in the notice, and it's

22  really taken care of in the claim form itself.  And while we

23  don't disagree, and can't disagree, with the fact that the

24  remedy here are (sic) damages or rescission, not only as is

25  discussed in 510(b), but under the securities laws themselves.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    From a standpoint of nomenclature and identifying the

2    form and the purpose of the form, we think it's extremely

3    important that recipients of this form understand that it's a

4    securities claim that they're filing and not a claim for

5    damages or rescission without context.  The fact that it's a

6    securities claim is what gives it context.  The fact that it

7    relates to the purchase of a security is what gives it context.

8    So that's why we think, from the standpoint of giving

9    the recipients of this notice the opportunity to file a claim

10   if they have one --

11   THE COURT:  Okay, I got it.

12   MR. ETKIN:  -- that --

13   THE COURT:  Mr. Etkin --

14   MR. ETKIN:  -- that nomenclature is included.

15   THE COURT:  Mr. Etkin, I understand your point.  You

16   are the class-action expert.  I guess I'm the bankruptcy

17   expert.  And to me, the very explanation you gave proves the

18   point not to go with your explanation, because in my world, if

19   I bought -- if I paid fifty-five bucks for a share back in 2016

20   and now I looked in the paper and the shares are at eighteen

21   dollars, I go, "Uh, well something happened."  It wasn't the

22   coronavirus.  It wasn't the world-trade situation, the

23   election.  It wasn't the fire.

24   But at the same time, if I don't realize or don't

25   think that I have a damage claim, then I'm not going to do

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    anything.  But when somebody gives me a notice from the

2    bankruptcy court that says there's a deadline to file

3    securities claims, without qualifying it as what it's for, it,

4    to me, is exactly contrary.

5          So I'm the one that insisted that there be a brief

6    statement that there's a -- that in my mind is context that

7    says, if you -- and maybe the original notice had some in

8    there; I won't -- not competing with credit here -- but it says

9    somebody contends that he'd suffered loss, and the Bankruptcy

10   Code says this is where your losses are going to be dealt with,

11   you have a rescission claim, frankly, I'm almost wondering why

12   Mr. Karotkin insisted on putting the phrase "or damage" in

13   there.

14         But indeed, when you look at 510(b), the word "damage"

15   shows up later.  It talks about a claim arising from

16   rescission -- leave aside sale -- a rescission of a purchase of

17   security.  And then you go for damages arising, et cetera.

18         So, listen, there's no perfect system.  I find that to

19   use your language is less informative and descriptive of what

20   is being done.  The fact of the matter is, if PG&E had chosen,

21   or if there was a reason for, the company to be having a -- how

22   can I say this.  Let me rephrase that.  If there was a theory

23   by which there was a damage claim that could have been asserted

24   apart from whatever would follow under 510, that's something

25   else again.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    And we're here in this awkward situation because your

2  class action triggered something.  In retrospect, perhaps there

3  should have been more adequate notice.  There wasn't.  We don't

4  have to go back over all of that.

5    So I'm -- tell you what; I'm just going to leave it

6  that way and overrule your objection.

7    Now --

8    MR. KAROTKIN:  Your Honor --

9    THE COURT:  -- on the timing, I want to -- oh, yes,

10  sir, Mr. Karotkin.

11    MR. KAROTKIN:  Yeah.  (Indiscernible) to the

12  (indiscernible) and the postmark, which is just the only other

13  open issue --

14    THE COURT:  Yeah, well, I just want -- I wanted to

15  take a look at my calendar.  Look, I -- again, I want to say

16  what I did.  I decided, given the uncertainty about the notice

17  procedure to the nominees, et cetera, et cetera, the normal --

18  I looked for what is normal, if there is a normal.  And a claim

19  arising out of a rejection of executory contract, for example,

20  traditionally in our district -- it's not passionately (ph.) --

21  gives rise to a thirty-day time.  And although in a perfect

22  world there would have been notice in time to give a claims bar

23  date of March 31st, I just on my own decided a couple more

24  weeks because maybe things won't move as quickly as I would

25  hope that they would do.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1      So I on my own just picked April 15th.  I could have

2   picked April 17th as for actual arrival, or I could have put

3   April 13th or postage -- and I didn't think of it one way or

4   the other.  I just picked Tax Day, April 15th.  If you're

5   paying your taxes, you might as well file a claim for your

6   rescission damage.  And I didn't give it any thought.

7      So I'm inclined to do what works best for Prime Clerk,

8   but I also am not comfortable shorting the claimants again.

9   And that almost tells me maybe I should make the date a little

10  later but make it the way Prime Clerk wants it.

11      So with that background, Mr. Karotkin, go ahead and

12  make your pitch and -- or give me a suggestion.  And then I'll

13  hear from Mr. Etkin.

