MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
KATHY QUON BRYANT, ESQ., CA Bar #213156
44 Montgomery St., Ste. 1010
San Francisco, CA 94104
Tel: (415) 362-7500
Fax: (415) 362-7515
Email: mmeyers@meyerslawgroup.com
       kquonbryant@meyerslawgroup.com

Attorneys for Kayla Ruhnke, and E.R., a Minor,
Administrative Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　　　　Debtors.<br><br>· Affects PG&E Corporation<br>· Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case – Jointly Administered) |

**REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF
KAYLA RUHNKE AND E.R., A MINOR, PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Creditors KAYLA RUHNKE ("Mrs. Ruhnke") and E.R., her minor son, ("E.R.," together with Mrs. Ruhnke, the "Ruhnkes") request allowance and payment of their administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) (the "Request"), by chapter 11 debtors PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY (collectively, the "Debtors") and their respective estates. In support of the Request, the Ruhnkes respectfully represent as follow:

**I.  STATEMENT OF FACTS**

The record of the Court, together with the declarations of Kayla Ruhnke and Jonathan Gertler

-1-
REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF
KAYLA RUHNKE AND E.R., A MINOR, PURSUANT TO § 503(B)(1)(A)
31917.DOC

Case: 19-30088    Doc# 5963    Filed: 02/28/20    Entered: 02/28/20 13:46:20    Page 1 of 5

(the "Gertler Declaration") filed concurrently herewith, establish the following facts:

1. On January 29, 2019 (the "Petition Date"), the Debtors filed voluntary petitions initiating the above-captioned chapter 11 cases, now jointly administered. The Debtors have continued in possession of their estates, and have continued to operate and manage their businesses, as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, no trustee having been appointed.

2. Mrs. Ruhnke is the widow of Logan Ruhnke, and E.R. is their young minor son. At all times herein mentioned Mrs. Ruhnke was the lawfully married wife of decedent Logan Ruhnke, and E.R. was the natural and custodial son of decedent Logan Ruhnke

3. Prior to July 2019, in the City and County of San Francisco, California, debtor PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") entered into contractual arrangements for a large fire reconstruction project or projects in Northern California. This included contracting with safety and electrical contractors, Quanta Services, Inc. and its division PAR Electrical division, and Atlas Services, Inc., respectively, and others, to perform various electrical construction and construction project safety work on projects in northern California.

4. As part of the aforementioned contractual arrangements, PG&E assumed control of the subject construction sites, set safety rules and mandated safety practices, hired and supervised safety consultants, and otherwise participated actively and controlled the project sites, including the site where Mr. Ruhnke was employed by Quanta Services, Inc. dba PAR Electrical at the time of his death.

5. PG&E so negligently and carelessly controlled the subject projects, including but not limited to the contractors and their work, the premises, the safety practices and the materials, that on or about July 22, 2019, Mr. Ruhnke fell to his death while working on the subject projects.

6. Mr. Ruhnke was the family's primary wage earner, and young E.R., who is only a year old, will grow up with no independent memory of his father. Mrs. Ruhnke, a young widow, is now left to care for E.R. on her own.

-2-
REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF JAY RUHNKE AND E.R. MINOR, PURSUANT TO 11 U.S.C. § 503(b)(1)(A)
31917.DOC

7. In the wake of Mr. Ruhnke's tragic death, the Ruhnkes intend to file a complaint for wrongful death based upon negligence and strict product liability, naming, inter alia, Atlas Services, Inc., A.B. Chance Co. and possibly others (the "Complaint") in the San Francisco Superior Court (the "State Court"). They also seek to name the Debtors as defendants in addition to other co-defendants.

8. By way of the Complaint, the Ruhnkes will seek an amount exceeding $5 million in damages (the "Damages") against the defendants, including the Debtors, based on their economic and non-economic losses. The Damages are the basis of the administrative expense priority claim which the Ruhnkes assert herein against the Debtors (the "Damages Claim").[1]

9. As discussed hereinbelow, the Damages Claim, which arises from the Debtors' postpetition operations, is entitled to administrative expense priority.

