Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4036
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF CATHY YANNI IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY CATHY YANNI AS CLAIMS ADMINISTRATOR *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT (Relates to Dkt. Nos. 5723 and 5724)**<br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Objection Deadline: March 3, 2020 |

Pursuant to section 1746 of title 28 of the United States Code, I, Cathy Yanni, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney at law licensed to practice law in the state of California. Since 1998 I have been a neutral with JAMS, which specializes in the resolution of claims and legal disputes by providing efficient, cost-effective and impartial ways of overcoming barriers at any stage of conflict. I have extensive experience resolving mass tort claims, and have acted as a special master, mediator and administrator in multiple cases involving tens of thousands of claims, including claims for personal injury, property damage and business loss.

2. I am presently serving as the court appointed Administrator of the Wildfire Assistance Program (the "**Administrator**") established in the bankruptcy cases (the "**Cases**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**"). I am duly authorized to make this supplemental declaration (the "**Declaration**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

3. I submit this Declaration as a supplement to my declaration (the "**Original Declaration**") dated February 11, 2020 (Dkt. No. 5724), and in further support of the *Application of the Official Committee of Tort Claimants (the "TCC") Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement* (the "**Application**") (Dkt. No. 5723).

4. I was appointed Administrator on June 5, 2019. Since my appointment, I have taken several steps to ensure that the funds set aside for the Wildfire Assistance Program have been and continue to be distributed in a fair and equitable manner.

5. As a result of my work as Administrator, I have gained significant knowledge regarding the claims of a large portion of the tort claimants. Thousands of the claimants whose claims I administered and continue to administer under the Wildfire Assistance Program will also

be beneficiaries of the Fire Victim Trust (the "**Trust**"). As a result, I will be able to administer the claims filed against the Trust quickly and effectively.

6. I anticipate being able to complete the administration of the Wildfire Assistance Program by April 15, 2020.

7. I have been retained by the TCC to act as the proposed independent claims administrator for the Trust. To date, my services as proposed claims administrator have been limited to facilitating the development of a claims resolution process. I have spent approximately 180 hours and incurred approximately $225,000 in fees developing these procedures. My work has been separate and distinct from the services provided by the proposed trustee, the Honorable John K. Trotter (Ret.), with whom I have worked in the past, and Baker & Hostetler LLP, counsel to the TCC. Brown Rudnick LLP has been assisting me in my capacity of proposed independent claims administrator and has provided advice related to the Trust and the claims resolution procedures ("**CRP**"). Additionally, the proposed Trust and proposed CRP expressly set forth the scope of the duties of the claims administrator and trustee, and provide limitations on the role of the claims administrator. As a result, my services have not, and will not, overlap with those of the trustee or Baker & Hostetler LLP. Moreover, it is anticipated that many of the tasks assigned to the claims administrator will mirror those I perform as Administrator.

8. While I have conferred with the TCC, Debtors, and counsel for individual fire claimants in connection with the establishment of the Wildfire Assistance Program, I have always exercised my independent judgment as Administrator. If I am retained as claims administrator for the Trust, I will continue to exercise my independent judgment and independently evaluate issues of concern regarding the Trust's claims resolution process.

9. Based on the foregoing and upon my statements in the Original Declaration, I believe that I am disinterested as defined in section 101(14) of the Bankruptcy Code, do not hold or represent an interest materially adverse to the Debtors or their estates, and do not have any

conflicts which would prevent me from serving as proposed claims administrator for the Trust pre-confirmation, or as claims administrator post-confirmation.

Dated: February 28, 2020

By: _____
Cathy Yanni