Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF DAVID J. RICHARDSON IN SUPPORT OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION FOR STANDING TO PROSECUTE CLAIMS OF THE DEBTORS' ESTATES**<br><br>**Hearing**<br>**Date:**   April 7, 2020<br>**Time:**   10:00 a.m. (Pacific Time)<br>**Place:**  Courtroom 17<br>             450 Golden Gate Ave., 16th Fl.<br>             San Francisco, CA 94102 |

I, David J. Richardson, hereby declare:

1. I am a member in good standing of the bar of California and I am admitted to practice in the United States Bankruptcy Court in the Northern District of California. I am counsel in the Los Angeles, California office of Baker Hostetler LLP, attorneys of record for The Official Committee of Tort Claimants (the "**TCC**"). I have personal knowledge of the facts stated herein and I could and would competently and truthfully testify to those facts if called as witness.

2. This Declaration is submitted in support of the TCC's motion for entry of an order to grant the TCC standing to file and prosecute claims of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") on behalf of the estates for declaratory and injunctive relief, pertaining to the action pending in the United States District Court for the Northern District of California, San Francisco Division, styled *In re PG&E Corporation Securities Litigation*, Civil Action No. 3:18-cv-03509-EJD (the "**Pending Action**"), and the proofs of claim filed, and to be filed, in these Cases seeking to recover the same damages pleaded in the Pending Action (the "**Securities POCs**").

3. The lead and named plaintiffs in the Pending Action are: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"); (ii) York County, on behalf of the County of York Retirement Fund ("**York**"); (iii) City of Warren Police and Fire Retirement System ("**Warren**"); and (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**") (PERA, York, Warren and Mid-Jersey are defined collectively herein as the "**Former Shareholders**").

4. Shortly after the North Bay Fires in 2017, and continuing after the Camp Fire in 2018, there was a flurry of a dozen shareholder lawsuits filed against the Debtors. All of these shareholder lawsuits seek to recover the same damages that arose from the fires in the form of billions of dollars of liabilities asserted against the Debtors, which led to an incidental drop in stock price, and nearly all were filed as acknowledged shareholder derivative actions. Those actions include:

   (a) *In re California North Bay Fire Derivative Litigation*, Case No. CGC-17-562591, consolidated litigation pending in the Superior Court of the State of California, County of San Francisco.

Consolidated Actions:

    i. *Lentine, derivatively on behalf of PG&E Corporation, v. Williams, et al,*, Case No. CGC-17-562553;

    ii. *Firemen's Retirement Systems of St. Louis, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Williams, et al.*, Case No. CGC-17-562591; and

    iii. *City of Warren Police and Fire Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. CGC-570820 (the "**Warren Superior Court Action**").

(b) *Blackburn, derivatively on behalf of PG&E Corporation, v. Meserve, et al.*, Case No. 3:19-cv-00501, pending in the United States District Court for the Northern District of California.

(c) *Bowlinger, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-18-572326, pending in the Superior Court of the State of California, County of San Francisco.

(d) *Hagberg, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-19-573190, pending in the Superior Court of the State of California, County of San Francisco.

(e) *Oklahoma Firefighters Pension and Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. 3:18-cv-04698, pending in the United States District Court for the Northern District of California.
    - includes derivative claim under Section 14(a) of the Securities and Exchange Act of 1934.

(f) *Williams, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Earley, et al.,* Case No. 3:18-cv-07128, pending in the United States District Court for the Northern District of California.
    - includes derivative claim under Section 14(a) of the Securities and Exchange Act of 1934, alleging false statements inflated stock price.

(g) *In re PG&E Corporation Securities Litigation*, Case No. 3:18-cv-03509-EJD, pending in the United States District Court for the Northern District of California, and all actions consolidated therein (defined above as the "**Pending Action**").

Consolidated Actions:

    i. *Weston v. PG&E Corporation, et al.,* Case No. 3:18-cv-03509;

    ii. *Moretti v. PG&E Corporation, et al.*, Case No. 3:18-cv-03545;

    iii. *York County, on behalf of the County of York Retirement Fund, et al. v. Rambo, et al.*, Case No. 5:19-cv-00994.

5. Of all the above-listed shareholder lawsuits, the Pending Action is the only ongoing lawsuit claiming that the same damages should be paid to the Former Shareholders instead of for

the benefit of the corporations. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws, filed in Civil action No. 3:18-cv-03509-EJD, pending in the United States District Court for the Central District of California, on May 28, 2019, as Docket No. 121 (the "**Shareholder Complaint**"). The Shareholder Complaint pleads a twenty-page theory of damages in which all of the alleged damages arose in the form of liabilities from the North Bay Fires and Camp Fires that were asserted against the Debtors, and which in turn led to an incidental decline in the Debtors' stock price as the scope of the liabilities became known. *See* <u>Exhibit 1</u>, at ¶¶ 328-30; 335-36; 339-40; 347-48; 357-58; 365-66; 375-76; 381-82; and 386-87.

