Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:   415.659.2600
Facsimile:    415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:   407.649.4036
Facsimile:    407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF HON. JOHN K. TROTTER (RET.) IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT (Relates to Dkt. Nos. 5726 and 5727)**<br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA  94102<br>Objection Deadline: March 3, 2020 |

Pursuant to section 1746 of title 28 of the United States Code, I, John K. Trotter, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney at law in good standing in the state of California. I joined JAMS in 1987 after retiring from the California Court of Appeal. JAMS specializes in the resolution of claims and legal disputes by providing efficient, cost-effective and impartial ways of overcoming barriers at any stage of conflict. Since joining JAMS, I have resolved more than 3,000 cases and tens of thousands of claims. I am duly authorized to make this supplemental declaration (the "**Declaration**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I submit this Declaration as a supplement to my declaration (the "**Original Declaration**") dated February 11, 2020 (Dkt. No. 5727), and in further support of the *Application of the Official Committee of Tort Claimants (the "TCC") Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee Nunc Pro Tunc to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement* (the "**Application**") (Dkt. No. 5726).

3. I have been retained by the TCC to act as the proposed independent trustee for the Fire Victim Trust (the "**Trust**"). To date, my services as proposed trustee have been limited to facilitating the development of a claims resolution process. I have spent approximately 85 hours and incurred approximately $127,500 in fees developing these procedures. My work has been separate and distinct from the services provided by the proposed claims administrator Cathy Yanni, with whom I have worked in the past, and Baker & Hostetler LLP, counsel to the TCC. Brown Rudnick LLP has been assisting me in my capacity of proposed independent trustee and has provided advice related to the Trust and the claims resolution procedures ("**CRP**"). Additionally, the proposed Trust and proposed CRP expressly set forth the scope of the duties of the trustee and claims administrator and provide limitations on the role of each of the them. As a

result, my services have not, and will not, overlap with those of the claims administrator or Baker & Hostetler LLP. If I am retained as trustee for the Trust, I will continue to exercise my independent judgment and independently evaluate issues of concern regarding the Trust's claims resolution process.

4. Based on the foregoing and upon my statements in the Original Declaration, I believe that I am disinterested as defined in section 101(14) of the Bankruptcy Code, do not hold or represent an interest materially adverse to the Debtors or their estates, and do not have any conflicts which would prevent me from serving as proposed trustee for the Trust pre-confirmation, or as trustee post-confirmation.

Dated: February 28, 2020

By: _____
The Hon. John K. Trotter (Ret.)