WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DEBTORS' OBJECTION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Related Docket Nos. 5840<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: U.S. Bankr. Court, Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Objection to *the Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* [Docket No. 5840] (the "**TCC Motion**").[1]

As noted in the TCC Motion, the relief relates to the Assigned Claims and Causes of Action that, upon the effective date of the Plan (the "**Plan Effective Date**"), are to be assigned to the Fire Victim Trust.

All of the discovery and other relief requested in the TCC Motion relate to post Plan Effective Date matters. Indeed, the assignment to the Fire Victim Trust of the Assigned Claims and Causes of Action cannot occur until, and is conditioned upon, the occurrence of the Plan Effective Date. Furthermore, unlike the relief sought by the Tort Claimants Committee in connection with its pending applications to retain a trustee and claims administrator for the Fire Victim Trust, none of the relief requested in the TCC Motion, if granted, is likely to expedite distributions and recoveries to Fire Victim Claimants. Accordingly, all discovery and other costs incurred or to be incurred in connection with the Assigned Claims and Causes of Action should take place after the Plan Effective Date and should be borne by the Fire Victim Trust and not by the Debtors' estates and all other economic stakeholders in these Chapter 11 cases.

The TCC Motion seeks to justify the incurrence o these costs as a matter necessary for "Plan confirmation purposes" and AB 1054 compliance. TCC Motion at 2, 3. However, in view of the fact that the Fire Victim Trust will be funded with approximately $13.5 billion in cash and equity of reorganized PG&E, it is difficult to conceive that the Assigned Rights and Causes of Action could be material in this context.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated January 31, 2020* [Docket No. 5530] (together with all schedules and exhibits thereto and as may be modified, supplemented, or amended from time to time, the "**Plan**").

Simply put, the appropriate manner in which to proceed is to defer all discovery relating to the Assigned Claims and Causes of Action to after the Plan Effective Date. That is when the Fire Victim Trust will have the right to pursue such claims and that is when the expenses associated therewith should be incurred. Those expenses, which are for the sole benefit of the Fire Victim Trust, should not be imposed on the Debtors' other economic stakeholders.

WHEREFORE, the Debtors request that the TCC Motion be denied.

Dated: March 2, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*