JONATHAN A. SHAPIRO (SBN 257199)
Jonathan.shapiro@bakerbotts.com
DANIEL MARTIN (SBN 306794)
Daniel.martin@bakerbotts.com
TINA NGO (SBN 324102)
Tina.ngo@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Attorneys for
BLACK & VEATCH CONSTRUCTION, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>           Debtors. | Bankruptcy Case<br>Case No.: 19-30088-DM (Lead Case)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**BLACK & VEATCH CONSTRUCTION, INC.'S OPPOSITION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Hearing<br>Date:    March 10, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    Courtroom 17<br>           450 Golden Gate Ave., 16th Fl.<br>           San Francisco, CA 94102 |

1

Black & Veatch Construction, Inc. ("**BVCI**") opposes the Official Committee of Tort Claimants' (the "**TCC**") Motion to Establish Procedures for Discovery Preceding Plan Confirmation (the "**Alternative Procedures Motion**"). The TCC's Alternative Procedures Motion is an improper attempt to avoid complying with the substantive protections and procedural requirements of Federal Rule of Civil Procedure 45—the Rule the TCC invoked to subpoena BVCI (the "**Subpoena**"), apparently at the same time it served identical subpoenas on more than 100 other non-parties.

BVCI objected to the TCC's Rule 45 Subpoena in accordance with Rule 45(d)(2)(B). The TCC did not acknowledge BVCI's objections and it has not withdrawn the Subpoena. To the extent the TCC seeks to compel compliance with the Subpoena, it bears the burden to do so by filing a motion under Rule 45(d)(2)(B)(i), which the TCC also has not done. Instead, the TCC filed the Alternative Procedures Motion seeking a generic, "aggregate" approach that conflicts with Rule 45's procedures and non-party protections.

BVCI has thus been left in an untenable position. It has been burdened with an invalid subpoena served under Rule 45 by a party that is now asking to be excused from that very Rule. That is why last week BVCI filed a Motion to Quash, again in accordance with Rule 45(d)(3) (ECF Dkt. No. 5896). BVCI's **Motion to Quash** is attached hereto as **Exhibit A**. BVCI respectfully submits that it is entitled to be heard, and its Motion to Quash decided, under Rule 45.

However, to ensure a clear record as to its position and standing, BVCI separately files this Opposition because the Alternative Procedures Motion seeks to displace Rule 45's required procedures and the critical substantive protections afforded to BVCI. For the reasons set forth in its **Motion to Quash** (which it incorporates herein), and those briefly summarized below, the Alternative Procedures Motion should be denied or, at least, denied with respect to BVCI:

1. <u>Rule 45 Cannot Be Displaced</u>. The Supreme Court specifically adopted detailed safeguards for "Protecting a Person Subject to a Subpoena." *See* Fed. R. Civ. P. 45(d). Those protections—also secured by decades of case law—provide substantive and procedural safeguards against defective, burdensome, and otherwise invalid subpoenas. *See id.* Indeed, "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra

2

protection from the courts," and, having invoked Rule 45, the TCC cannot now avoid the Rule's procedures and protections. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW (NC), 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982)); *see* **Motion to Quash** at 9.

2. <u>The TCC's Alternative Procedures Are Contrary to Rule 45</u>. Rule 45 "protect[s] a person subject to a subpoena" by, among other things, requiring individualized scrutiny of non-party subpoenas, imposing mandatory cost and fee-shifting, and placing the burden on the issuing party to compel compliance in the face of unresolved, properly served objections. *See* Fed. R. Civ. P. 45(d); **Motion to Quash** at 10–17. The TCC's requested procedures, however, trivialize objections to just "a sentence of two" with "[n]o extensive argument or case law," which the TCC will somehow "aggregate" with everyone else's objections for a special master's decision. *See* ECF Dkt. No. 5840 at 5–6. By design, and in conflict with Rule 45, the TCC's requested process eliminates any distinction between BVCI and dozens of other unidentified non-parties (even though Rule 45 requires individualized scrutiny of each subpoena and non-party), prohibits meaningful objections and briefing, omits the Rule's mandatory cost and fee-shifting, and alleviates the TCC's burden to compel compliance. If adopted, it would eliminate Rule 45's core procedures and non-party protections—and thus also violate Rule 83. **Motion to Quash** at 10–17; *id.* at 7–8, 12.

3. <u>Rule 45 Adjudication Cannot Be Delegated</u>. Additionally, the TCC's proposal that non-party objections under Rule 45 be delegated to a special-master would, if adopted, violate the law. *See* Fed. R. Bankr. P. 9031 ("Masters Not Authorized").[1]

---

[1] Under Federal Rule of Bankruptcy Procedure 9031, bankruptcy "court[s] ha[ve] no power to appoint a special master." *See In re Renaissance Radio, Inc.*, No. 03-33479-BJH, 2019 WL 1503787, at *10 (Bankr. N.D. Tex. Apr. 4, 2019); *In re G-I Holdings, Inc.*, 323 B.R. 583, 616 n.35 (Bankr. D.N.J. 2005) ("In fact, Federal Rule of Bankruptcy Procedure 9031 explicitly precludes the bankruptcy court from appointing special masters in cases and proceedings under title 11."); *see also In re Schafler*, C 01-1818 MMC, 2002 WL 1940297, at *1 (N.D. Cal. Aug. 13, 2002).

3

For the foregoing reasons, and those in its **Motion to Quash**, BVCI respectfully requests that the Court deny the TCC's Alternative Procedures Motion, hear BVCI in accordance with Rule 45, and quash the invalid Subpoena.

Respectfully submitted,

Dated: March 2, 2020

Baker Botts L.L.P.

By: /s/ Tina Ngo
    Jonathan A. Shapiro
    Daniel Martin
    Tina Ngo
    Attorneys for Black & Veatch Construction, Inc.

4