Marion T. Hack, Esq. (State Bar No. 179216)
hackm@pepperlaw.com
John H. Conrad (State Bar No. 265162)
conradj@pepperlaw.com
Luke N. Eaton (State Bar No. 280387)
eatonl@pepperlaw.com
**PEPPER HAMILTON LLP**
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850

Attorneys for Non-Party
BURNS & MCDONNELL ENGINEERING
COMPANY, INC.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>　　　and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　Debtors. | Case No.  19-30088 (DM)<br>Related Docket #5840<br><br>Chapter 11<br><br>**BURNS & MCDONNELL ENGINEERING COMPANY, INC.'S OPPOSITION TO MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Date:  March 10, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>　　　 450 Golden Gate Ave, 16th FL<br>　　　 San Francisco, CA 94102 |

　　　Burns & McDonnell Engineering Company, Inc. ("Burns & McDonnell") is a non-party to the bankruptcy litigation involving PG&E Corporation and Pacific Gas and Electric Company ("PG&E"), and files this Opposition to Motion to Establish Procedures for Discovery Proceeding Plan Confirmation  ("Opposition") in response to The Official Committee of Tort Claimants' (the "TCC") Motion to Establish Procedures for Discovery Preceding Plan Confirmation ("Motion").

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................ 4

   A.  The Entities and the Dispute ................................................. 4

II.  ARGUMENT IN OPPOSITION TO MOTION ................................ 5

   A.  The Proposed Process is Deficient and Prejudices Burns & McDonnell ..... 5

      1.  The TCC must clearly establish the relevance of documents sought ...... 5

      2.  The TCC must be required to provide specific legal reasons to produce disputed documents ................................................. 6

      3.  Burns & McDonnell Must be Allowed to Submit Sufficient Support for Objections to Document Requests ...................... 9

   B.  The TCC's use of the Mediator as Special Master Creates a Potential Conflict ............................................................. 10

III. ALTERNATIVE PROCEDURE SUGGESTED ............................ 11

IV.  NOTICE ....................................................................................... 12

V.   CONCLUSION ............................................................................ 13

2

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*By-Buk Co. v. Printed Cellophane Tape Co.*, 163 Cal.App.2d 157
(1958)..................................................................................................... 9

*Catholic Mutual Relief Society v. Superior Court*, 165 P.3d 154, 64
Cal. Rptr. 3d 434, 42 Cal.4th 358 (Cal. 2007) ..................................... 8

*Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998)................... 6, 9

*Futurecraft Corp. v. Clary Corp.*, 205 Cal.App.2d 279 (1962) ............. 7, 9

*Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, 2013
WL 6734117 (M.D. GA. 2013)........................................................... 6, 8

OTHER AUTHORITIES

F.R.C.P. Rule 26 ..................................................................................... 6, 7, 8

F.R.C.P. Rule 45(d)(1) and (3) .................................................................. 6

3

# I.    INTRODUCTION

## A.    The Entities and the Dispute

Burns & McDonnell is an engineering and construction company who provides design and construction services throughout the world, including for the power transmission industry in California.  In this instance, Burns & McDonnell is inappropriately being brought into the dispute between a group of individuals that have alleged damages due to recent fires in California, the TCC, and their electrical service provider, PG&E.  In an attempt to pull as many parties, and more importantly insurance policies, into the current litigation matter, the TCC issued approximately 100 subpoenas to various entities that provided services to PG&E in California.  Despite the fact that Burns & McDonnell did not provide any construction, repair, or vegetation management services to PG&E on the transmission line out of which the wildfires at issue for the TCC arose, one of these subpoenas was served upon Burns & McDonnell. This is a clear fishing expedition on the part of the TCC.

Burns & McDonnell objected to the production of irrelevant and confidential information from the subpoena.  It then attempted to resolve the issues with the TCC via a meet and confer process.  However, the TCC did not provide any legal reasoning to support its document request, and instead brought its Motion before this Court seeking to create an unfair process by which the TCC may later force Burns & McDonnell to produce privileged and confidential information within a process that minimizes the TCC's required effort and costs.  This process is not fair and eliminates the majority of protections non-parties are provided under normal discovery dispute procedures.  As such, Burns & McDonnel requests that the Court deny the Motion or at a minimum adopt the procedures recommended in this Opposition.

