| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                      Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>☑    Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:   March 10, 2020<br>Time:  10:00 a.m.<br>Ctrm:  17<br>Judge: Dennis Montali |

**CALIFORNIA STATE AGENCIES' RESERVATION OF RIGHTS ON APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT [DOCKET NO. 5726]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, Chico, California Department of Parks and Recreation, California Department of Transportation, and California Department of Developmental Services (collectively, the "California State Agencies") hereby file their reservation of rights on the *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee* Nunc Pro Tunc *to January 13, 2020 through the Effective Date of the Resolution Trust Agreement* (the "Motion") [Docket No. 5726] based on the following:

1. As the Court is aware, the California State Agencies collectively hold substantial prepetition claims related to the wildfires caused by Pacific Gas and Electric Company.

2. The proposed Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020 (the "Plan") [Docket No. 5590] provides that the fire-related claims of the California State Agencies are to be paid from the Fire Victim Trust.[1]

3. By order dated December 19, 2019, the Court approved the Tort Claimants Committee ("TCC") entering into a restructuring support agreement with the Debtors and other parties ("TCC RSA"). Docket No. 5174. The California State Agencies are not signatories to the TCC RSA, did not agree to compromise their fire-related claims against these solvent debtors, were not involved in the negotiations of the TCC RSA, were not represented by any fiduciary in such negotiations like the fire survivors were by the TCC, and have maintained that their fire-related claims are incorrectly classified and should not be in the Fire Victim Trust.

4. The Court's Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation [Docket No. 5732] set a March 3, 2020 deadline for filing, in "substantially final" form, each of the Fire Victim Trust Agreement and the Fire Victims Claims Resolution Procedures. March 3, 2020 is the same day that objections to the Motion are due. Further, the Fire Victim Claim Plan Treatment Summary for the proposed Disclosure Statement is

---

[1] Capitalized terms not otherwise defined shall have the same meaning as in the Plan.

-1-

Case: 19-30088    Doc# 6032    Filed: 03/03/20    Entered: 03/03/20 14:48:37    Page 2 of 5

due to be filed on February 28, 2020, a mere two court days prior to the due date for objections to the Motion.

5. The California State Agencies reserve all rights, particularly with respect to all issues regarding the governance, administration and procedures for the Fire Victim Trust, and with respect to confirmation of the Plan. The primary concerns of the California State Agencies with respect to the Fire Victim Trust are transparency, fair treatment and representative governance should the California State Agencies respective claims remain in and be paid from the Fire Victim Trust.

6. The California State Agencies strenuously object to the proposed classification and treatment of their fire-related claims that are to be part of the Fire Victim Trust under the Debtors' currently proposed Plan of Reorganization. The issue of whether the California State Agencies' claims are properly classified will be briefed separately.[2]

7. Neither this statement nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases,

---

[2] The California State Agencies have no desire to see the payments to the fire victims represented by the TCC decreased or diluted by government fire-related claims and have repeatedly requested they be removed from the creditors channeled to the Fire Victim Trust. The California State Agencies assert their fire-related claims should be with the general unsecured creditor class, where their other fire claims are scheduled and are to be paid in full. The Debtors' and Shareholders' Plan allows equity to retain its interests, meaning it violates a fundamental principle of bankruptcy law that all creditors must be paid in full before equity retains its interests, unless such creditors agree to take less as a properly classified class.

-2-

(iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c.  waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: March 3, 2020    Respectfully submitted,

            XAVIER BECERRA
            Attorney General of California
            MARGARITA PADILLA
            Supervising Deputy Attorney General

         By: */s/ Paul J. Pascuzzi*
            STEVEN H. FELDERSTEIN
            PAUL J. PASCUZZI
            FELDERSTEIN FITZGERALD
            WILLOUGHBY PASCUZZI & RIOS LLP
            Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation and California Department of Developmental Services

| | |
|---|---|
| 1 | <u>**PROOF OF SERVICE**</u> |
| 2 | I, Karen L. Widder, declare: |
| 3 | I am a resident of the State of California and over the age of eighteen years, and not a |
| 4 | party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA |
| 5 | 95814. On March 3, 2020, I served the within documents: |
| 6 | **CALIFORNIA STATE AGENCIES' RESERVATION OF RIGHTS ON APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT [DOCKET NO. 5726]** |
| 10 | By Electronic Service only via CM/ECF. |
| 11 | */s/ Karen L. Widder* |

-4-