| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                 Debtors.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>Date:   March 10, 2020<br>Time:  10:00 a.m.<br>Ctrm:  17<br>Judge: Dennis Montali |

**CALIFORNIA STATE AGENCIES' LIMITED OBJECTION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION [DOCKET NO. 5840]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, Chico, California Department of Parks and Recreation, California Department of Transportation, and California Department of Developmental Services (collectively, the "California State Agencies") hereby file their limited objection to *The Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* (the "Motion") [Docket No. 5840] based on the following:

1. As the Court is aware, the California State Agencies collectively hold substantial prepetition claims related to the wildfires caused by Pacific Gas and Electric Company.

2. It is unclear from the Motion whether the proposed discovery procedure is limited to Vendors, as that term is defined in the Motion. So long as the relief requested in the Motion is limited to discovery as to Vendors as that term is defined in the Motion, the California State Agencies do not object to the Motion.

3. However, if the relief requested in the Motion is intended to govern all discovery by the Official Committee of Tort Claimants ("TCC") related to confirmation issues, the California State Agencies object. Discovery related to confirmation issues not specifically related to the Vendors should be governed by Federal Rule of Bankruptcy Procedure 9014, with the parties meeting and conferring over expedited response deadlines where needed. The order on the Motion should state that it does not cover other plan confirmation discovery.

4. It also is unclear whether the Motion is intended to apply to the Notice of Subpoena filed by the TCC on February 18, 2020 [Docket No. 5820]. That Notice of Subpoena includes subpoenas to the California State Agencies. To the extent that the Motion is not intended to apply to subpoenas listed in the Notice of Subpoenas, the California State Agencies do not object. The subpoenas issued by the TCC to the California State Agencies on February 18, 2020, are defective and objectionable for numerous reasons. The California State Agencies reserve all rights with respect to their objections and responses to the subpoenas and request that

the Court deny the Motion to the extent it seeks to sweep in the Notice of Subpoena to the California State Agencies.

5. Neither this statement nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and

///
///
///
///
///

defenses are hereby reserved.

Dated: March 3, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation and California Department of Developmental Services

# PROOF OF SERVICE

I, Karen L. Widder, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On March 3, 2020, I served the within documents:

**CALIFORNIA STATE AGENCIES' LIMITED OBJECTION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION [DOCKET NO. 5840]**

By Electronic Service only via CM/ECF.

*/s/ Karen L. Widder*