**EXHIBIT B**

# EXHIBIT 2

# FIRE VICTIM CLAIMS RESOLUTION PROCEDURES

## PREAMBLE

The goal of the Fire Victim Trust[1] is to provide an efficient process to fairly compensate the holders of timely filed Fire Victim Claims (respectively, "Claimants" and "Claims") in an equitable manner consistent with the terms of the Trust Agreement, Plan, and California and federal law. These Fire Victim Claims Resolution Procedures ("CRP") apply to all Claims. The Claims Administrator shall implement and administer the CRP in consultation with the Trustee, Claims Processor, Neutrals, and Trust Professionals with the goal of securing the just, speedy, and cost-efficient determination of every Claim. Those entrusted with the consideration and determination of Claims shall treat all Claimants with abiding respect and shall strive to balance the prudent stewardship of the Trust with care in its administration, allocation, and distribution.

The speed of any distribution in a program involving thousands of claimants relies on multiple variables impacting administrative expediency. To achieve maximum fairness and efficiency, the CRP is founded on the following principles:

1. Objective eligibility criteria;
2. Clear and reliable proof requirements;
3. Administrative transparency;
4. Rigorous review processes that generate consistent outcomes; and
5. Independence of the Trustee, Claims Administrator, Claims Processor, Neutrals, and Trust Professionals.

The Trustee and Claims Administrator will consult with the Claims Processor and other Trust Professionals to develop claims valuation processes that result in fair and reasonable compensation of eligible Claims in accordance with the Trust Agreement and CRP.

## I. CLAIMANT ELIGIBILITY

To be eligible to receive compensation from the Trust, a Claimant must: (1) have a Claim related to an Included Fire; (2) have timely filed a Proof of Claim; and (3) submit supporting documentation outlined in Section II of this CRP or required by the Claims Administrator ("Supporting Documents"). Upon submission of the Supporting Documents, the Trust will review each Claim and consider all damages and costs recoverable under California law.

   A. **Included Fires.** The Trust is established to administer Claims related to the fires identified in Exhibit 1 (each a "Fire" and collectively the "Fires"). Any Claims unrelated to the Fires are ineligible for payment by the Trust and, pursuant to the process described herein, shall

---

[1] All capitalized terms not otherwise defined herein shall have their respective meanings as set forth in the PG&E Fire Victim Trust Agreement (the "Trust Agreement") and the Debtors' Amended Joint Chapter 11 Plan of Reorganization dated January 31, 2020 (as it may be amended, modified, or supplemented, the "Plan").

1

be held to be ineligible on a final basis. For the purposes of the CRP, all Fires set forth in Exhibit 1 are deemed to have been caused by PG&E's equipment and as a result of PG&E's negligence.

B. **Proof of Claim.** All Claimants must have filed a Proof of Claim for their claims or those of their family in the Bankruptcy Cases on or before December 31, 2019, and as amended, which was the extended Bar Date for Fire Claimants. Claims that were not timely submitted to the Bankruptcy Cases are ineligible for payment by the Trust, unless the claimant obtains relief from the Bankruptcy Court to file a late Claim and submits the Claim to the Bankruptcy Cases and Trust within 30 days after the Bankruptcy Court order allowing such late filing. Claims that have been disallowed or that have been withdrawn from the official claims registry in the Bankruptcy Cases are ineligible for payment by the Trust.

C. **Supporting Documents.** Section II sets forth each Claim Type the Trust will consider and the Supporting Documents that may be submitted for each. In addition to the Supporting Documents outlined in Section II, Claimants will be required to submit a Claims Questionnaire, as explained in Section V.

## II. CLAIM TYPES AND SUPPORTING DOCUMENTS

The Trust will use all information that assists in objectively valuing Claims and alleviates the burden on Claimants. This includes, but is not limited to, data from a Claimant's (a) Bankruptcy Proof of Claim Form; (b) Wildfire Assistance Program Claim Form; (c) Damages Questionnaire established under Case Management Order 5 in the California North Bay Fire Cases (JCCP 4955); and (d) other reasonably ascertainable and reliable information. Claimants may be required to submit additional facts and documents to support their Claims for each of the following Claim Types:

A. **Real Property.**

1. *Description of Real Property Claim.* Real Property Claims include claims for damage to structures on residential or commercial real property, landscaping, forestry, and other real property improvements (*e.g.*, hardscape, fencing, retaining walls, pools, and solar panels) as a result of the Fires. Real Property damages may be measured in one of two ways: (1) the loss in fair market value to the property ("Diminution in Value"); or (2) the reasonable costs to rebuild or repair the property ("Cost of Repair"). Whether Diminution in Value or Cost of Repair is awarded will depend on the facts of each Claim.

