K&L GATES LLP
MICHAEL B. LUBIC (SBN 122591)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone:   310.552.0000
Facsimile:   310.552.5001
Email:           michael.lubic@klgates.com

K&L GATES LLP
MATTHEW G. BALL (SBN 208881)
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone:   415.882.8200
Facsimile:   415.882.8220
Email:           matthew.ball@klgates.com

Attorneys for CN Utility Consulting, Inc.,
Cupertino Electric, Inc., Wright Tree Service,
Inc., and Wright Tree Service of the West, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY,<br><br>              Debtors,<br><br>☐  Affects PG&E Corporation<br><br>☐  Affects Pacific Gas and Electric Company<br><br>☒  Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>**OBJECTION OF CN UTILITY CONSULTING, INC., CUPERTINO ELECTRIC, INC., WRIGHT TREE SERVICE, INC., AND WRIGHT TREE SERVICE OF THE WEST, INC. TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Date:       March 10, 2020<br>Time:       10:00 a.m. (PST)<br>Place:      Courtroom 17<br>              450 Golden Gate Avenue, 16th Floor<br>              San Francisco, CA 94102 |

1

Case: 19-30088   Doc# 6050   Filed: 03/03/20   Entered: 03/03/20 18:48:14   Page 1 of
6

# I.     INTRODUCTION

CN Utility Consulting, Inc. ("**CNUC**"), Cupertino Electric, Inc. ("**CEI**"), Wright Tree Service, Inc. ("**WTS**"), and Wright Tree Service of the West, Inc. ("**WTSW**") hereby file this Objection to the *Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* (Dkt. No. 5840) (the "**Motion**"). The Official Committee of Tort Claimants (the "**TCC**") improperly issued subpoenas to over 160 of the Debtors' vendors, including to CNUC, CEI, WTS, and WTSW (*see, e.g.*, Dkt. Nos, 5345, 5347, 5348, 5388, 5433 and 5820).[1] The subpoenas were issued by the TCC without authority under the Bankruptcy Rules and without permission from this Court. The TCC seeks to prematurely obtain discovery from potential litigation targets with respect to claims that are to be assigned to the future Fire Victim Trust under the Restructuring Support Agreement, to which the TCC has already agreed. By the Motion, the TCC asks this Court to (i) effectively bless and approve, *post hoc*, the issuance of the invalid subpoenas; and (ii) eliminate the rights of the subpoena recipients under the Federal Rules to, among other things, object to such subpoenas. For the reasons stated herein, CNUC, CEI, WTS, and WTSW respectfully request that the Court deny the Motion.

# II.     ARGUMENT

## A.  The TCC's Subpoenas Were Procedurally Improper.

The TCC's Motion erroneously presumes that the discovery that is the subject of the proposed procedures was valid in the first place. In fact, the TCC had no basis to issue such discovery. The subpoenas issued to the Objecting Parties are procedurally improper because "to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order." *In re Patel*, No. 16-65074-LRC, 2017 WL 377943, at *2 (Bankr. N.D. Ga. Jan. 26, 2017). Because the TCC did not obtain court approval pursuant to Fed. R. Bankr. P. 2004 for the issuance of

---

[1] CNUC, CEI, WTS, and WTSW are all vendors of the Debtors. The TCC issued identical subpoenas to CNUC, CEI, WTS, and WTSW, copies of which are attached hereto as Exhibits A, B, C and D, respectively.

2

**OBJECTION OF CN UTILITY CONSULTING, INC., CUPERTINO ELECTRIC, INC., WRIGHT TREE SERVICE, INC., AND WRIGHT TREE SERVICE OF THE WEST, INC. TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**

its subpoenas,[2] an "action" must be pending before a subpoena may issue is pursuant to Fed. R. Civ. P. 45(a)(2). Pursuant to Fed. R. Bankr. 9002(1), an "action" is "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter."[3]

Here, the TCC fails to identify in its Motion the adversary proceeding or contested matter that would permit it to issue the subpoenas. There is no adversary proceeding, and there is no contested matter. The TCC suggests that the discovery is being issued in connection with the plan confirmation process. It appears, however, that the TCC issued the discovery as a fishing expedition in order to get a head start on litigating potential claims that can only be pursued by the TCC post-confirmation. Regardless of the TCC's underlying motives, no contested matter with respect to plan confirmation currently exists and therefore the subpoenas are not procedurally valid. Plan confirmation is not

---

[2] Had the TCC filed a motion pursuant to Fed. R. Bankr. P. 2004, it would have been forced to establish "good cause" to compel discovery from third parties. Third parties subject to Rule 2004 examinations are "only those persons possessing knowledge of the debtor's acts, conduct[,] or financial affairs so far as this relates to a debtor's proceeding in bankruptcy." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). "Good cause" is shown if the "examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* at 943.

