1  Samuel A. Newman (SBN 217042)
   sam.newman@sidley.com
2  Genevieve G. Weiner (SBN 254272)
   gweiner@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, CA 90013
   Telephone No. (213) 896-6020
5  Facsimile No. (213) 896-6600

6  Attorneys for MCKINSEY & COMPANY, INC.
   UNITED STATES

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Bankruptcy Case<br>    No. 19-30088-DM (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**MCKINSEY & COMPANY, INC. UNITED STATES' OPPOSITION TO TCC'S MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMTION**<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Courtroom 17<br>         450 Golden Gate Ave., 16th Fl.<br>         San Francisco, CA 94102 |

**OPPOSITION**

McKinsey & Company, Inc. United States ("McKinsey")[1] hereby submits this Opposition to the *Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* [D.I. 5840] (the "Motion"). McKinsey is in receipt of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) purportedly issued pursuant to Federal Rule of Civil Procedure 45 (the "Subpoena") by the Official Committee of Tort Claimants (the "TCC").

While McKinsey has been engaged in informal discussions with counsel to the TCC regarding its Subpoena, McKinsey has noted that other parties have raised substantive and procedural infirmities in the TCC's Subpoena and in the procedures proposed in the Motion. McKinsey wishes to reserve its rights in the event the Court makes one or more rulings that would, if applied to the Subpoena, limit the scope of McKinsey's obligations in responding to the Subpoena.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As explained in the Debtors' Objection to the Motion [D.I. 5995], which McKinsey hereby joins in full,[2] the TCC's Motion and discovery efforts referenced therein are premature. The Motion explains that the discovery TCC seeks relates "primarily […] to the nature and value of the Assigned Claims and Causes of Action" that will be assigned to the Trust pursuant to the RSA.[3] Assignment of these claims will not occur until, and is in fact expressly conditioned upon, the effective date of the Plan. Therefore, at the moment, the TCC has no Assigned Claims on which to pursue discovery pursuant to its requested procedures. The Motion suggests that the TCC's discovery efforts constitute necessary "due diligence" on the RSA, but the TCC has not explained what makes such an investigation necessary in light of the fact that the TCC has already agreed to the RSA. Having already agreed to the RSA including the Assigned Claims, and having not yet received those

---

[1] McKinsey notes that the TCC's Subpoena was unclear as to which entity it was addressed to (stating "McKinsey & Company"), but "McKinsey & Company, Inc. United States" is the entity that provided certain consulting services to the Debtors.

[2] McKinsey also joins in the Oppositions by Black & Veatch Construction [D.I. 6011], Outback Contractors, Inc. [D.I. 5988], Schweitzer Engineering Laboratories [D.I. 6027], and MLU Services [D.I. 6035].

[3] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

1

Assigned Claims in order to begin pursuing them, the TCC should defer its requested discovery until after the effective date of the Plan.

## **CONCLUSION**

For the foregoing reasons, McKinsey respectfully requests that this Court deny or modify the proposed Procedures and afford McKinsey the benefit of any relief provided to other recipients.

Dated: March 3, 2020

Respectfully submitted,

SIDLEY AUSTIN LLP

By: ___/s/ Genevieve G. Weiner_____
Genevieve G. Weiner
Samuel A. Newman

Attorneys for MCKINSEY & COMPANY, INC. UNITED STATES