SHOOK, HARDY & BACON L.L.P.
Eva M. Weiler (SBN: 233942)
eweiler@shb.com
Laura M. Booth (SBN: 179857)
lbooth@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949-475-1500
Facsimile: 949-475-0016

Attorneys for Non-Party
Quanta Energy Services, Inc.

**FILED**

MAR 03 2020

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors,<br><br>☐ Affects PG& E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**NON-PARTY QUANTA ENERGY SERVICES, INC.'S OBJECTION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Related Docket No. 5840<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Fl.<br>San Francisco, CA 94102 |

Non-party Quanta Energy Services, Inc. ("Quanta") submits this objection to the Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation [Docket No. 5840] ("TCC Motion").[1] Quanta was served with a TCC subpoena and timely objected.

---

[1] While Quanta does not explicitly object to the appointment of a Special Master, it does question the availability of such an appointment under Rule 9031. Therefore, Quanta's objections to the proffered procedures apply whether they are overseen by a Special Master or the Court.

QUANTA ENERGY SERVICES, INC'S OBJECTIONS TO TCC PROCEDURES

As the Court knows, there are over 100 contractors implicated by TCC's non-party subpoena requests. Some of the contractors' "procedural" objections might be similar. For example, Quanta suspects that many contactors have raised (or will raise) the TCC's decision not to seek a Rule 2004 Order, the lack of a pending "action" under Federal Rule 45, the lack of an identified contested matter, and the TCC's inability to articulate any colorable claim (or even allegations) against the non-party contractors.[2] However, many more objections will be specific to each contractor and involve unique factual circumstances due to the varying nature, scope, location, and timing of the work performed.

The TCC has served *identical* subpoenas on companies ranging from vegetation control to construction companies and engineers to professional service providers. While it may benefit the TCC to aggregate the contractors' objections, under Federal Rule 45 and Rules 9002(1), 9016, and 2004, each non-party has the right to full and individualized consideration of its objections. The contractors should not be hamstrung or have their procedural due process rights chipped away merely because the TCC has elected to seek production from a large number of non-parties.

Quanta has two overarching objections to the Motion. First, the proposed limitations on each objection and the aggregate list and grouping will not adequately capture the unique, individualized concerns of each non-party contractor such that the Court or Special Master could make a meaningful ruling. Second, the proposed procedures would force non-party contractors to bear the cost and burden to collect, review, and *prepare* to produce the totality of the requested material, regardless of the subpoena's merits, based on the proposed 14-day deadline for production after a ruling.

---

[2] At least one non-party contractor has moved to quash the subpoena. [Docket No. 5896]. That motion relies on several of these issues.

2

QUANTA ENERGY SERVICES, INC'S OBJECTIONS TO TCC PROCEDURES

# OBJECTIONS TO THE TCC'S MOTION

## I. The Motion's Proposed Limitations Prevent a Non-Party Contractor from Adequately Communicating Its Unique, Individualized Concerns and Thus Prevent the Court from Fully Understanding those Same Concerns.

The TCC has made two proposals that would prevent the Court or Special Master from making meaningful rulings: (1) the TCC has proposed a one to two-sentence limitation for each objection and required omission of "extensive" argument, case law, and relevant history of communications between the parties; and (2) a proposed aggregating of objections into a single list, including a "grouping" within this proposed list of "similar categories" of objections. These limitations would seriously and unfairly prejudice the non-party contractors.

Quanta cannot, for example, in two sentences explain the type of work it has performed for PG&E over the last 7 years and the corresponding size, cost, and burden of the putative collection, review, and production. Furthermore, Quanta's work for PG&E differs greatly from that of many other contractors. Even within classifications of contractors (engineers, contractors, vegetation control, professionals, etc.) there will be unique circumstances requiring individualized considerations, such as:

- Has the contractor performed one contract or many contracts?
- Has the contractor's work been implicated at an origin site? If so, which one?
- Has the contractor's work involved field operations or exclusively office –based analysis and engineering?
- How much data has the work generated that could potentially be responsive to the subpoena?
- How easily can the data be collected and reviewed?

3
QUANTA ENERGY SERVICES, INC'S OBJECTIONS TO TCC PROCEDURES

- What are the costs of the production and how should they be shifted to the TCC?
- Are the requested documents relevant to *any* fire or claim owned by Debtors?
- Has the TCC already received the requested documents from Debtors, such that there is little to no benefit in the subpoena?

As non-parties, the contractors are to be protected from undue burden, not have their legitimate concerns aggregated into an Excel spreadsheet, and dealt with summarily. *See, e.g., In re Shelton Fed. Grp., LLC*, No. 15-00623, 2018 WL 4482560, at *2 (Bankr. D.D.C. Aug. 21, 2018) ("The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. The theory is that if a discovery request is irrelevant, then the request is an undue burden, and the subpoena must be quashed under Rule 45(d)(3)(A)."); *In re Mathews*, Nos. 18-mc-80-LPS, 18-mc-153-LPS, 2018 WL 5024167, at *2 (D. Del. Oct. 17, 2018) ("[The moving party] has not sufficiently explained how the Rule 2004 investigation relates to the specific documents he seeks, nor how the requested documents relate to any potential claim.").

II. **The Proposed 14-Day Deadline Undercuts the Potential Merits of Any Objection, as the Non-Party Contractor Would Still Bear the Burden and Costs of Collection Regardless of whether the TCC is Entitled to the Requested Documents.**

For non-party contractors such as Quanta who have a significant volume of documents potentially implicated by the TCC's subpoena, the proposed 14-day deadline renders any objection pragmatically useless. A 14-day turnaround for a subpoenaed non-party to produce responsive, non-privileged documents should the Special Master overrule the objection would force the non-party contractor to bear the burden and costs of production *before* the merits of the objection are considered. Any

4
QUANTA ENERGY SERVICES, INC'S OBJECTIONS TO TCC PROCEDURES

ruling for production should include an appropriate timeline for production based on the individual facts of each non-party's cache of documents, the burden of collection, and the cost shifting paradigm of Federal Rule 45.

In sum, apart from a handful of procedural objections that may apply to all of the non-party contractors, the objections to the subpoenas should be considered individually. If those objections are overruled, an individual production deadline should be established, which addresses the need to reduce the cost and burden of the production.

Dated: March 3, 2020

SHOOK, HARDY & BACON L.L.P.

By: _____
       Eva M. Weiler

Attorneys for Non-Party Quanta Energy Services, Inc.

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On March 3, 2020, I served on the interested parties in said action the within:

**NON-PARTY QUANTA ENERGY SERVICES, INC.'S OBJECTION TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (HAND DELIVERY) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered by hand to the addressee(s) designated.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☐ (E-MAIL) I caused such document(s) to be served via email on the interested parties at their e-mail addresses listed on the attached service list.

☐ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 3, 2020, at Irvine, California.

|  |  |
| --- | --- |
| Lisa Luna | *[signature]* |
| (Type or print name) | (Signature) |

-1-

# SERVICE LIST

*In re PG&E Corporation and Pacific Gas and Electric Company*
USDC-Northern-San Francisco Case No. 19-30088 (DM)

Bridget McCabe
c/o Veritext
1 Capitol Mall, Suite 240
Sacramento, CA 95814

bmccabe@bakerlaw.com
**Counsel for Official Committee Tort Claimants**

-2-