**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐ Affects PG&E Corporation <br> ☑ Affects Pacific Gas and Electric Company <br> ☐ Affects both Debtors <br><br> *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) (Jointly Administered) <br><br> **STIPULATION AND AGREEMENT FOR ORDER BETWEEN DEBTORS AND DAN CLARKE FOR RELIEF FROM THE AUTOMATIC STAY** <br><br> Related to Dkt Nos. 2823, 3113, 3136, 5768-69, 5771-72 |

This stipulation and agreement for order ("**Stipulation**") is entered into by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and Dan Clarke ("**Clarke**"), on the other. The Debtors and Clarke are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On June 19, 2019, Clarke filed a *Motion for Relief from the Automatic Stay* [Dkt. No. 2823] (the "**Marina Motion**"). The Marina Motion sought relief from the automatic stay to permit Clarke to continue prosecuting against the Debtors the civil case pending before the United States District Court for the Northern District of California ("**District Court**"), styled *San Francisco Herring Association and Dan Clarke vs. Pacific Gas and Electric Company; PG&E Corporation*, Case No. 14-cv-04393 WHO (JCS) (the "**Marina Case**").

B. On July 19, 2019, the Parties entered into a stipulation (the "**Marina Stipulation**"), agreeing that the automatic stay would be modified solely to enable the District Court to issue a decision on the Debtors' pending motion for summary judgment in the Marina Case, and to enter an order consistent with that decision. *See* Dkt. No. 3113. The Parties further agreed that, upon entry of such an order in the Marina Case, Clarke would have the right to seek from the Court further relief from the automatic stay as to any or all further proceedings in the Marina Case, and the Debtors would have the right to oppose any such sought relief. *See id.* On July 22, 2022, the Court issued an order approving the Marina Stipulation. *See* Dkt. No. 3136.

C. On February 13, 2020, Clarke filed a Supplemental Motion for Relief from the Automatic Stay [Dkt. No. 5768] (the, "**Supplemental Marina Motion**"), and noticed a hearing on that motion for March 10, 2020 [Dkt. No. 5769 (the "**Marina Hearing**"), renewing his request for relief from the automatic stay to continue prosecuting the Marina Case in the District Court..

D. Also on February 13, 2020, Clarke filed a Motion for Relief from the Automatic Stay (Cannery MGP Litigation) [Dkt. No. 5771] (the "**Cannery Motion**", and collectively with

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the Marina Motion and the Supplemental Marina Motion, the "**Motions**"), and noticed a hearing on that motion for March 10, 2020 [Dkt. No. 5769] (the "**Cannery Hearing**", and collectively with the Marina Hearing, the "**Hearings**"), seeking relief from the automatic stay to commence an unfiled lawsuit (the "**Cannery Case**") against the Debtors in District Court.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by the Court approving it.

2. Effective as of the later of entry or an order approving this Stipulation or March 10, 2020, the automatic stay shall be modified as follows with respect to the Marina Case:

   a. To permit Clarke to prosecute the Marina Case through final judgment and any appeals thereof, with the exception that Clarke shall not be permitted to seek any discovery regarding claims arising from the former "Cannery" Manufactured Gas Plant ("**Cannery Claims**") unless and until the District Court grants any motion by Clarke to amend his complaint to add Cannery Claims, provided that if such motion is granted prior to June 1, 2020, Clarke shall not be permitted to seek discovery regarding Cannery Claims prior to June 1, 2020 other than through requests for production of documents;

   b. To permit any actions by the Debtors necessary to comply with any injunctive relief ordered by the District Court, including any payment by the Debtors of any monies necessary to comply with such injunctive relief, and to further permit any enforcement by Clarke of any such relief.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3. Effective as of the later of an entry or an order approving this Stipulation or March 10, 2020, the automatic stay shall be modified as follows with respect to the Cannery Case:

    a. To permit Clarke to commence and prosecute the Cannery Case through final judgment and any appeals thereof, with the exception that Clarke shall not be permitted to seek any discovery in the Cannery Case until the earlier of: (i) the filing of an answer by the Debtors, or (ii) a decision by the District Court on any motion by the Debtors under Rule 12 of the Federal Rules of Civil Procedure;

    b. To permit any actions by the Debtors necessary to comply with any injunctive relief ordered by the District Court, including any payment by the Debtors of any monies necessary to comply with such injunctive relief, and to further permit any enforcement by Clarke of any such relief.

4. With respect to the Marina Case and the Cannery Case, the automatic stay shall remain in place as to any monetary awards issued by the District Court to Clarke or any other person or entity, including but not limited to any awards for reimbursement of attorneys' fees and costs, expert witness fees, and/or civil penalties or exemplary damages. Clarke shall seek to recover any such monetary awards only through the claims process in these Chapter 11 Cases, and shall be prohibited from seeking relief from the automatic stay to recover or enforce any such awards in any other manner. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors of any right to object on any grounds to any claim submitted by Clarke in these Chapter 11 Cases.

5. This Stipulation is without prejudice to any aspect of the underlying Marina Case or Cannery Case, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or Clarke of any claims, defenses, or arguments with respect to the same

1. (including without limitation any such arguments in support of or in opposition to any motion or discovery request permitted or contemplated by this Stipulation).

6. Upon entry of an Order approving the Stipulation, the Motions shall be deemed withdrawn and the Hearings vacated.

7. This Stipulation, as well as the limited relief from the automatic stay provided herein, shall become effective upon entry of an order by this Court approving it, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

8. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

9. This Stipulation shall be binding on the Parties and each of their successors in interest.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Dated: March 4, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: March 4, 2020

GROSS KLEIN LLP
BELVEDERE LEGAL, PC

/s/ *Stuart G. Gross*
Stuart G. Gross

*Attorneys for Dan Clarke*