WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                                Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY HUNTON ANDREWS KURTH LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: March 25, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Objection Deadline: March 18, 2020, 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Application**") for entry of an order, pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the employment and retention of Hunton Andrews Kurth LLP ("**Hunton**"), as special counsel to the Debtors, to represent the Debtors in connection with the matters described herein, on the terms and conditions set forth herein, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of Michael F. Fitzpatrick, Jr. (the "**Fitzpatrick Declaration**") and the Declaration of Janet Loduca (the "**Loduca Declaration**"), which are being filed contemporaneously herewith.

A proposed form of order approving the retention and employment of Hunton is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**").  By the OCP order, the Court established certain procedures to retain and compensate certain professionals (collectively, the "**Ordinary Course Professionals**") that the Debtors employ in the ordinary course of business subject to, among other things, a monthly cap (the "**OCP Monthly Cap**") and an annual cap (the "**OCP Annual Cap**") on fees incurred.

On March 29, 2019, in accordance with the OCP Order, the Debtors filed the *Declaration and Disclosure Statement of Paul M. Tiao on Behalf of Hunton Andrews Kurth LLP* (the "**Tiao Declaration**"), annexed as Exhibit A-24 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130]. The Debtors did not receive any objections to the retention of Hunton as an Ordinary Course Professional within the time provided under the OCP Order. Hunton's employment as an Ordinary Course Professional was therefore deemed approved under the OCP Order.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### III. SCOPE OF SERVICES

By this Application, the Debtors seek to engage Hunton as counsel to provide professional services with respect to the following matters (the "**Specific Matters**"):

a) Advising and representing the Utility with respect to federal and state laws and regulations as they relate to (1) developing and structuring a securitization program pursuant to Article 5.8 of the California Public Utilities Code to provide for the recovery of costs and expenses in connection with catastrophic wildfires; (2) the registering of securities under the federal securities laws with respect to the securitization program; and (3) advising on the public offering and sale of the securities.

b) Advising and representing the Debtors with respect to federal and state laws and regulations as they relate to (1) the drafting of secured and unsecured indentures and offering documents to enable the Debtors to sell secured and unsecured debt securities and to participate in tax-exempt financings; (2) the registering of certain secured and unsecured debt securities under the federal securities laws: (3) advising on the public and private offerings and sales of the secured, unsecured, and tax-exempt securities; and (4) establishing an account receivables securitization program.

c) Advising and representing Debtors with respect to cybersecurity and privacy matters, including enhancing cybersecurity preparedness, responding to cyber incidents, and ensuring compliance with cybersecurity and privacy laws.

d) Representation of the Debtors in connection with environmental matters, including continuing representation of the Debtor in the implementation of the Consent Decree entered by Judge Seeborg, of the United States District Court for the Northern District of California, on September 7, 2018 in *Ecological Rights Foundation v. Pacific Gas and Electric Company*, Case No. 3:10-cv-00121-RS.

e) Advising the debtors and furnishing documents regarding their interest rate swaps and other derivative products in connection with (1) avoiding insolvency-related defaults under their swap and other derivatives documents, (2) adopting board and/or board committee resolutions and other documents governing their use of swaps and other derivative products, (3) engaging in management oversight and board and/or board committee governance of their swap and other derivative products usage, (4) applying to the California Public Utilities Commission for authorization to enter into interest rate hedges related to their financing activities, (5) determining that they are not required to be registered with the Commodity Futures Trading Commission or the Securities and Exchange Commission as swap dealers or major swap participants, security-based swap dealers or major security-based swap participants, (6) amending their swap and other derivatives documents to observe the qualified financial contract rules applicable to their global systemically important bank counterparties, (7) complying with the requirements of the end-user exception providing an exemption from mandatory swap clearing and exchange-trading requirements, (8) utilizing their exemptions from having to post margin for swaps, (9) entering into swaps and other derivatives transactions with their swap and security-based swap dealer counterparties and (10) entering into forward contracts and other derivatives transactions exempt from regulation as swaps and security-based swaps (including purchase and sale agreements for electric power and natural gas), among other things.

f) Providing all other necessary legal services for the Debtors, as related to the above matters, in connection with the above captioned Chapter 11 Cases and the Debtors' financing plans to exit bankruptcy including drafting of financing orders, security documents, registration statements, offering documents, legal opinions, and other transactional documents.

IV.   **HUNTON'S QUALIFICATIONS**

The Debtors have selected Hunton to serve as special counsel in the matters described herein because of Hunton's considerable expertise and experience in these matters, and because of Hunton's experience with, and knowledge of, the Debtors' business and legal affairs in these matters. Hunton is well qualified to represent the Debtors in the Specific Matters. Since March 2018, Hunton has represented and advised the Debtors in connection with their capital markets transactions. Hunton represented the Utility in *Ecological Rights Foundation v. Pacific Gas & Electric Company*, Case No.

