WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF JANET LODUCA IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY HUNTON ANDREWS KURTH LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: March 25, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Pursuant to 28 U.S.C. § 1746, I, Janet Loduca, hereby declare as follows:

1. I am the Senior Vice President and General Counsel of PG&E Corporation ("**PG&E Corp.**"). In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2. On January 29, 2019 (the "**Petition Date**"), PG&E Corp. and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this Declaration in support of the Debtors' Application (the "**Application**")[1], pursuant to section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to employ and retain Hunton Andrews Kurth LLP ("**Hunton**" or the "**Firm**"), as special counsel on certain matters for the Debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") *nunc pro tunc* to the Petition Date.

3. This Declaration is provided pursuant to Paragraph D.2 of the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**Fee Guidelines**"). Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as Senior Vice President and General Counsel. I am authorized to submit this Declaration on behalf of the Debtors.

4. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. Hunton has extensive experience advising and representing the Debtors on capital markets transactions, environmental litigation, cybersecurity and privacy matters, and utility securitization matters.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the Application.

5.      In particular, Hunton currently represents PG&E in the Specific Matters, which are more specifically discussed in the Application and the Fitzpatrick Declaration.  Until the date of this Application, this representation has been as an ordinary course professional under the Court's *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**").  Because the services the Debtors have asked Hunton to perform, and expect to ask Hunton to perform, in connection with the Specific Matters will exceed the caps set forth in the OCP Order, the Debtors seek approval of Hunton as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order.  Specifically, the Debtors are planning to exit bankruptcy with financing of approximately $26 billion.  Hunton will be representing the Debtors in connection with the various planned debt issuances, which is a large portion of the companies' exit financing plans.  The Utility also announced plans to issue approximately $7 billion of additional securitization debt by March 2021 that will require a significant amount of work now to prepare for that financing, including preparation of a financing application and drafting and negotiation of a financing order with the California commission and registering the transactions with the SEC, thus increasing the costs of the representation beyond the maximum allowable under the OCP Order.

6.      With respect to billing, Hunton has confirmed to me that it does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  Hunton's negotiated hourly rates with respect to the Debtors' engagement of Hunton in connection with the Specific Matters (as defined in the Application), subject to change from time to time, are $698 to $981 for partners, $626 to $720 for counsel, $405 to $504 for associates, and $257 for paraprofessionals.[2]  These rates are consistent with the rates charged by Hunton under the OCP Order.  It is my understanding that these rates are subject to periodic adjustment, typically around

---

[2] I understand that Hunton typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (i) ordinary course step increases related to the advancing seniority or promotion of an attorney or paraprofessional, and (ii) periodic (generally yearly) rate increases with respect to each level of seniority.  In addition, Hunton's 2020 rates are subject to customary rate adjustment to be negotiated and agreed to by the Debtors and Hunton in a manner consistent with past practice, which will apply to fees attributable to the period after December 31, 2019.

the first of the year. Hunton has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

7. I understand that Hunton's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these Chapter 11 Cases by, among other parties, the Office of the United States Trustee, the Debtors, and the fee examiner in the Chapter 11 Cases, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders or guidelines of the Court governing the procedures for approval of interim and final compensation of professionals retained in Chapter 11 Cases.

8. As Senior Vice President and General Counsel, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel. Either I or a senior lawyer in our legal department authorizes all legal fees and expenses prior to the payment of such fees and expenses to outside counsel. In so doing, we assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters. Moreover, Hunton has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, and such requests will be carefully considered by Hunton.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at San Francisco, California on this 4th day of March, 2020.

Janet Loduca