Paul R. Glassman (SBN 76536)
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Boulevard, 4th Floor
Santa Monica, CA 90401
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
Email: pglassman@sycr.com

Mia S. Brown (SBN 242268)
General Counsel
SOUTH SAN JOAQUIN IRRIGATION DISTRICT
11011 E. Highway 120
Manteca, CA 95336
Telephone: (209) 249-4600
Facsimile: (209) 249-4692
Email: mbrown@ssjid.com

Attorneys for Party-In-Interest, South San Joaquin Irrigation District

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re:**<br><br>**PG&E CORPORATION**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.** | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF PETER RIETKERK IN SUPPORT OF SOUTH SAN JOAQUIN IRRIGATION DISTRICT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT PROCEEDINGS IN NON-BANKRUPTCY FORUM TO CONTINUE** |
| Affects PG&E Corporation<br>Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Judge: Hon. Dennis Montali<br><br>Date: March 25, 2020<br>Time 10:00 a.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Ave., 16th Flr, Crt. 17<br>San Francisco, CA 94102<br><br>**Objection Deadline**:<br>March 20, 2020 at 4:00 p.m. (PT) |

I, Peter M. Rietkerk, declare as follows:

1.     I am the General Manager for the South San Joaquin Irrigation District, headquartered in Manteca, California. I make this declaration in support of the Motion Of

-1-

South San Joaquin Irrigation District For Relief From The Automatic Stay To Permit Proceedings In Non-Bankruptcy Forum To Continue ("Motion").

2.     The South San Joaquin Irrigation District (the "District") was established over a hundred years ago in 1909. It provides agricultural irrigation water to about 56,000 acres and wholesale drinking water to more than 193,000 residents. It has developed its own diversion works, dams, storage reservoirs and hydroelectric generating facilities and holds rights to 72.5 mega-watts of electric generation capacity.

3.     Since 2004, the District has pursued its retail electric project to provide safe and reliable retail electric service in a transparent, responsible and accountable manner at a 15% cost savings over PG&E to the approximately 40,000 electrical customers in and around the communities of Manteca, Escalon, and Ripon.

4.     In December 2014 the District obtained the approval of the San Joaquin Local Agency Formation Commission to a change of organization to provide retail electric service within its service territory after a lengthy and extensive application process, lasting almost 10, years.

5.     To commence the eminent domain action to acquire PG&E's electric distribution system the District was required by State law to have a public hearing and adopt a resolution of necessity. In order to adopt the resolution of necessity, the District's Board must make required statutory and state constitutional findings. *See* Resolution No. 16-05-E ("Resolution of Necessity"), a true and correct copy of which is attached as Exhibit 9 to the District's Request for Judicial Notice ("RJN"), which is being filed in support of the Motion. The District's Board in adopting the resolution of necessity found and determined that:

a)  The public interest and necessity require the Project.

b)  The Project is planned and located in the manner that will be most compatible with the greatest public good and the least private injury.

c)  The Property sought to be acquired is necessary for the Project.

d)  The use of the Property by the District for the Project is a more necessary public use than the use to which the Property is already appropriated.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

1   *See* Resolution of Necessity at p. 3.

2         6.     The Board's findings of the public benefits and necessity of its retail project were

3   supported by the evidence and the District's staff report. See the Resolution of Necessity and

4   the Staff Report, a true and correct copy of excerpts of which are Exhibit 10 to the RJN ("Staff

5   Report"). The Staff Report addresses the public good and benefits resulting from the electric

6   project. The benefits are wide ranging, including local control and accountability to customers

7   through a nonprofit, locally elected board, transparency of operation and practices, reduced

8   electric rates projected to be a discount of 15% from PG&E's rates, improving and stimulating

9   the local economy through reduced rates. *See* the Staff Report at pp. 7-10.

10        7.     In 2016, the District had serious concerns about PG&E's safety and maintenance

11  records and practices as a utility as set forth in the Staff Report:

12       The ongoing saga of regulatory, civil, and even criminal proceedings alleging

13       PG&E's failure to comply with state and federal operating and record retention

14       requirements, and correspondingly to appropriately test and otherwise maintain

15       critical facilities, raises serious questions about PG&E's commitment to provide

16       the minimum level of service and the highest and safest level of service to electric

17       customers. Coordinating the maintenance of the requisite levels of safety and

18       reliability with the imperative need to control costs and minimize rates creates an

19       inherent conflict of interest within PG&E management. In contrast, SSJID's

20       Proposed Project removes such conflict of interest. The SSJID Board will have no

21       responsibilities to its constituency that are in conflict and competition with any

22       fiduciary obligations to investors. SSJID's only obligation is to provide its

23       customers the highest level of safety and reliability and at a cost-effective price.

24  Staff Report at p. 66.

25        8.     Regarding the detriment to the District and its residents if the stay remains in

26  effect and the District is unable to proceed with the condemnation and its project, the District

27  has expended considerable time, money and effort on the project both on regulatory approvals

28  and the engineering and designing of the two independent electrical distribution systems and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

1   has already suffered too many delays due to PG&E's actions and numerous challenges.

2   Continuing the stay would deny to our community the public benefits of this retail electric

3   project which include stimulating the local economy and providing safe and reliable electric

4   service at reduced rates and local control of the electric system.

5       I declare under a penalty under the laws of the State of California that the foregoing is

6   true and correct.

7       Executed on March 4, 2020 in Manteca, California.

8

9                                                   _____
                                                    Peter Rietkerk
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-