

Signed and Filed: February 6, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

```
                    UNITED STATES BANKRUPTCY COURT

                    NORTHERN DISTRICT OF CALIFORNIA

In re:                           ) Bankruptcy Case
                                 ) No. 19-30088-DM
PG&E CORPORATION,                )
                                 ) Chapter 11
        - and -                  )
                                 ) Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,)
                                 ) Date:    February 4, 2020
        Debtors.                 ) Time:    10:00 AM
                                 ) Place:   Courtroom 17
☐ Affects PG&E Corporation       )          450 Golden Gate Ave.
☐ Affects Pacific Gas and        )          16th Floor
    Electric Company             )          San Francisco, CA
☒ Affects both Debtors           )
                                 )
* All papers shall be filed in   )
the Lead Case, No. 19-30088 (DM).)
                                 )
```

**INTERLOCUTORY ORDER REGARDING POSTPETITION INTEREST**

On December 30, 2019, the court issued a Memorandum Decision Regarding Postpetition Interest (Dkt. No. 5226). For reasons stated on p. 17 of the memorandum, the court deferred issuing an appealable order at that time. Since then, the disputed and somewhat related issue described by all parties as the Make-Whole issue has been tentatively resolved without a decision by the court. For that reason, the court believes an

-1-

order on the postpetition interest issue is appropriate at this time.

Parties adverse to the Debtors on the postpetition interest issue have disagreed on what the court should do now. One group, the Ad Hoc Committee of Holders of Trade Claims, wants a certification that the court's decision and ensuing order is final under Fed. R. Civ. P. 54(b), incorporated via Fed. R. Bank. P 7054 and a direct certification of such an order or an interlocutory order to the court of appeals under 28 U.S.C. § 158(d)(2). The other group, the Ad Hoc Committee of Senior Unsecured Noteholders, wants the court to defer any action until it confirms Debtors' Plan of Reorganization under 11 U.S.C § 1141, thus making the underlying decision on postpetition interest final for all purposes.

The court has considered the arguments of both sides, and the somewhat neutral position of the Debtors at a hearing on February 4, 2020. Under the circumstances, the court decides not to adopt either sides' position and to leave the question of dealing with an interlocutory order for another court if there is an appeal.

Accordingly, and as an interlocutory order, the court concludes that the Debtors are correct, that *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002) controls and that the Federal Interest Rate applies to the postpetition treatment of unsecured creditors under any Chapter 11 Plan of Reorganization proposed by Debtors.

**\*\*END OF INTERLOCUTORY ORDER\*\***

-2-

Case: 19-30088    Doc# 6089-3    Filed: 02/06/20    Entered: 02/06/20 21:03:06    Page 2 of 22
Case: 19-30088    Doc# 5989    Filed: 03/05/20    Entered: 03/05/20 10:53:53    Page 2 of 2