Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CROSS-MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO APPEAL ORDER REGARDING POSTPETITION INTEREST** |

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004, the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned bankruptcy cases, hereby cross-moves (the "Cross-Motion") the United States District Court for the Northern District of California (the "District Court") for an order permitting the Creditors' Committee to participate in any appeal, either as of right or on an interlocutory basis, of the (i) *Interlocutory Order Regarding Postpetition Interest* [Docket No. 5669] (the "PPI Order") entered on February 6, 2020 and (ii) *Memorandum Decision Regarding Postpetition Interest* [Docket No. 5226] (the "PPI Memorandum") entered on December 30, 2019 by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). Copies of the PPI Order and PPI Memorandum are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

## PRELIMINARY STATEMENT

On February 20, 2020, the Ad Hoc Committee of Holders of Trade Claims (the "Trade Committee") moved for leave to appeal the PPI Order [Docket No. 5845]. The Trade Committee argues that the PPI Order is final and appealable as of right or, alternatively, is an interlocutory order appropriate for immediate appeal.[1] If the District Court agrees, the Creditors' Committee submits it should be granted leave to participate in the resulting appeal, consistent with its participation in the proceedings before the Bankruptcy Court, to represent the interests of its constituency.

In the PPI Order, the Bankruptcy Court held that, to be confirmable, any plan of reorganization proposed in these cases must provide for payment of interest on unsecured claims against the Debtors solely at the federal judgment rate (the "FJR"), and the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [Docket No. 5590] (the "Debtors' Plan")[2] provides accordingly. An immediate appeal of the PPI Order may, depending upon its outcome, materially impact the economics of the Debtors' Plan

---

[1] The Creditors' Committee is permitted to cross-move within 14 days after the filing of the Trade Committee's motion. *See* Fed. R. Bankr. P. 8004(b)(2).

[2] Capitalized terms not defined herein shall have the meanings given them in the Debtors' Plan.

and the creditors' voting rights and recoveries with respect thereto. These are critical issues to the Creditors' Committee and its voice should continue to be heard on them.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

### I. THE CHAPTER 11 CASES AND THE DEBTORS' PLAN

On January 29, 2019 (the "Petition Date"), PG&E Corporation and Pacific Gas and Electric Company (together, the "Debtors"), commenced their Chapter 11 cases in the Bankruptcy Court. On February 12, 2019, the Creditors' Committee was appointed by the U.S. Trustee to represent a diverse range of constituencies, including contract counterparties, vendors, unions, pension holders, and unsecured lenders.

The Debtors' Plan provides that the holders of allowed General Unsecured Claims will be paid in full on the plan's effective date. *See* Debtors' Plan §§ 4.4(a), 4.21(a). Accordingly, holders of these Claims are designated as "unimpaired" and do not have a chance to vote to accept or reject the Plan. *Id*. §§ 4.4(b), 4.21(b); Proposed Disclosure Statement at 31-32. As the Debtors are assumed to be solvent, the Debtors' Plan provides for payment of postpetition interest accruing on the General Unsecured Claims after the Petition Date through the effective date at the Federal Judgment Rate of 2.59%. *See* Debtors' Plan § 1.73.

### II. THE PPI DISPUTE AND BANKRUPTCY COURT ORDER

On December 11, 2019, after briefing from the parties, including the Creditors' Committee, the Bankruptcy Court heard argument on whether the appropriate postpetition interest rate on unsecured claims in a solvent-debtor case is FJR or some other rate, such as the rate provided by the relevant contract and/or applicable state law.[3] The Creditors' Committee argued, among other things, that the appropriate rate of postpetition interest is not FJR where, as here, the holders of unsecured claims are designated as "unimpaired" and thus disenfranchised with respect to the Debtors' Plan. On December 30, 2019, the Bankruptcy Court ruled that FJR is the applicable interest rate for any reorganization plan proposed by the Debtors. PPI Memorandum at 2. On February 6, 2020, the Bankruptcy Court entered the PPI Order, holding that applicable precedent compels the application of FJR "to the postpetition treatment of unsecured creditors under any

---
[3] Dec. 11, 2019 Hr'g Tr. at 8-10.

Chapter 11 Plan of Reorganization proposed by Debtors." PPI Order at 2. The Bankruptcy Court left "the question of dealing with an interlocutory order for another court if there is an appeal." *Id*.

### III.  THE TRADE COMMITTEE MOTION FOR LEAVE TO APPEAL

The Trade Committee moved for leave to appeal on February 20, 2020, arguing that the PPI Order is immediately appealable because, notwithstanding the Bankruptcy Court's characterization of the order as "interlocutory," the PPI Order is actually final and appealable as of right. Trade Committee Motion at 9-12. Alternatively, the Trade Committee argued that, even if the PPI Order is interlocutory, leave for appeal should be granted because the PPI Order satisfies the applicable requirements for certification. *Id.* In either case, the Trade Committee concludes that the District Court should grant immediate appeal of the PPI Order.

### **REQUEST FOR RELIEF**

While the Creditors' Committee is not seeking to prosecute an appeal of the PPI Order as a sole appellant at this time, it must be permitted to participate in any appeal that goes forward, consistent with its role as a statutory committee with fiduciary duties to the constituency it represents. *See* 11 U.S.C. § 1103(c)(5) (in addition to its expressly delineated functions, a creditors' committee may "perform such other services as are in the interest of those represented."); *Vasconi & Assocs., Inc. v. Credit Manager Ass'n of California,* No. 94-52142, 1997 WL 383170, at *3 (N.D. Cal. July 1, 1997) (noting that with respect to Bankruptcy Code Section 1103(c)(5), "[i]mplied in this grant of authority is a fiduciary duty to the committee's constituents."); 11 U.S.C. § 1109(b) (a creditors' committee "may raise and may appear and be heard on any issue in a case under this chapter.").

Any immediate appeal of the PPI Order could have far-reaching impact on the Debtors' Plan as well as on the voting rights and recoveries of creditors that compose the Creditors' Committee's constituency. Thus, to the extent that the District Court agrees that appeal of the PPI Order is appropriate for any reason, the Creditors' Committee submits that it must be permitted to participate in that appeal, consistent with its fiduciary duties to represent the interests of its constituency. As such, the Creditors' Committee requests that its Cross-Motion be granted and

that the Creditors' Committee be permitted to participate in any immediate appeal of the PPI Order, whether permitted to proceed as a matter of right or on an interlocutory basis.

DATED: March 5, 2020           MILBANK LLP

/s/ Gregory A. Bray
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*