LAURIE A. DEUSCHEL
5120 Second Street
Rocklin, CA 95677
(916) 289-3532

Unsecured Creditor In Pro Se

FILED
MAR 05 2020 MJ
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>Debtor. | Case No.:3:19-bk-30088 (Lead Case)<br>Chapter 11 |
| In re:<br><br>PACIFIC GAS AND ELECTRIC CO.,<br><br>Debtor.<br><br>___ Affects PG&E Corporation<br><br>_X_ Affects Pacific Gas and Electric Co<br><br>___ Affects Both Debtors<br><br>All papers shall be filed in the Lead Case No. 19-30088(DM) | Case No.:3:19-bk-30089<br>Chapter 11<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY BY LAURIE A. DEUSCHEL<br><br>Date: April 29, 2020<br>Time: 10:00am<br>Place: Courtroom 17<br>       450 Golden Gate Avenue, 16th Floor<br>       San Francisco, California<br>Judge: Hon. Dennis Montali<br><br>Objection Date Deadline: April 8, 2020 |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    Laurie A. Deuschel (hereinafter "Deuschel") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (hereinafter "Motion") to allow her California State Court action, LAURIE A. DEUSCHEL v. CLEAR POINT FINANCIAL GROUP, INC., a California corporation, KAMYSHIN INVESTMENTS, INC., a California corporation, PACIFIC GAS AND

1

ELECTRIC Co., a California corporation, CITY OF ROCKLIN, a California local government, AND DOES 1 thru 10,000, Case No. SCV 40437 in the California Superior Court in Placer County (hereinafter "State Court Action"), for damages and injunctions to proceed. (A true copy of the Complaint in the State Court Action (hereinafter "Complaint") is attached to the Declaration of Laurie Deuschel (hereinafter "Declaration") as Exhibit A). Debtor Pacific Gas and Electric (hereinafter "PG&E") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on January 29, 2019, which caused an automatic stay pursuant to 11 U.S.C. § 362(a). Deuschel does not seek relief from the stay to pursue any enforcement of any judgement it may obtain in the State Court Action.

This Motion is based on the accompanying Declaration, Memorandum of Points and Authorities set forth below, Request for Judicial Notice, and on such other and further evidence and matters that the Court may consider at the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction.

As alleged in the original (Decl. ¶20) and First Amended Complaint (Decl. ¶23), the State Court's Action arises out of an incident on December 9, 2016 in which damages to Deuschel's property incurred after the former owners of the adjacent property obtain permits from PG&E and the City of Rocklin (hereinafter "City") in which both entities breached their mandatory duty to comply with California's Public Utility Commissions regulations. The damaged caused to Deuschel's property includes trespassing, damages to an approximately 100 year old tree, and other property damages. (Decl. ¶¶4-20.)

The State Court Action was commenced on December 11, 2017 in order to preserve time while Deuschel grieved for the loss of her step-daughter who died on October 22, 2017 from injuries that she sustained from a suicide attempt. (Decl. ¶21) and deal with her step-son's mental health difficulties who was refusing to accept the October 20, 2017 Family Court order that changed primary physical custody to her husband. On February 22, 2019, Deuschel amended the Complaint.

### II. Arguments

#### A. Legal Standard

A party may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from the stay upon a showing of cause. (11 U.S.C. § 362(d)(1).) The court determines cause on a case by case basis. (*Christensen v. Tucson Estates, Inc.* (*In re*

*Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted).) In determining whether cause exists to permit an action to proceed in a non-bankruptcy forum, courts often analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). These factors, known as the *Curtis* factors, are:

//

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceedings involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditor's, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of the stay and the balance of hurt.

*Curtis*, 40 B.R. at 799-800 (internal citations omitted); see also *In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Howrey*, 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *Truebro, Inc. v. Plumberex Specialties Products, Inc. (In re Plumberex Specialties Products, Inc.*), 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). The Ninth Circuit has recognized that "the *Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." (*In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009).) While the *Curtis* factors are widely used to determine the existence of cause, not all of the

factors are relevant in every case, nor is a court required to give each factor equal weight. (*Plumberex*, 311 B.R. at 560.) "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." (*Roger*, 539 B.R. at 846, citing *Curtis*, 40 B.R. at 806.)

### B. Application of the Curtis Factors

(Factors 3, 6, 8, and 9 are inapplicable to this matter.)

**1. Whether the relief will result in a partial or complete resolution of the issues**

In the context of this bankruptcy case, Deuschel has a potential claim that is yet to be disputed by PG&E. (Decl. ¶26.) If Deuschel filed a proof of claim in this case based on its claims and damages in the State Court Action, at some point in the future, PG&E would no doubt object to such a claim, requiring resolution of all the fact and legal issues presently before the State Court Action. Further, PG&E must address Deuschel claim in its reorganization plan, and if an objection is made and not resolved, the issue of voting by Deuschel would need to be addressed. Relief from stay as requested by Deuschel completely resolves these issues. This factor favors relief from stay.

