Weil, Gotshal & Manges LLp
Stephen Karotkin (pro hac vice)
(Stephen.karotkin@weil.com)
Ray C. Schrock, P.C (pro hac vice)
(ray.schrock@weil.com)
Jessicia liou (pro hac vice)
(Jessica.liou@ weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel. 212 310 8000
Fax. 212 310 8007

Keller & Benvenutti
Tobias S. (#151445)
(tkeller@kellerbenvenutti.com)
Jan Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California street, Suite 1900
San Francisco, CA. 94108
Tel. 415 496 6723
Fax. 650 636 9251

Attorneys for Debtors
and Debtors in Possession

**FILED**

MAR 05 2020

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# United States Bankruptcy Court
## Northern District Of California
### San Francisco Division

| | |
|---|---|
| PG&E Corporation,<br>-and-<br>Pacific gas And Electric Conpany<br>**Debtors**<br><br>Pro Se, Ginn M. Doose,<br>a/k/a Virginia M. Doose<br>c/o P.O. Box 2310<br>Clearlake, CA. 95422<br><br>**Creditor** | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>**Response to; Amended Notice Of Hearing on Approval (A) Proposed Statement For Debtors' And Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (B) Pian Solicitation And Voting Procedures; (C) Forms of Ballots, Solicitation Packages, And Related Notices; And (D) <u>Other Related relief</u>.** |

Honorable Judge Dennis Montali, presiding. Having reviewed the; 2/11/20 Doc. # 5732, Amended Schedule for Disclosure Statement Approval and Plan Conformation, Amended Notice of Hearing dated 2/11/20 Doc. #5733, and the required January 31, 2020 Doc. #5590.

This creditor isn't sure I should be making decisions regarding the; **PG&E Corporation, and**

*original*

**Pacific Gas and Electric Company stock's,** or the **Fire Victims funds.**

- <u>I must object to the proposed plan as it is written,</u> **I feel it is unconfirmable as a matter of law.**

- As a victim of the 2017-2018 North California fires, I myself was lucky. I didn't lose; <u>a home,</u> <u>my Animals,</u> or <u>a love ones.</u> I tend to lean towards providing practical help and assistance for the hard hit low income communities, and elderly sometimes overlooked.

## Statement of Fact.

The settlement agreement of December 31, 2003 touched on the hydro electric facilities that are part of legal parcels regulated by the FERC, which speak to the 1966 Series H. Water Bonds.

- I filed as a creditor to the PG&E Corporation and Pacific Gas & Electric Bankruptcy to secure my Water Bonds 1966 series H. attached to my property/ estate known as; APN 625-0-140- 010 that matured in January of 1992.

- A public notice was published in our local Ventura News Paper, I enclosed a copy of that notice with my original form filed with the Prime Clerk in Grand Station new York, NY 10163-4850.

- I received a proof of claim number, and was requested to file additional support documents with the PG&E legal department. I sent a copy of the document list to the Prime Clerk in New York.

- **Under Rule 2002 (a) (6),** As a; <u>**Senior Claim Holder of Water Bonds**</u>. I am requesting and I believe I am entitled to an **Obusman hearing,** due to the value of the 1966 Series Water Bonds.

(2)

- I was declared a vexatious litigate February 8, 1993, and not allowed to defend myself. My Grant Deed with Santa Barbara Savings, states I have right to be heard in a court of Law when no default exist.

- In the 1994 Metropolitan Water District Court Hearing, in Los Angeles Superior Court I was **prohibited from filing** a copy of my Grant Deed APN 652 -0-140-010 as exculpatory evidence.

- In reading through January 31, 2020, P. 10, item 1.21 **Cause of Action (d) Claim of fraud,** and **(e) Fraudulent Transfer** while under a Bankruptcy Stay.

**(D) Other Related relief.**

- The land –my ex-husband and I -purchased on April 4, 1979 parcel; APN 625- 0-140 - 010 B, became the desire of a Regional Director of the Office of Thrift Supervision for their personal gain. I was blocked from taking possession of my property and estate, or settling the violations to my home and property.

- May 10-11, 1990, the OTS ordered Santa Barbara Federal Savings creditor home, property and estate were under the Central District Bankruptcy Receivership protection of RTC/FDIC.

- The complex violations I've addressed to the Northern District Bankruptcy court started during the violation of my 1990-1991 Central District Bankruptcy Stay. The harassment escalated with the September 15, 1992 setting aside the alleged default, while my home, land and estate were in Receivership of the RTC/FDIC, (Bankruptcy Order dated January 28, 1992).

(3)

I copied and read the documents that were cited to bring me up to speed. It is my understanding whatever I don't bring before the Court in my request for an Obusman Hearing won't be allowed. I sincerely hope I have stayed within the allotted guidelines.

I swear under the Laws of the State of California, that the aforementioned facts are true and Correct under penalty of perjury.

Dated March 4, 2020

Respectfully Submitted by; Ginn M. Doose
c/o P. O. Box 2310, Clearlake, CA. 95422

(4)

# Proof of Service

By placing a true and correct copy of the; Response filing as stated on the first page, with affixed Postage atop, addresses as follows;

A. Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102;

B. The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

C. The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kellerbenvenutti.com) and Jane Kim, Esq. (jkim@kellerbenvenutti.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

D. The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

E. The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

F. The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

G. The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq.

(5)

Case: 19-30088    Doc# 6113    Filed: 03/05/20    Entered: 03/05/20 14:25:20    Page 5 of 6

(bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

H. The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

I. The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com));

J. The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

K. The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

L. The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

Signed _Ginn Doose_   Dated 3-4-20

Pro-se Ginn m. Doose, aka, Virginia M. Doose
P.O. Box 2310, Clearlake, CA 95422