Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 5840 |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by its attorneys Milbank LLP, hereby submits this statement in connection with *The Official Committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* [Docket No. 5840] (the "TCC Motion").[1]

Under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* (the "Debtors' Plan") [Docket No. 5590], and as a "material component" of the deal struck with the TCC, the Debtors will, upon the occurrence of the Effective Date, assign their rights and causes of action against Vendors (the "Assigned Claims") to the Fire Victim Trust. TCC Motion at 2; Debtors' Plan § 6.7. The Fire Victim Trust will be funded with approximately $13.5 billion in cash and equity of reorganized PG&E and tasked with prosecuting or settling the Assigned Claims *for the sole benefit of the Fire Victim Trust*. *See* Debtors' Plan § 6.7.

Meanwhile, the TCC has begun an extensive discovery campaign, at the *estates'* expense, serving approximately 100 subpoenas on Vendors pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"). TCC Motion at 2. The purpose of this discovery, according to the TCC, is to "learn the nature and value of these assigned claims." *Id*. The discovery process has been contentious, with the TCC reporting that it had already received thirty-one objections from the "over 70 subpoena recipients" with whom it had communicated as of the date of the TCC Motion. *Id*. at 3. To "streamline resolution of these objections," including "future discovery disputes," the TCC seeks approval of a discovery resolution process that would "lessen the administrative burden on this Court." *Id*. That process would channel objections and disputes concerning the TCC subpoenas to an appointed "Special Master" who would be deputized with authority to issue binding rulings. *Id.* at 3, 5.

The Creditors' Committee sees at least two infirmities with the relief requested in the TCC Motion.

First, the Bankruptcy Court lacks jurisdiction to appoint a Special Master as contemplated by the TCC. Federal Rule of Bankruptcy Procedure 9031 ("Rule 9031") specifically ***exempts***

---

[1] Capitalized terms not defined herein have the meanings ascribed to them by the TCC Motion.

cases under the Bankruptcy Code from the application of Federal Rule of Civil Procedure 53 ("Rule 53")—the provision that allows the appointment of a special master. The 1983 Advisory Committee notes to Rule 9031 confirm that "[t]his rule precludes the appointment of masters in cases and proceedings under the [Bankruptcy] Code." In conformity with the Rule's mandate, the Northern District of California, in *In re Schafler*, 2002 WL 1940297 (Aug. 13, 2012), denied appointment of a special master, concluding that "[f]irst, Debtor has failed to show, and cannot show, that Rule 53 is applicable in bankruptcy actions."[2]

Second, the TCC's reliance on Rule 45 in propounding discovery related to the claims assigned to the Fire Victim Trust is misplaced. The subpoenas served by the TCC are untethered from any "action" pending before the Bankruptcy Court, and thus run afoul of a fundamental requirement under Rule 45. *See* Fed. R. Civ. P. 45(a)(2) (requiring issuance from the court "where the action is pending"). Indeed, it is well-settled that plan confirmation itself, distinct from an *objection* to plan confirmation, does not initiate a contested matter for which Rule 45 subpoenas are an appropriate means of discovery. *See* Fed. R. Bankr. P. 3020(b)(1); *In re Rosa*, 495 B.R. 522, 525 (Bankr. D. Haw. 2012) ("The filing of a plan does not [ ] initiate a contested matter. Plan confirmation becomes a contested matter only when an objection is filed."); *see also Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015) ("An objection to a plan initiates a contested matter."); 10 Collier on Bankruptcy ¶ 9014.02 (16th rev. ed. 2012) (stating that with respect to plan confirmation, a "contested matter is initiated by a response objecting to . . . a chapter 11 plan[.]"). There is, quite simply, no present "action" that would justify the TCC subpoenas.

These infirmities raise larger and related concerns. The Creditors' Committee questions the wisdom of the TCC burdening *this* Court—as it must, given Rule 9031—with an influx of discovery disputes that are more appropriate for determination after the Effective Date. Indeed, the discovery propounded by the TCC relates to claims that cannot be assigned before, and which assignment is conditioned upon, the occurrence of the Effective Date. The Creditors' Committee submits that discovery on those claims should be deferred accordingly.

---

[2] *See also* 10 *Collier on Bankruptcy* ¶ 9031.01 (2019) ("It is the purpose of Rule 9031 that all matters that are to be tried in bankruptcy cases are to be tried by the bankruptcy judge or, in appropriate cases, by the district judge. In either event, the judge may not appoint a master pursuant to the procedures set out in Rule 53.").

2

The Creditors' Committee further questions why the estates and their stakeholders other than the fire victims should foot the bill for the TCC's discovery regarding the Assigned Claims. The TCC agreed to support the Debtors' Plan pursuant to a restructuring support agreement among the Debtors, the TCC, and the Consenting Fire Claimant Professionals, the terms of which are incorporated into the Debtors' Plan. *See* Summary of Terms Relevant to Treatment of Non-Subrogation Wildfire Claims (the "RSA") [Docket No. 5038-1]. Pursuant to the RSA, the TCC agreed to "discharge . . . individual fire claims under the Debtors' [Plan]" in consideration for "cash and stock with an aggregate value of $13.5 billion and ***assignment of [the Assigned Claims]***" to the Fire Victim Trust. *See* Debtors' Motion for Entry of Order Authorizing Debtors and TCC to Enter into RSA [Docket No. 5038] at 8 (emphasis added). Neither the TCC nor any other party to the RSA conditioned its support for the Debtors' Plan on "the nature and value" of the Assigned Claims. *See* TCC Motion at 2. Those claims, *whatever their worth*, would be assigned to the Fire Victim Trust for prosecution or settlement upon the occurrence of the Effective Date. As such, the TCC's commentary that its discovery is "necessary . . . to better understand and assess the value of [the Assigned Claims] for Plan Confirmation" rings hollow. *Id*. The Creditors' Committee submits that it is not appropriate for the TCC to be taking discovery, at the estates' expense, to ensure that the deal it struck, and is obligated to support, was a good one.

Dated: March 5, 2020

**MILBANK LLP**

*/s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*