**DAVIS POLK & WARDWELL LLP**
Timothy Graulich (admitted *pro hac vice*)
timothy.graulich@davispolk.com
Marc J. Tobak (*pro hac vice* application forthcoming)
marc.tobak@davispolk.com
David Schiff (admitted *pro hac vice*)
david.schiff@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Andrew D. Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

*Counsel for Citibank N.A., as Administrative Agent for the Utility Revolving Credit Facility*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **CROSS-MOTION OF ADMINISTRATIVE AGENT FOR LEAVE TO APPEAL ORDER REGARDING POSTPETITION INTEREST** |

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004, Citibank, N.A., as administrative agent (in such capacity, the "**Administrative Agent**") under that certain Second Amended and Restated Credit Agreement dated as of April 27, 2015 (as amended, supplemented or otherwise modified) (the "**Credit Agreement**" and the credit facility governed thereby, the "**Utility Revolving Credit Facility**") among Pacific Gas and Electric Company and several lenders from time to time party thereto, hereby cross-moves (the "**Cross-Motion**") the United States District Court for the Northern District of California (the "**District Court**") for an order permitting the Administrative Agent to participate in any appeal, to the extent that the District Court concludes that any appeal may proceed either as of right or on an interlocutory basis, of the (i) *Interlocutory Order Regarding Postpetition Interest* [ECF No. 5669] entered on February 6, 2020 (the "**PPI Order**") and (ii) *Memorandum Decision Regarding Postpetition Interest* [ECF No. 5226] entered on December 30, 2019 (the "**PPI Memorandum**") by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). Copies of the PPI Order and PPI Memorandum are attached hereto as **Exhibit A** and **Exhibit B**, respectively. In support of its Cross Motion, the Administrative Agent respectfully states as follows:

1. On February 20, 2020, the Ad Hoc Committee of Holders of Trade Claims (the "**Trade Committee**") moved for leave to appeal the PPI Order [ECF No. 5845] (the "**Trade Committee Motion For Leave**"), arguing that the PPI Order is final and appealable as of right or, if found to in fact be an interlocutory order, is appropriate for an immediate appeal to be heard by the United States District Court for the Northern District of California (the "**District Court**"). The Administrative Agent does not take a position on the merits of the Trade Committee Motion for Leave. However, in the event that the District Court agrees with the Trade Committee and permits its appeal to go forward, the Administrative Agent submits it should be granted leave to participate in the resulting appeal.

2. The PPI Memorandum and PPI Order followed the litigation of a multi-party contested matter before the Bankruptcy Court (the "**PPI Dispute**") regarding the rate at which creditors are entitled to receive postpetition interest under a plan of reorganization in PG&E Corporation's and Pacific Gas and Electric Company's chapter 11 cases (the "**Cases**"). The Trade Committee and the Administrative Agent were each parties to the PPI Dispute with numerous other creditors and creditor representatives (collectively, the "**Creditor Parties**"). Pursuant to an order of the Bankruptcy Court [ECF No. 4540], the Creditor Parties were required to (and did) submit joint briefing in connection with the PPI Dispute.

3. Although a chapter 11 plan has been proposed in the Cases, none has yet been confirmed or consummated, and the outcome of the PPI Dispute (and any appeal of the PPI Memorandum and PPI Order) could have a material economic impact on the treatment of claims under the Credit Agreement. Accordingly, the Administrative Agent has an interest in the outcome of any appeal of the PPI Memorandum and PPI Order and should be permitted to participate if any other party's (including, without limitation, the Trade Committee's) appeal goes forward for any reason.

4. Accordingly, the Administrative Agent respectfully requests that its Cross-Motion be granted and the Administrative Agent be permitted to participate in any immediate appeal of the PPI Order and PPI Memorandum, regardless of whether such appeal permitted to proceed as a matter of right or on an interlocutory basis.

| | |
|---|---|
| DATED: March 5, 2020 | **DAVIS POLK & WARDWELL LLP**<br><br>/s/ *Timothy Graulich*<br>TIMOTHY GRAULICH<br>MARC J. TOBAK (*pro hac vice* application forthcoming)<br>DAVID SCHIFF<br>ANDREW D. YAPHE (SBN 274172)<br><br>*Counsel for Citibank N.A., as Administrative Agent for the Utility Revolving Credit Facility* |