DAVID M. FELDMAN (*pro hac vice*)
  dfeldman@gibsondunn.com
MATTHEW K. KELSEY (*pro hac vice*)
  mkelsey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

MATTHEW D. McGILL (*pro hac vice*)
  mmcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

MICHAEL S. NEUMEISTER, SBN 274220
  mneumeister@gibsondunn.com
MICHELLE CHOI, SBN 313557
  mchoi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for the Ad Hoc Committee of Holders of Trade Claims*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>District Case No. 20-cv-01493 (HSG)<br><br>**TRADE COMMITTEE'S STATEMENT OF ISSUES, DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD, AND CERTIFICATION REGARDING TRANSCRIPTS** |
| AD HOC COMMITTEE OF HOLDERS OF TRADE CLAIMS,<br>    Appellant,<br>    v.<br>PG&E CORPORATION, et al.,<br>    Appellees. | |

NOTICE IS HEREBY GIVEN that the Ad Hoc Committee of Holders of Trade Claims (the "Trade Committee" or "Appellant") hereby provides, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, the following statement of issues, designation of items to be included in the record, and certificate regarding transcripts in connection with the Appellant's *Notice of Appeal and Statement of Election to Have Appeal Heard by District Court* [D.I. 5844] (the "Notice of Appeal"). As set forth in the Notice of Appeal, the Appellant appeals from (i) the *Interlocutory Order Regarding Postpetition Interest* [D.I. 5669] entered on February 6, 2020 (the "PPI Order") and (ii) the related *Memorandum Decision Regarding Postpetition Interest* entered on December 30, 2019 [D.I. 5226] (the "PPI Memorandum" and together with the PPI Order, the "PPI Memorandum and Order") by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

## STATEMENT OF ISSUES ON APPEAL

Bankruptcy Code section 1129 sets forth the requirements for confirmation of a chapter 11 plan. Section 1129(a)(8) requires that, "[w]ith respect to each class of claims or interests—(A) such class has accepted the plan; or (B) such class is not impaired under the plan." Under the Bankruptcy Code, a class of claims is impaired unless the plan, with respect to each claim in such class, "leaves unaltered [its] legal, equitable, and contractual rights." 11 U.S.C. § 1124(1). A "class that is not impaired," on the other hand, is "conclusively presumed to have accepted the plan" and has no right to vote on it. *Id.* § 1126(f).

Where an impaired class votes against a chapter 11 plan, if all conditions of section 1129(a) are satisfied other than section 1129(a)(8), the plan can be confirmed only if it "does not discriminate unfairly, and is fair and equitable" with respect to each impaired class of claims that has not accepted the plan. *Id.* § 1129(b)(1). Moreover, for "each impaired class of claims," section 1129(a)(7) requires that each holder of a claim or interest who has not accepted the plan must "receive . . . under the plan . . . value . . . that is not less than the amount such holder would receive . . . if the debtor were liquidated under chapter 7[.]" Section 726(a) of the Bankruptcy Code provides the order by which estate property shall be distributed to creditors in a chapter 7 liquidation, and provides, as the "fifth" priority, for payment of post-petition interest "at the legal

rate." In *Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231 (9th Cir. 2002), the Ninth Circuit held that the "legal rate" under section 726(a)(5) was the federal judgment rate provided for in 28 U.S.C. § 1961. *See Cardelucci*, 285 F.3d at 1233.

Appellant's members hold General Unsecured Claims[1] against the Debtors that are based on contracts that incorporate California state law, which in turn provides that, in the event of breach, interest shall accrue at the rate of 10 percent per annum, unless a different rate is specified in writing. The Debtors' Plan proposes to pay holders of General Unsecured Claims post-petition interest on such claims at the Federal Judgment Rate (calculated as of the Petition Date as 2.59%). The Plan nevertheless asserts that General Unsecured Claims are unimpaired, and thus have no right to vote for or against the Plan or to challenge the Plan as "discriminating unfair[ly]" or not "fair and equitable" under Bankruptcy Code section 1129(b).

