| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>Aram Boghosian<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Nicole Fulfree<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class*<br><br>*(additional counsel on Exhibit A)* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**SECURITIES LEAD PLAINTIFF'S OBJECTION TO (I) SOLICITATION PROCEDURES MOTION [ECF NO. 5835] AND (II) APPROVAL OF PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION [ECF NO. 5700]**<br><br>Hearing<br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Before: Hon. Dennis Montali<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br><br>Objection Deadline<br>Date: March 6, 2020<br>Time: 4:00 p.m. (Pacific Time) |

Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**")[1] pending in the United States District Court for the Northern District of California (the "**District Court**"), on behalf of itself and the Class, together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively with Lead Plaintiff the "**Securities Plaintiffs**") hereby submit this objection (the "**Objection**") to (i) approval of the proposed disclosure statement (the "**Disclosure Statement**") [ECF No. 5700] for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* (the "**Plan**") [ECF No. 5590] and (ii) the motion (the "**Solicitation Procedures Motion**") [ECF No. 5835][2] of the above-captioned debtors in possession (the "**Debtors**") for approval of the proposed solicitation procedures for the Plan (the "**Solicitation Procedures**"), and respectfully state as follows:

## **PRELIMINARY STATEMENT**

As discussed more fully below, Securities Plaintiffs[3] object to approval of the Disclosure Statement and Solicitation Procedures for the following five reasons:

---

[1] The Securities Litigation asserts direct claims under the federal securities laws against eighteen of the Debtors' current and former directors and officers and twenty-four investment banks that underwrote certain notes offerings (the "**Non-Debtor Defendants**"), in addition to the Debtors, by a proposed class (the "**Class**") of investors who suffered losses as a result of the Debtors' and Non-Debtor Defendants' alleged false statements, omissions, and other conduct. For a more complete description of the allegations contained in the Securities Litigation, *see Securities Lead Plaintiff's Memorandum of Points and Authorities in Opposition to Debtors' Motion for Preliminary Injunction as to In re PG&E Corp. Securities Litig.* [Adv. Pro. 19-03039, ECF No. 12].

[2] Capitalized terms used but not defined in this Objection have the meanings given thereto in the Plan, Disclosure Statement, or Solicitation Procedures Motion, as applicable.

[3] On February 27, 2020, the Court entered an order denying the Securities Plaintiffs' motion to apply Bankruptcy Rule 7023 to the class proofs of claim filed by Lead Plaintiff on behalf of the Class. The Securities Plaintiffs have appealed. Nevertheless, the issues raised in this Objection apply equally to the Securities Plaintiffs individually and to members of the Class. In addition, as the court-appointed lead plaintiff in the Securities Litigation, Lead Plaintiff remains a fiduciary for absent Class members. *See, e.g.*, *Eubank v. Pella Corp.*, 753 F.3d 718, 723-24 (7th Cir. 2014) ("Class representatives are . . . fiduciaries of the class members. . . ."); *Schick v. Berg*, 2004 WL 856298, *4 (S.D.N.Y. Apr. 20, 2004) ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint."); *cf. In re Gen. Motors Corp. Pick-*

- The Disclosure Statement does not contain adequate information regarding the classification and treatment of Equity 510(b) Claims, which are classified with HoldCo Common Interests in a single class;

- The Plan and Solicitation Procedures artificially dilute the voting rights of holders of Equity 510(b) Claims in an improper attempt to avoid the cramdown requirements of section 1129 of the Bankruptcy Code;

- The Solicitation Procedures must be amended to enable holders of Equity 510(b) Claims to vote or take a position with respect to the Disclosure Statement;

- The Solicitation Procedures must preserve the rights of holders of Equity 510(b) Claims under Bankruptcy Rule 3018; and

- The Disclosure Statement does not contain adequate information regarding the proposed Plan Injunction (which, in any event, is impermissibly broad).

