**Entered on Docket**
**February 06, 2020**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: February 6, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) Date:   February 4, 2020 |
| Debtors. | ) Time:   10:00 AM |
| | ) Place:  Courtroom 17 |
| ☐ Affects PG&E Corporation | )          450 Golden Gate Ave. |
| ☐ Affects Pacific Gas and | )          16th Floor |
|    Electric Company | )          San Francisco, CA |
| ☒ Affects both Debtors | ) |
| | ) |
| _All papers shall be filed in_ | ) |
| _the Lead Case, No. 19-30088 (DM)._ | ) |
| | ) |

**INTERLOCUTORY ORDER REGARDING POSTPETITION INTEREST**

On December 30, 2019, the court issued a Memorandum
Decision Regarding Postpetition Interest (Dkt. No. 5226).  For
reasons stated on p. 17 of the memorandum, the court deferred
issuing an appealable order at that time.  Since then, the
disputed and somewhat related issue described by all parties as
the Make-Whole issue has been tentatively resolved without a
decision by the court.  For that reason, the court believes an

-1-

1  order on the postpetition interest issue is appropriate at this

2  time.

3       Parties adverse to the Debtors on the postpetition interest

4  issue have disagreed on what the court should do now.  One

5  group, the Ad Hoc Committee of Holders of Trade Claims, wants a

6  certification that the court's decision and ensuing order is

7  final under Fed. R. Civ. P. 54(b), incorporated via Fed. R.

8  Bank. P 7054 and a direct certification of such an order or an

9  interlocutory order to the court of appeals under 28 U.S.C. §

10  158(d)(2).  The other group, the Ad Hoc Committee of Senior

11  Unsecured Noteholders, wants the court to defer any action until

12  it confirms Debtors' Plan of Reorganization under 11 U.S.C §

13  1141, thus making the underlying decision on postpetition

14  interest final for all purposes.

15       The court has considered the arguments of both sides, and

16  the somewhat neutral position of the Debtors at a hearing on

17  February 4, 2020.  Under the circumstances, the court decides

18  not to adopt either sides' position and to leave the question of

19  dealing with an interlocutory order for another court if there

20  is an appeal.

21       Accordingly, and as an interlocutory order, the court

22  concludes that the Debtors are correct, that *In re Cardelucci*,

23  285 F.3d 1231 (9th Cir. 2002) controls and that the

24  Federal Interest Rate applies to the postpetition treatment of

25  unsecured creditors under any Chapter 11 Plan of Reorganization

26  proposed by Debtors.

27                 **END OF INTERLOCUTORY ORDER**

28