Nicholas A. Carlin, CSB No. 112532
Brian S. Conlon, CSB No. 303456
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 - The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax:          415-398-0911
Email:       nac@phillaw.com
              bsc@phillaw.com

Michael Malter, CSB No. 87908)
Robert G. Harris, CSB No. 124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Michael@bindermalter.com
Email: Rob@bindermalter.com

Attorneys for Anthony Gantner, Individually and on behalf of all those similarly situated

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Case No. 19-30088 (DM)**<br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered)**<br><br>**OBJECTION TO [PROPOSED] DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OR REORGANIZATION DATED: FEBRUARY 7, 2020**<br><br>Date: March 10, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Related Dkt No.: 5700** |

On December 19, 2019, Plaintiff Anthony Gantner ("Gantner") filed a class action adversary proceeding on behalf of a putative class of individuals impacted by PG&E's post-petition Public Safety Power Shutoffs (PSPSs), seeking at least $2.5 Billion in damages (the "PSPS Adversary Proceeding").

On March 3, 2020, Gantner's counsel sent a letter to PG&E's counsel notifying them of his objections to PG&E's [Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement"). PG&E's counsel responded that they would include language identifying the amount claimed in the PSPS Adversary Proceeding but were not inclined to accommodate Gantner's other objections. PG&E's counsel requested that Gantner's counsel send precise proposed language for PG&E to consider. Gantner's counsel did that, but no response has been received to date.

Pursuant to the Court's Amended Order Establishing Schedule and Disclosure Statement Approval and Plan Confirmation (ECF No. 5732), Gantner hereby objects to the Disclosure Statement as follows:

### Objection 1

- **Current Text:** Section III.D.2 **Adversary Proceeding Related to Public Safety Power Shutoffs** (ECF p. 21): "On December 19, 2019, certain class action plaintiffs commenced Adversary Proceeding No. 19-03061 (the **"PSPS Adversary Proceeding"**) against the Debtors in the Bankruptcy Court seeking damages and injunctive relief related to certain planned power outages instituted by the Debtors in October and November 2019. The Debtors do not believe there is any merit to the claims asserted in the PSPS Adversary Proceeding on January 21, 2020. The motion is currently pending before the Bankruptcy Court and is scheduled to be heard on March 10, 2020."

- **Objection:** The Disclosure Statement fails to adequately describe and account for the risk of the PSPS Adversary Proceeding to the Debtor and/or its successor(s). It fails to disclose the amount of damages sought in the PSPS Adversary Proceeding ($2.5 billion), and it fails to disclose how PG&E or its successor plans to deal with the PSPS Adversary Proceeding class claim if it does not prevail on its motion to dismiss (Gantner believes that his class claim is meritorious and the Court will deny that motion).

- **Proposed Text:** "On December 19, 2019, Anthony Gantner commenced a class action Adversary Proceeding No. 19-03061 (the **"PSPS Adversary Proceeding"**) against the Debtors in the Bankruptcy Court seeking $2.5 billion in damages and injunctive relief related to certain planned power outages instituted by the Debtors in October and

PHILLIPS, ERLEWINE, GIVEN & CARLIN, LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900

November 2019. The Debtors have moved to dismiss the PSPS Adversary Proceeding and a hearing is set for March 10, 2020. Should the case survive the Debtors' motion to dismiss, PG&E will pay those claims in full as Administrative Expense Claims."

**Objection 2**

- **Current Text:** [NONE]

- **Objection:** The Disclosure Statement does not include projections of future revenue. It must show such projections to show that the plan is feasible. This future revenue projection may be impacted significantly by potential future PSPSs which are also not mentioned in the Disclosure Statement. When PG&E turns off the power, it is not selling, transmitting, or distributing any electricity in the area it has de-energized, and is therefore not generating any revenue from that part of the grid during the PSPS. In addition, PG&E's successor may face liability for those future PSPSs (see the PSPS Adversary Proceeding).

- **Proposed Text:** [PG&E's successors' projected revenue for five years, including the impact of future PSPS events]

**Objection 3**

- **Current Text:** Section IV.B **Unimpaired Claims Not Entitled to Vote** (ECF p. 25) "(a) Description: Costs and expenses of administering the chapter 11 cases, including claims related to the DIP Financing. (b) Treatment: Each holder of an Allowed Administrative Expense Claim will be paid in full on the Effective Date."

- **Objection:** The Disclosure Statement fails to address specifically how the PSPS Adversary Proceeding liability will be paid. Presumably, it is included as an Administrative Expense Claim in the table in Section IV.B as an Unimpaired Claim Not Entitled to Vote but this is not clear from the Disclosure Statement.

- **Proposed Text:** (a) Description: Costs and expenses of administering the chapter 11 cases, including claims related to the DIP Financing, and any class or individual claims arising out of the PSPS Adversary Proceeding. (b) Treatment: Each holder of an Allowed Administrative Expense Claim will be paid in full on the Effective Date.

**Objection 4**

- **Current Text: Section VII Factors to Consider Before Voting** (ECF p. 42)**:** [None]

- **Objection:** The Disclosure Statement fails to reveal the risk implicit in the Equity Backstop Commitment Letters (ECF No. 5267-3) which underly PG&E's successors financing post-approval. That letter gives the financiers the right to terminate their equity backstop commitments if "at any time after the first day of the Confirmation Hearing, either (i) asserted Administrative Expense Claims exceed $250 million . . . or (ii) the Debtors have reserved for and/or paid more than $250 million in the aggregate

for Administrative Expense Claims. . ." $2.5 billion is more than $250 million, so the risk of the financiers' withdrawing their equity backstop commitments should be explicit in the Disclosure Statement.

- **Proposed Text:** [To Be Inserted as Subsection B. of Section VII. On p. 42 with subsequent subsections renumbered]: **Successor Financing Risk Factors to Be Considered**: The Equity Backstop Commitment Letters which underly the Debtor's successors financing post-approval permits financiers to terminate their equity backstop commitments if asserted Administrative Expense Claims exceed $250 million. The PSPS Adversary Proceeding seeks $2.5 billion and could be categorized as an Administrative Expense Claim. If that claim is successful and properly categorized as an Administrative Expense Claim, the Debtors' successors are at risk of losing their equity backstop commitments which may affect the fiscal viability of the Debtors' successors.

Dated: March 6, 2020     PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


By: /s/ *Nicholas A. Carlin*
    Nicholas A. Carlin
    Brian S. Conlon

Attorneys for Anthony Gantner, Individually and on behalf of all those similarly situated

Dated: March 6, 2020     BINDER & MALTER, LLP


By: /s/ *Robert G. Harris*
    Robert G. Harris

Attorneys for Anthony Gantner, Individually and on behalf of all those similarly situated

PHILLIPS, ERLEWINE, GIVEN & CARLIN, LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900