1  UNITED STATES DEPARTMENT OF JUSTICE
   CIVIL DIVISION
2  JOSEPH H. HUNT
   Assistant Attorney General
3  RUTH A. HARVEY
   Director
4  KIRK MANHARDT
   Deputy Director
5  MATTHEW J. TROY (GABN 717258)
   Senior Trial Counsel
6  P.O. Box 875
   Ben Franklin Station
7  Washington, DC 20044-0875
   Telephone: (202) 514-9038
8  E-mail: matthew.troy@usdoj.gov

9  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
10
   Attorneys for the United States of America
11

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| | (Jointly Administered) |
| **Debtors.** | Date: March 10, 2020 |
| | Time: 10:00 a.m. |
| | Place: United States Bankruptcy Court |
| ☐ Affects PG&E Corporation | 450 Golden Gate Avenue |
| ☐ Affects Pacific Gas and Electric Company | Courtroom 17 |
| ■ Affects both Debtors | San Francisco, CA 94102 |
| | Judge: Hon. Dennis Montali |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | RE: Docket No. 5700 and 5732 |

**OBJECTION OF THE UNITED STATES OF AMERICA TO THE [PROPOSED] DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

The United States of America, on behalf of various federal agencies, hereby objects to the

[Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of

Reorganization [Docket No. 5700] (the "Disclosure Statement").[1]

In accordance with the Court's amended disclosure statement scheduling order (Docket No. 5732), the United States timely served on the Plan Proponents, but did not file, its bullet point objections to the Disclosure Statement. A meet and confer on March 5 between counsel for the United States and certain agencies of the State of California and the Plan Proponents resolved some, but not all, of the United States' objections with any resolutions remaining subject to the Plan Proponents' service of a revised disclosure statement reflecting changes to address the United States' and others' objections and the United States' review thereof. On March 5, the Plan Proponents served their revised Disclosure Statement. In the limited time it has had to review the revised disclosure statement before the disclosure statement objection deadline, the United States believes that some of its objections remain unresolved as set forth herein. The United States expressly reserves, however, the right to raise objections at the March 10 hearing that it believes remain unresolved after completing a more thorough review of the revised disclosure statement. Additionally, the revised disclosure statement served on March 5 states in a footnote to section IV that the Plan Proponents "are considering proposed revisions to the Plan and, as such, this section remains subject to change." The United States reserves all rights to supplement this objection if the Plan Proponents make such changes.

● The Disclosure Statement does not contain adequate information for wildfire survivors and other wildfire claimants (e.g., federal government agencies) forced into the Fire Victim Trust under the Plan to determine how much they will be paid or information to evaluate whether the Fire Victim Trust is adequate to pay all Fire Victim Claims in full under the Plan where equity retains its interests (i.e., a solvent debtor plan).

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement and accompanying exhibits.

- The proposed Fire Victim Claims Resolution Procedures (Docket No. 6049) does not describe how the Fire Victim Trust will resolve and pay certain types of claims asserted in the United States' claims, e.g., fire suppression costs, reforestation and rehabilitation costs, and intangible environmental damages.

- Page 4, sec. I. The Disclosure Statement must state whether or not the Tort Claimants Committee supports the Plan.[2]

- Page 22, Section IV.A. The following sentence should be added at the end of the third paragraph: "Certain state and federal government agencies will contend that the Plan does not comply with AB 1054 because it does not provide funding, establish reserves for, provide for assumption of, or otherwise provide for satisfying all prepetition wildfire claims in the settled, estimated or allowed amounts as required by California Public Utilities Code section 3292(b)(1)(B)."

- Page 23, sec. IV.B. The description of the classification and treatment of Fire Victim Claims must include a projected percentage recovery for such claims.

- Page 27, sec. IV.C.1. A paragraph must be added after the first paragraph stating that the Tort Claimants Committee believes that $13.5 billion is not enough to fully compensate the Fire Victims even assuming FEMA's and CalOES' claims are disallowed. The TCC made this statement in a recent pleading (Docket No. 5836) (*Reply in Support of Omnibus Objection to Claims Filed by the California Governor's Office of Emergency Services*).

---

[2] References to page numbers are to the docket text page numbers.

- Page 37, Section VI.F. The Debtors state that they believe the Plan satisfies the "fair and equitable" requirement with respect to any potential rejecting Class. The Disclosure Statement should briefly explain how the Debtors meet the requirements of section 1129(b) if any of the impaired classes reject the Plan.

- Page 57, Section VIII. The Disclosure Statement must state whether or not the Tort Claimants Committee supports the Plan.

Date: March 6, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON (CABN 149604)
United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I electronically filed the foregoing Objection with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for the United States