| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>Date: March 10, 2020<br>Time: 10:00 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**CALIFORNIA STATE AGENCIES' OBJECTION TO [PROPOSED] DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED JANUARY 31, 2020 [DOCKET NO. 5700]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, Chico, California Department of Parks and Recreation, California Department of Transportation, California Department of Developmental Services, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, California Department of Fish and Wildlife, and California Air Resources Board (collectively, the "California State Agencies") hereby file their objections to the *[Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* (the "Disclosure Statement") [Docket No. 5700].

The California State Agencies met and conferred with the Debtors on Thursday, March 5, 2020. The Debtors circulated a revised Disclosure Statement containing changes to address issues raised by the California State Agencies. The California State Agencies are reviewing the revisions at this time and will report at the hearing any outstanding objections. The California State Agencies assert the following objections to the extent they are not adequately addressed by the revised Disclosure Statement.

The California State Agencies' objections are stated in "bullet point" fashion as required by the Court's Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation [Docket No. 5732] as follows:

1. The Disclosure Statement does not have adequate information for wildfire survivors and other claimants being forced into the Fire Victim Trust (e.g., state and federal government agencies) to determine how much they will be paid under the Plan and information to evaluate whether the trust fund is adequate to pay all Fire Claims in full under a Plan where equity retains its interests (i.e., a solvent debtor plan). The Fire Victim Claim Plan Treatment Summary filed February 28, 2020 [Docket No. 5978] did not include this necessary information. The Disclosure Statement should include, *inter alia*, the following:

     a. In a recent pleading, the Tort Claimants Committee ("TCC") has said, "$13.5 billion is not enough to fully compensate the fire victims, even assuming that

FEMA's and Cal OES' claims are disallowed." If true, this fact is important information for those voting on the plan.

    b.    Although the Disclosure Statement contains a description of the funding of the Fire Victim Trust, it does not describe or give any information regarding the anticipated dollar amount of the claims that will be channeled into the trust and the projected costs of administration of the trust.

    c.    A description of the risks to wildfire claimants of having their claims channeled to the Fire Victim Trust. These risks include (i) the risk that PG&E stock will decline in value thus leaving fire victims with substantially less than $13.5 billion to cover the claims being channeled to the trust, (ii) the risk that PG&E and TCC have underestimated the total dollar amount of claims in the trust, and/or (iii) the risk that Cal OES and/or FEMA have an allowed claim, which would substantially reduce the distribution to wildfire victims under the current plan structure.

    d.    A meaningful explanation of the valuation of each of the Fire Victim Trust assets, including interests in a Tax Benefits Payment Agreement, shares in reorganized PG&E, certain claims, and certain insurance proceeds.

2. Page 4, Section I.[1] The Disclosure Statement must state whether or not the TCC supports the Plan.

3. Page 22, Section IV.A. The following sentence should be added at the end of the third paragraph: "Certain state and federal government agencies contend that the Plan does not comply with AB 1054 because the Plan does not provide funding, establish reserves for, provide for assumption of, or otherwise provide for satisfying all prepetition wildfire claims in the settled, estimated or allowed amounts as required by California Public Utilities Code section 3292(b)(1)(B)."

4. Page 23, Section IV.B. The description of the classification and treatment of Fire

---

[1] References to page numbers are to the docket imprinted page numbers of the Disclosure Statement at Docket No. 5700 (e.g., page 4 of 61).

Victim Claims in the Summary of Treatment chart should include a projected percentage recovery for such claims.

5. Page 27, Section IV.C.1. A paragraph should be added after the first paragraph stating that the TCC believes that $13.5 billion is not enough to fully compensate the fire victims, even assuming that FEMA's and Cal OES' claims are disallowed. *See* Reply in Support of Omnibus Objection to Claims Filed by California Governor's Office of Emergency Services filed by the TCC on February 19, 2020 [Docket No. 5836] at 2:10-11.

6. Page 27, Section IV.C.1. The California State Agencies reserve all rights regarding the adequacy of the Disclosure Statement with respect to the "substantially final" forms of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures filed on March 3, 2020 as required by the Court's Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation [Docket No. 5732].

7. Page 37, Section VI.A. The Debtors state that they believe the Plan satisfies the "fair and equitable" requirement with respect to any potential rejecting Class. The Disclosure Statement should briefly explain how the Debtors meet the requirements of section 1129(b) if any of the impaired settlement unsecured creditor classes reject the Plan.

8. Page 57, Section VIII. The Disclosure Statement must state whether or not the TCC supports the Plan.

9. The Fire Victim Claims Resolution Procedures Summary [Docket No. 5873] is vague and unclear. Further, it does not contain any discussion of claims resolution procedures for state and federal agency fire-related Claims.

10. The Plan Proponents have added language in the Disclosure Statement to address pass-through, unimpaired treatment of Environmental Claims, but as of the date of this pleading have not filed an amended Plan containing such defined term or treatment. The California State Agencies reserve all rights as to the adequacy of such language in the Plan, as well as all other rights to object to confirmation of the Plan.

**RESERVATION OF RIGHTS**

Neither this objection nor any subsequent appearance, pleading, proof of claim, claim or

suit is intended or shall be deemed or construed as:

    a.    consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b.    waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c.    waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States

///
///
///
///
///
///
///
///
///

Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: March 6, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation, California Department of Developmental Services, California Department of Water Resources, State Water Resources Control Board, Regional Water Quality Control Boards, California Department of Fish and Wildlife, and California Air Resources Board

# PROOF OF SERVICE

I, Karen L. Widder, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On March 6, 2020, I served the within documents:

**CALIFORNIA STATE AGENCIES' OBJECTION TO [PROPOSED] DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED JANUARY 31, 2020 [DOCKET NO. 5700]**

By Electronic Service only via CM/ECF.

*/s/ Karen L. Widder*
Karen L. Widder