**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
 jminias@willkie.com
 bmccallen@willkie.com
 dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**OBJECTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS TO THE PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date:    March 10, 2020<br>Time:   10:00 a.m. (PT)<br>Place:   United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102 |

The Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, "**Debtors**"), by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei, LLP, hereby submits this objection ("**Objection**") to the *[Proposed] Disclosure Statement for Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization* (the "**Disclosure Statement**") [Docket. No. 5700].[1] In support of this Objection, the Ad Hoc Subrogation Group respectfully represents as follows:

## OBJECTION

Section 4.23(f)(ii) of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (the "**Plan**") [Docket No. 5590] provides that "any settlement or other agreement with any holder or holders of a Fire Victim Claim that fixes the amount or terms for satisfaction of such Claim" shall be conditioned on the holder(s) of such Fire Victim Claim "contemporaneously execut[ing] and deliver[ing] a release and waiver of any potential made-whole claims" that is substantially in the form attached as Exhibit C to the Plan (the "**Mutual Made Whole Release**"). On March 3, 2020, the TCC filed the *Notice of Filing of Proposed Fire Victim Trust Agreement and Proposed Fire Victim Claims Resolution Procedures* (the "**Fire Victim Trust Agreement**") [Docket No. 6049] which contains at least two provisions that are inconsistent with the Plan, including the Mutual Made Whole Release.[2] *First*, section 1.4(f) of the Fire Victim Trust Agreement "requires all holders of Approved Fire Victim Claims to execute a release substantially in the same form and content as and [sic] the Mutual Made Whole Release attached hereto…as a precondition to receiving *a final* payment." (emphasis added). This provision contradicts section 4.23(f)(ii) of the Plan because it shifts the timing of when the Mutual Made Whole Release must be executed from when the "amount or terms" of the settlement is finalized to before the "final payment," which may be significantly later in time. The Ad Hoc Subrogation Group hopes section 1.4(f)'s language is simply

---

[1] Capitalized terms used but not defined shall have the meanings ascribed in the Disclosure Statement.
[2] Although this issue was not raised in the Ad Hoc Subrogation Group's bullet point objections that were required to be submitted to the Debtors by February 28, the issue could not have been raised at that time because the Proposed Fire Victim Trust Agreement and Proposed Fire Victim Claims Resolution Procedures had not yet been filed at that time.

1

an inadvertent drafting error given that Article VI of the Fire Victim Claims Resolution Procedures [Docket 6049, Exhibit B] provides that claimants must submit executed Made-Whole Releases "before receiving payment from the Trust."[3]

*Second*, section 2.2(f)(iv) of the Fire Victim Trust Agreement provides that the Trustee of the Fire Victim Trust (with the consent of the Fire Victim Trust Oversight Committee) may "change the form of the releases to be provided pursuant to the [Fire Victim Claims Resolution Procedures] or this Trust Agreement." The releases referenced in Section 2.2(f)(iv) include the Mutual Made Whole Release, which was the product of substantial arm's length negotiations between the Ad Hoc Subrogation Group, Official Committee of Tort Claimants (the "**TCC**") and lawyers for individual plaintiffs. Allowing any amendments to the Mutual Made Whole Release —especially without the consent of the beneficiaries of the subrogation claims trust—raises substantial risk that the Mutual Made Whole Release actually executed by claimants may differ from the form release presently attached to the Plan, resulting in another conflict between the Plan and the Fire Victim Trust Agreement.

The Ad Hoc Subrogation Group has reached out to members of the leadership of the Consenting Fire Claimant Professionals to discuss these provisions. We are hopeful that this was an oversight and can be resolved consensually. Until we are able to resolve these issues we file this pleading and reserve all rights.

---

[3] Article VI could be made more consistent with the Plan by noting that the release is a condition to "settlement" rather than a condition to payment.

Dated: March 6, 2020

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
jminias@willkie.com
bmccallen@willkie.com
dforman@willkie.com

**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
100 West San Fernando Street, Suite 555
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

3