**CALIFORNIA PUBLIC UTILITIES COMMISSION**
Arocles Aguilar (SBN 94753)
Geoffrey Dryvynsyde (SBN 139884)
Candace Morey (SBN 233081)
505 Van Ness Avenue
San Francisco, California 94102
Telephone:    (415) 703-2015
Facsimile:    (415) 703-2262
Email: arocles.aguilar@cpuc.ca.gov
           geoffrey.dryvynsyde@cpuc.ca.gov
           candace.morey@cpuc.ca.gov

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Alan W. Kornberg
Brian S. Hermann (*pro hac vice*)
Walter Rieman (SBN 139365)
Sean A. Mitchell (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990
Email: akornberg@paulweiss.com
           bhermann@paulweiss.com
           wrieman@paulweiss.com
           smitchell@paulweiss.com

*Attorneys for the California Public Utilities Commission*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **LIMITED OBJECTION AND RESERVATION OF RIGHTS BY CALIFORNIA PUBLIC UTILITIES COMMISSION REGARDING THE DEBTORS' PROPOSED DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES MOTION** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* All papers shall be filed in the lead case,<br>No. 19-30088 (DM) | **Hearing**<br>Date: Tuesday, March 10, 2020<br>Time: 10:00 a.m. (PT)<br><br>**Re: Docket Nos. 5700 and 5835** |

The California Public Utilities Commission (the "***Commission***"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "***Limited Objection***") regarding the *[Proposed] Disclosure Statement For Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization* [Docket No. 5700] (the "***Disclosure Statement***")[1] and (b) *Debtors' Motion For Entry Of An Order (I) Approving Form And Manner Of Notice Of Hearing On Proposed Disclosure Statement; (II) Establishing And Approving Plan Solicitation And Voting Procedures; (III) Approving Forms Of Ballots, Solicitation Packages, And Related Notices; And (IV) Granting Related Relief* [Docket No. 5835] (the "***Solicitation Procedures Motion***").  In support of this Limited Objection, the Commission respectfully states as follows:

1.     The Commission's presiding officer has issued a proposed decision which, if accepted by the Utility, would resolve the Commission's investigation into the Utility's role in igniting the 2017 and 2018 wildfires.[2]  Included in a total penalty of $2.137 billion (otherwise consisting of future cost disallowances and shareholder-funded safety expenditures, as explained below) is a $200 million cash fine payable to the California General Fund from funds "not otherwise [] available to satisfy the claims of wildfire victims."[3]  However, under the current version of the Plan, all Fire Victim Claims—which include any Claim against the Debtors "in any way arising out of" the Fires for fines and penalties and "punitive and exemplary damages under California Public Utilities Code § 2106 or otherwise"—are channeled to and satisfied solely from the Fire Victim Trust.[4]  It is a legal and moral imperative that Commission claims—including

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement and the Solicitation Procedures Motion, as applicable.

[2]  *See Presiding Officer's Decision Approving Proposed Settlement Agreement with Modifications*, I.19-06-015 (Feb. 27, 2020) (the "***Decision***").  A presiding officer's decision can become effective 30 days after it is issued, or it can be appealed or subject to a request for review, in which case the matter comes before the Commission for final determination.  Cal. Pub. Util. Code § 1701.2(d).

[3]  *Id.* at 73.

[4]  Plan, Art. I § 1.75.  The Disclosure Statement describes that all Fire Victim Claims shall be satisfied solely from the Fire Victim Trust.  Disclosure Statement at 20.

those for cash fines—be satisfied by the Utility itself and ***not*** shifted to the Fire Victim Trust.  As a legal matter, the Debtors' proposed treatment would undermine the very purpose of such fine—which is "to effectively deter further violations"[5]; as an equitable matter, it would be unacceptable for the Utility to shift its liability for the fine to the vehicle established to compensate the victims of devastating wildfires.[6]  Accordingly, acceptance by the Debtors of the Decision will require modifications to the Plan.

