Scott H. Olson (SBN 249956)
VEDDER PRICE (CA), LLP
275 Battery Street, Suite 2464
San Francisco, CA 94111
Telephone: (415) 749-9513
E-mail: solson@vedderprice.com

Leonard P. Goldberger, Esq. (not admitted in CA)
STEVENS & LEE, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone: (610) 205-6046
Email: lpg@stevenslee.com

Constantine D. Pourakis, Esq. (not admitted in CA)
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: (212) 537-0409
Email: cp@stevenslee.com

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | CASE NO. 19-30088 DM<br>CASE NO. 19-30089 DM<br><br>CHAPTER 11<br><br>**OBJECTION OF INTERSTATE FIRE & CASUALTY COMPANY TO DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date of Hearing: March 10, 2020<br>Time: 10:00 a.m.<br>Location: Courtroom 17, 16th Floor<br>Judge: Hon. Dennis Montali |

OBJECTION TO DISCLOSURE STATEMENT

Interstate Fire & Casualty Company ("Interstate"), by its attorneys, objects to approval of the Disclosure Statement For Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization (the "Disclosure Statement") because it lacks adequate information as required by section 1125 of the Bankruptcy Code.

## **INTRODUCTION**[1]

1. To the extent that payment of certain Claims, especially Fire Victim Claims, under the Plan may depend on Debtors' recovery of available insurance proceeds, the Disclosure Statement fails to provide basic and meaningful information about the mechanics – and the risks – for doing so. In this regard, the Disclosure Statement is objectionable and should not be approved because it fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code for the following reasons:

- First, the Disclosure Statement fails to disclose the extent to which Interstate's interests in the 2015 Insurance Policies are affected by the proposed assignment of such policies to the Fire Victim's Trust; and

- Second, the Disclosure Statement fails to provide adequate information regarding material risks that Interstate, and possibly other insurers, have reserved their rights to dispute whether certain insurance coverage should be included as part of the Wildfire Insurance Proceeds, and the extent to which Plan Funding is dependent on insurance coverage that is either disputed or subject to a reservation of rights.

For these reasons, this Court should not approve the Disclosure Statement.

## **THE INSURANCE AGREEMENTS**

2. Interstate issued the following (and possibly other) insurance policies to PG&E Corporation and/or its various affiliated entities (together with any other jointly-administered debtor-in-possession, collectively, "Debtors"): (i) Policy No. HFX-000-5800-0597, covering Policy period 08/01/15 – 08/01/16 (the "2015 Policy"); (ii) Policy No. HFX-000-4890-2217, covering Policy period 02/01/16 – 08/01/17 (the "2016 Policy"); and (iii) Policy

---

[1] All capitalized terms not otherwise defined in this Objection refer to those terms as defined in the Disclosure Statement and/or the Plan.

OBJECTION TO DISCLOSURE STATEMENT 2

No. HFX-000-4900-5192, covering Policy period 08/01/17 – 08/01/18 (the "2017 Policy") (all collectively, the "Interstate Policies").

3. Interstate may also be a party to certain other agreements relating to the Interstate Policies (together with the Interstate Policies, collectively, the "Interstate Agreements"). The Interstate Agreements are executory contracts within the meaning of section 365 of the Bankruptcy Code, and have been deemed as such pursuant to the Plan. Plan, § 8.7

4. Interstate holds unliquidated claims which are subject to further and future adjustment.

5. A portion of Interstate's claims may be entitled to administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code to the extent the executory Interstate Agreements are assumed under section 365 of the Bankruptcy Code.

## OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT

6. Section 1125 of the Bankruptcy Code requires that the Disclosure Statement provide "adequate information," defined as:
> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records … that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1). The Disclosure Statement fails to provide adequate information and therefore must not be approved unless and until the language requested herein is included in the Disclosure Statement.

### A. The Disclosure Statement Fails to Disclose the Extent to Which Interstate's Interests in the 2015 Insurance Policies are Affected by the Proposed Assignment of the Policies to the Fire Victim Trust

7. Section IV.C.1 of the Disclosure Statement – discussing the consideration to be paid to the Fire Victim Trust – provides that, among other assets, the following consideration be contributed to the Fire Victim Trust: "The assignment of rights under the 2015

OBJECTION TO DISCLOSURE STATEMENT
- 3 -

Insurance Policies to resolve any Claims related to Fires in those policy years, other than the rights of the Debtors to be reimbursed under the 2015 Insurance Policies for claims submitted prior to the Petition Date." Disclosure Statement at 24.

8. While this language appears to carve out any rights that Debtors may have under Interstate's 2015 Insurance Policy allegedly providing coverage for the Butte Fire from the assignment to the Fire Victim Trust, there must be a more specific description of *which* rights are not being assigned (presumably, that decision has already been made, but has not yet been made part of the public record in these cases).[2] Without this information, Interstate cannot make an informed judgment about the Plan.

