HOLLAND & KNIGHT LLP
Robert J. Labate (SBN 313847)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415.743.6900
Facsimile: 415.743.6910
Email: robert.labate@hklaw.com

David W. Wirt (*pro hac vice*)
150 N. Riverside Plaza Suite 2700
Chicago, IL 60606
Telephone: 312.578.6610
Facsimile: 312.578.6666
Email: david.wirt@hklaw.com

Attorneys for
Deutsche Bank National Trust Company and
Deutsche Bank Trust Company Americas

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM)* | CASE NO. 19-30089 (DM)<br><br>Chapter 11<br><br>**OBJECTION TO ADEQUACY OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: March 10, 2020<br>Time: 10:00 AM (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:** March 6, 2020<br>4:00 p.m. (Pacific Time) |

Deutsche Bank National Trust Company ("**DBNTC**"), as trustee under certain tax-exempt pollution control Bond Indentures (the "**PC Bond Trustee**") issued by the California Pollution Control Financing Authority and the California Infrastructure and Economic Development Bank (collectively, the "**Issuers**") bonds (the "**PC Bonds**"), and

Deutsche Bank Trust Company Americas ("**DBTCA**"), as trustee for six tax-exempt bond series[1] backed by letters of credit ("**LOC Bonds**") hereby submit this objection (the "Objection") to (i) approval of the proposed disclosure statement (the "Disclosure Statement") [ECF No. 5700] for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020 (the "Plan") [ECF No. 5590], and respectfully state as follows:

The Disclosure Statement improperly describes the Utility PC Bond (2008 F and 2010 E) Claims as *unimpaired* when, in fact, Debtors' Plan § 4.20 (Class 3B-V) alters the legal, contractual and equitable rights due to PC Bondholders under the Indentures for those PC Bond Series 2008 F and 2010 E.

Specifically, § 4.20 of Debtors' Plan provides that, on the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed Utility PC Bond (2008 F and 2010 E) Claim shall receive Cash in an amount equal to (i) the principal amount outstanding as of the Petition Date of such holder's Utility PC Bond (2008 F and 2010 E) Claim plus all accrued and unpaid interest owed as of the Petition Date at the non-default contract rate plus (ii) all interest accrued from the Petition Date through the Effective Date at the Federal Judgment Rate.

The PC Bond Trustee asserts that this proposed treatment leaves the PC Bondholders *impaired* by altering the following payments and other obligations under the PC Bond Documents:

- o The PC Bond Loan Agreements and Indentures require Pacific Gas & Electric Company ("**Borrower**") to pay and reimburse the Issuer and the PC Bond Trustee for "all costs and charges, including reasonable fees and disbursements of attorneys, accountants, consultants and other experts, incurred in good faith in connection with this Agreement, the Bonds, the Tax Certificate and Agreement or the Indenture." PC Loans ¶¶ 8.2, 8.3, 9.9; Indentures ¶¶ 8.06, 8.09, 10.01

---

[1] The series (and related proofs of claim numbers) are referred to as 1996 Series C (74923); 1996 Series E (66963); 1996 Series F (77816); 1997 Series B (79573); 2009 Series A (79757); and 2009 Series B (77894).

#73461779_v2

2

(collectively, the "**Costs and Charges**"). However, the Disclosure Statement does not disclose that the Debtors' Plan does not provide for full reimbursement to the Issuer and to the PC Bond Trustee of all Costs and Charges.

- o Section 10.01 of the Indentures require, prior to discharge of the indenture "payment all necessary and proper and reasonable fees, compensation and expenses of the Trustee and the Issuer pertaining to any such deposit shall have been paid or the payment thereof provided for to the satisfaction of the Trustee and the Issuer." Yet, the Disclosure Statement does not disclose that the Debtors' Plan does not provide for such payments.
- o Article X, Section 10.01 of the Indentures, concerning Discharge of Indenture, as anticipated by the Plan requires "a Certificate of the Issuer and an Opinion of Bond Counsel, each stating that in the opinion of the signers all conditions precedent to the satisfaction and discharge of this Indenture have been complied with, forthwith execute proper instruments acknowledging satisfaction of and discharging this Indenture." Yet, the Disclosure Statement does not disclose that the Debtors' Plan makes no such provision for obtaining a Certificate of the Issuer or an Opinion of Bond Counsel.
- o The Disclosure statement fails to discuss the impact of proposed treatment of the Bondholders on the tax-exempt nature of those bonds and the proceeds thereof.
- o The Plan provides that the PC Bonds are to be cancelled, however, the Bergeson-Peace Infrastructure and Economic Development Bank Act establishing the Issuer and authorizing the Issuer to issue tax-exempt revenue bonds requires that cancellation of the bonds must be done by the Issuer. However, the Disclosure Statement does not disclose that the Debtors will not comply with this requirement when cancelling the PC Bonds.

Finally, the Disclosure Statement does not adequately disclose that DBTCA, as indenture trustee for the LOC Bonds, may not be paid for its pre-petition claims and expenses given that the Plan does not provide for such payments.

DBNTC and DBTCA have requested that the Disclosure Statement be amended to disclose such treatment of PC Bond Claims and the claims of DBTCA and continue to discuss treatment of PC Bond Claims with Debtors' counsel. If these issues are resolved prior to the March 10, 2020 hearing, this Objection will be withdrawn.

WHEREFORE, for the foregoing reasons, Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas request that the Court enter an Order (a) sustaining the objections identified herein, (b) requiring that the Insert be incorporated into the Disclosure Statement, and (c) granting such further relief as this Court deems just and proper.

DATED: March 6, 2020

          Respectfully submitted,

          HOLLAND & KNIGHT LLP

          By:   /s/ *Robert J. Labate*
                    Robert J. Labate