TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: timothy.s.laffredi@usdoj.gov

Attorneys for Andrew R. Vara,
United States Trustee for Regions 3 and 9[1]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>        - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:   March 10, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION FOR APPROVAL OF (A) PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (B) PLAN SOLICITATION AND VOTING PROCEDURES; (C) FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (D) OTHER RELATED RELIEF**

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "United States Trustee"), by and through his undersigned counsel, hereby files this response ("Response") to the Motion

---

[1] Andrew R. Vara, United States Trustee for Regions 3 and 9, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

1

for Approval of (A) Proposed Disclosure Statement (the "Disclosure Statement") for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization (the "Plan"); (B) Plan Solicitation and Voting Procedures; (C) Forms Of Ballots, Solicitation Packages, And Related Notices; and (D) Other Related Relief (ECF Nos. 5590, 5591, 5700, 5835).[2]

## PRELIMINARY STATEMENT

1. The United States Trustee acknowledges the difficult challenges the Debtors face in incorporating the various responses to the Plan and Disclosure Statement. The United States Trustee forwarded comments to the Debtors on February 25, 2020 and February 28, 2020, and on March 3, 2020 requested a "meet and confer" conference as contemplated by the Court's *Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* (ECF No. 5732) (the "DST Order").

2. The Debtors have proposed several time slots to meet and confer with the United States Trustee, but then canceled these meetings and ultimately did not reschedule after the United States Trustee's representatives accepted these proposals. Because the DST Order also requires the parties to file responses by March 6, 2020, the United States Trustee files these comments with the expectation that negotiations with the Debtors will narrow remaining issues.

## JURISDICTION

3. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Northern District of California issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Response.

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.

2

4. Pursuant to 28 U.S.C. § 586(a)(3), the United States Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the United States Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 950 (9th Cir. 2002) ("The United States Trustee is the 'watchdog' of the bankruptcy system ….")*; United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5. Pursuant to 28 U.S.C. § 586(a)(3)(B), the United States Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

6. Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the Plan and Disclosure Statement and the issues raised in this Response.

## STATEMENT OF FACTS

7. On January 29, 2019, the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (ECF No. 1). No trustee has been appointed in the Debtors' cases. On February 12, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors. *See* ECF No. 409. On February 15, 2019, the United States Trustee appointed an Official Committee of Tort Claimants. *See* ECF No. 453.

3

8. On January 31, 2020, the Debtors and the Shareholder Proponents filed the Plan ("Plan"). *See* ECF Nos. 5590, 5591. The Disclosure Statement was filed on February 7, 2020. *See* ECF No. 5700. The Debtors' solicitation procedures motion was filed on February 19, 2020 ("Solicitation Procedures Motion"). *See* ECF No. 5835.

9. An unnumbered Plan section entitled Interpretation; Application of Definitions and Rules of Construction reads in pertinent part as follows: "in the event that a particular term of the Plan (including any exhibits or schedules hereto) conflicts with a particular term of the definitive documentation required to be implemented pursuant to the terms of the Plan or any settlement or other agreement contemplated hereunder, the definitive documentation shall control and be binding on the parties thereto." *See* ECF No. 5590, at p. 41 of 105.

10. The Disclosure Statement identifies various financial exhibits, including a Recovery and Liquidation Analysis. These exhibits were not filed with the Disclosure Statement. *See* ECF No. 5700, at pp. 60-61 of 61.[3]

11. The definition of Exculpated Parties (Plan Section 1.62) includes non-estate fiduciaries, including but not limited to the DIP Facility Agents, the DIP Facility Lenders, the Exit Financing Agents, the Exit Financing Lenders, the funded Debt Trustees, the HoldCo Revolver Lenders, the HoldCo Term Loan Lenders, the Utility Revolver Lenders, the Utility Term Loan Lenders, the Public Entities Releasing Parties, the Backstop Parties, the Consenting Creditors, the Shareholder Proponents and the Consenting Noteholders, and: "…such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial

---

[3] As of March 6, 2020, the liquidation analysis has not been filed.

4

advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such."

12. Section 6.1 of the Plan proposes to impose the standards of Bankruptcy Rule of Procedure 9019 and Bankruptcy Code Section 1123.

13. Consistent with the DST Order, the United States Trustee provided written comments to the Debtors on February 25, 2020 and February 28, 2020. On March 3, 2020, the United States Trustee inquired as to the status of the Disclosure Statement and the "meet and confer" requirement of the DST Order. The United States Trustee requested that the Debtors circulate a draft amended Disclosure Statement and Plan prior to the "meet and confer."

14. On March 5, 2020, the Debtors proposed a "meet and confer" without circulating a draft amended Disclosure Statement and Plan (updated drafts were not circulated until later in the evening). The Debtors then canceled the meetings, as they apparently were attempting to negotiate with various parties.

15. Pursuant to the DST Order, objections or responses shall be stated in short, concise bullet points.

## RESPONSE

**I.** **The Disclosure Statement Fails to Provide Adequate Disclosure**

    **A.** **General Considerations.**

16. Section 1125 of the Bankruptcy Code prohibits solicitation of votes on a reorganization plan prior to court approval of a written disclosure statement, which contains "adequate information." *See* 11 U.S.C. § 1125(b).

