Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone:  (212) 484-3900
Facsimile:  (212) 484-3990
Email:  andrew.silfen@arentfox.com
      beth.brownstein@arentfox.com

Aram Ordubegian (SBN 185142)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA  94105
Telephone:  (415) 757-5500
Facsimile:  (415) 757-5501
Email:  aram.ordubegian@arentfox.com

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>     - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**OBJECTION OF BOKF, NA AS INDENTURE TRUSTEE TO PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Hearing**<br>Date:  March 10, 2020<br>Time: 10:00 a.m. (Pacific time)<br>Place: Courtroom 17<br>           450 Golden Gate Ave, 16th Floor<br>           San Francisco, CA 94102 |

BOKF, NA ("BOKF"), in its capacity as successor indenture trustee (the "Senior Notes Trustee") under the Indentures dated as of (i) April 22, 2005 Supplementing, Amending and Restating the Indenture of Mortgage Dated March 11, 2004 (ii) November 29, 2017 and (iii) August 6, 2018, each as supplemented or amended (collectively, the "Senior Notes Indentures"), pursuant to which Pacific Gas and Electric Company (the "Utility") issued the senior notes (the "Senior Notes"), by and through its counsel, Arent Fox LLP, hereby objects to the *[Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 5700] (the "Proposed Disclosure Statement").[1] In support of its objection, BOKF states as follows:

## PRELIMINARY STATEMENT

The Proposed Disclosure Statement fails to provide adequate information to holders of Senior Notes about the impact on distributions resulting from the Debtors' refusal to honor their contractual obligations under the Senior Notes Indentures to satisfy the Senior Notes Trustee's claim for certain fees, expenses, costs, and other disbursements and indemnities (as described more fully below, the "Senior Notes Trustee Fees").

The Senior Notes Trustee Fees are a *direct claim* of the Senior Notes Trustee against the Utility and an ongoing and administrative obligation of the Utility under each of the Senior Notes Indentures.[2] The Utility's refusal to comply with the Bankruptcy Code and its direct obligation to satisfy the Senior Notes Trustee Fees will result in diluted and reduced distributions to holders of impaired Senior Notes claims and may create a slower and more cumbersome distribution process. Holders of Senior Notes, including signatories and non-signatories to the Noteholder RSA (defined below), should be adequately informed of (the following are the "Trustee's Requested Disclosures"):

- the Debtors' requirement that the holders, not the Utility, fund the Utility's direct obligations;
- the solvent Debtors' legal justification for doing so;

---

[1] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Proposed Disclosure Statement or in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated January 31, 2020* [Docket No. 5590] (the "Plan"), as applicable.

[2] But whether the claim is classified as administrative or unsecured, it is required to be paid and, given the Debtors' solvency, paid in full.

- the Senior Notes Trustee's contentions regarding the Utility's obligation to pay the Senior Notes Trustee Fees;
- the resulting reductions and possible delays in distributions for holders; and
- the disparate treatment of the various trustees and agents.[3]

The Debtors cannot confirm or effectuate the Plan as proposed without fully satisfying the Senior Notes Trustee's claims. The Senior Notes Trustee may have no choice but to object to confirmation of the Plan absent a resolution.[4] For purposes of disclosure, the consequences of the Debtors' decision on the distributions to holders of Senior Notes are considerations in any such holder's determination to vote to accept or reject the Plan. BOKF provided the Plan Proponents with its proposed language to address this deficiency, which the Debtors declined to incorporate, thus necessitating this objection.

## BACKGROUND[5]

**A.  Senior Notes Indentures**

- The Utility issued the Senior Notes pursuant to three separate Senior Notes Indentures signed by the Utility and consist of 29 separate series representing an aggregate principal amount as of the Petition Date of more than $17.5 billion, excluding interest, fees, and other charges (such as the Senior Notes Trustee Fees). The Senior Notes Indentures remain in full force and effect and can only be canceled or modified pursuant to the terms of the Senior Notes Indentures or under a plan pursuant to § 1123(a)(5)(F) of the Bankruptcy Code. The Senior Notes Indentures obligate BOKF to perform its statutory and contractual responsibilities. BOKF incurred and continues to incur Senior Notes Trustee Fees in furtherance of and in accordance with, its obligations, duties and responsibilities under the Senior Notes Indentures, California law, and New York law, as applicable.

