| | |
|---|---|
| 1 | **LABATON SUCHAROW LLP** |
| 2 | Thomas A. Dubbs<br>Louis Gottlieb |
| 3 | Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway |
| 4 | New York, New York 10005 |

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Louis Gottlieb
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the
Proposed Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff
and the Proposed Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff
and the Proposed Class*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered) |
| ☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | **NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT** |

NOTICE IS HEREBY GIVEN that Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the United States District Court for the Northern District of California, on behalf of itself and the proposed class it represents in the Securities Litigation, together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, hereby appeals from the *Order (I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (II) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* entered on February 27, 2020 [ECF No. 5943] (the "**Rule 7023 Order**") and the related *Memorandum Decision Regarding Motion to Apply Rule 7023* entered on February 24, 2020 [ECF No. 5887] (the "**Rule 7023 Memorandum**"). Copies of the foregoing are attached hereto as **Exhibit A** and **Exhibit B** respectively.

Pursuant to 28 U.S.C. § 158(c) and Bankruptcy Rule 8005(a), Lead Plaintiff elects to have its appeal from the Rule 7023 Order and Rule 7023 Memorandum heard by the United States District Court for the Northern District of California rather than by the Bankruptcy Appellate Panel for the Ninth Circuit.

The names of all parties to the Rule 7023 Order and Rule 7023 Memorandum other than Lead Plaintiff, and the names, addresses, and telephone numbers of their respective attorneys, are:

| Party | Counsel |
|---|---|
| Debtors | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| | Ray C. Schrock, P.C. (*pro hac vice*) |
| | Jessica Liou (*pro hac vice*) |
| | Matthew Goren (*pro hac vice*) |
| | 767 Fifth Avenue |
| | New York, NY 10153-0119 |
| | Telephone: 212 310 8000 |
| | Fax: 212 310 8007 |
| | stephen.karotkin@weil.com |
| | ray.schrock@weil.com |
| | jessica.liou@weil.com |
| | matthew.goren@weil.com |
| | |
| | KELLER BENVENUTTI KIM LLP |
| | Tobias S. Keller (#151445) |
| | Jane Kim (#298192) |
| | 650 California Street, Suite 1900 |
| | San Francisco, CA 94108 |
| | Telephone: 415 496 6723 |
| | Fax: 650 636 9251 |
| | tkeller@kellerbenvenutti.com |
| | jkim@kellerbenvenutti.com |
| Official Committee of Tort Claimants | BAKER & HOSTETLER LLP |
| | Robert A. Julian (SBN 88469) |
| | Cecily A. Dumas (SBN 111449) |
| | 1160 Battery Street, Suite 100 |
| | San Francisco, CA 94111 |
| | Telephone: 628 208 6434 |
| | Fax: 310 820 8859 |
| | rjulian@bakerlaw.com |
| | cdumas@bakerlaw.com |
| | |
| | BAKER & HESTETLER LLP |
| | Eric E. Sagerman (SBN 155496) |
| | David J. Richardson (SBN 168592) |
| | Lauren T. Attard (SBN 320898) |
| | 11601 Wilshire Blvd., Suite 1400 |
| | Los Angeles, CA 90025-0509 |
| | Telephone: 310 442 8875 |
| | Fax: 310 820 8859 |
| | esagerman@bakerlaw.com |
| | drichardson@bakerlaw.com |
| | lattard@bakerlaw.com |

1

Dated: March 6, 2020

2

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

3

By: _/s/ Randy Michelson_
Randy Michelson (SBN 114095)

4

5

*Bankruptcy Counsel to Lead Plaintiff and the Class*

6

- and -

7

**LABATON SUCHAROW LLP**

8

*Lead Counsel to Lead Plaintiff and the Class*

9

10

- and -

11

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

12

*Liaison Counsel for the Class*

13

14

- and -

15

**ROBBINS GELLER RUDMAN & DOWD LLP**

16

*Counsel for the Securities Act Plaintiffs*

17

- and -

18

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

19

20

*Additional Counsel for the Securities Act Plaintiffs*

21

22

23

24

25

26

27

28

# EXHIBIT A



**Entered on Docket
February 27, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Ray C. Schrock, P.C. (*pro hac vice*)
3  (ray.schrock@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007
8

Signed and Filed: February 27, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

9  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
10 (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
11 (jkim@kellerbenvenutti.com)
   650 California Street, Suite 1900
12 San Francisco, CA 94108
   Tel: 415 496 6723
13 Fax: 650 636 9251
14

15 *Attorneys for Debtors and Debtors in Possession*

16          **UNITED STATES BANKRUPTCY COURT**
17          **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
18

19 |                                      | Bankruptcy Case No. 19-30088 (DM)
20 | **In re:**                           |
                                          | Chapter 11 (Lead Case) (Jointly Administered)
21 | **PG&E CORPORATION,**                |
   |    - and -                           | **ORDER (I) DENYING SECURITIES LEAD**
22 |                                      | **PLAINTIFF'S MOTION TO APPLY**
   | **PACIFIC GAS AND ELECTRIC**         | **BANKRUPTCY RULE 7023 TO CLASS PROOF**
23 | **COMPANY,**                         | **OF CLAIM AND (II) EXTENDING BAR DATE**
   |                                      | **FOR CERTAIN HOLDERS OF SECURITIES**
24 |                         **Debtors.** | **CLAIMS FOR RESCISSION OR DAMAGES**
25 | ☐ Affects PG&E Corporation           | **Re: Docket Nos. 5042, 5369, 5375**
   | ☐ Affects Pacific Gas and Electric   |
26 | Company                              |
   | ☒ Affects both Debtors               |
27 |                                      |
28 | * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* |

The Court having considered the *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim*, dated December 9, 2019 [Docket No. 5042] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**7023 Motion**") filed by the Public Employees Retirement Association of New Mexico (the "**Lead Plaintiff**" or "**PERA**"), and the objections and responses to the 7023 Motion filed by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and the Official Committee of Tort Claimants (the "**Tort Claimants Committee**") [Docket Nos. 5369 and 5375]; and the Court having held a hearing on January 29, 2020, to hear argument and consider the relief requested in the 7023 Motion; and the Court having issued a *Tentative Ruling Regarding Motion to Apply Rule 7023 and Order Setting Deadline* on February 3, 2020 [Docket No. 5604] (the "**Tentative Ruling**"), in which the Court requested additional briefing as to why an extension of the October 21, 2019 deadline for filing proofs of claim in the Chapter 11 Cases (the "**Original Bar Date**"), as previously established by Order of the Court dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), would not be preferable to the allowance of a class proof of claim as requested by the Lead Plaintiff; and the Court having considered the subsequent pleadings submitted in response to the Tentative Ruling and having issued its *Memorandum Decision Regarding Motion to Apply Rule 7023* [Docket No. 5887] and the *Court's Intention Re: Proposed Order* [Docket No. 5888]; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.　　The 7023 Motion is denied.

2.　　The Original Bar Date will be extended to **Midnight on April 16, 2020 (Prevailing Pacific Time)** (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities (the "**Securities Claimants**") that purchased or acquired the Debtors' publicly traded debt and/or equity securities identified on **Exhibit A** hereto (the debt securities listed therein, the "**Debt Securities**"; the equity securities listed therein, the "**Equity Securities**"; and together, the "**Debt or Equity Securities**") during the period from April 29, 2015 through

November 15, 2018, inclusive, and who may have claims under the securities laws against the Debtors for rescission or damages (the "**Rescission or Damage Claims**").

3.    The form of notice of the Extended Securities Claims Bar Date, substantially in the form annexed hereto as **<u>Exhibit B</u>** (the "**Rescission or Damage Claim Bar Date Notice**"), is hereby approved.

4.    Any holders of Rescission or Damage Claims shall be required to file Rescission or Damage Proofs of Claim prior to the Extended Securities Claims Bar Date utilizing the customized proof of claim form, substantially in the form annexed hereto as **<u>Exhibit C</u>** (the "**Rescission or Damage Claim Proof of Claim Form**"), which Rescission or Damage Claim Proof of Claim Form conforms substantially to Official Bankruptcy Form 410 and is hereby approved.[1]

5.    Within two (2) business days of the entry of this Order, the indenture trustee(s) for the Debt Securities and the transfer agent(s) for the Equity Securities shall provide to the Debtors the list(s) of all registered holders of the Debt Securities (if any) and Equity Securities that purchased the Debt or Equity Securities during the period from April 29, 2015 through November 15, 2018, inclusive. Further, within eight (8) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Rescission or Damage Claim Proof of Claim Form, and (ii) the Rescission or Damage Claim Bar Date Notice, to all registered holders of the Debt or Equity Securities from April 29, 2015 through November 15, 2018 to the extent available and as provided by the Debtors' indenture trustee(s) and transfer agent(s), respectively.

