Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:    415.659.2601
Email:   rjulian@bakerlaw.com
Email:   cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:   esagerman@bakerlaw.com
Email:   drichardson@bakerlaw.com
Email:   lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   **-and-**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                    **Debtors.**<br><br>□ Affects PG&E Corporation<br><br>□ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF DAVID J. RICHARDSON RE: THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO ESTABLISH PROCEDURES FOR DISCOVERY PRECEDING PLAN CONFIRMATION**<br><br>**Hearing**<br>**Date:**          **March 10, 2020**<br>**Time:**          **10:00 a.m. (Pacific Time)**<br>**Place:**         **Courtroom 17**<br>                    **450 Golden Gate Ave., 16th Fl.**<br>                    **San Francisco, CA 94102** |

I, David J. Richardson, hereby declare:

1. I am a member in good standing of the bar of California and I am admitted to practice in the United States Bankruptcy Court in the Northern District of California. I am counsel in the Los Angeles, California office of Baker Hostetler LLP, attorneys of record for The Official Committee of Tort Claimants (the "**TCC**"). I have personal knowledge of the facts stated herein and I could and would competently and truthfully testify to those facts if called as witness.

2. I submit this Supplement Declaration in support of the Official Committee of Tort Claimants' Supplemental Brief (the "**Supp. Brief**") in Support of its Motion to Establish Procedures for Discovery Preceding Plan Confirmation (the "**Motion**").

3. Attached hereto as **Exhibit A** are true and correct copies of excepts from the official transcript for the hearing before this Court in the above-captioned cases held on December 17, 2019, at 10:00 a.m.

4. The TCC filed a Motion for a 2004 exam of the Debtors in April 2019 [Dkt. No. 1767], which sought Contractor insurance and contract information, and was approved in an order entered by this Court following certain negotiations and revisions. In response to the 2004 exam order and other discovery efforts undertaken by the TCC, the Debtors produced their documents pertaining to the Contractors and the Contractors' insurance/contract information over the course of the following months, including information listing the Contractors most likely to be connected to vegetation management, system failures and consulting issues that are related to the wildfires. But the documents that the Debtors have been able to produce have been woefully insufficient to address the issues that will be necessary for a reply brief that responds to a UCC Plan objection.

5. The following is an update on the number of issued, settled, withdrawn, and contested subpoenas that have been issued by the TCC:

- 20 have been withdrawn after the parties' initial discussions and an exchange of minimal documents demonstrated that the served Contractor did not appear to have conducted business related to the cause of any wildfires;
- 19 Contractors have started to produce documents pursuant to their subpoenas;
- 68 subpoenas remain outstanding.

The TCC has continued to engage in discussions with recipients of outstanding subpoenas, including calls over the past week with counsel for multiple Contractors, both to explain the nature and reasons for the TCC's discovery, and to resolve disputes. In the case of the more substantive objections filed by some parties, the TCC has deferred negotiations pending a ruling on the Motion's request for a procedure to resolve such objections.

6. The TCC considered using Rule 2004 exam motions as an alternative to subpoenas, since a Rule 2004 exam has certain advantages, including a far broader scope of discovery, and no requirement for a contested matter. However, as this would have placed dozens of Rule 2004 motions before the Court, even before objections are raised, the TCC believed that the subpoena process was the better path.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 9th day of March, 2020, in San Francisco, California.

                                                    */s/ David J. Richardson*
                                                    David J. Richardson