**EXHIBIT A**

```
                    UNITED STATES BANKRUPTCY COURT

                    NORTHERN DISTRICT OF CALIFORNIA

                                -oOo-

In Re:                              ) Case No. 19-30088
                                    ) Chapter 11
PG&E CORPORATION AND PACIFIC        )
GAS AND ELECTRIC COMPANY,           ) San Francisco, California
                                    ) Tuesday, December 17, 2019
                    Debtors.        ) 10:00 AM
_____     )
                                      MOTION FOR RELIEF FROM STAY
                                      FILED BY PLAINTIFF'S
                                      EXECUTIVE COMMITTEE [4875]

                                      MOTION FOR RELIEF FROM STAY
                                      FILED BY TODD HEARN [4820]

                                      MOTION FOR RELIEF FROM STAY
                                      FILED BY GEORGE VLAZAKIS
                                      [4846]

                                      DEBTORS' MOTION PURSUANT TO
                                      11 U.S.C. SECTIONS 363(B) AND
                                      105(A) AND FED. R. BANKR. P.
                                      6004 AND 9019 FOR ENTRY OF AN
                                      ORDER (I) AUTHORIZING THE
                                      DEBTORS AND TCC TO ENTER INTO
                                      RESTRUCTURING SUPPORT
                                      AGREEMENT WITH THE TCC,
                                      CONSENTING FIRE CLAIMANT
                                      PROFESSIONALS, AND
                                      SHAREHOLDER PROPONENTS AND
                                      (II) GRANTING RELATED RELIEF
                                      [5038]

                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE DENNIS MONTALI
                    UNITED STATES BANKRUPTCY JUDGE
```

1  these issues, but to me, what you're saying, and what the
2  bondholders and the BOKF have put together are rally variations
3  on the same argument.  So I am going to let each of their
4  counsel speak, and then I will let Mr. Karotkin and Mr. Stamer,
5  whoever wants to speak, to all the issues, so -- because, I
6  mean, really the question about lockup is really, really the
7  big question right now in my mind, so -- and that's certainly
8  the point on your mind.
9        MR. BRAY:  It is, Your Honor, and just one final
10 comment back to the assignment of the vendor claims.
11       THE COURT:  Yeah, right.
12       MR. BRAY:  I don't have an answer for you about this
13 today, or a proposed solution, other than it's a significant
14 problem, and we think it may actually going to the ability by
15 1054 --
16       THE COURT:  Well, and that's right, and if the debtor
17 and TCC worked a deal that chancers away the debtor's ability
18 to comply with 1054, then do you know what?  Be careful what
19 you wish for.  But that's not a today issue, I don't think.
20       MR. BRAY:  It's really more of a plan, 1054 issue.
21       THE COURT:  Yeah, right.
22       MR. BRAY:  I just want to make sure it doesn't get
23 lost in the shuffle.
24       THE COURT:  It's not lost in the shuffle.
25       MR. BRAY:  Thank you, Your Honor.

1  the creditors' committee constituency, on their plan. And it
2  is just hypocrisy, in my view, for them to come in today as
3  Johnny-come-latelies, and object to this suit, to benefit the
4  member of their committee, Davey Tree.
5  　　　　　THE COURT: Well, but I -- I mean, that might be the
6  hidden agenda. And I'm not going to ask Mr. Bray or anybody
7  else to even address that. I'm focusing on does this somehow
8  undermine the reorganized company's ability to be compliant, in
9  terms of the kind of things that you were so adamant about for
10 months, and I'm sure in Judge Alsup's court particularly. I
11 don't imagine that's true, but tell me why isn't it true.
12 　　　　　MR. JULIAN: Well, we are going to present evidence on
13 that, and we will get the insurance policies from Davey Tree
14 that show they are fully insured for these claims that we will
15 bring against them, and that's going to be the proof.
16 　　　　　THE COURT: Well, but whether you bring claims against
17 them or not, the question is will they be -- or will someone in
18 their place, if they're not the ones -- in a position to do
19 what the company needs to do to satisfy the governor and the
20 CPUC about all the remediation that's necessary to avoid 2020
21 and 2021 fires, and beyond.
22 　　　　　MR. JULIAN: Your Honor, our constituency will have
23 20.9 percent of the common stock of this company. We are very
24 focused on making sure this company is wildfire safe, and that
25 its vendors are not overburdened with litigation. So we have

1  the eye on the ball.  We will present evidence to you, though,
2  at plan confirmation, after taking the deposition of Davey Tree
3  and the rest of them, over their insurance policies -- that
4  will show that this will not impact the reorganized debtor.
5              THE COURT:  Well, but if I approve this today, those
6  things are gone, unless the TCC RSA itself fails, or whether it
7  be Section 19 that Ms. Dumas described, or some other event
8  that knocks it off.
9              MR. JULIAN:  Well, the assignment of the claims are in
10 both plans.  They're in the bond holder plan, and they're in
11 the debtors' plan.
12             THE COURT:  Well, I didn't remember that point about
13 the other plan, but the point is that's not on the table today,
14 so --
15             MR. JULIAN:  Not on the table, Your Honor.
16             THE COURT:  -- so by asking me, as you are, to approve
17 the RSA today, that -- listen.  I don't mean listen, let me
18 state the obvious.  If I thought it was a done certainty that
19 PG&E would fail, I would hardly be approving this RSA today.
20 So I have to have a belief that this does facilitate rather
21 than impede --
22             MR. JULIAN:  Exactly.
23             THE COURT:  -- the reorganization effort.
24             MR. JULIAN:  Exactly.
25             THE COURT:  But so implicit in that is that your view,