**Entered on Docket**
**March 09, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: March 9, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: March 10, 2020<br>Time: 10:00 AM<br>Place: Courtroom 17<br>450 Golden Gate Ave.<br>16th Floor<br>San Francisco, CA |

**ORDER RE HEARING ON MARCH 10, 2020**

The court has reviewed the several objections to the Debtors' Disclosure Statement (Dkt No. 5700) and the objections to the Debtors' motion dealing with Plan Solicitation and Voting Procedures, etc., (Dkt. No. 5835). The court anticipates that sometime on March 9, 2020, Debtors will be filing an amended Disclosure Statement and most likely a revised Plan. It is optimistic that the revised Disclosure Statement will deal with

many of the objections, but it is equally likely that concerned parties will not have had meaningful time to absorb those revisions, be able to determine whether their particular concerns have been satisfied and prepare to present their argument to the court.  Similarly, the court has concerns about the slight amount of time it has to deal with what might be extensive changes.

To streamline the March 10 hearing, the following will be the order the court will follow:

First, in the unlikely event that the TCC chooses to argue its position about its Motion To Establish Procedures For Discovery Preceding Plan Confirmation (Dkt. No. 5840) (See March 5 Dkt. Txt.), it will have fifteen minutes for argument. Debtors and the OCUC will have fifteen minutes to argue in opposition.

Next the court will take up the Solicitation and Voting Procedures, and expects Debtors' counsel to address the major issues identified by various objectors, namely the need to deal with the 510(b) parties;  the proposal to allow claims at $1.00 per party for voting purposes; the governmental entities objections to classification with the individual fire claimants; temporary allowances questioned by several creditors; issues raised by the United States Trustee (Dkt. No. 6178); several questions from the court re ballot procedures and the extensive attachments, the optional releases and other issues to be discussed.  The court will not assign times for any parties to make their arguments.



Case: 19-30088    Doc# 6204    Filed: 03/09/20    Entered: 03/09/20 12:16:42    Page 2 of 4

Next the court will deal with unresolved objections to the adequacy of the Disclosure Statement filed by various parties.

For planning purposes, the hearing will start at 10:00 AM, with a brief pause for personal convenience at mid-morning. The court will take a one-hour lunch break around 12:30. When court resumes, it will take up the Motion to Dismiss Adv. Pro. 19-3061 (Dkt. No. 9). Debtors and Plaintiff will be allowed thirty minutes each, with Debtors reserving a portion of their time for rebuttal and sharing the time as they agree with the CPUC.

After the conclusion of arguments on that motion, the court will resume the hearing re the Disclosure Statement. The schedule will include a mid-afternoon pause and adjournment for the day by 5:00 PM if the hearing has not concluded.

The court will resume the hearing at 10:00 AM on Wednesday, March 11 if necessary. If more time is needed after that, the hearing may be continued to March 12. And because Debtors will be expected to submit further versions of the Plan and Disclosure Statement and a proposed order by that date (See Dkt. No. 5732), the court may schedule a further hearing on March 16, to consider the “final” Disclosure Statement to be approved.

Because of the increasing concern of all parties about the COVID-19 problems affecting everyone, the court encourages parties and their counsel to participate by telephone via CourtCall whenever possible. While the court will be physically present for the hearings, no party and no counsel will should feel uncomfortable being present in a crowded courtroom and appearance by telephone will have no bearing on how they will be perceived by the court or how their arguments will be weighed.



Case: 19-30088 Doc# 6204 Filed: 03/09/20 Entered: 03/09/20 12:16:42 Page 3 of 4

The court also expects the adjacent courtroom to be available for the hearings so that parties choosing to attend will be able to lessen courtroom congestion.

***END OF ORDER***