**Exhibit A**

**Summary Chart of Objections to Proposed Disclosure Statement and Solicitation Procedures Motion**

In re PG&E Corporation, et al.
Case No. 19-30088[1]

SUMMARY CHART OF OBJECTIONS TO PROPOSED DISCLOSURE STATEMENT AND SOLICITATION PROCEDURES MOTION

Note: for any response set forth in the table below referencing additional language to be added to the Plan, the Proposed Disclosure Statement, or the Revised Proposed Order approving the Solicitation Procedures Motion, the Debtors have filed contemporaneously herewith an amended Plan, Proposed Disclosure Statement, and Revised Proposed Order incorporating such language.

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| 1. **Ad Hoc Committee of Holders of Trade Claims ("Ad Hoc Trade Committee")** [Docket No. 6152] | 1. **Plan Objection**: The Plan is "patently unconfirmable" because it does not contemplate payment of postpetition interest on Allowed Claims *after* the Effective Date. | 1. This is a confirmation objection. The Plan is not patently unconfirmable. It provides for the payment of postpetition interest in accordance with the Bankruptcy Code and this Court's *Interlocutory Order Regarding Postpetition Interest* [D.I. 5669] and related *Memorandum Decision Regarding Postpetition Interest* [D.I. 5226], and the Debtors will be prepared to address arguments to the contrary in connection with confirmation. |
| 2. **Ad Hoc Group of Subrogation Claimholders ("Ad Hoc Subrogation Group")** [Docket No. 6160] | 1. **Plan Objection**: The proposed Fire Victim Trust Agreement contains two provisions that are inconsistent with the Plan:<br><br>a. The proposed Fire Victim Trust Agreement provides that the Mutual Made Whole Release must be executed as a precondition to receiving "a final payment" on a Fire Victim Claim, and not as a precondition to "any settlement or other agreement…that fixes the amount or terms of satisfaction of such [Fire Victim Claim]," as required under section 4.23(f)(ii) of the Plan.<br><br>b. The proposed Fire Victim Trust Agreement provides that the Trustee of the Fire Victim Trust (with the consent of the Fire Victim Trust Oversight Committee) may change the form of | 1. The Plan has been revised to provide that to the extent a Definitive Document is inconsistent with the Plan, the Plan controls. *See* Plan at 36: 9-11.<br><br>a. The Debtors do not object to the terms of the proposed Fire Victim Trust Agreement being modified to provide that the timing for execution of the Mutual Made Whole Release is consistent with section 4.23(f)(ii) of the Plan.<br><br>b. The Debtors do not object to the terms of the proposed Fire Victim Trust Agreement being modified to provide that the previously-agreed to form of Mutual Made |

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Proposed Disclosure Statement or Plan, as applicable.

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | the releases, including the Mutual Made Whole Release, to be provided pursuant to the Fire Victim Claims Resolution Procedures or Fire Victim Trust Agreement. This is inconsistent with Plan, which incorporates as **Exhibit C** a form of Mutual Made Whole Release heavily negotiated by and agreed to among the Debtors, the Ad Hoc Subrogation Group, the Tort Claimants Committee and the Consenting Fire Claimants Professional Group. | Whole Release incorporated into the Plan cannot be modified by the Trustee of the Fire Victim Trust. |
| 3. **Adventist Health System/West and Feather River Hospital ("Adventist Claimants")** [Docket No. 6164] | 1. **Disclosure Statement and Plan Objections**:<br><br>a. The Proposed Disclosure Statement should include expected recoveries for holders of Fire Victim Claims, including the expected percentage return, the estimated aggregate dollar amount of Claims in the Class, and similar information for the Public Entities Wildfire Claims and the Subrogation Wildfire Claims.<br><br>b. The proposed Plan, Fire Victim Trust Agreement and proposed Fire Victim Claims Resolution Procedures should provide for pro rata treatment of Fire Victim Claims and provide for a Disputed Claims reserve, or the proposed Disclosure Statement should be updated to disclose the lack of pro rata treatment and a Disputed Claims reserve.<br><br>c. The executive summary of proposed Fire Victim Claims Resolution Procedures should be updated to reflect the filed proposed Fire Victim Trust Agreement and proposed Fire Victim Claims Resolution Procedures and disclose that Fire Victim Claimants do not have a right to a jury trial or further review of such claims by the Bankruptcy Court and the multiple roles of the "neutrals." Additionally, the proposed Disclosure Statement should be updated to reflect the terms of the proposed Fire Victim Trust Agreement and proposed Fire Victim Claims Resolution Procedures. | 1.<br><br>a. As discussed in the Reply, the revised Proposed Disclosure Statement provides adequate information regarding the treatment of Fire Victim Claims. *See* Proposed Disclosure Statement at Article IV.B (providing a summary of the classification and treatment of Fire Victim Claims); Proposed Disclosure Statement at Article IV.C.1.<br><br>b. *See* 3.1.a. above. The Debtors do not object to the modification of the terms of the proposed Fire Victim Trust and proposed Fire Victim Claims Resolution Procedures to provide for pro rata distributions to Fire Claimants.<br><br>c. See 3.1.a. above. The Debtors do not object to the modification of the terms of the proposed Fire Victim Trust and proposed Fire Victim Claims Resolution Procedures to provide further clarity regarding the claims resolution process, to preserve a claimant's right to a jury trial, and/or to modify the roles of the "neutrals." |

