BERMAN AND TODDERUD LLP
Stan Berman
(stan@btlawllp.com)
Eric Todderud
(eric@btlawllp.com)
3502 Fremont Avenue N., Suite 2
Seattle, WA 98103
Tel: (206) 279-3272

*Special Counsel for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**SUMMARY SHEET TO THIRD INTERIM FEE APPLICATION OF BERMAN AND TODDERUD LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (OCTOBER 1, 2019 THROUGH JANUARY 31, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: March 31, 2020**<br>**                    4:00 p.m. (Pacific Time)** |

## GENERAL INFORMATION

Name of Applicant:            Berman and Todderud LLP ("Berman and Todderud" or the "Firm")

Authorized to Provide
Professional Services to:     Special Counsel for Debtors and Debtors in Possession

| | | |
|---|---|---|
| 1 | Petition Date: | January 29, 2019 |
| 2 | Retention Date: | July 3, 2019, effective February 1, 2019 (Docket No. 2860) |
| 3 | Prior Applications: | First Interim Fee Application (February 1, 2019 through May 31, 2019), filed October 22, 2019 (Docket No. 4383) |
| | | Second Interim Fee Application (June 1, 2019 through September 30, 2019), filed November 13, 2019 (Docket No. 4705) |

**SUMMARY OF FEES AND EXPENSES SOUGHT IN THIS APPLICATION**

Amount of Compensation Sought as Actual, Reasonable, and Necessary: **$376,556.82**

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: **$0**

Total Compensation and Expenses Requested for the Compensation Period: **$376,556.82**

**SUMMARY OF PRIOR MONTHLY FEE STATEMENTS**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 12/02/19 [Dkt. No. 4920] | 10/1/19 – 10/31/19 | $106,185.60 | $0 | $84,948.48 | $0 | $21,237.12 |
| 1/14/20 [Dkt. No. 5363] | 11/1/2019- 11/30/2019 | $83,900.00 | $0 | $67,120.00 | $0 | $16,780.00 |
| 1/31/20 [Dkt. No. 5578] | 12/1/2019- 12/31/2019 | $90,417.62 | $0 | $72,334.10 | $0 | $18,083.52 |
| 3/2/20 [Dkt. No. 5991] | 1/1/2020- 1/31/2020 | $96,053.60 | $0 | $0 | $0 | $19,210.72 |
| **TOTALS** | | **$376,556.82** | **$0** | **$224,402.58** | **$0** | **$75,311.36** |

Summary of any objections to the Monthly Fee Statements: None[1]

Compensation sought in this Interim Fee Statement not yet paid: $75,311.36

**COMPENSATION BY PROFESSIONAL
OCTOBER 1, 2019 THROUGH JANUARY 31, 2020**

The attorneys and paraprofessionals who rendered legal services in these Chapter 11 Cases

---
[1] The deadline for objections to the January Monthly Fee Statement is March 23, 2020.

during the Interim Fee Period are:

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Stan Berman | Partner | 1988 | $920 | 195.5 | $179,860.00 |
| Eric Todderud | Partner | 1987 | $692 | 286.2 | $198,050.40 |
| Discount* | | | | | ($1,353.58) |
| **Total Professionals:** | | | | **481.7** | **$376,556.82** |

| PROFESSIONALS TOTALS: | BLENDED RATE (rounded to nearest dollar) | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| **Partners and Counsel** | **$782** | **481.7** | **$376,556.82** |

*Berman and Todderud agreed to apply a 2.5% reduction to fees in excess of $1,000,000 for calendar year 2019. Berman and Todderud's fees for the year totaled $1,054,143.20. Accordingly, Berman and Todderud reduced the December fees invoiced to Pacific Gas and Electric Company by 2.5% of $54,143.20 (the amount in excess of $1 million for the year). That fee reduction equals $1,353.58. Thus, the fees for the month of December at agreed-upon billing rates, totaling $91,177.20, were reduced by $1,353.58, for a total compensation of $90,417.62.

