BERMAN AND TODDERUD LLP
Stan Berman
(stan@btlawllp.com)
Eric Todderud
(eric@btlawllp.com)
3502 Fremont Avenue N., Suite 2
Seattle, WA 98103
Tel: (206) 279-3272

*Special Counsel for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **CERTIFICATION OF ERIC TODDERUD IN SUPPORT OF THIRD INTERIM FEE APPLICATION OF BERMAN AND TODDERUD LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION (OCTOBER 1, 2019 THROUGH JANUARY 31, 2020)** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>  Courtroom 17, 16th Floor<br>  San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Objection Deadline: March 31, 2020<br>4:00 p.m. (Pacific Time)** |

I, Eric Todderud, hereby certify as follows:

1. I am attorney licensed to practice law in the State of Washington. I am a partner in the law firm of Berman and Todderud LLP (the "Firm"), special counsel for the Debtors and am authorized to make this Declaration in that capacity. Except as otherwise indicated, all statements in this

Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Declaration in support of the Third Interim Fee Application of Berman and Todderud LLP for Allowance and Payment of Compensation and Reimbursement of Expenses (October 1, 2019 through January 31, 2020) (the "Interim Fee Application").[1] I am an attorney designated by the Firm to sign the Interim Fee Application on its behalf.

3. Pursuant to the Northern District Guidelines, I certify that:

    a. I have read the Interim Fee Application.

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Interim Fee Application are in conformity with the Northern District Guidelines except as otherwise indicated in the Interim Fee Application.

    c. The compensation requested in the Interim Fee Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Firm and generally accepted by the Firm's clients.

4. There is no agreement or understanding between the Firm and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent monthly billing statements to Pacific Gas and Electric Company for legal work commencing on October 1, 2019. I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a copy of the Interim Fee Application in accordance with the Interim Compensation Order.

6. Attached hereto as Exhibit A is a true and correct copy of a letter transmitting the Interim Fee Application to Debtors and advising them of their rights to review and object to the

---

[1] To the extent not otherwise defined herein, capitalized terms shall have the meanings set forth in the Interim Fee Application.

2

compensation and expense reimbursement sought therein. To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on March 11, 2020.

7. The Firm responds to the questions identified in the UST Guidelines as follows:

**Question 1:** Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain.

**Answer:** Yes. The Firm has agreed to substantially discount its attorney fees to Debtor Pacific Gas and Electric Company as part of the Firm's negotiated agreement for legal services.

**Question 2:** If the fees sought in the Interim Fee Application as compared to the fees budgeted for the time period covered by the Interim Fee Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?

**Answer:** The fees sought in the Interim Fee Application are not higher than those budgeted.[2]

**Question 3:** Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

**Answer:** No.

**Question 4:** Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer:** No. The Interim Fee Application does not include fees for preparing and reviewing invoices to the client. It includes fees for work performed in connection with the preparation of the Firm's monthly fee statements and the Interim Fee Statement.

---

[2] *See* Interim Application, Case Background and Status § D.

3

**Question 5:** Does the Interim Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer:** No.

**Question 6:** Does the Interim Fee Application include any rate increases since Berman and Todderud's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

**Answer:** No. The Interim Fee Application does not include any rate increases since the Firm's retention.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of March 2020, in Seattle, Washington.

BERMAN AND TODDERUD LLP

*/s/ Eric Todderud*

Eric Todderud