GROOM LAW GROUP, CHARTERED
David N. Levine, *pro hac vice*
dnl@groom.com
Katherine B. Kohn, *pro hac vice*
kkohn@groom.com
1701 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel:    (202) 857-0620
Fax:    (202) 659-4503

*Special Counsel for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SUMMARY SHEET TO FIRST INTERIM FEE APPLICATION OF GROOM LAW GROUP, CHARTERED FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019, THROUGH AND INCLUDING DECEMBER 31, 2019** |
| □  Affects PG&E Corporation | |
| □  Affects Pacific Gas and Electric Company | |
| x   Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Objection Deadline**: April 3, 2020 at 4:00 p.m. (Pacific Time) |

1

## General Information

| | |
|---|---|
| Name of Applicant | Groom Law Group, Chartered |
| Authorized to Provide Professional Services to: | Debtors |
| Petition Date: | January 29, 2019 |
| Date of Retention: | June 10, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Interim Applications: | None |

## Summary of Fees and Expenses Sought in this Application

| | |
|---|---|
| Period for which Compensation and Reimbursement Are Sought: | January 29, 2019 through December 31, 2019 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $846,934.40 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $783.46 |
| Total Compensation and Expenses Requested for the Compensation Period: | $847,717.86 |

## Total Fees and Expenses Allowed Pursuant to Prior Applications

| | |
|---|---|
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Compensation and Expenses: Paid to Date | N/A |

## Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but not yet Allowed

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in January 29-October 31 Monthly Fee Statements): | $633,243.52 |

Expenses Sought in this Application Already     $783.46
Paid Pursuant to the Interim Compensation
Order but not yet allowed (100% of Expenses)

**<u>Total Fees and Expenses Sought in this Application</u>**

Total Compensation and Expenses Sought in     $634,026.98
this Application Already Paid Pursuant to the
Interim Compensation Order but not yet Allowed:

Total Compensation and Expenses Sought in     $213,690.88
this Application not yet Paid:

3

| Date Filed & Dkt No. | Period | Total Fees and Expenses Incurred | | Total Amount Requested in Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses | Fees (@ 80%) | Expenses | Fees (@ 20%) |
| 9/27/19 Dkt No. 4031 | 1/29/19-7/31/19 | $598,381.80 | $163.46 | $478,705.44 | $163.46 | $478,705.44 | $163.46 | $119,709.05 |
| 12/2/19 Dkt No. 4936 | 8/1/19-8/31/19 | $63,022.50 | -- | $50,418.00 | -- | $50,418.00 | -- | $12,604.50 |
| 12/8/19 Dkt No. 5022 | 9/1/19-10/31/19 | $130,150.10 | $620.00 | $104,120.08 | $620.00 | $104,120.08 | $620.00 | $26,030.02 |
| 2/20/20 Dkt No. 5843 | 11/1/19-12/31/19 | $55,380.00 | -- | $44,304.00 | -- | $0.00 | -- | $11,076.00 |
| TOTAL | | $846,934.40 | $783.46 | $677,547.52 | $783.46 | $633,243.52 | $783.46 | $169,419.57 |

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

**Summary of Any Objections to Monthly Fee Statements**:  None

**Compensation and Expenses Sought in this Application not yet Paid**:  $213,690.88

4

## COMPENSATION BY PROFESSIONAL
## FOR THE COMPENSATION PERIOD

The attorneys and paraprofessionals who rendered services in these Chapter 11 Cases during the Compensation Period are:

