DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

DEMAS LAW GROUP, P.C.
JOHN DEMAS (Bar No. 161563)
Email:jnd@demaslawgroup.com
701 Howe Avenue, Suite A-1
Sacramento, CA 95825
Telephone: 916.764.3889
Facsimile: 916.444.8250

Attorneys for Keri B. Howard and Rodney Lee Baggett

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR HOWARD/BAGGETT TO FILE PROOFS OF CLAIM**<br><br>Date: April 7, 2020<br>Time: 10:00 a.m.<br>Crtrm.: Courtroom 17<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>Objection deadline: March 31, 2020<br>4:00 p.m. (Pacific Time) |

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("Motion") Keri B. Howard and Rodney Lee Baggett ("Howard/Baggett" or "Movants") seek an order expanding the time for them to file their proofs of claim in these cases, true copies of which are attached hereto as Exhibit 1. Movants filed their claims with Prime Clerk on February 29,

2020. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of John Demas ("Demas Decl.") in support of the Motion, Declaration of Cory Culver ("Culver Decl.") in support of the Motion, and any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, Howard/Baggett, by and through their undersigned counsel, respectfully represents as follows:

## Summary of Argument

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time).

This Motion concerns the claims of fire victims, who suffered losses as a result of the North Bay Fires, both personal and real property and related damages, associated with the loss of their properties at (1) 1735 Donner Drive, Santa Rosa, California, 95404, and (2) the real property designated by County Assessor's Parcel Number 067-150-031-000.

Application of the so-called *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Plaintiff's late filing will cause no prejudice to Debtors, inasmuch as their reorganizations are solvent, the Debtor's proposed plan provides for a finite sum to a trust for the benefit of fire victims, and the plan process is yet ongoing. As to the second *Pioneer* factor, Movants' delay in asserting their claims and the potential impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, the reason for the delay was indisputably out of the Movants' control. As evidenced by the Demas Decl. and the Culver Decl., the person at Movants' law office responsible for administering the underlying claim and clients did not appear to have provided client and claim information through the regular office protocols, and subsequently left the firm. As soon as the error was discovered, Movants' counsel

promptly filed the Proofs of Claim and contacted bankruptcy counsel for assistance in seeking the instant relief. These inquiries demonstrate Movants' good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movants' neglect having been excusable, late filing of the proof of claim should be permitted.

## Jurisdiction and Venue

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## Background

As set forth in the Declarations of John Demas and Cory Culver filed contemporaneously herewith, the Movants contacted Demas Law Group for representation in pursuing claims resulting from personal and real property and related damages arising out of the North Bay Fires, and believed their claims were protected. Unfortunately, an employee of the law firm did not process the representation through the standard protocols (and the employee is no longer with the firm), and so counsel was unaware that the Movants had executed engagement letters and were firm clients. As soon as counsel became aware of the missed-filing, the claims were filed and prompt relief sought.

## Basis for Relief Requested

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible

concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); see also *In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts-- supports the conclusion that Movants' failure to file their proofs of claim prior to the general bar date was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movants' favor. Debtors estates are solvent, and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that

the proof of claim was filed after the bar date.") and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). The tininess of Movants' claim relative to Debtors' estates speaks to the absence of prejudice even if the estates were not solvent (which they are). *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Beyond the Debtors' solvency, any prospect of prejudice is especially unlikely here because of the form of Debtor's Plan, which provides for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. Distributions have not been made, nor are any set to be made, nor has (as of the filing of this Motion) the Disclosure statement been finally approved or the plan confirmation packages circulated. *See In re 50- Off Stores, Inc.*, 220 B.R. 897, 902 (Bankr. W.D. Tex. 1998) (in assessing prejudice, court distinguished between situations in which a reorganization plan is formulated, negotiated, and consummated after receipt and notice of the late-filed claim and where, as here, all of that is yet to occur).

