# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | |
| - and - | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | **SUMMARY SHEET TO SECOND INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (AUGUST 1, 2019 THROUGH OCTOBER 31, 2019)** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |
| | [No hearing requested] |
| | **OBJECTION DATE**: April 3, 2020 |

## GENERAL INFORMATION

| | |
|---|---|
| To: | The Notice Parties |
| Name of Applicant: | Development Specialists, Inc |
| Authorized to Provide Professional Services to: | Financial Advisor to the Official Committee of Tort Claimants |
| Date of Retention: | May 10, 2019 *nunc pro tunc* to March 20, 2019 |
| Period for which compensation and reimbursement are sought: | August 1, 2019 to October 31, 2019 |
| Prior Interim Applications: | One |
| This is a(n) _X_ Interim __ Final Application | |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THIS APPLICATION

Amount of Compensation Sought as Actual, Reasonable and Necessary: $790,337.50

Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: $16,047.33

Total Compensation and Expenses Requested for the Compensation Period: $806,384.83

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 11/14/2019 (Doc 4729) | 08/01/2019 - 08/31/2019 | $ 464,194.00 | $ 9,798.20 | $ 371,355.20 | $ 9,798.20 | $ 92,838.80 |
| 01/15/2020 (Doc 5387) | 09/01/2019 - 09/30/2019 | 262,104.00 | 6,155.96 | 209,683.20 | 6,155.96 | 52,420.80 |
| 02/10/2020 (Doc 5710) | 10/01/2019 - 10/31/2019 | 64,039.50 | 93.17 | - | - | 12,807.90 |
| | | $ 790,337.50 | $ 16,047.33 | $ 581,038.40 | $ 15,954.16 | $158,067.50 |

Summary of Any Objections to Monthly Fee Statements: None

Compensation and Expenses Sought in this Interim Application Not Yet Paid: $209,392.27

## COMPENSATION BY PROFESSIONAL
## AUGUST 1, 2019 THROUGH OCTOBER 31, 2019 *

| Name of Professional | Position | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradley Sharp | President & CEO | $ 685.00 | 78.40 | $ 52,334.00 |
| R. Brian Calvert | Sr. Managing Director | 640.00 | 246.90 | 154,976.00 |
| Thomas Jeremiassen | Sr. Managing Director | 575.00 | 111.90 | 62,330.00 |
| Nicholas Troszak | Managing Director | 485.00 | 207.40 | 95,375.25 |
| James Armstrong | Director | 375.00 | 125.10 | 46,593.75 |
| Shelly Cuff | Director | 360.00 | 255.10 | 90,720.00 |
| Spencer Ferrero | Director | 350.00 | 193.60 | 67,760.00 |
| Andrew Wagner | Director | 350.00 | 473.60 | 165,760.00 |
| James Romey | Sr. Associate | 360.00 | 3.40 | 1,224.00 |
| Thomas Frey | Sr. Associate | 325.00 | 65.70 | 21,352.50 |
| Jack Donohue | Associate | 250.00 | 50.30 | 12,575.00 |
| Rowen Dizon | Associate | 230.00 | 5.90 | 1,357.00 |
| Mandy Yedidsion | Associate | 145.00 | 124.00 | 17,980.00 |
| | | | 1,941.30 | $ 790,337.50 |

Blended Rate: $407.12 per hour

## COMPENSATION BY PROJECT CATEGORY
## AUGUST 1, 2019 THROUGH OCTOBER 31, 2019 *

| Project Category | Category Code | Total Hours Billed | Total Fees |
|---|---|---|---|
| Fee Application/Client Billing | 12 | 97.40 | $ 40,421.00 |
| Attend Court Hearings/Review Pleadings | 14 | 7.50 | 4,452.00 |
| Claims Analysis/Objection | 31 | 1,766.00 | 721,661.00 |
| Creditors and Creditors Committee Contact | 52 | 2.50 | 1,712.50 |
| Travel | 80 | 67.90 | 22,091.00 |
| | | 1,941.30 | $ 790,337.50 |

---

* Detailed descriptions and entries are located with the filed monthly fee statements (Docs 4729, 5387 and 5710)

