# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　　　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SECOND INTERIM APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH JANUARY 30, 2020**<br><br>[No hearing requested]<br><br>DATE:　TBD<br>TIME:　TBD<br><br>**OBJECTION DATE**:<br>April 3, 2020 at 4:00 p.m. (PDT) |

## GENERAL INFORMATION

| | |
|---|---|
| NAME OF APPLICANT: | TRIDENT DMG LLC |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | OFFICIAL COMMITTEE OF TORT CLAIMANTS |
| PETITION DATE: | JANUARY 29, 2019 |
| RETENTION DATE: | ORDER ENTERED SETPEMBER 17, 2019, EFFECTIVE AS OF JULY 18, 2O19 |
| PRIOR APPLICATIONS: | FIRST INTERIM APPLICATION |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THIS APPLICATION

| | |
|---|---|
| TIME PERIOD COVERED BY APPLICATION: | OCTOBER 1, 2019 THROUGH JANUARY 30, 2020 |
| TOTAL FEES SOUGHT FOR THIS PERIOD: | $140,000.00 (100%) |
| TOTAL EXPENSES SOUGHT FOR THIS PERIOD: | $13,574.74 |
| TOTAL FEES ALREADY PAID FOR THIS PERIOD: | $98,000.00 |
| TOTAL EXPENSES ALREADY PAID FOR THIS PERIOD: | $13,148.68 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION AND NOT YET PAID: | $42,426.06 |

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed | Period Covered | Fixed Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Amounts |
|---|---|---|---|---|---|---|
| 10/23/19 DE 4440 | 9/18/19-10/17/19[1] | $17,500.00 | $14,000.00 | $1,157.34 | $1,157.34 | $3,500.00 |
| 11/27/19 DE 4890 | 10/18/19-11/17/19 | $35,000.00 | $28,000.00 | $4,634.53 | $4,634.53 | $7,000.00 |
| 01/08/20 DE 5309 | 11/18/19-12/17/19 | $35,000.00 | $28,000.00 | $3,600.00 | $3,600.00 | $7,000.00 |
| 01/24/20 DE 5491 | 12/18/19-1/17/20 | $35,000.00 | $28,000.00 | $3,756.81 | $3,756.81 | $7,000.00 |
| 03/03/20 DE 6043 | 1/18/20-2/17/20[2] | $17,500.00 | $0.00 | $426.06 | $0.00 | $17,500.00 |
| TOTAL | | $140,000.00 | $98,000.00 | $13,574.74 | $13,148.68 | $42,426.06 |

Summary of Any Objections to Monthly Fee Statement: <u>None</u>

Compensation and Expenses Sought and Not Yet Paid: **$42,426.06**

## HOURS BY PROFESSIONAL
## FOR THE PERIOD OCTOBER 1, 2019 THROUGH JANUARY 30, 2020

| PROFESSIONAL | POSITION | TOTAL HOURS |
|---|---|---|
| Adam Goldberg | Partner | 34.0 |
| Lanny Davis | Partner | 0.50 |
| Alexander Lange | Senior Director | 133.0 |
| Emily Seeley | Account Manager | 103.0 |
| **TOTAL** | | **270.50** |

---

[1] Only fees beginning from October 1, 2019 are included in this application.
[2] Only fees through January 30, 2020 are included in this application.

**HOURS BY TASK FOR**
**FOR THE PERIOD OCTOBER 1, 2019 THROUGH JANUARY 30, 2020**

| TASK DESCRIPTION | HOURS |
|---|---|
| Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys | 68.00 |
| Internal Client Meetings | 32.00 |
| Research and Writing | 33.00 |
| Working with the Media | 75.50 |
| Travel | 15.00 |
| Communications with External Stakeholders | 47.00 |
| **TOTAL** | **270.50** |

**EXPENSE SUMMARY**
**FOR THE PERIOD OCTOBER 1, 2019 THROUGH JANUARY 30, 2020**

| EXPENSES | AMOUNTS |
|---|---|
| Airfare | $769.12 |
| Lodging | $276.50 |
| Ground Transportation | $44.78 |
| Business Meals | $66.94 |
| Digital Advertisements | $12,417.40 |
| **Total Expenses Requested:** | **$13,574.74** |

# SECOND INTERIM APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH JANUARY 30, 2020

Trident DMG LLC ("**Trident**" or the "**Applicant**"), the communications consultant for the Official Committee of Tort Claimants (the "**TCC**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Bankruptcy Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), hereby submits its *Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 1, 2019 through January 30, 2020* (the "**Application**") seeking entry of an order, on an interim basis, pursuant to Sections 330(a) and 331 of Title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees,* promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 (the "**Narrative Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**"), and the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 For Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") (collectively, the "**Guidelines**") for interim allowance of compensation for professional services and reimbursement of actual and necessary expenses in connection with the Applicant's representation of the TCC in the Bankruptcy Cases.

Trident seeks interim approval of compensation from October 1, 2019 through January 30, 2020 (the "**Application Period**") totaling **$153,574.74,** which sum represents fees for communications services rendered in the amount of **$140,000.00** and reimbursement for expenses incurred in the amount of **$13,574.74**.

In Trident's first interim application for allowance and payment of fees and expenses, which covered the period July 18, 2019 through September 30, 2019, the Applicant sought approval of

fees in the amount of $ 97,500.00 and expenses in the amount of $12,037.01. On February 4, 2020, the Court entered an order granting interim approval of fees and expenses in the amount of $109,037.01, reflecting a reduction of fees in the amount of $500.00 as agreed upon by the Applicant and Fee Examiner [Dkt. No. 5622].

This Application is based upon the contents hereof, together with the exhibits, the declaration of Adam W. Goldberg filed concurrently herewith, the pleadings, papers, and records on file in the Bankruptcy Cases, and any evidence or argument that the Court may entertain at the time of any hearing on the Application.

Pursuant to the Guidelines, a cover letter enclosing this Application is being sent to the Chair of the TCC concurrently. The letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee ("UST") any objections, concerns, or questions the Chair may have regarding the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit A**.

### **RELEVANT BACKGROUND**

1. On January 29, 2019 (the "**Petition Date**"), the Debtors filed the Bankruptcy Cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On February 15, 2019, the Office of the UST filed an Appointment of the Official Committee of Tort Claimants [Docket No. 453]. Following the resignation of Richard Heffern from the original TCC and the addition of Tommy Wehe, on February 21, 2019, the UST filed the Amended Appointment of the Official Committee of Tort Claimants [Docket No. 530]. The current members of the TCC are: (i) GER Hospitality, LLC, in its capacity as an individual claimant; (ii) Kirk Trostle; (iii) Tommy Wehe; (iv) Angelo Loo; (v) Karen K. Gowins; (vi) Agajanian, Inc.; (vii) Susan Slocum; (viii) Samuel Maxwell; (ix) Karen M. Lockhart; (x) Wagner Family Wines-Caymus Vineyards; and (xi) Gregory Wilson.

3. On July 27, 2019, the TCC filed its *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Trident DMG LLC as Communications Consultant Effective as of July 18, 2019* [Docket No. 3224] (the "**Retention Application**"). On September 17, 2019, the Court entered its *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Trident DMG LLC as Communications Consultant Effective as of July 18, 2019* [Docket No. 3916] (the "**Retention Order**"). A true and correct copy of the Retention Order is attached hereto as **Exhibit B**. The Applicant is not holding, and has not held, any retainer in connection with the Bankruptcy Cases or the work performed on behalf of the TCC.

4. As set forth below, Trident worked with the TCC and its attorneys to address the serious issues involved with communicating with the tort claimants in the Bankruptcy Cases during the Application Period, including helping educate the tort claimants about the Bankruptcy Court's deadline for filing proofs of claim. The services and expenses for which interim compensation is sought herein were rendered for and on behalf of the TCC. Trident respectfully submits that the nature of the services has been necessary and beneficial to the TCC in maximizing recoveries for tort claimants.

5. On May 28, 2019, the Court entered an order appointing Bruce A. Markell as fee examiner ("**Fee Examiner**") in the Bankruptcy Cases. [Docket No. 2267]. Trident has communicated with the Fee Examiner and has supplied information to the Fee Examiner as requested and necessary for the Fee Examiner to evaluate the reasonableness of the compensation sought in this Application.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

6. This Application is Trident's second interim request for allowance and payment of fees and expenses as communications consultant to the TCC.

7. Pursuant to Bankruptcy Code §§ 330 and 331, Trident respectfully requests entry of an order, on an interim basis, allowing and approving **$153,574.74** which sum represents fees for

communications services rendered in the amount of **$140,000.00** and reimbursement for expenses incurred in the amount of **$13,574.74**. A detailed breakdown of Trident's services rendered during the Application Period are attached as **Exhibits C - G**.

8. Trident has made every effort to ensure that this Application complies with the Guidelines and to avoid unnecessary duplication of effort by and among its partners and staff, as well as with other retained professionals in these cases. Trident has supplied the Fee Examiner with Trident's monthly fee statements.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

9. Trident's partners and staff spent 270.5 hours performing the services described in the Application. The Trident team who rendered professional services during the Application Period are as follows: (1) Adam Goldberg (Partner); (2) Lanny Davis (Partner); (3) Alexander Lange (Senior Director); and (4) Emily Seeley (Account Manager).

**FIXED FEE BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

10. Pursuant to the Retention Order, Trident bills on a flat-fee basis. Trident focused its efforts on two primary areas during this period: (a) educating tort claimants and other stakeholders about the deadline for filing claims with the Court; and (b) educating tort claimants and other stakeholders about developments in the proceedings to help tort claimants understand fully how these developments impacted their claims.

11. In addition to the requirement that a description of the general services rendered by a professional be provided in a fee application, the Guidelines also require that applications for compensation should:

> "…categorize by subject matter and separately discuss, each project or task. With respect to each project or task, the number of hours spent, the results obtained, and the amount of compensation and expenses requested should be set forth at the conclusion of the discussion of that project or task."

12. Trident established the following project categories for its representation of the TCC: (1) Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys; (2) Internal

Client Meetings; (3) Research and Writing; (4) Working with the Media; (5) Travel; and (6) Communications with External Stakeholders.

13. These project categories enable Trident to monitor its activities and appropriately account for its professionals' time and to better inform the TCC, the Court, the UST, and the Fee Examiner regarding the nature of the services provided and time expended by its professionals and paraprofessionals. The work in each of these categories generally consisted of the following tasks:

(a) <u>Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys</u>

Essential to Trident's work has been coordinating with the TCC and its outside counsel about the status of the Bankruptcy Court's proceedings and about Trident's outreach efforts to the media and public officials regarding the Bankruptcy Court's deadline for filing proofs of claims (before it occurred) and other issues important to communicate to tort claimants and other stakeholders. Trident has weekly scheduled and ad hoc calls with both the TCC and its outside counsel.

(b) <u>Internal Client Meetings</u>

The Trident team meets regularly to coordinate our efforts on the TCC's behalf, evaluate the effectiveness of Trident's efforts to date, monitor the status of Trident's efforts, and plan Trident's next action items.

(c) <u>Research and Writing</u>

Trident's work requires reviewing court records and other publicly available information relating to the TCC's claims and assessing the effectiveness of Trident's efforts. Trident's efforts also include written work to carry out assigned tasks and keep the TCC and its outside counsel informed of Trident's efforts.

(d) <u>Working with the Media</u>

Trident has spent a substantial portion of its time educating journalists about the Bankruptcy Court's deadline for filing proofs of claims and the potential consequences to fire victims and other potential tort claimants if they do not file such proofs of claim before the deadline expires. Trident has also spent considerable time educating journalists on other issues of import to the tort claimants and other stakeholders. This includes working with national, regional, and local

print, broadcast, and online journalists. In addition, Trident has run limited digital-advertising campaigns to try to reach potential claimants and other stakeholders.

    (e)  Travel

A member of the Trident team travelled from Washington, D.C. to California for meetings with the TCC, its outside counsel, and journalists.

    (f)  Communications with External Stakeholders

As part of its efforts to educate potential tort claimants about the Bankruptcy Court's deadline for filing proofs of claim, Trident reached out to public officials to request they communicate with their constituents to educate their constituents about the deadline.

14. In compliance with the Guidelines, a description of the people employed by Trident who rendered services to the TCC in the Bankruptcy Cases during the Application Period and whose time entries appear in the invoices is included in **Exhibit H**, attached hereto.

15. Set forth below is a summary, by project category, of the services Trident rendered during the Application Period. The number of hours devoted by each Trident professional to each project category is detailed in the breakdowns attached as **Exhibits C-G**.

| PROJECT CATEGORY | HOURS |
|---|---:|
| Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys | 68.00 |
| Internal Client Meetings | 32.00 |
| Research and Writing | 33.00 |
| Working with the Media | 75.50 |
| Travel | 15.00 |
| Communications with External Stakeholders | 47.00 |
| **TOTAL** | **270.50** |

16.     Pursuant to Bankruptcy Code § 504, Trident has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any fees that may be awarded to Trident in the Bankruptcy Cases, other than as may be shared among the members of the Trident firm.

17.     <u>Costs and Expenses:</u> Trident requests allowance and reimbursement of actual, reasonable, and necessary out-of-pocket expenses in the amount of **$13,574.74** incurred while rendering professional services on behalf of the TCC during the Application Period.

18.     The expenses Trident incurred during the Application Period are set forth in detail on the invoices found in **Exhibits C-G** and are summarized in the following chart:

| EXPENSES | AMOUNTS |
|---|---|
| Airfare/ Train Fare | $769.12 |
| Lodging | $276.50 |
| Ground Transportation | $44.78 |
| Business Meals | $66.94 |
| Digital Advertisements | $12,417.40 |
| **Total Expenses Requested:** | **$13,574.74** |

19.     Trident submits that all expenses incurred during the Application Period were reasonable and necessary, are sought in compliance with the Guidelines, and should be allowed on an interim basis by the Court.

**THE FEES AND EXPENSES REQUESTED**

**<u>SHOULD BE AWARDED BASED UPON APPLICABLE LAW</u>**

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional

- 11 -
Case: 19-30088   Doc# 6297   Filed: 03/13/20   Entered: 03/13/20 18:50:33   Page 11 of 15

employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

21.     Trident respectfully submits that the amounts Trident requests for compensation and expenses are fair and reasonable given the labor required and outcome achieved to date. The compensation Trident seeks in this Application is the customary compensation commonly sought by Trident in similar circumstances.

## CONCLUSION

22.     Trident believes that this Application appropriately sets forth the significant matters handled on behalf of the TCC and provides this Court, the UST, the Fee Examiner, the Debtors' creditors, and other interested parties with an insightful overview of the scope of services rendered. Thus, Trident respectfully submits that the fees and expenses sought herein are reasonable and that the services rendered were necessary, effective, efficient, and economical.

Accordingly, Trident respectfully requests that this Application for allowance of fees and expenses, on an interim basis, be granted in all respects.

WHEREFORE, Trident respectfully seeks entry of an order, substantially in the form as attached **Exhibit I**:

1.     Awarding interim allowance of compensation for professional services rendered during the Application Period in the amount of **$153,574.74**, consisting of **$140,000.00** in fees incurred and **$13,574.74** in actual and necessary expenses.

2.     Authorizing and directing the Debtors to make prompt payment to Trident in the total amount of **$42,426.06**, which is the difference between the amount requested and the amount already paid by the Debtors pursuant to the Interim Compensation Order.

3. Granting such other and further relief as the Court may deem just and proper.

Dated: March 13, 2020					TRIDENT DMG LLC

							By: /s/ Adam W. Goldberg

							Adam W. Goldberg

							Partner

# CERTIFICATION

I, Adam W. Goldberg, declare as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am a partner in the communications firm Trident DMG LLC ("**Trident**"). I submit this certification in support of the *Second interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 1, 2019 through January 30, 2020* (the "**Application**"). Capitalized terms not defined herein have the meanings given in the Application.

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, conforms with the Bankruptcy Code, the Local Rules, and the Guidelines.

4. The compensation and expense reimbursement requested in this Application are billed at flat fees in accordance with practices no less favorable than those customarily employed by Trident and generally accepted by Trident's clients.

Date: March 13, 2020            TRIDENT DMG LLC

By: /s/ Adam W. Goldberg

Adam W. Goldberg
Partner

**Notice Parties**

| | |
|---|---|
| PG&E Corporation<br>c/o Pacific Gas & Electric Company<br>Attn: Janet Loduca, Esq.<br>77 Beale Street<br>San Francisco, CA 94105 | Keller & Benvenutti LLP<br>Attn: Tobias S. Keller, Esq.<br>Jane Kim, Esq.<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| The Office of the United States Trustee for Region 17<br>Attn: James L. Snyder, Esq.<br>Timothy Laffredi, Esq.<br>450 Golden Gate Avenue, 5th Floor, Suite #05-0153<br>San Francisco, CA 94102 | Milbank LLP<br>Attn: Dennis F. Dunne, Esq.<br>Sam A. Khalil, Esq.<br>55 Hudson Yards<br>New York, NY 10001-2163 |
| Milbank LLP<br>Attn: Paul S. Aronzon, Esq.<br>Gregory A. Bray, Esq.<br>Thomas R. Kreller, Esq.<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067 | Weil, Gotshal & Manges LLP<br>Attn: Stephen Karotkin, Esq.<br>Jessica Liou, Esq.<br>Matthew Goren, Esq.<br>767 Fifth Avenue<br>New York, NY 10153-0119 |
| Bruce A. Markell<br>Fee Examiner<br>541 N. Fairbanks Court<br>Suite 2200<br>Chicago, IL 60611-3710 | Scott H. McNutt<br>324 Warren Road<br>San Mateo, CA 94402 |