WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (pro hac vice)
(stephen.karotkin@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED. R. BANKR. P. 2014(a) FOR ORDER EXPANDING THE SCOPE OF RETENTION OF JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE & ENERGY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X  Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Related Docket No.: 911**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this application (the "**Supplemental Application**") for entry of an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), expanding the scope of retention of Jenner & Block LLP ("**Jenner & Block**") as the Debtors' special corporate defense counsel *nunc pro tunc* to the Petition Date (as defined below).

In support of this Supplemental Application, the Debtors rely upon the Third Supplemental Declaration of Randall E. Mehrberg (the "**Third Supplemental Mehrberg Declaration**"), filed concurrently herewith, as well as the Original Mehrberg Declaration [Dkt. 912], the First Supplemental Mehrberg Declaration [Dkt. 2547], and the Second Supplemental Mehrberg Declaration [Dkt. 4803] (collectively, the "**Mehrberg Declarations**"). A proposed form of order approving the expanded retention and employment of Jenner & Block is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue before the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt. 263] (the "**Wells Declaration**").

On March 15, 2019, the Debtors filed an *Application Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 for Order Authorizing the Debtors to Retain Jenner & Block LLP as Special Corporate Defense Counsel Nunc Pro Tunc to the Petition Date* [Dkt. 911] (the "**Initial Application**"). The Initial Application sought the entry of an order authorizing the Debtors

to retain Jenner & Block as special counsel in connection with various federal and state corporate defense and regulatory matters. On April 24, 2019, the Court entered an order approving the Initial Application and authorizing Jenner & Block to render the following services to the Debtors:

   a) draft motions and briefs, appear at hearings, and otherwise represent the Utility in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");
   b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;
   c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal agencies, and/or California state agencies, including the California Public Utilities Commission;
   d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;
   e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and
   f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

[Dkt. 1679, ¶ 3] (the "**Retention Order**"). The Retention Order authorized Jenner & Block's retention on an hourly basis at Jenner & Block's customary hourly rates, subject to certain discounts as described in the Initial Application.

## III. SCOPE AND TERMS OF SUPPLEMENTAL RETENTION

By this Supplemental Application, the Debtors seek to amend the Retention Order to further clarify and/or modify Jenner & Block's retention in three respects.

*First*, as described in the Initial Application and Original Mehrberg Declaration, the rate structure (the "**2019 Rate Structure**") provided for in the engagement agreement dated January 22, 2018 (the "**Engagement Agreement**") between the Debtors and Jenner & Block expired effective as of December 31, 2019. The 2019 Rate Structure involved a 15% discount from Jenner & Block's standard 2018 rates, along with certain additional volume discounts. In recent weeks, the Debtors and Jenner & Block have negotiated a new rate structure (the "**2020 Rate Structure**") under which Jenner & Block will continue to use its 2018 rate structure, but without a percentage or volume discount off that 2018 structure. The following table summarizes the expected difference between the 2019 Rate Structure and 2020 Rate Structure as to each category of billing professionals:

| Position | Estimated Blended Rate | |
|---|---|---|
| | 2019 Rate Structure | 2020 Rate Structure |
| Partners | $785 | $881 |
| Special Counsel & Associates | $490 | $586 |
| **Attorney Total** | **$586** | **$669** |
| Paralegals | $292 | $323 |
| **All Timekeepers** | **$572** | **$656** |

The Debtors and Jenner & Block have agreed that, subject to the Court's approval, the 2020 Rate Structure will take effect as of February 1, 2020 and will expire on December 31, 2020. The 2020 Rate Structure constitutes an approximately 15% discount off of Jenner & Block's customary rates in effect as of January 1, 2020.

*Second*, to the extent not already authorized by the Retention Order, the Debtors seek authority to hire Jenner & Block to render the following services under the same terms described in the Initial Application and approved in the Retention Order (except that the 2020 Rate Structure will apply to any services rendered on or after February 1, 2020):

- Investigate, litigate, and provide strategic advice related to an Order to Show Cause and to an Order Instituting Investigation issued by the CPUC in November 2019 regarding the 2019 Public Safety Power Shutoff events (the "**PSPS Matter**");

- Conduct an investigation into metrics regarding gas operations procedures and processes (the "**Metrics Investigation**");

- Assist the Debtors in litigation arising out of a fatality that occurred in 2015 when an excavator struck a PG&E natural gas line (the "**Bakersfield Litigation**").

For the Bakersfield Litigation, Jenner & Block has agreed to cap its fees at $75,000 for services associated with preparing an initial case assessment and settlement analysis. Following completion of that work, Jenner & Block will resume billing in accordance with the fee structure approved in the Retention Order.

*Third*, the Debtors seek authority to hire Jenner & Block to render the following services on a fixed-rate basis as contemplated by section 328(a) of the Bankruptcy Code:

- Provide the Debtors with legal assistance in monitoring substantive orders, rules, policy statements, notices of proposed rulemaking, notices of investigation, notices of technical conferences, guidances and other official Issuances of select state and federal regulatory agencies and departments that, on their face, create or propose to create new law applicable to PG&E, that impose new compliance obligations on PG&E, or that would materially alter pre-existing law applicable to, or compliance obligations of, the Debtors (the "**Agency Monitoring Matters**," together with the PSPS Matter, Metrics Investigation, and Bakersfield Litigation, the "**Supplemental Matters**").

While the agencies to be monitored may vary depending on PG&E's needs and priorities over time, at this time the Agency Monitoring Matters include monitoring of the following entities: the U.S. Department of Homeland Security; U.S. Department of Health & Human Services; the U.S. Department of Labor; the U.S. Department of Transportation; the U.S. Securities & Exchange Commission; the U.S. Internal Revenue Service; the U.S. Environmental Protection Agency; the U.S. Occupational Safety & Health Administration; the U.S. Nuclear Regulatory Commission; the U.S. Federal Energy Regulatory Commission; the U.S. Federal Communications Commission; the

U.S. Federal Aviation Administration; the U.S. Federal Election Commission; the California Fair Political Practices Commission; the California Department of Fish & Wildlife; the California Air Resources Board; the California Independent System Operator; the California State Water Resource Control Board; the California Energy Commission; the North American Electric Reliability Corporation; the Western Electricity Coordination Council; and the New York Stock Exchange.

Jenner & Block has agreed to charge a fixed rate for each Agency Monitoring Matter on an entity-by-entity basis. For the U.S. Department of Homeland Security and U.S. Department of Health & Human Services, Jenner & Block has agreed to charge an annual fee of $32,400 ($2,700 per month) each. For each of the other entities in the initial agencies identified, Jenner & Block has agreed to charge an annual fee of $21,600 ($1,800 per month). Additionally, for any new matters arising from monitoring services rendered in connection with an Agency Monitoring Matter, Jenner & Block has agreed to provide a credit equal to the lesser of: (a) 10% of the value of services rendered in connection with such new matter; and (b) the annual fee for the applicable Agency Monitoring Matter.

The Debtors believe that the terms on which they propose to employ Jenner & Block are usual and customary, that the rates are reasonable based upon its capabilities and the market range for comparable firms, and that they are in line with fees routinely allowed and approved in cases in the Ninth Circuit. The Debtors submit that the expanded employment of Jenner & Block, effective as of the Petition Date, and on the terms and conditions set forth herein, is in the best interest of the Debtors, their estates, their creditors, and all other parties in interest, and therefore should be approved. Jenner & Block has, and will continue to, work closely with the Debtors' other professionals to maximize efficiency and avoid any duplication of effort.

### IV. JENNER & BLOCK'S DISTINTERESTEDNESS

To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Jenner & Block do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest with respect to the Supplemental Matters. In addition, to the best of the

Case: 19-30088    Doc# 6328    Filed: 03/16/20    Entered: 03/16/20 18:20:53    Page 7 of 9

Debtors' knowledge, and based on the Mehrberg Declarations, Jenner & Block does not have any connection with any creditor or other party in interest, except as may be set forth in the Mehrberg Declarations.

Based upon the information set forth in the Mehrberg Declarations, Jenner & Block is therefore qualified to serve as counsel to the Debtors pursuant to section 327(e) of the Bankruptcy Code. *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d. Cir. 1999) ("[W]here the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself.") (quoting *Stombous v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993)) (internal quotations omitted).

Jenner & Block will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Jenner & Block will supplement its disclosure to the Court.

### V. NOTICE

Notice of this Supplemental Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such further relief as is just and proper.

Dated: March 16, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Thomas B. Rupp*
      Thomas B. Rupp

*Attorneys for Debtors and
Debtors in Possession*