**Exhibit A**
**(Proposed Order)**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (pro hac vice)
(stephen.karotkin@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] ORDER AMENDING THE SCOPE OF THE RETENTION OF JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE AND ENERGY COUNSEL EFFECTIVE AS OF THE PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the application dated March 16, 2020 (the "**Supplemental Application**"),[3] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' retention of Jenner & Block LLP ("**Jenner & Block**") as special corporate defense and energy counsel to the Debtors *nunc pro tunc* to the Petition Date, all as more fully described in the Supplemental Application; and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Supplemental Application and the Mehrberg Declarations; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the SupplementalApplication is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**

    1.    The Supplemental Application is granted as set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Application.

2. The retention and employment of Jenner & Block as special corporate defense and energy counsel to the Debtors pursuant to section 327(e) and Fed. R. Bankr. P. 2014(a) and 2016, on the terms set forth in the Supplemental Application and in the Third Supplemental Mehrberg Declaration, is hereby approved, effective as of the Petition Date.

3. Jenner & Block is authorized to render the following services to the Debtors during the pendency of these Chapter 11 Cases, in addition to those previously approved by the Court:

(a) Investigate, litigate, and provide strategic advice related to an Order to Show Cause and to an Order Instituting Investigation issued by the CPUC in November 2019 regarding the 2019 Public Safety Power Shutoff events (the (the "**PSPS Matter**");

(b) Conduct an investigation into metrics regarding gas operations procedures and practices (the "**Metrics Investigation**");

(c) Assist the Debtors in litigation arising out of a fatality that occurred in 2015 when an excavator struck a PG&E natural gas line (the "**Bakersfield Litigation**"); and

(d) Provide the Debtors with legal assistance in monitoring substantive orders, rules, policy statements, notices of proposed rulemaking, notices of investigation, notices of technical conferences, guidances and other official Issuances of select state and federal regulatory agencies and departments that, on their face, create or propose to create new law applicable to PG&E, that impose new compliance obligations on PG&E, or that would materially alter pre-existing law applicable to, or compliance obligations of, the Debtors (the "**Agency Monitoring Matters**").

4. Jenner & Block shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further Order of the Court; *provided, however*, that Jenner & Block is not required to file or summarize detailed time records with respect to the Agency Monitoring Matters.

5. Jenner & Block shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Jenner & Block shall use its best efforts to avoid any duplication of services

provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of the Supplemental Application;

9. In the event of any inconsistency between the Engagement Agreement, the Supplemental Application and the Order, the Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation of this Order.

**\*\*\*END OF ORDER\*\*\***