```
JENNER & BLOCK LLP
Randall E. Mehrberg
353 N. Clark Street
Chicago, IL 60654
Tel: 312 840 7505
rmehrberg@jenner.com
```

*Special Corporate Defense & Energy Counsel
for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | **THIRD SUPPLEMENTAL DECLARATION OF RANDALL E. MEHRBERG IN SUPPORT OF SUPPLEMENTAL APPLICATION PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR ORDER AUTHORIZING THE DEBTORS TO RETAIN JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE & ENERGY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

I, Randall E. Mehrberg, hereby declare:

I am a partner of Jenner & Block LLP ("**Jenner & Block**" or the "**Firm**"), a law firm with offices in Chicago, Illinois; New York, New York; Washington, D.C.; Los Angeles, California; and London, United Kingdom. I am currently resident in Jenner & Block's Chicago office, located at 353 North Clark Street, Chicago, IL 60654. I am a member in good standing of the bar of the State of Illinois, and there are no disciplinary proceedings pending against me.

I submit this third supplemental declaration in connection with the Supplemental

Application[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), expanding the scope of the retention of Jenner & Block as the Debtors' special corporate defense and energy counsel effective as of January 29, 2019 (the "**Petition Date**"). Unless otherwise stated in this Third Supplemental Declaration, I have personal knowledge of the facts set forth herein.

To the extent that any information disclosed herein requires subsequent amendment or modification upon Jenner & Block's completion of further analysis or as additional information regarding creditors and other parties in interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

## SERVICES TO BE PROVIDED

Jenner & Block has more than 500 lawyers in offices in Chicago, New York, Los Angeles, Washington D.C., and, through an affiliated law firm, in London. Since 2017, Jenner & Block has represented the Debtors in various corporate investigations and other regulatory matters, as described in greater detail in my Original Declaration [Dkt. 912]. Since the filing of my Original Declaration, Jenner & Block has agreed to render services to the Debtors in connection with the following new matters (collectively, the "**Supplemental Matters**"):

- Investigate, litigate, and provide strategic advice related to an Order to Show Cause and to an Order Instituting Investigation issued by the CPUC in November 2019 regarding the 2019 Public Safety Power Shutoff events (the (the "**PSPS Matter**");

- Conduct an investigation into metrics regarding gas operations procedures and practices (the "**Metrics Investigation**");

- Assist the Debtors in litigation arising out of a fatality that occurred in 2015 when an excavator struck a PG&E natural gas line (the "**Bakersfield Litigation**").

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Supplemental Application.

- Provide the Debtors with legal assistance in monitoring substantive orders, rules, policy statements, notices of proposed rulemaking, notices of investigation, notices of technical conferences, guidances and other official Issuances of select state and federal regulatory agencies and departments that, on their face, create or propose to create new law applicable to PG&E, that impose new compliance obligations on PG&E, or that would materially alter pre-existing law applicable to, or compliance obligations of, the Debtors (the "**Agency Monitoring Matters**").[2]

## PROFESSIONAL COMPENSATION

As described in my Original Declaration, the rate structure (the "**2019 Rate Structure**") provided for in the engagement agreement dated January 22, 2018 (the "**Engagement Agreement**") between the Debtors and Jenner & Block expired effective as of December 31, 2019. The 2019 Rate Structure involved a 15% discount from Jenner & Block's standard 2018 rates, along with certain additional volume discounts. In recent weeks, Jenner & Block and the Debtors have negotiated a new rate structure (the "**2020 Rate Structure**") under which Jenner & Block will charge its standard 2018 hourly rates without any additional percentage or volume discounts. The following table summarizes the expected difference between the 2019 Rate Structure and 2020 Rate Structure as to each category of billing professionals:

| Position | Estimated Blended Rate | |
|---|---|---|
| | **2019 Rate Structure** | **2020 Rate Structure** |
| Partners | $785 | $881 |
| Special Counsel & Associates | $490 | $586 |
| **Attorney Total** | **$586** | **$669** |
| Paralegals | $292 | $323 |
| **All Timekeepers** | **$572** | **$656** |

---

[2] While the agencies to be monitored may vary depending on PG&E's needs and priorities over time, at this time the Agency Monitoring Matters include monitoring of the following entities: the U.S. Department of Homeland Security; U.S. Department of Health & Human Services; the U.S. Department of Labor; the U.S. Department of Transportation; the U.S. Securities & Exchange Commission; the U.S. Internal Revenue Service; the U.S. Environmental Protection Agency; the U.S. Occupational Safety & Health Administration; the U.S. Nuclear Regulatory Commission; the U.S. Federal Energy Regulatory Commission; the U.S. Federal Communications Commission; the U.S. Federal Aviation Administration; the U.S. Federal Election Commission; the California Fair Political Practices Commission; the California Department of Fish & Wildlife; the California Air Resources Board; the California Independent System Operator; the California State Water Resource Control Board; the California Energy Commission; the North American Electric Reliability Corporation; the Western Electricity Coordination Council; and the New York Stock Exchange.

The Debtors and Jenner & Block have agreed that, subject to the Court's approval, the 2020 Rate Structure will take effect as of February 1, 2020 and will expire on December 31, 2020. The 2020 Rate Structure constitutes an approximately 15% discount off of Jenner & Block's customary rates in effect as of January 1, 2020.

Jenner & Block has agreed to render services in connection with the PSPS Matter and the Metrics Investigation on an hourly basis consistent with the terms of the engagement agreement between Jenner & Block and the Debtors dated January 22, 2018 (the "**Engagement Agreement**"), as described in detail in my Original Declaration (except that the 2020 Rate Structure will apply to any services rendered on or after February 1, 2020).

For the Bakersfield Litigation, Jenner & Block has agreed to cap its fees at $75,000 for services associated with preparing an initial case assessment and settlement analysis. Following completion of that work, Jenner & Block will resume billing in accordance with the fee structure set forth in the Engagement Letter. Jenner & Block has agreed to charge a fixed rate for each Agency Monitoring Matter on an entity-by-entity basis. For the U.S. Department of Homeland Security and U.S. Department of Health & Human Services, Jenner & Block has agreed to charge an annual fee of $32,400 ($2,700 per month) each. For each of the other entities in the initial agencies identified, Jenner & Block has agreed to charge an annual fee of $21,600 ($1,800 per month). Additionally, for any new matters arising from monitoring services rendered in connection with the Agency Monitoring Matters, Jenner & Block has agreed to provide a credit equal to the lesser of: (a) 10% of the value of services rendered in connection with such new matter; and (b) the annual fee for the applicable Agency Monitoring Matter.

I believe that Jenner & Block's rates are reasonable based upon its capabilities and are within the market range for comparable firms. Jenner & Block has, and will continue to, work closely with the Debtors' other professionals to maximize efficiency and avoid any duplication of effort.

## VI. JENNER & BLOCK'S DISINTERESTEDNESS AND CONNECTIONS

My Original Declaration set forth information about Jenner & Block's disinterestedness and connections with parties in interest in these Chapter 11 Cases.

Since the filing of my Original Declaration, First Supplemental Declaration, and Second Supplemental Declaration, Jenner & Block began representing the following parties in matters unrelated to these Chapter 11 Cases:

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Jenner & Block Client | Client Status | Relationship to Debtors |
|---|---|---|---|
| Frontier Communications; Frontier Communications of America | Frontier North, Inc. | New | Utility Provider |
| Prime Clerk; Genesys Telecommunications Laboratories | Duff & Phelps | New | Claims Agent; Interested Party |

Additionally, Jenner & Block recently received an updated list of interested parties from Weil Gotshal & Manges LLP. The updated list included the following parties, which Jenner & Block currently represents or formerly represented in matters unrelated to these Chapter 11 Cases:

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Jenner & Block Client | Client Status | Relationship to Debtors |
|---|---|---|---|
| Anchorage Capital Croup LLC | Anchorage Capital Croup LLC | Former | Creditor |
| Cushman & Wakefield, Inc. | Cushman & Wakefield | Current | Interested Party |
| Glendon Capital Management L.P. | Glendon Capital Management L.P. | Former | Creditor |
| Hyundai USA | Hyundai Motor America | Current | Interested Party |
| Nuance Communications, Inc. | Nuance Communications, Inc. | Current | Interested Party |
| Nuveen Alternative Advisors, LLC | Nuveen Investments; Nuveen Asset Management | Current | Creditor |
| Och-Ziff Capital Management Group LLC | Oz Management; Och Ziff; Sculptor Capital Management | Current | Creditor |
| Simon Property Group | Simon Property Group | Former | Interested Party |
| Michael Williams | Michael Williams (likely not the same individual) | Current | Interested Party |
| Serengeti Asset Management LP | Serengeti Asset Management LP | Current | Creditor |

I continue to believe that: none of Jenner & Block or any partner in, counsel to, or associate of Jenner & Block represents any entity in or in connection with these Chapter 11 Cases other than the Debtors; Jenner & Block and I do not hold or represent an interest adverse to the Debtors; and neither Jenner & Block nor any of its attorneys, including me, (i) is a creditor, equity security holder, or insider of the Debtors, (ii) has been, within two years before the date of the filing of the

petition, a director, officer, or employee of the Debtors, or (iii) has any interest materially adverse to the interests of the estate or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

Jenner & Block's practices encompass the representation of many diverse clients, some of which may be or may become creditors or parties in interest. To the extent that, during or at the conclusion of Jenner & Block's employment in these Chapter 11 Cases, it discovers any facts bearing on matters described in this Third Supplemental Declaration, Jenner & Block will supplement the information contained in this Third Supplemental Declaration.

Based on the foregoing, I believe that Jenner & Block is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, as required by section 327(e) of the Bankruptcy Code, and that Jenner & Block's partners, associates, and special attorneys do not hold or represent any interest adverse to the Debtors or their estates. Accordingly, I submit that Jenner & Block is not disqualified for employment by the Debtors under section 327(e) of the Bankruptcy Code.

**RESPONSE TO U.S. TRUSTEE FEE GUIDELINE QUESTIONS**

The following answer the questions in Section D.1 of the U.S. Trustee Guidelines:

1) Other than the discounts provided for in the Engagement Agreement and noted above, Jenner & Block did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

2) None of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

3) Jenner & Block billed the Debtors for services rendered prior to the Petition Date in accordance with the rate schedule included in the Engagement Agreement. Other than as set forth herein, Jenner & Block's billing rates and material financial terms have not changed postpetition.

4) Jenner & Block and the Debtors will discuss a staffing plan and budget for

the Supplemental Matters in connection with Jenner & Block's next interim fee application in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 16, 2020
Chicago, Illinois

_____
Randall E. Mehrberg