# Exhibit B

## Certification of Nicholas Goldin

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and – <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * All papers shall be filed in the Lead Case No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **CERTIFICATION OF NICHOLAS GOLDIN IN SUPPORT OF THIRD INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 1, 2019 THROUGH DECEMBER 31, 2019** |

1

I, Nicholas Goldin, hereby certify that:

1. I am a partner with the applicant firm, Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), and involved in Simpson Thacher's representation of (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**").

2. I am familiar with the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California effective February 19, 2014* (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**UST Guidelines**"), and the *Revised Fee Examiner Protocol* dated October 24, 2019 [Docket No. 4473] ] (as approved and modified by the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures*, dated January 30, 2020 [Docket No. 5572] (the "**Second Amended Fee Procedures Order**") (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

3. This Certification is made in connection with Simpson Thacher's third interim fee application, dated March 16, 2020 (the "**Application**")[1] for allowance and payment

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

of compensation and reimbursement of expenses for the period commencing September 1, 2019 through and including December 31, 2019 (the "**Compensation Period**").

4. Pursuant to the Local Guidelines, I certify that:

    a. I have read the Application

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought are consistent with the Fee Guidelines;

    c. The fees and disbursements sought are billed at rates in accordance with those generally charged by Simpson Thacher and generally accepted by Simpson Thacher's clients.

5. I certify that the Debtors, counsel for each of the Official Committees, and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

6. Exhibit C to the Application compares the blended hourly rate billed by attorneys and paraprofessionals in Simpson Thacher's domestic offices to non-bankruptcy matters during the preceding year on a rolling 12 months year ending December 31, 2019 with blended hourly rate billed by attorneys and paraprofessionals to the Debtors in connection with the Chapter 11 Cases during the Compensation Period. Simpson Thacher does not charge a premium for bankruptcy related services as compared to other services.

7. Simpson Thacher responds to the questions identified in the UST Guidelines as follows:

8. <u>Question 1</u>: Did Simpson Thacher agree to any variations from, or alternatives to, Simpson Thacher's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

3

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

a. <u>Answer</u>: Yes. By agreement with the Debtors, Simpson Thacher deferred implementation of its normal step rate increases for attorneys advancing in seniority, which increases customarily would have taken effect in September. Instead, the billing rates for attorneys have remained unchanged since Simpson Thacher's retention.

9. <u>Question 2</u>: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Simpson Thacher discuss the reasons for the variation with the client?

a. <u>Answer</u>: The fees sought in the Application do not exceed by 10% or more the aggregate fees budgeted for Simpson Thacher for the Compensation Period.

10. <u>Question 3</u>: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

a. <u>Answer</u>: No.

11. <u>Question 4</u>: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

a. <u>Answer</u>: Yes. Simpson Thacher personnel have spent approximately 50 hours and $58,000 in time and fees related to preparing, reviewing and/or revising the time records or invoices for the period September 1 – December 31, 2019.

4

12. <u>Question 5</u>: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

    a. <u>Answer</u>: Yes. The time and fees related to reviewing for privileged or confidential information is included in the amount of time and fees related to preparing, reviewing and/or revising the time records or invoices referenced in the Answer to Question 4.

13. <u>Question 6</u>. Does the Application include any rate increases since Simpson Thacher's retention in this case? If so, did the client review and approve the rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

    a. <u>Answer.</u> The Application does not include any rate increases since Simpson Thacher's retention. The Debtors have been advised that Simpson Thacher customarily increases its hourly rates in September each year. However, as noted in the Answer to Question 1, such rate increases were deferred and are therefore not reflected in this Application.

Dated: March 16, 2020              */s/ Nicholas Goldin*
     New York, New York          Nicholas Goldin

5

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017