| | |
|---|---|
| JENNER & BLOCK LLP<br>Brian Hauck<br>633 West 5th Street<br>Los Angeles, CA 90071<br>Tel: 213 239-2244<br>bhauck@jenner.com<br><br>*Special Corporate Defense & Energy Counsel<br>for Debtors and Debtors in Possession* | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**THIRD INTERIM APPLICATION OF JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE AND ENERGY COUNSEL TO THE DEBTORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 1, 2019 <u>THROUGH JANUARY 31, 2020</u>** |

| *General Information* | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Special corporate defense and energy counsel to the above-captioned Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 25, 2019, *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | 2 [Dkt. 3465, 4749] |
| *Summary of Fees and Expenses Sought for the Third Interim Application Period* | |
| Time Period Covered By This Application: | October 1, 2019 through January 31, 2020 (the "**Third Interim Application Period**") |
| Amount of Compensation Sought to Be Allowed as Actual, Reasonable, and Necessary for the Third Interim Application Period: | $1,886,470.00 ($1,872,070 for hourly rate matters; $14,400 for flat rate matters) |
| Amount of Expense Reimbursement Sought to Be Allowed as Actual, Reasonable, and Necessary for the Third Interim Application Period: | $27,768.53 |
| Total Compensation and Expense Reimbursement Sought to Be Allowed for the Third Interim Application Period: | $1,914,238.53 |
| Fees (80%) and Expenses (100%) Previously Paid for the Third Interim Application Period: | $1,509,176.00 (expected to be paid upon expiration of objection deadline for Jenner & Block's fourth consolidated fee statement) |
| Holdback Amount (20% of Fees): | $377,294.00 (expected to be held back upon expiration of objection deadline for Jenner & Block's fourth consolidated fee statement) |
| *Summary of Rates and Other Related Information for the Third Interim Application Period* | |
| Blended Rate in This Application for All Attorneys: | $654.91 |
| Blended Rate in This Application for All Timekeepers: | $640.33 |

| | | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid To Date[1] | | Holdback Fees Remaining |
|---|---|---|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees | Expenses | Fees |
| 8/8/19 | 1/29/19 - 5/31/19 | $3,484,976.50 | $21,436.56 | $2,787,981.20 | $21,436.56 | $3,362,428.99 | $21,436.56 | $0.00 |
| 8/28/19 | 6/1/19 – 6/30/19 | $475,814.50 | $82.20 | $380,651.60 | $82.20 | $380,651.60 | $82.20 | $95,162.90 |
| 11/14/19 | 7/1/19 – 9/30/19 | $2,511,567.50 | $28,496.16 | $2,009,254.00 | $28,496.16 | $2,009,254.00 | $28,496.16 | $502,313.50 |
| 3/16/19 | 10/1/19 – 1/31/20 | $1,886,470.00 | $27,768.53 | $1,509,176.00 | $27,768.53 | $0.00 | $0.00 | $377,294.00 |
| **Total** | | **$8,358,828.50** | **$69,246.80** | **$6,687,062.80** | **$77,783.45** | **$5,752,334.59** | **$50,014.92** | **$974,770.40** |

| Number of Timekeepers Included in This Application: | 42 (35 attorneys; 7 paraprofessionals and other non-legal staff) |
|---|---|
| Number of Attorneys in this Application Not Included in Staffing Plan: | None. |
| Difference Between Fees Budgeted and Compensation Sought for This Period: | $115,070 (~6.5%) |
| Are any rates higher than those approved or disclosed at retention? | No. |
| This is a(n): | __x__ Interim _____ Final Application |

**SUMMARY OF PRIOR MONTHLY FEE STATEMENTS**

---

[1] The objection deadline with respect to Jenner's Fourth Consolidated Monthly Fee Statement is April 7, 2020. If the deadline passes without objection, the Debtors will remit $1,509,176.00 in compensation for fees and $27,768.53 in reimbursement of expenses.

Under sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the *Order Pursuant to 11 U.S.C. §§ 130 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 701] (the "**Compensation Procedures Order**"), Jenner & Block LLP (the "**Applicant**" or "**Jenner & Block**") submits this *Third Interim Fee Application of Jenner & Block LLP as Special Corporate Defense Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period October 1, 2019 Through January 31, 2020* (the "**Third Interim Fee Application**"), seeking interim allowance and payment of compensation for services rendered and reimbursement of actual and necessary expenses incurred by Jenner & Block for the period October 1, 2019 through January 31, 2020 (the "**Third Interim Application Period**"). In support of this Third Interim Fee Application, Jenner & Block submits the *Certification of Brian Hauck* filed contemporaneously herewith, and respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Third Interim Fee Application are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. This Third Interim Fee Application has been prepared in accordance with the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees in the United States Bankruptcy Court for the Northern District of California* (updated February 19, 2014) (the "**Local Guidelines**") and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, adopted by the Executive Office for the United States Trustee (the "**UST Guidelines**", and together with the Local Guidelines, the "**Guidelines**"). Attached hereto is a certification regarding compliance with the Guidelines.

**BACKGROUND**

3. On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

5. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [Dkt. 263] (the "**Wells Declaration**").

6. On April 25, 2019, the Court approved the Debtors' employment of Jenner & Block as special corporate defense and energy counsel *nunc pro tunc* to January 29, 2019 (the "**Retention Order**"). [Dkt. 1679.] A copy of the Retention Order is attached hereto as Exhibit B. The Retention Order authorized Jenner & Block to render the following services to the Debtors during the pendency of these Chapter 11 Cases:

    (a) draft motions and briefs, appear at hearings, and otherwise represent [Pacific Gas & Electric Company] in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");

    (b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;

(c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal agencies, and/or California state agencies, including the California Public Utilities Commission;

(d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;

(e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and

(f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

7. On March 16, 2020, the Debtors filed a supplemental application (the "**Supplemental Retention Application**") requesting entry of an order expanding the scope of Jenner & Block's retention to include certain additional regulatory, investigation, and litigation matters on an hourly rate basis, as well as monitoring various federal and state departments and agencies on a flat rate basis (collectively, the "**Supplemental Matters**"). As indicated below, the Third Interim Fee Application includes a total of $883,692.30 for services rendered in connection with Supplemental Matters during the Third Interim Application Period. However, Jenner & Block will not seek payment of these fees until the Supplemental Retention Application is approved.

8. An overview of the current status of these Chapter 11 Cases is set forth in the *Fourth Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 1, 2019 Through and Including January 31, 2020*.

**PRIOR FEE APPLICATIONS**

9. On August 8, 2019, Jenner & Block filed the *First Interim Application of Jenner & Block LLP as Special Corporate Defense and Energy Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From January 29, 2019 Through May 31, 2019* [Dkt. 3465] (the "**First Interim Fee Application**"). The First Interim Fee Application requested approval and allowance of $3,484,976.50 in fees and $21,436.56 in reimbursable expenses for services rendered during the period from January 29, 2019 through May 31, 2019. On January 31, 2020, the Court

5

approved the First Interim Fee Application in the amounts requested, less a $75,000 reduction negotiated with the Fee Examiner.

10. On November 14, 2019, Jenner & Block filed the *Second Interim Application of Jenner & Block LLP as Special Corporate Defense and Energy Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period From June 1,, 2019 Through September 30, 2019* [Dkt. 4749] (the "**Second Interim Fee Application**"). The Second Interim Fee Application requested approval and allowance of $2,987,382.00 in fees and $28,578.36 in reimbursable expenses for services rendered during the period from June 1, 2019 through September 30, 2019. Jenner & Block is awaiting input from the Fee Examiner on its Second Interim Fee Application.

**SUMMARY OF SERVICES RENDERED AND DISBURSEMENTS INCURRED**

11. This is Jenner & Block's Third Interim Fee Application in this case.

12. Jenner & Block attaches the following in support of its Third Interim Fee Application:

- Exhibit C is a summary of the compensation Jenner & Block seeks for the Third Interim Application Period, by matter number.

- Exhibit D is a list of the attorneys and paraprofessionals who have worked on this case during the Third Interim Application Period, the aggregate time invested by each individual, the applicable hourly billing rate, and the amount of fees attributable to each individual, as well as the hours and time spent by position (*e.g.*, partner, associate, paralegal).

- Exhibit E contains a list of time entries reflecting the time recorded during the Third Interim Application Period, organized in project billing categories by Jenner & Block.

- Exhibit F is a summary of reimbursement Jenner & Block seeks, by expense type, for all expenses incurred during the Third Interim Application Period.

- Exhibit G contains a list of expenses incurred during the Third Interim Application Period.

- Exhibit H contains a comparison of the fees requested for services rendered during the Third Interim Application Period against the fees budgeted for the Third Interim Application Period.

- Exhibit I contains a comparison of Jenner & Block professionals who rendered services during the Third Interim Application Period against the staffing plan approved by the Debtors for the Third Interim Application Period.

6

- Exhibit J contains a comparison of the blended hourly rates for amounts requested in the Third Interim Fee Application against the blended hourly rates for amounts billed by all nonbankruptcy lawyers at Jenner & Block in 2018.

*Narrative Summary of Services Rendered by Project Category*

13. The following is a brief description of the principal activities of Jenner & Block's professionals during the Third Interim Application Period for each project category, consistent with the requirements of section C(8)(c) of the U.S. Trustee Guidelines and section I.3 of the Local Guidelines. For each project category, the narrative summary provides a description of the services rendered in that category, their necessity and benefit to the estate, and the current status, as applicable:

*Criminal Investigation (10006)*

This matter number encompasses services rendered in connection with PG&E's sentencing and term of probation. During the Third Interim Application Period, Jenner & Block professionals spent a total of 234.0 hours on these categories having a lodestar value of $175,422.20. The services in this category include, among other things: drafting responses to orders to show cause from Judge Alsup of the Northern District of California; preparing for and participating in probation hearings; conducting legal research related to various probation and monitorship issues; drafting memoranda and briefs concerning probations conditions and impact of bankruptcy proceedings; and counseling the company in relation to ongoing issues that impact the terms of probation, including ongoing investigations into various wildfires. The services in this category were necessary to assist PG&E in complying with PG&E's terms of probation. The status of this matter is ongoing.

*DOI Investigation (10014)*

This matter number encompasses services rendered in connection with a suspension and debarment investigation conducted by the U.S. Department of the Interior ("**DOI**"). During the Third Interim Application Period, Jenner & Block professionals spent a total of 15.0 hours on this category having a lodestar value of $10,915.40. The services in this category include reviewing requests from and preparing materials for submission to the DOI. The services in this category were necessary to assist PG&E in complying with its obligations under federal law. The status of this matter is ongoing.

7

*Federal Contracts Advice and Counsel (10065)*

This matter number encompasses services rendered in connection with administration and compliance with federal contracts and grants. During the Third Interim Application Period, Jenner & Block professionals spent a total of 3.9 hours on this category having a lodestar value of $2,967.90. The services in this category include drafting guidance regarding a congressional statement on government contracts and grants. The services in this category were necessary to continue proper administration and compliance with federal contracts. The status of this matter is ongoing.

*Locate & Mark (10111)*

This matter number encompasses services rendered in connection with the California Public Utilities Commission's ("**CPUC**") December 14, 2018 Order Instituting Investigation and Order to Show Cause (OII), to assess the Debtors' practices and procedures related to the locating and marking ("**L&M**") of their underground facilities. During the Third Interim Application Period, Jenner & Block professionals spent a total of 636.6 hours on this category having a lodestar value of $406,668.40. The services in this category include, among other things: investigation, document reviews and interviews regarding PG&E's practices with respect to the locating and marking of both gas and electric facilities; research and analysis of legal theories relevant to the OII; counseling regarding the factual, legal, and strategic issues in the OII; support and involvement in discovery; preparation for evidentiary hearings; and preparation for settlement discussions. The services in this category were necessary to address PG&E's potential financial, legal and regulatory exposure in a proceeding in which the CPUC seeks a variety of penalties and fines, including monetary and non-monetary relief. The status of this matter is ongoing.

*Federal Power Act Issues (10146, 10358, 10562)*

These matter numbers encompasses services rendered in connection with advising PG&E with respect to its obligations under the Federal Power Act, including in connection with obtaining FERC approval of PG&E's proposed bankruptcy restructuring under section 203 of the Federal Power Act. During the Third Interim Application Period, Jenner & Block professionals spent a total of 492.8 hours on these categories having a lodestar value of $338,500.60. The services in this category include, among other things: analyzing the application of section 203 of the Federal Power Act to potential bankruptcy

plans; preparing memoranda analyzing issues arising in connection with section 203 of the Federal Power Act; conducting legal research regarding section 203 of the Federal Power Act, investigating factual matters relating to various FPA issues, and responding to and handling Federal Power Act matters that arise from time to time. The services in these categories were necessary to ensure that PG&E complied with its obligations under federal law. The status of these matters is ongoing.

*Bankruptcy Employment (10252)*

This matter number encompasses services rendered in connection with Jenner & Block's retention and compensation in these chapter 11 cases. During the Third Interim Application Period, Jenner & Block professionals spent a total of 168.7 hours on this category having a lodestar value of $64,602.00. The services in this category include, among other things, preparing Jenner & Block's Second Interim Fee Application, preparing monthly fee statements, preparing supplemental disinterestedness disclosures, preparing supporting materials for submission to the fee examiner, conferring with the fee examiner regarding Jenner's First Interim Fee Application, and coordinating with other retained professionals regarding retention and compensation-related matters. The services in this category were necessary to allow Jenner & Block to be compensated for its services as special corporate defense and energy counsel to the Debtors. The status of this matter is ongoing.

*Bankruptcy Administration (10261)*

This matter number encompasses services rendered in connection with monitoring substantive proceedings in these chapter 11 cases to the extent such proceedings may impact the special matters as to which PG&E retained Jenner & Block. During the Third Interim Application Period, Jenner & Block professionals spent a total of 6.0 hours on this category having a lodestar value of $3,701.20. The services in this category include reviewing bankruptcy docket activity and preparing summaries of noteworthy filings. The services in this category were necessary to keep Jenner & Block's nonbankruptcy attorneys apprised of the status of the Debtors' chapter 11 cases and of any filings that might affect the matters on which they are working. The status of this matter is ongoing.

*Metrics Investigation (10317) [Supplemental Matter]*

This matter number encompasses services rendered in connection with conducting an investigation into metrics regarding gas operations procedures and processes. During the Third Interim Application Period, Jenner & Block professionals spent a total of 232.0 hours on this category having a lodestar value of $142,205.40. The services in this category include drafting an investigation report, preparing for and taking witness interviews, drafting memoranda summarizing witness interviews; and reviewing documents relating to the investigation. The services in this category were necessary to ensure the Debtors' gas operations procedures and processes comply with their obligations under applicable state and federal law. The status of this matter is ongoing.

*Bakersfield Litigation (10325) [Supplemental Matter]*

This matter number encompasses services rendered in connection with litigation arising out of a fatality that occurred in 2015 when an excavator struck a PG&E natural gas line. During the Third Interim Application Period, Jenner & Block professionals spent a total of 166.7 hours on this category having a lodestar value of $96,791.60. The services in this category include drafting memoranda analyzing relevant legal and factual issues affecting PG&E's potential exposure, researching relevant case law, investigating various factual materials, and preparing for and attending mediation sessions. The services in this category were necessary to successfully advocate on behalf of the Debtors in this litigation. The status of this matter is ongoing.

*PSPS Proceedings (10341) [Supplemental Matter]*

This matter number encompasses services rendered in connection with investigating, litigating, and providing strategic advice related to an Order to Show Cause and to an Order Instituting Investigation issued by the CPUC in November 2019 regarding the 2019 Public Safety Power Shutoff events. During the Third Interim Application Period, Jenner & Block professionals spent a total of 1,031.3 hours on this category having a lodestar value of $630,295.30. The services in this category include drafting responses to the CPUC's orders, drafting witness testimony for evidentiary hearings, preparing for and attending witness interviews, reviewing and responding to discovery requests; and reviewing and analyzing various

10

factual materials. The services in this category were necessary to assist the Debtors in complying with the CPUC's November 2019 orders. The status of this matter is ongoing.

*Agency Monitoring (*10333, 10457, 10503, 10465, 10431, 10449, 10493*) [Supplemental Matters]*

These matter numbers encompass services rendered in connection with monitoring substantive orders, rules, policy statements, notices of proposed rulemaking, notices of investigation, notices of technical conferences, guidances, and other official issuances of select state and federal regulatory agencies and departments. For these services, Jenner & Block charged the Debtors a fixed rate in the amount of $1,800 per month per agency, for a total of $14,400. The services in this category were necessary to keep the Debtors apprised of changes or potential changes to their obligations under state and federal law. The status of this matter is ongoing.

14. Jenner & Block has fully applied the retainer it received from the Debtors prior to the commencement of these Chapter 11 Cases in connection with receiving interim payments on account of its monthly fee statements in accordance with the compensation procedures approved by the Court.

## **EVALUATING JENNER & BLOCK'S SERVICES**

15. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Bankruptcy Court's award of such compensation. Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." Section 330 also sets forth the criteria for the award of such compensation and reimbursement.

16. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

    a. the time spent on such services;
    b. the rates charged for such services;
    c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

11

  d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

  e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

17. Jenner & Block respectfully submits that its request for interim allowance of compensation is reasonable and appropriate. The services rendered by Jenner & Block were appropriate in light of Jenner & Block's role as the Debtors' special corporate defense and energy counsel in this case.

## DISBURSEMENTS

18. Jenner & Block maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services. A schedule setting forth the categories of expenses and amounts for which reimbursement is requested for the Third Interim Application Period is annexed hereto as <u>Exhibit F</u>. A list of Jenner & Block's expenses for the Third Interim Application Period is attached hereto as <u>Exhibit G</u>.

19. By this Application, Jenner & Block respectfully requests allowance of such reimbursement in full.

12

# THE APPLICANT'S STATEMENT PURSUANT TO APPENDIX B OF THE UST GUIDELINES

20. The following statement is provided pursuant to ¶ C.5 of the UST Guidelines.

    a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms of services pertaining to this engagement that were provided during the application period? If so, please explain.

        **Answer**: Yes, Jenner & Block provided the discounts described in its Retention Application and Supplemental Retention Application. Jenner & Block will calculate and apply the volume discounts triggered by Jenner & Block's collection in 2019 of $2.5 million and $5 million, respectively, once the allowed amount of fees is known. Jenner & Block will then credit the applicable discount from the portion of its fees held back prior to allowance.

    b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

        **Answer**: As indicated in Exhibit H, the compensation requested in this Third Interim Fee Application is not more than 10% higher than the amount budgeted for the Third Interim Application Period.

    c. **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

        **Answer**: No.

    d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

        **Answer**: No.

    e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

        **Answer**: No.

    f. **Question**: If the fee application includes any rate increases since retention: (i) did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?

13

If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: The Third Interim Fee Application incorporates the rate structure disclosed in Jenner & Block's original retention application [Dkt. 911]. The individual billing rates of certain eligible associate attorneys increased in January 2020 to reflect their new class year within the approved rate structure. Otherwise, Jenner & Block's billing rates have not changed since retention.

## CONCLUSION

21. Jenner & Block believes that the services rendered during the Third Interim Application Period were reasonable and necessary within the meaning of Section 330 of the Bankruptcy Code and that the expenses were actual and necessary to the performance of the Jenner & Block's services.

WHEREFORE, Jenner & Block respectfully requests that this Court enter an order substantially in the form of Exhibit K (a) approving an interim allowance of legal fees in the amount of $1,886,470.00 plus reimbursement of actual and necessary out-of-pocket expenses in the amount of $27,768.53 for all services rendered and expenses incurred during the Third Interim Application Period; and (b) granting such other and further relief as may be just and proper.

Dated: March 16, 2020
Oakland, California

Respectfully submitted,

JENNER & BLOCK LLP

By: _____

Brian Hauck
633 West 5th Street
Los Angeles, CA 90071
Tel: 213 239-2244
bhauck@jenner.com

*Special Corporate Defense & Energy Counsel for Debtors and Debtors in Possession*

14