CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **SUMMARY SHEET TO THIRD INTERIM FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD Time: TBD (Pacific Time) Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| | **Objection Deadline:** April 6, 2020 at 4:00 p.m. (Pacific Time) |

| General Information | |
|---|---|
| Name of Applicant: | Cravath, Swaine & Moore LLP ("**Cravath**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 25, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | *First Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 Through and Including May 31, 2019* [Docket No. 3683] (the "**First Interim Fee Application**"); *Second Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period June 1, 2019 Through and Including September 30, 2019* [Docket No. 4804] (the "**Second Interim Fee Application**") |
| Summary of Fees and Expenses Sought in this Application | |
| Time Period Covered by this Application: | October 1, 2019 through and including January 31, 2020 (the "**Compensation Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $38,286,942.50 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary for the Compensation Period: | $16,348,412.36 |
| Total Compensation and Expenses Requested for the Compensation Period: | $54,635,354.86 |
| Summary of Voluntary Fee Reductions for the Compensation Period | |
| Amount of Voluntary Reductions to Compensation Incurred During the Compensation Period: | $534,162.00 in voluntary write offs |

| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
|---|---|
| Total Allowed Compensation Paid to Date: | $29,043,099.00 |
| Total Allowed Expenses Paid to Date: | $1,022,061.82 |
| Total Allowed Compensation and Expenses Paid to Date: | $30,065,160.82 |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed** | |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in June Monthly Fee Statement): | $22,107,609.60 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in June Monthly Fee Statement): | $6,224,791.91 |
| **Summary of Fees and Expenses Sought in this Application** | |
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $28,332,401.51 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $26,302,953.35 |
| **Summary of Rates and Other Related Information in this Application** | |
| Blended Rate in this Application for All Attorneys: | $719.20 |
| Blended Rate in this Application for All Timekeepers: | $660.36 |
| Number of Timekeepers Included in this Application: | 159 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | In the aggregate, $904,605.14 under the "mid-case" budget for the Compensation Period |

Number of Attorneys Billing Fewer than 15
Hours to the Cases During the Compensation
Period:

1 attorney

Increase in Rates:

None

This is a(n):  <u>X</u>  Interim ___ Final Application

## SUMMARY OF FIRST INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 06/19/2019 Dkt. No. 2645 | 01/29/19 – 02/28/19 | $7,035,746.98 | $410,918.01 | $7,035,746.98 | $410,918.01 |
| 07/18/2019 Dkt. No. 3084 | 03/01/19 – 03/31/19 | $7,550,845.14 | $247,388.40 | $7,550,845.14 | $247,388.40 |
| 08/08/2019 Dkt No. 3484 | 04/01/19 – 04/30/19 | $7,274,270.66 | $219,270.08 | $7,274,270.66 | $219,270.08 |
| 08/20/2019 Dkt. No. 3614 | 05/01/19 – 05/31/19 | $7,182,236.22 | $144,485.33 | $7,182,236.22 | $144,485.33 |
| **Total:** | | **$29,043,099.00**[1] | **$1,022,061.82** | **$29,043,099.00** | **$1,022,061.82** |

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 09/13/2019 Dkt. No. 3892 | 06/01/19 – 06/30/19 | $6,470,439.25 | $374,444.13 | $5,176,351.40 | $374,444.13 | $1,294,087.85 |
| 10/31/2019 Dkt. No. 4539 | 07/01/19 – 07/31/19 | $7,788,617.50 | $1,058,420.09 | $6,230,894.00 | $1,058,420.09 | $1,557,723.50 |
| 11/15/2019 Dkt. No. 4764 | 08/01/19 – 08/31/19 | $9,705,244.75 | $1,164,938.29 | $7,764,195.80 | $1,164,938.29 | $1,941,048.95 |
| 11/15/2019 Dkt. No. 4765 | 09/01/19 – 09/30/19 | $12,059,050.75 | $1,255,193.70 | 9,647,240.60 | $1,255,193.70 | $2,411,810.15 |
| **Total:** | | **$36,023,352.25**[2] | **$3,852,996.21** | **$28,818,681.80** | **$3,852,996.21** | **$7,204,670.45** |
| **Travel Adjustment:**[3] | | | | | | **(122,214.25)** |
| **Adjusted Total:** | | | | | | **$7,082,456.20** |

---

[1] Net of $1,139,607.50 in voluntary write offs and $1,300,000.00 fee compromise with Fee Examiner.

[2] Net of $444,744.00 in voluntary write offs.

[3] As described in the Second Interim Fee Application.

## SUMMARY OF THIRD INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 01/24/2020 Dkt. No. 5496 | 10/01/19 – 10/31/19 | $14,978,292.00 | $1,763,779.26 | $11,982,633.60 | $1,763,779.26 | $11,982,633.60 | $1,763,779.26 | $2,995,658.40 |
| 02/12/2020 Dkt. No. 5742 | 11/01/19 – 11/30/19 | $12,656,220.00 | $4,461,012.65 | $10,124,976.00 | $4,461,012.65 | $10,124,976.00 | $4,461,012.65 | $2,531,244.00 |
| 03/16/2020 Dkt. No. 6310 | 12/01/19 – 12/31/19 | $6,723,651.50 | $6,940,665.00 | $5,378,921.20 | $6,940,665.00 | $0.00 | $0.00 | $1,344,730.30 |
| 03/16/2020 Dkt. No. 6311 | 01/01/20 – 01/31/20 | $3,928,779.00 | $3,182,955.45 | $3,143,023.20 | $3,182,955.45 | $0.00 | $0.00 | $785,755.80 |
| **Total:** | | **$38,286,942.50[4]** | **$16,348,412.36** | **$30,629,554.00** | **$16,348,412.36** | **$22,107,609.60** | **$6,224,791.91** | **$7,657,388.50** |

Summary of Any Objections to Monthly Fee Statements:  None[5]
Compensation and Expenses Sought in this Application Not Yet Paid:  $26,302,953.35

---

[4]  Net of $534,162.00 in voluntary write offs and $1,360,000.00 of one-time credits described in Cravath's Tenth and Twelfth Monthly Fee Statements.

[5]  The objection deadline with respect to Cravath's Eleventh and Twelfth Monthly Fee Statements is April 6, 2020. If each deadline passes without objection, the Debtors will remit payment of 80% of the requested fees and 100% of the requested expenses for each period.

## COMPENSATION BY PROFESSIONAL
## FOR THE COMPENSATION PERIOD

The attorneys who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PROFESSIONAL PARTNERS: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Evan R. Chesler | Litigation | 1976 | $1,500 | 92.80 | $139,200.00 |
| Peter T. Barbur | Litigation | 1989 | 1,500 | 492.00 | 738,000.00 |
| Richard A. Hall | Corporate | 1989 | 1,500 | 293.70 | 440,550.00 |
| Julie A. North | Litigation | 1990 | 1,500 | 453.50 | 680,250.00 |
| Andrew W. Needham | Tax | 1995 | 1,500 | 78.40 | 117,600.00 |
| George E. Zobitz | Corporate | 1996 | 1,500 | 187.30 | 280,950.00 |
| Darin P. McAtee | Litigation | 1993 | 1,500 | 245.20 | 367,800.00 |
| Timothy G. Cameron | Litigation | 1999 | 1,500 | 564.80 | 847,200.00 |
| Paul H. Zumbro | Corporate | 1998 | 1,500 | 301.80 | 452,700.00 |
| Kevin J. Orsini | Litigation | 2004 | 1,500 | 675.00 | 1,012,500.00 |
| J. Wesley Earnhardt | Litigation | 2005 | 1,350 | 88.80 | 119,880.00 |
| Benjamin Gruenstein | Litigation | 2000 | 1,350 | 26.80 | 36,180.00 |
| David M. Stuart | Litigation | 1996 | 1,350 | 12.00 | 16,200.00 |
| Omid H. Nasab | Litigation | 2007 | 1,350 | 163.10 | 220,185.00 |
| Damaris Hernandez | Litigation | 2008 | 1,350 | 545.30 | 736,155.00 |
| Nicholas A. Dorsey | Corporate | 2010 | 1,100 | 39.10 | 43,010.00 |
| Andrew C. Elken | Corporate | 2009 | 1,100 | 29.60 | 32,560.00 |
| Lauren R. Kennedy | Litigation | 2011 | 1,100 | 52.60 | 57,860.00 |
| C. Daniel Haaren | Corporate | 2013 | 1,100 | 152.30 | 167,530.00 |
| Evan Norris | Litigation | 2003 | 1,100 | 96.30 | 105,930.00 |
| **Total Partners:** | | | | **4,590.40** | **$6,612,240.00** |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Christopher J. Kelly | Corporate | 2000 | $1,240 | 61.00 | $75,640.00 |
| Joyce Law | Corporate | 1998 | 1,080 | 16.20 | 17,496.00 |
| Evan Norris | Litigation | 2003 | 1,025 | 517.60 | 530,540.00 |
| Lillian S. Grossbard | Litigation | 1998 | 1,020 | 671.00 | 684,420.00 |
| Deborah L. Fox | Litigation | 2008 | 975 | 93.60 | 91,260.00 |
| Scott Reents | Litigation | 2008 | 975 | 586.60 | 571,935.00 |
| Nathan Denning | Litigation | 2011 | 960 | 257.80 | 247,488.00 |
| Brian Budnick | Corporate | 2012 | 960 | 15.20 | 14,592.00 |
| Brittany L. Sukiennik | Litigation | 2012 | 960 | 665.20 | 638,592.00 |
| C. Daniel Haaren | Corporate | 2013 | 960 | 482.40 | 463,104.00 |
| Morgan Cohen | Litigation | 2014 | 960 | 120.70 | 115,872.00 |
| Paul Sandler | Corporate | 2014 | 960 | 111.90 | 107,424.00 |
| Katherine D. Janson | Litigation | 2006 | 945 | 220.30 | 208,183.50 |
| Christopher Beshara | Litigation | 2015 | 940 | 905.60 | 851,264.00 |
| Kelsie Docherty | Litigation | 2015 | 940 | 653.80 | 614,572.00 |
| Michael Zaken | Litigation | 2015 | 940 | 647.20 | 608,368.00 |
| Michelle Swan | Litigation | 2015 | 940 | 22.40 | 21,056.00 |
| Brendan Benedict | Litigation | 2016 | 890 | 73.50 | 65,415.00 |
| Charles E. Loeser | Litigation | 2016 | 890 | 43.00 | 38,270.00 |
| Christina Barreiro | Litigation | 2016 | 890 | 498.70 | 443,843.00 |
| Clay H. Greenberg | Litigation | 2016 | 890 | 50.60 | 45,034.00 |
| Matthias Thompson | Litigation | 2016 | 890 | 512.90 | 456,481.00 |
| Maurio Fiore | Corporate | 2016 | 890 | 24.60 | 21,894.00 |
| Max A. Winograd | Litigation | 2016 | 890 | 461.30 | 410,557.00 |
| Molly Jamison | Litigation | 2016 | 890 | 209.30 | 186,277.00 |
| Norman J. Walczak | Corporate | 2016 | 890 | 148.00 | 131,720.00 |
| Salah M. Hawkins | Litigation | 2016 | 890 | 620.60 | 552,334.00 |
| Alexander Gerten | Corporate | 2017 | 855 | 64.90 | 55,489.50 |
| Flora Ng | Litigation | 2017 | 855 | 23.80 | 20,349.00 |
| Grant S. May | Litigation | 2017 | 855 | 555.70 | 475,123.50 |
| Justin Mungai | Litigation | 2017 | 855 | 34.40 | 29,412.00 |
| Marco Wong | Litigation | 2017 | 855 | 565.40 | 483,417.00 |
| Melissa Valladares | Litigation | 2017 | 855 | 508.90 | 435,109.50 |
| Nicholas Medling | Litigation | 2017 | 855 | 263.60 | 225,378.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Sarah V. Warburg-Johnson | Litigation | 2017 | 855 | 314.90 | 269,239.50 |
| Timothy Nguyen | Corporate | 2017 | 855 | 24.40 | 20,862.00 |
| Alex Weiss | Litigation | 2018 | 840 | 467.50 | 392,700.00 |
| Allison Kempf | Litigation | 2018 | 840 | 584.40 | 490,896.00 |
| Allison Tilden | Litigation | 2018 | 840 | 615.50 | 517,020.00 |
| Bradley R. Niederschulte | Litigation | 2018 | 840 | 363.80 | 305,592.00 |
| Christina S. Shin | Corporate | 2018 | 840 | 41.90 | 35,196.00 |
| Jessica Choi | Litigation | 2018 | 840 | 36.50 | 30,660.00 |
| Jonathan D. Mooney | Litigation | 2018 | 840 | 292.10 | 245,364.00 |
| Katherine O'Koniewski | Litigation | 2018 | 840 | 255.40 | 214,536.00 |
| Michael Ardeljan | Litigation | 2018 | 840 | 126.70 | 106,428.00 |
| Monica D. Kozycz | Litigation | 2018 | 840 | 712.60 | 598,584.00 |
| Patrick S. Taylor | Corporate | 2018 | 840 | 153.50 | 128,940.00 |
| Sarah M. Topol | Litigation | 2018 | 840 | 637.30 | 535,332.00 |
| Sophia Suarez | Litigation | 2018 | 840 | 36.90 | 30,996.00 |
| Edgar Myer | Litigation | 2017 (Admitted in New South Wales) | 750 | 484.30 | 363,225.00 |
| Christopher J. Charlton | Litigation | 2018 (Admitted in England and Wales) | 750 | 71.30 | 53,475.00 |
| Aishlinn R. Bottini | Litigation | 2019 | 750 | 54.60 | 40,950.00 |
| Andrea Thompson | Litigation | 2019 | 750 | 18.40 | 13,800.00 |
| Brittany Sherman | Litigation | 2019 | 750 | 485.40 | 364,050.00 |
| Caleb Robertson | Litigation | 2019 | 750 | 818.70 | 614,025.00 |
| Derek Mong | Litigation | 2019 | 750 | 428.20 | 321,150.00 |
| Feyilana Lawoyin | Litigation | 2019 | 750 | 404.40 | 303,300.00 |
| Kalana Kariyawasam | Litigation | 2019 | 750 | 522.50 | 391,875.00 |
| Lauren A. Cole | Litigation | 2019 | 750 | 651.80 | 488,850.00 |
| Margaret Fleming | Corporate | 2019 | 750 | 711.90 | 533,925.00 |
| Mika Madgavkar | Litigation | 2019 | 750 | 385.30 | 288,975.00 |
| Sara Bodner | Litigation | 2019 | 750 | 741.50 | 556,125.00 |
| Seann Archibald | Corporate | 2019 | 750 | 156.00 | 117,000.00 |
| Sofia Gentel | Litigation | 2019 | 750 | 528.80 | 396,600.00 |
| Sylvia Mahaffey | Corporate | 2019 | 750 | 45.70 | 34,275.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Ya Huang | Corporate | 2019 | 750 | 339.10 | 254,325.00 |
| Vanessa Isler | Corporate | 2015 (Admitted in Switzerland) | 645 | 115.60 | 74,562.00 |
| Andrew Astore | Corporate | 2019 | 595 | 398.10 | 236,869.50 |
| Swara Saraiya | Litigation | 2019 | 595 | 645.00 | 383,775.00 |
| Evan Siegel | Litigation | 2020 | 595 | 573.60 | 341,292.00 |
| Harold King | Corporate | 2020 | 595 | 426.30 | 253,648.50 |
| Lavinia Borzi | Corporate | 2020* | 595 | 71.70 | 42,661.50 |
| Tammuz Huberman | Corporate | 2020* | 595 | 95.90 | 57,060.50 |
| William LaRosa | Litigation | 2020 | 595 | 573.20 | 341,054.00 |
| Shanique Campbell | Litigation | ** | 595 | 390.70 | 232,466.50 |
| Benjamin Wylly | Litigation | ** | 595 | 827.90 | 492,600.50 |
| Cristopher Ray | Litigation | ** | 595 | 265.30 | 157,853.50 |
| Ori Oren | Corporate | ** | 595 | 53.30 | 31,713.50 |
| Joachim Trautmann | Litigation | 2001 | 565 | 143.40 | 81,021.00 |
| Marisa Wheeler | Litigation | 2003 | 565 | 669.80 | 378,437.00 |
| Raffaele DiMaggio | Litigation | 2004 | 565 | 954.20 | 539,123.00 |
| Joel Hagood | Litigation | 2010 | 565 | 475.20 | 268,488.00 |
| Jay Holt | Litigation | 1977 | 415 | 281.00 | 116,615.00 |
| Katherine Geraci | Litigation | 1984 | 415 | 592.80 | 246,012.00 |
| Alain Rozan | Litigation | 1985 | 415 | 697.30 | 289,379.50 |
| Andrea Naham | Litigation | 1987 | 415 | 909.00 | 377,235.00 |
| Matthew Goetz | Litigation | 1992 | 415 | 636.90 | 264,313.50 |
| Louise Quick | Litigation | 1993 | 415 | 715.80 | 297,057.00 |
| Trebor Lloyd | Litigation | 1993 | 415 | 771.00 | 319,965.00 |
| Grace Sommero | Litigation | 1995 | 415 | 750.50 | 311,457.50 |
| Andrew Weiner | Litigation | 1997 | 415 | 763.70 | 316,935.50 |
| Jianlong Sun | Litigation | 1998 | 415 | 419.40 | 174,051.00 |
| Samuel McLamore | Litigation | 2000 | 415 | 281.20 | 116,698.00 |
| Bradley Hillis | Litigation | 2002 | 415 | 212.40 | 88,146.00 |
| Peter Lee | Litigation | 2004 | 415 | 539.60 | 223,934.00 |
| Peter Truong | Litigation | 2004 | 415 | 682.50 | 283,237.50 |
| Alejandro MacLean | Litigation | 2005 | 415 | 368.90 | 153,093.50 |
| Andrew Sreniawski | Litigation | 2005 | 415 | 201.50 | 83,622.50 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Karen Dodson-Dobson | Litigation | 2005 | 415 | 368.00 | 152,720.00 |
| Robert Njoroge | Litigation | 2008 | 415 | 570.20 | 236,633.00 |
| Moshe K. Silver | Litigation | 2009 | 415 | 805.60 | 334,324.00 |
| Daniel Berkowitz | Litigation | 2010 | 415 | 596.40 | 247,506.00 |
| Michael Pfeffer | Litigation | 2010 | 415 | 609.40 | 252,901.00 |
| Dianne Rim | Litigation | 2011 | 415 | 806.20 | 334,573.00 |
| Donald Sanyi | Litigation | 2011 | 415 | 599.90 | 248,958.50 |
| Elizabeth Shura | Litigation | 2011 | 415 | 695.70 | 288,715.50 |
| Jane Dryer | Litigation | 2011 | 415 | 159.80 | 66,317.00 |
| Michael Fessler | Litigation | 2011 | 415 | 494.20 | 205,093.00 |
| Elizabeth Varas | Litigation | 2013 | 415 | 759.00 | 314,985.00 |
| Joanna Ingalls | Litigation | 2013 | 415 | 402.30 | 166,954.50 |
| Ryan Spence | Litigation | 2013 | 415 | 443.80 | 184,177.00 |
| Kimberly Tolman | Litigation | 2014 | 415 | 457.50 | 189,862.50 |
| Matthew Ng | Litigation | 2014 | 415 | 625.70 | 259,665.50 |
| Sherif Khalil | Litigation | 2015 | 415 | 108.50 | 45,027.50 |
| Nathan Ancheta | Litigation | 2017 | 415 | 647.90 | 268,878.50 |
| **Total Associates:** | | | | **46,871.80** | **$30,367,850.50** |

\* - Admitted following Compensation Period.
\*\* - Not yet admitted.

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS: | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Janet Venegas Fernando | Litigation Technology | $400 | 216.80 | $86,720.00 |
| Miguel Gonzalez | Litigation Technology | 385 | 149.80 | 57,673.00 |
| Vaughn Harper | Litigation Technology | 385 | 44.60 | 17,171.00 |
| Jonathan Morales | Litigation Technology | 360 | 127.80 | 46,008.00 |
| Roberto Severini | Litigation Technology | 360 | 314.10 | 113,076.00 |
| John McCormack | Litigation Support | 360 | 104.40 | 37,584.00 |
| Brittany Dobson | Litigation Support | 335 | 429.90 | 144,016.50 |
| Dana Crandall | Litigation Support | 335 | 101.00 | 33,835.00 |
| Justin Kim | Litigation Support | 335 | 30.20 | 10,117.00 |
| Somaiya Kibria | Litigation Support | 335 | 535.90 | 179,526.50 |
| Elizabeth Lewis | Litigation Legal Assistant | 310 | 74.60 | 23,126.00 |
| Erin Munro | Litigation Legal Assistant | 310 | 40.50 | 12,555.00 |
| Jessica Farrell* | Litigation Legal Assistant | 310 290 | 150.10 274.00 | 46,531.00 79,460.00 |
| Jim Bell | Litigation Legal Assistant | 310 | 412.20 | 127,782.00 |
| Joan Lewandowski | Litigation Legal Assistant | 310 | 465.40 | 144,274.00 |
| Kathleen Driscoll | Litigation Legal Assistant | 310 | 428.60 | 132,866.00 |
| Katie Dillon | Litigation Legal Assistant | 310 | 16.50 | 5,115.00 |
| Sarah Lim | Litigation Legal Assistant | 310 | 50.90 | 15,779.00 |
| Stephanie Scanzillo | Litigation Legal Assistant | 310 | 633.50 | 196,385.00 |
| Veronica Velasco* | Litigation Legal Assistant | 310 290 | 125.60 443.20 | 38,936.00 128,528.00 |
| Vivian Fernandez* | Litigation Legal Assistant | 310 290 | 93.70 548.70 | 29,047.00 159,123.00 |
| Charlie Zhen | Litigation Legal Assistant | 290 | 526.10 | 152,569.00 |
| Husniye Cogur | Litigation Legal Assistant | 290 | 616.90 | 178,901.00 |
| Nicole Jakobson | Litigation Legal Assistant | 290 | 551.50 | 159,935.00 |
| Raley Abramczyk | Litigation Legal Assistant | 290 | 646.10 | 187,369.00 |
| Rebecca O'Neill | Litigation Legal Assistant | 290 | 423.60 | 122,844.00 |
| **Total Paraprofessionals:** | | | **8,576.20** | **$2,666,852.00** |

\* - During the Compensation Period, these individuals advanced in seniority and their hourly rates were subject to a step increase.

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,440.45 | 4,590.40 | $6,612,240.00 |
| Associates | 647.89 | 46,871.80 | 30,367,850.50 |
| Paraprofessionals | 310.96 | 8,576.20 | 2,666,852.00 |
| **Blended Attorney Rate** | **719.20** | | |
| **Blended Rate for All Timekeepers** | **660.36** | | |
| **Total Hours and Fees Incurred** | | **60,038.40** | **39,646,942.50[6]** |
| **Less Credits[7]** | | | **(1,360,000.00)** |
| **Total Adjusted Fees** | | | **$38,286,942.50** |

---

[6] Net of $534,162.00 in voluntary write offs.

[7] As described in Cravath's Tenth and Twelfth Monthly Fee Statements.

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE COMPENSATION PERIOD**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| ADMN | Case Administration | 824.90 | $271,251.00 |
| ADVS | Adversary Proceedings | 270.60 | 224,583.00 |
| ASST | Use and Sale of Assets, Including 363 Sales | 4.00 | 3,501.00 |
| AUTO | Automatic Stay | 1.70 | 1,233.00 |
| BARN | Bar Date and Claims Noticing Matters | 55.20 | 42,943.00 |
| CASE | General Case Strategy | 1,084.00 | 878,544.50 |
| CASH | Financing/Cash Collateral | 1,560.40 | 1,390,487.00 |
| COMM | Committee Matters | 9,746.00 | 4,645,209.00 |
| CRAV | Cravath Retention and Fee Application | 1,244.00 | 648,117.50 |
| CRED | Creditor Inquiries | 0.70 | 416.50 |
| DSSV | Disclosure Statement/ Solicitation/Voting Matters | 4.40 | 4,224.00 |
| FEEO | Retention and Fee Application of Non-Cravath Professionals | 1.10 | 1,288.00 |
| GOVR | Corporate Governance and Securities Matters | 1,561.10 | 1,407,037.00 |
| HEAR | Hearings and Court Matters | 194.80 | 218,772.00 |
| INVS | Investigations | 4,826.60 | 3,078,179.50 |
| NONB | Non-Bankruptcy Litigation | 18,242.80 | 11,860,174.00 |
| OCMS | Other Contested Matters | 185.10 | 174,851.50 |
| OPRS | Business Operations Matters | 82.70 | 87,862.00 |
| PLAN | Plan of Reorganization/Plan Confirmation | 480.60 | 447,740.00 |
| PUBL | Public Relations Strategy | 39.00 | 36,966.50 |
| REGS | Regulatory and Legislative Matters | 4,066.10 | 2,585,353.00 |
| TRVL | Non-Working Travel Time | 770.40 | 726,147.50 |
| USTM | U.S. Trustee Matters/Meetings/Communications/Reports | 0.10 | 40.00 |
| WILD | Wildfire Claims Matters | 14,792.10 | 10,912,022.00 |
| **Total:** | | **60,038.40** | **$39,646,942.50\*** |

\* - Net of $534,162.00 in voluntary write offs.

**EXPENSE SUMMARY**
**FOR THE COMPENSATION PERIOD**

| EXPENSES | AMOUNT |
|---|---|
| Business Meals | $36,669.36 |
| Courier/Mail Services | 20,778.16 |
| Duplicating | 9,423.10 |
| Miscellaneous | 5,839.21 |
| Special Disbursements (Including Expert Fees) | 15,487,274.80 |
| Transportation | 54,127.15 |
| Travel | 734,300.58* |
| **Total** | **$16,348,412.36** |

* - Hotel expenses have been capped for reimbursement purposes at $600.00/night.

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| | (Lead Case) |
| **- and -** | (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **THIRD INTERIM FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date:  TBD |
| | Time:  TBD (Pacific Time) |
| | Place:  United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |
| | **Objection Deadline:** April 6, 2020 at 4:00 p.m. (Pacific Time) |

Cravath, Swaine & Moore LLP ("Cravath"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its third application (the "**Third Interim Fee Application**" or the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Cravath for the period commencing October 1, 2019 through and including January 31, 2020 (the "**Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## PRELIMINARY STATEMENT AND CASE STATUS

1.      The Chapter 11 Cases and the hundreds of stayed and contemplated litigations concerning the 2015 Butte fire, the 2017 North Bay fires (including the 2017 Tubbs fire) and the 2018 Camp fire (collectively, the "**Wildfire Litigations**") are large, complex actions.  Cravath's role in representing the Debtors is expansive and concerns six primary areas, among several others.  *First*, Cravath is lead counsel in all the Wildfire Litigations.  The Wildfire Litigations comprise claims by thousands of plaintiffs—including individuals, insurance companies and public entities—with potential liabilities in excess of $30 billion if the Debtors were to be found liable for certain or all of the alleged damages (excluding potential punitive damages, fines and penalties and damages from claims that have not manifested yet).  During the Compensation Period, Cravath spent over 14,700 hours of attorney and para-professional time (under task code "WILD"; a decrease of over 2,600 hours compared with the prior compensation period) investigating the facts of the fires underlying the Wildfire Litigations, including working with experts, interviewing witnesses and reviewing reports issued by the California Department of Forestry and Fire Protection ("**CAL FIRE**") and negotiating with opposing counsel; all of which helped lead to the resolution of the Wildfire Litigations and the underlying claims as reflected in the Debtors' Restructuring Support Agreement with the TCC (the "**TCC RSA**") [Docket No. 5038-1].  *Second*, Cravath advises the Debtors on all wildfire and related

issues that have arisen in connection with the Utility's corporate probation resulting from its January 27, 2017 federal criminal convictions. This has entailed drafting detailed responses to the federal monitor appointed to oversee that probation, as well as to the Hon. William H. Alsup, and the review and production of documents. Cravath recorded over 18,200 hours of professional time (under task code "NONB"; an increase of over 2,800 hours compared with the prior compensation period) in connection with the criminal probation and other criminal inquiries. Cravath is also lead counsel in the Tubbs state court litigation. To prepare for the state court trial that was set for January, but has been taken off calendar pursuant to the TCC RSA, Cravath has retained and worked with experts, engaged in extensive factual depositions, responded to continuous requests for additional documents and engaged in motion practice concerning trial schedule, form and procedures. *Third*, Cravath has represented the Debtors in responding to numerous Committee discovery requests, inquiries and motions spending over 9,700 hours of professional time on such responses (under task code "COMM"; an increase of over 3,200 hours compared with the prior compensation period). *Fourth*, Cravath has represented the Debtors in responding to detailed data requests from state regulatory agencies, municipalities and consumer groups, spending over 4,000 hours of professional time on such responses (under task code "REGS"; a decrease of over 1,700 hours compared with the prior compensation period), including the California Public Utilities Commission (the "**CPUC**"), California Independent System Operator ("**CAISO**"), CAL FIRE, California Public Advocate ("**CalPA**"), City of San Francisco and The Utility Reform Network ("**TURN**"). *Fifth*, during the Compensation Period, Cravath conducted other categories of investigations, spending over 4,800 hours of professional time on such responses (primarily under task code "INVS"; an increase of over 3,500 hours compared with the prior compensation period), including in connection with an investigation by the Securities and Exchange Commission ("**SEC**"). *Sixth*, Cravath advised the Debtors regularly during the Compensation Period on corporate governance matters, spending over 1,500 hours of professional time on such responses (under task code "GOVR"; an increase of over 400 hours compared with the prior compensation period), including in connection with the drafting and/or review of the Debtors' SEC filings and other public disclosures to investors. *Lastly*, Cravath participated in various aspects

3

of these Chapter 11 Cases with the Debtors' other professionals, including in connection with the debtor-in-possession ("**DIP**") financing facilities, the exit financing for the Debtors' proposed plan of reorganization and preparing for now stayed section 502(c) estimation proceedings with respect to the Wildfire claims. Such bankruptcy work has been divided among several task codes, including "BARN", "CASE", "CASH" and "CRAV" (for drafting documents related to Cravath's retention and fee applications and related matters). These categories—among several others—are described in greater detail below. Given the breadth, complexity and volume of the work for which Cravath seeks compensation on behalf of its team of 159 professionals—who in the aggregate recorded 60,038.40 hours during the 4-month Compensation Period—the descriptions herein are necessarily summary in fashion.

2.    This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**") and the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**").

## JURISDICTION

3.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General

Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.  On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

5.  On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors' Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court. On December 18, 2019, the Court entered the Amended Fee Procedures Order.

6.  Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### The Debtors' Retention of Cravath

7.  On March 22, 2019, the Debtors filed an application to employ Cravath as their attorneys, effective as of the Petition Date [Docket No. 1024] (the "**Retention Application**"), which application was approved by the Court by Order entered April 25, 2019 [Docket No. 1683] (the "**Retention Order**").

Case: 19-30088    Doc# 6334    Filed: 03/16/20    Entered: 03/16/20 19:59:22    Page 20 of 36

8.      The Retention Order authorizes the Debtors to compensate and reimburse Cravath in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate Cravath at its customary hourly rates for services rendered and to reimburse Cravath for its actual and necessary expenses incurred, subject to application to this Court.  Specifically, the Retention Order authorizes Cravath "to render the professional services specified in or contemplated by the [Retention] Application" [Docket No. 1683 ¶ 3], which are:

- "advising and representing the Debtors with respect to the Wildfire Litigation Matters, including by prosecuting actions on the Debtors' behalf, defending actions commenced or ongoing against the Debtors, negotiating disputes in which the Debtors are involved and preparing objections to motions or to claims filed against the Debtors' estates;

- advising and representing the Debtors in connection with claims allowance, claims estimation and related settlement and plan of reorganization matters with respect to claims in connection with the Wildfire Litigation Matters;

- representing the Debtors in connection with investigations and inquiries by regulators and prosecuting authorities related to the Northern California wildfires, and advising the Debtors in connection with wildfire issues that have arisen or may arise in connection with their criminal probation arising from the San Bruno gas explosion;

- advising and representing the Debtors with respect to (i) any sale or other disposition or separation of assets or other strategic transactions; (ii) any financing transactions, including any amendment to, or incremental borrowing under, the DIP Financing, and bankruptcy exit financings; (iii) corporate governance and disclosure matters; and (iv) tax and employee benefits matters; in each case including negotiating and preparing on the Debtors' behalf any agreements, applications, motions and other filings related thereto;

- in consultation with the Debtors' other professionals, taking all necessary actions in connection with any Chapter 11 plan and related disclosure statement and/or other related documents, including in particular as they relate to the matters specified above; and

- performing all other necessary legal services in connection with these Chapter 11 Cases as requested by the Debtors and without duplication of other professionals' services."

[Docket No. 1024 at 8.]

**<u>Summary of Professional Compensation</u>**
**<u>and Reimbursement of Expenses Requested</u>**

9.      Cravath seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $38,286,942.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $16,348,412.36.  During the Compensation Period, Cravath attorneys and paraprofessionals expended a total of 60,038.40 hours in connection with the necessary services performed.

10.     There is no agreement or understanding between Cravath and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.  Except as set forth below with respect to payments received by Cravath pursuant to the Interim Compensation Order, during the Compensation Period, Cravath received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

11.     The fees charged by Cravath in these Chapter 11 Cases are billed in accordance with Cravath's existing billing rates and procedures in effect during the Compensation Period.  The rates Cravath charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are generally the same rates Cravath charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

12.     The summary sheets contain a schedule of Cravath professionals and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Cravath, the department in which each individual practices, the hourly billing rate charged by Cravath for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.  Biographical information for paraprofessionals can be made available upon request by the Court, and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

13.     The summary sheets also contain a summary of Cravath's hours billed during the Compensation Period using project categories (each of which correspond to a billing task code) described therein and hereinafter described.  Cravath maintains computerized records of the time spent by all Cravath attorneys and paraprofessionals in connection with its representation of the Debtors.  Copies of these computerized records have been filed on the docket with Cravath's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner in the format specified by the Fee Guidelines.

14.     The summary sheets also contain a schedule specifying the categories of expenses for which Cravath is seeking reimbursement and the total amount for each such expense category.  Itemized schedules of all such expenses have been filed on the docket with Cravath's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner.

15.     Annexed hereto as **<u>Exhibit A</u>** is a certification regarding Cravath's compliance with the Fee Guidelines.

16.     Annexed hereto as **<u>Exhibit B</u>** is a summary and comparison of the aggregate blended hourly rates billed by Cravath's timekeepers in its New York office (Cravath's sole domestic office) on all matters during the preceding year on a rolling 12-months year ending January 31, 2020 and the blended hourly rates billed to the Debtors during the Compensation Period.

17.     Cravath discussed its rates, fees and staffing with the Debtors at the outset of these cases.  Further, Cravath provided the Debtors with an estimated budget in connection with the Debtors' postpetition financing, which, as to the Compensation Period, was most recently amended and agreed-upon on January 13, 2020.  A summary of Cravath's budget, as applicable for the Compensation Period, is attached hereto as **<u>Exhibit C</u>**.  For the Compensation Period, Cravath estimated its fees and expenses, including pass-through expenses for retained experts, would be $55,540,000 in the "mid-case", and the fees and expenses sought for the Compensation Period are below that estimate.  A summary of staffing is attached hereto as **<u>Exhibit D</u>**.  Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the

Chapter 11 Cases, preservation of the Debtors' assets and the other matters described herein. The Debtors are aware of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

18.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Cravath reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**<u>Summary of Services Performed by</u>**
**<u>Cravath During the Compensation Period</u>**

19.     As described above, during the Compensation Period, Cravath rendered substantial professional services to the Debtors in connection with their ongoing restructuring efforts, corporate governance matters, regulatory investigations and the Wildfire Litigations. The following is a summary of the significant professional services rendered by Cravath during the Compensation Period, organized in accordance with Cravath's internal system of project or work codes:

a.     <u>Case Administration (Incl. Docket Updates and Case Calendar) (Task Code ADMN)</u>
<u>Fees: $271,251.00; Total Hours: 824.90</u>

- Managed and tracked litigation and investigation materials, including collecting and saving pertinent case materials and correspondence; preparing materials for investigation interviews and productions to various entities; serving litigation materials via CaseHomePage; organizing hearing, deposition and interview transcripts and updating a calendar of deadlines across multiple matters;
- Maintained credentials for secure File Transfer Protocol sites and transmission of files through the same;
- Facilitated credentials for and access to case databases; and
- Organized and circulated contact information of case counsel for case management purposes and of Debtor personnel to facilitate interviews further to fact investigations.

b.     <u>Adversary Proceedings (Task Code ADVS)</u>
<u>Fees: $224,583.00; Total Hours: 270.60</u>

- Drafted, reviewed and commented on filings related to the pending adversary proceeding regarding public safety power shutoffs;

9

- Conducted and reviewed legal research relevant to the pending adversary proceeding regarding public safety power shutoffs; and
- Corresponded with opposing counsel and co-counsel regarding the pending adversary proceeding regarding public safety power shutoffs.

c.   <u>Use and Sale of Assets, Including 363 Sales (Task Code ASST)</u>
<u>Fees: $3,501.00; Total Hours: 4.00</u>

- Assessed offers to buy certain assets of Debtors.

d.   <u>Automatic Stay (Task Code AUTO)</u>
<u>Fees: $1,233.00; Total Hours: 1.70</u>

- Drafted and sent letters concerning notice of stay requirement for fire litigations filed post petition.

e.   <u>Bar Date and Claim Noticing Matters (Task Code BARN)</u>
<u>Fees: $42,943.00; Total Hours: 55.20</u>

- Coordinated with the Debtors' claims and noticing agent, Prime Clerk LLC, and other professionals regarding noticing procedures and tracking of claims; and
- Correspondence with counsel regarding the bar date, proof of claim forms and noticing procedures.

f.   <u>General Case Strategy (Task Code CASE)</u>
<u>Fees: $878,544.50; Total Hours: 1,084.00</u>

- Participated in numerous meetings, conferences and teleconferences and engaged in written communications among Cravath, the Debtors and the Debtors' other advisors regarding general case strategy and status;
- Prepared for and participated in meetings and teleconferences concerning case resolution and strategy, including relating to section 502(c) estimation matters;
- Prepared weekly key legal matters update for the Debtors' Board of Directors and prepared for Board meetings;
- Conducted and reviewed legal research and fact investigation and prepared associated materials, including orders of proof and memos;
- Prepared and reviewed materials relating to expert work and coordinated with experts;
- Reviewed, identified and organized documents and data in preparation for investigations, depositions and case development for trial
- Drafted and reviewed Chapter 11 timelines and related emergence planning materials;
- Drafted correspondence to Plaintiffs counsel and coordinated with the Debtors with respect to access to restricted properties;
- Reviewed and provided legal advice concerning the Debtors' filings, business matters and media inquiries relevant to the Chapter 11 Cases, Wildfire Litigations, investigations and various related issues; and
- Organized and tracked legal holds and document collection work in support of all matters.

10

g.     Committee Matters (Task Code COMM)
        Fees: $4,645,209.00; Total Hours: 9,746.00

- Drafted and reviewed responses and objections and responded to numerous Committee discovery requests;
- Drafted and reviewed discovery motions relating to Committee discovery;
- Drafted and reviewed correspondence and met and conferred with Committee counsel concerning discovery requests and motions;
- Coordinated productions for Committee discovery requests;
- Reviewed documents produced by Committees;
- Prepared for and conducted Committee depositions;
- Conducted research and drafted response to TCC motion for punitive damages; and
- Responded to informal Committee inquiries.

h.     Financing / Cash Collateral (Task Code CASH)
        Fees: $1,390,487.00; Total Hours: 1,560.40

- Drafted and negotiated documentation related to the Debtors' proposed Exit Financing, including the Equity Backstop Commitment Letters, and reviewed and revised the Backstop Debt Commitment Letters and related Engagement and Fee Letters;
- Drafted the Exit Financing approval motion and January 3, 2020 amendment, and the motion to seal the Bridge Fee Letters and redact the Bridge Engagement Letters;
- Participated in numerous conferences and teleconferences with the Debtors, other Debtor professionals, the Equity Backstop and Backstop Debt Commitment Parties, the Equity Backstop and Backstop Debt Commitment Parties and their professionals regarding the Exit Financing and Exit Financing orders, and prepared and reviewed certain related presentations and other materials;
- Prepared and/or reviewed drafts of various public and/or regulatory filings in respect of the Exit Financing; and
- Attention to matters regarding the DIP facility including responding to information requests from and coordination with counsel to the DIP Agent.

i.     Cravath Retention and Fee Applications (Task Code CRAV)
        Fees: $648,117.50; Total Hours: 1,244.00

- Drafted, edited and reviewed monthly fee statements and interim fee application and related exhibits;
- Prepared guidance and provided advice regarding proper time entry preparation; and
- Revised time entries prepared for submission with monthly fee statements to prevent the disclosure of privileged information or attorney work product.

j.     Creditor Inquiries (Task Code CRED)
        Fees: $416.50; Total Hours: 0.70

- Responded to creditor inquiries.

k.     Disclosure Statement/Solicitation/Voting Issues (Task Code DSSV)
        Fees: $4,224.00; Total Hours: 4.40

- Reviewed and edited Debtors' SEC filings.

11

l.  Retention and Fee Applications of Non-Cravath Professionals (Task Code FEEO)
Fees:  $1,288.00; Total Hours:  1.10

- Reviewed amended Committee retention application.

m.  Corporate Governance and Securities Matters (Task Code GOVR)
Fees:  $1,407,037.00; Total Hours:  1,561.10

- Drafted and edited numerous of the Debtors' SEC filings;
- Reviewed and provided comments to the Debtors' earnings releases and other investor communications;
- Corresponded with shareholders and their representatives;
- Prepared materials for and participated in meetings of the Debtors' boards of directors and related committees; and
- Researched California and federal regulatory and securities law for the purpose of rendering advice regarding public disclosures related to the Debtors' proposed Exit Financing;
- Conferred with the Debtors' auditors and financial advisors regarding securities, accounting and other governance issues; and
- Corresponded with the Debtors' officers and directors on corporate governance matters.

n.  Hearings and Court Matters (Task Code HEAR)
Fees:  $218,772.00; Total Hours:  194.80

- Prepared for and attended certain in-person and telephonic hearings before the Court, including hearings related to exclusivity, relief from the automatic stay, estimation, conferences addressing wildfire-related discovery disputes, inverse condemnation and Restructuring Support Agreement and Tubbs settlement approval.

o.  Investigations (Task Code INVS)
Fees:  $3,078,179.50; Total Hours:  4,826.60

- Conducted factual investigations regarding various electric operations issues, including interviewing Debtor personnel and reviewing Debtor documents regarding the same; and
- Represented Debtors in connection with SEC investigation, including by reviewing and commenting on accounting and accrual matters and providing updates to the SEC.

p.  Non-Bankruptcy Litigation (Task Code NONB)
Fees:  $11,860,174.00; Total Hours:  18,242.80

- Conducted investigation relating to transmission lines including document review, employee and subject matter expert interviews, preparation of report and communications with federal monitor;
- Conducted factual depositions, retained and worked with experts and conducted expert discovery, completed additional document discovery and written discovery, engaged in motion practice, completed pretrial information exchanges, and participated in court conferences in preparation for the Tubbs state court litigation;

- Coordinated collection, review and production of numerous documents in response to requests from government entities in relation to criminal investigations relating to the Camp Fire;
- Conducted meetings and interviews with the Debtors' personnel to determine location and collection strategy for documents responsive to requests for production by government entities in relation to criminal investigations relating to the Camp Fire;
- Reviewed documents, including custodial Electronically Stored Information, for privilege and responsiveness to requests for production by government entities;
- Reviewed documents and conducted interviews with the Debtors' personnel related to ongoing investigations relating to the Camp Fire;
- Conferred with the Debtors' other advisors and Debtor personnel regarding strategy and approach to criminal investigations surrounding the Camp Fire;
- Reviewed and commented on draft submissions in derivative action relating to North Bay and Camp fires;
- Drafted and reviewed responses to dozens of information requests from, attended numerous subject matter expert interviews with the federal monitor appointed in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA and drafted interview memoranda re same; and
- Conducted numerous meetings and interviews with subject matter experts and prepared submissions in response to court orders in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA.

q.     Other Contested Matters (Task Code OCMS)
       Fees:  $174,851.50; Total Hours:  185.10

- Participated in conferences and teleconferences with the Debtors, other Debtor professionals and the Fee Examiner regarding various contested matters,
- Prepared reports, responses and other materials with respect to the same;
- Drafted revisions to Fee Examiner's proposed protocol and related correspondence with other Debtor professionals, legal counsel for the Committee and the Fee Examiner;
- Preparation for hearings related to adversary proceedings; and
- Drafted declaration in support of Fee Examiner's revised protocol.

r.     Business Operations Matters (Task Code OPRS)
       Fees:  $87,862.00; Total Hours:  82.70

- Prepared for and participated in numerous meetings and teleconferences with PG&E personnel regarding strategy for business operations matters for the purposes of providing legal advice, including the Community Wildfire Safety Program ("**CWSP**"), the Public Safety Power Shutoff program and other operations of PG&E;
- Reviewed and commented on draft policies, communications with local governments and public officials, internal communications publications and videos, customer service communications and other documents regarding business operations matters, including the CWSP, the Public Safety Power Shutoff program and other operations of PG&E;
- Responded to data requests concerning the CWSP;
- Advised PG&E's in-house legal team and other PG&E personnel on various regulatory requirements, records-keeping practices and legal issues associated with business operations matters, including the CWSP, the Public Safety Power Shutoff program and other day-to-day operations of PG&E; and

13

- Communicated with opposing counsel in Wildfire Litigations to coordinate site visits for inspections and maintenance on restricted access properties.

s.  Plan of Reorganization / Plan Confirmation (Task Code PLAN)
Fees:  $447,740.00; Total Hours:  480.60

- Participated in internal and external conferences and teleconferences with the Debtors, other Debtor professionals and other parties in interest regarding Debtors' Plan of Reorganization;
- Analyzed and revised wildfire claims related aspects of Debtors' Plan of Reorganization and Amended Plan of Reorganization;
- Prepared, negotiated and executed plan support agreements with certain parties in interest; and
- Reviewed and analyzed motion to terminate exclusivity and prepared status conference statements regarding the same.

t.  Public Relations Strategy (Task Code PUBL)
Fees:  $36,966.50; Total Hours:  39.00

- Reviewed and provided legal advice concerning public relations, including press releases and public statements, responses to investor inquiries and preparation for shareholder meetings; and
- Drafted and reviewed responses to media inquiries.

u.  Regulatory & Legislative Matters (Task Code REGS)
Fees:  $2,585,353.00; Total Hours:  4,066.10

- Conducted meetings and interviews with Debtor personnel to determine location and collection strategy for documents responsive to data requests served by the CPUC, CAISO, CAL FIRE, CalPA, the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire, the 2019 Kincade Fire and other areas contemplated by the requests;
- Collected and reviewed documents for responsiveness to data requests served by the CPUC, CAISO, CAL FIRE, CalPA, the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire, the 2019 Kincade Fire and other areas contemplated by the requests;
- Reviewed and redacted documents responsive to CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN data requests for privilege and prepared confidentiality declarations;
- Produced documents responsive to CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN data requests and coordinated with document vendors with respect to the same;
- Drafted narrative responses to questions posed by CPUC, CAISO, CAL FIRE, CalPA the City of San Francisco and TURN pertaining to the 2017 North Bay Fires, the 2018 Camp Fire, the 2019 Kincade Fire and other areas contemplated by the requests; and
- Reviewed and analyzed documents, interviewed Debtor personnel and prepared response to CPUC Order Instituting Investigation regarding the 2017 North Bay Fires.

v.  Non-Working Travel Time (Task Code TRVL)
Fees:  $726,147.50; Total Hours:  770.40

- Travel time to Debtors' offices and court hearings not otherwise billable.

14

w.     <u>U.S. Trustee Matters / Meetings /Communications / Reports (Task Code USTM)</u>
<u>Fees: $40.00; Total Hours: 0.10</u>

- Responded to requests for information from the U.S. Trustee.

x.     <u>Wildfire Claims Matters (Task Code WILD)</u>
<u>Fees: $10,912,022.00; Total Hours: 14,792.10</u>

- Conducted factual depositions, completed additional document discovery and written discovery, engaged in motion practice, completed pretrial information exchanges, and participated in court conferences in preparation for the estimation of North Bay and Camp wildfire claims;
- Managed the preservation and collection of evidence related to the North Bay and Camp fires;
- Conducted ongoing factual investigations of North Bay and Camp fires, including interviewing Debtor personnel, reviewing Debtor documents, conducting site visits and reviewing physical evidence;
- Retained and worked with numerous subject matter experts regarding fire cause and origin, electrical and metallurgical evidence, damages and other issues relevant to wildfire claims;
- Conducted and reviewed legal research relevant to wildfire claims;
- Conducted data management and analysis relating to benchmarking for settlement purposes;
- Analyzed and tracked claims data;
- Drafted and reviewed motions, conducted factual and legal research and participated in negotiations concerning claims bar date, claims questionnaire and related claims procedures in bankruptcy;
- Conferred with the Debtors' other advisors and Debtor personnel regarding settlement strategy and approach related to the wildfire claims; and
- Drafted, reviewed and commented on motions and other court filings related to resolution of the wildfire claims, including briefing concerning inverse condemnation.

20.     The foregoing is merely a summary of the various professional services rendered by Cravath during the Compensation Period. The professional services performed by Cravath were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

21.     The professional services performed by partners, counsel and associates of Cravath were primarily rendered by the Corporate and Litigation Departments.[1]

22.     The professional services performed by Cravath on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 60,038.40 recorded hours by Cravath's

---

[1] Cravath's Financial Restructuring and Reorganization ("**FR&R**") practice group is organizationally located in the Corporate Department, but involves the participation of attorneys from both the Corporate and Litigation Departments.

15

partners, counsel, associates and paraprofessionals. Of the aggregate time expended, 4,590.40 recorded hours were expended by Cravath partners; 46,810.80 recorded hours were expended by associates, counsel, practice area attorneys and discovery attorneys; and 8,576.20 recorded hours were expended by paraprofessionals and other non-legal staff of Cravath.

23. During the Compensation Period, Cravath billed the Debtors for time expended by attorneys based on hourly rates ranging from $390.00 to $1,500.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $719.20 (based on 51,523.20 recorded hours for attorneys at Cravath's billing rates in effect at the time of the performance of services).

### Actual and Necessary Disbursements of Cravath

24. Cravath has disbursed $16,348,412.36[2] as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to, among other things, ongoing work of subject matter experts retained for purposes of the Wildfire Litigations, travel to and from court hearings and preparation of materials for the same. Pursuant to arrangements agreed to between the Debtors and the Office of the U.S. Trustee (and disclosed to the Committees), expenses for subject matter experts relating to the Wildfire Litigations and associated claims are included as pass-through expenses under the line item "Special Disbursements", and separate approval by the Court of the employment of these subject matter experts by Cravath has not been sought or obtained.

25. Cravath has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors, their estates and their economic stakeholders.

---

[2] Including $15,487,274.80 of Special Disbursements, the majority of which are pass-through expenses for subject matter experts.

Case: 19-30088    Doc# 6334    Filed: 03/16/20    Entered: 03/16/20 19:59:22    Page 31 of 36

## The Requested Compensation Should Be Allowed

26. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

27. In the instant case, Cravath submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. The Debtors sought Chapter 11 protection "to find the quickest and most efficient way to provide compensation" to the victims "of the tragic 2017 and 2018 wildfires" who are entitled to compensation. (Aug. 14, 2019 Hr'g Tr. 22:21-23:2 (Statement of

K. Orsini); *accord* Aug. 13, 2019 Hr'g Tr. 7:13-8-23 (Statement of the Court).)  Cravath's work, as summarized above and detailed in its time entries, is focused on the resolution of claims stemming from the wildfires, as well as related regulatory compliance investigations and activities.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors and all other parties in interest.  The compensation requested herein is reasonable and appropriate in light of the nature, extent and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases, the Wildfire Litigations and related investigations and corporate governance matters.

28.     The professional services were performed expediently and efficiently. Whenever possible, Cravath sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle routine work and initial drafting of litigation materials.

29.     In sum, the services rendered by Cravath were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**Notice**

30.     Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order.  Cravath submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**Conclusion**

31.     Cravath respectfully requests that the Court (i) award an interim allowance of Cravath's compensation for professional services rendered during the Compensation Period in the amount of $54,635,354.86, consisting of $38,286,942.50, representing 100% of fees incurred during the Compensation Period, and reimbursement of $16,348,412.36, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) direct payment by the Debtors of

the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant

to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

Dated:  March 16, 2020

**CRAVATH, SWAINE & MOORE LLP**

_/s/ Paul H. Zumbro_

Paul H. Zumbro

_Attorneys for Debtors and Debtors in Possession_

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn:   Tobias S. Keller, Esq.,
        Jane Kim, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Stephen Karotkin, Esq.
        Jessica Liou, Esq.
        Matthew Goren, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn:   James L. Snyder, Esq.,
        Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn:   Dennis F. Dunne, Esq.,
        Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn:   Paul S. Aronzon, Esq.,
        Gregory A. Bray, Esq.,
        Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn:   Eric Sagerman, Esq.,
        Cecily Dumas, Esq.

Bruce A. Markell
Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402

Case: 19-30088    Doc# 6334    Filed: 03/16/20    Entered: 03/16/20 19:59:22    Page 36
of 36