

Signed and Filed: March 17, 2020

_____

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br>No. 19-30088 (DM)<br>(Lead Case) (Jointly Administered)<br><br>**ORDER (I) APPROVING PROPOSED DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) APPROVING FORM AND MANNER OF NOTICE OF HEARING ON PROPOSED DISCLOSURE STATEMENT; (III) ESTABLISHING AND APPROVING PLAN SOLICITATION AND VOTING PROCEDURES; (IV) APPROVING FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; AND (V) GRANTING RELATED RELIEF** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered (I) the proposed disclosure statement, dated February 7, 2020 [Docket No. 5700] (together with all schedules and exhibits thereto, including, without limitation, the exhibits filed on February 18, 2020 [Docket No. 5801], and as may be modified, amended, or supplemented from time to time, the "**Proposed Disclosure Statement**"), for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated January 31, 2020* [Docket No. 5590] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") and (II) the Motion, dated February 19, 2020 [Docket No. 5835] (the "**Motion**")[1], of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 3017-1 and 3020-1 of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.) (the "**Procedures Order**"), and the Court's *Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation* [Docket No. 5732] (the "**Scheduling Order**"), for an order (a) approving the form of notice previously reviewed by the Court for the hearing to consider approval of the Proposed Disclosure Statement (the "**Disclosure Statement Hearing Notice**") and the manner of notice thereof; (b) approving the procedures for (i) soliciting and tabulating votes to accept or reject the Plan, including procedures for the solicitation of votes from the holders of Fire Victim Claims and the establishment of a Record Date for voting on the Plan and serving related notices, and (ii) voting to accept or reject the Plan, including procedures for the solicitation of votes from holders of Fire Victim Claims and the electronic submission of votes; (c) approving (i) the forms of Ballots and Solicitation Packages and procedures for the distribution thereof, including the form of master ballot for the submission of votes to accept or reject the Plan by attorneys representing multiple holders of Fire Victim Claims and related solicitation directive form and solicitation procedures for

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

holders of Fire Victim Claims, and (ii) the form of Notice of Non-Voting Status to be sent to holders of Claims and Interests that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan or are otherwise deemed not entitled to vote on the Plan; and (d) approving the form and manner of notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**" and the notice thereof, the "**Confirmation Hearing Notice**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Motion and the Disclosure Statement Hearings (as defined below) as provided therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and the Debtors having filed certain amendments and revisions to the Plan, the Proposed Disclosure Statement, and the Solicitation Procedures [Docket Nos. 6217, 6219, 6222, and 6225] to address certain formal and informal objections and responses to the Proposed Disclosure Statement and the relief requested in the Motion; and this Court having reviewed the Proposed Disclosure Statement, the Motion, and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held hearings on the adequacy of the Proposed Disclosure Statement and the relief requested in the Motion on March 10, 2020 and March 11, 2020 (collectively, the "**Disclosure Statement Hearings**"); and the Debtors having filed certain additional amendments and revisions to the Plan, the Proposed Disclosure Statement, and the Solicitation Procedures [Docket Nos. 6244, 6320, and 6322] to incorporate certain further amendments and revisions as reflected on the record of the Disclosure Statement Hearings; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that approval of the Proposed Disclosure Statement and the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon the record of the hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

**I.** **Jurisdiction and Venue.** The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.** **The Proposed Disclosure Statement.** The Proposed Disclosure Statement, as modified and amended in accordance with the record at the Disclosure Statement Hearings, contains adequate information within the meaning of section 1125 of the Bankruptcy Code regarding the Plan, and provides adequate notice of the release, exculpation, and injunction provisions of the Plan. No further notice is deemed necessary or required.

**III.** **Notice of the Disclosure Statement Hearings and Objection Procedures.** The form of Disclosure Statement Hearing Notice, substantially in the form previously reviewed by, and filed with, the Court [Docket No. 5733], and the procedures set forth in the Motion and subsequently followed by the Debtors, including, without limitation, the publication of the Disclosure Statement Hearing Notice and the posting of the Disclosure Statement Hearing Notice in the Debtors' billing centers and on the Case Website, provided adequate notice to all creditors, interest holders, and other parties in interest of the time, date, and place of the Disclosure Statement Hearings and the deadline for filing objections to the Proposed Disclosure Statement and the relief requested in the Motion and service of the Disclosure Statement Hearing Notice provided due, proper, and adequate notice for all purposes as required under the Bankruptcy Rules, the Bankruptcy Local Rules, the Procedures Order, and the Scheduling Order. No further notice is deemed necessary or required.

**IV.** **Solicitation and Voting Procedures.**

a. Solicitation and Tabulation Procedures. The procedures set forth herein, in the Fire Victim Plan Solicitation Directive, and in the Ballots for the solicitation and tabulation of votes to accept or reject the Plan, including, without limitation, the proposed procedures for the temporary

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

allowance of Claims and Interests for the purpose of voting to accept or reject the Plan, the establishment of the Record Date, and the procedures for the solicitation and tabulation of Fire Victim Claims, provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Rule 3018 and Local Rule 3020-1.

b. <u>Voting and Non-Voting Classes</u>. The holders of Claims and Interests in Classes 5A-I, 5A-II, 5A-III, 10A-I, 10A-II, 3B-I, 3B-III, 3B-IV, 5B-I, 5B-II, and 5B-III are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"). Solely for purposes of approving the Proposed Disclosure Statement and soliciting, voting, and tabulating Ballots on the Plan, the remaining twenty-three (23) Classes of Claims and Interests are found and determined to be Unimpaired under the Plan (the "**Non-Voting Classes**"). Accordingly, pursuant to section 1126(f) of the Bankruptcy Code, the holders of Claims and Interests in such Non-Voting Classes are conclusively presumed to accept the Plan and, accordingly, are not entitled to vote on the Plan.

c. <u>Forms of Ballots</u>. The Ballots, substantially in the forms annexed hereto as **Exhibits A-1 through A-9**, including all voting procedures provided therein, are consistent with Official Form B 314 and have been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information and instructions relevant and appropriate for each Voting Class. The Ballots comply with the requirements of Bankruptcy Rule 3017(d). No further information or instructions are necessary with respect to the Ballots.

d. <u>Notice of Non-Voting Status</u>. The form of Notice of Non-Voting Status, substantially in the form annexed hereto as **Exhibit B**, complies with Bankruptcy Rule 3017(d) and, together with the Confirmation Hearing Notice, provide adequate notice to the holders of Claims and Interests in the Non-Voting Classes (or the holders of Claims or Interests that are otherwise deemed not entitled to vote on the Plan) of their non-voting status. No further notice is deemed necessary or required.

e. <u>Voting Deadline</u>. The period set forth herein and in the Scheduling Order to solicit votes to accept or reject the Plan and to make elections with respect thereto complies with Bankruptcy Rule 3017(c), is a reasonable and sufficient period of time for the holders of Impaired Claims and Interests, including the holders of Fire Claims and HoldCo Rescission or Damage Claims, to make an informed decision regarding whether to accept or reject the Plan to make elections with respect thereto,

and to timely return Ballots evidencing such decisions.

f. <u>Solicitation Packages and Procedures for Distribution Thereof</u>. The contents of the Solicitation Packages and the proposed procedures for distribution thereof, including the Fire Victim Claims Solicitation Notice and the Fire Victim Plan Solicitation Directive, substantially in the form attached hereto as **Exhibit C**, the Fire Victim Master Ballot, the procedures for the submission of votes to accept or reject the Plan by attorneys representing multiple holders of Fire Victim Claims, and the related procedures (as modified herein) for the direct or indirect solicitation of votes to accept or reject the Plan from the holders Fire Victim Claims, comply with Bankruptcy Rule 3017, constitute sufficient notice to all interested parties of the Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, and all related matters, and are adequate under the circumstances. No further notice is deemed necessary or required.

**V.** **The Confirmation Hearing.** The procedures set forth herein and in the Motion for providing notice of the Confirmation Hearing, including the form of the Confirmation Hearing Notice and the procedures for publication of the Confirmation Hearing Notice and the posting of the Confirmation Hearing Notice on the Case Website, are consistent with Bankruptcy Rules 2002(b), 2002(d), 2002(l), and 3020(b)(1) and section 1128 of the Bankruptcy Code, and provide due, proper, and adequate notice of the time, date, and place of the Confirmation Hearing and for filing objections or responses to confirmation of the Plan, to holders of Claims and Interests, and other parties in interest. No further notice is deemed necessary or required.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Proposed Disclosure Statement, as modified and amended in accordance with the record at the Disclosure Statement Hearings (substantially in the form filed at Docket No. 6322, including any exhibits or schedules thereto and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"), contains adequate information with respect to the Plan in satisfaction of the requirements of section 1125 of the Bankruptcy Code, provides adequate and sufficient notice of the release, exculpation, and injunction provisions of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c), and is approved.

2. The Motion is granted as provided herein.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

3. All objections, responses, statements, or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearings are overruled in their entirety.

4. The form of Disclosure Statement Hearing Notice, substantially in the form previously reviewed by, and filed with, the Court [Docket No. 5733], and the manner of notice of the Disclosure Statement Hearings, as set forth in the Motion and reflected in the Affidavit of Service filed by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**") [Docket Nos. 5785 and 5852], including, without limitation, the publication of the Disclosure Statement Hearing Notice and posting of the Disclosure Statement Hearing Notice in the Debtors' billing centers and on the Case Website as set forth in the Motion, and the procedures set forth in the Motion for filing objections and responses to the Proposed Disclosure Statement and the Motion complied with all applicable Bankruptcy Rules, Bankruptcy Local Rules, the Procedures Order, and the Scheduling Order, and constitute proper, adequate, and sufficient notice thereof.

**Record Date**

5. **The Record Date.** The Record Date shall be March 3, 2020. Only holders of Claims and Interests as of the Record Date shall be entitled to vote to accept or reject the Plan. In addition, only holders of Claims and Interests in Non-Voting Classes as of the Record Date (or Claims or Interests in Voting Classes that, as of the deadline set forth in the Scheduling Order, are subject to a pending objection or otherwise deemed not entitled to vote on the Plan) shall be entitled to receive a Notice of Non-Voting Status.

**Solicitation Procedures**

6. **Temporary Claim Voting Procedures.** Solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, a Claim, each Claim within a Voting Class shall be temporarily allowed in an amount equal to the amount of such Claim set forth in the Schedules, subject to the following exceptions:

    a. If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

    b. If a Claim (other than a Fire Victim Claim in Classes 5A-III or 5B-III as provided in subparagraph (c) below) for which a Proof of Claim has been timely filed, is marked

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

as wholly contingent, unliquidated, or disputed (based on the face of the Claim or a reasonable review of the Claim and its supporting documentation), such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (i) below;

c. Except as provided in subparagraph (k) below, any Fire Victim Claim (including, for the avoidance of doubt, any Fire Victim Claim asserted by any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code)), whether listed in the Schedules or for which a Proof of Claim has been timely filed, regardless of whether such Fire Victim Claim is marked as wholly or partially contingent or non-contingent, liquidated or unliquidated, or disputed or undisputed, is accorded one (1) vote and valued at $1.00 for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless such Claim is disputed or allowed for voting purposes in a different amount in the manner set forth in subparagraph (i) below;

d. Notwithstanding anything to the contrary herein, Subrogation Wildfire Claims shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, at the total aggregate amount of liquidated claims (*i.e.*, payments made to insureds) as reported on the Subrogation Wildfire Claimant's Proof of Claim Form or latest Attachment 1 thereto, unless such Subrogation Wildfire Claim is disputed in the manner set forth in subparagraph (i) below;

e. Notwithstanding anything to the contrary herein, any timely filed Class 10A-II HoldCo Rescission or Damage Claim that is marked as wholly contingent, unliquidated, or disputed (based on the face of the Claim or a reasonable review of the Claim and its supporting documentation) is accorded one (1) vote and valued at $1.00 for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless such Claim is disputed in the manner set forth in subparagraph (i) below; *provided, however*, that any HoldCo Rescission or Damage Claim for which a Proof of Claim was timely filed that lists an amount that is partially or wholly liquidated or non-contingent, shall be temporarily allowed for voting purposes only with respect to the Plan in the liquidated, noncontingent amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (i) below;

f. If a Claim for which a Proof of Claim was timely filed, lists an amount that is partially unliquidated or contingent, such Claim shall be temporarily allowed for voting purposes only with respect to the Plan only in the liquidated, noncontingent amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (i) below;

g. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by Order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless otherwise provided by Order of the Court;

h. If a Claim is not listed in the Schedules or is listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) timely filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Court before the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes with respect to the Plan;

i. If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim shall be extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time). Pursuant to the Scheduling Order, any party seeking to challenge the allowance, disallowance, amount, or classification of a Claim or Interest for voting purposes must have filed a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), seeking to temporarily allow such Claim or Interest in a different amount or class for purposes of voting to accept or reject the Plan by March 6, 2020, at 4:00 p.m. (Prevailing Pacific Time), unless such deadline is extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything herein or in the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion shall be extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any holder of a Claim or Interest that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the above-designated procedures, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision herein to the contrary (including, without limitation, subparagraph (c) above), any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution;[3]

j.  If the voting amount of a Claim or Interest has been established by a stipulation, settlement, or other agreement filed by the Debtors on or before the Voting Deadline, such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, in the stipulated, settled, or otherwise agreed-to amount;

k.  Notwithstanding anything herein to the contrary, solely for purposes of voting on the Plan and not for purposes of allowance or distribution, (i) Adventist Health System/West and Feather River Hospital, d/b/a Adventist Health Feather River, shall, collectively, be allowed one (1) Claim in each of Class 5A-III and Class 5B-III under the Plan in the amount of $1,212.00, and (ii) AT&T Corp. shall be allowed one (1) Claim in each of Class 5A-III and Class 5B-III under the Plan in the amount of $540.00;

l.  For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular Class shall be treated as if such entity has only one Claim in that particular Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total dollar amount of such Class shall be the sum of the aggregated Claims of such entity in each applicable Class; *provided, however,* that with respect to any Fire Victim Claim that was filed on a Fire Claimant Proof of Claim Form on behalf of more than one member of a claimant's family, each

---

[3] Claimants may contact PG&E Ballot Processing c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

family member listed on such form in accordance with the instructions set forth therein and in the Bar Date Order that is reasonably identifiable by the Solicitation Agent shall have, for voting purposes only, a Claim, in the amount set forth in subparagraph (c) above, that may be voted to accept or reject the Plan;[4]

m. Notwithstanding anything contained herein to the contrary, the Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized, but not required, to so cure any defects;

n. If (i) a Claim is filed in the amount of $0.00, (ii) as of the Record Date, the outstanding amount of a Claim is not greater than $0.00 as determined based on a review of the Claim by the Debtors' professionals, or (iii) a Claim has been disallowed, expunged, disqualified, or suspended, the holder of such Claim shall not be entitled to vote on account of such Claim;

o. If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00; and

p. Notwithstanding anything herein to the contrary, to the extent the Debtors or the Solicitation Agent are unable to determine (based on their review of the Proofs of Claim, any supporting documentation filed in connection therewith, the Debtors' books and records, and the Schedules) whether a Proof of Claim relates to a Fire Claim, such Proof of Claim shall be treated as a Utility General Unsecured Claim or HoldCo General Unsecured Claim (as directed by the Debtors' professionals,) under the Plan for solicitation purposes only.

7. **Temporary Class 10A-I (HoldCo Common Interest) Voting Procedures.** Solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, an Interest, the amount of HoldCo Common Interests held by a particular Interest holder in Class 10A-I that will be used to tabulate acceptances or rejections of the Plan shall be the number of shares of Common Stock held by such holder as of the Record Date as evidenced on PG&E Corp.'s share register for registered holders and the depository listings of Cede & Co. for beneficial holders.

8. For the avoidance of doubt, approval of the Solicitation Procedures and the other relief granted herein is without prejudice to the relief any holder of a Claim or Interest may seek from the Court, pursuant to Bankruptcy Rule 3013, regarding the classification of such holder's Claim or Interest.

---

[4] The treatment of Subrogation Wildfire Claimants that hold or have filed more than one Claim in a particular Class is solely for purposes of voting, classification, and tabulating Ballots with respect to this Plan, and is without prejudice to any party in interest's right to assert that the claim of each policy holder/tort victim to which the applicable insurer (or assignee) is subrogated is a separate Claim, or whether any Subrogation Wildfire Claimant holds one single claim or multiple claims for purposes of these Chapter 11 Cases (including, without limitation, for voting purposes on any other plans). All parties' rights with respect to the foregoing are expressly preserved.

**Solicitation Packages**

9.     The Solicitation Packages are approved.

10.     In accordance with Bankruptcy Rule 3017(d) and the Scheduling Order, the Solicitation Agent, on behalf of the Debtors and the Shareholder Proponents, shall cause the Solicitation Packages to be mailed by March 31, 2020, or as soon as reasonably practicable thereafter (the "**Solicitation Deadline**"); *provided, however*, that the Debtors shall solicit the holders of Claims in Class 10A-II (HoldCo Rescission or Damage Claims) on a rolling basis as such Claims are filed through and including April 16, 2020, or as soon as reasonably practicable thereafter.

11.     **General Solicitation Procedures.** In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain:

    a. With respect to holders of Claims and Interests in the Voting Classes (but subject to the procedures set forth below with respect to the mailing of Solicitation Packages to holders of Fire Victim Claims):

        i. A copy of this Order (without any exhibits);

        ii. The Confirmation Hearing Notice;

        iii. The Disclosure Statement (with the Plan annexed thereto); and

        iv. An appropriate form of Ballot(s) with respect to the Plan and appropriate return envelope with prepaid postage.

    b. With respect to holders of Claims and Interests in the Non-Voting Classes (or Claims or Interests in Voting Classes that, as of the deadline set forth in the Scheduling Order, are subject to a pending objection or otherwise deemed not entitled to vote on the Plan):

        i. The Confirmation Hearing Notice; and

        ii. A Notice of Non-Voting Status.

    c. With respect to the U.S. Trustee: a copy of each document contained in each version of the Solicitation Packages.

    d. With respect to the parties on the master service list, including any party that submitted a notice of appearance under Bankruptcy Rule 2002, a Solicitation Package without any Ballot(s).

12.     The Solicitation Packages to be sent to holders of Claims and Interests in the Voting Classes may include a copy of a letter from the Tort Claimants Committee recommending acceptance of the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

13.      **Fire Victim Solicitation Procedures.** The notice (the "**Fire Victim Claims Solicitation Notice**") and the fire victim plan solicitation directive (the "**Fire Victim Plan Solicitation Directive**"), substantially in the forms attached hereto as **Exhibit C**, mailed by the Debtors by overnight delivery and electronic mail (where available) to all known attorneys representing holders of Fire Victim Claims (collectively, the "**Firms**"), and the related procedures set forth in the Motion and the Fire Victim Plan Solicitation Directive (as modified herein) relating to the solicitation of votes of the holders of Fire Victim Claims to accept or reject the Plan are approved. Each Firm was required to have completed and returned the Fire Victim Plan Solicitation Directive and a confirmed Client List (as defined below) to the Solicitation Agent on or before March 3, 2020, at 4:00 p.m. (Prevailing Pacific Time) (the "**Fire Victim Solicitation Directive Deadline**"). In connection therewith, the following procedures for the solicitation of votes of holders of Fire Victim Claims are hereby approved:

a.   **Master Ballot Solicitation Method.** If a Firm certified that (i) the Firm will collect and record the votes of its Fire Victim Clients through customary and accepted practices, or that it has obtained authority to procedurally cast each Fire Victim Client's vote (provided that the Firm has complied with the voting procedures set forth herein and each Fire Victim Client has indicated an informed decision on such vote) or (ii) it has the authority under applicable law to vote to accept or reject the Plan on behalf of its Fire Victim Clients (with a valid power of attorney provided to the Solicitation Agent), the Firm may direct the Solicitation Agent to serve the Firm with one Solicitation Package and one Fire Victim Master Ballot on which the Firm must record the votes on the Plan for each of its Fire Victim Clients in accordance with the Firm's customary and accepted practices. If it is the Firm's customary and accepted practice to receive or collect authorizations or instructions from its Fire Victim Clients by e-mail, telephone, or other standard communication methods, the Firm will be authorized to follow such customary practices. Any Firm that elected this procedure shall meet all applicable standards to receive informed consent from its Fire Victim Clients. Each Firm that elected this procedure shall either (i) provide the Disclosure Statement, either in hard copy or electronic format, to its Fire Victim Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without a Ballot) on its Fire Victim Clients. Any Firm that elected this procedure was required to have returned the Fire Victim Master Ballot to the Solicitation Agent so that it was received by the Voting Deadline.

b.   **Direct Solicitation Method.** If a Firm prefers to have each of its Fire Victim Clients cast its own vote to accept or reject the Plan or it does not have authority from its Fire Victim Clients as described above, such Firm may direct the Solicitation Agent to solicit votes on the Plan directly from its Fire Victim Clients by mailing Solicitation Packages (including Ballots) directly to the Firm's Fire Victim Clients at the primary addresses (or email addresses) identified in the Firm's Client List (as defined below) or as otherwise indicated in the applicable Proof of Claim Forms. Under this procedure, completed Ballots shall be submitted to the Solicitation Agent individually by the Fire Victim Clients; *provided, however,* that a Firm electing this procedure may instruct its Fire Victim Clients to submit their completed Ballots to the Firm, which will, in turn, submit the completed Ballots to the Solicitation Agent

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

so that they are received by the Voting Deadline.[5]  Any Firm electing to instruct its Fire Victim Clients to submit completed Ballots to the Firm must have (i) informed the Solicitation Agent of this election in its Fire Victim Plan Solicitation Directive prior to the Fire Victim Plan Solicitation Directive Deadline, and (ii) provided the Solicitation Agent with a cover letter by the Fire Victim Solicitation Directive Deadline to be included in the mailing to its Fire Victim Clients, which cover letter includes express instructions directing the Firm's Fire Victim Clients to submit their completed Ballots to the Firm by a date calculated by the Firm to allow the Firm sufficient time to submit the completed Ballots to the Solicitation Agent so that they are actually received by the Voting Deadline.

c.  **Indirect Solicitation Method.** As an alternative to subparagraph (b) above, if a Firm prefers to have each of its Fire Victim Clients cast its own vote to accept or reject the Plan or if it does not have authority from its Fire Victim Clients as described above, such Firm may direct the Solicitation Agent to deliver the Solicitation Packages (including Ballots) to the Firm, which will, in turn, deliver Solicitation Packages to its Fire Victim Clients. Under this procedure, completed Ballots shall be submitted to the Solicitation Agent individually by the Fire Victim Clients. If the Firm selects this method: (i) the Solicitation Agent shall cause the requested number of Solicitation Packages, including the appropriate number of Ballots, to be served on the Firm; (ii) the Firm must deliver the Solicitation Packages to its Fire Victim Clients within three (3) business days after receipt; and (iii) the Firm must file an affidavit of service with the Court confirming the same, and send a copy of such affidavit to the Solicitation Agent, within three (3) business days of such service. The names and addresses of the Fire Victim Clients served do not need to be listed on the affidavit of service. The affidavit of service need only state that service was completed, the date(s) that service was completed, and that the attorney has provided the Solicitation Agent with the required lists of clients, as described below.

d.  **Hybrid Solicitation Method**. If a Firm certifies that it has the authority to record the votes of certain of its Fire Victim Clients pursuant to the Master Ballot Solicitation Method set forth in subparagraph (a) above (collectively, the "**Master Ballot Fire Victim Clients**"), the Firm shall direct the Solicitation Agent to serve the Firm with one Solicitation Package and one Fire Victim Master Ballot on which the Firm must record the votes with respect to the Plan for its Master Ballot Fire Victim Clients. The Firm also may request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without a Ballot) on its Master Ballot Fire Victim Clients. With respect to such Firm's other Fire Victim Clients that are not Master Ballot Fire Victim Clients (collectively, the "**Individual Ballot Fire Victim Clients**"), the Firm must elect the procedure under either the Direct Solicitation Method (subsection (b) above) or the Indirect Solicitation Method (subsection (c) above). Completed ballots by Individual Ballot Fire Victim Clients shall be submitted to the Solicitation Agent individually.  Any Firm that elected this procedure was required to indicate on its Client List which Fire Victim Clients are Master Ballot Fire Victim Clients and which are Individual Ballot Fire Victim Clients.

14.     Any Firm that failed to return the Fire Victim Plan Solicitation Directive by the Fire Victim Solicitation Directive Deadline is deemed to have directed the Solicitation Agent to solicit votes

---

[5] Solicitation Packages to be mailed to any Fire Victim Clients where the applicable Firm has informed the Solicitation Agent that it will collect and submit the completed Ballots of its Fire Victim Client will not include return envelopes with prepaid postage.

on the Plan from its Client according to the Direct Solicitation Method described in paragraph 13(b) above.

15.     Each Firm may have elected to provide the Solicitation Agent with a cover letter or additional communications by the Fire Victim Solicitation Directive Deadline to be included in any mailing to its Fire Victim Clients as provided in the Fire Victim Plan Solicitation Directive.

16.     Each Firm was required to have confirmed the accuracy of the names, addresses, and (if known) e-mail addresses of its Fire Victim Clients as set forth on the Excel spreadsheet sent by the Solicitation Agent (the "**Client List**"), in email, CD-ROM, or USB format, in connection with the distribution of the Fire Victim Claims Solicitation Notice and the Fire Victim Plan Solicitation Directive. Each Firm shall have made any necessary additions, subtractions, or other corrections to the spreadsheet provided, and returned the Client List in the same electronic format to the Solicitation Agent no later than the Fire Victim Solicitation Directive Deadline. Any Fire Victim Claims that cannot be matched to a Firm or that are not otherwise included in any Client List shall be solicited via the Direct Solicitation Method set forth in paragraph 13(b) above. To the extent a Firm included on its returned Client List any additional Fire Victim Clients that were not originally listed by the Solicitation Agent, the Firm shall have provided the Solicitation Agent with the Proof of Claim and/or Schedule number that corresponds to each such additional Fire Victim Client's Fire Victim Claim. No Ballots shall be provided by the Solicitation Agent to any Firm on account of, and any votes included on any Fire Victim Master Ballot shall not be counted for, any individuals or entities for which a Fire Victim Claim has not been scheduled or timely filed prior to the applicable Bar Date.

17.     The Debtors may (at the Debtors' discretion) serve Solicitation Packages on Fire Victim Clients that are served directly with Solicitation Packages as set forth in paragraph 13(b) above via electronic mail, where available, in lieu of a physical mailing.

18.     Copies of the materials contained in the Solicitation Packages (excluding the Confirmation Hearing Notice and the Ballots) may be provided in paper copy or on USB drive or CD-ROM at the Debtors' discretion and shall be made available free of charge on the Case Website;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*provided, however*, that any party may request to receive paper copies of such materials from the Solicitation Agent at no cost to such party.

19.     Each Debtor and non-Debtor affiliate holding Intercompany Claims in Classes 7A and 8B and Utility Common Interests in Class 11B shall be deemed to have received all notices upon entry of this Order without actual delivery of such notices.

20.     Holders of Claims who have filed (a) duplicate Claims against the Debtors that are classified under the Plan in the same Class, or (b) Claims that amend or supersede previously filed Claims, shall receive only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their Claims with respect to that Class under the Plan. For the avoidance of doubt, any duplicative, amended, and/or superseded Claims shall be disallowed for voting purposes.

21.     The Debtors shall not be required to send Solicitation Packages to creditors whose Claims are based solely on amounts scheduled by the Debtors that have already been paid in the full scheduled amount; *provided, however*, that if any such creditor would be entitled to receive notice for any reason other than by virtue of the fact that the Claim had been scheduled by the Debtors, such creditor shall be sent notice in accordance with the procedures set forth above.

22.     The Debtors shall distribute the Confirmation Hearing Notice to any party to an executory contract or unexpired lease as set forth herein but shall not be required to distribute to such parties copies of the Plan or the Disclosure Statement.

23.     With respect to addresses from which notices are returned by the United States Postal Service as undeliverable, the Debtors are excused from mailing Solicitation Packages and any other notices or materials related to voting or confirmation of the Plan to those persons listed at such addresses unless the Debtors are provided with accurate addresses for such persons no less than five (5) business days before the Voting Deadline.

24.     **The Notice of Non-Voting Status.** The Notice of Non-Voting Status to be distributed to holders of Claims and Interests in the Non-Voting Classes (or Claims or Interests in Voting Classes that, as of the deadline set forth in the Scheduling Order, are subject to a pending objection or otherwise deemed not entitled to vote on the Plan), substantially in the form annexed hereto as **Exhibit B**, is approved; *provided, however,* that a Notice of Non-Voting Status shall not be distributed to any holder

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

of a Claim or Interest that timely filed a 3018 Motion with respect to such Claim or Interest (unless the Court determines, in connection with such timely filed 3018 Motion, that the holder of such Claims or Interest is not entitled to vote on the Plan).

25. The Debtors are not required to distribute copies of the Plan or the Disclosure Statement to any holder of a Claim or Interest in a Non-Voting Class unless otherwise requested in writing on or before twenty (20) days before the Confirmation Hearing.

**The Ballots and Distribution Procedures**

26. The Ballots to be distributed to holders of Claims and Interests in the Voting Classes, substantially in the forms annexed hereto as **Exhibits A-1 through A-9**, are approved.

27. *Fire Victim Master Ballot.* If a Firm certifies that (i) the Firm will collect and record the votes of its Fire Victim Clients through customary and accepted practices, or that it has obtained authority to procedurally cast each Fire Victim Clients' vote (provided that the Firm has complied with the voting procedures set forth herein and each Fire Victim Clients has indicated an informed decision on such vote) or (ii) it has the authority under applicable law to vote to accept or reject the Plan on behalf of its Fire Victim Clients (with a valid power of attorney provided to the Solicitation Agent), the Firm may direct the Solicitation Agent to serve the Firm with one Solicitation Package and one master Ballot, substantially in the form annexed hereto as **Exhibit A-1** (a "**Fire Victim Master Ballot**"), on which the Firm shall record the votes on the Plan for each of its Fire Victim Clients.

28. *Direct Fire Claim Ballots.* Each holder of a Public Entity Wildfire Claim or Subrogation Wildfire Claim shall receive a form of Ballot for voting on the Plan, substantially in the form annexed hereto as **Exhibit A-2** (a "**Public Entity/Subrogation Claimant Ballot**"), with the appropriate inserts of content specific to each particular Class as set forth in **Exhibit A-2**. All other holders of Fire Claims entitled to vote on the Plan, including any Individual Ballot Fire Victim Clients or any other holders of Fire Victim Claims that are not included on any Fire Victim Master Ballot for voting purposes, shall receive a form of Ballot for voting on the Plan, substantially in the form annexed hereto as **Exhibit A-3** (a "**Individual Fire Claimant Ballot**" and, together with the Public Entity/Subrogation Claimant Ballot, the "**Direct Fire Claim Ballots**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

29. **Impaired Debt Claim, Rescission or Damage Claim, and Common Interest Ballots.** The following forms of Ballots are to be distributed to the holders of (i) Claims in Class 3B-I (Utility Impaired Senior Note Claims), Class 3B-III (Utility Short-Term Senior Note Claims), and Class 3B-IV (Utility Funded Debt Claims) (collectively, the "**Impaired Debt Claims**"), (ii) Interests in Class 10A-I (HoldCo Common Interests), and (iii) Claims in Class 10A-II (HoldCo Rescission or Damage Claims), and are hereby approved:

a. *Standard Ballots.* The Debtors shall distribute a Ballot for voting on the Plan, substantially in the form annexed hereto as **Exhibit A-4** (the "**Standard Impaired Debt Ballot**") or **Exhibit A-5** (the "**Standard HoldCo Common Interest Ballot**"), respectively, to any holders of Impaired Debt Claims, HoldCo Rescission or Damage Claims, or HoldCo Common Interests that hold such Claims or Interests directly.

b. *Master and Beneficial Owner Ballots.* With respect to holders of Impaired Debt Claims and HoldCo Common Interests who hold such Claims or Interests in "street name" as nominees on behalf of the underlying beneficial holders of the Impaired Debt Claims or HoldCo Common Interests (*i.e.*, in those instances in which Cede & Co. is the registered owner of the Impaired Debt Claims or HoldCo Common Interests for the public markets), the Debtors are authorized to send Master Ballots (as defined below) for voting on the Plan to those record holders of such Impaired Debt Claims or HoldCo Common Interests, including, without limitation, the brokers, banks, dealers, or other agents or nominees, or any mailing agents thereof (collectively, the "**Master Ballot Agents**"). The Debtors shall distribute to each Master Ballot Agent reasonably sufficient copies of the Solicitation Packages, including copies of beneficial owner Ballots, substantially in the form annexed hereto as **Exhibit A-6** (the "**Impaired Debt Beneficial Owner Ballot**") or **Exhibit A-7** (the "**Common Interest Beneficial Owner Ballot**" and together with the Impaired Debt Beneficial Owner Ballot, the "**Beneficial Owner Ballots**"), respectively, to distribute to the beneficial owners for whom the Master Ballot Agent holds such Impaired Debt Claims or HoldCo Common Interests in "street name".

30. Solicitation Packages may be sent to beneficial owners either in paper format or via electronic transmission in accordance with the customary practices of each Master Ballot Agent. Each Master Ballot Agent shall then distribute the Solicitation Packages, as appropriate, in accordance with

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices. If it is the Master Ballot Agent's customary and accepted practice to forward solicitation materials and information to (and to collect votes from) its beneficial owners by "voting instruction form," e-mail, telephone, or other standard communications, the Master Ballot Agent is authorized to follow those customary practices in lieu of, or in addition to, collecting actual Beneficial Owner Ballots.

31. The Master Ballot Agents may either:

a. forward the Solicitation Package (with the applicable Beneficial Owner Ballot) to each beneficial owner of Impaired Debt Claims or HoldCo Common Interests entitled to vote on the Plan within five (5) business days of the receipt by such Master Ballot Agent of the Solicitation Packages and include a return envelope provided by and addressed to the Master Ballot Agent, so that the beneficial owner may return the completed Beneficial Owner Ballot to the Master Ballot Agent. The Master Ballot Agent shall then summarize the individual votes for the Plan of its respective beneficial owners from the individual Beneficial Owner Ballots on the appropriate master ballot, substantially in the form annexed hereto as **Exhibit A-8** (the "**Impaired Debt Master Ballot**") or **Exhibit A-9** (the "**Common Interest Master Ballot**" and, together with the Impaired Debt Master Ballot and the Fire Victim Master Ballot, the "**Master Ballots**"), respectively, and then return the applicable Master Ballot to the Solicitation Agent by the Voting Deadline. The Master Ballot Agent shall advise beneficial owners to return Beneficial Owner Ballots to the Master Ballot Agent by a date calculated by the Master Ballot Agent to allow the Master Ballot Agent to prepare and return the applicable Master Ballot to the Solicitation Agent so that the Master Ballot is actually received by the Solicitation Agent by the Voting Deadline. If it is the Master Ballot Agent's customary and accepted practice to forward solicitation materials and information to (and to collect votes from) its beneficial owners by "voting instruction form," e-mail, telephone, or other standard communications, the Master Ballot Agent will be authorized to follow those customary practices in lieu of, or in addition to, distributing and/or collecting actual Beneficial Owner Ballots; or

b. "prevalidate" the Beneficial Owner Ballots contained in the Solicitation Package and then forward the Solicitation Package to the beneficial owner of Impaired Debt Claims or HoldCo Common Interests for voting on the Plan within five (5) business days of the receipt by such Master Ballot Agent of the Solicitation Package, with the beneficial owner then returning such Beneficial Owner Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. A Master Ballot Agent shall "prevalidate" a beneficial owner's Beneficial Owner Ballot by (i) indicating thereon the name and address of the record holder of the Impaired Debt Claims or HoldCo Common Interests, as applicable, to be voted with respect to the Plan, the amount of Impaired Debt Claims or HoldCo Common Interests, as applicable, held by the beneficial owner as of the Record Date, and the appropriate account numbers through which the beneficial owner's holdings are derived, (ii) certifying the accuracy of the information included on the Beneficial Owner Ballot by stamping the prevalidated Beneficial Owner Ballot with a medallion guarantee, and (iii) executing the beneficial owner's Beneficial Owner Ballot. The beneficial owner shall return

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the "prevalidated" Beneficial Owner Ballot directly to the Solicitation Agent by the Voting Deadline.

32.     The Debtors are authorized to reimburse each Master Ballot Agent's reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Solicitation Packages to the beneficial owners of Impaired Debt Claims or HoldCo Common Interests and tabulation of the Beneficial Owner Ballots without further order of the Court.

33.     A Claim or Interest holder who holds Impaired Debt Claims or HoldCo Common Interests on its own behalf through DTC (*i.e.*, is both the beneficial holder and Master Ballot Agent for the same Impaired Debt Claims or HoldCo Common Interests) must vote by returning a Master Ballot to the Solicitation Agent and indicating that it is both the beneficial holder and Master Ballot Agent for the Impaired Debt Claim or Common Stock, as applicable.

34.     Notwithstanding any other provision of this Order or the Motion, transmittal of Solicitation Packages to any holders of Impaired Debt Claims or HoldCo Common Interests held exclusively through the Master Ballot Agents shall be deemed good, adequate, and sufficient notice if it is delivered by electronic transmission on or before the Solicitation Deadline to the Master Ballot Agents.

**Tabulation Procedures**

35.     **The Voting Deadline**. In accordance with the Scheduling Order, the Voting Deadline shall be May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time).

36.     To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Solicitation Agent, by (a) first-class mail, in the return envelope provided; (b) overnight courier; (c) personal or hand delivery; (d) via the Solicitation Agent's online, electronic balloting portal; or (e) only for Master Ballots or Beneficial Ballots returned by Master Ballot Agents or Fire Victim Master Ballots returned by Firms, by email, to the addresses set out below, in each case, so that it is received by the Solicitation Agent no later than the Voting Deadline:

| If by the electronic balloting portal: | If by e-mail (only for Master Ballots and Beneficial Owner Ballots) to: |
|---|---|
| https://restructuring.primeclerk.com/pge/ and click on the "Submit E-Ballot" link. | pgeballots@primeclerk.com |

| If by standard or overnight mail: | If by hand delivery: |
|---|---|
| PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165 | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>(*Provided, however*, that nothing herein shall be deemed or interpreted to require or mandate that the Prime Clerk Ballot Processing office remain open to the public to accept Ballots should Prime Clerk, in its discretion, determine that a closure, modification, or suspension of the operating hours with respect to any such location is necessary or required under the circumstances.) |

37.     Except as otherwise set forth herein with respect to the submission of Master Ballots, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal (each an "**E-Ballot**") on the Debtors' Case Website to be maintained by the Solicitation Agent. Parties entitled to vote may cast an E-Ballot and electronically sign and submit the E-Ballot utilizing the online balloting portal. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any E-Ballot submitted in this manner and the holder's electronic signature shall be deemed to be immediately legally valid and effective.

38.     **General Tabulation Procedures.** The following procedures with respect to tabulating Ballots are approved:

a.  Whenever a holder casts more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline with respect to the Plan, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect the voter's intent and, thus, supersede any prior Ballot for the Plan; *provided that*, if a holder of Claim(s) or Interest(s) submits both a paper Ballot and E-Ballot on account of the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

same Claim(s) or Interest(s), the E-Ballot shall supersede the paper Ballot, unless the holder receives Bankruptcy Court approval otherwise.

b. Whenever a holder casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent but does not indicate either an acceptance or rejection of the Plan, the Ballot shall not be counted for voting with respect to the Plan; *provided that*, for the avoidance of doubt, any holder who does not indicate on their Ballot that they opt into granting the releases shall not be a "Releasing Party" under the Plan.

c. Whenever a holder casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent but indicates both an acceptance and a rejection of the Plan, the Ballot shall not be counted with respect to the Plan.

d. Whenever a holder casts a Ballot which indicates a split of their vote(s) to accept or reject the Plan within a particular Class, the Ballot shall not be counted with respect to the Plan.

e. The following Ballots shall not be counted for purposes of voting on the Plan:

    i. Any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    ii. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or Interest;

    iii. Any Ballot cast by a person or entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan (*e.g.*, a Voting Class);

    iv. Any Ballot cast by a person who is not entitled to vote under the Plan, even if such individual holds a Claim or Interest in a Voting Class;

    v. Any Ballot that does not contain a manual or electronic signature; *provided that* any Ballot cast via E-Ballot, shall be deemed to contain an electronic signature; or

    vi. Any Ballot transmitted to the Solicitation Agent by means not specifically approved herein, including, but not limited to, by facsimile, electronic transmission, or other electronic means.

f. If a party that is entitled to vote has more than one Claim or Interest within the same Class against a Debtor based upon different transactions, said party shall be entitled to one (1) vote for numerosity purposes in the aggregate dollar amount of all such Claims or the Record Amount of all said Interests.[6]

---

[6] *See supra* note 4 above.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

39.     With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is otherwise entitled to vote with respect to the Plan, shall be entitled to cast a Ballot on account of such Claim only if: (i) all actions necessary to transfer such Claim are completed by the Record Date or (ii) the transferee files by the Record Date (a) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote or election on the Plan made by the holder of such Claim as of the Record Date. In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity purposes with respect to the Plan.

40.     **Master Ballot Tabulation Procedures.** The following additional procedures shall apply to the tabulation of (i) Fire Victim Master Ballots submitted by Firms with respect to Fire Victim Clients, (ii) Impaired Debt Master Ballots and Impaired Debt Beneficial Owner Ballots, and (iii) Common Interest Master Ballots and Common Interest Beneficial Owner Ballots:

    a.   Votes cast by beneficial owners of Impaired Debt Claims or HoldCo Common Interests through a Master Ballot Agent shall be applied against the positions held by such Master Ballot Agent as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, shall not be counted in excess of the Record Amount of such Impaired Debt Claims or HoldCo Common Interests, as applicable, held by such Master Ballot Agent; *provided that*, the Solicitation Agent may adjust such Record Amount to reflect the amount in accordance with subparagraph (c) below;

    b.   To the extent that conflicting votes or "overvotes" are submitted by a Firm or Master Ballot Agent with respect to the Plan, whether pursuant to a Master Ballot or prevalidated Ballots, the Solicitation Agent shall attempt to reconcile discrepancies with the Firm or Master Ballot Agent, as applicable;

    c.   To the extent that overvotes on a Master Ballot or prevalidated Ballots with respect to the Plan are not reconcilable prior to the preparation of the Voting Certification (as defined below), the Solicitation Agent shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in Impaired Debt Claims or HoldCo Common Interests, as applicable;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

d. Multiple Master Ballots may be completed by a single Firm or Master Ballot Agent and delivered to the Solicitation Agent. Votes reflected by multiple Master Ballots shall be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted by the same Master Ballot Agent or Firm are inconsistent, the last, properly completed Master Ballot received by the Voting Deadline shall be counted;

e. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s), rather than supersede(s), the earlier Master Ballot(s), the Firm or Master Ballot Agent submitting such Master Ballot shall mark the subsequent Master Ballot(s) as "Supplement" and clearly mark which of the votes reflected thereon are additional votes;

f. If both a Direct Fire Claim Ballot and a Master Fire Claim Ballot are submitted with respect to a single Fire Victim Claim, the Direct Fire Claim Ballot received from the holder of the Fire Victim Claim will be the Ballot that is counted regardless of when it is received so long as it is received before the Voting Deadline, and the vote included for such holder in the Master Fire Claim Ballot will not be counted;

g. For purposes of tabulating votes with respect to the Plan, each record holder or beneficial owner shall be deemed to have voted their applicable Record Amount; and

h. If the same Fire Victim appears on more than one (1) Fire Victim Master Ballot, the Solicitation Agent will attempt to coordinate with the respective Firms to cure the discrepancy; however, if the Firms are unsuccessful in curing the discrepancy, the Solicitation Agent shall count the last, properly-completed Fire Victim Master Ballot received by the Voting Deadline with respect to such Fire Victim Claim.

41.     No later than May 22, 2020, the Solicitation Agent shall file with the Court the Voting Certification, and the Debtors shall serve the Voting Certification upon, among others, (a) the Court; (b) the U.S. Trustee; (c) the attorneys for the Creditors Committee; (d) the attorneys for the Tort Claimants Committee; and (e) the attorneys for the Shareholder Proponents.

**Confirmation Hearing**

42.     **The Confirmation Hearing.** As previously approved by the Court pursuant to the Scheduling Order: (i) the Confirmation Hearing shall be May 27, 2020, at 10:00 a.m. (Prevailing Pacific Time); (ii) the deadline for filing objections to confirmation of the Plan shall be May 15, 2020, at 4:00 p.m. (Prevailing Pacific Time); and (iii) the deadline for the Debtors, the Shareholder Proponents, and other parties in interest to file replies to any confirmation objections shall be May 22, 2020, at 4:00 p.m. (Prevailing Pacific Time). The Confirmation Hearing and the deadlines related thereto may be continued

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

from time to time by the Court, without further notice, except for adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

43.     Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, the Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issue.

44.     The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit D**, is approved and the manner of notice of the Confirmation Hearing, as set forth in the Motion, including, without limitation, the publication of the Confirmation Hearing Notice and posting of the Confirmation Hearing Notice on the Case Website as set forth in the Motion, complies with all applicable Bankruptcy Rules, Bankruptcy Local Rules, the Procedures Order, and the Scheduling Order, and constitutes proper, adequate, and sufficient notice thereof.

45.     No later than April 24, 2020 or as soon as reasonably practicable thereafter, the Debtors shall publish the Confirmation Hearing Notice once in each of: *The Wall Street Journal (National Edition)*, *USA Today*, *the Los Angeles Times*, *San Francisco Chronicle*, *The Bakersfield Californian*, *The Fresno Bee*, *The Modesto Bee*, *The Sacramento Bee*, *The Santa Rosa Press Democrat*, *The San Jose Mercury News*, *The East Bay Times*, *The Stockton Record*, *The Paradise Post*, *The Chico Enterprise-Record*, *The San Francisco Examiner*, *The Redding Record Searchlight*, *The Red Bluff Daily News*, *The Eureka Times Standard*, *The Ukiah Daily Journal*, *The Grass Valley Union*, *The Napa Valley Register*, *The Trinity Journal In Weaverville*, *The Mad River Union in Arcata*, *The Del Norte Triplicate in Crescent City*, *The Mount Shasta Herald in Mount Shasta*, *The Siskiyou Daily News in Yreka*, *The Modoc County Record in Alturas*, *The Ferndale Enterprise in Fortuna*, *The Lassen County Times in* Susanville, and the *Marin Independent Journal*.  In addition, the Debtors shall post an electronic copy of the Confirmation Hearing Notice on the Case Website.

**Other Matters**

46.     The Debtors are authorized to make non-substantive and nonmaterial changes, including changes to correct typographical and grammatical errors and to make conforming changes among such

documents, to the Disclosure Statement, the Plan, and the other related solicitation materials and notices (and any exhibits and schedules thereto).

47.     The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

48.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119