<u>**Exhibit A-1**</u>

**Form of Fire Victim Master Ballot**

| | |
|---|---|
| **In re:** | Chapter 11 Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

### FIRE VICTIM MASTER BALLOT

### CLASS 5A-III HOLDCO FIRE VICTIM CLAIMS AND
### CLASS 5B-III UTILITY FIRE VICTIM CLAIMS

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC ("PRIME CLERK" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "VOTING DEADLINE").**

---

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"[1]) from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---
[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 2 of 152

You represent certain clients that may hold claims against the Debtors arising out of or relating to the Fires[2] that occurred in Northern California (each, a "**Fire Victim Claim**" and the clients that you represent that may hold such claims, your "**Fire Victim Clients**"). Fire Victim Claims are classified under the Plan in Class 5A-III (HoldCo Fire Victim Claims) and Class 5B-III (Utility Fire Victim Claims). Pursuant to the Bar Date Order, all timely filed Fire Victim Claims have been deemed filed against both of the Debtors and, therefore, each of your Fire Victim Clients is entitled to vote to accept or reject the Plan in Class 5A-III and Class 5B-III. You are receiving this Master Ballot because you previously certified to the Solicitation Agent in a Fire Victim Plan Solicitation Directive that (i) you will collect and record the votes of your Fire Victim Clients through customary and accepted practices, or that you have obtained authority to procedurally cast each of your Fire Victim Client's votes (provided that you have complied with the voting procedures set forth in the Disclosure Statement and Solicitation Procedures Order and each of your Fire Victim Clients has indicated an informed decision on such vote) or (ii) you have the authority under applicable law to vote to accept or reject the Plan on behalf of your Fire Victim Clients and have provided a valid power of attorney to the Solicitation Agent. **To use this Master Ballot, you must meet all applicable standards to receive informed consent from your Fire Victim Clients.** In addition, you must either (i) provide the Disclosure Statement, either in hard copy or electronic format, to your Fire Victim Clients, or (ii) have requested that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without a Ballot) on your Fire Victim Clients.

The rights of holders of Fire Victim Claims in Classes 5A-III and 5B-III are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Master Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure

---

Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

[2] "Fires" means the following fires that occurred in Northern California: (i) 2015 Butte Fire; (ii) 2017 North Bay Fires (LaPorte, McCourtney, Lobo, Honey, Redwood / Potter Valley, Sulphur, Cherokee, 37, Blue, Pocket, Atlas, Cascade, Nuns, Adobe, Norrbom, Pressley, Partrick, Pythian / Oakmont, Maacama, Tubbs, Point, and Sullivan); and (iii) 2018 Camp Fire.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 3 of 152

Statement does not indicate approval of the Plan by the Bankruptcy Court. This Master Ballot may not be used for any purpose other than to record the votes of your Fire Victim Clients to accept or reject the Plan. If you believe that you have received this Master Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For the votes of your Fire Victim Clients to be counted, this Master Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than <u>4:00 p.m. (Prevailing Pacific Time) on May 15, 2020</u>. As set forth below, you will need to attach or otherwise submit an exhibit to this Master Ballot containing details of the Fire Victim Clients you represent and for whom you are voting on their behalf under this Master Ballot (the "<u>Exhibit</u>").**

If you have any questions on how to properly complete this Master Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**HOLDERS OF FIRE VICTIM CLAIMS SHOULD CAREFULLY REVIEW THE PLAN, INCLUDING THE PLAN'S INJUNCTION, EXCULPATION AND RELEASE PROVISIONS, AS THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

---

**INSTRUCTIONS FOR COMPLETING THE FIRE VICTIM MASTER BALLOT**

This Master Ballot is submitted to you to solicit, collect, and record the votes of your Fire Victim Clients to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class 5A-III and Class 5B-III if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of Fire Victim Claims that vote on the Plan in each such Class. In the event that Class 5A-III and Class 5B-III vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Fire Victim Claims if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Fire Victim Claims and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or vote to reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have the votes of your Fire Victim Clients reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned to the Solicitation Agent so that it is actually received no later than Voting Deadline of <u>May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>.** Master Ballots must be delivered to the Solicitation Agent at the appropriate address listed below:

| If by e-mail: | If by standard or overnight mail: | If by hand delivery: |
|---|---|---|
| pgeballots@primeclerk.com | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165 | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Master Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (other than by e-mail to pgeballots@primeclerk.com).**

You must properly complete the Master Ballot as follows:

a. <u>Item 1 (Exhibit)</u>. Item 1 below requires that you include with this Master Ballot an exhibit (the "**Exhibit**"), in electronic format (Excel or a comparable application), that lists the information set forth herein with respect to each of your Fire Victim Clients. Enclosed with this Ballot is a USB drive with a prepopulated Exhibit, in

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 5 of 152

Excel format, with the Fire Victim Client information you submitted with your Fire Victim Plan Solicitation Directive. For each of the Fire Victim Clients for which you are casting votes to accept or reject the Plan on this Master Ballot you must include on the Exhibit: (a) the Proof of Claim number or Schedule number that corresponds to such Fire Victim Client's Fire Victim Claim; (b) the amount of such Fire Victim Client's Fire Victim Claim; (c) the last name of the Fire Victim Client; (d) the first name of the Fire Victim Client; (e) the address of the Fire Victim Client; and (f) whether the Fire Victim Client votes to accept or reject the Plan. Please ensure that columns on the Exhibit are no greater than 45 characters wide.

| Claim Number | Schedule Number | Claim Amount | Last Name | First Name | Address | Vote on the Plan | |
|---|---|---|---|---|---|---|---|
| | | | | | | Class 5A-III | Class 5B-III |
| 1001 | 1502 | $1 | Smith | Alex | 123 Main St, City, California 9000 | Accept | Accept |
| 1002 | 1501 | $1 | Jones | John | 321 Side St, City, California 9000 | Reject | Reject |

**Please note that, except as otherwise set forth in the Disclosure Statement and Solicitation Procedures Order, each Fire Victim Claim has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose**.

If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Solicitation Agent at pgeballots@PrimeClerk.com or by telephone at 844-339-4217 (domestic toll-free) or 929-333-8977 (international).

b.    Any vote included on the Exhibit that is submitted without the inclusion of the Fire Victim Client's name and the Proof of Claim number or Schedule number that corresponds to such party's Fire Victim Claim will not be counted.

c.    <u>Item 2 (Voting Summary)</u>. Item 2 below requires you to summarize the votes of your Fire Victim Clients for the Solicitation Agent. If all of your Fire Victim Clients set forth in the Exhibit have voted in the same manner (*e.g.*, all such Fire Victim Clients have voted to accept the Plan or all such Fire Victim Clients have voted to reject the Plan), please check the applicable box marked "A" or "B" in Item 2 below. If certain of your Fire Victim Clients set forth in the Exhibit have voted to accept the Plan and others have voted to reject the Plan, please check the box marked "C" in Item 2 below. **Please note that the Solicitation Agent will review the Exhibit to collect and record the individual votes of each of your Fire Victim Clients regardless of your answer in Item 2 below.** In the event there is a discrepancy between your response to Item 2 and the individual votes of any of the Fire Victim Clients included in the Exhibit, the individual vote reflected on the Exhibit will govern and will supersede your response in Item 2 below.

6

d. Each Fire Victim Client that votes must vote the entire amount of his, her, or its claim to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and may not split such vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

e. If the Exhibit to this Master Ballot fails to designate either an acceptance or rejection of the Plan or designates both an acceptance and rejection of the Plan for any particular Fire Victim Client, the Solicitation Agent may, in its discretion, either contact the party submitting the Master Ballot to attempt to cure the defect or the vote of that particular Fire Victim Client shall not be counted as either an acceptance or rejection of the Plan.

f. Item 3 (Acknowledgements and Certifications). Item 3 contains certain required certifications which you are making by signing and returning the Master Ballot. Please ensure that you have read and understood the certifications prior to signing the Master Ballot and the certifications are correct for each Fire Victim Claim voted on the Master Ballot. Provide your name, mailing address and any remaining information requested in Item 4 below.

g. Sign and date the Master Ballot.

h. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

i. Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline.

**PLEASE NOTE:**

No Master Ballot shall constitute or be deemed a Proof of Claim or an assertion of a Claim. No fees, commissions, or other remuneration will be payable for soliciting votes on the Plan.

**NOTHING CONTAINED HEREIN OR IN THE SOLICITATION PACKAGES SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS, THE SHAREHOLDER PROPONENTS, OR THE SOLICITATION AGENT WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION PACKAGES.**

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 7 of 152

**PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 8 of 152

**IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 5A-III HOLDCO FIRE VICTIM CLAIMS AND CLASS 5B-III UTILITY FIRE VICTIM CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed the Debtors' liability for all Class 5A-III and 5B-III Claims shall be fully assumed by, and be the sole responsibility of the Fire Victim Trust, and all such Claims shall be satisfied solely from the assets of the Fire Victim Trust. Pursuant to a Channeling Injunction, each holder of a Class 5A-III and 5B-III Claim shall have its Claim permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust in accordance with its terms, with no recourse to the Debtors, the Reorganized Debtors, or their respective assets and properties.**

**The Fire Victim Trust will be funded with assets of an aggregate value of $13.5 billion. As set forth in the Disclosure Statement and the Plan, these assets will comprise (i) $5.4 billion in cash to be contributed on the Effective Date; (ii) $650 million in cash to be contributed on or before January 15, 2021; (iii) $700 million in cash to be contributed on or before January 15, 2022 (the payments in (ii) and (iii) being pursuant to the Tax Benefits Payment Agreement); (iv) $6.75 billion in common stock of PG&E Corp. to be contributed on the Effective Date; and (v) the assignment of certain causes of action and insurance rights. Pursuant to the Fire Victim Claims Resolution Procedures, the trustee of the Fire Victim Trust will satisfy Class 5A-III and 5B-III Claims from these assets.**

9

# FIRE VICTIM MASTER BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Required Exhibit List of Fire Victim Clients.**  Please include the Exhibit described above, in electronic format (Excel or a comparable application), with respect to each Fire Victim Client for whom you are submitting a vote to accept or reject the Plan herein.  For the votes of your Fire Victim Clients to be counted, the Exhibit must be in the format and include all of the information set forth in paragraph (a) of the Instructions to this Master Ballot.

**Item 2.  Summary of Votes with Respect to Plan.**

The undersigned certifies that:

*CHECK ONE BOX ONLY*

A  ☐  **ALL** of the Fire Victim Clients listed on the Exhibit required in Item 1 **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan.

B  ☐  **ALL** of the Fire Victim Clients listed on the Exhibit required in Item 1 **REJECT (*I.E.*, VOTE AGAINST)** the Plan.

C  ☐  Certain of the Fire Victim Clients listed on the Exhibit required in Item 1 **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan, while other Fire Victim Clients **REJECT (*I.E.*, VOTE AGAINST)** the Plan.

**Item 3.  Acknowledgments and Certification.**  By signing this Master Ballot, the undersigned certifies that the following matters are true and correct:

a)  I have been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits.

b)  Each of the individuals set forth on the Exhibit attached hereto is a Fire Victim Client holding a Fire Victim Claim under the Plan.

c)  Each of the Fire Victim Clients set forth on the Exhibit is represented by me and, through the execution and filing of this Master Ballot with the Solicitation Agent, I either (i) have collected and recorded the votes of my Fire Victim Clients through customary and accepted practices, or have obtained authority to procedurally cast each Fire Victim Clients' vote, and I have complied with the voting procedures set forth in the Disclosure Statement and Solicitation Procedures Order and each of my Fire Victim Clients has indicated an informed decision on such vote; or (ii) have the authority under applicable law to vote to accept or reject the Plan on behalf of my Fire Victim Clients and I have provided a valid power of attorney to the Solicitation Agent.

d)      I have met all applicable standards to receive informed consent from each of my Fire Victim Clients with respect to his, her, or its vote on this Master Ballot.

e)      I have either (i) provided the Disclosure Statement, either in hard copy or electronic format, to each of my Fire Victim Clients, or (ii) requested that the Solicitation Agent serve Solicitation Packages (without a Ballot) on my Fire Victim Clients.

The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Attorney:      _____

Signature:      _____

Name of Law Firm:      _____

Street Address:      _____

City, State, Zip Code:      _____

Telephone Number:      _____

E-mail Address:      _____

Date Completed:      _____

**Exhibit A-2**

**Form of Public Entity/Subrogation Claimant Ballot**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>          **Debtors.** | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

## PUBLIC ENTITY/SUBROGATION CLAIMANT BALLOT

### CLASS 5A-[I/II] HOLDCO [PUBLIC ENTITIES WILDFIRE/SUBROGATION WILDFIRE] CLAIMS
### CLASS 5B-[I/II] UTILITY [PUBLIC ENTITIES WILDFIRE/SUBROGATION WILDFIRE] CLAIMS

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

       The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**[1]") from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 13 of 152
[BALLOT CODE]

You are receiving this Ballot because you have asserted a Claim against the Debtors arising out of or relating to the Fires[2] that occurred in Northern California (each, a "**Fire Claim**"). Your Fire Claims are classified under the Plan in Class 5A-[I/II] (HoldCo [Public Entities Wildfire/Subrogation Wildfire] Claims) and Class 5B-[I/II] (Utility [Public Entities Wildfire/Subrogation Wildfire] Claims). Except as otherwise set forth in the Bar Date Order, all timely filed Fire Claims have been deemed filed against both of the Debtors and, therefore, you are entitled to vote to accept or reject the Plan in Class 5A-[I/II] and Class 5B-[I/II].

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020. If you have received instructions from the attorney or law firm (each, a "Firm") representing you in connection with your Fire Victim Claim to return your completed Ballot to the Firm who will, in turn, submit the completed Ballot to the Solicitation Agent, you must allow sufficient time for the Firm to submit your completed Ballots to the Solicitation Agent so that it is actually received by the Voting Deadline.**

Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

2 "Fires" means the following fires that occurred in Northern California: (i) 2015 Butte Fire (but only with respect to Fire Claims in Classes 5A-I and 5B-I); (ii) 2017 North Bay Fires (LaPorte, McCourtney, Lobo, Honey, Redwood / Potter Valley, Sulphur, Cherokee, 37, Blue, Pocket, Atlas, Cascade, Nuns, Adobe, Norrbom, Pressley, Partrick, Pythian / Oakmont, Maacama, Tubbs, Point, and Sullivan); and (iii) 2018 Camp Fire.

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 15 of 152

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class 5A-[I/II] and Class 5B-[I/II] if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of Fire Claims that vote on the Plan in each such Class. In the event that Class 5A-[I/II] and Class 5B-[I/II] vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Fire Claims if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Fire Claims and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent at the appropriate address listed below no later than the <u>Voting Deadline of May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>. Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below (or in the enclosed envelope, which may have a different zip code) or (b) via Prime Clerk's E-Ballot platform by visiting https://restructuring.primeclerk.com/pge, clicking on the "Submit E-Ballot" link, and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one form of return for your Ballot. If the Firm representing you in connection with your Fire Victim Claim has instructed you to return your completed Ballot to the Firm who will, in turn, submit the completed Ballot to the Solicitation Agent, you must allow sufficient time for the Firm to submit your completed Ballots to the Solicitation Agent so that it is actually received by the Voting Deadline.**

| If by E-Ballot: | If by standard or overnight mail: | If by hand delivery: |
|---|---|---|
| Visit https://restructuring.primeclerk.com/pge and click on the "Submit E-Ballot" link | PG&E Ballot Processing c/o Prime Clerk, LLC One Grand Central Place 60 East 42nd Street Suite 1440 New York, NY 10165 | PG&E Ballot Processing c/o Prime Clerk, LLC One Grand Central Place 60 East 42nd Street Suite 1440 New York, NY 10165 |
| | | If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

To properly complete this Ballot, you must follow the procedures described below:

a.  <u>Item 1 (Amount of Fire Claims)</u>. Make sure that the information contained in Item 1 below regarding the amount of your Fire Claims is correct.

b.  <u>Item 2 (Vote on the Plan)</u>. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below. You must vote the entire amount of your Fire Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

c.  If you hold Claims or Interests in a Class other than the Class 5A-[I/II] and Class 5B-[I/II], you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d.  The Debtors and the Solicitation Agent have used reasonable efforts to identify each additional family member identified on any Fire Claimant Proof of Claim Form that would be entitled to vote in accordance with the instructions set forth in such form and the Bar Date Order. To the extent you have received two (2) or more duplicative ballots on account of the same family member or Claim, please note that each family member is authorized to submit only one ballot on account of such Claim.

e.  If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Solicitation Agent will be counted; *provided that*, if a holder of Fire Claims timely submits both a paper Ballot and E-Ballot on account of the same Fire Claims, the E-Ballot shall supersede the paper Ballot, unless the holder of the Fire Claims receives Bankruptcy Court approval otherwise.

f.  <u>Item 3 (Optional Release Election)</u>. If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 3 below.

g.  <u>Item 4 (Acknowledgements and Certifications)</u>. Item 4 contains certain required certifications which you are making by signing and returning this Ballot. Please ensure that you have read and understood the certifications prior to signing this Ballot. Provide your name, mailing address, and any remaining information requested in Item 4 below.

h.  If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4 below. By submitting the Ballot you are certifying that

6

you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

i.   Sign and date your Ballot.

j.   Return your Ballot with an original signature to the Solicitation Agent so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS OR YOU BELIEVE THAT ADDITIONAL MEMBERS OF YOUR FAMILY WERE ENTITLED TO BUT DID NOT RECEIVE SEPARATE BALLOTS TO VOTE TO ACCEPT OR REJECT THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 5A-[I/II] HOLDCO [PUBLIC ENTITIES WILDFIRE/SUBROGATION WILDFIRE/FIRE VICTIM] CLAIMS AND CLASS 5B-[I/II] UTILITY [PUBLIC ENTITIES WILDFIRE/SUBROGATION WILDFIRE/FIRE VICTIM] CLAIMS UNDER THE PLAN**

[Class 5A-I and 5B-I Claims]

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, in full and final satisfaction, settlement, release, and discharge of the Debtors' liability for all Class 5A-I and 5B-I Claims, holders of Class 5A-I and 5B-I Claims shall receive an aggregate Cash amount of $1.0 billion, as provided in the Public Entities Plan Support Agreements, to be distributed in accordance with the Public Entities Settlement Distribution Protocol.  The Reorganized Debtors shall also establish the Public Entities Segregated Defense Fund, in accordance with the terms of the Public Entities Plan Support Agreements, in an amount of $10 million.**

[Class 5A-II and 5B-II Claims]

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed the Debtors' liability for all Class 5A-II and 5B-II Claims shall be fully assumed by, and be the sole responsibility of the Subrogation Wildfire Trust, and all such Claims shall be satisfied solely from the assets of the Subrogation Wildfire Trust.  Pursuant to a Channeling Injunction, each holder of a Class 5A-II and 5B-II Claim shall have its Claim**

7

**permanently channeled to the Subrogation Wildfire Trust, and such Claim shall be asserted exclusively against the Subrogation Wildfire Trust in accordance with its terms, with no recourse to the Debtors, the Reorganized Debtors, or their respective assets and properties.**

**The Subrogation Wildfire Trust will be funded with $11 billion in cash.  Pursuant to the Subrogation Claims Resolution Procedures, the trustee of the Subrogation Wildfire Trust will satisfy Class 5A-II and 5B-II Claims from these assets.**

# FIRE VICTIM BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**To submit your Ballot via the "E-Ballot" platform, please visit https://restructuring.primeclerk.com/pge.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

> **Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Holders who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 1.  Amount of Fire Claims**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds Fire Claims in the amount set forth below.

| |
|---|
| **Claim(s) Amount**:   $_____ |

**Item 2.  Vote on the Plan.**  The undersigned holder of Fire Claims in the amount set forth in Item 1 above hereby votes to:

**Check one box:**          ☐          **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan

                                                     ☐          **REJECT (*I.E.*, VOTE AGAINST)** the Plan

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 20 of 152

**Item 3.  Optional Release Election.**

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF FIRE CLAIMS IN THE PLAN:**
>
> **You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such:  (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").**
>
> **To grant these releases you must check the box below.  If you elect not to check the box below, you will not grant the releases.**
>
> **Your election to opt-in to the releases does not affect the classification or treatment of your Fire Claims in any way pursuant to the Plan.**
>
> **Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan.**
>
> **Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan is set forth on Annex A hereto.  You are advised to carefully review and consider these releases in their entirety.**

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. <u>For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases</u>.

☐   **Opt-In:** The undersigned elects to **GRANT (*I.E.*, OPT-IN TO)** the releases contained in Section 10.9(b) of the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) it is the holder of the Fire Claims identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐   Future notice mailings in these Chapter 11 Cases; and/or

☐   Distributions, if any, upon your Claims in these Chapter 11 Cases

<u>**ANNEX A: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS**</u>

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

<u>**Optional Release Provisions under the Plan**</u>

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

> **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or**

any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

<u>Other Key Injunction, Exculpation, and Release Provisions under the Plan</u>

**Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.**

*Section 10.6 – Injunction.*

(a) **Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan;** *provided*, **that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms**

13

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

(ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

(iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

(iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

(v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

    (i)    the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

    (ii)    the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 26 of 152

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

*Section 10.9 – Releases.*

(a) ***Releases by the Debtors.*** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests*.  [excerpted above]

(c) *Only Consensual Non-Debtor Releases*.  Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.  The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens*.  Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e) *Waiver of Statutory Limitations on Releases*.  Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542.  The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

(f) **Injunction Related to Releases and Exculpation.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.** Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

18

**Form of Individual Fire Claimant Ballot**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 30 of 152

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>          **Debtors.** | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

## INDIVIDUAL FIRE CLAIMANT BALLOT

### CLASS 5A-III HOLDCO FIRE VICTIM CLAIMS
### CLASS 5B-III FIRE VICTIM CLAIMS

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

       The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"[1]) from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

You are receiving this Ballot because you have asserted a Claim against the Debtors arising out of or relating to the Fires[2] that occurred in Northern California (each, a "**Fire Claim**"). Your Fire Claims are classified under the Plan in Class 5A-III (HoldCo Fire Victim Claims) and Class 5B-III (Utility Fire Victim Claims). Except as otherwise set forth in the Bar Date Order, all timely filed Fire Claims have been deemed filed against both of the Debtors and, therefore, you are entitled to vote to accept or reject the Plan in Class 5A-III and Class 5B-III.

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020. If you have received instructions from the attorney or law firm (each, a "Firm") representing you in connection with your Fire Victim Claim to return your completed Ballot to the Firm who will, in turn, submit the completed Ballot to the Solicitation Agent, you must allow sufficient time for the Firm to submit your completed Ballots to the Solicitation Agent so that it is actually received by the Voting Deadline.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE**

---

[2] "Fires" means the following fires that occurred in Northern California: (i) 2015 Butte Fire (but only with respect to Fire Claims in Classes 5A-III and 5B-III); (ii) 2017 North Bay Fires (LaPorte, McCourtney, Lobo, Honey, Redwood / Potter Valley, Sulphur, Cherokee, 37, Blue, Pocket, Atlas, Cascade, Nuns, Adobe, Norrbom, Pressley, Partrick, Pythian / Oakmont, Maacama, Tubbs, Point, and Sullivan); and (iii) 2018 Camp Fire.

SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

**HOLDERS OF FIRE VICTIM CLAIMS SHOULD CAREFULLY REVIEW THE PLAN, INCLUDING THE PLAN'S INJUNCTION, EXCULPATION AND RELEASE PROVISIONS, AS THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class 5A-III and Class 5B-III if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of Fire Claims that vote on the Plan in each such Class. In the event that Class 5A-III and Class 5B-III vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Fire Claims if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Fire Claims and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent at the appropriate address listed below no later than the <u>Voting Deadline of May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>. Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below (or in the enclosed envelope, which may have a different zip code) or (b) via Prime Clerk's E-Ballot platform by visiting https://restructuring.primeclerk.com/pge, clicking on the "Submit E-Ballot" link, and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one form of return for your Ballot. If the Firm representing you in connection with your Fire Victim Claim has instructed you to return your completed Ballot to the Firm who will, in turn, submit the completed Ballot to the Solicitation Agent, you must allow sufficient time for the Firm to submit your completed Ballots to the Solicitation Agent so that it is actually received by the Voting Deadline.**

| If by E-Ballot: | If by standard or overnight mail: | If by hand delivery: |
|---|---|---|
| Visit https://restructuring.primeclerk.com/pge and click on the "Submit E-Ballot" link | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165 | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

To properly complete this Ballot, you must follow the procedures described below:

a. <u>Item 1 (Amount of Fire Claims)</u>. Make sure that the information contained in Item 1 below regarding the amount of your Fire Claims is correct. **Please note that, except as otherwise set forth in the Disclosure Statement and Solicitation Procedures Order, each Fire Victim Claim in Class 5A-III and Class 5B-III has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.**

b. <u>Item 2 (Vote on the Plan)</u>. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below. You must vote the entire amount of your Fire Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

c. If you hold Claims or Interests in a Class other than the Class 5A-III and Class 5B-III, you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d. The Debtors and the Solicitation Agent have used reasonable efforts to identify each additional family member identified on any Fire Claimant Proof of Claim Form that would be entitled to vote in accordance with the instructions set forth in such form and the Bar Date Order. To the extent you have received two (2) or more duplicative ballots on account of the same family member or Claim, please note that each family member is authorized to submit only one ballot on account of such Claim.

e. If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Solicitation Agent will be counted; *provided that*, if a holder of Fire Claims timely submits both a paper Ballot and E-Ballot on account of the same Fire Claims, the E-Ballot shall supersede the paper Ballot, unless the holder of the Fire Claims receives Bankruptcy Court approval otherwise.

f. <u>Item 3 (Acknowledgements and Certifications)</u>. Item 3 contains certain required certifications which you are making by signing and returning this Ballot. Please ensure that you have read and understood the certifications prior to signing this Ballot. Provide your name, mailing address, and any remaining information requested in Item 3 below.

g. If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the

appropriate line in Item 3 below. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

h.      Sign and date your Ballot.

i.      Return your Ballot with an original signature to the Solicitation Agent so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline. For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS OR YOU BELIEVE THAT ADDITIONAL MEMBERS OF YOUR FAMILY WERE ENTITLED TO BUT DID NOT RECEIVE SEPARATE BALLOTS TO VOTE TO ACCEPT OR REJECT THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 5A-III HOLDCO FIRE VICTIM CLAIMS AND CLASS 5B-III UTILITY FIRE VICTIM CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed the Debtors' liability for all Class 5A-III and 5B-III Claims shall be fully assumed by, and be the sole responsibility of, the Fire Victim Trust, and all such Claims shall be satisfied solely from the assets of the Fire Victim Trust. Pursuant to a Channeling Injunction, each holder of a Class 5A-III and 5B-III Claim shall have its Claim permanently channeled to the Fire Victim Trust, and such Claim shall be asserted exclusively against the Fire Victim Trust in accordance with its terms, with no recourse to the Debtors, the Reorganized Debtors, or their respective assets and properties.**

**The Fire Victim Trust will be funded with assets of an aggregate value of $13.5 billion. As set forth in the Disclosure Statement and the Plan, these assets will comprise (i) $5.4 billion in cash to be contributed on the Effective Date; (ii) $650 million in cash to be contributed on or before January 15, 2021; (iii) $700 million in cash to be contributed on or before January 15, 2022; (the payments in (ii) and (iii) being pursuant to the Tax Benefits Payment Agreement) (iv) $6.75 billion in common stock of PG&E Corp. to be contributed on the Effective Date; and (v) the assignment of certain causes of action and insurance rights. Pursuant to the Fire Victim Claims Resolution Procedures, the trustee of the Fire Victim Trust will satisfy Class 5A-III and 5B-III Claims from these assets.**

# FIRE VICTIM BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**To submit your Ballot via the "E-Ballot" platform, please visit https://restructuring.primeclerk.com/pge.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Holders who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 1.  Amount of Fire Claims**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds Fire Claims in the amount set forth below.  **Please note that, except as otherwise set forth in the Disclosure Statement and Solicitation Procedures Order, each Fire Victim Claim in Class 5A-III and Class 5B-III has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.**

| |
|---|
| **Claim(s) Amount**:  $1.00 |

**Item 2.  Vote on the Plan.**  The undersigned holder of Fire Claims in the amount set forth in Item 1 above hereby votes to:

**Check one box:**  ☐  **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan

☐  **REJECT (*I.E.*, VOTE AGAINST)** the Plan

**Item 3.** **Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that it is the holder of the Fire Claims identified in Item 1 above. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than Claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in these Chapter 11 Cases; and/or

☐    Distributions, if any, upon your Claims in these Chapter 11 Cases

**Exhibit A-4**

**Form of Standard Impaired Debt Ballot**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Chapter 11 Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**STANDARD IMPAIRED DEBT BALLOT**

**[CLASS 3B-IV – UTILITY FUNDED DEBT CLAIMS]**

**[CLASS 10A-II – HOLDCO RESCISSION OR DAMAGE CLAIMS]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**")[1] from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

2

You are receiving this Ballot because you have asserted Claims against the Debtors [arising under or relating to certain of the Utility's funded debt facilities (the "**Utility Funded Debt Claims**")] [for recession or damages arising from or relating to your purchase or acquisition of the Debtors' publicly traded equity securities ("**HoldCo Rescission or Damage Claims**")].  Your Claims are classified in Class [3B-IV/10A-II] under the Plan.

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**").  The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada).  You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international).  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 41 of 152

# INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class [3B-IV/10A-II] if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of holders of Claims in Class [3B-IV/10A-II] that vote on the Plan. In the event that holders of Claims in Class 3B-IV vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Claims in Class [3B-IV/10A-II] if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class [3B-IV/10A-II] and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent at the appropriate address listed below no later than the <u>Voting Deadline of May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>. Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below (or in the enclosed envelope, which may have a different zip code) or (b) via Prime Clerk's E-Ballot platform by visiting https://restructuring.primeclerk.com/pge, clicking on the "Submit E-Ballot" link, and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one form of return for your Ballot.**

| If by E-Ballot | If by standard or overnight mail, or hand delivery: |
|---|---|
| Visit https://restructuring.primeclerk.com/pge and click on the "Submit E-Ballot" link | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 42 of 152

To properly complete this Ballot, you must follow the procedures described below:

a.   Item 1 (Amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims).  Make sure that the information contained in Item 1 below regarding the principal amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] you held on the Record Date is correct.

b.   Item 2 (Vote on the Plan).  Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below.

c.   If you hold Claims or Interests in a Class other than Class [3B-IV/10A-II], you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d.   If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Solicitation Agent will be counted, provided that, if a holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] submits both a paper Ballot and E-Ballot on account of the same [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims], the E-Ballot shall supersede the paper Ballot, unless the holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] receives Bankruptcy Court approval otherwise.

e.   Item 3 (Optional Release Election).  If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 3 below.

f.   Item 4 (Acknowledgements and Certifications).  Item 4 contains certain required certifications which you are making by signing and returning this Ballot.  Please ensure that you have read and understood the certifications prior to signing this Ballot.  Provide your name, mailing address, and any remaining information requested in Item 4 below.

g.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4 below.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act).

h.   Sign and date your Ballot.

i.   Return your Ballot with an original signature to the Solicitation Agent so as to be received by the Solicitation Agent before the Voting Deadline.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

5

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**[IMPORTANT NOTICE REGARDING THE TREATMENT OF
CLASS 3B-IV – UTILITY FUNDED DEBT CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Funded Debt Claims shall receive Cash equal to their Utility Funded Debt Claim Interest and Charges Amount and equal amounts of each issue of the New Utility Funded Debt Exchange Notes in an aggregate amount equal to such holder's Utility Funded Debt Claim Principal Amount. On the Effective Date, any Utility Letters of Credit outstanding shall be replaced or canceled and returned to the issuing Utility Revolver Lender in accordance with the terms of the applicable Utility Letter of Credit and the Utility Revolver Documents.]**

**[IMPORTANT NOTICE REGARDING THE TREATMENT OF
CLASS 10A-II – HOLDCO RESCISSION OR DAMAGE CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, in full and final satisfaction, settlement, release, and discharge of any HoldCo Rescission or Damage Claims, except to the extent that the Debtors or the Reorganized Debtors, as applicable, and a holder of an Allowed HoldCo Rescission or Damage Claim agree to a less favorable treatment of such Claim, on the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed HoldCo Rescission or Damage Claim shall receive a number of shares of New HoldCo Common Stock equal to such holder's HoldCo Rescission or Damage Claim Share of the outstanding number of common stock of HoldCo as of the Petition Date (526,118,408).]**

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 44 of 152

# BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**To submit your Ballot via the "E-Ballot" platform, please visit https://restructuring.primeclerk.com/pge. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**_____

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] described in Item 1 of your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Holders who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

---

**Item 1. Amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims].** For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount set forth below.

**Claim(s) Amount:** _____

**Item 2. Vote on the Plan.** The undersigned holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount set forth in Item 1 above hereby votes to:

**Check one box:** ☐ ACCEPT (*I.E.*, **VOTE IN FAVOR OF**) the Plan

☐ REJECT (*I.E.*, **VOTE AGAINST**) the Plan

7

**Item 3.  Optional Release Election.**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF [UTILITY FUNDED DEBT CLAIMS/HOLDCO RESCISSION OR DAMAGE CLAIMS] UNDER THE PLAN:**

You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such:  (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").

To grant these releases you must check the box below.  If you elect not to check the box below, you will not grant the releases.

Your election to opt-in to the releases does not affect the classification or treatment of your Claims in any way pursuant to the Plan.

Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan.

Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan is set forth on Annex A hereto.  You are advised to carefully review and consider these releases in their entirety.

---

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases.

☐    **Opt-In:** The undersigned elects to **GRANT (*I.E.*, OPT-IN TO)** the releases contained in Section 10.9(b) of the Plan.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 46 of 152

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) it is the holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claim Holder:    _____

Social Security or
Federal Tax I.D. No. of Claim Holder:    _____

Signature:    _____

Name of Signatory
(if different than Claim Holder):    _____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

Street Address (continued):    _____

City, State, and Zip Code:    _____

Country:    _____

E-mail Address:    _____

Date Completed:    _____


Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in these Chapter 11 Cases; and/or

☐    Distributions, if any, upon your Claims in these Chapter 11 Cases

9

## ANNEX A: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

### Optional Release Provisions under the Plan

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 48 of 152

occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 49 of 152

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

(ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

(iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

(iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

(v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 50 of 152

(i) the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

(ii) the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

*Section 10.9 – Releases.*

(a) ***Releases by the Debtors.*** **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon**

14

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests*. [excerpted above]

(c) *Only Consensual Non-Debtor Releases*. Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens*. Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e) *Waiver of Statutory Limitations on Releases*. Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542. The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 53 of 152

(f)     **Injunction Related to Releases and Exculpation.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g)     **No Release or Exculpation of Assigned Rights and Causes of Action.** Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 54 of 152

## Exhibit A-5

**Form of Standard HoldCo Common Interest Ballot**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case,*<br>*No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

### STANDARD HOLDCO COMMON INTEREST BALLOT
### (CUSIP 69331C108 / ISIN US69331C1080)

### CLASS 10A-I HOLDCO COMMON INTERESTS

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

       The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**[1]") from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---
[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 56 of 152

CUSIP 69331C108

You are receiving this Ballot because, as of March 3, 2020 (the "**Record Date**"), you are the holder of shares of PG&E Corp. Common Stock ("**HoldCo Common Interests**") that are directly registered on PG&E Corp.'s share register. HoldCo Common Interests are classified under the Plan in Class 10A-I. Pursuant to the Disclosure Statement and Solicitation Procedures Order, solely for the purpose of voting to accept or reject the Plan, the amount of HoldCo Common Interests held by a particular holder that will be used to tabulate acceptances or rejections of the Plan will be the number of shares of Common Stock held by such holder as of the Record Date as evidenced on PG&E Corp's share register for registered holders.

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above. **For your vote to be counted, this Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

applicable.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 57 of 152

CUSIP 69331C108

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by the holders of HoldCo Common Interests if it is accepted by the holders of at least two-thirds (2/3) in amount of HoldCo Common Interests voted. In the event that holders of HoldCo Common Interests reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on holders of HoldCo Common Interests if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of HoldCo Common Interests and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent at the appropriate address listed below no later than the <u>Voting Deadline of May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>. Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below (or in the enclosed envelope, which may have a different zip code) or (b) via Prime Clerk's E-Ballot platform by visiting https://restructuring.primeclerk.com/pge, clicking on the "Submit E-Ballot" link, and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one form of return for your Ballot.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 58 of 152

CUSIP 69331C108

| If by E-Ballot: | If by standard or overnight mail: | If by hand delivery: |
|---|---|---|
| Visit https://restructuring.primeclerk.com/pge and click on the "Submit E-Ballot" link | PG&E Ballot Processing c/o Prime Clerk, LLC One Grand Central Place 60 East 42nd Street Suite 1440 New York, NY 10165 | PG&E Ballot Processing c/o Prime Clerk, LLC One Grand Central Place 60 East 42nd Street Suite 1440 New York, NY 10165

If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

To properly complete this Ballot, you must follow the procedures described below:

a.  <u>Item 1 (Amount of HoldCo Common Interests)</u>.  Make sure that the information contained in Item 1 below regarding the amount of HoldCo Common Interests you held on the Record Date is correct.

b.  <u>Item 2 (Vote on the Plan)</u>.  Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below.

c.  If you hold Claims or Interests in a Class other than HoldCo Common Interests, you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d.  If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Solicitation Agent will be counted, provided that, if a holder of HoldCo Common Interests submits both a paper Ballot and E-Ballot on account of the same HoldCo Common Interest, the E-Ballot shall supersede the paper Ballot, unless the holder of the HoldCo Common Interests receives Bankruptcy Court approval otherwise.

e.  <u>Item 3 (Certification as to HoldCo Common Interests)</u>.  If you hold HoldCo Common Interests in other accounts or other record names either as a registered holder on the books and records of the Debtors' transfer agent or as a beneficial owner holding through a Master Ballot Agent, please note: (i) you must vote all HoldCo Common Interests in the same manner and make the same election with respect to plan releases on each Ballot you vote and (ii) you must include details of the other accounts or record names you have submitted Ballots in respect of in Item 3 below.  Any vote that attempts to partially accept and partially reject the Plan will not be counted.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 59 of 152
CUSIP 69331C108

f.    Item 4 (Optional Release Election).  If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 4 below.

g.    Item 5 (Acknowledgements and Certifications).  Item 5 contains certain required certifications which you are making by signing and returning this Ballot.  Please ensure that you have read and understood the certifications prior to signing this Ballot.  Provide your name, mailing address, and any remaining information requested in Item 5 below.

h.    If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5 below.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act).

i.    Sign and date your Ballot.

j.    Return your Ballot with an original signature to the Solicitation Agent so as to be received by the Solicitation Agent before the Voting Deadline.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**IMPORTANT NOTICE REGARDING THE TREATMENT OF
CLASS 10A-1 HOLDCO COMMON INTERESTS UNDER THE PLAN**

As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, subject to the New Organizational Documents, each holder of a HoldCo Common Interest shall retain such Interest subject to dilution from any New HoldCo Common Stock, or securities linked to New HoldCo Common Stock, issued pursuant to the Plan and, if applicable, shall receive a pro rata distribution of any subscription rights to be distributed to holders of HoldCo Common Interests in connection with a Rights Offering.

---

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 60 of 152

CUSIP 69331C108

# BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**To submit your Ballot via the "E-Ballot" platform, please visit <u>https://restructuring.primeclerk.com/pge</u>.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

<b>Unique E-Ballot ID#:_____</b>

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Holders who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 1.  Amount of HoldCo Common Interests**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds HoldCo Common Interests (CUSIP 69331C108 / ISIN US69331C1080) directly on the books and records of the Debtors' transfer agent in the number set forth below.

| |
|---|
| **Number of Shares Held**: _____ |

**Item 2.  Vote on the Plan.**  The undersigned holder of HoldCo Common Interests in the amount set forth in Item 1 above hereby votes to:

**Check one box:**  ☐  **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan

☐  **REJECT (*I.E.*, VOTE AGAINST)** the Plan

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 61 of 152

CUSIP 69331C108

**Item 3.  Certification as to HoldCo Common Interests.**  By completing and returning this Ballot, you certify that either (i) you have not submitted any other Ballots for other HoldCo Common Interests held in other accounts or record names either as a registered holder directly on the books and records of the Debtors' transfer agent or as a beneficial owner through a Master Ballot Agent; or (ii) you have provided the information specified in the following table for all other HoldCo Common Interests for which you have submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan, and the same elections as to the grant of releases under the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER HOLDCO COMMON INTEREST BALLOTS OTHER THAN THIS BALLOT.

| Name of Registered Holder (if you voted additional Holdco Common Interests as a registered holder **Or** Name of Master Ballot Agent (if you voted additional Holdco Common Interests as a beneficial owner) | Master Ballot Agent's DTC Participant Number (if applicable) | Account Number | Number of Shares Voted | Vote (Accept or Reject) | Opt-In to Releases (Yes or No) |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2 | | | | | |
| 3. | | | | | |
| 4. | | | | | |

CUSIP 69331C108

**Item 4.  Optional Release Election.**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLASS 10A-I HOLDCO COMMON INTERESTS UNDER THE PLAN:**

**You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such:  (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").**

**To grant these releases you must check the box below.  If you elect not to check the box below, you will not grant the releases.**

**Your election to opt-in to the releases does not affect the classification or treatment of your Claims or Interests in any way pursuant to the Plan.**

**Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan.**

**Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan is set forth on Annex A hereto.  You are advised to carefully review and consider these releases in their entirety.**

---

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 63 of 152
CUSIP 69331C108

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases.

☐ **Opt-In:** The undersigned elects to **GRANT (*I.E.*, OPT-IN TO)** the releases contained in Section 10.9(b) of the Plan.

**Item 5. Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) it is the holder of the HoldCo Common Interests identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Interest holder: _____

Social Security or Federal Tax I.D. No. of Interest holder: _____

Signature: _____

Name of Signatory (if different than Interest holder): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 64 of 152
CUSIP 69331C108

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

☐      Future notice mailings in these Chapter 11 Cases; and/or

☐      Distributions, if any, upon your Interests in these Chapter 11 Cases

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14   Page 65 of 152

CUSIP 69331C108

## ANNEX A: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

### Optional Release Provisions under the Plan

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 66 of 152

occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 67 of 152

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

(ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

(iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

(iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

(v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 68 of 152

(i) the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

(ii) the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 69 of 152

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### Section 10.9 – Releases.

(a) ***Releases by the Debtors.*** **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon**

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests.* [excerpted above]

(c) *Only Consensual Non-Debtor Releases.* Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens.* Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e) *Waiver of Statutory Limitations on Releases.* Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542. The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

(f) **Injunction Related to Releases and Exculpation.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.** Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 72 of 152

**Exhibit A-6**

**Form of Impaired Debt Beneficial Owner Ballot**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                                        **Debtors.** | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

**IMPAIRED DEBT BENEFICIAL OWNER BALLOT**

**CLASS 3B-I – UTILITY IMPAIRED SENIOR NOTE CLAIMS**
**OR**
**CLASS 3B-III – UTILITY SHORT-TERM SENIOR NOTE CLAIMS**

**APPLICABLE IMPAIRED DEBT NOTE DESCRIPTIONS, CLASSES, AND CUSIP NUMBERS:**

| Class 3B-I – Utility Impaired Senior Note Claims | |
|---|---|
| 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GE1 / ISIN US694308GE15 |
| 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GH4 / ISIN US694308GH46 |
| 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GJ0 / ISIN US694308GJ02 |
| 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GK7 / ISIN US694308GK74 |
| 6.35 % Senior Notes due February 15, 2038 | CUSIP 694308GM3 / ISIN US694308GM31 |
| 6.25% Senior Notes due March 1, 2039 | CUSIP 694308GQ4 / ISIN US694308GQ45 |
| 5.4% Senior Notes due January 15, 2040 | CUSIP 694308GS0 / ISIN US694308GS01 |
| 5.125% Senior Notes due November 15, 2043 | CUSIP 694308HF7 / ISIN US694308HF70 |
| Class 3B-III – Utility Short-Term Senior Note Claims | |
| 3.5% Senior Notes due October 1, 2020 | CUSIP 694308GT8 / ISIN US694308GT83 |
| 4.25% Senior Notes due May 15, 2021 | CUSIP 694308GV3 / ISIN US694308GV30 |
| 3.25% Senior Notes due September 15, 2021 | CUSIP 694308GW1 / ISIN US694308GW13 |
| 2.45% Senior Notes due August 15, 2022 | CUSIP 694308HB6 / ISIN US694308HB66 |

[CUSIP/ISIN AND CLASS AS INDICATED ON ANNEX A]

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

---

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR MASTER BALLOT AGENT:**

**YOU MUST RETURN THIS BALLOT TO YOUR MASTER BALLOT AGENT IN THE ENVELOPE PROVIDED OR IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR MASTER BALLOT AGENT.**

---

**OR**

---

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>"):**

**THIS BALLOT MUST BE COMPLETED AND RETURNED DIRECTLY TO THE SOLICITATION AGENT SO AS TO BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**")[1] from the holders of certain Impaired Claims against, and Interests in, the Debtors.

You are receiving this Ballot because, as of March 3, 2020 (the "**Record Date**"), you are the beneficial owner (a "**Beneficial Owner**") of certain funded debt securities issued by Utility (the "**Impaired Debt Securities**", and any claims arising under or relating to the Impaired Debt Securities, the "**Impaired Debt Claims**") bearing one of the CUSIP / ISIN numbers indicated in **Annex A** of this Ballot. Your Impaired Debt Claims are classified in Class 3B-[I/III] – Utility [Impaired Senior Note/Short-Term Senior Note] Claims under the Plan. Your broker, bank, dealer, agent or nominee is acting as ballot agent (the "**Master Ballot Agent**") for the solicitation of your votes on the Plan.

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, <u>amended, or supplemented </u>from time to time, the "**Disclosure Statement**") and the Order

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 75 of 152

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**If you received a return envelope addressed to Prime Clerk, your Ballot must be properly completed and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

**If you received a return envelope addressed to your Master Ballot Agent, or other instructions to return this Ballot to your Master Ballot Agent, your Ballot must be properly completed, signed and returned to your Master Ballot Agent by the date and time specified to permit your Master Ballot Agent to deliver your votes to the Solicitation Agent on or before the Voting Deadline.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 76 of 152

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class 3B-[I/III] if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of holders of Claims in Class 3B-[I/III] that vote on the Plan. In the event that holders of Claims in Class 3B-[I/III] vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Claims in Class 3B-[I/III] if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class 3B-[I/III] and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**In order for your vote to be counted, this Ballot must be properly completed, signed (unless it has been prevalidated by your Master Ballot Agent), and returned in the envelope provided (or otherwise in accordance with the instructions of your Master Ballot Agent) so that it received by the Voting Deadline or such other date specified by your Master Ballot Agent.**

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except as instructed by your Master Ballot Agent).**

To properly complete this Ballot, you must follow the procedures described below:

a.     Item 1 (Amount of Impaired Debt Claims). Insert the principal amount of Impaired Debt Claims you held as of the Record Date, or if your Master Ballot Agent pre-printed a principal amount, make sure that the information contained in Item 1 below regarding the principal amount of Impaired Debt Claims you held on the Record Date is correct.

b.     Check the applicable box on Annex A to indicate the appropriate CUSIP/ISIN number for your Impaired Debt Claims. Check one and only one box on Annex A. If you check more than one box on Annex A, you risk invalidating your vote.

c.     Item 2 (Vote on the Plan). Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below.

d.     If you hold Claims or Interests in a Class other than Class 3B-[I/III], you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you

4

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 77 of 152

complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

e.     If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by your Master Ballot Agent or the Solicitation Agent will be counted, unless the holder of Impaired Debt Claims receives Bankruptcy Court approval otherwise.

f.     <u>Item 3 (Certification as to Impaired Debt Claims)</u>.  If you hold Impaired Debt Claims in other accounts or other record names through other Master Ballot Agents and have voted such Impaired Debt Claims to accept or reject the Plan on other Ballots: (i) you must vote all Impaired Debt Claims in the same manner and make the same election with respect to plan releases on each Ballot you vote and (ii) you must include details of the other accounts or record names you have submitted Ballots in respect of in Item 3 below.  Any vote that attempts to partially accept and partially reject the Plan will not be counted.

g.     <u>Item 4 (Optional Release Election)</u>.  If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 4 below.

h.     <u>Item 5 (Acknowledgements and Certifications)</u>.  Item 5 contains certain required certifications which you are making by signing and returning this Ballot.  Please ensure that you have read and understood the certifications prior to signing this Ballot.  Provide your name, mailing address, and any remaining information requested in Item 5 below.

i.     If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5 below.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act).

j.     Sign and date your Ballot (if your Ballot has not been prevalidated by your Master Ballot Agent).

k.     Return your Ballot with an original signature using the enclosed pre-addressed return envelope (or otherwise in accordance with the instructions of your Master Ballot Agent).  If your Ballot is not received by your Master Ballot Agent in sufficient time to be included on a timely submitted Master Ballot, it will not be counted.  In all cases, Beneficial Owners should allow sufficient time to assure timely delivery of your Ballot to your Master Ballot Agent.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent and only with respect to a pre-validated Ballot), the Debtors' financial or legal advisors, or any indenture trustee, and if so sent will not be counted.

5

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT YOUR MASTER BALLOT AGENT OR THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 3B-[I/III] – UTILITY [IMPAIRED SENIOR NOTE/SHORT-TERM SENIOR NOTE] CLAIMS UNDER THE PLAN**

[Class 3B-I]

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Impaired Senior Note Claims shall receive Cash equal to their Utility Impaired Senior Note Claim Interest Amount and equal amounts of each issue of the New Utility Long-Term Notes in an aggregate amount equal to such holder's Utility Impaired Senior Note Claim Principal Amount.**

[Class 3B-III]

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Short-Term Senior Note Claims shall receive Cash equal to their Utility Short-Term Senior Note Claim Interest Amount and equal amounts of each issue of New Utility Short-Term Notes in an aggregate amount equal to such holder's Utility Short-Term Senior Note Claim Principal Amount.**

---

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 79 of 152

**BALLOT**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Impaired Debt Claims.** For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds Impaired Debt Claims as indicated on **Annex A** hereto as of the Record Date in the principal amount set forth below.

**Claim(s) Amount**: $_____

Please be certain to check only one box on **Annex A** to this Beneficial Owner Ballot to indicate the CUSIP/ISIN to which this Beneficial Owner Ballot pertains. If you check more than one CUSIP/ISIN, you risk having your vote deemed invalid.

**Item 2. Vote on the Plan.** The undersigned holder of Impaired Debt Claims in the principal amount set forth in Item 1 above hereby votes to:

**Check one box:**  ☐  **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan

☐  **REJECT (*I.E.*, VOTE AGAINST)** the Plan

**REMAINDER   OF   PAGE   INTENTIONALLY   LEFT   BLANK**

7

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

**Item 3. Certification as to Impaired Debt Claims.** By completing and returning this Ballot, you certify that either (i) you have not submitted any other Ballots for other Impaired Debt Claims, held in other accounts or record names; or (ii) you have provided the information specified in the following table for all other Impaired Debt Claims for which you have submitted additional Ballots, each of which indicates the same votes to accept or reject the Plan, and the same elections as to the grant of releases under the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS 3B-[I/III] BALLOTS OTHER THAN THIS BALLOT.

| Name of Other Master Ballot Agent through which you voted Impaired Debt Securities | Other Master Ballot Agent's DTC Participant Number | Account Number with Other Master Ballot Agent | CUSIP / ISIN of Impaired Debt Securities Voted | Principal Amount of Impaired Debt Claims Voted | Vote (Accept or Reject) | Opt-In to Releases (Yes or No) |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2 | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 81 of 152

[CUSIP/ISIN AND CLASS AS INDICATED ON ANNEX A]

**Item 4.  Optional Release Election.**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF IMPAIRED DEBT CLAIMS UNDER THE PLAN:**

**You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such:  (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").**

**To grant these releases you must check the box below.  If you elect not to check the box below, you will not grant the releases.**

**Your election to opt-in to the releases does not affect the classification or treatment of your Claims in any way pursuant to the Plan.**

**Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan.**

**Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan is set forth on Annex B hereto.  You are advised to carefully review and consider these releases in their entirety.**

---

[CUSIP/ISIN AND CLASS AS INDICATED ON ANNEX A]

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases.

    ☐    **Opt-In:** The undersigned elects to **GRANT (*I.E.,* OPT-IN TO**) the releases contained in Section 10.9(b) of the Plan.

**Item 5.   Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits.  The undersigned certifies that (a) it is the holder of Impaired Debt Claims in the principal amount identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan.  The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claim holder:    _____

Account Number(s) (if applicable)    _____

DTC Participant Number:    _____

Social Security or Federal Tax I.D. No. of Claim holder:    _____

Signature:    _____

Name of Signatory (if different than Claim holder):    _____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State, Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

Date Completed:    _____

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 83 of 152

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

☐   Future notice mailings in these Chapter 11 Cases; and/or

☐   Distributions, if any, upon your Claims in these Chapter 11 Cases

## Annex A

**The Solicitation Agent or your Master Ballot Agent may have checked a box below to indicate the series of Impaired Debt Securities and CUSIP/ISIN to which this Beneficial Owner Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Owner Ballot. If more than one box below is checked, you risk the votes submitted through this Beneficial Owner Ballot being deemed defective and invalid.**

| Class 3B-I – Utility Impaired Senior Note Claims | |
|---|---|
| ☐ 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GE1 / ISIN US694308GE15 |
| ☐ 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GH4 / ISIN US694308GH46 |
| ☐ 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GJ0 / ISIN US694308GJ02 |
| ☐ 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GK7 / ISIN US694308GK74 |
| ☐ 6.35 % Senior Notes due February 15, 2038 | CUSIP 694308GM3 / ISIN US694308GM31 |
| ☐ 6.25% Senior Notes due March 1, 2039 | CUSIP 694308GQ4 / ISIN US694308GQ45 |
| ☐ 5.4% Senior Notes due January 15, 2040 | CUSIP 694308GS0 / ISIN US694308GS01 |
| ☐ 5.125% Senior Notes due November 15, 2043 | CUSIP 694308HF7 / ISIN US694308HF70 |
| **Class 3B-III – Utility Short-Term Senior Note Claims** | |
| ☐ 3.5% Senior Notes due October 1, 2020 | CUSIP 694308GT8 / ISIN US694308GT83 |
| ☐ 4.25% Senior Notes due May 15, 2021 | CUSIP 694308GV3 / ISIN US694308GV30 |
| ☐ 3.25% Senior Notes due September 15, 2021 | CUSIP 694308GW1 / ISIN US694308GW13 |
| ☐ 2.45% Senior Notes due August 15, 2022 | CUSIP 694308HB6 / ISIN US694308HB66 |

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

## ANNEX B: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

**The provisions of the Plan excerpted in this Annex B are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

### Optional Release Provisions under the Plan

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other

12

occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms

13

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable.  The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties.  Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

    (i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

    (ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

    (iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

    (iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

    (v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations.  Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 88 of 152

     (i)    the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

     (ii)   the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 89 of 152

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

*Section 10.9 – Releases.*

(a) ***Releases by the Debtors.*** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon

16

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

**(b)** *Releases by Holders of Claims and Interests*.  [excerpted above]

**(c)** *Only Consensual Non-Debtor Releases*.  **Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.  The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.**

**(d)** *Release of Liens*.  **Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.**

**(e)** *Waiver of Statutory Limitations on Releases*.  **Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542. The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 91 of 152

[CUSIP/ISIN NUMBERS (AND VOTING CLASSES INDICATED ON ANNEX A]

(f) **Injunction Related to Releases and Exculpation.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.** Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

[CUSIP/ISIN NUMBERS AND VOTING CLASSES INDICATED ON ANNEX A]

**Exhibit A-7**

**Form of Common Interest Beneficial Owner Ballot**

[BALLOT CODE]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Case |
| **PG&E CORPORATION,** | No. 19-30088 (DM) |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**COMMON INTEREST BENEFICIAL OWNER BALLOT**
**(CUSIP 69331C108 / ISIN US69331C1080)**

**CLASS 10A-I – HOLDCO COMMON INTERESTS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

---

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR MASTER BALLOT AGENT:**

**YOU MUST RETURN THIS BALLOT TO YOUR MASTER BALLOT AGENT IN THE ENVELOPE PROVIDED OR IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR MASTER BALLOT AGENT.**

---

**OR**

---

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO PRIME CLERK LLC ("PRIME CLERK" OR THE "SOLICITATION AGENT"):**

**THIS BALLOT MUST BE COMPLETED AND RETURNED DIRECTLY TO THE SOLICITATION AGENT SO AS TO BE ACTUALLY RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "VOTING DEADLINE").**

---

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 94 of 152

CUSIP 69331C108

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**[1]") from the holders of certain Impaired Claims against, and Interests in, the Debtors.

You are receiving this Ballot because, as of March 3, 2020 (the "**Record Date**"), you are the beneficial owner (a "**Beneficial Owner**") of shares of PG&E Corp. Common Stock ("**HoldCo Common Interests**") for which Cede & Co. is the registered owner of (*e.g.* you hold HoldCo Common Interets through a broker, bank, dealer, agent or nominee). HoldCo Common Interests are classified under the Plan in Class 10A-I. Your broker, bank, dealer, agent or nominee is acting as ballot agent (the "**Master Ballot Agent**") for the solicitation of your votes on the Plan.

Your rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**If you received a return envelope addressed to Prime Clerk, your Ballot must be properly completed and returned to the Solicitation Agent so that it is actually received no later than <u>4:00 p.m. (Prevailing Pacific Time) on May 15, 2020</u>.**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 95 of 152

CUSIP 6935 PC 108

   **If you received a return envelope addressed to your Master Ballot Agent, or other instructions to return this Ballot to your Master Ballot Agent, your Ballot must be properly completed, signed and returned to your Master Ballot Agent by the date and time specified to permit your Master Ballot Agent to deliver your votes to the Solicitation Agent on or before the Voting Deadline.**

   If you have any questions on how to properly complete this Ballot, please contact your Master Ballot Agent. If you have any questions about the solicitation of the Plan, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

4

Case: 19-30088  Doc# 6340-1  Filed: 03/17/20  Entered: 03/17/20 15:44:14  Page 96 of 152

CUSIP 6935 PC108

# INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by the holders of HoldCo Common Interests if it is accepted by the holders of at least two-thirds (2/3) in amount of HoldCo Common Interests voted. In the event that holders of HoldCo Common Interests reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on holders of HoldCo Common Interests if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of HoldCo Common Interests and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**In order for your vote to be counted, this Ballot must be properly completed, signed (unless it has been prevalidated by your Master Ballot Agent), and returned in the envelope provided (or otherwise in accordance with the instructions of your Master Ballot Agent) so that it received by the Voting Deadline or such other date specified by your Master Ballot Agent.**

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except as instructed by your Master Ballot Agent).**

To properly complete this Ballot, you must follow the procedures described below:

a.  <u>Item 1 (Amount of HoldCo Common Interests)</u>. Make sure that the information contained in Item 1 below regarding the amount of HoldCo Common Interests you held on the Record Date is correct.

b.  <u>Item 2 (Vote on the Plan)</u>. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below.

c.  If you hold Claims or Interests in a Class other than HoldCo Common Interests, you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d.  If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by your Master Ballot Agent or the Solicitation Agent will be counted, unless the holder of the HoldCo Common Interests receives Bankruptcy Court approval otherwise.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 97 of 152
CUSIP 6935 PC108

e.   Item 3 (Certification as to HoldCo Common Interests). If you hold HoldCo Common Interests in other accounts or other record names either as a registered holder holding such HoldCo Common Interests directly on the books and records of the Debtors' transfer agent or as a beneficial owner holding through a different Master Ballot Agent, please not that: (i) you must vote all HoldCo Common Interests in the same manner and make the same election with respect to plan releases on each Ballot you vote and (ii) you must include details of the other accounts or record names you have submitted Ballots in respect of in Item 3 below. Any vote that attempts to partially accept and partially reject the Plan will not be counted.

f.   Item 4 (Optional Release Election). If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 4 below.

g.   Item 5 (Acknowledgements and Certifications). Item 5 contains certain required certifications which you are making by signing and returning this Ballot. Please ensure that you have read and understood the certifications prior to signing this Ballot. Provide your name, mailing address, and any remaining information requested in Item 5 below.

h.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5 below. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act).

i.   Sign and date your Ballot (if your Ballot has not been prevalidated by your Master Ballot Agent).

j.   Return your Ballot with an original signature using the enclosed pre-addressed return envelope (or otherwise in accordance with the instructions of your Master Ballot Agent). If your Ballot is not received by your Master Ballot Agent in sufficient time to be included on a timely submitted Master Ballot, it will not be counted. In all cases, Beneficial Owners should allow sufficient time to assure timely delivery of your Ballot to your Master Ballot Agent. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent and only with respect to a pre-validated Ballot), the Debtors' financial or legal advisors, or any indenture trustee, and if so sent will not be counted.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT YOUR MASTER BALLOT AGENT. IF YOU HAVE ANY GENERAL QUESTIONS ABOUT THE SOLICITATION OF THE PLAN, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE)**

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 98 of 152
CUSIP 6953 PC 108

**OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**IMPORTANT NOTICE REGARDING THE TREATMENT OF
CLASS 10A-I HOLDCO COMMON INTERESTS UNDER THE PLAN**

As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, subject to the New Organizational Documents, each holder of a HoldCo Common Interest shall retain such Interest subject to dilution from any New HoldCo Common Stock, or securities linked to New HoldCo Common Stock, issued pursuant to the Plan and, if applicable, shall receive a pro rata distribution of any subscription rights to be distributed to holders of HoldCo Common Interests in connection with a Rights Offering.

---

7

CUSIP 6935 FC108

# BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of HoldCo Common Interests.** For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds HoldCo Common Interests (CUSIP 69331C108 / ISIN US69331C1080) in the number set forth below.

**Number of Shares Held**: _____

**Item 2. Vote on the Plan.** The undersigned holder of HoldCo Common Interests in the amount set forth in Item 1 above hereby votes to:

**Check one box:**          ☐          **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan


☐          **REJECT (*I.E.*, VOTE AGAINST)** the Plan

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 100 of 152
CUSIP 69331C108

**Item 3. Certification as to HoldCo Common Interests.** By completing and returning this Ballot, you certify that either (i) you have not submitted any other Ballots for other HoldCo Common Interests held in other accounts or record names either as a registered holder directly on the books and records of the transfer agent or as a beneficial holder through a different Master Ballot Agent; or (ii) you have provided the information specified in the following table for all other HoldCo Common Interests for which you have submitted additional Ballots, each of which indicates the same votes to accept or reject the Plan, and the same elections as to the grant of releases under the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER HOLDCO COMMON INTEREST BALLOTS OTHER THAN THIS BALLOT.

| Name of Registered Holder (if you voted additional HoldCo Common Interests as a registered holder) or Name of Other Master Ballot Agent (if you voted additional HoldCo Common Interests as a beneficial holder) | If you voted HoldCo Common Interests as a beneficial holder, voted through a different Master Ballot Agent, such Agent's "DTC Participant Number" | Account Number (if applicable) | Number of Shares Voted | Vote (Accept or Reject) | Opt-In to Releases (Yes or No) |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2 | | | | | |
| 3. | | | | | |
| 4. | | | | | |

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 101 of 152

CUSIP 69331C108

**Item 4.  Optional Release Election.**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS
OF HOLDCO COMMON INTERESTS UNDER THE PLAN:**

**You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively,
and in each case in their capacities as such:  (a) the Debtors and Reorganized Debtors; (b)
the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders;
(e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h)
the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as
holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting
Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing
entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates,
managed accounts and funds, current and former officers and directors, principals, equity
holders, members, partners, managers, employees, subcontractors, agents, advisory board
members, restructuring advisors, financial advisors, attorneys, accountants, investment
bankers, consultants, representatives, management companies, fund advisors (and
employees thereof), and other professionals, and such entities' respective heirs, executors,
estates, servants, and nominees, in each case in their capacity as such (the "Released
Parties").**

**To grant these releases you must check the box below.  If you elect not to check the box below,
you will not grant the releases.**

**Your election to opt-in to the releases does not affect the classification or treatment of your
Interests in any way pursuant to the Plan.**

**Please note that the release pursuant to Section 10.9(b) is in addition to the release and
discharge of Claims and Interests against the Debtors which arose prior to the Effective Date
pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and
discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in
Section 10.9(b) does not affect the operation of these or any other provision of the Plan.**

**Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan
is set forth on Annex A hereto.  You are advised to carefully review and consider these
releases in their entirety.**

---

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page
102 of 152                                  CUSIP 69331CC08

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. <u>For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases.</u>

☐     **Opt-In:** The undersigned elects to **GRANT (*I.E.*, OPT-IN TO)** the releases contained in Section 10.9(b) of the Plan.

**Item 5. Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) it is the holder of the HoldCo Common Interests identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Interest holder: _____

Account Number(s) (if applicable) _____

DTC Participant Number: _____

Social Security or Federal Tax I.D. No. of Interest holder: _____

Signature: _____

Name of Signatory (if different than Interest holder): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

CUSIP 69351C408

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in these Chapter 11 Cases; and/or

☐    Distributions, if any, upon your Interests in these Chapter 11 Cases

12

CUSIP 69351C408

# ANNEX A: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

## Optional Release Provisions under the Plan

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

> **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other**

13

occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms

14

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

   (i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

   (ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

   (iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

   (iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

   (v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 107 of 152

(i)    the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

(ii)   the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.**    There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.**    Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.**    The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.*    Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

*Section 10.9 – Releases.*

(a) ***Releases by the Debtors.*** **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon**

17

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests.* [excerpted above]

(c) *Only Consensual Non-Debtor Releases.* Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens.* Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e) *Waiver of Statutory Limitations on Releases.* Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542. The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

(f) **Injunction Related to Releases and Exculpation.** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.** Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

**<u>Exhibit A-8</u>**

**Form of Impaired Debt Master Ballot**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

## IMPAIRED DEBT MASTER BALLOT

**CLASS 3B-I – UTILITY IMPAIRED SENIOR NOTE CLAIMS**
**OR**
**CLASS 3B-III – UTILITY SHORT-TERM SENIOR NOTE CLAIMS**

**APPLICABLE IMPAIRED DEBT NOTE DESCRIPTIONS, CLASSES, AND CUSIP NUMBERS:**

| Class 3B-I – Utility Impaired Senior Note Claims | |
|---|---|
| 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GE1 / ISIN US694308GE15 |
| 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GH4 / ISIN US694308GH46 |
| 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GJ0 / ISIN US694308GJ02 |
| 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GK7 / ISIN US694308GK74 |
| 6.35 % Senior Notes due February 15, 2038 | CUSIP 694308GM3 / ISIN US694308GM31 |
| 6.25% Senior Notes due March 1, 2039 | CUSIP 694308GQ4 / ISIN US694308GQ45 |
| 5.4% Senior Notes due January 15, 2040 | CUSIP 694308GS0 / ISIN US694308GS01 |
| 5.125% Senior Notes due November 15, 2043 | CUSIP 694308HF7 / ISIN US694308HF70 |
| Class 3B-III – Utility Short-Term Senior Note Claims | |
| 3.5% Senior Notes due October 1, 2020 | CUSIP 694308GT8 / ISIN US694308GT83 |
| 4.25% Senior Notes due May 15, 2021 | CUSIP 694308GV3 / ISIN US694308GV30 |
| 3.25% Senior Notes due September 15, 2021 | CUSIP 694308GW1 / ISIN US694308GW13 |
| 2.45% Senior Notes due August 15, 2022 | CUSIP 694308HB6 / ISIN US694308HB66 |

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15. 2020 (THE "<u>VOTING DEADLINE</u>").**

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**")[1] from the holders of certain Impaired Claims against, and Interests in, the Debtors.

You are receiving this Master Ballot because you are a broker, bank, or other nominee; or the agent of a broker, bank, or other nominee (each of the foregoing, together with any mailing agents thereof, a "**Master Ballot Agent**") for one or more beneficial owners (the "**Beneficial Owners**") of certain funded debt securities issued by the Utility and listed in **Annex A** hereto (collectively, the "**Impaired Debt Securities**" and any claims arising under or relating to the Impaired Debt Securities, the "**Impaired Debt Claims**"); or you are the proxy holder of a Master Ballot Agent or Beneficial Owner. Impaired Debt Claims are classified under the Plan in (i) Class 3B-I – Utility Impaired Senior Note Claims or (ii) Class 3B-III – Utility Short-Term Senior Note Claims. You should use this Master Ballot to transmit to the Solicitation Agent the votes of Beneficial Owners in respect of their Impaired Debt Claims to accept or reject the Plan, as recorded on the beneficial owner ballots delivered to them (the "**Beneficial Owner Ballots**").

Beneficial Owners' rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

2

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 114 of 152

339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Master Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For votes to be counted, this Master Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**INFORMATION REGARDING (I) THE TREATMENT OF THE BENEFICIAL OWNERS' IMPAIRED DEBT CLAIMS UNDER THE PLAN AND (II) THE PLAN'S INJUNCTION, EXCULPATION AND RELEASE PROVISIONS, INCLUDING THE OPTIONAL RELEASE UNDER SECTION 10.9(b) OF THE PLAN WHICH BENEFICIAL OWNERS WILL ELECT WHETHER TO OPT-IN ON THEIR BENEFICIAL OWNER BALLOTS, IS CONTAINED IN ANNEX B OF THIS MASTER BALLOT AND ON THE BENEFICIAL OWNER BALLOTS. HOLDERS OF IMPAIRED DEBT CLAIMS SHOULD CAREFULLY REVIEW THESE PROVISIONS AND THE PLAN AS THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

---

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

This Master Ballot is submitted to you to solicit votes of Beneficial Owners to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Master Ballots must be delivered to the Solicitation Agent at the appropriate address listed below so it is <u>actually received</u> by the Solicitation Agent prior to the Voting Deadline:

| If by e-mail to: | If by standard or overnight mail, or hand delivery: |
|---|---|
| pgeballots@primeclerk.com | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Master Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (other than by e-mail to pgeballots@primeclerk.com).**

**HOW TO VOTE:**

A holder of Impaired Debt Claims who holds the Impaired Debt Claims on its own behalf through DTC (*i.e.*, is both the Beneficial Owner and Master Ballot Agent for the same Impaired Debt Claims) must vote by returning a Master Ballot to the Solicitation Agent and indicating that it is both the Beneficial Owner and Master Ballot Agent for the Impaired Debt Claims.

If you are transmitting the votes of any Beneficial Owners other than yourself, you may <u>either</u>:

1. Forward Solicitation Packages (with the applicable Beneficial Owner Ballot) to each Beneficial Owner of Impaired Debt Claims entitled to vote on the Plan within five (5) business days of the receipt of the Solicitation Packages and include a return envelope provided by and addressed to you, so that the Beneficial Owner may return the completed Beneficial Owner Ballot to you. You should advise the Beneficial Owners to return their individual Beneficial Owner Ballots to you by a date calculated by you to allow you to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually received</u> by the Solicitation Agent by the Voting Deadline.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 116 of 152

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

In addition, you are authorized to convey the Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial Owners in accordance with your customary practices, including the use of a "voting instruction form", e-mail, online voting, phone call, or other customary methods for conveying solicitation materials and collecting votes in lieu of (or in addition to) an actual Beneficial Owner Ballot.

OR

2. "Prevalidate" the Beneficial Owner Ballots contained in your Solicitation Package and then forward Solicitation Packages to each Beneficial Owner of Impaired Debt Claims for voting on the Plan within five (5) business days of receipt of your Solicitation Package, with the Beneficial Owner then returning the applicable Beneficial Owner Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. You "prevalidate" a Beneficial Owner's Beneficial Owner Ballot by (i) checking the appropriate CUSIP/ISIN number on Annex A to the Beneficial Owner Ballot, (ii) indicating thereon the name and address of the record holder of the Impaired Debt Claims to be voted with respect to the Plan, the amount of Impaired Debt Claims held by the Beneficial Owner as of the Record Date, and the appropriate account numbers through which the Beneficial Owner's holdings are derived, (iii) certifying the accuracy of the information included on the Beneficial Owner Ballot by stamping the prevalidated Beneficial Owner Ballot with a medallion guarantee, and (iv) executing the Beneficial Owner's Beneficial Owner Ballot. The Beneficial Owner shall return the "prevalidated" Beneficial Owner Ballot directly to the Solicitation Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. <u>Item 1 (Certification of Authority to Vote)</u>. Check the appropriate box in Item 1 below.

b. Please check one (and only one) box on **Annex A** attached to this Master Ballot to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on this Master Ballot or on a schedule hereto). If you check more than one CUSIP/ISIN or do not clearly indicate which CUSIP/ISIN is being voted through this Master Ballot, the Voting Agent will invalidate this Master Ballot.

c. <u>Item 2 (Votes of Beneficial Owners)</u>. Provide the information requested in Item 2 below, as transmitted to you by the Beneficial Owners in Items 2 and 4 of the Beneficial Owner Ballot. To identify Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number). **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS IMPAIRED DEBT CLAIMS, <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE IN RESPECT OF THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT THEIR VOTE, PLEASE CONTACT THE SOLICITATION AGENT IMMEDIATELY.** Any Beneficial Owner Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

a Plan, or indicates both an acceptance and rejection of a Plan, by order of the Bankruptcy Court, will not be counted in respect of that Plan.

d.   <u>Item 3 (Certification of Beneficial Owner Votes on Other Ballots)</u>.  Transcribe the information provided by each Beneficial Owner in Item 3 of each completed Beneficial Owner Ballot relating to other holdings of Impaired Debt Claims voted in Item 3 below.

e.   <u>Item 4 (Acknowledgements and Certifications)</u>.  Item 4 contains certain required certifications which you are making by signing and returning this Master Ballot. Please ensure that you have read and understood the certifications prior to signing this Master Ballot.  Provide your name, mailing address, and any remaining information requested in Item 4 below.

f.   Sign and date the Master Ballot, and provide the remaining information requested.

g.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

h.   Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Solicitation Agent before the Voting Deadline.  For each completed, executed Beneficial Owner Ballot returned to you by a Beneficial Owner, you must retain such Beneficial Owner Ballot in your files for one year from the Voting Deadline and produce the same upon the written request of the Debtors, the Reorganized Debtors, or their respective counsel.

**PLEASE NOTE:**

         **The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.**  At this time, holders should not surrender certificates representing their securities.  Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

         No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of Claim or an assertion of a Claim.

         No fees, commissions, or other remuneration will be payable to any Master Ballot Agent for soliciting votes on the Plan.  The Debtors will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to the Beneficial Owners held by you as a Master Ballot Agent or in a fiduciary capacity and in tabulating the Beneficial Owner Ballots.

         **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS, THE SHAREHOLDER PROPONENTS, OR THE SOLICITATION AGENT**

6

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

**WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION PACKAGES.**

        **IF YOU (A) HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

[CUSIP/ISIN NUMBERS AND VOTING CLASS INDICATED ON ANNEX A]

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 119 of 152

## MASTER BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Certification of Authority to Vote.** The undersigned certifies that as of March 3, 2020 (the "**Record Date**"), the undersigned (please check appropriate box):

☐      Is a broker, bank, or other nominee for the Beneficial Owners of Impaired Debt Claims in the principal amount listed in Item 2 below, and is the registered holder of such securities; or

☐      Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee, or a Beneficial Owner that is the registered holder of Impaired Debt Claims in the principal amount listed in Item 2 below; or

☐      Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of Impaired Debt Claims in the principal amount listed in Item 2 below;

and accordingly, has full power and authority to vote to accept or reject the Plan and elect to grant certain releases pursuant to the Plan, on behalf of the Impaired Debt Claims held by the Beneficial Owners described in Item 2.

**Item 2. Votes of Beneficial Owners.** The undersigned transmits the following votes and release elections of Beneficial Owners, and certifies that the following Beneficial Owners, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Record Date, and have delivered to the undersigned, as Master Ballot Agent, Beneficial Owner Ballots casting such votes and release elections. Indicate in the appropriate column the aggregate number voted for each account and each account's release election, or attach such information to this Master Ballot in the form of the following table. Please note each Beneficial Owner must vote all of its Impaired Debt Claims to accept or to reject the Plan and may not split such vote or vote to both accept and reject the Plan.

Please check one (and only one) box on **Annex A** attached to this Master Ballot to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on this Master Ballot or on a schedule hereto). If you check more than one CUSIP/ISIN or do not clearly indicate which CUSIP/ISIN is being voted through this Master Ballot, the Voting Agent will invalidate this Master Ballot.

[CUSIP/ISIN NUMBERS AND VOTING CLASSES AS INDICATED ON ANNEX A]

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 120 of 152

| Your Customer Account Number for Each Beneficial Owner Voted on this Master Ballot | Principal Amount of Impaired Debt Claims Held as of Record Date | Indicate the Vote Cast on the Plan on the Beneficial Owner Ballots by Checking the Appropriate Box Below.<br><br>(Transcribe from Item 2 of the Beneficial Owner Ballot) | | | Indicate Whether the Releases Were Granted in Relation to the Plan on the Beneficial Owner Ballots by Checking the Box Below.<br><br>(Transcribe from Item 4 of the Beneficial Owner Ballot) |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | Opt-In to Granting Releases |
| 1 | | ☐ | | ☐ | ☐ |
| 2 | | ☐ | | ☐ | ☐ |
| 3 | | ☐ | | ☐ | ☐ |
| 4 | | ☐ | | ☐ | ☐ |
| 5 | | ☐ | | ☐ | ☐ |
| 6 | | ☐ | | ☐ | ☐ |
| 7 | | ☐ | | ☐ | ☐ |
| 8 | | ☐ | | ☐ | ☐ |
| 9 | | ☐ | | ☐ | ☐ |
| 10 | | ☐ | | ☐ | ☐ |
| TOTALS | | | | | |

**Item 3.  Certification as to Transcription of Information from Item 3 as to Impaired Debt Claims Voted through Other Ballots.** The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each Beneficial Owner Ballot, identifying any Impaired Debt Claims for which such Beneficial Owners have submitted Ballots other than those listed in Item 2 above:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Owner Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Name of Other Master Ballot Agent through which Your Beneficial Owner Client Voted | Other Master Ballot Agent's DTC Participant Number | Beneficial Owner's Account Number with Other Broker (if applicable) | CUSIP / ISIN of Impaired Debt Claims Voted | Principal Amount of Impaired Debt Claims Voted | Vote (Accept or Reject) | Opt-In to Releases (Yes or No) |
| 1. | | | | | | | |
| 2. | | | | | | | |
| 3. | | | | | | | |

10

[CUSIP AND CLASS AS INDICATED ON ANNEX A]

**Item 4. Acknowledgements and Certifications.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) its certification of authority to vote in Item 1 above is accurate and (b) it has full power and authority to vote to accept or reject the Plan and to elect to grant certain releases pursuant to the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Master Ballot Agent:    _____

DTC Participant Number:    _____

Name of Proxy Holder or Agent (if applicable):    _____

Signature:    _____

Name of Signatory (if different than Claim holder):    _____

Title:    _____

Street Address:    _____

City, State, Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

Date Completed:    _____

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 123 of 152

## ANNEX A

**Check the box below to indicate the series of Impaired Debt Securities and CUSIP/ISIN to which this Master Ballot pertains, or otherwise provide that information to the Solicitation Agent. If more than one box below is checked, you risk the votes submitted through this Master Ballot being deemed defective and invalid.**

| Class 3B-I – Utility Impaired Senior Note Claims | | |
|:---:|:---:|:---:|
| ☐ | 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GE1 / ISIN US694308GE15 |
| ☐ | 6.05% Senior Notes due March 1, 2034 | CUSIP 694308GH4 / ISIN US694308GH46 |
| ☐ | 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GJ0 / ISIN US694308GJ02 |
| ☐ | 5.8% Senior Notes due March 1, 2037 | CUSIP 694308GK7 / ISIN US694308GK74 |
| ☐ | 6.35 % Senior Notes due February 15, 2038 | CUSIP 694308GM3 / ISIN US694308GM31 |
| ☐ | 6.25% Senior Notes due March 1, 2039 | CUSIP 694308GQ4 / ISIN US694308GQ45 |
| ☐ | 5.4% Senior Notes due January 15, 2040 | CUSIP 694308GS0 / ISIN US694308GS01 |
| ☐ | 5.125% Senior Notes due November 15, 2043 | CUSIP 694308HF7 / ISIN US694308HF70 |
| **Class 3B-III – Utility Short-Term Senior Note Claims** | | |
| ☐ | 3.5% Senior Notes due October 1, 2020 | CUSIP 694308GT8 / ISIN US694308GT83 |
| ☐ | 4.25% Senior Notes due May 15, 2021 | CUSIP 694308GV3 / ISIN US694308GV30 |
| ☐ | 3.25% Senior Notes due September 15, 2021 | CUSIP 694308GW1 / ISIN US694308GW13 |
| ☐ | 2.45% Senior Notes due August 15, 2022 | CUSIP 694308HB6 / ISIN US694308HB66 |

The provisions of the Plan excerpted in this Annex B are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. **HOLDERS OF IMPAIRED DEBT CLAIMS ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

## PLAN TREATMENT SUMMARY

### Class 3B-I: Utility Impaired Senior Note Claims

As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Impaired Senior Note Claims shall receive Cash equal to their Utility Impaired Senior Note Claim Interest Amount and equal amounts of each issue of the New Utility Long-Term Notes in an aggregate amount equal to such holder's Utility Impaired Senior Note Claim Principal Amount.

### Class 3B-III Utility Short-Term Senior Note Claims

As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Short-Term Senior Note Claims shall receive Cash equal to their Utility Short-Term Senior Note Claim Interest Amount and equal amounts of each issue of New Utility Short-Term Notes in an aggregate amount equal to such holder's Utility Short-Term Senior Note Claim Principal Amount.

# PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

## Optional Release Provisions under the Plan

Holders of Impaired Debt Claims can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such: (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").

A holder of Impaired Debt Claims' election to opt-in to the releases does not affect the classification or treatment of their Claims in any way pursuant to the Plan.

Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan. Section 10.9(b) of the Plan, which holders of Impaired Debt Claims can elect to opt-in to by their Beneficial Owner Ballots, contains the following releases by Holders of Claims and Interests:

> As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would

3

**have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.**

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

**Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on holders of Impaired Debt Claims whether or not they elect to opt-in to the releases in Section 10.9(b) of the Plan by their Beneficial Owner Ballots.**

*Section 10.6 – Injunction.*

**(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct**

4

[CUSIP AND CLASS AS INDICATED ON ANNEX A]

or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction*.

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

(ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award,

5

[GROUP AND CLASS AS INDICATED ON ANNEX A]

decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

(iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

(iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

(v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

(i) the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

(ii) the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) Modifications. There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) No Limitation on Channeling Injunction. Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) Bankruptcy Rule 3016 Compliance. The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support

6

[GROUP AND CLASS AS INDICATED ON ANNEX A]

Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

**Section 10.9 – Releases.**

(a) ***Releases by the Debtors.*** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires,

[GROUP AND CLASS AS INDICATED ON ANNEX A]

the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests*. [excerpted above]

(c) *Only Consensual Non-Debtor Releases*. Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens*. Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

8

[OTCP AND CLASS AS INDICATED ON ANNEX A]

(e) *Waiver of Statutory Limitations on Releases*.  **Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542.  The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.**

(f) **Injunction Related to Releases and Exculpation.  The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan.  For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan.  Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.**

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.  Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.**

9

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 132 of 152

**Exhibit A-9**

**Form of HoldCo Common Interest Master Ballot**

|  |  |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MASTER BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

**HOLDCO COMMON INTEREST MASTER BALLOT**
**(CUSIP 69331C108 / ISIN US69331C1080)**

**CLASS 10A-1 – HOLDCO COMMON INTERESTS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

       The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March [•], 2020* [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") [1] from the holders of certain Impaired Claims against, and Interests in, the Debtors.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

You are receiving this Master Ballot because you are a broker, bank, or other nominee; or the agent of a broker, bank, or other nominee (each of the foregoing, together with any mailing agents thereof, a "**Master Ballot Agent**") for one or more beneficial owners (the "**Beneficial Owners**") of shares of PG&E Corp. Common Stock ("**HoldCo Common Interests**"); or you are the proxy holder of a Master Ballot Agent or Beneficial Owner. HoldCo Common Interests are classified under the Plan in Class 10A-I. You should use this Master Ballot to transmit to the Solicitation Agent the votes of Beneficial Owners in respect of their HoldCo Common Interests to accept or reject the Plan, as recorded on the beneficial owner ballots delivered to them (the "**Beneficial Owner Ballots**").

Beneficial Owners' rights are described in the Disclosure Statement for the Plan, filed on March [•], 2020 [Docket No. [•] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. [•] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot. If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada). You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe that you have received this Master Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For votes to be counted, this Master Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international). **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 135 of 152

**INFORMATION REGARDING (I) THE TREATMENT OF THE BENEFICIAL OWNERS' HOLDCO COMMON INTERESTS UNDER THE PLAN AND (II) THE PLAN'S INJUNCTION, EXCULPATION AND RELEASE PROVISIONS, INCLUDING THE OPTIONAL RELEASE UNDER SECTION 10.9(b) OF THE PLAN WHICH BENEFICIAL OWNERS WILL ELECT WHETHER TO OPT-IN ON THEIR BENEFICIAL OWNER BALLOTS, IS CONTAINED IN <u>ANNEX A</u> OF THIS MASTER BALLOT AND ON THE BENEFICIAL OWNER BALLOTS. HOLDERS OF HOLDCO COMMON INTERESTS SHOULD CAREFULLY REVIEW THESE PROVISIONS AND THE PLAN AS THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

CUSIP 69331C108

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

This Master Ballot is submitted to you to solicit votes of Beneficial Owners to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Master Ballots must be delivered to the Solicitation Agent at the appropriate address listed below so it is <u>actually received</u> by the Solicitation Agent prior to the Voting Deadline:

| If by e-mail to: | If by standard, overnight, or hand delivery: |
|---|---|
| pgeballots@primeclerk.com | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Master Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (other than by e-mail to pgeballots@primeclerk.com).**

**HOW TO VOTE:**

A holder of HoldCo Common Interests who holds the HoldCo Common Interests on its own behalf through DTC (*i.e.*, is both the Beneficial Owner and Master Ballot Agent for the same HoldCo Common Interests) must vote by returning a Master Ballot to the Solicitation Agent and indicating that it is both the Beneficial Owner and Master Ballot Agent for the HoldCo Common Interests.

If you are transmitting the votes of any Beneficial Owners other than yourself, you may <u>either</u>:

1.  Forward Solicitation Packages (with the applicable Beneficial Owner Ballot) to each Beneficial Owner of HoldCo Common Interests entitled to vote on the Plan within five (5) business days of the receipt of the Solicitation Packages and include a return envelope provided by and addressed to you, so that the Beneficial Owner may return the completed Beneficial Owner Ballot to you. You should advise the Beneficial Owners to return their individual Beneficial Owner Ballots to you by a date calculated by you to allow you to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually received</u> by the Solicitation Agent by the Voting Deadline.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 137 of 152
CUSIP 69331C108

In addition, you are authorized to convey the Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial Owners in accordance with your customary practices, including the use of a "voting instruction form", e-mail, online voting, phone call, or other customary methods for conveying solicitation materials and collecting votes in lieu of (or in addition to) an actual Beneficial Owner Ballot.

OR

2. "Prevalidate" the Beneficial Owner Ballots contained in your Solicitation Package and then forward Solicitation Packages to each Beneficial Owner of HoldCo Common Interests for voting on the Plan within five (5) business days of receipt of your Solicitation Package, with the Beneficial Owner then returning the applicable Beneficial Owner Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package. You "prevalidate" a Beneficial Owner's Beneficial Owner Ballot by (i) indicating thereon the name and address of the record holder of the HoldCo Common Interests to be voted with respect to the Plan, the amount of HoldCo Common Interests held by the Beneficial Owner as of the Record Date, and the appropriate account numbers through which the Beneficial Owner's holdings are derived, (ii) certifying the accuracy of the information included on the Beneficial Owner Ballot by stamping the prevalidated Beneficial Owner Ballot with a medallion guarantee, and (iii) executing the Beneficial Owner's Beneficial Owner Ballot. The Beneficial Owner shall return the "prevalidated" Beneficial Owner Ballot directly to the Solicitation Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. <u>Item 1 (Certification of Authority to Vote)</u>. Check the appropriate box in Item 1 below.

b. <u>Item 2 (Votes of Beneficial Owners)</u>. Provide the information requested in Item 2 below, as transmitted to you by the Beneficial Owners in Items 2 and 4 of the Beneficial Owner Ballot. To identify Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number). **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS HOLDCO COMMON INTERESTS, <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE IN RESPECT OF THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT THEIR VOTE, PLEASE CONTACT THE SOLICITATION AGENT IMMEDIATELY.** Any Beneficial Owner Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of a Plan, or indicates both an acceptance and rejection of a Plan, by order of the Bankruptcy Court, will not be counted in respect of that Plan.

c. <u>Item 3 (Certification of Beneficial Owner Votes on Other Ballots)</u>. Transcribe the information provided by each Beneficial Owner in Item 3 of each completed

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 138 of 152   CUSIP 69331C108

Beneficial Owner Ballot relating to other holdings of HoldCo Common Interests voted in Item 3 below.

d.   Item 4 (Acknowledgements and Certifications).  Item 4 contains certain required certifications which you are making by signing and returning this Master Ballot. Please ensure that you have read and understood the certifications prior to signing this Master Ballot.  Provide your name, mailing address, and any remaining information requested in Item 4 below.

e.   Sign and date the Master Ballot, and provide the remaining information requested.

f.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

g.   Deliver the completed, executed Master Ballot so as to be received by the Solicitation Agent before the Voting Deadline.  For each completed, executed Beneficial Owner Ballot returned to you by a Beneficial Owner, you must retain such Beneficial Owner Ballot in your files for one year from the Voting Deadline and produce the same upon the written request of the Debtors, the Reorganized Debtors, or their respective counsel.

**PLEASE NOTE:**

**The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.**  At this time, holders should not surrender certificates representing their securities.  Neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of Claim or an assertion of a Claim.

No fees, commissions, or other remuneration will be payable to any Master Ballot Agent for soliciting votes on the Plan.  The Debtors will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to the Beneficial Owners held by you as a Master Ballot Agent or in a fiduciary capacity and in tabulating the Beneficial Owner Ballots.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE SOLICITATION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS, THE SHAREHOLDER PROPONENTS, OR THE SOLICITATION AGENT WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION PACKAGES.**

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN,**

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 139 of 152

**OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 140 of 152

CUSIP 69331C108

# MASTER BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Certification of Authority to Vote.**  The undersigned certifies that as of March 3, 2020 (the "**Record Date**"), the undersigned (please check appropriate box):

☐       Is a broker, bank, or other nominee for the Beneficial Owners of the amount of the HoldCo Common Interests listed in Item 2 below, and is the registered holder of such securities; or

☐       Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee, or a Beneficial Owner that is the registered holder of the aggregate number of HoldCo Common Interests listed in Item 2 below; or

☐       Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate number of HoldCo Common Interests listed in Item 2 below;

and accordingly, has full power and authority to vote to accept or reject the Plan and elect to grant certain releases pursuant to the Plan, on behalf of the HoldCo Common Interests held by the Beneficial Owners described in Item 2.

**Item 2.  Votes of Beneficial Owners.**  The undersigned transmits the following votes and release elections of Beneficial Owners, and certifies that the following Beneficial Owners, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Record Date, and have delivered to the undersigned, as Master Ballot Agent, Beneficial Owner Ballots casting such votes and release elections.  Indicate in the appropriate column the aggregate number voted for each account and each account's release election, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Owner must vote all of its HoldCo Common Interests to accept or to reject the Plan and may not split such vote or vote to both accept and reject the Plan.

9

CUSIP 69331C108

| Your Customer Account Number for Each Beneficial Owner Voted on this Master Ballot | Number of Shares Held as of Record Date | Transcribe from Item 2 of the Beneficial Owner Ballot<br><br>Indicate the Vote Cast on the Plan on the Beneficial Owner Ballots by Checking the Appropriate Box Below. | | | Transcribe from Item 4 of the Beneficial Owner Ballot<br><br>Indicate Whether the Releases Were Granted in Relation to the Plan on the Beneficial Owner Ballots by Checking the Box Below. |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | Opt-In to Granting Releases |
| 1 | | ☐ | | ☐ | ☐ |
| 2 | | ☐ | | ☐ | ☐ |
| 3 | | ☐ | | ☐ | ☐ |
| 4 | | ☐ | | ☐ | ☐ |
| 5 | | ☐ | | ☐ | ☐ |
| 6 | | ☐ | | ☐ | ☐ |
| 7 | | ☐ | | ☐ | ☐ |
| 8 | | ☐ | | ☐ | ☐ |
| 9 | | ☐ | | ☐ | ☐ |
| 10 | | ☐ | | ☐ | ☐ |
| **TOTALS** | | | | | |

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 142 of 152

CUSIP 69331C108

**Item 3. Certification as to Transcription of Information from Item 3 as to HoldCo Common Interests Voted Through Other Ballots.** The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each Beneficial Owner Ballot, identifying any HoldCo Common Interests for which such Beneficial Owners have submitted Ballots other than those listed in Item 2 above:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Owner Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Name of Registered Holder (if your Beneficial Owner client voted additional HoldCo Common Interests as a registered holder) Or Name of Other Master Ballot Agent (if your Beneficial Owner client voted additional HoldCo Common Interests as a beneficial holder) | Other Master Ballot Agent, such other Agent's DTC Participant Number (if applicable) | Beneficial Owner's Account Number with Other Master Ballot Agent (if applicable) | Number of Shares Voted | Vote (Accept or Reject) | Opt-In to Releases (Yes or No) |
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

Case: 19-30088   Doc# 6340-1   Filed: 03/17/20   Entered: 03/17/20 15:44:14   Page 143 of 152

CUSIP 69331C108

**Item 4.   Acknowledgements and Certifications.**   By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits.   The undersigned certifies that (a) its certification of authority to vote in Item 1 above is accurate and (b) it has full power and authority to vote to accept or reject the Plan and to elect to grant certain releases pursuant to the Plan.  The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Master Ballot Agent:  _____

DTC Participant Number:  _____

Name of Proxy Holder or Agent (if applicable):  _____

Signature:  _____

Name of Signatory (if different than Interest holder):  _____

Title:  _____

Street Address:  _____

City, State, Zip Code:  _____

Telephone Number:  _____

E-mail Address:  _____

Date Completed:  _____

## ANNEX A

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. HOLDERS OF HOLDCO COMMON INTERESTS ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE THEIR RIGHTS MAY BE AFFECTED THEREUNDER.**

## PLAN TREATMENT SUMMARY

### Class 10A-1: HoldCo Common Interests

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, subject to the New Organizational Documents, each holder of a HoldCo Common Interest shall retain such Interest subject to dilution from any New HoldCo Common Stock, or securities linked to New HoldCo Common Stock, issued pursuant to the Plan and, if applicable, shall receive a pro rata distribution of any subscription rights to be distributed to holders of HoldCo Common Interests in connection with a Rights Offering.**

13

CUSIP 69331C108

# PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS

## Optional Release Provisions under the Plan

Holders of HoldCo Common Interests can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such: (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").

A holder of HoldCo Common Interests' election to opt-in to the releases does not affect the classification or treatment of their Interests in any way pursuant to the Plan.

Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan. Section 10.9(b) of the Plan, which holders of HoldCo Common Interests can elect to opt-in to by their Beneficial Owner Ballots, contains the following releases by Holders of Claims and Interests:

> As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 146 of 152

COSH 6933PC008

have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on holders of HoldCo Common Interests whether or not they elect to opt-in to the releases in Section 10.9(b) of the Plan by their Beneficial Owner Ballots.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct

15

CUSIP 69331C108

or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

(ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award,

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 148 of 152
50cec5e5c17df9f0

decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

(iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

(iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

(v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

(i) the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

(ii) the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) Modifications. There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) No Limitation on Channeling Injunction. Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) Bankruptcy Rule 3016 Compliance. The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support

17

Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

**Section 10.9 – Releases.**

(a) ***Releases by the Debtors***.  As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the  Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires,

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 150 of 152

the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests*. [excerpted above]

(c) *Only Consensual Non-Debtor Releases*. Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens*. Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 151 of 152

(e) *Waiver of Statutory Limitations on Releases*.  **Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542.  The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.**

(f) **Injunction Related to Releases and Exculpation.  The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan.  For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan.  Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.**

(g) **No Release or Exculpation of Assigned Rights and Causes of Action.  Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.**

Case: 19-30088    Doc# 6340-1    Filed: 03/17/20    Entered: 03/17/20 15:44:14    Page 152 of 152
COSH 69331C08