Robert A. Julian (SBN 99469)
Cecily A. Dumas (SBN 111449)
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415-659-2900
Facsimile:     415-659-2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>                                      **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON ACRT PACIFIC, LLC** <br><br> [No Hearing Required Per L.B.R. 2004-1(a)] |

The Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned counsel, hereby submits this Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1(a) for Entry of an Order Authorizing the Service of a Subpoena (the "**Application**") on ACRT Pacific, LLC ("**ACRT Pacific**"), who is one of the third-party contractors, vendors, suppliers and/or consultants (collectively, the "**PG&E Contractors**") who provided services to PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**"), requesting that this Court enter an order authorizing service of the subpoena attached hereto as **Exhibit B** on ACRT Pacific as set forth below.

## DISCUSSION

Under the terms of the Restructuring Support Agreement between the Debtors, the TCC and certain other parties (the "**RSA**"), and the Debtors' proposed plan of reorganization which incorporates terms required by the RSA (the "**Plan**"), the Debtors have agreed that their confirmed Plan will assign to the future Fire Victim Trust:

> any and all rights, claims, causes of action, and defenses related thereto relating directly or indirectly to any of the Fires that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management) …

*See* RSA, Dkt. No. 5038-1, page 42 (the "**Assigned Claims**").

At the hearing held in this Court on December 17, 2019 at which the RSA was approved by this Court, counsel for the Official Committee of Unsecured Creditors ("**UCC**") raised a prospective objection to confirmation of the Debtors' proposed Plan on feasibility grounds, on the theory that the Debtors will be unable to obtain the PG&E Contractors' services that they require in order to comply with AB 1054 if the Fire Victim Trust receives an assignment of the Assigned Claims, because PG&E Contractors will be unable to obtain insurance to cover their services. As a result of this potential Plan objection, the documents that are requested by the attached subpoena are all directly relevant and integral to the Plan confirmation process. In particular, given the Debtors' practice of requiring that it be named as an "additional insured" in the insurance policies of its PG&E Contractors, all requested insurance policies and correspondence

related thereto are relevant and not subject to any privilege or confidentiality protection. Indeed, the estate has a property interest in its right to direct coverage under such policies. Similarly, requested contracts and related information pertaining to the scope of each contractors' work, indemnification obligations, and the nature of the work that would need to be replaced by the Debtors if such contractor were unable to obtain insurance because of the Assigned Claims, are all directly relevant to the Plan confirmation proceedings.

The TCC also seeks the requested documents for the purpose of determining the nature and value of the Assigned Claims so that the TCC may address any objections at Plan confirmation that pertain such matters, and to permit the TCC to assist the future Fire Victim Trust to understand the nature of actions that may be subject to statutes of limitations that could expire shortly after the Plan's Effective Date. Such information is necessary to ensure that the prospective value of the Assigned Claims is not lost, whether due to a Plan objection that opposes the assignment, or due to expiration of a statute of limitations.

This Motion represents a procedural correction. The TCC previously issued 107 subpoenas to obtain the same information, on the belief that a contested matter pertaining to Plan confirmation had been created by the UCC's announced Plan objection. Prior to the Court's instruction that Rule 2004 is the proper procedure by which the TCC may obtain such information, the TCC had already withdrawn approximately one quarter of its subpoenas, or had received documents from approximately one quarter of the recipients.

Rule 2004 permits any party in interest to take an examination of "any entity" with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate …" and obtain documents. Fed. R. Bankr. P. 2004(a) and (b). At this time, the TCC only seeks to obtain documents, and does not intend to take an in-person examination of any party. *In re Verity Health Sys. of California*, 2019 Bankr. LEXIS 2055 *35 (Bankr. C.D. Cal. May 24, 2019) ("Rule 2004 contains a mechanism for compelling the production of documents"). If the TCC concludes that it requires an in-person examination, it will file a separate motion to make such a request. There are no pending adversary proceedings in which this same discovery could be taken at this time, and

therefore the relief accorded by Rule 2004 remains the relevant means for the TCC to obtain this necessary information for the plan solicitation/confirmation process, and to permit a seamless transition for the Fire Victim Trust.

The TCC has been attempting for nearly a year to obtain as much information about these matters from the Debtors as can be obtained. That production has been insufficient, and cannot fully address the issues that may arise at plan confirmation, as each Contractor is likely to be the only party that has all of the insurance contracts, insurance correspondence, claims demands, and other such information that will be relevant to a Plan objection.

The documents that the TCC seeks from each of the PG&E Contractors are limited in scope, and fall into the following general categories:

1. Contracts, and authorizations for work under such Contracts, with either or both of the Debtors, or any intermediate contractor;
2. Documents that constitute or contain reports, analyses, summaries, or descriptions of the work performed by the Contractor for either or both of the Debtors;
3. Indemnification/hold harmless agreements related to services provided to either or both of the Debtors;
4. Insurance Policies and related documents and communications that cover claims by either or both of the Debtors arising out of such PG&E Contractors' services; and
5. Documents pertaining to any payments or obligations arising under the insurance policies sought in the subpoena.

As this list demonstrates, this Motion seeks a limited scope of discovery relating to the Assigned Claims and the UCC's proposed Plan objection.

**TIME AND PLACE FOR PRODUCTION**

The requested date of the document production is twenty-one (21) days from entry of an order granting the Application. This provides a reasonable time for production after the anticipated date of entry of such order. ACRT Pacific was already served by the TCC with a subpoena on January 13, 2020 and has had substantial notice of the documents sought by the

TCC. This Motion corrects a procedural defect in the service of that subpoena, and seeks the identical documents.

Service of the Application is effective via the Court's electronic notice.

**NO PRIOR REQUEST FOR RELIEF**

No previous application for the relief sought herein has been made to this Court under F.R.B.P. 2004. Rather, the TCC previously served the identical subpoena pursuant to F.R.B.P. 9016 and F.R.C.P. 45, on the understanding that the U.C.C.'s description of a prospective Plan objection created a contested matter under F.R.B.P. 9014. Upon a ruling of the Court at a hearing held on March 10, 2020, this Court confirmed that a Rule 2004 exam is the procedure that the TCC should use to obtain the requested information.

**CONCLUSION**

Accordingly, this Application is properly made on an ex parte basis under Local Rule 2004-1(a) and the TCC respectfully requests this Court immediately take notice of the Application and enter an order in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as may be just.

Dated: March 17, 2020         BAKER & HOSTETLER LLP

By: */s/ David J. Richardson*
Robert A. Julian
Cecily A. Dumas
David J. Richardson

*Attorneys for The Official Committee of Tort Claimants*