

Signed and Filed: March 17, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1   WEIL, GOTSHAL & MANGES LLP
    Stephen Karotkin (*pro hac vice*)
2   (stephen.karotkin@weil.com)
    Ray C. Schrock, P.C.
3   ray.schrock@weil.com
    Jessica Liou (*pro hac vice*)
4   (jessica.liou@weil.com)
    Matthew Goren (*pro hac vice*)
5   (matthew.goren@weil.com)
    767 Fifth Avenue
6   New York, NY 10153-0119
    Tel: 212 310 8000
7   Fax: 212 310 8007

8   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
9   (tkeller@kbkllp.com)
    Jane Kim (#298192)
10  (jkim@kbkllp.com)
    650 California Street, Suite 1900
11  San Francisco, CA 94108
    Tel: 415 496 6723
12  Fax: 650 636 9251

13  *Attorneys for Debtors*
    *and Debtors in Possession*

14

15                  **UNITED STATES BANKRUPTCY COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
16                      **SAN FRANCISCO DIVISION**

17                                          Bankruptcy Case
                                            No. 19-30088 (DM)
18  **In re:**
                                            Chapter 11
19  **PG&E CORPORATION,**
                                            (Lead Case)
20      **- and -**
                                            (Jointly Administered)
21  **PACIFIC GAS AND ELECTRIC**
    **COMPANY,**                            **ORDER PURSUANT TO 11 U.S.C. §§ 363(b)**
22                                          **AND 105(a) AUTHORIZING THE DEBTORS**
                            **Debtors.**    **TO ENTER INTO, PERFORM UNDER AND**
23                                          **MAKE PAYMENTS UNDER CERTAIN**
                                            **CONSULTING CONTRACTS WITH**
24                                          **MCKINSEY & COMPANY, INC. UNITED**
                                            **STATES**
25

26

27

28

*(left margin, vertical text)* **Weil, Gotshal & Manges LLP** 767 Fifth Avenue New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Upon the Application, dated September 17, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authority to enter into, perform under, and make payments under three consulting and operational contracts (as may be amended and supplemented from time to time, the "**Service Contracts**") with McKinsey & Company, Inc. United States ("**McKinsey**"), all as more fully set forth in the Application, and as supplemented in the Supplement, dated February 26, 2020 (the "**Supplement**"); and this Court having jurisdiction to consider the Application, the Supplement, and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application, the Supplement, and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of (i) the Application and (ii) the Supplement having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Supplement, and the Krivin Declaration; and a hearing having been noticed to consider the relief requested in the Application and the Supplement (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application, as supplemented, is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application, as supplemented, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application, as supplemented by the Supplement, is granted as set forth herein.

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application and the Supplement, as applicable.

2.      The terms and conditions of the Service Contracts, including the Supplemental Agreements, and any other related amendments and supplements, are reasonable and are hereby approved.

3.      The Debtors are hereby authorized, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, to enter into, perform under, and make payments under the Service Contracts and Supplemental Agreements and to employ McKinsey in accordance with the terms and conditions set forth in the Application, the Supplement, the Krivin Declaration, and the Service Contracts, subject to the provisions of this Order.

4.      McKinsey is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit invoices to the Debtors (with a contemporaneous copy to the Creditors' Committee) and the Debtors are hereby authorized to pay, in the ordinary course of business, all reasonable and undisputed amounts invoiced by McKinsey for fees and expenses in accordance with the applicable Service Contracts or Supplemental Agreements.

5.      McKinsey shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in these Chapter 11 Cases.

6.      Nothing in this Order Authorizes the Debtors to pay any pre-petition claims of McKinsey, and such claims, if allowed, shall only be payable pursuant to a confirmed plan, assumption order, or any other relevant order of the Court.

7.      Nothing in this Order shall be construed to bar any claims against McKinsey arising out of or in connection with pre-petition services rendered to the Debtors on the basis of res judicata or any other doctrine or theory, and any defenses to any such claims are hereby fully preserved.

8.      To the extent that there may be any inconsistency between the terms of the Application, the Supplement, the Krivin Declaration, the Service Contracts, or the Supplemental Agreements and this Order, the terms of this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED AS TO FORM:

Dated:  March 15, 2020

BAKER HOSTETLER LLP


/s/ *Cecily A. Dumas*
Cecily A. Dumas

*Attorneys for the Official Committee of Tort Claimants*

Dated:  March 15, 2020

DEBEVOISE & PLIMPTON LLP


/s/ *M. Natasha Labovitz*
M. Natasha Labovitz

*Attorneys for McKinsey & Company, Inc. United States*


** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119