| | |
|---|---|
| 1 | Dennis F. Dunne (admitted *pro hac vice*) |
| | Samuel A. Khalil (admitted *pro hac vice*) |
| 2 | MILBANK LLP |
| | 55 Hudson Yards |
| 3 | New York, New York 10001-2163 |
| | Telephone: (212) 530-5000 |
| 4 | Facsimile: (212) 530-5219 |
| 5 | *and* |
| 6 | Gregory A. Bray (SBN 115367) |
| | Thomas R. Kreller (SBN 161922) |
| 7 | MILBANK LLP |
| | 2029 Century Park East, 33rd Floor |
| 8 | Los Angeles, CA 90067 |
| | Telephone: (424) 386-4000 |
| 9 | Facsimile: (213) 629-5063 |
| 10 | *Counsel for the Official Committee of Unsecured Creditors* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' 2020 EMPLOYEE COMPENSATION MOTION** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☑ Affects both Debtors | Date: March 25, 2020 |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Time: 10:00 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |
| | Re: Docket No. 6088 |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases, by its attorneys, Milbank LLP, hereby submits this reservation of rights to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(c) for Entry of an Order Approving Debtors' (I) Short Term Incentive Plan; (II) Long Term Inventive Plan; (III) Performance Metrics for the Chief Executive Officer and President of PG&E Corporation; and (IV) Granting Related Relief* [Docket No. 6088] (the "2020 Employee Compensation Motion" or the "Motion").[1] In support of its reservation of rights, the Creditors' Committee respectfully states as follows:

## RESERVATION OF RIGHTS

1. The Creditors' Committee recognizes that during these cases, it is appropriate to incentivize the Debtors' employees and senior management team with respect to safety metrics in a manner that also creates value for the estates.

2. Consistent with its statutory oversight duties, the Creditors' Committee is evaluating the relief requested in the 2020 Employee Compensation Motion with the assistance of the Debtors, who have been providing the Creditors' Committee with information on an informal basis. The provision of requested information has continued through the date of this filing. While the Creditors' Committee is actively diligencing the information that the Debtors have provided, and we hope will continue to provide in response to clarifying requests, the Creditors' Committee has not yet completed its investigation into the Motion.

3. Additionally, the Creditors' Committee harbors concern that the requested relief is inconsistent with the Court's ruling last August denying the then-proposed key employee incentive plan. *See Order Denying Motion to Approve KEIP* [Docket No. 3773] (the "KEIP Denial Order"). In particular, the proposed STIP contemplates payments in cash to insiders. *See* Motion at 16-17. The KEIP Denial Order cautioned against this form of consideration, noting that incentive payments to insiders should be payable in equity only. *See* KEIP Denial Order at 6-7 (the Court would consider an incentive plan if it "premises payout solely on some form of equity participation"). Further, the KEIP Denial Order stated that incentive payments should be

---

[1] Capitalized terms not defined herein shall have the meanings given them in the Motion.

1 | "focuse[d] only on safety." *Id.* at 6. Although safety components comprise 75% of the proposed
2 | STIP and LTIP weighted measures, the incentives are not keyed "only" to safety metrics.
3 | Nevertheless, the Creditors' Committee is not formally objecting to the requested relief on either
4 | basis at this time, though it reserves its right to do so in the future.

5. 4. Consistent with the foregoing, the Creditors' Committee reserves all rights to respond substantively to the relief requested in the Motion, including by participating in the hearing on the Motion scheduled for March 25, 2020.

DATED: March 18, 2020

**MILBANK LLP**

 */s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*