**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTORS AND SOUTH SAN JOAQUIN IRRIGATION DISTRICT FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Related to Dkt. No. 6078 - 6083<br><br>**Resolving Motion set for hearing:**<br><br>Date:     March 25, 2020<br>Time:    10:00 am |

    This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**") and PG&E Corporation ("**PG&E Corp**"), as debtors and

debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and South San Joaquin Irrigation District ("**SSJID**"), on the other. The Debtors and SSJID are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The Debtors filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. On March 4, 2020, SSJID filed the Motion of South San Joaquin Irrigation District for Relief from the Automatic Stay to Permit Proceedings in Non-Bankruptcy Forum to Continue [Dkt. No. 6078] (the "**Motion**"). The Motion relates to two proceedings, described below, that were pending in the California State Courts as of the Petition Date. The Motion is set for hearing on March 25, 2020 (the "**Hearing**"). [Dkt. No. 6080]

C. The first pending proceeding (the "**LAFCo Action**") was initially filed by the Utility against SSJID in the San Joaquin County Superior Court (the "**Superior Court**"), styled *Pacific Gas & Electric v. San Joaquin Local Agency Formation Commission; South San Joaquin Irrigation District et al.*, Case No. STK-CV-UJR-2015-000-1266. It is currently on appeal in the Court of Appeal of the State of California, Third Appellate District ("**Court of Appeal**"), Case No. C086008 (the "**LAFCo Appeal**"), following a trial court decision in the Utility's favor that SSJID appealed; the Utility filed a cross appeal challenging certain of the trial court's rulings in SSJID's favor.

D. The second pending proceeding is an eminent domain action (the "**Eminent Domain Action**" and, together with the LAFCo Action, the "**State Court Actions**"), which SSJID filed in the Superior Court, styled *South San Joaquin Irrigation District v. Pacific Gas and Electric Company et al.*, Case No. STK-CV-UED-2016-0006638. It is currently on appeal in the Court of Appeal, Case No. C086319 (the "**Eminent Domain Appeal**" and, together with the LAFCo Appeal, the "**Appeals**"), following a trial court decision in the Utility's favor.

E. The Motion seeks (1) with respect to the LAFCo Action, either a determination that the automatic stay [Bankruptcy Code section 362(a)] does not apply or, if it does apply, relief from the automatic stay to permit the LAFCo Action (including the LAFCo Appeal) to be litigated to conclusion, and (2) with respect to the Eminent Domain Action, relief from the automatic stay to permit the Eminent Domain Action (including the Eminent Domain Appeal) to be litigated to conclusion.

F. The Debtors have proposed a plan of reorganization [Dkt. 6320]. SSJID intends to file objections to confirmation of that plan, including without limitation concerning the scope of any release, injunction, discharge and exculpation provisions in the plan.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by the Court approving it.

2. Effective as of the later of entry of an order approving this Stipulation or March 25, 2020, the automatic stay shall be modified as to both the LAFCo Action (to the extent the automatic stay applies) and the Eminent Domain Action to permit the litigation to final judgment of both such actions, including the Appeals and any subsequent proceedings in the Superior Court or any appellate courts in either State Court Action following the disposition of the Appeals, subject however to paragraphs 3 and 4 of this Stipulation.

3. Enforcement of any final judgment that SSJID may ultimately recover against either Debtor shall be subject to (a) the terms of any plan of reorganization confirmed in the Debtors' Chapter 11 Cases (the "**Confirmed Plan**") to the extent it is applicable to any such final judgment without reference to this Stipulation, and, for avoidance of doubt, this Stipulation is not intended and shall not be construed to modify any provision of any such Confirmed Plan, and (b) the automatic stay to the extent it is applicable to the enforcement of any such final judgment without reference to this Stipulation,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

which shall not be construed to vacate or modify the automatic stay with regard to enforcement of any such judgment.

4. Except as expressly set forth in this Stipulation, this Stipulation is not intended, and shall not be construed, to limit any rights of the Parties, including (a) the right of SSJID to seek modification or object to confirmation of or otherwise challenge any proposed plan of reorganization ("**Proposed Plan**") or to assert any argument or take any position in connection with any Proposed Plan or its confirmation or the effect of any provisions of any Confirmed Plan, or (b) the right of the Debtors to assert any argument or take any position in connection with any Proposed Plan or its confirmation or the effect of any provisions of any Confirmed Plan, or (c) the rights of either Party with regard to any claim that may be asserted by SSJID in the Chapter 11 Cases or any contract between the Parties.

5. The Parties will consent to requests for reasonable extensions of deadlines for briefing that remains to be completed in the Appeals.

6. This Stipulation is without prejudice to any aspect of the underlying State Court Actions or the Appeals, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or SSJID of any claims, defenses, or arguments with respect to the same.

7. Upon entry of an order approving the Stipulation, the Motion shall be deemed resolved and the Hearing shall be vacated.

8. This Stipulation, as well as the limited relief from the automatic stay provided herein, shall become effective upon entry of an order by this Court approving it, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

9. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

10. This Stipulation shall be binding on the Parties and each of their successors in interest.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

12. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving the terms of this Stipulation.

Dated: March 18, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: March 18, 2020

STRADLING YOCCA CARLSON & RAUTH, P.C.

/s/ *Paul R. Glassman*
Paul R. Glassman

*Attorneys for SSJID*