**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br><br>                **Debtors**.<br><br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN DEBTORS AND KAYLA RUHNKE AND E.R., A MINOR, FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Related to Dkt. Nos. [5962, 5965]<br><br>**Resolving Motion set for hearing:**<br><br>Date:       March 25, 2020<br>Time:      10:00 am |

This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**") and PG&E Corporation, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Kayla Ruhnke and E. R., a minor (collectively the "**Ruhnkes**"), on the other. The Debtors and the Ruhnkes are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. The Debtors filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. On February 28, 2020, the Ruhnkes filed the *Motion of Kayla Ruhnke and E.R., a Minor, for Determination that the Automatic Stay Is Inapplicable, or Alternatively, For Relief from the Automatic Stay* [Dkt. No. 5962] (the "**Motion**"). The Motion seeks either a determination that the automatic stay does not apply to, or if it does, granting relief from the automatic stay to permit filing and prosecution of, a proposed civil action (the "**Ruhnke Action**") in San Francisco Superior Court (the "**State Court**") against the Utility.

C. The Ruhnkes intend, through the Ruhnke Action, to seek recovery of alleged damages from the Utility (and others) arising from the death of Logan Ruhnke, which the Ruhnkes allege occurred as a result of an accident at a Utility construction work-site on or about July 22, 2019.

D. The Ruhnkes also filed, on February 28, 2020, a *Request for Allowance of Administrative Expense Claim . . . Pursuant to 11 U.S.C. §503(b)(1)(A)* [Dkt. No. 5960] (the "**Request for Allowance**"), asserting that the claim for damages that they seek to assert against the Utility in the Ruhnke Action is entitled to priority as an expense of administration under Bankruptcy Code §503(b)(1)(A) and case law including *Reading Co. v. Brown*, 391 U.S. 471 (1968).

E. On the terms set forth in this Stipulation, the Debtors consent to relief from the automatic stay as to the Ruhnke Action.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by the Court approving it.

2. Effective as of the later of April 15, 2020, or the entry of an order approving this Stipulation, and without determining whether the automatic stay applies to the Ruhnke Action, to the extent the automatic stay does apply it shall be modified to permit the Ruhnkes to file the Ruhnke Action against the Debtors and to litigate it to final judgment.

3. This Stipulation is without prejudice to any aspect of the Ruhnke Action, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or the Ruhnkes of any claims, defenses, or arguments with respect to the same.

4. If the Ruhnkes obtain a judgment against the Utility, it will be satisfied in accordance with the terms of any plan of reorganization confirmed in these Chapter 11 Cases.

5. The Request for Allowance, and the determination of the status and entitlement to priority of the Ruhnkes' claim that is its subject, shall be deferred until the Ruhnkes liquidate their claim by judgment or settlement. For the avoidance of doubt, nothing herein is intended to, nor shall it be construed to be, a waiver by either the Ruhnkes or the Debtors of any rights, claims, defenses or arguments with respect to the Request for Allowance, or the determination of the status and entitlement to priority of the Ruhnkes' claim that is its subject.

6. Upon entry of an Order approving the Stipulation, the Motion shall be deemed withdrawn and the hearing thereon vacated.

7. This Stipulation shall become effective immediately in accordance with its terms, and the relief from the automatic stay provided herein shall become effective at the time provided in paragraph 2 hereof, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

8. In the event that the terms of this Stipulation are not approved by the Court, then (a) it shall be null and void and have no force or effect; (b) the Parties agree that, in

such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings; and (c) the Motion shall be restored to the Court's hearing calendar as soon as practicable.

9. This Stipulation shall be binding on the Parties and each of their successors in interest.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

Dated: March 19, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: March 19, 2020

MEYERS LAW GROUP, P.C.

/s/ *Merle C. Meyers*
Merle C. Meyers

*Attorneys for Kayla Ruhnke and E.R., a Minor*