**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors**.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN UTILITY AND ADAM CRONIN FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Related to Dkt. Nos. [2582, 3241, 5922, 6040]<br><br>**Resolving Motion set for hearing:**<br><br>Date: March 25, 2020<br>Time: 10:00 am |

This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**"), as debtor and debtor in possession in the above captioned cases (the "**Chapter 11 Cases**"), and Adam Cronin ("**Cronin**"). The Utility and Cronin are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. The Utility and its parent, PG&E Corporation (collectively the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. On June 18, 2019, Cronin filed a *Motion for Relief from the Automatic Stay* [Dkt. No. 2582] (the "**Motion**"). The Motion sought relief from the automatic stay to permit Cronin to continue prosecuting against the Utility a civil case brought by Cronin that was pending as of the Petition Date in San Francisco Superior Court ("**State Court**"), styled *Cronin vs. Pacific Gas and Electric Company et al.,* Case No. CGC 18-567919 (the "**State Court Case**")..

C. In the State Court Case, Cronin seeks to recover damages from the Utility on theories of wrongful termination and employment discrimination. The Utility denies Cronin's allegations and disputes any liability arising therefrom.

D. Following a hearing on the Motion, on July 29, 2019, the Court entered its order denying the Motion. [Dkt. No. 3241].

E. On February 26, 2020, Cronin filed a Motion for Reconsideration of Order Denying Motion for Relief from Automatic Stay (the "**Reconsideration Motion**"). [Dkt. No. 5922]. In the Reconsideration Motion, Cronin renewed his previously denied request to modify the automatic stay to permit the State Court Case to proceed. [Dkt. No. 5922]. The Reconsideration Motion is set for hearing on March 25, 2020 (the "**Hearing**"). [Dkt. No. 6040].

F. On the terms set forth in this Stipulation, the Utility will consent to relief from the automatic stay with regard to the State Court Case.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by the Court approving it.

2. Effective as of the later of entry of an order approving this Stipulation or April 1, 2020, the automatic stay shall be modified to permit the State Court Case to be litigated to final judgment, and appeals thereof, subject however to paragraph 3 of this Stipulation.

3. The automatic stay shall remain in place as to any judgment for monetary recovery issued by the State Court to Cronin, and Cronin's right to recover on or otherwise enforce any such judgment shall be governed by applicable law (including, to the extent applicable, a confirmed chapter 11 plan in these cases).

4. This Stipulation is without prejudice to any aspect of the underlying State Court Case, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or Cronin of any claims, defenses, or arguments with respect to the same.

5. Upon entry of an Order approving the Stipulation, the Motion shall be deemed withdrawn and the Hearing shall be vacated.

6. This Stipulation shall become effective immediately in accordance with its terms, and the limited relief from the automatic stay provided herein shall become effective at the time provided in paragraph 2 hereof, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

7. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

8. This Stipulation shall be binding on the Parties and each of their successors in interest.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: March 19, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ Peter J. Benvenutti
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: March 18, 2020

Adam Cronin

*In Pro Per*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119