

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

Signed and Filed: March 20, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION**,

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the lead case, No. 19-30088 (DM)*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case) (Jointly Administered)

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND SOUTH SAN JOAQUIN IRRIGATION DISTRICT FOR RELIEF FROM THE AUTOMATIC STAY**

Related to Dkt. Nos. 6078 – 6083, 6383

**Resolving Motion set for hearing:**

Date:        March 25, 2020
Time:        10:00 am

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On consideration of the *Stipulation Between Debtors and South San Joaquin Irrigation District for Relief from the Automatic Stay*, filed March 19, 2020 as Docket No. 6383 (the "**Stipulation**"),[1] between Pacific Gas and Electric Company (the "**Utility**") and PG&E Corporation, debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and South San Joaquin Irrigation District ("**SSJID**"), on the other, entered in settlement of SSJID's *Motion for Relief from the Automatic Stay to Permit Proceedings in Non-Bankruptcy Forum to Continue* [Dkt. No. 6078] (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

2. Effective as of the later of entry of this Order or March 25, 2020, the automatic stay shall be modified as to both the LAFCo Action (to the extent the automatic stay applies) and the Eminent Domain Action to permit the litigation to final judgment of both such actions, including the Appeals and any subsequent proceedings in the Superior Court or any appellate courts in either State Court Action following the disposition of the Appeals, subject however to paragraphs 3 and 4 of the Stipulation and of this Order.

3. Enforcement of any final judgment that SSJID may ultimately recover against either Debtor shall be subject to (a) the terms of any plan of reorganization confirmed in the Debtors' Chapter 11 Cases (the "Confirmed Plan") to the extent it is applicable to any such final judgment without reference to the Stipulation, and, for avoidance of doubt, the Stipulation is not intended and shall not be construed to modify any provision of any such Confirmed Plan, and (b) the automatic stay to the extent it is applicable to the enforcement of any such final judgment without reference to the Stipulation, which shall not be construed to vacate or modify the automatic stay with regard to enforcement of any such judgment.

4. Except as expressly set forth in the Stipulation, neither the Stipulation nor this Order shall be construed to limit any rights of the Parties, including (a) the right of SSJID to seek modification or object to confirmation of or otherwise challenge any proposed plan of reorganization ("Proposed Plan") or to assert any argument or take any position in connection with any Proposed Plan or its confirmation or the effect of any provisions of any Confirmed Plan, or (b) the right of the Debtors to assert any argument or take any position in connection with any Proposed Plan or its confirmation or the effect of any provisions of any Confirmed Plan, or (c) the rights of either Party with regard to any claim that may be asserted by SSJID in the Chapter 11 Cases or any contract between the Parties.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

5. The Stipulation is without prejudice to any aspect of the underlying State Court Actions or the Appeals, and nothing therein or in this Order shall it be construed to be a waiver by the Debtors or SSJID of any claims, defenses, or arguments with respect to the same.

6. The Motion is deemed resolved and the hearing thereon vacated.

7. The Stipulation shall become effective immediately in accordance with its terms, and the relief from the automatic stay provided herein shall become effective at the time provided in paragraph 2 of the Stipulation and of this Order, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

* * * END OF ORDER * * *

Approved:

Dated: March 19, 2020

STRADLING YOCCA CARLSON & RAUTH, P.C.

/s/ Paul R. Glassman
Paul R. Glassman

*Attorneys for SSJID*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119