**Entered on Docket**
**March 20, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 20, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION**,

   - and -

**PACIFIC GAS AND ELECTRIC COMPANY**,

           **Debtors**.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the lead case, No. 19-30088 (DM)*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case) (Jointly Administered)

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND KAYLA RUHNKE AND E.R., A MINOR, FOR RELIEF FROM THE AUTOMATIC STAY**

Related to Dkt. Nos. [5962, 5965, 6384]

**Resolving Motion set for hearing:**

Date:         March 25, 2020
Time:         10:00 am

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

On consideration of the *Stipulation Between Debtors and Kayla Ruhnke and E.R., a Minor, for Relief from the Automatic Stay*, filed March 19, 2020 as Docket No. 6384 (the "**Stipulation**"),[1] between Pacific Gas and Electric Company (the "**Utility**") and PG&E Corporation, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Kayla Ruhnke and E. R., a minor (collectively the "**Ruhnkes**"), on the other, entered in settlement of the Ruhnkes' *Motion of Kayla Ruhnke and E.R., a Minor, for Determination that the Automatic Stay Is Inapplicable, or Alternatively, For Relief from the Automatic Stay* [Dkt. No. 5962] (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, and good cause appearing,

IT IS HEREBY ORDERED THAT:

    1.    The Stipulation is approved.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

2. Effective as of the later of the date of entry of this Order or April 15, 2020, and without determining whether the automatic stay applies to the Ruhnke Action, to the extent the automatic stay does apply it is hereby modified to permit the Ruhnkes to file the Ruhnke Action against the Debtors and to litigate it to final judgment.

3. Nothing herein or in the Stipulation shall be construed to be a waiver by the Debtors or the Ruhnkes of any claims, defenses, or arguments with respect to the Ruhnke Action.

4. If the Ruhnkes obtain a judgment against the Utility, it will be satisfied in accordance with the terms of any plan of reorganization confirmed in these Chapter 11 Cases.

5. The Request for Allowance, and the determination of the status and entitlement to priority of the Ruhnkes' claim that is its subject, shall be deferred until the Ruhnkes liquidate their claim by judgment or settlement. Nothing herein shall be construed to be a waiver by either the Ruhnkes or the Debtors of any rights, claims, defenses or arguments with respect to the Request for Allowance, or the determination of the status and entitlement to priority of the Ruhnkes' claim that is its subject.

6. The Motion shall be deemed withdrawn and the hearing thereon vacated.

7. The Stipulation shall become effective immediately in accordance with its terms, and the relief from the automatic stay provided therein shall become effective at the time provided in paragraph 2 of the Stipulation and of this Order, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

8. The Stipulation shall be binding on the Parties and each of their successors in interest.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

* * * END OF ORDER * * *

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Approved:

Dated: March 19, 2020

MEYERS LAW GROUP, P.C.

/s/ Merle C. Meyers
Merle C. Meyers

*Attorneys for Kayla Ruhnke and E.R., a Minor*