**Entered on Docket**
**March 20, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

Signed and Filed: March 20, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**,<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY**,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING STIPULATION BETWEEN UTILITY AND ADAM CRONIN FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Related to Dkt. Nos. [2582, 5922, 6385]<br><br>**Resolving Motion set for hearing:**<br><br>Date:         March 25, 2020<br>Time:         10:00 am |

On consideration of the *Stipulation Between Utility and Adam Cronin for Relief from the Automatic Stay*, filed March 19, 2020 as Docket No. 6385 (the "**Stipulation**"),[1] between Pacific Gas and Electric Company (the "**Utility**") which, together with its parent, PG&E Corporation, is each a debtor and debtor in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Adam Cronin ("**Cronin**"), on the other, entered in settlement of Cronin's *Motion for Reconsideration of Order Denying Motion for Relief from Automatic Stay* [Dkt. No. 5922] (the "**Motion**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, and to consider the Stipulation and its provisions pursuant to that same authority and Federal Rule of Bankruptcy Procedure 4001(d)(4); and consideration of the Motion, the Stipulation and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient under the circumstances, and sufficient to afford reasonable notice of the material provisions of the Stipulation and opportunity for hearing; and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for approval of the Stipulation; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. Effective as of the later of the date of entry of this Order or April 1, 2020, the automatic stay is modified to permit Cronin to litigate against the Utility to final judgment the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

civil action pending in San Francisco Superior Court (the "**State Court**") styled *Cronin vs. Pacific Gas and Electric Company et al.*, Case No. CGC 18-567919 (the "**State Court Case**")

       3.       Nothing herein or in the Stipulation shall be construed to be a waiver by the Utility or Cronin of any claims, defenses, or arguments with respect to the State Court Case.

       4.       The automatic stay shall remain in place as to any judgment for monetary recovery issued by the State Court to Cronin, and Cronin's right to recover on or otherwise enforce any such judgment shall be governed by applicable law (including, to the extent applicable, a confirmed chapter 11 plan in these cases).

       5.       The Motion shall be deemed withdrawn and the hearing thereon vacated.

       6.       The Stipulation shall become effective immediately in accordance with its terms, and the relief from the automatic stay provided herein shall become effective at the time provided in paragraph 2 of the Stipulation and of this Order, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

       7.       The Stipulation shall be binding on the Parties and each of their successors in interest.

       8.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

\* \* \* END OF ORDER \* \* \*

Approved:

Dated: March 19, 2020

/s/ _____
Adam Cronin
*In Pro Per*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119