|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Ray C. Schrock, P.C. (*pro hac vice*) |
| 3 | (ray.schrock@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 4 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 5 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 6 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | KELLER BENVENUTTI KIM LLP |
| | Tobias S. Keller (#151445) |
| 9 | (tkeller@kbkllp.com) |
| | Jane Kim (#298192) |
| 10 | (jkim@kbkllp.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 12 | Fax: 650 636 9251 |
| 13 | *Attorneys for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | ***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | Related Document: Dkt. 6398 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | ***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | Related Document: Dkt. 6398 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on April 1, 2020, at 10:00 a.m. (Prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Case Resolution Contingency Process and (ii) Granting Related Relief* (the "**Motion**[1]"), filed contemporaneously herewith. The Debtors request that any responses or objections be in writing and filed with the Court and served by 4:00 p.m. (Prevailing Pacific Time) on March 30, 2020.

In support of this Motion to Shorten, the Debtors submit the Declaration of Stephen Karotkin (the "**Karotkin Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion.

only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

### III. RELIEF REQUESTED IN THE MOTION

Pursuant to the Motion, the Debtors are seeking entry of an order (i) approving the Case Resolution Contingency Process to be implemented in the unlikely event the Debtors fail to meet certain dates regarding the administration of these Chapter 11 Cases, and (ii) granting related relief. After filing the Debtors' Original Plan, the Plan Proponents and their advisors have engaged in ongoing discussions with the Governor's Office regarding the terms of the Debtors' restructuring, the requirements of AB 1054, and the concerns expressed in Governor Newsom's December 13, 2019 letter [Docket No. 5138-1] (the "**December 13 Letter**"). As described in the Motion, these discussions culminated in the Case Resolution Contingency Process, which together with the filing of the Utility's March 13, 2020 brief in the Plan OII that incorporates the Debtors' OII Proposals, and the other undertakings described in the Motion, address the issues raised in the December 13 Letter and, the Debtors believe, will lead to the support of the Governor's Office for the Plan. The Case Resolution Contingency Process will provide for and facilitate an expeditious and successful resolution of these Chapter 11 Cases and avoid the need, expressed by the Governor's Office, for the State of California to seek relief in this Court that could undermine the timely confirmation and consummation of the Plan.

### IV. SHORTENING TIME FOR HEARING ON THE MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

Prompt resolution of the Motion and approval of the Case Resolution Contingency Process will benefit the Debtors' estates and constituents by securing the support of the Governor's Office for the Plan.  Approval of the Case Resolution Contingency Process will facilitate the Debtors' ability to timely exit these Chapter 11 Cases, provide a positive signal to the financing markets, and further solidify support for the Plan and the likelihood of a smooth and largely consensual resolution of these Chapter 11 Cases in keeping with the June 30, 2020 deadline of AB 1054.  Approval of the Motion and securing the Governor's support as described therein is particularly time-sensitive, given the current stage of these Chapter 11 Cases.  The Debtors' Disclosure Statement with respect to the Plan has been approved by the Bankruptcy Court and the solicitation of votes with respect to the Plan will commence shortly.  Accordingly, with the Chapter 11 Cases proceeding towards the confirmation stage, consideration of the Motion and the Case Resolution Contingency Process on an expedited basis is appropriate under the circumstances.

Based on the foregoing, the Debtors request that notice be shortened to permit the Motion to be heard on April 1, 2020, at 10:00 a.m (Prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m. (Prevailing Pacific Time) on March 30, 2020.

### V. NOTICE

Notice of this Motion to Shorten will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the CPUC; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Governor's Office; (xiii) counsel for the Shareholder Proponents; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this

or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 20, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*