WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF *EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF**<br><br>Related Document: Dkt. [6398, 6400]<br><br>[No hearing requested] |

I, Stephen Karotkin, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at Weil, Gotshal & Manges LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"). Weil was retained and employed to serve as the Debtors attorneys in these Chapter 11 Cases by Order dated April 9, 2019 [Docket No. 1298].

2. I submit this declaration in support of the Motion of the Debtors (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, for entry of an order shortening time for a hearing on April 1, 2020, at 10:00 a.m. (Prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Case Resolution Contingency Process and (ii) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith.[1] Pursuant to the Motion to Shorten, the Debtors are also requesting that written objections, if any, be due by 4:00 p.m. (Prevailing Pacific Time) on March 30, 2020.

3. As set forth in the Motion and in the Motion to Shorten, the Case Resolution Contingency Process, which together with the filing of the Utility's March 13, 2020 brief in the Plan OII that incorporates the Debtors' OII Proposals, and the other undertakings described in the Motion, address the issues raised in the Governor's December 13 Letter and, the Debtors believe, will lead to the support of the Governor's Office for the Plan.

4. As also set forth in the Motion and the Motion to Shorten, approval of the Case Resolution Contingency Process will facilitate the Debtors' ability to timely exit these Chapter 11 Cases, provide a positive signal to the financing markets, and further solidify support for the Plan and the likelihood of a smooth and largely consensual resolution of these Chapter 11 Cases in keeping with the June 30, 2020 deadline of AB 1054. I believe approval of the Motion and securing the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Motion to Shorten, as applicable.

Governor's support as described therein is particularly time-sensitive, given the current stage of these Chapter 11 Cases. The Debtors' Disclosure Statement with respect to the Plan has been approved by the Bankruptcy Court and the solicitation of votes with respect to the Plan will commence shortly. Accordingly, with the Chapter 11 Cases proceeding towards the confirmation stage, consideration of the Motion and the Case Resolution Contingency Process on an expedited basis is appropriate under the circumstances.

5. Given the exigencies and the sensitivities concerning the relief requested in Motion, it was not feasible to seek consent from other parties prior to the filing of the Motion to Shorten. However, cause exists to hear the Motion on shortened time, as described therein.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at Scarsdale, New York, on March 20, 2020.

/s/ Stephen Karotkin
Stephen Karotkin