**Entered on Docket**
**March 20, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: March 20, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY HUNTON ANDREWS KURTH LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |

Upon the Application dated March 4, 2020 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Hunton Andrews Kurth LLP ("**Hunton**" or the "**Firm**") as special counsel for certain matters for the Debtors effective as of the Petition Date, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, and the Fitzpatrick Declaration; the Tiao Declaration, and the Loduca Declaration submitted in support thereof; and upon the record of all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code and

Bankruptcy Rules 2014(a) and 2016, to retain and employ Hunton as special counsel under the terms and conditions set forth in the Application and in the Fitzpatrick Declaration, which are appropriate under the circumstances of these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date.

3. Hunton is authorized to render the following services to either or both of the Debtors during the pendency of these Chapter 11 Cases:

a) Advise and represent the Utility with respect to federal and state laws and regulations as they relate to (1) developing and structuring a securitization program pursuant to Article 5.8 of the California Public Utilities Code to provide for the recovery of costs and expenses in connection with catastrophic wildfires; (2) the registering of securities under the federal securities laws with respect to the securitization program; and (3) advising on the public offering and sale of the securities;

b) Advise and represent the Debtors with respect to federal and state laws and regulations as they relate to (1) the drafting of secured and unsecured indentures and offering documents to enable the Debtors to sell secured and unsecured debt securities and to participate in tax-exempt financings; (2) the registering of certain secured and unsecured debt securities under the federal securities laws: (3) advising on the public and private offerings and sales of the secured, unsecured, and tax-exempt securities; and (4) establishing an account receivables securitization program;

c) Advise and represent the Debtors with respect to cybersecurity and privacy matters, including enhancing cybersecurity preparedness, responding to cyber incidents, and ensuring compliance with cybersecurity and privacy laws;

d) Advise and represent the Debtors in connection with environmental matters, including

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

continuing representation of the Debtor in the implementation of the Consent Decree entered by Judge Seeborg, of the United States District Court for the Northern District of California, on September 7, 2018 in *Ecological Rights Foundation v. Pacific Gas and Electric Company*, Case No. 3:10-cv-00121-RS;

e) Advise and represent the Debtors in furnishing documents regarding their interest rate swaps and other derivative products in connection with (1) avoiding insolvency-related defaults under their swap and other derivatives documents, (2) adopting board and/or board committee resolutions and other documents governing their use of swaps and other derivative products, (3) engaging in management oversight and board and/or board committee governance of their swap and other derivative products usage, (4) applying to the California Public Utilities Commission for authorization to enter into interest rate hedges related to their financing activities, (5) determining that they are not required to be registered with the Commodity Futures Trading Commission or the Securities and Exchange Commission as swap dealers or major swap participants, security-based swap dealers or major security-based swap participants, (6) amending their swap and other derivatives documents to observe the qualified financial contract rules applicable to their global systemically important bank counterparties, (7) complying with the requirements of the end-user exception providing an exemption from mandatory swap clearing and exchange-trading requirements, (8) utilizing their exemptions from having to post margin for swaps, (9) entering into swaps and other derivatives transactions with their swap and security-based swap dealer counterparties and (10) entering into forward contracts and other derivatives transactions exempt from regulation as swaps and security-based swaps (including purchase and sale agreements for electric power and natural gas), among other things;

f) Advise and represent the Debtors in providing all other necessary legal services for the Debtors, as related to the above matters, in connection with the above captioned Chapter 11 Cases and the Debtors' financing plans to exit bankruptcy including drafting of financing orders, security documents, registration statements, offering documents, legal opinions, and other transactional documents; and

g) Perform any other necessary legal services requested by the Debtors, and accepted by Hunton, during the pendency of these Chapter 11 Cases.

4. Hunton shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any increase of its hourly rates. For the avoidance of doubt, Hunton shall not be required to include in any fee application amounts it received prior to approval of the Application and not in excess of the OCP Monthly Cap and OCP Annual Cap, which amounts may be paid in accordance with the OCP Order.

5. Hunton shall provide reasonable advance notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Hunton shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

10. This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation or enforcement of this Order.

** END OF ORDER **