**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION**, <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors**. <br><br> ☐  Affects PG&E Corporation <br> ☒  Affects Pacific Gas and Electric Company <br> ☐  Affects both Debtors <br><br> * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case <br> No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) (Jointly Administered) <br><br> **STIPULATION AND AGREEMENT FOR ORDER REGARDING LIMITED RELIEF FROM THE AUTOMATIC STAY BETWEEN THE UTILITY, JH KELLY, LLC AND AECOM TECHNICAL SERVICES, INC.** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This stipulation (the "**Stipulation**") is entered into by and between Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession, and JH Kelly, LLC, a Washington limited liability company ("**JH Kelly**"), and AECOM Technical Services, Inc., a California corporation ("**AECOM**"). The Utility, JH Kelly, and AECOM are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. AECOM was a prime contractor and JH Kelly was a subcontractor on a private construction project on property owned by the Utility (the "**Project**").

B. On January 25, 2019, JH Kelly filed a *Complaint for Foreclosure of Mechanics Lien* initiating an action in the Shasta County Superior Court (the "**State Court**") against the Utility, titled *JH Kelly, LLC v. Pac. Gas & Elec. Co.*, Case No. CV-19-0191759 (the "**Foreclosure Action**"). In the Foreclosure Action, JH Kelly alleges that it has not received payment for provided labor, services, materials, and equipment for the Project, and that it filed and recorded a Claim of Mechanics Lien as document number 2018-0030534 in the official records of Shasta County on November 1, 2018 (the "**Mechanics Lien**").

C. On January 29, 2019, JH Kelly filed a separate complaint in the State Court initiating an action against AECOM, titled *JH Kelly, LLC v. AECOM Technical Services, Inc.*, Case No. 19CV0172 (the "**JH Kelly-AECOM State Action**"), in which JH Kelly asserts various claims in connection with the Project, including breach of contract by AECOM arising from AECOM's alleged failure to remit payments owed to JH Kelly for work it performed on the Project.

D. The Utility and its parent, PG&E Corporation (collectively the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

E. On March 1, 2019, AECOM removed the JH Kelly-AECOM State Action to the U.S. Bankruptcy Court for the Eastern District of California, commencing adversary proceeding number 19-03008 (the "**Adversary Proceeding**"). *See* Adv. Proc. Dkt. No. 1.

F. On March 14, 2019, with the express consent of JH Kelly, this Court entered a notice of transfer of the removed action. *See* Adv. Proc. Dkt. No. 11.

G. On March 18, 2019, AECOM filed in this Court its *Answer to Complaint, Affirmative Defenses, and Counterclaim Against Plaintiff JH Kelly*. *See* Adv. Proc. Dkt. No. 16. ("**Answer & Counterclaim**").

H. On March 22, 2019, AECOM filed in this Court its *Third-Party Complaint Against Pacific Gas and Electric Company*. *See* Adv. Proc. Dkt. No. 19 (the "**Third-Party Complaint**").

I. On March 22, 2019, AECOM also filed in this Court its Notice of Continued Perfection of Lien attaching thereto its duly-recorded mechanic's lien in the amount of $23,535,812.89. *See* Dkt. No 1016 (the "**AECOM Mechanic's Lien**").

J. In its Answer & Counterclaim against JH Kelly and its Third-Party Complaint against the Utility, AECOM asserted that the Utility was the cause of the Project delays at issue in the JH-Kelly AECOM State Action, and that the Utility is a necessary and indispensable party to the JH Kelly-AECOM State Action.

K. On April 16, 2019, JH Kelly filed a motion in this Court to remand the Adversary Proceeding to the State Court. *See* Adv. Proc. Dkt. No. 30 (the "**Motion to Remand**").

L. On May 9, 2019, the Utility filed a partial objection to the Motion to Remand, in which it did not object to the remand of the two-party dispute between AECOM and JH Kelly but objected to its own inclusion in any order remanding the case. *See* Adv. Proc. Dkt. No. 42.

M. On May 9, 2019, AECOM opposed the Motion to Remand, arguing that it would be inequitable to remand "this three-party dispute" to the State Court without the Utility because the Utility is a "critical party." *See* Adv. Proc. Dkt. No. 44.

N. On June 10, 2019, this Court granted JH Kelly's Motion to Remand the removed JH Kelly-AECOM State Action to the State Court, but ordered AECOM's Third-Party Complaint against the Utility severed and retained jurisdiction over it. *See* Adv. Proc. Dkt. No. 53.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

O.  On June 28, 2019, AECOM filed in the remanded JH Kelly-AECOM State Action a *General Denial to Complaint and Affirmative Defenses Against JH Kelly, LLC*, pleading an affirmative defense of failure to join an indispensable party, the Utility, pursuant to California Code of Civil Procedure ("**CCP**") § 389 (the "**Affirmative Defense**").

P.  On June 28, 2019, AECOM filed a Cross-Complaint in the remanded JH Kelly-AECOM State Action (the "**AECOM Cross-Complaint**"), pleading affirmative claims against JH Kelly for breach of contract, breach of the covenants of good faith and fair dealing, negligence and indemnity, and declaratory judgement.

Q.  On July 11, 2019, JH Kelly moved in the JH Kelly-AECOM State Action for summary adjudication on, *inter alia*, the Affirmative Defense ("**JH Kelly's Motion for Summary Adjudication**"), seeking a declaratory judgment that the Utility is not a necessary and indispensable party under CCP § 389. On August 30, 2019, AECOM filed its own motion for summary adjudication ("**AECOM's Motion for Summary Adjudication**") against JH Kelly in the JH Kelly-AECOM State Action seeking summary adjudication on AECOM's (1) affirmative defenses of ripeness, failure to satisfy conditions precedent, and failure to exhaust contractual remedies, (2) request for a determination regarding JH Kelly's duty to cooperate in the presentation and prosecution of the disputes to PG&E under the parties' contract, and (3) cause of action for declaratory relief.

R.  On September 16, 2019, AECOM filed a memorandum opposing JH Kelly's Motion for Summary Adjudication and arguing, *inter alia*, that the Utility is a necessary party under CCP § 389(a) and an indispensable party under CCP § 389(b). On September 27, 2019, AECOM also moved to dismiss the JH Kelly-AECOM State Action (the "**Motion to Dismiss**") on the basis that the Utility was an indispensable party pursuant to CCP § 389(b).

S.  On October 16, 2019, AECOM filed in the Chapter 11 Cases a proof of claim against the Utility. *See* Claim No. 53873 (the "**AECOM POC**"). AECOM asserts in the AECOM POC that the Utility owes AECOM an outstanding and unpaid balance of

1 $34,750,867.00 for work it performed on the Project, portions of which are secured and unsecured. *See* AECOM POC Addendum, at 4.

T. On October 20, 2019, the State Court issued its tentative ruling (the "**Tentative Ruling**") denying JH Kelly's Motion for Summary Adjudication and AECOM's Motion for Summary Adjudication, as described in paragraph Q above. In the Tentative Ruling, the State Court found that it "will have to determine whether the unpaid amounts were due to the conduct or decisions of [the Utility], AECOM, or JH Kelly"; that "there is evidence that, without [the Utility], complete relief cannot be accorded among those already party to the action"; that "determining the issues . . . in the absence of [the Utility] will leave . . . substantial risk of incurring double, multiple, or otherwise inconsistent obligations"; and that "[b]ecause parallel issues are being litigated in Bankruptcy Court, . . . there is no way to protect against any prejudice to [the Utility], JH Kelly, or AECOM." The State Court adopted the Tentative Ruling and denied JH Kelly's Motion for Summary Adjudication and AECOM's Motion for Summary Adjudication. On November 20, 2019, the State Court denied AECOM's Motion to Dismiss.

U. On October 21, 2019, JH Kelly filed in the Chapter 11 Cases a proof of claim against the Utility. *See* Claim No. 76606 ("**JH Kelly POC**"). JH Kelly asserts in the JH Kelly POC a secured claim for the full amount of the alleged Mechanics Lien for "[u]npaid labor, services, equipment and/or materials subject to lien rights" in connection with the Project (the "**Lien Claim**"), as well as interest on the Lien Claim. *See* JH Kelly POC Attachment 1, at 3–4. The Lien Claim arises under the same Mechanics Lien that JH Kelly seeks to enforce in the Foreclosure Action. *See* JH Kelly POC Attachment 1, at 4 ("JH Kelly has sued the [Debtor] in the Superior Court of the State of California for Shasta County, Case No. 191759 . . . to recover amounts owed to JH Kelly under the Lien Claim.").

V. On February 5, 2020, JH Kelly filed in these Chapter 11 Cases a Motion for Relief from the Automatic Stay (the "**Stay-Relief Motion**"). *See* Dkt. No. 5649. JH Kelly's Stay-Relief Motion seeks relief from the automatic stay to move to join the Utility as a party to

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the JH Kelly-AECOM State Action. A hearing on the Stay-Relief Motion (the "**Stay-Relief Hearing**") was scheduled for February 26, 2020. *See* Dkt. No. 5650.

W. On February 16, 2020, the Debtors filed a *Stipulation and Agreement for Order Continuing Hearing on Motion for Relief from Stay Between the Utility and JH Kelly* to continue the Stay-Relief Hearing to March 25, 2020 while the Parties conferred regarding a potential resolution to the Stay-Relief Motion. *See* Dkt. No. 5797. On February 19, 2020, the Court issued an order approving the stipulation to continue the Stay-Relief Hearing to March 25, 2020. *See* Dkt. No. 5829.

X. On March 12, 2020, the Debtors filed the *Stipulation and Agreement for Order Further Continuing Hearing on Motion for Relief from Stay between the Utility and JH Kelly* to further continue the Stay-Relief Hearing to April 7, 2020 while the Parties continued to confer regarding a potential resolution to the Stay-Relief Motion. *See* Docket No. 6266. On March 12, 2020, the Court issued an order approving the stipulation to further continue the Stay-Relief Hearing to April 7, 2020. *See* Dkt. No. 6272.

Y. The Parties have conferred and desire to modify the automatic stay for the sole purpose of permitting the consolidation in State Court of the Foreclosure Action with the JH Kelly-AECOM State Action (such consolidated action hereinafter referred to as the "**Consolidated Action**") pursuant to a separate stipulation among them (the "**State Court Stipulation**").

Z. The Parties have further agreed to removal by the Utility of the Consolidated Action to the United States Bankruptcy Court for the Eastern District of California (the "**Eastern District Bankruptcy Court**"), to transfer the Consolidated Action from the Eastern District Bankruptcy Court to this Court, and to consolidate in this Court the Consolidated Action with the Third-Party Complaint, the AECOM Mechanic's Lien, the AECOM POC, and the JH Kelly POC. The Parties agree that such consolidation is appropriate and in the best interests of the Parties, as the Consolidated Action, the Third-Party Complaint, the AECOM Mechanic's Lien, the AECOM POC, and the JH Kelly POC involve common questions of law and fact relating to

the Project, and consolidation will promote judicial efficiency and economy (Federal Rule of Bankruptcy Procedure 9027(a)). Upon such consolidation in this Court, any of the Parties may file a motion, or all of the Parties may file a joint motion, with respect to withdrawal of the reference of such consolidated matters to the United States District Court for the Northern District of California.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation, as well as the limited relief from the automatic stay provided herein, shall become effective upon entry of an order by this Court approving it, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

2. The automatic stay shall immediately be modified solely for the limited purpose of permitting the Parties to consolidate in the State Court the Foreclosure Action with the JH Kelly-AECOM State Action pursuant to the State Court Stipulation. For the avoidance of doubt, the automatic stay shall remain in effect in all other respects and nothing in this Stipulation permits any prosecution of any claims against the Utility in the JH Kelly-AECOM State Action, the Foreclosure Action, or the Consolidated Action in State Court.

3. This Stipulation is without prejudice to the merits of the Foreclosure Action, the JH Kelly-AECOM State Action, the Third-Party Complaint, the AECOM Cross-Complaint, the AECOM Mechanic's Lien, AECOM POC, or the JH Kelly POC, or to any Party's arguments with respect to the same.

4. Nothing herein shall be deemed to modify or alter the requirements or obligations of JH Kelly and AECOM to have timely filed proofs of claim in these Chapter 11 Cases in accordance with any order of the Court governing the filing of claims, including but not limited to the Order dated July 1, 2019, Dkt. No. 2806.

5. Upon entry of an Order approving this Stipulation, the Stay-Relief Motion shall be deemed withdrawn and the Stay-Relief Hearing vacated.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy

Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation and the State Court Stipulation shall be of no evidentiary value whatsoever in any proceedings. Notwithstanding the foregoing, the fact of the parties' efforts to have the terms of this Stipulation approved by this Court may be used by any party in support of a request for a continuance of the State Court proceedings.

7. This Stipulation and the State Court Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Court shall retain jurisdiction to resolve any dispute regarding, and to enforce, the terms of this Stipulation and the order approving it.

Dated: March 20, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Theodore E. Tsekerides*
      Theodore E. Tsekerides
      Peter J. Benvenutti

*Attorneys for the Debtors and Debtors in Possession*

Dated: March 20, 2020

**STOEL RIVES LLP**

By: /s/ *David B. Levant*
      David B. Levant
      Eric A. Grasberger
      Mario R. Nicholas

*Attorneys for Plaintiff JH Kelly, LLC*

Dated: March 20, 2020

**REED SMITH LLP**

**CARNEY BADLEY SPELLMAN PS**

By: <u>/s/ *Marsha A. Houston*</u>
      Marsha A. Houston
      Christopher O. Rivas
      Charles S. Penner

*Attorneys for Defendant/Counter Complaint/Third-Party Plaintiff AECOM Technical Services, Inc.*