

Signed and Filed: March 22, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>   Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:   April 29, 2020<br>Time:   10:00 AM<br>Place:  Courtroom 17<br>        450 Golden Gate Ave.<br>        16th Floor<br>        San Francisco, CA |

**ORDER REGARDING MOTION FOR APPROVAL OF STIP, LTIP AND PERFORMANCE METRICS**

On March 4, 2020, Debtors filed their 2020 EMPLOYEE COMPENSATION MOTION ("Motion")(Dkt. No. 6088). The Motion is complex and runs parallel, in part, to some aspects of more complex proceedings ("The PLAN OII") before the California Public Utilities Commission ("CPUC"). The Motion revisits, in many respects, what the court previously dealt with and approved

-1-

as the 2019 STIP (Dkt. No. 1751), disapproved as the 2019 KEIP (Dkt. No. 3773) and approved as the new Chief Executive Officer's compensation package (Dkt. No. 3546).

The ink was still wet on AB 1054 and the Debtors had not filed their plan or made peace with any of the major creditor groups. Much has happened since then that suggests that Debtors remain on track to achieve confirmation of their Chapter Plan by June 30, 2020 and does not need to be recounted here. What is relevant, however, is that the CPUC is dealing with many matters that appear to overlap to some degree what is presented by the Motion. See TCC Response (Dkt. No. 6358), at Exhibit A, Appendix A, Para. 9.

The court is assured by Debtors that to the extent the CPUC requires changes in these packages, they will "modify the 2020 STIP and the 2020 LTIP accordingly." Motion, at 24:4-7. Certainly the same would be required if the CPUC ordered changes to the CEO Compensation Metrics.

The TCC asks that this court await the outcome of the CPUC's PLAN OII. That makes abundant sense. There is no doubt that this court's focus on the bankruptcy aspects of the Debtors' Chapter 11 reorganization is critical and necessary to get them out on schedule. There is also no doubt that its supervisory role is more limited to, and must give way to, the broader responsibilities that remain with the Governor and the CPUC, if not other authorities as well. The role of the court to approve proposals embraced by the Motion is nearly pro-forma, and were it to issue any ruling that was inconsistent with AB 1054, the PLAN OII or the CPUC's decision, unnecessary confusion

Case: 19-30088    Doc# 6411    Filed: 03/22/20    Entered: 03/22/20 18:14:11    Page 2 of 4

and delay might follow.  The safer approach is to await completion of the aspects of the PLAN OII that impact the Motion.

Two further observations are appropriate.  First, the TCC properly notes that performance bonuses for the rank and file appear in order, but suggests that the CPUC's judgment, not the Debtors', must control.  It also properly notes that it would be unfair to employees to announce a compensation program that would be subject to CPUC alternation.  While this court doubts that the CPUC is likely to alter the compensation of the "rank and file", it defers to it to know best where to draw the line that separates that large group from the "400 of the Debtors' most senior employees, including the Senior Executives." Motion, at 11:9-10.

Second, while Debtors argue in the Motion that the 2020 STIP and 2020 LTIP are not bonus plans (6:24-25), but are incentive based, the TCC in its Response refers to "performance bonuses" (2-19).  Regardless of what they are, the tragedies that have befallen millions of Northern Californians, and tens of millions of Americans, and billions throughout the world in past few weeks, the thousands of deaths, the hundreds of thousands of infections, the billions in economic losses, layoffs, business closures and immensurable non-economic societal loses counsel against handing out bonuses (or what are readily perceived as bonuses by the public) of any kind or label at this time.  The court knows well the commitment and dedication of the thousands of PG&E employees who are hard at work in their essential business of keeping the lights on and

-3-

Case: 19-30088    Doc# 6411    Filed: 03/22/20    Entered: 03/22/20 18:14:11    Page 3 of 4

keeping Northern California safe, while their children and families are Sheltering at Home.  Still, the court will not permit that right now.

    Accordingly, the Motion is CONTINUED to the regular PG&E calendar on April 29, 2020 at 10:00 AM.  One week prior, Debtors are to supplement the Motion to inform the court and others of any determination made by the CPUC relevant to the Motion, and any amendments they deem appropriate.

***END OF ORDER***