WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **DECLARATION OF BRAD D. BRIAN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER APPROVING (I) AGREEMENT AND SETTLEMENT WITH PEOPLE OF THE STATE OF CALIFORNIA AND (II) GRANTING RELATED RELIEF**<br><br>Date: April 14, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Telephonic Appearances Only**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Brad D. Brian, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am a partner in and Chair of Munger, Tolles & Olson LLP ("**Munger**"), counsel for Pacific Gas and Electric Company (the "**Utility**" and, together with PG&E Corporation, the "**Debtors**"). I have represented a number of major corporations in state and federal criminal investigations. I am lead counsel for the Utility in the criminal investigation arising out of the November 8, 2018 wildfire in Butte County, California known as the "**Camp Fire**." I have advised the Utility in connection with the ongoing negotiations with the District Attorney of Butte County (the "**Butte County DA**") to resolve the Camp Fire investigation and any fines and charges arising from that investigation.

2. I am authorized to submit this Declaration (the "**Declaration**") on behalf of the Debtors in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 9019 for Entry of an Order Approving (i) Agreement and Settlement with People of the State of California and (ii) Granting Related Relief* (the "**Motion**"), filed contemporaneously hereto.[1] The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information reviewed by me in the course of my duties and responsibilities. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. As the Debtors have previously disclosed, the Butte County DA, working with the Office of the Attorney General of California, opened a criminal investigation of the 2018 Camp Fire. The Debtors have produced documents and have responded to other requests for information and witnesses in connection with that criminal investigation, including, but not limited to, documents related to the operation and maintenance of equipment owned or operated by the Debtors. The Debtors have also cooperated with the Butte County DA's Office in the collection of physical evidence from equipment owned or operated by the Debtors.

4. As a result of this investigation and the potential criminal charges, and fines involved, the Debtors have been engaged in ongoing negotiations with the Butte County DA to resolve the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

investigation and any fines and charges involved. The negotiations with the Butte County DA have culminated in the Butte County Agreement, annexed as **Exhibit A** to the Motion. Among other provisions, the Butte County Agreement recognizes the substantial compensation the Debtors are providing to fire victims under the Plan, including by way of the Fire Victim Trust, as well as by compensation to the Public Entities, and by providing funds to reimburse the insurance carriers that have made substantial payments to fire victims, including the 2018 Camp Fire victims. The principal terms of the Butte County Agreement are summarized in the Motion.

5. In my view, entry into the Butte Country Agreement represents a sound exercise of the Debtors' business judgment. I believe that the terms of the Butte County Agreement are fair and reasonable and in the best interests of the Debtors, their estates, creditors, and all other stakeholders. Absent entry into the Butte County Agreement, the Debtors could be subject to additional charges, protracted criminal litigation, and the risks attendant thereto, which are discussed more fully in Paragraph 7 below. The Butte County Agreement avoids these risks, provides for a monetary fine consistent with the statute, and facilitates these Chapter 11 Cases proceeding to a timely and successful conclusion.

6. The Butte County Agreement is the product of extensive, good faith, arm's-length negotiations with the substantial and continuous assistance of counsel. Before entering into the Butte County Agreement, the Debtors' management and Board of Directors, with the assistance and advice of their attorneys and other retained professionals, fully evaluated the terms against the risks, costs, and uncertainties of further litigation, and determined that resolving the criminal proceedings against the Company is a prudent exercise of business judgment on behalf of the Debtors.

7. As the Debtors have disclosed, if the Butte County Agreement is not approved, additional criminal charges could be filed against the Debtors with respect to the 2018 Camp Fire. If the Butte County Agreement is not approved, the Debtors would be forced to litigate these charges, which likely would not be resolved with finality for a year or even longer. The expense of such litigation in fees, as well as time and attention of key personnel, would be considerable. Ongoing criminal proceedings could also have a negative impact on employee morale, public perception of the Company, and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

regulatory proceedings involving the Company. A criminal conviction after protracted litigation could also subject the Debtors to additional material fines, penalties, and restitution orders. The Debtors believe that any claims for such restitution would constitute fire victim claims and under the Plan would be satisfied solely out of the Fire Victim Trust.

8. The Butte County Agreement represents an additional way by which the Debtors recognize their responsibilities, hope to bring some degree of closure for the families affected by the Camp Fire, and avoid protracted proceedings and potential fines and penalties that could adversely impact the path to Plan confirmation and the commencement of prompt distributions to all fire claimants.

9. In view of the magnitude of the risks, expenses and uncertainties attendant to the ongoing investigation and the other factors noted above, I believe that entry into the Butte County Agreement is fair and reasonable, represents a sound exercise of the Debtors' business judgment, and is critical to advancing these Chapter 11 Cases to a timely and successful conclusion. Accordingly, I believe that the Butte County Agreement should be approved.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed in San Francisco, California, on March 23, 2020.

_____
Brad D. Brian