Paul F. Ready
State Bar No. 107469
**FARMER & READY**
A LAW CORPORATION
1254 Marsh Street
Post Office Box 1443
San Luis Obispo, CA 93406
Telephone: (805) 541-1626
Facsimile: (805) 541-0769
Email: pfready@farmerandready.com

Attorneys for Creditor Sarah Pazdan

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>―――――――――――――――<br><br>Affects Pacific Gas and Electric Company<br><br>*All papers shall be filed in the Lease Case, No. 19-3008 (DM) | Case Nos. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF DON A. ERNST IN SUPPORT OF PAZDAN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. 1334(c)(1)**<br><br>Date: April 29, 2020<br>Time: 10:00 AM<br>Place: Hon. Dennis Montali<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      450 Golden Gate Ave<br>      San Francisco, CA 94102 |

I, Don A. Ernst, state:

1. I make this declaration in support of Sarah Pazdan's motion for relief from the automatic stay so she may initiate proceedings in the San Francisco County Superior Court against PG&E and three other individual defendants for employment discrimination/labor law

violations (the "Lawsuit"). I have been the principal lawyer for Pazdan in the Lawsuit. The matters stated in this declaration are either personally known to me or known to me on the information and belief because of my involvement as the lawyer for Pazdan. On that basis, if called as a witness, I could and would competently testify to the matters set out in this declaration.

2. In the Lawsuit, Pazdan will contend she was hired by PG&E to work as an Administrative Assistant at its Diablo Canyon Nuclear Power Plant ("Diablo Canyon") in August of 2013, and that over the course of her employment (where she received accolades and demonstrated an ambitious work ethic) she was paid less than her male counterparts and was the victim of retaliatory conduct by supervisors.

3. Pazdan will also contend that she became acutely aware of her status when a supervisor accidentally included an attachment in an e-mail containing the salary information for Pazdan's peers and herself, revealing that even though she was more qualified than most of her male peers, she made the least amount of money. The attachment confirmed that Pazdan was paid significantly less than her male counterparts with similar, or even fewer, responsibilities.

4. Around Mid-March of 2018, Pazdan co-authored an initial report from employee evaluations. In her report, Pazdan identified safety issues pertaining to the negative behavior of senior leadership personnel during outages, which could "chill the work environment" and "deter employees from raising safety concerns." Although the assessment would have allowed PG&E to better understand and mitigate safety risks, senior management were determined not to allow this information to get out.

5. In April of 2018, Pazdan met with a supervisor to discuss her findings from the employee evaluations. She also raised the issue of unequal pay and the email attachment that she had inadvertently been sent demonstrating that she was not being compensated equally. Pazdan's supervisors treated her markedly differently after that meeting by micromanaging her, arbitrarily changing procedures Pazdan was required to follow, and by having her investigated by PG&E security.

6. On May 2, 2018, the retaliatory conduct culminated with Pazdan's access

authorization to Diablo Canyon being revoked and being told not to return to work until further notice. On June 30, 2018, Pazdan wrote a letter to PG&E requesting a formal review of the decision to revoke her access to Diablo Canyon, and a copy of all documents related to the "investigation" into her conduct. She also requested all of her personnel documents which were required to be provided under the Labor Code. Pazdan subsequently followed up with several letters requesting her personnel documents and information, which went unanswered. Moreover, throughout this process, Pazdan repeatedly provided PG&E with an updated mailing address, which it failed to use.

7. Although Pazdan never received an official termination letter from the PG&E, they claim that she was terminated on July 5, 2018. A final paycheck was purportedly mailed to Plaintiff on July 9, 2018; however, she did not receive it until several weeks later. At no point in time have PG&E DEFENDANTS responded to Plaintiff's inquiries regarding her employee file, the investigation into her conduct, or her termination.

8. On or about January 8, 2019, Pazdan filed a complaint against the PG&E and her supervisors at Diablo Canyon with the California Department of Fair Employment and Housing ("DFEH"), and received an immediate Notice of Right-to-Sue from the DFEH, which was served on PG&E and her supervisors. Pazdan thus exhausted her filing prerequisites and administrative remedies under the Fair Employment and Housing Act ("FEHA"), California Government Code sections 12900, *et seq.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this 6th day of March, 2020 at San Luis Obispo, California.

Don A. Ernst