David S. Casey, Jr., SBN 060768
dcasey@cglaw.com
Jeremy Robinson, SBN 188325
jrobinson@cglaw.com
Angela Jae Chun, SBN 248571
ajc@cglaw.com
P. Camille Guerra, SBN 326546
camille@cglaw.com
James M. Davis, SBN 301636
jdavis@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Certain Victims From the Camp Fire and 2017 North Bay Fires*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> **Debtors** <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-3088 (DM)* | Bankruptcy Case No.: 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) (Jointly Administered) <br><br> **MOTION TO EXPUNGE CLASS PROOF OF CLAIM FILED BY GER HOSPITALITY, LLC** <br><br> Hon. Dennis Montali <br><br> Date: April 29, 2020 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

Claimants represented by the undersigned are victims of the Atlas, Redwood, and Camp Fires. These claimants respectfully represent:

## I. RELIEF REQUESTED

Claimants represented by the undersigned file this Motion[1] pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 9014(c), seeking entry of an Order expunging the class proof of claim filed by GER Hospitality, LLC [Claim No. 4] from the record.

## II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. PRELIMINARY STATEMENT

Although a Bankruptcy Court has the discretion to allow class proofs of claims, it generally refuses to do so where the putative class has not been certified pre-petition, the putative class members have all received actual or constructive notice, and where class claims would adversely impact the administration of the estate. These are the circumstances surrounding GER Hospitality's class proof of claim and therefore it should be expunged.

At no point after filing its complaint in state court did GER Hospitality move for certification. And at no point after filing its class proof of claim did GER Hospitality move this Court to permit class treatment of its claims. Indeed, GER

---

[1] Claimants make this request in the form of a motion to expunge GER Hospitality's class proof of claim. *See, e.g., In re Sequoia Senior Solutions, Inc.*, 2017 WL 2533345, at *2 (Bkrtcy.N.D.Cal., 2017) (debtor filed motion to expunge in response to class proof of claim and before claimant moved for application of Rule 7023 of the Federal Rules of Bankruptcy Procedure). Claimants have standing as general creditors to object to GER Hospitality's class proof of claim. *See, e.g., In re Charter Co.*, 68 B.R. 225, 228 (Bankr. M.D. Fla. Pa. 1995) ("Since the law does not impose a duty on the debtor-in-possession to act in the best interest of all general creditors, the Court will not disregard the plain language of § 502(a) and limit the right of general creditors to object to the allowance of a proof of claim in a chapter 11 proceeding.")

Hospitality has taken no action at all to certify its putative class in any forum since commencing litigation on December 22, 2017.

While class treatment may be appropriate in bankruptcy proceedings, that is not the case where the putative class members have received notice of the bankruptcy case and the bar date. *See In re Sacred Heart Hosp. of Norristown*, at 22 ("[I]f the putative unnamed class members have clearly received actual or constructive notice of the bankruptcy case and the bar date, denial of the implementation of the class proof of claim device appears advisable.") Exhaustive notice procedures, an extension of the original bar date, and appointment of a Special Claims Representative has accomplished a high percentage of claims filed. Indeed, this Court previously cited the "robust" notice procedures that were "carefully calculated to reach all potential claimants," as a reason to deny a motion for class certification. *See Order Denying Class Representative's Motion to Extend Application of FRCP 23 to Class Proofs of Claim.* [Docket No. 4925.]

Most importantly, this Court should refuse to allow GER Hospitality's class claims because of the adverse impact it would have on the administration of the estate. Its class claim would create new procedural hurdles absent in normal bankruptcy proceedings, require a new round of notices and opportunities to opt out under Rule 23, and create the need for pre-certification discovery. Claimants who have already filed their claims timely may be subject to delay and a diminished fund for compensation of their injuries. In short, there is much to lose and little to gain.

Although the foregoing reasons are enough to justify expunging GER Hospitality's class proof of claims, there is yet another reason: It cannot, as it must, satisfy Civil Rule 23. As discussed further below, there is no risk of inconsistent decisions warranting certification under Civil Rule 23(b)(1), nor is there any "superiority" of class proceedings that would warrant certification under Civil Rule 23(b)(3).

For all these reasons and those set forth below, this Court should expunge GER

Hospitality's class proof of claim.

## IV. BACKGROUND

### a. The Chapter 11 Cases

On January 29, 2019 PG&E Corporation and Pacific Gas and Electric Company (collectively, "PG&E") commenced with this Court voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). PG&E continues to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court recently appointed the Honorable John K. Trotter as trustee of the claims resolution trust and Cathy Yanni as the claims administrator. PG&E's Chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

### b. The Bar Date Orders

On May 1, 2019, PG&E filed a motion [Docket No. 1784] requesting entry of an order (i) establishing October 21, 2019 as the last date to file proofs of claim in the Chapter 11 cases (the "Original Bar Date"), (ii) establishing the form and manner thereof, and (iii) approving PG&E's plan for providing notice of the Original Bar Date and other important deadlines and information to all creditors and potential creditors, including publication and other supplemental noticing procedures.

By order dated July 1, 2019, the Court granted PG&E's motion, which approved the Original Bar Date and PG&E's notice procedures, as modified prior to and at the hearing. [Docket No. 2806] The Court subsequently considered a stipulation between the Debtors and the Official Committee of Tort Claimants and entered an order [Docket No. 4672] which extended the Original Bar Date to December 31, 2019 (the "Extended Bar Date").

### c. The Notice Procedures

Consistent with the Court's July 1, 2019 order, over 6.5 million Bar Date notices were directly mailed to potential claimants, which included notice of the

deadline for filing claims and related procedures as well as an applicable proof of claim form.

In addition to providing actual notice, PG&E implemented a Supplemental Notice Plan to provide extensive constructive notice to known and unknown claimants using traditional and non-traditional means. The Supplemental Notice Plan included publication in print, online, social, radio, and television media outlets. That Plan generated over 730,000,000 opportunities to see the Bar Date notice.

In the order extending the Original Bar Date, the Court appointed Michael G. Kasolas to serve as a Special Claims Representative for the benefit of Unfiled Fire Claimants and was given "broad discretion" to identify and locate unfiled fire claimants and implement procedures to provide notice of the Extended Bar Date thereto, among other tasks.

The Claims Representative's outreach effort to identify, locate and assist fire victims who were eligible to file claims but failed to do so by the original bar date was largely successful. In the Second and Final Report of the Court Appointed Claims Representative [ECF No. 5432], the Claims Representative reported that the "expansive outreach effort" resulted in an additional 9,265 unique individuals or entities filing wildfire proofs of claim.

### d. The Putative Class Action and Class Proof of Claim

On December 22, 2017, GER Hospitality filed a putative class action complaint in the Superior Court of the State of California for the County of Sonoma, case no. SCV261723. On February 5, 2019, PG&E sent a Notice of Bankruptcy Filing and Imposition of Automatic Stay, notifying GER Hospitality that the proceeding was stayed pursuant to section 362(a) of the Bankruptcy Code. GER Hospitality's putative class was not certified before the January 29, 2019 petition date, nor did it ever move for certification. No activity has taken place since the Notice of Bankruptcy.

In the complaint, GER Hospitality seeks, on behalf of itself and the putative class, damages to property, loss of business profits, and repair, depreciation, and/or

Page 5
MOTION TO EXPUNGE CLASS PROOF OF CLAIM FILED BY GER HOSPITALITY, LLC
Case: 19-30088    Doc# 6438    Filed: 03/23/20    Entered: 03/23/20 17:41:51    Page 5 of 12

replacement of damaged property, among other things. GER Hospitality defines the putative class as: "All business entities located in Sonoma, Napa, Mendocino, Lake, and Solano Counties who suffered economic losses due to the wildfires that started on or shortly after October 8, 2017…"

On January 29, 2019, GER Hospitality filed its class proof of claim., and on the following day it filed an amended class proof of claim.

## V. ARGUMENT

Although the Ninth Circuit has held that Civil Rule 23 is available to bankruptcy claims, it is not applied often. *See Mortland v. Aughney*, No. C 11-00743 WHA, 2011 WL 2653515, at *2 (N.D. Cal. July 6, 2011); *see also In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) ("[W]e believe that the class proof of claim device may be utilized in appropriate contexts, **but that such contexts should be chosen most sparingly.**") (Emphasis added). This is because the benefits of class litigation diminish when bankruptcy proceedings are pending. As the *Mortland* court explained: "many of the policy factors supporting class actions are absent in bankruptcy proceedings. Proof-of-claim forms are free, accessible, and easy to fill out, the costly barriers to litigation—which deter many small claims—are reduced. Furthermore, the bankruptcy process is already efficient; it consolidates claims just as a class action does." *Mortland*, 2011 WL 2653515, at *2.

Application of Civil Rule 23 is extended to contested matters by Federal Rule of Bankruptcy Procedure 9014, which grants the court discretion to apply Civil Rule 23 to contested matters, including claims objections. *See id*. That discretion is guided by a three-factor framework adopted from *In re Musicland Holding Corp.*, 362 B.R. 644, 654 (Bankr. S.D.N.Y. 2007). The court's inquiry ends if the *Musicland* test counsels against permitting a class proof of claim. *See In re Verity Health Sys. of California, Inc.*, No. 2:18-BK-20151-ER, 2019 WL 2461688, at *7 (Bankr. C.D. Cal. June 11, 2019) ("Only if the Court determines that it is appropriate to apply Bankruptcy Rule 7023 to the claims administration process does the Court proceed to

determine whether the requirements of Civil Rule 23 have been satisfied."); *In re Craft*, 321 B.R. 189, 198–99 (Bankr. N.D. Tex. 2005) ("[T]he court need not reach the second issue" after declining to invoke Bankruptcy Rule 7023).

Here, each of the *Musicland* factors counsels against allowing class claims in bankruptcy. For that reason alone, the court should expunge GER Hospitality's class proof of claim. However, as discussed below, expungement is also warranted because GER Hospitality cannot – as it must – satisfy the requirements of Civil Rule 23.

### a. The Court Should Not Use Its Discretion to Allow Class Proof of Claims

Bankruptcy courts have used the three *Musicland* factors to guide their discretion on whether to allow class claims. *See Verity Health Sys.*, 2019 WL 2461688, at *7; *In re Musicland Holding Corp.*, 362 B.R. at 654. No factor is dispositive, and one factor may take on greater or less importance in any given case. *Verity Health Sys.*, 2019 WL 2461688, at *7. The three *Musicland* factors ask (i) whether the class was certified pre-petition; (ii) whether the members of the putative class received notice of the bar date; and (iii) whether class certification will adversely affect the administration of the estate. *Id.* at *6. In this case, each *Musicland* factor weighs against allowing GER Hospitality's class claims.

### i. GER Hospitality's Putative Class Was Never Certified

The first *Musicland* factor weighs against allowing class claims because GER Hospitality's putative class was not certified before the January 29, 2019 petition, nor was it ever certified. *See Verity Health Sys.*, 2019 WL 2461688, at *8 ("The putative class was not certified prepetition, so the first *Musicland* factors weighs against applying Civil Rule 23 to the claims administration process."). Even certification pre-petition does not ensure class treatment in bankruptcy. *See In re Tarragon Corp.*, No. 09-10555 DHS, 2010 WL 3842409, at *3 (Bankr. D.N.J. Sept. 24, 2010) ("In fact, a class action may be certified in a non-bankruptcy court and yet be subsequently disallowed to proceed in class form in the bankruptcy setting.")

Where there has been no pre-petition certified class, Bankruptcy courts are

reluctant to extend Bankruptcy Rule 7023 to allow the filing of class proofs of claim. *See In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22-24 (Bankr. E.D. Pa. 1995) (Bankruptcy court denied class claims because the state class action case had not been previously certified as class); *In re Craft*, 321 B.R. at 189 (declining to apply Bankruptcy Rule 7023 for a proposed class that was "not yet certified").

GER Hospitality's delay in moving for class certification further warrants expungement of its class proof of claim. *Id*. at *5 ("Though a class proof of claim may be filed in a bankruptcy court, *a claimant must move for class certification without undue delay*.") (Emphasis added.); *In re Blockbuster Inc.*, 441 B.R. 239, 241 (Bank. S.D.N.Y. 2011) (noting whether class claimant has moved for certification as a factor guiding the court's decision whether to allow class proof of claim). There is an especially strong case for expunging GER Hospitality's class proof of claim, as over a year has passed since the class proof of claim was filed, and it has yet to move for certification. *See Tarragon Corp.*, 2010 WL 3842409, at *5 ("Here, more than a year after the class proof of claim was filed, the Claimant has yet to move for the application of Federal Rule of Civil Procedure 23 pursuant to Bankruptcy Rule 7023. **A class action under these facts works in opposition to the goals of bankruptcy**.") (Emphasis added).

### ii. Class Claimants Have Received Notice of Multiple Bar Dates

The second *Musicland* factor also weighs against allowing class claims because the class claimants have received actual or constructive notice of the multiple Bar Dates. *See In re Sacred Heart Hosp. of Norristown*, 177 B.R. at 22 ("[I]f the putative unnamed class members have clearly received actual or constructive notice of the bankruptcy case and the bar date, denial of the implementation of the class proof of claim device appears advisable.") In addition to the actual notice provided to the majority of the potential class members, PG&E implemented an exhaustive noticing campaign that included published notice of the Original Bar Date in *People*, *Sports Illustrated, Sunset Magazine, The Wall Street Journal, USA Today*, and in twenty-

seven local newspapers distributed throughout Northern California. PG&E also advertised across 4,000 different websites and social media, engaged social influencers to share information about the Original Bar Date on social media, sponsored Google advertisements, and purchased billboards, streaming video rights, and airtime on television and radio.

To further provide notice and increase the number of claims filed, the Court extended the Original Bar Date and appointed a special claims representative for the benefit of unfiled fire claimants. That special claims representative, Michael G. Kasolas, was given "broad discretion" to identify and locate unfiled fire claimants and implement procedures to provide notice of the Extended Bar Date. Those efforts were largely successful and helped an additional 9,265 unique individuals or entities file wildfire proofs of claim.

In light of the exhaustive noticing campaigns, sophisticated business such as GER Hospitality, as well as the class members it purports to represent, would have received notice of the multiple bar dates.

### iii. Class Claims Would Adversely Affect the Administration of the Estate

The third *Musicland* factor also counsels against allowing class claims, as class proceedings would adversely affect the administration of the estate in time and cost. Class proceedings would assuredly cause undue delay: Class claims would create numerous procedural hurdles absent in normal bankruptcy proceedings; create the need for pre-certification discovery; and necessitate new notices and opportunities to opt out under Civil Rule 23. *See In re Ephedra*, 329 B.R. at 5 ("Applying Rule 23 to the class claims now would initiate protracted litigation that might delay distribution of the estate for years. Pre-certification discovery would be needed for three putative class claims with three putative class attorneys. . . If the classes were then certified, notice to class members followed by discovery on the merits and the bankruptcy equivalent of a trial would further delay distribution.").

To borrow the words of S.D.N.Y. Bankruptcy Judge Stuart Bernstein, allowing

GER Hospitality's class claim would "gum up the works" of distributing the estate. *See In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 376 (Bankr. S.D.N.Y. 1997) ("[A] bankruptcy case can proceed no faster than its slowest matter [] and a class action may 'gum up the works' because until complete, the bankruptcy court cannot determine the entitlement of the other creditors.")

And yet another reason counsels against allowing class claims: Applying Civil Rule 23 after expiration of the Extended Bar Date would violate the due process rights of those who filed timely claims by giving claimants who failed to do so a "second bite at the apple." *See Sacred Heart Hosp.*, 177 B.R. at 23 ("Tinkering with an established bar date may raise due process claims of parties who have timely filed claims by originally-established bar dates, since it gives late filers a second bite at an apple which is likely to be less than fully satisfying, and thus effect unfair diminution of the timely filer's share of a distribution").

Accordingly, the Court should expunge GER Hospitality's class proof of claim because each *Musicland* factor and other important non-*Musicland* factors all strongly counsel against allowing class claims.

### b. GER Hospitality Does Not Satisfy the Basic Requirements of Civil Rule 23

Although the inquiry should end after deciding that the *Musicland* test strongly weighs against allowing class claims, the Court should also expunge GER Hospitality's class proof of claim because it does not meet the requirement of Civil Rule 23. Other than attaching its state complaint to the class proof of claim, GER Hospitality has done nothing to demonstrate that it has met the requirements for class certification.

In order to satisfy Civil Rule 23, GER Hospitality must demonstrate that it can be certified as a Rule 23(b)(1) or Rule 23(b)(3) class.[2] GER Hospitality's putative

---

[2] There is a third Rule 23 class action, Rule 23(b)(2), but this would not be appropriate for GER

class cannot be certified as either.

Under Rule 23(b)(1), a class may be maintained if "prosecuting separate actions by or against individual class members would create a risk of ... adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Here, filing individual proofs of claims, as opposed to a class proof of claim, creates no risk of inconsistent decisions that would impair the ability of fire victims to protect their interests. This Court will adjudicate all proofs of claim and therefore there is no risk of other courts issuing inconsistent decisions. *See In re Verity*, 2019 WL 2461688, at *15.

GER Hospitality fares no better under a Civil Rule 23(b)(3) analysis. Under Civil Rule 23(b)(3), a class may be maintained if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Superiority tests whether "class litigation of common issues will reduce litigation costs and promote greater efficiency." *In re Ferrero Litigation*, 278 F.R.D. 552, 561 (S.D. Cal. 2011) (*quoting Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Considering the additional procedural hurdles created by class claims, increased discovery costs and attorneys' fees, and undue delay, GER Hospitality cannot demonstrate that class litigation would be superior to normal bankruptcy processes.

Indeed, any superiority of class action "vanishes" when there are pending bankruptcy proceedings. *See In re Ephedra*, 329 B.R. at 9 ("This superiority of the class action vanishes when the 'other available method' is bankruptcy, which

---

Hospitality's class claims as "the relief sought in the complaint is primarily monetary in nature." *See In re Kibler*, No. 00-2604, 2001 WL 388764, at *6 (Bankr. E.D. Cal. Mar. 19, 2001).

consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost."); *In re Motors Liquidation* Co., 447 B.R. 150, 163 (Bankr. S.D.N.Y. 2011) ("[T]he inherent simplicity of the bankruptcy process tends to make class action treatment not superior, as a general matter and in this case, because an individual claimant would need only to fill out and return a proof of claim form.")

Accordingly, GER Hospitality cannot demonstrate that it satisfies the requirements of Civil Rule 23. For this additional reason, the Court should expunge its class proof of claim.

## VI. CONCLUSION

For the foregoing reasons, claimants represented by the undersigned respectfully request that this Court enter an order expunging from the record the Class Proof of Claim filed by GER Hospitality in its entirety.

Dated: March 23, 2020

Respectfully submitted,

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

By: /s/ James M. Davis
David S. Casey, Jr.
Jeremy Robinson
Angela Jae Chun
P. Camille Guerra
James M. Davis

Attorneys for Certain Victims
From the Camp Fire and
2017 North Bay Fires