WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

JONES DAY
Bruce S. Bennett (SBN 105430)
(bbennett@jonesday.com)
Joshua M. Mester (SBN 194783)
(jmester@jonesday.com)
James O. Johnston (SBN 167330)
(jjohnston@jonesday.com)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: 213 489 3939
Fax: 213 243 2539

*Attorneys for Shareholder Proponents*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                         **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] SUPPLEMENT TO DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>[Related Dkt. No. 6353] |

      **ON MARCH 17, 2020, THE BANKRUPTCY COURT APPROVED THE DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION (THE SOLICITATION VERSION OF WHICH IS FILED AT DOCKET NO. 6353, TOGETHER WITH ALL SCHEDULES AND EXHIBITS THERETO, AND AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "<u>DISCLOSURE STATEMENT</u>").[1]**

      **THE FOLLOWING INFORMATION RELATES TO CERTAIN EVENTS THAT OCCURRED AFTER THE APPROVAL OF THE DISCLOSURE STATEMENT AND SUPPLEMENTS THE DISCLOSURE STATEMENT. ALL CREDITORS AND HOLDERS OF EQUITY INTERESTS ARE ENCOURAGED TO READ THIS SUPPLEMENT, THE DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY.**

    A.     **Governor's Letter Regarding Compliance with Wildfire Legislation <u>and Recent Motion Filed with the Bankruptcy Court</u>**

      As set forth in Section III.B of the Disclosure Statement, on December 13, 2019, Governor Gavin Newsom (the "**Governor**" and his office, the "**Governor's Office**") sent a letter [Docket No. 5138] (the "**December 13 Letter**") to the Utility's management stating, among other things, that the Governor believed that the draft *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* shared on December 6, 2019 with the Governor's Office (the "**December 6 Plan**") did not comply with AB 1054. The Governor's December 13 Letter set forth a number of governance and management requirements that the Governor believed were necessary to comply with AB 1054. The Governor's December 13 Letter further stated that the capital structure set forth in the December 6 Plan would contribute to a reorganized company that, in the Governor's view, would not be positioned to provide safe, reliable, and affordable electric service. The Disclosure Statement further states that the Debtors and the Governor's Office have been in continuing discussions as to these matters.

      As previously disclosed, in response to the concerns raised by the Governor, the Debtors have committed to a number of changes in connection with the Plan regarding governance, operations and financial structure, together designed to prioritize safety and expedite the Debtors' successful emergence from chapter 11.

      In addition, on March 20, 2020 the Debtors filed a motion [Docket No. 6398] (the "**CRCP**

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings given to such terms in the Disclosure Statement.

**Motion**") with the Bankruptcy Court for entry of an order approving a case resolution contingency process to address the circumstance in which the Plan is not confirmed or the Plan fails to go effective in accordance with certain required dates (the "**Case Resolution Contingency Process**"). As further described in the CRCP Motion, the Case Resolution Contingency Process contemplates a process for the sale of PG&E Corporation or the Utility in the event that the Plan is not confirmed or the Plan fails to go effective in accordance with certain required dates, including the appointment of a Chief Restructuring Officer to manage such process. The Case Resolution Contingency Process also contemplates an operational observer selected by the state of California.

In addition, the CRCP Motion describes certain other commitments that the Debtors have agreed to undertake in connection with the confirmation process and implementation of the Plan (the "**Other Commitments**"). The Other Commitments (which are described in more detail below) include, among other things, a limitation on the ability of Reorganized PG&E Corporation to pay dividends over a period of time after emergence from chapter 11; commitments by the Utility with respect to cost recovery of amounts paid in respect of "Fire Claims" under the Plan; the terms of a purchase option in favor of the state of California (which would be exercisable only in limited circumstances); and commitments with respect to the Utility's utilization of wildfire-related net operating losses.

Also on March 20, 2020, counsel for the Governor filed a statement with the Bankruptcy Court in support of the CRCP Motion [Docket No. 6402] (the "**Governor's Statement**"). The Governor's Statement indicates that entry of an order approving the CRCP Motion is a critical component of the Governor's willingness to support the Plan and that, in the Governor's view, the relief requested in the CRCP Motion responds to the Governor's previously stated concerns. In the Governor's Statement, the Governor further stated that a rate-neutral securitization transaction pursuant to Senate Bill 901 that meets all legal requirements as determined by the California Public Utilities Commission ("**CPUC**") would, in the Governor's judgment, be in the public interest, as it would strengthen the going-forward business and support the reorganized Utility's ability to provide safe, reliable, affordable and clean energy to its customers. The Governor's Statement also indicates that the Governor believes that if the CRCP Motion is granted and the CPUC approves the Plan with the governance, financial and operational

provisions submitted to the CPUC by the Utility or otherwise agreed by the Utility, with any modifications the CPUC believes appropriate or necessary, the Plan will, in the Governor's judgment, be compliant with Assembly Bill 1054.

A hearing in the Bankruptcy Court to consider approval of the CRCP Motion is currently scheduled for April 7, 2020.

A summary of the terms and provisions of the Case Resolution Contingency Process is set forth in detail in the CRCP Motion, which can be viewed for free at the website maintained by the Debtors in the Chapter 11 Cases at https://restructuring.primeclerk.com/pge/ (the "**Case Website**"). A summary of the Other Commitments is set forth below. Capitalized terms used in the following section, but not defined herein or in the Disclosure Statement have the meanings given to them in the CRCP Motion.

The Other Commitments. In connection with and subject to the approval of the Case Resolution Contingency Process, the Governor's Office's support for the Plan and the Securitization (as defined below), and the occurrence of the Effective Date, the Debtors have agreed to certain other matters as follows:

a) Dividend Restriction. Reorganized HoldCo (Reorganized PG&E Corporation) will not pay common dividends until it has recognized $6.2 billion in non-GAAP Core Earnings following the Plan Effective Date. That amount would be deployed as capital investment or reduction in debt. "**Non-GAAP Core Earnings**" means GAAP earnings adjusted for those non-core items identified in the Disclosure Statement;[2]

b) Fire Victim Claims Costs. The Reorganized Utility (Reorganized Pacific Gas and Electric Company) intends to file an application with the CPUC for approval of a single post-emergence 30-year securitization transaction of approximately $7.5 billion (the "**Securitization**"). If the CPUC does not grant approval of the Securitization, the Reorganized Utility will not seek to recover in rates any portion of the amounts paid in respect of "Fire Claims" under the Plan; and

c) Net Operating Losses. The Debtors' payment of wildfire claims under the Plan are expected to result in substantial net operating losses ("**NOLs**"). Consistent with the Debtors' financial projections provided in the Disclosure Statement, the Reorganized Utility will use cash flows generated by application of these NOLs in future years in connection with the Securitization. If this Securitization is not approved or

---

[2] *See* Disclosure Statement, Exhibit B, p. 168 [Docket No. 6353]. The non-core items identified in the Disclosure Statement are Bankruptcy and Legal Costs; Investigation Remedies and Delayed Cost Recovery; GT&S Capital Audit; Amortization of Wildfire Insurance Fund Contribution; and Net Securitization Inception Charge. *Id.* at 174

consummated, the Reorganized Utility will use these cash flows to amortize the $6 billion in Temporary Utility Debt that is part of the Debtors' exit financing under the Plan.

<u>Post Plan Effective Date Purchase Option in Favor of State of California</u>.

The Other Commitments also include a post Plan Effective Date purchase option in favor of the state of California as follows:

- On February 18, 2020, in the proceedings before the CPUC related to approval of the Plan, the Assigned Commissioner issued a ruling that set forth various proposals. One such proposal was an Enhanced Regulatory Reporting and Enforcement Process ("**Enhanced Regulatory Process**") that includes six steps to be implemented over an extended period of time which could, under certain circumstances, culminate in a review and potential revocation of the Reorganized Utility's certificate of public convenience and necessity ("**CPCN**"), i.e., its license to operate as a public utility. The Debtors agree that if the CPUC revokes the CPCN through the Enhanced Regulatory Process, the state of California will have the option to purchase all of the issued and outstanding equity interests of the Reorganized Utility (including common stock and any options or other equity awards issued or granted by the Reorganized Utility), directly or via a state-designated entity, at an aggregate price to the holders of such equity interests equal to (i) the estimated one-year forward income computed by reference to rate base times equity ratio times return on equity (in each case as authorized by the CPUC and Federal Energy Regulatory Commission), multiplied by (ii) the average one-year forward price to earnings ratio of the utilities then comprising the Philadelphia Utilities Index ("**PHLX**"), multiplied by (iii) 0.65.

The Debtors also have agreed, subject to the approval of the CRCP Motion and the Governor's Office's support for the Plan and the Securitization, to the following:

- As a condition to the occurrence of the Effective Date, the secured debt to be issued in connection with the funding of the Plan must receive an investment grade rating from at least one of Standard & Poor's or Moody's on the Effective Date. This condition may be waived with the consent solely of the Plan Proponents and the Governor's Office; and

- The Plan Documents (as defined in the Plan), including the documents included in the Plan Supplement (as defined in the Plan) and any amendments to the Plan must be in form and substance acceptable to the Governor's Office.

**B.** **<u>Butte County District Attorney Investigation and potential Claims</u>**

As set forth in Section II.C.2 of the Disclosure Statement, the Butte County District Attorney's Office (the "**Butte County DA**") and the California Attorney General's Office opened a criminal investigation of the November 8, 2018 Camp fire (the "**Camp Fire**"). The Disclosure Statement further discloses that potential criminal charges that could be filed against the Debtors and current or former

employees with respect to the Camp Fire include recklessly causing a fire, manslaughter, and related environmental charges. The Debtors could be subject to material fines, penalties, or restitution orders if it is determined that the Debtors failed to comply with applicable laws and regulations in connection with the Camp Fire, as well as non-monetary remedies such as oversight requirements. If the Debtors were found criminally liable, the Debtors could also be liable for claims of restitution on behalf of certain Fire Victims under the California Penal Code. The Debtors believe that any claims for such restitution would constitute Fire Victim Claims and under the Plan would be satisfied solely out of the Fire Victim Trust.

Pursuant to a Motion filed with the Bankruptcy Court on March 23, 2020 [Docket No. 6418] (the "**Butte County Motion**"), the Debtors are seeking approval of a Plea Agreement and Settlement with the People of the State of California (the "**People**"), represented by the Butte County DA (the "**Butte County Agreement**"), that resolves the criminal prosecution and investigation of the Utility arising from the Camp Fire. The Butte County Motion and any related pleadings can be viewed for free on the Case Website. The principal terms of the Butte County Agreement, which are more fully set forth in the Butte County Motion, are as follows:

1. The Utility agrees to plead guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire;

2. The Utility will be sentenced to pay the maximum total fine and penalty of not more than $3,486,950.00. The Utility will also pay $500,000.00 to reimburse costs spent on the investigation of the Camp Fire;

3. Upon approval and acceptance of the Butte County Agreement by the Butte County Superior Court and the Bankruptcy Court, the People, by and through the Butte County DA, agree not to prosecute any criminal charges relating to the Camp Fire against the Debtors or Reorganized Debtors;

4. The Butte County Agreement will be in full and final satisfaction, release and discharge of the proofs of claim filed by the People, through the Butte County DA, in the Chapter 11 Cases;

5. The People, by and through the Butte County DA, agree not to oppose any effort by the Utility to seek the discharge of claims for restitution pursuant to Cal. Penal Code § 1202.4 in the Chapter 11 Cases made on the grounds that such claims are satisfied pursuant to the agreements referenced in the Butte County Agreement and the Plan; and

6. The Utility will be entitled to withdraw the plea if: (i) the Butte County Agreement is not approved by the Butte County Superior Court; (ii) any obligation, including fines,

penalties, assessments, obligations to pay restitution in addition to the settlements described in the Butte County Agreement are imposed on the Utility; or (iii) the Butte County Agreement is not approved by the Bankruptcy Court, or the Plan is not confirmed by June 30, 2020 or does not become effective in accordance with its terms. If the plea is withdrawn by the Utility, the indictment shall remain.

Simultaneous with entry into the Butte County Agreement, but separate from such Butte County Agreement, the Utility has committed to spend up to $15 million over five years to provide water to Butte County residents impacted by damage to the Utility's Miocene Canal caused by the Camp Fire. In addition, the Utility has separately consented to the Butte County DA consulting, sharing information with and receiving information from the monitor overseeing the Utility's probation related to the San Bruno explosion through the expiration of the Utility's term of probation, and in no event until later than January 31, 2022. This consent is subject to the approval of the federal court overseeing the Utility's probation and the monitor.

A hearing on the Butte County Motion is currently scheduled for April 14, 2020 in the Bankruptcy Court.

C.  **Financial Projections**

Attached hereto as **Exhibit A** are updated financial projections that reflect, among other things, the information set forth above.

1

Dated: San Francisco
      March [●], 2020

2

3

Respectfully submitted,

4

PG&E CORPORATION

5

6

By: _____

7

Name:  Jason P. Wells
Title:    Executive Vice President and Chief Financial

8

         Officer

9

PACIFIC GAS AND ELECTRIC COMPANY

10

11

By: _____

12

Name:  David S. Thomason
Title:    Vice President, Chief Financial Officer and

13

         Controller

14

SHAREHOLDER PROPONENTS

15

By: _____

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**Updated Financial Projections**

[To be Filed]