WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AND THE COURT'S ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY STEPTOE & JOHNSON LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: April 14, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>Objection Deadline: April 7, 2020, 4:00 p.m. (PDT) |

1    PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Steptoe & Johnson LLP ("**Steptoe**" or the "**Firm**") as special counsel for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of Steptoe, as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined below), which Steptoe has performed for the Debtors prior to and during these Chapter 11 Cases in accordance with Steptoe's existing agreed-upon hourly rates in effect when services are rendered and Steptoe's existing reimbursement policies applicable to the Debtors.

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. Steptoe has served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Laurie Edelstein Behalf of Steptoe & Johnson LLP* (the "**Prior Edelstein Declaration**"), annexed as Exhibit A-58 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130].

Because the services the Debtors have asked, and expect to ask, Steptoe to perform in connection with the Specific Matters will exceed the caps set forth in the OCP Order, the Debtors seek approval of Steptoe as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP

Order. Steptoe has been paid and will be paid its compensation pursuant to the terms of the OCP Order for all fees and expenses incurred through January 31, 2020. Steptoe intends to apply for all compensation and reimbursement of expenses for the period beginning February 1, 2020 through the procedures approved by the Court in the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Docket No. 701] (the "**Interim Compensation Procedures Order**").

In support of this Application, the Debtors submit the Declaration of Laurie Edelstein, a partner of the Firm (the "**Edelstein Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and General Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith, and incorporate by reference the Prior Edelstein Declaration (as supplemented by the Edelstein Declaration). A proposed form of order approving the retention and employment of Steptoe is annexed hereto as **Exhibit A** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Steptoe & Johnson LLP currently represents and/or advises PG&E in (i) the pre-petition Ghost Ship fire litigation pending in state court (the "Ghost Ship Case"); (ii) pre-petition litigation pending in federal court arising out of a May 5, 2017 power outage at a refinery owned Valero Refining Company – California (the "Valero Case"); and (iii) several other litigation and pre-litigation matters (together, (i) through (iii), the "**Specific Matters**"). The Specific Matters are described in more detail below.

Although Steptoe was approved and has been serving as an Ordinary Course Professional in the Chapter 11 Cases, recent developments—particularly in the Ghost Ship Case and the Valero Case—have compelled Steptoe to dedicate significantly more time to its representation of the Debtors, thus increasing Steptoe's fees beyond the maximum allowable under the OCP Order.

As discussed below, Steptoe's continued representation of PG&E in these matters, and specifically in the Ghost Ship Case and Valero Case (as defined below), is the most efficient and cost-effective path for PG&E. For these reasons, the Debtors request that the Court grant this Application to retain Steptoe as special counsel.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND ON PG&E MATTERS WHERE STEPTOE IS COUNSEL

Steptoe has represented and continues to represent PG&E in the Specific Matters, as further discussed below.

### A. The Ghost Ship Case

Following the tragic fire at a warehouse in Oakland in December 2016, families of the victims of the fire, as well as survivors, filed suits in the Superior Court for the County of Alameda. Pacific Gas and Electric Company and PG&E Corporation were first named as defendants in the Master Complaint

filed on May 16, 2017. Plaintiffs have alleged the following claims against PG&E: (1) negligence; (2) premises liability; (3) negligent hiring, supervision, training, and/or retention; (4) public nuisance; (5) strict liability; (6) survival; and (7) negligent infliction of emotional distress.

Currently, there are 53 pending suits involving 78 plaintiffs. The court has related these suits, which are proceeding under the caption, *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases) (Alameda County Superior Court).

The Ghost Ship Case was stayed as to PG&E upon PG&E's filing of these Chapter 11 cases on January 29, 2019. On November 26, 2019, the Plaintiffs' Executive Committee appointed by the Alameda Superior Court in the Ghost Ship Case filed a motion before this Court for relief from the automatic stay. [*See* Docket No. 4875.] A hearing on the motion was held on December 17, 2019. On January 6, 2020, the Court entered the *Order Re: Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with the Ghost Ship Fire Cases* [Docket No. 5280].

Following the lifting of the stay, the Alameda County Superior Court set a trial date of October 19, 2020 in the Ghost Ship Case. Discovery and pretrial matters are proceeding.

### B. The Valero Case

On June 30, 2017, Valero Refining Company – California (Valero) filed a lawsuit against PG&E in the United States District Court for the Eastern District of California seeking $75 million in damages arising out of a May 5, 2017 outage at Valero's Benicia Refinery (the Refinery), *Valero Refining Company – California* v. *Pac. Gas & Elec. Co.*, No. 17 Civ. 1350 (E.D. Cal.). Valero alleged breach of contract and negligence claims against PG&E.

The Valero Case was set for trial on June 3, 2019, but the case was stayed upon PG&E's filing of these Chapter 11 cases on January 29, 2019. On February 5, 2019, Valero filed a motion before this Court for relief from the automatic stay. [*See* Docket No. 315.] On September 5, 2019, Valero and PG&E filed a stipulation agreeing to participate in a mediation. The parties further agreed that if the mediation failed to result in a settlement of all claims in the federal district court litigation, Valero's motion for relief from stay would be deemed granted without further order of the Court to allow the completion of pretrial proceedings, trial, post-trial motions and any appellate proceedings in or in

connection with the federal district court action, effective on November 25, 2019. On September 5, 2019, the Court entered the *Order Approving Stipulation Between Debtor Pacific Gas and Electric Company and Movant Valero Refining Company-California for Limited Relief from the Automatic Stay and Limited Preservation of Jury Trial Rights* [Docket No. 3819].

The parties held a mediation on October 22, 2019 that did not result in a settlement of all claims in the federal district court litigation. On November 25, 2019, Valero filed a Notice of Stipulation to Lift Bankruptcy Stay with the federal district court. That same day, the federal district court issued a minute order stating that pursuant to the Notice of Stipulation to Lift Bankruptcy Stay, the stay was lifted and case was reopened. The federal district court ordered the parties to file a Joint Status Report within 30 days.

On December 20, 2020, the parties filed a Supplemental Joint Status Report proposing new pretrial and trial dates and deadlines. On January 14, 2020, the federal district court issued a minute order reinstating Valero's motion for leave to amend its complaint to add a punitive damages claim and stating that the court will issue a written order on that motion. The court ordered the parties to file a second Supplemental Joint Status Report proposing new dates and deadlines within 30 days after the court issues a ruling on the motion to amend. On March 3, 2020, Valero filed a motion to enforce certain deadlines and for depositions. That motion is set to be heard on April 30, 2020.

### C. Other Matters

Steptoe continues to represent PG&E and three current and former employees in an action brought by Tiger Natural Gas, Inc. (Tiger), a core gas transport agent, alleging RICO and federal antitrust claims, among others, arising out of PG&E's billing and collections role, *Tiger Natural Gas, Inc.* v. *Pac. Gas & Elec. Co.*, No. 16 Civ. 6711 (N.D. Cal.). On October 18, 2019, Tiger filed before this Court a motion for relief from stay. [*See* Docket No. 4322]. On January 21, 2020, Tiger and PG&E filed a stipulation with this Court for limited relief from the automatic stay to participate in mediation. [*See* Docket No. 5431]. On January 22, 2020, the Court entered the *Order Approving Stipulation Between Debtor Pacific Gas and Electric Company and Tiger Natural Gas, Inc. for Limited Relief from the Automatic Stay* [Docket No. 5455]. The parties have a scheduled a mediation for May 11, 2020.

Steptoe also has been advising PG&E in connection with issues and litigation arising out of the Public Power Safety Shutoffs (PSPS).

In addition, Steptoe is representing and advising PG&E regarding a dispute with a customer arising out of a scheduled transmission clearance.

## IV. SCOPE OF SERVICES

By this Application, the Debtors seek to engage Steptoe as special counsel to provide professional services in connection with the Specific Matters. As noted above, the Specific Matters consist primarily of advising and/or representing the Debtors regarding (1) the Ghost Ship Case; (2) the Valero Case; and (3) the Other Matters.

As to the Ghost Ship Case, Steptoe's representation of PG&E includes, but is not limited to, overall case management, development of legal strategy, conducting and responding to discovery, appearing and participating at hearings, drafting and responding to motions and briefs, working with experts, preparing PG&E's case for trial, and participating in potential settlement efforts.

With respect to the Valero Case, Steptoe's representation includes, but is not limited to, working with experts, completion of discovery, drafting and responding to motions, appearing and participating in hearings, preparing PG&E's case for trial, and participating in potential settlement efforts.

With respect to the Other Matters, Steptoe will be preparing for and participating in a mediation with Tiger on May 11, 2020 and in connection with that mediation analyzing Tiger's alleged damages. Steptoe also will continue to provide advice to PG&E in connection with issues and litigation arising out of the Public Power Safety Shutoffs (PSPS) and the dispute with a customer arising out of a scheduled transmission clearance.

Steptoe also will perform all other necessary legal services in connection with the matters described above, and also assist, as requested, with matters related to these services as they may affect the Chapter 11 Cases.

Steptoe has and will continue to work closely with Weil, Gotshal, & Manges LLP, Cravath, Swaine & Moore LLP, and Keller & Benvenutti LLP and PG&E's other professionals to maximize efficiency and avoid any duplication of effort.

## V. STEPTOE'S QUALIFICATIONS

The Specific Matters for which Steptoe's retention is sought hereunder as special counsel are expected to be substantially the same as those performed under the OCP Order; *however*, the scope of such services is expected to increase in connection with the Chapter 11 Cases, necessitating the filing of the Application.

Steptoe is exceptionally qualified with respect to litigation matters in general and with litigation involving the energy industry in particular. Steptoe has a long history of success in representing many of the nation's leading energy companies in litigation and regulatory matters. Steptoe's Energy group is widely recognized as one of the nation's premier energy practices. Steptoe has represented clients in many of the most important cases in the electric industry in federal court proceedings and at the Federal Energy Regulatory Commission. Steptoe's commercial litigation lawyers are known for combining their deep understanding of the energy industry and with their litigation skills and have earned a national reputation for successful advocacy in litigation matters.

Further, as noted above, Steptoe already has extensive experience advising and representing the Debtors on the various pending litigation matters. In addition, prior to the Petition Date, Steptoe represented the Debtors in a number of matters, acquiring considerable knowledge of Debtors' business and operations. Accordingly, Steptoe is both well qualified and uniquely able to represent the Debtors in the Chapter 11 Cases with respect to the Specific Matters.

## VI. COORDINATION WITH OTHER PROFESSIONALS

Steptoe is aware that the Debtors have retained other law firms in connection with the Chapter 11 Cases, including in connection with various civil litigation matters. Steptoe has been coordinating and will continue to coordinate closely with the Debtors and their other retained professionals to delineate the scope of services and avoid duplication of services wherever reasonably possible.

## VII. NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

As set forth in the Edelstein Declaration, incorporated herein by reference, Steptoe has disclosed any representations of parties adverse to the Debtors that Steptoe has been able to determine as of the time of filing this Application. In reliance on the Edelstein Declaration, the Debtors believe that Steptoe does not represent or hold an interest adverse to the Debtors or their estates with respect to the Specific Matters. The Debtors believe that Steptoe's employment as special counsel with respect to the Specific

Matters is in the best interests of their estates and, accordingly, that Steptoe's retention pursuant hereto is appropriate pursuant to section 327(e) of the Bankruptcy Code.

**VIII. PROFESSIONAL COMPENSATION**

Prior to the filing of this Application, Steptoe was compensated pursuant to the OCP Order. Pursuant to the OCP Order, between the Petition Date and the date hereof, Steptoe has been paid in the amount of $140,809.56 on account of its post-petition fees and expenses. Currently, Steptoe is owed approximately $606,913.63 in fees and expenses on account of its post-petition services as an ordinary course professional for the Debtors for the months of October 2019 through January 2020. This Application seeks approval of Steptoe as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order.

On September 5, 2019, Steptoe filed a proof of claim related a pre-petition claim held against the Utility in the amount of $81,268.85.

In accordance with the OCP Order, following entry of the order approving the Application (or, in accordance with the OCP Order, for any prior period to the extent Steptoe's fees and expenses will exceed the applicable caps set forth in the OCP Order), Steptoe will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the OCP Order, and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the foregoing dates. Steptoe will seek allowance of its fees and reimbursement of its expenses for all fees and expenses for the period beginning February 1, 2020.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Steptoe for services

rendered at its customary hourly rates that are in effect from time to time, as set forth in the Edelstein Declaration, and to reimburse Steptoe according to its customary reimbursement policies. The Debtors respectfully submit that Steptoe's rates and policies stated in the Edelstein Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## IX. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 24, 2020

Respectfully submitted,

By: /s/ Janet Loduca

Name: Janet Loduca

Title: Senior Vice President and General Counsel