# Exhibit A

Proposed Order

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue New York, NY 10153-0119 |
| 7 | Tel: 212 310 8000 Fax: 212 310 8007 |
| 8 | KELLER BENVENUTTI KIM LLP |
| 9 | Tobias S. Keller (#151445) (tkeller@kbkllp.com) |
| 10 | Jane Kim (#298192) (jkim@kbkllp.com) |
| 11 | 650 California Street, Suite 1900 San Francisco, CA 94108 |
| 12 | Tel: 415 496 6723 Fax: 650 636 9251 |
| 13 | *Attorneys for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] ORDER PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY STEPTOE & JOHNSON LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE** |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

| 1 | Upon the Application, dated March 24, 2020 (the "**Application**"),[1] of PG&E Corporation
| --- | --- |
| 2 | ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in
| 3 | possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases
| 4 | (the "**Chapter 11 Cases**"), pursuant to section 327(e) of title 11 of the United States Code
| 5 | (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure
| 6 | (the "**Bankruptcy Rules**"), for authority to retain and employ Steptoe & Johnson LLP ("**Steptoe**" or the
| 7 | "**Firm**") as special counsel for certain matters for the Debtors effective as of the Petition Date, all as
| 8 | more fully set forth in the Application; and this Court having jurisdiction to consider the Application
| 9 | and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Order Referring
| 10 | Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 and Rule 5011-1(a) of the
| 11 | Bankruptcy Local Rules for the United States District Court for the Northern District of California (the
| 12 | "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core
| 13 | proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28
| 14 | U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the
| 15 | parties listed therein, and it appearing that no other or further notice need be provided; and this Court
| 16 | having reviewed the Application, the Edelstein Declaration, the Prior Edelstein Declaration, and the
| 17 | Loduca Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had
| 18 | before the Court; and this Court having found and determined that the relief sought in the Application is
| 19 | in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and
| 20 | that the legal and factual bases set forth in the Application establish just cause for the relief granted
| 21 | herein; and after due deliberation and sufficient cause appearing therefor,
| 22 | IT IS HEREBY ORDERED THAT:
| 23 | 1. This Application is granted as provided herein.
| 24 | 2. The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code and
| 25 | Bankruptcy Rules 2014(a) and 2016, to retain and employ Steptoe as special counsel under the terms
| 26 | |
| 27 | |
| 28 | |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and conditions set forth in the Application and the Edelstein Declaration, which are appropriate under the terms of these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date.

3. The Debtors are authorized to continue to employ Steptoe in connection with the Specific Matters as set forth in the Application and the Edelstein Declaration, which are appropriate under the terms of these Chapter 11 Cases, and to engage Steptoe as special counsel in connection therewith under section 327(e) of the Bankruptcy Code.

4. Prior to the filing of this Application, Steptoe was compensated pursuant to the OCP Order. Following entry of this Order, for the period beginning February 1, 2020, Steptoe shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, the Interim Compensation Procedures Order, and any further order of the Court.

5. Steptoe shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6. Fees paid and expenses reimbursed prior to entry of this Order under the OCP Order shall not be subject to this Order.

7. Steptoe shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9. Steptoe shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of Steptoe's hourly rates as set forth in the Edelstein Declaration.

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**