WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e), FED. R. BANKR. P. 2014(a) AND 2016, AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY COVINGTON & BURLING LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE JANUARY 1, 2020**<br><br>Date:    April 14, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco<br>Objection Deadline:  April 7, 2020,<br>                           4:00 p.m. (PDT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "Utility"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Covington & Burling LLP ("**Covington**" or the "**Firm**") as special counsel for the Debtors effective as of January 1, 2020.

The Debtors request the Court to approve the retention of Covington, as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined below), which Covington has performed for the Debtors during these Chapter 11 Cases in accordance with Covington's existing agreed-upon hourly rates in effect when services are rendered and Covington's existing reimbursement policies applicable to the Debtors.

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), subject to the terms of the OCP Order. For more than two months, Covington has been serving as Ordinary Course Professionals counsel to the Debtors pursuant to the OCP Order. As set forth in the OCP Order, on January 9, 2020, the Debtors previously filed the Declaration and Disclosure Statement of David B. Goodwin, on Behalf of Covington & Burling LLP (the "**Prior Goodwin Declaration**") and the *Retention Questionnaire*, annexed as Exhibit A to the *Notice of Filing of Third List of Additional Ordinary Course Professionals* [Dkt. No. 5316].

Because the services the Debtors have asked, and expect to ask, Covington to perform in connection with the Specific Matters will exceed the caps set forth in the OCP Order, the Debtors seek approval of Covington as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to January 1, 2020, as contemplated by paragraph 2(ix) of the OCP Order. Covington has not yet been compensated pursuant to the terms of the OCP Order for all fees and expenses incurred prior to this date, and has submitted invoices for time through February

29, 2020, the payment of which would have caused Covington to exceed the cap imposed by the OCP Order. Covington intends to apply for all compensation and reimbursement of this amount, and for all additional expenses incurred after January 1, 2020 pursuant to the procedures approved by the Court in the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Dkt. No. 701].

In support of this Application, the Debtors submit the Declaration of David B. Goodwin, a partner of the Firm (the "**Goodwin Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and General Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith, and incorporate by reference the Prior Goodwin Declaration (as supplemented by the Goodwin Declaration). A proposed form of order approving the retention and employment of Covington is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **Introduction**

David Goodwin, at his prior law firm (Heller Ehrman LLP), served for more than a decade as insurance coverage counsel for PG&E. The Company recently retained Mr. Goodwin and his current law firm, Covington & Burling LLP, to assist with insurance issues arising out of the Company's director and officer ("D&O") liability insurance program, in connection with (i) two securities actions, (ii) six derivative actions related to either the 2017 North Bay Fires or the 2018 Camp Fire, (iii) various books and records demands to the Company related to the above, (iv) settlement of the securities actions and derivative actions, including the settlement of a derivative action in connection with the San Bruno accident; and (v) the Company's current and proposed renewal D&O liability insurance programs (together, (i) through (v), the "**Specific Matters**").

While Covington was approved and has been serving as an Ordinary Course Professional in the Chapter 11 Cases—particularly in connection with attempts to settle the securities class actions and the derivative actions—recent developments have compelled Covington to dedicate significantly more time to its representation of the Debtors, thus increasing the costs of the representation beyond the maximum allowable under the OCP Order.

As discussed below, Covington's continued representation of PG&E in these matters is the most efficient and cost-effective path for PG&E. For these reasons, the Debtors request that the Court grant this Application to retain Covington as special counsel.

## II. Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Scope of Services

By this Application, the Debtors seek to engage Covington as special counsel to provide professional services in connection with the insurance coverage matters discussed above. This includes the analysis of multiple D&O insurance programs; communications with the 13 D&O insurers in the 2017-2018 program and the 17 D&O insurers in the 2018-2020 program; attending mediations and otherwise assisting the Company's counsel in attempting to settle the securities and derivative actions; and assisting PG&E in connection with the analysis and renewal of its D&O insurance program.

Covington will also provide all other necessary legal services for the Debtors, as related to the above matters, in connection with the above-captioned Chapter 11 Cases, including fact investigation, legal researching, briefing, argument, discovery, reorganization, plan and disclosure statement matters, appearance and participation in hearings, and communications and meetings with parties in interest.

## IV. Covington's Qualifications

The Specific Matters for which Covington's retention is sought hereunder as special counsel are expected to be substantially the same as those performed under the OCP Order; *however*, the scope of such services is expected to increase in connection with the Chapter 11 Cases, necessitating the filing of the Application.

Covington is highly-qualified with respect to the insurance coverage matters described above. The team is led by David Goodwin and Jeffrey Davidson in Covington's San Francisco office. Mr.

Goodwin has more than 35 years of experience in handling insurance coverage matters on behalf of policyholders and is one of only two lawyers ranked in the highest tier of insurance coverage lawyers in California according to the *Chambers USA Guide*, a leading guide to law firms. In the past, Mr. Goodwin has assisted PG&E with a variety of insurance issues, including claims for insurance coverage for environmental liabilities, property damage and extra expense losses, general liability issues, and tort claims arising out of the San Bruno pipeline explosion. Moreover, Mr. Davidson has more than a decade of experience in insurance coverage matters. Covington's insurance coverage practice is generally recognized as perhaps the leading policyholder-side practice in the country, and is the only policyholder-side practice ranked in "Band 1" in California, and the only policyholder-side practice ranked in "Band 1" nationally, by the *Chambers USA Guide*.

Further, as noted above, Covington already has extensive experience advising and representing the Debtors on the various pending insurance coverage matters. Accordingly, Covington is both well-qualified and uniquely able to represent the Debtors in the Chapter 11 Cases with respect to those matters.

**V.      Coordination With Other Professionals**

Covington is aware that the Debtors have retained other law firms in connection with the Chapter 11 Cases, including in connection with various civil litigation matters. Covington has been coordinating and will continue to coordinate closely with the Debtors and their other retained professionals to delineate the scope of services and avoid duplication of services wherever reasonably possible.

**VI.     No Adverse Interest With Respect To The Specific Matters**

As set forth in the Goodwin Declaration, incorporated herein by reference, Covington has disclosed its representations of parties adverse to the Debtors that Covington has been able to determine as of the time of filing this Application. In reliance on the Goodwin Declaration, the Debtors believe that Covington does not represent or hold an interest adverse to the Debtors or their estates with respect to the matters described above. A list of unrelated adverse matters (all of which have been disclosed to and approved by the Debtors, and related to which Covington has established an ethical wall as to all Covington attorneys involved in such matters) is included in the Goodwin Declaration. Additionally, the Goodwin Declaration identifies Covington's representation of investors in subrogation rights against

PG&E in matters adverse to various insurers or third parties, as well as a Senior of Counsel at Covington who previously served as a member of Debtors' board of directors and is a defendant in certain of the derivative actions (both of which had been disclosed to and approved by the Debtors) and a Senior Counsel at Covington who provided an expert declaration on behalf of ConEd Development, NextEra, and Calpine. Accordingly, the Debtors believe that Covington's employment as special counsel with respect to the above insurance matters is in the best interests of their estates and, accordingly, that Covington's retention pursuant hereto is appropriate pursuant to section 327(e) of the Bankruptcy Code.

### VII. Professional Compensation

Prior to the filing of this Application, Covington has not yet been compensated pursuant to the OCP Order for its post-petition fees and expenses. Currently, Covington is owed approximately $3,008.50 on account of its post-petition services as an ordinary course professional for the Debtors for the month of December 2019 and $138,425.00 for the month of January 2020. Covington additionally incurred $141,816.11 in fees and expenses for the month of February 2020 (unbilled). This Application seeks approval of Covington as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to January 1, 2020, as contemplated by paragraph 2(ix) of the OCP Order.

In accordance with the OCP Order, following entry of the order approving the Application (or, in accordance with the OCP Order, for any prior period to the extent Covington's fees and expenses will exceed the applicable caps set forth in the OCP Order), Covington will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the OCP Order, and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses

incurred after the foregoing dates. Covington will seek allowance of its fees and reimbursement of its expenses beginning with January 2020.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Covington for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Goodwin Declaration, and to reimburse Covington according to its customary reimbursement policies. The Debtors respectfully submit that Covington rates and policies stated in the Goodwin Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## VIII.  Notice

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

/ / /

/ / /

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: March 24, 2020

Respectfully submitted,

By: /s/ Janet Loduca

Name: Janet Loduca

Title: Senior Vice President and General Counsel