Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>   -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR STANDING TO PROSECUTE CLAIMS OF THE DEBTORS' ESTATES**<br><br>**Hearing**<br>Date:     April 7, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   Courtroom 17<br>           450 Golden Gate Ave., 16th Fl.<br>           San Francisco, CA 94102 |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors") hereby files this statement (the "Statement") regarding *The Official Committee of Tort Claimants' Motion For Standing To Prosecute Claims Of The Debtors' Estates* [Docket No. 5972] (the "Motion").[1] The Creditors' Committee respectfully states as follows:

**STATEMENT**

1. The Creditors' Committee welcomes the Stipulation and Agreement filed by the Debtors on March 23, 2020 [Docket No. 6435] (the "Stipulation") as it appears to resolve the Creditors' Committee's anticipated limited objection to the relief requested within the Motion.

2. The Creditors' Committee supports the TCC's request for standing "sole[ly]" to (i) confirm the interests of the Debtors' estates in the Shareholder Claims and Shareholder BK Claims (collectively, the "Claims") and, if those claims are determined to be derivative, (ii) enjoin further prosecution of the Pending Action and pursuit of the Securities POC. Stipulation at 3. Indeed, until a plan is confirmed in these cases, the Creditors' Committee's constituency may well have an interest in the Claims equal to all other creditors. The TCC's efforts are thus an appropriate use of estate resources, as they may benefit the Debtors' estates as a whole, as opposed to primarily parochial interests. The Creditors' Committee further reserves its rights to intervene in any action that may result if the Stipulation is approved.

3. The Creditors' Committee submits one clarifying note. Although the Stipulation expressly limits the TCC's standing to prosecute only the issues identified in the preceding paragraph, the Stipulation also purports to confer standing upon the TCC to commence and prosecute the Adversary Proceeding substantially in the form exhibited to the Motion. Stipulation at 3. That Adversary Proceeding, however, *also* seeks standing to confirm that the Claims are "Assigned Rights and Causes of Action" ("Assigned Claims") under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Docket No. 6320] (the "Plan"). *See* Proposed Complaint, attached as Exhibit B to the Motion [Docket

---

[1] Capitalized terms not defined herein have the meanings given them in the Motion.

No. 5972-2] at 20 ("Second Claim for Relief"). The TCC's pursuit of such a declaration, to the extent it survives the Stipulation, is premature.[2]

4. Subject to the foregoing clarification, advanced in an abundance of caution, the Creditors' Committee supports the Stipulation.

DATED: March 25, 2020

MILBANK LLP

/s/ Gregory A. Bray
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*

---

[2] Among other things, the TCC would be asking the Court to (i) interpret an agreement that is expressly subject to a condition precedent—confirmation of the Plan in its current form—that has not occurred, (ii) issue an advisory opinion, as no party, insofar as the Creditors' Committee is aware, has taken the position that the Claims, if determined to be derivative, are not Assigned Claims under the Plan, and (iii) pre-empt the Debtors' Schedule of Assigned Rights and Causes of Action, which may obviate the need to litigate the issue at all.