**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for PG&E Corporation and Pacific Gas and Electric Company*

**JONES DAY**
Bruce S. Bennett (SBN 105430)
(bbennett@jonesday.com)
Joshua M. Mester (SBN 194783)
(jmester@jonesday.com)
James O. Johnston (SBN 167330)
(jjohnston@jonesday.com)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: 213 489 3939
Fax: 213 243 2539

*Attorneys for Shareholder Proponents*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and - | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | District Case No. 20-01493 (HSG) |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the lead case, No. 19-30088 (DM) | **APPELLEES' RESPONSE TO TRADE COMMITTEE'S STATEMENT OF ISSUES, DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD** |

PG&E Corporation and Pacific Gas & Electric Company ("**Debtors**") and the PG&E Shareholders[1] (collectively, the "**Appellees**") submit this response to the March 5, 2020 filing by the Ad Hoc Committee of Holders of Trade Claims (the "**Trade Committee**" or "**Appellant**") of its *Statement of Issues, Designation of Items to be Included in the Record, and Certification Regarding Transcript*, Dkt. No. 6126, (the "**Statement**") in connection with its Appeal from (i) the *Interlocutory Order Regarding Postpetition Interest*, Dkt. No. 5669, entered on February 6, 2020, and (ii) the related *Memorandum Decision Regarding Postpetition Interest* entered on December 30, 2019, Dkt. No. 5226, by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). While the Appellees contend that the appeal should be dismissed because the orders appealed from are not final and leave to pursue an interlocutory appeal should be denied—for all the reasons set forth in the Appellees' opposition to Appellant's motion for leave (*Ad Hoc. Cmte. of Holders of Trade Claims v. PG&E Corp.*, Case No. 20-cv-01493-HSG (N.D. Cal., Mar. 13, 2020), Dkt. No. 32)—the Appellees submit this response in an abundance of caution in the event the appeal is permitted to proceed.

### Response to Statement of Issues on Appeal

The Trade Committee's *Statement of Issues, Designation of Items to be Included in the Record, and Certification Regarding Transcript*, Dkt. No. 6126, filed on March 5, 2020, reiterates the misleading and incorrect characterization of the Ninth Circuit's holding in *In re Cardelucci,* 285 F.3d 1231 (9th Cir. 2002), made in its motion for leave to appeal (Dkt. No. 5845) ("**Motion for Leave**"). As Appellees made clear in their opposition to the Motion for Leave, *Cardelucci* clearly held that, "[w]here a debtor in bankruptcy is solvent, an unsecured creditor is entitled to 'payment of interest at the legal rate'" on its allowed claim after the bankruptcy petition date, and that "Congress

---

[1] The PG&E Shareholders are the entities identified on Exhibit A to the *Fifth Amended Verified Statement Of Jones Day Pursuant To Federal Rule Of Bankruptcy Procedure 2019*, Dkt. No. 5142. The PG&E Shareholders are acting in their individual capacities but authorized the filing of this single submission for the purpose of administrative efficiency. Each of the PG&E Shareholders is expressing its independent views, and counsel does not have the actual or apparent authority to obligate any one entity to act in concert with any other entity with respect to PG&E equity securities. The PG&E Shareholders have not agreed to act in concert with respect to their respective interests in PG&E equity securities.

intended 'interest at the legal rate' in 11 U.S.C. § 726(a)(5) to mean interest at the federal statutory rate pursuant to 28 U.S.C. § 1961(a)." *Cardelucci*, 285 F.3d at 1234. That is exactly what the Debtors' Plan provides. There is nothing in *Cardelucci* that limits its holding to claims that are impaired, as Appellant contends. Like the Plan here, the plan in *Cardelucci* "provided for payment in full" of the unsecured claim at issue, *id.* at 1233, and the Ninth Circuit held that "payment in full" is accomplished by payment of postpetition interest at the Federal Judgment Rate.

The issue on appeal, therefore, is whether the Bankruptcy Court properly applied binding Ninth Circuit precedent in holding that, in a solvent debtor case, a general unsecured creditor is entitled to postpetition interest on its claim at the Federal Judgment Rate.

## Designation of Record on Appeal

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellees hereby designate the following additional items to be included in the record on appeal, which include all exhibits and addenda attached thereto and filed therewith and all documents incorporated by reference therein:

| Item | Filing Date | Dkt. No.[2] |
|---|---|---|
| Second Amended Verified Statement Of The Ad Hoc Committee Of Senior Unsecured Noteholders Pursuant To Bankruptcy Rule 2019 | October 21, 2019 | 4369 |
| Fifth Amended Verified Statement Of Jones Day Pursuant To Federal Rule Of Bankruptcy Procedure 2019 | December 16, 2019 | 5142 |
| Debtors' Motion Pursuant To 11 U.S.C. §§ 363(b) And 105(a) And Fed. R. Bankr. P. 6004 And 9019 For Entry Of An Order (I) Approving And Authorizing The Debtors To Enter Into Restructuring Support Agreement With Consenting Noteholders And Shareholder Proponents, And (II) Granting Related Relief | January 27, 2020 | 5519 |
| Order Pursuant To 11 U.S.C. §§ 363(b) And 105(a) And Fed. R. Bankr. P. 6004 And 9019 (I) Approving And Authorizing The Debtors To Enter Into Restructuring Support Agreement With Consenting Noteholders And Shareholder Proponents, And (II) Granting Related Relief | February 5, 2020 | 5637 |
| Notice Of Withdrawal Of Chapter 11 Plan Of Reorganization Filed By The Ad Hoc Committee Of Senior Unsecured Noteholders | February 5, 2020 | 5644 |

---

[2] Unless otherwise indicated, all references herein to "Dkt. No." shall be to the docket maintained in the above-captioned chapter 11 cases.

Case: 19-30088    Doc# 6492-3    Filed: 03/26/20    Entered: 03/26/20 15:08:54    Page 3 of 44

| Item | Filing Date | Dkt. No. |
|---|---|---|
| Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization Dated March 9, 2020 | March 9, 2020 | 6217 |
| Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization Dated March 16, 2020 | March 16, 2020 | 6320 |
| Disclosure Statement For Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization | March 17, 2020 | 6353 |

Dated: March 19, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Theodore E. Tsekerides*
      Theodore E. Tsekerides
      Peter J. Benvenutti

*Attorneys for PG&E Corporation and Pacific Gas and Electric Company*

Dated: March 19, 2020

**JONES DAY**

By: /s/ *James O. Johnston*
      James O. Johnston

*Attorneys for Shareholder Proponents*