# **Proposed Order**

| | |
|---|---|
| 1  PILLSBURY WINTHROP SHAW PITTMAN LLP | |
| 2  Leo T. Crowley (*pro hac vice*) | |
|    31 West 52nd Street | |
| 3  New York, NY 10019-6131 | |
|    (212) 858-1000 | |
| 4  leo.crowley@pillsburylaw.com | |
| 5  Matthew S. Walker | |
|    12255 El Camino Real, Suite 300 | |
| 6  San Diego, CA 92130-4088 | |
|    (858) 847-4158 | |
| 7  matthew.walker@pillsburylaw.com | |
| 8  Dania Slim (*pro hac vice*) | |
|    324 Royal Palm Way, Suite 220 | |
| 9  Palm Beach, FL 33480-4309 | |
|    (561) 232-3300 | |
| 10 dania.slim@pillsburylaw.com | |
| 11 *Counsel for Wilmington Trust, National Association,* | |
|    *as the HoldCo Revolver Loan Administrative Agent* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **[PROPOSED] ORDER GRANTING WILMINGTON TRUST, NATIONAL ASSOCIATION'S MOTION FOR AN ORDER ALLOWING PROOFS OF CLAIM NOS. 31005 AND 55147 AND REQUIRING PLAN TREATMENT CONSISTENT THEREWITH** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the motion of Wilmington Trust, National Association, in its capacity as successor administrative agent under the Second Amended and Restated Credit Agreement (as amended, the "**Credit Agreement**") among PG&E Corporation and the agents and lenders thereunder, dated as of April 27, 2015, for entry of an order allowing Proofs of Claim Nos. 31005 and 55147 and requiring plan treatment consistent therewith (the "**Motion**");[1] and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the U.S. District Court for the Northern District of California; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice needs to be provided; and the Court having found and determined

      (i)      that there are inconsistencies in the Plan relating to the allowance and impairment of the HoldCo Revolver Claims, specifically that the Plan identifies the HoldCo Revolver Claims as unimpaired, but that Section 4.3(a) of the Plan does not provide for payment of all of the fees and expenses incurred under the Credit Agreement, including the fees and expenses of the administrative agents and their counsel and the Prepetition Facility Fee;

      (ii)      that absent changes in the Plan the Holdco Revolver Claims will be impaired by the Plan; and

      (iii)      for the Holdco Revolver Claims to be unimpaired the Plan would have to be amended as set forth herein;

---

[1] Capitalized terms used but not defined in this Order have the meanings given such terms in the Motion.

upon consideration of the Motion and the arguments contained therein, and the opposition thereto, if any; and any opposition to the Motion having been overruled, resolved or withdrawn; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Proof of Claim No. 31005 is allowed in the amount of $302,339.47.

3. Proof of Claim No. 55147 is allowed in full (save for the postpetition facility fee and postpetition interest above the Federal Judgment Rate); and the allowed amount of Proof of Claim No. 55147 includes any fees, expenses or other obligations incurred under the Credit Agreement through the date of distribution under the Plan, including the fees and expenses of Wilmington Trust and its counsel and the Prepetition Facility Fee.

4. Unless the Plan Proponents revise the Plan (including the treatment paragraph in Section 4.3(a) of the Plan) to cause the allowed amount of the HoldCo Revolver Claims to be paid in full in cash on the Effective Date as set forth in paragraph 3 above, the Holdco Revolver Claims will be impaired.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

***END OF ORDER***