David E. Weiss (SBN 148147)
Email:     dweiss@reedsmith.com
Jonathan R. Doolittle (SBN 290638)
Email:     jdoolittle@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Certain Fire Victim Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>___ Affects PG&E Corporation<br>___ Affects Pacific Gas and Electric Company<br>_X_ Affects Both Debtors<br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**RESERVATION OF RIGHTS WITH RESPECT TO REQUEST FOR HEARING ON APPLICATIONS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE AND CATHY YANNI AS CLAIMS ADMINISTRATOR *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT**<br>Date:     April 7, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA  94102 |

Pursuant to 11 U.S. Code Section 1109(b), which provides that a creditor "may raise and appear and be heard on any issue in a case," creditors Paradise Irrigation District ("PID"); Paradise Unified School District ("PUSD"), Northern Recycling and Waste Services, LLC/Northern Holdings, LLC ("Northern Recycling") and Napa County Recycling & Waste Services, LLC/Napa

– 1 –

Recycling & Waste Services, LLC ("Napa Recycling") (collectively "Creditors") submit this Reservation of Rights in response to the Request for Hearings On Applications of the Official Committee of Tort Claimants ("TCC") to Retain and Employee Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement ("Request for Hearing"). Bankr. Dkt. #6486.

## RESERVATION OF RIGHTS

1. Creditors are fire victims that are business entities and governmental entities that have filed claims for definite sums totaling more than $440 million. The TCC seeks approval of a request for a budget from Justice Trotter and Ms. Yanni in the amount of approximately $22 million through August 2020, comprising certain items, including $12.5 million for the "fees and expenses of claims processing experts." The TCC states that this funding is necessary for "preparatory work" to be undertaken before the Effective Date of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020.[1] ("Joint Plan"). Bankr. Dkt. # 6320.

2. Creditors are concerned regarding this request for a budget because it suggests that the proposed claims resolution procedures will begin to be implemented and "baked in" before plan confirmation which is the time as it now stands for the Court to consider objections to the proposed Fire Victim Claims Resolution Procedures and the proposed form of the final Fire Victim Trust Agreement that will be filed on or before May 1, 2020, as part of the Plan Supplement. The claims resolution procedures as currently described contain objectionable provisions that are not acceptable to Creditors and may not be acceptable to other Fire Victims who will be voting on the Joint Plan. If substantial funds are used for "preparatory work" regarding these procedures it might be very difficult to change course if those procedures have to be modified at some point. For instance, the TCC discusses the need to hire employees to "develop and implement the claims evaluation protocols and software developers who will create a customized database." Presumably, these "claims evaluation protocols" and the associated "customized database" need to be developed based on the actual claims evaluation procedures that will be implemented pursuant to the Joint Plan. If millions of dollars are utilized to develop protocols and systems for handling claims when the claims

---
[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Joint Plan.

Case: 19-30088    Doc# 6534    Filed: 03/31/20    Entered: 03/31/20 09:53:36    Page 2 of 4

US_ACTIVE-152554839.1-DEWEISS 3/31/20 9:44 AM

resolution procedures have yet to be approved, there may be no ability to change course if necessary. Accordingly, Creditors file this pleading to state their reservation of rights with respect to any objectionable Fire Victim Claims Resolution Procedures, notwithstanding whether the request for budget is approved.

3. Some of the objectionable provisions are outlined in the recently filed Disclosure Statement which describes the procedures set out in the Joint Plan regarding the treatment and satisfaction of Fire Victim Claims. With respect to "real property losses" the Disclosure Statement provides that losses "will be calculated, after setting off <u>available insurance policy limits</u>," regardless of whether those limits were actually collected by the insurers. Bankr. Dkt. No. 6353, at p. 28. (Emphasis added). With respect to claims submitted for "business and commercial losses," the Disclosure Statement provides that "losses are expected to be paid based upon data related to business income, business inventory and similar losses as specified in the Claims Resolution Procedures. Distributions for business losses will take into consideration <u>amounts received or potentially recoverable from applicable insurance policies</u>." *Id*. (Emphasis added). While there is no mention of FEMA recoveries, Creditors suspect potential FEMA recoveries may be treated the same as potential insurance recoveries. Reducing claims by the amount of "available" insurance limits or "potentially recoverable" insurance amounts, or amounts from FEMA, is wholly improper. Under the collateral source rule, recoverable damages against the debtor are not reduced by amounts the claimant has been partially or even wholly indemnified for its loss by insurance or another collateral source. *See In re Brown*, 570 B.R. 98, 111 (W.D. Okla. 2017); *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 40 (1993). Since insurance payments received by the claimant should not be deducted from a claim under the collateral source rule, it would be completely inappropriate to deduct "potential" or "available" insurance where the insurance company (or FEMA if applicable) has not paid, and there is no authority for such a result. Yet that is what is provided for in the Disclosure Statement.

4. Further, the Disclosure Statement provides that holders of large claims might have their claims reduced—not based on their merits—but simply because they are large and might impact what other claimants receive. According to the Disclosure Statement, "special consideration

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-152554839.1-DEWEISS 3/31/20 9:44 AM

may be given to the treatment of those claims in the discretion of the Trustee and the Claims Administrator to ensure that all other claimants receive fair and expeditious compensation." Bankr. Dkt. No. 6353, at p. 28. This statement indicates the Joint Plan and the claims handling procedures are being set up to deprive certain claimants of their rights to fair and equitable treatment of their claims based only on consideration of all applicable non-bankruptcy law that applies to their claims. Creditors also are concerned about the proposed procedures regarding the process for disputing claims determinations, among other things.

5. Consistent with the foregoing, Creditors reserve all rights with respect to the issues raised in connection with the Request for Hearing and the related application and further reserve all rights to object to the Joint Plan, including the Fire Victim Claims Procedures set forth therein and further described in the Disclosure Statement and elsewhere.

DATED: March 31, 2020

REED SMITH LLP

By: /s/ Jonathan R. Doolittle
David E. Weiss (SBN 148147)
Jonathan R. Doolittle (SBN 290638)
Attorneys for Certain Fire Victim Creditors