Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415.659.2600
Facsimile:     415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>         -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF DAVID J. RICHARDSON IN SUPPORT OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION FOR STANDING TO PROSECUTE CLAIMS OF THE DEBTORS' ESTATES**<br><br>**Hearing**<br>Date:     April 7, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    Courtroom 17<br>             450 Golden Gate Ave., 16th Fl.<br>             San Francisco, CA 94102 |

I, David J. Richardson, hereby declare:

1. I am a member in good standing of the bar of California and I am admitted to practice in the United States Bankruptcy Court in the Northern District of California. I am counsel in the Los Angeles, California office of Baker Hostetler LLP, attorneys of record for The Official Committee of Tort Claimants (the "**TCC**"). I have personal knowledge of the facts stated herein and I could and would competently and truthfully testify to those facts if called as witness.

2. This Declaration is submitted in support of the Reply Brief filed in support of the TCC's motion for entry of an order to grant the TCC standing to file and prosecute claims of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") on behalf of the estates for declaratory and injunctive relief, pertaining to the action pending in the United States District Court for the Northern District of California, San Francisco Division, styled *In re PG&E Corporation Securities Litigation*, Civil Action No. 3:18-cv-03509-EJD (the "**Pending Action**"), and the proofs of claim filed, and to be filed, in these Cases seeking to recover the same damages pleaded in the Pending Action (the "**Securities POCs**").

3. In 2004, while serving as co-counsel to the post-confirmation creditor trust (the "**Trust**") in the chapter 11 case of Touch America Holdings, Inc., I attended a mediation that was held between director/officer defendants, insurance companies, and certain shareholder plaintiffs in pending securities litigation. Although I attended as an observer, the parties negotiated a global settlement at that mediation, which included a substantial distribution to the Trust. Because there were legal challenges to the Trust's right to receive a recovery under Montana Power Company insurance policies (as opposed to Touch America insurance policies), the Trust did not appear to be in a position to enjoin all pending shareholder litigation, and therefore agreed to the global settlement. However, the settlement quickly became the subject of litigation between the parties, which continued for five years. That litigation included the Trust's lawsuit to enjoin the shareholder plaintiffs, and have one of their claims—the claim for damages that sought recovery from the same insurance policies—declared a derivative claim, and enjoined. The Trust did not challenge other claims for declaratory relief, constructive trust, or against third parties, as they did not implicate the Montana Power Company insurance policies or the recoveries for the Trust. The Trust's claim

was resolved in its favor in the reported case *Williams v. McGreevey (In re Touch America Holdings, Inc.)*, 401 B.R. 107 (Bankr. D. Del. 2009). Shortly thereafter, the parties reached a larger global settlement of all pending claims, which incorporated the 2004 settlement, and was approved by the Bankruptcy Court that year. The action that was partially enjoined by the Bankruptcy Court was the sole securities litigation pertaining to Montana Power Company stock. It began as state court litigation, and was then removed to federal court where it ended up before the Hon. Sam Hadden, District Court Judge.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 31st day of March, 2020, in Los Angeles, California.

*/s/ David J. Richardson*
David J. Richardson