**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 4001(d) TO APPROVE STIPULATION FOR ADEQUATE PROTECTION OF SETOFF RIGHTS OF IMERYS FILTRATION MINERALS, INC.**<br><br>**Objection Deadline**: April 22, 2020<br>                                    4:00 pm (Pacific Time)<br><br><u>**No hearing requested absent timely objection. If timely objection is filed, hearing reserved for:**</u><br><br>Date:   May 12, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9014-1(b)(3) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for approval of an agreement between the Utility and Imerys Filtration Minerals, Inc. ("**Imerys**," and, together with the Utility, the "**Parties**"), as embodied in the *Stipulation for Adequate Protection of Setoff Rights of Imerys Filtration Materials, Inc.* (the "**Stipulation**"), a true copy of which is attached hereto as **Exhibit A**, by issuance of an order in the form attached hereto as **Exhibit B** (the "**Proposed Order**"). In support of the Motion, the Debtors submit the Declaration of Kelly J. Lack (the "**Lack Declaration**"), filed contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**," and, together with the Creditors Committee, the "**Committees**").

On January 31, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [Docket No. 5590] (the "**Plan**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

## III. THE STIPULATION

Imerys is a supplier of engineered mineral products derived from diatomite and expanded perlite, natural raw materials possessing unusually light density, chemical inertness, high surface area and intricate structure. The Utility provides electrical service to Imerys' facilities in California. Imerys alleges that in November 2016, the Utility failed to exercise reasonable diligence in making representations regarding its ability to maintain peak electric capacity at certain facilities operated by

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Imerys in Lompoc, California, while the Utility was making improvements to the primary and backup electric lines to those facilities.

Imerys timely filed Proof of Claim No. 59221 against the Utility on October 18, 2019 (the "**POC**"). The POC seeks at least $968,451, broken down as follows: (1) at least $80,000 in physical property damage; (2) at least $885,244 in lost profits; and (3) at least $3,207 in additional labor costs (together, the "**Prepetition Damages Claim**"). The Utility disputes the Prepetition Damages Claim in all respects, and intends to file an objection in due course, unless the dispute is settled first. Imerys acknowledges that it is indebted to the Utility on account of certain construction services performed by the Utility before the Petition Date in the amount of approximately $404,423.70 (the "**Prepetition Construction Claim**").

The Stipulation preserves Imerys' right to set off the Prepetition Damages Claim against the Prepetition Construction Claim (the "**Setoff Right**") notwithstanding any conflicting provisions of the Plan and any order confirming the Plan, until determination of the validity, amount and allowance of the Prepetition Damages Claim by Court order or by agreement of the Parties. As adequate protection for the Setoff Right, the Utility will not, pending determination of the validity and amount, if any, of the Prepetition Damages Claim, take any action against Imerys to demand, collect, enforce, or otherwise use any remedies for the non-payment of the Prepetition Construction Claim (the "**Forbearance Commitment**").[1]

## IV. BASIS FOR RELIEF REQUESTED

Adequate protection for the Setoff Right as provided in the Stipulation is appropriate under sections 361 and 363 of the Bankruptcy Code. Section 363(e) provides that upon request of an entity with an interest in property used by the Debtor, the Court may condition such use as is necessary to provide adequate protection of that interest. Section 361(c) permits a court to fashion such adequate protection remedy as may be appropriate. Here, the Parties have agreed upon a remedy, the Forbearance Commitment, that adequately protects the Setoff Right to Imerys' satisfaction. Furthermore, the Stipulation obviates the need for Imerys to move for relief from the automatic stay

---

[1] This recitation is for illustrative purposes only, and the full terms of the Stipulation control.

to obtain adequate protection of the Setoff Right, which saves the Utility the time and cost burden of additional litigation. For this reason, the Stipulation provides material benefits to the Debtor and its estate at little cost, has been authorized by the Debtor in the exercise of its business judgment, and is in the best interest of the Debtor, its estate, and its creditors.

## V. NOTICE

Notice of motions to approve agreements to provide adequate protection is governed by Bankruptcy Rule 4001(d)(1)(C), Bankruptcy Local Rule 9014-1(b)(3), and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered by this Court on May 13, 2019 [Docket No. 1996].

Bankruptcy Rule 4001(d)(1)(C) specifies that notice of a motion such as this must be served on any official committee and on any other entity that the Court directs. Notice here will be given much more broadly than as required by that Rule: notice of this Motion will be provided to (1) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (2) counsel to the Creditors Committee; (3) counsel to Tort Claimants Committee; (4) the Securities and Exchange Commission; (5) the Internal Revenue Service; (6) the Office of the California Attorney General; (7) the California Public Utilities Commission; (8) the Nuclear Regulatory Commission; (9) the Federal Energy Regulatory Commission; (10) the Office of the United States Attorney for the Northern District of California; (11) counsel for the agent under the Debtors' debtor in possession financing facility; (12) counsel for Imerys; and (13) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002, or who, by virtue of their counsel being registered electronic filers in this District, automatically receive this and other papers through the Court's ECF system. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 1, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By:    */s/ Peter J. Benvenutti*
       Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*