1  THOMAS F. KOEGEL (SBN 125852)
   tkoegel@crowell.com
2  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
3  San Francisco, CA 94111
   Telephone: 415.986.2800
4  Facsimile: 415.986.2827

5  BRIAN J. LOHAN (*Pro Hac Vice* application forthcoming)
   brian.lohan@arnoldporter.com
6  BENJAMIN MINTZ (*Pro Hac Vice* admitted)
   benjamin.mintz@arnoldporter.com
7  ARNOLD & PORTER KAYE SCHOLER LLP
   250 West 55th Street
8  New York, NY 10019-9710
   Telephone: 212.836.8000
9  Facsimile: 212.836.8689

10 ARNOLD & PORTER KAYE SCHOLER LLP
   Gerardo Mijares-Shafai (*Pro Hac Vice* admitted)
11 gerardo.mijares-shafai@arnoldporter.com
   601 Massachusetts Ave., NW
12 Washington, DC 20001
   Telephone: 202.942.6114
13
   Attorneys for Claimant AT&T CORP.
14
                  UNITED STATES BANKRUPTCY COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17
   **In re:**                              Case No.  19-30088 (DM)
18                                          Chapter 11
   **PG&E CORPORATION,**                    (Lead Case) (Jointly Administered)
19
        **- and -**                        **RESERVATION OF RIGHTS WITH**
20                                          **RESPECT TO REQUEST FOR HEARING**
   **PACIFIC GAS AND ELECTRIC**             **ON APPLICATIONS OF THE OFFICIAL**
21 **COMPANY,**                             **COMMITTEE OF TORT CLAIMANTS**
                                            **PURSUANT TO 11 U.S.C. § 1103 AND FED.**
22        **Debtors.**                      **R. BANKR. P. 2014 AND 5002 TO RETAIN**
                                            **AND EMPLOY HON. JOHN K. TROTTER**
23 ☐ Affects PG&E Corporation              **(RET.) AS TRUSTEE AND CATHY YANNI**
   ☐ Affects Pacific Gas and Electric Company **AS CLAIMS ADMINISTRATOR *NUNC***
24 ☒ Affects both Debtors                   ***PRO TUNC* TO JANUARY 13, 2020**
                                            **THROUGH THE EFFECTIVE DATE OF**
25 *  All papers shall be filed in the Lead Case,  **THE RESOLUTION TRUST AGREEMENT**
   No. 19-30088 (DM)*
26                                          Date:     April 7, 2020
                                            Time:     10:00 a.m. (Pacific Time)
27                                          Place:    United States Bankruptcy Court
                                                      Courtroom 17, 16th Floor
28                                                    San Francisco, CA 94102

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Case: 19-30088    Doc# 6580    Filed: 04/01/20    Entered: 04/01/20 16:09:36    Page 1 of
4

AT&T Corp. ("**AT&T**"), by its attorneys Crowell & Moring LLP and Arnold & Porter Kaye Scholer LLP, hereby files this Reservation of Rights in response to the *Request for Hearings On Applications of the Official Committee of Tort Claimants ("TCC") to Retain and Employee Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement* (the "Request for Hearing") [Docket No. 6486].

## RESERVATION OF RIGHTS

AT&T is a Fire Victim in these Chapter 11 Cases. and filed Proof of Claim Number 86127, which asserts a claim against the Debtors in the amount of $238,033,123.96 (the "**AT&T Fire Victim Claim**"), of which $89,136,240.07 is related to amounts and costs already incurred and individually itemized in the AT&T Fire Victim Claim.

The TCC seeks approval of a request for a budget for Justice Trotter and Ms. Yanni in the amount of approximately $22 million through August 2020, comprising certain items, including $12.5 million for the "fees and expenses of claims processing experts." Request for Hearing, ¶ 8. The TCC states that this funding is necessary for "preparatory work" to be undertaken before confirmation and the Effective Date of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020. (the "Proposed Plan") [Docket No. 6320].[1] *Id.* AT&T has no objection to Justice Trotter's and Ms. Yanni's pre- Effective Date work and preparation related to operation of the Fire Victim Trust and the development of the Fire Victim Claims Resolution Procedures (together with the Fire Victim Trust, the "Fire Victim Initiatives"). However, AT&T files this Reservation of Rights due to the fact that any resources and time spent on the development of the Fire Victim Initiatives at this juncture in the cases should not prejudice any objections to the Fire Victim Initiatives which will be heard in connection with confirmation of the Proposed Plan.

The Fire Victim Initiatives as currently described in the Debtors' Disclosure Statement contain certain objectionable features. These include, but are not limited to:

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Proposed Plan.

RESERVATION OF RIGHTS OF AT&T;
CASE NO. 19-30088-DM

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- The Trustee's and Claims Administrator's ability to provide "special consideration" to the treatment of certain Fire Victims with large enough claims that could impact the recovery of all remaining Fire Victims. *See* Docket No. 6353, p. 28 ("Special consideration may be given to the treatment of those claims in the discretion of the Trustee and the Claims Administrator to ensure that all other claimants receive fair and expeditious compensation."). Without further clarity as to what constitutes "special consideration" and which Fire Victims constitute those with large enough claims, AT&T does not have enough information to determine whether such process will unfairly discriminate against it and other large business Fire Victims. Nonetheless, it certainly appears that the Trustee and the Clams Administrator expressly intend to discriminate against larger Fire Victims.

- In a similar vein, *pro rata* treatment of all Fire Victim Claims is not assured in the Proposed Plan or the Fire Victim Initiatives. There is no requirement for *pro rata* treatment in the proposed operative documents; nor is there the any disputed claims reserve mechanism, which is in every plan and is geared to ensure *pro rata* treatment. The Fire Victim Claims Resolution Procedures appear to envision the possibility of unequal treatment depending not only on the type of Fire Victim but also the timing of the determination of the Fire Victim Claim and the magnitude of the Fire Victim Claim.

- At present, the Claim Administrator's determination of eligibility, amount, and allowance of each Fire Victim Claim shall be final and binding, and Fire Victims will have no recourse to seek further relief from any court except as set forth in the Fire Victim Claims Resolution Procedures. *See* Docket No. 6049, Ex. A § 2.4, Ex. B § VIII. However, this would leave AT&T and other Fire Victims without the ability to effectively and easily seek recourse from the Bankruptcy Court, even in cases of patently and objectively unfair actions by the Trustee. This is particularly problematic in view of the Trustee's and Claim Administrator's stated intent to treat large Fire Victim Claims differently.

If substantial funds are used for "preparatory work" regarding the Fire Victim Initiatives as currently presented, it could lead to a difficult situation whereby the TCC, the Debtors and others may claim and argue at confirmation that it is too difficult to change course or alter the Fire Victim Initiatives, that actions have been taken that cannot be undone, that significant dollars have already been spent on the Fire Victim Initiatives, or even that parties somehow have waived their rights in some respect. For instance, the TCC discusses the need to hire employees to "develop and implement the claims evaluation protocols and software developers who will create a customized database." Request for Hearing, ¶ 4. Presumably, these "claims evaluation protocols" and the associated "customized database" need to be developed based on the actual claims evaluation

CROWELL
& MORING LLP
ATTORNEYS AT LAW

Case: 19-30088    Doc# 6580    Filed: 04/01/20    Entered: 04/01/20 16:09:36    Page 3 of 4

procedures that will be implemented pursuant to the Proposed Plan. Based off what has been currently presented, there are certain features of the Fire Victim Initiatives that will either (i) necessitate discussion amongst the TCC, the Debtors and AT&T prior to implementation of any such protocols or databases or (ii) require the parties to brief these matters in connection with the Confirmation Hearing.

Consistent with the foregoing, AT&T reserves all rights with respect to the issues raised in connection with the Request for Hearing and the related application, as well as all rights to object to the Proposed Plan, including the Fire Victim Initiatives. Particularly, whatever budget is approved by the Court for Justice Trotter and Ms. Yanni and whatever action is ultimately taken by them and the TCC should not prejudice any potential objections to the Fire Victim Initiatives and confirmation of the Plan.

Respectfully submitted,

DATED: April 1, 2019
CROWELL & MORING LLP

By: _____/s/ Thomas F. Koegel_____
Thomas F. Koegel
Attorneys for Claimant AT&T CORP.

ARNOLD & PORTER KAYE SCHOLER LLP
Brian J. Lohan (*Pro Hac Vice* application forthcoming)
brian.lohan@arnoldporter.com
Benjamin Mintz (*Pro Hac Vice* admitted)
benjamin.mintz@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
+1 212.836.8000
+1 212.836.8689

ARNOLD & PORTER KAYE SCHOLER LLP
Gerardo Mijares-Shafai (*Pro Hac Vice* admitted)
gerardo.mijares-shafai@arnoldporter.com
601 Massachusetts Ave., NW
Washington, DC 20001
+1 202.942.5000
+1 202.942.5999

Case: 19-30088    Doc# 6580    Filed: 04/01/20    Entered: 04/01/20 16:09:36    Page 4 of 4