# Weil, Gotshal & Manges LLP

VIA ECF AND EMAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Theodore E. Tsekerides**
+1 (212) 310-8218
theodore.tsekerides@weil.com

April 1, 2020

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Co.*, Case No. 19-30088 (DM) (jointly administered)

Dear Judge Montali:

    PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") submit this letter to request a telephonic conference so the Court may provide guidance on a discovery dispute between the Debtors and the Official Committee of Unsecured Creditors (the "**UCC**"), on the one hand, and the Official Committee of Tort Claimants (the "**TCC**"), on the other hand. The dispute concerns Bankruptcy Rule 2004 discovery subpoenas that were (and will be) served by the TCC on certain of the Debtors' vendors (the "**Vendor Subpoenas**"). Fundamentally, it is the Debtors' position that the Debtors' estates and other economic stakeholders in these Chapter 11 Cases should not bear the costs associated with the Vendor Subpoenas and, thus, the discovery that the TCC seeks should proceed, to the extent necessary or appropriate, after the Plan Effective Date. In an effort to avoid Court intervention, counsel for the Debtors, UCC, and TCC met and conferred to discuss proposals to narrow the documents sought through the Vendor Subpoenas. Despite these efforts, the parties were unable to find common ground on what discovery could proceed prior to Plan confirmation.

    The TCC already sought this same discovery, and the Court denied the TCC Motion,[1] albeit primarily on procedural grounds. In denying the TCC Motion, the Court noted that the discovery was premature and presented "questionable cost-shifting from the Trust to the Debtors." Docket Text Order, March 5, 2020. Although the TCC has cured the procedural defects, the substantive defects remain and are fatal to the Vendor Subpoenas. In an attempt to escape this inevitable conclusion, the TCC now claims that the discovery relates to a hypothetical objection concerning Plan feasibility. Specifically, the TCC

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Debtors' Objection to the Official committee of Tort Claimants' Motion to Establish Procedures for Discovery Preceding Plan Confirmation* [Dkt. No. 5995].

asserts that the requested documents may inform whether vendors will cease working with the Debtors if claims against them are assigned to the Fire Victim Trust pursuant to the Debtors' Plan. Putting aside the fact that the Debtors will address any Plan feasibility objections at the appropriate time, the discovery sought by the TCC is undoubtedly focused on pursuing the sources and determining the quantum of potential recoveries on potential claims to be assigned to the Fire Victim Trust, and not on anything relevant to Plan confirmation issues. Those are not efforts that should be paid for by the estates or the Debtors' other economic stakeholders, particularly where the assignment of the claims will only take place if and when the Debtors' Plan becomes effective.

Accordingly, any discovery, including the Vendor Subpoenas, and costs incurred or to be incurred in connection with any claims to be assigned to the Fire Victim Trust under the Plan, should take place after the Plan Effective Date and should be borne by the Fire Victim Trust alone—not by the Debtors' estates and all other economic stakeholders in these Chapter 11 Cases.

The Debtors understand that the UCC has also submitted a letter to the Court regarding this matter and the Debtors join in the UCC's request that the Court schedule a telephonic conference at the Court's earliest convenience to resolve the parties' dispute.

Respectfully,

*/s/ Theodore E. Tsekerides*
Theodore E. Tsekerides

*Counsel for Debtors and
Debtors in Possession*

cc: Samir L. Vora
Andrew M. Leblanc
Alan J. Stone
Kevin J. Orsini
David J. Richardson
Kimberly S. Morris