

Signed and Filed: April 1, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

## ORDER DENYING MOTION TO RECONSIDER

The court approved Debtors' disclosure statement on March 17, 2020 (dkt. #6340). No parties appealed the order. The court then held a hearing on March 25, 2020 and approved a proposed supplement to the disclosure statement (dkt. #6483). The next day, Creditor William Abrams ("Creditor") filed a motion to reconsider this court's approval of Debtors' supplement to its disclosure statement (the "Motion") (dkt. #6488). GER Hospitality joined the Motion on

March 31, 2020 (dkt. #6549). The court has reviewed the Motion, the joinder, and other relevant documents and will adjudicate the matter without a hearing.[1]

Creditor seeks reconsideration, which may be accomplished through application of Federal Rules of Civil Procedure ("FRCP") 59(e) or 60(b), made applicable here through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007). Neither rule recognizes a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, FRCP 59(e) contemplates a motion to alter or amend a judgment. Under FRCP 59(e), amendment of a judgment is justified where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party may not use a motion to amend as a vehicle "to present a new legal theory for the first time," "to raise legal arguments which could have been raised in connection with the original motion," or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.*, 344 B.R. 94, 103 (9th Cir. BAP 2006), aff'd and remanded, 277 Fed. Appx. 718 (9th Cir. 2008). Similarly, FRCP 60(b) permits a Court to reconsider a prior judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Oregon*, 5 F.3d at 1263.

Here, Creditor appears to seek reconsideration on the basis of newly discovered evidence. At the heart of the Motion is the fact that Creditor is dissatisfied with the lack of information regarding the wildfire trust currently being set up to process and disburse payments to creditors who are victims of the Bay Area wildfires. Unfortunately, Creditor's concerns cannot be addressed at this point in the case, partially due to ongoing, court-ordered mediation among the parties to resolve various issues regarding the trust. The court also notes that all parties are

---

[1] GER Hospitality recently resigned from the Official Committee of Tort Claimants. Its joinder echoes Creditor's concerns.

attempting to meet the legislative deadline of June 30, 2020 to confirm the plan of reorganization in this case, and countless matters were unable to be fully completed prior to dissemination of the disclosure statement. The court is not inclined to cause further delay in favor of information that is not yet available.

In addition, a voluminous disclosure statement has been disseminated to hundreds of thousands of people and Creditor presents no basis to stop the presses. Unavailable information cannot be disclosed. For these reasons, Creditor's concerns cannot be addressed through vacatur and do not meet the requirements of either FRCP 59 or 60. There has been no showing of newly discovered evidence, error, or a change in law. Further, Creditor has not come forth with evidence of mistake, fraud, a void judgment or any other circumstance that would merit relief. No purpose would be served by holding a hearing to discuss what has been argued and presented and led to the two orders.

As such, the Motion is DENIED

**\*\*\* END OF ORDER \*\*\***

## COURT SERVICE LIST

**William Abrams**
1519 Branch Owl Place
Santa Rosa, CA 95409