AKIN GUMP STRAUSS HAUER & FELD LLP
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
idizengoff@akingump.com
dbotter@akingump.com
aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,** | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**EX PARTE MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF THE RSA ENFORCEMENT MOTION UNDER SEAL AND GRANTING RELATED RELIEF** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested.] |

The Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, hereby submits this motion (the "Sealing Motion") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form attached as **Exhibit A** hereto, (i) authorizing the Ad Hoc Committee to file under seal the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders For Enforcement of the Noteholder RSA and Noteholder RSA Letter Agreement* (the "RSA Enforcement Motion")[1] as it relates to the *Debtors' Motion Pursuant to 11 U.S.C. §§105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief* [Docket No. 6398] (the "Case Resolution Contingency Process Motion"), (ii) directing that the RSA Enforcement Motion shall remain under seal and confidential and not made available to anyone without the consent of the Ad Hoc Committee or further order from the Court, and (iii) granting related relief. In support of the Sealing Motion, the Ad Hoc Committee submits the *Declaration of David H. Botter in Support of the Motion of the Ad Hoc Committee of Senior Unsecured Noteholders for Entry of an Order Authorizing the RSA Enforcement Motion under Seal and Granting Related Relief*, filed contemporaneously herewith. In further support of the Sealing Motion, the Ad Hoc Committee respectfully states the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules").

2. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the RSA Enforcement Motion or the restructuring support agreement entered into among the Consenting Noteholders, the Debtors and the Shareholder Proponents on January 22, 2020 (the "Noteholder RSA").

4. The statutory basis for the relief requested in this Sealing Motion is sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1001-2(a) of the Bankruptcy Local Rules.

## BACKGROUND

5. On January 22, 2020, certain members of the Ad Hoc Committee, along with other Consenting Noteholders entered into Noteholder RSA with the Debtors and the Shareholder Proponents. The Noteholder RSA contains provisions that restrict, among other things, the communications the Consenting Noteholders may have regarding the Debtors and the Amended Plan and the pleadings they are permitted to file in these chapter 11 cases. In connection with the Noteholder RSA, the Specified Consenting Noteholders entered into Noteholder RSA Letter Agreement with the Debtors and Shareholder Proponents, which contains confidential terms regarding the parties' commitments regarding communications relating to the Debtors' reorganization.

6. In consideration for the restrictions contained in the Noteholder RSA and Noteholder RSA Letter Agreement, the Debtors and Shareholders Proponents agreed to provide to the Consenting Noteholders and Specified Consenting Noteholders the agreed-upon treatment for the Utility Senior Note Claims provided in the Term Sheet.

7. On March 16, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (the "Amended Plan"), which contains the treatment of Utility Senior Notes consistent with the agreement embodied in the Noteholder RSA and Term Sheet.

8. On March 20, 2020, the Debtors filed the Case Resolution Contingency Process Motion, which contemplates a contingency sale process (the "Sale Process") in accordance with bidding procedures to be agreed upon by the Debtors and the Governors' Office, in the event that the Amended Plan cannot be confirmed by June 30, 2020 or does not go effective by December 31, 2020. The deadline to object to the Case Resolution Contingency Process Motion is April 5, 2020.

9. Pursuant to the RSA Enforcement Motion, the Ad Hoc Committee seeks entry of an order enforcing the Noteholder RSA and the accompanying Noteholder RSA Letter Agreement and permitting

Case: 19-30088    Doc# 6586    Filed: 04/01/20    Entered: 04/01/20 20:37:53    Page 3 of 10

3

the Ad Hoc Committee and its members to take certain actions, as described more fully in the RSA Enforcement Motion regarding the Debtors' Case Resolution Contingency Process.

**BASIS FOR RELIEF**

10. The Ad Hoc Committee is compelled to file this motion because, absent doing so, it may be accused by the Debtors or the Shareholder Proponents of violating the Noteholder RSA (which accusation, for the avoidance of doubt, the Ad Hoc Committee believes would be entirely without merit).

11. Section 105(a) of the Bankruptcy Code allows a court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides that a court may "protect any entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). To seek protection under section 107(b), a party only needs to show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Once a court determines that a party in interest is seeking to protect information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software*, 21 F.3d at 27.

12. Bankruptcy Rule 9018 provides further support by which a party may move for relief under section 107(b) of the Bankruptcy Code, stating, in part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018.

13. Courts tend to hold that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). The "authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724.

14. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software*, 21 F.3d at 28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). As such, in *In re Northwest Airlines Corp.*, the court implemented the protection afforded by section 107(b) of the Bankruptcy Code to authorize a chapter 11 debtor to file a fee letter under seal in connection with the debtor's motion for approval of an exit financing facility. No. 05-17930 (ALG) (Bankr. S.D.N.Y. May 2, 2007) [Docket No. 6511]; *see also In re Calpine Corp.*, No. 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 29, June 21, and Dec. 14, 2007) [Docket Nos. 3494, 5028, and 7118] (authorizing debtors to file under seal fee letter with respect to debtors' refinancing effort and exit financing); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. Jan. 25, 2007) [Docket No. 13092] (authorizing debtor to file under seal documentation of fee structure for underwriting agreement).

15. Local Procedures additionally require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*.

16. There is sufficient cause to file the RSA Enforcement Motion under seal, as it is highly sensitive in nature. The Ad Hoc Committee seeks a ruling from the Court, that certain actions described more fully in the RSA Enforcement Motion do not violate the Noteholder RSA. However, the filing of the RSA Enforcement Motion itself may be asserted by the Debtors or the Shareholder Proponents to constitute a violation of the Noteholder RSA. Therefore, the Ad Hoc Committee would either have to

publicly file the RSA Enforcement Motion and thereby risk being accused of violating the Noteholder RSA or not file the RSA Enforcement Motion and not express its views regarding the Debtors' Case Resolution Contingency Process. As explained in the RSA Enforcement Motion, the Ad Hoc Committee continues to support the Amended Plan and has no intent to breach its obligations under the Noteholder RSA. Therefore, given the concern regarding an accusation of breaching the Noteholder RSA, the Ad Hoc Committee requests that the Court authorize the filing of the RSA Enforcement Motion under seal.

**NOTICE**

17. Notice of this Sealing Motion will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; and (xiii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The Ad Hoc Committee respectfully submits that no further notice is required.

**WHEREFORE** the Ad Hoc Committee respectfully requests entry of an order granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated: April 1, 2020                    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ *Ashley Vinson Crawford*
Ashley Vinson Crawford (SBN 257246)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# Exhibit A

Proposed Order

| | |
|---|---|
| 1 | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 2 | Michael S. Stamer (*pro hac vice*) |
| 3 | Ira S. Dizengoff (*pro hac vice*)<br>David H. Botter (*pro hac vice*) |
| 4 | Abid Qureshi (*pro hac vice*)<br>One Bryant Park |
| 5 | New York, New York 10036<br>Telephone:   (212) 872-1000 |
| 6 | Facsimile:   (212) 872-1002<br>Email:         mstamer@akingump.com |
| 7 |                  idizengoff@akingump.com |
| 8 |                  dbotter@akingump.com<br>                  aqureshi@akingump.com |

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone:   (415) 765-9500
Facsimile:   (415) 765-9501
Email:         avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF THE RSA ENFORCEMENT MOTION UNDER SEAL AND GRANTING RELATED RELIEF**<br><br>[No hearing requested.] |

The Court, having reviewed the Sealing Motion (the "<u>Sealing Motion</u>"), filed on April 1, 2020, of the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "<u>Ad Hoc Committee</u>") for entry of an order (i) authorizing the Ad Hoc Committee to file under seal the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders For Enforcement of the Noteholder RSA and Noteholder RSA Letter Agreement* (the "<u>RSA Enforcement Motion</u>"), (ii) directing that the RSA Enforcement Motion shall remain under seal and confidential and not made available to anyone without the consent of the Ad Hoc Committee or further order from the Court, and (iii) granting related relief, and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Sealing Motion is granted.

2. The Ad Hoc Committee is authorized to file the RSA Enforcement Motion under seal.

3. The copy of the RSA Enforcement Motion filed under seal is confidential, shall remain under seal, and shall not be made available to anyone other than (i) the Court, (ii) the Debtors, and (iii) the U.S. Trustee on a strictly confidential basis.

4. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient and the requirement of Bankruptcy Local Rules are satisfied by such notice.

5. The Ad Hoc Committee is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Sealing Motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***