AKIN GUMP STRAUSS HAUER & FELD LLP

Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:     (212) 872-1000
Facsimile:     (212) 872-1002
Email:         mstamer@akingump.com
               idizengoff@akingump.com
               dbotter@akingump.com
               aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone:     (415) 765-9500
Facsimile:     (415) 765-9501
Email:         avcrawford@akingump.com

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,** | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ENFORCEMENT OF THE NOTEHOLDER RSA AND NOTEHOLDER RSA LETTER AGREEMENT** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

The Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, hereby submits this motion (the "Motion to Shorten") pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules") for entry of an order shortening the notice period with respect to the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders For Enforcement of the Noteholders RSA and Noteholder RSA Letter Agreement* (the "RSA Enforcement Motion"),[1] filed contemporaneously herewith, scheduling an expedited telephonic hearing for April 3, 2020 at 2:00 p.m. (prevailing Pacific Time), or at the Court's earliest convenience, and setting an objection deadline of April 3, 2020 at 12:00 p.m. (prevailing Pacific Time). In support of the Motion to Shorten, the Ad Hoc Committee respectfully submits the Declaration of Michael Stamer (the "Stamer Declaration"), also filed contemporaneously herewith. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).

2. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested in the Motion to Shorten is Rule 9006-1(a) of the Bankruptcy Local Rules.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the RSA Enforcement Motion or the restructuring support agreement entered into among the Consenting Noteholders, the Debtors and the Shareholder Proponents on January 22, 2020 (the "Noteholder RSA").

## BACKGROUND

5.  On January 22, 2020, certain members of the Ad Hoc Committee, along with other Consenting Noteholders, entered into Noteholder RSA with the Debtors and the Shareholder Proponents. The Noteholder RSA contains provisions that restrict, among other things, the communications the Consenting Noteholders may have regarding the Debtors and the Amended Plan and the pleadings they are permitted to file in these chapter 11 cases. In connection with the Noteholder RSA, the Specified Consenting Noteholders entered into Noteholder RSA Letter Agreement with the Debtors and Shareholder Proponents.

6.  As consideration for the restrictions contained in the Noteholder RSA and Noteholder RSA Letter Agreement, the Debtors and Shareholders Proponents agreed to provide to the Consenting Noteholders and Specified Consenting Noteholders the agreed-upon treatment for the Utility Senior Note Claims provided in the Term Sheet.

7.  On March 16, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (the "Amended Plan"), which contains the treatment of Utility Senior Notes consistent with the agreement embodied in the Noteholder RSA and Term Sheet.

8.  On March 20, 2020, the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief [Docket No. 6398] (the "Case Resolution Contingency Process Motion"), which contemplates a contingency sale process (the "Sale Process") in accordance with bidding procedures to be agreed upon by the Debtors and the Governors' Office, in the event that the Amended Plan cannot be confirmed by June 30, 2020 or does not go effective by December 31, 2020. The deadline to object to the Case Resolution Contingency Process Motion is April 5, 2020.

## BASIS FOR RELIEF

9.  Pursuant to Bankruptcy Local Rule 9014-1(c)(2), the RSA Enforcement Motion requires at least twenty-one (21) days' notice and an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or shorten

| | |
|---|---|
| 1 | time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy |
| 2 | Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a). |

10. The Court's approval of shortened notice and an expedited hearing is warranted here. Pursuant to the RSA Enforcement Motion, the Ad Hoc Committee seeks entry of an order enforcing the Noteholder RSA, and the accompanying Noteholder RSA Letter Agreement, and permitting the Ad Hoc Committee and its members to take certain actions, as described more fully in the RSA Enforcement Motion, regarding the Debtors' Case Resolution Contingency Process. Absent a ruling of this Court on the RSA Enforcement Motion, the Ad Hoc Committee risks either (a) the assertion that it has breached the Noteholder RSA by taking such actions or (b) not taking such actions, including expressing its views with respect to the Debtors' Case Resolution Contingency Process, due to the risk of a potential breach of the Noteholder RSA.

11. In anticipation of this issue, on March 25, 2020, counsel to the Ad Hoc Committee sent a letter to counsel to the Debtors, attached as Exhibit C to the RSA Enforcement Motion, stating its position that the Noteholder RSA and Noteholder RSA Letter Agreement do not restrict the actions described in the RSA Enforcement Motion. This letter requested that the Debtors make the Ad Hoc Committee aware of their position on this matter by March 27, 2020. Despite inviting a discussion of the Case Resolution Contingency Process Motion both in court on the record and in written correspondence, the Ad Hoc Committee has received no response from the Debtors.

12. Having received no response from the Debtors, it is, therefore, critical that the RSA Enforcement Motion be heard before the deadline to object to the Case Resolution Contingency Process Motion elapses. Accordingly, the Ad Hoc Committee requests that notice be shortened to permit the RSA Enforcement Motion be heard telephonically on April 3, 2020 at 2:00 p.m. (Prevailing Pacific Time), or at the Court's earliest convenience, and for written objections, if any, to be filed by 12:00 p.m. (Prevailing Pacific Time) on April 3, 2020.

**NOTICE**

13. Notice of this Motion to Shorten will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii)

counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; and (xiii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The Ad Hoc Committee respectfully submits that no further notice is required.

14. No previous request for the relief sought herein has been made by the Ad Hoc Committee to this or any other court.

**WHEREFORE** the Ad Hoc Committee respectfully requests entry of an order granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated: April 1, 2020

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ *Ashley Vinson Crawford*
Ashley Vinson Crawford (SBN 257246)
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)

*Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company*

# Exhibit A

Proposed Order

AKIN GUMP STRAUSS HAUER & FELD LLP

Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
idizengoff@akingump.com
dbotter@akingump.com
aqureshi@akingump.com

Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone: (415) 765-9500
Facsimile: (415) 765-9501
Email: avcrawford@akingump.com

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER GRANTING *EX PARTE* MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ENFORCEMENT OF THE NOTEHOLDER RSA AND NOTEHOLDER RSA LETTER AGREEMENT**<br><br>Re: Docket No. [___]<br><br>[No hearing requested] |

The Court, having reviewed the Motion to Shorten (the "Motion to Shorten"), filed on April 1, 2020, of the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time for a hearing on the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders For Enforcement of the Noteholder RSA and Noteholder RSA Letter Agreement* (the "RSA Enforcement Motion"); and upon consideration of the Stamer Declaration submitted in support of the Motion to Shorten; and this Court having jurisdiction to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1134, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Shorten having been provided to the parties listed herein; and this Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted.

2. A telephonic hearing on the RSA Enforcement Motion will be held on April 3, 2020 at 2:00 p.m. (Prevailing Pacific Time), and written objections, if any, must be filed and served by 12:00 p.m. (Prevailing Pacific Time) on April 3, 2020.

3. Notice of the Motion to Shorten as provided therein shall be deemed good and sufficient and the requirement of Bankruptcy Local Rules are satisfied by such notice.

4. The Ad Hoc Committee is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion to Shorten.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***