AKIN GUMP STRAUSS HAUER & FELD LLP
Michael S. Stamer (*pro hac vice*)
Ira S. Dizengoff (*pro hac vice*)
David H. Botter (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone:   (212) 872-1000
Facsimile:   (212) 872-1002
Email:       mstamer@akingump.com
             idizengoff@akingump.com
             dbotter@akingump.com
             aqureshi@akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Ashley Vinson Crawford (SBN 257246)
580 California Street
Suite 1500
San Francisco, CA 94104
Telephone:   (415) 765-9500
Facsimile:   (415) 765-9501
Email:       avcrawford@akingump.com

**In re:**

**PG&E CORPORATION,**

    -and-

**PACIFIC GAS AND ELECTRIC COMPANY,**

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric Company

☒ Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**DECLARATION OF MICHAEL S. STAMER IN SUPPORT OF THE *EX PARTE* MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON MOTION FOR ENFORCEMENT OF THE NOTEHOLDER RSA AND NOTEHOLDER RSA LETTER AGREEMENT**

[No hearing requested]

I, Michael S. Stamer, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Partner at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), which has its principal office at One Bryant Park, New York, New York 10036 and is an independent, privately-held, global legal firm. I am authorized to make this declaration (the "Declaration") on behalf of Akin Gump and the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company (the "Ad Hoc Committee") in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"). Unless stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. I submit this declaration in support of the *Ex Parte Motion of the Ad Hoc Committee of Senior Unsecured Noteholders Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing on Motion For Enforcement of the Noteholder RSA and Noteholder RSA Letter Agreement* (the "Motion to Shorten"), filed contemporaneously herewith, which seeks entry of an order, substantially in the form attached thereto as Exhibit A, shortening notice to permit the *Motion of the Ad Hoc Committee of Senior Unsecured Noteholders For Enforcement of the Noteholders RSA and Noteholder RSA Letter Agreement* (the "RSA Enforcement Motion")[1] to be heard on April 3, 2020, at 2:00 p.m. (Prevailing Pacific Time), or at the Court's earliest convenience, and for written objections, if any, to be filed by 12:00 p.m. (Prevailing Pacific Time) on April 3, 2020.

3. Pursuant to the RSA Enforcement Motion, the Ad Hoc Committee seeks entry of an order enforcing the Noteholder RSA and the accompanying Noteholder RSA Letter Agreement and permitting the Ad Hoc Committee and its members to take certain actions, as described more fully in the RSA Enforcement Motion, regarding the Debtors' Case Resolution Contingency Process. I believe that absent a ruling of this Court on the RSA Enforcement Motion, the Ad Hoc Committee risks either (a) the assertion that it has breached the Noteholder RSA by taking such actions or (b) not taking such actions,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the RSA Enforcement Motion or the restructuring support agreement entered into among the Consenting Noteholders, the Debtors and the Shareholder Proponents on January 22, 2020 (the "Noteholder RSA").

including expressing its views with respect to the Debtors' Case Resolution Contingency Process, due to the risk of a potential breach of the Noteholder RSA.

4. In anticipation of this issue, on March 25, 2020, I sent a letter to counsel to the Debtors, attached as Exhibit C to the RSA Enforcement Motion, stating the Ad Hoc Committee's position that the restrictions in the Noteholder RSA and Noteholder RSA Letter Agreement do not restrict the actions described in the RSA Enforcement Motion. This letter requested that the Debtors make the Ad Hoc Committee aware of their position on this matter by March 27, 2020. Despite inviting a discussion of the Case Resolution Contingency Process Motion both in court on the record and in written correspondence, the Ad Hoc Committee has received no response from the Debtors.

5. Having received no response from the Debtors, I believe that it is, therefore, critical that the RSA Enforcement Motion be heard before the deadline to object to the Case Resolution Contingency Process Motion elapses. Accordingly, the Ad Hoc Committee requests that notice be shortened to permit the RSA Enforcement Motion to be heard telephonically on April 3, 2020 at 2:00 p.m. (Prevailing Pacific Time), or at the Court's earliest convenience, and for written objections, if any, to be filed by 12:00 p.m. (Prevailing Pacific Time) on April 3, 2020.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: April 1, 2020                    Respectfully submitted,

                                        By: /s/ *Michael S. Stamer*
                                            Michael S. Stamer