Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:    415.659.2600
Facsimile:    414.659.2601
Email:   rjulian@bakerlaw.com
Email:   cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors** | **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER AND AGREEMENT ON THE PRODUCTION OF CERTAIN INSURANCE INFORMATION** |
| | **[NO HEARING REQUESTED]** |
| ☐ Affects PG& E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

- 1 -

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

BrownGreer PLC ("**BrownGreer**"), the Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**"), the Honorable John K. Trotter (Ret.) as proposed Trustee for the Fire Victim Trust (the "**Trustee**"), and the Official Committee of Tort Claimants (the "**TCC**") (collectively, the "**Parties**"), hereby reach the following Stipulated Confidentiality and Protective Order and Agreement on the Production of Certain Insurance Information (the "**Agreement**"), which shall become effective as of the date it is entered (the "**Effective Date**") by the United States Bankruptcy Court for the Northern District of California (the "**Court**") in the above-captioned bankruptcy cases (the "**Bankruptcy Cases**").

## RECITALS

WHEREAS certain members of the Ad Hoc Subrogation Group (the "**Subrogation Claimants**") possess claim files that contain information relating to insurance coverage, insurance claims, and insurance payments in connection with fire victim claims arising from the 2015, 2017, and 2018 wildfires (the "**Claim Files**");

WHEREAS BrownGreer manages and controls claimant-specific fire victim information in a central electronic repository pursuant to a series of integrated Case Management Orders (the "**CMOs**") entered in the California North Bay Fire litigation (JCCP No. 4955);

WHEREAS CMO 5, entered December 31, 2018 in the California North Bay Fire cases (Dkt. No. 3436-5, JCCP No. 4955),[1] establishes systems for the protection of claimant-specific subrogation information provided to BrownGreer and provides procedures for streamlining the redaction of protected information and production of Claim Files to a BrownGreer repository;

WHEREAS the Court's September 17, 2019 Order re: the Production of the Brown Greer Database [Dkt No. 3922], among other things, adopted an agreement among the TCC and the Debtors regarding access to BrownGreer under CMO 5 terms;

---

[1] The CMOs, including CMO 5, have been filed in the Bankruptcy Cases at Dkt. Nos. 3436-1 through 3436-6.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WHEREAS claim-related documents in the insured fire victim claimants' Claim Files shall, upon request, be produced by the Subrogation Claimants in possession of such documents pursuant to the provisions of California Insurance Code § 2071;

WHEREAS the insured fire victim claimants, their counsel, the TCC, and the Trustee have requested expedited production of copies of the Claim Files to be held in a secure BrownGreer repository for the benefit of fire victim claimants and to assist with the administration of the Fire Victim Trust, as that term is defined in the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020 [Dkt. No. 5591-1] (the "**Amended Plan**");

WHEREAS the Claim Files may contain confidential and personal information of the insured fire victim claimants, including but not limited to driver's licenses, social security numbers, dates of birth, full credit card numbers, full bank account numbers, and other personal information unrelated to the fire claims (the "**Protected Information**") that otherwise would be redacted prior to the Claim Files being produced and accessed by others;

WHEREAS the Claim Files may contain information protected by the attorney-client privilege and/or the work product doctrine belonging to the Subrogation Claimants (the "**Privileged Information**");

WHEREAS the Subrogation Claimants' review and redaction of Protected Information from the Claim Files in the ordinary course would require extensive effort and time and would result in delay in the production of the Claim Files to be used in the administration of the Fire Victim Trust and the recovery of insureds from that trust;

WHEREAS the Parties agree that the Subrogation Claimants may transmit copies of Claim Files consistent with CMO 5, without redactions for Protected Information, to a secure and access-restricted repository established by BrownGreer for the subsequent review and possible redaction of Protected Information by the insured fire victim claimants and their counsel;

WHEREAS the Parties agree to the proposed order filed concurrently with this Agreement (the "**Order**"); and

THEREFORE the Parties stipulate and agree to implement and adhere to the following confidentiality and protective provisions and procedures for the production of Claim Files in these Bankruptcy Cases.

**ESTABLISHMENT OF PROTECTED REPOSITORIES**

1. In accordance with CMO 5, BrownGreer established an electronic repository, the "**Review Repository**", for holding electronic copies of the Claim Files for review by the counsel representing insured claimants (the "**Insureds' Counsel**").

2. BrownGreer will update and manage the Review Repository such that it: (a) provides a means for insured claimants who are not known to be represented by counsel ("the **Unrepresented Insureds**") and the Insureds' Counsel (collectively the "**Unrepresenteds and Counsel**") to review, copy, and, if needed, apply redactions to portions of their own or their clients' Claim Files within the Repository; (b) allows the Unrepresenteds and Counsel to indicate to BrownGreer whether they contest a redaction of Privileged Information in their own or their clients' Claim Files; and (c) allows the Unrepresenteds and Counsel to indicate to BrownGreer the completion of their review and redaction of their own or their clients' Claim Files.

3. The Review Repository shall be designed and managed by BrownGreer such that it: (a) includes physical and software security measures commonly used in the electronic data management field to protect and secure the Claim Files; (b) restricts access so that only Unrepresenteds and Counsel may access the Repository; and (c) limits access by the Unrepresenteds and Counsel to their own or their clients' Claim Files.

4. BrownGreer shall establish an electronic repository for holding electronic copies of Claim Files following the completion of the review referenced in ¶ 2 (the "**Holding Repository**"). The Holding Repository shall be established within 30 days of the Effective Date for Claim Files access by the Insureds' Counsel and within 60 days of the Effective Date for Claim Files accessed by the Unrepresented Insureds. BrownGreer shall design and manage the Holding Repository such that it includes physical and software security measures as referenced in ¶ 3.

5. BrownGreer shall ensure that access to the Review Repository and the Holding Repository shall be designed so as to permit only the following access: (a) the Unrepresented

Insureds may access their own Claim Files; (b) the Insureds' Counsel may access their clients' Claim Files; and (c) the Trustee and professionals working under the direction of the Trustee may access Claim Files in the Holding Repository. For the avoidance of doubt, (i) the TCC will not be provided access to the Claim Files, and (ii) as set forth in ¶ 3, the Unrepresenteds and Counsel shall only have access to their own or their clients' Claim Files, and shall not have access to the Claim Files of any other insureds.

6. In the event any Unrepresenteds and Counsel discover an unauthorized or inappropriate disclosure of any Protected Information transmitted to BrownGreer, the Unrepresenteds and Counsel shall immediately notify BrownGreer of the disclosure and the Unrepresenteds and Counsel shall not make use of the Protected Information for any purpose. Should any Protected Information inadvertently be shared with any third party, the Trustee agrees to hold harmless the Subrogation Claimants and their counsel. BrownGreer agrees to hold harmless the Subrogation Claimants and their counsel for any unauthorized access to or breach of Protected Information in BrownGreer's Review or Holding Repository. Each Unrepresented shall hold harmless the Subrogation Claimants and their counsel for any inadvertent disclosure of that Unrepresented's own Protected Information occurring after its transmission to BrownGreer. Each Counsel shall hold harmless the Subrogation Claimants and their counsel for any inadvertent disclosure of that Counsel's own clients' Protected Information occurring after its transmission to BrownGreer.

**TRANSMISSION OF CLAIM FILES TO REVIEW REPOSITORY**

7. In agreeing to produce Protected Information, the Subrogation Claimants act reasonably, in good faith and are advancing and protecting the interests of their insureds.

8. A compelling need exists for transmission of the Protected Information in the Claim Files to BrownGreer for access by the Unrepresenteds and Counsel that outweighs any concern that may exist about disclosure of Protected Information to BrownGreer and its employees, or that Protected Information could in any way be inadvertently disclosed.

9. The Subrogation Claimants may transmit the Claim Files to BrownGreer without redactions for Protected Information, to a secure and access-restricted repository established by

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BrownGreer for the subsequent review and possible redaction of Protected Information by the Unrepresenteds and Counsel. The Subrogation Claimants may continue to redact the Claim Files, including for Privileged Information.

10. The Subrogation Claimants may, in coordination with BrownGreer, transmit copies of Claim Files in batches on a rolling basis. The transmission of copies of Claim Files to BrownGreer by the Subrogation Claimants will proceed as quickly as reasonably practicable. During the next 30 days the Subrogation Claimants shall take reasonable steps to gather Claim Files for production so that upon completion of the BrownGreer Depository, Subrogation Claimants may immediately transfer as many additional Claim Files as reasonably possible.

11. In their weekly data updates transmitted to BrownGreer, the Subrogation Claimants will indicate which Claim Files have been produced to BrownGreer.

**NOTICE THAT CLAIM FILES MAY BE ACCESSED IN REVIEW REPOSITORY**

12. BrownGreer shall provide a notice to the Unrepresenteds and Counsel confirming the receipt of the insured claimants' Claim Files (the "**Notice**"). The Notice shall at a minimum explain that: (a) copies of the Claim Files have been transmitted to a secure BrownGreer repository; (b) the Unrepresenteds and Counsel may review the Claim Files within the repository as outlined in ¶¶ 2 and 13; and (c) after a reasonable period of time for review and redaction, the Claim Files may be accessed by BrownGreer. The Notice shall be sent by email to the Unrepresenteds and Counsel.

**REVIEW OF CLAIM FILES AND TRANSFER TO HOLDING REPOSITORY; REPORTS**

13. To facilitate the review of Claim Files by the Unrepresenteds and Counsel, BrownGreer shall ensure that the Review Repository provides reasonably intuitive means for: (a) accessing and viewing the Claim Files in the Repository; (b) applying redactions to portions of the Claim Files in the Repository; and (c) indicating to BrownGreer whether redactions applied by Subrogation Claimants are contested. The Review Repository also shall provide reasonably intuitive means for the Unrepresenteds and Counsel to notify BrownGreer of the completion of the review and the redaction, if any, of the Claim Files in the Repository (the "**Review Completed**").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14. In accordance with CMO 5, BrownGreer shall provide the parties described in ¶ 5(a)-(c) with reasonably intuitive means to obtain authorized user names and secure login passwords to establish secure connections with the BrownGreer Portal and to permit the use of the BrownGreer Portal. BrownGreer may develop terms and conditions to be accepted by parties described in ¶ 5(a)-(c) as a prerequisite to their access to the BrownGreer Portal.

15. For Claim Files within the Review Repository that are indicated as Review Completed, BrownGreer shall immediately transfer these Claim Files from the Review Repository to the Holding Repository.

16. Following the first transfer of Claim Files to the Holding Repository, BrownGreer shall, upon request by a Party, generate reports for the Party and its counsel, agents, and consultants concerning the Claim Files in the Review Repository or the Claim Files that have been transferred to the Holding Repository. These reports shall identify the Claim Files by, if reasonably possible, the insured's name, email, claim number, loss address, APN and, if represented, counsel's mailing address and email.

**EMPLOYEES, AGENTS, AND CONSULTANTS**

17. BrownGreer shall ensure that its employees with access to the Review Repository or the Holding Repository or who may handle Claim Files are: (a) informed of the confidential nature of the Claim Files; and (b) aware of the Parties' duties under the Agreement.

18. The Parties agree that the Subrogation Claimants and BrownGreer may delegate duties to agents or engage consultants to assist with carrying out duties under the Agreement, provided that the Subrogation Claimants and BrownGreer ensure any agents or consultants with access to or involvement with the Review Repository or the Holding Repository or any Claim Files are: (a) informed of the confidential nature of the Claim Files; and (b) are aware of the Parties' duties under the Agreement.

**MODIFICATION AND COOPERATION**

19. The Parties recognize that the posture and status of these Bankruptcy Cases may change and the Agreement may require modification. The Agreement may be modified only in a writing signed by all Parties affected by the modification.

20. The Parties acknowledge that their cooperation and coordination is essential for the successful transfer and use of certain insurance information as set forth in the Agreement. The Parties agree that they will make reasonable efforts to cooperate and coordinate consistent with the terms and obligations provided by the Agreement.

**MISCELLANOUS**

21. The production of copies of the Claim Files by the Subrogation Claimants is conditioned on the Court entering an Order that approves the Agreement and determining there is a reasonable and compelling need for the production of copies of the Claim Files by the Subrogation Claimants to the secure, protected, confidential, and access-limited repositories described herein which outweighs any privacy interest the insureds' may have in the Claim Files.

22. Nothing in this Agreement or Order shall diminish or alter the rights and obligations of the Parties under any CMOs, Rules, Orders, Stipulations, Agreements, or any other obligations, all of which remain in full force and effect.

23. Except as specifically set forth in the Agreement, nothing herein shall be deemed to alter the duties of any Party under the provisions of the California Insurance Code Sections 791-791.27, the Insurance Information and Privacy Protection Act (IIPPA).

24. Additional parties who hold subrogation claims and/or insurers who are not part of the Ad Hoc Subrogation Group can obtain the protections of the Agreement by signing the Agreement.

25. Nothing herein shall be deemed to be a waiver of any right of any of the Parties, any member of the Ad Hoc Subrogation Group, or the Unrepresenteds and Counsel to (i) assert any objection to the production of information or documents in the Claim Files on the grounds that such information or documents fall outside of the scope of the information required to be produced pursuant to California Insurance Code § 2071, (ii) subsequently seek greater protections from the Court regarding the treatment or use of the Claim Files than are set forth in this Agreement, including but not limited to a finding that the terms of the Court's prior Confidentiality and Protective Order [Docket 3405] governs Claim Files produced in these Bankruptcy Cases, or (iii) seek any other relief from the Court in connection with the subject matter of the Agreement.

26. Within 90 days of the Trustee's certification of the completion of the Trustee's Fire Victim Trust administration activities, the Trustee shall return or destroy Claim Files that had been provided by Subrogation Claimants for the Trustee. Within the same deadline, BrownGreer shall return or destroy Claim Files that were transmitted by Subrogation Claimants pursuant to the Agreement, provided that the Unrepresenteds and Counsel may elect for BrownGreer to retain their own or their clients' Claim Files in a BrownGreer repository. Whether the Claim Files are returned or destroyed, each of the Trustee and BrownGreer must submit a written certification to the Subrogation Claimants that transmitted the Claim Files that (1) identifies (by claim number) all of the Claim Files that were returned or destroyed and (2) affirms that they have not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Claim Files, with the exception of any Claim Files the Unrepresenteds and Counsel elected for BrownGreer to retain in a repository.

27. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Agreement.

BrownGreer PLC

Dated: April 2, 2020
By */s/ Philip Strunk*
Philip Strunk

250 Rocketts Way
Richmond, VA 23231
Telephone: (804) 521-7200

The Ad Hoc Group of Subrogation Claim Holders on behalf of the individual Subrogation Claimants

Dated: April 2, 2020
By /s/ *Benjamin P. McCallen*
Benjamin P. McCallen

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman
Joseph G. Minias
Benjamin P. McCallen
Daniel I. Forman
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

Baker & Hostetler LLP
Attorneys at Law
San Francisco

Case: 19-30088    Doc# 6597    Filed: 04/02/20    Entered: 04/02/20 13:38:08    Page 9 of 10

| | | |
|---|---|---|
| Dated: April 2, 2020 | | The Official Committee of Tort Claimants<br><br>By */s/ Kimberly S. Morris*<br>　　　Kimberly S. Morris<br><br>**BAKER & HOSTETLER LLP**<br>Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>Kimberly S. Morris (SBN 249933)<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111<br>Telephone:　415.659.2600<br>Facsimile:　414.659.2601<br><br>Trustee |
| Dated: April 2, 2020 | | By */s/ Hon. John K. Trotter*<br>　　　Hon. John K. Trotter (Ret.)<br><br>Proposed Trustee for the Fire Victim Trust |