| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue New York, NY 10153-0119 |
| 7 | Tel: 212 310 8000 Fax: 212 310 8007 |
| 8 | KELLER BENVENUTTI KIM LLP |
| 9 | Tobias S. Keller (#151445) (tkeller@kbkllp.com) |
| 10 | Jane Kim (#298192) (jkim@kbkllp.com) |
| 11 | 650 California Street, Suite 1900 San Francisco, CA 94108 |
| 12 | Tel: (415) 496-6723 Fax: (415) 636-9251 |
| 13 | *Attorneys for Debtors and Debtors in Possession* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| | Chapter 11 (Lead Case) (Jointly Administered) |
| **PG&E CORPORATION,** | |
| - and - | **DEBTORS' STATEMENT WITH RESPECT TO THE TCC'S REQUEST FOR A HEARING ON THE PROPOSED BUDGET FOR THE HON. JOHN K. TROTTER (RET.) AS TRUSTEE FOR THE FIRE VICTIM TRUST AND CATHY YANNI AS CLAIMS ADMINISTRATOR** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | Related Docket Nos. 5723, 5726, 5994, 6486 |
| ☐ Affects Pacific Gas and Electric Company | Date: April 7, 2020 |
| ☒ Affects both Debtors | Time: 10:00 a.m. (Prevailing Pacific Time) |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Place: U.S. Bankruptcy Court 450 Golden Gate Ave. Courtroom 17, 16th Floor San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Statement with respect to the Official Committee of Tort Claimants' (the "**TCC**") request for a further hearing [Docket No. 6486] (the "**March 25 Request**") on its applications to retain and employ the Hon. John K. Trotter (Ret.), as trustee for the Fire Victim Trust [Docket No. 5726], and Cathy Yanni, as claims administrator of the Fire Victim Trust [Docket No. 5723] (collectively, the "**Retention Applications**").

As an initial matter, the Debtors note that it is customary for a trust such as the Fire Victim Trust to bear its own administrative costs. Nevertheless, prior to the filing of the March 25 Request, the Debtors offered to fund $2.5 million of Justice Trotter's and Ms. Yanni's pre Plan Effective Date fees and expenses and believed an agreement had been reached to do so. Now, however, the TCC's request has ballooned to a minimum of $21.8 million.

Reduced to its essentials, the relief sought by the TCC in the March 25 Request is as follows: despite the fact that the Plan has not gone effective and despite the fact that the TCC has failed to live up to its commitment to support the Plan as provided in the Court-approved Tort Claimants RSA, all economic stakeholders of the Debtors, other than the beneficiaries of the Fire Victim Trust, should fund $21.8 million, plus ongoing monthly amounts of $5.15 million commencing in September 2020 until the Plan Effective Date, of the fees and expenses incurred by the Fire Victim Trust. This would be unprecedented, and notably, neither the March 25 Request nor the Retention Applications cite to any other examples where this type of relief has been granted.

The Debtors have consistently stated that a principal purpose of these Chapter 11 Cases is to get Fire Victims paid fairly and expeditiously, and the Debtors have made enormous accomplishments to reach a point in these cases where they are now virtually on the eve of confirmation of their Plan. That, however, does not mean that the Debtors can ignore their obligations to their other economic stakeholders in these Chapter 11 Cases.

The Debtors have made more than a reasonable proposal to fund an amount to get the Fire Victim Trust prepared for the Plan Effective Date. The TCC, however, seeks to shift this entire cost to the Debtors and other stakeholders in these Chapter 11 Cases. The Debtors and the TCC remain

in discussions to see if a potential consensual resolution of this issue can be reached among the parties. However, to the extent the parties are unable to reach a consensus, if the TCC, Justice Trotter, and Ms. Yanni believe more is needed, the Debtors propose that a fair and equitable resolution would be to have any amounts in excess of $2.5 million (but subject in all respects to the Budget) constitute a dollar for dollar reduction of the cash funding to be made to the Fire Victim Trust on the Plan Effective Date. That will have no material impact on the cash to be funded to the Fire Victim Trust, and, moreover, would be fair and equitable to all parties in interest in these Chapter 11 Cases.

As this Court is well-aware, in negotiating the global resolution that is embodied in the Plan, the Debtors have struck a very delicate balance among their various stakeholder constituencies as to how the estates' value should be distributed. The Debtors are very cognizant of that balance and how difficult it was to achieve. Under these circumstances, and where it is customary for a trust such as the Fire Victim Trust to bear its own administrative costs, the Debtors believe that the way they have sought to address the issue before the Court is eminently fair, equitable, and entirely consistent with both the negotiated Plan and the intent and purpose of the Bankruptcy Code.

WHEREFORE, the Court should order that any fees and expenses incurred by Justice Trotter, Ms. Yanni, their staff and associated professionals in excess of $2.5 million should be paid by the Fire Victim Trust or, alternatively, that any amounts in excess of $2.5 million (but subject in all respects to the Budget) reduce the amount of the Fire Victim Trust funding under the Plan.

Dated: April 3, 2020

        **WEIL, GOTSHAL & MANGES LLP**
        **KELLER BENVENUTTI KIM LLP**

        /s/ *Stephen Karotkin*
        Stephen Karotkin

        *Attorneys for Debtors and Debtors in Possession*