1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone:  (424) 386-4000
9  Facsimile:  (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **STATEMENT AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date:  April 7, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br><br>Re:    Docket No. 6398 |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases submits this Statement and Reservation of Rights in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief* (the "CRCP Motion") [Docket No. 6398].

## STATEMENT AND RESERVATION OF RIGHTS

The CRCP Motion posits a scenario where the Debtors are unable to confirm and consummate their current Plan by the end of this year. If that scenario occurs, the CRCP Motion requests that the Debtors be authorized, and in fact obligated, to pivot to a sale process[1] that would incorporate a number of protective measures, including the appointment of a Chief Transition Officer (CTO) to oversee certain aspects of the Debtors' operations and a Chief Restructuring Officer (CRO) to oversee the sale process. CRCP Motion at p. 14-18. The Debtors have agreed (subject to Court approval) to abide by the process and guidelines set forth in the CRCP Motion in order to satisfy the concerns about the Plan that have been articulated by Governor Newsom and his advisors in these proceedings and elsewhere. CRCP Motion at p. 9.

The Debtors have only recently begun the solicitation of votes on the Plan, so asking the Court to preemptively approve an alternative path that would only apply if that Plan fails for some reason seems unusual. But these cases are unique, and the Creditors' Committee acknowledges the critical importance of the Governor's approval of the Plan and sees the merit in laying the

---

[1] For the sake of brevity, any reference herein to sale process refers to the proposal in the CRCP Motion that "if the Effective Date does not occur by such extended date (December 31, 2020), the Debtors will commence a sale process proposing a sale of either substantially all of the Debtors' assets or a plan sponsorship proposal that would result in the plan sponsor owning the equity of the Reorganized Debtors or the Reorganized Utility. Such sale would be consistent with the Bidding Procedures and otherwise in form and substance acceptable to the Governor's Office. The Bidding Procedures shall include, among other things, a schedule that allows for the closing of a sale (or effective date of a plan) no later than September 30, 2021." CRCP Motion at p. 14.

foundation for what is essentially a contingency plan in the event the Plan cannot be consummated: it is critical to assure a successful conclusion of these cases one way or another. At the same time, the Creditors' Committee has a fiduciary duty to general unsecured creditors to seek to maximize their recoveries and a statutory responsibility and right to participate fully in any contingency plan process. In re Mortgage & Realty Trust, 212 B.R. 649, 652 (Bankr. C.D. Cal. 1997) (creditors' committees have a fiduciary duty to maximize the debtor's estate and provide "needed checks and balances in the reorganization process"). The fact that general unsecured creditors may be impaired given the circumstances in which the sale process would occur underscores the need for the Creditors' Committee to be allowed to have complete involvement in the details of the sale process.

The principal concern of the Creditors' Committee is that the proposed contingency plan should not be used as a means to short-circuit any of the substantive or procedural protections afforded general unsecured creditors under the Bankruptcy Code with respect to actions that a debtor seeks to take while operating in chapter 11 – namely, that any transactions that are beyond the ordinary course of business require Court approval, upon notice and opportunity for a hearing. See 11 U.S.C. § 363(b)(1).

The CRCP Motion contemplates a number of non-ordinary course actions or transactions that require Bankruptcy Court approval upon notice and opportunity for interested parties to be heard: appointment of the CTO and CRO, the Bidding Procedures, the Auction process, and any ultimate sale. CRCP Motion at pp. 14-18. In particular, the competitive and transparent nature of the sale process contemplated by the CRCP Motion must be assured. For example, any party who seeks to be a bidder in the process should satisfy the applicable criteria to be a "Qualified Bidder." As currently drafted, the Bidding Procedures only provides that the state of California or a bidder supported by the state of California "must participate as a bidder in the process." CRCP, section

(1).

The Creditors' Committee also believes it is critical that any process approved by the Bankruptcy Court be nuanced and flexible enough to accommodate any subsequent change in circumstance that may adversely impact the efficacy of the sale process. Said another way, the final process should protect and benefit all creditors while satisfying the concerns of the Governor. For instance, the proposed Bidding Procedures <u>require</u> that, to the extent a sale process takes place, any resulting sale must close or plan of reorganization go effective by September 2021. CRCP, section (1). While such date may be achievable, and efforts should be made to tailor a competitive sale process to such date, it is possible that any required regulatory approval may not have been given by such date. The Court should retain the flexibility to make such adjustments with respect to any final sale process it approves in connection with the Bidding Procedures.

In addition, the CRCP Motion provides that, under certain circumstances, plan exclusivity will automatically be lifted for the state of California. CRCP Motion at p. 16 ("exclusivity shall be immediately terminated without further order of the Bankruptcy Court for the state of California …"). If the Debtors' Plan has failed and plan exclusivity therefore is being lifted for the state of California, that same door should be open for any other party (or parties) that can present a credible, potentially confirmable plan.

The Creditors' Committee looks forward to working alongside the Governor's advisors to ensure that the Debtors successfully and expeditiously emerge from bankruptcy protection and that, in the event that the process proposed in the CRCP Motion becomes necessary, all protections are afforded to the Debtors' unsecured creditors. Nonetheless, given the prospective nature of the relief requested in the CRCP Motion, the Creditors' Committee reserves all of its rights with respect to all aspects of the any future actions or transactions contemplated by the CRCP Motion, including the appointment and compensation of any CTO and CRO, the commencement and

conduct of any sale process (including the Bidding Procedures and any Auction), any further Court action regarding the Debtors' exclusivity rights, and all related issues.

Dated: April 5, 2020

**MILBANK LLP**

*/s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*