| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (SBN 151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (SBN 298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Debtors in Possession* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>Joshua M. Mester (SBN 194783)<br>James O. Johnston (SBN 167330)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539<br>E-mail: bbennett@jonesday.com<br>jmester@jonesday.com<br>jjohnston@jonesday.com<br><br>*Attorneys for the Shareholder Proponents* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DEBTORS' AND SHAREHOLDER PROPONENTS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE SEALING OF THE DEBTORS' AND SHAREHOLDER PROPONENTS' OBJECTION TO MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS FOR ENFORCEMENT OF THE NOTEHOLDER RSA**<br><br>[No Hearing Requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), and certain funds and accounts managed or advised by Abrams Capital Management, LP, and certain funds and accounts managed or advised by Knighthead Capital Management, LLC (collectively, the "**Shareholder Proponents**"), hereby submit this Motion (the "**Sealing Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors and the Shareholder Proponents to file under seal their *Objection To Motion Of The Ad Hoc Committee Of Senior Unsecured Noteholders For Enforcement Of The Noteholder* RSA (the "**Objection**"), and (ii) directing that the Objection remain under seal and confidential and not be made available to anyone except as set forth herein. The Debtors will provide copies of the Objection, on a "Confidential" and "Professional Eyes Only" basis, to (i) this Court, (ii) the United States Trustee for Region 17 (the "**U.S. Trustee**"), (iii) the professionals for the Creditors Committee and the Tort Claimants Committee (each as defined below), and (iv) the professionals for the Ad Hoc Committee of Senior Unsecured Noteholders (the "**Ad Hoc Committee**").

In support of the Sealing Motion, the Debtors and Shareholder Proponents respectfully submit the Declaration of Stephen Karotkin (the "**Karotkin Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is submitted concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE RSA RELIEF MOTION

On April 1, 2020, the Ad Hoc Committee filed under seal its *Motion For Enforcement Of The Noteholder RSA And Noteholder RSA Letter Agreement* [ECF 6592] (the "**RSA Relief Motion**"). Pursuant to the RSA Relief Motion, the Ad Hoc Committee seeks an order permitting it and its members to take certain actions regarding the Debtors' pending motion to approve the Case Resolution Contingency Process. The Ad Hoc Committee contends that it was compelled to seek to

file the RSA Relief Motion under seal to avoid accusations that the Ad Hoc Committee violated the Noteholder RSA.

The Debtors and the Shareholder Proponents object to the relief sought in the RSA Relief Motion. Because the RSA Relief Motion is currently sealed, the Debtors and the Shareholder Proponents request authority to file the Objection under seal so that the Court may consider the Objection.

IV. **BASIS FOR RELIEF REQUESTED**

A. <u>Bankruptcy Courts Must Protect Confidential Information Pursuant to Section 107(b) Upon Request.</u>

Section 107(b) of the Bankruptcy Code, as applied through section 105(a), protects against the disclosure of certain confidential information. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidenti*l* research, development, or commercial information . . . .

11 U.S.C. § 107(b). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Section 107(b) expressly authorizes the court to grant protection, where warranted, to an entity's confidential commercial information. Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. This protection extends to any party whose information needs protecting; it is not limited to the Debtors. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting motion to seal share purchase agreement

between the debtors and a purchaser to protect the information of the purchaser and the company whose stock was being sold).

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, the Local Procedures require that a request to seal is tailored to the sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*.

As discussed above, the Debtors and the Shareholder Proponents object to the RSA Relief Motion. Because the RSA Relief Motion is under seal, the Debtors and the Shareholder Proponents request that the Court permit the filing under seal of the Objection. For the reasons set forth herein, this Court should grant the Debtors' and Shareholder Proponents' request to seal the Objection to the extent that the RSA Relief Motion remains sealed.

  C. <u>The Court has Authority Under Section 105(a) of the Bankruptcy Code to Grant the Requested Relief and Such Relief is Appropriate</u>

Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's estate. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."). As discussed above, the relief requested herein is warranted and appropriate given that the Debtors and the Shareholder Proponents are compelled to respond to the RSA Relief Motion, which is currently under seal.

**V.     NOTICE**

Notice of this Sealing Motion will be provided to (i) the U.S. Trustee (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facilities; (xii) counsel for the Consenting Noteholders; (xiii) counsel for the Ad Hoc Committee, and (ix) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 5, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*

**JONES DAY**

By: /s/ *James O. Johnston*
James O. Johnston

*Attorneys for the Shareholder Proponents*