| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>Transamerica Pyramid Center<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111-2806<br>Telephone:   415.659.2600<br>Facsimile:    415.659.2601<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com | Elizabeth A. Green (*pro hac vice*)<br>BAKER & HOSTETLER LLP<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801<br>Telephone:   407.649.4036<br>Facsimile:    407.841.0168<br>Email: egreen@bakerlaw.com |

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>     -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION FOR ENTRY OF AN ORDER DIRECTING SUPPLEMENTAL DISCLOSURE IN THE FORM OF A LETTER FROM THE TCC**<br>[Related Dkt. Nos. 6340, 6353, 6448, 6483]<br><br>Date:     April 7, 2020 (REQUESTED)<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   **Telephonic Appearances Only**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102<br>**Objection Deadline:  TBD** |

The Official Committee of Tort Claimants (the "**TCC**") in the above-captioned chapter 11 cases PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"), submits this motion ("**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), directing the Solicitation Agent[1] to send supplemental disclosure in the form of a letter from the TCC attached hereto as **Exhibit B** (the "**Proposed Letter**") and permitting the TCC to send the supplemental report on May 1 that states whether the Debtors fixed the problems identified in the Proposed Letter and if so, stating the resolution, or, alternatively, setting a hearing on April 29, 2020 to approve the content of the letter to go out on May 1, 2020. In support of the Motion, the TCC is filing contemporaneously herewith the declaration of Robert A. Julian ("**Julian Decl.**"). Attached to the Julian Decl. is a copy of the transcript from the hearing this Court held on March 25, 2020 ("**March 25 Tr.**"). Contemporaneously herewith, the TCC is submitting a motion shortening time for this Court to hear this Motion, and is requesting that the Court hear this Motion on Tuesday, April 7, 2020.

## PRELIMINARY STATEMENT

On March 25, 2020, this Court held a status conference in the Cases. During the hearing, Robert Julian, counsel for the TCC, outlined three pressing issues:

> I want to advise you that we will be requesting the debtors to issue another supplemental disclosure statement when new facts come out about resolution of a pending matter between the debtors and equity and the TCC that is now in front of Judge Randall Newsome a[t] a mediation. We believe these issues should be resolved in the next few days. And the resolution should be noticed out in supplemental disclosures to the victims so they can vote. Your honor, those issues impact the value of the 6.75 billion dollars of stock that the victims trust is to receive under the plan for the victims. And the victims need to know these facts in order to vote on the plan. Your honor, the issues being mediated that impact the value of the 6.75 billion dollars of stock include the following three issues: one, what will be the terms of the stock registration agreement that states who can sell the stock and when and in what amounts after plan confirmation … The second issue is will the 6.75 billion dollars of stock [have] 6.75 billion dollars of value upon issuance, under current market conditions that are impacting the value of utility companies and their stock. And the third issue is when will the stock and cash be issued and funded so that the victims can make an informed choice.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' Disclosure Statement, dated March 17, 2020 [Dkt. No. 6353] ("**Disclosure Statement**").

March 25 Tr. at 10:1-17, 21-25 – 11:2.  This Court then stated: "Today, from what you describe, there's nothing to disclose because there's nothing resolved on these issues; they're in mediation. If tomorrow or the next day or some day in the future there's a resolution, you'll have to decide then what to do. … And my sense is if the mediation is unsuccessful, there'd be other questions also." *Id.* at 13:17-22, 24-25.

On March 27, 2020, counsel for the TCC and TCC representatives met with the Debtors and the Shareholder Plan Proponents for the last time.  *See* Julian Decl. at ¶ 5.  At this point, the mediation is at an impasse.  *Id.* at ¶ 5.  The TCC believes the parties have not made any substantial progress, and the TCC believes it is important that the Proposed Letter be sent to Fire Victim Claimants disclosing such issues.  *Id.* at ¶¶ 5-7.

The information provided in the Proposed Letter may have a material impact on how and when Fire Victim Claimants vote.  The Proposed Letter is necessary to provide the Fire Victim Claimants with adequate information regarding the Plan.  In the Proposed Letter, the TCC states that PG&E has until April 28, 2020, to reach a resolution of the problems raised by the TCC, and the TCC will provide a supplemental report of the results of these proposals to the Fire Victim Claimants on May 1, 2020.  The TCC will also ask this Court for approval of the supplemental report in advance of May 1, 2020.  Thus, the TCC is asking Fire Victim Claimants withhold voting until they receive the TCC's supplemental report on or about May 1, 2020.  *See* Proposed Letter.

To this end, the TCC also requests the Court to approve the TCC sending a letter to the victims on May 1, 2020, informing them if PG&E has fixed the problems identified in the Proposed Letter and if so, stating the resolution, or, alternatively, the TCC requests the Court set a hearing on April 29, 2020 to approve the content of the letter to go out on May 1, 2020.

## BASIS FOR RELIEF

Committees often inform their constituents of their views on various aspects of bankruptcies. Mass tort cases are no exception. As Professor S. Elizabeth Gibson noted in "Judicial Management of Mass Tort Bankruptcy Cases" (Federal Judicial Center 2005):

> Once a reorganization plan is proposed and approved for submission to a creditor vote, the committee may inform its constituents of its position on the plan. When the committee is a supporter or proponent of the plan, it can include a letter to this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

> effect in the solicitation package. When it opposes the plan, the creditors' committee is permitted to explain the reasons for its opposition in a separate mailing.

*Id.* at 51, available at https://www.uscourts.gov/sites/default/files/gibsjudi_1.pdf.

Approved committee communications regarding a plan are consistent with section 1125(b) of the Bankruptcy Code, which "seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote." *In re California Fid., Inc.,* 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996). Section 1125 of the Bankruptcy Code requires that a claimant have adequate information about a plan when deciding to vote. When bankruptcy courts consider proposed supplemental information after a disclosure statement has been approved, courts consider communications that may include "expressions of views by particular creditors or creditor constituencies, which [also] can and customarily do include argumentative matter and expressions of opinion." *In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 597 (Bankr. S.D.N.Y. 2006). These communications may state "the advantages or disadvantages of a proposed plan …, and unless they are offensive for some other reason, [those statements] would normally be fair game for presentation." *Id.* at 601. This makes sense because "[t]he overriding goal in the voting phase of a confirmation process is to provide the holders and interests with as much relevant and meaningful information as possible." *In re Apex Oil Co.*, 111 B.R. 245, 249 (Bankr. E.D. Mo. 1990).

The TCC asks the Court to approve sending the Proposed Letter to provide as much relevant and meaningful information to Fire Victim Claimants as possible. The Proposed Letter is necessary to provide the Fire Victim Claimants with adequate information regarding the Plan. The Proposed Letter does not ask creditors to vote a particular way, but the Proposed Letter includes expressions of the TCC's views and opinions on the current state of the Debtors' Plan and Disclosure Statements if the issues identified above are not resolved. The TCC requests that this supplemental disclosure be provided to the Fire Victim Claimants so that they have all of the information related to the Plan. The TCC further requests that the Solicitation Agent be directed to serve the Proposed Letter on all Fire Victim Claimants immediately upon entering the order on this Motion.

**JURISDICTION AND VENUE**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested in this Motion is sections 105 and 1125 of the Bankruptcy Code.

**NOTICE**

Notice of this Motion will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) the Consenting Fire Claimant Professionals; (xiii) counsel for the Shareholder Proponents; and (xiv) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

**CONCLUSION**

WHEREFORE, the TCC respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, (i) directing supplemental disclosure in the form of the Proposed Letter and allowing the TCC to transmit the Proposed Letter to Prime Clerk for dissemination; and (ii) permitting the TCC to send the supplemental report on May 1 that states whether the Debtors fixed the problems identified in the Proposed Letter and if so, stating the

resolution, or, alternatively, setting a hearing on April 29, 2020 to approve the content of the letter to go out on May 1, 2020.

Dated: April 6, 2020

BAKER & HOSTETLER LLP

By: */s/ Elizabeth A. Green*
      Elizabeth A. Green

*Counsel for Official Committee of Tort Claimants*