WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SUMMARY SHEET TO THIRD INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| | **Objection Deadline:** April 27, 2020, at 4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| General Information | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP ("**Weil**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 9, 2019 *nunc pro tunc* to the Petition Date |
| Prior Applications: | *First Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 through and Including April 30, 2019* [Docket No. 2988] |
| | *Second Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 through and including September 30, 2019* [Docket No. 4739] |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | October 1, 2019 through and including January 31, 2020 (the "**Compensation Period**") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $10,402,832.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Compensation Period: | $238,863.61 |
| Total Compensation and Expenses Requested for the Compensation Period: | $10,641,695.61 |

| Summary of Voluntary Fee and Expense Reductions for the Compensation Period | |
|---|---|
| Amount of Voluntary Reductions to Compensation Sought During the Compensation Period: | $767,497.50 |
| Amount of Voluntary Reductions to Expenses Incurred During the Compensation Period: | $152,230.42 |

| | |
|---|---|
| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Allowed Compensation Paid to Date: | $8,742,288.25 |
| Total Allowed Expenses Paid to Date: | $295,824.67 |
| Total Allowed Compensation and Expenses Paid to Date: | $9,038,112.92[1] |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements but Not Yet Allowed** | |
| Compensation Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in Monthly Statements): | $15,129,444.40 |
| Expenses Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in Monthly Statements): | $487,178.41 |
| **Summary of Rates and Other Related Information in this Application** | |
| Blended Rate in this Application for All Attorneys: | $1,036.60 |
| Blended Rate in this Application for All Timekeepers: | $1,015.32 |
| Number of Timekeepers Included in this Application: | 77 (58 attorneys; 19 paraprofessionals and other non-legal staff) |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | The compensation sought is less than the aggregate fees budgeted for Weil in the debtor-in-possession financing budget for the Compensation Period. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | 18 attorneys |
| Increase in Rates: | Effective October 1, 2019, Weil implemented a customary, annual increase in billing rates. |

This is a(n): __X__ Interim _____ Final Application

---

[1] Reflects a reduction of $380,000 in fees and $40,000 in expenses as agreed to between Weil and the Fee Examiner. *See* Docket No. 5594.

## SUMMARY OF FIRST INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date Pursuant to Interim Fee Order | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 04/16/19 Dkt No. 1472 | 01/29/19–02/28/19 | $3,133,942.50 | $113,433.45 | $3,133,942.50 | $113,433.45 |
| 06/05/19 Dkt No. 2418 | 03/01/19–03/31/19 | $3,035,057.25 | $109,952.64 | $3,035,057.25 | $109,952.64 |
| 07/12/19 Dkt No. 2954 | 04/01/19–04/30/19 | $2,953,288.50 | $112,438.58 | $2,573,288.50 | $72,438.58 |
| **Total:** | | **$9,122,288.25** | **$335,824.67** | **$8,742,288.25**[2] | **$295,824.67**[3] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

[2] Reflects a reduction of $380,000 in fees as agreed to between Weil and the Fee Examiner. *See* Docket No. 5594.

[3] Reflects a reduction of $40,000 in expenses as agreed to between Weil and the Fee Examiner. *See* Docket No. 5594.

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (20%) |
| 08/05/19 Dkt No. 3368 | 05/01/19 – 05/31/19 | $2,326,168.75 | $59,807.79 | $1,860,935.00 | $59,807.79 | $465,233.75 |
| 08/28/19 Dkt No. 3736 | 06/01/19 – 06/30/19 | $2,982,182.50 | $65,049.74 | $2,385,746.00 | $65,049.74 | $596,436.50 |
| 10/16/19 Dkt No. 4218 | 07/01/19 – 07/31/19 | $3,294,956.50 | $124,121.44 | $2,635,965.20 | $124,121.44 | $658,991.30 |
| 10/20/19 Dkt No. 4325 | 08/01/19 – 08/31/19 | $2,578,149.25 | $77,426.71 | $2,062,519.40 | $77,426.71 | $515,629.85 |
| 11/11/19 Dkt. No. 4664 | 09/01/19 – 09/30/19 | $2,392,395.00 | $41,138.79 | $1,913,916.00 | $41,138.79 | $478,479.00 |
| **Total:** | | **$13,573,852.00** | **$367,544.47** | **$10,859,081.60** | **$367,544.47** | **$2,714,770.40** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# SUMMARY OF THIRD INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 01/09/20 Dkt No. 5315 | 10/01/19 – 10/31/19 | $2,774,552.50 | $78,872.32 | $2,219,642.00 | $78,872.32 | $2,219,642.00 | $78,872.32 | $554,910.50 |
| 02/07/20 Dkt No. 5694 | 11/01/19– 11/30/19 | $2,563,401.00 | $40,761.62 | $2,050,720.80 | $40,761.62 | $2,050,720.80 | $40,761.62 | $512,680.20 |
| 02/28/20 Dkt No. 5957 | 12/01/19 – 12/31/19 | $2,378,148.50 | $61,897.98 | $1,902,518.80 | $61,897.98 | $0.00 | $0.00 | $475,629.70 |
| 03/27/2020 Dkt No. 6511 | 01/01/20 – 01/31/20 | $2,686,730.00 | $57,331.69 | $2,149,384.00 | $57,331.69 | $0.00 | $0.00 | $537,346.00 |
| **Total:** | | **$10,402,832.00** | **$238,863.61** | **$8,322,265.60** | **$238,863.61** | **$4,270,362.80** | **$119,633.94** | **$2,080,566.40** |

Summary of Any Objections to Monthly Fee Statements:        None.[4]

Compensation and Expenses Sought in this Application Not Yet Paid:   $6,251,698.87

---

[4] The objection deadline with respect to Weil's January 2020 Monthly Fee Statement is April 7, 2020. If the January Fee Statement deadline passes without objection, the Debtors will remit to Weil $2,149,384.00 in compensation for fees and $57,331.69 in reimbursement of expenses.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

# COMPENSATION BY PROFESSIONAL
## OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020

The attorneys who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PROFESSIONAL (PARTNERS AND COUNSEL) | DEPARTMENT[5] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Karotkin, Stephen | BFR | 1977 | $1,695.00 | 836.30 | $1,417,528.50 |
| Bond, W. Michael | Corporate | 1980 | $1,695.00 | 17.50 | $29,662.50 |
| Goldring, Stuart J. | Tax | 1984 | $1,695.00 | 142.30 | $241,198.50 |
| Slack, Richard W. | Litigation | 1987 | $1,325.00 | 328.40 | $435,130.00 |
| Pari, Joseph M. | Tax | 1988 | $1,695.00 | 102.30 | $173,398.50 |
| Wessel, Paul J. | Tax | 1988 | $1,695.00 | 38.40 | $65,088.00 |
| Connolly, Annemargaret | Corporate | 1988 (MA) | $1,400.00 | 4.90 | $6,860.00 |
| Goltser, Lyuba | Corporate | 2002 | $1,250.00 | 6.60 | $8,250.00 |
| Adams, Frank R. | Corporate | 1993 | $1,525.00 | 9.80 | $14,945.00 |
| Tsekerides, Theodore E. | Litigation | 1994 | $1,225.00 | 495.70 | $607,232.50 |
| Heyliger, Adelaja K. | Corporate | 1998 | $1,175.00 | 8.10 | $9,517.50 |
| Pappas, Nicholas J. | Litigation | 1989 | $1,275.00 | 1.20 | $1,530.00 |
| Singh, David R. | Litigation | 2004 | $1,175.00 | 6.70 | $7,872.50 |
| Liou, Jessica | BFR | 2009 | $1,175.00 | 765.10 | $898,992.50 |
| Cruz, Mariel E. | Corporate | 2010 | $1,125.00 | 0.20 | $225.00 |
| Bostel, Kevin | BFR | 2012 | $1,125.00 | 4.20 | $4,725.00 |
| Goslin, Thomas (Counsel) | Corporate | 2003 | $1,100.00 | 47.60 | $52,360.00 |
| Goren, Matthew (Counsel) | BFR | 2007 | $1,125.00 | 669.40 | $753,075.00 |
| Byrne, Peter M. (Counsel) | Corporate | 2007 | $1,100.00 | 7.50 | $8,250.00 |
| Mishkin, Jessie B. (Counsel) | Litigation | 2007 | $1,100.00 | 8.20 | $9,020.00 |
| Seales, Jannelle Marie (Counsel) | Corporate | 2009 | $1,100.00 | 2.90 | $3,190.00 |
| Kramer, Kevin (Counsel) | Litigation | 2010 | $1,100.00 | 138.70 | $152,570.00 |
| Silber, Gary (Counsel) | Tax | 2011 | $1,100.00 | 49.00 | $53,900.00 |
| Swenson, Robert M. (Counsel) | Litigation | 2013 | $1,100.00 | 53.00 | $58,300.00 |
| **Total:** | | | | **3,744.00** | **$5,012,821.00** |

[5] BFR – Business Finance & Restructuring

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| NAME OF PROFESSIONAL (ASSOCIATES) | DEPARTMENT[6] | YEAR ADMITTED[7] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Friedman, Julie T. | BFR | 2003 | $625.00 | 101.70 | $63,562.50 |
| Byrne, Peter M. | Corporate | 2007 | $1,050.00 | 9.10 | $9,555.00 |
| Kramer, Kevin | Litigation | 2010 | $1,050.00 | 466.40 | $489,720.00 |
| Bitter, Blake | Tax | 2011 (VA) | $1,050.00 | 141.60 | $148,680.00 |
| Silber, Gary | Tax | 2011 | $1,050.00 | 119.90 | $125,895.00 |
| Golster, Jonathan | Corporate | 2011 | $980.00 | 0.20 | $196.00 |
| Bostel, Kevin | BFR | 2012 | $1,050.00 | 196.30 | $206,115.00 |
| Friedenberg, Matthew R. | Litigation | 2012 | $1,050.00 | 3.40 | $3,570.00 |
| Minga, Jay | Litigation | 2013 | $1,050.00 | 371.60 | $390,180.00 |
| Swenson, Robert M. | Litigation | 2013 | $1,050.00 | 238.50 | $250,425.00 |
| Rosenblum, Amanda | Tax | 2014 | $1,050.00 | 26.70 | $28,035.00 |
| Fink, Moshe A. | BFR | 2014 | $1,050.00 | 7.70 | $8,085.00 |
| Schinckel, Thomas Robert | BFR | 2014 (Australia) | $845.00 | 419.70 | $354,646.50 |
| Nolan, John J. | Litigation | 2015 | $1,010.00 | 244.50 | $246,945.00 |
| Smith, Gabriela | BFR | 2015 | $1,010.00 | 24.80 | $25,048.00 |
| Africk, Max M. | Litigation | 2015 (LA) | $980.00 | 24.60 | $24,108.00 |
| Brookstone, Benjamin | Tax | 2015 | $980.00 | 205.20 | $201,096.00 |
| Lane, Erik | Litigation | 2016 | $930.00 | 330.00 | $306,900.00 |
| Pitcher, Justin R. | BFR | 2016 (UT) | $930.00 | 0.50 | $465.00 |
| Anderson, Joseph Caleb | Corporate | 2016 | $845.00 | 13.10 | $11,069.50 |
| Kleinjan, John M. | Tax | 2017 | $930.00 | 36.80 | $34,224.00 |
| Niles-Weed, Robert B. | Litigation | 2017 | $930.00 | 216.00 | $200,880.00 |
| McGrath, Colin | Litigation | 2017 | $845.00 | 416.30 | $351,773.50 |
| McNulty, Shawn C. | Litigation | 2017 | $845.00 | 171.40 | $144,833.00 |
| Foust, Rachel L. | BFR | 2018 | $845.00 | 381.00 | $321,945.00 |
| Zangrillo, Anthony | Corporate | 2018 | $845.00 | 1.90 | $1,605.50 |
| Carens, Elizabeth Anne | BFR | 2018 | $730.00 | 498.90 | $358,383.00 |
| Irani, Neeckaun | Litigation | 2018 (CA) | $730.00 | 14.20 | $10,366.00 |

[6] BFR – Business Finance & Restructuring
[7] * - Not Yet Admitted

| | | | | | |
|---|---|---|---|---|---|
| Roarty, Charles | Tax | 2018 | $730.00 | 5.20 | $3,796.00 |
| Evans, Steven | Litigation | 2019 | $730.00 | 8.50 | $6,205.00 |
| Green, Austin Joseph | Litigation | 2019 | $730.00 | 339.10 | $247,543.00 |
| Sonkin, Clifford | BFR | 2019 | $730.00 | 131.70 | $96,141.00 |
| Hayes, Emily A. | Litigation | 2019 (CA) | $595.00 | 274.90 | $163,565.50 |
| Morganelli, Brian | BFR | * | $595.00 | 740.10 | $440,359.50 |
| **Total:** | | | | **6,181.50** | **$5,275,916.50** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT[8] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $435.00 | 37.50 | $16,312.50 |
| Stauble, Christopher A. | BFR | $420.00 | 0.40 | $168.00 |
| Gilchrist, Roy W. | Litigation | $400.00 | 68.60 | $27,440.00 |
| Hoilett, Leason | Litigation | $400.00 | 11.60 | $4,640.00 |
| Eng-Bendel, Cheryl | LSS | $395.00 | 0.20 | $79.00 |
| Fabsik, Paul | BFR | $390.00 | 13.30 | $5,187.00 |
| Ting, Lara | LSS | $375.00 | 34.70 | $13,012.50 |
| Wu, Kim L. | LSS | $375.00 | 18.50 | $6,937.50 |
| Chan, Herbert | Litigation | $370.00 | 5.30 | $1,961.00 |
| Dang, Thai | LSS | $360.00 | 3.50 | $1,260.00 |
| Nudelman, Peter | LSS | $360.00 | 2.60 | $936.00 |
| Biratu, Sirak D. | Litigation | $345.00 | 46.30 | $15,973.50 |
| Bogota, Alejandro | LSS | $345.00 | 2.00 | $690.00 |
| Chavez, Miguel | LSS | $345.00 | 3.00 | $1,035.00 |
| Mo, Suihua | LSS | $345.00 | 2.50 | $862.50 |
| Altman-DeSole, Jacob | BFR | $250.00 | 2.60 | $650.00 |
| Keschner, Jason | BFR | $250.00 | 4.00 | $1,000.00 |
| Kleissler, Matthew | BFR | $250.00 | 0.50 | $125.00 |
| Peene, Travis J. | BFR | $250.00 | 63.30 | $15,825.00 |
| **Total:** | | | **320.40** | **$114,094.50** |

---

[8] BFR – Business Finance & Restructuring, LSS – Litigation Support Staff

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (24) | $1,338.89 | 3,744.00 | $5,012,821.00 |
| Associates (34) | $853.50 | 6,181.50 | $5,275,916.50 |
| Paraprofessionals and Other Non-Legal Staff (19) | $356.10 | 320.40 | $114,094.50 |
| Blended Attorney Rate | **$1,036.60** | | |
| Blended Rate for All Timekeepers | **$1,015.32** | | |
| Total Fees Incurred (77 total professionals, paraprofessionals, and other non-legal staff): | | **10,245.90** | **$10,402,832.00** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## COMPENSATION BY PROJECT CATEGORY
## OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 002 | Asset Sales/ 363 Sales | 8.10 | $7,685.00 |
| 003 | Automatic Stay | 411.30 | $421,364.00 |
| 004 | Bankruptcy Litigation | 1,144.80 | $1,010,422.50 |
| 005 | Bar Date Motion/ Claims Reconciliation/ Claim Reconciliation Issues | 1,006.60 | $947,087.00 |
| 006 | Case Administration (docket updates, WIP, and calendar) | 86.60 | $52,521.50 |
| 008 | Chapter 11 Plan/ Plan Confirmation | 3,157.90 | $3,303,233.50 |
| 009 | Communications with Client | 42.10 | $38,686.50 |
| 010 | Corporate Governance and Board Issues | 174.20 | $222,282.50 |
| 011 | Customer, Supplier and Vendor Issues | 56.80 | $56,121.00 |
| 012 | DIP Financing/ Cash Mgmt./ Hedging Transactions | 4.30 | $4,561.00 |
| 013 | Disclosure Statement | 479.10 | $429,395.50 |
| 014 | Employee Issues | 528.60 | $513,862.00 |
| 016 | Exclusivity | 359.00 | $384,840.50 |
| 017 | Executory Contracts/ Lease Issues | 83.50 | $77,464.50 |
| 018 | General Case Strategy (includes calls with client and team calls) | 393.70 | $401,451.50 |
| 019 | Hearings and Court Matters | 287.60 | $331,190.50 |
| 021 | Non-Bankruptcy Litigation | 22.70 | $27,065.00 |
| 022 | Non-Working Travel | 180.00 | $233,491.00 |
| 023 | FERC Adversary Proceeding | 7.50 | $9,162.50 |
| 024 | Reclamation/ 503(b)(9) Claims | 46.70 | $36,598.50 |
| 025 | Regulatory Issues including CPUC and FERC | 372.40 | $412,216.50 |
| 026 | Retention/Billing/Fee Applications: WGM | 219.10 | $173,314.50 |
| 027 | Retention/Fee Applications: Ordinary Course Professionals | 6.10 | $5,491.50 |
| 028 | Retention/Fee Applications: Other Professionals | 97.70 | $83,235.00 |
| 030 | Tax Issues | 726.00 | $903,756.00 |
| 031 | U.S. Trustee Issues/ Meetings/ Communications/ Monthly Operating Report | 4.40 | $4,960.00 |
| 032 | Unsecured Creditor Issues/Communications/Meetings | 34.00 | $29,985.00 |
| 035 | Real Estate and Real Property Issues | 119.10 | $98,401.00 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | | | |
|---|---|---|---|
| 036 | Tort Claimants Committee, including Wildfire Claimants | 56.50 | $53,156.50 |
| 037 | Insurance Issues | 129.50 | $129,830.00 |
| **Total:** | | **10,245.90** | **$10,402,832.00** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**EXPENSE SUMMARY**
**OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020**

| EXPENSE CATEGORY | AMOUNT |
| --- | --- |
| Computerized Research | $69,546.72 |
| Court Reporting | $9,615.25 |
| Meals | $6,731.81 |
| Travel | $120,047.52 |
| Transportation | $17,945.72 |
| Duplicating | $12,948.78 |
| Messenger | $1,100.31 |
| CourtCall | $927.50 |
| **Total:** | **$238,863.61** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors*
*and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **THIRD INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2019 THROUGH AND INCLUDING JANUARY 31, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| | **Objection Deadline:** April 27, 2020, at 4:00 p.m. (Pacific Time) |

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its third application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Weil for the period commencing October 1, 2019 through and including January 31, 2020 (the "**Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## PRELIMINARY STATEMENT AND CASE STATUS

Weil has advised the Debtors regarding the legal and financial challenges facing the Debtors commencing in October, 2017. Since that time, Weil has played a critical role in the Debtors' ongoing efforts to address their liabilities relating to the devastating 2017 and 2018 Northern California wildfires and the restructuring of the Debtors' finances and operations, including the significant efforts undertaken to ensure the Debtors' successful and timely emergence from chapter 11. Specifically, during the Compensation Period, Weil worked diligently with the Debtors, the Debtors' Boards of Directors, management, and other employees and advisors to substantially progress these Chapter 11 Cases toward a timely confirmation and resolution in accordance with the deadline established under California Assembly Bill 1054 ("**AB 1054**"). Notably, during the Compensation Period, Weil assisted the Debtors in connection with, among other things, the following:

(a)     negotiating, preparing, and filing the Debtors' and Shareholder Proponents' (as defined below) joint chapter 11 plan of reorganization (including any exhibits or schedules thereto and as may be modified, amended, or supplemented from time to time, the "**Plan**") that was structured and designed to enable the Debtors to (i) fairly and expeditiously treat prepetition wildfire claims in full compliance with AB 1054, (ii) achieve a rate-neutral solution, on average, for customers, (iii) meet the AB 1054 June 30, 2020 timeline for confirmation of the Plan, (iv) achieve required approvals from the California Public Utilities Commission ("**CPUC**") and other applicable regulatory authorities, (e) support California's clean energy goals, and (v) ensure that the Reorganized Debtors have access to sufficient liquidity upon emergence from chapter 11;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(b)     advising the Debtors in connection with the negotiation and approval of a settlement with the Official Committee of Tort Claimants (the "**TCC**"), law firms representing holders of over 70% of fire claims filed against the Debtors (the "**Consenting Fire Claimant Professionals**"), and certain funds and accounts managed or advised by Abrams Capital Management, LP and Knighthead Capital Management, LLP (the "**Shareholder Proponents**") that resolved the treatment of fire victim claims under the Plan for approximately $13.5 billion, resulted in the suspension of the estimation proceedings pending in U.S. District Court, and the settlement of the Tubbs preference trials pending in California State Superior Court (the "**Tort Claimants RSA**" and the settlement set forth therein, the "**TCC Settlement**");

(c)     advising the Debtors in connection with the successful negotiation of a settlement with the Ad Hoc Committee of Senior Unsecured Noteholders of the Utility (the "**Ad Hoc Noteholder Committee**") and the Shareholder Proponents that, among other things, fully resolved the treatment of the Utility's prepetition funded debt under the Plan (the "**Noteholder RSA**" and the settlement set forth therein, the "**Noteholder Settlement**"), resolved outstanding disputes with the Ad Hoc Noteholder Committee over the payment of make-whole premiums and the appropriate rate of postpetition interest to be paid on unsecured claims under the Plan, and resulted in the withdrawal of the alternative plan of reorganization that was filed by the TCC and the Ad Hoc Noteholder Committee (the "**Alternative Plan**") and the suspension of the costly and uncertain competing chapter 11 plan confirmation process;

(d)     Briefing and arguing before the Court certain key pre-confirmation issues, including the appropriate rate of postpetition interest to be paid on unsecured claims and the payment of make-whole premiums under the Plan, which together implicated over $5 billion in claims against the estates, and the impairment of Subrogation Claims under the Plan;

(e)     representing the Debtors in connection with the ongoing mediation sessions before Retired Judge Newsome relating to various critical Plan confirmation related issues;

(f)     representing the Debtors in discussions with the Office of the Governor of California (the "**Governor's Office**") regarding the Plan and its compliance with AB 1054;

(g)     assisting the Debtors during the Compensation Period to consensually extend the deadline for filing proofs of claim in the Chapter 11 Cases for unfiled, non-governmental holders of Fire Victim Claims (the "**Extended Fire Victims Bar Date**"); and

(h)     representing the Debtors in numerous other highly contested matters, including motions to reconsider the Court's orders approving the Subrogation Claims RSA

and Tort Claimants RSA, motions to approve certain employee compensation matters, various motions to certify or allow class proofs of claim or class actions, including the Public Employees Retirement Association of New Mexico's motion to allow a class claim (the "**Rescission or Damage Class POC Motion**") and the PSPS power-outage class action complaint (the "**PSPS Complaint**"), and numerous motions and other pleadings related to the chapter 11 plan process.

At the same time, Weil assisted the Debtors in the daily administration of the Chapter 11 Cases, enabling the Debtors to substantially maintain business as usual and minimize the disruptions often attendant to a chapter 11 case. These matters included, but were not limited to, attending to various supplier and vendor related matters (including, without limitation, matters relating to operational integrity supplier claims, lienholder claims, claims entitled to administrative expense priority, including pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**"), and reclamation demands), attending to matters relating to executory contracts and unexpired leases, including filing several motions to assume discrete contracts or leases, responding to various motions to lift the automatic stay (including responding to a motion to lift the automatic stay to allow the Ghost Ship claimants to proceed in State Court), attending to matters relating to the retention of professionals and ordinary course professionals, and filing various procedural motions to facilitate *de minimis* asset sales and claim settlements. Weil appeared on behalf of the Debtors at numerous omnibus and telephonic hearings, meetings, depositions, and conferences, and assisted the Debtors in the preparation and filing of monthly operating reports, and various other reports, pleadings, motions, notices, and filings with the Court.

Weil and the Debtors continue to administer these Chapter 11 Cases efficiently and economically for the benefit of all of the Debtors' economic stakeholders. Furthermore, Weil has endeavored to monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with the representation of the Debtors in these Chapter 11 Cases and to prevent duplication of services. The professional services performed and expenses incurred by Weil were actual and necessary to preserve and protect the value of the Debtors' assets and estates.

This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**,"), and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (as approved by the Court's Order dated November 15, 2019, as amended December 18, 2019 and January 30, 2020, the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

In light of the size, complexity, and nature of these Chapter 11 Cases, Weil's charges for professional services performed and expenses incurred are reasonable under the applicable standards. Weil respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested herein.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

U.S. Trustee appointed the TCC (together with the Creditors Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### The Debtors' Retention of Weil

On March 13, 2019, the Debtors filed an application to employ Weil as their attorneys, effective as of the Petition Date [Docket No. 864] (the "**Retention Application**"), which application was approved by Order, dated April 9, 2019 [Docket No. 1298] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Weil at its customary hourly rates for services rendered and to reimburse Weil for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Weil to provide the following services to the Debtors:

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

- prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Chapter 11 Cases;

- take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

- take all necessary actions to protect and preserve the value of the Debtors' estates, and all related matters; and

- perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; provided, however, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

Weil seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $10,402,832.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $238,863.61. During the Compensation Period, Weil attorneys and paraprofessionals expended a total of 10,245.90 hours in connection with the necessary services performed. During the Compensation Period, Weil voluntarily reduced the amount of fees requested by $767,497.50, and voluntarily reduced the amount of expenses incurred by $152,230.42. The voluntary reduction in compensation represents approximately 8.0% of the total compensation sought pursuant to this Application.

There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Weil pursuant to the Interim Compensation Order, during the Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Prior to the Petition Date, the Debtors paid Weil certain amounts as an advance payment retainer for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11. Based on a reconciliation of all charges and expenses through the Petition Date, the balance of the advance payment retainer as of the date hereof is $1,314,476.78. Since the Petition Date, Weil has received

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

payment from the Debtors of $23,871,732.65 in fees and $783,003.08 for reimbursement of expenses pursuant to the Interim Compensation Order.

The fees charged by Weil in these Chapter 11 Cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period. The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

The summary sheets contain a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

The summary sheets also contain a summary of Weil's hours billed during the Compensation Period using project categories described therein and hereinafter described. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these Chapter 11 Cases. Copies of these computerized records (as modified to address privileged and confidential matters) have been filed on the docket with Weil's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheets also contain a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Weil's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed hereto as **Exhibit B** is a certification regarding Weil's compliance with the Fee Guidelines.

Annexed hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Weil's timekeepers in New York to non-bankruptcy matters during the preceding year on a rolling 12 months year ending February 29, 2020, along with the blended hourly rates billed to the Debtors during the Compensation Period.

Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases. Further, Weil provided the Debtors with estimated budgets in connection with the Debtors' postpetition financing. A summary of Weil's budget is attached hereto as **Exhibit D**. Weil estimated its fees for the Compensation Period would be approximately $14,000,000.00, and the fees sought for the Compensation Period are below that estimate. A summary of staffing is attached hereto as **Exhibit E**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the Chapter 11 Cases, preservation of the Debtors' assets, and the other matters described herein. The Debtors are aware of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved, and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services Performed by Weil During the Compensation Period

As described above, during the Compensation Period, Weil rendered substantial professional services to the Debtors in order to efficiently and economically administer the Chapter 11 Cases and assist the Debtors in their ongoing restructuring efforts. The following is a summary of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal system of project or work codes.[1]

---

[1] Certain services performed overlap between, or could appropriately be allocated to, more than one task code. If a task code does not appear below, then Weil did not bill significant time for that task code during the Compensation Period.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a. <u>Automatic Stay Issues (Task Code 003)</u>
Fees: $421,364.00; Total Hours: 411.30

- Assisted in preparing and prosecuting formal and informal responses and objections to various motions seeking authority to lift the automatic stay, including with respect to Tiger Natural Gas, Inc. and United Energy Trading, LLC, Gloria Ruckman et al., Athanasia Vlazakis et al., Todd Hearn, the Ghost Ship Fire Claimants, Henrietta D Energy Storage LLC, and Gary George Beyrouti et al., and appeared at various hearings and argued before the Court regarding the same;
- Prepared stipulations modifying the automatic stay for certain limited purposes; and
- Conducted legal research and other due diligence regarding potential violations of, and other issues relating to, the automatic stay.

b. <u>Bankruptcy Litigation (Task Code 004) / Non-Bankruptcy Litigation (Task Code 021)</u>
Fees: $1,037.487.50; Total Hours: 1,167.50

- Researched issues, drafted responses, and appeared at hearings in support of approval of the Subrogation Claims RSA and Tort Claimants RSA and represented the Debtors in connection with related discovery matters;
- Analyzed, researched, and briefed pre-confirmation litigation issues including the appropriate rate of postpetition interest to be paid on unsecured claims under the Plan, the treatment of make-whole claims, and the impairment of Subrogation Claims under the Plan, and successfully argued the postpetition interest rate issue before the Court;
- Researched, drafted, and filed pleadings in response to a motion to allow a class proof of claim regarding certain employee wage claims (the "**Alonzo Class Proof of Claim**");
- Researched issues, drafted and filed pleadings, and otherwise represented the Debtors in connection with an adversary proceeding filed by Winding Creek Solar LLC;
- Represented the Debtors in connection with the Rescission or Damage Class POC Motion and the PSPS Complaint, and appeared at several hearings and status conferences before the Court related to same;
- Prepared and filed a motion to further extend the Debtors' time to remove civil proceedings; and
- Drafted and filed a motion to approve the Tubbs preference settlements and related documents and appeared at a hearing before the Court to successfully advocate for approval of same.

c. <u>Bar Date Motion/Claims Reconciliation/Claim Reconciliation Issues (Task Code 005)</u>
Fees: $947,087.00; Total Hours: 1,006.60

- Prepared various pleadings in connection with the TCC's Motion to extend the Bar Date for Fire Victims, and successfully negotiated a consensual stipulation with the TCC regarding same;

- Prepared for document production and depositions related to the Motion to Extend the Fire Victims Bar Date;
- Coordinated with the Debtors, the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), and the TCC regarding the Extended Fire Victims Bar Date;
- Conferred with the Debtors and their other advisors regarding various claim reconciliation issues, including potential claims objections and settlements; and
- Reviewed and provided comments on forms of *de minimis* claims settlement agreements.

    d.    <u>Case Administration (docket updates, WIP, and calendar) (Task Code 006)</u>
Fees: $52,521.50; Total Hours: 86.60

- Maintained ongoing work-in-progress and assignment list and case calendar for use by Weil, the Debtors, and the Debtors' other advisors;
- Coordinated with and assisted Prime Clerk in maintaining the website containing information regarding the docket, the Debtors, meetings of creditors, and copies of relevant documents;
- Prepared, filed, and coordinated service of various pleadings with Prime Clerk;
- Reviewed and responded to emails, calls and correspondence from creditors and other parties in interest; and
- Prepared and distributed periodic docket updates and client summaries.

    e.    <u>Chapter 11 Plan/Plan Confirmation (Task Code 008)</u>
Fees: $3,303,233.50; Total Hours: 3,157.90

- Drafted and filed various amendments and modifications to the Plan, including amendments to incorporate the terms of the Subrogation Claims RSA, the Tort Claimants RSA, and the Noteholder RSA;
- Conducted numerous meetings, conferences, and teleconferences with the various professionals for the Debtors, the Shareholder Proponents, and other key economic stakeholders regarding the terms of the Plan and the drafting of the Plan;
- Participated in multiple meetings and teleconferences with the Debtors and their other advisors, including representatives of Lazard Freres & Co. LLC, regarding debt and equity exit financing issues;
- Conducted multiple meetings and teleconferences with the Debtors and other parties in interest in connection with the successful negotiation and documentation of the Tort Claimants RSA;
- Conducted multiple meetings and teleconferences with the Debtors and other parties in interest in connection with the successful negotiation and documentation of the Noteholder RSA;
- Evaluated and advised the Debtors regarding the terms of the Alternative Plan, and filed statements in response to same;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Represented the Debtors in Court-ordered mediation with representatives of the TCC, the Ad Hoc Noteholder Committee, the Governor's Office, and other parties in interest regarding the Plan; and
- Drafted briefs in opposition to motions to reconsider the Court's orders approving the Subrogation Claims RSA and the Tort Claimants RSA and appeared at hearings before the Court regarding same.

f.  Communications with Client (Task Code 009)
    Fees: $38,686.50; Total Hours: 42.10

- Attended numerous conferences and teleconferences with the Debtors and their other professionals regarding the status and administration of the Chapter 11 Cases, the Plan, various motions and pleadings, hearing updates, negotiations and settlements with key economic stakeholders, and compliance with the U.S. Trustee guidelines; and
- Consulted with and advised the Debtors on all pleadings filed in these Chapter 11 Cases.

g.  Corporate Governance and Board Issues (Task Code 010)
    Fees: $222,282.50; Total Hours: 174.20

- Prepared for and attended numerous meetings of the Debtors' Board of Directors and various subcommittees of the Board;
- Reviewed Board resolutions and advised the Debtors' directors and officers on issues related to the Chapter 11 Cases;
- Reviewed and commented on drafts of various public filings and related documents including drafts of Form 10-Ks, Form 10-Qs, Form 8-Ks, and associated documents, and engaged in conferences and correspondence with the Debtors and their other advisors regarding same;
- Researched and discussed various corporate governance issues and advised the Debtors and their other professionals regarding same; and
- Advised the Board on financing options for emergence from chapter 11.

h.  Customer, Supplier and Vendor Issues (Task Code 011)
    Fees: $56,121.00; Total Hours: 56.80

- Conferred regularly with the Debtors and professionals at AP Services, LLC ("**AlixPartners**") regarding various creditor, vendor, supplier, and customer communications and inquiries;
- Addressed inquiries from vendors and suppliers regarding potential operational integrity status;
- Advised the Debtors and their other professionals regarding various vendor and customer related issues;
- Drafted, reviewed, and revised various vendor-related communication materials; and
- Negotiated and reviewed issues relating to vendor agreements, conducted related research, and conferred with the Debtors and other parties in interest regarding same.

i.  Disclosure Statement (Task Code 013)
    Fees: $429,395.50; Total Hours: 479.10

    - Coordinated with the Debtors and their other advisors regarding the content and timing of the proposed disclosure statement for the Plan;
    - Prepared and revised disclosure statement drafts and coordinated with the Debtors and their advisors regarding the same; and
    - Prepared a comprehensive motion to approve Plan solicitation procedures, including special procedures for the solicitation of votes of individual Fire Victims, and coordinated with professionals at Prime Clerk, the Debtors' other advisors, the Shareholder Proponents, and the TCC regarding the same.

j.  Employee Issues (Task Code 014)
    Fees: $513,862.00; Total Hours: 528.60

    - Advised the Debtors regarding various issues with respect to employee wages, compensation, and other programs;
    - Participated in numerous conferences and teleconferences with the Debtors, their other professionals, the Debtors' Board of Directors, and members of the Debtors' Compensation Committee regarding, among other things, employee compensation, incentive compensation programs, and benefits terms and programs;
    - Prepared, filed, and obtained Court approval of the terms of employment of the CEO and President of the Utility and the Boards of Directors' Compensation, and prepared for related discovery; and
    - Drafted and consulted with Debtors on proposed motions to approve the 2020 employee compensation programs.

k.  Exclusivity (Task Code 016)
    Fees: $384,840.50; Total Hours: 359.00

    - Prepared and filed an objection to, and represented the Debtors at, a highly contested hearing to consider the joint motion to terminate the Debtors' Exclusive Periods filed by the TCC and the Ad Hoc Noteholder Committee;
    - Prosecuted and defended depositions and discovery related to the Alternative Plan; and
    - Prepared and filed a motion seeking a further extension of the Debtors' exclusive solicitation period (subject to the relief granted in the Court's prior order terminating exclusivity with respect to the Alternative Plan).

l.  Executory Contracts/Lease Issues (Task Code 017)
    Fees: $77,464.50; Total Hours: 83.50

    - Drafted, filed, and obtained Court approval of a motions to assume certain real property leases and certain environmental-related leases and contracts;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Analyzed various executory contracts and unexpired leases and the Debtors' rights thereunder;
- Participated on numerous teleconferences with the Debtors and their other professionals regarding the treatment of various executory contracts and unexpired leases; and
- Advised the Debtors on issues relating to energy procurement and purchase agreements, including filing a successful motion to assume a power purchase agreement and energy storage agreement, and participated in numerous teleconferences with the Debtors and counterparties regarding same.

m. <u>General Case Strategy (includes calls with client and team calls) (Task Code 018)</u>
Fees: $401,451.50; Total Hours: 393.70

- Participated in numerous team meetings, conferences, and teleconferences among Weil, the Debtors, and the Debtors' other advisors regarding the status and administration of the Chapter 11 Cases and general case strategy; and
- Reviewed and responded to various correspondence regarding the Chapter 11 Cases and various related issues.

n. <u>Hearings and Court Matters (Task Code 019)</u>
Fees: $331,190.50; Total Hours: 287.60

- Prepared for and attended numerous in-person and telephonic hearings before the Court, including approximately eight (8) omnibus hearings, many of which were contested, and various discovery and status conferences;
- Reviewed agenda letters and coordinated with local counsel and the Court regarding hearings and agenda items;
- Prepared pleadings, exhibits, and other documents for hearings; and
- Responded to inquiries from the Court regarding pleadings and case administration issues.

o. <u>Non-Working Travel (Task Code 022)</u>[2]
Fees: $233,491.00; Total Hours: 180.00

- Traveled to and from the Debtors' offices in San Francisco, Court hearings, and meetings with creditors and other parties in interest.

p. <u>Reclamation/503(b)(9) Claims (Task Code 024)</u>
Fees: $36,598.50; Total Hours: 46.70

- Coordinated with AlixPartners and the Debtors to reconcile and review reclamation demands and asserted 503(b)(9) Claims; and
- Corresponded and negotiated with various claimants regarding resolution of their reclamation demands and asserted 503(b)(9) Claims.

---

[2] Pursuant to the Fee Protocol, non-working travel is subject to a two-hour cap.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

q. <u>Regulatory Issues (including CPUC and FERC) (Task Code 025)</u>
Fees: $412,216.50; Total Hours: 372.40

- Advised the Debtors regarding the impact of, and interplay between, the Chapter 11 Cases and ongoing proceedings before the CPUC;
- Corresponded with the representatives of the CPUC regarding the review process and timing for CPUC consideration and approval of the Plan;
- Negotiated with the CPUC and California Public Advocates Office regarding certain motions and requests for relief in the Bankruptcy Court, including preparation of motions to approve settlements of certain Orders Instituting Investigation before the CPUC;
- Provided periodic updates on the status of the Chapter 11 Cases to the CPUC's advisors and other regulatory agencies;
- Performed and coordinated document review and productions in response to various governmental and regulatory requests; and
- Participated on calls with the Debtors' senior management and other advisors regarding resolution of certain environmental claims and potential claims of governmental units.

r. <u>Retention/Billing/Fee Applications: WGM (Task Code 026)</u>
Fees: $173,314.50; Total Hours: 219.10

- Corresponded with the Fee Examiner and other professionals regarding the Fee Examiner's proposed fee protocol;
- Drafted and filed supplemental declarations in support of Weil's retention; and
- Prepared and filed monthly fee statements and Weil's first interim fee application in accordance with the Interim Compensation Order.

s. <u>Retention/Fee Application: Other Professionals (Task Code 028)</u>
Fees: $83,235.00; Total Hours: 97.70

- Drafted and/or reviewed and revised applications and supplemental applications to retain professionals by the Debtors, including KPMG LLP and Palantir;
- Drafted and filed objection to, and participated in hearing opposing, TCC's motion to expand the scope of its retention;
- Conferred with various applicants regarding their scope of retention, terms of compensation, and related issues; and
- Coordinated the filing and service of monthly fee statements for various professionals.

t. <u>Tax Issues (Task Code 030)</u>
Fees: $903,756.00; Total Hours: 726.00

- Advised the Debtors on various tax matters regarding the Plan and related settlement agreements, including the Tort Claimants RSA and the establishment of the Fire Victim Trust, and the Noteholder RSA; and

<div style="writing-mode: vertical-rl;">Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119</div>

- Participated in internal conferences and teleconferences with the Debtors, and their other professionals in connection with potential tax consequences of various proposed and/or pursued transactions in the Chapter 11 Cases.

u. <u>Unsecured Creditors Issues/Communications/Meetings (Task Code 032)</u>
Fees: $29,985.00; Total Hours: 34.00

- Prepared for, and participated in meetings and teleconferences with, the Creditors' Committee and its professionals regarding the status and administration of the Chapter 11 Cases, pending motions, Plan related matters, and various other related issues;
- Prepared and filed responses to the Creditors' Committee objections to certain of the Debtors' pleadings; and
- Reviewed and produced documents in connection with various document requests made by the Creditors' Committee.

v. <u>Real Estate and Real Property Issues (Task Code 035)</u>
Fees: $98,401.00; Total Hours: 119.10

- Prepared, filed, and obtained Court approval of a stipulation to further extend the time by which the Debtors' must assume or reject certain unexpired real property leases;
- Prepared, filed, and obtained Court approval of motions to assume certain real property leases;
- Reviewed various real property agreements, leases, and easement agreements and advised the Debtors on issues related thereto; and
- Participated in regular calls with the Debtors' real estate team and other advisors regarding real property transactions and related issues.

w. <u>Tort Claimants Committee, including Wildfire Claimants (Task Code 036)</u>
Fees: $53,156.50; Total Hours: 56.50

- Prepared for, and participated in meetings and teleconferences with, the TCC regarding pending motions, Plan related matters, and various other related issues.
- Prepared and filed objections to various motions filed by the TCC; and
- Reviewed and produced documents in connection with various TCC document and other discovery requests.

x. <u>Insurance Issues (Task Code 037)</u>
Fees: $129,830.00; Total Hours: 129.50

- Prepared for and responded to discovery related to insurance production in connection with approval of the Subrogation Claims RSA;
- Researched insurance coverage questions related to fire claims; and
- Reviewed and analyzed D&O insurance polices as applicable to the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The foregoing is merely a summary of the various professional services rendered by Weil during the Compensation Period. The professional services performed by Weil were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

The professional services performed by partners, counsel, and associates of Weil were primarily rendered by the Business Finance & Restructuring, Corporate, Tax, and Litigation Departments. As set forth in the Retention Application, Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities. Weil also has the foremost experts with respect to tax matters in reorganization cases.

The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 10,245.90 recorded hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 3,744.00 recorded hours were expended by partners and counsel of Weil, 6,181.50 recorded hours were expended by associates, and 320.40 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

During the Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $1,695.00 to $595.00 per hour for attorneys.[3] Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,036.60 (based on 9,925.50 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

[3] The Application includes a customary, annual increase in billing rates that took effect October 1, 2019. The Debtors were advised that Weil customarily increases its hourly rates in October of each year.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1

**Actual and Necessary Disbursements of Weil**

2          Weil has disbursed $238,863.61 as expenses incurred in providing professional services

3    during the Compensation Period.  These expenses are reasonable and necessary and were essential to,

4    among other things, timely respond to motions and objections and the overall administration of these

5    Chapter 11 Cases.

6          Weil has not charged the Debtors for any overtime expenses.  Consistent with firm policy,

7    attorneys and other employees of Weil who worked late into the evenings, on weekends or holidays, or

8    were traveling in connection with these Chapter 11 Cases were reimbursed for their reasonable meal

9    costs and their cost for transportation home from the office.  Weil's regular practice is not to include

10   components for those charges in overhead when establishing billing rates and to charge its clients for

11   these and all other out-of-pocket disbursements incurred during the regular course of the rendition of

12   services.  The amounts for which Weil is seeking reimbursement for reasonable meal costs are consistent

13   with the local practice for chapter 11 cases filed in the Southern District of New York and the District

14   of Delaware.

15          With respect to photocopying expenses, as set forth in the Retention Application, Weil

16   charges all of its clients $.10 per page; for color copies, Weil charges $.50 per page.  Except as set forth

17   herein, each of these categories of expenses does not exceed the maximum rate set by the Local

18   Guidelines.  These charges are intended to cover Weil's direct operating costs, which costs are not

19   incorporated into the Weil hourly billing rates.  Only clients who actually use services of the types set

20   forth in the summary sheet are separately charged for such services.  The effect of including such

21   expenses as part of the hourly billing rates would impose that cost upon clients who do not require

22   extensive photocopying and other facilities and services.  The amount of the standard photocopying

23   charge is intended to allow Weil to cover the related expenses of its photocopying service and represents

24   a good faith estimate of the actual cost of the copies.  A determination of the actual expenses per page

25   for photocopying, however, is dependent on both the volume of copies and the total expenses attributable

26   to photocopying on an annual basis.

27          On certain occasions, overnight delivery of documents and other materials was required

28   as a result of circumstances necessitating the use of such express services.  These disbursements are not

included in Weil's overhead for the purpose of setting billing rates. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and their economic stakeholders.

### The Requested Compensation Should Be Allowed

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors, and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent, and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases.

The professional services were performed expediently and efficiently. Whenever possible and appropriate, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**Notice**

Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Weil submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

[*Remainder of the Page Intentionally Left Blank*]

## **Conclusion**

Weil respectfully requests that the Court (i) award an interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $10,641,695.61, consisting of $10,402,832.00, representing 100% of fees incurred during the Compensation Period, and reimbursement of $238,863.61, representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order, and (iii) grant such other and further relief as is just.

Dated: April 6, 2020

**WEIL, GOTSHAL & MANGES LLP**

By: /s/   Stephen Karotkin
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   Notice Parties

2   PG&E Corporation
    c/o Pacific Gas & Electric Company
3   77 Beale Street
    San Francisco, CA 94105
4   Attn:   Janet Loduca, Esq.

5   Keller Benvenutti Kim LLP
    650 California Street, Suite 1900
6   San Francisco, CA 94108
    Attn:   Tobias S. Keller, Esq.,
7           Jane Kim, Esq.

8   The Office of the United States Trustee for Region 17
    450 Golden Gate Avenue, 5th Floor, Suite #05-0153
9   San Francisco, CA 94102
    Attn:   James L. Snyder, Esq.,
10          Timothy Laffredi, Esq.

11  Milbank LLP
    55 Hudson Yards
12  New York, NY 10001-2163
    Attn:   Dennis F. Dunne, Esq.,
13          Sam A. Khalil, Esq.

14  Milbank LLP
    2029 Century Park East, 33rd Floor
15  Los Angeles, CA 90067
    Attn:   Paul S. Aronzon, Esq.,
16          Gregory A. Bray, Esq.,
            Thomas R. Kreller, Esq.
17
    Baker & Hostetler LLP
18  11601 Wilshire Boulevard, Suite 1400
    Los Angeles, CA 90025-0509
19  Attn:   Eric Sagerman, Esq.,
            Cecily Dumas, Esq.
20
    Bruce A. Markell
21  Fee Examiner
    541 N. Fairbanks Ct., Ste 2200
22  Chicago, IL 60611-3710

23  Scott H. McNutt
    324 Warren Road
24  San Mateo, California 94402

25

26

27

28