| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | CRAVATH, SWAINE & MOORE LLP |
| Stephen Karotkin (*pro hac vice*) | Paul H. Zumbro (*pro hac vice*) |
| (stephen.karotkin@weil.com) | (pzumbro@cravath.com) |
| Ray C. Schrock, P.C. (*pro hac vice*) | Kevin J. Orsini (*pro hac vice*) |
| (ray.schrock@weil.com) | (korsini@cravath.com) |
| Jessica Liou (*pro hac vice*) | Omid H. Nasab (*pro hac vice*) |
| (Jessica.liou@weil.com) | (onasab@cravath.com) |
| Matthew Goren (*pro hac vice*) | 825 Eighth Avenue |
| (matthew.goren@weil.com) | New York, NY 10019 |
| 797 Fifth Avenue | Tel: 212 474 1000 |
| New York, NY 10153-0119 | Fax: 212 474 3700 |
| Tel: 212 310 8000 | |
| Fax: 212 310 8007 | |

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Ch. 11 Lead Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**DEBTORS' RESPONSE TO LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF**<br><br>Date: April 7, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Related Docket Nos: 6398, 6627** |

| | |
|---|---|
| 1 | PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the |
| 2 | "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the |
| 3 | above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Response to the |
| 4 | Limited Objection of the Official Committee of Tort Claimants (the "**Limited Objection**") to the |
| 5 | *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of* |
| 6 | *an Order (i) Approving Case Resolution Contingency Process and (ii) Granting Related Relief* |
| 7 | (the "**Case Resolution Contingency Process Motion**").[1] |

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Case Resolution Contingency Process Motion.

## RESPONSE

1. First, and most significantly, no party in interest, and in particular the TCC, can deny the importance of the relief requested in the Case Resolution Contingency Process Motion to the successful and timely administration of these Chapter 11 Cases. The granting of that relief will:

- Secure the Governor's support for the Plan as being AB 1054 compliant;
- Facilitate the Debtors' ability to effect a post-emergence securitization transaction of approximately $7.5 billion that, in the Governor's words, would "be in the public interest, as it would strengthen the going-forward business and support the reorganized Utility's ability to provide safe, reliable, affordable and clean energy to its customers." *See Governor Gavin Newsom's Statement in Support of Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Case Resolution Contingency Process and (ii) Granting Related Relief* [Docket No. 6402], at p. 4; and
- Substantially advance the Debtors' ability to timely exit these Chapter 11 Cases and provide a positive signal to the financial markets that is even more critical in these uncertain times.

2. Under these circumstances, it is difficult to conceive how the TCC, as a fiduciary for the constituency that has the most to gain from the granting of the Case Resolution Contingency Process Motion, could object, or, indeed, even suggest that the relief sought therein constitutes a breach of the Tort Claimants RSA.

3. It is important to emphasize once again that the Case Resolution Contingency Process is just that—contingency planning in the unlikely event that certain dates set forth therein regarding the administration of the Chapter 11 Cases are not met. The Debtors are on track to meet those dates, have every reason to believe they will be met, and that a confirmation order will be entered well in time to meet the June 30, 2020 AB 1054 deadline.

4. Cutting through all of the rhetoric and baseless allegations of breach by the Debtors of the Tort Claimants RSA, the thrust of the Limited Objection can be easily disposed of.

5. The primary assertion raised in the Limited Objection is that the Case Resolution Contingency Process Motion in some way supersedes the terms of the Tort Claimants RSA and the TCC's rights with respect to the Debtors' plan exclusivity period. It does not. The Tort Claimants RSA and the TCC's rights thereunder are in no way impaired by the relief requested in the Case Resolution Contingency Process Motion. Indeed, as the TCC recognizes, the Tort

Claimants RSA provides that it automatically terminates if the Plan is not confirmed by June 30, 2020, or if the Plan does not become effective by August 29, 2020, in each case subject to certain mutual consent rights to extend theses dates. Tort Claimants RSA, at § 3(a)(ii). There is nothing in the Case Resolution Contingency Process that alters these rights. If the Tort Claimants RSA is terminated in accordance with its terms, the TCC can pursue any rights it wishes to pursue. Additionally, the relief requested in the Case Resolution Contingency Process Motion does not impact the TCC's rights as to the Debtors' plan exclusivity period. It does not alter the provisions of section 1121 of the Bankruptcy Code, nor could it, and it does not prevent the TCC from seeking relief under section 1121 in the event the Tort Claimants RSA is terminated. Accordingly, there is no need to further address the exclusivity issue now.

6. The remaining objection of the TCC is focused on the Bidding Procedures and Sale Process, two matters that are not even remotely close to being final and that, of course, will be subject to this Court's approval.

7. As an initial matter, it was neither intended nor contemplated that parties in interest, including the TCC, would be precluded from being heard with respect to the proposed Bidding Procedures that would be submitted to the Court. Moreover, it is abundantly clear that the Bidding Procedures and the Sale Process will contemplate not only an asset sale, but proposed plans of reorganization as well. And, as is typical, those procedures will address the requirements for a "qualified bidder," again with the rights of all parties to be heard preserved. Lastly, as is customary, the final determination of the prevailing bidder or plan proponent will be subject to this Court's approval, on appropriate notice. The TCC's rights, as well as the rights of all other parties in interest, will be also be preserved.

8. The Debtors have made enormous strides in these Chapter 11 Cases and are on the verge of Plan confirmation and making distributions to Fire Victims. The Case Resolution Contingency Process represents the last key element to assure critical support, not only for AB 1054 compliance, but for a securitization transaction that will be extremely beneficial to all of the Debtors' stakeholders and, in particular, the Fire Victims.

9. Granting the Case Resolution Contingency Process Motion will in no way prejudice the rights of the TCC or its constituency. Indeed, if the Case Resolution Contingency Process Motion is not granted and the Debtors' timely exit from chapter 11 is thereby jeopardized, the detriment and prejudice to all parties in interest will be manifest and any distributions to Fire Victims substantially delayed.

10. Accordingly, for the reasons set forth herein and in the Case Resolution Contingency Process Motion, the Motion should be granted and the Case Resolution Contingency Process should be approved.

Dated: April 6, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER BENVENUTTI KIM LLP**

By: _/s/ Stephen Karotkin_
     Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*