Thomas Tosdal, SBN 67834
Tosdal Law Firm
777 S. Highway 101, Suite 215
Solana Beach, CA 92075
Telephone: 858-704-4710
tom@tosdallaw.com

Angela Jae Chun, SBN 248571
Law Office of Angela Jae Chun
777 S. Highway 101, Suite 215
Solana Beach, CA 92075
Telephone: 619-719-5757
ajc@chun.law

Attorneys for Many PG&E Fire Victims

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors. | Bankr. Case No. 19-30088-DM<br><br>**JOINDER OF MANY PG&E FIRE VICTIMS IN TCC'S MOTION TO SUPPLEMENT DISCLOSURE STATEMENT**<br><br>Date: April 7, 2020<br><br>Time: 10:00 a.m.<br><br>Place: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**1. Joinder In TCC's Motion**

The undersigned represents many persons and businesses harmed by the 2017 Atlas and Redwood Valley Fires and the 2018 Camp Fire. All have filed claims with this Court, and all join in the Tort Claimants Committee's motion to supplement the disclosure statement by letter.

The supplemental disclosure is necessary because the promises made by PG&E to fire victims in its Disclosure Statement are not secure and may well be illusory. PG&E is already angling to make its first cash deposit in December, not August, of this year. PG&E will transfer less than $6.75 billion in stock to the fire victim trust, and the stock's value will not be protected from early sale by institutional investors or unforeseen market conditions brought on by the coronavirus.

A plan cannot be accepted or rejected unless the holders of claims are provided "adequate information" about the plan. (11 U.S.C. section 1125(b).) "Adequate information" means information of a kind, and in sufficient detail, that would enable a hypothetical claimant to make an informed judgment about the plan. (11 U.S.C. section 1125(a)(1).) A fire victim's informed judgment about PG&E's plan requires disclosure that PG&E's promises are not as represented in the Disclosure Statement.

> Given the necessity for adequate information in the Disclosure Statement and the paramount position section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error. A materiality standard, focusing on the information needed by a "hypothetical reasonable investor typical of holders of claims or interests of the relevant class,"11 U.S.C. section 1125(a)(1), itself distinguishes the inconsequential from the significant.

In Re Crowthers McCall Pattern, Inc., 120 B.R. 279 (S.D.N.Y. 1990)

In other words, confirmation of PG&E's plan will be open to question should the Court refuse disclosure of the important facts contained in the TCC's letter.

The case law teaches that a disclosure to creditors should include the following:

[1.] Any financial information, valuations, or *pro forma* projections that would be relevant to creditors 'determinations of whether to accept or reject the plan; and

[2.] Information relevant to the risks being taken by the creditors and interest holders.

Page 2
JOINDER OF MANY PG&E FIRE VICTIMS IN TCC'S MOTION TO SUPPLEMENT DISCLOSURE STATEMENT
Case: 19-30088    Doc# 6656    Filed: 04/06/20    Entered: 04/06/20 15:52:24    Page 2 of 3

<u>In Re Ferretti,</u> 128 B.R. 16 (D.N.H. 1991.

The information contained in the TCC's letter falls within these guidelines. There is no prohibition against supplementing a disclosure statement as conditions require.

The opposition of one lawyer group opposing the TCC's efforts to inform their clients about the risk of PG&E's plan is unfortunate. The TCC is charged with serving the best interests of all tort claimants, and no lawyer group can legitimately claim to know how its clients will vote. The one news article attached to the opposition claiming "nearly unanimous" approval of the plan raises eyebrows and is contradicted by numerous articles highlighting growing questions about the plan. Fire victims have the right to vote, not their attorneys. Voting has just begun, and many fire victims have not yet received ballots. And the voting procedures approved by the Court permit fire victims to change their vote.

The TCC's motion must be granted.


Dated: April 6, 2020                    /s/ Thomas Tosdal
                                        Attorney