| | |
|---|---|
| 1 | **LABATON SUCHAROW LLP** |
| 2 | Thomas A. Dubbs<br>Carol C. Villegas |
| 3 | David J. Goldsmith<br>Jeffrey A. Dubbin (SBN 287199) |
| 4 | Aram Boghosian<br>140 Broadway |
| 5 | New York, New York 10005 |

1 **LABATON SUCHAROW LLP**          **LOWENSTEIN SANDLER LLP**
2 Thomas A. Dubbs                         Michael S. Etkin (*pro hac vice*)
  Carol C. Villegas                        Andrew Behlmann (*pro hac vice*)
3 David J. Goldsmith                      Scott Cargill
  Jeffrey A. Dubbin (SBN 287199)         Colleen Maker
4 Aram Boghosian                         One Lowenstein Drive
  140 Broadway                           Roseland, New Jersey 07068
  New York, New York 10005
5

6 *Lead Counsel to Lead Plaintiff and the Class*     *Bankruptcy Counsel to Lead Plaintiff*
                                                      *and the Class*
7

8 **MICHELSON LAW GROUP**
  Randy Michelson (SBN 114095)
  220 Montgomery Street, Suite 2100
9 San Francisco, California 94104

10 *Bankruptcy Counsel to Lead Plaintiff*            *(additional counsel on Exhibit A)*
   *and the Class*

11

12                    **UNITED STATES BANKRUPTCY COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
13                         **SAN FRANCISCO DIVISION**

14 In re:

   PG&E CORPORATION                          Case No. 19-30088 (DM) (Lead Case)
15                                           Chapter 11
          - and –                            (Jointly Administered)
16
   PACIFIC GAS AND ELECTRIC                  **SECURITIES PLAINTIFFS'**
17 COMPANY,                                  **ADMINISTRATIVE MOTION FOR LEAVE**
                                             **TO FILE SUR-REPLY**
18                        Debtors.
                                             Hearing (Proposed)
19 ☒ Affects Both Debtors                    Date:     April 14, 2020
   ☐ Affects PG&E Corporation                Time:     10:00 a.m. (Pacific Time)
20 ☐ Affects Pacific Gas and Electric Company Before:  Hon. Dennis Montali
                                                       United States Bankruptcy Court
21                                                     Courtroom 17, 16th Floor
                                                       450 Golden Gate Avenue
22                                                     San Francisco, California 94102

23

24

25

26

27

28

Pursuant to Northern District of California Local Bankruptcy Rule 9013-1(e) and Northern District of California Local Civil Rule 7-11, Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "**Class**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively, "**Securities Act Plaintiffs**," and together with Lead Plaintiff, "**Securities Plaintiffs**"), respectfully submit this Administrative Motion for Leave to File a Sur-Reply (the "**Administrative Motion**") to address arguments made for the first time by the Official Committee of Tort Claimants (the "**TCC**") in its reply [ECF No. 6547] (the "**Reply**") in support of its *Motion for Standing to Prosecute Claims of the Debtors' Estates* [ECF No. 5972] (the "**Standing Motion**").

Courts in this District will grant a party leave to file a sur-reply in order to give that party an opportunity to respond to new arguments raised in a reply brief. *See, e.g.*, *GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 U.S. Dist. LEXIS 93469, at *2 (N.D. Cal. July 9, 2014) (granting motion for leave to file sur-reply to address arguments raised for the first time in reply); *Toomey v. Nextel Commc'ns., Inc.,* No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793 (N.D. Cal. Sep. 23, 2004) (same).

The Standing Motion focuses exclusively on the TCC's argument that the Securities Litigation Claims are derivative claims belonging to the Debtors' estates. In the Reply, the TCC asserts entirely different arguments – raised improperly for the first time – that the claims being assigned to the Fire Victim Trust are somehow entitled to greater priority with respect to the proceeds of the relevant D&O insurance policies (the "**D&O Policies**") than the Securities Litigation Claims, and therefore, resolution of the Securities Litigation Claims and the Class Claims should be enjoined pending the resolution of the TCC's request for declaratory relief. This new – and specious – argument, which the TCC did not raise, let alone mention, in the

Standing Motion, ignores the case law in which a majority of courts have expressly rejected the TCC's arguments. *See, e.g.*, *Boles v. Turner (In re Enivid, Inc.)*, 364 B.R. 139 (Bankr. D. Mass. 2007).

The TCC also now argues for the first time that the TAC[1] "does not properly plead valid securities claims" – an issue that the TCC lacks standing to raise as it is not a party in the Securities Litigation, and that has been fully briefed by the actual parties to the Securities Litigation and is before the District Court for decision. Indeed, the TCC has now completely reversed course, asserting in the Reply that it *is not* "arguing that a properly pleaded direct securities action can be a derivative action"[2] even though that is precisely what it argued in the Standing Motion. *Compare* Reply at 5 *with* Standing Motion at 15 ("The fact that the [Securities Litigation] **pleads claims arising under federal securities laws**, while all self-described derivative shareholder lawsuits plead claims arising under common law, federal securities law, or both . . . .") *and* Draft Complaint [ECF No. 5972 Ex. A], ⁋ 11 ("By this Complaint the TCC requests entry of a judgment declaring that the six claims for relief that are pleaded [by the Securities Plaintiffs in the TAC]- as well as the same claim filed against the Debtors as proofs of claim in these Chapter 11 Cases . . . – **are derivative claims belonging to the Debtors' chapter 11 estates**, and subject to assignment to the future Fire Victim Trust . . . .") (emphasis added).

The TCC's newly raised arguments should not be countenanced. Fed. R. Bankr. R. 8013(c)(3)(B) ("the movant may file a reply to a response…but may only address matters raised in the response."); *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"); *Zimani v. Carnes*, 491 F.3d 990 (9th Cir. 2007) (finding that the district court did not commit clear error by failing to consider arguments raised for the first time in a reply brief). In the event that the Court considers the TCC's improperly

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sur-Reply attached hereto as Exhibit B.

[2] Taking the TCC at its word in the Reply, denial of the pending Motions to Dismiss would require denial of the Standing Motion as moot because the TCC has now acknowledged that a properly pleaded securities action *cannot* be a derivative action. *See* Reply at 5. It would be appropriate to simply hold the Standing Motion in abeyance pending resolution of the motions to dismiss.

raised new arguments, fairness dictates that the Securities Plaintiffs should be afforded the opportunity to respond. *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 U.S. Dist. LEXIS 144999, at *10 (N.D. Cal. Sep. 30, 2013) ("If a party raises a new argument . . . in a reply brief, a court may consider those matters only if the adverse party is given an opportunity to respond."); *Qualcomm Inc. v. N. Water Intellectual Prop. Fund. L.P. 3A (In re Gabriel Techs. Corp.)*, 2017 Bankr. LEXIS 4117, at *10 (N.A. Cal. Dec. 4, 2017) (implying that a party may seek leave to file a sur-reply to address an issue only noted in a footnote in the motion and with five pages dedicated to it in the reply).

For the foregoing reasons, the Securities Plaintiffs respectfully request that the Court should grant them leave to file the sur-reply attached hereto as **<u>Exhibit B</u>**. To the extent the Court is not inclined to permit the Securities Plaintiffs to file a sur-reply, the Securities Plaintiffs respectfully request that the Court strike sections A.1 and B of the Reply.

*[ signature page follows ]*

Dated: April 7, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: ___*/s/ Randy Michelson*___
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH**
**& RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY,**
**P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin *(pro hac vice)*
Andrew Behlmann *(pro hac vice)*
Scott Cargill
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone   973-597-2500
Facsimile   973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com
cmaker@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone   415-512-8600
Facsimile    415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
David J. Goldsmith
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone   212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone   415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Class*

*Lead Counsel to Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone   619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**VANOVERBEKE, MICHAUD &
TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone   313-578-1200
tmichaud@vmtlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone   415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

*Additional Counsel for the Securities Act Plaintiffs*

**EXHIBIT B**
**SUR-REPLY**

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
David J. Goldsmith
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Class*

*(additional counsel on Exhibit 1)*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**SECURITIES PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION FOR STANDING TO PROSECUTE CLAIMS OF THE DEBTORS' ESTATES**<br><br>Hearing<br>*as adjourned by agreement of the parties*<br>Date:    April 14, 2020<br>Time:    10:00 a.m. (Pacific Time)<br>Before:  Hon. Dennis Montali<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          450 Golden Gate Avenue<br>          San Francisco, California 94102 |

Public Employees Retirement Association of New Mexico ("**Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "**Class**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (collectively, "**Securities Act Plaintiffs**," and together with Lead Plaintiff, "**Securities Plaintiffs**"), hereby submit this sur-reply (the "**Sur-Reply**") in further opposition to the motion (the "**Motion**") [ECF No. 5972] of the Official Committee of Tort Claimants (the "**TCC**") appointed in the Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors in possession (the "**Debtors**") for an order granting the TCC standing to file an adversary proceeding on behalf of the Debtors' estates seeking a declaratory judgment that certain direct claims asserted in the Securities Litigation actually belong to the Debtors' estates. Securities Plaintiffs submit this Sur-Reply to address the new arguments raised by the TCC for the first time in its reply in support of the Motion (the "**Reply**") [ECF No. 6547],[1] and respectfully state as follows:

## PRELIMINARY STATEMENT

The Motion requested standing for the TCC to "file an action . . . to confirm the estate's interest in the Shareholder Claims, by entry of a judgment ***finding that such claims are derivative claims***, not direct shareholder claims, and to enjoin further prosecution of the Pending Action." Motion at 9-10 (emphasis added). The legal argument in the Motion focused upon convincing this Court that the Securities Litigation Claims are precisely what they are not – derivative claims belonging to the Debtors. Motion at 10-16. In its draft complaint, the TCC would seek to enjoin Securities Plaintiffs from pursuing the Securities Litigation Claims because

---

[1] Securities Plaintiffs understand that the Sur-Reply may only be used to address new arguments raised for the first time in the Reply, and thus do not respond to the portion of the Reply concerning arguments that were raised in the Motion and Objection.

the TCC believes "they are being assigned to the Fire Victim Trust." The TCC acknowledged in the Motion that those claims, as pleaded in the TAC,[2] are "claims arising under federal securities laws." Motion at 15.

In an abrupt about-face, the TCC now claims in its Reply that it is *not* arguing the Securities Litigation Claims are derivative at all. Instead, the TCC claims that the Fire Victim Trust proposed through the Plan somehow will have priority over the Securities Plaintiffs and the Class with respect to the proceeds of the relevant D&O insurance policies, and that the Securities Litigation should be frozen pending resolution of the TCC's meritless effort to obtain declaratory relief.[3] Not only have the vast majority of Courts repeatedly held that no such priority exists, but the Debtors have already tried a similar gambit and failed much earlier in these Chapter 11 Cases.

The TCC then devotes its Reply to attacking *the merits* of the TAC, converting what was once a motion for standing to pursue declaratory relief into a *de facto* motion to dismiss claims that are not pending before this Court. Only the District Court has the authority to hear such motions, which have been fully briefed by the actual parties to the Securities Litigation and are before the District Court for decision. The TCC is now attempting to use the Reply as an impermissible end-run around the District Court's jurisdiction.

---

[2] Capitalized terms in this Sur-Reply but defined herein have the meanings given thereto in the Securities Plaintiffs' objection to the Motion (the "**Objection**") [ECF No. 6482].

[3] The TCC also argues, for the first time, that the Securities Litigation impacts the Equity Backstop parties and dilutes the recovery to equity holders under the Plan. This argument, made without any factual support, is both irrelevant for purposes of the Motion and unavailing for obvious reasons – the Bankruptcy Code does not authorize the summary disposition of a group of claims merely because it is *pari passu* with some other constituency. Moreover, the Class Claims against the Debtors are already separately classified by the Debtors in the Plan and are subject to an order of this Court extending the bar date for the filing of these claims by investors. The Equity Backstop parties themselves have never raised these concerns and they are not the TCC's issues to raise. To the extent any affected party believes the Plan improperly allocates value between classes of equal priority, that is a confirmation issue, not a legitimate basis for the TCC to usurp or subvert the Securities Plaintiffs' prosecution of the Securities Litigation Claims or the assertion of such claims in these Chapter 11 Cases.

<u>**ARGUMENT**</u>

**I.      THE FIRE VICTIM TRUST WILL NOT HAVE PRIORITY OVER ACCESS TO D&O INSURANCE PROCEEDS.**

The TCC argues for the first time in the Reply that the Fire Victim Trust will somehow have priority with respect to any recovery from proceeds of the relevant D&O insurance policies. The TCC then argues that this supposedly superior entitlement is a basis for enjoining the Securities Litigation altogether. What the TCC ignores is that no such priority exists because proceeds of the D&O insurance policies are not property of the estate. Although the Debtors propose to transfer their claims against certain of their former directors and officers to the Fire Victim Trust through the Plan, it is axiomatic that the Debtors can only convey rights they actually have. The TCC is now attempting to invent a new right that simply does not exist.

There is no legal basis for the TCC's attempt to gerrymander insurance coverage and prevent the Securities Plaintiffs from prosecuting the Securities Litigation to judgment. Quite the opposite, the vast majority of courts have repeatedly rejected such efforts as impermissible. *See, e.g.*, *In re Enivid, Inc.*, 364 B.R. 139 (Bankr. D. Mass. 2007) (denying request to enjoin the settlement of a securities fraud action against the debtor's officers and directors for the purpose of preserving insurance coverage for separate litigation of estate claims by the trustee); *Reliance Acceptance Grp., Inc. v. Levin (In re Reliance Acceptance Grp., Inc.)*, 235 B.R. 548 (D. Del. 1999) (reversing injunction of securities fraud litigation, holding that the Bankruptcy Court erred in finding that continued prosecution of securities fraud litigation would impermissibly diminish the pool of insurance proceeds available for estate claims); *see also In re Grove Instruments, Inc.*, 573 B.R. 307 (Bankr. D. Mass. 2017) (declining to approve estate settlement that would have barred securities fraud claims even though a recovery on those claims "could reduce or eliminate proceeds of the D&O Policies that might otherwise be available to satisfy the Trustee's claims").

That courts across the country have repeatedly rejected the same position advanced by the TCC is not surprising, because neither a bankruptcy estate nor anyone pursuing litigation on its behalf has any superior right to insurance proceeds over any non-debtor pursuing its own

direct claims.  *See, e.g.*, *Collins v. Sydow (In re NC12, Inc.)*, 478 B.R. 820 (Bankr. S.D. Tex. 2012) (holding that the estate's ownership of a D&O policy does not provide the estate with greater interest in the proceeds over any other person suing on an indemnified claim); *In re CHS Elec., Inc.*, 261 B.R. 538, 544 (Bankr. S.D. Fla. 2001) (noting that the court was unaware of "any Bankruptcy Code provision or case law that would give a bankruptcy trustee any different status than a non-bankruptcy plaintiff with an unliquidated claim against third-parties which may be covered by insurance proceeds about to be used to settle or satisfy a judgment entered in favor of other plaintiffs."); *In re First Cent. Fin. Corp.*, 238 B.R. 9, 21 (Bankr. E.D.N.Y. 1999) ("the Trustee has not pointed to a case, nor are we aware of one, in which a court has protected D & O policy proceeds so as to facilitate a prioritization in favor of a trustee or debtor-in-possession to such funds.");[4] *see also SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 59 (S.D.N.Y. 2013) (estate claims do not have priority over non-debtors' independent and direct claims against non-debtors merely because both actions seek to recover from the same pool of funds).[5]

The *Madoff* court denied a similar request for injunctive relief, finding that the trustee was seeking to exercise control of D&O insurance proceeds that, as here, were not property of the estate.  *Id.* at 72.  This Court should similarly deny the TCC's impermissible attempt to exercise control over D&O insurance proceeds, which unequivocally are not property of the estate.  *See, e.g.*, *In re MF Glob. Holdings Ltd.*, 515 B.R. 193, 198-204 (Bankr. S.D.N.Y. 2014) (holding that "D&O Proceeds are not property of the . . . Debtors' estates," despite policy limit being exceeded by claimed damages in securities actions); *see also In re Quintus Corp.*, No. 01-00501 (Bankr. D. Del.), Transcript of hearing held Apr. 10, 2002 (the "**Quintus Transcript**"), at 45.[6]

---

[4] The only case the TCC cites in support of its position, *Megliola v. Maxwell*, 293 B.R. 443 (N.D. Ill. 2003), is an outlier whose rationale has not been adopted or extended by other courts.  *See e.g.*, *Enivid*, 364 B.R. at 156 (refusing to follow *Megliola* and questioning whether its holding was consistent with Seventh Circuit precedent).

[5] Counsel to the TCC are quite aware of this reality, given that the same firm represented the *Madoff* trustee in unsuccessfully raising the same basic arguments asserted by the TCC here.

[6] A true and correct copy of the relevant pages of the Quintus Transcript is annexed to the *Declaration of Andrew Behlmann*, filed contemporaneously herewith, as Exhibit A.

The *Collins* court explicitly rejected a similar attempt to assert priority over insurance proceeds. 478 B.R. at 383. There, the court found that even though the bankruptcy estate may own an insurance *policy*, "[t]he estate does not have a greater interest in the *proceeds* than any other person suing on an indemnified claim." *Id.* (emphasis added). As a result, the Court found that the estate's right to recover from insurance proceeds would be on the same terms as any other injured party. *Id.* Here too, the TCC cannot claim a superior right to the insurance proceeds over Securities Plaintiffs.

In *Enivid*, the trustees of liquidating trusts established pursuant to the debtor's chapter 11 plan (similar to the proposed Fire Victim Trust) sought to enjoin the settlement of a securities fraud action brought by non-debtor plaintiffs against the debtor's officers and directors. 364 B.R. at 157. The purported justification for the request for injunctive relief was – just as in the Motion – to preserve insurance coverage for separate litigation brought by the litigation trustees themselves (claims transferred by the estates, akin to the Assigned Rights and Causes of Action proposed to vest in the Fire Victim Trust). *See id.* The court denied the trustees' motion, stating as follows:

> In the present case, the Shareholder Plaintiffs seek damages for violations of federal securities laws by the directors and officers of Divine. Their claims are distinct from those asserted by the Plan Trustees' in the Divine and RoweCom Adversaries. ***Although the actions may have the same target defendants and involve some of the same conduct, they state totally different claims for relief, and liability is based on different theories. The claims of the Shareholder Plaintiffs are not derivative of the claims of creditors or the former bankruptcy estates and do not belong to the Plan Trustees. Their claims are personal and arise from alleged breaches of different duties, resulting in different injuries for which different damages are claimed.*** *See In re Reliance Acceptance Group*, Inc., 235 B.R. at 555.
>
> . . .
>
> The existence of D & O Policies, which are subject to the unliquidated, contingent claims of the Plan Trustees and the settled claims of the Shareholder Plaintiffs who have suffered a loss within the meaning of those policies, ***does not form the basis for extraordinary injunctive relief favoring the Plan Trustees over the Shareholder Plaintiffs and the D & O Defendants simply because the Plan Trustees happen to have obtain[ed] their status through confirmation of liquidating plans.*** While the amount of insurance proceeds available to the Plan Trustees will be reduced, that is not so extraordinary a circumstance as to warrant exercise of the Court's limited, "related to" jurisdiction to enter an injunction under

§ 105(a), particularly in view of the First Circuit's decision in *Monarch Life*. The right of the parties to pursue the same assets and individuals is not, in and of itself, a cognizable theory in support of an injunction.

. . .

Allowance of the Plan Trustees' request for injunctive relief against settlement of the Securities Actions would constitute a determination that the Plan Trustee's claims for breaches of the fiduciary duties of care and loyalty take precedence over the claims and settlements of the Shareholder Plaintiffs under federal securities laws. ***There is simply no basis in the Bankruptcy Code or other applicable law for such an order.***

*Id.* at 157-58 (emphases added).

The *Quintus* court dealt with a similar request for injunctive relief. There, a committee of equity security holders sought to enjoin a securities class action to preserve insurance coverage for the benefit of estate claims the committee sought to pursue. Like the *Enivid* court, Judge Walrath held that

[11 U.S.C. §] 362(a)(3) . . . is not applicable to proceeds of the insurance even where the debtor/estate may have [a claim against the directors and officers] in addition to the typical [entity coverage claim] because the action of the securities plaintiffs is not an act to obtain possession of property of the estate. The property that the estate has is not the proceeds of the [D&O] insurance policy. The only property of the estate is a possible claim against the insurance policy similar to the claims which the D&O and the plaintiff's securit[ies] class may have. And the action of the plaintiffs in pursuing their claims is not taking any action to obtain possession of that property of the estate. ***It does not affect one bit the claim that the estate may have***. It's as if both had a claim against a pot of money. ***The money does not belong to the estate***. ***All the estate has is a claim, and somebody else pursuing their claim does not affect or is not an act to obtain possession of the estate property***.

Quintus Transcript at 45:6-22 (emphases added).

The circumstances here are nearly identical to *Enivid* and *Quintus*. The TCC seeks to permanently enjoin the Securities Litigation Claims – direct claims under the federal securities laws belonging to the Securities Plaintiffs and the Class – to preserve insurance coverage for the benefit of litigation that has not yet been commenced by the trustee of a trust that does not yet exist. However, proceeds of the Debtors' D&O policies are certainly not property of the estate for any purpose, including for purposes of the Debtors' affirmative claims against non-Debtor insured persons that are potentially being assigned to the Fire Victim Trust. The Court previously denied the Debtors' attempt to obtain such injunctive relief and should likewise refuse

to sanction the TCC's new attempt to do so through the Motion. As with the proposed injunctions in *Enivid* and *Quintus*, there is simply no legal basis to allow the TCC to move forward by way of the Motion.

In any event, the TCC is trying to re-litigate the injunction proceedings brought by the Debtors, using these same arguments. The Debtors already tried – and failed – to enjoin the Securities Litigation, relying in part on the same argument newly raised by the TCC in the Reply. *See* Adv. Pro. No. 19-03039, ECF No. 23 (the "**Order Denying Injunction**") ("The best the Debtors have to offer at this point is that prosecution might be costly to them, their insurers or both. That is not enough."). The only rights the Debtors can assign to the Fire Victim Trust under the Plan are rights that the Debtors actually have. Those rights do not include superior rights to proceeds of the D&O policies on its affirmative claims or any priority with respect thereto, and therefore the mere prospect of the Securities Litigation depleting those proceeds is not a legitimate basis for the injunctive relief the TCC seeks standing to request.

## II.    THE REPLY MAY NOT BE USED AS A *DE FACTO* MOTION TO DISMISS

The TCC has also shifted its focus in the Motion from alleging that the Securities Litigation Claims belong to the estate to attacking the sufficiency and merits of the allegations pleaded in the TAC.[7] *Compare* Reply at 5 (asserting that the TAC "does not properly plead valid securities claims") *with* Motion at 15 ("The fact that the [Securities Litigation] *pleads claims arising under federal securities laws*, while all self-described derivative shareholder lawsuits plead claims arising under common law, federal securities law, or both . . . .") *and* Draft Complaint [ECF No. 5972 Ex. A], ⁋ 11 ("By this Complaint the TCC requests entry of a judgment declaring that the six claims for relief that are pleaded [by Securities Plaintiffs in the TAC] – as well as the same claim filed against the Debtors as proofs of claim in these Chapter 11

---

[7]    Taking the TCC at its word in the Reply, denial of the pending Motions to Dismiss would require denial of the Motion as moot because the TCC has now acknowledged that a properly pleaded securities action *cannot* be a derivative action. *See* Reply at 5 (admitting that the TCC is not "arguing that a properly pleaded direct securities action can be a derivative action"). It would be appropriate to simply hold the Motion in abeyance pending resolution of the Motions to Dismiss by the District Court.

Cases . . . – **are derivative claims belonging to the Debtors' chapter 11 estates**, and subject to assignment to the future Fire Victim Trust . . . .") (emphasis added).

In doing so, the TCC is essentially attempting to convert the Motion into a *de facto* motion to dismiss the TAC for failure to state a claim. *See* Reply at 5. The TCC is not a party to the Securities Litigation and has no standing to seek to dismiss the TAC and, in any event, the Motions to Dismiss the TAC have already been extensively briefed by the appropriate parties in the District Court. The District Court is the only proper venue to decide these issues.[8]

As this Court previously ruled, in conjunction with the Debtors' attempt to enjoin the Securities Litigation, "the proper remedy on the present record is for the district court defendants to defeat that action in the district court by motions or otherwise." *See* Order Denying Injunction. The TCC cannot use this Court to do an end-run around the District Court's jurisdiction and constitutional adjudicatory authority in the Securities Litigation by asking this Court to on the sufficiency of the TAC. Those issues are for the District Court alone to decide in connection with the fully briefed motions to dismiss that are already *sub judice* before the District Court.

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in the Securities Plaintiffs' opposition to the Motion [ECF No. 6482], the Securities Plaintiffs respectfully request that the Court deny the Motion.

*[ signature page follows ]*

---

[8]  In any event, the Securities Plaintiffs respectfully submit that this Court does not have jurisdiction or constitutional adjudicatory authority to enter a final order or judgment with respect to the sufficiency of a complaint in an action properly pending before an Article III Court.

Dated: April 7, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: _/s/ Randy Michelson_
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH**
**& RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY,**
**P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

**EXHIBIT 1**
**COUNSEL**

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin *(pro hac vice)*
Andrew Behlmann *(pro hac vice)*
Scott Cargill
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone   973-597-2500
Facsimile    973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com
cmaker@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone   415-512-8600
Facsimile    415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
David J. Goldsmith
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone   212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

**WAGSTAFFE, VON LOEWENFELDT,
BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone   415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Class*

*Lead Counsel to Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone   619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone   415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

**VANOVERBEKE, MICHAUD &
TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone   313-578-1200
tmichaud@vmtlaw.com

*Additional Counsel for the Securities Act Plaintiffs*

**EXHIBIT 2**
**DECLARATION OF ANDREW D. BEHLMANN, ESQ.**

| | |
|---|---|
| 1 | **LABATON SUCHAROW LLP**      **LOWENSTEIN SANDLER LLP** |

1   **LABATON SUCHAROW LLP**   **LOWENSTEIN SANDLER LLP**
Thomas A. Dubbs        Michael S. Etkin (*pro hac vice*)
2   Carol C. Villegas         Andrew Behlmann (*pro hac vice*)
David J. Goldsmith        Scott Cargill
3   Jeffrey A. Dubbin (SBN 287199)   Colleen Maker
Aram Boghosian        One Lowenstein Drive
4   140 Broadway         Roseland, New Jersey 07068
New York, New York 10005
5

6   *Lead Counsel to Lead Plaintiff and the Class* *Bankruptcy Counsel to Lead Plaintiff*
                 *and the Class*
7

8   **MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
9   220 Montgomery Street, Suite 2100
San Francisco, California 94104
10
*Bankruptcy Counsel to Lead Plaintiff*   (*additional counsel on Exhibit A*)
*and the Class*
11

12   **UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**
13

14   In re:           | Case No. 19-30088 (DM) (Lead Case)

PG&E CORPORATION     | Chapter 11
15                | (Jointly Administered)
    - and –
16                | **DECLARATION OF ANDREW BEHLMANN**
PACIFIC GAS AND ELECTRIC | **IN SUPPORT OF SECURITIES PLAINTIFFS'**
17   COMPANY,        | **SUR-REPLY IN FURTHER OPPOSITION TO**
             | **OFFICIAL COMMITTEE OF TORT**
18          Debtors. | **CLAIMANTS' MOTION FOR STANDING TO**
             | **PROSECUTE CLAIMS OF THE DEBTORS'**
19   ☒ Affects Both Debtors    | **ESTATES**
☐ Affects PG&E Corporation
20   ☐ Affects Pacific Gas and Electric Company

21

22

23

24

25

26

27

28

Andrew Behlmann, Esq., hereby declares as follows, pursuant to 28 U.S.C. § 1746:

1. I am a Partner with the law firm of Lowenstein Sandler LLP, bankruptcy counsel in these chapter 11 cases of the above-captioned debtors in possession (the "**Debtors**") to Public Employees Retirement Association of New Mexico, the court-appointed lead plaintiff ("**Lead Plaintiff**") in the securities class action styled as *In re PG&E Corporation Securities Litigation,* Case No. 3:18-cv-03509-RS, (the "**Securities Litigation**"), pending in the United States District Court for the Northern District of California.

2. I submit this declaration in support of the Securities Plaintiffs' Sur-Reply in Further Opposition to Official Committee of Tort Claimants' Motion for Standing to Prosecute Claims of the Debtors' Estates (the "**Sur-Reply**").

2. Annexed hereto as **Exhibit A** is a true and correct copy of the relevant pages of the Transcript of hearing held April 10, 2002 in the matter *In re Quintus Corp.*, No. 01-00501 (Bankr. D. Del).

I declare under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief, and I understand that I am subject to punishment if any of the foregoing statements made by me are willfully false.

Dated: April 7, 2020                     By:  _/s/ Andrew Behlmann_

                                                     Andrew Behlmann, Esq.

# EXHIBIT A

## Relevant Pages of Quintus Transcript

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED

2002 APR 16 AM 10: 57

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

BEFORE:

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

- - -

IN RE:                          :    CHAPTER 11
                                :
QUINTUS CORPORATION, et al      :    NO. 01-00501 through
                                :    NO. 01-00503
            Debtors             :

- - -

Wilmington, Delaware
April 10, 2002
1:42 o'clock p.m.

- - -

APPEARANCES:

SEAN M. BEACH, ESQUIRE
BRENDAN SHANNON, ESQUIRE
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
-- for Officers and Directors

MARK CHEVALLIER, ESQUIRE
McGuire, Craddock & Strother
Lincoln Plaza, Suite 3550
500 N. Akard
Dallas, TX  75201
-- for Equity Committee

MICHAEL ETKIN, ESQUIRE
Lowenstein, Sandler
65 Livingston Avenue
Roseland, NJ  07068
-- for Federal Class Plaintiffs



Laws Transcription Service
48 W. La Crosse Avenue
Lansdowne, PA 19050
(610) 623-4178

APPEARANCES:   (Continued)

KURT GWYNNE, ESQUIRE
Reed Smith, LLP
1201  Market Street, Suite 1500
Wilmington, DE  19801
-- for the Chapter 11 Trustee

- - -

Audio Operator:  Jennifer Patone

Transcribed by:  Geraldine C. Laws, CET

(Proceedings recorded by electronic sound recording;
transcript provided by AAERT-certified transcriber.)

1   a stay, there is no basis by virtue of the law that we've
2   cited, and primarily by virtue of the insurance contract
3   itself.

4        THE COURT: All right, well, let me do this. I am
5   doing this by bench decision because I don't rely on other
6   judges' bench decisions. But I find that 362(a)3 is not
7   applicable here and is not applicable to proceeds of the
8   insurance even where the debtor/estate may have a coverage A
9   claim in addition to the typical coverage B claim because the
10  action of the securities plaintiffs is not an act to obtain
11  possession of property of the estate. The property that the
12  estate has is not the proceeds of the insurance policy. The
13  only property of the estate is a possible claim against the
14  insurance policy similar to the claims which the D&O and the
15  plaintiff's security class may have. And the action of the
16  plaintiffs in pursuing their claims is not taking any action
17  to obtain possession of that property of the estate. It does
18  not affect one bit the claim that the estate may have. It's
19  as if both had a claim against a pot of money. The money
20  does not belong to the estate. All the estate has is a
21  claim, and somebody else pursuing their claim does not affect
22  or is not an act to obtain possession of the estate property.

23       But I so rule only with respect to the claims that
24  are not derivative actions. To the extent they're derivative
25  actions, they are barred or stayed by the effects of Section

## CERTIFICATION

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Geraldine C. Laws_                    4/15/02

Geraldine C. Laws, CET
Laws Transcription Service

Date

# EXHIBIT 3
## RESERVATION OF RIGHTS

This Sur-Reply, and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.

# EXHIBIT C
## RESERVATION OF RIGHTS

This Motion, and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

    a.    constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

    b.    constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

    c.    waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.