**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF SECURITIES PLAINTIFFS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON SECURITIES PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Related Document: Dkt. 6684<br><br>[No hearing requested] |

Securities Plaintiffs[1] hereby submit this Motion (the "**Motion to Shorten Time**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on *Securities Plaintiffs' Administrative Motion for Leave to File Sur-Reply* (the

---

[1] Capitalized terms used but not defined herein have the meanings given in *Securities Plaintiffs' Memorandum of Points and Authorities in Opposition to Official Committee of Tort Claimants' Motion for Standing to Prosecute Claims of the Debtors' Estates* [ECF No. 5042] (the "**Objection**").

"**Administrative Motion**"). The Securities Plaintiffs request that any responses or objections to the Administrative Motion be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on April 9, 2020.

In support of this Motion to Shorten Time, Securities Plaintiffs submit the Declaration of Andrew Behlmann (the "**Behlmann Declaration**"), filed contemporaneously herewith.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On February 28, 2020, the Official Committee of Tort Claimants (the "**TCC**") filed *The Official Committee of Tort Claimants' Motion for Standing to Prosecute Claims of the Debtors' Estates* [ECF No. 5972] (the "**Standing Motion**"). The Securities Plaintiffs filed an objection to the Standing Motion on March 25, 2020 [ECF No. 6482] (the "**Objection**"). On March 31, 2020, the TCC filed the *Reply Brief of the Official Committee of Tort Claimants in Support of its Motion for Standing to Prosecute Claims of the Debtors' Estates* [ECF No. 6547] (the "**Reply**"). A hearing on the Standing Motion and related submissions is currently scheduled to be heard on April 14, 2020, at 10:00 a.m. (prevailing Pacific Time).

## RELIEF REQUESTED IN THE ADMINISTRATIVE MOTION

The Reply is an impermissible attempt by the TCC to assert completely new arguments not included in the Standing Motion. The Standing Motion focuses exclusively on the TCC's argument that the Securities Litigation Claims are derivative claims belonging to the Debtors' estates. In the Reply, the TCC asserts entirely new arguments – raised improperly for the first time – that the claims being assigned to the Fire Victim Trust are somehow entitled to greater priority with respect to the relevant D&O insurance policies than the Securities Litigation Claims, and therefore, resolution of the Securities Litigation Claims and Class Claims should be enjoined pending the resolution of the TCC's requests for declaratory relief. This new – and specious –

argument, which the TCC did not raise, let alone mention, in the Standing Motion, ignores the case law in which a vast majority of courts have expressly rejected the TCC's argument. *See, e.g.*, *Boles v. Turner (In re Enivid, Inc.)*, 364 B.R. 139 (Bankr. D. Mass. 2007).

The TCC also now argues for the first time that the TAC "does not properly plead valid securities claims" – an issue that the TCC lacks standing to raise as it is not a party in the Securities Litigation, and that has been fully briefed by the actual parties to the Securities Litigation and is before the District Court for decision.

Courts in this District will grant a party leave to file a sur-reply in order to give that party an opportunity to respond to new arguments raised in a reply brief. S*ee, e.g., GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 U.S. Dist. LEXIS 93469, at *2 (N.D. Cal. July 9, 2014) (granting motion for leave to file sur-reply to address arguments raised for the first time in reply); *Toomey v. Nextel Commc'ns., Inc.*, No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793 (N.D. Cal. Sep. 23, 2004) (same). Because the TCC raises new arguments in the Reply, the Securities Plaintiffs were compelled to file the Administrative Motion seeking an opportunity to respond to those arguments.

## SHORTENING TIME FOR A HEARING ON THE ADMINISTRATIVE MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Administrative Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Rules." B.L.R. 9006-1(a).

The Securities Plaintiffs respectfully submit that shortening the notice period is necessary to timely and appropriately address the Securities Plaintiffs' Sur-Reply in response to new arguments raised by the TCC for the first time in the Reply. It is crucial that the Administrative Motion be heard in advance of, or in conjunction with, the Standing Motion. Therefore, shortened time is necessary to resolve both the Administrative Motion and the Standing Motion.

## COMPLIANCE WITH BLR 9006-1

BLR 9006-1 requires explanation of:

(1) The reason for the particular enlargement or shortening of time requested; (2) Previous time modifications related to the subject of the request, whether by Stipulation or Court order; (3) The effect of the requested time modification on the schedule for the case or proceeding; and (4) Where the request is not made by stipulation, the efforts made to speak with the respondent, and if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

The reason for shortening of time requested is set forth herein. No previous request for the relief sought herein has been made by the Securities Plaintiffs to this or any other court. The requested time modification will serve to maintain the current schedule for the case. Counsel for the Securities Plaintiffs sought consent from the TCC's counsel for the Administrative Motion to be heard on shortened time, but the TCC's counsel refused to consent.

## NOTICE

Notice of this Motion to Shorten Time will be provided to (i) counsel to the Debtors; (ii) counsel to the TCC; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Securities Plaintiffs respectfully submit that no further notice is required.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Shorten Time.

WHEREFORE, the Securities Plaintiffs respectfully request entry of an order shortening time and granting the relief requested herein and such other and further relief as the Court may deem just and appropriate

Dated: April 7, 2020

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By:   */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*