| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Stephen Karotkin (*pro hac vice*)<br>  (stephen.karotkin@weil.com)<br>Jessica Liou (*pro hac vice*)<br>  (jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>  (matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel:  (212) 310 8000<br>Fax:  (212) 310 8007<br><br>**KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (SBN 151445)<br>  (tkeller@kbkllp.com)<br>Jane Kim (SBN 298192)<br>  (jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel:  (415) 496-6723<br>Fax:  (415) 636-9251<br><br>*Attorneys for Debtors and Debtors in Possession* | **JONES DAY**<br>Bruce S. Bennett (SBN 105430)<br>  (bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>  (jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>  (jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA  90071-2300<br>Tel:  (213) 489-3939<br>Fax:  (213) 243-2539<br><br>*Attorneys for the Shareholder Proponents* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DEBTORS' AND SHAREHOLDER PROPONENTS' RESPONSE TO REVISED SUPPLEMENTAL DISCLOSURE IN THE FORM OF A LETTER FROM THE TCC**<br><br>Date: April 7, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 6636 and 6682 |

The TCC's revised Proposed Letter does nothing to address the multiple inaccuracies and falsehoods of the original letter.  Yet, the TCC still seeks the shield of the Court's approval of these statements *and* wants to broadcast that imprimatur to fire claimants.  The very first paragraph of the Proposed Letter states that "[t]he bankruptcy court approved or permitted the TCC sending this letter to you."  Revised Proposed Letter [ECF 6682-1] at 1.  The obvious intention is to give fire claimants the impression that the Court agrees with its contents.  And, despite removal of the explicit recommendation not to vote on the Plan, the Proposed Letter can only be construed as intended to persuade fire claimants to withhold their ballots.  There is no other plausible purpose of the communication.

For all the reasons previously stated, this is inappropriate.  If the TCC wants to try to influence balloting on the Plan, the TCC should decide for itself what communication is appropriate under the Bankruptcy Code and take responsibility for any ensuing consequences of its actions.  Any such communication must not reference or otherwise imply that the Court has reviewed or approved its contents, and the Court should not sanction or otherwise provide the immunity sought by the TCC.

Dated: April 7, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

By: */s/ Stephen Karotkin*
   Stephen Karotkin

*Attorneys for the Debtors and
Debtors in Possession*

JONES DAY

By: */s/ James O. Johnston*
   James O. Johnston

*Attorneys for the Shareholder Proponents*