

Signed and Filed: April 7, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re:                              ) Bankruptcy Case
                                    ) No. 19-30088-DM
PG&E CORPORATION,                   )
                                    ) Chapter 11
        - and -                     )
                                    ) Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,   )
                                    ) Date:   April 7, 2020
        Debtors.                    ) Time:   10:00 AM
                                    ) Place:  Courtroom 17
☐ Affects PG&E Corporation          )         450 Golden Gate Ave.
☐ Affects Pacific Gas and           )         16th Floor
    Electric Company                )         San Francisco, CA
☒ Affects both Debtors              )
                                    )
* All papers shall be filed in      )
the Lead Case, No. 19-30088 (DM).   )
                                    )
```

**ORDER DENYING MOTION FOR ENTRY OF AN ORDER DIRECTING
SUPPLEMENTAL DISCLOSURE IN THE FORM OF A LETTER FROM THE TCC**

The court has considered on an expedited basis the motion of the Official Committee of Tort Claimants ("TCC") for authority of the court to authorize supplemental disclosures in the form of a letter from the TCC to the class of creditors known as the Fire Claimants ("Motion"). More specifically, what the TCC wants is for the court to permit it to advise members of

that class, impaired under the pending Debtors' Plan, to withhold their votes at least until the end of the month, by which time the TCC hopes and believes there will be further developments in the plan negotiation process to inform the class members more fully.

Apart from the logistical and practical problems presented by the time pressures presented in this case by the looming June 30, 2020, deadline of AB 1054, and the tragic worldwide pandemic brought about by COVID-19, what the TCC seeks is not appropriate.

The court has already approved the Debtors' Disclosure Statement and virtually all of the issues raised by the TCC in the Motion and proposed letter were well-known at the time of the final hearing on the Disclosure Statement. The court approved that Disclosure Statement as containing "adequate information" on March 17, 2020 (Dkt. No. 6340). These include the fact that an anticipated rights offering had not yet been finalized then (and has not been finalized now). Also, there were changes in the anticipated equity/debt structure of the reorganized companies that differed from what had been described in the Restructuring Support Agreement ("RSA") negotiated between Debtors and the TCC. The TCC is also complaining about a formula in the RSA for calculating the value of the reorganized companies and wants the Debtors to "guarantee that the stock issued to the Fire Victim Trust will be 'funded with $6.75 billion in cash and PG&E stock valued at 6.75 billion'". These problems could have been flagged for insertion in the Disclosure Statement then. At the very least the statement

Case: 19-30088    Doc# 6692    Filed: 04/07/20    Entered: 04/07/20 16:09:59    Page 2 of 4

could have included the very typical disclaimers such as "Debtors contend…(and)TCC contends…". The proposed TCC letter is not the proper place to debate the terms of the RSA. It says what it says and the disclosures were deemed adequate just over three weeks ago.

A massive undertaking for sending voluminous materials and soliciting votes on the Plan is well-underway. Hundreds, if not thousands, of members of the class have already voted. The TCC apparently does not want to upset those votes, but it is beyond doubt that confusion will reign if the court permits the proposed letter to go out, leaving countless fire victims confused even more than they might be now. Are their cast votes valid? Should they ask to withdraw them? And what happens if there is a pause, and voters do not recast their votes in time?

On top of that, in the very course of the hearing today there was disagreement among various parties about what the letter should or should not say. And a little over an hour after the hearing counsel for the TCC uploaded a new version of its letter, to be followed by an email to the Courtroom Deputy that Debtors would be responding. This is no way for this process to proceed and no way for the court to be involved in condoning the process. This promotes more disorder and confusion than certainty.

The court is satisfied that agreeing to the TCC's request will cause more harm than good, and court-approval of its proposal is ill-advised and must be rejected.

What little law there is on the subject makes clear that once a disclosure statement is approved, parties are free to

-3-

Case: 19-30088    Doc# 6692    Filed: 04/07/20    Entered: 04/07/20 16:09:59    Page 3 of 4

attempt to persuade voters to vote for or against a plan.  But that is not the same as asking the court to approve a post-approval plea to delay a vote while future events unfold, if indeed they do at all within the time frame suggested.  If the TCC chooses to proceed, it does so without this court's approval or disapproval.

    The Motion is DENIED.

***END OF ORDER***