# EXHIBIT A



MIKAL C. WATTS
Attorney at Law
mcwatts@wattsguerra.com

*Board Certified Personal Injury Trial Law*
*Texas Board of Legal Specialization*

Four Dominion Drive
Building Three, Suite 100
San Antonio, Texas 78257
210.447.0500 PHONE
210.447.0501 FAX
www.wattsguerra.com

April 7, 2020

Dear PG&E Fire Client:

I write to briefly update you on (1) materials you should have received by now, (2) recent filings in the bankruptcy case; and (3) the ongoing voting process.

## I.  MATERIALS YOU SHOULD HAVE RECEIVED BY NOW

As I have mentioned previously in my February letter to you, for a plan to be confirmed, it must be approved by those holding 2/3rds of the value of the claims made against PG&E's bankruptcy estate.

In this regard, Bankruptcy Judge Montali established a vigorous set of deadlines (Doc#5586, filed Jan. 31, 2020, in Case: 19-30088) to ensure that a communication to the fire victims informing them about the settlement, known as a Disclosure Statement, was prepared by early March, for any objections or suggestions concerning the Disclosure Statement be filed shortly thereafter, and for a hearing on these objections to occur by mid-March.   The purpose of this process was to ensure that the communication to the fire victims sent with the ballot concerning the exit plan is both "fair and balanced," as well as informative and helpful.

Because those fire victims holding 2/3rds of the value of all the claims against PG&E must vote in favor of the plan for it to be confirmed, the Disclosure Statement and a ballot were sent out to each of the fire victims.  Most of you received the Disclosure Statement and the ballot from my office electronically via text, and were asked to vote via your cellphone device.  Others of you received the Disclosure Statement via email, and asked to vote via reply email.  Finally, a small number of you provided us neither a cell phone number, nor an email address, and were consequently sent a ballot, together with several hundred pages of disclosure materials, via paper, through the US Mail.   In addition, as is required under the terms of the deal we made with the Debtors, you should have been provided with our Letter of Support for the Amended Plan, together with the Solicitation Materials.

If you have not yet received these materials, please let us know via email to santarosa@wattsguerra.com if you are a victim of the 2017 North Bay Fires, or to chico@wattsguerra.com if you are a victim of the 2018 Camp Fire.  If you are a victim of the 2017 North Bay Fires, you may also call Watts Guerra's office at (707) 241-4567, Hansen  & Miller at (707) 575-1040, or Mauro Archer O'Neill at (707) 237-2445.  If you are a victim of the 2018 Camp Fires, you may also call Watts Guerra's office at (530) 240-6116, Joe Earley's office at (530) 876-





1111, or__Mauro Archer O'Neill at (530) 413-8151. Due to "shelter in place" orders, we recommend you email us, rather than call us, to get further information.

## II.  RECENT FILINGS IN THE BANKRUPTCY CASE

As I have explained to you many times, I_negotiated this deal with PG&E; consequently, I believe it to be the best deal possible under the circumstances, and strongly encourage you to vote "yes." The decision, however, is yours to make. After we sent you the Disclosure Statement and the ballot, we recommended that you to vote "ACCCEPT" by selecting that option over your cellphone, via email on your computer or smart device, or_via paper ballots sent in by mail, and then our firm's database will then tabulate the votes and communicate them to Prime Clerk, who is tabulating the vote for the Court. The deadline to submit votes to the Court will be May 15, though we will make every effort to collect each of your ballots before May 1 in order to make certain that every one of our clients will have timely voted.

There have been a flurry of filings in bankruptcy court concerning the Amended Plan, as well as disclosures concerning the same, during the voting process. While the filings in Bankruptcy Court are too numerous to describe, they are available to the public by accessing the Court's website at http://www.canb.uscourts.gov/case-info/pge-corporation-and-pacific-gas-and-electric-company. Documents relevant to the plan and disclosure statements made be accessed at https://restructuring.primeclerk.com/pge/.

In the meantime, I would like to specifically disclose the following filings for your review:

- 20200228 Doc 5972 Mtn for Standing to Prosecute Claims of the Debtors Estate.pdf
- 20200317 Doc 6340 Order Approving Disclosure.pdf
- 20200317 Doc 6353 Dislcosure Statement for Debtors ShareholderProp POR.pdf
- 20200320 Doc 6398 Debtors Mtn Mis Relief.pdf
- 20200324 Doc 6448 ProSupp to DiscStatment re Debtors POR.pdf
- 20200325 Doc 6483 Order Approving Supp to Disclosure Statement.pdf
- 20200326 Doc 6488 Abrams Motion for Reconsideration.pdf
- 20200403 Doc 297 CA ROR on Debtors Motion Doc 286.pdf
- 20200403 Doc 298 USA ROR on Debtors Motion Doc 286.pdf
- 20200405 Doc 6627 TCC Memo in Opp to Doc 6398.pdf
- 20200406 Doc 6636 Mtn Entry of Order Directing Supp Disl in Letter from TCC.pdf
- 20200406 Doc 6638 Motion to Shorten Time.pdf
- 20200406 Doc 6638-1 Proposed Order for Motion to Shorten Time.pdf
- 20200406 Doc 6639 Declaration.pdf
- 20200406 Doc 6642 Singleton Law Firm Opp to Mtn TCC.pdf
- 20200406 Doc 6644 Ntc of Hearing Doc 6636.pdf
- 20200406 Doc 6647 Order Granting ExParte TCC Motion.pdf
- 20200406 Doc 6649 Notice of 4.7.20 Hearing Agenda.pdf
- 20200406 Doc 6651 Debters Resp to Limited Obj of TCC to the Debtors Mtn for Order Approving Case Resolution Contigency process.pdf
- 20200406 Doc 6652 Subro's Reservation of Rights re TCC Mtn forEntry of an Order Directing Supp Disclosure in the Form of a Letter.pdf
- 20200406 Doc 6656 Tosdal Joinder.pdf
- 20200406 Doc 6658 PG&E & Debtors Obj re TCC disclosure letter.pdf
- 20200406 Doc 6659 Abrams Joinder.pdf
- 20200406 Doc 6667 Cabraser Joinder Certain Wildfire Claimaints.pdf



A link that you may click on to review these filings that I believe are particularly relevant for you to review is provided here:

https://www.dropbox.com/sh/pi0rlqqa43upb5w/AAC41acCn-vFJVw4O0V6pOmoa?dl=0

_____

As you know, we have conducted twenty-four live town hall meetings with our clients in Santa Rosa and Chico.  We had intended to continue to do so during the voting process.  However, "shelter in place" orders intended to combat the spread of the coronavirus pandemic have made that not feasible.   As a consequence, we have enlisted a new technology – the telephonic town hall.

(1) On March 21, 2020, I spoke to over 4,434 clients and answered their questions during a telephonic town hall lasting two and a half hours.  You may access to the following link to listen to the audio recording of that town hall meeting. https://www.dropbox.com/s/xicnv12nesp7un0/MainConf-Recording-cl17587-id54754-n590-c710_200321120336.WAV?dl=0

(2) On March 26, 2020, Joe Earley, Roy Miller and I spoke to over 3,429 clients and answered their questions during a telephonic town hall lasting two hours.  You may access to the following link to listen to the audio recording of that town hall meeting. https://www.dropbox.com/s/s6s8irh1iaifs9m/MainConf-Recording-cl17587-id55161-n590-c438_200326174107.WAV?dl=0

(3) On March 31, 2020, Joe Earley, Roy Miller and I spoke to over 3,984 clients and answered their questions during a telephonic town hall lasting two hours.  You may access to the following link to listen to the audio recording of that town hall meeting. https://www.dropbox.com/s/fnx6y6mnv5j7own/MainConf-Recording-cl17587-id55502-n591-c277_200331182543.WAV?dl=0

(4) On April 4, 2020, Joe Earley, Roy Miller and I spoke to over 3,396 clients and answered their questions during a telephonic town hall lasting two hours.  You may access to the following link to listen to the audio recording of that town hall meeting. https://www.dropbox.com/s/xy2v4g7vw6valia/MainConf-Recording-cl17587-id55845-n321-c264_200404130332.WAV?dl=0

In addition, we have already scheduled the following telephonic town hall meetings so that we may answer your questions during the voting process:

(5)     April 11, 2020, 12:00 p.m. PDT;
(6)     April 18, 2020, 12:00 p.m. PDT;
(7)     April 25, 2020, 12:00 p.m. PDT;
(8)     May  02, 2020, 12:00 p.m. PDT;


(9)   May  09, 2020, 12:00 p.m. PDT;
(10)  May  15, 2020, 12:00 p.m. PDT.

We will be promoting these town halls in newspaper, radio and social media advertisements, and are inviting the general public to participate.

Finally, for your benefit, we have created a website, firesettlementfacts.com, as a central site for us to put up facts that may assist your voting decision.  As we receive questions for our clients, we are shooting videos of me answering them over ZOOM, and then placing those videos up on the site.  Likewise, as to recent telephonic town halls, we are videoing those as well, and placing those on the site.  For most convenient information then, go to our website,

# www.firesettlementfacts.com

The deadline to vote is May 15, 2020.  To avoid ballots being delivered late, or to keep people from simply forgetting to timely participate, we are encouraging our clients to get their ballots in now so that we can make sure your vote is counted.

Again, ***it is our recommendation that you vote to "ACCEPT" the amended plan***, but want to make clear that this is your decision to make – and your decision alone.  Our task between now and May 15, 2020 voting deadline is to provide you with as much information as we can.  If you have already voted, we have your vote and will provide it to Prime Clerk before the deadline.  If you have not yet voted, we encourage you to timely do so only when you are ready to vote.

If the fire victims collectively with 2/3rds of the value of all the claims vote "yes," then the settlement agreement and PG&E's exit plan will be confirmable.  The Court will cause the votes to be counted, has set a deadline of May 15 for any objections to confirmation, and has scheduled a Confirmation hearing on May 27, 2020.  This schedule is tight, but needed to get PG&E out of bankruptcy by June 30, 2020, the deadline for it to exist under A.B. 1054, which provides for the $20.5 billion risk pool to protect against future fires.

According to the settlement, if PG&E exists bankruptcy prior to June 30, 2020, certain funding obligations occur by the "Effective Date" in August, 2020. On the Effective Date, PG&E will fund the Fire Victims Trust with $13.5 billion in cash and stock.  The cash component will be $5.4 billion on the Effective Date, $650 million on January 15, 2021, and $700 million on January 15, 2022.  The stock component of $6.75 billion will be transferred to the trust on the Effective Date.

Before bankruptcy exit, we are working on finalizing the claims rules.  At the time of exit, we hope to initiate the claims period.  After the claims period closes, there will be an evaluation and assessment period, where third-party neutrals will propose individual recoveries, from which there will be appeal rights.  Finally, the monies will be distributed.  It is too early to know when that will occur, but everyone is moving the process along as quickly as possible.


Finally, thank you again for entrusting us with your claims against PG&E.  To put it mildly, we will be in touch.  In the meantime, you may email or call us at

| 2018 Camp Fires | 2017 North Bay Fires |
|---|---|
| chico@wattsguerr.com | santarosa@wattsguerra.com |
| (530) 240-6116 | (707) 241-4567 |

It is our honor to represent you.  Thank you for reading this update letter.

With highest regards,


Mikal Watts