Francis O. Scarpulla (SBN 41059)
Patrick B. Clayton (SBN 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

Jeremiah F. Hallisey (SBN 40001)
HALLISEY & JOHNSON, PC
465 California Street, Suite 405
San Francisco, CA 94104
Telephone: (415) 433-5300
Email: jfhallisey@gmail.com

Attorneys for Creditors
GER HOSPITALITY, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case |
| PG&E CORPORATION, | No. 19-30088 (DM) |
| - and - | Chapter 11 |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Lead Case) |
| | (Jointly Administered) |
| Debtors. | **OPPOSITION TO MOTION TO EXPUNGE CLASS PROOF OF CLAIM** |

**I.    INTRODUCTION**

There is a Plan of Reorganization before the Court that is currently being voted on by PG&E creditors that, if confirmed, will resolve these bankruptcy proceedings. Under that Plan, PG&E will compensate fire victims by contributing to a Trust. A neutral Trustee, along with a Claims Administrator, will then be responsible for fairly and equitably allocating the funds in the Trust to the victims of PG&E's fires. The Trustee will be vested with a fiduciary duty to fairly administer the Trust and to do justice to fire victims. The Trustee will need to exercise expertise

and discretion to ensure that the distributions from the Trust are fair and equitable among all claimants—an unenviable but necessary process. That process will necessarily include a determination of whether, considering all the circumstances, a class proof of claim may be a useful mechanism to ensure that all fire victims are compensated fully and fairly for the losses. This is a decision that the neutral Trustee should make at an appropriate time, and after reviewing all relevant facts and circumstances. Nevertheless, one firm who purports to represent "certain victims from the Camp Fire and 2017 North Bay Fires" ("Objecting Claimants"), now seeks to usurp the function of the neutral Trustee, as well as the Claims Administrator, and moves this Court for an order expunging the class proof of claim filed by GER Hospitality, LLC ("GER") on January 29, 2019 (as amended on January 30, 2019)—over a year after it was filed.[1] For the following reasons, GER respectfully suggests that this motion should be denied.

II. ARGUMENT

A. The Use of a Class Proof of Claim is a Decision Properly Left to the Trustee

Tens of thousands of claimants in these bankruptcy proceedings are currently voting on whether they will approve the Debtors' pending Plan of Reorganization. That Plan, among other things, contemplates the use of two expert neutrals to assist and administer the allocation and distribution of funds to fire victims: a Fire Victim Trustee and a Claims Administrator. Pursuant to the Plan, the Fire Victim Trustee and Claims Administrator are to "evaluate and determine the amount payable for each valid Fire Victim Claim through a variety of methods, including consideration of publicly available information, expert analysis, and material submitted by claimants," with the goal of ensuring that fire claimants "receive fair and expeditious compensation." *See* Dkt. 6353 at 25. Whether the Plan ultimately receives a successful vote and is confirmed by the Court remains to be seen. But in the meantime, the Court should not allow financially interested attorneys representing a subset of Fire Claimants to step into the shoes of

---

[1] Movants criticize GER for not moving sooner for class certification, yet Movants have waited to bring this challenge until more than a year after the class proof of claim was filed, and when the AB 1054 deadline looms large and a vote on a plan of reorganization is well underway.

Case: 19-30088    Doc# 6716    Filed: 04/09/20    Entered: 04/09/20 11:19:13    Page 9 of 28 (DM)
7

the Trustee and Claims Administrator by asking this Court to prematurely expunge another fire victim's claim.[2]

Objections to proofs of claim are governed by Rule 7003 of the Federal Rules of Bankruptcy Procedure. As the advisory committee's comments to the Rule explain: "While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee. Pursuant to § 502(a) of the Code, however, any party in interest may object to a claim. But under § 704 the trustee, if any purpose would be served thereby, has the duty to examine proofs of claim and object to improper claims." This reasoning illustrates why the decision to employ a class proof of claim should be left to the Fire Victim Trustee and the Claims Administrator, who are charged under the pending plan with ensuring the fair and expeditious resolution of claims.

As movants acknowledge, it is well established Ninth Circuit law that class proofs of claim are permitted in bankruptcy proceedings. *In re Birting Fisheries, Inc.*, 92 F.3d 939, 939-40 (9th Cir. 1996); *see also* Fed. R. Bankr. P. 7023. In most bankruptcy cases, the creditors are all known to the debtor—they are the trade creditors, they are the note holders, they are the equity holders—and can be easily contacted; they are sophisticated enough to understand the process and protect their interests. This bankruptcy is significantly different in that the largest group of injured creditors are everyday citizens, most of whom have never experienced a bankruptcy proceeding and really do not understand the process.

In this bankruptcy, no one knows if there might not be thousands of unrepresented claimants who have no idea how to proceed with any claim such claimant might have. And this is the sole purpose of a class claim—in the event at the end of the distribution to those who have filed claims, the Trustee of the fire victims' fund determines that there are still thousands of

---

[2] It is also worth noting that the attorneys challenging the class proof of claim do not appear to represent any putative class members. In a typical class action lawsuit, this means they would lack standing to challenge any proposed class resolution. *See In re First Capital Holding Corps. Fin. Prods. Sec. Litig. (In re First Capital)*, 33 F.3d 29, 30 (9th Cir. 1994) (only "an aggrieved class member" has standing to object to proposed settlement); *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F.Supp.2d 1021, 1032 (N.D. Cal. 1999) ("nonclass members have no standing to object to the settlement of a class action" (citation omitted)).

Case: 19-30088  Doc# 6716  Filed: 04/09/20  Entered: 04/09/20 11:19:13  Page 3 of 8 (DM)

victims who were not adequately represented, the Trustee could then use the class claims procedures to try to contact and then compensate those unrepresented claimants.

Permitting the class proof of claim to remain for the time being would not result in any prejudice suffered by any interested party to this proceeding. GER has not sought to have any class certified; it has not requested this Court to approve its class proof of claim; it has not slowed down any of the proceedings; it has not interfered in any way with the progress of this bankruptcy. In short, there will be no prejudice to simply maintain the status quo in case there is, at some future date, a good reason to employ a class claim under the direction of the Trustee.

No one is prejudiced by leaving this class proof of claim sitting in the background to be used only if necessary to do justice to those people who, for one reason or another, did not understand the process and therefore did not file individual claims. If the Plan is confirmed, the Fire Victim Trustee and Claims Administrator will be determining the best way to expeditiously and fairly compensate victims of PG&E's fires.[3] They are neutrals who do not have a financial interest in the outcome of the bankruptcy proceedings, and they will be best positioned to determine whether and when a class mechanism may be usefully employed to carry out their objective in equitably distributing and allocating the funds in the Trust to the fire victims. As explained above, there is no bias to any party by deferring the decision on the use of a class proof of claim until the Fire Victim Trustee and Claims Administrator are in a position to determine whether such a claim is useful. On the other hand, granting the motion now would deprive the Fire Victim Trustee and Claims Administrator of the use of such a tool, and deprive potential class members of the opportunity to receive fair compensation for their losses.[4]

Here, there will be a limited fund, to be allocated among tens of thousands of competing claimants- with an estimated over 10,000 of these who do not have their own lawyers. Expunging

---

[3] Even if the Plan is not confirmed, it is reasonable to assume any future proposed Plan of Reorganization will likely include a functionally similar role. The uncertainty of the Plan's confirmation is only another reason that this Motion is premature.

[4] It is similarly premature for this Court to determine whether the proposed class proof of claim satisfies the requirements of Fed. R. Civ. P. 23 or Fed. R. Bankr. P. 7023, as there is no pending motion for class certification. Similarly, GER Hospitality has not yet requested this Court to apply Fed. R. Civ. P. 7023, and it is similarly premature for the Court to decide whether later application of the rule may be appropriate. *See* Fed. R. Bankr. P. 9014. GER Hospitality should have the opportunity to brief and be heard on those questions at an appropriate time.

| | |
|---|---|
| 1 | a class claim now could have the negative consequence of chilling the utilization of class |
| 2 | concepts to ensure fair treatment of all claimants and the most equitable use of the Fire Victims |
| 3 | Fund. |
| 4 | **B.   Total Expungement is Not the Appropriate Remedy.** |
| 5 | For the reasons set forth above, the Court should deny the Motion in its entirety. However, |
| 6 | if the Court is inclined to grant the motion, expungement of the claim in its entirety (as Movants |
| 7 | request) is not an appropriate remedy. GER Hospitality suffered losses from a PG&E-caused fire, |
| 8 | and filed a timely proof of claim in the bankruptcy proceeding, individually and behalf of others |
| 9 | similarly situated. There is no basis for Movants to ask the Court to expunge GER Hospitality's |
| 10 | individual claim, even if the Court does not find that the use of a class proof of claim is |
| 11 | appropriate. Accordingly, if the Court is inclined to grant the Motion, it should not expunge the |
| 12 | proof of claim in its entirety but instead order that it proceed solely on an individual basis. |
| 13 | /// |
| 14 | /// |
| 15 | /// |

## III. CONCLUSION

For the above-stated reasons, GER respectfully suggests that because the Objecting Claimants lack Article III standing, their motion should be denied. However, even if the Objecting Claimants cure their standing problem, nevertheless their motion should still be denied because it is premature. If and when GER requests permission form this Court to proceed with its state-court pleaded class, this Court may then set a hearing and rule on the propriety of such a class proof of claim. In any event, the Court should not expunge the claims GER Hospitality has brought on an individual basis seeking compensation for the losses it has suffered.

Dated: April 9, 2020

By: /s/ Francis O. Scarpulla
Francis O. Scarpulla

Francis O. Scarpulla (SBN 41059)
Patrick B. Clayton (SBN 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Email: fos@scarpullalaw.com
pbc@scarpullalaw.com

Jeremiah F. Hallisey (SBN 40001)
HALLISEY & JOHNSON, PC
465 California Street, Suite 405
San Francisco, CA 94104
Telephone: (415) 433-5300
Email: jfhallisey@gmail.com

Attorneys for Creditors
GER HOSPITALITY, LLC

# CERTIFICATE OF SERVICE

I, Francis O. Scarpulla, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is 456 Montgomery Street, 17th Floor, San Francisco, CA 94014.

On April 9, 2020, I served document(s) described as:

**OPPOSITION TO MOTION TO EXPUNGE CLASS PROOF OF CLAIM**

on the interested parties in this action as follows:

[ ] BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth above.

[X] BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for all parties and counsel who are registered ECF Users and those identified below:

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on April 9, 2020 at San Francisco, California.

        /s/ Francis O. Scarpulla
        Francis O. Scarpulla