1    **WEIL, GOTSHAL & MANGES LLP**            **KELLER BENVENUTTI KIM LLP**
     Stephen Karotkin (*pro hac vice*)          Tobias S. Keller (#151445)
2    (stephen.karotkin@weil.com)                (tkeller@kbkllp.com)
     Theodore E. Tsekerides (*pro hac vice*)    Peter J. Benvenutti (#60566)
3    (theodore.tsekerides@weil.com)             (pbenvenutti@kbkllp.com)
     Jessica Liou (*pro hac vice*)              Jane Kim (#298192)
4    (jessica.liou@weil.com)                    (jkim@kbkllp.com)
     Matthew Goren (*pro hac vice*)             650 California Street, Suite 1900
5    (matthew.goren@weil.com)|                  San Francisco, CA 94108
     767 Fifth Avenue                           Tel:    (415) 496-6723
6    New York, NY 10153-0119                    Fax:    (415) 636-9251
     Tel: 212 310 8000
7    Fax: 212 310 8007

8    *Attorneys for Debtors and Debtors in Possession*

9                    **UNITED STATES BANKRUPTCY COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
10                      **SAN FRANCISCO DIVISION**

11
     **In re:**                                 Case No. 19-30088 (DM)
12                                               Chapter 11
     **PG&E CORPORATION,**                       (Lead Case)
13                                               (Jointly Administered)
             **- and -**
14                                               **DEBTORS' MOTION PURSUANT TO FED. R.**
     **PACIFIC GAS AND ELECTRIC**                **BANKR. P. 4001(d) TO APPROVE**
15   **COMPANY,**                                **STIPULATION BETWEEN PACIFIC GAS**
                                                 **AND ELECTRIC COMPANY AND RICHARD**
                            **Debtors.**         **TROCHE, ROBERT RIGLEY, STEVE**
16                                               **FREDIANI, AND MICHAEL DION FOR**
     ☐  Affects PG&E Corporation                 **LIMITED RELIEF FROM THE AUTOMATIC**
17   ☒  Affects Pacific Gas and Electric Company **STAY**
18   ☐  Affects both Debtors
                                                 **Objection Deadline**:  April 30, 2020
19   * *All papers shall be filed in the Lead Case,*              4:00 p.m. (Pacific Time)
     *No. 19-30088 (DM).*
20                                               **No hearing requested absent timely objection.  If**
                                                 **timely objection is filed, hearing reserved for:**
21
                                                 Date:  May 27, 2020
22                                               Time:  10:00 a.m. (Pacific Time)
                                                 Place:  United States Bankruptcy Court
23                                                        Courtroom 17, 16th Floor
                                                        San Francisco, CA 94102
24
25
26
27
28

*Weil, Gotshal & Manges LLP*
*767 Fifth Avenue*
*New York, NY  10153-0119*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1    PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the

2  "**Utility**", and together with PG&E Corp., the "**Debtors**"), as debtors and debtors in possession in

3  the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the

4  "**Motion**"), pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy**

5  **Code**"), Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

6  and Rule 4001-1 of the Bankruptcy Local Rules for the United States District Court for the

7  Northern District of California (the "**Bankruptcy Local Rules**"), for approval of an agreement

8  between the Utility, on the one hand, and Richard Troche, Robert Rigley, Steve Frediani, and

9  Michael Dion (collectively, the "**Prospective Plaintiffs**", and together with the Utility, the

10 "**Parties**"), on the other hand, as embodied in the *Stipulation Between Pacific Gas and Electric*

11 *Company and Richard Troche, Robert Rigley, Steve Frediani, and Michael Dion for Limited*

12 *Relief from the Automatic Stay* (the "**Stipulation**"), a true copy of which is attached hereto as

13 **Exhibit A**, by issuance of an order in the form attached hereto as **Exhibit B** (the "**Proposed**

14 **Order**").

15    In support of the Motion, the Debtors submit the Declaration of Theodore E.

16 Tsekerides (the "**Tsekerides Declaration**"), filed contemporaneously herewith.

17

18

19

20

21

22

23

24

25

26

27

28

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

The Debtors filed these Chapter 11 Cases on January 29, 2019. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## III. THE STIPULATION

The Prospective Plaintiffs each seek to commence individual lawsuits (collectively, the "**Prospective Lawsuits**", and each individually, a "**Prospective Lawsuit**") in the Superior Courts of the State of California (the "**State Courts**") in order to pursue their respective claims against the Utility allegedly arising out of the Utility's termination of their employment. *See* Tsekerides Decl. ¶ 5. The Prospective Plaintiffs are each separately also currently engaged in grieving their dismissals under contractually-mandated dispute resolution procedures provided for in the current collective bargaining agreement ("**CBA**") between the Utility and the International Brotherhood of Electrical Workers, Local 1245 (the "**Union**"). *See* Tsekerides Decl. ¶ 5.

Pursuant to section 362(a) of the Bankruptcy Code, the automatic stay prohibits the Prospective Plaintiffs from commencing the Prospective Lawsuits. The Prospective Plaintiffs have requested that the Utility agree to modify the automatic stay in order to allow them to commence their Prospective Lawsuits, and have stated their intent to move before the Court for relief from the automatic stay if an agreement with the Debtors cannot be reached. *See* Tsekerides Decl. ¶ 6. The Debtors believe it is in the best interest of their estates to avoid the burden and cost that would be associated with opposing such motions for relief from the automatic stay. *See* Tsekerides Decl. ¶ 6.

The Parties have thus agreed, pursuant to section 362(d) of the Bankruptcy Code, to seek modification of the automatic stay for the limited purpose of allowing the Prospective Plaintiffs to commence and prosecute their individual Prospective Lawsuits and liquidate their claims, including for the purpose of the determination, but not the collection, of any money judgments in such proceedings.

The Parties have further agreed that, unless and until further order of the Court, the automatic stay shall continue to apply to the enforcement of any money judgments awarded in the Prospective Lawsuits, and that, absent further order of the Court and for good cause shown, the Prospective Plaintiffs each shall seek to recover any such money judgment only through the claims process in these Chapter 11 Cases and in accordance with any plan of reorganization confirmed in these Chapter 11 Cases.[1]

## IV.   BASIS FOR RELIEF REQUESTED

Limited relief from the automatic stay as provided in the Stipulation is appropriate under section 362 of the Bankruptcy Code.  Section 362(d)(1) authorizes a court to modify or terminate the stay for "cause."  "Cause" for purposes of granting relief from stay "has no clear definition and is determined on a case-by-case basis."  *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted).  In determining whether such cause exists to permit an action to proceed in a non-bankruptcy forum, courts analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *see also In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Howrey LLP*, 492 B.R. 19, 24 (Bankr. N.D. Cal. 2013); *In re Plumberex Specialties Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004).  The twelve *Curtis* factors are:  (1) whether the relief will result in partial or complete resolution of issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and whether the tribunal has expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

---

[1] Each of the Prospective Plaintiffs has timely filed in these Chapter 11 Cases proofs of claim relating to their claims against the Utility.  *See* Claim No. 68867 (Richard Troche), Claim No. 77331 (Robert Rigley), Claim No. 62282 (Steve Frediani), Claim No. 77268 (Michael Dion).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

(6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f); (10) the interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to a point where the parties are prepared for trial; and (12) the impact of the stay and the "balance of hurt."

In the Court's recent *Memorandum Decision Regarding Motion for Relief From Stay*, dated Feb. 25, 2020 [Dkt. No. 5893] (the "**Hearn Decision**"), it granted Todd Hearn's ("**Hearn**") *Motion for Relief from Automatic Stay*, dated Nov. 20, 2019 [Dkt. No. 4820], finding that the relevant *Curtis* factors weighed in Hearn's favor. Similar to the relief sought by the Prospective Plaintiffs here, Hearn had requested relief from the automatic stay to pursue claims against the Utility allegedly arising out of the Utility's termination of his employment. Also like the Prospective Plaintiffs, Hearn sought such relief while simultaneously grieving his dismissal under the dispute resolution procedures provided for in the CBA. Based on the Court's Hearn Decision, the Debtors believe that the stay relief proposed in the Stipulation is appropriate.[2]

For these reasons, the Stipulation provides material benefits to the Debtors and their estates, has been authorized by the Debtors in the exercise of their business judgment, and is in the best interest of the Debtors, their estates, and their creditors. *See* Tsekerides Decl. ¶ 7.

## V. NOTICE

Notice of motions to approve agreements to modify or terminate the automatic stay is governed by Bankruptcy Rule 4001(d)(1)(C), Bankruptcy Local Rule 9014-1(b)(3), and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* entered by this Court

---

[2] The Debtors note that, while the analysis of the *Curtis* factors for purposes of assessing a request for relief from the automatic stay is similar as relates to Hearn and the Prospective Plaintiffs, many of the factual circumstances and legal theories relating to each those former employees' underlying individual claims against the Utility differ greatly from one another. The Debtors reserve all of their rights, arguments and defenses as relates to the underlying claims asserted, and to be asserted, by Hearn and the Prospective Plaintiffs.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  on May 13, 2019 [Docket No. 1996].

2  Bankruptcy Rule 4001(d)(1)(C) specifies that notice of a motion such as this must be

3  served on any official committee and on any other entity that the Court directs.  Notice here will be

4  given much more broadly than as required by that Rule.  Notice of this Motion will be provided to

5  (1) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy

6  Laffredi, Esq.); (2) counsel to the Official Committee of Unsecured Creditors; (3) counsel to Official

7  Committee of Tort Claimants; (4) the Securities and Exchange Commission; (5) the Internal Revenue

8  Service; (6) the Office of the California Attorney General; (7) the California Public Utilities

9  Commission; (8) the Nuclear Regulatory Commission; (9) the Federal Energy Regulatory

10 Commission; (10) the Office of the United States Attorney for the Northern District of California;

11 (11) counsel for the agent under the Debtors' debtor in possession financing facility; (12) counsel for

12 the Prospective Plaintiffs; and (13) those persons who have formally appeared in these Chapter 11

13 Cases and requested service pursuant to Bankruptcy Rule 2002, or who, by virtue of their counsel

14 being registered electronic filers in this District, automatically receive this and other papers through the

15 Court's ECF system.  The Debtors respectfully submit that no further notice is required.  No previous

16 request for the relief sought herein has been made by the Debtors to this or any other court.

17 WHEREFORE the Debtors respectfully request entry of an order granting the relief

18 requested herein and such other and further relief as the Court may deem just and appropriate.

19

20 Dated: April 9, 2020

21 WEIL, GOTSHAL & MANGES LLP
   KELLER BENVENUTTI KIM LLP

22 /s/  Theodore E. Tsekerides

23 Theodore E. Tsekerides

24 *Attorneys for Debtors and Debtors in Possession*

25

26

27

28