William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**WILLIAM B. ABRAMS JOINDER TO AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING (I) AGREEMENT AND SETTLEMENT WITH PEOPLE OF THE STATE OF CALIFORNIA AND (II) GRANTING RELATED RELIEF [Dkt. No. 6418]**<br><br>**Hearing:** Telephonic Appearances Only<br>Date: April 14, 2020<br>Time: 10am PST<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA, 94102 |

**PLEASE TAKE NOTICE** that on April 9, 2020 the Official Tort Claimant Committee filed the "Amended Limited Objection and Reservation of Rights of The Official Committee of Tort Claimants to Motion of Debtors for Entry of an Order Approving (I) Agreement and Settlement with People of the State of California and (II) Granting Related Relief" [Dkt. 6713]. Within that motion it was stated that "*The TCC believes this double trust duplicative payment is an intentional move to receive an improper advisory opinion from the Court that the definition of "Fire Claim" in the TCC RSA, and the definition of "Fire Victim Claims" in the plan includes criminal fines and penalties.*"

**PLEASE TAKE FURTHER NOTICE** that I am in support of this amended objection. It is clear that the debtors intend to alter this provision within the RSA in keeping with an overall attempt to renegotiate and leverage the victim trust to protect Pacific Gas and Electric (PG&E) corporate and investor interests. If the court permits this slight-of-hand, the debtors will surely continue to misapply this language and hoist the growing number of fines and penalties onto the victim trust. Given the demonstrated proclivity of PG&E to behave in a negligent way void of sound business judgement, victims should expect further reductions of their trust with every transgression and subsequent fine.

**PLEASE TAKE FURTHER NOTICE** that this repositioning of the fine from the victim trust to the subrogation claims does not begin to go far enough in terms of remedy for the debtors. The immorality and lack of ethical standards demonstrated by the debtors attempt to have victims pay for their manslaughter charges is just one more reason why their plan of reorganization needs to directly address these ethical lapses.

**PLEASE TAKE FURTHER NOTICE** that the Pacific Gas and Electric Corporation Code of Conduct has not been updated since August, 2013. Please, also consider that Ms. Kane, Chief Ethics and Compliance Officer has held her position since 2015 before these manslaughter charges, before the 2017 PG&E North Bay Fires, before the 2018 PG&E Butte County Fires and before the falsification of safety documents (euphemistically called "locate and mark") as well as through many other ethical/criminal lapses for the corporation. Please, also consider that under cross-examination on March 2, 2020, Ms. Kane, PG&E Chief Ethics and Compliance Officer in response to my question on whether or not the corporate code of ethics would be updated as part of their plan or

reorganization indicated "*It's actually not something I have contemplated. I don't know that others are.*"[1]

**PLEASE TAKE FURTHER NOTICE** that given this pattern of unethical corporate stances the debtors have taken, it should be incumbent upon them as a condition of the bankruptcy process to ensure that the plan of reorganization includes a complete rework of their corporate code of conduct and associate business practices. These issues are currently NOT addressed anywhere in the plan of reorganization. Furthermore, it is crystal clear that the leadership surrounding ethical decision-making processes for the company needs to be overhauled. Simply stated, it cannot be an expectation of the court that the issues associated with the criminal convictions including 85 counts of manslaughter have been dealt with sufficiently through a simple reassignment of who pays the fine from one claimant class to another. I strongly urge the court to not forego an opportunity to course correct the debtors who have strayed so far from any sense of justice, fairness or corporate ethics.

Dated: April 10, 2020

Respectfully submitted,

William B. Abrams
Claimant

---

[1] See California Public Utilities Commission, Proceeding I.19-09-016, March 2, 2020 hearing, page 846