Entered on Docket
April 10, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: April 10, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:  April 14, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 17<br>          450 Golden Gate Ave.<br>          16th Floor<br>          San Francisco, CA |

## TENTATIVE RULING REGARDING MOTION TO APPROVE SETTLEMENT

Debtors filed a motion for approval of a settlement with the people of the state of California (the "Motion") (dkt. #6418) on March 23, 2020. The Official Committee of Tort Claimants ("TCC") opposed (the "Objection") (dkt. #6713) and two parties joined the Objection.[1] Debtors have replied (dkt. # 6732) . Having considered all the relevant pleadings,

---

[1] The court will not address the specifics of these objections as they go beyond what Debtors seek.

-1-

the court issues this tentative ruling to grant the Motion prior to the scheduled hearing on April 14, 2020.

The TCC's operative concerns appear to be that entry of an order approving the Motion will implicitly approve Debtors' definition of 'fire claimant' and, relatedly, that criminal fines or penalties assessed against Debtors could be drawn from the Fire Victim Trust. First, this court has no intention of allowing any criminal fines or penalties to be paid out of the funds intended for fire victims, or from the Fire Victim Trust, directly or indirectly. Debtors have indicated, and the TCC acknowledges, that the funds to pay Butte County to implement this settlement will come from the subrogation claimants instead of the fire claimants, and this is satisfactory to the court. Further, the court sees no need to adopt either party's definition of 'fire claimant' or to endorse the unnecessary rhetoric going back and forth. Instead, the court is prepared to grant the Motion as a valid exercise of Debtors' business judgment, and as satisfactory under Federal Rule of Bankruptcy Procedure 9019, subject to the clarification noted below.

Some things not only have to be right, but they have to look right. Telling fire victims that their money will be used to pay criminal fines and penalties does not look right even if digging through the RSA or the Plan would lead to that literal result. Nor does saying to people who lost their homes and their loved ones that $4 million is "de minimis." This not only looks wrong, it *is* wrong. The Debtors need to pay their agreed debt for their criminal wrongs consistent with the following statement from their reply, but without the bolded language indicated. If deleting just five words will jeopardize the financing, the Plan, the RSAs and all of the other things that need to keep this confirmation train on track, Debtors' counsel will need to explain it at the hearing.[2]

Should Debtors accept this tentative ruling, they are to notify this court's courtroom deputy by 12:00 p.m. (PDT) on Monday, April 13, 2020 and the matter shall be dropped from

---

[2] Counsel should simply delete the bolded words from Debtors' Reply at 3:12-13:

> "The Debtors arranged to have an additional $4 million funded **to the Fire Victim Trust** from the interest earned on the distribution to be made to the Subrogation Wildfire Trust."

-2-

calendar.  The proposed form of order should state the specific sources of funding for the approved settlement (consistent with this tentative ruling) and disclaim any definitions of 'fire claimant.'  The TCC is to approve the form of order.

**\*\*\* END OF TENTATIVE RULING\*\*\***