

Signed and Filed: April 13, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:    April 14, 2020<br>Time:    10:00 AM<br>Place:   Courtroom 17<br>          450 Golden Gate Ave.<br>          16th Floor<br>          San Francisco, CA |

### ISSUES FOR COUNSEL TO ADDRESS AT THE APRIL 14 HEARING ON THE TCC STANDING MOTION

The briefing to date raises myriad issues that appear to go far beyond the initial request by the TCC in its Standing Motion ("Motion"). There is no need to revisit them now. It is enough to state that the Debtors and the TCC are at odds over what is at stake in the Motion and what applicable insurance issues control; the TCC and the Lead Plaintiff are at odds over whether

-1-

the absolute priority rule has any relevance, and what each wishes to gain by the Motion. What seems missing from the discussion, however, are the following threshold questions that trouble the court and tempt it to do nothing but deny the Motion and await further developments.

First, motions to dismiss by the non-debtor defendants have been submitted for decision by Judge Davila in the Securities Litigation. The parties have represented to this court (although this court has not examined those papers to confirm) that defendants there have not argued that the claims are derivative. Or stated differently, as Debtors now argue, the more precise issue is whether the Securities Litigation Claims are property of the Debtors or of the present and former securities holders (See Dkt. No 6739, at fn. 3).

If this court allows the TCC to prosecute its proposed Complaint for Declaratory Judgment (Dkt. No. 5972-2) in this court, what happens if there are inconsistent outcomes? Stated specifically, if Judge Davila denies the pending motions to dismiss, is he implicitly if not explicitly concluding that the Plaintiffs' claims there are direct claims and thus not the Debtors' property? Could that be reconciled with a ruling here that the claims are the Debtors' derivative claims, and can be assigned to the TCC?

Next, the Securities Litigation is stayed as to the Debtors, so what purpose would be served by the proposed Complaint that seeks injunctive relief under 11 U.S.C. § 362(a)(3)? And on a related point, if all that is presently

Case: 19-30088    Doc# 6742    Filed: 04/13/20    Entered: 04/13/20 09:13:06    Page 2 of 4

prosecuted in that action are claims against non-debtors, where is there jurisdiction, or even a good reason, to enjoin at all?

More importantly, over the objection of the Lead Plaintiff, this court denied its FRCP 23 motion and authorized a process that is still pending, namely the assertion of direct claims against the Debtors under Securities and Securities Exchange laws. At present there is no information available to the court as to who and how many claimants have come forth. How, therefore, can the TCC justify seeking to press an unfiled action against known defendants who are not pressing their claims against the Debtors, but not including in their proposed action the real (and presently unknown) parties who would be asserting claims against the Debtor? A ruling either way on the Complaint would not bind those unknown claimants.

Finally, the TCC makes the problem more circular and more unsolvable at present by invoking the absolute priority rule notwithstanding the uncontroversial proposition that all claims that are or will be asserted by the Securities and Securities Exchange law claimants are subordinated under 11 U.S.C. § 510(b), to the extent that are against the Debtors. As asserted against present or former officers and directors or investment bankers the absolute priority has no application.

At the April 14 hearing at 10:00 AM, counsel for the TCC and for the Securities Plaintiffs will each have thirty minutes for oral argument, including time for rebuttal by the TCC. Counsel for Debtors and for the OCUC will have a total of thirty minutes, to be shared as they agree.

Case: 19-30088    Doc# 6742    Filed: 04/13/20    Entered: 04/13/20 09:13:06    Page 3 of 4

All parties should understand that unless something remarkable straightens out this very confusing and somewhat circular mess, the court will deny the Motion, wait for the extended claims deadline to pass, for Judge Davila to rule and for the assignment of claims to the TCC to become effective. If in the meantime the Debtors move for approval of any settlement of some or all of the district court Securities Litigation, or related claims implicating their D & O coverage, the TCC and all other interested parties will be provided a right to be heard under FRBP 9019.

***END OF ORDER***