Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:  415.659.2600
Facsimile:  415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:  esagerman@bakerlaw.com
Email:  lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:  407.649.4036
Facsimile:  407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>      **Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENT TO THE APPLICATIONS OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY HON. JOHN K. TROTTER (RET.) AS TRUSTEE AND CATHY YANNI AS ADMINISTRATOR *NUNC PRO TUNC* TO JANUARY 13, 2020 THROUGH THE EFFECTIVE DATE OF THE RESOLUTION TRUST AGREEMENT (Relates to Dkt. Nos. 5723, 5724, 5726, 5727, 5967 & 5976)**<br><br>Date: April 14, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Telephonic Appearances Only**<br>Objection Deadline: Passed |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAB FRANCISCO, CA

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this supplement (the "**Supplement**") to the (1) *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee Nunc Pro Tunc to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement* (the "**Trotter Application**") (Dkt. No. 5726), and (2) *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement* (the "**Yanni Application**" and together with the Trotter Application, the "**Applications**") (Dkt. No. 5723) to address the issues raised by the (1) Debtors (Dkt. Nos. 5994 & 6614), (2) certain California state agencies (the "**California State Agencies**") (Dkt. Nos. 6030 & 6032), (3) Napa Recycling & Waste Services, LLC, Napa County Recycling & Waste Services, LLC, Northern Holdings, LLC, Northern Recycling and Waste Services, LLC, Paradise Unified School District, and Paradise Irrigation District (Dkt. No. 6534), (4) Adventist Health System/West and Feather River Hospital (Dkt. No. 6567), and AT&T Corp. (Dkt. No. 6580). In support of the Supplement, the TCC respectfully states as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). The Debtors filed the Cases *for the*

*sole purpose of addressing and paying wildfire claims. See e.g.* Declaration of Jason P. Wells in Support of First Day Motions and Related Relief ("The chapter 11 filings were necessitated by a confluence of factors resulting from the catastrophic and tragic wildfires that occurred in Northern California in 2017 and 2018, and PG&E's potential liabilities arising therefrom") [Dkt. No. 28].

3. On February 11, 2020, the TCC filed the Applications for approval of the retentions of the Honorable John K. Trotter (Ret.) ("**Justice Trotter**") as trustee of the claims resolution trust (the "**Trust**") and Cathy Yanni ("**Ms. Yanni**") as administrator of the Trust *nunc pro tunc* to January 13, 2020 and terminating on the effective date (the "**Effective Date**") of the Trust. Justice Trotter, Ms. Yanni, and other parties in the Cases have been working towards the formulation of claims resolution procedures for the Trust since January 2020.

4. On February 21, 2020, the TCC filed a Proposed Claims Resolution Procedures Summary (Dkt. No. 5873) ("**CRP Summary**").

5. On March 2, 2020, the Debtors filed the Statement with Respect to the Official Committee of Tort Claimants' Applications to Retain and Employ Cathy Yanni as Claims Administrator and the Hon. John K. Trotter (Ret.) as Trustee for the Fire Victims Trust (the "**Debtors' First Statement**") (Dkt. No. 5994).

6. On March 3, 2020, the California State Agencies filed the Reservation of Rights on Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement (Dkt. No. 6030. The California State Agencies also filed a similar reservation of rights regarding the Trotter Application (Dkt. No. 6032) (the "**California State Agencies Reservations of Rights**").

7. On March 6, 2020, the Court entered a docket text order directing the Debtors and TCC to "meet and confer about a reasonable cap and budget dealing with fees, costs and expenses to be incurred." The Court also stated that if the parties were unable to agree "the TCC may restore these applications to the next PG&E calendar."

8. On March 25, 2020, after the Debtors and TCC were unable to reach an agreement regarding a cap and budget, the TCC filed the Request for Hearing on Applications of the Official

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement (the "**Request for Hearing**") (Dkt. No. 6486). The hearing was set for April 7, 2020.

9. On March 31, 2020, the Paradise Irrigation District, Paradise Unified School District, Northern Recycling & Waste Services, LLC/Northern Holdings, LLC and Napa County Recycling & Waste Services, LLC/Napa Recycling & Waste Services, LLC filed the Reservation of Rights with Respect to Request for Hearing on Applications of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement (the "**Paradise Reservation**") (Dkt. No. 6534).

10. On March 31, 2020, the Adventist Health System/West and Feather River Hospital D/B/A Adventist Health Feather River filed the Reservation of Rights Re: Request for Hearing on Applications of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement (the "**Adventist Reservation**") (Dkt. No. 6567).

11. On April 1, 2020, AT&T Corp. filed the Reservation of Rights with Respect to Request for Hearing on Applications of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 Through the Effective Date of the Resolution Trust Agreement (the "**AT&T Reservation**" and together with the Paradise Reservation and Adventist Reservation, the "**Creditor Reservations**") (Dkt. No. 6580).

12. On April 3, 2020, the Debtors filed their Statement with Respect to the TCC's Request for a Hearing on the Proposed Budget for the Hon. John K. Trotter (Ret.) as Trustee for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

the Fire Victim Trust and Cathy Yanni as Claims Administrator (the "**Debtors' Second Statement**" and together with the Debtors' First Statement, the "**Debtors' Statements**") (Dkt. No. 6614).

### III. SUPPLEMENT TO THE APPLICATIONS

13. The TCC filed the Applications because it is imperative that the wildfire victims (the "**Wildfire Victims**") be compensated as quickly as possible following the Effective Date of the Plan (defined below). This is particularly true given that there is a real possibility that the Effective Date of the Plan could be December 30, 2020 as contemplated by the Contingency Procedures (Dkt. No. 6398) and the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 (the "**Plan**") (Dkt. No. 6320). Regardless of whether the Effective Date is August 29, 2020 or later, the fastest and most expedient way to get money into the hands of the victims is to begin the claims process immediately. There are in excess of 82,000 claims, asserting numerous categories of damages, that need to be reviewed, analyzed for duplication and categorized by type of damages. Moreover, the facts of each claim must be reviewed to determine the amount of the claims. Attached hereto as Exhibit "A" is the Declaration of BrownGreer, PLC ("**BrownGreer**") which sets forth the process that will need to take place to begin the claims evaluation process so that distributions can be made to the victims of PG&E's negligent and/or criminal conduct as quickly as possible after the Effective Date.

14. The CRP Summary provides preliminary information on how the 82,000 plus claims will be processed by the Trustee and the Claims Administrator post confirmation, including the types of claims that will be compensated from the Trust, how those claims will be valued, the documentation and information that will be necessary to support the claims, and the procedures that will be employed to process the claims. In order to develop these procedures, the Trustee and the Claims Administrator will need to develop a budget that takes into account more than twenty-five (25) categories of damages, the body of law relating to each category of damage, the facts and documents that will entitle a Wildfire Victim to be paid for a particular category of damage, and the approximate number of Wildfire Victims who hold claims in each category of damage. This process will necessitate the development of a claims database, claimant questionnaires and data

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

requests, analysis of insurance data, evaluation of valuation data and application of all of these datapoints to the claims on file, all of which is incredibly complex and will involve the retention of multiple professionals.

15. Justice Trotter, Ms. Yanni, their counsel Brown Rudnick LLP and BrownGreer have been working since January 13, 2020 to develop the Trust and CRP and have started the process of claims analysis. Among other steps, they have begun to develop a program database, an online web portal and a website. They have also started integration of third party data sources and curating the subrogation claim files repository. They have designed a claims questionnaire and identified types of documents required to support claims.

16. Justice Trotter and Ms. Yanni work for JAMS, one of the leading dispute resolution companies in the country. Justice Trotter, Ms. Yanni, BrownGreer and their professionals simply cannot continue to provide services without payment. Each have employees that need to be paid and without funding they cannot continue to work. Simply put, without their services now and through the Effective Date, there will be significant delay in distributions to Wildfire Victims. Depending on when the Effective Date ultimately occurs, distributions could be delayed until the fourth quarter of 2021, or even into 2022 or later. This means that the Wildfire Victims could potentially bear the risk of two fire seasons. [*See* Exhibit A]. Any further delay caused by the failure to get the distribution process in place well in advance of the Effective Date would create an undue hardship to the Wildfire Victims who have already suffered for years at the hands of PG&E, and who are supposed to be the very people meant to be promptly compensated through the filing of these Cases.

17. The budget prepared by Justice Trotter, Ms. Yanni and BrownGreer, and attached hereto as Exhibit "B" (and also attached to the Request for Hearing) was based upon their extensive knowledge and experience in handling mass tort trusts. Justice Trotter has extensive knowledge in handling mass tort cases including the 2007 San Diego Wildfire cases, Zyprexa I, Zyprexa II, Baycol, Rezulin, Vioxx, and Toyota Sudden Acceleration cases. Ms. Yanni's experience includes the 2007 San Diego Wildfire cases, Zyprexa I, Zyprexa II, Bextra, Vioxx, and Takata cases. Further, BrownGreer has administered claims in the National Cash Advance, Syngenta, Chinese

Drywall, Vioxx, Deep Water Horizon, and NFL Concussion settlements. Together, this "A Team" of professionals have examined the process that must take place, and, on their own time and without any present funding, already begun the foundational work necessary, in order for the Trust to be ready to make distributions and has carefully considered the proposed budget. In their collective opinion, the budget is what it will take for the Trust to become operational, to analyze claims and to prepare for distribution to the Debtors' victims.

18. The Debtors responded to the TCC's Request for Hearing on April 3, 2020 (Dkt. No. 6614) and stated that any budgetary amounts in excess of 2.5 million should reduce the Wildfire Victim's funding under the plan. However, the TCC respectfully submits that without the advance work required long before the Effective Date (and that is already meaningfully underway) to properly set up, administer, and operate the Trust and the accompanying claims process, the Wildfire Victims will not receive any compensation in a timeframe that would be meaningful for the devastating and catastrophic personal injuries and property losses that the Wildfire Victims have endured. The funds required are a minimum of what is required to advance this process and are significantly less than the fees charged by the Debtors' professionals for one month of work. While the TCC continues to believe that the Debtors should bear the entire expense of the process, the need for this important work outweighs this belief. Accordingly, the TCC, Justice Trotter and Ms. Yanni suggest the following budgetary terms set forth in paragraph number 19 below.

19. If the Court grants the Applications, the TCC will submit a revised proposed order that provides that the Debtors will fund $21,802,777.00 as follows[1]:

    A. $2,500,000.00 will be paid to Ms. Yanni and Justice Trotter within three (3) business days of entry of the order approving the Applications. This amount shall not reduce the Wildfire Victims' distribution under the Plan.

    B. An additional $5,000,000.00 shall be paid within three (3) business days of the entry of the order. The Wildfire Victims' distribution will be reduced by this amount.

---

[1] The proposed order will also provide that BrownGreer will be paid 2,500,000.00 for fees related to the claims process under the September 17, 2019 Order Re: The Production of the Brown Greer Database (Dkt. No. 3922), for work performed prior to January 1, 2020. This amount is not related to Trust work, but will be included in the proposed order in order to provide agreed upon payment to BrownGreer.

C. $4,767,593.00 shall be paid by the Debtors on or before May 15, 2020. The Wildfire Victims' distribution will be reduced by this amount.

D. $4,767,592.00 shall be paid on or before June 30, 2020. The Wildfire Victims' distribution will be reduced by this amount.

E. $4,767,592.00 shall be paid on or before July 31, 2020. The Wildfire Victims' distribution will be reduced by this amount.

F. If the Effective Date has not occurred by August 29, 2020 the Debtors shall make further advances in the amount of $5,300,000.00 on the first day of each month until the Effective Date. These amounts will reduce the Wildfire Victims' distribution.

20. The payments to be made within three (3) business days from the date of entry of the order are extremely critical to the process. As set forth in the BrownGreer declaration, these funds are required to hire employees who will begin the process of developing the claims analysis. Any delay will impact the ability of the Trust to move forward quickly.

21. The payments in paragraph 19 above will terminate if the Wildfire Victims do not accept the Plan at the conclusion of the confirmation hearing, if the Plan is not confirmed, or if the Plan fails to become Effective.

22. Justice Trotter will review the payments to be made to the various professionals and approve the payments. Beginning on May 15, 2020 and on the 15th day of each month thereafter, Justice Trotter will file with the Court a list of payments together with a certification that the payments were reasonable and necessary. Justice Trotter will provide the Debtors, United States Trustee, and each official committee with copies of the payments and certifications.

23. In addition to the Debtors' Statements, certain creditors filed the Creditor Reservations. The Creditor Reservations relate to the Trust provisions and the CRP. The work that is going to be performed relates to analysis of the facts concerning the claims and will not prejudice these parties. The proposed order will provide that nothing therein and no action taken by the TCC, Trustee, or the Claims Administrator, shall prejudice the rights of any parties in interest to timely object to the Trust, the Wildfire Victims' Trust agreement, the CRP or the Plan.

## IV. NOTICE

24. Notice of this Supplement will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, (a) authorizing the retention of Justice Trotter and Ms. Yanni *nunc pro tunc* to January 13, 2020; and (b) granting such other and further relief as is just and proper.

Dated: April 13, 2020

BAKER & HOSTETLER LLP

By: */s/ Elizabeth A. Green*

*Counsel for Official Committee of Tort Claimants*