Signed and Filed: April 14, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:     415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone:    310.820.8800
Facsimile:     310.820.8859
Email: esagerman@bakerlaw.com
Email: lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. §§ 1103 AND 363 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY CATHY YANNI AS CLAIMS ADMINISTRATOR** *NUNC PRO TUNC* **TO JANUARY 13, 2020**<br><br>[Relates to Dkt. 5723-5725, 5967, 6486] |

Upon the Application, filed February 11, 2020, [Dkt No. 5723] (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") appointed in the chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Cathy Yanni ("**Ms. Yanni**") as claims administrator for the Fire Victim Trust, *nunc pro tunc* to January 13, 2020 and the Request for Hearing [Dkt No. 6486] (the "**Hearing Request**") on Applications of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain And Employ Hon. John K. Trotter (Ret.) as Trustee and Cathy Yanni as Claims Administrator *nunc pro tunc* to January 13, 2020, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Local Rules**"); and consideration of the Application and the Hearing Request and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application and of the Hearing Request as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Hearing Request and the Yanni Declaration and Supplemental Declaration, and all responsive pleadings filed with respect to the Application; and this Court having issued docket text orders with respect to the Application on March 6, 2020 indicating that the Court would approve the Application and ordering the Debtors and the TCC to meet and confer on a reasonable cap and budget dealing with fees, costs and expenses to be incurred; and it appearing that the relief requested in the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application, or in the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (as amended or modified, the "**Plan**"), as applicable.

Application, as modified herein, reflects the understanding reached between the Debtors and the TCC with respect to the fees, costs and expenses to be incurred; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause and basis, including under 11 U.S.C. § 363, appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved solely to the extent set forth herein.

2. Ms. Yanni shall be retained as the claims administrator of the Fire Victim Trust *nunc pro tunc* to January 13, 2020 and ending on the earliest to occur of (i) the voting deadline if the Classes of Fire Victim Claims do not vote to accept the Plan, (ii) at the conclusion of the confirmation hearing if the Court does not enter an order confirming the Plan, and (iii) the Effective Date of the Plan (the period of Ms. Yanni's engagement shall be the "**Engagement Term**").

3. Ms. Yanni is authorized during the Engagement Term to retain such appropriate professionals and administrative staff as she may deem necessary to assist her in the performance of her services as set forth in the Application, the Hearing Request and subject to the Budget (such professionals and administrative staff retained by Ms. Yanni and by the FVT Trustee (as defined below) the "**Trust Professionals**"). Such Trust Professionals may be retained effective as of the date such professional or administrative staff began work for Ms. Yanni as proposed claims administrator of the Fire Victim Trust. Ms. Yanni may retain the same Trust Professionals as Hon. John K. Trotter (ret.) or may retain such professionals jointly with him. No applications for the retention of the Trust Professionals shall be required to be filed with the Court

4. Ms. Yanni and the Trust Professionals shall be compensated solely for reasonable and necessary fees and reimbursed for reasonable and necessary expenses incurred during the Engagement Term in accordance with and subject to the budget attached hereto as **Exhibit A** (the "**Budget**"), which provides for the estimated fees and expenses to be incurred by Ms. Yanni and the Honorable John K. Trotter (Ret.) (the "**FVT Trustee**") and the Trust Professionals retained by both of them as described in the Hearing Request and Budget, subject to the provisions of this Order.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5. Pursuant to the *Order Re: The Production of the BrownGreer Database* [Dkt. No. 3922] entered on September 17, 2019 (the "**BrownGreer Order**"), the Debtors are authorized and directed to pay no later than 3 business days from entry of this Order (which payment is hereby ratified, approved and confirmed on a final basis) $2,500,000.00 on account of all reasonable and documented fees, costs, and out-of-pocket expenses of BrownGreer PLC for services rendered prior to January 1, 2020. Such payment to BrownGreer is an obligation of the Debtors pursuant to the BrownGreer Order, is unrelated to the Fire Victim Trust and accordingly is not accounted for in the Budget. Such payment shall be made directly to BrownGreer in accordance with wire instructions provided to the Debtors by BrownGreer.

6. The Debtors are further authorized and directed to pay to the Pre-Effective Date Operating Account (as defined below) so long as the Engagement Term has not terminated prior to the date of performance set forth below, by wire transfer pursuant to wire instructions to be provided to the Debtors by the Claims Administrator and FVT Trustee, on account of all reasonable and documented fees, costs, and out-of-pocket expenses of the Claims Administrator, the FVT Trustee and the Trust Professionals incurred on or after January 12, 2020 in accordance with the terms of this Order and the Budget, the sum of $21,802,777.00 as follows: (i) $2,500,000.00 within 3 business days from entry of this Order; (ii) $9,767,593.00 on or before May 30, 2020; (iii) $4,767,592.00 on or before June 30, 2020; and (iv) $4,767,592.00 on or before July 31, 2020 (the total of the amounts in (ii) through (iv) above, the "Trust Advance"). The Trust Advance shall be credited dollar for dollar against the Cash to be distributed to the Fire Victim Trust on the Effective Date pursuant to the Plan. Under no circumstances shall the Debtors pay in excess of $2.5 million under this paragraph 6 without such excess being credited as provided in the immediately preceding sentence. The Debtors may unilaterally terminate any of their prospective obligations under this this paragraph if the Fire Victims vote to reject the Plan or the Plan is not confirmed by June 30, 2020 or such later date as may be agreed to in writing by the Debtors.

7. If the Engagement Term has not ended and if Effective Date of the Plan has not occurred by August 31, 2020, the Debtors shall make monthly payments to the Pre-Effective Date

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Operating Account in the amount of $5,300,000 on the first day of each month until the Effective Date, with the first payment due on September 1, 2020, on account of all reasonable and documented fees, costs, and out-of-pocket expenses of the Claims Administrator, the FVT Trustee and the Trust Professionals incurred on or after September 1, 2020 in accordance with the terms of this Order and the Budget. All amounts paid pursuant to this paragraph 7 shall be credited dollar for dollar against the Cash to be distributed to the Fire Victim Trust on the Effective Date pursuant to the Plan.

8. Beginning on May 15, 2020 and on the 15th day of each month thereafter, Justice Trotter will provide, each month, a submission to: (i) the Debtors; (ii) the United States Trustee; and (iii) each official committee in these cases, detailing the amounts of fees and expenses incurred by the Claims Administrator, the FVT Trustee and the Trust Professionals in the preceding month and his determination that the amounts paid to each professional is reasonable and necessary based on the services provided. Such monthly submission shall be filed on the Court's docket. Under no circumstances shall any fees and expenses be paid by the Debtors pursuant to this Order in excess of the Budget for the period covered thereby.

9. Nothing herein shall limit the Claims Administrator, the FVT Trustee or any Trust Professional from being reimbursed by the Fire Victim Trust for any reasonable and documented fees or expense incurred but not paid by the Debtors or covered by the Trust Advance, in accordance with the Trust Agreement governing the Fire Victim Trust.

10. There shall be no limitation of liability of Yanni or any Trust Professional in connection with this engagement.

11. In connection with Ms. Yanni's and Justice Trotter's retention of a financial advisor as a Trust Professional, the Debtors are authorized and directed to provide the same substantive indemnity to said financial advisor as the Debtors provided to the TCC's financial advisor and upon the Plan Effective Date, any indemnity obligation and any liability associated therewith shall be transferred to the Fire Victim Trust.

12. Ms. Yanni is further authorized to establish an escrow account (the "**Pre-Effective Date Operating Account**"), which account shall be established for the sole purpose of receiving

and disbursing funds in accordance with this Order. Ms. Yanni shall serve as the administrator of such escrow account, and in such capacity, Ms. Yanni is authorized to: (i) designate a bank or trust account as she determines necessary to receive and disburse funds; and (ii) determine and comply with such tax filing and reporting obligations as she determines necessary in accordance with applicable laws.

13. To the extent that there may be any inconsistency between the terms of the Application or the Hearing Request and this Order, the terms of this Order shall govern.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

15. Nothing contained in this Order and no action taken by the TCC, the FVT Trustee or the Claims Administrator (including work on drafting and developing the Fire Victim Trust, Fire Victim Trust Agreement or the Fire Victim Claims Resolution Procedure, and the implementation thereof) shall prejudice the rights of any parties in interest to challenge or object to the Fire Victim Trust, the Fire Victim Trust Agreement, the Fire Victim Claims Resolution Procedure or the Plan: provided, however, that the deadlines and obligations established by the Court in the Amended Order Establishing Schedule for Disclosure Statement Approval and Plan Confirmation dated February 11, 2020 [Docket No. 5732] shall continue to govern the parties.

16. The TCC and Ms. Yanni are authorized to take all steps necessary or appropriate to carry out this Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the retention of Ms. Yanni and any other person or entity retained by Ms. Yanni as authorized herein in connection with this retention and Order.

** END OF ORDER **

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO