

Signed and Filed: April 15, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT

                NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>       - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>       Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>   Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:  April 14, 2020<br>Time:  10:00 AM<br>Place: Courtroom 17<br>       450 Golden Gate Ave.<br>       16th Floor<br>       San Francisco, CA |

**ORDER DENYING MOTION FOR STANDING TO PROSECUTE CLAIMS
OF THE DEBTORS' ESTATES**

The court has listened carefully to the audio file of the April 14 oral argument on the request by the TCC in its Standing Motion ("Motion") (Dkt. No. 5972) and has reviewed the several briefs filed by the parties. Unfortunately, many issues the court identified in the April 13 Issues For Counsel To Address (Dkt. No. 6742) ("Issues") still persist. This is so

-1-

notwithstanding the TCC's oral request to simplify its proposed Complaint by eliminating the First and Second Claims for Relief and adhering to the Stipulation and Agreement, etc. (Dkt. No. 6435) between it and the Debtors. Even if the court ignores the differences between Debtors and the TCC over what is at stake in the Motion and overlooks the differences between the TCC and the Lead Plaintiff over issues such as the absolute priority rule and the adequacy of the complaint in the Securities Litigation, it remains convinced that granting the Motion will compound an already complicated situation presented by the pending motions to dismiss before District Judge Davila and the possibility of inconsistent outcomes.

More importantly, the court remains convinced that permitting that adversary proceeding to go forward now will undermine the process that is still pending, namely the assertion of direct claims against the Debtors under Securities and Securities Exchange laws. At present, there is no information available to the court as to who and how many claimants have come forth other than Plaintiffs' counsel's statement that there are about a thousand of them. Allowing the TCC to press a proposed adversary proceeding against known defendants who are not presently pressing their claims against the Debtors at all, or actively against the other defendants, but not including in their proposed action the real (and presently unknown) parties who are currently asserting claims against the Debtor is inefficient and presently unnecessary.

For these reasons, and the also for the reasons stated in the Issues, the court concludes that it is best to wait for the extended claims deadline to pass and see what happens, perhaps

wait for District Judge Davila to rule and quite possibly wait for the assignment of claims to the TCC to become effective. The Motion is DENIED.

If Debtors move for approval of settlement of some or all of the district court Securities Litigation, or related claims implicating their D & O coverage, or some other threat emerges that imperils the TCC's ability to protect the claims that it expects to be assigned to it upon confirmation, it and all other interested parties will be provided a right to be heard under FRBP 9019 and, if necessary, to seek specific injunctive relief similar to that sought earlier and unsuccessfully by the Debtors.

***END OF ORDER***