Arsen Sarapinian, Esq. (SBN 295805)
**THE LAW OFFICES OF ARSEN SARAPINIAN, P.C.**
9465 Wilshire Blvd., Ste. 1300
Beverly Hills, CA 90212
Tel: (213) 538-2903
Fax: (310) 861-9040
arsen@sarapinianlaw.com

Attorneys for Creditors,
Gene Descalzi and Leonarda Rombaoa

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E CORPORATION,<br>  and | Chapter 11<br>Lead Case, Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors. | **MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR GENE DESCALZI AND LEONARDA ROMBAOA TO FILE PROOF OF CLAIMS** |
|   Affects PG&E Corporation<br>  Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | **Date: May 12, 2020**<br>**Time: 10:00a.m.**<br>**Place: 450 Golden Gate Avenue, Ctrm 17**<br>**San Francisco, CA 94102**<br>**Judge: Dennis Montali**<br><br>**Objection Deadline: May 5, 2020** |

        Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this

motion ("Motion") Gene Descalzi and Leonarda Rombaoa ("Movants") seek an order

expanding the time for them to file their proof of claims in these cases, a true copy of which is

attached to the accompanying Declaration of Arsen Sarapinian as **Exhibit 1**, and leave to file

ballots prior to the May 15, 2020 deadline in this matter. Movants filed these claims with the claims register, albeit late, on February 26, 2020[1] and hereby seek an order deeming them as timely under the circumstances described below, or, alternatively, an order allowing Movants additional time to file new claims. Movants seek leave to file ballots related to the proposed settlement in this matter, which are due on May 15, 2020.  This Motion is based upon the points and authorities set forth herein, the concurrently filed Notice of Hearing, the Declaration of Arsen Sarapinian ("Sarapinian Decl."), the Declaration of Gene Descalzi ("Descalzi Decl."), the Declaration of Leonarda Rombaoa ("Rombaoa Decl.), and any evidence or oral argument presented at the time the hearing on this matter. In support thereof, Movants, by an through its undersigned counsel, respectfully represents as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

The general bar date in these cases was October 21, 2019 ("*Original Bar Date*"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time).

Movants and creditors Gene Descalzi and Leonarda Rombaoa, who are husband and wife, are survivors of the devastating fires that occurred in and around Santa Rosa in October of 2017, commonly referred to as the "Tubbs fire." (Descalzi Decl; Rombaoa Decl.) On October 8 and 9 of 2017, Movants were vacationing in Santa Rosa and were lodging at the Hilton Sonoma Wine Country Hotel. (Descalzi Decl; Rombaoa Decl.) In the early hours of October 9, 2017,

---

[1]  The claim of Leonarda Rombaoa was amended due to a minor misspelling of her first name and filed on March 5, 2020

**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR GENE DESCALZI AND LEONARDA ROMBAOA TO FILE PROOFS OF CLAIMS**
-2-

Case: 19-30088   Doc# 7077   Filed: 05/06/20   Entered: 05/06/20 07:43:49   Page 2 of 10

Movants were awoken to smoke and flames engulfing the nearby area and hotel. (Descalzi Decl; Rombaoa Decl.) Movants had split seconds to react and escape the fire and had insufficient time to save our personal property, some of which was had significant monetary value. (Descalzi Decl; Rombaoa Decl.) The personal property perished in the fire and Movants suffered economic damages as a result. (Descalzi Decl; Rombaoa Decl.) Movants also suffered personal injuries, including but not limited to injuries from smoke inhalation, and severe emotional distress, including but not limited to Post Traumatic Stress Disorder (PTSD), as a result of the fire. (Descalzi Decl; Rombaoa Decl.)

In 2017, Movants retained James O'Callahan, Esq. of the Los Angeles-based law firm, Girardi & Keese, to represent them in connection with the damages they incurred as a result of the fire. (Descalzi Decl; Rombaoa Decl.) In 2017 and 2018, Movants were in communication with Mr. O' Callahan regarding the case. (Descalzi Decl; Rombaoa Decl.)

In early 2019, Movants left messages for Mr. O' Callahan to call them, but did not hear back from him. (Descalzi Decl; Rombaoa Decl.) Movants had assumed that Mr. O' Callahan was working on their case, as well as other cases, and would contact them in the event of a significant development. (Descalzi Decl; Rombaoa Decl.) On previous occasions, Mr. O' Callahan and his staff responded to Movants' inquiries by telling them to wait patiently and that they would be notified in the event of significant developments. (Descalzi Decl; Rombaoa Decl.) Movants were mindful of Mr. O' Callahan's busy schedule and the complexities of the North Bay Fire cases. (Descalzi Decl; Rombaoa Decl.)

On or around February 11, 2020, Movants learned for the first time that Mr. O' Callahan had died unexpectedly on January 29, 2019. (Descalzi Decl; Rombaoa Decl.) On February 13, 2020, Movants consulted the legal services of the Law Offices of Arsen Sarapinian, P.C. and

signed a retainer agreement for the law firm to continue representing them in connection with the Tubbs fire (related cases in the Superior Court of California commonly referred to as the ("the North Bay Fires") and this related bankruptcy matter. (Descalzi Decl; Rombaoa Decl.) Around that time, Movants for the first time learned from Mr. Sarapinian that there were bankruptcy claim deadlines of October 21, 2019 and December 31, 2019 for creditors (fire victims) to submit claims in this matter. (Descalzi Decl; Rombaoa Decl.) Movants previously had no knowledge of these deadlines as they were not provided to them by their former attorney, this Court, Prime Clerk, or any other third party. (Descalzi Decl; Rombaoa Decl.) Mr. Sarapinian learned that there was no record of claims having been submitted on Movants behalves by their prior attorney. (Sarapinian Decl.)

Movants' counsel assisted them in preparing the claims, which were ultimately sent to claims administrator Brown Greer for filing. Brown Greer in turn submitted the claims to Prime Clerk, which filed the claims on February 26, 2020 (Claim Nos. 97038 and 97039, **Exhibit 1**)[2] (Sarapinian Decl.) Neither Movants, nor their counsel, received notifications from Prime Clerk or Brown Greer of the claims being rejected or objected to by any party, entity, or claims administrator. (Sarapian Decl.; Descalzi Decl; Rombaoa Decl.)

In April of 2020, Movants' counsel learned that Prime Clerk would not send disclosures and voting materials in relation to the proposed $13.5 billion settlement in this bankruptcy matter because they deemed Movants' claims late and as a result, Movants were not included in the "impaired class" for voting purposes. (Sarapinian Decl.) The voting deadline for creditors to submit ballots in relation to the proposed settlement is May 15, 2020. (Sarapinian Decl.) Movants hereby request that the Court grant this Motion based upon, among other things,

---

[2] The claim of Leonarda Rombaoa was amended due to a minor misspelling of her first name and filed on March 5, 2020

Movants' excusable neglect, the excusable neglect of their former counsel, and intervening circumstances beyond the Movants' control. The delay in submitting claims before the December 31, 2019 deadline was not in the reasonable control of Movants and Movants have made good faith efforts to rectify this situation by taking immediate actions. Movants seek an order deeming the late-claims, attached as **Exhibit 1**, timely and valid. Alternatively, Movants seek an order allowing Movants additional time to file new claims. Movants seek leave to file ballots related to the proposed settlement in this matter, which are due by May 15, 2020. If this Motion is denied, Movants will suffer severe prejudice and irreparable harm as they will be barred from recovery for the significant damages they incurred in the fire.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . . by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion

made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and caselaw has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movants.

1  Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer*

2  factor weighs overwhelmingly in Movant's favor. Debtors estates are solvent, and all creditors

3  stand to be paid. *See, e.g., In re Best Payphones, Inc*., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y.

4  2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always*

5  *Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where

6  unsecured creditors will be made whole, "the debtor will not be able to object to a proof of

7  claim solely on the grounds that the proof of claim was filed after the bar date.") and *In re*

8  *Sheehan Mem'l Hosp*., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate

9  is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its

10  allowance as a tardily filed claim only.). The value of Movants' claims relative to the value of

11  Debtors' estates speaks to the absence of prejudice even if the estates were not solvent (which

12  they are). *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the

13  late claim in relation to the estate is a consideration in determining prejudice).

14  Beyond the Debtors' solvency, any prospect of disruptive prejudice seems unlikely here

15  because Debtors' reorganizations are in the early stages. The disclosurance statements and

16  voting materials were just recently mailed to creditors. The voting deadline is May 15, 2020.

17  Distributions have not been made.

18  Consideration of the second *Pioneer* factor, the length of the delay and its potential

19  impact on these proceedings, also strongly favors Movants. Here, as declared in the

20  Declarations of Gene Descalzi and Leonarda Rombaoa, Movants missed the applicable bar date

21  by approximately two months due to no fault of their own. *See In re Lyondell Chemical Co*.,

22  543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect

**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR GENE DESCALZI AND LEONARDA ROMBAOA TO FILE PROOFS OF CLAIMS**
- 7 -

Case: 19-30088 Doc# 7774 Filed: 06/20/20 Entered: 06/20/20 07:33:49 Page 7 of 10

on the administration of the case). Furthermore, Movants' filings, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants reasonable control, does not move the *Pioneer* needle in the direction of inexcusability. Movants acknowledge this Court's observation that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[3] A "satisfactory explanation for the late filing" is required. *Graphic Communications* at 5.

In *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005), the Ninth Circuit applied *Pioneer* to hold that a district court did not abuse its discretion in finding excusable neglect when a sophisticated law firm missed a notice of appeal deadline because a paralegal has mistakenly calendared the 60-day deadline applicable to government parties instead of the correct 30-day deadline.

In *In re Zilog*, which also involved a late proof of claim, a panel of the Ninth Circuit found excusable neglect based on an ambiguous email from debtor's general counsel to three unrepresented employees that the court found "was not calculated to inform the women that they needed to file their wage claims with the bankruptcy court." 450 F.3d at 1003. The Ninth

---

[3] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the *Pioneer* factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the *debtor* will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor ... is that of prejudice to the debtor.").

---

1   Circuit's comment in *In re Zilog* resonates here: "It would be very strange indeed to find the

2   neglect in our case inexcusable, when the neglect in *Pioneer* and *Pincay* was found excusable."

3   450 F.3d at 1006.

4       Here, Movants were never informed of the any of the claim deadline of October 21,

5   2019 and December 31, 2019, nor were they informed of their that their prior counsel, Mr. O'

6   Callahan had died unexpectedly on January 29, 2019.  (Descalzi Decl; Rombaoa Decl.)  There

7   is no record or evidence to the contrary. Any mistake on the part of Movants should be deemed

8   excusable.  Also, the prior law firm's failure to notify Movants of these significant

9   developments should be deemed excusable neglect and such neglect should not bar Movants

10  from pursuing their claims through no fault of their own.

11      Finally, as to the fourth *Pioneer* factor, no reasonable contention can be made that

12  Movants failed to act in good faith.  They did not have any knowledge of the filing deadlines.

13  Upon learning of their of the deadlines on February 21, 2020, Movants thereafter made

14  immediate, good faith steps to rectify the situation by retaining new counsel, filing claims

15  (albeit late), and filing this Motion upon learning that they would not receive voting materials.

16  (Descalzi Decl; Rombaoa Decl; Sarapinian Decl.)

17      Because consideration of the *Pioneer* factors points overwhelmingly to Movants'

18  neglect having been excusable, late filings of the claim should be permitted, and Movants

19  should be permitted to cast voting ballots prior to the May 15, 2020 deadline.

## CONCLUSION

    For the reasons set forth above, Movants respectfully request that this Court enter an

order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

    1. Granting this Motion;

2. Directing that Exhibit 1 hereto be deemed timely filed;

3. Or, alternatively, Directing that Movants shall have until 30 days from the date of the filing of this Motion to submit "Attachment 1" to Prime Clerk as referenced on Exhibit 1 hereto.

4. Directing Prime Clerk to provide Movants with disclosure and ballot materials to Movants, and allowing Movants to file voting ballots in this matter.

5. Granting such other or further relief as the Court deems just and proper.


Date: April 15, 2020            **LAW OFFICES OF ARSEN SARAPINIAN, P.C.**



By: _____
        Arsen Sarapinian, Esq.
        Attorneys for Creditors,
        Gene Descalzi and Leonarda Rombaoa