Entered on Docket
April 16, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: April 16, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☒ Affects Pacific Gas and Electric Company<br><br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 APPROVING (I) DEBTORS' AGREEMENT AND SETTLEMENT WITH PEOPLE OF THE STATE OF CALIFORNIA AND (II) GRANTING RELATED RELIEF** |

Upon the Motion, dated March 23, 2020 [Docket No. 6418] (together with all declarations, replies, and supplemental pleadings filed in support thereof, the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) approving the Plea Agreement and Settlement, annexed to the Motion as **<u>Exhibit A</u>**, and the undertakings described therein (collectively, the "**Butte County Agreement**"), entered into between the People of the State of California, represented by the District Attorney of Butte County (the "**Butte County DA**"), and the Utility to settle and resolve the criminal prosecution and investigation of the Utility arising from the November 8, 2018 Camp fire (the "**Camp Fire**"), and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Brian Declaration; and the Court having reviewed the limited objection and reservation of rights filed by the Tort Claimants Committee with respect to the relief requested in the Motion [Docket Nos. 6690 and 6713] and the joinders thereto [Docket Nos. 6717 and 6730]; and the Court having issued a *Tentative Ruling Regarding Motion to Approve Settlement* [Docket No. 6740]; and this Court having held a hearing on the Motion on April 14, 2020 (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and the Brian Declaration establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion represents a sound exercise of

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion or in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (the "**Plan**"), as applicable.

the Debtors' business judgment and is in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties in interest; and upon the record of all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as modified herein in accordance with the record of the Hearing. Any objections, responses, or statements, if any, in opposition to the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record of, the Hearing are hereby overruled.

2. The Butte County Agreement represents a valid and sound exercise of the Debtors' business judgment and, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, is hereby approved in its entirety, as modified as set forth herein and in accordance with the record of the Hearing.

3. The Debtors are authorized to enter into and perform under the Butte County Agreement.

4. Notwithstanding anything herein or in the Motion or in the Plan to the contrary, (i) the $3,486,950.00 to be paid under the Butte County Agreement on account of the applicable base fine and related fees, penalties and assessments, and (ii) the $500,000.00 to be paid under the Butte County Agreement to the Butte County District Attorney Environmental and Consumer Protection Trust Fund to reimburse costs spent on the investigation of the Camp Fire (collectively, the "**Butte County Settlement Payments**") shall, in each case, be paid from interest or income actually earned on the sum of $10.895 billion of the $11 billion to be transferred to the Subrogation Wildfire Trust under the Plan, of which $10.895 billion (the "**Escrow Funds**") shall be deposited in a separate escrow or similar account (the "**Escrow Account**") established and owned by the Subrogation Wildfire Trust for the benefit of holders of Subrogation Wildfire Claims pursuant to terms, and which will be held at a financial institution, reasonably acceptable to the Ad Hoc Subrogation Group and the Debtors on or about the Effective Date of the Plan. The Reorganized Debtors shall be solely responsible for the payment of any and all fees, expenses, taxes or other costs associated with the Escrow Funds and the Escrow Account

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and no such fees, expenses, taxes or other costs shall be deducted from the Escrow Funds (or any interest or income earned thereon).

5. The Escrow Funds shall be held in the Escrow Account for the lesser of (i) 15 calendar days, or (ii) the amount of time needed to earn an amount in interest or income on the Escrow Funds equal to the amount of the Butte County Settlement Payments. At such time as the interest or income actually earned on the funds deposited in the Escrow Account amounts to at least $3,986,950.00, the escrow agent shall make the Butte County Settlement Payments directly in accordance with payment instructions to be provided by the Butte County DA. Upon the earlier of (i) 15 calendar days following the deposit of the Escrow Funds into the Escrow Account, or (ii) payment of the Butte County Settlement Payments as provided in the immediately preceding sentence, all monies remaining in the Escrow Account shall promptly be paid by the escrow agent to the Subrogation Wildfire Trust. No portion of the Butte County Settlement Payments shall be paid from the Fire Victim Trust or the Debtors' estates.

6. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Prime Clerk LLC, the claims and noticing agent in these Chapter 11 Cases, is authorized to update the Official Claims Register with respect to Proof of Claims Nos. 57948, 59642, 65945, 87014, and 87021 to reflect the terms of the Butte County Agreement.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **