WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL DECLARATION OF GENO ARMSTRONG IN SUPPORT OF SECOND SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AMENDING THE SCOPE OF THE RETENTION OF KPMG LLP AS INFORMATION TECHNOLOGY, RISK, AND LEGAL SUPPORT CONSULTANTS TO THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 20, 2019**<br><br>[No Hearing Date Requested] |

I, Geno Armstrong, being duly sworn, declare as follows:

I am a principal at KPMG LLP, a professional services firm ("**KPMG**"). I am duly authorized to make this supplemental declaration (the "**Second Supplemental Armstrong Declaration**") on behalf of KPMG and submit it (i) in support of the *Second Supplemental Application of Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 Amending the Scope of the Retention of KPMG LLP as Information Technology, Risk, and Legal Support Consultants to the Debtors Nunc Pro Tunc to December 20, 2019* (the "**Second Supplemental Application**"); and (ii) in compliance with the *Order Pursuant to 11 U.S.C. Sections 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ KPMG LLP as Information Technology, Risk, and Legal Support Consultants to the Debtors Nunc Pro Tunc to Petition Date* (the "**Initial KPMG Retention Order**") [Docket No. 2503] and the *Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 Amending the Scope of the Retention of KPMG LLP as Information Technology, Risk, and Legal Support Consultants to the Debtors Nunc Pro Tunc to April 8, 2019* (the "**First Supplemental Order**") [Docket No. 5077].[1] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

Pursuant to the KPMG Retention Order, the Debtors are required to seek Bankruptcy Court approval to the extent they request KPMG to perform any service other than those set forth therein. This declaration is a supplement to the original declaration dated May 21, 2019 [Docket No. 2172] (the "**Original Armstrong Declaration**") and the first supplemental declaration dated November 27, 2019 [Docket No. 4901] (the "**First Supplemental Armstrong Declaration**") in connection with the retention of KPMG as information technology, risk, and legal support consultants for Debtors to perform those services (the "**Second Supplemental Services**") each as summarized in the Second Supplemental Application upon the terms and conditions more specifically set forth in that certain Master Services Agreement dated as of January 17, 2017, together with the change order dated as of November 20, 2018 (both attached as Exhibit 1-A to the Original Armstrong Declaration), and the extension dated as of June 10, 2019 attached as Exhibit 1-I to the First Supplemental Armstrong Declaration, and the extension

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Second Supplemental Application.

dated January 30, 2020 (the "**MSA Extension**") attached as **Exhibit A** hereto, and two distinct contracts and four change orders to previously-approved contracts by and between the Debtors and KPMG, attached hereto as **Exhibits B-1** through **B-6** (the "**Second Supplemental MSA Contracts**"). I hereby incorporate by reference the Original Armstrong Declaration and the First Supplemental Armstrong Declaration as if their contents were set forth fully herein.

In an effort to ensure continued and uninterrupted provision to the Debtors of necessary services, KPMG and the Debtors entered into agreements for the Second Supplemental MSA Contracts described in greater detail below, recognizing that such agreements would ultimately need to be approved by the Court upon supplemental application. KPMG will provide additional information technology, risk, and consulting services to the Debtors including, without limitation, the following services as more particularly described in the applicable designated agreements:

a) **IT Software Services – Phase III**. Continue to assist the Debtors with their migration from Siteminder to Ping (information technology software platforms) (the "**IT Software Services – Phase II**") as described in **Exhibit B-1** hereto, including a change order to extend services to the Debtors by 18 weeks as described in Exhibit 1-K to the First Supplemental Armstrong Declaration;

b) **2020 Electrical System Inspections and Maintenance Program**. Provide project management, analytical and process support for the Debtors' 2020 Systems Inspections Maintenance Programs as described in **Exhibit B-2** hereto, together with a change order extending those services until June 30, 2020 as described in **Exhibit B-3** hereto.

c) **2020 Bowtie Analysis and RAMP Support**. Assist the Debtors with their analytical assessments and process support to aggregate information related to Electric Operations, as well as with their preparation of their 2020 Risk Assessment and Mitigation Phase (RAMP) filings as described in **Exhibit B-4** hereto.

d) **Permitting Spend Analysis Phase 2**. A change order to Exhibit 1-S to the First Supplemental Armstrong Declaration, in order to provide additional analysis of payments as described in **Exhibit B-5** hereto.

e) **Quanta Invoice Review Change Order**. A change order to Exhibit 1-L to the First Supplemental Armstrong Declaration in order to provide additional analysis of the Quanta Service Inc. payment applications related to the performance of construction management services as described in **Exhibit B-6** hereto.

In addition to the foregoing, KPMG, at the request of the Debtors, may provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should KPMG agree in its discretion to undertake any such matter, KPMG and the Debtors may enter into additional agreements

and will seek separate retention orders with regard to any such additional agreements. As set forth in the Original Armstrong Declaration, KPMG intends to apply to the Court for allowance of compensation and reimbursement of expenses for the information, technology, and risk support services performed for the Debtors, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**"), both in connection with this Application and any interim and final fee applications to be filed by KPMG in these Chapter 11 Cases, in accordance with the terms and conditions of the Second Supplemental MSA Contracts. Moreover, the Debtors are advised that KPMG intends to make a reasonable effort to comply with the requests of the United States Trustee ("the **U.S. Trustee**") for information and additional disclosures as set forth in the Fee Guidelines or any other applicable Orders.

KPMG's decision to advise and assist the Debtors in connection with these Chapter 11 Cases is subject to its ability to be retained in accordance with the terms set forth in the Second Supplemental MSA Contracts. Subject to this Court's approval, KPMG requests compensation, in accordance with its customary terms and conditions of employment, including the proposed compensation arrangements.

A. **Fixed Fee Arrangements:**

This Second Supplemental Application does not include any fixed-fee arrangements.

B. **Milestone Billing Arrangements:**

The Debtors have agreed to compensate KPMG for the 2020 Electrical System Inspection and Maintenance Program and the 2020 Electrical System Inspection and Maintenance Program Change Order based on defined milestones included in Exhibit B-2 not to exceed $1,100,000, inclusive of $100,000 cap on expenses, and with the addition of further defined milestones increased in Exhibit B-3 to a total of $2,200,000, inclusive of $200,000 cap on expenses. Payments for defined milestones will be submitted to, and reviewed by the Debtors prior to payment, and will be tracked and logged by KPMG and provided in summary for at the conclusion of these services.

**C. Hourly Arrangements:**

The hourly rates set forth below are KPMG's applicable hourly rates for the work of its professionals and staff members to be provided to the Debtors other than with respect to the fixed fee and milestone billing engagements described above. These hourly rates reflect KPMG's normal and customary billing practices for engagements of this complexity and magnitude. KPMG's hourly rates are subject to periodic adjustment and/or increase from time to time in accordance with KPMG's established billing practices and procedures. The Debtors have agreed to compensate KPMG for professional services rendered at its normal and customary hourly rates, subject to the reductions discussed below. To the extent such hourly rates are increased, KPMG will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

| Billing Category | IT Software Services – Phase II[2] | Permitting Spend Analysis – Phase 2[3] | 2020 Bowtie Analysis and RAMP Support[4] | Quanta Invoice Review Change Order |
|---|---|---|---|---|
| Partner / Managing Director | N/A | $625 | $500 | $500 |
| Director | N/A | $550 | $435 | $435 |
| Manager | $260 | $475 | $400 | $400 |
| Lead Specialist | $260 | N/A | N/A | N/A |
| Senior Associate | $260 | $425 | $325 | $325 |
| Associate | N/A | $325 | N/A | $275 |
| Paraprofessional | N/A | N/A | N/A | $135 |

Additionally, KPMG will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research,

---

[2] The majority of fees to be charged in the IT Software Services engagement reflect a reduction of approximately 70% – 74% from KPMG's normal and customary rates, depending on the types of services to be rendered. With the additional fees, this Phase II is billed to a cap of $1,650,255 (inclusive of a $57,735 cap on expenses).

[3] The majority of fees to be charged for the Permitting Spend Analysis – Phase 2 reflect a reduction of approximately 10% - 44% from KPMG's normal and customary rates. The services for the second phase of the project are billed at a cap of $1,340,000 (inclusive of a $90,000 cap on expenses).

[4] The majority of fees to be charged for the 2020 Bowtie Analysis and RAMP Support reflect a reduction of approximately 39 – 56% from KPMG's normal and customary rates, depending on the types of services to be rendered and the services are billed at a cap of $1,298,337.

applicable sales, use or value-added tax, as well as non-ordinary costs such as secretarial and other overtime.

It is not the practice of KPMG's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of KPMG's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.5) increments. Thus, consistent with the Initial KPMG Retention Order, KPMG requests that this Court allow KPMG's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that KPMG files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

Given the nature of the services to be provided by KPMG, such billing format and associated time details will be sufficient for the Debtors and other parties-in-interest to make informed judgments regarding the nature and appropriateness of KPMG's services and fees.

I believe that these fee structures and compensation arrangements for each of the Second Supplemental MSA Contracts are market-based and reasonable considering KPMG's vast knowledge and experience.

It is my understanding that the Debtors intend that the services of KPMG will complement and not duplicate the services rendered by any other professional retained in these Chapter 11 Cases. KPMG understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

As part of the overall compensation payable to KPMG under the terms of the Second

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Supplemental MSA Contracts, the Debtors have agreed to certain indemnification obligations. The terms of the Second Supplemental MSA Contracts and the indemnification provisions therein were negotiated in good faith and at arm's length.

To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, KPMG neither holds nor represents an interest adverse to the Debtors' estates that would impair KPMG's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code. To the best of my knowledge, KPMG continues to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, KPMG:

a) Is not a creditor, an equity security holder, or an insider of the Debtors;

b) Is not and was not, within two years before the date of filing of these Chapter 11 Cases, a director, officer, or employee of the Debtors; and

c) Does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

KPMG has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 Cases.

KPMG is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG is being retained in these matters. KPMG cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG's engagement by the Debtors. However, to the extent KPMG is aware of such engagement and believes such engagement may bear upon KPMG's engagement by the Debtors, KPMG will file a supplemental declaration with the Bankruptcy Court.

From time to time, KPMG may use the services of certain professionals from the other member firms of the KPMG network of independent firms and firms and entities controlled by, or under common control with, one or more such member firms (collectively, "**KPMG Parties**") when necessary to the performance of its professional duties and services to the Debtors. The use of such professionals allows

KPMG to maximize resources and minimize costs to the Debtors' estates. KPMG will pay such KPMG Parties directly for the use of such professionals, and will include such amounts in its fee application at KPMG cost without any mark-up or increase.

In addition, from time to time, KPMG may use independent contractors, such as software providers. However, KPMG will not profit from the use of such persons.

As part of its practice, KPMG appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to these bankruptcy cases. KPMG has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 Cases that would cause it to be adverse to the Debtors, the Debtors' estates, any creditor or any other party-in-interest. If and when additional information becomes available with respect to any other relationships which may exist between KPMG, foreign member firms of KPMG International, or their partners and professionals and the Debtors, creditors, or any other Potential Parties-In-Interest which may affect these cases, supplemental declarations describing such information shall be filed with this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated April 17, 2020

/s/ Geno Armstrong
Geno Armstrong
KPMG LLP
55 Second Street, Suite 1400
San Francisco, CA 94105