

Signed and Filed: April 21, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) |
| ☐ Affects Pacific Gas and Electric Company | ) |
| ☒ Affects both Debtors | ) |
| | ) |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | ) |

**ORDER REGARDING RULE 2004 APPLICATIONS FILED BY THE OFFICIAL COMMITTEE OF TORT CLAIMANTS**

On February 19, 2020, the Official Committee of Tort Claimants (the "TCC") filed a Motion to Establish Procedures for Discovery Preceding Plan Confirmation (dkt. 5840) indicating that it had issued approximately 100 subpoenas to certain vendors that "PG&E relied on to complete much of its vegetation and asset management, which may have contributed to the fires at

issue" in this bankruptcy case." *Id.* at ECF pg. 3, lines 18-21. Debtors had previously agreed to assign their claims against these vendors to the TCC as part of a mediated settlement when their Plan of Reorganization becomes effective. The TCC sought discovery from the vendors pursuant to Federal Rule of Civil Procedure 45.

Various vendors objected to the motion or sought to quash subpoenas (*see, e.g.,* objection by Outback Contractors [dkt. 5998] and motion to quash by Black & Veatch [dkt. 5896]. These responses focused primarily on the nature and limits of Rule 45. At a hearing on March 10, 2020, the court informed counsel for the TCC that it could not utilize Rule 45 to obtain its requested information, but should instead proceed under Fed. R. Bankr. P. 2004 and that any objections would be addressed at that time.

On or about March 17, 2020, the TCC filed various applications for entry of orders authorizing the service of subpoenas pursuant to that rule (the "Initial Rule 2004 Applications"); the court entered orders approving the Initial Rule 2004 Applications on March 24 and March 25, 2020 (dkts. 6466-6474 and 6490). On April 1, 2020, both the Official Committee of Unsecured Creditors ("OCUC") and the Debtors filed letters objecting to these applications and requesting a telephonic hearing (dkts. 6579 and 6581, respectively).

The TCC filed a responsive letter [dkt. 6585] on April 1, 2020 (dkt. 6585); on the following day, it filed ten more Rule 2004 applications (dkts. 6601-6610) (the "Subsequent Rule 2004 Applications"). For the reasons set forth below, the court will

-2-

enter the orders approving the Subsequent Rule 2004 Applications as well.

The court disagrees with Debtor and the OCUC that the TCC's Rule 2004 requests are premature. The scope of Rule 2004 examinations is broad and may relate to the acts, conduct or property and liabilities of a debtor, or to any matter which may affect the administration of the debtor's estate. Fed. R. Bankr. P. 2004(a). Even though Debtors have not yet assigned their potential causes of action against various vendors to the TCC, the claims are still property of the estate, and discovery is necessary to determine if any claims may be subject to limitations or other defenses upon assignment to the TCC.

As the Bankruptcy Appellate Panel for the Ninth Circuit recently observed, Rule 2004 is the basic discovery device in bankruptcy cases and allows broad examination relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *In re Mastro*, 585 B.R. 587, 596 (9th Cir. BAP 2018), *quoting* Fed. R. Bankr. P. 2004 and *citing In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011). The BAP further noted:

> As the Rule's text makes clear, the scope of a Rule 2004 examination is "unfettered and broad"; the rule essentially permits a "fishing expedition." *In re Subpoena Duces Tecum*, 461 B.R. at 829 (quoting and citing *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass 1983)). And the examination may "extend to third parties who have had dealings with the debtor." *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990).

-3-

*Mastro*, 585 B.R. at 597.

Here, the TCC is seeking to determine – among other things – potential defenses (such as statutes of limitations) with respect to claims to be assigned to it upon confirmation. Consequently, the requested Rule 2004 examinations pertain to the present and future value and validity of such claims.

In light of the foregoing, the court will sign the orders approving the Subsequent Rule 2004 Applications and will not vacate the orders granting the Initial Rule 2004 Applications. The court will consider any specific objections of the parties who are the subject of such Rule 2004 examinations in the context of a discovery dispute conference as set forth in section III(F) of the court's Practices and Procedures available at http://www.canb.uscourts.gov/procedure/montali/judge-montalis-practices-and-procedures.

**\*\*END OF ORDER\*\***