WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION AND AGREEMENT FOR ORDER BETWEEN THE UTILITY AND LAURIE A. DEUSCHEL RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Related to Dkt No. 6106-07, 6109-11, 6315-16<br><br>[Resolving Motion Set for Hearing April 29, 2020 at 10:00 am] |

This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**"), as debtor and debtor and in possession, and Laurie A. Deuschel ("**Deuschel**"). The Utility and Deuschel are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The Utility and its parent, PG&E Corporation (collectively the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019.

B. On March 5, 2020, Deuschel filed the *Motion for Relief from the Automatic Stay by Laurie Deuschel* [Dkt. No. 6106] (the "**Motion**"). The Motion seeks relief from the automatic stay to permit Deuschel to serve the complaint (the "**Complaint**") attached as Exhibit 1 to *the Declaration of Laurie A. Deuschel and Request for Judicial Notice in Support of Motion for Relief from the Automatic Stay by Laurie Deuschel* (the "**Deuschel Declaration**") [Dkt. No. 6110], in order to add the Utility as a defendant to a currently pending civil action in the Superior Court of California in and for the County of Placer County (the "**State Court**"), styled *Deuschel vs. Clear Point Financial Group, Inc. et al.,* Case No. SCV 0040437 (the "**State Court Case**"), and to prosecute the State Court Case against the Utility.

C. Deuschel noticed a hearing (the "**Hearing**") on the Motion for April 29, 2020. *See* Dkt. No. 6315.

D. On the terms set forth in this Stipulation, the Utility will consent to relief from the automatic stay with regard to the State Court Case.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. Effective as of the later of entry of an order approving this Stipulation or June 30, 2020, the automatic stay shall be modified to permit Deuschel to prosecute the State Court Case through final judgment and any appeals thereof, subject however to paragraph 3 of this Stipulation. The Parties agree that service of the Complaint in the State Court Case [Exhibit 1 to the Deuschel Declaration] on the Utility shall be deemed effective on the day stay relief becomes effective without need for further action

by Deuschel, and the Utility's initial responsive pleading in the State Court Case shall be due 31 days after the effective date of service of the Complaint.

2. The automatic stay shall remain in place as to any judgment for monetary recovery issued by the State Court to Deuschel. Deuschel may recover any such judgment only through the claims process in these Chapter 11 Cases. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Utility of any right to object on any grounds to any claim submitted by Deuschel in these Chapter 11 Cases.

3. Upon entry of an Order approving the Stipulation, the Motion shall be deemed withdrawn and the Hearing vacated.

4. This Stipulation shall be effective upon entry of an order by the Court approving it, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

5. This Stipulation is without prejudice to any aspect of the underlying State Court Case, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Utility or Deuschel of any claims, defenses, or arguments with respect to the same.

6. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Dated: April 22, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: April 21, 2020

/s/ *Laurie A Deuschel*
Laurie A. Deuschel

*In Pro Per*