David S. Casey, Jr., SBN 060768
dcasey@cglaw.com
Jeremy Robinson, SBN 188325
jrobinson@cglaw.com
Angela Jae Chun, SBN 248571
ajc@cglaw.com
P. Camille Guerra, SBN 326546
camille@cglaw.com
James M. Davis, SBN 301636
jdavis@cglaw.com
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT &**
**PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Certain Victims*
*From the Camp Fire and*
*2017 North Bay Fires*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No.: 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 (Lead Case) (Jointly Administered) |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **REPLY IN SUPPORT OF MOTION TO EXPUNGE CLASS PROOF OF CLAIM FILED BY GER HOSPITALITY, LLC** |
| **Debtors** | |
| ☐ Affects PG&E Corporation | Hon. Dennis Montali |
| ☐ Affects Pacific Gas and Electric Company | Date: April 29, 2020 |
| ☒ Affects both Debtors | Time: 10:00 a.m. (Pacific Time) |
| *\* All papers shall be filed in the Lead Case, No. 19-3088 (DM)* | Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |

## I. INTRODUCTION

In its Opposition [Docket No. 6716], GER Hospitality, LLC ("GER") does not dispute the reasons why class treatment is inappropriate for its Class Proof of Claim.[1] Those reasons, set forth in the Motion to Expunge[2], demonstrate that class treatment is inappropriate because GER's putative class has not been certified pre-petition, the putative class members have all received actual or constructive notice, the class claim would adversely impact the administration of the estate, and GER cannot meet the requirements of Federal Rule of Civil Procedure 23.

Instead, GER asserts that fire victims ("Claimants"), on whose behalf the undersigned attorneys filed the Motion to Expunge, lack standing and that the motion is premature. Neither assertion is correct.

As GER acknowledges in its Opposition, creditors may make objections to other creditors' claims and that "any party in interest may object to a claim." Claimants, some of whom fall within the class definition in GER's class action complaint, have done just so by moving this Court to expunge its Class Proof of Claim for the sake of orderly administration and preservation of the funds that will eventually be available to wildfire victims such as Claimants.

Claimants' Motion to Expunge is also not premature. Claimants need not wait until a motion for certification or request for application of Bankruptcy Rule 7023 is filed. GER cites no authority for its argument premised on prematurity.

Accordingly, Claimants seek an order expunging GER's Class Proof of Claim to the extent brought on a class basis.[3]

/ / /

/ / /

---

[1] Amended Proof of Claim no. 59725.
[2] As may be amended by Docket No. 6675.
[3] Claimants do not seek total expungement of GER's class proof of claim and only seek an order expunging its proof of claim to the extent brought on a class basis.

## II. ARGUMENT

### A. Claimants, as Creditors, Have Standing to Object to GER's Class Proof of Claim

Claimants filed the Motion to Expunge on March 23, 2020, and at that time the Court had not appointed a trustee or claims administrator. Seeing that GER's Class Proof of Claim threatened to disrupt the administration of the estate and diminish funds available to wildfire victims who have made claims, Claimants took the initiative to seek an order expunging the Class Proof of Claim and remove such a threat. While the trustee has the duty to examine proofs of claims and object to improper claims, the Advisory Committee notes to Bankruptcy Rule 3007 expressly state, and GER acknowledges, that "any party in interest may object to a claim" pursuant to section 502 of the U.S. Code. *See also In re Hashim*, 188 B.R. 633, 642 (Bkrtcy.D.Ariz. 1995) ("Creditors can object to proofs of claim," *citing* Section 11 U.S. Code section 502); *In re Williamson*, 43 B.R. 813, 820 (Bkrtcy.D.Utah. 1984) (declaring that a "creditor claiming an interest in the property of the estate…has the right to object to the validity of [] other claims, pursuant to Section 502(a) of the Code…").

In a footnote, GER suggests that the attorneys challenging its Class Proof of Claim "do not appear to represent any putative class members." GER's class is defined as, "[a]ll business entities located in Sonoma, Napa, Mendocino, Lake, and Solano Counties who suffered economic losses due to the wild fires…" To be clear, the attorneys challenging its Class Proof of Claim represent certain businesses located in Napa, *e.g.,* B Cellars, Patland Estate Vineyards, and Hagafen Cellars, which would fall within GER's class definition.

For that reason and the clear language of Section 502 of the Code, Claimants have standing to object to GER's Class Proof of Claim.

### B. Claimants' Motion to Expunge is Not Premature

GER argues that Claimants' Motion is premature, but it is not so. Claimants

filed its Motion before GER took any action so that the Court, trustee, or claims administrator would be spared the time-consuming process of determining whether class treatment is appropriate. Such a process would involve an adjudication of a request for application of Bankruptcy Rule 7023 to its class proof of claim – a necessary step for class treatment – and the ensuing analysis of GER's putative class action complaint. Claimants' Motion to Expunge requests an order that would avoid this.

GER also claims that the Motion to Expunge is premature because GER has not yet filed a motion for certification or requested application of Bankruptcy Rule 7023 to its Class Proof of Claim. That is not the standard. It is appropriate for a motion to expunge to be brought before either request is made in bankruptcy. *See, e.g., In re Sequoia Senior Solutions, Inc.*, 2017 WL 2533345, at *2 (Bkrtcy.N.D.Cal., 2017) (debtor filed motion to expunge in response to class proof of claim and before claimant moved for application of Bankruptcy Rule 7023). And it is similarly appropriate in a non-bankruptcy forum for a party to initially move for an order denying class certification. *See Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 n.1 (D. Nev. 2009) ("[A]lthough the plaintiff typically moves for class certification, the parties do not dispute that a defendant can move to deny class certification before a plaintiff moves for certification. Rule 23 does not preclude this.")

**C. Expungement of GER's Class Proof of Claim is Warranted**

GER does not dispute any of the reasons set forth in the Motion to Expunge for why class treatment of its proof of claim is inappropriate. GER does not dispute that the three *Musicland* factors all counsel against class treatment: its putative class was not certified before the petition; the robust notice procedures have been largely successful in providing notice of the bar dates to wildfire victims such as GER's putative class members; and class treatment would negatively impact the administration of the estate. The Opposition also does not dispute that it cannot satisfy the requirements of Federal Rules of Civil Procedure section 23.

## III. CONCLUSION

For the above-stated reasons and those in the Motion to Expunge, Claimants respectfully request that this Court enter an order expunging GER's Class Proof of Claim to the extent brought on a class basis.

Dated: April 22, 2020                                Respectfully submitted,

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

By: /s/ James M. Davis
David S. Casey, Jr.
Jeremy Robinson
Angela Jae Chun
P. Camille Guerra
James M. Davis

Attorneys for Certain Victims
From the Camp Fire and
2017 North Bay Fires