1 | RICHARD A. MARSHACK, SBN 107291
rmarshack@marshackhays.com
D. EDWARD HAYS, SBN 162507
ehays@marshackhays.com
LAILA MASUD, SBN 311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, CA 92620
Tel: 949-333-7777

Gerald Singleton SBN 208783
gerald@slffirm.com
Gary LoCurto, SBN 270372
glocurto@slffirm.com
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel. (619) 771-3473

Attorneys for SLF Fire Victim Claimants

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>          Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case: No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) - (jointly Administered)<br><br>**OPPOSITION TO WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019; AND**<br><br>**JOINDER TO PRELIMINARY OPPOSITION TO WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019 FILED BY NUMEROUS WILD FIRE CLAIMANTS**<br><br>[Re: Docket Nos. 6799, 6798 and *6801*]<br><br>Date:     TBD<br>Time:    TBD (Pacific Time)<br>Place:   United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

1

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD

The Singleton Law Firm, APC ("SLF"), Marshack Hays LLP, and their co-counsel represent approximately 7,000 victims of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire ("SLF Fire Victim Claimants"). On April 20, 2020, as Dk. No. 6799, Claimant William B. Abrams ("Abrams") filed a *Motion to Designate Improperly Solicited Votes Pursuant to 11 U.S.C. §§ 1125(b) and 1126(e) and Bankruptcy Rule 2019* ("Motion"). On April 20, 2020, as Dk. No. 6801, Watts Guerra LLP, attorneys for Numerous Wild Fire Claimants, filed a *Preliminary Opposition to the Motion* ("Watts Guerra Opposition"). The SLF Fire Victim Claimants respectfully submit their opposition to the Motion and a joinder to the Watts Guerra Opposition as follows:

## **OBJECTION**

The overriding goal in the voting phase of a confirmation process is to provide the holders and interests with as much relevant, accurate and meaningful information as possible. In furtherance of this goal, claim holders may solicit acceptances or rejections of a debtor's plan. To that end, attorneys commonly provide information as to pros and cons of any plan to ensure that votes are made with all information having been considered. However, courts should not allow a party to circumvent the system by proposing or suggesting an alternative plan which has neither gained court approval nor been subject to adequate disclosure. Not to be dissuaded, Movant has refashioned his disdain for Debtors' Plan by targeting Fire Claimant Professionals as having conflicts and not providing the full picture to fire victims when in reality, nothing is further from the truth. In fact, Movant may be the party providing inaccurate information in an attempt to garner support for a "plan" that is not court-approved and likely subject to sanctions under the very authority cited in the Motion.

Section § 1125(b) provides once a disclosure statement has been approved by a bankruptcy court <u>and</u> transmitted to creditors along with a plan or reorganizations, plan acceptances or rejections *can* be solicited. 11 U.S.C. §1125(b). A soliciting party may without prior court approval—(1) offer a narrative, evidence, conclusions, or opinions contrary to that enunciated in the plan or disclosure statement; (2) assert positions, evidence, conclusions, or opinions of relevant matters which are not

contained in the plan or court-approved disclosure statement; or (3) offer evidence or opinions of an alternative liquidation analysis, since the debtors have a liquidation analysis as part of their disclosure statement. *In re Apex Oil Co.*, 111 B.R. 245, 249 (Bankr. E.D. Mo. 1990). In sum, a soliciting party may react to and present contrary views regarding the court-approved disclosure statement, ***but may not present or suggest an alternative plan which has not been subject to court scrutiny regarding adequacy of disclosure,*** provided that such information was not an alternative plan that had not been approved by the court for distribution. *Id*. Separately, Section 1126(e) provides "a court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith . . . ." 11 U.S.C. § 1126(e). To "designate" means the votes for the claims will not be counted in voting to accept or reject the plan. *Figter Ltd. v. Teachers Ins. & Annuity Ass'n of Am. (In re Figter Ltd.),* 118 F.3d 635, 638 (9th Cir. 1997).

      Movants "ask" of the court is (1) to designate votes that have been improperly solicited and (2) either restart the voting process free of these improper solicitations or issue a letter from the court asking victims to revote. Per Movant, "[a]t a minimum, the voting process should be redone and this court should seriously consider if the whole plan of reorganization should be abandoned and a new process defined ..." Motion, 2:13-14; 3:25; 8:25. But nothing in the Motion points to any actions taken *prior* to approval and transmittal of the disclosure statement and Plan that would warrant such a drastic measure. That is because <u>nothing untoward or improper</u> has occurred that would serve as a basis upon which any votes should be disqualified. In fact, the sole instance of "bad faith solicitation," raised in the Motion is an advertisement that was published ***on the first day of voting*** on Debtors' Plan– thus *after* this court approved the disclosure statement and transmittal of the statement and plan was underway. Motion p. 4, fn. 2. It seems the Movant's qualms -aside from that he is strongly unhappy with the Plan - is that one solicitation did not wait until perhaps day 2 or day 7 of voting to be published. Such an argument is little more than semantics and is not what is required under the law. The bottom line is all solicitations occurred only after the disclosure statement was approved and transmitted alongside the Plan to fire victims.

3

Everyone has right to be involved in this bankruptcy process – especially individual fire victims. To that end, each individual party has a responsibility to accurately represent the facts. SLF applauds Movant's efforts in expressing his strong views and lack of support for the Plan, but Movant is unfortunately misinformed on the facts. Repeatedly and incorrectly, Movant states that provisions in the RSA prevent Fire Claimant Professionals from explaining the pros and cons of Debtors' Plan. But <u>he is wrong</u>. Moreover, when Movant argues that the Fire Claimant Professionals are violating rules of professional conduct for failing to apprise clients of the same <u>he is wrong</u>. Without exception, SLF has gone out of its way to make sure its clients are exposed to the pros and cons of the Plan– *including* Movants' views. In fact, Movant organized a townhall where the following speakers engaged in an active debate with respect to the pros and cons of the Plan: Mr. Mikal Watts, Mr. Gerald Singleton, Ms. Bonnie Kane, Mr. Francis Scarpulla, Professor Jason Meek of Berkeley Law, Professor Jared Ellias. Mr. Singleton then publicized the debate on the firm's website so SLF clients could see for themselves both sides. Simply stated, all information is shared with SLF clients and while Movant can say he does not like the Plan it is not appropriate to make inaccurate and false statements about SLF withholding information from its clients. Plainly put, Movants *factually inaccurate views cannot and should not be disseminated* which includes Movants repeated efforts to claim Fire Claimant Professionals are not adequately advising their clients.

Furthermore, SLF takes issue with Movant and other less informed attorneys repeatedly disseminating information about other ideas as if they are real plans that can be voted on. Time and time again, Movant and at least one other attorney who has appeared before this court, have spoken at townhalls and public debates of an alternate customer owned utility plan - <u>that is not a court approved plan of reorganization nor one subject to a disclosure statement</u>. Neither Movant nor anyone else cannot solicit victims and discuss plans that are not "on the table." At the end of the day, there are no other plans of reorganization that have been submitted to the bankruptcy court let alone approved for dissemination. Representing to the public and media otherwise is wrong.

At the end of the day, SLF wants its clients to have all factually accurate information at their fingertips in order to make an informed decision on Debtors' Plan. Thus, SLF is at a loss to

4

understand Movants' arguments that fire victims are not being given both sides on the Plan when at least with respect to SLF **they are**.

## CONCLUSION

For the reasons set forth above, the SLF Fire Victim Claimants respectfully request that the Court deny the Motion.

Dated: April 22, 2020								Respectfully submitted,

MARSHACK HAYS, LLP

By:	*/s Richard Marshack*
	Richard A. Marshack, Esq.
	D. Edward Hays, Esq.
	Laila Masud, Esq.

SINGLETON LAW FIRM, APC

By:	*/s Gerald Singleton*
	Gerald Singleton, Esq.
	Gary LoCurto, Esq.
Attorneys for SLF Fire Victim Claimants