**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF ADJOURNMENT OF HEARING ON DEBTORS' 2020 EMPLOYEE COMPENSATION MOTION** |
| Debtors. | [Relates to Dkt. Nos. 6088-91, 6357-58, 6411] |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Regarding Motion Set for Hearing<br>April 29, 2020 at 10:00 a.m. PDT |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**", and collectively with PG&E Corp., the "**Debtors**"), as debtors and debtors in possession in the above-captioned cases, hereby provide this notice of adjournment ("**Notice**") regarding the April 29, 2020 hearing (the "**Hearing**") on the Debtors' *2020 Employee Compensation Motion* [Dkt. No. 6088] (the "**Motion**").

On March 22, 2020, the Court issued the *Order Regarding Motion for Approval of STIP, LTIP, and Performance Metrics* (the "**Order**"). *See* Dkt. No. 6411. In the Order, the Court stated, among other things, its desire to "await completion of the aspects of the PLAN OII that impact the Motion." *Id.* at 3. Accordingly, the Court continued the original hearing date for the Motion to April 29, 2020, and requested that, one week prior to the Hearing, the Debtors "supplement the Motion to inform the court and others of any determination made by the CPUC relevant to the Motion." *Id.* at 4.

On April 20, 2020, the California Public Utilities Commission (the "**Commission**") issued a proposed decision of Administrative Law Judge Peter Allen (the "**Proposed Decision**") in Investigation 19-09-016 (the "**Plan OII**"). *See* Ex. A (excerpt of Executive Compensation section of Proposed Decision). The Proposed Decision states that "given the schedule of [the Plan OII] the detail and complexity of the issues, and the need to address executive compensation thoroughly and carefully, we simply cannot adequately review, analyze and resolve in this decision the issues that have been presented." *Id.* at 89. The Proposed Decision further states that, for purposes of the Commission's Decision, "PG&E's executive compensation plan minimally and conditionally satisfies the requirements of Public Utilities Code Section 8389(e)(6)(C), subject to further proceedings before this Commission." *Id.* at 90. The Proposed Decision closes by directing the Debtors to "provide additional information for the further refinement of its executive compensation plan" in a future proceeding before the Commission. *Id.*

The Proposed Decision may be heard, at the earliest, at the Commission's May 21, 2020 Business Meeting. As stated in the cover letter accompanying the Proposed Decision, "[u]ntil

and unless the Commission hears the item and votes to approve it, the proposed decision has no legal effect." Comments on the Proposed Decision are due on May 11, 2020, and reply comments are due on May 18, 2020.

In light of the Proposed Decision and certain other concerns raised by the Court, the Debtors have determined to adjourn the Hearing, without setting an adjourned date for the Hearing at this time. At such time that the Debtors determine that it is appropriate to proceed with the Motion, they will provide appropriate notice of a new hearing date. The Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants were the only two entities to file pleadings in response to the Motion, *see* Dkt Nos. 6357 and 6358, respectively, and each have consented to the adjournment of the Hearing.

Dated: April 22, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Jessica Liou*
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*