Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:    415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>        -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON REAX ENGINEERING, INC.**<br><br>[No Hearing Required Per L.B.R. 2004-1(a)] |

The Official Committee of Tort Claimants (the "**TCC**"), by and through its undersigned counsel, hereby submits this Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1(a) for Entry of an Order Authorizing the Service of a Subpoena (the "**Application**") on Reax Engineering, Inc. ("**Reax**"), who is one of the third-party contractors, vendors, suppliers and/or consultants (collectively, the "**PG&E Contractors**") who provided services to PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**"), requesting that this Court enter an order authorizing service of the subpoena attached hereto as **Exhibit B** on Reax as set forth below.

# I.

# DISCUSSION

Under the terms of the Restructuring Support Agreement between the Debtors, the TCC and certain other parties (the "**RSA**"), and the Debtors' proposed plan of reorganization which incorporates terms required by the RSA (the "**Plan**"), the Debtors have agreed that their confirmed Plan will assign to the future Fire Victim Trust:

> any and all rights, claims, causes of action, and defenses related thereto relating directly or indirectly to any of the Fires that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management) …

*See* RSA, Dkt. No. 5038-1, page 42 (the "**Assigned Claims**").

At the hearing held in this Court on December 17, 2019 at which the RSA was approved by this Court, counsel for the Official Committee of Unsecured Creditors ("**UCC**") raised a prospective objection to confirmation of the Debtors' proposed Plan on feasibility grounds, on the theory that the Debtors will be unable to obtain the PG&E Contractors' services that they require in order to comply with AB 1054 if the Fire Victim Trust receives an assignment of the Assigned Claims, because PG&E Contractors will be unable to obtain insurance to cover their services. As a result of this potential Plan objection, the documents that are requested by the attached subpoena are all directly relevant and integral to the Plan confirmation process. In particular, given the Debtors' practice of requiring that it be named as an "additional insured" in the

insurance policies of its PG&E Contractors, all requested insurance policies and correspondence related thereto are relevant and not subject to any privilege or confidentiality protection. Indeed, the estate has a property interest in its right to direct coverage under such policies. Similarly, requested contracts and related information pertaining to the scope of each contractors' work, indemnification obligations, and the nature of the work that would need to be replaced by the Debtors if such contractor were unable to obtain insurance because of the Assigned Claims, are all directly relevant to the Plan confirmation proceedings.

The TCC also seeks the requested documents for the purpose of determining the nature and value of the Assigned Claims so that the TCC may address any objections at Plan confirmation that pertain such matters, and to permit the TCC to assist the future Fire Victim Trust to understand the nature of actions that may be subject to statutes of limitations that could expire shortly after the Plan's Effective Date. Such information is necessary to ensure that the prospective value of the Assigned Claims is not lost, whether due to a Plan objection that opposes the assignment, or due to expiration of a statute of limitations.

This Motion represents a procedural correction. The TCC previously issued 107 subpoenas to obtain the same information, on the belief that a contested matter pertaining to Plan confirmation had been created by the UCC's announced Plan objection. Prior to the Court's instruction that Rule 2004 is the proper procedure by which the TCC may obtain such information, the TCC had already withdrawn approximately one quarter of its subpoenas, or had received documents from approximately one quarter of the recipients.

Rule 2004 permits any party in interest to take an examination of "any entity" with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate …" and obtain documents. Fed. R. Bankr. P. 2004(a) and (b). At this time, the TCC only seeks to obtain documents, and does not intend to take an in-person examination of any party. *In re Verity Health Sys. of California*, 2019 Bankr. LEXIS 2055 *35 (Bankr. C.D. Cal. May 24, 2019) ("Rule 2004 contains a mechanism for compelling the production of documents"). If the TCC concludes that it requires an in-person examination, it will file a separate motion to make such a request. There are no

pending adversary proceedings in which this same discovery could be taken at this time, and therefore the relief accorded by Rule 2004 remains the relevant means for the TCC to obtain this necessary information for the plan solicitation/confirmation process, and to permit a seamless transition for the Fire Victim Trust.

The TCC has been attempting for nearly a year to obtain as much information about these matters from the Debtors as can be obtained. That production has been insufficient, and cannot fully address the issues that may arise at plan confirmation, as each Contractor is likely to be the only party that has all of the insurance contracts, insurance correspondence, claims demands, and other such information that will be relevant to a Plan objection.

The documents that the TCC seeks from each of the PG&E Contractors are limited in scope, and fall into the following general categories:

1. Contracts, and authorizations for work under such Contracts, with either or both of the Debtors, or any intermediate contractor;
2. Documents that constitute or contain reports, analyses, summaries, or descriptions of the work performed by the Contractor for either or both of the Debtors;
3. Indemnification/hold harmless agreements related to services provided to either or both of the Debtors;
4. Insurance Policies and related documents and communications that cover claims by either or both of the Debtors arising out of such PG&E Contractors' services; and
5. Documents pertaining to any payments or obligations arising under the insurance policies sought in the subpoena.

As this list demonstrates, this Motion seeks a limited scope of discovery relating to the Assigned Claims and the UCC's proposed Plan objection.

**TIME AND PLACE FOR PRODUCTION**

The requested date of the document production is twenty-one (21) days from entry of an order granting the Application. This provides a reasonable time for production after the anticipated date of entry of such order. Reax was already served by the TCC with a subpoena on January 11, 2020, and has had substantial notice of the documents sought by the TCC. This

Motion corrects a procedural defect in the service of that subpoena, and seeks the identical documents.

Service of the Application is effective via the Court's electronic notice.

**NO PRIOR REQUEST FOR RELIEF**

No previous application for the relief sought herein has been made to this Court under F.R.B.P. 2004. Rather, the TCC previously served the identical subpoena pursuant to F.R.B.P. 9016 and F.R.C.P. 45, on the understanding that the U.C.C.'s description of a prospective Plan objection created a contested matter under F.R.B.P. 9014. Upon a ruling of the Court at a hearing held on March 10, 2020, this Court confirmed that a Rule 2004 exam is the procedure that the TCC should use to obtain the requested information.

**CONCLUSION**

Accordingly, this Application is properly made on an ex parte basis under Local Rule 2004-1(a) and the TCC respectfully requests this Court immediately take notice of the Application and enter an order in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as may be just.

Dated: April 23, 2020

BAKER & HOSTETLER LLP

By:  /s/ David J. Richardson
Robert Julian
Cecily A. Dumas
David J. Richardson

*Attorneys for The Official Committee of Tort Claimants*

# EXHIBIT A

| | |
|---|---|
| 1 | Robert A. Julian (SBN 88469) |
| | Cecily A. Dumas (SBN 111449) |
| 2 | BAKER & HOSTETLER LLP |
| | Transamerica Pyramid Center |
| 3 | 600 Montgomery Street, Suite 3100 |
| | San Francisco, CA 94111-2806 |
| 4 | Telephone: 415.659.2600 |
| | Facsimile: 415.659.2601 |
| 5 | Email: rjulian@bakerlaw.com |
| | Email: cdumas@bakerlaw.com |
| 6 | |
| 7 | Eric E. Sagerman (SBN 155496) |
| | David J. Richardson (SBN 168592) |
| | Lauren T. Attard (SBN 320898) |
| 8 | BAKER & HOSTETLER LLP |
| | 11601 Wilshire Blvd., Suite 1400 |
| 9 | Los Angeles, CA 90025-0509 |
| | Telephone: 310.820.8800 |
| 10 | Facsimile: 310.820.8859 |
| | Email: esagerman@bakerlaw.com |
| 11 | Email: drichardson@bakerlaw.com |
| | Email: lattard@bakerlaw.com |

*Counsel for Official Committee of Tort Claimants*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| -and- | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | **ORDER GRANTING THE EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON REAX ENGINEERING, INC.** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

The Court, having reviewed the Ex Parte Application of the Official Committee of Tort Claimants Pursuant to Bankruptcy Rule 2004 for Entry of an Order Authorizing Service of a Subpoena on Reax Engineering, Inc. filed on April 23, 2020 (the "Application"), and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted, as provided herein.

2. The TCC is authorized to serve the subpoena attached to the Application as Exhibit B, with an amended return date of 21 days from the date of this Order.

**END OF ORDER**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT

Northern District of California

In re PG&E Corporation
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 19-30088 (DM)

Chapter 11

_____ Plaintiff
v.
_____ Defendant

Adv. Proc. No. _____

**SUBPOENA PURSUANT TO F.R.B.P. 2004 TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Reax Engineering, Inc. c/o Christopher W. Lautenberger, 12435 Homestead Way, Auburn, CA 95603
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Bridget McCabe c/o Veritext, 1 Capitol Mall, Suite 240, Sacramento CA 95814 | May 15, 2020 at 1:00 PM PST |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/23/2020

CLERK OF COURT

OR

_____          /s/ Bridget S. McCabe
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                              Bridget S. McCabe

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Tort Claimants, who issues or requests this subpoena, are:
Bridget S. McCabe, 11601 Wilshire Blvd., Suite 1400, Los Angeles, CA 90025, bmccabe@bakerlaw.com, (310) 442-8844

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

Case: 19-30088    Doc# 6914    Filed: 04/23/20    Entered: 04/23/20 18:10:01    Page 12 of 18

# EXHIBIT A

# DEFINITIONS

1. As used herein, the words "Document" and "Documents" mean each written, typed, printed, recorded, transcribed, taped, electronically stored, digitized, disked, filmed, or graphic matter of every kind, however produced or reproduced, including originals or copies of originals not in existence or available, all drafts or partial copies, wherever located, and including all Electronic Data, correspondence, letters, emails, memoranda, requests for information, reports, studies, tests, inspections, working papers, handwritten notes, diaries, charts, spreadsheets, photographs, sketches, drawings, blueprints, videos, graphs, indices, submittals, data sheets, databases, conversations, statements, minutes, notations (including notes or memorandum of conversations), telephone conversations in whatever form, suggestions, comments, instructions, warnings, notices, manuals, periodicals, pamphlets, brochures, catalogues, bulletins, schedules, invoices, and other documentation.

2. The term "Electronic Data" as used herein, shall be construed as the following types of electronic data and data compilations in the custody and/or control of the party responding to this Subpoena:

    a. All electronic mail and information about electronic mail sent or received by the party responding to this Subpoena;

    b. All databases containing any reference and/or information;

    c. All activity logs on any computer system which may have been used to process or store electronic data containing information;

    d. All word processing files and file fragments, including metadata, containing information about the below listed subjects;

    e. All electronic data files and file fragments created by application programs that process information requested herein;

    f. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the below-listed subjects; and

g. All audio and video recordings sent, received, or stored by the party responding to this Subpoena that contains, references, or otherwise identifies information about the below listed subjects.

3. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

4. The terms "You" and "Your" refer to the party responding to this Subpoena.

5. The term "PG&E" refers to PG&E Corporation and/or Pacific Gas & Electric Company.

6. The term "Work" means any activity performed by You in fulfillment of Your duties, contractual or otherwise, to PG&E.

7. The term "Communication(s)" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

8. The term "Fires" means the fires that occurred in Northern California in 2015, 2017 and 2018 listed below:

1. Butte Fire (2015)
2. North Bay Wildfires (2017)
    a. 37
    b. Adobe
    c. Atlas
    d. Blue
    e. Cascade
    f. Cherokee
    g. Honey
    h. LaPorte
    i. Lobo
    j. Maacama / Youngs

- 2 -

k. McCourtney
l. Norrbom
m. Nuns
n. Partrick
o. Pocket
p. Point
q. Pressley
r. Pythian / Oakmont
s. Redwood / Potter Valley
t. Sullivan
u. Sulphur
v. Tubbs

3. Camp Fire (2018)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that constitute and/or memorialize any and all contracts and/or work agreements between You and PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that constitute and/or memorialize, any and all indemnification and/or hold harmless agreements between You and PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that constitute and/or, memorialize any and all reports, analyses, summaries, or descriptions of Your work for PG&E, for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 4**

All Documents that constitute and/or, memorialize Commercial General Liability insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents that constitute and/or, memorialize Errors & Omissions/Professional Liability insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that constitute and/or, memorialize Directors & Officers insurance policies, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents that constitute and/or, memorialize Environmental/Pollution Liability insurance policies, including but not limited to all applications, declarations, policies and

endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents that constitute and/or, memorialize insurance policies, not otherwise produced in response to Request Nos. 4-7, that You were contractually required to maintain pursuant to any contracts You had with PG&E, including but not limited to all applications, declarations, policies and endorsements, for which You are an insured, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that constitute and/or, memorialize other insurance policies, not otherwise produced in response to Requests 4-8, that provide defense coverage, indemnity, and/or other coverage of claims arising from or related to Your services or acts, including but not limited to all applications, declarations, policies and endorsements, for the time period 2013 to the present. Included in this request are all such policies whether insuring You alone, or You as well as others.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurers for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related, directly or indirectly, to the Fires and/or Your Work for PG&E.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurance brokers or agents for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related, directly or indirectly, to the Fires and/or Your Work for PG&E.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurers for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related to work that You performed for any entity other than PG&E but that was the same or similar in nature to the Work you performed for PG&E.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that constitute, refer or relate to notices of claims, tenders and coverage Communications—including but not limited to coverage positions and insurance analyses—between You and any insurance brokers or agents for all such insurance policies subject to Request Nos. 4-9, for the time period 2013 to the present related to work that You performed for any entity other than PG&E but that was the same or similar in nature to the Work You performed for PG&E.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents constituting, memorializing, or reflecting any payment of Your defense costs and/or indemnity and/or ultimate net loss, however it may be defined by any given policy, made by each insurance carrier subject to Request Nos. 4-9 for the time period 2013 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents constituting, memorializing, or reflecting insurance policy limits remaining available for payment of covered claims under each policy where an insurance carrier has made a payment subject to Request No. 14.