**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Richard Slack (*pro hac vice*)
richard.slack@weil.com
Theodore E. Tsekerides (*pro hac vice*)
(Theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)|
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DEBTORS' OMNIBUS RESPONSE TO MOTIONS TO ENLARGE TIME TO FILE RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORMS** <br><br> Relates to Dkt. No. 6888, 6898-6900 <br><br> [No Hearing Date Noticed] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), respectfully submit this omnibus response (the "**Response**") to the motions filed on April 22 and April 23, 2020 [Dkt. Nos. 6888, 6898-6900] (the "**Motions**", and the individuals that filed the Motions, collectively, the "**Movants**"), seeking to enlarge or extend the time for each Movant to file Rescission or Damage Claim Proof of Claim Forms.[1]  Contemporaneous with this Response, the Debtors submit the Declaration of Christina F. Pullo (the **"Pullo Declaration"**), dated April 24, 2020.

## RESPONSE

1. On February 27, 2020, the Court issued the Order (i) Denying Securities Lead Plaintiffs' Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages [Dkt. No. 5943] (the "**Order**").  A copy of the Order is annexed hereto as **Exhibit A**.  The Debtors submit this Response to confirm to the Court that they have strictly complied with the terms of the Order, and to address how they intend to resolve the Motions and any similar motions that may be filed by individuals or other similarly situated claimants.

2. Pursuant to Paragraph 2 of the Order, the Court extended the Original Bar Date to Midnight on April 16, 2020 (Prevailing Pacific Time) (the "**Extended Securities Claims Bar Date**") solely with respect to those persons or entities that purchased or acquired certain of the Debtors' publicly traded debt and/or equity securities (the "**Debt or Equity Securities**") during the period from April 29, 2015 through November 15, 2018 (the "**Putative Class Period**"), to allow those persons to individually make a determination whether to file certain rescission or damages claims against the Debtors.

3. In strict compliance with Paragraph 5 of the Order, on March 2, 2020, Prime Clerk LLC ("**Prime Clerk**"), on behalf of the Debtors, mailed (i) a Rescission or Damage Claim Proof

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Order (as defined below).

1

Case: 19-30088    Doc# 6934    Filed: 04/24/20    Entered: 04/24/20 15:45:45    Page 2 of 6

of Claim Form, and (ii) the Rescission or Damage Claim Bar Date Notice (collectively, the "**Rescission or Damage Claim Bar Date Materials**") to the 75,089 parties identified by EQ Shareowner Services as registered holders of the Equity Securities during the Putative Class Period. *See Certificate of Service*, dated March 6, 2020 [Dkt. No. 6177] (the "**Certificate of Service**"), ¶ 2; Pullo Decl. ¶ 3.

4. In addition, also in strict compliance with Paragraph 6 of the Order, on February 28, 2020, Prime Clerk, on behalf of the Debtors, served the Rescission or Damage Claim Bar Date Materials on approximately 795 banks, brokers, and financial institutions (or their agents) (collectively, the "**Nominees**")[2] that might have purchased the Debt or Equity Securities in "street name" on behalf of the underlying beneficial owners of those Debt or Equity Securities during the Putative Class Period. *See* Certificate of Service ¶ 3; Pullo Decl. ¶ 4.

5. Pursuant to Paragraph 6(a) of the Order, the Nominees were required, within seven (7) calendar days of receipt from Prime Clerk of the Rescission or Damage Claim Bar Date Materials, either to (i) request from Prime Clerk sufficient copies of the Rescission or Damage Claim Bar Date Materials for the Nominees to forward to their beneficial owners and, within seven (7) calendar days of receipt by the Nominees from Prime Clerk of those copies, forward those copies to all their beneficial holders; or (ii) provide to Prime Clerk a list of the names and addresses of all their beneficial owners, in which case Prime Clerk was required to send the Rescission or Damage Claim Bar Date Materials promptly to such identified beneficial owners.

6. In addition to the Rescission or Damage Claim Bar Date Notice, which has a specific section addressed to Nominees regarding the applicable noticing requirements and deadlines, Prime Clerk also included in its February 28, 2020 mailing of the Rescission or Damage Bar Date Materials to the Nominees a cover letter that restated the detailed instructions regarding these Court-ordered requirements and deadlines. *See* Pullo Decl. ¶ 5. A copy of this

---

[2] These approximately 795 Nominees were served at approximately 1,095 different addresses. In addition, included in the list of Nominees are the clearinghouses through which the Nominees hold securities, such as The Depository Trust Company, Euroclear, and Clearstream (among others).

2

letter is attached as Exhibit 1 to the Pullo Declaration. The letter included language directly restating the Court's instructions and deadlines as follows:

> The Court has directed nominees to comply with the following: **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to Prime Clerk the name and last known address of each person or entity for whom or which you purchased or acquired the securities; or (b) request additional copies of this Notice and the Rescission or Damage Claim Proof of Claim Form from Prime Clerk, which will be provided to you free of charge, and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities.

7. During the period beginning February 28, 2020 and ending on April 2, 2020, Prime Clerk received requests from Nominees to send approximately 160,000 printed copies of the Rescission or Damage Claim Bar Date Materials, either to various beneficial owners identified by such Nominees, or directly to the Nominees for the Nominees to distribute to their beneficial owners. *See* Pullo Decl. ¶ 6. These mailings to Nominees and beneficial owners, as applicable, were completed by Prime Clerk typically within two to five days of receiving the required information from the respective Nominee, and Prime Clerk in no instance took longer than one week to complete any such mailing. *See id*. Accordingly, the Debtors, through Prime Clerk, have fully and timely complied with the Order.

8. Between the dates of April 3, 2020 and April 15, 2020, long after the Order's required seven-day period, Prime Clerk received requests from three (3) additional Nominees (the "**Late Nominees**") requesting mailings of approximately 110,000 additional printed copies of the Rescission or Damage Claim Bar Date Materials, either directly to their beneficial holders or to the Late Nominee, as designated by the Late Nominee. *See* Pullo Decl. ¶ 7. Prime Clerk promptly completed each of the Late Nominees' requested mailings. *See id*. However, given the timing of the requests by the Late Nominees, it is likely that certain beneficial holders who purchased their Debt or Equity Securities through the Late Nominees did not receive the

3

Case: 19-30088    Doc# 6934    Filed: 04/24/20    Entered: 04/24/20 15:45:45    Page 4 of 6

Rescission or Damage Claim Bar Date Materials until just before or shortly after the Extended Securities Claims Bar Date.[3]

9. Prime Clerk, at the Debtors' direction, has accepted for processing and is continuing to accept for processing Rescission or Damage Claim Proof of Claim Forms notwithstanding the passage of the Extended Securities Claims Bar Date, and individuals who have contacted Prime Clerk or the Debtors have been advised that they may still file Rescission or Damage Claim Proof of Claim Forms, but that the Debtors reserve their rights with respect thereto. *See* Pullo Decl. ¶ 8.

10. The Debtors are willing to waive any objection to the Movants' Rescission or Damage Claims that are the subject of the Motions solely on the basis that the Movants' respective claims were not timely filed, and reserve their rights with respect to any other objections or otherwise with respect to such claims.

11. The Debtors, however, are concerned that the foregoing not be a precedent, or deemed to be a precedent, with respect to any other Rescission or Damage Claims, and that they may be faced with an onslaught of parties seeking similar relief. This would do violence to the intent and purpose of the Extended Securities Claims Bar Date and potentially adversely impact the administration of these Chapter 11 Cases.

12. In view of the foregoing, the Debtors suggest that, as stated above, with respect to Movants' Rescission or Damage Claims that are the subject of the Motions, the Debtors will waive their right to object to those claims solely on the basis of timeliness, provided that such claims, to the extent they have not been filed, be filed within three (3) business days after the entry by this Court of an order resolving the Motions. With respect to any party seeking similar relief, the Debtors believe that such requests should be addressed on a case-by-case basis. If the Court agrees with this approach, the Debtors will submit a proposed order reflecting the same.

---

[3] The Debtors have not directed Prime Clerk to mail copies of the Rescission or Damage Claim Bar Date Materials in response to any requests received from Nominees on or after April 16, 2020, the Extended Securities Claims Bar Date.

Dated: April 24, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

By:    */s/ Stephen Karotkin*
        Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*