# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | **Bankruptcy Case** |
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **Chapter 11** |
| | **(Lead Case)** |
| **Debtors.** | **(Jointly Administered)** |

## AFFIDAVIT OF PUBLICATION

I, Christina Pullo, depose and say that:

1.      I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims, noticing, and solicitation agent for the debtors (collectively, the "***Debtors***") in the above-captioned chapter 11 bankruptcy cases.

2.      This Affidavit of Publication includes sworn statements verifying that the *Notice of (I) Approval of Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Establishment and Approval of Record Date, Voting Deadline, and Other Plan Solicitation and Voting Procedures; (III) Approval of Forms of Ballots, Solicitation Packages, and Related Notices; (IV) Establishment of Plan Confirmation Notice Procedures; and (V) Other Related Relief* (the "***Confirmation Hearing Notice***") as conformed for publication, was published on April 14, 2020 in the following publications:

- *The Bakersfield Californian* as described on **Exhibit A** attached hereto
- *East Bay Times* as described on **Exhibit B** attached hereto
- *Times-Standard* as described on **Exhibit C** attached hereto

- *The Fresno Bee* as described on **Exhibit D** attached hereto

- *The Union* as described on **Exhibit E** attached hereto

- *Los Angeles Times* as described on **Exhibit F** attached hereto

- *Marin Independent Journal* as described on **Exhibit G** attached hereto

- *The Modesto Bee* as described on **Exhibit H** attached hereto

- *Napa Valley Register* as described on **Exhibit I** attached hereto

- *Record Searchlight* as described on **Exhibit J** attached hereto

- *The Sacramento Bee* as described on **Exhibit K** attached hereto

- *San Francisco Chronicle* as described on **Exhibit L** attached hereto

- *San Jose Mercury News* as described on **Exhibit M** attached hereto

- *The Press Democrat* as described on **Exhibit N** attached hereto

- *The Record* as described on **Exhibit O** attached hereto

- *Ukiah Daily Journal* as described on **Exhibit P** attached hereto

- *USA Today* national edition as described on **Exhibit Q** attached hereto

- *The Wall Street Journal* national edition as described on **Exhibit R** attached hereto

3.      On April 15, 2020, the Confirmation Hearing Notice was published in the following publications:

- *Chico Enterprise Record* as described on **Exhibit S** attached hereto

- *Mad River Union* as described on **Exhibit T** attached hereto

- *Mount Shasta Area Newspapers* as described on **Exhibit U** attached hereto

- *Paradise Post* as described on **Exhibit V** attached hereto

- *Red Bluff Daily News* as described on **Exhibit W** attached hereto

- *San Francisco Examiner* as described on **Exhibit X** attached hereto

- *Siskiyou Daily News* as described on **Exhibit Y** attached hereto

- *The Trinity Journal* as described on **Exhibit Z** attached hereto

4.     On April 16, 2020, the Confirmation Hearing Notice was published in the following publications:

- *The Ferndale Enterprise* as described on **Exhibit AA** attached hereto
- *Modoc County Record* as described on **Exhibit BB** attached hereto

5.     On April 17, 2020, the Confirmation Hearing Notice was published in the following publications:

- *Del Norte Triplicate* as described on **Exhibit CC** attached hereto

6.     I declare under penalty of perjury under the laws of the United Stated of America, that the foregoing is true and correct and that if called upon as a witness, I could and would competently testify thereto.

Executed this 24th day of April 2020, at New York, NY.

Christina Pullo

/s/ MARK M BROWN
Notary Public, State of New York No. 02BR6305738
Qualified in New York County
My Commission Expires June 09, 2022

# Exhibit A

# PROOF OF PUBLICATION

**The BAKERSFIELD CALIFORNIAN**
**P.O. BOX 440**
**BAKERSFIELD, CA 93302**

| | | | |
|---|---|---|---|
| **Ad Number:** | 14713077 | **PO #:** | R4060029 |
| **Edition:** | CALC | **Run Times** | 1 |
| **Class Code** | Main | | |
| **Start Date** | 04/14/2020 | **Stop Date** | 04/14/2020 |
| **Billing Lines** | Display | **Inches** | 1/2 Page |
| **Total Cost** | | **Account** | |
| **Billing** | | | |
| **Address** | | | |

STATE OF CALIFORNIA
COUNTY OF KERN

| | |
|---|---|
| **Solicitor I.D.:** | 0 |
| **First Text** | PG&E Corporation |
| **Ad Number** | 14713077 |

I AM A CITIZEN OF THE UNITED STATES AND A RESIDENT OF THE COUNTY AFORESAID: I AM OVER THE AGE OF EIGHTEEN YEARS, AND NOT A PARTY TO OR INTERESTED IN THE ABOVE ENTITLED MATTER. I AM THE ASSISTANT PRINCIPAL CLERK OF THE PRINTER OF THE BAKERSFIELD CALIFORNIAN, A NEWSPAPER OF GENERAL CIRCULATION, PRINTED AND PUBLISHED DAILY IN THE CITY OF BAKERSFIELD COUNTY OF KERN,

AND WHICH NEWSPAPER HAS BEEN ADJUDGED A NEWSPAPER OF GENERAL CIRCULATION BY THE SUPERIOR COURT OF THE COUNTY OF KERN, STATE OF CALIFORNIA, UNDER DATE OF FEBRUARY 5, 1952, CASE NUMBER 57610; THAT THE NOTICE, OF WHICH THE ANNEXED IS A PRINTED COPY, HAS BEEN PUBLISHED IN EACH REGULAR AND ENTIRE ISSUE OF SAID NEWSPAPER AND NOT IN ANY SUPPLEMENT THEREOF ON THE FOLLOWING DATES, TO WIT:

04/14/2020

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Ashley Sanchez

DATED AT BAKERSFIELD CALIFORNIA

4·14·2020

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: **PG&E CORPORATION, - and - PACIFIC GAS AND ELECTRIC COMPANY, Debtors.** | Chapter 11 Case No. 19-30088 (DM) (Lead Case) (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: March 18, 2020

**VIEWPOINTS**

# TODAY IN HISTORY

**1759:** German-born English composer George Frideric Handel died in London at age 74.

**1865:** President Abraham Lincoln was shot and mortally wounded by John Wilkes Booth during a performance of "Our American Cousin" at Ford's Theater in Washington, D.C.

**1902:** James Cash Penney opened his first store, The Golden Rule, in Kemmerer, Wyo.

**1912:** The British liner RMS Titanic collided with an iceberg in the North Atlantic at 11:40 p.m. ship's time and began sinking. (The ship went under two hours and 40 minutes later with the loss of 1,514 lives.)

**1935:** The "Black Sunday" dust storm descended upon the central Plains, turning a sunny afternoon into total darkness.

**1939:** The John Steinbeck novel "The Grapes of Wrath" was first published by Viking Press.

**1956:** Ampex Corp. demonstrated the first practical videotape recorder at the National Association of Radio and Television Broadcasters Convention in Chicago.

**1965:** The state of Kansas hanged Richard Hickock and Perry Smith for the 1959 "In Cold Blood" murders of Herbert Clutter, his wife, Bonnie, and two of their children, Nancy and Kenyon.

**1970:** President Richard Nixon nominated Harry Blackmun to the U.S. Supreme Court. (The choice of Blackmun, who was unanimously confirmed by the Senate a month later, followed the failed nominations of Clement Haynsworth and G. Harrold Carswell.)

**1981:** The first test flight of America's first operational space shuttle, the Columbia, ended successfully with a landing at Edwards Air Force Base in California.

**1994:** Two U.S. Air Force F-15 warplanes mistakenly shot down two U.S. Army Black Hawk helicopters over northern Iraq, killing 26 people, including 15 Americans.

**1999:** NATO mistakenly bombed a convoy of ethnic Albanian refugees; Yugoslav officials said 75 people were killed.

**2004:** In a historic policy shift, President George W. Bush endorsed Israel's plan to hold on to part of the West Bank in any final peace settlement with the Palestinians; he also ruled out Palestinian refugees returning to Israel, bringing strong criticism from the Palestinians.

— *The Associated Press*

# LOTTERY NUMBERS

**Saturday's Powerball** 22 29 30 42 47 17 (POWER)
Next jackpot: **$22 million**

**Friday's Mega Millions** 2 11 21 57 60 13 (MEGA)
Next jackpot: **$145 million**

**Saturday's SuperLotto** 1 4 8 27 29 23 (MEGA)
Next jackpot: **$19 million**

**Daily 3** MIDDAY: 8 8 7 EVENING: 3 2 8

**Daily 4:** 5 3 2 0 **Fantasy 5:** 3 8 27 33 34

**Daily Derby** HORSES: 1 12 10 RACE TIME: 1:42.09

**The Bakersfield Californian**

**CONTACT US**
- Address: **3700 Pegasus Drive, Bakersfield, CA 93308**
- Phone: **661-395-7500**

**NEWSROOM**
- Phone: **661-395-7384** or **800-540-0646**
- Email: **local@bakersfield.com**

**CLASSIFIED ADVERTISING**
- Phone: **661-322-SELL**
- Online: **bakersfield.com/marketplace**

**DISPLAY ADVERTISING**
- Phone: **661-395-7622**
- Online: **mediakit.bakersfield.com**

**SUBSCRIBER SERVICES**
- Phone: **661-392-5777** or **800-953-5353**
- Email: **customercare@bakersfield.com**
- Online: **bakersfield.com/subscriber-services**

**Home delivery:** All plans are automatic renewal, with debit options every month, six months or 12 months; credit card or bank draft accepted

**Daily and Sunday**
- Easy-pay plan: **$24.99**/month
- 6 months: **$179.94**
- 12 months: **$359.88**

**Thursday through Sunday***
- Easy-pay plan: **$19.99**/month
- 6 months: **$137.94**
- 12 months: **$275.88**

*All prices include sales tax and transportation costs. *Includes bonus issue on 11/26/20. An additional one-time $4.95 activation fee applies to new subscriptions.*

**Customer service hours**
- Monday through Friday: **6 a.m. to 2 p.m.**

**Redelivery hours**
- Monday through Friday: **6 to 10:30 a.m.**
- Saturday and Sunday: **7 to 11:30 a.m.**

**THE BAKERSFIELD CALIFORNIAN**
(ISSN 0276-5837, USPS 040-380) is published every day by Sound California News Media Inc., 3700 Pegasus Drive, Bakersfield, CA 93308. Periodical postage rates paid at Bakersfield, Calif. Postmaster, please send address changes to: **SUBSCRIBER SERVICES, 3700 Pegasus Drive, Bakersfield, CA 93308**.

# Show me the money

Janice Pelham left a message about home inspector Will Wood's story that went like this:

"Wife, from the other room: 'Honey, do you ever get a stabbing pain in your chest like someone has a voodoo doll of you and is stabbing it with a pin?'

"Me: 'No, why?'

"Wife: 'How about now?'"

**HERB BENHAM**
THE CALIFORNIAN

Janice asked where she could get one of those dolls. I'm not sure. Stores are probably sold out.

•••

I was at Floyd's on Chester the other day and did a double take when I saw this sign at the register:

"Attention customers. Due to the warmer weather and hygienic reasons, we will not accept money from the shoe or bra areas. We apologize for any inconvenience. Thank you and have a wonderful day. The Management."

"It hasn't been just COVID-19," said one of the cashiers. "During the fall, we had a customer come in and pull some money out of his shoe and it was wet."

People are different. Not everybody has a wallet or a purse. However, many of us have found this a convenient way to transport our money, credit cards and valuables.

Maybe it shows a decided lack of imagination but it has never occurred to me to slip a $10, a $5 and a couple of singles in my shoe. If I had, I would have had to lean against the counter, or sit on it, in order to remove the shoe because if I tried doing it while standing on one leg — in yoga this is called vrksasana (tree pose) — the tree might have toppled over and crashed head first into whatever miracle cream Floyd's was selling at the cash register.

Carrying money in a ladies' undergarment feels like a wild west thing to me. The madam who owns the salon, or perhaps the establishment above it. That image has some historical resonance and cinematic veritas.

•••

This was sent by Jerry Matthews and is probably getting pretty wide circulation but in case you haven't seen it.

My Self-Isolation Quarantine Diary

Day 1 — I can do this!! Got enough food and wine to last a month!

Day 2 — Opening my eighth bottle of wine. I fear wine supplies might not last!

Day 3 — Strawberries: Some have 210 seeds, some have 235 seeds. Who knew??

Day 4 — 8 p.m. Removed my day pajamas and put on my night pajamas.

Day 6 — I get to take the garbage out. I'm so excited, I can't decide what to wear.

Day 8 — Went to a new restaurant called The Kitchen. You have to gather all the ingredients and make your own meal. I have no clue how this place is still in business.

Day 10 — Struck up a conversation with a spider today. Seems nice. He's a web designer.

Day 11 — Isolation is hard. I swear my fridge just said, "What the hell do you want now?"

Day 12 — I realized why dogs get so excited about something moving outside, going for walks or car rides. I think I just barked at a squirrel.

Day 13 — If you keep a glass of wine in each hand, you can't accidentally touch your face.

Day 15 — Anybody else feel like they've cooked dinner about 395 times this month?

Day 16 — Fought with wife over who gets to empty the dishwasher.

•••

Reader J Caminiti called with a question. When I wrote about Grantland Rice and quoted his passage about the Four Horsemen and Knute Rockne, why didn't I mention Notre Dame, the college where Rockne coached and the Four Horsemen played?

"You must have had your reasons," he said.

No, I didn't. That would be giving me entirely too much credit. I just forgot.

•••

This from new grandmother Janis Krecklow.

"My daughter and son-in-law had a baby, our first grandchild, Thursday.

"We are FaceTiming but have found that going to their home and peering through the window is the most fulfilling.

"People ask 'When will you get to hold him?' I don't know. They want to protect us. We are 68 and my mother who lives with us is 93."

It will happen and when it does, the floodgates will open and the tears of joy will flow.

•••

If you are looking for funny, I suggest "Fawlty Towers," a BBC2 production with John Cleese released in 1975. You can buy it through Amazon Prime. There were 10 laughs in the first episode. Try the first episode ($1.99) and then decide if you want to buy the rest of the season. Cleese is like a much earlier version of Kramer (Michael Richards) in "Seinfeld."

*Herb Benham is a columnist for The Bakersfield Californian and can be reached at hbenham@bakersfield.com or 661-395-7279.*

# **Exhibit B**

# Contra Costa Times

2850 Shadelands Dr., #101
Walnut Creek, CA 94598
(510) 723-2850

3110950

PG&E Corporation

## PROOF OF PUBLICATION

### FILE NO. R4060033

In the matter of:

Contra Costa Times

I am a citizen of the United States. I am over the age of eighteen
years and I am not a party to or interested in the above entitled
matter. I am the Legal Advertising Clerk of the printer and publisher
of the Contra Costa Times, a newspaper published in the English
language in the City of Walnut Creek, County of Contra Costa, State
of California.

I declare that the Contra Costa Times is a newspaper of general
circulation as defined by the laws of the State of California as
determined by court decree dated October 22, 1934, Case Number
19764. Said decree states that the Contra Costa Times is adjudged
to be a newspaper of general circulation for the City of Walnut
Creek, County of Contra Costa and State of California. Said order
has not been revoked.

I declare that the notice, of which the annexed is a printed copy, has
been published in each regular and entire issue of said newspaper
and not in any supplement thereof on the following dates, to wit:

**April 14, 2020**

I certify (or declare) under the penalty of perjury that the foregoing is true
and correct.

Executed at Walnut Creek, California.
On this 14th day of April, 2020.

Signature

# Legal Advertising and Public Notices

## Legal Notice

NOTICE OF TRUSTEE'S SALE Trustee Sale No.: 00000008853116 Title Order No.: 170472464 FHA/VA/PMI No.: ATTENTION RECORDER THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE. NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/09/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. BARRETT DAFFIN FRAPPIER TREDER and WEISS, LLP, as duly appointed Trustee under and pursuant to Deed of Trust Recorded on 04/12/2007 as Instrument No. 2007-0107097-00 of official records in the office of the County Recorder of CONTRA COSTA County, State of CALIFORNIA EXECUTE D BY: DAVID ORLAND, AN UNMARRIED MAN, WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States) SIGNATURE DATE OF SALE: 05/29/2020 TIME OF SALE: 9:00 AMPLACE OF SALE: AT THE NORTH SIDE OF THE PITTSBURG CIVIC CENTER NEAR THE GRASSLOCATED AT 65 CIVIC AVENUE, PITTSBURG, CA 94565.STREET ADDRESS and other common designation, if any, of the real property described above is purported to be: 320 HILLCREST AVENUE, PITTSBURG, CA 94565-5927 APN#: 086-144-009-8 The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied,regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest and late charges thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $540,171.91. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell to be recorded in the county where the real property is located.NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site www.servicelinkASAP.com for information regarding the sale of this property, using the file number assigned to this case 00000008853116. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale. FOR TRUSTEE SALE INFORMATION PLEASE CALL: AGENCY SALES and POSTING2 14-730-2727 www.servicelinkASAP.com BARRETT DAFFIN FRAPPIER TREDER and WEISS, LLP as Trustee3990 E. Concours Street, Suite 350Ontario, CA 91764Dated: 03/25/2020BARRETT DAFFIN FRAPPIER TREDER and WEISS, LLP IS ACT-ING AS A DEBTCOLLECTOR AT-TEMPTING TO COLLECTA DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PUR-POSE. A-4720502 04/14/2020, 04/21/2020, 04/28/2020 S#AV14647746
4/7/,20, 4/14/,20, 4/28/,20 2020



**ARE YOU A BUSINESS OWNER?**

Looking for a new way to make an impact in your market?

Visit BayAreaNewsGroup.com today and find out how the digital and print products of Bay Area News Group can help you reach your business goals.

**BLACH CONSTRUCTION**

**Blach Construction Company Fremont Unified School District—Thornton Middle School Conversion Project Campus-Wide Underground Power & Low Voltage Raceways**
**NOTIFICATION TO POTENTIAL BIDDERS**

Notice is hereby given that Blach Construction Company is seeking bids for Thornton Middle School Conversion project – Campus-Wide Underground Power & Low Voltage Raceways. All contractors holding C-4, C-7, C-10, C-36, C-39, C-46, E-36, C-42, & C-43, and C-46 licenses, who seek to submit proposals to perform work covered by the aforementioned specialty licenses must be prequalified by the District. The prequalification process is required through Step 5 District Selection.

Please visit www.qualifybidders.com to begin the application process.
Upon completion of your application and prior to submitting, please select Fremont Unified School District under Step 5: District Selection.

The scope of work included in this phase of construction includes but is not limited to:

• Underground power & low voltage (conduit only)

This Notice is given pursuant to the requirements set forth in California Education Code 17406.

The successful bidder will be selected on a best value basis. Each bidder must comply section 17407.5 of the California Education Code for Prevailing Wage• Skilled and Trained Workforce.

It is mandatory that all contractors holding C-4, C-7, C-10, C-16, C-20, C-34, C-36, C-36, E-42, C-43, and C-46 licenses, who seek to submit proposals to perform work covered by the aforementioned specialty licenses must be prequalified by the District pursuant to Public Contract Code section 20111.6 at least five business days prior to the deadline for submission of bids to Blach. The District will not process prequalification applications submitted later than 10 business day prior to the deadline for submission of bids to Blach.

If you are interested in bidding the Thornton Middle School Conversion Project, please contact Bria Kiparbelli (bria.kiparbelli@blach.com).

**Request for Bids will be issued on 4/14/20 with the bids due on 4/28/20.**

The criteria for the Best Value selection will be as follows:

| Proposal price | 50 points possible |
| Ability to meet construction schedule | 25 points possible |
| References and previous experience | 25 points possible |
**CCT/SR11 #6477611; Apr. 14, 21, 2020**

# What are you looking for?

Classifieds
Classifieds
Classifieds
Classifieds

every Day!

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION, - and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement.** By Order dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6320), together with all schedules and exhibits thereto (as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and Demand for Sale, and a written Notice of Default and Election to sell Default and Election to sell...

2. **The Voting Classes and Record Date.** Only parties that held Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 3A-II | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 4A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Fire Victim Claims | Impaired |
| Class 6A-II | HoldCo General Unsecured Claims | Impaired |
| Class 7A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 10A-II | Subordinated Debt Claims | Impaired |
| Class 5B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 6B-II | Utility Funded Debt Claims | Impaired |
| Class 7B-II | Utility Public Entities Wildfire Claims | Impaired |
| Class 8B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 9B-II | Utility Fire Victim Claims | Impaired |
| Class 10B-II | Utility General Unsecured Claims | Impaired |

3. **The Voting Deadline.** The deadline by which all Ballots must be properly executed, completed, and delivered so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** or such other date as established by the Bankruptcy Court (the "**Voting Deadline**"), in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the rejection of your Ballot.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Certain Classes of Claims or interests are Unimpaired under the Plan and, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order. [continued...]

## Legal Notice

**NOTICE TO CONTRACTORS (INVITING BID SOLICITATION) OF THE INVITATION FOR BIDS**

**CENTRAL CONTRA COSTA SANITARY DISTRICT PROJECT 8458**

NOTICE IS HEREBY GIVEN THAT the Board of Directors of the Central Contra Costa Sanitary District (Central San), Martinez, California, invites and will receive sealed bids for furnishing all labor, equipment, materials, and services specified for the construction of District Project 8458, Martinez Sewer Renovations, Phase 6, in conformance with the Contract Documents. The work generally consists of renovation of approximately 8,000 LF of existing sewer pipe lines by open cut and pipe bursting methods. The estimated cost of construction is $4,200,000. Central San, at its discretion, may add additional sites to the project after Award of the Construction Contract.

A prebid informational session about the Project will be available at 10 a.m., local time, April 21, 2020, on the District's webpage at www.centralsan.org (Construction Zone). Bidders are encouraged to contact William Grant at wgrant@centralsan.org for questions.

The District will receive bids until 2 p.m., local time per Time.gov, May 5, 2020, at 5019 Imhoff Place, Martinez, California. **Due to the COVID-19 emergency, bids can be hand delivered and dropped off between 12:00 – 2:00 PM outside the main Central San lobby door.** Social distancing is required and a drop box will be available. Accepted bids will be publicly opened and declared aloud by the Secretary of the District, and before the General Manager, or his representatives at 3:00PM on the District's webpage. NO LATE BIDS WILL BE ACCEPTED.

Project Documents, the prospective bidder's list, addenda, prevailing wage rates, and geotechnical reports (if any) are available for viewing without charge on the District's website at http://www.centralsan.org (construction Zone), through PlanetBids at http://www.planetbids.com/portal.cfm?CompanyID=14663& or by calling Secretary of the District at (925) 229-7346. The bid results will be available on the District website after the bid opening.

**/s/ Katie Young**
Secretary of the District
Central Contra Costa Sanitary District
County of Contra Costa, State of California
**CCT/SR#1 #6477147; Apr. 14, 20, 2020**

**SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT NOTICE TO PROPOSERS – GENERAL INFORMATION**

The SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, 300 Lakeside Drive, Oakland, California 94612, is advertising for proposals to provide Detailed Station Cleaning Services, Request for Proposal (RFP) No. 6M8173, on or about April 7, 2020, with proposals due by 2:00 PM local time, Tuesday, April 28, 2020 at the District Secretary's Office, 23rd Floor, 300 Lakeside Drive, Oakland, California 94612.

NOTICE IS HEREBY GIVEN that sealed Proposals will be received until the hour of 2:00 p.m., Tuesday, April 28, 2020 by one of the following methods:

By Mail: Delivery to the Lakeside Drive main entrance to the Lobby at 300 Lakeside Drive, Oakland, California, 94612. Due to COVID-19 restrictions, the building has restricted access. In order to ensure that your Proposals are received prior to the Deadline, proposers should call 510-464- 6088 well in advance of the 2:00 p.m. deadline to submit Proposals to the District Secretary's Office. By Special delivery to the District Secretary's Office, 300 Lakeside Drive, 23rd Floor, Oakland, California 94612. Proposers are responsible to ensure their Proposals are received at the District by the Deadline.

**DESCRIPTION OF WORK TO BE PERFORMED**

The San Francisco Bay Area Rapid Transit District (hereinafter referred to as "BART" or "District") is a California Rapid Transit District intends to engage the services of one (1) or more firms ("Contractor") to provide services, as more fully described in the Scope of Services of the abovementioned RFP.

The District presently intends to award one (1) contract (approximately up to three (3) separate Agreements) with up to three (3) Contractor(s) to perform the Scope of Services.

The Agreement entered into pursuant to this RFP will be for three (3) years, subject to termination as provided for in the Agreement. It is anticipated that the total cost for up to three (3) firms will not exceed the amount of One Million Eight Hundred Thousand Dollars ($1,800,000), and each Contract awarded will not exceed Six Hundred Thousand Dollars ($600,000). However, the Contractor may receive a greater or lesser amount depending on the District's actual need for Contractor's services.

**Pre-Proposal Conference:** A Pre-Proposal Meeting and networking session will be held on **Tuesday, April 14, 2020**. The Pre-Proposal Conference will include an overview of the Project, the scope of work, the general conditions, and the expected requirements of RSVP. If the Pre-Proposal session is cancelled, Proposers are requested to make every effort to participate in this only scheduled Pre-Proposal Meeting. Prospective Proposers are encouraged to attend this scheduled Pre-Proposal Meeting, those questions shall be submitted no later than the Pre-Proposal Meeting by 10:00 a.m. local time.

At the conclusion of the Pre-Proposal Meeting, the participants are given the opportunity to network. The Contractor's own forces shall comply with the registration and qualification requirements contained in Section 22300 of the Public Contract Code.

The successfully Bidder may substitute securities for any monies withheld by the District to ensure performance under the Contract.

7. As security for its Bid, each bidder shall provide a Bid form:

• bid bond issued by an admitted surety insurer on the form provided by the District, • cash, or cashier's check or a certified check, drawn to the order of the West Contra Costa Unified School District.

In the amount of ten percent (10%) of the total bid price. The bid security shall be a guarantee that the Bidder shall, within seven (7) calendar days from the date of the notice of award, enter into a written contract with the District on the Internet at: (http://www.contracosta.gov/bids)...

The Successful Bidder shall be required to furnish a 100% Performance Bond and a 100% Payment Bond if it is awarded the contract for the Project.

The successful Bidder may substitute securities for any monies withheld by the District to ensure performance of the Contract...

10. The successful Bidder and its subcontractors shall pay all workers on the Project not less than the general prevailing rate of per diem wages and the general prevailing rate for holiday and overtime work...

## CITY OF ORINDA
**NOTICE OF PROPOSED ADOPTION OF RIGHTS TO ACCEPT PATH EASEMENT**

NOTICE IS HEREBY GIVEN that the City Council of the City of Orinda at a meeting to be held on TUESDAY April 21, 2020, at 7:00 P.M. via web based Zoom services, will conduct a public hearing to consider the proposed vacation of City rights to accept a public path easement along the property line separating 262 Valentine Sobrante and 31 Dos Posos. The description of the path easement is as follows and a map showing the location may be requested electronically by emailing schratbke@cityoforinda. org.

The path easement is approximately 6 ft. wide and runs along the property line separating the two subject lots, and covers an area of around 1,100 SF.

The web based meeting call in information will be available on the City's website at www.cityoforinda.org 72 hours before the meeting date or by e-mailing the City Clerk at ssmith@cityoforinda.org

Sheri M. Smith
City Clerk
**CCT #6475443; Apr. 6, 14, 2020**

**INVITATION TO BID**

1. Notice is hereby given that the governing board ("Board") of the West Contra Costa Unified School District ("District" or "Owner") will receive sealed bids for the following project, Bid No. 10000335368 ("Project" or "Contract"):

**Fairmont Elementary School Critical Needs Modernization Phase 2, Project #1000003568**

2. Sealed Bids will be received until **2:00 p.m. May 1, 2020** at the District Facilities Department located at Dept. of Operations, 1400 Marina Way South, Richmond, California, or at the Office Of District Facilities, and/or electronically. Bids shall be opened publicly read aloud. Any claim by a bidder of error in its bid must be made in compliance with section 5100 et seq. of the Public Contract Code. Any bid that is submitted after the time specified above shall be returned unopened.

3. The Project consists of: Full replacement of the campus fire alarm system, construction of new electrical and mechanical rooms, all four student restrooms to make ADA compliant. Removal and replacement of classroom and multipurpose room flooring at buildings 300, 400 and 500, Replacement of multipurpose room roof/exterior door.

4. All bids shall be on the form provided by the District. Each bid must conform and be responsive to all bidding documents, including, but not limited to, the Instructions to Bidders, Bid Form and Proposal (Document 00 21 13), the District's form Bid Bond (Document 00 43 13) or other security, Designated Subcontractors List (Document 00 43 36), and Non-Collusion Affidavit (Document 00 45 19) and accompany each bid and shall be submitted to all pertinent Documents, and Instructions to the bidders.

5. All bids shall be on the form provided by the District. Each bid must conform and be responsive to all pertinent Contract Documents, including, but not limited to, the Instructions to Bidders.

6. Prior to the bid, the Bidder is required to possess one or more of the following State of California licenses in good standing at the time of bid submission and maintain said license throughout the term of the Contract.

7. As security for its Bid, each bidder shall provide a Bid form...

The District contact(s) at the Dept. of Operations, 1400 Marina Way South, Richmond, California...

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; Pursuant to the Order establishing Plan Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing in the manner set forth in the Plan Supplement Provisions and/or with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.cacb.uscourts.gov/ or writing (form) to the address set forth at at restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to submit objections to confirmation of the Plan must file and serve their objections on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020**.

9. **Confirmation Hearing.** The hearing to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, or in such other locations and at such other times...

If you have any questions regarding the procedures or deadlines described above or require copies of the Plan, the Disclosure Statement, or related documents, please contact the Solicitation Agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot. Failure to follow the voting instructions set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the rejection of your Ballot.

By telephone at (844) 339-4217 (toll free) or +1 (929) 333-8977 (international) or by e-mail at pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3016 Motion has been filed. [long continuation text omitted for brevity]

**NOTICE OF PROPONENTS' SUPPORT FOR PLAN**



**Anniversaries • Weddings**
**Births • Tributes • Reunions**
**They All Deserve Celebrating!**

Call Mon – Fri, 8am – 5pm
**1-800-733-3933, Option #1**
or **925-933-2020, Option #1**

**BayAreaNewsGroup**

**Exhibit C**

# PROOF OF PUBLICATION
## (2015.5.C.C.P)
## STATE OF CALIFORNIA
## County of Humboldt

**Name of Publication:** Times-Standard

**Address:** 930 6th Street, Eureka, CA 95501

**Phone:** 707-441-0556

The following described advertisement for

**PG&E CORORATION**

was printed in the **Times-Standard,**
published in the city of Eureka, state of
California, as described:

**Headline:**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION

**Date of publication:** 4/14/2020

**Appearing on page:** A5

I am a citizen of the United States and a resident
of the County aforesaid; I am over the age of
eighteen years, and not a party to or interested
in the above-mentioned matter. I am the principal
clerk of the printer of THE TIMES-STANDARD,
a newspaper of general circulation, printed
and published in the City of Eureka, County of
Humboldt, and which newspaper has been ad-
judged a newspaper of general circulation by the
Superior Court of the County of Humboldt, State of
California, under the date of June 15, 1967,
Consolidated Case Numbers 27009 and 27010;
that the notice, of which the annexed is a print-
ed copy, has been published in each regular and
entire issue of said newspaper and not in any sup-
plement thereof on the following dates, to wit,

**04/14/2020**

I certify (or declare) under penalty of perjury that
the foregoing is true and correct.

Dated at Eureka, California,
This 14th day of April, 2020

Janet Marchetti

---

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-III | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-IV | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate documentation as set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided* that the deadline for any party in interest to object to Claims and serve a corresponding notice was March 3, 2020. [right column continues]

pginfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.0. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY

---

# PROOF OF PUBLICATION
## (2015.5.C.C.P)
## STATE OF CALIFORNIA
## County of Humboldt

**Name of Publication:** Times-Standard

**Address:** 930 6th Street, Eureka, CA 95501

**Phone:** 707-441-0556

The following described advertisement for
**PG&E CORORATION**
was printed in the **Times-Standard,**
published in the city of Eureka, state of
California, as described:

**Headline:**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION

**Date of publication:** 4/14/2020

**Appearing on page:** A5

of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

# Biz

FROM PAGE 1

and credit unions, as well as the city of Arcata, have made emergency bridge loans available, which help businesses make ends meet between a catastrophe and the receipt of longer-term assistance.

"Some of these businesses are going to need capital right away because they just shut down," said Redwood Region Economic Development Commission Executive Director Gregg Foster.

The commission is primarily a lender, so it put a business loan program in place for its existing customers and has lent $300,000 so far, Foster said. The commission was able to secure funds to open up loans to non-existing customers, too.

That loan program offers a maximum of $25,000 with a six-month deferral and 2.5% interest, he said.

"So they're pretty low interest and the goal of that is to provide some operating capital" while businesses wait for their SBA loans, he said.

The Small Business Development Center is helping business owners navigate through the federal assistance process through video conferencing app Zoom, Roberts said, and is "staffing up" to handle the increased volume.

SCREENSHOT

A screenshot of a virtual town hall on the COVID-19 pandemic hosted by North Coast Congressman Jared Huffman. Huffman was joined by North Coast Small Business Development Center Director Leila Roberts, Redwood Region Economic Development Commission Executive Director Gregg Foster and County Health Officer Teresa Frankovich.

"We are responsible for keeping folks informed as well as coached and supported," Roberts said. "So please reach out to us because that's exactly what we're here for and if you're applying for many of the local emergency bridge loans, they're going to expect you to have been working with an SBDC adviser to make sure that you are navigating this with the best help possible."

Even though the rollout of the loans has been cumbersome for many small businesses, Huffman said there is some good news.

"There are several Humboldt County businesses that have actually gotten their money," Huffman said. "The North Coast Journal is a good example of that. ... Some of this money is finally starting to flow."

It's still unclear when the economy will be able to reopen, but "we are not yet where we need to be yet in terms of maintaining a zero-spread profile," Huffman said.

The past few days have been looking "very good" in Humboldt County with no new cases for almost a week straight, Huffman said, but when you open things up, people start moving around again and increase the risk of spreading the novel coronavirus, which causes the COVID-19 infectious disease.

For more information on COVID-19 help available to local small businesses, call the Humboldt County Sheriff's Office of Emergency Services' business line at 707-268-2527 or visit northcoastsbdc.org.

*Sonia Waraich can be reached at 707-441-0506.*

ELECTION 2020

# Sanders endorses former rival Biden for president

By Bill Barrow and Alexandra Jaffe
*The Associated Press*

EVAN VUCCI — THE ASSOCIATED PRESS

Former Vice President Joe Biden and Sen. Bernie Sanders, I-Vt., greet each other at CNN Studios in Washington on March 15.

**WASHINGTON »** Bernie Sanders endorsed Joe Biden's presidential campaign on Monday, encouraging his progressive supporters to rally behind the presumptive Democratic nominee in an urgent bid to defeat President Donald Trump.

"I am asking all Americans, I'm asking every Democrat, I'm asking every independent, I'm asking a lot of Republicans, to come together in this campaign to support your candidacy, which I endorse," the Vermont senator said in a virtual event with Biden.

The backing came less than a week after Sanders ended his presidential campaign, which was centered around progressive policies such as universal health care. There were early signs that some leading progressives weren't ready to fully follow Sanders' lead. And Trump's campaign was eager to use the endorsement to tie Biden more closely to Sanders, whose identity as a democratic socialist is objectionable to Republicans and some Democrats.

Still, Sanders' embrace of Biden was crucial for someone who is tasked with bridging the Democratic Party's entrenched ideological divides. Democratic disunity helped contribute to Hillary Clinton's loss to Trump in 2016.

Perhaps eager to avoid a repeat of that bruising election year, Sanders offered his endorsement much earlier in the 2020 campaign. Sanders backed Clinton four years ago, but only after the end of a drawn-out nomination fight and a bitter dispute over the Democratic platform that extended to the summer convention.

Biden and Sanders differed throughout the primary, particularly over whether a government-run system should replace private health insurance. Biden has resisted Sanders' "Medicare for All" plan and has pushed instead a public option that would operate alongside private coverage.

Sanders said there's "no great secret out there that you and I have our differences."

But Sanders said the greater priority for Democrats of all political persuasions should be defeating Trump.

"We've got to make Trump a one-term president," he said. "I will do all that I can to make that happen."

NICOLAS AGUILERA — THE ASSOCIATED PRESS

Recently dug graves sit empty at the San Vicente Cemetery in Cordoba, Argentina, on Monday.

# Cases

FROM PAGE 1

cation of our success in Colorado."

Officials around the world worried that halting quarantine and social-distancing measures could easily undo the hard-earned progress that those steps have achieved in slowing the spread.

Still, there were signs countries were looking in that direction. Spain permitted some workers to return to their jobs, while a hard-hit region of Italy loosened its lockdown restrictions. Governors on both coasts of the U.S. announced that they would join forces to come up with a coordinated reopening at some point, setting the stage for a potential conflict with President Donald Trump, who asserted that he is the ultimate decision-maker for determining how and when to reopen.

Trump continued those assertions during an afternoon White House briefing on Monday, pushing back against reporters' questions about whether the president or governors have the authority to ease the restrictions. He said his administration has "a very good relationship" with the governors, but "the federal government has absolute power" in that decision-making process if it chooses to exercise it.

U.S. Treasury Secretary Steven Mnuchin said at the briefing that he expects more than 80 million Americans will have tax rebates directly deposited into their bank accounts by Wednesday. Under the program, single filers will receive $1,200 and joint filers $2,400, though it phases out for higher incomes. The rebates are aimed at boosting the economy as the country responds to the coronavirus.

New York saw a few positive signs Monday even as it reached another bleak milestone. It marked the first time in a week that the daily toll dipped below 700. Almost 2,000 people were newly hospitalized with the virus Sunday, though once discharges and deaths are accounted for, the number of people hospitalized has flattened to just under 19,000.

"This virus is very good at what it does. It is a killer," Gov. Andrew Cuomo said Monday.

In the U.S., about half of the more than 22,000 deaths reported are in the New York metropolitan area. Meanwhile, tracking maps maintained by Johns Hopkins University showed a dense patchwork of coronavirus cases along the Northeast corridor, as well as significant outbreaks corresponding to other major metropolitan areas — though nothing on the scale of what New York has endured.

Houston's 18 total deaths since the start of the outbreak make up a tiny fraction of the one-day toll in New York City, prompting Mayor Sylvester Turner to say the city was avoiding its goal of slowing "the progression of this virus so that our health care delivery system would not be overwhelmed."

Dr. Sebastian Johnston, a professor of respiratory medicine at Imperial College London, said it appeared that COVID-19 had peaked in much of Europe, including France, Spain, Germany, Italy and the U.K. He was worried the virus might now start to take off in countries across Latin America, Africa and Southeast Asia. There's also concern about Russia.

Hot spots may yet emerge as states lift stay-at-home orders, said Dr. Christopher Murray, director of the University of Washington institute that created widely cited projections of virus-related deaths. He pointed to states where the number of COVID-19 cases is still climbing: Massachusetts, Pennsylvania, Texas and Florida.

"Don't consider relaxing social distancing in the near term," Murray said he'd advise leaders in those states. "You need to stay the course."

To date, some U.S. infections have taken off like sparks starting fires, while others have sputtered out. Trevor Bedford, whose lab at Seattle's Fred Hutchinson Cancer Research Center has been tracking the pandemic using the virus's genetic code, acknowledges it's a "dice roll" that makes it hard to predict hot spots.

And when restrictions are eased, people will not immediately dive back into their social connections, at least not without precautions, Bedford said.

A study released Monday by the Centers for Disease Control and Prevention, relying on data from mobile devices in New Orleans, New York City, San Francisco and Seattle, suggested that social-distancing policies prompted more people to stay at home in March and might have curbed spread of the virus.

Researchers say people increasingly left their devices, and themselves, at home as cities, states and the federal government adopted increasingly restrictive closures and social distancing policies.

The report "provides some very early indications that these measures might help slow the spread of COVID-19," the authors said.

In Washington, the Trump administration sought to delay deadlines for the 2020 census because of the outbreak, a move that would push back timetables for releasing data used to draw congressional and legislative districts.

The infection rate remains relatively low in areas of the developing world that have poor or nonexistent health care infrastructure. The rapid spread of the coronavirus beyond cities to more rural areas often depends on travel and social connections, said Dr. Mike Ryan, the World Health Organization's emergencies chief.

But he noted that rural areas often have less sophisticated health surveillance systems to pick up potential disease clusters, prompting the question, "Is it that it's not there or is it that we're not detecting the disease when it is there?"

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

**In re:**
**PG&E CORPORATION,**
**- and -**
**PACIFIC GAS AND ELECTRIC COMPANY,**
**Debtors.**

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

**9. Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: March 18, 2020

# **Exhibit D**

# The Fresno Bee
## fresnobee.com





## AFFIDAVIT OF PUBLICATION

| Account # | Ad Number | Identification | PO | Amount | Cols | Depth |
|-----------|-----------|----------------|-----|--------|------|-------|
| 331883 | 0004619326 | | R4060030 | | 3 | 11.50 In |

**Attention:**

PG&E Corporation
220 WEST 42 STREET
12TH FLOOR
NEW YORK, NY 10036

**COUNTY OF DALLAS**
**STATE OF TEXAS**

The undersigned states:

McClatchy Newspapers in and on all dates herein stated was a corporation, and the owner and publisher of The Fresno Bee.

The Fresno Bee is a daily newspaper of general circulation now published, and on all-the-dates herein stated was published in the City of Fresno, County of Fresno, and has been adjudged a newspaper of general circulation by the Superior Court of the County of Fresno, State of California, under the date of November 28, 1994, Action No. 520058-9.

The undersigned is and on all dates herein mentioned was a citizen of the United States, over the age of twenty-one years, and is the principal clerk of the printer and publisher of said newspaper; and that the notice, a copy of which is hereto annexed, marked Exhibit A, hereby made a part hereof, was published in The Fresno Bee in each issue thereof (in type not smaller than nonpareil), on the following dates.

April 14, 2020

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated     April 14, 2020

LIZBETH AILEEN CORDERO
My Notary ID # 131868068
Expires January 25, 2023

**Extra charge for lost or duplicate affidavits.**
**Legal document please do not destroy!**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:                                                                  Chapter 11
**PG&E CORPORATION,**                                        Case No. 19-30088 (DM)
            - and -                                                     (Lead Case)
**PACIFIC GAS AND ELECTRIC COMPANY,**                (Jointly Administered)
            Debtors.

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1    **Approval of Disclosure Statement** By Order, dated March 17, 2020 (Docket No. 6340) (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 (Docket No. 6320) (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan The Plan is annexed as **Exhibit A** to the Disclosure Statement Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 (Docket No 5732) (the "Scheduling Order")

2    **The Voting Classes and Record Date** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo General Unsecured Claims | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 5B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3    **The Voting Deadline** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent") by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan

4    **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot Such holders will instead receive a Notice of Non-Voting Status

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 4B | Utility Funded Debt Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility General Unsecured Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests are not entitled to vote to accept or reject the Plan:

(a)    Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b)    Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c)    Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d)    Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5.    **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6    **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "3018 Motion"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 pm. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order, the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 29, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved Any claimant or interest holder that timely filed a 3018 Motion will be provided with a notice of hearing date, and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount or a different Class pursuant to Bankruptcy Rule 3018(a) If a 3018 Motion is pending on the Voting Deadline and to the contrary, any amount that is established or determined by the Court in connection with

a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7    **The Confirmation Hearing** Pursuant to the Scheduling Order, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re: Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 18, 2020), all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "Clerk") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "Case Website"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8    **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a)    Be in writing;

(b)    State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)    State with particularity the basis and nature of any objection with respect to the Plan;

(d)    Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e)    Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "Objection Deadline") by the following parties (the "Notice Parties"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) the attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenuti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul M. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) the U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) the attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) the attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) the attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9.    **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10    **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11    **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: If by e-mail to: pgeinfo@primeclerk.com. If by standard, overnight, or hand delivery: PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Case: 19-30088    Doc# 6533    Filed: 04/24/20    Entered: 04/24/20 15:50:29    Page 16 of 54

## SCOREBOARD

### FOOTBALL

**NFL DRAFT ORDER**

**Draft: April 23-25**

1. Cincinnati
2. Washington
3. Detroit
4. NY Giants
5. Miami
6. LA Chargers
7. Carolina
8. Arizona
9. Jacksonville
10. Cleveland
11. NY Jets
12. Raiders
13. San Francisco (from Indianapolis)
14. Tampa Bay
15. Denver
16. Atlanta
17. Dallas
18. Miami (from Pittsburgh)
19. Las Vegas (from Chicago)
20. Jacksonville (from LA Rams)
21. Philadelphia
22. Minnesota (from Buffalo)
23. New England
24. New Orleans
25. Minnesota
26. Miami (from Houston)
27. Seattle
28. Baltimore
29. Tennessee
30. Green Bay
31. San Francisco
32. Kansas City

— The winner of the Super Bowl game shall select last and the loser shall select next-to-last in all rounds, regardless of the record of such participating clubs in the regular season.

— The losers of the conference championship games shall select 29th and 30th in all rounds, according to the reverse order of their standing.

— The losers of the divisional playoff games shall select in the 25th through 28th positions in all rounds, according to the reverse order of their standing.

— The losers of the wild-card games shall select in the 21st through 24th positions in all rounds, according to the reverse order of their standing.

— Clubs not participating in the playoffs shall select in the first through 20th positions in all rounds, according to the reverse order of their standing.

ONLINE

For the latest national scores, expanded standings and more, get The Fresno Bee's eEdition, **fresnobee.com/eedition**.

### GOLF

**PGA**

**Best Masters in History**

Voting for the best Masters in history by a panel of 15 golf writers. First-place votes in parentheses. Points based on 10 points for a first-place vote through two points for a fifth-place vote.

| | |
|---|---|
| Jack Nicklaus in 1986 (10) | 130 |
| Tiger Woods in 1997 (1) | 80 |
| Tiger Woods in 2019 (3) | 68 |
| Jack Nicklaus in 1975 | 42 |
| Nick Faldo in 1996 | 34 |
| Sam Snead in 1954 | 28 |
| Arnold Palmer in 1960 | 12 |
| Gene Sarazen in 1935 (1) | 12 |
| Arnold Palmer in 1958 | 8 |
| Byron Nelson in 1942 | 8 |
| Tiger Woods in 2001 | 8 |
| Phil Mickelson in 2004 | 6 |
| Tom Watson in 1977 | 4 |
| Gary Player in 1978 | 4 |
| Bob Goalby in 1968 | 2 |
| Fred Couples in 1992 | 2 |
| Jose Maria Olazabal in 1999 | 2 |

**The panel of voters:**

Jeff Babineau, Morning Read; Michael Bamberger, golf.com; Mark Cannizzaro, New York Post; Iain Carter, BBC; Steve DiMeglio, USA Today; Doug Ferguson, Associated Press; Bob Harig, espn.com; Rex Hoggard, golfchannel.com; Derek Lawrenson, The Daily Mail; Tod Leonard, golfdigest.com; Jim Litke, Associated Press; Jim McCabe, pgatour.com; Bill Pennington, New York Times; Dave Shedloski, golfdigest.com; John Strege, golfdigest.com.

### ON THIS DAY

**APRIL 14**

**1928**

The New York Rangers beat the Montreal Maroons for the Stanley Cup, 3-games-to-2.

**1931**

The Montreal Canadiens beat the Chicago Black Hawks 2-0 in the fifth game to win the Stanley Cup after trailing 2-games-to-1.

**1948**

The Toronto Maple Leafs win the Stanley Cup in four games as they beat the Detroit Red Wings 7-2.

**1962**

Elgin Baylor of Los Angeles scores a record 61 points to lead the Lakers to a 126-121 triumph over the Boston Celtics in the NBA finals.

**1985**

Bernhard Langer beats Curtis Strange, Ray Floyd and Seve Ballesteros by two strokes to win the Masters.

**1996**

Greg Norman shoots a startling 78 in the greatest collapse in Masters history, giving Nick Faldo his third green jacket and sixth major championship.

## FORE YOU

**General notice**

Due to the coronavirus concerns many local courses are closed. Those that are open might have unexpected changes in conditions; call ahead to reserve a time and to find out if there are any special conditions for play.

**Courses closed**

Through April 30 (might be extended):

Airways GC
Belmont CC
Bluff Pointe GC
Copper River CC
Dragonfly GC
Exeter GC
Fort Washington CC
Kings CC
Kings River CC
Porterville GC
Rancho Del Rey GC
Ridge Creek GC
Riverside GC
Sherwood Forest GC
Valley Golf Center
Valley Oaks GC

**Courses open**

Eagle Springs G&CC (no walk-ons, must reserve time on phone or online)

Hank's Swank GC (range and course open 9:30 a.m. to 7 p.m.)

Madera Muni GC (Madera County residents only with reserved times by phone or online, no walk-ons; no cart rentals)

Pheasant Run GC (Madera County residents only with reserved time by phone or online, no walk-ons; no cart rentals)

FROM PAGE 1B

# HYDER

over the Bulldogs' final eight games, scoring 30 in a victory at San Jose State.

Hutson also signed 6-5 guard Destin Whitaker from Romeoville, Ill., in November along with 6-7 wing Leo Colimerio from the Wasatch Academy in Mount Pleasant, Utah, and 7-foot center Braxton Meah from San Joaquin Memorial High. Hutson is not allowed to comment on the new additions until they have signed a national letter of intent.

### GAGE ON COMING TO FRESNO STATE

Gage, who committed to Fresno State on Sunday, played in only 12 games last season at DePaul due to a hand injury. He was playing more off the ball, but in 2018-19 he started 33 games at point guard for the Blue Demons, averaging 9.1 points and 3.9 assists in 29.9 minutes per game.

"The first time I talked to Coach Hutson, he was straight up with me," Gage said. "He needed a ball handler. He needed me to come in and be a leader and that was one of the things I was looking at in choosing my next school – a big opportunity.

That's what I'm coming in to do."

Gage didn't get a chance to make an official visit to Fresno State due to the coronavirus, and was recruited over Zoom and the phone.

"It's a little tricky, but you follow your gut feeling, you follow your heart," Gage said. "I felt like it was perfect timing."

*Robert Kuwada @rkuwada*

PUBLIC NOTICE

#4622451
NOTICE OF PRIVATE SALE

The following property will be sold by written bid by 9:00 a.m. MST on 4/23/2020. 2017 Kenworth T680 1XKYD49X2HJ172586 To inquire about this item please call Bret Swenson at 801-624-5864. Transportation Alliance Bank 4185 Harrison Blvd Ogden, UT 84403

PUBLIC NOTICE

#4618763
FICTITIOUS BUSINESS NAME STATEMENT NEW FILING
FILE NO. 2202010001452

The following person(s) is(are) conducting business as:

LOS PICANTES
2961 S. CLARA AVE
FRESNO, CA 93706
FRESNO COUNTY

Mailing Address
2961 S. Clara Ave
Fresno, CA 93706

Martha Beatriz Pantoja Cruz
2961 S. Clara Ave
Fresno, CA 93706

Registrant commenced to transact business under the Fictitious Business Name(s) listed above on: March 9, 2020.
This business is conducted by: Individual
/s/ Martha Pantoja, Owner
This statement was filed with the Fresno County Clerk on 03/09/2020
BRANDI L. ORTH, COUNTY CLERK
By /s/ Martha Garcia
This statement expires on: 03/08/2025. A new statement must be filed prior to the expiration date.

PUBLIC NOTICE

#4618624
NOTICE OF PUBLIC SALE

By order of the Secured Party, the following property will be held for Public Sale at:
FRESNO TRUCK CENTER 2727 E Central Ave Fresno, CA 93725
Item(s) to be sold are: Date of sale -
2012 Freightliner Cascadia Tractor 1FUJGEBG3CSBV9896 - $34,508.83

Sealed bids at time of sale only. Cash sales only. Inquires may be made of Lee Financial Service, Esmeralda Torres at P.O. Box 12346, Fresno, CA. 93777, (559) 442-6062.

PUBLIC NOTICE

#4614237

On March 25, 2020, an application was filed with the Federal Communications Commission for consent to transfer control of the license of KRDA(FM), 92.1, Clovis, CA from Shareholders of Univision Holdings, Inc. (Transferor) to New Shareholders of Univision Holdings, Inc. (Transferee). A copy of the application and related material is available for public inspection at www.fcc.gov. The current 10 percent or greater Shareholders of Univision Holdings, Inc. are: SCG Investment II, LLC and Multimedia Telecom S.A. de C.V. Following the transfer, the 10 percent or greater shareholders of Univision Holdings, Inc. and their officers and directors will be: ForgeLight Univision Holdings LLC, ForgeLight (United) Investors, LLC, ForgeLight (United) Investors MM, LLC , ForgeLight (United) Investors SM, LLC, WCD Services LLC, Wade Davis, Searchlight III UTD, L.P., Searchlight III UTD GP, LLC, Searchlight Capital Partners III GP, L.P., Searchlight Capital Partners III GP, LLC, Eric Zinterhofer, Erol Uzumeri, Oliver Haarmann, Ralf Ackermann, Andrew Claerhart, Francois Dekker, Andrew Frey, Darren Glatt, Thomas Hendrick, Albert Shin, Timothy Austin, Phil Bacal, Christopher Cruz, Heber Ramos de Freitas, Giles Marshall, Nicolo Zanotto, John Yantsulis, Emily Melchior, Nadir Nurmohamed, Multimedia Telecom, S.A. de C.V., Grupo Bissagio, S.A de C.V., Grupo Telesistema, S.A. de C.V., Grupo Televisa, S.A.B., The Azcárraga Trust, Emilio Fernando Azcárraga Jean, Alfonso de Angoitia Noriega, Alberto Baillères González, José Antonio Chedraui Eguía, Francisco José Chévez Robelo, Jon Feltheimer, Guillermo García Naranjo, José Luis Fernández Fernández, Salvi Rafael Folch Viadero, Michael Thomas Fries, Bernardo Gómez Martínez, Roberto Hernández Ramírez, Enrique Krauze Kleinbort, Lorenzo Alejandro Mendoza Giménez, Fernando Senderos Mestre, Enrique Francisco José Senior Hernández, Eduardo Tricio Haro, David M. Zaslav, Marcos Eduardo Galperin, Carlos Hank González, Herbert Allen III, Félix José Araujo Ramírez, Joaquín Balcárcel Santa Cruz, Julio Barba Hurtado, Leopoldo Gómez González Blanco, Jorge Agustín Lutteroth Echegoyen, Alberto Javier Montiel Castellanos, Raúl Morales Medrano, Guadalupe Phillips Margain, Carlos Ferreiro Rivas, José Antonio Lara del Olmo, Luis Alejandro

PUBLIC NOTICE

#4614295

On March 25, 2020, an application was filed with the Federal Communications Commission for consent to transfer control of the license of KLLE(FM), 107.9, North Fork, CA from Shareholders of Univision Holdings, Inc. (Transferor) to New Shareholders of Univision Holdings, Inc. (Transferee). A copy of the application and related material is available for public inspection at www.fcc.gov. The current 10 percent or greater Shareholders of Univision Holdings, Inc. are: SCG Investment II, LLC and Multimedia Telecom S.A. de C.V. Following the transfer, the 10 percent or greater shareholders of Univision Holdings, Inc. and their officers and directors will be: ForgeLight Univision Holdings LLC, ForgeLight (United) Investors, LLC, ForgeLight (United) Investors MM, LLC, ForgeLight (United) Investors SM, LLC, WCD Services LLC, Wade Davis, Searchlight III UTD, L.P., Searchlight III UTD GP, LLC, Searchlight Capital Partners III GP, L.P., Searchlight Capital Partners III GP, LLC, Eric Zinterhofer, Erol Uzumeri, Oliver Haarmann, Ralf Ackermann, Andrew Claerhart, Francois Dekker, Andrew Frey, Darren Glatt, Thomas Hendrick, Albert Shin, Timothy Austin, Phil Bacal, Christopher Cruz, Heber Ramos de Freitas, Giles Marshall, Nicolo Zanotto, John Yantsulis, Emily Melchior, Nadir Nurmohamed, Multimedia Telecom, S.A. de C.V., Grupo Bissagio, S.A de C.V., Grupo Telesistema, S.A. de C.V., Grupo Televisa, S.A.B., The Azcárraga Trust, Emilio Fernando Azcárraga Jean, Alfonso de Angoitia Noriega, Alberto Baillères González, José Antonio Chedraui Eguía, Francisco José Chévez Robelo, Jon Feltheimer, Guillermo García Naranjo, José Luis Fernández Fernández, Salvi Rafael Folch Viadero, Michael Thomas Fries, Bernardo Gómez Martínez, Roberto Hernández Ramírez, Enrique Krauze Kleinbort, Lorenzo Alejandro Mendoza Giménez, Fernando Senderos Mestre, Enrique Francisco José Senior Hernández, Eduardo Tricio Haro, David M. Zaslav, Marcos Eduardo Galperin, Carlos Hank González, Herbert Allen III, Félix José Araujo Ramírez, Joaquín Balcárcel Santa Cruz, Julio Barba Hurtado, Leopoldo Gómez González Blanco, Jorge Agustín Lutteroth Echegoyen, Alberto Javier Montiel Castellanos, Raúl Morales Medrano, Guadalupe Phillips Margain, Carlos Ferreiro Rivas, José Antonio Lara del Olmo, Luis Alejandro Bustos Olivares, José Antonio García González, and Armando Javier Martínez Benítez.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.** | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes**. If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided*, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020 at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions**. Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however*, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1—866—582—6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

SERVICES DIRECTORY

To place an ad in the Services Directory, call 441-6621 or 442-4442

Go online to view our Services Directory at fresnobee.com

**Attention**

NOTICE TO READERS

The Fresno Bee publishes home improvement & construction advertisements from companies & individuals who have been licensed by the State of California. We also publish advertisements from unlicensed companies & individuals. California law requires that contractors taking jobs that total $500 or more (labor or materials) be licensed by the Contractors State License Board. State law also requires that contractors include their license number on all advertising. California law prohibits unlicensed contractors from taking jobs that total $500 or more (labor or materials). Unlicensed contractors taking jobs that total less than $500 must state in the advertisements that they are not licensed by the Contractors State License Board.

You can check the status of your licensed contractor @ www.cslb.ca.gov or call the Contractors State License Board.

1-800-321-2752

**Cleaning & Janitorial**

CARPET & Upholstery Cleaning Disinfect & Deodorize /REPAIR/INSTALL CAN DO TODAY Water damage/Tile cleaning. Free est 20 yrs exp. (559) 307-4282

DESHBA'S HOUSEKEEPING Spring Cleaning, Moving /Deep Cleaning. Licensed-Insured-Fast Scheduling. Hrs: Mon-Sun 8am-5pm Call 559.260.7711

**Home and Business Improvement**

BUILDING/REMODELING BULLDOG CONST. Additions, remodel, repairs & roofing. Brick & block work. Call (559) 449.1234 License #974978

DRYWALL SERVICE – PATCHWORK, Skip-trowel, Tape & Texture, Acoustic Removal, Hand Texture Finishes, unlic. Over 25 years exp! 559-250-1513

ELECTRIC Quality, dependable NO JOB TOO SMALL or BIG 24/7 Electrical Svc & Repair Lic 508597 559-266-1952 Free est

**Home and Business Improvement**

PLUMBING - 449.1234 BULLDOG Plumbing All kinds + mobile homes. Sr. discount or 25% discount w/ad. Visa /MC Lic. #974978 559.449.1234

ROOFING -30 yrs exp. in FRESNO/CLOVIS All roofing & repairs. Roofing Certifications. Senior disc. Lic#635734. Five Star Roofing: 559-724-9129

ROOFING ALCON'S ROOFING INC. 25 Yrs of Exp. Residential & Comm'l. All types of Roof. License #1042510 (559) 903-4336 or (559) 682-7946

TILE WORK – SALVATORE TILE Tile Done The Old Way 40 Years Unlic. Call Sal (559) 776-5954

**Junk / Trash / Debris Removal**

JOHN'S CLEANUP All Properties Trenching Work, Hauling & Bobcat Work Big; Small Jobs, No problem. Sr. Disc. 559-217-4393 #1024662/Bonded

Place your own Classified ad 24/7
The Fresno Bee
fresnobee.com/placead

**Lawn / Garden / Landscaping / Trees**

#00-0 GEORGE'S TREE SERVICE Tree Trimming, Topping, Thinning Removal, Stump Grinding & Odd Jobs, Comm'l & Resid. New Customer Disc. Free Est # 1059682 Bonded & Insured Call 559 .260.6719 or 301.6718

#01-0 JESSE'S TREE SERVICE Stump Grinding, Hauling, Tree Removal & Topping. Free Estimates. Lic. #1017900 Bonded & Insured. Call 559-708-9152

LANDSCAPE - MARTIN LAWN SVC Mow, edge, blow weeds. Palms & Tree Trimming, Clean Ups & Hauling. $80 Mo. Free Est. unlic. 559-681-3197

Found Something?
GOOD NEWS!
The Fresno Bee wants to help!
Found an item?
The Bee will run a 3-line ad for 7 days FREE to help you find the owner!
The Fresno Bee Classified Advertising
Call (559)442-4442
or 1-800-877-9886

Do you have something that's
LOST OR FOUND?
GOOD NEWS!
The Fresno Bee wants to help!
Found an item?
The Bee will run a 2-line ad for 7 days FREE to help you find the owner!
Lost an item?
Advertise at our special low rate for only $1.50 per line, per day
The Fresno Bee Classified Advertising
Call (559)442-4442
or 1-800-877-9886

**Exhibit E**

**NEVADA COUNTY
PUBLISHING COMPANY**

**Grass Valley, CA**

**AFFIDAVIT OF PUBLICATION**

# THE UNION

**Customer Account #:** 6037754
**Reference:** PG&E R4060055

**Legal Account**

MILLER ADVERTISING AGENCY, INC.,
220 W 42ND ST
NEW YORK, NY  10036

**Attn:** Adam Levin

**County of Nevada, State of Calif.** The undersigned, **Bailee Liston**, being the principal clerk of the **Nevada County Publishing Co.** declares that the **Nevada County Publishing Co.** now is, and during all times herein named, was a corporation duly organized and existing under the laws of the State of California, and now is, and during all times herein named was the printer of

**THE UNION**, a newspaper of general circulation,

as defined by section 6000 of the Government Code of the State of California, printed and published daily (Sundays excepted) in the City of Grass Valley, County of Nevada, State of California, and that affiant is the principal clerk of said Nevada County Publishing Co.

That the printed advertisement hereto annexed was published in the said UNION, for the full required period of **1** time(s) commencing on **04/14/20**, and ending on **04/14/20**, all days inclusive.

I certify, under penalty of perjury, the foregoing is true and correct.

Signed: _Bailee Liston_
_____

Legals Advertising Clerk

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re: | Chapter 11 |
|---|---|
| PG&E CORPORATION, | Case No. 19-30088 (DM) |
| – and – | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6330] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and continuation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk, LLC ("**Prime Clerk**," or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes**. If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided*, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions**. Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however*, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be advised whether such Ballot will be counted (or the amount of such Claim or Interest

pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/notice-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:
(a) Be in writing;
(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
(c) State with particularity the basis and nature of any objection with respect to the Plan;
(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases**. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan and such Ballot will be provided to you at no charge by accessing the

by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

# legal & public notices

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
– and –
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF

PLEASE TAKE NOTICE THAT:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or interests in, the Debtors in the following Classes (as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan collectively, the "**Voting Classes**"):

| Class | The Voting Classes<br>Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-V | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**"), in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or interest holder not being counted for purposes of acceptance or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such Holders will instead receive a Notice of Non-Voting Status.

| Class | The Non-Voting Classes<br>Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 10A-III | HoldCo Other Interests | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 12A | Utility Other Interests | Unimpaired |
| Class 1B | HoldCo Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-IV | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following Holders of Claims and Interests are **not** entitled to vote to accept or reject the Plan:

(a) Any Holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request to estimate filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suppressed; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided that the deadline for the objection is filed with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if any timely filed a Proof of Claim or interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or interest and believe that you should have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors, provided that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount or a different Class by order of the Bankruptcy Court for voting purposes, after notice and a hearing. If the Bankruptcy Court enters an order determining the amount or Class in which a party is entitled to vote, then such Claim will be allowed in such amount or Class for voting purposes only in accordance with such order. The deadline for the Debtors or any other party in interest to file and serve responses to any 3018 Motions with respect to any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

The SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Dated: March 18, 2020

pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on May 27, 2020 at 10:00 a.m. (Pacific Time), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 16, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to whether the format of the hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must register with CourtCall at 1−866−582−6878 no later than 4:00 p.m. (Pacific Time) on the date of the hearing. Further instructions regarding registration for telephonic appearances via the CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda or notice of adjournment filed with the Bankruptcy Court, or posted on the Case Website. The Debtors reserve the right to modify the Plan in accordance with the terms thereof, subject to the consent rights set forth in the Plan.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:
(a) Be in writing;
(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
(c) State with particularity the basis and nature of any objection with respect to the Plan;
(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. Mar 16, 2020), and the Scheduling Order; and
(e) Be filed with the Bankruptcy Court and served in accordance with the Scheduling Order so as to be actually received **no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; (ii) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq., Jessica Liou, Esq., and Matthew Goren, Esq.), and (B) Keller Benvenisti LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq., Jane Kim, Esq.); (iv) the attorneys for the agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038−4982 (Attn: Kristopher M. Hansen, Esq., Erez Gilad, Esq., and Matthew G. Garofalo, Esq.) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067−3086 (Attn: Frank A. Merola, Esq.); (v) the attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP (Attn: Eli J. Vonnegut, Esq., David Schiff, Esq., Timothy Graulich, Esq.); (vi) the attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001−2163 (Attn: Dennis F. Dunne, Esq. Sam A. Khalil, Esq.), and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. and Thomas R. Kreller, Esq.); (vii) the attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. Cecily A Dumas, Esq.) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025−0509 (Attn: Eric E. Sagerman, Esq. Lauren T. Attard, Esq.); (viii) the Office of the U.S. Trustee, 450 Golden Gate Avenue, Suite 05−0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov); (ix) the attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038−4982 (Attn: Kristopher M. Hansen, Esq., Erez Gilad, Esq., and Matthew G. Garofalo, Esq.) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067−3086 (Attn: Frank A. Merola, Esq.).

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING. IF AN OBJECTING PARTY FAILS TO APPEAR AT THE PRE-CONFIRMATION SCHEDULING CONFERENCE, ITS OBJECTION MAY BE OVERRULED. PLEASE CHECK THE CASE WEBSITE FOR INSTRUCTIONS ON WHETHER THE PRE-CONFIRMATION SCHEDULING CONFERENCE WILL BE CONDUCTED TELEPHONICALLY OR IN PERSON.

9. **Plan Releases, Claims, and Injunctions.** The Plan includes a release provision, an exculpation provision, and an injunction provision. Please carefully review the Plan to understand those provisions.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors will be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject pending on the Effective Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Court and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER (www.canb.uscourts.gov); and (iii) obtained free of charge by accessing the website of the Solicitation Agent, at the address or e-mail address set forth below. **If by e-mail:** pgeinfo@primeclerk.com. **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

---

## NOTICE of PETITION to ADMINISTER ESTATE of

Maxine L. Zhukov,

**CASE NUMBER:**
P20-16672

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of **Maxine L. Zhukov**

A PETITION FOR PROBATE has been filed by **Valerie Zhukov** in the Superior Court of California, County of Nevada.

THE PETITION FOR PROBATE requests that **Valerie Zhukov** be appointed as personal representative to administer the estate of the decedent.

THE PETITION requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

THE PETITION requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

A HEARING on the petition will be held on **5/1/2020 at 9:00am Dept. 6**, 201 Church Street, Nevada City, CA 95959

IF YOU OBJECT to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

**IF YOU ARE A CREDITOR** or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the **later** of either **(1) four months** from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or **(2) 60 days** from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code. **Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**

**YOU MAY EXAMINE the file kept by the court.** If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Attorney for Petitioner:
Barry W. Pruett
1740 E. Main Street, Suite 101
Grass Valley, CA 95945
530-205-9727

Publish: April 14, 21, 28, 2020
Ad #0000573104

## FICTITIOUS BUSINESS NAME STATEMENT

The Name(s) of the Business(es): **Wild Oaks Ranch** 17301 Indian Springs Ranch Dr. Grass Valley, CA 95949

is (are) hereby registered by the following owner(s):
Jacob Christian Glass
This business is conducted by:
An Individual
THE REGISTRANT COMMENCED TO TRANSACT BUSINESS UNDER THE FICTITIOUS BUSINESS NAME(S) LISTED ABOVE ON: 3-17-2020
"I declare that all information in this statement is true and correct. (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)
SIGNATURE OF REGISTRANT:
/s/ Jacob Glass
This statement was filed with the Clerk-Recorder of Nevada County on **April 6, 2020**
Assigned File 20200000378
Pub: April 14, 21, 28, May 5, 2020
Ad #0000573097

## FICTITIOUS BUSINESS NAME STATEMENT

The Name(s) of the Business(es): One Source-Empowering Caregivers 524 Brunswick Road (are) hereby registered by the following owner(s): One Source-Empowering Caregivers This business is conducted by: A Corporation, State of California
THE REGISTRANT COMMENCED TO TRANSACT BUSINESS UNDER THE FICTITIOUS BUSINESS NAME(S) LISTED ABOVE ON: 4-16-2015
"I declare that all information in this statement is true and correct. (A registrant who declares as true information which he or she knows to be false is guilty of a crime.)
SIGNATURE OF REGISTRANT:
/s/ Carolyn Snyder-Exor, Dir.
This statement was filed with the Clerk-Recorder of Nevada County on **April 6, 2020**
Assigned File 20200000371
Pub: April 14, 21, 28, May 5, 2020
Ad #0000573110

## Invitation for Bids
### 2020 Nevada County Traffic Striping Project

The Nevada County Purchasing Agent on behalf of the Public Works Department is accepting sealed bids at 950 Maidu Ave, Nevada City, CA 95959 until the hour of 3:00 p.m. on Thursday April 30, 2020. The scope of work to be done, in general, consists of sweeping roads, applying paint, to County maintained roads in order to maintain the existing longitudinal striping. The work will be completed in one phase. The roads to be striped for program are compiled at the end of the General Provisions. Bid documents may be downloaded from: www.mynevadacounty.com/purchasing or obtained from the office of the Purchasing Division, County of Nevada, 950 Maidu Ave., Nevada City, CA 95959 or contact diana.wilburn@co.nevada.ca.us. (530) 265-1766.

Publication: March 28, April 14, 2020
Ad #0000568728

## SUPERIOR COURT OF CALIFORNIA
### THE COUNTY OF NEVADA

Petition of: **GEORGE MCKAY GRAHAM**

### ORDER TO SHOW CAUSE FOR CHANGE OF NAME
CASE# CU20 – 084551

TO ALL INTERESTED PERSONS

1. Petitioner: **GEORGE MCKAY GRAHAM** filed a petition with this court for a decree changing names as follows:

Present name:
George McKay Graham

Proposed name:
Mikail George McKay Graham

2. THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted.

### NOTICE OF HEARING DATE:
April 24, 2020 at 9:30 a.m. in Dept: 6

The address of the court is:
201 Church Street, Nevada City, CA 95959

3. A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county:
The Union Newspaper

Date: March 9, 2020
_____
Thomas M. Anderson
Judge of the Superior Court

Published: March 23, 30 & April 7, 14, 2020
Ad #566169

## SUPERIOR COURT OF CALIFORNIA
### THE COUNTY OF NEVADA

Petition of: **William Ross Slade**

### ORDER TO SHOW CAUSE FOR CHANGE OF NAME
CASE # CU20-084565

TO ALL INTERESTED PERSONS

1. Petitioner: **William Ross Slade** filed a petition with this court for a decree changing names as follows:

Present name:
William Ross Galuzzo

Proposed name:
William Ross Slade

2. THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.

### NOTICE OF HEARING
DATE: 6/5/20 AT 9:00, Dept: 6

The address of the court is:
201 Church Street, Nevada City, California 95959

3. A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: The Union Newspaper

Date: 3/30/2020 /s/ Thomas M. Anderson
Judge of the Superior Court

Published: April 7, 14, 21, 28, 2020
Ad #0000571362

---

# auto photo ads


**SIERRA RV CENTER**
**2017 Lance 1475 Travel Trailer**
Lightweight, Front Bed, 2 Door Fridge, Dual Cocktail Chairs, Table, Flatscreen TV, A/C, Nice! $19,998
**530-346-7814**
www.sierrarvcenter.com

**SIERRA RV CENTER**
**2019 Cougar 22RBS**
Beautiful Travel Trailer/Slide Front Walk Around Bed, Electric Awning, 33" Flatscreen TV $27,398
**530-346-7814**
www.sierrarvcenter.com


**SIERRA RV CENTER**
**2019 Wolf Creek 850**
By Builders of Arctic Fox, All Season, Fits Long or Short Bed Full Sized Trucks, Elec Jacks, Flatscreen TV, A/C, Furnace, more! $75,998
**530-346-7814**
www.sierrarvcenter.com


**WINNER CHEVROLET 346-8313**
**2017 BMW X3**
AWD, one owner, Pure Luxury!!
SKU # 3789U
Sale Price $26,488
1624 S. Canyon Way, Colfax
www.winnerchevy.com

**WINNER CHEVROLET 346-8313**
**2017 Cadillac ATS**
Loaded, Premium Performance Coupe
SKU # 3790U
Sale Price $26,988
1624 S. Canyon Way, Colfax
www.winnerchevy.com


**WINNER CHEVROLET 346-8313**
**2017 Ford Explorer XLT**
Clean, only 25K Miles
Stock# 3780U
Sale Price $22,988
1624 S. Canyon Way, Colfax
www.winnerchevy.com

**2008 Ford F-150 Long Bed**
Long-Bed 5-speed with BedLiner, Tow Pkg, and only 49k miles too!
VIN-D97139; $11,495
Buy, Sell, Trade.
www.PioneerMotors.com
1611 E. Main St. Grass Valley
530-477-1000

**2010 Subaru Legacy 3.6R Limited**
with Heated Leather Seats, MoonRoof and Alloys too! VIN-232998, $9,998
Buy, Sell, Trade.
www.PioneerMotors.com
1611 E. Main St. Grass Valley
530-477-1000

**2014 GMC Sierra 1500 SLE Z71 4WD**
#9961 Great truck, great condition, 5.3L, only 54,182 mi, rear view camera, great price at $29,500 exp 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400

**2016 Chalet Arrowhead 15.5**
#D1006 Great A frame hard-side trailer, easy setup, roomy, sleeps 4-5, light weight, inside kitchen, Great pop-up price $14,400 Exp. 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400


**2016 Little Guy Tab**
#9996 Awesome Loaded TAB Trailer, AC/Heat tvs, outside kitchen, sleeps 2 wet bath, much more Great Sale Price $16,500 exp 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400


**2016 Toyota Camry Sport Edition**
with BackUp Camera BlueTooth and Alloys too!
VIN-139774, $13,498
Buy, Sell, Trade.
www.PioneerMotors.com
1611 E. Main St. Grass Valley
530-477-1000

**2019 Forest River Rpod 180**
#8737 Great floorplan with roomy rear bath, removable table, outside kitchen, awning, more. New blowout price! $16,900 exp. 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400


**2020 Forest River Surveyor 240BHLE**
#9838 Newest layout, double bunks, comfy kitchen & dinette, ample storage, more! $26,643! exp. 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400


**2020 Forest River Surveyor Legend 252**
#9837 Fabulous best new 2020 plan, a must great features & much more, $27,538 exp 4/15/20 DeMartini RV Sales 1305 E. Main St. GV. 530-272-6400

**Exhibit F**



**PROOF OF PUBLICATION**
**(2015.5 C.C.P.)**

**STATE OF CALIFORNIA**
**County of Los Angeles**

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the action for which the attached notice was published. I am an Inside Sales Associate of the Los Angeles Times, which was adjudged a newspaper of general circulation on May 21, 1952, Cases 598599 for the City of Los Angeles, County of Los Angeles, and State of California. Attached to this Affidavit is a true and complete copy as was printed and published on the following date(s): April 14, 2020

I certify (or declare) under penalty of perjury
under the laws of the State of California that the foregoing is true and correct.

Dated at Fountain Valley, California
on this 14th day of April, 2020.

_____
[signature]

10540 Talbert Avenue, Ste. 300 W.
Foutain Valley, CA 92708

Client Name:
Advertiser:
Section/Page/Zone: MAIN/A005/LA
Description:

Ad Number:
Insertion Number:
Size:
Color Type:

Publication Date: 04/14/2020

This electronic tearsheet confirms the ad appeared in the Los Angeles Times on the date and page indicated. You may not create derivative works, or in any way exploit or repurpose any content.

# Oil-production pact may not benefit U.S.

By Don Lee

WASHINGTON — The agreement announced Sunday by Russia, Saudi Arabia and other oil-producing countries to cut back output is unlikely to raise fuel prices much for American consumers in the weeks and months ahead.

That should be good news for the American economy and for President Trump. But these are not normal times.

The coronavirus pandemic has created a painful bind for Trump and for the United States: Plunging oil prices, coupled with a huge glut in global oil inventories, are savaging the petroleum industry at a time when the U.S. has become the world's largest oil producer.

Long before he was elected president and continuing after he entered the White House, Trump criticized attempts by OPEC, the oil cartel, to prop up petroleum prices by limiting production.

That's been a politically rewarding stance because lower oil prices are the equivalent of a tax cut for drivers, homeowners and many businesses: They put more spending money in people's pockets and generate goodwill toward leaders who take the credit.

That has generally been true even if the decline hurt the U.S. oil industry.

But not so in the age of COVID-19. State and local governments have ordered lockdowns, stay-home orders and social distancing policies that experts say are necessary to reduce the pandemic's toll.

"This is a fairly new situation," said Antoine Rostand, president of Kayrros, an energy research and consulting firm. "Those who could enjoy low prices are stuck at home," he said, and U.S. oil producers are suffering the downside of depressed prices.

Gasoline prices are certainly falling. The national average for regular gas dropped to $1.92 per gallon in the week ending April 6, below $2 for the first time in more than four years and down 30 cents from just a month earlier. It's dropped a similar amount in California to $2.87 a gallon.

Experts see fuel prices sliding further, possibly to record lows on an inflation-adjusted basis.

The new agreement to lower oil production is unlikely to have much effect at a time when the world is already awash in surplus oil and most major economies, including the U.S., are plunging into recession.

Analysts say the cutback, unprecedented as it was, is too little and too late.

The agreement by 23 oil-producing countries pledges to remove 9.7 million barrels of oil a day from world markets. But amid the pandemic, global demand for oil has fallen by at least 30 million barrels, some say as much as 30 million, a day.

Moreover, it's not enough to erase the existing glut in oil inventories around the world anytime soon.

"Every available pipeline and storage terminal is about to be completely full, so you have to stop production or you've got to pay someone to take your production away," said Bobby Tudor, chairman of Tudor, Pickering, Holt & Co., an investment banking firm based in Houston, the nation's oil capital.

"If 16% of oil demand is people just driving to and from work globally, how quickly does that come back?" he asked. "How quickly will we all be willing to get back on an airplane?"

For Trump, the new reality has meant flip-flopping on his long-standing aversion to deals to reduce oil output.

"Good for the consumer, gasoline prices coming down," the president tweeted.

But just two weeks later Trump tweeted that "Our great Oil & Gas industry" is under siege. And since then the president has reached out to Russia while U.S. lawmakers have pressured Saudi Arabia in no uncertain terms to halt their disastrous battle for market share.

Trump's about-face comes as U.S. producers are indeed under siege.

Texas, North Dakota, Oklahoma, New Mexico and other oil-producing states are feeling the first waves of shutdowns and company bankruptcies. That is further aggravating the overall plunge in employment and economic activity nationwide.

Tudor said he is already seeing significant layoffs at Houston's oil firms and spillover to ancillary businesses.

"A collapse to this industry would be a really bad thing ultimately, not just for Houston but for the broader economy in the country," he said.

In the last month, there's been a 50% reduction of crews working in America's shale oil basins, according to an analysis of satellite images and other calculations by Kayrros.

"That's really unprecedented," said Kayrros' Rostand. "It really reflects the reality on the ground: that there's a very dramatic imbalance between supply and demand."

Things have gotten so worrisome in Texas, by far the nation's leading oil producer, that state authorities are considering imposing production caps for the first time in a century.

In the face of falling demand and the existing supply glut, the new cutback agreement is not nearly large enough to reverse the situation anytime soon.

At the end of 2015, the world had 593 million barrels of surplus oil inventory. And with the global economy growing about 3.5%, it still took two years to work off the supplies, said Amy Myers Jaffe, senior fellow for energy and the environment at the Council on Foreign Relations.

The cutback deal Sunday may avert what Jaffe called a worst-case scenario in which oil stockpiles would fill up well above 2015 levels at a time when the world economy is in recession.

Still, she said, "Oil prices are bound to stay low."

Certainly, the mismatch between supply and demand was exacerbated by the price war between Russia and Saudi Arabia, two of the biggest oil producers. They sought to gobble up a larger share of the oil market by producing more and swallowing the resulting price declines.

The combination of the coronavirus and the Saudi-Russia feud saw the U.S. benchmark price of crude tumble from more than $61 a barrel at the start of the year to a low of $19.27 on March 30. Despite the agreement, it was down 1.5% on Monday to $22.41 a barrel.

That price is barely half of the break-even level for many producers in the United States, and so companies have begun to reduce the flow.

Giant oil firms, such as Chevron and Exxon, are in relatively good financial shape to weather the downturn. In addition to size, those producing shale oil will be better off. Shale beds can be turned off and on with less risk of damage compared with conventional wells.

A lot of smaller and independent drillers, however, could fold or be eaten up by larger firms. And this time, investors won't be running back to the oil industry to supply capital as in the past. Not only have they been repeatedly burned by disappointing performance, now they see a very uncertain outlook.

As both the biggest producer and the biggest user of oil, accounting for about 20% of the 100 million barrels a day consumed worldwide, the U.S. is taking hits on both sides of the equation.

Daniel Yergin, the energy expert who is vice chairman of IHS Markit, a research and consulting firm, wrote recently that U.S. production could drop by almost 3 million barrels per day by year's end. That could knock the U.S. below the Saudis and Russians as the top producer. It could also mean rising oil imports.

"The economic costs will be high, given the importance of the shale revolution to the overall U.S. economy — accounting altogether, according to analysis by IHS Markit, for about 2.5 million jobs," Yergin said in an article in Foreign Affairs.



JACOB FORD Associated Press

THE AGREEMENT to cut oil production is unlikely to help U.S. producers and consumers, given a global surplus in oil and the country's economic woes.

---

■■■ ELECTION 2020 ■■■

# Biden beats Sanders in virus-plagued Wisconsin primary

By Seema Mehta

Nearly a week after Wisconsin voters headed to the polls in the middle of the COVID-19 pandemic, the election tally released Monday showed Joe Biden overwhelmingly beating Bernie Sanders in the state's presidential primary.

The contest was not consequential — Biden had already won enough delegates to almost certainly win the Democratic nomination by the time the state's primary took place Tuesday. Sanders ended his campaign the following day and endorsed Biden on Monday.

But the election drew great scrutiny, unfolding amid the coronavirus crisis that has killed more than 23,000 people in the U.S. and prompted the delay of inperson elections in 16 states and Puerto Rico.

Republicans leaders in Wisconsin successfully fought Democratic efforts to delay the election, which forced voters to wear masks to wait in line sometimes for hours. Some complained that they did not receive absentee ballots in the mail.

Though the Democratic nomination was all but decided, there was a crucial judicial state Supreme Court election on the ballot that will affect legal decisions in the state for the next decade. That GOP-led court overturned the Democratic governor's attempt to postpone the state's primary.

Conservative Justice Daniel Kelly, who was on the ballot, recused himself from the case but tweeted that the election should go on. In other legal action, the U.S. Supreme Court ruled against extending the deadline for mail voting.

Kelly ended up losing his seat to liberal rival Jill Karofsky.

The skirmishes in Wisconsin offer a preview for potential battles over the November election. Democrats are pushing for more absentee voting, while President Trump is alleging, without offering evidence, that expansion of mail balloting would be a breeding ground for election fraud.

The only other election to take place in recent days was Alaska's mail-only primary on Saturday, which Biden won with 55% to Sanders' 45%.

Sanders is no longer seeking the nomination, but he is continuing to compete for delegates until the Democratic National Convention. That would give him and his supporters more influence over the party's platform on issues such as "Medicare for all" and on nominating rules.

"Honestly, those are important for getting the Democratic Party to say in one place what they stand for, what they're willing to fight for," said Neil Sroka, a spokesman for Democracy for America, a liberal PAC that backed Sanders. Though the nominee is not bound by the platform, "it's pretty rare that we make progressive moves in a platform and then scale back in the future."

Sanders backers also said having a vocal, contingent force could help ensure that Biden doesn't forget about the priorities of the liberal wing of the party and pivot to the center in the general election. It's a core concern among Sanders supporters such as Rep. Alexandria Ocasio-Cortez of New York.

"What I hope does not happen in this process is that everyone just tries to shoo it along and brush real policies — that mean the difference of life and death or affording your insulin and not affording your insulin — just brush that under the rug as an aesthetic difference of style," she told the New York Times.

Biden has tried to court supporters of Sanders, notably by calling for an expansion of Medicare eligibility and student debt relief on Thursday.

Ben Tulchin, Sanders' pollster, said such moves did not go far enough. Sanders supporters' voices are crucial to pressing Biden to embrace more liberal policies, the need for which is thrown into sharp relief by the healthcare and economic needs caused by the coronavirus, he said.

"All the major problems Bernie's been talking about for many years are just coming to the fore in a harsh, severe way — the real consequences of our rigged economy and our corrupt political system," Tulchin said before Sanders endorsed Biden. "This isn't just about influencing the platform and some party rules. This is about making sure the Democratic Party is truly advocating for people who are getting hammered by this crisis."

The Sanders campaign will continue to make this case in the two dozen states and territories yet to vote. Next up is Wyoming's all-mail primary on Friday.

Times staff writer Arit John contributed to this report.

[Dense legal notice — United States Bankruptcy Court, Northern District of California, San Francisco Division. PG&E Corporation and Pacific Gas and Electric Company. Chapter 11. Case No. 19-30088 (DM). Notice of (I) Approval of Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Establishment and Approval of Record Date, Voting Deadline, and Other Plan Solicitation and Voting Procedures; (III) Approval of Forms of Ballots, Solicitation Packages, and Related Notices; (IV) Establishment of Plan Confirmation Notice Procedures; and (V) Other Related Relief. Full text of legal notice not legibly reproducible.]

CASE: 19-30088   Doc# 6935   Filed: 04/24/20   Entered: 04/24/20 15:50:29   Page 25 of 54

**Exhibit G**

**Marin Independent Journal**

4000 Civic Center Drive, Suite 301
San Rafael, CA 94903
415-382-7335
legals@marinij.com

3694551

MILLER LEGAL SERVICES
2458 N. RACINE, 1ST FLR
CHICAGO, IL 60614

Legal No. **0006476770**

# PROOF OF PUBLICATION
## (2015.5 C.C.P.)

## STATE OF CALIFORNIA
## County of Marin

### FILE NO. R4060059

I am a citizen of the United States and a resident of the County aforesaid: I am over the age of eighteen years, and not a party to or interested in the above matter. I am the principal clerk of the printer of the MARIN INDEPENDENT JOURNAL, a newspaper of general circulation, printed and published daily in the County of Marin, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Marin, State of California, under date of FEBRUARY 7, 1955, CASE NUMBER 25566; that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

**04/14/2020**

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Dated this 14th day of April, 2020.

*Donna Lazarus*

Signature

# PROOF OF PUBLICATION

r.BP7-11/10/16

Case: 19-30088   Doc# 6935   Filed: 04/24/20   Entered: 04/24/20 15:50:29   Page 27 of 54

FOOD SUPPLY

# Virus closes meat plants, raises fears of shortages

By Josh Funk
*The Associated Press*

**OMAHA, NEB. »** Some massive meat processing plants have closed at least temporarily because their workers were sickened by the new coronavirus, raising concerns that there could soon be shortages of beef, pork and poultry in supermarkets.

The meat supply chain is especially vulnerable since processing is increasingly done at massive plants that butcher tens of thousands of animals daily, so the closure of even a few big ones can quickly be felt by customers. For instance, a Smithfield Foods plant that was forced to close in Sioux Falls, South Dakota, after nearly 300 of the plant's 3,700 workers tested positive for the virus produces roughly 5% of the U.S. pork supply each day.

In addition, conditions at plants can be ripe for exploitation by the virus: Workers stand shoulder-to-shoulder on the line and crowd into locker rooms to change their clothes before and after shifts.

The virus has infected hundreds of workers at plants in Colorado, South Dakota, Iowa, Pennsylvania, Mississippi and elsewhere. The capacity of plants that remain open has also been hurt by workers who are sick or staying home because of fears of illness — though it's not clear by how much.

While company owners promise to deep clean their plants and resume operations as quickly as possible, it's difficult to keep workers healthy given how closely they work together.

"There is no social distance that is possible when you are either working on the slaughter line or in a processing assignment," said Paula Schelling, acting chairwoman for the food inspectors union in the American Federation of Government Employees.

The reduced production so far has been offset by the significant amount of meat that was in cold storage, said Glynn Tonsor, an agricultural economist at Kansas State University. Producers are also working to shift meat that would have gone to now-closed restaurants over to grocery stores.

Whether shoppers start to see more empty shelves or higher prices will depend on how many plants close and for how long.

At least half a dozen plants have closed temporarily, but that's across the pork, chicken and beef sectors, and Tonsor said the industry can manage for now.

"You could shut multiple plants down for a day or two, and we've got wiggle room to handle that," said Tonsor. "But if you took four or five of those big plants ... and they had to be down for two weeks, then you've got a game changer."

LM OTERO — THE ASSOCIATED PRESS

Amid concerns of the spread of COVID-19, Belia Alvarado wipes the meat counter display at El Rancho grocery store in Dallas.

Still, the reduced meat processing capacity is already driving down the prices farmers and ranchers receive for cattle, hogs and chickens.

"It's like people on an escalator. Stopping the pork chain at the top of an escalator is just going to cause all sorts of tragedy and disaster all the way back up the system," said Dermot Hayes, professor of economics and finance at Iowa State University.

Farmers are being forced to kill baby pigs because the space in the barns where they were supposed to go is still filled by the pigs that should have been slaughtered last week, Hayes said. The meat from those baby pigs cannot be sold.

That has driven prices for those feeder pigs — which generally are fattened over the course of six months — to zero, Hayes said. The value of those big enough for the market is down about 50% from a month ago. The value of the meat is down about 30%.

Lower prices for producers could mean higher prices for consumers eventually, if production falls off, according to Chad Hart, an agricultural economist at Iowa State University.

Tyson, Cargill and other major meat processing companies say they are adopting several measures: taking the temperature of everyone entering plants, adding clear plastic shields between work stations and erecting tents to allow workers to spread out more at lunch. But critics worry that workers too often continue working in close proximity and that measures are being adopted piecemeal.

The League of United Latin American Citizens recently asked federal regulators to establish uniform rules after a number of immigrant workers complained to the rights group about tight quarters.

The new coronavirus is highly contagious. For most people, it causes mild or moderate symptoms, but for some, especially older adults and people with health problems, it can cause more severe illness and lead to death.

Federal health officials do not consider COVID-19 to be a food safety concern, but they recommend that workers maintain a safe distance from one another.

But Lily Ordaz Prado, who recently quit her job at the Smithfield plant in Sioux Falls, said she didn't see those recommendations being put into practice, noting the crowded conditions in locker rooms and on assembly lines. The 30-year-old called her decision to leave "the best decision that I have ever made."

Smithfield officials have defended operations in Sioux Falls and said the company is taking "the utmost precautions and actions to ensure the health and wellbeing of our employees."

Meanwhile, Hector Gonzalez, senior vice president of human resources at Tyson Foods, said the food giant is making important changes for its roughly 140,000 workers, such as slowing down production lines and adding plastic barriers between work stations.

SEVERE WEATHER

# Death toll rises as storms rake South amid pandemic

By Brynn Anderson and Jay Reeves
*The Associated Press*

**CHATSWORTH, GA. »** Storms that killed more than 30 people in the Southeast, piling fresh misery atop a pandemic, spread across the eastern United States on Monday, leaving more than 1 million homes and businesses without power amid floods and mudslides.

In Alabama, people seeking shelter from tornadoes huddled in community shelters, protective masks covering their faces to guard against the new coronavirus. A twister demolished a Mississippi home save for a concrete room where a married couple and their children survived unharmed, but 11 others died in the state.

About 85 miles from Atlanta in the mountains of north Georgia, Emma and Charles "Peewee" Pritchett laid still in their bed praying as a suspected twister splintered the rest of their home.

"I said, 'If we're gonna die I'm going to be beside him,'" the woman said Monday. Both survived without injuries.

Nine died in South Carolina, Gov. Henry McMaster said, and coroners said eight were killed in Georgia. Tennessee Gov. Bill Lee said two people were killed in Chattanooga, and others died under falling trees or inside collapsed buildings in Arkansas and North Carolina.

With a handful of tornadoes already confirmed in the South and storms still raging up the Eastern Seaboard, forecasters fanned out to determine how much of the widespread damage was caused by twisters.

Mississippi Gov. Tate Reeves said the storms were "as bad or worse than anything we've seen in a decade."

"We are used to tornadoes in Mississippi," he said. "No one is used to this."

Georgia Gov. Brian Kemp said some storm victims already were out of work because of shutdowns caused by COVID-19. "Now they have lost literally everything they own," he said.

Striking first on Easter across a landscape largely emptied by coronavirus stay-at-home orders, the storm front forced some uncomfortable decisions. Alabama Gov. Kay Ivey suspended social distancing rules, and some people wearing protective masks huddled closely together in storm shelters.

BRYNN ANDERSON — THE ASSOCIATED PRESS

Emma Pritchett, 78, of Chatsworth sorts through debris in her kitchen on Monday.

The storms blew onward through the night, causing flooding and mudslides in mountainous areas, and knocking out electricity for nearly 1.3 million customers in a path from Texas to Maine, according to poweroutages.us.

As much as 6 inches of rain fell over the weekend in the Tennessee Valley. The Tennessee Valley Authority said it expected to release water to regulate levels in swollen lakes and rivers in Tennessee and Alabama.

> **"I'm just going to let the insurance handle it and trust in the good Lord."**
>
> *— Andrew Phillips, of Moss, Mississippi, whose house was destroyed by a tornado*

In southeast Mississippi, Andrew Phillips crowded into a closet-sized "safe room" with his wife and two sons hours after watching an online Easter service because the pandemic forced their church to halt regular worship. Then a twister struck, shredding their house, meat-processing business and vehicles in rural Moss, Mississippi. The room, built of sturdy cinder blocks, was the only thing on their property left standing.

"I'm just going to let the insurance handle it and trust in the good Lord," said Phillips.

The National Weather Service tallied hundreds of reports of trees down across the region, including many that punctured roofs and downed power lines. Meteorologists warned the mid-Atlantic states to prepare for potential tornadoes, wind and hail. The storms knocked down trees across Pennsylvania.

In northwest Georgia, a narrow path of destruction 5 miles (8 kilometers) long hit two mobile home parks. A terrified David Baggett of Chatsworth survived by cowering with his children in the bathtub of his mobile home, which was cut in two by a falling tree.

"It got quiet and then the wind started coming in really fast," said Baggett, 33.

To the north in Chattanooga, Tennessee, at least 150 homes and commercial buildings were damaged and more than a dozen people treated, but none of their injuries appeared to be life-threatening, Fire Chief Phil Hyman said.

It wasn't clear whether the combination of destroyed housing and social distancing requirements would lead to problems for tornado survivors, some of whom said they planned to stay with relatives.

The deaths in Mississippi included a married couple — Lawrence County Sheriff's deputy Robert Ainsworth and a Walthall County Justice Court deputy clerk, Paula Reid Ainsworth, authorities said.

"Robert left this world a hero, as he shielded Mrs. Paula during the tornado," said a Facebook message by the sheriff's office.

There were no immediate reports of serious injuries in Louisiana, although officials said the storm damaged hundreds of homes around Monroe, where the regional airport had millions in damage.

In north Alabama, where lightning struck Shoal Creek Baptist Church shortly after noon Sunday, catching the tall, white steeple on fire, pastor Mahlon LeCroix said the building would have been full of more than 200 people at the time had the pandemic not forced him to switch to online services.

"It turned out to be a blessing," he said.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

**9. Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

# **Exhibit H**

 

# AFFIDAVIT OF PUBLICATION

| Account # | Ad Number | Identification | PO | Amount | Cols | Depth |
|---|---|---|---|---|---|---|
| 554847 | 0004619464 | | R4060045 | | 3 | 11.50 In |

**Attention:**

PG&E Corporation
220 WEST 42 STREET, 12TH FLOOR, NY, NY 10036
NEW YORK, NY 10036

**Declaration of Publication**
**C.C.P. S2015.5**

**STATE OF CALIFORNIA** )
                           ) ss.
**County of Stanislaus** )

I am a citizen of the United States; I am
over the age of eighteen years, and not a
party to or interested in the above entitled
matter. I am a printer and principal clerk of
the publisher of the The Modesto Bee,
which has been adjudged a newspaper
of general circulation by the Superior
Court of the County of Stanislaus, State of
California, under the date of February 25,
1951 Action No. 46453. The notice of
which the annexed is a printed copy has
been published in each issue thereof on
the following dates, to wit:

April 14, 2020

*V Rodela*
Legal Clerk

I certify (or declare) under penalty of
perjury that the foregoing is true and
correct and that this declaration was
executed at Dallas, Texas on:

**Date: 20th, day of April, 2020**

Notary Signature

LIZBETH AILEEN CORDERO
My Notary ID # 131868068
Expires January 25, 2023

Extra charge for lost or duplicate affidavits.

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5733] (the "Scheduling Order").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5B-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status

The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-III | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-IV | Utility PC Bond (2008 and 2009) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests are not entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020 at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and only for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation, provided that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed Hold a Resolution or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "3018 Motion"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors, provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount...

a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 18, 2020), all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "Clerk") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "Case Website"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephonic. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform (i) the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing [N.D. Cal. May 2012] (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "Objection Deadline") by the following parties (the "Notice Parties"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenisti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) the U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) the attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) the attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (gbray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) the attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) the attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) the attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com); and (xii) the attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), and Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be (i) examined by interested parties during normal business hours at the office of the Clerk, (ii) accessed free of charge at the Case Website (www.primeclerk.com), and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below. **If by e-mail to:** pgeinfo@primeclerk.com, **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL**

FROM PAGE 1B

# MILE

the arrogance, the bad look of having any sort of events when people are supposed to be sheltering in place and social distancing. But Weinberger wasn't in on any of this.

This race was Strangio's idea, his planning. It had nothing to do with Jesuit, and he was, technically, unattached to his school in this race. Weinberger stressed to The Bee that the Jesuit continues to promote "stay-at-home directives" and that his school "aches" for those who have lost so much of their normal lives.

Even Strangio's coach, Walt Lange, was a late addition to this party, and Walt is never late to any running party. Strangio's hope was to try to at least squeeze in two more time trails this spring to crack that 4-minute barrier. That won't happen now as the backlash is too much, and Strangio understands why. He didn't run this race to upset people. He did it because it was his ambition, so here's a medal in spirit for the effort.

Strangio missed out on a lot this spring. A lot of people have lost a great deal. Strangio was a safe bet to three-peat as the CIF State 1,600-meter champion, to etch his place among the greatest Jesuit and regional distance greats. He is also a two-time CIF State cross country champion.

Strangio belongs on the all-time Mount Rushmore of distance cruiser stars in the Sac-Joaquin Section, right along with Riverbank's German Fernandez, Jesuit's Eric and Mark Mastalir and Michael Stember, Bella Vista's Harold Kuphaldt, Kennedy's Cliff West and River City's Reggie Williams. OK, that's a crowded Mount Rushmore, but runners would find a way to make it happen because that's what runners do.

Only three high school runners have cracked the sub-4 mile in sanctioned meets, the first being Jim Ryun of Wichita, Kansas, in 1965 when he blazed a 3:58.3. Others have beaten 4 minutes in invitationals that include collegiate runners.

Bonus note: Ryun ran his final prep mile in Sacramento, at the 1965 Golden West Invitational, clocking a 4:04.3 effort, a Hughes Stadium record for any age that stood for 15 years. That came an hour after Ryun clocked a 9:04 two-mile run.

Said Strangio after his own race, "I ran my hardest. The conditions weren't perfect. It would've been nice to have a full stadium and the whatnot. I'm pleased."

He added about the joy of the 4-minute goal, "It wasn't that long ago, that people thought breaking 4 minutes was impossible. Now to try and do it as an 18-year-old is crazy to me. It's the ultimate goal in high school for a miler. I ran in a race where Cooper Teare (of the Bay Area) was trying to break the barrier, and I thought, 'Oh, my God! This is the coolest thing ever!'"

Strangio will run and study at the University of Portland. I like his chances of becoming an All-American, perhaps even an Olympian.

Lange, in his 50th year coaching runners at Jesuit, beamed at Strangio's last prep four-lap effort. Lange understands why people are concerned with any races happening, of much of anything happening, but he especially admires Strangio's grit and ability.

"He's a great runner, great attitude, and he'll get that mark someday," Lange said of the sub-4. "There is fascination with the four-minute mile. It's long enough to really be entertaining and dramatic, not like the 10K and wondering, 'When is it over?'"

Strangio's parents, Jill and Steve, used to pour themselves into 10,000-meter races, so many laps you lose track. Steve was an All-American runner at Cal Poly and Jill was a distance All-American at UC Davis. Their son was born to run.

Jill and Steve were among the gathering of socially distanced eight on hand for their son's rainy-day race.

"Oh, wow, what Matt has done is incredible," Steve said. "I can't fathom what he's doing and his times. What he did here today doesn't hurt anyone. We're social distancing. No hate mail, please! These kids work hard. Matt deserves a chance to try, and what he did today, with the wind blowing and no one yelling, was amazing."

"Only mom was yelling!" Strangio added with a laugh.

Strangio's Jesuit teammate, Chase Gordon, ran the first two laps of this time trial to help set the pace, then pulled out of the running by design. He owns the second-fastest 800-meter time in Jesuit's storied history, having finished second in the CIF State finals last spring. He aimed to win it this season, naturally.

"This was supposed to be our year, Matt and me," said Gordon, who will attend USC to study business and to run track. "Running is one of those sports where everyone feels the same pain, the same joy. We hurt together, we suffer when we run and when we don't. We miss it, and we need it."

Nearby, Strangio was leaning against the steps to empty bleachers, spent.

Dan Tyree

Jesuit's Matt Strangio pushes to complete a 1,600-meter run in under four minutes.

*Joe Davidson: 916-321-1280, @SacBee_JoeD*

## Legals & Public Notices

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

**In re:**
**PG&E CORPORATION,**
**- and -**
**PACIFIC GAS AND ELECTRIC COMPANY,**
**Debtors.**

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim and a timely filed 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1—866—582—6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

## Legals & Public Notices

MODESTO CITY SCHOOLS
426 Locust Street, Modesto, CA 95351
NOTICE TO BIDDERS

Notice is hereby given that the governing board of Modesto City Schools ("District") will receive bids for public works project Bid #20-4736, BEYER HIGH SCHOOL JR ROTC MODERNIZATION, in the District's Purchasing Office, First Floor, 426 Locust St., Modesto, CA 95351 no later than April 30, 2020, at 11:00a.m., at which time they will be opened and read aloud. Any bid that is submitted after this time shall be deemed non-responsive and returned to the bidder unopened.

Pursuant to Public Contract Code section 20111.5, only prequalified bidders will be eligible to submit a bid for this Project. Any bid submitted by a bidder who is not prequalified shall be non-responsive and returned unopened to the bidder. Prequalification instructions are posted on the District's website, Purchasing Department: https://www.mcs4kids.com/district/purchasing

Each bid shall include all elements of the RFB, required documentation, and must conform and be fully responsive to this invitation, the plans and specifications and all other Contract Documents. Copies of the RFB and required documentation are available for examination April 8, 2020, at the PBK website: https://pbk.exavault.com/share/view/1xi89-8x2x0i2n

Bids not submitted on the District's required forms shall be deemed non-responsive and shall not be considered. Additional sheets required to fully respond to requested information are permissible.

A mandatory pre-bid job walk is scheduled for April 14, 2020, at 10:00 a.m., at Beyer High School, 1717 Sylvan Ave, Modesto, CA 95355. We will meet and sign-in in front of the Admin Bldg., anticipate approximately 1 hr. overall. The pre-bid job walk must be attended by a Principal of the company proposing to submit a bid or an employee of the company who is a Construction Superintendent or a Project Manager. Failure to attend or tardiness will render bid ineligible.

The District has determined the general prevailing rate to be the per diem wages for each craft or type of workman or mechanic needed to execute this contract as set forth in the collective bargaining agreements for Stanislaus, San Joaquin, and Merced Counties, California. COMPLIANCE MONITORING: This project is subject to compliance monitoring and enforcement by the Department of Industrial Relations, Office of the Labor Commissioner. Copies of all collective bargaining agreements relating to the work are on file and available for inspection in the office of the California Department of Industrial Relations, Division of Labor Statistics and Research, 455 Golden Gate Avenue, San Francisco, CA, 94102, (415-703-4780), http://www.dir.ca.gov/dlsr/.

In compliance with SB 854, no contractor or subcontractor may be listed on a bid proposal for a public works project unless registered with the Department of Industrial Relations pursuant to Labor Code section 1725.5 [with limited exceptions from this requirement for bid purposes only under Labor Code section 1771.1(a)].

A valid B, C2, C5, C7, C8, C9, C10, C12, C13, C15, C16, C20, C33, C39, C43, C45 contractor's license will be required.

In addition, no contractor or subcontractor may be awarded a contract for public work on a public works project unless registered with the Department of Industrial Relations pursuant to Labor Code section 1725.5.

The Board reserves the right to reject any and all bids and/or waive any irregularity in any bid received. Unless otherwise required by law, no bidder may withdraw its bid for ninety (90) days after the date of the bid opening.

Roger Orth, Senior Director Maintenance & Operations
Modesto City Schools
Pub Dates 4/7 and 4/14

**AS** EASY AS 1-2-3
1) Gather unused items
2) Place a Classified ad to sell them
3) Count the money you've made
Bee Classified
521-7777

## Legals & Public Notices

MODESTO CITY SCHOOLS
426 Locust Street, Modesto, CA 95351
NOTICE TO BIDDERS

Notice is hereby given that the governing board of Modesto City Schools ("District") will receive bids for public works project Bid #20-4737, SLURRY & PAVEMENT PROJECTS VARIOUS SITES (Elliott Alternative Education Center, El Vista Elementary School, Robertson Road Elementary School and Downey High School)in the District's Purchasing Office, First Floor, 426 Locust St., Modesto, CA 95351 no later than May 6, 2020, at 11:00a.m., at which time they will be opened and read aloud. Any bid that is submitted after this time shall be deemed non-responsive and returned to the bidder unopened.

Pursuant to Public Contract Code section 20111.5, only prequalified bidders will be eligible to submit a bid for this Project. Any bid submitted by a bidder who is not prequalified shall be non-responsive and returned unopened to the bidder. Prequalification instructions are posted on the District's website, Purchasing Department: https://www.mcs4kids.com/district/purchasing

Each bid shall include all elements of the RFB, required documentation, and must conform and be fully responsive to this invitation, the plans and specifications and all other Contract Documents. Copies of the RFB and required documentation are available for examination April 8, 2020, at the PBK website: https://pbk.exavault.com/share/view/1xiby

Bids not submitted on the District's required forms shall be deemed non-responsive and shall not be considered. Additional sheets required to fully respond to requested information are permissible.

A mandatory pre-bid job walk is scheduled for April 22, 2020, at 10:00 a.m., at Elliott Alternative Education Center, 1440 Sunrise Ave, Modesto, CA 95350. We will meet and sign-in in front of the Admin Bldg., Additional site visits to El Vista Elementary School, Robertson Road Elementary School and Downey High School to follow, approximately 2 1/2 hrs. overall. The pre-bid job walk must be attended by a Principal of the company proposing to submit a bid or an employee of the company who is a Construction Superintendent or a Project Manager. Failure to attend or tardiness will render bid ineligible.

The District has determined the general prevailing rate to be the per diem wages for each craft or type of workman or mechanic needed to execute this contract as set forth in the collective bargaining agreements for Stanislaus, San Joaquin, and Merced Counties, California. COMPLIANCE MONITORING: This project is subject to compliance monitoring and enforcement by the Department of Industrial Relations, Office of the Labor Commissioner. Copies of all collective bargaining agreements relating to the work are on file and available for inspection in the office of the California Department of Industrial Relations, Division of Labor Statistics and Research, 455 Golden Gate Avenue, San Francisco, CA, 94102, (415-703-4780), http://www.dir.ca.gov/dlsr/.

In compliance with SB 854, no contractor or subcontractor may be listed on a bid proposal for a public works project unless registered with the Department of Industrial Relations pursuant to Labor Code section 1725.5 [with limited exceptions from this requirement for bid purposes only under Labor Code section 1771.1(a)].

A valid C12, contractor's license will be required.

In addition, no contractor or subcontractor may be awarded a contract for public work on a public works project unless registered with the Department of Industrial Relations pursuant to Labor Code section 1725.5.

The Board reserves the right to reject any and all bids and/or waive any irregularity in any bid received. Unless otherwise required by law, no bidder may withdraw its bid for ninety (90) days after the date of the bid opening.

Roger Orth, Senior Director Maintenance & Operations
Modesto City Schools
Pub Dates 4/14 and 4/21

Do it yourself ads!

Now you can write your own classified ad, schedule it to appear in the paper and on modbee.com and pay for it all at once - 24-hours a day!

Visit Bee Classified on modbee.com

SP22240

Do it yourself ads!

Now you can write your own classified ad, schedule it to appear in the paper and on modbee.com and pay for it all at once - 24-hours a day!

Visit Bee Classified on modbee.com

SP22240









# **Exhibit I**

AFFIDAVIT OF PUBLICATION          NAPA VALLEY REGISTER

MILLER ADVERTISING AGENCY, INC

Holly Dobbs

220 WEST 42ND STREET

NEW YORK NY 10036

ORDER NUMBER          126129

STATE OF CALIFORNIA

COUNTY OF NAPA

I AM A CITIZEN OF THE UNITED STATES AND A RESIDENT OF
THE COUNTY AFORESAID; I AM OVER THE AGE OF EIGHTEEN
YEARS, AND NOT A PART TO OR INTERESTED IN THE
ABOVE-ENTITLED MATTER. I AM THE PRINCIPAL CLERK
OF THE NAPA VALLEY REGISTER, A NEWSPAPER OF
GENERAL
CIRCULATION, PRINTED AND PUBLISHED DAILY IN THE
CITY OF NAPA, COUNTY OF NAPA, AND WHICH NEWPAPER
HAS BEEN ADJUDGED A NEWSPAPER OF GENERAL
CIRCULATON BY THE SUPERIOR COURT OF THE COUNTY
OF NAPA, STATE OF CALIFORNIA, UNDER THE DATE OF
NOVEMBER 16, 1951, CASE NUMBER 12752.

THAT I KNOW FROM MY OWN PERSONAL KNOWLEDGE THE
NOTICE, OF WHICH THE ANNEXED IS A PRINTED COPY
(SET IN TYPE NOT SMALLER THAT NONPAREIL), HAS
BEEN PUBLISHED IN EACH REGULAR AND ENTIRE ISSUE
OF SAID NEWPAPER AND NOT IN ANY SUPPLEMENT THEREOF
ON THE FOLLOWING DATES, TO-WIT:

Section: Legals

Category: 901 Public Notices

PUBLISHED ON: 04/14/2020

TOTAL AD COST:          729.00

FILED ON:          4/14/2020

# *** Proof of Publication ***

I CERTIFY (OR DECLARE) UNDER PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

DATED AT NAPA COUNTY, CALIFORNIA,

THIS _14_ DAY OF _April 2020_

SIGNATURE _Maria Salom_

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

Chapter 11

Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. Approval of Disclosure Statement. By Order, dated March 17, 2020 [Docket No. 6340] (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement of the solicitation version of which is filed at [Docket No. 6353], together with all schedules and exhibits thereto and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "Scheduling Order").

2. The Voting Classes and Record Date. Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. The Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or interest holder not being counted for purposes of accepting or rejecting the Plan.

4. The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 1A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-III | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 3B-IV | Utility Eric E Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following Holders of Claims and Interests are **not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00; or (iii) where a Claim has been disallowed, expunged, disqualified, or was pended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. Objections to Claims or Requests to Estimate for Voting Purposes. If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection, for, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. Rule 3018 Motions. Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "3018 Motion"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020 at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court solely with respect to voting and/or objection to confirmation of the Plan and not for distribution purposes.

PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-

4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. The Confirmation Hearing. Pursuant to the Scheduling Order, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re: Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 18, 2020), all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "Clerk") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "Case Website"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearance-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. Objections to Confirmation of the Plan. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020 (the "Objection Deadline") by the following parties (the "Notice Parties"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; (ii) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul K. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder3@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. Executory Contracts and Unexpired Leases. Pursuant to the Plan, all, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. Additional Information. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be (i) examined by interested parties during normal business hours at the office of the Clerk, (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/, and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: If by e-mail: pge-nda@primeclerk.com; If by standard, overnight, or hand delivery: PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

FOR SOLICITATION AGENTS AT NOT AUTHORIZED TO PROVIDE LEGAL ADVICE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
— and —
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement the solicitation version of which as filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan collectively, the "**Voting Classes**"):

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-III | Reinstated Senior Note Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Preferred Interests | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been so entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-

4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency, General Order 38* (N.D. Cal. Mar. 16, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil. com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath. com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock. com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@ stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk. com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Reiman, Esq. (wreiman@ paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank. com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw. com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G.Minias Esq. (jminias@ willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@ jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) ) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at https://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

Find what you are looking for.

Valley Classifieds

NapaValleyRegister.com
707-226-3719



SUBSCRIBE LOCAL

MORE NEWS
MORE ACCESS
MORE VALUE

Napa Valley Register

707.256.2249

NapaValleyRegister.com/subscribenow



**Exhibit J**



Miller Advertising
220W 42nd St 12th Floor
**New York, NY 10036**

**STATE OF WISCONSIN, COUNTY OF BROWN:**

I hereby certify that the Record Searchlight is a newspaper
of general circulation within the provisions of the
Government Code of the State of California, printed and
published in the city of Redding, County of Shasta, State of
California; that I am the principal clerk of the printer of said
newspaper; that the notice of which the annexed clipping is
a true printed copy was published in said newspaper on
the following dates, to wit:

4/14/2020

such newspaper was regularly distributed to its
subscribers during all of said period

_Vactlor_
Legal Clerk

I certify under penalty of perjury, under the laws of the State
of California, that the foregoing is true and correct.

Subscribed and sworn to before on April 20, 2020:

_Tara Mondloch_
Notary Public, State of Wisconsin, County of Brown

8-6-2021
My commission expires

TARA MONTLOCH
Notary Public
State of Wisconsin

Ad No:
Customer No: 426752
PO #:

# Business & Service Directory

to advertise, email: **ServiceDirectory@redding.com** or call: **530.246.2626**

Professional Service all your needs...

## Building Remodel

JOHN N. RILEY Construction
ALL PHASES OF BUILDING & REMODELING
* ADDITIONS * NEW HOMES * KITCHENS & BATHS * GARAGES
Insured 530-945-0482 #854879

## Clean Up and Removal

BERNIE'S HAULING #1
Everything 7 days a week – Rain or Shine
Mobile/Demo 365-2157
Ins./Bus. Lic. #003758

Professional House Cleaning
Over 40 Years Exp
* Also Home Cleansings *
Please Call Mary
530-275-4065

## Fences

RONALD CONSTRUCTION
Wood, Vinyl, Ornamental, Dog Kennels, Security Fencing
Chain Link, Field Fence, Metal Post Fence, Gates, Ranch Fencing
OTHER SERVICES OFFERED
Painting - Interior/Exterior
Drywall - Patch or Hang Tape/Texture
Concrete - Flatwork/Patios/Repairs
Demolition - Staining & Overlays
Carpentry From A-Z, Doors, Windows, Interior Finish, Siding, Etc.
CSL #671348
530-378-1604

Carter Fencing
Since 1979
COMMERCIAL • RESIDENTIAL
• CHAIN LINK • WOOD FENCING
• ORNAMENTAL IRON • KENNELS
• FIELD FENCING • ELECTRIC GATES
• WELDING • VINYL Lic #484202
• ALL YOUR FENCING NEEDS
244-2877

## Flooring and Carpet

CARPET DIRTY
50% OFF COUPON
CARPET, TILE & UPHL CLEANING
5 AREAS $125 REG $250
6 AREAS $150 REG $300
SOFA $75 Reg $150 3 Cushions Most Fabrics
CHAIR $25 Reg $50 Recliners Most Fabrics
Areas over 200sf Count as 2 Areas
Home of the Pure Steam Rinse
530-262-3290
Satisfaction in Redding Since 1983
AAA RX20 Truck Mount Min. Order Required
Free Estimates

## Heating - Cooling

gard HEATING & AIR
Installations, Service & Repair
Lic#881019 221-7494
GardHeatingandAir.com

Timberline
HEATING & AIR CONDITIONING
Service • Repair • Installation
BIG REBATES NOW!
SENIOR DISCOUNTS!
Turn to the Experts
221-2222
Lic. #525939

the job network
Get started by visiting jobs.usatoday.com

## Home Improvement

HANDYMAN SERVICES
7 DAYS A WEEK - NO JOB TOO SMALL ☎ RONNIE: 530-351-5825

## Home Maintenance

COOPER BUILDING MAINTENANCE CO.
General Contractor "B"
License #909860
Water Heaters, Dry Rot Repair, Handyman Services, Plumbing, Electrical, Carpentry, Painting, Etc.
Senior Discounts
FREE ESTIMATES
Bruce Cooper, Owner
530-209-6671

JOE'S HOME REPAIR
*Carpentry *Wood Rot *Water Damage *Drywall Repair *Prep & Pain Window &DoorRep.*Plumbing Electrical Includes Rentals/Mobile Homes ,25 Years Exp. No Stc. Lic.
Free Est 530-227-8241

## Landscaping

ANDERSON'S LAWN MAINTENANCE
Clean Ups, Gutter Cleaning, Weed Eating, Trimming, Mowing
Weekly/Monthly Rates
Military & Senior Discounts
Free Estimates
530-788-3188

FINDING WORK SHOULDN'T BE WORK.
the job network
Get started by visiting jobs.usatoday.com

## Landscaping

DEFENSIBLE SPACE & BRUSH REMOVAL
Fire Breaks, CDF Standards, Weed Eating, Hauling, Lawn Painting - We Clean Solar Panels. Property Clean-ups Specialize in Blackberry & Poison Oak.
Disaster Clean-up.
15 yrs exper.
Ins/Lic#24438. Refs.
Great Rates.
BBB Accredited.
Call for Free Consultation.
530-209-7375
brushremovalredding.com

El Guapo LANDSCAPING
(530) 360-1973
elguapo96080@yahoo.com
RS-SPA0227161343 Lic #12384

FOSTERS BRUSH HOG SERVICE
Field Mowing, STORM CLEANUP, Brush Removal, Defensible Space.
530-440-9531

PACIFIC LANDSCAPE CO
Landscape Contractor
Water Features
Irrigation Systems
Retaining Walls
Pavers LV Lighting
Boulder Placement
Fencing Loader Mini Excavator Work Trenching & Post Holes
Weekly Landscape Maintenance
3rd Month Free After 2 Paid
530-945-8027
Lic. 869458

Jose Pascual
ONE DAY JOBS
Pruning, Lawn Care & Full Service
(530)-209-3557
25 Year's Experience #20310
Call for free estimate onedayjobs@yahoo.com

## Landscaping

RUDY CORTES YARD MAINTENANCE
Lawn, Weed Care, Fertilize Sprinkler Repair
Clean-Up. Cheap Service.
530-357-2576 or 530-917-1921

## Lawn - Garden Care

CUT & TRIM YARD SERVICE
(Husband and Wife Team)
Maintenance/Clean-ups
Lic/Free Estimates
530-222-0628

HOYT & SONS LAWN MOWING & TRIMMING
Weekly
Senior & Veteran Discounts
530-917-2643

## Painting

Professional Painting
RePaints Are Our Specialty
Residential - Commercial - Industrial
CA Lic.#340033 Since 1977
Bonded and Insured
Call 530-227-0924 Free Estimates
#1 Rated on Angie's List
RS-SPA0130136314

## Roofing - Siding

BHS ROOFING SERVICE
Mobile Home & Roof Repairs.
All Types. Gutter Cleaning.
Ex-Contractor. 47 Years Exp.
Senior Discounts
No State Lic. 530-221-7508

HAKER ROOFING
35 Years in business All Types
Roofing & Repairs
LIC#280729 (530)347-4837

the job network

## Roofing - Siding

SAM ESQUIBEL ROOFING
All Types leak expert, all jobs.
Comp Shingles, Dry Rot Repair
Lic #855016 246-2083

## Tree Service

RIVER CITY TREE
Removals, Trim, Prune
Insured. Lic# 892707
244-6333/524-6333 (Cell)

BRIAN'S TREE SERVICE
Trimming, Removals, Lot Clearing
Free Estimates, Insured
Cont. Lic #949313
241-5495

Get It Done TREE SERVICE
Zed Keys 530-250-6593 BONDED
Tree Climbing • Tree Trimming & Removal

I LOVE TREES!
Best Tree Trimming Ever!
$50 OFF with ad
530-227-3804

Stump Grinding, Site Prep
Property Enhancement,
Land Clearing & Timber Falling
CSLB#1012237 & LTO#A10062
530-227-9005

the job network
Get started by visiting jobs.usatoday.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| I<br>P E CORPORATION,<br><br>PACIFIC AS AND ELECTRIC CO PANY,<br>D | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS AND SHAREHOLDER PROPONENTS JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **A D S** . By Order, dated March 17, 2020 [Docket No. 6340] (the **D S S P O** ), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the **B C** ) approved the disclosure statement (the solicitation version of which is led at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modi ed, amended, or supplemented from time to time, the **D S** ) for the *Debtors and Shareholder Proponents Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modi ed, amended, or supplemented from time to time, the **P** ) as having adequate information as provided under section 1125 of title 11 of the United States Code (the **B C** ), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **E A** to the Disclosure Statement. Capitalized terms used but not de ned herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and con rmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the **S O** ).

2. **T V C R D** . Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the **R D** ) are entitled to vote to accept or reject the Plan (collectively, the **V C** ):

| T V C | | |
|---|---|---|
| **C** | **D** | **I** |
| Class 5A-I | oldCo Public ntities ild re Claims | Impaired |
| Class 5A-II | oldCo Subrogation ild re Claims | Impaired |
| Class 5A-III | oldCo Fire ictim Claims | Impaired |
| Class 10A-I | oldCo Common Interests | Impaired |
| Class 10A-II | oldCo escission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-I | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public ntities ild re Claims | Impaired |
| Class 5B-II | Utility Subrogation ild re Claims | Impaired |
| Class 5B-III | Utility Fire ictim Claims | Impaired |

3. **T V D** . otes to accept or reject the Plan must be actually received by the Debtors solicitation agent, Prime Clerk LLC ( **P C** or the **S A** ), by no later than **, P P T** (the **V D** ) in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **T N V C O P N E V P** . olders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the **N V C** ), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non- oting Status.

| T N V C | | |
|---|---|---|
| **C** | **D** | **I** |
| Class 1A | oldCo Other Secured Claims | Unimpaired |
| Class 2A | oldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | oldCo Funded Debt Claims | Unimpaired |
| Class 4A | oldCo eneral Unsecured Claims | Unimpaired |
| Class 5A-I | oldCo host Ship Fire Claims | Unimpaired |
| Class 6A | oldCo orkers Compensation Claims | Unimpaired |
| Class 7A | oldCo nvironmental Claims | Unimpaired |
| Class 8A | oldCo Intercompany Claims | Unimpaired |
| Class 9A | oldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | oldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility einstated Senior Note Claims | Unimpaired |
| Class 3B- | Utility PC Bond (2008 F and 2010 ) Claims | Unimpaired |
| Class 4B | Utility eneral Unsecured Claims | Unimpaired |
| Class 5B-I | Utility host Ship Fire Claims | Unimpaired |
| Class 6B | Utility orkers Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility xchange Claims | Unimpaired |
| Class 8B | Utility nvironmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests ______ entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of 0.00, or unknown, and a Proof of Claim was not (i) led by the applicable Bar Date or (ii) deemed timely led by an Order of the Bankruptcy Court before the oting Deadline unless the Debtors have consented in writing

(b) Any holder of a Claim that is the subject of an objection or request for estimation led by February 21, 2020 at 4 p.m. (Prevailing Paci c Time)

(c) Any holder of a Claim (i) led in the amount of 0.00, (ii) where, as of the ecord Date, the outstanding amount of a Claim is not greater than 0.00, or (iii) where a Claim has been disallowed, expunged, disquali ed, or suspended and

(d) Claimholders who are otherwise disquali ed from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **O C R E V P**
If an objection to, or request for estimation of, a Claim has been led and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Paci c Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation *pro ided,* that the deadline for any party in interest with appropriate standing to le and serve an objection to, or request for estimation of, any timely led oldCo escission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Paci c Time).

6. **R** Pursuant to the Scheduling Order, if you timely led a Proof of Claim or Interest and disagreed with the Debtors classi cation of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to le and serve a motion, pursuant to Bankruptcy ule 3018(a) (a ), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Paci c Time), unless such deadline has been extended by agreement of the Debtors *pro ided, ho e er,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely led oldCo escission or Damage Claim to le a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Paci c Time). 3018 Motions that were not timely led and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely led a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the oting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely led 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact P Ballot Processing, c o Prime Clerk, LLC, One rand Central Place, 60 ast 42 Street, Suite 1440, New ork, N 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely led and a 3018 Motion has been led.

7. **T C H** . Pursuant to the Scheduling Order, the hearing (the **C H** ) to consider con rmation of the Plan will be held on **, P T** , before the onorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 olden ate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *rder re Corona ir s Disease P blic ealth ergenc* , eneral Order 38 (N.D. Cal. Mar. 18, 2020), **,** . Although the Con rmation earing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Con rmation earing or the manner in which the Con rmation earing will be conducted with the Clerk of the Bankruptcy Court (the **C** ) by visiting at http: www.canb.uscourts.gov or with Prime Clerk by visiting the case website at https: restructuring.primeclerk.com pge (the **C** ). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1 866 582 6878 no later than 4:00 p.m. (Paci c Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court s website, at the following location: http: www.canb.uscourts.gov procedure district-oakland-san-jose-san-francisco policy-and-procedure-appearances-telephone. The procedures for ling responses and objections to con rmation of the Plan are set forth below. The Con rmation earing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing led with the Bankruptcy Court, or on the docket. The Plan may be modi ed, if necessary, before, during, or because of the Con rmation earing, without further notice to interested parties.

8. **O C P** . esponses and objections to con rmation of the Plan must:

(a) Be in writing

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party

(c) State with particularity the basis and nature of any objection with respect to the Plan

(d) Conform to the Bankruptcy ules, the Bankruptcy Local ules for the United States District Court for the Northern District of California, the *rder stablishing Proced res for Disclos re State ent and Con r ation earing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order and

(e) Be led with the Bankruptcy Court and served in accordance with Bankruptcy ule 3020(b)(1) so as to be actually received on or before **P P T ,** (the **O D** ) by the following parties (the **N P** ): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 olden ate Avenue, 18th Floor, San Francisco, California 94102 (ii) The Debtors, c o P Corporation and Paci c as and lectric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, sq.) (iii) The attorneys for the Debtors, (A) eil, otshal Manges LLP, 767 Fifth Avenue, New ork, New ork 10153 (Attn: Stephen arotkin, sq. (stephen.karotkin weil.com), Jessica Liou, sq. (jessica.liou weil.com), and Matthew oren, sq. (matthew.goren weil.com)), (B) eller Benvenutti im LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. eller, sq. (tkeller kbkllp.com) and Jane im, sq. (jkim kbkllp.com)), and (C) Cravath, Swaine Moore LLP, orldwide Plaza, 825 ighth Avenue, New ork, New ork 10019 (Attn: Paul . umbro, sq. (pzumbro cravath.com), evin J. Orsini, sq. (korsini cravath.com), and Omid . Nasab, sq. (onasab cravath.com)) (iv) The U.S. Trustee, 450 olden ate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, sq. (James.L.Snyder usdoj.gov) and Timothy Laffredi, sq. (Timothy.S.Laffredi usdoj.gov)) (v) The attorneys for the administrative agent under the Debtors debtor-in-possession nancing facility, (A) Stroock Stroock Lavan LLP, 180 Maiden Lane, New ork, New ork 10038-4982 (Attn: ristopher M. ansen, sq. (khansen stroock.com), rez . ilad, sq. (egilad stroock.com), and Matthew arofalo, sq. (mgarofalo stroock.com)) and (B) Stroock Stroock Lavan LLP, 2029 Century Park ast, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, sq. (fmerola stroock.com)) (vi) The attorneys for the collateral agent under the Debtors debtor-in-possession nancing facility, Davis Polk ardwell LLP, 450 Lexington Avenue, New ork, New ork 10017 (Attn: li J. ermeyer, sq. (eli.vonnegut davispolk.com), David Schiff, sq. (david.schiff davispolk.com), and Timothy raulich, sq. (timothy.graulich davispolk.com)) (vii) The attorneys for the CPUC, Paul, eiss, ifkind, harton arrison LLP, 1285 Avenue of the Americas, New ork, New ork 10019-6064 (Attn: Alan ornberg, sq. (akornberg paulweiss.com), Brian S. ermann, sq. (bhermann paulweiss.com), alter ieman, sq. (wrieman paulweiss.com), Sean A. Mitchell, sq. (smitchell paulweiss.com), and Neal P. Donnelly, sq. (ndonnelly paulweiss.com)) (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 udson ards, New ork, New ork 10001-2163 (Attn: Dennis F. Dunne, sq. (DDunne milbank.com) and Samuel A. ahlil, sq. (skhalil milbank.com)) and (B) Milbank LLP, 2029 Century Park ast, 33rd Floor, Los Angeles, California 90067 (Attn: regory A. Bray, sq. ( Bray milbank.com) and Thomas . eller, sq. (T reller milbank.com)) (ix) The attorneys for the Tort Claimants Committee, (A) Baker ostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: obert A. Julian, sq. (rjulian bakerlaw.com) and Cecily A. Dumas, sq. (cdumas bakerlaw.com) and (B) Baker ostetler LLP, 11601 ilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: ric . Sagerman, sq. (esagerman bakerlaw.com) and Lauren T. Attard, sq. (lattard bakerlaw.com )) (x) The attorneys for the Ad oc roup of Subrogation Claim olders, (A) illkie Farr allagher LLP, 787 Seventh Avenue, New ork, New ork 10019-6099 (Attn: Matthew A. Feldman, sq. (mfeldman willkie.com), Joseph Minias sq. (jminias willkie.com), Benjamin P. McCallen sq. (bmccallen willkie.com), and Daniel I. Forman sq. (dforman willkie.com) and (B) Diemer ei, LLP, 100 est San Fernando Street, Suite 555, San Jose, California 95113 (Attn: athryn S. Diemer (kdiemer diemerwei.com)) (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, sq. (bbennett jonesday.com), Joshua M. Mester, sq. (jmester jonesday.com), and James O. Johnston, sq. (jjohnston jonesday.com)) and (xii) The attorneys for the Ad oc Committee of Senior Unsecured Noteholders, (A) Akin ump Strauss auer Feld LLP, One Bryant Park, New ork, New ork, 10036 (Attn: Michael S. Stamer, sq. (mstamer akingump.com), Ira S. Dizengoff, sq. (idizengoff akingump.com), David . Botter, sq. (dbotter akingump.com), Abid ureshi, sq. (aqureshi akingump.com) and (B) Akin ump Strauss auer Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley inson Crawford, sq. (avcrawford akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

**P R CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **E C U L** . Pursuant to the Plan, as of, and subject to, the occurrence of the ffective Date of the Plan and the payment of any applicable Cure Amount (as de ned in the Plan), all executory and unexpired leases of the organized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as de ned in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Con rmation Date (as de ned in the Plan), or (iv) is speci cally designated as an executory contract or unexpired lease to be rejected on the Schedule of ejected Contracts (as de ned in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **A I** . Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on le with the Clerk and may be examined by interested parties on the Case ebsite. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be obtained by (i) examined by interested parties during normal business hours at the of ce of the Clerk (ii) accessed for a fee via PAC at http: www.canb.uscourts.gov and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **I** pgeinfo primeclerk.com
**P** Information, c o Prime Clerk, LLC, 60 ast 42nd Street, Suite 1440, New ork, N 10165.

**THE SOLICITATION A ENT IS NOT AUTHORI ED TO, AND ILL NOT, PROVIDE LE AL ADVICE.**

Dated: March 18, 2020

RS-GCI0404067-01

## Public Notices

**FICTITIOUS BUSINESS NAME STATEMENT**
**FBN Number: F20200383**
This statement was filed in the office of
CATHY DARLING ALLEN, County Clerk of SHASTA County, on 04/01/2020
By: **L. Wood**, Deputy
Fictitious Business Name(s)
**QUALITY HAULING & MAINTENANCE**
6664 RIVERSIDE DRIVE
REDDING, CA 96001
County of Shasta
Registrant Address(es)
**KELLY GOFF**
6664 RIVERSIDE DRIVE
REDDING, CA 96001
**PATRICIA CHITWOOD**
18430 GILMAN PLACE
ANDERSON, CA 96007
Began Transacting Business: 03/27/2020
Statement Expires On: 04/01/2025
Business Is Conducted By: A General Partnership
NOTICE - IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.
THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).
**/s/ Kelly Goff**
**Print Name: KELLY GOFF/ PATRICIA CHITWOOD**
April 7, 14, 21, 28, 2020
4143156

FINDING WORK SHOULDN'T BE WORK.
the job network
Get started by visiting jobs.usatoday.com

Your Source Public Notices for the latest...

Your Source Public Notices for the latest...

**Notice Of Petition To Administer Estate Of**
**MICHAEL JOHN HAYE**
**CASE NUMBER SC RD CV-PB-20-0030526-000**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of **MICHAEL JOHN HAYE**

A Petition for Probate has been filed by **LONNY ESQUIVEL** in the Superior Court of California, County of SHASTA
The Petition for Probate requests that **LONNY ESQUIVEL** be appointed as personal representative to administer the estate of the decedent.

The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
A hearing on the petition will be held in this court as follows:
**DATE: 05/11/2020 TIME: 2:30 P.M. Dept: 7**
**Superior Court of California, County of Shasta,**
**1500 Court St., Redding, CA 96001 Probate Branch**

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
**Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**
You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Attorney for Petitioner: Jacob R. Wright
McCarthy & Rubright, LLP
P.O.Box 190 / 100 Rio St
Red Bluff, CA 96080
Telephone: 530-527-0213
April 7, 14, 21 2020
4132952

**Notice Of Petition To Administer Estate Of**
**DONNA J. DAVIS**
**CASE NUMBER 30406**

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of **DONNA J. DAVIS**
A Petition for Probate has been filed by **TERIANNE E. SCHMIDT** in the Superior Court of California, County of **SHASTA**
The Petition for Probate requests that **TERIANNE E. SCHMIDT** be appointed as personal representative to administer the estate of the decedent.
The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
**A hearing on the petition will be held in this court as follows:**
**DATE: May 18, 2020 TIME: 2:30 P.M. Dept: 7**
**Superior Court of California, County of Shasta,**
**1500 Court Street, Room #319 Redding, CA 96001**
If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the **later of either (1) four months** from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
**Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**
**You may examine the file kept by the court.** If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
Attorney for Petitioner MARGARITA VIENNEAU, ESQ. SBN:296900
of CAMPBELL, CLARK, & VIENNEAU
1648 Riverside Drive, Redding, California 96001
(Telephone): 530-244-6286
Pub: April 14, 21, 28, 2020
#4149591

# **Exhibit K**



# AFFIDAVIT OF PUBLICATION

| Account # | Ad Number | Identification | PO | Amount | Cols | Depth |
|---|---|---|---|---|---|---|
| 341439 | 0004619424 | | R4060031 | | 3 | 11.50 In |

**Attention:**

**PG&E Corporation**
220 WEST 42 STREET, 12TH FLOOR
NEW YORK, NY 10036

## DECLARATION OF PUBLICATION
(C.C.P.2015.5)

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the printer and principal clerk of the publisher of The Sacramento Bee, printed and published in the City of Sacramento, County of Sacramento, State of California, daily, for which said newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sacramento, State of California, under the date of September 26, 1994, Action No. 379071; that the notice of which the annexed is a printed copy, has been published in each issue thereof and not in any supplement thereof on the following dates, to wit:

_____1_____ Insertions

**Published On:**
April 14, 2020

*V Rodela*

Legals Clerk

COUNTY OF DALLAS
STATE OF TEXAS

I certify (or declare) under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Sacramento, California, on **April 14, 2020.**

Notary Public

LIZBETH AILEEN CORDERO
My Notary ID # 131868068
Expires January 25, 2023

Extra charge for lost or duplicate affidavits.
Legal document please do not destroy!

In re:
**PGE CORPORATION,**
- and -
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
| --- | --- | --- |
| Class | Designation | Impairment |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 5B-I | HoldCo Common Interests | Impaired |
| Class 3A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 5B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 5B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Holders are deemed to accept or reject the Plan, and will not receive a Ballot. Instead are deemed will receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
| --- | --- | --- |
| Class | Designation | Impairment |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 9A | HoldCo Intercompany Claims | Unimpaired |
| Class 10A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests are not entitled to vote to accept or reject the Plan: (a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing; (b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time); (c) Any holder of a Claim (i) filed in the amount of $0.00, where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and (d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures Order and Scheduling Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by a party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order unless temporarily allowed in a different amount pursuant to the Scheduling Order. To the contrary, any amount that is established or determined by the Court in connection with March 18, 2020

a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PGE Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re: Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 18, 2020), all **hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "Clerk") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "Case Website"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:
   (a) Be in writing;
   (b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
   (c) State with particularity the basis and nature of any objection with respect to the Plan;
   (d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
   (e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PGE Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul K. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (vi) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (vii) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (viii) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)) and the attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PGE Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

# Trump, Congress scrambled to revive virus-hunting agency marked for cuts

BY JAMES RAINEY AND EMILY BAUMGAERTNER
*Los Angeles Times*

LOS ANGELES

It's an obscure U.S. government bureau with many missions, including this vital one: hunting down viral diseases like COVID-19 that spill over from animals to the human world.

But in late 2019, it found itself without a permanent leader and squarely in the Trump administration's budget-slashing sights.

That all changed with the coronavirus pandemic that has killed more than 20,000 Americans and more than 100,000 people across the world.

Now, the Global Health Bureau, part of the U.S. Agency for International Development, has abundant government support. Congress and President Donald Trump have agreed to multiply the budget for the bureau's activities that can support "global health security" and related efforts as much as fivefold, to more than half a billion dollars. And its top leadership position – left empty for three years by the White House and a plodding Senate confirmation process – finally was filled in late March.

The funding boost, along with new leadership, will enhance the agency's ability to respond to the immediate crisis and bolster foreign health systems to protect against future outbreaks. It also could reboot stalled efforts to have the U.S. help lead a global quest to corral an estimated 1.6 million animal-borne viruses that threaten to leap to human hosts.

"With support from policymakers and the scientific community, we can do this – we have all of the tools and just need to harness the energy and the resources to get it done," said Jonna Mazet, executive director of the One Health Institute at the UC Davis School of Veterinary Medicine, who headed USAID's previous initiative to track dangerous viruses.

Outside experts caution that they have seen the U.S. beef up global health programs during past emergencies, like the 2014-16 Ebola epidemic, only to see funding wither when the crises subsided.

"The U.S. government funding for this kind of work is completely episodic. There will be another outbreak – that's a given – and funding that comes in fits and starts doesn't allow for any real preparations," said Jennifer Kates, who heads global health policy research at the Kaiser Family Foundation. "Right now, we're just in response mode. The money is really important, but if the outbreak is as devastating as it could be, it won't go very far."

The injection of new funds increases the budget USAID devotes to this work to as much as $535 million, dwarfing 2019 funding of roughly $100 million for the programs. (It's unclear how much of the $535 million will be spent in the coming year.) That advance is even more notable given that the Trump administration's budget team previously proposed trimming global health security funding at USAID by 10% to a maximum of $90 million, according to the Kaiser Family Foundation.

The new money would be enough to allow the agency to extend the kind of work done by one of its key virus-hunting programs, called PREDICT. That program to allow early warnings about dangerous viruses had been allowed to go fallow, just two months before the deadly coronavirus burst onto the world stage.

The failure to fully renew PREDICT dismayed infectious disease experts, who said chasing down the pathogens was a key to preventing future pandemics.

A Times story reporting on the demise of PREDICT created a furor and, like much of the responses to the coronavirus pandemic, quickly took on political overtones. Presumptive Democratic presidential nominee Joe Biden tweeted that the ending of the PREDICT program had been a mistake, adding: "Donald Trump's shortsighted actions left our nation ill-prepared to deal with this outbreak."

Dr. Alma Golden, the newly confirmed head of the Global Health Bureau, did not respond to a request for comment. The White House also did not respond to a request to discuss why it previously moved to trim USAID's budget for global health security or why the top job at the bureau was allowed to remain open for nearly three years.

In defending the demise of PREDICT, a USAID spokesman previously said that it was "just one component of USAID's global health security efforts and accounted for less than 20% of our global health security funding."

Dennis Carroll, the former head of the agency's Pandemic Influenza and Other Emerging Threats unit, said in an interview that the demise of the PREDICT project was the result of a variety of factors, including inattention from the Trump administration and excessive caution from some bureaucrats within USAID.

Carroll said he hopes the bureau will see the value in virus early-warning programs, like a start-up effort called the Global Virome Project, which he helps lead. PREDICT and the fledgling Virome Project focus on identifying viruses, in bats and other wild creatures, that could trigger epidemics or pandemics.

"What we are saying is that we have found Ebola and we can deal with Ebola," said Carroll, a renowned authority on infectious diseases. "But Ebola is just the tip of a very large, large iceberg, and it's that unknown, what other viruses are in that iceberg – we need to get a better handle on that. And what PREDICT, and now the Global Virome Project, are about is trying to move from the unknown into the known, so that we can manage these risks."

The benefit to the U.S. and to other nations of Virome's work would be the creation of a worldwide database of potentially dangerous pathogens, said Carroll.

"At some point, there will be a nice handover from the Global Virome Project, identifying clear, high-value, high-risk, newly identified viruses that are circulating in wildlife," he said. "Then we will know the viruses that have the pedigree to wreak havoc among human populations."

The Global Virome Project incorporated in February, with Carroll as its chair. Its leadership team includes infectious disease authorities like Mazet, who was the PREDICT global director for a decade.

Carroll blamed the lack of support for the virus-hunting work in the past in part on the Trump administration's wider disdain for foreign aid. A review of recent budgets by the nonpartisan Congressional Research Service showed that the Trump team had proposed a 21% overall slashing of programs at the State Department and related agencies, like USAID.

## First coronavirus death from Navy carrier reported

A member of the crew of the USS Theodore Roosevelt died Monday of complications related to COVID-19, the Navy said, just weeks after the aircraft carrier's captain was fired for pressing his concern that the Navy had done too little to safeguard his crew.

The sailor had tested positive on March 30 and was placed in "isolation housing" at the U.S. Navy base on Guam. On April 9, he was found unresponsive and was moved to a local hospital's intensive care unit.

Over the weekend, four more crew members were admitted to the hospital for monitoring. All are in stable condition.

— ASSOCIATED PRESS

## Supreme Court to hear arguments by phone in May

The Supreme Court will tread new ground next month with cases that were postponed because of COVID-19 health concerns, deciding to hold the first-ever oral arguments by telephone conference during a two-week period that starts May 4.

Among the cases: President Donald Trump's challenge to congressional subpoenas for his financial and tax records, and new rules on an exception to the contraceptive mandate in the 2010 health care law.

The justices and counsel will all participate remotely. The court said it expects to provide a live audio feed to the media.

— CQ-ROLL CALL

# Notices

Legal Notices 301

CITATION FOR PUBLICATION UNDER WELFARE AND INSTITUTIONS CODE SECTION 294
CASE NAME: JVDP-19-000177
TO: GABRIEL GAMBOA and anyone claiming to be a parent of: DEVIAN EDWARD L., born on: JULY 24, 2019, at Doctors Medical Center, Modesto, CA. A hearing will be held on JUNE 29, 2020, at 8:30 p.m., in Dept. 18 located at 2215 BLUE GUM AVENUE, MODESTO, CA 95358. At the hearing the court will consider the recommendations of the social worker or probation officer. The social worker or probation officer will recommend that your child be freed from your legal custody so that the child may be adopted. If the court follows the recommendation, all your parental rights to the child will be terminated. You have the right to be present at the hearing, to present evidence, and you have the right to be represented by an attorney. If you do not have an attorney and cannot afford to hire one, the court will appoint an attorney for you. If the court terminates your parental rights, the order may be final. The court will proceed with this hearing whether or not you are present.
Clerk, by SYLVIA PALACIOS.
DATED: April 10, 2020.

Sacramento Bee Classified 321-1234

NOTICE TO APPEAR
CASE No. JJ010147-10-00
Louisa County Juvenile and Domestic Relations District Court, Commonwealth of Virginia, in re MGW born 3/12/14.
The object of this suit is to: Terminate the residual parental rights of the mother of the above-names child. "Residual parental rights and responsibilities" means all rights and guardianship of the person including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and the responsibility for support.
It is ordered that the defendant Marina Christine Richmond Wyatt appear at the above-named Court and protect his or her interests on June 24, 2020 at 9:00am at the Louisa County Juvenile and Domestic Relations Court, 314 West Main Street, Louisa, Virginia 23093.

NOTICE TO APPEAR
CASE No. JJ010149-10-00
Louisa County Juvenile and Domestic Relations District Court, Commonwealth of Virginia, in re KAW born 7/26/15.
The object of this suit is to: Terminate the residual parental rights of the mother of the above-names child. "Residual parental rights and responsibilities" means all rights and guardianship of the person including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and the responsibility for support.
It is ordered that the defendant Marina Christine Richmond Wyatt appear at the above-named Court and protect his or her interests on June 24, 2020 at 9:00am at the Louisa County Juvenile and Domestic Relations Court, 314 West Main Street, Louisa, Virginia 23093.

NOTICE TO APPEAR
CASE No. JJ010150-10-00
Louisa County Juvenile and Domestic Relations District Court, Commonwealth of Virginia, in re ATW born 3/14/17.
The object of this suit is to: Terminate the residual parental rights of the mother of the above-names child. "Residual parental rights and responsibilities" means all rights and guardianship of the person including but not limited to the right of visitation, consent to adoption, the right to determine religious affiliation and the responsibility for support.
It is ordered that the defendant Marina Christine Richmond Wyatt appear at the above-named Court and protect his or her interests on June 24, 2020 at 9:00am at the Louisa County Juvenile and Domestic Relations Court, 314 West Main Street, Louisa, Virginia 23093.

To whom it may concern:
Notice is hereby given that on May 4, 2020, at 11:00 AM, at 4038 Seaport Blvd, West Sacramento, CA 95691, Yolo County, California, the undersigned will sell at public auction for cash, in lawful money of the United States, to satisfy the lien thereon for (storage and/or hauling) the goods described below that were deposited by X-Ray Engineering with the undersigned at Lawson Drayage at 4038 Seaport Blvd, West Sacramento, CA 95691.
The goods to be sold are: Baldwin-Tate Emery Testing Machine, Serial Number 0401476
The amount due on these goods is $ 7068. The auction will be made for the purpose of satisfying the lien on the goods to the extent of that amount, together with the cost of the sale.
Dated: April 1, 2020,
Curt Lindquist/Lawson Drayage

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** **PG&E CORPORATION,** **- and -** **PACIFIC GAS AND ELECTRIC COMPANY,** **Debtors.** | Chapter 11 Case No. 19-30088 (DM) (Lead Case) (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes**. If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions**. Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however*, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1—866—582—6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND THE SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases**. **CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

Posting by: American River Flood Control District (ARFCD)
Project Name: American River South Levee, Pipe Removal Maintenance Project
Project Location: Sacramento, CA (approximately 700 feet east of I-5 overpass of the American River south levee)
Description: Excavate and remove existing 42-inch corrugated metal pipe, flap gate, risers, bedding material and pipe appurtenances and backfill levee per plans and specifications. (Plans and Specifications are available at ARC's public plan room at: https://order.e-arc.com/arcEOC/PWELL_Main.asp?mem=23 )
Pre-bid Site Visit: April 9, 2020 at 9am (Meet at entrance to Two Rivers Trail off Jibboom St.)
Bid Deadline: April 21, 2020 at 2pm (185 Commerce Circle, Sacramento, CA 95815)
Bid Opening: April 21, 2020 at 2pm (immediately following bid deadline via live link provided on ARFCD's website: https://www.arfcd.org )
Project Contact: Tim Kerr, General Manager (916) 929-4006, tkerr@arfcd.org

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY: NOTICE OF PUBLIC HEARING AND COMMENT PERIOD FOR THE SUBSTANTIAL AMENDMENT TO THE 2020 ANNUAL ACTION PLANS AND PREVIOUS YEARS' ACTION PLANS FOR THE CITY AND COUNTY FOR THE 2020 CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY (CARES) ACT; THE CITY AND COUNTY CONSOLIDATED PLANS AND THE CITY AND COUNTY OF SACRAMENTO CITIZEN PARTICIPATION PLAN The City Council and the County Board of Supervisors will hold public hearings for the following Amendment of City of Sacramento and County of Sacramento 2021-2024 Consolidated Plans; Substantial Amendment of City of Sacramento and County of Sacramento 2020 One-Year Action Plans including amendments to previous years' Action Plans and the 2020 Coronavirus Aid, Relief, and Economic Security Act funding allocation; and amending the City of Sacramento and County of Sacramento Citizen Participation Plan The Consolidated Plan is designed to help local jurisdictions to assess their affordable housing and community development needs, and to make data-driven, place-based investment decisions. The Consolidated Plan is implemented through annual Action Plans, which fund projects and programs addressing priority needs and specific goals. The Action Plan appropriates Community Development Block Grant (CDBG), Housing Opportunities for Persons with AIDS (HOPWA), and Emergency Solutions Grant (ESG) from the U.S. Department of Housing and Urban Development (HUD). Revisions are proposed due to the new federal funds allocated to the City and County to be used to prevent, prepare for, and respond to the coronavirus (COVID-19). The activities are subject to environmental review under the California Environmental Quality Act (CEQA) and the National Environmental Policy Act (NEPA) before the projects are approved for implementation. The draft documents will be available on or before April 13, 2020, in one of two ways: Contact (916) 440-1393; Online at www.shra.org; Public hearings will be held on Tuesday, April 21, 2020. In compliance with directives of the County, State, and Centers for Disease Control and Prevention (CDC), the meetings will be streamed live and will be closed to the public. The following are the methods public comments may be submitted and accessing the meetings: City Council of Sacramento Submit Public Comments Email: publiccomment@cityofsacramento.org View Meeting: http://sacramento.granicus.com/ViewPublisher.php?view_id=21 Sacramento County Board of Supervisors. Submit Public Comments Email: BoardClerk@saccounty.net View Meeting: Metro Cable 14: https://metro14live.saccounty.net/ If for any reason these items are postponed, new hearing dates may be obtained from the Community Development Department at 440-1393 or the SHRA web site at www.shra.org.
4/14/20
**CNS-3359216#**
**THE SACRAMENTO BEE**

San Juan Water District
INVITATION TO BID

Sealed Proposals will be received at the San Juan Water District office, located at 9935 Auburn-Folsom Road, Granite Bay, California, CA 95746 until 1:30 p.m. local time on **May 12, 2020**, or such later date as may be set by addendum, and then will be publicly opened and read for the construction of the **following public works project: Hinkle Reservoir Outage Temporary Tank Project – Civil Site Improvements**

The proposed Work includes construction of the following: Providing all labor, materials, and equipment as required to provide and construct the project civil site work, including, but not limited to, constructing two pipelines, electrical conduits and site earthwork. All Work is located at the District's Headquarters, located at 9935 Auburn Folsom Road, Granite Bay, CA. This project does not include the purchase or installation of the temporary tanks.

This project is being funded, in part, by the California Drinking Water State Revolving Fund (CWSRF) Program. The Contractor will be required to comply with State and federal contract rules and regulations including requirements for Disadvantaged Business Enterprise (DBE) and American Iron and Steel (AIS).

The Contract Documents for the Project, including the public works construction contract, instructions to bidders, bid forms, and plans and specifications, may be obtained through the District's online planroom at www.publicpurchase.com or may be examined at the District office, with prior notice to District representative (Tony Barela, (916) 791-6939), located at 9935 Auburn Folsom Road, Granite Bay, California.

The District will hold a **MANDATORY** pre-bid conference at the District Office on **April 23, 2020 at 9:30 a.m.** It is suggested each prospective bidder review the bid documents prior to the pre-bid conference.

Dated this 14th day of April 2020
San Juan Water District
By: Tony Barela,
Operations Manager

# **Exhibit L**

# DECLARATION OF PUBLICATION OF

## SAN FRANCISCO CHRONICLE

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION, - and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 (Docket No. 6340) (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement ...

[Body of notice, multiple columns — legal text regarding Voting Deadline, Non-Voting Classes, Objections to Claims, Rule 3018 Motions, Confirmation Hearing, Objections to Confirmation of the Plan, Releases, Executory Contracts and Unexpired Leases, and Additional Information.]

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

---

Diane FitzGibbon

declares that:

The annexed advertisement has been regularly published in the

**SAN FRANCISCO CHRONICLE**

which is and was at all times herein mentioned established as newspaper of general circulation in the City and County of San Francisco, State of California, as that term is defined by Section 6000 of the Government Code.

SAN FRANCISCO CHRONICLE
(Name of Newspaper)

901 Mission Street
San Francisco, CA 94103

From _4/14/2020_
To _4/14/2020_

Namely, on _4/14/2020_

(Dates of Publication)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _4/14/2020_

at San Francisco, California.

_Diane FitzGibbon_

Diane FitzGibbon

# NATION

## NEWS OF THE DAY *From Across the Nation*

**1 Campaign 2020:** Bernie Sanders endorsed his former rival Joe Biden for president on Monday in a joint online appearance. "I am asking all Americans, I'm asking every Democrat, I'm asking every independent, I'm asking a lot of Republicans, to come together in this campaign to support your candidacy, which I endorse," Sanders said. The backing is a crucial development for Biden, who must bridge the Democratic Party's ideological divide to unify voters against President Trump in the fall. The endorsement stands in contrast to the extended 2016 fight between Sanders and Hillary Clinton, who became the nominee that year.

**2 Law enforcement:** The FBI has issued its first poster in a Native American language, seeking information in Navajo on the death of an elderly man six years ago on the New Mexico portion of the vast Navajo Nation reservation. Wilson Joe Chiquito, 75, was beaten to death at his home in the community of Counselor in 2014. The FBI recently released the poster that offers a reward of up to $10,000 for information leading to an arrest and conviction. James Langenberg, special agent in charge of the Albuquerque division of the FBI, said FBI employees who speak Navajo helped translate the information for the poster.

**3 Deputy arrested:** A Ventura County sheriff's deputy has been arrested on suspicion of destroying evidence and filing a false crime report. Richard Barrios, 27, arrested a woman in Camarillo in November who was suspected of being under the influence of a controlled substance, the sheriff's office said. The woman consented to a urine test, which came up negative. Barrios is accused of discarding the sample. He also wrote in his report that the suspect failed to provide a sample, authorities said. Barrios could face charges including destroying evidence and filing a false police report, both felonies.

**4 Trump sues station:** President Trump's re-election campaign is suing a TV station in Rhinelander, Wis., for running an anti-Trump commercial that pieces together audio clips of the president talking about the coronavirus outbreak in a way they argue is misleading and false. The ad by the Democratic super PAC Priorities USA features a series of soundbites in which Trump downplayed the threat posed by the virus. A person who answered the phone at the WJFW-TV declined to comment and directed questions about the lawsuit to a station manager, who did not immediately respond to an email. The lawsuit seeks compensatory and punitive damages.

**5 Minimum wage:** Citing economic uncertainty caused by the coronavirus pandemic, Virginia Gov. Ralph Northam proposed an amendment to a bill increasing the state's minimum wage that would delay its implementation several months. The governor, a Democrat, wants the wage increase to kick in May 1, 2021, instead of in January 2021. Advocates for workers opposed the delay. The measure as passed would have increased the minimum wage from the current $7.25 to $9.50 in January. The wage would then gradually increase to $12 by 2023.

*Chronicle News Services*

WEATHER

# Powerful storms destroy homes, kill at least 30

**By Brynn Anderson and Jay Reeves**

CHATSWORTH, Ga. — Storms that killed at least 30 people in the Southeast, piling fresh misery atop a pandemic, spread across the eastern United States on Monday, leaving more than 1 million homes and businesses without power amid floods and mudslides.

In Alabama, people seeking shelter from tornadoes huddled in community shelters, protective masks covering their faces to guard against the new coronavirus. A twister demolished a Mississippi home save for a concrete room where a married couple and their children survived unharmed, but 11 others died in the state.

About 85 miles from Atlanta in the mountains of northern Georgia, Emma and Charles "Peewee" Pritchett laid still in their bed praying as a suspected twister splintered the rest of their home.

"I said, 'If we're gonna die I'm going to be beside him,' " Emma Pritchett said Monday. Both survived without injuries.

With a handful of tornadoes already confirmed in the South and storms still raging up the Eastern Seaboard, forecasters fanned out to determine how much of the widespread damage was caused by twisters.

Striking first on Easter across a landscape largely emptied by coronavirus stay-at-home orders, the storm front forced some uncomfortable decisions. Alabama Gov. Kay Ivey suspended social distancing rules, and some people wearing protective masks huddled closely together in storm shelters.

The storms blew onward through the night, causing flooding and mudslides in mountainous areas, and knocking out electricity for nearly 1.3 million customers in a path from Texas to Maine, according to poweroutages.us.

In southeastern Mississippi, Andrew Phillips crowded into a closet-sized "safe room" with his wife and two sons hours after watching an online Easter service because the pandemic forced their church to halt regular worship. Then a twister struck, shredding their house, meat-processing business and vehicles in the rural town of Moss. The room, built of sturdy cinder blocks, was the only thing on their property left standing.

"I'm just going to let the insurance handle it and trust in the good Lord," said Phillips.

The National Weather Service tallied hundreds of reports of trees down across the region, including many that punctured roofs and downed power lines. Meteorologists warned the mid-Atlantic states to prepare for potential tornadoes, wind and hail. The storms knocked down trees across Pennsylvania, and an apparently strong tornado moved through southern South Carolina, leaving chaos in its wake.

"Everything is up in the air. Power lines are down, trees are all over the place. It's hard to get from one place to the other because the roads are blocked," Hampton County Sheriff T.C. Smalls said.

*Brynn Anderson and Jay Reeves are Associated Press writers.*

Curtis Compton / Atlanta Journal-Constitution

**Justin Tallent salvages what he can from the remains of his cousin's trailer after a tornado struck in Chatsworth, Ga.**

CAMPAIGN 2020

# Former staffer accuses Biden of sex assault

**By Alexandra Jaffe**

WASHINGTON — A former aide to Joe Biden is accusing the presumptive Democratic presidential nominee of sexually assaulting her during the early 1990s when he was a senator. Biden's campaign denies the charges.

In two recent interviews with the Associated Press, Tara Reade alleged the assault occurred in the basement of a Capitol Hill office building in the spring of 1993. She filed a police report in Washington on Thursday saying she was the victim of a sexual assault by an unnamed person in 1993, a copy of which was obtained by the AP.

It's not the first time Reade has made an accusation against the former vice president. Last year, Reade publicly accused Biden of inappropriate touching, but did not allege sexual assault.

In a statement, Biden deputy campaign manager and communications director Kate Bedingfield said the former vice president has "dedicated his public life to changing the culture and the laws around violence against women." She said "he firmly believes that women have a right to be heard — and heard respectfully," but added: "Such claims should also be diligently reviewed by an independent press."

"What is clear about this claim: it is untrue. This absolutely did not happen," Bedingfield said.

Earlier in the Democratic primary, Biden faced accusations of unwanted touching by several women, who said they were uncomfortable with hugs, hand holding and other actions. Reade was among the women who came forward at the time.

In recent weeks, she's given a handful of interviews saying Biden's actions went further than she initially disclosed. In an interview with the AP, she detailed a 1993 encounter that she says occurred when she was asked by a supervisor to bring Biden his gym bag as he was on his way down to the Senate gymnasium. She says Biden pushed her against a wall in the basement of a Capitol Hill office building, groped her and penetrated her with his fingers.

Reade said that she pulled away and Biden looked "shocked and surprised," and replied, "Come on, man, I heard you liked me."

Reade, who was a staff assistant in Biden's office at the time, said she did raise accusations of sexual harassment, but not assault, against Biden in multiple meetings with her supervisors.

The AP spoke to five current or former Biden staffers, all of whom worked for him at the time of the alleged incident. None recalled such an incident or a report.

*Alexandra Jaffe is an Associated Press writer.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.** | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than an announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

**9. Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: [illegible]

**Exhibit M**

**San Jose Mercury News**

4 N. 2nd Street, Suite 800
San Jose, CA 95113
408-920-5332

Legal No.   **0006476704**

1016884

## PG&E CORPORATION

### PROOF OF PUBLICATION
### IN THE CITY OF SAN JOSE
### IN THE STATE OF CALIFORNIA
### COUNTY OF SANTA CLARA
#### FILE NO. R4060049

In the matter of

**San Jose Mercury News**

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**04/14/2020**

Dated at San Jose, California
April 14, 2020

I declare under penalty of perjury that the foregoing is true and correct.

_____

Principal clerk of the printer and publisher of the San Jose Mercury News

r BP316-07/17/17

In re:

PG&E CORPORATION,

   - and -

PACIFIC GAS AND ELECTRIC COMPANY,

   Debtors.

Chapter 11

Case No. 19-30088 (DM)

(Lead Case)

(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| Class | Designation | Impairment |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5B-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| Class | Designation | Impairment |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed Rule 3018 Motion (as that term has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claims to file a 3018 Motion has been extended through and including April 23, 2020 at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby reserved. Any 3018 Motion properly and timely filed and served will be heard at the Confirmation Hearing, or such earlier date as the Court may determine. For each Claim for which a 3018 Motion is timely filed and served, such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and

Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 17, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at [http://www.canb.uscourts.gov/](http://www.canb.uscourts.gov/) or with Prime Clerk by visiting the case website at [https://restructuring.primeclerk.com/pge](https://restructuring.primeclerk.com/pge) (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: [http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/judge-and-procedure-appearance-telephone](http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/judge-and-procedure-appearance-telephone). The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)); and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy S. Laffredi (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com)) and (B) Farmer C. Diemer, Esq. (kdiemer@diemerwei.com); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com)) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at [http://www.canb.uscourts.gov/](http://www.canb.uscourts.gov/); and (iii) obtained by written request to the Solicitation Agent, at the address or telephone numbers set forth below: By First Class Mail, Hand Delivery, or Overnight Mail: PG&E Information, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

# Legal Advertising and Public Notices

San Jose Mercury News • Legals@MercuryNews.com     San Mateo County Times • Legals@MercuryNews.com



| Legal Notice | Legal Notice |
|---|---|
| legals | legals |
| Legal Notice | Legal Notice |

**NOTICE OF PETITION TO ADMINISTER ESTATE OF THOMAS BRO**

Case Number: 20-PRO-00634

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of: THOMAS BRO

A Petition for Probate has been filed by: TERRENCE BRO in the Superior Court of California, County of San Mateo.

The Petition for Probate requests that: TERRENCE BRO be appointed as personal representative to administer the estate of the decedent.

The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

A hearing on the petition will be held in this court as follows:
Date: 04/30/2020 Time: 9:00 a.m. Dept: 28
Address of Court:
Superior Court of California
400 County Center, Redwood City, CA 94063

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.

Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Attorney for Petitioner:
Matthew C. O'Donnell
O'Donnell & Associates
724 Oak Grove Avenue · Suite #110
Menlo Park, CA 94025 · 650-853-7183
SJMN/SMCT #6476110; Apr.7,8,14,2020

---

**Turn clutter into cash.**
Advertise in the Mercury News Classified.

**Turn clutter into cash.**
Advertise in the Mercury News Classified.

---

**NOTICE OF PETITION TO ADMINISTER ESTATE OF JAMES L. SMITH**

Case Number: 20-PRO-00404

To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of: JAMES L. SMITH

A Petition for Probate has been filed by Donna Wight and Shirley Allen in the Superior Court of California, County of San Mateo.

The Petition for Probate requests that Donna Wight and Shirley Allen be appointed as personal representative to administer the estate of the decedent.

The petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.

The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

A hearing on the petition will be held in this court as follows:
Date: 06/17/2020 Time: 9:00 a.m. Dept: 28
Room: 2
Address of Court:
Superior Court of California,
400 County Center, Redwood City, CA 94063

If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.

If you are a creditor or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.

Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.

Attorney for petitioner: Thomas J. Barger
2070 Pioneer Court
San Mateo, CA 94403 · 650-348-5000
SMCT#6477391; Apr.14,15,21,2020

---

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA**

**PETITION OF JASON BRIAN PRZYBOROWSKI FOR CHANGE OF NAME**

**ORDER TO SHOW CAUSE FOR CHANGE OF NAME** CASE NUMBER 20CV364427

TO ALL INTERESTED PERSONS: Jason Brian Przyborowski filed a petition with this court for a decree changing names as follows:
Present name: Jason Brian Przyborowski to Proposed name: Jason Brian Moore

THE COURT ORDERS that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.

NOTICE OF HEARING
Date: June 30, 2020, 8:45 AM, Probate Dept.
Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113
Probate Department

---

A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: San Jose Mercury News.
Date: Mar 04, 2020
/s/ JUDGE OF THE SUPERIOR COURT
SJMN/6472756 Mar.24,31,Apr.7,14,2020

---

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN MATEO**

**FOR CHANGE OF NAME ORDER TO SHOW CAUSE FOR CHANGE OF NAME** CASE NUMBER 20CIV01434

TO ALL INTERESTED PERSONS: Nidhi Soni filed a petition with this court for a decree changing names as follows:
Present name: Nidhi Soni
to Proposed name: Nidhi Sharma

THE COURT ORDERS that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.

NOTICE OF HEARING
Date: 05/13/2020, 9:00 AM, Dept: PJ
Superior Court of California, County of San Mateo
400 County Center, Redwood City, CA 94063-1655

A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county, the Bay Area News Group/San Mateo County Times.
Date: Mar 09, 2020
/s/ Jonathan E.Karesh,
JUDGE OF THE SUPERIOR COURT
SMCT/6474588; Mar.31,Apr.7,14,2020

---

**NOTICE OF PUBLIC SALE.** Notice is hereby given that PODS Enterprises, LLC (PODS), located at 1007 Montague Court, Milpitas, CA 95035, will sell the contents of certain containers at auction to the highest bidder to satisfy owner's lien. Auction will be held online at www.StorageTreasures.com starting on April 16, 2020 and ending April 23, 2020 at 12PM Eastern Time. Contents to be sold may include general household goods, electronics, office & business equipment, furniture, clothing and other miscellaneous property. The name of the occupants and the respective items to be sold are as follows: Allen Jones- totes, mattress, chairs, boxes, and exercise equipment.
SJMN#6475492; Apr.7,14,2020

---

**FICTITIOUS BUSINESS NAME STATEMENT**
FILE NO. 284315
The following person(s) is doing business as: MINI HUERTA MARKET, 138 N B St. San Mateo, CA 94401, San Mateo County. ... N. Idaho St. Apt 7, San Mateo, CA 94401. This business is conducted by an individual. The registrant commenced to transact business under the fictitious business name or names on N/A

/s/ Victor Choz
THIS STATEMENT WAS FILED WITH NAHA CHURCH, ASSESSOR-COUNTY CLERK-RECORDER, SAN MATEO COUNTY ON 03/10/2020.
SMCT6475411 Mar.31, Apr.7,14,21,2020

---

**Celebrations!**
...with an announcement on the "Celebrations" page in our Sunday Local Section.
For information, call
**1-800-733-3933**
BayAreaNewsGroup

**Call Now!**
1-800-595-9595
Place Your Ad
Mon-Fri
8:00 am to 5:00 pm

**Call Now!**
1-800-595-9595
Place Your Ad
Mon-Fri
8:00 am to 5:00 pm

---

**FICTITIOUS BUSINESS NAME STATEMENT**
The following person(s) is (are) doing business as: SMOKIE STARING, 4075 Evergreen Village Sq #140, San Jose, CA 95135, Santa Clara County.

The business is owned by: an individual. The name and residence address of the owner(s) /registrant(s) is: Yaacoub Jarroche, 379 Hines Ct. San Jose, CA 95111.

The registrant/owner began transacting business under the fictitious business name(s) listed above on: 03/12/2015.
This filing is Refile (Change(s) in facts from previous filing) Previous file # FBN602578

I declare that all information in this statement is true and correct. A registrant who declares as true any information, which he or she knows to be false is guilty of a crime.)
/s/ Yaacoub Jarrouche
This statement was filed with the Co. Clerk-Recorder of Santa Clara Co. on 04/07/2020.

Regina Alcomendras, County Clerk-Recorder
By: /s/ Sandy Chanthavisy, Deputy
File No.: FBN664043
SJMN#6477929
Apr.14,21,28,May 5, 2020

FILED
April 8, 2020
SANTA CLARA
COUNTY
Regina Alcomendras County Clerk-Recorder
SANTA CLARA COUNTY
By Sandy Chanthavy,
Deputy
File No. FBN664065
FICTITIOUS BUSINESS NAME STATEMENT
Business and Professions Code Sections 17900-17919
The name of the business: ... located at 880 Palo Alto Ave., Palo Alto, CA 94301...
John Owen Gilmore-880 Palo Alto Ave., Palo Alto, CA 94301...
Francisco Antonio Gilmore 880 Palo Alto Ave., Palo Alto, CA 94301
This business is conducted by: a married couple
Registrant has not yet commenced to transact business...
Expires April 8, 2025
John Owen Gilmore
W/BUSINESS
SJMN#... April 14, 21, 27, May 4, 2020

---



## Get the latest dish on the Bay Area dining scene on the Eat Drink Play blog at



blogs.mercurynews.com/eat-drink-play

---

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION,
-and-
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

[Detailed bankruptcy notice text — multiple dense paragraphs describing approval of Disclosure Statement, Record Date, Voting Deadline, Solicitation Procedures, Confirmation Hearing, and related procedures.]

---

**City of South San Francisco SUBSTANTIAL AMENDMENTS TO CONSOLIDATED PLAN AND ANNUAL ACTION PLAN**

Notice is hereby given that the City of South San Francisco proposes to amend its 2018-2022 Consolidated Plan and 2019-20 Annual Action Plan. On April 22, 2020, the City of South San Francisco, will hold a Public Hearing to discuss proposed Amendments to the City's 2018-2022 Consolidated Plan and 2019-20 Annual Action Plan.

Summary

The U.S. Department of Housing and Urban Development (HUD) requires all entitlement communities receiving Community Development Block Grant (CDBG) funds, such as the City of South San Francisco, to prepare and submit a Consolidated Plan every five years to establish a unified strategic vision for economic development, housing and community development activities.

The City shall amend the approved Consolidated Plan and Annual Action priorities in response to the unanticipated impacts of COVID-19. The City has received additional CDBG funds from one eligible activity to another or to fund a new activity. Any public comments received in writing no later than 5:00 p.m. on April 22, 2020, make any revisions as appropriate, and submit the final documents to HUD for approval.

Proposed Amendment to the 2019 – 2023 Consolidated Plan

As part of the anticipated increases in Coronavirus Relief Bill (CARES Act), additional funding is also anticipated during the fiscal year to aid those affected by COVID 19, funds will be used primarily for economic development assistance program to affect business. The City proposes to use funds for housing rehabilitation programs, public service programs, and code enforcement activities.

Proposed Amendment to the 2019 – 2020 Action Plan

The City has decided to reallocate some of its available dollars to an economic development assistance program. As part of the Coronavirus Relief Bill (CARES Act), additional funding is anticipated during the current fiscal year to aid those affected by COVID 19. Funds from the CARES Act will be allocated to the economic development assistance program to assist businesses. The City proposes to use funds for housing rehabilitation programs, public service programs, and code enforcement activities.

A copy of the 2018-2022 Consolidated Plan and 2019-2020 Action Plan amendments are available for public review at the City's website www.ssf.net/CDBGPlans. A 7-day public comment period will begin on April 14, 2020 and end on April 22, 2020.

TELECONFERENCE MEETING NOTICE
THIS MEETING WILL BE CONDUCTED PUR-SUANT TO THE PROVISIONS OF THE GOVERNOR'S EXECUTIVE ORDER N-29-20 ISSUED ON MARCH 19, 2020 ALLOWING FOR DEVIATION OF TELECONFERENCE RULES REQUIRED BY THE BROWN ACT & PURSUANT TO THE ORDER OF THE HEALTH OFFICER OF SAN MATEO COUNTY DATED MARCH 31, 2020 AS THIS MEETING IS NECESSARY SO THAT THE CITY CAN CONDUCT NECESSARY BUSINESS AND IS PERMITTED UNDER THE ORDER AS AN ESSENTIAL GOVERNMENTAL FUNCTION.

Remote Public Comments: Members of the public wishing to participate are encouraged to submit public comments in writing in advance of the meeting. The email and phone line below will be monitored during the meeting and public comments received will be read into the record...

City Council hotline: (650) 829-4670 Voice Messages will be monitored during the meeting and read into the record, limit your voice mail to three minutes or less so that it complies with the three minute time limitation for public comment.

email: All-cc@ssf.net: Electronic Comments received by email will be monitored during the meeting and read into the record. We ask that you limit your electronic comments so that they will comply with the 3-minute time limitation for public comment.

City Council hotline: (650) 829-4670 Voice Messages will be monitored during the meeting and read into the record. Limit your voice mail so that it complies with the 3-minute time limitation for public comment.

The City of South San Francisco will accept all the submitted information, and submit the final documents to HUD for approval.

CNS-3359477#
SAN MATEO COUNTY TIMES

**Exhibit N**

# PROOF OF PUBLICATION

## (2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Sonoma

I am a citizen of the United States and a resident of the county aforesaid: I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of The Press Democrat, a newspaper of general circulation, printed and published DAILY IN THE City of Santa Rosa, County of Sonoma; and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Sonoma, State of California, under the date of November 29, 1951, Case number 34831, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates to wit:

The Press Democrat - Legal Notices

4/14 - 4/14/2020

I certify (or declare) under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated at Santa Rosa, California, on

Apr 14, 2020

_____
SIGNATURE

Proof of Publication of

# British PM's praise a boost to health service

***Leader's personal thanks could mean system has powerful new advocate***

**By DANICA KIRKA**
ASSOCIATED PRESS

LONDON — His skin pale and his eyes hooded from a week in the hospital with the coronavirus, British Prime Minister Boris Johnson looked into the camera and paid tribute to the two nurses who never left his bedside for 48 hours, a time when his fight to survive "could have gone either way."

Jenny McGee from New Zealand and Luis Pitarma from Portugal, he said, embodied the caring and sacrifice of National Health Service staff on the front lines of the pandemic, which has already killed 11,329 people in Britain.

"The reason, in the end, my body did start to get enough oxygen was because, for every second of the night, they were watching and they were thinking and they were caring and making the intervention I needed," he said in an address to the nation Sunday. "So



Boris Johnson

that is also how I know, that across this country, 24 hours a day, for every second, for every hour, there are hundreds of thousands of NHS staff who are acting with the same care and thought and precision as Jenny and Luis."

Johnson's statement could mean the NHS has a powerful new advocate as it seeks to reverse a decade of austerity that has left Britain's doctors and nurses struggling to treat the flood of coronavirus patients with inadequate supplies of protective

gear. At least 19 NHS workers have died in the outbreak.

It also was notable for Johnson's unabashed praise of two immigrants. He has staked his career on Brexit, a cause closely bound up with the desire of many in Britain to control immigration, and his words could mean a change in his government's tone.

"I will never, ever be able to repay you and I will never stop thanking you," added Johnson, who spent three nights in intensive care at St. Thomas' Hospital.

Johnson called the NHS "unconquerable" and "the beating

heart of this country" after seeing its response to the outbreak first-hand. He lauded the courage of everyone from doctors to cooks.

As the 55-year-old Johnson recuperated at his country estate, the video continued to be shared on social media, sweeping across a nation in the fourth week of a lockdown. The direct and highly personal message could make it harder for him to stonewall the doctors and nurses who saved his life when the NHS asks for more resources in the future, said Jill Rutter, a senior fellow at the Institute for Government in London.

---



Brett Crozier

## SAILOR

### CONTINUED FROM B1

"We are not at war," Crozier said in a March 30 letter to officials. "Sailors don't need to die." Three days later, Crozier was fired by Thomas Modly, the acting Navy secretary. Modly resigned five days later.

As of Monday, 585 Roosevelt crew members had the coronavirus, including Crozier.

The same day that Crozier was writing his letter, the sailor tested positive for COVID-19, Navy officials said. He was evacuated from the ship and placed in isolation on the U.S. naval base on Guam, along with four other sailors, three with the coronavirus.

On April 5, the sailor was admitted to the emergency department of the Guam naval hospital with respiratory issues and was discharged shortly afterward, military officials said. He returned to the isolation house, where health care providers did twice-daily checks, officials said.

At 8:30 a.m. on April 9, the sailor was found unresponsive during one of the checks and taken to the hospital's intensive care unit.

On Monday, military officials said that there were at least four other sailors from the Roosevelt in the hospital and that they were in stable condition.

The fate of Crozier's career now lies in the hands of Gilday, the Navy's top uniformed official. He told reporters last week that the investigation of the Roosevelt matter, which he ordered, was complete and that he had started to review the findings.

Results could be made public this week, Navy officials said on Monday.

The inquiry, conducted by Adm. Robert P. Burke, a former submarine captain who is the vice chief of naval operations, relied on interviews with more than a dozen Navy personnel aboard the Roosevelt and in Crozier's chain of command, according to people familiar with the scope of the investigation.

Gilday said he had not determined any course of action, including the potential firing of Crozier, if that was where the investigation led.

"I am taking no options off the table," Gilday said, adding that he had not spoken to the officials involved in the investigation in an effort to maintain impartiality.

The pivotal issue, Gilday said, is why Crozier felt compelled to send his four-page letter outside normal communications channels, and whether it illustrated a breakdown in communications with his chain of command.

Before the results are made public, Gilday will consult with Esper, the new Navy secretary, James McPherson, and Gen. Mark A. Milley, the chairman of the Joint Chiefs of Staff, Pentagon officials said on Monday.

Former top Navy officials said they were worried the service would probably be criticized regardless of what action it took.

# PUBLIC NOTICE    PUBLIC NOTICE    PUBLIC NOTICE

[Public notice legal advertisements — dense fine print]

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
In re:
PG&E CORPORATION,
and
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

SUMMARY OF ORDINANCE (5303) OF SONOMA COUNTY BOARD OF SUPERVISORS TO ESTABLISH THE FEES TO BE COLLECTED BY THE SHERIFF-CORONER'S OFFICE

PUBLIC NOTICE

NOTICE OF PETITION TO ADMINISTER ESTATE OF LOUIS R. BERTOLINI CASE NO. SPR-094328

FICTITIOUS BUSINESS NAME STATEMENT FILE NO. 2020-01054

STATEMENT OF ABANDONMENT OF USE OF FICTITIOUS BUSINESS NAME

FICTITIOUS BUSINESS NAME STATEMENT FILE NO. 2020-01053