**Exhibit O**

**THE RECORD**
**PROOF OF PUBLICATION**

STATE OF CALIFORNIA
COUNTY OF SAN JOAQUIN

THE UNDERSIGNED SAYS:

I am a citizen of the United States and a resident of San Joaquin County; I am over the age of 18 years and not a part to or interested in the above-entitled matter. I am the principal clerk of the printer of THE RECORD, a newspaper of general circulation, printed and published daily in the City of Stockton, County of San Joaquin by the Superior Court of the County of San Joaquin, State of California, under the date of February 26, 1952, File No. 52857, San Joaquin County Records; that the annexed is a printed copy (set in type not smaller than nonpareil), has been published each regular and entire issue of said newspaper and not in any supplement thereof on the following dates,
To wit,

April 14, 2020

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2020 In Stockton California

Delailah Little,
The Record

000187898

# Storms tear through South amid pandemic

**By Brynn Anderson and Jay Reeves**
The Associated Press

CHATSWORTH, Ga. — Storms that killed more than 30 people in the Southeast, piling fresh misery atop a pandemic, spread across the eastern United States on Monday, leaving more than 1 million homes and businesses without power amid floods and mudslides.

In Alabama, people seeking shelter from tornadoes huddled in community shelters, protective masks covering their faces to guard against the new coronavirus. A twister demolished a Mississippi home save for a concrete room where a married couple and their children survived unharmed, but 11 others died in the state.

About 85 miles (137 kilometers) from Atlanta in the mountains of north Georgia, Emma and Charles "Peewee" Pritchett laid still in their bed praying as a suspected twister splintered the rest of their home.

"I said, 'If we're gonna die I'm going to be beside him,'" the woman said Monday. Both survived without injuries.

Nine died in South Carolina, Gov. Gov. Henry McMaster said,

and coroners said eight were killed in Georgia. Tennessee officials said three people were killed in and around Chattanooga, and others died under falling trees or inside collapsed buildings in Arkansas and North Carolina.

With a handful of tornadoes already confirmed in the South and storms still raging up the Eastern Seaboard, forecasters fanned out to determine how much of the widespread damage was caused by twisters.

Mississippi Gov. Tate Reeves said the storms were "as bad or worse than anything we've seen in a decade."

"We are used to tornadoes in Mississippi," he said. "No one is used to this."

Georgia Gov. Brian Kemp said some storm victims already were out of work because of shutdowns caused by COVID-19. "Now they have lost literally everything they own," he said.

Striking first on Easter across a landscape largely emptied by coronavirus stay-at-home orders, the storm front forced some uncomfortable decisions. Alabama Gov. Kay Ivey suspended social distancing rules, and some people wearing protective masks



Drone footage of Emma Pritchett's home after a tornado hit on Monday, in Chatsworth, Ga. (ANGIE WANG/THE ASSOCIATED PRESS)

huddled closely together in storm shelters.

The storms blew onward through the night, causing flooding and mudslides in mountainous areas, and knocking out electricity for nearly 1.3 million customers in a path from Texas to Maine, according to poweroutages.us.

As much as 6 inches (15 centimeters) of rain fell over the weekend in the Tennessee Valley. The Tennessee Valley Authority said it expected to release water to regulate levels in swollen lakes and rivers in Tennessee and Alabama.

In southeast Mississippi, Andrew Phillips crowded into a closet-sized "safe room" with his wife and two sons hours after watching an online Easter service because the pandemic forced their church to halt regular worship. Then a twister struck, shredding their house, meat-processing business and vehicles in rural Moss, Mississippi. The room, built of sturdy cinder blocks, was the only thing on their property left standing.

"I'm just going to let the insurance handle it and trust in the good Lord," said Phillips.

The National Weather Service tallied hundreds of reports of trees down across the region, including many that punctured roofs and downed power lines. Meteorologists warned the mid-Atlantic states to prepare for potential tornadoes, wind and hail. The storms knocked down trees across Pennsylvania.

In northwest Georgia, a narrow path of destruction 5 miles (8 kilometers) long

hit two mobile home parks. A terrified David Baggett of Chatsworth survived by cowering with his children in the bathtub of his mobile home, which was cut in two by a falling tree.

"It got quiet and then the wind started coming in really fast," said Baggett, 33.

To the north in Chattanooga, Tennessee, at least 150 homes and commercial buildings were damaged and more than a dozen people treated, but none of their injuries appeared to be life-threatening, Fire Chief Phil Hyman said.

It wasn't clear whether the combination of destroyed housing and social distancing requirements would lead to problems for tornado survivors, some of whom said they planned to stay with relatives.

The deaths in Mississippi included a married couple — Lawrence County Sheriff's deputy Robert Ainsworth and a Walthall County Justice Court deputy clerk, Paula Reid Ainsworth, authorities said.

"Robert left this world a hero, as he shielded Mrs. Paula during the tornado," said a Facebook message by the sheriff's office.

## DATELINES

### ANKARA, TURKEY
**Turkish president rejects minister's resignation**

Turkey's president has rejected the resignation of the country's interior minister who took responsibility for a poorly timed announcement of a weekend lockdown that prompted thousands of people to rush into the streets to stock up on supplies.

The 48-hour lockdowns across 31 cities — which were aimed to contain the spread of the coronavirus — were announced just two hours before taking effect on Friday night. Thousands of people rushed into the streets to stock up on goods, many without wearing mandatory face masks.

Images of large, closely-bunched crowds sparked criticism of the government's planning for to top the coronavirus.

### LOS ANGELES
**Virus clouds fight for vacant US House seat in California**

The fight for an open U.S. House seat in a swing district north of Los Angeles provides Republicans with a rare opportunity to gain ground in heavily Democratic California, and the outcome could send a message about where voters place their trust during the coronavirus crisis.

The voting in the special election will take place under highly unusual circumstances, with public campaigning halted last month and government stay-at-home orders in place across the state. Virtually all voters in the 25th District are expected to mail in ballots rather than make a trip to one of a few voting centers that will open sporadically.

Mail-in ballots for the May 12 election began going out Monday.

The toss-up contest between Republican Mike Garcia and Democrat Christy Smith will inevitably be seen as a proxy vote on President Donald Trump's leadership during the crisis. But the race also is being watched nationally as a test run as more states consider moving to mail-in elections during the

virus outbreak and its aftermath.

### NEW YORK
**ABC's Stephanopoulos positive for coronavirus**

"Good Morning America" host George Stephanopoulos revealed Monday that he's tested positive for the coronavirus, but has been relatively symptom-free.

The ABC newsman revealed his diagnosis on the show, telling co-host Robin Roberts that, "I feel fine."

Stephanopoulos' wife, Ali Wentworth, had come down with COVID-19 and tweeted that she "never been sicker." Her husband has been taking care of her, their children and doing his TV job in the interim.

### LANSING, MICH.
**Anti-LGBT discrimination drive moves to e-signatures**

A group spearheading a ballot drive to add LGBT anti-discrimination protections to Michigan's civil rights law moved Monday to collect voter signatures online because of the coronavirus pandemic.

The electronic petition campaign is believed to be the first in state history, according to Fair and Equal Michigan, which said that the strategy is legal and secure. People who want to sign can go to a website with a two-factor authentication system and enter their driver's license or state ID card number that organizers will cross-check against the voter file.

The ballot committee has until late May to collect about 340,000 valid voter signatures needed to send the initiated bill to lawmakers and, because the Republican-led Legislature would likely not act, to a public vote in November. The organization collected more than 150,000 signatures the traditional way by circulating petitions in person until the virus outbreak struck Michigan last month.

The proposal would update the law to prohibit discrimination based on sexual orientation or gender identity in employment, housing and public accommodations.

### JERUSALEM
**Israel's coalition talks falter ahead of midnight deadline**

Israel was bracing for more political turmoil Monday as talks between the country's rival political leaders faltered ahead of a midnight deadline to form a coalition government.

Israel is in the throes of a political crisis that has left the country with a caretaker government and paralyzed legislative work since the first round of stalemated elections took place last year.

Last-minute disagreements between Prime Minister Benjamin Netanyahu and his rival, former army chief Benny Gantz, appeared set to block yet again a coalition agreement following the elections in March — the third ballot in under a year to end without a clear winner.

Driven by the urgency of the coronavirus crisis, the rivals agreed last month to enter what appeared to be promising talks on a power-sharing agreement between the ruling Likud Party and Gantz's Blue White.

But what seemed to be nearly a done deal last week faltered over disagreements reportedly over a demand by Netanyahu, who faces an impending corruption trial, to have more influence over judicial appointments.

The Associated Press

★ STAR Certified
COUNTRY CLUB
TIRES & MUFFLER
SMOG CHECK
$29.75
Open Mon-Fri 8-5 & Sat 8-4
2151 Country Club Boulevard
209-688-7213

Bob's Lube & Oil
Ten-minute lube and oil filter change
$31.75
1403 Country Club Blvd • 209-543-3633

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION,
  - and -
PACIFIC GAS AND ELECTRIC COMPANY,
      Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

[legal notice text in multiple columns, including voting classes tables and confirmation procedures]

**Exhibit P**

# Ukiah Daily Journal

617 S. State St
Ukiah, California 95482
(707) 468-3500
advertising@record-bee.com

3824007

MILLER ADVERTISING AGENCY, INC.
220 WEST 42ND STREET, 12TH FLOOR
NEW YORK, NY 10036

Legal No. **0006476767**

## PROOF OF PUBLICATION
## (2015.5 C.C.P.)

## STATE OF CALIFORNIA
## COUNTY OF MENDOCINO

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of the Ukiah Daily Journal, a newspaper of general circulation, printed and published daily in the City of Ukiah, County of Mendocino and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Mendocino, State of California, under the date of September 22, 1952, Case Number 9267; that the notice, of which the annexed is a printed copy (set in type not smaller than non-pareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**04/14/2020**

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Dated at Ukiah, California,
April 22th, 2020

Molly E. Lane, LEGAL CLERK

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors. | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 6A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept

pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite B5-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING...

r.BP16-07/12/17

Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided*, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however*, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to

CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020




# The Ukiah Daily Journal Classifieds

# 468-3500



   



**Music   Pets   Livestock   For Sale   Apartments   Homes for Sale   Garage Sales**

Local • Statewide • Countywide • One Call - One Bill - *We make it EASY for you!*



**Jobs**

**Furniture**

**Garage Sales**

**Copy Acceptance**
The Daily Journal reserves the right to withhold publication and may exercise its discretion in acceptance or classification of any and all advertising.

**Deadlines**
New classified ads, corrections and cancellations is 11 a.m. the day before publication. Sunday edition deadline is Friday at 11:30 a.m.

**Payment**
All advertising must be paid in advance unless credit account has been established. MasterCard and Visa are accepted.

**Errors**
When placing your ad, always ask for the ad to be repeated back to you. Check your ad for any errors the FIRST DAY. The Ukiah Daily Journal will be responsible for only one incorrect insertion and no greater extent than the cost of the space occupied.



## Legal Notices (column 1)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF

PLEASE TAKE NOTICE THAT:

*[Extensive bankruptcy legal notice text continues — voting classes tables, solicitation procedures, confirmation hearing details.]*

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 5B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 5B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 5B-III | Utility Funded Debt Claims | Impaired |
| Class 5B-IV | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-V | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-VI | Utility Fire Victim Claims | Impaired |

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 6A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 7A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility Pollution Control Bond Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 7B | Utility Workers' Compensation Claims | Unimpaired |
| Class 8B | Utility General Unsecured Claims | Unimpaired |
| Class 9B | Utility Subordinated Debt Claims | Unimpaired |
| Class 10B | Utility Intercompany Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

*[Additional bankruptcy notice paragraphs continue regarding Objections to Confirmation, Disclosure Statement and Solicitation Procedures Order, Voting Classes, and related matters. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE. Dated: March 18, 2020.]*

## Legal Notices (column 2)

pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m.** (Pacific Time), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the *Order re Coronavirus Disease Public Health Emergency* [Docket No. 6136], the Confirmation Hearing scheduled for **May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge.

*[Further confirmation hearing details continue.]*

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;
(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
(c) State with particularity the basis and nature of any objection with respect to the Plan;
(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* [N.D. Cal. May 2017] [Docket No. —], and the Scheduling Order; and
(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; (ii) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) the attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the statutory committee appointed in these Chapter 11 Cases, (A) the attorneys for the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (gbray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, California 90071 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xi) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com), Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)). *[text continues]*

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 13, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR PRETRIAL OF CONTESTED ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases, CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW** THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan). The Debtors reserve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below. **If by e-mail:** pgeinfo@primeclerk.com. **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

## Legal Notices (column 3)

4506
**Mendocino County Department of Transportation**
**Request for Proposal Reynolds Highway Bridge Replacement at Outlet Creek**
Mendocino County Department of Transportation requires the services of a professional engineering firm to provide civil engineering, environmental, and project management services for a total Plans, Specifications, and Estimate for a federally funded Highway Bridge Program project. The complete documents may be reviewed at https://www.mendocinocounty.org/government/transportation/rfps-rfqs-projects-to-bid. You may direct any questions to Jason Wise at (707) 234-2846. Submittal Deadline: May 7, 2020, at 4:30 p.m.

**Find it fast**    CLASSIFIED QUICK & EASY

## Legal Notices (column 4)

4448-20    3-31 & 4/14/20
**ADVERTISEMENT OF SALE**
Notice is hereby given that the undersigned intends to sell the personal property and household items described below to enforce a lien imposed on said property under the CA. Self-Service Storage Facility Act (Bus. & Prof. Code ss 21700-21716). The undersigned will sell at public sale by competitive bidding on **April 23, 2020 at 10:00 A.M.** on the premises where said property has been stored and which are located at **Pete's Mini Storage, 1404 S. State St., County of Mendocino, Ukiah, CA** the following:

1) **Amanda Delvalle**    **Unit I-6**
Hold items. Boxes and contents unknown

Purchases must be paid for at the time of purchase in cash. All purchased items sold as is, where is, and must be removed at the time of sale. Sale subject to cancellation in the event of settlement between owner and obligated party. Auctioneer: Douglas P. Carlini (707) 468-8885 Bond Pete's 1049915.



**MONEY MOVES!**
*IN THE CLASSIFIEDS*

## JUMBLE

Unscramble these Jumbles, one letter to each square, to form four ordinary words.

**PHIOP**

**BSILS**

**NAPTUE**

**OYMLOG**

©2020 Tribune Content Agency, LLC
All Rights Reserved.

Now arrange the circled letters to form the surprise answer, as suggested by the above cartoon.

"- - - "

(Answers tomorrow)

Yesterday's Jumbles: MULCH   DAILY   SPLINT   BEWARE
Answer: The dermatologist's record of successfully treating acne problems was — UNBLEMISHED

**THAT SCRAMBLED WORD GAME**
By David L. Hoyt and Jeff Knurek



THE SEABIRD'S NEW BUSINESS NEAR THE GOLDEN GATE BRIDGE WAS A ---



Smokey Says:
**MAKE IT YOUR GOAL TO EXTINGUISH HOT COALS**

IF IT'S TOO HOT TO TOUCH    IT'S TOO HOT TO LEAVE

SMOKEYBEAR.COM



**Why get just a part when you can get it all?**

You wouldn't want half a chocolate chip cookie, would you? It just wouldn't be right.

When you get your news from other sources, it's only part of the whole picture. We know you want it all in one convenient place and we've committed ourselves to serving as your complete guide to local news, weather, sports, entertainment and more.

*No one else can give you what you want—all of the news!*

The Ukiah
**DAILY JOURNAL**

617 S. State St., Ukiah • 468-3500

**Exhibit Q**



# VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

_____

Being duly sworn, Vanessa Salvo says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Tuesday April 14, 2020**, the following legal advertisement – **PG&E CORPORATION**– was published in the national edition of **USA TODAY.**

_____
Principal Clerk of USA TODAY
April 14, 2020

# Hoping to follow dad's NFL footsteps

Chris Bumbaca
USA TODAY

If some of the last names among the 2020 NFL draft class look and sound familiar, it's because they belong to prospects who are the progeny of past NFL stars.

It's not uncommon for the son of a former player to follow in his father's footsteps to the NFL, and this year's draft class features several prospects who can realize their own dreams next week.

**LSU TE Thaddeus Moss (father: Hall of Fame WR Randy Moss):** Moss emerged as one of Joe Burrow's key targets, as the Heisman Trophy winner and likely No. 1 top choice found the 6-3, 250-pound tight end for three scores in LSU's two College Football Playoff victories. Of course, his pops knows plenty about catching touchdowns, too.

**Minnesota S Antoine Winfield Jr. (father: CB Antoine Winfield Sr.):** Winfield Sr. was a first-round pick and three-time Pro Bowler over his 14-year career in the league, nine of those seasons spent with the Vikings. His son, a safety instead of a corner, played his college ball locally and became one of the more promising defensive backs in this class.

**Southern California WR Michael Pittman Jr. (father: RB Michael Pittman):** The elder Pittman went in the fourth round of the 1998 draft and went on to win a Super Bowl with the Buccaneers. He finished with 5,627 rushing yards during his 11-year career. The younger Pittman will likely be drafted higher. As a senior, the 6-4, 223-pound target stood out in a middling Trojans' offense, catching 101 balls for 1,275 yards and 11 touchdowns.

**Michigan OL Jon Runyan Jr. (father: OL Jon Runyan):** Runyan Jr. first followed his dad by picking Michigan, but he's a late-round pick if he's selected at all. The elder Runyan was a fourth-round pick who became an All-Pro and one of the game's most dominant linemen in the 2000s.

**Florida WR Van Jefferson (father: WR Shawn Jefferson):** This father-son duo actually has the same legal name (Vanchi LaShawn Jefferson), but they go by different first names. Shawn, who played 13 years in the NFL and is currently the Jets' wide receivers coach, was a ninth-round pick, back when drafts had that many rounds. Safe to say Van will be taken higher.

**Tennessee S Nigel Warrior (father: CB Dale Carter):** Warrior was a consensus first-team All-Southeastern Conference selection in 2019 when he recorded four interceptions. Carter played for five teams (1992-2005) and picked off seven passes during his rookie season with the Chiefs.

**Texas WR Collin Johnson (father: DB Johnnie Johnson):** Johnnie Johnson was the 17th overall pick in the 1980 draft. He played for the Los Angeles Rams (1980-88) and Seahawks (1989) and is in the College Football Hall of Fame. A hamstring injury limited Collin in 2019, but the 6-6, 222-pound pass catcher was a key piece of the offense in the three prior seasons for the Longhorns.

**Georgia DB J.R. Reed (father: WR Jake Reed):** Jake played 12 seasons in the league between the Vikings and the Saints and scored 36 touchdowns with nearly 7,000 receiving yards. J.R. decided to return for his senior season with the Bulldogs in 2019 and snagged first-team All-SEC honors, joining his cousin Nigel Warrior on the list.

**TCU WR Jalen Reagor (father: DL Montae Reagor):** Montae won a Super Bowl with the Colts and was the 58th overall pick out of Texas Tech in 1999. Jalen could be taken earlier than that, as his 4.47-second 40-yard dash at the combine was enough to impress teams looking for a big-play receiver.

**North Carolina OL Charlie Heck (father: OL Andy Heck):** Andy carved out quite the career (12 years) for himself as the No. 15 pick in 1989 out of Notre Dame. He also just won the Super Bowl as Andy Reid's offensive line coach in Kansas City. Charlie has been playing tackle only since his senior year of high school.

LSU tight end Thaddeus Moss, who averaged 12.1 yards per reception is 2019, is the son of Hall of Fame wide receiver Randy Moss. MARK J. REBILAS/USA TODAY SPORTS

## MARKETPLACE TODAY

To view more Classified listings, visit: classifieds.usatoday.com

For advertising information: 1.800.397.0070 www.russelljohns.com/usat

## NOTICES

### LEGAL NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: BROADVISION, INC.,[1] Debtor. | Chapter 11 Case No. 20-10701 (CSS) |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM, INCLUDING 503(b)(9) CLAIMS**

**PLEASE TAKE NOTICE** that, on March 30, 2020 (the "Petition Date"), BroadVision, Inc. (the "Debtor") in the above-captioned chapter 11 case filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on March 31, 2020, the Debtor filed certain of its schedules of assets and liabilities ("Schedules") [D.I. 22] and provided notice thereof. You may be listed in the Debtor's Schedules. If you did not already receive notice from the Debtor, all interested parties may examine copies of the Schedules at https://dm.epiq11.com/BroadVision.

**PLEASE TAKE FURTHER NOTICE** that, on April 1, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") establishing:

(a) **General Bar Date: May 8, 2020 at 4:00 p.m. (ET)** as the "General Bar Date" and deadline for all persons or entities, other than Governmental Units (as defined in section 101(27) of the Bankruptcy Code), to file proofs of claim (each, a "Proof of Claim") based on claims against the Debtor that arose prior to the Petition Date, including claims for the value of goods sold to the Debtor in the ordinary course of business and received by such Debtor within twenty (20) days before the Petition Date (each, a "503(b)(9) Claim") that remain unpaid; and

(b) **Governmental Bar Date: September 28, 2020 at 4:00 p.m. (ET)** as the "Governmental Bar Date" and deadline for all Governmental Units to file Proofs of Claim against the Debtor based on claims against the Debtor that arose prior to the Petition Date that remain unpaid.

**You should consult an attorney if you have any questions, including whether to file a Proof of Claim. If you have any questions with respect to this notice, you may contact the Debtor's claims and noticing agent, Epiq Corporate Restructuring LLC ("Epiq") at + 1 (646) 282-2400 or visit Epiq's website at https://dm.epiq11.com/BroadVision. Epiq is not permitted to provide legal advice.**

**I. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date, and it is not a claim described in Section II below. Acts or omissions of the Debtor that arose prior to the Petition Date may give rise to claims against the Debtor that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Proofs of Claim will be deemed timely filed ***only if*** they are actually received by Epiq on or before the applicable Bar Date. Proofs of Claim submitted by facsimile or e-mail ***will not be accepted***.

**II. WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

(a) Any person or entity that has already properly filed a Proof of Claim against the Debtor with Epiq or the Clerk of the United States Bankruptcy Court for the District of Delaware, in a form substantially similar to Official Form 410;

(b) Any person or entity whose claim is listed on the Debtor's Schedule E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Debtor's Schedules, and (iii) such person or entity agrees that the claim is an obligation of the Debtor that listed the claim in its Schedules;

(c) Any person or entity whose claim has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d) Any person or entity whose claim has been paid or otherwise satisfied in full by the Debtor or any other party prior to the applicable Bar Date;

(e) Any holder of a claim for which the Court has already fixed a specific deadline to file a Proof of Claim; and

(f) Any holder of an equity interest in the Debtor with respect to the ownership of such equity interest; *provided, however*, that any holder of an equity interest wishing to assert a claim against the Debtor other than with respect to ownership of such equity interest, including, but not limited to, a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must submit a proof of claim on or before the applicable Bar Date pursuant to the procedures set forth herein.

**You should not file a Proof of Claim if you do not have a claim against the Debtor. The fact that you have received this Bar Date Notice does not mean that you have a claim or that the Debtor or the Bankruptcy Court believes that you have a claim.**

**III. HOW TO FILE A PROOF OF CLAIM**

Enclosed herewith as an exhibit is a Proof of Claim Form, in a form substantially similar to Official Form 410[2].

(a) All Proofs of Claim must be actually received on or before the applicable Bar Date associated with such claim by Epiq. All Proofs of Claim must be filed electronically at https://dm.epiq11.com/BroadVision, or sent to Epiq by US Mail or other hand delivery system, addressed to: **If by First-Class Mail:** BroadVision, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421; **If by Hand Delivery or Overnight Mail:** BroadVision, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005.

(b) Proofs of Claim will be deemed timely filed only if they are actually received by Epiq on or before the applicable Bar Date. Proofs of Claim submitted by facsimile or e-mail will ***not*** be accepted;

(c) Proofs of Claim must: (i) be in writing and signed by the claimant, or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation or, if voluminous, a summary of the supporting documents and an explanation as to why documentation is not available and where the such supporting documentation may be obtain; (iii) be in the English language; and (iv) be denominated in United States currency (USD);

(d) In addition to the foregoing, 503(b)(9) Claims must also: (i) include the value of the goods delivered to and received by the Debtor within twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoice(s) corresponding to the asserted 503(b)(9) Claim and delivery address; and (iii) attach documentation evidencing the delivery of the goods delivered to and received by the Debtor within twenty (20) days prior to the Petition Date; and

(e) Any person or entity that files a Proof of Claim by mail and wishes to receive a date-stamped copy by return mail should include an additional copy of the Proof of Claim and a self-addressed, postage-paid envelope.

**IV. CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except as described in Section II above, as applicable, any holder of a claim against the Debtor who received notice of the Bar Dates (whether such notice was actually or constructively received), and is required, but fails to file a Proof of Claim in accordance with the Bar Date Order and this Bar Date Notice on or before the applicable Bar Date, shall not receive or be entitled to receive any payment or distribution of property from the Debtor or its successors or assigns with respect to such claim.**

**V. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

As mentioned above, you may be listed in the Debtor's Schedules. If you did not already receive notice from the Debtor, all interested parties may examine copies of the Schedules at https://dm.epiq11.com/BroadVision.

If you rely on the Debtor's Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if you do not dispute that your claim is only against the Debtor specified, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this Bar Date Notice.

Dated: April 2, 2020, Wilmington, Delaware, Respectfully submitted, **DLA PIPER LLP (US)**, */s/ R. Craig Martin*, R. Craig Martin (DE 5032), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Telephone: (302) 468-5700, Facsimile: (302) 394-2341, Email: craig.martin@us.dlapiper.com – and – Joshua D. Morse (*pro hac vice* admission pending), 555 Mission Street, Suite 2400, San Francisco, California 94105, Telephone: (415) 836-2500, Facsimile: (415) 836-2501, Email: joshua.morse@us.dlapiper.com, *Proposed Counsel to the Debtor and Debtor in Possession*

[1] The last four digits of the Debtor's federal tax identification number are 4303. The Debtor's address is 460 Seaport Ct., Suite 102, Redwood City, California 94063.

[2] Additional copies of Official Form 410 may be obtained at https://dm.epiq11.com/BroadVision.

### LEGAL NOTICE

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: PG&E CORPORATION, - and - PACIFIC GAS AND ELECTRIC COMPANY, Debtors.** | Chapter 11 Case No. 19-30088 (DM) (Lead Case) (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases. CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: March 18, 2020

**GET NOTICED!**
Advertise in USA TODAY's Marketplace! **Call:1-800-397-0070**

# **Exhibit R**

# AFFIDAVIT

STATE OF NEW JERSEY                    )
                                       ) ss:
CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )

I, Andrew Introne, being duly sworn, depose and say that I am the Advertising Clerk of the

Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation

throughout the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for


1 insertion(s) on the following date(s): APR-14-2020;

ADVERTISER: PG&E CORPORATION;

and that the foregoing statements are true and correct to the best of

Sworn to
before me this
14 day of April
2020

Notary Public

IAN C MARTIN
NOTARY PUBLIC
ID #
50086494
COMMISSION
EXPIRES
7/18/2023
STATE OF NEW JERSEY

# BUSINESS & FINANCE

# EBay Names Walmart Executive as CEO

Jamie Iannone will join in late April, returning to a company he has worked at before

By Sebastian Herrera
And Colin Kellaher

EBay Inc. named Jamie Iannone its new chief executive, in a move that will provide the e-commerce pioneer an industry veteran as it tries to reignite growth during a tumultuous period.

Mr. Iannone, who will join eBay on April 27, was most recently the chief operating officer of **Walmart** Inc.'s e-commerce division. He has served as the CEO of SamsClub.com, the e-commerce arm of the company that runs Sam's Club warehouse stores. Mr. Iannone worked for eBay from 2001 to 2009, including as a vice president.

"Jamie has consistently delivered high growth during rapid periods of industry disruption, consumer change and technological advancement," said eBay's chairman, Thomas Tierney.

Mr. Iannone is tasked with turning around a legacy Silicon Valley company that, even before the pandemic, has struggled for years to compete with Amazon.com Inc. as its online marketplace has trudged along in a fast-growing e-commerce industry.

Chief Financial Officer Scott Schenkel has led the company since the September resignation of Devin Wenig, who left last year amid a disagreement with the company's board. Mr. Schenkel will continue in that role until Mr. Iannone takes over later this month.

"In the past few weeks it became clear that I was not on the same page as my new board," Mr. Wenig wrote on Twitter at the time of his departure. "Whenever that happens, its best for everyone to turn that page over."

Activist investors **Elliott Management** Corp. and **Starboard Value** LP have pressured eBay to re-evaluate its business, including suggesting that it be broken up. Starboard said in February it owns more than 1% of eBay shares, while Elliott has reported ownership of more than 4%.

Last year, eBay agreed to add three new board members after reaching agreements with Starboard and Elliott.

Recently, Starboard has pushed for additional board representation and urged eBay to search for an external CEO.

EBay has considered selling its classified-advertising business, which could be valued at $10 billion, The Wall Street Journal reported. In February, eBay closed the sale of its StubHub ticket-sales unit in a $4.05 billion deal with Viagogo Entertainment Inc. The same month, a takeover bid by the owner of the New York Stock Exchange fell through after the exchange operator's investors balked at a potential deal.

Mr. Wenig, who had helmed the company for more than four years, stepped down amid

disagreements with the board about the sale of assets. His departure was one among an exodus of eBay leaders during the past year.

EBay, which recently lost its place to Walmart as the nation's second-largest online retailer by share of online sales, according to eMarketer, has seen its revenue growth shrink and has sought to shed its image as an auction site while not having the capacity to compete adequately with Amazon. EBay spent years growing through acquisitions that most notably included its 13-year ownership of PayPal Holdings Inc. The value of the payments platform, which spun off in 2015, is now more than four times eBay's.

In January, eBay reported a decline in profit and gave a weaker first-quarter revenue outlook, anticipating $2.55 billion to $2.60 billion, below analysts' estimates of $2.64 billion.

Last year, eBay bought back $5 billion of its shares after pressure from investors. In January, board members approved an additional $5 billion toward stock repurchases. Yet despite the buybacks, eBay's stock price had stayed relatively flat, even before the recent stock market crash caused by pandemic.

While some investors expected Mr. Schenkel, a long-time eBay executive, to remain as CEO, some said Mr. Iannone's appointment shows the company's desire to focus on its marketplace, even as executives have said a potential sale of the company is possible.

"He has a lot of credibility," said Charles Norton of **Penn Davis McFarland** Inc., an eBay investor that owns more than

> It lost its place to Walmart as the U.S.'s second-largest online retailer.

$9 million in shares. "Walmart's e-commerce business, especially during this [pandemic] period, we've seen them do very well. Hopefully he can bring innovation and ideas to the table at eBay."

EBay has been trying to boost revenue through new advertising and payments initiatives. The company tried to lure more sellers by eliminating some fees. Last year, eBay started a shipping service for its largest sellers.

Mr. Iannone, who spent the early part of his career starting the first product-marketing team at eBay and overseeing shopping experiences, spent four years as president of digital products at Barnes & Noble, Inc.'s Nook before joining Sam's Club.



Jamie Iannone previously worked for the e-commerce site from 2001 to 2009, including as a vice president.

---

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

*In re: PG&E CORPORATION,*
*- and -*
*PACIFIC GAS AND ELECTRIC COMPANY,*
*Debtors.*

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

[The remainder of this legal bankruptcy notice, including the numbered sections on Approval of Disclosure Statement, Record Date, Voting Classes, Voting Deadline, Non-Voting Classes, Objections, Confirmation Hearing, and associated voting-class tables, appears in fine print and is not individually transcribed here.]

# True Religion Back in Chapter 11

By Andrew Scurria

Jeans maker **True Religion Apparel** Inc. filed for bankruptcy for the second time in less than three years, saying it was the only option to preserve value as government stay-at-home edicts shut down nonessential stores nationwide.

The company filed for chapter 11 protection in the U.S.

Bankruptcy Court in Wilmington, Del., on Monday, blaming liquidity constraints and the Covid-19 pandemic.

True Religion, based in Manhattan Beach, Calif., has furloughed the bulk of its employees, according to court papers.

The company said it "would have preferred to wait-out the current instabilities of the financial markets and retail in-

dustry generally," but it couldn't afford to.

Founded in 2002, the maker of premium denim restructured its finances under bankruptcy protection in 2017, putting funds managed by Goldman Sachs Group Inc., Waddell & Reed Financial Inc. and Farmstead Capital Management LLC in control while cutting nearly $390 million in debt.



The company is still hiring after bringing on 100,000 people in the last month to keep up with demand.

---

## Amazon Lifts Curbs On Sellers

Continued from page B1

practices in the pandemic, even as a broad economic shutdown has brought layoffs for millions of Americans.

Walmart, which is hiring about 5,000 workers a day, has added about 100,000 positions of a previously announced plan to hire 150,000, according to the company.

Having additional hires in the warehouses has helped Amazon ease back into handling nonessential merchandise, said one of the people familiar with the matter. The company's hiring frenzy has made it one of the most active employers during a time when many other companies are laying off their staff.

Amazon's order volume and staffing needs resemble those

of the holiday shopping season. Demand for essential items on the website has surged with the onset of the pandemic. Sales of toilet paper, for example, were up 186% from Feb. 20 to March 23 compared with the same period in 2019, according to analytics firm CommerceIQ.

The company now expects to spend more than $500 million to increase wages. Last month, Amazon said it would spend $350 million to temporarily raise wages for employees in the U.S., Canada and Europe.

The retailer has also drawn workers to its warehouses by offering new temporary placements, including $2 hourly increases and double the amount of pay for overtime.

In addition to surging orders, Amazon has dealt with a high volume of worker absences in some warehouses. Many warehouse employees are staying home out of fear of contracting the virus, and some workers have reported recently seeing about half the typical staff at warehouses.

Amazon workers through-

out the country have called on the company to close its facilities as dozens of coronavirus cases have popped up in warehouses.

Employees have described unsafe conditions, including working closely alongside each other and not having enough cleaning supplies. Workers in New York, Chicago and the Detroit area have held recent walkouts to protest Amazon's virus response.

Amazon said it is providing masks to all its facilities and has started daily temperature checks. It also said employees with fevers will be sent home and be paid up to five hours of their scheduled shift that day. Last week, the company said it had started building a lab aimed at testing workers for Covid-19, the disease caused by the virus.

Chief Executive Jeff Bezos posted a video last week of his visit to a warehouse, showing a staffer taking his temperature after he entered.

*—Sebastian Herrera and Micah Maidenberg contributed to this article.*

**Exhibit S**

# Chico Enterprise-Record

400 E. Park Ave.
Chico, Ca 95928
530-896-7702
erlegal@chicoer.com

3809751

PG&E CORPORATION
77 BEALE STREET
SAN FRANCISCO, CA 94177

Legal No.    **0006477032**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF BUTTE

In The Matter Of
**R4060042**

## AFFIDAVIT OF PUBLICATION

STATE OF CALIFORNIA

COUNTY OF BUTTE

} **SS.**

The undersigned resident of the county of Butte, State of California, says:

That I am, and at all times herein mentioned was a citizen of the United States and not a party to nor interested in the above entitled matter; that I am the principal clerk of the printer and publisher of

**The Chico Enterprise-Record**
**The Oroville Mercury-Register**

That said newspaper is one of general circulation as defined by Section 6000 Government Code of the State of California, Case No. 26796 by the Superior Court of the State of California, in and for the County of Butte; that said newspaper at all times herein mentioned was printed and published daily in the City of Chico and County of Butte; that the notice of which the annexed is a true printed copy, was published in said newspaper on the following days:

**04/15/2020**

Dated April 15, 2020
at Chico, California

_____
(Signature)

r.BP7-01/27/16

WEDNESDAY, APRIL 15, 2020

ENTERPRISE-RECORD•MERCURY-REGISTER **CLASSIFIEDS** 7

 

**Legal Notices**

NOTICE TO CONTRACTORS
Midway Road Bridge at Butte Creek
Federal-Aid Project No. 26311-09-1
Federal-Aid Project No. BRLS-5912
(085)
PW File No.: 242.3776

COUNTY OF BUTTE
STATE OF CALIFORNIA
DEPARTMENT OF PUBLIC WORKS

A. NOTICE TO CONTRACTORS

Sealed proposals will be received at the office of the Director of Public Works, 7 County Center Drive, Oroville, California, until **10:00 am on April 23, 2020** at which time they will be publicly opened and read aloud for construction in accordance with the project specifications and plans to which special reference is made, entitled:

Midway Road Bridge Replacement at Butte Creek and Butte Creek Overflow

The work, located approximately 2 miles southeast of the town of Durham, in Butte County, California, consists of, but is not limited to clearing and grubbing, detour traffic control, removing two bridges and constructing a cast-in-place prestressed concrete girder bridge and a double box culvert, grading, hot mix asphalt and aggregate base roadway section, drainage facilities and planting, all in conformance with the California Department of Transportation 2018 Standard Specifications, and these Special Provisions, unless specified herein. All work shall include furnishing all labor, tools, materials, equipment, and incidentals necessary to complete the project as shown on the plans, as described in the Special Provisions, or as directed by the Engineer.

Project Information Access - Digital bid documents (Plans and Special Provisions) may be obtained for free at the Butte County Public Works Website at:

http://www.buttecounty.net/publicworks/projects.aspx.

You must be registered with Public Register (free registration) prior to accessing documents. There is no fee for obtaining bid documents through Public Purchase. Select the project name from the Public Purchase list to obtain digital bid documents, ask questions regarding the project, and view plan holder's list. If you need assistance regarding the use of Public Purchase, go to their website at www.publicpurchase.com and select the CHAT or HELP buttons in the upper left-hand corner of the webpage. Any person who has accessed the project will automatically get addendum notifications emailed to them. Butte County Public Works will no longer provide hard copies of bid documents.

All Proposal PF pages contained within the project Specifications booklet must be included in the bid submittal. The successful bidder shall furnish a payment bond and a performance bond.

No Pre-bid meeting is scheduled for this project.

Bids are required for the entire work described herein. This contract is subject to State contract nondiscrimination and compliance requirements pursuant to Government Code, Section 12990.

Contract items of work and quantities thereof for which payment will be made under this contract are contained in the proposal. The items of work and quantities are given as a basis for the comparison of bids and the County of Butte does not, expressly or by implication, agree that the actual amount of work will correspond therewith, but reserves the right to increase or decrease the amount of any class or portion of the work, or to omit portions of the work, as may be deemed necessary or advisable by the Engineer.

The County of Butte affirms that in any contract entered into pursuant to this advertisement, Disadvantaged Business Enterprises (DBEs), as defined in 49 CFR 26, will be afforded full opportunity to submit bids in response to this invitation. Bidders are also advised that, per federal law, as defined in 49 CFR 26, the County is implementing requirements for project specific goals for participation by Disadvantaged Business Enterprises (DBEs) in this Federal-Aid Contact. **The DBE Contract goal for participation in this project is 14 percent.**

This project is subject to the "Buy America" provisions of the Surface Transportation Assistance Act of 1982, as amended by the Intermodal Surface Transportation Efficiency Act of 1991.

It is the responsibility of the prime construction contractor of a Federal-Aid Project to insure that the required contract provisions contained in Federal Form 1273 are physically included in all subcontracts, lower tier subcontracts, and purchase orders. Incorporating the required contract provisions contained in Federal Form 1273 into subcontracts by reference is not acceptable.

Federal Trainee number is 16.

The U.S. Department of Transportation (DOT) provides a toll-free hotline to report bid rigging activities. Use the hotline to report bid rigging, bidder collusion, and other fraudulent activities. The hotline number is (800) 424-9071. The service is available 24 hours 7 days a week and is confidential and anonymous. The hotline is part of the DOT's effort to identify and investigate highway construction contract fraud and abuse and is operated under the direction of the DOT Inspector General.

Federal Prevailing Wages are required on this contract. If there is a

difference between the minimum wage rates predetermined by the Secretary of Labor and prevailing wage rates determined by the Department of Industrial Relations for similar classifications of labor, the Contractor and his subcontractors shall pay no less than the higher wage rate. This includes "helper" (or other classifications based on hours of experience) or any other classification not appearing in the Federal wage determinations. Where Federal wage determinations do not contain the State wage rate determination otherwise available for use by the Contractor and subcontractors, the Contractor and subcontractors shall pay not less than the Federal minimum wage rate, which most closely approximates the duties of the employees in question. Federal Prevailing Wages can be found online at: http://www.wdol.gov/dba.aspx. State Prevailing Wages can be found online at: http://www.dir.ca.gov/OPRL/PWD/index.htm.

The Board of Supervisors has ascertained, pursuant to Section 1773 of the Labor Code, the general prevailing wage rates for straight time, overtime, Saturday, Sunday and holiday work applicable to the work to be done in Butte County are the same as the general prevailing wage rates otherwise determined by the California Department of Industrial Relations. These rates are on file in the office of the Director of Public Works, 7 County Center Drive, Oroville, CA 95965 and available at:

http://www.dir.ca.gov/OPRL/PWD/index.htm.

The labor surcharge and equipment rental rates to be used under this contract shall be as listed in the State of California Department of Transportation Division of Construction publication entitled "Labor Surcharge and Equipment Rental Rates" that are in effect when the work is accomplished.

The attention of bidders is particularly directed to the provisions of Section 5-1.12, "Assignment," of the Standard Specifications regarding assignment of the contract.

Contractor's attention is directed to Section 3-1.06, "Contractor License" of the Standard Specifications. The Contractor and any Subcontractors shall possess a Class A license or a combination of classes required by the categories and types of work included in this contract at the time this contract is awarded through Contract acceptance (Public Contract Code § 10164).

The County of Butte reserves the right to reject any or all bids and to waive any informality in any bid.

Bidders attention is particularly directed to Government Code Section 14402 relating to money withheld to insure performance of the contract.

No bid will be considered unless it is made on a blank form furnished by the Butte County Department of Public Works and is made in accordance with the provisions in Section 2, "Bidding" of the Standard Specifications. Bidder's attention is directed to properly responding to all proposal attachments. Sections 2-1.06A through 2-1.11 (inclusive), and Section 2-1.07, "Bid Relief" of the Standard Specification shall not apply.

"Small and Minority Businesses, Women's Business Enterprises, and Labor Area Surplus Firms

For any proposing firm that is including subconsultants, subcontractors, or other contracting with other firms or entities to fulfill any services under this agreement, the proposing (Prime) Contractor shall follow the following procurement practices to encourage and enhance participation by Small and Minority Businesses, Women's Business Enterprises, and Labor Area Surplus Firms.

There are no set-asides, quotas, or mandatory participation of any firm for any reason. This is an open and competitive solicitation.

1. Solicitation Lists. The Prime Contractor must place small and minority businesses and women's business enterprises on solicitation lists. 2 C.F.R. § 200.321(b)(1).

2. Divide Requirements. The Prime Contractor must divide total requirements, when economically feasible, into smaller tasks or quantities to permit maximum participation by small and minority businesses and women's business enterprises. 2 C.F.R. § 200.321(b)(3).

3. Delivery Schedules. The Prime Contractor must establish delivery schedules, where the requirement permits, which encourage participation by small and minority businesses and women's business enterprises. 2 C.F.R. § 200.321(b)(4).

4. Obtaining Assistance. The Prime Contractor must use the services and assistance, as appropriate, of such organizations as the Small Business Administration and the Minority Business Development Agency or the Department of Commerce. 2 C.F.R. § 200.321(b)(5).

5. Requirements. Subcontractors must establish the above obligations of these regulations in any subcontracts and/or agreements for the provision of services. 2 C.F.R. § 200.321(b)(6).

Inquiries or questions based on alleged patent ambiguity of the plans, specifications, or estimate must be communicated as a bidder inquiry prior to bid opening. Any such inquiries or questions, if submitted after bid opening, will not be treated as a bid protest.

All questions, inquiries, or any communication relating to this project shall be asked through Public Purchase. Refer to the previous section entitled "Project Information Access" for instruction on accessing the Public Purchase website.

**All Requests for Information inquiries shall be submitted prior to 7 calendar days of the bid opening date.**

COUNTY OF BUTTE
Department of Public Works
By:
Dennis J. Schmidt, Director
Published Dates: April 6, 8, 13,

**Legal Notices**

ORDER TO SHOW
CAUSE FOR
CHANGE OF NAME
Petition of:
Raymond Eric Long
CASE NUMBER:
20CV00771
To all interested persons:
1. Petitioner: Raymond Eric Long filed a petition with this court for a decree changing names as follows:
Present Name:
a. Raymond Eric Long
to Proposed Name:
a. Raymond Eric Velasquez
2. THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.
NOTICE OF HEARING:
a. Date: June 10, 2020 Time: 9:00 am, Dept: TBA Room: TBA
b. The address of the court is: Butte County Superior Court, 1775 Concord Avenue, Chico, CA 95928
Present Name: North Butte County Courthouse
3. a. A copy of this Order to Show Cause shall be published at least one week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: Chico Enterprise-Record
Date: March 19, 2020
Judge of the Superior Court: Michael P. Candela
Publish: 04/08, 04/15, 04/22, 04/29/2020

**FICTITIOUS
BUSINESS
NAME STATEMENT
REFILE WITH
CHANGE**
The following person(s) is (are) doing business as
BENCHMARK
BUILDING
MAINTENANCE
123 W. 6th St Ste 130 Chico, CA 95928
CHICO COLLEGE
LIVING

HILL PROPERTIES
County of Butte
Registrant:
APARTMENT
EQUITIES INC.
123 W. 6th St Ste 130 Chico, CA 95928
Began
Transacting
Business:
Not Applicable
Statement
Expires On:
2/26/2025
Business Is Conducted By: Corporation
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 28, 2020
By: J. WELTON, Deputy
FBN Number:
2020-0000246
Publish: 4/1, 4/8, 4/15, 4/22/2020

**FICTITIOUS
BUSINESS
NAME STATEMENT
REFILE WITH
CHANGE**
The following person(s) is (are) doing business as
MULTIFAMILY
ASSET ADVISORS
123 W 6TH St 130 Chico, CA 95928
County of Butte
Registrant:
EDWARDS, TIM

TRUSTEE
670 E 5th St Chico CA 95928
HILL, WESLEY D
TRUSTEE
643 Jardin Way
Chico CA 95928
Original FBN Number: 2017-0001685
Began
Transacting
Business:
Not Applicable
Statement
Expires On: 2/28/2025
Business Is Conducted By: General Partnership
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 28, 2020
By: R. Reid, Deputy
FBN Number:
2020-0000274
Publish: 03/25, 04/01, 04/08, 04/18/2020

**FICTITIOUS BUSINESS
NAME STATEMENT**
The following person(s) is (are) doing business as:
CASE COACHING
370 East 4th St. Chico, CA 95926
County of Butte
Registrant:
KAUFMAN, LAUREN
KAILANA
4 Alford Cir. Chico, CA 95926
Began Transacting Business: Not Applicable
Statement Expires On: 2/27/2025
Business Is Conducted By: Individual
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 27, 2020, By: W. SCHROEDER, Deputy. FBN Number: 2020-000240
Publish: 4/8, 4/15, 4/22, 4/29/2020

**FICTITIOUS
BUSINESS
NAME STATEMENT**
The following person(s) is (are) doing business as:
STUDIO INN
LOUNGE
2582 Esplanade Chico, CA 95973
County of Butte
B.A.R.S. FAMILY
LLC
2985 Grape Way Unit A Chico, CA 95973
Began Transacting Business: Not Applicable
Statement Expires On: 2/26/2025
Business Is Conducted By: Individual
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 27, 2020, By: W. SCHROEDER, Deputy. FBN Number: 2020-000240
Publish: 4/8, 4/15, 4/22, 4/29/2020

**Legal Notices**

03/06/2025
Business Is Conducted By: Limited Liability Company
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on March 6, 2020
By: R. Reid, Deputy
FBN Number:
2020-0000274
Publish: 03/25, 04/01, 04/08, 04/18/2020

**Legal Notices**

NOTICE OF INTENT / NOTICE OF AVAILABILITY
TO ADOPT THE MITIGATED NEGATIVE DECLARATION FOR THE
Stirling City Sewer Rehabilitation Project

April 15, 2020

LEAD AGENCY: Butte County Department of Public Works
7 County Center Dr., Oroville, California 95965

PROJECT TITLE: Stirling City Sewer Rehabilitation Project

PROJECT LOCATION: The Project area is located in the Butte County in the community of Stirling City. The new pipeline will extend 2,700 linear feet along an unpaved alley. The rehabilitation will occur within the existing sewer pipeline right-of-way, which is confined to an unpaved alleyway in the community. The pipeline right-of-way is located adjacent to homes in the community. The pipeline will be located underground and manholes will be installed at grade within the right-of-way.

PROJECT DESCRIPTION: The Project is the rehabilitation of a portion of the wastewater collection system under the authority of County Service Area (CSA) 82, Stirling City Sewer System. Approximately 2,700 linear feet of the original 5,500-foot clay pipe wastewater collection system needs replacement. The Project will also include the replacement of 12 existing manholes with nine standard 48-inch manholes and the installation of 83 new laterals (approximately ten linear feet each, up to the new sewer cleanouts). All construction will occur within the existing pipeline right-of-way under unpaved alleys and roads throughout the small community.

PUBLIC REVIEW PERIOD: The 30-day public review period for the Mitigated Negative Declaration commences on April 15, 2020 and ends on May 14, 2020 for any interested and concerned individuals and public agencies to submit written comments on the document. Copies of the Initial Study/Mitigated Negative Declaration are available for review at the Butte County Department of Public Works at the address shown above and in the Announcements section on the Public Works website at http://www.buttecounty.net/publicworks.

PUBLIC MEETING: Butte County will consider the adoption of the Mitigated Negative Declaration at a future Board of Supervisors meeting on a date to be determined.
4/15/2020

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR
DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER
11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND
APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER
PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL
OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED
NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE
PROCEDURES; AND (V) OTHER RELATED RELIEF

PLEASE TAKE NOTICE that:

1. Approval of Disclosure Statement. By Order, dated March 17, 2020 (Docket No. 6340) (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 (Docket No. 6320) (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, and including all supplements thereto, the "Plan"). Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of approving or rejecting the Plan.

2. The Voting Classes and Record Date. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan pursuant to the following voting procedures (the "Voting Classes"):

| Class | Designation | Impairment |
|---|---|---|
| Class 3A-III | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-III | Subordinated Debt Claims | Impaired |
| Class 4A-II | HoldCo Common Interests | Impaired |
| Class 5A-II | Utility Impaired Senior Note Claims | Impaired |
| Class 5B-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 7A-II | General Unsecured Claims | Impaired |
| Class 7B-II | HoldCo General Unsecured Claims | Impaired |
| Class 8A-II | Workers' Compensation Claims | Impaired |
| Class 10A-II | Public Entities Wildfire Claims | Impaired |
| Class 10B-II | Fire Victim Claims | Impaired |

3. The Voting Deadline. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), by the Voting Deadline, which is May 15, 2020, at 4:00 p.m. (Prevailing Pacific Time) (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on the applicable Ballot. Any failure to follow the voting instructions included in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the disqualification of your vote.

4. The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A-I | HoldCo Public Entities Wildfire Claims | Unimpaired |
| Class 3A-II | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 4A-I | HoldCo Common Interests | Unimpaired |
| Class 4B | HoldCo Other Interests | Unimpaired |
| Class 5A-I | Utility Impaired Senior Note Claims | Unimpaired |
| Class 6A | Utility Other Secured Claims | Unimpaired |
| Class 6B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 7C | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility General Unsecured Claims | Unimpaired |
| Class 9A | Utility Environmental Claims | Unimpaired |
| Class 10A-I | Public Entities Wildfire Claims | Unimpaired |
| Class 11A | Subrogation Wildfire Claims | Unimpaired |
| Class 12A | Ghost Ship Fire Claims | Unimpaired |
| Class 13A | Utility Funded Debt Claims | Unimpaired |
| Class 14A | Reinstated Senior Notes Claims | Unimpaired |
| Class 14B | Utility Short-Term Senior Notes Claims | Unimpaired |
| Class 15A | Other Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests are not entitled to accept or reject the Plan:

(i) any holder of a Claim that is the subject of an objection or request for estimation seeking disallowance of such Claim for all purposes, unless such Claim is temporarily allowed pursuant to Bankruptcy Rule 3018;

(ii) Administrative Expense Claims, DIP Facility Claims, and Priority Tax Claims, which are unclassified and are not entitled to vote;

(iii) any party whose Claim has been disallowed or expunged; and

(iv) Claimholders who are otherwise disqualified from voting to accept or reject the Plan in accordance with the Disclosure Statement and Solicitation Procedures Order.

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

5. Publication of Notice. This notice is being published in accordance with the Disclosure Statement and Solicitation Procedures Order.

4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com or access an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

6. The Confirmation Hearing. Pursuant to the Scheduling Order, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held on May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the Order re: Coronavirus Disease Public Health Emergency (General Order 38) (the "General Order 38"), the Confirmation Hearing may be conducted telephonically or by video and will be so conducted if General Order 38 is still in effect at such time. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, which will be available on the electronic case filing docket of the Chapter 11 Cases. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

7. Objections to Confirmation of the Plan. Responses and objections, if any, to confirmation of the Plan, must: (a) be in writing; (b) State the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) State with particularity the basis and nature of any objection with respect to the Plan; (d) Conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the United States District Court for the Northern District of California; (e) be filed with the Bankruptcy Court electronically in accordance with General Order 21 and the Clerk's instructions (with a hard copy delivered directly to Chambers); and (f) be served so as to be actually received by no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020 (the "Objection Deadline") upon: (a) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com); (b) Keller Benvenisti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)); (c) Cravath, Swaine & Moore LLP (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (d) counsel to the Shareholder Proponents; (e) counsel to the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com), Samuel A. Khalil, Esq. (skhalil@milbank.com), and Gregory A. Bray, Esq. (gbray@milbank.com)); and (f) counsel to the Official Committee of Tort Claimants, Baker & Hostetler LLP, 600 Anton Boulevard, Suite 900, Costa Mesa, California 92626 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)).

THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY ANNOUNCEMENT IN OPEN COURT, OR A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED IN ACCORDANCE WITH THE PLAN, AND WILL BE AVAILABLE ON THE ELECTRONIC CASE FILING DOCKET.

8. Additional Information. For more information about the solicitation procedures, or to obtain a copy of the Disclosure Statement, Plan, and related materials, you should contact the Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (844) 339-4217 (toll free) or +1 (929) 333-8977 (international); (b) visiting the Debtors' restructuring website at: https://restructuring.primeclerk.com/pge; (c) writing to PG&E Corporation Ballot Processing, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; and/or (d) emailing pgeinfo@primeclerk.com.

**Legal Notices**

FICTITIOUS
BUSINESS
NAME STATEMENT
REFILE WITH
CHANGE
The following person(s) is (are) doing business as
BENCHMARK
BUILDING
MAINTENANCE
123 W. 6th St Ste 130 Chico, CA 95928
CHICO COLLEGE
LIVING
HILL PROPERTIES
County of Butte
Registrant:
APARTMENT
EQUITIES INC.
123 W. 6th St Ste 130 Chico, CA 95928
Began
Transacting
Business:
Not Applicable
Statement
Expires On:
2/26/2025
Business Is Conducted By: Corporation
This statement was filed in the office of CANDACE J. GRUBBS, County Clerk of Butte County, on February 28, 2020
By: J. WELTON, Deputy
FBN Number:
2020-0000246
Publish: 4/1, 4/8, 4/15, 4/22/2020

FICTITIOUS
BUSINESS
NAME STATEMENT
REFILE WITH
CHANGE
The following person(s) is (are) doing business as
MULTIFAMILY
ASSET ADVISORS
123 W 6TH St 130 Chico, CA 95928
County of Butte
Registrant:
EDWARDS, TIM

## **Exhibit T**

# STATE OF CALIFORNIA
## County of Humboldt



**MAD RIVER UNION**

MADRIVERUNION.COM ✦ (707) 826-7000

# PROOF OF PUBLICATION

Proof of Publication of: _Legal Ad_

_PG&E_

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the matter referred to herein. I am the "principal" clerk of the publisher of the MAD RIVER UNION a newspaper of general circulation, published once a week, Wednesdays, in the City of Arcata, county of Humboldt, and which has been adjudged a newspaper of general circulation by the Superior Court of the County of Humboldt, State of California, under the date of Oct. 29, 2013, Court Decree Number CV130613; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

Run Dates _4/15/20_

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Arcata, Humboldt County, California

this _15_ day of _April_ 2020
Signature: _Jack Durham_
Kevin Hoover or Jack Durham
(707) 826-7000

This space is for the County Clerk's Filing Stamp

Continued
on page 2


**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PG&E CORPORATION, | Case No. 19-30088 (DM) |
| - and - | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as Exhibit A to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "Scheduling Order").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-III | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 5B-I | Utility Funded Debt Claims | Impaired |
| Class 5B-V | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Classes.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), by no later than May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time) (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth on the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held on May 27, 2020 at 10:00 a.m. (Pacific Time), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the Order re: Coronavirus Disease Public Health Emergency, General Order 38 (N.D. Cal. Mar. 18, 2020), all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing on the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "Clerk") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "Case Website"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:
   (a) Be in writing;
   (b) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;
   (c) State with particularity the basis and nature of any objection with respect to the Plan;
   (d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
   (e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020 (the "Objection Deadline") by the following parties (the "Notice Parties"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) the Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com), and (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 11601 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com)); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com)...

Continued on page 3



# PROOF OF PUBLICATION
## Continued

in addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "3018 Motion"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk,

jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (johnston@jonesday.com); and not) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

8. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk, (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/, and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: If by e-mail to: pgeinfo@primeclerk.com; If by standard, overnight, or hand delivery: PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Dated: March 18, 2020

3

## LEGAL NOTICES

# Jewell Distillery now making hand sanitizer

CITATION FOR PUBLICATION UNDER WELFARE AND INSTITUTIONS CODE SECTION 294

Case Name: Riley Rosiosnik
Case No. JV190121

1. To Kate Williams and Paul Rosiosnik and anyone claiming to be a parent of Riley Rosiosnik born on 6/21/2019 at St. Joseph Hospital, Eureka, CA,
2. A hearing will be held on 5/20/2020 at 8:30 a.m. in Dept. 7 located at Superior Court of California, County of Humboldt, 825 Fifth Street, Eureka, CA 95501, Juvenile Division, 2nd floor.
3. At the hearing the court will consider the recommendations of the social worker or probation officer.
4. The social worker or probation officer will recommend that your child be freed from your legal custody so that the child may be adopted. If the court follows the recommendation, all your parental rights to the child will be terminated.
5. You have the right to be present at the hearing, to present evidence, and you have the right to be represented by an attorney. If you do not have an attorney and cannot afford to hire one, the court will appoint an attorney for you.
6. If the court terminates your parental rights, the order may be final.
7. The court will proceed with this hearing whether or not you are present.

ATTORNEY FOR:
CHILD WELFARE SERVICES
JEFFREY S. BLANCK, COUNTY COUNSEL #115447
SETH LICHENSTEIN-HILL, DEPUTY COUNTY COUNSEL #266108
825 FIFTH STREET
EUREKA CA 95501
(707) 445-7236
DATE: MARCH 12, 2020
Clerk, by Kim M. Bartleson, Deputy
3/25, 4/1, 4/8, 4/15

ORDER TO SHOW CAUSE FOR CHANGE OF NAME
ANDREA SYLVESTER
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT
CASE NO. CV200092
TO ALL INTERESTED PERSONS:

1. Petitioner has filed a petition with this court for a decree changing names as follows:
Present name: ANDREA ANGELINA SILVESTRI;
2. THE COURT ORDERS that all persons interested in this matter appear before this court, located at 825 5th Street, Eureka, California, at the hearing indicated below to show cause, if any, why the application should not be granted. Any person objecting to the name change(s) described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.
Date: JUNE 26, 2020
Time: 1:45 p.m.
Dept.: 4
3. A copy of this Order to Show Cause shall be published at least once a week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county: Mad River Union.
Date: JAN 21, 2020
TIMOTHY A. CANNING
Judge of the Superior Court

4/15, 4/22, 4/29, 5/6

NOTICE OF A PUBLIC HEARING OF THE PLANNING COMMISSION

SUBJECT: A Design Review Permit at 1063 "C", Arcata; File # 190-028-DR. The project is scheduled for a public hearing of the Planning Commission on Tuesday April 28th at 6:00 p.m.

PUBLIC ADVISORY: THE CITY COUNCIL CHAMBER IN CITY HALL WILL NOT BE OPEN TO THE PUBLIC
Consistent with Executive Orders N-25-20 and N-29-20 from the Executive Department of the State of California and the Humboldt County Public Health Officer's March 19, 2020, Shelter-in-Place Order, the Planning Commission meeting will not be physically open to the public.
The meeting will be simulcast on Access Humboldt, Channel 10, the City's webpage View Meetings link, or on the City's YouTube channel (YouTube search term "arcata").Members of the public may provide public comment before and during the meeting by sending comments to the Clerk by email at pc@cityofarcata.org. Comments received will be entered into the record. Any member of the public who needs accommodations should contact the Clerk at bdory@cityofarcata.org or by calling (707) 822-5953.

Project: The applicants are proposing to expand the existing single family residence and add a new attached accessory dwelling unit (ADU). The new ADU is
proposed to be single story, attached to the east end of the existing residence.
Location: 1063 "C" Street, Arcata CA
Assessor's Parcel Number: 021-054-003
Property Owner: Jonathan and Heidi Claasen
Applicant: Same as Owner
Date of application: March 03, 2020
File Number: 190-028-DR
Zoning/General Plan: Residential Low Density (R-L)
Coastal Zone: Not located in the Coastal Zone.
Environmental: The project is exempt from environmental review per California Environmental Quality Act (CEQA) Class 1 Categorical Exemption §15301 (Existing Facilities).
NOTICE IS FURTHER GIVEN that the information regarding the proposed project and environmental determination may be reviewed by contacting the Community Development Department by phone: 707-822-5955 or by email at dfreitas@cityofarcata.org. Contact person: Delo Freitas, Senior Planner.
NOTICE IS FURTHER GIVEN that this action is appealable. In compliance with §9.76.030 of the City's Land Use Code, any aggrieved person who, in writing, or by representative, informed the City of their concerns at or before the hearing or decision may appeal a final action by the review authority. Appeals must be filed within 10 business days following the date of the action by filing an appeal, along with the applicable fee.
NOTICE IS FURTHER GIVEN that, pursuant to §1094.5 of the California Code of Civil Procedure, "if you challenge City action on a proposed project in court, you may be limited to raising only those issues you or someone else raised at the public hearing described in this notice, or in written correspondence delivered to the hearing body at, or prior to, the public hearing(s)."
Published by: April 17, 2020
4/15

Hey Blue Lake, sorry I have missed a couple of weeks. I think it's safe to say that our current situation has thrown me for a loop.

There are so many people we need to lift up at this time in our community, so I hope to do that while this crisis continues, and events are canceled.

**Making hand sanitizer**

First of all, huge shout out to Jewell Distillery! Barbara and Michael Jewell have switched their production a little and are now selling hand sanitizer!

Their hours have changed slightly to be able to accommodate this new endeavor — and so you can order your sanitizer and other distillery items by calling (707) 668-1810 Tuesday to Saturday from 1 to 5 p.m.

Pay over the phone with your credit card, and then call again when you arrive for pick up! Support local businesses during this time as much as you can.

**Abundance Upcycle Boutique**

Speaking of local, Abundance Upcycle Boutique has been officially categorized as an essential business and is located in the heart of downtown Blue Lake.

Not only is there organic food available, but also toilet paper, soap and other items to support health and wellness in the community.

You can call to schedule a shopping appointment at (707) 639-4002 or walk over and shop with all current guidelines in mind. You can also purchase a gift certificate for future use, which will help this new business thrive during this difficult time.

**Murphy's Market**

Finally, I want to also give a shout out to a local Blue Lake area business, Murphy's Market in Glendale.

I especially love the fact that hand washing can take place before entering. Many of the essential items that aren't available in other stores have been available at Murphy's, so they can get it soon.

They also offer Instacart if you want to call in or use the app to have grocery delivery.

**Nightly howl**

Before I leave, I want to call the community's attention to the nightly howl at 8 p.m. This is apparently a national thing and is really for two reasons.

One is to show solidarity to all who are essential workers at this time. Many communities also clap at this time to show their appreciation for all medical workers, grocery workers, etc.

However, the other reason is simply to let out a cathartic howl during a time when you just need to get a little emotion out.

I did this the first time a week or so ago, and I can't tell you how awesome it was. Sorry neighbors, I got all the dogs going, but I hears so many people from all over Blue Lake howling, and I couldn't stop laughing, smiling, and my spirits were lifted exponentially.

So, if you get a chance, at 8 p.m., go out and howl for whatever reason you want to howl.

You may find it good for the soul and good for community solidarity!



BLUE LAKE NOTES
April Sousa

**ESSENTIAL SERVICE** Michael and Barbara Jewell of Jewell Distillery are now manufacturing hand sanitizer.
Photo from Jewelldistillery.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

In re:                                   Chapter 11
PG&E CORPORATION,        Case No. 19-30088 (DM)
   and                                   (Lead Case)
PACIFIC GAS AND ELECTRIC COMPANY,        (Jointly Administered)
                                 Debtors.

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF
PLEASE TAKE NOTICE that:

[remaining detailed bankruptcy notice text]

NOTICE OF TRUSTEE'S SALE

T.S. No.: 2019-02163-CA                  A.P.N.: 005-474-019-000
Property Address: 1915 I STREET, EUREKA, CA 95501

PURSUANT TO CIVIL CODE § 2923.3(a) and (d), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

[detailed trustee's sale notice text]

Trustee: Jeanne Haislip, an unmarried woman
Duly Appointed Trustee: Western Progressive, LLC
Deed of Trust Recorded 05/13/2005 as Instrument No. 2005-15710-17 in book —, page— and of Official Records in the office of the Recorder of Humboldt County, California.
Date of Sale: 05/15/2020 at 10:00 AM
Place of Sale: FRONT ENTRANCE, HUMBOLDT COUNTY COURTHOUSE, 825 5TH STREET, EUREKA, CA 95501
Estimated amount of unpaid balance, reasonably estimated costs and other charges: $248,752.29

Western Progressive, LLC
Trustee Sale Assistant
Date: March 11, 2020

**Exhibit U**

# AFFIDAVIT OF PUBLICATION

**In The Matter Of:  PG&E BANKRUPTCY NOTICE**

**Advertisement for – PG&E CORPORATION**

This is to certify that the above advertising appeared on page A7

Newspaper name: **MT SHASTA AREA NEWSPAPERS**

On (Dates) 04/15/20

Signature

Robert J Ramey

# Water meant power in the late 1800s

**Submitted by Jean Nels, executive director of the Mt. Shasta Sisson Museum**

Like all other non-essential businesses, Mt. Shasta Sisson Museum is closed, but the museum is continuing to install their newest exhibit, "Water: Shasta's Liquid Gold." In their research, museum volunteers learned many things about the history of water, including how water power brought electric lights to this town in the later 1800s.

By the time European settlers came to this area, wheels powered by flowing water had been used for more than 2,000 years. The two main functions of water wheels were for irrigation purposes and as a power source. After 1827, water wheels began being displaced by the smaller, less expensive and more efficient turbines, which can convert the flowing power of water into electricity.

Many small hydroelectric power plants began to open in Siskiyou County in the early 1890s, mainly to serve the mines, logging mills and gold dredges.

Even through there were scary rumors of electricity leaking out when bulbs broke or hydroelectric power poisoning the water, residents of Sisson were ready for electric lights in their homes to replace the dirty coal oil lamps.

In December of 1891, W.W. Van Arsdale and W. L. Leland announced plans to establish an electric light plant at their Sisson Mill and Lumber Company south of the town of Sisson (now Mount Shasta City). The local newspaper, Sisson Mascot, said: "It will be but a short time until Electric lights are in operation in this town. Hurrah."

In January of 1892, power poles were set up, and on February 17, 1892, the lights went on at the mill. Power was being supplied by a Pelton water wheel driven dynamo. Water for the hydroelectric plant was taken from Cold Creek and later from a water tank installed east of the mill.

Leland offered four free street lights to the town of Sisson and charged $2.50 per light for any customers. By March, 1892, 120 lights were taken. In June of 1892, a larger, more powerful Edison

type dynamo was ordered by the Sisson Electric Light Company in order to offer a capacity of 500 lights.

On June 7, 1894, Sisson Mascot reported: "Sisson electric Light company requests that whenever any alterations or repairs are needed in connections with lights, etc., notice must be sent to their office and under no circumstances should patrons take it upon themselves to alter or in any way "monkey" with wires, insulators, etc. any needed repairs will be done by the company free of charge."

Sisson Electric Light Company was sold by the mill to its electrician Charles Wickham and George H. Johnson. The plant machinery was moved to Big Springs Creek near Indian Lane where there was an abundance of water.

Sisson Fish Hatchery also had a small light plant of their own.

When the large superintendent's house was built in 1904, it was equipped with electric wires and light fixtures to be powered by a dynamo on Big Springs Creek.

By 1911 the Siskiyou Power and Light service extended from Castella, California to Grants Pass Oregon. It incorporated and became California Oregon Power Company (COPCO). After building dams and hydro power plants on the Klamath River and becoming the main source of electricity for Siskiyou County, COPCO merged with Pacific Power and Light Company in 1960.

The museum will resume its normal operating hours as soon as it is safe. Check the website at www.mtshastamuseum.com, go to the museum's Facebook page, or call the museum at (530) 926-5508 for more information.



In 1892, Sisson Electric Light Company had their power plant on Big Springs Creek, near Indian Lane, where there was an abundance of water. They distributed poles for the electrical hookups.
CONTRIBUTED PHOTO

## Mount Shasta Police Department reports

Between March 29 and April 5, the Mount Shasta Police Department took a total of 84 calls for service. Of those calls, zero became cases and zero

arrests were made.

We believe this decline in the number of calls is due to the diligence of the community maintaining the shelter in place or

taking precautions when traveling for necessary reasons.

We thank you for doing your part in helping to protect our community.

## Weed Police Department reports

The Weed Police Department released the following information:

On April 10, WPD arrested

Ivory George, 37 of Macdoel, on four misdemeanor warrants and possession of drug paraphernalia.

On April 10, WPD arrested Ibrahim Lowe, 22 of Portland, Ore., for domestic battery and resisting arrest.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
    – and –
PACIFIC GAS AND ELECTRIC COMPANY,
                        Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND NOTICE OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF

[The body of this legal notice consists of multiple dense columns of bankruptcy court text, including sections on Approval of Disclosure Statement, Voting Record Date, Voting Classes and Record Date, tables of Voting Classes and Non-Voting Classes, Confirmation Hearing, Objections to Confirmation of the Plan, and related procedures.]

### The Voting Classes

| Class | Designation | Status |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 5B-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 10A-III | HoldCo Subordinated Debt Claims | Impaired |
| Class 3B-III | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-IV | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-V | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 6A | HoldCo Environmental Claims | Unimpaired |
| Class 7A | HoldCo Intercompany Claims | Unimpaired |
| Class 8A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility General Unsecured Claims | Unimpaired |
| Class 3B-II | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | Utility Environmental Claims | Unimpaired |
| Class 8B | Utility 2001 Utility Exchange Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Preferred Interests | Unimpaired |
| Class 11A | Utility Preferred Interests | Unimpaired |
| Class 11B | Utility Common Interests | Unimpaired |
| Class 12B | Utility Subordinated Debt Claims | Unimpaired |

Dated: March 18, 2020

Case: 19-30088   Doc# 6935-1   Filed: 04/24/20   Entered: 04/24/20 19:50:28   Page 25

# Faith & Values

### BAHA'I FAITH

"So powerful is the light of UNITY that it can illuminate the whole earth"
Interfaith Prayer Gathering
All Welcome!
Call for Date and Time
Call 925.330.1847
WWW.BAHAI.ORG

### First Baptist Church
812 Lassen Lane, Mt Shasta
Mt. Shasta • 926-5095
Brandon Turk, Pastor
SUNDAYS
10:00 am - Bible Study
8:30 am & 11:15am worship
PRE-SCHOOL/DAY CARE
8:30 am - 3:30 pm, M-F
926-5715

### GRACE COMMUNITY PRESBYTERIAN CHURCH
1090 N. DAVIS AVENUE, WEED
530-938-4571   gracepc.org
SUNDAY WORSHIP 9:00AM
Adult study
Children study table study
Children Sunday School
ALL ARE WELCOME

### Mountain Christian Fellowship
2324 S. Mt. Shasta Blvd.
Roger Johnson, Pastor
938-2850
Sunday............................10:00 am
Wednesday.......................7:00 pm
Airing Christian Music on 94.1FM
A Calvary Chapel Affiliation
www.mcfshasta.com

### Mt. Shasta Abundant Life

Church of the Nazarene
954 N. Old Stage Road
Sunday Bible School: 9:30am
Morning Worship: 10:40am
abundantlife@nowcrest.net
facebooks.com Mount Shasta Abundant Life

### Mount Shasta

Seventh-Day Adventist Church and School
Hwy. 89 and I-5
Saturday 9:30 am
(530)926-2803

### Mt. Shasta United Methodist Church
312 W. Alma St., Mt. Shasta
530-918-5706
Pastor - Mike Bekstrom
SUNDAY Worship - 10:15 am

### Shasta Abbey Buddhist Monastery

3724 Summit Drive Mount Shasta,
CA 96067
A monastery of the Order of Buddhist Contemplatives practicing in the Soto Zen (Serene Reflection Meditation) Tradition
For further information
call 530-926-4208 or go to
www.shastaabbey.org

### St Barnabas Episcopal Church

701 Lassen Lane, Mt Shasta
530-926-5326
Priest-in-Charge: The Rev. Larry Holben
SUNDAY Worship 10 am
Children's Sunday School 11:15 am
The Episcopal Church
WELCOMES You!


# Yoga Friends School
A Bridge between Shasta and Shambhala

Connect with the "Energy of Synthesis" to enable "continuity of consciousness" through your incarnations.

Learn to connect with the Sanat Kumara, the Lord of Synthesis, the Lord of Mount Shasta. Learn to connect Shasta with Shambala.

Teaching is free without obligation
yogafriendsusa@gmail.com
(530) 408-0447
http://yogafriends.org

Would you like to be part of the Faith & Values Section? Only $9.75 per week

# **Exhibit V**



# PARADISE POST

PO Drawer 70
Paradise, CA 95967
530-877-4413
legals@paradisepost.com
3809751

PG&E CORPORATION
77 BEALE STREET
SAN FRANCISCO, CA 94177

Legal No.     **0006477032**

## Declaration of Publication

### State of California
### County of Butte

That at all times herein mentioned Declarant is and was a resident of said county of Butte over the age of twenty-one years; not a party to nor interested in the within matter; that Declarant is now and was at all times herein mentioned the Legal Clerk of the Paradise Post, a newspaper published twice a week, which said newspaper was adjudged a newspaper of general circulation on November 12, 1946, by Superior Court Order No. 22262 as entered in Book 30 Page 223 of said Court; and that said newspaper is printed and published every Wednesday and Saturday.

**ANNOUNCEMENTS**

**04/15/2020**

and such publications was made in the regular issues of said paper (and not in any supplemental edition or extra thereof).

04/15/2020

_____
Signature

r.BP8-12/01/15



**Paradise Ridge**

# LEGALS

www.paradisepost.com

| Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices |
|---|---|---|---|---|

**NOTICE OF PETITION TO ADMINISTER ESTATE OF:**
PATRICK DIXON
CASE NUMBER: 20PR00103
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of PATRICK DIXON
A Petition for Probate has been filed by: WENDY DIXON-PETERS in the Superior Court of California, County of: BUTTE
The petition for probate requests that: WENDY DIXON-PETERS be appointed as personal representative to administer the estate of the decedent.
The petition requests

authority to administer estate under the Independent Administration of Estates Act. (This authority allow the personal representative to take any actions without obtaining court approval. Before taking very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not

grant the authority.
A hearing on the petition will be held in this court as follows:
Date: May 19, 2020 Time 9:00 a.m. Dept: TBD
Room: Address of court: Superior Court of California, County of Butte, 1775 Concord Avenue, Chico Branch North County Courthouse
If you object to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
If you are a creditor or a contingent creditor of the

decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code. Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in

California law.
You may examine the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
Attorney for Petitioner:
DESIREE J. VANCE
1440 Lincoln St. Oroville, CA 95965
Telephone: 530-534-9900
Publish: 4/08, 4/11, 4/15/2020

**ASK** about package deals. 896-7777

[The remaining Legal Notices columns contain dense fine-print legal text including a UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION notice In re: PG&E CORPORATION, and PACIFIC GAS AND ELECTRIC COMPANY, Debtors, NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF — with extensive voting class tables and procedural notices]

---

## PURCELL

# Work-from-Home productivity has come a long way since 1918



Tom Purcell

COVID-19 has millions working from home. As a longtime teleworker, let me offer some advice.

Working from home has many upsides: no traffic jams, office politics or need for business attire.

But a month-plus into this pandemic, many are realizing teleworking's downsides.

My morning commute goes from my bedroom to the kitchen (for coffee) to a small den in the back of my house.

Every morning, though, one rubbernecker (me) blocks my commute by looking longingly at his unmade bed — and frequently climbing back into it.

Maintaining focus on work is challenging at home. Snacks in the fridge, Netflix on the tube, funny videos on Facebook all compete for attention.

I've been an adult for a while now, but send me a video of talking dogs and I'd hang up on the company CEO to watch it.

Another challenge is hardly ever seeing other real humans during the day.

Sure, we see clients and colleagues on monitors, but, being social animals, we long for small talk. That regrettable need is straining my relationship with my postal carrier.

Me (head covered by a

green wool sock with eye holes cut out): "I hear it's going to rain tomorrow."

Postal carrier (sitting in his vehicle by my mailbox): "You're wearing a sock for a mask?"

Me: "How about a cup of coffee?"

Postal carrier: "But you look like Gumby."

I used to hang up on telemarketers. Now I look forward to their calls.

Extended-car-warranty guy: "It's only $2,000 for three years' coverage."

Me: "By truck's still under the manufacturer's warranty. How's the weather where you are?"

Those of us able to work from home — able to maintain income while much of the country's shuttered — are incredibly lucky.

Thanks to innovation, we have powerful smart-phones and laptops, plus super-fast fiber optic lines at home.

We can collaborate with colleagues all over the globe, share large files and run complex financial reports — as if we're in the office.

The Centers for Disease Control and Prevention estimate the 1918 Spanish Flu killed 50 million people around the world and 675,000 in America, when our population was a third of what it is now.

Working from home wasn't an option for most back then.

Though the telephone had been invented four decades earlier, only about a third of U.S. homes had one, FastCompany reports.

Still, the telephone offered some hope.

People were beginning to order groceries by phone. Newspapers and magazines remained the primary forms of mass communication — the first radio news broadcast wasn't until 1920 — but phones offered opportunities to share news.

However, phone calls required operators to manually make connections — operators who couldn't practice social distancing.

They "sat at banks of switchboards in tight quarters, elbow to elbow with any infected coworkers," FastCompany says.

Many operators became sick and phone systems couldn't keep up with demand — making the 1918 pandemic all the worse.

Despite many unpleasant setbacks, lots of positive storylines are arising from the current pandemic. One incredible silver lining is that millions of Americans can still work productively as it unfolds.

That's the good news.

The not-so-good news: When all of this is over and the sock comes off my head, my postal carrier isn't likely to accept that cup of coffee.

Maybe I'll give the FedEx driver a try.

*Tom Purcell, author of "Misadventures of a 1970's Childhood," a humorous memoir available at amazon.com, is a Pittsburgh Tribune-Review humor columnist.*

---

## Fees

FROM PAGE 1

Vietnam Veterans of America Chapter 582: A grant of $11,500 will buy and deliver gravel to the trailers, RVs and other temporary dwellings of 53 families or individuals in and around Concow who lost their homes in the Camp Fire.

United Way of Northern California: A grant of $45,150 provided support for United Way's Housing Opportunities Program and allowed United Way to deploy $900,000 to vulnerable households.

Hometech Charter School: A $16,800 grant will assist 35 students unable to access or afford wi-fi. HotSpots were donated

by T-Mobile but the broadband lines for all devices will cost $16,800 over 24 months.

Yankee Hill Fire Safe Council: A $49,995 grant will allow the organization to hire two part-timers and also will support a newsletter, website, payroll services and facility fees associated with meetings at Concow School and the historic schoolhouse. With the latest grants, the North Valley Community Foundation has awarded more than $33 million for community recovery via the Butte Strong Fund, Camp Fire Relief Fund and donor-designated funds.

The Butte Strong Fund is a partnership of fundraising efforts led by NVCF, Sierra Nevada Brewing Co. and Aaron Rodgers, the Green Bay Packers quarterback and Chico native.

The Butte Strong Fund provides funding for eligible organizations or local government entities that are directly serving people affected by the Camp Fire. Individual assistance is handled through those organizations.

Organizations interested in applying for Butte Strong Fund grants can visit ButteStrongFund.org to determine if they qualify for funding. Those that do can submit a brief grant inquiry before being invited to submit a full application. Staff at NVCF will facilitate the application process.

The Butte Strong Fund is still receiving donations. Tax-deductible donations can be sent to Butte Strong Fund, 240 Main St., Suite 260, Chico, CA 95928 or by visiting www.buttestrongfund.org.

---

## COURTS

# Federal case against Las Vegas biker gang ends; charges dismissed

**By Ken Ritter**
*The Associated Press*

LAS VEGAS » A long and troubled federal prosecution in Nevada of current and former Vagos biker gang members from California accused of running an international criminal enterprise and killing a rival Hells Angels leader in a 2011 casino shootout is over.

U.S. District Judge Gloria Navarro in Las Vegas approved a government re-

quest Monday to dismiss all charges against 11 defendants, closing the federal racketeering case filed in September 2016 after a state court conviction of the Vagos member who acknowledges he was the shooter was overturned by the Nevada Supreme Court.

"Witnesses recanted and their recantation theory was flawed," defense attorney Kathleen Bliss said Tuesday of the FBI and federal prosecutors. "Yet they pressed on and gambled with the lives of these men."

Eight men stood trial in a massive and complicated prosecution that began with jury selection last July. Jurors heard stunning admissions from the key witness in September that he fabricated a story about a kill order leading to the fatal shooting at a casino in Sparks.

In February, the jury returned acquittals on all charges against defendants including Faustino Palafox, former international president of the Vagos Motorcycle Club, and acknowledged Vagos gunman Ernesto Manuel Gonzalez.

Attorney Chris Rasmussen noted that his client, John Siemer, spent three years in federal custody after pleading not guilty and was among those to be released Monday.

---

# PARADISE POST

**www.ParadisePost.com**
**Facebook:** facebook.com/ParadisePost
**Twitter:** @ParadisePost

**Contact us** ........................................ **877-7210**
Classified Department .................................................. 896-7777
Circulation Department .................................................. 877-7210

**Hours:** 8:30 a.m. to 4:30 p.m. Monday through Friday.

**ARBITRATION & SUBSCRIPTION TERMS AGREEMENT:** The subscription to the Paradise Post is a CONTINUOUS SUBSCRIPTION, which means it will automatically renew at the end of this initial term. Notice of cancellation must be provided before the end of this SUBSCRIPTION TERM to avoid charges for an additional term. You may cancel or modify your subscription at any time by calling Customer Service at 530-876-7898. You will be billed at the term you have selected, which shall be your SUBSCRIPTION TERM. Future SUBSCRIPTION TERM prices are subject to change...

# **Exhibit W**

**Red Bluff Daily News**

728 Main St.
Red Bluff, CA 96080
530-527-2151
dispatch@redbluffdailynews.com

3809751

PG&E CORPORATION
77 BEALE STREET
SAN FRANCISCO, CA 94177

Legal No. **0006477032**

**Notice:**

## STATE OF CALIFORNIA } ss.

### County of Tehama

<u>Daleen Baker</u>, being first duly sworn, deposes and says: That at all times hereinafter mentioned, she was a citizen of the United States, over the age of eighteen years, and a resident of said county, and was at and during said times legal clerk of the *Red Bluff Daily News*, a newspaper of general circulation printed and published daily except Sundays and certain holidays in the city of Red Bluff, County of Tehama, State of California; that said *Red Bluff Daily News* is and was at all times herein mentioned a daily newspaper of general circulation as the terms "newspaper of general circulation" and "daily newspaper" are defined in Sections 6000, 6001, 6045 and 6040.5 of the Government code of the State of California; that, as provided in said section 6000, said newspaper is published for the dissemination of local and telegraphic news and intelligence of a general character, and has a bona fide subscription list of paying subscribers; that said newspaper has been established, printed and published as those terms are defined in Article 1, Chapter 1, Division 7, Title 1, of the said Government Code, in the said City of Red Bluff, State of California, at regular intervals for more that one year next preceding the date of the first publication of the notice herein mentioned; that said newspaper is not devoted to the interests, or published for the entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or for any number thereof; that said notice was set in type not smaller than nonpareil and was preceded with words printed in black face type, not smaller than nonpareil, describing or expressing in general terms the purport and general character of the notice intended to be given; that the <u>notice</u> of which the annexed is a printed copy, was printed and published in said newspaper 4 times, beginning on **04/15/2020** and ending on **04/15/2020**, both days inclusive, to wit on **04/15/2020.**

I Certify (or Declare), under penalty of perjury, that the foregoing is true and correct, at Red Bluff, California.

Dated: **04/15/2020** at Red Bluff, California.

(Signature)

r.BP11-03/02/17

Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices

YOUR CLASSIFIED WILL APPEAR ON OUR WEBSITE www.redbluffdailynews.com

**LEGAL NOTICE**
**FICTITIOUS**
**BUSINESS**
**NAME**
**STATEMENT**
**File No. 2020000065**

The following person(s) is (are) doing business as:
DELTA TELECOM
925-584-0590
22310 Oly Way
Red Bluff, CA 96080
Steven Shipp
22310 Oly Way
Red Bluff, CA 96080
The registrant commenced to transact business under the fictitious business name or names listed above on N/A
This business is conducted by: an individual
S/By: Steven Shipp
Steven Shipp
This statement was filed with the County Clerk of Tehama County on 3/4/2020
JENNIFER A. VISE
Tehama County
Clerk & Recorder
Publish: March 25, April 1, 8 & 15, 2020

**LEGAL NOTICE**
**FICTITIOUS**
**BUSINESS**
**NAME**
**STATEMENT**
**File No. 2020000093**

The following person(s) is (are) doing business as:
Hale's Transport
530-840-7497
845 Lakeside Dr. #5
Red Bluff, CA 96080
Harold Hale
845 Lakeside Dr. #5
Red Bluff, CA 96080
The registrant commenced to transact business under the fictitious business name or names listed above on N/A
This business is conducted by: an individual
S/By: Harold Hale
Harold Hale
This statement was filed with the County Clerk of Tehama County on 4/6/2020
JENNIFER A. VISE
Tehama County
Clerk & Recorder
Publish: 4-15-20, 4-22-20, 4-29-20, 5-6-20

**LEGAL NOTICE**
**ORDER TO SHOW CAUSE**
**FOR CHANGE OF NAME**
**SUPERIOR COURT OF**
**CALIFORNIA COUNTY**
**OF TEHAMA**
**PETITION OF:**
Edward Lewis Boyd

FOR CHANGE OF NAME
CASE NUMBER: 20CI000052

TO ALL INTERESTED PERSONS:
Petitioner, **Edward Lewis Boyd** filed a petition with this court for a decree changing names as follows: **Edward Lewis Boyd** to **Edward Lewis Boyd Jr**
THE COURT ORDERS that all persons interested in this matter shall appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted.
NOTICE OF HEARING
Date: 5/11/2020
Time: 1:30 p.m.
Dept.: 3
The address of the court 1740 Walnut St., Red Bluff, CA 96080. A copy of this Order To Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the Red Bluff Daily News a newspaper of general circulation, printed in this county.
DATE: 3/5/2020
S/By: Jonathan W. Skillman
JUDGE OF THE SUPERIOR COURT
Publish: 4-15-20, 4-22-20, 4-29-20, 5-6-20

**LEGAL NOTICE**
**FICTITIOUS**
**BUSINESS**
**NAME**
**STATEMENT**
**File No. 2020000078**

The following person(s) is (are) doing business as:
VANTAGE POINT RIFLES
530-526-8919
14825 Cannon Rd.
Red Bluff, CA 96080
Clinton Arrowsmith
14825 Cannon Rd.
Red Bluff, CA 96080
Jason Pyle
25349 Orange St.
Los Molinos, CA 96055
The registrant commenced to transact business under the fictitious business name or names listed above on N/A
This business is conducted by: co-partners
S/By: Clinton Arrowsmith
Clinton Arrowsmith
This statement was filed with the County Clerk of Tehama County on 3/19/2020
JENNIFER A. VISE
Tehama County
Clerk & Recorder
Publish: March 25, April 1, 8 & 15, 2020

**HOW TO PLACE**
**YOUR TOLL FREE**
**CLASSIFIED AD**
Calls handled by Enterprise Record Classified
**CALL: 1-800-827-1421**
**Press 4**
**MAILING ADDRESS**
728 Main Street
Red Bluff, CA
**COME AND SEE US**
728 Main Street,
Red Bluff, CA
8:00 am - 5:00 pm.
**SEND A FAX**
530-527-5774
Don't forget your name,
address & phone number
WE ACCEPT
**AD DEADLINES**
Deadlines to place a classified ads
To run on:    Submit ad by:
Tuesday      Friday 1 pm
Wednesday   Tuesday 1 pm
Friday        Thursday 4 pm
Saturday     Friday 1 pm
**ALL ADS MUST BE PREPAID**
Check Your Ad Upon First Publication. Report any errors immediately, 8:30am to 2:00pm. The Daily News will not be responsible for typographical errors. The Daily News reserves the right to revise or reject any ad to property classify. Under no circumstances will the Daily News be responsible for more than the cost of the advertisement.

**Classified**
**(530) 737-5059**

Employment | Pets & Livestock
Rentals | Homes
Financial | Real Estate
Announcements | Vehicles

**DAILY NEWS**
Office Hours:
MON.-FRI. 8:00-5:00

Closed Saturday, Sunday
& major holidays

**Pets**
AKC GERMAN SHEPHARD PUPPIES M/F. Parents are show dogs. Shots/ dewormed. Excellent health. 30 day AKC insurance. $1500. 530-588-8982. hylandshepherdsparadise@yahoo.com

WANT TO DOWN SIZE YOUR GAS GUZZLER Find your answers in the Daily News classified ads 527-2151 Your classified will appear on our website redbluffdailynews.com We take MasterCard & Visa for your convenience.

WANT TO DOWN SIZE YOUR GAS GUZZLER Find your answers in the Daily News classified ads CALL TODAY 527-2151 Your classified will appear on our website redbluffdailynews.com We take MasterCard & Visa for your convenience.

**DAILY NEWS** Classified Ads Sell!! Call 527-2151 YOUR CLASSIFIED WILL APPEAR ON OUR WEBSITE redbluffdailynews.com

**DAILY NEWS** Classified Ads Sell!! Call 527-2151 YOUR CLASSIFIED WILL APPEAR ON OUR WEBSITE redbluffdailynews.com

Reuse. Repurpose. **Really Save!**

To place an ad, call 530-737-5059
AUTOS | MERCHANDISE | JOBS | GARAGE SALES | REAL ESTATE FOR SALE
REAL ESTATE FOR RENT | ANNOUNCEMENT | PERSONALS | BUSINESSES & SERVICES
**Classifieds**
**Red Bluff Daily News**



---

Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices | Legal Notices

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
   Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 (Docket No. 6340) (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the "**Disclosure Statement**") filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, for "**Disclosure Statement**") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 (Docket No. 6320), together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 (Docket No. 5732) (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 5B-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 6A | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A-III | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Intercompany Claims | Unimpaired |
| Class 8A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 9B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | 2001 Utility Exchange Claims | Unimpaired |
| Class 6B-II | Utility Environmental Claims | Unimpaired |
| Class 7B | Utility Workers' Compensation Claims | Unimpaired |
| Class 8B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disputed, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Disclosure Statement and Solicitation Procedures Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including May 1, 2020 at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the 3018 Order, to the extent set forth therein. The resolution of a 3018 Motion shall govern the amount and classification of a Claim or Interest for voting purposes only and not for purposes of allowance or distribution, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures Order, the determination by the Court for voting purposes only with respect to the Plan, will not be binding upon any person or entity for any purpose, including the determination of the amount of any Claim for purposes of distribution under the Plan. Additionally, if the Court temporarily allows a Claim or Interest in a certain amount or Class for voting purposes, such action will not necessarily constitute a determination by the Court for voting purposes only with respect to the allowance or amount of such Claim or Interest for purposes of distribution under the Plan. For the avoidance of doubt, the Debtors reserve all rights to object to any Claim or Interest after the Voting Deadline in accordance with applicable bankruptcy law. The temporary allowance of a Claim or Interest for voting purposes does not constitute a waiver by the Debtors of any of their respective rights or remedies in connection with any such Claim or Interest with respect to any distribution under the Plan.

4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; provided, however, that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than the filing of a notice on the Bankruptcy Court's docket and/or the announcement at the Confirmation Hearing or any continuance thereof. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:
(a) Be in writing;
(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
(c) State with particularity the basis and nature of any objection with respect to the Plan;
(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Amended, J.), and the Scheduling Order; and
(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), and (B) Keller Benvenisti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com), Peter J. Benvenisti, Esq. (pbenvenisti@kbkllp.com), and Jane Kim, Esq. (jkim@kbkllp.com)); (iv) Cravath, Swaine & Moore LLP (Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (v) the U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (vi) the attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher M. Hansen, Esq., and (B) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (gbray@milbank.com) and Thomas R. Kreller, Esq. (tkreller@milbank.com)); (vii) the attorneys for the statutory committee of unsecured creditors, Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (gbray@milbank.com), Thomas R. Kreller, Esq. (tkreller@milbank.com)); (viii) the attorneys for the statutory committee of tort claimants, (A) Baker & Hostetler LLP, 11601 Wilshire Blvd, Suite 1400, Los Angeles, California 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); ; (ix) the attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G. Minias, Esq. (jminias@willkie.com) and Benjamin P. McCallen, Esq. (bmccallen@willkie.com), and Daniel I. Forman, Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (x) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xi) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY OR ANY PRO SE PARTY OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS, BECAUSE THOSE PROVISIONS MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Debtors will be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to an order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding the assumption or rejection of such contracts set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (a) examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court, (b) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (c) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail**: pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

---

Take a fresh look at the Classifieds, the original way to shop green!?

**DAILY NEWS**
**CLASSIFIEDS**
**TOLL FREE**
**1-800-827-1421**
Mon.-Fri.
8:30am-5:00pm

It soon became clear that updated guidelines were necessary to clarify the difference between casual Friday and a little *too* casual Friday.

creators.com
https://www.creators.com/

# SUDOKU

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5 | 7 | | | 9 | 1 | 8 | | |
| | 1 | | | 5 | | 7 | | |
| | | | | | | | 9 | |
| 2 | | | | 3 | 6 | | 4 | 9 |
| | | | | 6 | | | | |
| 4 | 3 | | 8 | 9 | | | | 7 |
| | 9 | | | | | | | |
| | | 2 | | 7 | | | 5 | |
| | | 5 | 2 | 8 | | | 4 | 6 |

Level: Intermediate

## Fun By The Numbers

Like puzzles? Then you'll love sudoku. This mind-bending puzzle will have you hooked from the moment you square off, so sharpen your pencil and put your sudoku savvy to the test!

**Here's How It Works:**

Sudoku puzzles are formatted as a 9x9 grid, broken down into nine 3x3 boxes. To solve a sudoku, the numbers 1 through 9 must fill each row, column and box. Each number can appear only once in each row, column and box. You can figure out the order in which the numbers will appear by using the numeric clues already provided in the boxes. The more numbers you name, the easier it gets to solve the puzzle!

**ANSWER:**

| 2 | 6 | 4 | 3 | 9 | 8 | 7 | 1 | 5 |
|---|---|---|---|---|---|---|---|---|
| 9 | 5 | 3 | 7 | 1 | 4 | 8 | 6 | 2 |
| 1 | 8 | 7 | 2 | 6 | 5 | 9 | 4 | 3 |
| 3 | 2 | 1 | 5 | 8 | 9 | 4 | 7 | 6 |
| 7 | 4 | 5 | 6 | 3 | 2 | 1 | 9 | 8 |
| 6 | 9 | 8 | 1 | 4 | 7 | 5 | 3 | 2 |
| 4 | 1 | 6 | 8 | 5 | 3 | 2 | 7 | 9 |
| 5 | 3 | 2 | 9 | 7 | 6 | 6 | 8 | 1 |
| 8 | 7 | 9 | 4 | 2 | 1 | 3 | 5 | 7 |

# Exhibit X

**California Newspaper Service Bureau**®
Daily Journal Corporation
Public Notice Advertising Since 1934
Tel 1-800-788-7840 □ Fax 1-800-474-9444
Local Offices and Representatives in:
Los Angeles, Santa Ana, San Diego, Riverside/San Bernardino,
San Francisco, Oakland, San Jose, Sacramento
Special Services Available in Phoenix

## DECLARATION

I am a resident of Los Angeles County, over the age of eighteen years and not a party to any or interested in the matter noticed.

The notice, of which the annexed is a printed copy appeared in the:

**SAN FRANCISCO EXAMINER**

On the following dates:

**April 15, 2020**

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Los Angeles, California, this

__15th__ day of __April__ 20__20__

Signature
Nina Vong

**3359082**

*"The only Public Notice which is justifiable*
*from the standpoint of true economy and the public interest,*
*is that which reaches those who are affected by it"*

Rev. 04/15 Daily Journal Corporation, 915 East First Street, Los Angeles, CA 90012

SAN FRANCISCO EXAMINER • SINCE 1865

# PUBLIC NOTICES

San Mateo County: 650-556-1556
E-mail: smlegals@sfmediaco.com

San Francisco: 415-314-1835
E-mail: sflegals@sfmediaco.com

SAN FRANCISCO EXAMINER • DALY CITY INDEPENDENT • SAN MATEO WEEKLY • REDWOOD CITY TRIBUNE • ENQUIRER-BULLETIN • FOSTER CITY PROGRESS • MILLBRAE • SAN BRUNO SUN • BOUTIQUE & VILLAGER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,                    Chapter 11
  - and -                            Case No. 19-30088 (DM)
PACIFIC GAS AND ELECTRIC COMPANY,    (Lead Case)
                          Debtors.   (Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT
FOR DEBTORS' AND SHAREHOLDER PROPONENTS'
JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II)
ESTABLISHMENT AND APPROVAL OF RECORD DATE,
VOTING DEADLINE, AND OTHER PLAN SOLICITATION
AND VOTING PROCEDURES; (III) APPROVAL OF FORMS
OF BALLOTS, SOLICITATION PACKAGES, AND RELATED
NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION
NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF

[The remainder of this page consists of dense legal public notices in multiple columns, including the PG&E Corporation bankruptcy disclosure statement notice with voting classes tables, and a San Francisco Planning Commission Notice of Hearing and various City and County of San Francisco government notices. The fine print is not legible at sufficient resolution for faithful transcription.]

GOVERNMENT

SAN FRANCISCO
PLANNING COMMISSION
NOTICE OF HEARING

Case: 19-30088    Doc# 6935-1    Filed: 04/24/20    Entered: 04/24/20 15:50:29    Page 34 of 54

*San Francisco Examiner • Daly City Independent • San Mateo Weekly • Redwood City Tribune • Enquirer-Bulletin • Foster City Progress • Millbrae - San Bruno Sun • Boutique & Villager*

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:
**PG&E CORPORATION,**
- and -
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| Class | Designation | Impairment |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 5B-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo General Unsecured Claims | Impaired |
| Class 18-I | Utility Impaired Senior Note Claims | Impaired |
| Class 18-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 18-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| Class | Designation | Impairment |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A-I | HoldCo Other Interests | Unimpaired |
| Class 5B-I | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B-I | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; provided, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; provided, however, that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1—866—582—6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153

(Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil. com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath. com), and Omid H. Nasab, Esq.(onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Dennis C. O'Donnell, Esq.); (vi) The attorneys for the agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk. com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss. com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss. com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank. com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@ milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@ bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie. com), Joseph G. Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday. com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING THE BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Exacutory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18,2020

---

## GOVERNMENT

**SAN FRANCISCO PLANNING COMMISSION NOTICE OF PLANNING COMMISSION HEARING**

Notice is hereby given to the general public that applications involving the properties/land or issues described below have been filed with the Planning Department for review as set forth in the City Planning Code. The Planning Commission intends to hold a **PUBLIC HEARING** on these items and on other matters on **Thursday, May 7, 2020, beginning at 1:00 p.m. or later, in City Hall, 1 Dr. Carlton B. Goodlett Place, Room 400. Please be advised that due to the COVID-19 emergency shelter-in-place order, the Planning Commission may be required to conduct this hearing remotely. Additional information may be found on the Department's website.**

**2019-007111CUA: 1400 17th Street** – north side of 17th Street between Connecticut Street and Arkansas Street; Lot 001A in Assessor's Block 3952 (District 10) – Request for **Conditional Use Authorization**, pursuant to Planning Code Sections 303, 303.1, 843.45, and 843.46, to establish an approximately 15,750 square-foot Formula Retail use (d.b.a. West Elm, a branch of Williams-Sonoma, Inc.) for a furniture showroom and retail store in a vacant one-story building within the UMU (Urban Mixed Use) Zoning District and 48-X Height and Bulk District. The Project includes interior and exterior improvements, including a green wall on 17th Street facade, new windows, and a gate for the off-street customer loading area. The Project will also help improve the City's public realm by adding a large bulb out with sidewalk landscaping and street furniture at the northwest intersection of 17th and Connecticut Streets and providing new street trees and planting on sidewalks. There will be no expansion of the existing building. This action constitutes the Approval Action for the project for the purposes of CEQA, pursuant to San Francisco Administrative Code Section 31.04(h). For further information, call **Xinyu Liang at (415) 575-9182 or email at xinyu.liang@sfgov. org and ask about Case No. 2019-007111CUA.**

**2018-014766CUA: 1043-1045 Clayton Street** – west side of Clayton Street at the intersection of Ashbury Street; Lots 131, 132, and 133 in Assessor's Block 1279 (District 5) – Request for **Conditional Use Authorization**, pursuant to Planning Code Sections 303 and 317 to alter and demolish portions of an existing two-unit residential building that spans across three separate parcels and construct two additional residential buildings for a total of three buildings within the RH-2 (Residential House, Two-Family) Zoning District and 40-X Height and Bulk District. This action constitutes the Approval Action for the project for the purposes of CEQA, pursuant to San Francisco Administrative Code Section 31.04(h). For further information, call Sylvia

**Jimenez at (415) 575-9187 or email at sylvia.jimenez@ sfgov.org and ask about Case No. 2018-014766CUA.**

**2019-016388CUA: 1760 Ocean Avenue** – north side of Ocean Avenue at the intersection with Dorado Terrace, Lot 195 of Assessor's Block 3283 (District 7) – Request for a **Conditional Use Authorization** pursuant to Planning Code Sections 303 and 755 to establish Out-Patient Dialysis Center (DBA Fresenius Kidney Care), a Health Services (Retail Sales and Service) use within a currently vacant 15,100 square foot tenant space most recently used as an Formula Retail Pharmacy Use. The subject property is located within the Ocean Avenue Neighborhood Commercial Transit (NCT) District, Balboa Park Area Plan and a 45-X Height and Bulk District. A Planning Commission approval at the public hearing would constitute the Approval Action for the project for the purposes of CEQA, pursuant to San Francisco Administrative Code Section 31.04(h). **For further information, call Jeff Horn at (415) 575-6925, or via email jeffrey.horn@sfgov. org and ask about Case No. 2019-016388CUA.**

**2019-022072CUA: 855 Brannan Street - 2005 17th Street**—southeast side of Brannan Street between 7th and 8th Streets, Lots 011-014 of Assessor's Block 3783 (District 9) – Request for **Conditional Use Authorization** pursuant to Planning Code Sections 303, 303.1, and 843.46, to establish a formula retail-sales and service use (d.b.a. Trek Bicycle) in a vacant ground floor tenant space (measuring 2,818 square feet) in a newly-constructed six-story, mixed-use building. The project does not propose expansion of the existing building envelope or any storefront modifications. A Planning Commission approval at the public hearing would constitute the Approval Action for the project for the purposes of CEQA, pursuant to San Francisco Administrative Code Section 31.04(h). **For further information, call Claire Feeney at (415) 575-9174, or via email at claire.feeney@ sfgov.org and ask about Case No. 2019-022072CUA. It is strongly recommended that persons submit their comments in writing in advance of the hearing. Written comments may be submitted via email directly to the case planner.**

Persons who are unable to attend the scheduled Planning Commission hearing may submit written comments regarding these cases to the individuals listed for each case above via email or at the Planning Department, 1650 Mission Street, 4th Floor, San Francisco, CA 94103. Comments received by 9:30 a.m. on the day of the hearing will be made a part of the official record and will be brought to the attention of the Planning Commission. Pursuant to Government Code § 65009, if you challenge, in court, the approval of a conditional use, you may be limited to raising only those issues you or someone else raised at the public hearing described in this notice, or in written correspondence delivered to the Planning

Commission at, or prior to, the public hearing.
Corey A. Teague
Zoning Administrator
Planning Department
1650 Mission Street, 4th Floor
San Francisco, CA 94103
4/15/2020

---

**City and County of San Francisco**
**Department of Human Services Agency (HSA)**
**Funding Opportunity Request for Qualifications (RFQ) #885 - COVID-19 Response: Meal Service for People in Hotels, Congregate Sites, RVs or in Homes**

The San Francisco Human Services Agency (SF-HSA) is seeking qualifications from qualified organizations interested in contracting to provide meal services to the following populations:
- Individuals who have been placed in hotels, congregate sites, and RV sites in San Francisco due to the COVID-19 disaster. SF-HSA anticipates needing three (3) meals per day for up to 4,000 people per day. Individuals will be placed in approximately 22 hotels and up to five congregate sites throughout San Francisco. Each site will have an occupancy limit of 30-450 people.
- Households isolating or quarantining due to the COVID-19 disaster. SF-HSA anticipates needing, on average, 1 grocery unit per week per person in the household, as well as up to 3 meals a day for each household member for up to 4 days a week (during the household's isolation and quarantine period).

Organizations may submit qualifications for one or both components (A, B). HSA encourages proposers to respond to as many components for which they meet the minimum requirements as described in this RFQ. A separate proposal package is required for each component.

**NOTE:** Wage rates shall be in accordance with the requirements of the San Francisco Administrative Code Section 12P (Minimum Compensation) and/or the applicable prevailing wage rate, whichever provides for a higher rate of pay.

**NOTE: The requirements of the San Francisco Administrative Code Section 12Q (Health Care Accountability) shall apply to each and every contract awarded, if any, under this RFQ.**

SF-HSA intends to create a pre-qualified list of organizations that are deemed to have the ability to provide the services required in this RFQ. As-needed consultants, funded on a contract and/or task order basis will be selected to participate in the resulting contract. This is a pre-qualified as-needed consultants will be called upon to perform as-needed, selection of a particular consultant from the pool will be made on an as-needed basis by SF-HSA's discretion. The agreement resulting from this RFQ process does not guarantee that work will be assigned to any selected contractor. HSA reserves the right to engage a consultant for professional services. The selection of any pre-qualified organizations for a contract negotiation shall not imply acceptance by HSA of all terms of the response, which may be subject to further negotiations and approvals.

---

# **Exhibit Y**

# AFFIDAVIT OF PUBLICATION

**In The Matter Of: PG&E BANKRUPTCY NOTICE**

**Advertisement for – PG&E CORPORATION**

This is to certify that the above advertising appeared on page B7

Newspaper name: **SISKIYOU DAILY NEWS**

On (Dates) 04/15/20

Signature
Robert J Ramey

# Governors form compacts to coordinate reopening society

**By Geoff Mulvihill,**
*Associated Press*

Governors in the Northeast and along the West Coast on Monday announced separate state compacts to coordinate one of their biggest challenges in the weeks to come: How to begin reopening society amid the coronavirus pandemic.

The governors, all but one of them Democrats, made separate announcements just hours after President Donald Trump said on Twitter that it was his de-

cision to decide when to "open up the states."

They did not announce specific plans on how to scale back stay-at-home orders or reopen businesses. Instead, both groups said they would coordinate those decisions while first considering the health of residents. New Jersey Gov. Phil Murphy said it could take time.

"The house is still on fire," he said during a conference call with reporters. "We still have to put the fire out, but we do have to begin putting in the pieces of

the puzzle that we know we're going to need ... to make sure this doesn't reignite."

His state is in a coalition with its Northeastern neighbors — Connecticut, Delaware, Massachusetts, New York, Pennsylvania and Rhode Island. Massachusetts, the only one of the states involved with a Republican governor, was announced as a member later in the day Monday.

The governors of California, Oregon and Washington announced similar

plans Monday. While each state is building its own plan, the three West Coast states have agreed to a framework saying they will work together, put their residents' health first and let science guide their decisions.

"COVID-19 has preyed upon our interconnectedness," the three governors said in a statement. "In the coming weeks, the West Coast will flip the script on COVID-19 — with our states acting in close coordination and collaboration to ensure the virus can never spread

wildly in our communities."

Some of the Northeastern states coordinated last month as they ordered businesses to shut down. States also have been sharing medical supplies.

Trump's statement on Twitter earlier in the day also said that he was working closely with governors. It was not immediately clear whether the compacts announced by the Northeast and West Coast states were in reaction to the president's earlier message or had been in the works beforehand.

# California orders insurance premium refunds during outbreak

SACRAMENTO (AP) — California's insurance commissioner on Monday ordered some companies to refund premiums for March and April because of the coronavirus, issuing a broad directive that includes payments made for workers compensation, medical malpractice and private and commercial auto policies.

The order from Ricardo Lara is based on a voter-approved law from 1988 that gives the insurance commissioner authority to approve rates before they go into effect. The law also says no rate will "remain in effect" that is excessive, adequate or unfairly discriminatory.

Insurance companies set rates based on the how much risk is involved, using historical data to make those calculations. But since mid-March, most of California's business sector has come to a halt because of the spread of the coronavirus. Gov. Gavin Newsom, a Democrat, issued a statewide "stay-at-home" order on March 19 that closed schools and non-essential businesses.

Since then, traffic even in San Francisco and Los Angeles has virtually disappeared, elective surgeries have been canceled and more than two million Californians have filed for un-

employment benefits.

A report by the University of California-Davis found that in the week after Newsom's order, traffic collisions dropped by 55% and injuries and deaths from traffic accidents fell 53%.

"Consumers need relief from premiums that no longer reflect their present-day risk of accident or loss," Lara said in statement announcing the order. "Today's mandatory action will put money back in people's pockets when they need it most."

The order covers premiums for March and April, but could be extended if closures continue.

David Sampson, president and CEO of the American Property Casualty Insurance Association, criticized the order and said California should let the private market resolve the situation.

He noted insurers have already announced billions of dollars in premium relief in recent weeks. That includes insurance giant Allstate, which announced last week it would return 15% of premiums in March and April to most customers, amounting to about $600 million, according to a regulatory filing.

"Now is not the time for arbitrary calls for rate decisions,"

Sampson said. "California has the most complex regulatory structure in the nation. The Department should be providing guidance to companies that are trying to implement premium reductions."

Monday's order is one of a number of actions from state regulators aimed at relieving financial pressure on residents and businesses from the coronavirus closures. In California, income taxes, mortgage payments and evictions have been delayed through a combination of government orders and industry agreements.

But insurance premiums are

unique because they are based on risk. In Alaska, the director of the state's Division of Insurance issued a bulletin last month urging insurers to reduce or refund premiums.

Insurance companies have 120 days to comply, and Lara's order gives them several options. They can refund premiums, reduce them or give customers a credit. Refunds can be based based on an estimated change in risk, with amounts based on an average percentage.

# Virus fuels pot industry's push for online sales, delivery

**By Thomas Peipert,**
*Associated Press*

DENVER — Colorado has made online sales of recreational marijuana legal during the coronavirus pandemic, fulfilling one of the pot industry's biggest wishes and facing its argument for more concessions that could be made permanent when the crisis eases.

It's one of several signs emerging from the virus outbreak of just how far ingrained marijuana has become in mainstream life in several states. Dispensaries are being designated "critical businesses" and are allowed to operate through statewide stay-at-home orders. Large markets such as California, Washington state and Oregon are allowing curbside pickup during the crisis.

Now under Colorado's emergency rules, customers can pay for marijuana online and then pick up their purchase at the store.

"We have an opportunity to prove that cannabis businesses can run these operations and do so effectively under extremely dire circumstances," said Morgan Fox, a spokesman for the Denver-based National Cannabis Industry Association.

Massachusetts, Michigan, Illinois and Oregon also allow online recreational marijuana sales. But the practice nonetheless remains severely limited because credit card companies tend to shy away from dealing with a drug

that is still illegal under U.S. law.

Fox said easing restrictions on dispensaries is a step, but he doubts credit card companies will embrace the marijuana industry unless lawmakers provide some cover by passing the Secure and Fair Enforcement (SAFE) Banking Act, which aims to protect financial institutions that serve cannabis-related businesses.

One example is Cannabis Station by Rocky Mountain High, a dispensary housed in an old filling station in downtown Denver. The dispensary has been providing curbside pickup after Gov. Jared Polis' March 20 directive, but it hasn't delved into online sales because it hasn't found a credit card company willing to process the transactions.

The dispensary's manager, Ben Prater, said he believes the state should allow deliveries during the crisis, as well. Home delivery of marijuana, which is already allowed in several states, was not covered by Polis' order.

"We need to be able to have as little contact as possible to people. If people are sick or if they're immunocompromised, they don't need to be leaving their house during this time. So I think that delivery is just kind of a necessity at this point," he said.

Colorado lawmakers last year legalized delivery but left it up to municipalities to decide if they want it. The state law allows for the delivery of medical marijuana this year and recreational cannabis in 2021.

In California, the Bureau of Cannabis Control endorsed a rule in January 2019 that allowed home marijuana deliveries statewide, even into communities that banned commercial pot sales. But even though the state has allowed broad legal marijuana since 2018, it remains unavailable in large areas where local governments have banned commercial activity or have not set up rules to allow sales.

"Delivery and access really need to be made available in every corner of the state," especially during a pandemic, San Francisco-based cannabis attorney Nicole Howell said.

The coronavirus has provided the opportunity, however grim, to make that argument loud and clear — and not just in California.

Rachel Gillette, a Denver-based cannabis attorney and a board member of Colorado's chapter of the National Organization for the Reform of Marijuana Laws, said she and the group have asked local elected officials to draft ordinances or resolutions to allow delivery of medical marijuana. But she acknowledged that could be difficult given the times.

"They may have a lot of other things on their plate than trying to figure out how to facilitate delivery for marijuana businesses," she said, adding that allowing recreational pot delivery before next year would require legislative action.

The Colorado governor's office said in an email there are no

plans to allow businesses to apply for recreational marijuana delivery licenses before 2021, and online sales of recreational marijuana would not be allowed after the executive order expires.

The Marijuana Enforcement Division can't authorize online recreational sales without a

change in state law, but it will continue to evaluate whether the emergency rules should be amended, renewed or repealed, according to the governor's office.

Under state law, emergency rules can only stay in effect for 120 days.

## LEGAL NOTICES

**Continued from B6**

become a permanent part of the record and must be submitted to the Clerk of the Commission. It is advised that the presenter bring 12 copies of anything presented to the Commission and that the presenter create copies in advance for their own records.

If you challenge the CEQA exemption and/or Siskiyou LAFCo's Final Budget for FY 2020-2021 in court, you may be limited to raising only those issues you or someone else raised at the public hearing described in this notice, or in written correspondence delivered to Siskiyou LAFCo at or prior to the public hearing.

Rachel Jereb, Executive Officer
Siskiyou County Local Agency Formation Commission
NEWS#10867 PUB. APRIL 15, 2020



# MADE OF PIXELS, NOT PAPER!

EXACTLY AS IT APPEARS IN PRINT
EASY TO NAVIGATE

## $24.99 E-EDITION SUBSCRIPTION SPECIAL!

# **Exhibit Z**

# *Affidavit of Publication*

*No.*

| | |
|---|---|
| {    Miller Advertising Agency, Inc.<br>220 West 42nd Street, 12th Floor<br>New York, NY 10036<br><br>{ | **AFFIDAVIT OF PUBLICATION OF**<br><br>**ROP PUBLIC NOTICE**<br>"PG&E Corporation"<br><br>**BY TRINITY JOURNAL** |

STATE OF CALIFORNIA
           SS.
COUNTY OF TRINITY

Wayne R. Agner of the said County, being duly sworn, deposes and says:

That he is and at all times herein mentioned was a citizen of the United States, over the age of twenty-one years and that he is not a party to, nor interested in the above entitled matter;

That he is the publisher of The Trinity Journal, a newspaper of general circulation published in the Town of Weaverville, County of Trinity, and which newspaper at all times herein mentioned had and still has a bona fide subscription list of paying subscribers, and which newspaper has been established, printed and published at regular intervals in the said Town of Weaverville, County of Trinity, for a period exceeding one year next preceding the date of publication of the notice hereinafter referred to; and which newspaper is not devoted to nor published for the interests, entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or any number of same; that the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

April 15, 2020

I hereby certify under penalty of perjury that the foregoing is true and correct. Executed at Weaverville, California, on the 15th day of April 2020.

*Wayne R. Agner*
**WAYNE R. AGNER**    cs
Publisher

please See
attachment.

# County operations continue amid shutdown

BY SALLY MORRIS
THE TRINITY JOURNAL

Though it's far from business as usual, Trinity County departments are adapting to office closures, workers signing in from home and various forms of virtual operations to keep county services running while stay-at-home orders remain in place to limit potential spread of the coronavirus.

Several department heads reported on their status during last week's meeting of the Trinity County Board of Supervisors that most attended by teleconference.

Director of Transportation Rick Tippett said construction of the new county jail is progressing well with the second-floor deck about to be installed. Since many of the construction workers come from out of the area, a COVID response plan has been developed in coordination with the Environmental Health and Public Health departments, and workers are subject to a daily health check.

Human Resources Director Shelly Nelson said much of the work performed in her office is usually done face-to-face with job candidates and current employees. Changes have been necessary to handle tasks such as onboarding of new employees, recruiting to fill vacancies and interviewing job candidates all telephonically.

"We don't get to meet face to face, and it's a difficult time we're all working through, but everyone is doing a great job," she said.

Interim Director of Health and Human Services Liz Hamilton said Health and Human Services offices are closed to walk-in traffic, but workers continue to provide services and connect with clients by telephone.

Hamilton said Adult Protective Services and In-home Support Services continue, and efficiencies have been achieved allowing for food stamps to be applied for online. She said California has also reduced the verification process in order to reduce delays.

"We don't want to see an increase in food insecurity. Needs will not go unmet," she said.

Trinity County Sheriff Tim Saxon said three cadets from Trinity County were enrolled in the POST Academy for basic peace officer training and certification before it was temporarily shut down due to the coronavirus. They are now back in Trinity County working in the jail and with patrol deputies "to continue their education informally. We hope soon they will go back to academy, but we don't know when," Saxon said.

The Sheriff's Department has also hired an emergency food service worker laid off by a local restaurant. Saxon said it was done as a precaution because two of the department's food service workers fall into a sensitive group, "and should one become injured or sick, it would jeopardize our jail food services."

The jail food services are also now providing meals for delivery to homebound seniors using government food commodities and delivered by the Trinity County Food Bank four days a week.

"We continue to monitor health inside the jail. So far, so good on that, knock on wood, and we monitor the health of our staff as well," Saxon said.

Chief Probation Officer Tim Rogers said parole officers are equipped with personal protective equipment and continue to supervise high-risk individuals living in the community.

"We are doing a lot more by phone, as allowable, but face-to-face as much as possible for continuity with our clients," he said.

Noting that the department was about to receive an inmate from the California Department of Corrections and Rehabilitation for post-release community supervision, Rogers said "we are trying to ensure that any released from CDCR are not testing positive for the coronavirus, but they view that as a one-way street unfortunately. We have reached out to CDCR to get testing before someone is sent here, but no, they are not able to do that. They can only say they show no symptoms."

Sheriff Saxon said county sheriffs have been told that individuals due to be released have already been quarantined 14 to 20 days away from the general inmate population prior to release.

County Administrative Officer Richard Kuhns thanked the public for its cooperation, saying "all we can do is take away people's rights right now to keep them safe, but we don't have a game plan for this. We're making decisions to err on the side of caution to protect the public. I'm sure we'll be questioned later, but if we can keep the number of cases here low or zero, that is why. Everything is on the table right now. We're making decisions as quickly as we can and implementing them."

Sup. Bobbi Chadwick thanked all the department heads "for throwing out the box in the midst of all this. You are doing an excellent job."

# Economic task force forming to help businesses

BY SALLY MORRIS
THE TRINITY JOURNAL

County CAO Richard Kuhns

A proposal is in the works to form a Trinity County Economic Development Response Team comprised of local business owners, economic development professionals, stakeholders and funders to assist businesses impacted by closures and lost revenue in response to the coronavirus pandemic.

Trinity County Administrative Officer Richard Kuhns said that while the current situation is first and foremost a health emergency, it is an economic crisis, too. The federal and state governments have issued many new funding opportunities for small businesses, and the goal of the local task force will be to help streamline processes for local businesses to access available resources.

The proposed economic task force still requires authorization by the Trinity County Board of Supervisors due to consider it at its April 21 meeting. It would be led by the county grants coordinator Suzi Kochems and include participation by local business people, nonprofit groups, a member of the Board of Supervisors and the Superior California Economic Development Council.

The main goals of the task force would be to research funding that can be used in Trinity County immediately; work on getting information out to businesses in need of assistance; and assist them through the application process for available funding.

"We are looking at what we can do at the county level to assist and a lot of people are willing to jump in," Kuhns said.

# HRN still available to help

These are difficult times for many of us. Human Response Network is here to help. HRN is still providing services to domestic violence and sexual assault survivors while Trinity County shelters in place. To access services, survivors need to call the 24-Hour Crisis Line at 623-HELP. HRN is continuing to provide counseling, responding to the ER, and assisting with restraining orders.

For all other services, the HRN Weaverville office will be open for phone calls from 10 a.m. to noon until further notice. Call 623-2024 during these hours to speak with a staff person or any time to leave a message and receive a return call.

At this time, Alps View Preschool, Lewiston Preschool, Weaverville Youth Center, and Hayfork Youth Center are closed. Preschools and youth centers will reopen when the schools reopen.

For the most up to date information, follow HRN's Facebook page at www.facebook.com/HumanResponseNetwork/ and on Instagram @hrntrinity.

Human Response Network is a nonprofit community-based organization that serves Trinity County. HRN provides many services, including parenting programs, child care resources, and support for sexual assault and domestic violence victims. To find out more, contact Human Response Network at 623-2024 or 1-800-358-5251, or visit www.humanresponsenetwork.org.

For 24-hour assistance with domestic violence and sexual assault situations, call the crisis line at 623-HELP.

# Douglas City School child meal service

Douglas City Elementary School will be providing breakfast and lunch meals for any children under the age of 18, whether a student at Douglas City School or otherwise, from 9:30 to 11 a.m. every Monday. Service will be drive-through or walk-up in front of the Douglas City School gym; five breakfast and lunch meals will be handed out each Monday to last the week.

If driving, please stay in vehicle. If driving is not an option, walk-up service will be available with 6 feet of distance required between individuals; no on-campus eating of meals or staying to visit with others will be allowed at this time.

Meal service will continue every Monday during the school closure or until summer break. School officials ask that families interested in the meal service contact Alison at asmith@tcoek12.org or call and leave a short message which includes how many children you anticipate needing meals to help the school plan for quantities.

# Treasury, IRS launch new tool to help non-filers register for Economic Impact Payments

To help millions of people, the Treasury Department and the Internal Revenue Service have launched a new web tool allowing quick registration for Economic Impact Payments for those who don't normally file a tax return.

The non-filer tool, developed in partnership between the IRS and the Free File Alliance, provides a free option designed for people who don't have a return filing obligation, including those with too little income to file. The feature is available only on IRS.gov, and users should look for Non-filers: Enter Payment Info Here to take them directly to the tool.

"People who don't have a return filing obligation can use this tool to give us basic information so they can receive their Economic Impact Payments as soon as possible," said IRS Commissioner Chuck Rettig. "The IRS and Free File Alliance have been working around the clock to deliver this new tool to help people."

The IRS reminds taxpayers that Economic Impact Payments will be distributed automatically to most people starting this week. Eligible taxpayers who filed tax returns for 2019 or 2018 will receive the payments automatically. Automatic payments will also go in the near future to those receiving Social Security retirement or disability benefits and Railroad Retirement benefits.

Adventure, Trinity County-style!
Last call Don't miss out
Get your business listed in our upcoming Recreation Guide!
be included → Call The Trinity Journal
623-2055 by 5 p.m. Friday, April 17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases.** **CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: March 18, 2020

# **Exhibit AA**

**PROOF OF PUBLICATION**

(2015.5 C.C.P.)

**STATE OF CALIFORNIA**

County of Humboldt

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter, I am the editor and publisher of THE FERNDALE ENTERPRISE, a newspaper of general circulation, printed and published weekly in the City of Ferndale, County of Humboldt, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Humboldt, State of California, under the date of June 27, 1952, Consolidated Case Number 26961, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

4/16

all in the year 19 ___ 2020

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Ferndale, California,

this ___ day of ___ 17 ___ 19 2020

_____
Signature

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re: | Chapter 11 |
|---|---|
| PG&E CORPORATION, | Case No. 19-30088 (DM) |
| - and - | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

Page 2073 of 3

## PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA
County of Humboldt

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter. I am the editor and publisher of THE FERNDALE ENTERPRISE, a newspaper of general circulation, printed and published weekly in the City of Ferndale, County of Humboldt, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Humboldt, State of California, under the date of June 27, 1952, Consolidated Case Number 26961, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

_____ 4/16 _____

all in the year 19 2020

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Ferndale, California,

this _____ 4 _____ day of _____ 17 2020 _____

_____ Signature

Proof of P...

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided*, that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at

844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on May 27, 2020 at 10:00 a.m. (Pacific Time), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency,* General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:
   (a) Be in writing;
   (b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;
   (c) State with particularity the basis and nature of any objection with respect to the Plan;
   (d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
   (e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the official committee of unsecured creditors, Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP,



## PROOF OF PUBLICATION

(2015.5 C.C.P.)

STATE OF CALIFORNIA

County of Humboldt

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter, I am the editor and publisher of THE FERNDALE ENTERPRISE, a newspaper of general circulation, printed and published weekly in the City of Ferndale, County of Humboldt, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Humboldt, State of California, under the date of June 27, 1952, Consolidated Case Number 26961, that the notice, of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit;

4/16/20

all in the year 19 20

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at Ferndale, California,

this 4 day of 17 2020

_Signature_

---

1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025–0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: If by e-mail to: pgeinfo@primeclerk.com; If by standard, overnight, or hand delivery: PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Dated: March 18, 2020

---



# From the Back Pew
### By Wendy Lestina

Before I was five, and started school, I lived with my widowed mother and my aunt and uncle in the same house where I now live with my husband.

My mother worked as a nurse in the doctors' office and my uncle edited this newspaper.

They went to work from 8 a.m. to 5:30 p.m., Monday through Friday and from 8:30 a.m. to 12:30 p.m. on Saturdays—those were the years before the five-day week when merchants and business worked a half-day on Saturday.

During those years, my aunt and I spent the days alone. It wasn't just because she didn't have a car (she didn't), it was because of the fear of polio. The polio viruses (there were discovered to be three strains of them) weren't discovered until 1949, 11 years after the March of Dimes was established to raise the funds for research. Vaccine trials did not begin until 1954; in 1952, a surge killed nearly 58,000 people. Polio struck young adults and children, and Ferndale was not spared. Many local families were touched by death; survivors—I think of Larry Pries and Donna Laloli—often carried lifelong effects of crippling and paralysis.

Here in the Eel River Valley, the immediate horrors of the current pandemic come to us secondhand. We see it on television, hear of someone's sister who recovered, someone's brother-in-law. We wonder about the spate of passings we had last winter, was that a first wave? Will we escape a second or third? We didn't dodge the bullet in 1919; will we be lucky this time around?

But mostly, we navigate through these days, each a little less strange than the one before, calling an old friend in Seattle, chopping wood, writing a letter.

For 30 years, I've mumbled about sourdough starter. Once or twice, I read the perfectionists' directions. When it came to feedings and changings, I lost interest. Now, I have a pickle crock filled with a perfectly balanced yeast and acid culture and I carry it from the den to the kitchen to nourish it with spring water before re-sealing it and covering it with a red blanket from Delta Airlines.

"Are you still here?" John called from another room, just before I left for the office.

(The office is one only, the door is locked, and I don't stop anywhere in-between. I wipe everything off inside and out with Clorox wipes, which I overbought two years ago at Costco and was too lazy to return. If I should be infected, it will be from an attack of my own cooties, to use the medical term.)

"Yes," I said. "I was feeding the starter"

My aunt's stories about her life—oh, how grateful I am to the child I was that I listened—were often about the Great Depression, an event that happened in the far, far olden days 12 years before I was born. (As both my aunt and uncle were born in 1900, their lives closely paralleled the history of the ensuing decades: he went off to World War I when he was 17, they survived the Spanish flu, they were married and danced the Charleston and drank illegal hooch.)

The central theme of my aunt's Depression stories never changed. "Those were the happiest years of our lives," she said. "We had nothing, but no one else did either. We were all young and happy, the Great War was behind us, we had wonderful parties and picnics at our little houses or out at Capetown and Bear River.

"No one had any money. The Browns [Joe was a doctor; his son, Michael, was to be a long-time Humboldt County judge] didn't even have a table. When the party was at their house, the bar was set up on the ironing board.

"We moved to Ferndale the year Prohibition ended, so everyone was showing off. Of course, we'd always had liquor during the '20s, it was easy to get, but in the '30s, we'd cook with it, have flaming desserts. Gert Clausen made a martini stew. You kids probably wouldn't like it, but we thought it was neat uptown."

Mother Pewsitter told different stories on the same theme about her life in Ferndale during World War II. She was careful to acknowledge the tragedy that was befalling individual families—and, eventually, ours—but she missed the sense of community, the warmth of the shared experiences.

"People would trade gas coupons we didn't need for sugar that we did. Everyone visited in the stores, at the Post Office"—some things never change—"and since mail was delivered twice a day, there were two walks down Main Street to look forward to. People looked after each other."

I'm hearing, too, Tony Leonardo, talking about the 1964 flood in the movie we made in 2004. "People were wonderful. People who didn't get affected by the flood, they were great, they couldn't do enough to help you. Everybody lost everything they had. Everybody was equal."

We're experiencing this. People drive down the lane and leave packages on the porch: Portuguese sweet rolls, bags of lettuce, honey, hand-made face masks, and books. We reciprocate with cinnamon rolls, fabric and disinfectant wipes.

Most of all—because there is disappearing money or, if there is money, it is unseemly to display it—and because we are required to curtail our lives to a solitary dwelling, we have been slapped silly by circumstance.

*Wake up, pay attention, you've spent the last 50 years running around like a chicken with its head cut off. Was it worth it? Was it fun?*

Yesterday, I said, out loud: "If people weren't suffering and dying and losing their jobs and their businesses, if it were only this quiet and calm, if we had all this time, these would be the best days of our lives."

And John said, "I thought they always have been." They were. I just didn't know it.

---

## ECONOMY
*(Continued from page 1)*

get tested, that there are rapid rapid tests as well and that all businesses, once they reopen, know how to carry out the safety practices that are going to protect their employees and their customers," said Leila Roberts, director of the North Coast Small Business Development Center.

She recommended that business owners who are uncertain about safety practices and how and when to reopen call the county's business services hotline at 268-2527.

Gregg Foster, executive director of the Redwood Region Economic Development Commission (RREDC) and a Ferndale resident, said his agency has a business loan program to tide businesses over while they wait out the SBA process.

He said RREDC has issued about $300,000 in loans to its existing customers over the last one-and-a-half weeks. With additional funding from the Humboldt Area Foundation and the county's Headwaters Fund, and support from the City of Fortuna, the loan program has expanded.

Starting this week, RREDC will generally offer loans of up to $25,000 at 2.5 percent interest with a six-month deferral.

Federal relief funding of $350 billion is available through the Paycheck Protection Program (PPP) but distribution won't be nimble.

"It is going to take some time for that SBA money to come through and apparently it's taken some time to even process applications," said Huffman.

Foster noted that the PPP essentially offers loan guarantees, so administration is done through local lenders. Not all local banks and credit unions were SBA-affiliated lenders when the application process was opened on April 3.

Those that were eligible to take applications weren't prepped for it. "There wasn't a whole lot of direction to the banks and credit unions on how to do that and they weren't even staffed-up for this huge onrush," Foster continued.

Huffman said that local lenders like Coast Central Credit Union and Redwood Capital Bank who were originally not eligible to administrate SBA loans now are.

He added that several of the region's small businesses, including the *North Coast Journal* news weekly, have gotten relief money and additional federal funding bills will soon be approved.

Also on the forum's panel was Humboldt County Health Officer Teresa Frankovich. One questioner noted that the county had seen a string of days without new COVID-19 cases but Frankovich was non-committal on naming a date when business activity can resume.

"The virus hasn't disappeared, we've just made it harder to transmit it by having people at home," she said. "So really, any move to ease the shelter in place order has to be done with a lot of solid and informed planning."

It will be done gradually. "Initial changes will be smaller and will be expanded when we see what happens once those are put in place," Frankovich said.

Huffman said health professionals will make the calls on "when we can begin transitioning to a gradual, semi-normal state."

He added, "We're nowhere close to having the kind of ubiquitous, rapid testing that we need to feel comfortable going there – yet."

Noting Governor Gavin Newsom's pledge to deliver "huge new resources" for COVID-19 testing and response by the end of the month, Huffman described protective gear for health care workers as another prerequisite for economic re-openings.

"It's frustrating that we still don't have a national strategy and a top-down, well-led effort to provide all of these essential supplies," he said. "We will need to get that ironed out in the weeks and months ahead."

---

## SCHOOL
*(Continued from page 1)*

things don't change, but it would be harder to get students back into school if we closed it for the year, and then asked them to come back."

District superintendent and high school principal Beth Anderson said whatever decision the board made that night, it wouldn't change what the district and its staff is already doing.

"I think in my heart, it's probably reality that we're not going to open up this year," she said. "We're only going to open if the state and county say it's ok. Whatever the decision is made by the board . . . we're still going to be providing distance learning, providing food, counseling, services, etc, to students and supporting teachers as best we can."

Trustee Jerry Hansen leaned toward closing the schools through the end of the school year.

"Personally, I think we should opt way to the safe side of this issue," he said. "The longer we go, even after we don't have to shelter in place, it just gives the bug a little bit longer to go away. It takes 24 hours to call a special board meeting and we can have school the next day."

Hansen said it seemed like the teachers were doing "a helluva job."

Trustee Danella Barnes-Berman said she preferred waiting until the board's May 13 board meeting to "see how things play out.

"Of course, we'd not bring anyone back until we are cleared to do that, but if we get one week to send kids away, to send them off so they have closure and we have closure with them, I'd love to be able to do that," she said.

Trustee Corrie Pedrotti is a teacher in Fortuna.

"When they said, 'we're calling it and doing mandatory distance learning through June,' for 24 hours I felt devastated inside," she said, adding that eventually she "shifted her thinking to more long term and it helped me personally shift gears and my students shift gears.

"I do like the idea of being able to revisit the issue and holding out some hope for sure," she said.

"We ought to do whatever the district and government tells us to do," said trustee Cory Nunes. "If they tell us to keep it closed, we keep it closed until they tell us otherwise."

District business manager Denise Grinsell reassured trustees that distance learning will not affect the district's revenue.

"Whatever decision is made, it won't help or hinder us either way financially," she said. "We're still looking to make the best choice for students, but it doesn't have to be driven by financials. The governor has already taken care of that component."

Anderson added that a big component of the educational system is the mental health of students.

"Giving false hope is not the best thing, but at the same time, some of our kids have fragile mental health and stability. Having hope has some value," she said.

Nunes made a motion to keep the schools closed until May 15 unless the county's shelter in place is lifted and to revisit the issue on May 13.

The motion passed unanimously.

---

## Legal Notices

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
    - and -
PACIFIC GAS AND ELECTRIC COMPANY,
                    Debtors.

Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION SCHEDULE PROCEDURES; AND (V) OTHER RELATED RELIEF

[remaining legal notice text continues in dense columns, including voting class tables and confirmation procedures]

844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgandeb@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

# Exhibit BB

# **PROOF OF PUBLICATION**

**Modoc County Record**
P.O. Box 531
Alturas, CA 96101
(530) 233-2632

State of California
County of Modoc

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years; I am not a party to or interested in the notice published.

I am the publisher of the **Modoc County Record,** a newspaper of general circulation, printed and published weekly in the City of Alturas, County of Modoc.

The **Modoc County Record** has been adjudged a newspaper of general circulation by the Superior Court of the County of Modoc, State of California, under the date of July 30, 1958, Case Number 6356.

The notice of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

## **April 16th,**

All in the year 2020.

I certify (or declare) under the penalty of perjury that the following is true and correct:

Dated in Alturas, California this

**16th** day of **April,** 2020.

_Jane Nellonsay_

## **Page 1 of 2**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,     Chapter 11
  - and -     Case No. 19-30088 (DM)
PACIFIC GAS AND ELECTRIC COMPANY,    (Lead Case)
    Debtors.     (Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER RELATED VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE THAT:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
| --- | --- | --- |
| Class | Designation | Impairment |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-III | Utility Impaired Senior Note Claims | Impaired |
| Class 5B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
| --- | --- | --- |
| Class | Designation | Impairment |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-II | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim have been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided*, that the deadline for any party in interest with appropriate standing to file and serve an Objection to a Claim for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan, then by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however, that*, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, if no Ballot is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk,

LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing.** Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Honorable Dennis Montali, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed.** Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1—866—582—6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* [N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (james.l.snyder@usdoj.gov) and Timothy S.Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)), and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Khalil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com)) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases.** Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired **lease to be** rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to**: pgeinfo@ primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Dated: March 18,2020

Published in the Modoc County Record on April 16, 2020

MODOC COUNTY RECORD

# LEGAL NOTICES

### FICTITIOUS BUSINESS NAME STATEMENT

File No. **2020-16**
Exp: March 22, 2025
**Original Filing**

The following person (persons) is (are) doing business as: **Likely Place Grill**, 1255 Likely Place, Likely, CA 96116. Mailing address: PO Box 12, Likely, CA 96116. Phone (310) 279-3146.

Registered Owner(s): **(1) Michael R. Allen**, 1255 Likely Place, Likely, CA 96116. Phone (310) 279-1346. **(2) Stephanie A. Allen**, 1255 Likely Place, Likely, CA 96116. Phone (661) 619-3075.

This business is conducted by: **Copartners**.

The registrant commenced to transact business under the fictitious business name or names listed above on **March 23, 2020**.

I declare that all information in this statement is true and correct (a registrant who declares as true information which he or she knows to be false is guilty of a crime).

**/s/ Michael R. Allen**, Owner.

This statement was filed with the **County Clerk of Modoc County** on **March 23, 2020**.

Published in the *Modoc County Record* on March 26, April 2, 9 and 16, 2020.

### LEGAL NOTICE

**MCTC Regular Meeting**

The Modoc County Transportation Commission (MCTC) will convene their **regular meeting at 1:30 p.m., or soon thereafter, Tuesday 04/21/20 by teleconference – call (712) 451-0647 passcode 113785.** The MCTC will consider the following items: approval of the 02/12/20 meeting minutes, financial transactions and expenditure reports through 02/29/20. At 1:30 p.m. or soon thereafter, the MCTC will conduct a **Public Hearing** to consider Unmet Transit Needs and to consider adopting Resolution 20-02 defining an Unmet Transit Need and Needs Reasonable to Meet in accordance with the Transportation Development Act. The MCTC will also consider approving or adopting the following items: Resolution 20-03 Local Transportation Fund and State Transit Assistance allocation instructions; Local Transportation Fund and State Transit Assistance Fund allocation instructions; final Fiscal Year 2020/21 Overall Work Plan; the Fiscal Year 2020/21 budget; and Resolution 20-04 2019 Regional Transportation Plan Amendment #1. Caltrans, Alturas Public Works Department, Modoc County Road Dept. and MCTC will also provide agency updates to the Commission. Agenda and staff reports available at MCTC offices, 108 S. Main Street in Alturas, or via MCTC's website at modoctransportation.com. Contact MCTC staff at (530) 233-6410 with questions or comments.

**/s/ Debbie Pedersen**
Executive Director

Published in the *Modoc County Record* on April 16, 2020.

### LEGAL NOTICE

**Notice of Regular Meeting**

The Modoc Transportation Agency (MTA) will conduct a **regular meeting** on Tuesday, **04/21/20**, following the Modoc County Transportation Commission (MCTC) meeting, at about 2:00 p.m., by **teleconference – call (712) 451-0647 passcode 113785.** MTA will consider approving the following items: the 02/12/20 MTA regular meeting minutes, financial transactions, year to date expenditures through 02/29/20, and receive information on the system operations and statistics. The MTA will also consider approving or adopting the following: Resolution 20-01 Fiscal Year 2020/21 Budget and the 2020 Title VI Plan update. Agenda and staff reports are available at MTA offices, 108 S. Main Street in Alturas or via the internet at sagestage.com. Contact MTA staff at (530) 233-6410 with questions or comments.

**/s/ Debbie Pedersen**
Executive Director

Published in the *Modoc County Record* on April 16, 2020.

### COUNTY OF LASSEN

### REQUEST FOR PROPOSAL FOR PROPERTY APPRAISAL AND ACQUISITION SERVICES

The Lassen County Department of Public Works is now accepting proposals for professional services for providing appraisal and acquisition support services of real property required for right of way for the proposed Beaver Creek Bridge 7C-82 replacement project and the Muddy Slough No. 1 Bridge 7C-88 and Muddy Slough No. 2 Bridge 7C-89 replacement project which are both located in the northern portion of Lassen County near the town of Bieber, California.

This work is subject to State contract nondiscrimination and compliance requirements pursuant to Government Code, Section 12990.

Lassen County has a 0.0% goal for Disadvantaged Business Enterprise (DBE) participation for the scope of work to be completed under this RFP. Proposers are however encouraged to obtain DBE participation for this contract.

Proposal information and RFP packages can be obtained from the Lassen County Public Works Department, 707 Nevada Street, Suite 4, Susanville, CA 96130, or call (530) 251-8288.

Proposals must be submitted to the Lassen County Public Works Department at 707 Nevada Street, Suite 4, Susanville, CA 96130 by 4:00 P.M., May 14, 2020 at which time they will be opened and referred to the evaluating committee.

The County of Lassen reserves the right to reject any or all proposals.

For the County of Lassen

**/s/ Larry D. Millar**
Larry Millar, Director

Published in the *Modoc County Record* on April 16 and 23, 2020.

### FICTITIOUS BUSINESS NAME STATEMENT

File No. **2020F037**
**First Filing**

The following person (persons) is (are) doing business as: **Weenie Wagon**, 1700 Sunkist Ave., Susanville, CA 96130. Mailing Address: 420 Pardee Ave., Susanville, CA 96130.

Registered Owner(s): **(1) Katica Bryant**, 420 Pardee Ave., Susanville, CA 96130. Phone (530) 310-7695.

This business is conducted by: **An Individual**.

The registrant commenced

**Legals continued on pgs 15 & 16**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>**- and -**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.** | Chapter 11<br>Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

**PLEASE TAKE NOTICE** that:

1. **Approval of Disclosure Statement**. By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2. **The Voting Classes and Record Date**. Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline**. Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**. Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a "**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution. Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1–866–582–6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone. The procedures for filing responses and objections to confirmation of the Plan are set forth below. The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket. The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**. Responses and objections to confirmation of the Plan must:

(a) Be in writing;

(b) State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c) State with particularity the basis and nature of any objection with respect to the Plan;

(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"): (i) Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102; (ii) The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.); (iii) The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com)); (iv) The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov)); (v) The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com)); (vi) The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com)); (vii) The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com)); (viii) The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com)); (ix) The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas, Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com )); (x) The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com)); (xi) The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and (xii) The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

9. **Plan Releases.** CLAIM AND INTEREST HOLDERS SHOULD CAREFULLY REVIEW THE PLAN IN ITS ENTIRETY, INCLUDING THE INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS SET FORTH THEREIN, AS IT MAY AFFECT THEIR RIGHTS.

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory **contracts** and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below: **If by e-mail to:** pgeinfo@primeclerk.com; **If by standard, overnight, or hand delivery:** PG&E Information, c/o Prime Clerk, LLC 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

Published in the *Modoc County Record* on April 16, 2020

### DEPARTMENT OF PUBLIC WORKS

### NOTICE TO BIDDER

### SEALED PROPOSALS FOR CENTER ROAD, CR 215 REHAB HOT MIX ASPHALT OVERLAY PROJECT, LASSEN COUNTY

Will be received at the Office of the Director of Administrative Services, Lassen County, 221 South Roop Street, Susanville, California 96130, until 4:00 pm on April 30, 2020, at which time they will be publicly opened and read in the Office of the Director of Administrative Services at the above address.

**General Work Description:**

CONTRACTOR shall, at its sole cost and expense, furnish all facilities, equipment, and other materials necessary for the pulverization of the existing asphalt concrete surfacing and installation of a 3" asphalt concrete overlay on a 4 mile section of Center Road, CR 215, including shoulders and traffic striping, to be constructed to widths and lengths, and at the locations as shown on the construction plans.

Bids are required for the entire work described herein.

At the time this contract is awarded, the Contractor shall possess either a Class A license or a combination of Class C licenses which constitutes a majority of the work.

Complete the work within 20 Working Days.

The estimate cost of the project is $2,600,000.

Inquiries or questions based on alleged patent ambiguity of the plans, specifications or estimate must be communicated as a bidder inquiry prior to bid opening. Any such inquiries or questions, submitted after bid opening, will not be treated as a bid protest.

The Department will consider bidder inquiries only when made in writing and shall be submitted to Lassen County Public Works by either E-mail or Fax:

E-mail: dernaga@co.lassen.ca.us
FAX Number: (530) 251-2674

This contract is subject to the provisions of Section 22300 of the California Public Contract Code, which provides for the substitution of securities for any monies withheld by a public agency to ensure performance under a contract. The bidder's attention is directed to said Section 22300 ofthe Public Contract Code for the specific requirements and provisions for such substitutions of securities if requested by the Contractor.

This contract is subject to state contract nondiscrimination and compliance requirements pursuant to Government Code, Section 12990.

Bid Book with special provisions, and proposal forms for bidding this project may be seen and obtained at the Office ofthe Department of Public Works of Lassen County, 707 Nevada Street, Suite 4, Susanville, CA 96130, telephone (530) 251-8288, Fax (530) 251-2675, and may be purchased at the following non-refundable prices:

**Plans: No Fee   Specifications: $40.00   Mailing Fee: $10.00**

**The successful bidder shall furnish a payment bond and a performance bond equal to one hundred percent (100%) of the contract price.**

Standard Specifications 2018 and Standard Plans 2018 are available through the State of California, Department of Transportation, Publications Unit, 1900 Royal Oaks Drive, Sacramento, CA 95815, Telephone No. (916) 445-3520.

Pursuant to Section 1773 of the Labor Code the general prevailing wage rates in the county in which the work is to be done have been determined by the Director of the California Department of Industrial Relations. These wage rates are predetermined and set forth in the serially numbered books issued for bidding purposes entitled, "County of Lassen, Department of Public Works, State of California, Notice to Contractor's, Proposal and Contract - Special Provisions for Center Road, CR 215 Rehab SB-1 Hot Mix Asphalt Overlay Project, Lassen County" and in copies of said book that may be examined at the offices described above where project, special provisions and proposal forms may be seen or are available from the California Department ofIndustrial Relations' Internet web site at http://www.dir.ca.gov .. Addenda to modify wage rates, if necessary, will be issued to holders ofthe above referenced books. Future effective general prevailing wage rates, which have been predetermined, and are on file with the California Department of Industrial Relations, are referenced but not printed in the general prevailing wage rates.

The Contractor shall also furnish Certificates of Insurance, with the County of Lassen named as additional insured, in amounts and coverage as specified in the Specifications.

Inquiries or questions based on alleged patent ambiguity of the plans, specifications or estimate must be communicated as a bidder inquiry prior to bid opening. Any such inquiries or questions, submitted after bid opening, will not be treated as a bid protest.

The County of Lassen hereby notifies all bidders that it will affirmatively insure that in any contract entered into pursuant to this advertisement, disadvantaged business enterprises will be afforded full opportunity to submit bids in response to this invitation and will not be discriminated against on the grounds ofrace, color, sex or national origin in consideration for an award.

The County of Lassen may waive any informalities or minor defects or reject any and all bids. Any bid may be withdrawn prior to the above scheduled time for the opening of bids or authorized postponement thereof. Any bid received after the time and date specified shall not be considered. No bidder may withdraw a bid within sixty (60) days after the actual date of the opening thereof. Should there be reasons why the contract cannot be awarded within the specified period, the time may be extended by mutual agreement between the County and the bidder.

Board of Supervisors
County of Lassen
State of California

By: /s/ Larry Millar
Director of Transportation

Published in the *Modoc County Record* on April 16 and 23, 2020.

Case: 19-30088 Doc# 6935-1 Filed: 04/24/20 Entered: 04/24/20 15:50:29 Page 50 of 54

# Exhibit CC

# Affidavit of Publication

## STATE OF CALIFORNIA, COUNTY OF DEL NORTE

I, Jessica Vallejo, a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years, and not a party to or interested in the above-entitled matter. I am the principal clerk of the printer of

## Del Norte Triplicate

A weekly newspaper of general circulation, printed and published in the City of Crescent City, County of Del Norte, and which newspaper has been adjudged a newspaper of general circulation by the Superior Court of the County of Del Norte, State of California, under the date of March 21, 1952, case number 7594; that the notice of which the annexed is a printed copy (set in type not smaller than nonpareil), has been published and not in any supplement thereof on the following dates, to-wit

**Account Name:** **PG&E Corporation**
**Legal Description:** **Legal Notice**
Ad #281223
Published: 4/17/20

I certify (or declare) under penalty of perjury that the foregoing is true and correct. Dated at Crescent City, California, this 17 day of April 2020

_____
*Signature*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

1. **Approval of Disclosure Statement.** By Order, dated March 17, 2020 [Docket No. 6340] (the "Disclosure Statement and Solicitation Procedures Order"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement") for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as having adequate information as provided under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan. The Plan is annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable. The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "Scheduling Order").

2. **The Voting Classes and Record Date.** Only parties that hold Claims against, or interests in, the Debtors in the following Classes as of March 3, 2020 (the "Record Date") are entitled to vote to accept or reject the Plan (collectively, the "Voting Classes"):

**The Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 38-I | Utility Impaired Senior Note Claims | Impaired |
| Class 38-II | Utility Short-Term Senior Note Claims | Impaired |
| Class 38-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3. **The Voting Deadline.** Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk" or the "Solicitation Agent"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "Voting Deadline") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot. Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4. **The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan.** Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "Non-Voting Classes"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot. Such holders will instead receive a Notice of Non-Voting Status.

**The Non-Voting Classes**

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 38-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 38-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | Utility Environmental Claims | Unimpaired |
| Class 8B | Utility Intercompany Claims | Unimpaired |
| Class 9B | Utility Subordinated Debt Claims | Unimpaired |
| Class 10B | Utility Preferred Interests | Unimpaired |
| Class 11B | Utility Common Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Confirmation of the Plan.** Responses and objections to confirmation of the Plan must:

(a) Be in writing;
(b) State the name and address of the objecting party and the amount and nature of the Claim or interest of such party;
(c) State with particularity the basis and nature of any objection with respect to the Plan;
(d) Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the Order Establishing Procedures for Disclosure Statement and Confirmation Hearing (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and
(e) Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "Objection Deadline")...

[Additional detailed paragraphs continue regarding the Confirmation Hearing, Rule 3018 Motions, Releases, Executory Contracts, and Additional Information.]

9. **Plan Releases; Claim and Interest Holders Should Carefully Review the Plan in its Entirety, Including the Injunction, Exculpation, and Release Provisions Set Forth Therein, As It May Affect Their Rights.**

10. **Executory Contracts and Unexpired Leases.**

11. **Additional Information.** Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.cand.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below:

If by standard, overnight, or hand delivery: PG&E Information, c/o Prime Clerk, LLC, 60 East 42nd Street, Suite 1440, New York, NY 10165.

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

# *Wild Rivers Coast* CLASSIFIEDS

**PLACING A CLASSIFIED AD IS EASY AND FAST**

To place an ad call:
**541-813-1717**
**707-460-6727**
Mon.-Fri. 8:30 a.m.-5 p.m.

To place an ad online:
**www.CurryPilot.com**
**www.Triplicate.com**
Anytime

Visit us at:
**15957 US Hwy 101.**, Harbor, OR
**501 H. St.**, Crescent City, CA
Mon.-Fri. 8:30 a.m.-5 p.m.

## 999 Public Notices

**City of Crescent City Summary of Ordinance No. 817**

NOTICE IS HEREBY GIVEN that on Monday, April 6, 2020, the City Council of the City of Crescent City adopted Ordinance No. 817, Amending Sections of the Crescent City Municipal Code Relating to the Regulation of Mobile Vendors and Sidewalk Vendors. The ordinance establishes requirements for permits and regulations for both mobile vendors and sidewalk vendors. "Mobile vendor" includes all persons or businesses that sell food, goods, crafts and other merchandise, except used merchandise, and that rent recreational equipment, from a stand that is intended to be temporary, or is capable of being moved from one location to another, specifically excluding sidewalk vendors. "Sidewalk vendor" means a person who sells food or merchandise from a pushcart, stand, display, pedal-driven cart, wagon, showcase, rack, or other nonmotorized conveyance, or from one's person, upon a public sidewalk or other pedestrian path. Mobile vending will be allowed in all zones on private property and on public streets and parking lots. Mobile vending on private residential property will require a use permit. Both mobile vendors and sidewalk vendors will be required to get an over-the-counter permit to operate. A copy of the full ordinance is available on the City's website at www.crescentcity.org. Please call Robin Patch, City Clerk, for more information at (707) 464-7483. The ordinance was adopted by the following polled vote:

AYES: Mayor Inscore, Mayor Pro Tem Kime, Council Members Greenough and Wright
NOES: None
ABSENT: Council Member Fallman

This notice shall be published within 15 days of the date of adoption.
/s/
Robin Patch, City Clerk
The Del Norte Triplicate
(ID:281269)

---

**City of Crescent City Summary of Ordinance No. 820**

NOTICE IS HEREBY GIVEN that on Monday, April 6, 2020, the City Council of the City of Crescent City adopted Ordinance No. 820, Amending Chapter 17.95, Commercial Cannabis Regulations, and Amending Chapter 17.20, C-1 Downtown Business District, Chapter 17.22, C-2 General Commercial District, Chapter 17.23, CW Waterfront Commercial District, Chapter 17.24, HS Highway Service District, and Chapter 17.93, Standards for Marijuana, of Title 17, Zoning, of the Crescent City Municipal Code. The ordinance allows for the operation of and establishes regulations for specific commercial cannabis uses, including storefront retail, nonstorefront retail (delivery), indoor cultivation, non-volatile manufacturing, processing, distribution, microbusiness, and testing laboratories. Commercial cannabis uses will be allowed by use permit in the following zoning districts: General Commercial (C-2), Commercial Waterfront (CW), and Highway Services (HS). The following commercial cannabis uses are prohibited: onsite consumption, outdoor cultivation, volatile manufacturing, and mobile or drive-thru sales. Commercial cannabis retail facilities may not be located within a 600-foot radius from the perimeter of a public or private school providing instruction in kindergarten or grades 1 through 12 ("K-12 school") or a day care center (not including family child care homes). The distance is measured as the horizontal distance between the two property lines. No setbacks from the Del Norte County Fairgrounds parcel is required. On a case-by-case basis, an exception to the setback requirement may be granted if the applicant can show that there is 600 feet between the uses although not the parcel boundaries, there is sufficient buffering or development between the uses to minimize potential harmful impacts to minors, and that the location and design of the use is not likely to cause harmful impacts to minors. The Ordinance also regulates signage, advertising, marketing and distributing to minors, health and safety of facility, odors, disposition of waste, discharge of effluent, security measures, mandatory notification of security breaches, hours of operation, compliance with state track and trace program, delivery vehicle requirements, no on-site consumption of cannabis, tobacco or alcohol. A copy of the full ordinance is available on the City's website at www.crescentcity.org. Please call Robin Patch, City Clerk, for more information at (707) 464-7483. The ordinance was adopted by the following polled vote:

AYES: Mayor Inscore, Mayor Pro Tem Kime, Council Members Greenough and Wright
NOES: None
ABSENT: Council Member Fallman

This notice shall be published within 15 days of the date of adoption.
/s/ Robin Patch, City Clerk
Publication Date: April 17, 2020
Del Norte Triplicate (ID:281277)

---

## 999 Public Notices

**FICTITIOUS BUSINESS NAME STATEMENT**
Schmidt's House of Jambalaya

The following person/s is/are doing business as:
Schmidt's House of Jambalaya
310 Anchor Way
Crescent City, CA 95531

This Business is conducted by: Limited liability company

The registrant commenced to transact business under the fictitious business name or names listed on: 05/19/2016

I declare that all information in this statement is true and correct. A registrant who declares as true any material matter pursuant to this section that the registrant knows to be false is guilty of a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000).

Corporation: Scopa Holdings, LLC
Signed: Jennifer L Schmidt, member

This statement was filed with the County Clerk of Del Norte County on: 4/3/2020

Alissia D. Northrup
County Clerk-Recorder
B. McCune-Sokoloski, Deputy
File No. 20200038
Publish: 4/10, 4/17, 4/24, & 5/1/2020
T280929

---

**ADVERTISEMENT FOR BIDS**

The Curry County Road Department invites bids for the following described project:

The striping of various roads located throughout Curry County, Oregon. The project consists of approximately 160 line miles of centerline, to be striped with "no pass" areas as required, and approximately 340 line miles of fog stripe.

Project must be completed in its entirety by September 25, 2020.

Specifications and bid forms are available from the Curry County Road Department, Contracting Office. Sealed bids will be accepted by the Curry County Road Department at 28425 Hunter Creek Road, Gold Beach, Oregon, 97444 until 10:00:00 AM, local time, Wednesday, April 29, 2020, at which time the bids will be opened and publicly read. Sealed First-Tier Subcontractors Disclosure forms shall be submitted to the Road Department Office by 12:00:00 noon, local time, Wednesday, April 29, 2020.

Specifications and Plans may be viewed for informational use by Bidders and Plan Centers on the Curry County Road Department's website, http://www.co.curry.or.us/Departments/Road. Specifications and Plans obtained from the website are not to be used for submitting a Bid. Bidders are cautioned that only bound Solicitation Documents obtained from the County Contracting Office may be used to submit bids.

All bid proposals shall be accompanied by a bid guaranty or surety in the amount of ten percent (10 %) of the total bid price.

Bidders shall be pre-qualified by the Oregon Department of Transportation (ODOT) to perform pavement marking at the time of the Bid Opening.

The Curry County Board of Commissioners will not consider any bid unless fully completed in the manner provided in the "Instructions to Bidders" and upon the bid forms provided by the Curry County Road Department.

The Curry County Board of Commissioners requires that the bidder be registered with the Construction Contractors Board as required by ORS 701.021, or licensed by the State Landscape Contractors Board as required by ORS 671.530, or the bid will not be considered. The Board does not require the Contractor or subcontractor to be licensed under ORS 468A.720.

This proposal/contract is for a public works subject to ORS 279C.800 to 279C.870. Prevailing wage rates for public works contracts in Oregon are required for this project. No bid will be received or considered by the Curry County Board of Commissioners unless the bid contains a statement that bidder will comply with the provisions of ORS 279C.840.

The Board of Commissioners will not consider a bid unless it contains a statement as to whether a bidder is a resident bidder, as defined in ORS 279A.120.

The Curry County Board of Commissioners intends to award the bid to the lowest responsible Bidder, but may reject any bid not in compliance with all prescribed bidding procedures and requirements, and may reject for good cause any or all bids upon a finding that it is in the best interest of the public.

Rob Schafer - Contracting Officer
Curry County Road Department
28425 Hunter Creek Road
Gold Beach, Oregon 97444
Phone: (541) 247-7097
Published The Curry Coastal Pilot
April 17, 2020 (ID:281348)

---

## 999 Public Notices

**FICTITIOUS BUSINESS NAME STATEMENT**
C. Renner Petroleum

The following person/s is/are doing business as:
C. Renner Petroleum
255 Hwy 101 South
Crescent City, CA 95531

This Business is conducted by: a corporation

The registrant commenced to transact business under the fictitious business name or names listed on: 01/03/1991

I declare that all information in this statement is true and correct. A registrant who declares as true any material matter pursuant to this section that the registrant knows to be false is guilty of a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000).

Corporation: C. Renner INC.
Signed: Sabina Renner, CEO/SEC.

This statement was filed with the County Clerk of Del Norte County on: 11/20/2019

Alissia D. Northrup
County Clerk-Recorder
B. McCune-Sokoloski, Deputy
File No. 20190119
Publish: 4/10, 4/17, 4/24, & 5/1/2020
T280926

---

Car Shopping?
House Hunting?
Boat Buying?
Home Improving?

**707-460-6727 • 541-813-1717**

**YOUR NEWS**
*Just the Way You Like It*

---

## 999 Public Notices

**NOTICE TO INTERESTED PERSONS CURRY COUNTY PROBATE CASE NO.: 20PB02014**

NOTICE IS HEREBY GIVEN that I, ANGELINA R. BLACK, have been appointed personal representative of the Estate of Acton E. Black, Jr., by the Circuit Court of the State of Oregon for Curry County and all persons having claims against said estate are required to present them to the personal representative at the office of the personal representative's attorneys, Jarvis, Dreyer, Glatte & Larsen, LLP, Attn: Erik C Larsen 823 Alder Creek Drive, Medford, Oregon, 97504, within four months after the date of the first publication of this notice or they may be barred.

All persons whose rights may be affected by this proceeding are advised that additional information may be obtained from the court records, the personal representative, or Jarvis, Dreyer, Glatte & Larsen, LLP, attorneys for the personal representative.

DATED and first published this March 31, 2020.

Angelina R. Black
PERSONAL REPRESENTATIVE

Publish: March 31 and April 7, 14 of 2020
P279565

---

# King Crossword
## Answers
### Solution time: 24 mins.

(crossword answer grid)

---



**KEEPING SENIORS CONNECTED**

news
shopping
coupons
entertainment
& more

In Print & Online
**Subscribe Today!**
707-460-6727

Del Norte TRIPLICATE

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re:
**PG&E CORPORATION,**
- and -
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

Chapter 11
Case No. 19-30088 (DM)
(Lead Case)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE PROCEDURES; AND (V) OTHER RELATED RELIEF**

PLEASE TAKE NOTICE that:

[Dense multi-column legal notice text regarding the PG&E bankruptcy Disclosure Statement, Voting Procedures, Classes of Claims and Interests, and Confirmation Hearing follows. The text includes tables of Voting Classes and Non-Voting Classes.]

### The Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 5B-I | HoldCo General Unsecured Claims | Impaired |
| Class 10A-I | HoldCo Rescission or Damage Claims | Impaired |
| Class 5B-II | Utility Public Entities Wildfire Claims | Impaired |
| Class 5B-III | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-IV | Utility Fire Victim Claims | Impaired |
| Class 5B-V | Utility Ghost Ship Fire Claims | Impaired |
| Class 5B-VI | Utility Funded Debt Claims | Impaired |
| Class 5B-VII | Utility General Unsecured Claims | Impaired |
| Class 5B-VIII | Utility Subrogation Wildfire Claims | Impaired |
| Class 10B-II | Utility Rescission or Damage Claims | Impaired |

### The Non-Voting Classes

| Class | Designation | Impairment |
|---|---|---|
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 5A-IV | HoldCo Public Entities Wildfire Claims | Unimpaired |
| Class 6A | HoldCo Subordinated Debt Claims | Impaired |
| Class 7A | HoldCo Common Interests | Unimpaired |
| Class 8A | HoldCo Other Interests | Impaired |
| Class 9A | Subordinated Claims | Impaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-I | Utility Pledged Spent Nuclear Fuel Claims | Unimpaired |
| Class 3B-II | Utility Energy Recovery Bonds Claims | Unimpaired |
| Class 4B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | Utility 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Preferred Interests | Impaired |
| Class 11B | Utility Common Interests | Unimpaired |
| Class 12B | Utility Preferred Interests | Impaired |

Published The Del Norte Triplicate, April 17, 2020 (ID:281223)