

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

Signed and Filed: April 24, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **AMENDED ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019 (I) APPROVING CASE RESOLUTION CONTINGENCY PROCESS AND (II) GRANTING RELATED RELIEF** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Related Docket No. 6398 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated March 20, 2020 [Docket No. 6398] (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order (i) approving the Case Resolution Contingency Process, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Wells Declaration, and the various objections, responses, and statements having been filed with respect to the relief requested in the Motion, including, without limitation, the objections, responses, and statements found at Docket Nos. 6402, 6624, 6626, 6627, 6628, 6629, 6630, 6631, and 6651; and the Court having held a hearing on April 7, 2020 to consider the Motion (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and the Wells Declaration establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties in interest; and upon the record of all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion or in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (the "**Plan**"), as applicable.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein. Any objections, responses, or statements, if any, in opposition to the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Hearing are hereby overruled.

2. The Case Resolution Contingency Process, attached hereto as **Exhibit A**, all of the terms of which are incorporated herein by reference as if set forth herein, is approved in its entirety as of the date of this Order.

3. The Debtors shall be authorized and directed to take all actions necessary to implement the terms of the Case Resolution Contingency Process and this Order.

4. The Plan Documents (including documents included in the Plan Supplement) and any amendments to the Plan will be in form and substance acceptable to the Governor's Office; provided, that if the Court declines to enter a form of Confirmation Order or to confirm the Plan unless the Plan Proponents modify the Confirmation Order or the Plan in a manner not acceptable to the Governor's Office, the Plan Proponents may modify the Confirmation Order to address the Court's requirements.

5. Nothing in this Order, the Motion, or the Case Resolution Contingency Process shall alter or be deemed to alter any terms or provisions of the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, or the Public Entities Plan Support Agreements (including, but not limited to, the termination provisions of each of the foregoing agreements).

6. Nothing in this Order, the Motion, or the Case Resolution Contingency Process shall modify the provisions of section 1121 of the Bankruptcy Code; provided that nothing in this Paragraph shall affect the provisions of the Case Resolution Contingency Process as to the termination of exclusivity solely as to the state of California or a party supported by the state of California.

7. All rights parties in interest may have to appear and be heard in connection with any proceedings before this Court with respect to the approval of the Bidding Procedures or the Sale Process are hereby reserved in all respects.

8. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **