| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19 -30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENTS WITH FEDERAL AND STATE AGENCIES OF GOVERNMENTAL AGENCY FIRE CLAIMS, AND (II) GRANTING RELATED RELIEF**<br><br>Related Docket No. 6940 |

I, Stephen Karotkin, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

I am a partner at Weil, Gotshal & Manges LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"). Weil was retained and employed to serve as the Debtors' attorneys in these Chapter 11 Cases by Order dated April 9, 2019 [Docket No. 1298].

I am authorized to submit this Declaration (the "**Declaration**") on behalf of the Debtors in support of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Settlements with Federal and State Agencies of Governmental Agency Fire Claims, and (ii) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith.[1] The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information reviewed by me in the course of my duties and responsibilities. If called upon to testify, I would testify to the facts set forth in this Declaration.

Pursuant to the Motion, the Debtors are seeking authority to enter into two settlements: one with FEMA, the SBA, and the other Federal Agencies regarding the treatment of the Federal Agency Fire Claims under the Plan (the "**Federal Agency Settlement**"), and one with the State Agencies regarding the treatment of the State Agency Fire Claims under the Plan (the "**State Agency Settlement**," and, together with the Federal Agency Settlement, the "**Governmental Fire Claims Settlements**"). Copies of the Governmental Fire Claims Settlements are attached to the Motion and described therein.

As set forth in the Motion, the Governmental Fire Claims Settlements resolve the treatment of approximately $7.5 billion in aggregate of Fire Claims that have been asserted by the various Governmental Agencies in these Chapter 11 Cases for (a) an allowed $1 billion,

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Motion.

Subordinated Claim (to be subordinated and junior in right of payment to all other Fire Victim Claims that may be asserted against the Fire Victim Trust), and (b) certain additional allowed Claims that total approximately $321.3 million in the aggregate, which will be payable over a period of years and solely, as applicable, from (i) interest earned on cash assets of the Fire Victim Trust, (ii) any net proceeds in excess of the Effective Date Equity Value realized by the Fire Victim Trust from the sale of the Reorganized PG&E Corp. common stock to be funded into the Fire Victim Trust on the Effective Date, and (iii) any net recovery from the prosecution of the Assigned Rights and Causes of Action to be assigned to the Fire Victim Trust on the Effective Date under the Plan. These settlements thus resolve the substantial Fire Claims that have been asserted by the Governmental Agencies in these Chapter 11 Cases while, importantly, limiting the impact on the consideration to be transferred to the Fire Victim Trust that will be available for all other holders of allowed Fire Victim Claims. The satisfaction and discharge of the Fire Claims asserted by the Governmental Agencies shall be solely from the consideration to be transferred to the Fire Victim Trust pursuant to the Plan.

In addition, the Governmental Fire Claims Settlements eliminate ongoing and potential future litigation among the parties regarding, among other things, the classification and allowance of the substantial Fire Claims asserted by the Governmental Agencies, along with the uncertainty those disputes impose on both the timely confirmation of the Plan by the June 30, 2020 deadline set by AB 1054 and the expediency of distributions to holders of allowed Fire Victim Claims.

The Governmental Fire Claims Settlements are the product of good faith, arm's-length negotiations, including as part of the mediation ordered by this Court under the direction of former Bankruptcy Judge Newsome, and I believe the Governmental Fire Claims Settlements represent a reasonable compromise and will facilitate the timely and successful administration of the Debtors' Chapter 11 Cases.

As stated, the Governmental Fire Claims Settlements fully resolve substantial ongoing and potential future litigation regarding the Governmental Agency Fire Claims. It is my belief that the Governmental Fire Claims Settlements recognize and appropriately take into account

the risk to the estates of an adverse outcome in these litigations and the importance of successfully concluding these Chapter 11 Cases on a timely basis.

Approval of the Governmental Fire Claims Settlements will also save the further time and expense associated with briefing and preparing for oral argument on the issue of classification of the Governmental Agency Fire Claims under the Plan, which originally was scheduled to commence on March 13, 2020, as well as other potential objections the Governmental Agencies may have later raised regarding the allowance or treatment of the Governmental Agency Fire Claims, including issues relating to the treatment of such Claims in connection with Plan confirmation.

The compromise reflected in the Governmental Fire Claims Settlements also minimizes the impact of the Governmental Agency Fire Claims on other holders of allowed Fire Victim Claims, and protects the estates from any further recoveries on account of the Governmental Agency Fire Claims. Additionally, under the Governmental Fire Claims Settlements the allowed amount of the Governmental Agency Fire Claims will be reduced from an asserted amount of approximately $7.5 billion to approximately $1.3 billion, $1 billion of which, as described in the Motion, will be subordinated in payment to all other holders of Fire Victim Claims.

The Governmental Fire Claims Settlements appropriately balance the risks, complexity, and expense associated with litigating the Governmental Agency Fire Claims, the potential delays that would be occasioned by such litigation, and the potential of the Claims to affect timely confirmation of the Plan and negatively impact the recoveries of the individual Fire Victim Claimants. Further, the TCC, as the fiduciary for Fire Victim Claimants, is a party to the settlements and actively participated in the negotiation thereof. Under these circumstances, I believe that the Governmental Fire Claims Settlements are in the best interests of the Debtors' estates and all of the Debtors' economic stakeholders and that the Debtors' entry into the settlements represents a sound exercise of the Debtors' business judgment.

/ / /

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct.

Dated: April 25, 2020

Scarsdale, New York

/s/ Stephen Karotkin
Stephen Karotkin