WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENTS WITH FEDERAL AND STATE AGENCIES OF GOVERNMENTAL AGENCY FIRE CLAIMS, AND (II) GRANTING RELATED RELIEF**<br><br>Related Document: Dkt. 6940<br><br>[No hearing requested] |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on May 6, 2020, at 10:00 a.m. (Prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Settlements with Federal and State Agencies of Governmental Agency Fire Claims, and (ii) Granting Related Relief* (the "**Motion**[1]"), filed contemporaneously herewith. The Debtors request that any responses or objections be in writing and filed with the Court and served by 4:00 p.m. (Prevailing Pacific Time) on May 4, 2020.

In support of this Motion to Shorten, the Debtors submit the Declaration of Stephen Karotkin (the "**Karotkin Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

### III. RELIEF REQUESTED IN THE MOTION

Pursuant to the Motion, the Debtors are seeking authority for the Debtors and the TCC to enter into the Governmental Fire Claims Settlements and remove two of the last major hurdles remaining to confirmation of the Plan by resolving the treatment of the Fire Claims asserted in these Chapter 11 Cases by FEMA, SBA, the other Federal Agencies, and the State Agencies. Entry into the Governmental Fire Claims Settlements will minimize the impact of the Governmental Agency Fire Claims on other holders of allowed Fire Victim Claims, and protect the estates from any further recoveries on account of the Governmental Agency Fire Claims.

The Governmental Fire Claims Settlements are comprised of two agreements that resolve the treatment of approximately $7.5 billion in aggregate of Fire Claims that have been asserted by the various Governmental Agencies in these Chapter 11 Cases for (a) an allowed $1 billion, Subordinated Claim (to be subordinated and junior in right of payment to all other Fire Victim Claims that may be asserted against the Fire Victim Trust), and (b) certain additional allowed Claims that total approximately $321.3 million in the aggregate, which will be payable over a period of years and solely, as applicable, from (i) interest earned on cash assets of the Fire Victim Trust, (ii) any net proceeds in excess of the Effective Date Equity Value realized by the Fire Victim Trust from the sale of the Reorganized PG&E Corp. common stock to be funded into the Fire Victim Trust on the Effective Date, and (iii) any net recovery from the prosecution of the Assigned Rights and Causes of Action to be assigned to the Fire Victim Trust on the Effective Date under the Plan. These settlements thus resolve the substantial Fire Claims that have been asserted by the Governmental Agencies in these Chapter 11 Cases while, importantly, limiting the impact on the consideration to be transferred to the

Fire Victim Trust that will be available for all other holders of allowed Fire Victim Claims. The satisfaction and discharge of the Fire Claims asserted by the Governmental Agencies shall be solely from the consideration to be transferred to the Fire Victim Trust pursuant to the Plan.

## IV. SHORTENING TIME FOR HEARING ON THE MOTION IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

The Governmental Fire Claims Settlements eliminate ongoing and potential future litigation among the Parties regarding, among other things, the classification and allowance of the substantial Fire Claims asserted by the Governmental Agencies, along with the uncertainty those disputes impose on both the timely confirmation of the Plan by the June 30, 2020 deadline set by AB 1054 and the expediency of distributions to holders of allowed Fire Victim Claims.

Prompt approval of the Governmental Fire Claims Settlements will resolve the Classification Issue, saving the time and expense associated with briefing and preparing for oral argument, which originally was scheduled to commence on March 13, 2020, as well as other potential objections the Governmental Agencies may have later raised regarding the allowance or treatment of the Governmental Agency Fire Claims, including issues relating to the treatment of such Claims in connection with Plan confirmation.

Because the Motion seeks to resolve critical claims allowance, classification, and other issues that could otherwise impact confirmation and the recoveries to Fire Victims under the Plan, a prompt hearing on the Motion is appropriate. As the Motion is an important step towards confirmation of the Plan, the Debtors believe that a hearing on the Motion on an expedited basis is in the best interests of all parties in interest. Additionally, a summary of the proposed terms of the Governmental Fire Claims Settlements is contained in the Disclosure Statement, accordingly no party in interest should be prejudiced by an expedited hearing.

Based on the foregoing, the Debtors request that notice be shortened to permit the Motion to be heard on May 6, 2020, at 10:00 a.m (Prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m. (Prevailing Pacific Time) on May 4, 2020.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the TCC; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for FEMA, the SBA, and the Federal Agencies; (xiii) counsel for the State Agencies; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 25, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*