| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEPHEN KAROTKIN IN SUPPORT OF *EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENTS WITH FEDERAL AND STATE AGENCIES OF GOVERNMENTAL AGENCY FIRE CLAIMS, AND (II) GRANTING RELATED RELIEF**<br><br>Related Document: Dkt. Nos. 6940, 6941, and 6942<br><br>[No hearing requested] |

I, Stephen Karotkin, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at Weil, Gotshal & Manges LLP, attorneys for PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**"). Weil was retained and employed to serve as the Debtors attorneys in these Chapter 11 Cases by Order dated April 9, 2019 [Docket No. 1298].

2. I submit this declaration in support of the Motion of the Debtors (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, for entry of an order shortening time for a hearing on May 6, 2020, at 10:00 a.m. (Prevailing Pacific Time), on the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 9019 for Entry of an Order (i) Approving Settlements with Federal and State Agencies of Governmental Agency Fire Claims, and (ii) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith.[1] The Debtors request that written objections, if any, be due by 4:00 p.m. (Prevailing Pacific Time) on May 4, 2020.

3. I believe approval of the Motion and resolution of the Governmental Agency Fire Claims as described therein is particularly time-sensitive, given the current stage of these Chapter 11 Cases. As described in the Motion and the Motion to Shorten, the Governmental Fire Claims Settlements eliminate ongoing and potential future litigation among the Parties regarding, among other things, the classification and allowance of the substantial Fire Claims asserted by the Governmental Agencies, along with the uncertainty those disputes impose on both the timely confirmation of the Plan by the June 30, 2020 deadline set by AB 1054 and the expediency of distributions to holders of allowed Fire Victim Claims.

4. I believe that prompt approval of the Governmental Fire Claims Settlements will resolve the Classification Issue, saving the time and expense associated with briefing and preparing

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Motion to Shorten, as applicable.

for oral argument, which was originally scheduled to commence on March 13, 2020, as well as other potential objections the Governmental Agencies may have later raised regarding the allowance or treatment of the Governmental Agency Fire Claims, including issues relating to the treatment of such Claims in connection with Plan confirmation.

5. As set forth in the Motion to Shorten, because the Motion seeks to resolve critical claims allowance, classification, and other issues that could otherwise impact confirmation and the recoveries to Fire Victims under the Plan, a prompt hearing on the Motion is appropriate. As the Motion is an important step towards confirmation of the Plan, the Debtors believe that a hearing on the Motion on an expedited basis, as requested in the Motion to Shorten, is in the best interests of all parties in interest. Additionally, I believe that because a summary of the proposed terms of the Governmental Fire Claims Settlements is contained in the Disclosure Statement, no party in interest should be prejudiced by an expedited hearing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at Scarsdale, New York, on April 25, 2020.

                                                */s/ Stephen Karotkin*
                                                Stephen Karotkin