Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
Kimberly S. Morris (SBN 249933)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415.659.2600
Facsimile:      415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com
Email: kmorris@bakerlaw.com

Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025
Telephone:     310.820.8800
Facsimile:      310.820.8859
Email:   esagerman@bakerlaw.com
Email:   lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                            **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY MACCONAGHY & BARNIER, PLC AS SPECIAL COUNSEL EFFECTIVE AS OF APRIL 23, 2020**<br><br>Date:      May 27, 2020<br>Time:     10:00 a.m. (Pacific Time)<br>Place:    **Telephonic Appearances Only**<br>             United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA  94102<br>Objection Deadline: May 20, 2020<br>                                4:00 p.m. (Pacific Time) |

The Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") hereby submits this application (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the TCC to retain and employ MacConaghy & Barnier, PLC ("**M&B**") as the TCC's special conflicts counsel effective as of April 23, 2020, pursuant to section 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the engagement letter between the TCC and M&B dated April 27, 2020 (the "**Engagement Letter**"). In support of the Application, the TCC submits the Declaration of John H. MacConaghy (the "**MacConaghy Declaration**"), which is filed concurrently herewith, and respectfully represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges* of the United States District Court of the Northern District of California, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the Northern District of California (the "**Court**"). On January 31, 2019, the Court entered an order consolidating the Chapter 11 Cases for joint administration (Dkt. No. 207).

3. The Debtors continue to manage their assets and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 Cases.

4. On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants (Dkt. No. 453). Following the

resignation of Richard Heffern from the original committee and the addition of Tommy Wehe, on February 21, 2019, the U.S. Trustee filed the Amended Appointment of the Official Committee of Tort Claimants (Dkt. No. 530). The U.S. Trustee filed the Second Amended Appointment of the Official Committee of Tort Claimants on March 27, 2020 following the resignations of Kirk Trostle and GER Hospitality, LLC (Dkt. No. 6503), and the Third Amended Appointment of the Official Committee of Tort Claimants on April 3, 2020 following the resignation of Karen K. Gowins (Dkt. No. 6613). The members of the TCC are: (i) Tommy Wehe; (ii) Angelo Loo; (iii) Agajanian, Inc.; (iv) Susan Slocum; (v) Samuel Maxwell; (vi) Karen M. Lockhart; (vii) Wagner Family Wines-Caymus Vineyards; and (viii) Gregory Wilson. The TCC conducted a meeting on February 15, 2019, at which all members were present, and appointed Karen M. Lockhart as Chairperson.

5. The TCC has a unique role in the Cases. It is the representative of the largest and most vulnerable group of creditors. One of its core functions is to participate in the plan formulation and confirmation process and maximize recoveries for fire victims. Consistent with its responsibilities, the TCC, through its primary counsel Baker & Hostetler, LLP ("**Baker**"), has engaged in extensive discovery and litigation in these Cases. However, in certain instances, Baker has conflicts or potential conflicts of interest which preclude it from engaging in discovery or litigation with certain third-parties. Accordingly, the TCC seeks to retain M&B as special conflicts counsel to represent the TCC on certain matters where Baker has a conflict or potential conflict. The TCC's believes that the retention of conflicts counsel is necessary to assist the TCC in carrying out its fiduciary duties.

### III. Retention of M&B

#### A. Qualifications of M&B

6. M&B is a business bankruptcy boutique law firm. Its attorneys collectively have more than fifty (50) years of bankruptcy experience representing Court-appointed committees, debtors, creditors and trustees. M&B has served as Court-appointed counsel for the Official Committees of Unsecured Creditors in the following Chapter 11 cases filed in the Northern District of California: *In re Credit West Corporation*; *In re The Legacy Estate Wine Group* (co-counsel); *In re Railways, Inc.*; and *In re Associated Vintage Group, Ltd*. M&B has also successfully litigated

Baker & Hostetler LLP
Attorneys at Law
San Francisco

numerous adversary proceedings on behalf of Court-appointed fiduciaries for bad faith denial of insurance coverage, legal malpractice, securities fraud, breach of fiduciary duty, and Chapter 5 avoidance claims. With respect to M&B's qualifications to provide the specific services requested by the TCC, M&B has prepared, filed, and consummated several hundred Rule 2004 subpoenas, including several matters involving complex electronically stored information, privilege issues, alleged trade secrets, and other discovery disputes. Accordingly, the TCC has selected M&B because of its extensive experience with bankruptcy discovery and related litigation.

**B.     Scope of Services to be Provided by M&B and Lack of Duplication**

7.     The TCC respectfully submits that it will be necessary to employ and retain M&B pursuant to section 1103 of the Bankruptcy Code to render services where Baker has either a conflict or potential conflict of interest, including services relating to subpoenas and litigation.

8.     As discussed herein, M&B will only advise the TCC on matters where Baker has a conflict of interest of potential conflict. The TCC will ensure that the scope of M&B's services will complement, and not overlap, the services of Baker, and anticipates that the retention of M&B will facilitate the effective and efficient discharge of the TCC's fiduciary duties.

**C.     M&B's Disinterestedness**

9.     To the best of the TCC's knowledge, information and belief, based on and except as otherwise set forth in the MacConaghy Declaration, filed contemporaneously herewith and to which the Engagement Letter is attached, M&B does not have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The MacConaghy Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of M&B's knowledge, all of M&B's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the San Francisco Office of the U.S. Trustee for Region 17. Based upon the MacConaghy Declaration, the TCC believes that M&B is disinterested as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters within the scope of the Engagement Letter.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10. The TCC believes that the employment of M&B on the terms set forth in this Application is appropriate and in the best interests of the tort victim creditor body that the TCC represents. The TCC has reviewed the MacConaghy Declaration, including the description of M&B's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The TCC thus seeks an order approving M&B's engagement on the terms set forth in this Application and the Engagement Letter.

### D. Effective Date of Retention

11. The TCC requests that M&B's retention be approved effective as of April 23, 2020, the date M&B was selected by the TCC and began substantive work. The TCC believes retention effective as of April 23, 2020 is appropriate in view of the nature of these Cases.

### E. Compensation of M&B

12. M&B intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the U.S. Trustee, pursuant to the order entered by this Court on February 28, 2019, establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any additional procedures that may be established by the Court in these Cases.

13. Subject to the Court's approval, M&B will be compensated at its standard hourly rates, which are based on the professionals' level of experience, plus reimbursement of the actual and necessary expenses that M&B incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rates for M&B's attorneys range from $475.00 to $525.00. The hourly rates for M&B's paraprofessionals range from $200.00 to $250.00.

14. These rates are subject to adjustments in the ordinary course of M&B's business, notice of which adjustments shall be provided to the Debtors, the U.S. Trustee and the Fee Examiner. M&B will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of services as described above and will be

reimbursed for such costs and expenses in conformity with the Guidelines promulgated by the U.S. Trustee as in effect in this District.

15. M&B has agreed not to share with any person or firm the compensation to be paid M&B for professional services rendered in connection with its engagement.

**IV. BASIS FOR RELIEF**

16. The TCC respectfully requests that the Court authorize the retention and employment of M&B as the TCC's special conflicts counsel effective as of April 23, 2020, pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a); *see also*, 7 Collier on Bankruptcy ⁋ 1103.03[3][b] (Richard Levin & Henry J. Sommer eds. 16th ed) ("It is not unusual, however, for a committee to retain multiple counsel if the case is large or if specialized services are necessary").

Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. The TCC submits that for all the reasons stated above and based upon the MacConaghy Declaration, the retention of M&B as special conflicts counsel to the TCC is merited. Further, as stated in the MacConaghy Declaration, M&B is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the MacConaghy Declaration. Accordingly, the retention of M&B as the TCC's special ethics counsel should be approved.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## V. NOTICE

18. Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Debtors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) counsel for the Fee Examiner, Bruce A. Markell, and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The TCC respectfully submits that no further notice is required.

## VI. NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

## VII. RESERVATION OF RIGHTS

20. The TCC respectfully reserves the right to file a brief and memorandum of law in response to any objection to this Application.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**WHEREFORE**, the TCC respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the retention of M&B effective as of April 23, 2020; and (b) granting such other and further relief as is just and proper.

Dated: April 24, 2020

OFFICIAL COMMITTEE OF TORT CLAIMANTS OF PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY

By: /s/ Karen M. Lockhart
Name: Karen M. Lockhart
Title: Chair of the Official Committee of Tort Claimants

7