**EXHIBIT A**

# MacCONAGHY & BARNIER, PLC

Attorneys at Law
645 First St. West, Ste. D
Sonoma, California 95476

John H. MacConaghy
Partner

(707) 935-3205
macclaw@macbarlaw.com

April 23, 2020

Karen Lockhart, Chair
The Official Committee of Tort Claimants
Of the Estates of Pacific Gas & Electric Company
And PG&E Corp.
c/o Baker & Hostetler, LLP

re: Engagement Letter

Dear Ms. Lockhart

Subject to Bankruptcy Court approval, this letter will set forth the terms of the retention of MacConaghy & Barnier, PLC ("Attorney") as special counsel by the Official Committee of Tort Claimants of the Estates of Pacific Gas & Electric Company and PG&E Corp. ("Client").

1. <u>The Legal Services</u>. In general, the legal services that Attorney has been engaged to provide are the representation of Client as special counsel in Client's capacity as an Official Committee in the pending Chapter 11 proceeding, *In re Pacific Gas & Electric Company*, ("the Debtors"),U.S. Bankruptcy Court for the Northern District of California, Case Nos. 19-30088 DM and 19-30089 DM ("the Case"). The specific legal services to be performed by Attorney include but are not limited to assisting Client in obtaining documentary discovery from certain entities which provide or have provided services to the Debtors as directed by Client's General Counsel Baker & Hostetler, LLP. These specific services may include the preparation and execution of Motions for Rule 2004 Examinations and subpoenas, negotiation of protective orders, litigation of discovery disputes, communications with Client, and compliance with Court procedures to obtain authorization of employment and compensation. By signing this agreement, Client authorizes Attorney to take all action necessary or advantageous to the advancement of Client's rights and interests in connection with Attorney's representation of Client and to use Attorney's judgment in the handling of any matter.

2. <u>Retention Subject To Bankruptcy Court Approval</u>. Attorney's retention pursuant to this Agreement is subject to approval of the Bankruptcy Court pursuant to the provisions of the Bankruptcy Code.

3. <u>Cooperation and Coordination With General Counsel</u>. Attorney and Client acknowledge that Client has retained Baker & Hostetler LLP as its "General Counsel." Except

as is specifically set forth herein, Attorney will not provide or duplicate any services provided now or in the future by General Counsel. Attorney agrees to cooperate with General Counsel or other professionals retained by Client at the direction of the Client or Baker & Hostetler, LLP..

4. <u>No Guaranty of Result</u>. Attorney agrees to use its best efforts in the representation of Client, but cannot guaranty the outcome of the matter.

5. <u>Termination of Employment</u>. Client may terminate the retention of Attorney at any time upon timely notice. If Attorney has appeared in the Case on behalf of Client, Client agrees to accompany any termination of Attorneys with an executed Substitution of Attorneys. Attorney may terminate representation of Clients through Bankruptcy Court Order upon motion to withdraw duly filed and served in accordance with applicable Court and State Bar rules. Upon termination of retention by either Client or Attorney, Attorney reserves the right to seek compensation in the amount set forth below.

6. <u>Attorneys Fees and Costs</u>.

<u>In General.</u> Client agrees that Attorney make seek compensation for services rendered in this matter based on Attorney's normal hourly fees, currently at the rate of $525.00 per hour for John H. MacConaghy, $475.00 per hour for Jean Barnier, and $250.00 per hour for certified paralegals. Client further agrees that Attorney may seek reimbursement of out-of-pocket disbursements (e.g. photocopying; long-distance telephone; messenger services; travel expenses; extraordinary postage; fees for process servers, court reporters, computerized legal research, expert witnesses and consultants; and Court filing fees). Attorney acknowledges that any compensation paid to Attorney will be paid solely from the Debtors' bankruptcy estates, and neither the Client nor any individual member of the Client shall have liability for the payment of such compensation.

<u>Billing Procedures</u>. Subject to any modified procedure made applicable by any confirmation of a plan of reorganization, Attorney shall seek compensation pursuant to the "Interim Compensation Procedures Order" filed in the Case as Docket No. 701 and other applicable statutes, bankruptcy rules, and guidelines. Attorney shall submit its bills to Client for review and consideration prior to service and filing with the Court.

7. <u>Other Responsibilities</u>. Client shall be reasonably available for conference, consultation, depositions, document production, and court hearings, as necessary. Client acknowledges that as an Official Committee in a Chapter 11 case it has fiduciary obligations to its constituency of tort claimants. Attorneys' policy is to withdraw from representation if a client will not communicate with us, when a client breaches its fiduciary obligations as an Official Committee against our advice, or when a client's conduct otherwise makes it unreasonably difficult to carry out our employment effectively.

8. <u>Excluded Legal Services.</u> Attorney is not representing Client on any corporate, estate planning, employment, non-bankruptcy transactional and tax matters. Attorney is not representing any individual member of the Client in connection with this Case or any other matter.

9. *Attorney's Connections to Parties in Interest.* Attorney has certain pre-existing current and past connections to parties in interest in the Case as set forth in detail in the Declaration of John H. MacConaghy in support of the Application of Official Committee of Tort Claimants Pursuant to 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ MacConaghy & Barnier, PLC as Special Counsel Effective as of April 23, 2020, which Client has reviewed prior to the execution of this Agreement. Attorney encourages Client to review those connections with independent counsel. By executing this Agreement, Client waives any conflict of interest arising out of such connections. Attorney shall not represent any other party in interest in connection with the Case absent the written consent of Client.

10. *Insurance Coverage.* Attorney maintains insurance coverage for errors and omissions that would provide financial protection for Client in the unlikely event of a negligent act or omission by Attorney.

Thank you for allowing us to be of assistance in this difficult and challenging matter.

MacConaghy & Barnier, PLC

/s/ John H. MacConaghy
By John H. MacConaghy

The foregoing is agreed:

Dated: April 27, 2020

The Official Committee of Tort Claimants
of the Estate of Pacific Gas & Electric Company

By: Karen M. Lockhart, Chair
Official Committee of Tort Claimants