1  Jason P. Williams, Esq. (SBN 232371)
   WILLIAMS | PALECEK LAW GROUP, LLP
2  3170 Fourth Ave., Suite 400
3  San Diego, CA 92013
   Tel: (619)346-4263
4  Fax: (619)346-4291
   Email: jwilliams@wplgattorneys.com
5  *Attorneys for Clear Blue Insurance Company*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PGE CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br>_____<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088-DM. | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO DEEM CLAIM TIMELY FILED**<br><br>Date: May 27, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Avenue, Ctrm 17<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br>Objection Deadline: May 20, 2020<br>4:00 p.m. (Pacific Time) |

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("***Motion***") Clear Blue Insurance Company ("***Clear Blue***") seeks entry of an order deeming its filed proof of claim in these cases, assigned proof of claim number 88467, a true copy of which is attached hereto as **Exhibit 1**, as timely filed. This Motion is based upon the points and authorities set forth herein and the concurrently filed notice of hearing, declaration of

Lisa Bunnell ("**Bunnell Decl.**") in support of the Motion, and any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, Clear Blue, by and through its undersigned counsel, respectfully represents as follows:

**Summary of Argument**

1. The general bar date in these cases was October 21, 2019 ("**Original Bar Date**").

2. This Motion concerns an insurance subrogation claim in the amount of $369,070.16 submitted to Prime Clerk on December 5, 2019 and posted to Prime Clerk's website on December 9, 2019. *See* Exhibit 1, p. 7. As discussed further herein, Clear Blue's submission occurred after the Original Bar Date on account of not receiving notice of such bar date.

3. Under the guidance of the *Pioneer* factors discussed herein, Clear Blue's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Clear Blue's late filing will cause no prejudice to Debtors, inasmuch as their plan of reorganization provides for the payment of $11 billion into the subrogation claimant's trust for payment to subrogation claimants irrespective of the amount of the allowed subrogation claims in these cases. Further, the impact upon subrogation claimants is miniscule, as this claim amounts to .00002 of the total amount of claims asserted by subrogation claimants. As to the second *Pioneer* factor, Clear Blue's delay in asserting its claim and the potential impact on these proceedings are modest and immaterial for the same reasons that Debtors and the subrogation claimants will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Clear Blue's reasonable control, no notice of the bar date appears to have been sent to Clear Blue or its affiliates or to the underlying insureds/fire victims on the underlying claims.[1] Neither Clear Blue nor the underlying insureds/ fire victims appear on the list of notice recipients regarding the Original Bar Date or any other bar date. These circumstances effectively remove the resulting delay in filing the proof of claim from Clear Blue's reasonable control.

---

[1] This potentially implicates a fifth factor some courts have considered as part of the *Pioneer* analysis, the adequacy or sufficiency of notice.

Because consideration of the *Pioneer* factors points overwhelmingly to Clear Blue's neglect having been excusable, Clear Blue's claim should be deemed as timely filed.

**Jurisdiction and Venue**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

**Background**

5. As set forth in the Declaration of Lisa Bunnell filed contemporaneously herewith, Clear Blue holds a wildfire subrogation claim against the Debtors on account of two claims by insured individuals related to Northern California Wildfires. Clear Blue stands as the subrogee to the homeowners' claims against the Debtors.

**Basis for Relief Requested**

6. Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . . by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1).

"Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and caselaw has identified four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking

account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonClear Blue], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the Clear Blue, and [4] whether the Clear Blue acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

7. In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline, because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a claimant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--supports the conclusion that Clear Blue's failure to file its proof of claim in connection with its $369,070.16 claim until some six weeks after the general bar date was excusable.

8. Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Clear Blue's favor. Under its plan of reorganization, the Debtors' estates are paying $11 billion into the subrogation trust fund irrespective of the amount of claims asserted against the trust fund. Moreover, as noted above, the diluted effects of allowing this claim is miniscule as it relates to other subrogation claims *See, e.g., In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the

debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date.") and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). The insignificance of Clear Blue's claim relative to Debtors' estates speaks to the absence of prejudice even if the estates were not solvent (which they are). *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

9. Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Clear Blue. Here, Clear Blue missed the applicable bar date by roughly six weeks and, in any event, filed its proof of claim before the deadline applicable to Debtors' fire victim claimants. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Consideration of Clear Blue's claim as timely filed, if permitted by the Court, would have little to no appreciable impact on these proceedings. In fact, had this claim been asserted by the insureds/fire victims it would have been timely filed.

10. The third *Pioneer* factor, the reason for the delay and whether it was in Clear Blue's reasonable control, also favors Clear Blue. Clear Blue acknowledges this Court's observation, in 2004, that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[2] A "satisfactory explanation for the late filing" is

---

[2] The Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the *Pioneer* factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the *debtor* will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.,* 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939,

required. *Graphic Communications* at 5. In *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005), the Ninth Circuit applied *Pioneer* to hold that a district court did not abuse its discretion in finding excusable neglect when a sophisticated law firm missed a notice of appeal deadline, because a paralegal has mistakenly calendared the 60-day deadline applicable to government parties instead of the correct 30-day deadline. In *In re Zilog*, which also involved a late proof of claim, a panel of the Ninth Circuit found excusable neglect based on an ambiguous email from debtor's general counsel to three unrepresented employees that the court found "was not calculated to inform the women that they needed to file their wage claims with the bankruptcy court." 450 F.3d at 1003.

11.     In the accompanying Bunnell Decl., Ms. Bunnell identifies herself, in her capacity as an authorized representative of North American Risk Services, Inc., the third party claims administrator for Clear Blue, as the person generally responsible for claims administration. Ms. Bunnell does not recall ever receiving or becoming aware of a notice of any claims bar date in these cases, and the record contains no indication to the contrary. When Ms. Bunnell began researching the matter (because a notice of claim was tendered to PG&E in May, 2019 and no response was ever received) and learned of the Debtors' bankruptcy proceedings, Ms. Bunnell avers that she had no knowledge of any deadline or bar date for filing a claim in Debtors' bankruptcy cases apart from the applicable California statute of limitations. The Ninth Circuit's comment in *In re Zilog* resonates here: "It would be very strange indeed to find the neglect in our case inexcusable, when the neglect in *Pioneer* and *Pincay* was found excusable." 450 F.3d at 1006.

12.     Upon a review of the broad service list for the bar date notice, neither Clear Blue nor the underlying insureds/fire victims were included on the service list. Courts have recognized the adequacy or sufficiency of notice to a creditor of the claims bar date as an additional factor to be considered in the *Pioneer* balancing test. *See, e.g., In re R.H. Macy & Co., Inc.*, 166 B.R.

---

944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor ... is that of prejudice to the debtor.").

799, 801 (S.D.N.Y. 1994). Clear Blue does not appear on any of the service lists concerning service of the Bar Date Order. D.I. 3159, 3262, 3474, 4543, and 5974.

13. Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Clear Blue failed to act in good faith, particularly inasmuch as Ms. Bunnell acted responsibly and with expedition upon being alerted to the possibility of a claims deadline, which culminated in a proof of claim being filed just six weeks after the general bar date and prior to the December 31, 2019 deadline applicable to fire claimants.

## **Conclusion**

For the reasons set forth above, Clear Blue respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that the proof of claim attached as Exhibit 1 hereto be deemed timely filed; and
3. Granting such other or further relief as the Court deems just and proper.

Dated: April 29, 2020   WILLIAMS | PALECEK LAW GROUP, LLP

*/s/ Jason P. Williams*

JASON P. WILLIAMS, ESQ.
*Attorneys for Clear Blue Insurance Company*