| | |
|---|---|
| RICHARD A. MARSHACK, SBN 107291<br>rmarshack@marshackhays.com<br>D. EDWARD HAYS, SBN 162507<br>ehays@marshackhays.com<br>LAILA MASUD, SBN 311731<br>lmasud@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt, Irvine, California 92620<br>Tel. 949-333-7777<br><br>GERALD SINGLETON, SBN 208783<br>gerald@slffirm.com<br>JOHN C. LEMON, SBN 175847<br>john@slffirm.com<br>SINGLETON LAW FIRM, APC<br>450 A Street, 5th Floor<br>San Diego, California 92101<br>Tel. (619) 771-3473<br><br>Attorneys for Fire Victim Claimants with<br>approximately 7,000 timely-filed claims | JAMES FRANTZ, SBN 87492<br>JPF@frantzlawgroup.com<br>FRANTZ LAW GROUP, APLC<br>402 West Broadway, Suite 860<br>San Diego, California 92101<br>Tel. (855) 930-2626<br><br>RICHARD BRIDGFORD, SBN 119554<br>Richard.Bridgford@bridgfordlaw.com<br>BRIDGFORD, GLEASON & ARTINIAN<br>26 Corporate Plaza, Suite 250<br>Newport Beach, California 92660<br>Tel. (949) 831-6611<br><br>Attorneys for Fire Victim Claimants with<br>Approximately 4,300 timely-filed claims |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>     Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**JOINDER BY 11,300 INDIVIDUAL FIRE VICTIM CLAIMANTS TO DOC. 6973, REPLY TO DOC# 6944, REGARDING ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES**<br><br>Date: TBD<br>Time: TBD<br>Judge: Dennis J. Montali<br>Place: Courtroom 17, 16th Floor<br>    450 Golden Gate Avenue<br>    San Francisco, CA 94102<br><br>[Re: Dkt. Nos. 6799, 6944, 6973] |

  TO THE COURT, ALL INTERESTED PARTIES, AND ALL ATTORNEYS OF RECORD

  The Singleton Law Firm, APC, Marshack Hays LLP, and their co-counsel, represent approximately 7,000 victims of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp

Fire. Together, the Frantz Law Group, APLC, Bridgford, Gleason & Artinian, and their co-counsel, represent approximately 4,300 victims of the 2017 North Bay Fires and the 2018 Camp Fire. Collectively, the aforementioned firms represent at least 11,300 unique claimants who timely-filed Proofs of Claim by the Bankruptcy Court's Bar Date.

## BACKGROUND

On April 20, 2020, William Abrams ("Abrams") filed his Motion to Designate Improperly Solicited Votes Pursuant to 11 U.S.C. §1125(B) and 1126(E) and Bankruptcy Rule 2019 ("Motion") (Dk. No. #6799), and an *Ex Parte* Motion Pursuant to B.L.R. 9006-1 Requesting Order Shortening Time for Hearing (Dk. No. 6798). The Motion sought an order declaring that the votes in favor of the Plan for Reorganization ("Plan") cast by more than 13,000 individual fire victims represented by the law firm of Watts Guerra were improperly solicited. The affect of the relief sought by Abrams would be that these 13,000+ votes would <u>not</u> be counted in the overall vote on the Plan.

Watts Guerra filed its Preliminary Opposition to Abrams' Motion the same day (Dk. No. 6801) ("Opposition"), and this Court denied Abrams' Ex Parte Motion on the same day (Dk. No. 6800).

Attorney Steven Kane, on behalf of Karin Gowins (Dk. No. 6944), then filed a joinder to Abrams' Motion ("Joinder"), and Abrams himself subsequently filed a Response (Dk. No. 6946) ("Response"), a second *Ex Parte* Motion for Order Shortening Time (Dk. No. 6963), and a Declaration in Support of the same. *See*, Dk. No. 6964.

On April 28, 2020, Watts Guerra filed a Reply to the Joinder by Kane/Gowins and Abrams' *Ex Parte* Motion ("Reply"). *See*, Dk. No. 6973.

On April 29, 2020, this Court denied Mr. Abrams' second Ex Parte Motion. *See*, Dk. No. 6876.

## JOINDER

While the issue of whether or not the Watts Guerra firm provided its clients with adequate notice of a potential conflict solely concerns the Watts Guerra firm and its clients, the attempt to disenfranchise over 13,000 victims of these wildfires who have already exercised their right to vote on Debtors' Plan <u>directly affects all victims</u>. Accordingly, the 11,300 individual wildfire victims

represented by undersigned counsel join the Reply and objection filed by Watts Guerra to Gowins' and Abrams' filings.

Every fire victim has the right to vote however they chose on the Debtors' Plan. Thus far, the overwhelming majority of individual fire victims who have voted have cast their votes in favor of the Debtors' Plan. As set forth in the Joint Status report filed on April 28 by attorneys who represent over 31,000 individual fire victims, of the 20,501 victims represented by these attorneys who had voted, 20,229 had voted to accept the plan, while only 272 had voted against. *See,* Dkt # 345. This is an acceptance rate of 98.67%.

While the overwhelmingly majority of victims support the Plan, however, there is a very small – but very vocal – minority who oppose it.

Unfortunately, this small opposition group has resorted to disseminating false information in an attempt to mislead fire victims, most notably by claiming that there is a "back-up" plan that will pay the fire victims $13.5 billion in cash if they reject the current Plan.[1]

This is simply false. The only operative plan is the current Plan, which has (1) a court approved disclosure statement that went through rigorous scrutiny before being disseminated to fire victims, and (2) the bankruptcy court's approval to be sent out to fire victims for a vote.

The only other plan that has been submitted and approved by this Court is the "contingency plan" which calls for PG&E's assets to be sold off in pieces in a bankruptcy sale. *See,* Amended Order of Judge Montali, signed April 24, 2020, Dkt # 6937.

There is no bankruptcy court approved consumer owned utility plan that will somehow magically conjur the $59 billion in financing within 60 days that is needed in order to enable PG&E to emerge from bankruptcy by June 30 and pay the individual fire victims $13.5 billion in cash by September 30, 2020.[2]

---

[1] In addition to posting on social media, this group has also deliberately spread false information to media outlets across the United States in an attempt to achieve earned media designed to mislead fire victims.

[2] Falsely asserting that another Plan exists is not only unethical, it is also a violation of the law. While a soliciting party may react to and present contrary views regarding a court-approved disclosure statement, it may not present or suggest an alternative plan which has not been subject to

Faced with losing the vote overwhelmingly despite their disinformation campaign, this minority group of Plan opponents now seeks to disenfranchise over 13,000 of their fellow fire victims who do not agree with them.

This would affect not only those 13,000 fire victims whose votes would not be counted, but also the vast majority of fire victims who support the plan. More importantly, it would be a miscarriage of justice. If any group deserves to have their voices heard in this process, it is the victims themselves.

While the bankruptcy system is far from perfect, it allows the victims to vote on whether to approve the ultimate plan. It would violate both clearly established bankruptcy law and basic notions of fairness if a minority group is able to impose their will on that of the overwhelming majority by disenfranchising a large number of fire victims.

Respectfully submitted,

MARSHACK HAYS, LLP

Dated: April 28, 2020  By:  /s Richard Marshack
Richard A. Marshack, Esq.
D. Edward Hays, Esq.
Laila Masud, Esq.

SINGLETON LAW FIRM, APC
Gerald Singleton, Esq.
John C. Lemon, Esq.

FRANTZ LAW GROUP, APLC
James Frantz

BRIDGFORD, GLEASON & ARTINIAN
Richard Bridgford

Attorneys for approximately 11,300 Individual Fire Victim Claimants

---

court scrutiny regarding adequacy of disclosure. *In re Apex Oil Co.*, 111 B.R. 245, 249 (Bankr. E.D. Mo. 1990).