

Signed and Filed: April 29, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:  April 29, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 17<br>         450 Golden Gate Ave.<br>         16th Floor<br>         San Francisco, CA |

## ORDER GRANTING MOTION TO EXPUNGE CLASS PROOF OF CLAIM

Certain fire victim creditors ("Movants") filed a motion to expunge creditor GER Hospitality's ("GER") filed class proof of claim (dkt. #6438, amended dkt. #6675) (the "Motion"). GER filed an opposition (dkt. #6716), Debtors filed a statement (dkt. #6765), and Movants filed a reply (dkt. #6887). The court took the matter under submission prior to the scheduled hearing.

-1-

Movants correctly point out that, despite over a year having gone by since GER first filed its class proof of claim on January 29, 2019,[1] GER has yet to file a motion to allow its class proof of claim pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7023. In its opposition, GER did not defend its failure to act but instead suggested that it is more appropriate to allow the trustee of the anticipated fire victims' trust to administer this proof of claim (and all similar claims) and deal with it and them in whatever manner he chooses.

The court considers this non-responsive to the issue at hand, which is whether GER's class proof of claim should survive despite no affirmative actions on its part, with confirmation looming. The court has already twice during this case dealt with and turned down two attempts by other parties to prosecute class claims. It has also permitted an extended claims filing process for tens of thousands of fire claimants.

In a footnote, GER points out that this court cannot prematurely determine whether its proposed class claim meets the requirements of FRBP 7023 because it has not yet filed a motion to certify its class. The footnote then goes on to state, "GER Hospitality should have the opportunity to brief and be heard on those questions at an appropriate time." The "appropriate time" is long past. The opposition did not attempt to seek certification, which may have been appropriate. *See In re Sequoia Senior Solutions, Inc.*, 2017 WL 2533345 at *1-2 (Bankr. N.D. Cal. 2017).

Because GER has not taken steps to certify its class, and its opposition to the Motion was non-responsive, the court hereby GRANTS the Motion. GER's class proof of claim no. 59725 is expunged. The underlying individual claim shall be preserved.

**\*\*\* END OF ORDER \*\*\***

---

[1] GER has since amended its claim (claim no. 59725).

**COURT SERVICE LIST**

ECF Recipients