William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF WILLIAM B. ABRAMS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019**<br><br>Related Documents: Dkt. 6799, Dkt. 6801, Dkt. 6891, Dkt. 6944, Dkt. 6946 |

William B. Abrams in the above-captioned chapter 11 case, hereby submits this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time for a hearing on Wednesday, May 6, 2020 at 10:00 a.m. (prevailing Pacific Time), on the *WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019* (the "**Motion to Designate Votes**") filed contemporaneously herewith. William B. Abrams requests that any responses or objections to the Motion to Designate Votes be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on Monday, May 4, 2020.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a) and Rule 9006-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II. **RELIEF REQUESTED FOR THE DESIGNATION OF VOTES IMPROPERLY SOLICITED AND DISCLOSURES ACCORDING TO BANKRUPTCY RULE 2019**

I am requesting that the court designate votes that have been improperly solicited and either restart the voting process for these claimants free of improper solicitations or issue a letter from the court asking these impacted victims to revote. Additionally, I am requesting that certain RSA provisions (2.g, 2.k, 2.o.i) be struck from the Tort Claimant Committee RSA to enable TCC counsel and Fire Claimant Professionals to speak freely regarding the risks of the plan given that it is now clear that these clauses have enabled and precipitated violations of the rules of professional conduct. Finally, I am requesting that TCC counsel and Fire Claimant Professionals make available to the court and to their clients "disclosable financial interests" as defined by bankruptcy rule 2019 that have or could have affected the legal and strategic positions they have taken in this case. These

positions include but are not limited to any economic interest like short positions, long positions, credit default swaps, total return swaps, participations and derivative interests.

### III. SHORTENING TIME FOR HEARING ON THE MOTION TO DESIGNATE VOTES IS WARRANTED

There have been significant voting irregularities and mounting concerns raised by victims regarding the ongoing vote solicitation practices (robo-calls, text-message campaigns, TV advertisement, etc.) employed by certain Fire Claimant Professionals. These practices are in direct violation of 11 U.S.C. §§ 1125(B) AND 1126(E) that are material and time sensitive as they relate to the ongoing voting process. Additionally, there have been many issues raised regarding the lack of "disclosable financial interests" and direct conflicts of interest which point to additional violations pursuant to bankruptcy rule 2019. These financial issues have also dramatically impacted the integrity of the plan, victim settlement and associated vote solicitation process. It is for these reasons and others that this motion for shortening time is appropriate.

In anticipation of this motion to shorten time, I raised these issues with the Tort Claimants Committee (TCC) many times in letters including on April 16, 2020. Specifically, I spoke to Robert Julian on April 27, 2020 asking for the TCC to support my Motion to Designate Votes. Subsequently, I emailed all core parties in an effort to gain their support for my motion to shorten time and received a response from Stephen Karotkin representing the Debtors (copying the TCC) on April 29, 2020 indicating "*We will not consent to an order shortening time*" and an email received from Unsecured Creditors Committee on April 30, 2020 indicating "*Thank you for your email. The Official Committee of Unsecured Creditors takes no position on your request to shorten time with respect to your Motion to Designate*". My efforts to contact counsel for the Debtors and the two official committees to obtain their consent to the hearing of my Motion to Designate Votes on shortened time is set out in my Declaration in Support of this Ex Parte Motion to Shorten Time, filed herewith.

///

## IV. NOTICE

Notice of this Motion to Shorten will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; and (xiii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. As a Pro Se party to this proceeding, William B. Abrams respectfully submits that this will be accomplished through email to the service list and that no further notice is required. I have filed this Motion to Shorten and the "*WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019*" according to the court COVID procedures for Pro Se parties.

This Motion to Shorten Time is being refiled to address the B.L.R. 9006-1 Compliance issues set out in the prior court order [Dkt. 6800]. No other request for the relief sought herein has been made by William B. Abrams to this or any other court.

**WHEREFORE** William B. Abrams respectfully requests entry of an order granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated: April 30, 2020

Respectfully submitted,

William B. Abrams
Claimant