William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF WILLIAM B. ABRAMS IN SUPPORT OF *EX PARTE* MOTION OF WILLIAM B. ABRAMS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019**<br><br>Related Documents: Dkt. 6799, Dkt. 6801, Dkt. 6891, Dkt. 6944, Dkt. 6946 |

I, William B. Abrams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a claimant and a PG&E Fire Survivor who has engaged in this proceeding as a Pro Se party to promote and collaborate with core parties in good-faith towards a plan that provides a restructured PG&E oriented towards safe and reliable service as well as just settlements for all claimants.

2. I submit this declaration in support of this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time for a hearing on Wednesday, May 6, 2020 at 10:00 a.m. (prevailing Pacific Time), on the *WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §§ 1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019* (the "**Motion to Designate Votes**"), filed contemporaneously herewith.[1]  William B. Abrams requests that any responses or objections to the Motion to Designate Votes be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on Monday, May 4, 2020.

3. I believe that approval of the Motion to Designate Votes as described therein is particularly time-sensitive, given the ongoing victim vote solicitation and the current stage of these Chapter 11 Cases.  As described in the Motion to Designate Votes, Joinders filed by other parties to this proceeding and within the Motion to Shorten Time, there is ample evidence that there are violations of U.S.C. §§ 1125(B) and 1126(E) and bankruptcy rule 2019.  To whatever extent there is uncertainty and disputes regarding these violations, these differences need to be resolved quickly to ensure the integrity of the voting process and the timely confirmation of the Plan by June 30, 2020 set by AB 1054.

4. I believe that prompt resolutions of these violations are in the best interest of all parties on the road to an approved plan and just settlements for claimants.  I believe that the timeframe stipulated in the Motion to Shorten provides adequate time for all parties to file objections

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Designate Votes or the Motion to Shorten, as applicable.

and to have substantive oral arguments on May 6, 2020. Certain parties in this proceeding have already filed joinders, objections and responses which should help to expedite this process.

5. As set forth in the Motion to Shorten and because the Motion to Designate Votes and associated Joinders go to the heart of the integrity of the plan and the vote solicitation process, that could otherwise derail confirmation and recoveries to Fire Victims under the Plan, a prompt hearing on the Motion is warranted and appropriate. I have put forward the Motion to Designate Votes in good-faith to remedy these issues for all parties and in particular for PG&E Fire Victims who deserve a fair, prompt and just resolution pursuant to U.S.C. §§ 1125(B) and 1126(E) and Bankruptcy rule 2019.

6. Addressing the Order denying my earlier request to shorten time [Dkt. 6976], the following are my efforts to contact counsel for the Debtors and the two official committees. Prior to and after my Motion to Designate Improperly Solicited Votes, I sent emails and had phone calls with Robert Julian, attorney for the Official Committee of Tort Claimants. Most recently on April 27, 2020 I spoke with Mr. Julian and asked for the support of the TCC. He indicated that he would need to confer with the Committee. Subsequent to that conversation, I emailed Stephen Karotkin, counsel for the Debtors on April 29, 2020 (A true and correct copy of that email is attached hereto as **Exhibit A).** I received a response indicating "*We will not consent to an order shortening time*". I also emailed counsel for the Official Committee of Unsecured Creditors (a true and correct copy of that email is attached hereto as **Exhibit B**). I received the response from Erin Dexter on behalf of that Committee indicating "*Thank you for your email. The Official Committee of Unsecured Creditors takes no position on your request to shorten time with respect to your Motion to Designate.*"

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at Santa Rosa, California on April 30, 2020.

William B. Abrams
Claimant