# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Stephen Karotkin**
+1 (212) 310-8350
stephen.karotkin@weil.com

By Electronic Mail

May 1, 2020

The Honorable Dennis Montali
Unites States Bankruptcy Judge
United States Bankruptcy Court
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Co.*,
    Case No. 19-30088 (DM) (Jointly Administered) (the "**Chapter 11 Cases**")

Dear Judge Montali:

On behalf of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**"), this letter responds to the April 29, 2020 letter submitted by counsel to the Public Employees Retirement Association of New Mexico ("**PERA**") [Dkt. No. 6982] (the "**PERA Letter**").[1]

Before addressing the substance of the matters raised in the PERA Letter, the Debtors offer some information to put these issues in the appropriate context. Although PERA refers to itself as the "court-appointed lead plaintiff" in the Securities Litigation, a class has not been certified in that matter, and accordingly neither PERA nor its counsel represents a class of individuals or claimants in that action, these Chapter 11 Cases, or otherwise. *See* Bar Date Extension Order ¶ 1; *accord Memorandum Decision Regarding Motion to Apply Rule 7023* [Dkt. No. 5887]. Nor is there any evidence that PERA or its counsel represent or speak for any other claimants that filed Rescission or Damage Claims in the Chapter 11 Cases. As the PERA Letter notes, as of April 26, 2020, the Debtors have received more than 4,400 Rescission or Damage Claims, with the aggregate asserted value of those claims exceeding $6 billion. *See* PERA Ltr. at 2. PERA, meanwhile, has filed a Rescission or Damage Claim (exclusively against PG&E Corporation) in the amount of $119,134.72. *See* Claim No. 101691. Under these circumstances, PERA has no authority or standing to speak for these claimants, particularly in view of the many interests represented by the claims filed, the fact that the Court has rejected class status, and PERA's and its counsel's potential

---

[1] Capitalized terms used but not herein defined have the meaning ascribed to them in the PERA Letter or the *Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943] (the "**Bar Date Extension Order**"), as applicable.

conflicts with other claimants. Indeed, PERA seeks in the Securities Litigation to impose liabilities on the Reorganized Debtors that would be detrimental to the interests of holders of Rescission or Damage Claims not represented by PERA.

Further, pursuant to the Bar Date Extension Order, this Court extended the deadline for filing Rescission or Damage Claims until April 16, 2020, after extensive briefing by and negotiations between the Debtors and PERA, and multiple hearings and conferences before the Court on the form and manner of notice to be provided. As I am sure the Court will recall, that form and manner of notice was fully reviewed and approved by PERA's counsel prior to its approval by the Court. *See* Bar Date Extension Order ¶ 2.

It is also important to note that, for obvious strategic reasons, PERA waited for nearly two weeks from the April 16, 2020 Extended Bar Date to file its April 29 letter. It is apparent that PERA is attempting to leverage its position, in view of the impending confirmation hearing and the June 30, 2020 AB 1054 deadline, to reargue issues already decided by this Court and to somehow inject itself as "class counsel." The Court should not permit PERA to delay the timely confirmation of the Plan to the detriment and prejudice of all stakeholders in these Chapter 11 Cases.

The matters raised in the PERA Letter generally fall into three categories: (i) extended bar date notice issues, (ii) solicitation and confirmation objection issues, and (iii) post-confirmation procedural issues. As set forth below, the Debtors believe each of these topics has already been adequately addressed and, therefore, a conference with the Court is not necessary at this time. However, to the extent the Court wishes to discuss these matters, the Debtors are available at the Court's convenience.

**Extended Bar Date Notice Issues**

The PERA Letter asserts that "a significant number of Rescission or Damage Claimants did not receive the Extended Bar Date Notice until just before, or even *after* the Extended Bar Date had passed." PERA Ltr. at 3 (emphasis in original). It then repeatedly states that this was the fault of the Debtors and Prime Clerk. This is patently untrue.

The Court has been advised of the Debtors' strict compliance with the Bar Date Extension Order (the provisions of which were expressly agreed to by PERA), as detailed in the Debtors' omnibus pleading and declaration filed in response to certain individual and pro se filings [Dkt. Nos. 6934 and 6936] (the "**Omnibus Response**"). There is no need to restate the irrefutable facts contained therein, and one thing is clear: despite PERA's mischaracterizations, the failure of any Rescission or Damage Claimant to receive notice of the Extended Bar Date was not the fault of the Debtors or Prime Clerk—they cannot control the Nominees.

Furthermore, in connection with the Debtors' Omnibus Response, the Court has already approved a process for addressing late-filed Rescission or Damage Claims and requests for extensions of time from

individual claimants.  *See Order Resolving Motions to Enlarge Time to File Rescission or Damage Claim Proof of Claim Forms* [Dkt. No. 7013].  Consistent with the Court's Order, the Debtors are addressing such requests on a case-by-case basis and, as discussed below, will provide such claimants with provisional voting materials, as applicable, in advance of the voting deadline.  Accordingly, these issues have already been adequately addressed by the Debtors and the Court.

**Solicitation and Confirmation Objection Issues**

PERA also asserts that a conference is necessary to discuss, among other things, "the proposed process for ensuring that all Rescission or Damage Claimants receive copies of the Standard Impaired Ballot" before the May 15 voting deadline.  PERA Ltr. at 3.

First, for purposes of solicitation and voting on the Plan, it is important to consider the distinction between the holders of Rescission or Damage Claims based on debt securities, on the one hand, and equity securities, on the other hand.  Under the Plan, Rescission or Damage Claims filed on account of a party's purchase or acquisition of debt securities (Classes 9A and 10B) (collectively, the "**Rescission or Damage Debt Claims**") are unimpaired and, therefore, such claimants are not entitled to vote, and their votes on the Plan will not be solicited.  *See* Plan [Dkt. No. 6320] § 3.2.  In contrast, individuals or entities that have submitted Rescission or Damage Claims premised on equity interests (Class 10A-II under the Plan) (collectively, the "**Rescission or Damage Equity Claims**") are impaired and are, therefore, entitled to vote on the Plan.  *See id.*  So, contrary to PERA's assertion, not "all" Rescission or Damage Claimants require copies of the Standard Impaired Ballot.

Second, the procedures for soliciting the votes of holders of Rescission or Damage Equity Claims have already been approved by the Court and those efforts are underway.  Pursuant to the Court's Order approving the Disclosure Statement and solicitation procedures [Dkt. No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the Court approved procedures whereby the Debtors would solicit the votes of timely filed Rescission or Damage Equity Claims on a rolling basis as such claims are filed, through and including April 16.  *See id.* ¶ 10.  In accordance with the Disclosure Statement and Solicitation Procedures Order, as of April 23, 2020, Prime Clerk, at the Debtors' direction, had already mailed solicitation materials to approximately 2,800 individuals and entities that the Debtors identified as holders of potential Rescission or Damage Equity Claims based on a review of their claims and the supporting documentation submitted in connection therewith.  Additionally, and notwithstanding the passage of the Extended Bar Date, the Debtors will provide provisional ballots to any individuals that file late Rescission or Damage Equity Claims, as well as those individuals that request (formally or informally) an extension of time to file such equity-based claims, prior to May 11, 2020 to allow such individuals an opportunity to submit ballots in advance of the May 15 voting deadline.

Lastly, as the Court is aware, the purpose of the solicitation is to allow impaired creditors and shareholders an opportunity to vote on the Plan, not—as PERA seems to believe—to revisit potential objections to the

Disclosure Statement; the time for which has long since passed. *See* PERA Ltr. at 3. This Court has already approved the Disclosure Statement, which provides more disclosure regarding the Securities Litigation and the Plan's treatment of Rescission or Damage Claims than is necessary to allow holders of Rescission or Damage Equity Claims to make an informed decision as to how to vote on the Plan. Further disclosure or discussion on this subject is not necessary, especially in light of the inescapable fact that acceptance by the class of Holdco Rescission or Damage Equity Claims—the only class of such claims that is entitled to vote on the Plan—is not required for the Court to confirm the Plan and allow the Debtors to emerge from Chapter 11 in advance of the June 30 AB 1054 deadline. Those claims, if valid, are statutorily subordinated to the level of equity pursuant to section 510 of the Bankruptcy Code and, therefore, even if that class rejected the Plan or were deemed to reject the Plan, the cram down requirements of section 1129(b) of the Bankruptcy Code would be easily satisfied.

Accordingly, the Debtors submit that these issues have also been adequately addressed.

**Plan Confirmation Issues**

In view of the foregoing, none of the issues raised by PERA (even if it had authority to represent other holders of Rescission or Damage Claims) impose any impediment to confirmation of the Debtors' Plan or any reason to delay any proceedings before this Court.

First, as demonstrated above, any pre-confirmation issues have already been addressed. Second, as acknowledged by PERA, the claims allowance process can be dealt with post-confirmation and post-Plan Effective Date without in any way delaying confirmation or implementation of the Plan. Simply stated, although the Debtors believe all of the Rescission or Damage Claims are completely lacking in merit, the Rescission or Damage Debt Claims, if proven and allowed, will be paid in cash, and the Rescission or Damage Equity Claims, if proven and allowed, will be paid solely in equity. There is no reason why these claims must be addressed prior to confirmation or why they should in any way delay confirmation and consummation of the Plan or jeopardize the Debtors' ability to meet the critical AB 1054 deadline.

**Post-Confirmation Procedures Issues**

PERA concludes its letter by asserting that "a post-confirmation consolidated procedure appears to be particularly appropriate," plainly revealing PERA's true intention: to re-litigate the Rule 7023 Motion in hopes of, once again, positioning itself and its counsel to represent a class of potential claimants the Court has already declined to certify. PERA Ltr. at 5. Additionally, and most importantly, there already is a process underway for resolving the Rescission or Damage Claims and the Securities Litigation. The parties are participating in mediation before Judge Layn Philips and former Bankruptcy Judge Newsome, and that process should be allowed to continue. If a post-confirmation process must be considered at some point in the future, the tools in the Bankruptcy Code to resolve proofs of claim are more than adequate, and then the time to consider such a process is after the Plan has been confirmed.

\* \* \*

As set forth above, the Debtors do not believe a conference on the issues raised in the PERA Letter is necessary at this time.  Of course, the Debtors remain available at the Court's convenience should the Court wish to discuss these or any other issues further.

Respectfully submitted,

*/s/ Stephen Karotkin*

Stephen Karotkin

cc:
Thomas A. Dubbs (via electronic mail)
Michael S. Etkin (via electronic mail)
Randy Michelson (vial electronic mail)