Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**NOTICE OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' RESERVATION OF RIGHTS RE DEBTORS' FILING OF PLAN SUPPLEMENT IN CONNECTION WITH DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020**<br><br>**Related Docket No. 7037** |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, CHAPTER 11 DEBTORS IN POSSESSION PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC CORPORATION, AND TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** of the reservation of rights contained herein pertaining to the *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Dkt. 7037] (the "**Plan Supplement**").

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (the "**Debtors**") filed the Plan Supplement in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") on May 1, 2020, as required by the *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief, dated March 17, 2020*. The Plan Supplement attaches various documents that are filed in support of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (the "**Plan**"). As of the filing, the Debtors and the TCC had not agreed upon the terms of the documents filed with the Plan Supplement.

On or about December 6, 2019, the Debtors, the Official Committee of Tort Claimants (the "**TCC**"), certain law firms representing individuals holding approximately 70% in number of the prepetition fire claims filed against the Debtors (the "**Consenting Fire Claimant Professionals**"), and certain funds and accounts managed by Abrams Capital Management, LP and Knighthead Capital Management, LLP (the "**Shareholder Proponents**") (collectively, the "**Settlement Parties**"), entered into the Restructuring Support Agreement (the "**RSA**") and its attached Term Sheet (the "**Settlement**"), in which the Settlement Parties agreed to a Settlement for treatment of the claims of tort claimants defined in the Plan as "Fire Victims," and which was approved by this Court in an order entered December 19, 2019, pursuant to Fed. R. Bankr. P. 9019. Under the terms

of the RSA and the Settlement, the Debtors may not modify, amend, or supplement their Plan in any manner that "adversely affects the economic recoveries or treatment of the holders of Fire Victim Claims" without the written consent of the TCC and Consenting Fire Claimant Professionals representing such Fire Victims. *See* Docket No. 5038-1, p. 10, Section 7.

Further, the RSA and Settlement require that all Settlement Parties, in the course of drafting and negotiating "Definitive Documents," which is a defined term that includes any supplements to the Plan, will "refrain from taking any action that would frustrate the purposes and intent of this Agreement." *Id*., p. 9, Section 4.

**PLEASE TAKE NOTICE** that Exhibit E to the Plan Supplement does not conform with the express terms of the Settlement, and does not conform with the Debtors' duties under the Settlement.

**PLEASE FURTHER TAKE NOTICE** that Exhibit F to the Plan Supplement was filed without consultation with the TCC, and appears to contravene the express terms of the Settlement in various respects.

**PLEASE TAKE FURTHER NOTICE** that all parties seeking notice of the nature and scope of the Assigned Rights and Causes of Action that are being assigned to the Fire Victim Trust under the Plan should review the definition of Assigned Rights and Causes of Action found in the Settlement [Dkt. No. 5038-1, ECF Page 42 of 52, Article I – Definitions], and should consult the pleadings that the TCC will file on or about May 15, 2020, in connection with the Court's hearing on confirmation of the Debtors' Plan.

**PLEASE TAKE FURTHER NOTICE** that the TCC reserves all rights in connection with the RSA, the Settlement, and the Plan Supplement, and the rights and obligations of the Settlement Parties thereunder.

///
///
///
///
///

Dated: May 4, 2020

**BAKER & HOSTETLER LLP**

By: */s/ David J. Richardson*
    Robert A. Julian
    Cecily A. Dumas
    David J. Richardson

*Counsel for The Official Committee of Tort Claimants*