Thomas Tosdal SBN 67834
Tosdal Law Firm APC
777 S. Highway 101, Ste. 215
Solana Beach, CA 92075
Tel.: (858) 704-4709
E mail: tom@tosdallaw.com
Fax: (888) 740-3859

Michael S. Feinberg SBN 81867
41911 Fifth Street, Ste. 300
Temecula, CA 92590
Tel.: (951) 698-9900
E mail: feinberg@feinbergfitchlaw.com
Fax: (951) 698-9909

Angela Jae Chun SBN 248571
Law Office of Angela Jae Chun
777 S. Highway 101, Ste. 215
Solana Beach, CA 92075
Tel.: (619) 719-5757
E mail: ajc@chun.law

Attorneys for Certain Fire Victims
of the 2017 North Bay fires and 2018 Camp fire

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088-DM<br><br>**NOTICE OF PLAN VOTING PROCEDURE IRREGULARITIES** |

TO THE COURT AND ALL COUNSEL

      This notice is filed by the undersigned counsel for many (1,021) persons and businesses who suffered harm caused by the Atlas (Napa), Redwood Valley (Mendocino), and Camp (Paradise) fires.

In the last two weeks, irregularities in voting procedures have come to our attention. The irregularities are found in two areas: (1) vote solicitation conduct by some plaintiffs law firms and (2) duplicate, late or missing ballots or voter identification numbers.

1. **Some Plaintiffs Law Firms Are Making It More Difficult For Their Clients To Vote To Reject Than Accept PG&E's Plan**

Text messages from law firms and complaints from fire victims found on fire victim social media platforms indicate some law firms favoring acceptance of the plan are making it more difficult for a fire victim to vote to reject the plan than to accept it. Such a procedure is neither accepted nor customary, has a chilling effect on voting to reject the plan, and erodes confidence in the outcome of the vote.

The holder of a claim or interest allowed under section 502 of the Bankruptcy Code may accept or reject a plan. (11 U.S.C. section 1126(a).) A class of claimants accept a plan if at least two thirds of the amounts of the claims and one half of the number of claimants accept the plan. (*Id.* at subdivision (c).) The Fire Victims comprise the largest class of claimants. This Court has assigned almost all fire victims a claim value of one dollar each for purposes of voting on the plan, so two thirds of the fire victims need to vote to accept PG&E's plan.

The Bankruptcy Court has approved voting procedures by which fire victims may vote to "Accept" or "Reject" the plan. (Doc. 6340-1.) One method is called Direct Solicitation, whereby ballots are sent to claimants, who vote either electronically or by mail directly to PG&E's Solicitation Agent, PrimeClerk, which records and tabulates the votes. Another method is the Master Ballot Solicitation Method, whereby a law firm representing fire claimants solicits votes from its clients through "accepted and customary procedures,"

which can be by electronic mail, telephone, or other acceptable and customary method. The law firm is then to record the votes of its clients and forward them on a master ballot to PrimeClerk for tabulation. Law firms electing this procedure "shall meet all applicable standards to receive informed consent from its Fire Victim Clients." (Doc. 6340 p. 12.)

There appear to be various devices used by some law firms to make it harder to vote to reject the plan. The attached exhibits are examples of some of these devices. These exhibits were obtained from fire victim social media platforms.  The devices include:

- A law firm telling its clients it will vote "yes" for them but to call the firm if any client disagrees with a "yes" vote (Exhibit 1),
- A law firm soliciting a "yes" vote by text but requiring a different method to register a "no" vote (Exhibit 2),
- A law firm providing a client with an easy click to vote "yes" but requiring a client type in "no" (Exhibit 3),
- A law firm requesting a client's agreement for the firm to vote for the client but not recognizing a "no" answer to the request (Exhibit 4),
- A law firm requesting a client vote by e mail with the word "accept" (Exhibit 5),
- A law firm telling a client the firm will assume a "yes" vote unless the client lets the firm know the client wants to vote "no."  (Exhibit 9).

Procedural devices that make it harder for fire victims to vote to reject the plan cross the line and undermine confidence in the vote.

These irregularities were brought to the attention of the District Court by a filing on April 27, 2020, in anticipation of a status conference to be held on April 30.  With two weeks left until voting terminates on May 15, 2020, the District Court was requested to

intervene to instruct all counsel to put voting for or against the plan on equal procedural footing and not encumber in any way a fire victim's right to vote to reject the plan. But the District Court declined to take up the request and instead cancelled the status conference. By the time any request to this Court for a proscriptive remedy can be heard, little time will be left in the voting period for any such remedy to have effect. Accordingly, this notice and attached evidence of voting procedure irregularities are provided to the Court and made part of the record of this bankruptcy case in the event the Court holds a hearing on voting procedures.

**2. Missing, Late, and Duplicate Ballots**

PG&E's solicitation agent is vested with the responsibility of timely and accurately sending to each fire victim or his/her attorney solicitation packages containing among other things the Disclosure Statement, a ballot, and unique voter identification number. Irregularities have occurred in the solicitation process in the form of duplicate, late, and missing ballots and voter identification numbers.

A press report by KQED on May 4, 2020, is entitled "As PG&E Fire Survivors Near Deadline to Vote on Settlement, Some Still Don't Have Ballots." (Exhibit 6.) The article states that some 50 fire claimants have sent messages that they have yet to receive ballots. It is unknown how many fire victims in total have not yet received ballots.

A declaration filed in this Court by an attorney, Joseph Lucia, reports his firm did not receive solicitation packages from PrimeClerk for his clients until April 28, 2020, four weeks after voting commenced. (Lucia Decl., Doc. 7014.)

A social media post by a fire victim on May 4, 2020, reports she received from PrimeClerk two solicitation packages with a total of eight ballots with unique voter

Page 4

identification numbers. She had amended her claim, but PrimeClerk sent her ballots for the both the original and amended claim. (Exhibit 7.) If duplicate ballots were sent for all amended claims, the amount of ballot duplication could be significant.

In another social media post on May 4, 2020, a fire victim complained she and her attorney had been unable to get her voting identification number and "many people are saying they don't have one either." (Exhibit 8.)

Potentially significant irregularities in the ballot solicitation procedures have occurred.

### 3. Conclusion

These many voting procedure irregularities are brought to the Court's attention for whatever action the Court deems appropriate at this time. Should the Court hold a hearing on voting issues, it is requested the irregularities identified in this notice be addressed as well.

Dated: May 5, 2020                                           TOSDAL LAW FIRM

                                                             */s/ Thomas Tosdal*
                                                             Thomas Tosdal, Esq.
                                                             Attorneys for Certain Fire Victims
                                                             of the 2017 North Bay fires and 2018
                                                             Camp fire