WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' RESPONSE TO MOTION OF WILLIAM B. ABRAMS TO DESIGNATE VOTES PURSUANT TO 11 U.S.C. §§ 1125(b) AND 1126(e) AND FED. R. BANKR. P. 2019**<br><br>[Related to Dkt. No. 6799]<br><br>Date:  May 12, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this Response (the "**Response**") to *William B. Abrams' Motion to Designate Improperly Solicited Votes Pursuant to 11 U.S.C. §§ 1125(b) and 1126(e) and Bankruptcy Rule 2019* [Docket No. 6799] (together with Mr. Abrams's supplemental reply [Docket No. 6946], collectively, the "**Motion**") and the various joinders, supplements to joinders, and notices related thereto, including the *Joinder of Certain Fire Victims* damaged by fires in Sonoma, Napa, Mendocino, and Butte Counties [Docket No. 6939], the *Joinder on Behalf of Karen Gowins* and *Supplement to Joinder on Behalf of Karen Gowins* [Docket Nos. 6944 and 7073], the *Joinder of Certain Fire Victims* of the Paradise Camp Fire [Docket No. 6981], and the *Notice* filed by counsel for certain persons and businesses who suffered harm caused by the Atlas (Napa), Redwood Valley (Mendocino), and Camp (Paradise) Fires [Docket No. 7069].

## Response

As this Court is well-aware, the voting procedures that are being utilized in connection with the solicitation of votes on the Plan[1] are the product of a comprehensive and collaborative undertaking on the part of the Debtors and the TCC to assure that Fire Victim Claimants are provided a full and fair opportunity to vote to accept or reject the Plan, and expressly designed to ensure the integrity of the process. These procedures are set forth in great detail in this Court's *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"). The Disclosure Statement and Solicitation Procedures Order (and annexed forms of Ballots) include explicit procedures for attorneys for Fire Victims to solicit the votes of

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Disclosure Statement and Solicitation Procedures Order (as defined below).

their clients (including pursuant to Fire Victim Master Ballots), and for the solicitation of those Fire Victims who are not represented by attorneys.

After notice and a full opportunity for all parties in interest to object or otherwise express any concerns they had with respect to these voting procedures and Ballots, this Court entered the Disclosure Statement and Solicitation Procedures Order. Again, these Court-approved voting procedures were formulated with and expressly approved by the TCC—the statutory fiduciary for all fire victims. Notably, neither Mr. Abrams nor any other party joining in his Motion objected to, or voiced any concerns with, the voting and solicitation procedures.

As demonstrated by the various affidavits filed by Prime Clerk, LLC ("**Prime Clerk**") in these Chapter 11 Cases, the terms of the Disclosure Statement and Solicitation Procedures Order with respect to the transmission of Ballots and Solicitation Packages by Prime Clerk, on behalf of the Plan Proponents, have been strictly complied with, and voting by Fire Victims and other creditors and shareholders entitled to vote on the Plan is underway, with a voting deadline of May 15, 2020. *See* [Docket Nos. 6893, 6935, 7059, 7082, 7084, and 7123].

It is important to note that, as expressly provided in the Disclosure Statement and Solicitation Procedures Order, with respect to Fire Victim Master Ballots to be submitted by law firms representing Fire Victims, each such Ballot requires the law firm submitting a Fire Victim Master Ballot to make the following certifications:

> **Item 3. Acknowledgments and Certification.** By signing this Master Ballot, the undersigned certifies that the following matters are true and correct:
>
> a) I have been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits.
>
> b) Each of the individuals set forth on the Exhibit attached hereto is a Fire Victim Client holding a Fire Victim Claim under the Plan.
>
> c) Each of the Fire Victim Clients set forth on the Exhibit is represented by me and, through the execution and filing of this Master Ballot with the Solicitation Agent, I either (i) have collected and recorded the votes of my Fire Victim Clients through customary and accepted practices, or have obtained authority to procedurally cast each Fire Victim Clients' vote, and I have complied with the voting procedures set forth in the Disclosure Statement and Solicitation Procedures Order and each of my Fire Victim Clients has indicated an informed decision on such vote; or (ii) have the authority under applicable law to vote to

        accept or reject the Plan on behalf of my Fire Victim Clients and I have provided a valid power of attorney to the Solicitation Agent.

    d) I have met all applicable standards to receive informed consent from each of my Fire Victim Clients with respect to his, her, or its vote on this Master Ballot.

    e) I have either (i) provided the Disclosure Statement, either in hard copy or electronic format, to each of my Fire Victim Clients, or (ii) requested that the Solicitation Agent serve Solicitation Packages (without a Ballot) on my Fire Victim Clients.

Disclosure Statement and Solicitation Procedures Order, at Ex. A-1 (Fire Victim Master Ballot).

       As evidenced by the various pleadings filed with the Court, very strong sentiments have been expressed by and on behalf of Fire Victim Claimants with respect to the Plan. As the Court has appropriately recognized, during the Plan solicitation period, parties are free to lobby for votes for and against the Plan, and that certainly is taking place.

       "A right to vote on a plan is a fundamental right of creditors under chapter 11. Designation of a creditor's vote is a drastic remedy, and, as a result, designation of votes is the exception, not the rule. The party seeking to have a ballot disallowed has a heavy burden of proof." *In re Adelphia Commc'ns Corp.*, 359 B.R. 54, 61 (Bankr. S.D.N.Y. 2006) (footnotes omitted).

       The Debtors, and, indeed, all parties in interest, are at a critical juncture in the administration of these Chapter 11 Cases and achieving a successful reorganization by the critical AB 1054 deadline. Under these circumstances, and in view of the strong sentiments, views, and accusations being voiced in the Plan solicitation process, great care must be given to ensure that Fire Victim Claimants are not inappropriately disenfranchised.

Dated: May 8, 2020

                                                  **WEIL, GOTSHAL & MANGES LLP**

                                                  **KELLER BENVENUTTI KIM LLP**

                                                  By:   /s/ *Stephen Karotkin*
                                                            Stephen Karotkin

                                                 *Attorneys for Debtors and Debtors in Possession*