# EXHIBIT 14

UNITED STATES COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC<br>COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>DECLARATION OF<br>GERALD SINGLETON ATTACHED TO<br>JOINT REPORT REGARDING<br>THE STATUS OF THE VOTE<br><br>Date:     April 30, 2020<br>Time:    2:00 p.m. (Pacific Time)<br>Judge:   Hon. James Donato<br>Place:   Telephonic Only: (877) 402-9753,<br>             access code 5266369<br><br>[Re Dkt. Nos. 308, 311, 342] |

## DECLARATION OF GERALD SINGLETON

Gerald Singleton declares the following pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of SINGLETON LAW FIRM, APC.

2. My firm represents more than 7,000 individuals with unique claims arising from wildfires alleged to have begun by PG&E equipment, who timely filed a Notice of Claim prior to the amended Bar Date ordered by the Bankruptcy Court.

3. Pursuant to the Restructuring Support Agreement (Doc. #5038-1; Case: 19-30088, Entered 12/09/19, p. 6, ¶2(g)), my firm has used "reasonable efforts to advise and recommend to its existing and future clients' (who hold Fire Victim Claims) to support and vote to accept the Amended Plan."

4. As authorized by both the Restructure Support Agreement (ECF # 5038-1, p. 4; ¶2(a)(ii)) ("the Debtors shall… seek approval by the Bankruptcy Court of procedures to allow distribution of solicitation materials and casting of ballots for holders of Fire Victim Claims by

digital means"), and by Order of the Bankruptcy Court Establishing and Approving Plan Solicitation and Voting Procedures (ECF #6340, p. 12, ¶13(a)) (Each firm selecting the Master Ballot Solicitation Method… shall …provide the Disclosure Statement, either in hard copy of electronic format, to its Fire Victim Clients"), my firm has been soliciting and collecting votes both electronically and by mail.

5. A true and correct copy of the text ballot format with which my firm sent its clients the required court-ordered documents, including the Disclosure Statement, is attached hereto as Exhibit "A." The client recipient of the text may first click on a line entitled "Review Court Ordered Documents," and cause each of the Court-ordered documents to be revealed in a PDF format for review. Next, the client recipient of the text may then click on either "ACCEPT (I.E., VOTE IN FAVOR) the Plan" or "REJECT (I.E., VOTE AGAINST) the Plan."

6. These text votes are electronically delivered to our firm, and tabulated on a daily basis.

7. As of 12:00 p.m. PDT on Monday, April 27, 2020, at 2:30 p.m. PDT, 3,232 of my clients have voted to "ACCEPT" the Amended Plan.

8. As of 12:00 p.m. PDT on Monday, April 27, 2020, at 2:30 p.m. PDT, 39 of my clients have voted to "REJECT" the Amended Plan.

9. Concerning Tosdal's filing with this Court (Doc. #342, Case 3:19-cv-05257-JD, filed 04/27/20), the undersigned wishes to inform this Court as to the method the firm is using to solicit, collect and report votes cast by its respective clients.

10. Regarding Exhibit 1 of ECF 342 filed by Tosdal on April 27, 2020, my law firm has not told its clients that "it will vote 'yes' for them but to call the firm if any client disagrees with a 'yes' vote."

11. Regarding Exhibit 2 of ECF 342 filed by Tosdal on April 27, 2020, my law firm has not "solicit[ed] a 'yes' vote by text but require[ed] a different method to register a 'no' vote."

12. Regarding Exhibit 3 of ECF 342 filed by Tosdal on April 27, 2020, my law firm has not "provid[ed] a client with an easy click to vote 'yes' but requiring a client type in 'no.'"

13. Regarding Exhibit 4 of ECF 342 filed by Tosdal on April 27, 2020, my law firm has not "request[ed] a client's agreement for the firm to vote for the client but not recognizing a 'no' answer to the request." We have not and will not cast a ballot for a client who has failed to vote either "ACCEPT" or "REJECT."

14. Regarding Exhibit 5 of ECF 342 filed by Tosdal on April 27, 2020, my law firm has not sought to have its clients vote by email without giving a client the ability to cast either an "ACCEPT" or a "REJECT" vote.

15. I affirm that the facts set forth in this declaration are true and correct.

Dated April 28, 2020                    Respectfully submitted,


*/s/ Gerald Singleton*
Gerald Singleton
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, California 92101
Phone: (619) 771-3473
Email: gerald@slffirm.com

*Attorney for Numerous Wild Fire Claimants*