# EXHIBIT 16

WATTS GUERRA LLP
Mikal C. Watts
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

*Attorneys for Numerous Wild Fire Claimants*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF MIKAL WATTS REGARDING WILLIAM B. ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES PURSUANT TO 11 U.S.C. §1125(B) AND 1126(E) AND BANKRUPTCY RULE 2019**<br><br>Date: April 27, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 6799, 6964, 6963 |

**DECLARATION OF MIKAL WATTS**

Mikal Watts declares the following pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of WATTS GUERRA LLP.

2. WATTS GUERRA represents over 16,000 unique individuals who timely filed Notices of Claim by this Court's amended Bar Date of December 31, 2019.

3. Watts Guerra's standard retention agreement makes a disclosure that the firm represents multiple clients, and secures permission to do so:

> **MULTIPLE CLIENTS.** Client understands and agrees that the Firms may be representing more than one client in this matter and that the following aspects of joint representation have been disclosed: (1) that the Client might gain or lose some advantages if represented by separate counsel; (2) that the Firms cannot serve as an advocate for one client against another client, but must assist all clients in pursuing their common purposes; (3) that the Firms must deal impartially with every client; (4) that information received by the Firms from or on behalf of any jointly represented client concerning the matter may not be confidential or privileged as between the jointly-represented clients and may be disclosed to other jointly-represented clients as is deemed proper or necessary; (5) if a conflict arises between clients that results in the discharge or withdrawal of the Firms, the Firms might not be able to continue representing any of the clients involved; and (6) that the representation of all clients by the Firms will not necessarily expedite handling of the matter or reduce associated attorneys' fees and expenses. **Client consents to the Firms representing more than one client in this matter.**

4. Almost every law firm in America has a credit line, and as a matter of course do not disclose all of their lenders to their clients. WATTS GUERRA's credit facility is a normal bank loan, like one that it and its predecessor entities have enjoyed for twenty-three years. It has a typical four-year term, and not due until 2023. It has flat, non-usurious interest. Its debt compounds annually, like a normal loan from a bank. It is not secured by personal guaranties of the principals of the firm. The amount of the credit facility is less than 25% of the expected fees calculated into the firm's borrowing base. It is not a "litigation financing" vehicle, whereby an investor funds a project, and thereby earns a percentage of the fees earned from that project. Rather, it is a facility from which WATTS GUERRA runs eight offices in multiple states, and makes large investments in many mass torts at once across the United States, including tens of thousands of Syngenta corn clients and 3M Earplug clients, thousands of Valsartan, Zantac and JUUL clients, and large exposures to clients in the Opioids litigation and the COVID-19 business interruption litigation.

5. WATTS GUERRA repeatedly has disclosed both orally and in writing to its entire client base detailed information concerning its credit facility in detail, the assignees thereof whom it met, and those with whom it negotiated whom were introduced to WATTS GUERRA by such assignees, and repeatedly has passed those disclosures along to all its clients in writing, and also publicly made such disclosures. The Declaration of Heather L. Rosing alleges these disclosures are admissions that disclosure was necessary. They are not. We do not believe the disclosures were required by the rules of ethics, but simply disclosed the information because we try to keep our clients fully informed. From the date of the North Bay Fires in October of 2017, through the Camp Fire in November of 2018, through the refinance of my firm's credit facility with Stifel, through the Kincade fire in October of 2019, to the present, I have always believed that I "will be able to provide competent and diligent representation to each affected client," and I do continue to provide that competent and diligent representation to each affected client. In my professional opinion, my firm's loan did not create a likelihood that a difference in interests between my clients and my firms finances would exist or would eventuate. In my professional opinion, there has been neither the likelihood nor did it come to pass that my firm's loan materially limited representation of my clients, nor my independent professional judgment in considering alternatives or foreclose courses of action for my clients. Not only was there no likelihood of the loan prospectively affecting my judgment, with the benefit of hindsight it in fact DID NOT HAPPEN.

6. My firm and 17 other law firms negotiated and or signed the RSA on December 6, 2019. I signed the RSA like 17 other law firms because it was the best deal we could strike for our clients and my firm's loan had nothing to do with my firm or 17 other firms believing our clients' interests were best served by the agreement.

7. Neither I nor anyone at my firm negotiated any terms of the RSA with Apollo or Centerbridge, the firm's assignee-lender of part of their loan.

8. Prior to initiating WATTS GUERRA's communications and ballot solicitation plan for the voting period, I conferred with other plaintiffs' counsel, counsel for the Debtor and counsel for the equity holders, and confirmed that the plan summary, the written disclosure statement was to be transmitted to the fire survivors by March 31, 2020.

9. No solicitation of such votes to fire survivors represented by WATTS GUERRA occurred until such disclosure statement and other court-ordered materials were transmitted to WATTS GUERRA's clients.

10. No significant risk of its representation of its clients being materially limited arose from WATTS GUERRA's credit facility.

11. I affirm that the facts set forth in this declaration are true and correct.

Dated May 8, 2020                    Respectfully submitted,

/s/ Mikal C. Watts
Mikal C. Watts
WATTS GUERRA LLP
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

*Attorney for Numerous Wild Fire Claimants*
