RICHARD A. MARSHACK, SBN 10729
rmarshack@marshackhays.com
D. EDWARD HAYS, SBN 162507
ehays@marshackhays.com
LAILA MASUD, SBN 311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt, Irvine, California 92620
Tel. 949-333-7777

GERALD SINGLETON, SBN 208783
gerald@slffirm.com
JOHN C. LEMON, SBN 175847
john@slffirm.com
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, California 92101
Tel. (619) 771-3473

Attorneys for Fire Victim Claimants with
approximately 7,000 timely-filed claims

JAMES FRANTZ, SBN 87492
JPF@frantzlawgroup.com
FRANTZ LAW GROUP, APLC
402 West Broadway, Suite 860
San Diego, California 92101
Tel. (855) 930-2626

RICHARD BRIDGFORD, SBN 119554
Richard.Bridgford@bridgfordlaw.com
BRIDGFORD, GLEASON & ARTINIAN
26 Corporate Plaza, Suite 250
Newport Beach, California 92660
Tel. (949) 831-6611

PATRICK McNICHOLAS, SBN 125868
pmc@mcnicholaslaw.com
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd Ste 1400
Los Angeles, California 90024
Tel. (310) 474-1582

Attorneys for Fire Victim Claimants with
Approximately 4,300 timely-filed claims

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case |
| | No. 19-30088 (DM) |
| PG&E CORPORATION and | Chapter 11 |
| PACIFIC GAS AND ELECTRIC | (Lead Case) (Jointly Administered) |
| COMPANY, | |
| Debtors. | **SUPPLEMENT TO JOINDER BY 11,300 INDIVIDUAL FIRE VICTIM CLAIMANTS TO DK. NO. 6973, REPLY TO DK. NO. 6944, REGARDING ABRAMS MOTION TO DESIGNATE IMPROPERLY SOLICITED VOTES** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Date: May 12, 2020 |
| | Time: 10:00 a.m. (Pacific) |
| | Place: United States Bankruptcy Court: |
| | Courtroom 17, 16th Floor |
| | San Francisco, CA 94102 |
| | |
| | [Dk. No. 6799, 6793, 6944, 7073] |

TO THE COURT, ALL INTERESTED PARTIES, AND ALL ATTORNEYS OF RECORD

The Singleton Law Firm, APC, Marshack Hays LLP, and their co-counsel represent approximately 7,000 victims of the 2015 Butte Fire, the 2017 North Bay Fires, and the 2018 Camp Fire. The Frantz Group, APLC, Bridgford, Gleason & Artinian, McNicholas & McNicholas, LLP, and their co-counsel represent approximately 4,300 victims of the 2017 North Bay Fires and the 2018 Camp Fire. Collectively, the undersigned represent over 11,300 unique claimants who timely-filed Notices of Claim by the Bankruptcy Court's Bar Date.

## **BACKGROUND**

On April 20, 2020, William Abrams ("Abrams") filed a Motion to Designate Improperly Solicited Votes Pursuant to 11 U.S.C. §1125(B) and 1126(E) and Bankruptcy Rule 2019 ("Motion") (Dk. No. 6799). The Motion sought an order declaring that the votes in favor of the Plan for Reorganization ("Plan") cast by more than 13,000 individual fire victims represented by the law firm of Watts Guerra were improperly solicited. The affect of the relief sought by Abrams would be that these 13,000+ votes would not be counted in the overall vote on the Plan.

Watts Guerra filed its Preliminary Opposition to Abrams' Motion the same day (Dk. No. 6801).

Attorney Steven Kane, on behalf of Karin Gowins, then filed a joinder to Abrams' Motion (Dk. No. 6944) ("Joinder"), and Abrams himself subsequently filed a Response (Dk. No. 6946) ("Response") (Dk. No. 6964). Abrams and Gowins are jointly referred to herein as "moving parties".

On April 28, 2020, Watts Guerra filed an Opposition to the Joinder by Kane/Gowins ("Opposition") (Dk. No. 6973).

On April 29, 2020, the Singleton Law Firm, Marshack Hays, the Frantz Law Group, and Bridgford, Gleason & Artinian filed a joinder to Watts Guerra's Opposition on behalf of the 11,300 individual fire victim claimants represented by these firms and their co-counsel. *See* Dk. No. 6983.

On May 6, 2020, Attorney Kane filed a supplemental joinder on behalf of Gowins. *See,* Dk. No. 7073.

//

//

# SUPPLEMENT TO JOINDER IN OPPOSITION

While long on invective and accusations, the supplemental joinder and declaration filed by Attorney Kane on May 6 (Dk. No. 6876) does not contain any evidence that Watts Guerra acted in any manner that was contrary to the best interests of its clients or the fire victims as a whole. It certainly does not contain any evidence that would support the extraordinary remedy sought: to wit, the disenfranchisement of over 13,000 fire victims who have already cast their votes in a manner approved by this Court.[1]

As set forth in detail in the Opposition filed by Watts Guerra (Dk. No. 6973), many (if not most) law firms employ lines of credit to fund normal business operations. This is a common practice, and has been routinely approved by state and federal courts of all levels.

The undisputed evidence is that the loan at issue here is typical bank loan with a four-year term and a flat, non-usurious rate of interest. *See*, Decl. of Mikal Watts, Dk. No. 6973-1, ¶4. It is not secured by personal guaranties of the principals of the firm, nor is it a "litigation financing" vehicle in which an investor funds a particular case and receives a percentage of the fees generated by that case. *Id*. It is not specific to the PG&E fire litigation, but is used to fund Watts Guerra's offices around the country. *Id*. As such, the lenders do not have the ability to make any decisions in either the PG&E litigation or any other cases being handled by Watts Guerra.

There is nothing improper about this manner of financing, and the fact that certain multi-billion dollar investment firms whose portfolios include PG&E stocks and bonds independently purchased a portion of an already existing loan with a fixed term and rate of interest does not create a conflict of interest for Watts Guerra.

Thus, the information presented by the moving parties does not demonstrate that the Watts Guerra firm violated any rule of professional conduct or any duties owed to their clients.

Moreover, the law makes clear that third parties do not have standing to raise these issues. To the extent that any of Watts Guerra's clients feel that they have not been properly

---

[1] *See,* Order of the Bankruptcy Court Establishing and Approving Plan Solicitation and Voting Procedures (Dk. No. 6340), p. 12, ¶13(a).

represented, there are remedies available to them.  However, there is no legal or equitable precedent for the extraordinary remedies the moving parties have requested.

A cursory review of the facts make clear what is happening here.  The moving parties are part of a very small, but very vocal, group that have made their opposition to the Debtors' Plan of Reorganization assiduously clear. Faced with the prospect of losing the vote by a large margin, the moving parties have resorted to attempting to disenfranchise a large group of fire victims with whom they do not agree.  This is not appropriate, as all fire victims deserve to have their voices heard.

Accordingly, undersigned counsel respectfully request that this Court deny the moving parties' requests.

Respectfully submitted,

Dated:  May 8, 2020                    MARSHACK HAYS, LLP

By:    */s Richard Marshack*
Richard A. Marshack, Esq.
D. Edward Hays, Esq.
Laila Masud, Esq.

SINGLETON LAW FIRM, APC
Gerald Singleton, Esq.
John C. Lemon, Esq.

FRANTZ LAW GROUP, APLC
Janes Frantz, Esq.
Regina Bagdasarian, Esq.

BRIDGFORD, GLEASON & ARTINIAN
Richard Bridgford, Esq.

McNICHOLAS & McNICHOLAS, LLP
Patrick McNicholas, Esq.

Attorneys for approximately 11,300 Fire Victim Claimants