WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>                      **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br><br> (Lead Case) (Jointly Administered) <br><br> **DEBTORS' RESPONSE TO THE OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES AND COMCAST TO TRUST DOCUMENTS** <br><br> Date: May 15, 2020 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br>        Courtroom 17, 16th Floor <br>        San Francisco, CA 94102 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully submit this response to the Objection [Dkt. No. 7072] (the "**Objection**") filed by the Objectants (as defined therein), pursuant to the *Stipulation by and Among the Plan Proponents, the Official Committee of Tort Claimants, the Adventist Health Claimants, the Paradise Related Entities, AT&T and Comcast Regarding Fire Victim Trust Document Issues* [Dkt. No. 7050] (the "**Briefing Stipulation**"), which this Court approved in its Order dated May 4, 2020 [Dkt. No. 7060] (the "**Briefing Order**").[1]

Pursuant to the terms of the Briefing Stipulation and the Briefing Order, the Objection is limited to the Trust Documents, and any other objections to the Plan are reserved for the Confirmation Hearing and must be filed in accordance with the deadlines established in the Disclosure Statement Order.

### Debtors' Response

The Debtors' primary objective is and has been from the outset of these Chapter 11 Cases to establish a process that fairly and expeditiously compensates those who are entitled to compensation from the Debtors for liabilities resulting from the tragic 2017 and 2018 Northern California wildfires. *See Am. Decl. of Jason P. Wells in Support of First Day Motions* [Dkt. No. 263] ("**Wells Decl.**") at 4. This objective obviously contemplates that the Trust Documents to be implemented pursuant to the Plan treat all holders of Fire Victim Claims in the same manner and fairly and equitably.

As is customary in mass tort chapter 11 cases, the trust documents that are implemented as part of a chapter 11 plan are formulated and prepared by the statutory representatives of the beneficiaries of the trust. That is the case here, with the TCC taking the lead role in that undertaking, and dealing with those holders of Fire Victim Claims that have raised issues or concerns with the Trust Documents. Although the Debtors understand that progress has been made in addressing certain of the concerns raised by the Objectants, not all have been resolved, thereby necessitating the Objection that has been filed with the Court.

---

[1] Capitalized terms used but not defined herein have the meanings given in the Briefing Stipulation.

The Debtors do not take any formal position with respect to the Objection, other than to reiterate that the Trust Documents ultimately approved as part of the Plan should ensure that all claims channeled to the Fire Victim Trust are treated fairly, similarly, and equitably despite the nature of the underlying claim and the holder thereof.

Dated: May 12, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Stephen Karotkin*
  Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119