**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | **Bankruptcy Case** |
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **Chapter 11** |
| Debtors. | **(Lead Case)** |
| | **(Jointly Administered)** |

<u>**CERTIFICATE OF SERVICE**</u>

I, Christina Pullo, depose and say that:

1.      I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims, noticing, and solicitation agent for the debtors (collectively, the "***Debtors***") in the above-captioned chapter 11 bankruptcy cases. At my direction and under my supervision, employees of Prime Clerk caused the following materials to be served:

   a.    a flash drive containing PDF images of the: (1) *Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 6353] with all exhibits thereto, including, among others, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Docket No. 6320] and (2) *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [Docket No. 6340] (collectively, the "***Disclosure Statement Flash Drive***");

   b.    the Notice of (I) Approval of Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Establishment and Approval of Record Date, Voting Deadline, and Other Plan Solicitation and Voting Procedures; (III) Approval of Forms of Ballots, Solicitation Packages, and Related Notices; (IV) Establishment of Plan Confirmation Notice Procedures; and (V) Other Related Relief, a copy of which is attached hereto as <u>**Exhibit A**</u> (the "***Confirmation Hearing Notice***");

c. the Supplement to Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, a copy of which is attached hereto as **Exhibit B** (the "***Disclosure Statement Supplement***");

d. the Class 3B-IV Utility Funded Debt Claims and Class 10A-II HoldCo Recession or Damage Claims Standard Impaired Debt Ballot for Accepting or Rejecting Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, a form of which is attached hereto as **Exhibit C** (the "***Funded Debt Ballot***");

e. the PGE Instruction Sheet to Accompany Provisional Ballots, a copy of which is attached hereto as **Exhibit D** *(the "**Ballot Instruction Sheet**")*

f. a pre-addressed, postage paid return envelope (the "***Return Envelope***"), a sample of which is not attached hereto.

2. Unless otherwise stated, at my direction and under my supervision, commencing on May 8, 2020, employees of Prime Clerk caused true and correct copies of the above materials to be served as follows:

a. the Confirmation Hearing Notice were served via First Class Mail on the parties identified on the service list attached hereto, as **Exhibit E**.

b. the Disclosure Statement Flash Drive, Confirmation Hearing Notice, Disclosure Statement Supplement, Funded Debt Ballot and Return Envelope were served via First Class Mail on the parties identified on the service list attached hereto, as **Exhibit F**.

c. the Disclosure Statement Flash Drive, Confirmation Hearing Notice, Disclosure Statement Supplement, Funded Debt Ballot, Ballot Instruction Sheet and Return Envelope was served via First Class Mail on the parties identified on the service lists attached hereto, as **Exhibit G**.

1    3.    I declare under penalty of perjury under the laws of the United States of America, that
2 the foregoing is true and correct and that if called upon as a witness, I could and would competently
3 testify thereto.

5 Executed this 13th day of May 2020, Nassau County, NY.

                                        /s/ CHRISTINA PULLO
                                        Christina Pullo

2                                    SRF 41997

## Exhibit A

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION; (II) ESTABLISHMENT AND APPROVAL OF RECORD DATE, VOTING DEADLINE, AND OTHER PLAN SOLICITATION AND VOTING PROCEDURES; (III) APPROVAL OF FORMS OF BALLOTS, SOLICITATION PACKAGES, AND RELATED NOTICES; (IV) ESTABLISHMENT OF PLAN CONFIRMATION NOTICE  PROCEDURES; AND (V) OTHER RELATED RELIEF** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**PLEASE TAKE NOTICE** that:

1.     **Approval of Disclosure Statement**.  By Order, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "**Bankruptcy Court**") approved the disclosure statement (the solicitation version of which is filed at Docket No. 6353, together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**")[1] as having adequate information as provided under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"), and also approved certain procedures for the solicitation, distribution, and tabulation of votes to accept or reject the Plan.  The Plan is annexed as **Exhibit A** to the Disclosure Statement.  The Bankruptcy Court previously set certain dates and deadlines with respect to approval of the Disclosure Statement and confirmation of the Plan by Order, dated February 11, 2020 [Docket No. 5732] (the "**Scheduling Order**").

2.     **The Voting Classes and Record Date**.  Only parties that hold Claims against, or Interests in, the Debtors in the following Classes as of March 3, 2020 (the "**Record Date**") are entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5A-I | HoldCo Public Entities Wildfire Claims | Impaired |
| Class 5A-II | HoldCo Subrogation Wildfire Claims | Impaired |
| Class 5A-III | HoldCo Fire Victim Claims | Impaired |
| Class 10A-I | HoldCo Common Interests | Impaired |
| Class 10A-II | HoldCo Rescission or Damage Claims | Impaired |
| Class 3B-I | Utility Impaired Senior Note Claims | Impaired |
| Class 3B-III | Utility Short-Term Senior Note Claims | Impaired |
| Class 3B-IV | Utility Funded Debt Claims | Impaired |
| Class 5B-I | Utility Public Entities Wildfire Claims | Impaired |

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order, as applicable.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| The Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 5B-II | Utility Subrogation Wildfire Claims | Impaired |
| Class 5B-III | Utility Fire Victim Claims | Impaired |

3.　　**The Voting Deadline**.  Votes to accept or reject the Plan must be actually received by the Debtors' solicitation agent, Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**"), by no later than **May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)** (the "**Voting Deadline**") in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order and the instructions set forth on any Ballot.  Failure to follow the voting instructions as set forth in the Disclosure Statement and Solicitation Procedures Order and any applicable Ballot may result in the vote of any such Claim or Interest holder not being counted for purposes of accepting or rejecting the Plan.

4.　　**The Non-Voting Classes and Other Parties Not Entitled to Vote on the Plan**.  Holders of Unimpaired Claims or Interests in the Classes listed below are Unimpaired under the Plan (collectively, the "**Non-Voting Classes**"), are not entitled to vote to accept or reject the Plan, and will not receive a Ballot.  Such holders will instead receive a Notice of Non-Voting Status.

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 1A | HoldCo Other Secured Claims | Unimpaired |
| Class 2A | HoldCo Priority Non-Tax Claims | Unimpaired |
| Class 3A | HoldCo Funded Debt Claims | Unimpaired |
| Class 4A | HoldCo General Unsecured Claims | Unimpaired |
| Class 5A-IV | HoldCo Ghost Ship Fire Claims | Unimpaired |
| Class 6A | HoldCo Workers' Compensation Claims | Unimpaired |
| Class 7A | HoldCo Environmental Claims | Unimpaired |
| Class 8A | HoldCo Intercompany Claims | Unimpaired |
| Class 9A | HoldCo Subordinated Debt Claims | Unimpaired |
| Class 11A | HoldCo Other Interests | Unimpaired |
| Class 1B | Utility Other Secured Claims | Unimpaired |
| Class 2B | Utility Priority Non-Tax Claims | Unimpaired |
| Class 3B-II | Utility Reinstated Senior Note Claims | Unimpaired |
| Class 3B-V | Utility PC Bond (2008 F and 2010 E) Claims | Unimpaired |
| Class 4B | Utility General Unsecured Claims | Unimpaired |
| Class 5B-IV | Utility Ghost Ship Fire Claims | Unimpaired |
| Class 6B | Utility Workers' Compensation Claims | Unimpaired |
| Class 7B | 2001 Utility Exchange Claims | Unimpaired |
| Class 8B | Utility Environmental Claims | Unimpaired |
| Class 9B | Utility Intercompany Claims | Unimpaired |
| Class 10B | Utility Subordinated Debt Claims | Unimpaired |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| The Non-Voting Classes | | |
|---|---|---|
| **Class** | **Designation** | **Impairment** |
| Class 11B | Utility Preferred Interests | Unimpaired |
| Class 12B | Utility Common Interests | Unimpaired |

In addition, pursuant to the Disclosure Statement and Solicitation Procedures Order, the following holders of Claims and Interests **are not** entitled to vote to accept or reject the Plan:

(a) Any holder of a Claim that was not listed in the Schedules or was listed as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was not (i) filed by the applicable Bar Date or (ii) deemed timely filed by an Order of the Bankruptcy Court before the Voting Deadline unless the Debtors have consented in writing;

(b) Any holder of a Claim that is the subject of an objection or request for estimation filed by February 21, 2020 at 4 p.m. (Prevailing Pacific Time);

(c) Any holder of a Claim (i) filed in the amount of $0.00, (ii) where, as of the Record Date, the outstanding amount of a Claim is not greater than $0.00, or (iii) where a Claim has been disallowed, expunged, disqualified, or suspended; and

(d) Claimholders who are otherwise disqualified from voting to accept or reject the Plan pursuant to the procedures set forth in the Solicitation Procedures and Disclosure Statement Order.

5. **Objections to Claims or Requests to Estimate for Voting Purposes.** If an objection to, or request for estimation of, a Claim has been filed and served by any party in interest with appropriate standing by the deadline set forth in the Scheduling Order (February 21, 2020, at 4:00 p.m. (Prevailing Pacific Time)), such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided,* that the deadline for any party in interest with appropriate standing to file and serve an objection to, or request for estimation of, any timely filed HoldCo Rescission or Damage Claim has been extended through and including May 1, 2020, at 4:00 p.m. (Prevailing Pacific Time).

6. **Rule 3018 Motions.** Pursuant to the Scheduling Order, if you timely filed a Proof of Claim or Interest and disagreed with the Debtors' classification of, objection to, or request for estimation of, your Claim or Interest and believe that you should have been be entitled to vote to accept or reject the Plan, then you were required to file and serve a motion, pursuant to Bankruptcy Rule 3018(a) (a

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

"**3018 Motion**"), to temporarily allow such Claim or Interest in a different amount or in a different Class for purposes of voting to accept or reject the Plan by March 6, 2020 at 4:00 p.m. (Prevailing Pacific Time), unless such deadline has been extended by agreement of the Debtors; *provided, however,* that, notwithstanding anything in the Disclosure Statement and Solicitation Procedures Order or the Scheduling Order to the contrary, the deadline for any holder of a timely filed HoldCo Rescission or Damage Claim to file a 3018 Motion has been extended through and including April 23, 2020, at 4:00 p.m. (Prevailing Pacific Time). 3018 Motions that were not timely filed and served in accordance with the Scheduling Order shall not be considered. The rights of the Debtors and any other party in interest to respond or object to any 3018 Motion are hereby expressly reserved. Any claimant or interest holder that timely filed a 3018 Motion will be provided with a Ballot and such Ballot will be counted in accordance with the procedures set forth in the Disclosure Statement and Solicitation Procedures Order, unless temporarily allowed in a different amount by an Order of the Court entered prior to the Voting Deadline. For the avoidance of doubt, and notwithstanding any other provision in the Disclosure Statement and Solicitation Procedures to the contrary, any amount that is established or determined by the Court in connection with a timely filed 3018 Motion shall be allowed in the amount determined by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution;[2]

7. **The Confirmation Hearing**. Pursuant to the Scheduling Order, the hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on **May 27, 2020 at 10:00 a.m. (Pacific Time)**, before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102. Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, General Order 38 (N.D. Cal. Mar. 18, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020,

---

[2] Claimants may contact PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at 844-339-4217 (domestic) or 929-333-8977 (international), or by e-mail to pgeinfo@primeclerk.com to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a 3018 Motion has been filed.

parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**").[3]  The procedures for filing responses and objections to confirmation of the Plan are set forth below.  The Confirmation Hearing and the deadlines related thereto may be continued from time to time by the Bankruptcy Court without further notice other than announcement by the Bankruptcy Court in open Court, as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court, or on the docket.  The Plan may be modified, if necessary, before, during, or because of the Confirmation Hearing, without further notice to interested parties.

8. **Objections to Confirmation of the Plan**.  Responses and objections to confirmation of the Plan must:

(a)  Be in writing;

(b)  State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)  State with particularity the basis and nature of any objection with respect to the Plan;

(d)  Conform to the Bankruptcy Rules, the Bankruptcy Local Rules for the United States District Court for the Northern District of California, the *Order Establishing Procedures for Disclosure Statement and Confirmation Hearing* (N.D. Cal. May 2017) (Montali, J.), and the Scheduling Order; and

(e)  Be filed with the Bankruptcy Court and served in accordance with Bankruptcy Rule 3020(b)(1) so as to be actually received on or before **4:00 p.m. (Prevailing Pacific Time) on May 15, 2020** (the "**Objection Deadline**") by the following parties (the "**Notice Parties**"):

(i)  Clerk, U.S. Bankruptcy Court for the Northern District of California, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102;

---

[3] All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1−866−582−6878 no later than 4:00 p.m. (Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

41613

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

(ii)     The Debtors, c/o PG&E Corporation and Pacific Gas and Electric Company, 77 Beale Street, P.O. Box 770000, San Francisco, California 94177 (Attn: Janet Loduca, Esq.);

(iii)    The attorneys for the Debtors, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. (stephen.karotkin@weil.com), Jessica Liou, Esq. (jessica.liou@weil.com), and Matthew Goren, Esq. (matthew.goren@weil.com)), (B) Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller, Esq. (tkeller@kbkllp.com) and Jane Kim, Esq. (jkim@kbkllp.com)), and (C) Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019 (Attn: Paul H. Zumbro, Esq. (pzumbro@cravath.com), Kevin J. Orsini, Esq. (korsini@cravath.com), and Omid H. Nasab, Esq. (onasab@cravath.com));

(iv)     The U.S. Trustee, 450 Golden Gate Avenue, 5th Floor, Suite 05-0153, San Francisco, California 94102 (Attn: James L. Snyder, Esq. (James.L.Snyder@usdoj.gov) and Timothy Laffredi, Esq. (Timothy.S.Laffredi@usdoj.gov));

(v)      The attorneys for the administrative agent under the Debtors' debtor-in-possession financing facility, (A) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. (khansen@stroock.com), Erez E. Gilad, Esq. (egilad@stroock.com), and Matthew G. Garofalo, Esq. (mgarofalo@stroock.com)) and (B) Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067-3086 (Attn: Frank A. Merola, Esq. (fmerola@stroock.com));

(vi)     The attorneys for the collateral agent under the Debtors' debtor-in-possession financing facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), David Schiff, Esq. (david.schiff@davispolk.com), and Timothy Graulich, Esq. (timothy.graulich@davispolk.com));

(vii)    The attorneys for the CPUC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064 (Attn: Alan W. Kornberg, Esq. (akornberg@paulweiss.com), Brian S. Hermann, Esq. (bhermann@paulweiss.com), Walter R. Rieman, Esq. (wrieman@paulweiss.com), Sean A. Mitchell, Esq. (smitchell@paulweiss.com), and Neal P. Donnelly, Esq. (ndonnelly@paulweiss.com));

(viii)   The attorneys for the Creditors Committee, (A) Milbank LLP, 55 Hudson Yards, New York, New York 10001-2163 (Attn: Dennis F. Dunne, Esq. (DDunne@milbank.com) and Samuel A. Kahlil, Esq. (skhalil@milbank.com)) and (B) Milbank LLP, 2029 Century Park East, 33rd Floor, Los Angeles, California 90067 (Attn: Gregory A. Bray, Esq. (GBray@milbank.com) and Thomas R. Kreller, Esq. (TKreller@milbank.com));

(ix)     The attorneys for the Tort Claimants Committee, (A) Baker & Hostetler LLP, 1160 Battery Street, Suite 100, San Francisco, California 94111 (Attn: Robert A. Julian, Esq. (rjulian@bakerlaw.com) and Cecily A. Dumas,

Esq. (cdumas@bakerlaw.com)) and (B) Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California, 90025-0509 (Attn: Eric E. Sagerman, Esq. (esagerman@bakerlaw.com) and Lauren T. Attard, Esq. (lattard@bakerlaw.com ));

(x)    The attorneys for the Ad Hoc Group of Subrogation Claim Holders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Matthew A. Feldman, Esq. (mfeldman@willkie.com), Joseph G Minias Esq. (jminias@willkie.com), Benjamin P. McCallen Esq. (bmccallen@willkie.com), and Daniel I. Forman Esq. (dforman@willkie.com) and (B) Diemer & Wei, LLP, 100 West San Fernando Street, Suite 555, San Jose, California 95113 (Attn: Kathryn S. Diemer (kdiemer@diemerwei.com));

(xi)    The attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett, Esq. (bbennett@jonesday.com), Joshua M. Mester, Esq. (jmester@jonesday.com), and James O. Johnston, Esq. (jjohnston@jonesday.com)); and

(xii)    The attorneys for the Ad Hoc Committee of Senior Unsecured Noteholders, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036 (Attn: Michael S. Stamer, Esq. (mstamer@akingump.com), Ira S. Dizengoff, Esq. (idizengoff@akingump.com), David H. Botter, Esq. (dbotter@akingump.com), Abid Qureshi, Esq. (aqureshi@akingump.com) and (B) Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, California 94104 (Attn: Ashley Vinson Crawford, Esq. (avcrawford@akingump.com)).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PURSUANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.**

**9.** **Plan Releases.** **INFORMATION REGARDING CERTAIN INJUNCTIONS, EXCULPATIONS, AND RELEASES UNDER THE PLAN IS SET FORTH ON ANNEX A HERETO. YOU SHOULD CAREFULLY REVIEW THE PLAN AND THE INFORMATION ON ANNEX A IN ITS ENTIRETY AS IT MAY AFFECT YOUR RIGHTS.**

10. **Executory Contracts and Unexpired Leases**. Pursuant to the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined in the Plan), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order (as defined in the Plan), (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date (as defined in the Plan), or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts (as defined in the Plan) by the Debtors. The Debtors shall serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline.

11. **Additional Information**. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials are on file with the Clerk and may be examined by interested parties on the Case Website. Copies of the Disclosure Statement, the Disclosure Statement and Solicitation Procedures Order, the Plan, and the other solicitation materials may also be: (i) examined by interested parties during normal business hours at the office of the Clerk; (ii) accessed for a fee via PACER at http://www.canb.uscourts.gov/; and (iii) obtained by written request to the Solicitation Agent, at the address or e-mail address set forth below:

41613

| If by e-mail to: | If by standard, overnight, or hand delivery: |
|---|---|
| pgeinfo@primeclerk.com | PG&E Information<br>c/o Prime Clerk, LLC<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165 |

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: March 18, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ Stephen Karotkin
    Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# ANNEX A

## NOTICE OF INJUNCTION, EXCULPATION AND RELEASE PROVISIONS[4]

**Binding Effect, Injunctions, Exculpations, and Releases.** If the Plan is confirmed by the Bankruptcy Court, the Plan, including the injunctions, exculpations, and releases contained in, among others, Sections 4.6(a), 4.7(a), 4.25(e), 4.26(b), 6.4(a), 6.7(a), 10.3, 10.4, 10.5, 10.6, 10.7, 10.8, and 10.9 thereof, will be binding on you, regardless of whether you are Impaired under the Plan and whether you have accepted the Plan. If the Plan is confirmed by the Bankruptcy Court, the following key injunction, exculpation, and release provisions will apply, subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. **YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER:**

*Section 10.6 – Injunction.*

**(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner**

---

[4] Capitalized terms used in this Annex but not otherwise defined shall have the meanings ascribed to such terms in the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

    (i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

    (ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

    (iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

    (iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

    (v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

> (i) the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and

> (ii) the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

*Section 10.8 - Exculpation.* **Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Section 10.9 – Releases.**

(a) ***Releases by the Debtors.*** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) ***Releases by Holders of Claims and Interests.*** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

41613

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.       Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

(c)  *Only Consensual Non-Debtor Releases.*  Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.  The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d)  *Release of Liens.*  Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable

distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e)     *Waiver of Statutory Limitations on Releases.*  Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542.  The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

(f)     **Injunction Related to Releases and Exculpation.**  The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan.  For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan.  Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.

(g)     **No Release or Exculpation of Assigned Rights and Causes of Action.**  Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

**Exhibit B**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

JONES DAY
Bruce S. Bennett (SBN 105430)
(bbennett@jonesday.com)
Joshua M. Mester (SBN 194783)
(jmester@jonesday.com)
James O. Johnston (SBN 167330)
(jjohnston@jonesday.com)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: 213 489 3939
Fax: 213 243 2539

*Attorneys for Shareholder Proponents*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

  **- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

                          **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case,*
*No. 19-30088 (DM)*

Bankruptcy Case
No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**SUPPLEMENT TO DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

[Related Dkt. No. 6353]

**ON MARCH 17, 2020, THE BANKRUPTCY COURT APPROVED THE DISCLOSURE STATEMENT FOR DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION (THE SOLICITATION VERSION OF WHICH IS FILED AT DOCKET NO. 6353, TOGETHER WITH ALL SCHEDULES AND EXHIBITS THERETO, AND AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "DISCLOSURE STATEMENT").[1]**

**THE FOLLOWING INFORMATION RELATES TO CERTAIN EVENTS THAT OCCURRED AFTER THE APPROVAL OF THE DISCLOSURE STATEMENT AND SUPPLEMENTS THE DISCLOSURE STATEMENT. ALL CREDITORS AND HOLDERS OF EQUITY INTERESTS ARE ENCOURAGED TO READ THIS SUPPLEMENT, THE DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY.**

A.      **Governor's Letter Regarding Compliance with Wildfire Legislation and Recent Motion Filed with the Bankruptcy Court**

As set forth in Section III.B of the Disclosure Statement, on December 13, 2019, Governor Gavin Newsom (the "**Governor**" and his office, the "**Governor's Office**") sent a letter [Docket No. 5138] (the "**December 13 Letter**") to the Utility's management stating, among other things, that the Governor believed that the draft *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* shared on December 6, 2019 with the Governor's Office (the "**December 6 Plan**") did not comply with AB 1054. The Governor's December 13 Letter set forth a number of governance and management requirements that the Governor believed were necessary to comply with AB 1054. The Governor's December 13 Letter further stated that the capital structure set forth in the December 6 Plan would contribute to a reorganized company that, in the Governor's view, would not be positioned to provide safe, reliable, and affordable electric service. The Disclosure Statement further states that the Debtors and the Governor's Office have been in continuing discussions as to these matters.

As previously disclosed, in response to the concerns raised by the Governor, the Debtors have committed to a number of changes in connection with the Plan regarding governance, operations and financial structure, together designed to prioritize safety and expedite the Debtors' successful emergence from chapter 11.

In addition, on March 20, 2020 the Debtors filed a motion [Docket No. 6398] (the "**CRCP**

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings given to such terms in the Disclosure Statement.

Motion") with the Bankruptcy Court for entry of an order approving a case resolution contingency process to address the circumstance in which the Plan is not confirmed or the Plan fails to go effective in accordance with certain required dates (the "**Case Resolution Contingency Process**"). As further described in the CRCP Motion, the Case Resolution Contingency Process contemplates a process for the sale of PG&E Corporation or the Utility in the event that the Plan is not confirmed or the Plan fails to go effective in accordance with certain required dates, including the appointment of a Chief Restructuring Officer to manage such process. The Case Resolution Contingency Process also contemplates an operational observer selected by the state of California.

In addition, the CRCP Motion describes certain other commitments that the Debtors have agreed to undertake in connection with the confirmation process and implementation of the Plan (the "**Other Commitments**"). The Other Commitments (which are described in more detail below) include, among other things, a limitation on the ability of Reorganized PG&E Corporation to pay dividends over a period of time after emergence from chapter 11; commitments by the Utility with respect to cost recovery of amounts paid in respect of "Fire Claims" under the Plan; the terms of a purchase option in favor of the state of California (which would be exercisable only in limited circumstances); and commitments with respect to the Utility's utilization of wildfire-related net operating losses.

Also on March 20, 2020, counsel for the Governor filed a statement with the Bankruptcy Court in support of the CRCP Motion [Docket No. 6402] (the "**Governor's Statement**"). The Governor's Statement indicates that entry of an order approving the CRCP Motion is a critical component of the Governor's willingness to support the Plan and that, in the Governor's view, the relief requested in the CRCP Motion responds to the Governor's previously stated concerns. In the Governor's Statement, the Governor further stated that a rate-neutral securitization transaction pursuant to Senate Bill 901 that meets all legal requirements as determined by the California Public Utilities Commission ("**CPUC**") would, in the Governor's judgment, be in the public interest, as it would strengthen the going-forward business and support the reorganized Utility's ability to provide safe, reliable, affordable and clean energy to its customers. The Governor's Statement also indicates that the Governor believes that if the CRCP Motion is granted and the CPUC approves the Plan with the governance, financial and operational

provisions submitted to the CPUC by the Utility or otherwise agreed by the Utility, with any modifications the CPUC believes appropriate or necessary, the Plan will, in the Governor's judgment, be compliant with Assembly Bill 1054.

A hearing in the Bankruptcy Court to consider approval of the CRCP Motion is currently scheduled for April 7, 2020.

A summary of the terms and provisions of the Case Resolution Contingency Process is set forth in detail in the CRCP Motion, which can be viewed for free at the website maintained by the Debtors in the Chapter 11 Cases at https://restructuring.primeclerk.com/pge/ (the "**Case Website**"). A summary of the Other Commitments is set forth below. Capitalized terms used in the following section, but not defined herein or in the Disclosure Statement have the meanings given to them in the CRCP Motion.

The Other Commitments. In connection with and subject to the approval of the Case Resolution Contingency Process, the Governor's Office's support for the Plan and the Securitization (as defined below), and the occurrence of the Effective Date, the Debtors have agreed to certain other matters as follows:

 a) Dividend Restriction. Reorganized HoldCo (Reorganized PG&E Corporation) will not pay common dividends until it has recognized $6.2 billion in non-GAAP Core Earnings following the Plan Effective Date. That amount would be deployed as capital investment or reduction in debt. "**Non-GAAP Core Earnings**" means GAAP earnings adjusted for those non-core items identified in the Disclosure Statement;[2]

 b) Fire Victim Claims Costs. The Reorganized Utility (Reorganized Pacific Gas and Electric Company) intends to file an application with the CPUC for approval of a single post-emergence 30-year securitization transaction of approximately $7.5 billion (the "**Securitization**"). If the CPUC does not grant approval of the Securitization, the Reorganized Utility will not seek to recover in rates any portion of the amounts paid in respect of "Fire Claims" under the Plan; and

 c) Net Operating Losses. The Debtors' payment of wildfire claims under the Plan are expected to result in substantial net operating losses ("**NOLs**"). Consistent with the Debtors' financial projections provided in the Disclosure Statement, the Reorganized Utility will use cash flows generated by application of these NOLs in future years in connection with the Securitization. If this Securitization is not approved or

---

[2] *See* Disclosure Statement, Exhibit B, p. 168 [Docket No. 6353]. The non-core items identified in the Disclosure Statement are Bankruptcy and Legal Costs; Investigation Remedies and Delayed Cost Recovery; GT&S Capital Audit; Amortization of Wildfire Insurance Fund Contribution; and Net Securitization Inception Charge. *Id*. at 174

consummated, the Reorganized Utility will use these cash flows to amortize the $6 billion in Temporary Utility Debt that is part of the Debtors' exit financing under the Plan.

<u>Post Plan Effective Date Purchase Option in Favor of State of California</u>.

The Other Commitments also include a post Plan Effective Date purchase option in favor of the state of California as follows:

- On February 18, 2020, in the proceedings before the CPUC related to approval of the Plan, the Assigned Commissioner issued a ruling that set forth various proposals. One such proposal was an Enhanced Regulatory Reporting and Enforcement Process ("**Enhanced Regulatory Process**") that includes six steps to be implemented over an extended period of time which could, under certain circumstances, culminate in a review and potential revocation of the Reorganized Utility's certificate of public convenience and necessity ("**CPCN**"), i.e., its license to operate as a public utility. The Debtors agree that if the CPUC revokes the CPCN through the Enhanced Regulatory Process, the state of California will have the option to purchase all of the issued and outstanding equity interests of the Reorganized Utility (including common stock and any options or other equity awards issued or granted by the Reorganized Utility), directly or via a state-designated entity, at an aggregate price to the holders of such equity interests equal to (i) the estimated one-year forward income computed by reference to rate base times equity ratio times return on equity (in each case as authorized by the CPUC and Federal Energy Regulatory Commission), multiplied by (ii) the average one-year forward price to earnings ratio of the utilities then comprising the Philadelphia Utilities Index ("**PHLX**"), multiplied by (iii) 0.65.

The Debtors also have agreed, subject to the approval of the CRCP Motion and the Governor's Office's support for the Plan and the Securitization, to the following:

- As a condition to the occurrence of the Effective Date, the secured debt to be issued in connection with the funding of the Plan must receive an investment grade rating from at least one of Standard & Poor's or Moody's on the Effective Date. This condition may be waived with the consent solely of the Plan Proponents and the Governor's Office; and

- The Plan Documents (as defined in the Plan), including the documents included in the Plan Supplement (as defined in the Plan) and any amendments to the Plan must be in form and substance acceptable to the Governor's Office.

## B. <u>Butte County District Attorney Investigation and potential Claims</u>

As set forth in Section II.C.2 of the Disclosure Statement, the Butte County District Attorney's Office (the "**Butte County DA**") and the California Attorney General's Office opened a criminal investigation of the November 8, 2018 Camp fire (the "**Camp Fire**"). The Disclosure Statement further discloses that potential criminal charges that could be filed against the Debtors and current or former

employees with respect to the Camp Fire include recklessly causing a fire, manslaughter, and related environmental charges. The Debtors could be subject to material fines, penalties, or restitution orders if it is determined that the Debtors failed to comply with applicable laws and regulations in connection with the Camp Fire, as well as non-monetary remedies such as oversight requirements. If the Debtors were found criminally liable, the Debtors could also be liable for claims of restitution on behalf of certain Fire Victims under the California Penal Code. The Debtors believe that any claims for such restitution would constitute Fire Victim Claims and under the Plan would be satisfied solely out of the Fire Victim Trust.

Pursuant to a Motion filed with the Bankruptcy Court on March 23, 2020 [Docket No. 6418] (the "**Butte County Motion**"), the Debtors are seeking approval of a Plea Agreement and Settlement with the People of the State of California (the "**People**"), represented by the Butte County DA (the "**Butte County Agreement**"), that resolves the criminal prosecution and investigation of the Utility arising from the Camp Fire. The Butte County Motion and any related pleadings can be viewed for free on the Case Website. The principal terms of the Butte County Agreement, which are more fully set forth in the Butte County Motion, are as follows:

1. The Utility agrees to plead guilty to 84 counts of involuntary manslaughter and one count of unlawfully causing a fire;

2. The Utility will be sentenced to pay the maximum total fine and penalty of not more than $3,486,950.00. The Utility will also pay $500,000.00 to reimburse costs spent on the investigation of the Camp Fire;

3. Upon approval and acceptance of the Butte County Agreement by the Butte County Superior Court and the Bankruptcy Court, the People, by and through the Butte County DA, agree not to prosecute any criminal charges relating to the Camp Fire against the Debtors or Reorganized Debtors;

4. The Butte County Agreement will be in full and final satisfaction, release and discharge of the proofs of claim filed by the People, through the Butte County DA, in the Chapter 11 Cases;

5. The People, by and through the Butte County DA, agree not to oppose any effort by the Utility to seek the discharge of claims for restitution pursuant to Cal. Penal Code § 1202.4 in the Chapter 11 Cases made on the grounds that such claims are satisfied pursuant to the agreements referenced in the Butte County Agreement and the Plan; and

6. The Utility will be entitled to withdraw the plea if: (i) the Butte County Agreement is not approved by the Butte County Superior Court; (ii) any obligation, including fines,

penalties, assessments, obligations to pay restitution in addition to the settlements described in the Butte County Agreement are imposed on the Utility; or (iii) the Butte County Agreement is not approved by the Bankruptcy Court, or the Plan is not confirmed by June 30, 2020 or does not become effective in accordance with its terms. If the plea is withdrawn by the Utility, the indictment shall remain.

The Debtors believe the Plan is clear that the fine and penalty set forth above is a Fire Victim Claim to be paid from the Fire Victim Trust. The Tort Claimants Committee has advised the Debtors that they disagree and assert that such fine and penalty is not to be paid from the Fire Victim Trust.

Simultaneous with entry into the Butte County Agreement, but separate from such Butte County Agreement, the Utility has committed to spend up to $15 million over five years to provide water to Butte County residents impacted by damage to the Utility's Miocene Canal caused by the Camp Fire. In addition, the Utility has separately consented to the Butte County DA consulting, sharing information with and receiving information from the monitor overseeing the Utility's probation related to the San Bruno explosion through the expiration of the Utility's term of probation, and in no event until later than January 31, 2022. This consent is subject to the approval of the federal court overseeing the Utility's probation and the monitor.

A hearing on the Butte County Motion is currently scheduled for April 14, 2020 in the Bankruptcy Court.

C. **Financial Projections**

Attached hereto as **Exhibit A** are updated financial projections that reflect, among other things, the information set forth above.

41613

Dated: March 25, 2020
San Francisco, California

Respectfully submitted,

PG&E CORPORATION

By: _____
      Name:  Jason P. Wells
      Title:  Executive Vice President and Chief Financial
            Officer

PACIFIC GAS AND ELECTRIC COMPANY

By: _____
      Name:  David S. Thomason
      Title:  Vice President, Chief Financial Officer and
            Controller

SHAREHOLDER PROPONENTS

Abrams Capital Management, L.P.,
on behalf of certain funds and accounts it
manages or advises
By: Abrams Capital Management LLC,
its general partner

By: _____
      Name:  David Abrams
      Title:  Manager

Knighthead Capital Management, LLC,
on behalf of certain funds and accounts
it manages or advises

By: _____
      Name:  Thomas A. Wagner
      Title:  Managing Member

Dated: March 25, 2020
San Francisco, California

Respectfully submitted,

PG&E CORPORATION

By: _____
    Name:  Jason P. Wells
    Title:   Executive Vice President and Chief Financial
           Officer

PACIFIC GAS AND ELECTRIC COMPANY

By: _David Thomason_____
    Name:  David S. Thomason
    Title:   Vice President, Chief Financial Officer and
           Controller

SHAREHOLDER PROPONENTS

Abrams Capital Management, L.P.,
on behalf of certain funds and accounts it
manages or advises
By: Abrams Capital Management LLC,
its general partner

By: _____
    Name:  David Abrams
    Title:   Manager

Knighthead Capital Management, LLC,
on behalf of certain funds and accounts
it manages or advises

By: _____
    Name:  Thomas A. Wagner
    Title:   Managing Member

Dated: March 25, 2020
San Francisco, California

Respectfully submitted,

PG&E CORPORATION

By: _____
    Name:  Jason P. Wells
    Title:  Executive Vice President and Chief Financial
            Officer

PACIFIC GAS AND ELECTRIC COMPANY

By: _____
    Name:  David S. Thomason
    Title:  Vice President, Chief Financial Officer and
            Controller

SHAREHOLDER PROPONENTS:

Abrams Capital Management, L.P.,
on behalf of certain funds and accounts it
manages or advises
By: Abrams Capital Management LLC,
its general partner

By: _____
    Name: David Abrams
    Title: Manager

Knighthead Capital Management, LLC,
on behalf of certain funds and accounts
it manages or advises

By: _____
    Name: Thomas A. Wagner
    Title:  Managing Member

Dated: March 25, 2020
San Francisco, California

Respectfully submitted,

PG&E CORPORATION

By: _____
    Name:  Jason P. Wells
    Title:   Executive Vice President and Chief Financial
           Officer

PACIFIC GAS AND ELECTRIC COMPANY

By: _____
    Name:  David S. Thomason
    Title:   Vice President, Chief Financial Officer and
           Controller

SHAREHOLDER PROPONENTS:

Abrams Capital Management, L.P.,
on behalf of certain funds and accounts it
manages or advises
By: Abrams Capital Management LLC,
its general partner

By: _____
    Name: David Abrams
    Title: Manager

Knighthead Capital Management, LLC,
on behalf of certain funds and accounts
it manages or advises

By: _____
    Name: Thomas A. Wagner
    Title:  Managing Member

41613

**<u>Exhibit A</u>**

**Updated Financial Projections**

**Exhibit B to Disclosure Statement**

**Financial Projections**

**Introduction**[1]

The following income and cash flow statements for the annual periods from January 1, 2020 through December 31, 2024 (the "**Projection Period**") and the balance sheet as of the end of the year for each of the years 2020 through 2024 for the Debtors ("**Consolidated Financial Projections**") are based on forecasts of operating results during the five-year period ending December 31, 2024. Included below is a summary of key assumptions to the Consolidated Financial Projections (in each case, the "**Assumptions**"). The Consolidated Financial Projections and the Assumptions should be read in conjunction with the Plan and the Disclosure Statement.

The Debtors, with the assistance of their advisors, have prepared these Consolidated Financial Projections to assist the Bankruptcy Court in determining whether the Plan meets the feasibility test of section 1129(a)(11) of the Bankruptcy Code.

Other than limited information related to rate base and capital expenditures, the Debtors generally do not publish their projections or their anticipated financial position or results of operations. Accordingly, the Debtors do not anticipate that they will, and disclaim any obligation to, furnish updated projections to holders of Claims or Interests, or to include such information in documents required to be filed with the U.S. Securities and Exchange Commission (the "**SEC**") or otherwise make public such information.

The Consolidated Financial Projections have been prepared by the management of the Debtors, in consultation with the Debtors' financial and restructuring advisors, Lazard Freres & Co. LLC and AP Services, LLC. The Consolidated Financial Projections were not prepared to comply with the guidelines for prospective financial statements published by the American Institute of Certified Public Accountants or the rules and regulations of the SEC, and by their nature are not financial statements prepared in accordance with accounting principles generally accepted in the United States of America.

The Debtors' independent accountants have neither examined nor compiled the accompanying Consolidated Financial Projections and accordingly do not express an opinion or any other form of assurance with respect to the Consolidated Financial Projections, assume no responsibility for the Consolidated Financial Projections and disclaim any association with the Consolidated Financial Projections.

The Consolidated Financial Projections do not reflect the impact of fresh start reporting in accordance with American Institute of Certified Public Accountants statement of position 90-7, financial reporting by entities in reorganization under the Bankruptcy Code. The Debtors do not expect to be subject to fresh start reporting at or following the Effective Date.

The Consolidated Financial Projections contain forward-looking statements that are not historical facts, including statements about the beliefs, expectations, estimates, future plans and strategies of the Debtors, as well as forecasts based on our Plan which reflects settlements reached with various parties regarding settlement of liabilities in connection with the 2018 Camp fire, 2017 Northern California wildfires and the 2015 Butte fire, the confirmation of the Plan on the Effective Date, the continuing availability of sufficient borrowing capacity or other financing to fund operations, the Utility's participation in the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Disclosure Statement to which this Appendix is attached.

statewide wildfire fund created by AB 1054, the Debtors' anticipated sources and uses upon emergence from Chapter 11, the outcome of regulatory cases and the effect on earnings of such cases, projections of wildfire-related expenditures, anticipated regulatory and legislative policy, anticipated capital expenditures of the Debtors, anticipated costs of operations of the Debtors, efficiency initiatives, dividend payments (both Utility preferred stock and PG&E Corporation common stock), credit ratings, securitization transactions and the various assumptions described in detail below. These statements are based on current expectations and assumptions, which management believes are reasonable, and on information currently available to management, but are necessarily subject to various risks and uncertainties. In addition to the risk that these assumptions prove to be inaccurate, factors that could cause actual results to differ materially from those contemplated by the forward-looking statements include factors disclosed in PG&E Corporation's and the Utility's annual report on Form 10-K for the year ended December 31, 2019 and other reports filed with the SEC, which are available on PG&E Corporation's website at www.pgecorp.com and on the SEC website at www.sec.gov. Additional factors include, but are not limited to, those associated with the Chapter 11 cases of PG&E Corporation and the Utility that commenced on January 29, 2019. PG&E Corporation and the Utility undertake no obligation to publicly update or revise any forward-looking statements, whether due to new information, future events or otherwise, except to the extent required by law.

The Consolidated Financial Projections, while presented with numerical specificity, are necessarily based on a variety of estimates and assumptions which, though considered reasonable by the Debtors, may not be realized and are inherently subject to significant business, economic, competitive, industry, regulatory, market and financial uncertainties and contingencies, many of which are beyond the control of the Debtors. The Debtors caution that no representations can be made or are made as to the accuracy of the Consolidated Financial Projections or to the Debtors' ability to achieve the projected results. Some assumptions inevitably will be incorrect. Moreover, events and circumstances occurring subsequent to the date on which these Consolidated Financial Projections were prepared may be different from those assumed, or, alternatively, may have been unanticipated, and thus the occurrence of these events may affect financial results in a materially adverse or materially beneficial manner. The Debtors do not intend and do not undertake any obligation to update or otherwise revise the Consolidated Financial Projections to reflect events or circumstances existing or arising after the date of these Consolidated Financial Projections. Therefore, the Consolidated Financial Projections may not be relied upon as a guarantee or other assurance of the actual results that will occur. In deciding whether to vote to accept or reject the Plan, holders of Claims and Interests must make their own determinations as to the reasonableness of such assumptions and the reliability of the Consolidated Financial Projections.

These Consolidated Financial Projections were developed for purposes of the formulation and negotiation of the Plan and to enable the holders of Claims and Interests entitled to vote under the Plan to make an informed judgment about the Plan and should not be used or relied upon for any other purpose, including the purchase or sale of securities of, or Claims or Interests in, the Debtors or any of their affiliates.

**Use of Non-GAAP Financial Measures**

The Consolidated Financial Projections contain financial information based on "Non-GAAP Core Earnings" in order to provide a measure that allows investors to compare the underlying financial performance of the business from one period to another, exclusive of non-core items.

"Non-GAAP Core Earnings" is a non-GAAP financial measure and is calculated as income available for common shareholders less non-core items. "Non-core items" includes items that management does not consider representative of ongoing earnings and affect comparability of financial results between periods. The Debtors use Non-GAAP Core Earnings to understand and compare operating results across reporting periods for various purposes including internal budgeting and forecasting, short- and long-term operating

planning, and employee incentive compensation. The Debtors believe that Non-GAAP Core Earnings provides additional insight into the underlying trends of the business, allowing for a better comparison against historical results and expectations for future performance.

Non-GAAP Core Earnings is not a substitute or alternative for GAAP measures such as consolidated income available for common shareholders and may not be comparable to similarly titled measures used by other companies.

### Select Assumptions for PG&E's Financial Forecast 2020-2024

The Consolidated Financial Projections contained herein are based on, but not limited to, factors such as general business, economic, competitive, regulatory, market, financial and environmental conditions, as well as the assumptions detailed below. Many of these factors and assumptions are beyond the control of the Debtors and do not take into account the uncertainty and disruptions of business that may accompany an in-court restructuring. Accordingly, the assumptions should be reviewed in conjunction with a review of the risk factors set forth in the Disclosure Statement and in the Debtors' public filings.

### General Assumptions

- In light of the forms of distribution contemplated by the Plan (which include cash as well as new PG&E Corporation common stock and the new debt securities of the Utility), the Consolidated Financial Projections were developed on a consolidated basis rather than on a separate legal entity basis. The Consolidated Financial Projections were developed by management with the assistance of the Debtors' advisors and are presented solely for purposes of the formulation and negotiation of the Plan in order to present the anticipated impact of the Plan. No representation or warranty, express or implied, is provided in relation to the fairness, accuracy, correctness, completeness, or reliability of the information, opinions, or conclusions expressed herein.

- The Consolidated Financial Projections assume that the Plan will be consummated in accordance with its terms and that all transactions contemplated by the Plan will be consummated on June 30, 2020.

- The Consolidated Financial Projections assume that the Utility secures an investment grade rating from at least one rating agency on the secured debt of the Utility.

- The Consolidated Financial Projections assume the achievement of various efficiency initiatives, including, among other things, resource planning, contract management, monetization of excess renewable energy, and real estate optimizations. These efficiency initiatives reduce operating and capital expenditures by approximately $1 billion on average through 2024.

- The Consolidated Financial Projections also assume that: (1) there will be no material change in legislation or regulations, or the administration thereof, that would have an unexpected effect on the operations of the Debtors; and (2) there will be no change in generally accepted accounting principles in the United States that would have a material effect on the reported financial results of the Debtors.

- The Consolidated Financial Projections do not reflect the impact of any actual or expected business disruptions relating to the worldwide health crisis due to COVID-19.

### Assumptions Underlying Revenue Projections and Cost Recovery
#### Base Revenue
The Consolidated Financial Projections assume:
- Base revenues for electric distribution, natural gas distribution and electric generation operations are consistent with the Utility's proposed settlement agreement (the "2020 GRC Settlement")

filed on December 20, 2019 with the California Public Utility Commission ("**CPUC**") in its 2020 General Rate Case ("**GRC**") for 2020-2022.  Spending for wildfire-related programs included in the 2020 GRC Settlement associated with system hardening, vegetation management, public safety power shutoffs and excess liability insurance, is anticipated to be well above amounts specified, and this incremental spending is recoverable through balancing accounts up to a two-year lag.  Base revenue for the years 2023 and 2024 assumes an increase in authorized annual revenue requirement sufficient to cover the forecasted GRC costs and authorized rate of return.

- Formula rates for the recovery of costs for electric transmission facilities are determined by the Transmission Owner ("**TO**") rate cases with the Federal Energy Regulatory Commission ("**FERC**").  Under the formula rate mechanism, transmission revenues are updated to the actual cost of service annually.  All prudently incurred transmission wildfire-related costs are assumed to be fully recoverable consistent with the formula rate mechanism.

- Base revenues for the Utility's natural gas transmission and storage services are consistent with the final decision issued in the Utility's 2019 gas transmission and storage ("**GT&S**") case, as approved by the CPUC on September 12, 2019 for 2019-2022.  Base revenue for the years 2023 and 2024 assumes an increase in the authorized GT&S annual revenue requirement sufficient to cover forecasted expenses, except for amounts not recoverable.  Aggregate GT&S capital expenditures of $576 million over the years 2011 through 2014 (the "**GT&S Expenditures**") that are currently subject to audit by the CPUC are assumed to be approved by the CPUC and restored to the Utility's rate base in 2020. Restoration of the GT&S Expenditures is subject to a subsequent CPUC proceeding following the audit.  The CPUC has advised the Utility that litigation in respect of such proceeding will likely commence in the second half of 2020 with resolution occurring in 2021.  The impact of this delay may result in a shift of the associated earnings available for common stock from 2020 to 2021 and a potential delay in associated cost recovery.

- Base operating and maintenance expenses excluding wildfire-related costs are forecast to be generally in line with the Utility's settlements and final decisions in its rate cases, including those described above.

*Incremental Wildfire-Related and Other Costs*

The Consolidated Financial Projections assume full recovery of wildfire-related costs currently deferred as regulatory assets on the balance sheet and additional future spending beyond the programs included in the 2020 GRC Settlement:

- Full recovery over the Projection Period of approximately $2.5 billion of costs related to restoration, prevention, and insurance that are on the Utility's balance sheet as deferred costs as of December 31, 2019.  Interim rate relief and accelerated recovery will be granted by the CPUC allowing approximately $1.4 billion of these costs to be recovered in 2020 and 2021 on an accelerated basis.

- Consistent with the Utility's settlement agreement in the Order Instituting Investigation into the 2017 Northern California Wildfires and the 2018 Camp Fire (the "Wildfire OII") submitted to the CPUC on December 17, 2019, the Utility will receive no recovery of costs totaling approximately $1.675 billion contemplated by the Wildfires OII settlement relating to certain wildfire-related costs and shareholder-funded system enhancement initiatives. On February 27, 2020, a Presiding Officer's Decision (POD) was issued in the Wildfire OII proceeding which proposes modifications to the settlement agreement (as so modified, the "Revised Settlement") that would add $462 million of disallowances for wildfire mitigation ($198 million) and system enhancement initiatives ($64 million), and a payment to the state general fund ($200 million). The Revised Settlement, if accepted, is subject to Bankruptcy Court approval.  PG&E has filed an appeal. The impact of the modifications to the settlement proposed by the POD is not reflected in the

Consolidated Financial Projections. The impact of the modifications to the settlement proposed by the POD on the Consolidated Financial Projections, if implemented, would be a decrease in earnings available for common stock and cashflow in 2020 as it relates to the payment to the general fund. Additionally, the proposed disallowed wildfire mitigation and system enhancement costs would impact earnings available for common stock primarily in 2020 and 2021, and cash flow impacts from the loss of anticipated revenue would be expected to impact future years. The modifications to the settlement proposed by the POD, if implemented, would also require any tax savings associated with the shareholder payments under the settlement agreement to be applied to wildfire mitigation expenses that would otherwise have been recovered from ratepayers when realized. The initial settlement of $1.675 billion and the additional $262 million established by the POD are assumed to be tax deductible and the resulting tax savings could be as much as $542 million based on the company's 28% effective net tax rate. The realization of these tax savings depends on many other variables and the timing of any savings is expected after 2024.

- For wildfire-related programs, including wildfire-related inspections and maintenance costs, that are in addition to programs requested in the 2020 GRC Settlement, recovery of costs will be allowed by the CPUC through memorandum accounts and collected on a three-year lag.

- Recovery of incremental capital expenditures in 2020 and 2021 related to implementing microgrid-enabling distributed generation, consistent with its proposal for cost recovery authorization submitted to the CPUC in connection with the CPUC's Order Instituting Rulemaking regarding microgrids.

- Pursuant to the requirements of Assembly Bill ("**AB**") 1054, approximately $3.2 billion of fire risk mitigation capital expenditures will be excluded from the Utility's equity rate base and will therefore not earn a return on equity. Such expenditures are assumed to be substantially incurred over the period from August 2019 through December 31, 2022 and are assumed to be funded with debt until securitization bond proceeds are received.

- On March 17, 2020, the Utility entered into a Plea Agreement and Settlement (the "Agreement") with the People of the State of California, by and through the Butte County District Attorney's office to resolve the criminal prosecution of the Utility in connection with the 2018 Camp fire. Pursuant to the Agreement, the Utility will be sentenced to pay the maximum total fine and penalty of approximately $3.5 million. The Agreement provides that no other or additional sentence will be imposed on the Utility in the criminal action in connection with the 2018 Camp fire. The Utility has also agreed to pay $500,000 to the Butte County District Attorney Environmental and Consumer Protection Fund to reimburse costs spent on the investigation of the 2018 Camp fire. Simultaneous with entry into the Agreement, but separate from such Agreement, the Utility has committed to spend up to $15 million over five years to provide water to Butte County residents impacted by damage to the Utility's Miocene Canal caused by the 2018 Camp fire. The Debtors believe that the Utility will have sufficient cash and other financial resources to satisfy these commitments following emergence.

**Assumptions Underlying Regulatory and Policy Projections**

The Consolidated Financial Projections assume:

- The Utility's authorized Return on Equity will be 10.25% (as authorized through 2023 by the CPUC in its final decision issued December 19, 2019) throughout the Projection Period. The Consolidated Financial Projections also reflect a capital structure that is consistent with the terms of the Restructuring Support Agreement (the "**Noteholder RSA**") dated January 22, 2020,

resulting in a weighted-average cost of debt of approximately 4.3%[2] upon PG&E Corporation's and the Utility's emergence from Chapter 11.

- Consistent with the terms of AB 1054, an initial contribution by the Utility to the Go-Forward Wildfire Fund established thereunder of $4.8 billion upon emergence, to be amortized over ten years and ongoing contributions by the Utility to the Go-Forward Wildfire Fund of $193 million per year over the Projection Period.

- The payment of various penalties by the Utility, including general fund payments, shareholder-paid initiatives, and agreements not to seek rate recovery for specified expenses pursuant to the following Orders Instituting Investigation ("**OIIs**"):

  - Locate & Mark OII:  In February 2020, the presiding officer in this OII issued a decision modifying the settlement agreement between the Utility and the CPUC submitted on October 3, 2019.  Consistent with the terms of the settlement agreement, as modified, the Consolidated Financial Projections assume payments and unrecovered expenses by the Utility in the amount of $110 million during 2020-2022.

  - Phase II Ex-Parte OII:  On December 5th, 2019, the CPUC approved a settlement agreement between certain public entities and the Utility pursuant to which the Utility agreed to pay an incremental penalty of $10 million. The Consolidated Financial Projections assume that this penalty is paid in 2020.

  - Wildfires OII:  As described above, on December 17, 2019, the Utility submitted a settlement agreement to the CPUC in connection with the Wildfires OII in which it agreed not to seek cost recovery for $1.675 billion of wildfire-related expenditures.  The Consolidated Financial Projections assume that these costs will not be recovered (See above for information related to the February 27, 2020 POD, which the Utility has appealed).

**Financing Considerations**

- The financing assumptions underlying the Consolidated Financial Projections are consistent with the Utility's testimony filed with the CPUC on January 31, 2020 in connection with the CPUC's Plan of Reorganization OII.  The Consolidated Financial Projections assume total sources of funding and corresponding uses of approximately $59 billion ($57.65 billion upon emergence), as summarized in the following tables:

### *Expected Sources (in millions)*

| | |
|---|---:|
| Equity issuance for cash | $9,000 |
| Equity issued into Fire Victim Trust (as defined below) | 6,750 |
| New PG&E Corporation Debt | 4,750 |
| Reinstated Utility Debt | 9,575 |
| New Utility Notes | 23,775 |
| Insurance Proceeds | 2,200 |
| Cash immediately prior to Emergence | 1,600 |
| Deferred Wildfire Claims Settlement | 1,350 |
| **Total Sources** | **$59,000** |

---

[2] Inclusive of amortization of fees.

| *Expected Uses (in millions)* | |
|---|---:|
| Payment to holders of wildfire-related claims | $24,150 |
| 2017/2018 Wildfire Claims Settlement (Deferred Payment) | 1,350 |
| Contributions to Go-Forward Wildfire Fund pursuant to AB 1054 | 5,000 |
| Repayment of Debtor-In-Possession Financing | 2,000 |
| Pre-petition Debt to be repaid or reinstated | 22,180 |
| Trade Claims and Other Costs | 2,300 |
| Accrued Interest | 1,270 |
| Cash immediately following Emergence | 750 |
| **Total Uses** | **$59,000** |

- The Consolidated Financial Projections assume, in connection with PG&E Corporation and the Utility's exit financing, that the CPUC will authorize the exclusion of $6 billion of temporary New Utility Notes from the Utility's capital structure. The Consolidated Financial Projections further assume that the CPUC will authorize the securitization of $7.5 billion of wildfire-related claims costs by March 31, 2021 that is contemplated to be neutral on average to customers, the proceeds of which will be used to retire the $6 billion of temporary New Utility Notes and to make payments as part of the $1.35 billion deferred settlement to the trust to be established under the Plan for the benefit of holders of wildfire-related claims ("**Fire Victim Trust**"). The authorization to securitize $7.5 billion of wildfire claims results in a $1.9 billion charge at inception as a result of an undiscounted regulatory liability associated with revenue credits funded by the NOL monetization. The Securitization includes offsetting credits to be funded initially from a shareholder funded reserve account and further funded with the value of shareholder NOLs contributed in the year in which the NOLs are utilized. The combination of the up-front contributions to the reserve account and the monetization of the NOLs are expected to yield a full (nominal) offset each year to securitized charges. Net operating revenues are shown net of contributions to the reserve account in the year in which contributions are made. The Securitization proposal reflected in the forecast includes contribution to the reserve account of $1.8 billion in 2021 that are not funded by NOL monetization. The reserve account is not reflected on the Debtors' balance sheet.

- The Consolidated Financial Projections assume that the equity commitment premium due under the equity backstop letters will equal 119 million shares of PG&E Corporation common stock, payable on the Effective Date. Assuming that the Debtors implement the capital structure described above by drawing on the equity backstop commitments and based on the Debtors' forecasted Normalized Estimated Net Income (as defined in the equity backstop commitment letters), the value of the equity commitment premium would be approximately $1.2 billion at the Backstop Price (as defined in the equity backstop commitment letters) without adjustments related to changes in the Applicable Utility Index Multiple. The value of the equity commitment premium could exceed this amount in the event that PG&E Corporation successfully consummates a marketed equity offering or rights offering in lieu of drawing on the equity backstop commitments or if the Debtors implement an alternative capital structure, under certain conditions.

- The Consolidated Financial Projections assume that the Debtors will face no incremental wildfire liabilities related to pre-petition wildfires beyond the $25.5 billion of wildfire-related claims that the Debtors have committed as of the date hereof to pay under the Plan pursuant to various settlement agreements with the holders of wildfire-related claims. The Consolidated Financial Projections further assume the Debtors will not face any liabilities related to postpetition wildfires that are not covered by insurance.

- Common dividends will not be paid until PG&E Corporation has recognized $6.2 billion in Non-GAAP Core Earnings following the Effective Date. That amount would be deployed as capital investment or reduction in debt. Common dividends are assumed to be restored once the Non-GAAP Core Earnings threshold has been met and are moderated to allow PG&E Corporation debt reduction. This assumption does not reflect a commitment on the Board or management's part to a specific future dividend policy.
- The Consolidated Financial Projections assume that additional equity is raised in 2021. This financing need may either be met through equity issuance or maintaining Holding Company debt levels.

**PG&E Corporation Consolidated**
**CONDENSED CONSOLIDATED PROJECTED INCOME STATEMENTS**
**($ millions)**

| | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **INCOME STATEMENT** | | | | | |
| **Net Operating Revenues** | 15,512 | 14,649 | 17,170 | 18,163 | 18,925 |
| *Memo: Total Cost of Energy* | *3,400* | *3,716* | *3,684* | *3,450* | *3,490* |
| **Operating Expenses** | | | | | |
| Operating and maintenance | (8,807) | (8,869) | (8,700) | (8,921) | (8,972) |
| Depreciation, amort. & decommissioning | (3,444) | (3,693) | (3,916) | (4,229) | (4,510) |
| Net securitization regulatory deferral | | (144) | (89) | (91) | (84) |
| **Total Operating Expenses** | (12,251) | (12,706) | (12,705) | (13,241) | (13,565) |
| **Operating Income** | 3,261 | 1,943 | 4,465 | 4,922 | 5,360 |
| **Total Interest Expense** | (1,296) | (1,683) | (1,766) | (1,835) | (1,891) |
| **State Wildfire Insurance Fund Contribution and Prepayment Amortization** | (672) | (672) | (672) | (672) | (672) |
| **Other Income/(Expense), net** | (1,479) | (166) | (166) | (180) | (193) |
| **Income Before Income Taxes** | (186) | (578) | 1,861 | 2,235 | 2,604 |
| Income tax provision | 232 | 721 | 17 | (82) | (196) |
| Preferred dividend requirement | (14) | (14) | (14) | (14) | (14) |
| **TOTAL EARNINGS AVAIL FOR COMMON STOCK** | **32** | **129** | **1,864** | **2,139** | **2,394** |
| **Non-GAAP Core Earnings Adjustments** | | | | | |
| Bankruptcy and Legal Costs | 1,487 | 28 | | | |
| Investigation Remedies and Delayed Cost Recovery | 110 | 42 | 48 | | |
| GT&S Capital Audit | (191) | | | | |
| Amortization of Wildfire Insurance Fund Contribution | 484 | 484 | 484 | 484 | 484 |
| Net Securitization Inception Charge | | 1,361 | | | |
| **NON-GAAP CORE EARNINGS** | **1,922** | **2,044** | **2,395** | **2,623** | **2,878** |

Forecasted 2021 Normalized Estimated Net Income ("NENI"), as defined in the Backstop Commitment Letter filed with the SEC on December 26, 2019, excludes the following items that are otherwise included in the presentation of forecasted 2021 Core Earnings: approximately $55 million related to unrecoverable Gas Transmission and Storage costs, approximately $45 million related to delayed capital recovery and approximately $20 million of earnings below authorized amounts. In addition to the adjustments referenced above, NENI includes the post-tax annual contribution to the Go-Forward Wildfire Fund, which is excluded from Core Earnings.

**PG&E Corporation Consolidated**
**CONDENSED CONSOLIDATED PROJECTED BALANCE SHEETS**
**($ millions)**

| | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| **Current Assets** | | | | | |
| Cash and Cash Equivalents | 757 | 504 | 491 | 471 | 428 |
| Accounts Receivable | 2,788 | 2,721 | 2,937 | 3,166 | 3,283 |
| Regulatory Balancing Accounts, net of Liabilities (1) | 747 | 1,619 | 1,677 | 1,040 | 743 |
| Prepaid Expenses, Inventories and Collateral | 1,742 | 1,836 | 1,920 | 1,993 | 2,057 |
| **Total Current Assets** | 6,035 | 6,679 | 7,024 | 6,670 | 6,511 |
| **Net Property, Plant and Equipment** | 66,340 | 71,347 | 75,809 | 80,991 | 85,277 |
| **Other Noncurrent Assets** | | | | | |
| Nuclear Decommissioning Assets | 3,291 | 3,409 | 3,527 | 3,645 | 3,763 |
| Wildfire Fund Contribution | 4,320 | 3,840 | 3,360 | 2,880 | 2,400 |
| Regulatory Assets and Other | 8,804 | 8,551 | 8,343 | 8,372 | 8,568 |
| **Total Other Noncurrent Assets** | 16,415 | 15,800 | 15,230 | 14,897 | 14,730 |
| **TOTAL ASSETS** | 88,790 | 93,826 | 98,064 | 102,558 | 106,519 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY** | | | | | |
| **Current Liabilities** | | | | | |
| Accounts Payable | 2,152 | 2,140 | 2,063 | 2,005 | 1,986 |
| Short Term Borrowing | 1,720 | 2,000 | 2,000 | 2,000 | 2,000 |
| Other Current Liabilities | 1,648 | 1,853 | 1,631 | 1,421 | 1,350 |
| Accrued Wildfire Liability (Gross) | 1,350 | 0 | 0 | 0 | 0 |
| **Total Current Liabilities** | 6,870 | 5,992 | 5,694 | 5,426 | 5,336 |
| **Noncurrent Liabilities** | | | | | |
| Deferred Income Taxes | (320) | (1,041) | (1,069) | (996) | (811) |
| Long-term debt | 37,843 | 34,238 | 35,253 | 36,253 | 36,441 |
| *Memo: HoldCo Portion of Long Term Debt* | *4,750* | *3,025* | *2,425* | *2,250* | *1,650* |
| Securitized bonds | 0 | 8,218 | 8,873 | 9,495 | 9,992 |
| Regulatory Liabilities | 9,716 | 10,311 | 10,942 | 11,804 | 12,736 |
| Asset Retirement Obligations | 6,002 | 6,161 | 6,320 | 6,320 | 6,320 |
| Other | 6,099 | 6,086 | 6,328 | 6,673 | 7,005 |
| **Total Noncurrent Liabilities** | 59,340 | 63,975 | 66,647 | 69,550 | 71,683 |
| **Shareholders' Equity** | | | | | |
| Total Shareholders' Equity | 22,328 | 23,607 | 25,470 | 27,329 | 29,248 |
| Noncontrolling Interest - Preferred Stock of Subsidiary | 252 | 252 | 252 | 252 | 252 |
| **Total Shareholders' Equity** | 22,580 | 23,859 | 25,722 | 27,581 | 29,500 |
| **TOTAL LIABILITIES AND SHAREHOLDERS' EQUITY** | 88,790 | 93,826 | 98,064 | 102,558 | 106,519 |

(1) Includes accounts classified as noncurrent in GAAP financial statements

**PG&E Corporation Consolidated**

**CONDENSED CONSOLIDATED PROJECTED STATEMENTS OF CASH FLOWS**

**($ millions)**

| | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| **CASH FLOW STATEMENT** | | | | | |
| **Cash Flows From Operations:** | | | | | |
| Net Income | 46 | 143 | 1,878 | 2,153 | 2,408 |
| Depreciation and Amortization | 3,439 | 3,683 | 3,907 | 4,219 | 4,500 |
| Net Amortization of Securitization Regulatory Assets and Liabilities | | (1,746) | 89 | 91 | 84 |
| Share-Based Equity Backstop Commitment Premium | 1,222 | | | | |
| Wildfire Insurance Fund Amortization | 480 | 480 | 480 | 480 | 480 |
| Wildfire Insurance Fund Contribution | (4,800) | | | | |
| Change in Deferred Taxes | (232) | (721) | (28) | 73 | 184 |
| Changes in Operating Assets and Liabilities | 52 | 192 | (374) | (340) | (208) |
| Change in Balancing Accounts and Regulatory Assets | (221) | 1,205 | 125 | 815 | 479 |
| Other Noncurrent Assets and Liabilities | 110 | 42 | 39 | 55 | 25 |
| Change in Other Working Capital | 155 | 50 | 68 | (71) | (57) |
| Payment of Liabilities Subject to Compromise, net of Insurance Proceeds | (25,547) | (1,350) | | | |
| Net Cash from Operations | (25,295) | 1,978 | 6,183 | 7,474 | 7,896 |
| | | | | | |
| **Investing Activities:** | | | | | |
| Capital Expenditures | (8,086) | (8,140) | (7,730) | (8,702) | (8,015) |
| Net Change in Nuclear Decommissioning Funds | (118) | (118) | (118) | (118) | (118) |
| Proceeds from Asset Sales | 1,322 | 0 | 0 | 0 | 0 |
| Net Cash Used In Investing | (6,882) | (8,258) | (7,848) | (8,820) | (8,133) |
| | | | | | |
| **Financing Activities:** | | | | | |
| Holding Company Financing | 19,850 | (575) | (600) | (175) | (600) |
| Short and Long Term Utility Debt Issued (Matured/Repurchased) | 11,552 | (1,603) | 1,612 | 1,172 | 784 |
| Securitization Bonds Issued | 0 | 8,218 | 654 | 622 | 497 |
| Preferred Dividends Disbursed | (42) | (14) | (14) | (14) | (14) |
| Common dividends | 0 | 0 | 0 | (280) | (475) |
| Net Cash Provided by Financing | 31,360 | 6,026 | 1,652 | 1,326 | 193 |
| | | | | | |
| **NET CHANGE IN CASH** | **(817)** | **(253)** | **(13)** | **(19)** | **(43)** |

# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

**STANDARD IMPAIRED DEBT BALLOT**

**[CLASS 3B-IV – UTILITY FUNDED DEBT CLAIMS]**

**[CLASS 10A-II – HOLDCO RESCISSION OR DAMAGE CLAIMS]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK LLC ("<u>PRIME CLERK</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON MAY 15, 2020 (THE "<u>VOTING DEADLINE</u>").**

---

The Solicitation Agent, on behalf of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), and the Shareholder Proponents, is soliciting votes to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be

1

modified, amended, or supplemented from time to time, the "**Plan**")[1] from the holders of certain Impaired Claims against, and Interests in, the Debtors.

You are receiving this Ballot because you have asserted Claims against the Debtors [arising under or relating to certain of the Utility's funded debt facilities (the "**Utility Funded Debt Claims**")] [for recession or damages arising from or relating to your purchase or acquisition of the Debtors' publicly traded equity securities ("**HoldCo Rescission or Damage Claims**")].  Your Claims are classified in Class [3B-IV/10A-II] under the Plan.

Your rights are described in the Disclosure Statement for the Plan, filed on March March 17, 2020 [Docket No. 6353] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the Order approving the Disclosure Statement and related solicitation procedures [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**").  The Disclosure Statement, the Plan, the Disclosure Statement and Solicitation Procedures Order, and certain other materials are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Prime Clerk by (i) visiting the Debtors' case website at https://restructuring.primeclerk.com/pge/; (ii) writing PG&E Ballot Processing, c/o Prime Clerk, LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing pgeballots@primeclerk.com, or (iv) calling the Solicitation Agent at 844-339-4217 (domestic toll-free) or 929-333-8977 (if calling from outside the U.S. or Canada).  You may also access these materials for a fee via PACER at http://www.canb.uscourts.gov/.

The United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe that you have received this Ballot in error, please contact the Solicitation Agent at the address or telephone numbers set forth above.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned to the Solicitation Agent so that it is actually received no later than 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020.**

If you have any questions on how to properly complete this Ballot, please call Prime Clerk at 844-339-4217 (domestic toll-free) or 929-333-8977 (international).  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement and Solicitation Procedures Order (as defined herein), as applicable.

# INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class [3B-IV/10A-II] if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and at least one-half (1/2) in number of holders of Claims in Class [3B-IV/10A-II] that vote on the Plan. In the event that holders of Claims in Class 3B-IV vote to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan and, thereby, make the Plan binding on the holders of Claims in Class [3B-IV/10A-II] if the Bankruptcy Court finds that the Plan does not unfairly discriminate against, and accords fair and equitable treatment to, the holders of Claims in Class [3B-IV/10A-II] and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the confirmed Plan, and those holders who are not entitled to vote on the confirmed Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder.

**To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Solicitation Agent at the appropriate address listed below no later than the <u>Voting Deadline of May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time)</u>. Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below (or in the enclosed envelope, which may have a different zip code) or (b) via Prime Clerk's E-Ballot platform by visiting https://restructuring.primeclerk.com/pge, clicking on the "Submit E-Ballot" link, and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one form of return for your Ballot.**

| If by E-Ballot | If by standard or overnight mail, or hand delivery: |
|---|---|
| Visit https://restructuring.primeclerk.com/pge and click on the "Submit E-Ballot" link | PG&E Ballot Processing<br>c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street<br>Suite 1440<br>New York, NY 10165<br><br>If you plan to hand-deliver your Ballot to Prime Clerk's office, please e-mail pgeballots@primeclerk.com at least one (1) hour in advance to arrange delivery. |

**Ballots will not be accepted by email, telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

To properly complete this Ballot, you must follow the procedures described below:

a.   Item 1 (Amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims)).  Make sure that the information contained in Item 1 below regarding the principal amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] you held on the Record Date is correct.

b.   Item 2 (Vote on the Plan).  Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2 below.

c.   If you hold Claims or Interests in a Class other than Class [3B-IV/10A-II], you may receive more than one Ballot or Solicitation Package, labeled for a different Class of Claims or Interests.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims or Interests only if you complete, sign, and return the Ballot labeled for such Class of Claims or Interests in accordance with the instructions on that Ballot.

d.   If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Solicitation Agent will be counted, provided that, if a holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] submits both a paper Ballot and E-Ballot on account of the same [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims], the E-Ballot shall supersede the paper Ballot, unless the holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] receives Bankruptcy Court approval otherwise.

e.   Item 3 (Optional Release Election).  If you wish to opt-in to granting the releases contained in Clause 10.9(b) of the Plan, check the box in Item 3 below.

f.   Item 4 (Acknowledgements and Certifications).  Item 4 contains certain required certifications which you are making by signing and returning this Ballot.  Please ensure that you have read and understood the certifications prior to signing this Ballot.  Provide your name, mailing address, and any remaining information requested in Item 4 below.

g.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4 below.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act).

h.   Sign and date your Ballot.

i.   Return your Ballot with an original signature to the Solicitation Agent so as to be received by the Solicitation Agent before the Voting Deadline.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE COPIES OF THE DISCLOSURE STATEMENT OR THE PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT 844-339-4217 (DOMESTIC TOLL-FREE) OR 929-333-8977 (INTERNATIONAL), OR BY E-MAILING PGEBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**[IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 3B-IV – UTILITY FUNDED DEBT CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, on the Effective Date, holders of Utility Funded Debt Claims shall receive Cash equal to their Utility Funded Debt Claim Interest and Charges Amount and equal amounts of each issue of the New Utility Funded Debt Exchange Notes in an aggregate amount equal to such holder's Utility Funded Debt Claim Principal Amount.  On the Effective Date, any Utility Letters of Credit outstanding shall be replaced or canceled and returned to the issuing Utility Revolver Lender in accordance with the terms of the applicable Utility Letter of Credit and the Utility Revolver Documents.]**

**[IMPORTANT NOTICE REGARDING THE TREATMENT OF CLASS 10A-II – HOLDCO RESCISSION OR DAMAGE CLAIMS UNDER THE PLAN**

**As described in further detail in the Disclosure Statement and the Plan, if the Plan is confirmed, in full and final satisfaction, settlement, release, and discharge of any HoldCo Rescission or Damage Claims, except to the extent that the Debtors or the Reorganized Debtors, as applicable, and a holder of an Allowed HoldCo Rescission or Damage Claim agree to a less favorable treatment of such Claim, on the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed HoldCo Rescission or Damage Claim shall receive a number of shares of New HoldCo Common Stock equal to such holder's HoldCo Rescission or Damage Claim Share of the outstanding number of common stock of HoldCo as of the Petition Date (526,118,408).]**

---

# BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**To submit your Ballot via the "E-Ballot" platform, please visit https://restructuring.primeclerk.com/pge. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] described in Item 1 of your E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Holders who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

---

**Item 1. Amount of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims].** For purposes of voting to accept or reject the Plan, the undersigned certifies that as of March 3, 2020, the undersigned holds [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount set forth below.

**Claim(s) Amount**: _____

**Item 2. Vote on the Plan.** The undersigned holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount set forth in Item 1 above hereby votes to:

**Check one box:** ☐ **ACCEPT (*I.E.*, VOTE IN FAVOR OF)** the Plan

☐ **REJECT (*I.E.*, VOTE AGAINST)** the Plan

6

**Item 3. Optional Release Election.**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF [UTILITY FUNDED DEBT CLAIMS/HOLDCO RESCISSION OR DAMAGE CLAIMS] UNDER THE PLAN:**

**You can elect, pursuant to Section 10.9(b) of the Plan, to release certain persons, collectively, and in each case in their capacities as such: (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such (the "Released Parties").**

**To grant these releases you must check the box below. If you elect not to check the box below, you will not grant the releases.**

**Your election to opt-in to the releases does not affect the classification or treatment of your Claims in any way pursuant to the Plan.**

**Please note that the release pursuant to Section 10.9(b) is in addition to the release and discharge of Claims and Interests against the Debtors which arose prior to the Effective Date pursuant to Section 10.3 of the Plan, and the injunctions supporting such release and discharge in Sections 10.6 and 10.7 of the Plan, and opting-out of granting the releases in Section 10.9(b) does not affect the operation of these or any other provision of the Plan.**

**Please be advised that the complete text of the releases set forth in Section 10.9(b) of the Plan is set forth on Annex A hereto. You are advised to carefully review and consider these releases in their entirety.**

---

Check the box below to opt-in to granting the releases contained in Section 10.9(b) of the Plan. For the avoidance of doubt, if you elect not to check the box below, you will not grant the releases.

☐   **Opt-In:** The undersigned elects to **GRANT (*I.E.*, OPT-IN TO)** the releases contained in Section 10.9(b) of the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Disclosure Statement and Solicitation Procedures Order without exhibits. The undersigned certifies that (a) it is the holder of [Utility Funded Debt Claims/HoldCo Rescission or Damage Claims] in the principal amount identified in Item 1 above and (b) it has full power and authority to vote to accept or reject the Plan and to elect to opt-in to the optional releases under the Plan. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and Solicitation Procedures Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claim Holder: _____

Social Security or
Federal Tax I.D. No. of Claim Holder: _____

Signature: _____

Name of Signatory
(if different than Claim Holder): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

Street Address (continued): _____

City, State, and Zip Code: _____

Country: _____

E-mail Address: _____

Date Completed: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice mailings in these Chapter 11 Cases; and/or

☐ Distributions, if any, upon your Claims in these Chapter 11 Cases

8

## <u>ANNEX A: PLAN INJUNCTION, EXCULPATION, AND RELEASE PROVISIONS</u>

**The provisions of the Plan excerpted in this Annex A are subject to such definitions, other provisions, and exceptions contained in the Plan that may be applicable. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

### <u>Optional Release Provisions under the Plan</u>

**Please be advised that Section 10.9(b) of the Plan, which you can elect to opt-in to by this Ballot, contains the following releases by Holders of Claims and Interests:**

> **As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other**

occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan; and nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof.

### Other Key Injunction, Exculpation, and Release Provisions under the Plan

Please be advised that the Plan also contains the following key injunction, exculpation, and release provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you elect to opt-in to the releases in Section 10.9(b) of the Plan by this Ballot.

*Section 10.6 – Injunction.*

(a) Except as otherwise provided in this Plan or in the Confirmation Order, as of the entry of the Confirmation Order but subject to the occurrence of the Effective Date, all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms

of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have affirmatively and specifically consented to be bound by this Plan, including, the injunctions set forth in this Section.

*Section 10.7 – Channeling Injunction.*

(a) The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust, as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

    (i) commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any such Fire Claim, against or affecting any Reorganized Debtor, or any property or interests in property of any Reorganized Debtor with respect to any such Fire Claim;

    (ii) enforcing, levying, attaching, collecting or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree or other order against any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim;

    (iii) creating, perfecting, or enforcing in any manner, whether directly or indirectly, any Lien of any kind against any Reorganized Debtor or the property of any Reorganized Debtor with respect to any such Fire Claims;

    (iv) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due any Reorganized Debtor or against the property of any Reorganized Debtor with respect to any such Fire Claim; and

    (v) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents, with respect to any such Fire Claim.

(b) Reservations. Notwithstanding anything to the contrary in this Section 10.7 of the Plan, this Channeling Injunction shall not enjoin:

     (i)    **the rights of holders of Subrogation Fire Claims and Fire Victim Claims to the treatment afforded them under the Plan, including the right to assert such Claims in accordance with the applicable Wildfire Trust Agreements solely against the applicable Wildfire Trust whether or not there are funds to pay such Fire Claims; and**

     (ii)    **the Wildfire Trusts from enforcing their rights under the Wildfire Trust Agreements.**

(c) **Modifications.** There can be no modification, dissolution, or termination of the Channeling Injunction, which shall be a permanent injunction.

(d) **No Limitation on Channeling Injunction.** Nothing in the Plan, the Confirmation Order, or the Wildfire Trust Agreements shall be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for herein and in the Confirmation Order.

(e) **Bankruptcy Rule 3016 Compliance.** The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

***Section 10.8 - Exculpation.*** Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any

time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### Section 10.9 – Releases.

(a) *Releases by the Debtors*. As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors, the implementation of the Restructuring, and except as otherwise provided in this Plan or in the Confirmation Order, the Released Parties are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Debtors, the Reorganized Debtors, and the Debtors' estates, in each case on behalf of themselves and their respective successors, assigns, and representatives and any and all other Entities who may purport to assert any Cause of Action derivatively, by or through the foregoing Entities, from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Debtors' estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors, or the  Debtors' estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Fires, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement and this Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to this Plan, any membership (including, but not limited to, on an *ex officio* basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon

the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.

(b) *Releases by Holders of Claims and Interests*. [excerpted above]

(c) *Only Consensual Non-Debtor Releases*. Except as set forth under Section 4.25(f)(ii) hereof, for the avoidance of doubt, and notwithstanding any other provision of this Plan, nothing in the Plan is intended to, nor shall the Plan be interpreted to, effect a nonconsensual release by a holder of a Claim in favor of a party that is not a Debtor, it being acknowledged that such holder shall be deemed to release a party that is not a Debtor under the Plan solely to the extent that such holder consensually elects to provide such Plan release in accordance with the opt-in release procedures set forth herein or in any applicable Ballot. The holder of a Claim shall receive the same amount of consideration under the Plan whether or not such holder elects to release a party that is not a Debtor in accordance with the opt-in release procedures set forth herein or in any applicable Ballot.

(d) *Release of Liens*. Except as otherwise specifically provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit Financing Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or filing being required to be made by the Debtors.

(e) *Waiver of Statutory Limitations on Releases*. Each releasing party in any general release contained in the Plan expressly acknowledges that although ordinarily a general release may not extend to claims which the releasing party does not know or suspect to exist in his favor, which if known by it may have materially affected its settlement with the party released, each releasing party has carefully considered and taken into account in determining to enter into the above releases the possible existence of such unknown losses or claims. Without limiting the generality of the foregoing, and solely with respect to any general release under this Plan, each releasing party expressly waives any and all rights conferred upon it by any statute or rule of law which provides that a release does not extend to claims which the claimant does not know or suspect to exist in its favor at the time of executing the release, which if known by it may have materially affected its settlement with the released party, including the provisions of California Civil Code section 1542. The releases contained in this Article X of the Plan are effective regardless of whether those released matters are presently known, unknown, suspected or unsuspected, foreseen or unforeseen.

(f) **Injunction Related to Releases and Exculpation. The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, the claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan. For the avoidance of doubt, this injunction shall not apply to the rights of the Fire Victims Trust to prosecute and settle any Assigned Rights and Causes of Action solely to the extent provided for in the Plan. Notwithstanding the above, the holders of Environmental Claims, Workers' Compensation Claims and 2001 Utility Exchange Claims retain the right to assert such Claims against the Reorganized Debtors in accordance with the terms of the Plan.**

(g) **No Release or Exculpation of Assigned Rights and Causes of Action. Notwithstanding any other provision of the Plan, including anything in Section 10.8 and/or 10.9, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.**

# **Exhibit D**

# **IMPORTANT**

Enclosed in this mailing is a provisional Standard Impaired Debt Ballot [Class 10A-II HoldCo Rescission or Damage Claims] (a "***Class 10A-II Ballot***") for voting to accept or reject the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* dated March 16, 2020 [Docket No. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan[1]").

To have your vote counted, you must complete, sign, and return the enclosed Ballot so that it is received by Prime Clerk LLC ("**Prime Clerk**"), the Court-appointed solicitation agent, at the appropriate address listed in the Ballot no later than May 15, 2020 at 4:00 p.m. (Prevailing Pacific Time).

WHETHER YOU HAVE ALREADY SUBMITTED A RECISSION OR DAMAGE PROOF OF CLAIM FORM OR ARE SUBMITTING A PROOF OF CLAIM FORM CONTEMPORANEOUSLY WITH THIS BALLOT, PLEASE BE CERTAIN YOU USE (OR HAVE USED) THE EXACT SAME NAME ON YOUR RESCISSION OR DAMAGE CLAIM PROOF OF CLAIM FORM AS APPEARS PRINTED ON THE ENCLOSED CLASS 10A-II BALLOT (INCLUDING THE EXACT SAME SPELLING AND FORMAT OF THE NAME).

> For example, if the name on page. 8 of the enclosed Class 10A-II Ballot is "Michael E. Smith", please complete your Rescission or Damage Claim using the name "Michael E. Smith". If you use any of the following "Michael Smith", Mike Smith", "M. Smith", "Smith, Michael", or "Smith, M." (to provide just a few examples") when completing your Rescission or Damage Proof of Claim Form, you risk your Class 10A-II Ballot not being linked to an underlying Rescission or Damage Claim, which would result in your vote being invalidated.

**\*\*Claimants who do not use the same exact name when completing their Class 10A-II Ballot and Rescission or Damage Proof of Claim Form or do not provide Prime Clerk the information needed to match their Class 10A-II Ballot to the corresponding Rescission or Damage Proof of Claim Form risk having their Class 10A-II votes invalidated.\*\***

Please note that the enclosed Ballot is being provided on a provisional basis and is subject to, among other things, the terms and conditions of the Disclosure Statement and Solicitation Procedures Order. The Debtors reserve all of their rights in connection therewith.

If you have any questions, please contact Prime Clerk at pgeballots@primeclerk.com

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Order approving the Disclosure Statement and related solicitation procedures [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), as applicable.

**Exhibit E**

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal | Country |
|-------|------|-----------|-----------|-----------|------|-------|--------|---------|
| 7949022 | Akutagawa, Richard T. | Address on File | | | | | | |
| 7951323 | Alvarez, Santa R. | Address on File | | | | | | |
| 7926174 | Ameriprise Retirement Plan Trust | Address on File | | | | | | |
| 7938275 | Andrews, Robert J. | Address on File | | | | | | |
| 7937072 | Arif, Clifford L | Address on File | | | | | | |
| 7945960 | Arnold, Frederick A. | Address on File | | | | | | |
| 7927218 | Bailey, Jeffrey | Address on File | | | | | | |
| 7927239 | Bailey, Phillip | Address on File | | | | | | |
| 7946142 | BANACH, GARY | Address on File | | | | | | |
| 7926747 | Barry & Diane Goldstein Living Trust | Address on File | | | | | | |
| 7936846 | Bernstein, Martin H. | Address on File | | | | | | |
| 7936565 | Blades, Linda | Address on File | | | | | | |
| 7939202 | Bonilla, Judy Louise | Address on File | | | | | | |
| 7936727 | Bordelon, James | Address on File | | | | | | |
| 7938058 | BP Master Trust for Employee Pension Plans | Christine Tammy Babicz - BP | 30 S. Wacker Dr, Suite 300 | | Chicago | IL | 60606 | |
| 7938519 | Bravo Health Pennsylvania, Inc. OBO HSPBPA | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd | | Bloomfield | CT | 06002 | |
| 7945901 | Breckner, Suzanne Marie | Address on File | | | | | | |
| 7931240 | Brooks, Geraldine Rhonda | Address on File | | | | | | |
| 7926256 | Bruce Alpert Family Trust, c/o Jeremy G. Alper, Trustee | Address on File | | | | | | |
| 7699608 | BUTTERFIELD, JOANNE L | Address on File | | | | | | |
| 7930073 | Caldwell, John | Address on File | | | | | | |
| 7938375 | Carleton Engineers & Consultants Inc. Profit Sharing Plan | Finis E. Carleton, Trustee | 313 Ellerbrocht Drive | | Fredericksburg | TX | 78624 | |
| 7949718 | CCW International Inc | 30840 Cartier Drive | | | Rancho Palos Verdes | CA | 90275 | |
| 7938862 | Charles Schwab Contributory IRA  FBO Cheryl Abramowitz | Address on File | | | | | | |
| 7944395 | CHEN, CHENCHENG | Address on File | | | | | | |
| 7943223 | Cheung, Michael | Address on File | | | | | | |
| 7944427 | Chiofolo, Victor P. | Address on File | | | | | | |
| 7938851 | Christmas, Johanne E | Address on File | | | | | | |
| 7931442 | CICCONE, CAROL M | Address on File | | | | | | |
| 7938134 | Cigna Behavioral Health of California, Inc. OBO MCCCA | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd | | Bloomfield | CT | 06002 | |
| 7946086 | Clare H. Springs, Trustee | Address on File | | | | | | |
| 7936729 | CLASSEN, RONALD C. & MARGARET M. | Address on File | | | | | | |
| 7938876 | Clearwater Audubon | PO Box 97 | | | Clearwater | FL | 33757 | |
| 7936692 | Cobb, Robert H. | Address on File | | | | | | |
| 7936755 | Cobb, Rosemary | Address on File | | | | | | |
| 7935889 | Colaizzi, Raymon S. & Mildred S. | Address on File | | | | | | |
| 7932891 | Cole Jr., John L. | Address on File | | | | | | |
| 7938195 | Connecticut General Life Insurance Company OBO SASV901 | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7931996 | Connecticut General Life Insurance Company OBO SASV901 | Address on File | | | | | | |
| 7939651 | Connecticut General Life Insurance Company OBO SASV904 | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7937133 | Conneticut General Life Insurance Company OBO CII01 | Jumana Siddiqui | 900 Cottage Grove Rd A4ACT | | Bloomfield | CT | 06002 | |
| 7937121 | Consolidated Retiree Health Benefits Trust | Address on File | | | | | | |
| 7764699 | COPELAND, JEFFRY R | Address on File | | | | | | |
| 7938257 | CRANE, GERI LYNN | Address on File | | | | | | |
| 7931981 | CURTIS, MARCIA M. | Address on File | | | | | | |
| 7926972 | Cutney, Charles A. | Address on File | | | | | | |
| 7931049 | David T. Walker IRA | Address on File | | | | | | |
| 7943929 | DAVIS, JANICE H | Address on File | | | | | | |
| 7938798 | Davis, Joyce S. | Address on File | | | | | | |
| 7939923 | Davis, Joyce S. & Robert A. | Address on File | | | | | | |
| 7938846 | Davis, Robert A. | Address on File | | | | | | |
| 7938963 | Davis, Robert A. | Address on File | | | | | | |
| 7931301 | Dayton, Miki | Address on File | | | | | | |
| 7931093 | DECINA, ROBERT | Address on File | | | | | | |
| 7948789 | DeJong, Kevin | Address on File | | | | | | |
| 7946204 | Dimen, Josh | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal | Country |
|---|---|---|---|---|---|---|---|---|
| 7949837 | Diocese of Shreveport | Address on File | | | | | | |
| 7687389 | Don S Beevers & Majorie H Beevers JT TEN | Address on File | | | | | | |
| 7938113 | Douglas G McClenaghan Bene to Mary Lou McClenaghan DECD IRA Wedbush | Address on File | | | | | | |
| 7938455 | Douglas G McClenaghan TTEE UTD 1/01/07 FBO Douglas G McClenaghan CPA | Address on File | | | | | | |
| 7949967 | DRRT FBO AMPEGA ASSET MANAGEMENT GMBH | Address on File | | | | | | |
| 7950040 | DRRT FBO AMPEGA ASSET MANAGEMENT GMBH | Address on File | | | | | | |
| 7950293 | DRRT FBO AMPEGA ASSET MANAGEMENT GMBH (HANNOVER) | Address on File | | | | | | |
| 7938060 | Drucker, A Norman | Address on File | | | | | | |
| 7930993 | Drucker, Elliot F. | Address on File | | | | | | |
| 7948993 | E C RODRIGUEZ & CAROL RODRIGUEZ TR UA OCT 2 00 | Address on File | | | | | | |
| 7688740 | EARL COPELAND TR | Address on File | | | | | | |
| 7930464 | Edgett-Elia, Marcia A | Address on File | | | | | | |
| 7683871 | ENGLISH, CONSTANCE LYNN PHILIPS | Address on File | | | | | | |
| 7937933 | Ewald O. Neitzel & Vivian Neitzel Family Rev Trust | Address on File | | | | | | |
| 7939412 | Floyd, Yasuyo | Address on File | | | | | | |
| 7939368 | Floyd, Yasuyo | Address on File | | | | | | |
| 7930567 | Fonds Desjardins Equilibre Mondial 00911533/8.2 | Fiducie Desjardins Inc. | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins C.P. 34 | Montréal | QC | H5B 1E4 | Canada |
| 7929678 | Fonds Desjardins Revenu Taux Variable 00910906/7.2 | Fiducie Desjardins Inc. | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins C.P. 34 | Montréal | QC | H5B 1E4 | Canada |
| 7930813 | Gibson, Jr., Marion Haywood | Address on File | | | | | | |
| 7943169 | Gina Lombardi & Mark R Mathias Trust | Address on File | | | | | | |
| 7937657 | Golden Horse Family Limited Partership | Address on File | | | | | | |
| 7938334 | Golden Horse Family Limited Partnership | Address on File | | | | | | |
| 7949401 | Golden, Richard A. | Address on File | | | | | | |
| 7950030 | Gottfried, Barrie  J | Address on File | | | | | | |
| 7937918 | Guevreyan, Hrant | Address on File | | | | | | |
| 7945670 | Harrelson, Jennifer P. | Address on File | | | | | | |
| 7943405 | Harry L. Gibble Kathleen M. Gibble 3-30-20 | Address on File | | | | | | |
| 7938521 | HealthSpring Life & Health Insurance Company, Inc. OBO HSPTX | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7938074 | HealthSpring of Alabama Inc. OBO HSPAL | Attn: Maria Turner A4ACT | 900 Cottage Rd | | Bloomfield | CT | 06002 | |
| 7938517 | HealthSpring of Alabama, Inc. OBO HSPAL | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7938527 | HealthSpring of Tennessee, Inc. OBO HSPTN | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7938174 | Heath-Rawlings, Beverly | Address on File | | | | | | |
| 7949231 | HH Health System - Marshall LLC | Address on File | | | | | | |
| 7949891 | Hodge, James E. | Address on File | | | | | | |
| 7938808 | Houghton, Mary D. | Address on File | | | | | | |
| 7940056 | HUTTNER, ERIC | Address on File | | | | | | |
| 7696017 | JACK W DAVIS & LINDA E DAVIS JT TEN | Address on File | | | | | | |
| 7936916 | Jefferson, Vivian Shirley | Address on File | | | | | | |
| 7946359 | John M. and Becky D. Yluck | Address on File | | | | | | |
| 7950255 | JOHN S & ANNE D RICHARDSON CO TTEE RICHARDSON REVOCABLE LIVING TRUST | Address on File | | | | | | |
| 7930980 | Jones, Catherine A. | Address on File | | | | | | |
| 7926183 | Jones, Catherine A. | Address on File | | | | | | |
| 7954315 | Joseph Francolino Snr. IRA | Address on File | | | | | | |
| 7939119 | KING, HELEN F | Address on File | | | | | | |
| 7936778 | KRITZMAN, ELLEN B. | Address on File | | | | | | |
| 7946294 | KUSHNIR, ARKADY | Address on File | | | | | | |
| 7936861 | Labe, Ann | Address on File | | | | | | |
| 7932172 | Landmark Life Insurance Co. | Address on File | | | | | | |
| 7945980 | Lentsch, Ronald  H | Address on File | | | | | | |
| 7926212 | Levine, Jeffrey A | Address on File | | | | | | |
| 7939414 | Lew, Wendy | Address on File | | | | | | |
| 7938535 | LIEN, SHIRLEY S. | Address on File | | | | | | |
| 7937200 | Life Insurance Company of North America OBO LINACGS | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7944280 | Lin, Joseph | Address on File | | | | | | |
| 7937982 | LLORENS, PATRICIA E | Address on File | | | | | | |
| 7950222 | Logan, Sheila A. | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal | Country |
|---|---|---|---|---|---|---|---|---|
| 7938507 | Loyal American Life Insurance Company OBO GALOYAL | Attn: Maria Turner A4ACT | 900 Cottage Grove Rd. | | Bloomfield | CT | 06002 | |
| 7938012 | Lynch, Lynne M. | Address on File | | | | | | |
| 7938053 | Lynch, Peter A | Address on File | | | | | | |
| 7948853 | Mack, James A | Address on File | | | | | | |
| 7949793 | Mack, James A. | Address on File | | | | | | |
| 7929994 | Maine Public Employees Retirement System | Barrack, Rodos & Bacine | Attn: Leslie Bornstein Molder | 3300 Two Commerce Square 2001 Market Street | Philadelphia | PA | 19103 | |
| 7950246 | Mallahan, Leonard T. | Address on File | | | | | | |
| 7930333 | Malta, Rosa | Address on File | | | | | | |
| 7931819 | MARIANNE G MCCLENAGHAN WEDBUSH SECS CTDN IRA ROTH 12/11/14 | Address on File | | | | | | |
| 7943325 | Marion Sargent Rev Tr UAD 3/24/95 | Address on File | | | | | | |
| 7945381 | Mark E. Ransom Living Trust U/A DTD 05/04/2004 | Address on File | | | | | | |
| 7945773 | Martin L Fackler QTIP Tr, Sandra Fackler Ttee | Address on File | | | | | | |
| 7946369 | Martin L Fackler Remainder TR, Sandra Fackler TTEE | Address on File | | | | | | |
| 7939325 | McAlister, Cynthia | Address on File | | | | | | |
| 7938515 | MCCANTY, MARGARET M | Address on File | | | | | | |
| 7945365 | McCraw, Nancy | Address on File | | | | | | |
| 7945262 | McCraw, Nancy W | Address on File | | | | | | |
| 7937595 | McDonald, Terrance  E. | Address on File | | | | | | |
| 7937471 | Melvin, Donna M. | Address on File | | | | | | |
| 7937862 | Muirhead, Helen L. | Address on File | | | | | | |
| 7954393 | MURRAY, RALPH D | Address on File | | | | | | |
| 7943208 | Murray, Ralph D. | Address on File | | | | | | |
| 7948979 | Myer, Janis W. | Address on File | | | | | | |
| 7772009 | NELSON, DON LEE V AND JOYCE R | Address on File | | | | | | |
| 7936067 | Newbold, Irina | Address on File | | | | | | |
| 7944963 | Newman, Arlene | Address on File | | | | | | |
| 7945322 | Newman, Arlene T. | Address on File | | | | | | |
| 7938102 | Nolan, Patsy A. | Address on File | | | | | | |
| 7946165 | Pacific Gas and Electric Company (19-30089) | Address on File | | | | | | |
| 7937457 | Parker, III, Ronald | Address on File | | | | | | |
| 7945332 | Peppard, Bruce D | Address on File | | | | | | |
| 7931643 | Peterson, Roger Allen | Address on File | | | | | | |
| 7949957 | Petravicius, Arvydas J. | Address on File | | | | | | |
| 7937726 | PHILLIPPIE, BONITA M | Address on File | | | | | | |
| 7939467 | Ploeger, Kathi S | Address on File | | | | | | |
| 7937966 | Portnoy, Joseph N. | Address on File | | | | | | |
| 7931880 | Quadrini, Lisa | Address on File | | | | | | |
| 7945692 | Rabon, Kenneth W | Address on File | | | | | | |
| 7943323 | RICHARD SARGENT DIANE SARGENT JTWROS | Address on File | | | | | | |
| 7939888 | Rick A. Yale and Barbara G. Yale | Address on File | | | | | | |
| 7938225 | Rogers DMD, Jack | Address on File | | | | | | |
| 7936307 | Salis, George | Address on File | | | | | | |
| 7938205 | SAWIN, EDMUND | Address on File | | | | | | |
| 7950046 | Schepper, Christopher | Address on File | | | | | | |
| 7957931 | Schutmaat, Kelly | Address on File | | | | | | |
| 7949186 | Shafaee, Morteza | Address on File | | | | | | |
| 7939309 | SHIM, GUN | Address on File | | | | | | |
| 7939093 | Shirley J Shychuck (Deceased) | Address on File | | | | | | |
| 7939062 | Shychuck, William B. | Address on File | | | | | | |
| 7948837 | Siegel, Howard | Address on File | | | | | | |
| 7936552 | Smith, Andrea Yvette | Address on File | | | | | | |
| 7944232 | Stone, Andrew P. | Address on File | | | | | | |
| 7944213 | Straub Jr, Robert C. | Address on File | | | | | | |
| 7936784 | Stroman-McGuire, Michele | Address on File | | | | | | |
| 7927840 | Stupski, Eric | Address on File | | | | | | |
| 7927862 | Stupski, Eric | Address on File | | | | | | |
| 7938428 | Susoev, Alex | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal | Country |
|---|---|---|---|---|---|---|---|---|
| 7950090 | Tang, Christina | Address on File | | | | | | |
| 7949874 | Tang, Harry | Address on File | | | | | | |
| 7938003 | Tesch, John | Address on File | | | | | | |
| 7936741 | The Silva Family Living Trust U/A Dated 05/18/2017 | Address on File | | | | | | |
| 7937135 | Thomas, Bruce A. | Address on File | | | | | | |
| 7938062 | TIEDEMANN, PATRICK J | Address on File | | | | | | |
| 7937068 | Topa, Allen | Address on File | | | | | | |
| 7936954 | Trygg, Lisa L | Address on File | | | | | | |
| 7949419 | Turner, Gene | Address on File | | | | | | |
| 7931010 | Walker Tod, David T. | Address on File | | | | | | |
| 7931354 | Walker, David T. | Address on File | | | | | | |
| 7927870 | Wang, Grace | Address on File | | | | | | |
| 7938800 | WATSON IV, WILLIAM R | Address on File | | | | | | |
| 7926929 | Wendy L. Baker, Trust | Address on File | | | | | | |
| 7946329 | Wesley H Sowers Jr and Kathleen F. Sowers | Address on File | | | | | | |
| 7931849 | WHITE, MELISSA P | Address on File | | | | | | |
| 7935832 | WILKS, JONATHON | Address on File | | | | | | |
| 7902404 | Wyoming Investments, LLC | Lawrence A. Post | 1160 Tower Road | | Beverly Hills | CA | 90210 | |
| 7949327 | Yip, Stanley | Address on File | | | | | | |
| 7946136 | Zhen, Chad | Address on File | | | | | | |

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 67 of 81

# **Exhibit F**

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7932815 | A Russell Bobo 2012 / RRevoc Trust 9/21/12 | Timara Bobo Ttee | 1 Halidon Court | | Palm Beach Gardens | Fl | 33418 | |
| 7938051 | Abramson, Michael Zachary | Address on File | | | | | | |
| 7946138 | Agnello, Margaret | Address on File | | | | | | |
| 7946169 | Agnello, Margaret & Carl | Address on File | | | | | | |
| 7937980 | Albert, Carroll Parker | Address on File | | | | | | |
| 7939586 | Alec Yen Nien Lui MO TTEE | Address on File | | | | | | |
| 7951964 | Allen, John B. | Address on File | | | | | | |
| 7931823 | Allmond, Rob Eric | Address on File | | | | | | |
| 7936930 | Allred, Larry | Address on File | | | | | | |
| 7948746 | ALMA ELIAS REVOCABLE TRUST | Address on File | | | | | | |
| 7938396 | ALMQUIST, BRUCE G | Address on File | | | | | | |
| 7937850 | ALTERSON, CHARLOTTE | Address on File | | | | | | |
| 7937936 | Althan, Kurt | Address on File | | | | | | |
| 7762239 | AMERICAN STEEL KNIFE INC | 6723 168TH ST | | | FLUSHING | NY | 11365-3211 | |
| 7786032 | ANDERSON W FLOYD, DECEASED, YASUYO FLOYD, THE DECEDENT'S SPOUSE | Address on File | | | | | | |
| 7936624 | Anderson, John | Address on File | | | | | | |
| 7936624 | Anderson, John | Address on File | | | | | | |
| 7676974 | ANDREW A PACE & | Address on File | | | | | | |
| 7949086 | Andrew R Weiss U/T/A DTD 6/6/2007 | 8976 Bastille Cir. E. | | | Parkland | FL | 33076 | |
| 7689728 | ANGUIANO, ELIZABETH C | Address on File | | | | | | |
| 7939261 | Anis Shamiyeh, Trustee AC Shamiyeh Trust DTD 11/01/00 | Address on File | | | | | | |
| 7772419 | ANNE K OSMER TR UA MAY 04 95 | Address on File | | | | | | |
| 7937455 | Applebaum, Martin | Address on File | | | | | | |
| 7954453 | Arnold, Joseph | Address on File | | | | | | |
| 7948866 | Arrigucci, Joel A. | Address on File | | | | | | |
| 7931318 | Artikaslan, Gail | Address on File | | | | | | |
| 7949845 | BABB, STEPHEN DENNIS | Address on File | | | | | | |
| 7936832 | Baig, Ahmed | Address on File | | | | | | |
| 7936769 | Baldanzi, Denise | Address on File | | | | | | |
| 7937373 | Barbara G Kahler TTEE | Address on File | | | | | | |
| 7938069 | Barbara G. Bunge Revocable Living Trust | Address on File | | | | | | |
| 7938420 | Barbara Mishkin IRA | Address on File | | | | | | |
| 7945252 | Barker, Robert I. | Address on File | | | | | | |
| 7937046 | Barron, Michele M. | Address on File | | | | | | |
| 7954415 | Barstow Vine, Janet L | Address on File | | | | | | |
| 7949791 | Bauer, Norman | Address on File | | | | | | |
| 7939486 | Baylor, Michael George | Address on File | | | | | | |
| 7951173 | Beatty, Suzanne | Address on File | | | | | | |
| 7949983 | Beck, Randall  F | Address on File | | | | | | |
| 7949783 | Bedwell, Edward T | Address on File | | | | | | |
| 7939169 | Berg, Timothy | Address on File | | | | | | |
| 7700055 | BERGMAN, JOHN D & VIRGINIA J | Address on File | | | | | | |
| 7936005 | Berti, Kathryn A. | Address on File | | | | | | |
| 7927139 | Bharat B Gupta & Pramila R Gupta Jt Ten | Address on File | | | | | | |
| 7949859 | Bittner, Paul J | Address on File | | | | | | |
| 7681842 | BLACKSHERE, CATHERINE R | Address on File | | | | | | |
| 7936803 | BODELL, JAMES M | Address on File | | | | | | |
| 7937093 | Boeckl, John G. | Address on File | | | | | | |
| 7950308 | Bogin, Jacqueline M & Sidney | Address on File | | | | | | |
| 7948985 | Bonviso, Anthony | Address on File | | | | | | |
| 7950106 | Bonviso, Anthony | Address on File | | | | | | |
| 7949309 | Bonviso, Anthony | Address on File | | | | | | |
| 7954258 | Bowen, Lawrence  P | Address on File | | | | | | |
| 7937924 | Bowker, Austin | Address on File | | | | | | |
| 7945909 | Boyle, Caitlin | Address on File | | | | | | |
| 7945328 | Boyle, John | Address on File | | | | | | |
| 7945832 | Boyle, Julia | Address on File | | | | | | |
| 7937393 | Bozick, Glenn F. | Address on File | | | | | | |
| 7938286 | Breakstone, Alan  M. | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7938509 | Breakstone, Evelyn M. | Address on File | | | | | | |
| 7945254 | Breckner, Anthony Jacob | Address on File | | | | | | |
| 7926103 | Brennan, Timothy | Address on File | | | | | | |
| 7944262 | Brewer, Larry J | Address on File | | | | | | |
| 7944414 | Brian C Bergner and Regina V Bergner Tenants in Common | Address on File | | | | | | |
| 7932895 | Brodard, Emmanuelle | Address on File | | | | | | |
| 7938178 | Brown, Bill | Address on File | | | | | | |
| 7927074 | Brown, Grace R. | Address on File | | | | | | |
| 7951144 | Brown, Minter | Address on File | | | | | | |
| 7937310 | Bruckwer, Paul | Address on File | | | | | | |
| 7937887 | Bultman, Cynthia A. | Address on File | | | | | | |
| 7944333 | Burnett, Leslie D. | Address on File | | | | | | |
| 7949839 | Burney, Thomas R. | Address on File | | | | | | |
| 7948936 | Burnidge, Dale | Address on File | | | | | | |
| 7945479 | Burns, Michael F. | Address on File | | | | | | |
| 7946381 | Burton, Thomas E | Address on File | | | | | | |
| 7938121 | Bushong, Diana L. | Address on File | | | | | | |
| 7937242 | Cafferata, William & Maureen | Address on File | | | | | | |
| 7937176 | Cahill, Edward A | Address on File | | | | | | |
| 7931380 | Caldwell, John | Address on File | | | | | | |
| 7927287 | Calvin S McCutcheon Ttee, McCutcheon Enterprises | Address on File | | | | | | |
| 7931408 | Calvin S McCuthcheon Ttee McCuthcheon Enterprises PSP | Address on File | | | | | | |
| 7939561 | Camarata, Peter J | Address on File | | | | | | |
| 7945421 | Campbell Family Trust | Address on File | | | | | | |
| 7937433 | Campbell, David Thomas | Address on File | | | | | | |
| 7938491 | Carey, Jr., Harold A. | Address on File | | | | | | |
| 7930405 | Carlton II, David Hugh | Address on File | | | | | | |
| 7930783 | Carlton, Julie Elizabeth | Address on File | | | | | | |
| 7943352 | Carmen Ledford TOD | Address on File | | | | | | |
| 7939029 | Carmen Ledford Tod and Marla G. Devitt | Address on File | | | | | | |
| 7926194 | Carpenter, Heidi | Address on File | | | | | | |
| 7936991 | Carr II, George K. | Address on File | | | | | | |
| 7937628 | Carson, Steven Dennis | Address on File | | | | | | |
| 7930963 | Carson, Steven Dennis and Pamela | Address on File | | | | | | |
| 7949895 | Catanzano, Pamela | Address on File | | | | | | |
| 7949951 | CATANZANO, PAMELA | Address on File | | | | | | |
| 7949897 | Catherine Dabo Ttee Catherine M Dabo Rev Tru U/A Dtd 06/30/2006 | Address on File | | | | | | |
| 7949002 | Cathroe, Ann | Address on File | | | | | | |
| 7948929 | Caton, Catherine | Address on File | | | | | | |
| 7938529 | Central Mutual Insurance Company | Thad R Eikenbary | 800 S Washington Street | | Van Wert | OH | 45891 | |
| 7929673 | Centre De La Petite Enfrance  00910084/3.2 | Address on File | | | | | | |
| 7939212 | Cerniglia, Carl D. | Address on File | | | | | | |
| 7937954 | Chan, John K. | Address on File | | | | | | |
| 7936898 | Chan, Kai Ming | Address on File | | | | | | |
| 7936863 | CHANEY, VALERIE | Address on File | | | | | | |
| 7949323 | Charles H Tragesser, IRS Standard | Address on File | | | | | | |
| 7682446 | CHARLES R AUSTIN & JOANNE M AUSTIN JT TEN | Address on File | | | | | | |
| 7935966 | Charles W. Swan as Trustee under Revocable Declaration of Trust DTD | Address on File | | | | | | |
| 7930036 | CHEN, CHIAYIN | Address on File | | | | | | |
| 7937208 | CHEN, CHIAYIN | Address on File | | | | | | |
| 7957910 | Chen, Louie | Address on File | | | | | | |
| 7936578 | CHENG, PAUL | Address on File | | | | | | |
| 7946212 | CHESTERMAN, TERESA | Address on File | | | | | | |
| 7954193 | Chira, Dara J. | Address on File | | | | | | |
| 7937593 | Christmas, Johanne E | Address on File | | | | | | |
| 7683308 | CHUI-HAR LEE CUST | Address on File | | | | | | |
| 7932889 | City of Miami General Employees' & Sanitation Employees' Retirement Trust | 2901 Bridgeport Avenue | | | Coconut Grove | FL | 33133 | |
| 7948764 | CLAIRE H. ENGLUND IRR TRUST | Address on File | | | | | | |
| 7938167 | CLARK, BARBARA | Address on File | | | | | | |
| 7950238 | Clark, Douglas Kent | Address on File | | | | | | |
| 7779952 | CLARK, EUGENE R AND KATHERINE A | Address on File | | | | | | |
| 7937516 | Clarke, Paul M | Address on File | | | | | | |
| 7938466 | CLAUDIA ARON ROSS TR UA JAN 18 05 THE CLAUDIA ARON ROSS LIVING | Address on File | | | | | | |
| 7938812 | CLEARWATER AUDUBON SOCIETY | Address on File | | | | | | |
| 7949841 | Cocino, Florence | Address on File | | | | | | |
| 7930978 | Coe, James | Address on File | | | | | | |
| 7699137 | COGBURN, JILL YORK | Address on File | | | | | | |
| 7919241 | Commission De La Construction Du Quebec 00911212/9.2 | Fiduce Desjardins inc | Attn : Reorg  MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | H5B 1E4 | Canada |
| 7946223 | Compton, Anthony | Address on File | | | | | | |
| 7938070 | Consolidated Retiree Health Benefits Trust | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)

Page 2 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 70
of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7936160 | Constant, John | Address on File | | | | | | |
| 7939460 | Cook, Brad | Address on File | | | | | | |
| 7939109 | Cook, Brad | Address on File | | | | | | |
| 7939021 | COPE, TERESA | Address on File | | | | | | |
| 7930768 | Copeland, Bret D. | Address on File | | | | | | |
| 7944317 | Correa, Jared | Address on File | | | | | | |
| 7937151 | COTTER, JERRY | Address on File | | | | | | |
| 7939847 | COX, JOSHUA | Address on File | | | | | | |
| 7929885 | Coyne, Gabriella | Address on File | | | | | | |
| 7936322 | Cronauer, Peter | Address on File | | | | | | |
| 7936512 | CSHS LLC | Address on File | | | | | | |
| 7949824 | Culver, Wesley | Address on File | | | | | | |
| 7937212 | Curry, Christal (SEP IRA) | Address on File | | | | | | |
| 7937872 | Cushnie, Jay R | Address on File | | | | | | |
| 7936462 | CUSHNIE, JAY R | Address on File | | | | | | |
| 7763461 | CYNTHIA DEANE HEYSE BREEDING | 1316 N NEVADA AVE | | | COLORADO | CO | 80903-2432 | |
| 7938551 | D. Robinson SEP PROP, Douglas S & Kelley Robinson TTEES Robinson Family | Address on File | | | | | | |
| 7931884 | DADSON, MYRON E | Address on File | | | | | | |
| 7945974 | David E Shaw & Madeleine L Shaw Tr | Address on File | | | | | | |
| 7685408 | DAVID J MOORMAN & DEBORAH L MOORMAN JT TEN | Address on File | | | | | | |
| 7781910 | DAVID L DEOPERE TR | UA 10 14 92 | DONALD A DEOPERE & HELEN J DEOPERE | 3509 22ND ST | ROCK ISLAND | IL | 61201-6233 | |
| 7939274 | David Novodvorsky Dcsd - Jason Novodvorsky P.R. | Address on File | | | | | | |
| 7945387 | Davis Sr., Horace Stephen | Address on File | | | | | | |
| 7684342 | DAVIS, DALE  A | Address on File | | | | | | |
| 7945820 | Davis, Dorothy D. | Address on File | | | | | | |
| 7937583 | Davis, William  S. | Address on File | | | | | | |
| 7935997 | Davis, William S | Address on File | | | | | | |
| 7946072 | Dawson, Paula | Address on File | | | | | | |
| 7685927 | DAYMIN FONG & JOANNIE C FONG TTEES | Address on File | | | | | | |
| 7681454 | DE BROWER, CAROLYN A | Address on File | | | | | | |
| 7950140 | De Olarte, Gloria | Address on File | | | | | | |
| 7949864 | De Olarte, Gloria | Address on File | | | | | | |
| 7951995 | Debenedictis, Joseph G. | Address on File | | | | | | |
| 7954085 | Debenedictis, Linda | Address on File | | | | | | |
| 7937976 | Deborah L Hayes Trust | Address on File | | | | | | |
| 7939517 | DEBRA HELEN WIEGERT TRUSTEE WILLIAMS FAMILY TRUST | Address on File | | | | | | |
| 7938949 | Debra Helen Wiegert, Trustee Williams Family Trust | Address on File | | | | | | |
| 7765254 | DEMOS J ALEVRAS & CONSTANTINA D ALEVRAS TR UA MAY 24 07 THE | Address on File | | | | | | |
| 7937419 | Dench, Robert H. | Address on File | | | | | | |
| 7686602 | DENNIS E BUSCH & MARGARET | Address on File | | | | | | |
| 7927022 | Dennis R Breen Roth IRA | Address on File | | | | | | |
| 7782358 | DENNIS R FREASIER | 22415 N DEL MONTE CT | | | SUN CITY WEST | AZ | 85375-1605 | |
| 7781572 | DIANE R FRISCH CUST | Address on File | | | | | | |
| 7936017 | Ditt, Mary | Address on File | | | | | | |
| 7937540 | DITT, MARY | Address on File | | | | | | |
| 7949809 | Doin, Robert B. | Address on File | | | | | | |
| 7775438 | DOLORES CAROLYN SUEDEL, JOHN R. SUEDEL, DECEASED | Address on File | | | | | | |
| 7687440 | DONALD B KAZAMA & JOYCE K KAZAMA TR 0312 1946 | Address on File | | | | | | |
| 7687790 | DONALD W KOEPP & KATHLEEN R KOEPP JT TEN | Address on File | | | | | | |
| 7946036 | Donna J Fletcher Deceased, Linda S. Burge | Address on File | | | | | | |
| 7930391 | Donsco Inc Retirement Plan Hourly & Salaried 06/26/1969 | Address on File | | | | | | |
| 7949802 | Doorn, Nancy | Address on File | | | | | | |
| 7949751 | Dorothy Saft Revocable Trust | Howard Schwartz Esq. | 7781 NW Beacon square Blvd. | Suite 102 | Boca Raton | FL | 33487 | |
| 7951372 | Douglas A. & Kathleen N. White Ten/Com | Address on File | | | | | | |
| 7950067 | DRRT FBO AMPEGA INVESTMENT GMBH (37708) | Address on File | | | | | | |
| 7949084 | DRRT FBO AMPEGA INVESTMENT GMBH (37809) | Address on File | | | | | | |
| 7937129 | DRRT FBO LRI INVEST S.A. (502166) | Address on File | | | | | | |
| 7937226 | Duijshart, Ronald F. & Gail D. | Address on File | | | | | | |
| 7948891 | Durfor, Carlee R | Address on File | | | | | | |
| 7935781 | Duval, David | Address on File | | | | | | |
| 7932837 | Duval, David | Address on File | | | | | | |
| 7951332 | Duymovic, Andrew A. | Address on File | | | | | | |
| 7951347 | Duymovic, Andrew E. | Address on File | | | | | | |
| 7927888 | Dwight Y Chee & Evelyn Wai-Yung Chee | Address on File | | | | | | |
| 7938555 | DWIGHT Y CHEE AND EVELYN WAI YUNG CHEE JT TEN | Address on File | | | | | | |
| 7949734 | E FLORENDO & E FLORENDOO CO-TTEE (E FLORENDO REV TRUST) | Address on File | | | | | | |
| 7940005 | E Van Dyke & H. Van Dyke TTEE, The Van Dyke Family Trust | Address on File | | | | | | |

In re:  PG&E Corporation, et al.
Case No. 19-30088 (DM)
Page 3 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 71
of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7938412 | Eades, Edward W. | Address on File | | | | | | |
| 7939838 | Earl L Franklin TR | Address on File | | | | | | |
| 7946235 | Edlin Family Trust U/A/D 8/22/2005 | Address on File | | | | | | |
| 7944408 | Edward R Lecam & Mrs Pyong Im Lecam Jt Ten | Address on File | | | | | | |
| 7949881 | Efron, Eric M. | Address on File | | | | | | |
| 7936049 | Elliott IRA, Lila S. | Address on File | | | | | | |
| 7954187 | Elliott Revocable Trust | Address on File | | | | | | |
| 7938324 | Elliott, Darlene M | Address on File | | | | | | |
| 7945844 | Ellison, James | Address on File | | | | | | |
| 7939377 | Elsa M Reginato TTEE/ Sbragia Reginato Trust U/A Dtd 11/19/2002 | Address on File | | | | | | |
| 7938531 | ELSIE CHU WONG TOD | Address on File | | | | | | |
| 7777741 | ELSIE CHU WONG TOD | Address on File | | | | | | |
| 7931591 | Engeldinger, Brad | Address on File | | | | | | |
| 7938437 | Erhardt, Joseph | Address on File | | | | | | |
| 7931904 | Erickson, Connie B | Address on File | | | | | | |
| 7926762 | Erickson, Gene | Address on File | | | | | | |
| 7932057 | Ernest, Kim | Address on File | | | | | | |
| 7937758 | Erskine, Joan | Address on File | | | | | | |
| 7937243 | Estate of Gail H Levine c/o M G Tyda, Exec. | Address on File | | | | | | |
| 7954403 | Estate of George Joseph Shia | Address on File | | | | | | |
| 7937689 | Estate of George Joseph Shia | Address on File | | | | | | |
| 7937165 | Ethel S Brody Charitable Foundation, Inc. | Address on File | | | | | | |
| 7937194 | Evans, Gary H. | Address on File | | | | | | |
| 7937186 | EVANS, MARTHA H. | Address on File | | | | | | |
| 7932885 | Eveland, Kenneth s. and Susan R. | Address on File | | | | | | |
| 7937051 | Evelyn W. Cheettee Freidachan Revocable Trust UA DTD 05/12/1993 | Address on File | | | | | | |
| 7949930 | Ewing, Irvin L. | Address on File | | | | | | |
| 7937103 | FARNER, ELEANOR G | Address on File | | | | | | |
| 7927294 | Farris, Annie Laura | Address on File | | | | | | |
| 7929936 | Farris, James D | Address on File | | | | | | |
| 7927278 | Farris, James D. | Address on File | | | | | | |
| 7946034 | FEIGENBAUM, JEAN | Address on File | | | | | | |
| 7954296 | Fell, Carole | Address on File | | | | | | |
| 7954662 | Fell, Carole | Address on File | | | | | | |
| 7954648 | Fell, Carole | Address on File | | | | | | |
| 7938878 | Ferguson, Jeffrey L | Address on File | | | | | | |
| 7945936 | Feroglia, Gene | Address on File | | | | | | |
| 7937105 | Ferrell, Theresa | Address on File | | | | | | |
| 7945525 | Fiek, Douglas | Address on File | | | | | | |
| 7926149 | Fiek, Douglas | Address on File | | | | | | |
| 7936733 | Finch, Jenny Carlton | Address on File | | | | | | |
| 7937492 | Fisher, Elizabeth J. | Address on File | | | | | | |
| 7904587 | Fishler, Leslie S | Address on File | | | | | | |
| 7945240 | Fiske, Wayne L. | Address on File | | | | | | |
| 7931739 | Flint, Alexander | Address on File | | | | | | |
| 7939668 | FLOYD & MARY SUE YOUNG (0955) | Address on File | | | | | | |
| 7951848 | Folkening, Mark N | Address on File | | | | | | |
| 7930505 | Fonds D'actions Internationales 00908892/3.2 | Fiducie Desjardins Inc. | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | H5B 1E4 | Canada |
| 7931420 | Fonds Desjardins Actions Mondiale A Faible Volatilite 00911116/2.2 | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins | C.P. 34 Succursale Desjardins | Montreal | QC | H5B 1E4 | Canada |
| 7929947 | Fonds Desjardins Actions Mondiale A Faible Volatilite 00911116/2.2 | Fiducie Desjardins Inc. | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | H5B 1E4 | Canada |
| 7929911 | Fonds Desjardins Equilibre Tactique 00910763/2.2 | Fiducie Desjardins Inc | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | H5B 1E4 | Canada |
| 7916297 | FONDS DESJARDINS EQUILIBRE TACTIQUE 00910764/0.2 | Fiducie Desjardins INC | Attn: Reorg MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | HB 1E4 | Canada |
| 7930062 | Fonds Desjardins Infrastructures Mondiales 00910735/0.2 | Fiducie Desjardins Inc. | Attn : Reorg MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | H5B 1E4 | Canada |
| 7937931 | FOSTER, TIM & BECKY | Address on File | | | | | | |
| 7946048 | Fox, Dale J. | Address on File | | | | | | |
| 7938345 | Frank, Michael A. & Laila | Address on File | | | | | | |
| 7937649 | Franklin F Oliveros & Zenaida C Oliveros JT Ten | Address on File | | | | | | |
| 7945007 | Franks, Carole Barish | Address on File | | | | | | |
| 7936230 | FRANKS, IAIN | Address on File | | | | | | |
| 7949974 | Frederick B Mugler and Alice N. Mugler as Trustee for Frederick & Alice | Address on File | | | | | | |
| 7691933 | FREDERICK C KLEBAN AND SHERRY H KLEBAN JT TEN | Address on File | | | | | | |
| 7949906 | Freund, Andrea L | Address on File | | | | | | |
| 7932841 | Freund, Gail L. | Address on File | | | | | | |
| 7945316 | Friedland, Paul Charles | Address on File | | | | | | |
| 7927010 | Friedrich & Mona Schroeder JT WROS | Address on File | | | | | | |
| 7951844 | Frost, Debra Jean | Address on File | | | | | | |
| 7939573 | FUENTE, DENNIS M. | Address on File | | | | | | |
| 7939126 | Fuhrman, Elizabeth L | Address on File | | | | | | |
| 7945792 | Galbreath, Ashford Allen | Address on File | | | | | | |
| 7949299 | GAM Fund Management Limited | c/o Goal Global Recoveries Limited | 5 Hanover Square Suite 2300 | | New York | NY | 10004 | |
| 7937022 | Ganser, Shirley H. | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)
Page 4 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 72 of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7938564 | Gardner Jr., Alandress | Address on File | | | | | | |
| 7938170 | Gardner, Shirley A. | Address on File | | | | | | |
| 7932227 | Gary & Dorothy Craig Family Trust | Address on File | | | | | | |
| 7949740 | Gary & Kimberly Goodnuff Family Revocable Trust | Address on File | | | | | | |
| 7954502 | Gary & Sherrill Kuc | Address on File | | | | | | |
| 7937993 | Gazze, Elaine M. | Address on File | | | | | | |
| 7949780 | GELLER, MARCIA S | Address on File | | | | | | |
| 7949125 | Gennuso-Kyle, Rosemaria | Address on File | | | | | | |
| 7946345 | George & Jodell Banovich Family Trust | Address on File | | | | | | |
| 7937357 | Gerald F. Pribil Revocable Trust | Address on File | | | | | | |
| 7936698 | Geringer, Raymond J. | Address on File | | | | | | |
| 7937995 | Gertrude Sandoval TR UA Sep 12 01 Gertrude Sandoval Revocable | Address on File | | | | | | |
| 7937417 | Gibson, Mary Cody | Address on File | | | | | | |
| 7938982 | Gibson, Ted W. | Address on File | | | | | | |
| 7935799 | GILBERTSON, MARY C | Address on File | | | | | | |
| 7782476 | GILBOY, BETSY R | Address on File | | | | | | |
| 7782476 | GILBOY, BETSY R | Address on File | | | | | | |
| 7784459 | GILBOY, BETSY ROSS | Address on File | | | | | | |
| 7932903 | Gildea, Kathleen | Address on File | | | | | | |
| 7932875 | Gildea, Kathleen | Address on File | | | | | | |
| 7936115 | Gillespie, Janice D. | Address on File | | | | | | |
| 7932113 | Gillespie, William Ralph | Address on File | | | | | | |
| 7937286 | Glaisyer, Charles and Karen | Address on File | | | | | | |
| 7954423 | Gleichenhaus, D. Peter | Address on File | | | | | | |
| 7945493 | Glenda G. Teague Trust | Address on File | | | | | | |
| 7693541 | GLENN E SUTHERLAND & KATHRYN A SUTHERLAND TR UA 10 30 13 | Address on File | | | | | | |
| 7949387 | Golden, Richard A. | Address on File | | | | | | |
| 7950112 | GOODELL, NANCY | Address on File | | | | | | |
| 7938403 | Goodman, Eleanor | Address on File | | | | | | |
| 7948889 | Goodnuff, Gary | Address on File | | | | | | |
| 7949724 | Goodnuff, Kimberly | Address on File | | | | | | |
| 7950297 | Gottschall, Kenneth & Noreen | Address on File | | | | | | |
| 7693802 | GRACE BALUBAR CUST | Address on File | | | | | | |
| 7944825 | Graf, Edward D | Address on File | | | | | | |
| 7926180 | Graflus, Gary Edward | Address on File | | | | | | |
| 7936478 | Graham Clark Wyche II Irrevocable Trust 07/16/2004 | Address on File | | | | | | |
| 7930014 | Grant, John M. | Address on File | | | | | | |
| 7937234 | GRANT, MARY PACE | Address on File | | | | | | |
| 7937234 | GRANT, MARY PACE | Address on File | | | | | | |
| 7944292 | Grasso, John A. | Address on File | | | | | | |
| 7930898 | Graves, Patti | Address on File | | | | | | |
| 7954218 | Greeley, Alexander M | Address on File | | | | | | |
| 7954159 | Greeley, Alexander M. | Address on File | | | | | | |
| 7954399 | Greenshields, Rod | Address on File | | | | | | |
| 7931563 | Groce, Billy J. | Address on File | | | | | | |
| 7937475 | GROSSKRUETZ, TERESA JO | Address on File | | | | | | |
| 7943263 | Gupta, Narendar K | Address on File | | | | | | |
| 7939171 | Gupta, Narendar K. | Address on File | | | | | | |
| 7945302 | Gupta, Neeraj | Address on File | | | | | | |
| 7939500 | Gupta, Neeti | Address on File | | | | | | |
| 7943320 | Gupta, Rukmani | Address on File | | | | | | |
| 7931169 | Gutierrez, Francisco | Address on File | | | | | | |
| 7937546 | Haar, Gary Ter | Address on File | | | | | | |
| 7768245 | HANS ROLF HORTIG TR | HANS ROLF HORTIG TRUST | UA JAN 28 91 | PO BOX 683 | SPARKS | NV | 89432-0683 | |
| 7938994 | HAROLD LEDFORD & MRS CARMEN LEDFORD JT TEN | Address on File | | | | | | |
| 7948908 | Harris, David M | Address on File | | | | | | |
| 7950290 | Harry and Bonnie Gibson Living Trust | Address on File | | | | | | |
| 7936615 | HARRY E MCGINNESS, ROTH IRA | Address on File | | | | | | |
| 7938910 | Hatzopoulos, Phillip | Address on File | | | | | | |
| 7950173 | Hawkins, Jacqueline | Address on File | | | | | | |
| 7945445 | Haywood, Katherine B | Address on File | | | | | | |
| 7694745 | HEINRICH BODEKER TR | Address on File | | | | | | |
| 7926240 | Heldt, Patricia B. | Address on File | | | | | | |
| 7931987 | Hemingway, Anne M | Address on File | | | | | | |
| 7931918 | Henry R. Shapiro IRA, WFCS as Custodian | Address on File | | | | | | |
| 7939488 | Hepner, Annette R | Address on File | | | | | | |
| 7938920 | HERZOG, PETER M | Address on File | | | | | | |
| 7946249 | Hibbitts, Danielle | Address on File | | | | | | |
| 7938945 | Higbee, James and Mary | Address on File | | | | | | |
| 7948959 | Hill, Daniel C | Address on File | | | | | | |
| 7946062 | Hill, Eric S. | Address on File | | | | | | |
| 7932825 | Hilsabeck, Jane E | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)

Page 5 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 73
of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|-------|------|-----------|-----------|-----------|------|-------|-------------|---------|
| 7931680 | Hocevar, Marianne | Address on File | | | | | | |
| 7931057 | Hocevar, Ronald F. | Address on File | | | | | | |
| 7949704 | Hollingworth, Andrew Mark | Address on File | | | | | | |
| 7940019 | Holmes, Roger C. | Address on File | | | | | | |
| 7950158 | Howell, Bradford | Address on File | | | | | | |
| 7936253 | Howit, Linda Gayle | Address on File | | | | | | |
| 7926736 | Huckabay, Susan S. | Address on File | | | | | | |
| 7954101 | Huff, John N. | Address on File | | | | | | |
| 7944382 | Hui, Eric | Address on File | | | | | | |
| 7954228 | Ichisa, Kent | Address on File | | | | | | |
| 7954582 | Interlock Industries Inc | Craig Mackin | 545 S 3rd Street, Ste 310 | | Louisville | KY | 40202 | |
| 7937245 | Isaac, Clarence | Address on File | | | | | | |
| 7954608 | Iselin II, ODonnell | Address on File | | | | | | |
| 7954506 | Iselin II, O'Donnell | Address on File | | | | | | |
| 7943367 | ISMAIL, FERIAL I | Address on File | | | | | | |
| 7768511 | IVELICH, GEORGE | Address on File | | | | | | |
| 7926248 | J LAWRENCE DUGAN & CAROL A DUGAN JT TEN | Address on File | | | | | | |
| 7954550 | Jacob Lloyd Elliott 1998 Special Needs Trust | Address on File | | | | | | |
| 7932823 | Jacqueline S Graves Tr Ua Apr 04 | Address on File | | | | | | |
| 7926302 | James Bachinski IRA | Address on File | | | | | | |
| 7936133 | James F Lenz Rev LVG Taust | Address on File | | | | | | |
| 7944248 | James Joseph Trant Jr TOD | Address on File | | | | | | |
| 7945397 | James Joseph Trant Jr Tod | Address on File | | | | | | |
| 7939981 | James L Brant Tr Dated 4/4/2001 | Address on File | | | | | | |
| 7944135 | James R Joseph TOD | Address on File | | | | | | |
| 7949889 | James T. Leak Revocable Trust, James T. Leak, Trustee | Address on File | | | | | | |
| 7950320 | JAMES W ALLEN SARAH D ALLEN TTE ALLEN FAMILY TRUST U/A DTD 5-30- | Address on File | | | | | | |
| 7950050 | Jennes, Michael Leonard | Address on File | | | | | | |
| 7937361 | Jensen, Kenneth J. | Address on File | | | | | | |
| 7945938 | Jeppson, Michael | Address on File | | | | | | |
| 7946014 | Jerry Forsch, Forsch Family Trust | Address on File | | | | | | |
| 7938223 | Jesse & Hedwig C Smith Trust | Address on File | | | | | | |
| 7937324 | Jewik, Edward | Address on File | | | | | | |
| 7938024 | Jidong Dai and Lu Jinag | Address on File | | | | | | |
| 7931066 | Joan S Layne Inherited IRA | c/o Ironsides Asset Advisors | P O Box 912 | | Rocky Mount | NC | 27802 | |
| 7936407 | Johan G F Belinfante & Irene A Belinfante, JT. Ten | Address on File | | | | | | |
| 7945054 | John A. Grant, Ttee Rene A. Desjardins Liv Trust | Address on File | | | | | | |
| 7945219 | John Grant, Trustee Nicholas Olin Supp Needs Trust | Address on File | | | | | | |
| 7700611 | JOHN L SULLIVAN & | Address on File | | | | | | |
| 7926264 | John M Henderson & Sylvia M Henderson TR (UA 07/09/2016 John M | Address on File | | | | | | |
| 7938046 | John Paul Duffield and Linda Taylor Duffield Trustees | Address on File | | | | | | |
| 7944234 | Johnson, Gerald T | Address on File | | | | | | |
| 7943339 | Johnson, Jll | Address on File | | | | | | |
| 7939582 | Jones, Frank K | Address on File | | | | | | |
| 7938832 | Jorge, Mario | Address on File | | | | | | |
| 7932827 | Jose S Sison IRA | Address on File | | | | | | |
| 7938316 | Jose S. Sison IRA | Address on File | | | | | | |
| 7945359 | Joseph R. Dixon Revocable Trust | Address on File | | | | | | |
| 7932907 | Josephine G. McMillan (3714) | Address on File | | | | | | |
| 7677504 | JOUGANATOS, ANNA V | Address on File | | | | | | |
| 7944327 | Judith Ann Haggmark & James Eric Haggmark JT Ten | Address on File | | | | | | |
| 7930764 | Jue, Donald | Address on File | | | | | | |
| 7935869 | Jule A Pendergaft Subject to Sta Tod Rules | Address on File | | | | | | |
| 7945325 | Julia K. Babinsky | Address on File | | | | | | |
| 7936952 | June M. Green Trustee & June M. Green Revocable Trust | Address on File | | | | | | |
| 7950092 | Kalidonis, Kevin E | Address on File | | | | | | |
| 7926312 | Kapitalforeningen PenSam Invest PSI 21 Nordamerikanske Aktier | c/o Kessler Topaz Meltzer & Check, LLP | 280 King of Prussia Road | | Radnor | PA | 19087 | |
| 7936021 | KAREN L WILHOITE IRA | Address on File | | | | | | |
| 7949946 | Kasik, David J | Address on File | | | | | | |
| 7954282 | KASIK, DAVID J | Address on File | | | | | | |
| 7949946 | Kasik, David J | Address on File | | | | | | |
| 7954571 | Kasik, David J | Address on File | | | | | | |
| 7930633 | Kathpalia, Tanuj | Address on File | | | | | | |
| 7936522 | Katzev, Laraine | Address on File | | | | | | |
| 7937556 | Kaufman, Richard | Address on File | | | | | | |
| 7930177 | Kearns, Kevin | Address on File | | | | | | |
| 7696121 | KEITH, JACQUELINE J | Address on File | | | | | | |
| 7930677 | Kelly, Daniel James | Address on File | | | | | | |
| 7938485 | Kenaley, Kevin L. | Address on File | | | | | | |
| 7944378 | Kenna, James | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)
Page 6 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 74
of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|-------|------|-----------|-----------|-----------|------|-------|-------------|---------|
| 7944097 | Kenneth & Sharon Jones Rev Lvg Trust | Address on File | | | | | | |
| 7936096 | Khozoian, Mark | Address on File | | | | | | |
| 7937660 | Kim J. Koza & Catherine A. Koza | Address on File | | | | | | |
| 7939294 | Kim, Gene | Address on File | | | | | | |
| 7949423 | King, Kathleen | Address on File | | | | | | |
| 7938908 | King, Larry | Address on File | | | | | | |
| 7938212 | Kisch, Irene Lawton | Address on File | | | | | | |
| 7936389 | Kleban, Frederick | Address on File | | | | | | |
| 7946000 | KLEINERTZ, STEVEN R | Address on File | | | | | | |
| 7937214 | Klumpp, Joan G | Address on File | | | | | | |
| 7944286 | Koning, Johannes H | Address on File | | | | | | |
| 7938312 | KRAUSE FAMILY LIMITED PARTNERSHIP | Address on File | | | | | | |
| 7945884 | Kuhn, Janis | Address on File | | | | | | |
| 7937920 | Kushner, David M. | Address on File | | | | | | |
| 7937502 | Kuznetsov, Dimitri | Address on File | | | | | | |
| 7944374 | L Wang & M Wang Trustee | Address on File | | | | | | |
| 7911346 | Labancz, Mark J. | Address on File | | | | | | |
| 7944338 | LANDMAN, MICHAEL D | Address on File | | | | | | |
| 7954544 | Lawrence P. Bowen Rev. Living Trust | Address on File | | | | | | |
| 7937799 | Layne, Joan Stacy | Address on File | | | | | | |
| 7950127 | Leak, James T. and Kathleen A. | Address on File | | | | | | |
| 7951910 | Lederer, Bunny | Address on File | | | | | | |
| 7945300 | Lee, Aleck | Address on File | | | | | | |
| 7945812 | Lee, Chiu K. | Address on File | | | | | | |
| 7926833 | Lee, Janet S. | Address on File | | | | | | |
| 7931812 | Lee, Timothy | Address on File | | | | | | |
| 7943342 | LEIBENSON, DAVID | Address on File | | | | | | |
| 7937790 | Lemhi Frontier, LLC | 4900 Falls of Neuse Road | | | Raleigh | NC | 27609 | |
| 7949257 | Lemieux, Anthony | Address on File | | | | | | |
| 7938882 | LENHOFF, SAUL G | Address on File | | | | | | |
| 7945217 | Lentz, Marilyn | Address on File | | | | | | |
| 7943337 | Lerman, David S. | Address on File | | | | | | |
| 7938912 | LERMAN, MARILYN R | Address on File | | | | | | |
| 7951827 | Lewsley, Harry | Address on File | | | | | | |
| 7926776 | Lisa L. Zahren as Trustee | 624 West Upsal Street | | | Philadelphia | PA | 19119 | |
| 7937251 | LITLE, WILLIAM | Address on File | | | | | | |
| 7946191 | Liu, Hsing Hsyang | Address on File | | | | | | |
| 7936135 | LIU, MICHAEL | Address on File | | | | | | |
| 7949798 | Loadvine, William D. | Address on File | | | | | | |
| 7932879 | LoBello Jr, Anthony J. | Address on File | | | | | | |
| 7939557 | Loh, Lena | Address on File | | | | | | |
| 7936491 | Longshore, Larry J | Address on File | | | | | | |
| 7938460 | LOREE P GARDNER TRUST | Address on File | | | | | | |
| 7945451 | LOUIE, LAWRENCE PAUL | Address on File | | | | | | |
| 7943151 | Louie, Lucia | Address on File | | | | | | |
| 7939233 | Loukes, Gerald L | Address on File | | | | | | |
| 7936857 | Lu, Alison | Address on File | | | | | | |
| 7937314 | Lucas, Peggy Renee | Address on File | | | | | | |
| 7954115 | LUO, WENDY | Address on File | | | | | | |
| 7938117 | Lynch, Lynne M. | Address on File | | | | | | |
| 7937364 | Lynch, Peter A | Address on File | | | | | | |
| 7937704 | MacDougall, Bruce & Christine L | Address on File | | | | | | |
| 7949141 | Maggi, Aldo | Address on File | | | | | | |
| 7929660 | Maine Public Employees Retirement System | Barrack, Rodos & Bacine | Attn: Leslie Bornstein Molder | 3300 Two Commerce Square 2001 Market Street | Philadelphia | PA | 19103 | |
| 7937178 | Makkena, Ramachandra R. | Address on File | | | | | | |
| 7931916 | MALALI, CALSEL | Address on File | | | | | | |
| 7936912 | Mallinckrodt Group Inc. Trust | Bryan Birch | 266 Gentry Drive | | O'Fallon | MO | 63366 | |
| 7937988 | Margaret Harmeyer - RW Baird | Address on File | | | | | | |
| 7699207 | MARRELLO, JIULIETTA | Address on File | | | | | | |
| 7944793 | Martin Applebaum IRA | Address on File | | | | | | |
| 7938293 | Martin, Barbara J | Address on File | | | | | | |
| 7938193 | Martin, Barbara J. | Address on File | | | | | | |
| 7927848 | Marusek, Richard J. | Address on File | | | | | | |
| 7944807 | Mascotte, Nancy L. | Address on File | | | | | | |
| 7931513 | Mattera, Jacqueline | Address on File | | | | | | |
| 7927188 | Matthew C. Cebulski, Dolores Cebulski JT | Address on File | | | | | | |
| 7950136 | Maurer, Theodore A | Address on File | | | | | | |
| 7954459 | Maurice J. McNamee and Judy B. McNamee, JT TEN | Address on File | | | | | | |
| 7938892 | McBee, Kay Bailey | Address on File | | | | | | |
| 7931249 | McCarthy, Dorthy J. | Address on File | | | | | | |
| 7936518 | McDonald, Melvin | Address on File | | | | | | |
| 7931641 | McGinness, Harry E & Linda L | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|-------|------|-----------|-----------|-----------|------|-------|-------------|---------|
| 7938928 | McLeod, Manfred | Address on File | | | | | | |
| 7937978 | Melvin, Robin Stacy | Address on File | | | | | | |
| 7951033 | Mercola, Gerald | Address on File | | | | | | |
| 7940011 | MERRARO, BILLU | Address on File | | | | | | |
| 7944298 | Meyer, Charles A. | Address on File | | | | | | |
| 7950917 | Meyerott, Jannine | Address on File | | | | | | |
| 7951196 | Meyerott, Robert | Address on File | | | | | | |
| 7950224 | Meyerott, Robert | Address on File | | | | | | |
| 7945549 | Michael A. Tasaka Trust | Address on File | | | | | | |
| 7948793 | Michael Kruger Living Trust | Address on File | | | | | | |
| 7937938 | Michaely, May | Address on File | | | | | | |
| 7937631 | Michaely, Roy | Address on File | | | | | | |
| 7937615 | Michelle G Henny TTEE Marinus Henny Family Trust | Address on File | | | | | | |
| 7945997 | Miller, Linda K | Address on File | | | | | | |
| 7951218 | Miller, Robert J. | Address on File | | | | | | |
| 7938818 | Minzenmayer, Ann | Address on File | | | | | | |
| 7937355 | MLPFS Cust FBO F. Joan Radley IRA | Address on File | | | | | | |
| 7954445 | Moeller, Justin | Address on File | | | | | | |
| 7926145 | Moline, Gary L | Address on File | | | | | | |
| 7946255 | Montgomery, Albertha | Address on File | | | | | | |
| 7932400 | Montgomery, Kenneth | Address on File | | | | | | |
| 7777986 | MOORMAN, DAVID J | Address on File | | | | | | |
| 7927196 | Moss, Mara & Andrew | Address on File | | | | | | |
| 7937107 | Mulligan Haines, Mary | Address on File | | | | | | |
| 7937375 | Mulligan-Haines, Mary | Address on File | | | | | | |
| 7937157 | Myers, Rebecca | Address on File | | | | | | |
| 7949325 | Nash, Thoams K. | Address on File | | | | | | |
| 7950191 | Nash, Thomas K. | Address on File | | | | | | |
| 7931549 | Nash, Thomas K. | Address on File | | | | | | |
| 7928887 | NASH, THOMAS K. | Address on File | | | | | | |
| 7928090 | NASH, THOMAS K. | Address on File | | | | | | |
| 7954524 | Natalicchio, James C. | Address on File | | | | | | |
| 7945230 | Nemec, Allen R Nemec and Patricia Pasquesi | Address on File | | | | | | |
| 7949341 | Nerpouni, Karen R. | Address on File | | | | | | |
| 7926155 | Nevill, Edward | Address on File | | | | | | |
| 7937453 | Newberg, Cynthia Santos | Address on File | | | | | | |
| 7936043 | Neyhart, Dirk | Address on File | | | | | | |
| 7937665 | Ng, Freddy S | Address on File | | | | | | |
| 7949223 | NICKOLAKAKOS, ROBIN G | Address on File | | | | | | |
| 7950230 | NIELSEN, CHRISTEN A | Address on File | | | | | | |
| 7948748 | Nielsen, Perry | Address on File | | | | | | |
| 7949357 | Noel D. Sidford, Ttee | Address on File | | | | | | |
| 7927860 | Noffsinger, Cleetis | Address on File | | | | | | |
| 7937249 | Nugent, Courtney Lynn | Address on File | | | | | | |
| 7938388 | Nyitray, Lawernce M. | Address on File | | | | | | |
| 7938307 | Nyitray, Lawrence M. | Address on File | | | | | | |
| 7932821 | Oaks, Jeffrey S. | Address on File | | | | | | |
| 7944514 | Obst, Alice Ford | Address on File | | | | | | |
| 7944307 | Obst, Gary | Address on File | | | | | | |
| 7954532 | O'Donnell and Kimberly Iselin Living Trust dated 5/5/2016 | Address on File | | | | | | |
| 7944321 | O'DONOVAN, MARY | Address on File | | | | | | |
| 7939919 | Oliver, Willard V. | Address on File | | | | | | |
| 7938481 | Olliges, Brian P. | Address on File | | | | | | |
| 7929932 | One Fin Capital Master Fund LP | One Letterman Drive, Bldg C, Suite C3400 | | | San Francisco | CA | 94129 | |
| 7938441 | Osbourne, James L | Address on File | | | | | | |
| 7937303 | Pacifico, Agatha | Address on File | | | | | | |
| 7931605 | Packo, Dennis | Address on File | | | | | | |
| 7939949 | Padgham, Richard C | Address on File | | | | | | |
| 7948462 | Pagenkoff, Robert F. | Address on File | | | | | | |
| 7944870 | Palmer, Bonnie M. | Address on File | | | | | | |
| 7931718 | Parente, Anthony L | Address on File | | | | | | |
| 7937538 | Parker, III, Ronald | Address on File | | | | | | |
| 7950186 | PARKS, IAN NICHOLAS | Address on File | | | | | | |
| 7939357 | Pasternak, Ronald and Linda | Address on File | | | | | | |
| 7935881 | PATEL, PRAVIN H. | Address on File | | | | | | |
| 7950299 | Patricia A. McGuinn Northrop & Clyde M Northrop | Address on File | | | | | | |
| 7931109 | Patt, Michael A. | Address on File | | | | | | |
| 7939865 | Paul M. Ko & Maggie W. Ko, Trust UA 4/10/2004 | Address on File | | | | | | |
| 7931454 | Paul R Oswald and Linda L Oswald Ttees Paul R Oswald and Linda L Oswald | Address on File | | | | | | |
| 7937683 | Pfeifer, William | Address on File | | | | | | |
| 7949757 | Phillip W. Bode & Glynden P. Bode JTWROS | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)
Page 8 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 76
of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7936186 | Piechocki, Carol  M. | Address on File | | | | | | |
| 7938240 | Pierce, Steven James | Address on File | | | | | | |
| 7943242 | Pinardi, Edward D. | Address on File | | | | | | |
| 7938005 | Pittard, Mack W. | Address on File | | | | | | |
| 7951884 | Polli, Jennifer L. | Address on File | | | | | | |
| 7951868 | Polli, Jennifer L. | Address on File | | | | | | |
| 7936417 | Poole, Robert M. | Address on File | | | | | | |
| 7949132 | Porter, Don | Address on File | | | | | | |
| 7949291 | Porter, Don | Address on File | | | | | | |
| 7949921 | Presbyterian Church of Chatham Township Endowment Fund | 240 Southern Boulevard | | | Chatham | NJ | 07928 | |
| 7949732 | Presbyterian Church of Chatham Township Pastoral Housing Fund | Address on File | | | | | | |
| 7951898 | Prestigiacomo, Kathy Sue | Address on File | | | | | | |
| 7937956 | Procopio, Leonard P. | Address on File | | | | | | |
| 7937159 | Purser, Gerald | Address on File | | | | | | |
| 7946535 | Rafferty, Mary E | Address on File | | | | | | |
| 7938848 | Ramsey, Ruth G | Address on File | | | | | | |
| 7938163 | Randy E Dukeman IRA | Address on File | | | | | | |
| 7938034 | Ranks, Steven P. | Address on File | | | | | | |
| 7949011 | Ratliff, Gregory M | Address on File | | | | | | |
| 7931070 | Rawn-Schatzinger, Viola | Address on File | | | | | | |
| 7938115 | Raymond C Platt Exemption TR | Address on File | | | | | | |
| 7931336 | RAYMOND JAMES FBO RICHARD ALLEN SCHATZINGER IRA | Address on File | | | | | | |
| 7954230 | Raymond James FBO Yasuko Y Bowers IRA | Address on File | | | | | | |
| 7937345 | Raynor, Abigail B. | Address on File | | | | | | |
| 7928967 | REGIME RETRAITE DES EMPLOYES DE VILLE DE LAVAL 00911570/0.2 | FIDUCIE DESJARDINS INC. | Attn : Reorg  MTL1-34e-B | 1 Complexe Desjardins CP 34 Succursale Desjardins | Montréal | QC | HSB 1E4 | Canada |
| 7937044 | Reidy, John A. | Address on File | | | | | | |
| 7946183 | Rhine, Gary | Address on File | | | | | | |
| 7938255 | Richard & Bonnie Blauwkamp TTEES Blauwkamp Living Trust | Address on File | | | | | | |
| 7932909 | Richard J. Marusek IRA | Address on File | | | | | | |
| 7938172 | Richard Kaufman (IRA Rollover) | Address on File | | | | | | |
| 7938151 | Richard Kaufman (SEP IRA) | Address on File | | | | | | |
| 7943414 | Richard S. Glass & Sandra L. Glass U/A DTD 8-16-2011 | Address on File | | | | | | |
| 7937074 | Richard S. Kaufman Trust U/A dated 08/30/1994 | Address on File | | | | | | |
| 7935946 | RIDDLE, JOHN M | Address on File | | | | | | |
| 7939647 | Riley, Craig S. | Address on File | | | | | | |
| 7930315 | RMSH LLC | Address on File | | | | | | |
| 7937896 | Roberson, Robert E. | Address on File | | | | | | |
| 7945854 | Robert & Margaret Sakai Trust | Address on File | | | | | | |
| 7949822 | ROBERT A MASUCCI TTEE ROBERT A MASUCCI TRUST AGREEMENT U/A DTD | Address on File | | | | | | |
| 7940003 | Robert Degraca & Margaret Degraca | Address on File | | | | | | |
| 7938860 | Robert F & Joan L Miller Rev Trust Joan L Miller Trustee Robert F Miller | Address on File | | | | | | |
| 7935999 | Robert L Sabin Decendant's Trust | Address on File | | | | | | |
| 7931872 | Roberts, Mark E | Address on File | | | | | | |
| 7929964 | Roberts, Mark E & Sherry L | Address on File | | | | | | |
| 7936456 | Robin Stacy Melvin Inherited IRA | Address on File | | | | | | |
| 7937705 | ROBINETTE, AMBRE D. | Address on File | | | | | | |
| 7931471 | Rockey, Rose | Address on File | | | | | | |
| 7949989 | Rodgers, Jack & Judy E. | Address on File | | | | | | |
| 7937702 | Rogers, Donna F. | Address on File | | | | | | |
| 7927038 | Rogers, Helen W | Address on File | | | | | | |
| 7950079 | Romeo, Paul | Address on File | | | | | | |
| 7949235 | Ron H Oberndorfer (SIMPLE IRA) | Address on File | | | | | | |
| 7950228 | Ron H. Oberndorfer (IRA Standard) | Address on File | | | | | | |
| 7940054 | Roos, Robert  F | Address on File | | | | | | |
| 7773908 | ROSE JR, JOHN J. | Address on File | | | | | | |
| 7931486 | Rose Rockey Beneficiary of IRA | Address on File | | | | | | |
| 7931426 | Rose Rockey TTEE Rockey Rev. Trust | Address on File | | | | | | |
| 7944268 | Roth, Joann S | Address on File | | | | | | |
| 7930196 | Ruhnke, Jr, Edward E | Address on File | | | | | | |
| 7939091 | Rumbold, John  G | Address on File | | | | | | |
| 7956467 | Russell, Nancy H. | Address on File | | | | | | |
| 7927852 | Rustad, Mark | Address on File | | | | | | |
| 7938502 | RUTBERG, JACK | Address on File | | | | | | |
| 7943149 | Ruth, James B | Address on File | | | | | | |
| 7948895 | Ryerson, Thomas W. | Address on File | | | | | | |
| 7950332 | S Bissada & N Bissada TTEE Samia Bissada | Address on File | | | | | | |
| 7937809 | Saire, Donald Edward | Address on File | | | | | | |
| 7949953 | Salzman, Nora | Address on File | | | | | | |
| 7931602 | Sandlin, Grace | Address on File | | | | | | |
| 7928860 | Sands, Brian | Address on File | | | | | | |

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7939765 | Sarikakis, Paul | Address on File | | | | | | |
| 7944365 | Sawdey, Kenneth M. | Address on File | | | | | | |
| 7931176 | Sawyer, Amy S. | Address on File | | | | | | |
| 7936329 | Saxenian, James | Address on File | | | | | | |
| 7937447 | Sayre, Steva F. & Mary L. | Address on File | | | | | | |
| 7944240 | Schaefer, Garrard Kelly | Address on File | | | | | | |
| 7932911 | Schafer, Larry J. | Address on File | | | | | | |
| 7936482 | SCHILLER, ROBERT WARREN | Address on File | | | | | | |
| 7954158 | Schleder, Andrew Joseph | Address on File | | | | | | |
| 7937206 | Schuylkill Lodge #138 Reidler Account | Address on File | | | | | | |
| 7937912 | Schwartz Irrevocable Trust | Address on File | | | | | | |
| 7927062 | Schwefel, Vicki L | Address on File | | | | | | |
| 7936059 | Scott Family Rev Living Trust | Address on File | | | | | | |
| 7936880 | Sebastinelli, Kristen | Address on File | | | | | | |
| 7949857 | Segall, Joel  A | Address on File | | | | | | |
| 7938888 | Selda, Dorthe Astman | Address on File | | | | | | |
| 7951920 | Seymour, Herbert and Earlene | Address on File | | | | | | |
| 7945383 | Shaloo, Andrea J | Address on File | | | | | | |
| 7949379 | Shames, B Samuel | Address on File | | | | | | |
| 7938896 | Shamiyeh, Michele  Marie | Address on File | | | | | | |
| 7954636 | SHANEL, MADLYN | Address on File | | | | | | |
| 7939544 | Sherred, Terry | Address on File | | | | | | |
| 7951954 | Sherwood, Mark and Melanie | Address on File | | | | | | |
| 7937095 | Shoup, Barbara  J | Address on File | | | | | | |
| 7949726 | Sidford, Noel D. | Address on File | | | | | | |
| 7949730 | Sidford, Noel D. | Address on File | | | | | | |
| 7927872 | Simpkins, Philip | Address on File | | | | | | |
| 7946275 | Sironen, Gregory William | Address on File | | | | | | |
| 7926224 | Sloan, John Dalton | Address on File | | | | | | |
| 7927884 | Smeathers, Jeffrey A | Address on File | | | | | | |
| 7932833 | Smiley, Thomas E. | Address on File | | | | | | |
| 7938495 | Smith Jr, Donald B. | Address on File | | | | | | |
| 7938098 | Smith, Charlene Joye | Address on File | | | | | | |
| 7927147 | Smith, Christine | Address on File | | | | | | |
| 7945816 | Smith, Julie | Address on File | | | | | | |
| 7946215 | Smith, Mary Elizabeth | Address on File | | | | | | |
| 7926792 | Sole, Scott A. | Address on File | | | | | | |
| 7944905 | Spangler, Gary W | Address on File | | | | | | |
| 7928848 | Spott, Thomas | Address on File | | | | | | |
| 7939355 | St. George's Orthodox Church | Address on File | | | | | | |
| 7937496 | Staler, William L. | Address on File | | | | | | |
| 7931004 | Steding, Cynthia Louise | Address on File | | | | | | |
| 7950144 | Stefko, Myrta | Address on File | | | | | | |
| 7936999 | Stenjem, Sherry | Address on File | | | | | | |
| 7936622 | Stephen P Matchett SPM-NTK Estate | Address on File | | | | | | |
| 7944026 | Stephenitch, David M. | Address on File | | | | | | |
| 7954628 | Steve and Kristina Stone | Address on File | | | | | | |
| 7930488 | Steven D Carson Family 2018 Dynasty Trust 02/19/2018 | Address on File | | | | | | |
| 7938303 | Stiegman, Kenneth George | Address on File | | | | | | |
| 7949063 | Stoeppel, Kelly | Address on File | | | | | | |
| 7937605 | Sullivan, Paul D | Address on File | | | | | | |
| 7945736 | Sutton, Maurice S. | Address on File | | | | | | |
| 7949148 | SVALLIN, JONAS | Address on File | | | | | | |
| 7954214 | Swartz, Frederick | Address on File | | | | | | |
| 7954175 | Sweet, Antonia | Address on File | | | | | | |
| 7954490 | Sweet, Deborah L. | Address on File | | | | | | |
| 7945248 | Sweet, Deborah L. | Address on File | | | | | | |
| 7937238 | TALIANI, JAMES | Address on File | | | | | | |
| 7939399 | Tarick Shamiyeh, Roth IRA | Address on File | | | | | | |
| 7938241 | Taylor & Diane Yates 2005 Tr | Address on File | | | | | | |
| 7936647 | Teresa Carson Wyche Family 2018 Dynasty Trust | Address on File | | | | | | |
| 7937439 | Terry, Denise | Address on File | | | | | | |
| 7931646 | The Agostino Isola TR Marie L. Crociani TTEE U/A DTD 4-15-2009 | Address on File | | | | | | |
| 7937267 | The Chin and Hoffmeister Trust | Address on File | | | | | | |
| 7936926 | The Chin and Hoffmeister Trust UA 08/11/2016 | Carolyn Chin | 1870 Funston Ave | | San Francisco | CA | 94116 | |
| 7936651 | THE MASTER TRUST BANK OF JAPAN, LTD, AS TRUSTEE FOR MDAM FOREIGN | Address on File | | | | | | |
| 7938383 | The Master Trust Bank of Japan, LTD. As Trustee for Meiji Yasuda USA Minimum Volatility Equity Fund | Address on File | | | | | | |
| 7947606 | The Robyn Weiss Rev Trust U/T/A DTD 6/21/2016 | Address on File | | | | | | |
| 7937082 | The Scott Z. Garfinkel Living Trust, Scott Z Garfinkel, Trustee | Address on File | | | | | | |
| 7938596 | THE TERENTIEV FAMILY TRUST | Address on File | | | | | | |

In re:  PG&E Corporation, et al.
Case No. 19-30088 (DM)

Page 10 of 11

Case: 19-30088    Doc# 7184    Filed: 05/13/20    Entered: 05/13/20 19:44:07    Page 78 of 81

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7684001 | THODT, CRAIG A | Address on File | | | | | | |
| 7927882 | Thomas A Steinbrenner Trust | Address on File | | | | | | |
| 7937349 | Thompson, Patricia A | Address on File | | | | | | |
| 7948876 | Tileston, William W. and Nancy F. | Address on File | | | | | | |
| 7932851 | Timara L Bobo Rollover IRA | Address on File | | | | | | |
| 7931709 | Timothy J. Rozinski Irrevocable Trust | Address on File | | | | | | |
| 7939045 | Tissue, Troy Rhys | Address on File | | | | | | |
| 7695025 | TOUCHTON JT TEN, HENRY H & SUZANNE L | Address on File | | | | | | |
| 7938842 | Triplett, Mary F. | Address on File | | | | | | |
| 7939231 | Vanderover, Susan G. | Address on File | | | | | | |
| 7951186 | VanGorden, Noel | Address on File | | | | | | |
| 7951305 | VanGorden, Noel | Address on File | | | | | | |
| 7677148 | VANINETTI, ANGELA | Address on File | | | | | | |
| 7945932 | Veenema, Bridget Venturi | Address on File | | | | | | |
| 7786358 | VERZI, ANN | Address on File | | | | | | |
| 7930937 | Victoria Carson Wyche IRR Trust 07/16/2004 | Address on File | | | | | | |
| 7954395 | Vine, Milton D | Address on File | | | | | | |
| 7937147 | Viola Rawn-Schatzinger IRA | Address on File | | | | | | |
| 7930446 | Violet A Carson 2004 Restated Revocable Trust 07/16/2004 | Address on File | | | | | | |
| 7943273 | VON ENGEL, MARCUS | Address on File | | | | | | |
| 7939139 | Wagner, Patricia A. | Address on File | | | | | | |
| 7926878 | Waltman, Ann M | Address on File | | | | | | |
| 7937783 | Waszak, Martha S. | Address on File | | | | | | |
| 7938014 | Waszak, Robert M. & Martha S. | Address on File | | | | | | |
| 7937337 | Weber, Sherry | Address on File | | | | | | |
| 7954461 | Wechsler, Sarah | Address on File | | | | | | |
| 7954177 | Wechsler, Sarah C. | Address on File | | | | | | |
| 7938880 | Weenum, Lillian Joyce | Address on File | | | | | | |
| 7949056 | Weisz, Giora | Address on File | | | | | | |
| 7949031 | WELBORN, SANDRA H | Address on File | | | | | | |
| 7943411 | Wendel, Bruce | Address on File | | | | | | |
| 7938007 | Wertz, Carolyn Schmidt | Address on File | | | | | | |
| 7937180 | Whatley, Jr., Ray A. | Address on File | | | | | | |
| 7938961 | White-Schaeffner, Cheryl L. | Address on File | | | | | | |
| 7936965 | Wiersema, Maurits | Address on File | | | | | | |
| 7945280 | Wild, Joseph | Address on File | | | | | | |
| 7765921 | WILLEM J ENGEL | GRAANHUS 14 | | | BEINSDORP | | 2144 KX | THE |
| 7949188 | William and Marlene Loadvine Ttees | Address on File | | | | | | |
| 7936331 | William B Chase & Patricia A Cobleigh | Address on File | | | | | | |
| 7949771 | William Loadvine and Marlen Loadvine Trustees Claire Irr Trst | Address on File | | | | | | |
| 7939732 | William S. Wagner Jr | Address on File | | | | | | |
| 7937510 | WILLIAMS FAMILY FOUNDATION | 626 E. PLATTE AVE. | | | FORT MORGAN | CO | 80701 | |
| 7950013 | Williams, Carole Corcoran | Address on File | | | | | | |
| 7927227 | Williamson, David and Susan | Address on File | | | | | | |
| 7944256 | Willner, Selma | Address on File | | | | | | |
| 7939767 | Withers, Larry J | Address on File | | | | | | |
| 7950467 | Wolsky, Gilbert | Address on File | | | | | | |
| 7944103 | Woolsey, Wayne A | Address on File | | | | | | |
| 7938898 | Wunder, James F | Address on File | | | | | | |
| 7930705 | Wyche, Graham Clark and Teresa Carson | Address on File | | | | | | |
| 7930852 | Wyche, Teresa Carson | Address on File | | | | | | |
| 7938369 | Yau, Dengwei David | Address on File | | | | | | |
| 7932847 | Yee, Jeffery S. | Address on File | | | | | | |
| 7944061 | YEH, CHAO-TUNG | Address on File | | | | | | |
| 7937025 | York, Jo Ann | Address on File | | | | | | |
| 7926167 | Young, Stephen Warren | Address on File | | | | | | |
| 7932041 | ZAHR, SABINE G | Address on File | | | | | | |
| 7949868 | Zakala, David L. | Address on File | | | | | | |
| 7945870 | Zemitis, George | Address on File | | | | | | |
| 7927858 | Zensius, David | Address on File | | | | | | |
| 7927834 | Zensius, Karen | Address on File | | | | | | |
| 7937906 | Zhang, Chang | Address on File | | | | | | |
| 7949942 | Zia, William | Address on File | | | | | | |
| 7945347 | Zygner, Jack | Address on File | | | | | | |

**Exhibit G**

| MMLID | Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|---|
| 7964018 | Denise Kranz, Esq. (as Trustee for the Susan Goldberg Trust) | Address on File | | | | | | |
| 7964014 | Edgein, Elaine | Address on File | | | | | | |
| 7964019 | James & Dorothy Rowins | Address on File | | | | | | |
| 7964020 | Marsico, Winifred | Address on File | | | | | | |
| 7964017 | MORRISON, MIRIAM | Address on File | | | | | | |
| 7964013 | Schiveley, Richard | Address on File | | | | | | |
| 7964016 | SOKOL, BARBARA | Address on File | | | | | | |
| 7964015 | Wagner, Bonnie | Address on File | | | | | | |

In re: PG&E Corporation, et al.
Case No. 19-30088 (DM)

Page 1 of 1

Case: 19-30088   Doc# 7184   Filed: 05/13/20   Entered: 05/13/20 19:44:07   Page 81
of 81