Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Sacramento Municipal Utility District*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION AND RESERVATION OF RIGHTS OF SACRAMENTO MUNICIPAL UTILITY DISTRICT TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS**

Sacramento Municipal Utility District ("SMUD"), hereby asserts its objection and reservation of rights (the "Objection") to the Debtors' *Notice of (I) Proposed Assumption of Executory Contracts and*

*Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* (the "Assumption Notice") and set forth the following:

### Procedural Facts

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On March 16, 2020, the Debtors' filed the *Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16,* 2020 [Docket No. 6320] (the "Plan").

### The Assumption Notice

4. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their (i) *Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts* (the "Assumption Schedule").

5. According to a certificate of service filed May 6, 2020 [Docket No. 7085], on May 1, 2020, the Debtors' claims processing agent, Prime Clerk, purportedly served SMUD with the Assumption Notice together with an excerpt from the Assumption Schedule listing the SMUD contracts to be assumed by the Debtors. The Assumption Notice provides a deadline of May 15, 2020 for objecting to the proposed cure amounts listed in the Assumption Schedule.

6. The Assumption Schedule lists a total of 30 contracts with SMUD. However, because the descriptions of the listed contracts are not specific and the Contract ID numbers listed in the Assumption Schedule do not reflect contract numbers used by SMUD, it is not clear what contracts the Debtors have listed for assumption.

7. One of the SMUD contracts in the Assumption Schedule, described as an Electric Agreement with no date, lists a cure amount of $59,364.03. Each of the other SMUD contracts in the Assumption Schedule lists a $0 cure amount.

### SMUD's Contracts With the Debtors

8. A total of $283,501 is owing to SMUD under various contracts it has with the Debtors. However, due to the limited descriptions provided in the Assumption Schedule, it is unclear what balances are associated with each of the listed contracts.

9. SMUD has multiple electric agreements with the Debtors, and a total of $102,918.06 is owing under those agreements. SMUD filed claim number 2671 in the amount of $23,953.55 in these bankruptcy proceedings for prepetition amounts owing under the electric agreements and has since discovered the additional amounts owing thereunder.

10. SMUD filed proof of claim number 19885 in these bankruptcy proceedings in the amount of $77,205.71, which was for pole maintenance performed by SMUD under a share agreement. It is possible that these charges relate to the SMUD "License" listed on page 1314 of 1778 of the Assumption Schedule, but that is unclear.

11. SMUD has two Fringe Area Service Agreements with the Debtors, but the cure amounts thereunder are not $0 as listed in the Assumption Schedule. A total of $19,758.80 is owing under those agreements.

12. SMUD does not believe that any amounts are owing under the gas agreements or interconnection agreements it has with the Debtors, but it is still investigating these contracts.

13. SMUD is continuing to investigate the various contracts listed in the Assumption Schedule and reserves its rights to assert additional cure amounts once it is able to reconcile with the Debtors what contracts they are attempting to assume and the outstanding balances associated therewith.

## DISCUSSION

14. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

15. It is unclear from the Debtors' listing of contracts in the Assumption Schedule which contracts they are attempting to assume.

16. Accordingly the Debtors should be required to clarify which Agreements they are seeking to assume through the Assumption Notice and Assumption Schedule and, in addition, should be required to provide SMUD or SMUD's counsel with copies of, or other identifying information for each contract they are seeking to assume. Further, SMUD should be given sufficient time after receiving such information to investigate the same, determine the amounts owing thereunder, and file any further objections it may then have to the Assumption Schedule and Assumption Notice.

17. SMUD hereby reserves all rights to object to the Assumption Schedule and the cure amounts listed therein once the Debtors have clarified the contracts they are seeking to assume pursuant thereto.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) requiring the Debtors to properly and adequately identify each of the contracts they are seeking to assume in the Assumption Schedule, (2) allowing SMUD, after such proper

identification, a reasonable period of time to investigate and assert any applicable objections to the Assumption Schedule and Assumption Notice with respect to the identified contracts, (3) requiring, as a condition to the Debtors' assumption or assignment of any of SMUD's contracts, that the Debtors pay all unpaid prepetition and post-petition amounts accrued thereunder through the effective date of assumption, and (4) granting such other and further relief that the Court deems just and appropriate.

DATED: May 14, 2020

Respectfully submitted,

ST. JAMES LAW, P.C.

By: /s/ *Michael St. James* .
Michael St. James, CSB No. 95653
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Sacramento Municipal Utility District*

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, a true and correct copy of the foregoing *Objection and Reservation of Rights of Sacramento Municipal Utility District to Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* was served via the Court's CM/ECF electronic notification system on all parties requesting same, including:

Stephen Karotkin
Jessica Liou
Matthew Goren
Tom Schinckel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Stephen.karotkin@weil.com
Jessica.liou@weil.com
Matthew.goren@weil.com
Tom.shinckel@weil.com
*Attorneys for Debtors*

Tobias S. Keller
Jane Kim
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, California 94108
tkeller@kbkllp.com
jkim@kbkllc.com
*Attorneys for Debtors*

Bruce S. Bennett
Joshua M. Mester
James O. Johnston
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071-2300
bbennett@jonesday.com
jmester@jonesday.com
jjohnston@jonesday.com
*Attorneys for Shareholder Proponents*

/s/ *Michael St. James*
Michael St. James