Robert J. Berens (AZ Bar No. 012056/ CA Bar No. 141647)
Marilyn Klinger (CA Bar No. 83508)
**SMTD LAW LLP**
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 943-1425
Facsimile: (213) 943-1301
mklinger@smtdlaw.com
rberens@smtdlaw.com

*Attorneys for XL Specialty Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> __ Affects PG&E Corporation <br> __ Affects Pacific Gas and Electric Company <br> X  Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Chapter 11 <br><br> Case No.: 19-30088 <br> (Lead Case) <br> (Jointly Administered) <br><br> **XL SPECIALTY INSURANCE COMPANY'S OBJECTION TO: (A) DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 [DKT. NO. 6320]; AND (B) SCHEDULE OF EXECUTORY CONTRACTS TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS [DKT. 7037]** <br><br> Date: May 27, 2020 <br> Time: 10:00 a.m. (PST) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 <br> Judge: The Hon. Dennis Montali |

1

XL Specialty Insurance Company ("Xl Specialty"), by and through its undersigned counsel, respectfully submits its objection to confirmation of the Plan (as defined below) and to the Assumption Schedule (as also defined below) concerning the XL Specialty executory contracts, and respectfully represents as follows:

**I. Introduction**

1. XL Specialty issued two Surety Bonds: (i) Bond No. US00088878SU19A on behalf of Pacific Gas and Electric Company ("PG&E") listing the State of California as obligee, with a penal sum of $25,000,000.00 and (ii) Bond No. US00088869SU19A on behalf of PG&E listing the State of California as obligee, with a penal sum of $20,355,766.00 (collectively, the "Surety Bonds"). The Surety Bonds were issued in accordance with Cal. Labor Code §§ 3700 to 3823 to enable PG&E to self-insure its worker's compensation program in accordance with PG&E's application to the California Director of Industrial relations.

2. As a condition to issuing the Surety Bonds, XL Specialty required that PG&E and PG&E Corporation ("HoldCo") (collectively with PG&E, "Debtors") enter into a General Indemnity Agreement (the "Indemnity Agreement"), pursuant to which the Debtors agreed to indemnify and exonerate XL Specialty from any loss, cost, and expense that XL Specialty incurred on account of the issuance of the Surety Bonds on behalf of the Debtors (the "Indemnity Obligations").

3. On October 21, 2019, XL Specialty filed its Proof of Claim (Claim No. 382) ("Proof of Claim") listing its liquidated claim in the amount of $26,819.09 [1] and its contingent and unliquidated claim up to the penal sums of the Surety Bonds. Copies of the Surety Bonds are attached as Exhibits "A" and "B" to the Proof of Claim and the Indemnity Agreement is attached as Exhibit "C" to the Proof of Claim, all of which are incorporated herein by this reference.

---

[1] XL Specialty included certain liquidated amounts in its Proof of Claim pursuant to *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443 (2007).

4. Paragraph 4 in the Indemnity Agreement provides as follows:

> [The Debtors, jointly and severally, agree]: "To exonerate, indemnify, hold harmless and keep indemnified the SURETY from and against all demands, claims, losses, costs, liabilities, damages, and expenses including, without limitations, attorney's fees, expert's fees, interest, court costs, investigative expenses, document reproduction and storage charges which the SURETY may sustain or incur by reason of the issuance of the Bond(s) or INDEMNITOR's failure to perform or comply with any of the provision of this Agreement . . ."

5. The Debtors are in default of Paragraph 4 of the Indemnity Agreement by failing to indemnify and hold XL Specialty harmless from and against all losses, costs, liabilities, damages, and attorney's fees, court costs, investigative expenses, and document reproduction. "The term 'default' ... is not arcane" and has usually been held to mean "the failure to perform or fulfill some obligation or duty imposed by law or contract." [2] As discussed below, Debtors are in default under the Indemnity Agreement, which makes 11 U.S.C. § 365(b) [3] applicable.

## II. The Plan and Plan Supplement

6. On March 16, 2020, the Debtors and Shareholder Proponents (collectively, the "Plan Proponents") filed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020 [Dkt. 6320] (together with all schedules

---

[2] *See In re Metromedia Fiber Network Inc.*, 335 B.R. 41, 48 (Bankr. S.D.N.Y. 2005)(court defined the term "default" as follows, "The term 'default' in common parlance and as used by lawyers and judges is not arcane or controversial. Simply stated, it means the failure to perform or fulfill some obligation or duty imposed by law or contract. BLACKS LAW DICTIONARY 417 (6th ed. 1990) (A default is "the omission or failure to perform a legal or contractual duty."); WEBSTER'S COLLEGIATE DICTIONARY 301 (10th ed. 2002) (A default is the 'failure to do something required by duty or law.'); *Schneider v. Schneider*, 124 Misc. 2d 1084, 478 N.Y.S.2d 1012, 1014 (N.Y. Sup. 1984) ('A default is simply the omission or failure to perform a legal duty.')."

[3] Unless otherwise indicated, all references to "Code § _____" or "Bankruptcy Code § _____" are to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended).

and exhibits thereto, and as may be modified, amended, or supplemented, the "Plan").[4]

7. On March 17, 2020, the Court entered the Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief [Dkt. 6340] (the "Disclosure Statement Order").

8. On March 17, 2020, the Plan Proponents filed the solicitation version of the Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization [Dkt. 6353], as supplemented by the Supplement to Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, approved by Court Order on March 25, 2020 [Dkt. 6483].

9. In accordance with the Plan and Disclosure Statement, on May 1, 2020, the Plan Proponents filed the Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020 [Dkt. No. 7037] (the "Plan Supplement"). The Plan Supplement included as Exhibit "B" thereto the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "Assumption Schedule").

**III.  The Assumption Schedule Releasing and Disallowing XL Specialty's Claim is Contrary to the Plan and Code § 365(b).**

10. The Plan provides in Section 8.7, as follows:

**8.7 Insurance Policies.**
(a) All Insurance Policies (including all D&O Liability Insurance Policies and tail coverage liability insurance), surety bonds, and

---
[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

4

indemnity agreements entered into in connection with surety bonds to which any Debtor is a party as of the Effective Date shall be deemed to be and treated as executory contracts and shall be assumed by the applicable Debtors or Reorganized Debtor and shall continue in full force and effect thereafter in accordance with their respective terms.

(Emphasis added).

11. The Plan provides in Section 8.2, as follows:

**8.2 Determination of Cure Disputes and Deemed Consent.**

(a) Any monetary defaults under an assumed or assumed and assigned executory contract or unexpired lease, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount, as reflected in the applicable cure notice, in Cash on the Effective Date, subject to the limitations described below, or on such other terms as the parties to such executory contracts or unexpired leases and the Debtors may otherwise agree.

12. The Assumption Schedule in accordance with Section 8.7 in the Plan provides, as follows:

**Insurance Policies.**
Pursuant to Section 8.7 of the Plan, all Insurance Policies (including all D&O Liability Insurance Policies and tail coverage liability insurance), surety bonds, and indemnity agreements entered into in connection with surety bonds to which any Debtor is a party as of the Effective Date of the Plan shall be deemed to be and treated as executory contracts and shall be assumed by the applicable Debtors or Reorganized Debtor and shall continue in full force and effect thereafter in accordance with their respective terms.

*See* pp. 19-20 of the Assumption Schedule (emphasis added).

13. However, Section 8 in the Assumption Schedule provides that any and all claims in relation to the assumed executory contracts shall be released, expunged and disallowed, as follows:

**Any counterparty to an Agreement that fails to timely file and serve an Objection as proscribed herein will be deemed to have assented to such assumption, assumption and assignment, and Cure Amount. Except as otherwise set forth in the Plan or the Confirmation Order, the assumption or assumption and assignment of any executory contract or unexpired lease**

5

> **pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims and Causes of Action against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, any defaults of provisions restricting the change in control or ownership interest composition, or any other bankruptcy-related defaults. On the Effective Date of the Plan, any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed, or assumed and assigned, under the Plan shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.**

*See* p. 7 in the Assumption Schedule (bold in original).

14. XL Specialty objects to the Assumption Schedule to the Plan Supplement, which provides for a "full release and satisfaction of any Claims and Causes of Action against any Debtor or defaults by any Debtor arising under any assumed executory contract . . . at any time before the date that the Debtors assume or assume and assign such executory contract . . ., whether monetary or nonmonetary, including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code. . . . or any other bankruptcy-related defaults. On the Effective Date of the Plan, any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed, or assumed and assigned, under the Plan shall be deemed disallowed and expunged . . ."

*See* p. 7 of the Assumption Schedule (emphasis added).

15. As discussed in paragraph 5 above, the Debtors have defaulted under the Indemnity Agreement and Code § 365(b) is applicable.

16. Section 365(b)(1)(A and B) of the Bankruptcy Code provide that if "there has been a default in an executory contract," then the debtor is required to: (a) "cure[], or provide[] adequate assurance that the trustee will promptly cure, such default" and (b) "compensate[], or provide[] adequate assurance that the trustee will promptly compensate

. . . for any actual pecuniary loss to such party resulting from such default" to be permitted to assume such executory contract.

17. Under "§ 365(b)(1), the Bankruptcy Code requires a trustee to 'promptly cure' defaults with respect to a lease or executory contract as a condition of assumption." *See Steinacher v. Rojas* (*In re Steinacher*), 283 B.R. 768, 775, n.13 (Bankr. 9th Cir. 2002).

18. The Assumption Schedule attached to the Plan Supplement provides for a partial release and disallowance of XL Specialty's claim (<u>as well as any other amounts that may be due under the Indemnity Agreement, such as any potential PG&E defaults in relation to the Worker's Compensation Program</u>) as of the date that the Bonds are assumed under the Plan (i.e., the "Effective Date" under the Plan).

19. The Assumption Schedule to the Plan Supplement impermissibly contradicts the requirements in Bankruptcy Code § 365(b) by failing to either promptly cure the default under the Indemnity Agreement or providing adequate assurance that the Debtors will promptly compensate XL Surety for any actual pecuniary loss to XL Surety resulting from such default.

20. This partial release and disallowance of XL Specialty's claim is contrary to the provisions in the Plan and contrary to Bankruptcy Code § 365(b). Therefore, the Plan cannot be confirmed pursuant to Bankruptcy Code § 1129(a)(1).

**IV. The Plan Violates Code §§ 1126(a) and 1129(a)(1) By Not Permitting XL Specialty to Vote on Plan Acceptance.**

21. The treatment of XL Specialty's unsecured claim against <u>HoldCo</u> is set forth in Section 4.4 of the Plan, as follows:

> (a) Treatment: In full and final satisfaction, settlement, release, and discharge of any Allowed HoldCo General Unsecured Claim, except to the extent that the Debtors or the Reorganized Debtors, as applicable, and a holder of an Allowed HoldCo General Unsecured Claim agree to a less favorable treatment of such Claim, on the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed HoldCo General Unsecured Claim shall receive Cash in an amount equal to such holder's

7

> Allowed HoldCo General Unsecured Claim. The Allowed amount of any HoldCo General Unsecured Claim shall include all interest accrued from the Petition Date through the Effective Date at the Federal Judgment Rate.
>
> (b) Impairment and Voting: The <u>HoldCo General Unsecured Claims are Unimpaired</u>, and holders of HoldCo General Unsecured Claims <u>are presumed to have accepted the Plan</u>.

*See* Section 4.4, Plan (emphasis added). XL Specialty's claim against PG&E is the same as set forth in Section 4.23 in the Plan.

22. Bankruptcy Code § 1124(1) requires that a chapter 11 debtor's plan of reorganization contain provisions for cure of any default under an executory contract without otherwise altering the legal rights of the creditor, in order that the creditor's claim may be deemed unimpaired for purposes of plan acceptance.

23. As discussed in Section III above, Section 8 in the Assumption Schedule providing for a partial release and disallowance of XL Specialty's unsecured claim is a Plan impairment of XL Specialty's claim to receive what it is entitled to pursuant to the Bankruptcy Code. *See Solow v. PPI Enterprises (U.S.) (In re PPI Enterprises (U.S.)*, 324 F.3d 197, 204 (3d Cir. 2003)(court held that for impairment a bankruptcy court "must examine whether the Plan itself is a source of limitation on a creditor's legal, equitable, or contractual rights."). [5]

24. Pursuant to Bankruptcy Code § 1126(a), since XL Specialty's claim against the Debtors is impaired, it should be permitted to vote on acceptance or rejection of the Plan. Since Sections 4.4 and 4.23 of the Plan provide that XL Specialty's claim against the Debtors is unimpaired and that XL Specialty is presumed to have accepted the Plan, the Plan violates Bankruptcy Code § 1129(a)(1) and cannot be confirmed.

---

[5] XL Specialty is not arguing statutory impairment of its claim. *See In re Ultra Petroleum Corp.*, 2017 Bankr. LEXIS 3192 (Bankr. S.D. Tex. Sept. 21, 2017)(court held that a claim is impaired under a plan of reorganization if the holder of the claim receives less than what it is entitled to on account of such claim under applicable state law).

## V. Reservation of Rights

25. XL Specialty does not waive any, and expressly reserves its rights, defenses, limitations and/or claims under the Bonds, the Indemnity Agreement, applicable law or otherwise. Further, XL Specialty reserves its rights to amend, modify or supplement this Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or other submission in connection with the Plan or filed by any other party in interest. Finally, XL Specialty reserves its right to adopt any other objections to confirmation filed by any other party in interest.

## VI. CONCLUSION

26. WHEREFORE, for the reasons set forth above, XL Specialty respectfully requests that the Court enter an Order:

    A. Directing the Plan Proponents to modify the Assumption Schedule to the Plan Supplement to provide for either a promptly cure of the default under the Indemnity Agreement or adequate assurance that the Debtors will promptly compensate XL Surety for any actual pecuniary loss to XL Surety resulting from such default.

    B. Alternatively, denying confirmation of the Plan; and

    C. Granting such other and further relief as the Court deems just and proper.

Executed this 14th day of May, 2020.

**SMTD Law LLP**

By */s/Robert J. Berens*
Robert J. Berens
Marilyn Klinger
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071

*Attorneys for XL Specialty Ins. Co.*

| | |
|---|---|
| 1 | Robert J. Berens (CA Bar No. 141647) |
| 2 | Marilyn Klinger (CA Bar No. 83508) |
|   | **SMTD LAW LLP** |
| 3 | 355 S. Grand Avenue, Suite 2450 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 943-1425 |
| 5 | Facsimile: (213) 943-1301 |
| 6 | mklinger@smtdlaw.com |
|   | rberens@smtdlaw.com |
| 7 |   |
| 8 | *Attorneys for XL Specialty Insurance Company* |

9  10  **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

11

| | | |
|---|---|---|
| 12 | **In re:** | Chapter 11 |
| 13 | **PG&E CORPORATION,** | Case No.: 19-30088 |
|    |                      | (Lead Case) |
| 14 |     -and-            | (Jointly Administered) |
| 15 | **PACIFIC GAS AND ELECTRIC COMPANY,** | **CERTIFICIATE OF SERVICE** |
| 16 | | |
| 17 | **Debtors.** | Date: May 27, 2020 |
|    |              | Time: 10:00 a.m. (PST) |
| 18 | __ Affects PG&E Corporation | Place: United States Bankruptcy Court |
|    | __ Affects Pacific Gas and Electric Company | Courtroom 17, 16th Floor |
| 19 | X  Affects both Debtors | San Francisco, CA 94102 |
|    |                        | Judge: The Hon. Dennis Montali |
| 20 | *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |
| 21 | | |

22  23  24   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: SMTD Law LLP, 17901 Von Karman Avenue, Suite 500, Irvine, California 92614. On **May 14, 2020**, I served the within document, ***OBJECTION OF INTERNATIONAL FIDELITY INSURANCE COMPANY TO TRUST DOCUMENTS***, on the interested party(s), listed below, follows:

25

26  27  ☐  **FACSIMILE**. By transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

28

1

☑ **U.S. MAIL**. By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below in Exhibit "A". I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **PERSONAL SERVICE**. By causing document(s) listed above to be personally delivered the person(s) at the address(es) set forth below.

☐ **OVERNIGHT COURIER**. By placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below.

☑ **ELECTRONIC**. By electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below in Exhibit "A".

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **May 14, 2020**, at Irvine, California.

/s/Sonya Rodriguez
Sonya Rodriguez

2

# EXHIBIT A

| COUNSEL | SERVED ON |
| --- | --- |
| The Debtors<br>c/o PG&E Corporation and Pacific Gas and Electric Company | 77 Beale Street<br>P.O. Box 770000 San Francisco, CA 94105<br>Attn: Janet Loduca, Esq.<br>**(Via Overnight Mail Only)** |
| Stephen Karotkin<br>Jessia Liou<br>Matthew Goren<br>**Weil, Gotshal & Manges LLP** Counsel for *Debtors* | stephen.karotkin@weil.com;<br>jessica.liou@weil.com;<br>matthew.goren@weil.com;<br>767 Fifth Avenue,<br>New York, New York 10153<br><br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>**(Via Overnight Mail & E-Mail)** |
| Paul H. Zumbro<br>Kevin J. Orsini<br>George E. Zobitz<br>Stephen M. Kessing<br>Nicholas A. Dorsey<br>Omid H. Nasab<br>**Cravath, Swaine & Moore LLP**<br>Special Counsel to *Debtors* | pzumbro@cravath.com;<br>korsini@cravath.com;<br>jzobitz@cravath.com;<br>skessing@cravath.com;<br>ndorsey@cravath.com;<br>onasab@cravath.com; |
| Peter J. Benvenutti<br>Tobias Keller<br>Jane Kim<br>**Keller Benvenutti Kim LLP**<br>Counsel to *Debtors* | pbenvenutti@kbkll.com<br>tkeller@kbkllp.com;<br>jkim@kbkllp.com; |
| James L. Snyder<br>Timothy Lafreddi<br>Marta E. Villacorta<br>**Office of the United States Trustee** | james.l.snyder@usdoj.gov;<br>timothy.s.laffredi@usdoj.gov;<br>marta.villacorta@usdoj.gov; |
| Joel S. Miliband<br>David J. Molton<br>**Brown Rudnick LLP**<br>Attorneys for *Trustee and Claims Administrator* | JMiliband@brownrudnick.com;<br>DMolton@brownrudnick.com; |

1

| COUNSEL | SERVED ON |
|---|---|
| Anita Ghosh Naber<br>**U.S. Nuclear Regulatory Commission** | Anita.ghoshnaber@nrc.gov |
| Kristopher M. Hansen<br>Erez E. Gilad<br>Matthew G. Garofalo<br>Frank A. Merola<br>**Stroock & Stroock & Lavan LLP**<br>Counsel for the *Administrative Agent Under the Debtors' Debtor-in-Possession Financing Facility* | khansen@stroock.com;<br>egilad@stroock.com;<br>mgarofalo@stroock.com;<br>fmerola@stroock.com; |
| Eli J. Vonnegut<br>David Schiff<br>Timothy Graulich<br>**Davis Polk & Wardwell LLP**<br>Counsel for the *Collateral Agent Under the Debtors' Debtor-in Possession Financing Facility* | eli.vonnegut@davispolk.com;<br>david.schiff@davispolk.com;<br>timothy.graulich@davispolk.com; |
| Alan W. Kornberg<br>Brian S. Hermann<br>Walter R. Rieman<br>Sean A. Mitchell<br>Neal P. Donnelly<br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP**<br>Counsel for *the California Public Utilities Commission* | akornberg@paulweiss.com;<br>bhermann@paulweiss.com;<br>wrieman@paulweiss.com;<br>smitchell@paulweiss.com;<br>ndonnelly@paulweiss.com; |
| Dennis F. Dunne<br>Samuel A. Khalil<br>Gregory A. Bray<br>Thomas R. Kreller<br>Alan J. Stone Samir Vora<br>**Milbank LLP**<br>Counsel for the *Official Committee of Unsecured Creditors* | ddunne@milbank.com;<br>skhalil@milbank.com;<br>gbray@milbank.com;<br>tkreller@milbank.com;<br>astone@milbank.com;<br>svora@milbank.com; |

| COUNSEL | SERVED ON |
|---|---|
| Robert A. Julian<br>Cecily A. Dumas<br>Eric E. Sagerman<br>David J. Richardson<br>Lauren T. Attard<br>**Baker & Hostetler LLP**<br><br>Counsel for *Official Committee of Tort Claimants* | rjulian@bakerlaw.com;<br>cdumas@bakerlaw.com;<br>esagerman@bakerlaw.com;<br>drichardson@bakerlaw.com;<br>lattard@bakerlaw.com; |
| Matthew A. Feldman<br>Joseph G. Minias<br>Benjamin P. McCallen<br>Daniel I. Forman<br>**Willkie Farr & Gallagher LLP**<br>Counsel for the *Ad Hoc Group of Subrogation Claimholders* | mfeldman@willkie.com;<br>jminias@willkie.com;<br>bmccallen@willkie.com;<br>dforman@willkie.com; |
| Kathryn S. Diemer<br>**Diemer & Wei, LLP**<br>Counsel for the *Ad Hoc Group of Subrogation Claimholders* | kdiemer@diemerwei.com; |
| Bruce S. Bennett<br>Joshua M. Mester<br>James O. Johnston<br>**Jones Day**<br>Counsel for the *Shareholder Proponents* | bbennett@jonesday.com;<br>jmester@jonesday.com;<br>jjohnston@jonesday.com;<br><br>555 South Flower Street, Fifteenth Floor<br>Los Angeles, California 90071-2300<br>**(Via Overnight Mail & E-Mail)** |
| Michael S. Stamer<br>Ira S. Dizengoff<br>David H. Botter<br>Abid Qureshi<br>Ashley Vinson Crawford<br>**Akin Gump Strauss Hauer & Feld LLP** Counsel for the *Ad Hoc Committee of Senior Unsecured Noteholders* | mstamer@akingump.com;<br>idizengoff@akingump.com;<br>dbotter@akingump.com;<br>aqureshi@akingump.com;<br>avcrawford@akingump.com; |

3

| COUNSEL | SERVED ON |
|---|---|
| Matthew J. Troy<br>Danielle A. Pham<br>**U.S. Department of Justice** | Matthew.Troy@usdoj.gov;<br>danielle.pham@usdoj.gov; |
| Paul Pascuzzi<br>**Felderstein Fitzgerald Willoughby Pascuzzi & Rios LLP**<br>Counsel for the *Office of the California Attorney General* | ppascuzzi@ffwplaw.com; |
| Xavier Becerra, Attorney General of California<br>Margarita Padilla<br>Danette Valdez<br>Counsel for the *Office of the California Attorney General* | Margarita.Padilla@doj.ca.gov;<br>Danette.Valdez@doj.ca.gov; |
| Benjamin Mintz<br>Brian J. Lohan<br>**Arnold Porter Kaye Scholer LLP**<br>Counsel for *AT&T Corporation* | Benjamin.Mintz@arnoldporter.com;<br>Brian.Lohan@arnoldporter.com; |
| David E. Weiss<br>Peter Munoz<br>**Reed Smith LLP**<br>Counsel for *Certain Fire Victim Creditors* | DWeiss@ReedSmith.com;<br>PMunoz@ReedSmith.com; |
| Craig Goldblatt<br>Lauren Lifland<br>Allyson Pierce<br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>Counsel for *COMCAST* | craig.goldblatt@wilmerhale.com;<br>lauren.lifland@wilmerhale.com<br>allyson.pierce@wilmerhale.com |

| COUNSEL | SERVED ON |
|---|---|
| REBECCA J. WINTHROP<br>ROBIN D. BALL<br>**NORTON ROSE FULBRIGHT US LLP**<br>Counsel for *Adventist Health* | rebecca.winthrop@nortonrosefulbright.com<br>robin.ball@nortonrosefulbright.com |
| BRIAN J. LOHAN<br>BENJAMIN MINTZ<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>Counsel for *AT&T* | brian.lohan@arnoldporter.com<br>benjamin.mintz@arnoldporter.com |