TODD J. DRESSEL (S.B. No. 220812)
MCGUIREWOODS LLP
tdressel@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: (415) 844-9944
Facsimile: (415) 844-9922

*Counsel to Dominion Energy, Inc.,
and Certain Affiliates*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DOMINION ENERGY, INC. AND CERTAIN AFFILIATES' LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO CURE AMOUNTS UNDER PLAN**<br><br>Date:  May 27, 2020<br>Time:  10:00 a.m. (PT)<br>Place: (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br><br>**Relates to Dkt. No. 7037** |

Dominion Energy, Inc., on behalf of those affiliates set forth in Paragraph 3 herein as counterparties to the agreements described therein (collectively, "**Dominion**"), by and through undersigned counsel, files this limited objection and reservation of rights to the proposed assumption by the above-captioned debtors (the "**Debtors**") of certain prepetition agreements pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Dkt. 6320] (together with all schedules and exhibits thereto, and as may

be modified, amended, or supplemented, the "**Plan**").[1]

## BACKGROUND

1. On March 16, 2020, the Plan Proponents filed the Plan. On March 17, 2020, the Court entered the *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [Dkt. 6340] (the "**Disclosure Statement Order**").

2. In accordance with the Disclosure Statement Order, on May 1, 2020, the Plan Proponents filed the *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Dkt. No. 7037] (the "**Plan Supplement**"). The Plan Supplement includes (i) the Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan (the "**Schedule of Rejected Contracts**") as Exhibit A thereto and (ii) the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "**Schedule of Assumed Contracts**") as Exhibit B thereto.

3. Pacific Gas and Electric Company (the "**Utility**") is, and was prior to the Petition Date, party to certain interconnection agreements and power purchase agreements with affiliates of Dominion, including, without limitation the following agreements:

   a. That certain Small Generator Interconnection Agreement, by and between the Utility, Maricopa West Solar PV, LLC, and the California Independent System Operator Corporation ("**CAISO**"), dated on or about June 26, 2013 (as amended, supplemented or otherwise modified from time to time, the "**Maricopa Interconnection Agreement**"), which governs the terms and

---

[1] Terms not defined herein shall have the definitions provided in the Plan.

conditions under which Maricopa's generating facility interconnects and operates with the Utility's transmission system; and

      b. That certain Small Generator Interconnection Agreement for Project RE Corcoran City, by and between the Utility, Cottonwood Solar, LLC (as assignee of EDF Renewable Development, Inc.), and CAISO, dated as of October 17, 2012 (as amended, supplemented or otherwise modified from time to time, including by that certain First Amendment dated as of April 9, 2014, the "**Corcoran City Interconnection Agreement**"), which governs the terms and conditions under which the Corcoran City generating facility interconnects and operates with the Utility's transmission system (collectively with the Maricopa Interconnection Agreement, the "**Interconnection Agreements**").[2]

4.     The Debtors identified the Corcoran City Interconnection Agreement on the

---

[2] The Utility is also party to prepetition agreements with additional affiliates of Dominion, including: (i) that certain Small Generator Interconnection Agreement, by and between the Utility, RE Adams East LLC, and CAISO, dated as of March 6, 2013 (as amended, supplemented or otherwise modified from time to time, the "**Adams East Interconnection Agreement**"); (ii) that certain Small Generator Interconnection Agreement by and between the Utility, RE Kent South LLC, and CAISO, dated as of August 2, 2013 (as amended, supplemented or otherwise modified from time to time, including by that certain First Amendment dated as of January 9, 2015, the "**Kent South Interconnection Agreement**"); (iii) that certain Small Generator Interconnection Agreement by and between the Utility, RE Old River One, LLC, and CAISO, dated as of July 19, 2013 (as amended, supplemented or otherwise modified from time to time, the "**Old River Interconnection Agreement**" and collectively with the Adams East Interconnection Agreement and the Kent South Interconnection Agreement, the "**Additional Interconnection Agreements**"). The Additional Interconnection Agreements were not included on the Schedule of Assumed Contracts, nor were they listed on the Schedule of Rejected Contracts. However, because (i) the Additional Interconnection Agreements will be deemed assumed pursuant to Section 8.1 of the Plan regardless of their exclusion from the Schedule of Assumed Contracts, and (ii) there are no amounts currently outstanding under the Additional Interconnection Agreements, Dominion does not object to the treatment of Additional Interconnection Agreements. The Utility is also party to certain other interconnection and power purchase agreements with Dominion that are properly identified on the Schedule of Assumed Contracts. Dominion reserves the right to object in the event additional amounts become due under the Additional Interconnection Agreements or any other scheduled Dominion executory contracts prior to assumption.

Schedule of Assumed Contracts with a cure amount of $0.00. Per Dominion's books and records, the current amount outstanding under the Corcoran City Interconnection Agreement is $35,017.00 (the "**Corcoran City Cure Amount**").

5. The Maricopa Interconnection Agreement was not included on the Schedule of Assumed Contracts nor was it included on the Schedule of Rejected Contracts. Pursuant to the Section 8.1 of the Plan, any executory contract that is not included on the Schedule of Rejected Contracts, or has not been previously assumed or rejected, has not previously expired or terminated, or is not the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date is deemed to be assumed. As such, Dominion understands that the Maricopa Interconnection Agreement constitutes an assumed contract and any default thereunder must be cured. Per Dominion's books and records, the amount outstanding under the Maricopa Interconnection Agreement is $145,110.00 (the "**Maricopa Cure Amount**" and together with the Corcoran City Cure Amount, the "**Interconnection Agreement Cure Amounts**").

## LIMITED OBJECTION

6. For the Debtors to assume and assign any executory contract or unexpired lease, the Debtors must cure any amounts outstanding thereunder pursuant to section 365 of the Bankruptcy Code and provide adequate assurance of future performance. See 11 U.S.C. § 365(b)(1).

7. To the extent the Debtors cure the Interconnection Agreement Cure Amounts owing under the Corcoran City Interconnection Agreement and the Maricopa Interconnection Agreements, Dominion has no objection to the Debtors' assumption and assignment of the Interconnection Agreements. However, Dominion files this limited objection to ensure that it receives cure of Interconnection Agreement Cure Amounts under the Interconnection Agreements.

## RESERVATION OF RIGHTS

8. Dominion reserves the right to modify, supplement and/or amend this limited objection as further information becomes available, including as to any additional amounts that

may become due prior to the assumption date. Dominion reserves and retains all rights to assert other claims that may be identified under the Dominion Agreements. Dominion further reserves its right to object to the assumption of any additional contract(s) between Dominion and the Debtors which were included on the Schedule of Assumed Contracts.

## CONCLUSION

**WHEREFORE**, Dominion requests that the Court enter an order consistent with this limited objection and grant Dominion such further relief as the Court deems appropriate.

Dated: May 14, 2020

**MCGUIREWOODS LLP**

By: /s/ *Todd J. Dressel*
Todd J. Dressel
*Counsel to Dominion Energy, Inc. and Certain Affiliates*