Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Southern California Edison Company*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION AND RESERVATION OF RIGHTS OF SOUTHERN CALIFORNIA EDISON COMPANY TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS**

Southern California Edison Company ("SCE"), hereby asserts its objection and reservation of rights (the "Objection") to the Debtors' *Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

*Reorganization and (II) Proposed Cure Amounts* (the "Assumption Notice") and sets forth the following:

**Procedural Facts**

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On March 16, 2020, the Debtors' filed the *Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16,* 2020 [Docket No. 6320] (the "Plan").

**The Assumption Notice**

4. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their (i) *Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts* (the "Assumption Schedule").

5. According to a certificate of service filed May 6, 2020 [Docket No. 7085], on May 1, 2020, the Debtors' claims processing agent, Prime Clerk, purportedly served SCE with the Assumption Notice together with an excerpt from the Assumption Schedule listing the SCE contracts to be assumed by the Debtors. The Assumption Notice provides a deadline of May 15, 2020 for objecting to the proposed cure amounts listed in the Assumption Schedule.

6. The Assumption Schedule lists a total of 18 contracts with SCE (2 on page 1406 of 1778 and 16 on pages 1416 to 1418 of 1778 of the Assumption Schedule). However, because the descriptions of the listed contracts are not specific and the Contract ID numbers listed in the Assumption Schedule do not reflect contract numbers used by SCE, it is not clear what contracts the Debtors have listed for assumption.

7.  One of the SCE contracts in the Assumption Schedule, described as an Electric Agreement with no date, lists a cure amount of $65,266.00. Another listed SCE contract, described as Purchase Order #2700096414 dated 4/18/2018, lists a cure amount of $14,302.28. Each of the other SCE contracts in the Assumption Schedule lists a $0 cure amount.

### SCE's Contracts With the Debtors

8.  SCE has a number of contracts with the Debtors. However, due to the limited descriptions provided, it is unclear which contracts the Debtors are attempting to assume through the Assumption Schedule.

9.  SCE is currently owed at least the following amounts under its various contracts with the Debtors, but it is unclear which contracts listed in the Assumption Schedule these balances correspond to:

   A.  $8,119 – Joint Pole Rental

   B.  $992,765 – Energy Efficiency Programs

   C.  $391,000 – Energy Trading

10. SCE filed proof of claim number 9515 in the amount of $1,084.95 in these bankruptcy proceedings for prepetition fees owing under a license agreement with the Debtors, Contract No. 9000000001710. It is unclear whether this license agreement corresponds with any of the SCE contracts listed in the Assumption Schedule.

11. SCE also filed proof of claim number 76179 in these bankruptcy proceedings in the total amount of $140,623.01, relating to prepetition non-energy charges incurred by the Debtors under multiple agreements with the Debtors, as further described in Exhibit 1 hereto. It appears that the Purchase Order listed on page 1417 of 1778 of the Assumption Schedule with a $14,302.28 cure amount relates to a Co-Funding Agreement for a 2018 Low-Income Needs Assessment that was included in claim number 76179 (corresponding to the $6,729.68 and $7,572.60 charges for August and December

2018, respectively). SCE is still investigating these contracts and whether there are any additional prepetition or post-petition charges outstanding thereunder.

12. As reflected in Exhibit 1 hereto and claim number 76179, it appears that a prepetition cure amount of at least $4,047.27 is due and owing under the contracts listed on page 1417 of 1778 of the Assumption Schedule as "AGREEMENT – XXDC000003" and "AGREEMENT – XXDC000058", but SCE is still investigating these agreements and whether there are any additional prepetition or post-petition charges outstanding thereunder.

13. It is unclear whether the Debtors have attempted to list on the Assumption Schedule any of the other agreements reflected on Exhibit 1 hereto, but if so the Debtors must pay the corresponding prepetition balances listed on Exhibit 1, plus any other open post-petition balances, as cure amounts in order to assume those contracts.

14. It is also unclear what SCE contract or contracts the "Electric Agreement" listed on page 1417 of 1778 of the Assumption Schedule with a $65,266.00 cure amount relates to, but SCE continues to investigate these amounts.

15. SCE is continuing to investigate the various contracts listed in the Assumption Schedule and reserves its rights to assert additional cure amounts once it is able to reconcile with the Debtors what contracts they are attempting to assume and the outstanding balances associated therewith.

## DISCUSSION

16. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

17. It is unclear from the Debtors' listing of contracts in the Assumption Schedule which contracts they are attempting to assume.

18. Accordingly, the Debtors should be required to clarify which SCE contracts they are seeking to assume through the Assumption Notice and Assumption Schedule and, in addition, should be required to provide SCE or SCE's counsel with copies of, or other identifying information for each contract they are seeking to assume. Further, SCE should be given sufficient time after receiving such information to investigate the same, determine the amounts owing thereunder, and file any further objections it may then have to the Assumption Schedule and Assumption Notice.

19. SCE hereby reserves all rights to object to the Assumption Schedule and the cure amounts listed therein once the Debtors have clarified the contracts they are seeking to assume pursuant thereto.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) requiring the Debtors to properly and adequately identify each of the SCE contracts they are seeking to assume in the Assumption Schedule, (2) allowing SCE, after such proper identification, a reasonable period of time to investigate and assert any applicable objections to the Assumption Schedule and Assumption Notice with respect to the identified contracts, (3) requiring, as a condition to the Debtors' assumption or assignment of any of SCE's contracts, that the Debtors pay all unpaid prepetition and post-petition amounts accrued thereunder through the effective date of assumption, and (4) granting such other and further relief that the Court deems just and appropriate.

| | | | |
|---|---|---|---|
| DATED: | May 14, 2020 | | Respectfully submitted, |

ST. JAMES LAW, P.C.

By:   /s/  *Michael St. James*  .
Michael St. James, CSB No. 95653
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Southern California Edison Company*

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, a true and correct copy of the foregoing *Objection and Reservation of Rights of Southern California Edison Company to Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* was served via the Court's CM/ECF electronic notification system on all parties requesting same, including the parties listed below.

Stephen Karotkin
Jessica Liou
Matthew Goren
Tom Schinckel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Stephen.karotkin@weil.com
Jessica.liou@weil.com
Matthew.goren@weil.com
Tom.shinckel@weil.com
*Attorneys for Debtors*

Tobias S. Keller
Jane Kim
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, California 94108
tkeller@kbkllp.com
jkim@kbkllc.com
*Attorneys for Debtors*

Bruce S. Bennett
Joshua M. Mester
James O. Johnston
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071-2300
bbennett@jonesday.com
jmester@jonesday.com
jjohnston@jonesday.com
*Attorneys for Shareholder Proponents*

                                        /s/ *Michael St. James*
                                        Michael St. James

# EXHIBIT 1

## Proof of Claim Attachment

Filed by: Southern California Edison Company
Claim: Non-Energy Claim

| Program Name | PO No. | Amount |
|---|---|---|
| 2015 Statewide Study; 2015 Statewide Study Base Interruptible Program Load Impact | 2501338027 | $130.00 |
| Emerging Technologies Coordinating Council (ETCC) Reimbursement Agreement; Statewide Emerging Technologies Program Implementation Plan, YINSIGHT INC., Mar. 2018 – Jan. 28, 2019 *ETCC Agreement and Receipts will be provided to the Debtors upon request. | 2700235339 | $51,940.03 |
| ETP TDS 4500794125 CWA6 *Co-Funding Agreement will be provided to the Debtors upon request. | 270075850 | $5,900.52 |
| EM&V – HVAC Contractor and Technician Behavior Phase II Study | 2501045986 | $14,643.91 |
| Low Income Needs Assessment 2018 – August 2018 *Co-Funding Agreement will be provided to the Debtors upon request. | 2700096414 | $6,729.68 |
| Low Income Needs Assessment 2018 – December 2018 *Co-Funding Agreement will be provided to the Debtors upon request. | 2700096414 | $7,572.60 |
| Market Based Incentive MBI Non Res Programs Study 4500929265 *Co-Funding Agreement and Receipts will be provided to the Debtors upon request. | 2700040805 | $22,779.92 |
| JP489822 Renter #0431-XXDC-00-0003; JP497426 Renter #0431-XXDC-00-0058 | Agreement Nos.: JP489822 & JP497426 | $4,047.27 |
| Transportation Electrification Projects; Transportation Electrification Priority Review Projects 3rd Party Evaluation – Energetics – Jan 28, 2019 | 3026937 | $26,879.08 |
| Total Non-Energy Claim: | | $140,623.01 |