Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Southern California Gas Company*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Debtors. | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>Jointly Administered |

**OBJECTION AND RESERVATION OF RIGHTS OF SOUTHERN CALIFORNIA GAS COMPANY TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS**

Southern California Gas Company ("SoCalGas"), hereby asserts its objection and reservation of rights (the "Objection") to the Debtors' *Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

*Reorganization and (II) Proposed Cure Amounts* (the "Assumption Notice") and sets forth the following:

**Procedural Facts**

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On March 16, 2020, the Debtors' filed the *Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16,* 2020 [Docket No. 6320] (the "Plan").

**The Assumption Notice**

4. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their (i) *Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts* (the "Assumption Schedule").

5. According to a certificate of service filed May 6, 2020 [Docket No. 7085], on May 1, 2020, the Debtors' claims processing agent, Prime Clerk, purportedly served SoCalGas with the Assumption Notice together with an excerpt from the Assumption Schedule listing the SoCalGas contracts to be assumed by the Debtors. The Assumption Notice provides a deadline of May 15, 2020 for objecting to the proposed cure amounts listed in the Assumption Schedule.

6. The Assumption Schedule lists a total of 37 contracts with SoCalGas (5 on page 1406 of 1778 and 32 on pages 1418-1424 of 1778). However, because the descriptions of the listed contracts are not specific and the Contract ID numbers listed in the Assumption Schedule do not reflect contract numbers used by SoCalGas, it is not clear what contracts the Debtors have listed for assumption.

1

7. One of the SoCalGas contracts in the Assumption Schedule, described as a "GAS AGREEMENT" with no date, lists a cure amount of $4,643. Each of the other SoCalGas contracts in the Assumption Schedule lists a $0 cure amount.

**SoCalGas' Contracts With the Debtors**

8. SoCalGas has a number of contracts with the Debtors. However, due to the limited descriptions provided, it is unclear which contracts the Debtors are attempting to assume through the Assumption Schedule.

9. SoCalGas filed the following claims in the Debtors' bankruptcy proceedings:

A. Claim #10635 – $87,818.05 – relating to Invoice No. 91102839 issued under that certain Co-Funding Agreement for Multi-Family Boiler Market Assessment Study by and among San Diego Gas & Electric Company, Southern California Gas Company, and Pacific Gas and Electric Company, effective as of October 1, 2017

B. Claim #64153 (has been paid) – $24,745.23 – relating to PG&E's cost share of 3C-REN program costs as authorized by CPUC

C. Claim #16617 – $49,060.46 – relating to Invoice No. 91105946 issued under that certain Co-Funding Agreement for Energy Efficiency Pilots ME&O By and Among Southern California Edison Company, San Diego Gas & Electric Company, SoCalGas, and Pacific Gas and Electric Company, effective as of September 1, 2017

D. Claim #16619 – $2,641.75 – relating to damage to property

E. Claim #16620 (has been paid) – $17,031.95 – relating to Invoice Nos. 91103520 and 91104061 issued under that certain Co-Funding Agreement for the Energy Savings Assistance (ESA) Impact Evaluation Study by and among Southern California Edison Company, San Diego Gas & Electric Company, SoCalGas, and Pacific Gas and Electric Company, effective as of January 5, 2017

F. Claim #16628 – $1,146.76 – relating to damage to property

10. Claim #64153 described above appears to relate to the 3C-REN AGREEMENT (CO-FUND) listed on page 1418 of 1778 of the Assumption Schedule. Although this prepetition claim has been paid, SoCalGas continues to investigate whether there are any additional pre- or post-petition balances owing under this agreement.

11. It is unclear whether any of the other agreements that are the subject of the foregoing claims correspond with any of the SoCalGas contracts the Debtors have attempted to list in the Assumption Schedule, but if the Debtors wish to assume those contracts or any of SoCalGas' other contracts with the Debtors, they must pay all outstanding prepetition and post-petition balances thereunder, including but not limited to the balances set forth in the foregoing claims.

12. It is also unclear what SoCalGas contract or contracts the "GAS AGREEMENT" listed on page 1418 of 1778 of the Assumption Schedule with a $4,643 cure amount relates to, but SoCalGas continues to investigate these amounts.

13. SoCalGas is continuing to investigate the various contracts listed in the Assumption Schedule and reserves its rights to assert additional cure amounts once it is able to reconcile with the Debtors what contracts they are attempting to assume and the outstanding balances associated therewith.

## **DISCUSSION**

14. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

15. It is unclear from the Debtors' listing of contracts in the Assumption Schedule which contracts they are attempting to assume.

16. Accordingly, the Debtors should be required to clarify which SoCalGas contracts they are seeking to assume through the Assumption Notice and Assumption Schedule and, in addition, should be required to provide SoCalGas or SoCalGas' counsel with copies of, or other identifying information for each contract they are seeking to assume. Further, SoCalGas should be given sufficient time after receiving such information to investigate the same, determine the amounts owing thereunder, and file any further objections it may then have to the Assumption Schedule and Assumption Notice.

17. SoCalGas hereby reserves all rights to object to the Assumption Schedule and the cure amounts listed therein once the Debtors have clarified the contracts they are seeking to assume pursuant thereto.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) requiring the Debtors to properly and adequately identify each of the SoCalGas contracts they are seeking to assume in the Assumption Schedule, (2) allowing SoCalGas, after such proper identification, a reasonable period of time to investigate and assert any applicable objections to the Assumption Schedule and Assumption Notice with respect to the identified contracts, (3) requiring, as a condition to the Debtors' assumption or assignment of any of SoCalGas' contracts, that the Debtors pay all unpaid prepetition and post-petition amounts accrued thereunder through the effective date of assumption, and (4) granting such other and further relief that the Court deems just and appropriate.

DATED: May 14, 2020        Respectfully submitted,

ST. JAMES LAW, P.C.


By:   /s/  *Michael St. James*   .
Michael St. James, CSB No. 95653
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

and

Russell R. Johnson III, Esq.
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com

*Co-Counsel for Southern California Gas Company*

# CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, a true and correct copy of the foregoing *Objection and Reservation of Rights of Southern California Gas Company to Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* was served via the Court's CM/ECF electronic notification system on all parties requesting same, including the parties listed below.

Stephen Karotkin
Jessica Liou
Matthew Goren
Tom Schinckel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Stephen.karotkin@weil.com
Jessica.liou@weil.com
Matthew.goren@weil.com
Tom.shinckel@weil.com
*Attorneys for Debtors*

Tobias S. Keller
Jane Kim
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, California 94108
tkeller@kbkllp.com
jkim@kbkllc.com
*Attorneys for Debtors*

Bruce S. Bennett
Joshua M. Mester
James O. Johnston
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071-2300
bbennett@jonesday.com
jmester@jonesday.com
jjohnston@jonesday.com
*Attorneys for Shareholder Proponents*

        /s/ *Michael St. James*
        Michael St. James