MORGAN, LEWIS & BOCKIUS LLP
William D. Kissinger (SBN 135276)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:     +1.415.442.1480
Fax:    +1.415.442.1001
william.kissinger@morganlewis.com

-and-

MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin (SBN 70769)
300 South Grand Ave.
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501
richard.esterkin@morganlewis.com

*Attorneys for Henrietta D Energy Storage LLC*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| **In re** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| **-and-** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **HENRIETTA D ENERGY STORAGE LLC'S OBJECTION TO ASSUMPTION OF ENERGY STORAGE AGREEMENT** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | Hearing Date: May 27, 2020 |
| ☒ Affects Pacific Gas and Electric Company | Time: 10:00 a.m. (PST) |
| ☐ Affects both Debtors | Courtroom: Hon. Dennis Montali |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | 450 Golden Gate Avenue<br>16th Floor, Courtroom 17<br>San Francisco, CA 94102 |

Henrietta D Energy Storage, LLC ("**Henrietta**"), hereby objects to the assumption of its Energy Storage Agreement with Pacific Gas and Electric Company (the "**Utility**") and, in support thereof, states as follows:

1. On November 4, 2015, Henrietta and the Utility entered into an Energy Storage Agreement (the "**ESA**") pursuant to which Henrietta agreed to construct a 10 megawatt battery storage facility for the Utility.

2. On October 21, 2019, Henrietta filed a proof of claim (Claim No. 79,294) in the sum of $1,156,904.00 for sums that Henrietta contends to be due to it under the ESA. The Utility disputes that any monies are due to Henrietta under the ESA and contends that Henrietta's proof of claim should be disallowed.

3. On November 22, 2019, Henrietta filed a motion seeking an order modifying the automatic stay so as to permit Henrietta to terminate the ESA and for Henrietta and the Utility to utilize the dispute resolution procedures prescribed in the ESA to resolve their dispute regarding the sums that Henrietta contends to be due to it (Docket No. 4850).

4. On January 10, 2020, pursuant a stipulation entered into by Henrietta and the Utility, this Court entered an order granting Henrietta's motion (Docket No. 5349). Among other things, that order modified the automatic stay "a. To permit Henrietta to serve upon the Utility a notice of termination of the ESA; and b. To require the Parties resolve their dispute in accordance with the dispute resolution process articulated in Article 22 of the ESA."

5. On January 23, 2020, Henrietta notified the Utility that it was terminating the ESA. Although the Parties have commenced the dispute resolution process articulated in Article 22 of the ESA, as of the date of this objection, the Parties have not resolved their dispute or completed that dispute resolution process.

6. On March 16, 2020, the Utility filed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] (the "**Plan**").

7. Under Article 8.1(a) of the Plan, upon the Plan becoming effective and payment of any applicable Cure Amount (as defined in the Plan), certain executory contracts are deemed to be assumed. Under Article 8.2(e) of the Plan, any proofs of Claim filed with respect to an executory contract that has been assumed is deemed to be disallowed and expunged.

8. On May 1, 2020, the Utility filed the Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization

Dated March 16, 2020 (Docket No. 7037) (the "**Plan Supplement**"). The Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "**Assumption Notice**") attached to the Plan Supplement as Exhibit B provides that the Utility is assuming the ESA with a $0.00 cure amount. *See*, Plan Supplement at pg. 822 of 2063 (Assumption Notice at page 802 of 1778).

9. Henrietta objects to the assumption of the ESA upon the following grounds:

(a) The ESA is not an executory contract as it has been terminated pursuant to Henrietta's January 23, 2020 notice to the Utility; and

(b) The Utility is indebted to Henrietta in the principal sum of at least $1,156,904.00 as set forth in Henrietta's proof of claim.

10. Subsequent to Henrietta's receipt of the Assumption Notice, Henrietta and the Utility have engaged in discussions regarding the Assumption Notice and the treatment of the ESA under the Plan and, in order to resolve this objection, have agreed to language to be inserted in any order confirming the Plan that the Court may enter. As a result, Henrietta is filing this objection to preserve its rights in the event that the Court declines to include the agreed upon language in its confirmation order or the Court declines to confirm the Plan (as it now exists or as it may hereinafter be amended).

Dated: May 14, 2020                  **MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Richard W. Esterkin*
William D. Kissinger (SBN 135276)
Richard W. Esterkin (SBN 70769)

*Attorneys for Henrietta D Energy Storage LLC*