| | |
|---|---|
| 1 | Eric & Julie Carlson (*in pro per*) |
| 2 | *Individual Fire Victims* |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Jointly Administered)<br><br>**JOINDER TO THE OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES AND COMCAST TO TRUST DOCUMENTS AND LIMITED OBJECTION TO CONFIRMATION**<br>Related Dkt Nos. 7072<br><br>Hearing: May 15, 2020 at 10:00 a.m. |

We are victims of the 2017 Tubbs Fire. Although the deadline to object to PG&E's plan is not until 4pm on May 15th, it came to our attention that certain issues we feel are critical are going to be heard before the objection deadline because they were raised in the business claim objections.

The issues we are concerned about are narrow and are consistent with the goal of quick review and determination of fire claims and transparency. We believe vital changes can be made to the Fire Victim Trust Agreement without derailing the case.

1

We therefore join in the Business Claim Objection only to the extent of and for the following limited purposes:

1. **Material changes to the trust and claim procedures after confirmation must be noticed and subject to challenge in court.**

    Victims voted based on the claim procedures and trust documents that were filed with this court. Allowing modifications WITHOUT ANY NOTICE at all is an impermissible plan modification.

    Under Sections 8.3 and 2.2(f) of the Trust Agreement, the Trust Agreement and the CRP may be amended, supplemented and modified with the consent by vote of a simple majority of the Trust Oversight Committee ("TOC") subject to notice and quorum requirements of the Trust Agreement. Under those requirements, such changes could be approved by as few as three members of the TOC. There is no limitation on the scope or character of such changes. There is no provision mandating any review, approval, or even disclosure of such changes to the fire claimants or the court. Victims are voting based on the Trust Agreement and CRP filed with this court. Allowing modifications without limit, notice or disclosure is an impermissible plan modification.

    *We join the Business Claim Objection, Paragraph 49, is requesting a modification of the first sentence of Section 8.3 of the Trust Agreement to read as follows, "Any modification or amendment made pursuant to this Section 8.3 must be done in writing and, in the case of material modifications or amendments, shall be subject to the approval of the Bankruptcy Court after notice and hearing."*

2. **No trustee override on Neutrals appeal decisions**.

    If the court is inclined to substitute judicial review of claims allowance for the quasi-judicial review by "Neutrals" as set out in the revised claims procedures, then the trust must

accept the decision of the neutral assigned to hear claims appeals.  As it stands now, the trustee can completely ignore what the appeal officer decides.

While Section VIII of the CRP spells out a process by which a fire claimant may contest a Claims Determination and Reconsideration Determination with a Neutral, the Trustee may accept, reject, or revise the Appeals Determination at his or her discretion, and the resulting Trustee Determination shall be "final, binding, and non-appealable and is not subject to review by any Court, including right to trial by jury." It makes no sense to have a process by which the Trustee's initial decision may be appealed if the Trustee may disregard the determinations of such appeal.

*Either the Appeals Determination by a Neutral should be deemed final and binding, or any decision by the Trustee to reject or materially change any Appeals Determination should be subject to judicial review.*

3. **Trust Oversight Committee members should be disclosed and victims should be able to object at confirmation.**

As the court is well aware fire claimants were blindsided by the conflicts of interest controversy surrounding a law firm purporting to represent more than 16,000 fire claimants. These revelations undoubtedly affected the victim's level of trust for all the fire claimants' attorneys and the bankruptcy process itself. Now fire claimants are being asked to trust, again blindly, that the Tort Claims Committee and the CFCP will appoint TOC members who are fair, unbiased, qualified, competent, committed, and not subject to conflicts of interest. Those TOC members are likely to come from the same group of attorneys that is making the appointments. The members of the TOC must be disclosed to fire claimants and vetted for conflicts by the court.  This information was not in the plan supplement although it was required.

*The members of the trust oversight committee must be disclosed and vetted for conflicts and victims must have an opportunity to object.  This information was not in the plan supplement although it was required.*

We therefore request that the Court order the Debtors to make these simple amends to the Fire Victim Trust Agreement as described above. These changes only strengthen the Fire Victim Trust and do not harm anyone's position nor do they need to slow down the case.

Respectfully,

Dated: May 14, 2020

Eric & Julie Carlson

*Individual Fire Victims*

Footnote:

I raised these issues at the disclosure statement hearing both informally and formally and was told by the lawyers to the TCC that these are confirmation issues, yet I received no return call from my last messages to the tort committee lawyers, accordingly I had to raise these issues with your honor.