Mark E. McKane, P.C. (SBN 230552)
Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
T: (415) 439-1400 / F: (415) 439-1500
mark.mckane@kirkland.com
michael.esser@kirkland.com

David R. Seligman, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
T: (312) 862-2000 / F: (312) 862-2200
dseligman@kirkland.com

Aparna Yenamandra (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800 / F: (212) 446-4900
aparna.yenamandra@kirkland.com

*Counsel for Calpine Corporation, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E Corporation, Pacific Gas & Electric Company,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*  All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Chapter 11<br><br>Case No. 19-30088 (DM)<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**LIMITED CURE OBJECTION OF CALPINE AND ITS SUBSIDIARIES TO THE DEBTORS' PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE DEBTORS' AND SHAREHOLDERS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020** |

Calpine Corporation, on behalf of itself and its subsidiaries, including without limitation, Russell City Energy Company, LLC, Los Esteros Critical Energy Facility, LLC, Geysers Power Company, LLC, Gilroy Energy Center, LLC, Creed Energy Center, LLC, and Goose Haven Energy Center, LLC (collectively, "Calpine"), by and through counsel, hereby files this limited cure objection (this "Cure Objection") to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (the "Plan").[1]

**Background**

1. On January 29, 2019 (the "Petition Date"), PG&E Corporation ("PG&E Corp.") and Pacific Gas & Electric Company ("Utility" and together with PG&E Corp., "PG&E" or the "Debtors") commenced the above-captioned cases (collectively, the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Court"). The Cases have been procedurally consolidated for administrative purposes only, and the Debtors have continued in the possession of their assets and in the management of their businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Calpine and the Debtors are party to over 100 contracts, including, without limitation, natural gas service agreements, generator interconnection agreements, special facilities agreements, easements, product and services agreements, and power purchase agreements (including all amendments, attachments, exhibits, schedules, pricing schedules, supplements, statements of work, annexes, subordinate agreements, and modifications thereto, the "Agreements"). Calpine and the Debtors have continued to perform under these Agreements in the ordinary course of business following the Petition Date.

3. While the Debtors filed a Schedule of Executory Contracts and Unexpired leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts [Docket No. 7037], which appears to list certain of the Agreements, the schedule identifies contracts in a manner that makes it challenging to reconcile which of the Agreements the Debtors have actually identified.[2] Calpine continues to work with the Debtors regarding a resolution of these matters, however, at the time of this filing a resolution has not

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Debtors' Plan.
[2] For example, overwhelmingly the Debtors' schedule does not list the actual title of the contract. In addition, the schedule appears to be missing dozens of contracts between Calpine and the Debtors.

yet been reached. Thus, out of an abundance of caution, Calpine files this Cure Objection as it continues to work with the Debtors toward a consensual resolution of the issues identified herein.

**Objection**

4. Calpine supports the Debtors' contemplated assumption of all of the Agreements, including all power purchase agreements as set forth in Article 8.1(b) of the Plan, but objects to the terms and process of the Debtors' assumption under the Plan.

5. To assume an executory contract or unexpired lease, section 365(b)(1) of the Bankruptcy Code requires the Debtors to cure all defaults thereunder.[3] Moreover, for the Plan to be confirmed, section 1129(a)(1) of the Bankruptcy Code requires the Plan to comply with all provisions of the Bankruptcy Code.[4] The Plan does not currently do so.

6. *First*, the Plan provides that the Debtors' assumption of any executory contract or unexpired lease "shall result in the full release and satisfaction of any Claims and Causes of Action against any debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the Debtors assume . . . such executory contract or unexpired lease, whether monetary or nonmonetary."[5] As written, the Plan has the potential effect of limiting or discharging the Debtors' continuing obligations under the Agreements. While the Bankruptcy Code requires that ***monetary*** "defaults" be cured as a condition to assumption, it does not strip the counterparty of any rights and claims pursuant to the assumed contract.[6] As such, the Plan, as written, improperly contemplates discharging nonmonetary Claims, such as continuing obligations under the Agreements (including, but not limited to, any ongoing indemnification obligations) or contractual interpretation disputes, through the assumption of executory contracts, in violation of the Bankruptcy Code.[7]

---

[3] 11 U.S.C. § 365(b)(1) (requiring the Debtors to (i) cure or provide adequate assurance of a prompt cure of any defaults and (ii) provide adequate assurance of future performance under the contracts to be assumed).

[4] 11 U.S.C. § 1129(a)(1).

[5] *Id.* at Art. 8.2(e).

[6] 11 U.S.C. § 365(b)(1).

[7] Even if certain obligations under the assumed executory contract may not yet be required and thus no default existed at the time of assumption, such ongoing obligations must be preserved to the extent facts giving rise to such obligations arise prior to the Effective Date. *See NCL Corp. v. Lone Star Building Centers (Eastern), Inc.*, 144 B.R. 170, 178-80 (S.D. Fla. 1992) ("when the bankruptcy court approves an assumption it necessarily finds that no uncured defaults exist" and not that all future nonmonetary defaults arising from ongoing obligations are discharged); *see also In re Gardinier, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987) (recognizing that under section 365(a) of the Bankruptcy Code, a debtor must assume both the benefits and the burdens of an executory contract); *N.L.R.B. v. Bildisco*, 465 U.S. 513, 531-32 (1984) (holding that a debtor must assume a contract *cum onere* with all its benefits and burdens); *In re Pac. Exp., Inc.*, 780 F.2d 1482, 1488 (9th

7.      ***Second***, pursuant to the Plan, "[a]ny proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed . . . shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court."[8] Calpine has filed proofs of Claims with regard to unpaid amounts due under the Agreements, but also with respect to certain non-monetary disputes. The Plan improperly contemplates the disallowance or expungement of Calpine's proofs of Claim merely because they include unpaid amounts that may be subject to cure, in violation of the Bankruptcy Code provisions and Bankruptcy Rules governing the allowance of proofs of claim.[9] The Plan must be amended to clarify that is not the case. And to the extent that Calpine's proofs of Claim assert cure Claims, then the cure of those Claims upon assumptions of the Agreements will satisfy such Claims, but there is no need for a potentially prejudicial expungement process to be incorporated in the Plan before the resolution of cure matters associated with assumed contracts.

8.      ***Third***, the Plan provides that "[a]s of and subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases [including all power purchase agreements] of the Reorganized Debtors shall be deemed assumed . . ."[10] While the Plan contemplates assumption of the Agreements on the Effective Date, the Plan defines the "Effective Date" as the "Business Day on or after the Confirmation Date selected by the Debtors" subject to a number of conditions precedent.[11] As the Effective Date is indefinite, it is impossible to determine the applicable Cure Amount. While Calpine appreciates that the Effective Date is difficult to determine at present given the current facts and circumstances, the Plan must provide some mechanism to ensure that Cure Amounts are determined as of or near the Effective Date so that the parties can negotiate the Cure Amount precisely and not in the abstract.

## Conclusion

9.      For the foregoing reasons, Calpine respectfully requests that this Court condition the Debtors' assumption of all executory contracts and unexpired leases including, for the avoidance of

---

Cir. 1986) (a debtor cannot assume beneficial portions of an executory contract while rejecting its onerous provisions); *In re Holland Enters., Inc.*, 25 B.R. 301, 303 (E.D.N.C. 1982) (debtor cannot assume one provision and reject future obligations of another provision).

[8] Plan, Art. 8.2(e).
[9] *See, e.g.*, 11 U.S.C. §§ 501-503; Fed R. Bankr. P. 3003-3008.
[10] Plan, Arts. 8.1(a) & (b).
[11] *Id.* at Arts. 1.59 & 9.2.

doubt, the Agreements, upon: (i) payment of all amounts due under such executory contracts and unexpired leases to the counterparty and preservation of any non-monetary Claims to be resolved in the ordinary course; (ii) the identification of an Effective Date such that counterparties can determine the applicable Cure Amount; (iii) the non-discharge of the Debtors' continuing obligations under the Agreements, including, but not limited to, any ongoing indemnification obligations through the assumption of any executory contract; and (iv) the non-disallowance and non-expungement of proofs of Claim merely because they include unpaid amounts that may be subject to cure.

## **Reservation of Rights**

10. Calpine submits this Cure Objection without prejudice to, and with full reservation of, its rights to supplement this Cure Objection in advance of or in connection with the Confirmation Hearing. Calpine reserves (and nothing herein is or shall be construed as a waiver or release, expressly or implicitly, of) all rights under the Bankruptcy Code or applicable non-bankruptcy law, including rights to object to any subsequent amendments to the Plan or any documents filed in connection therewith and seek any other or supplemental relief in respect of the Debtors. Calpine expressly reserves its rights to assert its proposed Cure Amount or dispute the Debtors' asserted Cure Amount prior to the Debtors' assumption of the Agreements, as Calpine continues to provide services to the Debtors and incur additional obligations subsequent to the filing of this Cure Objection. Calpine further reserves its right to amend, modify, and/or supplement this Cure Objection as it finalizes its review of the necessary Cure Amount under the Agreements. Nothing herein is, or shall be construed as, a waiver of any additional claim(s) that Calpine has against the Debtors, whether secured, administrative, priority, or unsecured.

11. For the avoidance of doubt, Calpine expressly preserves all rights related to its Administrative Expense Claims arising out of the Agreements including its position that the Cure Amount and any post-petition amounts due in the ordinary course of business under any of the Agreements are Allowed Administrative Expense Claims regardless of whether Calpine files a request for allowance and payment of Administrative Expense Claims. As of the filing date of this Cure Objection, Calpine's non-filing of any request for allowance and payment of Administrative Expense Claims shall not be deemed a release of any such Claims or a waiver of any of Calpine's rights, including the right to later file such request and raise any arguments related to such Claims.

| | | |
|---|---|---|
| 1 | DATED: May 15, 2020 | KIRKLAND & ELLIS LLP |

By:   */s/ Michael P. Esser*
    Mark E. McKane, P.C. (SBN 230552)
    Michael P. Esser (SBN 268634)
    KIRKLAND & ELLIS LLP
    555 California Street
    San Francisco, CA 94104
    T: (415) 439-1400 / F: (415) 439-1500
    mark.mckane@kirkland.com
    michael.esser@kirkland.com

    David R. Seligman, P.C. (admitted *pro hac vice*)
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, IL 60654
    T: (312) 862-2000 / F: (312) 862-2200
    dseligman@kirkland.com

    Aparna Yenamandra (admitted *pro hac vice*)
    KIRKLAND & ELLIS LLP
    601 Lexington Avenue
    New York, NY 10022
    T: (212) 446-4800 / F: (212) 446-4900
    aparna.yenamandra@kirkland.com

    *Counsel for Calpine Corporation, et al.*