Lawrence M. Schwab (Cal. Bar No. 85600)
Kenneth T. Law (Cal. Bar. No. 111779)
BIALSON, BERGEN & SCHWAB
A Professional Corporation
633 Menlo Avenue, Suite 100
Menlo Park, California 94025
Telephone: 650/857-9500
Facsimile: 650/494-2738
E-mail: klaw@bbslaw.com

Attorneys for Creditor Metricstream, Inc.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF METRICSTREAM, INC. TO PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS**<br><br>Related Docket Nos. 6320, 7073 |

Metricstream, Inc. ("**Metricstream**"), by and through its undersigned counsel, hereby files its objection and reservation of rights (the "**Assumption Objection**") to (A) the assumption of that certain executory contract (collectively, the "**Metricstream Contract**" as hereinafter identified) by and between Metricstream and certain of the above-captioned debtors (collectively, the "**Debtors**"), and (B) the amount of the monetary default the Debtors contend must be paid (the "**Cure Costs**") as a condition of approving the assumption of the

Metricstream Contract.[1]

Subject to entry of an order granting relief requested in this Assumption Objection, Metricstream does not object to assumption of the Metricstream Contract to the Debtor.

**RELIEF REQUESTED**

Metricstream seeks entry of an order (the "**Assumption Order**") protecting its rights and interests by including the following:

    A.    Findings of fact stating that: (1) the Metricstream Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; and (2) pursuant to the Metricstream Contract, the aggregate amount of **US$ 268,318.51** (collectively, the "**Metricstream Cure Amount**") is due and owing, but unpaid as of May 14, 2020.[2]

    B.    The requirement that, as a condition of approving the assumption of the Metricstream Contract, the Debtors shall pay not less than US$ 268,318.51 to cure the monetary defaults of the Metricstream Contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Metricstream Contract;

    C.    Approval of the Reservation of Rights (as set forth hereinafter); and

    D.    Grants such other relief as may be just and proper.

The Assumption Objection is based on the matters set forth herein, the *Declaration of Michael W. Strambi in Support of Limited Objection and Reservation Of Rights of Metricstream, Inc. to the Proposed Assumption Of Certain Executory Contracts And Cure Costs* (the "<u>Strambi Declaration</u>") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Metricstream requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to

---

[1] Capitalized terms used in this Assumption Objection, but which are not defined herein, shall have the meanings ascribed to them in the Strambi Declaration filed concurrently herewith.

[2] *See,* Metricstream Cure Amount Summary attached as Exhibit A to the Strambi Declaration at ¶15.

-2-

Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

1. Metricstream is a Delaware corporation and, among other activities, it provides on-demand governance, risk management and compliance management and software application services (collectively, the "**Services**") to Metricstream's business customers. (individually, a "**Customer**" and, collectively, "**Customers**"). *See* Strambi Declaration at ¶2.

2. Pacific Gas and Electric Company (one of the above-identified Debtors) entered into those certain Contract Work Authorizations (the **"CWAs"**)[3] whereby (a) Pacific Gas and Electric Company ordered Services from Metricstream and became obligated to pay the aggregate full contract amount for the Services, and Metricstream became obligated to provide the Services to the Debtors. *See* Strambi Declaration at ¶6.

3. The terms and conditions applicable to the Services that are subject to the CWAs are set forth in the *Master Software License Agreement No. 4400009962* dated August 3, 2015 by and between the Debtors and Metricstream*,* (the **"MSA"**, the MSA together with the CWAs constitute the "**Metricstream Contract**"). *See* Strambi Declaration at ¶7.

## BANKRUPTCY CASE

4. On January 29, 2019 (the "**Petition Date**"), each of the above-captioned Debtors (collectively, the "**Debtors**") filed their individual, voluntary petitions in the above-captioned Court (the "**Court**") seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. On February 7, 2020, the Debtors filed their Disclosure Statement[4] (the "**Disclosure Statement**") to their Proposed Plan[5] (the "**Proposed Plan**"). Pursuant to the

---

[3] The CWAs are listed on the "Cure Amount Summary" that is attached as Exhibit A to the Strambi Declaration., and incorporated by reference herein as if fully set forth.

[4] *See, [Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [ECF5700] (the "**Disclosure Statement**")

[5] *See, Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [ECF 5590] as revised on March 16, 2020 [ECF 6320] (the "**Proposed Plan**")

-3-
Case: 19-30088    Doc# 7216    Filed: 05/15/20    Entered: 05/15/20 10:47:41    Page 3 of 9

Proposed Plan at Article V111, Section 8.1(a):

> "As of, and subject to, the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts." (the "**Plan Assumption Provision").**

6. On February 19, 2020, the Debtors filed their motion seeking, among other things, approval of the Disclosure Statement and procedures for the solicitation and voting of the Proposed Plan and the assumption of certain executory contracts and unexpired leases (the "**Disclosure Statement Motion**").[6]

7. On March 17, 2020, the Court entered the Disclosure Statement Order[7] approving the Disclosure Statement and the solicitation and voting procedures (the "**Plan Procedures**") related to the Proposed Plan.

8. On May 1, 2020, pursuant to the Plan Procedures, the Debtors filed their Plan Supplement containing, *Exhibit A—Schedule of Executory Contracts and Unexpired Leases to be Rejected pursuant to the Plan* (the "**Rejection Notice**")[8] that identifies the executory contracts and unexpired leases that it may reject pursuant to the Proposed Plan. The Metricstream Contract was not listed on the Rejection Notice.

9. On May 1, 2020, pursuant to the Plan Procedures, the Debtors filed their Plan Supplement containing, *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount* (the "**Cure Notice**")[9] that

---

[6] *See*, Debtors' Motion for Entry of an Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "**Disclosure Statement Motion**") [ECF 5835].

[7] *See*, Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "**Disclosure Statement Order**") [ECF 6340].

[8] *See*, Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020 at *Exhibit A—Schedule of Executory Contracts and Unexpired Leases to be Rejected pursuant to the Plan* (the "**Rejection Notice**") [ECF 7073].

[9] *See*, Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020 at *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount at Page 1341-1342* (the "**Cure Notice**") [ECF 7073].

identifies the executory contracts and unexpired leases that it may assume pursuant to the Proposed Plan, and the monetary defaults (the "**Cure Amounts**") with respect to such contracts and leases that it contends must be cured as a condition of assuming a specific contract or lease. The Metricstream Contract was not listed on the Cure Notice.

10. Based on information and belief, I am informed that the Metricstream Contract may be deemed assumed per the Plan Assumption Provision.

CURE AMOUNT

11. Based on its books and records pertinent to the Debtors' account, Metricstream submits that the Debtors have failed to pay all Fees due and owing pursuant to the Metricstream Contract, and more specifically, as of this date, not less than **US$ 268,318.51** (the "**Metricstream Cure Amount**") is due and owing to Metricstream pursuant to the Metricstream Contract. *See* Strambi Declaration at ¶15.[10]

**GROUNDS FOR THE RELIEF REQUESTED**

**The Metricstream Contract Constitutes an Integrated Contract That Must Be Assumed in Its Entirety**

12. Pursuant to the U.S. Bankruptcy Code, a debtor-in-possession has the power, "with court approval, to assume or reject any executory contract or unexpired lease." *In re Giordano*, 446 B.R. 744, 748 (Bankr. E.D. Va. 2010); 11 U.S.C. §365(b)(1)(A). The threshold issue for the Court in determining whether to approve the assumption of an executory contract is simply to identify what constitutes the executory contract at issue.

13. As a practical matter, a commercial relationship often includes several agreements that, taken together, constitute an integrated relationship. The question, then, for purposes of contract assumption pursuant to 11 USC §365, is what constitutes the "executory contract" to be assumed. Where, as is the situation in the case before this Court, several agreements between the parties exist "it is well-settled that state law governs whether the agreements are separate or indivisible for purposes of §365." *In re New York Skyline, Inc.*, 432 B.R. 66, 77 (Bankr.

---

[10] *See,* Cure Amount Summary attached as Exhibit A to the Strambi Declaration at ¶13.

S.D.N.Y. 2010) (applying New York state law); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51, 55 (Bankr. S.D.N.Y. 2005) (applying Missouri state law); *accord, Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. 271, 274 (M.D. Pa. 1993); *Pirinate Consulting Corp, LLC v. C.R. Meyer & Sons, Co. (In re Newpage Corporation)*, 2017 WL 571478 (Bankr. Del., Feb. 13, 2017); In *re Buffets Holdings, Inc.,* 387 B.R. 115, 120 (Bankr. D. Del. 2008).

14. Here, the Metricstream Contract (by the terms of the MSA) provides that California law is the governing law of the Metricstream Contract.[11] "Under [California] Civil Code section 1642, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." *Fuentes v. TMCSF, Inc.*, 26 Cal. App. 5th 541, 548, 237 Cal. Rptr. 3d 256, 261 (Ct. App. 2018).

15. In determining whether a series of agreements constitute an integrated contract or separate contracts, the intention of the parties is the first and foremost factor considered by a court. *Fuentes v. TMCSF, Inc.*, 26 Cal. App. 5th at 548, 237 Cal. Rptr. 3d at 261 (Ct. App. 2018) *citing* (*Goodman v. Severin* (1969) 274 Cal.App.2d 885, 895, 79 Cal.Rptr. 555.) This determination is made by analyzing the plain language of the Master Agreement between the parties. *Id.; accord. Wash. Metro. Area Transit Auth. v. Potomac Inv. Props., Inc.*, 476 F.3d 231 (4th Cir. 2007) (a court is "to determine and effectuate the intent of the parties, and the primary source for identifying this intent is the language of the contract itself."); *In re Yow*, 590 B.R. 696, 705 (Bankr. E.D.N.C. 2018); Cf. *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 885 F.3d 271, 279 (4th Cir. 2018) (The focus is on determining "the intent and purpose of the parties at the time the agreement was made," not as Sky Angel mistakenly argues, what a reasonable person would have intended.)

16. Metricstream submits that the Parties' commercial relationship here is embodied

---

[11] Each of the CWAs constituting the Metricstream Contract expressly states that: "This Contract Work Authorization ("CWA") No. […] is issued under and pursuant to the Blanket Agreement or Master Service Agreement No. […] (formerly MSA 4400009962) dated 8/5/2015 (the "MSA") between the below-named Contractor ("Contractor"), a California Corporation and Pacific Gas and Electric Company ("PG&E"), a California corporation with its headquarters located at 77 Beale Street, San Francisco, California 94105. Contractor shall perform all Work under this CWA pursuant to and in accordance with the terms and conditions of the MSA" Due to confidentiality constraints imposed by the MSA, none of the Agreements constituting the Metricstream Contract have been filed at this time. However, copies of the agreements will be made available to the Debtor if requested. *See,* Strambi Declaration at ¶7.

Case: 19-30088    Doc# 7216    Filed: 05/15/20    Entered: 05/15/20 10:47:41    Page 6 of 9

in one single, integrated contract – that is, the Metricstream Contract -- which includes MSA and *all of the CWAs identified on Exhibit "A"* filed with the Court (as attached to the Strambi Declaration). Debtors' Cure Notice, in contrast, simply fails to identify the agreements that constitute the Metricstream Contract.[12]

17. Additionally, assuming that the Debtor intend to utilize the same Metricstream Services (as a result of the Sales(s)) that the Debtors have utilized until now, Metricstream submits that the entire Metricstream Contract must be assumed and assigned. Accordingly, Metricstream has requested that the Court enter an Assumption Order that includes findings of fact that (A) the Metricstream Contract is an integrated contract for purposes of assumption pursuant to 11 U.S.C. §365 and (B) the Metricstream Contract is assumed rather than executory contract as described in the Cure Notice.

## All Defaults Under an Assumed Contract Must Be Cured

18. Where (as in the case before the Court) the debtor has defaulted on an executory contract, the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

    (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . .

    (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. §365(b)(1)(A);

19. A debtor in possession is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *Stoltz v. Brattleboro*

---

[12] *See, Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020* at: (1) *Exhibit A—Schedule of Executory Contracts and Unexpired Leases to be Rejected pursuant to the Plan* (the "**Rejection Notice**") [ECF 7073]; and (2) *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount at Page 1341-1342* (the "**Cure Notice**") [ECF 7073].

*Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002) (These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor."); *In re Embers 86th Street, Inc.*, 184 Bankr. 892 (Bankr. S.D.N.Y. 1995). "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).

20. Here, the evidence submitted by Metricstream establishes that, as of this date, not less than **US$ 268,318.51** (*i.e.*, the Metricstream Cure Amount) is due, but unpaid, for the Metricstream Services provided pursuant to the Metricstream Contract. *See* Strambi Declaration at ¶15. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full as a condition of assumption of the Metricstream Contract pursuant to 11 U.S.C. §365(b)(1)(A).

## RESERVATION OF RIGHTS

21. Metricstream does not object to assumption of the Metricstream Contract provided the Assumption Order requires payment of the Metricstream Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

22. However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Metricstream Contract, Metricstream hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract

specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Metricstream Contract, Metricstream requests that the Assumption Order include the following:

A.    Findings of fact stating that: (1) the Metricstream Contract constitutes a single integrated executory contract for purposes of assumption pursuant to 11 U.S.C. §365; and (2) pursuant to the Metricstream Contract, the aggregate amount of **US$ 268,318.51** (the Metricstream Cure Amount) is due and owing, but unpaid as of May 14, 2020;

B.    As a condition of approving the assumption of the Metricstream Contract, the Debtors shall pay not less than **US$ 268,318.51** to cure the monetary defaults under such contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Metricstream Contract;

C.    Approval of the Reservation of Rights as herein; and

D.    Grants such other relief as may be just and proper.

Dated: May 15, 2020                        Respectfully submitted,

/s/ Kenneth T. Law
BIALSON, BERGEN & SCHWAB,
A Professional Corporation
Kenneth T. Law, Esq.
633 Menlo Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Klaw@bbslaw.com

*Attorneys for Creditor Metricstream, Inc.*