Lawrence M. Schwab (Cal. Bar No. 85600)
Kenneth T. Law (Cal. Bar. No. 111779)
BIALSON, BERGEN & SCHWAB
A Professional Corporation
633 Menlo Avenue, Suite 100
Menlo Park, California 94025
Telephone: 650/857-9500
Facsimile: 650/494-2738
E-mail: klaw@bbslaw.com

Attorneys for Creditor Metricstream, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF MICHAEL W. STRAMBI IN SUPPORT OF THE LIMITED OBJECTION AND RESERVATION OF RIGHTS OF METRICSTREAM, INC. TO PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS**<br><br>Related Docket Nos. 6320, 7073 |

I, Michael W. Strambi, declare as follows:

1. I am the Chief Financial Officer for Metricstream, Inc. ("**Metricstream**") and I am authorized to execute this Declaration on behalf of Metricstream. If called to testify, I could and would competently testify to the facts set forth herein based on my personal knowledge of those facts, events and transactions.[1]

2. Metricstream is a Delaware corporation and, among other activities, it provides on-demand governance, risk management and compliance management and software application

---

[1] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Cure Objection filed concurrently herewith.

services (collectively, the "**Services**") to Metricstream's business customers. (individually, a "**Customer**" and, collectively, "**Customers**"). This declaration is filed in support of the *Limited Objection and Reservation of Rights of Metricstream, Inc. to the Proposed Assumption of Certain Executory Contracts and Cure Amounts* (the "**Assumption Objection**") filed by Metricstream with respect to the possible assumption by the Debtors of those certain executory contract to which the Creditors are a counterparty (as hereinafter identified).

## MAINTENANCE OF BUSINESS RECORDS

3. In my official capacity, I have personal knowledge of the method by which Metricstream maintains permanent records of its transactions (individually, a "**Transaction**" and, collectively, the "**Transactions**") with its customers and, thereupon, I declare and state that Metricstream maintains permanent records of all Transactions in a computerized accounting system. All amounts due and owing to Metricstream with respect to any Transaction with a Customer including, but not limited to, payments related to the Services, taxes, interest owed with respect to any Service or agreement, fees, and other charges (individually, an "**Obligation**" and, collectively, the "**Obligations**"), are entered in this accounting system at, or near, the time such Obligations are incurred. Likewise, all payments made by a Customer with respect to any Obligation or Transaction, and all other credits and debits related to any Obligation or Transaction, are entered in this accounting system at, or near, the time such payment is received and/or such credit or debit is made or incurred. Each such entry is made in the regular course of business by employees of Metricstream who process these payments, receipts, credits, and debits. If necessary, Metricstream can print hard copies of all entries.

4. I have personal knowledge of the manner by which Metricstream maintains records of its written contracts, statements of work, schedules and any other documents related to such contracts, and all amendments to any contract, statement of work, schedule, and/or any other document (individually, a "**Agreement**" and, collectively, the "**Agreements**") with its Customers. As a regular part of its business, Metricstream maintains permanent records of the Agreements and these records are compiled at the time, or near the time, that an Agreement is

received or processed.

## METRICSTREAM CONTRACT

5. I have personally reviewed Metricstream's records relating to the Debtors, including the Transactions, the Obligations and the Agreements, and I am personally familiar with Metricstream's Account with certain of the above-named Debtors.

6. Pacific Gas and Electric Company (one of the above-identified Debtors) entered into those certain Contract Work Authorizations (the **"CWAs"**)[2] whereby (a) Pacific Gas and Electric Company ordered Services from Metricstream and became obligated to pay the aggregate full contract amount for the Services, and Metricstream became obligated to provide the Services to the Debtors.

7. The terms and conditions applicable to the Services that are subject to the CWAs are set forth in the *Master Software License Agreement No. 4400009962* dated August 3, 2015 by and between the Debtors and Metricstream, (the **"MSA"**, the MSA together with the CWAs constitute the **"Metricstream Contract"**). A copy of the Metricstream Contract is not attached hereto due to the confidentiality provisions contained within the Metricstream Contract. However, a copy may be made available to the Debtors and the Committee in the event any response is filed to this Cure Objection.

## BANKRUPTCY CASE

8. Based upon information and belief, I am informed that, on January 29, 2019 (the "**Petition Date**"), each of the above-captioned Debtors (collectively, the "**Debtors**") filed their individual, voluntary petitions in the above-captioned Court (the "**Court**") seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

9. Based on information and belief, I am informed that, on February 7, 2020, the Debtors

---

[2] The CWAs are listed on the "Cure Amount Summary" which is attached hereto as Exhibit A, and incorporated by reference herein as if fully set forth.

-3-

filed their Disclosure Statement[3] (the "**Disclosure Statement**") to their Proposed Plan[4] (the "**Proposed Plan**"). Pursuant to the Proposed Plan at Article VIII, Section 8.1(a):

> "As of, and subject to, the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts." (the "**Plan Assumption Provision**").

10. Based on information and belief, I am informed that, on February 19, 2020, the Debtors filed their motion seeking, among other things, approval of the Disclosure Statement and procedures for the solicitation and voting of the Proposed Plan and the assumption of certain executory contracts and unexpired leases (the "**Disclosure Statement Motion**").[5]

11. Based on information and belief, I am informed that, on March 17, 2020, the Court entered the Disclosure Statement Order[6] approving the Disclosure Statement and the solicitation and voting procedures (the "**Plan Procedures**") related to the Proposed Plan.

12. Based upon information and belief, I am informed that, on May 1, 2020, pursuant to the Plan Procedures, the Debtors filed their Plan Supplement containing, *Exhibit A—Schedule of Executory Contracts and Unexpired Leases to be Rejected pursuant to the Plan* (the "**Rejection Notice**")[7] that identifies the executory contracts and unexpired leases that it may reject pursuant to the Proposed Plan. The Metricstream Contract was not listed on the Rejection Notice.

13. Based upon information and belief, I am informed that, on May 1, 2020, pursuant to the

---

[3] *See [Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [ECF5700] (the "**Disclosure Statement**")

[4] *See Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [ECF 5590] as revised on March 16, 2020 [ECF 6320] (the "**Proposed Plan**")

[5] *See Debtors' Motion for Entry of an Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief* (the "**Disclosure Statement Motion**") [ECF 5835].

[6] *See Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief* (the "**Disclosure Statement Order**") [ECF 6340].

[7] *See Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020 at Exhibit A—Schedule of Executory Contracts and Unexpired Leases to be Rejected pursuant to the Plan* (the "**Rejection Notice**") [ECF 7073].

Plan Procedures, the Debtors filed their Plan Supplement containing, *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount* (the "**Cure Notice**")[8] that identifies the executory contracts and unexpired leases that it may assume pursuant to the Proposed Plan, and the monetary defaults (the "**Cure Amounts**") with respect to such contracts and leases that it contends must be cured as a condition of assuming a specific contract or lease. The Metricstream Contract was not listed on the Cure Notice.

14. Based on information and belief, I am informed that the Metricstream Contract may be deemed assumed per the Plan Assumption Provision.

## CURE AMOUNT

15. Based upon my review of Metricstream's books and records pertinent to the Debtors' account, I declare and state that (a) the Debtors have failed to pay all Fees due and owing pursuant to the Metricstream Contract, and (b) more specifically, as of this date, not less than **US$ 268,318.51** (the "**Metricstream Cure Amount**") is due and owing to Metricstream pursuant to the Metricstream Contract. A summary of the Metricstream Cure Amount (the "**Cure Amount Summary**") is attached hereto as Exhibit A and incorporated by reference herein as if fully set forth.

16. Copies of the Invoices are not attached hereto due to the confidentiality provisions contained within the Metricstream Contract, however, copies may be made available to the Debtors upon request.

This Declaration was executed on May 14, 2020 in San Mateo, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
**Michael W. Strambi**

---

[8] *See Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020* at *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount* (the "**Cure Notice**") [ECF 7073].

-5-

**EXHIBIT A**
**CURE AMOUNT SUMMARY**

| CWA # | CWA Date | Invoice No. | Date | Due Date | PO # | Descripton | BALANCE | Pre-Petition | Admin. Exp. Accrued |
|---|---|---|---|---|---|---|---|---|---|
| 2501464901 | 9/20/2016 | 10757 | 26-Jul-17 | 09-Sep-17 | 2501464901 | TPM Go Live | $ 36,474.00 | $ 36,474.00 | |
| CW2220929 | 6/30/2017 | 11122 | 02-Oct-17 | 16-Nov-17 | 2700001659 | ISM Wave II CR#2-Task 4 | $ 3,000.00 | $ 3,000.00 | |
| CW2243386 | 3/13/2018 | 13789 | 28-Dec-18 | 11-Feb-19 | 2700079384 | Oct 2018 expenses | $ 1,189.37 | $ 1,189.37 | |
| CW2244983 | 3/28/2018 | 13744 | 20-Dec-18 | 03-Feb-19 | 2700001551 | Milestone 1- Kick-off | $ 8,648.00 | $ 8,648.00 | |
| CW2244983 | 3/28/2018 | 13745 | 20-Dec-18 | 03-Feb-19 | | Milestone 2-UAT Sign-off | $ 25,943.00 | $ 25,943.00 | |
| CW2244983 | 3/28/2018 | 13746 | 20-Dec-18 | 03-Feb-19 | 2700000155 | Milestone 3-Go Live | $ 8,648.00 | $ 8,648.00 | |
| C8943 | 6/27/2018 | 13747 | 20-Dec-18 | 03-Feb-19 | 2700128495 | Training Delivery-1Day | $ 5,500.00 | $ 5,500.00 | |
| C10442 | 8/29/2018 | 13669 | 07-Dec-18 | 21-Jan-19 | 2700156468 | Milestone 1.1 | $ 26,566.00 | $ 26,566.00 | |
| C10442 | 8/29/2018 | 13670 | 07-Dec-18 | 21-Jan-19 | 2700156468 | Milestone 1.2 | $ 33,208.00 | $ 33,208.00 | |
| C10442 | 8/29/2018 | 13772 | 25-Dec-18 | 08-Feb-19 | 2700156468 | Milestone 1.3 partial | $ 10,000.00 | $ 10,000.00 | |
| C10442 | 8/29/2018 | 13773 | 25-Dec-18 | 08-Feb-19 | 2700156468 | Milestone 4 | $ 6,642.00 | $ 6,642.00 | |
| C10442 | 8/29/2018 | 15334 | 30-Sep-19 | 14-Nov-19 | 2700156468 | Milestone 2.2 | | | |
| C10442 | 8/29/2018 | 15720 | 19-Dec-19 | 02-Feb-20 | 2700156468 | Travel Expenses january 2019 | $ 515.79 | | $ 515.79 |
| C10073 | 8/31/2018 | 14683 | 20-May-19 | 04-Jul-19 | 2700159045 | Sprint-2 UAT | $ 20,662.80 | | $ 20,662.80 |
| C10073 | 8/31/2018 | 14983 | 16-Jul-19 | 30-Aug-19 | 2700159045 | Go-Live | $ 6,888.00 | | $ 6,888.00 |
| C10073 | 8/31/2018 | 11275 | 06-Nov-17 | 21-Dec-17 | 2700001551 | Wave 2-GAP-FIT Doc signoff | $ 6,045.26 | $ 6,045.26 | |
| C10073 | 8/31/2018 | 12177 | 26-Mar-18 | 10-May-18 | 2700001551 | Oct & Nov 2017 expenses | $ 7,310.39 | $ 7,310.39 | |
| C2700129509 | 9/25/2018 | 13742 | 20-Dec-18 | 03-Feb-19 | 2700001551 | SOW Sign off and Code release | $ 10,862.00 | $ 10,862.00 | |
| C2700129509 | 9/25/2018 | 13743 | 20-Dec-18 | 03-Feb-19 | 2700001551 | Go Live Sign-off | $ 2,716.00 | $ 2,716.00 | |
| C11168 | 10/17/2018 | 14344 | 30-Mar-19 | 14-May-19 | 2700179447 | Go Live | $ 1,177.35 | $ 1,177.35 | |
| C12694 | 12/19/2018 | 14342 | 30-Mar-19 | 14-May-19 | 2700208922 | Project Kick off | $ 3,600.00 | | $ 3,600.00 |
| C12694 | 12/19/2018 | 14343 | 30-Mar-19 | 14-May-19 | 2700208922 | Go-Live | $ 654.55 | $ 654.55 | |
| C20824 | 4/7/2020 | 16323 | 15-Apr-20 | 30-May-20 | 2700432142 | Milestone 1: Project Kick-off | $ 20,068.00 | | $ 20,068.00 |
| C20824 | 4/7/2020 | 16224 | 31-Mar-20 | 15-May-20 | 2700156467/1 | Sandbox MS Cloud | $ 22,000.00 | | $ 22,000.00 |
| | | | | | | | $ 268,318.51 | $ 194,583.92 | $ 73,734.59 |
| | | | | | | **Current Cure Amount** | | **$** | **268,318.51** |