JOSEPH M. WELCH (SBN: 259308)
**BUCHALTER, A Professional Corporation**
18400 Von Karman Ave. Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Email: jwelch@buchalter.com

VALERIE BANTNER PEO (SBN: 260430 )
**BUCHALTER, A Professional Corporation**
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: 415.227.0900
Fax: 415.227.0770
Email: vbantnerpeo@buchalter.com

Attorneys for Creditor
BRADLEY TANKS, INC.

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>**PG&E CORPORATION,**<br>      **and**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                         Debtor.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors<br><br>*All paper shall be filed in the Lead Case No. 19-3088(DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br><br>(Jointly Administered)<br><br>**Re: Dkt No. 6320 and 7037**<br><br>**BRADLEY TANKS, INC.'S CURE OBJECTION AND RESERVATION OF RIGHTS REGARDING THE ASSUMPTION OF CONTRACTS IN CONNECTION WITH THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Hearing:     May 27, 2020 @ 10:00 a.m.<br>Time:         10:00 a.m. (Pacific Time)<br>Location:   **Telephonic Appearances only**<br>                  450 Golden Gate Ave., 18th Fl.<br>                  Courtroom 17<br>                  San Francisco, CA  94102 |

Bradley Tanks, Inc. ("BTI"), a creditor and contract counter-party in the above-captioned Chapter 11 cases commenced by PG&E Corporation and Pacific Gas and Electric Company (together, the "Debtors"), submits its *Cure Objection and Reservation of Rights* ("Cure Objection") regarding the proposed assumption of contracts between BTI and the Debtors in connection with the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* ("Plan") [Dkt. No. 6320].

Through the Plan, Debtors seek Bankruptcy Court authority to assume certain executory contracts between BTI and the Debtors at a $0 cure amount, notwithstanding that the Debtors have not paid all amounts owed to BTI. Accordingly, BTI requests that the Court deny the Debtors' request for authority to assume the BTI agreements absent payment of the appropriate cure amount.

## I.    BACKGROUND

On January 29, 2019 ("Petition Date"), the Debtors commenced these Chapter 11 cases by filing a voluntary petition for relief. The Debtors continue to operate as debtors-in-possession.

Prior to the Petition Date, the Debtors and BTI entered into that certain Master Service Agreement No. C2421 (PG&E Contract No. 4400010661), dated on or about April 8, 2016 (the "MSA"), pursuant to which BTI and the Debtors enter into various Contract Work Authorizations (each a "CWA"). BTI provides services and delivers goods to the Debtors in accordance with each CWA, and invoices the Debtors thereafter.

On April 18, 2019, BTI filed its claim seeking administrative priority for certain amounts owed pursuant to 11 U.S.C. §503(b)(9) (the "Priority Claim"). The Priority Claim was assigned claim number 2504 and subsequently allowed in the amount of $10,033.35. *See Order Granting Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)* [Dkt. No. 3564] at Ex. A. As of the date of this Cure Objection, the Priority Claim remains unpaid.

On October 18, 2019 BTI filed its proof of claim in the amount of $918,817.95 as Claim No. 77900 ("GUC Claim"). To avoid duplicate claims, the amount of the Priority Claim was subtracted from the GUC Claim.

Thus, as of the date of this Cure Objection, there remains due and owing to BTI not less

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

than $928,851.30, comprised of (i) the Priority Claim amount; (ii) the GUC Claim amount; and (iii) any and all amounts owed to BTI on account of post-petition goods and services provided to the Debtors for which payment has not yet been received.

On May 1, 2020, Debtors filed the *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* ("Assumption Schedule") as Exhibit "B" to the *Notice of Filing of Plan Supplement in Connection With Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* ("Plan Supplement") [Dkt. No. 7037]. The Assumption Schedule identifies one CWA, as follows:

| Non-Debtor Counterparty Name | Debtor Name | Title of Agreement | Effective Date of Agreement | Cure Amount |
|---|---|---|---|---|
| BRADLEY TANKS INC. | PACIFIC GAS AND ELECTRIC COMPANY | CWA C13511 BRADLEY TANKS INC HYDROVAC AND DIRECTIONAL DRILLING MUD DISPOSAL BPO SLS4 | 2/6/2019 | $0.00 |

The above described CWA, together with the MSA and all active CWAs entered into thereunder, are referred to herein as the "BTI Agreements."

The Plan sets forth the following procedures for the assumption and rejection of executory contracts:

> As of, and subject to, the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts.

Plan Art. VII § 8.1 (a).

The *Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan*, attached as Exhibit "A" to the Plan Supplement, does not identify any agreement between the Debtors and BTI. Therefore, based on Article VIII of the Plan, Debtors may intend to assume <u>all</u> contracts between BTI and the Debtors, regardless of whether the agreement is specifically identified on the Assumption Schedule.

BTI has been communicating informally with Debtors' counsel regarding these matters and

3

hopes to continue those discussions with the goal of reaching a resolution before the May 27th Plan confirmation hearing. BTI files this Cure Objection in an abundance of caution, to ensure all of its rights are reserved.

## II. ARGUMENT

Before assuming an executory contract, the Debtors must cure all monetary defaults under the subject contracts. 11 U.S.C. § 365(b)(1). The Plan provides that cure amounts will be paid on the effective date, provided there is no unresolved dispute. Plan §8.2(a). Thus, to assume the BTI Agreements, Debtors must pay all sums outstanding as of the proposed date of assumption (i.e. both pre and post-petition amounts owed), and cure any related default.

The Debtors erroneously assert that the cure amount associated with the BTI Agreements is $0, despite the allowed Priority Claim and the filed GUC Claim. Moreover, the Plan provides that, on the Effective Date, "[a]ny proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court." Plan § 8.2 (e).

BTI objects to the Debtors' asserted $0 cure and further objects to the expungement of the GUC Claim before the appropriate cure amount has been paid to BTI. Unless and until the Debtors cure all defaults, no executory contract between the Debtors and BTI may be assumed.

## III. CONCLUSION

For the reasons set forth above, BTI respectfully requests that the Court deny the Debtors' request for authority to assume any BTI Agreement absent cure of all outstanding amounts due and owing to BTI.

DATED: May 15, 2020                    **BUCHALTER, PC**

                                       By:  /s/ Valerie Bantner Peo
                                            Valerie Bantner Peo, Esq.
                                            Attorneys for Bradley Tanks, Inc.