STROOCK & STROOCK & LAVAN LLP
Mark A. Speiser (*admitted pro hac vice*)
(mspeiser@stroock.com)
Kenneth Pasquale (*admitted pro hac vice*)
(kpasquale@stroock.com)
Sherry J. Millman (*admitted pro hac vice*)
(smillman@stroock.com)
180 Maiden Lane
New York, NY 10038-4982
Tel: 212 806 5400
Fax: 212 806 6006

STROOCK & STROOCK & LAVAN LLP
David W. Moon (#197711)
(dmoon@stroock.com)
2029 Century Park East
Los Angeles, CA 90067-3086
Tel: 310 556-5800
Fax: 310 556 5959

*Counsel for Mizuho Bank, Ltd., in its capacity as HoldCo Term Loan Administrative Agent*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>          **Debtors**<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects all Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**RESERVATION OF RIGHTS AND LIMITED OBJECTION TO CONFIRMATION OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, DATED MARCH 16, 2020**<br><br>Related Docket No. 6320 |

Mizuho Bank, Ltd., in its capacity as HoldCo Term Loan Administrative Agent ("Mizuho"), by its undersigned counsel, hereby submits this reservation of rights and limited objection to the Plan (defined below), and respectfully represents as follows:

1. On March 16, 2020, the Plan Proponents filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020* [Dkt. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "Plan").[1] On March 17, 2020, the Court entered the *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [Dkt. 6340].

2. The Plan currently provides in Section 4.3 that Class 3A – HoldCo Funded Debt Claims (which includes HoldCo Term Loan Claims), are "unimpaired", and shall receive:

> In full and final satisfaction, settlement, release, and discharge of any Allowed HoldCo Funded Debt Claim, except to the extent that the Debtors or Reorganized Debtors, as applicable, and a holder of an Allowed HoldCo Funded Debt Claim agree to a less favorable treatment of such Claim, on the Effective Date or as soon as reasonably practicable thereafter, each holder of an Allowed HoldCo Funded Debt Claim shall receive Cash in an amount equal to (i) the principal amount outstanding as of the Petition Date of such holder's HoldCo Funded Debt Claim plus all accrued and unpaid interest owed as of the Petition Date at the non-default contract rate plus (ii) *all interest accrued from the Petition Date through the Effective Date at the Federal Judgment Rate.*

Plan at § 4.3 (emphasis added).[2]

3. On October 31, 2019, the Bankruptcy Court entered its *Order Establishing Pre-Confirmation Briefing and Hearing Schedule for Certain Legal Issues* [Dkt. 4540] (the "PPI

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[2] The Plan Proponents have agreed to amend Section 4.3 to provide for (i) payment of fees and charges and other obligations owed through the Effective Date, solely to the extent provided for under the HoldCo Term Loan Agreement, and (ii) payment of postpetition interest through the payment date, rather than the Effective Date. Mizuho reserves the right to object to the Plan should Section 4.3 not be amended as such.

Issues"), pursuant to which the Bankruptcy Court scheduled oral argument and pre-argument briefing on "whether the postpetition interest rate applicable to unsecured claims under any chapter 11 plan of reorganization is the Federal Judgment Rate or some other rate, such as the rate of interest under the applicable contract and/or other applicable state law[.]" Mizuho, among other parties, participated in the briefing on the PPI Issues, contending that the applicable contract rate should apply to unsecured claims, including to claims arising pursuant to the HoldCo Term Loan. [Dkt. 4634].

4. On December 30, 2019, this Court issued the *Memorandum Decision Regarding Postpetition Interest* [Dkt. 5226] (the "PPI Memorandum"), and on February 6, 2020 issued its *Interlocutory Order Regarding Postpetition Interest* [Dkt. 5669] (the "PPI Order"). In summary, this Court decided the PPI Issues and held that the federal judgment rate was applicable to unsecured claims, including to HoldCo Term Loan Claims, and that payment of such postpetition interest would not render such unsecured claims impaired under the Plan.

5. Mizuho and other parties filed appeals from the PPI Order and PPI Memorandum [Dkt. 6059], and, in the alternative, sought leave to appeal. [Dkt. 6060]. On April 14, 2020, the District Court denied the motions for leave to appeal. Case No. 20-cv-01493-HSG [Dkt. 62]. The District Court held that the Court's PPI Order was not a final appealable order and that the appellants "can object [at the confirmation hearing], and thereafter file its appeal as of right to a final order confirming the Plan, should one be entered." [Dkt. 62, at 15].

6. Mizuho acknowledges that this Court has previously determined the PPI Issues in the PPI Memorandum and PPI Order. However, in an abundance of caution and in order to preserve its rights with respect to confirmation of the Plan, Mizuho (i) respectfully renews its positions previously set forth [Dkt. 4634] that the HoldCo Term Loan Claims are impaired unless paid in full, including postpetition interest at the contract rate, (ii) objects to the treatment provided in the Plan for Class 3A - HoldCo Funded Debt Claims, on such grounds, and (iii) reserves all rights, including the right to appeal from the confirmation order, based upon such grounds.

WHERFORE, Mizuho respectfully requests that the Court deny confirmation of the Plan unless Class 3-A is paid in full, including postpetition interest at the contract rate.

Dated: May 15, 2020          STROOCK & STROOCK & LAVAN LLP

By:   /s/ David W. Moon
      David W. Moon

Mark A. Speiser *(admitted pro hac vice)*
Kenneth Pasquale *(admitted pro hac vice)*
Sherry Millman *(admitted pro hac vice)*

*Counsel for Mizuho Bank, Ltd., in its capacity as HoldCo Term Loan Administrative Agent*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, a true and correct copy of the foregoing *Reservation of Rights and Limited Objection to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020* was served via the Court's CM/ECF electronic notification system on all parties requesting same.

/s/ David W. Moon
David W. Moon