Nicole Lavallee (SBN 165755)
Daniel E. Barenbaum (SBN 209261)
Victor S. Elias (SBN 262269)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
dbarenbaum@bermantabacco.com
velias@bermantabacco.com

*Attorneys for Shareholder Oklahoma
Firefighters Pension and Retirement System*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **OBJECTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM TO CONFIRMATION OF DEBTOR'S AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, DATED MARCH 16, 2020 [Docket No. 6320]** <br><br> Date: May 27, 2020 <br> Time: 10:00 a.m. (PST) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 <br> Judge: The Hon. Dennis Montali |

Oklahoma Firefighters Pension and Retirement System ("OFPRS"), a PG&E shareholder and plaintiff in the derivative action styled <u>Oklahoma Firefighters Pension and Retirement System v. Lewis Chew, et al.</u>, No. 3:18-cv-04698 (N.D. Cal.) (the "Derivative Action"), submits this objection (the "Objection") to the approval of the Joint Chapter 11 Plan of Reorganization (the "Joint Plan") of PG&E Corporation and Pacific Gas and Electric Company (the "Debtors" or the "Company"); Abrams Capital Management, LP; and Knighthead Capital Management, LLC. Dkt. No. 6320.

## I. INTRODUCTION

OFPRS does not object to the Joint Plan in its entirety. Instead, OFPRS objects to the Joint Plan to the extent that it limits the liability of the Debtors' former officers and directors (which would otherwise be available for the benefit of the fire victims) "solely to the extent of any directors and officers' Side B Insurance Coverage." Dkt. No. 6320, Joint Plan, Article I, Section 1.8. OFPRS further objects to the extent the Joint Plan releases former officers and directors beyond that limitation. Dkt. No. 6320, Joint Plan, Article X, Sections 10.9(a)–(b), (g).

## II. NAME AND ADDRESS OF OBJECTOR

The name and address of the objector is:

Oklahoma Firefighters Pension and Retirement System ("OFPRS")
c/o **BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104

## III. NATURE AND AMOUNT OF CLAIM

The nature and amount of the claim are unliquidated shareholder and absent class member interests consistent with those asserted in OFPRS' timely-submitted proof of claim.

## IV. ARGUMENT

The Joint Plan assigns causes of action against third parties to the Fire Victim Trust, including causes of action against former officers and directors. Dkt. No. 6320, Joint Plan, Article I, Section 1.8 (defining "Assigned Rights and Causes of Action") & Article VI, Section 6.7 (noting that the Fire Victim Trust shall "prosecute or settle all Assigned Rights and Causes

of Action"). However, this assignment is limited "<u>solely to the extent of any</u> directors and officers' <u>Side B Insurance Coverage</u>." <u>Id</u>., Section 1.8 (emphasis added).

Beyond that assignment, the Joint Plan arguably releases former officers and directors except as otherwise limited by those Assigned Rights and Causes of Action. Under the Joint Plan, "Released Parties" are deemed to be released by the Debtors and "Releasing Parties" from any and all causes of action, except for Assigned Rights and Causes of Action "solely to the extent preserved by Section 10.9(g)." Dkt. No. 6320, Joint Plan, Article X, Sections 10.9(a)-(b). Released Parties are defined to include the Debtors, including their current and former officers and directors. Dkt. No. 6320, Joint Plan, Article I, Section 1.179. These terms do not make clear whether former officers and directors are released outright in their individual capacities or rather just to the extent that they represent an extension of the Debtor. But to the extent the Joint Plan releases and immunizes the officers and directors for actionable conduct not covered by the Assigned Rights and Causes of Action, the Joint Plan is inappropriate.[1]

Former officers and directors are not entitled to a blanket release from liability. The Ninth Circuit has "repeatedly held, without exception, that § 524(e) [of the Bankruptcy Code] precludes bankruptcy courts from discharging the liabilities of non-debtors."[2] Here, the Joint Plan's (1) Assigned Rights and Causes of Action limitation to Side B insurance coverage and/or (2) the further potential release of former officers and directors from liability beyond that appear to provide just that—protection and immunity for former officers and directors from potential personal liability beyond the insurance coverage.

---

[1] Under the Joint Plan, Debtors also release any and all claims, including derivative claims. Dkt. No. 6320, Joint Plan, Article X, Section 10.9(a). OFPRS understands this to mean that the Debtors release the derivative claims themselves, and not the underlying causes of action that were or could be asserted derivatively. That reading is consistent with the language quoted above.

[2] <u>In re Lowenschuss</u>, 67 F.3d 1394, 1401 (9th Cir. 1995) (collecting cases and reasoning that while a discharge under Chapter 11 releases the debtor from personal liability for any debts, Section 524 does not provide for the release of third parties from liability); <u>Deocampo v. Potts</u>, 836 F.3d 1134, 1143 (9th Cir. 2016) (noting that, in a Chapter 11 proceeding, Section 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors).

OFPRS understands that it can be reasonably argued that, as part of reorganization and discharge, Debtors should not be required to later indemnify their former officers and directors from liability. OFPRS agrees that a limitation on Assigned Rights and Causes of Action excluding direct future indemnification from Debtors would be reasonable.

But by limiting the assignment to Side B insurance coverage instead, and by releasing non-assigned rights and causes of action, the Joint Plan appears to be <u>expressly excluding</u> assignment of recoveries from the former officers and directors beyond that covered by Side B insurance coverage <u>but outside of that required to be indemnified</u> by Debtors.

Indeed, it is even unclear whether all available insurance coverage is included in the Assigned Rights and Causes of Action. The Joint Plan does not clearly disclose what insurance policies cover the conduct by the former officers and directors—whether the Side B coverage at issue is the <u>only</u> coverage available—nor whether the Side B coverage has been partially or fully paid to policy limits. Nor does the Joint Plan explain why the Assigned Rights and Causes of Action should be limited solely to Side B coverage to the extent not all coverage was included in the assignment.[3]

It may be that Debtors are obliged to indemnify the former officers and directors in virtually all circumstances; that may be why such a limit to Side B coverage was inserted. But it should not be left to creditors such as OFPRS or the fire victims (who stand to recover from officers and directors through the Fire Victim Trust) to guess. And there are always exceptions to coverage under various types of directors' and officers' insurance policies, and it is not clear whether those, if they exist, have been triggered or explored.

Limiting the Assigned Rights and Causes of Action to Side B insurance coverage instead of that excluded from direct Debtor indemnification is inappropriate for those reasons. OFPRS respectfully submits that all potential rights, claims, and causes of action arising from the liability of former officers and directors should be assigned for the benefit of the Fire Victim Trust, save direct indemnification from Debtors.

---

[3] These ambiguities make it difficult to assess the assignment's value.

## V. CONCLUSION

For the reasons stated above, OFPRS objects to Final Approval of the Joint Plan to the extent that any rights, claims, or causes of action against former officers and directors of the Debtors beyond Side B insurance coverage are not assigned, or that those non-assigned claims are released under the Joint Plan.

DATED: May 15, 2020                          **BERMAN TABACCO**

By:     */s/ Daniel E. Barenbaum*
          Daniel E. Barenbaum

Nicole Lavallee
Victor S. Elias
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: nlavallee@bermantabacco.com
        dbarenbaum@bermantabacco.com
        velias@bermantabacco.com

*Attorneys for Shareholder Oklahoma Firefighters Pension and Retirement System*