Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for ARBORMETRICS SOLUTIONS, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>            Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ARBORMETRICS SOLUTIONS, LLC'S OBJECTION AND RESERVATION OF RIGHTS RE ASSUMPTION OF PURPORTED EXECUTORY CONTRACTS PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS**<br><br><br>Related Docket No. 7037 |

ArborMetrics Solutions, LLC ("ArborMetrics") objects to the proposed assumption of any purported executory contracts entered into between ArborMetrics and Pacific Gas and Electric Company (the "Utility"), and reserves all rights. As grounds therefor, ArborMetrics respectfully states as follows:

1. The captioned debtors ("Debtors") filed voluntary chapter 11 petitions on January 29, 2019 ("Petition Date").

2. Prepetition, ArborMetrics provided various services to the Utility in connection with the Utility's operations (the "Pre-petition Services").

3. ArborMetrics has filed a general unsecured proof of claim against the Utility in the amount of $27,154.47 for amounts due and owing in connection with the Pre-Petition Services, assigned Claim No. 8074 (the "Pre-Petition Services Claim").[1]

4. In addition, ArborMetrics has filed a contingent, unliquidated general unsecured proof of claim against the Utility for, inter alia, indemnity and contribution related to the Pre-Petition Services, assigned Claim No. 97050, as amended (the "Indemnity Claim").

5. On May 1, 2020, the Debtors filed their Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Dkt #7037] ("Plan Supplement").

6. Exhibit B to the Plan Supplement is entitled "Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts" ("Exhibit B Schedule").

7. The Exhibit B Schedule states that any proofs of claim related to any purported executory contracts that the Debtors assume – including any claims for contractual indemnification related to such contracts – will be deemed disallowed as of the plan's effective date.

8. In particular, paragraph 8 of the Exhibit B Schedule provides, in part, that "[o]n the Effective Date of the Plan, any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed, or assumed and assigned, under the Plan **shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court**." (emphasis added)

9. Paragraph 13 of the Exhibit B Schedule, in turn, provides, "Except as set forth in Section 8.4 of the Plan with respect to the D&O Indemnity Obligations, the assumption by the Debtors

---

[1] Further information concerning the Pre-Petition Services can be found in the Rider attached to the Pre-Petition Services Claim.

or Reorganized Debtors, as applicable, of all other executory contracts or unexpired leases pursuant to the Plan shall result in the full release and satisfaction of any and all contingent pre-petition indemnification obligations arising under the terms of any such agreements and ***any proof of Claim premised on a pre-petition contractual indemnification obligation alleged to be owed by the Debtors or Reorganized Debtors shall be deemed disallowed and discharged on the Effective Date, without further notice to or action, order, or approval of the Bankruptcy Court***." (emphasis added)

10. Among the purported executory contracts entered into with the Utility, as listed in the spreadsheet attached to the Exhibit B Schedule, is the following:

- Under "ArborMetrics Solutions, Inc.," a "Contract Work Authorization – Attachment C – Sample CWA" with a proposed cure amount of $0.00

11. Moreover, paragraph 5 to the Exhibit B Schedule states that even if a counter-party to a purported executory contract is <u>not</u> listed in the spreadsheet, <u>the party may still have one or more contracts subject to assumption pursuant to the Exhibit B Schedule</u>:

> As a matter of administrative convenience, in certain instances the Debtors may have listed the original parties to certain of the Agreements listed in the Schedule of Assumed Contracts without taking into account any succession of trustees or any other transfers or assignments from one party to another. ***The fact that the current parties to any particular Agreements may not be named in the Schedule of Assumed Contracts is not intended to change the treatment of such Agreements***."

(emphasis added)

12. It is unknown whether the Debtors contend that ArborMetrics is listed under some other name, per paragraph 5 of the Exhibit B Schedule.

13. Notwithstanding the purported executory contract between "ArborMetrics Solutions, Inc." and the Utility, as listed in the Exhibit B Schedule, ArborMetrics did not have any executory contracts with the Utility as of the Petition Date. All contracts entered into between ArborMetrics and the Utility had been terminated prior to the Petition Date.[2]

14. Accordingly, there are no executory contracts between ArborMetrics and the Utility for the Debtors to assume.

---

[2] Robert E. Richens, Jr., Vice President of ArborMetrics, signed ArborMetrics' proofs of claim, and can provide evidence in support of this objection, as necessary.

15. Assuming for argument's sake that there is one or more executory contracts between ArborMetrics and the Utility subject to assumption through the Exhibit B Schedule – including any "hidden" contract that may be listed under the name of some other entity, then (i) the appropriate cure amount is the full amount of the Prepetition Services Claim, and (ii) the Indemnity Claim should not be disallowed.

16. As to this latter point, a counter-party to an executory contract should not lose its contractual indemnity rights when the Debtors assume the contract. Indeed, if the Debtors assume a contract, then the counter-parties should have the benefit of all rights that they are entitled to under the contract. Accordingly, assuming there is an executory contract with ArborMetrics subject to assumption, ArborMetrics should not lose the benefit of the Indemnity Claim.

17. ArborMetrics files this objection as a protective measure to preserve all rights and remedies, including, but not limited to, the right to payment in full of the Pre-Petition Services Claim (whether as a cure claim or a prepetition claim) and preservation of the Indemnity Claim.

18. Moreover, ArborMetrics reserves all of its rights, claims, defenses, and remedies regarding the Exhibit B Schedule, including the right to amend, modify, or supplement this Objection. Nothing in this Objection should be construed as a release or waiver of any claim, right, or remedy that ArborMetrics has under the Bankruptcy Code or other applicable law.

**WHEREFORE**, for the reasons stated above, ArborMetrics objects to the assumption of any purported executory contract that the Debtors contend exist between ArborMetrics and the Utility, and reserves all rights.

Dated: May 15, 2020  **DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (206990)
GEOFFREY A. HEATON
Attorneys for ARBORMETRICS
SOLUTIONS, LLC