Julie E. Oelsner, State Bar No. 125432
**W**EINTRAUB **T**OBIN **C**HEDIAK **C**OLEMAN **G**RODIN
400 Capitol Mall, 11th Floor
Sacramento, California 95814
(916) 558-6000 – Telephone
(916) 446-1611 – Facsimile
Email: joelsner@weintraub.com

Local Counsel for Southwire Company, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Case No. 19-30088<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>OBJECTION AND RESERVATION OF RIGHTS OF SOUTHWIRE COMPANY, LLC TO DEBTORS' SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS |

Southwire Company, LLC ("Southwire"), hereby asserts its objection and reservation of rights (the "Objection") to Debtors PG&E Corporation's and Pacific Gas and Electric Company's (collectively, the "Debtors") *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* [Docket No. 7037, pp. 13-1798] (the "Assumption Notice") and sets forth the following:

<u>Procedural Facts</u>

1.   On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On October 18, 2019, Southwire filed a proof of claim documenting and evidencing an unsecured claim against Debtor Pacific Gas & Electric Company in the amount of $239,813.38, which reflects the remaining unpaid balance owing to Southwire for certain goods and services provided to the Debtors prior to the Petition Date (along with Appendix A attached thereto, the "Proof of Claim"). The basis for Southwire's claim is more fully set forth in the Proof of Claim, which is attached hereto as <u>Exhibit A</u>.

4. On March 16, 2020, the Debtors' filed the *Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (the "Plan").

<u>The Assumption Notice</u>

5. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their Assumption Notice.

6. The Assumption Notice lists Southwire as the counterparty to one contract proposed to be assumed by Pacific Gas and Electric Company under the name "Contract Change Order No. 10" with a listed effective date of January 1, 2020 (the "Assumed Contract"). The proposed cure for the assumed contract is $0. [Docket No. 7037, p. 1452]

7. Because the description of the Assumed Contract is not specific and the contract ID number listed in the Assumption Notice does not reflect the contract number used by Southwire for any of the purchase orders cited within the Proof of Claim, it is not clear which, if any, of the purchase orders listed in the Proof of Claim are being assumed or which purchase orders or other executory contracts the Debtors propose to pay $0 to cure.

<u>Discussion</u>

8. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

Objection and Reservation of Rights
Case No. 19-30088
Page 2 of 3

Case: 19-30088    Doc# 7237    Filed: 05/15/20    Entered: 05/15/20 12:40:09    Page 2 of 10

6499587.v1

(A) cures or provides adequate assurance that the trustee will promptly cure, such default . . .

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default.

9. It is unclear from the Debtors' listing of contracts in the Assumption Notice which contracts of Southwire they are attempting to assume. However, to the extent the Debtors seek to assume all of Pacific Gas and Electric Company's executory contracts with Southwire, they should be required to pay a cure amount of $239,813.38, as documented by the Proof of Claim. To the extent the Debtors seek to assume Pacific Gas and Electric Company's executory contracts with Southwire without paying the full cure amount of $239,813.38, the relief sought in their Assumption Notice with respect to Southwire is prohibited under 11 U.S.C. § 365(b)(1)(A) and (B).

WHEREFORE, for the foregoing reason, this Court should enter an order (1) denying the Debtors' request to assume the Assumed Contract or any other executory contract with Southwire based on the cure amount proposed in the Assumption Notice; (2) requiring, as a condition to the Debtors' assumption or assignment of any of Southwire's executory contracts, that the Debtors pay all unpaid prepetition and post-petition amounts accrued thereunder through the effective date of assumption; and (3) granting such other and further relief that the Court deems just and appropriate.

Dated: May 15, 2020                Respectfully submitted,

                                   WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
                                   Law Corporation

                                   By:  /s/ Julie E. Oelsner
                                        Julie E. Oelsner
                                        State Bar No. 125432

                                   Local Counsel for Southwire Company, LLC

# **EXHIBIT A**

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

RECEIVED
OCT 18 2019
PRIME CLERK LLC

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Southwire Company, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Spencer Preis
Vice President, Associate General Counsel
Southwire Company, LLC
One Southwire Drive
Carrollton, Georgia 30119

Contact phone (770) 832-5281
Contact email spencer.preis@southwire.com

Where should payments to the creditor be sent? (if different)

||||||||||||  193008880010117

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                                    page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $239,813.38

See Appendix A

Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Goods and services provided -- generally electrical wire and cable products -- see Appendix A</u>

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____

Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410 — Proof of Claim — page 2

Case: 19-30088    Doc# 7237    Filed: 05/15/20    Entered: 05/15/20 12:40:09    Page 6 of 10

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/18/2019  (mm/dd/yyyy)

*/s/ Spencer Preis*
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Spencer Preis |
| | First name / Middle name / Last name |
| Title | Vice President, Associate General Counsel |
| Company | Southwire Company, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | One Southwire Drive |
| | Number / Street |
| | Carrollton, Georgia 30119 |
| | City / State / ZIP Code |
| Contact phone | (770) 832-5281 |
| Email | spencer.preis@southwire.com |

**APPENDIX A**

SUMMARY OF CLAIM OF SOUTHWIRE COMPANY, LLC

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Southwire Company, LLC ("**Southwire**") is a manufacturer and supplier of wire and cable used in the transmission and distribution of electricity. Prior to the Petition Date, Southwire supplied electrical wire and cable products to the Debtors, for which Southwire remains unpaid. The Debtors' schedules of liabilities reflected a contingent claim owing to Southwire in the amount of $1,746,918.00 as of the Petition Date. Following the Petition Date, pursuant to certain Orders entered in the Debtors' bankruptcy cases, the Debtors made certain payments to Southwire on account of its prepetition claim. In consideration of such payments made, and in consideration of Southwire's review of its books and records, $239,813.38 (the "**Remaining Prepetition Claim**") is the remaining unpaid balance owing to Southwire for the goods and services provided to the Debtors prior to the Petition Date, as reflected by the following invoices:

| Debtor | Invoice | Document Date | PO Number | Invoice Amount |
|---|---|---|---|---|
| PACIFIC GAS AND ELECTRIC CO. | 92629066 | 12/19/2018 | 3501183310 | 1026.84 |
| PACIFIC GAS AND ELECTRIC CO. | 92629068 | 12/19/2018 | 3501181203 | 3651.66 |
| PACIFIC GAS AND ELECTRIC CO. | 92629072 | 12/19/2018 | 3501183310 | 3361.01 |
| PACIFIC GAS AND ELECTRIC CO. | 92642628 | 12/27/2018 | 3501177662 | 6220.55 |
| PACIFIC GAS AND ELECTRIC CO. | 92649421 | 1/2/2019 | 3501179621 | 5026.78 |
| PACIFIC GAS AND ELECTRIC CO. | 92649422 | 1/2/2019 | 3501179335 | 17978.39 |
| PACIFIC GAS AND ELECTRIC CO. | 92651134 | 1/3/2019 | 3501182081 | 4111.87 |
| PACIFIC GAS AND ELECTRIC CO. | 92652746 | 1/4/2019 | 3501179335 | 8989.19 |
| PACIFIC GAS AND ELECTRIC CO. | 92654839 | 1/4/2019 | 3501184292 | 29707.82 |
| PACIFIC GAS AND ELECTRIC CO. | 92658870 | 1/7/2019 | 3501180337 | 7674.28 |
| PACIFIC GAS AND ELECTRIC CO. | 92658871 | 1/7/2019 | 3501184981 | 2177.89 |
| PACIFIC GAS AND ELECTRIC CO. | 92658872 | 1/7/2019 | 3501182930 | 4757.20 |
| PACIFIC GAS AND ELECTRIC CO. | 92658874 | 1/7/2019 | 3501181807 | 6228.38 |
| PACIFIC GAS AND ELECTRIC CO. | 92658875 | 1/7/2019 | 3501183242 | 9817.60 |
| PACIFIC GAS AND ELECTRIC CO. | 92658876 | 1/7/2019 | 3501183353 | 2389.95 |
| PACIFIC GAS AND ELECTRIC CO. | 92658878 | 1/7/2019 | 3501182433 | 7585.02 |
| PACIFIC GAS AND ELECTRIC CO. | 92658879 | 1/7/2019 | 3501182403 | 41566.41 |
| PACIFIC GAS AND ELECTRIC CO. | 92662560 | 1/8/2019 | 3501184982 | 12135.58 |
| PACIFIC GAS AND ELECTRIC CO. | 92662565 | 1/8/2019 | 3501182086 | 24354.47 |
| PACIFIC GAS AND ELECTRIC CO. | 92663225 | 1/9/2019 | 3501184292 | 41052.49 |
| | | | | 239,813.38 |

The Debtors are already in possession of the invoices, but Southwire can provide copies of any such invoices upon request.

6168096 2

Southwire asserts that at least $221,037.11 of the Remaining Prepetition Claim is entitled to be allowed and paid as a reclamation claim (which Southwire timely asserted), which, once paid, would reduce Southwire's general unsecured claim to $18,776.27. However, out of an abundance of caution, Southwire hereby files and asserts its entire Remaining Prepetition Claim pending allowance and payment of its reclamation claim.

Southwire reserves the right to amend, modify, supplement or withdraw, in whole or in part, this proof of claim and to file additional proofs of claim. Southwire's rights to assert any claims under 11 U.S.C. § 503 are expressly reserved. Southwire reserves any and all claims it has against any third party and jointly and severally liable parties and their respective properties. Further, Southwire reserves all of its rights to assert any post-petition claims that it may have against the Debtors, whether pursuant to Sections 364, 503 or 506 of the Bankruptcy Code or otherwise.

This proof of claim is not a waiver, release or discharge, in whole or in part, with respect to any of the rights or remedies Southwire has or may have against any other person or entity or against any property. Nor is this proof of claim an election of remedies. Southwire expressly reserves all of its claims, rights, powers, and remedies against the Debtors and any other person or entity liable for (or any property subject to) the claims described herein. If the Debtors assert any claim against Southwire, Southwire expressly reserves all rights, defenses, objections and remedies with respect to any such claim, including, without limitation, the rights of setoff and/or recoupment.

By filing this proof of claim, Southwire does not waive its right to a trial by jury on any claims that may be asserted by or against the Debtors with respect to any matter in which Southwire has the right to a jury trial under applicable law. Nor does Southwire waive its right to contest the authority of the Court to enter any final judgments or orders on any claims that may be asserted by or against Southwire.

6168096_2

