1  BRETT D. FALLON (DE Bar No. 2480)
   (*Pro Hac Vice Pending*)
2  MORRIS JAMES LLP
   500 Delaware Avenue, Suite 1500
3  P.O. Box 2306
   Wilmington, DE 19899-2306
4  Telephone: (302) 888-6800
   Facsimile: (302) 571-1750
5  E-mail: bfallon@morrisjames.com

6  TRACY GREEN (SB No. 114876)
   WENDEL ROSEN LLP
7  111 Broadway, 24th Floor
   Oakland, CA 94607
8  Telephone: (510) 834-6000
   Facsimile: (510) 8341928
9  E-mail: tgreen@wendel.com

10 *Attorneys for Quest Diagnostics Health & Wellness LLC*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re: | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
|---|---|
| PG&E CORPORATION, | |
| - and – | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **OBJECTION OF QUEST DIAGNOSTICS HEALTH & WELLNESS LLC TO CURE AMOUNT** |
| Debtors, | Date: May 27, 2020<br>Time: 10:00 a.m. (PT)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: The Hon. Dennis Montali |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case No. 19-30088 (DM)* | |

Quest Diagnostics Health & Wellness LLC ("**QDI**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Plan Supplement (as described

further below) on the grounds that the proper cure amount should be $134,473.92, and not 0 as listed, and respectfully represents as follows:

## BACKGROUND

1. On March 16, 2020, the Plan Proponents filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020* [Dkt. 6320] (together with schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Plan**").[1] On May 1, 2020, the Plan Proponents filed the *Notice of Filing of Plan Supplement in Connection With Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Dkt. 7037] ("**Plan Supplement**"). Exhibit B to the Plan Supplement contained a listing of the executory contracts Pacific Gas and Electric Company, and PG&E Corporation ("Debtors") intended to assume under the Plan as well as a listing of cure amounts Debtors alleged were necessary to cure any defaults.

2. Prior to the petition date in this case, Provant Health Solutions entered into a longstanding contract with Pacific Gas and Electric Company that had been amended from time to time whereby Provant Health Solutions provided preventive and proactive health services to Debtors' employees as an employee benefit (the "Contract"). The services provided included health coaching, smoking cessation, a web portal with services and information, email and telephone support, and other health and wellbeing services for Debtors' employees. Provant Health Solutions and its affiliates filed Chapter 11 bankruptcy proceedings in <u>In re: Hooper Holmes Inc. d/b/a Provant Health</u>, *et al.*, case no. 18-23302 (RDD) pending in the United States Bankruptcy Court for the Southern District of New York. QDI purchased the assets of Provant at docket no. 188 (the "**Sale Order**") in October 2018. Under the Sale Order, QDI stepped into Provant's shoes with respect to the benefits and obligations under the Contract, including the Debtors' obligations to pay QDI for

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

those services under the contract where Provant had provided the services prior to the bankruptcy sale. An amended copy of the Contract in effect at the time that restates the description of services and the pricing thereof is attached as Exhibit A to the Declaration of **TYLER J. WITTSTRUCK** (Wittstruck Declaration).

3. The original unpaid invoice dated December 5, 2018 and directed to Debtors was issued very soon after the bankruptcy asset sale, and the Debtor raised questions concerning the services provided by Provant, the transition to QDI and previous payments made. The parties have been in extensive discussions regarding the amounts due, and have exchanged voluminous information including regarding the services rendered, number of employees participating in the programs, timing of invoicing and previous payments made. After discussions with the Debtors as described above, QDI issued an updated invoice in the amount of $134,473.92, attached to the Wittstruck Declaration as Exhibit B (the "Invoice"), that provided updated numbers that the parties were able to verify, and giving credit to the Debtors for a previously unbeknownst duplicate payment that Debtors had made to Provant. The last communication from Debtor's representative was that he thinks the parties are "very close" but requested additional backup. However, the Plan Supplement lists the cure amount for the Contract as "0" at page 1239 of 1778 of Exhibit B (page 1259 of the 2063 page filing).

## OBJECTION

4. Section 365(a) of the Bankruptcy Code authorizes the debtor, subject to Court approval, to assume or reject an executory contract. 11 U.S.C. § 365(a). Section 365(b)(1) further provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for an actual pecuniary loss to such party resulting from such default; and

11 U.S.C. § 365(b).

5. The cure obligation relating to the Contract is incorrectly stated in the Plan Supplement as $0.00. The correct amounts due are as follows, as reflected in the Invoice:

| Item | Quantity | Price | Total Amount |
|---|---|---|---|
| Web Portal | 21,855 | 2.61 | $ 57,043.89 |
| Gym Memberships | 20,791 | .33 | $ 6,861.03 |
| Onsite Coaching | 80 | 105.00 | $ 8,400.00 |
| Dedicated Phone Line | 1 | 2,000.00 | $ 2,000.00 |
| Physician Forms Processed | 55 | 15.00 | $ 825.00 |
| Health Coaching | 563 | 145.00 | $ 81,635.00 |
| Tobacco Cessation | 240 | 225.00 | $ 54,000.00 |
| Dedicated Email Support | 1 | 3,075.00 | $ 3,075.00 |
| Credit for Prepaid Communication - 2018 | | | ($ 79,366.00) |
| | | **FINAL TOTAL CURE** | **$ 134,473.92** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

WHEREFORE, QDI requests that the Court enter an Order requiring the Debtor to remedy all defaults under the Contract by paying a cure amount of $134,473.92, and granting QDI such other relief as is just and appropriate.

DATED: May 14, 2020

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon

WENDEL ROSEN LLP

*/s/ Tracy Green*
Tracy Green

*Attorneys for Quest Diagnostics Health & Wellness LLC*