JONATHAN SHAPIRO (SBN 257199)
Jonathan.shapiro@bakerbotts.com
DANIEL MARTIN (SBN 306794)
daniel.martin@bakerbotts.com
NATALIE SANDERS (SBN 329916)
natalie.sanders@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Michael D. Fielding (MO #53124)
michael.fielding@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: +1.816.983.8000
Fax: +1.816.983.8080

*Pro Hac Vice* Application to Be Filed

Attorneys for
BLACK & VEATCH CONSTRUCTION, INC.
AND BLACK & VEATCH CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Bankruptcy Case<br>Case No.: 19-30088-DM (Lead Case)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS** |

LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 1 of 7

Creditors and parties-in-interest Black & Veatch Construction, Inc. ("BVCI") and Black & Veatch Corporation ("BVCOR") (BVCI and BVCOR are collectively "BV"), by and through counsel, respectfully submit this limited objection (the "Limited Objection") to the proposed assumption of the BV Agreements (as defined herein) by PG&E Corporation ("Corp.") and Pacific Gas and Electric Company ("PG&E" and together with Corp., the "Debtors"). This Limited Objection is supported by the Declaration of Jun Yang ("Yang Declaration"). In support hereof, BV states as follows:

## BACKGROUND

1. BVCOR and PG&E are parties to the following contracts (and any contract change orders thereto):

   a. A Program Management Agreement (also known as a Master Services Agreement) dated March 31, 2010 (Contract No. 4400004265);

   b. a contract (Contract No. 4400009280) dated August 31, 2015;

   c. a contract (Contract No. C10500) dated August 31, 2018;

   d. and a contract (Contract No. C12959) dated December 28, 2018.

Yang Declaration, ¶ 3.

2. Prior and continuing after the Debtors bankruptcy filing BVCOR has continued to perform work for PG&E under each of those contracts and there are material unperformed obligations under those respective contracts. Yang Declaration, ¶ 4.

3. BVCI and PG&E are parties to the following Master Services Agreement: C747 (formerly 4400010155) which was executed on or about September 14, 2017. Yang Declaration, ¶5.

2

LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 2 of 7

4. Prior and continuing after the Debtors bankruptcy filing BVCI has continued to perform work for PG&E under that Master Services Agreement and there are material unperformed obligations thereunder. Yang Declaration, ¶ 6.

5. The BV/PG&E contracts and the BVCI/PG&E contract referenced above are collectively referred to as the "BV Agreements." Yang Declaration, ¶ 7.

6. On September 17, 2019, BV filed its Proof of Claim No. 8959. BVCOR asserted a total general unsecured prepetition claim of $1,087,758.72 against PG&E. BVCOR's work for PG&E under this proof of claim was performed by its Water division. That proof of claim noted the various contracts between BVCOR and PG&E. Yang Declaration, ¶ 8.

7. Additionally, on September 27, 2019, BV filed its Proof of Claim No. 10053. BV asserted a total general unsecured prepetition claim of $21,854.96 against PG&E. BVCOR's work for PG&E in connection with this proof of claim was performed by its Telecom division. That proof of claim also noted that BV and PG&E are parties to the contracts noted above. Yang Declaration, ¶ 9.

8. On September 17, 2019, BVCI filed its Proof of Claim No. 9024. BVCI asserted a total general unsecured prepetition claim of $4,399,650.00 against PG&E. BVCI's work for PG&E in connection with this proof of claim was performed by its Telecom division. That proof of claim noted the existing Master Services Agreement between the parties which is referenced above. Yang Declaration, ¶ 10.

9. Additionally, on October 7, 2019, BVCI filed its Proof of Claim No. 16931. BVCI asserts a total general unsecured prepetition claim of $15,303,317.72 against PG&E. That proof of claim also noted that BVCI and PG&E are parties to the Master Services Agreement referenced above. BVCI's work for PG&E in connection with this proof of claim was performed by its Power

3
LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 3 of 7

division which provided engineering, construction and procurement services to PG&E. Yang Declaration, ¶ 11.

10. Following the filing of the proofs of claim, BV and PG&E's agent, Revenew, engaged in an extensive claim reconciliation process. Based on that process, BV was under the impression that the claims had been fully reconciled. Yang Declaration, ¶ 12.

11. On May 1, 2020, PG&E filed its *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (Doc. No. 7037) ("Notice"). Exhibit B to that pleading was a *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* wherein PG&E set forth the proposed cure cost for assumption of executory contracts. Pages 142-144 of Exhibit B listed several individual purchase orders between PG&E and BVCI with various cure amounts which, collectively, total approximately $9,028,815.92 (hereinafter the "Cure Cost"). Yang Declaration, ¶ 13.

12. Following the filing of the Notice, BV and PG&E have continued engaging in additional reconciliation efforts. Based on those reconciliation efforts the parties have agreed that the total amount owed is $18,420,775.79. Of that amount, PG&E asserts that the total reconciled cure amount is $9,158,652.29, while stating that the remaining reconciled balance of $9,262,123.50 is to be treated as a General Unsecured Claim under the Plan. Yang Declaration, ¶ 14.

13. BV asserts that, because the $18,420,775.79 that is owed by PG&E stems from the BV Agreements, for which work is on-going, the $18,420,775.79 figure (i.e., the "Proposed Cure Cost") is the proper cure amount for the assumption of the BV Agreements. Yang Declaration, ¶ 15.

4
LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 4 of 7

# LIMITED OBJECTION

14. BV objects on a limited basis to the Cure Cost listed in the Notice and further objects to the proposed assumption of the BV Agreements absent compliance with all of the requirements and provisions of § 365 of the Bankruptcy Code.

15. Debtors' Notice sets forth an amount of approximately $9,028,815.92 in Cure Costs owed to BVCI. As noted above, PG&E and BV have subsequently agreed that the total indebtedness owed is $18,420,775.79, but they differ on what portion of that amount should be classified as the cure amount.

16. Section 365 provides, in part, that:

> [i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

5

LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 5 of 7

17. Pursuant to Federal Rule of Bankruptcy Procedure 3001, "[a] proof of claim filed executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

18. Each of the BV Agreements are executory contracts because work is on-going under each of them and there are material unperformed obligations remaining thereunder.

19. BV objects to the assumption of the BV Agreements absent BV's receipt of the Proposed Cure Cost in accordance with § 365(b) of the Bankruptcy Code. The cure amount necessary to be paid as a condition precedent to the assumption of the BV Agreements should be corrected and changed in the Debtors' Notice to reflect the Proposed Cure Cost.

20. In addition, under the express terms of 11 U.S.C. § 365, in connection with assumption, all defaults must be cured and all other obligations arising under such contract must be assumed in their entirety and must come due and payable as and when provided under the contract and applicable non-bankruptcy law. Debtors' cure obligations therefore include payment of all amounts owed as of the time of assumption. *See In re Building Block Child Care Ctrs., Inc.*, 234 B.R. 762, 765 (9th Cir. B.A.P. 1999).

21. To the extent Debtors fail to pay any additional post-petition amounts in the ordinary course of business (some of which may come due after the filing of this Limited Objection), such amounts, if any, must be paid in connection with assumption.

22. Moreover, it is well-settled law that, where a debtor-in-possession elects to assume an executory contract under section 365 of the Bankruptcy Code, it assumes the contract in its entirety with all of the benefits, burdens, and obligations attendant thereto. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531–32 (1984). Accordingly, if assumed, the BV Agreements must be assumed in its entirety and the Debtors may not assume only certain invoices issued thereunder.

6
LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

# RESERVATION OF RIGHTS

23. BV reserves the right to amend and/ or supplement this Limited Objection and the Proposed Cure Cost.

WHEREFORE, BV respectfully requests that the Court sustain its Limited Objection and condition any assumption of the BV Agreements by the Debtors on: (i) the Debtors' prompt payment of the correct cure cost in the aggregate amount of $18,420,775.79, together with any and all other cure amounts due under the BV Agreements arising as of the actual date that the BV Agreements are assumed, and (ii) assumption of the BV Agreements in their entirety, including any and all invoices issued thereunder. BV further respectfully requests that the Court grant such further relief as the Court may deem just and equitable.

Dated: May 15, 2020

Baker Botts LLP

By: */s/ Natalie Sanders*
　　Jonathan Shapiro
　　Natalie Sanders
　　Attorney for Black & Veatch Corp. and Black & Veatch Construction, Inc.

Dated: May 15, 2020

Husch Blackwell LLP

By: */s/ Michael D. Fielding*
　　Michael D. Fielding
　　Attorney for Black & Veatch Corp. and Black & Veatch Construction, Inc.
　　*Pro Hac Vice* Application to Be Filed

7
LIMITED OBJECTION OF BLACK & VEATCH CONSTRUCTION, INC. AND BLACK & VEATCH CORPORATION TO JOINT CHAPTER 11 PLAN REGARDING PROPOSED CURE AMOUNTS; BANKR. CASE NO. 19-30088-DM

Case: 19-30088    Doc# 7240    Filed: 05/15/20    Entered: 05/15/20 12:50:30    Page 7 of 7