JONATHAN SHAPIRO (SBN 257199)
Jonathan.shapiro@bakerbotts.com
DANIEL MARTIN (SBN 306794)
daniel.martin@bakerbotts.com
NATALIE SANDERS (SBN 329916)
natalie.sanders@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: +1.415.291.6200
Fax: +1.415.291.6300

Michael D. Fielding (MO #53124)
michael.fielding@huschblackwell.com
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: +1.816.983.8000
Fax: +1.816.983.8080

*Pro Hac Vice* Application to Be Filed

Attorneys for
BLACK & VEATCH CONSTRUCTION, INC.
AND BLACK & VEATCH CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors. | Bankruptcy Case<br>Case No.: 19-30088-DM (Lead Case)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**DECLARATION OF JUN YANG** |

I, Jun Yang, make the following declaration under penalty of perjury:

1. I am over twenty-one years of age and competent to testify to the matters set forth herein. I am the Legal & Risk Management Analyst for Black & Veatch Construction, Inc. ("BVCI") and Black & Veatch Corp. ("BVCOR") (BVCI and BVCOR are collectively "BV"). This Declaration is submitted in support of the *Limited Objection of Black & Veatch Construction, Inc. and Black & Veatch Corporation to Joint Chapter 11 Plan Regarding Proposed Cure Amounts*.

2. I have personal knowledge of the facts herein. I or persons who have directly reported to me have reviewed the books, records, and files for BV as they pertain to the accounts for Debtor Pacific Gas and Electric Company ("PG&E"). Based upon those books and records and the direct reports made to me, I understand the following facts to be true. The information recorded in the books, records and files was recorded in the ordinary course of BV's business at or about the time the incidents referred to in the records by persons who had personal knowledge of the event being recorded and has or had a business duty to accurately record such information. If called upon, I could and would testify competently to the facts set forth herein.

3. BVCOR and PG&E are parties to the following contracts (and any contract change orders thereto):

    a. A Program Management Agreement (also known as a Master Services Agreement) dated March 31, 2010 (Contract No. 4400004265);
    b. a contract (Contract No. 4400009280) dated August 31, 2015;
    c. a contract (Contract No. C10500) dated August 31, 2018;
    d. and a contract (Contract No. C12959) dated December 28, 2018.

4. Prior and continuing after the Debtors bankruptcy filing BVCOR has continued to perform work for PG&E under each of those contracts and there are material unperformed obligations under those respective contracts.

5. BVCI and PG&E are parties to the following Master Services Agreement: C747 (formerly 4400010155) which was executed on or about September 14, 2017.

6. Prior and continuing after the Debtors bankruptcy filing BVCI has continued to perform work for PG&E under that Master Services Agreement and there are material unperformed obligations thereunder.

7. The BV/PG&E contracts and the BVCI/PG&E contract referenced above are collectively referred to as the "BV Agreements."

8. On September 17, 2019, BVCOR filed its Proof of Claim No. 8959. BVCOR asserted a total general unsecured prepetition claim of $1,087,758.72 against PG&E. BVCOR's work for PG&E under this proof of claim was performed by its Water division. That proof of claim noted the various contracts between BVCOR and PG&E.

9. Additionally, on September 27, 2019, BVCOR filed its Proof of Claim No. 10053. BV asserted a total general unsecured prepetition claim of $21,854.96 against PG&E. BVCOR's work for PG&E in connection with this proof of claim was performed by its Telecom division. That proof of claim also noted that BVCOR and PG&E are parties to the contracts noted above.

10. On September 17, 2019, BVCI filed its Proof of Claim No. 9024. BVCI asserted a total general unsecured prepetition claim of $4,399,650.00 against PG&E. BVCI's work for PG&E in connection with this proof of claim was performed by its Telecom division. That proof of claim noted the existing Master Services Agreement between the parties which is referenced above.

11. Additionally, on October 7, 2019, BVCI filed its Proof of Claim No. 16931. BVCI asserts a total general unsecured prepetition claim of $15,303,317.72 against PG&E. That proof claim also noted that BVCI and PG&E are parties to the Master Services Agreement referenced above. BVCI's work for PG&E in connection with this proof of claim was performed by its Power division which provided engineering, construction and procurement services to PG&E.

12. Following the filing of the proofs of claim, BV and PG&E's agent, Revenew, engaged in an extensive claim reconciliation process. Based on that BV was under the impression that the claims had been fully reconciled.

13. On May 1, 2020, PG&E filed its *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (Doc. No. 7037) ("Notice"). Exhibit B to that pleading was a *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* wherein PG&E set forth the proposed cure cost for assumption of executory contracts. Pages 142-144 of Exhibit B listed several individual purchase orders between PG&E and BVCI with various cure amounts which, collectively, total approximately $9,028,815.92 (hereinafter the "Cure Cost").

14. Following the filing of the Notice, BV and PG&E have continued engaging in additional reconciliation efforts. Based on those reconciliation efforts the parties have agreed that the total amount owed is $18,420,775.79. Of that amount, PG&E asserts that the total reconciled cure amount is $9,158,652.29 while the remaining reconciled balance of $9,262,123.50 is to be treated as a General Unsecured Claim under the Plan.

15. BV asserts that, because the $18,420,775.79 that is owed by PG&E stems from the BV Agreements for which work is on-going, the $18,420,775.79 figure (i.e., the "Proposed Cure Cost") is the proper cure amount for the assumption of the BV Agreements.

16. A spreadsheet detailing the individual invoices that comprise the Proposed Cure Cost is included here with as Exhibit 1.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on May 15, 2020

By: *Jun Yang*
Jun Yang, Legal & Risk Management Analyst
Black & Veatch Construction, Inc.
Black & Veatch Corporation