Paul J. Laurin (CA No. 136287)
BARNES & THORNBURG LLP
2029 Century Park E, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3785
E-mail: paul.laurin@btlaw.com

David M. Powlen (DE No. 4978) (*pro hac vice*)
Kevin G. Collins (DE No. 5149) (*pro hac vice*)
BARNES & THORNBURG LLP
1000 N. West St., Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
E-mail: david.powlen@btlaw.com
      kevin.collins@btlaw.com

*Attorneys for Energy Systems Group, LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>   **-and-**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>          Debtors. | Case Nos.    19-30088 (DM)<br><br>          19-30089 (DM)<br><br>Chapter 11<br>(Jointly Administered) |
| ☐  Affects PG&E Corporation<br>■  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **LIMITED OBJECTION AND RESERVATION OF RIGHTS BY ENERGY SYSTEMS GROUP, LLC RELATED TO ASSUMPTION OF ITS AGREEMENTS BY DEBTOR PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Related Docket Nos. 6320 & 7037 |

1

Energy Systems Group, LLC ("ESG"), by and through its undersigned counsel, files this limited objection and reservation of rights with respect to the proposed assumption and other treatment of its agreements, as apparently listed or referenced in the *Schedule of Executory Contracts and Unexpired Leases to be Assumed* [included in the Plan Supplement filed on May 1, 2020, Docket No. 7037, p. 13 *et seq.*] (the "Schedule"), pursuant to the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* dated March 16, 2020 [Docket No. 6320] (the "Plan").[1] In support of this limited objection and reservation of rights, ESG respectfully states as follows:

## **BACKGROUND**

### **The Chapter 11 Cases, Schedule of Assumed Contracts and Proposed Plan**

1.      On January 29, 2019 (the "Petition Date"), PG&E Corporation and Pacific Gas and Electric Company ("PG&E," and together with PG&E Corporation, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") commencing the above-captioned jointly-administered cases.

2.      Paragraph 7 of the Notice accompanying the Schedule requires a counterparty to file an Objection by May 15, 2020, with respect to any Cure Amount and "any other matter pertaining to assumption" of an Agreement.

3.      Section 8.1(a) of the Plan provides that "all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed," with certain exceptions that are not applicable to ESG.  Also, paragraph 5 of the Notice accompanying the Schedule further states that:

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Schedule or the Plan, as appropriate.

2

Pursuant to Section 8.1 of the Plan, the exclusion of any executory contract or unexpired lease from the Schedule of Assumed Contracts shall not constitute a rejection of such executory contract or unexpired lease.

(Such terms and concepts are collectively hereinafter referred to as the "Assumption Provisions.")

4. Section 8.9 of the Plan contains a broad incorporation of any related "modifications, amendments, supplements [and] restatements" into an Agreement that is assumed, and paragraph no. 5 of the Notice accompanying the Schedule further states that:

References to any Agreements to be assumed pursuant to the Plan are to the applicable agreement and other operative documents as of the date of this Notice, as they may have been amended, modified or supplemented from time to time and as may be further amended, modified or supplemented by the parties thereto between such date and the Effective Date of the Plan.

(Such terms and concepts are collectively hereinafter referred to as the "Incorporation Provisions.")

5. Section 8.2(e) of the Plan provides in pertinent part that:

Assumption ... of any executory contract ... pursuant to the Plan ... shall result in the full release and satisfaction of any Claims and Causes of Action against any Debtor ... arising under any assumed executory contract at any time before the date that the Debtors assume ... such executory contract..., whether monetary or nonmonetary....

(Such terms and concepts are collectively hereinafter referred to as the "Release Provisions.")

**The Agreements Between ESG and PG&E**

6. On October 18, 2019, ESG filed a proof of claim [identified by the Claims Agent as claim no. 59821] (the "Proof of Claim") in the subject Chapter 11 case of PG&E. A copy of the Proof of Claim is attached hereto as **Exhibit A**, and is hereby incorporated by reference.[2]

---

[2] As noted in the Proof of Claim, the Master Service Agreement, Contract Work Authorizations (including various schedules and exhibits), purchase orders and other documents specifically evidencing or related to the agreements and arrangements between ESG and PG&E are voluminous, and certain information or terms contained therein are proprietary and/or may be subject to confidentiality restrictions. Also, ESG believes that PG&E is in possession of and/or has ready access to the substantiating documents. Accordingly, such documents were not included with the

3

7.     As more specifically described in the Proof of Claim, ESG and PG&E prior to the Petition Date entered into a certain Master Service Agreement ("MSA") and various Contract Work Authorizations (each a "CWA" and collectively the "CWAs"), pursuant to which ESG (as a subcontractor) has provided materials, labor and services in construction projects (with PG&E as general contractor) designed to improve efficiencies and reduce overall energy consumption and water utilization in facilities owned or operated by the Government of the United States of America (collectively, the "Pre-Petition Projects").

8.     A detailed description of the Pre-Petition Projects is contained in the Proof of Claim, including the respective retainage amounts owed to ESG under each CWA as of the Petition Date.

9.     Attached hereto as **Exhibit B** is a revised, full and complete list (the "Revised Schedule") of all agreements between the parties, including specific identification of CWAs and related purchase orders (collectively the "Agreements"), which ESG understands and anticipates will or should be assumed by PG&E as of the Effective Date of the Plan.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

10.     As a preliminary matter, ESG is not opposed to an assumption of all outstanding Agreements between it and PG&E related to ongoing or incomplete construction projects, as more specifically described in the Revised Schedule (and as also defined and described in ESG's Proof of Claim). Given the nature and extent of the Assumption Provisions, Incorporation Provisions and Release Provisions, this objection and reservation of rights is being filed as a

Proof of Claim and do not accompany this pleading. Additional documentation and information supporting the Proof of Claim and this pleading would be made available by ESG upon reasonable request and subject to appropriate protective arrangements.  In addition to the undersigned counsel for ESG, the following representative of ESG is authorized to address and resolve this pleading:  Dan Shell, Vice President, Contracts and General Counsel, Energy Systems Group, LLC, 9877 Eastgate Court, Newburgh, IN 47630, *dshell@energysystemsgroup.com,* telephone 812-492-3722.

protective measure, to ensure that (a) each and all of the Agreements are specifically identified and included in the assumption process, and (b) all retainage amounts owed as of the Petition Date and any and all other sums that are or will be owed to ESG shall be paid as and when they become due under the respective terms of the Agreements.

11.    In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption cure all existing defaults, compensate the non-debtor party for any actual pecuniary loss resulting from such defaults, and provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere*—including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (indicating that a debtor is required to assume a contract "*cum onere*"); *Energy Consulting & Mgmt. Solutions, LLC v. Western States Equip. Co.*, 574 Fed. Appx. 763 (9th Cir. 2014) (same) (citations omitted). The proper cure amount should include all liabilities and obligations that have arisen or accrued under a contract both before and after the petition date. *See* 11 U.S.C. § 365(b)(1)(A) ("[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default…") (emphasis added).

12.    It appears that page 462[3] of the Schedule filed by the Debtors on May 1, 2020, does not contain a comprehensive description of all Agreements between ESG and PG&E that were in existence as of the Petition Date and pertain to Pre-Petition Projects (in comparison to the Revised Schedule attached hereto as to Exhibit B), despite an apparent intention of the

---

[3] Page 462 of the Schedule constitutes page 482 of the Plan Supplement.

5

Debtors to assume all such Agreements in accordance with the Assumption Provisions and Incorporation Provisions. ESG is continuing to investigate various items listed by PG&E in the Schedule and is seeking to communicate further with and obtain additional information from PG&E's representatives regarding same.

13. Among other items, the Schedule identifies three (3) purchase orders with corresponding Cure Amounts. It is ESG's understanding and position that individual purchase orders are supplemental to, and do not stand alone from, the CWAs between the parties (particularly given the above-described Incorporation Provisions). Also, if or to the extent such Cure Amounts were intended by the Debtors to constitute the respective retainage amounts owed to ESG as of the Petition Date with respect to certain of the Pre-Petition Projects, ESG respectfully states that such amounts are inaccurate and the proper amounts are contained in the Proof of Claim. Also, as ESG continues to perform under an Agreement, the retainage amount and other sums owing to ESG evolve and change.

14. Under the circumstances, the elements of and other preconditions associated with assumption of the Agreements should be satisfied on or otherwise provided for as of the effective date of such assumption -- which includes the time period from and after the Petition Date as well as prior to or as of the Petition Date. In addition, assumption of the Agreements necessarily entails PG&E continuing to be obligated to pay and satisfy any and all obligations under the Agreements. (The foregoing concepts are hereinafter referred to as the "Assumption Elements").

15. Accordingly, ESG respectfully states that any assumption of the Agreements may and should be conditioned upon (a) such assumption being consistent with the contents of its Proof of Claim (including without limitation all retainage amounts owed as of the Petition Date) and Revised Schedule, and (b) the Assumption Elements being resolved as of the Effective Date

6

of the Plan (which also corresponds to the effective date of such assumptions and the time period covered by the above-described Release Provisions).

16. For the purposes of satisfying the considerations of part (b) in the preceding paragraph, ESG has respectfully submitted proposed language in the Revised Schedule, on the line referencing the MSA between the parties (the "Preservation Provision"). The Revised Schedule, including the proposed Preservation Provision, has been shared with PG&E's representatives prior to the filing of this pleading, and it is anticipated that the parties will continue to have informal discussions in an effort to reach a mutually satisfactory and specific understanding with respect to the identification, scope and go-forward treatment of each and all of the Agreements that will be assumed.

17. ESG reserves the right to seek payment of an increased Cure Amount, or any additional claims based upon or pertaining to the time period from and after the Petition Date, in connection with assumption of any Agreement as of the Effective Date of the Plan.

18. If the Plan is not confirmed, or in the event of a rejection of any of the Agreements, ESG reserves the right to seek allowance, payment and satisfaction of various additional claims or obligations which are not contemplated or encompassed by its Proof of Claim or the Revised Schedule.

19. ESG retains and reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than the Debtors, and nothing herein shall be considered an election not to pursue remedies against such entities. Without limiting the generality of the foregoing, ESG hereby reserves all rights based upon or related to payment bonds, performance bonds and other actual or potential claims against sureties to which ESG is or otherwise may be entitled at present or at any time in the future.

7

20. ESG reserves the right to update, supplement or modify this objection and reservation of rights as may be necessary or appropriate (in particular if PG&E were ultimately not to accept the above-described Preservation Provision), and to submit additional documents or evidence in support hereof, including in relation to any specific terms or arrangements that may be further proposed by the Debtors with respect to the Schedule or the Revised Schedule.

**WHEREFORE**, ESG respectfully (I) objects to the Debtors' proposed Schedule as it pertains to the assumption of ESG's Agreements with PG&E, (II) requests that any assumption of the Agreements be (A) conditioned upon a complete satisfaction of the above-described Assumption Elements as of the Effective Date of the Plan and (B) required to be consistent with its Proof of Claim and Revised Schedule, and (III) requests that it be accorded such other and further relief as may be just and proper.

Dated: May 15, 2020

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Paul J. Laurin*
Paul J. Laurin (CA No. 136287)
Barnes & Thornburg LLP
2029 Century Park E, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3785
E-mail: *paul.laurin@btlaw.com*

and

David M. Powlen (*pro hac vice*)
Kevin G. Collins (*pro hac vice*)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
Email: *david.powlen@btlaw.com*
Email: *kevin.collins@btlaw.com*

*Attorneys for Energy Systems Group, LLC*

8

# EXHIBIT A

## United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

<u>Official Form 410</u>

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

---

**Part 1:  Identify the Claim**

| | |
|---|---|
| 1. Who is the current creditor? | Energy Systems Group, LLC <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| David M. Powlen <br> Kevin G. Collins <br> Barnes & Thornburg LLP <br> 1000 N. West Street, Suite 1500 <br> Wilmington, DE  19801 | Dan Shell <br> Vice President, Contracts and General Counsel <br> Energy Systems Group, LLC <br> 9877 Eastgate Court <br> Newburgh, IN  47630 |
| Contact phone  302-300-3434 | Contact phone  812-492-3722 |
| Contact email  david.powlen@btlaw.com | Contact email  dshell@energysystemsgroup.com |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____   Filed on ____/____/____ <br> MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ SEE ATTACHED . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached (materials and labor provided under contracts for various projects)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                          Proof of Claim                                              page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Drew E. Bailey*
Drew E. Bailey (Oct 18, 2019)

Email: dbailey@energysystemsgroup.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Drew E. Bailey | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Vice President, Finance and Accounting |
|---|---|

| Company | Energy Systems Group, LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 9877 Eastgate Court |
|---|---|
| | Number        Street |

| | Newburgh | IN | 47630 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 812-492-3722 (Dan Shell) | Email | dbailey@energysystemsgroup.com |
|---|---|---|---|

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
   **(attach below)**

☐ **I do _not_ have supporting documentation.**

📎 Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

## Do not file these instructions with your form

# United States Bankruptcy Court, Northern District of California

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? | Energy Systems Group, LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor _____ | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>David M. Powlen<br>Kevin G. Collins<br>Barnes & Thornburg LLP<br>1000 N. West Street, Suite 1500<br>Wilmington, DE 19801<br><br>Contact phone 302-300-3434<br>Contact email david.powlen@btlaw.com | **Where should payments to the creditor be sent?** (if different)<br><br>Dan Shell<br>Vice President, Contracts and General Counsel<br>Energy Systems Group, LLC<br>9877 Eastgate Court<br>Newburgh, IN 47630<br><br>Contact phone 812-492-3722<br>Contact email dshell@energysystemsgroup.com |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on ___ / ___ / ___<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |

| | |
|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **7. How much is the claim?** | $ <u>SEE ATTACHED</u> . **Does this amount include interest or other charges?**<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>SEE ATTACHED (materials and labor provided under contracts for various projects) |
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate (when** case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Case: 19-30088    Doc# 7248    Filed: 05/15/20    Entered: 05/15/20 13:31:46    Page 17 of 29

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/18/19  (mm/dd/yyyy)

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Drew Bailey | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Vice President, Finance and Accounting | | |
| Company | Energy Systems Group, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 9877 Eastgate Court | | |
| | Number        Street | | |
| | Newburgh | IN | 47630 |
| | City | State | ZIP Code |
| Contact phone | (812) 492-3722 [Dan Shell, General Counsel] | Email | dbailey@energysystemsgroup.com |

**Debtor:** **Pacific Gas & Electric Company**
**Case No.:** **19-30089 (DM)**
**United States Bankruptcy Court**
**Northern District of California**
**San Francisco Division**

## NOTICE REQUEST

Please direct any and all correspondence, pleadings, notices, and orders related to this Proof of Claim by Energy Systems Group, LLC to each of the following:

1.   Dan Shell
     Vice President, Contracts and General Counsel
     Energy Systems Group, LLC
     9877 Eastgate Court
     Newburgh, IN 47630
     Telephone: (812) 492-3722
     Email: dshell@energysystemsgroup.com

2.   David M. Powlen
     Kevin G. Collins
     BARNES & THORNBURG LLP
     1000 N. West Street, Suite 1500
     Wilmington, Delaware 19801
     Telephone: (302) 300-3434
     Email: david.powlen@btlaw.com
            kevin.collins@btlaw.com

| Debtor: | **Pacific Gas & Electric Company** |
|---|---|
| Case No.: | **19-30089 (DM)** |
| | **United States Bankruptcy Court** |
| | **Northern District of California** |
| | **San Francisco Division** |

## ATTACHMENT TO PROOF OF CLAIM BY
### ENERGY SYSTEMS GROUP, LLC

**Background**

Pacific Gas & Electric Company ("PGE") and PG&E Corporation (together with PGE, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on January 29, 2019 (the "Petition Date"), commencing cases which are being jointly administered under Case No. 19-30088 (DM) (the "Chapter 11 Cases") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

This Proof of Claim is being submitted and specifically filed in the above-referenced Case No. 19-30089 (DM) for the debtor PGE in accordance with a *Motion* filed in the Lead Case by the Debtors on May 1, 2019 [ECF No. 1784], and an *Order* entered by the Bankruptcy Court on July 1, 2019 [ECF No. 2806], by which October 21, 2019, was set as the general Bar Date for creditors to file proofs of claims in PGE's Case. This Proof of Claim sets out the total retainage amounts owed to Energy Systems Group, LLC ("ESG") as of the Petition Date and as of September 30, 2019, under certain executory contracts (more particularly described below), and is being filed as a protective measure at this time (given the Bar Date established by the Order) even though none of the contracts have yet been assumed or rejected in the Chapter 11 Cases. As more particularly referenced in the below Reservation of Rights and Defenses section, and without limiting the other provisions and statements herein, ESG understands and expects that if such executory contracts are assumed by PGE (as part of a plan of reorganziation or otherwise), such retainage amounts thereupon should or would be paid in full by PGE as and when appropriate.

ESG is a full service energy services company that supports PGE's Utility Energy Services Contract ("UESC") program for PG&E's customers consisting of various facilities of the Government of the United States of America, including Veterans Affairs medical centers and military installations. ESG has operated as a primary subcontractor to PGE for the UESC program, in connection with which ESG has provided audit, design, construction, operation, maintenance, repair, replacement, measurement and verification work and materials as more particularly described and defined in Government Task Orders involving PGE and its GSA Areawide Contract and other agreements with the federal government, with the objectives of improving efficiencies in and reducing overall energy consumption and water utilization within the government's facilities.

2

**Description of Claims**

Prior to the Petition Date and in connection with the UESC Program, ESG and PGE entered into that certain Master Service Agreement No. 4400011832 dated and effective as of June 30, 2017, and with an expiration date of December 31, 2021 (the "MSA"). Also, prior to the Petition Date the parties had entered into several agreements constituting and described as Contract Work Authorizations (each a "CWA" and collectively the "CWAs"), which in turn incorporated and are governed by various terms and conditions of the MSA, pursuant to which ESG has provided materials and services at and for various projects.

Included in "Exhibit A" hereto are descriptions of projects and related CWAs (the "Project Summary") under which retainage amounts were owed by PGE to ESG as of the Petition Date (collectively the "Pre-Petition Projects"). Also, the Project Summary sets out the retainage amounts owed by PGE to ESG as of September 30, 2019 (the calendar month-end closest to the Bar Date) under various projects and CWAs, including one project undertaken and related CWA entered into since the Petition Date (the "Post-Petition Project").

As more particularly evidenced in the Project Summary:

- ■ On the Petition Date ESG was owed and as of September 30, 2019, continues to be owed retainage amounts based upon materials and services provided for the Pre-Petition Projects up to the Petition Date in the total sum of: **$1,852.669.94**

- ■ As of September 30, 2019, ESG is owed retainage amounts based upon materials and services provided for the Pre-Petition Projects through September 30, 2019 in the total sum of: **$2,327,569.38**

- ■ As of September 30, 2019, ESG is owed retainage amounts based upon materials and services provided for the Post-Petition Project through September 30, 2019 in the total sum of: **$316,400.74**

The MSA, the CWAs (including various schedules and exhibits), the individual invoices, the statements and other records which more specifically evidence PGE's indebtedness to ESG are voluminous, and the information or terms contained therein are proprietary and/or may be subject to confidentiality restrictions. Also, ESG believes that PGE is in possession of and/or has ready access to the substantiating documents. Accordingly, such documents are not included with this Proof of Claim. Additional documents and information supporting this Proof of Claim would be made available by ESG to appropriate persons upon reasonable request.

**Reservation of Rights and Defenses**

The filing of this Proof of Claim is not intended to alter or affect, or to constitute a waiver of, any of ESG's additional rights and claims under or in relation to the subject MSA or CWAs, including, without limitation, any claims which would be based upon materials and services already provided or to be provided by ESG for the Pre-Petition Projects since the Petition Date

3

that would not based upon or relate to retainage amounts, and any other claims which may not yet have arisen or be known. Also, ESG retains and reserves any rights, claims, actions, setoffs, or recoupments to which it is or may be entitled under contract or otherwise in law or in equity with respect to PGE in its bankruptcy case.

ESG reserves the right to supplement or amend this Proof of Claim for the purpose of including specific or additional sums as additional pre-petition items, and to state a total amount that is or would be owed by PGE to ESG upon the assumption or rejection of any of the subject agreements, the effective date of any plan of reorganization or liquidation, the date of any distribution or payment with respect to ESG's claims, or any other appropriate date(s). Also, ESG retains and reserves the right to assert any administrative expense or other priority claims that it may has or may later have against PGE or otherwise.

ESG reserves the right to amend, supplement, and/or modify this Proof of Claim (and the documents that accompany or support same) from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in PGE's bankruptcy case or in other proceedings, or otherwise to further the purposes of filing this Proof of Claim. Also, ESG respectfully requests that pursuant to 11 U.S.C. § 502(c) its claims which are the subject of this Proof of Claim be estimated for the purposes of allowance if or to the extent necessary or appropriate.

ESG retains and reserves any and all rights, claims, actions, and remedies it has or may have with respect to all entities other than PGE, and nothing herein shall be considered an election not to pursue remedies against such entities. Without limiting the generality of the foregoing, ESG hereby reserves all rights based upon or related to payment bonds, performance bonds and other actual or potential claims against sureties to which ESG is or otherwise may be entitled at present or at any time in the future.

ESG respectfully does not necessarily consent to, and reserves the right to object to, the exercise of jurisdiction by the Bankruptcy Court over any and all aspects of, and/or any proceedings relating to any subject of, this Proof of Claim. Also, without limiting the generality of the foregoing, ESG respectfully retains and reserves any and all rights it otherwise may have to (a) request determinations by or other relief from the Bankruptcy Court which has had jurisdiction over the Debtor's bankruptcy case, (b) seek liquidation of, judgment upon, or other relief associated with its claims against PGE in a forum other than before the Bankruptcy Court, (c) object and not submit to the jurisdiction of the Bankruptcy Court for any particular purpose, matter, or proceeding, (d) seek entry of final orders in non-core matters only after a *de novo* review by a District Court Judge, (e) trial by jury on any issue so triable in any contested matter or adversary proceeding arising in or related to PGE's bankruptcy case, or (f) request that the District Court withdraw the reference in any matter or proceeding subject to mandatory or discretionary withdrawal.

4

# EXHIBIT A – SUMMARY OF PROJECTS BY ENERGY SYSTEMS GROUP, LLC FOR PACIFIC GAS & ELECTRIC COMPANY

## Contracts Awarded Prior To Petition Date

| Project Name / Location | CWA Number / Award Date | Description of Work | Status | Percent Complete as of 9-30-19 | Contract Value (Including Change Orders) | Unpaid Retainage at 01-28-2019 | Unpaid Retainage at 09-30-2019 |
|---|---|---|---|---|---|---|---|
| **VISN 21 Menlo Park** Menlo Park VA Medical Center 795 Willow Rd Menlo Park, CA 94025 | 2092 10/3/2017 | HVAC scheduling and AHU supply air reset in Building 325, 331 & 347, reschedule the exhaust fans in Building 329, retrofit three existing boilers in Building 114, replace 94 steam traps throughout campus, install insulation on steam valves, perform lighting retrofit, replace groundwater storage tank, replace roof of A-Wing, Building 331 and install a photovoltaic system. | Open | 98.35% | 5,125,626.56 | 453,485.81 | 504,080.56 |
| **VISN 21 Fresno** Fresno VA Medical Center 2615 E. Clinton Avenue Fresno, CA 93703 | 2249 10/11/2017 | Replace two AHUs on the CLC, retrofit AHU-8, and replace ICU AHU in Building 1 (AHU-8 & ICU AHU are on hold pending direction.), install one centrifugal chiller in the new chiller plant, replace the three steam boilers, replace 24 steam traps, insulate steam valves and piping. | Open | 81.77% | 5,872,779.13 | 423,865.31 | 480,231.89 |
| **VISN 21 3M's - Mather, Martinez, McClellan** Valley Division Sacramento VA Medical Center 10535 Hospital Way Mather, CA 95655 | 2252 10/11/2017 | **Mather** - Install synchronous and cogged fan belts, upgrade building management system, replace two air-cooled chillers, replace steam traps and install steam trap monitoring system, replace pneumatic VAVs with DDC VAV boxes, retrofit existing lighting fixtures with LED lamps in 11 buildings, replace convection steamer. **Martinez** - Install new energy-efficient TLED lamps and new LED fixtures in select buildings. **McClellan** - Add Split Systems in IT Closets, replace VAV Boxes and add DDC, install new energy-efficient TLED lamps and new LED fixtures in select buildings. | Open | 98.78% | 3,468,888.87 | 342,655.23 | 342,655.23 |
| **VISN 21 Livermore Boiler** VA Livermore Division 4951 Arroyo Road Livermore, CA 94550 | C2605 11/6/2017 | Modular Steam Boiler Plant Design | Closed | 100.00% | 567,890.00 | 56,789.00 | 0 |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 5 | VISN 21 San Francisco<br>VA San Francisco<br>4150 Clement Street<br>San Francisco, CA 94121 | C4482<br>1/17/2018 | Retrofit 8 AHUs in Building 203 and 3 AHUs in Building 200, install 3 three new 500 hp steam boilers, and provide boiler operators during the first six months of operations. Replace 42 steam traps and retrofit the steam trap monitoring system, Insulate 29 valves in the steam distribution system. Perform lighting retrofit; reschedule HVAC occupied/unoccupied setpoints for select buildings. | Open | 53.27% | 18,785,234.01 | 632,663.59 | 1,000,601.70 |
| 6 | VISN 21 Livermore Implementation<br>VA Livermore Division<br>4951 Arroyo Rd<br>Livermore, CA 94550 | C6703<br>4/12/2018 | Insulate condensate return piping and valves, replace failed steam traps, install new energy-efficient TLED lamps and new LED fixtures in select buildings. | Open | 90.39% | 981,727.49 | 0 | 0 |

**Total Unpaid Retainage Amounts Owed for Pre-Petition Projects on the Petition Date and Remaining Unpaid as of 9/30/2019 (see lines 1-6 at column G as adjusted for post-petition payments through 9/30/2019 reflected in column H): $1,852,669.94**

**Total Unpaid Retainage Amounts Owed for Pre-Petition Projects Through 9/30/2019 and Remaining Unpaid as of 9/30/2019 (see lines 1-6 at column H): $2,327,569.38**

## Contracts Awarded After The Petition Date

| | Project Name / Location | CWA Number / Award Date | Description of Work | Status | Percent Complete as of 9-30-19 | Contract Value (Including Change Orders) | Unpaid Retainage at 01-28-2019 | Unpaid Retainage at 09-30-2019 |
|---|---|---|---|---|---|---|---|---|
| 7 | VISN 21 Livermore Modular Boiler<br>VA Livermore Division<br>4951 Arroyo Road<br>Livermore, CA 94650 | C6703<br>5/31/2019 | Construct new boiler plant (ground up) with all required boiler equipment. | Open | 34% | 9,247,819.16 | | $316,400.74 |

# Electronic Proof of Claim_@KS@$27386

Final Audit Report                                    2019-10-18

| | |
|---|---|
| Created: | 2019-10-18 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAo3a9K55-_B35yOkxxGcniXF0pOHYEdIh |

## "Electronic Proof of Claim_@KS@$27386" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-18 - 6:23:22 PM GMT

Drew E. Bailey (dbailey@energysystemsgroup.com) uploaded the following supporting documents:
   Attachment
2019-10-18 - 6:35:08 PM GMT

Web Form filled in by Drew E. Bailey (dbailey@energysystemsgroup.com)
2019-10-18 - 6:35:08 PM GMT- IP address: 70.89.41.5

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/77.0.3865.120 Safari/537.36)
2019-10-18 - 6:35:11 PM GMT- IP address: 70.89.41.5

Signed document emailed to Drew E. Bailey (dbailey@energysystemsgroup.com) and Prime Clerk E-Filing
(efiling@primeclerk.com)
2019-10-18 - 6:35:11 PM GMT

Prime Clerk    POWERED BY Adobe Sign

# EXHIBIT B

| Non-Debtor Counterparty Name | Match ID | Contract ID | Debtor Name | Address | City | State | Country | ZIP Code | Title of Agreement | Effective Date of Agreement | Cure Amount¹ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ENERGY SYSTEMS GROUP LLC | 1004949 | CCNRD_02828 | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | MASTER SERVICES AGREEMENT PROVIDING THAT PG&E MAY ENTER INTO CONTRACT<br><br>WORK AUTHORIZATIONS WITH THIS VENDOR FOR VARIOUS ENERGY EFFICIENCY CONSTRUCTION PROJECTS | 7/12/2017 | All pre-petition retainage , amounts and other obligations associated with ongoing construction projects for which ESG is subcontractor to PG&E as general contractor shall be paid and satisfied as and when they become due under the terms of the CWAs and POs between the parties listed below. |
| ENERGY SYSTEMS GROUP LLC | 1004949 | SRCAST_C1103_00640 | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | UESC ESG 2017 TO 2021 | 6/22/2017 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | CCNRD_03012 SRCPOS_2700018504 | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | MARTINEZ, MATHER, MCCLELLAN CWA #2252 Dated 10/11/2017 PO #2700018504 | 10/11/2017 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | LIVERMORE BOILER CWA C2605 Dated 11/6/17 PO #2700024465/2700164974 | 11/6/2017 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | LIVERMORE CWA C6703 Dated 4/12/2018 PO #2700094079 | 4/12/2018 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | SRCPOS_2700018506 | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | FRESNO CWA 2249 Dated 10/11/2017 PO #2700018506 | 10/11/2017 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | SRCPOS_2700053850 | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | SAN FRANCISCO CWA C4482 Dated 1/18/18 PO #2700053850/2700315771 | 1/18/2018 | |
| ENERGY SYSTEMS GROUP LLC | 1004949 | | PACIFIC GAS AND ELECTRIC COMPANY | 9877 EASTGATE COURT | NEWBURGH | IN | US | 47630 | MENLO PARK CWA 2092 Dated 10/13/2017 PO #2700016243/2700435893 | 10/13/2017 | |

## CERTIFICATE OF SERVICE

I, Andrea K. Mattingly, am a resident of the State of California, over the age of 18 years, and not a party to this action. On May 15, 2020, I served the following documents(s): **LIMITED OBJECTION AND RESERVATION OF RIGHTS BY ENERGY SYSTEMS GROUP, LLC RELATED TO ASSUMPTION OF ITS AGREEMENTS BY DEBTOR PACIFIC GAS AND ELECTRIC COMPANY**.

☒ [CM/ECF] Under controlling Local Bankruptcy Rules, the document(s) listed above will be served by the court via NEF and hyperlink to the document to the CM/ECF participants registered to receive service in this matter. On May 15, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding.

☒ [E-MAIL TRANSMISSION] Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I sent the document(s) listed above to the person(s) at the email address(es) as set forth below.

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Counsel for Debtors | Weil, Gotshal & Manges LLP | Attn: Stephen Karotkin, Jessica Liou, Matthew Goren | stephen.karotkin@weil.com<br>matthew.goren@weil.com<br>jessica.liou@weil.com<br>tom.schinckel@weil.com<br>matthew.goren@weil.com |
| Counsel for Debtors | Keller Benvenutti Kim LLP | Attn: Tobias S. Keller, Jane Kim | tkeller@kbkllp.com<br>jkim@kbkllp.com |
| Counsel for Shareholder Proponents | Jones Day | Attn: Bruce S. Bennett, Joshua M. Mester, James O. Johnson | bbennett@jonesday.com<br>jmester@jonesday.com<br>jjohnston@jonesday.com |
| Counsel for Administrative Agent under Debtors' debtor-in-possession financing facility | Stroock & Stroock & Lavan LLP | Attn: Kristopher M. Hansen, Erez E. Gilad, Matthew G. Garofalo, Frank Merola | khansen@stroock.com<br>egilad@stroock.com<br>mgarofalo@stroock.com<br>fmerola@stroock.com |
| Counsel for Collateral Agent under Debtors' debtor-in-possession financing facility | Davis Polk & Wardwell LLP | Attn: Eli J. Vonnegut, David Schiff, Timothy Graulich | eli.vonnegut@davispolk.com<br>david.schiff@davispolk.com<br>timothy.graulich@davispolk.com |

1

| | | | |
|---|---|---|---|
| Counsel for California Public Utilities Commission | Paul, Weiss, Rifkind, Wharton & Garrison LLP | Attn: Alan W. Kornberg, Brian S. Hermann, Walter R. Rieman, Sean A. Mitchell, Neal P. Donnelly | akornberg@paulweiss.com<br>bhermann@paulweiss.com<br>wrieman@paulweiss.com<br>smitchell@paulweiss.com<br>ndonnelly@paulweiss.com |
| Office of United States Trustee for Region 17 | Office of United States Trustee for Region 17 | Attn: James L. Snyder, Esq. & Timothy Lafreddi, Esq., Marta E. Villacorta | James.L.Snyder@usdoj.gov<br>timothy.s.laffredi@usdoj.gov<br>Marta.Villacorta@usdoj.gov |
| U.S. Nuclear Regulatory Commission | U.S. Nuclear Regulatory Commission | Attn: Anita Ghosh Naber | anita.ghoshnaber@nrc.gov |
| U.S. Department of Justice | U.S. Department of Justice | Attn: Danielle A. Pham | danielle.pham@usdoj.gov |
| Counsel for Official Committee of Unsecured Creditors | Milbank LLP | Attn: Dennis F. Dunne, Samuel A. Khalil, Gregory A. Bray, Thomas R. Kreller, Samir L. Vora | ddunne@milbank.com<br>skhalil@milbank.com<br>Gbray@milbank.com<br>TKreller@milbank.com<br>svora@milbank.com |
| Counsel for Official Committee of Tort Claimants | Baker & Hostetler, LLP | Attn: Eric E. Sagerman, Lauren T. Attard, Robert A. Julian, Cecily A. Dumas | esagerman@bakerlaw.com<br>lattard@bakerlaw.com<br>rjulian@bakerlaw.com<br>cdumas@bakerlaw.com |

☒ [U.S. Mail] I served the following person(s) listed below by placing accurate copies in a sealed envelope in the United States Mail via first class, postage prepaid mail.

PG&E Corporation
Pacific Gas and Electric Company
Attn: Janet Loduca, Esq.
PO Box 770000
77 Beale Street
San Francisco, CA 94105
        *Debtors*

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on May 15, 2020 at San Diego, California.

Andrea Mattingly

2