DOWNEY BRAND LLP
R. DALE GINTER (Bar No. 100784)
dginter@downeybrand.com
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Sierra Pacific Industries

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY.<br><br>     Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects Both Debtors,<br><br>*All papers shall be filed in the Lead Case No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br><br>**SIERRA PACIFIC INDUSTRIES' OBJECTION TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES**<br><br>Date:  May 27, 2020<br>Time:  10:00 a.m.<br>Place: Courtroom 17<br>       450 Golden Date Avenue<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

On May 1, 2020 PG&E filed its Notice of Filing of Plan Supplement In Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket # 7037] ("Notice"). Exhibit B to the Notice is the Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "Assumption Schedule").

The Assumption Schedule lists eight (8) agreements with Sierra Pacific Industries ("SPI") on Page 1395 of 1778 (or page 1415 of 2063 on Docket # 7037). The fifth (5th) agreement listed is

described as an "EMCL Agreement" dated 8/9/2012 with a Proposed Cure Amount of $399,597.13. This executory contract is a Power Purchase Agreement and the Proposed Cure Amount is correct. SPI has no objection to the assumption of this agreement and the cure amount as stated.

As to the other seven agreements listed on the Assumption Schedule SPI's personnel cannot determine from the description what contract is being referenced.

SPI filed the proofs of claim listed below (exclusive of its environmental and fire damage claims):

| Claim Number | Claimant | Description | Amount |
|---|---|---|---|
| 2377 | SPI Bio-Mass PPA | 503(b)(9) administrative priority | $399,597.13 |
| 30921 | SPI | Temp. Const. Easement | $1,516.69 |
| 30927 | SPI | Road License Agmt. (1/1/2019) | $6,000.00 |
| 30928 | SPI | Temp. Const. Easement (1/9/2019) | $645.00 |

Claim Number 2377 matches up to the Proposed Cure Amount on the Assumption Schedule. However, the amounts in proofs of claim 30921, 30927 and 30928 are not shown as cure amounts. These amounts should be listed as cure amounts as to the respective contracts being assumed. SPI objects to the failure to adequately identify the contracts in the Assumption Schedule and its failure to include the cure amounts for these three proofs of claim. SPI requests that the Court require PG&E to provide it with copies of the contracts that correspond to each of its entries on the Assumption Schedule so this may be sorted out.

The sixth (6th) SPI agreement listed on the Assumption Schedule is described as an "EMCL Agreement" dated 5/6/1965 with a Proposed Cure Amount of $4,183.51. This agreement is with Sierra Pacific Nevada Power in Reno, NV, and is not affiliated with SPI. The Assumption Schedule should be amended to reflect the correct counterparty.

Additionally, the Assumption Schedule reflects three different addresses for SPI, none of which is correct. It's correct address is Sierra Pacific Industries, P. O. Box 496028, Redding, CA. 96049, Attn: Michael Dalglish.

The undersigned counsel has been in contact with Mr. Tom Schenckel of the Weil, Gotshal firm and is hopeful that these matters will be resolved.

Wherefore, SPI respectfully requests the Court to authorize the assumption and cure amount of the fifth (5th) agreement listed and described as an "EMCL Agreement" dated 8/9/2012 with a Proposed Cure Amount of $399,597.13.

And wherefore, SPI respectfully requests the Court to defer ruling on the assumption or cure amounts for the other executory contracts or unexpired leases listed on the Assumption Schedule until PG&E provides SPI with sufficient information to identify those contracts and file a further response with the Court, if necessary.

DATED: May 15, 2020                    DOWNEY BRAND LLP

By: _____/s/ R. Dale Ginter_____
R. DALE GINTER
Attorneys for Sierra Pacific Industries