Lawrence M. Schwab (Cal. Bar No. 85600)
Thomas M. Gaa (Cal. Bar. No. 130720)
Gaye N. Heck (Cal. Bar No. 170804)
BIALSON, BERGEN & SCHWAB
A Professional Corporation
633 Menlo Avenue, Suite 100
Menlo Park, California 94025
Telephone: 650/857-9500
Facsimile: 650/494-2738
E-mail: tgaa@bbslaw.com
E-mail: gheck@bbslaw.com

Attorneys for Creditor salesforce.com, inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                 **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SALESFORCE.COM, INC. TO PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND CURE AMOUNTS**<br><br>Related Docket Nos. 6320, 7037 |

salesforce.com, Inc. ("**Salesforce**"), by and through its undersigned counsel, hereby files its objection and reservation of rights (the "**Assumption Objection**") to (A) the assumption of that certain executory contract (collectively, the "**Salesforce Contract**" as hereinafter identified) by and between Salesforce and certain of the above-captioned debtors (collectively, the "**Debtors**"), and (B) the amount of the monetary default the Debtors contend must be paid (the "**Cure Costs**") as a condition of approving the assumption of the Salesforce Contract.[1]

---

[1] Capitalized terms used in this Assumption Objection, but which are not defined herein, shall have the meanings ascribed to them in the Ramirez Declaration filed concurrently herewith.

Subject entry of an order granting relief requested in this Assumption Objection, Salesforce does not object to assumption of the Salesforce Contract to the Debtor.

**RELIEF REQUESTED**

Salesforce seeks entry of an order (the "**Assumption Order**") protecting its rights and interests by including the following:

    A.    Findings of fact stating that: (1) the Salesforce Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; and (2) pursuant to the Salesforce Contract, the aggregate amount of **US$ 1,562,705.42** (collectively, the "**Salesforce Cure Amount**") is due and owing, but unpaid as of May 15, 2020.[2]

    B.    The requirement that, as a condition of approving the assumption of the Salesforce Contract, the Debtors shall pay not less than US$ **1,562,705.42** to cure the monetary defaults of the Salesforce Contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Salesforce Contract;

    C.    Approval of the Reservation of Rights (as set forth hereinafter); and

    D.    Grants such other relief as may be just and proper.

The Assumption Objection is based on the matters set forth herein, the *Declaration of Kevin Ramirez in Support of Limited Objection and Reservation Of Rights of Salesforce.com, Inc. to the Proposed Assumption Of Certain Executory Contracts And Cure Costs* (the "Ramirez Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

---

[2] *See* SFDC Cure Amount Summary attached as Exhibit A to the Ramirez Declaration at ¶13.

Case: 19-30088    Doc# 7260    Filed: 05/15/20    Entered: 05/15/20 14:15:46    Page 2 of 9

# BACKGROUND

1. Salesforce is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "**Salesforce Services**") to Salesforce's business customers. (individually, a "**Salesforce Customer**" and, collectively, "**Salesforce Customers**"). *See* Ramirez Declaration at ¶2.

2. Pacific Gas and Electric Company (one of the above-identified Debtors) entered into certain Order Forms (the **"SFDC Orders"**) with Salesforce whereby Pacific Gas and Electric Company ordered Services from Salesforce and became obligated to pay the aggregate full contract amount for the Services, and Salesforce became obligated to provide the Services to the Debtors. *See* Ramirez Declaration at ¶6.[3]

3. The terms and conditions applicable to the Services that are subject to the Salesforce Orders are set forth in the *Master Subscription Agreements* by and between the Debtors and Salesforce, (the **"MSA"**, the MSA together with the SFDC Orders constitute the "**Salesforce Contract**"). *See* Ramirez Declaration at ¶7.

## BANKRUPTCY CASE

4. On January 29, 2019 (the "**Petition Date**"), each of the above-captioned Debtors (collectively, the "**Debtors**") filed their individual, voluntary petitions in the above-captioned Court (the "**Court**") seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. On February 7, 2020, the Debtors filed their Disclosure Statement[4] (the "**Disclosure Statement**") to their Proposed Plan[5] (the "**Proposed Plan**").

6. On February 19, 2020, the Debtors filed their motion seeking, among other things, approval of the Disclosure Statement and procedures for the solicitation and voting of the

---

[3] The SFDC Orders are listed on the "SFDC Cure Amount Summary" which is attached hereto as Exhibit A, and incorporated by reference herein as if fully set forth.

[4] *See [Proposed] Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [ECF5700] (the "**Disclosure Statement**")

[5] *See Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020* [ECF 5590] as revised on March 16, 2020 [ECF 6320] (the "**Proposed Plan**")

Proposed Plan and the assumption of certain executory contracts and unexpired leases (the "**Disclosure Statement Motion**").[6]

7. On March 17, 2020, the Court entered the Disclosure Statement Order[7] approving the Disclosure Statement and the solicitation and voting procedures (the "**Plan Procedures**") related to the Proposed Plan.

8. On May 1, 2020, pursuant to the Plan Procedures, the Debtors filed their Plan Supplement including, without limitation, *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount* (the "**Cure Notice**")[8] that identifies the executory contracts and unexpired leases that it may assume pursuant to the Proposed Plan, and the monetary defaults (the "**Cure Amounts**") with respect to such contracts and leases that it contends must be cured as a condition of assuming a specific contract or lease. Among other executory contracts and unexpired leases, the Cure Notice identifies the following executory contract and related Cure Amount:

| Non-debtor counterparty | Match ID | Contract ID | Debtor Name | Address | City | State | Country | Zip | Title of Agreement | Effective Date of Agreement | Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SALESFORCE.COM | 1012706 | SRCAST_C91_00869 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | SALESFORCE.COM | 9/27/2012 | 0 |
| SALESFORCE.COM | 1012706 | SRCPOS_2700070676 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | PURCHASE ORDER #2700070676 DATED 2/22/18 | 3/22/2018 | $4,585.75 |
| SALESFORCE.COM, INC. | 1012706 | SRCDAL_02690 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | PROFESSIONAL SERVICES AGREEMENT-SERVICE AGREEMENT | 2/14/2018 | $0.00 |

---

[6] *See Debtors' Motion for Entry of an Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief* (the "**Disclosure Statement Motion**") [ECF 5835].

[7] See *Order (I) Approving Form and Manner of Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Form of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief* (the "**Disclosure Statement Order**") [ECF 6340].

[8] *See Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020* at *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount at Page 1341-1342* (the "**Cure Notice**") [ECF 7037].

## CURE AMOUNT

9. Based on its books and records pertinent to the Debtors' account, Salesforce submits that the Debtors have failed to pay all Fees due and owing pursuant to the Salesforce Contract, and more specifically, as of this date, not less than **US$ 1,562,705.42** (the "**Salesforce Cure Amount**") is due and owing to Salesforce pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶13.[9]

## GROUNDS FOR THE RELIEF REQUESTED

### The Salesforce Contract Constitutes an Integrated Contract That Must Be Assumed in Its Entirety

10. Pursuant to the United States Bankruptcy Code, a debtor-in-possession has the power, with court approval, to assume or reject any executory contract or unexpired lease. 11 U.S.C. §365(b)(1)(A).

11. The threshold issue for the Court in determining whether to approve the assumption of an executory contract is simply to identify what constitutes the executory contract at issue. As a practical matter, a commercial relationship often includes several agreements that, taken together, constitute an integrated relationship. The question, then, for purposes of contract assumption pursuant to 11 USC §365, is what constitutes the "executory contract" to be assumed. Where, as is the situation in the case before this Court, several agreements between the parties exist "it is well-settled that state law governs whether the agreements are separate or indivisible for purposes of §365." *In re New York Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) (applying New York state law); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51, 55 (Bankr. S.D.N.Y. 2005) (applying Missouri state law); *accord, Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. 271, 274 (M.D. Pa. 1993); *Pirinate Consulting Corp, LLC v. C.R. Meyer & Sons, Co. (In re Newpage Corporation)*, 2017 WL 571478 (Bankr. Del., Feb.

---

[9] *See* SFDC Cure Amount Summary attached as Exhibit A to the Ramirez Declaration at ¶13. SFDC is continuing its reconciliation of the SFDC Cure Amount and, accordingly, reserves its right to revise the SFDC Cure Amount as necessary. *Id.*

13, 2017); In *re Buffets Holdings, Inc.,* 387 B.R. 115, 120 (Bankr. D. Del. 2008).

12. Here, SFDC Contract (by the terms of the MSA) provides that California law is the governing law of the SFDC Contract.[10] "Under [California] Civil Code section 1642, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." *Fuentes v. TMCSF, Inc.*, 26 Cal. App. 5th 541, 548, 237 Cal. Rptr. 3d 256, 261 (Ct. App. 2018). In determining whether a series of agreements constitute an integrated contract or separate contracts, the intention of the parties is the first and foremost factor considered by a court. *Id. citing* (*Goodman v. Severin* (1969) 274 Cal.App.2d 885, 895, 79 Cal.Rptr. 555.)

13. Salesforce submits that the Parties' commercial relationship between the Parties is embodied in one single, integrated contract – that is, the Salesforce Contract -- which includes the MSA and *all of the Orders identified on Exhibit "A"* filed with the Court (as attached to the Ramirez Declaration). The Debtors' Cure Notice, in contrast, identifies only the following three executory contracts for assumption:[11]

| Non-debtor counterparty | Match ID | Contract ID | Debtor Name | Address | City | State | Country | Zip | Title of Agreement | Effective Date of Agreement | Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SALESFORCE.COM | 1012706 | SRCAST_C91_00869 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | SALESFORCE.COM | 9/27/2012 | 0 |
| SALESFORCE.COM | 1012706 | SRCPOS_2700070676 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | PURCHASE ORDER #2700070676 DATED 2/22/18 | 3/22/2018 | $4,585.75 |
| SALESFORCE.COM, INC. | 1012706 | SRCDAL_02690 | PACIFIC GAS AND ELECTRIC COMPANY | 1 MARKET ST, STE 300 | SAN FRANCISCO | CA | US | 94105 | PROFESSIONAL SERVICES AGREEMENT-SERVICE AGREEMENT | 2/14/2018 | $0.00 |

---

[10] Each of the Orders constituting the Salesforce Contract expressly states that: "This Order Form shall be governed by the Master Subscription Agreement between salesforce.com and Pacific Gas & Electric Company (the "MSA") and any applicable addenda thereto, provided that the entity signing this Order Form is either the same entity that executed the MSA or an Affiliate thereof. If the entity signing this Order Form is an Affiliate thereof, such Affiliate agrees to be bound by the terms of the MSA as if it were an original party thereto." (*See* Quote Special Terms at pg. 2.) Due to confidentiality constraints imposed by the MSA, none of the Agreements constituting the SFDC Contract have been filed at this time. However, copies of the agreements will be made available to the Debtor if requested. *See* Ramirez Declaration at ¶7.

[11] *See Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of reorganization Dated March 16, 2020* at *Exhibit B—Schedule of Executory Contracts and Unexpired Leases to be Assumed pursuant to the Plan and Proposed Cure Amount at Page 1341-1342* (the "**Cure Notice**") [ECF 7037].

14.   Salesforce contends that if, after confirmation of their Proposed Plan, the Debtors intend to continue their current commercial activities (which utilize the Services provided by Salesforce), it is necessary for the Debtors to assume all of the various orders and agreements that constitute the integrated Salesforce Contract.   Accordingly, Salesforce has requested that the Court enter an Assumption Order that includes findings of fact that (A) the Salesforce Contract is an integrated contract for purposes of assumption pursuant to 11 U.S.C. §365 and (B) the Salesforce Contract (*i.e.,* as identified on Exhibit "A" attached to the Ramirez Declaration) is assumed rather than simply the executory contracts described on the Debtors' Cure Notice.

**All Defaults Under an Assumed Contract Must Be Cured**

15.   Where (as in the case before the Court) the debtor has defaulted on an executory contract, the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

> (A)   cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .
>
> (B)   compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)   provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. §365(b)(1)(A).

16.   A debtor in possession is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition.  *See* 11 U.S.C. §365(b)(1)(A).   "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available."  3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick &

Henry J. Sommer eds., 15th ed. rev. 2008).

17. Here, the evidence submitted by Salesforce establishes that, as of this date, not less than **US$ 1,562,705.42** (*i.e.*, the Salesforce Cure Amount) is due, but unpaid, for the Salesforce Services provided pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶13. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full as a condition of assumption of the Salesforce Contract pursuant to 11 U.S.C. §365(b)(1)(A).

## **RESERVATION OF RIGHTS**

18. Salesforce does not object to assumption of the Salesforce Contract provided the Assumption Order requires payment of the Salesforce Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

19. However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Salesforce Contract, Salesforce hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Salesforce Contract, Salesforce requests that the Assumption Order include the following:

A. Findings of fact stating that: (1) the Salesforce Contract constitutes a single

-8-

integrated executory contract for purposes of assumption pursuant to 11 U.S.C. §365; and (2) pursuant to the Salesforce Contract, the aggregate amount of **US$ 1,562,705.42** (the Salesforce Cure Amount) is due and owing, but unpaid as of May 15, 2020;

      B.    As a condition of approving the assumption of the Salesforce Contract, the Debtors shall pay not less than **US$ 1,562,705.42** to cure the monetary defaults under such contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Salesforce Contract;

      C.    Approval of the Reservation of Rights as herein; and

      D.    Grants such other relief as may be just and proper.

Dated: May 15, 2020                    Respectfully submitted,

    /s/ *Thomas M. Gaa*
BIALSON, BERGEN & SCHWAB,
A Professional Corporation
Thomas M. Gaa, Esq.
633 Menlo Avenue, Suite 100
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Tgaa@bbslaw.com

*Attorneys for Creditor saleforce.com, inc.*