```
 1  Gary M. Kaplan (State Bar No. 155530)
    FARELLA BRAUN + MARTEL LLP
 2  235 Montgomery Street, 18th Floor
    San Francisco, CA  94104
 3  Telephone:  (415) 954-4400
    Facsimile:  (415) 954-4480
 4  Email: gkaplan@fbm.com

 5
    Attorneys for Creditor/Party in Interest
 6  Semper Construction, Inc.

 7
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: | Case No.   19-30088 (DM) (Lead Case) |
| PG&E CORPORATION | Chapter 11 |
| -and- | Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| *Debtors.* | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case No. 19-30088 DM. | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

<b>OBJECTION AND RESERVATION OF RIGHTS OF SEMPER CONSTRUCTION, INC.
TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES PURSUANT TO THE DEBTORS'
AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF
<u>REORGANIZATION AND (II) PROPOSED CURE AMOUNTS</u></b>

Semper Construction, Inc.("Semper"), hereby asserts its objection and reservation of rights (the "Objection") to the Debtors' Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts [Doc. No. 7037] (the "Assumption Notice") and

sets forth the following:

**Procedural Facts**

1. On January 29, 2019 (the "Petition Date"), the above-captioned Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court (collectively, the "Chapter 11 Bankruptcy Cases"). The Debtors continue to operate their businesses and manage their properties as debtors- in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. The Chapter 11 Bankruptcy Cases are being jointly administered under Case No. 19-30088.

3. On March 16, 2020, the Debtors' filed the Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16, 2020 [Doc. No. 6320] (the "Plan").

**The Assumption Notice**

4. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their (i) Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts [Doc. No. 7037], (the "Assumption Schedule").

5. According to a certificate of service filed May 6, 2020 [Doc. No. 7085], on May 1, 2020, the Debtors' claims processing agent, Prime Clerk, purportedly served Semper with the Assumption Notice together with an excerpt from the Assumption Schedule listing the Semper contracts to be assumed by the Debtors. The Assumption Notice provides a deadline of May 15, 2020 for objecting to the proposed cure amounts listed in the Assumption Schedule.

6. The Assumption Schedule lists a total of 13 contracts with Semper (collectively, the "Contracts").

7. Since the Petition Date, Semper has continued to perform services under some or all of the Contracts.

**Semper's Objections to the Cure Amounts in the Assumption Schedule**

8. Semper filed proof of claim number 64186 in the amount of $6,376,095.73 in the Chapter 11 Bankruptcy Cases for prepetition amounts due and owing for services rendered to the Debtors under certain contracts, including the Contracts listed in the Assumption Schedule.

37170\13326549.1

9. The Assumption Schedule provides no Cure Amount for Contract ID: SRCASU_C12303_02743 (CWA C12303 Semper Install 116 HVCB Newark A7Gd) (*see* Doc. No. 7037, p. 1400), however, the amount necessary to cure prepetition defaults under this Contract is actually $19,265.76.

10. The Assumption Schedule provides a Cure Amount of $91,164.53 for Contract ID: SRCPOS_2700057845 (Purchase Order #2700057845 dated 01/26/2018) (*see id.*, p. 1401), however, the amount necessary to cure the prepetition default under this contract is actually $152,940.88.

11. The Assumption Schedule provides a Cure Amount of $469,905.86 for Contract ID: SRCPOS_2700138882 (Purchase Order #2700138882 dated 08/27/2018) (*see id.*), however, the Debtors owe a postpetition balance of $4,245.04 on Invoice X18083-12C under this Contract.

12. Semper continues to perform postpetition work under some or all of the Contracts listed in the Assumption Schedule. Consequently, the amounts necessary to cure the defaults under the Contracts are subject to change. Prior to assumption, the Debtors must cure all defaults under the Contracts (pre- and postpetition). To the extent that the postpetition amounts are not paid prior to assumption, then those amounts should be included in the Cure Amounts.

13. Further, Semper continues to investigate the Contracts listed in the Assumption Schedule and reserves its rights to assert additional cure amounts once it is able to reconcile with the Debtors what contracts they are attempting to assume and the outstanding balances associated therewith.

**DISCUSSION**

14. Sections 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will

promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

15. In accordance with Bankruptcy Code Section 365(b)(1), Semper hereby objects to the Cure Amounts as set forth above and reserves all rights to object to the Assumption Schedule and the Cure Amounts listed therein once Semper completes its investigation and is able to reconcile with the Debtors the contracts that they are attempting to assume and the outstanding balances associated therewith.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order requiring, as a condition to the Debtors' assumption or assignment of any Contracts, that the Debtors timely pay all unpaid prepetition and postpetition amounts accrued thereunder through the effective date of assumption, and granting such other and further relief that the Court deems just and appropriate.

Dated: May 15, 2020

FARELLA BRAUN + MARTEL LLP

By: _____
Gary M. Kaplan

Attorneys for Creditor/Party in Interest
Semper Construction, Inc.