LOCKE LORD LLP
Kinga L. Wright (SBN 213827)
kwright@lockelord.com
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

LOCKE LORD LLP
Elizabeth M. Guffy (admitted *pro hac vice*)
eguffy@lockelord.com
JPMorgan Chase Tower
600 Travis, Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Fax: (713) 223-3717

Attorneys for Creditors
Quanta Energy Services, Inc., Underground Construction Co., Inc., Mears Group, Inc., Dashiell Corporation, Quanta Technology LLC, and PAR Electrical Contractors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>     Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | Bankruptcy No.: 19-30088 (DM)<br><br>Chapter 11 (Lead Case)<br>(Jointly Administered)<br><br>**QUANTA ENTITIES' OBJECTION TO PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND PROPOSED CURE AMOUNTS AND RESERVATION OF RIGHTS**<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). |

Quanta Energy Services, Inc. ("QES"), Underground Construction Co., Inc. ("Underground"), Mears Group, Inc. ("Mears"), Dashiell Corporation ("Dashiell"), Quanta

Technology LLC ("Quanta Technology"), and PAR Electrical Contractors ("PAR" and together with QES, Underground, Mears, Dashiell, and Quanta Technology, the "Quanta Entitites") file this objection to the Notice of (i) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (ii) Proposed Cure Amounts (the "Assumption Notice") filed by the Debtors at Docket No. 7037 as part of the Plan Supplement and in support would show the Court as follows:

1. Each of the Quanta Entities is party to one or more prepetition executory contracts with the debtor Pacific Gas and Electric Company (the "Utility") under which the Quanta Entities provide various services to the Utility. The Quanta Entities do not object to the assumption of their executory contracts with the Utility. However, they have identified certain discrepancies and deficiencies with the information set out in the Schedule of Assumed Contracts and file this objection to preserve their rights with regard to their executory contracts with the Utility, including their right to payment in full of all cure amounts.

**A. The Schedule of Assumed Contracts is incomplete.**

2. The Assumption Notice states that "all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed" except for contracts and leases that have previously been assumed or rejected, have terminated by their own terms, are the subject of a pending motion to assume or reject, or have been listed on the Debtors' Schedule of Rejected Contracts. Assumption Notice, paragraph 3. Attached to the Assumption Notice is "schedule of executory contracts and unexpired leases which the Debtors intend to assume, or assume and assign, pursuant to the Plan." Assumption Notice, paragraph 4.

3. Upon information and belief, each of the Quanta Entities is party to one or more executory contracts with the Utility. Two of the contracts between QES and the Utility were previously assumed by order of the Court entered on April 24, 2019. *See* Docket No. 1690. Other than these two contracts, none of the executory contracts between the Quanta Entities and the Utility

fall within the exceptions set out in the Assumption Notice and, therefore, presumably are intended to be assumed by the Utility. However, the Schedule of Assumed Contracts does not list any of the executory contracts between the Utility and Mears, Dashiell, Quanta Technology, and PAR, respectively.

4. Because the Assumption Notice states that the Debtors intend to assume all executory contracts other than those falling within the stated exceptions, the Quanta Entities have reason to believe that the Utility intends to assume all of its executory contracts with all of the Quanta Entities. This belief is bolstered by the statement in the Assumption Notice that "[p]ursuant to Section 8.1 of the Plan, the exclusion of any executory contract or unexpired lease from the Schedule of Assumed Contracts shall not constitute a rejection of such executory contract" (Assumption Notice, paragraph 5).

5. In an abundance of caution, however, the Quanta Entities object to the Assumption Notice to the extent that it does not clearly set forth whether the Utility intends to assume each of its executory contracts with the Quanta Entities[1], including those with Mears, Dashiell, Quanta Technology, and PAR, that were not previously assumed.

**B.     The information reflected in the Schedule of Assumed Contracts is insufficient.**

6. The information set out in the Schedule of Assumed Contracts is not sufficient to allow the Quanta Entities to identify with certainty the contracts proposed to be assumed. First, as noted above, the Schedule of Assumed Contracts does not list all of the existing executory contracts between the Quanta Entities and the Utility. Additionally, the listings that reference QES and Underground as counterparties do not refer to contracts—instead, they refer to "CWAs," "Purchase Orders," or other descriptions that are not contracts. The listings also do not provide any of the Utility's standard contract numbers.

---

[1] The Quanta Entities are working to compile a list of all of their executory contracts with the Utility and will provide that list to the Debtors.

7. Accordingly, the Quanta Entities object to the Notice of Assumption to the extent that (i) it does not list all of the executory contracts between the Utility and the Quanta Entities that the Utility intends to assume and (ii) it purports to assume contract work authorizations, purchase orders, or any other agreement issued under an executory contract with QES or Underground without assuming the executory contract itself.

**C.     The Schedule of Assumed Contracts includes a previously-assumed contract**

8. As noted above, two of the executory contracts between the Utility and QES were assumed in April 2019. However, several of items for which QES is listed as a counterparty are contract work authorizations and change orders that were issued under the Cross-Cut Agreement[2], which is one of the executory contracts whose assumption was previously approved by this Court.

9. As set out in the Assumption Notice, executory contracts that have already been assumed pursuant to a final order should not be included on the Schedule of Assumed Contracts. *See* Assumption Notice, paragraph 3. Accordingly, the Quanta Entities object to the inclusion of any part of the Cross-Cut Agreement in the Schedule of Assumed Contracts. Moreover, the Quanta Entities assert that any remaining cure amounts due the Cross-Cut Agreement are not subject to the cure amount resolution process set out in the Assumption Notice and are not affected by that process.

**D.     The cure amounts listed in the Schedule of Assumed Contracts are incorrect.**

10. The Quanta Entities have reviewed the cure amounts listed next to the items on the Schedule of Assumed Contracts that reference QES or Underground as counterparties. However, the Quanta Entities have not been able to reconcile the cure amounts listed with the books and records of the relevant Quanta Entity. Moreover, because some of the executory contracts between the Utility and the Quanta Entities are not listed on the Schedule of Assumed Contracts, no cure amount has been proposed for those contracts. The Quanta Entities are reviewing their books and records in

---

[2] The Cross-Cut Agreement is referred to in the Court's April 24, 2019 order as the CCA.

order to prepare an accurate accounting of the cure amounts due under their executory contracts with the Utility and will furnish that accounting to the Utility.

11. Additionally, the Quanta Entities note that each of them has filed a proof of claim setting out the prepetition amounts owed to them by the Utility, including the amounts owed prepetition under their executory contracts with the Utility. The Quanta Entities have also continued to provide services to the Utility postpetition under their contracts. Because of the configuration of the Utility's internal accounting procedures, substantial amounts owed to the Quanta Entities for both pre- and postpetition work remains "unbilled"—meaning that the Quanta Entities are waiting for the Utility's approval to submit an invoice. Because of this additional hurdle, there is typically a material difference between the Utility's books and records and those of the Quanta Entities as to the amount due under the Quanta Entities' executory contracts. The Quanta Entities have been informed by counsel for the Debtors that these amounts will be paid in the ordinary course. The Quanta Entities specifically reserve their rights with regard to these "unbilled" amounts.

12. Finally, the Quanta Entities have reason to believe that there may be a substantial delay between the date on which the proposed Plan is confirmed and the effective date of that Plan. The Quanta Entities anticipate that they will continue to provide services to the Utility in the period between the entry of a confirmation order and the effective date. Because the Plan provides that executory contracts will be assumed as of the effective date of the Plan, the amount that will be required to cure any defaults under the Quanta Entities' executory contracts as of the effective date of the Plan is subject to change, and the Quanta Entities reserve their right to assert all additional cure amounts that accrue prior to the effective date of the Plan.

13. For these reasons, the Quanta Entities object to the cure amounts listed as to all items in the Schedule of Assumed Contracts and reserve their right to object to any future proposed cure amounts for the omitted contracts and any additional cure amounts that may accrue prior to the effective date of the Plan.

**E.     Reservation of Rights.**

14.     The Quanta Entities will continue to review their books and records and will work with the Utility to resolve any disputes they may have with regard to the executory contracts to be assumed and the amount of cure payments required under those contracts. In the interim, the Quanta Entities reserve the right to amend this objection as necessary to preserve their rights. The Quanta Entities further reserve their right to object to any amendments to the Notice of Assumption and the Schedule of Assumed Contracts.

WHEREFORE, the Quanta Entities request that the Court enter an order consistent with this objection and grant the Quanta Entities such other relief as the Court deems just and proper.

Dated: May 15, 2020

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Kinga L. Wright*
    Kinga L. Wright
    Elizabeth M. Guffy (admitted *pro hac vice*)
Attorneys for Creditors
Quanta Energy Services, Inc., Underground Construction Co., Inc., Mears Group, Inc., Dashiell Corporation, Quanta Technology LLC, and PAR Electrical Contractors