1   CAROLINE R. DJANG, Bar No. 216313
    caroline.djang@bbklaw.com
2   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue
3   Suite 1000
    Irvine, California  92612
4   Telephone:    (949) 263-2600
    Facsimile:    (949) 260-0972
5
    MALATHY SUBRAMANIAN, Bar No. 204185
6   msubramanian@bbklaw.com
    BEST BEST & KRIEGER LLP
7   2001 North Main Street
    Suite 390
8   Walnut Creek, California  94596
    Telephone:    (925) 977-3300
9   Facsimile:    (925) 977-1870

10  Attorneys for Creditor
    CITY OF LAFAYETTE

11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16  In Re:                              Case No. 19-30088 (DM)

17  PG&E CORPORATION                    Chapter 11
                                        (Lead Case)
18              -and-                   (Jointly Administered

19  PACIFIC GAS AND ELECTRIC COMPANY,   **OBJECTION BY THE CITY OF
                                        LAFAYETTE TO REJECTION OF
20              Debtors.                 PURPORTED EXECUTORY
                                        CONTRACT**
21

22  ☐Affects PG&E Corporation           [Related Dkt. No. 7037]
    ☐Affects Pacific Gas and Electric Company
23  ☒Affects both Debtors

24  *All papers shell be filed in the Lead Case,
    No. 19-30088 (DM)*

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

25589.20009\32949153.2

Case: 19-30088    Doc# 7269    Filed: 05/15/20    Entered: 05/15/20 14:36:51    Page 1 of 8

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1  The City of Lafayette (the "City") hereby files this Objection to the rejection of that

2  certain letter agreement (the "Letter Agreement"), dated January 23, 2017, between the City and

3  debtor Pacific Gas and Electric Company ("Debtor" or "PG&E"), identified as Match ID

4  1022664; Contract ID: CRPSECLM_00403 on that *Notice of Filing of Plan Supplement in*

5  *Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*

6  *Dated March 16, 2020* [Doc. 7037] (the "Notice of Rejection"), and respectfully states as follows:

7  **BACKGROUND FACTS**

8  1.      On March 16, 2020, Debtors filed the *Debtors' and Shareholder Proponents' Joint*

9  *Chapter 11 Plan of Reorganization, Dated March 16, 2020* [Doc. 6320] (together with all

10  schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "Plan").

11  2.      In accordance with the Plan, on May 1, 2020, the Debtors filed the Notice of

12  Rejection, identifying the Letter Agreement as one of the few contracts and leases that the Debtor

13  sought to reject through the Plan.

14  3.      On May 13, 2020, counsel for the City followed the recommendation set forth in

15  the Notice of Rejection, "**The Debtors encourage counterparties to contact their counsel**

16  **listed in paragraph 7(g) above prior to filing any Objection**," and contacted Debtor's counsel

17  prior to filing this Objection.  At this time, the City and the Debtor have been unable to resolve

18  their disputes with respect to the Notice of Rejection.

19  4.      The Letter Agreement pertains to PG&E's proposed removal and trimming of trees

20  within the City as part of the PG&E project, Community Pipeline Safety Initiative (CPSI) for

21  natural gas pipelines.  For the CPSI, the City and PG&E executed the Letter Agreement, wherein

22  PG&E agreed to voluntarily comply with the City's tree ordinance.

23  5.      The City's position is that (i) the Letter Agreement is not executory, as only PG&E

24  has material obligations under the agreement; and (ii) the letter agreement cannot be rejected

25  because PG&E may not use rejection as an excuse to violate the City's tree ordinance.

26  / / /

27  / / /

28  / / /

Case: 19-30088   Doc# 7269   Filed: 05/15/20   Entered: 05/15/20 14:36:51   Page 2 of
8

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

# OBJECTION TO REJECTION

## A. The Letter Agreement Cannot Be Rejected Because it is Non-Executory

6. Section 365(a) of the Bankruptcy Code provides that "the trustee [or debtor in possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

7. Here, the Letter Agreement, in addition to the City's ordinances and regulations, imposes continuing, material obligations on PG&E, but not the reverse.

8. The Ninth Circuit has adopted the so-called "Countryman" definition of "executory contract" (not defined by the Code): An executory contract is one "on which performance remains due to some extent on both sides." In other words, a contract is executory "if the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *See e.g. In re Robert L. Helms Const. & Develop. Co., Inc.* (9th Cir. 1998) 139 F3d 702, 705 & fn. 7 (en banc) (internal quotes omitted).

9. The Letter Agreement is non-executory as it only imposes material obligations upon PG&E. Pursuant to the Agreement, PG&E is obligated to comply with the City's Tree Protection Regulations. Although the City would have the corresponding duty to process PG&E's applications after their submission, bankruptcy courts have held that merely ministerial obligations do not transform an otherwise non-executory contract into an executory contract. *See e.g. In re Fed.-Mogul Glob. Inc.,* 385 B.R. 560, 575 (Bankr. D. Del. 2008).

## B. Debtors Cannot Use Rejection to Violate City Ordinances

10. Regardless of the Letter Agreement, it is the City's position that PG&E remains obligated to comply with the City's tree removal ordinance. It should go without saying that debtors cannot use to rejection to allow them to break the law. But that is exactly what PG&E is attempting to do by the rejection of the Letter Agreement.

11. Any non-compliance by PG&E of the tree removal ordinance could warrant the City pursuing mandatory enforcement through the state courts, as well as the imposition of criminal, civil, and administrative fines and penalties.

Case: 19-30088   Doc# 7269   Filed: 05/15/20   Entered: 05/15/20 14:36:51   Page 3 of 8

1    12.    In any event, if the Court does allow the Debtor to reject the Letter Agreement, the

2    City's rejection damages are not quantifiable by any dollar value.  The result of the City's

3    rejection of the Letter Agreement could lead to expensive and protracted litigation against PG&E

4    for violation of its tree removal ordinance.  No money damages can be placed on such a waste of

5    City resources.

6         WHEREFORE, the City prays that the Court enter an order denying the rejection of the

7    Letter Agreement.

8

9    Dated: May 15, 2020                    BEST BEST & KRIEGER LLP

10

11                                          By:  /s/ Caroline R. Djang
                                                 CAROLINE R. DJANG
12                                               MALATHY SUBRAMANIAN
                                                 Attorneys for Creditor
13                                               CITY OF LAFAYETTE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA  92612

19-30088 (DM)

25589.20009\32949153.2          - 4 -          OBJECTION TO REJECTION OF LETTER AGREEMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 South Grand Avene, 25th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION BY THE CITY OF LAFAYETTE TO REJECTION OF PURPORTED EXECUTORY CONTRACT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 15, 2020        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 15, 2020      , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Dennis Montali
United State Bankruptcy Court
Northern District of California – San Francisco Division
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 15, 2020 | Sansanee M. Wells | /s/ Sansanee M. Wells |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
25589.20009\32952138.1

**F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST**
**In Re: PG&E CORPORATION**
**Chapter 11 Case No. 19-30088 (DM)**

- Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153
  Attn: Stephen Karotkin (stephen.karotkin@weil.com)
  Jessica Liou (jessica.liou@weil.com)
  Matthew Goren (matthew.goren@weil.com)
  Tom Schinckel (tom.schinckel@weil.com)

- Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, CA 94108
  Attn: Tobias S. Keller (tkeller@kbkllp.com)
  Jane Kim (jkim@kbkllp.com)

- Attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth
  Floor, Los Angeles, CA 90071-2300
  Attn: Bruce S. Bennett (bbennett@jonesday.com)
  Joshua M. Mester (jmester@jonesday.com)
  James O. Johnston (jjohnston@jonesday.com)

25589.20009\32952223.1

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Debtor | PG&E Corporation and Pacific Gas and Electric Company | Attn: Janet Loduca | jllc@pge.com |
| Counsel to Debtors | Weil, Gotshal & Manges LLP | Attn: Stephen Karotkin, Jessica Liou, Matthew Goren | stephen.karotkin@weil.com matthew.goren@weil.com jessica.liou@weil.com |
| Special Counsel to Debtors | Cravath, Swaine & Moore LLP | Attn: Paul H. Zumbro, Kevin J. Orsini, George E. Zobitz, Stephen M. Kessing and Nicholas A. Dorsey, Omid H. Nasab | pzumbro@cravath.com korsini@cravath.com jzobitz@cravath.com skessing@cravath.com ndorsey@cravath.com onasab@cravath.com |
| Counsel to Debtors | Keller Benvenutti Kim LLP | Attn: Tobias Keller, Jane Kim | tkeller@kbkllp.com jkim@kbkllp.com |
| Office of the United States Trustee | Office of the United States Trustee | Attn: James L. Snyder, Esq. ,Timothy Lafreddi, Esq., Marta E. Villacorta | James.L.Snyder@usdoj.gov timothy.s.laffredi@usdoj.gov Marta.Villacorta@usdoj.gov |
| Counsel for the Official Committee of Unsecured Creditors | Milbank LLP | Attn: Dennis F. Dunne, Samuel A. Khalil, Gregory A. Bray, Thomas R. Kreller, Alan J. Stone, Samir Vora | ddunne@milbank.com skhalil@milbank.com Gbray@milbank.com TKreller@milbank.com astone@milbank.com svora@milbank.com |
| Counsel for Tort Claimants Committee | Baker & Hostetler LLP | Attn: Eric Sagerman, Cecily Dumas | esagerman@bakerlaw.com cdumas@bakerlaw.com |
| Counsel for the administrative agent under the Debtors' debtor in possession financing facilities | Stroock & Stoock & Lavan LLP | Attn: Kristopher M. Hansen, Erez E. Gilad, Matthew G. Garofalo, Frank A. Merola | khansen@stroock.com egilad@stroock.com mgarofalo@stroock.com fmerola@stroock.com |
| Counsel for the agent under the Debtors' proposed debtor in possession financing facilities | Davis Polk & Wardwell LLP | Attn: Eli J. Vonnegut, David Schiff, Timothy Graulich | eli.vonnegut@davispolk.com david.schiff@davispolk.com timothy.graulich@davispolk.com |
| Counsel to California Public Utilities Commission | Paul, Weiss, Rifkind, Wharton & Garrison LLP | Attn: Alan W. Kornberg, Brian S. Hermann, Walter R. Rieman, Sean A. Mitchell, Neal P. Donnelly | akornberg@paulweiss.com bhermann@paulweiss.com wrieman@paulweiss.com smitchell@paulweiss.com ndonnelly@paulweiss.com |
| Interested Party United States on behalf of the Federal Energy Regulatory Commission | U.S. Department of Justice | Attn: Danielle A. Pham | danielle.pham@usdoj.gov |
| PG&E Shareholders | Jones Day | Attn: Bruce S. Bennett, Joshua M. Mester, James O. Johnston; | bbennett@jonesday.com jmester@jonesday.com jjohnston@jonesday.com |

Case: 19-30088    Doc# 7269    Filed: 05/15/20    Entered: 05/15/20 14:36:51    Page 7 of 8

| DESCRIPTION | NAME | NOTICE NAME | EMAIL |
|---|---|---|---|
| Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company | Akin Gump Strauss Hauer & Feld LLP | Attn: Ashley Vinson Crawford | avcrawford@akingump.com |
| Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company | Akin Gump Strauss Hauer & Feld LLP | Attn: Michael S. Stamer, Ira S. Dizengoff, David H. Botter | mstamer@akingump.com idizengoff@akingump.com dbotter@akingump.com |
| Co-Counsel to the Ad Hoc Committee of Senior Unsecured Noteholders of Pacific Gas and Electric Company | Braunhagey & Borden LLP | Attn: J. Noah Hagey, Jeffrey M. Theodore, David H. Kwasniewski, Andrew Levine | hagey@braunhagey.com theodore@braunhagey.com kwasniewski@braunhagey.com levine@braunhagey.com |
| Counsel for Ad Hoc Group of Subrogation Claim Holders | Willkie Farr & Gallagher LLP | Attn: Matthew A. Feldman, Joseph G. Minias, Daniel I. Forman, Benjamin P. McCallen; Antonio Yanez, Jr., Erica L. Kerman, Jonathan D. Waisnor, Matthew Freimuth | mfeldman@willkie.com jminias@willkie.com dforman@willkie.com bmccallen@willkie.com ayanez@willkie.com ekerman@willkie.com jwaisnor@willkie.com mfreimuth@willkie.com |
| Counsel for Ad Hoc Group of Subrogation Claim Holders | Diemer & Wei, LLP | Attn: Kathryn S. Diemer, Alexander J. Lewicki | kdiemer@diemerwei.com alewicki@diemerwei.com |
| U.S. Nuclear Regulatory Commission | U.S. Nuclear Regulatory Commission | Attn: Anita Ghosh Naber | anita.ghoshnaber@nrc.gov |