| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: May 19, 2020<br>Time: 10:00 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**CALIFORNIA STATE AGENCIES' OBJECTIONS TO SCHEDULE OF EXCUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS [DOCKET NO. 7037]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Coastal Commission, California Department of Parks and Recreation, California Department of Fish and Wildlife, California Department of Transportation, California Department of Developmental Services, California Department of Conservation, California Geologic Energy Management Division (formerly Division of Oil, Gas and Geothermal Resources), California Regional Water Quality Control Boards, California State Water Resources Control Board, California Air Resources Board, San Francisco Bay Conservation and Development Commission, California Department of Housing and Community Development, California State Lands Commission and California Department of Water Resources, by and through its California Energy Resources Scheduling Division and on behalf of the State Water Project (collectively, the "California State Agencies"), including on behalf of any other agencies of the State of California, hereby file this objection to the *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* attached to the Plan Supplement as Exhibit B ("Cure Notice") [Docket No. 7037] as follows.[1]

The California State Agencies have included in their Plan confirmation objections several objections related to the Debtors' proposed list of executory contracts and unexpired leases to be assumed pursuant to the Plan. Out of an abundance of caution, the California State Agencies file this separate pleading to assert only the executory contracts and unexpired leases objections in response to the Cure Notice.[2]

1. The Plan provides for the assumption of most executory contracts and unexpired leases. Most items in the Debtors' schedules and the Cure Notice relating to the California State Agencies or other state agencies are not executory contracts or unexpired leases. This is not an

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed in the Debtors' Plan.

[2] The California State Agencies continue to work with the Plan Proponents to resolve all objections and reserve all rights to supplement this objection with additional argument and evidence as necessary to the extent all objections are not resolved.

-1-

idle disagreement. Court approval of the alleged "assumption" of regulatory permits, obligations, agreements, orders and the like could be interpreted incorrectly as a finding by this Court that such regulatory documents are executory contracts or unexpired leases, which debtors in bankruptcy cases can terminate. However, it would be a waste of judicial and parties' resources to litigate this issue for each item on the Cure Notice, especially given the unimpaired and pass-through treatment of most government claims. Although the Debtors reserve their rights as to whether an item listed in the schedule to be assumed under the Plan is an executory contract or unexpired lease, this is a unilateral provision as there is no such protection for any other party. Plan § 8.8(b). Thus, the Confirmation Order should be clear that confirmation of the Plan is not a finding that any particular item on the schedule of assumed contracts and leases is an executory contract or unexpired lease. The California State Agencies, along with certain agencies of the United States, have proposed the following language to the Plan Proponents to resolve this objection:

> Notwithstanding anything in this Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in Debtors' schedules or Plan Documents ("Potentially Assumed Contract/Lease") is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in 11 U.S.C. § 365.

2. Plan section 8.2(e) imposes a release on counterparties to assumed executory contracts. That section purports to morph the assumption of an executory contract or unexpired lease into a "full release and settlement of any Claims and Causes of Action" against a Debtor arising under any assumed executory contract or unexpired lease at any time before the Debtors assume the executory contract or unexpired lease. Plan § 8.2(e) at 76:3-8. This provision goes well beyond the relief provided in Bankruptcy Code section 365 and is essentially another involuntary release that the Debtors attempt to foist on creditors through the Plan. This is inconsistent with the Bankruptcy Code and due process and cannot be approved by this Court. 11 U.S.C. § 365(b)(1) (requiring a trustee to cure a default or provide adequate assurance of prompt cure as condition to assumption).

3. Further, the Debtors filed and served the Cure Notice a mere 14 days prior to the

objection due date. This is not sufficient time for state agencies to both examine the 1778 page list (if obtained from the docket or Prime Clerk) with cryptic descriptions of contracts and leases and then either file an objection or negotiate a correction, especially when most state agencies and businesses are subject to a stay-at-home order due to the COVID-19 pandemic.

4. Given the unimpaired and pass-through treatment of most government claims, establishing a cure amount under section 365 with respect to the State of California or the United States would seem to be a waste of judicial and parties' resources. The California State Agencies will discuss the following language with the Plan Proponents and the United States to attempt to resolve the objections relating to the requirement of a Cure Amount and the overbroad release provision in Plan section 8.2(e):

> With respect to any Cure Amount for a Potentially Assumed Contract/Lease for which the United States or any department, agency, or instrumentality of the State of California is listed as the Non-Debtor Counterparty, all parties reserve all rights to dispute such Cure Amount. In the event there is finding that any Potentially Assumed Contract/Lease is an executory contract or unexpired lease and there is a dispute over the Cure Amount, the United States and applicable state agency shall have no less than 30 days' to object to the Cure Amount, and any Cure Amount dispute shall be resolved by the Bankruptcy Court or other court of appropriate jurisdiction; provided however, in the event a Potentially Assumed Contract/Lease is determined to be an assumed executory contract or unexpired lease, the satisfaction of the Cure Amount shall only satisfy any default and shall not be considered a release and satisfaction of any Claims and Causes of Action notwithstanding anything to the contrary in Plan section 8.2(e).

The California State Agencies reserve all rights with respect to this language.

5. To the extent these objections are not resolved consensually, the California State Agencies object to each and every Cure Amount listed in the Cure Notice that lists an agency of the State of California as a contract counterparty on the ground that there has been inadequate notice and time to respond. Further, the California State Agencies object on the ground that descriptions of the purported contracts and leases on the Cure Notice are not sufficient for a contract counterparty to ascertain the document being referenced to be able to determine whether the item is an executory contract or unexpired lease (as opposed to a regulatory requirement) and not sufficient for a contract counter party to timely determine an appropriate Cure Amount. The

California State Agencies reserve all rights.

**RESERVATION OF RIGHTS**

The California State Agencies reserve the right to join in other objections to the Cure Notice and Plan filed by other parties in interest, including other Governmental Units.

Neither this objection nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States

//
//
//
//

Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: May 15, 2020               Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: ___/s/ Paul J. Pascuzzi_____
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Coastal Commission, California Department of Parks and Recreation, California Department of Fish and Wildlife, California Department of Transportation, California Department of Developmental Services, California Department of Conservation, California Geologic Energy Management Division (formerly Division of Oil, Gas and Geothermal Resources, California Regional Water Quality Control Boards, California State Water Resources Control Board, California Air Resources Board, San Francisco Bay Conservation and Development Commission, California Department of Housing and Community Development, California State Lands Commission and California Department of Water Resources

# **PROOF OF SERVICE**

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On May 15, 2020, I served the within document(s):

**CALIFORNIA STATE AGENCIES' OBJECTIONS TO SCHEDULE OF EXCUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS [DOCKET NO. 7037]**

By Electronic Service via CM/ECF to all registered participants in this case as of May 15, 2020.

　　　　　　　　　　　　　　　　　　　/s/   Susan R. Darms

　　　　　　　　　　　　　　　　　　　SUSAN R. DARMS