DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for A. Teichert & Son, Inc. d/b/a
Teichert Aggregates ("Teichert")

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY.<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects Both Debtors,<br><br>*All papers shall be filed in the Lead Case No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br><br>**TEICHERT AGGREGATES' OBJECTION TO PROPOSED CURE AMOUNT**<br><br>Date:    May 27, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 17<br>            450 Golden Date Avenue<br>            San Francisco, CA 94102<br>Judge:    Hon. Hon. Dennis Montali |

  A. Teichert & Son, Inc. d/b/a Teichert Aggregates ("Teichert Aggregates"), by and through its counsel, hereby files its Objection to Proposed Cure Amount ("Cure Objection") pursuant to the Notice of Filing Plan Supplement in Connection with Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 (Docket No. 7037)("Plan Supplement").

  Teichert Aggregates is a contract counterparty of the Debtor, pursuant to that certain agreement described as Master Services Agreement ("MSA") # C2481, which itself incorporates

and encompasses associated Contract Work Authorizations ("CWA"), Purchase Orders ("PO"), and Blanket Purchase Orders ("BPO") ("Contract").

The Debtor is in default under the MSA as a result of unpaid and due and owing amounts totaling $724,615.94, plus interest through June 30, 2020 (from the petition date) of an additional $26,156.24, for a total amount due of $750,772.18, which is required to be paid in order for the Contract to be assumed ("Cure Amount").

The Contract is not listed on Exhibit B to the Plan Supplement as one to be assumed. However, both the Plan Supplement and the Plan itself provide that if an executory contract is not listed on the Plan Supplement (nor listed as a contract to be rejected), then such unlisted executory contract will be deemed assumed with a cure amount of $0 ("Assumption and Cure Default Provisions"). See, Plan Supplement at ¶¶ 5-8; Plan at Section 8.1(a) (contracts not subject to a motion or listed as to be rejected are "deemed assumed")

Because the Contract is not listed on neither the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (Exhibit B to the Plan Supplement), nor the Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan (Exhibit A to the Plan Supplement), pursuant to the proposed Plan, absent objection, the Contract would be deemed assumed with no cure payment. Accordingly, Teichert Aggregates objection to the assumption of the Contract without payment of the Cure Amount, which is the amount due under the Contract to cure existing defaults.

This Cure Objection is supported by and incorporates the concurrently-filed Declaration of Sean Collins in Support of Teichert Aggregates' Objection to Proposed Cure Amount ("Collins Declaration"). The Collins Declarations includes a detailed list of every invoice and identifying detail that makes up the Cure Amount. The Debtor is in possession of the particular invoices, which can be provided on further request.

Accordingly, Teichert Aggregates respectfully request the court condition assumption of the Contract on payment in full of the Cure Amount.

DATED: May 15, 2020          DOWNEY BRAND LLP


By:      /s/ Jamie P. Dreher
         _____
         JAMIE P. DREHER
         Attorneys for A. Teichert & Son, Inc. d/b/a
         Teichert Aggregates

TEICHERT AGGREGATES' OBJECTION TO PROPOSED CURE AMOUNT