Brian D. Huben (Cal. Bar No. 134354)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: hubenb@ballardspahr.com

Theodore J. Hartl (Colorado Bar No. 32409)
**BALLARD SPAHR LLP**
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: 303.292.2400
Facsimile: 303.296.3956
E-mail: hartlt@ballardspahr.com

Attorneys for Campos EPC LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **PG&E CORPORATION**, | Case No. 19-30088 (DM) |
| and | (Lead Case) |
| **PACIFIC GAS & ELECTRIC COMPANY**, | (Jointly Administered) |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | **CAMPOS EPC LLC'S OBJECTION TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS** |

Campos EPC LLC ("Campos"), for its Objection to *Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* (this "Objection"), states:

## I. BACKGROUND

On January 29, 2019 (the "Petition Date"), PG&E Corporation and Pacific Gas and Electric Company ("PG&E" or the "Debtors"), filed their voluntary petitions under chapter 11 of title 11, U.S.C. (the "Bankruptcy Code").

The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

Campos is an engineering and construction contractor under certain pre-petition contracts with PG&E, including but not limited to those contracts identified in Schedule G, Dkt. #907-5, pp. 500-503, filed on March 14, 2019, Case No. 19-30088 (amended and restated or otherwise modified or supplemented from time to time) (altogether, the "Campos Contracts"). Under the Campos Contracts, Campos provided engineering, design, and construction services to PG&E's gas pipelines and related property in various California counties before the Petition Date.

On April 11, 2019, Campos filed its *Notice of Liens Pursuant to § 546(b)*, Dkt. #1351, giving notice of perfection of no less than $3,273,303.88 in statutory liens.

On April 29, 2019, Campos filed *Amended Proof of Claim #2848*, asserting $3,273,303.88 as a secured claim, and an additional $987,467.33 as an unsecured claim, for a total claim of $4,260,771.21; the Campos proof of claim was further amended and reduced on April 8, 2020 through Claim #98931, in the amount of $4,028,858.51, consisting of a secured claim of $3,273,303.88 and an unsecured claim of $755,554.63 (altogether, the "Campos Claim").[1]

On March 16, 2020, the Debtors filed their *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020*, Dkt. #6320 (the "Plan").

On May 1, 2020, the Debtors filed their *Notice of Filing Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020*, Dkt. #7037 (the "Plan Supplement"). Exhibit B to the Plan Supplement is the

---

[1] The Campos Claim was transferred to Citigroup Financial Markets, Inc. (the "Transferee") on May 13, 2019, Dkt. #1983. Campos is authorized to state that the Transferee has approved this Objection and joins it for all purposes related to the Campos Claim.

Debtors' Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts, Dkt. #7037, pp. 12-1798.

The confirmation hearing is currently scheduled for May 27, 2020 (the "Confirmation Hearing").

On or about May 12, 2020, Campos received the Debtors' *Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* (the "Cure Notice"), together with an illegible schedule of the four contracts that the Debtors seek to assume as to Campos. Campos subsequently confirmed with Debtors' counsel that the proposed cure amounts served on Campos are identical to those listed in the Plan Supplement, Dkt. #7037, pp. 216-17.

The Debtors propose to assume three separate prepetition purchase orders, which arise under Contract Work Authorizations ("CWAs"), and one post-petition "Contract Change Order No. 2," which purports to change a prepetition Master Services Agreement, Contract Number C3452. Copies of the three CWAs are attached as **Exhibit A**.

With respect to the three CWAs, the Debtors propose the following cure amounts in the Cure Notice: (1) $104,887.00 on "Contract ID" #SRCPOS_2700112087; (2) $229,820.49 on Contract ID #SRCPOS_2700128014; and $27,439.00 on Contract ID #SRCPOS_2700198816. As reflected in Exhibit A, however, each of those CWAs arises under a main Master Services Agreement, Contract #C3452 ("MSA C3452").

Similarly, with respect to post-petition Contract Change Order No. 2, which the Debtors seek assume with zero cure amount identified in the Cure Notice, it too, purports to amend and extend the prepetition MSA C3452. A copy of Contract Change Order No. 2 is attached as **Exhibit B**. Moreover, by its own terms, Contract Change Order No. 2 is premised on the Debtors' assumption of the entire prepetition MSA C3452. *See id*., ¶ 2 ("[i]n consideration for PG&E agreeing to assume the Contract C3452 . . ."). A copy of MSA C3452 is attached as **Exhibit C**.

Although the amounts noted by the Debtors under the three CWAs are correct, they are simply a subset of the <u>total amount</u> due to Campos under MSA C3452 itself, which the Debtors must assume by the express language of Change Order No. 2. Thus, Campos disputes the Debtors' Cure Notice and asserts that the defaults and cure payments necessary to assume MSA C3452 total no less than **$3,053,924.87**. A summary of those monetary defaults is attached as **Exhibit D**.

## II. OBJECTION

The amounts set forth in the Cure Notice and Plan Supplement do not reflect all outstanding balances due and owing to Campos under MSA C3452 as of the Petition Date. The Debtors cannot simply assume the post-petition Change Order No. 2, which by its own terms requires assumption of the prepetition MSA C3452, without assuming all of MSA C3452, and curing all defaults associated with it. It is fundamental that an executory contract must be accepted or rejected in its entirety. *See In re Pacific Express, Inc.*, 780 F.2d 1482, 1488 (9th Cir 1986)). The Debtors cannot assume Change Order No. 2 or the CWAs standing alone without curing all defaults under MSA C3452. 11 U.S.C. § 365(b)(1). *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984).

Although MSA C3452 contemplates that each separate CWA may be terminated by PG&E, the CWAs and MSA C3452 are integrated such that the provisions apply as a whole, even if PG&E elects to cancel work under the CWAs. All of the "Specific Conditions" and "General Conditions" outlined in MSA C3452 apply to each CWA. And the Debtors' payment obligations under MSA C3452 remain, even if the Debtors cancel a CWA. *See* Exhibit C, General Conditions, §§ 15.1 and 15.3.

Absent payment of the entire cure amount of no less than $3,053,924.87 due under MSA C3452, neither the CWAs nor Change Order No. 2 are subject to assumption under § 365 as proposed by the Debtors in the Plan. The Debtors' attempt to disallow any claims based on assumption of portions of contracts without assuming and curing all of the prepetition defaults is likewise overbroad and contrary to § 365. *See* Plan, § 8.2(e); Cure Notice, ¶ 8.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

WHEREFORE, Campos respectfully requests that the Court: (i) deny the Debtors' proposed assumption of contracts as to Campos EPC LLC, except to the extent that the cure amounts under MSA C3452 are paid in full as set forth herein, and as proven at the Confirmation Hearing, and (ii) grant such further relief as the Court deems proper.

Dated: May 15, 2020 **BALLARD SPAHR LLP**

By: */s/ Brian D. Huben*
Brian D. Huben
Theodore J. Hartl

Attorneys for Campos EPC, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Ballard Spahr LLP, 2029 Century Park East, Suite 800, Los Angeles, California 90067-2909.

On May 15, 2020, I served the foregoing documents described as **CAMPOS EPC LLC'S OBJECTION TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS** on the interested parties as follows:

(X) **(BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to Local Bankruptcy Rules ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document to the parties listed on the Electronic Mail Notice List.

(X) **(BY MAIL – See service list below)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day as filing (or within 24 hours of same) with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion upon the party served, that service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

Stephen Karotkin
Jessica Liou
Matthew Goren
Tom Schinckel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Tobias S. Keller
Jane Kim
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108

Bruce S. Bennett
Joshua M. Mester
James O. Johnstion
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 15, 2020, at Los Angeles, California.

          */s/ Donna Carolo*
          Donna Carolo