Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 616-0466
Facsimile: (415) 398-2820
sfinestone@fhlawllp.com
jhayes@fhlawllp.com
rwitthans@fhlawllp.com

Attorneys for Creditor
Roebbelen Contracting, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    Debtor-in-Possession. | Case No. 19-30088-DM<br><br>Chapter 11 |
| In re<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtor-in-Possession. | Case No. 19-30089-DM<br><br>Chapter 11<br><br>**ROEBBELEN CONTRACTING, INC.'S OBJECTION TO CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION**<br><br>Date: May 27, 2020<br>Time: 10:00 a.m.<br>Ctrm: 450 Golden Gate Ave., 16th Floor<br>      San Francisco, CA 94102 |

Roebbelen Contracting, Inc. ("Roebbelen") hereby objects to confirmation of Debtors' Plan of Reorganization (the "Plan") (ECF 6320) and states as follows:

1. Roebbelen is a California general contractor specializing in building construction and construction management. It performed work for PG&E and continues to do so, unrelated to vegetation management or fire prevention.

2. Roebbelen filed an initial proof of claim, followed by an amended proof of claim. The amended proof of claim lists a debt of $20,783,500.46 (the "Roebbelen Claim"). A portion of the Roebbelen claim is secured pursuant to various notices of mechanics liens filed pursuant to Bankruptcy Code Section 546(b)(2). (See, e.g. ECF 3858).

3. At the time it filed its amended claim, on or about December 10, 2019, the secured portion of the Roebblen Claim was approximately $3,780,000. As such, the Roebbelen Claim is subject to treatment under the Plan as a Utility Other Secured Claims – Class 1B, and as a Utility General Unsecured Claim – Class 4B. The Plan lists both claims as unimpaired and Roebbelen has accordingly not voted on the Plan.

4. This objection is limited to Roebbelen's treatment as a Class 1B secured creditor pursuant to Section 4.16 of the Plan. Roebbelen's objection is based upon the fact that absent certain clarifications or changes, the Plan does not provide Roebbelen with unimpaired treatment. The provision in question provides in relevant part:

**4.16 Class 1B – Utility Other Secured Claims.**

(a) Treatment: In full and final satisfaction, settlement, release, and discharge of any Allowed Utility Other Secured Claim, except to the extent that the Debtors or Reorganized Debtors, as applicable, and a holder of an Allowed Utility Other Secured Claim agree to a less favorable treatment of such Claim, each holder of an Allowed Utility Other Secured Claim shall, at the option of the Debtors or Reorganized Debtors, (i) retain its Utility Other Secured Claim and the Collateral securing such Claim; (ii) receive Cash in an amount equal to such Allowed Claim, including the payment of any interest due and payable under section 506(b) of the Bankruptcy Code, on the Effective Date or as soon as reasonably practicable thereafter; or (iii) receive treatment of such Allowed Utility Other Secured Claim in any other manner that is necessary to satisfy the requirements of section 1124 of the Bankruptcy Code. In the event a Utility Other Secured Claim is treated under clause (ii) of this Section 4.16(a), the Liens securing such Other Secured Claim shall be deemed released immediately upon payment.

5. The three options for the Debtors can be summarized as: i) allowing the creditor to retain its lien against Debtors' collateral; ii) paying the creditor on the Effective Date or as soon as is practical thereafter; or iii) any other treatment that does not impair the creditor.

6. Roebbelen objects to the first option because it does not make clear that the creditor would be entitled to exercise its state law remedies along with the retention of its secured claim. Unless Roebbelen can exercise its rights against the collateral, those rights are impaired.

7. Roebblen objects to the second option because, while it specifies that the creditor will receive interest pursuant to Section 506(b), it does not mention attorneys' fees, which a creditor is also entitled to recover under Section 506(b). By excluding a mention of attorneys' fees, the Plan could be construed to limit recovery to interest, which interpretation would render the creditor impaired.

8. Roebbelen also objects to the second option because it fails to specify the interest rate to which the creditor is entitled. Roebbelen believes the creditor is entitled to interest pursuant to its contract with PG&E. It may be that the Plan intends for the Class 1B creditor to receive interest at its contract rate, but the Plan is ambiguous in this respect. Unless the creditor receives contract rate interest, it would be impaired. Moreover, with respect to the timing of the payment, the Plan should specify a time limit for the phrase "as soon as reasonably practical". Roebbelen suggests 30 days as an appropriate limitation.

9. Roebbelen objects to the third option because it is hopelessly vague and could lead to future disputes over whether some alternative manner proposed by Debtors, which is not described, impairs the creditor's claim.

10. Roebbelen met and conferred with Debtors prior to filing this objection (see accompanying Declaration of Stephen D. Finestone). Roebbelen requested either amendments to the Plan or a written acknowledgment to clarify the items and make the changes discussed above. As of the time of filing of this objection, Roebblen has not heard back from the Debtors.

11. Pasted below is a redlined version of Section 4.16 that would satisfy Roebbelen's objections:

**4.16 Class 1B – Utility Other Secured Claims.**

(a) Treatment: In full and final satisfaction, settlement, release, and discharge of any Allowed Utility Other Secured Claim, except to the extent that the Debtors or Reorganized Debtors, as applicable, and a holder of an Allowed Utility Other Secured Claim agree to a less favorable treatment of such Claim, each holder of an Allowed Utility

Other Secured Claim shall, at the option of the Debtors or Reorganized Debtors, (i) retain its Utility Other Secured Claim and the Collateral securing such Claim<ins>, and retain its state law rights to enforce the claim against the Collateral</ins>; <ins>or</ins> (ii) receive Cash in an amount equal to such Allowed Claim, including the payment of any interest due <ins>under the contract between Debtors and the creditor and reasonable attorneys' fees</ins> <del>and</del> payable under section 506(b) of the Bankruptcy Code, on the Effective Date or as soon as reasonably practicable thereafter<ins>, but not later than 30 days from the Effective Date</ins><del>; or (iii) receive treatment of such Allowed Utility Other Secured Claim in any other manner that is necessary to satisfy the requirement of section 1124 of the Bankruptcy Code</del>. In the event a Utility Other Secured Claim is treated under clause (ii) of this Section 4.16(a), the Liens securing such Other Secured Claim shall be deemed released immediately upon payment.

Wherefore, Roebbelen requests that the Court deny confirmation of the Plan unless the changes proposed above to Section 4.16 are adopted.

Dated: May 15, 2020                     FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Creditor
Roebbelen Contracting, Inc.