Emanuel C. Grillo (*pro hac vice forthcoming*)
emanuel.grillo@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone:  212.408.2519
Facsimile:   212.259.2519

Kevin Chiu (*pro hac vice forthcoming*)
kevin.chiu@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX  75201-2980
Telephone:   214.953.6417
Facsimile:  214.661.4417

Natalie K. Sanders, CA Bar No. 329916
natalie.sanders@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Telephone: 650.739.7536
Facsimile:   650.739.7636

*Counsel for Centaurus Capital LP
and Wright Solar Park LLC*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>     - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                    **Debtors.**<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No.  19 - 30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**LIMITED OBJECTION OF CENTAURUS CAPITAL LP AND WRIGHT SOLAR PARK LLC TO DEBTORS' SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS** |

Centaurus Capital LP ("Centaurus") and Wright Solar Park LLC ("Wright"), each a creditor and party in interest in the above-captioned, jointly administered case (the "Chapter 11 Case") of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors"), hereby file this limited objection (the "Objection") on behalf of Centaurus, Wright, Westlands Solar Farms LLC ("WSF"), EE Kettleman Land LLC ("EE Kettleman"), Five Points Solar Park LLC ("Five Points"), Frontier Solar LLC ("Frontier") and Giffen Solar Park LLC ("Giffen," together with Wright, WSF, EE Kettleman, Five Points, and Frontier, the "Interconnection Customers") to the above-captioned Debtors' *Schedule of Executory Contracts and Unexpired to be Assumed Pursuant to the Plan and Proposed Cure Amounts* (the "Schedule of Assumed Contracts") as filed with the Debtors' *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Docket No. 7037] (the "Plan Supplement") and represents as follows:

## BACKGROUND

**A.    The Chapter 11 Cases and Schedule of Assumed Contracts**

1.    On March 16, 2020, the above captioned Debtors and Shareholder Proponents (the "Plan Proponents") filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020* [Docket No. 6320] (together with all schedules and exhibits attached thereto, as amended, modified or supplemented, the "Plan").[1]

2.    On March 17, 2020, the Court entered the *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [Docket No. 6340] (the "Disclosure Statement Order").

3.    On March 17, 2020, the Plan Proponents filed the solicitation version of the *Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Plan Supplement, as applicable.

[Docket No. 6353] (the "Disclosure Statement"), as supplemented by the *Supplement to Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, approved by Court Order on March 25, 2020 [Docket No. 6483].

4. On May 1, 2020, in accordance with the Plan and Disclosure Statement, the Plan Proponents filed the Plan Supplement, including, *inter alia*, the Schedule of Assumed Contracts, whereby the Plan Proponents list the executory contracts and unexpired leases which the Debtors intend to assume, or assume and assign, pursuant to the Plan.

**B. Filed Claims & Interconnection Agreements**

5. On October 21, 2019, Centaurus and Wright each filed separate proofs of claims [Claim Nos. 77005 and 70510] (the "Claims") asserting general unsecured claims of $39,726,544.45 and $14,218,002.18 respectively, for unpaid prepetition amounts owed related to switching station and/or network upgrades under several interconnection agreements between Debtor Pacific Gas and Electric Company ("PG&E"), California Independent System Operator Corporation ("CAISO") and several of the Interconnection Customers (as amended, modified, supplemented and/or assigned from time to time, the "Interconnection Agreements"). The Interconnection Agreements are as follows:

| Agreement name | Parties | Date |
|---|---|---|
| Small Generator Interconnection Agreement (SGIA) | • Westlands Solar Farms, LLC<br>• Pacific Gas & Electric Company<br>• CAISO | February 19, 2013 |
| Small Generator Interconnection Agreement (SGIA) | • EE Kettleman Land LLC<br>• Pacific Gas & Electric Company<br>• CAISO | October 17, 2012 |
| Large Generator Interconnection Agreement (LGIA) | • Five Points Solar Park LLC<br>• Pacific Gas & Electric Company<br>• CAISO | March 12, 2014 |
| Small Generator Interconnection Agreement (SGIA) | • Frontier Solar LLC<br>• Pacific Gas & Electric Company<br>• CAISO | July 1, 2011 |
| Small Generator Interconnection Agreement (SGIA) | • Giffen Solar Park LLC<br>• Pacific Gas & Electric Company<br>• CAISO | January 24, 2014 |
| Large Generator Interconnection Agreement (LGIA) | • Wright Solar Park LLC<br>• Pacific Gas & Electric Company<br>• CAISO | March 21, 2014 |

6. Under these Interconnection Agreements, PG&E, as the Participating TO (as defined in the Interconnection Agreements) is obligated to repay the Interconnection Customers (as defined in the Interconnection Agreements) for the costs advanced for switching station network upgrades on a

-3-

dollar-for-dollar basis. The rights to receive these repayments from the Debtors under the Interconnection Agreements for WSF, EE Kettleman, Five Points, Frontier and Giffen have been subsequently assigned to Centaurus.

7. With respect to the Interconnection Agreement with Wright, Centaurus, which previously owned the project, sold the project to a third-party in December 2019. Following the sale of the project, Centaurus no longer serves as the project owner, but retains its right to receive repayments from the Debtors under the Interconnection Agreement, which now include post-petition amounts owed for costs incurred for the completion of the projection of approximately $10,000,000.00.

## LIMITED OBJECTION

8. With respect to Centaurus, the Interconnection Customers and Wright, the Plan Proponents list the following as executory contracts in their Schedule of Assumed Contracts:

| Non-Debtor Counterparty Name | Match ID | Contract ID | Title of Agreement | Effective Date of Agreement | Cure Amount |
|---|---|---|---|---|---|
| WRIGHT SOLAR PARK LLC (WRIGHT SOLAR) | 1022370 | ELCOPS6_00193 | INTERCONNECTION AGREEMENT – SOLAR PV | 3/21/2014 | $0.00 |
| WESTLANDS SOLAR FARMS LLC | 1022368 | EPPEMCL_33R161 | EMCL AGREEMENT | 6/24/2011 | $177,214.52 |

9. Pursuant to the Section 8.1 of the Plan, subject to the occurrence of the Effective Date and the payment of any applicable Cure Amount, all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected on the Schedule of Rejected Contracts.

10. None of the Interconnection Agreements are listed on the Schedule of Rejected Contracts, also filed with the Plan Supplement.

11. Wright objects to the proposed Cure Amount of $0.00 for the Interconnection Agreement with Wright to the extent the Debtors fail to pay for any amounts owed, including prepetition amounts asserted in the Claim and any postpetition amounts incurred that are owed in due course under the terms of the Interconnection Agreement. Centaurus objects to the Schedule of Assumed Contracts for not including any of the Interconnection Agreements with the Interconnection Customers, other than the aforementioned Interconnection Agreement with Wright to the extent the Debtors intend to reject such Interconnection Agreements and not pay any outstanding prepetition amounts asserted in the Claim.

## NOTICE & CONTACT INFORMATION

12. All notices and communications concerning this Objection should be sent to:

> Centaurus Capital LP
> Wright Solar Park LLC
> Attn: Stephen H. Douglas & Martin F. Doublesin
> 1717 West Loop South, Suite 1800
> Houston, Texas 77027
> Email: sdouglas@centaurusenergy.com
>        MDoublesin@centcap.net

- with a copy to -

> Baker Botts L.L.P.
> Attn:   Emanuel C. Grillo
> 30 Rockefeller Plaza
> New York, NY 10112
> Tel: (212) 408-2519
> Email:  emanuel.grillo@bakerbotts.com

  -   and   -

> Baker Botts L.L.P.
> Attn:   Kevin Chiu
> 2001 Ross Avenue, Suite 900
> Dallas, TX 75201
> Tel: (214) 953-6417
> Email: kevin.chiu@bakerbotts.com

13. Due to the voluminous nature and commercial sensitivity of the Interconnection Agreements, such documents are not attached to this Objection. However, the Debtors already possess the executed Interconnection Agreements, as executed. Centaurus will make available to the Debtors any additional relevant documentation of its claim upon the Debtor's request, subject to entry of an appropriate confidentiality agreement and/or protective order.

## CONCLUSION

14. Accordingly, Centaurus and Wright hereby object on a limited basis to the Plan Proponents' Schedule of Assumed Contracts, including (a) the omission of the Interconnection Agreements with the Interconnection Customers and other related executory contracts from the Schedule of Assumed Contracts and (b) the proposed Cure Amounts, as expressly stated or omitted, to the extent the Debtors fail to pay Centaurus and Wright any prepetition amounts owed as a Cure Amount or in due course as an assumed contract pursuant to the Plan.

15. Centaurus and Wright each individually reserves, to the fullest extent allowed by law, the right to amend, update, modify, and/or supplement this Objection and request such other and further relief pending further investigation, accounting, audit, due diligence or resolution of the Claims and/or the Objection.

*[Remainder Intentionally Left Blank]*

-6-

Case: 19-30088    Doc# 7285    Filed: 05/15/20    Entered: 05/15/20 15:08:08    Page 6 of 7

Dated: May 15, 2020

**BAKER BOTTS L.L.P.**

/s/ Natalie Sanders

Emanuel C. Grillo (*pro hac vice forthcoming*)
emanuel.grillo@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Telephone: 212.408.2519
Facsimile: 212.259.2519

Kevin Chiu (*pro hac vice forthcoming*)
kevin.chiu@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980
Telephone: 214.953.6417
Facsimile: 214.661.4417

Natalie K. Sanders, CA Bar No. 329916
natalie.sanders@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007 Telephone: 650.739.7536
Facsimile: 650.739.7636

*Counsel for Centaurus Capital LP and Wright Solar Park LLC*