DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:    916.444.2100

Attorneys for Teichert Pipelines, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY.<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects Both Debtors,<br><br>*All papers shall be filed in the Lead Case No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br><br>**TEICHERT PIPELINES' OBJECTION TO PROPOSED CURE AMOUNT**<br><br>Date:     May 27, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 17<br>            450 Golden Date Avenue<br>            San Francisco, CA 94102<br>Judge:   Hon. Dennis Montali |

Teichert Pipelines, Inc. ("Teichert Pipelines"), by and through its counsel, hereby files its Objection to Proposed Cure Amount ("Cure Objection") pursuant to the Notice of Filing Plan Supplement in Connection with Debtor's and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 (Docket No. 7037)("Plan Supplement").

Teichert Pipelines is a contract counterparty of the Debtor, pursuant to those certain agreements described as Master Services Agreement #'s 4400008031 (and including prior change orders thereto), and 4400011645 (C2544) (and including prior change orders thereto), which themselves incorporate and encompass associated Contract Work Authorizations ("CWA"),

Purchase Orders ("PO"), and Blanket Purchase Orders ("BPO") ("MSA 8031" and "MSA 2544", each a "Contract" both the "Contracts").

The Debtor is in default under each of the MSA 8031 and the MSA 2544 as a result of unpaid and due and owing amounts totaling $15,643,488.82, plus interest of $2,220,089.65,[1] for a total amount due under both MSA's of $17,863,578.47 ("Cure Amount").[2]

The Contracts are not specifically listed on Exhibit B to the Plan Supplement as those to be assumed. Exhibit B to the Plan Supplement identifies the following contracts and associated cure amounts ("Debtor Identified Contracts/Invoices"):

| Contract ID | Debtor Name | Title of Agreement | Effective Date of Agreement | Cure Amount |
|---|---|---|---|---|
| SRCAMA_C2544_01266 | PACIFIC GAS AND ELECTRIC COMPANY | CONTRACT CHANGE ORDER NO 6 - GAS DISTRIBUTION GENERAL CONSTRUCTION | 3/27/2020 | |
| SRCPOS_2700056733 | PACIFIC GAS AND ELECTRIC COMPANY | PURCHASE ORDER #2700056733 DATED 1/24/2018 | 1/24/2018 | $21,066.92 |
| SRCPOS_2700078465 | PACIFIC GAS AND ELECTRIC COMPANY | PURCHASE ORDER #2700078465 DATED 03/09/2018 | 3/9/2018 | $3,330,360.87 |
| SRCPOS_2700102071 | PACIFIC GAS AND ELECTRIC COMPANY | PURCHASE ORDER #2700102071 DATED 05/01/2018 | 5/1/2018 | $1,088,229.22 |
| SRCPOS_2700144998 | PACIFIC GAS AND ELECTRIC COMPANY | PURCHASE ORDER #2700144998 DATED 08/03/2018 | 8/3/2018 | $3,083,817.40 |
| SRCPOS_2700171016 | PACIFIC GAS AND ELECTRIC COMPANY | PURCHASE ORDER #2700171016 DATED 10/01/2018 | 10/1/2018 | $364,229.36 |

The first of the Debtor Identified Contracts/Invoices is simply a change order to the MSA 2544, with an effective date of June 1, 2020, that reflects substantial price concessions provided PG&E in recent months. But, in order to assume MSA 2544 (as opposed to one change order not

---

[1] Pursuant to applicable law (Cal. Civ. Code § 3289(b),) the principal amount(s) accrue interest at a rate of 10%, which accrues from the date of breach (pre- or post-petition). If the Petition Date is used as the beginning accrual date, using an estimated payment date of June 30, 2020, the cure amount at time of estimated payment, will include interest due of $2,220,089.65, and additional interest accrual at a daily rate of 0.0274% on the principal amount each day past June 30, 2020, until payment is received.

[2] Balances due under the respective MSA's are separately outlined in the exhibits to the Collins Declaration.

yet effective), PG&E must cure all defaults, which means paying all amounts due under the respective MSA's (of which the prior CWA's, BPO's, and PO's, are all a component).

The following five (5) of the Debtor Identified Contracts/Invoices are PO's issued pursuant to the respective MSA's, but pursuant to the terms of and governed by the MSA's, which themselves are the relevant executory contracts. In order to assume a contract, the entire contract must be assumed, not just parts.

Additionally, both the Plan Supplement and the Plan itself provide that if an executory contract is not listed on the Plan Supplement (nor listed as a contract to be rejected), then such unlisted executory contract will be deemed assumed with a cure amount of $0 ("Assumption and Cure Default Provisions"). See, Plan Supplement at ¶¶ 5-8; Plan at Section 8.1(a) (contracts not subject to a motion or listed as to be rejected are "deemed assumed").

And not only are the cure amounts listed with respect to the Debtor Identified Contracts/Invoices incorrect (as set forth in the data submitted with the supporting declaration), it is unclear whether PG&E seeks to assume the MSA's, specific CWA's, BPO's, or PO's.[3]

Because the Contract(s) are not specifically listed on either the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (Exhibit B to the Plan Supplement), nor the Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan (Exhibit A to the Plan Supplement), pursuant to the proposed Plan, absent objection, the Contract(s) could be deemed assumed with no cure payment. Accordingly, Teichert Pipelines objects to the assumption of the Contract(s) without payment of the Cure Amount, which is the amount due under the Contract(s) to cure existing defaults.

This Cure Objection is supported by and incorporates the concurrently-filed Declaration of Sean Collins in Support of Teichert Pipelines' Objection to Proposed Cure Amount ("Collins Declaration"). The Collins Declarations includes a detailed list of every invoice and identifying

---

[3] So, for example, and according to the list of Debtor Identified Contracts/Invoices, it appears as if PG&E is seeking to assume some purchase orders as if they were the entire executory contract, and not others. But, pursuant to the Assumption and Cure Default Provisions, any contracts not listed would be deemed assumed without a cure.

detail that makes up the Cure Amount.  The Debtor is in possession of the particular invoices, which can be provided on further request.  The Collins Declaration also provides calculation and detail of amounts due pursuant to both MSA's and PO's.

Accordingly, Teichert Pipelines respectfully requests the court condition assumption of the Contract(s) on payment in full of the Cure Amount.

DATED:  May 15, 2020              DOWNEY BRAND LLP


By:      /s/ Jamie P. Dreher
         JAMIE P. DREHER
         Attorneys for Teichert Pipelines, Inc.