1  CHRISTOPHER W. WOOD, SBN 193955
   LARRY Q. PHAN, SBN 284561
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone: (916) 379-3500
4  Facsimile: (916) 379-3599

5  ESTELA O. PINO, SBN 112975
   **PINO & ASSOCIATES**
6  1520 Eureka Rd., Suite 101,
   Roseville, CA 95661
7  Telephone: (916) 641-2288
   Facsimile: (916) 244-0989
8
   Attorneys for the Creditor, Ravin Skondin.
9

10              THE UNITED STATES BANKRUPTCY COURT
        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                      SAN FRANCISCO DIVISION

12
   **In re:**                                   ) Case No. 19-30088 (DM)
13
   **PG&E CORPORATION,**                        ) Chapter 11
14                                              )
                                                )
15       **-and-**                              )
                                                )
16 **In re:**                                   )
                                                )
17 **PACIFIC GAS AND ELECTRIC**                 ) **CREDITOR, RAVIN SKONDIN'S**
   **COMPANY,**                                 ) **OBJECTION TO CONFIRMATION**
18                                              ) **O F   D E B T O R S '   A N D**
                  Debtors.                      ) **SHAREHOLDER PROPONENTS'**
19                                              ) **JOINT CHAPTER 11 PLAN OF**
   ☐  Affects PG&E Corporation                 ) **REORGANIZATION, DATED**
20 ☐  Affects Pacific Gas and Electric          ) **MARCH 16, 2020**
        Company                                 )
21 ☒  Affects both Debtors                      ) DATE:     May 27, 2020
                                                ) TIME:     10:00 A.M.
22                                              ) PLACE:    Courtroom 17
                                                )           450 Golden Gate Avenue,
23                                              )           16th Fl.
   *All papers shall be filed in the lead*      )           San Francisco, California
24 *case, No. 19-30088(DM)*                     )
                                                ) JUDGE:    Hon. Dennis Montali
25                                              )
   _____     ) RELATED DOCKET NO.: 6320
26
27
28

Ravin Skondin (hereinafter referred to as "Ms. Skondin") by and through her attorneys of record, respectfully submits the within Objection to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020 (hereinafter referred to as the "Objection").

## I.
## INTRODUCTION

A. SUPERIOR COURT ACTION:

Ms. Skondin is the Plaintiff in a civil action filed in the Superior Court of the State of California, in and for the County of San Francisco (hereinafter referred to as the "Superior Court"), on October 25, 2018, against PG&E Corporation (hereinafter referred to as "PG&E") and Pacific Gas & Electric Company (hereinafter referred to as the "Utility"). PG&E and the Utility shall hereinafter collectively be referred to as the "Debtors." The civil action in the Superior Court was assigned case number CGC-18-570858 (hereinafter referred to as the "Superior Court Action").

The Complaint for Damages (hereinafter referred to as the "Complaint") filed in the Superior Court Action arises from the explosion and fire that occurred on January 12, 2017, at 2209 South George Washington Boulevard, Yuba City, California, which resulted in catastrophic injuries and loss of real and personal property. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**, for the Court's ease of reference.

Ms. Skondin alleges that the explosion and the fire occurred due to the Debtors' endemic failure to maintain certain gas distribution lines. The Complaint contains the following causes of action:

1. Negligence; and

2. Premises Liability; and

///

3.      Public Nuisance; and

4.      Inverse Condemnation; and

5.      Trespass; and

6.      Private Nuisance.

The Complaint seeks damages; including punitive/exemplary damages, general damages, pre-judgment interest, and injunctive relief.

The Superior Court Action was pending at the time the Debtors commenced these Chapter 11 cases, has not gone to trial, and damages have not been liquidated.

**B. PROOFS OF CLAIM:**

On September 25, 2019, Ms. Skondin timely filed a Proof of Claim against PG&E, which was assigned claim number 9825. An amended Proof of Claim against PG&E was timely filed on October 7, 2019, and was assigned claim number 17172 (hereinafter referred to as the "Amended PG&E Proof of Claim"). A true and correct copy of the Amended PG&E Proof of Claim is attached hereto as **Exhibit 2,** for the Court's ease of reference.

On September 25, 2019, Ms. Skondin timely filed a Proof of Claim against the Utility, which was assigned claim number 9819. An amended Proof of Claim against the Utility was timely filed on October 7, 2019, and was assigned claim number 17143 (hereinafter referred to as the "Amended Utility Proof of Claim"). A true and correct copy of the Amended Utility Proof of Claim is attached hereto as **Exhibit 3,** for the Court's ease of reference.

**C. THE PLAN:**

On March 16, 2020, the Debtors and Shareholder Proponents (hereinafter collectively referred to as the "Plan Proponents") filed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020

1   (hereinafter referred to as the "Plan") (Dkt. No. 6320).

2       The Plan creates separate classes for claimants whose claims arose out of

3   certain wildfires and the Ghost Ship fire.  The Plan also creates a separate class for

4   holders of worker's compensation claims.  The Plan, however, does not create a

5   separate class for tort claimants, whose claims arose pre-petition and are not a result

6   of: the wildfires, the Ghost Ship fire, or worker's compensation.  By default the

7   claims of such general tort claimants fall in to the class of general unsecured

8   creditors.

9

10      The classification and treatment for the general unsecured creditors of PG&E is

11  provided in Section 4.4, Class 4A, of the Plan, and for the Utility in Section 4.23,

12  Class 4B, of the Plan.  Under the Plan, the treatment and classification for the general

13  unsecured creditors for PG&E, in Section 4.4, Class 4A, entitled "HoldCo General

14  Unsecured Claims," provides as follows:

15          (a)     Treatment: In full and final satisfaction, settlement, release, and
            discharge of any Allowed HoldCo General Unsecured Claim, except to the
16          extent that the Debtors or the Reorganized Debtors, as applicable, and a holder
            of an Allowed HoldCo General Unsecured Claim agree to a less favorable
17          treatment of such Claim, on the Effective Date or as soon as reasonably
            practicable thereafter, each holder of an Allowed HoldCo General Unsecured
18          Claim shall receive Cash in an amount equal to such holder's Allowed HoldCo
            General Unsecured Claim. The Allowed amount of any HoldCo General
19          Unsecured Claim shall include all interest accrued from the Petition Date
            through the Effective Date at the Federal Judgment Rate.
20
            (b)     Impairment and Voting: The HoldCo General Unsecured Claims are
21          Unimpaired, and holders of HoldCo General Unsecured Claims are presumed
            to have accepted the Plan.
22  *Plan*, Section 4.4, "Class 4A: HoldCo General Unsecured Claims," pg. 48, ln. 9-17.[1]

23  ///

24  ///

25  ///

26  ///

27  ///

28

---

[1] The treatment and classification for general unsecured creditors for the Utility provided in Section 4.23, Class 4B,
of the Plan entitled "Utility General Unsecured Claims" is essentially identical to the treatment and classification for the
general unsecured creditors of PG&E, except for that the word "HoldCo" has been replaced with the word "Utility."

## II.
## OBJECTION

11 U.S.C. §1124, entitled "Impairment of claims or interests," provides as follows:

> [e]xcept as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—
>
> (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest;. . ..

In *Solow v. PPI Enters. (U.S.) (In re PPI Enters. (U.S.))*, 324 F.3d 197, 203 (3rd Cir. 2003), the Court held that

> [t]he Bankruptcy Code creates a presumption of impairment 'so as to enable a creditor to vote on acceptance of the plan.' . . . *(citations omitted)*. Under *11 U.S.C. § 1124(1)*, the presumption of impairment is overcome only if the plan 'leaves unaltered the [creditor's] legal, equitable, and contractual rights.' The burden is placed on the debtor to demonstrate the plan leaves the creditor's rights unaltered.

Contrary to the Debtors' classification of Ms. Skondin and the other, similarly situated, general tort claimants are impaired. This is amply demonstrated by contrasting the treatment provided to Ms. Skondin, as allegedly "unimpaired," under the Plan, to the treatment provided for holders of worker's compensation claims, which is set forth under Section 4.9, Class 6A, entitled "HoldCo Worker's Compensation Claims," of the Plan for PG&E, and under Section 4.28, Class 6B, entitled "Utility Worker's Compensation Claims," of the Plan for the Utility. The treatment for the worker's compensation claims under Section 4.9, Class 6A, entitled "HoldCo Worker's Compensation Claims," provides as follows:

> [o]n and after the Effective Date, each holder of a HoldCo Workers' Compensation Claim shall be entitled to pursue its Claim against Reorganized HoldCo as if the Chapter 11 Cases had not been commenced.

*Plan*, Section 4.9, "Class 6A - HoldCo Worker's Compensation Claims," pg. 49, ln. 24-25.[2]

The claims of Ms. Skondin and other, similarly situated general tort claimants, were mis-classified as "unimpaired" and such claimants were not provided an

---

[2] The treatment for worker's compensation claims for the Utility provided in Section 4.28, Class 6B, of the Plan, entitled Utility Worker's Compensation Claims, is essentially the same as the treatment for the worker's compensation claims for PG&E, except for that the word "HoldCo" has been replaced with the word "Utility."

opportunity to vote on the Plan. The Plan, therefore, cannot not be confirmed. It cannot be presumed that Ms. Skondin and other, similarly situated, general tort claimants have accepted the Plan, absent language similar to the language set forth in the treatment of Class 6A and Class 6B.

The Plan is also deficient in that it does not provide Ms. Skondin and other, similarly situated, general tort claimants a mechanism for liquidating their claims, unlike the treatment afforded to the worker's compensation claimants who are allowed to pursue their claims against the Debtors, as if the Chapter 11 case had not been commenced. Ms. Skondin and other, similarly situated, general tort claimants should be afforded the same opportunity to pursue their claims, as if the Chapter 11 cases had not been commenced.

The scope of the Release and Discharge provision of the Plan is also impermissibly broad. Section 10.3, entitled "Release and Discharge of Debtors," of the Plan, provides as follows:

> [u]pon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights, and liabilities that arose prior to the Effective Date; *provided, however,* that any liability of the Debtors arising from any fire occurring after the Petition Date, including the Kincade fire, that has not been satisfied in full as of the Effective Date shall not be discharged, waived, or released. In addition, (a) from and after the Effective Date neither the automatic stay nor any other injunction entered by the Bankruptcy Court shall restrain the enforcement or defense of any claims for fires occurring after the Petition Date, including the Kincade fire or the Lafayette fire in any court that would otherwise have jurisdiction if the Chapter 11 Cases had not been filed and (b) no claims for fires or motions for allowance of claims for fires occurring after the Petition Date need to be filed in the Chapter 11 Cases. Upon the Effective Date, all such Persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or Interest in the Debtors.

*Plan,* Section 10.3, "Release and Discharge of Debtors," pg. 80 (ln. 25-27) - pg. 81 (ln. 1-8).

Thus, Section 10.3 of the Plan appears to provide the Debtors a release of the claims held by Ms. Skondin and precludes and enjoins Ms. Skondin and other,

similarly situated, general tort claimants from "prosecuting or asserting any such discharged Claim against or Interest in the Debtors." *Id.* at pg 81, ln. 7-8.

As correctly noted by the Official Committee of Unsecured Creditors in its "Statement Regarding (I) The Proposed Disclosure Statement and (II) The Solicitation Procedures Motion" (hereinafter referred to as the "UCC's Statement") (Dkt. No. 6154), filed on March 6, 2020,

> [w]hile the Debtors will be entitled, on and after the Effective Date, to the protections of the discharge provisions of Bankruptcy Code section 1141(d), the language in Section 10.3 goes well beyond the statute by foisting what amounts to a general release upon all creditors receiving distributions under the Plan – even creditors whose claims, according to the Debtors, are unimpaired by the Plan. It is not at all clear why the Debtors are entitled to extract a nonconsensual release beyond the discharge the Debtors are already receiving under section 1141(d), especially when such a release potentially infringes upon the rights of creditors whose legal, contractual, and equitable rights are supposed to be left unaltered. 11 U.S.C. § 1124.

*UCC's Statement,* pg. 3, ln. 15-25.

The Plan should be amended to add language specifying that Ms. Skondin and other, similarly situated, general tort claimants are **neither** precluded **nor** enjoined from pursuing their claims, so that their claims can be liquidated and be paid.

The situation is made even more perplexing by the injunction contained in Section 10.6(a) of the Plan, which provides as follows:

> [e]xcept as otherwise provided in this Plan or in the Confirmation Order, **as of the entry of the Confirmation Order** but subject to the occurrence of the Effective Date, **all Persons who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing**, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (i) or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against a Debtor, a Reorganized Debtor, or an estate or its property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection (ii) or any

property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against a Debtor, a Reorganized Debtor, or an estate or any of its property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons mentioned in this subsection (iii) or any property of any such transferee or successor; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, that nothing contained herein shall preclude such Persons who have held, hold, or may hold Claims against a Debtor or an estate from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of this Plan, the Confirmation Order, or any other agreement or instrument entered into or effectuated in connection with the consummation of the Plan.

*Plan,* Section 10.6(a), "Injunction," pg. 81 (ln. 20-26) - pg. 82 (ln. 1-9). Emphasis added.

Ms. Skondin and other, similarly situated, general tort claimants are effectively prohibited from seeking to have their claims adjudicated and liquidated as there is a permanent injunction in place, as of the **entry of an order confirming the Plan**.

The timing of the injunction is also problematic because, unlike other provisions of the Plan, which are effective on the "Effective Date," the permanent injunction seems to be effective upon **entry of an order confirming the Plan**. This provision is inconsistent with Section 9.5 of the Plan, which provides as follows:

[i]f the Effective Date does not occur on or before December 31, 2020, then: (a) the Plan will be null and void in all respects; and (b) nothing contained in the Plan or the Disclosure Statement shall: (i) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity; (ii) prejudice in any manner the rights of any Debtor or any other Entity; or (iii) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

*Plan,* Section 9.5, "Effect of Non-Occurrence of Effective Date," pg. 80, ln. 10-13.

If the Plan is rendered "null and void" in accordance with Section 9.5, the Debtors would still have enjoyed the permanent injunction pursuant to Section 10.6(a), from the date of entry of the order confirming the Plan. The provisions of the injunction should not be made effective as of the confirmation date.

It should be noted that pending the "Effective Date," the Debtors are protected by the provisions of Section 10.4 of the Plan, which provides as follows:

[u]nless otherwise provided herein or in a Final Order, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay. The Trading Order shall remain enforceable as to transfers through the Effective Date with respect to those persons having "beneficial ownership" of "PG&E Stock" (as such terms are defined in Trading Order). Accordingly, the Trading Order has no applicability or effect with respect to the trading of stock of Reorganized HoldCo after the Effective Date.

*Plan,* Section 10.4, "Term of Injunctions or Stays," pg. 81 (ln. 9-13).

The injunction provisions of the Plan should also be amended to add language specifying that Ms. Skondin and other, similarly situated, general tort claimants are **not** precluded from adjudicating their claims so that their claims can be liquidated and they can be paid.

# III.
# JOINDERS

Ms. Skondin does hereby joins in and supports the well reasoned "Municipal Objectors' (1) Objection to Confirmation of Plan of Reorganization (Dkt. 6320) and (2) Objection to Cure Notice and Other Matters Pertaining to Assumption Pursuant to Section 365(b)(1) of the Bankruptcy Code (Dkt. 7037)," filed with the Court on May 15, 2020 (Dkt. No. 7231).

Ms. Skondin also does hereby joins in and supports the "Objections of The City and County of San Francisco to Confirmation of Joint Plan of Reorganization," filed with the Court on May 15, 2020 (Dkt. No. 7232).

# IV.
# RESERVATION OF RIGHTS

Ms. Skondin does not waive any, and expressly reserves her rights, defenses, limitations and/or claims under applicable law or otherwise. Further, Ms. Skondin reserves all her rights to be heard by the Court in connection with aspects of the Plan confirmation. Ms. Skondin also reserves her rights to amend, modify, or otherwise supplement this Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or other submission in

connection with the Plan or filed by any other party in interest. Finally, Ms. Skondin reserves her right to adopt and/or join in any other objections to confirmation filed by any other party in interest.

**IV.**

**CONCLUSION**

For the reasons set forth above, Ms. Skondin respectfully requests this Court deny confirmation of the Plan.

Dated: May 15, 2020

Respectfully submitted,

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: _____

Larry Q. Phan, Attorneys for Ravin Skondin.

**PINO & ASSOCIATES**

By: _/s/ Estela O. Pino_____

Estela O. Pino, Attorneys for Ravin Skondin.

ENDORSED
FILED
Superior Court of California
County of San Francisco

OCT 2 5 2018

CLERK OF THE COURT
BY: _____ BOWMAN LIU
Deputy Clerk

1   STEVEN M. CAMPORA, ESQ. / SBN: 110909
    CHRISTOPHER W. WOOD, ESQ. SBN: 193955
2   **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
    20 Bicentennial Circle
3   Sacramento, CA 95826
    Telephone: (916) 379-3500
4   Facsimile: (916) 379-3599

5   Attorneys for Plaintiff

6

7

8                SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11                            Case No.:    CG-18-570858

12   RAVIN SKONDIN,                **COMPLAINT FOR DAMAGES**

13      Plaintiff,

14      v.

15   PG&E CORPORATION;
    PACIFIC GAS & ELECTRIC COMPANY;
16   and DOES'1 through 100,

17      Defendants.

18   _____

19

20      Plaintiff,   RAVIN   SKONDIN,   alleges   against   Defendants,   PG&E   CORPORATIONS,

21   PACIFIC GAS & ELECTRIC COMPANY, and DOES 1 to 100, and each of them, as follows:

22         <u>**GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION**</u>

23                 A.      <u>**PARTIES**</u>

24      1. Plaintiff is now and at all times relevant herein was a resident of the State of California,

25   County of Sutter, and/or owned or occupied property in the State of California, County of Sutter.

26   All of Plaintiff's injuries and damages alleged herein, specifically including, but not limited to personal

27   injury, damage to real property and/or damage to personal property occurred in Sutter County,

28   State of California.

                                   -1-

COMPLAINT FOR DAMAGES

BY FAX
ONE LEGAL LLC

1      2.    At all times herein mentioned Defendants **PG&E CORPORATION** and

2  **PACIFIC GAS & ELECTRIC COMPANY** (hereinafter collectively "**PG&E**"), were corporations

3  authorized to do business and doing business, in the State of California, with their principal place of

4  business in the County of San Francisco, State of California. Defendant, **PG&E CORPORATION**, is

5  an energy-based holding company headquartered in San Francisco. It is the parent company of

6  Defendant, **PACIFIC GAS AND ELECTRIC COMPANY. PG&E CORPORATION** subsidiaries provide

7  customers with public utility services and services relating to the generation of energy and

8  electricity, transmission of electricity and natural gas, and the distribution of energy. Witnesses,

9  documents and information relevant to the issues in this case is housed in San Francisco County.

10                    **B.**    **THE SUBJECT INCIDENT**

11      3.    The explosion and fire complained of herein occurred on January 12, 2017 at

12  2209 South George Washington Boulevard, Yuba City, California.

13                    **C.**    **DOE DEFENDANTS**

14      4.    Except as described herein, Plaintiff is ignorant of the true names and/or capacities

15  of the Defendants sued as Does 1 through 100, inclusive, and therefore, Plaintiff sues these

16  Defendants by such fictitious names. Following further investigation and discovery, Plaintiff will seek

17  leave of this Court to amend this Complaint to allege their true names and capacities when

18  ascertained. These fictitiously named Defendants are responsible in some manner for the acts,

19  occurrences and events alleged herein. These Defendants aided and abetted and/or conspired with

20  the named Defendants in the wrongful acts and course of conduct or otherwise negligently caused

21  the damages and injuries claimed herein and are responsible in some manner for the acts,

22  occurrences and events alleged in this Complaint.

23                    **D.**    **AGENCY & JOINT VENTURE**

24      5.    Plaintiff is informed and believes that the Defendants herein, and each of them, were

25  agents, employees and/or joint venturers of one another, acting and/or failing to act as alleged

26  herein, the Defendants, and each of them, were acting in the course and scope of said agency, joint

27  venture and/or employment relationship.

28  ///

COMPLAINT FOR DAMAGES
Case: 19-30088   Doc# 7295   Filed: 05/15/20   Entered: 05/15/20 15:27:47   Exhibit 1
of 49     Page 12
Page 2 of 15

# E. **FACTUAL BACKGROUND**

## 1. **Plaintiff**

6.    On or about January 12, 2017, Plaintiff owned and/or occupied real property located in Sutter County, California.

## 2. **Defendant PG&E**

7.    At all times herein mentioned, Defendants, **PG&E** and **DOES 1 THROUGH 50,** (hereinafter collectively "**PG&E DEFENDANTS**"), and each of them, were suppliers of gas and electricity to members of the public in Sutter County.   As part of supplying natural gas to members of the public, **PG&E DEFENDANTS**, installed, constructed, built and operated gas transmission and distribution lines, specifically including the distribution line which is the subject of this action.   The purpose of installing the lines was to provide natural gas to member of the general public.   A distribution line existed near the home located at 2209 S. George Washington Boulevard, Yuba City, California and was the cause of the subject incident.   At all times, the defendants and each of them were required to "furnish and maintain such adequate, efficient, just, and reasonable service, instrumentalities, equipment, and facilities, . . .  as are necessary to promote the safety, health, comfort, and convenience of its patrons, employees, and the public." (PUC Section 451.)

8.    Prior to January 12, 2017, **PG&E DEFENDANTS**, and each of them, had a duty to properly install, maintain and repair the gas transmission and distribution lines and to monitor the lines for leaks.   In the construction, repair, maintenance and operation of their gas lines, **PG&E DEFENDANTS**, and each of them, had an obligation to comply with statutes, regulations and standards, specifically including, but not limited to 49 CFR Part 192. In addition, **PG&E DEFENDANTS**, and each of them, were specifically aware that such standards and regulations were minimum standards and that **PG&E DEFENDANTS**, and each of them, had a duty to make their lines safe under all the exigencies created by the surrounding circumstances and conditions and that a failure to do so constituted negligence and would expose members of the general public to a serious risk of injury or death. **PG&E DEFENDANTS** and Does, and each of them, were, at all times mentioned herein, specifically aware Aldyl-A plastic pipe, manufactured by DuPont, posed a specific and known risk of failure. **PG&E DEFENDANTS** have known this for more than 30 years and have

---

-3-

**COMPLAINT FOR DAMAGES**

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 13 of 49

Exhibit 1

Page 3 of 15

1  failed and refused to replace said pipe timely, despite knowing that it poses a risk of injury and/or
2  death to the public.   Plaintiff is informed and believes that the pipe involved in this incident is
3  Aldyl-A pipe, manufactured by Dupont. Plaintiff is informed and believes that subject gas line was
4  installed in 1974, but the date of manufacture of the pipe is not yet known to Plaintiff.
5  However, Plaintiff is informed and believes that **PG&E DEFENDANTS** had actual knowledge that
6  Aldyl-A pipe manufactured before 1974 poses a significant risk of injury to the public.   Further,
7  **PG&E DEFENDANTS** were aware that the same gas line had suffered a prior leak in early 2015 as
8  a result of a crack in the body of the pipe, the type of defect known to exist in Aldyl-A pipe.   Despite
9  such knowledge, **PG&E Defendants** failed to mitigate the risk to this Plaintiff and others, by failing
10 to ensure that the subject distribution line was not leaking and was properly assembled, inspected,
11 repaired, maintained or replaced.
12         9.    **PG&E DEFENDANTS** failed to take reasonable measures to protect Plaintiff and
13 others, from the known dangers of the distribution line, despite knowing that if the line leaked and
14 gas migrated underground through soil, sand and gravel, the odor added to natural gas, as a
15 warning, would be scrubbed from the natural gas and it would enter the homes of Plaintiff and
16 others odorless or nearly so and Plaintiff and/or others in their homes would have no warning that
17 gas was leaking.   **PG&E DEFENDANTS** knew of this problem and knew that leaking natural gas
18 posed a serious risk of injury to the public.   **PG&E DEFENDANTS** were actually aware of the danger
19 posed to the public by leaking natural gas because in 2008, in Rancho Cordova, California gas from
20 a PG&E distribution line leaked into a home, exploded and caused the death of Wilbert Panna.
21 Further, in 2010, in San Bruno, California, gas from a PG&E Transmission line, leaked was ignited,
22 exploded and caused the deaths of eight people.   Despite actual knowledge of the danger posed to
23 the public, **PG&E DEFENDANTS** failed to take reasonable steps to properly construct, maintain,
24 repair, replace and/or inspect the subject line. Further, Plaintiff is informed and believes that despite
25 knowledge of the dangers posed by natural gas, **PG&E DEFENDANTS** failed to properly train its
26 agents, contractors, and/or employees in the proper method of installing, inspecting, repairing,
27 maintaining, and/or replace such lines. Further, **PG&E DEFENDANTS** failed to properly monitor
28 the subject line for leaks.

-4-

**COMPLAINT FOR DAMAGES**

### 3.  Common Allegations Applicable to All Defendants

10.    Defendants and each of them, were negligent in that they failed to properly construct, install, maintain, repair, inspect, monitor, repair, and/or replace their distribution gas lines and negligently failed to properly warn the public of this failure so as to secure safety to the public in general, specifically this Plaintiff.  As a direct, proximate and legal result of the negligence of the Defendants, and each of them, Plaintiff suffered the injuries and damages alleged herein.

11.    On or about January 12, 2017, as a direct and proximate result of the negligence of the Defendants, and each of them, gas from the subject line leaked into the Plaintiff's residence, was ignited and exploded.    The explosion and resulting fire caused the injury and damages complaint of herein.

### FIRST CAUSE OF ACTION

### Negligence

### (Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and each of them.)

12.    The explosion and fire alleged herein was a direct, proximate, and legal result of the negligence of **PG&E DEFENDANTS** and **DOES 1 to 100**, (hereinafter collectively "**DEFENDANTS**") and each of them.  **DEFENDANTS**, and each of them, breached their duties owed to Plaintiff in that said **DEFENDANTS** (1) failed to comply with the applicable statutes, regulations and standards, (2) failed to timely and properly maintain and inspect the subject line, (3) failed to properly construct, install and repair, the subject line, and (4) and failed to make the distribution lines reasonably safe under all the exigencies created by the surrounding circumstances and conditions.    As a direct, proximate and legal result of said negligence, this Plaintiff suffered damages as alleged herein. **DEFENDANTS**, and each of them, negligently installed, constructed, maintained, operated, inspected, and/or repaired the line and as a direct, proximate and legal result the line caused a fire and Plaintiff's damages.

13.    As a direct, proximate, and legal result of the negligence of the **DEFENDANTS**, and each of them, Plaintiff has suffered physical and emotional injuries, damages to real property, specifically including the loss of a residence, vegetation, trees, and structures, as well as a loss of

-5-

Exhibit 1
Page 5 of 15

use of such property. As a direct, proximate, and legal result of the negligence of the **DEFENDANTS**, and each of them, Plaintiff has suffered a loss of personal property, including but not limited to items of peculiar value to Plaintiff. As a direct, proximate, and legal result of the negligence of the **DEFENDANTS**, and each of them, Plaintiff has incurred and will continue to incur expenses and other economic damages related to the damage to their property, specifically including costs relating to storage, clean-up, disposal, repair of their property and other related consequential damages. Plaintiff's damages exceed the minimum jurisdiction for an unlimited civil matter, the exact amount according to proof.

14. The negligence of the **DEFENDANTS**, and each of them, was a direct and substantial factor in causing personal injuries to Plaintiff.

15. As a result of the negligence of **DEFENDANTS**, and each of them, Plaintiff has suffered personal / bodily injuries, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage (real and/or personal) and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress.

17. At all times herein mentioned, **PG&E DEFENDANTS**, and each of them, failed to properly inspect and maintain the subject gas line which they knew, given the date of its installation and the type of pipe used, posed a risk of serious injury, damage or death to others, including Plaintiff herein. **PG&E DEFENDANTS**, and each of them, were aware that if the subject gas line leaked, an explosion and fire were likely to result. **PG&E DEFENDANTS**, and each of them, also knew that given the flammability of natural gas, any ignition, within a confined space, was likely to result in an explosion capable of killing people, including Plaintiff. Over the past approximately 10 years, **PG&E DEFENDANTS**, and each of them, have been subject to numerous fines and penalties as a result of their failure to abide by safety rules and regulations. In 2015, the President of the CPUC specifically stated:

---

-6-

**COMPLAINT FOR DAMAGES**

1     • Recently, the Commission opened an investigation into PG&E's gas distribution record
2 keeping practices. The Commission may impose penalties for record-keeping violations
3 related to the following events:
4     •     Carmel residential gas explosion March 3, 2014 ($10.8 million fine). When the
5 Commission issued a citation and $10.85 million fine for safety violations last November,
6 it noted that the ticket failed to note Aldyl-A liner in pipe.
7     •     Castro Valley dig-in September 17, 2010. Storm drain dig in with valid ticket
8 released gas. Mapping error.
9     •     Morgan Hill dig-in on June 21, 2012. Water line replacement with valid ticket.
10 PG&E failed to mark gas pipeline.
11     •     Milpitas failure during gas pipe replacement on October 10, 2012. Bad engineering
12 on pipeline pressure and work crew failed to monitor pressure valves.
13     •     Milpitas dig-in on March 4, 2013. 3rd party dig-in to replace storm drain.
14 Mapping error.
15     •     Mountain View pipeline tap on July 30, 2013. Ticket failed to note plastic insert.
16     Those incidents, "All appear to share similarities to the Rancho Cordova incident in 2008."
17 Plaintiffs are informed and believe that this incident is also very similar to the Rancho Cordova
18 incident of 2008. From 2006 through 2013, **PG&E DEFENDANTS** were cited and fined at a rate
19 more than three times higher than other regulated utilities. Despite these penalties and fines **PG&E**
20 **DEFENDANTS**, and each of them, have failed and refused to modify their behavior and they have
21 continued to conduct their business with a conscious disregard for the safety of the public, including
22 these Plaintiffs. As a result of the continued actions by the **PG&E DEFENDANTS,** in conscious
23 disregard for the safety of others, the California Public Utilities Commission has ordered an
24 investigation into the culture of safety at PG&E. The California Public Utilities Commission President,
25 recognizing that **PG&E DEFENDANTS** have failed and refused to modify their conduct, despite
26 penalties and fines, has recommended an investigation of PG&E's actions and operations. In July
27 of 2015, the President of the CPUC, specifically stated:
28 ///

**COMPLAINT FOR DAMAGES**

> Despite major public attention, ongoing CPUC investigations (OIIs) and rulemakings (OIRs) into PG&E's actions and operations, including the investigations we voted on today, federal grand jury, and California Department of Justice investigation, continued safety lapses at PG&E continue to occur.

As a direct, proximate, and legal result of the **PG&E DEFENDANTS'** failure and refusal to abide by safety rules and regulations, they have incurred almost two billion dollars in fines, yet they continue to consciously disregard the safety of the public, including this Plaintiff. **PG&E DEFENDANTS,** and each of them, admit to having been responsible for the deaths of at least nine (9) people and burns and injuries suffered by at least 40 other people, since December of 2008. They have also admitted to putting profits over safety and to having knowingly violated safety regulations. The injuries and damages suffered by this Plaintiff are a direct and proximate result of the ongoing custom and practice of the **PG&E DEFENDANTS,** and each of them, of consciously disregarding and not following statutes, regulations, standards and rules regarding their business operations. Despite having caused death and injury to numerous people, these **DEFENDANTS** have continued to act in conscious disregard for the safety of others and have ratified the conduct of their employees, in that no employee has been disciplined or discharged (a) as a result of failing and/or refusing to comply with the regulations and/or (b) as a result of the deaths of members of the public. **PG&E DEFENDANTS,** and each of them, in order to cut costs, failed to properly inspect, repair, replace and/or maintain the subject line, with full knowledge that such failure was likely to result in an explosion and fire that would burn and/or kill people, damage property, and/or cause harm to the general public, including this Plaintiff. The actions of the **PG&E DEFENDANTS,** and each of them, did in fact result in damages to this Plaintiff. The **PG&E DEFENDANTS,** and each of them, failed to make the proper inspections, failed to properly maintain the lines, failed to properly repair and/or replace the subject line, failed to properly monitor the subject line, and failed to safely operate their lines, in order to save money, while at the same time spending millions of dollars on television advertisements falsely and fraudulently representing to the public that they were acting in a safe manner. The conduct of the **PG&E DEFENDANTS,** and each of them, evidenced a conscious disregard for the safety of others, including Plaintiff. The conduct of the **PG&E DEFENDANTS,** and each of them, was despicable and constitutes malice as defined by Civil

-8-

Code Section 3294. Plaintiff is entitled to an award of punitive damages sufficient to punish and make an example of the **PG&E DEFENDANTS**, and each of them.

## SECOND CAUSE OF ACTION

### Premises Liability

### (Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and each of them.)

16.     Plaintiff re-alleges the First Cause of Action as if set forth here at length.

17.     **PG&E DEFENDANTS**, and each of them, were the owners of an easement and/or right of way upon real property near 2209 S. George Washington Boulevard, Yuba City, California.

18.     The **PG&E DEFENDANTS**, and each of them, failed to properly inspect the real property and easement and allowed an unreasonably dangerous condition to exist on said property by, specifically including, but not limited to, failing to properly inspect, maintain, install, replace and/or repair their gas lines and failing to properly monitor the lines for leaks and/or failures.

21.     As a direct, proximate and legal result of the negligence of the **PG&E DEFENDANTS**, and each of them, Plaintiff, suffered injuries as alleged herein.  Plaintiff's damages exceed the minimum jurisdiction for an unlimited civil matter, the exact amount according to proof.

## THIRD CAUSE OF ACTION

### Public Nuisance

### (Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and each of them.)

19.     Plaintiff re-alleges the First and Second Causes of Action as if set forth here at length.

20.     Plaintiff owns and/or occupies the property at 2209 S. George Washington Boulevard, Yuba City, California, which is the subject of this action.   Plaintiff has a right to own, enjoy and/or use of their property without interference by the **DEFENDANTS**, and each of them.

21.     **DEFENDANTS**, and each of them, owed a duty to the public, including this Plaintiff, to conduct their business, in particular the maintenance of the gas distribution lines, specifically including the line near 2209 S. George Washington Blvd, Yuba City, California, in a manner that did not damage the public welfare and safety.

-9-

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Exhibit 1
of 49
Page 9 of 15

22.     **DEFENDANTS**, and each of them, by acting or failing to act, as alleged herein, created a condition which was harmful to the health of the public, including this Plaintiff and which interfered with the comfortable enjoyment of Plaintiff's property.  Plaintiff did not consent, expressly or impliedly to the conduct of the DEFENDANTS and each of them.

23.     The dangerous condition which was created by and/or allowed to exist by the **DEFENDANTS**, and each of them, affected a substantial number of people within the general public, including this Plaintiff.    As a direct, proximate, and legal result of the conduct of **DEFENDANTS**, and each of them, Plaintiff suffered a type of harm that is different from the type of harm suffered by the general public.  Specifically, Plaintiff has suffered injury and lost the use and enjoyment of land, including, but not limited to, a legitimate and rational fear that the area is still dangerous, a diminution in the fair market value of property, an impairment of the salability of property, and an exposure to an array of toxic substances on the land.

24.     As a further direct, proximate, and legal result of the conduct of the **DEFENDANTS**, and each of them, Plaintiff has suffered, and will continue to suffer, discomfort, anxiety, fear, worries, and stress attendant to the interference with Plaintiff's use and enjoyment of their residence, and/or property, as alleged herein.

25.     A reasonable ordinary person would be reasonably annoyed or disturbed by the condition created by the **DEFENDANTS**, and each of them, and the resulting explosion and fire.

26.     The conduct of the DEFENDANTS, and each of them, is unreasonable and the seriousness of the harm to the public, including this Plaintiff, outweighs the social utility of the **DEFENDANTS**' conduct.

27.     The conduct of **DEFENDANTS**, and each of them, resulting in the subject explosion and fire is not an isolated incident, but is ongoing and repeated conduct, and the **DEFENDANTS'** conduct and failures have resulted in other fires and damage to the public.

28.     The unreasonable conduct of **DEFENDANTS**, and each of them, is a direct, proximate and legal cause of the damage to the public, including Plaintiff.

29.     **DEFENDANTS**, and each of them, have failed and refused to conduct proper inspections and to properly install, construct, repair, replace, maintain, and/or monitor their lines

-10-

safe for operation, and the failure to do so exposes every member of the public, residing in in PG&E

service areas, to a danger of personal injury, death and/or a loss of property.

30. The aforementioned conduct of **DEFENDANTS**, and each of them, constitutes a

nuisance within the meaning of section 3479 of the Civil Code in that it is injurious and/or offensive

to the senses of the Plaintiff, unreasonably interferes with their comfortable enjoyment of their

properties and/or unlawfully obstructs the free use, in the customary manner, of Plaintiff's

properties, including, but not limited to, all residential uses.

31. Plaintiff seeks damages as set forth herein and seek a permanent injunction ordering

that the **DEFENDANTS** and each of them, stop continued violation of Public Utilities Code, Section

451 and 49 CFR Part 192. Plaintiff's damages exceed the minimum jurisdiction for an unlimited

civil matter, the exact amount will be according to proof.

## <u>FOURTH CAUSE OF ACTION</u>

### Inverse Condemnation

**(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**

**each of them.)**

32. Plaintiff incorporates and re-allege each of the paragraphs in their First, Second and

Third Causes of Action as if fully set forth herein at length.

33. On January 12, 2017, Plaintiff was the owner of real property and/or personal

property located at 2209 S. George Washington Boulevard, Yuba City, California.

34. Prior to and on January 12, 2017, **DEFENDANTS**, and each of them, installed, owned,

operated, used, controlled and/or maintained distribution gas lines, including a line in the area of

2209 S. George Washington Boulevard, Yuba City, California.

35. On January 12, 2017, as a direct, proximate, and legal result of **DEFENDANTS'**

installation, ownership, operation, use, control and/or maintenance of the gas distribution lines for

a public use, the gas line leaked and caused an explosion and fire causing damage to property,

including property owned and/or occupied by this Plaintiff. The explosion and fire damaged and/or

destroyed Plaintiff's real and/or personal property.

///

-11-

COMPLAINT FOR DAMAGES

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 21
of 49

Exhibit 1

36.     The above described damage to Plaintiff's property was proximately and substantially caused by the actions of **DEFENDANTS**, and each of them, in that **DEFENDANTS'** installation, ownership, operation, use, control, and/or maintenance for a public use of the gas distribution lines was a substantial factor in causing and was the cause of the damage suffered by Plaintiff.

37.     Plaintiff has not received adequate compensation for the damage to and/or destruction of their property, thus constituting a taking or damaging of Plaintiff's property by the **DEFENDANTS**, and each of them, without just compensation.

38.     As a direct, proximate, and legal result of the above-described damages to Plaintiff's property including loss of use, interference with access, enjoyment and marketability, and injury to personal property, Plaintiff has been damaged in an amount according to proof at trial.   Plaintiff's damages exceed the minimum jurisdiction for an unlimited civil matter, the exact amount according to proof.

39.     Plaintiff has incurred and will continue to incur attorneys', appraisal, litigation and engineering fees and costs because of the conduct of **DEFENDANTS**, and each of them, in amounts that cannot yet be ascertained, but which are recoverable in this action under Code of Civil Procedure Section 1036.

## FIFTH CAUSE OF ACTION

### Trespass

**(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and each of them.)**

40.     Plaintiff incorporates and re-alleges each of the paragraphs in their First, Second, Third, and Fourth Causes of Action as if fully set forth here at length.

41.     At all times relevant herein, Plaintiff, RAVIN SKONDIN was the owners, residents, tenants, and/or lawful occupiers of property damaged by the explosion and fire at 2209 S. George Washington Boulevard, Yuba City, California.   Plaintiff was entitled to possession of the property which they owned, leased and/or occupied.

42.     **DEFENDANTS**, and each of them, negligently allowed the natural gas from their gas distribution line to leak onto said property and into said residence.   The gas was caused to ignite

---

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 22 of 49
Exhibit 1
Page 12 of 15

1   and exploded causing injury to Plaintiff.  The allowance of **DEFENDANTS** natural gas to leak onto
2   and into Plaintiff's residence constitutes a trespass.

3       43.     Plaintiff did not grant permission for **DEFENDANTS** to cause the gas to enter the
4   property which they owned, leased and/or occupied.

5       44.     As a direct, proximate, and legal result of the trespass, Plaintiff has suffered and will
6   continue to suffer damages, including but not limited to damage to personal injuries, property,
7   discomfort, annoyance, emotional distress and injury to peaceful enjoyment of property, all in an
8   amount to be proved at the time of trial.   Plaintiff's damages exceed the minimum jurisdiction for
9   an unlimited civil matter, the exact amount will be according to proof.

10      45.     The conduct of **DEFENDANTS**, and each of them, was willful and wanton, and with a
11  conscious contempt and disdain for the disastrous consequences that **DEFENDANTS** knew could
12  occur as a result of their dangerous conduct. Accordingly, **DEFENDANTS**, and each of them, acted
13  with malice towards Plaintiff, which is an appropriate predicate fact for an award of
14  exemplary/punitive damages in a sum according to proof.

15                              **SIXTH CAUSE OF ACTION**

16                                  **Private Nuisance**

17      46.     Plaintiff incorporates and re-alleges each of the paragraphs in their First, Second,
18  Third, Fourth and Fifth Causes of Action as if fully set forth here at length.

19      47.     **DEFENDANTS**', and each of their, actions, conduct, omissions, negligence, trespass
20  and failure to act directly, proximately and legally resulted in a fire hazard, a foreseeable obstruction
21  to the free use of Plaintiff's property, an invasion of the right to use the Plaintiff's property, and an
22  interference with the enjoyment of Plaintiff's property causing the Plaintiff unreasonable harm and
23  substantial actual damages constituting a nuisance, pursuant to California Civil Code Section 3479.

24      48.     As a direct, proximate and legal result of the conduct of **DEFENDANTS**, and each of
25  them, Plaintiff sustained loss and damage, including but not limited to physical injury,  damage to
26  property, discomfort, annoyance, emotional distress, and injury to peaceful enjoyment of property,
27  all in an amount to be proven at trial.  Plaintiff's damages exceed the minimum jurisdiction for an
28  unlimited civil matter, the exact amount will be according to proof.

---

-13-

49.     The conduct of **DEFENDANTS**, and each of them, was willful and wanton, and with a conscious contempt and disdain for the disastrous consequences that **DEFENDANTS** knew could occur as a result of their dangerous conduct.  Accordingly, **DEFENDANTS**, and each of them, acted with malice towards Plaintiff, which is an appropriate predicate fact for an award of exemplary/punitive damages in a sum according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against **DEFENDANTS, PG&E CORPORATION, PACIFIC GAS & ELECTRIC COMPANY,** and DOES 1 through 100, and each of them, as follows:

**For Inverse Condemnation**

1.     Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2.     Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal property;

3.     Loss of wages, earning capacity and/or business profits or proceeds and/or any related displacement expenses;

4.     All costs of suit, including attorneys' fees where appropriate, appraisal fees, engineering fees and related costs;

5.     Prejudgment interest from on or about September 9, 2015, according to proof; and

6.     For such other and further relief as the Court shall deem proper, all according to proof.

**For Negligence, Premises Liability, Trespass, Public and Private Nuisance,**

1.     Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2.     Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal property;

3.     Loss of wages, earning capacity and/or business profits or proceeds and/or any related displacement expenses;

4.     Past and future medical expenses and incidental expenses according to proof at trial;

-14-

5.     Punitive/exemplary damages in an amount sufficient to punish and make an example of the Defendants;

6.     General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of quiet enjoyment of property, personal injury, and for such other and further relief as the Court shall deem proper, all according to proof;

7.     Permanent injunction ordering Defendants to stop continued violation of Public Resources Code Sections 4292 and 4293 and General Orders 95 and 165;

8.     All costs of suit; and

9.     Prejudgment interest, according to proof.

DATED: October 24 2018

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By:_____
          STEVEN M. CAMPORA

-15-

**COMPLAINT FOR DAMAGES**

**United States Bankruptcy Court, Northern District of California**

Fill in this information to identify the case (Select only one Debtor per claim form):

☒ PG&E Corporation (19-30088)

☐ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Ravin Skondin (Please See Attached Completed Proof of Claim) |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Ravin Skondin c/o Christopher W. Wood, Esq., Dreyer Babich Buccola Wood Campora, LLP 20 Bicentennial Circle, Sacramento, CA 95826 | |
| | Contact phone (916) 379-3500 | Contact phone _____ |
| | Contact email cwood@dbbwc.com | Contact email _____ |

| 4. Does this claim amend one already filed? | ☐ No ☑ Yes. Claim number on court claims registry (if known) 9825 | Filed on 09/25/2019 MM / DD / YYYY |
| --- | --- | --- |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No ☐ Yes. Who made the earlier filing? _____ |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ _Unknown/ To be determined at a later date_

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint for Damages filed with Superior Court of California, in and for the County of San Francisco, in Ravin Skondin v. PG&E Corporation, et al., CGC-18-570858 (See Attachment A - Jury Trial Demanded).

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  |  | Amount entitled to priority |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ | Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ | Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: */s/ Christopher W. Wood*
/s/ Christopher W. Wood (Oct 7, 2019)

Email: cwood@dbbwc.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Christopher W. Wood |
| | First name          Middle name                      Last name |
| Title | Attorney |
| Company | Dreyer Babich Buccola Wood Campora, LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 20 Bicentennial Circle |
| | Number          Street |
| | Sacramento                              CA          95826 |
| | City                                          State      ZIP Code |
| Contact phone | (916) 379-3500          Email  cwood@dbbwc.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[X] I have supporting documentation.
    (attach below)

[ ] I do <u>not</u> have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

## United States Bankruptcy Court, Northern District of California

Fill in this information to identify the case (Select only one Debtor per claim form):

☒ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

### Official Form 410

# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | **Ravin Skondin** |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (If different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Ravin Skondin c/o Christopher W. Wood, Esq., Dreyer Babich Buccola Wood Campora, LLP 20 Bicentennial Circle, Sacramento, CA 95826 | |
| | Contact phone **(916) 379-3500** | Contact phone _____ |
| | Contact email **cwood@dbbwc.com** | Contact email _____ |

| 4. Does this claim amend one already filed? | ☑ No | |
| --- | --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____ MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? _____ |

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

**7. How much is the claim?** $ <u>Unkown/To be determined at a later date</u>. Does this amount include interest or other charges?

☒ No     (See Attachment A)

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

(Unliquidated - Jury Trial Demanded) (ALL RIGHTS TO INTEREST UNDER ANY APPLICABLE NON-BANKRUPTCY LAW AND/OR ANY CHAPTER 11 PLAN OF REORGANIZATION ARE RESERVED.)

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint for Damages filed with Superior Court of California, in and for the County of San Francisco, in *Ravin Skondin v. PG&E Corporation, et al.,* CGC-18-570858 (See Attachment A - Jury Trial Demanded)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 33 of 49

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9-25-19  (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Christopher W. Wood | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Dreyer Babich Buccola Wood Campora, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 20 Bicentennial Circle, | | |
| | Number       Street | | |
| | Sacramento | CA | 95826 |
| | City | State | ZIP Code |
| Contact phone | (916) 379-3500 | Email | cwood@dbbwc.com |

## ATTACHMENT A TO PROOF OF CLAIM OF RAVIN SKONDIN

In re PG&E Corporation and Pacific Gas and Electric Company
Case No. 2019-30088(DM)/ 2019-30089(DM), Chapter 11

## DEMAND FOR JURY TRIAL

Ravin Skondin (hereinafter referred to as the "Claimant") is the victim of a gas explosion and fire which occurred on January 12, 2017, at 2209 South George Washington Boulevard, Yuba City, California, owned and occupied by the Claimant.

The Claimant is also the plaintiff in litigation pending against PG&E Corporation and Pacific Gas and Electric Company (hereinafter collectively referred to as the "Debtors"), styled *Ravin Skondin v. PG&E Corporation; Pacific Gas & Electric Company' and DOES' 1 through 100*, Case No. CGC-18-570858 (hereinafter referred to as the "State Court Action"), before the Superior Court of the State of California, in and for the County of San Francisco (hereinafter referred to as the "Superior Court").

The Complaint for Damages (hereinafter referred to as the "Complaint") was filed with the Superior Court on October 25, 2018. Due to the length of the Complaint it is not attached hereto. A copy of the operative Complaint is available upon request and it has been served on the Debtors.

As of the filing of this Proof of Claim, the Claimant's prosecution of the State Court Action is stayed. The amount due to the Claimant by the Debtors has not been liquidated.

**At all times, the Claimant has demanded and continues to demand a jury trial. The Claimant does not consent to a jury trial by the Bankruptcy Judge/Bankruptcy Court.**

This Proof of Claim is being filed in order to protect the rights of the Claimant, in light of the claims bar date established by this Court. By filing this Proof of Claim, Claimant **does not** waive any rights provided to him under the Constitution of the United States of America, or the Constitution of the State of California, including but not limited to, the right to a jury trial, which right is specifically retained and reserved. A jury trial is required to liquidate the amount of the claim.

This Proof of Claim shall not be deemed to be a waiver of: (a) the Claimant's right to have final orders in non-core matters entered only after de novo review by a United States District Judge; (b) the Claimant's right to trial by jury on any matter so triable; or (c) the Claimant's right to seek withdrawal of the reference to the United States District Court.

Page 1 of 2

The Claimant reserves the right to attach or rely upon additional documents or evidence in support of this Proof of Claim if, as, and when such additional documents or evidence become available.

Dated: _9-25-19_

**Dreyer Babich Buccola Wood Campora, LLP**

By: _____

Christopher W. Wood, Attorneys for
Ravin Skondin

Page 2 of 2

# Electronic Proof of Claim_6123894_TCZYX27386

**Final Audit Report**        2019-10-07

| | |
|---|---|
| Created: | 2019-10-07 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAvogPVh2kPLK8CqaZ-w6-asp-71v7kPxo |

## "Electronic Proof of Claim_6123894_TCZYX27386" History

📄 Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
    2019-10-07 - 4:33:03 PM GMT

📎 /s/ Christopher W. Wood (cwood@dbbwc.com) uploaded the following supporting documents:
    📎 Attachment
    2019-10-07 - 4:44:27 PM GMT

📄 Web Form filled in by /s/ Christopher W. Wood (cwood@dbbwc.com)
    2019-10-07 - 4:44:27 PM GMT- IP address: 207.231.72.58

✍️ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/77.0.3865.90 Safari/537.36)
    2019-10-07 - 4:44:30 PM GMT- IP address: 207.231.72.58

✅ Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and /s/ Christopher W. Wood (cwood@dbbwc.com)
    2019-10-07 - 4:44:30 PM GMT

POWERED BY

Prime Clerk   Adobe Sign

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 37 of 49

**United States Bankruptcy Court, Northern District of California**

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Ravin Skondin (See Attached Completed Proof of Claim)

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ravin Skondin
c/o Christopher W. Wood, Esq.,
Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Circle,
Sacramento, CA 95826

Contact phone (916) 379-3500

Contact email cwood@dbbwc.com

Where should payments to the creditor be sent? (if different)

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 9819

Filed on 09/25/2019
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?**

$ _Unknown/ To be determined at a later date_

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint for Damages filed with Superior Court of California, in and for the County of San Francisco, in Ravin Skondin v. PG&E Corporation, et al., CGC-18-570858 (See Attachment A - Jury Trial Demanded).

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:  */s/ Christopher W. Wood*
            /s/ Christopher W. Wood (Oct 7, 2019)

Email:  cwood@dbbwc.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Christopher W. Wood | | |
|------|---------------------|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|-------|----------|

| Company | Dreyer Babich Buccola Wood Campora. LLP |
|---------|------------------------------------------|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 20 Bicentennial Circle | | |
|---------|------------------------|---|---|
| | Number        Street | | |
| | Sacramento | CA | 95826 |
| | City | State | ZIP Code |

| Contact phone | (916) 379-3500 | Email | cwood@dbbwc.com |
|---------------|----------------|-------|------------------|

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[x] I have supporting documentation.
   (attach below)

[ ] I do <u>not</u> have supporting documentation.

Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

**United States Bankruptcy Court, Northern District of California**

Fill in this information to identify the case (Select only one Debtor per claim form):

- ☒ PG&E Corporation (19-30088)
- ☒ Pacific Gas and Electric Company (19-30089)

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Ravin Skondin |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☒ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Ravin Skondin<br>c/o Christopher W. Wood, Esq.,<br>Dreyer Babich Buccola Wood Campora, LLP<br>20 Bicentennial Circle,<br>Sacramento, CA 95826 | |
| | Contact phone (916) 379-3500 | Contact phone _____ |
| | Contact email cwood@dbbwc.com | Contact email _____ |

| 4. Does this claim amend one already filed? | ☒ No | | |
| --- | --- | --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known)_____ | Filed on | _____ |
| | | | MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? _____ |

Case: 19-30088    Doc# 7295    Filed: 05/15/20    Entered: 05/15/20 15:27:47    Page 44 of 49

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ _Unkown/To be determined at a later date_ . Does this amount include interest or other charges?

☒ No     (See Attachment A)

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

(Unliquidated - Jury Trial Demanded) (ALL RIGHTS TO INTEREST UNDER ANY APPLICABLE NON-BANKRUPTCY LAW AND/OR ANY CHAPTER 11 PLAN OF REORGANIZATION ARE RESERVED.)

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint for Damages filed with Superior Court of California, in and for the County of San Francisco, in _Ravin Skondin v. PG&E Corporation, et al.,_ CGC-18-570858 (See Attachment A - Jury Trial Demanded)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a _Mortgage Proof of Claim Attachment_ (Official Form 410-A) with this _Proof of Claim._

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:     $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.     $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9-25-19   (mm/dd/yyyy)

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Christopher W. Wood |
| | First name              Middle name                     Last name |
| Title | Attorney |
| Company | Dreyer Babich Buccola Wood Campora, LLP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 20 Bicentennial Circle, |
| | Number          Street |
| | Sacramento                          CA          95826 |
| | City                                        State      ZIP Code |
| Contact phone | (916) 379-3500               Email   cwood@dbbwc.com |

**ATTACHMENT A TO PROOF OF CLAIM OF RAVIN SKONDIN**
In re PG&E Corporation and Pacific Gas and Electric Company
Case No. 2019-30088(DM)/ 2019-30089(DM), Chapter 11

### DEMAND FOR JURY TRIAL

Ravin Skondin (hereinafter referred to as the "Claimant") is the victim of a gas explosion and fire which occurred on January 12, 2017, at 2209 South George Washington Boulevard, Yuba City, California, owned and occupied by the Claimant.

The Claimant is also the plaintiff in litigation pending against PG&E Corporation and Pacific Gas and Electric Company (hereinafter collectively referred to as the "Debtors"), styled *Ravin Skondin v. PG&E Corporation; Pacific Gas & Electric Company' and DOES' 1 through 100*, Case No. CGC-18-570858 (hereinafter referred to as the "State Court Action"), before the Superior Court of the State of California, in and for the County of San Francisco (hereinafter referred to as the "Superior Court").

The Complaint for Damages (hereinafter referred to as the "Complaint") was filed with the Superior Court on October 25, 2018.  Due to the length of the Complaint it is not attached hereto.  A copy of the operative Complaint is available upon request and it has been served on the Debtors.

As of the filing of this Proof of Claim, the Claimant's prosecution of the State Court Action is stayed. The amount due to the Claimant by the Debtors has not been liquidated.

**At all times, the Claimant has demanded and continues to demand a jury trial.  The Claimant does not consent to a jury trial by the Bankruptcy Judge/Bankruptcy Court.**

This Proof of Claim is being filed in order to protect the rights of the Claimant, in light of the claims bar date established by this Court.  By filing this Proof of Claim, Claimant **does not** waive any rights provided to him under the Constitution of the United States of America, or the Constitution of the State of California, including but not limited to, the right to a jury trial, which right is specifically retained and reserved.  A jury trial is required to liquidate the amount of the claim.

This Proof of Claim shall not be deemed to be a waiver of: (a) the Claimant's right to have final orders in non-core matters entered only after de novo review by a United States District Judge; (b) the Claimant's right to trial by jury on any matter so triable; or (c) the Claimant's right to seek withdrawal of the reference to  the United States District Court.

Page 1 of 2

**MMLID: 6123894**

The Claimant reserves the right to attach or rely upon additional documents or evidence in support of this Proof of Claim if, as, and when such additional documents or evidence become available.

Dated: _9-25-19_          **Dreyer Babich Buccola Wood Campora, LLP**


By: _____
Christopher W. Wood, Attorneys for
Ravin Skondin

Page 2 of 2

# Electronic Proof of Claim_6123894_JWVHP273 86

Final Audit Report                                                          2019-10-07

| | |
|---|---|
| Created: | 2019-10-07 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIEZkHUCjOEWgstkhohqdqRs_eZyJ2HRd |

## "Electronic Proof of Claim_6123894_JWVHP27386" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-07 - 4:46:11 PM GMT

/s/ Christopher W. Wood (cwood@dbbwc.com) uploaded the following supporting documents:
Attachment
2019-10-07 - 4:59:33 PM GMT

Web Form filled in by /s/ Christopher W. Wood (cwood@dbbwc.com)
2019-10-07 - 4:59:33 PM GMT- IP address: 207.231.72.58

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64)
AppleWebKit/537.36 (KHTML, like Gecko) Chrome/77.0.3865.90 Safari/537.36)
2019-10-07 - 4:59:35 PM GMT- IP address: 207.231.72.58

Signed document emailed to /s/ Christopher W. Wood (cwood@dbbwc.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-07 - 4:59:35 PM GMT