1  Stephen D. Finestone (125675)
   Jennifer C. Hayes (197252)
2  Ryan A. Witthans (301432)
   FINESTONE HAYES LLP
3  456 Montgomery Street, Floor 20
   San Francisco, CA 94104
4  Tel.:   (415) 616-0466
   Fax:    (415) 398-2820
5  Email: sfinestone@fhlawllp.com
   Email: jhayes@fhlawllp.com
6  Email: rwitthans@fhlawllp.com

7  Attorneys for Creditor
   Nor-Cal Pipeline Services

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>**PG&E Corporation**,<br><br>Debtor-in-Possession. | Case No. 19-30088-DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>*Lead case* |
| In re<br><br>**Pacific Gas and Electric Company**,<br><br>Debtor-in-Possession. | Case No. 19-30089-DM<br>Chapter 11<br>Hon. Dennis Montali<br><br>*Jointly administered* |
| ☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors | **NOR-CAL PIPELINE SERVICES' LIMITED OBJECTION TO CURE AMOUNTS IN CONNECTION WITH DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Hearing:<br>Date:  May 27, 2020<br>Time:  10:00 a.m. Pacific Time<br>Place: 450 Golden Gate Ave., Floor 18<br>         Courtroom 17<br>         San Francisco, CA 94102<br><br>*Please check www.canb.uscourts.gov for updates in response to COVID-19 pandemic, including telephonic-only hearings.* |

NOR-CAL PIPELINE SERVICES' LIMITED OBJECTION TO CURE AMOUNTS

Nor-Cal Pipeline Services ("Nor-Cal Pipeline") hereby files this limited objection to the assumption and assignment and the cure amounts listed for Nor-Cal Pipeline by the debtors (the "Debtors") in their *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (the "Notice of Assumption," ECF 7073), and in support thereof states as follows:

1. On January 29, 2019 (the "Petition Date"), the Debtors filed voluntary Chapter 11 bankruptcy petitions. The Debtors continue to operate their business and manage their properties as debtors-in-possession and their bankruptcy cases are jointly administered.

2. On March 16, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (together with all schedules and exhibits, and as may be modified, amended or supplemented, the "Plan," ECF 6320).

3. In accordance with the Plan, on May 1, 2020, the Debtors filed the Notice of Assumption. The Notice of Assumption includes the amounts the Debtors believe are necessary to cure defaults under the contracts to be assumed.

4. Two Nor-Cal Pipeline contracts are listed in the Notice of Assumption. *See* Notice of Assumption at 1173 (with entries for "Nor Cal Pipeline Services" and "Nor-Cal Pipeline Services"). One of the contracts is described as "PURCHASE ORDER #2700203177 DATED 12/06/2018" and lists a cure amount of $42,901.66. Another is described as "CONTRACT (LONG FORM) - MSA - CROSS BORE PROGRAM SEWER CAMORA [*sic*] INSPECTION SERVICES CONTRACT" and lists a date of October 12, 2017, with a cure amount of $0.00.

5. As the descriptions of the listed contracts are not specific and the identification numbers listed do not reflect contract numbers used by Nor-Cal Pipeline, it is unclear precisely which contracts the Debtors have listed for assumption.

6. Nor-Cal Pipeline filed a proof of claim in the Debtors' bankruptcy proceedings for services performed totaling at least $1,569,150.83 (the "Proof of Claim Amount"). Claim 130 in Case No. 19-30088; Claim 50 in Case No. 19-30089.

NOR-CAL PIPELINE SERVICES' LIMITED OBJECTION TO CURE AMOUNTS

7. Upon information and belief, Nor-Cal Pipeline is owed at least $1,540,527.58 for prepetition services remaining on the proposed contracts to be assumed (the "Open Invoice Amount"). A listing of open invoices through January 30, 2019, is attached to the supporting declaration of David Jaeger.

8. It is unclear whether the Nor-Cal Pipeline contracts listed in the Assumption Schedule correspond to the Proof of Claim Amount or Open Invoice Amount.

9. It is unclear whether the Debtors parse out separate invoices for assumption which fall within the scope of the master service agreement dated October 12, 2017. Under the principle of *cum onere*, it would be improper for the Debtors to do so. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3rd Cir. 2007); *Huron Consulting Servs., LLC v. Physiotherapy Holdings, Inc. (In re Physiotherapy Holdings, Inc.)*, 538 B.R. 225, 237 (D. Del. 2015). Any attempt to assume the master service contract requires the Debtors to cure the entire default prior to assumption.

10. Pursuant to 11 U.S.C. § 365(b)(1)(A), the Debtors must cure any defaults under the Nor-Cal Pipeline contracts in connection with any proposed assumption, as well as provide adequate assurance of future performance. Nor-Cal Pipeline has not been able to confirm that the Debtors' proposed cure amounts will cure any existing default as required prior to assumption.

For the reasons stated above, Nor-Cal Pipeline requests that the Debtors pay the entire amount necessary to cure any existing defaults under the Nor-Cal Pipeline contracts, no less than $1,540,527.58, and that Nor-Cal Pipeline be awarded such other and further relief to which it may be justly entitled at law or in equity.

Dated May 15, 2020

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Counsel for Creditor
Nor-Cal Pipeline Services

NOR-CAL PIPELINE SERVICES' LIMITED OBJECTION TO CURE AMOUNTS