**MACDONALD | FERNANDEZ LLP**
Iain A. Macdonald (SBN 051073)
Alexander K. Lee (SBN 293724)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
U.S. TelePacific Corp. dba TPx Communications

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088-DM<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**U.S. TELEPACIFIC CORP. DBA TPX COMMUNICATIONS' OBJECTION TO PLAN SUPPLEMENT IN CONNECTION WITH DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020**<br><br>Date: May 27, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Ave.,<br>Crtrm 17, 16th Flr.<br>San Francisco, CA<br><br>Honorable Dennis Montali |

**COMES NOW** U.S. TelePacific Corp. doing business as TPx Communications ("U.S. TelePacific"), creditor herein, objecting to Plan Supplement in Connection with Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 ("Plan Supplement"), and respectfully represents as follows:

//

# I. FACTS[1]

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their respective cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court.

2. On or about March 11, 2015, U.S. TelePacific entered into a Master Service Agreement (the "MSA") and an Addendum to Master Service Agreement ("Addendum") with Pacific Gas and Electric Company doing business as PG&E Corporation to provide high quality and extensive IDM, internet and related services. U.S. TelePacific's billing cycle is thirty days. Pursuant to the MSA, as modified by the Addendum, bills are due and payable not later than sixty days from the invoice. *See* Declaration of Jeffrey Neal in Support of U.S. TelePacific Corp. dba TPX Communications' Objection to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 ("Neal Declaration"), Paragraphs 4-5, Exhibit 1.

3. On or about August 17, 2018, U.S. TelePacific and PG&E Corporation, acting on PG&E Corporation's behalf and on behalf of Pacific Gas and Electric Corporation (the original customer), entered into an Addendum to the Telecommunications Account Agreement – Multi-Location Renewal (the "Renewal"). Under the Renewal, U.S. TelePacific agreed to continue to provide high quality and extensive IDM, internet and related services to multiple service locations of PG&E Corporation and Pacific Gas and Electric Corporation for a period of three years. *See* Neal Declaration, Paragraph 6, Exhibit 2.

4. U.S. TelePacific filed a $36,773.88 proof of claim for charges under 11 U.S.C. §503(b)(9). *See* invoices attached to Proof of Claim Nos. 2509 and 2528. U.S. TelePacific filed proof of claim number 2528 for an additional $38,853.98 in general unsecured pre-petition defaults (for a total pre-bankruptcy claim of $75,627.86).

5. On July 8, 2019, Debtors filed the Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) ("First Objection to Claims"). Debtors sought to

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, U.S. TelePacific requests that in the interest of judicial economy the Court take judicial notice of the documents and other records on file in the jointly administered cases.

have U.S. TelePacific's pre-petition administrative claim of $36,773.88 asserted in Proof of Claim No. 2528 reclassified as a general unsecured claim. *See* Dckt. No. 2896-1, Ex. A, 34 of 36.

6. On July 31, 2019, U.S. TelePacific filed its response to the First Objection to Claims asserting that its pre-petition administrative claim in the amount of $36,773.88 is within the definition of "goods" within the meaning of 11 U.S.C. § 503(b)(9) and should be allowed in its entirety. *See* Dckt. No. 3313.

7. On August 15, 2019, the Court entered an Order Granting Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) ("Order on First Objection to Claims"). The Court's Order on First Objection to Claims specifically allowed U.S. TelePacific's pre-petition administrative claim in the amount of $36,773.88 as asserted in Proof of Claim No. 2528. *See* Dckt. No. 3564-1, Ex. A, 34 of 36.

8. Debtors have not filed an objection to U.S. TelePacific's remaining general unsecured claim of $38,853.98. In accordance with Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, U.S. TelePacific's Proof of Claim No. 2528 constitutes prima facie evidence of the validity and amount of the claim.

9. On March 16, 2020, the Debtors' filed the Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16, 2020 (the "Plan"). *See* Dckt. No. 6320.

10. On May 1, 2020, the Debtors filed their Plan Supplement that included as Exhibit B a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "Assumption Schedule").

11. The Assumption Schedule lists one contract between "U.S. TELEPACIFIC CORPORATION AKA TELPX AND" and Pacific Gas and Electric Company to be assumed without the cure of any defaults. The title of the agreement is listed as "MASTER SERVICE AGREEMENT AND AMENDMENTS 1-3 (CIRCUITS)." *See* Dckt. No. 7037, Ex. B, 1695 of 2063.

12. U.S. TelePacific appreciates its long relationship with the debtors. However, U.S. TelePacific objects to the proposed assumption of the executory contract because: (i) the debtors have not offered to cure all pre-petition and post-petition invoices and charges; and (ii) the debtors have not provided adequate assurance of future performance.

## II. ARGUMENT

### A. PARTY TO CONTRACT TO BE ASSUMED.

The Assumption Schedule improperly identifies U.S. TelePacific as "U.S. TELEPACIFIC CORPORATION AKA TELPX AND." If the contract is to be assumed, the order of assumption should provide that the counterparty is "U.S. TelePacific Corp. doing business as TPx Communications."

### B. DEBTORS ARE ATTEMPTING TO ASSUME THE CONTRACT WITHOUT PROVIDING FOR A CURE OF DEFAULTS

Absent payment of the pre-petition claim, the post-petition invoices, and the unbilled but accrued post-petition invoices, U.S. TelePacific objects to the assumption of the contract.

Debtors' proposal to assume U.S. TelePacific's contract without providing for a cure of pre- and post-petition defaults is in violation of 11 U.S.C. § 365(b). Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent parts, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee–
>
> (A) cures, or provides adequate assurances that the trustee will promptly cure, such default…
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

11 U.S.C § 365 requires the debtor to cure any pre- and post-petition defaults upon assumption. *In re Circle K. Corp.*, 190 B.R. 370, 376 (B.A.P. 9th Cir. 1995), aff'd, 127 F.3d 904 (9th Circ. 1997); *See also In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 998-999 (2nd Cir. 1996); and *In re Handy Andy Home Imp. Centers, Inc.*, 196 B.R. 87, 93, (Bankr. N.D. Ill. 1996).

Debtors' Assumption Schedule specifically states (in Paragraph 6) that if there is no cure amount listed for any specific agreement, Debtors assert that there is no default owed or outstanding with respect to the listed agreement. *See* Dckt. 7037, 16:2-3. U.S. TelePacific's agreement is listed as to be assumed without any cure amount. *See id.* at Ex. B, 1695 of 2063. Debtors intend to assume U.S.

4

TelePacific's contract without providing for a cure of the total pre-petition claim of $75,627.86, which consists of a 11 U.S.C. § 503(b)(9) administrative claim for $36,773.88 and a general unsecured claim of $38,853.98. *See* Proof of Claim No. 2528; and Order on First Objection to Claims, Dckt. No. 3564-1, Ex. A, 34 of 36. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, U.S. TelePacific's Proof of Claim No. 2528 constitutes prima facie evidence of the validity and amount of the pre-petition claim to be cured along with assumption.

Further, the Debtors' Assumption Schedule does not indicate that they will be paying post-petition invoices and all unbilled but accrued charges as of the effective date of the assumption. This violates 11 U.S.C. §365(b)(1)(A)-(B). U.S. TelePacific estimates that the total default inclusive of the pre-petition claims, unpaid post-petition invoices and all unbilled but accrued charges as of the effective date of the assumption to be $172,402.21. *See* Neal Declaration, Paragraph 9. To resolve U.S. TelePacific's objection to the cure amount, Debtors must provide for the cure of all pre-petition claims, the post-petition invoices, and the unbilled but accrued post-petition invoices.

### C. DEBTORS HAVE FAILED TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

Pursuant to 11 U.S.C. § 365(b)(1), at the time of assumption, a debtor in possession must cure the default and provide adequate assurance of its future performance of its obligations under the contract. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *See also In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996).

U.S. TelePacific is demanding adequate assurance of future performance. First, U.S. TelePacific is requesting that PG&E Corporation and Pacific Gas and Electric Corporation acknowledge that they are both responsible for payment of U.S. TelePacific's post-confirmation invoices. Second, because of the time required for billing and payment, and because of the political and operational issues facing the post-confirmation debtors, U.S. TelePacific is demanding a security deposit ($114,000.00 -- about two months of estimated charges) to secure post-confirmation invoices. Like the debtors, U.S. TelePacific is a utility. U.S. TelePacific currently holds $57,000.00 to secure payment of post-bankruptcy administrative utility charges; after confirmation of the debtors' chapter 11 plan, U.S. TelePacific Corp. proposes to credit this $57,000.00 toward the $114,000.00 post-

confirmation deposit (so that PG&E Corporation and Pacific Gas and Electric Corporation will only be required to pay an additional $57,000.00 to fund the post-confirmation security deposit).

### III.     CONCLUSION

The Debtors are attempting to improperly assume U.S. TelePacific's contract without providing for a cure of pre- and post-petition defaults and adequate assurance of future performance.

WHEREFORE, U.S. TelePacific respectfully prays for an order denying the request to assume the executory contract with U.S. TelePacific. Or, should the Court permit assumption of the executory contract, this Court's order of assumption should provide:

1. The entire executory contract with counterparty "U.S. TelePacific Corp. doing business as TPx Communications" is being assumed by PG&E Corporation and Pacific Gas and Electric Corporation (and both PG&E Corporation and Pacific Gas and Electric Corporation will be responsible for payment of post-confirmation invoices and charges accruing under the contract).

2. The Debtors shall promptly pay all pre-petition claims, plus all unpaid post-petition invoices, plus all accrued but unbilled charges through the effective date of the assumption.

3. The Debtors shall provide a security deposit of $114,000.00 as partial adequate assurance of future performance (and U.S. TelePacific is permitted to retain the $57,000.00 post-bankruptcy utility deposit and apply that sum as a partial credit toward the $114,000.00 post-confirmation deposit).

4. Such other and further relief as the Court deems just and appropriate.

DATED: May 15, 2020                    MACDONALD FERNANDEZ LLP

By: /s/ *Iain A. Macdonald*             .
     Iain A. Macdonald,
     Attorneys for Creditor,
     U.S. TelePacific Corp.
     dba TPx Communications

6