Kenneth N. Klee (State Bar No. 63372)
David M. Stern (State Bar No. 67697)
Samuel M. Kidder (State Bar No. 284015)
KTBS LAW LLP, *f/k/a* KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: kklee@ktbslaw.com
dstern@ktbslaw.com
skidder@ktbslaw.com

*Attorneys for NextEra Energy, Inc. et al.*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**NEXTERA ENERGY'S JOINDER TO LIMITED CURE OBJECTION OF CALPINE AND ITS SUBSIDIARIES TO THE DEBTORS' PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER THE DEBTORS' AND SHAREHOLDERS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020** |

NextEra Energy, Inc. and NextEra Energy Partners, L.P., on behalf of themselves and their direct and indirect subsidiaries (collectively, "NextEra") hereby file this joinder to the *Limited Cure Objection of Calpine and its Subsidiaries to the Debtors' Proposed Assumption of Executory Contracts and Unexpired Leases [Etc.]* [Docket No. 7214] (the "Calpine Cure Objection").[1]

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Calpine Cure Objection.

## I. BACKGROUND

NextEra and the Debtors are party to numerous contracts, including, without limitation, power purchase agreements and generator interconnection agreements (including all amendments, attachments, exhibits, schedules, pricing schedules, supplements, statements of work, annexes, subordinate agreements, and modifications thereto, the "Agreements").

Although the Debtors filed a *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* [Docket No. 7037], which appears to list certain of the Agreements, the schedule identifies contracts in a manner that makes it challenging to reconcile which of the Agreements the Debtors have actually identified. NextEra continues to work with the Debtors regarding a resolution of these matters, however, at the time of this filing a resolution has not yet been reached. Thus, out of an abundance of caution, NextEra joins in the Calpine Cure Objection as it continues to work with the Debtors toward a consensual resolution of the issues identified therein and herein.

## II. JOINDER

NextEra supports the Debtors' contemplated assumption, subject to payment of applicable cure amounts, of all of the Agreements, including all power purchase agreements as set forth in Article 8.1(b) of the Plan. NextEra objects, however, to the terms and process of the Debtors' assumption under the Plan, for the reasons set forth in the Calpine Cure Objection, which are incorporated by reference herein.

## III. CONCLUSION

For the reasons set forth in the Calpine Cure Objection, NextEra respectfully requests that this Court condition the Debtors' assumption of all executory contracts and unexpired leases including, for the avoidance of doubt, the Agreements, upon: (i) payment of all amounts due under such executory contracts and unexpired leases to the counterparty and preservation of any non-monetary Claims to be resolved in the ordinary course; (ii) the identification of an Effective Date such that counterparties can determine the applicable Cure Amount; (iii) the non-discharge of the Debtors' continuing obligations under the Agreements, including, but not limited to, any ongoing indemnification obligations through the assumption of any executory contract; and (iv) the non-

KTBS LAW LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

disallowance and non-expungement of proofs of Claim merely because they include unpaid amounts that may be subject to cure.

## IV. RESERVATION OF RIGHTS

NextEra submits this Joinder without prejudice to, and with full reservation of, its rights to supplement this Joinder in advance of or in connection with the Confirmation Hearing. NextEra reserves (and nothing herein is or shall be construed as a waiver or release, expressly or implicitly, of) all rights under the Bankruptcy Code or applicable non-bankruptcy law, including rights to object to any subsequent amendments to the Plan or any documents filed in connection therewith and seek any other or supplemental relief in respect of the Debtors. NextEra expressly reserves its rights to assert its proposed Cure Amount or dispute the Debtors' asserted Cure Amount prior to the Debtors' assumption of the Agreements, as NextEra continues to provide services to the Debtors and incur additional obligations subsequent to the filing of this Joinder. NextEra further reserves its right to amend, modify, and/or supplement this Joinder as it finalizes its review of the necessary Cure Amount under the Agreements. Nothing herein is, or shall be construed as, a waiver of any additional claim(s) that NextEra has against the Debtors, whether secured, administrative, priority, or unsecured.

For the avoidance of doubt, NextEra expressly preserves all rights related to its Administrative Expense Claims arising out of the Agreements including its position that the Cure Amount and any post-petition amounts due in the ordinary course of business under any of the Agreements are Allowed Administrative Expense Claims regardless of whether NextEra files a request for allowance and payment of Administrative Expense Claims. As of the filing date of this Joinder, NextEra's non-filing of any request for allowance and payment of Administrative Expense Claims shall not be deemed a release of any such Claims or a waiver of any of NextEra's rights, including the right to later file such request and raise any arguments related to such Claims.

| | |
|---|---|
| DATED: May 15, 2020 | /s/ Samuel M. Kidder |
| | Kenneth N. Klee |
| | David M. Stern |
| | Samuel M. Kidder |
| | KTBS LAW LLP, *f/k/a* KLEE, TUCHIN, BOGDANOFF & STERN LLP |
| | |
| | *Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P.* |

KTBS LAW LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000