| | |
|---|---|
| 1 | MCDERMOTT WILL & EMERY LLP |
| | Jeffrey M. Reisner (State Bar No. 143715) |
| 2 | jreisner@mwe.com |
| | Kerri A. Lyman (State Bar No. 241615) |
| 3 | klyman@mwe.com |
| 4 | 2049 Century Park East, Suite 3200 |
| | Los Angeles, California 90067-3206 |
| 5 | Telephone: (310) 277-4110 |
| | Facsimile: (310) 277-4730 |
| 6 | |
| 7 | *Attorneys for The Davey Tree Expert Company, Davey Tree Surgery Company,* |
| 8 | *and Davey Resource Group, Inc.* |

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION | Chapter 11 |
| and | (Lead Case) |
| PACIFIC GAS AND ELECTRIC CO., | (Jointly Administered) |
| Debtors. | THE DAVEY TREE EXPERT COMPANY'S, DAVEY TREE SURGERY COMPANY'S, AND DAVEY RESOURCE GROUP, INC.'S (I) OBJECTION AND RESERVATION OF RIGHTS OF REGARDING ASSUMPTION OF VARIOUS CONTRACTS PURSUANT TO THE PROPOSED PLAN OF REORGANIZATION; AND (II) JOINDER TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PLAN CONFIRMATION |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☐ ☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |
| | Date: May 27, 2020 |
| | Time: 10:00 a.m. (Pacific Time) |
| | Place: United States Bankruptcy Court |
| | Courtroom 17, 16th Floor |
| | 450 Golden Gate Avenue |
| | San Francisco, CA 94102 |
| | Re: Docket No. 6320 & 7037 |

TO THE BANKRUPTCY COURT, DEBTORS, AND ALL OTHER PARTIES IN INTEREST:

The Davey Tree Expert Company, Davey Tree Surgery Company, and Davey Resource Group, Inc. (collectively, "Davey"), by and through their respective undersigned counsel, hereby submit this (I) objection and reservation of rights (the "Objection") with respect to the *Joint Chapter 11 Plan of Reorganization dated March 16, 2020* (the "Plan") and the *Notice Regarding Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (the "Assumption List"); and (II) joinder to the *Objection of the Official Committee of Unsecured Creditors to Plan Confirmation* (the "UCC Objection").

In support of the foregoing, Davey respectfully represents as follows:

## I. OBJECTION TO THE ASSUMPTION LIST

Davey is a critical vendor that performs vegetation management services and other related work with regard to the Debtors' facilities and equipment. In order to facilitate this work, Davey is party to a number of contracts, including master agreements and work orders, with the Debtors. Over the past several months, the Debtors and Davey worked together to identify those contracts that are necessary to the Debtors' continued operations and should be assumed under the Plan (collectively, the "Davey Contracts"). Similarly, the Debtors and Davey spent significant time reconciling the various work orders in order to determine the amount owing to Davey under each of the Davey Contracts.

A review of the Assumption List indicates that certain of the Davey Contracts were inadvertently left off the Assumption List, and that the cure amounts listed are not consistent with the amounts previously determined by the Debtors and Davey. Although Davey believes that these discrepancies are simply oversights that will be consensually resolved prior to the hearing on the Plan, out of an abundance of caution, Davey files this Objection.

Specifically, Davey asserts that the following Davey Contracts should be added to the Assumption List in their entirety as executory contracts that the Debtor previously indicated it intended to assume:

- Master Service Agreement No. C722 (formerly 4400009000)

- Master Service Agreement No. C11954 (formerly No. C1017; formerly No. 4400003468)
- Master Service Agreement No. C692 (formerly 4400007123)
- Master Service Agreement No. C1022 (formerly 4400003447)
- Contract No. C13364
- Master Service Agreement No. C12686 (formerly No. C1056)
- Contract No. C13140 (Formerly 4600017651)

Davey also asserts that the aggregate cure amount should be $14,605,646.95. Attached as Exhibit A is a breakdown of the amounts due under each of the Davey Contracts. This information was provided to the Debtors' representatives previously, with the backup therefor. Davey believes that the contract confusion set forth above also might explain the current disconnect with respect to cure amounts.

## II. JOINDER

Davey hereby joins in the UCC Objection.

## III. PLAN OBJECTION

### A. Davey is Impaired Under the Plan

The Plan provides inconsistent and potentially conflicting provisions regarding the treatment of Davey's various claims. For example, paragraph 13 of the Cure Notice (attached as Exhibit B to the Assumption List) provides:

> Other Indemnification Obligations. Except as set forth in Section 8.4 of the Plan with respect to the D&O Indemnity Obligations, the assumption by the Debtors or Reorganized Debtors, as applicable, of all other executory contracts or unexpired leases pursuant to the Plan shall result in the full release and satisfaction of any and all contingent pre-petition indemnification obligations arising under the terms of any such agreements and any proof of Claim premised on a pre-petition contractual disallowed and discharged on the Effective Date, without further notice to or action, order, or approval of the Bankruptcy Court.

The provision appears to impair Davey by providing for a release of indemnification obligations, while at the same time the Plan asserts that Davey is unimpaired and unable to

vote.[1] Moreover, the elimination of indemnification rights is inconsistent with the Debtors' assertion that the Davey Contracts are being assumed and cured. If the intent of this provision is to object to contingent claims under Section 502(e), the Debtors should make this clear and allow counter-parties an opportunity to demonstrate that such portion of their claim is no longer contingent or unliqudated.

Similar issues arise throughout the Plan. Provisions that assign certain claims against contractors (including Davey) to the Fire Victim Trust suggest that this assignment is free and clear of defenses against such claims, thereby potentially depriving Davey of valid defenses to claims asserted by the Fire Victim Trust. Yet at the same time, section 10.3 of the Plan purports to extinguish "any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date", and section 10.6 bars actions against the Debtor. Taken together, these provisions bar Davey from asserting valid defenses against the Fire Victim Trust, while at the same time preventing any claims for indemnification or contribution against the Debtors. In order to avoid this result, the Plan should provide that, notwithstanding anything else in the Plan to the contrary, the claims transferred to the Fire Victim Trust are transferred subject to any and all defenses and all indemnification and contribution rights are preserved.

Moreover, the definition of "Fire Claim" and "Fire Victim Claim" is very broad and applies to any Claim against the Debtors in any way arising out of the Fires . . . ." *See* Section 1.78 of the Plan. This broad language can be read to provide that contractors' contract, tort and statutory claims, such as contribution and indemnity, are also assigned to the Fire Victim Trust, and contractors are prohibited from pursuing these claims outside the Fire Victim Trust. Such a reading would make no sense since claims against Davey are being assigned to the Fire Victim Trust. In any event, it would clearly impair Davey's rights. The Debtors must, therefore, clarify

---

[1] Additionally, to the extent that this provision seeks to release the Debtors' indemnification obligations under the Davey Contracts, the Debtors are impermissibly seeking to modify the contracts that it is assuming *See, e.g., N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984); *In re Plitt Amusement Co. of Washington, Inc.*, 233 B.R. 837, 840 (Bankr.C.D.Cal.1999) (trustee cannot retain the beneficial aspects of an executory contract or unexpired lease while rejecting its burdens).

that claims of contractors are not impaired and may be asserted against the Debtors or, with respect to action brought against a contractor by the Trust, against the Trust as defenses.

Finally, the Plan is silent on the issue of third-party fire victims who may sue a contractor directly, rather than utilize the procedures of the Fire Victim Trust. The Plan must be modified to preserve the rights of Davey, and all other contractors, sued by third-party fire victims to assert their contribution and indemnity claims against the Debtors in the context of such actions.

### B. The Injunction Provisions Could Be Read As Overly Broad

Davey objects to the injunction provisions to the extent they seek to affect Davey's rights against any third parties, including other contractors or insurers. For example, section 10.5 enjoins all "parties in interest" (which likely includes creditors such as Davey) from "taking any actions to interfere with the implementation of consummation of the Plan." Without attempting to anticipate any arguments that may be made, the plan cannot enjoin Davey's assertion of rights against third parties. *See, e.g., Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1401 (9th Cir. 1995). Davey requests that the Debtors clarify this issue with specific language providing that contractors are not in any way enjoined from asserting any rights as they relate to third parties.

### **RESERVATION**

Davey reserves all rights with respect to the Plan and the Assumption List, including the right to be heard at the hearing on confirmation of the Plan.

MCDERMOTT WILL & EMERY LLP

By: /s/ Jeffrey M. Reisner
Jeffrey M. Reisner

*Attorneys for The Davey Tree Expert Company, Davey Tree Surgery Company, and Davey Resource Group, Inc.*

DM_US 168521205-1.071003.0012