**EXHIBIT 1 – TCC's Schedule of Assigned Rights and Causes of Action**

# SCHEDULE OF ASSIGNED RIGHTS AND CAUSES OF ACTION

The Assigned Rights and Causes of Action, and other litigation-related rights or interests, assigned to the Fire Victim Trust, subject to any future amendments to this document, include:

(1) any and all rights, claims, causes of action, and defenses thereto relating directly or indirectly to any of the Fires that the Debtors may have against vendors, suppliers, contractors and consultants (including those who provided services, directly or indirectly, regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management); including but not limited to the following persons (including entities):

  (a) Persons that provided services, directly or indirectly, to either of the Debtors in connection with pre-inspection, inspection, review and/or examination of potential hazard trees near electrical transmission or distribution lines;

  (b) Persons that provided services, directly or indirectly, to either of the Debtors in connection with tree trimming, and/or the maintenance, pruning, or removal of trees near electrical transmission or distribution lines;

  (c) Persons that provided services, directly or indirectly, to either of the Debtors in connection with quality control, including the ability of pre-inspection and tree trimming contractors to correctly identify and maintain potential or incipient hazard trees;

  (d) Persons that provided services, directly or indirectly, to either of the Debtors in connection with quality assurance, including the overall ability of the vegetation management program to reduce the risk to the electrical system;

  (e) Persons that provided services, directly or indirectly, to either of the Debtors in connection with pole maintenance, including the removal and maintenance of vegetation and other potential hazards from or near utility poles;

  (f) Persons that provided services, directly or indirectly, to either of the Debtors in connection with LiDAR, and/or in developing LiDAR technology and services for vegetation management purposes;

  (g) Persons that provided services, directly or indirectly, to either of the Debtors in connection with forestry, logging, arborist services, or duties involving inventorying, maintaining, trimming, or removing trees near electrical transmission or distribution lines;

  (h) Persons that provided services, directly or indirectly, to either of the Debtors in connection with utility tree service;

  (i) Persons that provided services, directly or indirectly, to either of the Debtors in connection with vegetation management programs, and/or guidance on vegetation management protocol, practice, or procedures;

1

(j) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission asset strategy, management, planning, or modernization;

(k) Persons that provided services, directly or indirectly, to either of the Debtors in connection with drafting or revising rules, policies, procedures, plans, standards, bulletins, or any other advisory or guidance documents issued by either Debtor that governed or informed the management, maintenance, inspection, repair, or replacement of distribution or transmission lines or their poles, towers, or components;

(l) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission reliability improvements;

(m) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission data management or IT support;

(n) Persons that provided services, directly or indirectly, to either of the Debtors in connection with risk analyses, management, valuation, or mitigation;

(o) Persons that provided services, directly or indirectly, to either of the Debtors in connection with budget or capital allocations;

(p) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission cost reduction measures;

(q) Persons that provided services, directly or indirectly, to either of the Debtors in connection with personnel training;

(r) Persons that provided services, directly or indirectly, to either of the Debtors in connection with compliance with laws, rules, or regulations governing distribution or transmission operations;

(s) Persons that provided services, directly or indirectly, to either of the Debtors in connection with the hiring, supervision, or management of other third parties who provided services, directly or indirectly, to either of the Debtors;

(t) Persons that provided services, directly or indirectly, to either of the Debtors in connection with wildfire preparedness, prevention, response, or mitigation;

(u) Persons that provided services, directly or indirectly, to either of the Debtors in connection with any testing, investigation, analysis, evaluation, or examination of distribution or transmission line towers or components;

(v) Persons that provided services, directly or indirectly, to either of the Debtors in connection with asset management, maintenance, inspection, repair, or replacement on the Caribou-Palermo 115kv Transmission Line;

2

Case: 19-30088    Doc# 7306-1    Filed: 05/15/20    Entered: 05/15/20 15:39:10    Page 3 of 5

(w) Persons that provided any other services to either of the Debtors that related to, bore upon, or influenced the maintenance practices on, or operation of, the Caribou-Palermo 115kv Transmission Line;

(x) Persons that delivered, underwrote, sold, or issued insurance policies to any person or entity subject to subparts (1)(a)-(w) in which either of the Debtors is identified as an additional insured; and

(y) Persons that provided services to the Debtors that, as a result of or in connection with Fire-related damages, did not provide the Debtors with reasonably equivalent value for the fees paid, pursuant to 11 U.S.C. §§ 544, 548, and/or 550.

(2) any and all rights, claims, causes of action, and defenses related thereto relating directly or indirectly to any of the Fires that the Debtors may have against any former directors and officers of the Debtors, but that any recovery on account of such claims against such former directors and officers as assigned under the Plan shall be limited to the extent of any payments made by insurers under policies that apply to the claims assigned under the Plan;

(3) any and all of the Debtors' rights, claims, causes of actions, and defenses arising in any pending derivative litigation related directly or indirectly to any of the Fires, except that the Fire Victim Trust shall not succeed to any liabilities of the Debtors in such litigation, if any. Such rights include the Debtors' rights to realign or substitute in as plaintiff in derivative actions, pursuant to the estate's rights under 11 U.S.C. § 541, or any post-confirmation rights under California law, including but not limited to the following pending actions:

(a) *In re California North Bay Fire Derivative Litigation*, Case No. CGC-17-562591, consolidated litigation pending in the Superior Court of the State of California, County of San Francisco.

Consolidated Actions may include:

i. *Lentine, derivatively on behalf of PG&E Corporation, v. Williams, et al,*, Case No. CGC-17-562553; and

ii. *Firemen's Retirement Systems of St. Louis, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Williams, et al.*, Case No. CGC-17-562591; and

iii. *City of Warren Police and Fire Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. CGC-570820.

(b) *Blackburn, derivatively on behalf of PG&E Corporation, v. Meserve, et al.*, Case No. 3:19-cv-00501, pending in the United States District Court for the Northern District of California.

3

(c) *Bowlinger, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-18-572326, pending in the Superior Court of the State of California, County of San Francisco.

(d) *Hagberg, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-19-573190, pending in the Superior Court of the State of California, County of San Francisco.

(e) *Oklahoma Firefighters Pension and Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. 3:18-cv-04698, pending in the United States District Court for the Northern District of California.

(f) *Williams, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Earley, et al.,* Case No. 3:18-cv-07128, pending in the United States District Court for the Northern District of California.

(g) *In re PG&E Corporation Securities Litigation*, Case No. 3:18-cv-03509-EJD, pending in the United States District Court for the Northern District of California, and all actions consolidated therein, to whatever extent, if any, it is determined that the nature of the claims are derivative by reason of the damages sought, rather than direct by reason of their labels.

(4) All rights, other than the rights of the Debtors to be reimbursed under the 2015 Insurance Policies for claims submitted prior to the Petition Date, under the Debtors' 2015 Insurance Policies to resolve any claims related to Fires in those policy years; and

(5) any other rights, claims, causes of action, and defenses, as mutually agreed upon by the Plan Proponents and to be identified in any amended Schedule of Assigned Rights and Causes of Action.

The TCC is presently conducting discovery to identify individuals and entities who may fall within the above-listed categories, as possible defendants in litigation to be pursued by the Fire Victim Trust for the benefit of holders of Utility Fire Victim Claims. The TCC reserves all rights to submit an Amended Schedule of Assigned Rights and Causes of Action prior to Plan confirmation.