CHRISTOPHER W. WOOD, SBN 193955
LARRY Q. PHAN, SBN 284561
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone: (916) 641-2288
Facsimile: (916) 244-0989

Attorneys for the Creditor, Daniel Franklin.

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | **CREDITOR, DANIEL FRANKLIN'S JOINDER IN OBJECTIONS TO CONFIRMATION OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, DATED MARCH 16, 2020, AND RESERVATION OF RIGHTS** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | DATE: May 27, 2020 |
| ☒ Affects both Debtors | TIME: 10:00 A.M. |
| | PLACE: Courtroom 17 |
| | 450 Golden Gate Avenue, 16th Fl. |
| | San Francisco, California |
| *All papers shall be filed in the lead case, No. 19-30088(DM)* | JUDGE: Hon. Dennis Montali |
| | RELATED DOCKET NO.: 6320 |

1   Daniel Franklin (hereinafter referred to as "Mr. Franklin") by and through his

2   attorneys of record, respectfully submits the within Joinder in Objections to

3   Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of

4   Reorganization, Dated March 16, 2020, and Reservation of Rights (hereinafter

5   referred to as the "Joinder").

6

7                                                   **I.**

                                          **INTRODUCTION**

8   A. <u>**SUPERIOR COURT ACTION:**</u>

9

10       Mr. Franklin is the Plaintiff in a civil action filed in the Superior Court of the

11  State of California, in and for the County of San Francisco (hereinafter referred to as

12  the "Superior Court"), on July 7, 2017, against Pacific Gas & Electric Company

13  (hereinafter referred to as the "Utility").  The civil action in the Superior Court was

14  assigned case number CGC 17-559986 (hereinafter referred to as the "Superior Court

15  Action").

16       The Complaint for Personal Injuries (hereinafter referred to as the

17  "Complaint"), which is operative against the Utility, was filed in the Superior Court

18  Action on July 07, 2017[1], arises from an incident which occurred while Mr. Franklin

19  was working on power lines, which had not been de-energized.  As a result, Mr.

20  Franklin was electrically shocked after coming in contact with electric equipment

21  owned, installed, maintained, managed, inspected, and/or supervised by the Utility,

22  on August 10, 2015, at real property located at Ygnaclo Valley Road, on or west of

23  the CSU East Bay Concord Campus, east of the Intersection of Crystal Ranch Road,

24  in Concord, California.

25       Mr. Franklin alleges that he was electrically shocked  and suffered catastrophic

26  injures due to the Defendants' failure to de-energize the conductor of the power lines

27

28  _____

[1] On March 7, 2018, Mr. Franklin, by and through his counsel, filed with the Superior Court an Amedment to Complaint. The Amendement to Complaint was filed in order to add Mastec Network Solutions, Inc. as DOE 1.

prior to Mr. Franklin commencing his assigned work. The Complaint contains the following causes of action:

      1.     Personal Injury - Negligence; and

      2.     Negligence - Duty to Warn; and

      3.     Personal Injury - Strict Product Liability.

The Complaint seeks economic and non-economic damages; including all medical and incidental expenses, all loss of earnings, prejudgment interest, and costs for bring and prosecuting the Superior Court Action.

The Superior Court Action was pending at the time the Utility and PG&E Corporation (hereinafter collectively referred to as the "Debtors") commenced these Chapter 11 cases, has not been tried, and damages have not been liquidated.

**B. PROOFS OF CLAIM:**

On September 25, 2019, Mr. Franklin timely filed a Proof of Claim against the Utility, which was assigned claim number 9829 (hereinafter referred to as the "Utility Proof of Claim"). A true and correct copy of the Utility Proof of Claim is attached hereto as **Exhibit A**, for the Court's ease of reference. The Complaint, which is operative against the Utility, is attached as Exhibit 1 to the Utility Proof of Claim.

**II.**
**JOINDER**

Mr. Franklin does hereby joins in and supports "Creditor, Ravin Skondin's Objection to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020," filed with the Court on May 15, 2020 (Dkt No. 7295).

Mr. Franklin also does hereby joins in and supports the well reasoned "Municipal Objectors' (1) Objection to Confirmation of Plan of Reorganization (Dkt. 6320) and (2) Objection to Cure Notice and Other Matters Pertaining to Assumption

Pursuant to Section 365(b)(1) of the Bankruptcy Code (Dkt. 7037)," filed with the Court on May 15, 2020 (Dkt. No. 7231).

Mr. Franklin also does hereby joins in and supports the "Objections of The City and County of San Francisco to Confirmation of Joint Plan of Reorganization," filed with the Court on May 15, 2020 (Dkt. No. 7232).

## III.
## RESERVATION OF RIGHTS

Mr. Franklin does not waive any, and expressly reserves his rights, defenses, limitations and/or claims under applicable law or otherwise. Further, Mr. Franklin reserves all his rights to be heard by the Court in connection with aspects of the Plan confirmation. Mr. Franklin also reserves his rights to amend, modify, or supplement this Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or other submission in connection with the Plan or filed by any other party in interest. Mr. Franklin reserves the right to join in any supplemental objection(s) filed by Municipal Objectors, City and County of San Francisco, and Ravin Skondin. Finally, Mr. Franklin reserves his right to adopt and/or join in any other objections to confirmation filed by any other party in interest.

///

///

///

///

///

///

///

///

**IV.**

**CONCLUSION**

Based upon the instant Joinder and the arguments to be presented during the hearing on May 27, 2020, Mr. Franklin respectfully requests this this Court deny confirmation of the Plan.

Dated: May 15, 2020

Respectfully submitted,

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: _____

Larry O. Phan, Attorneys for Daniel Franklin.

**PINO & ASSOCIATES**

By: _/s/ Estela O. Pino_____

Estela O. Pino, Attorneys for Daniel Franklin.

## United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to **11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| 1. Who is the current creditor? | Daniel Franklin |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☐ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- | --- |
| | Daniel Franklin c/o Christopher W. Wood, Esq. Dreyer Babich Buccola Wood Campora, LLP 20 Bicentennial Circle, Sacramento, CA 95826 | |
| | Contact phone _____ | Contact phone _____ |
| | Contact email _____ | Contact email _____ |

| 4. Does this claim amend one already filed? | ☐ No ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____ MM / DD / YYYY |
| --- | --- | --- |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No ☐ Yes. Who made the earlier filing? _____ |
| --- | --- |

Exhibit A

Official Form 410    Proof of Claim    page 1
Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:47:20   Page 1 of 21
Claim Number: 9829    Proof of Claim   Page 6 of 26

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ ___Unknown/ To be determined at a later date___ . **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br>Complaint filed with the Superior Court of the State of California, in and for the County of San Francisco, styled Daniel Franklin v. Mastek, Inc., et al., CGC 17-559986 (See Attachment A - Jury Trial Demanded). |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>     **Nature of property:**<br>     ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>     ☐ Motor vehicle<br>     ☐ Other. Describe: _____<br><br>     **Basis for perfection:** _____<br>     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>     **Value of property:**      $_____<br><br>     **Amount of the claim that is secured:**      $_____<br><br>     **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>     **Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>     **Annual Interest Rate** (when case was filed)_____%<br>     ☐ Fixed<br>     ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:20    Page 7 of 21

Exhibit A
Page 2 of 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:**  */s/ Christopher W. Wood*
/s/ Christopher W. Wood (Sep 25, 2019)

**Email:**  cwood@dbbwc.com

_____
Signature

Print the name of the person who is completing and signing this claim:

Name  _____
First name          Middle name          Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number          Street

_____
City          State          ZIP Code

Contact phone  _____  Email  _____

Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:47:20   Page 8 of
26

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ **I have supporting documentation.**
    **(attach below)**

☐ **I do not have supporting documentation.**

**Attachment**

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:47:20   Page 9 of 26

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

**United States Bankruptcy Court, Northern District of California**

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Daniel Franklin |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Daniel Franklin<br>c/o Christopher W. Wood, Esq.<br>Dreyer Babich Buccola Wood Campora, LLP<br>20 Bicentennial Circle,<br>Sacramento, CA 95826<br><br>Contact phone (916) 379-3500<br>Contact email cwood@dbbwc.com | **Where should payments to the creditor be sent?** (if different)<br><br><br>Contact phone _____<br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known)_____          Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

**7. How much is the claim?**    $ _____ <sup>Unknown/ To be determined at a later date</sup>    **. Does this amount include interest or other charges?**

         ☒ No      (See Attachment A)

         ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

(Unliquidated - Jury Trial Demanded) (ALL RIGHTS TO INTEREST UNDER ANY APPLICABLE NON-BANKRUPTCY LAW AND/OR ANY CHAPTER 11 PLAN OF REORGANIZATION ARE RESERVED.)

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Complaint filed with the Superior Court of the State of California, in and for the County of San Francisco, styled *Daniel Franklin v. Mastek, Inc., et al.,* CGC 17-559986 (See Attachment A - Jury Trial Demanded).

**9. Is all or part of the claim secured?**

☑ No <br> ☐ Yes. The claim is secured by a lien on property.

     **Nature of property:**

     ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

     ☐ Motor vehicle <br>      ☐ Other. Describe: _____

     **Basis for perfection:** _____

     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:**      $_____

     **Amount of the claim that is secured:**    $_____

     **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:**    $_____

     **Annual Interest Rate** (when case was filed) _____%

     ☐ Fixed <br>      ☐ Variable

**10. Is this claim based on a lease?**

☑ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No <br> ☐ Yes. Identify the property: _____

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:20    Page 8 of 21

Exhibit A

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment | |

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9 - 25 - 19  (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Christopher W. Wood | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Dreyer Babich Buccola Wood Campora, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 20 Bicentennial Circle | | |
| | Number        Street | | |
| | Sacramento | CA | 95826 |
| | City | State | ZIP Code |
| Contact phone | (916) 379-3500 | Email | cwood@dbbwc.com |

## ATTACHMENT A TO PROOF OF CLAIM OF DANIEL FRANKLIN

In re PG&E Corporation and Pacific Gas and Electric Company
Case No. 2019-30088(DM)/ 2019-30089(DM), Chapter 11

### DEMAND FOR JURY TRIAL

Daniel Franklin (hereinafter referred to as the "Claimant") was the victim of electrical shock, which occurred on or about August 10, 2015, while the Claimant was working on cutting down powerlines located on the real property located at Ygnacio Valley Road, on or west of the CSU East Bay Concord Campus, east of the intersection of Crystal Ranch Road, in Concord, California, and the Claimant came into contact with certain electrical equipment maintained by Pacific Gas and Electric Company (hereinafter referred to as the "Debtor") and others.

The Claimant is the Plaintiff in litigation pending against the Debtor and others, styled *Daniel Franklin v. Mastek, Inc., Pacific Gas & Electric Company and DOES 1 through 20*; Inclusive, Case No. CGC 17-559986 (hereinafter referred to as the "State Court Action"), before the Superior Court of the State of California, in and for the County of San Francisco (hereinafter referred to as the "Superior Court").

The Complaint for Damages (hereinafter referred to as the "Complaint"), which is operative against the Debtor, was filed with the Superior Court on July 07, 2017[1]. A copy of the Complaint is attached hereto and incorporated by reference herein as **Exhibit 1**.

As of the filing of this Proof of Claim, the Claimant's prosecution of the State Court Action, as against the Debtor, is stayed. The amount due to the Claimant by the Debtor has not been liquidated.

**At all times, the Claimant has demanded and continues to demand a jury trial. The Claimant does not consent to a jury trial by the Bankruptcy Judge/Bankruptcy Court.**

This Proof of Claim is being filed in order to protect the rights of the Claimant, in light of the claims bar date established by this Court. By filing this Proof of Claim, Claimant **does not** waive any rights provided to him under the Constitution of the United States of America, or the Constitution of the State of California, including but not limited to, the right to a jury trial, which right is specifically retained and reserved. A jury

---

[1] On March 7, 2018, the Claimant, by and through his counsel, filed with the Superior Court an Amedment to Complaint. The Amendement to Complaint was filed in order to add Mastec Network Solutions, Inc. as DOE 1.

trial is required to liquidate the amount of the claim.

      This Proof of Claim shall not be deemed to be a waiver of: (a) the Claimant's right to have final orders in non-core matters entered only after de novo review by a United States District Judge; (b) the Claimant's right to trial by jury on any matter so triable; or (c) the Claimant's right to seek withdrawal of the reference to the United States District Court.

      The Claimant reserves the right to attach or rely upon additional documents or evidence in support of this Proof of Claim if, as, and when such additional documents or evidence become available.

Dated: **9-19-19**

**Dreyer Babich Buccola Wood Campora, LLP**

By: _____

    Christopher W. Wood, Attorneys for
    Daniel Franklin

Page 2 of 11

Exhibit A
Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:47:20   Page 16
of 26   Page 11 of 21

CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
LARRY Q. PHAN, ESQ. / SBN: 284561
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiff

*ENDORSED*
*FILED*
Superior Court of California
County of San Francisco

JUL 07 2017

CLERK OF THE COURT
BY: ROSSALY DELAVEGA
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO CGC 17-559986

DANIEL FRANKLIN,

    Plaintiff,

    v.

MASTEK, INC., PACIFIC GAS & ELECTRIC
COMPANY and DOES 1 through 20, Inclusive,

    Defendants.

Case No.:

**COMPLAINT FOR PERSONAL INJURIES**

Plaintiff DANIEL FRANKLIN complains against Defendants MASTEK, INC., PACIFIC GAS & ELECTRIC COMPANY and DOES 1 through 20, and each of them, and alleges as follows:

### GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION

1. The true names and capacities -- whether individual, corporate, associate, or otherwise -- of Defendants DOES 1 through 20, and each of them, are unknown to Plaintiff, who therefore sues such DOES by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained. Each of the Defendants, and DOES 1 through 20, and each of them, are legally responsible in some manner -- negligently, in warranty, strictly, or otherwise -- for the incident that is the subject of this Complaint.

///

///

-1-

Complaint for Personal Injuries

1       2.    Plaintiff is now, and at all times herein mentioned was, a citizen of and resident

2   within the County of Calaveras, State of California. Plaintiff further alleges that each Defendant is

3   a citizen and resident of, or doing business within, the County of San Francisco or Los Angeles,

4   State of California. The amount in controversy is in excess of the minimal jurisdictional limits of

5   this Court.

6       3.    At all times herein mentioned, Plaintiff DANIEL FRANKLIN was legally on the real

7   property located at Ygnacio Valley Road, on or west of the CSU East Bay Concord Campus, east of

8   the intersection of Crystal Ranch Road, in Concord, California. (hereinafter, "subject property")

9   and was performing work on the subject property cutting down powerlines which Plaintiff was

10  informed and believed to be de-energized.

11      4.    A live, high-voltage energized electrical conductor attached to a utility pole

12  (hereinafter, "subject energized conductor") owned and operated by Defendants PG&E and DOES

13  1 through 10, and each of them, passed directly through the subject property.

14      5.    At all times herein mentioned, Defendants PG&E and DOES 1 through 10, and each

15  of them, were in the business of producing, transmitting, delivering, and selling electricity, a

16  product, to residential, commercial and governmental customers in the immediate area where the

17  subject incident occurred, including to the subject property. As part of their delivery system,

18  Defendants PG&E and DOES 1 through 10, and each of them, designed, constructed, and installed

19  various systems to facilitate the delivery of their product, including through the subject energized

20  conductor. Defendants PG&E and DOES 1 through 10, and each of them, profited from the sale

21  of this product.

22      6.    At all times herein mentioned, Defendants MASTEK, INC. and DOES 11 through 20,

23  and each of them, were in the business of inspecting, maintaining, assessing, testing, analyzing

24  and otherwise performing work to the electrical and / or power system, including the subject

25  energized conductor, at or around the immediate area where the subject incident occurred,

26  including to the subject property.

27  ///

28  ///

-2-

**Complaint for Personal Injuries**

Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:47:20   Page 13 of 21
of 26

Exhibit 1
Page 2
Exhibit A
Page 13 of 21

1     7.      That Plaintiff is informed and believes and thereon alleges that, at all times herein

2 mentioned, Defendants MASTEK, INC. and DOES 11 through 20, and each of them, were acting

3 independently and / or within the course and scope of employment by Defendants PG&E and

4 DOES 1 through 10, and each of them.

5     8.      At all relevant times, Defendants MASTEK, INC., PG&E and DOES 1 through 20,

6 and each of them, had a duty to use the highest degree of care at law to prevent people from

7 coming into contact with high-voltage electricity. That duty includes a heightened obligation to

8 see that no harm befalls a person in proximity to wires used to transmit electricity.

9     9.      Plaintiff is informed and believes and thereon alleges that Defendants MASTEK,

10 INC., PG&E and DOES 1 through 20, and each of them, erected, constructed, reconstructed,

11 replaced, repaired, maintained, and/or managed utility poles and live, high-voltage electrical lines

12 on, under and over the subject property.

13     10.      At the time of the subject incident, Defendants MASTEK, INC., PG&E and DOES 1

14 through 20, and each of them, owned, operated, supervised, and controlled utility poles installed

15 in the ground on the subject property. The poles carried live, high-voltage electrical lines owned

16 and operated by Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them,

17 including but not limited to the subject energized conductor.

18     11.      Plaintiff is informed and believes and thereon alleges that prior to the date of the

19 subject incident, Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them,

20 had actual and/or constructive knowledge of the dangerous condition caused by the subject

21 energized conductor passing directly through the subject property.

22     12.      At all relevant times Defendants MASTEK, INC., PG&E and DOES 1 through 20, and

23 each of them, had actual and constructive notice that one or more of the energized conductors

24 passing through said property were not properly designed, erected, constructed, reconstructed,

25 replaced, repaired, maintained, managed, de-energized and/or left exposed. At all relevant times

26 Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, had a duty to

27 inspect, monitor, and correct such conditions and failed to do so. Further, at all relevant times

28 Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, were aware that

-3-

Complaint for Personal Injuries

1  contact between structures, and persons and the energized conductors constituted a dangerous
2  condition and created the risk of electrocution.

3       13.    Despite having actual or constructive knowledge of the dangerous condition caused
4  by the subject energized conductor, Defendants MASTEK, INC., PG&E and DOES 1 through 20,
5  and each of them, negligently failed to monitor or remove the condition of the subject energized
6  conductor and subject property, and negligently failed to preclude structures and people from
7  coming into contact with the subject energized conductor.

8       14.    Despite having actual or constructive knowledge of the dangerous condition caused
9  by the subject energized conductor, Defendants MASTEK, INC., PG&E and DOES 1 through 20,
10  and each of them, negligently failed to de-energize the subject energized conductor to avoid
11  potential electrocution.

12       15.    That on or about August 10, 2015, Plaintiff DANIEL FRANKLIN, while legally on the
13  premises as described hereinabove, was on the job cutting down utility poles at the subject
14  property when he was electrocuted after coming into contact with electrical equipment owned,
15  installed, maintained, managed, inspected, and/or supervised by defendants and each of them,
16  causing injury and damages to Plaintiff. Prior to cutting into the subject utility pole and coming
17  into contact with the subject energized conductor, Plaintiff was informed and believed that the
18  utility pole that he was supposed to be cutting down was de-energized. However, when he went
19  into cutting the subject utility pole, the subject energized conductor electrocuted him and shot
20  him into the air and down a hill, causing injury and damages to Plaintiff. Plaintiff is informed and
21  believes and thereon alleges that on the day in question, the Defendants, their agents, and each
22  of them, knew or should have known that the electrical line was still energized yet negligently
23  advised Plaintiff and his employer that the lien was de-energized resulting in Plaintiff being
24  injured.

25  ///
26  ///
27  ///
28  ///

-4-

Complaint for Personal Injuries

Page 6 of 11

Exhibit 1
Page 4 Exhibit A
Page 15 of 21

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:20    Page 20
of 26

## FIRST CAUSE OF ACTION

## (PERSONAL INJURY – NEGLIGENCE)

16. Plaintiff incorporates by reference as if set forth fully herein the allegations in all prior paragraphs, and further alleges as follows.

17. That at said time and place, Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, negligently caused, permitted, constructed, managed and maintained, inspected, supervised, etc., said electrical equipment permitting them to be in a dangerous, defective and hazardous condition in an area allowed for usage of persons lawfully on the premises.

18. On or before August 10, 2016, Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, knew that Defendants MASTEK, INC., PG&E and Does 1 through 10 caused, permitted, constructed, managed and / or maintained, inspected, supervised, etc., said electrical equipment permitting them to be in a dangerous, defective and hazardous condition in the subject area and negligently allowed Plaintiff DANIEL FRANKLIN to come into contact with said electrical equipment thereby causing him injuries.

19. As a result of the negligence of Defendants, Plaintiff DANIEL FRANKLIN suffered personal / bodily injuries, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use. Non-economic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress.

Plaintiff DANIEL FRANKLIN prays for judgment against Defendants for:

a.  Non-economic damages in excess of the jurisdictional limit of this Court;

b.  All medical and incidental expenses according to proof;

c.  All loss of earnings according to proof;

d.  Prejudgment interest to the extent permitted by law;

-5-

Complaint for Personal Injuries

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:20    Page 21
of 26

1     e.    All costs of suit; and

2     f.    Such other and further relief as this Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (NEGLIGENCE – DUTY TO WARN)

20.    Plaintiff incorporates by reference as if set forth fully herein the allegations in all prior paragraphs, and further alleges as follows.

21.    Defendants MASTEK, INC., PG&E, and DOES 1 through 20, and each of them, had respective duties to warn Plaintiff of dangers or defects which they created or of which they knew or reasonably should have known had they exercised ordinary care. Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, knew or reasonably should have known that Plaintiff DANIEL FRANKLIN would not realize such dangers or defects.

22.    Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, breached their respective duties of care by failing to adequately warn Plaintiff of dangers or defects which they created or of which they knew or reasonably should have known had they exercised ordinary care.

23.    As a direct, sole, proximate, and foreseeable result of Defendants' breach of their collective and individual duties of care, Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, caused serious injury to Plaintiff, resulting in damages in amounts to be determined at trial of this matter.

24.    As a result of the negligence of Defendants MASTEK, INC., PG&E and DOES 1 through 20, and each of them, Plaintiff DANIEL FRANKLIN suffered personal / bodily injuries, resulting in economic and non-economic damages. Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, and (3) loss of ability to provide household services. Non-economic damages include, but are not limited to, (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress.

///

Complaint for Personal Injuries

-6-

1        Plaintiff DANIEL FRANKLIN prays for judgment against Defendants MASTEK, INC., PG&E

2 and DOES 1 through 20and DOES 1 through 20, and each of them, for:

3      a.    Non-economic damages in excess of the jurisdictional limit of this Court;

4      b.    All medical and incidental expenses according to proof;

5      c.    All loss of earnings according to proof;

6      d.    Prejudgment interest to the extent permitted by law;

7      e.    All costs of suit; and

8      f.    Such other and further relief as this Court may deem just and proper.

9 **THIRD CAUSE OF ACTION**

10 **(PERSONAL INJURY - STRICT PRODUCT LIABILITY)**

11      25.    Plaintiff incorporates by reference as if set forth fully herein the allegations in all

12 prior paragraphs, and further alleges as follows.

13      26.    As part of their respective businesses, Defendants PG&E and DOES 1 through 10,

14 and each of them, designed, manufactured, fabricated, assembled, and/or sold the subject

15 electronic equipment and/or system thereof.

16      27.    The subject incident was caused by a failure in the equipment and/or system

17 designed, manufactured, fabricated, assembled, sold and/or installed by Defendants PG&E and

18 DOES 1 through 10, and each of them. Each of those parts, including but not limited to the

19 subject power pole, standoff, fuses, transformers, insulators as well as the neutral and the hot

20 wires were defective and unsafe for their intended purpose, in that it was designed,

21 manufactured, fabricated, assembled, installed, and/or sold in such a fashion as to make it likely

22 to experience the following non-inclusive list of failures: (1) to cause injury to someone working

23 on or around the power pole involved in the subject incident.

24      28.    At all relevant times, the electronic equipment and/or system described herein

25 were defectively designed, manufactured, fabricated, assembled, sold, and/or installed by

26 Defendants PG&E and DOES 1 through 20, and each of them, in such a way as to increase the

27 likelihood of injury to Plaintiff. Among other things, the line was defective because it was not

28 insulated or shielded to resist grounding if it comes into contact with a ladder or person. The

Exhibit 1
Page 7 Exhibit A
Page 18 of 21

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:30    Page 23
of 26

1   technology exists and was scientifically known or knowable to Defendants to properly insulate
2   such energized conductors.  Further, the component parts did not perform as safely as an
3   ordinary consumer would have expected them to perform when used in a reasonably foreseeable
4   way.

5       29.    At all relevant times, the subject energized conductor and/or its component parts
6   were defective as a result of the failure of Defendants PG&E and DOES 1 through 20, and each of
7   them, to give adequate warning of the risk that the subject energized conductor and/or its
8   component parts was prone to electrocute someone coming into contact with it while cutting
9   down the utility pole it was attached to during anticipated and foreseeable use as the result of
10  Defendants failure to de-energize the subject electrical conductor which significantly increased
11  the risk of the subject energized conductor electrocuting/ shocking and causing catastrophic
12  injuries and death.  In addition, Defendants PG&E and DOES 1 through 20, and each of them,
13  failed to take reasonable steps to warn, advise, or otherwise timely notify workers in the
14  immediate area where the subject incident occurred that the subject utility pole and energized
15  electrical conductor was not de-energized nor the risks of injury and potential death from
16  electrocution from coming into contact with the high voltage subject energized electrical
17  conductor, both before and after said Defendants knew or should have known of such defects.

18      30.    Defendants PG&E and DOES 1 through 20, and each of them, had specific
19  knowledge of the risk, and/or should have known of the risk by application of scientific knowledge
20  available at the time of manufacture of the subject energized equipment and/or system.

21      31.    As a direct result of the conduct of Defendants PG&E and DOES 1 through 20, and
22  each of them, in designing, manufacturing, marketing, and selling/placing the subject energized
23  equipment and/or system, Plaintiff has suffered bodily injury and sustained economic and non-
24  economic damages.  Damage for each claim is in excess of the minimum jurisdictional limit of this
25  Court.

26      32.    As a result of the failure in the equipment and/or system designed, manufactured,
27  fabricated, assembled, sold and/or installed by Defendants PG&E and DOES 1 through 20, and
28  each of them, Plaintiff DANIEL FRANKLIN suffered personal / bodily injuries, resulting in economic

Complaint for Personal Injuries                                          -8-

Page 10 of 11

Exhibit 1
Page 8 of 9
Exhibit A
Page 19 of 21

Case: 19-30088    Doc# 7312    Filed: 05/15/20    Entered: 05/15/20 15:47:08    Page 24
of 26

| 1 | and non-economic damages. Economic damages include, but are not limited to, (1) past and |
| 2 | future medical and/or ancillary related expenses, (2) past and future income and/or earning |
| 3 | capacity loss, (3) loss of ability to provide household services, and (4) incidental and |
| 4 | consequential damages and/or property damage and loss of use. Non-economic damages |
| 5 | include, but are not limited to, (1) past and future physical and mental suffering, (2) loss of |
| 6 | enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional |
| 7 | distress. |
| 8 | Plaintiff DANIEL FRANKLIN prays for judgment against Defendants PG&E and DOES 1 |
| 9 | through 20, and each of them, for: |
| 10 | a. Non-economic damages in excess of the jurisdictional limit of this Court; |
| 11 | b. All medical and incidental expenses according to proof; |
| 12 | c. All loss of earnings according to proof; |
| 13 | d. Prejudgment interest to the extent permitted by law; |
| 14 | e. All costs of suit; and |
| 15 | f. Such other and further relief as this Court may deem just and proper. |
| 16 | DATED: July 7, 2017      **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP** |
| 17 | |
| 18 | By: |
| 19 | CHRISTOPHER W. WOOD |
| 20 | |

**Complaint for Personal Injuries**

-9-

Case: 19-30088   Doc# 7312   Filed: 05/15/20   Entered: 05/15/20 15:4   Page 9 of 25   of 26

# Electronic Proof of Claim_6123058_SQX!@27386

**Final Audit Report**            2019-09-25

| | |
|---|---|
| Created: | 2019-09-25 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1eX-gsMhx544wVWaoKyXmyJzmIP1TrCO |

## "Electronic Proof of Claim_6123058_SQX!@27386" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-09-25 - 9:13:57 PM GMT

/s/ Christopher W. Wood (cwood@dbbwc.com) uploaded the following supporting documents:
Attachment
2019-09-25 - 9:21:49 PM GMT

Web Form filled in by /s/ Christopher W. Wood (cwood@dbbwc.com)
2019-09-25 - 9:21:49 PM GMT- IP address: 207.231.72.58

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/77.0.3865.90 Safari/537.36)
2019-09-25 - 9:21:51 PM GMT- IP address: 207.231.72.58

Signed document emailed to /s/ Christopher W. Wood (cwood@dbbwc.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
2019-09-25 - 9:21:51 PM GMT

Prime Clerk    POWERED BY Adobe Sign