DAVID M. REEDER, ESQ. (California State Bar No. 133150)
REEDER LAW CORPORATION
1801 CENTURY PARK EAST, 16th Floor
LOS ANGELES, CA 90067
PHONE: (310) 774-4060
FAX: (310) 295-2290
EMAIL: david@reederlaw.com

Attorneys for the City of American Canyon

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                         Debtors. | Case No.: 19-30088<br><br>[Chapter 11]<br><br>Jointly Administered<br><br>Date: May 27, 2020<br>Time: 10:00 a.m.<br>Courtroom: 17<br>Place: 430 Golden Gate Avenue, 16th Floor<br>        San Francisco, California<br>Judge: Dennis Montali |

**OBJECTION AND RESERVATION OF RIGHTS OF THE CITY OF AMERICAN CANYAN TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS**

The City of American Canyon (the "City") hereby asserts its objection and reservation of rights (the "Objection") to the Debtors' *Notice of (I) Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and (II) Proposed Cure Amounts* (the "Assumption Notice") and set forth the following:

2

## PROCEDURAL FACTS

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On March 16, 2020, the Debtors' filed the *Debtors' and Shareholder Proponents' Chapter 11 Plan of Reorganization dated March 16,* 2020 [Docket No. 6320] (the "Plan").

## THE ASSUMPTION NOTICE

4. On May 1, 2020, as part of their Plan Supplement, the Debtors filed their (i) *Schedule of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to the Plan and Proposed Cure Amounts* (the "Assumption Schedule").

5. According to a certificate of service filed May 6, 2020 [Docket No. 7085], on May 1, 2020, the Debtors' claims processing agent, Prime Clerk, purportedly served the City with the Assumption Notice together with an excerpt from the Assumption Schedule listing the City's contracts to be assumed by the Debtors. The Assumption Notice provides a deadline of May 15, 2020 for objecting to the proposed cure amounts listed in the Assumption Schedule.

6. The Assumption Schedule lists three contracts with the City (the "Contracts").

7. Regarding each of the City's Contracts in the Assumption Schedule, the Debtors list no cure amount, indication that the Debtor's plan to pay no arrearage amount for the privilege of assuming the Contracts. .

## THE CITY'S CONTRACTS WITH THE DEBTORS

8. The Debtors have listed has three contracts referencing the City (the "Contracts") which were listed for assumption by the Debtors as follows:

3

a. City of American Canyon. Electric Franchise – Ordinance No. 92-8; (the "Electric Franchise")

b. City of American Canyon. Gas Franchise – Ordinance No. 92-7 (the "Gas Franchise")

c. City of American Canyon LaVigne subdivision General off-bill and on-bill financing agreement

Due to the Covid19 virus, and the lack of staffing which has been in effect for the City during the entire period since the Debtor's filing and purported service of of its notice and the proposed $0 cure amounts, it is unclear the exact amount owned by the Debtors for Pre-petition and Post-petition arrearages under the Contracts.

9. On October 21, 2019 the City filed proofs of claim regarding the Electric Franchise and the Gas Franchise (the "Proofs of Claim"). True copies of the Proofs of Claim are attached here to as Exhibits "1" and "2"[1].

10. The City does not believe that the amounts owed on the Contracts are $0, but, for the reasons stated above, it is still investigating the amounts due under the Contracts.

11. The City is continuing to investigate the Contracts listed in the Assumption Schedule and reserves its rights to assert additional cure amounts once it is able to reconcile with the Debtors the correct cure amounts.

**ASSUMPTION OF EXECUTORY CONTRACTS**

12. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

---

[1] The City requests that the Court take judicial notice of Proofs of Claim pursuant to the provisions of Fed. R. Evid. 201.

4

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default" It is unclear from the Debtors' listing of contracts in the Assumption Schedule which contracts they are attempting to assume.

13. Accordingly the Debtors should be required to adjust the cure amounts to accurately reflect the amounts due, both pre-petition and post-petition. Further, the City should be given sufficient time to investigate the same, determine the amounts owing thereunder, and file any further objections it may then have to the Assumption Schedule and Assumption Notice.

## THE DEBTORS SHOULD NOT BE ALLOWED TO
## UNILATERALLY MODIFY THE CONTRACTS

*14.* It is well settled that an executory contract must be assumed in full, period. Attempts by debtors to institute unilateral modifications of contracts through the assumption process of been soundly rejected by the courts. *See, In re Frontier Properties, Inc.*, 979 F.2d 1359, 1367 (9th Cir. 1992). A debtor cannot assume provisions of a contract which it deems beneficial, and alter, modify, or altogether avoid portions that it does not like. *N.L.R.B. v Bildisco & Bildisco,* 465 U.S. 513, 531-532 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere").*

15. Section 365(b)(1) is a shield for non-debtors, not a sword for debtors. *In re National Gypsum Co.* 208 F.3d 498, 509 (5th Cir. 2000). In *National Gypsum Co.* the Court stated "[Section 365(a)] provides a guarantee to the non-debtor party who may be forced to

5

continue a relationship it would rather terminate, that as a condition to the forced continuation of the contractual relationship, any losses or defaults existing at the time will be satisfied either through timely cure or through reasonable assurance of future payment" *Id.*

16. Here, the culprits are the debtor's attempt to use the extremely aggressive releases in its Amended Plan of Reorganization (the "Plan") to eliminate all liability under assumed executory contracts. *See,* Plan at Sec. 8.1 and Sec. 10.9(b). Further, the Debtors attempt to use the Cure Notice as a tool for modification of the Contracts, since the Cure Notice seeks to "deem" the failure to object to be consent to material modifications of the Contracts. Statutory rights, such as the counter party's right to have the entire contract assumed if assumption is the order of the day, are not so easily tossed off.

17. The use of these provisions to eliminate all liability under the assumed contracts runs afoul of the well-trod judicial path in chapter 11 cases rejecting the modification of assumed contracts, regardless of the means.

**RESERVATION OF RIGHTS AND PROPOSED RELIEF**

18. The City reserves the right to take a reasonable time (as compared the elapsed time from the purported service of the Assumption Notice in New York on May 1, 2020 to the date of the objection deadline of May 15, 2020) to determine the cure amounts on the Contracts and to calculate such amount to provide for a per diem or other method of accurately determining the cure amounts up to the effective date of the assumption of the Contracts.

19. Based on the foregoing, the order regarding the assumption of the Contracts should grant no more relief then is allowable under the Code, assumption of the Contracts in their entirety, without material modification, and with no discharge of any provision of the

6

Contracts, *after* the cure of all arrearages, including those arrearages accruing between the entry of an assumption order and the effective data of the assumption.

20. The City hereby reserves all rights to object to the Assumption Schedule and the cure amounts listed therein once the it has sufficiently investigated the cure amounts due, hopefully in cooperation with the Debtors.

21. The City reserves all its rights to the allowance and immediate payment of all post-petition charges under the Contracts pursuant to 11 U.S.C. 503(b).

Dated: May 15, 2020                REEDER LAW CORRPORATION

/s/ DAVID M. REEDER
DAVID M. REEDER
Attorneys for the City of American Canyon, Creditor

| In re PG&E Corporation and Pacific Gas and Electric Company, Debtors. | CHAPTER: 11<br>CASE NO.: 19-30088 |
|---|---|

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Reeder Law Corporation**
**1801 Century Park East, 16th Floor**
**Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION AND RESERVATION OF RIGHTS OF THE CITY OF AMERICAN CANYON TO NOTICE OF (I) PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND (II) PROPOSED CURE AMOUNTS** will be served or was served in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 15, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 15, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **May 15, 2020** | **David M. Reeder** | /s/ DAVID M. REEDER |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

8

| In re | CHAPTER: 11 |
|---|---|
| PG&E Corporation and Pacific Gas and Electric Company, Debtors. | CASE NO.: 19-30088 |

# SERVICE LIST

**Service by ECF**

All persons who have requested that they be added to the ECF service list in the Debtor's cases

**Served by Email**

Stephen Karotkin, Esq.
Jessica Liou, Esq.
Matthew Goren, Esq.
Tom Schinckel, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Stephen.karotkin@weil.com
Jessica.liou@weil.com
Matthew.goren@weil.com
Tom.shinckel@weil.com
*Attorneys for Debtors*

Tobias S. Keller, Esq.
Jane Kim, Esq.
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, California 94108
tkeller@kbkllp.com
jkim@kbkllc.com
*Attorneys for Debtors*

Bruce S. Bennett, Esq.
Joshua M. Mester, Esq.
James O. Johnston
Jones Day, Esq.
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071-2300
bbennett@jonesday.com
jmester@jonesday.com
jjohnston@jonesday.com
*Attorneys for Shareholder Proponents*

9