Exhibit "1"



| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | PG & E CORPORATION |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of California |
| Case number | 19-30088 (DM) - Jointly Administered |

RECEIVED
OCT 21 2019
PRIME CLERK LLC

## Official Form 410
## Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
City of American Canyon
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o William D. Ross, City Attorney
Name
400 Lambert Avenue
Number   Street
Palo Alto, CA  94306
City              State         ZIP Code

Contact phone (650) 843-8080
Contact email wross@lawross.com

Where should payments to the creditor be sent? (if different)

Name _____
Number   Street _____
City   State   ZIP Code
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) DL#J27386   Filed on 10/16/2019
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

COPY

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ <u>unliquidated</u>. Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

<u>1) Franchise fees for electrical service; 2) Franchise fees for natural gas service; 3) California PUC Rule 20(a) funds</u>

**9. Is all or part of the claim secured?**
☐ No
☒ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☒ Other. Describe: <u>Utility payments by PG&E ratepayers in the City of Amer. Cn</u>

**Basis for perfection:** <u>PUC Rule 20a</u>
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

Case: 19-30088    Doc# 7315-1    Filed: 05/15/20    Entered: 05/15/20 15:48:39    Page 3 of 11

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(1_) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  6/21/2019
                  MM / DD / YYYY

_William D. Ross_ (signature)
Signature

Print the name of the person who is completing and signing this claim:

Name: William    D.    Ross
      First name    Middle name    Last name

Title: City Attorney

Company: Law Offices of William D. Ross
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 400 Lambert Avenue
         Number    Street
         Palo Alto                    CA    94306
         City                         State ZIP Code

Contact phone: (650) 843-8080        Email: wross@lawross.com

# Addendum to Proof of Claim

**Claimant:** City of American Canyon

**Case:** *In re PG & E Corporation*, Case No. 19-30088 (DM)

*In re Pacific Gas and Electric Company,* Case No. 19-30089 (DM)

**Claim total:** The claims are, as of this time, unliquidated.

**Summary of claim:** The City of American Canyon (the "City") is a municipality in Napa County, California, within PG&E's and Pacific Gas and Electric Company's service area. The proof of claim has three components:

1. Unpaid franchise fees for electrical service.
2. Unpaid franchise fees for natural gas service.
3. Outstanding Cumulative California Public Utilities Commission Rule 20(a) funds.

**This addendum is incorporated into and made part of the attached proof of claim.**

In addition to this addendum, attached to this Proof of Claim are following documents:

1. City Ordinance No. 92-7 granting Pacific Gas & Electric Company a franchise for natural gas services.
2. City Ordinance No. 92-8 granting Pacific Gas & Electric Company a franchise for electrical services.

1

ORDINANCE NO. 92-7

ORDINANCE GRANTING TO PACIFIC GAS & ELECTRIC COMPANY,
ITS SUCCESSORS AND ASSIGNS, THE FRANCHISE TO INSTALL,
MAINTAIN AND USE PIPES AND APPURTENANCES FOR TRANSMITTING
AND DISTRIBUTING GAS TO THE PUBLIC FOR ANY AND ALL
PURPOSES UNDER, ALONG, ACROSS, AND UPON THE PUBLIC STREETS
AND PLACES WITHIN THE CITY OF AMERICAN CANYON.

The City Council of the City of American Canyon does ordain as follows:

Section 1.    Whenever in this ordinance the words or phrases hereinafter in this section defined are used, they shall have the respective meanings assigns to them in the following definitions:

(a) The word "Grantee" shall mean Pacific Gas and Electric Company, and its lawful successors or assigns.
(b) The word "City" shall mean the City of American Canyon, a municipal corporation of the State of California, in its present incorporated form or in any later reorganized, consolidated, enlarged or reincorporated form.
(c) The word "streets" shall mean the public streets, ways, alleys and places as the same now or may hereafter exist within City, including State highways, now or hereafter established within City.
(d) The word "gas" shall mean natural or artificial gas, or a mixture of natural and artificial gas.
(e) The phrase "pipes and appurtenances" shall mean pipes, pipelines, mains, services, traps, vents, vaults, manholes, meters, gauges, regulators, valves, conduits, appliances, attachments, appurtenances, and, without limitation to the foregoing, any other property located or to be located, in, upon, along, across, under or over the streets of City, and used or useful in transmitting and/or distributing gas.
(f) The phrase "install, maintain and use" shall mean to lay, construct, erect, install, operate, maintain, use, repair or replace.

Section 2.    The franchise to install, maintain and use in the streets of City all pipes and appurtenances necessary or proper for transmitting and distributing gas to the public for any and all purposes is hereby granted to Grantee.

Section 3.    Grantee shall relocate, without expense to City, any pipes and appurtenances installed, maintained or used under this franchise, if and when made necessary by any lawful change of grade, alignment or width of any streets by City, including the construction of any subway or viaduct.

Section 4. Said franchise shall be indeterminate, that is to say, said franchise shall endure in full force and effect until the same shall, with the consent of the Public Utilities Commission of the State of California, be voluntarily surrendered or abandoned by Grantee, or until the State or some municipal or public corporation thereunto duly authorized by law shall purchase by voluntary agreement or shall condemn and take under the power of eminent domain, all property actually used or useful in the exercise of said franchise and situated in the territorial limits of the State, municipal or public corporation purchasing or condemning such property, or until said franchise shall be forfeited for noncompliance with its terms by Grantee.

Section 5. Grantee shall during the term of said franchise pay to City two percent (2%) of the gross annual receipts of Grantee arising from the use, operation or possession of said franchise; provided, however, that such payment shall in no event be less than one percent (1%) of the gross annual receipts of Grantee derived from the sale of gas within the limits of City.

Section 6. Grantee shall file with the City Clerk of City within three (3) months after the expiration of the calendar year, or fractional calendar year, following the date of the granting hereof, and within three (3) months after the expiration of each and every calendar year thereafter, a duly verified statement showing in detail the total gross receipts of Grantee during the preceding calendar year, or such fractional calendar year, from the sale of gas within City. Grantee shall pay to City within fifteen (15) days after the time for filing such statement, in lawful money of the United States, the aforesaid percentage of its gross receipts for such calendar year, or such fractional calendar year, covered by such statement. Any neglect, omission or refusal by Grantee to file such verified statement, or to pay said percentage at the time and in the manner specified, shall be grounds for the declaration of a forfeiture of this franchise and of all rights of Grantee hereunder.

Section 7. Said franchise is granted under the Franchise Act of 1937.

Section 8. This ordinance shall become effective thirty (30) days after its final passage unless suspended by a referendum petition filed as provided by law.

Section 9. Grantee shall pay to City a sum of money sufficient to reimburse it for all publication expenses incurred by it in connection with the granting of said franchise. Such payment shall be made within thirty (30) days after City shall have furnished Grantee with a written statement of such expenses.

Section 10. The franchise granted hereby shall not become effective until written acceptance thereof shall have been filed by Grantee with the City Clerk of City.

Section 11. The City Clerk of City shall cause this ordinance to be published or to be posted in at least three (3) public places in City in accordance with Section 36933 of the Government Code of the State of California.

First read at a regular meeting of the City Council of City held on the 19th day of March, 1992, and finally adopted and ordered posted at a regular meeting of said Council held on the 2nd day of April, 1992, by the following votes:

AYES: Councilmembers: Orlando, Mahanay, Anderson, Bennett, Winters

NAYS: Councilmembers: None

ABSENT: Councilmembers: None

Tom Orlando
Mayor

ATTEST:

Stephen J. Kimbrough
City Clerk

ATTEST AS TO FORM:

William Ross
City Attorney

ORDINANCE NO. 92-8

ORDINANCE GRANTING TO PACIFIC GAS & ELECTRIC COMPANY, ITS SUCCESSORS AND ASSIGNS, THE FRANCHISE TO CONSTRUCT, MAINTAIN AND USE POLES, WIRES, CONDUITS AND APPURTENANCES, INCLUDING COMMUNICATION CIRCUITS, NECESSARY OR PROPER FOR TRANSMITTING AND DISTRIBUTING ELECTRICITY TO THE PUBLIC FOR ANY AND ALL PURPOSES IN, ALONG, ACROSS, UPON, UNDER AND OVER THE PUBLIC STREETS AND PLACES WITHIN THE CITY OF AMERICAN CANYON

The City Council of the City of American Canyon does ordain as follows:

Section 1.  Whenever in this ordinance the words or phrases hereinafter in this section defined are used, they shall have the respective meanings assigns to them in the following definitions:

(a) The word "Grantee" shall mean Pacific Gas and Electric Company, and its lawful successors or assigns.
(b) The word "City" shall mean the City of American Canyon, a municipal corporation of the State of California, in its present incorporated form or in any later reorganized, consolidated, enlarged or reincorporated form.
(c) The word "streets" shall mean the public streets, ways, alleys and places as the same now or may hereafter exist within City, including State highways, now or hereafter established within City.
(d) The phrase "poles, wires, conduits and appurtenances" shall mean poles, towers, supports, wires, conductors, cables, guys, stubs, platforms, crossarms, braces, transformers, insulators, conduits, ducts, vaults, manholes, meters, cut-outs, switches, communication circuits, appliances, attachments, appurtenances, and, without limitation to the foregoing, any other property located or to be located, in, upon, along, across, under or over the streets of City, and used or useful in transmitting and/or distributing electricity.
(f) The phrase "construct, maintain and use" shall mean to lay, construct, erect, install, operate, maintain, use, repair or replace.

Section 2.  The franchise to construct, maintain and use poles, wires, conduits and appurtenances necessary or proper for transmitting and distributing electricity to the public for any and all purposes in, along, across, upon, under and over the streets within City is hereby granted to Grantee.

Section 3.  Grantee shall relocate, without expense to City, any poles, wires, conduits and appurtenances constructed, maintained or used under this franchise, if and when made necessary by any lawful change of grade, alignment or width of any streets by City, including the construction of any subway or viaduct.

Section 4.    Said franchise shall be indeterminate, that is to say, said franchise shall endure in full force and effect until the same shall, with the consent of the Public Utilities Commission of the State of California, be voluntarily surrendered or abandoned by Grantee, or until the State or some municipal or public corporation thereunto duly authorized by law shall purchase by voluntary agreement or shall condemn and take under the power of eminent domain, all property actually used or useful in the exercise of said franchise and situated in the territorial limits of the State, municipal or public corporation purchasing or condemning such property, or until said franchise shall be forfeited for noncompliance with its terms by Grantee.

Section 5.    Grantee shall during the term of said franchise pay to City two percent (2%) of the gross annual receipts of Grantee arising from the use, operation or possession of said franchise; provided, however, that such payment shall in no event be less than one percent (1%) of the gross annual receipts of Grantee derived from the sale of electricity within the limits of City.

Section 6.    Grantee shall file with the City Clerk of City within three (3) months after the expiration of the calendar year, or fractional calendar year, following the date of the granting hereof, and within three (3) months after the expiration of each and every calendar year thereafter, a duly verified statement showing in detail the total gross receipts of Grantee during the preceding calendar year, or such fractional calendar year, from the sale of electricity within City. Grantee shall pay to City within fifteen (15) days after the time for filing such statement, in lawful money of the United States, the aforesaid percentage of its gross receipts for such calendar year, or such fractional calendar year, covered by such statement. Any neglect, omission or refusal by Grantee to file such verified statement, or to pay said percentage at the time and in the manner specified, shall be grounds for the declaration of a forfeiture of this franchise and of all rights of Grantee hereunder.

Section 7.    Said franchise is granted under the Franchise Act of 1937.

Section 8.    This ordinance shall become effective thirty (30) days after its final passage unless suspended by a referendum petition filed as provided by law.

Section 9.    Grantee shall pay to City a sum of money sufficient to reimburse it for all publication expenses incurred by it in connection with the granting of said franchise. Such payment shall be made within thirty (30) days after City shall have furnished Grantee with a written statement of such expenses.

Section 10. The franchise granted hereby shall not become effective until written acceptance thereof shall have been filed by Grantee with the City Clerk of City.

Section 11. The City Clerk of City shall cause this ordinance to be published or to be posted in at least three (3) public places in City in accordance with Section 36933 of the Government Code of the State of California.

First read at a regular meeting of the City Council of City held on the 19th day of March, 1992, and finally adopted and ordered posted at a regular meeting of said Council held on the 2nd day of April, 1992, by the following votes:

AYES: Councilmembers: Orlando, Mahanay, Anderson, Bennett and Winters

NAYS: Councilmembers: None

ABSENT: Councilmembers: None

Tom Orlando
Mayor

ATTEST:

Stephen J. Kimbrough
City Clerk

ATTEST AS TO FORM:

William Ross
City Attorney