Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:    415.659.2600
Facsimile:    310.820.8859
Email:  rjulian@bakerlaw.com
Email:  cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

Elizabeth A. Green (*pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:    407.649.4036
Facsimile:    407.841.0168
Email: egreen@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DECLARATION OF DAVID J. RICHARDSON IN SUPPORT OF OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO CONFIRMATION OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020**<br><br>Date:  May 27, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  **Telephonic Appearances Only**<br>    United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102 |

I, David J. Richardson, hereby declare:

1.      I am an attorney with the law firm of Baker & Hostetler LLP, attorneys of record for The Official Committee of Tort Claimants (the "**TCC**") appointed in the above-captioned chapter 11 cases (the "**Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**").  I am a member in good standing of the bar of California and I am admitted to practice in the United States Bankruptcy Court in the Northern District of California.  I have personal knowledge of the facts stated herein and I could and would competently and truthfully testify to those facts if called as witness.

2.      I am authorized to execute this declaration on behalf of the TCC.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.  Documents that are attached to this Declaration were obtained by me in the course of my duties described above.  Exhibits that are court documents were either served upon me in my capacity as an attorney for the TCC, or were obtained by me from the ECF docket on which the document was filed.

3.      I submit this Declaration in support of the Objection of the Official Committee of Tort Claimants to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 (the "**Confirmation Brief**").

4.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* [Bankr. Dkt. 5038] (the "**Settlement Motion**"), which attaches as Dkt. 5038-1 a true and correct copy of the *Restructuring Support Agreement* dated December 6, 2019, between the TCC, the Debtors, certain law firms representing individuals holding approximately 70% in number of the prepetition fire claims filed against the Debtors (the "**Consenting Fire Claimant Professionals**"), and certain funds and accounts managed by Abrams Capital Management, LP and Knighthead Capital Management, LLP (the "**Shareholder Proponents**") (the "**RSA**"), ECF-marked pages 40-52 of which are the Term Sheet that establishes the original terms of the parties' settlement under the RSA (the "**Settlement**").

5. Article I of the Settlement provided the original definition of the term "Aggregate Fire Victims Consideration. However, on December 16, 2019, the parties to the Tort Claimant RSA entered into the *First Amendment to Restructuring Support Agreement* [Dkt. 5143], a true and correct copy of which is an exhibit to a Notice of such amendment filed in the Bankruptcy Court, and is Exhibit B hereto (the "**RSA/Settlement Amendment**"). Pursuant to Section 3 of RSA/Settlement Amendment, the definition of "Aggregate Fire Victims Consideration" means:

> the aggregate consideration used to fund the Fire Victim Trust of (a) $5.4 billion in cash to be contributed on the Effective Date, (b) $1.35 billion consisting of (i) $650 million to be paid in cash on or before January 15, 2021 pursuant to the Tax Benefits Payment Agreement, and (ii) $700 million to be paid in cash on or before January 15, 2022 pursuant to the Tax Benefits Payment Agreement; (c) $6.75 billion in New HoldCo Common Stock (issued at Fire Victim Equity Value), which shall not be less than 20.9% of the New HoldCo Common Stock based on the number of fully diluted shares of Reorganized HoldCo (calculated using the treasury stock method (using an Effective Date equity value equal to Fire Victim Equity Value)) that will be outstanding as of the Effective Date (assuming all equity offerings and all other equity transactions specified by the Plan, including without limitation, equity issuable upon the exercise of any rights or the conversion or exchange of or for any other securities, are consummated and settled on the Effective Date, but excluding any future equity issuance not specified by the Plan) assuming the Utility's allowed return on equity as of the date of the Tort Claimants RSA and reasonable registration rights consistent with the recommendations of the Debtors' equity underwriter and tax rules and regulations; (d) the assignment by the Debtors and Reorganized Debtors to the Fire Victim Trust of the Assigned Rights and Causes of Action; and (e) assignment of rights, other than the rights of the Debtors to be reimbursed under the 2015 Insurance Policies for claims submitted prior to the Petition Date, under the 2015 and 2016 Insurance Policies to resolve any claims related to Fires in those policy years. For the avoidance of doubt, the Aggregate Fire Victim Consideration shall not include any amounts for the Public Entities Settlement which shall be satisfied from other Plan financing sources but not from the Aggregate Fire Victim Consideration.

6. On December 19, 2019, the United States Bankruptcy Court for the Northern District of California entered its *Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors and TCC to Enter into Restructuring Support Agreement with the TCC, Consenting Fire Claimant Professionals, and Shareholder Proponents, and (II) Granting Related Relief* [Dkt. No. 5174] (the "**9019 Order**"), approving the RSA and Settlement "in their entirety," a true and correct copy of which is attached hereto as Exhibit C.

7. Section 3(a)(ii) of the RSA provides that it is an "Automatic Termination" event of the agreement if:

> the Effective Date of the Amended Plan does not occur prior to August 29, 2020; provided, the deadlines set forth in items (A) through (E) of the foregoing may be extended by mutual written consent of the Debtors, the Shareholder Proponents, Requisite Consenting Fire Claimant Professionals, and the TCC;

The TCC has not consented to an extension of the Effective Date beyond August 28, 2020. On March 20, 2020, the Debtors filed their *Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 for Entry of an Order (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief* [Bankr. Dkt. 6398], a true and correct copy of which is attached hereto as Exhibit D, which among other requested relief, seeks authorization to extend the Effective Date of the Plan to September 30, 2020, or December 31, 2020, either of which would violate the Tort Claimant RSA.

8. Section 2(j) of the RSA provides that:

> each Party shall use commercially reasonable efforts to support and cooperate with the Debtors to obtain confirmation of the Amended Plan and any regulatory or other approvals necessary for confirmation or effectiveness of the Amended Plan;

Pursuant to the Recitals to the RSA, the parties are only obligated to support any Amended Plan that is "revised not inconsistent with the Term Sheet."

9. Attached hereto as Exhibit E is a true and correct copy of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 for Entry of an Order (I) Authorizing the Debtors to Enter into Restructuring Support Agreement with the Consenting Subrogation Claimholders, (II) Approving the Terms of Settlement with such Consenting Subrogation Claimholders, including the Allowed Subrogation Claim Amount, and (III) Granting Related Relief* filed in the Cases on September 24, 2019 [Bankr. Dkt. 3992] (the "**Subrogation RSA Motion**"), and Exhibit A thereto, which is the Restructuring Support Agreement dated on or about September 24, 2019, between certain Consenting Creditors and the Debtors [Bankr. Dkt. 3992-1] (the "**Subrogation RSA**").

10. The Subrogation RSA Motion informed the Court, the TCC, and all parties in interest, that the Insurers acknowledged an ongoing obligation to their Insureds of at least $3.7 billion in reserves, plus additional amounts:

> The claims information provided by the Ad Hoc Subrogation Group indicates that to date, total claims had been paid in excess of $15 billion with respect to the 2017 and 2018 Northern California wildfires. The information further showed a reserve amount of $3.7 billion, and allocations for Incurred but Not Reported and Incurred but Not Enough Reserved amounts of $2 billion based on the insurers' estimation of anticipated claims that had not yet been filed or reported.

*Id.*, p. 22:5-9.

11. Attached hereto as Exhibit F is a true and correct copy of the *Declaration of Homer Parkhill in Support of the Ad Hoc Group of Subrogation Claim Holders' Statement in Support of the Subrogation Settlement and RSA Motion*, filed in the Bankruptcy Court on October 21, 2019 [Bankr. Dkt. 4348-2]. In Exhibit B to his declaration, Mr. Parkhill details extensive reserves as of July 30, 2019, totaling more than $3.4 billion in reserves, and more than $1.2 billion in IBNR, broken out by fires. At the hearing to approve the Subrogation RSA, counsel for the Subrogation Group confirmed that the reserves/IBNR obligations of Insurers included at least $4 billion in excess of the $16 billion in paid amounts as of that date.

12. Attached hereto as Exhibit G is a true and correct copy of this Court's *Amended Order Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019 (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief* [Dkt. No. 6937], entered April 24, 2020 in the Debtors' Cases.

13. Attached hereto as Exhibit H is a true and correct copy of the *Debtors' Second Amended Motion for Entry of Orders (I) Approving Terms of, and Debtors' Entry into and Performance Under, Equity Backstop Commitment Letters, (II) Approving Terms of, and Debtors' Entry into and Performance Under, Debt Financing Commitment Letters and (III) Authorizing Incurrence, Payment and Allowance of Related Fees and/or Premiums, Indemnities, Costs and Expenses as Administrative Expense Claims* filed in the Debtors' Cases on March 2, 2020 [Dkt. 6013].

14. On May 1, 2020, the Debtors filed their *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 6, 2020* (the "**Plan Supplement**"). The Plan Supplement is 2063 pages in length, and therefore this Declaration does not attach the entire document as a single exhibit. Attached hereto as Exhibit I is a true and correct copy of the Schedule of Assigned Rights and Causes of Action filed by the Debtors (the "**Debtors' Schedule of Assigned Claims**") as Exhibit E to the Plan Supplement. Despite the provisions in the RSA and Settlement that require the TCC's consent to any "supplement" to the Plan, and despite the language in Section 1.189 of the Plan itself which requires that the Schedule of Assigned Rights and Causes of Action must be "consistent in all respects with the definition of Assigned Rights and Causes of Action," the Debtors filed their Debtors' Schedule of Assigned Claims without the consent of the TCC. The Debtors' Schedule of Assigned Claims purports to materially amend the definition of "Assigned Rights and Causes of Action," which is a definition that is consistent in both the Settlement and the Plan. In order to ensure that the Debtors' Schedule of Assigned Claims did not mislead any parties to this case, or non-parties who may be potential defendants, as to the actual scope of Assigned Rights and Causes of Action, the TCC filed a *Notice of Official Committee of Tort Claimants' Reservation of Rights re Debtors' Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 6, 2020* on May 4, 2020 [Dkt. No. 7057], a true and correct copy of which is attached hereto as Exhibit J.

15. Attached hereto as Exhibit K is a true and correct copy of the Schedule of Retained Claims and Causes of Action (the "**Retained Schedule**"), which was filed in the Cases by the Debtors on May 1, 2020, as Exhibit F to the Plan Supplement. The Plan does not contain any provision for a schedule of retained claims. The Retained Schedule conflicts with the Settlement's and Plan's consistent definition for Assigned Rights and Causes of Action, including by listing at least two vegetation management contractors—Chriso's Tree Trimming, Inc. and Mountain F. Enterprises—as defendants to claims retained by the Debtors. The Retained Schedule also purports to retain claims pertaining to property damage caused by 2017 and 2018 wildfires, which clearly fall within the Settlement's and Plan's consistent definition for Assigned Rights and Causes of

| | |
|---|---|
| 1 | Action, and list broad and vague retentions of certain insurance-related claims, and director and |
| 2 | officer claims, both of which may also conflict with the Settlement and Plan. |

16. Attached hereto as <u>Exhibit L</u> is a true and correct copy of the *Debtors' Joint Chapter 11 Plan of Reorganization dated November 4, 2019*, filed in the Debtors' Cases on November 4, 2019 [Dkt. No. 4563].

17. Attached hereto as <u>Exhibit M</u> is a true and correct copy of this Court's *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors*, filed and entered in the Debtors' Cases on July 1, 2019 [Dkt. No. 2806].

18. Attached hereto as <u>Exhibit N</u> is a true and correct copy of this Court's *Order Extending Bar Date for Fire Claimants and Appointing Claims Representative*, filed and entered in the Debtors' Cases on November 11, 2019 [Dkt. No. 4672].

19. Attached hereto as <u>Exhibit O</u> is a true and correct copy of a letter brief filed with this Court on April 29, 2020 [Dkt. No. 6982] by counsel for the Public Employees Retirement Association of New Mexico.

20. Attached hereto as <u>Exhibit P</u> is a true and correct copy of a letter brief filed with this Court on May 1, 2020 [Dkt. No. 7048], by counsel for the Debtors.

21. Attached hereto as <u>Exhibit Q</u> is a true and correct copy of the Transcript of Proceedings before the Honorable Dennis Montali, United States Bankruptcy Judge, in Case 19-30088, on May 6, 2020, at 1:30 p.m.

22. Attached hereto as <u>Exhibit R</u> is a true and correct copy of the Decision Approving Proposed Settlement Agreement with Modifications released on the California Public Utilities Commission website in Investigation 19-06-015 on or about May 7, 2020.

23. Attached hereto as <u>Exhibit S</u> is a true and correct copy of a Press Release issued by the California Public Utilities Commission, dated May 7, 2020, entitled "CPUC Penalized PG&E $2 billion for 2017 and 2018 Wildfires."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24. Attached hereto as Exhibit T is a true and correct copy of the Fire Victim Trust Agreement and its Exhibits, which was filed with this Court on May 1, 2020, as Exhibit D to the Debtors' Plan Supplement as pages 1856 – 1932 thereto.

25. Attached hereto as Exhibit U is a true and correct copy of the Subrogation Claims Review Protocol, which is Exhibit D to the Subrogation Wildfire Trust Agreement, which was filed with this Court on May 1, 2020, as Exhibit C to the Debtors' Plan Supplement, as pages 1842-1853 thereto.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 15th day of May, 2020, in Los Angeles, California.

Dated: Los Angeles, California
May 15, 2020

    */s/ David J. Richardson*
    David J. Richardson