# EXHIBIT I

# Exhibit E

## Schedule of Assigned Rights and Causes of Action

# SCHEDULE OF ASSIGNED RIGHTS AND CAUSES OF ACTION[1]

The Assigned Rights and Causes of Action assigned to the Fire Victim Trust, subject to any future amendments to this document, include:

(1) any and all rights, claims, causes of action, and defenses related thereto that arose prior to the Petition Date relating to the cause of any of the Fires that the Debtors may have against vendors, suppliers, third party contractors and consultants who performed services before the allegedly relevant fire and where such claims relate to an alleged failure of the vendor, supplier, third party contractor or consultant to provide the contracted services in the manner required by the applicable contract ("Persons"); including but not limited to the claims listed below. For the avoidance of doubt, the below list is not intended to, nor shall it be deemed to, expand the scope of this paragraph (1), and the Debtors make no representations as to the validity or existence of the rights, claims, causes of action, and defenses described herein: The Fire Victim Trust shall not be entitled to recover any amount for any of the Assigned Rights and Causes of Actions that exceeds the amount of insurance coverage available to each Person in connection with each such claim.

  (a) Persons that provided services, to either of the Debtors in connection with pre-inspection, inspection, review and/or examination of potential hazard trees near electrical transmission or distribution lines to the extent those services related to the cause of any of the Fires;

  (b) Persons that provided services to either of the Debtors in connection with tree trimming, and/or the maintenance, pruning, or removal of trees near electrical transmission or distribution lines to the extent those services related to the cause of any of the Fires;

  (c) Persons that provided services to either of the Debtors in connection with quality control, including the ability of pre-inspection and tree trimming contractors to correctly identify and maintain potential or incipient hazard trees to the extent those services related to the cause of any of the Fires;

  (d) Persons that provided services to either of the Debtors in connection with quality assurance, including the overall ability of the vegetation management program to reduce the risk to the electrical system to the extent those services related to the cause of any of the Fires;

  (e) Persons that provided services to either of the Debtors in connection with pole maintenance, including the removal and maintenance of vegetation and other potential hazards from or near utility poles to the extent those services related to the cause of any of the Fires;

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Docket No. 6320] (the "**Plan**").

(f) Persons that provided services to either of the Debtors in connection with LiDAR, and/or in developing LiDAR technology and services for vegetation management purposes to the extent those services related to the cause of any of the Fires;

(g) Persons that provided services, to either of the Debtors in connection with forestry, logging, arborist services, or duties involving inventorying, maintaining, trimming, or removing trees near electrical transmission or distribution lines to the extent those services related to the cause of any of the Fires;

(h) Persons that provided services to either of the Debtors in connection with utility tree service to the extent those services related to the cause of any of the Fires;

(i) Persons that provided services to either of the Debtors in connection with vegetation management programs, and/or guidance on vegetation management protocol, practice, or procedures to the extent those services related to the cause any of the Fires;

(j) Persons that provided services to either of the Debtors in connection with distribution or transmission cost reduction measures to the extent those services related to the cause of any of the Fires;

(k) Persons that provided services to either of the Debtors in connection with personnel training to the extent those services related to the cause of any of the Fires;

(l) Persons that provided services to either of the Debtors in connection with compliance with laws, rules, or regulations governing distribution or transmission operations to the extent those services related to the cause of any of the Fires;

(m) Persons that provided services to either of the Debtors in connection with the hiring, supervision, or management of other third parties who provided services, directly or indirectly, to either of the Debtors to the extent those services related to the cause of any of the Fires;

(n) Persons that provided services to either of the Debtors in connection with wildfire preparedness, prevention, response, or mitigation to the extent those services related to the cause of any of the Fires;

(o) Persons that provided services to either of the Debtors in connection with any testing, investigation, analysis, evaluation, or examination of distribution or transmission line towers or components to the extent those services related to the cause of any of the Fires;

(p) Persons that provided services to either of the Debtors in connection with asset management, maintenance, inspection, repair, or replacement on the Caribou-Palermo 115kv Transmission Line to the extent those services related to the cause of the Camp Fire;

2

Case: 19-30088    Doc# 7037    Filed: 05/01/20    Entered: 05/01/20 06:15:57    Page 1935 of 2063
Case: 19-30088    Doc# 7322-9    Filed: 05/15/20    Entered: 05/15/20 15:58:31    Page 4 of 6

(q) Persons that provided any other services to either of the Debtors that related to the maintenance practices on, or operation of, the Caribou-Palermo 115kv Transmission Line to the extent those services related to any of the cause of the Camp Fire;

(r) Persons that delivered, underwrote, sold, or issued insurance policies to any person or entity subject to subparts (1)(a)-(u) in which either of the Debtors is identified as an additional insured; and

(s) Persons that provided services to the Debtors that were related to the cause of any of the Fires and that, as a result of or in connection with Fire-related damages, did not provide the Debtors with reasonably equivalent value for the fees paid, pursuant to 11 U.S.C. §§ 544, 548, and/or 550.

(2) any and all rights, claims, causes of action, and defenses related thereto, relating directly or indirectly to any of the Fires that the Debtors may have against any former directors and officers of the Debtors, solely to the extent of any directors and officers' Side B Insurance Coverage,[2] including but not limited to the following pending actions:

(a) *In re California North Bay Fire Derivative Litigation*, Case No. CGC-17-562591, consolidated litigation pending in the Superior Court of the State of California, County of San Francisco. This consolidated litigation includes, but is not limited to, the following pending actions:

Consolidated Actions:

  i. *Lentine, derivatively on behalf of PG&E Corporation, v. Williams, et al*, Case No. CGC-17-562553; and

  ii. *Firemen's Retirement Systems of St. Louis, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Williams, et al.*, Case No. CGC-17-562591.

(b) *Blackburn, derivatively on behalf of PG&E Corporation, v. Meserve, et al.*, Case No. 3:19-cv-00501, pending in the United States District Court for the Northern District of California.

(c) *Bowlinger, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-18-572326, pending in the Superior Court of the State of California, County of San Francisco.

---

[2] "Side B Insurance Coverage" means all director and officer insurance proceeds paid by any insurance carrier to reimburse the Debtors for amounts paid pursuant to their indemnification obligations to their former directors and officers in connection with the Assigned Rights and Causes of Action identified herein.

3

(d) *Hagberg, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-19-573190, pending in the Superior Court of the State of California, County of San Francisco.

(e) *Oklahoma Firefighters Pension and Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. 3:18-cv-04698, pending in the United States District Court for the Northern District of California.

(f) *Williams, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Earley, et al.,* Case No. 3:18-cv-07128, pending in the United States District Court for the Northern District of California.

(3) all rights, other than the rights of the Debtors to be reimbursed under the 2015 Insurance Policies for claims submitted prior to the Petition Date, under the Debtors' 2015 Insurance Policies to resolve any claims related to Fires in those policy years; and

(4) any other rights, claims, causes of action, and defenses, as mutually agreed upon by the Plan Proponents and to be identified in any amended Schedule of Assigned Rights and Causes of Action.

The Tort Claimants Committee is presently conducting discovery to identify individuals and entities who may fall within the above-listed categories, as possible defendants in litigation to be pursued by the Fire Victim Trust for the benefit of holders of Fire Victim Claims. The Plan Proponents and the Tort Claimants Committee reserve their rights to further amend or supplement this Schedule of Assigned Rights and Causes of Action prior to Plan confirmation.

4
Case: 19-30088   Doc# 7037   Filed: 05/01/20   Entered: 05/01/20 06:15:57   Page 1937 of 2063
Case: 19-30088   Doc# 7322-9   Filed: 05/15/20   Entered: 05/15/20 15:58:31   Page 6 of 6