# **EXHIBIT N**

Signed and Filed: November 11, 2019

_____
DENNIS MONTALI
U.S. Bankruptcy Judge

| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>1160 Battery Street, Suite 100<br>San Francisco, CA 94111<br>Telephone: 628.208.6434<br>Facsimile: 310.820.8859<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com | WEIL, GOTSHAL & MANGES (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 |
| Eric E. Sagerman (SBN 155496)<br>David J. Richardson (SBN 168592)<br>Lauren T. Attard (SBN 320898)<br>BAKER & HOSTETLER LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone: 310.820.8800<br>Facsimile: 310.820.8859<br>Email: esagerman@bakerlaw.com<br>Email: drichardson@bakerlaw.com<br>Email: lattard@bakerlaw.com | CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (pro hac vice)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (pro hac vice)<br>(korsini@cravath.com)<br>Omid H. Nasab (pro hac vice)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700 |
| *Counsel to the Official Committee of Tort Claimants* | *Attorneys for Debtors and Debtors in Possession* |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case)<br>(Jointly Administered)<br><br>**ORDER EXTENDING BAR DATE FOR FIRE CLAIMANTS AND APPOINTING CLAIMS REPRESENTATIVE**<br><br>Re: Docket No. 4292<br><br>No Hearing Requested |

The Court having considered the *Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and Retain Claims Representative,* dated November 8, 2019 (the "**Stipulation**[1]"), and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is hereby approved.

2. The Original Bar Date will be extended solely for the benefit of Unfiled Fire Claimants[2] to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Extended Bar Date**").

3. The Court appoints Michael G. Kasolas to serve as a special claims representative for the benefit of Unfiled Fire Claimants (the "**Claims Representative**") *nunc pro tunc* to November 1, 2019. The Claims Representative shall be given broad discretion to conduct his tasks for the benefit of Unfiled Fire Claimants and shall be tasked with (the "**Tasks**"):

   (i) identifying and locating Unfiled Fire Claimants and implementing procedures to provide notice of the Extended Bar Date to Unfiled Fire Claimants;

   (ii) establishing and implementing procedures to inform and educate Unfiled Fire Claimants about their rights to file Fire Claims by the Extended Bar Date, and implementing reasonable methods to reach Unfiled Fire Claimants to inform them of the Extended Bar Date and how to file Fire Claimants Proof of Claim Forms on account of any Fire Claims;

   (iii) assisting Unfiled Fire Claimants with the process of filing Fire Claimants' Proof of Claim Forms in these cases, including coordinating with Prime Clerk LLP ("**Prime Clerk**") who will be independently setting up locations within the fire zone areas where Prime Clerk representatives shall receive Proof of Claim Forms; and

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Stipulation.

[2] For purposes of this Order, "**Unfiled Fire Claimants**" means any non-governmental Fire Claimants who have not filed Proofs of Claim by the October 21, 2019 Original Bar Date.

1

(iv) periodically reporting to both this Court and to Judge Donato on progress and results.

4. The Claims Representative will have the authority to engage staff, personnel, vendors (including but not limited to media/advertising, project management services, technology solutions, public relations, and other consultants), and counsel (collectively the "**Team**") to assist in the implementation of the Tasks.

5. The reasonable and documented fees and expenses of the Claims Representative and any of his Team shall be allowed administrative expenses of the Debtors' estates and paid by the Debtors in the ordinary course of business, without further application to or order of the Court, upon receipt of invoice. If any dispute arises relating to any invoice, the parties shall meet and confer in an attempt to resolve the dispute and, if resolution is not achieved, the matter shall be resolved by the Court. The Claims Representative shall not be personally responsible or liable for the fees and expenses of his Team, and may apply to the Court for approval of advance fees or costs if deemed necessary in order to successfully complete the Tasks. The Claims Representative and his Team will not act as an agent or representative of the Debtors and, accordingly, the Debtors shall have no responsibility or liability for, and no obligations to indemnify or hold harmless the Claims Representative or his Team for any acts or omissions whatsoever. In addition, the Claims Representative and his Team will not owe any duty to any Unfiled Fire Claimants (whether known or unknown) that are unable to be located or who do not file a claim, nor shall the Claims Representative and his Team have any duty to represent Unfiled Fire Claimants who file Proofs of Claim or to defend their claims once filed. In order to avoid duplication of efforts, the Claims Representative and his Team may capitalize and build upon the work conducted in the Wildfire Assistance Program and the Notice Procedures, including the Supplemental Notice Plan. The Claims Representative and his Team, acting within the course and scope of their agency and representation, are entitled to rely on all outstanding rules of law and Orders of this Court, and the U.S. District Court for the Northern District of California, and shall not be liable to anyone for their good faith compliance with any Order, rule, law, judgment or decree. In no event shall the Claims Representative or his Team be liable to anyone for their good faith compliance with their respective

2

Case: 19-30088    Doc# 4672    Filed: 11/11/19    Entered: 11/12/19 07:47:34    Page 3 of 5
Case: 19-30088    Doc# 7322-14    Filed: 05/15/20    Entered: 05/15/20 15:58:31    Page 4 of 6

1  duties and responsibilities as the Claims Representative or Team, nor shall the Claims Representative
2  or Team be liable to anyone for any actions taken or omitted by them, in each case, except upon a
3  finding of this Court that they acted or failed to act as a result of malfeasance, bad faith, intentional
4  misconduct, or reckless disregard of their respective duties.

5        6.    The Claims Representative and his Team will consult with the TCC, Debtors, and
6  Prime Clerk to maximize the effectiveness of the Extended Bar Date while avoiding undue
7  duplication of efforts and to minimize costs. Prime Clerk will cooperate with the Claims
8  Representative, including by responding to reasonable claims-related information requests.

9        7.    Notwithstanding anything herein to the contrary, Fire Claimant Proof of Claim
10 Forms must be submitted in accordance with the procedures and in the manner set forth in the Bar
11 Date Order; *except that* (i) Unfiled Fire Claimants shall have until the Extended Bar Date to submit
12 their claims in accordance with the procedures set forth in the Bar Date Order; (ii) Prime Clerk may
13 receive Proof of Claim Forms from Unfiled Fire Claimants at the locations established within the
14 fire zones pursuant to Paragraph 3(iii) above; and (iii) the Claims Representative may, at his
15 discretion, utilize the claims filing system implemented between Prime Clerk and BrownGreer for
16 storage and uploading of completed Proof of Claim Forms under Paragraph 3 of the Order re: the
17 Production of the BrownGreer Database [Dkt. 3922].[3]

18       8.    The Claims Representative shall be permitted to seek to obtain information
19 necessary from any of the various parties including the TCC, the Debtors, and the Ad Hoc
20 Subrogation Group. The Claims Representative will be deemed a "Receiving Party" entitled to
21 receive and review materials designated in discovery in these cases as Highly Confidential or
22 Professional Eyes Only, pursuant to Section 7.3 of the Confidentiality and Protective Order dated
23 August 8, 2019 [Dkt. 3405], as well as to receive and review any materials designated with less-
24 protected designations, such as "Confidential" or "Contractor Confidential," solely for the purpose
25 of contacting or providing notice to Unfiled Fire Claimants for the purposes of this Stipulation.

---

[3] The Claims Representative's access to filed claim data is limited to helping to identify Unfiled Fire Claimants by running comparisons with other data sources. The Claims Representative's appointment is limited to Unfiled Fire Claimants and nothing in this Order shall be construed to expand the Claims Representative's responsibilities to Filed Claimants or those claimants represented by counsel.

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 The Claims Representative will also be subject to all other terms of the Confidentiality and
2 Protective Order pertaining to the protection and disposition of Protected Materials. Parties in these
3 cases who are in possession of Protected Materials containing information about Unfiled Fire
4 Claimants that may assist the Claims Representative in his duties may produce such Protected
5 Materials to the Claims Representative under the terms of the Confidentiality and Protective Order.

6       9.     The Claims Representative's appointment will terminate at 5:00 p.m. Pacific
7 Standard Time on January 20, 2020, to enable the Claim Representative to file a report with the
8 Court, and the Claims Representative will be released from its duties and obligations described in
9 this Stipulation other than with respect to maintaining confidentiality as set forth in Paragraphs 7
10 and 8 hereof. Promptly following the termination of the Claim Representative's appointment, the
11 Claims Representative shall, and shall cause all of his Team to, return all confidential materials
12 received pursuant to Paragraph 8 above to the producing party.

13       10.    The Parties understand and agree that nothing herein nor the existence, or act of
14 entering into, this Stipulation shall constitute or be construed as an admission or evidence of any
15 fault, improper action, inadequacy, insufficiency, or any other legal inference or otherwise with
16 respect to the Notice Procedures, the Supplemental Notice Plan, or the Debtors' efforts generally
17 to provide notice of the Bar Date and related procedures to known and unknown claimants,
18 including Known and Unknown Fire Claimants, as approved by the Court pursuant to, and in
19 accordance with, the Bar Date Order.

20       11.    Upon execution of this Stipulation, the hearing on the Bar Date Extension Motion
21 shall automatically be deemed adjourned (with the Debtors' deadline to file any response or
22 objection to the Bar Date Extension Motion extended) pending approval of this Stipulation by the
23 Court.

24       12.    Promptly following entry of this Order, the Bar Date Extension Motion shall be
25 withdrawn.

26       13.    The Bankruptcy Court retains jurisdiction to resolve any disputes or controversies
27 arising from the Stipulation.

28                                           \*\*END OF ORDER\*\*

4

Case: 19-30088    Doc# 4672    Filed: 11/11/19    Entered: 11/12/19 07:47:34    Page 5 of 5
Case: 19-30088    Doc# 7322-14    Filed: 05/15/20    Entered: 05/15/20 15:58:31    Page 6 of 6