**EXHIBIT U**

# EXHIBIT D TO THE SUBROGATION WILDFIRE TRUST AGREEMENT

**Subrogation Claims Review Protocol**

**Exhibit D to the Subrogation Claims Declaration of Trust ("Trust Agreement")**
**Subrogation Claim Review Protocol**

A. **Submission of Required Data**

- In order to submit a distribution request for payment from the Subrogation Trust,[1] each Subrogation Trust Beneficiary shall submit its Subrogation Claims data in accordance with the Distribution Request Form attached to the Trust Agreement as Exhibit C ("**Distribution Request**").[2]
- A separate Distribution Request must be submitted for each insurer or each carrier group as applicable.[3]
- Each Subrogation Trust Beneficiary's Distribution Request shall provide the following data in the appropriate columns (as applicable) for each claim:

   1. Tracker number
   2. Insurance Company
   3. Insurance Claim Number
   4. Insurance Policy Number
   5. Date of Loss
   6. Line of Business (Auto, Commercial, Homeowners)
   7. Responsible Fire
   8. File Status (Open/Closed)
   9. Cause of Loss (Fire/Smoke/Evacuation)[4]
   10. Insured Last & First Name
   11. Loss Location Address
   12. Loss Location City
   13. Loss Location State
   14. Loss Location Zip Code
   15. Building/Appurtenant Structure/Debris Removal[5] Indemnity Payment
   16. Contents/ Business Personal Property/Debris Removal Indemnity Payment
   17. Additional Living Expense/Business Interruption/Loss of Use/Rent Indemnity Payment
   18. Auto/Rental/Loss of Use/Tow/Storage Indemnity Payment
   19. Other Indemnity Payment[6]
   20. Other Indemnity Payment Description

---

[1] Capitalized terms not otherwise defined shall have the meaning provided to them in the Trust Agreement.
[2] Any submitted Distribution Request will require the signature of an authorized agent of the Subrogation Trust Beneficiary.
[3] For the avoidance of doubt, any Subrogation Trust Beneficiary that has purchased interests in Subrogation Claims from multiple Assignor Insurers shall not be considered a single insurer or carrier group.
[4] Any Subrogation Trust Beneficiary submitting a Subrogation Claim for payment from the Subrogation Trust must take additional steps to check any causes of loss that are not clearly fire-related and to include in the column labeled "Additional Notes or Information by Submitting Party" how and why such Subrogation Claim falls under a covered wildfire and meets the definition of a "Paid Claim" according to the Allocation Agreement.
[5] Debris removal indemnity can be found in either building or contents coverage categories. Berger Kahn will work with individual Subrogation Trust Beneficiaries to reconcile any questions Berger Kahn has with respect to the categorization of indemnity payments submitted.
[6] Any amounts listed in the "Other Indemnity Payment" column will require an explanation in the "Other Indemnity Payment Description" column as to what the "other" coverage is and the basis for that payment.

21. Salvage Recovered and Other Credits
22. Voluntarily Refunded Deductibles
23. Total Paid Claim Submitted/Indemnity Paid
24. Unpaid Case Reserves (using statutory accounting)
25. Additional Notes or Information by Submitting Party

- Categories 21 (Salvage Recovered and Other Credits) and 22 (Voluntarily Refunded Deductibles) can be reported on an aggregate basis and need not be broken down by associated coverage types. If Salvage Recovered and Voluntarily Refunded Deductibles are reported on an aggregate basis, then the figures provided in the coverage breakdown categories (Categories 15-19) may reflect amounts for Salvage Recovered and Voluntarily Refunded Deductibles but is required to be noted.
- The insurer or carrier group shall not include or otherwise report unallocated "bulk" reserves and provision for claims incurred but not reported (commonly referred to as pure IBNR) in its Distribution Request(s) and the Subrogation Trust will not hold back for such amounts. For the avoidance of doubt, any Subrogation Claims that are accounted for as IBNR or bulk reserves and thereafter mature into a Paid Claim may be submitted to the Subrogation Trust for payment in subsequent Distribution Requests.
- For the avoidance of doubt, Unpaid Case Reserves for known/reported Subrogation Claims in the latest Distribution Requests for each insurer or carrier group will be used for the purposes of determining Reserved Claims in the Allocation Agreement. Amounts reported for Unpaid Case Reserves will 1) be consistent with statutory accounting reporting, 2) exclude any reserves in relation to IBNR, and 3) exclude any unallocated "bulk" reserves.
- Initial Reviews, Level One Reviews, and Level Two Reviews (each as defined and described below) may all be completed in advance of the Effective Date for any Subrogation Trust Beneficiary that voluntarily elects to submit their Subrogation Claims for Initial Review by uploading its Distribution Request via file transfer protocol ("**FTP**") to Berger Kahn on or after April 1, 2020 and prior to May 15, 2020. In such case, the Distribution Request shall be submitted to the Trustee and the Trustee shall notify the Subrogation Trust Beneficiary of the Results of the Initial Review, and if applicable, the Level One Review and Level Two Review by promptly delivering a report to the such Subrogation Trust Beneficiary following the Trustee's receipt of the report.

B. **Initial Review of Spreadsheet Data Performed by Berger Kahn**

- Initial Distribution Requests shall be uploaded via FTP to Berger Kahn.
- Upon submission of the Distribution Request, Berger Kahn shall review all the data provided and notify the Subrogation Trust Beneficiary as quickly as practicable of any identified issues with the reported data ("**Initial Review**").
- The purpose of the Initial Review is to identify any problems on the face of the reported data, such as whether the Subrogation Claims submitted are associated with the correct Wildfire, Affected Zone and Date of Loss Range, including administrative mistakes (*i.e.* data entry typos/errors) and irregular, unexplained, or extraordinary development of Paid Claims over time on previously Reserved Claims.[7]

---

[7] For the avoidance of doubt, the omission of a response to various data fields in the Distribution Request will not be a *per se* reason for invalidating a Subrogation Claim.

2

Case: 19-30088   Doc# 7037   Filed: 05/01/20   Entered: 05/01/20 06:15:57   Page 1844 of 2063
Case: 19-30088   Doc# 7322-21   Filed: 05/15/20   Entered: 05/15/20 15:58:31   Page 4 of 13

- The Initial Review shall also identify and flag any claims that do not fit the Plan's definition of Subrogation Wildfire Claim, *i.e.* claims that do not arise in connection with payments made or to be made by the applicable insurer to insured tort victims, such as claims of any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code, or any claim asserting direct personal injury, regardless of whether the claimant is an insured and has received or will receive a recovery from their insurer. Such claims shall be referred to the Trustee and Trust Advisory Board who will determine collectively how to contest such claims.
- The Trustee shall notify the Subrogation Trust Beneficiary of the results of the Initial Review by promptly delivering a report to such Subrogation Trust Beneficiary following the Initial Review.
- If any inaccuracies are identified, the Subrogation Trust Beneficiary shall have an opportunity to revise its Distribution Request before submitting to the Trustee.
- Once the revised Distribution Request is submitted to the Trustee, Berger Kahn shall advise the Trustee of any problematic Subrogation Claims identified in the Initial Review that have not been omitted or corrected ("**Flagged Initial Review Claims**"), and the revised Distribution Request shall move to a Level One Review detailed in Section C below.
- Following the Initial Review, and before the Distribution Request completes subsequent levels of review, the Trustee shall be authorized to distribute 75% of the distribution the Subrogation Trust Beneficiary would be entitled to under the Allocation Agreement on account of Subrogation Claims included in a Distribution Request that pass the Initial Review and are not Flagged Initial Review Claims (the "**Advance Distribution**"). The Trustee shall act as quickly as practicable to distribute the Advance Distribution, unless the Trustee determines that good cause exists to withhold all or any portion thereof. The Advance Distribution shall be made on the date of the Initial Distribution (as soon as reasonably practicable after the Effective Date) to any Subrogation Trust Beneficiary that voluntarily elects to submit its Subrogation Claims for Initial Review by uploading its Distribution Request via FTP to Berger Kahn prior to [May 15], 2020.
- The Trustee shall oversee the Initial Review process, including by working to resolve any disagreement between the Subrogation Trust Beneficiary and Berger Kahn regarding designation of a Flagged Initial Review Claim. To the extent necessary, the Trustee is authorized to retain additional professionals to review and provide recommendations regarding Berger Kahn's performance and work product.

C. **Level One Claims Files Review by SRC (30 days) -- ("Level One Review")**

*I. Level One Claims Selection and Review*

- The Level One Review shall be performed by the members of the subrogation review committee ("**Subrogation Review Committee**" or "**SRC**").
- The purpose of the Level One Review is to identify systemic issues resulting in payments that do not fall within the definition of "Paid Claims"[8] as defined by the Allocation Agreement.

---

[8] "Paid Claims," as such term is used herein, means payments and legally recoverable expenses made to or on behalf of insureds in connection with the Wildfires and the insuring agreement between a Claimholder or Assignor Insurer and its insured, but not including payments of any personal injury or death claims, non-recoverable expenses (including deductibles voluntarily refunded), damages unrelated to the Wildfires and/or arising from the insurer's negligence or bad faith. For the avoidance of doubt, Paid Claims shall also include payments and

3

- The Level One Review shall include a review of 15 Subrogation Claims files[9] selected by the reviewing member of the SRC from the Distribution Request consisting of:
    - 5 claims files with indemnity payments equal to or exceeding $100,000 (or all such claims, if any, if the Distribution Request contains fewer than five such claims);
    - 2 auto claims files (or all such claims, if any, if the Distribution Request contains less than 2 such claims); and
    - 8-15 claims files of any type or size (depending on applicability of the two above categories).
- In addition to the 15 Subrogation Claims files described above, the Level One Review shall also include a review of (i) any Subrogation Claims files with indemnity payments exceeding $15,000,000 and (ii) any Flagged Initial Review Claims in the revised Distribution Request submitted to the Trustee.
- The Trustee shall notify the Subrogation Trust Beneficiary which Subrogation Claims have been selected for review, and the Subrogation Trust Beneficiary shall promptly collect the applicable files and deliver them to the Trust for Level One Review.
- Each Subrogation Trust Beneficiary's Level One Review shall be conducted by one of the following six law firms on the SRC, each of which shall commence Level One Reviews prior to the Effective Date and be retained by the Trustee following the Effective Date: (i) Berger Kahn, ALC, (ii) Grotefeld Hoffman, (iii) Cozen O'Connor P.C., (iv) Baumann Loewe Witt & Maxwell, PLLC, (v) Law Offices of Shawn Caine, A.P.C., and (vi) Schroeder Loscotoff Stevens LLP.[10]
    - For purposes of a Level One Review, no claim file will be reviewed by any member of the SRC who also represents the Subrogation Trust Beneficiary with respect to any Subrogation Claims.
    - To the extent each of the six above law firms represents the Subrogation Trust Beneficiary with respect to Subrogation Claims, then the Trustee may select one of the six firms or retain one or more additional law firms, as contemplated in Footnote 11, to conduct the Level One Review.
- The SRC will complete the Level One Review within 30 days of receipt of the claim files being delivered to the SRC member conducting the review.

*II. Satisfying Level One Review*

- To pass the Level One Review, the Subrogation Claims files reviewed must support the aggregate Paid Claims of the selected Subrogation Claims with an accuracy of 99% or higher,[11]

---

recoverable expenses made by a Claimholder to or for the benefit of insureds in connection with Wildfires required by California law as a result of an insurer's insolvency.

[9] To the extent a Subrogation Trust Beneficiary submits a Distribution Request of less than 25 Subrogation Claims, the Level One Review shall consist of 60% of all Subrogation Claims associated with such Distribution Request, and the Level Two Review shall review the remainder.

[10] The SRC law firms shall perform the Subrogation Claims files reviews contemplated hereunder at no charge to the Subrogation Trust; provided however, for each Subrogation Claims file reviewed by an SRC law firm in excess of 875 files, the SRC law firm shall be compensated from the Subrogation Trust in the amount of $200 per file reviewed. The Trustee may but is not required to retain additional law firms with experience in large property subrogation work to serve on the SRC and review Subrogation Claims files pursuant to this protocol, including the following firms: (i) Jang & Associates, LLP, (ii) Stutman Law, (iii) Butler, Weihmuller Katz Craig LLP, and (iv) such other firm(s) as may be identified by the Trustee in consultation with the Trust Advisory Board.

[11] The aggregate amount of all Paid Claims selected for review as reflected on a Distribution Request must be less than 101% of the aggregate Paid Claim amount as determined based on the review of the selected individual

4

Case: 19-30088    Doc# 7037    Filed: 05/01/20    Entered: 05/01/20 06:15:57    Page 1846 of 2063
Case: 19-30088    Doc# 7322-21    Filed: 05/15/20    Entered: 05/15/20 15:58:31    Page 6 of 13

and, after removal of any claims with Isolated Errors (defined below), none of the Subrogation Claims files reviewed may exhibit any of the potentially systemic issues identified below.
- The task of the SRC will be to specifically confirm that the following payments are not improperly submitted as a Paid Claim.

1. **Non-Wildfire Claims** – Claims made for insured losses that were not incurred as a result of one of the Wildfires enumerated on Exhibit A of the Trust Agreement and specified geographically on Exhibit E of the Trust Agreement.[12]

2. **Loss Adjustment Expenses ("LAE")** – Expenses incurred to adjust the claim. These are business expenses paid by the insurer that are related to the cost of doing business and adjusting the claim and not payments made to or on behalf of an insured as part of the indemnity owed by the insurer.

3. **Voluntary Deductible Refunds** – Partial or full refunds of deductibles to insureds which are improperly categorized as indemnity payments. A refunded deductible is properly characterized as an indemnity payment (and therefore recoverable) if: (a) it is refunded (or "absorbed") because the loss exceeded applicable policy limits; or (b) it is refunded pursuant to a policy provision or endorsement.

4. **Extra-Contractual Payments** – Payments by any carrier made outside of its contractual obligations under the insurance policy to resolve allegations of negligence or bad faith on the part of the insurer. These are payments that are not associated with any of the coverages owed under the underlying insurance policy, but are explicitly payments to resolve allegations regarding the actions of the insurer.[13] "Extra-contractual" must be interpreted narrowly to cover exceptional payments to resolve bad faith claims, and specifically does not include ordinary course indemnity payment adjustments.

5. **Net Salvage Proceeds** – Salvage proceeds received by an insurer that were not appropriately accounted for by a reduction of the paid indemnity being claimed in the Distribution Request.

6. **Voluntary Payments Not Recoverable in Subrogation** – These are any other voluntary payments[14] to an insured or non-insured that do not present a colorable argument of coverage.[15]

---

Subrogation Claim files. When reviewing the Paid Claim amount based on individual Subrogation Claim files reviewed, the SRC and Third-Party Reviewer (defined below) are instructed to perform their review in a commercially reasonable manner.

[12] These geographic areas were developed by the use of qualified fire behavior and spread consultants and approved by the Subrogation Ad Hoc Steering Committee.

[13] The existence of payments related to a settlement or litigation involving allegations of negligence or bad faith will not be deemed, ipso facto, to be extracontractual or voluntary unless the payments are not tethered to any of the coverages owed under the policy and, rather, additional payments for the sole purpose of satisfying a claim of negligence and/or bad faith on the part of the insurer.

[14] *See* footnote 13.

[15] It is not the intent of the reviewers to determine if a Subrogation Claim was overpaid or could have been reduced pursuant to the terms or interpretation of the policy, but rather generally subject to equitable subrogation.

5

7. **Confirmation of Paid Claims Submitted/Indemnity Paid** — Confirm that Total Paid Claims Submitted/Indemnity Paid provided in the Distribution Request reconciles with the payments reported in the reviewed Subrogation Claims files.

8. **Confirmation of Fire Classification** — Confirm that the "Responsible Fire" provided in the Distribution Request reconciles with the loss address in the claim file.

- For the avoidance of doubt, the SRC is not tasked with (i) confirming or assessing whether the correct amount of indemnity payments were made under the terms of an applicable insurance policy, or (ii) assessing the extent to which the Debtors could assert legal defenses against such Subrogation Claims (*e.g.* defenses under the anti-subrogation rule doctrine).
- When the reviewer identifies any of the potentially systemic errors enumerated above, the reviewer shall notify the applicable Subrogation Trust Beneficiary of the issue identified and the applicable Subrogation Trust Beneficiary shall have a reasonable time to respond and explain why the identified error does not indicate a systemic issue with its Distribution Request. If the reviewer determines, in the reviewer's discretion, that the issue identified does not a indicate a systemic issue with the Distribution Request, the reviewer shall recommend to the Trustee that such Subrogation Claim be deemed an "**Isolated Error**." Isolated Errors may include (but are not limited to):
    - (a) administrative mistakes (*i.e.* data entry typos/errors), including with respect to the Responsible Fire and amount of the Paid Claim submitted;
    - (b) insured losses arising from an electrical fire, toaster fire, auto accident, personal injury, or wind damage unrelated to the applicable Wildfire[16]; and
    - (c) the inclusion of LAE, voluntary deductible refunds, salvage proceeds, extra-contractual payments and/or payments not recoverable in subrogation, in an isolated claim when the Subrogation Trust Beneficiary can explain (to the reviewer's and Trustee's satisfaction) why such inclusion was an isolated issue and does not indicate a systemic issue.
- The Trustee may (but is not required to) consult with the Trust Advisory Board in reviewing the referred Subrogation Claim to determine whether it constitutes an Isolated Error. If the Trustee agrees that the referred Subrogation Claim is an Isolated Error, the Subrogation Trust Beneficiary shall have the option to remove such claim from its Distribution Request or fix the identified Isolated Error. If the referred claim is removed (or if the reviewer determines that review of an additional claim will help confirm the issue identified is not systemic), the reviewer shall select another Subrogation Claim from the Distribution Request, and complete the review as if the removed Subrogation Claim was not part of the initial selection. When selecting another Subrogation Claim from the Distribution Request, the reviewer may impose reasonable parameters on the replacement Subrogation Claim file to be reviewed. This procedure shall be referred to herein as the "**Isolated Error Procedure**," and shall be available in the Level One Review, the 30-Claim Level One Review, the Level Two Review, and the Level Three Review.

*III. Next Steps Following Level One Review*

- The Trustee shall notify the Subrogation Trust Beneficiary of the results of the Level One Review by promptly delivering a report to such Subrogation Trust Beneficiary following the Level One Review.

---

[16] The list of examples is not intended to be exhaustive.

6

- If a Distribution Request passes a Level One Review, the Distribution Request shall move to a Level Two Review detailed in Section D below.
- If a Distribution Request fails to pass the Level One Review, the SRC representative that identified any issues shall notify the Subrogation Trust Beneficiary and explain the reasons for such failure.
- The Subrogation Trust Beneficiary shall have the option to address any such issues, and resubmit the Distribution Request for a second Level One Review; provided, such review shall include: (a) any Subrogation Claims identified by the SRC as problematic in the initial Level One Review, and (b) at least thirty (30) Subrogation Claims files selected by the reviewing member of the SRC independently from the initial Distribution Request (using the same selection criteria noted above multiplied by 2) (a "**30-Claim Level One Review**").[17] The 30-Claim Level One Review Shall be completed within forty-five (45) days of submission.
- Re-submitted Distribution Requests that pass a 30-Claim Level One Review move to a Level Two Review detailed in Section D below.
- Re-submitted Distribution Requests that fail a 30-Claim Level One Review shall move to a Level Three Review detailed in Section E below.
- Before the Distribution Request proceeds to the subsequent review the Subrogation Trust Beneficiary may appeal the SRC's determinations to the Trustee and the Trust Advisory Board, sitting together, which shall have the right to overrule the SRC's determinations by unanimous consent. If the Trustee and the Trust Advisory Board decline to overrule the SRC, the Distribution Request shall proceed to the subsequent review as set forth above.

D. **Level Two Claims Files Review by Third-Party Reviewer (14 Days) – ("Level Two Review")**

*I. Level Two Claims Selection and Review*

- The Level Two Review shall be performed by a third party claims reviewer ("**Third-Party Reviewer**").[18] To facilitate Distributions being made to Subrogation Trust Beneficiaries as soon as reasonably practicable after the Effective Date, the Ad Hoc Subrogation Group (or counsel to the Ad Hoc Subrogation Group) may retain the Third-Party Claims Reviewer in advance of the Effective Date. Following the Effective Date, the same Third-Party Claims Reviewer shall be retained by the Trustee.
- The purpose of the Level Two Review is to identify systemic issues resulting in payments that do not fall within the definition of "Paid Claims" as defined by the Allocation Agreement.
- The Third-Party Reviewer shall select and review the claims files of 10 Subrogation Claims listed in the Distribution Request, each of which shall be independently selected and shall not include those reviewed by the SRC in connection with the Level One Review and/or the 30-Claim Level One Review.[19]

---

[17] To the extent a Subrogation Trust Beneficiary elects a 30-Claim Level One Review and there are fewer than 30 Subrogation Claims remaining in the Distribution Request that were not reviewed during Level One Review, the 30-Claim Level One Review shall consist of 60% of all un-reviewed Subrogation Claims associated with such Distribution Request, and the Level Two Review shall review the remainder.

[18] The Trustee and Trust Advisory Board shall have the authority to monitor the performance and internal procedures of the Third-Party Reviewer including ensuring that the Subrogation Claims file reviews are efficient, completed in a timely fashion and limited to the parameters set forth in Section C.II hereof.

[19] To the extent the applicable Distribution Request contains fewer than 10 un-reviewed Subrogation Claims, the Level Two Review shall review each Subrogation Claim not previously reviewed.

7

- The Trustee shall notify the Subrogation Trust Beneficiary which Subrogation Claims have been selected for review, and the Subrogation Trust Beneficiary shall promptly collect the applicable files and deliver them to the Subrogation Trust for Level Two Review.
- The Third Party Reviewer will complete the Level Two Review within 14 days of receipt of the claim files being delivered to the Subrogation Trust.
- To pass the Level Two Review, the Subrogation Claims files reviewed must support the aggregate Paid Claims of the selected Subrogation Claims with an accuracy of 99% or higher, and none of the Subrogation Claims files reviewed may exhibit any of the systemic issues identified in Section C.II above.
- The Third-Party Reviewer will use the same criteria as the SRC pursuant to Section C.II to confirm that the payments are properly submitted as a Paid Claim, including the Isolated Error Procedure.

*II. Next Steps Following Level Two Review*

- The Trustee shall notify the Subrogation Trust Beneficiary of the results of the Level Two Review by promptly delivering a report to such Subrogation Trust Beneficiary following the Level Two Review.
- If a Distribution Request passes the Level Two Review, the submission will be referred to the Trustee for payment pursuant to the Allocation Agreement of the remaining amount not already paid pursuant to Section B.
- If a Distribution Request fails the Level Two Review, the Trustee shall notify the Subrogation Trust Beneficiary and explain the reasons for such failure.
    - Distribution Requests failing the Level Two Review that never failed any other review shall have the option to address any identified issues, and resubmit the Distribution Request for a 30-Claim Level One Review.
    - Distribution Requests failing the Level Two Review that previously failed any other review, shall move to a Level Three Review detailed in Section E below.
    - Before the Distribution Request proceeds to the subsequent review the Subrogation Trust Beneficiary may appeal the Third-Party Claims Reviewer's determinations to the Trustee and the Trust Advisory Board, sitting together, which shall have the right to overrule the Third-Party Claims Reviewer's determinations by unanimous consent. If the Trustee and the Trust Advisory Board decline to overrule the Third Party Claims Reviewer, the Distribution Request shall proceed to the subsequent review as set forth above.

E. **Level Three Claims Files Review by Third-Party Reviewer (60 Days) – ("Level Three Review")**

*I. Level Three Claims Selection and Review*

- The Level Three Review shall be performed by the Third-Party Reviewer.
- The purpose of the Level Three Review is to identify systemic issues resulting in payments that do not fall within the definition of "Paid Claims" as defined by the Allocation Agreement.
- The Third-Party Reviewer shall (a) review the claims files for any Subrogation Claims identified by the SRC as problematic and not removed from the Distribution Request, and (b) select and review the claims files of 50 Subrogation Claims listed in the Distribution Request, each of which

8

shall be independently selected from the Distribution Request and shall not include those reviewed in any prior reviews.[20]

- The Trustee shall notify the Subrogation Trust Beneficiary which Subrogation Claims have been selected for review, and the Subrogation Trust Beneficiary shall promptly collect the applicable files and deliver them to the Subrogation Trust for Level Three Review.
- The Third Party Reviewer will complete the Level Three Review within 60 days of receipt of the claim files being delivered to the Subrogation Trust.
- To pass the Level Three Review, the Subrogation Claims files reviewed must support the aggregate Paid Claims of the selected Subrogation Claims with an accuracy of 99% or higher, and none of the Subrogation Claims files reviewed may exhibit any of the systemic issues identified in Section C.II above.
- The Third-Party Reviewer will use the same criteria as the SRC pursuant to Section C.II to confirm that the payments are properly submitted as a Paid Claim, including the Isolated Error Procedure.

*II. Next Steps Following Level Three Review*

- The Trustee shall notify the Subrogation Trust Beneficiary of the results of the Level Three Review by promptly delivering a report to such Subrogation Trust Beneficiary following the Level Three Review.
- If a Distribution Request passes a Level Three Review, the submission will be referred to the Trustee for payment pursuant to the Allocation Agreement of the remaining amount not already paid, pursuant to Section B.
- If a Distribution Request fails a Level Three Review, the Distribution Request shall move to a Level Four Review detailed in Section F below; provided, that if the Trustee believes a Subrogation Trust Beneficiary has reconciled or will reconcile a systemic error in advance of a Level Four Review, then in the Trustee's sole discretion, it may refer the Subrogation Trust Beneficiary to a 30-Claim Level One Review, or delay the start of the Level Four Review.
- Before the Distribution Request proceeds to the Level Four Review the Subrogation Trust Beneficiary may appeal the Third-Party Claims Reviewer's determinations to the Trustee and the Trust Advisory Board, sitting together, which shall have the right to overrule the Third-Party Claims Reviewer's determinations by unanimous consent. If the Trustee and the Trust Advisory Board decline to overrule the Third Party Claims Reviewer, the Distribution Request shall proceed to the Level Four Review.

F. **Level Four Claims Files Review – 100% Review by Third-Party Reviewer (3 Months) ("Level Four Review")**

*I. Level Four Claims Review*

- The Level Four Review shall be performed by the Third-Party Reviewer.
- The purpose of the Level Four Review is to review the claim file of each Subrogation Claim submitted in the Distribution Request to identify (a) payments that do not fall within the definition of "Paid Claims" as defined by the Allocation Agreement, (b) administrative mistakes (*i.e.* data entry typos/errors), and (c) any other Isolated Errors.

---

[20] To the extent the applicable Distribution Request contains fewer than 50 un-reviewed Subrogation Claims, the Level Three Review shall review each Subrogation Claim not previously reviewed.

9

- The Third-Party Reviewer will use the same criteria as the SRC pursuant to Section C.II to confirm that the payments are properly submitted as a Paid Claim.
- The Subrogation Trust shall be authorized to charge any Subrogation Trust Beneficiary whose Subrogation Claims are subject to a Level Four Review [$200 per claim file reviewed].[21] The Subrogation Trust may recoup such costs by reducing Distributions to such Subrogation Trust Beneficiary.
- The Third-Party Reviewer shall have 3 months to review Subrogation Claims subject to the Level Four Review.

*II. Next Steps Following Level Four Review*

- The Third-Party Reviewer shall make a recommendation to the Trustee that sets forth (a) which Subrogation Claims are Verified Paid Claims, and (b) to the extent a Subrogation Claim is deficient, the determination as to the corrected amount of such claim (which may be $0).
- The Trustee shall notify the Subrogation Trust Beneficiary of the results of the Level Four Review by promptly delivering a report to such Subrogation Trust Beneficiary following the Level Four Review ("Level Four Report").
- Upon receipt of the Level Four Report, the Subrogation Trust Beneficiary shall then have the right to dispute any Subrogation Claim determinations in accordance with the Disputed Claim Procedures set forth in Article V of the Trust Agreement.

G.  **Subsequently Submitted Claims/Miscellaneous**

- In advance of each quarterly Distribution, the Trustee shall send a Distribution Notice to the applicable Subrogation Trust Beneficiary detailing the amount such Subrogation Trust Beneficiary will be paid on the subsequent distribution date in accordance with the Allocation Agreement.
- To perform the calculations necessary to make any Distribution in accordance with the Allocation Agreement (including the Initial Distribution), the Trust shall use the Paid Claims and Reserved Claims data most recently submitted to the Trustee prior to the applicable Reporting Deadline, which may be data submitted with the proof of claim form for Subrogation Trust Beneficiaries that have yet to submit a Distribution Request to the Trust.
- If a Subrogation Trust Beneficiary who has submitted a Distribution Request on behalf of an individual insurer or carrier group (as applicable) which has satisfied either a Level Two Review or a Level Three Review, submits new Subrogation Claims to the Subrogation Trust for payment on behalf of the same insurer or carrier group, such Subrogation Claims shall be: (i) subject to only an Initial Review if the cumulative amount of new Subrogation Claims is less than 0.5% of the amount of Paid Claims previously approved, or (ii) otherwise subject to the standard review procedures under this Subrogation Claims Review Protocol. If the initial review finds errors, then the claims shall be subject to the standard review under this Subrogation Claims Review Protocol.
- Subsequent payments made on account of Verified Paid Claims that have satisfied a Level Two Review, Level Three Review or Level Four Review can be submitted to the Subrogation Trust for payment. Such additional payments will only be subject to an Initial Review prior to receiving a

---

[21] TBD based on cost guidance.

10

Case: 19-30088   Doc# 7037   Filed: 05/01/20   Entered: 05/01/20 06:15:57   Page 1852 of 2063
Case: 19-30088   Doc# 7322-21   Filed: 05/15/20   Entered: 05/15/20 15:58:31   Page 12 of 13

11

- distribution and will not need to undergo additional levels of review, unless subsequent payments on any single such claim exceed $15,000,000 per payment or on cumulative basis for a single Verified Paid Claim, in which case such claim shall be subject to review by a representative of the SRC.
- The Trustee will not personally perform any review of Subrogation Claims unless the Trustee determines, in consultation with the Trust Advisory Board, that good cause exists for such review. The Trustee will endeavor to make sure that any Distribution Request is verified pursuant to the terms of this Subrogation Claims Review Protocol.
- This Subrogation Claim Review Protocol is subject to periodic review by the SRC and the Trust Advisory Board to evaluate the efficiency and effectiveness of the Subrogation Claims review process.  The Trust Advisory Board may amend these procedures at any time by unanimous consent to address any issues identified during such periodic review.