# **EXHIBIT E**



785 Market Street, Suite 1400
San Francisco, CA 94103
415-929-8876 • www.turn.org
Robert Finkelstein, General Counsel

May 14, 2020

President Marybel Batjer
Commissioner Martha Guzman Aceves
Commissioner Liane M. Randolph
Commissioner Clifford Rechtschaffen
Commissioner Genevieve Shiroma

California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA  94102

**Re:     I.19-09-016 – Response to PG&E's May 14, 2020 Letter**

Dear President Batjer and Commissioners:

Earlier this afternoon, PG&E served a letter responding to a May 11, 2020 letter from 11 Mayors and Supervisors.  One of the points made in the Mayors' and Supervisors' letter is that the Commission's approval of PG&E's Plan of Reorganization should be conditioned in part on an increased commitment of equity over the $9 billion included in the Plan.  PG&E's response letter cites Section 1(b) of the "equity backstop commitment letters that are public and have been negotiated as part of the bankruptcy process" as support for the assertion that the backstop parties' commitment is only for $9 billion, and that "there are no commitments to invest additional equity."

The Utility Reform Network (TURN) wishes to point out:

> -- In the Commission's Bankruptcy OII proceeding, the prepared sworn testimony of Jason Wells, the Executive Vice President and Chief Financial Officer of PG&E Corporation, and the signatory of PG&E's letter, states:  "A large number of parties have entered into Equity Backstop Commitment Letters, setting forth the terms and conditions to purchase **up to $12 billion** in common stock of reorganized PG&E Corporation upon PG&E's Plan becoming effective."  PG&E-01 at 2-24 (opening testimony of Mr. Wells) (emphasis added).
>
> -- PG&E's letter cites Section 1(b) of the equity backstop commitment letter.  Section 1(a) of the equity backstop commitment letter states, in part, "The Plan, among other things, shall provide that, on the Effective Date, Reorganized HoldCo shall issue shares

of New HoldCo Common Stock for **up to $12 billion** of aggregate net cash proceeds to Reorganized HoldCo (the "*Equity Offering Cap*").[1]

-- The Disclosure Statement approved by the federal Bankruptcy Court includes a section on "Equity Financing" that describes the Equity Backstop Commitment Letters as "provid[ing] for **up to $12 billion** of proceeds from the sale of shares to the Backstop Parties."[2]

Thus, in calling for the Commission to condition plan approval on an increased amount of equity, the Mayors' and Supervisors' May 11, 2020 letter finds ample support in the prior statements of Mr. Wells and PG&E's pleadings in Bankruptcy Court. PG&E's assertion that there are no commitments to invest any additional equity seems inconsistent with those prior PG&E statements indicating the Equity Backstop Commitment Letters provide for up to $12 billion in equity.

In our opening comments on the Proposed Decision, TURN had called for the Commission-adopted conditions of Plan approval to include issuance of $12 billion of equity. PG&E's letter provides nothing that should sway the Commission from adopting this very reasonable condition.

As always, our thanks for your consideration of these matters.

Sincerely,

Robert Finkelstein
General Counsel

Cc: Shannon O'Rourke, Chief of Staff to President Batjer
Jonathan Koltz, Chief of Staff to Commissioner Guzman Aceves
Christine Powell, Chief of Staff to Commissioner Randolph
Sean Simon, Chief of Staff to Commissioner Rechtschaffen
Leuwam Tesfai, Chief of Staff to Commissioner Shiroma

Service List for I.19-09-016

---

[1] Debtors' Second Amended Motion for Entry of Orders (I) Approving Terms of, and Debtors' Entry Into and Performance Under, Equity Backstop Commitment Letters…, In re PG&E Corporation, U.S. Bankruptcy Court for the Northern California, Case No. 19-30088, ECF No. 6398 (March 2, 2020), Exhibit C., p. 1. (Bold and underscored emphasis added, italicized and underscored emphasis in original.)

[2] Disclosure Statement for Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization, Case No. 19-30088, ECF No. 6353 (March 17, 2020), p. 31. (Emphasis added.)