Paul R. Glassman (SBN 76536)
STRADLING YOCCA CARLSON & RAUTH, P.C.
10100 Santa Monica Boulevard, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
Email:      pglassman@sycr.com

Mia S. Brown (SBN 242268)
General Counsel
SOUTH SAN JOAQUIN IRRIGATION DISTRICT
11011 E. Highway 120
Manteca, CA 95336
Telephone: (209) 249-4600
Facsimile: (209) 249-4692
Email:      mbrown@ssjid.com

Attorneys for Party-In-Interest, South San Joaquin Irrigation District

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re:** | Bankruptcy Case No. 19 - 30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **DECLARATION OF MIA S. BROWN IN SUPPORT OF SOUTH SAN JOAQUIN IRRIGATION DISTRICT'S (A) OBJECTION TO DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 AS AMENDED (DOCKET NO. 6320) AND (B) OBJECTION TO CURE AMOUNTS AND OTHER MATTERS PERTAINING TO ASSUMPTION PURSUANT TO SECTION 365(B)(1) OF THE BANKRUPTCY CODE (DOCKET NO. 7037)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Judge:  Hon. Dennis Montali<br><br>Date:   May 27, 2020<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>        450 Golden Gate Ave., 16th Flr, Crt. 17<br>        San Francisco, CA 94102<br><br>**Reply Deadline**: May 22, 2020 at 4:00 p.m. (PT) |

I, Mia S. Brown, declare as follows:

1. I am the General Counsel for the South San Joaquin Irrigation District (the "District"), with its District Office and principal place of business located in Manteca, California.

2. I am an attorney, duly licensed and entitled to practice in the State of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth below, and if called as a witness in this matter, would competently testify thereto. As the General Counsel, I am familiar with the procedures of the District for the maintenance of business records. I am one of the custodians of the books, records and files of the District that pertain to the matters set forth in this declaration. I have personally worked on the books, records and files, and as to the matters in this declaration, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of the District maintained in the ordinary course of the District's business, which were made at or near the time of the acts or events recorded therein by, or from information transmitted by, a person with knowledge of the acts or events who had personal knowledge of the event and had or has a business duty to record such event accurately. During all relevant times, the practice of the District was to maintain accurate and complete records.

3. I make this declaration in support of *South San Joaquin Irrigation District's (A) Objection to Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 as Amended and (B) Objection to Cure Amounts and Other Matters Pertaining to Assumption Pursuant to Section 365(B)(1) of the Bankruptcy Code* ("Objection"). Capitalized terms that are not defined herein are defined in the Objection.

4. In 1948, the District and the Oakdale Irrigation District ("OID") formed a partnership known as the Tri-Dam Power Authority ("Tri-Dam"). Together, they developed, operate and maintain the Beardsley, Donnells and Tulloch projects (together, the "Tri-Dam Project"). The District is asserting the Objection on behalf of Tri-Dam as well.

5. PG&E, the District, and Tri-Dam are, and have been, party to numerous agreements over decades. These agreements, that have not expired or terminated, include the Coordinated Operations Agreement (Contract ID POWGEN_00122) (the "2005 COA") and an

amendment to it, which applied to the purchase of electric service by PG&E for the Sand Bar Diversion Fish Screen and Intake facilities ("Sand Bar Amendment"), interconnection agreements, master encroachment agreements, easements, permits, and other contracts (together and with all amendments thereto, the "District's Contracts") that, among other things, allow the District and PG&E to work together to provide power to their customers. The District's Contracts have long terms – some last decades – and are complex. Many of the District's Contracts include indemnification, contribution, and other obligations of PG&E to the District. The District filed a proof of claim (Claim No. 70439) and an amendment thereof (Claim No. 98548) in the Pacific Gas and Electric Company chapter 11 case.

6. None of the District's Contracts appear to be listed as rejected contracts in Exhibit A to the EC Supplement, twenty seven of the District's Contracts appear to be listed as assumed in Exhibit B with no cure for any of them, and the District believes that others of the District's Contracts are executory contracts and are not in either exhibit to the EC Supplement. Regarding the Cure Amounts for the District's Contracts in the EC Supplement, PG&E states that no Cure Amounts are due under the District's Contracts. The District became aware of certain specific amounts owed to the District by PG&E as of the Petition Date from information received from PG&E. PG&E did not pay the full amount of PG&E Headwater Benefit Payment due under the 2005 COA or a portion of the fee due under the Sand Bar Amendment, for the period of January 1, 2019 through the Petition Date. As a result, as of the Petition Date, the Cure Amount owed under the 2005 COA should be $27,354.98 and the Cure Amount under the Amendment to 2005 COA should be $720.51 based upon information provided by PG&E. Other than these Cure Amounts, the District is not aware of any defaults under the District's Contracts that are required to be cured under Section 365 of the Bankruptcy Code.

7. The Eminent Domain Appeal and the LAFCo Appeal are continuing in the California appellate courts. The District sought to resolve its concerns about the Plan with PG&E consensually, but no resolution was reached.

8. Regarding potential harm to the District under the Plan, the District has expended considerable time, money and effort on the project to provide electric service in its area. If the

Eminent Domain Action and the LAFCo Action were halted, our community would be denied the public benefits of the electric project which include stimulating the local economy and providing safe and reliable electric service at reduced rates and local control of the electric system. Further, if the District's Contracts are modified so that PG&E is no longer liable to the District for all of its obligations, including indemnity and contribution, but the District still has to perform, then the District would likely incur significant additional costs in the future to pay for the liabilities shed by PG&E.

I declare under a penalty under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2020 in MANTECA, California.

_____
Mia S. Brown

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES