**Exhibit A**

Sam Newman (SBN 217042)
sam.newman@sidley.com
Genevieve G. Weiner (SBN 254272)
gweiner@sidley.com
Kennison Lay (SBN 330007)
klay@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone No. (213) 896-6020
Facsimile No. (213) 896-6600

Attorneys for MCKINSEY & COMPANY, INC.
UNITED STATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| In re: | Bankruptcy Case |
|---|---|
| PG&E CORPORATION | Case No. 19-30088-DM (Lead Case) Chapter 11 |
| - and - | (Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY, Debtors. | **MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION** |

1

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

ACTIVE 256892621

Case: 19-30088    Doc# 7349-1    Filed: 05/15/20    Entered: 05/15/20 19:04:52    Page 2 of 10

## I. INTRODUCTION

McKinsey & Company, Inc. United States and McKinsey and Company, Inc. (collectively, "McKinsey") support the efforts of PG&E Corporation and Pacific Gas and Electric Company (the "Debtors" or "PG&E") to successfully reorganize and exit bankruptcy. The purpose of this Limited Objection is to raise a narrow issue regarding PG&E's treatment of certain executory contracts, including those with McKinsey. PG&E has added a provision in its Plan Supplement which seeks to modify PG&E's assumption of executory contracts in such a way that results in PG&E getting the benefit of these contracts without assuming the associated burdens under those contracts. As a condition of any confirmation of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020* [Dkt. 6320] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "Plan") the Court should require Debtors to comply with 11 U.S.C. Section 365 with respect to the assumption of these contracts.

## II. ASSUMED CONTRACTS AND INDEMNIFICATION RIGHTS

McKinsey is a professional services firm that has engaged in a variety of consulting projects on behalf of PG&E since 2006. In connection with these projects, McKinsey entered into a number of agreements with PG&E, which constitute executory contracts within the meaning of 11 U.S.C. Section 365 (the "McKinsey Contracts") because they contain, among other things, provisions requiring the parties to indemnify, hold harmless, and defend each other as to various losses. A list of agreements containing such indemnification and hold harmless provisions is set forth in Exhibit 1.[1] The following is an example of such language:

> Consultant shall indemnify, hold harmless and defend PG&E, its affiliates, subsidiaries, parent company, officers, managers, directors, agents, and employees, from and against all claims, demands, losses, damages, costs, expenses, and liability

---

[1] The term McKinsey Contracts also includes other Contract Work Authorizations ("CWAs") issued under and pursuant to the applicable Master Service Agreements ("MSAs"), which contain such indemnification provisions, are not separately identified in Exhibit 1, but include by reference the same provisions and, therefore, constitute executory contracts. The CWAs identified in Exhibit 1 are included because they contain their own appended terms and conditions, including indemnity clauses.

2
MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

(legal, contractual, or otherwise) ("Losses"), for: i) injury to or death of persons, including but not limited to employees of PG&E or Consultant; (ii) injury to property or other interests of PG&E, Consultant, or any third party; (iii) violation of local, state, or federal common law, statute or regulation, including but not limited to environmental laws or regulations; or (iv) strict liability imposed by any law or regulation; to the extent such injury, violation, or strict liability (as set forth in (i) - (iv) above) arises from Consultant's negligent performance of, or breach of, this Contract, except to the extent such Losses arise from negligence or willful misconduct of PG&E, its officers, managers, or employees. The Deliverables are not intended as a substitute for financial, investment, legal, accounting, or other professional advice, and Consultant does not intend to supplant PG&E's management or other decision-making bodies. PG&E remains solely responsible for its decisions, actions, use of the Deliverables and compliance with applicable laws, rules and regulations. PG&E agrees to indemnify and hold Consultant harmless from any Losses relating to the Work (including any Losses asserted by PG&E, its agents or representatives, or third parties and any Losses sustained by Consultant when participating in any legal, regulatory, or administrative proceeding relating to the Work), except to the extent those Losses are determined by a final, non-appealable order or arbitral award to have resulted from Consultant's gross negligence or willful misconduct in the performance of the Work.

*E.g.* Paragraph 13.1.1 of Master Service Agreement, Contract No. 4400008576 (July 30, 2014). These contracts contain survivability clauses indicating that the indemnification provisions, whether incorporated by reference to the applicable MSAs or included within the terms and conditions appended to individual CWAs, "survive expiration, cancellation, or other termination." *See, e.g.*, *id.* ¶ 21.9.

The McKinsey Contracts are executory and will therefore be assumed under the Plan. *See* section 8.1(a) of the Plan. The Bankruptcy Code does not define "executory contract," and the term has instead been defined by courts on a case-by-case basis. The Supreme Court defined the term as a contract in which "performance is due to some extent on both sides." *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 522 n.6 (1984) (citation omitted). In the Ninth Circuit, a contract is executory if the obligations of both parties "'are so far unperformed that the failure of either party to complete performance would constitute a material breach excusing the performance of the other.'" *In Re Frontier Props., Inc.*, 979 F.2d 1358, 1364 (9th Cir. 1992) (citation omitted). Courts have held that a contract with mutual, unperformed indemnity provisions is an executory contract. *See In re*

3

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

*Safety-Kleen Corp.*, 410 B.R. 164, 168 (Bankr. D. Del. 2009) (holding that contingent, unperformed indemnity obligations are sufficient to create an executory contract); *see also In re Qintex Ent., Inc.*, 950 F.2d 1492, 1496 (9th Cir. 1991) (holding that a licensor's duty to indemnify and defend the licensee was a "significant unperformed obligation[]" and therefore finding the license agreement to be executory). These agreements' indemnification provisions were specifically negotiated between the parties and constitute material, unperformed obligations, rendering the McKinsey Contracts executory.

PG&E's Plan currently assumes all executory contracts unless they (1) are included in PG&E's schedule of rejected contracts; (2) are rejected or assumed via motion; or (3) previously expired or terminated pursuant to their own terms or parties' agreement. *See* section 8.1(a) of the Plan. The McKinsey Contracts are either identified as being assumed[2] or are not included in PG&E's schedule of rejected contracts[3] and, therefore, pursuant to the language of the proposed Plan, PG&E is assuming them. *Id.*

The McKinsey Contracts must be assumed in their entirety and cannot be modified without *mutual* consent. A party who assumes an executory contract must assume it in its entirety; it may not be assumed in part and rejected in part. *Energy Consulting & Mgmt. Sols. Co., LLC v. W. States Equip. Co.*, 574 Fed. Appx. 763, 765 (9th Cir. 2014) (citing *Bildisco*, 465 U.S. 513, 531) ("[T]rustee must assume or reject an executory contract as a whole."); *see also U.S. Dept. of the Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1472 (4th Cir. 1990); *In re Chicago, R.I. & Pac. R.R.*, 860 F.2d 267, 272 (7th Cir. 1988); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985); *In re B & L Oil Co.*, 782 F.2d 155, 157 (10th Cir. 1986); *Lee v. Schweiker*, 739 F.2d 870, 876 (3d Cir. 1984); *In re The Leslie Fay Cos., Inc.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y.

---

[2] The Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan, attached as Exhibit "B" to the Plan Supplement, lists 1 contract amendment between PG&E and McKinsey. Under section 8.9 of the Plan, all related agreements to an assumed contract are likewise deemed to be assumed.

[3] Specifically, the Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan, attached as Exhibit "A" to the Plan Supplement, does not identify any agreements between PG&E and McKinsey.

4

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

1994); *In re Village Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992).

In other words, a debtor cannot assume the benefits of an executory contract without assuming its burdens as well. *See, e.g.*, *City of Covington v. Covington Land L.P.*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("When the debtor assumes the lease or contract under § 365, it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."); *In re Pacific Exp. Inc.*, 780 F.2d 1482 (9th Cir. 1986); *In re Godwin Bevers Co., Inc.*, 575 F.2d 805, 807 (10th Cir. 1978) (trustee who accepts executory contract takes burdens with benefits); *In re Fitch*, 174 B.R. 96, 101 (Bankr. S.D. Ill. 1994) ("[D]ebtor cannot change the nature of a contract merely by. . . assum[ing] it . . . debtor may not 'conditionally' assume such a contract, [and] must accept its burdens as well as its benefits."); *In re Monroeville Dodge, Ltd.*, 166 B.R. 264, 267 (W.D. Pa. 1994) (debtor-in-possession takes contract *cum onere*); *In re MacDaniel*, 89 B.R. 861, 863 (Bankr. E.D. Wash. 1988); *In re Maine*, 32 B.R. 452, 455 (Bankr. W.D.N.Y. 1983); *In re Yonkers Hamilton Sanitarium, Inc.*, 22 B.R. 427 (Bankr. S.D.N.Y. 1982). The debtor must perform assumed contracts "in full, just as if bankruptcy had not intervened." *Frontier Props., Inc.*, 979 F.2d at 1367 (citation omitted); *In re Airlift Int'l, Inc.*, 761 F.2d 1503 (11th Cir. 1985); *In re Steelship Corp.*, 576 F.2d 128, 132 (8th Cir. 1978). Therefore, once these contracts are assumed by PG&E, the indemnity provision—as well as all other remaining, unperformed obligations—must remain fully available for McKinsey to rely on in any applicable contexts.

The language of the Plan Supplement [Dkt. 7037] regarding assumption of executory contracts states that the agreements will be assumed but all indemnification obligations will be eliminated.

> 13. **Other Indemnification Obligations**. Except as set forth in Section 8.4 of the Plan with respect to the D&O Indemnity Obligations, the assumption by the Debtors or Reorganized Debtors, as applicable, of all other executory contracts or unexpired leases pursuant to the Plan shall result in the full release and satisfaction of any and all contingent pre-petition indemnification obligations arising under the terms of any such agreements and any proof of Claim premised on a pre-petition contractual

5

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

ACTIVE 256892621

Case: 19-30088   Doc# 7349-1   Filed: 05/15/20   Entered: 05/15/20 19:04:52   Page 6 of 10

indemnification obligation alleged to be owed by the Debtors or Reorganized Debtors shall be deemed disallowed and discharged on the Effective Date, without further notice to or action, order, or approval of the Bankruptcy Court.

This impermissibly changes the fundamental deal between the parties, wherein McKinsey was to perform certain projects for the Debtors, and the parties allocated certain costs and benefits of those projects amongst each other. The Bankruptcy Code affords debtors certain flexibility in dealing with executory contracts, but does not permit PG&E to unilaterally modify one side of the deal. McKinsey will not consent to the modification of these agreements through assumption.

### III. CURE AMOUNTS

As discussed above, section 8.1(a) of the Plan provides that all executory contracts and unexpired leases are deemed assumed unless they are explicitly rejected or previously expired or terminated. The McKinsey Contracts are either explicitly assumed or not included in PG&E's schedule of rejected contracts and, therefore, pursuant to the language of the proposed Plan, will be assumed.

However, because all but one of the McKinsey Contracts are not listed as explicitly assumed in the Plan Supplement, there is no listing of PG&E's proposed cure amount for those McKinsey Contracts. Section 365 of the Bankruptcy Code requires debtors to cure all monetary defaults as a condition to assuming any executory contracts. Accordingly, in order to clarify the cure amounts due under the McKinsey Contracts, as well as cure amounts due under the McKinsey contracts identified in Dkts. 3919 and 5925, which were approved by this Court, *see* Dkt. 6348, McKinsey specifically refers to its proof of claim (claim number 79468), which lists the pre-petition amounts due under the various contracts and the applicable invoices.

### IV. CONCLUSION

McKinsey has been communicating informally with Debtors' counsel regarding these matters and will seek to resolve any outstanding issues prior to the Plan confirmation hearing. McKinsey files this Limited Objection in an abundance of caution, to ensure all of its rights are fully reserved if

6

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

ACTIVE 256892621

Case: 19-30088    Doc# 7349-1    Filed: 05/15/20    Entered: 05/15/20 19:04:52    Page 7 of 10

the foregoing provisions are not modified to cure these defects.

Dated: May 15, 2020

Respectfully submitted,

SIDLEY AUSTIN LLP

By:   _/s/ Sam Newman_____
     Sam Newman
     Genevieve Weiner
     Kennison Lay
     Attorneys for MCKINSEY & COMPANY,
     INC. UNITED STATES

7

MCKINSEY & COMPANY, INC. UNITED STATES' LIMITED OBJECTIONS TO THE DEBTORS' AND SHAREHOLDER PROPONENTS' TREATMENT OF EXECUTORY CONTRACTS UNDER THE JOINT CHAPTER 11 PLAN OF REORGANIZATION

**Exhibit 1**

**Exhibit 1**

| Effective Date of Agreement | PG&E Contract Number | Type |
|---|---|---|
| 8/26/2009 | 4400003665 | MSA |
| 7/22/2013 | 2500857028 | CWA |
| 8/27/2013 | 2500873577 | CWA |
| 10/28/2013 | 2500906766 | CWA |
| 11/14/2013 | CHANGE ORDER NO. 01 TO CONTRACT NO. 2500873577 | CWA |
| 12/2/2013 | 2500924031 | CWA |
| 12/3/2013 | 2500924583 | CWA |
| 12/12/2013 | 2500927512 | CWA |
| 12/12/2013 | 2500927485 | CWA |
| 12/31/2013 | 2500935821 | CWA |
| 4/18/2014 | 2500995300 | CWA |
| 5/29/2014 | 2501012062 | CWA |
| 7/30/2014 | 4400008576 | MSA |
| 8/23/2014 | CHANGE ORDER NO. 01 TO CONTRACT NO. 2500995300 | CWA |