

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

Signed and Filed: May 15, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AMENDING THE SCOPE OF THE RETENTION OF KPMG LLP AS INFORMATION TECHNOLOGY, RISK, AND LEGAL SUPPORT CONSULTANTS TO THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO DECEMBER 20, 2019** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Application, dated April 17, 2020 (the "**Second Supplemental Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to amend the scope of the retention of KPMG LLP ("**KPMG**") as information technology, risk, and legal support consultants for the Debtors, approved by the Court in an order entered June 12, 2019 [Docket No. 2503] (the "**Initial KPMG Retention Order**"), all as set forth more fully in the Second Supplemental Application; and this Court having jurisdiction to consider the Second Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Second Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Supplemental Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Second Supplemental Application and the Second Supplemental Armstrong Declaration; and upon the record of all of the proceedings had before this Court; and this Court having found and determined that the Second Supplemental Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Second Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Second Supplemental Application is granted as provided herein.

2. The Initial KPMG Retention Order is amended to include the MSA Extension and the

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Second Supplemental Application.

Second Supplemental MSA Contracts.

3. Nothing in this Order shall be construed to bar any claims against KPMG arising out of or in connection with pre-petition services rendered to the Debtors on the basis of res judicata or any other doctrine or theory, and any defenses to any such claims are hereby fully preserved.

4. During the pendency of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation or enforcement of this Order.

** END OF ORDER **