John H. MacConaghy (SBN 83684)
MACCONAGHY & BARNIER, PLC
645 First St. West, Suite D
Sonoma, CA 95476
Telephone: 707.935.3205
Facsimile: 707.935.7051
Email: macclaw@macbarlaw.com

*Proposed Special Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OFFICIAL COMMITTEE OF TORT CLAIMANTS' RESPONSE TO QUESTION ASKED AT ORAL ARGUMENT ON MAY 15, 2020, ON OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES, AND COMCAST TO TRUST DOCUMENTS**<br><br>Related Docket Nos. 7060, 7072, 7159, 7161, 7164, 7167 |

The Official Committee of Tort Claimants (the "**TCC**") hereby files this response to a question asked by the Court at the hearing on May 15, 2020, on the *Objection of Adventist Health, AT&T, Paradise Entities, and Comcast to Trust Documents* and the related responses [Dkt. Nos. 7072, 7159, 7161, 7164, 7167]. During the hearing, the Court asked the TCC whether the disclosure statement by PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (the "**Debtors**") filed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and approved by the Court [Dkt. No. 6340, 6353, 6448, 6483] (the "**Disclosure Statement**") clearly stated that there would be no judicial review of determinations made by the Trustee under the Fire Victim Claims Resolution Procedures (the "**CRP**"). The answer is yes. The Disclosure Statement provides:

> All Fire Victim Claims that have been or could be asserted against the Debtors will be "channeled" to the Fire Victim Trust, a trust created under the Plan for the purpose of evaluating and paying all Fire Victim Claims. The effect of "channeling" the Fire Victim Claims to the Fire Victim Trust is that all Fire Victim Claims can only be pursued through and paid from the Fire Victim Trust and the Debtors and Reorganized Debtors will not have any liability for Fire Victim Claims. All determinations of Fire Victim Claims, including their eligibility to receive payment from the Fire Victim Trust and in what amount, shall be determined solely under the Fire Victim Claims Resolution Procedures and all such determinations **shall be final with no recourse to any court**.

[Dkt. No. 6353, p. 24, Section IV(C)(1)] [emphasis provided].

Additionally, the TCC filed a *Notice of Filing of Proposed Third Amended Fire Victims Claims Resolution Procedures Summary With Frequently Asked Questions* [Dkt. No. 6338] [the "**FAQ**"]. The FAQ was served with the Disclosure Statement and also addresses whether there would be any judicial review of determinations made by the Trustee under the CRP:

> What if I do not agree with the amount that the Trustee and Claims Administrator determines is eligible to be paid by the Fire Victim Trust? Answer: The options and avenues for review of the Trustee's and Claims Administrator's determination will be set out in the Claims Resolution Procedures. As a general matter, if you do not agree with the determination of the eligible amount of your claim, you may ask the Claims Administrator to reconsider the determination. If you still do not agree with the Claims Administrator's decision, you can appeal to a neutral arbitrator, who will hold a hearing on the issue. Finally, if you do not agree with the decision of the neutral arbitrator, you may ask for a panel of three neutral arbitrators to review the

1

decision. Then, the Trustee may accept, reject, or revise the decision of this panel. **The Trustee will then issue a Trustee Determination to you. The Trustee Determination is final with no further ability to appeal the determination.**

[Dkt. No. 6338-1, p. 12, Question 28] [emphasis provided].

Dated: May 16, 2020

Respectfully submitted,

**MACCONAGHY & BARNIER, PLC**

By: */s/ John H. MacConaghy*
     John J. MacConaghy

*Proposed Special Counsel for The Official Committee of Tort Claimants*