Helen Sedwick
PO Box 1807
Glen Ellen, CA 95442
Telephone: (707) 933-8003
Email: helensedwick@gmail.com

James Finn
Santa Rosa, CA

*Fire Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Jointly Administered)<br><br>**OBJECTION TO PG&E FIRE VICTIMS TRUST AGREEMENT AND CLAIMS RESOLUTION PROCEDURES** |

Helen Sedwick, a Fire Victim Claimant who lost her home and office in the Nuns Fire, and James Finn, a Fire Victim Claimant who lost his home in the Tubbs Fire, hereby object to Section IX of the Claims Resolution Procedures that reads as follows:

IX.     HOLD-BACK FOR ATTORNEY LIENS

Prior to receiving any award in respect of any Claim Determination, any Claimant who was represented by an attorney ("Claimant Attorney") at the time of filing its Proof of Claim in the Chapter 11 Cases or at any time thereafter, shall: (1) agree to receive their award through their Claimant Attorney; or (2) provide evidence to the satisfaction of the Claims Administrator and Trustee that there is no lien or potential lien on their Claims Determination asserted or assertable by a Claimant Attorney (an "Attorney Lien"), including by providing

1

written confirmation from such Claimant Attorney that no Attorney Lien exists. If an Attorney Lien exists, is asserted or assertable, then only the undisputed portion of the award shall be provided to the Claimant. The disputed portion shall be held back until the Claims Administrator receives satisfactory notice in his or her sole determination, that such dispute and Attorney Lien has been resolved. The payment of attorney's fees incurred by Claimant and the satisfaction of any Attorney Lien is the sole obligation of Claimant. Neither the Trustee nor the Trust is responsible for the payment of any attorney's fees or the resolution of any Attorney Lien incurred in connection with a Claim.

Based on postings on social media and conversations with fire victims, we believe many fire victims have terminated the engagement of their attorneys and have decided not to engage another attorney. Although we do not know the exact number of terminated engagements, that information is available to the TCC and to the tort attorneys, as they maintain a data base of that information.

Section IX places these fire victims at a disadvantage because they are required to show that a lien does not exist, is not asserted or is not assertable, instead of placing the burden of proving the existence of a lien or an assertable lien on the Claimant Attorney. Fire victims are being asked to prove a negative.

Assuming a fire victim demonstrates a dispute, then the Claims Administrator may withhold what could be a substantial amount of the award until the dispute has been resolved. IN such a dispute, a fire victim, in need of a full award, is likely to be at an economic disadvantage to an Claimant Attorney who may be receiving fees from thousands of other fire claims.

Finally, it is a conflict of interest for the Trustee and the Claim Administrators, who are fiduciaries to the fire victims, to be put in the position of giving an advantage to a Claimant Attorney in a dispute with a fire victim.

We therefore request that the Court order the Debtors to amend the Trust Agreement and CRP to delete Section IX.

Respectfully Submitted,

Dated: May 14, 2020

/s/ Helen Sedwick
Helen Sedwick, Fire Claimant

/s/ James Finn
James Finn, Fire Claimant

2