1  Roy E. Miller, Esq. (CASBN 174821)
   Hansen&Miller Law Firm
2  415 Russell Ave.
3  Santa Rosa, CA 954043
   Telephone:  (707) 575-1040
4  Fax:  (707) 575-3826
   Email:  roy@hansenmiller.com
5
6  Attorneys for Certain Kincade (2019) claimants

7              UNITED STATES BANKRUPTCY COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                 SAN FRANCISCO DIVISION

10

11  **In re:**                                 Bankruptcy Case No. 19-30088 (DM)

12  **PG&E CORPORATION,**                       Chapter 11

13        **-and-**                             (Lead Case)

14  **PACIFIC GAS AND ELECTRIC**                (Jointly Administered)
    **COMPANY,**
15                                              **LIMITED**
                                                **OBJECTION/CLARIFICATION**
16        **Debtors.**                          **TO PLAN OF REORGANIZATION**
                                                [Docket No. 6320]
17  ☐ Affects PG&E Corporation
    ☐ Affects Pacific Gas and Electric Company
18  ☒ Affects both Debtors                      Date:  May 27, 2020
                                                Time: 10:00 a.m. (PST)
19  * All papers shall be filed in the Lead Case,   Place: United States Bankruptcy Court
    No. 19-30088 (DM)                                    Courtroom 17, 16th Floor
20                                                       San Francisco, CA 94102
                                                Judge:  The Hon. Dennis Montali
21

22

23

24

25        Hansen & Miller represents several victims of the Kincade Fire which took place in

26  November of 2019 in Sonoma and Lake Counties. Out of an abundance of caution,

27  approximately 30 proofs of claims were filed with Prime Clerk for these Kincade Fire

28
    LIMITED OBJECTION/CLARIFICATION TO PLAN OF REORGANIZATION - 1

victims before the December 2019 claims deadline. The plan contains language stating the Kincade claims are preserved for resolution by the 'new' PG&E and remain liabilities of the reorganized company.

However, the plan also contains broad language in the channeling injunction which states:

"Section 10.7 – Channeling Injunction.

(a) **The sole source of recovery for holders of Subrogation Wildfire Claims and Fire Victim Claims shall be from the Subrogation Wildfire Trust and the Fire Victim Trust,** as applicable. The holders of such Claims shall have no recourse to or Claims whatsoever against the Reorganized Debtors or their assets and properties. Consistent with the foregoing, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims, including all of the following actions:

(i) commencing, conducting, or continuing,"

Because a handful of Kincade Fire clients have "Fire Victim Claims" on file in this action, there is an inconsistency which needs to be clarified. The Court should rule that the channeling injunction **does not apply** to Kincade Fire losses (a 2019 Fire) or otherwise clarify the plan to resolve the inconsistency.

///

LIMITED OBJECTION/CLARIFICATION TO PLAN OF REORGANIZATION - 2

1
2    Dated this 15TH day of May 2020

3

4

5                                                    _____

6                                    Roy E. Miller, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIMITED OBJECTION/CLARIFICATION TO PLAN OF REORGANIZATION - 3