**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Counsel for Vataj Plaintiffs and the Class*

[Additional counsel on signature page]

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br>☑  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☐  Affects both Debtors<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088(DM)* | Bankruptcy Case No. 19-30088(DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>***VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES PURSUANT TO DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020**<br><br>**Related Docket No. 7037** |

1

*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES
PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088    Doc# 7386    Filed: 05/15/20    Entered: 05/18/20 15:17:11    Page 1 of 8

Robert Allustiarti, Iron Workers Local 580 Joint Funds, and Ironworkers Locals 40, 361 & 417 Union Security Funds (collectively, the "*Vataj* Plaintiffs"), co-lead plaintiffs behalf of all others similarly situated in the securities class action captioned *Vataj v. Johnson et al.*, Case No. 4:19-cv-06996-HSG (N.D. Cal.) (Gilliam, J.), by and through their undersigned counsel, hereby submit the following legal objections ("Objections") to the Debtor's Chapter 11 Plan of Reorganization [Doc. No. 6320] (the "Plan"), filed by Debtors PG&E Corporation ("PG&E") and Pacific Gas and Electric Company (the "Debtors") in the above-captioned matter.

## Procedural Facts

1. On January 29, 2019 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.

3. On March 16, 2020, the Debtors filed the Plan.

## The *Vataj* Action

4. On October 25, 2019, Christopher Vataj, individually and on behalf of all others similarly situated, filed a securities fraud class action complaint in the United States District Court for the Northern District of California on behalf of investors in PG&E Corporation against certain officers of PG&E.[1] (*See* No. 4:19-cv-06996-HSG, Doc. No. 1).

5. On February 3, 2020, the Court appointed Allustiarti and the Iron Workers Funds as co-lead plaintiffs and their counsel as co-lead counsel.

6. On April 17, 2020, the *Vataj* Plaintiffs filed an amended complaint ("Amended Complaint"), naming as defendants, *inter alia*, PG&E senior officers Geisha Williams, Sumeet Singh, and William Johnson ("Defendants") (*See* No. 4:19-cv-06996-HSG, Doc. No. 58) on

---

[1] More specifically, the Complaint alleges that Defendants defrauded investors by violating Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5

2

*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES
PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088    Doc# 7386    Filed: 05/15/20    Entered: 05/18/20 15:17:11    Page 2 of 8

behalf of a class consisting of all persons who purchased or acquired the shares of PG&E between December 13, 2018, and October 28, 2019, both dates inclusive ("Class Period"). *Id.*

7. The *Vataj* Plaintiffs allege that the Defendants committed securities fraud through false statements they made in public forums like PG&E's wildfire safety plan, public hearings, and press conferences. These false statements induced investors like the *Vataj* Plaintiffs to purchase PG&E stock during the Class Period at artificially inflated prices. After the market learned that the statements were false, the Class Members were left with stock that was worth far less than what they had paid for it. Each of the *Vataj* Plaintiffs lost hundreds of thousands of dollars. Plaintiffs estimate that Class Members collectively lost more than $2 billion. Plaintiffs raise no claims against the Debtor for pre-petition conduct.

8. The Plan contains sweeping Exculpation and Release Provisions. These Provisions, collectively, may potentially leave the *Vataj* Plaintiffs and the Class they seek to represent with no remedy for Defendants' alleged fraud. As set out further below, each of the Provisions violates Ninth Circuit law. The Court should refuse to approve any plan which does not carve out the claims alleged in *Vataj* from the Exculpation and Release Provisions.

## The Provisions

9. The Plan defines "Exculpated Parties" as follows:

> **Exculpated Parties** means collectively, and, in each case, in their capacities as such: (a) the Debtors and Reorganized Debtors; (b) the DIP Facility Agents; (c) the DIP Facility Lenders; (d) the Exit Financing Agents; (e) the Exit Financing Lenders; (f) the Funded Debt Trustees; (g) the HoldCo Revolver Lenders; (h) the HoldCo Term Loan Lenders; (i) the Utility Revolver Lenders; (j) the Utility Term Loan Lenders; (k) the Public Entities Releasing Parties; (l) the Statutory Committees; (m) the Backstop Parties; (n) the Consenting Creditors; (o) the Shareholder Proponents; (p) the Consenting Noteholders; and (q) with respect to each of the foregoing entities (a) through (p), such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such. [¶1.65.]

10. The Plan defines "Released Parties" as follows:

**Released Parties** means, collectively, and in each case in their capacities as such: (a) the Debtors and Reorganized Debtors; (b) the Tort Claimants Committee; (c) the DIP Facility Agents; (d) the DIP Facility Lenders; (e) the Exit Financing Agents; (f) the Exit Financing Lenders; (g) the Backstop Parties; (h) the Public Entities Releasing Parties; (i) the Consenting Creditors (solely in their capacity as holders of Subrogation Wildfire Claims); (j) the Shareholder Proponents; (k) the Consenting Noteholders; (l) the Funded Debt Trustees; and (m) with respect to each of the foregoing entities (a) through (l), *such entities' predecessors, successors, assigns, subsidiaries, affiliates, managed accounts and funds, current and former officers and directors, principals, equity holders, members, partners, managers, employees, subcontractors, agents, advisory board members, restructuring advisors, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors (and employees thereof), and other professionals, and such entities' respective heirs, executors, estates, servants, and nominees, in each case in their capacity as such*. [Doc. No. 6320, ¶1.179).] (Emphasis supplied.)

11. As to the exculpated parties, the Plan proposes as follows:

**Exculpation. Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, Interest, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, loss, remedy, or liability for any claim (including, but not limited to, any claim for breach of any fiduciary duty or any similar duty) in connection with or arising out of the administration of the Chapter 11 Cases; the negotiation and pursuit of the Public Entities Plan Support Agreements, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the Plan Funding, the DIP Facilities, the Disclosure Statement, the Plan, the Restructuring Transactions, the Wildfire Trusts (including the Plan Documents, the Claims Resolution Procedures and the Wildfire Trust Agreements), or any agreement, transaction, or document related to any of the foregoing, or the solicitation of votes for, or confirmation of, this Plan; the funding of this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees; the issuance of Securities under or in connection with this Plan; or the transactions in furtherance of any of the foregoing; except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The**

4

*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088    Doc# 7386    Filed: 05/15/20    Entered: 05/18/20 15:17:11    Page 4 of 8

**Exculpated Parties and each of their respective affiliates, agents, directors, officers, employees, advisors, and attorneys have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distributions pursuant to this Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan, including the issuance of Securities thereunder. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.** ¶10.8.] (Emphasis in original).

12. As to the Released Parties, the Plan proposes as follows:

Releases by Holders of Claims and Interests. As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, and except for the Assigned Rights and Causes of Action solely to the extent preserved by Section 10.9(g), for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the Restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, *the Released Parties, are deemed forever released and discharged, to the maximum extent permitted by law and unless barred by law, by the Releasing Parties from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, and any claims for breach of any fiduciary duty (or any similar duty), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such holders or their affiliates (to the extent such affiliates can be bound) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Fires, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors,* the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the DIP Facilities, the Plan Funding, the Restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Transactions, the Public Entities Plan Support Agreement, the Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, the Exit Financing Documents, the negotiation, formulation, or preparation of the Disclosure Statement, the Plan and related agreements, instruments, and other documents (including the Plan Documents, the Claims Resolution Procedures, the Wildfire Trust Agreements, Public Entities Plan Support Agreements, the

5

*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES
PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088    Doc# 7386    Filed: 05/15/20    Entered: 05/18/20 15:17:11    Page 5 of 8

Backstop Commitment Letters, the Subrogation Claims RSA, the Tort Claimants RSA, the Noteholder RSA, and the Exit Financing Documents), the solicitation of votes with respect to the Plan, any membership in (including, but not limited to, on an ex officio basis), participation in, or involvement with the Statutory Committees, or any other act or omission, transaction, agreement, event, or other occurrence, and in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. [*Id.*, ¶10.9(b).] (Emphasis supplied.)

13. Finally, the Plan impermissibly provides for the release of third-party claims against non-Debtors. *Id.*, ¶10.9(c). The *Vataj* Plaintiffs do not consent.

14. Thus, read broadly, the Exculpation Provisions might release the Defendants to the *Vataj* ction from all post-petition misconduct, notwithstanding that their alleged misconduct has nothing to do with this bankruptcy. Similarly, read broadly, the Release Provisions might release the Defendants to the *Vataj* action from all pre-petition misconduct, though they have not themselves filed for bankruptcy. Under these broad readings, the Exculpation and Release Provisions would leave Class Members with no remedy for either pre- or post-petition misconduct of non-Debtors.

### Discussion

*The Exculpation Provisions Are Impermissibly Broad*

15. The Ninth Circuit has held that "the plain language of section 1125(e) and its location in the section which outlines the procedures and requirements of disclosure and solicitation, ***both suggest that section 1125(e) only provides a safe harbor for the disclosure and solicitation process of a bankruptcy***." *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995) (Emphasis added).

16. ***Thus*** "*if the securities fraud alleged came from some other source or procedure than disclosure and solicitation, then section 1125(e) would not provide immunity*." *Id.*(Emphasis added).

17. Courts continue to quote this portion of *Jacobson*. For example, in 2011, the Fifth Circuit held that "***Section 1125(e) is not an umbrella exclusion of fraud liability for***

6

*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES
PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088    Doc# 7386    Filed: 05/15/20    Entered: 05/18/20 15:17:11    Page 6 of 8

*reorganization proponents*." *In re Davis Offshore, L.P.*, 644 F.3d 259, 266–67 (5th Cir. 2011) (citing *Jacobson*). (Emphasis added).

18. The *Vataj* Plaintiffs do not allege that the Defendants made false statements in connection with the bankruptcy. No bankruptcy document, no bankruptcy hearing, and no solicitations are even quoted in the Amended Complaint, let alone identified as false statements. Rather, the Amended Complaint alleges Defendants defrauded Class Members in public statements made in public presentations, assembly, senate and regulatory hearings, and regulatory documents. Because *Vataj* does not allege any misconduct in any way related to the bankruptcy, it is beyond Section 1125(e)'s reach.

19. Thus, the Exculpation provisions should be amended to explicitly carve out the claims alleged in *Vataj*.

*The Release Provision Impermissibly Nonconsensually Releases Non-Debtor Cliams*

20. The Ninth Circuit Court of Appeals "has repeatedly held, without exception, that [11 U.S.C.] § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors." *In re Lowenschuss*, 67 F.3d 1394, 1402 (9th Cir. 1995). *Lowenschuss* is still good law. *In re Dragnea*, 609 B.R. 239, 251 (Bankr. E.D. Cal. 2019) ("Nonconsensual releases of the liability of nondebtors by way of permanent injunction premised on 11 U.S.C. § 105 as an exercise of equitable power are forbidden by the law of this circuit.")(citing *Lowenschuss*).

21. Thus, the Release Provisions should be amended to explicitly carve out the claims alleged in *Vataj*.

22. The *Vataj* Plaintiffs reserve all rights to further object to the Plan once the Debtors have revised the scope of any releases contained in the plan to carve out the claims alleged in the *Vataj* action.

23. WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) rejecting any Plan provisions which purport to release claims against the officers and directors of the Debtors from liability to the *Vataj* Plaintiffs and the class members in the ongoing *Vataj* action; (2) requiring that the Debtors revise the Plan's Release and Exculpation Provision to
7
*VATAJ* PLAINTIFFS' OBJECTION TO RELEASE/EXCULPATION OF NON-DEBTOR THIRD PARTIES
PURSUANT TO CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020
Case No. 19-30088 (DM)

Case: 19-30088   Doc# 7386   Filed: 05/15/20   Entered: 05/18/20 15:17:11   Page 7 of 8

expressly carve out the claims raised in the *Vataj* action; and (3) granting such other and further relief that the Court deems just and appropriate.

Dated: May 15, 2020                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Louis C. Ludwig
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: lcludwig@pomlaw.com
Email: pdahlstrom@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Co-Counsel for the Vataj Plaintiffs and the Class*