Signed and Filed: May 18, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 9019 (I) APPROVING SETTLEMENTS WITH FEDERAL AND STATE AGENCIES OF GOVERNMENTAL AGENCY FIRE CLAIMS, AND (II) GRANTING RELATED RELIEF** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated April 25, 2020 [Docket No. [6940]] (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 363(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) approving (a) the settlement, entered into as of April 21, 2020, by and among the Debtors, the TCC, FEMA, the SBA, and the other Federal Agencies, substantially in the form attached as Exhibit A to the Motion (the "**Federal Agency Settlement**"), and (b) the settlement, entered into as of April 21, 2020, by and among the Debtors, the TCC, and the State Agencies, substantially in the form attached as Exhibit B to the Motion (the "**State Agency Settlement**" and, together with the Federal Agency Settlement, the "**Governmental Fire Claims Settlements**"), and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Karotkin Declaration, and the various joinders to the Motion (including those filed at Docket Nos. 7018 and 7127); and this Court having determined that the legal and factual bases set forth in the Motion and the Karotkin Declaration establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, creditors, shareholders, and all other parties in interest; and upon the record of all of the proceedings had before this Court and this Court's Docket Text Order dated May 10, 2020, and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Federal Agency Settlement, in the form annexed hereto as **Exhibit A**, and the State Agency Settlement, in the form annexed hereto as **Exhibit B**, each represent a valid and sound exercise of the Debtors' and the TCC's business judgment and, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, are hereby approved in their entirety.

3. The Debtors and the TCC are authorized to enter into and perform under the Federal Agency Settlement and the State Agency Settlement, and execute and deliver all instruments and documents and take any additional actions as are necessary or appropriate to implement and effectuate the entry into and performance under each of the Federal Agency Settlement and the State Agency Settlement, including any transactions contemplated thereby.

4. The Federal Agency Settlement and the State Agency Settlement shall be binding upon and inure to the benefit of the Fire Victim Trustee, the Claims Administrator, respective predecessors, successors, assigns, heirs, legatees, affiliates, parents, subsidiaries, shareholders, officers, directors, employees, partners, agents, principals, attorneys, representatives, and professionals (as applicable) of the Parties to the extent provided by law.

5. As of, and conditioned upon the occurrence of, the Effective Date of the Federal Agency Settlement, the TCC's objection to the FEMA Fire Claims [Docket Nos. 4943 and 5319] and all joinders thereto are deemed withdrawn. As of, and conditioned upon the occurrence of, the Effective Date of the State Agency Settlement, the TCC's objection to the Cal OES Fire Claims (including Docket Nos. 5096 and 5320) and all joinders thereto are deemed withdrawn.

6. The failure to describe specifically or include any particular provision of, or documents related to, the Federal Agency Settlement or the State Agency Settlement in the Motion or this Order shall not diminish or impair the effectiveness of the either such agreement, it being the intent of this Court that each of the Federal Agency Settlement and the State Agency Settlement be approved in their entirety.

7. This Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Prime Clerk LLC, the claims and noticing agent in these Chapter 11 Cases, is authorized to update the Official Claims Register to reflect the terms of the Governmental Fire Claims Settlements.

10. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119