Signed and Filed: May 18, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:    May 12, 2020<br>Time:    10:00 AM<br>Place:   Courtroom 17<br>           450 Golden Gate Ave.<br>           16th Floor<br>           San Francisco, CA |

**ORDER DENYING MOTION TO DESIGNATE VOTES**

    On May 12, 2020, this court held a hearing on the Motion to Designate Improperly Solicited Votes Pursuant to 11 U.S.C. §§ 1125(b) and 1126(e) and Fed. R. Bankr. P. 2019 [dkt. 6799] ("Motion to Designate") filed by creditor William B. Abrams ("Abrams"). Appearances are reflected on the record. Several parties joined the motion: Karen Gowins (dkts. 6944 and 7073); Cheryl Maynard (dkt. 7004); wildfire survivors represented by

-1-

Wagner Law Group and Kabateck LLP (dkt. 6981); and wildfire survivors represented by Hallisey & Johnson, by Furth Salem Mason & Li, and the Law Offices of Francis Scarpella (dkt. 7140), filing jointly.

Those opposing the Motion to Designate and/or the various joinders include Watts Guerra LLP (dkts. 6801, 6972, 6973, 6983 and 7129) ("Watts Guerra") and wildfire survivors represented jointly by Marshack Hays LLP and the Singleton Law Firm, LLC (dkt. 6891). Debtors filed a response (dkt. 7128) to the Motion to Designate indicating that the procedures for the dissemination of the plan and disclosure statement, and all other solicitation materials (including recommendations prepared by counsel for wildfire survivors), complied with this court's Disclosure Statement and Solicitation Procedures Order (dkt. 6340).

After considering the motion, joinders, oppositions, responses, replies, and declarations, the court concludes that (1) Watts Guerra and Mr. Watts did not violate applicable bankruptcy rules or law, (2) a designation of votes of any of the wildfire survivors would unduly disenfranchise them, and (3) any alleged violation of the California Code of Professional Responsibility can be addressed by the State Bar, not this court.

I. THE ALLEGATIONS

Abrams alleges that the votes of wildfire survivors represented by Watts Guerra should be designated (or disqualified) because Mr. Watts purportedly acted in bad faith in encouraging his clients to accept a plan incorporating the

-2-

global settlement terms reached by – among others - the Debtors, the Official Committee of Tort Claimants (the "TCC"), and by wildfire survivors represented by Watts Guerra and other counsel. This settlement followed a multi-day negotiation ordered by this court and facilitated by a former bankruptcy judge.

In particular, Abrams contends that Watts Guerra did not properly disclose that its operational credit facility with its former lender had been assigned (1) to Centerbridge Partners, L.P., a bondholder of Pacific Gas & Electric Company (the "Utility") and a shareholder of PG&E Corporation and a member of the AdHoc Committee of Utility Bondholders [dkt. 4407], and (2) to Apollo Global Management, LLC, a DIP-loan noteholder and a holder of two other prepetition notes executed by the Utility [dkt. 6747]. Ironically, the source of this purportedly undisclosed information was Watts Guerra itself, which informed its clients at town meetings and in written transcripts of the loan assignment almost immediately after learning about it [dkt. 6973-1]. The record reflects that these disclosures were made at other town hall meetings, sometimes in writing, and for the most part well before the court approved the Debtors' Disclosure Statement.

Alleging (without particulars) that an all cash settlement with Debtors had been "bypassed by some survivor attorneys due to perverse financial incentives and cozy relationships with entrenched investors," Abrams contends that the votes of clients of Watts Guerra should not be included in any vote tally because the firm had a conflict of interest with those clients which

would require a written waiver from each client in order for that client's vote to count. In particular, he contends that Watts Guerra violated Fed. R. Bankr. P. 2019 and Rule 1.7 of the California Rules of Professional Conduct, thus justifying designation of the votes of a significant number of fellow wildfire survivors who are clients.

II. THE GOVERNING LAW

A. Sections 1125(b) and 1126(e)

The Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan of reorganization during the period beginning with the petition (here, January 29, 2019) and approval of a disclosure statement. See 11 U.S.C. § 1125(b). The court approved the Debtors' Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization on March 17, 2020 (dkt. 6740).

Regardless whether Watts Guerra or Mr. Watts did or did not make adequate disclosure for purposes of California law regulating attorneys, there is nothing in the record that they engaged in any efforts to solicit votes for or against what became and is the proposed plan.

In determining whether to designate votes under section 1126(e), the court must determine whether votes were solicited and procured in good faith.[1] The Bankruptcy Code does not define "good faith." Nonetheless, in a section 1126(e) case, the Ninth

---

[1] Section 1126(e) provides that "[o]n request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title."

-4-

Circuit held that a secured creditor acted in good faith even though it purchased unsecured claims and voted against a plan:

> [T]he concept of good faith is a fluid one, and no single factor can be said to inexorably demand an ultimate result, nor must a single set of factors be considered. It is always necessary to keep in mind the difference between a creditor's self interest as a creditor and a motive which is ulterior to the purpose of protecting a creditor's interest. Prior cases can offer guidance, but, when all is said and done, the bankruptcy court must simply approach each good faith determination with a perspicacity derived from the data of its informed practical experience in dealing with bankrupts and their creditors.

*In re Figter Ltd.*, 118 F.3d 635, 639–40 (9th Cir. 1997).

Applying its "perspicacity" to the facts of this case, the court is satisfied that the votes cast by the clients of the Watts Guerra were not procured in bad faith. Watts Guerra repeatedly disclosed to its clients at least the general contours of the loan acquisition. The plan was the result of a court-mandated mediated negotiation between Debtors, creditors, shareholders and bondholders (through their respective official and ad hoc committees), and the wildfire survivors (through the TCC and several attorneys representing the survivors). While Mr. Watts played a significant role, so did many other counsel. The court approved the disclosure statement after these mediated negotiations and after Watts Guerra disclosed to its clients that Centerbridge and Apollo had acquired ownership of its credit facility.

Nothing was hidden, and nothing justifies a conclusion that an all-cash settlement was "bypassed" by Watts Guerra "due to perverse financial incentives and cozy relationships with

-5-

entrenched investors."  Most important, these negotiations (and disclosures) took place BEFORE the court approved the Disclosure Statement and before Watts Guerra solicited votes of their clients and other wildfire survivors.  Even after these repeated disclosures, Watts Guerra's clients cast their votes for and against the proposed plan; the court will not approve efforts to designate, disqualify and disenfranchise these votes.

B. Federal Rule of Bankruptcy Procedure 2019

Abrams also contends that the votes of the clients of Watts should be designated because Watts Guerra did not make certain disclosures purportedly required by Fed. R. Bankr. P. 2019.  He cites no authority that the rule operates to counter what section 1126(e) validates on this record.  Nonetheless, the court must address the applicability of Rule 2019 and the remedies for any violation of it.

Under Rule 2019, a group, committee or entity[2] must file a verified statement setting forth information called for in subdivision (c) if it consists of or represents "multiple creditors or equity security holders" and that "take[s] a position before the court" or "solicit[s] votes on the confirmation of a plan" on behalf of multiple creditors or equity security holders who are "acting in concert to advance their common interests".  The entity must disclose each "disposable economic interest" it holds in relation to a debtor. Fed. R. Bankr. P. 2019(a) and (b).

---

[2] Section 101(15) of the Bankruptcy Code defines an entity as "a person, estate, trust, governmental unit, and United States Trustee.  In turn, the definition of "person" in section 101(41) includes individuals, partnerships, and corporations.

-6-

Watts Guerra does not represent any group or committee; it does represent thousands of wildfire survivor claimants. If it represented its thousands of clients "acting in concert", it must make these required disclosures.

Rule 2019 does not apply to Watts Guerra as it had not appeared before this court to take any position until the pending motion against it was filed. Its clients have not acted in concert, as indeed a specifically organized group might have done. Moreover, Watts Guerra is not soliciting votes "on behalf of multiple clients." Some of these clients have voted against the plan, thus further demonstrating that the clients are not acting "in concert" with each other with respect to vote solicitation. A law firm providing legal advice <u>to</u> its clients and recommending that they vote in favor of the plan is not the type of conduct the rule is intended to address. If it were, every professional representing more than a single client would be obligated to make the disclosures required by the rule. That is not the traditional practice before this and other bankruptcy courts.

Consequently, Rule 2019 is simply inapplicable here. Even if it were applicable, the court has wide discretion in determining the remedy for a failure to comply, as Rule 2019(e)(2)(C) permits the court to grant "other appropriate relief," including no relief. *In re Oklahoma P.A.C. First Ltd. P'ship*, 122 B.R. 387, 390 (Bankr. D. Ariz. 1990) ("a failure to comply with Bankruptcy Rule 2019(a) may result in the imposition of no sanctions or remedies under Bankruptcy Rule 2019(b).").

-7-

Disenfranchising the votes of individual wildfire survivors is not the appropriate remedy here.

III. CONCLUSION

The court has carefully considered the governing bankruptcy law, the arguments by counsel to various parties, and the differing opinions of the highly respected experts submitting declarations in support of positions asserted by Gowins and Watts Guerra. But no purpose would be served by parsing through those opinions because the applicable bankruptcy law vindicates Watts Guerra and Mr. Watts. The court concludes that the attenuated and disclosed relationship between Watts Guerra and Apollo and Centerbridge, prior to approval of the Disclosure Statement, does not justify designating the votes of the clients of Watts Guerra under section 1126(e) or sanctioning Watts Guerra under Rule 2019. If Watts Guerra did in fact violate the California Code of Professional Responsibility, any remedies for such violations are within the purview of the California State Bar. That purported violation does not implicate the Bankruptcy Code and Rules, and the clients of Watts Guerra should not be disenfranchised by a designation of their votes.

In light of the foregoing, Abrams' motion to designate votes is DENIED.

**END OF ORDER**

COURT SERVICE LIST

William B. Abrams
1519 Branch Owl Place
Santa Rosa, CA 95409