Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619) 236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for KAREN GOWINS Creditor,
And Many Wildfire Victim Creditors

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric<br>☒ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)* | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Karen Gowins and Many Wildfire Victims, by and through their undersigned counsel, hereby respectfully files this *Motion for an Appointment of An Examiner of Voting Procedural Irregularities Pursuant to Section 1104(c) of the Bankruptcy code and Bankruptcy Rule 2007.1.*

### JURISDICTION AND VENUE

The United State Bankruptcy Court for the Northern District of California ("the Court") has jurisdiction to appoint an examiner under 28 U.S.C. sections 147 and 1334. Venue is proper

MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES
PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1
USBC/NDCA No. 19-30088 (DM)

Case: 19-30088   Doc# 7427-2   Filed: 05/19/20   Entered: 05/19/20 17:54:39   Page 1 of 5

under 28 U.S.C. sections 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. section 147(b)(2). The statutory bases of the relief requested here are sections 1104 of the Bankuptcy Code and Rule 2007.1 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On January 29, 2019, the Debtors each filed the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and Debtors remain in possession.

The *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages and Related Notices; and (V) Granting Related Relief,* (Dkt. No. 6340), states: "[t]he **Solicitation Agent, on behalf of the Debtors and the Shareholder Proponents, shall cause the Solicitation Packages to be mailed by March 31, 2020, or as soon as reasonably practicable thereafter (the Solicitation Deadline.)**" p. 11:3-6.

The above order further states: "**The Voting Deadline. In accordance with the Scheduling Order, the Voting Deadline shall be May 15, 2020 at 4:00 p.m.** (Prevailing Pacific Time)" p. 19:17-18.

However, many Fire Victim Claimants did not receive the ballots and disclosure materials mandated by the above Order of the Court, or received them after May 15, 2020, the voting deadline. And, attorneys selecting the "Indirect Solicitation Method" did not receive the ballots and disclosure materials until they requested them and well into April although Debtors were

2

MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1
USBE/NDCA No. 19-30088 (DM)

required to see that they were mailed on March 31, 2020. (See Exhibits A-J)

Moving parties believe that a through, independent investigation of any fraud, neglect, incompetence misconduct, mismanagement or irregularity on the part of Debtors and their Noticing Agent is in the best interest of the Fire Victim Creditors in these jointly administered bankruptcy cases.

## RELIEF REQUESTED

By this Motion, the undersigned respectfully requests that the Court enter an Order pursuant to 11 U.S.C. section 1104(c) to conduct a thorough and independent investigation of potential misconduct and mismanagement on the part of the Debtors and Noticing Agent to determine whether Debtors' conduct was in the best interests of the bankruptcy estate.

## ARGUMENT

Section 1104(c) of the Bankruptcy Code mandates the appointment of an examiner under circumstances such as those present here:

> **(c)** If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court **shall** order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including **an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor** of or by current or former management of the debtor, if—
>
> **(1)** such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
> **(2)** the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

The list of investigations in Section 1104 (c) is illustrative, not exhaustive. *See e.g. Gordon Props., LLC v. First Owners' Ass'n of Forthy Six Hundred Condminium (In re Gordon Props., LLC)* 514 B.R. 449, 458 (Bankr. E.D. Va. 2013). The statute's requirements for the

3

MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1
USBE/NDCA No. 19-30088 (DM)
Case: 19-30088 Doc# 7427-2 Filed: 05/19/20 Entered: 05/19/20 17:54:39 Page 3 of 5

appointment of an examiner are that (1) no trustee has been appointed; (2) no plan has been confirmed; (3) a party in interest or the United States Trustee has requested an examiner; and (4) either (i) appointment of an examiner is in the interests of the creditors of the estate or (ii) the debtors' fixed, liquidated, unsecured debts to non-insiders exceed $5 million. The first three conditions are clearly satisfied in the instant matter – no trustee has been appointed, no plan has been confirmed, and parties in interest (Gowins and Many Wildfire Victim Creditors) have requested an examiner. The first prong of the last condition is also satisfied, as more fully discussed below, because the appointment of an examiner is in the interests of the creditors of the estate. Prong two of the last condition is also met because Debtors' clearly have more than $5 million in debt.

The appointment of an examiner is in the best interests of creditors where such appointment allows for a thorough and independent examination and is necessary to be made into very serious allegations. *In re JNL Funding Corp.* 438 Bank. 356 ( E.D.N.Y. 2010)

The docket of the Court contains many examples of violations of the Court's order that Fire Victim Creditors were to have ballots mailed to them or their attorneys (depending on which voting method was selected) by March 31, 2020. And, the deadline to vote was May 15, 2020. The following Exhibits hereto are illustrative of these violations.

Exhibit 'A' – demonstrates a Fire Victim Creditor did not receive a ballot until three and one-half hours before the voting deadline; another Fire Victim Creditor did not receive a ballot until three days before the deadline and a third Fire Victim Creditor received a ballot, but no *disclosure* materials.

Exhibit 'B' – A Fire Victim Creditor received a voting package **after the deadline.**

Exhibit 'C' – A Fire Victim Creditor received a voting package **after the deadline.**

4

MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES
PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1
USBE/NDCA No. 19-30088 (DM)

Case: 19-30088 Doc# 7427 Filed: 05/19/20 Entered: 05/19/20 17:54:20 Page 4 of 5

Exhibit 'D' – A Fire Victim Creditor received ballot **three days after the voting deadline.**

Exhibit 'E' - Declaration of A Fire Victim Creditor who had not received her ballot as of **May 6, 2020.;** Declaration of a Fire Victim Creditor who was bullied by her former attorney to vote 'Yes.' (Dkt. No. 7140)

Exhibit 'F' – Emergency Motion to Stay Voting Deadline, filed in the Court on **May 11, 2020**, by a Fire Victim Creditor who had not received her ballot by that day. (Dkt. No. 7141.)

Exhibit 'G' – Affidavit of Dustin Cooper, attorney for Fire Victim Creditors, who had selected an "Indirect Solicitation Method" and did not receive ballots until **May 6, 2020.** (Dkt. No. 7162)

Exhibit 'H' – Affidavit of Joseph Luca, attorney for Fire Victim Creditors, who had selected an "Indirect Solicitation Method" and did not receive ballots until **April 24, 2020**, (Dkt. No. 7014)

Exhibit 'I' – Notice of Plan Voting Procedural Irregularities, demonstrating attorneys using voting procedural devices to obtain "No" votes. (Dkt. No. 7069, 7069-1 through 10)

Exhibit 'J' – Second Notice of Voting Procedural Irregularties, delineating situations where ballots not received or received very late, solicitation packages with cover letters from the wrong attorneys and much suspicion and distrust by Fire Victim Creditors of the 'Master Ballot" system. (Dkt. No. 7186, 7186-1 through 9)

    Clearly, all of these samples of irregularities and utter violation of the Court's Order call for examination. An examiner should be appointed as soon as practicable. Therefore, moving parties request that the Court enter an Order appointing a disinterested examiner to conduct a thorough examination to determine whether the Fire Victim Creditors should remain disenfranchised.

Date: May 19, 2020.        THE KANE LAW FIRM

                                    /s/ Bonnie E. Kane
                                BONNIE E. KANE
                                Attorneys for Karen Gowins and Many Wildfire Creditors

5

MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING PROCEDURAL IRREGULARITIES PURSUANT TO SECTION 104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1

Case: 19-30088   Doc# 7427-2   Filed: 05/19/20   Entered: 05/19/20 17:54:39   Page 5 of 5

USBE/NDCA No. 19-30088 (DM)