# EXHIBIT I

1  Thomas Tosdal SBN 67834
   Tosdal Law Firm APC
2  777 S. Highway 101, Ste. 215
   Solana Beach, CA 92075
3  Tel.: (858) 704-4709
   E mail: tom@tosdallaw.com
4  Fax: (888) 740-3859

5  Michael S. Feinberg SBN 81867
   41911 Fifth Street, Ste. 300
6  Temecula, CA 92590
   Tel.: (951) 698-9900
7  E mail: feinberg@feinbergfitchlaw.com
   Fax: (951) 698-9909

8
   Angela Jae Chun SBN 248571
9  Law Office of Angela Jae Chun
   777 S. Highway 101, Ste. 215
10 Solana Beach, CA 92075
   Tel.: (619) 719-5757
11 E mail: ajc@chun.law

12 Attorneys for Certain Fire Victims
   of the 2017 North Bay fires and 2018 Camp fire

13

14

15              UNITED STATES BANKRUPTCY COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18
   In Re:                          Case No. 19-30088-DM
19
   PG&E CORPORATION                 **NOTICE OF PLAN VOTING**
20                                  **PROCEDURE IRREGULARITIES**
   and
21
   PACIFIC GAS & ELECTRIC COMPANY,
22
           Debtors.
23

24
   TO THE COURT AND ALL COUNSEL
25
26      This notice is filed by the undersigned counsel for many (1,021) persons and

27 businesses who suffered harm caused by the Atlas (Napa), Redwood Valley (Mendocino),

28 and Camp (Paradise) fires.

In the last two weeks, irregularities in voting procedures have come to our attention. The irregularities are found in two areas: (1) vote solicitation conduct by some plaintiffs law firms and (2) duplicate, late or missing ballots or voter identification numbers.

**1. Some Plaintiffs Law Firms Are Making It More Difficult For Their Clients To Vote To Reject Than Accept PG&E's Plan**

Text messages from law firms and complaints from fire victims found on fire victim social media platforms indicate some law firms favoring acceptance of the plan are making it more difficult for a fire victim to vote to reject the plan than to accept it. Such a procedure is neither accepted nor customary, has a chilling effect on voting to reject the plan, and erodes confidence in the outcome of the vote.

The holder of a claim or interest allowed under section 502 of the Bankruptcy Code may accept or reject a plan. (11 U.S.C. section 1126(a).) A class of claimants accept a plan if at least two thirds of the amounts of the claims and one half of the number of claimants accept the plan. (*Id.* at subdivision (c).) The Fire Victims comprise the largest class of claimants. This Court has assigned almost all fire victims a claim value of one dollar each for purposes of voting on the plan, so two thirds of the fire victims need to vote to accept PG&E's plan.

The Bankruptcy Court has approved voting procedures by which fire victims may vote to "Accept" or "Reject" the plan. (Doc. 6340-1.) One method is called Direct Solicitation, whereby ballots are sent to claimants, who vote either electronically or by mail directly to PG&E's Solicitation Agent, PrimeClerk, which records and tabulates the votes. Another method is the Master Ballot Solicitation Method, whereby a law firm representing fire claimants solicits votes from its clients through "accepted and customary procedures,"

Case: 19-30088    Doc#NOTICE OFILEDA05/0912OG PROCEDURROSFOR20VAR05I28    Page 2 of
Case: 19-30088    Doc# 7427-12    Filed: 05/19/20    Entered: 05/19/20 17:54:39    Page 3
of 29

In the last two weeks, irregularities in voting procedures have come to our attention. The irregularities are found in two areas: (1) vote solicitation conduct by some plaintiffs law firms and (2) duplicate, late or missing ballots or voter identification numbers.

**1. Some Plaintiffs Law Firms Are Making It More Difficult For Their Clients To Vote To Reject Than Accept PG&E's Plan**

Text messages from law firms and complaints from fire victims found on fire victim social media platforms indicate some law firms favoring acceptance of the plan are making it more difficult for a fire victim to vote to reject the plan than to accept it. Such a procedure is neither accepted nor customary, has a chilling effect on voting to reject the plan, and erodes confidence in the outcome of the vote.

The holder of a claim or interest allowed under section 502 of the Bankruptcy Code may accept or reject a plan. (11 U.S.C. section 1126(a).) A class of claimants accept a plan if at least two thirds of the amounts of the claims and one half of the number of claimants accept the plan. (*Id.* at subdivision (c).) The Fire Victims comprise the largest class of claimants. This Court has assigned almost all fire victims a claim value of one dollar each for purposes of voting on the plan, so two thirds of the fire victims need to vote to accept PG&E's plan.

The Bankruptcy Court has approved voting procedures by which fire victims may vote to "Accept" or "Reject" the plan. (Doc. 6340-1.) One method is called Direct Solicitation, whereby ballots are sent to claimants, who vote either electronically or by mail directly to PG&E's Solicitation Agent, PrimeClerk, which records and tabulates the votes. Another method is the Master Ballot Solicitation Method, whereby a law firm representing fire claimants solicits votes from its clients through "accepted and customary procedures,"

Page 2

Case: 19-30088    Doc#NOTICE OFILEDA05/0912OG PROCEDURROSFOR20VAR05I28    Page 2 of
Case: 19-30088    Doc# 7427-12    Filed: 05/19/20    Entered: 05/19/20 17:54:39    Page 3
of 29

which can be by electronic mail, telephone, or other acceptable and customary method. The law firm is then to record the votes of its clients and forward them on a master ballot to PrimeClerk for tabulation. Law firms electing this procedure "shall meet all applicable standards to receive informed consent from its Fire Victim Clients." (Doc. 6340 p. 12.)

There appear to be various devices used by some law firms to make it harder to vote to reject the plan. The attached exhibits are examples of some of these devices. These exhibits were obtained from fire victim social media platforms.  The devices include:

- A law firm telling its clients it will vote "yes" for them but to call the firm if any client disagrees with a "yes" vote (Exhibit 1),
- A law firm soliciting a "yes" vote by text but requiring a different method to register a "no" vote (Exhibit 2),
- A law firm providing a client with an easy click to vote "yes" but requiring a client type in "no" (Exhibit 3),
- A law firm requesting a client's agreement for the firm to vote for the client but not recognizing a "no" answer to the request (Exhibit 4),
- A law firm requesting a client vote by e mail with the word "accept" (Exhibit 5),
- A law firm telling a client the firm will assume a "yes" vote unless the client lets the firm know the client wants to vote "no."  (Exhibit 9).

Procedural devices that make it harder for fire victims to vote to reject the plan cross the line and undermine confidence in the vote.

These irregularities were brought to the attention of the District Court by a filing on April 27, 2020, in anticipation of a status conference to be held on April 30.  With two weeks left until voting terminates on May 15, 2020, the District Court was requested to

intervene to instruct all counsel to put voting for or against the plan on equal procedural footing and not encumber in any way a fire victim's right to vote to reject the plan. But the District Court declined to take up the request and instead cancelled the status conference. By the time any request to this Court for a proscriptive remedy can be heard, little time will be left in the voting period for any such remedy to have effect. Accordingly, this notice and attached evidence of voting procedure irregularities are provided to the Court and made part of the record of this bankruptcy case in the event the Court holds a hearing on voting procedures.

## 2. Missing, Late, and Duplicate Ballots

PG&E's solicitation agent is vested with the responsibility of timely and accurately sending to each fire victim or his/her attorney solicitation packages containing among other things the Disclosure Statement, a ballot, and unique voter identification number. Irregularities have occurred in the solicitation process in the form of duplicate, late, and missing ballots and voter identification numbers.

A press report by KQED on May 4, 2020, is entitled "As PG&E Fire Survivors Near Deadline to Vote on Settlement, Some Still Don't Have Ballots." (Exhibit 6.) The article states that some 50 fire claimants have sent messages that they have yet to receive ballots. It is unknown how many fire victims in total have not yet received ballots.

A declaration filed in this Court by an attorney, Joseph Lucia, reports his firm did not receive solicitation packages from PrimeClerk for his clients until April 28, 2020, four weeks after voting commenced. (Lucia Decl., Doc. 7014.)

A social media post by a fire victim on May 4, 2020, reports she received from PrimeClerk two solicitation packages with a total of eight ballots with unique voter

Page 4

Case: 19-30088   Doc# NOTICE OF FILED: 05/19/20   Entered: 05/19/20 14:05:28   Page 4 of
Case: 19-30088   Doc# 7427-12   Filed: 05/19/20   Entered: 05/19/20 17:54:39   Page 5 of 29

identification numbers. She had amended her claim, but PrimeClerk sent her ballots for the both the original and amended claim. (Exhibit 7.) If duplicate ballots were sent for all amended claims, the amount of ballot duplication could be significant.

In another social media post on May 4, 2020, a fire victim complained she and her attorney had been unable to get her voting identification number and "many people are saying they don't have one either." (Exhibit 8.)

Potentially significant irregularities in the ballot solicitation procedures have occurred.

### 3. Conclusion

These many voting procedure irregularities are brought to the Court's attention for whatever action the Court deems appropriate at this time. Should the Court hold a hearing on voting issues, it is requested the irregularities identified in this notice be addressed as well.

Dated: May 5, 2020                               TOSDAL LAW FIRM


                                                 /s/ Thomas Tosdal
                                                 Thomas Tosdal, Esq.
                                                 Attorneys for Certain Fire Victims
                                                 of the 2017 North Bay fires and 2018
                                                 Camp fire

Page 5

Case: 19-30088    Doc# 7427-12    Filed: 05/19/20    Entered: 05/19/20 17:54:39    Page 5 of
Case: 19-30088    Doc# 7427-12    Filed: 05/19/20    Entered: 05/19/20 17:54:39    Page 6
of 29

# Exhibit 1



# Exhibit 2



7h **Like** **Reply**



Not everyone will receive
packets. My law office
advised me if able to
receive texts then that is
the way you vote and no
ballot or packet will come
to you. Not sure if this is
what people represented
by various firms are being
told or just how my law firm
is managing. And yes we
can only vote yes through
text but no vote required a
different method.

7h **Like** **Reply**  2

 Write a comment... GIF ☺

     

Exhibit 3



**Wildfire Victims Settlement Discussion Group**

**Wildfire Victims Settlement Discussion Group**
🔒 Private group

About

Discussion

Announcements

3 hrs

I just noticed that on the email from our attorneys, there is a "yes" option but no 'no' option, you have to type that one in!! They think of everything.

👍😮 4

10 Comments

👍 Like          💬 Comment

Exhibit 4

 **14** ›





I got two texts yesterday from Frantz Law group asking if they could cast my vote for me. When I responded "No" a text came back that they did not recognize my answer. Hahaha!

**1h** **Like** **Reply**

 2

# Exhibit 5




My attorney wants me to vote by responding to an email with the word "accept." To me this seems really problematic. I don't want to vote that way. I want to know my vote was registered in the correct place. I emailed the law office twice asking for a ballot number so I can vote directly on the prime clerk website. I haven't gotten a response. It's concerning to me that the lawyers are using this method of vote counting. It requires me to have a lot more trust than I actually have for them.

3w   Like   Reply                     5

⬚ Write a comment...                 

Exhibit 6

News    Election 2020    Politics    Education    Housing    Immigration    Criminal Justice    Silicon

——————— THE CALIFORNIA REPORT

## As PG&E Fire Survivors Near Deadline to Vote on Settlement, Some Still Don't Have Ballots

By Lily Jamali    May 4    



The PG&E logo is displayed on a sign in front of the PG&E Service Center on Jan. 15, 2019, in San Rafael. *(Justin Sullivan/Getty Images)*

With less than two weeks to go in a six-week vote by Northern California fire victims on a multibillion-dollar settlement deal with PG&E, some are still waiting to receive ballots.

"I haven't received anything, and my friend in Paradise has not received one either," said Camp Fire survivor Vada Bouffard, who lost her home in Paradise and now lives in Knoxville, Tennessee.

Carolyn Acosta finds herself in the same situation. She got an email message from the court on April 3 informing her that she would be receiving a customized ballot in the mail.

"Here is it, May, and no ballot," said Acosta, who relocated to Nampa, Idaho, from the Butte County community of Magalia after her rented home was damaged in the Camp Fire. "There may be thousands of others who haven't gotten it."

Voting began on April 1 for wildfire victims with claims against PG&E — a group comprised of about 70,000 people. For PG&E's bankruptcy plan to move forward, two-thirds of those who vote on the plan must must approve it. Voting ends on May 15 as the utility races to exit bankruptcy by June 30 so it can tap a state wildfire insurance fund.

Sponsored

**personal** CAPITAL    Learn More

Neither Bouffard nor Acosta are represented by attorneys. They, and as many as 15,000 other PG&E fire survivors who don't have legal representation in the case, are relying on PG&E and legal services contractor Prime Clerk to receive the settlement and voting information.

After KQED first reported on potential ballot delays last week, lawyer and Nuns Fire survivor Helen Sedwick started checking in with fellow fire victims.

She says about 50 fire survivors have emailed or messaged her to say that they have not received voting materials by mail.

"I would say something has gone terribly wrong in the ballot distribution process that cannot be ignored," Sedwick said. "PG&E or the attorneys must reach out to claimants with this information. Claimants should not be expected to go looking for the materials."

The problem is not limited to victims without lawyers.

Pleasant Hill-based law firm Rains Lucia Stern, which represents about 50 fire victims, told the bankruptcy court in an affidavit filed April 30 that the coronavirus pandemic caused a weeks-long slowdown in the process of getting voting materials to clients.

Attorney Joseph Lucia wrote that Prime Clerk alerted his office in mid-April "that COVID-19 had caused delays in mail arriving in a timely manner." In response, he said his firm electronically sent solicitation packages with ballots to clients starting on April 21. It wasn't until last week, Lucia wrote, that the hard-copy solicitation documents started to show up in the mail at the firm.

Prime Clerk did not respond to KQED's request for comment.

A spokesperson for PG&E did not directly address questions about the delay, but said, "We continue to work diligently to obtain approval for our plan of reorganization by the Bankruptcy Court as soon as possible, so victims will be paid fairly and quickly."

The involvement of Wall Street interests poised to reap a windfall from the bankruptcy has left survivors like Acosta on edge. A group of mass tort lawyers has also been pushing for approval of the settlement, securing thousands of "yes" votes by text and other electronic methods. Voting

online may end up being the only option, even for those wary of the integrity of the voting process.

"Why should I have to do that? They said they were going to mail it. How many others have not received theirs?" Acosta asked, noting that some fire survivors cannot afford reliable internet and cellular service or do not have easy access because of where they live. "You wonder who is actually overseeing the mailing."

Jared Ellias, a professor of bankruptcy law at UC Hastings, said the responsibility of ensuring claimants receive their solicitation packages rests with PG&E and Prime Clerk, the claims agent. But given the number of people making claims in the case, he said it's not surprising that there might be problems reaching them all.

"This is a big, complicated, messy process and it was never going to be 100 percent perfect," Ellias said. "And it's up to the bankruptcy judge to make sure that it's close enough so we can all feel confident that justice was done when it comes to the outcome of this voting process."

## Voting on a Plan That's 'Not Completed'

Bouffard, the fire refugee now living in Tennessee, says that even if she had her ballot, it's still not completely clear what survivors are voting on.

Lawyers for the official committee that represents survivors in the case said last week that even as the vote takes place, they are in mediation with PG&E and other stakeholders over key terms of the deal, like when and how much the utility will pay into the survivors' trust.

"Why are we being asked to vote on something that's not completed? That just seems crazy," Bouffard said.

On paper, the settlement is worth $13.5 billion, with PG&E paying half in cash and half as PG&E stock. But with the COVID-19 pandemic roiling financial markets, the stock component may be worth less than what PG&E promised, say lawyers for the official committee of fire survivors.

"This case is not over," wrote committee attorney Robert Julian Wednesday in a brief to U.S. District Judge James Donato, who is charged with estimating the total amount of PG&E's liabilities.

In hopes of preventing "current fire victims from bearing the financial risk of a future wildfire," Julian wrote, the committee is seeking guarantees that PG&E will not withhold the first round of payment to the victims' trust until after the coming fire season.

In early April, Julian told U.S. Bankruptcy Judge Dennis Montali that when the committee agreed to the settlement, it believed PG&E would pay the cash portion by Aug. 29, before the height of the 2020 fire season.

**RELATED COVERAGE**

PG&E to Remove Most of Its Board, But Plan Still Falls Short of Governor's Demands

PG&E 'Cheated on Maintenance,' Judge Says — Then Orders New Probation Conditions

Wall Street Ties of Lawyer for PG&E Fire Victims Have Some Survivors Querying Settlement Vote

PG&E bankruptcy attorney Steven Karotkin told Montali PG&E never offered a concrete commitment to pay the cash by that date.

"We will make the initial funding to the Fire Victim Trust upon our emergence from Chapter 11," a PG&E spokesperson said this week. "We are on track to have our plan confirmed by June 30, 2020, and are currently targeting our emergence from Chapter 11 on or before August 29, 2020."

Some fire survivors are laying blame not just at the feet of PG&E, but on the survivors' committee, which saw three fire victims resign in protest in late March and early April. Camp Fire survivor Kirk Trostle, who was the first to step down, called the settlement "deeply flawed and very risky for all fire victims" in his resignation letter.

After those resignations, the committee started publicly pushing for the guarantees from PG&E.

"The [committee] is finally waking up to how they were outlawyered by PG&E and Wall Street," said Sedwick.

## KQED

## Stay in touch. Sign up for our daily newsletter.

Enter your email    Sign Up

## KQED
## Local. Trusted. Essential.

Donate Now

Copyright © 2020 KQED Inc. All Rights Reserved.  Terms of Service  Privacy Policy  Inside the Reporting Process  Contact Us

CORONAVIRUS

# Exhibit 7

## Posted on May 4, 2020:



# Exhibit 8

Posted on May 4, 2020:

 ▶ **Wildfire Victims Settlement Discussion Group**

1 hr · 🖼

i still cant get a voting id number, my attorney sent a letter in e-mail saying they are working with pg and e to get me one , and that many people are saying they dont have one either

i still have 10 days left to vote

👍😮😢 5                    4 Comments

👍 Like               💬 Comment

Exhibit 9

**Posted May 4, 2020:**



██████████████

My attorney sent me a text that says that if we want to vote no we have to let them know. Otherwise it will be assumed a yes.

1d   Like   **Reply**   😢😮 4

**View 1 previous reply...**

1   Thomas Tosdal SBN 67834
    Tosdal Law Firm APC
2   777 S. Highway 101, Ste. 215
    Solana Beach, CA 92075
3   Tel.: (858) 704-4709
    E mail: tom@tosdallaw.com
4   Fax: (888) 740-3859

5   Michael S. Feinberg SBN 81867
    41911 Fifth Street, Ste. 300
6   Temecula, CA 92590
    Tel.: (951) 698-9900
7   E mail: feinberg@feinbergfitchlaw.com
    Fax: (951) 698-9909
8
    Angela Jae Chun  SBN 248571
9   Law Office of Angela Jae Chun
    777 S. Highway 101, Ste. 215
10  Solana Beach, CA 92075
    Tel.: (619) 719-5757
11  E mail: ajc@chun.law

12

13              UNITED STATES BANKRUPTCY COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17   In Re:                          Bankr. Case
                                     No. 19-30088-DM
     PG&E CORPORATION
18                                   Chapter 11
      and
19                                   **CERTIFICATE OF SERVICE**
     PACIFIC GAS & ELECTRIC COMPANY,
20
           Debtors.
21

22

23

24

25   I, Angela Jae Chun, do declare and state as follow:

26      1.   I declare that I am over the age of 18 years, and not a party to the action.  I am

27           employed in the County of San Diego, California.  My business address is 777 S.
28
             Highway 101, Ste 215, Solana Beach, CA 92075.

2. I certify that on May 5, 2020, I electronically filed with the Clerk of Court using the CM/ECF system, which will electronically serve all parties in this action, the following documents:

   **NOTICE OF PLAN VOTING PROCEDURE IRREGULARITIES**

3. On May 5, 2020, I placed a copy of the above documents,  in a sealed envelope with postage  fully prepaid and addressed to the non-CM/ECF participants indicated on the Manual Notice List for collection and mailing at Tosdal Law Firm, 777 S. Highway 101, Ste 215, Solana Beach, CA 92075, in accordance with the firm's ordinary business practices.

   I declare under penalty of perjury the foregoing is true and correct.  Executed on this 5th day of May 2020 in Solana Beach, California.

   _/s/  Angela J. Chun_
   Angela Jae Chun