RICHARD C. PEDONE (admitted *pro hac vice*)
rpedone@nixonpeabody.com
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: 617-345-1000
Fax: 617-345-1300

LOUIS J. CISZ, III (SBN 142060)
lcisz@nixonpeabody.com
HILLARY BACA (SBN 288068)
hbaca@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center
32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for *CALIFORNIA SELF-INSURERS' SECURITY FUND*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION**, | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **STATEMENT AND RESERVATION OF RIGHTS WITH RESPECT TO CONFIRMATION OF THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020** |
| **Debtors**. | |
| ☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>☒  Affects both Debtors | |
| *\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | |

The California Self-Insurers' Security Fund ("CSISF"), by and through its counsel, hereby files this statement and reservation of rights (the "Statement") with respect to confirmation of the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March*

4829-7185-7084.5

*16, 2020* [Docket No. 6320] (as may otherwise, from time-to-time, be amended, modified or supplemented, the "Plan").[1]  In connection therewith, CSISF respectfully states as follows:

**STATEMENT**

Prior to the Petition Date, Pacific Gas and Electric Company and certain affiliates (the "Debtors") elected to self-insure their workers' compensation obligations under sections 3700 and 3701 of the California Labor Code (the "Self-Insurance Program").

Section 3701 of the California Labor Code requires self-insured employers to deposit security for their obligations in the form of either a surety bond issued in favor of the Director of the Department of Industrial Relations for the State of California (the "Director"), cash or marketable securities, or an irrevocable letter of credit.  The amount of the security to be posted by the self-insured employer is determined by, and may be increased or decreased from time to time by, the Director in consultation with CSISF, pursuant to established rules.

On the eve of, and in the first hours of these cases, CSISF and the Debtors reached agreement on an additional amount of security to be provided by the Debtors that would allow their continued participation in both the Self-Insurance Program as well as the Alternative Security Program administered under 3701.8 of the California Code (the "ASP") during the pendency of these Chapter 11 cases.  *See* DIP Facility Order, ¶ 4(b)(i).  Upon the occurrence of the Effective Date, however, the amount security provided under the DIP Facility Order is to be released and, concurrent with the release of the security, the Debtors right to participate in the Self-Insurance Program and ASP will lapse.  *See id.*

In that regard, CSISF has been engaged in active discussions with the Debtors to facilitate the Reorganized Debtors' participation in the Self-Insurance Program and ASP upon the occurrence of the Effective Date as well as the amount and scope of security necessary to facilitate such

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

4829-7185-7084.5

- 2 -

participation.[2] CSISF and the Debtors have reached an agreement concerning language to be included in any order confirming the Plan (the "Confirmation Order") to address that transition. Specifically, the Debtors have agreed to include the following language in any order confirming the Plan:

> The Reorganized Debtors have elected to self-insure their workers' compensation liabilities with the authority of the Director (the "Director") of the Department of Industrial Relations (in accordance with section 3701 of the California Labor Code) (the "Self-Insurance Program") and participate in the Alternative Security Plan (as established pursuant to section 3701.8 of the California Labor Code) (the "ASP") upon emergence from these Chapter 11 Cases. The Director and CSISF have authorized such participation contingent on the Reorganized Debtors' ongoing compliance with the foregoing provisions of the California Labor Code. The following provisions of this Order shall govern the Reorganized Debtors' transition from participation in accordance with the agreements and orders reflected in Paragraph 4 of the DIP Facility Order to participation in the Self-Insurance Program and the ASP in accordance with applicable law under the foregoing provisions of the California Labor Code after the occurrence of the Effective Date:
>
> (i) Notwithstanding the entry of this Order, until the occurrence of the Effective Date, the provisions of the DIP Facility Order shall continue to govern and the "CSISF Liens" as defined in the DIP Facility Order and the CSISF Cash Collateral posted pursuant to paragraphs 4(b)(i) and (iv) of the DIP Facility Order shall remain in place.
>
> (ii) Upon the occurrence of the Effective Date, and upon the posting of the required amount of the security deposit, if any, as determined by the Director and CSISF in accordance with section 3701 of the California Labor Code, the CSISF Liens shall be automatically released in accordance with paragraph(b)(vi) of the DIP Facility Order. All CSISF Cash Collateral currently held by CSISF and the Director shall be maintained and shall be applied toward the security deposit, if any, required to be posted by the Reorganized Debtors. To the extent such CSISF Cash Collateral is in excess of the amount of such security deposit, such excess shall be promptly returned to the Reorganized Debtors. Neither the Plan nor this Order alters the rights of CSISF and the Director with respect to the Reorganized Debtors' continued participation in the Self-Insurance Program and the ASP after the Effective Date.

---

[2] To that end, and to allow the parties sufficient time to resolve any outstanding issues consensually, the time by which CSISF was required to file a Plan Objection, or otherwise respond to the Plan, was ultimately extended to May 20, 2020 at 1:00 p.m. (Pacific Prevailing Time) by way of stipulation and order. *See* Docket Nos. 7395, 7403.

4829-7185-7084.5

Contingent on the inclusion of such language CSISF does not have any objection to the Plan.

**<u>RESERVATION OF RIGHTS</u>**

By and through this Statement, the CSISF reserves its right to object to the Plan in the event that it changes in any material respect that impacts CSISF, or the forgoing agreed language is not included in the Confirmation Order.

DATED: May 20, 2020

NIXON PEABODY LLP

By: /s/ *Richard C. Pedone*
RICHARD C. PEDONE (*pro hac vice*)
rpedone@nixonpeabody.com
Exchange Place
53 State Street
Boston, MA 02109
Tel: 617-345-1000
Fax: 617-345-1300

LOUIS J. CISZ, III (SBN 142060)
lcisz@nixonpeabody.com
HILLARY BACA (SBN 288068)
hbaca@nixonpeabody.com
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300

*Attorneys for CALIFORNIA SELF INSURERS' SECURITY FUND*

4829-7185-7084.5