# Exhibit F

## JH Kelly Answer to AECOM Cross-Complaint

ERIC A. GRASBERGER (Admitted *Pro Hac Vice*)
MARIO R. NICHOLAS (SBN 273122)
eric.grasberger@stoel.com
mario.nicholas@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Plaintiff
JH Kelly, LLC

**FILED**

JUL 30 2019

CLERK OF THE SUPERIOR COURT
BY: S. MURILLO, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SHASTA

| | |
|---|---|
| JH KELLY, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC., a purported California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 192600<br><br>**PLAINTIFF JH KELLY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT** |

Plaintiff JH Kelly, LLC ("JH Kelly") hereby answers Defendant AECOM Technical Services, Inc.'s ("AECOM") unverified Cross-Complaint ("Cross-Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d) and other applicable law, JH Kelly generally denies each and all of the allegations of the Cross-Complaint, and each purported cause of action therein, and, without limitation on the generality of the foregoing, denies that AECOM has been damaged in any amount, or at all, by any act or omission of JH Kelly.

**AFFIRMATIVE DEFENSES**

In addition, as separate and independent defenses, JH Kelly alleges as follows:

-1-

PLAINTIFF JH KELLY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT
AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT -- Case No. 192600

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

BY FAX

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim upon Which Relief Can Be Granted)

1. The Cross-Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against JH Kelly.

## SECOND AFFIRMATIVE DEFENSE

(Breach of Contract)

2. AECOM has breached the Subcontract and therefore is not entitled to recovery against JH Kelly.

## THIRD AFFIRMATIVE DEFENSE

(Causation)

3. Any purported loss, damage, or injury suffered by AECOM was not caused by any act or omission, wrongful or otherwise, of JH Kelly, which acted in good faith at all times in connection with the matters alleged in the Cross-Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred because AECOM is estopped from complaining of the acts or conduct alleged in the Cross-Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Consent)

5. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred due to the doctrine of consent.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred due to the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred due to the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

(Laches)

8. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred due to the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

(Uncertainty)

9. AECOM's Cross-Complaint, and each and every cause of action asserted therein is vague, ambiguous, and uncertain.

### TENTH AFFIRMATIVE DEFENSE

(Consent/Ratification)

10. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred because AECOM ratified all conduct surrounding the occurrences alleged in the Cross-Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(AECOM's Own Conduct)

11. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred to the extent that damages are the result of acts or omissions committed by AECOM or those for whom AECOM is responsible.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Fully Perform)

12. AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred because AECOM has failed to and cannot fully perform its obligations to JH Kelly, including contractual allegations.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

13.  AECOM's Cross-Complaint, and each and every cause of action asserted therein, is barred because, at all times complained of, JH Kelly acted without malice and in good faith, and all actions taken by JH Kelly were taken for lawful reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

14.  AECOM has failed and neglected to use reasonable care to minimize and mitigate losses, injury, and damages complained of, if any, and has knowingly and deliberately engaged in conduct that would have aggravated its purported damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

15.  AECOM's claims, in whole or in part, are barred because it seeks relief that would result in unjust enrichment of AECOM.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Offset)

16.  JH Kelly has claims against AECOM in amounts exceeding the amounts claimed by AECOM in this action. AECOM's recovery, if any, must be reduced by the amount of the offsets of JH Kelly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Indemnification)

17.  Should AECOM recover damages from JH Kelly for the Valve Strike (as defined in the Cross-Complaint), JH Kelly is entitled to indemnification, in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to AECOM's damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

18. The damages sustained by AECOM, if any, were fully or in part the fault of others, including AECOM, whether the fault be the proximate result of negligence, or any other type of fault, caused by persons, firms, corporations, or entities other than JH Kelly, and that negligence or fault bars AECOM's recovery or comparatively reduces the percentage of fault or negligence, if any, that can be asserted against JH Kelly by AECOM.

## NINETEENTH AFFIRMATIVE DEFENSE

(Other Defenses)

19. JH Kelly reserves all rights to supplement this answer with additional denials and/or affirmative defenses as further facts are discovered in this litigation.

**WHEREFORE**, JH Kelly prays as follows:

1. That AECOM take nothing by way of this action;
2. That JH Kelly be awarded judgment in the amount of its claims, including without limitation interest and attorneys' fees as provided by contract and/or law;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems fit and proper.

DATED: July 30, 2019

STOEL RIVES LLP

By: _____
ERIC A. GRASBERGER, Admitted *Pro Hac Vice*
MARIO R. NICHOLAS, SBN 273122
Attorneys for Plaintiff JH KELLY, LLC

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-5-

PLAINTIFF JH KELLY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT – CASE NO. 19-2600

Case: 19-30088   Doc# 7447-7   Filed: 05/15/20   Entered: 05/21/20 08:15:22   Page 6 of 7

# DECLARATION OF SERVICE

I declare that I am over the age of 18 years and not a party to this action. I am employed in the City of Portland and County of Multnomah and my business address is 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205.

On July 30, 2019, at Portland, Oregon, I served the attached document:

**PLAINTIFF JH KELLY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AECOM TECHNICAL SERVICES, INC.'S CROSS-COMPLAINT**

on the following parties:

| | | |
|---|---|---|
| C. Scott Penner, SBN 124826 | Robert M. Harding, SBN 101751 | Marsha Houston, SBN 129956 |
| S. Jay Terry (PHV pending) | Randall C. Nelson, SBN 138298 | Christopher Rivas, SBN 238765 |
| Carney Badley Spellman, P.S. | Carr, Kennedy, Peterson & Frost | Reed Smith LLP |
| 701 Fifth Avenue, Suite 3600 | 420 Redcliff Drive | 355 South Grand Avenue, Ste 3900 |
| Seattle, WA 98104-7010 | Redding, CA 96002 | Los Angeles, CA 90071-1514 |
| Phone: (206) 622-8020 | Phone: (530) 222-2100 | |

Attorneys for Defendant/Cross-Complainant AECOM Technical Services, Inc.

[x] **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[ ] **BY FACSIMILE:** On the date written above, I caused a copy of the attached document to be transmitted to a fax machine maintained by the person on whom it is served at the fax number shown on the service list. That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

[ ] **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

[x] **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

[ ] **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, Oregon 97205, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

[ ] **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 30, 2019, at Portland, Oregon.

*/s/ Cherie Clark*
Cherie Clark