Theresa Ann McDonald
5044 Russell Drive
Paradise, CA 95969
Phone Number: 530-636-3148
Tmcdonald120@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT
### (SAN FRANCISCO DIVISION)

In re:

PG&E CORPORATION

  -and-

PG&E GAS AND ELECTRIC COMPANY
    Debtors

  vs.

Theresa Ann McDonald
    Creditor

Bankruptcy Case
No. 19-30088-DM
Chapter 11
(Lead Case)
(Jointly Administered) Case
No. 19-30089-DM

Proof of Claim No. 54975
Filed October 21, 2019
Camp Fire

Judge: Honorable Dennis Montali

Emergency Pleading in Reply to the Opposition to the Motion for the Appointment of an Examiner of Voting Irregularities

Relief Requested: Approve the Motion for the Appointment of an Examiner of Voting Irregularities

I am a fire victim claimant and a creditor in the Chapter 11 case. I respectfully ask that you approve the Motion for the Appointment of an Examiner of Voting Irregularities.

1. Mr. Watts states that the Motion is based primarily on unauthenticated social media, and that the admissible evidence that was submitted is insufficient to meet the burden of proof required for you to grant the Motion. That fact demonstrates exactly why an examination of the voting process is needed.

I contacted Prime Clerk when my son, who filed his own claim, had not received a ballot by May 10th. I simply wanted to know when the packet had been mailed.

At first they told me they had no record of the claim, which was unusual since I had a claim number. Then I was told that the people I spoke to, and there were several as I worked my way up to what was supposed to be the Supervisor, did not have access to information regarding when materials were mailed, but she would contact that department and ask them to call me with the information. It is now May 21st, and I have yet to receive that phone call.

The Motion relies on social media because nothing else is available to the claimants. We can't get any response to our questions. All we know is some people are still receiving solicitation packets this week. It's a relatively small group that information is being drawn from. What I personally want to know is how many of the other roughly 67,000 claimants did not get a solicitation packet in a timely manner, and why. Whether they were able to vote or not is important, but it is more important to know if there was a delay in mailing packets to individuals, and if so was it a deliberate attempt to manipulate the vote. Results are critical, but so is intent.

2. Mr. Watts states that if votes were not cast due to late notice provided during the voting period, then the solution is for those individuals to file a motion under Bankruptcy Rule 9006(b)(1) to have their late votes counted. That statement seems to be in direct opposition to what was apparently the intent of this Court and of the law, that individuals who are eligible to vote should be solicited to do so, and that the voting process should be one that encourages participation, not one that discourages participation.

I do not recall any language in the voting instructions that said if you got your packet too late for you read it and cast an informed vote by May 15th all you need to do is send it in late and then submit a Motion to have it counted even though it was late. I am not an attorney. I couldn't figure out how to submit a Motion- where to get the template, who needed to receive a copy (it looked like I would be sending out a mass mailing)- which is why you are getting a letter not a Motion. I don't have time to figure out the rules, because my understanding is that my Reply to the Opposition has to be received by the Court by tomorrow.

Most people who receive their solicitation packet late are going to see that the vote ended on May 15th, possibly get angry then accept the idea that they missed the deadline and throw the packet out.

3. Mr. Watt's final point is that even if all the late votes could be counted, they still would not change the result so it is not appropriate to appoint an examiner. This appears to be an attempt to divert attention from the reason an examiner was requested. So far as I am aware no one is asking late votes to be counted, I don't even know if any late votes were received.

Your Honor, I am not just interested in how many people were denied the chance to vote in a timely manner. I, as a claimant want to know how and why it happened. I want to easily be able to verify that my vote was registered, and that it was registered as I intended. I have not been able to get Prime Clerk to tell me how I can do that. I want to feel confident that this was a fair and legitimate vote, and I just do not feel that way now. The Motion to appoint an examiner is not a motion trying to overturn the voting result. It is an attempt to get the Court to do what individual claimants are not able to do for themselves, to validate the entire voting process. Many of us don't trust PG&E, we don't trust Prime Clerk which we see as an agent of PG&E not an agent of the Court and not an agent of the claimants. Please, don't take away our trust in the Court by refusing this Motion.

Appointing an examiner does not have to slow down anything. You can hold the Confirmation Hearing on schedule, you can either approve or reject the Plan. All you would have to do is reserve the right to revisit your decision in the event the examiner found a significant problem with the voting process. You probably have that right anyway.

There are only three things appointing an examiner would do: First it would cost PG&E a little bit of money, and that is not an unreasonable request since their agent is the one who caused the distrust; Second it would provide some level of comfort and confidence to those of us who lost everything in the fires caused by PG&E's failure to provide service safely; Third, in the event that there was manipulation involved it would allow the Court to be made aware of it and to have the opportunity to slap appropriate contempt charges on those responsible. I would think the Court would welcome the opportunity to be certain its orders are being followed.

I respectfully ask that you approve the Motion for the Appointment of an Examiner of Voting Irregularities.

*Theresa Ann McDonald* (signature)