UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
JOSEPH H. HUNT
Assistant Attorney General
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
RODNEY A. MORRIS
Senior Trial Counsel
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 305-1759
E-mail: Rodney.Morris2@usdoj.gov
Matthew.troy@usdoj.gov

DAVID L. ANDERSON
United State Attorney

Attorneys for the United States of America

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: May 19, 2020<br>Time: 10:00 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**UNITED STATES OF AMERICA'S OBJECTION TO SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS [DOCKET NO. 7037]**

The United States of America, on behalf of various federal agencies, hereby objects to the *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts* attached to the Plan Supplement as Exhibit B ("Cure Notice") [Docket No. 7037] as follows.[1]

The Cure Notice

1. The United States has included in its Plan objection the objections raised in this filing. To comply with Cure Notice's provisions, the United States hereby files this separate pleading to assert its objections to the Cure Notice.[2]

2. On May 1, 2020, the Plan Proponents filed the Plan Supplement. Attached to the Plan Supplement as Exhibit B is a 1,778 page Cure Notice listing alleged executory contracts and unexpired leases that the Debtors will assume as of the Effective Date. The Cure Notice lists approximately twenty discrete agencies of the United States as the Non-Debtor Counterparty to the listed item. Multiple entries use, however, multiple and differing descriptions for these agencies. For example, the Cure Notice lists the "Forest Service (USFS)" (United States Forest Service) many times as the Non-Debtor Counterparty but then also uses "Lassen NF," "Los Padres NF," and "Plumas NF." There are approximately over **1,400** items listed on Exhibit B in which an agency of the United States would appear to be the Non-Debtor Counterparty to the alleged executory contract or unexpired lease. Finally, the Cure Notice provides minimal, cryptic descriptions of the alleged executory contracts and unexpired leases using what appears to be the Debtors' own internal Contract ID numbers to identify the contracts and leases and not

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed to them in the Plan.

[2] The United States expressed its concerns regarding the Cure Notice to the Plan Proponents but was unable to resolve all of them prior to the deadline for filing this objection. The United States remains willing to work with the Plan Proponents to resolve its remaining objections and otherwise reserves all rights to supplement this objection with additional argument and evidence as necessary to the extent all objections are not resolved.

identifying information utilized by the agencies.

### Listed Items That Are Not Executory Contracts

3. The Plan provides for the assumption of executory contracts and unexpired leases subject to the occurrence of the Effective Date and payment of any applicable Cure Amount. *Plan* § 8.1(a), but the United States disputes that most items in the Debtors' Schedules and the Cure Notice listing an agency of the United States as the Non-Debtor Counterparty are either executory contracts or unexpired leases. For example, the Cure Notice lists, among others, many permits with the Army Corp of Engineers, the Bureau of Land Management, the Federal Aviation Administration, and United States Forest Service (Forest Service), *Plan Supplement*, Ex. B at pp. 60, 126, 564, 581-662, as well as rights-of way, easements, and the catch-all "other" with the Forest Service, *id*. at pp. 599-60. To the extent these items are regulatory statutory instruments granted pursuant to an agency's regulatory scheme, the items are not executory contracts subject to assumption under section 365 because they have the force of law separate and apart from contract law. *FDIC v. Frates*, 44 F. Supp. 2d 1176, 1201 (N.D. Okla. 1999). "While rules of contract may be employed as tools of interpretation, administrative orders derive their legal power from congressional and administrative mandate and not from contract law." *United States v. American Nat'l Can Co.,* 126 F. Supp. 2d 521, 531 (N.D. Ill. 2000). Obligations pursuant to a governmental permit, license or order and the like do not depend on the government's performance but arise from congressional and administrative mandate. Section 365 simply does not govern requirements to comply with the law.

4. This is not an idle disagreement. Court approval of the alleged "assumption" of regulatory permits, obligations, agreements, easements, right-of-ways, orders and the like could be interpreted as a finding by this Court (and precedent in other cases) that such regulatory documents are executory contracts or unexpired leases, subject to section 365's rejection and

assumption provisions, which they are not. However, it would be a waste of the Court's and the parties' resources to litigate this issue for each item on the Cure Notice, especially given the unimpaired and pass-through treatment of most government claims. Although the Debtors reserve their rights as to whether an item listed in the Cure Notice is an executory contract or unexpired lease, this is a unilateral provision, as there is no such protection for any other party. *Plan* § 8.8(b). The United States, along with certain agencies of the State of California, has proposed the following language to the Plan Proponents to resolve this objection:

> Notwithstanding anything in this Order, the Plan, or the Plan Documents, the listing of a matter as an "executory contract" or an "unexpired lease" in Debtors' Schedules or Plan Documents is without prejudice to any contention by any Governmental Unit that the matter is not in fact an executory contract or unexpired lease as set forth in 11 U.S.C. § 365.

The United States understands the Debtors are prepared to include this provision in the Confirmation Order. If it is included, this portion of the United States' objection will be resolved.

<u>Anti-Assignment Act</u>

5. Plan section 8.2(b) and the Cure Notice provide that any counterparty to a contract assents to the contract's assumption if it fails to object. The Debtors cannot assume, however, a contract with the United States unless the United States consents. Section 365(c) prohibits the Debtors from assuming an executory contract where applicable non-bankruptcy law excuses the non-debtor counterparty from rendering performance to or accepting performance from an entity other than the Debtors unless the non-debtor counterparty consents. 11 U.S.C. § 365(c). This provision applies even where a reorganizing debtor assumes an executory contract. *In re Catapult Entm't, Inc.*. 165 F.3d 747, 749-50 (9th Cir. 1999) (holding that section 365(c) employs a hypothetical debtor test and concluding that section 365(c)'s consent requirements apply to a

reorganizing debtor).

6. The Anti-Assignment Act excuses the United States from accepting performance of a contract from anyone other than the contracting party. The Anti-Assignment Act expressly provides:

> The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsection annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government.

41 U.S.C. § 6305. Court have recognized the Anti-Assignment Act as applicable law that triggers section 365(c) consent rights. *In re West Elecs., Inc.*, 852 F.2d 79, 83 (3d Cir. 1988); *In re TechDyn Sys., Corp.*, 235 B.R. 857, 861-62 (Bankr. E.D. Va. 1999). Accordingly, the Debtors may not assume an executory contract with the United States unless the United States consents, which it does not, and notwithstanding section 8.8(b) of the Plan, or any other provision in the Plan, Confirmation Order, or the Plan Supplement.

<u>Section 365 Defaults and Cure Amounts</u>

7. The Cure Notice lists no Cure Amount for nearly all the items for which a United States' agency is the Non-Debtor Counterparty indicating the Debtors' belief that there are no defaults it must cure thereby entitling it to assume those items as executory contracts under section 365(b)(1). Yet the Plan provides the Debtors with greater relief than what section 365 authorizes even assuming the purported Cure Amounts are correct, which the United States does not concede.

8. Section 8.2(e) of the Plan imposes a release on counterparties to assumed executory contracts. That section impermissibly morphs the assumption of an executory contract or unexpired lease into a "full release and satisfaction of any Claims and Causes of Action" against a Debtor arising under any assumed executory contract or unexpired

lease at any time before the Debtor assumes the executory contract. *Plan* § 8.2(e). This violates a bedrock principle of section 365: *cum onere*. Assumption of a contract requires the Debtors to assume all of a contract's burdens along with its benefits. *In re Dewey Ranch Hockey, LLC,* 406 B.R. 30, 36-7 (Bankr. D. Ariz. 2009). The Plan's expansive definition of "Causes of Action" includes, among others, rights, obligations, liabilities, defenses, whether known or unknown, choate or inchoate, existing or hereafter arising, based on any act before the Petition Date or during this case. *Plan* § 1.21. By releasing and satisfying Causes of Action through assumption, i.e., the Effective Date, the Plan permits the Debtors to nullify rights and obligations under the contract that do not rise to defaults under section 365(b), which section expressly does not use the terms "Claims" or "Causes of Action."[3]

9. Section 365(b)(1) is a shield for the non-debtor counterparty not a sword for a debtor to eliminate the counterparty's rights. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 509 (5th Cir. 2000). It "provides a guarantee to the non-debtor party [that] any losses or defaults <u>existing at the time</u> will be satisfied either through a timely cure or through reasonable assurance of future payment." *Id*. (emphasis added). Assumption through the Plan and Cure Notice plainly violates this bedrock principle and strips assumed contracts of their burdens.

10. Additionally, contrary to the express terms of section 502(a), section 8.2(e) further provides for the impermissible automatic disallowance and expungement of any proof of claim filed with respect to an assumed executory contract or unexpired lease. 11 U.S.C. § 502(a) ("A claim . . . proof of which is timely filed under section 501 of this

---

[3] The release through the Effective Date also violates 11 U.S.C. §1141(d)(1)(A) (discharge only through confirmation) as well as impermissibly releases unknown, unforeseen, and inchoate claims. *See In re Castellino Villas, A.K.F., LLC*, 836 F.3d 1028 (9th Cir. 2016); *In re Jensen*, 995 F.2d 925 (9th Cir. 1993).

title, is deemed allowed unless a party in interest . . . objects."). Again, section 8.2(e) goes well beyond the authority the Bankruptcy Code affords a debtor and constitutes essentially an involuntary, no-notice expungement of claims arising under an assumed executory contract.

11.  Finally, the Debtors filed and served the Cure Notice fourteen days prior to the objection due date. Since then, and despite the COVID-19 pandemic, the United States has made, and continues to make, efforts to identify the purported executory contracts and unexpired leases to which it is a counterparty and ascertain the status of them. Fourteen days is, however, insufficient time for the United States to both examine the 1778 page list with incomplete and non-specific descriptions of contracts and leases and then either file an objection or negotiate a correction, especially when most federal agencies are subject to a stay-at-home order due to the COVID-19 pandemic.

12.  As the Debtors have told this Court numerous times, their "primary objective is and has been from the outset of these Chapter 11 Cases to establish a process that fairly and expeditiously compensates those who are entitled to compensation from the Debtors for liabilities resulting from the tragic 2017 and 2018 Northern California wildfires." [Docket No. 7161]. Those wildfires are indeed the reason the Debtors filed bankruptcy. *Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* at 3 [Docket No. 28]. The Debtors' need to meet that objective, and in time to make themselves eligible for the Go-Forward Wildfire Fund under AB 1054, should not, however, override basic notions of due process in their attempt to assume executory contracts and unexpired leases to the detriment of Non-Debtor Counterparties under the overreaching terms described above – especially when those contracts and leases will likely have little or no bearing on whether the Debtors will achieve their oft-stated

objective of compensating Fire Victims.

13. Given the unimpaired and pass-through treatment of most government claims, establishing a cure amount under section 365 with respect to the United States would also be a waste of the Court's and parties' resources. The United States, along with certain agencies of the State of California, have proposed the following language to the Plan Proponents to resolve the objections relating to the requirement of a Cure Amount and the overbroad release provision in Plan section 8.2(e):

> With respect to any matter listed by either Debtor as an executory contract or unexpired lease (whether or not it is in fact an executory contract or lease) on Exhibit B to the Plan Supplement for which any department, agency, or instrumentality of the United States or the State of California is listed as the Non-Debtor Counterparty, nothing in this Order, the Plan, or the Plan Documents shall act to discharge, release, satisfy, expunge or disallow (i) any Claims and Causes of Action against either Debtor arising from such matter , (ii) defaults by either Debtor arising under such matter or (iii) establish a Cure Amount.

14. As of the filing of this objection, the Plan Proponents have not agreed to include this language. If not included, the United States objects to every Cure Amount listed in the Cure Notice that lists a United States agency as the Non-Debtor Counterparty on the ground that there has been inadequate notice and time to respond. Further, the descriptions of the purported contracts and leases on the Cure Notice are insufficient for a Non-Debtor Counterparty to (a) identify the specific agreement being referenced, (b) determine whether the item is, in fact, an executory contract or unexpired lease; (c) and therefore, determine the correct Cure Amount if the item is an executory contract or unexpired lease. The Debtors should be required to clarify which contracts and leases with the United States they are seeking to assume through the Cure Notice and, in addition, should be required to provide United States with copies of, or other identifying information for, each contract or lease they are seeking to assume. Further, the United

States should be given sufficient time after receiving such information to investigate the same, determine the amounts owing thereunder, and file any further objections it may then have to the Cure Notice.

Date: May 15, 2020                                Respectfully submitted,

                                                  JOSEPH H. HUNT
                                                  Assistant Attorney General
                                                  DAVID L. ANDERSON (CABN 149604)
                                                  United States Attorney

                                                  /s/ Matthew J. Troy
                                                  RUTH A. HARVEY
                                                  Director
                                                  KIRK MANHARDT
                                                  Deputy Director
                                                  RODNEY A. MORRIS
                                                  MATTHEW J. TROY
                                                  Senior Trial Counsel
                                                  Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing Objection with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                                  /s/ Matthew J. Troy
                                                  Matthew J. Troy
                                                  Senior Trial Counsel
                                                  Attorney for United States