| | |
|---|---|
| REBECCA J. WINTHROP (SBN 116386)<br>ROBIN D. BALL (SBN 159698)<br>NORTON ROSE FULBRIGHT US LLP<br>555 South Flower Street, Forty-First Floor<br>Los Angeles, California 90071<br>Telephone: 213.892-9200<br>Facsimile: 213.892-9494<br>rebecca.winthrop@nortonrosefulbright.com<br>robin.ball@nortonrosefulbright.com<br><br>Attorneys for ADVENTIST HEALTH<br><br>-and-<br><br>DAVID E. WEISS (SBN 148147)<br>PETER MUNOZ (SBN 66942)<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, California 94105-3659<br>Telephone: 415.543-8700<br>Facsimile: 415.391-8269<br>dweiss@reedsmith.com<br>pmunoz@reedsmith.com<br><br>Attorneys for PARADISE ENTITIES | Craig Goldblatt (*Pro Hac Vice* admitted)<br>WILMER CUTLER PICKERING HALE<br>AND DOOR LLP<br>1875 Pennsylvania Ave., NW<br>Washington DC 20036<br>Telephone: 202.663.6000<br>Facsimile: 202.663.6363<br>craig.goldblatt@wilmerhale.com<br><br>-and-<br><br>Lauren Lifland (*Pro Hac Vice* application forthcoming)<br>Allyson Pierce (SBN 325060)<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: 202.230.8800<br>Facsimile: 202.663.6363<br>Lauren.lifland@wilmerhale.com<br>Allyson.pierce@wilmerhale.com<br><br>Attorneys for COMCAST |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered<br><br>**AD HOC CLAIMANTS'**<br>**ADMINISTRATIVE MOTION FOR**<br>**LEAVE TO FILE REPLY**<br><br>Date: May 27, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **Telephonic Appearances Only**<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: The Honorable Dennis Montali |

TO THE HONORABLE DENNIS MONTALI, OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to Northern District of California Local Bankruptcy Rule 9013-1(e) and Northern District of California Local Civil Rule 7-11, Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River, each a California religious non-profit corporation; Paradise Irrigation District, Paradise Unified School District, Northern Recycling and Waste Services, LLC/Northern Holdings, LLC, Napa County Recycling & Waste Services, LLC/Napa Recycling & Waste Services, LLC, Christian & Missionary Alliance Church of Paradise, dba Paradise Alliance Church; and Comcast Cable Communications, LLC and all affiliates (collectively, the "Ad Hoc Claimants"), hereby submit this administrative motion (the "Motion") for leave to file a reply (the "Reply") to address arguments made by the Official Committee of Tort Claimants (the "TCC") in its *Objection of the Official Committee of Tort Claimants to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Dkt No. 7306], filed on May 15, 2020 (the "TCC Confirmation Objection"). A copy of the proposed Reply is attached hereto as **Exhibit A**.

### A. Good Cause Exists To Grant This Administrative Motion and Permit the Filing of the Ad Hoc Claimants' Short Reply.

It is not unusual for courts in this District to grant parties leave to file additional pleadings in order to give that party an opportunity to respond to new arguments raised in a brief (for example, a sur-reply when new arguments are raised in reply briefs). *See, e.g., GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 U.S. Dist. LEXIS 93469, at *2 (N.D. Cal. July 9, 2014) (granting motion for leave to file sur-reply to address arguments raised for the first time in reply); *Toomey v. Nextel Commc'ns., Inc.*, No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793 (N.D. Cal. Sep. 23, 2004) (same).

Good cause exists to permit the filing of such a Reply here. On May 13, 2020, the Court entered an *Order Establishing Confirmation Hearing Protocol* [Dkt. No. 7182] (the "Scheduling Order") setting forth, among other things, certain deadlines related to briefing and other materials to be filed in connection with the upcoming confirmation hearing on the *Debtors' and Shareholder*

*Proponents' Joint Chapter 11 Plan of Reorganization* dated March 16, 2020 [Dkt. No. 6320] (the "Plan").  The Scheduling Order establishes May 22, 2020 as the deadline for "Proponents and supports of the Plan (and the TCC, but limited solely to *responding to issues raised in any objections*) [to] file any replies to objections to confirmation . . . .," but does not speak to the ability of others, affected by the arguments made, to address the same issues.  *See* Scheduling Order ¶ 1 (emphasis added).

By this Motion, the Ad Hoc Claimants seek only a parallel right to file a short reply to respond to arguments raised by the TCC in the TCC Confirmation Objection that the Plan's inclusion of a purportedly "new" definition of "Subrogation Wildfire Claim" shifts billions of dollars in claims that allegedly should be paid by the Subrogation Trust to the Fire Victim Trust, and that, if certain changes to the insurance set-off language in the Fire Victim Trust Agreement are not approved, the Court should "restore the definition . . . that existed when the [TCC] RSA was approved."  *See* TCC Confirmation Objection at 6, 25-28.  This argument was not raised by the TCC until after oral arguments were held on the Ad Hoc Claimants' objection to the adequacy of the Trust Documents on May 15, 2020, and after the Ad Hoc Claimants filed their own objections to confirmation.  Since the TCC's latest arguments may affect the substantive rights of the Ad Hoc Claimants, the Ad Hoc Claimants ask permission to file a very short reply in response.  *See, e.g.,* Fed. R. Bankr. R. 8013(a)(3)(B) (in bankruptcy appeal," movant may file a reply to a response…but may only address matters raised in the response."); *Banga v. Experian Info. Sols., Inc.*, No. C 09-04867 SBA, 2013 U.S. Dist. LEXIS 144999, at *10 (N.D. Cal. Sep. 30, 2013) ("If a party raises a new argument . . . in a reply brief, a court may consider those matters only if the adverse party is given an opportunity to respond.").[1]

**B.     Conclusion**

For the foregoing reasons, the Ad Hoc Claimants respectfully request that the Court grant them leave to file the Reply attached hereto as Exhibit "A."  A copy of the proposed form of Order

---

[1]  Given an imminent ruling from the Court on the insurance issues and the number of parties potentially involved, obtaining a stipulation pursuant to Local Rule 7-1 was not practical.

| | |
|---|---|
| is attached hereto as Exhibit "B." | |
| Dated: May 22, 2020 | RESPECTFULLY SUBMITTED: |
| | NORTON ROSE FULBRIGHT US LLP |
| | By: */s/ Rebecca J. Winthrop*<br>    Rebecca J. Winthrop<br>    Attorneys for ADVENTIST HEALTH |
| Dated: May 22, 2020 | REED SMITH LLP |
| | By: */s/ David E. Weiss*<br>    David E. Weiss<br>    Attorneys for PARADISE ENTITIES |
| Dated: May 22, 2020 | WILMER CUTLER PICKERING HALE & DORR LLP |
| | By: */s/ Craig Goldblatt*<br>    Craig Goldblatt<br>    Attorneys for COMCAST |