| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>Transamerica Pyramid Center<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111-2806<br>Telephone: 415.659.2600<br>Facsimile: 415.659.2601<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com | Elizabeth A. Green (*pro hac vice*)<br>BAKER & HOSTETLER LLP<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801<br>Telephone: 407.649.4036<br>Facsimile: 407.841.0168<br>Email: egreen@bakerlaw.com |

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel to the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>     -and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                               Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO DESIGNATION OF EXHIBITS FILED BY GER HOSPITALITY, LLC, ET AL.**<br><br>Date:      May 27, 2020<br>Time:     10:00 a.m. (Pacific Time)<br>Place:    **Telephonic Appearances Only**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

# I. OBJECTION TO GER HOSPITALITY DESIGNATION OF EXHIBITS

The Official Committee of Tort Claimants (the "**TCC**") hereby files this Objection to the designation of exhibits filed by GER Hospitality, LLC et al. (collectively, "**GER**"), Dkt. No. 7411 (the "**GER Designation**").

## A. General Objections

The TCC will be filing a motion to strike certain exhibits listed in the GER Designation for the reasons described below, as they are protected, internal documents of the TCC. The TCC also objects to the entire list of Exhibits (or broad categories) listed in the GER Designation, as they all appear to be exhibits for arguments that are not proper arguments for this Court's plan confirmation trial. By its confirmation objection, and by the nature of the exhibits designated in the GER Designation, it is clear that GER is attempting to collaterally attack this Court's Order of December 19, 2019, approving the TCC Restructuring Support Agreement, and its settlement terms for treatment of Fire Victim Claims in the Debtors' Plan pursuant to Fed. R. Bankr. P. 9019 (the "**9019 Order**"). The 9019 Order is a final order that is binding on all parties to these cases. *In re A&C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1985) (noting finality of 9019 order). A court-approved settlement "operates as res judicata" and cannot be challenged by any interested party who received notice of the proposed settlement. *In re Glenn*, 160 B.R. 837, 838 (Bankr. S.D. Cal. 1993) (applying res judicata because "[p]ursuant to Federal Rule of Bankruptcy Procedure 9019, the trustee gave notice of the proposed settlement to all interested parties . . . . Therefore, those who received notice were also parties to the settlement."). A party in interest in a bankruptcy case is bound by a 9019 ruling even if they opposed the settlement. In *Red River Res., Inc. v. Collazo*, 2015 U.S. Dist. LEXIS 46117, 2015 WL 1846498 (N.D. Cal. Apr. 8, 2015), the court explained that, "for res judicata purposes, the fact that [a creditor in the case] declined to be a settling party to the Global Settlement does not free him of all court-approved terms of the agreement, which bind him whether he was a party to the settlement or not, because he was a party in interest to the Bankruptcy Court's order." 2015 U.S. Dist. LEXIS 46117 at *20-21, 2015 WL 1846498, at *9. The time for GER to object to the RSA and claim that it does not provide enough consideration was before the RSA was approved by this Court.

No party in interest in these cases, including GER, has properly moved for reconsideration of the 9019 Order. GER's arguments, and the exhibits designated in the GER Designation, are improper for a Plan confirmation hearing, as they seek reconsideration of the substance of this Court's 9019 Order without establishing the proper procedure for such reconsideration. If GER is permitted to open the door into a reconsideration of the RSA, and its settlement terms, then it must be done pursuant to proper procedure, with an opportunity for all parties to present the expert testimony that would be required for this Court to estimate the Fire Victim Claims as an alternative to its binding 9019 Order. GER has designated an expert valuation report prepared by Mr. Michael Kasoulas, as well as what appear to be supporting documents. The TCC has not designated its expert reports prepared for the District Court estimation trial for the simple reason that these issues are not properly before this Court in Plan confirmation (but reserves the right to do so should this Court find otherwise).

The TCC believes that proper consideration of these issues would require a two-week trial (or longer given the limitations of technology under present circumstances) with expert testimony from all relevant parties. But as these issues are raised by an improper procedure, and in violation of the binding nature of the 9019 Order, the TCC requests that this Court find that the arguments raised by GER and its counsel, and the exhibits designated in the GER Designation, are not permissible arguments and exhibits for the Plan confirmation trial.

**B. Specific Objections**

    **1. Exhibit No. 1:**

> 1. Documents which reflect that before the Official Committee of Tort Claimants (TCC) and PG&E entered into a Restructuring Support Agreement ("RSA"), Elliott Management Corporation ("Elliott") offered $13.5 billion, all cash, to Fire Victims, including the Tubbs claims, plus an additional $150 million for the Ghost Ship fire victims, including but not limited to a letter from Elliott to Gov. Gavin Newsom.

*See* GER Designation, ¶ 1.

    a. This is not a designation of an "exhibit" and provides no specificity. Rather, it is a general category, which is insufficient to designate any document, and should be stricken in its entirety.

1  b. This category appears to include documents that are internal TCC communications, documents that are marked as "Confidential" or "Professional Eyes Only," documents that are subject to the TCC's attorney-client privilege, documents that are subject to attorney work product protections, and documents subject to the mediation privilege, all of which may be subject to the confidentiality obligations that GER Hospitality and its counsel held while serving on the TCC and continue to hold as a former member of the TCC. **No document that falls under this category that is an internal TCC document should be uploaded onto this Court's Zoom Share file for exhibits, or shared with other counsel to this proceeding, unless and until this Court finds that such document should be a trial exhibit over the TCC's objections.**

  c. None of the documents that could fall within this broad category raise any issue that is proper for Plan confirmation, as this Court's 9019 Order approving the TCC's Restructuring Support Agreement, and its Plan treatment for Fire Victim Claims, is a final and binding order.

2. **Exhibit No. 3:**

   3. Restructuring Support Agreement (RSA) re Fire Victim Claimants dated December 4, 2019; and Draft Summary of Terms Relevant to Treatment of Non-Subrogation Wildfire Claims dated December 4, 2019.

*See* GER Designation, ¶ 3.

  a. This document is an internal TCC document. It is subject to the mediation privilege, it is subject to the attorney-client privilege, it is attorney work product, and it is inadmissible in this proceeding. **No document that falls under this category that is an internal TCC document should be uploaded onto this Court's Zoom Share file for exhibits, or shared with other counsel to this proceeding, unless and until this Court finds that such document should be a trial exhibit over the TCC's objections.**

3. **Exhibit No. 4:**

> 4. Restructuring Support Agreement (RSA) re Fire Victim Claimants dated December 6, 2019; and Summary of Terms Relevant to Treatment of Non-Subrogation Wildfire Claims dated December 6, 2019.

*See* GER Designation, ¶ 4.

    a. This document is an internal TCC document. It is subject to the mediation privilege, it is subject to the attorney-client privilege, it is attorney work product, and it is inadmissible in this proceeding. Unless this document is merely another copy of the final, executed RSA that is the following exhibit, it is subject to the mediation privilege and is inadmissible in this proceeding. **No document that falls under this category that is an internal TCC document should be uploaded onto this Court's Zoom Share file for exhibits, or shared with other counsel to this proceeding, unless and until this Court finds that such document should be a trial exhibit over the TCC's objections.**

4. **Exhibit No. 8**

> 8. The agreement between the Debtors and counsel for the Tubbs Fire preference cases, in which the Tubbs Fire preference cases would be settled for an undisclosed amount, which would become liquidated claims and paid in cash from the Fire Victims' Trust Fund.

*See* GER Designation, ¶ 8.

    a. This document is filed under seal pursuant to an order of this Court dated January 7, 2020, Dkt. No. 5301. It must not be accepted into evidence unless this Court is prepared to conduct an *in camera* session. **No document that falls under this category should be uploaded onto this Court's Zoom Share file for exhibits, or shared with other counsel to this proceeding, unless and until this Court finds that such document should be a trial exhibit over the TCC's objections**.

**5. Exhibits Nos. 13, 14 and 15**

> 13. Napa Cal Fire Merged Report, including parcel numbers, prepared September 17, 2019 by Michael Kasoulas.
>
> 14. Nuns Fire-Napa Sonoma with Structure, Square Footage and Lot Size, including parcel numbers, prepared July 2019.
>
> 15. Cal Fire-Butte, with Square Footage, Lot Size, including parcel numbers, dated July 1, 2019.

*See* GER Designation, ¶¶ 13-15.

    a. These documents appear to be an expert valuation report and supporting documents addressing GER's proposed valuation for Fire Victim Claims. The TCC objects to the admission of any evidence that seeks to revisit the RSA and its Settlement of Plan treatment for Fire Victim Claims, unless this Court establishes a proper procedure for such evidence from all parties in interest in the form of a separate estimation trial. But as the 9019 Order is a final and binding order, any valuation evidence and testimony, whether from GER in the context of Plan confirmation, or in a broader proceeding, is improper.

**C. Reservation of Rights**

The TCC reserves all rights to seek to introduce valuation testimony pertaining to the value of Fire Victim Claims in the event that this Court admits the above-described exhibits, and the arguments of GER, into testimony in the Plan confirmation proceedings.

Dated: May 22, 2020

                                                      BAKER & HOSTETLER LLP

                                                      By:   */s/ David J. Richardson*
                                                             Robert A. Julian
                                                             Elizabeth A. Green
                                                             David J. Richardson

                                                      *Counsel to the Official Committee of Tort Claimants*