WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>          - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR PLAN PROPONENTS' JOINT MEMORANDUM OF LAW AND OMNIBUS RESPONSE IN SUPPORT OF CONFIRMATION OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>[No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Debtors to file an oversize brief in connection with the *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (the "**Memorandum**")[1], which the Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     BACKGROUND**

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Memorandum.

Committee" and, together with the Creditors Committee, the "**Official Committees**"). Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On September 9, 2019, the Debtors filed the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 3841], which was thereafter amended, modified, or supplemented on September 23, 2019 and November 4, 2019 [Docket Nos. 3966 and 4563, respectively]. On December 12, 2019, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated December 12, 2019* [Docket No. 5101], which was thereafter amended, modified, or supplemented on January 31, 2020, February 7, 2020, March 9, 2020, March 16, 2020, and May 22, 2020 [Docket Nos. 5590, 5700, 6217, 6320 and 7521, respectively] (together with all exhibits and schedules thereto and as may be further amended, modified, or supplemented from time to time, the "**Plan**"). The hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") is scheduled for May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time).

### III.    ISSUES ADDRESSED IN THE MEMORANDUM

The Plan Proponents are now before the Court requesting confirmation of the Plan, which is the culmination of more than sixteen months of arm's length and good faith negotiations by and among the Debtors, the Shareholder Proponents, the Debtors' key stakeholders, regulators, the Governor's Office and many other parties in interest in these Chapter 11 Cases. The Plan embodies a comprehensive restructuring of the Debtors that fairly and equitably addresses all Fire Claims and other prepetition claims and equity interests, allows the Debtors to timely access the Go-Forward Wildfire Fund, has the support of the Governor's Office, complies with AB 1054, maximizes value for all parties in interest, and ensures that the Utility will be positioned to deliver safe and reliable service to its customers. The Plan is the result of hard fought and good faith negotiations and a series of settlements between and among the Debtors and a wide array of creditor, shareholder, and governmental and regulatory constituencies.

In light of the complex settlements and transactions that form the bases of the Plan,

additional briefing is necessary and warranted as provided under Bankruptcy Local Rule 9013-1(c) to adequately inform the Court on all the issues relevant for Plan confirmation. In addition, notwithstanding the substantial consensus that the Plan Proponents have been able to successfully achieve with respect to the Plan, approximately forty (40) formal objections, joinders to objections, or other reservations of rights (the "**Objections**") with respect to confirmation of the Plan have been filed by various parties, which require additional briefing to allow the Plan Proponents to fairly and adequately respond.

## IV.     OVERSIZE BRIEFING FOR THE MEMORANDUM IS WARRANTED

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Memorandum. The Memorandum consists of a preliminary statement and six sections. Section I sets forth the facts, affidavits, declarations, evidence and background information relevant for confirmation of the Plan. Section II addresses the requirements for confirmation of the Plan under the Bankruptcy Code and demonstrates the satisfaction by the Plan and the Plan Proponents of each of the requirements and achievement of the objectives of chapter 11. Section III sets forth the legislative and regulatory requirements applicable to confirmation of the Plan and the Debtors' satisfaction thereof. Section IV addresses objections to confirmation of the Plan that remain unresolved as of the date hereof. Section V addresses the Debtors' request for a waiver of the 14-day stay imposed by operation of Rule 3020(e) of the Federal Rules of Bankruptcy Procedure. Section VI concludes the Memorandum.

As noted above, the Plan seeks to implement a series of complex transactions and settlements to, among other things, achieve a fair, equitable, and expeditious resolution of billions of dollars in liabilities arising from the 2017 and 2018 Northern California fires (including Tubbs) and the 2015 Butte Fire. Notwithstanding the significant consensus the Plan Proponents have achieved with respect to the Plan, approximately 40 parties have filed Objections with respect to confirmation. As discussed at the pre-confirmation status conference on May 19, 2020, the Debtors have attempted

to respond to these many Objections as efficiently as practicable, while still presenting a compelling case for confirmation of the Plan which they respectfully believe is in the best interests of their estates, creditors, and all other stakeholders in these Chapter 11 Cases. The Memorandum seeks to provide a thorough presentation of the Plan's satisfaction of the criteria for confirmation, while responding efficiently to the arguments presented in the Objections, by topic where such topics overlap, and without retreading issues already decided by this Court.

Confirmation of the Plan is the culmination of more than sixteen months of arm's length and good faith negotiations by and among the Debtors, the Shareholder Proponents, and many of the Debtors' key stakeholders, regulators, the Governor's Office and other parties in interest in these Chapter 11 Cases, including the overwhelming majority of the Fire Victims. Because timely confirmation of the Plan is critical to all of these stakeholders, the Debtors respectfully submit that they must be allowed to make a thorough presentation for the Court that supports confirmation and responds to the Objections to Plan confirmation.

Accordingly, the Debtors believe it is appropriate to request authority for the Memorandum to exceed the 25 pages allowed under Bankruptcy Local Rule 9013-1(c).

## V. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Debtors respectfully request entry of an order authorizing the Debtors to file the Memorandum to exceed 25 pages, but not to exceed 70 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and such other and further relief as the Court may deem just and appropriate.

Dated: May 22, 2020

                              **WEIL, GOTSHAL & MANGES LLP**
                              **KELLER BENVENUTTI KIM LLP**

                              By: /s/ *Stephen Karotkin*
                                    Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*