WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF FIRST AND SECOND OMNIMBUS OBJECTIONS TO CLAIMS** (Duplicative, Amended and Wrong Case Claims) |
| **Debtors.** | Date: June 24, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Objection Deadline: June 12, 2020, 4:00 p.m. (PT) |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provides interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Debtors' First Omnibus Objection to Claims (Duplicative, Amended and Wrong Case Claims)* and *Debtors' Second Omnibus Objection to Claims (Duplicative, Amended and Wrong Case Claims)* (the "**Omnibus Objections**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) claims for rescission or damages asserted by certain current or former holders of the Debtors' publicly held debt or equity securities for with the Court set a deferred bar date of April 16, 2020. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Debtors' management team, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Debtors.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objections.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules to determine the validity of filed claims based on those schedules. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim that are duplicative of other Proofs of Claim such that, if not disallowed, they would result in double recovery to the claimants. The Omnibus Objections are directed to some of those duplicative Proofs of Claim – those specifically identified in **Exhibit 1** to each of the Omnibus Objections, in the column headed "Claims To Be Disallowed And Expunged," and referred to interchangeably in the Omnibus Objections as either "Duplicate Claims" or "Objected-To Claims." **Exhibit 1** to each Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

5. The Objected-To Claims have been identified as duplicative of other claims that are not being objected to – the Surviving Claims, identified as such in the column bearing the heading "Surviving Claims" on each **Exhibit 1**. The duplication arises because either

    a. the Objected-To Claim was superseded by a subsequently filed Proof of Claim that expresses the intention, either on the face of or in the attachments to the later-filed Proof of Claim, that the later-filed Proof of Claim is an amendment to the earlier one (designated on **Exhibit 1** as "Amended and Replaced Claims"); or

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

b. after the Objected-To Claim was filed, the Surviving Claim was filed against the same Debtor on account of the same asserted obligation, but the Surviving Claim does not express an intention to amend and supersede the Objected-To Proof of Claim (designated on **Exhibit 1** as "Duplicative"); or

c. the Objected-To Claim was filed in the Chapter 11 Case of the wrong Debtor, while the Surviving Claim was filed in the Chapter 11 Case of the correct Debtor (designated on **Exhibit 1** as "Wrong Case").

6. The Omnibus Objections do not affect any of the Surviving Claims. There is a single Surviving Claim for each underlying claim asserted against the Debtors by a Duplicate Claim that is the subject of the Omnibus Objections.[2] If the Omnibus Objections are sustained and the Duplicate Claims are disallowed, the Surviving Claims will remain as active claims on the claims register.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 22nd day of May, 2020, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams

---

[2] In some instances the same Surviving Claim appears in multiple entries in the "Surviving Claims" column on **Exhibit 1**. The multiple entries mean that there were multiple Duplicate Claims filed with respect to the same underlying obligation, and the identified Surviving Claim listed in multiple entries is the sole remaining Proof of Claim for all of the corresponding Objected-To Claims listed in the "Claims To Be Disallowed and Expunged" column.