WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN EXIT FINANCING FEE LETTERS**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Seal**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order authorizing the Debtors to file the Fee Letters (as defined below) under seal related to the *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7528] (the "**Memorandum**")[1] and (ii) directing that Fee Letters shall remain under seal and confidential and not be made available to anyone (except for the parties identified in the immediately following sentence) without the consent of the Debtors and the Fee Letter Parties (as defined below) or further order from the Court. The Debtors shall provide the Fee Letters to the Court, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") and to advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis.

In support of the Motion to Seal, the Debtors respectfully submit the Declaration of Paul H. Zumbro (the "**Zumbro Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is submitted concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Motion to Seal shall have the meaning used in the Memorandum.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

Contemporaneously herewith in a further supplement to the Plan Supplement, the Debtors have filed the following forms of commitment letters (the "**Commitment Letters**") with the Court:

- that certain form of RCF Commitment Letter (the "**HoldCo RCF Commitment Letter**"), by and among PG&E Corp., JPMorgan Chase Bank, N.A. ("**JPMorgan**"), Bank of America, N.A. ("**BANA**"), BofA Securities, Inc. ("**BofA**" and, together with BANA, "**Bank of America**"), Barclays Bank PLC ("**Barclays**"), Citigroup Global Markets Inc. ("**Citi**"), Goldman Sachs Bank USA ("**GS Bank**"), BNP Paribas ("**BNP**"), Credit Suisse AG, Cayman Islands Branch, Mizuho Bank, Ltd. ("**Mizuho**"), MUFG Union Bank, N.A. ("**MUFG**"), Wells Fargo Bank, National Association ("**Wells Fargo**"), Bank of Montreal, Chicago Branch ("**Bank of Montreal**") and The Bank of New York Mellon ("**BNY Mellon**");

- that certain form of RCF Commitment Letter (the "**Utility RCF Commitment Letter**"), by and among the Utility, JPMorgan, Bank of America, Barclays, Citi, GS Bank, BNP, Credit Suisse AG, New York Branch, Mizuho, MUFG, Wells Fargo, Bank of Montreal and BNY Mellon; and

- that certain form of Term Loan Facility Commitment Letter (the "**Term Loan Facility Commitment Letter**"), by and among the Utility and JPMorgan, Bank of America, Barclays, Citi, GS Bank, BNP, Credit Suisse AG, New York

Branch, Mizuho, MUFG, Wells Fargo, Bank of Montreal, BNY Mellon and Bank of China, Los Angeles Branch.

As described in the Disclosure Statement, in order to finance the transactions contemplated by the Plan, the Debtors expect to incur the Exit Financing. The Commitment Letters allow the Debtors to secure lender commitments for the HoldCo Exit Revolver Facility, the Utility Exit Revolver Facility and the Utility Exit Term Facility (each as defined in the Plan Supplement), which are essential components of the Exit Financing. As compensation for arranging, structuring and acting as agent with respect to these financing arrangements, Debtors have or will enter into the following fee letters (the "**Fee Letters**"):

- that certain form of Bank Facilities Fee Letter (the "**Bank Facilities Fee Letter**"), by and among the Debtors, JPMorgan, Bank of America, Barclays, Citi, GS Bank, BNP, Credit Suisse AG, Cayman Islands Branch, Credit Suisse AG, New York Branch, Mizuho, MUFG, Wells Fargo, Bank of Montreal, BNY Mellon and Bank of China, Los Angeles Branch;
- that certain Administrative Agent Fee Letter dated May 4, 2020 (the "**Administrative Agent Fee Letter**"), between the Debtors and JPMorgan; and
- that certain Structuring Letter dated May 4, 2020 (the "**Structuring Fee Letter**"), between the Debtors and J.P. Morgan Securities LLC (the non-Debtor parties to the Fee Letters, the "**Fee Letter Parties**").

Because the Fee Letters include sensitive and confidential commercial information, the Debtors and the Fee Letter Parties agreed that the Fee Letters would not be publicly disclosed. The Fee Letter Parties have, however, consented to the Debtors filing the Fee Letters under seal with the Court and providing the Fee Letters to the U.S. Trustee and advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis.

## III. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or *confidential* research, development, or *commercial information* . . . .

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application". *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity". 11 U.S.C. § 107(b). Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause". *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature". *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors", *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, Local Procedures require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*. The Debtors have narrowly tailored the sealing request herein to the Fee Letters themselves. Because the Fee Letters contain confidential commercial information within the scope of section 107(b), this Court should grant the Debtors' request.

The Fee Letters are the product of arm's length, extensive and good faith negotiations, and due to the commercially sensitive nature of the pricing and economic terms included in each, the public disclosure of the Fee Letters would likely cause substantial harm to the Debtors and the Fee Letter Parties and create an unfair advantage for competitors. Accordingly, the Debtors agreed to keep the Fee Letters confidential. In the competitive lending and investment banking industry, the disclosure of this information would put the Fee Letter Parties at a distinct competitive disadvantage by constraining their ability to negotiate fees and related provisions in future transactions. Further, because exit financings are only a small fraction of all syndicated financings arranged by the Fee Letter Parties, requiring them to disclose certain fee information in this context but not in others could have a "chilling effect" that discourages them and other competitor institutions from providing exit financing on terms favorable to debtors in chapter 11 cases. Finally, broad disclosure of the agreed upon and other sealed provisions could jeopardize the Reorganized Debtors' ability to secure lender commitments for future financings, which would be adverse to the Reorganized Debtors and their stakeholders.

It is a widespread practice for courts to authorize the filing of similar confidential financing information under seal. *See, e.g.*, *In re Hexion Holdings LLC*, No. 19-10684 (KG), at 2 (Bankr. D. Del. June 7, 2019) (ECF No. 553) ("The Debtors are authorized to file the Fee Letters and the Notes Engagement Letter under seal and to redact information concerning the fees payable in the

form of Notes Engagement Letter annexed to the Motion."); *In re Avaya Inc.*, No. 17-10089 (SMB), at 2 (Bankr. S.D.N.Y Oct. 25, 2017) (ECF No. 1388) ("The Debtors are authorized to file the Exit Fee Letter under seal . . . ."); *In re Optima Specialty Steel, Inc.*, No. 16-12789 (KJC), at 4 (Bankr. D. Del. June 29, 2017) (ECF No. 899) ("The Debtors are authorized to file the Fee Letter under seal . . ."); *In re Ultra Petroleum Corp.*, No. 16-32202 (MI), at 1 (Bankr. S.D. Tex. Feb. 13, 2017) (ECF No. 1125) ("The Debtors are authorized to file in redacted form or under seal the Exit Financing Agreements [including Fee Letters and the Engagement Letter] and Exit Financing Motion."); *In re Homer City Generation, L.P.*, No. 17-10086 (MFW), at 2 (Bankr. D. Del. Jan. 18, 2017) (ECF No. 84) ("The Debtor is authorized to file the Documents [including the Engagement Letter] under seal."); *In re Rotech Healthcare Inc.*, No. 13-10741 (PJW), at 4 (Bankr. D. Del. July 29, 2013) (ECF No. 762) ("[T]he Debtors are authorized to file the First Lien Credit Facilities Fee Letter under seal . . . ."); *In re Smurfit-Stone Container Corp.*, No. 09-10235 (BLS), at 3 (Bankr. D. Del. Feb. 16, 2010) (ECF No. 5056) ("[T]he Debtors are authorized to file the Fee Letters under seal . . . ."); *In re Tribune Co.*, No. 08-13141 (KJC), at 2 (Bankr. D. Del. Dec. 10, 2008) (ECF No. 62) ("Movants are authorized to file the Fee Letters under seal . . . ."); and *In re Adelphia Communications Corp.*, No. 02-41729 (REG), at 2 (Bankr. S.D.N.Y. Mar. 24, 2004) (ECF No. 4260) ("[T]he Confidential Materials [including the Engagement Letter and Fee Letter] . . . shall remain confidential, [and] be filed under seal . . . .").

The Debtors and the Fee Letter Parties fully acknowledge the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). In this spirit, the Debtors have narrowly tailored their request to filing the Fee Letters with the Court under seal according to the Local Procedures, and propose to share copies of the Fee Letters with the U.S. Trustee and advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis. The relief sought herein is consistent with similar relief sought in respect of other financing fee letters

in these Chapter 11 Cases. The Court granted such earlier relief and the Debtors respectfully request the Court similarly grant the relief sought herein.

## IV.     NOTICE

Notice of this Motion to Seal will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Tort Claimants; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facilities; (xii) counsel for the Fee Letter Parties; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 24, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER BENVENUTTI KIM LLP**

　/s/ *Paul H. Zumbro*

Paul H. Zumbro

*Attorneys for Debtors and Debtors in Possession*