WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br><br>                 **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br><br>**DECLARATION OF PAUL H. ZUMBRO IN SUPPORT OF DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CERTAIN EXIT FINANCING FEE LETTERS**<br><br>[No Hearing Requested] |

Pursuant to 28 U.S.C. § 1746, I, Paul H. Zumbro, hereby declare under penalty of perjury as follows:

1.      I am a partner of the law firm of Cravath, Swaine & Moore LLP, a New York law firm with offices at 825 Eighth Avenue, New York, New York 10019.  I am admitted to practice in the State of New York and am also admitted to practice before this Court *pro hac vice*.  (*See* Docket No. 122.)

2.      I submit this Declaration in connection with the motion, dated May 24, 2020 (the "**Motion to Seal**")[1], of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to file the Fee Letters under seal, all as more fully set forth in the Motion to Seal.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3.      As described in the Disclosure Statement, in order to finance the transactions contemplated by the Plan, the Debtors expect to incur the Exit Financing.  The Commitment Letters allow the Debtors to secure lender commitments for the HoldCo Exit Revolver Facility, the Utility Exit Revolver Facility and the Utility Exit Term Facility (each as defined in the Plan Supplement), which are essential components of the Exit Financing.  As compensation for arranging, structuring and acting as agent with respect to these financing arrangements, Debtors have or will enter into the Fee Letters, as described in the Motion to Seal.

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

4.     Because the Fee Letters include sensitive and confidential commercial information, the Debtors and the Fee Letter Parties agreed that the Fee Letters would not be publicly disclosed. The Fee Letter Parties have, however, consented to the Debtors filing the Fee Letters under seal with the Court and providing the Fee Letters to the U.S. Trustee and advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis.

5.     The Fee Letters are the product of arm's length, extensive and good faith negotiations, and due to the commercially sensitive nature of the pricing and economic terms included in each, the public disclosure of the Fee Letters would likely cause substantial harm to the Debtors and the Fee Letter Parties and create an unfair advantage for competitors.  Accordingly, the Debtors agreed to keep the Fee Letters confidential.  In the competitive lending and investment banking industry, the disclosure of this information would put the Fee Letter Parties at a distinct competitive disadvantage by constraining their ability to negotiate fees and related provisions in future transactions.  Further, because exit financings are only a small fraction of all syndicated financings arranged by the Fee Letter Parties, requiring them to disclose certain fee information in this context but not in others could have a "chilling effect" that discourages them and other competitor institutions from providing exit financing on terms favorable to debtors in chapter 11 cases.  Finally, broad disclosure of the agreed upon and other sealed provisions could jeopardize the Reorganized Debtors' ability to secure lender commitments for future financings, which would be adverse to the Reorganized Debtors and their stakeholders.

6.     The Court has granted similar relief to the relief sought in the Motion to Seal in respect of other financing fee letters in these Chapter 11 Cases.

1    I declare under penalty of perjury that, to the best of my knowledge and after

2    reasonable inquiry, the foregoing is true and correct.

3

4    Dated May 24, 2020

5                                                              /s/ Paul H. Zumbro
                                                             Paul H. Zumbro
6                                                            Partner, Cravath, Swaine & Moore LLP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28