John H. MacConaghy (SBN 83684)
MacCONAGHY & BARNIER, PLC
645 First St. West, Suite D
Sonoma, CA 95476
Telephone: 707.935.3205
Facsimile: 707.935.7051
Email: macclaw@macbarlaw.com

*Proposed Special Counsel for Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**<br><br>    -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OBJECTION AND MOTION TO STRIKE BY THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO "AD HOC CLAIMANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY BRIEF" BY ADVENTIST HEALTH, PARADISE ENTITIES AND COMCAST**<br><br>Date: May 27, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>Hon. Dennis Montali<br><br>Relates to Dkt. No. 7501 |

The Official Committee of Tort Claimants ("**TCC**"), for its Objection and Motion to Strike by the Official Committee of Tort Claimants of the "Ad Hoc Claimants' Administrative Motion for Leave to File Reply Brief" and proposed reply brief by Adventist Health, Paradise Entities, and Comcast" (Dkt. Nos. 7501 & 7501-1) respectfully states as follows:

## I. INTRODUCTION

The "Ad Hoc Claimants", formerly known as the "Ad Hoc Group of Business Claimants", ("**Business Claimants**") seek leave to file an additional 8 page reply addressing the TCC's position on the Subrogation Wildfire Trust most recently addressed in the TCC's Objection to Confirmation. This reply brief (already filed) is in contravention to a carefully stipulated and ordered briefing schedule. Moreover, it is an unnecessary burden on the Court, which has already been overwhelmed by thousands of pages of authorized filings over the past 72 hours. The Administrative Motion should be denied, and the putative, redundant reply brief stricken.

## II. PROCEDURAL BACKGROUND

As the Court is well aware, there is a longstanding dispute between the TCC and the Business Claimants over the terms and overlap of the $13.5 Billion "Fire VictimTrust" and the $11 Billion "Subrogation Wildfire Trust" incorporated into the Debtor's proposed Plan of Reorganization. In an effort to manage the multiple disputes over the Plan, the Business Claimants sought a separate, pre-confirmation hearing on these issues. The TCC and the Court agreed, and separate hearing on this issue was set for May 15, 2020. In connection with this hearing it was stipulated that each side could file a brief addressing these and other issues of no more than 30 pages. As the "Objectants" to the Trust Documents, it was agreed that the Business Claimants would file their brief by May 5, 2020, the TCC would file its response by May 12, 2020, there would be no other briefs from these parties, and the matter would be argued on May 15, see Dkt. Nos. 7050 & 7060. The parties adhered to this schedule, and the matter was argued on May 15. It is now under submission.

At about the same time, the Court fixed a detailed protocol for confirmation briefing and related filings, see Dkt. No. 7182. With rare exception, all of the many parties in this case have complied. The Business Claimants now ask again for special treatment.

## III. ARGUMENT AND REQUEST FOR RELIEF

The Court certainly has the discretion to allow however many briefs it wants of whatever length it deems appropriate. However, the TCC submits that exercising that discretion as requested by the Business Claimants is a bad idea for three reasons. First, it is contrary to the terms of both the Stipulation and Order regarding the May 15 hearing and the "Order Establishing Confirmation Hearing Protocol". Second, it would set a cumbersome precedent for the many other parties in interest who would undoubtedly wish to burden the Court with more filings if granted leave to do so. Third, the points raised in the proposed reply brief are nothing new and were thoroughly vetted at the May 15 hearing.

The TCC submits that the most prudent course of action is to deny the Business Claimants' Administrative Motion and strike the proposed reply brief. If the Court is inclined to hear more from the parties on this issue, the TCC requests leave to file its own sur-reply of equal length.

Dated: May 25, 2020

Respectfully submitted,

MacConaghy & Barnier, PLC

By: /s/ John H. MacConaghy
      John H. MacConaghy

*Proposed Special Counsel for The Official Committee of Tort Claimants*