KEVIN J. LAMB, SBN 125710
klamb@lkfirm.com
MICHAEL K. SLATTERY, SBN 107303
mslattery@lkfirm.com
THOMAS G. KELCH, SBN 100709
tkelch@lkfirm.com
LAMB AND KAWAKAMI LLP
333 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone: (213) 630-5500
Facsimile: (213) 630-5555

Attorneys for the County of San Luis Obispo

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| In re<br><br>PG&E Corporation<br><br>   -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects Both<br><br>*All papers shall be filed in the Lead Case, 19-30088 (DM)* | Bankruptcy Case<br>Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**COUNTY OF SAN LUIS OBISPO'S OBJECTION TO/REQUEST FOR CLARIFICATION OF SUPPLEMENT TO PLAN SUPPLEMENT**<br><br>Confirmation Hearing: May 27, 2020<br>Time: 10:00 a.m.<br>Place: Ctr. 17<br>450 Golden Gate Avenue, 18th Floor<br>San Francisco CA 94102<br><br>[**Relates to Docket Nos. 7037, 7503**] |
|---|---|

On May 22, 2020, the Debtors filed their Supplement to Plan Supplement. Page 6 deleted the Debtors' gas franchise agreement with San Luis Obispo County (the "County") from the List of Assumed Contracts. That agreement, which is reflected in a municipal ordinance, authorizes the Debtors to use public property to provide natural gas service to the residents of San Luis Obispo. Pacific Gas and Electric Company does provide gas service to some County communities. If the Debtors' intent is discontinue this essential service, the County objects on the grounds that:

284633.2
1

- The franchise, which is reflected in an ordinance, creates an obligation under municipal law to provide essential community services which the Debtors cannot simply abandon; and

- Some courts have held that the Court's approval of a debtor's decision to reject requires some balancing of the relative interests of the parties--*In re: Chi-Feng* Huang 23 Bankr. 798 801 (Bankr. 9th Cir. B.A.P. 1982) [ …it is proper for the court to refuse to authorize rejection of a lease or executory contract where the party whose contract is to be rejected would be damaged disproportionately to any benefit to be derived by the general creditors of the estate …]; Meehan *v. Macco (In re: Meehan)* 59 Bankr. 380 (S.D.N.Y. 1986); *In re Midwest Polychem Ltd.* 61 Bankr. 559 )Bankr. N.D. Ill. 1986); in this situation, the balance tips in favor of the County's interest in the continuation of an essential service for its residents.

The Debtors' franchise with the County was <u>not</u> listed on the Debtors' Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan. [Docket No. 7032, Exhibit A]. The County hopes that the Debtors intend to continue to provide service under their franchise and perhaps chose to delete the franchise ordinance from the List of Assumed Contracts because, under §8.1 of the Plan, it was deemed to have been assumed. If so, the County asks that the Debtors make that clarification to the County.

The County knows that the Court set a May 15, 2020 deadline for objections to the Debtors' proposed rejections of executory contracts. The County asks for leave to file this Objection because it addresses an action the Debtors took a week after that May 15 deadline.

Dated: May 26, 2020  Respectfully submitted,

LAMB AND KAWAKAMI LLP

By: _____*/s/ Michael K. Slattery*_____
MICHAEL K. SLATTERY
Attorneys for County of San Luis Obispo