WATTS GUERRA LLP
Mikal C. Watts (*pro hac vice*)
Guy L. Watts II (*pro hac vice*)
Paige Boldt, SBN 308772
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

Attorney for Numerous Wild Fire Claimants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY GENE HAWLEY AND JOAN HAWLEY, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROY E. MILLER**<br><br>Date: June 24, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br><br>Objection Deadline: June 10, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCH COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

    Watts Guerra LLP, together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire") and 2019 ("Kincade Fire").

- 1 -

Watts Guerra LLP respectfully files this motion on behalf of Gene and Joan Hawley, (collectively, "Movants") to deem timely late filing of proofs of claims ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the Tubbs Fire, Movants were unable to timely file their proofs of claims. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claims deemed timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

### A. Movants' Claims Arising From Tubbs Fire[1]

Creditors, Gene and Joan Hawley are survivors of the Tubbs Fire that occurred in 2017. Gene and Joan Hawley lost their home in the Tubbs Fire. They came to a townhall meeting at my law firm's Santa Rosa office in September 2019 and took paper work home to sign up for a claim. The Hawley's believe they returned the fee agreement and other paper work for signing up as a client before the December 31, 2019 deadline. Thus the Hawley's believe they accomplished everything necessary to have a claim filed prior to the deadline. However, no one at Hansen & Miller recalls their paperwork ever being provided. Hansen & Miller sent its clients regular update letters and twice searched the entire office before the December 31, 2019 deadline to ensure all clients had their claims filed. On April 23, 2020, the Hawley's contacted Hansen & Miller to inquire about their claim. Hansen & Miller, searched their offices, their databases, and all other avenues to locate the Hawley's fee agreement. In the end, it was determined that the Hawley's believed they had acted timely in returning their contract and supporting documentation to our offices but in three different contact instances, Hansen & Miller could not locate any documentation for the Hawley's.

On May 26, 2020, Watts Guerra LLP filed claim numbers UEBNK27402 and

---

[1] *See* Ex. 1, Declaration of Roy E. Miller.

D@A@F27402 on behalf of Movants ("Subject Proofs of Claims"). True and correct copies of the Subject Proofs of Claim are collectively attached to the Roy E. Miller Declaration as Exhibit "A".

**B. General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C. Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved. Since then, the Disclosure Statement and Plan have been circulated for votes.

### D. Extended Bar Date for Fire Victim Creditors

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

## III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list

- 4 -

of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize thatshe had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately upon receiving all the necessary information, the Subject Proofs of Claims were filed. Thirdly, the delay in filing the Subject Proofs of Claim is reasonable considering the estrangement of Movants and the accompanying stress of relocating after the emotional trauma they experienced as survivors of the Tubbs Fire. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

### IV. Conclusion

For the reasons set forth above, the Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proofs of Claims filed by Movants are to be allowed as having

| | |
|---|---|
| 1 | been timely filed; |
| 2 | 3. Granting such other or further relief as the Court deems just and proper. |
| 3 | Dated: May 27, 2020. |

                                                Respectfully submitted,

                                                WATTS GUERRA LLP

                                                By:    /s/ Mikal C. Watts
                                                          Mikal C. Watts