Rafey S. Balabanian (SBN 315962)
Todd Logan (SBN 305912)
Brandt Silver-Korn (SBN 323530)
**EDELSON PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

*Counsel for Claimant Anne Marie Pounds
and Numerous Victims of the Camp Fire*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Case No. 19-30088 (Jointly Administered)<br><br>Chapter 11<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO DEEM ANNE MARIE POUNDS' CLAIM TIMELY FILED**<br><br>Date: June 24, 2020<br>Time: 10:00am (Pacific Time)<br>Place: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: June 10, 2020 |

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, Claimant Anne Marie Pounds ("Ms. Pounds") moves for entry of an order deeming her proof of claim in these cases [Claim RLUEK27402] timely filed.[1]

## Summary of Argument

A late-filed proof of claim may be deemed timely if a creditor shows that delay was the consequence of excusable neglect. Such is the case here. Ms. Pounds' father, George "Mike" Pounds ("Mr. Pounds"), was killed by the 2018 Camp Fire. Since then, Ms. Pounds has been in a state of intense grieving and acute emotional distress. This debilitating grief ultimately prevented her from timely filing a proof of claim in these proceedings. Because Ms. Pounds' tardy claim was the consequence of excusable neglect, because her claim will not prejudice the Debtors, and because her claim is made in good faith, the motion should be granted.

## Procedural Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") filed voluntary Chapter 11 petitions. *See* Dkt. 1. On July 1, 2019, the Court established October 21, 2019 as the deadline for Fire Claimants to file a proof of claim with respect to any of their prepetition claims (the "General Bar Date"). *See* Dkt. 2806. On November 11, 2019, that deadline was extended to December 31, 2019 (the "Extended Bar Date"). *See* Dkt. 4872. On May 22, 2020, Claimant Anne Marie Pounds filed a proof of claim related to the wrongful death of her father, George "Mike" Pounds, who was killed by the Camp Fire. *See* Exhibit 1.

## Factual Background

On the morning of November 8, 2018, Ms. Pounds' father—George "Mike" Pounds—was living in a fifth wheel on Ms. Pounds' property in Newcastle, California. *See* Declaration of Anne Marie Pounds ("Pounds Decl.") ¶ 2. Within a matter of hours, the Camp Fire burned through the town of Paradise, a mere eighty (80) miles away from his home. *See id*. While Mr. Pounds was

---

[1] A true and accurate copy of Ms. Pounds' proof of claim is attached as **Exhibit 1**.

1

Case: 19-30088    Doc# 7623    Filed: 05/27/20    Entered: 05/27/20 22:11:44    Page 2 of 6

spared the flames, the polluted air he inhaled over the following days, as Northern California was blanketed in thick smoke, was catastrophic for his health. *See Rita Pounds et al. v. PG&E Corporation et al.*, Case No. CFC-19-573304 (Cal. Super. Jan. 28, 2019).[2] The smoke ravaged Mr. Pounds' respiratory system, and ultimately claimed his life on December 5, 2018—the result of acute lung failure. *See id*.

    This loss was profoundly devastating for Ms. Pounds. *See* Pounds Decl. ¶ 3. Ms. Pounds considered her father to be her best friend. *See id*. ¶ 4. Before the Camp Fire, they spent practically every day together, exchanging books, working out, building computers, gardening, and cooking with each other. *See id*. His untimely death at the hands of the Camp Fire was, in her own words, "nightmarish." *See id*. ¶ 5. Immediately upon his death, Ms. Pounds was thrown into a state of confusion, grief, and disorientation, which lasted for more than a year. *See id*. ¶ 6. Compounding this distress, in the months after her father's death, Ms. Pounds became the primary caregiver for both her husband and her mother, who each faced separate life-threatening illnesses. *See id*. This period of Ms. Pounds' life was so confusing and overwhelming that, even when her siblings began prosecuting a wrongful death lawsuit against PG&E—and subsequently filed proofs of claim in these cases—she found herself too traumatized to confront these proceedings, or even contact a lawyer. *See id*. ¶ 7. By the time she felt able to contact a lawyer for the first time in late-April 2020, and filed a proof of claim on May 22, 2020, the Extended Bar Date had passed. *See id*. ¶ 8.

## **Argument**

    In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. *See e.g.*, *In re Nw. Territorial Mint, LLC*, No. AP 16-

---

[2]     Wrongful death complaint filed by Ms. Pounds' mother and several of Ms. Pounds' siblings.

2

1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the party."); *In re Schultz*, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. To that end, courts in the Ninth Circuit generally look to four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. *See id*. Because each factor weighs heavily in favor of Ms. Pounds, her late proof of claim should be deemed timely.

*First*, Ms. Pounds' claim does not threaten to prejudice PG&E. The value of Ms. Pounds' claim relative to the Debtors' estates is exceedingly small (and stands to be drawn from a limited pot) and the allowance of Ms. Pounds' claim will not disrupt the reorganization or distribution process. *See e.g.*, *In re Earth Rock, Inc.,* 153 B.R. 61, 63 (Bankr. D. Idaho 1993) (no prejudice in Chapter 11 case where creditor filed proof of claim nearly eight months after bar date because, *inter alia*, the filing would not alter the treatment of other creditors and the claim would "not delay Debtor's reorganization proceedings in any significant regard"); *In re Okray*, No. ADV F08-90010-DMD, 2008 WL 8657842, at *2 (Bankr. D. Alaska Nov. 24, 2008), *aff'd*, No. 4:08-CV-00052-RRB, 2009 WL 2448038 (D. Alaska Aug. 7, 2009) (no danger of prejudice where late filing would have "a negligible impact" on the remaining proceedings); *In re Sacred Heart Hosp. of Norristown,* 186 B.R. 891, 897 (Bankr. E.D. Pa. 1995) (holding that prejudice to the debtor was "practically nil" where claim was "effected prior to confirmation of the Debtor's [Plan], and therefore prior to the Debtor's making any distribution pursuant to its [Plan]").

3

*Second*, and in the same vein, although Ms. Pounds' claim is tardy by several months, allowance will have a negligible impact on PG&E's reorganization proceedings; indeed, her claim will be simply one of tens of thousands submitted by wildfire victims in this case, and essentially mirrors the claims already timely submitted by her siblings. *See e.g.*, *In re Dix*, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); *In re Earth Rock, Inc.,* 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

*Third*, Ms. Pounds' claim is delayed solely as a consequence of the severe emotional distress and confusion she suffered following her father's death. *See* Pounds Decl. ¶¶ 3-8. Specifically, the circumstances of Ms. Pounds' father's untimely death were so traumatic for Ms. Pounds that she could not bring herself to confront these proceedings, or even contact a lawyer, until after the bar date had passed. *See id*. These circumstances amount to excusable neglect. *See e.g.*, *In re Nw. Territorial Mint, LLC*, 2018 WL 6187762, at *5 ("Excusable neglect can include sudden death . . . [of] a close family member of . . . the party."); *TCI Group Life Ins. Plan,* 244 F.3d at 699 (same); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect).

*Finally*, and for the reasons outlined in the above-paragraph, Ms. Pounds' claim is made in good faith. This is decidedly not a situation where her late claim was made to "obtain strategic advantage in litigation" or was otherwise "devious, deliberate, [or] willful." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697-698. To the contrary, this is a situation where Ms. Pounds promptly filed a proof of claim once she believed she was in the right state of mind to participate in legal proceedings related to her father's death.

## Conclusion

The motion should be granted, and Ms. Anne Marie Pounds' proof of claim [Claim RLUEK27402] should be deemed timely.

4

Respectfully submitted,

Dated: May 27, 2020

By: /s/ Rafey Balabanian
By: /s/ Brandt Silver-Korn

Rafey S. Balabanian (SBN 315962)
Todd Logan (SBN 305912)
Brandt Silver-Korn (SBN 323530)
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

*Counsel for Claimant Anne Marie Pounds and Numerous Victims of the Camp Fire*