1 Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
2 Kimberly S. Morris (SBN 249933)
BAKER & HOSTETLER LLP
3 600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
4 Telephone:    415.659.2600
Facsimile:    415.659.2601
5 Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com
6 Email: kmorris@bakerlaw.com

7 Eric E. Sagerman (SBN 155496)
Lauren T. Attard (SBN 320898)
8 BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
9 Suite 1400
Los Angeles, CA  90025
10 Telephone:    310.820.8800
Facsimile:    310.820.8859
11 Email:    esagerman@bakerlaw.com
Email:    lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

Signed and Filed: May 28, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY MACCONAGHY & BARNIER, PLC AS SPECIAL COUNSEL EFFECTIVE AS OF APRIL 23, 2020** |

Upon the Application, filed April 28, 2020 (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the retention and employment of MacConaghy & Barnier, PLC ("**M&B**") as special conflicts counsel, effective as of April 23, 2020, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the Engagement Letter dated April 27, 2020 as such was affixed to the MacConaghy Declaration, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the MacConaghy Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved solely to the extent set forth herein.

2. The TCC is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage M&B as its special conflicts counsel in these Cases, effective as of April 23, 2020. The terms of M&B's engagement, with the exception of M&B's

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

compensation and reimbursement of expenses, will be pursuant to the terms of the Engagement Letter.

3. M&B shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, the Notice of Filing of Parties' Revised Fee Examiner Protocol (Dkt. No. 4473), and any other order of the Court.

4. Notwithstanding anything to the contrary in the Application or the Engagement Letter, M&B shall not seek reimbursement for any fees or costs arising from the defense of any of M&B's monthly fee statements or fee applications in these Cases. Approval of the Application and any terms of the Engagement Letter shall not alter the result dictated by the holding in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

5. Notwithstanding any provision in the Engagement Letter to the contrary, there shall be no limitation of liability in connection with this engagement.

6. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

7. Notwithstanding anything to the contrary in the Application or the Engagement Letter, M&B's allowed compensation shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Cases.

8. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

9. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to M&B for this retention.

** END OF ORDER **

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO