| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PLAN PROPONENTS' JOINT STATEMENT REGARDING OPENING ARGUMENTS FOR CONFIRMATION HEARING AND RELATED MATTERS**<br><br>**Related Docket No.: 7613** |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and the Shareholder Proponents[1] submit this joint statement regarding opening legal arguments ("**Opening Arguments**") in connection with the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and related matters in accordance with the Court's *Order Regarding Schedule for Oral Arguments and Submission for Decision*, dated May 27, 2020 [Docket No. 7613] (the "**May 27 Order**").

## STATEMENT

In connection with the Opening Arguments, the Debtors and Shareholder Proponents (collectively, the "**Plan Proponents**") wish to reserve 2.5 hours total. Based on a review of the current circumstances, including the Objections that the Plan Proponents believe have been resolved, the remaining matters that should be the subject of oral argument are as follows:

1. General compliance with the requirements of section 1129(a) of the Bankruptcy Code including, good faith and proper classification;

2. Scope of Plan releases, exculpation, and discharge provisions;

3. Alleged impairment and executory contract issues related to setoff and indemnification claims;

4. Remaining Objections raised by the Tort Claimants Committee and the UCC;

5. Objections raised by PERA; and

6. Remaining Objections raised by certain Governmental Units, including the United States, the California State Agencies, and the California Franchise Tax Board.

Depending on the issues, the arguments will be made by Mr. Karotkin, Mr. Tsekerides, Ms. Liou, Mr. Slack, Mr. Bennett, or Mr. Johnston.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 22, 2020* [Docket No. 7521] (as it may be amended, modified or supplemented, and together with any exhibits or schedules thereto, the "**Plan**") and the *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, dated May 22, 2020 [Docket No. 7528] (the "**Confirmation Memorandum**"), as applicable.

In addition, consistent with the Court's instructions at the May 19 and May 22 status conferences, with respect to executory contracts, the Debtors do not intend to address outstanding objections as to cure amounts at the Confirmation Hearing and the rights of all parties that timely filed any such objections will be preserved for further hearing as necessary. The Debtors are in contact with many of the contract counterparties that filed cure objections and are hopeful that they will be able to resolve most of those disputes consensually and without further assistance from the Court. To the extent the parties are unable to resolve any such cure disputes, the dispute would be brought back for hearing before the Court at a date to be determined on appropriate notice. Specific language resolving the cure objections of certain of the contract counterparties for purposes of Plan confirmation has been included in the proposed Confirmation Order filed with the Court on May 26, 2020. In addition, language generally confirming the preservation of all rights of any parties that timely filed cure objections has also been included in the proposed Confirmation Order that was filed with the Court. *See* Docket No. 7581, ¶ 34(b) ("Except as otherwise provided in this Confirmation Order, any issues with respect to timely filed Cure Disputes will be preserved and may be resolved in due course either consensually without further order of the Court, or, after notice and an opportunity to be heard, by a Final Order of the Court, which may be entered after the Effective Date."). As the Debtors noted at a prior status conference and as set forth in the Confirmation Memorandum, the Plan Proponents do intend to have the Court address now, disputes relating to indemnification and contributions claims arising under executory contracts to be assumed.

The Debtors' proposed treatment and resolution of outstanding cure disputes is consistent with other chapter 11 plans approved in this and other Districts. *See In re Pacific Gas and Electric Company*, Case No. 01-30923 (DM) (Bankr. N.D. Cal. Dec. 22, 2003) [Docket No. 14272] (confirming chapter 11 plan that provided that timely filed cure disputes would be resolved consensually or by final order of the Court following the effective date of the chapter 11 plan); *In re Blue Earth, Inc.*, Case No. 16-30296 (DM) (Bankr. N.D. Cal. July 21, 2016) [Docket No. 259] (approving chapter 11 plan that provided that any cure disputes that were not previously resolved by the parties would be heard and determined by the

Court following the confirmation hearing); *DJS Properties, L.P. v. Simplot*, 397 B.R. 493, 498-501 (D. Idaho Sept. 30, 2008) (bankruptcy court properly approved chapter 11 plan that provided for post-confirmation resolution of executory contract assumption or rejection disputes); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Oct. 22, 2013) [Docket No. 10367] (confirming chapter 11 plan that provided that timely filed cure disputes would be resolved consensually or by final order following the effective date of the chapter 11 plan).

Dated: May 28, 2020
      New York, New York

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*