Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION TO EXCLUDE EXAMINATION TESTIMONY OF STEVEN M. CAMPORA AND DAVID J. RICHARDSON** <br><br> [Dkt. No. 7500] |

The Official Committee of Tort Claimants (the "**TCC**") hereby moves to exclude the notices to attend hearings directed to Steven M. Campora (counsel to the TCC's chair, Karen Lockhart) and David J. Richardson (counsel for the TCC), attached hereto as Exhibits A and B, and to exclude Mr. Abrams' direct examination of Mr. Campora and cross-examination of Mr. Richardson. On the Amended Witness and Exhibit List of William B. Abrams [Dkt. No. 7500] ("**Abrams Witness and Exhibit List**"), Mr. Abrams identified Mr. Campora and Mr. Richardson as witnesses and identified their declarations as exhibits for the plan confirmation hearings. The TCC's motion is based on the following grounds:

## MOTION

**I. The Court Should Bar Mr. Abrams Calling Mr. Campora as a Witness via Live Direct Testimony for Three Separate Reasons**

**A. Mr. Abrams Did Not Follow the Court's Protocol for Providing Direct Testimony by Declaration instead of Live Testimony**

1. Mr. Abrams emailed Mr. Campora a "notice to attend hearing" that stated that he was "required to attend hearing . . . to testify as a witness." *See* Exhibit A. Based on this notice, it appears that Mr. Abrams is attempting to submit live testimony of Mr. Campora on direct, rather than by declaration. The Court barred this approach in a series of orders and rulings from the bench.

2. At its May 22, 2020 status conference to discuss trial issues, the Court stated that parties were to submit direct testimony via declarations and that live examination on direct would not be permitted. The Court explained:

> I don't want direct testimony by any witnesses. So if Mr. Scarpulla wants to call a witness, he better have a declaration from that witness on file by the close of business today, just like everybody else is supposed to.

*See* Hr'g Tr., May 22, 2020, at 17:23-18:1.

The Court also explained to Mr. Scarpulla:

> [Y]our witness will testify in writing by direct, and therefore will begin on cross by whomever wants to cross. And if no one wants to cross him, there will be no redirect.

*Id.* at 29:15-17.

3. Thereafter, Mr. Abrams asked for permission to call witnesses on direct for which he had not submitted declarations. The Court stated that Mr. Abrams could file past declarations

filed by a witness, but cannot thereafter directly examine the witness live on direct. When discussing the potential of Mr. Abrams calling Bill Johnson, CEO of PG&E, the Court explained:

> [I]f you believe Mr. Johnson is relevant to do what, to prove that the plan shouldn't be confirmed, then you needed to get a declaration ahead of time because it's been well established that in order for anyone opposing this -- supporting or opposing, make their case, they start with written declarations. And if there are no declarations available, there's nothing to call the witness for. . . . if he filed a declaration in front of the CPUC that you believe is relevant, then you should identify and add that declaration to your exhibit list. And if the debtors don't object to the Johnson declaration being in evidence, then it'll be in evidence, and you can argue why whatever Mr. Johnson said supports your position that the plan shouldn't be confirmed.

*Id.* at 38:19-39:9.

The Court further explained:

> You won't add to it. Mr. Johnson won't be asked to come and testify. His written testimony will be the testimony. And if Mr. Tsekerides or anyone else believes that is -- it is legally irrelevant, they will make the argument; I'll make the ruling. . . . The way I am proceeding is not unique to me, and many, many courts do this. They don't take time for direct testimony. They take it in written form. . . . but if you submit a declaration and that's your witness, that's it.

*Id.* at 42:17-43:10.

4. After this Court made those rulings, Mr. Abrams did exactly what this Court ordered him not to do, which is state his intention to call a witness live on direct instead of via declarations.

5. Mr. Abrams did the following in order to attempt to circumvent the Court's order. First, Mr. Abrams marked as exhibits declarations that Mr. Campora filed in the state court and the bankruptcy where he authenticated documents and deposition testimony. *See* Dkt. 7500 at 5-11, Dkt. No. 1113. Then, Mr. Abrams sent a notice to Mr. Campora to testify live on direct instead of limited his offer to Mr. Campora's declaration that authenticated documents and testimony. *See* Exhibit A. Hence, the TCC moves to bar such direct testimony on the basis that Mr. Abrams did not follow the direct testimony protocol set out by the Court.

6. Mr. Abrams is trying to use the authenticating declarations of Mr. Campora to bring Mr. Campora into Court and ask Mr. Campora questions about unknown matters not referenced in his declarations.

Case: 19-30088    Doc# 7634    Filed: 05/28/20    Entered: 05/28/20 14:44:30    Page 3 of 5

### B. Mr. Campora's Declarations are Not Relevant to Plan Confirmation

7. The TCC alternatively moves to bar testimony by Mr. Campora on the basis that in his declarations, Mr. Campora stated facts to authenticate documents and deposition testimony that have no bearing on any issue in plan confirmation.

### C. Mr. Campora's Communications are Protected by Attorney-Client and Work Product Privilege

8. Finally, Mr. Campora is counsel to the TCC's chair, Karen Lockhart. His work product and attorney client communications are privileged and should not be subject to examination in these chapter 11 cases.

## II. The Court Should Bar Mr. Abrams from Cross-Examining Mr. Richardson Because His Declaration Was Submitted Solely to Authenticate Documents and His Remaining Knowledge in these Cases is Privileged

9. Mr. Abrams emailed Mr. Richardson a "notice to attend hearing" that stated that he was "required to attend hearing . . . to testify as a witness." *See* Exhibit B. Based on this notice, it appears that Mr. Abrams is attempting to cross-examine Mr. Richardson.

10. The TCC submitted the Richardson Declaration [Dkt. No. 7322] for the purpose of verifying documents related to plan confirmation that are on the TCC's Exhibits List. Yet, Mr. Abrams placed Mr. Richardson's declaration on the Abrams Witness and Exhibit List, and sent Mr. Richardson a notice to appear. *See* Exhibit B. The TCC objects to Mr. Abrams using document-verifying declarations to put witnesses on the stand and use cross-examination to induce what really is direct testimony on other issues. If the Court were to permit any cross-examination of Mr. Richardson, all questions must stay within the scope of his declaration: whether exhibits to that declaration are true and correct copies.

11. Likewise, Mr. Richardson is counsel to the TCC, and his work product and attorney client communications are privileged and should not be subject to examination in these chapter 11 cases.

### CONCLUSION

The TCC requests that the Court strike Mr. Abrams' notices to Mr. Campora and Mr. Richardson to appear, and exclude any live examination of Mr. Campora and Mr. Richardson at

the plan confirmation hearings.

The TCC joins the Debtors' objection to the Campora Declarations identified in the Abrams Witness and Exhibit List on the grounds that they are not relevant to plan confirmation.

Dated: May 28, 2020

                                               BAKER & HOSTETLER LLP

                                               By:   */s/ Robert A. Julian*
                                                            Robert A. Julian

                                               *Counsel for the Official Committee of Tort Claimants*