Mary Kim Wallace
Post Office Box 1632
Magalia, California 95954
Phone Number 530 492 6585
mkw1954@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br><br>     -and-<br><br>PG&E GAS AND ELECTRIC COMPANY<br>                    Debtors<br><br>     vs.<br><br>Mary Kim Wallace<br><br>                    Creditor | Bankruptcy Case<br>No. 19-30088-DM<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) Case<br>No. 19-30089-DM<br><br>Proof of Claim No. 68955<br>Amended Proof of Claim No. 103408<br>Filed October 18, 2018<br>Camp Fire<br><br>Judge:  Honorable Dennis Montali<br><br>Emergency Motion to Allow Pro Per Litigant<br>Mary Wallace Time to Examine Dockets Filed<br>in The PG&E'<br>Bankruptcy Case and allow time to respond. |

My name is Mary Kim Wallace and I am a Pro Per Claimant in the above cited case.  I live in Magalia, California.

My motion is to provide a reasonable time to review the 143 dockets entered into this case, beginning Friday, May 22, 2020 to May 28, 2020.  Four of these 143 filings were filed into a pre-trial hearing conference by Debtor PG&E on May 22, 2020.  A Hearing occurred on that date at 10:30 am., in Judge Montali's Court.  The below 4 Declaration were to be scheduled for cross examination beginning May 26, 2020, at a hearing in Judge Montali's Court, beginning at 10:00 am.

They were as follows:

**Docket #7507**, 122 Pages, Filed Friday, May 22, 2020, Entered 15:47:05; DECLARATION OF CHRISTINA PULLO OF PRIME CLERK LLC REGARDING SOLICITATION OF VOTES AND TABULATION OF BALLOTS CAST WITH RESPECT TO THE DEBTORS' AND

Motion to Allow Pro Per Litigant Time to Examine Dockets for redress of witnesses

Case: 19-30088    Doc# 7652    Filed: 05/28/20    Entered: 05/29/20 12:24:38    Page 1 of
4

1  SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION. (VP of

2  Global Corporate Actions, at Prime Clerk LLC ("Prime Clerk").

3

4      **Docket #7510**, 898 Pages, Filed Friday, May 22, 2020, Entered 15:54:07; DECLARATION

5  OF JASON P. WELLS IN SUPPORT OF CONFIRMATION OF DEBTORS' AND

6  SHAREHOLDER PROPONENTS' JOINT Debtors. CHAPTER 11 PLAN OF

7  REORGANIZATION, with 10 Exhibits. (VP & CFO, PG&E)

8      **Docket #7512**, 20 Pages, Filed Friday, May 22, 2020, Entered 15:57:03, DECLARATION

9  OF KENNETH S. ZIMAN IN SUPPORT OF CONFIRMATION OF DEBTORS' AND

10  SHAREHOLDER PROPONENTS' JOINT Debtors. CHAPTER 11 PLAN OF

11  REORGANIZATION. (Managing Director in the Restructuring Group at Lazard Frères & Co. LLC

12  ("Lazard"), an investment banking firm that has its principal office at 30 Rockefeller Plaza, New

13  York, New York 10112. Lazard is the primary U.S. operating subsidiary of a preeminent international

14  investment banking, financial advisory, and asset management firm).

15      **Docket #7514**, 12 Pages, Filed Friday, May 22, 2020, Entered, 05/22/20 15:57:03;

16  DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' AND SHAREHOLDER

17  PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION. (I am a Managing Director

18  in the Turnaround and Restructuring Services practice of AlixPartners, LLP, and affiliate of both

19  AlixPartners, LLC and AP Services, LLC ("APS"), which provides interim management services to

20  PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors-in-possession

21  (collectively, "PG&E" or the "Debtors") in the above captioned Chapter 11 Cases (the "Chapter 11

22  Cases"). I currently serve as the Deputy Chief Restructuring Officer for the Debtors as authorized by

23  the Court by Order dated April 9, 2019 [Docket No. 1299])

24      The above listed Declarations total 930 pages, with exhibits and reference to other documents.

25  As a Pro Per litigant I declare that I know Pro Se litigants, much less the common people, and very

26  few attorney's, who would be able to review, read, research, investigate the witness, and prepare a

27  cross examination without reasonable notice and time to do so.  The documents were referenced in

28  Motion to Allow Pro Per Litigant Time to Examine Dockets for redress of witnesses

1  the hearing on May 22, 2020 via poor audio from the court.  When the Judge asked if there were any

2  partities interested in cross examining the Declaration and the Declarants, I said yes.  When asked

3  how much time I would need, I said 10 minutes.  At the end of the hearing all four declarants were

4  scheduled for cross by 1 attorney, Will Abrams, and myself.  At the end of the hearing I did not even

5  know their names, or had any notice of their declaration.

6      As shown on the time stamped entry the Declaration were entered around 3:57, Friday

7  afternoon, May 22, 2020.

8      I did not know they were just be submitted and found them while checking the docket,

9  Saturday morning.  When I figured out their names, I reviewed Ms. Pullo's 122 page document, and

10  was in a scramble to prepare an intelligent and proper list of question for the cross examination I was

11  scheduled to do with her on Tuesday, May 27, at 10:30 am in Judge Montali's court.

12      Although ill prepared I was present in court and attempted to cross examine Ms. Pullo and her

13  Declaration.  Unfortunately, there were numerous technical difficulties and I was unable to participate

14  in the hearing.

15      I then emailed the court and cited that I had reserved all of my rights, one being the right to

16  re-dress or cross examine a witness.  The Court extended and approve a hearing De Novo, and reset

17  it to Friday, May 29, at 10:00 in Judge Montali's court based upon technical difficulties, of which

18  they are experiencing themselves as the court is now a virtual court and sometimes technology does

19  not work.

20      I submit that a reasonable person would look at the magnitude of evidence submitted, not only

21  with these 4 documents, but the other 139 Filings waiting to be heard.

22      I demand this court to provide a reasonable time to receive a notice, digest it, research,

23  investigate the information received, and to mount a proper defense in objections and or answers to

24  questions that I would put to these witness.  I believe a reasonable time would be a minimum of 15

25  days, to thoroughly review and prepare a response.  If the court does not grant this motion, I demand

26  Findings of facts and conclusion of law to support their denial of my due process of law rights

27  guaranteed by The Constitution of the United States of America, 5th Amendment.  I expressly reserve

28  Motion to Allow Pro Per Litigant Time to Examine Dockets for redress of witnesses

Case: 19-30088    Doc# 7652    Filed: 05/28/20    Entered: 05/29/20 12:24:38    Page 3 of 4

1  all my rights.  This Motion is submitted under threat, duress and coercion. I also ask the Clerk of the

2  Court, and Judge Montali, the assurance and possibly assistance, or instruction, to get this Motion

3  properly scheduled for a hearing, if my Motion is denied.

4

5      I declare under penalty of perjury that this "Emergency Motion to Allow Pro Per Litigant

6  Mary Wallace time to Examine Dockets and Declarations, Filed in The PG&E Bankruptcy Case,

7  19-30088-DM, and allow time to respond is true and correct to the best of my ability.

   DATED: May 29, 2020                                          All Rights Reserved

8                                                               s/s/ by: Mary Kim Wallace, Creditor

9                                                               In Pro Per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   Motion to Allow Pro Per Litigant Time to Examine Dockets for redress of witnesses

Case: 19-30088    Doc# 7652    Filed: 05/29/20    Entered: 05/29/20 12:24:38    Page 4 of
4