Rafey S. Balabanian (SBN 315962)
Todd Logan (SBN 305912)
Brandt Silver-Korn (SBN 323530)
**EDELSON PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

*Counsel for Claimant David Clark and Numerous Victims of the Camp Fire*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors | Case No. 19-30088 (Jointly Administered)<br><br>Chapter 11<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO DEEM DAVID CLARK'S CLAIM TIMELY FILED**<br><br>Date: July 7, 2020<br>Time: 10:00am (Pacific Time)<br>Place: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: June 23, 2020 |

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, Claimant David Clark ("Mr. Clark") moves for entry of an order deeming his proof of claim in these cases [Claim $OKER27402] timely filed.[1]

### Summary of Argument

A late-filed proof of claim may be deemed timely if a creditor shows that delay was the consequence of excusable neglect. Such is the case here. Mr. Clark mistakenly believed he had retained counsel to submit a proof of claim on his behalf, and did not realize this mistake until the bar date had passed. Because Mr. Clark's tardy claim was the consequence of excusable neglect, because his claim will not prejudice the Debtors, and because his claim is made in good faith, the motion should be granted.

### Procedural Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") filed voluntary Chapter 11 petitions. *See* Dkt. 1. On July 1, 2019, the Court established October 21, 2019 as the deadline for Fire Claimants to file a proof of claim with respect to any of their prepetition claims (the "General Bar Date"). *See* Dkt. 2806. On November 11, 2019, that deadline was extended to December 31, 2019 (the "Extended Bar Date"). *See* Dkt. 4872. On May 22, 2020, Claimant David Clark filed a proof of claim. *See* Exhibit 1.

### Factual Background

David Clark is an active firefighter and former resident of Paradise, California. *See* Declaration of David Clark ("Clark Decl.") ¶ 2. On November 8, 2018, the Camp Fire destroyed, *inter alia*, two of his motorcycles and his truck. *See id*. ¶ 3. The Camp Fire also killed his dog. *See id*.

Prior to the General Bar Date and Extended Bar Date, Mr. Clark mistakenly believed he had retained counsel who would be handling his claim. *See id*. ¶ 4. When Mr. Clark realized this

---

[1] A true and accurate copy of Mr. Clark's proof of claim is attached as **Exhibit 1**.

1

belief was mistaken, after the Extended Bar Date had passed, he promptly submitted a proof of claim. *See id*.

**<u>Argument</u>**

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). The test for excusable neglect is "at bottom an equitable [inquiry]." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. To that end, courts in the Ninth Circuit generally look to four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. *See id*. Because each factor weighs heavily in favor of Mr. Clark, his late proof of claim should be deemed timely.

*First*, Mr. Clark's claim does not threaten to prejudice PG&E. The value of Mr. Clark's claim relative to the Debtors' estates is exceedingly small (and stands to be drawn from a limited pot) and the allowance of Mr. Clark's claim will not disrupt the reorganization or distribution process. *See e.g.*, *In re Earth Rock, Inc.,* 153 B.R. 61, 63 (Bankr. D. Idaho 1993) (no prejudice in Chapter 11 case where creditor filed proof of claim nearly eight months after bar date because, *inter alia*, the filing would not alter the treatment of other creditors and the claim would "not delay Debtor's reorganization proceedings in any significant regard"); *In re Okray*, No. ADV F08-90010-DMD, 2008 WL 8657842, at *2 (Bankr. D. Alaska Nov. 24, 2008), *aff'd*, No. 4:08-CV-00052-RRB, 2009 WL 2448038 (D. Alaska Aug. 7, 2009) (no danger of prejudice where late filing would have "a negligible impact" on the remaining proceedings); *In re Sacred Heart Hosp. of Norristown,* 186 B.R. 891, 897 (Bankr. E.D. Pa. 1995) (holding that prejudice to the debtor was "practically nil" where claim was "effected prior to confirmation of the Debtor's [Plan], and therefore prior to the Debtor's making any distribution pursuant to its [Plan]").

2

*Second*, and in the same vein, although Mr. Clark's claim is tardy by several months, its allowance will have a negligible impact on PG&E's reorganization proceedings; indeed, his claim will be simply one of tens of thousands submitted by wildfire victims in this case. *See e.g.*, *In re Dix*, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); *In re Earth Rock, Inc.,* 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

*Third*, Mr. Clark's claim is delayed solely because he believed, mistakenly, that he had retained counsel who would submit a proof of claim on his behalf. *See* Clark Decl. ¶ 4. These circumstances amount to excusable neglect. *In re Hoffman*, No. 10-41189-JDP, 2010 WL 4975647, at *4 (Bankr. D. Idaho Dec. 2, 2010) (excusable neglect where party's "lack of sophistication in litigation, or, in other words, his inadvertence or carelessness" caused tardy filing). Indeed, neglect has been found excusable even where a *legal professional's*—much less a layman's—diligence has fallen short and resulted in a late filing. *See e.g.*, *In re Zilog, Inc.*, 450 F.3d 996, 1006 (9th Cir. 2006) (observing that the *Pioneer* court found excusable neglect where "a versed bankruptcy practitioner missed the bankruptcy court's notice and failed to file a timely proof of claim"); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (excusable neglect where law firm missed a filing deadline because of paralegal error).

*Finally*, and for the reasons outlined in the above-paragraph, Mr. Clark's claim is made in good faith. This is decidedly not a situation where Mr. Clark's late claim was made to "obtain strategic advantage in litigation" or was otherwise "devious, deliberate, [or] willful." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697-698. 698. Rather, this is a situation where Mr. Clark promptly filed a proof of claim once he realized that, contrary to his prior belief, he had not retained counsel to submit one on his behalf. *See e.g.*, *Pioneer Inv. Servs. Co.*, 507 U.S. at 389 ("inadvertence, mistake, or carelessness" may constitute excusable neglect).

## Conclusion

The motion should be granted, and Mr. David Clark's proof of claim [Claim $OKER27402] should be deemed timely.

Respectfully submitted,

Dated: May 29, 2020

By: /s/ Rafey S. Balabanian
By: /s/ Brandt Silver-Korn

Rafey S. Balabanian (SBN 315962)
Todd Logan (SBN 305912)
Brandt Silver-Korn (SBN 323530)
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9495

*Counsel for Claimant David Clark and Numerous Victims of the Camp Fire*

4