| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PLAN PROPONENTS' JOINT STATEMENT REGARDING CLOSING ARGUMENTS AND RELATED MATTERS FOR CONFIRMATION HEARING**<br><br>Related Docket No.: 7613 and 7633 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and the Shareholder Proponents[1] submit this joint statement regarding rebuttal and closing legal arguments and related matters in connection with the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") in accordance with the Court's *Order Regarding Schedule for Oral Arguments and Submission for Decision*, dated May 27, 2020 [Docket No. 7613] (the "**May 27 Order**").

## STATEMENT

As the set forth in their prior statement, dated May 28, 2020 [Docket No. 7633] (the "**May 28 Statement**"), based on a review of the Objections and record evidence to date, including the Objections that the Plan Proponents believe have been or will be resolved prior to oral argument, the Debtors and Shareholder Proponents (collectively, the "**Plan Proponents**") believe the remaining matters that should be the subject of oral argument at the Confirmation Hearing are as follows (collectively, the "**Confirmation Issues**"):

1. General compliance with the requirements of section 1129(a) of the Bankruptcy Code including, good faith and proper classification;

2. Scope of Plan releases, exculpation, and discharge provisions;

3. Alleged impairment and executory contract issues related to setoff and indemnification claims;

4. Remaining Objections raised by the Tort Claimants Committee and the UCC;

5. Remaining Objections raised by PERA; and

6. Remaining Objections raised by certain Governmental Units, including the United States, the California State Agencies, and the California Franchise Tax Board.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 22, 2020* [Docket No. 7521] (as it may be amended, modified or supplemented, and together with any exhibits or schedules thereto, the "**Plan**") and the *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, dated May 22, 2020 [Docket No. 7528], as applicable.

Subject to any further instruction of the Court, the Plan Proponents believe that the most efficient manner in which to proceed with oral argument is for the parties to address each of the foregoing Confirmation Issues individually, on an issue by issue basis, with the Plan Proponents (and any other supporting parties) making their opening arguments with respect to a specific Confirmation Issue, followed by oral argument from any opposing parties with respect to that particular Confirmation Issue, and then the Plan Proponents concluding with any closing/rebuttal arguments for the particular Confirmation Issue. The Plan Proponents believe they would need an aggregate of approximately 2.5 hours for closing/rebuttal arguments.

Given the very large blocks of time requested by various objecting parties for their arguments, the Plan Proponents submit that the Court should set time limits for argument of each discrete issue and direct the objecting parties to coordinate their arguments to eliminate duplication. The Plan Proponents are available at the Court's convenience to address the foregoing or any other matters relating to the scheduling of the Confirmation Hearing.

Dated: June 1, 2020
New York, New York

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: */s/ Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*