**MACDONALD | FERNANDEZ LLP**
Iain A. Macdonald (SBN 051073)
Alexander K. Lee (SBN 293724)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
U.S. TelePacific Corp. dba TPx Communications

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088-DM<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**U.S. TELEPACIFIC CORP. DBA TPX COMMUNICATIONS' LIMITED OBJECTION TO PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>[Relates to Dkt. 7581, 7521, and 7301]<br><br>Date: May 27, 2020<br>Time: 10:00 a.m.<br>Place: 450 Golden Gate Ave.,<br>       Crtrm 17, 16th Flr.<br>       San Francisco, CA<br><br>Honorable Dennis Montali |

**COMES NOW** U.S. TelePacific Corp. doing business as TPx Communications ("U.S. TelePacific"), creditor herein, objecting to the Debtors' Proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter Plan (hereinafter referred to as the "Proposed Confirmation Order"), as follows:

1

# INTRODUCTION

U.S. TelePacific is a holder of executory contract to provide the Debtors with high quality and extensive IDM, internet and related services to multiple service locations of PG&E Corporation and Pacific Gas and Electric Corporation for a period of three years starting in August of 2018. U.S. TelePacific's proof of claim filed as claim number 2528 evidences a $36,773.88 claim for administrative expenses under 11 U.S.C. §503(b)(9) and $38,853.98 in general unsecured prepetition defaults. The Court's Order Granting Debtors' First Omnibus Report and Objection to Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) entered on August 15, 2019 specifically allowed U.S. TelePacific's pre-petition administrative claim in the amount of $36,773.88 as asserted in Proof of Claim No. 2528. (Dkt. 3564-1, Ex. A, 34 of 36). However, the Plan Supplement in Connection with Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 attempts to assume U.S. TelePacific's contract without offering to cure all pre- and postpetition invoices and charges, and without providing adequate assurance of future performance. In response, on May 15, 2020, U.S. TelePacific filed a timely Objection to Plan Supplement in Connection with Debtors and Shareholder Proponents Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 ("Objection"). (Dkt. 7301). U.S. TelePacific now files this instant Limited Objection to Proposed Findings of Fact, Conclusions of Law and Order Confirming Debtors' and Shareholder Proponent's Joint Chapter 11 Plan of Reorganization to protect its rights.

**I. Paragraph 33 Would Allow for Assumption Without Paying Full Cure Amount as Determined by the Court.**

U.S. TelePacific objects to the following provisions at page 46, lines 12-27 (Dkt. 7581-1) on the grounds that it fails to provide for the cure of default amounts determined by the Court under the Cure Disputes provisions in Section 8.2(c) of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020 (hereinafter referred to as the "Plan") and Paragraph 34 of the Proposed Confirmation Order for executory contracts and unexpired leases assumed by the Debtors. Paragraph 33 of the Proposed Confirmation Order is specifically limited to only require the Debtors to provide a cure of the default amount on executory contracts and unexpired leases to be assumed in the amount reflected in the applicable cure notice or on such other terms as the parties to

2

such contracts or leases and the Debtors may otherwise agree. The ability to assume an executory contract or unexpired lease without providing for the cure of any default amounts determined to be proper by the Court would be in violation of section 365(b)(1) of the Bankruptcy Code.

**II. Paragraph 34 Would Allow for Release of Proper Administrative Expense Claims Upon Rejection Under Section 8.2(d) of the Plan**

U.S. TelePacific objects to the following provisions in Paragraph 34 of the Proposed Confirmation Order at page 47, lines 1-27 and page 48, lines 1-3 (Dkt. 7581-1) on the grounds that Paragraph 34.d. and Section 8.2(e) of the Plan would allow for the full release and satisfaction of any Claims and Causes of Action (as defined in the Plan) against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease on contracts or leases later rejected under Section 8.2(d) of the Plan in the event that the Court determines a higher cure amount than listed on the applicable cure notice objected to by U.S. TelePacific. On May 15, 2020, U.S. TelePacific filed a timely Objection in part for the Debtors failure to provide for the proper cure of defaults in connection with assumption of its executory contract and the dispute remains outstanding. (Dkt. 7301). However, U.S. TelePacific's Objection is not listed on the Debtors' Summary Chart of Objections to Confirmation of the Plan attached as Exhibit A to the Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization (hereinafter referred to as "Joint Memorandum"). Therefore, is does not appear that U.S. TelePacific's rights, including its Claims and Causes of Action, are being preserved under Paragraph 34.b. of the Proposed Confirmation Order as a timely filed Cure Dispute.

Under Section 8.2(e) of the Plan and Paragraph 34.d. of the Proposed Order, the prepetition administrative claim under Section 503(b)(9) of the Bankruptcy Code in the amount of $36,773.88 (Dkt. 3564-1, Ex. A, 34 of 36) held by U.S. TelePacific would be eliminated if the Debtors were

3

allowed to assume their executory contract at confirmation, but later rejected the claim under Section 8.2(d) if the cure amount is determined to be higher that set forth in the cure notice by the Court. The Joint Memorandum states that "[t]o the extent any Contract Assumption or Rejection Disputes remain unresolved as of the entry of the Proposed Confirmation Order, such disputes will be resolved in accordance with Section 8.8(d) of the plan, and the parties' rights are preserved with respect thereto." (Dkt 7528, 25:27-26:3). However, Section 8.8(d) of the Plan only prohibits the increasing, augmenting, or addition to any of the duties, obligations, responsibilities, or liabilities of the Debtors or Reorganized Debtors under any executory or non-executory contract or unexpired or expired lease and reserves no specific rights for non-debtor parties. *See also* Paragraph 45.b. of Proposed Confirmation Order.

Section 8.2(e) would also disallow U.S. TelePacific's claim under claim number 2528. Section 8.3 of the Plan does not provide any protection to U.S. TelePacific as it only pertains to rejection damages upon rejection of an executory contract or unexpired lease and would not provide it with the right to file a proof of claim for both the prepetition administrative claim and the rejection damages upon the effective date of any post-confirmation rejection. As there is no reservation of its rights under the executory contract to be assumed that has outstanding disputes that will remain unresolved as of the entry of the Proposed Confirmation Order, U.S. TelePacific must object to preserve it rights from being waived in a broad release of Section 8.2(e) of the Plan as recited in Paragraph 34.d.

**III. Paragraph 60 is Contains Errors and Incomplete References**

U.S. TelePacific objects to the following provisions at page 65, lines 11-15 (Dkt. 7581-1) on the grounds that it contains errors and incomplete references that will create significant ambiguity and possible confusion.

//

//

4

> 60. No Release or Exculpation of Assigned Rights and Causes of Action. Notwithstanding any other provision of the Plan, including anything in Section Error! Reference source not found. and/or Error! Reference source not found. thereof, the releases, discharges, and exculpations contained in this Plan shall not release, discharge, or exculpate any Person from the Assigned Rights and Causes of Action.

Dkt. 7581-1, 65:11-15.

## **CONCLUSION**

U.S. TelePacific's brings the limited objection to the Proposed Confirmation Order to address the problems with the disputed assumption of its executory contract and the drafting error in Paragraph 60.

WHEREFORE, U.S. TelePacific respectfully prays for a delay in the adoption and entry of the Proposed Confirmation Order until its concerns may be properly addressed.

DATED: June 1, 2020               MACDONALD FERNANDEZ LLP

By: /s/ *Iain A. Macdonald*
    Iain A. Macdonald,
    Attorneys for Creditor,
    U.S. TelePacific Corp.
    dba TPx Communications