1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone: (424) 386-4000
9  Facsimile: (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR LEAVE TO FILE SUR-REPLY** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | **[No Hearing Requested]** |
| ■ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | |

Pursuant to Northern District of California Local Bankruptcy Rule 9013-1(e) and Northern District of California Local Civil Rule 7-11, the Official Committee of Unsecured Creditors

appointed in the above-captioned cases (the "Creditors' Committee")[1] respectfully submits this motion for leave to file a sur-reply (the "Motion for Leave") to address certain arguments introduced in the *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7528] (the "Debtors' Reply"). In support of its Motion for Leave, the Creditors' Committee respectfully states as follows:

The Debtors' Reply raises, for the first time, the argument that contingent claims for indemnification and contribution filed against the Debtors are subject to automatic disallowance and discharge **through the Plan** pursuant to section 502(e)(1)(B) of the Bankruptcy Code. *See* Debtors' Reply [Docket No. 7528] at 52-53. This legal argument did not appear in the previous version of the Plan filed on March 16, 2020 [Docket No. 6320] and, accordingly, was not addressed by the Creditors' Committee in its objection.[2] The Court should therefore grant the Creditors' Committee leave to file a sur-reply that is narrowly tailored to the section 502(e) issue.

Courts in this District grant leave to file sur-replies in order to afford parties the opportunity to respond to new arguments raised in a reply brief. *See, e.g.*, *GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 WL 3373088, 2014 U.S. Dist. LEXIS 93469, at *2 (N.D. Cal. July 9, 2014) (granting motion for leave to file sur-reply to address new legal arguments and new evidence raised in a reply brief); *Toomey v. Nextel Commc'ns, Inc.*, No. C-03-2887 MMC, 2004 WL 5512967, 2004 U.S. Dist. LEXIS 30793, at *2 (N.D. Cal. Sept. 23, 2004) (allowing the party to file a sur-reply when the adverse party raised legal arguments for the first time and purportedly misstated facts).

The proposed Sur-Reply, attached hereto as Exhibit A, is narrowly tailored and just eight pages in length. The Sur-Reply is intended to assist the Court in evaluating the implications of—and in the Creditors' Committee's view, the errors in—the Debtors' purported deployment of section 502(e)(1)(B). In its Sur-Reply, the Creditors' Committee seeks to make three primary

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Creditors' Committee's proposed sur-reply (the "Sur-Reply") attached hereto as Exhibit A.

[2] *Limited Objection of the Official Committee of Unsecured Creditors to Plan Confirmation* [Docket No. 7300].

2

points: (i) the Debtors are incorrect when they assert that they may use assumption in section 365 as a vehicle to automatically invalidate contingent indemnification and contribution claims within Vendors' contracts purportedly through a blanket application of section 502(e)(1)(B)—while at the same time preserving identical claims in more favored contracts with the Debtors' directors, officers, and other employees; (ii) the legislative concerns that section 502(e)(1)(B) was intended to address are not implicated here; and (iii) the Debtors improperly disregard section 502(e)(2), which mandates that contingent claims subject to disallowance under section 502(e)(1)(B) shall be determined and allowed, and treated as prepetition claims, once they become fixed.

In light of the Debtors' newly-raised arguments on reply, the Court should permit the Creditors' Committee to submit the limited Sur-Reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (concluding the district court's choice to not consider arguments raised for the first time in a reply brief was not clear error).

For the foregoing reasons, the Creditors' Committee respectfully requests that the Court grant it leave to file the Sur-Reply.

DATED: June 1, 2020

Respectfully submitted,

**MILBANK LLP**

/s/ Gregory A. Bray
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*