WATTS GUERRA LLP
Mikal C. Watts *pro hac vice*
Guy L. Watts II *pro hac vice*
Alicia O'Neill *pro hac vice*
Jon T. Givens *pro hac vice*
Paige Boldt, SBN 308772
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

*Attorney for Numerous Wild Fire Claimants*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING IRREGULARITIES PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1**<br><br>Date: June 4, 2020<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 7427-2, 7477, 7568 & 7644 |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD

WATTS GUERRA LLP and its many wildfire clients, by and through their undersigned counsel appearing *pro hac vice* in accordance with Doc. #7179, hereby respectfully file their

- 1 -

*Supplemental Opposition to Motion for the Appointment of an Examiner of Voting Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1.*

**PROCEDURAL HISTORY**

In response to the *Motion for the Appointment of an Examiner of Voting Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1* ("the Motion) filed on May 19, 2020 (Doc, #7427-2), WATTS GUERRA filed its Opposition thereto (Doc. #7436) the next day on May 20, 2020, arguing that the Motion should be overruled because (1) it "is based almost entirely upon unauthenticated, and impermissibly redacted, social media hearsay, that is inadmissible in this Court"; (2) "Section 1104(c) does not call for the appointment of an examiner under these facts" because "[i]f votes were not cast due to late notice that was provided during the voting period, those individuals should instead file a motion under Bankruptcy Rule 9006(b)(1) to have their late votes counted"; and (3) **"appointment of an examiner under Section 1104(c) is not appropriate when all late votes cast by the time of confirmation could be counted under Rule 9006(b)(1), and would still not affect the overall result."** (Doc, #7436, p. 2).

On May 21, 2020, Theresa Ann McDonald filed her *Emergency Pleading in Reply to the Opposition to the Motion for the Appointment of an Examiner of Voting Irregularities* (Doc. #7477).

On May 22, 2020, the Court entered its *Order Granting Ex Parte Application for an Order Shortening Time to Hear a Motion for Appointment of Examiner of Voting Procedural Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1* requiring that "[a]ny opposition to the Examiner Motion shall be filed no later than June 2, 2020." (Doc. #7532, ¶3).

On May 25, 2020, the Motion, Doc. #7427-2, was identically restated in Doc. #7568.

On May 29, 2020, one attorney filed her *Declaration of Helen Sedwick in Support of Motion for Appointment of an Examiner of Voting Procedural Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Rule 2007.1* (Doc. #7644).

By the deadline set by this Court, (Doc. #7532, ¶3), WATTS GUERRA files this Supplemental Opposition to respond to McDONALD (Doc. #7477) and SEDWICK (Doc. #7644).

## SUPPLEMENTAL OPPOSITION

WATTS GUERRA incorporates by reference its previously-filed Opposition (Doc. #7436) and incorporates it by reference herein.

McDONALD's Emergency Pleading argues in Paragraph 1 that inadmissible and unauthenticated social media "demonstrates exactly why an examination of the voting process is needed." (Doc. #7477, p. 1, ¶1). However, inadmissible evidence is no evidence, and cannot be the basis of the relief sought. *See In re Cecchi Gori Pictures*, 2019 WL 1448116, at *7 (9th Cir. Bankr. App., Mar. 29, 2019) ("The bankruptcy court reasoned that ... parol evidence was inadmissible. Without parol evidence, the court found that there was no evidence to support Defendants' assertion..."); *Montgomery v. Kiotsap County*, 297 Fed. Appx. 613, 614-15 (9th Cir. 2008) (inadmissible hearsay statements were insufficient evidence).

McDONALD's argument in Paragraph 2 is that *she* doesn't know how to submit a motion to count votes late, but in the eleven days since WATTS GUERRA argued in Doc. #7436 that Rule 9006(b)(1) motions to count late claims could be filed instead, *no one* has done so, which demonstrates no evidence of fire survivors receiving their ballots late being unable to vote.

McDONALD's argument in Paragraph 3 admits that as far as she is aware "no one is asking late votes to be counted" (Doc. #7477, p. 2, ¶3) and that "[t]he Motion to appoint an examiner is not a motion trying to overturn the voting result." (Doc. #7477, p. 3, ¶3). This is entirely the point. The Confirmation Trial Testimony of Christina Pullo, Doc. #7636 further demonstrates that the

- 2 -

vote to "ACCEPT" the Plan was so overwhelming (44,000) (p. 12, lines 13-14), even were one to count as a "REJECT" vote those already cast as "REJECT" votes (6,100) (p. 13, lines 4-5), **_all_** returned mail (8,100) (p 13, line 23 – p. 14, line 7), and **_all_** ballots excluded (1,978) (p. 14, lines 14, lines 16-25), the mathematical result would be at least 44,000 "ACCEPT" votes and only 16,178 "REJECT" votes, which is still well above the 2/3rds threshold required by 11 U.S.C. §1126(c).

SEDWICK's Declaration (Doc. #7644) provides no new admissible evidence, as Exhibit A thereto is still merely a compilation of social media hearsay. SEDGWICK says she "reviewed Facebook posts and comments in which people reported that they received their ballot materials just prior to the May 15, 2020 deadline, after the deadline, or not at all." (Doc. #7644, p. 2, ¶3), then eliminated certain names from her preliminary list, (Doc. #7644, p. 2, ¶4), and thereby created a list as Exhibit A of those 115 remaining. (Doc. #7644, p. 2, ¶5). Putting aside the mathematical fact that 115 of 87,000 fire victim claims (Doc. #7636, p. 10, 8-11) is less than $1/7^{th}$ of 1% of the claims, Exhibit A to SEDWICK's Declaration is no evidence whatsoever because it does not solve the hearsay problem. Facebook posts and comments are "written assertions" constituting a "Statement" under Rule 801(a) of the Federal Rules of Evidence by 115 "Declarants" as defined by Rule 801(b) "not made while testifying at the current trial or hearing," *see* Rule 801(c)(1) which SEDWICK "offers in evidence to prove the truth of the matter asserted in the statement(s), *see* Rule 801(c)(2). Consequently, those statements are "hearsay," as defined by Rule 801(c), which is therefore inadmissible under Rule 802.

WATTS GUERRA therefore objects to Exhibit A of SEDWICK's declaration as hearsay, in addition to its objections previously lodged to the following redacted, unauthenticated social media posts attached as exhibits to the Motion:

| Ex. # | Description | Objection Lodged |
|---|---|---|
| Ex. A - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. B - | Redacted Social Media | Hearsay, Lack of Authentication; |

| | | | |
|---|---|---|---|
| Ex. C | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. D | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(1) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(2) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(3) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(4) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(5) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(6) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(7) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(8) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. I(9) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(1) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(2) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(3) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(4) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(5) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(6) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(7) | - | Redacted Social Media | Hearsay, Lack of Authentication; |
| Ex. J(8) | - | Redacted Social Media | Hearsay, Lack of Authentication; |

Accordingly, all the redacted Social Media attached to the Motion (Doc. #7568) and to SEDWICK's Declaration (Doc. #7644) should be excluded as inadmissible.

The Motion (Doc. #7568) should be overruled for the reasons previously stated in the Opposition (Doc. #7436) and also stated herein.

Respectfully submitted,

Dated: June 1, 2020

WATTS GUERRA LLP

By: /s/ Mikal C. Watts
Mikal C. Watts (*pro hac vice*)

*Attorney for Numerous Wild Fire Claimants*