# EXHIBIT A

Schedule of Assigned Rights and Causes of Action

# SCHEDULE OF ASSIGNED RIGHTS AND CAUSES OF ACTION[1]

The Assigned Rights and Causes of Action assigned to the Fire Victim Trust, subject to any future amendments to this document, include:

(1) any and all rights, claims, causes of action, and defenses related thereto relating directly or indirectly to any of the prepetition Fires that the Debtors may have against vendors, suppliers, third party contractors and consultants (including those who provided services, directly or indirectly, regarding the Debtors' electrical system, system equipment, inspection and maintenance of the system, and vegetation management) ("Persons"). For the avoidance of doubt, the list below is (1) intended to be illustrative of the rights, claims, causes of action, and defenses related thereto that are defined as the Assigned Rights and Causes of Action in the Restructuring and Support Agreement between the Debtors, the Shareholder Proponents, the TCC, and the Consenting Fire Claimant Professionals (as those terms are defined therein), dated as of December 6, 2019, as amended, and (2) is not intended to expand the scope of the rights, claims, causes of action or defenses that are included within the Assigned Rights and Causes of Action. In determining whether to pursue any Assigned Rights or Causes of Action, the Trustee shall consider all factors relevant to the exercise of the Trustee's fiduciary duties, including but not limited to: (i) the impact that litigation against a Person that provides ongoing services to the Debtors might have on that Person's ability to provide such services; and (ii) the extent to which a recovery against a Person's assets beyond insurance coverage would impact that Person's ability to remain in business, though the Trustee retains the right to pursue such assets, including in order to trigger a duty to defend and indemnify. The Fire Victim Trust's recoveries on the assigned claims described herein will be subject to contractual liability caps contained within any Person's contract with the Debtors to the same extent that the Debtors would be bound by such provisions. For further avoidance of doubt, the Debtors make no representations as to the validity or existence of the rights, claims, causes of action, and defenses described herein. The Assigned Rights and Causes of Action include those pertaining to the following Persons to the extent they relate directly or indirectly to any of the prepetition Fires:

(a) Persons that provided services, directly or indirectly, to either of the Debtors in connection with pre-inspection, inspection, review and/or examination of potential hazard trees near electrical transmission or distribution lines;

(b) Persons that provided services, directly or indirectly, to either of the Debtors in connection with tree trimming, and/or the maintenance, pruning, or removal of trees near electrical transmission or distribution lines;

(c) Persons that provided services, directly or indirectly, to either of the Debtors in connection with quality control, including the ability of pre-inspection and tree

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020* [Docket No. 7521] (as may be further modified, amended, or supplemented from time to time and together with all exhibits and schedules thereto, the "**Plan**").

trimming contractors to correctly identify and maintain potential or incipient hazard trees;

(d) Persons that provided services, directly or indirectly, to either of the Debtors in connection with quality assurance, including the overall ability of the vegetation management program to reduce the risk to the electrical system;

(e) Persons that provided services, directly or indirectly, to either of the Debtors in connection with pole maintenance, including the removal and maintenance of vegetation and other potential hazards from or near utility poles;

(f) Persons that provided services, directly or indirectly, to either of the Debtors in connection with LiDAR, and/or in developing LiDAR technology and services for vegetation management purposes;

(g) Persons that provided services, directly or indirectly, to either of the Debtors in connection with forestry, logging, arborist services, or duties involving inventorying, maintaining, trimming, or removing trees near electrical transmission or distribution lines;

(h) Persons that provided services, directly or indirectly, to either of the Debtors in connection with utility tree service;

(i) Persons that provided services, directly or indirectly, to either of the Debtors in connection with vegetation management programs, and/or guidance on vegetation management protocol, practice, or procedures;

(j) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission asset strategy, management, planning, or modernization;

(k) Persons that provided services, directly or indirectly, to either of the Debtors in connection with drafting or revising rules, policies, procedures, plans, standards, bulletins, or any other advisory or guidance documents issued by either Debtor that governed or informed the management, maintenance, inspection, repair, or replacement of distribution or transmission lines or their poles, towers, or components;

(l) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission reliability improvements;

(m) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission data management or IT support;

(n) Persons that provided services, directly or indirectly, to either of the Debtors in connection with risk analyses, management, valuation, or mitigation;

(o) Persons that provided services, directly or indirectly, to either of the Debtors in connection with budget or capital allocations;

(p) Persons that provided services, directly or indirectly, to either of the Debtors in connection with distribution or transmission cost reduction measures;

(q) Persons that provided services, directly or indirectly, to either of the Debtors in connection with personnel training;

(r) Persons that provided services, directly or indirectly, to either of the Debtors in connection with compliance with laws, rules, or regulations governing distribution or transmission operations;

(s) Persons that provided services, directly or indirectly, to either of the Debtors in connection with the hiring, supervision, or management of other third parties who provided services, directly or indirectly, to either of the Debtors;

(t) Persons that provided services, directly or indirectly, to either of the Debtors in connection with wildfire preparedness, prevention, response, or mitigation;

(u) Persons that provided services, directly or indirectly, to either of the Debtors in connection with any testing, investigation, analysis, evaluation, or examination of distribution or transmission line towers or components;

(v) Persons that provided services, directly or indirectly, to either of the Debtors in connection with asset management, maintenance, inspection, repair, or replacement on the Caribou-Palermo 115kv Transmission Line;

(w) Persons that provided any other services to either of the Debtors that related to, bore upon, or influenced the maintenance practices on, or operation of, the Caribou-Palermo 115kv Transmission Line;

(x) Persons that delivered, underwrote, sold, or issued insurance policies to any person or entity subject to subparts (1)(a)-(w) in which either of the Debtors is identified as an additional insured; and

(y) Persons that provided services to the Debtors that, as a result of or in connection with Fire-related damages, did not provide the Debtors with reasonably equivalent value for the fees paid, pursuant to 11 U.S.C. §§ 544, 548, and/or 550.

(2) any and all rights, claims, causes of action, and defenses related thereto, relating directly or indirectly to any of the Fires that the Debtors may have against any former directors and officers of the Debtors, solely to the extent of any directors and officers' Side B Insurance Coverage,[2] including but not limited to the following pending actions:

---

[2] "Side B Insurance Coverage" means all director and officer insurance policy proceeds paid by any insurance carrier to reimburse the Debtors for amounts paid pursuant to their indemnification obligations to their former directors and officers in connection with any Assigned Rights and Causes of Action identified herein.

3

(a) *In re California North Bay Fire Derivative Litigation*, Case No. CGC-17-562591, consolidated litigation pending in the Superior Court of the State of California, County of San Francisco. This consolidated litigation includes, but is not limited to, the following pending actions:

Consolidated Actions:

   i. *Lentine, derivatively on behalf of PG&E Corporation, v. Williams, et al*, Case No. CGC-17-562553; and

   ii. *Firemen's Retirement Systems of St. Louis, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Williams, et al.*, Case No. CGC-17-562591.

(b) *Blackburn, derivatively on behalf of PG&E Corporation, v. Meserve, et al.*, Case No. 3:19-cv-00501, pending in the United States District Court for the Northern District of California.

(c) *Bowlinger, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-18-572326, pending in the Superior Court of the State of California, County of San Francisco.

(d) *Hagberg, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Chew, et al.,* Case No. CGC-19-573190, pending in the Superior Court of the State of California, County of San Francisco.

(e) *Oklahoma Firefighters Pension and Retirement System, derivatively on behalf of PG&E Corporation, v. Chew, et al.*, Case No. 3:18-cv-04698, pending in the United States District Court for the Northern District of California.

(f) *Williams, derivatively on behalf of PG&E Corporation and Pacific Gas & Electric Company, v. Earley, et al.,* Case No. 3:18-cv-07128, pending in the United States District Court for the Northern District of California.

(3) all rights, other than the rights of the Debtors to be reimbursed under the 2015 Insurance Policies for claims submitted prior to the Petition Date, under the Debtors' 2015 Insurance Policies to resolve any claims related to Fires in those policy years; and

(4) any other rights, claims, causes of action, and defenses, as mutually agreed upon by the Plan Proponents and to be identified in any amended Schedule of Assigned Rights and Causes of Action.

The Tort Claimants Committee is presently conducting discovery to identify individuals and entities who may fall within the above-listed categories as possible defendants in litigation to be pursued by the Fire Victim Trust for the benefit of holders of Fire Victim Claims. The Plan Proponents and the Tort Claimants Committee reserve their rights to further amend or supplement this Schedule of Assigned Rights and Causes of Action prior to Plan confirmation.