WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**DECLARATION OF CHRISTINA F. PULLO IN SUPPORT OF DEBTORS' RESPONSE IN OPPOSITION TO MOTION FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(C) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1**

**Re: Docket Nos.: 7427, 7439, 7477, 7532, 7568, 7644**

Date: June 4, 2020
Time: 10:00 a.m. (Pacific Time)
Place: Video Conference
Objection Deadline: June 2, 2020

I, Christina F. Pullo, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Vice President of the Global Corporate Actions Department of Prime Clerk LLC ("**Prime Clerk**"). I am over the age of eighteen years and not a party to the above-captioned action.

2. I submit this Declaration in support of the *Debtors' Response in Opposition to Motion for the Appointment of an Examiner of Voting Procedural Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1*, dated June 2, 2020 (the "**Response**") and filed contemporaneously with this Declaration.[1] Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my general supervision, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Prime Clerk. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. This Court authorized Prime Clerk's retention as (a) the claims and noticing agent to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, the "**Debtors**") in the above-captioned chapter 11 cases, pursuant to the *Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent*, dated February 1, 2019 [Docket No. 245], and (b) administrative advisor (including solicitation agent) to the Debtors, pursuant to the *Order Pursuant to 11 U.S.C. § 327 Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated April 9, 2019 [Docket No. 1300] (together, the "**Retention Orders**"). The Retention Orders authorize Prime Clerk to, among other things, assist the Debtors with the service and distribution of solicitation materials and tabulation of votes cast to accept or reject the Plan. As set forth in the Debtors' application to retain Prime Clerk as claims and noticing agent and

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Response or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020* [Docket No. 7521] (as it may be amended, modified or supplemented, and together with any exhibits or schedules thereto, the "**Plan**"), as applicable.

administrative advisor and supporting declarations [Docket Nos. 14, 22, 351, 887, 888], Prime Clerk and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

4. Pursuant to the *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief*, dated March 17, 2020 [Docket No. 6340] (the "**Disclosure Statement and Solicitation Procedures Order**"), the Court established procedures to solicit votes from, and tabulate Ballots submitted by, holders of impaired Claims and Interests entitled to vote on the Plan (the "**Solicitation Procedures**").

5. I previously submitted a Declaration on May 22, 2020, regarding the solicitation of votes and the tabulation of Ballots cast with respect to the Plan [Docket No. 7507] (the "**Voting Certification**"), which is incorporated herein by reference. As set forth in the Voting Certification, Prime Clerk strictly adhered to the Solicitation Procedures set forth in, and approved pursuant to, the Disclosure Statement and Solicitation Procedures Order.

6. As set forth on Exhibit B-1 to the Voting Certification, a total of 1,006 Ballots from Fire Victim Claimants that indicated a vote to accept or reject the Plan were received after the Voting Deadline (the "**Untimely Fire Victim Ballots**") and, therefore, were not included in the final tabulation of votes on the Plan in accordance with the Disclosure Statement and Solicitation Procedures Order.

7. Of these Untimely Fire Victim Ballots, 870 voted to accept the Plan and 136 voted to reject the Plan. Accordingly, the results of the vote on the Plan would not have changed if the Untimely Fire Victim Ballots had been included in the final vote tabulation.

8. Prime Clerk has reviewed the *Declaration of Helen Sedwick in Support of Motion for Appointment of an Examiner of Voting Procedural Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Rule 2007.1* [Docket No. 7644] and its appended Exhibit A ("**Sedwick**

**Joinder**"), which lists 115 potential Fire Victim Claimants, identified by Ms. Sedwick from social media posts, who allegedly either did not receive Solicitation Packages and Ballots or received them close to or after the May 15, 2020 Voting Deadline. Based on a review of its records, and as set forth in the Solicitation Certifications,[2] Prime Clerk has confirmed that each of the Fire Victim Claimants listed in the Sedwick Joinder with a valid proof of claim number was mailed a Solicitation Package in accordance with the approved Solicitation Procedures either (i) with respect to 103 of such Fire Victim Claimants, directly to such claimant's applicable address or (ii) with respect to 10 of the Fire Victim Claimants, to the law firms representing those Fire Victim Claimants.[3] In addition, Prime Clerk has also confirmed that 75 of the individuals listed in the Sedwick Joinder timely submitted Ballots that were included in the final tabulation of votes on the Plan.

Dated: June 2, 2020

*/s/ Christina F. Pullo*
Christina F. Pullo
Vice President, Global Corporate Actions
Prime Clerk LLC

---

[2] Certificates of Service of Christina Pullo and James Herszaft, dated April 22, 2020, May 4, 2020, May 5, 2020, May 6 2020, May 7, 2020, May 13, 2020, May 15, 2020, and May 19, 2020 regarding the Plan, Disclosure Statement, Solicitation Packages, Confirmation Hearing Notice, and Plan Supplement [Docket Nos. 6893, 7059, 7082, 7084, 7085, 7114, 7123, 7184, 7342, 7348, and 7426] (collectively, the "**Solicitation Certifications**").

[3] Prime Clerk has determined that Proof of Claim No. 17011 listed in the Sedwick Joinder and incorrectly linked by Ms. Sedwick to two Fire Victims is not a Fire Victim Claim but rather is a claim for employee benefits. In addition, Proof of Claim No. 710060, identified in the Sedwick Joinder as being associated with Tara Bogosian, is not a valid proof of claim number; however, as set forth in the Solicitation Certifications, Prime Clerk served Ms. Bogosian solicitation materials, in accordance with the Disclosure Statement and Solicitation Procedures Order, at the address listed in the other Fire Victim proof of claim forms that she filed in these Chapter 11 Cases.