1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   LAILA MASUD, #311731
    lmasud@marshackhays.com
3   MARSHACK HAYS LLP
    870 Roosevelt
4   Irvine, California 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Gerald Singleton, SBN 208783
    gerald@slffirm.com
7   SINGLETON LAW FIRM, APC
    450 A Street, 5th Floor
8   San Diego, CA 92101
    Tel:  (619) 771-3473
9
    Attorneys for SLF Fire Victim Claimants
10
                    UNITED STATES BANKRUPTCY COURT
11                  NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
12

13  In re                              )   Case No. 19-30088 (DM)
                                       )
14  PG&E CORPORATION,                  )   Chapter 11
                                       )
15        and                          )   (Lead Case–Jointly Administered)
                                       )
16  PACIFIC GAS AND ELECTRIC           )
    COMPANY                            )   **OBJECTION BY THE SINGLETON LAW**
                                       )   **FIRM FIRE VICTIM CLAIMANTS TO**
17        Debtors                      )   **THE MOTION FOR THE APPOINTMENT**
                                       )   **OF AN EXAMINER PURSUANT TO**
18  ─────────────────────────────     )   **SECTION 1104(c) OF THE BANKRUPTCY**
                                       )   **CODE AND BANKRUPTCY RULE 2007.1;**
19  Affects:                           )   **AND**
       ☐ PG&E Corporation              )   **JOINDER TO: (1) THE OPPOSITION BY**
20     ☐ Pacific Gas & Electric Company)   **WATTS GUERRA LLP FOR**
       ☒ Both Debtors                  )   **APPOINTMENT OF AN EXAMINER OF**
21                                     )   **VOTING IRREGULARITES PURSUANT**
                                       )   **TO SECTION 1104(C); AND (2)**
22  * All papers shall be filed in the Lead )   **SUPPLEMENTAL OPPOSITION BY**
    Case,  No. 19-30088 (DM).          )   **WATTS GUERRA LLP TO**
23                                     )   **APPOINTMENT OF AN EXAMINER OF**
                                       )   **VOTING IRREGULARITES PURSUANT**
24                                     )   **TO SECTION 1104(C)**
                                       )
25                                     )
                                       )   **[ Docket No. 7568, 7436, and 7706 ]**
26                                     )
                                       )
27                                     )
                                       )
28



| 1 | |
|---|---|
| 2 | **Hearing Date:**<br>Date:    June 4, 2020 |
| 3 | Time:    10:00 a.m. (Pacific)<br>Place:   By Video |
| 4 | United States Bankruptcy Court<br>Courtroom 17, 16th Floor |
| 5 | San Francisco, CA 94102 |

6         Singleton Law Firm Fire Victim Claimants ("SLF Fire Victim Claimants") hereby file this

7 Objection to the *Motion for Appointment of an Examiner of Voting Procedural Irregularities*

8 *Pursuant to Section 1104(c) of the Bankruptcy Code and the Bankruptcy Rule 2007.1* **[Docket No.**

9 **7568]** filed on May 25, 2020, by Karen Gowins ("Motion") and join the *Opposition To Motion for the*

10 *Appointment of an Examiner of Voting Irregularities Pursuant to 11 U.S.C. §1104(c) and Bankruptcy*

11 *Rule 2007.1* **[Docket No. 7436]** filed on May 20, 2020, by Watts Guerra LLP and join the

12 *Supplemental Opposition To Motion for the Appointment of an Examiner of Voting Irregularities*

13 *Pursuant to 11 U.S.C. §1104(c) and Bankruptcy Rule 2007*.1 **[Docket No. 7706]** filed on June 1,

14 2020, by Watts Guerra LLP.

15         **The Motion Should Be Denied for Untimeliness**

16         Section[1] 1104(c) provides:

17         (c) If the court does not order the appointment of a trustee under this section, then at
18         any time before the confirmation of a plan, on request of a party in interest or the
        United States trustee, and after notice and a hearing, the court <u>shall</u> order the
        appointment of an examiner to conduct such an investigation of the debtor ***as is***
19         ***appropriate***, including an investigation of any allegations of fraud, dishonesty,
        incompetence, misconduct, mismanagement, or irregularity in the management of the
20         affairs of the debtor of or by current or former management of the debtor, if—

21                 (1) such appointment is in the interests of creditors, any equity security
                holders, and other interests of the estate; or
22

23                 (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods,
                services, or taxes, or owing to an insider, exceed $5,000,000.[1]

24

25     [1]     Separately, it does not appear that Movant has met her evidentiary burden of demonstrating to
the court by specific evidence that 'qualified debt' exists justifying relief under subsection (c)(2). To
26 that end, the Motion should be denied without prejudice so Movant can refile and meet her
evidentiary burden, that the Debtors' fixed, liquidated, unsecured debts, other than debts for goods,
27 services, or taxes, or owing to an insider, exceed $5,000,000 and other evidentiary burdens set forth
in Section 1104(c).
28

Case: 19-30088    Doc# 7724    Filed: 06/02/20    Entered: 06/02/20 15:25:30    Page 2 of 4

11 U.S.C. §1104(c). Emphasis added.

Notwithstanding the mandatory language of Section 1104(c), some courts have denied the appointment of an examiner even when the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services or taxes, or debts owing to an insider, exceed $5 million. These courts typically find that such an appointment would constitute an unnecessary expense or is inappropriate under a totality of the circumstances. *In re Rutenberg*, 158 B.R. 230, 233 (Bankr. M.D. Fla 1993); *In re Shelter Res. Corp*., 35 B.R. 304, 305 (Bankr. N.D. Ohio 1983)("It is the opinion of this Court, therefore, that confronted with the facts and circumstances that presently exist in this particular case, to slavishly and blindly follow the so-called mandatory dictates of Section 1104(b)(2) is needless, costly and non-productive and would impose a grave injustice on all parties herein.") Further, circumstances to consider include whether there is a committee already constituted under Section 1103. *In re Shelter Res. Corp*., 35 B.R. 304, 305 (Bankr. N.D. Ohio 1983). This is because courts believe that official committees can investigate and adequately address issues about a case or the debtor's operations that may be raised in such situations. This case has multiple official committees, including the Official Tort Claimants Committee. To the extent an examiner was needed, surely the TCC or Office of the United States Trustee would have requested one. No such request was made.

Similarly, a court may find that appointment of an examiner will interfere with the expeditious resolution of the case and deny an examiner motion based on laches. For example, ***if a request for the mandatory appointment of an examiner is made on the eve of a confirmation hearing***, a court might deny the appointment of an examiner if persuaded that delay of confirmation is unwarranted. *See, In re Schepps Food Stores, Inc*., 148 B.R. 27, 30 (S.D. Tex. 1992)(concluding that appointment is mandatory, but finding that *creditor waived right to appointment of examiner by failing to make request until eve of confirmation hearing); In re Bradlees Stores, Inc*., 209 B.R. 36, 38 (Bankr. S.D.N.Y. 1997) (concluding that creditors waived right to appointment of examiner to investigate claims arising from leveraged buyout by failing to make request until approximately two years after cases were filed and eight months after issuance of report on same matter by debtors' professionals following a thirteen-month investigation); *but see In re Revco, D.S., Inc*., 898 F.2d 498 (6th Cir.

1990). It is not in the interests of creditors to have an examiner appointed at the twelfth hour when the Plan has overwhelmingly been voted in favor of and is on the precipice of confirmation. Lastly, if the court confirms the Plan then the relief sought in the motion becomes moot, as Section 1104 may only be used prior to confirmation. *See*, 11 U.S.C.§1104(c) ("If the court does not order the appointment of a trustee under this section, then ***at any time before the confirmation of a plan***…"). Emphasis added.

What is clear, is the mandatory nature of Section 1104 <u>was not</u> intended and <u>should not</u> be relied on to permit blatant interference with the chapter 11 case or the plan confirmation process. *In re Residential Capital, LLC*, 474 B.R. 112, 120–21 (Bankr. S.D.N.Y. 2012); *see also In re Dewey & LeBoeuf LLP,* 68 C.B.C.2d 660, 478 B.R. 627, 639 (Bankr. S.D.N.Y. 2012) (reiterating position previously espoused by same judge in *In re Residential Capital*).

Because both (a) failing to make a timely request and (b) filing an examiner motion as a litigation delay tactic each provide independent grounds for denying the request, SLF respectfully requests the Motion be denied. Alternatively, if the court elects to appoint an examiner the scope should be limited to whether the Debtors and/or their agents did anything improper in mailing the Plan solicitation materials. To that end, SLF believes that Judge Randall Newsom would be an appropriate candidate for examiner.

Dated: June 2, 2020            MARSHACK HAYS LLP

By: */s Richard A. Marshack*
     Richard A. Marshack
     Laila Masud

Dated: June 2, 2020            SINGLETON LAW FIRM, APC

By: */s Gerald Singleton*
     Gerald Singleton

Attorneys for the SLF Fire Victim Claimants