DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Dwyane Little

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>       Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION FOR RELIEF FROM STAY, OR ALTERNATIVELY, FOR ABSTENTION**<br><br>Date:    June 24, 2020<br>Time:    10:00 a.m.<br>Crtrm.:   Courtroom 17<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br>Judge:   Hon. Dennis Montali<br><br>Objection deadline:  June 19, 2020<br>                     4:00 p.m. (Pacific Time) |

## I. INTRODUCTION

The Court has jurisdiction over this matter pursuant to 28 USC § 1334 and 157. The Motion seeks relief from the automatic stay, or alternatively, abstention. This matter is a core proceeding pursuant to 28 USC §§ 157(b)(2)(A) and (G). Venue is proper pursuant to 28 USC §§ 1408 and 1409.

Pacific Gas & Electric Company and PG&E Corporation ("Debtors") filed their Voluntary Chapter 11 Bankruptcy Petitions ("the Petitions") on January 29, 2019 in the United States Bankruptcy Court for the Northern District of California after Plaintiff Dwyane Little ("Plaintiff")

filed a lawsuit against Pacific Gas & Electric Company ("PG&E") and others in the Yolo County Superior Court ("the Lawsuit").

Plaintiff's claims against PG&E and the other persons named as defendants in the Lawsuit ("the Other Defendants") arise from an incident and/or series of incidents that occurred in Yolo County, California from 2016-2018. Plaintiff's claims against the Defendants [including PG&E] are based on claims of Age Discrimination, Age Harassment, Race Discrimination, Race Harassment, Disability Discrimination, Disability Harassment, Unlawful Retaliation, Wrongful Termination, and others. The facts giving rise to Plaintiff's claims against PG&E and the Other Defendants are included in the Complaint filed by Plaintiff on November 21, 2018 in the Yolo County Superior Court ("the Complaint"). A copy of the Complaint is attached to the supporting Declaration of Christopher Whelan as Exhibit "A".

Plaintiff's claims against PG&E and the Other Defendants are founded in and solely reliant on state law and the Yolo County Superior Court is familiar with the facts giving rise to Plaintiff's claims. However, the Lawsuit has been stayed by operation of law and the Yolo County Superior Court has stayed prosecution of the Lawsuit.

Plaintiff's claims against PG&E and the Other Defendants need to be liquidated and Plaintiff must be permitted to proceed in this litigation against the Other Defendants. The Yolo County Superior Court is the best forum to liquidate Plaintiff's claims against PG&E and the Other Defendants because (a) Plaintiff's claims are founded in state law and (b) the Yolo County Superior Court is familiar with the facts giving rise to Plaintiff's claims. Additionally, Plaintiff has a right to a jury trial that is best served in the state court. Finally, there is no prejudice to either PG&E or creditors in this case in allowing for the claim to be liquidated in state court.

The Yolo County Superior Court can determine all triable issues of fact concerning Plaintiff's claims against PG&E and the Other Defendants if the Motion is granted and the Lawsuit is permitted to proceed to trial and conclusion. The relief sought here will promote judicial economy and will be in the best interest of all parties concerned for the reasons given below. Therefore, Plaintiff requests that the Bankruptcy Court:

(a) grant relief from the automatic stay so that the Lawsuit can proceed

to trial and conclusion; or, alternatively,

        (b)    abstain from deciding the validity and amount of Plaintiff's claims against PG&E and the Other Defendants, in favor of the state court.

## II.    INITIAL GROUNDS FOR RELIEF FROM STAY

There are twelve (12) non-exclusive factors that courts analyze in order to determine if cause exists to grant relief to allow continued litigation in a non-bankruptcy forum. See *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). The non-exclusive factors have been summarized as follows:

(1)    Whether the relief will result in a partial or complete resolution of the issues;

(2)    The lack of any connection with or interference with the bankruptcy case;

(3)    Whether the foreign proceeding involves the debtor as a fiduciary;

(4)    Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

(5)    Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6)    Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7)    Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

(8)    Whether the judgment claim arising from the foreign action is subject to equitable subordination under § 510(c);

(9)    Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under § 522(f);

(10)    The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

(11)    Whether the foreign proceedings have progressed to the point where the

Case: 19-30088    Doc# 7744    Filed: 06/03/20    Entered: 06/03/20 11:34:38    Page 3 of 8
1631061v2

parties are prepared for trial, and

        (12)    The impact of the stay on the parties and the balance of hurt. See *In re Curtis*, 40 B.R. at 806.

The *Curtis* factors will be discussed seriatim. It is respectfully submitted that the *Curtis* factors, which apply, warrant granting relief from stay to allow the Plaintiff access to justice and to obtain final resolution of his claims in the appropriate forum.

**1.    Whether the Relief Will Result in a Partial or Complete Resolution of the Issues.**

Granting relief from the automatic stay will allow the Lawsuit to proceed to judgment and resolution of all claims pending, through a jury trial against the Debtors and the other non-debtor defendants, at the same time. Granting relief from the automatic stay will also allow the parties to complete post trial and appellate matters. The nature and extent of the Debtors' liability to the Plaintiff will be adjudicated, liquidated, and finalized.

This factor weighs in favor of granting relief from the automatic stay.

**2.    The Lack of Any Connection With or Interference With the Bankruptcy Case.**

The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of the litigation on the administration of the estate. *Id*.

Granting relief from the automatic stay will allow disputed claims against the Debtors to be liquidated and resolved. Moreover, the Debtors are represented by able and experienced defense counsel. Granting relief from the automatic stay now will allow defense counsel sufficient time to prepare for the jury trial.

The reality is that because payment (if any) on the claim is already contemplated and provided for in the Debtor's Plan, the actual liquidation of the claim (which must happen somewhere) does not affect the estate. Because general unsecured claims are to be paid in full by the Debtor's Plan, the bankruptcy case is not affected.

Given the fact that the Debtors have progressed from the initial stages of this case, stabilized their operations, resolved all issues with the various creditor constituencies, no reason

exists for delaying adjudication of the Plaintiff's claims in the Lawsuit.

This factor weighs in favor of granting relief from the automatic stay.

**3.  Whether the Foreign Proceeding Involves the Debtors as a Fiduciary.**

This factor is not applicable to the current proceeding.

**4.  Whether a Specialized Tribunal Has Been Established to Hear the Particular Cause of Action and Whether That Tribunal Has the Expertise to Hear Such Cases.**

The claims and defenses asserted in the Lawsuit arise under the laws of the State of California, and are specialized as employment and race and age discrimination (which bankruptcy courts typically do not resolve). The Yolo County Superior Court is the most well-equipped forum to liquidate Plaintiff's claims.

Plaintiff has a right to a jury trial. It is not typical for the bankruptcy court to conduct jury trials and the superior court is well situated to oversee that process.

This factor weighs in favor of granting relief from the automatic stay.

**5.  Whether the Debtors' Insurance Carrier Has Assumed Full Financial Responsibility for Defending the Litigation.**

Plaintiff is unaware of the applicability of this factor.

**6.  Whether the Action Essentially Involves Third Parties, and the Debtors Function Only as a Bailee or Conduit for the Goods or Proceeds in Question.**

This factor does not apply.

**7.  Whether the Litigation in Another Forum Would Prejudice the Interests ff Other Creditors, the Creditors' Committee and Other Interested Parties.**

Plaintiff has a right to a jury trial. The Debtor's plan proposes to pay general unsecured creditors in full. As such, there can be no prejudice to any other creditors. They stand to be paid in full regardless of the liquidation of Plaintiff's claim.

**8.  Whether the Judgment Claim Arising From the Foreign Action is Subject to Equitable Subordination Under § 510(C).**

This factor does not apply.

**9.  Whether Movant's Success in the Foreign Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Under § 522(F).**

This factor is not applicable since the Debtors are not individuals.

**10.  The Interests of Judicial Economy and the Expeditious and Economical**

**Determination of Litigation for the Parties.**

As discussed above, the claims and defenses asserted in the Lawsuit based on the laws of the State of California. Plaintiff has a right to a jury trial, and the Lawsuit also involves other Defendants. There is no more appropriate forum for liquidation of Plaintiff's claim. It would not be efficient for pre-trial matters to be conducted under the auspices of the Bankruptcy Court, who could not thereafter conduct a jury trial without the consent of all parties. A denial of this motion would result in the need to potentially litigate in multiple forums.

This factor dictates granting relief from the automatic stay.

**11. Whether the Foreign Proceedings Have Progressed to the Point Where the Parties are Prepared for Trial.**

While the parties are not yet prepared for trial, discovery has been served, and there will be ample time for the Debtors to prepare for trial.

**12. The Impact of the Stay on the Parties and the Balance of Hurt.**

As acknowledged by the Debtors in the Debtors' Preliminary Opposition to Tiger Natural Gas, Inc.'s Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) (ECF 4622), filed with this Court on November 8, 2019, "[c]ourts have determined that the balance of hurt supports lifting the stay where keeping the stay in place would force movants to endure piecemeal litigation, *In re Roger*, 539 B.R. 837, 852-853 (C.D. Cal. 2015), or where debtors were engaging in ongoing wrongful conduct, *see Plumberex*, 311 B.R. at 564." Pg. 12, ln. 6-9.

Keeping the stay in place will force the Plaintiff to litigate against the non-debtor defendants and then subsequently litigate against the Debtor. As succinctly noted by the Bankruptcy Court for the District of Hawaii "[t]o force the Plaintiff to proceed first only against the nondebtor defendants in the state court, then subsequently to proceed against the Debtors would result in a multiplicity of suits, involving unnecessary time and expense on the part of Plaintiff." *In re Westwood Broadcasting, Inc.*, 35 B.R. 47, 48 (1983).

It is respectfully submitted that this factor overwhelmingly weighs in favor of granting relief from the automatic stay.

Factors 3, 6, 8, and 9 of the *Curtis* factors do not apply in this case. It is respectfully

submitted that, in this case, factors 1, 2, 4, 7, 10, and 11 of the *Curtis* factors support the granting of the Motion. Factor 12 of the *Curtis* factors dealing with the balance of hurts overwhelmingly supports the granting of the Motion. Relief from stay should be granted.[1]

### III. ALTERNATIVELY, THE BANKRUPTCY COURT SHOULD ABSTAIN FROM DECIDING THE VALIDITY AND AMOUNT OF PLAINTIFF'S CLAIMS AGAINST PG&E AND THE OTHER DEFENDANTS

The allowance or disallowance of Plaintiff's claims against PG&E is a "core proceeding" under the law. See 28 USC § 157(b)(2)(B). This means that the Bankruptcy Court has jurisdiction to determine the validity and amount of Plaintiff's claims against PG&E. However, the Bankruptcy Court may abstain from hearing a matter related to the Bankruptcy case in the interest of justice or in the interest of comity with the State courts or respect for State law. See 28 USC § 1334(c)(1) and *In re Middlesex Power Equipment and Marine,* 292 F.3d 61, 68 (1st Cir. 2002).

Plaintiff's claims against PG&E and the Other Defendants are based solely on state law and state law causes of action. This means that the Yolo County Superior Court has the power to determine the validity and amount of Plaintiff's claims, Furthermore, comity with the state court and respect for state law demands that the Bankruptcy Court abstain from deciding the validity and amount of Plaintiff's claims because Plaintiff's claims are based solely on state law. Finally, the interest of justice demands that the Bankruptcy Court abstain from deciding the validity and amount of Plaintiff's claims.

Plaintiff will not take any action against PG&E outside of Debtors' Chapter 11 cases if the Motion is granted except to liquidate their claims against PG&E or, in other words, determine the basis and amount of its claims against PG&E under the law. However, Plaintiff will pursue collections against the Other Defendants and any insurance coverage available to Debtor to the maximum extent allowed by the law if the Motion is granted.

---

[1] Additionally, the legislative history of Section 362 provides that: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the Bankruptcy Court from any duties that may be handled elsewhere." S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 USC CAN 5787, 5836, See also *In re Neal*, 176 BR 30, 33 (Bankr. D ID 1994)

## IV. THE BANKRUPTCY COURT WILL RETAIN JURISDICTION TO DETERMINE THE TREATMENT OF PLAINTIFF'S CLAIMS AGAINST PG&E AND ANY SETTLEMENT BETWEEN PLAINTIFF AND PG&E WILL BE SUBJECT TO BANKRUPTCY COURT APPROVAL

Plaintiff understands that the treatment of his claims against PG&E will be determined by the Bankruptcy Court after Plaintiff's claims against PG&E are liquidated by the Yolo County Superior Court. *See In re Leonard*, 231 BR 884, 889 (ED PA 1999); *In re Westwood Broadcasting, Inc.*, 35 BR 47, 49 (Bankr. D HI 1983). Additionally, any settlement between Plaintiff and PG&E would be subject to approval by the Bankruptcy Court as required by the law. See Federal Rule of Bankruptcy Procedure 9019. See also *In re A&C Properties,* 784 F.2d 1377 (9th Cir. 1986).

## V. CONCLUSION

As set forth herein, Plaintiff has a right to a jury trial on his solely state law claims, there is no extant prejudice to either the Debtor (who must defend in any forum) or other creditors (who will be paid in full regardless of the outcome of the litigation), and Plaintiff should not be required to pursue the non-debtor defendants in piecemeal litigation. As such, Plaintiff respectfully requests the court grant this Motion, and either enter an order granting relief from stay or abstaining.

DATED: June 2, 2020              DOWNEY BRAND LLP

                                 By: _____/s/ Jamie P. Dreher_____
                                         JAMIE P. DREHER
                                         Attorneys for Dwyane Little