WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION ENLARGING TIME FOR GENE HAWLEY AND JOAN HAWLEY TO FILE PROOFS OF CLAIM**

[Related to Dkt. Nos. 7617-18]

[No Hearing Requested]

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Gene Hawley and Joan Hawley (collectively, the "**Movants**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order enlarging the time for Movants to file a claim in the Chapter 11 Cases as set forth herein. The Debtors and Movants are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims.

C. By Order dated November 11, 2019, the Bankruptcy Court extended the Bar Date until December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time), solely for the benefit of any non-governmental Fire Claimants who had not filed proofs of claim by the Original Bar Date.

D. On May 27, 2020, Movants filed the *Motion to Allow/Deem Timely Late Filing of Proof of Claim by Gene Hawley and Joan Hawley* [Dkt. No. 7617] (the "**Motion**"), in which Movants assert they should be permitted to file late claims for damages allegedly sustained as a

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  result of the North Bay Fires (the "**Asserted Claims**").  The Motion is set for hearing on June 24,
2  2020 (the "**Hearing**").  See Dkt. No. 7618.

3      E.     On May 26, 2020, Gene Hawley filed Proof of Claim No. 105416, and Joan Hawley
4  filed Proof of Claim No. 105423, on account of their respective Asserted Claims that are the subject
5  of the Motion (the "**Proofs of Claim**").

6      F.     The Debtors have raised with Movants certain informal objections to the relief
7  requested in the Motion.

8      G.     The Official Committee of Tort Claimants has reviewed the Stipulation and, based on
9  the facts presented in the Motion, has no objection to the agreements set forth herein or to entry of an
10 Order approving the terms of the Stipulation.

11      H.     The Parties hereto desire to resolve their issues regarding the Motion.

12 **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

15      1.     The Proofs of Claim shall be deemed timely filed.

16      2.     Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors
17 or any other party in interest of any right to (i) object to the Asserted Claims or the Proofs of Claim
18 on any grounds other than the untimely filing thereof, or (ii) seek to reclassify the Proofs of Claim.

19      3.     Nothing herein is intended to, nor shall it be construed to be, a waiver by Movants of
20 their right to seek to reclassify the Proofs of Claim or to assert any other right in contravention to or
21 in opposition of any asserted challenge to the Proofs of Claim.

22      4.     Upon entry of an Order approving the Stipulation, the Motion shall be deemed
23 withdrawn and the Hearing vacated.

24      5.     In the event that the terms of this Stipulation are not approved by the Bankruptcy
25 Court, it shall be null and void and have no force or effect and the Parties agree that, in such
26 circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

27      6.     This Stipulation shall be binding on the Parties and each of their successors in
28 interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Dated: June 3, 2020 | Dated: June 3, 2020 |
|---|---|
| WEIL GOTSHAL & MANGES LLP | WATTS GUERRA LLP |
| /s/ *Matthew Goren* <br> Matthew Goren, Esq. | /s/ *Mikal Watts* <br> Mikal C. Watts, Esq. |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Gene Hawley and Joan Hawley* |