WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS**<br><br>Date: June 24, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: June 17, 2020, 4:00 p.m. (PT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice (both as defined herein). In support of this Motion, the Debtors submit the Declaration of Robb McWilliams (the "**McWilliams Declaration**"), filed concurrently herewith. A proposed form of order approving the Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Jurisdiction | | 1 |
| II. | Background | | 1 |
| III. | Omnibus Claim Objection Procedures and the Omnibus Claim Objection Notice | | 3 |
| | A. | The Omnibus Claim Objection Procedures | 3 |
| | B. | Additional Grounds for Omnibus Objections | 7 |
| | C. | Benefits of the Omnibus Claim Objection Procedures | 7 |
| | D. | The Omnibus Claim Objection Notice | 8 |
| IV. | Basis for Relief | | 9 |
| | A. | The Omnibus Claim Objection Procedures Comply with the Bankruptcy Rules | 9 |
| | B. | Approval of the Omnibus Claim Objection Procedures Benefits Parties in Interest | 11 |
| | C. | The Omnibus Claim Objection Procedures Provide for Adequate Notice and Service | 12 |
| | D. | Reservation of Rights | 12 |
| V. | Notice | | 14 |

# TABLE OF AUTHORITIES

**Cases**

*Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ........................................ 11

*In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Mar. 31, 2010) .............. 12

*In re Patriot Coal Corporation*, Case No. 12-51502 (Bankr. E.D. Mo. Mar. 1, 2013) .......................... 12

*In re TelexFree, LLC*, Case No. 14-40987 (Bankr. D. Mass. Dec. 26, 2017) ....................................... 13

**Statutes**

11 U.S.C. § 105 ............................................................................................................................... 3, 11

11 U.S.C. § 502 .................................................................................................................................... 3

28 U.S.C. § 157 .................................................................................................................................. 18

28 U.S.C. § 1408 ................................................................................................................................ 18

28 U.S.C. § 1409 .................................................................................................................................. 3

28 U.S.C. § 1334 .................................................................................................................................. 3

**Rules**

Bankruptcy Local Rule 3007-1(a) ............................................................................................. 5, 6, 10

Bankruptcy Local Rule 5011 ............................................................................................................... 3

Bankruptcy Local Rule 9014-1(c) ..................................................................................................... 20

Bankruptcy Rule 1015(b) ..................................................................................................................... 3

Bankruptcy Rule 2002 ....................................................................................................................... 15

Bankruptcy Rule 3007 ................................................................................................................. passim

Bankruptcy Rule 9014 ....................................................................................................................... 20

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for recession or damages to April 16, 2020 [Docket No. 5943]

As of the date of this Motion, and excluding claims filed by Fire Claimants and Wildfire Subrogation Claimants, whose claims will be reviewed and resolved under procedures that govern their respective trusts, the Debtors have received in excess of 18,000 Proofs of Claim from over 13,000 claimants (each, a "**Claimant**"). The Debtors' efforts to reconcile these claims remains ongoing. The Debtors anticipate a substantial number of claims objections will be necessary to resolve these Proofs of Claim expeditiously, both on the grounds enumerated in Bankruptcy Rule 3007(d) as well as on additional grounds. For example, there are approximately 800 filed Proofs of Claim that assert claims or amounts that the Debtors have been unable, based on the ongoing claims review and reconciliation effort, to locate in their books and records. The Debtors have also identified over 2,200 Proofs of Claim for which absolutely no documentation or information beyond the Claimant's name and address was provided.[2] The Debtors have informally solicited additional information from more than 90% of these

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust, as laid out in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22,, 2020* [Docket No. 7521] (the "**Plan**") and the *Disclosure Statement for the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 6353].

[2] The 2,200 Proofs of Claim referenced and discussed in the text do not include a significant number of claims filed by current or former employees that likewise provided no documentation or information beyond the Claimant's name and address. The Debtors will seek to address these employee claims separately and to resolve as many as possible without need for formal objection. A number of these employee claims are subject to resolution by informal procedures established by collective bargaining agreements. The Debtors generally intend to rely upon those procedures, where applicable, to resolve such claims instead of the formal claim objection process.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Claimants, but the vast majority of them did not provide further information.

By this Motion, the Debtors seek approval of procedures (the "**Omnibus Claim Objection Procedures**") for objecting to multiple Proofs of Claim in a single filed objection document (each such document, an "**Omnibus Objection**") that, among other things: (1) authorize the Debtors to file Omnibus Objections not only on the grounds itemized in Bankruptcy Rule 3007(d),[3] but also on additional common grounds as set forth herein; (2) approve and authorize procedural and formal aspects of Omnibus Objections that augment, supplement or modify what is specified in Rule 3007(e); (3) relieve the Debtors of the obligation under Bankruptcy Local Rule 3007-1(a) to file a copy of each Proof of Claim that is the subject of an Omnibus Objection; and (4) approve the form and manner of notice of each such Omnibus Objection. The relief requested herein will facilitate the Debtors' claims reconciliation and resolution process and the Debtors' ability to make distributions to their creditors as soon as practicable pursuant to the Plan.

For the avoidance of doubt, the Omnibus Claims Claim Objection Procedures and the relief requested herein will not apply to any Fire Claims or Subrogation Wildfire Claims. As set forth in the Plan, the Subrogation Wildfire Trustee shall be entitled to object to Subrogation Wildfire Claims and the Fire Victim Trustee shall be entitled to object to Fire Victim Claims in accordance with the Wildfire Trust Agreements.

### III. OMNIBUS CLAIM OBJECTION PROCEDURES AND THE OMNIBUS CLAIM OBJECTION NOTICE

#### A. <u>The Omnibus Claim Objection Procedures</u>

The Omnibus Claims Objection Procedures are as follows:

1. <u>Form of Omnibus Objection</u>. Omnibus Objections will be numbered consecutively, irrespective of basis.

---

[3] The eight grounds for omnibus objection to claims specified in Bankruptcy Rule 3007(d) are: (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under §507 of the Code.

Case: 19-30088    Doc# 7758    Filed: 06/03/20    Entered: 06/03/20 17:17:43    Page 7 of 17

2. <u>Number of Proofs of Claim per Omnibus Objection</u>. The Debtors may object to no more than 250 claims per Omnibus Objection.[4]

3. <u>Grounds for Omnibus Objection</u>. The Debtors may object to the Proofs of Claim on the grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

    a. The amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

    b. The claims were incorrectly classified;

    c. The claims seek recovery of amounts for which the Debtors are not liable;

    d. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis;

    e. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

    f. The claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and

    g. Under the Plan, the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan.

4. <u>Supporting Documentation</u>. To the extent appropriate, the Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Proofs of Claim included therein and the applicable supporting information and documentation provided therewith, made reasonable efforts to research the Proof of Claim on the Debtors' books and records, and believes the documentation does not provide *prima facie* evidence of the validity and amount of the Proofs of Claim. In that case, the Omnibus Objection will request that the Response (as defined below) include the information relied upon in preparing the Proof of Claim.

5. <u>Proofs of Claim Exhibits</u>. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), the Debtors are not required to attach a copy of Proofs of Claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

    a. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

    b. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

    c. The amount of claim asserted in the Proof of Claim;

---
[4] Bankruptcy Rule 3007(e)(6) limits omnibus objections to no more than 100 claims; in this Motion the Debtors seek authorization to exceed that limit.

d. The grounds for the objection; and

e. For Omnibus Objections in which the Debtors seek to reduce the amount of any given Proof of Claim, the proposed reduced claim amount.

6. <u>Omnibus Claim Objection Notice</u>. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "**Omnibus Claim Objection Notice**") in substantially the form attached hereto as **Exhibit B**. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 30 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

a. Describe the basic nature of the Omnibus Objection;

b. Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim Objection Notice carefully;

c. Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection; and

d. Identify a response date (each, a "**Response Deadline**") consistent with Bankruptcy Local Rule 9014-1(c) and describe the procedures for filing a written response (each, a "**Response**") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached hereto as **Exhibit B**, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

7. <u>Order if No Response</u>. The Debtors may submit an Order to the Bankruptcy Court sustaining each Omnibus Objection to Proofs of Claim for which the Debtors did not receive a timely Response, without further notice to the Claimants.

8. <u>Each Objection Is a Contested Matter</u>. Each Proof of Claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to the Proof of Claim.

9. <u>Requirements for All Responses to Objections</u>. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Claimant.

a. <u>Contents</u>. Each Response must contain the following (at a minimum):

i. A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

ii. The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

        iii.    A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the Claimant will reply in opposing the Omnibus Objection;

        iv.    A copy of any other documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing;

        v.    A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response;

        vi.    The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim), but only for those Proofs of Claim in the Omnibus Objection.

    b.    <u>Additional Information</u>. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf (the "**Additional Addresses**"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

    c.    <u>Failure to Timely File a Response</u>. If the Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.

    d.    <u>Service of the Response</u>. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, will be deemed timely filed only if the Response is actually received by the Bankruptcy Court on or before the deadline to respond. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if a copy of the Response is actually received by counsel for the Debtors on or before the deadline to respond (which deadline will be clearly set forth in the Notice).

10.    <u>Reservation of Rights</u>. Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other claims against the claimant. Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtors) at a later date; provided, however, that the Omnibus Claim Objection Procedures shall not apply to Fire Claims and Wildfire Subrogation Claims as set forth above. An affected Claimant will receive a separate notice of any such additional objection.

### B. Additional Grounds for Omnibus Objections

In addition to the eight grounds for omnibus objection authorized by Bankruptcy Rule 3007(d), the Debtors identified several other grounds for objection, enumerated at paragraph 3 of the Omnibus Claim Objection Procedures [at ¶ III.A.3 above], that are likely to be common to many filed Proofs of Claim, and which the Debtors believe are appropriate for omnibus objection procedures because they will increase efficiency in the resolution of claims.

By this Motion, the Debtors seek authorization under Bankruptcy Rule 3007(c) to bring Omnibus Objections on these additional grounds.

### C. Benefits of the Omnibus Claim Objection Procedures

The proposed Omnibus Claim Objection Procedures will provide for the efficient and economical resolution of omnibus objections to the Proofs of Claims by eliminating the filing of thousands of duplicative individual objections to claims and the associated expense, administrative burden, and docket clutter, while at the same time (a) providing to Claimants a guide to the claims objection process that clearly describes the form and manner of Omnibus Objections and the process by which Claimants must file and serve Responses thereto; and (b) ensuring that all Claimants and other parties in interest are given sufficient information to navigate the claims objection process effectively and otherwise preserve and protect the rights they are afforded under the Bankruptcy Code and Bankruptcy Rules.

The Omnibus Claim Objection Procedures describe, in clear and simple terms, the key aspects of the process for claims objections and responses, including, without limitation: (a) the form of Omnibus Objections and supporting documentation, if necessary; (b) the exhibit to be attached to each Omnibus Objection and the information contained thereon (*e.g.*, Claimants' names, claim numbers, the grounds for the Omnibus Objection and cross-references to the location in the Omnibus Objection discussing the respective grounds); (c) the form of the Omnibus Claim Objection Notice; and (d) the information Claimants need to include with a Response to the Omnibus Objection, the deadline for doing so, and the consequences of failing to file a timely Response.

All Omnibus Objections filed pursuant to the Omnibus Claim Objection Procedures will comply with the procedural requirements of Bankruptcy Rule 3007(e), other than the limitation of each Omnibus

Objection to no more than 100 claims. The Debtors seek relief from that 100-claim limit on the basis that, as discussed in the next section, the proposed form of individualized notice will protect Claimants against the burdens and possible confusion associated with requiring a claimant to attempt to locate information relevant to the claimant from a voluminous document and a lengthy list of other claimants.

The Debtors also request that the Court waive the requirement of Bankruptcy Local Rule 3007-1(a) that a copy of a proof of claim be attached to each objection. Given the great volume of Proofs of Claim the Debtors have received and the number of Proofs of Claim that may be the subject of a single Omnibus Objection, attaching each to the Omnibus Objection would be cumbersome and inefficient and in a great many instances—quite possibly the vast majority of them—would serve no purpose at all.

### D. The Omnibus Claim Objection Notice

Bankruptcy Rule 3007 requires that a copy of a claim objection, with notice of the hearing, must be served on the affected claimant. In an effort to reduce service costs and enable Claimants to more readily identify an objection to their Proof of Claim, the Debtors propose, and request the Court to authorize them, to serve the Omnibus Claim Objection Notice, rather than the entire Omnibus Objection, on each Claimant whose Proof of Claim is the subject of the applicable Omnibus Objection and any other associated person specified in the filed Proof of Claim.

The proposed Omnibus Claim Objection Notice will provide to each Claimant an individualized notice of objection and hearing that includes a statement of the grounds for objection and reference to a simple means by which the Claimant can obtain, at no cost, the complete Omnibus Objection. If so authorized, the Debtors would serve the Omnibus Claim Objection Notice in a form substantially similar to the notice attached hereto as **Exhibit B**. It will be personalized for each Claimant and will contain all of the information that a Claimant needs to evaluate and respond to the objection: an explanation of the claim objection process, identification of the Proof of Claim that is the subject of the Omnibus Objection, a statement of the basis of the claim objection, and information regarding the response deadline, hearing date, and the required content of a Response. The proposed Omnibus Claim Objection Notice attached hereto is for illustrative purposes only and will be modified to account for the nature of the basis of the objection relevant to the Proof(s) of Claim that are the subject of an Omnibus Objection. In addition,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

the Omnibus Claim Objection Notice will inform the Claimant how to obtain a copy of the full Omnibus Objection, either: (i) electronically on the Court's docket for the Chapter 11 Cases with a PACER login and password, (ii) for free by download from the Debtors' approved notice and claim agent's website at https://restructuring.primeclerk.com/pge/Home-DocketInfo, or (iii) by calling Prime Clerk LLC at (844) 339-4217 (Toll Free) or by email at pgeinfo@primeclerk.com to request a complete copy of the Omnibus Objection, including all Exhibits, by mail, at no cost to the Claimant.

## IV. BASIS FOR RELIEF

### A. The Omnibus Claim Objection Procedures Comply with the Bankruptcy Rules

The Bankruptcy Rules provide that, in general, "objections to more than one claim shall not be joined in a single objection." Fed. R. Bankr. P. 3007(c). This general prohibition is limited by Bankruptcy Rule 3007(d), which identifies eight specific grounds for objection to claims for which omnibus objections are allowed. Rule 3007(d) recognizes that an omnibus claim objection process provides desirable efficiency and economy of administration, and reflects the policy judgment that, for objections made on any of the eight specified grounds, the benefits of efficiency and economy should in all cases prevail over the benefits of individualized notice of an objection to each individual claim.

The introductory clause to Rule 3007(c)—"[u]nless otherwise ordered by the court"—recognizes that there are circumstances beyond those described in Rule 3007(d), in which the Court should have discretion to authorize omnibus objections. *Id*. A bankruptcy court may also rely on its general equitable powers to grant the relief requested herein under section 105(a) of the Bankruptcy Code, which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Bankruptcy Code]." 11 U.S.C. § 105(a); *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers.").

In light of the volume of Proofs of Claim that have been filed in these Chapter 11 Cases, and the Debtors' expectation that it will be necessary to object to many of those Proofs of Claim on common grounds other than those set forth in Bankruptcy Rule 3007(d), the Debtors respectfully submit that approval of the proposed Omnibus Claim Objection Procedures is an appropriate exercise of this Court's

Case: 19-30088    Doc# 7758    Filed: 06/03/20    Entered: 06/03/20 17:17:43    Page 13 of 17

discretion under Bankruptcy Rule 3007(c) and its equitable powers under section 105(a) of the Bankruptcy Code. The proposed Omnibus Claim Objection Procedures will benefit the Debtors' estates and preserve value for their creditors and other parties in interest by allowing the Debtors to minimize administrative burdens and reduce the costs associated with preparing and filing myriad separate individual objections on the same grounds applicable to a great many Proofs of Claim. Requiring the filing of individual objections would result in significant expense without providing any meaningful benefit, particularly in light of the Debtors' proposal to provide individualized, personalized notice to each Claimant. In addition, the filing of multiple individualized claims objections would materially delay the claims resolution process and the Debtors' efforts to administer these Chapter 11 Cases so they can make payments under the Plan as efficiently and expeditiously as possible.

Filing Omnibus Objections for more than 100 Proofs of Claim, without the requirement to attach the relevant Proofs of Claim to each, will create a more streamlined claims resolution process, enabling the Debtors and their Professionals to focus resources on the substance of any disputes rather than the compilation of separate individual objections. Authorizing the Debtors to file Omnibus Objections to up to 250 Proofs of Claims at a time, as requested by the Motion, is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Similar relief has been granted in other large chapter 11 cases. *See, e.g.*, *In re TelexFree, LLC*, Case No. 14-40987 (Bankr. D. Mass. Dec. 26, 2017) (250 claims); *In re Patriot Coal Corporation*, Case No. 12-51502 (Bankr. E.D. Mo. Mar. 1, 2013) ("The Debtors may file Omnibus Objections that contain more than 100 claims"); *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Mar. 31, 2010) (500 claims).

The Advisory Committee note to the 2007 amendment to Bankruptcy Rule 3007 that expressly authorized omnibus claim objections explains that they "present a significant opportunity for efficient administration of large cases, but the rule includes restrictions on the use of these omnibus objections to ensure the protection of the due process rights of the claimants." Fed. R. Bankr. P. 3007 Advisory Committee's Note to 2007 Rules Amendments. The 100-claim limit in Rule 3007(e)(6) was designed

to protect a claimant against confusion and burden and the possible prejudice of having to find the relevant information about her claim buried in a voluminous document that deals with hundreds or even thousands of others, with the attendant risk that critical information would be completely overlooked. The proposed Omnibus Claim Objection Procedures provide ample due process protections, including reasonable notice and opportunity for a hearing. Critically, because each affected Claimant will receive personalized, individualized notice of the essence of the Omnibus Claim Objection, it should make no difference to a Claimant that the objection to her claim is joined with objections to 249 others. By permitting up to 250 objections to be joined in a single filed Omnibus Objection, the proposed Omnibus Claim Objection Procedures will enable the Debtors to realize enhanced economies of scale associated with the omnibus objection procedure, while the individualized Claims Objection Notices will fully protect the due process right of each Claimant to receive clear notice of the basis for objection and the procedure to be followed to challenge it, essentially in the same manner as if a separate, individual objection had been filed. Such a process, including expansion from 100 to 250 of the number of claims that may be joined, is fully consistent with the spirit and objectives of the claimant protections embodied in Bankruptcy Rule 3007(e), and approval of the expanded limit would be an appropriate exercise of the Court's authority under section 105 of the Bankruptcy Code.

**B.     Approval of the Omnibus Claim Objection Procedures Benefits Parties in Interest**

The Bankruptcy Local Rules do not address the subject of omnibus objections to proofs of claim, nor is there any applicable appellate authority that limits the Court's exercise of discretion in this area. Hence, the Court has considerable flexibility to determine the circumstances in which omnibus objections are appropriate and, where appropriate, to authorize them and approve governing procedures consistent with the terms of Bankruptcy Rule 3007.

It is appropriate for the Court to approve the Omnibus Claim Objection Procedures in light of the number of Omnibus Objections that the Debtors expect to file, to facilitate an efficient and economical administration of the claims resolution process. All parties in interest—including all creditors that will be paid by the Reorganized Debtors through the Plan—will benefit from the economic savings that can result from streamlining the claims process insofar as possible; and creditors collectively will benefit

from a procedure that expedites the claims resolution process. At the same time, the Omnibus Claim Objection Procedures also afford substantial protection of creditors' due process rights, providing all Claimants with ample notice and an opportunity to be heard.

C. **The Omnibus Claim Objection Procedures Provide for Adequate Notice and Service**

While Bankruptcy Rule 3007 describes the form of omnibus objections to proofs of claim, it does not address issues relating to notice and service apart from the requirements of Rule 3007(a) generally applicable to objections (*i.e.*, minimum 30 days' notice served by mail on the person designated in the Proof of Claim). As set forth in the Omnibus Claim Objection Procedures, the Debtors propose to serve the Omnibus Claim Objection Notice on the Claimant or Claimant's representative, and any other associated person identified in the filed Proof of Claim, and/or the transferee of such Proof of Claim if indicated in the Claims Register. In addition, all counsel of record or other parties who received electronic notices in these Chapter 11 Cases through the Court's electronic case filing system will receive notice of the filing of each Omnibus Objection. Accordingly, the Debtors submit that the Omnibus Claim Objection Procedures provide for adequate notice and appropriate service of process in accordance with the Bankruptcy Rules.

D. **Reservation of Rights**

The Debtors reserve the right to seek in the future, on an appropriate showing, additional relief relating to omnibus claims objections (for example, authorization to assert additional grounds for omnibus objection or an increase in the number of claims that can be addressed in a single omnibus objection), or other modifications of the Omnibus Claim Objections Procedures.

V.   NOTICE

Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California;

(xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 3, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors*
*and Debtors in Possession*