WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS**<br><br>Date: June 24, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br><br>Objection Deadline: June 17, 2020, 4:00 p.m. (PT) |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provides interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Debtors' Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* (the "**Motion**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) claims for rescission or damages asserted by certain current or former holders of the Debtors' publicly held debt or equity securities for with the Court set a deferred bar date of April 16, 2020. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Debtors' management team, the Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Debtors.

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Motion.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules to determine the validity of filed claims based on those schedules. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As of the date of this Motion, and excluding claims filed by Fire Claimants and Wildfire Subrogation Claimants, whose claims will be reviewed and resolved under procedures that govern their respective trusts, the Debtors have received in excess of 18,000 Proofs of Claim from over 13,000 claimants (each, a "**Claimant**"). The efforts to reconcile these claims remain ongoing. The Debtors anticipate a substantial number of claims objections will be necessary to resolve these Proofs of Claim expeditiously, both on the grounds enumerated in Bankruptcy Rule 3007(d) as well as on additional grounds. For example, there are approximately 800 filed Proofs of Claim that assert claims or amounts that the Debtors have been unable, based on the ongoing claims review and reconciliation effort, to locate in their books and records. The Debtors have also identified over 2,200 Proofs of Claim for which absolutely no documentation or information beyond the Claimant's name and address was provided.[2] The Debtors have informally solicited additional information from over 90% of these Claimants, but the vast majority of them did not provide further information.

5. In addition to the grounds identified in Bankruptcy Rule 3007(d), the Debtors anticipate objecting to Proofs of Claim on the following grounds: (a) the amount claimed contradicts the Debtors'

---

[2] The 2,200 Proofs of Claim referenced and discussed here do not include a significant number of claims filed by current or former employees that likewise provided no documentation or information beyond the Claimant's name and address.

books and records, and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records; (b) the claims were incorrectly classified; (c) the claims seek recovery of amounts for which the Debtors are not liable; (d) the claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis; (e) the claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code; (f) the claims are objectionable on some other common basis under bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and (g) the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved under the Plan.

6. I have been involved in the claims review, reconciliation and resolution process in a number of large and complex bankruptcy cases, including Calpine Corporation, LyondellBassel Industries, Caesars Entertainment Operating Company, and Westinghouse Electric Company. In each of these cases there were many thousands, and in some of them tens of thousands, of filed claims, a significant percentage of which were subject to objection. In my experience, omnibus objections to claims that are subject to common grounds for objection have been an essential tool for addressing and resolving claims objections in an efficient and relatively economical and expeditious manner.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 3rd day of June, 2020, in Dallas, Texas.

                                    */s/ Robb McWilliams*
                                    Robb McWilliams