WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DEBTORS' OMNIBUS MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 FOR AN ORDER (I) APPROVING DE MINIMIS SETTLEMENTS WITH CONSUMERS TO RESOLVE CPUC PROCEEDINGS AND (II) GRANTING RELATED RELIEF**<br><br>**(THE "DE MINIMIS CPUC SETTLEMENT AGREEMENTS MOTION")**<br><br>Date: June 24, 2020<br>Time: 10:00 am (Pacific Time)<br>Place: (Telephonic or Video Only)<br>    United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: June 17, 2020, 4:00 pm (PT)** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Omnibus Motion (the "**Motion**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (i) approving the settlement agreements identified on **Exhibit A** hereto (each, a "**De Minimis CPUC Settlement Agreement**") entered into by and among the Utility and the individuals and other parties thereto (each such non-Debtor party, a "**Claimant**") to resolve certain *de minimis* claims and causes of action arising out of or relating to various proceedings pending before the California Public Utilities Commission (the "**CPUC**"), and (ii) granting related relief.

In support of the Motion, the Debtors submit the Declaration of Steven Frank (the "**Frank Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Rule 5011-1(a) of the Bankruptcy Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No chapter 11 trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).[1]

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

By Order dated September 10, 2020 [Docket No. 3855] (the "**De Minimis Claims Settlement Procedures Order**"), the Court approved procedures to allow the Debtors to settle certain de minimis claims and causes of action with limited or no further notice required; however, the procedures approved by the Court expressly carved-out and do not apply to any settlements by the Debtors or other relief arising out of any CPUC proceedings.

By Order dated March 16, 2020, the Bankruptcy Court approved the disclosure statement for the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16,*

---

[1] Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

*2020* [Docket No. 6320] (as may be amended, modified, or supplemented from time to time, the "**Plan**"). The hearing on confirmation of the Plan commenced on May 27, 2020.

### III. THE DE MINIMIS CPUC SETTLEMENT AGREEMENTS

As a regulated utility, individual ratepayers and other consumers have the opportunity to file with the CPUC complaints against the Utility arising out of or relating to billing, service, and other matters. Over the past several months, the Utility has entered into four (4) De Minimis CPUC Settlement Agreements to resolve certain claims and causes of actions arising out of, or relating to, proceedings pending before the CPUC.

The terms of each of the De Minimis CPUC Settlements are summarized on **Exhibit A** hereto.[2] The De Minimis CPUC Settlements resolve various disputes with certain of the Utility's customers and will result in certain *de minimis* claims being allowed as general unsecured claims in these Chapter 11 Cases and/or the Utility agreeing to take certain modest remedial actions. Specifically, pursuant to the De Minimis CPUC Settlements (i) the Utility has agreed to allow approximately $18,000.00, in total aggregate amount, of general unsecured claims to be paid under, and in accordance with, the Plan, (ii) the Utility has agreed to perform a limited scope of work at a mobile home park to be completed by December 2020, and (iii) the Utility has agreed to bear certain costs associated with the relocation of a regulator adjacent to a Claimant's property, which is expected to be completed by August 2020.[3] Pursuant to the De Minimis CPUC Settlements, any amounts to be paid out to the Claimants on account of prepetition claims will be treated as allowed general unsecured claims pursuant to the Plan. Each of the De Minimis CPUC Settlement Agreements also provides for a mutual release of claims by the parties thereto.

Each of the De Minimis CPUC Settlements is the product of arm's length and good faith negotiations between the Utility and the applicable Claimants, resolves pending litigation with certain of the Debtors' customers and consumer ratepayers for relatively de minimis amounts, and minimizes further

---

[2] Certain of the De Minimis CPUC Settlement Agreements contain confidentiality provisions. Accordingly, upon request, the Debtors will make the De Minimis CPUC Settlement Agreements available to the Committees and the U.S. Trustee on a professional's eyes only basis.

[3] The Utility currently estimates the total cost of performing the work at the mobile home park and relocating the regulator in connection with the above-referenced De Minimis CPUC Settlement Agreements to be less than $500,000.

cost and expense on the part of the Claimants and the estates. Accordingly, the De Minimis CPUC Settlements should be approved.

## IV. BASIS FOR RELIEF REQUESTED

### A. The De Minimis CPUC Settlement Agreements are in the Best Interests of the Debtors' Estates and Should be Approved Pursuant to Bankruptcy Rule 9019.

The Debtors submit that the De Minimis CPUC Settlement Agreements are in the best interests of the Debtors' estates and all stakeholders and should be approved under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. R. 9019(a). This rule empowers Bankruptcy Courts to approve settlements "if they are in the best interests of the estate." *In re Drexel Burnham Lambert Group*, *Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Compromises and settlements are normal and welcomed occurrences in chapter 11 because they allow a debtor and its creditors to avoid the financial and other burdens associated with litigation over contentious issues and expedite the administration of the bankruptcy estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (hereafter, "*TMT Trailer Ferry*"); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). The decision to approve a particular compromise lies within the sound discretion of the Court. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). A proposed compromise and settlement implicates the issue of whether it is "fair and equitable" and "in the best interest of the [debtor's] estate." *In re A&C Properties*, 784 F.2d at 1381. The court must apprise itself "of all relevant facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *TMT Trailer Ferry*, 390 U.S. at 424.

Courts in this jurisdiction typically consider the following factors in determining whether a settlement should be approved: (i) the probability of success in litigation, with due consideration for the uncertainty in fact and law; (ii) the difficulties, if any, to be encountered in the matter of collecting any litigated judgment; (iii) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and (iv) the paramount interest of the creditors and the proper deference to their reasonable views in the premises. *See In re Woodson,* 839 F.2d at 620 (quoting *A&C Props*., 784 F.2d at

1380). It is not necessary that the conclusions reached in the consideration of each of the above factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)).

The standard courts apply for approval of settlements under Bankruptcy Rule 9019 is deferential to the debtor's judgment and merely requires the Court to ensure that the settlement does not fall below the lowest point in the range of reasonableness in terms of potential benefits to the debtor. *See Allied Waste Serves. of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 92 (1st Cir. 2011) ("The task of both the bankruptcy court and any reviewing court is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness . . . If a trustee chooses to accept a less munificent sum for a good reason (say, to avoid potentially costly litigation), his judgment is entitled to some deference.") (*citing In re Thompson*, 965 F.2d 1136, 1145 (1st Cir. 1992)); *Shugrue*, 165 B.R. at 123 (a court need not be aware of or decide the particulars of each individual claim resolved by the settlement or "assess the minutia of each and every claim"; rather, a court "need only canvass the issues and see whether the settlement falls 'below the lowest point in the range of reasonableness.'"); *see also, In re Pacific Gas and Elec. Co.*, 304 B.R. at 417; *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991) (same).

While a court must "evaluate . . . all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *Port O'Call Invest. Co. v. Blair (In re Blair),* 538 F.2d 849, 851 (9th Cir. 1976), or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. As one court explained in assessing a global settlement of claims, "[t]he appropriate inquiry is whether the Settlement Agreement *in its entirety* is appropriate for the . . . estate." *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 430 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1993) (emphasis added).

As set forth above, the De Minimis Claims Settlement Procedures Order previously approved by the Court granted the Debtors authority to, among other things, settle claims and causes of action of less than $1,000,000 with no further notice to third parties or action by the Court; however, those

procedures specifically excluded claims arising out of CPUC proceedings thus necessitating the relief sought in this Motion. The De Minimis CPUC Settlement Agreements resolve various complaints pending before the CPUC and are the result of months of good faith negotiations between the Claimants and the Debtors. The De Minimis CPUC Settlement Agreements fully resolve the disputed claims and causes of action between the Utility and the parties thereto, and provide certainty that would not otherwise be available if the related investigations were to continue. In addition, the terms of the various De Minimis CPUC Settlement Agreements provide for the payment by the Debtors of relatively de minimis amounts in the context of these Chapter 11 Cases. A set forth on **Exhibit A** hereto, in connection with the De Minimis CPUC Settlement Agreements the Debtors are agreeing to allow $18,000.00, in the total aggregate amount, of general unsecured claims, perform a limited scope of work at a mobile home park to be completed by December 2020, and bear certain costs associated with the relocation of a regulator adjacent to a Claimant's property by August 2020. As such, the impact on the Debtors' estates would be minimal. Each De Minimis CPUC Settlement Agreement also provides for a mutual release of claims by the parties thereto.

The Debtors believe, in their business judgment, that it would be more cost efficient to resolve these complaints consensually than to engage in further discussions or mediations. Furthermore, the terms of the De Minimis CPUC Settlement Agreements are fair and reasonable. Accordingly, the Debtors assert the De Minimis CPUC Settlement Agreements are in the best interest of the Debtors, their estates, creditors and other stakeholders, and should be approved.

**B. Entry into the De Minimis CPUC Settlement Agreements is a Sound Exercise of the Debtors' Business Judgment and Should be Approved Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code.**

The Court may also authorize the Debtors to enter into the De Minimis CPUC Settlement Agreements pursuant to sections 363(b) and 105(a) of the Bankruptcy Code because entry into the settlements falls well within the Debtors' sound business judgment.

Section 363(b) of the Bankruptcy Code provides, in pertinent part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Together, these sections of the Bankruptcy Code provide the Court with ample authority and discretion to grant the relief requested herein. *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Walter*, 83 B.R. 14, 17 (B.A.P. 9th Cir. 1988) ("The bankruptcy court has considerable discretion in deciding whether to approve or disapprove the use of estate property by a debtor in possession, in the light of sound business justification."); *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011) ("The business judgment standard in section 363 is flexible and encourages discretion."); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (use of assets outside the ordinary course of business permitted if "sound business purpose justifies such actions"); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.").

Once a debtor articulates a valid business justification under section 363 of the Bankruptcy Code, a presumption arises that the debtor's decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the company. *See In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also, In re AWTR Liquidation Inc.*, 548 B.R. 300, 314 (Bankr. C.D. Cal. 2016) (referencing the Cal. Prac. Guide: Corps. (The Rutter Group 2015) Ch. 6–C); *In re Johns-Manville Corp.*, 60 B.R. at 615–16 ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions"). Thus, if a debtor's actions satisfy the business judgment rule, then the transactions in question should be approved under section 363(b)(1) of the Bankruptcy Code. For all the reasons discussed above, the Debtors' actions here easily meet this requirement and, therefore, the Debtors' entry into the De Minimis CPUC Settlement Agreements should be approved.

## V.   NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to the Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the

Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) Consumer Protection and Enforcement Division; (ix) the Nuclear Regulatory Commission; (x) the Federal Energy Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; (xiii) the Claimants; and (xiv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment, appropriate under sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and in the best interests of the Debtors' estates, their creditors, shareholders, and all other parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 3, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/ Stephen Karotkin
 Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119