WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**DECLARATION OF STEVEN FRANK IN SUPPORT OF DEBTORS' OMNIBUS MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 FOR AN ORDER (I) APPROVING DE MINIMIS SETTLEMENTS WITH CONSUMERS TO RESOLVE CPUC PROCEEDINGS AND (II) GRANTING RELATED RELIEF**<br><br>Date: June 24, 2020<br>Time: 10:00 am (Pacific Time)<br>Place: (Telephonic or Video Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

I, Steven Frank, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

I am Managing Counsel, Regulatory, in the law department of Pacific Gas and Electric Company (the "**Utility**"). The Utility is a wholly-owned subsidiary of PG&E Corporation ("**PG&E Corp.**" and, together with the Utility, the "**Debtors**"). In 1998, I joined the Utility's law department and have held various roles with increased responsibilities. Prior to joining the Utility, I was an attorney with Pillsbury, Madison & Sutro LLP, practicing in San Francisco. I graduated from the Columbia University School of Law with a Juris Doctorate in 1989 and Stanford University with Bachelor of Science degrees in 1986.

I am authorized to submit this Declaration (the "**Declaration**") on behalf of the Debtors in support of the *Debtors' Omnibus Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 9019 for an Order (I) Approving De Minimis Settlements with Consumers to Resolve CPUC Proceedings and (II) Granting Related Relief* (the "**Motion**"), filed contemporaneously herewith.[1] The facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or information provided to me by other members of my team working under my supervision and direction. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

As set forth in the Motion, the De Minimis Claims Settlement Procedures Order previously approved by the Court granted the Debtors authority to, among other things, settle claims and causes of action of less than $1,000,000 with no further notice to third parties or action by the Court; however, those procedures specifically excluded claims arising out of California Public Utilities Commission (the "**CPUC**") proceedings thus necessitating the relief sought in the Motion.

As a regulated utility, individual ratepayers and other consumers have the opportunity to file with the CPUC complaints against the Utility arising out of or relating to billing, service, and other matters. Over the past several months, the Utility has reached various settlements with parties to resolve

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

certain claims and causes of actions arising out of, or relating to, proceedings pending before the CPUC, which has resulted in four (4) De Minimis CPUC Settlement Agreements.

The provisions of the De Minimis CPUC Settlement Agreements are summarized in **Exhibit A** attached to the Motion.[2] The De Minimis CPUC Settlements resolve various disputes with certain of the Utility's customers (the "**Claimants**") and will result in certain de minimis claims being allowed as general unsecured claims in these Chapter 11 Cases and/or the Utility agreeing to take certain modest remedial actions. Specifically, pursuant to the De Minimis CPUC Settlements (i) the Utility has agreed to allow approximately $18,000.00, in total aggregate amount, of general unsecured claims to be paid under, and in accordance with, the Plan, (ii) the Utility has agreed to perform a limited scope of work at a mobile home park to be completed by December 2020, and (iii) the Utility has agreed to bear certain costs associated with the relocation of a regulator adjacent to a Claimant's property, which is expected to be completed by August 2020.[3] Pursuant to the De Minimis CPUC Settlements, any amounts to be paid out to the Claimants on account of prepetition claims will be treated as allowed general unsecured claims pursuant to the Plan. Each of the De Minimis CPUC Settlement Agreements also provides for a mutual release of claims by the parties thereto.

The De Minimis CPUC Settlement Agreements fully resolve the disputed claims and causes of action between the Utility and the parties thereto, and provide certainty that would not otherwise be available if the related proceedings were to continue. The De Minimis Settlement Agreements are the product of months of extensive good faith, arms'-length negotiations between the Utility and the Claimants. Either myself or an attorney under my supervision actively participated in the negotiations with the Claimants and have determined it would be more cost-efficient to resolve these complaints consensually than to engage in further discussions or mediations. In addition, the terms of the various De Minimis CPUC Settlement Agreements provide for the payment by the Debtors of

---

[2] As stated in the Motion, certain of the De Minimis CPUC Settlement Agreements contain confidentiality provisions. Accordingly, upon request, the Debtors will make the De Minimis CPUC Settlement Agreements available to the Committees and the U.S. Trustee on a professional's eyes only basis.

[3] The Utility currently estimates the total cost of performing the work at the mobile home park and relocating the regulator in connection with the above-referenced De Minimis CPUC Settlement Agreements to be less than $500,000.

relatively de minimis amounts in the context of these Chapter 11 Cases.

I believe that entry into the De Minimis CPUC Settlement Agreements represent a sound exercise of the Utility's business judgment. The De Minimis CPUC Settlement Agreements fully resolve certain *de minimis* claims and causes of action arising out of or relating to various proceedings pending before the CPUC for relatively de minimis amounts, eliminate the costs and uncertainties associated with further litigation on the part of the Claimants, and avoid the risks of continued proceedings before the CPUC. For the above reasons, I believe that the De Minimis CPUC Settlement Agreements are fair and reasonable and in the best interests of the Utility, its estate, creditors, and other stakeholders should be approved.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 3, 2020
Orinda, California

/s/ *Steven Frank*
Steven Frank