1  CHRISTOPHER W. WOOD, SBN 193955
   LARRY Q. PHAN, SBN 284561
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone:    (916) 379-3500
4  Facsimile:    (916) 379-3599

5  ESTELA O. PINO, SBN 112975
   **PINO & ASSOCIATES**
6  1520 Eureka Rd., Suite 101,
   Roseville, CA 95661
7  Telephone: (916) 641-2288
   Facsimile:  (916) 244-0989
8
   Attorneys for the Creditor, Ravin Skondin.
9

10              THE UNITED STATES BANKRUPTCY COURT
            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                    SAN FRANCISCO DIVISION

12
   **In re:**                              )  Case Nos.  19-30088 (DM)
13                                          )
   **PG&E CORPORATION,**                    )  Chapter 11
14                                          )
                                            )  **DECLARATION OF CHRISTOPHER W.**
15       -and-                              )  **WOOD IN SUPPORT OF THE MOTION**
                                            )  **FOR RELIEF FROM AUTOMATIC STAY**
16  **In re:**                              )  **TO PERMIT THE COURTS OF THE**
                                            )  **STATE OF CALIFORNIA TO CONDUCT A**
17  **PACIFIC   GAS   AND   ELECTRIC** )    **JURY TRIAL AND RELATED PRETRIAL**
    **COMPANY**,                            )  **AND  POST  TRIAL  MATTERS  IN**
18                                          )  **CONNECTION WITH CREDITOR, RAVIN**
           Debtors.                         )  **SKONDIN'S COMPLAINT FOR DAMAGES,**
19                                          )  **OR IN ALTERNATIVE, FOR ABSTENTION**
                                            )
     ☐  Affects PG&E Corporation           )
20   ☐  Affects  Pacific  Gas  and  Electric )  DATE:      June 24, 2020
        Company                             )  TIME:      10:00 a.m.
21   ☒  Affects both Debtors                )  PLACE:     Courtroom 17
                                            )             450 Golden Gate Avenue,
22                                          )             16th Fl.
   * *All papers shall be filed in the lead case, No.* )  San Francisco, California
23   *19-30088(DM)*                         )  JUDGE:     Hon. Dennis Montali
                                            )
24                                          )
                                            )  OBJECTION DEADLINE: **June 19, 2020 (4:00**
25  _____ )  **P.M. Prevailing Pacific Time)**

26

27

28

1    I, Christopher W. Wood, do hereby respectfully declare as follows in support of the Motion

2    for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury

3    Trial and Related Pretrial and Post Trial Matters in Connection with Creditor, Ravin Skondin's

4    Complaint for Damages, or in Alternative, for Abstention (the "Motion").

5        1.    I have personal knowledge of the matters set forth herein and if called upon to testify,

6    I could do so truthfully and competently.

7        2.    I am admitted to practice law before all courts of the State of California. I am also

8    admitted to practice law in the United States District Court for the Northern District of California.

9

10       3.    I am a partner at Dreyer Babich Buccola Wood Campora, LLP, which maintains its

11   offices at 20 Bicentennial Circle Sacramento, CA 95826. My practice is, and has always been,

12   focused on the representation of plaintiffs in personal injury and mass tort matters.

13       4.    My firm, Steven M. Campora, and I represent Ms. Skondin in connection with

14   litigation pending in the Superior Court of the State of California, in and for the County of San

15   Francisco (the "Superior Court") arising from an explosion and a fire which occurred on January 12,

16   2017 (collectively the "Explosion"), at real property located on 2209 South George Washington

17   Boulevard, Yuba City, California (the "Property"). A photograph of the aftermath of the Explosion

18   is attached hereto and incorporated by reference herein as **Exhibit 1**.

19       5.    On October 25, 2018, my firm and I filed a Complaint for Damages (the

20   "Complaint"), on behalf of Ms. Skondin, which includes causes of action for: negligence, premises

21   liability, public nuisance, inverse condemnation, trespass, and private nuisance claims, against

22   PG&E Corporation and Pacific Gas & Electric Company (collectively the "Debtors"), arising from

23   the Explosion, initiating a civil action in the Superior Court, which was assigned Case No. CGC-18-

24   570858 (the "State Court Action"). The Complaint alleges that the Explosion was caused due to the

25   Debtors' endemic failure to maintain certain gas distribution lines and resulted in catastrophic

26   injuries to Ms. Skondin and loss of property. A true and correct copy of the Complaint is attached

27

28

hereto and incorporated by reference herein as **Exhibit 2**. Ms. Skondin has at all times requested a jury trial.

6.      The Honorable Garrett L. Wong ("Judge Wong") is presiding over the State Court Action.

7.      As a result of the Explosion, Ms. Skondin sustained catastrophic personal injuries, including: rib fractures; complications due to smoke inhalation; thoracic back pain; cervical radiculitis; thoracic radiculitis; bilateral low back pain with sciatica; lumbar radiculitis; numbness; and myalgia. Ms. Skondin also sustained injuries to her: brain, right shoulder, right knee, and right hip. She has as a result required extensive medical attention and treatment, which is expected to extend into her long term future.

8.      My firm and I believe that as a result of the Explosion, Ms. Skondin suffered or will suffer substantial damages, including: pain and suffering, emotional distress, medical expenses, future medical expenses, loss of earning capacity, and loss of future earning. To date, however, Ms. Skondin has not received compensation for any of the damages that she suffered due to the Explosion.

9.      The Complaint was duly served on the Debtors on November 15, 2018.

10.     The Debtors have been ably represented in the State Court Action by Farella Braun + Martel LLP (the "Defense Counsel"). On December 17, 2018, the Debtors, by and through their Defense Counsel, filed an Answer to Complaint (the "Answer"). A true and correct copy of the Answer is attached hereto and incorporated by reference herein as **Exhibit 3**.

11.     On January 29, 2019, the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code. Thereafter on February 1, 2019, the Debtors filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (the "Notice of Bankruptcy Filing") in the State Court Action. Since that time the State Court Action has been stayed against the Debtors pursuant to the automatic stay. A true and correct copy of the Notice of Bankruptcy Filing filed with the Superior Court is attached hereto and incorporated by reference herein as **Exhibit 4**.

1        12.     On January 9, 2019, before the automatic stay went into effect, my firm, on behalf of

2  Ms. Skondin, served discovery, including: Request for Admissions, Set One; Special Interrogatories,

3  Set One; Form Interrogatories, Set One; and Request for Production of Documents, Set one, on each

4  of the Debtors. Accordingly, the Debtors have had the discovery requests for more than one (1) year,

5  but have not responded due to the automatic stay.

6        13.     Originally, the Case Management Conference was scheduled for March 27, 2019.

7  Pursuant to a Case Management Order issued on March 8, 2019, the Superior Court rescheduled the

8  Case Management Conference for March 25, 2020, due to the automatic stay.

9

10        14.     On March 10, 2020, the Debtors and Ms. Skondin filed their respective Case

11  Management Statements with the Superior Court. A true and correct copy of the Case Management

12  Statement filed by the Debtors is attached hereto and incorporated by reference herein as **Exhibit 5**.

13  A true and correct copy of the Case Management Statement filed by Ms. Skondin is attached hereto

14  and incorporated by reference herein as **Exhibit 6**.

15        15.     Within the Case Management Statement filed by the Debtors with the Superior Court,

16  the Debtors indicate that the length of trial in the State Court Action will be approximately seven (7)

17  to twelve (12) days. Within the Case Management Statement, my firm filed on behalf of Ms.

18  Skondin, we indicated that the length of the trial in the State Court Action will be approximately

19  seven (7) to ten (10) days. Thus, The Debtors and Ms. Skondin agree on the approximate length of

20  the trial.

21        16.     Pursuant to a Case Management Order issued in the State Court Action on March 9,

22  2020, the Case Management Conference has been rescheduled to September 30, 2020. A true and

23  correct copy of the Case Management Order issued by the Superior Court on March 9, 2020, is

24  attached hereto and incorporated by reference herein as **Exhibit 7**.

25

26        17.     The claims and defenses involved in the State Court Action are based on the laws of

27  the State of California and the State Court Action has been pending before the Superior Court since

28  October 25, 2018.

1    18.    Ms. Skondin's claims against the Debtors have not been liquidated and Ms. Skondin's
2    claims need to be liquidated before she can be paid.

3    19.    I believe that the goals of judicial economy will be advanced if Ms. Skondin's claims
4    against the Debtors are determined and adjudicated by the Superior Court, which regularly hears and
5    determines personal injury actions and conducts jury trials.
6
7    20.    The third year anniversary of the Explosion was on January 12, 2020. I anticipate that
8    if the Motion is granted, a trial date will be set at the Case Management Conference for sometime in
9    2021, which will provide the parties plenty of time to complete discovery and prepare for the trial.

10    21.    Granting relief from the automatic stay, will allow Ms. Skondin to proceed against the
11    Debtors, in order to establish the liability of the Debtors, obtain judgment(s) against the Debtors, and
12    collect any judgment(s) obtained against the Debtors and/or their insurers as applicable.

13    22.    Ms. Skondin should be allowed immediate access to justice to adjudicate and
14    liquidate her claims against the Debtors by the Superior Court that can fully adjudicate her claims
15    against the Debtors and conduct a jury trial.
16
17    I declare under penalty of perjury under the laws of the United States of America that the
18    foregoing is true and correct.

19    Executed this _3rd_ day of June, 2020, at Sacramento, Sacramento County, California.
20
21                                                    Christopher W. Wood
22
23
24
25
26
27
28



**Exhibit 1**
**Page 1 of 9**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 2 5 2018

CLERK OF THE COURT
BY: BOWMAN LIU
Deputy Clerk

1  STEVEN M. CAMPORA, ESQ. / SBN: 110909
   CHRISTOPHER W. WOOD, ESQ. SBN: 193955
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone: (916) 379-3500
4  Facsimile: (916) 379-3599

5  Attorneys for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11                                          Case No.:   CG-18-570858

12  RAVIN SKONDIN,                          **COMPLAINT FOR DAMAGES**

13        Plaintiff,

14        v.

15  PG&E CORPORATION;
    PACIFIC GAS & ELECTRIC COMPANY;
16  and DOES'1 through 100,

17        Defendants.

18

19

20        Plaintiff, RAVIN SKONDIN, alleges against Defendants, PG&E CORPORATIONS,

21  PACIFIC GAS & ELECTRIC COMPANY, and DOES 1 to 100, and each of them, as follows:

22        <u>GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION</u>

23                    A.    <u>PARTIES</u>

24        1. Plaintiff is now and at all times relevant herein was a resident of the State of California,

25  County of Sutter, and/or owned or occupied property in the State of California, County of Sutter.

26  All of Plaintiff's injuries and damages alleged herein, specifically including, but not limited to personal

27  injury, damage to real property and/or damage to personal property occurred in Sutter County,

28  State of California.

-1-

COMPLAINT FOR DAMAGES

BY FAX
ONE LEGAL LLC

1    2.    At all times herein mentioned Defendants **PG&E CORPORATION** and
2 **PACIFIC GAS & ELECTRIC COMPANY** (hereinafter collectively **"PG&E"**), were corporations
3 authorized to do business and doing business, in the State of California, with their principal place of
4 business in the County of San Francisco, State of California. Defendant, **PG&E CORPORATION**, is
5 an energy-based holding company headquartered in San Francisco. It is the parent company of
6 Defendant, **PACIFIC GAS AND ELECTRIC COMPANY. PG&E CORPORATION** subsidiaries provide
7 customers with public utility services and services relating to the generation of energy and
8 electricity, transmission of electricity and natural gas, and the distribution of energy.    Witnesses,
9 documents and information relevant to the issues in this case is housed in San Francisco County.

10                                    **B.    THE SUBJECT INCIDENT**

11    3.    The explosion and fire complained of herein occurred on January 12, 2017 at
12 2209 South George Washington Boulevard, Yuba City, California.

13                                    **C.    DOE DEFENDANTS**

14    4.    Except as described herein, Plaintiff is ignorant of the true names and/or capacities
15 of the Defendants sued as Does 1 through 100, inclusive, and therefore, Plaintiff sues these
16 Defendants by such fictitious names. Following further investigation and discovery, Plaintiff will seek
17 leave of this Court to amend this Complaint to allege their true names and capacities when
18 ascertained.  These fictitiously named Defendants are responsible in some manner for the acts,
19 occurrences and events alleged herein. These Defendants aided and abetted and/or conspired with
20 the named Defendants in the wrongful acts and course of conduct or otherwise negligently caused
21 the damages and injuries claimed herein and are responsible in some manner for the acts,
22 occurrences and events alleged in this Complaint.

23                                    **D.    AGENCY & JOINT VENTURE**

24    5.    Plaintiff is informed and believes that the Defendants herein, and each of them, were
25 agents, employees and/or joint venturers of one another, acting and/or failing to act as alleged
26 herein, the Defendants, and each of them, were acting in the course and scope of said agency, joint
27 venture and/or employment relationship.

28 ///

_____

**COMPLAINT FOR DAMAGES**                            -2-

Exhibit 2
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:19    Page 8 of
Page 2 of 26
57

| | |
|---|---|
| 1 | **E.   FACTUAL BACKGROUND** |
| 2 | **1.   Plaintiff** |
| 3 | 6.      On or about January 12, 2017, Plaintiff owned and/or occupied real property located |
| 4 | in Sutter County, California. |
| 5 | **2.   Defendant PG&E** |
| 6 | 7.      At all times herein mentioned, Defendants, **PG&E** and **DOES 1 THROUGH 50**, |
| 7 | (hereinafter collectively "**PG&E DEFENDANTS**"), and each of them, were suppliers of gas and |
| 8 | electricity to members of the public in Sutter County.   As part of supplying natural gas to members |
| 9 | of the public, **PG&E DEFENDANTS**, installed, constructed, built and operated gas transmission and |
| 10 | distribution lines, specifically including the distribution line which is the subject of this action.   The |
| 11 | purpose of installing the lines was to provide natural gas to member of the general public.   A |
| 12 | distribution line existed near the home located at 2209 S. George Washington Boulevard, Yuba City, |
| 13 | California and was the cause of the subject incident.   At all times, the defendants and each of them |
| 14 | were required to "furnish and maintain such adequate, efficient, just, and reasonable service, |
| 15 | instrumentalities, equipment, and facilities, . . . as are necessary to promote the safety, health, |
| 16 | comfort, and convenience of its patrons, employees, and the public." (PUC Section 451.) |
| 17 | 8.      Prior to January 12, 2017, **PG&E DEFENDANTS**, and each of them, had a duty to |
| 18 | properly install, maintain and repair the gas transmission and distribution lines and to monitor the |
| 19 | lines for leaks.   In the construction, repair, maintenance and operation of their gas lines, **PG&E** |
| 20 | **DEFENDANTS**, and each of them, had an obligation to comply with statutes, regulations and |
| 21 | standards, specifically including, but not limited to 49 CFR Part 192. In addition, **PG&E** |
| 22 | **DEFENDANTS**, and each of them, were specifically aware that such standards and regulations were |
| 23 | minimum standards and that **PG&E DEFENDANTS**, and each of them, had a duty to make their |
| 24 | lines safe under all the exigencies created by the surrounding circumstances and conditions and that |
| 25 | a failure to do so constituted negligence and would expose members of the general public to a |
| 26 | serious risk of injury or death. **PG&E DEFENDANTS** and Does, and each of them, were, at all times |
| 27 | mentioned herein, specifically aware Aldyl-A plastic pipe, manufactured by DuPont, posed a specific |
| 28 | and known risk of failure. **PG&E DEFENDANTS** have known this for more than 30 years and have |

-3-

**COMPLAINT FOR DAMAGES**

Exhibit 2

1  failed and refused to replace said pipe timely, despite knowing that it poses a risk of injury and/or
2  death to the public.    Plaintiff is informed and believes that the pipe involved in this incident is
3  Aldyl-A pipe, manufactured by Dupont. Plaintiff is informed and believes that subject gas line was
4  installed in 1974, but the date of manufacture of the pipe is not yet known to Plaintiff.
5  However, Plaintiff is informed and believes that **PG&E DEFENDANTS** had actual knowledge that
6  Aldyl-A pipe manufactured before 1974 poses a significant risk of injury to the public.  Further,
7  **PG&E DEFENDANTS** were aware that the same gas line had suffered a prior leak in early 2015 as
8  a result of a crack in the body of the pipe, the type of defect known to exist in Aldyl-A pipe.  Despite
9  such knowledge, **PG&E Defendants** failed to mitigate the risk to this Plaintiff and others, by failing
10 to ensure that the subject distribution line was not leaking and was properly assembled, inspected,
11 repaired, maintained or replaced.

12        9.    **PG&E DEFENDANTS** failed to take reasonable measures to protect Plaintiff and
13 others, from the known dangers of the distribution line, despite knowing that if the line leaked and
14 gas migrated underground through soil, sand and gravel, the odor added to natural gas, as a
15 warning, would be scrubbed from the natural gas and it would enter the homes of Plaintiff and
16 others odorless or nearly so and Plaintiff and/or others in their homes would have no warning that
17 gas was leaking.  **PG&E DEFENDANTS** knew of this problem and knew that leaking natural gas
18 posed a serious risk of injury to the public.  **PG&E DEFENDANTS** were actually aware of the danger
19 posed to the public by leaking natural gas because in 2008, in Rancho Cordova, California gas from
20 a PG&E distribution line leaked into a home, exploded and caused the death of Wilbert Panna.
21 Further, in 2010, in San Bruno, California, gas from a PG&E Transmission line, leaked was ignited,
22 exploded and caused the deaths of eight people.   Despite actual knowledge of the danger posed to
23 the public, **PG&E DEFENDANTS** failed to take reasonable steps to properly construct, maintain,
24 repair, replace and/or inspect the subject line. Further, Plaintiff is informed and believes that despite
25 knowledge of the dangers posed by natural gas, **PG&E DEFENDANTS** failed to properly train its
26 agents, contractors, and/or employees in the proper method of installing, inspecting, repairing,
27 maintaining, and/or replace such lines.  Further, **PG&E DEFENDANTS** failed to properly monitor
28 the subject line for leaks.

**COMPLAINT FOR DAMAGES**

-4-

1      **3.   Common Allegations Applicable to All Defendants**

2           10.    Defendants and each of them, were negligent in that they failed to properly construct,

3      install, maintain, repair, inspect, monitor, repair, and/or replace their distribution gas lines and

4      negligently failed to properly warn the public of this failure so as to secure safety to the public in

5      general, specifically this Plaintiff.  As a direct, proximate and legal result of the negligence of the

6      Defendants, and each of them, Plaintiff suffered the injuries and damages alleged herein.

7           11.    On or about January 12, 2017, as a direct and proximate result of the negligence of

8      the Defendants, and each of them, gas from the subject line leaked into the Plaintiff's residence,

9      was ignited and exploded.   The explosion and resulting fire caused the injury and damages

10     complaint of herein.

11                          **FIRST CAUSE OF ACTION**

12                               **Negligence**

13     **(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**

14                          **each of them.)**

15          12.    The explosion and fire alleged herein was a direct, proximate, and legal result of the

16     negligence of **PG&E DEFENDANTS** and **DOES 1 to 100,** (hereinafter collectively **"DEFENDANTS"**)

17     and each of them. **DEFENDANTS,** and each of them, breached their duties owed to Plaintiff in that

18     said **DEFENDANTS** (1) failed to comply with the applicable statutes, regulations and standards, (2)

19     failed to timely and properly maintain and inspect the subject line, (3) failed to properly construct,

20     install and repair, the subject line, and (4) and failed to make the distribution lines reasonably safe

21     under all the exigencies created by the surrounding circumstances and conditions.   As a direct,

22     proximate and legal result of said negligence, this Plaintiff suffered damages as alleged herein.

23     **DEFENDANTS,** and each of them, negligently installed, constructed, maintained, operated,

24     inspected, and/or repaired the line and as a direct, proximate and legal result the line caused a fire

25     and Plaintiff's damages.

26          13.    As a direct, proximate, and legal result of the negligence of the **DEFENDANTS,** and

27     each of them, Plaintiff has suffered physical and emotional injuries, damages to real property,

28     specifically including the loss of a residence, vegetation, trees, and structures, as well as a loss of

-5-

**COMPLAINT FOR DAMAGES**

1 use of such property. As a direct, proximate, and legal result of the negligence of the
2 **DEFENDANTS**, and each of them, Plaintiff has suffered a loss of personal property, including but
3 not limited to items of peculiar value to Plaintiff. As a direct, proximate, and legal result of the
4 negligence of the **DEFENDANTS**, and each of them, Plaintiff has incurred and will continue to incur
5 expenses and other economic damages related to the damage to their property, specifically including
6 costs relating to storage, clean-up, disposal, repair of their property and other related consequential
7 damages. Plaintiff's damages exceed the minimum jurisdiction for an unlimited civil matter, the
8 exact amount according to proof.

9     14.    The negligence of the **DEFENDANTS**, and each of them, was a direct and substantial
10 factor in causing personal injuries to Plaintiff.

11     15.    As a result of the negligence of **DEFENDANTS**, and each of them, Plaintiff has
12 suffered personal / bodily injuries, resulting in economic and non-economic damages. Economic
13 damages include, but are not limited to, (1) past and future medical and/or ancillary related
14 expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide
15 household services, and (4) incidental and consequential damages and/or property damage (real
16 and/or personal) and loss of use. Non-economic damages include, but are not limited to (1) past
17 and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4)
18 inconvenience, (5) anxiety, and (6) emotional distress.

19     17.    At all times herein mentioned, **PG&E DEFENDANTS**, and each of them, failed to
20 properly inspect and maintain the subject gas line which they knew, given the date of its installation
21 and the type of pipe used, posed a risk of serious injury, damage or death to others, including
22 Plaintiff herein. **PG&E DEFENDANTS**, and each of them, were aware that if the subject gas line
23 leaked, an explosion and fire were likely to result. **PG&E DEFENDANTS**, and each of them, also
24 knew that given the flammability of natural gas, any ignition, within a confined space, was likely to
25 result in an explosion capable of killing people, including Plaintiff. Over the past approximately 10
26 years, **PG&E DEFENDANTS**, and each of them, have been subject to numerous fines and penalties
27 as a result of their failure to abide by safety rules and regulations. In 2015, the President of the
28 CPUC specifically stated:

-6-

**COMPLAINT FOR DAMAGES**

**Exhibit 2**

1      • Recently, the Commission opened an investigation into PG&E's gas distribution record
2      keeping practices. The Commission may impose penalties for record-keeping violations
3      related to the following events:

4      •      Carmel residential gas explosion March 3, 2014 ($10.8 million fine).   When the
5      Commission issued a citation and $10.85 million fine for safety violations last November,
6      it noted that the ticket failed to note Aldyl-A liner in pipe.

7      •      Castro Valley dig-in September 17, 2010.   Storm drain dig in with valid ticket
8      released gas. Mapping error.

9      •       Morgan Hill dig-in on June 21, 2012.   Water line replacement with valid ticket.
10     PG&E failed to mark gas pipeline.

11     •      Milpitas failure during gas pipe replacement on October 10, 2012. Bad engineering
12     on pipeline pressure and work crew failed to monitor pressure valves.

13     •      Milpitas dig-in on March 4, 2013.   3rd party dig-in to replace storm drain.
14     Mapping error.

15     •      Mountain View pipeline tap on July 30, 2013.   Ticket failed to note plastic insert.

16     Those incidents, "All appear to share similarities to the Rancho Cordova incident in 2008."
17     Plaintiffs are informed and believe that this incident is also very similar to the Rancho Cordova
18     incident of 2008.   From 2006 through 2013, **PG&E DEFENDANTS** were cited and fined at a rate
19     more than three times higher than other regulated utilities. Despite these penalties and fines **PG&E**
20     **DEFENDANTS,** and each of them, have failed and refused to modify their behavior and they have
21     continued to conduct their business with a conscious disregard for the safety of the public, including
22     these Plaintiffs.   As a result of the continued actions by the **PG&E DEFENDANTS,** in conscious
23     disregard for the safety of others, the California Public Utilities Commission has ordered an
24     investigation into the culture of safety at PG&E. The California Public Utilities Commission President,
25     recognizing that **PG&E DEFENDANTS** have failed and refused to modify their conduct, despite
26     penalties and fines, has recommended an investigation of PG&E's actions and operations.   In July
27     of 2015, the President of the CPUC, specifically stated:
28     ///

**COMPLAINT FOR DAMAGES**

-7-

1

2

3

**Despite major public attention, ongoing CPUC investigations (OIIs) and rulemakings (OIRs) into PG&E's actions and operations, including the investigations we voted on today, federal grand jury, and California Department of Justice investigation, continued safety lapses at PG&E continue to occur.**

4    As a direct, proximate, and legal result of the **PG&E DEFENDANTS'** failure and refusal to

5   abide by safety rules and regulations, they have incurred almost two billion dollars in fines, yet they

6   continue to consciously disregard the safety of the public, including this Plaintiff.

7   **PG&E DEFENDANTS,** and each of them, admit to having been responsible for the deaths of at least

8   nine (9) people and burns and injuries suffered by at least 40 other people, since December of 2008.

9   They have also admitted to putting profits over safety and to having knowingly violated safety

10  regulations.  The injuries and damages suffered by this Plaintiff are a direct and proximate result of

11  the ongoing custom and practice of the **PG&E DEFENDANTS,** and each of them, of consciously

12  disregarding and not following statutes, regulations, standards and rules regarding their business

13  operations.    Despite having caused death and injury to numerous people, these **DEFENDANTS**

14  have continued to act in conscious disregard for the safety of others and have ratified the conduct

15  of their employees, in that no employee has been disciplined or discharged (a) as a result of failing

16  and/or refusing to comply with the regulations and/or (b) as a result of the deaths of members of

17  the public.    **PG&E DEFENDANTS,** and each of them, in order to cut costs, failed to properly

18  inspect, repair, replace and/or maintain the subject line, with full knowledge that such failure was

19  likely to result in an explosion and fire that would burn and/or kill people, damage property, and/or

20  cause harm to the general public, including this Plaintiff.  The actions of the **PG&E DEFENDANTS,**

21  and each of them, did in fact result in damages to this Plaintiff.  The **PG&E DEFENDANTS,** and

22  each of them, failed to make the proper inspections, failed to properly maintain the lines, failed to

23  properly repair and/or replace the subject line, failed to properly monitor the subject line, and failed

24  to safely operate their lines, in order to save money, while at the same time spending millions of

25  dollars on television advertisements falsely and fraudulently representing to the public that they

26  were acting in a safe manner.  The conduct of the **PG&E DEFENDANTS,** and each of them,

27  evidenced a conscious disregard for the safety of others, including Plaintiff.  The conduct of the

28  **PG&E DEFENDANTS,** and each of them, was despicable and constitutes malice as defined by Civil

**COMPLAINT FOR DAMAGES**

-8-

1 | Code Section 3294. Plaintiff is entitled to an award of punitive damages sufficient to punish and
2 | make an example of the **PG&E DEFENDANTS**, and each of them.

3 | **SECOND CAUSE OF ACTION**

4 | **Premises Liability**

5 | **(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**
6 | **each of them.)**

7 | 16.    Plaintiff re-alleges the First Cause of Action as if set forth here at length.

8 | 17.    **PG&E DEFENDANTS**, and each of them, were the owners of an easement and/or
9 | right of way upon real property near 2209 S. George Washington Boulevard, Yuba City, California.

10 | 18.    The **PG&E DEFENDANTS**, and each of them, failed to properly inspect the real
11 | property and easement and allowed an unreasonably dangerous condition to exist on said property
12 | by, specifically including, but not limited to, failing to properly inspect, maintain, install, replace
13 | and/or repair their gas lines and failing to properly monitor the lines for leaks and/or failures.

14 | 21.    As a direct, proximate and legal result of the negligence of the **PG&E DEFENDANTS**,
15 | and each of them, Plaintiff, suffered injuries as alleged herein.  Plaintiff's damages exceed the
16 | minimum jurisdiction for an unlimited civil matter, the exact amount according to proof.

17 | **THIRD CAUSE OF ACTION**

18 | **Public Nuisance**

19 | **(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**
20 | **each of them.)**

21 | 19.    Plaintiff re-alleges the First and Second Causes of Action as if set forth here at length.

22 | 20.    Plaintiff owns and/or occupies the property at 2209 S. George Washington Boulevard,
23 | Yuba City, California, which is the subject of this action.   Plaintiff has a right to own, enjoy and/or
24 | use of their property without interference by the **DEFENDANTS**, and each of them.

25 | 21.    **DEFENDANTS**, and each of them, owed a duty to the public, including this Plaintiff,
26 | to conduct their business, in particular the maintenance of the gas distribution lines, specifically
27 | including the line near 2209 S. George Washington Blvd, Yuba City, California, in a manner that did
28 | not damage the public welfare and safety.

-9-

**COMPLAINT FOR DAMAGES**

22. **DEFENDANTS**, and each of them, by acting or failing to act, as alleged herein, created a condition which was harmful to the health of the public, including this Plaintiff and which interfered with the comfortable enjoyment of Plaintiff's property. Plaintiff did not consent, expressly or impliedly to the conduct of the DEFENDANTS and each of them.

23. The dangerous condition which was created by and/or allowed to exist by the **DEFENDANTS**, and each of them, affected a substantial number of people within the general public, including this Plaintiff. As a direct, proximate, and legal result of the conduct of **DEFENDANTS**, and each of them, Plaintiff suffered a type of harm that is different from the type of harm suffered by the general public. Specifically, Plaintiff has suffered injury and lost the use and enjoyment of land, including, but not limited to, a legitimate and rational fear that the area is still dangerous, a diminution in the fair market value of property, an impairment of the salability of property, and an exposure to an array of toxic substances on the land.

24. As a further direct, proximate, and legal result of the conduct of the **DEFENDANTS**, and each of them, Plaintiff has suffered, and will continue to suffer, discomfort, anxiety, fear, worries, and stress attendant to the interference with Plaintiff's use and enjoyment of their residence, and/or property, as alleged herein.

25. A reasonable ordinary person would be reasonably annoyed or disturbed by the condition created by the **DEFENDANTS**, and each of them, and the resulting explosion and fire.

26. The conduct of the DEFENDANTS, and each of them, is unreasonable and the seriousness of the harm to the public, including this Plaintiff, outweighs the social utility of the **DEFENDANTS**' conduct.

27. The conduct of **DEFENDANTS**, and each of them, resulting in the subject explosion and fire is not an isolated incident, but is ongoing and repeated conduct, and the **DEFENDANTS**' conduct and failures have resulted in other fires and damage to the public.

28. The unreasonable conduct of **DEFENDANTS**, and each of them, is a direct, proximate and legal cause of the damage to the public, including Plaintiff.

29. **DEFENDANTS**, and each of them, have failed and refused to conduct proper inspections and to properly install, construct, repair, replace, maintain, and/or monitor their lines

**COMPLAINT FOR DAMAGES**

1   safe for operation, and the failure to do so exposes every member of the public, residing in in PG&E
2   service areas, to a danger of personal injury, death and/or a loss of property.

3       30.     The aforementioned conduct of **DEFENDANTS**, and each of them, constitutes a
4   nuisance within the meaning of section 3479 of the Civil Code in that it is injurious and/or offensive
5   to the senses of the Plaintiff, unreasonably interferes with their comfortable enjoyment of their
6   properties and/or unlawfully obstructs the free use, in the customary manner, of Plaintiff's
7   properties, including, but not limited to, all residential uses.

8       31.     Plaintiff seeks damages as set forth herein and seek a permanent injunction ordering
9   that the **DEFENDANTS** and each of them, stop continued violation of Public Utilities Code, Section
10  451 and 49 CFR Part 192.   Plaintiff's damages exceed the minimum jurisdiction for an unlimited
11  civil matter, the exact amount will be according to proof.

12                          **FOURTH CAUSE OF ACTION**

13                          **Inverse Condemnation**

14      **(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**

15                              **each of them.)**

16      32.     Plaintiff incorporates and re-allege each of the paragraphs in their First, Second and
17  Third Causes of Action as if fully set forth herein at length.

18      33.     On January 12, 2017, Plaintiff was the owner of real property and/or personal
19  property located at 2209 S. George Washington Boulevard, Yuba City, California.

20      34.     Prior to and on January 12, 2017, **DEFENDANTS,** and each of them, installed, owned,
21  operated, used, controlled and/or maintained distribution gas lines, including a line in the area of
22  2209 S. George Washington Boulevard, Yuba City, California.

23      35.     On January 12, 2017, as a direct, proximate, and legal result of **DEFENDANTS'**
24  installation, ownership, operation, use, control and/or maintenance of the gas distribution lines for
25  a public use, the gas line leaked and caused an explosion and fire causing damage to property,
26  including property owned and/or occupied by this Plaintiff.  The explosion and fire damaged and/or
27  destroyed Plaintiff's real and/or personal property.

28  ///

---

**COMPLAINT FOR DAMAGES**

1        36.    The above described damage to Plaintiff's property was proximately and substantially

2 caused by the actions of **DEFENDANTS**, and each of them, in that **DEFENDANTS**' installation,

3 ownership, operation, use, control, and/or maintenance for a public use of the gas distribution lines

4 was a substantial factor in causing and was the cause of the damage suffered by Plaintiff.

5        37.    Plaintiff has not received adequate compensation for the damage to and/or

6 destruction of their property, thus constituting a taking or damaging of Plaintiff's property by the

7 **DEFENDANTS**, and each of them, without just compensation.

8        38.    As a direct, proximate, and legal result of the above-described damages to Plaintiff's

9 property including loss of use, interference with access, enjoyment and marketability, and injury to

10 personal property, Plaintiff has been damaged in an amount according to proof at trial. Plaintiff's

11 damages exceed the minimum jurisdiction for an unlimited civil matter, the exact amount according

12 to proof.

13        39.    Plaintiff has incurred and will continue to incur attorneys', appraisal, litigation and

14 engineering fees and costs because of the conduct of **DEFENDANTS**, and each of them, in amounts

15 that cannot yet be ascertained, but which are recoverable in this action under Code of Civil Procedure

16 Section 1036.

17 **FIFTH CAUSE OF ACTION**

18 **Trespass**

19 **(Plaintiff RAVIN SKONDIN against PG&E DEFENDANTS and DOES 1 through 100, and**

20 **each of them.)**

21        40.    Plaintiff incorporates and re-alleges each of the paragraphs in their First, Second,

22 Third, and Fourth Causes of Action as if fully set forth here at length.

23        41.    At all times relevant herein, Plaintiff, RAVIN SKONDIN was the owners, residents,

24 tenants, and/or lawful occupiers of property damaged by the explosion and fire at

25 2209 S. George Washington Boulevard, Yuba City, California. Plaintiff was entitled to possession

26 of the property which they owned, leased and/or occupied.

27        42.    **DEFENDANTS**, and each of them, negligently allowed the natural gas from their gas

28 distribution line to leak onto said property and into said residence. The gas was caused to ignite

---

**COMPLAINT FOR DAMAGES**

-12-

1  and exploded causing injury to Plaintiff. The allowance of **DEFENDANTS** natural gas to leak onto
2  and into Plaintiff's residence constitutes a trespass.

3      43.     Plaintiff did not grant permission for **DEFENDANTS** to cause the gas to enter the
4  property which they owned, leased and/or occupied.

5      44.     As a direct, proximate, and legal result of the trespass, Plaintiff has suffered and will
6  continue to suffer damages, including but not limited to damage to personal injuries, property,
7  discomfort, annoyance, emotional distress and injury to peaceful enjoyment of property, all in an
8  amount to be proved at the time of trial. Plaintiff's damages exceed the minimum jurisdiction for
9  an unlimited civil matter, the exact amount will be according to proof.

10     45.     The conduct of **DEFENDANTS**, and each of them, was willful and wanton, and with a
11 conscious contempt and disdain for the disastrous consequences that **DEFENDANTS** knew could
12 occur as a result of their dangerous conduct. Accordingly, **DEFENDANTS**, and each of them, acted
13 with malice towards Plaintiff, which is an appropriate predicate fact for an award of
14 exemplary/punitive damages in a sum according to proof.

15                      **SIXTH CAUSE OF ACTION**

16                          **Private Nuisance**

17     46.     Plaintiff incorporates and re-alleges each of the paragraphs in their First, Second,
18 Third, Fourth and Fifth Causes of Action as if fully set forth here at length.

19     47.     **DEFENDANTS**', and each of their, actions, conduct, omissions, negligence, trespass
20 and failure to act directly, proximately and legally resulted in a fire hazard, a foreseeable obstruction
21 to the free use of Plaintiff's property, an invasion of the right to use the Plaintiff's property, and an
22 interference with the enjoyment of Plaintiff's property causing the Plaintiff unreasonable harm and
23 substantial actual damages constituting a nuisance, pursuant to California Civil Code Section 3479.

24     48.     As a direct, proximate and legal result of the conduct of **DEFENDANTS**, and each of
25 them, Plaintiff sustained loss and damage, including but not limited to physical injury, damage to
26 property, discomfort, annoyance, emotional distress, and injury to peaceful enjoyment of property,
27 all in an amount to be proven at trial. Plaintiff's damages exceed the minimum jurisdiction for an
28 unlimited civil matter, the exact amount will be according to proof.

-13-

**COMPLAINT FOR DAMAGES**

Exhibit 2
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:13    Page 19
of 57    Page 13 Page 19

1   49.   The conduct of **DEFENDANTS**, and each of them, was willful and wanton, and with a

2   conscious contempt and disdain for the disastrous consequences that **DEFENDANTS** knew could

3   occur as a result of their dangerous conduct. Accordingly, **DEFENDANTS**, and each of them, acted

4   with malice towards Plaintiff, which is an appropriate predicate fact for an award of

5   exemplary/punitive damages in a sum according to proof.

6                                    **PRAYER FOR RELIEF**

7   WHEREFORE, Plaintiff prays for judgment against **DEFENDANTS, PG&E CORPORATION,**

8   **PACIFIC GAS & ELECTRIC COMPANY,** and DOES 1 through 100, and each of them, as follows:

9   **For Inverse Condemnation**

10   1.   Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost

11        personal and/or real property;

12   2.   Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal

13        property;

14   3.   Loss of wages, earning capacity and/or business profits or proceeds and/or any

15        related displacement expenses;

16   4.   All costs of suit, including attorneys' fees where appropriate, appraisal fees,

17        engineering fees and related costs;

18   5.   Prejudgment interest from on or about September 9, 2015, according to proof; and

19   6.   For such other and further relief as the Court shall deem proper, all according to

20        proof.

21   **For Negligence, Premises Liability, Trespass, Public and Private Nuisance,**

22   1.   Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost

23        personal and/or real property;

24   2.   Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal

25        property;

26   3.   Loss of wages, earning capacity and/or business profits or proceeds and/or any

27        related displacement expenses;

28   4.   Past and future medical expenses and incidental expenses according to proof at trial;

---

**COMPLAINT FOR DAMAGES**                                    -14-

**Exhibit 2**

| | |
|---|---|
| 1 | 5. Punitive/exemplary damages in an amount sufficient to punish and make an |
| 2 | example of the Defendants; |
| 3 | 6. General damages for fear, worry, annoyance, disturbance, inconvenience, mental |
| 4 | anguish, emotional distress, loss of quiet enjoyment of property, personal injury, and |
| 5 | for such other and further relief as the Court shall deem proper, all according to proof; |
| 6 | 7. Permanent injunction ordering Defendants to stop continued violation of Public |
| 7 | Resources Code Sections 4292 and 4293 and General Orders 95 and 165; |
| 8 | 8. All costs of suit; and |
| 9 | 9. Prejudgment interest, according to proof. |
| 10 | DATED: October 24 2018        **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP** |
| 11 | |
| 12 | By:_____ |
| 13 | STEVEN M. CAMPORA |

-15-

**COMPLAINT FOR DAMAGES**

**Exhibit 2**
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:36:19    Page 21 of 57

CALENDARED  11/11/18
DATE DUE  12/31/18  L/t done
FOR Court
CC: 10/05/23 5 yR sol
ENTERED 11/1/18

1  William P. Keane (State Bar No. 124756)
   wkeane@fbm.com
2  Karen P. Kimmey (State Bar No. 173284)
   kkimmey@fbm.com
3  Nadia C. Arid (State Bar No. 312626)
   narid@fbm.com
4  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
5  San Francisco, California 94104
   Telephone: (415) 954-4400
6  Facsimile: (415) 954-4480

7  Attorneys for Defendants Pacific Gas & Electric
   Company and PG&E Corporation

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF SAN FRANCISCO

11

12  RAVIN SKONDIN,                          Case No. CGC-18-570858

13              Plaintiff,                   **ANSWER TO COMPLAINT**

14        vs.
                                            Action Filed:        October 25, 2018
15  PG&E CORPORATION;
    PACIFIC GAS & ELECTRIC COMPANY;
16  and DOES 1 through 100,

17              Defendants.

18

19        Defendants PACIFIC GAS & ELECTRIC COMPANY and PG&E CORPORATION

20  ("PG&E") hereby respond to the Complaint filed by Plaintiff RAVIN SKONDIN, as follows:

21                            **GENERAL DENIAL**

22        Pursuant to section 431.30 of the California Code of Civil Procedure, PG&E generally

23  denies each and every allegation of Plaintiff's Complaint.  PG&E further denies that Plaintiff has

24  sustained damages in the sum or manner alleged, or in any sums at all, by reason of any act,

25  breach or omission on the part of PG&E, or that Defendants or any agent or employee thereof

26  committed any wrongful act or omission that cause Plaintiff any injury or damage whatsoever.

27  PG&E denies that Plaintiff is entitled to the relief requested or to any relief at all.  PG&E reserves

28  the right to amend/or supplement this Answer as the claims in the Complaint are made known

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400
                                                              36868\8470546.1
                        ANSWER TO COMPLAINT - Case No. CGC-18-570858          **Exhibit 3**
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:Page 1 Page 23
                               of 57

1   with specificity.

2                     **AFFIRMATIVE DEFENSES**

3       As required by law, PG&E alleges the following affirmative defenses. In addition to those

4   set forth below, PG&E reserves the right to allege additional defenses as they become known, or

5   as they evolve during the litigation, and to amend this Answer accordingly.

6                   **FIRST AFFIRMATIVE DEFENSE**

7       The Complaint, and each cause of action therein, fails to state facts sufficient to constitute

8   a cause of action against PG&E.

9                 **SECOND AFFIRMATIVE DEFENSE**

10       The injuries or losses alleged in the Complaint may have been proximately caused, in

11   whole or in part, by unforeseeable, intervening and/or superseding acts of persons or entities other

12   than PG&E.

13                 **THIRD AFFIRMATIVE DEFENSE**

14       If there was any negligence proximately causing the alleged injuries or damages sustained

15   by Plaintiff, such negligence was solely that of parties other than PG&E.

16                 **FOURTH AFFIRMATIVE DEFENSE**

17       Should Plaintiff recover damages against PG&E, PG&E is entitled to have the amount

18   abated, apportioned, or reduced to the extent that any other party or entity or individual's

19   negligence and/or fault caused or contributed to Plaintiff's alleged damages.

20                 **FIFTH AFFIRMATIVE DEFENSE**

21       Plaintiff's alleged injuries or damages sustained were proximately caused by an

22   unforeseeable, independent, intervening, and/or superseding event beyond the control and

23   unrelated to any conduct of PG&E. PG&E's actions, if any, were superseded by the negligence

24   and wrongful conduct of others.

25                 **SIXTH AFFIRMATIVE DEFENSE**

26       At all times and places mentioned in the Complaint, Plaintiff failed to mitigate the amount

27   of damages. The damages claimed by Plaintiff could have been mitigated by due diligence on the

28   part of Plaintiff or by one acting under similar circumstances.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

| | |
|---|---|
| 1 | **SEVENTH AFFIRMATIVE DEFENSE** |
| 2 | The provisions of California Civil Code section 1431.2 apply to the Complaint and each |
| 3 | cause of action attempted to be stated therein. |
| 4 | **EIGHTH AFFIRMATIVE DEFENSE** |
| 5 | In the event PG&E is held liable to Plaintiff, which liability is expressly denied, and any |
| 6 | co-defendant or other person or entity, whether or not yet specifically named in the Complaint, is |
| 7 | likewise held liable, PG&E is entitled to a percentage of contribution of the total liability from co- |
| 8 | defendants or other person or entity in accordance with principles of equitable indemnity and |
| 9 | comparative contribution. |
| 10 | **NINTH AFFIRMATIVE DEFENSE** |
| 11 | The causes of action, if any, set forth in the Complaint are barred by the applicable statute |
| 12 | of limitations, including, but not limited to, the provisions of Code of Civil Procedure sections |
| 13 | 335.1, 337.1, 338, and 343. |
| 14 | **TENTH AFFIRMATIVE DEFENSE** |
| 15 | The action is barred by the equitable doctrine of laches, waiver, and/or estoppel. |
| 16 | **ELEVENTH AFFIRMATIVE DEFENSE** |
| 17 | The injuries or losses alleged in the Complaint are subject to the requirements of the |
| 18 | principles of mitigation. |
| 19 | **TWELFTH AFFIRMATIVE DEFENSE** |
| 20 | There was no dangerous condition. |
| 21 | **THIRTEENTH AFFIRMATIVE DEFENSE** |
| 22 | PG&E did not own, maintain, or control the property on which the alleged dangerous |
| 23 | condition detailed in the Complaint existed, if such condition existed. |
| 24 | **FOURTEENTH AFFIRMATIVE DEFENSE** |
| 25 | PG&E had no notice of the alleged dangerous condition detailed in the Complaint, if such |
| 26 | condition existed. |
| 27 | **FIFTEENTH AFFIRMATIVE DEFENSE** |
| 28 | PG&E had no opportunity to correct the dangerous condition as detailed in the Complaint, |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3

ANSWER TO COMPLAINT - Case No. CGC-18-570858

36868\8470546.1

**Exhibit 3**

1 | if any such dangerous condition existed.

2 | ## SIXTEENTH AFFIRMATIVE DEFENSE

3 | PG&E alleges that, if there was any negligence proximately causing the injuries or
4 | damages complained of, such negligence, if any, is collateral negligence, as that term is used and
5 | defined in Restatement 2d Torts, section 426, and derivative authority.

6 | ## SEVENTEENTH AFFIRMATIVE DEFENSE

7 | The benefits from and the utility of the products, materials, and substances identified in the
8 | Complaint outweigh the risks of harm, if any, inherent therein.

9 | ## EIGHTEENTH AFFIRMATIVE DEFENSE

10 | The incident referred to in the Complaint was unavoidable insofar as PG&E was or is
11 | concerned, was a true accident, and occurred without any fault or want of care on the part of
12 | PG&E, or on the part of any person or persons for whose conduct PG&E were or are legally
13 | responsible.

14 | ## NINETEENTH AFFIRMATIVE DEFENSE

15 | The alleged acts or omissions of PG&E causing a nuisance or trespass on land owned or
16 | occupied by Plaintiff, if any there were, were unintentional and non-negligent and, therefore, not
17 | actionable.

18 | ## TWENTIETH AFFIRMATIVE DEFENSE

19 | PG&E's actions were performed pursuant to statutory authority and thus cannot constitute
20 | a nuisance.

21 | ## TWENY-FIRST AFFIRMATIVE DEFENSE

22 | The claims in the Complaint for punitive damages are barred, in whole or in part, because
23 | they violate state and federal constitutional rights, including but not limited to due process, equal
24 | protection, and ex post facto provisions; the Fourth, Fifth, Sixth, Eighth and Fourteenth
25 | Amendments; and the right not to be subjected to excessive awards and multiple punishments; and
26 | any claim for punitive damages is limited by state and federal law, including but not limited to the
27 | United States Supreme Court's decision in *State Farm Mutual Automobile Insurance Company v.*
28 | *Campbell* (2003) 123 S. Ct. 1513.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

36868\8470546.1

**Exhibit 3**

| | |
|---|---|
| 1 | **TWENY-SECOND AFFIRMATIVE DEFENSE** |
| 2 | The claims in the Complaint for inverse condemnation are barred, in whole or in part, |
| 3 | because they violate state and federal constitutional rights, including but not limited to due process |
| 4 | under the Fourteenth Amendment of the United States Constitution and the California Constitution |
| 5 | and the takings clause of the Fifth Amendment of the United States Constitution as incorporated |
| 6 | against the States by the Fourteenth Amendment and California Constitution Article I, section 19. |
| 7 | **TWENTY-THIRD AFFIRMATIVE DEFENSE** |
| 8 | Inasmuch as the Complaint does not describe the claims alleged by Plaintiff with sufficient |
| 9 | particularity to enable PG&E to determine all of the affirmative defenses, PG&E reserves the right |
| 10 | to amend and/or supplement the answer to assert any and all pertinent defenses ascertained |
| 11 | through further investigation and discovery. PG&E will rely on all defenses that may become |
| 12 | available during discovery or trial. |
| 13 | **PRAYER FOR RELIEF** |
| 14 | WHEREFORE, PG&E prays for judgment: |
| 15 | 1. That Plaintiff takes nothing by way of its Complaint or any claims stated therein; |
| 16 | 2. That the Court dismiss the Complaint and each cause of action contained therein |
| 17 | against PG&E with prejudice; |
| 18 | 3. That if PG&E is found liable, the degree of the responsibility and liability for the |
| 19 | resulting damages be determined and that PG&E be held liable only for that portion of the total |
| 20 | damages in proportion to its liability for the same. |
| 21 | 4. That the Court award PG&E costs of suit, disbursements, expenses and such |
| 22 | attorneys' fees incurred herein; and |
| 23 | 5. That the Court grant such other and further relief as it deems just and proper. |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1 | Dated: December 17, 2018

FARELLA BRAUN + MARTEL LLP

2

3 | By: _____ /s/ William P. Keane_____
William P. Keane

4

5 | Attorneys for Defendant Pacific Gas & Electric
Company and PG&E Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

6

36868\8470546.1

Exhibit 3

## PROOF OF SERVICE

**Ravin Skondin v. PG&E Corporation, et al.**
**CGC-18-570858**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On December 17, 2018, I served true copies of the document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

Steven M. Campora
Christopher W. Wood
Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Circle
Sacramento, CA 95826
**Attorneys for Plaintiff**

**BY ELECTRONIC SERVICE:** I electronically served the document(s) described above via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order establishing the case website and authorizing service of documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 17, 2018, at San Francisco, California.

_____
Greg George

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

36868\8530904.1

Exhibit 3
Page 7 Page 29

1  William P. Keane (State Bar No. 124756)
   wkeane@fbm.com
2  Karen P. Kimmey (State Bar No. 173284)
   kkimmey@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, California 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Attorneys for Defendants Pacific Gas & Electric
   Company and PG&E Corporation
7

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**02/01/2019**
**Clerk of the Court**
BY:R. MICHAEL DILES
**Deputy Clerk**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  RAVIN SKONDIN,                              | Case No. CGC-18-570858

12                    Plaintiff,                | **NOTICE OF BANKRUPTCY FILING
                                                 | AND IMPOSITION OF AUTOMATIC
13          vs.                                  | STAY**

14  PG&E CORPORATION;
    PACIFIC GAS & ELECTRIC COMPANY;             | Action Filed:    October 25, 2018
15  and DOES 1 through 100,

16                    Defendant.

17

18          PLEASE TAKE NOTICE that on January 29, 2019, (the "Petition Date"), PG&E

19  Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession

20  (collectively, the "Debtors"), commenced a voluntary case (the "Chapter 11 Cases") under chapter

21  11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (the "Bankruptcy Code") in the

22  United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

23  The Chapter 11 Cases are being jointly administered under Case Nos. 19-30088 and 19-30089.  A

24  true and correct copy of the Voluntary Petitions is attached hereto as Exhibit 1 and Exhibit 2.

25          PLEASE BE ADVISED that pursuant to section 362(a) of the Bankruptcy Code (the

26  "Automatic Stay"), the filing of a bankruptcy petition "operates as a stay, applicable to all

27  entities," of, among other things "the commencement or continuation, including the issuance or

28  employment of process, of a judicial, administrative, or other action or proceeding against the

Farella Braun + Martel LLP
235 Montgomery Street 17th Floor
San Francisco, California 94104
(415) 954-4400

                                                1
36838\12268656.1

**Exhibit 4**
NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY - Case No. CGC-18-570858
Page 1 of Page 30

1  debtor that was or could have been commenced before the commencement of the case under [the

2  Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of

3  the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property

4  from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3).

5  Accordingly, the above-captioned matter has been automatically stayed pursuant to section 362(a)

6  of the Bankruptcy Code.

7          PLEASE BE FURTHER ADVISED that any action taken against the Debtors without

8  obtaining, from the Bankruptcy Court, relief from the Automatic Stay is void *ab initio*.  The

9  Debtors reserve their statutory right to seek relief in the Bankruptcy Court from any action,

10  judgment, order, or ruling entered in violation of the Automatic Stay.

11

12  Dated: February 1, 2019                    FARELLA BRAUN + MARTEL LLP

13

14                                             By:    _____/s/ William P. Keane_____
                                                      William P. Keane

15
                                               Attorneys for Defendants Pacific Gas & Electric
16                                             Company and PG&E Corporation

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street 17ᵗʰ Floor
San Francisco, California 94104
(415) 954-4400

                                             2

Exhibit 4
36838\12268656.1

1    **PROOF OF SERVICE**

2    **Ravin Skondin v. PG&E Corporation, et al.**
     **CGC-18-570858**
3

     **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
4

5        At the time of service, I was over 18 years of age and not a party to this action.  I am
     employed in the County of San Francisco, State of California.  My business address is 235
     Montgomery Street, 17th Floor, San Francisco, CA 94104.
6

7        On February 1, 2019, I served true copies of the following document(s) described as
     **NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY** on the
     interested parties in this action as follows:
8

9        **BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above
     via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the
     File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order
10   establishing the case website and authorizing service of documents.

11       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
12

13       Executed on February 1, 2019, at San Francisco, California.

14
                                              _LouAnne Laflamme_
15                                            LouAnne Laflamme

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3                                                                                      36838\12268656.1
NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF AUTOMATIC STAY - Case No. CGC-18-570858

Exhibit 4
Page 9 of 10

Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:58:29    Page 32 of 57

# Exhibit
# 1

☐ Check if this is
an amended filing

## Fill in this information to identify the case

United States Bankruptcy Court for the:

Northern District of California

Case number (*If known*): _____ Chapter ___11___

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  Pacific Gas and Electric Company

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  94-0742640

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 77 | Beale Street | | | | |
| Number | Street | | Number | Street | |
| P.O. Box 770000 | | | | | |
| | | | P.O. Box | | |
| San Francisco | California | 94177 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| | | |
|---|---|---|
| San Francisco | | |
| County | Number | Street |
| | | |
| | City | State | ZIP Code |

**5. Debtor's website (URL)**  http://www.pge.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | Pacific Gas and Electric Company | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above <u>Electric and Natural Gas Utility</u>

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>**2211 – Electric Power Generation, Transmission, and Distribution**</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ Case number _____
                                 MM/ DD/ YYYY
         District _____ When _____ Case number _____
                                   MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor   See Schedule 1   Relationship _____
            District _____ When _____
            Case number, if known _____

Case: 19-30089   Doc# 1   Filed: 01/29/19   Entered: 01/29/19 00:15:10   Page 16

Case: 19-30088   Doc# 7768   Filed: 06/03/20   Entered: 06/03/20 17:39:29   Page 35 of 57

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 | |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 | |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 | |
| ☐ 200-999 | | | |

**15. Estimated assets**

(on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

**16. Estimated liabilities**

(on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

01/29/19

01/29/19

# Exhibit

# 2

☐ Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (If known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | PG&E Corporation | |

| | | | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | | |
| | Include any assumed names, trade names, and *doing business as* names | | |

| | | | |
|---|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 94-3234914 | |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 77 | Beale Street | | | | |
| Number | Street | | Number | Street | |
| P.O. Box 770000 | | | | | |
| | | | P.O. Box | | |
| San Francisco | California | 94177 | | | |
| City | State | ZIP Code | City | State | ZIP Code |

Location of principal assets, if different from principal place of business

| San Francisco | | |
|---|---|---|
| County | | |
| | Number | Street |
| | | |
| | City | State | ZIP Code |

**5. Debtor's website (URL)**    http://www.pgecorp.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Debtor     PG&E Corporation                                    Case number (if known) _____
         Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above <u>Holding company</u>

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>**2211 – Electric Power Generation, Transmission, and Distribution**</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                                     MM/ DD/ YYYY
         District _____ When _____ Case number _____
                                     MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   See Schedule 1       Relationship _____
         District _____   When _____
         Case number, if known _____

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          Page 2

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                    State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

| | | | |
|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

(on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

**16. Estimated liabilities**

(on a consolidated net book value basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☒ More than $50 billion |

01/29/19

01/29/19

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>William B. Keane (SBN 124756) Karen P. Kimmey (SBN 173284)<br>Nadia C. Arid (SBN 312626)<br>Farella Braun + Martel LLP<br>235 Montgomery St, San Francisco, CA 94104<br>TELEPHONE NO.: 415-954-4400    FAX NO. *(Optional)*: 415-954-4480<br>E-MAIL ADDRESS *(Optional)*: kkimmey@fbm.com<br>ATTORNEY FOR *(Name)*: Defendants Pacific Gas and Electric Company and PG&E | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**03/10/2020**<br>**Clerk of the Court**<br>BY: DARLENE LUM<br>**Deputy Clerk** |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: RAVIN SKONDIN

DEFENDANT/RESPONDENT: PG&E CORPORATION, PACIFIC GAS & ELECTRIC

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER:<br>CGC-18-570858 |
|---|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 25, 2020    Time: 10:30 AM    Dept.: 610    Div.:    Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*: Pacific Gas and Electric Company and PG&E Corporation
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|



American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 5

| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER: CGC-18-570858 |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION, PACIFIC GAS & ELECTRIC | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff asserts negligence and other claims arising out of an explosion and fire allegedly resulting from a gas leak. Defendants answered the complaint on December 17, 2018. The case has been stayed pending bankruptcy proceedings involving PG&E.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial. ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Case currently stayed due to bankruptcy proceedings.

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 7-12
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   f. Fax number:
   e. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.Exhibit 5.com

| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER: CGC-18-570858 |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION, PACIFIC GAS & ELECTRIC | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5


American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION, PACIFIC GAS & ELECTRIC | CGC-18-570858 |

**11. Insurance**
    a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
    b.   Reservation of rights:   ☐ Yes   ☐ No
    c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☒   Bankruptcy ☐   Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☒   There are companion, underlying, or related cases.
        (1) Name of case: John Lee Clark v. Pacific Gas and Electric Company
        (2) Name of court: Superior Court of California, County of San Francisco
        (3) Case number: CGC-18-567964
        (4) Status: Stayed
        ☐   Additional cases are described in Attachment 13a.
    b. ☐   A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
    ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
        PG&E may file a claim for summary adjudication on one or more issues.

**16. Discovery**
    a. ☐   The party or parties have completed all discovery.
    b  ☐   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

        Party                     Description                    Date

    c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

          **CASE MANAGEMENT STATEMENT**           



| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER:<br>CGC-18-570858 |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION, PACIFIC GAS & ELECTRIC | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Initial CMC (originally set for March 27, 2019) was cancelled by court order on March 8, 2019. The upcoming CMC was ordered by the court to be a "status report re bankruptcy"

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 10, 2020

Karen P. Kimmey
_____
(TYPE OR PRINT NAME)

▶ /s/ Karen P. Kimmey
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:18    Page 47 of 57

1

**PROOF OF SERVICE**

2

**Ravin Skondin v. PG&E Corporation, et al.**
**CGC-18-570858**

3

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

4

    At the time of service, I was over 18 years of age and not a party to this action.  I am

5  employed in the County of San Francisco, State of California.  My business address is 235
Montgomery Street, 17th Floor, San Francisco, CA 94104.

6

    On March 10, 2020, I served true copies of the document(s) described as **CASE**

7  **MANAGEMENT STATEMENT** on the interested parties in this action as follows:

8

    **BY ELECTRONIC SERVICE:**  I electronically served the document(s) described above
via File & ServeXpress, on the recipients designated on the Transaction Receipt located on the

9  File & ServeXpress website (https://secure.fileandservexpress.com) pursuant to the Court Order
establishing the case website and authorizing service of documents.

10

    I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.

12

    Executed on March 10, 2020, at San Francisco, California.

13

14                                                                          _____
                                                                            LouAnne Laflamme
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

36868\13118425.1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CHRISTOPHER W. WOOD, ESQ. / SBN: 193955<br>DREYER BABICH BUCCOLA WOOD CAMPORA, LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826<br>TELEPHONE NO.: (916) 379-3500  FAX NO.*(Optional)*: (916) 379-3599<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, RAVIN SKONDIN | ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**03/10/2020**<br>**Clerk of the Court**<br>**BY: DARLENE LUM**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:  Civic Center Courthouse

PLAINTIFF/PETITIONER:  RAVIN SKONDIN

DEFENDANT/RESPONDENT: PG&E CORPORATION; PACIFIC GAS & ELECTRIC CO
and DOES 1 through 100,

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)   or less) | CGC-18-570858 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: March 25, 2020  Time: 10:30 a.m. Dept.: 610  Div.:  Room:
Address of court *(if different from the address above)*:

☒ Notice of Intent to Appear by Telephone, by *(name)*: Neil J. Ferrera, Esq.

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☒ This statement is submitted by party *(name)*:  Plaintiff, RAVIN SKONDIN
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:  October 25, 2018
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint  *(Describe, including causes of action)*:
      Personal Injury; Negligence.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CEB** Essential Forms
ceb.com

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

W-SKONDIN, RAVIN Exhibit 6

| PLAINTIFF/PETITIONER:RAVIN SKONDIN<br><br>DEFENDANT/RESPONDENT: PG&E CORPORATION; PACIFIC GAS & ELECTRIC C<br>and DOES 1 through 100, | CASE NUMBER<br>CGC-18-570858 |
| --- | --- |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Please see Attachment 4b.

   [X] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request [X] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. [ ] The trial has been set for *(date):*
   b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. [X] days *(specify number):* 7-10 Days
   b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial [X] by the attorney or party listed in the caption [ ] by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   [ ] Additional representation is described in Attachment 8.

9. **Preference**
   [ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

W-SKONDIN, RAVIN    Exhibit 6
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:19    Page 2 Page 50
of 57

| PLAINTIFF/PETITIONER:RAVIN SKONDIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION; PACIFIC GAS & ELECTRIC C and DOES 1 through 100, | CGC-18-570858 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CEB® Essential
ceb.com ᵉForms®

W-SKONDIN, RAVIN
Exhibit 6
Case: 19-30088    Doc# 7768    Filed: 06/03/20    Entered: 06/03/20 17:56:19    Page 3   Page 51
of 57

| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION; PACIFIC GAS & ELECTRIC COM and DOES 1 through 100, | CGC-18-570858 |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motions in Limine

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | July 2020 |
| Plaintiff | Depositions | June 2020 |
| Plaintiff | Expert Discovery | Per Code. |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CEB Essential
ceb.com Forms

W-SKONDIN; RAVIN
Exhibit 6
Page 4 Page 52
Case: 19-30088   Doc# 7768   Filed: 06/03/20   Entered: 06/03/20 17:56:18   Page 4 of 57

| PLAINTIFF/PETITIONER: RAVIN SKONDIN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PG&E CORPORATION; PACIFIC GAS & ELECTRIC CO and DOES 1 through 100, | CGC-18-570858 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 28, 2020

CHRISTOPHER W. WOOD, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CEB Essential
ceb.com Forms

**ATTACHMENT 4B**

On or about January 12, 2017, as a direct and proximate result of the negligence of the Defendants, and each of them, gas from the subject line leaked into the Plaintiff's residence, was ignited and exploded. The explosion and resulting fire caused the injury and damages complaint of herein.

A Notice of Bankruptcy filing and imposition of automatic stay was filed with the Court on February 1, 2019. The Court deemed the matter stayed on this date. As of the filing of this document, the matter has not yet been litigated.

**PROOF OF SERVICE – CCP § 1013, 1013a, 2015.5
and California Rules of Court, Rule 2.306**

**_Skondin v. PG&E Corporation_**
San Francisco County Superior Case No.: CGC-18-570858

I, Lily Sabadlab, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within above-entitled action. I am an employee of Dreyer Babich Buccola Wood Campora, LLP and my business address is 20 Bicentennial Circle, Sacramento, CA 95826.

On March 9, 2020, I served the within document:

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

On the parties in said action addressed as follows:

| | |
|---|---|
| William P. Keane, Esq. | **Attorneys for Defendants** |
| Karen P. Kimmey, Esq. | **PG&E CORPORATION and** |
| Nadia C. Arid, Esq. | **PACIFIC GAS & ELECTRIC COMPANY** |
| FARELLA BRAUN & MARTEL, LLP | |
| 235 Montgomery Street, 17th Floor | |
| San Francisco, CA 94104 | |
| Telephone: (415) 954-4400 | |
| Facsimile: (415) 954-4480 | |

☐ **BY FACSIMILE MACHINE (FAX):** On _____, 20__, at _____ a.m./p.m. by use of facsimile machine telephone number (916) 379-3599, I served a true copy of the aforementioned document(s) on the parties in said action by transmitting by facsimile machine to the numbers as set forth above. The facsimile machine I used complied with California Rules of Court, Rule 2.301 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

☒ **BY MAIL:** I am familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioned document(s) on the parties in said action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices, at Sacramento, CA, addressed as set forth above.

☐ **BY OVERNIGHT COURIER:** By causing a true copy and/or original thereof to be personally delivered via the following overnight courier service:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 9, 2020, at Sacramento, CA.

Lily Sabadlab

**Exhibit 6**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

RAVIN SKONDIN

PLAINTIFF (S)

VS.

PG&E CORPORATION et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-18-570858**

**Order Continuing Case Management Conference**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Mar-25-2020 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Sep-30-2020 in Department 610 at 10:30 am for status report re: bankruptcy.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: MAR-09-2020

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-09-2020 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : MAR-09-2020            By: DARLENE LUM

STEVEN M CAMPORA (110909)
DREYER BABICH BUCCOLA WOOD CAMPORA LLP
20 BICENTENNIAL CIRCLE
SACRAMENTO, CA 95826

WILLIAM PATRICK KEANE (124756)
FARELLA BRAUN & MARTELL LLP
235 MONTGOMERY ST, 17TH FL
SAN FRANCISCO, CA 94104

CERTIFICATE OF SERVICE BY MAIL
Form 000001

**Exhibit 7**