1  CHRISTOPHER W. WOOD, SBN 193955
   LARRY Q. PHAN, SBN 284561
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone:    (916) 379-3500
4  Facsimile:    (916) 379-3599

5  ESTELA O. PINO, SBN 112975
   **PINO & ASSOCIATES**
6  1520 Eureka Rd., Suite 101,
   Roseville, CA 95661
7  Telephone: (916) 641-2288
   Facsimile:  (916) 244-0989
8
   Attorneys for the Creditor, Ravin Skondin.
9

10             THE UNITED STATES BANKRUPTCY COURT
            IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION

12 **In re:**                          )   Case Nos.  19-30088 (DM)
                                      )
13 **PG&E CORPORATION,**               )   Chapter 11
                                      )
14                                    )   **MEMORANDUM OF POINTS AND**
          **-and-**                     )   **AUTHORITIES IN SUPPORT OF**
15                                    )   **MOTION FOR RELIEF FROM**
   **In re:**                           )   **AUTOMATIC STAY TO PERMIT THE**
16                                    )   **COURTS OF THE STATE OF**
   **PACIFIC GAS AND ELECTRIC**        )   **CALIFORNIA TO CONDUCT A JURY**
17 **COMPANY,**                        )   **TRIAL AND RELATED PRETRIAL**
                                      )   **AND POST TRIAL MATTERS IN**
18          Debtors.                  )   **CONNECTION CREDITOR, RAVIN**
      ☐  Affects PG&E Corporation     )   **SKONDIN'S COMPLAINT FOR**
19    ☐  Affects Pacific Gas and Electric )   **DAMAGES, OR IN ALTERNATIVE,**
         Company                      )   **FOR ABSTENTION**
20    ☒  Affects both Debtors         )
                                      )   DATE:      July 7, 2020
21                                    )   TIME:      10:00 a.m.
   *All papers shall be filed in the lead case,* )   PLACE:     Courtroom 17
22 *No. 19-30088(DM)*                  )              450 Golden Gate Avenue,
                                      )              16th Fl.
23                                    )              San Francisco, California
                                      )
24 _____   )   JUDGE:     Hon. Dennis Montali
                                      )
25                                    )   OBJECTION DEADLINE: **June 19, 2020**
                                      )   **(4:00 P.M. Prevailing Pacific Time)**
26

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE...................................................................................5

II. RELIEF SOUGHT.....................................................................................................5

III. EVIDENTIARY SUPPORT FOR THE MOTION...................................................6

IV. STATEMENT OF FACTS.........................................................................................6

    A. THE EXPLOSION.............................................................................................6

    B. STATE COURT LITIGATION........................................................................6

    C. PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY'S BANKRUPTCY CASE AND EVENTS THEREAFTER.......................................8

    D. CURRENT STATUS.........................................................................................9

V. ARGUMENT..............................................................................................................9

    A. PRELIMINARY STATEMENT........................................................................9

    B. BURDEN OF PROOF......................................................................................10

    C. CURTIS FACTORS.........................................................................................10

        1. WHETHER THE RELIEF WILL RESULT IN A PARTIAL OR COMPLETE RESOLUTION OF THE ISSUES...........................................................12

        2. THE LACK OF ANY CONNECTION WITH OR INTERFERENCE WITH THE BANKRUPTCY CASE...................................................................12

        3. WHETHER THE FOREIGN PROCEEDING INVOLVES THE DEBTORS AS A FIDUCIARY..........................................................................................13

        4. WHETHER A SPECIALIZED TRIBUNAL HAS BEEN ESTABLISHED TO HEAR THE PARTICULAR CAUSE OF ACTION AND WHETHER THAT TRIBUNAL HAS THE EXPERTISE TO HEAR SUCH CASES.............13

        5. WHETHER THE DEBTORS' INSURANCE CARRIER HAS ASSUMED FULL FINANCIAL RESPONSIBILITY FOR DEFENDING THE LITIGATION....................................................................................................14

        6. WHETHER THE ACTION ESSENTIALLY INVOLVES THIRD PARTIES, AND THE DEBTORS FUNCTION ONLY AS A BAILEE OR CONDUIT FOR THE GOODS OR PROCEEDS IN QUESTION......................14

        7. WHETHER THE LITIGATION IN ANOTHER FORUM WOULD PREJUDICE THE INTERESTS OF OTHER CREDITORS, THE CREDITORS' COMMITTEE AND OTHER INTERESTED PARTIES.............14

8. WHETHER THE JUDGMENT CLAIM ARISING FROM THE FOREIGN
ACTION IS SUBJECT TO EQUITABLE SUBORDINATION UNDER
*SECTION 510(c)*.....................................................................................................14

9. WHETHER MOVANTS' SUCCESS IN THE FOREIGN PROCEEDING
WOULD RESULT IN A JUDICIAL LIEN AVOIDABLE BY THE DEBTOR
UNDER *SECTION 522(f)*......................................................................................14

10. THE INTERESTS OF JUDICIAL ECONOMY AND THE
EXPEDITIOUS AND ECONOMICAL DETERMINATION OF LITIGATION
FOR THE PARTIES....................................................................................................14

11. WHETHER THE FOREIGN PROCEEDINGS HAVE PROGRESSED
TO THE POINT WHERE THE PARTIES ARE PREPARED FOR
TRIAL........................................................................................................................ 15

12. THE IMPACT OF THE STAY ON THE PARTIES AND THE
"BALANCE OF HURT."............................................................................................15

D. ALTERNATIVELY, THE COURT SHOULD ABSTAIN
FROM DECIDING THE VALIDITY AND AMOUNT OF
PLAINTIFF'S CLAIMS AGAINST THE DEBTORS................................................. 16

VI. CONCLUSION................................................................................................................17

TABLE OF AUTHORITY

CASE LAW

*Truebro, Inc. V. Plumberex Speciality Prods., Inc. (In re Plumberex Speciality Prods., Inc.),* 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004)..................................................................10

*In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984).................................................... 10, 11, 12


FEDERAL STATUTORY AUTHORITY

28 U.S.C. § 1334(b)..............................................................................................................5

28 U.S.C. § 1334(c)..............................................................................................................5

28 U.S.C. § 1334(c)(1)......................................................................................................5, 16

28 U.S.C. § 157(a) ..............................................................................................................16

28 U.S.C. § 157(b)(1)..........................................................................................................16

28 U.S.C. § 157(b)(2)(B).................................................................................................5, 16

28 U.S.C. § 157(b)(2)(G).....................................................................................................5

28 U.S.C. § 1409 (a) ............................................................................................................5

11 U.S.C. § 362(d)(1)....................................................................................................5, 9, 10

11 U.S.C. § 362(g).............................................................................................................10

Creditor, Ravin Skondin ("Ms. Skondin"), by and through her attorneys of record, does hereby respectfully submits the following Memorandum of Points and Authorities in Support of Motion for Relief from the Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with Creditor, Ravin Skondin's Complaint for Damages, or in Alternative, for Abstention (the "Motion"), pursuant to 11 U.S.C. Section 362(d)(1), for cause, or in the alternative for abstention pursuant to 28 U.S.C. Section 1334(c)(1).

## I.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and (c).

2.      The Motion, which seeks relief from the automatic stay, is a core matter pursuant to 28 U.S.C. § 157(b)(2)(B) and (G).

3.      Venue is proper before this Court pursuant to 28 U.S.C. Section § 1409(a).

## II.

## RELIEF SOUGHT

The Motion seeks the entry of an order granting relief from the automatic stay to allow Ms. Skondin to prosecute her Complaint for Damages filed with the Superior Court of the State of California, in and for the County of San Francisco, on October 25, 2018, which includes causes of action for: negligence, premises liability, public nuisance, inverse condemnation, trespass, and private nuisance claims against PG&E Corporation and Pacific Gas and Electric Company (collectively the "Debtors"), arising from the explosion and fire that occurred on January 12, 2017, at real property located on 2209 South George Washington Boulevard, Yuba City, California.  The Complaint alleges that the Explosion was caused due to the Debtors' endemic failure to maintain certain gas distribution lines and resulted in catastrophic injuries and

loss of real and personal property of Ms. Skondin.

The Motion seeks an order to allow Ms. Skondin to proceed against the Debtors, in order to establish the liability of the Debtors, obtain judgment(s) against the Debtors, and collect any judgment(s) obtained against the Debtors from the Debtors and/or their insurers, as applicable. In the alternative, Ms. Skondin respectfully requests the Court to abstain from deciding the validity and amount of her claims against the Debtors, in favor of the Courts of the State of California.

## III.

## EVIDENTIARY SUPPORT FOR THE MOTION

The Motion is supported by the Declaration of Christopher W. Wood, filed concurrently herewith and the exhibits thereto (the "Wood Declaration").

## IV.

## STATEMENT OF FACTS

**A.    THE EXPLOSION**

1.      On January 12, 2017, the Explosion occurred at the Property. A true and correct copy of a photograph of the aftermath of the Explosion is attached to the *Declaration of Christopher W. Wood* and incorporated herein by reference as **Exhibit 1**. See *Wood Declaration* ¶ 4.

2.      As a result of the Explosion, Ms. Skondin sustained catastrophic personal injuries, including: rib fractures; complications due to smoke inhalation; thoracic back pain; cervical radiculitis; thoracic radiculitis; bilateral low back pain with sciatica; lumbar radiculitis; numbness; and myalgia. Ms. Skondin also sustained injuries to her: brain, right shoulder, right knee, and right hip. Ms. Skondin has required extensive medical attention and treatment, which is expected to extend into her long term future. See *Wood Declaration* ¶ 7.

**B.    STATE COURT LITIGATION**

3.      On October 25, 2018, Ms. Skondin, by and through Dreyer Babich Buccola Wood Campora, LLP ("Dreyer Babich"), filed the Complaint which includes causes of action for:

1   negligence, premises liability, public nuisance, inverse condemnation, trespass, and private

2   nuisance, against the Debtors, arising from the Explosion, initiating a civil action in the

3   Superior Court, which was assigned Case No. CGC-18-570858 (the "State Court Action"). The

4   Complaint alleges that the Explosion was caused due to the Debtors' endemic failure to maintain

5   certain gas distribution lines and resulted in catastrophic injuries to Ms. Skondin and loss of

6   property. A true and correct copy of the Complaint is attached to the *Declaration of Christopher*

7   *W. Wood* and incorporated herein by reference as **Exhibit 2**. See *Wood Declaration* ¶ 5.

8          4.      The Honorable Garrett L. Wong ("Judge Wong") is presiding over the State Court

9   Action. See *Wood Declaration* ¶ 6.

10         5.      As a result of the Explosion, Ms. Skondin suffered substantial damages,

11  including: pain and suffering, emotional distress, medical expenses, future medical expenses,

12  loss of earning capacity, and loss of future earning. To date, however, Ms. Skondin has not

13  received compensation for any of the damages that she suffered due to the Explosion. See *Wood*

14  *Declaration* ¶ 8.

15         6.      The Complaint was duly served on the Debtors on November 15, 2018. See *Wood*

16  *Declaration* ¶ 9.

17         7.      Pursuant to a Notice to Plaintiff issued by the Superior Court on October 25,

18  2018, the original Case Management Conference was scheduled for March 27, 2019. See *Wood*

19  *Declaration* ¶ 12.

20         8.      The Debtors have been ably represented in the State Court Action by Farella

21  Braun + Martel LLP (the "Defense Counsel"). On December 17, 2018, the Debtors, by and

22  through the Defense Counsel, filed an Answer to Complaint. A true and correct copy of the

23  Answer is attached to the *Declaration of Christopher W. Wood* and incorporated herein by

24  reference as **Exhibit 3**. See *Wood Declaration* ¶ 10.

25  ///

26  ///

**C. PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY'S BANKRUPTCY CASE AND EVENTS THEREAFTER**

9.    On January 29, 2019, the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code. Since that time the State Court Action has been stayed against the Debtors pursuant to the automatic stay. See *Wood Declaration* ¶ 11.

10.    On February 1, 2019, the Debtors filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (the "Notice of Bankruptcy Filing") in the State Court Action. A true and correct copy of the Notice of Bankruptcy filed with the Superior Court is attached to the *Declaration of Christopher W. Wood* and incorporated herein by reference as **Exhibit 4**. See *Wood Declaration* ¶ 11.

11.    On January 9, 2019, before the automatic stay went into effect, Dreyer Babich, on behalf of Ms. Skondin, served discovery, including: Request for Admissions, Set One; Special Interrogatories, Set One; Form Interrogatories, Set One; and Request for Production of Documents, Set one, on each of the Debtors. The Debtors have had the discovery requests for more than one (1) year, but have not responded due to the automatic stay. See *Wood Declaration* ¶ 12.

12.    On March 8, 2019, the Superior Court issued another Case Management Order rescheduling the Case Management Conference for March 25, 2020. See *Wood Declaration* ¶ 13.

13.    On March 10, 2020, the Debtors and Ms. Skondin, in accordance with the Case Management Order issued by the Superior Court on March 8, 2019, filed their respective Case Management Statements with the Superior Court. A true and correct copy of the Case Management Statement filed by the Debtors is attached to the *Declaration of Christopher W. Wood* and incorporated herein by reference as **Exhibit 5**. A true and correct copy of the Case Management Statement filed by Ms. Skondin is attached to the *Declaration of Christopher W. Wood* and incorporated herein by reference as **Exhibit 6**. See *Wood Declaration* ¶ 14.

14.    Within the Case Management Statement filed by the Debtors with the Superior

Court, the Debtors indicate that the length of trial in the State Court Action will be approximately seven (7) to twelve (12) days. Within the Case Management Statement, Ms. Skondin caused to be filed with the Superior Court, it was indicated that the length of the trial in the State Court Action will be approximately seven (7) to ten (10) days. Thus, The Debtors and Ms. Skondin agree on the approximate length of the trial. See *Wood Declaration* ¶ 15.

**D.    CURRENT STATUS**

15.     On March 9, 2020, the Superior Court issued another Case Management Order in the State Court Action, pursuant to which the Case Management Conference has been rescheduled for September 30, 2020. A true and correct copy of the Case Management Order issued by the Superior Court on March 9, 2020, is attached to the *Declaration of Christopher W. Wood* and incorporated herein by reference as **Exhibit 7**. See *Wood Declaration* ¶ 16.

16.     Ms. Skondin's claims against the Debtors have not been liquidated and Ms. Skondin's claims need to be liquidated so that she can be paid. See *Wood Declaration* ¶ 18.

17.     Christopher W. Wood of Dreyer Babich ("Mr. Wood") anticipates that if the Motion is granted, a trial date will be set at the Case Management Conference for sometime in 2021, which will provide the Debtors and Ms. Skondin plenty of time to complete discovery and prepare for the trial. See *Wood  Declaration* ¶ 20.

<u>**V.**</u>

<u>**ARGUMENT**</u>

**A.    PRELIMINARY STATEMENT**

Ms. Skondin seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides as follows:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . . .

It is respectfully submitted that cause exists in this case to grant relief from the Automatic Stay. The Explosion occurred on January 12, 2017, more than three (3) years ago. The State Court Action has been pending in the Superior Court for almost nineteen (19) months. Ms. Skondin's claims against the Debtors have not yet been adjudicated and liquidated. The Debtors have been and will continue to be ably represented by their experienced Defense Counsel, who do not represent the Debtors in these Chapter 11 cases.

Ms. Skondin is seeking relief from stay so that the State Court Action may be tried against the Debtors and her claims against the Debtors can be liquidated, this will allow Ms. Skondin to receive redress for her injuries and suffering.

**B.   BURDEN OF PROOF**

As explained by the Bankruptcy Court for the Central District of California,

> [t]he burden of proof on a motion to modify the automatic stay is a shifting one. *Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2nd Cir. 1990). To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under § 362(d)(1). *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2nd Cir. 1999); *Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996); *FSFG Serv. Corp. v. Kim (In re Kim)*, 71 B.R. 1011, 1015 (Bankr. C.D. Cal. 1987). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *Sonnax*, 907 F.2d at 1285; *Duvar Apt.*, 205 B.R. at 200.

*Truebro, Inc. V. Plumberex Speciality Prods., Inc. (In re Plumberex Speciality Prods., Inc.)*, 311 B.R. 551, 557 (2004).

Pursuant to 11 U.S.C. Section 362(g),

> [i]n any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>> (2) **the party opposing such relief has the burden of proof on all other issues.**[1] Emphasis added.

Accordingly, any party opposing relief from automatic stay bears the ultimate burden of proof and of persuasion.

**C.   CURTIS FACTORS**

There are twelve (12) non-exclusive factors, which courts analyze in order to determine if cause exists to grant relief to allow continued litigation in a non-bankruptcy forum. See *In re Curtis*, 40

---

[1] Equity in property is not an issue in this contested matter.

B.R. 795 (Bankr. D. Utah 1984). The non-exclusive factors have been summarized as follows:

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under *Section 510(c)*;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under *Section 522(f)*;

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the "balance of hurt."

*See In re Curtis,* 40 B.R. at 806.

The *Curtis* factors will be discussed seriatim. It is respectfully submitted that the *Curtis* factors, which apply, warrant granting relief from stay to allow Ms. Skondin immediate access to justice to adjudicate and liquidate her claims against the Debtors.

///

## 1. WHETHER THE RELIEF WILL RESULT IN A PARTIAL OR COMPLETE RESOLUTION OF THE ISSUES.

Granting relief from the automatic stay will allow the Courts of the State of California to proceed to judgement and resolution of all claims pending in the State Court Action, through a jury trial against the Debtors. Granting relief from the automatic stay will also allow the parties to conduct and complete discovery, conduct a trial, and complete post trial and appellate matters. The nature and extent of the Debtors' liability to Ms. Skondin will be adjudicated, liquidated, and finalized, so that Ms. Skondin can finally be compensated for her injuries.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

## 2. THE LACK OF ANY CONNECTION WITH OR INTERFERENCE WITH THE BANKRUPTCY CASE.

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Id.*

The Chapter 11 cases were not filed as a result of Ms. Skondin's claims.

Granting relief from the automatic stay will allow Ms. Skondin's disputed claims against the Debtors to be liquidated. Moreover, the Debtors are represented by able and experienced Defense Counsel, who are not representing the Debtors in the Chapter 11 cases. Granting relief from the automatic stay **now**, will allow Defense Counsel sufficient time to conduct and complete discovery and prepare for a jury trial, which is anticipated to be conducted sometime in 2021, while providing Ms. Skondin access to justice.

As admitted by the Debtors, in a recent filing,

> [t]he Debtors filed these Chapter 11 Cases with the principal goal of achieving a fair, equitable, and expeditious resolution of billions of dollars in liabilities arising from the 2017 and 2018 Northern California fires (including Tubbs) and the 2015 Butte Fire. Today, the Plan Proponents are now before the Court requesting confirmation of the Plan, which is the culmination of more than sixteen months of arm's length and good faith negotiations by and among the Debtors, the Shareholder Proponents, the Debtors' key stakeholders, regulators, the

Governor's Office and many other parties in interest in these Chapter 11 Cases. Perhaps most importantly, the Plan has the overwhelming support of the Fire Victims – having been accepted by more than 85% in number and amount of holders of Fire Victim Claims that submitted valid votes on the Plan.

*Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (Dkt. 7528), filed with the Court on May 22, 2020, Pf. 14, ln. 11-19.

Given the fact that the Debtors have progressed from the initial stages of this case, stabilized their operations, made substantial settlements with various creditor constituencies, and are now in the final phase of plan confirmation; no reason exists for delaying adjudication of the State Court Action by the Courts of the State of California.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

**3. WHETHER THE FOREIGN PROCEEDING INVOLVES THE DEBTORS AS A FIDUCIARY.**

This factor is not applicable to the current proceeding.

**4. WHETHER A SPECIALIZED TRIBUNAL HAS BEEN ESTABLISHED TO HEAR THE PARTICULAR CAUSE OF ACTION AND WHETHER THAT TRIBUNAL HAS THE EXPERTISE TO HEAR SUCH CASES.**

The claims and defenses asserted in the State Court Action arise under the laws of the State of California. The State Court Action is currently pending in the Superior Court, a California Court of general jurisdiction, which is well equipped to adjudicate cases based on California law, without further delay.

As attested by Mr. Wood within his declaration, filed concurrently herewith, Ms. Skondin has demanded jury trial. The Superior Court routinely conducts jury trials.

It would be duplicative, expensive, time consuming, and ultimately unproductive for another tribunal to hear and determine Ms. Skondin's claims.

It is respectfully submitted that this factor weighs heavily in favor of granting relief from the automatic stay.

///

**5.    WHETHER THE DEBTORS' INSURANCE CARRIER HAS ASSUMED FULL FINANCIAL RESPONSIBILITY FOR DEFENDING THE LITIGATION.**

The stay of the State Court Action has prevented Ms. Skondin from conducting discovery on this issue. It should be noted, however, the Debtors are solvent. The plan proposed by the Debtors proposes to pay general unsecured creditors, such as Ms. Skondin, in full. Ms. Skondin's claims, therefore, must be liquidated sooner rather than later so that she can be paid under the Debtors' plan, if confirmed.

**6.    WHETHER THE ACTION ESSENTIALLY INVOLVES THIRD PARTIES, AND THE DEBTORS FUNCTION ONLY AS A BAILEE OR CONDUIT FOR THE GOODS OR PROCEEDS IN QUESTION.**

This factor does not apply.

**7.    WHETHER THE LITIGATION IN ANOTHER FORUM WOULD PREJUDICE THE INTERESTS OF OTHER CREDITORS, THE CREDITORS' COMMITTEE AND OTHER INTERESTED PARTIES.**

Ms. Skondin has a right to a jury trial. The Debtors' plan proposes to pay general unsecured creditors in full. As such, there can be no prejudice to any other creditors. They stand to be paid in full regardless of the liquidation of Ms. Skondin's claims.

It is respectfully requested that this factor weighs in favor of granting relief from the automatic stay.

**8.    WHETHER THE JUDGMENT CLAIM ARISING FROM THE FOREIGN ACTION IS SUBJECT TO EQUITABLE SUBORDINATION UNDER *SECTION 510(c)*.**

This factor does not apply.

**9.    WHETHER MOVANTS' SUCCESS IN THE FOREIGN PROCEEDING WOULD RESULT IN A JUDICIAL LIEN AVOIDABLE BY THE DEBTOR UNDER *SECTION 522(f)*.**

This factor is not applicable since the Debtors are not individuals.

**10.    THE INTERESTS OF JUDICIAL ECONOMY AND THE EXPEDITIOUS AND ECONOMICAL DETERMINATION OF LITIGATION FOR THE PARTIES.**

As discussed above, the claims and defenses asserted in the State Court Action are based on the laws of the State of California. The State Court Action has been pending in the Superior

Court for almost nineteen (19) months. Moreover, Ms. Skondin initiated discovery. She served the Debtors with discovery on January 9, 2019. The Debtors have had the discovery requests for over one (1) year, but have not responded due to the automatic stay. If relief is granted, it is anticipated that a trial will be set for sometime in 2021 at the upcoming Case Management Conference on September 30, 2020. If relief from automatic stay is granted the State Court Action can proceed without any further delay, while providing the Debtors and Ms. Skondin ample time and opportunity to conduct and complete discovery and pre-trial matters and prepare for trial. If relief is not granted, a jury trial against the Debtors, which would not be conducted in the Bankruptcy Court, could be delayed for years. Ms. Skondin would be denied access to justice and recovery for her grievous injuries.

This factor dictates granting relief from the automatic stay.

**11.    WHETHER THE FOREIGN PROCEEDINGS HAVE PROGRESSED TO THE POINT WHERE THE PARTIES ARE PREPARED FOR TRIAL.**

If relief is granted it is anticipated that a trial will be set for sometime in 2021 during the upcoming Case Management Conference on September 30, 2020. The Debtors and their Defense Counsel will have ample time to prepare for trial, so that the State Court Action can be tried before a jury and Ms. Skondin can gain immediate access to justice to adjudicate and liquidate her claims, so that she can be ultimately paid.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

**12.    THE IMPACT OF THE STAY ON THE PARTIES AND THE "BALANCE OF HURT."**

Ms. Skondin suffered catastrophic injuries and is entitled to compensatory damages. Ms. Skondin also suffered the loss of earning and loss of future earning capacity. The injuries that Ms. Skondin suffered as a result of the Explosion have lead Ms. Skondin to incur extensive medical expenses and treatment, and will result in future medical expenses and treatment related to her injuries. Ms. Skondin has suffered enough. She should not be compelled to endure further

delays. Ms. Skondin needs to have her claims liquidated to obtain immediate recovery from the Debtors.

It is respectfully submitted that this factor overwhelmingly weighs in favor of granting relief from the automatic stay.

**D.  ALTERNATIVELY, THE COURT SHOULD ABSTAIN FROM DECIDING THE VALIDITY AND AMOUNT OF PLAINTIFF'S CLAIMS AGAINST THE DEBTORS**

"Core proceedings" arising in or related to a case under Title 11 of the United States Code are generally referred to and may be heard and determined by a bankruptcy judge. *See 28 U.S.C. Section 157(a) and (b)(1)*. Pursuant to 28 U.S.C. Section 157(b)(2)(B), core proceedings include,

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;. . .**

Emphasis added.

Ms. Skondin's claims, accordingly, are not "core proceedings" and her claims cannot be liquidated by the bankruptcy judge.

The Court may and should abstain from hearing Ms. Skondin's claims. Pursuant to 28 U.S.C. Section 1334(c)(1), the Court may abstain from hearing a matter related to the Chapter 11 cases ". . . in the interest of justice, or in the interest of comity with State courts or respect for State law, . . .."

Ms. Skondin's claims against the Debtors are based solely on state law and state law causes of action. The Superior Court has the jurisdiction to determine the Debtors' liability and the amount of Ms. Skondin's damages. Furthermore, comity with the state court and respect for

state law dictates that the Court abstain from deciding the validity and amount of Ms. Skondin's claims because her claims are based solely on state law. Finally, the interest of justice demands that the Court abstain from deciding the validity and amount of Ms. Skondin's claims, so that the Superior Court can conduct a jury trial.

**VI.**

**CONCLUSION**

Ms. Skondin has a right to a jury trial. Factors 3, 6, 8, and 9 of the *Curtis* factors do not apply in this case. It is respectfully submitted that, in this case, factors 1, 4, 7, 10, 11, and 12 of the *Curtis* factors support the granting of the Motion. Even factors 2 and 5 of the *Curtis* factors support the granting of the Motion.

For the reasons set forth herein, it is respectfully requested that relief from the automatic stay be granted to Ms. Skondin so that she can adjudicate and liquidate her claims against the Debtors and proceed to collect. In the alternative, Ms. Skondin respectfully requests the Court to abstain from deciding the validity and amount of her claims against the Debtors, in favor of the Courts of the State of California.

Dated: June 3, 2020

Respectfully submitted,

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By:

Christopher W. Wood, Attorneys for Ravin Skondin.

**PINO & ASSOCIATES**

By:

Estela O. Pino, Attorneys for Ravin Skondin.