WATTS GUERRA LLP
Mikal C. Watts *pro hac vice*
Guy L. Watts II *pro hac vice*
Alicia D. O'Neill *pro hac vice*
Jon T. Givens *pro hac vice*
Paige Boldt, SBN 308772
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

*Attorney for Numerous Wild Fire Claimants*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF AN EXAMINER OF VOTING IRREGULARITIES PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2007.1**<br><br>Date: June 4, 2020<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Re: Docket No. 7776 |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD

WATTS GUERRA LLP and its many wildfire clients, by and through their undersigned counsel appearing *pro hac vice* in accordance with Doc. #7179, hereby respectfully file their

- 1 -

*Opposition to Request for Judicial Notice in Support of Motion for the Appointment of an Examiner of Voting Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1*.

**PROCEDURAL HISTORY**

Karen Gowins ("GOWINS") filed her *Request for Judicial Notice in Support of Motion for the Appointment of an Examiner of Voting Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1* ("Request for Judicial Notice") on June 3, 2020, at 8:47:53 in the evening the night before the hearing on her *Motion for the Appointment of an Examiner of Voting Irregularities Pursuant to Section 1104(c) of the Bankruptcy Code and Bankruptcy Rule 2007.1* ("the Motion").

Approximately twelve hours later, WATTS GUERRA hereby files its Opposition to GOWIN's Request for Judicial Notice.

**SUMMARY OF OPPOSITION**

WATTS GUERRA incorporates by reference its objections to the hearsay attached to the Motion.

GOWINS now tries to avoid the hearsay rule via her Request for Judicial Notice. This is not allowed under Bankruptcy Rule 9017, nor under Rule 201 of the Federal Rules of Evidence. Importantly, application of those rules has caused both Bankruptcy Courts and federal courts in the Northern District of California to almost uniformly refuse to take judicial notice of newspaper articles as GOWINS requests here.

GOWINS has failed to meet her burden to show that this Court should take judicial notice of this article under Rule 201, and the single case she cited is distinguishable and not supportive of the judicial notice she seeks here.

- 2 -

## ARGUMENTS AND AUTHORITIES

GOWINS asks that "under Rule 201 of the Federal Rules of Evidence incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure to take judicial notice of the news article entitled 'In Final Days of PG&E Fire Settlement Vote, Hundreds of Survivors Still Had No Ballots,' Lily Jamali, KQED News, June 3, 2020." (Doc. #7776, pp. 1-2).

Bankruptcy Rule 9017 "provides that the Federal Rules of Evidence apply in cases under the Code." *In re Snyder Farms, Inc.*, 83 B.R. 977, 986 (Bankr. N.D. Ind., 1988). "Federal Rule of Evidence 201, which is made applicable to this proceeding by Bankruptcy Rule 9017, governs the taking of judicial notice of facts." *In re Vassilowitch v. Vassilowitch*, 72 B.R. 803, 808 (Bankr. D. Mass. 1987). Rule 201 "governs only judicial notice of adjudicative facts." Fed. R. Evid. 801(a); *Chatman v. Early*, 2009 WL 837466, at *5 (N.D. Cal., Mar. 27, 2009) ("Under Rule 201, the Court may take judicial notice of 'adjudicative facts.' Fed. R. Evid. 201(a). Adjudicative facts 'are simply the facts of the particular case.' Advisory Committee Note to Subdivision (a) (1972 Proposed Rules)."). As such, courts typically take judicial notice only "of the documents filed in the bankruptcy case." *In re Texas Reds, Inc.*, 2010 WL 398918, at *2 n. 3 (Bankr., D. N.M., Jan. 15, 2010). *See also In re Wheatsheaf Assoc. v. U.S.A.*, 1998 WL 910228, at *1, n. 1 (Bankr. E.D. Pa., Dec. 21, 1998) (taking judicial notice of the court's docket "pursuant to Rule 201 of the Federal Rules of Evidence which is incorporated herein pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure.").

Rule 201(b) provides as follows:

(b) **Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either

    (1)    generally known within the territorial jurisdiction of the trial court, or

    (2)    capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). *See also In re Reed v. Reed*, 293 B.R. 65, 69 (Bankr. D. Kan. 2003) ("Under Fed. R. Evid. 201(b)(2), which is applicable in bankruptcy cases, see Bankruptcy Rule 9017, a court may take judicial notice of facts that are not subject to reasonable dispute in that they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'").

Because of the requirement of Rule 201(b)(2), bankruptcy courts have held that "Rule 201 of the Fed. Rules of Evidence does not allow the court to take judicial notice of the existence of the article, nor of its contents." *In re Cast Entertainment, Inc. v. Guzman*, 2006 WL 3909930, at *2 (Bankr. D. P.R., April 17, 2006). This is because "[a] distinction must be carefully drawn between taking judicial notice of the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents." *In re Snyder Farms, Inc.*, 83 B.R. at 986. Moreover, authenticity of a newspaper article "does not automatically insure its introduction into evidence in the face of other objections such as hearsay." *Id*. WATTS GUERRA has, and again does, object to the hearsay contained within the KQED article. As such, this Court should not take judicial notice of the article. *Chatman v. Early*, 2009 WL 837466, at *5 (denying judicial notice of two newspaper articles as they "do not contain adjudicative facts relevant to the instant action and constitute inadmissible hearsay").

District courts in the Northern District of California generally have denied requests to take judicial notice of newspaper articles as being not proper under Rule 201(b). *See Igbonwa v. Facebook, Inc.*, 2018 WL 4907632, at *3, n. 5 (N.D. Cal., Oct. 9, 2018) (refusing various articles as to the issue of whether Facebook and Mark Zuckerberg are "publishers" because neither requirement of Rule 201 is satisfied); *Vinson v. Cal. Dept. of Corr. & Rehab.*, 2014 WL 4594208, at *2 (N.D. Cal., Sept. 15, 2014) (refusing *Los Angeles Times* and *ContraCostaTimes.com* articles under Rule 201); *Goodfellow v. Ahren*, 2014 WL 1248238, at *4 (N.D. Cal., Mar. 26, 2014)

(refusing an Associated Press article as not "subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence); *Brockington v. J.P. Morgan Chase Bank, N.A.*, 2009 WL 1916690, at *7 (N.D. Cal., July 1, 2009) (denying judicial notice of an article as not proper under Rule 201(b)); *Ekdahl v. Ayers*, 2008 WL 4344314, at *3 (N.D. Cal., Sept. 22, 2008) (denying judicial notice of two articles "because the articles and statements therein do not qualify for judicial notice under Rule 201."). *See generally Planet Drum Foundation v. Hart*, 2017 WL 4236932, at *5, n. 6 (N.D. Cal., Sept. 24, 2017) (refusing Wikipedia page under Rule 201, noting "[n]umerous courts have held that Wikipedia pages are not sufficiently reliable to meet the requirement of Rule 201(b)(2).) (citations omitted).

Because the United States Court of Appeals for the Ninth Circuit has explained that a court make take judicial notice of publications to indicate what was in the public domain, but not whether the content of the publications is true, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), courts in this district have held that "to the extent the court can take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Spitzer v. Aljoe*, 2016 WL 3275148, at *4 (N.D. Cal., June 15, 2016) (citing *Von Saher*). *See also Werdebaugh v. Blue Diamond Growers*, 2014 WL 7148923, at *4 (N.D. Cal., Dec. 15, 2014) (refusing articles because "to the extent Defendant disputes the basis of the conclusions and 'facts' contained in these articles, the Court concludes that these facts are not appropriate for judicial notice under Rule 201(b).").

Furthermore, GOWINS has failed to demonstrate how the article meets the requirements of Rule 201; consequently, judicial notice should be denied. *See Gee How Oak Tin Nat'l Benev. Assoc. v. Gee How Oak Tin Assoc. of North America, Inc.*, 2013 WL 1191264, at *2 (N.D. Cal., Mar. 21, 2013) ("Plaintiff has not explained how any of the documents meet this standard. The

Court does not take judicial notice of any of these documents."); *Hardison v. Newland*, 2003 WL 23025432, at *15-16 (N.D. Cal., Dec. 17, 2003) (refusing article published in the *Monterey Herald,* because regarding the burden required under Rule 201, the Petitioner "cannot meet this burden …"). GOWINS has filed only a one-sentence request for this Court to take judicial notice of a news article; that is not meeting her burden to prove application of Rule 201.

Finally, the single case cited by GOWINS in support of her motion is distinguishable. *Patel v. Parnes*, 253 F.R.D. 531 (C.D. Cal. 2008) relates to analysts' reports about a company's activities, not to newspaper reports concerning statements of third-parties such as the one before the Court here. Importantly, the *Patel v. Parnes* court noted as well that "[w]hile the court agrees with plaintiffs that the analyst reports may not be judicially noticed for the truth of the matters contained therein, it is appropriate to consider them for the purpose for which defendants offer them—i.e., to show "whether and when information was provided to the market." *Id.*, 253 F.R.D. at 548. The reasons the two articles were "appropriate to consider" in *Patel* simply are not present here.

In conclusion, this Court should deny the Request for Judicial Notice.

Respectfully submitted,

Dated: June 1, 2020　　　　　　　　　　WATTS GUERRA LLP

By:　*/s/ Mikal C. Watts*
　　　Mikal C. Watts (*pro hac vice*)

*Attorney for Numerous Wild Fire Claimants*