1    SCOTT H. McNUTT (CSBN 104696)
324 Warren Road
2    San Mateo, California 94402
Telephone: (415) 760-5601
3    Email: smcnutt@ml-sf.com

4    Counsel to the Fee Examiner

5

6

7               UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
8                   SAN FRANCISCO DIVISION

| In re | Bankruptcy Case |
|---|---|
9 | | No. 19-30088 (DM) |
| PG&E CORPORATION, | (Lead Case) |
| | (Jointly Administered) |
10 | - and - | |
| | Chapter 11 |
11 | PACIFIC GAS AND ELECTRIC COMPANY, | |
| | **FEE EXAMINER'S REPORT ON** |
12 | | **STATUS OF FEE AND EXPENSE** |
| Debtors. | **APPLICATIONS SUBMITTED,** |
| | **APPROVED AND PENDING** |
13 | ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | Hearing: |
14 | ☒ Affects both Debtors | |
| | **[NO HEARING REQUIRED]** |
| * All papers shall be filed in the Lead Case, | |
15 | No. 19-30088 (DM) | Judge:   Hon. Dennis Montali |

16

17         The Fee Examiner submits this report to the Honorable Dennis Montali, to the Office of

18    the United States Trustee, to all professionals seeking fees from these bankruptcy estates and to all

19    parties in interest:

20

21                           FEE EXAMINER'S REPORT ON STATUS OF
FEE AND EXPENSE APPLICATIONS
SUBMITTED

1.      As set forth more fully below, this Court ordered the appointment of the Fee Examiner to review the fees and expenses incurred in these bankruptcy estates and to advise on the allowance of these fees and expenses on both an interim and a final basis. At this time, as set forth in ¶ 7, 30 professionals have billed the estates over $410 million in fees and expenses. In the event a plan of reorganization is confirmed, final fee applications will be due shortly after confirmation. The purpose of this Status Report is: to provide a summary of the status of the fee and expense requests filed to date; to review the approval process; and to set forth how the Fee Examiner intends to approach the process of coordinating the review process in anticipation of hearings on final fee applications.

2.      First, some necessary background. On February 28, 2019, the Court entered its *Order Authorizing Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (**"Interim Compensation Order"**) [Doc. No. 701]. Under the Interim Compensation Order, estate professionals are paid 80% of fees and 100% of expenses on a monthly basis (a so-called <u>Knudsen</u> Order). The Interim Compensation Order contemplates filing interim applications (to recover the 20% "holdback" on fees). All payments of interim compensation are subject to the requirement that final fee applications be filed. Although interim fee applications are contemplated, they are not mandated. A copy of the Interim Compensation Order is attached as Exhibit A.

3.      On May 29, 2019, the Court entered its *Order Appointing Fee Examiner and Establishing Procedures for Consideration of Fee Compensation and Reimbursement of Expenses* (**"Order Appointing Fee Examiner"**) [Doc. No. 2267]. The Order Appointing Fee Examiner sets forth a procedure for review and resolution of interim fee applications. The Order provides

FEE EXAMINER'S REPORT ON STATUS
OF FEE AND EXPENSE APPLICATIONS
SUBMITTED

that the Fee Examiner shall produce a protocol (the **"Protocol"**), setting forth the Fee Examiner's normative guidelines and expectations as to appropriate billing practices. The Order provides that the Fee Examiner shall produce "Initial Reports" setting forth objections to fees and expenses. Under the Order, the Initial Reports are the basis of an informal negotiation to reduce and to compromise objectionable fees and expenses. If these negotiations are successful, the compromises are presented to the Court for approval. If unsuccessful, the Fee Examiner produces a Final Report, which is then the basis of a formal claim objection to be heard by the Court. A copy of the Order Appointing Fee Examiner is attached as Exhibit B.

4. On December 18, 2019, the Court entered its *Amended Order Granting Fee Examiner Motion to Approve Fee Procedures* ("**Amended Fee Procedures Order**") [Doc. No. 5168]. The Amended Fee Procedures Order approves certain recommendations of the Fee Examiner as to billing practices, including the billing of travel time. The Amended Fee Procedures Order approves the Fee Examiner's Protocol and adopts the Fee Examiner's recommendations as to the coordination and scheduling of hearings. Given the large number of fee applicants and the huge amount of fees, the Court grants the Fee Examiner substantial flexibility to coordinate hearings in order to respect judicial economy and reduce fees. A copy of the Amended Fee Procedures Order is attached as Exhibit C.

5. Under the Amended Fee Procedures Order, the Fee Examiner is authorized to set hearings to approve interim fee applications based upon compromises reached with fee applicants. Notice of such hearings shall be heard on 21 days' notice as required by Fed. R. Bankr. Pro. 2002 (a)(6) and the Notice of Hearing shall comply with Fed. R. Bankr. Pro. 2002 (c)(2). The Fee Examiner has noticed two hearings to approve the award of interim compensation. (Doc. No. 5307

and Doc. No. 6000).  As a result, the Court has approved 14 compromises negotiated by the Fee Examiner. As of the filing of this pleading, two more compromises have been reached which will be noticed for hearing shortly

6.  Under the foregoing orders, professionals were to have filed Interim Applications every four months beginning July 15, 2019.  The Second Interim Applications were to be filed by November 15, 2019.  The Third Interim Applications were to be filed by March 15, 2020.  Fourth Interim Applications will be due July 15, 2020.  A total of 21 professionals have filed 48 interim fee applications.  Under the various orders, the filing of interim applications is allowed, but is not mandated.  Hence, a specific professional can file or defer filing.  In fact, a specific professional could file no interim applications and instead only file a final fee application.  **In order to provide a complete picture of the fees being incurred, the Fee Examiner has prepared three exhibits as described below.**

7.  Exhibit D is a chart summarizing all fees and expenses requested to date.  The total amount requested is $411,506,184.44.

8.  Exhibit E is a chart summarizing the compromises the Fee Examiner has obtained. The Fee Examiner has concluded compromises related to $94,346,360.42 of fees and expenses requested, obtaining reductions of $3,631,216.33.

9.  At present, the Fee Examiner has initiated negotiations for reductions in an additional $210,495,137.50 of fees and expenses requested in professionals' interim applications. With one exception, as of the date of this pleading, the Fee Examiner has initiated compromise discussions with all professionals who have filed interim applications and who have delivered to the Fee Examiner's staff all required backup documentation for expenses.

FEE EXAMINER'S REPORT ON STATUS
OF FEE AND EXPENSE APPLICATIONS
SUBMITTED

10.     Exhibit F is a chart detailing the fees and expenses that the Fee Examiner has not yet reviewed, or are not subject to his review at this time. The aggregate amount of such fees and expenses is $106,664,686.52. These amounts relate to professionals' monthly requests which have not yet resulted in an Interim Application, and fees and expenses pursuant to which retention orders did not permit or allow review of fees on an interim basis (examples being the monthly fees of some investment bankers, and the monthly fees of entities such as Prime Clerk).

11.     The Fee Examiner notes that the Court is currently considering confirmation of a plan of reorganization. If a plan is confirmed, the Fee Examiner will schedule one or more dates as deadlines for the filing of final fee applications.

12.     Once final fee applications are filed, the Fee Examiner will prepare initial reports and final reports, as necessary. If initial reports result in compromise, these will be submitted to the Court, by noticed motion, as provided for under the Amended Fee Procedures Order. If compromise is not possible, a Final Report will be prepared, and set for hearing pursuant to the Order Appointing Fee Examiner.

13.     The Fee Examiner notes for the record that all rights to make objections to fees that have been preserved in prior orders continue to be preserved.

1    DATED: June 4, 2020       SCOTT H. McNUTT

2

3

By:   */Scott H. McNutt/*

4                                        Scott H. McNutt

5                                          Counsel to the Fee Examiner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21                                6          FEE EXAMINER'S REPORT ON STATUS
                                                   OF FEE AND EXPENSE APPLICATIONS
                                                          SUBMITTED

# EXHIBIT A

Entered on Docket
February 28, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Jessica Liou (*pro hac vice*)
3  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
4  (matthew.goren@weil.com)|
   767 Fifth Avenue
5  New York, NY 10153-0119
   Tel: 212 310 8000
6  Fax: 212 310 8007

7

8  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
9  (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
   650 California Street, Suite 1900
11 San Francisco, CA 94108
   Tel: 415 496 6723
12 Fax: 650 636 9251

13 *Proposed Attorneys for Debtors
   and Debtors in Possession*

14

Signed and Filed: February 27, 2019

DENNIS MONTALI
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

17

18 **In re:**

19 **PG&E CORPORATION,**

20    **- and -**

21 **PACIFIC GAS AND ELECTRIC
   COMPANY,**

22                **Debtors.**

23 ☐   Affects PG&E Corporation

24 ☐   Affects Pacific Gas and Electric
       Company

25 ☑   Affects both Debtors

26 * *All papers shall be filed in the Lead Case,
   No. 19-30088 (DM).*

27

|  |  |
|---|---|
| Bankruptcy Case No. 19-30088 (DM) | |
| Chapter 11 (Lead Case) (Jointly Administered) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 331 AND 105(a) AND FED. R. BANKR. P. 2016 FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Upon the Motion, dated February 6, 2019 (the "**Motion**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 331 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order establishing an orderly and regular process for interim and monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Wells Declaration (as amended on February 2, 2019 [Docket No. 263]); and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.  The Motion is granted, as provided herein.

2.  Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals and members of any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following Interim Compensation Procedures:

*Monthly Fee Statements*

(a)  On or after the 30th day of each calendar month, following the month for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a monthly statement, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Statement**"). Retained Professionals may submit the first Monthly Fee Statement, covering the period from the Petition Date through February 28, 2019, on or after April 1, 2019.

(b)  Each Retained Professional shall properly serve a copy of such Monthly Fee Statement on the following parties (collectively, the "**Notice Parties**"):

(1)  the Debtors c/o Pacific Gas & Electric Company, 77 Beale Street, San Francisco, CA 94105 (Attn: Janet Loduca, Esq.);

(2)  the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Rachael Foust, Esq.) and Keller & Benvenutti LLP, 650 California Street, Suite 1900, San Francisco, CA 94108 (Attn: Tobias S. Keller, Esq. and Jane Kim, Esq.);

(3)  the Office of the United States Trustee for Region 17, 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, CA 94102 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.);

(4)    counsel for the Official Committee of Unsecured Creditors, Milbank LLP, 55 Hudson Yards, New York, NY 10001-2163 (Attn: Dennis F. Dunne, Esq. and Sam A. Khalil, Esq.) and 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Paul S. Aronzon, Esq., Gregory A. Bray, Esq., and Thomas R. Kreller, Esq.);

(5)    counsel for the Official Committee of Tort Claimants, Baker & Hostetler LLP, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 (Attn: Eric Sagerman, Esq. and Cecily Dumas, Esq.); and

(6)    counsel to any other statutory committee appointed in these Chapter 11 Cases.

(c)    Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**" and, together with the Local Guidelines, collectively, the '**Fee Guidelines**").

(d)    The deadline to object to any Monthly Fee Statement is 4:00 p.m. (prevailing Pacific Time) on the 21st day (or the next business day if such day is not a business day) following the date the Monthly Fee Statement is served (the "**Objection Deadline**").

(e)    To object to a Retained Professional's Monthly Fee Statement, the party must (i) file a written objection on or before the Objection Deadline and (ii) serve the objection upon the affected Retained Professional and the Notice Parties on or before the Objection Deadline.

(f)    Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to objection. After a Retained Professional files a CNO, the Debtors will pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.

(g) If a portion of the fees and expenses requested in a Monthly Fee Statement is subject to an objection and the parties are unable to reach a consensual resolution, the Retained Professional may (i) request the Court approve the amounts subject to objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved objections.

### *Interim Fee Applications*

(a) At four-month intervals or such other intervals convenient to the Court, Retained Professionals may file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding interim period (the "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through May 31, 2019.

(b) Retained Professionals will file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(c) The Interim Fee Application will include a brief description identifying the following:

    (1) the Monthly Fee Statements that are the subject of the request;

    (2) the amount of fees and expenses requested;

    (3) the amount of fees and expenses paid to date or subject to an objection;

    (4) the deadline for parties to file objections to the Interim Fee Application ("**Additional Objections**"); and

    (5) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or the Fee Guidelines.

(d) Additional Objections to any Interim Fee Application will be filed and served upon the affected Retained Professional and the Notice Parties so as to be received on or before 4:00 p.m. (prevailing Pacific Time) on the 20th day (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(e) Each Retained Professional will properly serve its Interim Fee Application and final fee application upon the Notice Parties. Each Retained Professional will properly serve a notice of hearing on its Interim Fee Application and final fee

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice shall be necessary.

(f)    The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every four months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

(g)    A pending objection to compensation or reimbursement of any Retained Professional does not disqualify a Retained Professional from future compensation or reimbursement.

(h)    Any Retained Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will not receive further interim compensation or reimbursement until the Retained Professional submits any outstanding Monthly Fee Statements or Interim Fee Applications. There are no other penalties for failing to file a Monthly Fee Statement or Interim Fee Application.

(i)    Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file an objection, will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(j)    No Retained Professional may serve a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

(a)    The attorneys for any Committees may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such Committee; *provided that* these reimbursement requests must comply with the Fee Guidelines.

3.    The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided that* amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Debtors shall serve a copy of this Order on each of the Retained Professionals.

6. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in the Chapter 11 Cases.

7. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**END OF ORDER**

# EXHIBIT B



1 | TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee

Signed and Filed: May 28, 2019

2 | MARTA E. VILLACORTA (NY SBN 4918280)
Trial Attorney

3 | United States Department of Justice
Office of the U.S. Trustee

4 | 450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA 94102

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

5 | Telephone: (415) 705-3333
Facsimile: (415) 705-3379

6 | Email: marta.villacorta@usdoj.gov

7 | Attorneys for Andrew R. Vara,
Acting United States Trustee for Region 3[1]

8

9 | **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

10

11 | In re: | Bankruptcy Case
No. 19-30088 (DM)

12 | **PG&E CORPORATION**,

13 | - and - | Chapter 11

14 | **PACIFIC GAS AND ELECTRIC**
**COMPANY**, | (Lead Case)

15 | | (Jointly Administered)

16 | **Debtors**. |

17 | ☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors | Date: May 22, 2019
Time: 9:30 a.m.
Place: Hon. Dennis Montali

18 | | 450 Golden Gate Avenue
16th Floor, Courtroom 17

19 | *\* All papers shall be filed in the lead case,
No. 19-30088 (DM)* | San Francisco, CA 94102
[ECF No. 1370]

20

21 | **ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES**
**FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

22

23

24 | Upon consideration of the Motion of the United States Trustee for Order Appointing Fee

25 | Examiner and Establishing Procedures for Consideration of Requested Compensation and

26 | Reimbursement of Expenses (the "Motion"), the recommendation of the United States Trustee (the

27

28

---

[1]Andrew R. Vara, Acting United States Trustee for Region 3, is acting in this appointment for Tracy Hope Davis, United States Trustee for Region 17, who has recused herself.

Page -1-

Case: 19-30088    Doc# 2285    Filed: 05/29/19    Entered: 05/29/19 20:06:37    Page 1 of 164
Case: 19-30088    Doc# 2267    Filed: 05/24/19    Entered: 05/24/19 23:18:14    Page 16 of 44

"U.S. Trustee") to appoint Bruce A. Markell as the Fee Examiner in these Chapter 11 cases, the *Order Authorizing Debtors to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order", ECF No. 701),[2] the Statement of the Fee Examiner, ECF No. 2231; and given that the size and complexity of the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") likely will result in the filing of numerous, fee applications; and it appearing that the appointment of a fee examiner is appropriate pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the Federal Rules of Evidence, Bankruptcy Local Rule 9014-1(b)(1)(D) of the United States Bankruptcy Court for the Northern District of California (the "Local Rules"); and it further appearing that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the U.S. Constitution,

**IT IS HEREBY ORDERED THAT:**

1. Bruce A. Markell is appointed and shall be employed as the Fee Examiner in these Chapter 11 Cases. Based upon the Declaration of Bruce A. Markell in Support of the Motion, Professor Markell does not hold or represent an interest adverse to the estate and is a disinterested person as defined under the Bankruptcy Code.

2. Unless otherwise ordered by this Court, this Order shall apply to all professionals in these Chapter 11 Cases requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 330 and 331, but excluding (i) ordinary course professionals employed by the Debtors in accordance with the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328,*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

*and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [ECF No. 707] (the "OCP Order"),[3] and (ii) members of the Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants (collectively, the "Committees") appointed in these Chapter 11 Cases, on account of such members' applications for reimbursement of expenses incurred in such capacity.

   3.  The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that: concurrently with the filing of each Monthly Fee Statement, each Interim Fee Application, and each final fee application ("Final Fee Application" and collectively with Monthly Fee Statements and Interim Fee Statements, the "Applications," and each an "Application"), the professional filing such Application ("Applicant") shall send to the Fee Examiner by electronic mail the Application and all supporting documents, in a format or formats set forth in any protocol promulgated by the Fee Examiner ("Protocol"). The Application shall contain the fee detail containing the time entries and the expense detail (the "Fee Detail") in a searchable electronic format specified in any Protocol (such as Ledes). An Applicant need not send the Fee Examiner the Fee Detail for any Interim Fee Application or Final Fee Application if such Applicant has previously submitted all of the Fee Detail relevant to such Interim Fee Application Request or Final Fee Application to the Fee Examiner in an acceptable electronic format, whether in conjunction with the relevant Monthly Fee Application or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats specified in the Protocol, the Fee Examiner will work with such Applicant to find an appropriate electronic format..

---

[3] To the extent any professionals employed pursuant to the OCP Order are required to file formal fee applications with this Court pursuant to the terms of the OCP Order, the fees and expenses of such professional set forth in such formal fee application shall be reviewed by the Fee Examiner as set forth herein.

Case: 19-30088 Doc# 2765 Filed: 06/24/20 Entered: 06/24/20 23:18:17 Page 3 of 16

4.      All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 21 days of entry of this Order.  All previously filed Applications, all future Applications, and all other documents, notices, or pleadings required to be sent to or served upon any Notice Party under the Interim Compensation Order on and after the date hereof, shall be served upon the Fee Examiner at the following address: Bruce A. Markell, 541 N. Fairbanks Ct., Ste 2200, Chicago, IL 60611-3710; email:  bamexampge@gmail.com.

5.      The Interim Compensation Order is hereby modified to permit the Fee Examiner to have the status of a professional who may object to Applications.  In accordance with the Interim Compensation Order, upon the expiration of the Objection Deadline, each professional (including the Fee Examiner) shall be permitted to file a certificate of no objection with this Court after which the Debtors are authorized to pay each professional an amount equal to the 80% of the fees and 100% of the expenses requested in the Monthly Fee Application that are not subject to an objection pursuant to the procedures set forth in the Interim Compensation Order, including an informal objection or inquiry by the Fee Examiner.

6.      The Fee Examiner shall:

   a.   establish, subject to court review and approval, a  Protocol, which shall contain procedures for the submission and consideration of monthly invoices, Interim Fee Applications, and Final Fee Applications filed by each Applicant in these Chapter 11 Cases;

   b.   review Monthly Invoices, Interim Fee Applications and Final Fee Applications filed by each Applicant in these Chapter 11 Cases (along with the Fee Detail related thereto), and to the extent possible, the Fee Examiner shall avoid duplicative review;

   c.   during the course of his review of an Application, consult, as he deems appropriate, with each Applicant concerning such Application;

d.  during the course of his review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;[4]

e.  within twenty-one (21) days after an Applicant files an Interim Fee Application or Final Fee Application, serve an initial report (the "Initial Report") on the Applicant designed to quantify and present factual data relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of sections 328, 329, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and whether the Applicant (if required) has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines");

f.  during the period between service of the Initial Report and filing of the Final Report (as defined below), engage in written communication with each Applicant, the objective of which is to resolve matters raised in the Initial Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses.  The Fee Examiner may also use the resolution process to revise findings contained in the Initial Report.  Each Applicant may provide the Fee Examiner with written supplemental information that the Applicant believes is relevant to the Initial Report;

g.  following communications between the Fee Examiner and the Applicant and the Fee Examiner's review of any supplemental information provided by such Applicant in response to the Initial Report, conclude the informal resolution period by filing with this Court a report with respect to each Application (the "Final Report") within fourteen (14) days after the service of the Initial Report.  The Final Report shall be in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules, and whether the Applicant has made a good faith reasonable effort to comply with the U.S. Trustee Guidelines.  ; and

---

[4] The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases pursuant to Bankruptcy Rule 2002, and the Fee Examiner shall be served with all such papers.

h. serve each Final Report on counsel for the Debtors, counsel for the Committees, the U.S. Trustee, and each Applicant whose fees and expenses are addressed in the Final Report.

7. An Applicant subject to a Final Report may (i) file with this Court a response ("Final Response") to such Final Report no later than twenty-one (21) days after the Fee Examiner's service of a Final Report and request a ruling with respect to any fees and/or expenses to which an objection was made (the "Incremental Amount") at the next interim fee hearing or the final fee hearing or, in the alternative, (ii) defer filing the Final Response and request a ruling at any subsequent fee hearing, so as to allow continuing discussions with the Fee Examiner. Any Final Response shall be served upon those parties served with the Final Report and the Fee Examiner.

8. The Fee Examiner, the Applicants, and the Debtors shall use best efforts to have the undisputed portion of Applications allowed by this Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

9. An Interim Fee Application or Final Fee Application shall not be considered by this Court prior to review by the Fee Examiner and the submission to this Court of a Final Report specific to such Application, unless the Fee Examiner has expressly stated that such hearing should go forward without the Final Report being filed. If applicable, hearings on the Applications shall be scheduled by this Court in consultation with the Debtors' counsel after the filing of the applicable Final Reports by the Fee Examiner.

10. Any of the periods set forth above may be extended with the consent of the Fee Examiner, the applicable Applicant, and Debtors' counsel. Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date.

Case: 19-30088    Doc# 2765    Filed: 06/24/20    Entered: 06/24/20 23:18:14    Page 2 of
161

Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by this Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Applicants.

11.     The Fee Examiner is authorized to notice, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery in connection with any Application, including making himself available for deposition and cross-examination by the Debtors, the Committees, the U.S. Trustee, and other interested parties consistent with Rule 706 of the Federal Rules of Evidence.

12.     The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327.

13.     If a Retained Professional or its client provides privileged or work product information to the Fee Examiner and identifies the confidential nature of such information to the Fee Examiner, the Fee Examiner shall treat such information as confidential.  The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney client, or other privilege.

14.     The fees and expenses of the Fee Examiner  according to the structure set forth in the Fee Examiner's declaration is approved and shall be subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, *the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, the U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the

Bankruptcy Code. The fees paid to the Fee Examiner for his services shall be determined and charged in accordance with sections 327-331 of the Bankruptcy Code and shall not include any success fees. Further, the Fee Examiner's expenses shall be subject to the information detail requirements set forth in Bankruptcy Rule 2016.

15. Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules on (i) the U.S. Trustee, (ii) counsel for the Committees, (iii) the Fee Examiner, (iv) counsel for the legal representative for future personal injury claimants, and (v) each Retained Professional, other than ordinary course professionals, employed by the Debtors or the Committees in these Chapter 11 Cases pursuant to section 327 of the Bankruptcy Code.

16. The Fee Examiner, as an officer of the court, and those employed or paid by him with respect to this appointment shall have the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

17. Nothing in this Order shall alter or impair the right of the U.S. Trustee or any party in interest to object to Applications subject to this Order. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

18. The Debtors and the Fee Examiner are authorized to take any and all actions necessary to implement and effectuate the terms of this Order.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. In the event a chapter 11 trustee is appointed in these cases, such appointment will not terminate or otherwise modify the duties and responsibilities of the Fee Examiner. The Fee Examiner's appointment shall only be terminated or otherwise modified by entry of an Order of the Court.

Case: 19-30088    Doc# 2765    Filed: 06/24/20    Entered: 06/24/20 20:06:37    Page 23
of 164

21.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.  Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.


**\*\*END OF ORDER\*\***

1

COURT SERVICE LIST

2

Federal Energy Regulatory Commission

3

Attn: General Counsel
888 First St NE

4

Washington, DC 20426

5

Internal Revenue Service

6

Centralized Insolvency Operation
2970 Market St

7

Philadelphia, PA 19104-5016

8

John A. Vos

9

1430 Lincoln Avenue
San Rafael, CA 94901

10

11

Office of the United States Attorney
for the Northern District of California

12

Attn: Bankruptcy Unit
Federal Courthouse

13

450 Golden Gate Avenue
San Francisco, CA 94102

14

15

Placer County Office of the Treasurer-Tax Collector
Attn: Robert Kanngiesser

16

2976 Richardson Drive
Auburn, CA 95603

17

18

U.S. Nuclear Regulatory Commission
Attn: General Counsel

19

U.S. NRC Region IV
1600 E. Lamar Blvd.

20

Arlington, TX 76011

21

U.S. Nuclear Regulatory Commission

22

Attn: General Counsel
Washington, DC 20555-0001

23

24

25

26

27

28

# EXHIBIT C



**Signed and Filed: December 18, 2019**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Bankruptcy Case |
| | ) No. 19-30088-DM |
| PG&E CORPORATION, | ) |
| | ) Chapter 11 |
| - and - | ) |
| | ) Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| ☐ Affects PG&E Corporation | ) Date:  October 7, 2019 |
| ☐ Affects Pacific Gas and | ) Time:  10:00 AM |
|      Electric Company | ) Place: Courtroom 17 |
| ☒ Affects both Debtors | )          450 Golden Gate Ave. |
| | )          16th Floor |
| *All papers shall be filed in* | )          San Francisco, CA |
| *the Lead Case, No. 19-30088 (DM).* | ) |
| | ) |

**AMENDED[1] ORDER GRANTING FEE EXAMINER'S**
**MOTION TO APPROVE FEE PROCEDURES**

On May 28, 2019, this court entered an order appointing Bruce A. Markell as the Fee Examiner in these chapter 11 cases. In accordance with that order, the Fee Examiner filed a Notice of Terms of Protocol Regarding Submission of Fee Applications on

---

[1] The court has revised paragraph 2(b) for clarity. The revisions are noted in bold.

-1-

August 30, 2019 ("Protocol") (dkt. 3762). On September 19, 2019, the Fee Examiner filed the underlying Motion to Approve Fee Procedures ("Fee Procedures Motion") (dkt. 3950) seeking court approval of procedures set forth in the Protocol. Nine law firms filed a joint response (dkt. 4064) and Milbank LLP (dkt. 4050) filed a separate response opposing several material terms of the Protocol and the Fee Procedures Motion. The United States Trustee ("UST") filed a response (dkt. 4025) largely supporting the Fee Procedures Motion, which The Utility Reform Network (dkt. 4475) joined.

After issuing a tentative ruling on October 6, 2019, the court held a hearing on the Fee Procedures Motion in support of the Fee Examiner's motion to approve fee procedures (dkt. 3950) the following day. The court encouraged the Fee Examiner and those parties responding to the Protocol and Fee Procedures Motion to meet and confer to attempt to resolve their disputes as to the terms of proposed Protocol.

On October 24, 2019, the Fee Examiner filed a reply (dkt. 4475) indicating that the parties had negotiated the terms of a revised protocol, thereby addressing all issues except the ability of professionals to bill for non-working travel. On the same date, Debtors filed a copy of the Revised Protocol and a red-lined version of the Revised Protocol (dkt. 4473). Section 5.1.8 (Travel Billing) provides two alternates:

> Alternate Provision 1: Non-working travel time is compensable at 50% of the Biller's standard hourly rate.

> Alternate Provision 2: Non-working travel time is compensable as provided in the existing Local Guidelines and Court Guidelines.

-2-

(dkt. 4473-1 at ECF pg. 10).

The court's position on nonworking travel time has been published and in place for over eighteen years. Consistency and predictability are important and will not be disturbed absent good reason.  All employed professionals took on their assignments in these cases with knowledge or at least notice of the court's requirements in this area.  None sought relief at the outset of their employment.  Those who chose to adopt a 50% non-working travel time protocol did so at their own risk. "Better to ask forgiveness than permission" will not carry the day.  The Court will not deviate from its existing Practices & Procedures, and will allow only two hours to be billed for non-working airplane travel time.  *See PRACTICES AND PROCEDURES IN JUDGE MONTALI'S COURT (July 2018)* at III(I), page 12 (available at http://www.canb.uscourts.gov/procedure/montali/judge-montalis-practices-and-procedures).

In light of the foregoing, and good cause appearing therefor, it is hereby ORDERED that:

1.  The Fee Examiner's Motion to set Fee Procedures is granted as provided herein.

2.  As to any currently pending interim fee application (defined as any interim fee application filed before November 15, 2019):

    a.  Only the Fee Examiner shall have authority to set a hearing date, and such dates shall be set under the provisions of Paragraph 9 of the Order Appointing Fee Examiner, i.e., after a final

-3-

report, in coordination with Debtors' counsel, and grouped to advance judicial economy.

b.    If a fee applicant and the Fee Examiner have reached a compromise, a hearing should be set on the same basis and be coordinated with other fee hearings, so that hearings are grouped to advance judicial economy. **Any hearing on a fee application exceeding $1,000 shall be heard on 21 days notice as required by Fed. R. Bankr. Pro. 2002(a)(6) and the notice of hearing shall comply with Fed. R. Bankr. Pro. 2002(c)(2). Additionally, the notice should set forth the deadline for objections, identify the amount applied for, the amount of any compromise with the Fee Examiner, and the net amount claimed. The notice should also state that all professionals may appear via CourtCall.**

3.    As to future cycles of interim fee applications, the following procedures shall be implemented;

a.    Interim fee applications shall be considered every four months, as provided for in the Order [Establishing] Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered on February 28, 2019 (dkt. 701). The next deadline to file an interim fee application shall be March 15, 2020, and future interim applications may be filed at four-month intervals.  If an interim fee application is

-4-

filed after the deadline, it will be deemed filed
at the next interval.  Each application will
cover fees and expenses incurred through the end
of the second full month preceding the deadline.

   b.  In the discretion of the Fee Examiner, the
       hearing dates on the interim applications will be
       grouped into three blocks as follows:

       i.  The "core" debtors' counsel and committee
           counsel (Keller Benvenutti, Weil Gotshal,
           Cravath, Milbank, and Baker Hostetler);

       ii. Debtors' other legal counsel subject to fee
           examination; and

      iii. Non-legal professionals.

4. The Fee Examiner will determine when each block is set
   for hearing, attempting to do so in a manner
   respecting judicial economy and the efficient use of
   Fee Applicants' time.  The Fee Examiner may set each
   block on a different day.  The goal is to group
   applications such that duplication of effort can be
   more easily detected (if it exists), and to also
   spread out the work of the Fee Examiner and his
   limited staff.

5. Any Revised Protocol agreed to by the parties should
   provide "Non-working travel time is compensable as
   provided in the existing Local Rules and Court
   Guidelines."

**\*\*END OF ORDER\*\***

-5-

# EXHIBIT D

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| **AP Services** | First Monthly | 5/29/19 | 2273 | $45,887.00 | |
| | Second Monthly | 6/18/19 | 2587 | $46,221.00 | |
| | Third Monthly | 7/5/19 | 2873 | $46,524.00 | |
| | Fourth Monthly | 8/1/19 | 3357 | $47,035.00 | |
| | Fifth Monthly | 8/30/19 | 3760 | $47,467.00 | |
| | Sixth Monthly | 10/1/19 | 4043 | $47,782.00 | |
| | Seventh Monthly | 10/31/19 | 4537 | $48,306.00 | |
| | Eight Monthly (Amended | 12/6/19 | 5010 | $48,815.00 | |
| | Ninth Monthly | 1/10/20 | 5335 | $49,175.00 | |
| | Tenth Monthly | 1/30/20 | 5559 | $49,419.00 | |
| | Eleventh Monthly | 3/9/20 | 6197 | $50,096.00 | |
| | Twelfth Monthly | 4/7/20 | 6668 | $50,596.00 | $577,323.00 |
| | | | | | |
| **Axiom Advisors** | First Interim | 3/13/20 | 6281 | $275,387.91 | $275,387.91 |
| | | | | | |
| **Baker, Lynn** | First Interim | 3/16/20 | 6325 | $720.00 | |
| | Second Monthly | 5/1/20 | 7044 | $44,280.00 | |
| | Third Monthly | 6/1/20 | 7698 | $12,720.00 | $57,000.00 |
| | | | | | |
| **Baker & Hostetler** | First Interim | 7/15/19 | 2995 | $7,424,281.74 | |
| | Second Interim | 11/14/19 | 4733 | $13,627,087.13 | |
| | Third Interim | 3/13/20 | 6286 | $18,827,171.17 | |
| | Thirteenth Monthly | 3/30/20 | 6514 | $3,781,773.10 | |
| | Fourteenth Monthly | 4/30/20 | 7000 | $4,026,324.98 | |
| | Fifteenth Monthly | 6/1/20 | 7676 | $3,745,569.43 | $51,432,207.55 |
| | | | | | |
| **Berman and Todder** | First Interim | 10/22/19 | 4383 | $396,292.40 | |
| | Second Interim | 11/13/19 | 4705 | $381,582.33 | |
| | Third Interim | 3/11/20 | 6252 | $376,556.82 | |
| | Ninth Monthly | 3/30/20 | 6517 | $95,656.40 | |
| | Tenth Monthly | 4/30/20 | 7008 | $115,784.40 | |
| | Eleventh Monthly | 6/1/20 | 7683 | $95,541.60 | $1,461,413.95 |
| | | | | | |
| **Centerview Partner** | First Interim | 11/14/19 | 4725 | $1,119,526.46 | |
| | Second Interim | 11/14/19 | 4750 | $1,059,531.95 | |
| | Third Interim | 3/13/20 | 6279 | $1,006,997.45 | |
| | Thirteenth Monthly | 4/6/20 | 6648 | $259,377.91 | |
| | Fourteenth Monthly | 4/28/20 | 6965 | $250,344.77 | |
| | Fifteenth Monthly | 5/29/20 | 7653 | $250,000.00 | $3,945,778.54 |
| | | | | | |
| **Coblentz Patch Duft** | First Interim | 11/14/19 | 4754 | $1,043,409.64 | |
| | Second Interim | 3/16/20 | 6306 | $759,988.35 | |
| | Supplemental Monthly (D | 3/6/20 | 6169 | $42,855.48 | |
| | Thirteenth Monthly | 3/31/20 | 6555 | $171,633.90 | |
| | Fourteenth Monthly | 4/30/20 | 7015 | $213,720.88 | |
| | Fifteenth Monthly | 6/1/20 | 7689 | $219,535.95 | $2,451,144.20 |
| | | | | | |
| **Cravath, Swaine, &** | First Interim | 8/23/19 | 3683 | $31,365,160.82 | |
| | Second Interim | 11/18/19 | 4804 | $39,754,134.21 | |
| | Third Interim | 3/16/20 | 6334 | $54,635,354.86 | |
| | Thirteenth Monthly | 4/28/20 | 6974 | $4,445,689.75 | $130,200,339.64 |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| Deloitte & Touche L | First Interim | 1/17/20 | 5402 | $2,206,393.09 | |
| | Second Interim | 2/11/20 | 5729 | $4,187,122.57 | |
| | Sixth Monthly | 3/2/20 | 5985 | $587,166.41 | |
| | Seventh Monthly | 3/31/20 | 6559 | $406,066.00 | |
| | Eighth Monthly | 4/15/20 | 6767 | $410,182.50 | |
| | Ninth Monthly | 5/4/20 | 7061 | $1,227,276.50 | |
| | Tenth Monthly | 6/1/20 | 7684 | $1,138,238.50 | $10,162,445.57 |
| | | | | | |
| Development Specia | First Interim | 11/14/19 | 4731 | $1,123,906.89 | |
| | Second Interim | 3/13/20 | 6296 | $806,384.83 | $1,930,291.72 |
| | | | | | |
| Dundon Advisers | First & Final Interim | 11/14/19 | 4727 | $127,733.44 | $127,733.44 |
| | | | | | |
| FTI Consulting | First Interim | 7/22/19 | 3137 | $5,837,129.38 | |
| | Second Interim | 11/14/19 | 4734 | $6,041,223.54 | |
| | Third Interim | 3/13/20 | 6280 | $3,949,497.29 | |
| | Thirteenth Monthly | 4/8/20 | 6701 | $748,535.90 | |
| | Fourteenth Monthly | 5/7/20 | 7089 | $773,789.07 | $17,350,175.18 |
| | | | | | |
| Groom Law Group | First Interim | 3/13/20 | 6283 | $847,717.86 | |
| | Fifth Monthly | 5/1/20 | 7047 | $132,471.90 | $980,189.76 |
| | | | | | |
| Hunton Andrews Ku | First Monthly | 4/3/20 | 6621 | $558,210.42 | |
| | Second Monthly | 5/5/20 | 7071 | $560,181.27 | $1,118,391.69 |
| | | | | | |
| Jenner & Block | First Interim | 8/8/19 | 3465 | $3,506,413.06 | |
| | Second Interim | 11/14/19 | 4749 | $3,015,960.36 | |
| | Third Interim | 3/16/20 | 6333 | $1,914,238.53 | |
| | Fifth Monthly | 5/8/20 | 7131 | $995,502.63 | |
| | Sixth Monthly | 5/14/20 | 7206 | $481,150.90 | $9,913,265.48 |
| | | | | | |
| Keller & Benvenutti | First Interim | 7/19/19 | 3099 | $1,149,251.79 | |
| | Second Interim | 11/14/19 | 4714 | $753,685.22 | |
| | Third Interim | 3/13/20 | 6275 | $754,311.92 | |
| | Thirteenth Monthly | 4/23/20 | 6902 | $189,070.81 | |
| | Fourteenth Monthly | 5/28/20 | 7625 | $203,913.10 | $3,050,232.84 |
| | | | | | |
| KPMG | First Interim | 7/15/19 | 2992 | $4,005,803.67 | |
| | Second Interim | 2/4/20 | 5618 | $4,634,234.45 | |
| | Eighth Monthly | 2/28/20 | 5956 | $1,749,061.39 | |
| | Ninth Monthly | 3/18/20 | 6355 | $737,065.59 | |
| | Tenth Monthly | 3/31/20 | 6563 | $1,434,102.69 | |
| | Eleventh Monthly | 5/22/20 | 7475 | $1,477,423.63 | $14,037,691.42 |
| | | | | | |
| Latham & Watkins I | First Monthly | 4/30/20 | 7017 | $1,607,878.16 | $1,607,878.16 |
| | | | | | |
| Lazard Freres & Co. | First Interim | 9/30/19 | 4034 | $1,134,599.53 | |
| | Third Monthly | 10/11/19 | 4192 | $486,460.68 | |
| | Fourth Monthly | 11/21/19 | 4834 | $412,808.64 | |
| | Fifth Monthly | 11/26/19 | 4871 | $338,012.35 | |
| | Sixth Monthly | 1/22/20 | 5448 | $338,498.27 | |
| | Seventh Monthly | 1/30/20 | 5560 | $399,007.83 | |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| | Eighth Monthly | 2/6/20 | 5677 | $504,314.20 | |
| | Ninth Monthly | 3/23/20 | 6422 | $317,859.47 | |
| | Tenth Monthly | 4/28/20 | 6961 | $327,492.51 | |
| | Eleventh Monthly | 5/20/20 | 7434 | $332,007.09 | $4,591,060.57 |
| | | | | | |
| **Lincoln Partners Ad** | First Interim | 11/8/19 | 4633 | $3,088,362.68 | |
| | Second Interim | 11/14/19 | 4724 | $4,966,257.49 | |
| | Third Interim | 3/16/20 | 6313 | $4,728,323.48 | |
| | Eleventh Monthly | 3/30/20 | 6527 | $1,430,515.57 | |
| | Twelfth Monthly | 4/24/20 | 6933 | $1,767,203.92 | $15,980,663.14 |
| | | | | | |
| **MacConaghy & Barnier** | | | | | $0.00 |
| | | | | | |
| **Milbank** | First Interim | 7/19/19 | 3107 | $7,510,081.28 | |
| | Second Interim | 11/14/19 | 4723 | $15,975,574.86 | |
| | Third Interim | 3/13/20 | 6278 | $7,435,052.08 | |
| | Thirteenth Monthly | 4/20/20 | 6797 | $1,376,350.91 | |
| | Fourteenth Monthly | 5/18/20 | 7373 | $1,620,837.73 | $33,917,896.86 |
| | | | | | |
| **Morrison & Foerster** | First Monthly (Consolida | 9/24/19 | 3991 | $1,359,762.67 | |
| | Second Monthly | 11/7/19 | 4598 | $148,127.40 | |
| | Supplemental | 1/15/20 | 5382 | $73,262.05 | |
| | Third Monthly | 2/4/20 | 5605 | $201,520.29 | |
| | Fourth Monthly | 2/12/20 | 5757 | $332,996.02 | |
| | Fifth Monthly | 2/14/20 | 5779 | $641,794.21 | |
| | Sixth Monthly | 3/24/20 | 6456 | $223,049.34 | |
| | Seventh Monthly | 4/17/20 | 6792 | $202,847.30 | |
| | Eighth Monthly | 4/28/20 | 6972 | $62,940.04 | |
| | Ninth Monthly | 5/14/20 | 7202 | $137,409.59 | |
| | Tenth Monthly | 5/21/20 | 7457 | $80,635.83 | $3,464,344.74 |
| | | | | | |
| **Munger Tolles & Ols** | First Interim | 7/15/19 | 2996 | $6,852,723.30 | |
| | Second Interim | 11/15/19 | 4758 | $9,367,739.63 | |
| | Third Interim | 3/16/20 | 6327 | $15,337,050.48 | |
| | Tenth Monthly | 4/20/20 | 6812 | $3,279,743.23 | |
| | Eleventh Monthly | 5/18/20 | 7404 | $3,428,315.15 | |
| | Twelfth Monthly | 6/1/20 | 7693 | $2,540,152.83 | $40,805,724.62 |
| | | | | | |
| **Pricewaterhouse Co** | First Monthly | 7/1/19 | 2802 | $3,664,190.63 | |
| | Second Monthly | 7/1/19 | 2803 | $3,815,952.84 | |
| | Third Monthly | 7/1/19 | 2805 | $1,346,214.52 | |
| | Fourth Monthly | 10/4/19 | 4111 | $769,093.39 | |
| | Fifth Monthly | 10/24/19 | 4459 | $929,261.28 | |
| | Sixth Monthly | 12/31/19 | 5228 | $4,899,393.71 | |
| | Seventh Monthly | 12/31/19 | 5229 | $143,538.50 | |
| | Eighth Monthly | 12/31/19 | 5230 | $2,701,809.74 | |
| | Ninth Monthly | 12/31/19 | 5231 | $1,216,959.00 | $19,486,413.61 |
| | | | | | |
| **Prime Clerk** | First Monthly (Combined | 1/31/20 | 5575 | $5,678.40 | |
| | Second Monthly | 3/2/20 | 5993 | $20,634.00 | |
| | Third Monthly | 4/1/20 | 6584 | $26,286.31 | |
| | Fourth Monthly | 5/1/20 | 7042 | $86,806.58 | |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| | Fifth Monthly | 6/1/20 | 7688 | $272,687.80 | $412,093.09 |
| | | | | | |
| **Simpson Thacher &** | First Interim | 7/23/19 | 3157 | $948,211.35 | |
| | Second Interim | 11/15/19 | 4767 | $2,889,854.10 | |
| | Third Interim | 3/16/20 | 6331 | $2,778,931.73 | |
| | Tenth Monthly | 3/30/20 | 6533 | $647,606.71 | |
| | Eleventh Monthly | 4/30/20 | 7012 | $918,195.27 | |
| | Twelfth Monthly | 5/29/20 | 7655 | $762,731.90 | $8,945,531.06 |
| | | | | | |
| **Steptoe & Johnson L** | First Monthly | 5/12/20 | 7160 | $340,282.53 | $340,282.53 |
| | | | | | |
| **Trident DMG** | First Interim | 11/14/19 | 4721 | $128,194.35 | |
| | Second Interim | 3/13/20 | 6297 | $155,564.30 | |
| | Eighth Monthly | 4/1/20 | 6577 | $35,000.00 | |
| | Ninth Monthly | 4/30/20 | 7016 | $35,087.50 | |
| | Tenth Monthly | 6/1/20 | 7690 | $35,000.00 | $388,846.15 |
| | | | | | |
| **Weil Gotshal** | First Interim | 7/15/19 | 2988 | $3,793,947.59 | |
| | Second Interim | 11/14/19 | 4739 | $13,941,396.47 | |
| | Third Interim | 4/6/20 | 6643 | $10,641,695.61 | |
| | Thirteenth Monthly | 5/3/20 | 7180 | $3,660,980.85 | $32,038,020.52 |
| | | | | | |
| **Willis Towers Wats** | First Monthly (Consolida | 11/5/19 | 4584 | $358,428.23 | |
| | Second Monthly (Consol | 3/4/20 | 6055 | $97,989.27 | $456,417.50 |
| | | | | | |
| | Total Amounts Requested: | | | | $411,506,184.44 |

# EXHIBIT E

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | Reduction Agreed |
|---|---|---|---|---|---|
| Baker & Hostetler | First Interim | 7/15/19 | 2995 | $7,424,281.74 | $370,716.33 |
| Berman and Todder | First Interim | 10/22/19 | 4383 | $396,292.40 | $10,000.00 |
| Coblentz Patch Duff | First Interim | 11/14/19 | 4754 | $1,043,409.64 | $30,000.00 |
| Cravath, Swaine, & | First Interim | 8/23/19 | 3683 | $31,365,160.82 | $1,300,000.00 |
| Development Specia | First Interim | 11/14/19 | 4731 | $1,123,906.89 | $55,000.00 |
| Dundon Advisers | First & Final Interim | 11/14/19 | 4727 | $127,733.44 | $3,000.00 |
| FTI Consulting | First Interim | 7/22/19 | 3137 | $5,837,129.38 | $50,000.00 |
| Jenner & Block | First Interim | 8/8/19 | 3465 | $3,506,413.06 | $75,000.00 |
| KPMG | First Interim | 7/15/19 | 2992 | $4,005,803.67 | $50,000.00 |
| Lincoln Partners Ad | First Interim | 11/8/19 | 4633 | $3,088,362.68 | $125,000.00 |
| Munger Tolles & Ols | First Interim | 7/15/19 | 2996 | $6,852,723.30 | $210,000.00 |
|  | Second & Third Interim | 11/15/2019 & 3/16/ | 4758 & 6327 | $24,704,790.11 | $850,000.00 |
| Simpson Thacher & | First Interim | 7/23/19 | 3157 | $948,211.35 | $82,000.00 |
| Trident DMG | First Interim | 11/14/19 | 4721 | $128,194.35 | $500.00 |
| Weil Gotshal | First Interim | 7/15/19 | 2988 | $3,793,947.59 | $420,000.00 |
|  |  |  |  |  |  |
|  | Total Reductions |  |  | $94,346,360.42 | $3,631,216.33 |

# EXHIBIT F

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| **AP Services** | First Monthly | 5/29/19 | 2273 | $45,887.00 | |
| | Second Monthly | 6/18/19 | 2587 | $46,221.00 | |
| | Third Monthly | 7/5/19 | 2873 | $46,524.00 | |
| | Fourth Monthly | 8/1/19 | 3357 | $47,035.00 | |
| | Fifth Monthly | 8/30/19 | 3760 | $47,467.00 | |
| | Sixth Monthly | 10/1/19 | 4043 | $47,782.00 | |
| | Seventh Monthly | 10/31/19 | 4537 | $48,306.00 | |
| | Eight Monthly (Amended | 12/6/19 | 5010 | $48,815.00 | |
| | Ninth Monthly | 1/10/20 | 5335 | $49,175.00 | |
| | Tenth Monthly | 1/30/20 | 5559 | $49,419.00 | |
| | Eleventh Monthly | 3/9/20 | 6197 | $50,096.00 | |
| | Twelfth Monthly | 4/7/20 | 6668 | $50,596.00 | $577,323.00 |
| | | | | | |
| **Baker, Lynn** | First Interim | 3/16/20 | 6325 | $720.00 | |
| | Second Monthly | 5/1/20 | 7044 | $44,280.00 | |
| | Third Monthly | 6/1/20 | 7698 | $12,720.00 | $57,000.00 |
| | | | | | |
| **Baker & Hostetler** | Thirteenth Monthly | 3/30/20 | 6514 | $3,781,773.10 | |
| | Fourteenth Monthly | 4/30/20 | 7000 | $4,026,324.98 | |
| | Fifteenth Monthly | 6/1/20 | 7676 | $3,745,569.43 | $11,553,667.51 |
| | | | | | |
| **Berman and Todder** | Ninth Monthly | 3/30/20 | 6517 | $95,656.40 | |
| | Tenth Monthly | 4/30/20 | 7008 | $115,784.40 | |
| | Eleventh Monthly | 6/1/20 | 7683 | $95,541.60 | $306,982.40 |
| | | | | | |
| **Centerview Partners** | Thirteenth Monthly | 4/6/20 | 6648 | $259,377.91 | |
| | Fourteenth Monthly | 4/28/20 | 6965 | $250,344.77 | |
| | Fifteenth Monthly | 5/29/20 | 7653 | $250,000.00 | $759,722.68 |
| | | | | | |
| **Coblentz Patch Duff** | Supplemental Monthly (D | 3/6/20 | 6169 | $42,855.48 | |
| | Thirteenth Monthly | 3/31/20 | 6555 | $171,633.90 | |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| | Fourteenth Monthly | 4/30/20 | 7015 | $213,720.88 | |
| | Fifteenth Monthly | 6/1/20 | 7689 | $219,535.95 | $647,746.21 |
| | | | | | |
| Cravath, Swaine, & | Thirteenth Monthly | 4/28/20 | 6974 | $4,445,689.75 | $4,445,689.75 |
| | | | | | |
| Deloitte & Touche L | Sixth Monthly | 3/2/20 | 5985 | $587,166.41 | |
| | Seventh Monthly | 3/31/20 | 6559 | $406,066.00 | |
| | Eighth Monthly | 4/15/20 | 6767 | $410,182.50 | |
| | Ninth Monthly | 5/4/20 | 7061 | $1,227,276.50 | |
| | Tenth Monthly | 6/1/20 | 7684 | $1,138,238.50 | $3,768,929.91 |
| | | | | | |
| FTI Consulting | Thirteenth Monthly | 4/8/20 | 6701 | $748,535.90 | |
| | Fourteenth Monthly | 5/7/20 | 7089 | $773,789.07 | $1,522,324.97 |
| | | | | | |
| Groom Law Group | Fifth Monthly | 5/1/20 | 7047 | $132,471.90 | $132,471.90 |
| | | | | | |
| Hunton Andrews Ku | First Monthly | 4/3/20 | 6621 | $558,210.42 | |
| | Second Monthly | 5/5/20 | 7071 | $560,181.27 | $1,118,391.69 |
| | | | | | |
| Jenner & Block | Fifth Monthly | 5/8/20 | 7131 | $995,502.63 | |
| | Sixth Monthly | 5/14/20 | 7206 | $481,150.90 | $1,476,653.53 |
| | | | | | |
| Keller & Benvenutti | Thirteenth Monthly | 4/23/20 | 6902 | $189,070.81 | |
| | Fourteenth Monthly | 5/28/20 | 7625 | $203,913.10 | $392,983.91 |
| | | | | | |
| KPMG | Eighth Monthly | 2/28/20 | 5956 | $1,749,061.39 | |
| | Ninth Monthly | 3/18/20 | 6355 | $737,065.59 | |
| | Tenth Monthly | 3/31/20 | 6563 | $1,434,102.69 | |
| | Eleventh Monthly | 5/22/20 | 7475 | $1,477,423.63 | $5,397,653.30 |
| | | | | | |
| Latham & Watkins I | First Monthly | 4/30/20 | 7017 | | $1,607,878.16 |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| **Lazard Freres & Co.** | Third Monthly | 10/11/19 | 4192 | $486,460.68 | |
| | Fourth Monthly | 11/21/19 | 4834 | $412,808.64 | |
| | Fifth Monthly | 11/26/19 | 4871 | $338,012.35 | |
| | Sixth Monthly | 1/22/20 | 5448 | $338,498.27 | |
| | Seventh Monthly | 1/30/20 | 5560 | $399,007.83 | |
| | Eighth Monthly | 2/6/20 | 5677 | $504,314.20 | |
| | Ninth Monthly | 3/23/20 | 6422 | $317,859.47 | |
| | Tenth Monthly | 4/28/20 | 6961 | $327,492.51 | |
| | Eleventh Monthly | 5/20/20 | 7434 | $332,007.09 | $3,456,461.04 |
| **Lincoln Partners Ad** | Eleventh Monthly | 3/30/20 | 6527 | $1,430,515.57 | |
| | Twelfth Monthly | 4/24/20 | 6933 | $1,767,203.92 | $3,197,719.49 |
| **Milbank** | Third Interim | 3/13/20 | 6278 | $7,435,052.08 | |
| | Thirteenth Monthly | 4/20/20 | 6797 | $1,376,350.91 | |
| | Fourteenth Monthly | 5/18/20 | 7373 | $1,620,837.73 | $10,432,240.72 |
| **Morrison & Foerster** | First Monthly (Consolida | 9/24/19 | 3991 | $1,359,762.67 | |
| | Second Monthly | 11/7/19 | 4598 | $148,127.40 | |
| | Supplemental | 1/15/20 | 5382 | $73,262.05 | |
| | Third Monthly | 2/4/20 | 5605 | $201,520.29 | |
| | Fourth Monthly | 2/12/20 | 5757 | $332,996.02 | |
| | Fifth Monthly | 2/14/20 | 5779 | $641,794.21 | |
| | Sixth Monthly | 3/24/20 | 6456 | $223,049.34 | |
| | Seventh Monthly | 4/17/20 | 6792 | $202,847.30 | |
| | Eighth Monthly | 4/28/20 | 6972 | $62,940.04 | |
| | Ninth Monthly | 5/14/20 | 7202 | $137,409.59 | |
| | Tenth Monthly | 5/21/20 | 7457 | $80,635.83 | $3,464,344.74 |
| **Munger Tolles & Ols** | Tenth Monthly | 4/20/20 | 6812 | $3,279,743.23 | |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| | Eleventh Monthly | 5/18/20 | 7404 | $3,428,315.15 | |
| | Twelfth Monthly | 6/1/20 | 7693 | $2,540,152.83 | $9,248,211.21 |
| | | | | | |
| Pricewaterhouse Co | First Monthly | 7/1/19 | 2802 | $3,664,190.63 | |
| | Second Monthly | 7/1/19 | 2803 | $3,815,952.84 | |
| | Third Monthly | 7/1/19 | 2805 | $1,346,214.52 | |
| | Fourth Monthly | 10/4/19 | 4111 | $769,093.39 | |
| | Fifth Monthly | 10/24/19 | 4459 | $929,261.28 | |
| | Sixth Monthly | 12/31/19 | 5228 | $4,899,393.71 | |
| | Seventh Monthly | 12/31/19 | 5229 | $143,538.50 | |
| | Eighth Monthly | 12/31/19 | 5230 | $2,701,809.74 | |
| | Ninth Monthly | 12/31/19 | 5231 | $1,216,959.00 | $19,486,413.61 |
| | | | | | |
| Prime Clerk | First Monthly (Combined | 1/31/20 | 5575 | $5,678.40 | |
| | Second Monthly | 3/2/20 | 5993 | $20,634.00 | |
| | Third Monthly | 4/1/20 | 6584 | $26,286.31 | |
| | Fourth Monthly | 5/1/20 | 7042 | $86,806.58 | |
| | Fifth Monthly | 6/1/20 | 7688 | $272,687.80 | $412,093.09 |
| | | | | | |
| Simpson Thacher & | Second Interim | 11/15/19 | 4767 | $2,889,854.10 | |
| | Third Interim | 3/16/20 | 6331 | $2,778,931.73 | |
| | Tenth Monthly | 3/30/20 | 6533 | $647,606.71 | |
| | Eleventh Monthly | 4/30/20 | 7012 | $918,195.27 | |
| | Twelfth Monthly | 5/29/20 | 7655 | $762,731.90 | $7,997,319.71 |
| | | | | | |
| Steptoe & Johnson L | First Monthly | 5/12/20 | 7160 | $340,282.53 | $340,282.53 |
| | | | | | |
| Trident DMG | Eighth Monthly | 4/1/20 | 6577 | $35,000.00 | |
| | Ninth Monthly | 4/30/20 | 7016 | $35,087.50 | |
| | Tenth Monthly | 6/1/20 | 7690 | $35,000.00 | $105,087.50 |
| | | | | | |

| Retained Professional | Fee Request | Date | Doc# | Amount Requested | |
|---|---|---|---|---|---|
| **Weil Gotshal** | Third Interim | 4/6/20 | 6643 | $10,641,695.61 | |
| | Thirteenth Monthly | 5/3/20 | 7180 | $3,660,980.85 | $14,302,676.46 |
| | | | | | |
| **Willis Towers Wats** | First Monthly (Consolida | 11/5/19 | 4584 | $358,428.23 | |
| | Second Monthly (Consol | 3/4/20 | 6055 | $97,989.27 | $456,417.50 |
| | | | | | |
| | Total Amounts Requested: | | | | $106,664,686.52 |