DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Brooke M. Hawes

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR BROOKE M. HAWES TO FILE PROOF OF CLAIM**<br><br>Date:      July 7, 2020<br>Time:      10:00 a.m.<br>Crtrm.:    Courtroom 17<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br>Judge:     Hon. Dennis Montali<br><br>Objection deadline:   July 2, 2020<br>                     4:00 p.m. (Pacific Time) |

    Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("Motion") Brooke M. Hawes ("Hawes" or "Movant") seeks an order expanding the time for her to file her proof of claim in these cases, a true copy of which is attached hereto as Exhibit 1. Movant (through counsel) filed her claim with Prime Clerk on June 4, 2020. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of Richard Frankel ("Frankel Decl.") in support of the Motion, and any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, Hawes, by and through her undersigned counsel, respectfully represents as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time).

This Motion concerns the claims of a fire victim, who suffered losses as a result of the Camp Fire, both personal and real property and related damages, associated with the loss of her property at 14792 Wildlife Drive, Magalia, California 95954.

Application of the so-called *Pioneer* factors shows that Movant's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Plaintiff's late filing will cause no prejudice to Debtors, inasmuch as their reorganizations are solvent and the Debtors' proposed plan provides for a finite sum to a trust for the benefit of fire victims. As to the second *Pioneer* factor, Movant's delay in asserting her claim and the potential impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, the reason for the delay was indisputably out of the Movant's control. As evidenced by the Frankel Decl. the person at Movant's law office responsible for administering the underlying claim and client intake process did not appear to have provided client and claim information through the regular office protocols. An unfortunate oversight. As soon as the error was discovered, Movant's counsel promptly filed the Proof of Claim and contacted bankruptcy counsel for assistance in seeking the instant relief. These inquiries demonstrate Movant's good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movant's neglect having been excusable, late filing of the proof of claim should be permitted.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,

the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

As set forth in the Declarations of Richard Frankel filed contemporaneously herewith, the Movant contacted Reiner, Slaughter & Frankel for representation in pursuing claims resulting from personal and real property and related damages arising out of the Camp Fire, and believed her claim was protected. Unfortunately, and thought the exact reason is unclear and lost through time, and only through oversight, it appears that the paperwork (engagement agreement, and other client intake documentation) was not input into counsel's client-management database and system, which was used as the source of data for claims filings. As soon as counsel became aware of the missed-filing, the claim was filed and prompt relief sought.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

1641163v2                                  3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); see also *In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--supports the conclusion that Movant's failure to file her proofs of claim prior to the general bar date was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors estates are solvent, and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date.") and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). The tininess of Movant's claim relative to Debtors' estates speaks to the absence of prejudice even if the estates were not solvent (which they are). *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910

(Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Beyond the Debtors' solvency, any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provides for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. Distributions have not been made, and the fire victim trust not yet funded. *See In re 50- Off Stores, Inc.*, 220 B.R. 897, 902 (Bankr. W.D. Tex. 1998) (in assessing prejudice, court distinguished between situations in which a reorganization plan is formulated, negotiated, and consummated after receipt and notice of the late-filed claim and where, as here, all of that is yet to occur).

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Movant. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Movant's late filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, again leans in favor of excusability. Movant acknowledges this Court's observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); Advanced Estimating System, Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); In re Cable & Wireless USA, Inc., 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting In re Tannen Towers Acquisition Corp., 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other

DOWNEY BRAND LLP

required. *Graphic Communications* at 5. In *Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc), cert. denied, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005), the Ninth Circuit applied *Pioneer* to hold that a district court did not abuse its discretion in finding excusable neglect when a sophisticated law firm missed a notice of appeal deadline because a paralegal has mistakenly calendared the 60-day deadline applicable to government parties instead of the correct 30-day deadline. In *In re Zilog*, which also involved a late proof of claim, a panel of the Ninth Circuit found excusable neglect based on an ambiguous email from debtor's general counsel to three unrepresented employees that the court found "was not calculated to inform the women that they needed to file their wage claims with the bankruptcy court." 450 F.3d at 1003.

The same here. The missed deadline, as an unfortunate result of internal client intake and filing protocols, should not prejudice the Movant.

Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Movant failed to act in good faith, particularly inasmuch as her counsel acted responsibly and with expedition upon realizing Movant's claim had not been filed and promptly sought relief from the court.

## CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that the Proof of Claim attached as Exhibit 1 hereto be deemed timely filed;
3. Granting such other or further relief as the Court deems just and proper.

---

parties will occur by allowing a late claim."); Matter of Papp Intern., Inc., 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing In re Sacred Heart Hos. of Norristown, 186 B.R. 891 as suggesting "the most significant [Pioneer] factor ... is that of prejudice to the debtor.").

DATED: June 5, 2020							DOWNEY BRAND LLP

									By: _____/s/ Jamie P. Dreher_____
										JAMIE P. DREHER
										Attorneys for Brooke M. Hawes