| | |
|---|---|
| 1 | **DIEMER & WEI, LLP** |
| 2 | Kathryn S. Diemer (#133977) |
|   | 55 S Market Street, Suite 1420 |
| 3 | San Jose, CA 95113 |
|   | Telephone: 408-971-6270 |
| 4 | Facsimile: 408-971-6271 |
|   | Email: kdiemer@diemerwei.com |
| 5 | |
| 6 | **WILLKIE FARR & GALLAGHER LLP** |
|   | Matthew A. Feldman (*pro hac vice*) |
| 7 | Joseph G. Minias (*pro hac vice*) |
|   | Benjamin P. McCallen (*pro hac vice*) |
| 8 | Daniel I. Forman (*pro hac vice*) |
|   | 787 Seventh Avenue |
| 9 | New York, NY 10019-6099 |
|   | Telephone: (212) 728-8000 |
| 10 | Facsimile: (212) 728-8111 |
|   | Email: mfeldman@willkie.com |
| 11 | jminias@willkie.com |
|   | bmccallen@willkie.com |
| 12 | dforman@willkie.com |

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Chapter 11 |
|  | Bankr. Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | (Jointly Administered) |
| -and- | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **OPPOSITION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' PROPOSED LANGUAGE FOR CONFIRMATION ORDER** |
| Debtors. | |
| ☐ Affects PG&E Corporation | Date: June 8, 2020 |
| ☐ Affects Pacific Gas and Electric Company | Time: 9:30 a.m. (PT) |
| ☒ Affects both Debtors | Place: United States Bankruptcy Court |
|  | Courtroom 17, 16th Floor |
| * *All papers shall be filed in the lead case, No. 19-30088 (DM)* | San Francisco, CA 94102 |

The Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, "**Debtors**"), by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei, LLP, hereby submits this opposition (the "**Opposition**") to the Official Committee of Tort Claimants' (the "**TCC**") Proposed Language for Confirmation Order on page 20 (slide 19) of Exhibit A to *The Official Committee of Tort Claimants' Submission of Argument Demonstrative* [Docket. No. 7804] (the "**TCC's Proposed Language**"). In support of this Opposition, the Ad Hoc Subrogation Group respectfully represents as follows:

## OPPOSITION

Paragraphs 40 and 41 of the proposed confirmation order filed by the plan proponents on May 26 [Docket No. 7581] (the "**Proposed Confirmation Order**") relate to Insurance Policies of the Debtors, and insurance neutrality language with respect to the Debtors' insurers. *See Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020* [Docket No. 7521] (the "**Plan**") at § 1.128 ("Insurance Policies means any insurance policies issued prior to the Effective Date to any of the Debtors . . .). The TCC's Proposed Language, however, relates to insurance policies issued by non-debtor third parties to other non-debtor third parties and serves no identifiable purpose.

The Plan already reserves rights individual insureds may have against their insurers. Section 10.9(b) of the Plan provides: "nothing herein shall be deemed to impose a release by holders of Fire Victim Claims of insurance claims arising under their insurance policies against holders of Subrogation Wildfire Claims, other than any rights such holder may elect to release as part of any settlement as set forth in Section 4.25(f)(ii) hereof." Plan, at § 10.9(b). Section 4.25(f)(ii) is the negotiated, consensual requirement that individual fire victim claimants must sign the Mutual Made Whole Release as a condition to settling with the Fire Victim Trust. Paragraph two of the Mutual Made Whole Release also preserves insureds' rights: "Parties to this Release further agree and acknowledge that the Claimant is not releasing any claims, except and only to the extent set forth above [*i.e.* the made-whole release], they might have against the Insurer . . .". Plan, at Exhibit C, ¶2.

Accordingly, the Ad Hoc Subrogation Group opposes the addition of the TCC's Proposed Language to the Proposed Confirmation Order. The issues counsel to the TCC is trying to address with the new language have been negotiated, resolved and are addressed elsewhere. The TCC has failed to articulate what issue or disagreement is resolved by the new language, and, to the extent the TCC's Proposed Language differs from other negotiated language, it adds ambiguity rather than resolves issues.

Dated: June 6, 2020

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
 jminias@willkie.com
 bmccallen@willkie.com
 dforman@willkie.com

**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
55 S Market Street, Suite 1420
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*