William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                   Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**WILLIAM B. ABRAMS OPPOSITION TO THE NOTICE OF FILING OF DRAFT DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN [Dkt. 7814] GIVEN NEW EVIDENCE PROVIDED IN THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' SUBMISSION OF ARGUMENTS DEMONSTRATIVE [DKT. 7804] AND PURSUANT TO 11 U.S.C §§ 1129(A)(8) AND §§ 1129(B)**<br><br>Date:   June 8, 2020<br>Time:  9:30 a.m. (Pacific Time)<br>Place:  Courtroom 17<br>         450 Golden Gate Ave., 16th Floor<br>         San Francisco, CA, 94102 |

# PRELIMINARY STATEMENT

1. William B. Abrams, Pro Se Claimant and Sonoma County Resident ("**Abrams**"), hereby submits this opposition (the "**Opposition**") to the Notice of Filing of Draft Debtors' and Shareholder Proponents' Joint Chapter 11 Plan ("**Debtors' Draft Plan**") **[Dkt. 7814]**. The Debtors' Draft Plan is in direct contradiction with the facts and the record in this case and is substantiated by The Official Committee of Tort Claimants' Submission of Arguments Demonstrative ("**TCC Demonstrative**") **[Dkt. 7804]** and the Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization ("Disclosure Statement") **[Dkt. 6353]**. This new evidence taken together demonstrates quite clearly that there are material violations of Section 1129(a)(8) which requires a class not to be "impaired under the plan" and Section 1129(b) which requires a plan to be "fair and equitable, with respect to each class."

# ARGUMENT

2. **PLEASE TAKE NOTICE** on June 5, 2020, Mr. Julian on behalf of the Official Committee of Tort Claimants' (TCC) stated clearly that TCC Counsel, The TCC and Fire Claimant Professionals were precluded from informing victims regarding the likelihood of inequitable and unfair provisions ending up in the Registration Rights Agreement. This sentiment was restated in the TCC Demonstrative. These admissions clearly indicate that the Debtors' Draft Plan and associated Draft Order are in direct violation of Section 1129(a)(8) given that victims were "impaired" when they voted in favor of the plan without knowledge of this negotiation impasse.

3. **PLEASE TAKE FURTHER NOTICE** that the implications of the registration rights agreement were known at the time of the approval of the disclosure statement. In my Objection to the Disclosure Statement **[Dkt. 6151]**, I specifically requested that language be added indicating that "The Fire Victim Trust will be impaired and will not have the rights of other shareholders to sell stock more freely..."[1] This language was objected to by the Debtors during the disclosure statement hearings on March 10, 2020 and was not supported by the TCC.

---

[1] See "William B. Abrams Objection Pursuant to 11 U.S.C. Section 1129(a) and Section 1125 to Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization" [Dkt. 6151], page 5 (lines 15-16)

4.  **PLEASE TAKE FURTHER NOTICE** that the TCC stated in their recent TCC Demonstrative that "The Victims cannot be treated equally with the other claimants being paid in cash, unless the Fire Victim Trust can liquidate stock within a reasonable time." The fact that the TCC stated this on June 5, 2020 (the eve of the plan confirmation decision) but did not bring this to the attention of victims during the vote when these same facts were known should not be overlooked. This lack of disclosure to victims ensured they would be an impaired class.

5.  **PLEASE TAKE FURTHER NOTICE** that on April 6, 2020 the Official Tort Claimant Committee filed "The Official Committee of Tort Claimants' Motion for Entry of an Order Directing Supplemental Disclosure in the Form of a Letter from the TCC" **[Dkt. 6636].** Within that motion the TCC stated that "*At this point, the mediation is at an impasse*" and further states "*The TCC further requests that the supplemental statement be provided to the fire victim claimants so that they have all the information related to the plan. The TCC further requests that the solicitation agent be directed to serve the proposed letter on all Fire Victim Claimants immediately upon entering in the order on this motion.*" Inexplicably, this supplemental statement was never sent by the TCC.

6.  **PLEASE TAKE FURTHER NOTICE** that on April 6, 2020 I filed the "William B. Abrams Joinder to the Official Committee of Tort Claimants' Motion for Entry of an Order Directing Supplemental Disclosure in the Form of a Letter from the TCC" **[Dkt. 6659]** arguing that the supplemental disclosure be sent to victims. Within that Joinder I included a letter I sent to the TCC and Fire Claimant Professionals stating "**These types of risks and others are why material issues like stock dilution, liquidation prioritization, stock sale restrictions and other matters MUST be resolved BEFORE the vote… Unless we have a solid executed agreement on these issues with the debtors, we must assume that PG&E will delay as long as possible any payments to victims and will do everything in their power to leverage the victim trust to mitigate their corporate risks and the risks to their more entrenched investors.** I believe these are huge risks that are being unfairly and unjustly passed along to victims."[2]

---

[2] See "William B. Abrams Joinder to the Official Committee of Tort Claimants' Motion for Entry of an Order Directing Supplemental Disclosure in the Form of a Letter from the TCC" [Dkt. 6659], Exhibit B, page 5 (lines 12-17)

7. **PLEASE TAKE FURTHER NOTICE** that the Debtors' Draft Plan and proposed order contains broad exculpations and releases for core parties to the proceeding. Additionally, the TCC argued in support of these broad exculpations on June 5, 2020 and against any independent investigation into the voting irregularities. These same parties inadvertently or unjustly did not extend these exculpations and releases to Pro Se claimants and victims like myself that have been actively engaged in this proceeding in good-faith, despite the groundless threats of lawsuits and other intimidation tactics by certain core parties designed to alienate victims and prevent them from exercising their constitutional rights to participate in this proceeding.

## Conclusion

The Debtors' Plan of Reorganization should not be approved in its current draft form. The latest TCC revelations on the eve of the plan confirmation decision clearly demonstrate how victims are impaired through this draft plan and unjustly treated. These material issues along with my earlier filed objections **[Dkt. 7230, 7414]** on feasibility grounds, render this plan unconfirmable and manifestly unjust. The Victims' Registration Rights Agreement must be remedied so Section 1129(a)(8) and Section 1129(b) are not further violated. The Debtors plan of reorganization must be reworked to ensure the plan and bankruptcy process will not re-victimize the one class of claimants the Debtors, the TCC and the court insisted were their top priority.

Dated: June 7, 2020

Respectfully submitted,

William B. Abrams
Pro Se Claimant