Theresa Ann McDonald
5044 Russell Drive
Paradise, CA 95969
Phone Number: 530-636-3148
Tmcdonald120@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT
## (SAN FRANCISCO DIVISION)

In re:

PG&E CORPORATION

-and-

PG&E GAS AND ELECTRIC COMPANY

    Debtors

vs.

Theresa Ann McDonald

    Creditor

Bankruptcy Case No. 19-30088-DM

Chapter 11

(Lead Case)

(Jointly Administered) Case No. 19-30089-DM

Proof of Claim No. 54975

Filed October 21, 2019

Camp Fire

Judge: Honorable Dennis Montali

Emergency Pleading in Reply to the The Discussion About The Need For Estimation Of Claims From Judge James Donato, U.S. District Court Judge for the Northern District of California

Relief Requested: Contact Judge Donato To Determine If And When He Will Produce His Estimation Of Claims Order

I am a fire victim claimant and a creditor in the Chapter 11 case. I listened to most of the Confirmation Hearing held on Thursday, June 4, 2020 and Friday, 5, 2020. I heard attorneys state that it was no longer necessary for the Court to receive an Estimation of Claims amount from Judge James Donato, U.S. District Court Judge for the Northern District of California. I disagree with that statement.

On June 5, 2020, Your Honor asked if it was true that the TCC or Debtors had asked Judge Donato not to issue an order. The answer is Yes, it is true. In the *Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to Court's May 21, 2020 Request* they wrote, "If the Court declines to estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration, the Debtors and the TCC respectfully request that the Court deem both the Estimation Approval Motion and the Debtors' initial motion to estimate withdrawn and **dismiss these proceedings without entering an order.**" ( Exhibit A, Case 3:19-cv-05257-JD, Document Number 378, *Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to the Court's May 21, 2020 Request* page 11 of 12, lines 6-10) (emphasis mine)

There can be no question that the total amount of damages caused by these fires must and will be calculated. It has to be done in order to establish the amount of each claim that will be submitted to the Fire Victim Trustee for payment; to allow the Trustee to calculate an Allowed Amount for each claim; and to allow the Trustee to calculate the discount, if any, that will have to be applied to each Allowed Amount because of the limited funds available. The only real questions are: when will it be done, who will pay for it, and will it be part of a public record.

In your *Recommendation For Withdrawal of Reference of Proceeding In Part,* Your Honor wrote, "…the estimation of the amount of money to be capped is critical for a variety of reasons; in particular it is necessary to assure that the amount is reasonably likely to provide for full satisfaction of the victims' claims for which it is established." (Exhibit B, Bankruptcy Case 19-30088 (DM), Document 3648, *Recommendation For*

*Withdrawal of Reference of Proceeding In Part,* page 4 of 8, lines 17-21)

"The cases are inconclusive (and non binding in this circuit) on whether the 'purposes of confirming a plan' language in the statute is adequate to protect countless wildfire victims who have personal injury and wrongful death claims. Some conclude that the estimation process is enough to fix the amount of the required fund leaving for another day the determination of individual claimants' entitlement to a share of that fund as part of the 'purposes of distribution' language of the statute. Others recognize that the two concepts cannot be unbundled and that the rights of the tort victims must be protected by the Article III judge's overseeing of that aspect of the non-core estimation process." (Exhibit B, Bankruptcy Case 19-30088 (DM), Document 3648, page 4 of 8, line 22 through page 5 of 8, line 8) Despite what the attorneys have said, those words are still true.

The Debtors' attorneys and the TCC's attorneys tried to convince the Federal District Court of Northern California's Judge Donato to simply accept their number of $13.5 billion as an adequate estimate. ( Exhibit A, Case 3:19-cv-05257-JD, Document 378, page 2 of the *Joint Statement* which is page 3 of 12 of the Docket Document, lines 11-19) On pages 5 through 9 of the *Joint Statement* they state the many sources they looked to in order to reach the $13.5 billion figure. The *Joint Statement* further states, "Because expert reports were due to be submitted in the estimation proceedings one week after the settlement was reached, **all of this data and analysis, including the data on prior settlements, was well developed and available to the Parties during their negotiation** of the Aggregate Fire Victim Consideration." (Exhibit A, page 9 of the *Joint Statement*, which is page 10 of 12 of the Docket Document, lines 18-21) ( emphasis mine)

The Official Committee of Unsecured Creditors also urged Judge Donato to accept $13.5 billion as the Estimation amount. "For the foregoing reasons, the Creditors' Committee submits the Court should estimate the Fire Victim Claims at $13.5 billion and conclude these proceedings." (Exhibit C, Case 3:19-cv-05257-JD, Document 381, *Statement Of Official Committee Of Unsecured Creditors Regarding Joint Statement Of*

*The Debtors and the Official Committee Of Tort Claimants In Response To The Court's May 21, 2020 Request* page 4 of 4, lines 6-7)

So far Judge Donato has refused to simply accept $13.5 billion as an adequate estimate. (Exhibit D, *Minute Entry for proceedings held before Judge James Donato: Motion Hearing held on 5/21/2020*)

Despite what the attorneys said in court on June 4. 2020, and what Mr. Julian said in court on June 5, 2020, an estimate of the fire victims' total damages is still important. Without that number how is the Court supposed to determine if $13.5 billion plus the Assigned Rights and Causes of Actions is an adequate amount to settle the fire victims' claims?

We don't know the format of the reports that were available to those who negotiated the Fire Victim Trust Agreement because they have refused to disclose them. The information PG&E has been ordered to provide to the Federal District Court of Northern California might be aggregate totals, however speaking as an accountant of over 40 years I believe the only reasonable way to calculate those totals is to look at real data and prepare subtotals for each type of damage for each fire. That is because the cost of rebuilding, for instance, in the City of Santa Rosa is different than the cost of rebuilding in the Town of Paradise. Also, the trauma and amount of pain and suffering will necessarily be different for someone who simply lost their home in a fire versus someone who had to spend hours trapped in a car surrounded by fire, or someone who was directed by CAL FIRE personnel to abandon their car and seek shelter under blankets on Optimo Restaurant's parking lot while fire burned all around them.

Estimating the monetary damages caused by the fires will not be easy or inexpensive. The fire victims should be spared as much of that pain as possible, and they should be spared all of the cost of gathering data and creating formulas the Fire Victim Trustee will need to calculate Allowed Amounts for each claim, **especially since the Debtors and TCC have stated that the data has already been compiled and analyzed by experts.**

PG&E has a problem. If PG&E is required to submit those schedules to the Court those schedules become part of the record. If the total is added to the Fire Victim Trust Agreement, it will become part of the public record. That is a public relations nightmare for PG&E. If the victims are required to do all the work necessary to duplicate work PG&E states has already been done to come up with totals for their individual claims not only will they have to pay that expense and suffer an additional delay while the totals are calculated, but also, the results will be shielded by a confidentiality clause:

> "Similarly, the amount of any Fire Victim Claim that is approved, accepted, or disallowed in whole or in part shall kept confidential and shall only be disclosed to the Trustee, the Claims Administrator, Claims Processor, the Neutrals, and in respect of the preceding entities, their employees, agents, professionals and advisors, the Fire Victim, the Fire Victim's authorized agent, or to any court of competent jurisdiction, and, in the latter case, only then in a document filed with the court under seal." (Exhibit E, Bankruptcy Case 19-30088, Document 6049-1 Filed 03/03/20, *Notice Of Filing Of Proposed Fire Victim Trust Agreement And Proposed Fire Victim Claims Resolution Procedures, Exhibit A,* page 14 of the document, page 20 of 59 of the Docket document.)

If PG&E is not required to produce the records required by the Federal District Court of Northern California, the public will never see the total amount of damages caused by these fires, and the public has a right to that information. It serves as a warning of what PG&E might do in the future. Remember, these fires did not all occur in one year. They span a period of a little more than three years. After the Butte Fire in 2015

PG&E had the opportunity to increase their maintenance efforts. They had the chance to replace the piece of equipment that failed and caused the Camp Fire slightly over three years later, and they ignored that opportunity. In fact, they were caught falsifying the maintenance records they submitted as part of the terms of their probation. Putting the total damages figure on the public record has a potential impact on whether or not the California legislature passes a law currently under consideration that provides for the takeover of PG&E in the event its equipment causes another huge and deadly fire.

For all of these reasons I respectfully request that the Court contact Judge Donato to see when, or if, he will have an Estimation of Claims Order ready. I request that you hold off on issuing an order confirming the plan if at all possible. In the event you decide to confirm the plan without the information from Judge Donato, I ask that you include in your confirmation order language that requires the Estimation of Claims amount to be included in the final Fire Victim Trust Agreement.

Thank you.

*Theresa McDonald*

List of Attachments:

**Exhibit A:** Civil Case 3:19-cv-05257-JD, Document Number 378, *Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to the Court's May 21, 2020 Request*

**Exhibit B:** Bankruptcy Case 19-30088 (DM), Document 3648, *Recommendation For Withdrawal of Reference of Proceeding In Part*

**Exhibit C:** Civil Case 3:19-cv-05257-JD, Document 381, *Statement Of Official Committee Of Unsecured Creditors Regarding Joint Statement Of The Debtors and the Official Committee Of Tort Claimants In Response To The Court's May 21, 2020*

**Exhibit D:** *Minute Entry for proceedings held before Judge James Donato: Motion Hearing held on 5/21/2020*

**Exhibit E:** Bankruptcy Case 19-30088, Document 6049-1 Filed 03/03/20, *Notice Of Filing Of Proposed Fire Victim Trust Agreement And Proposed Fire Victim Claims Resolution Procedures, Exhibit A*