Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*and*

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone:  (424) 386-4000
Facsimile:  (213) 629-5063

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>　　　　　　　　　　　　Debtors. | Civil Case No. 19-05257 (JD)<br><br>Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING JOINT STATEMENT OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF TORT CLAIMANTS IN RESPONSE TO THE COURT'S MAY 21, 2020 REQUEST** |

The Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") appointed in the above-captioned chapter 11 cases hereby states as follows in response to the *Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to the Court's May 21, 2020 Request* [Dkt. No. 378] (the "<u>Joint Statement</u>").[1]

**STATEMENT**

The Joint Statement asks this Court to adopt the "Aggregate Fire Victim Consideration" set forth in the TCC RSA as its estimated value of the Fire Victim Claims "for all purposes of the Debtors' chapter 11 cases." The Aggregate Fire Victim Consideration is composed of $6.75 billion in cash, $6.75 billion of stock (to be more precisely valued pursuant to a formula specified in the TCC RSA), and certain assigned claims to which no particular value is ascribed. Alternatively, if the Court is not inclined to estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration value, the TCC and the Debtors ask the Court to close the estimation proceeding and abstain from estimating these Claims altogether.

The Creditors' Committee submits this statement to make three points.

*First,* the Creditors' Committee believes, as it previously advised the Court,[2] that the Court should estimate the aggregate Allowed amount of the Fire Victim Claims to be $13.5 billion. Estimating the aggregate Allowed amount of the Fire Victim Claims at a number certain, without opining on the form of currency that the Fire Victim Claims should receive on account of these Claims, is all that 11 U.S.C. § 502(c) requires or allows. It is also fully consistent with the relief requested in the Debtors' Estimation Approval Motion and statements made by the parties in open court. *See, e.g.,* Estimation Approval Motion [Dkt. No. 286] at 10 ("Accordingly . . . this Court should adopt the $13.5 billion amount as the estimated amount of the Fire Victim Claims for all purposes of the Debtors' chapter 11 proceedings."); *see also* Dec. 17, 2019 Hr'g Tr. at 6:18-7:1 (Court: "I don't think there's anything left [to do] here either way . . . settlement gets approved,

---

[1] Capitalized terms not defined herein have the meanings given them in the *Amended Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020* [Bankr. Dkt. No. 7521] (the "<u>Plan</u>").

[2] *See Official Committee of Unsecured Creditors' Statement Regarding Response of Official Committee of Tort Claimants to Debtors' Motion to Establish Estimated Amount of Fire Victim Claims for All Purposes* [Dkt. No. 309].

you're done. Settlement is not approved, you have effectively estimated the loss at $13.5 billion. So what else is there to do?"; Mr. Julian: "That's the way [the TCC] would view it"; Mr. Orsini: "I think that[] sounds about where [the Debtors] are going to come out, Your Honor"); *id*. at 9:15-22 (Court: "[I]s there any reason just not to close up shop and send you on your way to . . . the Bankruptcy Court[?]"; Mr. Julian: "I don't believe there is any reason not to do that."). The Court should accordingly estimate the Fire Victim Claims in the aggregate Allowed amount of $13.5 billion—the "gold standard" of settlement data points, *id.* at 9:5—and conclude these proceedings.

*Second*, if the Court is inclined to estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration value, it should only do so for the purposes of, and subject to the Bankruptcy Court's confirmation of, the Plan as currently proposed. The stipulated proposed order submitted by the Debtors and the TCC on May 20, 2020 included this limiting condition, but the Joint Statement does not. *Compare* [Proposed] Order [Dkt. No. 367-1] at 2 ("***Subject to the Bankruptcy Court confirming the Plan and the occurrence of the Effective Date of the Plan***, the estimated aggregate amount of the Fire Victim Claims is the Aggregate Fire Victim Consideration" (emphasis added)) *with* Joint Statement at 10 ("the Debtors and the TCC . . . request that the Court enter an order estimating the aggregate Fire Victim Claims at the Aggregate Fire Victim Consideration . . . ***for all purposes of the Debtors' chapter 11 cases***." (emphasis added)). To be clear, the Creditors' Committee does not object to the estimation value requested by the Debtors and the TCC *insofar* as it is conditioned on approval of the Plan—and it is possible the omission was inadvertent. But an estimation of the Fire Victim Claims at the Aggregate Fire Victim Consideration "for all purposes" would potentially adversely and irreversibly limit recoveries available to the Debtors' other unsecured creditors should the Plan fail for any reason. It would be inequitable for the Creditors' Committee's constituents to bear that risk.

*Finally*, the Joint Statement requests that if the Court declines to estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration value, it should "dismiss these proceedings *without* entering an estimation order." Joint Statement at 10 (emphasis added). This would be an abdication of the Court's mandate. *See* Order Adopting Recommendation for Withdrawal of Reference of Proceeding in Part, entered Aug. 22, 2019 [Bankr. Dkt. No. 3671] at 1:22-24, 2:9-11

(ordering that "the following matters *will be decided* by United States District Judge James Donato," including "[t]he 11 U.S.C. 502(c) estimation of unliquidated personal injury and wrongful death claims against Debtors for all purposes under 28 U.S.C. § 157(b)(2)") (emphasis added). This Court simply lacks the discretion to close up shop without estimating the aggregate amount of Fire Victim Claims, and it should decline the request to do so.

For the foregoing reasons, the Creditors' Committee submits the Court should estimate the Fire Victim Claims at $13.5 billion and conclude these proceedings. Alternatively, if the Court adopts the Aggregate Fire Victim Consideration formulation for purposes of estimation, it should do so subject to confirmation of the Plan.

Dated: May 28, 2020

**MILBANK LLP**

*/s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*