# EXHIBIT A

Documents, and all other relevant and necessary documents have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law. Such documents provide adequate and proper means for the Plan's implementation. In making this determination, the Court has examined, among other items, the totality of circumstances surrounding the filing of these Chapter 11 Cases, the record of this proceeding and the Plan and all related pleadings, exhibits, statements, and comments regarding Confirmation.

NN. <u>Plan Funding.</u> Each of (a) the Exit Financing, (b) any Rights Offering and (c) any underwritten primary or secondary offering of, or private placement of, or direct equity investment in any equity securities, equity forward contracts or other equity-linked securities issued as part of the Plan Funding (including the issuance of equity securities pursuant to an over-allotment option in connection with a public offering or pursuant to any backstop arrangement), whether issued pursuant to a registered offering or in a private transaction (in each case, if implemented and whether or not occurring prior to, on or after the Effective Date) (together, the "**Plan Funding Transactions**"), and each of the documents and agreements contemplated by or related to the Plan Funding Transactions (including, without limitation, any (i) engagement letters, fee letters, commitment letters, mandate letters, purchase agreements, underwriting agreements, dealer manager agreements, placement agent agreements, solicitation agent agreements, subscription agent agreements, information agent agreements and other similar agreements, indemnifications, releases, and other definitive documentation and (ii) any securities, instruments, indentures, mortgages, pledge agreements, security agreements, collateral trust agreements and other collateral documents, financing statements, escrow agreements and other agreements or documents, including any ancillary documents relating thereto) (collectively, and for the avoidance of doubt including the Exit Financing Documents and the Exit Financing Letters (as defined below), the "**Plan Funding Documents**"), are, individually and collectively, essential elements of the Plan, and entry into the Plan Funding Documents is in the best interests of the Debtors, their estates, and the holders of Claims and Equity Interests. The Plan Funding is necessary and appropriate for confirmation and

consummation of the Plan and the operations of the Reorganized Debtors, and the Debtors have exercised sound business judgment in determining to enter into the Plan Funding Transactions.

OO. Injunction, Exculpation, and Releases.

i. The Bankruptcy Court has core jurisdiction under sections 157(a) and (b) and 1334(a) and (b) of title 28 of the United States Code and authority under sections 105 and 1141 of the Bankruptcy Code to approve the injunctions, stays, releases, and exculpations set forth in the Plan, including in Sections 4.25(f)(ii) and Sections 10.3-10.9 of the Plan.

ii. The releases granted by the Debtors and their estates pursuant to Section 10.9(a) of the Plan represent a valid exercise of the Debtors' business judgment, and are fair, reasonable and in the best interests of the Debtors' estates.

iii. The releases contained in Sections 10.9(b) and 4.25(f)(ii) of the Plan were adequately disclosed and explained on the Ballots, in the Disclosure Statement, and in the Plan. Such releases are consensual because all parties must voluntarily opt-in to such releases, and such releases comply with *In re Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995) because the releases are completely voluntarily, not by Order of the Court under the Plan.

iv. The Channeling Injunction contained in Section 10.7 of the Plan was adequately disclosed and explained on the relevant Ballots, in the Disclosure Statement, and in the Plan. The Channeling Injunction is essential to effectuate the Plan and essential to the Debtors' reorganization efforts and is to be implemented in accordance with the Plan, the Subrogation Claims RSA, and the Tort Claimants RSA. Pursuant to the Channeling Injunction set forth in Section 10.7 of the Plan, and section 105(a) of the Bankruptcy Code, and as more fully set forth in Section 10.7 of the Plan and in this Confirmation Order, all Persons that have held or asserted, or that hold or assert any Subrogation Wildfire Claim or Fire Victim Claim shall be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Reorganized Debtor or its assets and properties with respect to any Fire Claims. Pursuant to the Channeling Injunction established under Section 10.7 of the Plan, the sole source of recovery for holders of Subrogation