# EXHIBIT A

**(Argument Demonstrative from June 8, 2020)**

- First, the Proposed Confirmation Order can be amended to provide as follows:

  - "All rights and defenses of any Entity with respect to any Assigned Right and Cause of Action asserted by the Fire Victim Trust against such Entity may be asserted against the Fire Victim Trust; and

  - "any rights of setoff or recoupment or defenses thereto held by any Entity are expressly retained and preserved, subject to any applicable limitations of the Bankruptcy Code."

1

- The thrust of the UCC's argument is that assumption of an executory contract is the equivalent of reinstatement of a claim, which it is not. This was the same argument made by the UCC in connection with the Court's post-petition interest decision – that unimpairment is the equivalent of reinstatement, which you appropriately rejected. In fact, the concept of impairment also is not relevant to the assumption of a contract under section 365.

- The UCC and others argue that assumption binds the Debtors to all obligations under an assumed executory contract, monetary or nonmonetary, whether or not the non-debtor party has come forward and notified the Debtor of defaults to be cured in conjunction with assumption.

- The caselaw in this District is directly to the contrary.

2

- "The cure requirement applies to both monetary and nonmonetary defaults." *In re Arriva Pharmaceuticals, Inc.*, 456 B.R. 419, 423–24 (Bankr. N.D. Cal. 2011)

- The burden is on the non-debtor party to assert all defaults, monetary or non-monetary, prior to the debtor's assumption of the executory contract. *Id.*

    - "A final order confirming a chapter 11 plan bars litigation of all issues that could have been raised in connection with confirmation. . . . Such bar extends to both **claims** that were actually litigated and **claims** that could have been raised in the confirmation proceedings." *Id.* at 424 (citations omitted).

    - "Numerous courts have applied the foregoing . . . principles on numerous occasions to hold that a bankruptcy court order approving the assumption of an executory contract, or confirming a plan that provides for the assumption of an executory contract, is necessarily a finding that no uncured defaults exist." *Id.*

- If they failed to do so, they are barred, and this includes the failure to assert rights to preclude contingent contribution and indemnity claims.

- What the UCC and others are asking this Court to do is to ignore the obligation to come forward with <u>all</u> defaults at the time of the cure apparently on the premise that to do otherwise would "impair" the non-debtor contract party.

- Assumption, however, is not impairment and does not permit all claims to pass through the Chapter 11.

3

- Moreover, the UCC's attempt to shield any claims for contribution or indemnity from the impact of California Code of Civil Procedure § 877.6(c) on the basis of unimpairment, assumption or otherwise, is completely without basis.

- Under CCP § 877.6(c), a settlement in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor.

- Therefore, even if a proof of claim were filed, it would be disallowed because such a claim is not available under applicable state law.

- As this Court has appropriately noted, unimpairment cannot eviscerate applicable state law; nor can a contract assumption, or even reinstatement.

- To hold otherwise would place the non-debtor party in a superior position than if the Chapter 11 had never happened.

4

# Resolution

- There is no need to address these issues now.

- A determination as to how the issues apply to a particular dispute should be deferred for when, if ever, a dispute might arise.

- There is no need or benefit to ruling on this issue now and to prejudging the issue absent the context of particular facts and circumstances.

  - If an actual dispute arises in the future, these issues can be addressed with the benefit of concrete facts and circumstances to assess to what extent assumption preserved a particular indemnity claim.

  - Deferring determination in favor of such context is better than issuing a blanket ruling in a vacuum on the impact of 502(e) or other matters affecting potential claims that exist now only in the abstract.

- We will delete from the Plan Supplement the language that these contractual indemnity rights are discharged on assumption, and the parties can assert whatever rights and defenses they have if this ever becomes an issue.

5