1  Dennis F. Dunne (admitted *pro hac vice*)
   Samuel A. Khalil (admitted *pro hac vice*)
2  MILBANK LLP
   55 Hudson Yards
3  New York, New York 10001-2163
   Telephone: (212) 530-5000
4  Facsimile: (212) 530-5219

5  and

6  Gregory A. Bray (SBN 115367)
   Thomas R. Kreller (SBN 161922)
7  MILBANK LLP
   2029 Century Park East, 33rd Floor
8  Los Angeles, CA 90067
   Telephone:  (424) 386-4000
9  Facsimile:  (213) 629-5063

10 *Counsel for the Official Committee
   of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED MODIFICATIONS TO DEBTORS' PLAN AND CONFIRMATION ORDER** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date:   June 8, 2020<br>Time:   9:30 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br>- |

The Official Committee of Unsecured Creditors appointed in these above-captioned cases (the "Creditors' Committee") submits its proposed modifications to the *Debtors' and Shareholder*

*Proponents' Draft Joint Chapter 11 Plan of Reorganization Dated June 7, 2020* [Docket No. 7814-1] ("Plan"), the *Debtors' Notice of Filing of Plan Supplement* [Docket No. 7037] ("Plan Supplement"), and proposed confirmation order (the "Confirmation Order"). The Creditors' Committee submits these modifications should be included within any confirmed Plan and associated Confirmation Order:

**Issue #1: The Debtors' proposed all-encompassing and automatic disallowance and discharge of all prepetition claims for indemnification or contribution arising under assumed executory contracts and unexpired leases.** *See* Plan Supplement ¶ 13.[1]

**Proposed fixes**:
- "Notwithstanding anything in the Plan, the Plan Supplement, or Confirmation Order to the contrary, with respect to any executory contract or unexpired lease that is assumed under the Plan, any obligations for contribution or indemnity arising under such executory contract or unexpired lease shall be assumed in their entirety and continue to be obligations of the applicable Reorganized Debtor or Reorganized Debtors."[2]

- Delete Plan Supplement ¶ 13

**Issue # 2: The Debtors' proposed all-encompassing and automatic disallowance and discharge of all prepetition claims for indemnification or contribution that do not arise under an executory contract or unexpired lease that is assumed under the Plan.** *See* Debtors' Reply [Docket No. 7528] at 52-53 ("Even if a claimant has filed a proof of claim asserting a contingent claim for indemnification or contribution, Bankruptcy Code section 502(e)(1)(B) specifically

---

[1] In considering this issue, the Creditors' Committee refers the Court to the *In re G-I Holdings, Inc.*, 580 B.R. 388 (Bankr. D.N.J 2018) and companion *Ashland Inc. v. G-I Holdings Inc.*, No.L-233-15 (N.J. Super. Ct. App. May 30, 2018) decisions cited on page 3 n.5 of the Creditors' Committee's Supplemental Objection [Document No. 7716].

[2] *See, e.g.,* June 4 Confirmation Hr'g Tr. at 145: 9-11 (Mr. Karotkin: "Yes. With respect to executory contracts that are going to be assumed, contribution and indemnity claims will be assumed in their entirety."); *id.* at 146:13-19 (THE COURT: "So to go back, you're saying if . . . the debtor is moving to assume a contract, it is assuming the contribution and indemnity aspects with it and if there -- MR. KAROTKIN: Yes.").

disallows any such claim . . . .").

**Proposed fix**:
"Notwithstanding anything in the Plan, the Plan Supplement, or Confirmation Order to the contrary, all rights and defenses of any Entity with respect to any Claim for contribution or indemnity that does not arise under an executory contract or unexpired lease that is assumed under the Plan are preserved, including, without limitation, (i) any objections to such a Claim under section 502 of the Bankruptcy Code, (ii) any rights and defenses to allowance or disallowance of such a Claim under section 502(e)(2) of the Bankruptcy Code, and (iii) whether or not such Claim has been discharged under section 1141 of the Bankruptcy Code."[3]

**Issue # 3**: Clarity regarding retained rights and defenses of any Entity with respect to any Assigned Right and Cause of Action asserted by the Fire Victim Trust against such Entity. *See, e.g.,* Debtors' Reply at 56.

**Proposed fix**:
"Notwithstanding anything in the Plan, the Plan Supplement, or Confirmation Order to the contrary, all rights and defenses of any Entity with respect to any Assigned Right and Cause of Action asserted by the Fire Victim Trust against such Entity are retained and preserved as if no such assignment had occurred."[4]

---

[3] *See, e.g., id.* at 145: 13-23 (Mr. Karotkin: "With respect to what I call any noncontractual claims for contribution and indemnity, they won't just be addressed in the ordinary course in the claims reconciliation or resolution process. To the extent anyone asserts a claim, all rights of the parties are reserved to address the validity or allowance of any claim, including all rights under the plan under Section 1141, that those claims are discharged under Section 502, that they're not allowable and any (indiscernible) with respect to that would be -- if it ever arises would be left for another day with all rights of parties preserved.").

[4] *See, e.g., id.* at 147: 14-25 (Mr. Karotkin: "all rights and defenses of vendors are retained with respect to the vendors that are pursued or may be pursued by the Fire Victim Trust. So those vendors, to the extent they were pursued by the Fire Victim Trust on claims that we assigned to the trust, would have the right to assert all rights and defenses that they would have the right to assert against us if we had pursued them. And I think that's consistent with everyone's understanding. We could not strip them of their rights and defenses in any event. THE COURT: You can't strip them of their defenses and then assign their obligations, huh? How fair.").

**Issue # 4: Clarity regarding retained rights of setoff and recoupment.** *See, e.g.,* Plan at Section 5.13 (preserving only Debtors' setoff and recoupment rights); *see also* Debtors' Reply at 50.

**Proposed fix**:
"Notwithstanding anything in the Plan, the Plan Supplement, or Confirmation Order to the contrary, any rights of setoff or recoupment or defenses thereto held by any Entity are expressly retained and preserved, subject to any applicable limitations of the Bankruptcy Code."[5]

**Issue # 5: Assurance that any Allowed claim of indemnification or contribution in connection with foregoing issues is not channeled to the Fire Victim Trust.** *See* Plan at Section 1.78 (defining "Fire Claim" as "any Claim against the Debtors in any way arising out of the Fires…").

**Proposed fix**:
"Notwithstanding anything in the Plan, the Plan Supplement, or Confirmation Order to the contrary, any Allowed claim of indemnification or contribution that any Person has against the Debtors or Reorganized Debtors, whether arising out of contract or otherwise, shall not be a Fire Claim."

**Issue #6: Proofs of claims not disallowed through the Plan.**

**Proposed fix**:
"Notwithstanding anything to the contrary in the Plan, Plan Supplement, or Confirmation Order, entry of an Order confirming the Plan shall not operate to Allow or Disallow any filed proofs of Claim and instead all such proofs of Claim shall be adjudicated pursuant to the claims resolution process set forth in the Plan."[6]

---

[5] *See, e.g., id.* at 147: 8-10 (MR. KAROTKIN: "A couple of other items. We would clarify in the plan that the rights of all parties, with respect to set off and recoupment, are preserved.").

[6] The Creditors' Committee observes that the Debtors use the prefatory clause "Notwithstanding anything to the contrary in the Plan…" (or iterations thereof) throughout the Plan. *See, e.g.,* Plan at sections 5.12, 8.5(c), 10.9(c), 10.9(g), and 10.11(d).

Dated: June 8, 2020

**MILBANK LLP**

*/s/ Gregory A. Bray*
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*