**LATHAM & WATKINS LLP**
Robert W. Perrin (#194485)
(robert.perrin@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
Michael J. Reiss (#275021)
(Michael.reiss@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO FIRST INTERIM FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: June 29, 2020**<br>**                         4:00 p.m. (Pacific Time)**<br><br>No hearing requested |

# GENERAL INFORMATION

| | |
|---|---|
| Name of Applicant: | Latham & Watkins LLP |
| Authorized to Provide Professional Services to: | Special Counsel for the Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Order Date: | February 24, 2020, *nunc pro tunc* to January 29, 2019 |
| Period for which compensation and reimbursement are sought: | November 1, 2019 through January 31, 2020 |
| Prior Interim Applications: | None |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THIS INTERIM APPLICATION

Amount of Compensation Sought as Actual, Reasonable, and Necessary: **$856,907.00**

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: **$7,412.10**

Total Compensation and Expenses Requested for the Compensation Period: **$864,319.10**

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 4/30/2020 [Dkt. No. 7017][1] | 11/1/19 – 02/29/20 | $1,589,000.00 | $18,878.16 | $1,271,200.00 | $18,878.00 | $317,800.00[2] |
| | | **$1,589,000.00** | **$18,878.16** | - | - | **$317,800.00** |

Summary of Any Objections to Monthly Fee Statements: **None.**

Compensation and Expenses Sought in this Interim Application Not Yet Paid: **$864,319.10**

---

[1] The First Monthly Fee Application (as defined below) includes fees for the period of February 1 through February 29, 2020. Although disclosed in the Summary of Prior Monthly Fee Statements, this Interim Application (as defined below) only relates to the fees and expenses for the period from November 1, 2019 to January 31, 2020.

[2] The holdback of fees requested related to the Interim Fee Period (as defined below) is $171,381.40.

# COMPENSATION BY PROFESSIONAL
# NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020

The attorneys and paraprofessionals who rendered legal services in these Chapter 11 Cases from November 1, 2019 through January 31, 2020 (the "**Fee Period**") are:

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE (2019)[3] | HOURLY RATE (2020)[4] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Richard A. Levy | Partner | 1983 | $1,270.00 | $1,325.00 | 9.8 | $12,567.00 |
| James E. Brandt | Partner | 1983 | $1,235.00 | $1,290.00 | 52.8 | $66,082.50 |
| Robert W. Perrin | Partner | 1998 | $1,000.00 | $1,070.00 | 269.1 | $276,891.00 |
| Ted A. Dillman | Partner | 2008 | $960.00 | $1,005.00 | 18.4 | $17,889.00 |
| James Ktsanes | Partner | 2007 | $960.00 | -- | 2.5 | $2,400.00 |
| Gavin M. Masuda | Partner | 2008 | $910.00 | $975.00 | 1 | $962.00 |
| Drew T. Gardiner | Partner | 2004 | $885.00 | $920.00 | 15.7 | $14,213.00 |
| Michael J. Reiss | Partner | 2010 | $870.00 | $950.00 | 237.3 | $215,635.00 |
| Tiffany M. Ikeda | Associate | 2011 | $860.00 | $895.00 | 74.7 | $64,599.00 |
| Meryn C. Grant | Associate | 2013 | $830.00 | $895.00 | 86.2 | $72,144.00 |
| Devin O' Connor | Associate | 2013 | $830.00 | -- | 0.6 | $498.00 |
| Shawn P. Hansen | Associate | 2015 | $670.00 | $810.00 | 23.8 | $17,080.00 |
| Setareh Homayoni | Associate | 2016 | $590.00 | $760.00 | 37.2 | $23,053.00 |
| Michael A. Hale | Associate | 2017 | -- | $695.00 | 2.7 | $1,876.50 |
| Caitlin J. Campbell | Associate | 2018 | -- | $590.00 | 1.9 | $1,121.00 |
| Macaulay Ivory | Associate | -- | $480.00 | -- | 28.5 | $13,680.00 |
| Robert Medina | Associate | 2019 | $380.00 | $500.00 | 112 | $51,392.00 |
| John M. Eastly | Senior Paralegal | -- | $345.00 | $355.00 | 11.6 | $4,042.00 |
| Andrea Casalett | Litigation Services Supervising Attorney | -- | $340.00 | $360.00 | 2.3 | $782.00 |
| **Total Professionals:** | **20** | | | | **988.1** | **$856,907.00** |

---

[3] Rates are not included if a professional did not render services in that particular year.

[4] Fees attributable to the period after December 31, 2019 are charged at the Applicant's 2020 rates, subject to a customary rate adjustment that was negotiated and agreed to by the Debtors and the Applicant in a manner consistent with past practice.

| PROFESSIONALS TOTALS: | BLENDED RATE (rounded to nearest dollar) | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel[5] | $1,000.10 | 606.6 | $606,639.50 |
| Associates | $667.70 | 367.6 | $245,443.50 |
| **Blended Attorney Rate** | **$874.70** | **974.2** | **$852,083.00** |
| Paraprofessionals and other non-legal staff | $347.10 | 13.9 | $4,824.00 |
| **Total Fees Incurred** | **$867.20** | **988.1** | **$856,907.00** |

---

[5] Mr. Michael J. Reiss was made partner in January 2020. For purposes of the "Partners and Counsel" disclosure, Mr. Michael J. Reiss is included as a partner.

# COMPENSATION BY WORK TASK CODE FOR

# SERVICES RENDERED BY LATHAM & WATKINS LLP
# NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020[6]

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 118 | Derivative Action: Wollman v. Andrews, et. al. | 1.5 | $1,462.00 |
| 146 | CERCLA Clean Up – Topock | 0.6 | $498.00 |
| 161 | North Bay Fires – Derivative Litigation | 43.9 | $42,091.00 |
| 165 | Insurance Counseling | 36.5 | $20,998.50 |
| 166 | North Bay Fires Securities Class Action[7] | 889.5 | $777,974.00 |
| 167 | OFPRS v. Chew, et al. | 1.7 | $1,087.00 |
| 171 | Williams Derivative Litigation | 0.4 | $236.00 |
| 172 | Bowlinger Derivative Litigation | 10.9 | $9,725.50 |
| 173 | Public Safety Power Shutoffs Class Action | 3.1 | $2,835.00 |
| **TOTAL** | | **988.1** | **$856,907.00** |

---

[6] The total amounts do not include expenses.

[7] This task code also includes time spent on the preparation of the Monthly Fee Statement and the Applicant's retention application.

## EXPENSE SUMMARY
## NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020[8]

| EXPENSES | AMOUNTS |
|---|---|
| Research | $0 |
| Meals | $0 |
| Travel | $7,028.69 |
| Transportation | $168.41 |
| Printing and Duplication | $0 |
| Transcription Services | $0 |
| Telephone Conferencing / Video Conferencing | $215 |
| Messenger | $0 |
| Filing Fees | $0 |
| **Total Expenses Requested:** | **$7,412.10** |

---

[8] Explanations of the enumerated expenses are provided along with the detailed time entries for each task code in the *Monthly Fee Statement of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of November 1, 2019 through February 29, 2020* [Dkt. No. 7017] ("**First Monthly Fee Application**").

**LATHAM & WATKINS LLP**
Robert W. Perrin (#194485)
(robert.perrin@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
Michael J. Reiss (#275021)
(Michael.reiss@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FIRST INTERIM FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: June 29, 2020<br>                               4:00 p.m. (Pacific Time)**<br><br>No hearing requested |

        Latham & Watkins LLP ("**Latham**" or the "**Firm**"), special counsel for PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**") in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), hereby submits its First Interim Fee Application (the "**Interim Application**") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing November 1, 2019, through January 31, 2020 (the "**Interim Fee Period**"), pursuant to the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Dkt. No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "**UST Guidelines**"), the Fee Examiner Protocol [Dkt. No. 4473], and the Local Bankruptcy Rules for the Northern District of California.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Robert W. Perrin filed concurrently herewith, the exhibit attached thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

## CASE BACKGROUND AND STATUS

### A. The Debtors' Bankruptcy Proceedings

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee**

Case: 19-30088   Doc# 7837   Filed: 06/08/20   Entered: 06/08/20 19:10:17   Page 8 of 18
US-DOCS\115383648

**Examiner**").

A description of the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Dkt. No. 263].

B. The Debtors' Retention of Latham

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt. No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. Latham has served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Robert W. Perrin on Behalf of Latham & Watkins LLP*, annexed as Exhibit A-29 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130].

While Latham was approved and had been serving as an Ordinary Course Professional in the Chapter 11 Cases, developments in these cases—particularly in the securities class actions—have compelled Latham to dedicate significantly more time to its representation of the Debtors. Accordingly, on February 5, 2020, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5645] and the *Declaration of Robert W. Perrin in Support of Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5646] (the "**Perrin Retention Declaration**"). On February 24, 2020, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e), Fed.*

*R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5886] (the "**Retention Order**"). A copy of the Retention Order is attached hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and the Interim Compensation Order. Subject to the Firm's application to the Court, the Debtors also are authorized by the Retention Order to compensate Latham at the Firm's standard hourly rates for services performed and to reimburse the Firm for actual and necessary expenses incurred.[9] The Retention Order authorized Latham to counsel, advise, and represent the Debtors regarding:

- two securities class actions, one of which was filed pre-petition and one that was filed post-petition, including related insurance counseling;
- with respect to six pre-petition derivative actions pending in federal and state court related to the 2017 and 2018 Northern California wildfires;
- regarding compliance issues stemming from the settlement of a derivative action in connection with the San Bruno accident; and
- in a variety of environmental matters.

**Professional Compensation and Reimbursement of Expenses Requested**

By this Interim Application, the Firm seeks interim allowance of compensation in the amount of $856,907.00 and actual and necessary expenses in the amount of $7,412.10, for a total allowance of $864,319.10, and payment of $171,381.40 (20% of the allowed fees)[10] for the Interim Fee Period.

All services for which Latham requests compensation were performed for or on behalf of the Debtors. Latham has received no payment and no promises for payment from any source other than the

---

[9] Fees attributable to the period after December 31, 2019 are charged at Latham's 2020 rates, subject to a customary rate adjustment that was negotiated and agreed to by the Debtors and Latham in a manner consistent with past practice.

[10] This figure assumes payment of the Firm's November 2019, December 2019 and January 2020 fees pursuant to the First Monthly Fee Application.

Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Application.

There is no agreement or understanding between Latham and any other person other than the partners of Latham for the sharing of compensation to be received for services rendered in these cases. In connection with these Chapter 11 Cases, as of this date, Latham has been paid $959,903.00 in fees and reimbursed $8,741.10 in expenses as an Ordinary Course Professional, and $0 in fees and reimbursed $0 in expenses as a retained professional.[11] As of the date of the Interim Application, the Firm has been paid $0 in fees and reimbursed $0 in expenses during the Interim Fee Period.

The Firm has billed the Debtors in these Chapter 11 Cases in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Latham charges for services rendered by its attorneys and paraprofessionals in comparable matters, and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets. The Summary Sheet filed herewith contains tables listing the Latham attorneys and paraprofessionals who have performed services for the Debtors during the Interim Fee Period, including their job titles, hourly rates, aggregate number of hours worked in this matter, and, for attorneys, the year in which each professional was licensed to practice law. The Summary Sheet also contains a table summarizing the hours worked by the Firm's attorneys and paraprofessionals. Latham maintains computerized time records, which have been filed on the docket with the Firm's monthly fee statements and furnished to the Debtors, counsel for the Creditors' Committee and the TCC, the U.S. Trustee, and the Fee Examiner in the format specified by the Interim Compensation Order.

C.  **Budget and Budget-to-Actual Performance**

For the periods ending November 30, 2019, December 31, 2019, and January 31, 2020, Latham provided budget estimates to the Debtors of $150,000, $150,000, and $600,000, respectively. The Firm's actual fees during November and December were greater than its original estimates (which had been provided much earlier in 2019), primarily because of increasing activity in connection with the securities class action litigation, including but not limited to, increased coordination with counsel for other

---

[11] The Firm has not yet been paid for the fees and expenses requested in the First Monthly Fee Application.

defendants in connection with briefing related to their motions to dismiss, preparation for potential estimation proceedings, the need to address class certification issues as raised in this Court, and attention to potential mediation proceedings. This increased activity in the securities litigation matters and corresponding need for additional services from Latham was the basis of the Debtors' February 5, 2020 application [Dkt. No. 5645] to retain Latham as special counsel, rather than the Firm's prior status as Ordinary Course Professionals. However, the Firm's fees in January 2020 were materially lower than its estimate, and its overall actual fees of $856,907 during the Interim Fee period from November 2019 through January 2020 were thus lower than predicted.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## PROJECT BILLING AND NARRATIVE
## STATEMENT OF SERVICES RENDERED

During the Interim Fee Period, Latham professionals expended 988.1 hours on behalf of the Debtors. Of this, 606.6 hours were expended by partners and counsel, 367.6 by associates, and 13.9 by paraprofessionals. For 2019, Latham's attorneys billed at hourly rates ranging from $380 to $1,270. Effective, January 1, 2020, the Firm raised its rates for attorneys per an annual, customary adjustment in billing rates, which was negotiated and agreed to by the Debtors in a manner consistent with past practices. In 2020, Latham's attorneys bill at hourly rates range from $500 to $1,325. Based on the foregoing, the blended rate for the Interim Fee Period is $875. In accordance with the Interim Compensation Procedures Order, the Northern District Guidelines, and the Local Rules, the Firm has classified services performed into specific categories set forth below. Latham has attempted to place the services provided in the category that best relates to such services; because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.

### A. Wollman v. Andrews, et al.

Latham continues to represent the Debtors in connection with its obligation arising under the settlement of the San Bruno Fire Derivative Cases (Case No. JCCP 4648-C) to report the Debtors' progress implementing corporate governance and gas operations therapeutics on a quarterly basis to the San Mateo Superior Court and City of San Mateo. Such reporting obligations continue through January 16, 2023.

Total Hours: 1.5     Total Fees: $1,462.00

### B. CERCLA Clean Up – Topock

Latham has been representing and advising the Debtor regarding federal law compliance issues associated with the Debtor's implementation of a remedy to address contamination at the Topock Compressor Station Project Site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund Act), including on compliance with respect to the National Historic Preservation Act and Endangered Species Act.

Total Hours: 0.6     Total Fees: $498.00

### C. Pending Derivative Litigation Matters

Latham continues to represent the Debtors in connection with six pre-petition derivative actions pending in federal and state court. These matters include: *Oklahoma Firefighters Pension & Retirement System v. Chew et al.* (No. 18-cv-04698, N.D. Cal.), *Williams v. Earley et al.* (No. 18-cv-7128, N.D. Cal.), *Blackburn v. Meserve et al.* (No. 19-cv-00501, N.D. Cal.), *In re California North Bay Fire Derivative Litigation* (No. CGC-17-562591, SF Superior Court), *Bowlinger v. Chew et al.* (No. CGC-18-572326, SF Superior Court), and *Hagberg v. Chew et al.* (No. CGC-19-573190, SF Superior Court). While all of these matters remain stayed as a result of the bankruptcy, during the applicable period, Latham prepared various administrative filings with the relevant courts, and continued to advise Debtors

on strategic considerations and possible resolution of the matters.

The total hours and fees attributable to each of the applicable derivative actions are as follows:

- North Bay Fires – Derivative Litigation

    Total Hours: 43.9     Total Fees: $42,091.00

- OFPRS v. Chew, et al.

    Total Hours: 1.7     Total Fees: $1,087.00

- Williams Derivative Litigation

    Total Hours: 0.4     Total Fees: $236.00

- Bowlinger Derivative Litigation

    Total Hours: 10.9     Total Fees: $9,725.50

### D.   North Bay Fires Securities Class Actions

Work in this billing category relates to a pre-petition putative securities class action (*In re PG&E Corporation Securities Litigation (Case No. 18-CV-359, N.D. Cal.)*, [Dkt. No. 62]) arising from the 2017 and 2018 Northern California wildfires. Plaintiff Public Employees Retirement Association of New Mexico ("**PERA**") alleges that the Debtors and certain of PG&E's current and former officers made numerous false statements and/or failed to disclose required information regarding PG&E's fire safety practices during the putative class period of April 29, 2015 through June 8, 2018, and asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Plaintiff additionally alleges claims under Section 11 and 15 of the Securities Act of 1933 against certain current and former directors and officers of the Debtors, and also the underwriters of four Senior Note offerings by the Debtors during the putative class period.

Latham attorneys performed extensive work during the Interim Fee Period relating to these claims, including but not limited to coordinating with counsel for the Debtors' current and former directors and officers, assisting with the analysis and presentation of issues concerning the litigation to this Court (including PERA's application for class certification) under Bankruptcy Rule 7023, preparing for potential estimation proceedings, and coordinating potential mediation efforts. This category also includes time spent on the preparation of the monthly fee statements, interim fee applications, and the

Firm's retention application and related materials.

                    Total Hours: 889.5         Total Fees: $777,974.00

**E.    Public Safety Power Shutoffs Class Action**

Latham continues to assist Debtors in connection with this securities class action, styled *Vataj v. Johnson, et al.* (Case No. 19-cv-6996, N.D. Cal.), Dkt. No. 1, which was filed post-petition on October 25, 2019. Plaintiff alleges that Debtors and certain of PG&E's officers made pre- and post-petition misrepresentations regarding PG&E's wildfire prevention efforts and safety protocols related to rolling power cuts that PG&E implemented to minimize wildfire risk during the putative class period of December 13, 2018 through October 28, 2019, and asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Latham's work during the Interim Fee Period included advising Debtors in connection these claims, and coordinating with current and former officers' counsel.

                    Total Hours: 3.1         Total Fees: $2,835.00

**F.    Insurance Counseling**

Latham continues to advise the Debtors in connection with issues relating to their directors and officers insurance policies, including but not limited to issues arising in connection with the above securities and derivative litigation matters.

                    Total Hours: 36.5         Total Fees: $20,998.50

**EXPENSE SUMMARY**
<u>**NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020**</u>

As is its typical practice in chapter 11 cases, the Firm advanced costs on behalf of the Debtors in connection with the discharge of the duties described in the Interim Application. During the Interim Fee Period, Latham incurred a total of $7,412.10 in expenses. These expenses, which include travel to and from New York and San Francisco, meals, and transportation are reasonable and necessary to the smooth administration of these Chapter 11 Cases. Receipts for all significant expenses have been provided to the Debtors and the Fee Examiner.

## LEGAL BASIS FOR INTERIM COMPENSATION

The professional services for which Latham requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Latham's professional responsibilities as special counsel for the Debtors in these Chapter 11 Cases. Latham's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Latham respectfully submits that the amount requested by Latham is fair and reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Latham has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## RESERVATION OF RIGHTS

It is possible that some professional time expended or expenses incurred during the Interim Fee Period are not reflected in this Interim Application. Latham reserves the right to include such amounts in future fee applications.

## AVAILABLE FUNDS

The Firm understands that the Debtors' estate has sufficient funds available to pay the fees and costs sought herein.

## NOTICE

Notice of the Interim Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. We submit that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

Latham respectfully requests an interim allowance to Latham for compensation in the amount of

$856,907.00 and actual and necessary expenses in the amount of $7,412.10, for a total allowance of $864,319.00, and an authorization for payment of $172,863.80 (20% of the allowed fees); and for such other and further relief as this Court deems proper.

Dated:  June 8, 2020

Respectfully submitted,

**LATHAM AND WATKINS LLP**

By:   /s/ Robert W. Perrin
           Robert W. Perrin

*Special Counsel for Debtors and Debtors in Possession*

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
Attn:   Janet Loduca, Esq.
77 Beale Street
San Francisco, CA 94105

Keller Benvenutti Kim LLP
Attn:   Tobias S. Keller, Esq.,
        Jane Kim, Esq.
650 California Street, Suite 1900
San Francisco, CA 94108

Weil, Gotshal & Manges LLP
Attn:   Stephen Karotkin, Esq.
        Jessica Liou, Esq.
        Matthew Goren, Esq.
767 Fifth Avenue
New York, NY 10153

The Office of the United States Trustee for Region 17
Attn:   Andrew Vara, Esq.
        Timothy Laffredi, Esq.;
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102

Milbank LLP
Attn:   Dennis F. Dunne, Esq.
        Sam A. Khalil, Esq.
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
Attn:   Paul S. Aronzon, Esq.,
        Gregory A. Bray, Esq.,
        Thomas R. Kreller, Esq.
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

Baker & Hostetler LLP
        Attn: Eric Sagerman, Esq. and
        Cecily Dumas, Esq.
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

Bruce A. Markell, Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402

Case: 19-30088    Doc# 7837    Filed: 06/08/20    Entered: 06/08/20 19:10:17    Page 18 of 18

US-DOCS\115383648