**LATHAM & WATKINS LLP**
Robert W. Perrin (#194485)
(robert.perrin@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
Michael J. Reiss (#275021)
(Michael.reiss@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **CERTIFICATION OF ROBERT W. PERRIN IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JANUARY 31, 2020)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |
| | **Objection Deadline: June 29, 2020**<br>                             **4:00 p.m. (Pacific Time)** |
| | No hearing requested |

I, Robert W. Perrin, hereby certify as follows:

1. I am attorney licensed to practice law in the State of California. I am a partner at the law firm of Latham & Watkins LLP, special counsel for the Debtors[1], and am authorized to make this Declaration in that capacity. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Declaration in support of the *First Interim Fee Application of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses (November 1, 2019 Through January 31, 2020)* (the "**Interim Application**"). I am an attorney designated by the Firm to sign the Interim Application on its behalf.

3. Pursuant to the Northern District Guidelines, I certify that:

    a. I have read the Interim Application.

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Interim Application are in conformity with the Northern District Guidelines except as otherwise indicated in the Interim Application.

    c. The compensation requested in the Interim Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Firm and generally accepted by the Firm's clients.

4. There is no agreement or understanding between the Firm and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent billing statements to the Debtors on a monthly basis during these chapter 11 cases. I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a copy of the Interim Application in accordance with the Interim Compensation Order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Interim Application (as defined herein).

5. On February 24, 2020, the Court entered the Retention Order, authorizing the Debtors to compensate and reimburse the Firm.

6. Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Interim Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought therein. To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on the date hereof.

7. The Firm responds to the questions identified in the UST Guidelines as follows:

Question 1: Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain.

Answer: Yes. The rates used herein were specifically negotiated with the Debtors and are lower than Latham's standard hourly rates.

Question 2: If the fees sought in the Interim Application as compared to the fees budgeted for the time period covered by the Interim Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?

Answer: The fees sought in the Interim Application do not exceed the aggregate fees budgeted for the Firm in the budget for the Interim Fee Period by over 10%. For the periods ending November 30, 2019, December 31, 2019, and January 31, 2020, Latham provided budget estimates to the Debtors of $150,000, $150,000, and $600,000, respectively. The Firm's actual fees during November and December were greater than its original estimates (which had been provided much earlier in 2019), primarily because of increasing activity in connection with the securities class action litigation, including but not limited to, increased coordination with counsel for other defendants in connection with briefing related to their motions to dismiss, preparation for potential estimation proceedings, the need to address class certification issues as raised in this Court, and attention to potential mediation proceedings. However, the Firm's fees in January 2020 were materially lower than its estimate, and its overall actual fees of $856,907 during the Interim Fee period from November 2019 through January 2020 were thus lower than predicted.

Question 3: Have any of the professionals included in the Interim Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

Answer: No.

Question 4: Does the Interim Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: No.

Question 5: Does the Interim Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Does the Interim Application include any rate increases since the Firm's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: The Interim Application includes a rate increase attributable to the period after December 31, 2019, when the Firm began charging the Debtors at the Firm's 2020 rates. This was due to a customary rate adjustment that was negotiated and agreed to by the Debtors and the Firm in a manner consistent with past practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of June, 2020, in Los Angeles, California.

Dated: June 8, 2020

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: _/s/ Robert W. Perrin_
Robert W. Perrin

*Special Counsel for Debtors and Debtors in Possession*