| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☒   Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date: June 8, 2020<br>Time: 9:30 a.m.<br>Ctrm: 17<br>Judge: Dennis Montali |

**CALIFORNIA STATE AGENCIES' REMAINING ISSUES REGARDING CONFIRMATION OF JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 [DOCKET NO. 6320]; PROPOSED REVISIONS TO PLAN SECTION 8.2(E) AND THE FIRE VICTIM TRUST AGREEMENT**

The California State Agencies[1] hereby file this statement to identify the two remaining unresolved issues raised in their *Objection to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* ("Plan") [Docket No. 6320] ("State Agency Objections") [Docket No. 7281] and to reiterate the California State Agencies' proposed resolutions.[2] They are: (a) Plan Section 8.2(e) regarding the effect of assumption of executory contracts, and (b) the releases demanded of government payees by the Fire Victim Trust Agreement ("FVTA") and Claims Resolution Procedures ("CRP"). The California State Agencies also register their objection to a revision proposed by the Official Committee of Unsecured Creditors ("UCC") (Docket No. 7832), Calpine Corporation (Docket No. 7839) and CN Utility Consulting et. al (Docket No. 7842), but have reached agreement on revised language to present to the Court.[3]

**PLAN SECTION 8.2(e)**

1. The California State Agencies' objection to Plan section 8.2(e) remains unresolved. Many other parties similarly objected to the Plan provisions regarding the effect of assumption of executory contracts, including the United States of America, the Municipal Objectors, the City and County of San Francisco, South San Joaquin Irrigation District, and several vendors. The California State Agencies request that the Court order that Plan section 8.2(e) be revised to limit any satisfaction language to the cure of defaults as indicated below:

> (e) Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any ~~Claims and Causes of Action against any Debtor or~~ defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, any defaults of provisions restricting the change in control or ownership interest composition, or any other bankruptcy-related defaults. Any proofs of Claim filed with respect to <u>a default under</u> an executory

---

[1] The California State Agencies include only those agencies identified in the State Agency Objections, also listed in the signature block below.
[2] Counsel for the United States of America has authorized the undersigned to represent that the United States of America joins this statement.
[3] Capitalized terms not otherwise defined herein shall have the meaning attributed in the Debtors' Plan.

-1-

contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.

2. The California State Agencies further request that the proposed confirmation order (Docket No. 7581), at paragraph 34(d), which is identical to Plan section 8.2(e), be revised as well.[4]

## OBJECTION TO FVTA AND CRP PROVISIONS

3. The California State Agencies' objection to the release provisions of the FVTA and CRP remain unresolved. Specifically, the FVTA and CRP improperly require the execution of a separate release to obtain payment that is inconsistent with the releases that the government creditors specifically negotiated in the Court-approved settlement of the government Fire Claims. The requirement of a separate release should not apply to the government entities who have already settled their Fire Claims. The California State Agencies' proposed amendments to the FVTA and CRP to address each of these issues was attached as Exhibit 9 to the original objection at Docket No. 7281, a copy of which is attached hereto for the Court's convenience. In particular, the revisions to the Claims Resolution Procedures Section VI Release should be required by the Court as a condition to its approval of the FVTA and CRP.

## RESPONSE TO PROPOSALS BY THE UCC, Calpine and CN Utility

4. In Docket Nos. 7832, 7839, and 7842, the UCC, Calpine and CN Utility propose that the following language be added to the Plan. "Notwithstanding anything to the contrary in the Plan, Plan Supplement, or Confirmation Order, entry of an Order confirming the Plan shall not operate to Allow or Disallow any filed proofs of Claim and instead all such proofs of Claim shall be adjudicated pursuant to the claims resolution process set forth in the Plan."

5. The California State Agencies respectfully ask the Court to modify this proposal which is inconsistent with the treatment of Environmental Claims and Environmental Performance

//
//
//

---

[4] The California State Agencies are informed and believe that the Municipal Objectors, the City and County of San Francisco, and the South San Joaquin Irrigation District join in these suggested revisions regarding Plan section 8.2(e).

Obligations as specified in Paragraphs 4.10 and 4.30 of the Plan, as well as other "pass through" treatment negotiated by the California States Agencies.[5] The language should be modified as follows: "Notwithstanding anything to the contrary in the Plan, Plan Supplement, or Confirmation Order, entry of this Order shall not operate to Allow or Disallow any filed proofs of Claim ~~and instead all such proofs of Claim shall be adjudicated pursuant to the claims resolution process set forth in the Plan~~." The California State Agencies have communicated this objection to Counsel for the UCC, Calpine and CN Utility. The UCC and Calpine communicated that they consent to this proposed revision.

**RESOLVED ISSUES**

6. Except as discussed herein, the objections raised in the State Agency Objections have been resolved by changes in the Plan indicated in the "Draft Plan" filed June 3, 2020 at Docket No. 7736 and the "Draft Plan" filed on June 7, 2020 at Docket No. 7814 ("Draft Plan Revisions"). Many of those resolutions, however, require conforming changes in the proposed confirmation order as well. The California State Agencies reserve all rights to review the Debtors' revised proposed confirmation order when filed (and object if necessary).

7. Potential disputes over cure amounts for assumed executory contracts are not resolved, but are preserved. At Docket No. 7276, the California State Agencies' timely filed their Cure Disputes, as that term is defined in paragraph 34(a) of the proposed confirmation order. Paragraph 34 preserves all unresolved disputes regarding Cure Amounts, adequate assurance of future performance, or any other matter pertaining to assumption, assumption and assignment or Cure Amounts for timely filed cure disputes.

8. The California State Agencies' had additional objections relating to the FVTA and CRP. Those objections have been resolved by agreement or by the Court's ruling on the Adventist et. al. objections (Docket No. 7597), contingent on the FVTA and CRP being revised in accordance with the Court's ruling and the agreements.

---

[5] See for example, the treatment of Environmental Claims (Classes 7A and 8B), the 2001 Utility Exchange Claim (Class 7B) and other negotiated pass through claims that are contained in the proposed confirmation order such as the 2003 Watershed Lands Obligations (proposed order paragraph 66(i)), the obligations from the FERC Tariff Rate Proceedings (proposed order paragraph 66(j)), and the DWR Bond Charge (paragraph 66(k)).

# RESERVATION OF RIGHTS

Neither this pleading nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c. a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other

//
//
//
//
//
//
//
//

| | |
|---|---|
| 1 | agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or |
| 2 | related principles of sovereign immunity or otherwise, all of which objections and defenses are |
| 3 | hereby reserved. |

Dated: June 9, 2020          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: /s/ Paul J. Pascuzzi
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Coastal Commission, California Department of Parks and Recreation, California Department of Fish and Wildlife, California Department of Transportation, California Department of Developmental Services, California Department of Conservation, California Geologic Energy Management Division (formerly Division of Oil, Gas and Geothermal Resources), California Regional Water Quality Control Boards, California State Water Resources Control Board, California Air Resources Board, San Francisco Bay Conservation and Development Commission, California Department of Housing and Community Development, California State Lands Commission and California Department of Water Resources

# EXHIBIT 9

**California State Agencies Plan Objection Exhibit 9—Revisions to Fire Victim Trust Agreement and Claims Resolution Procedures**

Claims Resolution Procedures (Preamble):

The goal of the Fire Victim Trust is to provide an efficient process to fairly compensate the holders of timely filed Fire Victim Claims (respectively, "Claimants" and "Claims") in an equitable manner and on a *pro rata* basis consistent with the terms of the Trust Agreement, Plan, and California and federal law. These Fire Victim Claims Resolution Procedures ("CRP") apply to all Claims; provided that these Claims Resolution Procedures will not apply to the Allowed Fire Victim Claims of the Federal Agencies and State Agencies under their respective Bankruptcy Court-approved settlement agreements.

Claims Resolution Procedures Section VI Release:

Before receiving payment from the Trust, Claimants must submit signed releases in substantially the same form and content as the Claimant Release and Mutual Made Whole Release, attached to the Trust Agreement as Exhibits 4 and 5, respectively; provided however, no additional release will be required with respect to payment of any Fire Victim Claim that is the subject of a Bankruptcy Court approved settlement agreement.

Trust Agreement Recital E:

E. The Plan provides, among other things, for the creation of the PG&E Fire Victim Trust (the "Fire Victim Trust" or the "Trust") to evaluate, administer, process, settle, expunge, and resolve all claims of Fire Victims against the Debtors that have not already been Allowed pursuant to a Bankruptcy Court-approved settlement agreement ("Fire Victim Claims"), and, to the extent approved and liquidated pursuant to the Fire Victim Claims Resolution Procedures (the "CRP") attached hereto as Exhibit 2 ("Approved"), satisfy and pay all Approved Fire Victim Claims in accordance with the Plan, the Confirmation Order, the Trust Agreement, the CRP and the Registration Rights Agreement, including all related exhibits (collectively, the "Trust Documents"), and to prosecute or settle the Assigned Rights and Causes of Action.

Trust Agreement, Section 2.1(e)(vi):

(vi) determine and pay liabilities and expenses created, incurred, or assumed by the Trust (including, without limitation, the obligations under the Bankruptcy Court-approved settlement agreements), except that the Claims Administrator (as defined in Section 2.3, below) shall have all rights, responsibilities, and powers related to the resolution of any Fire Victim Claims in accordance with the Trust Documents;

Trust Agreement Section 2.1(e)(vii):

(vii) prepare analyses and budget(s), both of which may be updated from time to time, of all Fire Victim Claims ("Claims Budget") in order to determine the fair and appropriate amount to be distributed on Approved Fire Victim Claims as such claims become Approved, which takes into account the existence of the Approved Fire Victim Claims that have not yet been paid and Fire Victim Claims that have not yet become Approved Fire Victim Claims, including by maintaining sufficient Trust Assets on hand as deemed by the Trustee, in his or her sole discretion (based on, among other things, the Claims Budget), to be necessary and prudent in carrying out the purposes of the Trust, including, but not limited to, to ensure that all Approved Fire Victim Claims receive a pro rata distribution or as close thereto as possible, regardless of when such claim is fully administered under the terms of the Trust and CRP such that it becomes an Approved Fire Victim Claim; <u>provided, however, that the Trustee shall pay in full, when due, all obligations under the Bankruptcy Court-approved settlement agreements</u>;

Trust Agreement Section 2.4(a):

The CRP shall govern the process by which, each Fire Victim Claim shall be evaluated, administered, processed, settled, expunged, determined and resolved on a final basis<u>; provided however, that notwithstanding anything to the contrary in the CRP, any Fire Victim Claim that is the subject of a Bankruptcy Court approved settlement agreement shall be treated and paid in accordance with the terms of the settlement agreement and shall not be subject to further evaluation, allowance, settlement or determination under the CRP</u>.

Trust Agreement Section 8.3:

Any modification or amendment made pursuant to this Section 8.3 must be done in writing <u>and, in the case of material modifications or amendments, shall be subject to the approval of the Bankruptcy Court after notice and hearing</u>.

2

# PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On June 9, 2020, I served the within document(s):

**CALIFORNIA STATE AGENCIES' REMAINING ISSUES REGARDING CONFIRMATION OF JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 [DOCKET NO. 6320]; PROPOSED REVISIONS TO PLAN PARAGRAPH 8.2(E) AND THE FIRE VICTIM TRUST AGREEMENT**

By Electronic Service via CM/ECF to all registered participants in this case as of June 9, 2020.

*/s/ Susan R. Darms*

SUSAN R. DARMS