**Weil, Gotshal & Manges LLP**

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Stephen Karotkin**
+1 (212) 310-8350
stephen.karotkin@weil.com

June 8, 2020

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Co.*, **Case No. 19-30088 (DM) (jointly administered)**

Dear Judge Montali:

We are the attorneys for the above-referenced Debtors and write this letter on behalf of the Plan Proponents.[1]

This evening, the Creditors' Committee submitted its proposed modifications to the *Debtors' and Shareholder Proponents' Draft Joint Chapter 11 Plan of Reorganization dated June 7, 2020* [Docket No. 7814-1], the *Debtors' Notice of Filing of Plan Supplement* [Docket No. 7037] (the "**Plan Supplement**"), and the proposed confirmation order.

The Plan Proponents disagree with the proposed modifications submitted by the Creditors' Committee.

In particular, with each paragraph proposed, the Creditors' Committee seeks to eviscerate all of the Debtors' rights under the Plan, the Court's confirmation order, and the Plan Supplement. As we mentioned at the hearing today, rather than satisfy its burden to identify which provisions in the Plan, the proposed confirmation order, and the Plan Supplement should be specifically addressed to resolve their purported concerns, the Creditors' Committee instead proposes all-encompassing language that effectively nullifies and preempts all of the terms and provisions of these documents.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated May 22, 2020* [Docket No. 7521] (as it may be amended, modified or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

The Plan Proponents have taken a measured and precise approach in attempting to resolve the specific, discrete concerns raised by certain parties at the confirmation hearing. As I previously stated, the Plan Proponents have agreed to remove paragraph 13 from the Plan Supplement and paragraph 37 from the proposed confirmation order, which fully resolves Issues #1 and #2 identified by the Creditors' Committee. In addition, the Plan Proponents have offered at today's confirmation hearing to modify the proposed confirmation order to include language that fully addresses—without wholesale disregard of the Plan and the Court's confirmation order—the concerns raised in Issues #3 and #4.

Lastly, the Creditors' Committee's insinuations throughout its pleading that I agreed on behalf of the Plan Proponents to *any* of their proposed modifications is patently false and misleading. As I previously made clear on the record in summarizing the terms of a "potential settlement," any formal and binding settlement with the Creditors' Committee remained subject to definitive documentation to be mutually agreed upon between the Plan Proponents and the Creditors' Committee; absent such agreement, there would be no settlement. And that agreement did not materialize.

Calpine Corporation and its subsidiaries (collectively, "**Calpine**") have also submitted proposed modifications to the Plan and proposed confirmation order. The Plan Proponents intend to submit tomorrow formal replies addressing the Creditors' Committee's and Calpine's proposed modifications in greater detail.

Respectfully,

*/s/Stephen Karotkin*

Stephen Karotkin

cc: Theodore Tsekerides
    Jessica Liou
    Gregory Bray
    Thomas Kreller
    Mark E. McKane
    Michael P. Esser
    Bruce Bennett
    Joshua Mester
    Janet Loduca
    (all by electronic mail)