WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides @weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>**MOTION TO FILE REDACTED DOCUMENTS IN SUPPORT OF MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) FOR AN ORDER AUTHORIZING THE UTILITY TO (I) ENTER INTO LEASE AND PURCHASE OPTION AGREEMENT FOR OAKLAND HEADQUARTERS AND (II) GRANTING RELATED RELIEF**<br>[No Hearing Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Redaction Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to file, with certain limited redactions (the "**Redacted Portions**"), the Agreement to Enter into Lease and Purchase Option and exhibits thereto (as described below) related to the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 363 and 105(a) for an Order Authorizing the Utility to (I) Enter into Lease and Purchase Option Agreement for Oakland Headquarters and (II) Granting Related Relief* (the "**Motion**"),[1] filed contemporaneously herewith, and (ii) directing that the unredacted copy provided to the Court of the Agreement to Enter into Lease and Purchase Option and exhibits thereto shall remain under seal and confidential and be shared only with the U.S. Trustee and advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis, and not be made available to anyone without the consent of the Debtors and the other parties to the Agreement to Enter into Lease and Purchase Option Agreement and the exhibits thereto or further order from the Court.

In support of the Redaction Motion, the Debtors submit the Declaration of Jessica Liou (the "**Liou Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Redaction Motion shall have the meanings used in Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. RELIEF REQUESTED IN THE MOTION

Through the Motion, the Debtors seek entry of an order (i) authorizing the Utility to enter into (a) an agreement to enter into a lease and purchase option agreement with TMG Bay Area Investments II, LLC, an affiliate of leading Bay Area property developer, TMG Partners R.E., LLC, and (b) subject to the satisfaction of certain conditions, to enter into a lease and purchase option agreement with BA2 300 Lakeside LLC for that certain property located at 300 Lakeside Drive, Oakland, California (collectively, the "**Agreements**") and (ii) granting related relief.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Pursuant to the terms of the Lease and Purchase Option Agreement annexed as an exhibit to the *Declaration of Tara Agid in Support of Motion of the Debtors Pursuant to 11 U.S.C. §§ 363 and 105(a) for an Order Authorizing the Utility to (I) Enter into Lease and Purchase Option Agreement for Oakland Headquarters and (II) Granting Related Relief* (the "**Agid Declaration**"), filed in support of the Motion, the Utility would be granted the exclusive right to use and occupy the Lakeside Building, subject to the rights of the existing tenants and existing leases. As noted therein, the Utility would become obligated to occupy portions of the Lakeside Building, pursuant to the Lease and Purchase Option Agreement, as the redevelopment is completed and floors become available for the Utility to occupy.

Pursuant to the terms of the Lease and Purchase Option Agreement, the Landlord is required to create a legal parcel that contains the Lakeside Building that can be sold to the Utility in compliance with the California Subdivision Map Act. Prior to the expiry of the Option Period, the Utility will have the option to purchase the 300 Lakeside Property and acquire title to the parcel of land comprising the Lakeside Building from Landlord. If the Utility elects to exercise the Purchase Option, it will enter into a Purchase Agreement in the form contained in Exhibit I to the Lease and Purchase Option Agreement. The key provisions of the Lease and Purchase Option Agreement are described in the Motion.

The Landlord has requested that certain portions of the Agreements, including portions that are subject to non-disclosure agreements or otherwise contain commercially sensitive information about the property or its tenants, be redacted from the version that the Debtors file with the Motion. By this Redaction Motion, the Debtors seek authority to file the Agreements, including exhibits thereto, with such redactions.

IV. **BASIS FOR RELIEF REQUESTED**

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—

>  (1) protect an entity with respect to a trade secret or *confidential* research, development, or *commercial information* . . . .

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors," *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, Local Procedures require that a request for seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically*

*Filing Sealed and Redacted Documents*. Because the Agreements contain confidential commercial information within the scope of section 107(b), this Court should grant the Debtors' request.

The Agreements are the product of arm's length, extensive and good faith negotiations, and contain commercially sensitive information, including information regarding current tenants of the subject property and their leases, the condition of the subject property, and the environmental impact of developing the subject property. Due to the sensitive and confidential nature of the commercial information included therein, the public disclosure of the Redacted Portions of the Agreements would likely cause substantial harm to the Debtors and the Landlord. Accordingly, the Debtors have agreed to keep the Redacted Portions of the Agreements confidential.

The Debtors and the Landlord fully acknowledge the paramount importance of the policy of open access to courts underlying section 107(a)—"[e]xcept as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). In this spirit, the Debtors have narrowly tailored their request and only certain portions of the Agreements will be redacted according to the Local Procedures. The Debtors also propose to share unredacted copies of the Agreements with the U.S. Trustee and advisors to the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants and any other official committee established pursuant to section 1102 of the Bankruptcy Code on a confidential and professionals' eyes only basis.

### V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii)

TMG, TMG BAI, and the Landlord; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 9, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Jessica Liou*
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*