| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**PLAN PROPONENTS' RESPONSE REGARDING PROPOSED MODIFICATIONS TO PLAN AND PROPOSED CONFIRMATION ORDER FILED BY (A) THE CREDITORS' COMMITTEE, (B) CALPINE, (C) CNUC, AND (D) THE CALIFORNIA STATE AGENCIES**<br><br>**Relates to Docket Nos. 7832, 7839, 7842, 7850** |

The Plan Proponents hereby submit this Response regarding the proposed modifications to the *Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated May 22, 2020* [Docket No. 7521] (a draft revision of which is filed at Docket No. 7814, and as may be further modified, supplemented, or amended, the "**Plan**"), the Plan Supplement filed on May 1, 2020 [Docket No. 7037] (together with all exhibits and schedules thereto, as supplemented on May 22, 2020 [Docket No. 7503], May 24, 2020 [Docket No. 7563], June 2, 2020 [Docket No. 7712], June 5, 2020 [Docket No. 7810], and June 8, 2020 [Docket No. 7841] and as it may be further amended, modified, or supplemented, the "**Plan Supplement**"), and the *Proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7581] (as it may be further amended, modified, or supplemented, the "**Proposed Confirmation Order**"), filed by (A) the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") [Docket No. 7832] (the "**Creditors' Committee Proposed Modifications**"), (B) Calpine Corporation on behalf of itself and its subsidiaries (collectively, "**Calpine**") [Docket No. 7839] (the "**Calpine Proposed Modifications**"), (C) CN Utility Consulting, Inc., Cupertino Electric, Inc., Wright Tree Service, Inc., and Wright Tree Service of the West, Inc. (collectively, "**CNUC**") [Docket No. 7842] (the "**CNUC Proposed Modifications**"), and (D) the California State Agencies (the "**State Agencies**" and together with the Creditors' Committee, Calpine, and CNUC, the "**Objectors**") [Docket No. 7850] (the "**State Agencies Proposed Modifications**" and together with the Creditors' Committee Proposed Modifications, the Calpine Proposed Modifications, and the CNUC Proposed Modifications, the "**Objectors' Proposed Modifications**").[1]

---

[1] The pleading filed by Northern California Power Agency *et al.* [Docket No. 7853] with respect to Section 10.9(f) of the Plan was fully addressed at the Confirmation Hearing on June 8, 2020, and that provision should not be revised. It is properly circumscribed to matters released or exculpated pursuant to the Plan. The proposed revision is wrong.

-2-

Case: 19-30088   Doc# 7868   Filed: 06/09/20   Entered: 06/09/20 22:18:30   Page 2 of 7

# MEMORANDUM

## I. PRELIMINARY STATEMENT[2]

As to each of their purported issues, the Objectors seek "clarifying" language – "*Notwithstanding anything in the Plan, the Plan Supplement, or the Confirmation Order to the contrary*" – that would override each and every other term of the Plan, the Plan Supplement, and the Confirmation Order. That is totally inappropriate. The Objectors are not entitled to an exemption from the operation of the Plan and related governing documents. Their proposed language constitutes a wholesale preemption and disregard of the documents that are the foundation of these Chapter 11 Cases and vital to the success and viability of the Debtors as they emerge from chapter 11. Among other things, the Objectors would have the Court exempt them from all findings of fact, approvals of settlements and transactions fundamental to the implementation of the Plan, provisions with respect the treatment of Claims and Equity Interests, and a host of others. There is no basis for such a free pass.

As stated at the hearing on June 8, 2020, it is incumbent on the Objectors to specify provisions that the Objectors believe inappropriately prejudice their rights. The requested global override of the Plan, the Confirmation Order, and the Plan Supplement may be convenient for the Objectors, but is prejudicial to the Debtors and their estates.

The Plan Proponents have addressed and resolved confirmation objections by making specific adjustments to particular, discrete Plan provisions. Indeed, as described in more detail below, the Plan Proponents already have proposed changes on the record – confirmed by this Response – that fully address any legitimate concern with respect to several of the items subject to the Objectors' Proposed Modifications.

Lastly, the Plan Proponents are constrained to reply briefly to the insinuations in the footnotes contained in the Creditors' Committee Proposed Modifications to the effect that the Debtors' counsel purportedly already agreed to those modifications by statements on the record on June 4, 2020. As counsel to the Creditors' Committee must recognize, no such agreement was

---

[2] Capitalized terms used but not herein defined have the meaning ascribed to them in the Plan.

reached. Further, it was made absolutely clear on the record of the Confirmation Hearing that any formal settlement was subject to definitive documentation. *See* Hr'g Tr. (June 4, 2020) at 143:25-144:6 ("MR. KAROTKIN: . . . We had a conversation with Mr. Bray. I think we have ***an agreement in principle, subject to documentation,*** which would require us [to modify] some provisions in the proposed confirmation order. So let me try to summarize where we are and if Mr. Bray disagrees, he can correct me. ***And as I said, this is subject to documentation, so I think everybody should keep that in mind.***") (emphasis supplied). That definitive documentation did not materialize, and therefore, no agreement was reached.

## II. RESPONSE TO OBJECTORS' PROPOSED MODIFICATIONS

The Objectors' Proposed Modifications are largely the same and can be addressed by reference to the six issues set forth in the Creditors' Committee Proposed Modifications:

**Issue #1: Prepetition claims for indemnification or contribution arising under assumed executory contracts or unexpired leases.**

**Plan Proponents' Response:** As acknowledged in the Objectors' Proposed Modifications, this issue relates to Paragraph 13 of the Plan Supplement filed on May 1, 2020 [Docket No. 7037], and Paragraph 37 of the Proposed Confirmation Order. As the Debtors stated at the Confirmation Hearing on June 8, 2020, <u>they will delete Paragraph 13 of the Plan Supplement and any corresponding notice, and will delete Paragraph 37 of the Confirmation Order</u>.

This completely resolves any legitimate concern about the impact of the Plan on claims for indemnification or contribution arising under assumed executory contracts or unexpired leases. As the Debtors have stated previously, the actual allowability of such claims should be addressed if and when they arise. At that time, disputes respecting the viability of such claims can be evaluated in the context of the pertinent facts and circumstances. The Court need not and should not adjudicate hypothetical issues with respect to hypothetical claims that may not ever arise.

Nevertheless, in order to further clarify the matter, the Plan Proponents propose the following modifications to Section 8.2(e) of the Plan and Paragraph 34(d) of the Confirmation Order:

> Assumption or assumption and assignment of any executory contract
> or unexpired lease pursuant to the Plan or otherwise shall result in the

-4-

full release and satisfaction of any Claims ~~and Causes of Action~~ against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary~~, including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, any defaults of provisions restricting the change in control or ownership interest composition, or any other bankruptcy-related defaults. Any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.~~ <ins>to the fullest extent permitted under applicable law.</ins>

This makes clear that assumption is to be given effect to "the fullest extent permitted under applicable law" – nothing more and nothing less.

No additional changes are necessary or appropriate.

**Issue #2: The "automatic disallowance" of prepetition Claims for indemnification or contribution that do not arise under an executory contract or unexpired lease that is assumed under the Plan.**

**Plan Proponents' Response:** There is no automatic disallowance of Claims under the Plan for indemnification or contribution that do not arise under an executory contract or unexpired lease that is assumed under the Plan. Notably, the Creditors' Committee has not identified any provision of the Plan or Confirmation Order that so provides. Rather, it cites arguments in the Debtors' confirmation brief that set forth bases on which such claims *could* be disallowed under both applicable bankruptcy and non-bankruptcy law, if and when they are asserted and adjudicated. The fact that the Plan Proponents or others may believe there is a basis to disallow these claims under section 502(e) of the Bankruptcy Code, the California Civil Code (including Section 877), or otherwise is not relevant. Again, these issues should be addressed if and when a claim arises in the context of an actual dispute and under the existing facts and circumstances at the time.

There is no reason to adopt the Objectors' global override language, which, as noted, would eviscerate the Plan and the Confirmation Order and potentially have a host of unintended negative consequences.

No additional changes are necessary or appropriate.

**Issue #3**: **Clarity regarding rights and defenses of any Entity with respect to any Assigned Right and Cause of Action asserted by the Fire Victim Trust.**

**Plan Proponents' Response:** This issue was fully addressed during the Confirmation Hearing on June 8, 2020, when the Plan Proponents stated that they would add the following language to the Confirmation Order:

> All rights and defenses of any Entity with respect to any Assigned Right and Cause of Action asserted by the Fire Victim Trust against such Entity may be asserted against the Fire Victim Trust.

No additional changes are necessary or appropriate.

**Issue #4**: **Clarity regarding retained rights of setoff and recoupment.**

**Plan Proponents' Response:** This issue also was fully addressed during the Confirmation Hearing on June 8, 2020, when the Plan Proponents stated that they would provide the following language in the Confirmation Order:

> Any rights of setoff or recoupment or defenses thereto held by any Entity are expressly retained and preserved, subject to any applicable limitations of the Bankruptcy Code.

No additional changes are necessary or appropriate.

**Issue #5**: **Assurance that any allowed claim for indemnification or contribution is not channeled to the Fire Victim Trust.**

**Plan Proponents' Response:** The definition of "Fire Claim" under the Plan was the product of extensive negotiations. The proper determination of what is and is not a "Fire Claim" can only be made based on the specific facts and basis of a particular claim. To categorically prejudge the classification of any claim, in the absence of facts, is neither necessary nor appropriate. The Plan does not prejudice the issue, and the rights of all parties are preserved. In the unlikely event that a dispute arises with respect to the issue, it can be determined at that time with the benefit of all pertinent facts.

No additional changes are necessary or appropriate.

**Issue #6: Proofs of Claim not disallowed through Plan.**

**Plan Proponents' Response:** With the removal of Paragraph 13 of the Plan Supplement and Paragraph 37 of the Proposed Confirmation Order as stated above, and the modification of Section

8.2(e) of the Plan described above, this issue has been resolved and no further modifications of or clarifications to the Plan are either required or necessary.

### III. ADDITIONAL TIME TO REJECT CONTRACTS

In view of the issues raised in various confirmation objections with respect to the assumption of executory contracts, the Debtors have amended the Proposed Confirmation Order to provide an additional 15 business days to revise the Schedule of Rejected Contracts and the Schedule of Assumed Contracts. Language to this effect to be added to the Proposed Confirmation Order is annexed hereto as **Exhibit A**.

### IV. CONCLUSION

The Plan Proponents have addressed requests for modifications to the Plan and Proposed Confirmation Order to address legitimate, specific concerns, including any legitimate concerns raised by the Objectors. The additional changes sought by the Objectors are far too broad and unnecessary to address the objections that have been raised.

Dated: June 9, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Jessica Liou*
Jessica Liou

*Attorneys for Debtors and Debtors in Possession*