BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Attorneys for Trustee and Claims Administrator

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 98102 |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Objection Deadline: N/A |

**RESPONSE OF THE FIRE VICTIM TRUSTEE TO THE REMAINING OBJECTION OF THE CALIFORNIA STATE AGENCIES REGARDING FIRE VICTIM TRUST DOCUMENTS**

The Hon. John K. Trotter (Ret.), as Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Fire Victim Trust**") respectfully submits the proposed Governmental Entity Claimant Release attached hereto as Exhibit 1 (the "**Government Entity Release**") and respectfully states as follows:

1. The narrow release contained in the settlement agreement referenced by the State Agencies (which provides a release, with exceptions, to the Fire Victim Trust, but not to its Trustee, its Claims Administrator and their advisors in connection with their work, efforts and judgments with respect to the Trust, its corpus, and beneficiaries) was not negotiated by the Trustee (the Trustee's counsel provided input to the Tort Claimants' Committee in connection with the negotiation but was not part of the direct negotiations and is not a party to the subject settlement agreement) and does not purport to replace the Releases (as defined below) contained in the Trust Documents with respect to the State Agencies. Despite the fact that neither the State Agencies, nor the Federal Agencies that joined their objection, have demonstrated why they should receive special treatment that is different from the requirements placed on other holders of settled Fire Victim Claims who will take their distributions from and through the Fire Victim Trust, the Trustee has made concessions to address and resolve their objection. For these reasons, the State and Federal Agencies should be required, in accordance with the provisions of the Trust Documents, to sign the Government Entity Release, which has been drafted to address their concerns while affording the Trustee and professionals retained by the Trust standard, necessary and wholly unremarkable protections. The Trustee proposes that the Government Entity Release be included in the Plan Supplement (as defined below) as Exhibit 4C to the Fire Victim Trust Agreement for this purpose.

2. On May 1, 2020 the Debtors in the above-captioned cases filed the *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Docket No. 7037] (as supplemented on May 22, 2020 [Docket No. 7503], May 24, 2020 [Docket No. 7563], June 2, 2020 [Docket No. 7712], and June 5, 2020 [Docket No. 7810] and as may be further amended, modified, or supplemented, the "**Plan Supplement**"). The Fire Victim Trust Agreement is incorporated in the Plan Supplement as

Exhibit D. Two claimant releases, one for individuals and one for entities, are appended to the Fire Victim Trust Agreement as Exhibits 4A and 4B (the "**Releases**").

3. During the contested confirmation hearing in connection with the above-captioned cases, counsel for certain State Agencies[1] raised an objection to the Releases, asserting that it is unnecessary for the State Agencies to execute the Releases because there is a limited release in the agreement that settles the State Agencies' Fire Victim Claims (the "**Objection**") by channeling such claims for administration and distribution out of the Fire Victim Trust. Counsel for certain Federal Agencies[2] joined in the Objection with respect to the agreement that settles the Federal Agencies' Fire Victim Claims by channeling such claims for administration and distribution out of the Fire Victim Trust. While, the Trustee did have counsel interface with counsel to the Tort Claimants' Committee and counsel to the State and Federal Agencies during negotiations of the settlement agreements, neither the Trust nor Trustee is a party to the settlement agreements, which contains the release that the State Agencies now claim supersedes the claimant release provisions of the Fire Victim Trust Agreement and Fire Victim Claims Resolution Procedures.

4. Subsequently, the Court heard the position of the Trustee that the releases contained in the settlement agreements were very narrow and only released the Fire Victim Trust. The Trustee maintains that additional releases are necessary in light of the complex, discretionary and judgment-based tasks and decisions required of the Trustee and other professionals retained on behalf of the Fire Victim Trust that are relevant to and directly impact the payment of the claims of the State Agencies and the Federal Agencies under their settlement agreements. The Court is well aware of the obligations and judgments of the Trustee that may effect and impact the

---

[1] The "**State Agencies**" that hold Fire Victim Claims are (i) California Department of Developmental Services, (ii) California Department of Toxic Substances Control, (iii) California Department of Forestry and Fire Protection, (iv) California Governor's Office of Emergency Services, (v) California Department of Parks and Recreation, (vi) California State University, (vii) California Department of Transportation and (viii) California Department of Veterans Affairs.

[2] The "**Federal Agencies**" that hold Fire Victim Claims are (i) the United States Department of Homeland Security/Federal Emergency Management Agency, (ii) the United States Small Business Administration, (iii) the United States Department of Agriculture, (iv) the United States Forest Service, (v) the United States Department of the Interior, (vi) the United States Fish and Wildlife Service, (vii) the National Park Service, (viii) the Bureau of Land Management, (ix) the United States Department of Housing and Urban Development, and (x) the General Services Administration.

distributions/payments that the State and Federal Agencies may receive under their settlement agreements, including, *inter alia*, the Trustee's (i) investment strategy which impacts the interest the Trust may earn, (ii) stock monetization strategy and (iii) litigation strategy with respect to the Assigned Rights and Causes of Action.

5. The Court directed counsel for the Trustee, the State Agencies and the Federal Agencies to meet and confer in an effort to reach a compromise with respect to the release related objection and certain other objections of the State Agencies and the Federal Agencies to the Fire Victim Trust Agreement and Fire Victim Claims Resolution Procedures (together, the "**Fire Victim Trust Documents**").

6. The State and Federal Agencies assert that the Fire Victim Trust Documents "improperly require the execution of a separate release to obtain payment that is inconsistent with the releases that the government creditors specifically negotiated in the Court-approved settlement of the government Fire Claims." The agencies advance this argument despite the fact that Section 1.4(e) of the Fire Victim Trust Agreement **filed on March 3, 2020** [Docket No. 6049-1] clearly provides that the Fire Victim Trust will require all holders of Fire Victim Claims to sign a claimant release (providing a release of the Trustee, Claims Administrator and their advisors) as a precondition to receiving any payment on account of their Fire Victim Claims from and through the Fire Victim Trust. Nothing in the **April 2020** State and Federal Entities settlement agreements [Docket Nos. 6940-1 and 6940-2] provides or implies that the releases therein (which are limited to the Fire Victim Trust) is intended to replace the standard claimant release that every other holder of a Fire Victim Claim (including other holders of claims subject to court-approved settlements) must sign.[3]

7. It should be noted that the Trustee has resolved all other objection to the Fire Victim Trust Documents proposed by counsel to the State and Federal Agencies, including an explicit

///

---

[3] We do note however, that the form of the releases that are the subject of this dispute were not contained in the March 3, 2020 filing.

acknowledgement in the Trust Agreement that the Fire Victim Trust is bound by the terms of the settlement agreements.

8. The only issue that remains unresolved as of the date of this filing is whether the State Agencies and Federal Agencies may receive a distribution from the Fire Victim Trust on account of their Fire Victim Claims if they refuse to execute any release other than relying on the limited releases (of the Trust only) provided in the settlement agreements. In an attempt to resolve this objection, and understanding that the individual claimant and entity claimant Releases presently attached as Exhibits 4A and 4B to the Trust Agreement may not fit the circumstances of the State and Federal Agencies, the Trustee is including as Exhibit 4C to the Trust Agreement a separate, stand-alone Government Entity Release to address and resolve their objections (attached hereto as Exhibit 1).

9. The Trustee respectfully requests that the Court overrule the one, remaining objection of the State and Federal Agencies to the Trust Document as set forth herein.

DATED: June 10, 2020

BROWN RUDNICK LLP



Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

and

BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Attorneys for Trustee and Claims Administrator

# EXHIBIT 1

# GOVERNMENTAL ENTITY CLAIMANT RELEASE
# IN CONNECTION WITH DISTRIBUTION FROM THE FIRE VICTIM TRUST

To receive payment of a Distribution (as defined below) from the PG&E Fire Victim Trust (the "**Trust**"), an eligible Governmental Entity must execute and submit to the Trustee (as defined below) this Release and Indemnification (the "**Release**"). **This Release must be signed by an authorized signatory of the Governmental Entity. A signature by an attorney for the Governmental Entity, unless such attorney is an authorized signatory of the Governmental Entity, is not sufficient.**

## DEFINITIONS

The definitions set forth above for the terms "**Trust**" and "**Release**" are specifically incorporated herein by reference as if fully set forth in this section.

All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Chapter 11 Plan (as defined below).

"**Bankruptcy Court**" means the United States Bankruptcy Court for the Northern District of California San Francisco Division, having subject matter jurisdiction over the Chapter 11 Cases and, to the extent of any reference withdrawal made under section 157(d) of title 28 of the United States Code, the District Court.

"**Channeling Injunction**" means the permanent injunction provided for in Section 10.7 of the Chapter 11 Plan with respect to Fire Victim Claims that was issued pursuant to, and included in, the order confirming the Chapter 11 Plan.

"**Chapter 11 Cases**" means the jointly administered cases under chapter 11 of the Bankruptcy Code commenced by the Debtors on the Petition Date in the Bankruptcy Court and currently styled *In re PG&E Corporation and Pacific Gas and Electric Company*, Bankruptcy Case No. 19-30088 (DM) (Lead Case) (Jointly Administered).

"**Chapter 11 Plan**" means the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020, filed in the Chapter 11 Cases and confirmed by the Bankruptcy Court.

"**Claim**" or "**Claims**" has the meaning set forth in section A of this Release.

"**CRP**" means the Fire Victim Claims Resolution Procedures for the resolution, liquidation, and payment of Fire Victim Claims by the Trust, substantially in the form included in the Plan Supplement filed in the Chapter 11 Cases on May 1, 2020 and as may be amended and supplemented thereafter from time to time.

"**Debtors**" means PG&E Corporation and Pacific Gas and Electric Company, the debtors and debtors-in-possession in the Chapter 11 cases.

"**Distribution**" means any distribution from the Trust to a Governmental Entity that is to be made pursuant to a post-petition settlement agreement that was approved by and subject to a final order of the Bankruptcy Court.

"**District Court**" means the United States District Court for the Northern District of California, having jurisdiction in the Chapter 11 Cases.

"**Fires**" means the Butte Fire (2015), the North Bay Fires (2017) (consisting of the following fires: LaPorte, McCourtney, Lobo, Honey, Redwood/Potter Valley, Sulphur, Cherokee, 37, Blue, Pocket, Atlas, Cascade, Nuns, Adobe, Norrbom, Pressley, Partrick, Pythian/Oakmont, Maacama, Tubbs, Point, and Sullivan) and the Camp Fire (2018).

"**Fire Victim**" means a person or entity damaged, or who purports to have been damaged, in various ways by the Fires.

"**Fire Victim Claim**" means any claim against the Debtors in any way arising out of the Fires that was channeled to the Trust by the Channeling Injunction and the Plan.

"**Governmental Entity**" means a governmental entity that is party to a post-petition settlement agreement that was approved by and subject to a final order of the Bankruptcy Court.

"**Released Parties**" means the Trust, the Trustee, Delaware Trustee, TOC, Claims Administrator, Special Master and each of their lawyers and advisors, solely in their capacities as such in respect of the Trust.

"**Retention Orders**" means the Order Granting Application of The Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee *Nunc Pro Tunc* to January 13, 2020 [Docket No. 6760] and the Order Granting Application of The Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§ 1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator *Nunc Pro Tunc* to January 13, 2020 [Docket No. 6759], entered by the Bankruptcy Court on April 14, 2020 in the Chapter 11 Cases.

"**Special Master**" means the special master appointed by the Superior Court of California for the County of San Francisco to approve any and all minors' compromises in conjunction with the evaluation, disallowance, resolution, settlement, and approval of any and all Fire Victim Claims in accordance with the CRP.

"**TOC**" means the members of Trust Oversight Committee appointed by the Consenting Fire Claimant Professionals and the Tort Claimants Committee to oversee the Trust in accordance with the Chapter 11 Plan and the Trust Agreement.

"**Trust Agreement**" means the PG&E Fire Victim Trust Agreement dated as of [●], 2020, substantially in the form included in the Plan Supplement filed in the Chapter 11 Cases on May 1, 2020.

"**Trustee**" means Hon. John K. Trotter (Ret.) or any other person appointed to serve as trustee under and in accordance with the Trust Agreement.

## RELEASE AND INDEMNIFICATION

A. In consideration of the benefit of receiving a Distribution from the Trust, Governmental Entity, on its own behalf does hereby voluntarily, intentionally, knowingly, absolutely, unconditionally and irrevocably waive, release, remit, acquit, forever discharge, the Released Parties from and with respect to any and all civil claims as defined in section 101(5) of the Bankruptcy Code, including but not limited to civil complaints, demands, obligations, causes of action, losses, expenses, suits, liabilities, based on contract, tort, statutory, or other legal or equitable theory of recovery (collectively, "**Released Claims**") that arise or result from the discharge of the Released Parties' duties and responsibilities under the Retention Order, the Trust Agreement, including any agreement, document, instrument or certification contemplated by the Trust Agreement, the CRP, the Chapter 11 Plan, the formulation, preparation, negotiation, execution or consummation of the Trust Agreement, the CRP and the Chapter 11 Plan, and any and all other orders of the District Court or Bankruptcy Court relating to the Released Parties and/or their duties and responsibilities, from the beginning of time through the execution date of this Release.[4]

B. Governmental Entity hereby acknowledges that pursuant to the Chapter 11 Plan, the Channeling Injunction and the order confirming the Chapter 11 Plan, the Debtors have been fully and completely discharged and released and their respective property and successors and assigns from any and all liability arising from or related to any Fire Victim Claim asserted.

C. Governmental Entity acknowledges that the Trust is not providing any tax advice with regard to the receipt of the Distribution or any component thereof, and understands and agrees that it shall be solely responsible for compliance with all tax laws with respect to the Distribution, to the extent applicable.

---

[4] **A SUBSEQUENT RELEASE OR ANNEX TO THE ORIGINAL RELEASE WILL BE REQUIRED TO BE EXECUTED BY THE GOVERNMENTAL ENTITY AT THE TIME OF EACH DISTRIBUTION, RELEASING THE RELEASED PARTIES FROM THE DATE OF THE LAST RELEASE THROUGH THE DATE OF EACH SUBSEQUENT RELEASE.**

Governmental Entity: _____

By: _____

Authorized Signature: _____

Title: _____

Date: _____