UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\**All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 98102<br><br>**Objection Deadline**: N/A |

**CORRECTED JOINT STATEMENT OF THE TCC, TRUSTEE, AND AD HOC GROUP OF OBJECTORS IN CONNECTION WITH MEMORANDUM ON OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES AND COMCAST TO TRUST DOCUMENTS**

During the contested confirmation hearing of the Chapter 11 Cases,[1] the Bankruptcy Court directed counsel for the Tort Claimants Committee (the "**TCC**") and the Fire Victim Trustee, on the one hand, and counsel to the parties who submitted the *Objection of Adventist Health, AT&T, Paradise Entities and Comcast to Trust Documents* [Docket No. 7072] (those parties, the "**Objectors**"),[2] on the other, to prepare and file a joint statement (this "**Statement**") on the two

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Draft Joint Chapter 11 Plan of Reorganization Dated June 7, 2020* [Docket No. 7814-1] (the "**Plan**").

[2] The Objectors are Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River; Paradise Unified School District, Paradise Irrigation District, Northern Recycling and Waste Services, LLC/Northern Holdings, LLC, Napa County Recycling & Waste Services, LLC/Napa Recycling & Waste Services, LLC, and Christian & Missionary Alliance Church of Paradise, dba Paradise Alliance Church; AT&T Corp. and all affiliates; and Comcast Cable Communications, LLC and all affiliates.

remaining substantive issues between the parties in respect of the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures, and certain provisions of the proposed Confirmation Order relating thereto (collectively, together the Plan and other related agreements and documents, the "**Trust Documents**").[3]  This Statement sets forth each issue as framed by the parties followed first by the position of the Objectors, and then second by the position of the TCC and Trustee.  The TCC, Trustee, and Objectors request that the Bankruptcy Court set a hearing to consider these matters at a date and time that is convenient for the Bankruptcy Court, and request an allocation of ten (10) minutes for each side's presentation.

**Issue 1**

**Objectors' Framing of Issue 1**.  In its May 26, 2020 memorandum decision (Docket No. 7597; at pg. 7, lines 4-7) (the "**Memorandum Decision**"), the Bankruptcy Court sustained the Objectors' objection and directed that they be provided the opportunity pursuant to the Trust Documents to seek "judicial de novo review" after they have exhausted their remedies under the CRP.  The issue is the scope of that review and whether a holder of a Fire Victim Claim (a "**Fire Victim Claimant**") should be required in the judicial review proceeding to establish that the negligence and/or equipment of Debtor PG&E Corporation, a California corporation ("**PG&E**"), was a substantial factor in causing the Fires, notwithstanding the fact that, pursuant to the current draft of the CRP, such causation is deemed established for purposes of claims determinations by the Fire Victim Trust.  The draft CRP provides:  "For the purposes of claims determination with the CRP, PG&E's negligence and/or equipment is deemed to be a substantial factor in causing all Fires set forth in Exhibit 1."  CRP at Art. I.A.  With respect to Fire Victim Claimants who then seek judicial review of their claims determination, the draft CRP provides:  "For the avoidance of doubt, nothing herein shall require the Trustee to concede that PG&E's negligence and/or equipment is deemed to be a substantial factor in causing all Fires set forth in Exhibit 1 outside of the Claims Determination and Dispute Resolution procedures set forth in Sections VII and VIII hereof." *Id.* at

---

[3]The parties have agreed to make certain revisions to the Trust Documents depending on the outcome of the Court's consideration of the issues raised herein.  This statement does not address those contemplated revisions and the parties intend to confer following the Court's ruling to draft those revisions.

2

Art. IX.B.

***The Objectors believe that this construct is inconsistent with the Court's Memorandum Decision and fundamentally and unfairly undermines the right of judicial review.***

The Bankruptcy Court determined that the Objectors were entitled to a judicial de novo review of their claims determinations. While the current draft of the CRP states that it provides for de novo review, it imposes unfair and disparate evidentiary requirements on the Fire Victim Claimants seeking such review that do not apply in the context of the Fire Victim Trust's determination of Fire Victim Claims under the CRP. In particular, Fire Victim Claimants whose Fire Victim Claims are determined by the Fire Victim Trust will not be required to prove PG&E's liability for the Fires, as PG&E's liability is assumed, acknowledged, and not disputed for all purposes in connection with the Fire Victim Trustee's determination of the "Approved" amount of a Fire Victim Claim. In contrast, Fire Victim Claimants who opt to invoke their right to seek judicial review of their claims determination are required to make an evidentiary showing that PG&E's negligence or equipment caused the Fires. This is simply an effort to discourage and/or prejudice Fire Victim Claimants who seek judicial review, and a backdoor effort by the TCC to limit the effect of the Bankruptcy Court's ruling. As a matter of fundamental fairness, Fire Victim Claimants who seek judicial review should not be subject to more onerous substantive evidentiary requirements than those that are applied to Fire Victim Claimants who do not seek such substantive review. Tellingly, the TCC and the Fire Victim Trustee have offered no precedent to support this kind of disparate and unfair treatment to those Fire Victim Claimants who invoke their right to judicial review. Further, this disparate treatment contradicts the Trust Documents' and the TCC's repeated declaration that Fire Victim Claims will be treated in a "fair, consistent and equitable manner".

The draft CRP also appears to ignore the Bankruptcy Court's earlier decision finding that "the doctrine of inverse condemnation applies to the Debtors as a matter of law." *Order on Applicability of Inverse Condemnation; Rule 54(b) Certification* [Docket No. 4949]; at pg. 1, lines 27-28; *see also Memorandum Decision On Inverse Condemnation* [Docket No. 4895].

3

Requiring Fire Victim Claimants who seek judicial review of their claims to establish liability as part of their Fire Victim Claim improperly revives the Debtors' efforts to escape the consequences of the Bankruptcy Court's decision that the doctrine of inverse condemnation applies to the Debtors, and should not be permitted.

Moreover, as currently drafted, the Plan appears to preclude Fire Victim Claimants from taking discovery from the Reorganized Debtors with respect to their acts and omissions relating to the Fires, thereby potentially precluding Objectors from meeting this new evidentiary burden. Assuming that is the proper interpretation of the Plan, a Fire Victim Claimant's mandated right to judicial review would be rendered virtually meaningless because such claimant would be required to prove PG&E's liability, yet would be unable to take discovery to develop the necessary record. It also is doubtful that the Court envisioned that judicial review of a Fire Victim Claim determination would involve a full-blown trial of PG&E's Fire liabilities and all that entails. Indeed, requiring such a proceeding flies in the face of the arguments previously made by the TCC at the hearing on this issue that allowing judicial review would be overly burdensome to the Fire Victim Trust estate.[4]

This approach also contradicts the notion that the Tort Claimants RSA constitutes a complete settlement of PG&E's liability for the Fires to the Fire Victim Claimants, which the Debtors and the TCC have consistently explained to the Court. To be sure, a blanket requirement that all Fire Victim Claimants establish PG&E's negligence in order to recover from the Trust would fundamentally negate the settlement embodied by the Tort Claimants RSA and would violate AB1054 which requires funding to be set aside for Fire Victim Claimants, not just those Fire Victim Claimants who are able to establish PG&E's negligence. Imposing that requirement on the small subset of Fire Victim Claimants who opt for judicial review of their claims is no less

---

[4] Nor will barring assertion of these defenses on judicial review adversely affect the Trustee's ability to pursue the Assigned Rights and Causes of Actions against third parties (e.g., tree trimmers). In fact the opposite is true: it is only if these issues are raised on judicial review that this Court would make any determination about them that could adversely affect the Trustee's claims against third parties. The Trustee is already precluded from raising these defenses in the Trust's claims determination process; preventing these defenses from being raised during judicial review will have no greater impact on his third-party claims than that preclusion.

4

problematic.[5]

The required right to judicial review must be applied fairly and not in a manner that would impose additional, unfair hurdles that fundamentally undermine that right. The Bankruptcy Court should not impose more onerous substantive requirements on those who seek judicial review than those that are applied by the Fire Victim Trust to Fire Victim Claimants who do not. In other words, PG&E's negligence and/or equipment should be deemed to be a substantial factor in causing all of the Fires, regardless of whether the nature of a Fire Victim Claimant's damages are being litigated through a claims determination by the Fire Victim Trust or through judicial review by this Bankruptcy Court.

**TCC's/Trustee's Framing of Issue 1**. In its May 26, 2020 memorandum decision (Docket no. 7597; at 7, lines 4-7), the Court sustained the Objectors' objection and directed that they be provided, in the order confirming the Plan (the "**Confirmation Order**"), the opportunity to seek "judicial de novo review" after they have exhausted their remedies under the CRP (defined below). The parties have agreed to the language to be included in the Confirmation Order. The issue remaining in connection with this subject is the scope of that review as set forth in the Claims Resolution Procedures (the "**CRP**"). Should an Objector be required to prove the Debtors' liability on each of the Objector's causes of action? Should an Objector be required to prove each element of each cause of action, or should the Objector only be required to prove damages? Should the Trust be permitted to contest the Objector's case and raise all defenses available to the Debtors if an Objector elects to exit the Trust and seek such a *de novo* judicial determination of its claim?

***The TCC and the Trustee believe that the answer is "yes."***

The Trust Agreement and CRP have been modified to comport with the Court's May 26th ruling so that parties that timely submitted an objection to the Fire Victim Trust Documents have the right to seek judicial de novo review of their claims. The Objectors, each of whom timely submitted an objection, may reject the Trustee Determination and seek to obtain a greater recovery

---

[5] The burden is also strikingly unfair on those individual Fire Victim Claimants who may be forced to bear disproportionate litigation costs to establish PG&E's negligence relative to the size of their claims, thereby undermining their fundamental ability to pursue their judicial review right. Notably, these provisions have not yet been disclosed to any parties in interest in the bankruptcy cases other than the Objectors.

5

in a judicial proceeding.

Under the terms of the Fire Victim RSA and other Plan documents, all of the Debtors' rights and defenses to, among others, the Objectors' claims were transferred to the Trust. A benefit of the Trust's CRP is that parties that are paid in accordance with the Trustee Determination will not have to prove that PG&E's negligence and/or equipment was a substantial factor in causing the Fire that damaged their property and caused their loss. By affording victims a speedy and truncated review of a victim's right to compensation, the Trust is not waiving the right to assert all defenses to such claims if the claims are to be litigated in a court proceeding and the Trust should not be required to waive that right.

Objectors that exit the Trust are refusing to accept the Trustee's determination and electing to litigate instead. The TCC's and the Trustee's position is that if an Objector elects to litigate, the Trust, in the judicial de novo review selected by that Objector, should be entitled to assert all defenses, crossclaims, offsets, and recoupments regarding the Objector's claims that the Debtors have or would have had under applicable law. Further, in such a de novo review, by its nature, the Trust must retain the right to dispute any element of the Objector's claim, whether that element is standing, breach of duty, standard of care, amount of damages, causation, or anything else, including that PG&E's negligence and/or equipment was a substantial factor in causing the Fire that damaged the Objector's property or caused a loss. The Trust may elect not to dispute PG&E's negligence, depending, for example, on the Fire at issue. But it should be up to the Trustee to decide whether to defend or not defend any element on which an Objector has the burden of proof.

The TCC and the Trustee believe that it would be improper for the Trust to be required to waive any defense at this time, particularly given that certain of the Objectors may be solely or jointly liable for causing some or all of the Fires. For example, AT&T and Comcast partially own several of the poles that are implicated in causing certain Fires. If a Fire was caused by the failure of a jointly owned pole, AT&T and Comcast may be liable for a substantial amount of property damage and wrongful death. The Trust must be permitted to raise this as a defense to any claims asserted by AT&T and Comcast.

6

The TCC and the Trustee regard the Objectors' position as an attempt to improperly limit the Trust's ability to litigate with the Objectors in a judicial proceeding while they are provided that right unfettered in the judicial de novo review into which they chose to elect entry. The Objectors fought for and obtained the right to litigate. If they elect to litigate, they cannot avail themselves of the claims procedures they reject in order to confound the Trust's ability to appropriately defend against the claim and frustrate the Trust's ability to receive affirmative relief against sole or joint-tortfeasors. Objectors must be required to prove all elements of their claims in that litigation and the Trust must be allowed to raise all available defenses. If a litigating Objector contends that PG&E has made a relevant admission or concession as to liability, it can of course, subject to the applicable rules of evidence, seek to have such admission admitted as evidence in that judicial proceeding.

**Issue 2**

**Objectors' Framing of Issue 2**. The current draft of Paragraph 19 of the Confirmation Order relating to the Trust Documents includes the following provision: "The Trust shall not have any rights of the Reorganized Debtors under the executory contracts and unexpired leases that are assumed pursuant to the Plan or during the Chapter 11 Cases under section 365 of the Bankruptcy Code, **except for any Assigned Rights and Causes of Action that arise under such executory contracts or unexpired leases**. Notwithstanding the foregoing, if a Fire Victim has liability to the Debtors under an executory contract or unexpired lease that arises from or is attributable to a Fire, including, without limitation, the obligation to indemnify the Debtors under an executory contract or unexpired lease for or as a result of a Fire, the Trust shall have the right to setoff or recoup such liability from such Fire Victim's Fire Victim Claim regardless of whether such executory contract or unexpired lease is assumed pursuant to the Plan." (emphasis added)

***The Objectors believe that this provision was not properly noticed to counterparties to executory contracts and also violates Section 365 of the Bankruptcy Code.***

First, this provision was not properly noticed to the counterparties to the executory contracts being assumed. Indeed, the provision has not even been disclosed as a general matter to parties in

7

interest in any respect. It was not included in any versions of the Plan. It was not included in the proposed Confirmation Order filed with the Bankruptcy Court [Docket No. 7581], and it was not included in any version of the filed Trust Documents attached to the Plan Supplement. Section 8.1 of the Plan says that the contracts are being ***assumed***. It does not say that the contracts are being assumed and partially assigned. Similarly, the schedule of executory contracts filed with the Plan Supplement identified the executory contracts as being ***assumed*** pursuant to the Plan. Nor did the Debtors' notices of assumption disclose any such assignment. For that reason alone, this provision should be rejected.

Second, it is black letter law that the doctrine of *cum onere* applies to executory contracts. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984); *Thompson v. Texas Mexican Ry. Co.*, 328 U.S. 134, 141 (1946) ("[T]he bankruptcy rule is that he takes the contracts of the debtor subject to their terms and conditions. Contracts adopted by him are assumed cum onere"); *In re Dewey Ranch Hockey, LLC*, 406 B.R. 30, 36-7 (Bankr. D. Ariz. 2009) (holding that a debtor must assume all of a contract's burdens along with its benefits). This means that provisions of an executory contract cannot be cherry picked. If a debtor is going to assume a contract, it must assume all of the benefits and burdens of the entire contract, and cannot assume some provisions while rejecting others. Similarly, a debtor can assign an assumed contract in its entirety to a third party, but it cannot assume certain provisions of a contract and assign portions of that contract to a third party. That is exactly what is proposed here in the language at issue. The Debtors are assuming the executory contracts and purporting to assign certain rights thereunder to the Fire Victim Trust (*i.e.*, the Assigned Rights and Causes of Action arising under an assumed executory contract). This blatantly violates section 365 of the Bankruptcy Code. Pursuant to section 365, either the Debtors must retain all of their rights under the assumed executory contracts, or they must assign all of those rights thereunder to the Fire Victim Trust; they cannot do what is proposed here and retain rights under the assumed contract, and at the same time assign a portion of those rights to the Fire Victim Trust.

**TCC's/Trustee's Framing of Issue 2**. Should the Debtors' assumption of an executory

8

contract preclude the Trust's ability to pursue an Assigned Right and Cause of Action against the non-debtor counterparty?

***The TCC and the Trustee believe that the answer to this question is "no."***

In its May 26th ruling, the Court agreed with the TCC regarding the Trust Agreement's language in respect of the Trustee's setoff and recoupment rights. *See* Docket no. 7597; at 10, lines 15-25. Nonetheless, the Court directed the parties to meet and confer and attempt to clarify any ambiguity such language. The Objectors asserted that an ambiguity existed in the Trust Documents over claims that the Trust or the Reorganized Debtors would have under applicable law.

The Objectors are parties to executory contracts with the Debtors that may be assumed under the Plan. As a general matter, the TCC's and the Trustee's position is that the Trust will not have any rights of the Reorganized Debtors under such executory contracts that are assumed, except for any Assigned Rights and Causes of Action that arise under such executory contracts. If the Debtors have an indemnification claim against AT&T and Comcast and such claim is assigned to the Trust under the Plan, the Debtors' assumption of the underlying contract should not negate such claim. If the Debtors had not assigned any claims to the Trust and assumed the contract, they would have the right to sue AT&T and Comcast for indemnity.

The assumption of the contract should have no impact on the assignment of such claim to the Trust. The Plan states that the Fire Victim Trustee, pursuant to sections 1123, 1141 and 1146(a) of the Bankruptcy Code, will be authorized and directed to, on behalf of the Debtors' estates, take all actions required to transfer the Assigned Rights and Causes of Action from the Debtors to the Fire Victim Trust, and that the Fire Victim Trust shall succeed to all of the rights and standing of the Debtors with respect to the Assigned Rights and Causes of Action in its capacity as a trust administering assets for the benefit of Fire Victims. *See* Plan at § 6.8(a). The assignment at issue is not a transfer to a third party but an assignment to a representative of the Debtors' estates.[6]

---

[6] *See In re Alameda Invs., LLC*, No. 09-10348, 2014 WL 868605, at *5-6 (9th Cir. BAP Mar. 5, 2014) (bankruptcy court correctly ruled that assignment of estate's interests to trust was not a transfer to a third party but an assignment to an estate representative); *accord In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005) (liquidating trustee is the "functional equivalent" of the bankruptcy trustee); *Alary Corp. v. Sims (In re Assoc. Vintage Grp.)*, 283 B.R. 549, 560 (9th Cir. BAP 2002) (explaining that "a plan may provide for the retention and enforcement, by a trustee or specially-appointed representative, of a claim belonging to the estate. 11 U.S.C. § 1123(b)(3)(B).").

9

The TCC and the Trustee has proposed clarifying language on this point:

<u>Clarification on Rights of Setoff and Recoupment For Assumed Executory Contracts</u>. The Trust shall not have any rights of the Reorganized Debtors under the executory contracts and unexpired leases that are assumed pursuant to the Plan or during the Chapter 11 Cases under section 365 of the Bankruptcy Code, except for any Assigned Rights and Causes of Action that arise under such executory contracts or unexpired leases. Notwithstanding the foregoing, if a Fire Victim has liability to the Debtors under an executory contract or unexpired lease that arises from or is attributable to a Fire, including, without limitation, the obligation to indemnify the Debtors under an executory contract or unexpired lease for or as a result of a Fire, the Trust shall have the right to setoff or recoup such liability from such Fire Victim's Fire Victim Claim regardless of whether such executory contract or unexpired lease is assumed pursuant to the Plan.

The Objectors dispute this language and assert that they should have the right to dispute the validity of the assignment under section 365 of the Bankruptcy Code. But section 365 of the Bankruptcy Code is not the operative Code provision. The Plan is not proposing to sever any executory contracts—i.e., retain beneficial provisions while rejecting provisions deemed burdensome. Rather, contracts are being assumed *cum onere* by the Reorganized Debtors and claims against third parties are being assigned to an estate representative under the Plan.

*[Signatures on Next Page]*

1 | Dated:
2 | June 10, 2020

        MacConaghy & Barnier, PLC
        /s/ John H. MacConaghy

        By John H. MacConaghy

        *Special Counsel for the Official Committee Of Tort Claimant*


        BROWN RUDNICK LLP


        /s/ David J. Molton
        Joel S. Miliband (SBN 077438)
        (JMiliband@brownrudnick.com)
        2211 Michelson Drive
        Seventh Floor
        Irvine, California 92612
        Telephone:    (949) 752-7100
        Facsimile:    (949) 252-1514

        and

        BROWN RUDNICK LLP
        David J. Molton (SBN 262075)
        (DMolton@brownrudnick.com)
        Seven Times Square
        New York, New York 10036
        Telephone:    (212) 209-4800
        Facsimile:    (212) 209-4801

        Attorneys for *Trustee and Claims Administrator*


        NORTON ROSE FULBRIGHT US LLP


        /s/ Rebecca J. Winthrop
        Rebecca J. Winthrop (SBN 116386)
        Robin D. Ball (SBN 159698)
        555 South Flower Street, Forty-First Floor
        Los Angeles, California 90071
        Telephone: 213.892.9200
        Facsimile: 213.892.9494
        rebecca.winthrop@nortonrosefulbright.com
        robin.ball@nortonrosefulbright.com

        *Attorneys for ADVENTIST HEALTH*

REED SMITH LLP

/s/ Peter Munoz
David E. Weiss (SBN 148147)
Peter Munoz (SBN 66942)
101 Second Street Suite 1800
San Francisco, CA 94105-3659
Telephone: 415.543.8700
Facsimile: 415.391.8269
dweiss@reedsmith.com
pmunoz@reedsmith.com

*Attorneys for PARADISE ENTITIES*

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ Benjamin Mintz
Benjamin Mintz (*Pro Hac Vice* admitted)
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Facsimile: 212.836.8689
benjamin.mintz@arnoldporter.com

and

Gerardo Mijares-Shafai (*Pro Hac Vice* admitted)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: 202.942.5000
Facsimile: 202.942.5999
gerardo.mijares-shafai@arnoldporter.com

*Attorneys for AT&T*

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Craig Goldblatt
Craig Goldblatt (*Pro Hac Vice* admitted)
1875 Pennsylvania Ave., NW
Washington DC 20036
Telephone: 202.663.6000
Facsimile: 202.663.6363
craig.goldblatt@wilmerhale.com

and

2

| | |
|---|---|
| 1 | Lauren Lifland (*Pro Hac Vice* application pending) |
| 2 | Allyson Pierce (SBN 325060) |
| 3 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 4 | 250 Greenwich Street<br>New York, NY 10007 |
| 5 | Telephone: 202.230.8800<br>Facsimile: 202.230.8888 |
| 6 | lauren.lifland@wilmerhale.com<br>allyson.pierce@wilmerhale.com |
| 7 | *Attorneys for COMCAST* |

3