WATTS GUERRA LLP
Mikal C. Watts (*pro hac vice*)
Guy L. Watts II (*pro hac vice*)
Alicia O'Neill (*pro hac vice*)
Jon T. Givens (*pro hac vice*)
Paige Boldt, SBN 308772
70 Stony Point Road, Suite A
Santa Rosa, California 95401
Phone: (707) 241-4567
2561 California Park Drive, Suite 100
Chico, California 95928
Phone: (530) 240-6116
Email: mcwatts@wattsguerra.com

*Attorney for Numerous Wild Fire Claimants*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.  | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY EILEEN KING AND JASON KING, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GUY L. WATTS** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: July 7, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br><br>Objection Deadline: June 23, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Watts Guerra LLP, together with several other firms, represent thousands of victims of the

- 1 -

Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire") and 2019 ("Kincade Fire").

Watts Guerra LLP respectfully files this motion on behalf of Eileen King and Jason King, (collectively, "Movants") to deem timely late filing of proofs of claims ("Motion").

## I.  SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to a variety of stressors arising from the CAMP Fire, Movants were unable to timely file their proofs of claims. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow these survivors to have their claims deemed timely. This Court must determine whether to grant the Motion.

## II.  FACTUAL BACKGROUND

### A. Movants' Claims Arising From Tubbs Fire[1]

Creditors Eileen King and Jason King are survivors of the CAMP Fire that occurred in 2018. On October 3, 2019, Eileen King contacted our Chico office inquiring about the process to submit a claim. The representative confirmed via email on October 3, 2019 the process for Mrs. King to access and sign a contract to move forward as a client. The representative included in her email the Court ordered CMO5 form for competition as well. On October 4, 2019, Mrs. King returned the completed CMO5s requesting a return call as she still had open questions. Neither Mrs. King nor the representative followed up the October 4, 2019 email exchange. On April 30, 2020, Mrs. King emailed the same representative inquiring about follow up to her email of October 4, 2019. After a review of all emails, a search of all databases, conversations with Mrs. King, it was determined that both the representative and Mrs. King had failed to follow thru on the last email exchange with Mrs. King thinking the CMO5 was sufficient to move her claim forward. Mrs. King recalls the contract and signing but apparently due to failed issues with either the website or

---

[1] *See* Ex. 1, Declaration of Guy L. Watts.

user error, the signed documents were never received by Watts Guerra LLP.

On June 10, 2020, Watts Guerra LLP filed claim numbers BYRVK27402 and TZXST27402 on behalf of Movants ("Subject Proofs of Claims"). True and correct copies of the Subject Proofs of Claim are collectively attached to the Guy L. Watts Declaration as Exhibit "A".

### B. General Procedural Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

### C. Plan, Disclosure Statement, and the Solicitation Procedures Motion

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan

Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved. Since then, the Disclosure Statement and Plan have been circulated for votes.

**D**. **Extended Bar Date for Fire Victim Creditors**

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

**III.   Legal Argument**

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the

- 4 -

Case: 19-30088    Doc# 7884    Filed: 06/10/20    Entered: 06/10/20 21:18:12    Page 4 of 6

movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proofs of Claims were filed. Thirdly, the delay in filing the Subject Proofs of Claim is reasonable considering the estrangement of Movants and the accompanying stress of relocating after the emotional trauma they experienced as survivors of the Tubbs Fire. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

IV. **Conclusion**

For the reasons set forth above, the Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proofs of Claims filed by Movants are to be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: June 10, 2020.

                                      Respectfully submitted,

                                      WATTS GUERRA LLP

                                      By:   */s/ Mikal C. Watts*
                                                 Mikal C. Watts