WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

JONES DAY
Bruce S. Bennett (SBN 105430)
(bbennett@jonesday.com)
Joshua M. Mester (SBN 194783)
(jmester@jonesday.com)
James O. Johnston (SBN 167330)
(jjohnston@jonesday.com)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: 213 489 3939
Fax: 213 243 2539

*Attorneys for Shareholder Proponents*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>**PLAN PROPONENTS' RESPONSE WITH RESPECT TO CORRECTED JOINT STATEMENT OF THE TCC, TRUSTEE, AND AD HOC GROUP OF OBJECTORS IN CONNECTION WITH MEMORANDUM ON OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES AND COMCAST TO TRUST DOCUMENTS** |

1 PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"),

2 as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-

3 captioned chapter 11 cases (the "**Chapter 11 Cases**"), and the Shareholder Proponents hereby

4 submit this joint Response (the "**Response**") to the *Corrected Joint Statement of the TCC, Trustee,*

5 *and Ad Hoc Group of Objectors in Connection with Memorandum on Objection of Adventist Health,*

6 *AT&T, Paradise Entities and Comcast to Trust Documents* [Docket No. 7875] (the "**Corrected**

7 **Statement**").

8 ## Plan Proponents' Response

9 The Corrected Statement addresses two issues with respect to the Trust Documents: (i) the

10 scope of de novo review; and (ii) whether the Fire Victim Trust may assert the Debtors and

11 Reorganized Debtors' rights of set off with respect to Fire Victim Claims.

12 With respect to item (i), the Plan Proponents simply once again assert that the Trust

13 Documents should be fair and equitable and apply equally to all claimants.

14 With respect to item (ii), the issue is framed based upon a purported provision in the

15 Proposed Confirmation Order that is not even contained in the Proposed Confirmation Order

16 [Docket No. 7581]. On page 7 of the Corrected Statement appears the following:

17 The current draft of Paragraph 19 of the Confirmation Order relating to the Trust
Documents includes the following provision:

18

19 "The Trust shall not have any rights of the Reorganized Debtors under the executory
contracts and unexpired leases that are assumed pursuant to the Plan or during the
20 Chapter 11 Cases under section 365 of the Bankruptcy Code, **except for any**
**Assigned Rights and Causes of Action that arise under such executory contracts**
21 **or unexpired leases**. Notwithstanding the foregoing, if a Fire Victim has liability to
the Debtors under an executory contract or unexpired lease that arises from or is
22 attributable to a Fire, including without limitation, the obligation to indemnify the
Debtors under an executory contract or unexpired lease for or as a result of a Fire,
23 the Trust shall have the right to setoff or recoup such liability from such Fire
Victim's Fire Victim Claim regardless of whether such executory contract or
24 unexpired lease is assumed pursuant to the Plan." (emphasis in original)

25 The Proposed Confirmation Order [Docket No. 7581] filed on May 26, 2020 (as

26 acknowledged in the Corrected Statement) contains no such provision. More importantly, it would

27 be totally inappropriate to include such a provision in the Confirmation Order or the Trust

28

Documents because, among other things, it is contrary to the provisions of the Plan. The effect of the proposed provision would be an assignment to the Fire Victim Trust of not only the Assigned Rights and Causes of Action, but also the Debtors' other claims against those third parties that are not within the scope of the Assigned Rights and Causes of Action. This is well beyond the provisions of the Plan and must be rejected. The Fire Victim Trust has the right to pursue the Assigned Rights and Causes of Action and no more. It does not succeed to other rights of the Debtors or Reorganized Debtors. This is consistent with the responses the Plan Proponents filed with respect to proposed revisions to the Plan and Proposed Confirmation Order filed by other parties earlier this week. It is also consistent with the recent stipulation among the Plan Proponents and the TCC approved by the Court resolving the scope of the Assigned Rights and Causes of Action and Retained Rights and Causes of Action [Docket No. 7718].

Further, the Fire Victim Trust Documents continue to be revised and the TCC continues to send comments on the Proposed Confirmation Order to address matters related to those documents, among other things. The Plan Proponents have serious concerns and objections with respect to these matters that the TCC and the Plan Proponents have not yet been able to fully address and attempt to resolve due to other pressing matters including, mediation of the registration rights issues, arbitration of the NENI issue, mediation of the PERA issue, addressing confirmation objections, and others.

There is no requirement under the Plan that the form of the Fire Victim Trust Documents be finalized before a Confirmation Order is entered. The Plan Proponents need additional time to address these issues, and, in particular, a host of quite substantive proposed revisions to the Proposed Confirmation Order from the TCC that were received only earlier this week.

Dated: June 11, 2020
     New York, New York

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**


By:   */s/ Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*