**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
55 S Market Street, Suite 1420
San Jose, CA 95113
Telephone: 408-971-6270
Facsimile: 408-971-6271
Email: kdiemer@diemerwei.com

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
       jminias@willkie.com
       bmccallen@willkie.com
       dforman@willkie.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Chapter 11<br>Bankr. Case No. 19-30088 (DM)<br>(Jointly Administered)<br><br>**LIMITED OPPOSITION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS TO THE CALIFORNIA STATE AGENCIES' REMAINING ISSUES REGARDING CONFIRMATION OF JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 [DOCKET NO. 6320]; PROPOSED REVISIONS TO PLAN SECTION 8.2(E) AND THE FIRE VICTIM TRUST AGREEMENT**<br><br>Date:    TBD<br>Time:   TBD<br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

The Ad Hoc Group of Subrogation Claim Holders (the "**Ad Hoc Subrogation Group**") in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, "**Debtors**"), by its attorneys Willkie Farr & Gallagher LLP and Diemer & Wei, LLP, hereby submits this limited opposition (the "**Opposition**") to the *California State Agencies' Remaining Issues Regarding Confirmation of Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320]; Proposed Revisions to Plan Section 8.2(e) and the Fire Victim Trust Agreement* [Docket No. 7850] (the "**Statement**").[1] In support of this Opposition, the Ad Hoc Subrogation Group respectfully represents as follows:

## OPPOSITION

The Ad Hoc Subrogation Group agrees with the position taken by the Fire Victim Trustee that the Federal and State Agencies' proposed revisions to the Fire Victim Trust Agreement and Claims Resolution Procedures in the Statement are contrary to the terms of the Plan. As the court is aware, the Ad Hoc Subrogation Group negotiated for the requirement in the subrogation RSA that fire claimants sign a made whole release as a condition to settling with the Fire Victim Trust. At the time, the legality of the release was challenged but ultimately approved by Your Honor. Accordingly, the made whole release requirement was incorporated into material provisions of the Plan upon which holders of Subrogation Wildfire Claims relied when they voted overwhelmingly to accept the Plan. Section 4.25(f)(ii) of the Plan requires that "any holder or holders of a Fire Victim Claim"[2] who settle such Claim must also "execute and deliver a release and waiver of any potential made-whole claims against present and former holders of Subrogation Wildfire Claims" substantially in the form of the Mutual Made Whole Release, which this Court approved as part of the subrogation RSA.[3] Moreover, the definition of Fire Victim Claims Resolution Procedures requires that the procedures "comply with section 4.25(f)(ii) [of the Plan]." Plan, at §1.80. Those

---

[1] Capitalized terms used but not defined shall have the meanings ascribed in the Statement or in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated May 22, 2020* [Docket No. 7521] (the "**Plan**").
[2] Except for Adventist Health System/West and Feather River Hospital d/b/a Adventist Health Feather River.
[3] *Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 6004 and 9019 (I) Authorizing the Debtors to Enter into Restructuring Support Agreement with the Consenting Subrogation Claimholders, (II) Approving the Terms of Settlement with Such Consenting Subrogation Claimholders, Including the Allowed Subrogation Claim Amount, and (III) Granting Related Relief* [Docket No. 5173].

| | |
|---|---|
| 1 | provisions cannot be altered absent the consent of any stakeholders affected. |
| 2 | The language that the Federal and State Agencies propose to add to the Claims Resolution |
| 3 | Procedures contradict the terms of the Plan cited above, by carving out "any Fire Victim Claim that |
| 4 | is the subject of a Bankruptcy Court approved settlement agreement" from the made whole release |
| 5 | requirement contained in the Plan. Statement at Ex. 9, 1. Accordingly the requested language |
| 6 | should be rejected as contrary to the Plan. |

1 | Dated: June 11, 2020

WILLKIE FARR & GALLAGHER LLP

*/s/ Matthew A. Feldman*
Matthew A. Feldman (*pro hac vice*)
Joseph G. Minias (*pro hac vice*)
Benjamin P. McCallen (*pro hac vice*)
Daniel I. Forman (*pro hac vice*)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
jminias@willkie.com
bmccallen@willkie.com
dforman@willkie.com

**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
55 S Market Street, Suite 1420
San Jose, CA 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271
Email: kdiemer@diemerwei.com

*Counsel for Ad Hoc Group of Subrogation Claim Holders*