# Exhibit C

**Amended Notice of Filing of Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts**

**(Amends and Supersedes Notice of Filing in Exhibit B to the Plan Supplement filed May 1, 2020 [Docket No. 7037])**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
WEIL:\97513976\3\67615.0014

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | KELLER BENVENUTTI KIM LLP |
| Stephen Karotkin (*pro hac vice*) | Tobias S. Keller (#151445) |
| (stephen.karotkin@weil.com) | (tkeller@kbkllp.com) |
| Ray C. Schrock, P.C. (*pro hac vice*) | Jane Kim (#298192) |
| (ray.schrock@weil.com) | (jkim@kbkllp.com) |
| Jessica Liou (*pro hac vice*) | 650 California Street, Suite 1900 |
| (jessica.liou@weil.com) | San Francisco, CA 94108 |
| Matthew Goren (*pro hac vice*) | Tel: 415 496 6723 |
| (matthew.goren@weil.com) | Fax: 650 636 9251 |
| 767 Fifth Avenue | |
| New York, NY 10153-0119 | |
| Tel: 212 310 8000 | |
| Fax: 212 310 8007 | |

*Attorneys for Debtors and Debtors in Possession*

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>　　- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Chapter 11 Case<br><br>No. 19-30088 (DM)<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**AMENDED NOTICE OF FILING OF SCHEDULE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN AND PROPOSED CURE AMOUNTS** |

**PLEASE TAKE NOTICE** that:

1. **Plan and Confirmation Hearing.** On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as debtors and debtors-in-possession commenced voluntary cases (the "**Chapter 11 Cases**") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

2. On March 16, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated March 16, 2020* [Docket No. 6320] (together with all exhibits and schedules thereto and as it may be amended, modified, or supplemented from time to time, the "**Plan**").[1] A hearing to consider confirmation of the Plan is scheduled to be held on **May 27, 2020 at 10:00 a.m. (Prevailing Pacific Time)** (the "**Confirmation Hearing**"), before the Honorable Dennis Montali, United States Bankruptcy Judge, in Courtroom 17 of the Bankruptcy Court, 450 Golden Gate Avenue, 18th Floor, San Francisco, California 94102.[2]

3. **Schedule of Assumed Contracts.** Pursuant to Article VIII of the Plan, as of, and subject to, the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount (as defined below), all executory contracts and unexpired leases of the Reorganized Debtors shall be deemed assumed, unless any such executory contract or unexpired lease (i) was previously assumed or rejected by the Debtors, pursuant to a Final Order, (ii) previously expired or terminated pursuant to its own terms

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

[2] Pursuant to the *Order re: Coronavirus Disease Public Health Emergency*, Amended General Order 38 (N.D. Cal. Mar. 30, 2020), **all hearings through May 1, 2020 will be conducted telephonically and the courtroom will be closed**. Although the Confirmation Hearing is scheduled for May 27, 2020, parties are encouraged to check back as to the status of the Confirmation Hearing or the manner in which the Confirmation Hearing will be conducted with the Clerk of the Bankruptcy Court (the "**Clerk**") by visiting at http://www.canb.uscourts.gov/ or with Prime Clerk, LLC by visiting the case website at https://restructuring.primeclerk.com/pge (the "**Case Website**"). All parties who wish to appear at hearings must make arrangements to appear telephonically with CourtCall at 1−866−582−6878 no later than 4:00 p.m. (Prevailing Pacific Time) on the day before the hearing. Further information regarding telephonic appearances via CourtCall can be found on the court's website, at the following location: http://www.canb.uscourts.gov/procedure/district-oakland-san-jose-san-francisco/policy-and-procedure-appearances-telephone.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

or by agreement of the parties thereto, (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as an executory contract or unexpired lease to be rejected under the Plan in the Schedule of Rejected Contracts.

4. Attached hereto is a schedule of executory contracts and unexpired leases which the Debtors intend to assume, or assume and assign, pursuant to the Plan (the "**Schedule of Assumed Contracts**", and each agreement listed therein, an "**Agreement**"). **Parties to executory contracts or unexpired leases with the Debtors are advised to carefully review the information contained herein and the related provisions of the Plan. Please note that a party's status as a counterparty to an executory contract or an unexpired lease alone does not entitle such party to vote on the Plan.**

5. Inclusion of an Agreement in the Schedule of Assumed Contracts is not an admission by the Debtors that any of the Agreements listed therein are executory contracts or unexpired leases. Subject to the terms of the Plan, the Debtors reserve the right to assert that any of the Agreements listed in the Schedule of Assumed Contracts are not executory contracts or unexpired leases. As a matter of administrative convenience, in certain instances the Debtors may have listed the original parties to certain of the Agreements listed in the Schedule of Assumed Contracts without taking into account any succession of trustees or any other transfers or assignments from one party to another. The fact that the current parties to any particular Agreements may not be named in the Schedule of Assumed Contracts is not intended to change the treatment of such Agreements. References to any Agreements to be assumed pursuant to the Plan are to the applicable agreement and other operative documents as of the date of this Notice, as they may have been amended, modified, or supplemented from time to time and as may be further amended, modified, or supplemented by the parties thereto between such date and the Effective Date of the Plan. Pursuant to Section 8.1 of the Plan, the exclusion of any executory contract or unexpired lease from the Schedule of Assumed Contracts shall not constitute a rejection of such executory contract or unexpired lease.

6. **Cure Amounts.** Section 365(b)(1)(A) of the Bankruptcy Code requires that the Debtors cure or provide adequate assurance that they will promptly cure existing defaults under the Agreements at the time of assumption. The Debtors' determination of the amounts required to cure any prepetition

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

defaults under the Agreements (the "**Cure Amounts**") are set forth in the Schedule of Assumed Contracts. If no Cure Amount is listed for any specific Agreement, the Debtors have determined that no Cure Amount is owed or outstanding with in respect to such Agreement.

7. **Objections. Any objection by a counterparty to an executory contract or unexpired lease to (i) any Cure Amount, (ii) the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assumed, or (iii) any other matter pertaining to assumption, assumption and assignment, or the Cure Amounts required by section 365(b)(1) of the Bankruptcy Code (each, an "Objection") must be filed, served, and actually received by the Debtors before the deadline set to file objections to confirmation of the Plan, at 4:00 p.m. (Prevailing Pacific Time) on May 15, 2020 (the "Objection Deadline").** Any Objection must:

(a) be in writing;

(b) identify the applicable Agreement(s);

(c) set forth in detail the basis for such Objection together with all supporting documentation;

(d) conform to the Federal Rules of Bankruptcy Procedure; the Bankruptcy Local Rules for the United States District Court for the Northern District of California; and the *Second Amended Order Implementing Certain Notice and Case Management Procedures* dated May 13, 2019 [Docket No. 1996] (the "**Case Management Order**");

(e) set forth the name and contact information of the person authorized to resolve such Objection;

(f) be filed with the Bankruptcy Court prior to the Objection Deadline; and

(g) be served on (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin (stephen.karotkin@weil.com), Jessica Liou (jessica.liou@weil.com), Matthew Goren (matthew.goren@weil.com), and Tom Schinckel (tom.schinckel@weil.com)), and Keller Benvenutti Kim LLP, 650 California Street, Suite 1900, San Francisco, California 94108 (Attn: Tobias S. Keller (tkeller@kbkllp.com) and Jane Kim (jkim@kbkllp.com)); (ii) the attorneys for the Shareholder Proponents, Jones Day, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300 (Attn: Bruce S. Bennett (bbennett@jonesday.com), Joshua M. Mester

(jmester@jonesday.com), and James O. Johnston. (jjohnston@jonesday.com); and (iii) the Standard Parties as set forth in the in the Case Management Order.

**The Debtors encourage counterparties to contact their counsel listed in paragraph 7(g) above prior to filing any Objection.**

8. **Any counterparty to an Agreement that fails to timely file and serve an Objection as proscribed herein will be deemed to have assented to such assumption, assumption and assignment, and Cure Amount. Except as otherwise set forth in the Plan or the Confirmation Order, the assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, to the fullest extent provided under applicable law**.

9. Timely filed and served Objections will be heard by the Bankruptcy Court at the Confirmation Hearing or on such later date as counsel can be heard. The Debtors may seek, in their discretion, to have any unresolved Objections adjourned to a date after the Confirmation Hearing.

10. If the Bankruptcy Court makes any determination with respect to any Objection in a manner the Debtors or Reorganized Debtors, in their sole discretion, view to be unfavorable, including but not limited to, a determination that a Cure Amount for any Agreement is greater than the amount set forth in the Schedule of Assumed Contracts, the Debtors or Reorganized Debtors, as applicable, shall have the right to alter the treatment of such Agreement in accordance with Section 8.8(a) of the Plan, including, without limitation, the right to add such Agreement to the Schedule of Rejected Contracts, in which case such Agreement shall be deemed rejected as of the Effective Date of the Plan.

11. **Amendments.** Notwithstanding Section 8.8(a) of the Plan, the Debtors shall have fifteen (15) business days from the Confirmation Date to file amendments to the Schedule of Assumed Contracts and Schedule of Rejected Contracts, to remove executory contracts and unexpired leases previously listed on the Schedule of Assumed Contracts and to add executory contracts and unexpired leases to the Schedule of Rejected Contracts. Any objection of a counterparty to an executory contract or unexpired

lease that is added to the Schedule of Rejected Contracts or removed from the Schedule of Assumed Contracts pursuant to this subparagraph shall have fourteen (14) days from the date on which notice of such removal or addition is served on the counterparty to file an objection thereto, which objection may be resolved either consensually without further order of the Court, or, after notice and an opportunity to be heard, by a Final Order of the Court, with any rejection deemed approved as of the Effective Date of the Plan. The rejection of any executory contract or unexpired lease added to the Schedule of Rejected Contracts pursuant to this subparagraph shall be deemed approved by the Court as of the Effective Date of the Plan if an objection to the addition of such executory contract or unexpired lease is not timely filed as provided above.

12. **Power Purchase, Renewable Energy Power, and Community Choice Aggregation Agreements.** Pursuant to Section 8.1(b) of the Plan, as of and subject to the occurrence of the Effective Date of the Plan and the payment of any applicable Cure Amount, all power purchase agreements, renewable energy power purchase agreements, and Community Choice Aggregation servicing agreements of the Debtors shall be deemed assumed pursuant to the Plan.

13. **D&O Indemnification Obligations.** Pursuant to Section 8.4 of the Plan, any and all obligations of the Debtors pursuant to their corporate charters, agreements, bylaws, limited liability company agreements, memorandum and articles of association, or other organizational documents (including all Indemnification Obligations) to indemnify current and former officers, directors, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, agents, or employees based upon any act or omission for or on behalf of the Debtors (collectively, the "**D&O Indemnity Obligations**") shall remain in full force and effect to the maximum extent permitted by applicable law and shall not be discharged, impaired, or otherwise affected by the Plan. All such D&O Indemnity Obligations shall be deemed and treated as executory contracts that are assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any Claim based on the Debtors' obligations in Section 8.4 of the Plan shall not be a Disputed Claim or subject to any objection, in either case, by reason of section 502(e)(1)(B) of the Bankruptcy Code or otherwise.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

14. **Employee Benefit Plans.** On the Effective Date of the Plan, all Employee Benefit Plans are deemed to be, and shall be treated as, executory contracts under the Plan and, on the Effective Date, shall be assumed pursuant to sections 365 and 1123 of the Bankruptcy Code. All outstanding payments which are accrued and unpaid as of the Effective Date of the Plan pursuant to the Employee Benefit Plans shall be made by the Reorganized Debtors on the Effective Date or as soon as practicable thereafter.

15. The deemed assumption of the Employee Benefit Plans pursuant to Section 8.5 of the Plan shall result in the full release and satisfaction of any Claims and Causes of Action against any Debtor or defaults by any Debtor arising under any Employee Benefit Plan at any time before the Effective Date of the Plan. Any proofs of Claim filed with respect to an Employee Benefit Plan shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.

16. Notwithstanding anything to the contrary in the Plan, the Reorganized Debtors shall continue and assume the Pacific Gas and Electric Company Retirement Plan ("**Defined Benefit Plan**") subject to the Employee Retirement Income Securities Act, the Internal Revenue Code, and any other applicable law, including (i) the minimum funding standards in 26 U.S.C. §§ 412, 430, and 29 U.S.C. §§ 1082, 1083 and (ii) premiums under 29 U.S.C. §§ 1306 and 1307. All proofs of claim filed by the Pension Benefit Guaranty Corporation with respect to the Defined Benefit Plan are deemed withdrawn on the Effective Date of the Plan.

17. **Collective Bargaining Agreements.** On or prior to the Effective Date of the Plan, and subject to the occurrence of the Effective Date, the Reorganized Debtors shall assume the Collective Bargaining Agreements.

18. **Insurance Policies**. Pursuant to Section 8.7 of the Plan, all Insurance Policies (including all D&O Liability Insurance Policies and tail coverage liability insurance), surety bonds, and indemnity agreements entered into in connection with surety bonds to which any Debtor is a party as of the Effective Date of the Plan shall be deemed to be and treated as executory contracts and shall be assumed by the

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

applicable Debtors or Reorganized Debtor and shall continue in full force and effect thereafter in accordance with their respective terms.

19. **Miscellaneous.** Copies of the Schedule of Rejected Contracts, the Plan and other relevant documents may be obtained free of charge at the Case Website.

Dated: May 1, 2020

                      **WEIL, GOTSHAL & MANGES LLP**

                      **KELLER BENVENUTTI KIM LLP**

By: */s/ Stephen Karotkin*
      Stephen Karotkin

*Attorneys for Debtors
and Debtors in Possession*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119