Dennis F. Dunne (admitted *pro hac vice*)
Samuel A. Khalil (admitted *pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

and

Gregory A. Bray (SBN 115367)
Thomas R. Kreller (SBN 161922)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| - and - | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| Debtors. | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN RESPONSE TO PLAN PROPONENTS' RESPONSE AND PROPOSED MODIFICATIONS** |
| ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☑ Affects both Debtors | Relates to Docket Nos. 7832, 7868 |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

The Official Committee of Unsecured Creditors (the "Creditors' Committee") responds to the *Plan Proponents' Response Regarding Proposed Modifications to Plan and Proposed*

*Confirmation Order Filed by (A) The Creditors' Committee, (B) Calpine, (C) CNUC, and (D) the California State Agencies* [Docket No. 7868] ("<u>Debtors' Response</u>").

The Debtors' Response proposes certain modifications ("<u>Debtors' Proposed Modifications</u>") to the *Chapter 11 Plan of Reorganization Dated June 7, 2020* [Docket No. 7814-1] ("<u>Plan</u>"), the *Debtors' Notice of Filing of Plan Supplement* [Docket No. 7037] ("<u>Plan Supplement</u>"), and the proposed confirmation order ("<u>Confirmation Order</u>"). In response, the Creditors' Committee states as follows:

## STATEMENT

The confirmation process revealed significant issues embedded in the Plan, Plan Supplement, and proposed Confirmation Order. Some of those issues were resolved during the confirmation proceedings, but several defects remained in dispute at the conclusion of the confirmation hearing. The Debtors' Proposed Modifications, once actually inserted into the applicable documents, would resolve some, but not all, of the outstanding issues identified by the Creditors' Committee and a chorus of other parties. But at least three material issues remain unresolved.

*First*, the Debtors' proposed modifications to Section 8.2(e) of the Plan and Paragraph 34(d) of the Confirmation Order continue to refer to the "full release and satisfaction ***of any Claims*** against any Debtor or defaults by any Debtor . . . arising under any assumed executory contract or unexpired lease." *See* Debtors' Response at 4-5 (emphasis added). This is contrary to Bankruptcy Code section 365(b)(1)(A), which is expressly limited to "defaults." Just like the Debtors' earlier failed attempt to turn the Bankruptcy Code section 1141 discharge into an involuntary "release and waiver" by all creditors, the insertion of a release of Claims under the guise of a cure of "defaults" is an unauthorized expansion of the law and should be stricken so that the operative provisions directly track the precise language of section 365(b)(1)(A).

*Second,* the Debtors continue to refuse to clarify that claims for indemnification and contribution against the Debtors asserted by providers of goods and services to the Debtors that arise out of the provision of such goods and services are ***not*** Fire Claims (and are thus not channeled to the Fire Victim Trust). If the Debtors believe those claims are Fire Claims, then those

claims are impaired and the Debtors must explain why the holders of those claims were not permitted to vote on the Plan.

This should be, as the Court described it, in the "non issue category." *See* June 8 Hr'g Tr. at 59:8:15. Yet the Debtors, *supported, curiously, by the TCC*, seek to kick the can down the road on this issue and deal with it later "in the unlikely event that a dispute arises." Debtors' Response at 6. But the creditors who would be parties to that dispute have already been prejudiced – their votes were never solicited even though the Debtors may later seek to funnel them into an impaired class. The issue is straightforward and should be clarified now.

*Finally*, the Creditors' Committee objects to the Debtors' request for an extension of fifteen additional business days from the Confirmation Date to amend their Schedules to reject executory contracts and unexpired leases that are presently scheduled for approval ("Additional Rejection Period"). *See* Debtors' Response at Ex. A.

The Debtors initially were required to file the schedules of assumed and rejected contracts no later than May 1, 2020, or 14 days before the deadline for parties to file objections to confirmation of the Plan.[1] No doubt the Debtors will argue they reserved their rights to revise those schedules right up to the eve of the confirmation hearing, using Section 8.8(a) of the unconfirmed and not-yet-effective Plan. That latent provision states, in pertinent part, that the Debtors "may amend the Schedule of Rejected Contracts and any cure notice until the later of (i) 4:00 p.m. (Pacific Time) on the Business Day immediately prior to the commencement of the Confirmation Hearing . . .". Plan §§ 8.8(a) [Dkt. 7814-1]. But that purported reservation of rights should not be respected, as it exists solely in a Plan that has not yet been confirmed, let alone become effective.

And now the Debtors seek to even further extend the deadline on their alleged right to reverse course and move contracts they previously publicized as being assumed under the Plan to

---

[1] *See* Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief [Docket No. 6340] at ¶ 10.

the "rejected contracts" schedule to 15 business days beyond the Confirmation Date. This request presents several problems.

First, as a matter of due process, parties who were listed on the Schedule of Assumed Contracts or the Schedule of Rejected Contracts relied on that classification to decide whether to take any position on confirmation of the Plan. It would be fundamentally unfair to permit the Debtors to change the playing field on those parties 15 business days *after* the Confirmation Date – effectively denying them the opportunity to be heard at the confirmation hearing.

Second, granting the Additional Rejection Period could also have significant effects upon the Plan and the rights of the Debtors' counterparties. Giving the Debtors the post-Confirmation Order ability to reject what presently are scheduled as assumed contracts could potentially require the reopening of confirmation. Depending on the nature and significance of contracts that might suddenly be rejected in this requested post-confirmation period, the Debtors ability to comply with AB-1054, the OII Decision, or other applicable CPUC regulations could be called into question. In addition, newly rejected contracts and leases could give rise to substantial rejection damages that materially alter the economics of the Plan and the Debtors' ability to truly "unimpair" general unsecured creditors.

Finally, if the Debtors are given the Additional Rejection Period they have requested, Section 8.8 of the Plan and the Confirmation Order should be clear that the claims bar date for any rejection damages claim for any executory claim or unexpired lease that is rejected pursuant to the Plan (and any revised schedules filed by the Debtors in their newly-requested period) shall be thirty (30) days following the Effective Date of the Plan.

\*   \*   \*

The Plan, Plan Supplement and Confirmation Order do not presently contain the Debtors' Proposed Modifications, nor do the Debtors' Proposed Modifications adequately address the issues identified above. The Creditors' Committee reserves all rights to dispute these outstanding issues, as well as to review, comment, and oppose whatever versions of the revised Plan, Plan Supplement,

Confirmation Order, and any related documents the Debtors may propose as and when they become available.[2]

Dated: June 11, 2020

**MILBANK LLP**

/s/ Gregory A. Bray
DENNIS F. DUNNE
SAMUEL A. KHALIL
GREGORY A. BRAY
THOMAS R. KRELLER

*Counsel for the Official Committee of Unsecured Creditors*

---

[2] The Court's Docket Text Order of June 10, 2020 requires the Debtors to file its (i) Proposed Order Confirming Plan and (ii) the latest Plan Supplement. The Creditors' Committee also requests the Debtors file their revised Plan as soon as possible to expedite meaningful review.