

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Theodore E. Tsekerides (*pro hac vice*)
3  (theodore.tsekerides@weil.com)
   Richard W. Slack (*pro hac vice*)
   (richard.slack@weil.com)
4  Jessica Liou (*pro hac vice*)
   (jessica.liou@weil.com)
5  Matthew Goren (*pro hac vice*)
   (matthew.goren@weil.com)
6  767 Fifth Avenue
   New York, NY 10153-0119
7  Tel: 212 310 8000
   Fax: 212 310 8007
8  CRAVATH, SWAINE & MOORE LLP
   Paul H. Zumbro (*pro hac vice*)
9  (pzumbro@cravath.com)
   Kevin J. Orsini (*pro hac vice*)
10 (korsini@cravath.com)
   Omid H. Nasab (*pro hac vice*)
11 (onasab@cravath.com)
   825 Eighth Avenue
12 New York, NY 10019
   Tel: 212 474 1000
13 Fax: 212 474 3700

   KELLER BENVENUTTI KIM LLP
14 Tobias S. Keller (#151445)
   (tkeller@kbkllp.com)
15 Jane Kim (#298192)
   (jkim@kbkllp.com)
16 650 California Street, Suite 1900
   San Francisco, CA 94108
17 Tel: 415 496 6723
   Fax: 650 636 9251

Signed and Filed: June 11, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

JONES DAY
Bruce S. Bennett (SBN 105430)
(bbennett@jonesday.com)
Joshua M. Mester (SBN 194783)
(jmester@jonesday.com)
James O. Johnston (SBN 167330)
(jjohnston@jonesday.com)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Tel:    213 489 3939
Fax:    213 243 2539

*Attorneys for Debtors and Debtors in Possession*          *Attorneys for Shareholder Proponents*

18 **UNITED STATES BANKRUPTCY COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
19 **SAN FRANCISCO DIVISION**

20

21 **In re:**

   **PG&E CORPORATION,**
22
          **- and -**
23
   **PACIFIC GAS AND ELECTRIC**
   **COMPANY,**
24

25                    **Debtors.**
   ☐ Affects PG&E Corporation
26 ☐ Affects Pacific Gas and Electric Company
27 ☒ Affects both Debtors
28 * *All papers shall be filed in the Lead Case,*
   *No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**ORDER APPROVING PLAN FUNDING
TRANSACTIONS AND DOCUMENTS IN
CONNECTION WITH CONFIRMATION
OF DEBTORS' AND SHAREHOLDER
PROPONENTS' JOINT CHAPTER 11
PLAN OF REORGANIZATION DATED
MAY 22, 2020**

Upon the filing by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**" and together with PG&E Corp., the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and certain funds and accounts managed or advised by Abrams Capital Management, L.P. and certain funds and accounts managed or advised by Knighthead Capital Management, LLC (the "**Shareholder Proponents**"), collectively as "proponents of the plan" within the meaning of section 1129 of title 11 of the United States Code (the "**Bankruptcy Code**"), of the *Debtors' and Shareholder Proponents Joint Plan of Chapter 11 Reorganization Dated March 16, 2020* [Docket No. 6320] (as thereafter amended on May 22, 2020 [Docket No. 7521] and as may be further modified, amended, or supplemented from time to time and, together with all exhibits and schedules thereto, the "**Plan**");[1] and the Debtors having filed the Plan Supplement in connection with the Plan on May 1, 2020 [Docket No. 7037] (as supplemented on May 22, 2020 [Docket No. 7503], May 24, 2020 [Docket No. 7563], June 2, 2020 [Docket No. 7712] and June 5, 2020 [Docket No. 7810] and as may be further supplemented, amended or modified from time to time and, together with all exhibits and schedules thereto, the "**Plan Supplement**"); and the Plan Proponents having filed, on May 22, 2020, their *Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7528] (the "**Confirmation Memorandum**"), the *Declaration of Jason P. Wells in Support of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7510] (the "**Wells Declaration**"), the *Declaration of Kenneth S. Ziman in Support of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7512] (the "**Ziman Declaration**"), and the *Declaration of John Boken in Support of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [Docket No. 7514] (the "**Boken Declaration**" and together with the Wells Declaration and the Ziman Declaration, the "**Confirmation Declarations**"); and the Plan Proponents having filed the *Notice of Filing of Proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* on May 26, 2020 [Docket No. 7581] (the "**Proposed**

---

[1] Capitalized terms used herein not otherwise defined have the meanings given to them in the Plan.

**Confirmation Order**") that requests, among other things, the relief granted herein; and this Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal. Feb. 22, 2016), and Bankruptcy Local Rule 5011-1(a); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that notice of this matter is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and the hearing to consider confirmation of the Plan having commenced on May 27, 2020 and concluded on June 8, 2020 (the "**Confirmation Hearing**"); and the Court having considered the Confirmation Memorandum, the Confirmation Briefs, the Proposed Confirmation Order, all the proceedings held before the Court, the compromises and settlements embodied in and contemplated by the Plan, and the evidence regarding confirmation of the Plan, and taken judicial notice of the documents and pleadings filed in these Chapter 11 Cases; and the Court having found that the Plan appears to satisfy all applicable requirements of section 1129 of the Bankruptcy Code and expects that the Plan will be confirmed pursuant to a forthcoming Order (the "**Confirmation Order**") to be entered prior to June 30, 2020; and the Court having determined that the legal and factual bases set forth at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation:

**IT IS HEREBY ORDERED THAT:**

1. Each of (a) the Exit Financing, and (b) any underwritten primary or secondary offering of, or private placement of, or direct equity investment in any equity securities, equity forward contracts or other equity-linked securities issued as part of the Plan Funding (including the issuance of equity securities pursuant to a "greenshoe" option in connection with a public offering or pursuant to any Backstop Commitment Letters (as amended, in accordance with the Backstop Approval Order or otherwise approved by the Court)), whether issued pursuant to a registered offering or in a private transaction (in each case, if implemented and whether or not occurring prior to, on or after the Effective Date) (together, the "**Plan Funding Transactions**"), and each of the documents and agreements contemplated by or related to the Plan Funding Transactions (including,

without limitation, any (i) engagement letters, fee letters, commitment letters, mandate letters, purchase agreements, underwriting agreements, dealer manager agreements, placement agent agreements, solicitation agent agreements, subscription agent agreements, information agent agreements and other similar agreements, indemnifications, releases, and other definitive documentation and (ii) any securities, instruments, indentures, mortgages, pledge agreements, security agreements, collateral trust agreements and other collateral documents, financing statements, escrow agreements and other agreements or documents, including any ancillary documents relating thereto) (collectively, and for the avoidance of doubt including the Exit Financing Documents and the Exit Financing Letters (as defined below), the "**Plan Funding Documents**"), are, individually and collectively, essential elements of the Plan, and entry into the Plan Funding Documents is in the best interests of the Debtors, their estates, and the holders of Claims and Equity Interests. The Plan Funding is necessary and appropriate for confirmation and consummation of the Plan and the operations of the Reorganized Debtors, and the Debtors have exercised sound business judgment in determining to enter into the Plan Funding Transactions.

2. The Plan Funding Documents have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law. Such documents, together with all other documents necessary to implement the Plan, provide adequate and proper means for the Plan's implementation. In making this determination, the Court has examined, among other items, the totality of circumstances surrounding the filing of these Chapter 11 Cases, the record of this proceeding and the Plan and all related pleadings, exhibits, statements, and comments regarding confirmation.

3. The Debtors and the Reorganized Debtors, as applicable, shall be authorized to execute, deliver, enter into, and perform under the Plan Funding Documents and to consummate the Plan Funding Transactions, including all transactions contemplated and indemnities to be provided thereby, in each case without the need for any further corporate action and without further action by the holders of Claims or Interests.

4. The Debtors are hereby authorized to enter into and perform under the following Plan

Funding Documents: (i) those certain fee letters in substantially the forms filed with the Court under seal (collectively, the "**Exit Financing Fee Letters**"), and (ii) those certain commitment letters filed with the Court in the Second Supplement to Plan Supplement [Docket No. 7563] (collectively, the "**Exit Financing Commitment Letters**" and together with the Exit Financing Fee Letters, the "**Exit Financing Letters**"). The Exit Financing Letters are valid, binding and enforceable against the Debtors and are hereby approved in their entirety. The Debtors are authorized to pay the fees and expenses expressly set forth in the Exit Financing Letters, including, without limitation, any fees and expenses incurred prior to the date of this Order, in each case, pursuant to the terms and conditions set forth in the applicable Exit Financing Letters, without notice, hearing, or further order of this Court as, when, and to the extent they become due and payable under the terms of the applicable Exit Financing Letters.

5. The Debtors are authorized to pay the reasonable fees, expenses, underwriting discounts and commissions and similar amounts set forth in any Plan Funding Documents, including without limitation, the fees, expenses, underwriting discounts and commissions and similar amounts incurred prior to, on or after the date of this Order, and any underwriting fees, placement fees, dealer managers' fees, solicitation agent fees, or other compensation of the underwriters, agents or purchasers, in each case, pursuant to the terms and conditions set forth therein as, when, and to the extent they become due and payable under the terms of the applicable Plan Funding Documents. In addition, the Debtors are authorized to make payment of all or any portion of such amounts, and the payment of any original issue discount, interest and redemption premiums under the terms of the applicable Plan Funding Documents, in each case into escrow prior to the Effective Date of the Plan, if applicable, without notice, hearing, or further order of this Court.

6. HoldCo and Reorganized HoldCo, as applicable, shall be authorized to offer, sell, issue and distribute, subject to or substantially concurrently with, the occurrence of the Effective Date, any equity securities, equity forward contracts or other equity-linked securities pursuant to the Plan Funding Transactions or necessary to obtain Plan Funding, or as otherwise contemplated by the Plan, the Backstop Commitment Letters or the Backstop Approval Order, as applicable, and to authorize and reserve for issuance New HoldCo Common Stock to be issued pursuant to any such

transaction or upon the exercise, conversion or settlement of any such equity forward contracts or other equity-linked securities, all without the need for any further corporate or shareholder action.

7. In accordance with the Plan Funding Documents and the documentation governing the Utility Reinstated Senior Notes, the New Utility Short-Term Notes, the New Utility Long-Term Notes, and the New Utility Funded Debt Exchange Notes, the Debtors are authorized to grant all liens and security interests and to make all filings and recordings necessary or desirable to establish and perfect such liens and security, notwithstanding the automatic stay in effect in the Chapter 11 Cases; provided that the attachment and perfection of all such liens (other than on the cash or government securities in the escrow deposit accounts) shall be expressly conditioned upon the occurrence of the Effective Date.

8. Upon entry of the Confirmation Order, this Order shall be deemed to be part of and incorporated into the Confirmation Order for all purposes under the Plan Funding Documents, and all references to the Confirmation Order in any Plan Funding Document shall refer to the Confirmation Order as supplemented by this Order.

9. Notwithstanding anything in this Order, the Debtors and Reorganized Debtors, as the case may be, shall not be authorized to enter in a Plan Funding Document or Plan Funding Transaction that either:

    a. provides a Lien on the Wildfire Claim Tax Benefits or Wildfire Claim Tax Deductions (as such terms are defined in the Tax Benefits Payment Agreement) or otherwise restricts compliance with the Tax Benefits Payment Agreement; or

    b. is inconsistent with the Plan.

10. Notwithstanding anything to the contrary herein, no Plan Funding Transaction in the form of an equity offering or issuance shall be commenced by the Debtors until the issues relating to registration rights between the Debtors and the TCC have been resolved by Court-approved agreement of the parties or through further order of this Court.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or otherwise, the terms and provisions of this Order shall be immediately effective

1    and enforceable upon its entry.

2         12.    The Court retains exclusive jurisdiction with respect to all matters arising from or

3    related to the implementation of this Order.

4                                        ** END OF ORDER **