| | |
|---|---|
| XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>MARGARITA PADILLA, SBN 99966<br>Supervising Deputy Attorney General<br>JAMES POTTER, SBN 166992<br>Deputy Attorney General<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-0815<br>Fax: (510) 622-2270<br>Margarita.Padilla@doj.ca.gov<br>James.Potter@doj.ca.gov | XAVIER BECERRA, SBN 118517<br>Attorney General of California<br>DANETTE VALDEZ, SBN 141780<br>ANNADEL ALMENDRAS, SBN 192064<br>Supervising Deputy Attorneys General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3367<br>Fax: (415) 703-5480<br>Danette.Valdez@doj.ca.gov<br>Annadel.Almendras@doj.ca.gov |

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>   - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtors.<br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas and Electric Company<br>☑   Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:   June 8, 2020<br>Time:  9:30 a.m.<br>Ctrm:  17<br>Judge:  Dennis Montali |

**CALIFORNIA STATE AGENCIES' OBJECTION TO RESPONSE OF FIRE VICTIM TRUSTEE TO REMAINING OBJECTION REGARDING FIRE VICTIM TRUST DOCUMENTS [DOCKET NO. 7873] AND AD HOC SUBROGATION GROUP LIMITED OPPOSITION [DOCKET NO. 7891]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation, and California Department of Developmental Services (the "**California State Agencies**") hereby file this reply to (i) the *Response of the Fire Victim Trustee to the Remaining Objection of the California State Agencies Regarding Fire Victim Trust Documents* [Doc. No. 7873] ("**FVT Response**") and (ii) the *Limited Opposition of the Ad Hoc Group of Subrogation Claim Holders to the California State Agencies' Remaining Issues Regarding Confirmation of Joint Chapter 11 Plan….* [Doc. No. 7891] ("**Ad Hoc Subrogation Group Response**").[1]

## REPLY TO FVT RESPONSE

1. The Fire Victim Trustee's arguments in the FVT Response ignore the Court's order approving the government settlement agreements. *See Order Pursuant to 11 U.S.C. §§ 363(b) and 105(a) and Fed. R. Bankr. P. 9019 (I) Approving Settlements with Federal and State Agencies of Government Agency Fire Claims, and (II) Granted Related Relief* [Dkt. No. 7399] (the "**Order**"). Under the Order, those settlement agreements are "binding upon" the Fire Victim Trustee and Claims Administrator. See *Id.* at ¶ 2; *see also Id.* Exhibit B (State Agency Settlement § 3.11 [Trustee would be bound]) and Exhibit A (Federal Agency Settlement § 3.11 [same]). Although the Fire Victims Trustee argues that his counsel had minimal involvement in the negotiations (which is not accurate), there is no doubt that both the Fire Victim Trustee and Claims Administrator had capable lawyers that could have responded to the Debtors' motion to approve the government settlements with any concerns about the terms of the settlement agreements, including the releases. Collateral attacks on a final order are not allowed. As the TCC, correctly noted:

> [A 9019 order] is a final order that is binding on all parties in interest in these Cases. *In re A&C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1985) (noting

---
[1] Counsel for the United States of America has authorized the undersigned to represent that the United States of America joins this Reply. Capitalized terms not otherwise defined herein shall have the meaning attributed in the Debtors' Plan.

finality of 9019 order). … A party in interest in a bankruptcy case is bound by a 9019 ruling even if they opposed the settlement. In *Red River Res., Inc. v. Collazo*, 2015 U.S. Dist. LEXIS 46117, 2015 WL 1846498 (N.D. Cal. Apr. 8, 2015), the court explained that, "for res judicata purposes, the fact that [a creditor in the case] declined to be a settling party to the Global Settlement does not free him of all court-approved terms of the agreement, which bind him whether he was a party to the settlement or not, because he was a party in interest to the Bankruptcy Court's order. 2015 U.S. Dist. LEXIS 46117 at *20-21, 2015 WL 1846498, at *9.

*Objection of Official Committee of Tort Claimants to Designation of Exhibits filed by GER Hospitality, et al.* [Doc. No. 7522] at p. 1. The government claim settlements gave the government claimants "allowed claims." Order, Exhibit B at § 2.2(a); *id.*, Exhibit C at §§ 2.2(b) and 2.2(c). Requiring a release of a third party as a condition to being paid an allowed claim violates the established law in this Circuit on nonconsensual third-party releases. *See In re Lowenschuss*, 67 F.3d 1394, 1401-02 (9th Cir. 1995) (nonconsensual releases of non-debtors are not permitted); *In American Hardwoods, Inc.*, 885 F.2d 621, 626 (9th Cir. 1989) (same).

2. The California State Agencies are differently situated than other Fire Victims in many ways, so releases to the Trustee and his professionals are particularly inappropriate for them. First, they already negotiated specific settlement terms, including specifically negotiated limited releases, with the TCC and the Fire Victim Trustee and Claims Administrator. Second, the California State Agencies are regulators of operations in the State of California; government regulatory agencies do not give releases for future acts, which is why the releases in the settlement agreements were negotiated as limited releases. Third, individual fire victims that settle with the Trust will, presumably, settle for a fixed amount. In contract, to preserve the trust corpus for individuals, government fire claimants agreed to be paid from interest, stock appreciation and litigation proceeds. At the time they are offered payment by the Trustee (conditioned on them granting a release to the Trustee) the California State Agencies will not know exactly how much they are owed. They should not, prior to being paid, have to waive claims. Finally, unlike individual fire victims, the California State Agencies timely raised an objection to the additional release requirement, as did the United States of America.

3. Even the more limited release proposed by the Trustee's counsel would eliminate rights that the California State Agencies specifically bargained for. The State Agency Settlement

provides that "if the Trustee fails to perform under Sections 2.2(b) and 2.2(c) of this Agreement, the affected Agency (or Agencies) may seek to enforce this Agreement by motion to the Bankruptcy Court …." Order, Exhibit B, § 2.2(e). Even the new release proposed by the Fire Victims Trustee might strip the California State Agencies of their rights to enforce their Settlement Agreement as a condition of being paid anything.

4. The Fire Victim Trustee's claim that additional releases are "necessary" ignores the very low standard of care applicable to the Trustee's and Claims Administrator's (and their professionals) conduct under the Fire Victim Trust Agreement. *See*, Plan Supplement, Exhibit D at Docket No. 7037 (Fire Victim Trust Agreement § 5.4 (immunity from liability other than willful misconduct, bad faith or fraud), § 5.5 (duties to the Trust Beneficiaries are eliminated to the fullest extent permitted by applicable law, except loyalty and care), § 5.7 (Trust indemnification of Trustee, Claims Administrator and professionals)). No doubt the Fire Victim Trustee and Claims Administrator will be fully insured for their roles in this matter, as well.

5. The California State Agencies incorporate their arguments on this issue in their *California State Agencies' Objection to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320]* filed at Docket No. 7281 and joined by the United States of America.[2]

## REPLY TO AD HOC SUBROGATION GROUP RESPONSE

6. The requirement of Governmental Units such as the California State Agencies and the United States of America to provide the release of the made whole doctrine was specifically objected to and argued by counsel for the United States of America at the hearing on October 23, 2019. At that hearing, counsel for the Ad Hoc Group of Subrogation Holders (Mr. Feldman) represented to the Court the "easy answer" that the defined term IP Claims to which the release of the made whole doctrine applies does not include Governmental Units. The Amended and

---

[2] Other than the objection to the additional involuntary releases, the objections to the FVTA and CRP appear to be resolved, subject to the California State Agencies and the United States of America reviewing the fully revised FVTA and CRP and with such rights reserved. The Debtors, TCC or Trustee should file the revised FVTA and CRP with redlines showing changes for all parties in interest to review and comment before court approval in connection with approval of a final confirmation order.

Restated Restructuring Support Agreement filed at Docket No. 4554 has the following definition: "'IP Claims' means any Wildfire Claim that is not a Public Entities Wildfire Claim, a Subrogation Claim or any Wildfire Claim asserted by any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code)." *Notice of Filing of Amended and Restated Restructuring Support Agreement* at page 5. Thus, Ad Hoc Subrogation Group limited objection is misplaced and should be overruled.[3]

## **RESERVATION OF RIGHTS**

Neither this pleading nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a.    a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b.    a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c.    a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such

---

[3] The discussion of this issue appears at 3:14 to 3:21 in the audio file at Docket No. 4433. The California State Agencies are obtaining the transcript and will submit the relevant pages as soon as it is available.

other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: June 12, 2020                Respectfully submitted,

                                    XAVIER BECERRA
                                    Attorney General of California
                                    MARGARITA PADILLA
                                    Supervising Deputy Attorney General

                                By: /s/ Paul J. Pascuzzi
                                    STEVEN H. FELDERSTEIN
                                    PAUL J. PASCUZZI
                                    FELDERSTEIN FITZGERALD
                                    WILLOUGHBY PASCUZZI & RIOS LLP
                                    Attorneys for California Department of Forestry and
                                    Fire Protection, California Department of Toxic
                                    Substances Control, California Governor's Office of
                                    Emergency Services, California Department of Veterans
                                    Affairs, California State University, California
                                    Department of Parks and Recreation, California
                                    Department of Transportation, and California
                                    Department of Developmental Services

# PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On June 12, 2020, I served the within document(s):

**CALIFORNIA STATE AGENCIES' OBJECTION TO RESPONSE OF FIRE VICTIM TRUSTEE TO REMAINING OBJECTION REGARDING FIRE VICTIM TRUST DOCUMENTS [DOCKET NO. 7873] AND AD HOC SUBROGATION GROUP LIMITED OPPOSITION [DOCKET NO. 7891]**

By Electronic Service via CM/ECF to all registered participants in this case as of June 12, 2020.

　　　　　　　　　　　　　　　　　　*/s/ Susan R. Darms*

　　　　　　　　　　　　　　　　　　SUSAN R. DARMS