**Entered on Docket**
**June 12, 2020**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**




WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Richard W. Slack (pro hac vice)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**Signed and Filed: June 12, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

BAKER & HOSTETLER LLP
Robert A. Julian (SBN 88469))
(rjulian@bakerlaw.com)
Cecily A. Dumas (SBN 111449)
(cdumas@bakerlaw.com)
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Tel: 628 208 6434
Fax: 310 820 8859

*Attorneys for the Official Committee of Tort Claimants*

BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
211 Michelson Drive Seventh Floor
Irvine, California 92612
Telephone: 949 752 7100
Facsimile: 949 252 1514

David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: 212 209 4800
Facsimile: 212 209 4801

*Counsel to the Hon. John K. Trotter (Ret.) Retained Trustee of PG&E Fire Victim Trust under Order of the U.S. Bankruptcy Court (N.D. Cal.) Case 19-30088 [Docket No. 6760]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and –**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)
Chapter 11
(Lead Case) (Jointly Administered)

**ORDER APPROVING THE PARTIES' JOINT STIPULATION REGARDING THE REGISTRATION RIGHTS AGREEMENT AND RELATED AGREEMENTS OF THE FIRE VICTIM TRUST (DOCKET NO. 7913)**

The Court, having considered the *Parties' Joint Stipulation Regarding the Registration Rights Agreement and Related Agreements of the Fire Victim Trust* filed on June 12, 2020, (Docket No. 7913), (the "**Joint Stipulation**"), and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:[1]

1. The Joint Stipulation is hereby approved.

2. The form of agreement reached by the Parties is hereby approved, which, upon his obtaining the requisite legal capacity and authority in accordance with the Confirmation Order and the Fire Victim Trust Agreement, on behalf of the Fire Victim Trust, the Fire Victim Trustee shall execute and deliver to the Debtors on or prior to the Effective Date, as follows (a) a registration rights agreement in the form attached hereto as **Exhibit A** (the "**Trust RRA**") and (b) the equity underwriters' lock-up agreements in the form attached hereto as **Exhibit B**.

3. In the event that the Debtors enter into any registration rights agreements with the Backstop Parties pursuant to the Backstop Commitment Letters (the "**Backstop RRAs**"), which contain terms that correlate to terms in the Trust RRA, such correlative terms in the Backstop RRAs shall not be more favorable to a Backstop Party in any material respect, unless (i) the Debtors incorporate such more favorable terms into the Trust RRA (or offer to incorporate such more favorable terms and the Fire Victim Trustee declines such offer) or (ii) the Fire Victim Trustee consents to such inclusion in the applicable Backstop RRA. Notwithstanding the foregoing, it is understood that (a) no Backstop RRA shall have any "demand" or "piggyback" rights for the applicable Backstop Party to participate as a seller in an underwritten offering, and (b) the fact that a Backstop RRA does not include or require a lock-up provision shall not be considered to be a term that is more favorable to a Backstop Party, and neither the TCC nor the Fire Victim Trustee shall be permitted to object or, under this Paragraph 3, withhold consent to the absence of a lock up provision in a Backstop RRA.

**** END OF ORDER ****

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Joint Stipulation.