# Exhibit B

**Form of Stipulation Permitting Entry of Stipulated Judgment Upon Event of Payment Default under Tax Benefit Payment Agreement**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **STIPULATION PERMITTING ENTRY OF STIPULATED JUDGMENT UPON EVENT OF PAYMENT DEFAULT UNDER TAX BENEFITS PAYMENT AGREEMENT** |

This Stipulation (the "**Stipulation**") is entered into by PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and the Official Committee of Tort Claimants (the "**TCC**"), on the other hand. The Debtors and the TCC are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On March 16, 2020, the Debtors filed their *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* (the "**Plan**"). Capitalized terms that appear in this Stipulation without definition carry the meaning ascribed to them in the Tax Benefit Payment Agreement or, if not defined therein, the Plan. This Stipulation is entered into by the Parties in contemplation of confirmation of the Plan, or any amended version thereof.

B. The Plan provides that $1.35 billion of the overall Aggregate Fire Victim Consideration will be paid post-confirmation to the Fire Victim Trust pursuant to a Tax Benefits Payment Agreement, which is defined by and described in Section 1.208 of the Plan the form of which is attached as Exhibit A hereto (the "**Tax Agreement**").

C. Pursuant to Section 2.2(b) of the Tax Agreement, if there is a First Payment Shortfall on the First Payment Date and a resulting failure of the Reorganized Utility to provide the Fire Victim Trust the LC contemplated by Section 2.2(a) of the Tax Agreement within ten (10) days of the LC Issuance Date (which is the date that is fifteen (15) business days after the First Payment Date), then the Fire Victim Trust has the right to file in any court of competent jurisdiction in the State of California a stipulated judgment substantially in the form of Exhibit B hereto (the "**First Stipulated Judgment**"), along with a declaration by the trustee of the Fire Victim Trust (the "**First Payment Declaration**") stating that the Fire Victim Trust's right to obtain entry of the First Stipulated Judgment has arisen under the terms of the Tax Benefits Payment Agreement.

D. Pursuant to Section 2.4 of the Tax Agreement, if there is a Final Payment Shortfall, then commencing February 8, 2022, the Fire Victim Trust shall have the right to file in

any court of competent jurisdiction in the State of California a stipulated judgment substantially in the form of Exhibit C hereto (the "**Second Stipulated Judgment**"), along with a declaration by the trustee of the Fire Victim Trust (the "**Second Payment Declaration**", and, together with the First Payment Declaration, the "**Payment Declarations**") stating that the Fire Victim Trust's right to obtain entry of the Second Stipulated Judgment has arisen under the terms of the Tax Benefits Payment Agreement.

E. In order to ensure that there is no dispute pertaining to the jurisdiction of any court of competent jurisdiction to enter either the First Stipulated Judgment or Second Stipulated Judgment (collectively, the "**Judgments**") upon filing, lodging, and/or uploading by the Fire Victim Trust, the Parties have agreed to confirm their understanding of the procedures that may apply to entry of either or both of the Judgments, and to confirm such understanding as a term of confirmation of the Plan by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER IN CONNECTION WITH CONFIRMATION OF THE PLAN, THAT:**

1. Upon any of the circumstances described in the Tax Agreement that permit the Fire Victim Trust to file and seek entry of either of the Judgments, the Fire Victim Trust may avail itself of any available procedure in any court of competent jurisdiction in the State of California for entry of either or both of the Judgments, in the Fire Victim Trustee's sole discretion.

2. If the Fire Victim Trust chooses to seek entry of either or both of the Judgments in the Bankruptcy Court, the Parties stipulate that the filing of a Payment Declaration with such Judgment, as contemplated in Tax Agreement, will serve as an action to enforce the terms of the confirmed Plan and will arise as a contested matter under Federal Rule of Bankruptcy Procedure 9014, thereby permitting the Bankruptcy Court to enter either or both of the Judgments without

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the need to initiate an adversary proceeding by complaint or contested matter by motion.

3. If, following the filing of a Payment Declaration, the Bankruptcy Court requires the Fire Victim Trust to initiate an adversary proceeding by complaint, or initiate a contested matter by motion, prior to entry of the Judgment, the Parties agree that PG&E and the Utility, as Reorganized Debtors, will not have any right to file a response to such complaint or motion (other than to dispute the facts alleged to give rise to the required triggering events described in the Payment Declaration), and agree that the Bankruptcy Court may enter either or both of the Judgments (if the required triggering events described in the Tax Agreement have arisen) immediately upon initiation of the adversary proceeding or contested matter, and that the Fire Victim Trust may obtain entry of either or both Judgments, as permitted under the Tax Agreement, only after providing reasonable notice to the Reorganized Debtors of the Fire Victim Trust's intent to file such Payment Declaration, which notice shall include the date of and court in which the Payment Declaration will be filed, and the Reorganized Debtors are given opportunity to respond to such Payment Declaration (solely to dispute the facts alleged to give rise to the required triggering events of such Payment Declaration).

4. If the Fire Victim Trust chooses to seek entry of the Judgments in the Bankruptcy Court, or in any other court of competent jurisdiction in the State of California, including but not limited to the United States District Court for the Northern District of California (the "**District Court**") or the Superior Court for the State of California, County of San Francisco (the "**Superior Court**"), the Fire Victim Trust may make any changes to the form of either or both of the Judgments as required to permit the filing of such Judgments in such court, such as changes to the caption, case name, attorney information, and other non-material revisions, and such revised Judgment shall be deemed the same Judgment for purposes of this Stipulation and the Tax Agreement.

5. If the Fire Victim Trust chooses to seek entry of either or both of the Judgments in any court of competent jurisdiction other than the Bankruptcy Court, including but not limited to the District Court or Superior Court, the Parties agree that PG&E and the Utility, as Reorganized Debtors will not have any right to file a response to any declaration, complaint or motion that is

3

filed to obtain entry of either or both of the Judgments (other than to dispute the facts alleged to give rise to the required triggering events described in the applicable Payment Declaration), and that the Fire Victim Trust may obtain entry of either or both Judgments (if the required triggering events described in the Tax Agreement have arisen) only after providing reasonable notice to the Reorganized Debtors of the Fire Victim Trust's intent to file such Payment Declaration, which notice shall include the date of and court in which the Payment Declaration will be filed, and the Reorganized Debtors are given opportunity to respond to such Payment Declaration (solely to dispute the facts alleged to give rise to the required triggering events of such Payment Declaration).

6. The Parties agree that the First Stipulated Judgment, upon entry, shall be deemed a final judgment for purposes of execution and collection pursuant to Fed. R. Civil. P. 54(b), and that the entry of the First Stipulated Judgment will resolve the Parties' disputes solely with respect to the First Payment Shortfall and issuance of a letter of credit.

7. The Parties agree that the Second Stipulated Judgment, upon entry, shall be deemed a final judgment for purposes of execution and collection pursuant to Fed. R. Civil. P. 54(b), and that the entry of the Second Stipulated Judgment will resolve the Parties' disputes solely with respect to the Final Payment Shortfall.

8. PG&E and the Utility have entered into this Stipulation on the understanding that, as Reorganized Debtors, they will be the same corporate entities as they are now, and that they presently have the capacity to bind themselves as Reorganized Debtors by entering into this Stipulation in connection with confirmation of their Plan.

4

Dated: May __. 2020

WEIL, GOTSHAL & MANGES LLP
KELLER & BENVENUTTI LLP

/s/

*Attorneys for Debtors
and Debtors in Possession*

Dated: May __, 2020

BAKER HOSTETLER LLP

/s/

*Attorneys for Official Committee of Tort Claimants*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO