| | |
|---|---|
| DAVID M. FELDMAN (*pro hac vice*) <br> dfeldman@gibsondunn.com <br> MATTHEW K. KELSEY (*pro hac vice*) <br> mkelsey@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 200 Park Avenue <br> New York, NY 10166-0193 <br> Telephone: 212.351.4000 <br> Facsimile: 212.351.4035 | MATTHEW D. McGILL (*pro hac vice*) <br> mmcgill@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1050 Connecticut Avenue, N.W. <br> Washington, DC 20036-5306 <br> Telephone: 202.955.8500 <br> Facsimile: 202.467.0539 |

MICHAEL S. NEUMEISTER, SBN 274220
 mneumeister@gibsondunn.com
MICHELLE CHOI, SBN 313557
 mchoi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for the Ad Hoc Committee of Holders of Trade Claims*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION** <br>   -and- <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br>           **Debtors.** <br> ☐  Affects PG&E Corporation <br> ☐  Affects Pacific Gas and Electric Company <br> ☑  Affects both Debtors <br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **TRADE COMMITTEE'S JOINDER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN RESPONSE TO PLAN PROPONENTS' RESPONSE AND PROPOSED MODIFICATION [D.I. 7896] AND OBJECTION TO THE NOTICE OF FILING OF SEVENTH SUPPLEMENT TO PLAN SUPPLEMENT IN CONNECTION WITH THE DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION [D.I. 7894]** |

| | |
|---|---|
| 1 | The Ad Hoc Committee of Holders of Trade Claims (the "<u>Trade Committee</u>"), by and |
| 2 | through its undersigned counsel, hereby submits this joinder (the "<u>Joinder</u>") to *The Official* |
| 3 | *Committee of Unsecured Creditors' Statement in Response to Plan Proponents' Response and* |
| 4 | *Proposed Modifications* [D.I. 7896] (the "<u>UCC Statement</u>")[1] and objection (the "<u>Objection</u>" and, |
| 5 | together with the Joinder, the "<u>Joinder and Objection</u>") to the *Notice of Filing of Seventh* |
| 6 | *Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint* |
| 7 | *Chapter 11 Plan of Reorganization* [D.I. 7894] (the "<u>Seventh Plan Supplement</u>"), and respectfully |
| 8 | represents: |

**JOINDER AND OBJECTION**

The Trade Committee is mindful of the Court's comments during the hearing on June 11, 2020, regarding the growing number of unresolved confirmation issues that have been the subject of pleadings filed after the close of the confirmation hearing on June 8, 2020. However, the Trade Committee files this Joinder and Objection to raise a discrete issue that has only arisen since the close of argument on confirmation. Specifically, the Debtors, through the Seventh Plan Supplement and proposed changes to the Confirmation Order (the "<u>Confirmation Order Modifications</u>") attached to the *Plan Proponents' Response Regarding Proposed Modifications to Plan and Proposed Confirmation Order Filed by (A) the Creditors' Committee, (B) Calpine, (C) CNUC, and (D) the California State Agencies* [D.I. 7868] (the "<u>Plan Proponent Response</u>"), have unilaterally determined that they should be given fifteen (15) business days from the entry of the Confirmation Order to determine whether executory contracts or leases should be assumed or rejected, <u>*when under this Court's Disclosure Statement Order (defined below) and the Plan itself, the deadline to make that decision has already passed*</u>. The Debtors present no legitimate business reason for this change, which raises serious due process concerns for contract counterparties and others that have interests in the executory contracts or leases being assumed or rejected pursuant to the Plan. This is especially concerning given the fact that the treatment of assumed executory contracts was raised by the Trade Committee weeks ago and the Debtors, in response, had

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the UCC Statement.

represented in filings with the Court that the issues raised by the Trade Committee had been resolved.[2] Yet, at that time, the Debtors made no mention of their intention to contravene the Disclosure Statement Order and the Plan by burying a material modification to the procedure for assumption and rejection of executory contracts into a voluminous addendum to the Plan Supplement.

On March 17, 2020, the Court entered its *Order (I) Approving Proposed Disclosure Statement for Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization; (II) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (III) Establishing and Approving Plan Solicitation and Voting Procedures; and (IV) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (V) Granting Related Relief* [D.I. 6340] (the "Disclosure Statement Order"). As part of the Disclosure Statement Order, the Court approved the "Confirmation Hearing Notice," which required the Debtors to "serve all applicable notices regarding cure amounts or rejection as set forth in the Plan on the appropriate parties no later than fourteen (14) days before the Objection Deadline." Disclosure Statement Order, Ex. D, ¶ 10. This deadline expired on May 1, 2020. Further, the current Plan on file [D.I. 7814] provides that "[t]he Debtors may amend the Schedule of Rejected Contracts and any cure notice until . . . the Business Day immediately prior to the commencement of the Confirmation Hearing," subject to specific exceptions that do not apply here. Plan, § 8.8(a). This deadline expired on May 26, 2020. Through the Seventh Plan Supplement and proposed Confirmation Order Modification, the Debtors seek to override both the Disclosure Statement Order and the Plan by now giving the Debtors 15 business days from entry of the confirmation order to determine whether an executory contract or unexpired lease should be assumed or rejected. Assuming entry of a confirmation order by next Friday, June 19, the Debtors are seeking to extend their time to determine what contracts and leases to assume or reject by between 48 and 73 days beyond what is provided for in the Disclosure Statement Order and Plan.

The Debtors provide no explanation for this material change to the Debtors' and other

---

[2] See *Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* [D.I. 7528] (the "Confirmation Brief"), Ex. A, p. 1.

parties' rights under the Plan other than to assert that the change is "[i]n view of the issues raised in various confirmation objections with respect to the assumption of executory contracts . . . ." Plan Proponent Response, p. 7. Regardless of whether this explanation is in fact true, it is not sufficient, given that the Debtors are proposing this material change long after the period for objection and oral argument with respect to the Plan has expired. Parties in interest in these chapter 11 cases have relied on the Disclosure Statement Order, the Plan, and proposed Confirmation Order—not to mention, written representations to the Court by the Debtors that purported to address objections made by the Trade Committee—provided prior to the commencement and conclusion of the confirmation hearing to determine and protect their rights. *See* Confirmation Brief, Ex. A, p. 1. The Debtors' attempt to slip this manifestly untimely and impermissible change in now is wholly insupportable, and should not be condoned by this Court.

This change is particularly concerning to the Trade Committee, because it threatens to unwind the Debtors' consensual resolution to one of the Trade Committee's objections to the Plan. Based on Ninth Circuit precedent and Bankruptcy Code section 1123(d), the Trade Committee objected to the then-Plan to the extent it did not pay postpetition interest on cure amounts at rates consistent with state law. *See Objection of the Ad Hoc Committee of Holders of Trade Claims to Confirmation of the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [D.I. 7288], pp. 6–8. On May 22, the Debtors filed their Confirmation Brief, and provided that they were addressing this objection by voluntarily revising the Plan to provide for interest at the contract rate "or in the absence of a contract rate, at the applicable state statutory rate." *See* Confirmation Brief, Ex. A, p. 1. Nowhere in the Confirmation Brief or during the confirmation hearing did the Debtors suggest that they would provide an escape hatch for this resolution, whereby the Debtors would revise the Plan so that they would have the opportunity to reject a previously-noticed assumed contract, thereby paying postpetition interest at the federal judgment rate, rather than at a rate consistent with state law. Had the Debtors timely made their intention known on this point, the Trade Committee and other parties would have had the opportunity to address this dispute at the proper time—during the confirmation hearing.[3]

---

[3] The Debtors do not cite any legal basis for their attempt to materially revise the Plan's treatment of executory

In short, the Debtors are attempting to gift themselves and their stockholders a mechanism to avoid the treatment that parties to executory contracts or unexpired leases, and those that have acquired their respective claims, are entitled to under the Plan and the Bankruptcy Code, *after* closing of briefing and argument on confirmation and well after the Court-mandated deadline for such filings in the Disclosure Statement Order. Respectfully, the Court should not condone such tactics, particularly when creditors' due process rights are at stake and have been impeded for no good reason.

**RESERVATION OF RIGHTS**

The Trade Committee reserves the right to raise further arguments in connection with the issues addressed herein, as well as to review, comment, and object to whatever version of the revised Plan, Plan Supplement, Confirmation Order, and any related documents the Debtors may propose as and when they become available.

**CONCLUSION**

For the foregoing reasons, the Trade Committee requests that the Court sustain the Objection and grant such other and further relief as the Court deems just and proper.

[*Remainder of page left intentionally blank*]

---

contracts and unexpired leases. To the extent the Debtors rely on Bankruptcy Code section 1127, this statute does not afford the Debtors the relief they seek. Even if a modification is permitted under section 1127, the Debtors' failure to comply with the terms of the Court's Disclosure Statement Order (and the Plan in place at the time of that order), and potentially negating the benefits of their agreed resolution to plan confirmation objections raised by the Trade Committee and others, renders the Plan unconfirmable because it does not comply with applicable provisions of the Bankruptcy Code and is not proposed in good faith or by a means not forbidden by law. *See* 11 U.S.C. § 1129(a)(1)–(3); *In re Multiut Corp.*, 449 B.R. 323, 339 (Bankr. N.D. Ill. April 19, 2011) ("[Section] 1129(a)(2) mandates compliance with court orders issued in furtherance of the reorganization process."); *In re Greate Bay Hotel & Casino, Inc.*, 251 B.R. 213, 236 (Banrk. D.N.J. July 28, 2000) ("Compliance with a court order issued in furtherance of the reorganization process is mandated by § 1129(a)(2)."); *Matter of Alexander*, 48 B.R. 110, 114 n.2 (Bankr. W.D. Miss. March 22, 1985) ("It is asserted in the motion that the debtors have not complied with the court's prior order . . . If these allegations are true, it may be the duty of the court to deny confirmation for lack of good faith within the requirement of section 1129(a)(3) of the Bankruptcy Code.").

| | | |
|---|---|---|
| Dated: June 14, 2020 | | **GIBSON, DUNN & CRUTCHER LLP** |

By: /s/ *Michael S. Neumeister*
David M. Feldman (*pro hac vice*)
Matthew K. Kelsey (*pro hac vice*)
Matthew D. McGill (*pro hac vice*)
Michael S. Neumeister
Michelle Choi

*Attorneys for the Ad Hoc Committee of Holders of Trade Claims*

# CERTIFICATE OF SERVICE

I, Michael S. Neumeister, declare:

1. I am over the age of 18 years and not a party to this action. My business address is Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071, which is located in the country where the service described below occurred.

2. I hereby certify that on June 14, 2020, I electronically filed the above *Trade Committee's Joinder to the Official Committee of Unsecured Creditors' Statement in Response to Plan Proponents' Response and Proposed Modifications [D.I. 7896] and Objection to the Notice of Filing of Seventh Supplement to Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization [D.I. 7894]* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to e-mail addresses on file with the Court's ECF system.

I certify and declare under penalty of perjury that the foregoing is true and correct.

/s/ *Michael S. Neumeister*
Michael S. Neumeister