| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (415) 636-9251<br><br>*Attorneys for Debtors and Debtors in Possession* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PLAN PROPONENTS' RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN RESPONSE TO PLAN PROPONENTS' RESPONSE AND PROPOSED MODIFICATIONS**<br><br>**Relates to Docket Nos. 7832, 7868, 7880, 7896** |

The Plan Proponents hereby submit this Response to the Official Committee of Unsecured Creditors' (the "**Creditors' Committee**") *Statement in Response to Plan Proponents' Response and Proposed Modifications* [Docket No. 7896].

I.   **RESPONSE**

In order to address the legitimate concerns raised by the Creditors' Committee and certain others, the Plan Proponents proposed additional modifications to the Plan and Proposed Confirmation Order pursuant to (i) the *Plan Proponents' Response Regarding Proposed Modifications to Plan and Proposed Confirmation Order Filed By (A) the Creditors' Committee, (B) Calpine, (C) CNUC, and (D) the California State Agencies* [Docket No. 7868] (the "**Plan Proponents' Response**"),[1] and (ii) the *Plan Proponents' Supplemental Response* [Docket No. 7880].

Notwithstanding the Plan Proponents' proposals that fairly address these concerns, the Creditors' Committee is still not satisfied. As demonstrated below, the remaining issues raised by the Creditors' Committee should be rejected. No further modifications to the Plan or Proposed Confirmation Order are warranted.

First, the Plan Proponents' proposed modifications to Section 8.2(e) of the Plan, and corresponding Paragraph 34(d) of the Proposed Confirmation Order, more than appropriately address any and all concerns that have been raised. A blackline version of the Plan Proponents' modifications to that Section and Paragraph is as follows:

> Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims ~~and Causes of Action~~ against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, ~~including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, any defaults of provisions restricting the change in control or ownership interest composition, or any other bankruptcy-related defaults. Any proofs of Claim filed with respect to an~~

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Plan Proponents' Response.

~~executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.~~ to the fullest extent permitted under applicable law.

Despite these modifications, the Creditors' Committee wants more—to delete the word "Claims." This request should be rejected. As the Court noted at the June 4, 2020 hearing, claims arise from defaults under executory contracts, and that is the appropriate way to deal with cure when an executory contract is being assumed under section 365 of the Bankruptcy Code. *See* Hr'g Tr. (June 4, 2020) at 67:8-69:20. To suggest otherwise would defeat the intent and purpose of assumption and cure, which are intended to provide the Reorganized Debtors with, as the Court stated, a "reboot" on assumption. *See* Hr'g Tr. (June 8, 2020) at 80:24. Section 365 does not permit the non-debtor counterparty to lie in the weeds and assert a post-assumption claim or a default that should have been raised and asserted in connection with the assumption. A debtor is entitled to know what claims and liabilities it is required to cure, so it can make an informed decision to assume or reject a contract. Section 8.2(e) of the Plan and Paragraph 34(d) of the Proposed Confirmation Order, as the Debtors have proposed to modify them above, properly address those concerns in a fair and balanced manner, and without adjudicating the issue of any particular party's claim in the absence of facts.

Second, the UCC continues to ask this Court to prejudge today what constitutes a Fire Claim. As the Plan Proponents stated in their prior submission, the definition of Fire Claim under the Plan was the product of extensive negotiations and it should not be altered. The proper determination of what is and is not a Fire Claim can only be made based on the totality of the specific facts, circumstances, and underlying basis for a particular claim. To categorically prejudge the classification of any claim, in the absence of the pertinent facts, is neither necessary nor appropriate. The Plan does not prejudice anyone's rights as to that determination, nor should a premature global Court ruling made in the absence of a live dispute do so either, as the Creditors' Committee requests.

Lastly, the Creditors' Committee objects to the Plan Proponents' request for a modest amount of additional time to revise their Schedule of Rejected Contracts and Schedule of Assumed

Case: 19-30088    Doc# 7939    Filed: 06/14/20    Entered: 06/14/20 21:58:40    Page 3 of 4

Contracts. This request was necessitated by the flurry of objections and the positions taken by those parties to executory contracts before the Court, and is a reasonable request.

The Creditors' Committee's objection should be overruled. First, giving the Debtors additional time will not prejudice anyone. Any party that objects to an amendment of the Schedules will have the right to be heard and file a claim arising from a rejection. The Creditors' Committee's claim that parties would be prejudiced if their contract were now rejected, in that they may have decided to object to confirmation, rings hollow. Contract assumption or rejection is not a basis for a confirmation objection.

Additionally, the Plan Proponents have no objection to a 30-day bar date for rejection claims from the effective date of rejection.

## II. CONCLUSION

The Plan Proponents have gone to great lengths to accommodate and address all legitimate objections to confirmation. The continuing requests by the Creditors' Committee simply go too far, and would prejudice the Debtors and all other economic stakeholders. They should be rejected.

Dated: June 14, 2020

                                                   **WEIL, GOTSHAL & MANGES LLP**
                                                   **KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*

-4-

Case: 19-30088   Doc# 7939   Filed: 06/14/20   Entered: 06/14/20 21:58:40   Page 4 of 4