DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for John Lee Clark

UNITED STATES BANKRUPTCY COURT

NORTHISN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT THE COURTS OF THE STATE OF CALIFORNIA TO CONDUCT A JURY TRIAL AND RELATED PRETRIAL AND POST TRIAL MATTERS IN CONNECTION WITH CREDITOR, JOHN LEE CLARK'S COMPLAINT FOR DAMAGES, OR IN ALTERNATIVE, FOR ABSTENTION**<br><br>Date:　　　July 7, 2020<br>Time:　　　10:00 a.m.<br>Place:　　　Courtroom 17450 Golden Gate Avenue, 16th Floor San Francisco, CA<br>Judge:　　　Hon. Dennis Montali<br><br>Objection Deadline: July 2, 2020, 4:00 p.m. PST |

　　　　Creditor, John Lee Clark ("Mr. Clark"), by and through counsel, does hereby respectfully submit the following Memorandum of Points and Authorities in Support of Motion for Relief from the Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with Creditor, John Lee Clark's Complaint

for Damages, or in Alternative, for Abstention (the "Motion"), pursuant to 11 U.S.C. Section 362(d)(1), for cause, or in the alternative for abstention pursuant to 28 U.S.C. Section 1334(c)(1).

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and (c).

2. The Motion, which seeks relief from the automatic stay, is a core matter pursuant to 28 U.S.C. § 157(b)(2)(B) and (G).

3. Venue is proper before this Court pursuant to 28 U.S.C. Section § 1409(a).

## II.  RELIEF SOUGHT

The Motion seeks the entry of an order granting relief from the automatic stay to allow Mr. Clark to prosecute his Complaint for Damages filed with the Superior Court of the State of California, in and for the County of San Francisco, on July 10, 2018, which includes causes of action for: negligence, strict liability, negligence per se, inverse condemnation, trespass, and nuisance claims against Pacific Gas and Electric Company ( the "Debtor"), arising from the explosion and fire that occurred on January 12, 2017, at real property located on 2209 South George Washington Boulevard, Yuba City, California.  The Complaint alleges that the Explosion was caused due to the Debtors' endemic failure to maintain certain gas distribution lines and resulted in catastrophic injuries and loss of real and personal property of Mr. Clark.

The Motion seeks an order to allow Mr. Clark to proceed against the Debtors, in order to establish the liability of the Debtors, obtain judgment(s) against the Debtors, and collect any judgment(s) obtained against the Debtors from the Debtors and/or their insurers, as applicable. In the alternative, Mr. Clark respectfully requests the Court to abstain from deciding the validity and amount of his claims against the Debtors, in favor of the Courts of the State of California.

## III.  EVIDENTIARY SUPPORT FOR THE MOTION

The Motion is supported by the Declaration of John Demas, filed concurrently herewith and the exhibits thereto (the "Demas Declaration").

## IV. STATEMENT OF FACTS

### A. THE EXPLOSION

1. On January 12, 2017, the Explosion occurred at the Property. As a result of the Explosion, Mr. Clark sustained catastrophic personal injuries, including but not limited to: second and third degree burns to his face, torso, and bilateral upper and lower extremities; traumatic brain injury; collapsed lung; acute respiratory failure; post-traumatic stress; right hip labral tear with femoroacetabular impingement requiring surgery; right shoulder labrum tear; right knee pain, right foot pain; lumbar spine pain; and decreased hearing. Mr. Clark has required extensive medical attention and treatment, which is expected to extend into his long term future.

### B. STATE COURT LITIGATION

1. On July 10, 2018, Mr. Clark, by and through Demas Law Group, P.C. ("Demas Law Group"), filed the Complaint which includes causes of action for: negligence, strict liability, inverse condemnation, trespass, and nuisance, against the Debtor, arising from the Explosion, initiating a civil action in the Superior Court, which was assigned Case No. CGC-18-567964 (the "State Court Action"). The Complaint alleges that the Explosion was caused due to the Debtors' endemic failure to maintain certain gas distribution lines and resulted in catastrophic injuries to Mr. Clark and loss of property. A true and correct copy of the Complaint is attached to the *Declaration of John Demas* and incorporated herein by reference as **Exhibit 1**. See *Demas Declaration*.

2. The Honorable Garrett L. Wong ("Judge Wong") is presiding over the State Court Action. Judge Wong is also presiding over related cases and/or putative cases filed by other plaintiffs seeking damages arising from the same Explosion. See, e.g., Docket No.'s 7295, 7312, 7335, 7337 ("Related Cases").

3. As a result of the Explosion, Mr. Clark suffered substantial damages, including: pain and suffering, emotional distress, medical expenses, future medical expenses, loss of earning capacity, and loss of future earnings. To date, however, Mr. Clark has not received compensation for any of the damages that she suffered due to the Explosion.

4. The Complaint was served on the Debtor pre-petition, and a trial date initially set

for December 9, 2019. Demas Declaration at ¶ 6.

5. The Debtor has been ably represented in the State Court Action by Farella Braun + Martel LLP (the "Defense Counsel"). The Defense Counsel is the same that represents the Debtor in the Related Cases.

## C. PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY'S BANKRUPTCY CASE AND EVENTS THISEAFTER

1. On January 29, 2019, the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code. Since that time the State Court Action has been stayed against the Debtors pursuant to the automatic stay.

2. On February 1, 2019, the Debtors filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (the "Notice of Bankruptcy Filing") in the State Court Action.

3. Plaintiff did not have the opportunity to serve written discovery on the Debtors prior to the initiation of the stay.

4. On February 28, 2020, the Superior Court issued a Case Management Order requesting a status of the bankruptcy stay notice filed by the Debtor, with a hearing date of September 16, 2020. Demas Declaration at ¶ 8.

## D. CURRENT STATUS

1. Mr. Clark's claims against the Debtor have not been liquidated and Mr. Clark's claims need to be liquidated so that he can be paid. Mr. Clark, through counsel, filed a Proof of Claim in this case including a copy of the Complaint, on October 15, 2019.

2. John Demas of Demas Law Group ("Mr. Demas") anticipates that if the Motion is granted, a trial date will be set at the Case Management Conference for some time in 2021, which will provide the Debtors and Mr. Clark plenty of time to complete discovery and prepare for the trial. See *Demas Declaration at* ¶ 11.

3. One of the creditors/plaintiff's in one of the Related Cases, Ravin Skondin ("Ms. Skondin"), filed an objection to confirmation of the Debtor's proposed chapter 11 plan on May 15, 2020 (Docket No. 7295), to secure her rights for her claims arising out of the Explosion to be liquidated in the State Court. Mr. Clark joined in that objection for the same reasons by virtue of

his *Joinder to Support of Creditor Ravin Skondin's Objection to Confirmation of Debtors; and Shareholder Proponents' Reorganization, Dated March 16, 2020*, also on May 15, 2020 ("Confirmation Objection")(Docket No. 7318).

4. Ms. Skondin subsequently filed her MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT THE COURTS OF THE STATE OF CALIFORNIA TO CONDUCT A JURY TRIAL AND RELATED PRETRIAL AND POST TRIAL MATTERS IN CONNECTION WITH CREDITOR, JOHN LEE CLARK'S COMPLAINT FOR DAMAGES, OR IN ALTERNATIVE, FOR ABSTENTION ("Skondin Stay Relief"), on June 3, 2020. Docket No. 7764.

5. Mr. Clark understands that Ms. Skondin has resolved the Skondin Stay Relief Motion and her objection to plan confirmation, by way of stipulation with the Debtors where stay relief will be granted to allow Ms. Skondin's claim to be liquidated in the State Court.

6. Given that resolution of other litigation arising out of the same Explosion, the same result should apply here. It would be an unnecessarily wasteful use of resources (both of the court and of the parties) for claims arising out of the same Explosion to be litigated in different courts.

## V. ARGUMENT

### A. PRELIMINARY STATEMENT

Mr. Clark seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides as follows:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . ..

It is respectfully submitted that cause exists in this case to grant relief from the Automatic Stay. The Explosion occurred on January 12, 2017, more than three (3) years ago. The State Court Action has been pending in the Superior Court for almost two years. Mr. Clark's claims against the Debtor has not yet been adjudicated and liquidated. The Debtor has been and will continue to be ably represented by their experienced Defense Counsel, who has already and likely

will remain involved in the case.

Mr. Clark is seeking relief from stay so that the State Court Action may be tried against the Debtors and his claims against the Debtors can be liquidated, this will allow Mr. Clark to receive redress for his injuries and suffering.

**B.  BURDEN OF PROOF**

As explained by the Bankruptcy Court for the Central District of California,

> [t]he burden of proof on a motion to modify the automatic stay is a shifting one. *Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2nd Cir. 1990). To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under § 362(d)(1). *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2nd Cir. 1999); *Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996); *FSFG Serv. Corp. v. Kim (In re Kim)*, 71 B.R. 1011, 1015 (Bankr. C.D. Cal. 1987). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. *Sonnax*, 907 F.2d at 1285; *Duvar Apt.*, 205 B.R. at 200.

*Truebro, Inc. V. Plumberex Speciality Prods., Inc. (In re Plumberex Speciality Prods., Inc.)*, 311 B.R. 551, 557 (2004).

Pursuant to 11 U.S.C. Section 362(g),

> [i]n any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section -
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) **the party opposing such relief has the burden of proof on all other issues** [1]

Accordingly, any party opposing relief from automatic stay bears the ultimate burden of proof and of persuasion.

**C.  CURTIS FACTORS**

There are twelve (12) non-exclusive factors, which courts analyze in order to determine if cause exists to grant relief to allow continued litigation in a non-bankruptcy forum. See *In re Curtis,* 40 B.R. 795 (Bankr. D. Utah 1984). The non-exclusive factors have been summarized as follows:

---

[1] Emphasis added.

DOWNEY BRAND LLP

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under *Section 510(c)*;

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under *Section 522(f)*;

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the "balance of hurt."

See *In re Curtis,* 40 B.R. at 806.

The *Curtis* factors will be discussed seriatim. It is respectfully submitted that the *Curtis* factors, which apply, warrant granting relief from stay to allow Mr. Clark immediate access to justice to adjudicate and liquidate his claims against the Debtor.

1. **WHETHER THE RELIEF WILL RESULT IN A PARTIAL OR COMPLETE RESOLUTION OF THE ISSUES.**

Granting relief from the automatic stay will allow the Courts of the State of California to proceed to judgement and resolution of all claims pending in the State Court Action, through a

jury trial against the Debtor. Granting relief from the automatic stay will also allow the parties to conduct and complete discovery, conduct a trial, and complete post trial and appellate matters. The nature and extent of the Debtor's liability to Mr. Clark will be adjudicated, liquidated, and finalized, so that Mr. Clark can finally be compensated for his injuries.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

## 2. THE LACK OF ANY CONNECTION WITH OR INTERFERENCE WITH THE BANKRUPTCY CASE.

"The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate." *Id.*

The Chapter 11 cases were not filed as a result of Mr. Clark's claims.

Granting relief from the automatic stay will allow Mr. Clark's disputed claims against the Debtors to be liquidated. Moreover, the Debtors are represented by able and experienced Defense Counsel, who are not representing the Debtors in the Chapter 11 cases. Granting relief from the automatic stay **now**, will allow Defense Counsel sufficient time to conduct and complete discovery and prepare for a jury trial, which is anticipated to be conducted sometime in 2021, while providing Mr. Clark access to justice.

As admitted by the Debtors, in a recent filing,

> [t]he Debtors filed these Chapter 11 Cases with the principal goal of achieving a fair, equitable, and expeditious resolution of billions of dollars in liabilities arising from the 2017 and 2018 Northern California fires (including Tubbs) and the 2015 Butte Fire. Today, the Plan Proponents are now before the Court requesting confirmation of the Plan, which is the culmination of more than sixteen months of arm's length and good faith negotiations by and among the Debtors, the Shareholder Proponents, the Debtors' key stakeholders, regulators, the Governor's Office and many other parties in interest in these Chapter 11 Cases. Perhaps most importantly, the Plan has the overwhelming support of the Fire Victims B having been accepted by more than 85% in number and amount of holders of Fire Victim Claims that submitted valid votes on the Plan.

*Plan Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization (Dkt. 7528), filed with the Court on May 22, 2020, Pf. 14, ln. 11-19.*

Given the fact that the Debtors have progressed from the initial stages of this case,

stabilized their operations, made substantial settlements with various creditor constituencies, and are now in the final phase of plan confirmation; no reason exists for delaying adjudication of the State Court Action by the Courts of the State of California.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

3. **WHETHER THE FOREIGN PROCEEDING INVOLVES THE DEBTORS AS A FIDUCIARY.**

This factor is not applicable to the current proceeding.

4. **WHETHER A SPECIALIZED TRIBUNAL HAS BEEN ESTABLISHED TO HEAR THE PARTICULAR CAUSE OF ACTION AND WHETHIS THAT TRIBUNAL HAS THE EXPERTISE TO HEAR SUCH CASES.**

The claims and defenses asserted in the State Court Action arise under the laws of the State of California. The State Court Action is currently pending in the Superior Court, a California Court of general jurisdiction, which is well equipped to adjudicate cases based on California law, without further delay.

As attested by Mr. Demas within his declaration, filed concurrently herewith, Mr. Clark has demanded jury trial. The Superior Court routinely conducts jury trials.

It would be duplicative, expensive, time consuming, and ultimately unproductive for another tribunal to hear and determine Mr. Clark's claims.

It is respectfully submitted that this factor weighs heavily in favor of granting relief from the automatic stay.

5. **WHETHER THE DEBTORS' INSURANCE CARRIER HAS ASSUMED FULL FINANCIAL RESPONSIBILITY FOR DEFENDING THE LITIGATION.**

The stay of the State Court Action has prevented Mr. Clark from conducting discovery on this issue. It should be noted, however, the Debtors are solvent. The plan proposed by the Debtors proposes to pay general unsecured creditors, such as Mr. Clark, in full. Mr. Clark's claims, therefor, must be liquidated sooner rather than later so that he can be paid under the Debtors' plan, if confirmed.

6. **WHETHER THE ACTION ESSENTIALLY INVOLVES THIRD PARTIES, AND THE DEBTORS FUNCTION ONLY AS A BAILEE OR CONDUIT FOR THE**

**GOODS OR PROCEEDS IN QUESTION.**

This factor does not apply.

7. **WHETHERTHE LITIGATION IN ANOTHIS FORUM WOULD PREJUDICE THE INTERESTS OF OTHIS CREDITORS, THE CREDITORS' COMMITTEE AND OTHIS INTERESTED PARTIES.**

Mr. Clark has a right to a jury trial. The Debtors' plan proposes to pay general unsecured creditors in full. As such, there can be no prejudice to any other creditors. They stand to be paid in full regardless of the liquidation of Mr. Clark's claims.

It is respectfully requested that this factor weighs in favor of granting relief from the automatic stay.

8. **WHETHER THE JUDGMENT CLAIM ARISING FROM THE FOREIGN ACTION IS SUBJECT TO EQUITABLE SUBORDINATION UNDER *SECTION 510(c)*.**

This factor does not apply.

9. **WHETHERMOVANTS' SUCCESS IN THE FOREIGN PROCEEDING WOULD RESULT IN A JUDICIAL LIEN AVOIDABLE BY THE DEBTOR UNDER *SECTION 522(f)*.**

This factor is not applicable since the Debtors are not individuals.

10. **THE INTERESTS OF JUDICIAL ECONOMY AND THE EXPEDITIOUS AND ECONOMICAL DETERMINATION OF LITIGATION FOR THE PARTIES.**

As discussed above, the claims and defenses asserted in the State Court Action are based on the laws of the State of California. The State Court Action has been pending in the Superior Court for almost two (2) years. If relief is granted, it is anticipated that a trial will be set for some time in 2021 at the upcoming Case Management Conference on September 16, 2020. If relief from automatic stay is granted the State Court Action can proceed without any further delay, while providing the Debtors and Mr. Clark ample time and opportunity to conduct and complete discovery and pre-trial matters and prepare for trial. If relief is not granted, a jury trial against the Debtors, which would not be conducted in the Bankruptcy Court, could be delayed for years. Mr. Clark would be denied access to justice and recovery for his grievous injuries.

This factor dictates granting relief from the automatic stay.

## 11. WHETHER THE FOREIGN PROCEEDINGS HAVE PROGRESSED TO THE POINT WHISE THE PARTIES ARE PREPARED FOR TRIAL.

If relief is granted it is anticipated that a trial will be set for some time in 2021 during the upcoming Case Management Conference on September 16, 2020. The Debtors and their Defense Counsel will have ample time to prepare for trial, so that the State Court Action can be tried before a jury and Mr. Clark can gain immediate access to justice to adjudicate and liquidate his claims, so that she can be ultimately paid.

It is respectfully submitted that this factor weighs in favor of granting relief from the automatic stay.

## 12. THE IMPACT OF THE STAY ON THE PARTIES AND THE "BALANCE OF HURT."

Mr. Clark suffered catastrophic injuries and is entitled to compensatory damages. Mr. Clark also suffered the loss of earning and loss of future earning capacity. The injuries that Mr. Clark suffered as a result of the Explosion have lead Mr. Clark to incur extensive medical expenses and treatment, and will result in future medical expenses and treatment related to his injuries. Mr. Clark has suffered enough. He should not be compelled to endure further delays. Mr. Clark needs to have his claims liquidated to obtain immediate recovery from the Debtors.

It is respectfully submitted that this factor overwhelmingly weighs in favor of granting relief from the automatic stay.

## D. ALTERNATIVELY, THE COURT SHOULD ABSTAIN FROM DECIDING THE VALIDITY AND AMOUNT OF PLAINTIFF'S CLAIMS AGAINST THE DEBTORS

"Core proceedings" arising in or related to a case under Title 11 of the United States Code are generally referred to and may be heard and determined by a bankruptcy judge. *See 28 U.S.C. Section 157(a) and (b)(1)*. Pursuant to 28 U.S.C. Section 157(b)(2)(B), core proceedings include,

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;...**

Emphasis added.

Mr. Clark's claims, accordingly, are not "core proceedings" and his claims cannot be liquidated by the bankruptcy judge.

The Court may and should abstain from hearing Mr. Clark's claims. Pursuant to 28 U.S.C. Section 1334(c)(1), the Court may abstain from hearing a matter related to the Chapter 11 cases ". . . in the interest of justice, or in the interest of comity with State courts or respect for State law, . . .."

Mr. Clark's claims against the Debtors are based solely on state law and state law causes of action. The Superior Court has the jurisdiction to determine the Debtors' liability and the amount of Mr. Clark's damages. Furthermore, comity with the state court and respect for state law dictates that the Court abstain from deciding the validity and amount of Mr. Clark's claims because his claims are based solely on state law. Finally, the interest of justice demands that the Court abstain from deciding the validity and amount of Mr. Clark's claims, so that the Superior Court can conduct a jury trial.

## VI. CONCLUSION

Mr. Clark has a right to a jury trial. Factors 3, 6, 8, and 9 of the *Curtis* factors do not apply in this case. It is respectfully submitted that, in this case, factors 1, 4, 7, 10, 11, and 12 of the *Curtis* factors support the granting of the Motion. Even factors 2 and 5 of the *Curtis* factors support the granting of the Motion.

For the reasons set forth herein, it is respectfully requested that relief from the automatic stay be granted to Mr. Clark so that he can adjudicate and liquidate his claims against the Debtors and proceed to collect. In the alternative, Mr. Clark respectfully requests the Court to abstain from deciding the validity and amount of his claims against the Debtors, in favor of the Courts of the State of California.

DATED: June 15, 2020                    DOWNEY BRAND LLP

                                        By:   /s/ Jamie P. Dreher
                                              JAMIE P. DREHIS
                                              Attorneys for John Lee Clark