DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for John Lee Clark

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**DECLARATION OF JOHN DEMAS IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT THE COURTS OF THE STATE OF CALIFORNIA TO CONDUCT A JURY TRIAL AND RELATED PRETRIAL AND POST TRIAL MATTERS IN CONNECTION WITH CREDITOR, JOHN LEE CLARK'S COMPLAINT FOR DAMAGES, OR IN ALTERNATIVE, FOR ABSTENTION**<br><br>Date:    July 7, 2020<br>Time:   10:00 a.m.<br>Place:  Courtroom 17450 Golden Gate Avenue, 16th Floor San Francisco, CA<br>Judge:  Hon. Dennis Montali<br><br>Objection Deadline: July 2, 2020, 4:00 p.m. Pacific Standard Time |

    I, John Demas, do hereby declare as follows in support of the Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in California with Creditor, John Lee Clark's Complaint for Damages, or in Alternative, for Abstention (the "Motion").

    1.    I have personal knowledge of the matters set forth herein and if called upon to

Case: 19-30088    Doc# 7964-3    Filed: 06/15/20    Entered: 06/15/20 17:11:53    Page 1 of 15
1641387v1

DOWNEY BRAND LLP

1 testify, I could do so truthfully and competently, am over the age of eighteen (18), competent to testify as to these matters, and would testify consistently herewith if asked.

2. My firm Demas Law Group, P.C. and I represent plaintiff John Lee Clark in litigation that was pending against PG&E pre-petition.

3. We filed Mr. Clark's Complaint for Personal Injury and Damages with the Superior Court of the State of California, in and for the County of San Francisco, on July 10, 2018, which includes causes of action for: negligence, strict liability, negligence per se, inverse condemnation, trespass, and nuisance claims against PG&E ( the "Debtor"), arising from the explosion and fire that occurred on January 12, 2017, at real property located on 2209 South George Washington Boulevard, Yuba City, California ("Explosion"). The Complaint alleges that the Explosion was caused due to the Debtors' endemic failure to maintain certain gas distribution lines and resulted in catastrophic injuries and loss of real and personal property of Mr. Clark. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

4. The Honorable Garrett L. Wong ("Judge Wong") is presiding over the State Court Action. Judge Wong is also presiding over related cases and/or putative cases filed by other plaintiffs seeking damages arising from the same Explosion. See, e.g., Docket No.'s 7295, 7312, 7335, 7337 ("Related Cases").

5. As a result of the Explosion, Mr. Clark suffered substantial damages, including: pain and suffering, emotional distress, medical expenses, future medical expenses, loss of earning capacity, and loss of future earnings. To date, however, Mr. Clark has not received compensation for any of the damages that she suffered due to the Explosion.

6. The Complaint was served on the Debtor pre-petition, and a trial date initially set for December 9, 2019.

7. On February 1, 2019, the Debtors filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (the "Notice of Bankruptcy Filing") in the State Court Action.

8. On February 28, 2020, the Superior Court issued a Case Management Order requesting a status of the bankruptcy stay notice filed by the Debtor, with a hearing date of September 16, 2020.

9.      Given that resolution of other litigation arising out of the same Explosion, the same result should apply here. It would be an unnecessarily wasteful use of resources (both of the court and of the parties) for claims arising out of the same Explosion to be litigated in different courts.

10.     The claims and defenses asserted in the State Court Action are based on the laws of the State of California.

11.     If relief is granted it is anticipated that a trial will be set for some time in 2021 during the upcoming Case Management Conference on September 16, 2020.

12.     Mr. Clark's claims against the Debtors are based solely on state law and state law causes of action. The Superior Court has the jurisdiction to determine the Debtors' liability and the amount of Mr. Clark's damages.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2020             _____

                                      By: John Demas

# EXHIBIT 1

DEMAS LAW GROUP, P.C.
John N. Demas, Attorney at Law, SBN 161563
Brad A. Schultz, Attorney at Law, SBN 242512
701 Howe Avenue, Suite A-1
Sacramento, CA 95825
Tel: (916) 444-0100
Fax: (916) 444-8250

Attorneys for Plaintiff
JOHN LEE CLARK

ENDORSED
FILED
San Francisco County Superior Court

JUL 1 0 2018

CLERK OF THE COURT
BY: KALENE APOLONIO
Deputy Clerk

## SUPERIOR COURT OF STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHN LEE CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY; and DOES 1 through 25, inclusive,<br>Defendants. | CASE NO. CGC-18-567964<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>[Damages in Excess of $25,000.00] |

COMES NOW Plaintiff JOHN LEE CLARK (hereinafter "CLARK"), and alleges against Defendants PACIFIC GAS AND ELECTRIC COMPANY (hereinafter "PG&E"), and DOES 1 through 25, inclusive, and each of them as follows:

1.  At all times mentioned herein, Defendant PG&E was a duly organized corporation conducting business in the State of California, with its principal place of business in the County of San Francisco, State of California.

2.  At all times relevant herein, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, owned, maintained, constructed, monitored, managed, installed, operated, used, inspected, failed to inspect, repaired, failed to repair, and/or

1

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

1 controlled a natural gas transmission pipeline in Yuba City, California, located at, on, or near 2209 S. George Washington Boulevard, Yuba City, California (hereinafter "LINE").

3. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 25, inclusive, are presently unknown to Plaintiff, who therefore sues each Defendant by fictitious names, pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes and thereon alleges that the fictitiously named Defendants, and each of them, sued as DOES 1 through 25, inclusive, are in some manner legally responsible to Plaintiff for the events and happenings herein referred to, and proximately caused damages to Plaintiff as set forth herein. Plaintiff will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants, and each of them, when the same have been ascertained.

4. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, each of the Defendants, including each fictitiously named Defendant, was the partner, agent, joint venture, co-conspirator, lessor, lessee, servant, and/or employee of each of the remaining Defendants, and in doing the acts or things alleged herein were acting within the course and scope of such partnership, agency, employment, and/or other relationship stated herein, and in doing the acts herein alleged, was acting with the consent, approval, ratification, permission and/or authorization of each of the remaining Defendants.

## FIRST CAUSE OF ACTION
(Negligence)

5. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 as though fully set forth herein.

6. Plaintiff is informed and believes and thereon alleges that on or about January 12, 2017, and prior thereto, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, owned, maintained, managed, installed, used, constructed, monitored,

2

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Case: 19-30088    Doc# 7964-3    Filed: 06/15/20    Entered: 06/15/20 17:11:53    Page 6 of 15

inspected, failed to inspect, repaired, failed to repair, operated, and/or controlled the LINE.

7. At all times mentioned herein, CLARK resided at 2209 S. George Washington Boulevard, Yuba City, California. The residence was owned by CLARK and the residence contained personal property belonging to CLARK.

8. On or about January 12, 2017, and prior thereto, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, individually and/or while acting by or through their agents, employees, joint-ventures, partners, lessors, lessees, subagents, bailor, bailee, and/or co-conspirators, named or unnamed as Defendants herein, while acting within the course and scope of their employment, agency, individual capacity or other relationship, so negligently, carelessly, recklessly, and/or unlawfully owned, operated, monitored, maintained, inspected, constructed, controlled, used, and/or repaired the LINE so as to cause said LINE to leak and/or fail, resulting in an explosion and fire proximately causing the injuries and damages to Plaintiff as hereinafter described.

9. As a proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, Plaintiff has been injured in his health, strength, and activity, and has sustained grievous injury to his body and profound shock and injury to his person and nervous system, all of which injuries resulted in great mental, physical and nervous pain and suffering. Said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum as yet uncertain, within the maximum jurisdiction of the Court. Plaintiff will seek leave of court to plead and approve the nature and extent of his general damages, according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

10. As a further proximate result of the negligence, carelessness and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, Plaintiff has in the past and in the future will be required to employ physicians, surgeons, and other medical providers to examine, treat and care for said Plaintiff. The exact amount of such medical

3

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

expenses is unknown to Plaintiff, and Plaintiff will seek leave of court to plead and prove the exact amount of said expenses according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

11. As a further proximate result of the negligence, negligent entrustment, carelessness and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, Plaintiff has incurred incidental and consequential damages. Plaintiff will seek leave of court to plead and prove the exact amount of incidental and/or consequential damages according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

12. As a further proximate result of the negligence, negligent entrustment, carelessness and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, Plaintiff has been prevented from attending his usual occupation, and/or will be prevented in the future, all to his further damage to his future earning capacity in an amount unknown at this time. Plaintiff will seek leave of court to plead and prove the exact amount of lost income according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

13. As a further proximate result of the negligence, carelessness and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, Plaintiff has suffered loss to his personal and real property. Plaintiff will seek leave of court to plead and prove the amount of said damages according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

14. Plaintiff will seek prejudgment interest on all items of damage, including economic and non-economic damages. These will include, but are not limited to, past and future medical expenses, and any and all incidental and compensatory damages as permitted by law. (See Code of Civ. Proc., section 685, (a) and Civ. Code section 3291.)

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

///

4

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

## SECOND CAUSE OF ACTION
### (Strict Liability)

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16. The LINE was located near residential homes, including CLARK'S, and Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, knew that the LINE was an ultra-hazardous activity because any failure would result in serious injury or death.

17. Prior to the incident, it was known to PG&E, and DOES 1 through 25, inclusive, and each of them, that failure of a natural gas transmission pipeline is likely to result in a forceful explosion and fire. The amount of force known by Defendants to be generated by any failure, and the knowledge that any failure was highly likely to result in injury or death because the LINE was located near CLARK'S residence, made the transmission of gas through the LINE an ultra-hazardous activity.

18. Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, are strictly liable for injuries and damages sustained by CLARK resulting from a failure of the LINE.

19. As alleged herein, CLARK suffered injuries and damages as a result of Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, ultra-hazardous activity.

20. The injuries and damages suffered by CLARK are the kind to be expected as a result of the ultra-hazardous activity.

21. The ultra-hazardous activity of Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, was a substantial factor in causing the injuries and damages sustained by CLARK.

22. As a proximate result of the negligence, carelessness and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, CLARK suffered the injuries and damages hereinafter described.

5

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence Per Se)

23. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is informed and believes and thereon alleges that on or about January 12, 2017, and prior thereto, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, owned, maintained, managed, installed, inspected, failed to inspect, used, constructed, monitored, repaired, failed to repair, operated, and/or controlled the LINE.

25. At all times mentioned herein, CLARK resided at 2209 S. George Washington Boulevard, Yuba City, California. The residence was owned by CLARK and the residence contained personal property belonging to CLARK.

26. At all times mentioned herein, 49 CFR § 192.273(a) was in effect and provides the pipeline must be designed and installed so that each joint will sustain the longitudinal pullout or thrust forces caused by contraction or expansion of the piping or by anticipated external or internal loading.

27. At all times relevant herein, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them were in violation of the regulation described in Paragraph 26 above in that the LINE was not installed so that the joint involved in the incident could sustain longitudinal pullout or thrust forces caused by contraction or expansion of the piping or by anticipated external or internal loading.

28. At all times mentioned herein, 49 CFR § 192.281(a) was in effect which provides in pertinent part that a plastic pipe joint that is joined by solvent cement, adhesive, or heat fusion may not be disturbed until it has properly set.

29. At all times relevant herein, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them were in violation of the regulation described in Paragraph 28 above in that a joint located on the LINE was not properly fused together.

6

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Case: 19-30088   Doc# 7964-3   Filed: 06/15/20   Entered: 06/15/20 17:11:53   Page 10 of 15

30. As a proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 25, inclusive, and each of them, CLARK suffered the injuries and damages hereinafter described.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Inverse Condemnation)

31. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30 as though fully set forth herein.

32. On January 12, 2017, and prior thereto, CLARK was the owner of the real property/residence located at 2209 S. George Washington Boulevard, Yuba City, California.

33. Prior to, and on January 12, 2017, Defendants installed, owned, operated, used, controlled, inspected, constructed, monitored, and/or maintained natural gas line(s) near the real property/residence described in Paragraph 32 above.

34. On or about January 12, 2017, as a direct, necessary, and legal result of Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, installation, ownership, operation, use, control, and/or maintenance for a public use of natural gas line(s), Defendants' gas line(s) leaked and/or failed, resulting in an explosion and fire which damaged and/or destroyed CLARK'S real and/or personal property located at the real property/residence described in Paragraph 32 above.

35. The damage to CLARK'S property was proximately and substantially caused by Defendant's actions in that Defendant's installation, ownership, operation, use, control, and/or maintenance for a public use of natural gas line(s) was negligent and caused the explosion and fire.

36. CLARK has not received adequate compensation for the damage to and/or destruction of his property, thus constituting a taking or damaging of CLARK'S property by Defendants without just compensation.

7

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

37. As a direct and legal result of the above-described damages to CLARK'S property, including loss of use and interference with access, enjoyment, and marketability of real property, and damage/destruction of personal property, CLARK has been damaged in an amount according to proof at trial.

38. CLARK has incurred and will continue to incur attorney's fees, appraisal fees, and engineering fees and costs because of Defendant's conduct, in an amount that cannot yet be ascertained, but which are recoverable in this action pursuant to Code of Civ. Proc. § 1036.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Trespass)

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as though fully set forth herein.

40. At all times relevant herein, CLARK was the owner and lawful occupier of the real property/residence located at 2209 S. George Washington Boulevard, Yuba City, California.

41. At all times relevant herein, Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, had a duty to use reasonable care not to enter, intrude on, or invade CLARK'S real property. Defendant negligently, carelessly, and/or unlawfully installed, owned, operated, used, controlled, and/or maintained the LINE, resulting in an explosion and fire which caused injury to CLARK. The negligently caused explosion and fire causing the occupation of the land of another constitutes a trespass.

42. CLARK did not grant permission for Defendants to cause the explosion and fire to enter his property. As a direct, proximate, and substantial cause of the trespass, CLARK has suffered and will continue to suffer damages, including, but not limited to, damage to property, discomfort, annoyance, and emotional distress in an amount according to proof at trial.

8

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

43. As a further direct and proximate result of the conduct of Defendants, and each of them, CLARK seeks treble or double damages for wrongful injuries to timber, trees, or underwood on his property, as allowed under Civil Code § 3346.

44. As a further direct and proximate result of the conduct of Defendants, and each of them, CLARK seeks the reasonable cost of repair or restoration of the property to its original condition and/or loss of use damages, as allowed under Civil Code § 3334.

45. Defendants' conduct was willful and wanton, and with a conscious contempt and disdain for the disastrous consequences that Defendants knew could occur as a result of their dangerous conduct. Accordingly, Defendants acted with malice towards Plaintiff, which is an appropriate predicate fact for an award of exemplary/punitive damages in a sum according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Private Nuisance)**

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 as though fully set forth herein.

47. At all times relevant herein, CLARK was the owner and lawful occupier of the real property/residence located at 2209 S. George Washington Boulevard, Yuba City, California. CLARK had a right to occupy, enjoy, and/or use his property without interference by Defendants.

48. Defendants PG&E, and DOES 1 through 25, inclusive, and each of them, actions, conduct, omissions, negligence, and trespass resulted in an explosion and fire and a foreseeable obstruction to the free use of CLARK'S property, invaded the right of CLARK to use his property, and substantially interfered with CLARK'S use and enjoyment of his property, causing CLARK unreasonable harm and substantial actual damages constituting a nuisance pursuant to Civil Code § 3479.

49. As a direct and proximate result of Defendants' conduct, CLARK sustained loss

9

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

and damage, including, but not limited to, damage to property, discomfort, annoyance, and emotional distress, in an amount according to proof at trial.

50. As a further direct and proximate result of Defendants' conduct, CLARK seeks the reasonable cost of repair or restoration of the property to its original condition and/or loss of use damages, as allowed under Civil Code § 3334.

51. Defendants' conduct was willful and wanton, and with a conscious contempt and disdain for the disastrous consequences that Defendants knew could occur as a result of their dangerous conduct. Accordingly, Defendants acted with malice towards Plaintiff, which is an appropriate predicate fact for an award of exemplary/punitive damages in a sum according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**For Negligence, Strict Liability, Negligence Per Se, Trespass, and Nuisance:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2. Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal property;

3. Displacement expenses;

4. For general damages in excess of the minimum jurisdiction of this Court, according to proof at time of trial;

5. Damages for loss of earnings, past, present and future, according to proof at trial;

6. For past, present and future medical and incidental expenses, according to proof;

7. For incidental expenses incurred as a result of the above incident, according to proof;

8. Attorney fees, expert fees, consultant fees, and litigation costs and expenses, as allowed under Code of Civ. Proc. § 1021.9;

10

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

9. Treble or double damages for wrongful injuries to timber, trees, or underwood on Plaintiff's property, as allowed under Civil Code § 3346;

10. Punitive/exemplary damages;

11. For interest and/or prejudgment interest on all damages sought and/or incurred herein, at the legal, lawful rate;

12. For costs of suit incurred herein, and;

13. For such other and further relief as the Court may deem proper.

**For Inverse Condemnation:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;

2. Loss of the use, benefit, goodwill, and enjoyment of Plaintiff's real and/or personal property;

3. Displacement expenses;

4. All costs of suit, including attorney fees where appropriate, appraisal fees, engineering fees, and related costs;

5. Prejudgment interest according to proof; and

6. For such other further relief as the Court shall deem proper.

DATED: July 9, 2018

**DEMAS LAW GROUP, P.C.**

BY: _____
John N. Demas
Attorney for Plaintiff,
JOHN LEE CLARK

11

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES