Entered on Docket
June 16, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Stephen Karotkin (*pro hac vice*) |
| 2 | (stephen.karotkin@weil.com) |
| | Theodore E. Tsekerides (*pro hac vice*) |
| 3 | (theodore.tsekerides@weil.com) |
| | Richard W. Slack (*pro hac vice*) |
| 4 | (richard.slack@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 5 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 6 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 7 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 8 | Fax: 212 310 8007 |

Signed and Filed: June 16, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

```
 9   KELLER BENVENUTTI KIM LLP              CRAVATH, SWAINE & MOORE LLP
     Tobias S. Keller (#151445)              Paul H. Zumbro (pro hac vice)
10   (tkeller@kbkllp.com)                    (pzumbro@cravath.com)
     Jane Kim (#298192)                      Kevin J. Orsini (pro hac vice)
11   (jkim@kbkllp.com)                       (korsini@cravath.com)
     650 California Street, Suite 1900       Omid H. Nasab (pro hac vice)
12   San Francisco, CA 94108                 (onasab@cravath.com)
     Tel: 415 496 6723                       825 Eighth Avenue
13   Fax: 650 636 9251                       New York, NY 10019
                                             Tel: 212 474 1000
                                             Fax: 212 474 3700
```

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and – | **ORDER (I) APPROVING TERMS OF, AND DEBTORS' ENTRY INTO AND PERFORMANCE UNDER, AMENDED EQUITY BACKSTOP COMMITMENT DOCUMENTS AND (II) AUTHORIZING INCURRENCE, PAYMENT AND ALLOWANCE OF RELATED PREMIUMS AS ADMINISTRATIVE EXPENSE CLAIMS** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | **[Related to Docket No. 7848]** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated June 9, 2020 [Docket No. 7848] (the "**Motion**")[1], of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 105(a), 363(b), 503(b) and 507(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Approval Order, for entry of an order (i) approving the terms of, and the Debtors' entry into and performance under, the Amended Equity Backstop Commitment Documents with the Backstop Parties and (ii) authorizing the incurrence, payment and allowance of the Additional Backstop Commitment Share Premium as an administrative expense claim, all as more fully provided in the Consents and as set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found and determined that notice of the Motion is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Ziman Declaration; and a hearing to consider the Motion having been held before this Court on June 16, 2020 (the "**Hearing**"); and this Court having found that the Amended Equity Backstop Commitment Documents have been negotiated in good faith and at arms'-length between the Debtors

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the other parties to such agreements; and this Court having determined that the legal and factual bases set forth in the Motion and the Ziman Declaration and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein. Any and all objections with respect to the Motion, to the extent not withdrawn, are hereby overruled in all respects on the merits.

2. The Amended Equity Backstop Commitment Documents, each in substantially the form attached to the Motion as **Exhibits B, C and D** with the Backstop Parties, are hereby approved in their entirety. The Amended Equity Backstop Commitment Documents are valid, binding and enforceable against the Debtors.

3. The Debtors' entry into the Amended Equity Backstop Commitment Documents constitutes a reasonable exercise of the Debtors' business judgment and is hereby approved. The Debtors are authorized to perform under and implement the terms of the Amended Equity Backstop Commitment Documents and the exhibits thereto, and to negotiate, prepare, execute and deliver all documents, and to take any and all actions necessary and appropriate to implement the terms of the Amended Equity Backstop Commitment Documents and to perform all obligations thereunder on the terms and conditions set forth therein, without further notice, hearing or order of this Court.

4. The Additional Backstop Commitment Share Premium is an actual and necessary cost and expense of preserving the Debtors' estates and as such shall be treated as an allowed administrative expense of the Debtors pursuant to section 503(b) of the Bankruptcy Code with the priority set forth in section 507(a)(2) of the Bankruptcy Code, whether or not the Equity Backstop Commitments are funded, and none of the amounts

shall be discharged, modified, or otherwise affected by any chapter 11 plan of any of the Debtors, subject to and in accordance with the Consents.

5. The Debtors are authorized to pay and incur the Additional Backstop Commitment Share Premium in accordance with the terms of the Consents, without further notice, hearing, or order of this Court, as, when, and to the extent the Additional Backstop Commitment Share Premium becomes due and payable under the terms of the applicable Consent, which Additional Backstop Commitment Share Premium shall not be subject to any challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.

6. The terms and provisions of this Order shall be binding in all respects upon all parties in these chapter 11 cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code; *provided*, that the Backstop Parties shall be under no obligation to extend any financing to any chapter 7 trustee or chapter 11 trustee.

7. Subject to the terms and conditions of the Amended Equity Backstop Commitment Documents, the Debtors and the Backstop Parties may enter into any nonmaterial amendment, modification or supplement of any provision of the Amended Equity Backstop Commitment Documents, and the Debtors are authorized to enter into any such amendment, modification, supplement or waiver (and to pay any premiums and expenses, amounts, costs and other obligations in connection therewith), without further notice, hearing or order of this Court. In the case of any material amendment, modification or supplement to the Amended Equity Backstop Commitment Documents that is adverse to the Debtors (a "**Material Amendment**"), the Debtors shall provide notice (which may be provided via electronic mail or other electronic means) to the Notice Parties, each of

whom shall have five (5) calendar days from the date of receipt of such notice to object in writing to the Debtors and the Backstop Parties to such Material Amendment.  If no objections are timely received (or if the Notice Parties indicate via electronic mail that they have no objection) to a Material Amendment, the Debtors are authorized to execute such Material Amendment, which shall become effective and enforceable against the Debtors and their estates immediately upon execution.  If a Notice Party timely objects and such objection is not resolved prior to the date upon which such objection is scheduled to be heard by this Court, approval of this Court (which may be sought on an expedited basis) will be necessary to execute a Material Amendment.

8. Nothing in this Order, the Consents, the Amended Equity Backstop Commitment Letters or any other documents related to the transactions contemplated thereby shall in any way be construed or interpreted to impose or allow the imposition upon any Backstop Party of any liability for any claims arising from the post-petition activities of the Debtors in the operation of their businesses, or in connection with their restructuring efforts.

9. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect or incidental beneficiary.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with this Order and the Motion.

13. The automatic stay under section 362 of the Bankruptcy Code is hereby modified to the extent necessary to enable the Backstop Parties to perform under the Amended Equity Backstop Commitment Documents and to exercise any and all of their contractual rights thereunder.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**\*\* END OF ORDER \*\***