

Signed and Filed: June 16, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>      - and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>      Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br>Chapter 11<br>Jointly Administered |

**ORDER ON REMAINING OBJECTION OF CALIFORNIA STATE AGENCIES AND UNITED STATES OF AMERICA REGARDING PROPOSED GOVERNMENT ENTITY RELEASE**

The court has reviewed the proposed Government Entity Release ("Release") (Dkt. #7873) and the objections to the Release filed by the California State Agencies ("CSA") and joined by the United States (Dkt. #7917) (together, the "governmental agencies"). Whether the Trustee wants a "belt and suspenders" arsenal of documents to implement the Fire Victim

-1-

Trust ("FVT") or the governmental agencies stand on formality to resist signing the Release, is for another day. The documents establish that the Trustee's requirement is uncalled for under these circumstances. Accordingly, the Release will not be required from the governmental agencies[1].

The governmental agencies voluntarily agreed to a reduction and subordination of billions of dollars of potential wildfire liabilities for a variety of reasons, including avoiding dilution of or competing with the wildfire claimants who will be paid by the Trustee from the FVT.

The CSA Settlement (Dkt. #6940-2) at ¶ 3.11 "inure[s] to the benefit of the Trustee, Claims Administrator . . . ." Further, ¶ 3.4 recites that it is the "Entire Agreement", with a fairly typical integration clause. Finally, the CSA agree, in ¶ 2.2(e) to "have no role in the [FVT] administration, including, without limitation, the investment or monetization of any assets of the [FVT] or any decision relating to the individual and/or aggregate amount of the Fire Claims and punitive and exemplary damages thereon, all of which is under the sole determination of the Trustee . . . ."

//
//
//

---

[1] The court is not going to deal further with the authorized Sur-reply filed by the Ad Hoc Group of Subrogation Claim Holders (Dkt. #7944). The point made is noted and for the reasons set forth in this order, the court's decision is "narrowly tailored" and not inconsistent with the clarification made on the record on October 23, 2019. (See Dkt. #7921-1 and footnote 3.)

-2-

There is a limited remedy available to the CSA if unfortunate circumstances follow[2]. On top of all that, at ¶ 2.2(h), the CSA release the FVT.

The Trustee's proposed Release seems overly broad. First, its title, following definitions, goes beyond a general release, namely "RELEASE AND INDEMNIFICATION." Next, it calls for a recital that the signatories acknowledge certain basics about the Plan (*see* ¶ B). Finally, for some unknown reason, it has a disclaimer that the Trust is not providing tax advice.

More importantly, ¶ A does not even appear to have a carveout for intentional wrongs or gross negligence although those provisions may be lurking somewhere else in other documents.

The court is sympathetic to the Trustee who needs certainty when he undertakes and carries out payment of tens of thousands of individuals or other private entities. The court prefers to believe that he and his professionals will perform in the expected proper manner, and thus does not need state or federal agencies to release him for doing what he has been hired to do. If he had worries about a vexatious litigant or there was a real threat presented under some other scenario, the court might be more understanding. Here, United States and the CSA do not represent such a threat that the Trustee's concerns should be taken seriously.

The court will not require execution of the Release from the governmental agencies before the Trustee makes payment to

---

[2] The court presumes, but has not studied again, the parallel provision of the United States' settlement agreement.

-3-

Case: 19-30088    Doc# 7973    Filed: 06/16/20    Entered: 06/16/20 13:34:51    Page 3 of 4

them on account of the claims subject to his administration.
The court expects counsel to make sure consistent language will
be set forth as necessary in the Order Confirming Plan, the Fire
Victim Trust, the Claims Resolution Procedures or other
necessary documents.

****END OF ORDER****