XAVIER BECERRA
Attorney General of California
KAREN W. YIU
Supervising Deputy Attorney General
CARA M. PORTER
Deputy Attorney General
State Bar No. 266045
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3508
  Fax:  (415) 703-5480
  E-mail:  Cara.Porter@doj.ca.gov
*Attorneys for Creditor
California Franchise Tax Board*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>   **and**<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the Lead Case No. 19-30088 DM | Case No.  19-30088 DM<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**CALIFORNIA FRANCHISE TAX BOARD'S OBJECTIONS TO MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS [DOCKET NO. 7758]**<br><br>Hearing:    June 24, 2020<br>Time:       10:00 a.m.<br>Courtroom: 17<br>Judge      The Honorable Dennis J. Montali |

Creditor California Franchise Tax Board ("FTB") objects to the Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections ("Procedures Motion") [Docket No. 7758] on the grounds that the proposed objection procedures would relieve Debtors of providing supporting

1

evidence to their objections, potentially shift the burden of proof to FTB, and unreasonably change the service requirement.[1]

## ARGUMENT

### I. THE PROPOSED OMNIBUS CLAIM OBJECTION PROCEDURES VIOLATE NINTH CIRCUIT AUTHORITY AND BANKRUPTCY LOCAL RULE 9013-(D) BECAUSE THEY DO NOT REQUIRE DEBTORS TO SUPPORT THE OBJECTIONS WITH EVIDENCE

The proposed Omnibus Claim Objection Procedures enable Debtors to file an Omnibus Objection without having to provide supporting evidence, in violation of Ninth Circuit authority and Bankruptcy Local Rules.

First, in *Lundell v. Anchor Construction Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (underlined emphasis added), the Ninth Circuit requires an objector to support its objection to claim with sufficient evidence:

> [a] proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). . . .
>
> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." . . .
>
> To defeat the claim, the objector must come forward with sufficient <u>evidence</u> and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."

By alleviating Debtors of the requirement to present evidence, the Procedures Motion proposes a procedure that is inconsistent with *Lundell*.

Second, Bankruptcy Local Rule 9013-1(d) requires that factual contentions in support of an objection be substantiated by affidavits, declarations, or other evidence. Nonetheless, the Procedures Motion states, "the Omnibus Objections *may* be accompanied by an affidavit or declaration . . . ." Procedures Motion, ¶ 4. The Procedures Motion does not *require* an affidavit, declaration, or any other evidence in support of the Omnibus Objection. Thus, the Procedures Motion proposes a procedure that does not follow Bankruptcy Local Rule 9013-1(d).

Accordingly, Debtors must support the Omnibus Objections with supporting evidence.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as they are defined in the Procedures Motion.

**II. IF DEBTORS PRESENT SUFFICIENT EVIDENCE TO OVERCOME THE PRESUMPTIVE VALIDITY OF FTB'S CLAIMS, THE PROPOSED OMNIBUS CLAIM OBJECTION PROCEDURES NONETHELESS IMPROPERLY SHIFT THE BURDEN OF PROOF TO FTB**

If an objector presents sufficient evidence to overcome the presumptive validity of a proof of claim, then state law determines who bears the burden of proof. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 26 (2000) ("the burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it"). In the case of FTB's tax claims, that burden of proof rests with debtor. *See Consolidated Accessories Corp. v. Franchise Tax Board*, 161 Cal.App.3d 1036, 1039 (Cal. Ct. App. 1984). As stated by the United States Supreme Court, "placing the burden of proof on the taxpayer reflects . . . the vital interest of the government in acquiring its lifeblood, revenue, . . . the taxpayer's readier access to the relevant information, . . . and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute . . . ." *Raleigh*, 530 U.S. at 21.

However, the proposed Omnibus Claim Objection Procedures improperly shift the burden of proof to FTB, by requiring that any Response to include (i) a copy of **any other** documentation or evidence to the extent not included in the proof of claim on which the claimant will rely in opposing the objection and (ii) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts in support of the Response. Procedures Motion at ¶ 9(a).

To begin, this requirement precludes (or negates) the parties' ability to conduct discovery with respect to an Omnibus Objection or introduce other facts or documents in support of the Response.

Next, because Debtors need not provide evidence in support of the Omnibus Objection, the Omnibus Claim Objection Procedures would force FTB to prove up its tax claims that were deemed presumptively valid. *Lundell*, 223 F.3d at 1039; *Los Angeles International Airport Hotel Associates v. State Board of Equalization (In re Los Angeles International Airport Hotels Associates)*, 106 F.3d 1479, 1480 (9th Cir. 1997) ("Because the [tax] claim is not based upon a writing, its proof of claim is entitled to the presumptive validity attributed to it by Rule 3001(f)"); Fed. R. Bankr. P. 3001(f).

Additionally, while Bankruptcy Local Rule 9013-1(d) requires a party to support factual contentions made in support of an opposition with declarations or affidavits, the Bankruptcy Local Rules do not require that **all evidence** in response to a claim objection be filed with the response. Instead, the Bankruptcy Local Rules only provide that, if there is a factual dispute regarding a claim objection, the initial hearing on that claim objection is deemed a status conference at which the bankruptcy court will not receive evidence. B.L.R. 3007-1(b).

Finally, FTB's claims are contingent claims, with an audit ongoing as to the tax years at issue. Until the audit concludes and the liability becomes final, the amounts of Debtors' tax obligations to FTB for these tax years are not yet due and payable. Nor will FTB have the requisite documentation to submit with its Response, as the Omnibus Claim Objection Procedures mandate.

### III. THE PROCEDURES MOTION BOLDLY PROPOSES THAT DEBTORS MUST *RECEIVE* RESPONSE TO AN OMNIBUS OBJECTION BY THE DEADLINE TO BE "TIMELY"

The Omnibus Claim Objection Procedures states that a Response to an Omnibus Objection "will be deemed timely served *only if* a copy of the Response is *actually received* by counsel for the Debtors on or before the deadline to respond" to the Omnibus Objection. Procedures Motion at ¶ 9(d) (emphasis added). This proposal is unreasonable because a Claimant responding to an Omnibus Objection does not have control of whether counsel for the Debtors actually receives the Claimant's Response. Instead, a Claimant should only have to serve the Response by email or mail on counsel for the Debtors *on or before the deadline to respond*.

### CONCLUSION

Therefore, FTB respectfully requests that the Court sustain the objections to the Procedures Motion.

/ / /

/ / /

Dated: June 16, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
KAREN W. YIU
Supervising Deputy Attorney General


*/s/ Cara M. Porter*
CARA M. PORTER
Deputy Attorney General
*Attorneys for Creditor*
*California Franchise Tax Board*

# CERTIFICATE OF SERVICE

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 16, 2020, I served the attached **CALIFORNIA FRANCHISE TAX BOARD'S OBJECTIONS TO MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS [DOCKET NO. 7758]** by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING:**

| | | |
|---|---|---|
| *Counsel to Debtor* | Tobias S. Keller<br>Jane Kim<br><br>**Keller Benvenutti Kim LLP** | tkeller@kbkllp.com<br>jkim@kbkllp.com |
| *Counsel for the Shareholder Proponents* | Joshua M. Mester<br>James O. Johnston<br><br>**Jones Day** | jmester@jonesday.com<br>jjohnston@jonesday.com |
| *Counsel for the Administrative Agent* | Kristopher M. Hansen<br><br>**Stroock & Stroock & Lavan LLP** | dmohamed@stroock.com<br>mmagzamen@stroock.com<br><br>lacalendar@stroock.com<br>mmagzamen@stroock.com |
| *Counsel to the California Public Utilities Commission* | Alan W. Kornberg<br><br>**Paul, Weiss, Rifkind, Wharton & Garrison LLP** | akornberg@paulweiss.com |

| | | |
|---|---|---|
| *Office of the United States Trustee* | Timothy S. Laffredi | timothy.s.laffredi@usdoj.gov<br>patti.vargas@usdoj.gov |
| *Official Committee of Unsecured Creditors* | Dennis F. Dunne<br><br>Samuel A. Khalil<br>Thomas R. Kreller<br>**Milbank LLP** | cprice@milbank.com<br>jbrewster@milbank.com<br><br>skhalil@milbank.com<br>tkreller@milbank.com |
| *Counsel for the Official Committee of Tort Claimants* | Eric E. Sagerman<br>Cecily Ann Dumas<br><br>**Baker & Hostetler LLP** | esagerman@bakerlaw.com<br>cdumas@bakerlaw.com,<br><br>hhammonturano@bakerlaw.com |

**BY EMAIL** on **June 16, 2020** I served the above-referenced documents to the addressed:

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
stephen.karotkin@weil.com
*Counsel to Debtor*

**Jessica Liou**
Weil, Gotshal & Manges LLP
jessica.liou@weil.com
*Counsel to Debtor*

**Matthew Goren**
Weil, Gotshal & Manges LLP
matthew.goren@weil.com
*Counsel to Debtor*

**Tom Schinckel**
Weil, Gotshal & Manges LLP
tom.schinckel@weil.com
*Counsel to Debtor*

**Bruce S. Bennett**
Jones Day
bbennett@jonesday.com
*Counsel for the Shareholder Proponents*

**BY MAIL** on **June 16, 2020** I served the above-referenced documents to the addressed:

**PG&E Corporation and Pacific Gas and Electric Company**
Attn: Janet Loduca, Esq.
PO Box 770000 77 Beale Street
San Francisco, CA 94105
*Debtor*

**Erez E. Gilad**
Stroock & Stroock & Lavan LLP
180 Maiden Ln.
New York, NY 10038-4982
*Counsel for the Administrative Agent*

**Matthew G. Garofalo**
Stroock & Stroock & Lavan LLP
180 Maiden Ln.
New York, NY 10038-4982
*Counsel for the Administrative Agent*

**Eli J. Vonnegut**
Davis Polk and Wardwell LLP
450 Lexington Ave.
New York, NY 10017
*Counsel for the Collateral Agent*

**David Schiff**
Davis Polk and Wardwell LLP
450 Lexington Ave.
New York, NY 10017
*Counsel for the Collateral Agent*

**Timothy Graulich**
Davis Polk and Wardwell LLP
450 Lexington Ave.
New York, NY 10017
*Counsel for the Collateral Agent*

**Brian S. Hermann**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
*Counsel to the California Public Utilities Commission*

| | |
|---|---|
| 1 | **Walter R. Rieman**<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>*Counsel to the California Public Utilities Commission* |
| 2 | |
| 3 | |
| 4 | |
| 5 | **Sean A. Mitchell**<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>*Counsel to the California Public Utilities Commission* |
| 6 | |
| 7 | |
| 8 | **Neal P. Donnelly**<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>*Counsel to the California Public Utilities Commission* |
| 9 | |
| 10 | |
| 11 | |
| 12 | **Office of the United States Trustee**<br>James L. Snyder<br>450 Golden Gate Avenue, 5th Floor Suite #05-0153<br>San Francisco, CA 94102 |
| 13 | |
| 14 | |
| 15 | **U.S. Nuclear Regulatory Commission**<br>Washington, DC 20555-0001<br>Attn: General Counsel |
| 16 | |
| 17 | **U.S. Department of Justice**<br>Attn: Danielle A. Pham<br>1100 L Street, NW, Room 7106<br>Washington DC 20005<br>*Counsel for United States on behalf of the Federal Energy Regulatory Commission* |
| 18 | |
| 19 | |
| 20 | **Paul S. Aronzon**<br>Milbank LLP<br>2029 Century Park East, 33rd Fl.<br>Los Angeles, CA 90067<br>*Official Committee of Unsecured Creditors* |
| 21 | |
| 22 | |
| 23 | |
| 24 | I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct that this declaration was executed on June 16, 2020, at San Francisco, California. |
| 25 | |

| Taryn Lovett | */s/ Taryn Lovett* |
|---|---|
| Declarant | Signature |

SF2019200277
42231393.docx

9

FTB's Objections to Motion for Order Approving Claims Objection Procedures (Case No. 19-30088 DM)

Case: 19-30088   Doc# 7975   Filed: 06/16/20   Entered: 06/16/20 14:46:08   Page 9 of 9