CHRISTOPHER W. WOOD, SBN 193955
LARRY Q. PHAN, SBN 284561
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone:     (916) 379-3500
Facsimile:     (916) 379-3599

ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone:     (916) 641-2288
Facsimile:     (916) 244-0989

Attorneys for the Creditors, Ravin Skondin and Daniel Franklin.

THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case Nos.  19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | **STIPULATION RESOLVING OBJECTIONS TO CONFIRMATION OF DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION, DATED MARCH 16, 2020, FILED BY RAVIN SKONDIN AND DANIEL FRANKLIN; AND FOR RELIEF FROM THE AUTOMATIC STAY** |
| **In re:** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| | RELATED DOCKET NOS.: 7295, 7312, 7335, 7337, and 7764 |
| *\* All papers shall be filed in the lead case, No. 19-30088(DM)* | |

WEIL:\97514070\2\67615.0014

This stipulation ("Stipulation") is entered into by and amongst (i) PG&E Corporation ("HoldCo") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors in possession (collectively the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), (ii) creditor Ravin Skondin ("Ms. Skondin"), an individual, and (iii) creditor Daniel Franklin, an individual ("Mr. Franklin", and collectively with Ms. Skondin, the "Objecting Parties"). The Debtors and the Objecting Parties shall hereinafter collectively be referred to as the "Parties." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 25, 2018, Ms. Skondin, by and through Dreyer Babich Buccola Wood Campora ("Dreyer Babich"), filed a "Complaint for Damages" against the Debtors in the Superior Court of the State of California, in and for the County of San Francisco ("Superior Court"), which was assigned case number CGC-18-570858 (the "Skondin State Court Action").

B. On July 7, 2017, Mr. Franklin, by and through Dreyer Babich, filed a "Complaint for Personal Injuries" against the Utility and others in the Superior Court, which was assigned case number CGC-17-559986 (the "Franklin State Court Action").

C. On January 29, 2019, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), initiating the Chapter 11 Cases which are pending before the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "Bankruptcy Court").

D. Since the commencement of the Chapter 11 Cases, the Skondin State Court Action and the Franklin State Court Action have been stayed against the Debtors pursuant to the automatic stay under section 362 of the Bankruptcy Code (the "Automatic Stay").

E. On September 25, 2019, Ms. Skondin timely filed Proofs of Claim against the Debtors in these Chapter 11 Cases, based on the claims asserted in the Skondin State Court Action (the "Skondin Proofs of Claim"): (1) Proof of Claim No. 9825 against Holdco, and (2) Proof of Claim No. 9819 against the Utility. On October 7, 2019, Ms. Skondin filed Proof of Claim No. 17172 against HoldCo, which amended Proof of Claim No. 9825 (the "Skondin Amended

WEIL:\97514070\2\67615.0014

HoldCo Proof of Claim"), and Proof of Claim No. 17143 against the Utility, which amended Proof of Claim No. 9819 (the "Skondin Amended Utility Proof of Claim", and collectively with Skondin Amended HoldCo Proof of Claim, the "Skondin Amended Proofs of Claim").

F.   On September 25, 2019, Mr. Franklin timely filed a Proof of Claim in these Chapter 11 Cases against the Utility based on the claims asserted in the Franklin State Court Action, Proof of Claim No. 9829 (the "Franklin Proof of Claim"). On October 7, 2019, Mr. Franklin filed Proof of Claim No. 17096 against the Utility, which amended the Franklin Proof of Claim (the "Franklin Amended Proof of Claim").

G.   On March 16, 2020, the Debtors filed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated March 16, 2020 [Dkt, No. 6320] (as it may be amended, modified or supplemented from time to time, and together with any exhibits or schedules thereto, the "Plan").

H.   On May 15, 2020, Ms. Skondin filed a timely Objection to confirmation of the Plan [Dkt. No. 7295] (the "Objection"). On May 15, 2020, Mr. Franklin filed a Joinder in the Objection [Dkt. No. 7312] (the "Joinder").

I.   Ms. Skondin and Mr. Franklin also filed joinders in objections to Plan confirmation filed by other creditors and interested parties [Dkt. Nos. 7335 and 7337] (such joinders, collectively with the Objection and the Joinder, the "Objections").

J.   During the session of Confirmation hearing held June 3, 2020, Bankruptcy Judge Dennis Montali directed counsel for the Debtors to contact counsel for the Objecting Parties to attempt and resolve the Objecting Parties' remaining objections to confirmation of the Plan.

K.   On June 3, 2020, Ms. Skondin filed a Motion for Relief from the Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with Creditor, Ravin Skondin's Complaint for Damages, or in Alternative, for Abstention [Dkt. No. 7764] (the "Skondin Stay Relief Motion"), along with supporting documents [Dkt Nos. 7765, 7767, 7768, and 7769]. The Skondin Stay Relief Motion is scheduled to be heard on June 24, 2020, at 10:00 A.M.

WEIL:\97514070\2\67615.0014

L. Mr. Franklin is in the process of preparing his motion for relief from Automatic Stay.

M. Counsel for the Debtors and counsel for the Objecting Parties spoke on June 4, 2020, regarding the Objections, and have agreed to resolve the Objections and the Skondin Stay Relief Motion as set forth herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED COUNSEL, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an Order by this Court approving it (the "Stipulation Effective Date"), and resolves the Objections; and

2. The Skondin Amended HoldCo Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Ms. Skondin against HoldCo. The Skondin Amended Utility Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Ms. Skondin against the Utility. The Skondin Amended Proofs of Claim shall be resolved as provided herein; and

3. The Franklin Amended Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Mr. Franklin against the Debtors, and shall be resolved as provided herein; and

4. On the Stipulation Effective Date, the Automatic Stay shall be modified, effective immediately, to allow Ms. Skondin to have her claims against the Debtors, as set forth in the Skondin Amended Proofs of Claim, heard, determined, and liquidated by the Superior Court in the Skondin State Court Action, including without limitation the completion of pretrial proceedings, trial, post-trial motions, and any appellate proceedings in the Skondin State Court Action, but not to permit enforcement of any judgment, which shall be satisfied under the Plan pursuant to the treatment provided for general unsecured creditors in the Plan; and

5. To the extent the prosecution of the Skondin State Court Action results in a liquidated settlement or final judgment, the Skondin Amended Utility Proof of Claim and/or the Skondin Amended HoldCo Proof of Claim shall be allowed against the Utility and/or HoldCo,

respectively, as the case may be, in the amount of any such settlement or judgment, and shall be paid in full as a general unsecured claim pursuant to the treatment provided for Class 4A and/or 4B of the Plan (provided, however, should both of the Skondin Amended Proofs of Claim be allowed, Ms. Skondin's recovery must be consistent with the rule against double recovery for the same tort, *see Carr v. Cove*, 33 Cal. App. 3d 851, 854 (Cal. Ct. App. 1973)); and

6. On the Stipulation Effective Date, the Automatic Stay shall be modified, effective immediately, to allow Mr. Franklin to have his claims against the Debtors, as set forth in the Franklin Amended Proof of Claim, heard, determined, and liquidated by the Superior Court in the Franklin State Court Action, including without limitation the completion of pretrial proceedings, trial, post-trial motions, and any appellate proceedings in the Franklin State Court Action, but not to permit enforcement of any judgment, which shall be satisfied under the Plan pursuant to the treatment provided for general unsecured creditors in the Plan; and

7. To the extent the prosecution of the Franklin State Court Action results in a liquidated settlement or final judgment, the Franklin Amended Proof of Claim shall be allowed against the Utility in the amount of any such settlement or judgment, and shall be paid in full as a general unsecured claim pursuant to the treatment provided for Class 4B of the Plan; and

8. This Stipulation shall survive confirmation of the Plan; the Effective Date of the Plan; and if the Plan becomes null and void pursuant to Section 9.5 of the Plan; and

9. On the Stipulation Effective Date, the Objections (Dkt. Nos. 7295, 7312, 7335, and 7337) shall be deemed withdrawn and resolved (provided however if the Plan is not confirmed or becomes null and void pursuant to Section 9.5 of the Plan and another plan is filed, the Objecting Parties reserve the right to object to any such plan and disclosure statement pertinent thereto); and

10. On the Stipulation Effective Date, the Skondin Stay Relief Motion (Dkt. No. 7764) shall be deemed resolved, and the hearing regarding the Skondin Stay Relief Motion shall be vacated; and

11. Upon the occurrence of the Stipulation Effective Date, Mr. Franklin shall refrain from filing a motion for relief from the Automatic Stay, as being unnecessary; and

12. On the Stipulation Effective Date, Prime Clerk LLC, the court appointed claims and noticing agent in these Chapter 11 Cases, is authorized and directed to update the official claims register in these Chapter 11 Cases to reflect the terms of this Stipulation.

13. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine any and all disputes or controversies arising from or related to the implementation, interpretation, or enforcement of this Stipulation or the Order approving this Stipulation; and

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

WEIL:\97514070\2\67615.0014

Case: 19-30088    Doc# 7986    Filed: 06/17/20    Entered: 06/17/20 11:58:22    Page 6 of 7

14. Each attorney whose signature appears below represents and warrants that he or she is authorized to enter into the instant Stipulation on behalf of his or her respective client; and

15. Lodged concurrently herewith is a proposed Order. It is respectfully requested that the Court enter said proposed Order approving the instant Stipulation.

Dated: June 17, 2020

Respectfully submitted,

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: _____
Larry Q. Phan, Attorneys for
Ravin Skondin and Daniel Franklin

**PINO & ASSOCIATES**

By: _____
Estela O. Pino, Attorneys for Ravin Skondin
and Daniel Franklin.

Dated: June 17, 2020

**KELLER BENVENUTTI KIM LLP**

By: _____
Peter J. Benvenutti, Attorneys
for Debtors and Debtors in Possession.

**WEIL, GOTSHAL & MANGES LLP**

By: _____
Matthew Goren, Attorneys for
Debtors and Debtors in Possession.

WEIL:\97514070\2\67615.0014