| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Proposed Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*<br><br><br>*Additional counsel listed on Exhibit A* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                            Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br><br><br><br>**SECURITIES LEAD PLAINTIFF'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF THE OMNIBUS OBJECTIONS**<br>**[ECF NO. 7758]**<br><br>Date:      June 24, 2020<br>Time:     10:00 AM (Pacific Time)<br>Before:   (Telephonic Appearances Only)<br>             United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, California 94102<br><br>**Objection Deadline:** June 17, 2020, 4:00 PM (PT) |

Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**" or "**PERA**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "**Class**"),[1] together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (together with Securities Lead Plaintiff "**Securities Plaintiffs**"), hereby submit this limited objection (the "**Limited Objection**") to the motion (the "**Motion**") [ECF. No. 7758] of the above-captioned debtors in possession (the "**Debtors**") for entry of an order approving procedures (the "**Claim Objection Procedures**") for objecting to multiple proofs of claim in a single filed objection document. Subject in all respects to the reservation of rights set forth in Exhibit B annexed hereto, Securities Lead Plaintiff respectfully states as follows:

## BACKGROUND

**A.  The Extended Bar Date and Rescission or Damage Claims**

The Securities Plaintiffs timely filed individual and class proofs of claim against each of the Debtors on October 21, 2019, asserting claims based upon the allegations in the TAC (collectively, the "**Rescission or Damage Claims**").

On February 27, 2020, the Court entered an Order extending the bar date to April 16, 2020 solely for holders of Rescission or Damage Claims to file individual proofs of claim (the

---

[1]  On February 27, 2019, the Court entered an order denying Securities Plaintiffs' motion to apply Bankruptcy Rule 7023 to the claims Securities Lead Plaintiff filed on behalf of the Class. Securities Plaintiffs timely appealed from that order and their appeal remains pending in the District Court. Nevertheless, the issues raised in this Limited Objection apply equally to Securities Plaintiffs individually, who also timely filed individual proofs of claim in these Chapter 11 Cases and to the members of the Class. In addition, as the court-appointed lead plaintiff in the Securities Litigation, Lead Plaintiff remains a fiduciary for Class members. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 723-24 (7th Cir. 2014) ("Class representatives are . . . fiduciaries of the class members. . . ."); *Schick v. Berg*, 2004 WL 856298, *4 (S.D.N.Y. Apr. 20, 2004) ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint."); *cf. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

"**Extended Bar Date**"). As of the date of this Limited Objection, the Debtors' claims agent has processed at least 6,952 proofs of claim asserting Rescission or Damage Claims, exceeding $6.5 billion.[2] However, those figures are likely significantly understated because (a) several authorized agents filed bulk proofs of claim consolidating the claims of numerous individual clients (adding hundreds, possibly thousands, of claims to the 6,952), and (b) numerous claimants, including large institutional investors, submitted unliquidated proofs of claim (not included in the $6.5 billion).

### B. The Motion and the Proposed Claim Objection Procedures

Through the Motion, the Debtors seek to have this Court enter an Order relieving the Debtors of certain of their obligations under Bankruptcy Rule 3007 and to impose additional requirements on Claimants[3] beyond those prescribed by the Bankruptcy Rules.

## LIMITED OBJECTION

The proposed Claim Objection Procedures are deficient because they: (a) do not require the Debtors to state the legal and/or factual grounds for Omnibus Objections; (b) impermissibly require Claimants to submit a declaration in support of a Response; and (c) require that Responses be served on Debtors' counsel.

### A. The Debtors Must State the Basis for Each Omnibus Objection.

Through the Motion, the Debtors seek authority to object to Proofs of Claims on seven grounds that are in addition to the grounds provided for in Bankruptcy Rule 3007(d). Motion, Para. 3. Among the additional grounds upon which the Debtors seek to premise their Omnibus Objections, is that the "claims seek recovery of amounts for which the Debtors are not liable." Motion, Para. 3.c. Such a generalized and vague basis for an Omnibus Objection is improper. The Debtors should be required to provide the legal and/or factual basis for all Omnibus Objections, as required by controlling law.

A proof of claim is deemed allowed unless objected to under Bankruptcy Code § 502(a)

---

[2] *See* https://restructuring.primeclerk.com/pge/Home-ClaimInfo?RescissionorDamage=MTY=.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

and the proof of claim is considered "*prima facie* evidence of the validity and amount of the claim pursuant to Bankruptcy Rule 3001(f)". *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). "To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must do one of the following: (1) object based on legal grounds and provide a memorandum of points and authorities setting forth the legal basis for the objection; or (2) object based on a factual ground and provide sufficient evidence (usually in the form of declarations under penalty of perjury) to create triable issues of fact." *In re Liberty Asset Mgmt. Corp.*, No. 2:16-bk-13575-ER, 2019 WL 122827, at *5 (Bankr. C.D.Cal. Jan. 7, 2019); *see also In re McNemar*, No. 18-40208 CN, 2019 WL 2482866, at *1 (Bankr. N.D.Cal. May 3, 2019) ("To defeat the claim, the objector must come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegation of the proofs of claim themselves.") (internal quotations omitted).

The Debtors should not be permitted to ignore their obligations under applicable law to overcome the presumed validity of a proof claim by simply denying liability on account of the claim. Rather, the Debtors should be required to object to claims on specific legal and/or factual grounds, with appropriate legal and factual support, to attempt to rebut the presumed validity of the proof of claim. By requiring the Debtors to state the specific factual and/or legal basis for each Omnibus Objection, Claimants will be in a position to address the Debtors' arguments and provide further support for their proofs of claim.

### B.  Claimants Should Not Be Required to File a Declaration in Support of the Response

Similarly, the proposed Claim Objection Procedures would require each Claimant to submit a "declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response." Motion, Para. 9.a.v. Such a requirement is found nowhere in the Bankruptcy Code nor Bankruptcy Rules and it imposes an unnecessary burden on a Claimant, which appears intended to supply the Debtors with an additional technical ground to move for disallowance of a timely filed and otherwise valid claim. Imposing such a requirement upon a Claimant is completely at odds with the notion that a proof of claim is *prima facie*

evidence of a valid claim. *See Liberty*, 2019 WL 122827, at *5 ("Upon objection, a proof of claim provides some evidence as to its validity and amount and is strong enough to carry over a mere formal objection without more.") (internal quotations omitted), citing *Lundell,* 223 F.3d at 1039.

As an initial matter, each properly completed proof of claim already includes a declaration under penalty of perjury that the contents of claim are true and correct. Moreover, the Debtors seek to impose upon Claimants the burden of preparing and filing a declaration in support of a claim, while at the same time excusing the Debtors themselves from submitting a declaration in support of an Omnibus Objection. Motion, Para. 4 ("to the extent appropriate, the Omnibus Objections *may be* accompanied by an affidavit or declaration….")(emphasis added). Finally, requiring a claimant to file a declaration with a Response is unnecessary because, pursuant to Local Bankruptcy Rule 3007-1(b), the initial hearing to consider a claim objection is deemed a status conference, with no evidence taken.[4] Accordingly, any evidence a claimant may seek to present to the Court through declaration can be submitted following the initial status conference as the claim reconciliation process moves forward and should not be required to be included with a Response.

Any Order approving the proposed Claim Objection Procedures should remove the requirement that the Response include a declaration by the Claimant.

C. **Claimants Should Not Be Required to Serve a Copy of the Response on Counsel for the Debtors**

The proposed Claim Objection Procedures provides that a Response is only deemed timely filed if the Response is: (i) actually received by the Court on or before the deadline to respond; **and** (ii) a copy of the Response is actually received by counsel for the Debtors on or before the deadline to respond. Motion, Para. 9. Given that counsel for the Debtors automatically receive instant notifications of all documents filed on the docket through the Court's electronic filing system, the proposed independent requirement that all Claimants also

---

[4] Local Bankruptcy Rule 3007-1(b) provides: "Where a factual dispute is involved, the initial hearing on an objection shall be deemed a status conference at which the Court will not receive evidence. Where the objection involves only a matter of law, the matter may be argued at the initial hearing. Any notice of hearing on a claim objection shall so state."

timely serve a copy of the Response on Debtors' counsel prior to the response deadline is unnecessary and unfairly provides the Debtors with another potential technical basis for seeking to disallow an otherwise valid claim. Accordingly, the proposed requirement that a copy of any Response must be served on Debtors' counsel should be removed from any Order approving the proposed Claim Objection Procedures.

[ *signature page follows* ]

## CONCLUSION

For all of the foregoing reasons, the Motion should be granted only if any Order granting the Motion addresses the objections set forth above.

Dated: June 17, 2020

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: _/s/ Randy Michelson_
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

# EXHIBIT A
## COUNSEL

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone 973-597-2500
Facsimile 973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone 415-512-8600
Facsimile 415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone 212-907-0700
tdubbs@labaton.com
lgottlieb@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

*Lead Counsel to Lead Plaintiff and the Proposed Class*

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone 415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone 619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone 313-578-1200
tmichaud@vmtlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone 415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT B
# RESERVATION OF RIGHTS

This Limited Objection and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

a. constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

b. constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

c. waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, (a) reserves all rights with respect to any attempt by the Debtors and/or the Non-Debtor Defendants to (i) transfer venue of the Securities Litigation to this Court or (ii) otherwise seek any order of this Court adjudicating, releasing, waiving, enjoining, or otherwise impacting the claims of Lead Plaintiff and the Class or any member thereof against any Non-Debtor Defendants now or hereafter named in the Securities Litigation, and (b) does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.