Mary H. Kim (No. 326497)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104
Telephone:    415.262.4500
Facsimile:    415.262.4555
mary.kim@dechert.com

Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone:    212.698.3500
Facsimile:    212.698.3599
allan.brilliant@dechert.com
shmuel.vasser@dechert.com
alaina.heine@dechert.com

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION and PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐    Affects PG&E Corporation<br>☐    Affects Pacific Gas and Electric Company<br>x    Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>Jointly Administered<br><br>**JOINDER TO THE CALIFORNIA STATE AGENCIES' OBJECTION TO MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS [DOCKET NO. 7758]**<br><br>**Hearing Date and Time**: June 24, 2020 at 10:00 a.m. (PT)<br>**Hearing Location**: 450 Golden Gate Ave., San Francisco, CA, Courtroom 17<br>**Judge**: Hon. Dennis Montali<br>**Related Docket Nos**: 7758, 7985 |

State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries (collectively, "State Farm"), as creditors and parties in interest in the above-captioned chapter 11 cases of Pacific Gas and Electric Company (the "Utility") and PG&E Corporation ("PG&E" and, together with the Utility, the "Debtors"), by and through its undersigned counsel, hereby file this objection (the "Joinder") to the *California State Agencies' Objection to Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [ECF No. 7985] (the "California State Agencies Objection"). In support of the Joinder, State Farm respectfully sets forth and represents as follows:

**JOINDER**

State Farm is one of the largest property and casualty insurers in the State of California and filed a number of non-wildfire claims against the Debtors in compliance with the *Order Pursuant to 11 U.S.C. Section 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(C)(3), 5005, and 9007, and L.B.R. 3003-1(I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, And (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [ECF No. 2806].

**Background**

On June 3, 2020, the Debtors filed the *Motion for Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [ECF No. 7758] (the "Procedures Motion")[1].

On June 17, 2020, the California State Agencies (as defined in the California State

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as the Procedures Motion.

Dechert LLP
Attorneys At Law
San Francisco

2
JOINDER

Case: 19-30088    Doc# 7996    Filed: 06/17/20    Entered: 06/17/20 15:58:20    Page 2 of 4

26788723

19-30088 (DM)

Agencies Objection) filed the California State Agencies Objection raising a number of concerns with the procedures outlined in the Procedures Motion.

**Joinder**

In addition to its individual objection, State Farm joins points 1-3 of the California State Agencies Objection, which, for purposes of completeness argue as follows:

1. The Proposed Omnibus Objection Procedures require that, in addition to a concise statement setting forth the reasons why the bankruptcy court should not sustain the objection (including the specific factual and legal bases upon which the claimant will rely in opposing the objection), the Response must include (i) a copy of any other documentation or evidence to the extent not included in the proof of claim on which the claimant will rely in opposing the objection and (ii) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts in support of the Response. Procedures Motion at ¶ 9(a).

2. Bankruptcy Local Rule 9013-1(d) requires a party to support factual contentions made in support of an opposition by declarations or affidavits. The Bankruptcy Local Rules, however, do not require that **all evidence** in response to a claim objection be filed with the response and, in fact, the Bankruptcy Local Rules provide that, if there is a factual dispute regarding a claim objection, the initial hearing on that claim objection is deemed a status conference at which the bankruptcy court will not receive evidence. B.L.R. 3007-1(b). State Farm joins the California State Agencies Objection to the extent that the failure of a Claimant to include evidence with the Response would preclude State Farm from conducting discovery with respect to an Omnibus Objection and/or introducing other facts or documents in support of the Response.

3. The Procedures Motion proposes that a Response to an Omnibus Objection "will be deemed timely served *only if* a copy of the Response is actually received by counsel for the

3
JOINDER
Case: 19-30088    Doc# 7996    Filed: 06/17/20    Entered: 06/17/20 15:58:20    Page 3 of 4
19-30088 (DM)

Debtors on or before the deadline to respond" to the Omnibus Objection. Procedures Motion at ¶ 9(d) (emphasis added). A Claimant responding to an Omnibus Objection is not in control of whether counsel for the Debtors actually receives a Response. The only requirement for serving a Response should be that the Response is served by email or mail on counsel for the Debtors on or before the deadline to respond, not that counsel for the Debtors actually receives the Response.

For the reasons stated herein, State Farm joins the California State Agencies Objection.

**RESERVATION OF RIGHTS**

State Farm reserves the right to raise further and other objections to the Debtors' Procedures Motion at the hearing as may be necessary or appropriate.

DATED: June 17, 2020

                                                                    */s/ Shmuel Vasser*
Allan S. Brilliant (*pro hac vice*)
Shmuel Vasser (*pro hac vice*)
Alaina R. Heine (*pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036

-and-

Mary H. Kim (No. 322402)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104

*Attorneys for State Farm Mutual Automobile Insurance Company and its affiliates and subsidiaries*

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
JOINDER

Case: 19-30088    Doc# 7996    Filed: 06/17/20    Entered: 06/17/20 15:58:20    Page 4 of 4

19-30088 (DM)