William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

PG&E CORPORATION,

    -and-

PACIFIC GAS AND ELECTRIC COMPANY,
                 Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

\* *All papers shall be filed in the lead case, No. 19-30088 (DM)*

Bankr. Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administrated)

***EX PARTE* MOTION OF WILLIAM B. ABRAMS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING ON WILLIAM B. ABRAMS MOTION FOR RECONSIDERATION AND RELIEF FROM THE ORDERS PURSUANT TO U.S.C. §§ 363(b) AND 105(a) AND BANKRUPTCY RULE 9024 APPROVING THE PARTIES' JOINT STIPULATION REGARDING THE REGISTRATION RIGHTS AGREEMENT AND RELATED AGREEMENTS OF THE FIRE VICTIM TRUST**

Related Documents: Dkt. 7974

William B. Abrams in the above-captioned chapter 11 case, hereby submits this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for United States District Court for the Northern District of California (the "Bankruptcy Local Rules"), for entry of an order shortening time for a hearing on Friday, June 19, 2020 at 10:00 a.m. (prevailing Pacific Time), on the "*WILLIAM B. ABRAMS MOTION FOR RECONSIDERATION AND RELIEF FROM THE ORDERS PURSUANT TO U.S.C. §§ 363(b) AND 105(a) AND BANKRUPTCY RULE 9024 APPROVING THE PARTIES' JOINT STIPULATION REGARDING THE REGISTRATION RIGHTS AGREEMENT AND RELATED AGREEMENTS OF THE FIRE VICTIM TRUST*" ("**Motion for Reconsideration**") filed contemporaneously herewith. William B. Abrams requests that any responses or objections to the Motion for Reconsideration be in writing and filed with the Court and served by 4:00 p.m. (prevailing Pacific Time) on Thursday, June 18, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. RELIEF REQUESTED FOR THE WILLIAM B. ABRAMS MOTION FOR RECONSIDERATION AND RELIEF FROM THE ORDERS PURSUANT TO U.S.C. §§ 363(b) AND 105(a) AND BANKRUPTCY RULE 9024

I am requesting that the court reconsider the order approving the stipulation regarding the registration rights agreement and related agreements of the fire victim trust. I will demonstrate how the Registration Rights Agreement and associated stipulation are in violation of bankruptcy law. **There is new evidence that the court did not have the time to consider** given the rushed process that demonstrates very specifically how this agreement and associated valuation formula have served to ensure unjust outcomes and undermine the feasibility of the Debtors' plan of reorganization.

I will demonstrate how the victims' registration rights agreement is being used as a tool for the Debtors to benefit the exit strategy of existing shareholders and undermine the feasibility of the plan. I intend to provide specific examples of how this registration rights agreement violates U.S. Bankruptcy Code Section 1129(a)(8) given that it is markedly unfair and inequitable. Additionally, I will demonstrate how the registration rights agreement taken together with related documents and shareholder deals has served to impair victim claimants in violation of section 1129(b).

### III. SHORTENING TIME FOR HEARING ON THE MOTION FOR RECONSIDERATION IS WARRANTED

The documents that provide evidence of these violations have largely been kept away from the court for consideration. Given that the registration rights agreement and related documents are being represented as the pathway for over 50% of the victims' settlement, it is very important that the court take the time to understand the implications of these issues before deciding upon the Debtors' plan of reorganization. Certain core parties to this proceeding have been pushing the court to avoid contemplation and consideration of these issues which has led to the same day issuance of the registration rights agreement, stipulation filed before this court and order to approve. This lack of due process consideration on a critical component of the plan to the detriment of victims should not be overlooked.

Whatever limited consideration occurred behind closed doors in mediation without sunlight and transparency is certainly insufficient for the purposes of evaluating the agreements that are now on the table. The fact that the Official Tort Claimants Committee indicated that they were at an impasse and unable to disclose only days before the registration rights agreement was unveiled and approved should not be overlooked as the court considers this Motion to Shorten. Indeed, the victim claimants have been heralded as a top priority by all parties in this proceeding yet when it came time to evaluate key agreements which will govern their recovery, no time was allocated for review or objections for parties outside those negotiations which I believe violates due process rights in this proceeding. I raised these specific due process objections to the court in the hearing on June 16, 2020 and was told to pursue the Motion for Reconsideration which I subsequently filed before this court on the same day.

## IV. NOTICE

Notice of this Motion to Shorten will be provided to (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to the Tort Claimants Committee; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the Office of the California Attorney General; (viii) the California Public Utilities Commission; (ix) the Nuclear Regulatory Commission; (x) the Federal Regulatory Commission; (xi) the Office of the United States Attorney for the Northern District of California; (xii) counsel for the agent under the Debtors' debtor in possession financing facility; and (xiii) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002. As a Pro Se party to this proceeding, William B. Abrams respectfully submits that this will be accomplished through email to the service list and that no further notice is required. I have filed this Motion to Shorten and the Motion for Reconsideration according to the court COVID procedures for Pro Se parties.

This Motion to Shorten is being filed in compliance with B.L.R. 9006-1 along with appropriate declaration. No other request for the relief sought herein has been made by William B. Abrams to this or any other court.

**WHEREFORE** William B. Abrams respectfully requests entry of an order granting (i) the relief requested herein and (ii) such other and further relief as the Court may deem just and proper.

Dated: June 17, 2020

Respectfully submitted,

William B. Abrams
Pro Se Claimant