| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Theodore Tsekerides (*pro hac vice*) (theodore.tsekerides@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | New York, NY 10153-0119 Tel: (212) 310-8000 Fax: (212) 310-8007 |
| 7 | |
| 8 | KELLER BENVENUTTI KIM LLP Tobias S. Keller (#151445) |
| 9 | (tkeller@kbkllp.com) Peter J. Benvenutti (#60566) |
| 10 | (pbenvenutti@kbkllp.com) Jane Kim (#298192) |
| 11 | (jkim@kbkllp.com) 650 California Street, Suite 1900 |
| 12 | San Francisco, CA 94108 Tel: (415) 496-6723 Fax: (415) 636-9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 (Lead Case) (Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **STIPULATION AND AGREEMENT FOR ORDER BETWEEN DEBTORS AND DWAYNE LITTLE RESOLVING MOTION FOR RELIEF FROM STAY, OR ALTERNATIVELY, FOR ABSTENTION** |
| Debtors. | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☑ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Related to Dkt No. 7744-45 Resolving Hearing Scheduled June 24, 2020 at 10:00 am PT |

This stipulation and agreement for order ("**Stipulation**") is entered into by PG&E Corporation ("**PG&E**") and Pacific Gas and Electric Company (the "**Utility**", and together with PG&E, the "**Debtors**"), as debtors and debtors and in possession in the above captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Dwayne Little ("**Little**"), on the other hand. The Debtors and Little are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On November 21, 2018, Little commenced a civil action against the Debtors, current Utility employees Steve Lal and Steve Stroup (Steve Lal and Steve Stroup, together, "the "**Individual Defendants**"), and Does 1-50, in the Superior Court for the Northern District of California in and for the County of Yolo (the "**State Court**"), styled as *Little vs. PG&E Corporation et al.*, Case No. CV18-2183 (the "**State Court Action**"), in order to pursue claims against the Debtors and the Individual Defendants arising out of Little's employment with Utility and the subsequent termination of such employment.

B. The Debtors filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

C. Since the Petition Date, and pursuant to section 362(a) of the title 11 of the United States Code (the "**Bankruptcy Code**"), the automatic stay has prohibited Little's prosecution of the State Court Action against the Debtors.

D. On or about January 31, 2019, the State Court issued an order staying the State Court Action in its entirety. As of the date hereof, the State Court Action remains stayed in its entirety.

E. On June 3, 2020, Little filed the *Motion for Relief from Stay, or Alternatively, for Abstention* [Dkt. No. 7744] (the "**Motion**"). The Motion seeks relief from the automatic stay to permit Little to resume prosecuting the State Court Action against the Debtors. The Motion is currently set for hearing (the "**Hearing**") on June 24, 2020. *See* Dkt. No. 7745.

F. The Debtors believe that the terms set forth herein represent a fair and reasonable resolution of the Motion and that, in view of the benefit to their estates from this Stipulation, it is in the

best interest of their estates to avoid the burden and cost that would be associated with opposing the Motion.

       G.      The Parties thus agree that, pursuant to section 362(d) of the Bankruptcy Code, it is appropriate to modify the automatic stay for the limited purposes described herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

       1.      Effective as of the later of June 24, 2020 or the date of the entry of an order approving this Stipulation (the "**Stay Modification Date**"), the automatic stay shall be modified to permit Little to prosecute the State Court Action through final judgment and any appeals thereof to liquidate his claims, but not to permit enforcement of any such judgment, which Little shall recover solely through the claims process in these Chapter 11 Cases.

       2.      The Debtors shall have at least thirty (30) days from the Stay Modification Date to respond to the operative complaint in the State Court Action.

       3.      Neither Party shall be permitted to seek or be required to respond to any discovery in the State Court Action, regardless of whether such discovery is already pending, for at least sixty (60) days from the Stay Modification Date.

       4.      Little shall dismiss the Individual Defendants, with prejudice, from the State Court Action within seven (7) days of the Stay Modification Date. Such dismissal shall not in any way be construed as a release of, or to affect any alleged liability of, the Debtors. Debtors will cooperate and use reasonable efforts to make the dismissed Individual Defendants available for their depositions at mutually convenient dates and times.

       5.      The Debtors shall not seek to remove the State Court Action from the State Court.

       6.      Upon entry of an order approving the Stipulation, the Motion shall be deemed withdrawn and the Hearing vacated.

       7.      This Stipulation shall be effective upon entry of an order by the Court approving it, notwithstanding any contrary effect of Federal Rule of Bankruptcy Procedure 4001(a)(3).

8. Except as provided in paragraphs 2 through 5 above, this Stipulation is without prejudice to any aspect of the underlying State Court Action, and nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or Little of any claims, defenses, or arguments with respect to the same.

9. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

11. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving it.

Dated: June 18, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Debtors in Possession*

Dated: June 18, 2020

DOWNEY BRAND LLP

/s/ *Jamie P. Dreher*
Jamie P. Dreher

*Attorneys for Dwayne Little*