

1  CHRISTOPHER W. WOOD, SBN 193955
LARRY Q. PHAN, SBN 284561
2  **DREYER BABICH BUCCOLA WOOD**
**CAMPORA, LLP**
3  20 Bicentennial Circle
Sacramento, CA 95826
4  Telephone:    (916) 379-3500
Facsimile:    (916) 379-3599
5

6  ESTELA O. PINO, SBN 112975
7  **PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
8  Roseville, CA 95661
Telephone:    (916) 641-2288
9  Facsimile:    (916) 244-0989

10

11  Attorneys for the Creditors, Ravin Skondin and Daniel Franklin.

Signed and Filed: June 17, 2020

_Cennis Montali_
_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

12           THE UNITED STATES BANKRUPTCY COURT
           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
13                    SAN FRANCISCO DIVISION

14

15  **In re:**                                    Case Nos.  19-30088 (DM)

16  **PG&E CORPORATION,**                          Chapter 11

17                                                **ORDER APPROVING STIPULATION**
                                                **RESOLVING OBJECTIONS TO**
18      **-and-**                                  **CONFIRMATION OF DEBTORS' AND**
                                                **SHAREHOLDER PROPONENTS' JOINT**
19  **In re:**                                    **CHAPTER 11 PLAN OF**
                                                **REORGANIZATION, DATED MARCH**
20  **PACIFIC GAS AND ELECTRIC**                  **16, 2020, FILED BY RAVIN SKONDIN**
    **COMPANY,**                                  **AND DANIEL FRANKLIN; AND FOR**
21                                                **RELIEF FROM THE AUTOMATIC**
                                                **STAY**
22              Debtors.

23  ☐  Affects PG&E Corporation
24  ☐  Affects Pacific Gas and Electric Company  RELATED DOCKET NOS.: 7295, 7312,
    ☒  Affects both Debtors                      7335, 7337, 7764, and 7986
25

26  _* All papers shall be filed in the lead case, No._
27  _19-30088(DM)_

28

WEIL:\97514769\2\67615.0014

This Court having considered the *Stipulation Resolving Objections to Confirmation Of Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization, Dated March 16, 2020, Filed By Ravin Skondin And Daniel Franklin; And for Relief From the Automatic Stay* (the "Stipulation") (Dkt. No. 7986),[1] entered into by and amongst (i) PG&E Corporation ("HoldCo") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors in possession (collectively the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), (ii) creditor Ravin Skondin ("Ms. Skondin"), an individual, and (iii) creditor Daniel Franklin, an individual ("Mr. Franklin", and collectively with Ms. Skondin, the "Objecting Parties"); and pursuant to such Stipulation and agreement by and amongst the Debtors and the Objecting Parties (collectively the "Parties"), and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      The Stipulation is approved; and

2.      The Stipulation shall be effective immediately; and

3.      The Skondin Amended HoldCo Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Ms. Skondin against HoldCo.  The Skondin Amended Utility Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Ms. Skondin against the Utility.  The Skondin Amended Proofs of Claim shall be resolved as provided herein; and

4.      The Franklin Amended Proof of Claim shall be deemed the operative Proof of Claim with respect to claims asserted by Mr. Franklin against the Debtors, and shall be resolved as provided herein; and

5.      The Automatic Stay is modified, effective immediately, to allow Ms. Skondin to have her claims against the Debtors, as set forth in the Skondin Amended Proofs of Claim, heard, determined, and liquidated by the Superior Court in the Skondin State Court Action, including

---

[1] Any capitalized terms defined in the Stipulation and not otherwise defined in this Order shall have the meaning defined in the Stipulation.

WEIL:\97514769\2\67615.0014

without limitation the completion of pretrial proceedings, trial, post-trial motions, and any appellate proceedings in the Skondin State Court Action, but not to permit enforcement of any judgment, which shall be satisfied under the Plan pursuant to the treatment provided for general unsecured creditors in the Plan; and

6.     To the extent the prosecution of the Skondin State Court Action results in a liquidated settlement or final judgment, the Skondin Amended Utility Proof of Claim and/or the Skondin Amended HoldCo Proof of Claim shall be allowed against the Utility and/or HoldCo, respectively, as the case may be, in the amount of any such settlement or judgment, and shall be paid in full as a general unsecured claim pursuant to the treatment provided for Class 4A and/or 4B of the Plan (provided, however, should both of the Skondin Amended Proofs of Claim be allowed, Ms. Skondin's recovery must be consistent with the rule against double recovery for the same tort, *see Carr v. Cove*, 33 Cal. App. 3d 851, 854 (Cal. Ct. App. 1973)); and

7.     The Automatic Stay is modified, effective immediately, to allow Mr. Franklin to have his claims against the Debtors, as set forth in the Franklin Amended Proof of Claim, heard, determined, and liquidated by the Superior Court in the Franklin State Court Action, including without limitation the completion of pretrial proceedings, trial, post-trial motions, and any appellate proceedings in the Franklin State Court Action, but not to permit enforcement of any judgment, which shall be satisfied under the Plan pursuant to the treatment provided for general unsecured creditors in the Plan; and

8.     To the extent the prosecution of the Franklin State Court Action results in a liquidated settlement or final judgment, the Franklin Amended Proof of Claim shall be allowed against the Utility in the amount of any such settlement or judgment, and shall be paid in full as a general unsecured claim pursuant to the treatment provided for Class 4B of the Plan; and

9.     The Stipulation shall survive confirmation of the Plan; the Effective Date of the Plan; and if the Plan becomes null and void pursuant to Section 9.5 of the Plan; and

10.     The Objections (Dkt. Nos. 7295, 7312, 7335, and 7337) are deemed withdrawn and resolved (provided however if the Plan is not confirmed or becomes null and void pursuant

WEIL:\97514769\2\67615.0014

to Section 9.5 of the Plan and another plan is filed, the Objecting Parties reserve the right to object to any such plan and disclosure statement pertinent thereto); and

11. The Skondin Stay Relief Motion (Dkt. No. 7764) is deemed resolved, and the hearing regarding the Skondin Stay Relief Motion is vacated; and

12. Mr. Franklin shall refrain from filing a motion for relief from the Automatic Stay, as being unnecessary; and

13. Prime Clerk LLC, the court appointed claims and noticing agent in these Chapter 11 Cases, is authorized and directed to update the official claims register in these Chapter 11 Cases to reflect the terms of this Stipulation; and

14. This Court retains sole and exclusive jurisdiction to hear and determine any and all disputes or controversies arising from or related to the implementation, interpretation, or enforcement of the Stipulation and/or this Order.

* * * END OF ORDER * * *

Approved as to form and content:

Dated: June 17, 2020                                    **KELLER BENVENUTTI KIM LLP**

By: _/s/ Peter J. Benvenutti_
Peter J. Benvenutti, Attorneys
for Debtors and Debtors in Possession

**WEIL, GOTSHAL & MANGES LLP**

By: _/s/ Mathew Goren_
Mathew Goren, Attorneys
for Debtors and Debtors in Possession.

WEIL:\97514769\2\67615.0014