Paul R. Glassman (SBN 76536)
STRADLING YOCCA CARLSON & RAUTH, P.C.
10100 N. Santa Monica Boulevard, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
Email: pglassman@sycr.com

Mia S. Brown (SBN 242268)
General Counsel
SOUTH SAN JOAQUIN IRRIGATION DISTRICT
11011 E. Highway 120
Manteca, CA 95336
Telephone: (209) 249-4600
Facsimile: (209) 249-4692
Email: mbrown@ssjid.com

Attorneys for Creditor and Party-In-Interest,
South San Joaquin Irrigation District

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br><br>Lead Case<br><br>Jointly Administered<br><br>**SOUTH SAN JOAQUIN IRRIGATION DISTRICT'S REQUEST FOR MODIFICATION OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION AND REQUEST TO BE HEARD**<br><br>[Relates to Dkt. Nos. 7581 and 7938]<br><br>Date: June 19, 2020<br>Time: 12:00 p.m.<br>Place: United States Bankruptcy Court<br>450 Golden Gate Ave., 16th Flr, Crt. 17<br>San Francisco, CA<br>Judge: Hon. Dennis Montali |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

South San Joaquin Irrigation District (the "District") respectfully requests that (a) the order confirming (the "Confirmation Order") the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization (as amended, the "Plan") include the language described below to make clear that the discharge, release, and other provisions of the Plan do not impact in any way the Eminent Domain Action and LAFCo Action, as defined in the District's objections to the Plan [Docket No. 7265], (b) allow the District's counsel to be heard on the Proposed Findings of Fact, Conclusions Of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization (the "proposed Confirmation Order")[1] at the hearing scheduled for June 19, 2020 at 12:00 p.m., and (c) modify the first sentence of Paragraph 65(a) of the proposed Confirmation Order to correctly track Section 10.13 of the Plan on Special Provisions for Governmental Units.

**A. Language Should Be Added to the Confirmation Order to Clearly Memorialize The Resolution of the Actual Controversy As to Whether the Plan Affects the Eminent Domain and LAFCo Actions (It Does Not)**

As the Court is aware, the District objected that the Plan (as originally proposed) improperly discharged and released the Eminent Domain Action and LAFCo Action (the "Actions"), so there was an actual controversy as to whether the Plan applied to the Actions specifically or other eminent domain actions and similar proceedings, which cannot be impacted by a plan of reorganization.[2] The Debtors in their reply [Dkt. 7528] stated that the Actions were not "Claims" that could be impacted by the discharge and release provision of 10.3 but did not

---

[1] The proposed Confirmation Order is Exhibit A to the Notice of Filing of Proposed Findings of Fact, Conclusions Of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization [Dkt. No. 7581, which amended Dkt. No. 7938].

[2] The Debtors and the District entered a stipulation [Dkt. No. 6383] for relief from stay ("Stipulation"), which (after approval by this Court's order [Dkt. No. 6790]) among other things reserved the parties' rights "to assert any argument or take any position in connection with any Proposed Plan or its confirmation or the effect of any provisions of any Confirmed Plan."

-1-

address the other provisions in the Plan in dispute.[3]  However, at the confirmation hearing on June 5, 2020, counsel to the Debtors stated the "new language" that had been proposed for the Plan is "absolutely clear" and "let [counsel to the District] look at what we sent . . . and if there's still an issue, we can address it later." *See*, *e.g.*, Transcript of Oral Argument Re Confirmation Hearing held on June 5, 2020 ("Transcript") at pp 21-22.  Also on the same date, in the revised chart addressing the status of objections in Exhibit A [Dkt. 7793-1] to the Debtors' Notice of Filing of Debtors' and Shareholder Proponents' Updated Objection Summary Chart [Dkt. 7793], the Debtors conceded that the Plan could not affect the Actions:

> The Eminent Domain Action and LAFCo Action, as defined in the South San Juan Irrigation District Objection, are not Claims as defined in section 101(5) of the Bankruptcy Code and, therefore, are not subject to discharge under Section 10.3 of the Plan. The Debtors have revised Section 10.13 of the Plan to include that nothing in the Plan or Confirmation Order shall discharge, release, enjoin, or otherwise bar the exercise of the power of eminent domain and ancillary related authority by a Governmental Unit.

Exhibit A at p. 16. However, although the Debtors admit that the Actions are not subject to the Plan, the proposed Confirmation Order filed by the Debtors on June 14, 2020 does not specifically address, or even mention, the resolution of this controversy.[4]  The Debtors' position appears to be that the revisions to Section 10.13 of the Plan and Section 65(a) of the proposed Confirmation Order are sufficient on this point.

The resolution of the District's actual controversy should be addressed specifically and memorialized in the Confirmation Order, so that there is a clear and unequivocal record of the resolution of this specific live controversy involving the Actions. This is consistent with the Court's statement to the Debtors' counsel in the confirmation hearing that "when you tell me that

---

[3] *See* Dkt. 7528-1 at p. 18 ("The Eminent Domain Action and LAFCo Action . . . are not Claims as defined in section 101(5) of the Bankruptcy Code and, therefore, are not subject to the release and discharge under Section 10.3 of the Plan.").

[4] This resolution is also not addressed in the Memorandum Decision – Confirmation Of Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization [Dkt. 8001], which dealt with open issues, so now is the time to address this issue.

-2-

eminent domain's resolved, that's fine, but that still means it's going to be reflected somewhere in an order." *See* Transcript of Oral Argument Re Confirmation Hearing held on June 5, 2020 at pp 21-22; Id. at p. 185, lines 2-4.[5]

Accordingly, the District requests that the Court add the following language as subsection b in Paragraph 65 of the proposed Confirmation Order:

> "The Eminent Domain Action and the LAFCo Action, as defined in the objection filed by South San Joaquin Irrigation District to the Plan [Docket No. 7265], are not Claims as defined in section 101(5) of the Bankruptcy Code and are actions to exercise the power of eminent domain and any related or ancillary power or authority of a Governmental Unit under Section 10.13(e) of the Plan; and therefore, no provision of the Plan or the Confirmation Order shall discharge, release, enjoin, waive, bar, or otherwise affect the Eminent Domain Action or the LAFCo Action."[6]

**B.    The District's Request to be Heard on the Proposed Confirmation Order**

The Memorandum Decision indicates that only certain parties will be allowed to be heard on the proposed Confirmation Order at the hearing scheduled for June 19, 2020. For the reasons discussed herein, the proposed Confirmation Order needs to be modified to address the District's objections, and the District therefore requests that the Court allow the District's counsel to be heard at that hearing.

**C.    The District's Requested Modification of Paragraph 65(a) of the Proposed Confirmation Order**

The Debtors, the District, and other parties, who objected to Section 10.13 of the Plan, agreed that the first sentence of Section 10.13 of the Plan should state "[s]olely with respect to Governmental Units, nothing in the Plan shall limit or expand the scope of discharge, release, or

---

[5] This memorialization is particularly appropriate here because there is ongoing litigation between the parties in other courts. Another court should not have to look through thousands of pages of pleadings and transcripts to understand the resolution of this controversy involving the Actions, if any question about the resolution is raised in the future.

[6] The District has asked that the District's exhibits described in its identification of exhibits [Docket No. 7383] in support of the District's objection be moved into evidence.

-3-

injunction to which the Debtors or the Reorganized Debtors are entitled under the Bankruptcy Code." However, the first sentence of Paragraph 65(a) includes an additional phrase that negates the language in the Plan by implying that Section 10.13 could be modified by the Plan or the Confirmation Order. Therefore, the first sentence of Paragraph 65(a) should be modified as follows:

> "a. Solely with respect to Governmental Units, ~~except as expressly provided in the Plan or this Confirmation Order,~~ nothing in the Plan or this Confirmation Order shall limit or expand the scope of discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under the Bankruptcy Code."[7]

The District reserves its rights with respect to the Plan, Confirmation Order, and all other matters in these cases.

DATED: June 18, 2020

STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION

By: /s/ *Paul R. Glassman*
Paul R. Glassman
Attorneys for Creditor and Party-in-Interest
South San Joaquin Irrigation District

---

[7] The District understands that other parties have requested that the Debtors make this change in Paragraph 65(a), and the District's objections to Section 8.2(e) of the Plan are being addressed by other parties.

-4-

## CERTIFICATE OF SERVICE

I hereby certify that the attached document was properly filed on June 18, 2020 with the ECF/CM system of the United States Bankruptcy Court for the Northern District of California and that a Notification of Electronic Filing of this document was sent via the ECF/CM noticing system to all ECF Registered Participants in this case.

Dated: June 18, 2020

/s/ Paul R. Glassman
Paul R. Glassman