14      MR. KAROTKIN:  I think that -- I think that the April

15  15th date was fine.  It was just an issue of postmark.  And I

16  just don't think we can rely on postmark.  If Mr. Etkin wants

17  to make it April 16th, (indiscernible) April 16th, then fine.

18  But I think we just need a procedure that's consistent with

19  what is always done.  A postmark is not what's done, and it's

20  not reliable.

21      THE COURT:  And what have we done -- what's been done

22  for the fire claimants?  I don't remember.  Was that an

23  actual --

24      MR. KAROTKIN:  It's not postmark.  It's actual

25  receipt.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1          THE COURT:  Okay.

2          MR. KAROTKIN:  That is -- the October 31st bar date

3    for everyone was actual receipt, and it was 5 p.m. --

4          THE COURT:  Well, that's why --

5          MR. KAROTKIN:  -- and you extended it to midnight.

6          THE COURT:  You know, I didn't -- as I say, I didn't

7    go back and look.

8          Mr. Etkin, I'm going to go with Mr. Karotkin's method.

9    I want to have consistency in the procedure.  He offered you an

10   extra day.  You want an extra day?

11         MR. ETKIN:  Your Honor, I'm sure that -- I'm sure that

12   claimants, given that April 15th is Tax Day and they might not

13   be focusing on this in the week or two leading up to April

14   15th -- I'll take whatever extra time they can give.  The

15   problem, Your Honor, is that, with respect to the original bar

16   date, folks have about four months.  This is a -- this is a

17   compressed time.  And frankly, as a practical matter, claimants

18   who are getting these claim forms through nominees or with the

19   effort of nominees may have only a couple weeks or less, by the

20   time they get the claim form, to file something

21         So under the circumstances here, and these are

22   somewhat unique circumstances, we just felt that the idea of

23   just getting it in the mail by April 15th should be sufficient

24   and that, to the extent that there's snail mail and claims that

25   are postmarked by the 15th, drift in in the week, or so, after

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1  the 15th, that that's really not going to pose any problems for

2  anyone, including Prime Clerk.

3            THE COURT:  Well, but again, Mr. Etkin, I --

4            MR. KAROTKIN:  And, Your Honor, (indiscernible) --

5            THE COURT:  Well, you're about to make the case.

6            But, Mr. Etkin, I'm going to, again, make the pitch

7  from the bankruptcy-administration point of view.  As you said,

8  we have a tight schedule.  I don't know how many claims are

9  going to come in.  You thought we could get tens of thousands

10  of them.  I don't know if we're going to get 5 claims or 50,000

11  claims.  I don't know if a claimant's (sic) going to be for 5

12  dollars or 50,000 dollars.  And that's a problem that the

13  debtor and the debtor's advisors have to deal with for reasons

14  that we don't have to go into.

15            But to me, we have a whole -- I mean, the notion of a

16  trickle effect, even if there're a small number of claims, and

17  even if the individual claims are a relatively small dollar

18  amount, it still -- this thing just gets magnified enormously

19  when we have 80,000 fire claimants and we have God knows how

20  many non-fire claimants.

21            So I'll give you the extra day just because I'm going

22  to -- I'm not going to even go the next day.  I'll stick with

23  Mr. Karotkin's procedure because it's consistent.  We have,

24  consistently for fire victims and for commercial creditors and

25  now for putative-class rescission claimants, the same

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    methodology.  I appreciate and understand that it's tough and

2    tight.  I can't fix that.

3            So, Mr. Karotkin, I guess you do a global edit on your

4    wordprocessor and put in "16" --

5            MR. KAROTKIN:  Yeah.

6            THE COURT:  -- instead of "15" and stick with your --

7            MR. KAROTKIN:  We will.

8            THE COURT:  -- language.  And I guess --

9            MR. KAROTKIN:  Okay.

10           THE COURT:  -- if that's all, I'll thank you, Counsel,

11   for getting --

12           MR. KAROTKIN:  Well, we will --

13           THE COURT:  -- all the other issues resolved.

14           So when am I going to get an order from you?

15           MR. KAROTKIN:  (Indiscernible).

16           THE COURT:  Am I going to get an order later today?

17           MR. KAROTKIN:  We can do -- yes.

18           THE COURT:  And what -- because again, as I say --

19           MR. KAROTKIN:  Yeah.  Yeah.

20           THE COURT:  -- I will sign that order and it'll be on

21   our docket within -- by close of business today, without fail.

22           MR. KAROTKIN:  Okay.

23           THE COURT:  Okay, thank you all --

24           MR. KAROTKIN:  Thank you, sir.

25           THE COURT:  -- for your time.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corp. and Pacific Gas and Electric Co.

1    MS. ZEISS:  Thank you, Your Honor.

2    THE COURT:  Thank you.

3    MR. ETKIN:  Thank you, Your Honor.

4    THE COURT:  Thank you.  Thank you, Mr. Etkin, Ms.

5  Weiss (sic) -- Zeiss.

6    (Whereupon these proceedings were concluded at 10:29 AM)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

1                        I N D E X

2    RULINGS:                                    PAGE LINE

3    PERA's objection is overruled and Mr.        16     5

4    Karotkin's language will be used.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(973)406-2250 | operations@escribers.net | www.escribers.net

1          C E R T I F I C A T I O N

2

3      I, Clara Rubin, certify that the foregoing transcript is a true

4      and accurate record of the proceedings.

5

6

7

8

9

10

11      _____

12      /s/ CLARA RUBIN

13

14      eScribers

15      7227 N. 16th Street, Suite #207

16      Phoenix, AZ 85020

17

18      Date:   February 28, 2020

19

20

21

22

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

## A

**above (1)**
7:25
**acquire (1)**
13:11
**acquired (2)**
11:3,7
**acquisition (1)**
11:13
**action (1)**
16:2
**actual (4)**
17:2,23,24;18:3
**actually (2)**
4:18;6:11
**addition (1)**
5:1
**additional (1)**
11:10
**address (1)**
9:25
**addressed (1)**
13:6
**adequate (1)**
16:3
**advise (1)**
6:14
**advisors (1)**
19:13
**again (7)**
5:13;15:25;16:15;
17:8;19:3,6;20:18
**ago (1)**
5:4
**agree (2)**
9:22;10:10
**agreed (1)**
10:10
**ahead (3)**
7:6;11:22;17:11
**almost (2)**
15:11;17:9
**although (2)**
12:25;16:21
**always (1)**
17:19
**amount (1)**
19:18
**apart (1)**
15:24
**appears (1)**
10:11
**appreciate (1)**
20:1
**appropriate (2)**
4:14;6:14
**April (13)**
4:18;11:4,8;17:1,2,3,
4,14,17,17;18:12,13,23
**argument (1)**
11:20

**arising (4)**
8:19;15:15,17;16:19
**arrival (1)**
17:2
**aside (1)**
15:16
**asserted (1)**
15:23
**assess (1)**
6:23
**audience (1)**
6:3
**awkward (1)**
16:1

## B

**back (3)**
14:19;16:4;18:7
**background (1)**
17:11
**bankruptcy (5)**
7:15;11:11;14:16;
15:2,9
**bankruptcy-administration (1)**
19:7
**bar (4)**
6:12;16:22;18:2,15
**bar-date (4)**
6:8,8,9,13
**based (9)**
11:12;12:3,5,7,9,13;
13:5,13,19
**basis (1)**
12:14
**behind (1)**
6:22
**believes (1)**
9:1
**below (3)**
7:25;10:25;11:17
**benefit (1)**
13:17
**best (1)**
17:7
**better (2)**
11:20,20
**big (1)**
4:21
**black (1)**
10:10
**bondholder (2)**
7:24,25
**both (4)**
8:17;10:5;11:8;13:9
**bought (1)**
14:19
**box (5)**
9:24,24;10:10,11;
11:5
**brief (2)**
4:6;15:5
**bucks (2)**

4:21;14:19
**business (1)**
20:21
**busy (1)**
3:16

## C

**calendar (1)**
16:15
**CALIFORNIA (1)**
3:1
**Call (1)**
3:3
**calling (1)**
8:23
**came (1)**
8:12
**can (10)**
4:9,11,16;5:24;7:3;
8:20;15:22;17:16;
18:14;20:17
**caps (1)**
11:1
**care (2)**
13:21,22
**carefully (1)**
8:25
**case (2)**
6:7;19:5
**cases (2)**
11:10,11
**cause (1)**
6:4
**center (1)**
10:11
**cetera (3)**
15:17;16:17,17
**changed (1)**
8:11
**Chapter (2)**
11:10,11
**characterized (4)**
4:12,25;6:7,12
**check (1)**
5:23
**chosen (1)**
15:20
**circumstances (2)**
18:21,22
**claim (39)**
4:12;6:1,20,24,25;
7:8,10,20;8:7,12,19,23;
11:11,14;12:3,14,20,
21;13:5,6,9,11,13,16,
18,20,22;14:4,20,25;
15:11,15,23;16:18;
17:5;18:18,20
**claimants (9)**
7:16;12:24;17:8,22;
18:12,17;19:19,20,25
**claimant's (1)**
19:11

**claims (24)**
4:13,14,15,17,24;
5:1;6:6,6,15,17,18;
7:18,19;10:3;12:18,22;
15:3;16:22;18:24;19:8,
10,11,16,17
**clarify (1)**
7:5
**class (2)**
13:18;16:2
**class-action (1)**
14:16
**clearer (1)**
9:25
**CLERK (5)**
3:4,7;17:7,10;19:2
**close (1)**
20:21
**Code (2)**
12:23;15:10
**comfortable (1)**
17:8
**commentary (1)**
4:6
**comments (1)**
10:16
**commercial (1)**
19:24
**Company (2)**
11:8;15:21
**competing (2)**
4:2;10:7;15:8
**compressed (1)**
18:17
**concerning (1)**
7:17
**concluded (1)**
21:6
**confirm (1)**
4:9
**confused (1)**
12:10
**confusing (1)**
12:10
**confusion (2)**
6:4;13:4
**connection (1)**
12:16
**consistency (1)**
18:9
**consistent (3)**
9:5;17:18;19:23
**consistently (2)**
6:17;19:24
**contends (1)**
15:9
**contention (1)**
13:7
**context (5)**
8:14;14:5,6,7;15:6
**continuous (1)**
13:14
**contract (1)**

**claims (24)**
16:19
**contrary (1)**
15:4
**coronavirus (1)**
14:22
**Corporation (2)**
3:7;11:7
**coughing (1)**
10:8
**Counsel (3)**
3:8;9:14;20:10
**couple (3)**
12:1;16:23;18:19
**course (1)**
8:20
**Court (65)**
3:3,4,6,8,12,14,16,
19,23,25;4:20;5:7,9,11,
14,16,19,22;7:2,4,6,11,
13;9:10,12,14,16,18,
20;10:4,14,18,20,22,
24;11:11,15,18,25;
12:5,7,12;14:11,13,15;
15:2;16:9,14;17:21;
18:1,4,6;19:3,5;20:6,8,
10,13,16,18,20,23,25;
21:2,4
**Court-ordered (1)**
11:5
**Court's (1)**
6:11
**credit (1)**
15:8
**creditors (1)**
19:24
**current (2)**
13:14,19
**customer (1)**
6:8

## D

**damage (14)**
4:24;6:17,18;7:8,22;
8:8,12,25;9:2;14:25;
15:12,14,23;17:6
**damages (6)**
7:17;11:12;12:3;
13:24;14:5;15:17
**date (6)**
6:12;16:23;17:9,15;
18:2,16
**dates (1)**
13:13
**Day (6)**
17:4;18:10,10,12;
19:21,22
**deadline (1)**
15:2
**deal (3)**
4:20;12:20;19:13
**dealt (1)**
15:10

Case: 19-30088    Doc# 5950    Filed: 02/28/20    Entered: 02/28/20 07:42:23    Page 24
of 28

**debt (4)**
7:22;8:20;11:3;
13:12
**debtor (4)**
8:13,20;12:16;19:13
**debtors (1)**
13:12
**debtors' (2)**
8:3;10:25
**debtor's (1)**
19:13
**decided (2)**
16:16,23
**decision (1)**
4:7
**decisions (1)**
4:22
**defined (2)**
7:9,9
**definition (1)**
12:20
**defrauded (1)**
7:20
**Dennis (1)**
3:5
**descriptive (1)**
15:19
**difference (1)**
8:6
**different (3)**
7:14,23;10:17
**disagree (2)**
13:23,23
**discussed (1)**
13:25
**discussions (1)**
13:8
**dispute (1)**
4:6
**distinction (1)**
7:21
**district (1)**
16:20
**divided (1)**
7:15
**docket (1)**
20:21
**documents (1)**
7:7
**dollar (1)**
19:17
**dollars (3)**
14:21;19:12,12
**done (5)**
15:20;17:19,19,21,
21
**down (1)**
3:9
**drift (1)**
18:25
**during (2)**
11:4;13:18

**E**

**edit (1)**
20:3
**effect (2)**
4:16;19:16
**effort (1)**
18:19
**E-I (1)**
3:21
**eighteen (1)**
14:20
**either (1)**
4:6
**election (1)**
14:23
**Electric (1)**
11:7
**else (2)**
7:25;15:25
**end (1)**
8:15
**enormously (1)**
19:18
**entitled (1)**
11:9
**envelope (1)**
5:17
**equity (6)**
7:18;8:1,6;11:3;13:4,
12
**equivalent (1)**
7:25
**essentially (4)**
6:4,15;8:4,14
**et (3)**
15:17;16:17,17
**Etkin (32)**
3:12,13,22;4:8,11;
5:20,22;6:2;9:8,11,13;
10:4,12,16;11:19,23;
12:1,6,9,13;14:12,13,
14,15;17:13,16;18:8,
11;19:3,6;21:3,4
**Etkin's (1)**
10:1
**even (3)**
19:16,17,22
**everybody (1)**
7:25
**everyone (1)**
18:3
**Exactly (4)**
4:23,23;5:5;15:4
**example (2)**
6:7;16:19
**excuse (1)**
10:7
**executory (1)**
16:19
**expect (1)**
8:5

**expert (2)**
14:16,17
**explain (1)**
13:2
**explanation (2)**
14:17,18
**extended (2)**
6:12;18:5
**extent (2)**
13:2;18:24
**extra (4)**
18:10,10,14;19:21
**extremely (1)**
14:2

**F**

**fact (5)**
4:25;13:23;14:5,6;
15:20
**fail (1)**
20:21
**faithful (1)**
8:22
**favor (1)**
8:3
**FEBRUARY (1)**
3:1
**felt (1)**
18:22
**fifty-five (1)**
14:19
**file (10)**
6:20;7:1;11:11,13;
13:11,20;14:9;15:2;
17:5;18:20
**filing (4)**
8:4,7;13:5;14:4
**find (2)**
7:14;15:18
**fine (2)**
17:15,17
**fire (4)**
14:23;17:22;19:19,
24
**first (6)**
9:20,22,23,24;10:11;
11:1
**five (1)**
5:4
**fix (1)**
20:2
**focus (2)**
5:22;6:25
**focuses (1)**
12:17
**focusing (1)**
18:13
**folks (3)**
6:14,19,23,25;18:16
**follow (3)**
11:14,16;15:24
**following (1)**

11:14
**form (9)**
4:10;7:9;13:16,17,
22;14:2,2,3;18:20
**forms (2)**
10:7;18:18
**four (1)**
18:16
**FRANCISCO (1)**
3:1
**frankly (2)**
15:11;18:17
**fulfill (1)**
6:19

**G**

**Gas (1)**
11:7
**gave (2)**
8:13;14:17
**generate (1)**
10:2
**gets (1)**
19:18
**given (3)**
11:10;16:16;18:12
**gives (2)**
14:6,7;15:1;16:21
**giving (1)**
14:8
**global (1)**
20:3
**God (1)**
19:19
**Good (2)**
3:8,25
**goodness (1)**
4:20
**guess (3)**
14:16;20:3,8

**H**

**happened (1)**
14:21
**hear (1)**
17:13
**heard (1)**
13:13
**hearing (1)**
10:6
**help (1)**
6:25
**here's (2)**
7:13;8:2
**Hold (1)**
12:7
**holder (5)**
8:24;13:4,5,19,19
**holders (1)**
7:16
**Honor (24)**

3:13,15,18;6:2,10,11,
21;7:3;9:7,8,9,11,21;
10:15;11:24;12:17;
13:1,3;16:8;18:11,15;
19:4;21:1,3
**Honorable (1)**
3:4
**hope (1)**
16:25
**hopeful (2)**
4:3;8:24
**hopefully (1)**
5:19

**I**

**idea (2)**
6:22;18:22
**identifying (1)**
14:1
**important (4)**
7:21;11:5;13:3;14:3
**inclined (1)**
17:7
**included (2)**
13:1;14:14
**including (1)**
9:24;19:2
**inclusive (1)**
11:9
**incorporate (1)**
10:16
**indeed (1)**
15:14
**indicate (1)**
12:21
**indiscernible (18)**
4:13,16,24;5:1,1,2,4,
4,12,18,21;6:16,22;
16:11,12;17:17;19:4;
20:15
**individual (1)**
19:17
**informative (1)**
15:19
**insert (1)**
8:10
**insisted (2)**
15:5,12
**instead (1)**
20:6
**instructions (1)**
11:16
**instrument (2)**
7:22;8:21
**intent (1)**
6:19
**intentions (1)**
6:11
**interest (3)**
7:16;8:5,21
**into (2)**
7:15;19:14

Case: 19-30088    Doc# 5950    Filed: 02/28/20    Entered: 02/28/20 07:42:23    Page 25
of 28

**issue (3)**
 4:17;16:13;17:15
**issues (1)**
 20:13
**items (1)**
 4:10

**K**

**Karotkin (52)**
 3:9,11;4:5,8,23;5:7,
 8,10,11,12,14,15,18,21;
 9:7,9,15,17,18,19,20,
 21;10:10,13,15,19,21,
 23;11:2,16;12:2;13:8;
 15:12;16:8,10,11;
 17:11,14,24;18:2,5;
 19:4;20:3,5,7,9,12,15,
 17,19,22,24
**Karotkin's (3)**
 11:19;18:8;19:23
**knows (2)**
 7:15;19:19

**L**

**Labaton (1)**
 3:22
**landed (1)**
 13:8
**language (10)**
 7:14;8:13,22;11:21;
 12:2,10;13:1,8;15:19;
 20:8
**largely (1)**
 4:9
**later (3)**
 15:15;17:10;20:16
**laws (1)**
 13:25
**leading (1)**
 18:13
**leave (2)**
 15:16;16:5
**less (2)**
 15:19;18:19
**list (1)**
 3:9
**listen (3)**
 4:6;10:4;15:18
**listening (1)**
 8:17
**little (3)**
 3:16;8:10;17:9
**look (6)**
 9:3,23;15:14;16:15,
 15;18:7
**looked (2)**
 14:20;16:18
**looking (3)**
 5:24;6:5;8:18
**loss (1)**
 15:9

**losses (1)**
 15:10

**M**

**magnified (1)**
 19:18
**mail (2)**
 18:23,24
**makes (1)**
 12:2
**many (2)**
 19:8,20
**March (1)**
 16:23
**Matter (3)**
 3:7;15:20;18:17
**may (10)**
 9:8,11,13,15,17,19;
 11:6,9;13:6;18:19
**maybe (4)**
 8:8;15:7;16:24;17:9
**mean (2)**
 8:20;19:15
**method (1)**
 18:8
**methodology (1)**
 20:1
**midnight (2)**
 4:18;18:5
**might (5)**
 6:25;7:14;8:4;17:5;
 18:12
**mind (2)**
 12:1;15:6
**misrepresentations (1)**
 7:17
**moment (1)**
 10:9
**Montali (1)**
 3:5
**months (1)**
 18:16
**more (5)**
 3:20;8:3;10:3;16:3,
 23
**morning (3)**
 3:8,25;10:21
**most (2)**
 6:15;10:16
**move (2)**
 11:23;16:24

**N**

**names (1)**
 10:25
**necessarily (1)**
 12:20
**need (3)**
 13:10,20;17:18
**neutral (1)**
 8:24

**next (1)**
 19:22
**Nicole (1)**
 3:20;7:3
**N-I-C-O-L-E (1)**
 3:20
**nomenclature (4)**
 6:21,24;14:1,14
**nominees (3)**
 16:17;18:18,19
**non-fire (1)**
 19:20
**normal (3)**
 16:17,18,18
**notice (24)**
 4:9,12;6:8,8,9,13;
 8:11,16,25;9:23,23;
 10:16;11:5,6;13:1,9,16,
 21;14:9;15:1,7;16:3,
 16,22
**notices (1)**
 4:3
**notifying (1)**
 6:19
**notion (1)**
 19:15
**November (2)**
 11:4,8
**nuance (1)**
 7:23
**nuances (1)**
 12:25
**number (1)**
 19:16
**numbers (1)**
 10:25

**O**

**objection (1)**
 16:6
**October (1)**
 18:2
**offered (1)**
 18:9
**One (8)**
 3:20;4:11;5:23;7:1,
 5;14:10;15:5;17:3
**online (1)**
 3:10
**only (5)**
 4:17;13:19,24;16:12;
 18:19
**oOo- (1)**
 3:2
**open (2)**
 4:17;16:13
**opportunity (2)**
 6:23;14:9
**order (7)**
 3:3;4:10;5:4;6:11;
 20:14,16,20
**original (2)**

 15:7;18:15
**Others (1)**
 5:3
**out (4)**
 5:17;6:10;7:19;
 16:19
**over (1)**
 16:4
**overrule (1)**
 16:6
**own (2)**
 16:23;17:1
**ownership (2)**
 8:21;13:14

**P**

**Pacific (2)**
 4:18;11:7
**page (3)**
 9:23,24;10:11
**paid (1)**
 14:19
**paper (1)**
 14:20
**Pardon (1)**
 10:8
**particular (1)**
 5:3
**particularly (1)**
 7:18
**passionately (1)**
 16:20
**paying (1)**
 17:5
**pejorative (1)**
 10:2
**people (4)**
 7:12,16;8:4,6
**PERA (1)**
 3:24
**perfect (2)**
 15:18;16:21
**perhaps (2)**
 7:22;16:2
**period (2)**
 11:4;13:18
**person (2)**
 3:20;7:19
**PG&E (7)**
 3:7;5:19;11:3,7,9,11;
 15:20
**ph (2)**
 10:1;16:20
**phone (1)**
 3:9
**phrase (3)**
 8:12;9:4;15:12
**picked (3)**
 17:1,2,4
**pitch (2)**
 17:12;19:6
**please (2)**

 11:14,16
**pm (1)**
 18:3
**point (10)**
 4:21;6:10;8:2;9:25;
 12:3;13:3,7;14:15,18;
 19:7
**pose (1)**
 19:1
**position (3)**
 8:7;7:10:1
**postage (2)**
 5:16;17:3
**postmark (6)**
 5:2;16:12;17:15,16,
 19,24
**postmarked (2)**
 4:19;18:25
**practical (1)**
 18:17
**presiding (1)**
 3:5
**pretty (1)**
 11:21
**Prime (3)**
 17:7,10;19:2
**prior-claim (1)**
 6:9
**probably (1)**
 5:25
**problem (4)**
 7:13;8:2;18:15;
 19:12
**problems (1)**
 19:1
**procedure (4)**
 16:17;17:18;18:9;
 19:23
**proceedings (1)**
 21:6
**process (1)**
 5:5
**proof (4)**
 4:12;7:10;13:9,11
**proof-of-claim (1)**
 4:10
**proofs (1)**
 8:4
**proposed (2)**
 6:11;10:12
**proves (1)**
 14:17
**provide (1)**
 13:16
**publicly (2)**
 11:3;13:12
**purchase (15)**
 6:16;7:18;8:19;11:3,
 12;12:4,7,10,11,13,15;
 13:11,18;14:7;15:16
**purchased (1)**
 11:6
**purchasing (1)**

Case: 19-30088    Doc# 5950    Filed: 02/28/20    Entered: 02/28/20 07:42:23    Page 26
of 28

7:20
**purpose (1)**
14:2
**pursuant (1)**
12:19
**put (8)**
5:7,14,16;7:24,24;
8:13;17:2;20:4
**putative-class (1)**
19:25
**putting (1)**
15:12

**Q**

**qualifying (1)**
15:3
**quickly (1)**
16:24
**quote (1)**
13:10
**quoted (1)**
12:2
**quoting (1)**
5:25

**R**

**raised (2)**
9:25;13:4
**reads (1)**
8:25
**real (1)**
7:19
**realize (1)**
14:24
**really (9)**
6:21;12:2,17,17,19;
13:6,21,22;19:1
**reason (1)**
15:21
**reasons (1)**
19:13
**recall (1)**
8:11
**receipt (2)**
17:25;18:3
**received (2)**
4:18;5:3
**receiving (2)**
11:6;13:17
**recipients (2)**
14:3,9
**recognize (1)**
12:15
**recollection (1)**
8:10
**recovery (1)**
11:9
**referred (1)**
6:17
**rejection (1)**
16:19

**relates (2)**
12:15;14:7
**relatively (1)**
19:17
**reliable (1)**
17:20
**rely (1)**
17:16
**remedy (2)**
6:5;13:24
**remember (3)**
8:9;10:5;17:22
**rephrase (1)**
15:22
**rescission (16)**
4:24;6:18,23;7:7;
8:12,19;9:5;11:12;
12:3;13:24;14:5;15:11,
16,16;17:6;19:25
**rescission-and-damage (2)**
4:13;6:1
**resolved (3)**
4:4,9;20:13
**respect (4)**
4:13;6:3;13:4;18:15
**retrospect (1)**
16:2
**review (1)**
10:7
**revised (1)**
10:15
**Richardson (2)**
3:14,15
**right (3)**
10:11,25;12:12
**rise (1)**
16:21
**rule (1)**
5:17
**run (1)**
3:9

**S**

**sale (5)**
8:19;12:4,8,11;15:16
**Sam (2)**
3:21,21
**same (2)**
14:24;19:25
**SAN (1)**
3:1
**satisfied (1)**
11:22
**saying (1)**
8:14
**schedule (1)**
19:8
**securities (13)**
4:15;6:16;7:9;8:23;
11:4,13;16,12,15,25;
14:4,6;15:3
**securities-claims (2)**

6:12,13
**security (10)**
7:20,21;8:20,24;
11:7;12:4,14,16;14:7;
15:17
**seems (1)**
10:2
**session (1)**
3:4
**share (1)**
14:19
**shares (1)**
14:20
**short (1)**
7:8
**shorting (1)**
17:8
**shows (1)**
15:15
**sic (3)**
13:24;19:11;21:5
**side (1)**
8:3
**sides (1)**
8:17
**sign (1)**
20:20
**similar (1)**
6:6
**simply (1)**
9:25
**situation (2)**
14:22;16:1
**slight (1)**
9:3
**slightly (1)**
7:23
**small (2)**
19:16,17
**snail (1)**
18:24
**solely (1)**
13:14
**somebody (2)**
15:1,9
**somebody's (1)**
12:14
**someone (1)**
9:1
**somewhat (1)**
18:22
**sorry (1)**
12:9
**speak (1)**
5:23
**stamp (1)**
5:16
**standard (1)**
6:7
**standpoint (3)**
12:18;14:1,8
**started (1)**
10:6

**statement (1)**
15:6
**status (2)**
13:5,19
**statute (6)**
5:24;8:18,18;9:4,5;
12:19
**statute's (1)**
11:20
**statutorily (1)**
12:22
**stem (1)**
6:15
**stick (2)**
19:22;20:6
**still (3)**
7:7,20;19:18
**submitted (2)**
10:16,17
**subordinated (3)**
7:24;12:19,22
**subordination (1)**
7:23
**Sucharow (1)**
3:22
**suffer (1)**
7:17
**suffered (2)**
8:25;15:9
**sufficient (1)**
18:23
**suggestion (1)**
17:12
**Sure (3)**
11:25;18:11,11
**system (1)**
15:18

**T**

**Talk (1)**
4:21
**talking (1)**
7:8
**talks (1)**
15:15
**target (1)**
6:3
**Tax (2)**
17:4;18:12
**taxes (1)**
17:5
**TCC (1)**
3:14
**telling (1)**
10:6
**tells (1)**
17:9
**tens (1)**
19:9
**term (2)**
7:9,9
**terminology (2)**

5:22;8:23
**theory (1)**
15:22
**there're (1)**
19:16
**thirty-day (1)**
16:21
**thought (2)**
17:6;19:9
**thousands (1)**
19:9
**tight (2)**
19:8;20:2
**timing (1)**
16:9
**today (3)**
3:9;20:16,21
**tough (2)**
4:22;20:1
**traded (2)**
11:3;13:12
**traditionally (1)**
16:20
**transaction (1)**
12:16
**treatment (1)**
12:18
**trickle (1)**
19:16
**tries (1)**
13:1
**triggered (1)**
16:2
**try (3)**
9:13;10:2;11:23
**tweak (1)**
9:4
**two (3)**
4:2,10;18:13
**type (3)**
6:25;12:21,22
**typically (1)**
5:2

**U**

**Uh (1)**
14:21
**uncertainty (1)**
16:16
**under (5)**
7:19;12:22;13:25;
15:24;18:21
**underneath (1)**
10:24
**unique (1)**
18:22
**universe (1)**
7:15
**unsophisticated (1)**
8:5
**untrained (1)**
8:6

Case: 19-30088    Doc# 5950    Filed: 02/28/20    Entered: 02/28/20 07:42:23    Page 27
of 28

**up (3)**
8:15;15:15;18:13
**upon (7)**
11:12;12:4,5,9,13;
13:5,19
**use (1)**
15:19
**uses (1)**
9:5
**utility (1)**
5:18

## V

**verify (1)**
4:16
**versions (1)**
4:2
**victims (1)**
19:24
**view (3)**
4:23;5:6;19:7
**virtue (1)**
12:25

## W

**Wait (1)**
9:14
**wants (2)**
17:10,16
**way (7)**
4:2,7;9:2;10:2;16:6;
17:3,10
**website (1)**
7:12
**week (2)**
18:13,25
**weeks (3)**
5:4;16:24;18:19
**Weiss (1)**
21:5
**what's (7)**
5:25;6:2;10:20,22;
11:1;17:19,21
**Whereupon (1)**
21:6
**whole (1)**
19:15
**Who's (1)**
3:19
**willing (1)**
9:3
**wish (1)**
11:13
**within (1)**
20:21
**without (4)**
4:4;14:5;15:3;20:21
**wondering (1)**
15:11
**word (2)**
9:5;15:14

**wordprocessor (1)**
20:4
**words (1)**
10:24
**work (2)**
4:2;5:5
**working (1)**
8:10
**works (1)**
17:7
**world (5)**
7:15,16,19;14:18;
16:22
**world-trade (1)**
14:22
**wrong (4)**
4:11;5:25,25;6:2

## Y

**yesterday (2)**
3:17;10:19

## Z

**zebra (1)**
3:21
**ZEISS (12)**
3:18,20,21,24,25;7:3,
3,5,7,12;21:1,5

## 1

**10:29 (1)**
21:6
**11 (2)**
11:10,11
**13th (1)**
17:3
**15 (3)**
11:4,8;20:6
**15th (9)**
4:18;17:1,4,15;
18:12,14,23,25;19:1
**16 (1)**
20:4
**16th (2)**
17:17,17
**17th (1)**
17:2

## 2

**2015 (1)**
11:8
**2016 (1)**
14:19
**2018 (1)**
11:9
**2020 (1)**
3:1
**27 (1)**
3:1

**29 (2)**
11:4,8

## 3

**31st (2)**
16:23;18:2

## 5

**5 (3)**
18:3;19:10,11
**50,000 (2)**
19:10,12
**510 (1)**
15:24
**510b (9)**
5:25;7:19;8:14;12:6,
11,17,25;13:25;15:14

## 8

**80,000 (1)**
19:19

Case: 19-30088    Doc# 5950    Filed: 02/28/20    Entered: 02/28/20 07:42:23    Page 28
of 28