## II. LEGAL DISCUSSION

Based on the facts set forth above and the discussion below, the Ruhnkes respectfully submit that the Damages Claim should be allowed as an administrative expense claim against the Debtors' and their respective estates.

Under Bankruptcy Code Section 503(b)(1)(A), claims are entitled to administrative expense priority where they are for "the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). "These expenses include the liabilities that arise out of the trustee or debtor in possession's actual and necessary costs of administering the estate." *Industrial Comm. of Arizona v. Solot (In re Sierra Pacific Broadcasters)*, 185 B.R. 575, 578 (9th Cir. B.A.P. 1995) (citing *Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S.Ct. 1759, 1766, 20 L.Ed.2d 751 (1968) (holding that damages resulting from negligence of bankruptcy receiver acting within scope of his authority gives rise to 'actual and necessary costs' of a Chapter XI arrangement).

The Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") held that a claim arising from a postpetition industrial accident and postpetition reimbursement of a worker's compensation award is entitled to administrative expense priority under § 503(b)(1)(A). *Id.* at 579. In *Sierra*

---

[1] Separately, to the extent that the automatic stay provided for by 11 U.S.C. § 362(a) applies, the Ruhnkes have filed a motion seeking relief from the automatic stay to file the Complaint and to liquidate the Damages Claim against the Debtors.

-3-
REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

1  *Pacific*, an employee of the debtor was injured in an industrial accident while the chapter 11 trustee was operating the debtor's radio station. *Id.* at 577. Prior to the trustee's appointment, the debtor had allowed its worker's compensation insurance to lapse. *Id.* at 576. Since the trustee failed to reinstate the policy, the Industrial Commission of Arizona ("ICA") paid benefits to the injured employee. *Id.* at 576 – 577.

While the trustee contended that ICA's claim was not entitled to administrative expense priority where ICA showed no proof that its claim benefitted the debtor's estate, the BAP rejected the trustee's argument. *Id.* at 579. As the BAP observed, "A review of § 503(b)(1)(A) does not indicate that a claimant is required to prove that a claim *benefitted* the estate." *Id.* (emphasis in the original). The BAP also rejected the trustee's argument that *Reading* allows administrative priority only for postpetition torts where the trustee himself or herself engages in the tortious conduct. The BAP stated, "Clearly, the estate is liable for any actual and necessary costs of administration arising from postpetition claims of worker's compensation benefits arising from postpetition injuries." *Id.*

In the case at bar, allowance of the Damages Claim as an administrative expense priority claim is proper under *Reading* and *Sierra Pacific*. Like the worker accident that occurred in *Sierra Pacific*, the accident that tragically killed Mr. Ruhnke occurred on July 22, 2019, after the Petition Date, and while the Debtors were operating as debtors in possession. The accident was a result of the Debtors' tortious conduct, and thus, the Damages Claim is entitled to administrative expense priority pursuant to § 503(b)(1)(A).

///
///
///
///
///
///
///
///

-4-
REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF
JAY RUHNKE AND DORA MOORE, PURSUANT TO § 503(b)(1)(A)
31917.DOC

Case: 19-30088    Doc# 5960    Filed: 02/28/20    Entered: 02/28/20 13:46:20    Page 4 of 5

## III. CONCLUSION

Based upon all of the foregoing reasons, the Ruhnkes respectfully request that this Request be granted, and that the Court enter an order confirming and allowing the Damages Claim as an administrative expense claim against the Debtors' estates in the total amount of $5 million, or alternatively, in an amount to be determined by the State Court, pursuant to 11 U.S.C. § 503(b)(1)(A).

DATED: February 28, 2020

                                          MEYERS LAW GROUP, P.C.

                                          By    /s/ Merle C. Meyers
                                                 Merle C. Meyers, Esq.
                                                 Attorneys for Kayla Ruhnke, and E.R.,
                                                 a Minor, Administrative Creditors

-5-
REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF KAYLA RUHNKE AND E.R., A MINOR, PURSUANT TO § 503(B)(1)(A)
31917.DOC

Case: 19-30088    Doc# 5963    Filed: 02/28/20    Entered: 02/28/20 13:46:20    Page 5 of 5