6. Warren, who is a named plaintiff in the Pending Action, is also the plaintiff in the action listed above and defined as the Warren Superior Court Action, which is a self-described derivative shareholder lawsuit pending in California Superior Court. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the Shareholder Derivative Complaint for: (1) Breach of Fiduciary Duty; (2) Corporate Waste; and (3) Unjust Enrichment, filed in the Warren Superior Court Action, Case No. CGC-18-570820, pending in the Superior Court of the State of California, County of San Francisco, on October 23, 2018.

7. The Pending Action's Shareholder Complaint and the initiating complaint filed in the Warren Superior Court Action, a true and correct copy of which is attached to the Richardson Decl. as <u>Exhibit 2</u> (the "**Warren Complaint**"), each contain the following allegations of damages:

| Pending Action's Shareholder Complaint Theory of "Direct" Shareholder Damages | Warren Superior Court Action Complaint Theory of "Derivative" Shareholder Damages |
|---|---|
| [On] October 12, 2017 … the market began to understand that PG&E's safety regulation violations were likely a proximate cause of the North Bay Fires … On this news … PG&E's stock dropped $4.65 per share, from a closing price of $69.15 … [O]n October 13, 2017, PG&E filed a Form 8-K … [stating that] The causes of these fires are being investigated by the California Department of Forestry and Fire Protection (Cal Fire) … If the amount of insurance is insufficient …results of operations could be materially affected …On these disclosures, PG&E's | On October 13, 2017, defendants announced that Cal Fire was investigating whether PG&E equipment caused the fires … [and] if found at fault, the Company's liability for financial losses could be above PG&E's available insurance coverage. On this news, the trading price of PG&E's common stock collapsed, falling from $69.15 per share on October 11, 2017 to a close of $53.43 per share … (<u>Exhibit 2</u> at ¶ 8). |

| | |
|---|---|
| share price continued to decline … [from] $63.95 per share that day to its closing price of $53.43 … (Exhibit 1 at ¶¶ 328-36). | |
| On December 20, 2017 …PG&E filed a press release on Form 8-K with the SEC titled "PG&E Announces Suspension of Dividend, Citing Uncertainty Related to Causes and Potential Liabilities Associated with Northern California Wildfires … On this news, PG&E's share price fell $6.62 … to close at $44.50 … (¶¶ 339-40); | [O]n December 20, 2017, defendants stunned shareholders again by announcing that the Company was suspending its cash dividend due to "uncertainty related to causes and potential liabilities associated with the extraordinary October 2017 Northern California wildfires." On this news, the trading price of PG&E stock collapsed again, falling from $51.12 per share … to $44.50 per share … (¶ 8); |
| On May 25, 2018, Cal Fire issued a press release announcing the cause of four wildfires in Butte and Nevada counties …caused by trees coming into contact with power lines … On this news, PG&E's share price fell … 5.19%, to close at $42.34 on May 29, 2018 … (¶¶ 347-48); | On May 25, 2018, Cal Fire announced that four of the 2017 Northern California Wildfires were in fact caused by trees coming into contact with PGE&'s power lines … Cal Fire's reported findings caused PG&E's share price to decline an additional 5.2% , closing at $42.34 per share on May 29, 2018 … (¶¶ 44-45); |
| [On] June 11, 2018, … PG&E filed a Current Report on Form 8-K … [which] admitted that the Defendants expected to "record a significant liability for losses associated with" at least 14 of the North Bay Fires … Following these disclosures, PG&E's share price fell … to close at $39.76 … (Exhibit 1 at ¶¶ 357-58). | On June 11, 2018 …the Company disclosed that … PG&E Corporation and the Utility currently expect that they will record a significant liability for losses associated with" all but two of the 16 fires … On this news, the trading price of PG&E stock declined again, falling to $39.76 per share … (Exhibit 2 ¶¶ 10-11). |

8. Attachments A-D to the Shareholder Complaint are the Certifications of Named Plaintiff Pursuant to Federal Securities Laws, detailing each of the Former Shareholders' dates of acquisition and sale of the Debtors' securities. The start of the putative class period, April 29, 2015, coincides with the first securities purchase by a named plaintiff (Warren, *see* Exhibit 1, Dkt. 121-3, page 4 of 4), and the end of the period, November 15, 2018, coincides with the last sale of securities by a named plaintiff (York, *see* Exhibit 1, Dkt. 121-2, p. 3 of 3). The certification for Mid-Jersey, shows that it did not even **start** buying the Debtors' securities until **after** the Butte Fire, and sold off the last ones five months later (Exhibit 1, Dkt. 121-4, p. 3 of 3).

9. The first allegedly false statement in the Shareholder Complaint is not even false. It is a true statement that has been misrepresented in the Shareholder Complaint to create the appearance of a false statement on the same day when the first of the Former Shareholders purchased any of the Debtors' securities. "Misstatement No. 1" in the Shareholder Complaint is

the statement made by the Debtors' then-President on April 29, 2015, kicking off the Putative Class Period. The statement was that the Debtors were "stepping up our vegetation management activities to mitigate wildfire risk and improve access for firefighters." (Shareholder Complaint at ¶ 194). The Shareholder Plaintiffs allege that this statement was "materially false and/or misleading" because PG&E "underspent its vegetation management budget in both 2014 and 2015." (*Id*., at ¶ 195). Yet they acknowledge in the same paragraph that this reflected a budgetary increase of 2.4% in 2015 over 2014, which was twice the rate of inflation. And, the portion of the 2015 budget that was unspent represents less than 0.02% of the annual budget, a typical underspend for any corporation that is careful to avoid going overbudget. PG&E's statement that it was "stepping up" its vegetation management activities did not promise a specific budgetary increase, but did, in fact, increase its budget by twice the rate of inflation. And it did not promise that every budgeted penny would be spent beyond 99.98% of the annual budget, yet its percentage of the budget spent was an increase over the previous year. "Misstatement No. 1" was actually a true statement.

10. The Shareholder Complaint's "Misstatement No. 2" is the allegation that a report dated October 16, 2015—while the North Bay Fires were still burning—"falsely assured investors" that each year, PG&E "in consultation with utility arborists and foresters, inspects every mile of power line in our service area for public safety and electric reliability." (*Id*., ¶ 197). Yet Two years earlier, in PG&E's *Corporate Responsibility and Sustainability Report,* dated September 17, 2013, PG&E made the substantially identical representation, to the effect that:

> Each year, PG&E's Vegetation Management department inspects every mile of power line in our service area for public safety and electric reliability. The work is performed by 350 consulting utility arborists and foresters and more than 650 line clearance contractor crews.

11. On January 29, 2019 (the "**Petition Date**"), the Debtors filed their Chapter 11 Cases in response to the billions of dollars in wildfire liabilities that arose from the North Bay Fires and Camp Fire.

12. On February 15, 2019, the TCC was appointed in these Chapter 11 Cases by the Office of the United States Trustee to represent the interests of certain tort victims, including

victims of the North Bay Fires and Camp Fire, over 80,000 of which have filed proofs of claim in these Chapter 11 Cases (the "**Fire Victims**").

13. On October 21, 2019, each of the Former Shareholders filed two proofs of claim against the Debtors, attaching pages from the Shareholder Complaint, and asserting direct claims against the Debtors for the damages described in the Shareholder Complaint (defined above as the "**Securities POCs**").

14. On December 7, 2019, the TCC, the Debtors, and certain other parties, entered into the RSA, which, among other terms, provides that the Debtors' Plan will assign the Assigned Claims to the Fire Victim Trust for the benefit of Fire Victims.

15. On December 9, 2019, PERA filed a motion in this Court seeking leave to file a class proof of claim on behalf of the putative class described in the Shareholder Complaint. *See* Dkt. No. 5042 (the "Class Motion"). On February 27, 2020, the Bankruptcy Court entered an order denying the Class Motion, but extending the bar date to permit additional parties who purchased the Debtors' securities during the putative class period in the Shareholder Complaint to file proofs of claim against the Debtors asserting the theories of damages outlined in the Shareholder Complaint.

16. On February 18, 2020, this Court entered its Order for Further Mediation, ordering the Debtors, TCC and Shareholder Plaintiffs to mediate the issues raised by the Class Motion (Dkt. No. 5810). The issues raised in the Motion are particularly ripe at this time, as the prospect of mediation raises the possibility that the Debtors will seek to settle the Pending Action with insurance proceeds that should be available to fund the Assigned Claims that are being assigned to the Fire Victim Trust under the RSA, rather than settle these alleged equity claims with existing equity. Any settlement of the Pending Action—which is really a derivative action—that pays insurance proceeds to Former Shareholders without the TCC's consent instead of preserving those policies for acknowledged derivative actions that are being assigned to the Fire Victim Trust is a violation of the absolute priority rule. It is critical for the TCC to be able to obtain standing at this time to assert and protect the rights of the estate in the Assigned Claims that are intended to provide a further recovery for Fire Victims, and the insurance policies that cover those Assigned Claims.

17. On behalf of the TCC, I have communicated with counsel to the Debtors to request that they pursue an action to confirm that all claims pleaded in the action pending in the United States District Court for the Northern District of California, San Francisco Division, styled *In re PG&E Corporation Securities Litigation*, Civil Action No. 3:18-cv-03509-EJD are derivative claims, or grant standing to the TCC by stipulation to pursue such an action on behalf of the Debtors' estates. I have been informed by counsel to the Debtors that they will not agree to stipulate to grant the TCC standing to pursue such an action, and that if the TCC wants to see such an action proceed, the TCC would need to file the Motion filed herewith to obtain standing. As is briefed in the Motion, it is well-settled that official committee may be granted standing to pursue claims on behalf of the estate, such as determining the nature of property of the estate under 11 U.S.C. § 541.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 28th day of February, 2020, in San Francisco, California.

*/s/ David J. Richardson*
David J. Richardson