///

///

4

## II.    ARGUMENT IN OPPOSITION TO MOTION

### A.    The Proposed Process is Deficient and Prejudices Burns & McDonnell

Burns & McDonnell takes exception to the truncated discovery dispute process proposed by the TCC, as it is prejudicial against Burns & McDonnell. The proposed process fails in the following regard:

1. The TCC is not required to justify the relevance of any documents sought;
2. The TCC is not required to provide specific legal reasoning for the requests in its meet and confer process or in the pleadings submitted to the Special Master;
3. Burns & McDonnell, a non-party, is only permitted to submit a "brief list of objections" in its pleading, without the ability to provide a detailed discussion or any case law to support its objections;
4. The TCC is only allowed to provide a brief response in its pleading, without legal citation;
5. The proposed process allows the TCC to lump multiple non-parties into a single motion which will obscure the deficiencies in TCC's document requests as to Burns & McDonnell and preclude the entities from demonstrating how excessive burdens are being placed on those specific entities; and
6. Only a telephonic hearing is allowed based upon the truncated filings noted above.

These restrictions are improper for the following reasons.

### 1.    The TCC must clearly establish the relevance of documents sought

The TCC's Motion asserts that it served the subpoenas for insurance information "to obtain for the benefit of fire victims an understanding of the potential claims for which bankruptcy court jurisdiction will be reserved." (Motion,

5

3:4-5.) However, the TCC's Motion failed to note any tie between the work of Burns & McDonnell and the TCC members' damages. It is important to note that the TCC must stand in the shoes of PG&E to assert the claims against Burns & McDonnell that are assigned to the TCC in the bankruptcy. PG&E has not asserted any claims against Burns & McDonnell, and the TCC has not asserted any claim or theory of liability against Burns & McDonnell. As to Burns & McDonnell, the TCC cannot show there is a relevance to the documents requested. *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, 2013 WL 6734117 (M.D. GA. 2013) ["it is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery."] But, the TCC's proposed procedures would not allow for a detailed review of these issues, including no provisions for declarations, due to the "brief statements" only being allowed in the proposed procedures. The TCC is attempting to have highly privileged documents ordered to be produced without explaining through declarations why such documents are relevant. This would prevent Burns & McDonnell from adequately educating the Special Master regarding these potential discovery dispute issues and would amount to a failure of due process and violation of the Federal Rules of Civil Procedure discovery rules. (See FRCP, Rules 26(b) and 45(d)(1) and (3), and *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir. 1998) [concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.] Any order of this Court must have a procedure in which TCC establishes through a valid showing the relevance of the documents sought.

## 2. The TCC must be required to provide specific legal reasons to produce disputed documents

Counsel for Burns & McDonnell met telephonically with counsel for the TCC in an attempt to resolve the dispute as to the documents to produce. During the meet and confer process with Burns & McDonnell, the TCC's counsel provided

6

no legal citations or support for its subpoena categories dealing with the Insurance Documents. The TCC's proposed procedures do not require or allow any legal citations or reasoning to be submitted by TCC to support the subpoena requests. (Motion, 5:1-3.) For example the proposed procedure for submission to the special master provides:

> No extensive argument or case law may be included, nor any history of exchanges of emails, letters, etc.
>
> Within 7 days, the TCC will send the Objecting party its responses to the objections, also in list form, that includes only a sentence or two briefly stating the basis for overruling the objection.
>
> The TCC will aggregate the objections from all Objecting Parties that are pending at that time… into one list for submission to the Special Master… No briefing shall be included in the filing. (Motion, 4:26-5:9.)

The procedure put forth by the TCC in its Motion precludes both the TCC and Burns & McDonnell from submitting any legal reasoning or citations in filings to the Special Master. (Motion, 4:21-5:3.) This process prevents the Special Master from having the pertinent law that would apply to the specific discovery disputes at hand. The relevant law is critical to any discovery review by the Special Master. Producing these Insurance Documents is prohibited by law, and the relevant legal authorities should not be hidden from the Special Master.

An example of the importance of providing legal citations and reasoning is the TCC's request for communications between Burns & McDonnell and its insurance carriers and brokers. These communications involve discussions of Burns & McDonnell's financial status and other business information of a highly sensitive nature that constitute trade secrets and privileged communications. *Futurecraft, supra*, at 289.

F.R.C.P. Rule 26(b)(3)(A) protects from discovery communication with a party's insurer. That Rule states, in part:

7

Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (*__including the other party's__* attorney, consultant, surety, indemnitor, *__insurer,__* or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and
(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Here, the TCC seeks just such information, including "notices of claims, tenders and coverage Communications – including but not limited to coverage positions and insurance analyses – between You and any insurers for all such insurance policies." (Requests No. 10 and 12.)  Even if Burns & McDonnell was a party to this bankruptcy, such discovery would not be permitted under Rule 26.  As a nonparty, the TCC has an even greater burden.  *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, 2013 WL 6734117 (M.D. GA. 2013).

California courts have held that seeking insurance related information from a non-party can create a chilling effect on discussions between an entity and its insurance carriers.  *Catholic Mutual Relief Society v. Superior Court*, 165 P.3d 154, 64 Cal. Rptr. 3d 434 (Cal. 2007).  The Subpoena seeks to obtain insurance policies (including Commercial General Liability, Errors & Omissions/Professional Liability, Directors & Officers, Environmental/Pollution Liability insurance). (Requests No. 4-7.)  The requests seek not just the policies, but applications, declarations, and endorsements.  Insurance applications normally include financial information, past claims history and other confidential and proprietary information submitted to insurance brokers or agents, and underwriters for the purpose of evaluating an insured's risk profile.  To require Burns & McDonnell, a nonparty, to produce these Insurance Documents will have a chilling effect on the candor with which insureds submit confidential information to insurance companies, information which has absolutely no bearing on the bankruptcy of PG&E or the

8

claims of the TCC. The Courts recognize this extraordinary burden on a nonparty and do not allow this type of production of documents especially from non-parties. *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir. 1998). By precluding legal reasoning and citations from the proposed process, the Special Master would not have the legal support to preclude such improper requests.

### 3. Burns & McDonnell Must be Allowed to Submit Sufficient Support for Objections to Document Requests

The dispute procedure set forth by the TCC in its Motion only allows for a "brief list of objections" by Burns & McDonnell, and allows the TCC "only a sentence or two briefly stating the basis for overruling the objection." (Motion, 4:21-5:3.) Given the burden on a non-party of producing documents and the risk of producing confidential documents in a dispute it is not involved, precluding a full review of the reasons for objections and the reasons to overcome an objection would greatly reduce the understanding of the Special Master in evaluating any discovery dispute. This uninformed review severely prejudices Burns & McDonnell.

The subject matter of the TCC's subpoena categories to Burns & McDonnell highlights the problems with the TCC's truncated procedure, where the TCC's requests seek insurance information of a non-party. Insurance forms involve disclosures of financial and business strategy information that is not disclosed to the public, and which is critical that it be kept confidential to maintain Burns & McDonnell's business strength in the market. If Burns & McDonnell's competitors were privy to this information, they could use it to reduce the effectiveness of Burns & McDonnell's business strategy. Thus, the material constitutes tightly guarded trade secrets and confidential business information. *Futurecraft Corp. v. Clary Corp*., 205 Cal.App.2d 279, 289 (1962); *By-Buk Co. v. Printed Cellophane Tape Co.*, 163 Cal.App.2d 157, 166 (1958). Therefore, a thorough discussion of the reasons for objections to document request are necessary to fully define for the

9

special master the justification for denying a motion to compel these confidential documents to avoid harm to Burns & McDonnell.

The TCC is attempting to sidestep the law pertaining to the production of these types of documents.  In essence, the TCC's procedure strips the normal protections a non-party is owed in the discovery process, and eliminates the prudent requirements put on a party seeking documents from non-parties to any litigation.  These protections and requirements were established to prevent the very harms that are inherent in the TCC's proposed process.

The process as a whole will not allow sufficient information for any special master to properly evaluate the disputes before directing non-party entities, such as Burns & McDonnell, to produce irrelevant, confidential and privileged documents that could create significant harm to Burns & McDonnell.  The proposed process will only serve to reduce the TCC's burden and costs at the expense and harm of the non-party subpoena respondents such as Burns & McDonnell.  As such, Burns & McDonnell requests that the Court deny the TCC's Motion as to Burns & McDonnell.

**B.  The TCC's use of the Mediator as Special Master Creates a Potential Conflict**

The TCC's Motion proposes to use Judge Newsome, who is acting as a mediator in this matter, to act as the Special Master for the TCC's truncated process.  (Motion, 4:9-10.)  A mediator's role in a dispute is to get the parties to agree on a resolution of the matter.  The mediator's only goal is to seek resolution at a mutual settlement point the mediator feels he or she can get the parties to agree.  Thus, it is in the mediator's interest to bring as many parties together as possible, to increase the potential pool of resources for settlement in part through added insurance coverage.

Being forced to produce its insurance policies and communications will greatly increase the possibility that the TCC will attempt to seek recovery from

10

Burns & McDonnell regarding the TCC's claims against PG&E. Being named in an action such as the proceedings between the TCC and PG&E can create significant legal expenses on an entity. While we are not stating that Judge Newsome will have a bias towards granting motions to compel concerning non-party insurance information, the mere potential for that bias and the potential prejudice against Burns & McDonnell should direct the court to reject the suggestion by the TCC to utilize Judge Newsome as a special master. Burns & McDonnell proposes that a neutral special master be appointed, and that Judge Newsome remain in his role as mediator.

## III. ALTERNATIVE PROCEDURE SUGGESTED

Given the deficiencies in the procedure proposed by the TCC in its Motion, Burns & McDonnell suggests the following alternative procedure:

1. A Special Master be appointed by the Court, who has not tie to the mediation process in this matter;

2. That the parties meet and confer in good faith prior to any motion being submitted to the Special Master to either compel production or quash a subpoena. This process must include the subpoenaing party providing a good faith argument that ties the relevance of the documents sought with the documents requested, including legal citations to support the production of documents. The Objecting entity must provide substantive argument and legal citations and reasoning as to why the documents are not relevant or which should be excluded due to privilege or undue burden;

3. If the meet and confer process cannot resolve the discovery dispute, then the subpoenaing party and the responding party are required to file briefs to the Special Master, as allowed and required under the Federal Rules of Civil Procedure, outlining the reasoning to either

11

produce documents or preclude documents for each category of
documents requested in the subpoena;

4. A telephonic hearing would then be held with the Special Master,
   wherein each party may add its further argument in support of its
   respective brief. The Special Master would then rule on the motion
   filed.

## IV. NOTICE

Notice is being provided to the following via email:

Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509, Attn: Eric Sagerman, Esq. and Cecily Dumas, Esq.

PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, San Francisco, CA 94105, Attn: Janet Loduca, Esq.;

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Stehen Karotkin, Esq, Jessica Liou, Esq, and Matthew Goren, Esq.;

Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108, Attn: Tobias Keller, Esq., and Jane Kim, Esq.;

Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038-4982, Attn: Kristopher M. Hansen, Esq., Erez E. Gilad, Esq., and Matthew G. Garofalo, Esq.;

Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, CA 90067-3086, Attn: Frank A. Merola, Esq.;

Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., and Timothy Graulich, Esq.;

Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, Attn: Alan W. Kornberg, Esq., Brian S. Hermann, Esq., Walter R. Rieman, Esq., Sean A. Mitchell, Esq., and Neal P. Donnelly, Esq.;

12

1    Office of the United States Trustee for Region 17, 450 Golden Gate Avenue,
2    5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq.
3    and Timothy Laffredi, Esq.;

4    U.S. Nuclear Regulatory Commission, Washington, DC 20555-0001, Attn:
5    General Counsel.;

6    U.S. Department of Justice, 1100 L Street, NW, Room 7106, Washington DC
7    20005, Attn: Danielle A. Pham, Esq.;

8    Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163, Attn: Dennis
9    F. Dunne, Esq. and Sam A. Khalil, Esq.;

10    Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067,
11    Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.

## V.    CONCLUSION

For all of the above reasons, Burns & McDonnell requests that the Court deny the TCC's Motion or substantially alter the proposed procedures.  Burns & McDonnell requests that any order issued by this Court follow the suggested procedures herein.

Dated: March 3, 2020                          PEPPER HAMILTON LLP

By: /s/ Luke N. Eaton
MARION T. HACK
JOHN H. CONRAD
LUKE N. EATON
Attorneys for Non-Party
BURNS & MCDONNELL
ENGINEERING COMPANY, INC.

13