    (a) *Diminution in Value.* Diminution in Value will be calculated by subtracting the fair market value of the property immediately after the Fire from the fair market value of the property immediately before the Fire.

    (b) *Cost of Repair.* The reasonable costs to rebuild or repair the property will be determined based on: (1) the use of the structure(s) and other improvement(s); (2) the extent of damage to the structure(s) [*e.g.*, burn damage versus smoke and soot

2

damage]; (3) the square footage of structure(s); (4) the geographic location of the property; (5) the size of the vegetation on the property immediately before the Fire; (6) the extent of damage to vegetation; (7) the type of vegetation damaged; and (8) the fair market value of the property immediately before the Fire. In addition, the Claimant may claim the value of trees lost.

**(c)** *Consequential Damages.* Claimants also may make a claim for other reasonably foreseeable economic losses directly caused by destruction of or damage to real property.

2. *Types of Supporting Documents.* Claimants may provide the following documents to support a Real Property Claim:

(a) Verification of ownership;
(b) Appraisals;
(c) Tax records;
(d) Purchase records;
(e) Mortgage or loan documentation showing the pre-Fire condition or value of the property;
(f) Pre-Fire and post-Fire photos or videos of the structures (interior or exterior) or other damaged areas of the property;
(g) Architectural or engineering drawings;
(h) Permits;
(i) Contractor rebuild or repair estimates or invoices;
(j) Arborist reports, timber surveys, or documents relating to landscaping; and
(k) Other supporting documents within the Claimant's possession.

B. **Personal Property.**

1. *Description of Personal Property Claim.* Personal Property Claims include claims for loss of or damages to personal property, such as household items (*e.g.*, clothes, furniture, or tools) and automobiles, as a result of the Fires.

2. *Types of Supporting Documents.* Claimants may provide the following documents to support a Personal Property Claim:

(a) List of items destroyed or damaged in the residency;
(b) Proofs of purchase;
(c) Pre-Fire and post-Fire photos;
(d) Appraisals; and
(e) Other supporting documents within the Claimant's possession.

C. **Personal Income Loss.**

1. *Description of Personal Income Loss Claim.* Personal Income Loss Claims include claims of individuals who lost income because (a) they were displaced by the Fires; (b)

their employer suffered Business Losses and reduced or stopped paying wages to the Claimant as a result of the Fires; or (c) the Fires or resulting injuries or conditions otherwise interfered with their ability to earn income.

2. *Loss of Rental Income.* Personal Income Loss Claims also include loss of income from rental of a damaged or destroyed property.

3. *Types of Supporting Documents.* Claimants may provide the following documents to support a Personal Income Loss Claim:

    (a) Tax returns, including all schedules and attachments;
    (b) W-2 Forms;
    (c) 1099 Forms;
    (d) Lease agreements or canceled rent checks;
    (e) Bank account statements identifying earnings;
    (f) Paycheck stubs or payroll records; and
    (g) Other supporting documents within the Claimant's possession.

D. **Business Loss.**

1. *Description of Business Loss Claim.* Business Loss Claims include claims for economic losses suffered by a business as a result of the Fires, including loss of business property or inventory used to conduct business and lost profits or revenue.

2. *Types of Supporting Documents.* Claimants may provide the following documents to support a Business Loss Claim:

    (a) Description of the business, including its mission statement;
    (b) Tax returns, including all schedules or attachments;
    (c) Financial statements, including profit and loss statements;
    (d) Articles of Incorporation, bylaws, shareholder lists, or partnership or limited partnership agreements;
    (e) Leases, deeds, titles, or other documents identifying the property owned or occupied by the business;
    (f) Canceled contracts;
    (g) Photos, videos, or other documentary evidence of fire damage to the Claimant's home or business; and
    (h) Other supporting documents within the Claimant's possession.

E. **Other Out of Pocket Expenses.**

1. *Description of Other Out of Pocket Loss Claim.* Other Out of Pocket Loss Claims include claims for out of pocket expenses that are not considered in any other claim type. These may include additional living expenses, medical and counseling expenses, and other out of pocket expenses as a result of the Fires.

2. ***Types of Supporting Documents.*** Claimants may provide the following documents to support an Other Out of Pocket Loss Claim:

   (a) Documentation supporting a claim for additional living expenses;
   (b) Medical bills;
   (c) Counseling bills; and
   (d) Other supporting documents within the Claimant's possession.

F. **Wrongful Death and Serious Personal Injury.**

   1. ***Description of Wrongful Death and Serious Personal Injury Claim.*** Wrongful Death and Serious Personal Injury Claims include claims relating to individuals who died or suffered serious personal injury as a result of the Fires. The Trustee and Claims Administrator will devise procedures ensuring a streamlined and sensitive process providing Claimants and their family members the dignity that is critical to successfully resolving Claims relating to these extraordinary losses.

   2. ***Types of Supporting Documents.*** Claimants may provide medical records and other documents supporting a Wrongful Death or Serious Personal Injury Claim, as well as documents supporting a claim for loss of relationship, love, support, and companionship.

G. **Emotional Distress.**

   1. ***Description of Emotional Distress Claim.*** Emotional Distress Claims include claims arising from: (a) zone of danger evacuation from the Fires; (b) physical injury as a result of the Fires; and (c) substantial interference with the use and enjoyment of or invasion of property occupied by the Claimant, as well as the impact of the loss of the community.

   2. ***Types of Supporting Documents.*** Claimants may provide the following documents to support an Emotional Distress Claim:

      (a) A written narrative or an audio or video recording detailing the Claimant's evacuation and impact of the Fire on the Claimant and his or her family, including impact related to the loss of property and any sentimental items in the home;
      (b) Texts, emails, or social media content the Claimant created during the evacuation;
      (c) Photos or videos taken during the evacuation;
      (d) Pre-Fire and post-Fire photos and videos of the Claimant's property;
      (e) Records describing bodily injury or mental health counseling or treatment;
      (f) Documentation of medical and counseling expenses; and
      (g) Other supporting documents in the Claimant's possession.

5

**H. Previously Settled Claims.**

1. *Description of Previously Settled Claim.* Previously Settled Claims includes claims that a Claimant previously settled with PG&E by entering into a settlement agreement with PG&E, thereby liquidating their Claim, but for which the Claimant did not receive payment before the Bankruptcy Cases commenced.

2. *Types of Supporting Documents.* Claimants may provide a copy of their executed settlement agreement, or other documentation indicating a settlement was reached, to support a Previously Settled Claim.

## III.   OTHER DAMAGES

The Trustee and Claims Administrator will devise procedures to evaluate any additional categories of recoverable damages. These other damages may include:

1. Statutory attorney's fees and litigation, expert and consulting costs;
2. Statutory interest;
3. Punitive/exemplary damages; and
4. Damages multipliers.

## IV.   CLAIMS SUBMISSION

The Claims Processor will maintain a secure, web-based portal (a "Portal") for Claimants to submit Claims Questionnaires, Supporting Documents, Releases, and any other relevant information or documents. After submitting a Claim, Claimants will be able to use the Portal check their Claim status, receive and respond to determination notices, submit supplementary materials, and update contact information and other demographic information, if necessary.

## V.   CLAIMS QUESTIONNAIRE

In addition to the Claim-specific Supporting Documents identified in Section II, the Claims Administrator will require Claimants to complete a Claims Questionnaire that provides sufficient information to: (1) verify the Claimant's identity; (2) identify and support the claimed damages; and (3) demonstrate the Claimant's authority to assert the Claims.

Individual Claimants may submit Claims Questionnaires by household. The Claims Processor will pre-populate Claims Questionnaires with information already in its possession, including but not limited to data from a Claimant's (a) Bankruptcy Claim Proof of Claim Form; (b) Wildfire Assistance Program Claim Form; (c) Damages Questionnaire established under Case Management Order 5 in the California North Bay Fire Cases (JCCP 4955); and (d) information that is otherwise reasonably ascertainable and reliable.

The Trustee will use reasonable efforts to obtain insurance claim files directly from a Claimant's insurance carrier but may require certain insurance information directly from the Claimant in support of their Claim. The Claim Questionnaire may include a consent by the

Claimant to the Trust obtaining any and all information related to the Claim from Claimant's insurer. The Plan does not absolve the insurance carriers of their duty to fulfill their coverage obligations under their policies of insurance with a Claimant.

## VI. RELEASE

Before receiving payment from the Trust, Claimants must submit signed releases in substantially the same form and content as the Claimant Release and Mutual Made Whole Release, attached to the Trust Agreement as Exhibits 4 and 5, respectively.

## VII. NOTICE OF CLAIMS DETERMINATION

The CRP will govern the process by which each Claim is reviewed, including whether the Claim is eligible or ineligible for payment and, if eligible, the amount approved for payment ("Claims Determination"). After the Trust has fully evaluated a Claim, the Claims Processor will issue a notice to the Claimant explaining the review result ("Determination Notice"). If the Claim has been approved and is eligible for payment ("Approved Claim"), the notice will include the specific amount that the Trust has approved for payment ("Approved Claim Amount") and the stages in which payment may occur. If the Claim is missing documents or information required for the Trust to fully evaluate the Claim ("Deficient Claim"), the notice will explain what is required and provide a timeline within which the Claimant may resolve the deficiencies. If the Claim is ineligible for payment from the Trust pursuant to the CRP ("Disallowed Claim"), the notice will explain the reason(s) that the Claim is ineligible.

## VIII. DISPUTE RESOLUTION

Claimants dissatisfied with their Claims Determination will have the opportunity to dispute the determination and to provide supplemental information or documents to support their dispute. The Trust will implement the following three-tiered process:

1. *Reconsideration.* If a Claimant contests a Claims Determination, the Claims Administrator and Claims Processor will review the Claim again and will consider any newly submitted information and documents and all previously submitted information. Afterwards, the Claims Processor will issue a Reconsideration Determination. The Claimant may accept the Reconsideration Determination or may appeal to a Neutral.

2. *Appeal.* If a Claimant appeals a Reconsideration Determination, the Claims Administrator will assign the Claim to a Neutral for further consideration. The Neutral will hold a hearing in a manner jointly agreed to by the Claimant and Neutral (*e.g.*, in person, by telephone, or on paper). The Neutral will consider the appeal based on all documents and information the Claimant previously provided and anything new the Claimant provides before or during the hearing. After the hearing, the Neutral will issue an Appeals Determination, which may increase, decrease, or confirm the Reconsideration Determination. The Claimant may accept the Appeals Determination or may request Panel Review.

3. *Panel Review.* If a Claimant requests Panel Review, the Claims Administrator will assign a panel of three Neutrals to review the Claim. The Neutral who reviewed the Claimant's Appeal will be excluded from the Claimant's Panel Review. No new documents or information may be submitted for Panel Review. After the reviewing the Appeal record, the Panel will submit to the Trustee a Panel Determination, which may increase, decrease, or confirm the Appeals Determination. The Trustee may accept, reject, or revise the Panel Determination and then will issue a Trustee Determination to the Claimant. The Trustee Determination is the final Claims Determination regarding both eligibility and payment amount, if any. The Trustee Determination will be final, binding, and non-appealable and is not subject to review by any Court**, including right to trial by jury.**[2]

## IX. CONFIDENTIALITY OF CLAIMS INFORMATION

All personal information, facts, and documents submitted to the Trust by or regarding any Claimant or Claim shall be kept confidential and shall only be disclosed: (1) to the Trustee, Claims Administrator, Claims Processor, Neutrals, and Trust Professionals to the extent necessary to process and pay Claims; or (2) as may be required by applicable law, ethical requirements, or legitimate business uses associated with administering the Trust.

---

[2] As of the Effective Date, all Fire Victim Claims against PG&E are discharged and channeled into this Trust. Any trial would be against the Trust and against the interests of fellow Fire Victims, not against PG&E. As such, the procedures in this Trust are set up to protect Fire Victims' due process rights and create fair, just, and expedient results.