[3] The *Patel* case is instructive. There, a party in a bankruptcy case served sixteen subpoenas on various entities and individuals without requesting a Rule 2004 examination order from the court and without having filed an adversary proceeding or contested matter related to the subpoenas. *In re Patel*, supra at *1. The court explained Rule 45 permits a "party" to subpoena documents, and that subdivision (a)(2) "requires that every subpoena must 'issue from the court where the action is pending.'" *Id.* at *2. As such, "[u]nder Rule 45(a)(2), there must be an action pending in order for a subpoena to be issued." *Id.* citing *Application of Royal Bank of Canada*, 33 F.R.D. 296 (1963). In quashing the subpoenas, the court considered the plain language of Federal Rule of Civil Procedure 45 and its interplay with applicable Federal Bankruptcy Rules:

> Rule 9002 defines "action" as "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." Fed. R. Bankr. P. 9002(1). . . Federal Rule 45 addresses the use of the subpoena power once litigation has commenced. ***It does not allow parties to use the subpoena power to gather information to determine whether they should file a lawsuit.*** Rather, if a party in interest has a legitimate need to perpetuate testimony prior to filing suit, the party in interest must file a verified petition in the district court and obtain an order authorizing the examination.

*Id.* at *1-3 (emphasis added).

---

**OBJECTION OF CN UTILITY CONSULTING, INC., CUPERTINO ELECTRIC, INC., WRIGHT TREE SERVICE, INC., AND WRIGHT TREE SERVICE OF THE WEST, INC. TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**

currently before this Court, as the Debtors have not obtained approval of a disclosure statement with respect to such plan. Moreover, only "[a]n objection to confirmation" of a plan, not the filing of a chapter 11 plan, creates a contested matter. *See* Fed. R. Bank. P. 3020(b)(1); *In re Rosa*, 495 B.R. 522, 525 (Bankr. D. Haw. 2013) ((explaining that "[t]he filing of a plan does not . . . initiate a contested matter" and "[p]lan confirmation becomes a contested matter only when an objection is filed") (citing 10 COLLIER ON BANKRUPTCY ¶ 9014.02 (Richard Levin & Henry J. Somme eds., 16th ed.)). Further, there is no argument that the TCC subpoenas even relate to a *contemplated* plan confirmation objection because the TCC has already entered into a court-approved plan support agreement whereby the TCC has agreed to support PG&E's proposed plan and the assignment of the claims at issue. Because the subpoenas were not issued in connection with an existing contested matter or other "action," they were improper. The Objecting Parties anticipate that there will be many objections to subpoenas and motions to quash as response deadlines approach in the near future. This Court should not retroactively bless the flawed subpoenas by granting the Motion and establishing discovery procedures. Such procedures should not be considered unless and until it is determined that there are valid subpoenas to which the procedures could apply.

**B. The Discovery Procedures Violate Due Process, are Unfair and Without Legal Basis.**

Even if the subpoenas were validly issued (which they are not), the TCC has provided no statutory or case law authority that would give this Court the power to appoint a special master and impose the various streamlined discovery procedures that the TCC proposes in the Motion. In fact, masters are specifically prohibited by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bank. P. 9031 (stating that Fed. R. Civ. P. 53 regarding the appointment of masters "does not apply in cases under the Code."). While the TCC cites to Section 105 of the Bankruptcy Code, the Supreme Court has pronounced that bankruptcy courts cannot "contravene specific statutory provisions" in exercising their statutory and inherent powers. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014); *see also In re Dairy Mart Convenience Stores*, 351 F.3d 86, 92 (2d Cir. 2003) (stating Section 105 does not "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or

4

constitute a roving commission to do equity") (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986))).

The TCC's proposed discovery procedures operate in favor of the TCC, allowing them to obtain free pre-litigation discovery not subject to the Federal Rules of Civil Procedure, and without imposing any cost and fee-shifting with respect to such discovery. The procedures severely curtail the rights of the targets of the subpoenas to object to the requested discovery. For example, the proposed procedures require that:

- Any objections must be tied to specific discovery requests. There is no basis for the vendors to argue that the subpoenas were improper or failed to comply with the Federal Civil Rules.

- The objecting vendors must only object in "a sentence or two" and may not cite any procedural history or case law.

- All disputes are resolved by a "Special Master," and production must be made within 14 days of the Special Master overruling a vendor's objection to discovery.

- All vendors are automatically bound by a previously entered Protective Order, the terms of which they did not negotiate.

The proposed procedures are the TCC's attempt at an end-run around the requirements and protections set forth in Rule 45. The procedures and protections of the Federal Civil Rules cannot be circumvented so that the TCC can get a head start with respect to the pursuit of potential claims that have not yet been assigned. The Motion should be denied.

Respectfully submitted,

MICHAEL B. LUBIC
MATTHEW G. BALL
K&L GATES LLP

Dated: March 3, 2020          By: /s/ Michael B. Lubic
                              Michael B. Lubic

                              Attorneys for CN Utility Consulting, Inc.,
                              Cupertino Electric, Inc., Wright Tree Service,
                              Inc., and Wright Tree Service of the West, Inc.

5

Case: 19-30088    Doc# 6050    Filed: 03/03/20    Entered: 03/03/20 18:48:14    Page 5 of 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

**OBJECTION OF CN UTILITY CONSULTING, INC., CUPERTINO ELECTRIC, INC., WRIGHT TREE SERVICE, INC., AND WRIGHT TREE SERVICE OF THE WEST, INC. TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**