3:10-cv-00121-RS (N.D. Cal.), involving claims under the federal Clean Water Act and the Resource Conservation and Recovery Act. The matter was settled via a Consent Decree in September 2018 and Hunton continues to represent the Utility in connection with implementation of the Consent Decree, which will continue until its August 1, 2026 termination date. Hunton is currently advising Debtors on a wide range of cybersecurity and privacy matters. Hunton is currently advising the Utility on Article 5.8 of the California Public Utilities Code which authorizes the Utility to pursue a securitization structure to finance its recovery of costs and expenses related to catastrophic wildfires. Hunton is one of the leading firms in the utility securitization space. Since 2012, Hunton has participated in most of the utility securitization transactions in the industry, including all SEC registered transactions since 2016. Hunton is also well qualified to advise both Debtors in connection with this capital markets transaction for exiting bankruptcy. Hunton's Power and Utilities Capital Markets group has significant experience representing many US public utility companies and holding companies with respect to US capital markets matters. Hunton has experience in all aspects of corporate finance with particular familiarity in public and private debt and equity offerings, mortgage and other secured debt financing, tax-exempt offerings, equity derivatives, interest rate and currency swaps and other derivative products, hybrid securities, registration rights, reporting and compliance with federal securities laws. Hunton is one of the leading firms on cybersecurity and privacy in the energy sector. It has extensive experience assisting energy clients with cybersecurity preparedness; cyber investigations; insurance coverage; compliance with FERC/NERC, pipeline, nuclear and environmental regulations; litigation; outsourcing; SEC and governance matters; congressional investigations; and government relations. Since 2005, Hunton has assisted clients in responding to more than 1,500 data breaches and cyber incidents worldwide, including cyber incidents involving industrial control systems, proprietary business information, and personal information.

V.  **COORDINATION WITH OTHER PROFESSIONALS**

Hunton is aware that the Debtors have retained other law firms to represent them generally in these bankruptcy cases, including Weil, Gotshal & Manges LLP ("**Weil**") and Cravath, Swaine & Moore LLP ("**Cravath**"). Hunton intends to coordinate with the Debtors, Weil, Cravath,

and other professionals retained by the Debtors, to the extent appropriate, to clearly delineate the scope of services and avoid the duplication of services wherever reasonably possible.

VI.     NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

The Debtors believe Hunton's employment as special counsel is in the best interest of these estates. Further, to the best of the Debtors' knowledge based on the Fitzpatrick Declaration, Hunton does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Hunton is to be employed. Hunton therefore qualifies for employment as special counsel for the Debtors in these Chapter 11 Cases pursuant to Bankruptcy Code Section 327(e). Given the large number of parties in interest involved in these Chapter 11 Cases, Hunton's evaluation of its potential connections with such interested parties is ongoing. To the extent that Hunton discovers any connection with any interested party or enters into any new relationship with any interested party that require disclosure under the Bankruptcy Code or Rules, the firm will supplement its disclosure to the Court.

VII.     PROFESSIONAL COMPENSATION

The Debtors seek approval of the employment of Hunton as special counsel for the matters described herein pursuant to section 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides that the debtor in possession "may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

As detailed herein, the Debtors submit that the employment of Hunton, effective *nunc pro tunc* to the Petition Date, and on the terms and conditions set forth herein, is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be

approved.  The Debtors have already retained Hunton as an Ordinary Course Professional, pursuant to the OCP Order, to provide the services described herein.  However, the volume of services that Hunton has provided the Debtors has increased and the Debtors anticipate that Hunton will generate fees in excess of the OCP Monthly Cap and the OCP Annual Cap.  To date, Hunton has already received payments in excess of $837,533.13 in the period during which it has been retained as an Ordinary Course Professional.  Accordingly, and as contemplated by the OCP Order, the Debtors are seeking to retain Hunton pursuant to this Application so that Hunton's compensation will not be subject to the OCP Monthly Cap and OCP Annual Cap.

Based on the foregoing, the Debtors believe, and request that the Court find, that it is necessary and in the best interest of the Debtors, their estates, their creditors, and all other parties in interest to employ Hunton as special counsel to render professional services as described herein during the pendency of these Chapter 11 Cases, and that Hunton be paid from these estates upon subsequent fee application(s) as applicable.  For the avoidance of doubt, Hunton requests that it not be required to include in any fee application amounts it received prior to approval of this Application and not in excess of the OCP Monthly Cap and OCP Annual Cap.

As set forth in the Fitzpatrick Declaration, the hourly rates Hunton proposes to charge are consistent with or generally less than the rates that Hunton charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending.  The Debtors believe the hourly rates set forth in the Fitzpatrick Declaration are appropriate, and are less than or similar to, the rates that other counsel of similar expertise and experience would charge to do work similar to the work Hunton will perform for the Debtors.

The expenses for which Hunton may be reimbursed by the Debtors are limited by the Masters Services Agreement and matter specific engagement letters (collectively, the "**Engagement**

**Agreement**"). In accordance with the Engagement Agreement, unless otherwise agreed in advance, Hunton cannot charge for secretarial services, library services, clerical support, learning or training costs, office supplies, postage, internal couriers, routine office photocopying, telecopying or fax, local telephone and cellular plans, filing, file indexing, bill preparation, staff overtime, word processing, computer assisted research (such as Lexis-Nexis, Westlaw and the like), and meals or snacks (unless while traveling). Hunton will charge such costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy Local Rules, the applicable Guidelines promulgated by the U.S. Trustee, and the Engagement Agreement.

The Debtors believe that the terms on which they propose to employ Hunton are usual and customary and believe that Hunton's rates for the Debtors are reasonable based upon its capabilities and are better than and/or within the market range for comparable firms.

**VIII. NOTICE**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 4, 2020

Respectfully submitted,

By: _____

Name: Janet Loduca

Title: Senior Vice President and General Counsel