**2. The lack of any connection with or interference with the bankruptcy case**

The resolution of the State Court Action will not interfere with the bankruptcy case. Deuschel's case did not cause this bankruptcy and will not be a significant matter in the bankruptcy case. (Decl. ¶22.) Furthermore, the litigation expense itself is "irrelevant to this *Curtis* factor" and has been repeatedly held to be legally impermissible as a basis for denying stay relief. (*Roger*, 40 B.R. at 847, 848, citing and quoting *Santa Clara City Fair Ass'n v. Sanders* (*In re Santa Clara City Fair Ass'n*), 180 B.R. 564, 566-67 (9th Cir. BAP 1995) ("Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief").) This factor favors relief from stay.

**4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases**

The State Court Action has direct and detailed knowledge of the issues as well as the application of the California law towards those issues. This factor leans towards relief from the stay.

**5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation**

It is quite possible that PG&E maintains insurance, which would cover Deuschel's claim; however, the stay in this case prevents Deuschel from conducting discovery. Nevertheless, this factor favors relief from stay.

4

**7. Whether the litigation in another forum would prejudice the interests of other creditor's, the creditor's committee and other interested parties**

The State Court Action is between Deuschel, PG&E and additional parties who are not part of PG&E's Chapter 11 bankruptcy. (Decl. ¶20). Should it be determined that PG&E's insurance covers Deuschel's damages then PG&E's creditors will not be affected by this claim. This factor favors relief from the stay.

**10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties**

"Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." (*In re Tucson Estates, Inc.*, 912 F.2d at 1166.) Judicial economy would be well served by granting relief from stay. (See *In re Kronemyer*, 405 B.R. 915, 922-923 (B.A.P. 9t Cir. 2009).) The State Court Action involves issues of state law, not bankruptcy issues.

"[T]here can be no question that it would be 'more appropriate' for the non-bankruptcy court 'to first determine the non-bankruptcy issues, i.e., whether a claim exists and the damages therein if any. After such determination, then the bankruptcy issue would become relevant.'" (*In re America West Airlines*, 148 B.R. 920, 924-925 (D. Ariz. 1993).) [I]t would be a waste of [bankruptcy court's] judicial resources to attempt to estimate the claim and its priority. (Id., 925; See also, *In re Roger* 539 B.R. 837; *In re Pac. Gas & Elec. Co*, 279 B.R. 561, 570-71 (Bank. N.D. Cal. 2002) (finding that where "state law issues predominate over bankruptcy issues" and where all claimants "commenced litigation is state court prior to petition date", abstention is favorable.).)

Many cases have held that a district court may properly consider the factor of judicial economy in deciding whether to lift an automatic stay. (See *Transamerica Insurance Co. v. Olmstead* (*In re Olmstead*), 608 F.2d 1365, 1368 (10th Cir. 1979); Harris v. Fidelity & Deposit Co. (*In re Harris*), 7 B.R. 284 (S.D. Fla. 1980).)

Here, there is no prejudice to the bankruptcy estate, only advantage. Furthermore, San Francisco is extremely farther than Roseville and would create a financial burden to Deuschel. This factor favors relief from stay.

//
//

5

**11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial**

While the other defendants filed their appearances (Decl. ¶25 & ¶27), PG&E cannot file its Answer and the State Court Action suspended all proceedings due to the automatic stay. Mandatory abstention is required under 28 USC § 1334(c)(2) when the debtor is a peripheral party to the litigation. (See *In re Pac. Gas & Elect. Co.*, 279 B.R. 561, 570-71 (Bankr. N.D. Cal. 2002).)

"[C]ourts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be conclude in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial." (*In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 566 (Bankr. C.D. Cal. 2001) (citing *Tucson Estates*, 912 F.2d at 1166).)

Due to multiply parties, this factor favors relief from the stay.

**12. The impact of the stay and the balance of hurt**

Deuschel stands to face significant harm should the stay persists. Deuschel's pending lawsuit involves numerous parties and has been stayed at least in part by the commencement of PG&E's Chapter 11 case. (Decl. ¶28.) The bankruptcy court is a far, expensive venue for Deuschel and litigating in San Francisco would significantly increase her costs. Furthermore, Deuschel either must litigate her claims against PG&E and the other defendants in a piecemeal fashion or wait for who-knows-how-long until the stay is automatically lifted thus incurring the expense and trouble of delaying discovery while PG&E conducts business as usual. The impact of the stay, without relief, prejudices Deuschel. The balance of the hurt clearly favors Deuschel's motion to lift the stay.

**III. Conclusion**

For the reasons outlined above, it is believed that relief from the automatic stay should be granted so that the State Court Action may be continue to judgment for the purpose of fixing the amount of Deuschel's claim in PG&E's bankruptcy case. The relevant *Curtis* factors all point to relief from stay.

Executed this day of February 29, 2020 at Rocklin, California.

*Laurie A Deuschel*
LAURIE A. DEUSCHEL
Unsecured Creditor In Pro Per