In the PPI Memorandum and Order, the Bankruptcy Court held that General Unsecured Claims were impaired not by the Plan, but instead by section 726(a)(5) of the Bankruptcy Code and its requirement that post-petition interest be paid at the "legal rate." The issue on appeal is whether, in a bankruptcy case in which the debtor is solvent, Bankruptcy Code section 726(a)(5), which can apply in a chapter 11 bankruptcy case only to "each impaired class of claims," 11 U.S.C. § 1129(a)(7), may apply to reduce the rate of interest owed to a class of claims that is asserted by the Plan to be unimpaired.

## DESIGNATION OF RECORD ON APPEAL

Appellant hereby designates the following items to be included in the record on appeal, which includes all exhibits and addenda attached thereto and filed therewith and all documents incorporated by reference therein:

| Item | Filing Date | Docket No.[2] |
|---|---|---|
| Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief | Feb. 1, 2019 | 263 |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [D.I. 5590] (the "Plan").

[2] Unless otherwise indicated, all references herein to "Docket No." shall be to the docket maintained in the above-captioned chapter 11 cases.

| | | |
|---|---|---|
| Schedule E/F: Creditors Who Have Unsecured Claims For Non-Individual Debtor PG&E Corporation | Mar. 14, 2019 | 900 |
| Schedule E/F: Creditors Who Have Unsecured Claims For Non-Individual Debtor Pacific Gas and Electric Company | Mar. 14, 2019 | 906 |
| Debtors' Joint Chapter 11 Plan of Reorganization | Sept. 9, 2019 | 3841 |
| Debtors' First Amended Joint Chapter 11 Plan of Reorganization | Sept. 23, 2019 | 3966 |
| Verified Statement of Ad Hoc Committee of Holders of Trade Claims Pursuant to Bankruptcy Rule 2019 | Oct. 16, 2019 | 4214 |
| Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues | Oct. 31, 2019 | 4540 |
| Debtors' Joint Chapter 11 Plan of Reorganization Dated November 4, 2019 | Nov. 4, 2019 | 4563 |
| Debtors' Brief Regarding Applicable Rate of Postpetition Interest on Allowed Unsecured Claims and Joinder of PG&E Shareholders (the "Debtors' Opening Brief") | Nov. 8, 2019 | 4624 |
| Consolidated Edison Development Inc.'s Reservation of Rights Regarding Postpetition Interest on Unsecured Claims | Nov. 8, 2019 | 4625 |
| Consolidated Opening Brief of the Official Committee of Unsecured Creditors and Other Creditor Groups and Representatives Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claim in a Solvent Debtor Case (the "Creditor Groups' Opening Brief") | Nov. 8, 2019 | 4634 |
| Joinder in Consolidated Opening Brief of the Official Committee of Unsecured Creditors and Other Creditor Groups and Representatives Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claims in a Solvent Debtor Case | Nov. 8, 2019 | 4636 |

| | | |
|---|---|---|
| Reservation of Rights of the Ad Hoc Group of Subrogation Claim Holders Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claims in a Solvent Debtor Case | Nov. 22, 2019 | 4840 |
| Debtors' Brief in Opposition to Consolidated Opening Brief of Unsecured Creditors and Other Creditor Groups and Representatives Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claims in a Solvent Debtor Case; Joinder of PG&E Shareholders (the "Debtors' Responsive Brief" and, together with the Debtors' Opening Brief, the "Debtors' Briefs") | Nov. 22, 2019 | 4849 |
| Consolidated Reply Brief of the Official Committee of Unsecured Creditors and Other Creditor Groups and Representatives Regarding the Appropriate Postpetition Interest Rate Payable on Unsecured Claims in a Solvent Debtor Case (the "Creditor Groups' Responsive Brief" and, together with the Creditor Groups' Opening Brief, the "Creditor Groups' Briefs") | Nov. 22, 2019 | 4855 |
| Letter Dated Dec. 5, 2019 in Support of Creditor Groups' Briefs | Dec. 5, 2019 | 5003 |
| Letter Dated Dec. 6, 2019 in Support of Debtors' Briefs | Dec. 6, 2019 | 5018 |
| Memorandum Decision Regarding Postpetition Interest | Dec. 30, 2019 | 5226 |
| First Amended Verified Statement of Ad Hoc Committee of Holders of Trade Claims Pursuant to Bankruptcy Rule 2019 | Dec. 10, 2019 | 5060 |
| Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated December 12, 2019 | Dec. 12, 2019 | 5101 |

| | Description | Date | Dkt. No. |
|---|---|---|---|
| | DOCKET TEXT ORDER (no separate order issued:) For the Make-Whole Optional Redemption issue arguments on January 14, 2020, at 10:00 AM, Debtors and the joining Shareholders will have a total of one hour, including time for rebuttal, to be shared as their counsel agree. The opposing creditor groups will also have one hour, to be shared as their counsel agree. At the conclusion of the hearing the court would like counsel to be prepared to address the questions raised in the Memorandum Decision regarding Postpetition Interest (Dkt. No. 5226), namely whether orders disposing of that issue and the Make-Whole issue should be certified for direct appeal to the court of appeal, certified as final under FRCP 54(b), or both, or neither. (RE: related document(s)[4896] Support Brief/Memorandum filed by Debtor PG&E Corporation). (Montali, Dennis) | Jan. 9, 2020 | N/A |
| | Trade Committee's Statement in Connection with January 29, 2020 Status Conference | Jan. 27, 2020 | 5517 |
| | Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Approving and Authorizing the Debtors to Enter into Restructuring Support Agreement with Consenting Noteholders and Shareholder Proponents and (II) Granted Related Relief | Jan. 27, 2020 | 5519 |
| | Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020 | Jan. 31, 2020 | 5590 |
| | Limited Objection of the Ad Hoc Committee of Holders of Trade Claims to Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Approving and Authorizing the Debtors to Enter into Restructuring Support Agreement with Consenting Noteholders and Shareholder Proponents and (II) Granted Related Relief | Feb. 3, 2020 | 5596 |
| | Interlocutory Order Regarding Postpetition Interest | Feb. 6, 2020 | 5669 |
| | Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation | Feb. 6, 2020 | 5673 |

| | | |
|---|---|---|
| [Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization | Feb. 7, 2020 | 5700 |
| **Hearing Transcripts** | **Filing Date** | **Docket No.** |
| Transcript of Aug. 13, 2019 Hearing | Aug. 14, 2019 | 3540 |
| Transcript of Sept. 24, 2019 Hearing | Sept. 25, 2019 | 4003 |
| Transcript of Oct. 7, 2019 Hearing | Oct. 8, 2019 | 4162 |
| Transcript of Oct. 23, 2019 Hearing | Oct. 24, 2019 | 4467 |
| Transcript of Dec. 11, 2019 Hearing | Dec. 12, 2019 | 5085 |
| Transcript of Hearing at Jan. 29, 2020 at 10:00 a.m. (PST) | Jan. 30, 2020 | 5562 |
| Transcript of Hearing at Jan. 29, 2020 at 1:30 p.m. (PST) | Jan. 30, 2020 | 5563 |
| Transcript of Feb. 4, 2020 Hearing | Feb. 5, 2020 | 5634 |

Appellant reserves the right to designate additional items for inclusion in the record and/or restate issues presented on appeal.

**CERTIFICATE REGARDING TRANSCRIPTS**

Appellant certifies pursuant to Bankruptcy Rule 8009(b)(1) that it is not ordering any transcripts. All transcripts have been prepared, are filed on the docket, and have been designated in the record.

[*Signature to follow.*]

Dated: March 5, 2020

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Michael S. Neumeister*
David M. Feldman (*pro hac vice*)
Matthew K. Kelsey (*pro hac vice*)
Matthew D. McGill (*pro hac vice*)
Michael S. Neumeister
Michelle Choi

*Attorneys for the Ad Hoc Committee of Holders of Trade Claims*