## ARGUMENT[4]

**A. The Disclosure Statement does not contain adequate information regarding the classification and treatment of Equity 510(b) Claims, which are classified with HoldCo Common Interests in a single class.**

- Class members hold two categories of claims (collectively, "**510(b) Claims**"): (a) claims arising from the purchase of the Debtors' debt securities (the "**Debt 510(b) Claims**") and (b) claims arising from the purchase of the Debtors' common stock (the "**Equity 510(b) Claims**").

- The 510(b) Claims are subordinated pursuant to section 510(b) of the Bankruptcy Code.

- However, the Plan and Disclosure Statement classify Equity 510(b) Claims, which will be denominated in *dollars* once liquidated, and existing equity interests ("**HoldCo Common Interests**"), which are denominated in *shares*, in a single class, Class 9A. *See* 11 U.S.C. § 1122; 7 Collier on Bankruptcy P 1122.03 (16th 2019).

---

*Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

[4] Pursuant to the Court's directive in the *Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* [ECF No. 5732], Securities Plaintiffs have presented this Objection in short, concise bullet points and have not included points and authorities or separate background information. To the extent the Court desires additional briefing on any issue raised herein, Securities Plaintiffs are prepared to submit such supplemental briefing forthwith.

- The Plan and Disclosure Statement both indicate only that "each holder of a HoldCo Common Interest shall retain such Interest subject to dilution" from the various issuances of new equity contemplated by the Plan. Plan, Art. 4.12(a); Disclosure Statement at 21.
- Equity 510(b) Claims, denominated in dollars, are equal in priority to HoldCo Common Interests, *but are not interests denominated in shares*. *See, e.g.*, *Bodenstein v. Lentz (In re Mercury Fin. Co.)*, 240 B.R. 270, 278-79 (N.D. Ill. 1999) (section 510(b) does not convert securities claimants into equity holders).
- The current treatment of Class 9A provides that "each holder of a HoldCo Common Interest shall retain such Interest subject to dilution" from the various issuances of new equity contemplated by the Plan and will have the opportunity to participate in a new equity rights offering if such an offering is ultimately implemented. Plan, Art. 4.12(a); Disclosure Statement at 21.
- However, because holders of Equity 510(b) Claims (in their capacity as such[5]) do not hold equity interests, they have no interests to retain. The Disclosure Statement does not explain what, if anything, the holders of Equity 510(b) Claims would retain or receive under the Plan.
- As a result of the classification of Equity 510(b) Claims and HoldCo Common Interests in a single class, it is impossible to ascertain from the Disclosure Statement how allowed Equity 510(b) Claims will be treated under the Plan. Indeed, as discussed in issue (D) below, the Disclosure Statement does not explain what, if anything, holders of allowed Equity 510(b) Claim would actually receive by way of Plan distributions.
- The Disclosure Statement also does not provide adequate information regarding the proposed equity rights offering (which might never be implemented at all), including but not limited to describing who would be eligible to participate in such an offering,[6] how such eligibility would be determined, what rights would be available, or how to exercise such rights.

---

[5] Any holders of Equity 510(b) Claims who also hold HoldCo Common Interests are entitled to separate treatment of such claims and interests, respectively.

[6] The Plan and Disclosure Statement use the term "Eligible Offerees" to describe the parties eligible to participate in a theoretical rights offering, but define that term by reference to the rights offering procedures that have never been filed with or approved by the Court.

- As a result, holders of Equity 510(b) Claims have no way of knowing if they are getting *anything* pursuant to the Plan – and if they are, what they will get, when they will get it, and what roadblocks or contingencies exist to getting it. That is the very antithesis of adequate disclosure under section 1125 of the Bankruptcy Code.

**Proposed resolution**: Equity 510(b) Claims must be classified and treated separately from, but *pari passu* with, HoldCo Common Interests. Assuming the Debtors correct the improper classification and ambiguous treatment of Equity 510(b) Claims, the Disclosure Statement must be revised to clearly, accurately, and concisely advise holders of such claims of their Plan treatment.

**B. The Plan and Solicitation Procedures artificially dilute the voting rights of holders of Equity 510(b) Claims in an improper attempt to avoid the cramdown requirements of section 1129 of the Bankruptcy Code.**

- As discussed in issue (A) above, the Plan classifies Equity 510(b) Claims and HoldCo Common Interests in a single class, creating confusion with regard to the treatment of holders of Equity 510(b) Claims, most of whom no longer own PG&E stock.

- The Solicitation Procedures propose that holders of HoldCo Common Interests will hold one vote in Class 9A for each share of stock they hold (over 550,000,000 shares). *See* Solicitation Procedures Motion at 19.

- By comparison, each Equity 510(b) Claim (irrespective of the magnitude of a given claim, the relative value of all Equity 510(b) Claims as compared to all HoldCo Common Interests, or any other variable) entitles its holder to *just one vote. Id.*

- Assuming there are approximately 500,000 holders of Equity 510(b) Claims, those holders would represent *just 0.091%* of the total possible votes in Class 9A as the Plan and Solicitation Procedures are presently constructed.

- The shareholder proponents of the Plan collectively held 154,093,769 shares of HoldCo Common Interests as of December 16, 2019. *See* ECF No. 5142.

- Accordingly, it is a near certainty that the Solicitation Procedures will result in the Equity 510(b) Claims being diluted into irrelevance by current shareholders if Equity 510(b) Claims remain classified in Class 9A and subject to the current Solicitation Procedures.

- There is no explanation for this improper joint classification other than to artificially dilute the votes of holders of Equity 510(b) Claims and avoid the cramdown requirements under section 1129(b) of the Bankruptcy Code.

**Proposed resolution**: Equity 510(b) Claims must be classified in a separate class from HoldCo Common Interests and be given proportionate voting rights (i.e., one vote per holder of an Equity 510(b) Claim).

C. **The Solicitation Procedures must be amended to enable holders of Equity 510(b) Claims to vote or take a position with respect to the Disclosure Statement.**

- The Solicitation Procedures do not address how notice will be provided to holders of Equity 510(b) Claims of the right to vote on the Plan.

- The current solicitation schedule, set forth in the table below, requires the Debtors to have completed the process of providing creditors with the Disclosure Statement and notice of the voting deadline, confirmation objection deadline, and other relevant Plan-related deadlines *more than two weeks before* the extended bar date for holders of 510(b) Claims (whom the Debtors already failed to provide with adequate notice of the general bar date):

| | |
|---|---|
| Solicitation Deadline | March 31, 2020 |
| Extended Bar Date for the Class | April 16, 2020 |
| Voting Deadline | May 15, 2020 |

- As a result of this schedule, holders of Equity 510(b) Claims (which are impaired and entitled to vote) have not been provided with any opportunity to oppose the Disclosure Statement and, at least under the Solicitation Procedures in their current form, would not have any opportunity to vote on the Plan – *even though they are impaired and entitled to vote*.

- The Court has recognized this concern in its *Court's Intentions Re Proposed Order* [ECF No. 5888], stating that "the fact that there is insufficient time to provide notice of the deadline to object to the adequacy of the Disclosure Statement is a problem of concern to the court that must be dealt with in the coming weeks. Parties affected will be given notice in the future, possibly with notice of the hearing on Confirmation of the Plan and the deadline to file objections." This language is mirrored in the extended bar date notice the Debtors are presently attempting to serve on all Class members [ECF No. 5943 Ex. B].

- However, an objection to confirmation of the Plan is not an adequate remedy for a wholesale denial of the opportunity to *vote* on the Plan, particularly if no holders of Equity 510(b) Claims vote, because only voting to reject the Plan triggers the cramdown requirements under section 1129(b) of the Bankruptcy Code – a confirmation objection does not.

**Proposed resolution**: The Solicitation Procedures should, at an absolute minimum, provide a means of providing holders of Equity 510(b) Claims with notice of the voting deadline and other Plan-related deadlines and requirements and a meaningful opportunity to vote on the Plan.

### D. The Solicitation Procedures must preserve the rights of holders of Equity 510(b) Claims under Bankruptcy Rule 3018.

- Pursuant to the Solicitation Procedures, each Claim within a Voting Class is temporarily allowed in an amount equal to the scheduled amount of such claim, subject to certain enumerated exceptions. Solicitation Procedures Motion at 15.

- One such exception is if an objection to, or request for estimation of, a Claim was filed and served by February 21, 2020, the holder is not entitled to vote the disputed portions of its claim. *See* Solicitation Procedures Motion at p. 16, ¶ (g).

- That deadline has already passed. It is unclear whether the Debtors can or should be allowed to impose a similar deadline with respect to Equity 510(b) Claims.

- A claimant that wishes to challenge the allowance, disallowance, amount, or classification of its claim for voting purposes must file a motion pursuant to Bankruptcy Rule 3018(a) by March 6, 2020. *See* Solicitation Procedures Motion at p. 21.

- That deadline will pass more than a month before the extended bar date for the Class members.

- As a result, if the Solicitation Procedures are approved in their current form, the holders of Equity 510(b) Claims will not know whether, or by when, (i) the Debtors are permitted to file an objection or request for estimation of their Equity 510(b) Claims or (ii) the holders of Equity 510(b) Claims must file a motion pursuant to Bankruptcy Rule 3018.

- Solicitation procedures in large, complex chapter 11 cases ordinarily provide that any unliquidated or disputed claim in a voting class is allowed with a claim amount of $1.00 for voting purposes only.

- There is no reason why that customary procedure should not apply to Equity 510(b) Claims that are filed as contingent or unliquidated, or to which the Debtors object for voting purposes.

**Proposed resolution**: The Solicitation Procedures should (i) provide that Equity 510(b) Claims that are filed as contingent are unliquidated, or are otherwise not deemed allowed, are allowed in an amount of $1.00 for voting purposes and (ii) establish a reasonable deadline for holders of Equity 510(b) Claims to move for temporary allowance for voting purposes under Bankruptcy Rule 3018. Rescission or Damage Claims in a liquidated amount should be entitled to vote in that amount at this stage of the Chapter 11 Cases.

E. **The Disclosure Statement does not contain adequate information regarding the proposed Plan Injunction (which, in any event, is impermissibly broad).**

- The Disclosure Statement fails to explain the full scope of the proposed injunction in section 10.6 of the Plan (the "**Plan Injunction**").

- In fact, the summary that the Disclosure Statement does provide is contradictory to the actual language of the Plan Injunction, as follows:

| **Disclosure Statement, § F(2)** | **Plan, § 10.6 (emphasis added)** |
|---|---|
| As set forth in more detail in Section 10.6 of the Plan, the Plan permanently enjoins all Persons who have held, hold, or may hold Claims or Interests from taking certain actions against the Debtors or Reorganized Debtors with respect to such Claims or Interests, including but not limited to, (i) commencing any suit, action or other proceeding, (ii) enforcing any judgment, award, decree, or order, (iii) creating, perfecting, or otherwise enforcing any encumbrance of any kind, (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law, and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. | [A]ll persons who have held, hold, or may hold claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, *conducting, or continuing in any manner, directly or indirectly*, any suit, action, or other proceeding of any kind…*against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing . . .* [Furthermore, b]y *accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including the injunctions set forth in this Section.* |

- The Disclosure Statement fails to disclose that the Plan Injunction would bar actions that "directly or indirectly . . . affect, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing" – a sweeping term that could be construed, for instance, to enjoin the continued prosecution of the Securities Litigation against any non-

1  debtor defendant for whom the Debtors propose to assume existing indemnification obligations (*see* Plan, § 8.4).

- The Disclosure Statement also fails to disclose that the Plan Injunction would bind anyone who receives a distribution from the Plan, whether or not that Person has voted in favor of the Plan or opted-in to the third-party release contained in the Plan.

- As a result, the Plan Injunction is effectively a *de facto*, nonconsensual third-party release that violates applicable Ninth Circuit law, seeking to do what the third-party release contained in § 10.9(b) cannot.

- Yet, the Disclosure Statement states that unless the holder of a Claim or Interest affirmatively opts into granting a release to the Debtor or other third party, that Person will not be bound by the Release. *See* Disclosure Statement § F(1). In contrast with the potential scope of the Plan Injunction, this language is misleading and an inappropriate trap for the unwary.

**Proposed resolution**: At a minimum, the Disclosure Statement should be revised to correctly describe the terms and potential scope of the Plan Injunction. However, because the present scope of the Plan Injunction attempts to effectuate a nonconsensual third-party release, the Plan cannot be confirmed, irrespective of the amount of disclosure the Debtors provide.

## RESERVATION OF RIGHTS

To the extent any objection, in whole or in part, contained herein is deemed to be an objection to confirmation of the Plan rather than, or in addition to, an objection to the adequacy of the Disclosure Statement, Securities Plaintiffs reserve their rights to assert such objection, as well as any other objections, to the confirmation of the Plan. Securities Plaintiffs reserve all rights with respect to confirmation of the Plan (including as may be further amended from time to time) or any other chapter 11 plan proposed in the Chapter 11 Cases, including but not limited to objecting to confirmation of the Plan or any other plan on any and all grounds, regardless of whether such grounds are raised in this Objection. Securities Plaintiffs further reserve all rights to object to any Disclosure Statement or any new disclosure statement for any plan on any basis whatsoever, whether or not raised in this Objection.

# CONCLUSION

For all the foregoing reasons, the Court should not approve the Disclosure Statement or Solicitation Procedures unless they are revised as set forth in this Objection.

Dated: March 6, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By:  /s/ Randy Michelson
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT A
## COUNSEL

| | |
|---|---|
| **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin *(pro hac vice)*<br>Andrew Behlmann *(pro hac vice)*<br>Scott Cargill<br>Nicole Fulfree<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone  973-597-2500<br>Facsimile   973-597-2333<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com | **MICHELSON LAW GROUP**<br>Randy Michelson, Esq. (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone  415-512-8600<br>Facsimile   415-512-8601<br>randy.michelson@michelsonlawgroup.com |

*Bankruptcy Counsel to Lead Plaintiff and the Class*

| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>Aram Boghosian<br>140 Broadway<br>New York, New York 10005<br>Telephone  212-907-0700<br>tdubbs@labaton.com<br>cvillegas@labaton.com<br>jdubbin@labaton.com<br>aboghosian@labaton.com | **WAGSTAFFE, VON LOEWENFELDT,<br>BUSCH & RADWICK, LLP**<br>James M. Wagstaffe (SBN 95535)<br>Frank Busch (SBN 258288)<br>100 Pine Street, Suite 725<br>San Francisco, California 94111<br>Telephone  415-357-8900<br>wagstaffe@wvbrlaw.com<br>busch@wvbrlaw.com |
| *Lead Counsel to Lead Plaintiff and the Class* | *Liaison Counsel for the Class* |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Darren J. Robbins (SBN 168593)<br>Brian E. Cochran (SBN 286202)<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>Telephone  619-231-1058<br>darrenr@rgrdlaw.com<br>bcochran@rgrdlaw.com | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Willow E. Radcliffe (SBN 200089)<br>Kenneth J. Black (SBN 291871)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, California 94104<br>Telephone  415-288-4545<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| **VANOVERBEKE, MICHAUD & TIMMONY, P.C.**<br>Thomas C. Michaud<br>79 Alfred Street<br>Detroit, Michigan 48201<br>Telephone  313-578-1200<br>tmichaud@vmtlaw.com | |

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B
# RESERVATION OF RIGHTS

This Objection and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.