2.     Currently, the Utility is subject to several investigatory proceedings pending before the Commission relating to the Utility's prepetition business activities and safety practices.  Of those, only one, has any nexus to the 2017 and 2018 wildfires (and thus, resulting claims misclassified as Fire Victim Claims).  That proceeding, the "***Wildfires OII***," is the Commission's formal investigation into the Utility's alleged violation of Commission general orders and resolutions and the California Public Utilities Code.[7]  The Commission's Safety and Enforcement Division has found that most (but not all) of these violations were directly related to igniting the wildfires.[8]  The Utility contests all but 14 findings.[9]

---

[5]  *Re Standards of Conduct Governing Relationships Between Energy Utilities and Their Affiliates*, D.98-12-075, 84 Cal. P.U.C. 2d 155 (Dec. 17, 1988).

[6]  Accordingly, the two classes of Fire Victim Claims (Class 5A-III, HoldCo Fire Victim Claims, and Class 5B-III, Utility Fire Victim Claims) are impaired and entitled to vote on the Plan.  Plan, Art. III §§ 4.7, 4.24.

[7]  *See Order Instituting Investigation on the Commission's Own Motion into the Maintenance, Operations and Practices of Pacific Gas and Electric Company (U39E) with Respect to its Electric Facilities; and Order to Show Cause Why the Commission Should not Impose Penalties and/or Other Remedies for the Role PG&E's Electrical Facilities had in Igniting Fires in its Service Territory in 2017*, I.19-06-015, 2019 WL 2870710 (Jun. 27, 2019).  In June 2019, the Commission initiated the Wildfires OII in response to investigative reports on the 2017 wildfires prepared by the Commission's Safety and Enforcement Division which found 33 violations of Commission General Order 95 and Resolution E-4184.  By November 2019, the Commission's Safety and Enforcement Division had issued an investigative report on the Camp Fire, finding 12 violations of Commission General Orders 95 and 165, Resolution E-4184 and California Public Utilities Code Section 451.  Shortly thereafter, the Commission expanded scope of the Wildfires OII to include all of the 2017 wildfires as well as the 2018 wildfires, including the Camp Fire.

[8]  Decision at 8.

[9]  *Id.* at 67.  The Utility maintains that its decision not to contest the 14 findings of violations is not an admission of any wrongdoing, unlawful conduct, or liability.  *Id.* at 13.  Of the 14 findings that it does not contest, one was found to be related to the ignition of a wildfire.  *Id.*

3.     In December 2019, the Utility, the Commission's Safety and Enforcement Division, the Commission's Office of the Safety Advocate, and the Coalition of California Utility Employees (collectively, the "***Settling Parties***") jointly moved before the Commission for approval of a settlement agreement that would resolve all of the issues in the Wildfires OII (the "***Proposed Settlement***").  Under the Proposed Settlement, the Debtors' shareholders would have borne $1.675 billion in financial obligations as follows: (1) the Utility would forgo rate recovery of $1.625 billion of wildfire-related expenses and capital expenditures, plus (2) the Utility would be required to expend $50 million in shareholder-provided settlement funds on safety-oriented system enhancement initiatives.  In response, in January 2020, several parties filed comments opposing the Proposed Settlement and, in certain instances, proposing modifications.

4.     On February 27, 2020, the Commission's presiding officer issued the Decision that would approve the Proposed Settlement with modifications, if accepted by the Settling Parties, including the Utility.  Under the modified settlement, the Debtors' shareholders would be liable for penalties totaling $2.137 billion (an aggregate increase of $462 million from the Proposed Settlement), consisting of:

- $1.823 billion in disallowances for wildfire-related expenditures (an increase of $198 million from the Proposed Settlement);

- $114 million in system enhancement initiatives and corrective actions (an increase of $64 million from the Proposed Settlement); and

- a $200 million fine payable to the California General Fund "**out of funds that would not otherwise be available to satisfy the claims of wildfire victims**."[10]

Most relevant here is the express condition that to accept the Decision, the Utility must agree that shareholder payment of the fine to the General Fund will not diminish recoveries for wildfire victims—*i.e.*, payment must be drawn from funds that "would not otherwise be available to satisfy

---

[10]   Decision at 2 (emphasis added).  Additionally, the Decision would require that any tax savings associated with the shareholder payments under the modified settlement agreement be returned for the benefit of ratepayers.  *Id.*

claims of wildfire victims."[11]  The Settling Parties must accept the modifications to the proposed settlement or request other relief on or before March 18, 2020.[12]

5.     Therefore, in the event of acceptance of the Decision and definitive resolution of the Wildfires OII, the Commission will hold non-contingent, liquidated claims against the Utility that will require modification to the Plan; as currently drafted, such claims would be misclassified and mistreated as Fire Victim Claims.  If the Plan is not modified, treatment of the proposed fine would be antithetical to its very purpose and would impermissibly impair the Commission's exercise of its regulatory authority.  As the Commission's presiding officer explains, "[t]he purpose of a fine is to go be beyond restitution to the victim and to effectively deter further violations by this perpetrator or others."[13]  Moreover, "[d]eterrence is particularly important against violations which could result in public harm, and particularly against those where severe consequences could result."[14]  Accordingly, liability for fines should not be delegated by the Utility to other entities, particularly not a trust fund established to compensate victims of the same conduct that gave rise to the fines in the first place.[15]

6.     Similarly, the proposed Solicitation Procedures further illustrate that such Commission claims should not be classified as Fire Victim Claims.  The Plan is deemed an objection to Fire Victim Claims (with exceptions not relevant here) and treats all Fire Victim Claims as unliquidated and disputed, subject to resolution by the Fire Victim Trust in accordance

---

[11]   Additionally, the Commission has lodged other claims against the Utility that are not wildfire-related and thus are not relevant here.  So, too, the obligations imposed on the Utility under the Proposed Decision other than payment of the $200 million fine would be obligations of the Debtors and Reorganized Debtors and *not* the Fire Victim Trust.

[12]   *Id.* at 67, 75.

[13]   Decision at 34 (citing *Re Standards of Conduct Governing Relationships Between Energy Utilities and Their Affiliates*, D.98-12-075, 84 Cal. P.U.C. 2d 155 (Dec. 17, 1988)).

[14]   *Id.*

[15]   *Cf.* Cal. Pub. Util. Code. § 451 (requiring that all requested charges are "just and reasonable" in order to be recovered in rates); Decision at 34–35 (observing that disallowances can only be effective as a penalty where shareholders are required to absorb costs "that would otherwise be paid by ratepayers").

with its claims resolution procedures.[16]  The Debtors also propose to temporarily allow each Fire Victim Claim at $1 for voting purposes.[17]  Importantly, such treatment would apply even to Fire Victim Claims asserted by a Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) regardless of whether such claims are non-contingent, and liquidated.[18]  It would be plainly inappropriate to temporarily allow the Commission's fines at $1 in light of the Decision's fixing of such amount at $200 million.

7.     Accordingly, to the extent that the Utility (and the other Settling Parties) accepts the Decision and makes corresponding changes to the Plan, the Commission does not object to the Solicitation Procedures.  However, if the Utility were to decline to accept the Decision, the Commission expressly reserves its right to object to the Disclosure Statement, the Solicitation Procedures, and the Plan pending definitive resolution of its investigations into the Utility's prepetition conduct, including the Wildfires OII.

8.     This Limited Objection is without prejudice to the Commission's rights and immunities under the Eleventh Amendment to the United States Constitution and related principles of sovereign immunity.

*[Signatures on Next Page]*

---

[16]   Plan, Art. VII § 7.1.

[17]   Solicitation Procedures Mot. at 16.

[18]   *Id.*

Dated: March 6, 2020

**CALIFORNIA PUBLIC UTILITIES COMMISSION**

Arocles Aguilar (SBN 94753)
Geoffrey Dryvynsyde (SBN 139884)
Candace Morey (SBN 233081)
505 Van Ness Avenue
San Francisco, California 94102
Telephone: (415) 703-2015
Facsimile: (415) 703-2262
Email: arocles.aguilar@cpuc.ca.gov
       geoffrey.dryvynsyde@cpuc.ca.gov
       candace.morey@cpuc.ca.gov

                    -and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Alan W. Kornberg*_____
    Alan W. Kornberg
    Brian S. Hermann (*pro hac vice*)
    Walter Rieman (SBN 139365)
    Sean A. Mitchell (*pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: akornberg@paulweiss.com
       bhermann@paulweiss.com
       wrieman@paulweiss.com
       smitchell@paulweiss.com

*Attorneys for the California Public
Utilities Commission*