9. To resolve this specific objection, Interstate requests the following language be included in the Disclosure Statement:

> ***On or before the hearing on the approval of the Disclosure Statement, Debtors shall notify in writing any Insurer that has issued any 2015 Insurance Policies as to whether rights under such policies relating to coverage for claims related to Fires are proposed to be assigned to the Fire Victim Trust.***

**B. The Disclosure Statement Fails to Provide Adequate Information Regarding Material Risks that Interstate, and Possibly Other Insurers, Reserved Their Rights to Dispute Whether Certain Insurance Coverage Should be Included as Part of the Wildfire Insurance Proceeds, and the Extent to Which Plan Funding is Dependent on Insurance Coverage That is Either Disputed or Subject to a Reservation of Rights**

10. Section 5.2 of the Plan – Plan Funding – states: "Except as otherwise provided in the Plan, the Wildfire Trust Agreements, or the Claims Resolution Procedures, distributions of Cash shall be funded from the proceeds of the Plan Funding or the Wildfire Insurance Proceeds as of the applicable date of such distribution as set forth herein."

---

[2] It is Interstate's understanding that Debtors and the Tort Claimants Committee ("TCC") are negotiating the value of the non-cash consideration offered as part of the Fire Victim Trust settlement. If so, Debtors must disclose to Interstate which specific rights under the 2015 Insurance Policies that Debtors are purporting not to assign. This information must be included in the Disclosure Statement

OBJECTION TO DISCLOSURE STATEMENT

- 4 -

11. Section 9.2(k) of the Plan lists as one of the conditions precedent to the Effective Date that "[t]he Debtors shall have obtained the Plan Funding."

12. The Disclosure Statement fails to disclose that certain of Debtors' insurers, including Interstate, have or may have reserved their rights with respect to coverage under any insurance policies issued to Debtors in effect at the time of one or more of the subject Wildfires. All such insurers' reservations of rights should be disclosed, because the ultimate Plan Funding is dependent upon Debtors' recovery of Wildfire Insurance Proceeds from those same insurers.

13. Interstate requests that the following language be included in the Disclosure Statement to adequately describe the risk that the anticipated amount of Plan Funding may be subject to reduction on account of insurance coverage-related disputes, and that the Effective Date therefore may not occur:

> ***Certain insurers have reserved their rights to dispute whether coverage under certain Wildfire Insurance Policies issued to Debtors should be included as part of the Wildfire Insurance Proceeds. To the extent that the necessary amount of Plan Funding is dependent on the timely collection of proceeds of insurance coverage that is currently disputed or subject to reservation of rights, there is a risk that the condition precedent to the Effective Date based on the amount of Plan Funding may not be satisfied.***

### **RESERVATION OF RIGHTS**

14. Interstate expressly reserves, and does not waive, all of its rights, defenses, limitations and/or exclusions in connection with its contractual rights, and Debtors' reciprocal contractual obligations, under the Interstate Agreements, applicable law or otherwise. Interstate further reserves all rights to assert any and all such rights, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its contractual rights and Debtors' contractual obligations adjudicated by a forum of competent jurisdiction). Nothing contained in this Objection shall be deemed to expand any coverage that may otherwise be available under any Interstate Agreements or any rights to payment under any settlements.

15. Interstate further reserves all of its rights to raise the issues contained in this Objection and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding including, without limitation, objections to confirmation of the Plan and a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief with respect to any contractual rights that may be adversely affected by Confirmation of the Plan.

16. Interstate further reserves all of its rights to object to any claim for coverage under any of the Interstate Agreements, and any claim for payment under any settlement agreements, and to seek declaratory and/or injunctive relief to the extent that treatment of its contractual rights, Debtors' contractual obligations and/or confirmation of the Plan violates any terms or conditions of any of the Interstate Agreements and/or settlements or gives rise to any defenses on behalf of Interstate.

17. Nothing in this Objection shall be construed as an acknowledgment that any of the Interstate Agreements, or pre-petition settlement agreements, if any, cover or otherwise apply to any Claims, losses or damages on account of any Claims or otherwise, or that any such Claims or causes of action are eligible for payment. Interstate reserves the right to seek an adjudication that Debtors have waived or forfeited any available coverage under the Interstate Agreements.

18. Finally, Interstate reserves its right to amend, modify or supplement this Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or any submission in connection with the Plan or this case filed by any party-in-interest. Interstate also reserves the right to adopt any other objections to approval of the Disclosure Statement filed by any other party.

**CONCLUSION**

19. For the reasons set forth above, the Disclosure Statement fails to provide adequate information regarding material aspects of the Plan that affect Interstate and fails to disclose material risks associated with the Plan. Without such fundamental information, the Disclosure Statement cannot satisfy the minimum standards required by section 1125 of the Bankruptcy Code. Accordingly, the Disclosure Statement should not be approved.

Dated: March 6, 2020     VEDDER PRICE (CA), LLP

By: _____/s/ Scott Olson_____
    SCOTT H. OLSON

Attorney for Interstate Fire & Casualty Company

OBJECTION TO DISCLOSURE STATEMENT

- 7 -