5

17. "Adequate information" is defined in section 1125 as being:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of debtor's books and records, that would enable a reasonable hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1).

18. The disclosure statement requirements of Section 1125 are "crucial to the effective functioning of the federal bankruptcy system[;] . . . the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (*citing Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988)); *In re California Fid., Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan.").

19. "Adequate information" under § 1125 is "determined by the facts and circumstances of each case." *See Oneida*, 848 F.2d at 417 (*citing* H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)). The "adequate information" requirement is designed to help creditors in their negotiations with debtors over proposed plans. *See Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 100 (3d Cir. 1988).

20. The Disclosure Statement was filed without any Financial Exhibits. This information is most germane to a creditor or party in interest's decision to accept or reject the Plan. Without these materials, no one can determine what they may receive and when they may receive it. The Financial Exhibits should be included as exhibits to the Disclosure Statement and

6

served with the confirmation materials.  The Financial Exhibits should include a pre-filing balance sheet. These materials will be helpful in determining plan feasibility.

21.     The various charts which appear on pages 20-23 of the Disclosure Statement should include an estimate of the amount of claims in a particular class along with the estimated percentage dividend the plan proposes to pay.

22.     The United States Trustee has made numerous recommendations to the Debtors regarding revisions to the Disclosure Statement, including the following:[4]

      a)      Include a court-approved summary of the Plan of the sort contemplated by FRBP 3017(d)(4);

      b)      Include an estimate of the amount of claims in a particular class along with the estimated percentage of dividend the Plan proposes to pay each class in the charts on pages 20-23 of the Disclosure Statement;

      c)      Include the Financial Exhibits as Exhibits to the Disclosure Statement;

      d)      Include a pre-filing balance sheet in the Financial Exhibits;

      e)      Provide an estimate of the potential Chapter 5 claims the Plan proposes to waive.

## II.     Confirmation Issues

23.     The United States Trustee makes the following brief observations with respect to the Plan.  Although these are primarily confirmation issues, resolving these issues in advance of confirmation is in the best interest of all parties.

24.     Exculpated Parties should be limited to estate fiduciaries. The definition of Exculpated Party includes numerous non-estate fiduciaries.  The definition should be revised to remove listed entities that are not estate fiduciaries, including the lengthy list of predecessors, successors, equity security holders and so forth.  The list of parties receiving exculpation should

---

[4] Many of these items are not presently addressed in the Disclosure Statement, or are addressed in a cursory manner.

7

be limited to those parties who served in the capacity of estate fiduciaries, i.e., the creditors' committee, its members, estate professionals and the Debtor's directors and officers. *See In re Indianapolis Downs, LLC,* 486 B.R. 286, 306 (Bankr. D. Del. 2013); *In re Tribune Co.*, 464 B.R. 126, 189 (Bankr. D. Del. 2011); *In re PTL Holdings, LLC*, 2011 WL 5509031, at *12 (Bankr. D. Del. Nov. 10, 2011); *In re Washington Mutual Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011); *see also PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000).

25. Plan Section 6.1 purports to impose the settlement standards of FRBP 9019 upon all claims and interests. The settlement of claims against a debtor subject to FRBP 9019 should be limited solely to those parties who have expressly entered into a settlement agreement. Bankruptcy Code Section 1123(b)(3) allows a Debtor to settle claims it has against others but not claims against the Debtor. Claims against a Debtor are subject to the standards of Bankruptcy Code Sections 1129 and 1141. That is, absent an express settlement agreement between parties, the standards of Bankruptcy Code Section 1129 prevail over the standards of FRBP 9019.

26. A disclosure statement should not be approved if the Plan attempts to rewrite the Bankruptcy Code. *See In re Beyond.com*, 289 B.R. 138, 140, 146 (Bankr. N.D. Cal. 2003). Similarly, the language of the Plan should control over any extraneous materials in any dispute over interpretation of the Plan. The Plan is what the claimants are voting on, not the definitive documentation. Subdivision (h) of the unnumbered Plan section entitled Interpretation; Application of Definitions and Rules of Construction should be revised to provide that the Plan controls over other documentation with the exception of the Confirmation Order, which should control over the Plan.

8

# CONCLUSION

27. The Disclosure Statement should not be approved without the Financial Exhibits being included as Exhibits thereto. The Disclosure Statement should provide greater deal as to the amounts of claims in a given class and the estimated dividend provided for by the Plan. The Financial Exhibits should include a pre-filing balance sheet. The Disclosure Statement should include an easy to read court-approved summary of the Plan. Finally, the Plan presents confirmation issues, including exculpation provisions contrary to applicable law, attempting to inappropriately impose the standards of FRBP 9019 upon all creditors instead of the standards of Section 1129(a), and in proposing that documents other than the Plan will control in disputes concerning the Plan.

**WHEREFORE,** the United States Trustee respectfully requests that this Court issue an order denying approval of the Disclosure Statement, denying the Solicitation Procedures Motion, and/or granting such other relief as this Court deems appropriate, fair and just.

Dated: March 6, 2020

    Andrew R. Vara
    United States Trustee, Regions 3 and 9

    By:/s/ Timothy S. Laffredi
    TIMOTHY S. LAFFREDI
    Attorney for the United States Trustee