- Section 10.07 of each of the Senior Notes Indentures requires the Utility to reimburse BOKF for the Senior Notes Trustee Fees, which consist of BOKF's reasonable fees, costs, expenses and other disbursements, including those incurred to its counsel, financial advisors and other agents and professionals, and to indemnify BOKF against any loss, liability or expense. The Senior Notes Trustee Fees are the Utility's direct obligations to BOKF, separate and distinct from the Utility's obligations to holders of the Senior Notes and survive termination of the Senior Notes Indentures. Section 10.07 of

---

[3] BOKF is one of six "Funded Debt Trustees" under the Plan. The Debtors have elected to pay fees, expenses, costs and indemnities of some of the Funded Debt Trustees and not others.

[4] It appears the Debtors have adopted a different view and those issues will be addressed at confirmation. BOKF remains hopeful the disagreement can be resolved consensually prior to confirmation and will continue to work constructively with the Plan Proponents on a resolution.

[5] BOKF understands the Court requested "short, concise bullet points." BOKF has included the following background information to provide context for the Court and explain the import of these disclosures.

the Senior Notes Indentures provides that upon an "Event of Default," including a voluntary chapter 11 proceeding, compensation for the Senior Notes Trustee's services are intended to constitute administrative expenses under the Bankruptcy Code.

- Sections 9.03, 9.04, 9.05 and 10.07 of each of the Senior Notes Indentures provide for (i) a contractual priority of payment for the Senior Notes Trustee Fees on all distributions made on account of the Senior Notes, also known as a "charging lien," and (ii) procedures and mechanics for all distributions, which require that all distributions on account of the Senior Notes be made directly through BOKF unless BOKF consents otherwise in writing. Put simply, the Senior Notes Indentures require that BOKF act as disbursing agent (unless BOKF otherwise consents) and BOKF is entitled to assert its charging lien against such distributions to satisfy the Senior Notes Trustee Fees to the extent not paid directly by the Utility. The Senior Notes Trustee can be paid either directly by the Utility or through the use of its contractual priority of payment (also known as the "charging lien") under the Senior Notes Indentures. The choice is the Senior Notes Trustee's and not the Debtors' or holders'.

B. **Proposed Plan Treatment**

- The Plan classifies the Senior Note claims in three separate classes each receiving different treatment:

    - Class 3B-I – "Utility Impaired Senior Note Claims" will receive payment of accrued pre- and post-petition interest plus New Utility Long-Term Notes (as defined in the Plan) in the amount of such holder's principal amount as of the Petition Date. Holders of Utility Impaired Senior Note Claims are **Impaired** and thus entitled to vote.

    - Class 3B-II – "Utility Reinstated Senior Note Claims" will be Reinstated (as defined in the Plan) in accordance with section 1124 of the Bankruptcy Code. Holders of Utility Reinstated Senior Note Claims are **Unimpaired** and thus are deemed to accept the Plan and are not entitled to vote.

    - Class 3B-III – "Utility Short-Term Senior Note Claims" will receive payment of accrued pre- and post-petition interest plus New Utility Short-Term Notes (as defined in the Plan) in the amount of such holder's principal amount as of the Petition Date. Holders of Utility Short-Term Senior Note Claims are **Impaired** and thus entitled to vote.

- The Plan's classification and treatment of the Senior Note claims is the result of that certain Restructuring Support Agreement between the Plan Proponents and certain holders of Senior Notes (the "Noteholder RSA")[6] whereby certain Consenting Noteholders (as defined in the Noteholder RSA) agreed to such treatment. While BOKF was generally supportive of the settlement, BOKF did not participate in the Noteholder RSA negotiations nor is BOKF a signatory or a party to the Noteholder RSA. The Noteholder RSA – and, as a result, the Plan – simply does not address payment or non-

---

[6] *See Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bank. P. 6004 and 9019 for Entry of an Order (I) Approving and Authorizing the Debtors to Enter Into Restructuring Support Agreement with Consenting Noteholders and Shareholder Proponents, and (II) Granting Related Relief* [Docket No. 5519]; *Order Pursuant to 11 U.S.C. Sections 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Approving and Authorizing the Debtors to Enter Into Restructuring Support Agreement With Consenting Noteholders and Shareholder Proponents, and (II) Granting Related Relief* [Docket No. 5637].

payment of the Senior Notes Trustee Fees. In other words, the Noteholder RSA contains no provision (nor could it) modifying, amending, or waiving the payment provisions of the Senior Notes Indentures.

**OBJECTION**

- Holders of Utility Impaired Senior Note Claims and Utility Short-Term Senior Note Claims (the "Impaired Noteholders"), both signatories and non-signatories to the Noteholder RSA, are Impaired under the Plan and thus entitled to vote.[7] The Plan's failure to provide for full payment of the Senior Notes Trustee Fees will have a direct and negative financial impact on such holders and the Disclosure Statement should inform them of:

    o The Debtors' requirement that they, and not the Utility, will fund the Utility's obligations to pay the Senior Notes Trustee Fees;

    o The basis for these solvent Debtors' refusal to make such payments;

    o BOKF's contentions regarding the Senior Notes Trustee Fees;

    o The resulting reductions and possible delays in distributions for holders; and

    o The disparate treatment among the Funded Debt Trustees.

- It appears the Debtors may propose to include a general disclosure to all holders of prepetition claims of each Funded Debt Trustee's ability to assert a charging lien against distributions under the Plan. Such a vague disclosure is devoid of any connection to a particular class of creditors and fails to explain the effect of forcing BOKF to assert *its* charging lien against distributions to Impaired Noteholders, particularly when the Utility is directly obligated to pay such Senior Notes Trustee Fees. The Plan Proponents' proposed disclosure would:

    o fail to explain the basis for a solvent debtor's refusal to make such payments or the Senior Notes Trustee's position as to the Debtors' obligations to make such payments; and

    o cause confusion because it fails to explain how and why some of the six Funded Debt Trustees may receive partial payment of their fees and expenses from the Debtors, resulting in the application of their respective charging liens only for any deficiency, while other Funded Debt Trustees (including BOKF) must rely solely on the charging lien so as to dilute distributions to their respective holders.

- The Noteholder RSA, to which BOKF is not a party or signatory, cannot modify the Senior Notes Indentures or abrogate the Utility's direct obligations to BOKF.

- Chapter 11 plans restructuring significant funded debt regularly provide for payment of the fees and expenses of indenture trustees separate and apart from the underlying bond debt and the same should be done here.[8] The Senior Notes Trustee will

---

[7] The Senior Notes Trustee acts on behalf of all holders of the Senior Notes, including holders of Senior Notes who did not sign the Noteholder RSA. Holders of Senior Notes may include sophisticated investment funds, hedge funds and/or ordinary individuals.

[8] The Debtors are solvent and capable of paying allowed claims in full. The Senior Notes Trustee contends the

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

address such arguments at confirmation and reserves all rights thereto with respect to any issue or objection to confirmation, which it will raise at the appropriate time.

## CONCLUSION

In sum, BOKF objects to the Disclosure Statement as failing to provide "adequate information" sufficient to allow the Impaired Noteholders to make an informed judgment about the Plan and requests that the Court deny its approval unless the Trustee's Requested Disclosures are incorporated.

Dated: March 6, 2020  **ARENT FOX LLP**

By: */s/ Aram Ordubegian*
Aram Ordubegian (SBN 185142)
Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)

*Counsel for BOKF, NA, solely in its capacity as Indenture Trustee*

---

Debtors' failure to fully satisfy the Senior Notes Trustee Fees as a direct claim would constitute a violation of the "absolute priority rule" of section 1129(b)(2)(B) of the Bankruptcy Code.