6.    In addition, within two (2) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Rescission or Damage Claim Proof of Claim Form, and (ii) the Rescission or Damage Claim Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have purchased the Debt or Equity Securities in "street name" on behalf of the underlying beneficial owners of those Debt or Equity Securities during the period

---

[1] Official Bankruptcy Form No. 410 can be found at http://www.uscourts.gov/forms/bankruptcyforms/ proof-claim-0, the Official Website for the United States Bankruptcy Courts.

from April 29, 2015 through November 15, 2018, inclusive (collectively, including their agents, the "**Nominees**"). With their mailing, the Debtors shall include instructions to the Nominees concerning the requirements in subparagraphs (a) – (c) below.

(a)     Such Nominees SHALL EITHER: (i) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors are ordered to send the notices and claim forms promptly to such identified beneficial owners.

(b)     Nominees who elect to send the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form to their beneficial owners **SHALL ALSO** send a statement to the Debtors confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these Chapter 11 Cases.

(c)     If it is the Nominee's customary and accepted practice to forward such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices, **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the materials, in lieu of sending actual printed copies of the Rescission or Damage Claim Proof of Claim Form and the Rescission or Damage Claim Bar Date Notice.

7.      The Debtors shall post the Rescission or Damage Claim Bar Date Notice and the Rescission or Damage Claim Proof of Claim Form on the website maintained by Prime Clerk, LLC ("**Prime Clerk**"), the Court- appointed claims and noticing agent in these Chapter 11 Cases, at https://restructuring.primeclerk.com/pge/ (the "**Case Website**").

8.      A Rescission or Damage Claim Proof of Claim Form submitted by a Securities Claimant shall be deemed timely filed if it is **actually received** **on or before Midnight on April 16, 2020 (Prevailing Pacific Time)** by Prime Clerk (i) via first class mail, overnight courier, or hand delivery at the addresses set forth in the Rescission or Damage Claim Bar Date Notice, or (ii) electronically through the Electronic Filing System on the Case Website, as described in the Rescission or Damage Claim Bar Date Notice. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) will not be accepted; *provided, however*, that institutions with more than 100 transactions in the Debt or Equity Securities may contact Prime Clerk for instructions on how to file their claims electronically.

9.      Any Securities Claimant must file, or have their authorized agent or attorney file, a Rescission or Damage Claim Proof of Claim Form on account of such claimant's Rescission or Damage Claim even if such claimant may be included in, or represented by, a purported class action, class suit, class Proof of Claim, or similar representative action filed against the Debtors with respect to such claimant's Rescission or Damage Claim.

10.      Notice of the Extended Securities Claim Bar Date as provided herein shall be deemed good and sufficient notice to all Securities Claimants of the requirement to file a Rescission or Damage Claim by the Extended Securities Claim Bar Date. Securities Claimants who do not file a Rescission or Damage Claim by the Extended Securities Claim Bar Date may not vote or receive a distribution under any Plan of Reorganization on account of such Claim, and such Claim will be subject to discharge. If such Rescission or Damage Claim is discharged, the Securities Claimant will be forever barred and prevented from asserting the Rescission or Damage Claim against the Debtors or their property.

1      11.     Any person or entity who has already filed a Rescission or Damage Claim with

2   Prime Clerk against the Debtors utilizing a claim form that substantially conforms to the

3   Rescission or Damage Claim Proof of Claim Form or Official Form No. 410 is not required to

4   file another Proof of Claim Form on account of such Claim.

5      12.     The Debtors are authorized to take all steps necessary or appropriate to carry out

6   this Order.

7      13.     This Court shall retain jurisdiction to hear and determine all matters arising from

8   or related to the implementation, interpretation, or enforcement of this Order.

9                          ** END OF ORDER **

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## The Debt or Equity Securities

| Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|
| PG&E Corp | Common Stock (including any option contracts related thereto) | 69331C108 | US69331C1080 |
| Pacific Gas & Electric Co | Preferred 6% Dividend PERPETUAL | 694308206 | US6943082064 |
| Pacific Gas & Electric Co | Preferred 5 PERP/CALL | 694308503 | US6943085034 |
| Pacific Gas & Electric Co | Preferred 5.5 PERPETUAL | 694308305 | US6943083054 |
| Pacific Gas & Electric Co | Preferred 4.36 PERP/CALL | 694308883 | US6943088830 |
| Pacific Gas & Electric Co | Preferred 4.5 PERP/CALL | 694308800 | US6943088004 |
| Pacific Gas & Electric Co | Preferred 4.8 PERP/CALL | 694308701 | US6943087014 |
| Pacific Gas & Electric Co | Preferred 5 PERP/CALL | 694308602 | US6943086024 |
| Pacific Gas & Electric Co | Preferred 5 PERPETUAL | 694308404 | US6943084045 |
| Pacific Gas & Electric Co | 3.95% due 12/1/2047 | 694308HY6 | US694308HY69 |
| Pacific Gas & Electric Co | 3.95% due 12/1/2047 | 694308HX8 | US694308HX86 |
| Pacific Gas & Electric Co | 3.95% due 12/1/2047 | U69430AF0 | USU69430AF01 |
| Pacific Gas & Electric Co | 4% due 12/1/2046 | 694308HR1 | US694308HR19 |
| Pacific Gas & Electric Co | 4.25% due 3/15/2046 | 694308HN0 | US694308HN05 |
| Pacific Gas & Electric Co | 4.75% due 2/15/2044 | 694308HH3 | US694308HH37 |
| Pacific Gas & Electric Co | 4.3% due 3/15/2045 | 694308HL4 | US694308HL49 |
| Pacific Gas & Electric Co | 5.125% due 11/15/2043 | 694308HF7 | US694308HF70 |
| Pacific Gas & Electric Co | 4.6% due 6/15/2043 | 694308HD2 | US694308HD23 |
| Pacific Gas & Electric Co | 3.75% due 8/15/2042 | 694308HA8 | US694308HA83 |
| Pacific Gas & Electric Co | 4.45% due 4/15/2042 | 694308GZ4 | US694308GZ44 |
| Pacific Gas & Electric Co | 4.5% due 12/15/2041 | 694308GY7 | US694308GY78 |
| Pacific Gas & Electric Co | 5.4% due 1/15/2040 | 694308GS0 | US694308GS01 |
| Pacific Gas & Electric Co | 6.25% due 3/1/2039 | 694308GQ4 | US694308GQ45 |
| Pacific Gas & Electric Co | 6.35% due 2/15/2038 | 694308GM3 | US694308GM31 |
| Pacific Gas & Electric Co | 5.8% due 3/1/2037 | 694308GJ0 | US694308GJ02 |
| Pacific Gas & Electric Co | 5.8% due 3/1/2037 | 694308GK7 | US694308GK74 |
| Pacific Gas & Electric Co | 6.05% due 3/1/2034 | 694308GE1 | US694308GE15 |
| Pacific Gas & Electric Co | 6.05% due 3/1/2034 | 694308GH4 | US694308GH46 |
| Pacific Gas & Electric Co | 4.65% due 8/1/2028 | 694308JA6 | US694308JA65 |
| Pacific Gas & Electric Co | 4.65% due 8/1/2028 | U69430AH6 | USU69430AH66 |
| Pacific Gas & Electric Co | 3.3% due 12/1/2027 | 694308HW0 | US694308HW04 |

| Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|
| Pacific Gas & Electric Co | 3.3% due 12/1/2027 | U69430AE3 | USU69430AE36 |
| Pacific Gas & Electric Co | 3.3% due 12/1/2027 | 694308HV2 | US694308HV21 |
| Pacific Gas & Electric Co | 3.3% due 3/15/2027 | 694308HS9 | US694308HS91 |
| Pacific Gas & Electric Co | 2.95% due 3/1/2026 | 694308HP5 | US694308HP52 |
| Pacific Gas & Electric Co | 3.5% due 6/15/2025 | 694308HM2 | US694308HM22 |
| Pacific Gas & Electric Co | 3.4% due 8/15/2024 | 694308HK6 | US694308HK65 |
| Pacific Gas & Electric Co | 3.75% due 2/15/2024 | 694308HG5 | US694308HG53 |
| Pacific Gas & Electric Co | 3.85% due 11/15/2023 | 694308HE0 | US694308HE06 |
| Pacific Gas & Electric Co | 4.25% due 8/1/2023 | 694308HZ3 | US694308HZ35 |
| Pacific Gas & Electric Co | 4.25% due 8/1/2023 | U69430AG8 | USU69430AG83 |
| Pacific Gas & Electric Co | 3.25% due 6/15/2023 | 694308HC4 | US694308HC40 |
| Pacific Gas & Electric Co | 2.45% due 8/15/2022 | 694308HB6 | US694308HB66 |
| Pacific Gas & Electric Co | 3.25% due 9/15/2021 | 694308GW1 | US694308GW |
| Pacific Gas & Electric Co | 4.25% due 5/15/2021 | 694308GV3 | US694308GV30 |
| Pacific Gas & Electric Co | 3.5% due 10/1/2020 | 694308GT8 | US694308GT83 |
| CA INFRA ECON DEV-F | Municipal Bond 1.75% due 11/1/2026 | 13034ASX9 | US13034ASX99 |
| CALIFORNIA ST INFRAST | Municipal Bond 1.75% due 11/1/2026 | 13034ASZ4 | US13034ASZ48 |
| CA PCR DLY PAPER-PACI | Municipal Bond 4% due 11/1/2026 | 130534XA3 | US130534XA35 |
| CA PCR VAR-REF-B-PACI | Municipal Bond 3.5% due 11/1/2026 | 130534XL9 | US130534XL99 |
| CA PCR DLY-PAC-E-CONV | Municipal Bond 3.5% due 11/1/2026 | 130534XX3 | US130534XX38 |
| CA INFRA-RF-VAR-A-PAC | Municipal Bond 3.75% due 11/1/2026 | 13033W3H4 | US13033W3H41 |
| CA PCR DLY-REF-F-PACI | Municipal Bond 3.25% due 11/1/2026 | 130534XD7 | US130534XD73 |
| CA INFR-VR-RF-B-PACIF | Municipal Bond 3.75% due 11/1/2026 | 13033W3J0 | US13033W3J07 |
| CA PCR VAR CAPCO MADR | Municipal Bond ADJ% due 9/1/2019 | 130535BA4 | US130535BA48 |
| CA POLLUTN-REF-C-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZR4 | US130534ZR42 |
| SOLANO IRR REF-MONTIC | Municipal Bond 5.47% due 1/1/2020 | 834125BC9 | US834125BC98 |
| SOLANO IRR DIST DIV 1 | Municipal Bond 9.15% due 1/1/2020 | 834125AN6 | US834125AN62 |
| SOLANO IRR-UNREF-#2 | Municipal Bond 9.25% due 1/1/2020 | 834125BG0 | US834125BG03 |
| SOLANO IRR DIST DIV 2 | Municipal Bond 9.25% due 1/1/2020 | 834125AM8 | US834125AM89 |

| Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|
| Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308EV5 | US694308EV57 |
| Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FF9 | US694308FF98 |
| Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308EX1 | US694308EX14 |
| Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FR3 | US694308FR37 |
| Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FZ5 | US694308FZ52 |
| Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308EM5 | US694308EM58 |
| Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308ET0 | US694308ET02 |
| Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308FQ5 | US694308FQ53 |
| Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308FY8 | US694308FY87 |
| Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EP8 | US694308EP89 |
| Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EL7 | US694308EL75 |
| Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308FM4 | US694308FM40 |
| Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308FG7 | US694308FG71 |
| Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EK9 | US694308EK92 |
| Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308EF0 | US694308EF08 |
| Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308EJ2 | US694308EJ20 |
| Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308FX0 | US694308FX05 |
| Pacific Gas & Electric Co | 8.8% due 5/1/2024 | 694308DV6 | US694308DV66 |
| Pacific Gas & Electric Co | 7.05% due 3/1/2024 | 694308FB8 | US694308FB84 |
| Pacific Gas & Electric Co | 7.05% due 3/1/2024 | 694308FP7 | US694308FP70 |
| Pacific Gas & Electric Co | 6.75% due 10/1/2023 | 694308EY9 | US694308EY96 |
| Pacific Gas & Electric Co | 6.75% due 10/1/2023 | 694308EZ6 | US694308EZ61 |
| Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EQ6 | US694308EQ62 |
| Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EG8 | US694308EG80 |
| Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EN3 | US694308EN32 |
| Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308FJ1 | US694308FJ11 |
| Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308FW2 | US694308FW22 |
| Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | 694308HU4 | US694308HU48 |
| Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | 694308HT7 | US694308HT74 |
| Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | U69430AD5 | USU69430AD52 |
| Pacific Gas & Electric Co | 8.25% due 10/15/2018 | 694308GN1 | US694308GN14 |
| Pacific Gas & Electric Co | 5.625% due 11/30/2017 | 694308GL5 | US694308GL57 |
| Pacific Gas & Electric Co | 1.51778% due 11/30/2017 | 694308HQ3 | US694308HQ36 |
| Pacific Gas & Electric Co | 0.45835% due 5/11/2015 | 694308HJ9 | US694308HJ92 |
| CA INFRA-RF-E-PACIFIC | Municipal Bond 2.25% due 11/1/2026 | 13033W3Z4 | |
| CA INFRA-RF-C-PACIFIC | Municipal Bond due 12/1/2016 | 13033W3G6 | |

| Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|
| CA POLLUTN-REF-A-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZP8 | |
| CA INFRA REF-GAS-F | Municipal Bond 3.75% due 11/1/2026 | 13033WU84 | |
| CA INFRA-RF-D-PACIFIC | Municipal Bond due 12/1/2016 | 13033W3K7 | |
| CA ECON-VAR-RF-E-3/11 | Municipal Bond ADJ% due 11/1/2026 | 13033WF81 | |
| CA INFRA VAR-B-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WSA2 | |
| CA DEV VAR-A-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WG31 | |
| CA INFRA VAR-A-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WRZ8 | |
| CA PCR DLY-REF-G-PACI | Municipal Bond ADJ% due 2/1/2016 | 130534XE5 | |
| CA ECON-VAR-RF-F-3/12 | Municipal Bond ADJ% due 11/1/2026 | 13033WF99 | |
| CA DEV VAR-C-PACIFIC | Municipal Bond due 12/1/2016 | 13033WG56 | |
| CA INFRA VAR-F-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WSE4 | |
| CA PCR-REF-A-PAC | Municipal Bond 5.35% due 12/1/2016 | 130534WY2 | |
| CA POLLUTN-REF-D-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZS2 | |
| CA ECON-VAR-RF-D-3/11 | Municipal Bond due 12/1/2016 | 13033WF73 | |
| CA ECON-VAR-RF-3/14 | Municipal Bond due 12/1/2018 | 13033WG23 | |
| CA DEV VAR-B-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WG49 | |
| CA INFRA VAR-C-PACIFI | Municipal Bond due 12/1/2016 | 13033WSB0 | |
| CA INFRA VAR-D-PACIFI | Municipal Bond due 12/1/2016 | 13033WSC8 | |
| CA INFRA VAR-E-PACIFI | Municipal Bond due 12/1/2016 | 13033WSD6 | |
| CA INFRA VAR-G-PACIFI | Municipal Bond due 12/1/2018 | 13033WSF1 | |
| CA INFRA VAR-GAS-PACIFI | Municipal Bond due 12/1/2018 | 13033WU92 | |

| Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|
| CA INFRA VAR-REF-PACI | Municipal Bond ADJ% due 11/1/2026 | 13033WW25 | |
| CA INFRA VAR-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WW33 | |
| CA INFRA VAR-PACIFIC | Municipal Bond due 12/1/2016 | 13033WW41 | |
| CA INFRA VAR-PACIFIC | Municipal Bond due 12/1/2016 | 13033WW58 | |
| CA POLLUTN-REF-B-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZQ6 | |
| NEVADA IRR YUBA PAC | Municipal Bond 3.75% due 7/1/2013 | 641321BT0 | |
| CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534A83 | |
| CA POOLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B25 | |
| CA POOLT-PCS GAS REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B33 | |
| CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B66 | |
| CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534A91 | |
| SOLANO IRR-REF-MONTIC | Municipal Bond 5.29% due 1/1/2016 | 834125AY2 | |
| SOLANO IRR-UNREF-#2 | Municipal Bond 9.15% due 1/1/2020 | 834125BF2 | |

1                          **Exhibit B**

2          **The Rescission or Damage Claim Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| In re: | Bankruptcy Case No. 19-30088 (DM) |
|---|---|
| **PG&E CORPORATION,** | Chapter 11 (Lead Case) |
| - and - | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF EXTENDED DEADLINE FOR FILING CERTAIN SECURITIES CLAIMS FOR RESCISSION OR DAMAGES** |
| **Debtors.** | |

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| PG&E Corporation (4914) | 19-30088 (DM) |
| Pacific Gas and Electric Company (2640) | 19-30089 (DM) |

**TO ALL THOSE WHO PURCHASED OR ACQUIRED PG&E PUBLICLY TRADED DEBT OR EQUITY SECURITIES DURING THE PERIOD**
**APRIL 29, 2015 THROUGH NOVEMBER 15, 2018**

**IMPORTANT COURT ORDERED NOTICE**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE PURCHASED OR ACQUIRED SECURITIES OF PG&E CORPORATION, PACIFIC GAS AND ELECTRIC COMPANY, OR BOTH, FROM APRIL 29, 2015 THROUGH NOVEMBER 15, 2018 (INCLUSIVE) AND MAY BE ENTITLED TO A RECOVERY IN THE PG&E CHAPTER 11 CASES.**

**YOU HAVE BEEN GIVEN ADDITIONAL TIME BY THE BANKRUPTCY COURT TO FILE A CLAIM IN THE PG&E CHAPTER 11 CASES FOR RESCISSION OR DAMAGES BASED UPON YOUR PURCHASE OR ACQUISITION OF SUCH SECURITIES. IF YOU WISH TO FILE SUCH A CLAIM, PLEASE FOLLOW THE INSTRUCTIONS BELOW.**

**ADDITIONAL INFORMATION IS AVAILABLE ONLINE AT:**

**https://restructuring.primeclerk.com/PGE/EPOC-Index**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("**Debtors**") each filed for relief under Chapter 11 of the Bankruptcy Code. Later, the Court set a deadline of October 21, 2019, for creditors to file proofs of claim with respect to prepetition claims against the Debtors ("**Original Bar Date**"). That deadline was later extended to December 31, 2019

for claims to be filed based upon the widely-publicized deadly and damaging wildfires that occurred in 2015, 2017 and 2018 in Northern California.

On January 31, 2020, the Debtors filed their latest proposed Chapter 11 Plan of Reorganization [Docket No. 5590] and then on February 7, 2020, their Proposed Disclosure Statement to accompany that Plan [Docket No. 5700]. When approved by the Court, the Disclosure Statement will set forth relevant information to assist creditors and shareholders whose claims or equity interests will be affected by the Plan to determine whether to vote for or against it. The Debtors have begun the process of notifying creditors and current shareholders of the schedule for approval of the Proposed Disclosure Statement, the deadline for submission of ballots for or against the Plan (May 15, 2020), the deadline for filing objections to confirmation of the Plan (May 15, 2020), and other relevant information. [*See* Docket Nos. 5733 and 5835].

The procedures for sending and publishing notice of the Original Bar Date were extensive but the Court has concluded that they did not adequately notify prospective creditors, like investors, who may have claims that are based on their belief that they have suffered losses as a result of alleged inadequate or fraudulent disclosure or non-disclosure of information about the Debtors that may have led them to purchase publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018, inclusive ("**Rescission or Damage Claims**"). For this reason, **April 16, 2020 at Midnight (Prevailing Pacific Time),** has been fixed by the Court as the extended deadline to file Rescission or Damage Claims. **IF YOU HAVE A RESCISSION OR DAMAGE CLAIM AGAINST ONE OR BOTH OF THE DEBTORS, YOU MUST FILE A CUSTOMIZED PROOF OF CLAIM FORM (THE "RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM") SO THAT IT IS RECEIVED ON OR BEFORE MIDNIGHT ON APRIL 16, 2020 (PREVAILING PACIFIC TIME) OR YOUR CLAIM AGAINST THE DEBTORS WILL BE DISCHARGED AND FOREVER BARRED.**

The Plan presently classifies Rescission or Damage Claims of purchasers of debt securities separately from purchasers of equity securities. Regardless of which type of security was purchased, Section 510(b) of the Bankruptcy Code subordinates (places lower) Rescission or

Damage Claims based upon purchases of debt securities to all other creditors; and it also subordinates Rescission or Damage Claims based upon purchases of equity securities even lower, to the same level of treatment as holders of other equity securities.

The Debtors have advised the Court and represented in their Plan and Proposed Disclosure Statement that allowed Rescission or Damage Claims based upon purchases of debt securities they issued will be UNIMPAIRED (meaning they will be paid in full under the Plan). Thus holders of Rescission or Damage Claims based upon purchases of debt securities will not vote for or against the Plan and they will not be provided a Disclosure Statement. Thus, the fact that the current deadline for filing objections to the Proposed Disclosure Statement will have passed before April 16, 2020 should not affect those claimholders. Still, **holders of Rescission or Damage Claims must file proofs of claim by no later than Midnight on April 16, 2020 (Prevailing Pacific Time).**

The Plan also provides that it does IMPAIR holders of equity securities and any Rescission or Damage Claims that are based on the purchase of equity securities of PG&E Corporation (meaning allowed claims or interests based upon equity securities will not be paid in full). The fact that the deadline to object to the adequacy of the Proposed Disclosure Statement will occur before April 16, 2020 is a concern of the Court that must be dealt with in the coming weeks. Parties affected will be given notice in the future, possibly with the notice of the hearing on Confirmation of the Plan and the deadline to file objections. Nevertheless, **all holders of Rescission or Damage Claims must file proofs of claim by Midnight on April 16, 2020 (Prevailing Pacific Time)**.

The following deadlines are also provided for all parties' information:

| | |
|---|---|
| May 15, 2020 at 4:00 p.m. | Deadline for (i) submitting Ballots to accept or reject the Plan and (ii) filing and serving objections to Plan confirmation. |
| May 19, 2020 at 10:00 a.m. | Pre-confirmation scheduling conference. |
| May 22, 2020 at 4:00 p.m. | Deadline for Debtors, Shareholder Proponents, and other parties in interest to file replies to Plan confirmation |

objections.

May 27, 2020 at 10:00 a.m.     First day of Confirmation Hearing.

**<u>WHO MUST SUBMIT A RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM</u>**

You may have a Rescission or Damage Claim against either of the Debtors if you purchased or acquired PG&E's publicly traded debt and/or equity securities from April 29, 2015 through November 15, 2018, inclusive.  If you believe you have suffered losses as a result of allegedly false statements and omissions and other conduct by the Debtors you or your authorized agent or attorney **MUST** file a Rescission or Damage Claim Proof of Claim Form **so that it is actually received on or before Midnight on April 16, 2020 (Prevailing Pacific Time)** utilizing the enclosed, customized claim form.  **IF YOU DO NOT, YOUR CLAIM AGAINST THE DEBTORS MAY BE DISCHARGED AND FOREVER BARRED.**

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  **The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.**

You **DO NOT** need to file another Proof of Claim if you already filed a Proof of Claim on account of your Rescission or Damage Claim in the Chapter 11 Cases.  You also **DO NOT** need to file a Proof of Claim if you did not purchase or acquire publicly traded debt or equity securities of the Debtors from April 29, 2015 through November 15, 2018 and your claim is based solely on your current and continuous ownership of such securities.

**YOU OR YOUR AUTHORIZED AGENT OR ATTORNEY MUST FILE A RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM ON ACCOUNT OF YOUR RESCISSION OR DAMAGE CLAIM EVEN IF YOU MAY BE INCLUDED IN, OR REPRESENTED BY, A PURPORTED CLASS ACTION, CLASS SUIT, CLASS PROOF OF CLAIM, OR SIMILAR REPRESENTATIVE ACTION FILED AGAINST THE DEBTORS WITH RESPECT TO YOUR CLAIM.**

### PROCEDURES FOR FILING A RESCISSION OR
### <u>DAMAGE CLAIM PROOF OF CLAIM FORM</u>

**ALL RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORMS MUST BE FILED SO AS TO BE <u>ACTUALLY RECEIVED</u> ON OR BEFORE MIDNIGHT ON APRIL 16, 2020 (PREVAILING PACIFIC TIME) AS FOLLOWS:**

| **If electronically:** | **If by first class mail:** |
|---|---|
| Through the website established by the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), located at https://restructuring.primeclerk.com/pge (the "**Case Website**"), using the interface available under the linked entitled "Submit a Claim" (the "**Electronic Filing System**"). | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station, PO Box 4850 New York, NY 10163-4850 |
| | **If by overnight courier or hand delivery:** |
| Claimants with more than 100 transactions in the Debtors' securities may contact Prime Clerk for instructions on how to file their claims electronically. | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 Third Avenue, Suite 412 Brooklyn, NY 11232 |

Rescission or Damage Claim Proof of Claim Forms will be deemed timely filed only when <u>actually received</u> at the addresses listed above or via the Electronic Filing System, on or before Midnight on April 16, 2020 (Prevailing Pacific Time). If you submit a Rescission or Damage Claim Proof of Claim Form via the Electronic Filing System, you will receive an email confirmation generated by the Electronic Filing System with an image of your filed Rescission or Damage Claim Proof of Claim Form. **Rescission or Damage Proof of Claim Forms may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed**

**electronically through the Electronic Filing System).** Additional Rescission or Damage Claim Proof of Claim Forms and instructions may be obtained from Prime Clerk at the Case Website.

All Rescission or Damage Claim Proof of Claim Forms must be **<u>signed</u>** by the claimant or an authorized agent of the claimant. It must be written in English and the amount, if known, must be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your Rescission or Damage Claim Proof of Claim Form must **<u>not</u>** contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits), a complete birth date (only the year), the name of a minor (include only the minor's initials), or a financial account number (only the last four (4) digits of such account number). This information must be redacted from your claim form.

**IF YOU ARE ASSERTING A RESCISSION OR DAMAGE CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR** AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR RESCISSION OR DAMAGE CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S CHAPTER 11 CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

<u>YOU MUST CHECK ALL CUSIP NUMBERS ON ANNEX A, PART I OF THE RESCISSION OR DAMAGE CLAIM PROOF A CLAIM FORM THAT ARE THE BASIS OF YOUR CLAIM. FOR EACH CUSIP LISTED ON ANNEX A, PART I, YOU MUST ALSO SUBMIT A SEPARATE CORRESPONDING ANNEX A, PART II. (FOR EXAMPLE, IF YOU ARE ASSERTING A RESCISSION OR DAMAGE CLAIM ON ACCOUNT OF THREE (3) CUSIPS, YOU MUST SUBMIT THREE (3) CORRESPONDING VERSIONS OF ANNEX A, PART II. ANY RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM THAT LACKS A CHECKED BOX ON ANNEX A, PART I WILL BE DEEMED INVALID.</u>

**<u>CONSEQUENCES OF FAILING TO FILE A RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM BY MIDNIGHT ON APRIL 16, 2020 (PREVAILING PACIFIC TIME)</u>**

**THE EXTENDED DEADLINE FOR FILING RESCISSION OR DAMAGE CLAIMS IS MIDNIGHT ON APRIL 16, 2020 (PREVAILING PACIFIC TIME). <u>ANY PERSON OR ENTITY WHO HAS A RESCISSION OR DAMAGE CLAIM AND DOES NOT FILE A RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM BY THAT DATE AND TIME MAY NOT VOTE OR RECEIVE A DISTRIBUTION UNDER ANY PLAN OF REORGANIZATION AND SUCH CLAIM WILL BE SUBJECT TO DISCHARGE. FURTHER, IF SUCH RESCISSION OR DAMAGE CLAIM IS DISCHARGED, THE POTENTIAL CLAIMANT WILL BE FOREVER BARRED AND PREVENTED FROM ASSERTING THE RESCISSION OR DAMAGE CLAIM AGAINST THE DEBTORS OR THEIR PROPERTY.</u>**

<u>**ADDITIONAL INFORMATION ON THE CHAPTER 11 CASES**</u>

Copies of all of the documents filed in the Chapter 11 Cases can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov, (ii) by contacting the Office of the Clerk of the Bankruptcy Court at 450 Golden Gate Avenue, San Francisco, CA 94102, or (iii) from Prime Clerk at the Case Website.  Note that a PACER password is needed to access documents on the Bankruptcy Court's website.  If you require additional information regarding this notice, you may contact Prime Clerk at (844) 627-5328 (toll free) for U.S.-based parties; at +1 (347) 226-7122 for International parties or by e-mail at: pgeinfo@primeclerk.com.

**Please note that Prime Clerk cannot provide legal advice. A holder of a potential Rescission or Damage Claim against the Debtors should consult an attorney with respect to any legal advice it believes it may need.**

<u>**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**</u>

If you purchased or acquired PG&E publicly traded debt and/or equity securities **during the period from April 29, 2015 through November 15, 2018, inclusive,** for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to Prime Clerk the name and last known address of each person or entity for whom or which you purchased or acquired the securities; or (b) request additional copies of this Notice and the Rescission or Damage Claim Proof of Claim Form from Prime Clerk, which will be provided

to you free of charge, and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. All communications concerning the foregoing should be addressed to Prime Clerk Prime Clerk at (844) 627-5328 (toll free) for U.S.-based parties; at +1 (347) 226-7122 for International parties or by e-mail at: pgeinfo@primeclerk.com.

Dated: February [•], 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER & BENVENUTTI LLP**

**Exhibit C**

**The Rescission or Damage Claim Proof of Claim Form**

WEIL:\97396775\3\67615.0013

**United States Bankruptcy Court, Northern District of California**

| |
|---|
| Fill in this information to identify the case (Select only one Debtor per claim form): |
| ❑ PG&E Corporation (19-30088) |
| ❑ Pacific Gas and Electric Company (19-30089) |

<u>Official Form 410</u>

# Rescission or Damage Claim Proof of Claim     04/19

This form is for purchasers of the Debtors' publicly traded debt and/or equity securities listed on Annex A during the period from April 29, 2015 through November 15, 2018, inclusive, who are asserting claims against the Debtors for rescission or damages under the securities laws and Section 510(b) of the Bankruptcy Code. Read the instructions before filing this Rescission or Damage Claim Proof of Claim Form.

> THIS FORM IS TO BE USED <u>ONLY</u> FOR CLAIMANTS THAT PURCHASED OR ACQUIRED THE DEBTORS' PUBLICLY TRADED DEBT AND/OR EQUITY SECURITIES LISTED ON ANNEX A FROM APRIL 29, 2015 THROUGH NOVEMBER 15, 2018 TO ASSERT CLAIMS FOR RESCISSION OR DAMAGES UNDER THE SECURITIES LAWS AND SECTION 510(b) OF THE BANKRUPTCY CODE AND NOT ANY OTHER CLAIMS.
>
> DO <u>NOT</u> USE THIS FORM TO ASSERT A CLAIM IF YOU DID NOT PURCHASE OR ACQUIRE PUBLICLY TRADED DEBT OR EQUITY SECURITIES OF THE DEBTORS FROM APRIL 29, 2015 THROUGH NOVEMBER 15, 2018 AND YOUR CLAIM IS BASED SOLELY ON YOUR CURRENT AND CONTINUOUS OWNERSHIP OF SUCH SECURITIES.

**Filers must leave out or partially redact SSNs/TINs/birthdates/names of minors/full account numbers.** Attach redacted copies of any documents that support the claim. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of January 29, 2019, the date these Chapter 11 Cases were filed.  For purposes of this form, "creditor" means the beneficial owner of the securities that form the basis of the claim**

| | **Identify the Claim** |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the Debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ❑ No <br> ❑ Yes. From whom? _____ |

Modified Official Form 410
WEIL:\97306954\6\67615.0013
Proof of Claim

| | |
|---|---|
| **3. Are you asserting a Claim for rescission or damages under the securities laws and Section 510(b) of the Bankruptcy Code?** | <u>Check the box below to indicate whether you are asserting a claim for rescission or damages under the securities laws and section 510(b) of the Bankruptcy Code, arising from the purchase and/or acquisition of the Debtors' publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018. You are directed to check only one box below:</u><br><br>❑ Debt Securities;<br><br>❑ Equity Securities; or<br><br>❑ Debt Securities and Equity Securities<br><br>**Please also check all applicable CUSIP(s) on Annex A, Part I (attached hereto) for the equity or debt securities to which this Proof of Claim applies (hereinafter "the Securities"). If you purchased/acquired multiple CUSIPs, you must make additional copies of Annex A, Part II, so that you submit a <u>separate</u> corresponding Annex A, Part II for each CUSIP, with the requested documentation.**<br><br>**In addition to completing this Rescission or Damage Claim Proof of Claim Form, including checking the appropriate boxes on Annex A, Part I and providing the detail in Annex A, Part II, you are also required to attach to this Rescission or Damage Claim Proof of Claim Form any applicable detail regarding your purchases/acquisition of the securities from April 29, 2015 through November 15, 2018.**<br><br>**Once you have completed Annex A, Part I and Part II, please affix them to this Rescission or Damage Claim Proof of Claim Form. If you are submitting your Proof of Claim electronically, you will be asked to scan all Annex A, Part I and Part II and supporting documentation. If you have numerous transactions to report in Annex A, Part II, Claimants with more than 100 transactions in the Debtors' securities may contact Prime Clerk for instructions on how to file their claims electronically** |

| | | |
|---|---|---|
| **4. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>_____<br>Name<br><br>_____<br>Number         Street<br><br>_____<br>City                  State              ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number         Street<br><br>_____<br>City                  State              ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |

| | |
|---|---|
| **5. Does this claim amend one already filed?** | ❑ No<br>❑ Yes.  Claim number on court claims registry (if known)_____        Filed on _____<br>                                                                     MM   / DD   / YYYY |
| **6. Do you know if anyone else has filed a proof of claim for this claim?** | ❑ No<br>❑ Yes. Who made the earlier filing? _____ |

Case: 19-30088    Doc# 6154-3    Filed: 03/03/20    Entered: 03/03/20 06:46:28    Page 23

**7. Do you have any number you use to identify the debtor?**

❏ No

❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**8. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❏ No

❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**9. Is all or part of the claim secured?**

❏ No

❏ Yes. The claim is secured by a lien on property.

**Nature of property:**

❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❏ Motor vehicle

❏ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❏ Fixed

❏ Variable

**10. Is this claim subject to a right of setoff?**

❏ No

❏ Yes. Identify the property: _____

Modified Official Form 410                         Proof of Claim

WEIL:\97396953\6\67615.0013

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name            Middle name                    Last name

Title _____

Company _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
          Number        Street

          _____
          City                                State        ZIP Code

Contact phone _____        Email _____

Case: 19-30088   Doc# 6196-4   Filed: 03/09/20   Entered: 03/09/20 06:40:28   Page 30 of 41
WEIL:\97599975\16\67615.0013
Modified Official Form 410                    Proof of Claim

**IF SUBMITTING YOUR RECSISSION OR DAMAGE CLAIM PROOF OF CLAIM THROUGH PRIME CLERK'S ELECTRONIC PORTAL, THIS ANNEX (ALONG WITH ALL OTHER SUPPORTING DOCUMENTATION) WILL NEED TO BE SCANNED**

# Annex A
## Part I

**Check all relevant boxes below.  If you purchased multiple CUSIPs, you must make additional copies of Part II.**

| Check One Box Below | Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|---|
| ☐ | PG&E Corp | Common Stock (including any contract options related thereto) | 69331C108 | US69331C1080 |
| ☐ | Pacific Gas & Electric Co | Preferred 6% Dividend PERPETUAL | 694308206 | US6943082064 |
| ☐ | Pacific Gas & Electric Co | Preferred 5 PERP/CALL | 694308503 | US6943085034 |
| ☐ | Pacific Gas & Electric Co | Preferred 5.5 PERPETUAL | 694308305 | US6943083054 |
| ☐ | Pacific Gas & Electric Co | Preferred 4.36 PERP/CALL | 694308883 | US6943088830 |
| ☐ | Pacific Gas & Electric Co | Preferred 4.5 PERP/CALL | 694308800 | US6943088004 |
| ☐ | Pacific Gas & Electric Co | Preferred 4.8 PERP/CALL | 694308701 | US6943087014 |
| ☐ | Pacific Gas & Electric Co | Preferred 5 PERP/CALL | 694308602 | US6943086024 |
| ☐ | Pacific Gas & Electric Co | Preferred 5 PERPETUAL | 694308404 | US6943084045 |
| ☐ | Pacific Gas & Electric Co | 3.95% due 12/1/2047 | 694308HY6 | US694308HY69 |
| ☐ | Pacific Gas & Electric Co | 3.95% due 12/1/2047 | 694308HX8 | US694308HX86 |
| ☐ | Pacific Gas & Electric Co | 3.95% due 12/1/2047 | U69430AF0 | USU69430AF01 |
| ☐ | Pacific Gas & Electric Co | 4% due 12/1/2046 | 694308HR1 | US694308HR19 |
| ☐ | Pacific Gas & Electric Co | 4.25% due 3/15/2046 | 694308HN0 | US694308HN05 |
| ☐ | Pacific Gas & Electric Co | 4.75% due 2/15/2044 | 694308HH3 | US694308HH37 |
| ☐ | Pacific Gas & Electric Co | 4.3% due 3/15/2045 | 694308HL4 | US694308HL49 |
| ☐ | Pacific Gas & Electric Co | 5.125% due 11/15/2043 | 694308HF7 | US694308HF70 |
| ☐ | Pacific Gas & Electric Co | 4.6% due 6/15/2043 | 694308HD2 | US694308HD23 |
| ☐ | Pacific Gas & Electric Co | 3.75% due 8/15/2042 | 694308HA8 | US694308HA83 |
| ☐ | Pacific Gas & Electric Co | 4.45% due 4/15/2042 | 694308GZ4 | US694308GZ44 |
| ☐ | Pacific Gas & Electric Co | 4.5% due 12/15/2041 | 694308GY7 | US694308GY78 |
| ☐ | Pacific Gas & Electric Co | 5.4% due 1/15/2040 | 694308GS0 | US694308GS01 |
| ☐ | Pacific Gas & Electric Co | 6.25% due 3/1/2039 | 694308GQ4 | US694308GQ45 |
| ☐ | Pacific Gas & Electric Co | 6.35% due 2/15/2038 | 694308GM3 | US694308GM31 |
| ☐ | Pacific Gas & Electric Co | 5.8% due 3/1/2037 | 694308GJ0 | US694308GJ02 |
| ☐ | Pacific Gas & Electric Co | 5.8% due 3/1/2037 | 694308GK7 | US694308GK74 |
| ☐ | Pacific Gas & Electric Co | 6.05% due 3/1/2034 | 694308GE1 | US694308GE15 |
| ☐ | Pacific Gas & Electric Co | 6.05% due 3/1/2034 | 694308GH4 | US694308GH46 |
| ☐ | Pacific Gas & Electric Co | 4.65% due 8/1/2028 | 694308JA6 | US694308JA65 |
| ☐ | Pacific Gas & Electric Co | 4.65% due 8/1/2028 | U69430AH6 | USU69430AH66 |
| ☐ | Pacific Gas & Electric Co | 3.3% due 12/1/2027 | 694308HW0 | US694308HW04 |
| ☐ | Pacific Gas & Electric Co | 3.3% due 12/1/2027 | U69430AE3 | USU69430AE36 |
| ☐ | Pacific Gas & Electric Co | 3.3% due 12/1/2027 | 694308HV2 | US694308HV21 |
| ☐ | Pacific Gas & Electric Co | 3.3% due 3/15/2027 | 694308HS9 | US694308HS91 |
| ☐ | Pacific Gas & Electric Co | 2.95% due 3/1/2026 | 694308HP5 | US694308HP52 |
| ☐ | Pacific Gas & Electric Co | 3.5% due 6/15/2025 | 694308HM2 | US694308HM2 |
| ☐ | Pacific Gas & Electric Co | 3.4% due 8/15/2024 | 694308HK6 | US694308HK65 |
| ☐ | Pacific Gas & Electric Co | 3.75% due 2/15/2024 | 694308HG5 | US694308HG53 |
| ☐ | Pacific Gas & Electric Co | 3.85% due 11/15/2023 | 694308HE0 | US694308HE06 |
| ☐ | Pacific Gas & Electric Co | 4.25% due 8/1/2023 | 694308HZ3 | US694308HZ35 |
| ☐ | Pacific Gas & Electric Co | 4.25% due 8/1/2023 | U69430AG8 | USU69430AG83 |
| ☐ | Pacific Gas & Electric Co | 3.25% due 6/15/2023 | 694308HC4 | US694308HC40 |

| Check One Box Below | Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|---|
| ☐ | Pacific Gas & Electric Co | 2.45% due 8/15/2022 | 694308HB6 | US694308HB66 |
| ☐ | Pacific Gas & Electric Co | 3.25% due 9/15/2021 | 694308GW1 | US694308GW13 |
| ☐ | Pacific Gas & Electric Co | 4.25% due 5/15/2021 | 694308GV3 | US694308GV30 |
| ☐ | Pacific Gas & Electric Co | 3.5% due 10/1/2020 | 694308GT8 | US694308GT83 |
| ☐ | CA INFRA ECON DEV-F | Municipal Bond 1.75% due 11/1/2026 | 13034ASX9 | US13034ASX99 |
| ☐ | CALIFORNIA ST INFRAST | Municipal Bond 1.75% due 11/1/2026 | 13034ASZ4 | US13034ASZ48 |
| ☐ | CA PCR DLY PAPER-PACI | Municipal Bond 4% due 11/1/2026 | 130534XA3 | US130534XA35 |
| ☐ | CA PCR VAR-REF-B-PACI | Municipal Bond 3.5% due 11/1/2026 | 130534XL9 | US130534XL99 |
| ☐ | CA PCR DLY-PAC-E-CONV | Municipal Bond 3.5% due 11/1/2026 | 130534XX3 | US130534XX38 |
| ☐ | CA INFRA-RF-VAR-A-PAC | Municipal Bond 3.75% due 11/1/2026 | 13033W3H4 | US13033W3H41 |
| ☐ | CA PCR DLY-REF-F-PACI | Municipal Bond 3.25% due 11/1/2026 | 130534XD7 | US130534XD73 |
| ☐ | CA INFR-VR-RF-B-PACIF | Municipal Bond 3.75% due 11/1/2026 | 13033W3J0 | US13033W3J07 |
| ☐ | CA PCR VAR CAPCO MADR | Municipal Bond ADJ% due 9/1/2019 | 130535BA4 | US130535BA48 |
| ☐ | CA POLLUTN-REF-C-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZR4 | US130534ZR42 |
| ☐ | SOLANO IRR REF-MONTIC | Municipal Bond 5.47% due 1/1/2020 | 834125BC9 | US834125BC98 |
| ☐ | SOLANO IRR DIST DIV 1 | Municipal Bond 9.15% due 1/1/2020 | 834125AN6 | US834125AN62 |
| ☐ | SOLANO IRR-UNREF-#2 | Municipal Bond 9.25% due 1/1/2020 | 834125BG0 | US834125BG03 |
| ☐ | SOLANO IRR DIST DIV 2 | Municipal Bond 9.25% due 1/1/2020 | 834125AM8 | US834125AM89 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308EV5 | US694308EV57 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FF9 | US694308FF98 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308EX1 | US694308EX14 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FR3 | US694308FR37 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 8/1/2026 | 694308FZ5 | US694308FZ52 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308EM5 | US694308EM58 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308ET0 | US694308ET02 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308FQ5 | US694308FQ53 |
| ☐ | Pacific Gas & Electric Co | 7.25% due 3/1/2026 | 694308FY8 | US694308FY87 |
| ☐ | Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EP8 | US694308EP89 |
| ☐ | Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EL7 | US694308EL75 |
| ☐ | Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308FM4 | US694308FM40 |
| ☐ | Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308FG7 | US694308FG71 |
| ☐ | Pacific Gas & Electric Co | 8% due 10/1/2025 | 694308EK9 | US694308EK92 |
| ☐ | Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308EF0 | US694308EF08 |
| ☐ | Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308EJ2 | US694308EJ20 |
| ☐ | Pacific Gas & Electric Co | 8.375% due 5/1/2025 | 694308FX0 | US694308FX05 |

Modified Official Form 410
WEIL:\97398959\6\67815.0018
Proof of Claim

| Check One Box Below | Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|---|
| ☐ | Pacific Gas & Electric Co | 8.8% due 5/1/2024 | 694308DV6 | US694308DV66 |
| ☐ | Pacific Gas & Electric Co | 7.05% due 3/1/2024 | 694308FB8 | US694308FB84 |
| ☐ | Pacific Gas & Electric Co | 7.05% due 3/1/2024 | 694308FP7 | US694308FP70 |
| ☐ | Pacific Gas & Electric Co | 6.75% due 10/1/2023 | 694308EY9 | US694308EY96 |
| ☐ | Pacific Gas & Electric Co | 6.75% due 10/1/2023 | 694308EZ6 | US694308EZ61 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EQ6 | US694308EQ62 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EG8 | US694308EG80 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308EN3 | US694308EN32 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308FJ1 | US694308FJ11 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 11/1/2022 | 694308FW2 | US694308FW22 |
| ☐ | Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | 694308HU4 | US694308HU48 |
| ☐ | Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | 694308HT7 | US694308HT74 |
| ☐ | Pacific Gas & Electric Co | 2.54138% due 11/28/2018 | U69430AD5 | USU69430AD52 |
| ☐ | Pacific Gas & Electric Co | 8.25% due 10/15/2018 | 694308GN1 | US694308GN14 |
| ☐ | Pacific Gas & Electric Co | 5.625% due 11/30/2017 | 694308GL5 | US694308GL57 |
| ☐ | Pacific Gas & Electric Co | 1.51778% due 11/30/2017 | 694308HQ3 | US694308HQ36 |
| ☐ | Pacific Gas & Electric Co | 0.45835% due 5/11/2015 | 694308HJ9 | US694308HJ92 |
| ☐ | CA INFRA-RF-E-PACIFIC | Municipal Bond 2.25% due 11/1/2026 | 13033W3Z4 | |
| ☐ | CA INFRA-RF-C-PACIFIC | Municipal Bond due 12/1/2016 | 13033W3G6 | |
| ☐ | CA POLLUTN-REF-A-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZP8 | |
| ☐ | CA INFRA REF-GAS-F | Municipal Bond 3.75% due 11/1/2026 | 13033WU84 | |
| ☐ | CA INFRA-RF-D-PACIFIC | Municipal Bond due 12/1/2016 | 13033W3K7 | |
| ☐ | CA ECON-VAR-RF-E-3/11 | Municipal Bond ADJ% due 11/1/2026 | 13033WF81 | |
| ☐ | CA INFRA VAR-B-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WSA2 | |
| ☐ | CA DEV VAR-A-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WG31 | |
| ☐ | CA INFRA VAR-A-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WRZ8 | |
| ☐ | CA PCR DLY-REF-G-PACI | Municipal Bond ADJ% due 2/1/2016 | 130534XE5 | |
| ☐ | CA ECON-VAR-RF-F-3/12 | Municipal Bond ADJ% due 11/1/2026 | 13033WF99 | |
| ☐ | CA DEV VAR-C-PACIFIC | Municipal Bond due 12/1/2016 | 13033WG56 | |
| ☐ | CA INFRA VAR-F-PACIFI | Municipal Bond ADJ% due 11/1/2026 | 13033WSE4 | |
| | CA PCR-REF-A-PAC | Municipal Bond 5.35% due 12/1/2016 | 130534WY2 | |
| ☐ | CA POLLUTN-REF-D-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZS2 | |
| | CA ECON-VAR-RF-D-3/11 | Municipal Bond due 12/1/2016 | 13033WF73 | |
| | CA ECON-VAR-RF-3/14 | Municipal Bond due 12/1/2018 | 13033WG23 | |
| ☐ | CA DEV VAR-B-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WG49 | |

| Check One Box Below | Issuer of Securities | Securities Description | CUSIP Number | ISIN Number |
|---|---|---|---|---|
| ☐ | CA INFRA VAR-C-PACIFI | Municipal Bond due 12/1/2016 | 13033WSB0 | |
| ☐ | CA INFRA VAR-D-PACIFI | Municipal Bond due 12/1/2016 | 13033WSC8 | |
| ☐ | CA INFRA VAR-E-PACIFI | Municipal Bond due 12/1/2016 | 13033WSD6 | |
| ☐ | CA INFRA VAR-G-PACIFI | Municipal Bond due 12/1/2018 | 13033WSF1 | |
| ☐ | CA INFRA VAR-GAS-PACIFI | Municipal Bond due 12/1/2018 | 13033WU92 | |
| ☐ | CA INFRA VAR-REF-PACI | Municipal Bond ADJ% due 11/1/2026 | 13033WW25 | |
| ☐ | CA INFRA VAR-PACIFIC | Municipal Bond ADJ% due 11/1/2026 | 13033WW33 | |
| ☐ | CA INFRA VAR-PACIFIC | Municipal Bond due 12/1/2016 | 13033WW41 | |
| ☐ | CA INFRA VAR-PACIFIC | Municipal Bond due 12/1/2016 | 13033WW58 | |
| ☐ | CA POLLUTN-REF-B-PACI | Municipal Bond 3.5% due 12/1/2023 | 130534ZQ6 | |
| ☐ | NEVADA IRR YUBA PAC | Municipal Bond 3.75% due 7/1/2013 | 641321BT0 | |
| ☐ | CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534A83 | |
| ☐ | CA POOLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B25 | |
| ☐ | CA POOLT-PCS GAS REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B33 | |
| ☐ | CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534B66 | |
| ☐ | CA POLLT-PAC GAS-REMK | Municipal Bond 4.75% due 12/1/2023 | 130534A91 | |
| ☐ | SOLANO IRR-REF-MONTIC | Municipal Bond 5.29% due 1/1/2016 | 834125AY2 | |
| ☐ | SOLANO IRR-UNREF-#2 | Municipal Bond 9.15% due 1/1/2020 | 834125BF2 | |

Modified Official Form 410
WEIL:\97390051\6\76715.0013

Proof of Claim

# Annex A

## Part II

Please note that you must submit a **_SEPARATE_** Part II for **_EACH_** CUSIP you check in Part I. If you purchased/acquired more than one CUSIP, you must make additional copies of Part II and affix them to your Part I.

**CUSIP (or Option Series):** _____

**Beginning Holdings:**

On the line below, state the total number of publicly traded equity securities (in shares) or debt securities (in dollars) held as of the opening of trading on April 29, 2015. If none, write "0 shares" or "$0". Please provide documentation.

_____ (shares / dollars)

**Purchase / Acquisitions**

Separately list each and every purchase or acquisition of the Debtors' publicly traded equity securities or debt securities from April 29, 2015 through November 15, 2018, both dates inclusive, and provide the following information (must be documented)

| Purchase/Acquisition Date (List Chronologically) (Month/Day/ Year) | Number of Shares or Amount of Notes (*in dollars*) Purchased | Price per Share / Note | Total Cost (excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Sales**

Separately list each and every sale of the Debtors' publicly traded equity securities or debt securities from April 29, 2015 through November 15, 2018, both dates inclusive, and provide the following information (must be documented)

| Sale Date (List Chronologically) (Month/Day/ Year) | Number of Shares or Amount of Notes (*in dollars*) Sold | Price per Share / Note | Total Cost (excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

On the line below, state the total number of the Debtors' publicly traded equity securities (in shares) or debt securities (in dollars) held as of the close of trading on November 15, 2018. If none, write "0 shares" or "$0". Please provide documentation.

_____ (shares / dollars)

Modified Official Form 410
WEIL:\97369051\6\67815.0018

Proof of Claim

# EXHIBIT B



Signed and Filed: February 24, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM DECISION REGARDING MOTION TO APPLY RULE 7023

Lead Plaintiffs ("Movants[1]") in pending district court litigation filed a motion (the "Motion") (dkt. #5042) to apply Federal Rule of Civil Procedure 23, made applicable here by Federal Rule of Bankruptcy Procedure ("FRBP") 7023 to their class proofs of claim on December 9, 2019. Debtors and the Official Committee of Tort Claimants ("TCC") filed

_____
[1] Movants are as defined in the Motion.

-1-

oppositions and the matter was heard on January 29, 2020. Following that hearing, the court issued a tentative ruling (dkt. #5604) signaling its intent to either grant the Motion or extend the claims bar date to allow individual members of the class to file proofs of claim, and soliciting further briefing from the parties regarding those options. The parties filed supplemental briefs, the matter was again heard on February 20, 2020, and the matter was submitted. For the reasons below, the court will deny the Motion but will also extend the claims bar date for individual members of the class.

**Background**

Movants filed a complaint in district court on June 12, 2018, which suit was eventually consolidated and a lead plaintiff appointed (hereinafter the "Securities Litigation"). After Debtors filed bankruptcy on January 29, 2019, the Securities Litigation was automatically stayed by virtue of 11 U.S.C. § 362(a), Debtors filed an adversary proceeding to enjoin continued prosecution of the Securities Litigation (AP No. 19-03006). After the lead plaintiff there was dismissed from the adversary proceeding, Debtors were given a timeline to file a new adversary proceeding seeking to enjoin the plaintiffs from prosecution of the proceeding against the remaining non-debtor defendants in the district court action (AP No. 19-3039).

Briefly, Movants' claims against Debtors amount to securities fraud claims, alleging that Debtors (and others) misled investors about their wildfire safety practices. Movants allege that these practices artificially inflated stock prices, which then dropped after information regarding Debtors' improper safety practices emerged between 2017 and 2018. Movants also bring claims regarding the accuracy of certain offering documents for notes issued between 2016 and 2018. Movants represent a class of investors who acquired securities between April 2015 and November 2018 and suffered losses as a result of the alleged misleading statements. Currently, non-Debtor defendants have filed a motion to dismiss the Securities Litigation, which has been submitted for resolution by the district court.

**Analysis**

Movants request application of FRBP 7023 to their timely filed class proofs of claim (POC ##72193, 72273). Class proofs of claim are permitted in bankruptcy cases, typically

using a two-step process, whereby the court first allows the class proof of claim to be filed, and then determines whether certification is appropriate. *See In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007). In considering the first step, courts typically apply the factors laid out in *In re Musicland Holding Corp.*, which are as follows:

      1) whether the class was certified pre-petition;

      2) whether members of the putative class received notice of the bar date, and

      3) whether class certification will adversely affect the administration of the estate.

*Id.* at 654 (citations omitted). In applying the first factor, the class here has not yet been certified, but this fact is not fatal to Movants. Because a motion to dismiss is currently pending in the Securities Litigation, Movants are unable to certify their class at this point. 15 U.S.C. § 78u-4(b)(3)(B) (West) ("[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"). Consequently, this factor does not weigh against them. *See In re MF Glob. Inc.*, 512 B.R. 757, 763 (Bankr. S.D.N.Y. 2014); *Schuman v. The Connaught Grp., Ltd. (In re The Connaught Grp., Ltd.)*, 491 B.R. 88, 98 (Bankr.S.D.N.Y.2013).

The second factor weighs heavily in favor of granting the Motion. Previously in this case, the claims bar date was extended to October 21, 2019, and then extended to a later date specifically for wildfire victim claimants. Putative members of the class did not receive actual notice of the general claims bar date (although Debtors argue that they certainly received constructive notice). The parties appear to agree that known creditors are entitled to actual written notice of the claims bar date. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). However, the parties differ on whether members of the putative class are known creditors. A known creditor is one whose identity is either known or reasonably ascertainable by the debtor, and all creditors' identities are reasonably ascertainable if they can be identified through reasonably diligent efforts. *Id.* (citation omitted). Reasonable diligence generally requires a search of a debtor's books and records. *Id.* Debtors here were aware of the Securities Litigation, filed in 2018, and of its consolidation with other action. Debtors participated in the litigation and filed an adversary proceeding against the lead plaintiff, in this

1    bankruptcy.  As such, Debtors knew of the existence of the putative class members and their

2    status as potential creditors.  An examination of their books and records would have yielded this

3    information.  Consequently, the putative class members here are known creditors entitled to

4    actual written notice.  As Debtors failed to provide this notice, this factor weighs in favor of

5    granting the Motion.  The briefing indicates that there is a well-established procedure for

6    noticing investors through nominees.  Initially, Debtors indicated that they were unable to

7    implement this procedure (dkt. #5370) but have since reversed their position and stated that

8    they are able to implement this procedure (dkt. #5789).

9         The third factor is of particular importance to this bankruptcy—it is unclear at this point

10   whether class certification will adversely affect administration of the estate, and the court is

11   inclined to weigh this factor in favor of Debtors.  This bankruptcy faces the anomalous

12   circumstance of a legislative deadline for plan confirmation, and numerous other considerations

13   that render the timeline for confirmation to be shorter than most other cases.  Disclosure and

14   confirmation deadlines have been set and significant resources are being expended to ensure

15   that confirmation will occur by the end of June 2020.  However, unlike in *Musicland*, the

16   parties here did not sit on their rights until it was too late.  *See Musicland*, 362 B.R. at 649.

17   Instead, Movants here are prejudiced by an extrinsic deadline for confirmation that is unrelated

18   to their claims.  The court is also aware of the possibility that it may grant this motion and then

19   be forced to deny the subsequent class certification motion—which would give all parties even

20   less time to cure the due process issues laid out above, and potentially derail a precarious

21   confirmation process.  At this juncture, it appears granting the Motion may result in more chaos

22   than certainty.  It is ultimately a close call, but the alternative route described below appears

23   poised to generate less (but likely some) chaos.

24        Because Debtors did not make a reasonable effort to give actual notice to class members

25   of the claims bar date, the court will extend the bar date for this group of creditors.  This

26   alternative has been recognized by other courts.  *See Connaught*, 491 B.R. at 97 ("[i]f a class

27   action was filed prior to the running of the statute of limitations and class certification is denied,

28   the tolling of the statute of limitations will give the class members additional time to assert their

-4-

individual rights. . . . The same tolling rule applies in bankruptcy. If the representative files a timely adversary proceeding or class proof of claim, and the Court denies a motion to certify the class, it should set a reasonable bar date to allow the members of the putative class to file individual claims.").  Movants here filed a timely proof of claim, thus, the court is prepared to follow the reasoning in *Connaught* and set a reasonable bar date to allow class members to file individual proofs of claim.

**Conclusion**

The court will separately issue a proposed order on the Motion and a proposed, revised, notice of extended bar date.

**\*\*\* END OF MEMORANDUM \*\*\***

UNITED STATES BANKRUPTCY COURT
for the Northern District of California