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | d. The Disclosure Statement should include a liquidation analysis disclosing the recoveries that Fire Victim Claimants would receive in a liquidation pursuant to chapter 7 of the Bankruptcy Code. | d. The Plan contemplates (i) paying general unsecured creditors in full, with postpetition interest, (ii) reinstating funded debt or issuing new notes, and (iii) channeling all Fire Victim Claims to the Fire Victim Trust to be satisfied in compliance with AB 1054. Under these circumstances, and given that the Debtors operate in a highly regulated industry, it is clear that a liquidation under chapter 7 could not produce greater recoveries to creditors, even without taking into account the substantial delay involved in distributing any proceeds that may arise in a liquidation. As such, a formal liquidation analysis is neither necessary nor useful. |
| | e. The proposed Fire Victim Trust Agreement[2] should not permit the Fire Victim Trust to credit a holder of Fire Victim Claims' insurance coverage against such claimant's recovery from the Fire Victim Trust. The Disclosure Statement should clarify how the insurance crediting mechanism works under the proposed Fire Victim Trust Agreement. | e. The revised Proposed Disclosure Statement provides additional disclosure on the mechanics of insurance crediting with respect to Fire Victim Claims. *See* Proposed Disclosure Statement at Article IV.C.1. Although the Adventist Claimants acknowledge that the appropriate insurance crediting mechanism under the proposed Fire Victim Trust Agreement is a "confirmation issue", the Debtors do not object to the Tort Claimants Committee and Consenting Fire Claimant Professional Group modifying the terms of the proposed Fire Victim Trust Agreement to provide that holders of Fire Victim Claims must first pursue and exhaust insurance recoveries before such holders can recover from the Fire Victim Trust. |
| | 2. **Solicitation Procedures Objection**: Pursuant to the Solicitation Procedures, Claims should be temporarily allowed in the amounts | 2. The Debtors believe this objection has been adequately addressed with the clarifications and revisions set forth in the |

---

[2] The Adventist Claimants' objection erroneously claims that the Debtors would benefit from the insurance crediting provisions in the proposed Fire Victim Trust Agreement. Not so. The Debtors receive no such benefit and remain obligated to deliver the approximately $13.5 billion in cash, stock and other consideration they will contribute to the Fire Victim Trust under the Plan regardless of any crediting to be applied to Claims paid from the Fire Victim Trust.

3

Case: 19-30088    Doc# 6221-1    Filed: 03/09/20    Entered: 03/09/20 18:05:16    Page 4 of 15

| | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | asserted in the applicable proofs of claim or if otherwise adjusted should be commensurate with creditors' respective economic interests. | Revised Proposed Order and discussed in the Reply. To permit the Claims of the Adventist Claimants and a few governmental agencies to be allowed to vote in the asserted amounts would disenfranchise substantially all of the holders of Fire Victim Claims. Accordingly, to the extent the objection remains outstanding, it should be overruled, or alternatively, to ensure a fair voting process, each individual that holds a Fire Victim Claim could be provided a claim amount solely for voting purposes based on a proportional share of the Aggregate Fire Victim Consideration to fund the Fire Victim Trust to ensure such individuals were not disenfranchised. |
| 4. | **AT&T Corp. ("AT&T")** [Docket No. 6172] | 1. **Solicitation Procedures Objections**: Pursuant to the Solicitation Procedures, Claims should be temporarily allowed in the amounts asserted in the applicable proofs of claim.<br><br>    a. AT&T's claim should be deemed allowed for voting purposes in the amount of $238 million because no party has objected to it.<br><br>    b. The proposed estimation procedure for Fire Victim Claims violates section 502(c) of the Bankruptcy Code because such procedures provide for the estimation of liquidated claims.<br><br>    c. The proposed estimation procedure for Fire Victim Claims would disenfranchise AT&T and violate section 1126 of the Bankruptcy Code. | 1. The Debtors believe these objections have been adequately addressed with the clarifications and revisions set forth in the Revised Proposed Order and discussed in the Reply. To permit the Claims of the AT&T and a few governmental agencies to be allowed in the asserted amounts would disenfranchise substantially all of the holders of Fire Victim Claims. Accordingly, to the extent the objection remains outstanding, it should be overruled, or alternatively, to ensure a fair voting process, each individual that holds a Fire Victim Claim could be provided a claim amount solely for voting purposes based on a proportional share of the Aggregate Fire Victim Consideration to fund the Fire Victim Trust to ensure such individuals were not disenfranchised. |
| 5. | **BOKF, NA ("BOKF")** in its capacity as successor indenture trustee under the Utility Senior Notes Indentures [Docket No. 6182] | 1. **Disclosure Statement and Plan Objection**: The Plan should provide for full payment of BOKF's trustee fees, expenses, costs and other disbursements and indemnities incurred in connection with the impaired Utility Senior Note Claims compromised under the Noteholder RSA. Additionally, the Proposed Disclosure Statement should include information regarding the potential impact on distributions to holders of impaired Utility Senior Note Claims if such fees are not paid in full by the Debtors. | 1. The revised Proposed Disclosure Statement contains adequate information regarding the treatment of impaired Utility Senior Note Claims. In the revised Proposed Disclosure Statement, in addition to the Plan treatment summary that specifies what holders of impaired Utility Senior Note Claims will receive under the Plan, the Debtors have added additional language regarding the preservation of any Charging Lien in favor of a Funded Debt Trustee (including BOKF) on any distribution made to holders of impaired Utility Senior Note Claims. *See* Plan Sections 4.18- |

4

| | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | 4.20 and 5.6 and Article IV.D of the Proposed Disclosure Statement (stating that distributions on Allowed Senior Notes Claims "shall be subject in all respects to the right of the Funded Debt Trustee to assert its Charging Lien, if any, against such distributions"). |
| 6. | California Public Utilities Commission ("**CPUC**") [Docket No 6161] | 1. **Plan Objection**: If the Debtors accept the Wildfire OII Presiding Officer's Decision, the Plan should be amended so that the CPUC's resulting Claims against the Utility are not classified and treated as Fire Victim Claims. | 1. The revised Proposed Disclosure Statement contains adequate information with respect to the recently issued Presiding Officer Decision and the Debtors' alternatives. *See* Proposed Disclosure Statement at Article II.E.3. As described in Article II.E.3 of the revised Proposed Disclosure Statement, the parties to the settlement may accept the modified settlement or request other relief on or before March 18, 2020. Parties have until March 30, 2020 to appeal the Presiding Officer's Decision. |
| | | 2. **Solicitation Procedures Objection**: The Solicitation Procedures impermissibly temporarily allow the CPUC's fines for voting purposes as a Fire Victim Claim in the amount of $1 in light of the Wildfire OII Presiding Officer's Decision that requires the Utility to pay a cash fine of $200 million to the general fund of the State of California out of funds that would not otherwise be available to satisfy Claims of wildfire claimants. | 2. As discussed in the Reply, the Debtors believe this objection has been adequately addressed with the clarifications and revisions set forth in the Revised Proposed Order and discussed above; however, to the extent it remains outstanding, the objection should be overruled. *See* Revised Proposed Order at ¶¶ 6(i), 8 (making clear in the Revised Proposed Order that (i) if the Court determines, pursuant to a timely filed 3018 Motion, that a creditor or interest holder is entitled to vote on the Plan in a different amount then as set forth under the Solicitation Procedures that amount shall be temporarily allowed for voting purposes and will supersede the Debtors' proposed $1.00 per vote procedure, and (ii) the relief granted in the Solicitation Procedures Motion is without prejudice to the relief that a holder of a Claim or Interest may seek regarding the classification of their Claims or Interests pursuant to Bankruptcy Rule 3013). |
| 7. | California State Agencies ("**Cal State Agencies**") [Docket Nos. 6157, 6159] | 1. **Disclosure Statement Objections**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. The treatment of Fire Victim Claims and the value of the assets proposed to be transferred to the Fire Victim Trust. | 1. The revised Proposed Disclosure Statement contains adequate information.<br><br>a. For the reasons set forth in the Reply, the revised Proposed Disclosure Statement provides adequate |

5

Case: 19-30088   Doc# 6221-1   Filed: 03/09/20   Entered: 03/09/20 18:05:16   Page 6 of 15

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| and<br><br>**United States Department of Justice** ("USDOJ") [Docket Nos. 6155 & 6156][3] | Specifically, the Proposed Disclosure Statement should be revised to provide:<br><br>i. An anticipated dollar amount of the Claims to be channeled to the Fire Victim Trust and the projected costs of administration of the Fire Victim Trust.<br><br>ii. A meaningful explanation of the valuation of each of the Fire Victim Trust assets.<br><br>iii. The projected percentage recovery for Fire Victim Claims.<br><br>b. The risks to holders of Fire Victim Claims of having their Claims channeled to the Fire Victim Trust. | information regarding the treatment of Fire Victim Claims.<br><br>i. The anticipated dollar amount of Claims to be channeled to the Fire Victim Trust and the projected costs of administration of the Fire Victim Trust are not yet ascertainable. *See* Proposed Disclosure Statement at Article IV.C.1.<br><br>ii. Article IV.C.1 of the revised Proposed Disclosure Statement states that the assets transferred to the Fire Victim Trust have an estimated value of approximately $13.5 billion, including $6.75 billion of cash and $6.75 billion in common stock of Reorganized PG&E Corp., and that the value of Assigned Rights and Causes of Action is not currently known. The Debtors do not believe that the value of Assigned Rights and Causes of Action and the 2015 Insurance Policies is material in the context of the aggregate consideration to be transferred to the Fire Victim Trust.<br><br>iii. The Proposed Disclosure Statement provides adequate information regarding the treatment of Fire Victim Claims. As stated in Article IV.C.1 of the revised Proposed Disclosure Statement, the projected percentage recovery for Fire Victim Claims is currently unknown.<br><br>b. The Proposed Disclosure Statement has been amended to add additional disclosure regarding the risks |

---

[3] The Cal State Agencies and USDOJ submitted separate but substantially similar objections. Accordingly, they are addressed together in this chart.

6

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | | associated with the Channeling Injunction. *See* Proposed Disclosure Statement Section IV.C.1. |
| | c. An explanation of how the Debtors intend to meet the cram-down requirements of section 1129(b). | c. This is a confirmation objection. The Debtors will be prepared to address the requirements of section 1129 of the Bankruptcy Code in connection with confirmation to the extent necessary to meet their burden. |
| | d. A statement that certain state and federal government agencies will contend that the Plan does not comply with AB 1054 because it does not provide funding, establish reserves for, provide for assumption of, or otherwise provide for satisfying all prepetition wildfire Claims in the settled, estimated or allowed amounts as required by California Public Utilities Code section 3292(b)(1)(B). | d. The Plan Proponents believe the Plan complies with all requirements of AB 1054. Nonetheless, the Debtors have added a statement to Section II.E.1 of the revised Proposed Disclosure Statement indicating that certain state and federal agencies disagree with the Plan Proponents' conclusion. |
| | e. A statement that the TCC believes that $13.5 billion is not enough to fully compensate the Fire Victims even assuming the FEMA Claims and Cal OES Claims are disallowed. | e. The Debtors do not agree with this assertion or that it is appropriate to set forth in the Disclosure Statement. |
| | 2. **Solicitation Procedures Objection**: The Solicitation Procedures Motion is unclear whether temporarily allowing Claims in the amount of $1.00 for voting purposes precludes parties from seeking temporary allowance of their Claims in amounts that exceed $1.00.<br><br>a. Any order approving the Motion should clarify that the $1.00 temporary allowance for voting is subject to the Court's ruling on any timely filed Rule 3018(a) motion.<br><br>b. Any order approving the Motion should clearly state that it is without prejudice to the Court's ruling on a motion of the US under FRBP 3013 regarding classification of its fire-related Claims. | 2. As discussed in the Reply, the Debtors believe these objections have been adequately addressed with the clarifications and revisions set forth in the Revised Proposed Order and discussed above. |

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| 8. **Carlson, Eric and Julie** (the "**Carlsons**") [Docket No. 6176] | 1. **Disclosure Statement Objection**: The "Fire Victim Claim Plan Treatment Summary" to be included in the Solicitation Package should be revised to highlight two material issues (unless such issues are remedied prior to the Disclosure Statement hearing):<br><br>a. The proposed Fire Victim Claims Resolution Procedures can be changed by the Trustee with the consent of a simple majority of the Trust Oversight Committee (the members of which are not disclosed) without notice to any fire claimants or hearing by any Court. The Carlsons propose that the Court should require any material modification to the proposed Fire Victim Claims Resolution Procedures be done on notice to all affected parties and approved by the Court.<br><br>b. In the proposed Fire Victim Claims Resolution Procedures, the Panel Determination following the three-step Panel Review is not binding on the Trustee because the dispute resolution procedures provide that the Trustee, in his or her sole discretion, can override the three-step panel appeal process. | 1. The Debtors support the Carlsons' position that the Fire Victim Claim Plan Treatment Summary should be revised to state that the proposed Fire Victim Claims Resolution Procedures may be amended by a simple majority of the Trust Oversight Committee and that the panel review process is not binding on the Trustee.<br><br>a. The Debtors do not object to the proposed Fire Victim Trust Agreement and proposed Fire Victim Claims Resolution Procedures being modified to require that any amendments to the Fire Victim Claims Resolution Procedures be approved by the Court and only after advance notice has been provided to all affected parties.<br><br>b. The Debtors do not object to the proposed Fire Victim Claims Resolution Procedures being modified to provide that the dispute resolution process is binding on the Trustee. |
| 9. **CN Utility Consulting, Inc.** [Docket No. 6183] | 1. **Disclosure Statement Objection**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. The value of the Assigned Rights and Causes of Action.<br><br>b. The effect of the (i) subpoenas issued by the Tort Claimants Committee and (ii) the proposed assignment of the Assigned Rights and Causes of Action to the Fire Victim Trust on the Debtors' ability to provide safe and reliable services, including the ability of the Debtors' safety and reliability service providers to obtain adequate insurance coverage. | 1. The revised Proposed Disclosure Statement contains adequate information.<br><br>a. As stated above, the Debtors do not believe that the value of Assigned Rights and Causes of Action is material in the context of the aggregate consideration to be transferred to the Fire Victim Trust.<br><br>b. This is a confirmation objection. The Debtors will be prepared to address the feasibility of the Plan in connection with confirmation to the extent necessary to meet their burden. |

8

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| 10. **Cox et al.** (**"Postpetition Tort Claimants"**) [Docket No. 6146] | 1. **Plan Objection**: The Plan should be revised to include the language requested by the Postpetition Tort Claimants modifying the definition of an Administrative Expense Claim, the treatment of Administrative Expense Claims and the discharge provision.<br><br>2. **Disclosure Statement Objection**: The Proposed Disclosure Statement should provide additional information regarding the resolution process for Administrative Expense Claims, including any Claims resulting from the Kincade fire. | 1. This is a confirmation objection; however, the Debtors have revised Sections 2.1 and 10.3 of the Plan to resolve the Postpetition Tort Claimants' objection. As revised, Section 10.3 of the Plan states that the "discharge, however, shall not extend to any Claims for fires occurring after the Petition Date, including the Kincade fire which shall remain a liability of the Debtors following the Effective Date." *See* also Proposed Disclosure Statement at Article IV.G.3.<br><br>2. To the extent the foregoing modifications to the Plan do not fully resolve the Postpetition Tort Claimants' confirmation objection, the Debtors will be prepared to address it in connection with confirmation to the extent necessary to meet their burden. |
| 11. **Deutsche Bank National Trust Company** (the **"PC Bond Trustee"**) and **Deutsche Bank Trust Company** (**"LOC Bond Trustee"**) [Docket No. 6137] | 1. **Plan Objection**: The Plan should be revised to provide for payment of fees and reimbursement of expenses incurred by the PC Bond Trustee and LOC Bond Trustee before and after the Petition Date. | 1. Styled as an objection to the Proposed Disclosure Statement, the PC Bond Trustee and LOC Bond Trustee seek to dispute that the Utility PC Bond (2008F and 2019 E) Claims are unimpaired within the meaning of the Bankruptcy Code. This is a confirmation objection. The Debtors will be prepared to address such objection in connection with the confirmation process to the extent necessary to meet their burden. However, the Debtors note that Section 4.22 of the Plan has been revised to provide that fees and charges and other obligations owed through the Effective Date, solely to the extent provided for under the applicable PC Bond (2008 F and 2010 E) Documents. |
| 12. **Gantner, Anthony** (**"PSPS Class"**) [Docket No. 6149] | 1. **Disclosure Statement and Plan Objection**: The Proposed Disclosure Statement does not provide adequate information regarding the PSPS Adversary Proceeding and the feasibility of the Plan. | 1. The revised Proposed Disclosure Statement contains adequate information regarding PSPS Adversary Proceeding. The Debtors believe that the Claims asserted in the complaint are completely lacking in merit and, accordingly, further disclosure as to the potential risks would be inappropriate and, in fact, misleading. *See* Proposed Disclosure Statement at Article III.D.3. |

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | | PSPS Class's objections based on the feasibility of the Plan are confirmation objections. The Debtors will be prepared to address the feasibility of the Plan in connection with confirmation to the extent necessary to meet their burden. |
| 13. **Interstate Fire & Casualty Company ("Interstate")** [Docket No. 6165] | 1. **Disclosure Statement Objection**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. Interstate's interests in the 2015 Insurance Policies proposed to be assigned to the Fire Victim Trust (*i.e.* which rights, if any, are and are not assigned to the Fire Victim Trust) and that Interstate has reserved rights to dispute whether certain insurance coverage should be included as part of the Wildfire Insurance Proceeds.<br><br>b. The extent to which Plan Funding is dependent on insurance coverage that is either disputed or subject to a reservation of rights. | 1. The revised Proposed Disclosure Statement contains adequate information.<br><br>a. The revised Proposed Disclosure Statement provides adequate information regarding the 2015 Insurance Policies. *See* Proposed Disclosure Statement at Article I.5 and IV.C.1.<br><br>b. The revised Proposed Disclosure Statement provides adequate information regarding Plan Funding. *See* Proposed Disclosure Statement at Article IV.E (Equity Financing) and IV.F (Debt Financing). |
| 14. **Official Committee of Tort Claimants ("TCC")** [Docket No. 6180] | 1. **Disclosure Statement Objection**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. The proposed capital structure of the Reorganized Debtors, including the timing, form, and type of Plan Funding and the impact of such funding on the consideration anticipated to be transferred to the Fire Victim Trust.<br><br>b. The Proposed Disclosure Statement does not include a chart of government Claims asserted against the Fire Victim Trust. | 1. The revised Proposed Disclosure Statement contains adequate information.<br><br>a. The Debtors revised the Proposed Disclosure Statement to provide additional information regarding Plan Funding. *See* Proposed Disclosure Statement at Article IV.E (Equity Financing) and IV.F (Debt Financing). In addition, the Debtors added disclosures regarding, among other things, the increased debt for the Reorganized Debtors and the potential for a change in value of the common stock of Reorganized PG&E Corp. *See e.g.*, Proposed Disclosure Statement at Article IV.C.1.<br><br>b. The Disclosure Statement provides adequate information regarding governmental claims asserted against the Fire Victim Trust, including the aggregate |

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | | amount of such claims. *See* Proposed Disclosure Statement at Article III.C.14. |
| 15. **Official Committee of Unsecured Creditors** ("**Creditors' Committee**") [Docket No. 6154] | 1. <u>Plan Objection</u>:<br><br>a. The discharge provision in the Plan should be modified, because it impermissibly discharges the Claims of unimpaired creditors whose claims are being satisfied in full pursuant to the Plan.<br><br>b. The Plan requires the Creditors' Committee to be a "Releasing Party" without being a "Released Party," which imposes an impermissible non-consensual release and should be revised.<br><br>c. The Debtors should pay all the fees and expenses of the trustees of the various funded debt documents and should be revised to more fully describe the Plan Injunction. | 1. These are confirmation objections that will be addressed in connection with confirmation.<br><br>a. The revised Proposed Disclosure Statement provides adequate information regarding the discharge provision included in the Plan. *See* Proposed Disclosure Statement Article IV.G.3. To the extent the Creditors' Committee disputes the propriety of the discharge provision, that is a confirmation objection to be addressed at a later time.<br><br>b. The revised Proposed Disclosure Statement provides adequate information regarding the releases provided by the Plan and the Debtors will be prepared to address such releases in connection with confirmation to the extent necessary to meet their burden.<br><br>c. The revised Proposed Disclosure Statement fully addresses how the fees and expenses of the various Funded Debt Trustees will be treated under the Plan and to the extent the Funded Debt Trustees dispute the treatment of such Claims under the Plan, that is a confirmation objection to be addressed at a later time. *See also* Debtors' Response in row 6 above. |
| 16. **Public Employees Retirement Association** ("**Securities Lead Plaintiff**") [Docket No. 6144] | 1. <u>Disclosure Statement and Plan Objection</u>:<br><br>a. The Plan should be revised to classify the subordinated equity securities claims against HoldCo (defined as the "HoldCo Rescission/Damage Claims" under the Plan) separately from HoldCo Common Interests and clarify the treatment of such Claims. | 1.<br><br>a. The Plan has been amended to classify the "HoldCo Rescission/Damage Claims" separately from the HoldCo Common Interests and clarifies their treatment. |

11

Case: 19-30088    Doc# 6221-1    Filed: 03/09/20    Entered: 03/09/20 18:05:16    Page 12 of 15

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | b. The Plan should be revised to limit the Plan Injunction. | b. The Debtors will be prepared to address the scope of the Plan Injunction in connection with confirmation to the extent necessary to meet their burden. |
| | c. The revised Proposed Disclosure Statement should clarify the classification and treatment of the HoldCo Rescission/Damage Claims under the Plan. | c. The revised Proposed Disclosure Statement adequately describes the classification and treatment of HoldCo Rescission/Damage Claims under the Plan. *See* Proposed Disclosure Statement at Section IV.B and VIII.E.2(d). |
| | 2. **Solicitation Procedures Objections**: | 2. The Debtors believe these objections are resolved. |
| | a. The Plan and Solicitation Procedures artificially dilute the voting rights of holders of HoldCo Rescission or Damage Claims and the Solicitation Procedures must be amended to allow holders of HoldCo Rescission or Damage Claims to vote or take a position with respect to the Disclosure Statement. | a. Under the amended Plan, HoldCo Rescission or Damage Claims have been separately classified from HoldCo Common Interests and, accordingly, the Debtors believe this objection is resolved. Further, the Solicitation Procedures have been revised to provide that, notwithstanding the deadline of March 31, 2020 to complete the solicitation of all other holders of impaired Claims and Interests, and, to the extent relevant, the Debtors will continue to solicit the votes of holders of HoldCo Rescission or Damage Claims that timely file proofs of claim through and including the extended bar date of April 16, 2020, or as soon as reasonably practicable thereafter. *See* Revised Proposed Order, at ¶ 10. |
| | b. The Solicitation Procedures must preserve the rights of holders of HoldCo Rescission or Damage Claims under Bankruptcy Rule 3018. | b. The Solicitation Procedures have been revised to provide that (i) any HoldCo Rescission or Damage Claim, whether listed in the Schedules or for which a Proof of Claim has been timely filed, regardless of whether such HoldCo Rescission or Damage Claim is marked as wholly or partially contingent or non-contingent, liquidated or unliquidated, or disputed or undisputed, will be accorded one (1) vote and valued at $1.00 for voting purposes only with respect to the Plan, |

12

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | | and (ii) the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion will be extended to April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). Accordingly, the Debtors believe this objection is resolved. *See* Revised Proposed Order, at ¶¶ 6(e), (i). |
| 17. **Singleton Law Firm Fire Victim ("SLF Claimants")** [Docket No. 6158] | 1. **Disclosure Statement and Plan Objection**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. The treatment of Administrative Expense Claims, the resolution and liquidation process for postpetition fire Claims, and the timing for when any litigation regarding postpetition fire Claims may commence.<br><br>b. Whether the Debtors will pursue preference actions against wildfire victims. | 1. The SLF Claimants have withdrawn as resolved their objection to the Proposed Disclosure Statement. *See* Docket No. 6190. |
| 18. **United States Trustee ("U.S. Trustee")** [Docket No. 6178] | 1. **Disclosure Statement Objection**: The Proposed Disclosure Statement does not provide adequate information regarding:<br><br>a. Certain Financial Exhibits because they were filed at a different docket number than the Proposed Disclosure Statement and should have been filed with the Proposed Disclosure Statement, which also should have included a pre-filing balance sheet.<br><br>b. Estimates regarding the amount of Claims in a particular class along with the estimated percentage dividend the Plan proposes to pay each Class.<br><br>c. An estimate of the potential Chapter 5 Claims the Plan proposes to waive. | 1. The Proposed Disclosure Statement does provide adequate information regarding.<br><br>a. The Debtors filed their Financial Projections on February 18, 2020 [Docket No. 5801] and will attach the updated and revised Financial Projections to the approved Disclosure Statement as **Exhibit B**. The Debtors disagree that a pre-filing balance sheet is required as the Debtors are a publicly traded company and their historic balance sheets are publicly available.<br><br>b. The Debtors believe estimating the amount of Claims in each class and percent dividend is unnecessary, where all Claims are to be paid in full unless otherwise agreed.<br><br>c. The Debtors do not believe an estimate of potential chapter 5 Claims the Plan proposes to waive is required |

13

Case: 19-30088    Doc# 6221-1    Filed: 03/09/20    Entered: 03/09/20 18:05:16    Page 14 of 15

| Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|
| | | or at all relevant given the full payment of claims under the Plan. |
| | 2. **Plan Objection**: The U.S. Trustee made several "brief observations" with respect to the Plan, which the U.S. Trustee described as "confirmation issues." | 2. The Debtors agree that these issues are confirmation issues and, to the extent relevant, will be addressed in connection with confirmation. Accordingly, the Debtors do not address them here. |
| 19. **William B. Abrams** ("**Abrams**") [Docket No. 6151] | 1. **Disclosure Statement Objection**:<br><br>a. The Proposed Disclosure Statement does not contain adequate information regarding risks to the operation of the Reorganized Debtors' business, the Debtors' existing infrastructure, future wildfires, legislative and regulatory developments, and environmental factors.<br><br>b. The Proposed Disclosure Statement and proposed Fire Victim Claims Resolution Procedures should be amended in accordance with the comments provided on page 4 through 6 of Abram's objection, primarily regarding the operation of the Fire Victim Trust and risks to the operation of the Reorganized Debtors' business.<br><br>2. **Plan Objection**: The Plan is "patently unconfirmable" because it cannot satisfy the feasibility requirement to confirmation set forth in section 1129 of the Bankruptcy Code without addressing the risks described above. | 1. The Proposed Disclosure Statement provides adequate information.<br><br>a. Article VIII.A of the Proposed Disclosure Statement discloses these risks. In addition to the disclosure of such factors, Article VIII.A also provides instructions to find a more detailed description of such business risk factors in the Debtors' Form 10-K and other reports filed with the SEC. *See* Article VIII.A of the Proposed Disclosure Statement.<br><br>b. The Debtors do not agree with the assertions made by Abrams in his comments to the Proposed Disclosure Statement and Fire Victim Claims Resolution Procedures and do not believe such statements are appropriate or required in the Proposed Disclosure Statement.<br><br>2. This is a confirmation objection. The Debtors will be prepared to address the feasibility of the Plan in connection with confirmation to the extent necessary to meet their burden. |

14