**COMPENSATION BY WORK TASK CODE**
**OCTOBER 1, 2019 THROUGH JANUARY 31, 2020**

Nearly all time billed by Berman and Todderud during the Interim Fee Period was for work in connection with a single project: pursuing litigation before the Federal Energy Regulatory Commission to recover refunds for the electric ratepayers of Pacific Gas and Electric Company for overcharges that occurred during the 2000-2001 California energy crisis. The work has been going on for many years, and resulted in several dozen settlement agreements and billions of dollars in recoveries, and the work has largely focused on implementing those agreements in a way that will allow the books to be finally closed out after the 2000-2001California energy crisis. Because of the narrow scope of our work, it is difficult to segregate the billable time into discrete project codes.

Separating our time into overlapping and subjective "project" categories would not meaningfully aid in the review of our bills. Rather, we provide a description of our work under the heading Project Billing and Narrative Statement of Services Rendered of the Fee Application.

**EXPENSE SUMMARY**
**OCTOBER 1, 2019 THROUGH JANUARY 31, 2020**

Berman and Todderud did not incur reimbursable expenses during the Interim Fee Period.

| | |
|---|---|
| BERMAN AND TODDERUD LLP<br>Stan Berman<br>(stan@btlawllp.com)<br>Eric Todderud<br>(eric@btlawllp.com)<br>3502 Fremont Avenue N., Suite 2<br>Seattle, WA 98103<br>Tel: (206) 279-3272<br><br>*Special Counsel for Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                     **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**THIRD INTERIM FEE APPLICATION OF BERMAN AND TODDERUD LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (OCTOBER 1, 2019 THROUGH JANUARY 31, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: March 31, 2020**<br>                      **4:00 p.m. (Pacific Time)** |

      Berman and Todderud LLP ("**Berman and Todderud**" or the "**Firm**"), Special Counsel for PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submits this Third Interim Fee Application (the "**Interim Application**") for allowance and payment of compensation for professional services rendered for the period commencing October 1, 2019, through January 31, 2020 (the "**Interim Fee Period**"), pursuant to the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016*

*for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Docket No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "**UST Guidelines**"), and the Local Bankruptcy Rules for the Northern District of California.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Eric Todderud filed concurrently herewith, the exhibits attached hereto and thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

## CASE BACKGROUND AND STATUS

### A. The Debtors' Bankruptcy Proceedings

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee Examiner**").

A description of the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

### B. The Debtors' Retention of Berman and Todderud

On July 3, 2019, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Authorizing the Retention and Employment Berman and Todderud LLP as Special Counsel for the Debtors Effective as of February 1, 2019,* [Docket No. 2860] (the "**Retention Order**"). A copy of the Retention Order is attached hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and any orders of the Bankruptcy Court. Subject to the Firm's application to the Court, the Debtors also are authorized by the Retention Order to compensate Berman and Todderud at the Firm's normal hourly rates for services performed and to reimburse it for actual and necessary expenses incurred in accordance with the disbursement policies of Pacific Gas and Electric Company (the "**Utility**"). The Retention Order authorizes Berman and Todderud to "provide legal services with respect to legal issues related to the California energy crisis of 2000-2001, including but not limited to, litigation at the Federal Energy Regulatory Commission, and in various appellate courts, and with respect to other electric regulatory matters that may arise."[2]

On or about February 18, 2020, Berman and Todderud entered into a fee agreement providing for continued services for calendar year 2020. A copy of the fee agreement was filed with the Court on February 26, 2020 as an exhibit to the *First Supplemental Declaration of Eric Todderud Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 on Behalf of Berman and Todderud LLP* [Docket No. 5906].

### C. Professional Compensation and Reimbursement of Expenses Requested

By this Interim Application, the Firm seeks interim allowance of compensation in the amount of $376,556.82, and payment of any unpaid amounts, including the withheld $75,311.36 (20% of the allowed fees) for the Interim Fee Period.

All services for which Berman and Todderud requests compensation were performed for or on behalf of the Debtors. Berman and Todderud has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity

---

[2] Retention Order ¶ 3.

whatsoever in connection with the matters covered by this Interim Application.

There is no agreement or understanding between Berman and Todderud and any other person other than the partners of Berman and Todderud for the sharing of compensation to be received for services rendered in these cases. As of this date Berman and Todderud has been paid $224,402.58 in fees for the Interim Fee Period. That amount has been paid pursuant to the Interim Compensation Order but not yet allowed.

The Firm has billed the Debtors in these Chapter 11 Cases in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are discounted from the ordinary rates that Berman and Todderud charges for services rendered by its attorneys in comparable matters and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets. The Summary Sheet filed herewith contains tables listing the Berman and Todderud attorneys who have performed services for the Debtors during the Interim Fee Period, including their job titles, hourly rates, aggregate number of hours worked in this matter, and the year in which each attorney was licensed to practice law. Berman and Todderud maintains computerized time records, which have been filed in the docket with the Firm's monthly fee statements, furnished to the Debtors, and served on counsel for the Creditors' Committee and the TCC, the U.S. Trustee, and the Fee Examiner in the format specified by the Interim Compensation Order.

### D.     Budget and Budget-to-Actual Performance

For the eleven months of February 2019 through December 2019, the budget established by the Utility for the services of Berman and Todderud is $1.375 million. In late 2018, the Utility agreed to a budget of $1.5 million for the work done by Mr. Berman and Mr. Todderud at their prior firm, Sidley Austin LLP, for the calendar year 2019. The budget amount of $1.375 million reflects 11/12 of the entire year's budget to which the Utility agreed, reflecting the fact that Mr. Berman and Mr. Todderud left their prior firm to establish Berman and Todderud one month into 2019.

Berman and Todderud's fees for 2019 are within the budget. Total fees for February through December 2019 were $1,054,143.20, which is below the 2019 budget amount of $1.375 million.

Berman and Todderud's February 18, 2020 fee agreement establishes an annual budget of

$1,200,000 for the calendar year 2020, which averages to $100,000 per month. Monthly fees for January 2020 were $96,053.60.

**JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

**PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

During the Interim Fee Period, Berman and Todderud attorneys expended 481.7 hours on behalf of the Debtors. Mr. Berman bills the Utility at a rate of $920 per hour, and Mr. Todderud bills the Utility at a rate of $692 per hour, for a blended attorney rate of $782 during the Interim Fee Period.

  **A.**  **Overview of the Nature of the Work of Berman and Todderud**

During the California energy crisis of 2000-2001, multiple wholesale power suppliers[3] engaged in market manipulation and other illegal conduct, resulting in billions of dollars of overcharges.[4] Numerous proceedings ensued, mostly before the Federal Energy Regulatory Commission, to recover overcharges from the eighty or so suppliers that were selling electricity into the California wholesale markets at inflated prices. The Utility has been a lead complainant in most of those proceedings since 2000.[5]

Stan Berman has been the lead attorney for the Utility in these matters since 2000. Eric

---

[3] The Utility, along with Southern California Edison and San Diego Gas & Electric, were primarily viewed as retail power suppliers serving millions of end-use customers. Companies such as Enron, which did not have end-use customers but sold power to utilities that in turn sold the power to end-use customers, are wholesale power suppliers.

[4] Descriptions of the types of manipulation that occurred and the devastation they caused are found in *Public Utils. Comm'n of California v. FERC,* 462 F.3d 1027 (9th Cir. 2006); *MPS Merch. Svcs. Inc. v. FERC,* 836 F.3d 1155 (9th Cir. 2016).

[5] Joining the Utility in these litigation efforts are Southern California Edison Company and San Diego Gas and Electric Company, along with state agencies the Public Utilities Commission of the State of California, the California Attorney General, and the California Energy Resources Scheduling Division of the California Department of Water Resources. These entities are collectively referred to in that litigation as the "**California Parties**."

Todderud became involved in or about 2004. Both attorneys have been the Utility's principal outside counsel in the proceedings related to the energy crisis since that time.

Efforts to recover overcharges have been extremely successful. The California Parties have entered into settlements with more than sixty suppliers. Through those settlements, the Utility and its co-plaintiffs have recovered in excess of five billion dollars. Amounts that the Utility has recovered, less expenses such as attorney fees, are paid directly to the Utility's ratepayers.

Despite past successes, substantial work remains to be done. A few proceedings before FERC are still pending, and market clearing efforts are underway. Mr. Berman and Mr. Todderud are significantly involved in these and all other efforts related to the refund litigation. But it is difficult, if not impossible, to segregate activities into discrete categories.

The following sections describe in general terms the categories of the work that Berman and Todderud has performed during the Interim Period.

**B.    Description of Work Performed**

The work of Berman and Todderud in connection with the litigation is now limited to a single set of litigation cases pending before FERC (and related appeals) that truly constitutes a single project or task. That litigation is in a phase referred to as the "settlement overlay," and the vast majority of the work of Berman and Todderud during the interim fee period relates to the settlement overlay. Nonetheless, the following subsections describe and categorize the legal work we performed during the Interim Fee Period and the amount of time spent on that work.

**1.    Settlement Overlay**

Through various orders over the past nineteen years, FERC has reset prices that were charged in wholesale power markets during the energy crisis. It has adopted a formula to calculate a proxy price intended to reflect the prices that would have prevailed in the California power markets had there not been market manipulation and other illegal conduct. And, it has ordered suppliers to pay refunds based on the difference between the price charged and the proxy price.

Implementing those price adjustments, as well as other changes that FERC ordered, required a "rerun" of the markets-recalculating who owes what to whom. The California Independent System Operator ("**ISO**") and the California Power Exchange ("**PX**") operated the wholesale power markets

that were manipulated, and FERC ordered those entities to perform the initial refund rerun to reset prices and calculate refunds based on the revised prices. That work required adjusting the prices in millions of transactions that occurred during the energy crisis and reconciling the accounts to reflect those adjustments. The ISO and PX filed the refund rerun results with FERC in 2016.

Once the refund rerun was completed, the California Parties, working in conjunction with the ISO and PX, undertook the "settlement overlay" process—taking the refunds amounts and account balances that the ISO and PX calculated in the refund rerun, and "overlaying" the refunds and other adjustments established in the sixty-plus settlements that the California Parties have reached.

Although consultants are performing the necessary calculations, considerable legal work is required as part of the settlement overlay process. Mr. Berman and Mr. Todderud have been reviewing those calculations to ensure that the methodology is consistent with FERC orders and the relevant settlement provisions. The attorneys must address, in a fair and reasonable way, numerous categories of funding shortfalls, shortfalls arising from defaults, and twenty years of FERC orders determining how market clearing should be done. A significant portion of their work involves the interpretation and implementation of the sixty-plus settlements that are part of the overlay. Indeed, questions involving tens of millions of dollars have arisen over settlement-related issues and the attorneys have worked to resolve those questions.

The settlement overlay process will culminate in a filing at FERC, which the parties currently plan to submit in March 2020. The California Parties currently are working with other market participants to resolve issues and foreclose objections to the upcoming filing.

Work on the settlement overlays constitutes the largest portion of the billable time for the Interim Period, and much of the work described in the following of this Fee Application relates to the settlement overlay. Once the settlement overlay filing is complete, the focus of our work will shift to resolving issues raised by market participants and ensuring the timely approval of the filing.

### 2. Settlement Negotiations

Berman and Todderud is also involved in active negotiations with remaining suppliers concerning claims that have not settled, and that are awaiting resolution at FERC. The amounts at stake are in excess of a billion dollars for California ratepayers. Because the settlement negotiations

are confidential, Berman and Todderud cannot reveal details of the negotiations.

Generally speaking, settlement negotiations require considerable research to assess the value of claims, conferences among the California Parties to establish negotiating positions, and meetings with the supplier counterparties.

### 3. Settlement Implementation/Escrows

As part of the settlement process, the California Parties have created dozens of escrow accounts, holding millions of dollars. The funds are retained in escrow because the settlements did not resolve all aspects of the market, and thus funds needed to be retained until final market clearing – which we are trying to implement through the settlement overlay process described above. Mr. Todderud has had primary responsibility for overseeing administration of the escrows for close to fifteen years. Work involved in administering escrows includes coordinating the escrow agent and the escrow accountant's work, ensuring that the utilities are reviewing escrow statements, and drafting disbursement instructions – all in a fashion that must conform to the obligations imposed by the many settlements that resulted in the creation of the escrows.

### 4. Settlement Implementation/Allocation Agreements

Many of the sixty-plus settlements that the California Parties entered into over the past two decades include payments that are made to the California Parties generally but not to individual California Parties. The settlements permit the California Parties to allocate such payments among themselves, and to re-allocate other settlement consideration among themselves.

To accomplish this allocation of funds, which total hundreds of millions of dollars, the California Parties have entered into allocation agreements among themselves. Negotiating such agreements has been time-consuming and sometimes contentious. Eric Todderud has had primary responsibility for drafting and implementing such agreements during the Interim Fee Period.

### 5. FERC Pleadings

A portion of the work done during the Interim Fee Period has been to prepare pleadings in connection with FERC dockets that remain active. Those pleadings are in the nature of updates to FERC and litigants or are directed at litigation parties that have not settled with the California Parties.

### 6. Fee Applications

During the Interim Fee Period, the Firm submitted to the Court the First and Second Interim Fee Applications and monthly fee applications for the months of September 2019 through December 2019.

The Northern District Guidelines state that fees for preparing a fee application should not exceed 5% of the amount of fees sought in that application. The following chart summarizes fees incurred in preparing fee applications during the Interim Fee Period and the total amount of fees sought. Schedules 1-3 itemize those fee amounts.

| Date | Application | Docket No. | Fees Sought | Fees Incurred | Percent |
|---|---|---|---|---|---|
| 10/22/19 | First Interim | 4383 | $386,292.40[6] | $12,175.20 | 3.1% |
| 10/31/19 | Sept. Monthly | 4533 | $141,618.00 | $1,799.20 | 1.2% |
| 11/13/19 | Second Interim | 4705 | $375,994.00 | $7,126.80 | 1.9% |
| 12/2/19 | Oct. Monthly | 4920 | $106,185.60 | $1,245.60 | 1.2% |
| 1/14/20 | Nov. Monthly | 5363 | $ 83,900.00 | $ 830.40 | 1.0% |
| 1/31/20 | Dec. Monthly | 5578 | $ 90,417.62 | $ 276.80 | 0.03% |

For each application during the Interim Fee Period, Berman and Todderud's fees are below the 5% ceiling.

**EXPENSE SUMMARY**
**OCTOBER 1, 2019 THROUGH JANUARY 31, 2020**

During the Interim Fee Period, the Firm did not seek reimbursement of travel expenses.

---

[6] The Firm agreed to reduce its fees requested in the First Interim Fee Application by $10,000.00, from $396,292.40 to $386,292.40. *See Order Granting Interim Fee Application of Berman and Todderud LLP for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2019 Through and Including May 31, 2019,* Docket No. 5670 (Feb. 6, 2020).

# LEGAL BASIS FOR INTERIM COMPENSATION

The professional services for which Berman and Todderud requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with the energy crisis litigation work on behalf of the Utility described above. Berman and Todderud's services have been necessary and beneficial to the Debtors and their ratepayers. Because their fees are deducted from recoveries that are then flowed to ratepayers, there is no impact on the estate or other creditors.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Firm respectfully submits that the amount requested by Berman and Todderud is fair and reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Berman and Todderud has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them.

We also understand that questions have been raised by the Fee Examiner about certain categories of fees. In response to those concerns we note that Mr. Berman and Mr. Todderud's work is not in any way duplicative of the work performed by other professionals working for Utility–no other law firm is representing the Utility in the crisis proceedings. We also note that Mr. Berman and Mr. Todderud have not sought compensation for non-working travel time, and that Mr. Berman and Mr. Todderud have not redacted any of their time records.

# AVAILABLE FUNDS

The Firm understands that the Debtors' estate has sufficient funds available to pay the fees and costs sought herein.

# NOTICE

Notice of the Interim Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Berman and Todderud submits that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is adequate and no other or further notice need be provided.

## CONCLUSION

Berman and Todderud respectfully requests an interim allowance to Berman and Todderud for compensation in the amount of $376,556.82, and an authorization for payment of any unpaid portion including the withheld amount of $75,311.36 (20% of the allowed fees); and for such other and further relief as this Court deems proper.

Dated:  March 11, 2020

Respectfully submitted,

BERMAN AND TODDERUD LLP

By: /s/ *Eric Todderud*
    Eric Todderud

*Special Counsel to Debtors and Debtors in Possession*

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
Attn: Janet Loduca, Esq.
77 Beale Street
San Francisco, CA 94105

Weil, Gotshal & Manges LLP
Attn: Stephen Karotkin, Esq.
Jessica Liou, Esq.
Matthew Goren, Esq.
767 Fifth Avenue
New York, NY 10153

The Office of the United States Trustee for Region 17
Attn: Andrew Vara, Esq.
Timothy Laffredi, Esq.);
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102

Milbank LLP
Attn: Dennis F. Dunne, Esq.
Sam A. Khalil, Esq.
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
Attn: Paul S. Aronzon, Esq.,
Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

Baker & Hostetler LLP
Attn: Eric Sagerman, Esq. and
Cecily Dumas, Esq.
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

Bruce A. Markell, Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402

## Schedule 1

**Fees for Preparation of First Interim Fee Application (February 1, 2019 – May 31, 2019)**
**[Docket No. 4383, Filed October 22, 2019]**

| Date | Timekeeper | Hours | Amount |
|---|---|---|---|
| 10/7/2019 | Todderud | 2.10 | $1,453.20 |
| 10/8/2019 | Todderud | 2.20 | $1,522.40 |
| 10/9/2019 | Todderud | 2.60 | $1,799.20 |
| 10/9/2019 | Berman | 0.50 | $460.00 |
| 10/11/2019 | Todderud | 1.20 | $830.40 |
| 10/15/2019 | Todderud | 0.60 | $415.20 |
| 10/16/2019 | Todderud | 2.10 | $1,453.20 |
| 10/16/2019 | Berman | 1.00 | $920.00 |
| 10/21/2019 | Todderud | 1.80 | $1,245.60 |
| 10/22/2019 | Todderud | 3.00 | $2,076.00 |
| **TOTAL:** | | | **$12,175.20** |

## Schedule 2

**Fees for Preparation of First Interim Fee Application (June 1, 2019 – September 30, 2019)**
**[Docket No. 4705, Filed November 13, 2019]**

| Date | Attorney | Hours | Amount |
|---|---|---|---|
| 11/1/2019 | Todderud | 3.40 | $2,352.80 |
| 11/6/2019 | Todderud | 0.90 | $622.80 |
| 11/7/2019 | Todderud | 0.90 | $622.80 |
| 11/8/2019 | Todderud | 0.60 | $415.20 |
| 11/8/2019 | Berman | 0.30 | $276.00 |
| 11/9/2019 | Todderud | 0.90 | $622.80 |
| 11/13/2019 | Todderud | 1.80 | $1,245.60 |
| 12/19/2019 | Todderud | 1.40 | $968.80 |

**TOTAL:** $7,126.80

## Schedule 3

**Fees for Preparation of Monthly Fee Statements**

| Month | Date | Attorney | Hours | Amount |
|---|---|---|---|---|
| September: | 10/31/2019: | Todderud | 2.60 | $1,799.20 |
| October: | 11/27/2019 | Todderud | 1.20 | $830.40 |
|  | 12/2/2019 |  | 0.6 | $415.20 |
| November: | 1/13/2020 | Todderud | 1.20 | $830.40 |
| December: | 1/30/2020 | Todderud | 0.40 | $276.80 |