**Defined Benefit Plan**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Alvaro Anillo | Attorney | 1992 | $898 | 1.5 | $1,347.00 |
| Kimberly Boberg | Attorney | 2009 | $708 | 10.6 | $7,504.80 |
| Michael Del Conte | Attorney | 2008 | $713 | 0.3 | $213.90 |
| Elizabeth Dold | Attorney | 1994 | $898 | 0.3 | $269.40 |
| Daniel Hogans | Attorney | 1993 | $836 | 2 | $1,672.00 |
| Allison Itami | Attorney | 2009 | $713 | 1 | $713.00 |
| Katie Kohn | Attorney | 2009 | $708 | 6.7 | $4,743.60 |
| David Levine | Attorney | 1998 | $860 | 31.6 | $27,176.00 |
| Allison Ullman | Attorney | 2008 | $755 | 0.7 | $528.50 |
| Kevin Walsh | Attorney | 2009 | $708 | 0.8 | $566.40 |
| Brigen Winters | Attorney | 1994 | $860 | 11.3 | $9,718.00 |
| Jeff Witt | Attorney | 1999 | $751 | 0.3 | $225.30 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 31.3 | $19,938.10 |
| Mark Carolan | Attorney | 2010 | $675 | 18.7 | $12,622.50 |
| William Fogleman | Attorney | 2011 | $675 | 5.8 | $3,915.00 |
| Arsalan Malik | Attorney | 2015 | $504 | 6.2 | $3,124.80 |
| Nancy McTyre | Attorney | 2010 | $675 | 31.3 | $21,127.50 |
| **Paraprofessionals** | | | | | |
| Andi Shahinllari | | | $214 | 0.4 | $85.60 |
| Josh Shapiro | | | $751 | 8.1 | $6,083.10 |
| **Grand Total** | | | | **167.7** | **$121,574.50** |

**Defined Contribution Plan**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 0.1 | $71.30 |

5

| Michael Del Conte | Attorney | 2008 | $713 | 3.6 | $2,566.80 |
|---|---|---|---|---|---|
| Ellen Goodwin | Attorney | 1999 | $751 | 1.3 | $976.30 |
| Allison Itami | Attorney | 2009 | $713 | 41.1 | $29,304.30 |
| Katie Kohn | Attorney | 2009 | $708 | 0.2 | $141.60 |
| David Levine | Attorney | 1998 | $860 | 13.2 | $11,352.00 |
| Alexander Ryan | Attorney | 2001 | $732 | 0.5 | $366.00 |
| Allison Ullman | Attorney | 2008 | $755 | 2.1 | $1,585.50 |
| Rose Zaklad | Attorney | 2006 | $732 | 0.3 | $219.60 |
| **Associates** | | | | | |
| David Ashner | Attorney | 2014 | $556 | 40 | $22,240.00 |
| John Barlow | Attorney | 2015 | $561 | 0.5 | $280.50 |
| Stacey Bradford | Attorney | 1996 | $637 | 69.6 | $44,335.20 |
| Michael Cook | Attorney | 2017 | $417 | 4 | $1,668.00 |
| Arsalan Malik | Attorney | 2015 | $504 | 5.7 | $2,872.80 |
| Nancy McTyre | Attorney | 2010 | $675 | 6.9 | $4,657.50 |
| **Paraprofessionals** | | | | | |
| Amy Latalladi-Fulton | Paraprofessional | | $328 | 0.6 | $196.80 |
| Andi Shahinllari | Paraprofessional | | $214 | 0.8 | $171.20 |
| **Grand Total** | | | | **190.5** | **$123,005.40** |

## Health & Welfare

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 2.5 | $1,782.50 |
| Elizabeth Dold | Attorney | 1994 | $898 | 1.6 | $1,436.80 |
| Allison Itami | Attorney | 2009 | $713 | 2.4 | $1,711.20 |
| Katherine Kamen | Attorney | 1990 | $751 | 0.2 | $150.20 |
| Christine Keller | Attorney | 1996 | $812 | 0.9 | $730.80 |
| Katie Kohn | Attorney | 2009 | $708 | 0.6 | $424.80 |
| David Levine | Attorney | 1998 | $860 | 28.7 | $24,682.00 |
| Rachel Levy | Attorney | 2007 | $732 | 0.3 | $219.60 |
| Malcolm Slee | Attorney | 2000 | $751 | 0.3 | $225.30 |
| Christy Tinnes | Attorney | 1998 | $812 | 1.3 | $1,055.60 |
| Vivian Turner | Attorney | 2005 | $732 | 0.5 | $366.00 |
| Allison Ullman | Attorney | 2008 | $755 | 116.7 | $88,108.50 |
| Joel Wood | Attorney | 2009 | $713 | 2.1 | $1,497.30 |
| **Associates** | | | | | |

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Stacey Bradford | Attorney | 1996 | $637 | 4.9 | $3,121.30 |
| Arsalan Malik | Attorney | 2015 | $504 | 2.1 | $1,058.40 |
| Nancy McTyre | Attorney | 2010 | $675 | 20.2 | $13,635.00 |
| **Grand Total** | | | | **185.3** | **$140,205.30** |

## Executive Compensation

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Elizabeth Dold | Attorney | 1994 | $898 | 0.9 | $808.20 |
| Jeff Witt | Attorney | 1999 | $751 | 0.5 | $375.50 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 9.7 | $6,178.90 |
| Kelly Geloneck | Attorney | 2014 | $594 | 0.2 | $118.80 |
| **Grand Total** | | | | **11.3** | **$7,481.40** |

## 2018 Wildfires

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 0.1 | $71.30 |
| Michael Del Conte | Attorney | 2008 | $713 | 5.6 | $3,992.80 |
| Daniel Hogans | Attorney | 1993 | $836 | 2 | $1,672.00 |
| Allison Itami | Attorney | 2009 | $713 | 46.6 | $33,225.80 |
| Katie Kohn | Attorney | 2009 | $708 | 163 | $115,404.00 |
| David Levine | Attorney | 1998 | $860 | 157 | $135,020.00 |
| Mark Lofgren | Attorney | 1992 | $898 | 0.5 | $449.00 |
| Andree St. Martin | Attorney | | $998 | 0.3 | $299.40 |
| Ryan Temme | Attorney | 2012 | $675 | 1.8 | $1,215.00 |
| Allison Ullman | Attorney | 2008 | $755 | 10.9 | $8,229.50 |
| Kevin Walsh | Attorney | 2009 | $708 | 20.2 | $14,301.60 |
| Jeff Witt | Attorney | 1999 | $751 | 0.2 | $150.20 |
| Rose Zaklad | Attorney | 2006 | $676 | 0.3 | $202.80 |
| **Associates** | | | | | |
| David Ashner | Attorney | 2014 | $556 | 3.3 | $1,834.80 |
| Stacey Bradford | Attorney | 1996 | $637 | 3.9 | $2,484.30 |
| Mark Carolan | Attorney | 2010 | $675 | 1.1 | $742.50 |

7

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| William Fogleman | Attorney | 2011 | $675 | 6.3 | $4,252.50 |
| Meredith Kimelblatt | Attorney | 2017 | $413 | 4.3 | $1,775.90 |
| Arsalan Malik | Attorney | 2015 | $504 | 1 | $504.00 |
| Ross McSweeney | Attorney | 2012 | $637 | 65.1 | $41,468.70 |
| Nancy McTyre | Attorney | 2010 | $675 | 4.9 | $3,307.50 |
| **Paraprofessionals** | | | | | |
| Julia Columbro | Paraprofessional | | $174 | 2.7 | $469.80 |
| Andi Shahinllari | Paraprofessional | | $214 | 34.4 | $7,362.50 |
| Josh Shapiro | | | $751 | 0.3 | $225.30 |
| Lindsey Stiles | Paraprofessional | | $190 | 1.2 | $228.00 |
| **Grand Total** | | | | **537.0** | **$378,889.20** |

## Project Falcon

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Kohn | Attorney | 2009 | $708 | 2.3 | $1,628.40 |
| David Levine | Attorney | 1998 | $860 | 3.3 | $2,838.00 |
| Allison Ullman | Attorney | 2008 | $755 | 0.2 | $151.00 |
| Jeff Witt | Attorney | 1999 | $751 | 14.9 | $11,189.90 |
| **Associates** | | | | | |
| Kelly Geloneck | Attorney | 2014 | $594 | 2.9 | $1,722.60 |
| **Grand Total** | | | | **23.6** | **$17,529.90** |

## Voluntary Disability Plan

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Allison Itami | Attorney | 2009 | $713 | 1 | $713.00 |
| David Levine | Attorney | 1998 | $860 | 8 | $6,880.00 |
| Allison Ullman | Attorney | 2008 | $755 | 55.7 | $42,053.50 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 0.2 | $127.40 |
| Ross McSweeney | Attorney | 2012 | $637 | 2 | $1,274.00 |
| Stephen Pennartz | Attorney | 2017 | $413 | 6.8 | $2,808.40 |
| Paul Rinefierd | Attorney | 2013 | $556 | 7.9 | $4,392.40 |
| **Grand Total** | | | | **81.6** | **$58,248.70** |

8

1  GROOM LAW GROUP, CHARTERED
2  David N. Levine, *pro hac vice*
   dnl@groom.com
3  Katherine B. Kohn, *pro hac vice*
   kkohn@groom.com
4  1701 Pennsylvania Ave. NW
5  Washington, D.C. 20006
   Tel:    (202) 857-0620
6  Fax:    (202) 659-4503

7
8  *Special Counsel for Debtors*
   *and Debtors in Possession*

9

10              UNITED STATES BANKRUPTCY COURT
11              NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
12
13 | **In re:** | Bankruptcy Case No. 19-30088 (DM) |
14 | **PG&E CORPORATION,** | |
15 |          **- and -** | Chapter 11 |
   | **PACIFIC GAS AND ELECTRIC** | (Lead Case) |
16 | **COMPANY,** | (Jointly Administered) |
17 |              **Debtors.** | **FIRST INTERIM FEE APPLICATION** |
18 | □  Affects PG&E Corporation | **OF GROOM LAW GROUP,** |
   | | **CHARTERED FOR ALLOWANCE AND** |
19 | □  Affects Pacific Gas and Electric Company | **PAYMENT OF COMPENSATION AND** |
   | | **REIMBURSEMENT OF EXPENSES FOR** |
20 | x  Affects both Debtors | **THE PERIOD JANUARY 29, 2019,** |
   | | **THROUGH AND INCLUDING** |
21 | *All papers shall be filed in the Lead Case* | **DECEMBER 31, 2019** |
   | *No. 19-30088 (DM).* | |
22 | | **Objection Deadline**: April 3, 2020 at 4:00 |
23 | | p.m. (Pacific Time) |
24

25

26

27

28

9

Groom Law Group, Chartered ("**Groom**"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its first interim application (the "**First Interim Fee Application**" or the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the Unites States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Groom for the period commencing January 29, 2019, through and including December 31, 2019 (the "**Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core preceding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced in this Court voluntary cases under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rile 1015(b).

10

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants.

On February 27, 2019, the Court entered the Interim Compensation Procedure Order, which generally sets forth the procedures for interim compensation and expense reimbursement for retained professionals.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding Debtors' business and capital structure are set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt No. 263].

## RETENTION OF GROOM

On April 17, 2019, the Debtors filed the *Application to Employ Groom Law Group, Chartered as Special Employee Benefits Counsel* [Dkt No. 1527] (the "**Retention Application**").

On June 10, 2019, the Court entered an order approving the Retention Application [Dkt No. 2469] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit A.** The Retention Order authorizes the Debtors to compensate and reimburse Groom in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Oder. The Retention Order also authorizes the Debtors to compensate Groom at its customary hourly rates for services rendered and to reimburse Groom for its actual and necessary expenses incurred, subject to application to this Court.

Specifically, the Retention Order authorizes Groom "to provide legal services to the Debtors with respect to legal issues related to their employee benefit plans, including, but not

11

limited to, issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, the Internal Revenue Code of 1986, as amended, and the Bankruptcy Code" [Dkt No. 2469 ¶ 3].

## **RELIEF REQUESTED**

By this Interim Fee Application, Groom respectfully requests 100% allowance of compensation of its fees in the amount of $846,934.40, together with reimbursement of its reasonable and necessary expenses incurred during the Application Period, in the amount of $783.46, for a total allowance of fees and expenses of $847,717.86. Groom has been subject to a 20% holdback imposed by the Court on allowance of fees, the aggregate amount of which is $169,419.57. Groom respectfully requests the Court allow the payment to Groom of this holdback amount on an interim basis. Groom submits this Interim Fee Application in accordance with the Interim Compensation Procedures Order and the Retention Order. All services for which Groom requests compensation were performed for the Debtors.

There is no agreement or understanding between Groom and any other person, other than members of the firm, for the sharing of compensation received for services rendered to the Debtors in these Chapter 11 Cases. Except with respect to payments received by Groom pursuant to the Interim Compensation Order, during the Compensation Period, Groom received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Prior to the Petition Date, the Debtors paid Groom certain amounts as an advance payment retainer totaling $245,000 for professional services to be performed and expenses to be incurred in connection with its representation of Debtors and in preparation for the

12

commencement of the Chapter 11 Cases. The retainers has been fully used and the remaining balance is $0. Groom has waived all replenishment rights under the retainer agreement.

The fees charged by Groom in these Chapter 11 Cases are billed in accordance with Groom's existing billing rates and procedures in effect during the Compensation Period. The rates Groom charges for services rendered by professionals and paraprofessionals in these Chapter 11 Cases are generally the same rates Groom charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy related matters in a competitive national legal market.

A detailed statement of hours spent rendering professional services to the Debtors in support of Groom's request for compensation for fees incurred during the Application Period is annexed hereto as **Exhibit B**, which (1) identifies the professionals and paraprofessionals who rendered services in each matter; and (ii) describes each service such professionals and paraprofessionals performed. A comparison of the aggregate blended hourly rates billed by Groom's attorneys on all matters during the preceding year and the blended hourly rates billed to the Debtors during the Compensation Period is annexed hereto as **Exhibit C**. A certificate of Groom's compliance with the Fee Guidelines is annexed hereto as **Exhibit D**.

To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Groom reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

13

## BASIS FOR RELIEF

This is the first interim fee application filed by Groom in these Chapter 11 cases. In connection with the professional services rendered, Groom seeks compensation in the amount of $846,934.40. Groom maintains computerized records of the time expended in the rendering of professional services required by the Debtors. These records are maintained in the ordinary course of Groom's business.

The professional services performed by Groom were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

The professional services performed by Groom on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 1,197 recorded hours by Groom's partners, of counsel, associates, and paraprofessionals. Of the aggregate time expended, 782.9 recorded hours were expended by Groom partners and of counsel; 366.8 recorded hours were expended by associates; and 48.5 recorded hours were expended by paraprofessionals and other non-legal staff of Groom.

During the Compensation Period, Groom billed the Debtors for time expended by attorneys based on hourly rates ranging from $655 to $1,055 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $723.76 (based on 1,149.7 recorded hours for attorneys at Groom's billing rates in effect at the time of the performance of services).

14

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

Groom respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly

15

administration of the Chapter 11 Cases.  Groom further submits that the services were performed economically, effectively, and efficiently.  Groom further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.  Further, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of the fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code.  Accordingly, the approval of the compensation sought herein is warranted.

## NOTICE

Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order.  Groom submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

Groom respectfully requests that the Court (i) award an interim allowance of Groom's compensation for professional services rendered during the Compensation Period in the amount of $847,717.86, consisting of $846,934.40, representing 100% of fees incurred during the Compensation Period, and reimbursement of $783.46, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

16

Dated: March 13, 2020                    GROOM LAW GROUP, CHARTERED

                                        By: /s/  Katherine B. Kohn
                                        *Special Counsel for Debtors and*
                                        *Debtors in Possession*

17

**Exhibit C**

**Customary and Comparable Compensation Disclosure**

| BLENDED HOURLY RATE | |
|---|---|
| **Billed by Attorneys in 2019** | **Billed in this Application** |
| $655 | $723.76 |

18

1

**Exhibit D**

2

**Certification**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1  GROOM LAW GROUP, CHARTERED
2  David N. Levine, *pro hac vice*
   dnl@groom.com
3  Katherine B. Kohn, *pro hac vice*
4  kkohn@groom.com
   1701 Pennsylvania Ave. NW
5  Washington, D.C. 20006
6  Tel:    (202) 857-0620
   Fax:    (202) 659-4503
7
8  *Special Counsel for Debtors
   and Debtors in Possession*

9

10              **UNITED STATES BANKRUPTCY COURT**
11              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
12

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **CERTIFICATION OF DAVID N. LEVINE IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF GROOM LAW GROUP, CHARTERED FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019, THROUGH AND INCLUDING DECEMBER 31, 2019** |
| □ Affects PG&E Corporation | |
| □ Affects Pacific Gas and Electric Company | |
| x  Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Objection Deadline**: April 3, 2020 at 4:00 p.m. (Pacific Time) |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20

I, David N. Levine, hereby certify that:

1.      I am a partner at the applicant firm, Groom Law Group, Chartered ("Groom"), and am involved in Groom's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors") in connection with the above-referenced chapter 11 cases (the "Chapter 11 Cases"). I am familiar with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] (the "Interim Compensation Order"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "Local Guidelines"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines," and, collectively, the "Fee Guidelines").

2.      This Certification is made in connection with Groom's First Interim Fee Application, dated March 13, 2020 (the "Application"), for interim compensation and reimbursement of expenses for the period commencing January 29, 2019 (the "Petition Date") through and including December 31, 2019 (the "Compensation Period").

3.      Pursuant to the Local Guidelines, I certify that:

    a.   I have read the Application;

    b.   To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; and

    c.   The fees and disbursements sought are billed at rates in accordance with those generally charged by Groom and generally accepted by Groom's clients.

1

2       4.      I certify that the Debtors, counsel for each of the Official Committees and the

3   U.S. Trustee are each being provided with a copy of the Application in accordance with the

4   Interim Compensation Order.

5       5.      Exhibit B to the Application compares the blended hourly rate billed by attorneys

6   in Groom's Washington, D.C. office (its sole office) to all matters during the preceding year with

7   the blended hourly rate billed by attorneys to the Debtors in connection with the Chapter 11

8   Cases during the Compensation Period.  Groom does not charge a premium for bankruptcy-

9   related services as compared to other services.

10      6.      Groom responds to the questions identified in the U.S. Trustee Guidelines as

11  follows:

12

13  **Question**: Did you agree to any variations from, or alternatives to, your standard
    or customary billing rates, fees or terms for services pertaining to this engagement
14  that were provided during the application period? If so, please explain.

15  **Response**: No.

16  **Question**: If the fees sought in this fee application as compared to the fees
    budgeted for the time period covered by this fee application are higher by 10% or
17  more, did you discuss the reasons for the variation with the client?

18  **Response**: N/A.

19  **Question:** Have any of the professionals included in this fee application varied
    their hourly rate based on the geographic location of the bankruptcy case?

20  **Response**: No.

21  **Question**: Does the fee application include time or fees related to reviewing or
    revising time records or preparing, reviewing, or revising invoices? (This is
22  limited to work involved in preparing and editing billing records that would not
    be compensable outside of bankruptcy and does not include reasonable fees for
23  preparing a fee application.). If so, please quantify by hours and fees.

24  **Response**: This Application includes time and fees related to reviewing or
    revising time records and preparing, reviewing or revising invoices, as well as

25

26

27

28

Case: 19-30088    Doc# 6283    Filed: 03/13/20    Entered: 03/13/20 12:22:23    Page 22
                                        of 23

preparing the Retention Application and monthly fee statements. Approximately 126 hours were spent on such work, generating approximately $66,527.10 in fees sought in this Application. These fees include those described in response to the next question, and represent approximately 12% of the fees sought in this Application. Such fees are reasonable in light of the scope and complexity of Groom's work on behalf of the Debtors and are compensable in these Chapter 11 Cases.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: Yes. Approximately 12.6 hours were spent on such work, generating approximately $8,267.60 in fees sought in this Application. Such fees represent approximately 1% of the aggregate fees sought in this Application.

**Question**: If the fee application includes any rate increases since retention:

    i.    Did your client review and approve those rate increases in advance?

    ii.    Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**: The Application does not include any rate increases since the Court's approval of Groom's retention.

Dated: March 13, 2020

Washington, D.C.

                                        */s/ David N. Levine*
                                        David N. Levine

23