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Movants. Here, Movants missed the applicable bar date by two months and, in any event, filed their proofs of claim promptly. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Movants' late filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, again leans in favor of excusability. Movant acknowledges this Court's observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing*

*Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is required. *Graphic Communications* at 5. In *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc), cert. denied, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005), the Ninth Circuit applied *Pioneer* to hold that a district court did not abuse its discretion in finding excusable neglect when a sophisticated law firm missed a notice of appeal deadline because a paralegal has mistakenly calendared the 60-day deadline applicable to government parties instead of the correct 30-day deadline. In *In re Zilog*, which also involved a late proof of claim, a panel of the Ninth Circuit found excusable neglect based on an ambiguous email from debtor's general counsel to three unrepresented employees that the court found "was not calculated to inform the women that they needed to file their wage claims with the bankruptcy court." 450 F.3d at 1003.

The same here. The missed deadline, as an unfortunate result of internal client intake and filing protocols, should not prejudice the Movants.

Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Movants failed to act in good faith, particularly inasmuch as court acted responsibly and with expedition upon realizing claims had not been filed by Movants and promptly sought relief from the court.

### Conclusion

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that the Proofs of Claim attached as Exhibit 1 hereto be deemed

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); In re Cable & Wireless USA, Inc., 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting In re Tannen Towers Acquisition Corp., 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); Matter of Papp Intern., Inc., 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing In re Sacred Heart Hos. of Norristown, 186 B.R. 891 as suggesting "the most significant [Pioneer] factor … is that of prejudice to the debtor.").

timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: March 13, 2020         DOWNEY BRAND LLP


By: _____/s/ Jamie P. Dreher_____
　　　　JAMIE P. DREHER
　Attorneys for Keri B. Howard and Rodney Lee
　　　　　　　Baggett


DATED: March 13, 2020         DEMAS LAW GROUP, P.C.


By: _____/s/ John Demas_____
　　　　　JOHN DEMAS
　Attorneys for Keri B. HOward and Rodney Lee
　　　　　　　Baggett

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: | Bankruptcy Case |
| --- | --- |
| PG&E CORPORATION, <br> - and - <br> PACIFIC GAS AND ELECTRIC COMPANY, <br> Debtors. | No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
HOWARD, KERI B.
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.
☑ No
☐ Yes
If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name HOWARD, KERI B.
Attorney Name (if applicable) Ratinoff, Eric
Attorney Bar Number (if applicable) 116204
Street Address 401 WATT AVENUE
City SACRAMENTO
State CA
Zip Code 95864
Phone Number (916) 970-9100
Email Address eric@ericratinoff.com

Where should payments to the creditor be sent? (if different)
Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)     Page 1

| | | |
|---|---|---|
| **Part 2:** | Give Information About the Claim as of the Date this Claim Form is Filed | |
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____) | |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 1735 Donner Drive, Santa Rosa, CA 95404<br>067-150-031-000, Santa Rosa, CA 95404 | |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>　☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ | |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ | |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date | |

Proof of Claim (Fire Related)　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Case: 19-30088    Doc# 6290    Filed: 03/13/20    Entered: 03/13/20 15:02:31    Page 10 of 16

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *John N. Demas*

**Email:** jnd@demaslawgroup.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | | |
|---|---|---|---|---|
| Name | John N. Demas | | | |
| | First name | Middle name | | Last name |
| Title | Attorney | | | |
| Company | Demas Law Group, P.C. | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | | |
| Address | 701 Howe Avenue, Suite A-1 | | | |
| | Number    Street | | | |
| | Sacramento | | CA | 95825 |
| | City | | State | ZIP Code |
| Contact phone | 9164440100 | | Email | jnd@demaslawgroup.com |

# Electronic Proof of Claim_XJVN!27402

Final Audit Report                                      2020-02-29

| | |
|---|---|
| Created: | 2020-02-29 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAM8wsaxeCidIV-1zYYy3yNfUWg-8eC8Hx |

## "Electronic Proof of Claim_XJVN!27402" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-02-28 - 11:58:02 PM GMT

- Web Form filled in by John N. Demas (jnd@demaslawgroup.com)
  2020-02-29 - 0:02:43 AM GMT- IP address: 12.251.95.162

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.122 Safari/537.36)
  2020-02-29 - 0:02:45 AM GMT- IP address: 12.251.95.162

- Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and John N. Demas (jnd@demaslawgroup.com)
  2020-02-29 - 0:02:45 AM GMT

Prime Clerk | Adobe Sign

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: | Bankruptcy Case |
|---|---|
| PG&E CORPORATION, - and - PACIFIC GAS AND ELECTRIC COMPANY, Debtors. | No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
BAGGETT, RODNEY LEE A.K.A. ROD LEE BAGGETT
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: BAGGETT, RODNEY LEE A.K.A. ROD LEE BAGGETT
Attorney Name (if applicable): Ratinoff, Eric
Attorney Bar Number (if applicable): 116204
Street Address: 401 WATT AVENUE
City: SACRAMENTO
State: CA
Zip Code: 95864
Phone Number: (916)970-9100
Email Address: eric@ericratinoff.com

Where should payments to the creditor be sent? (if different)

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on __/__/____ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                                                                  Page 1

| | | |
|---|---|---|
| **Part 2:** | | Give Information About the Claim as of the Date this Claim Form is Filed |
| 7. What fire is the basis of your claim?<br>Check all that apply. | | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | | Location(s): 067-150-031-000, Santa Rosa, CA 95404<br>1735 Donner Drive, Santa Rosa, CA 95404-1016 |
| 9. How were you and/or your family harmed?<br>Check all that apply | ☑<br>☑<br>☐<br>☑<br>☑<br>☑<br>☐<br>☐ | Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>Personal Injury<br>Wrongful Death (if checked, please provide the name of the deceased) _____<br>Business Loss/Interruption<br>Lost wages and earning capacity<br>Loss of community and essential services<br>Agricultural loss<br>Other (Please specify): _____ |
| 10. What damages are you and/or your family claiming/seeking?<br>Check all that apply | ☑<br>☑<br>☑<br>☑<br>☑<br>☑<br>☐ | Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>Punitive, exemplary, and statutory damages<br>Attorney's fees and litigation costs<br>Interest<br>Any and all other damages recoverable under California law<br>Other (Please specify): _____ |
| 11. How much is the claim? | ☐<br>☑ | $_____ (optional)<br>Unknown / To be determined at a later date |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *John N. Demas*

**Email:** jnd@demaslawgroup.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | | |
|---|---|---|---|---|
| Name | John N. Demas | | | |
| | First name | Middle name | | Last name |
| Title | Attorney | | | |
| Company | Demas Law Group, P.C. | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | | |
| Address | 701 Howe Avenue, Suite A-1 | | | |
| | Number  Street | | | |
| | Sacramento | | CA | 95825 |
| | City | | State | ZIP Code |
| Contact phone | 9164440100 | | Email | jnd@demaslawgroup.com |

# Electronic Proof of Claim_E##NL27402

Final Audit Report 2020-02-28

| | |
|---|---|
| Created: | 2020-02-28 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAACr0FUKA3-q6IPgKVS9IOZtKFc1QNT5Xq |

## "Electronic Proof of Claim_E##NL27402" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-02-28 - 11:50:03 PM GMT

- Web Form filled in by John N. Demas (jnd@demaslawgroup.com)
  2020-02-28 - 11:56:36 PM GMT- IP address: 12.251.95.162

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.122 Safari/537.36)
  2020-02-28 - 11:56:39 PM GMT- IP address: 12.251.95.162

- Signed document emailed to John N. Demas (jnd@demaslawgroup.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-02-28 - 11:56:39 PM GMT

Prime Clerk | Adobe Sign