**EXPENSE SUMMARY**
**AUGUST 1, 2019 THROUGH OCTOBER 31, 2019**[†]

| Expense Type | Amount |
|---|---|
| Airfare | $ 8,188.51 |
| Hotel | 4,325.95 |
| Meals | 954.16 |
| Transportation | 1,812.28 |
| Miscellaneous | 766.43 |
| | $ 16,047.33 |

---

[†] Detailed descriptions and entries are located with the filed monthly fee statements (Docs 4729, 5387 and 5710)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SECOND INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (AUGUST 1, 2019 THROUGH OCTOBER 31, 2019)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>[No hearing requested]<br><br>**OBJECTION DATE**:<br>April 3, 2020 |

Development Specialists, Inc. ("**DSI**" or the "**Applicant**"), a financial advisor for the Official Committee of Tort Claimants (the **"TCC"** or **Tort Committee**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), hereby submits its Second Interim Fee Application (the "**Second Interim Fee Application**") for allowance and payment of compensation for professional services rendered, and for allowance and reimbursement of actual and necessary expenses incurred for the period commencing August 1, 2019 through and including October 31, 2019 (the "**Compensation Period**") pursuant to the Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019 Dkt. No. 701 (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* (the "**UST Guidelines**") and the Local Bankruptcy Rules for the Northern District of California. The Applicant seeks interim approval of $806,384.83 in total compensation and reimbursement of expenses, consisting of $790,337.50 in compensation and $16,047.33 in expenses.

In DSI's first interim application for allowance and payment of fees and expenses (the **"First Interim Application"**), which covered the period March 20, 2019 to July 31, 2019, DSI sought approval of fees in the amount of $1,090,499.00 and expenses in the amount of $33,407.89. On February 4, 2020, the Court entered an order granting interim approval of fees in the amount of $1,035,499.00 and $33,407.89 in expenses, reflecting a reduction in fees in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner. On February 6, 2020, the Court entered an amended order granting interim approval of fees in the amount of $1,035,499.00 and $33,407.89 in expenses, reflecting a reduction in fees in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Bradley Sharp filed concurrently herewith, the exhibits attached hereto and thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

**CASE BACKGROUND AND STATUS**

A. **The Debtors Bankruptcy Proceedings**

On January 29, 2019, the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

**B. The TCC Retention of Development Specialists, Inc.**

On April 15, 2019, the TCC filed the *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as a Financial Advisor Effective as of March 20, 2019* (Doc. 1461)(the "**DSI Application**") and modified it in the *Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. As Its Financial Advisors* (Doc 1837). DSI agreed to provide the following categories of professional services to the TCC:

    i.    Advising the Tort Committee and its counsel regarding the tort claims process, filing and processing of tort claims and estimation of tort claims,

    ii.    Monitor developments in the Debtors' cases and assist counsel,

    iii.    Claims management,

    iv.    Advise the Tort Committee with respect to formulation of a plan and disclosure statement, as well as plan feasibility matters that involve the foregoing,

    v.    Participate in meetings/calls with the Debtors, creditors, other committees, the U.S. Trustee, and other parties in interest and professionals hired by the same, as requested, and

      vi.    Perform such other tasks as may be agreed to by DSI and directed by the Committee or order of any Court having jurisdiction over the Tort Committee.

On May 10, 2019, the Court entered the *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as A Financial Advisor Effective as of March 20, 2019* (Doc. 1977) (the "**Retention Order**").  A copy of the Retention Order is attached hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse Applicant pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and any orders of the Bankruptcy Court. Subject to the Applicant's application to the Court, the Debtors are also authorized by the Retention Order to compensate Applicant at its normal hourly rates for services performed and to reimburse it for actual and necessary expenses incurred.

Pursuant to the Narrative Guidelines, a cover letter enclosing this Second Interim Fee Application is being sent to the Chair of the TCC concurrently.  This letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee any objections, concerns or questions the Chair may have regarding the requested compensation and reimbursement set forth in the Application.  A copy of the transmittal letter is attached hereto as **Exhibit B**.

This Second Interim Fee Application summarizes the services rendered by DSI on behalf of the TCC during the Application Period.  A breakdown of the hours and fees by professional is attached hereto as **Exhibit C**.  A breakdown of the hours and fees by task code is attached hereto as **Exhibit D**.  A detailed copy of the time records by professional and by task code is attached hereto as **Exhibit E**.  A detailed copy of the expenses records by professional and expense type is attached hereto as **Exhibit F**.

**Professional Compensation and Reimbursement of Expenses Requested**

By this Second Interim Fee Application, the Applicant seeks interim allowance of compensation of fees in the amount of $790,337.50 and interim allowance of reimbursement of expenses in the amount of $16,047.33, for a total allowance of $806,384.83. Applicant also seeks payment of $158,067.50 (20% of the allowed fees) for the Compensation Period

All services for which Applicant requests compensation were performed for or on behalf of the TCC. Applicant has received no payment and no promises of payment from any sources other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Second Interim Fee Application.

There is no agreement or understanding between Applicant and any other person other than employees of Applicant for the sharing of compensation to be received for services rendered in these cases. As of this date Applicant has been paid $581,038.40 in fees for the Compensation Period and has received $15,954.16 in reimbursement for expenses. These amounts have been paid pursuant to the Interim Compensation Order but not yet allowed.

Each year, Applicant attempts to gather accurate information about rates charged by comparable accounting firms for comparable services to ensure its rates are competitive. Applicant is informed and believes the rates charged by its staff and accountants are fair and reasonable in light of the rates charged by comparable firms. By way of example, Mr. Jeremiassen had an hourly rate of $575 during the 2019 billing period that is among the highest rates of any professional of DSI whose time is included in this application. Mr. Jeremiassen has over 20 years of public accounting experience. Applicants are informed and believe professionals at Mr. Jeremiassen's level at so-called "Big-Four" accounting firms, with whom Applicant competes, have hourly rates substantially higher than the rates of Applicant.

During January of each year, DSI revises its billing rates for new cases accepted thereafter and for pending cases in the coming year based on facts described above. All services included in this Second Interim fee Application were billed at the applicable standard hourly rates.

The Summary Sheet filed herewith contains tables listing the employees of Applicant who have performed services during the Compensation Period, including their job titles, hourly rates

and aggregate number of hours worked in this matter. Applicant maintains computerized time records which have been filed on the docket with the Applicant's monthly fee statements and served to the various notice parties.

**JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

**PROJECT BILLING AND NARRATIVE STATEMENT**

**OF SERVICES RENDERED**

During the Compensation Period, Applicant expended 1,941.3 hours on behalf of the TCC at a blended rate of $407.12. Without limiting the detail given in the summary table above, the areas of emphasis of work are as follows:

**A. Category 12 – Fee Application/Client Billing**

**Hours:** 97.4    **Fees:** $40,421.00

This project code includes work on DSI's professional fees and expenses, including preparation of monthly Fee Statements, and review of the daily time entries by professional to ensure compliance with the Fee Examiner Protocol.

**B. Category 14 – Attend Court Hearings/Review Pleadings**

**Hours:** 7.5    **Fees:** $4,452.00

This project code encompasses the actual time spent attending hearings and review, mark-up and analysis of certain pleadings.

### C. Category 31 – Claims Analysis/Objections

**Hours:** 1,766.0   **Fees:** $721,661.00

This project code captures the analysis performed to estimate the value of the Tort Committee claims. The lion's share of DSI's work related to this project code and involves identification and collection of data from various sources, synthesis and analysis of the data as well as dissemination of the analysis to Tort Committee professionals. Additionally, DSI reviewed proofs of claim filed in the Debtors' cases for initial categorization as being related to the TCC.

The data collected, analyzed and synthesized related primarily to damages and losses suffered by various claimants related to wildfires that took place in northern California during the 2017 and 2018 wildfire seasons as well as their effect on related components of the Debtors' bankruptcy proceedings. This analysis included, but was not limited to, the collection, analysis and synthesis of hundreds of thousands of rows of spreadsheet data, thousands of filed proofs of claim and numerous documents and files produced by the Debtors.

### D. Category 52 – Creditors and Creditors Committee Contact

**Hours:** 2.5   **Fees:** $1,712.50

This project code captures the time incurred in preparation for and participation in meetings with the Tort Committee. These meetings were primarily for site visits to areas impacted by the fires and to provide update presentations of our analyses.

### E. Category 80 – Travel

**Hours:** 67.9   **Fees:** $22,091.00

This project code is used for travel to meetings with the Tort Committee, Tort Committee counsel, the Debtors and their advisors, other stakeholders and hearings as appropriate. Entries to this project code are billed at 50% of the normal billing rate for the period of August 1-31, 2019

and at their actual rate (capped at two hours per one-way airplane trip) for the period of September 1-October 31, 2019.

DSI notes that the August monthly fee statement was filed one day prior to the Court issuing *Order Granting Fee Examiner's Motion to Approve Fee Procedures* (Docket 4770) which, among other things, established that the Court would only approve travel time according to the Practices and Procedures in Judge Montali's Court which allows for the billing of non-working travel time for only two hours per one-way airplane trip. After this ruling, DSI reviewed the travel time billed in the August 2019 period and found that billing its travel time at the full rate, capped at two hours per one-way airplane trip would result in an *increase* in billed travel time in the amount of $4,424.50. In light of this, DSI has chosen not to request the additional fees for the August 2019 period and requests that the fees that were requested be determined to be substantially in compliance with the Court's ruling. The September 2019 travel time billed was submitted per the guidelines established by the Court. There was no travel time billed in the October 2019 fee submission.

## **SUMMARY OF ACTUAL AND NECESSARY EXPENSES**

As set for on the summary table above, Applicant seeks allowance of reimbursement of actual and necessary expenses incurred during the Compensation Period in the aggregate amount of $16,047.33. These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases.

## **LEGAL BASIS FOR INTERIM COMPENSATION**

The professional services for which Applicant requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with on behalf of the TCC as described above. Applicant's services have been necessary and beneficial to the Debtors and their ratepayers.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Applicant respectfully submits that the amount requested is reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of such services and the costs of comparable services other than in a case under the Bankruptcy Code.

Moreover, Applicant has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines and the UST Guidelines and believes that the Interim Application complies with all of them.

## AVAILABLE FUNDS

Applicant understand that the Debtors' estates have sufficient funds available to pay the fees and costs sought herein.

## NOTICE

Notice of the Second Interim Fee Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Procedures Order. Applicant submits that in view of the facts and circumstances of these Chapter 11 Cases, such notice is adequate and no additional or further notice need be provided.

## RESERVATION

To the extent that time for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Second Interim Fee Application, Applicant reserves the right to request additional compensation for such services and reimbursement of such expenses in a subsequent interim fee application. Furthermore, Applicant reserves the right to seek final approval of the fees and expenses requested herein.

## CONCLUSION

Applicant respectfully requests that pursuant to the Interim Compensation Procedures Order, Applicant is (i) allowed on an interim basis compensation of $790,337.50 for services rendered during the Compensation Period; (ii) allowed on an interim basis reimbursement of expenses billed during the Compensation Period of $16,047.33; (iii) authorized to be paid its

outstanding allowed fees and expenses for the Compensation Period; and (iv) grant such other relief as the Court may deem proper.

Dated: March 13, 2020

Respectfully submitted,

_____
Bradley D. Sharp
Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants

10

# CERTIFICATION

I, Bradley D. Sharp, certify as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am President and CEO of Development Specialists, Inc. ("**DSI**"). I submit this declaration in support of the *Second Interim Fee Application of Development Specialists, Inc. For Allowance and Payment of Compensation and Reimbursement of Expenses (August 1, 2019 Through October 31, 2019* (the "**Application**").

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, is in conformity with sections 330, 331, and 1103 of title 11, United States Code; Rule 2016 of the Federal Rules of Bankruptcy Procedure; the Local Rules for the United States Bankruptcy Court for the Northern District of California; the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019; the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013; and the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees*, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014.

4. The compensation and expense reimbursement requested in this Application are billed at rates, in accordance with practices, no less favorable than those customarily employed by DSI and generally accepted by DSI's clients.

Date: March 13, 2020

_____
Bradley D. Sharp

Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants