| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** <br> Stephen Karotkin (*pro hac vice*) <br>   (stephen.karotkin@weil.com) <br> Theodore E. Tsekerides (*pro hac vice*) <br>   (theodore.tsekerides@weil.com) <br> Richard W. Slack (*pro hac vice*) <br>   (richard.slack@weil.com) <br> Jessica Liou (*pro hac vice*) <br>   (jessica.liou@weil.com) <br> Matthew Goren (*pro hac vice*) <br>   (matthew.goren@weil.com) <br> 767 Fifth Avenue <br> New York, NY 10153-0119 <br> Tel:   (212) 310-8000 <br> Fax:  (212) 310-8007 | **JONES DAY** <br> Bruce S. Bennett (SBN 105430) <br>   (bbennett@jonesday.com) <br> Joshua M. Mester (SBN 194783) <br>   (jmester@jonesday.com) <br> James O. Johnston (SBN 167330) <br>   (jjohnston@jonesday.com) <br> 555 South Flower Street <br> Fiftieth Floor <br> Los Angeles, CA 90071-2300 <br> Tel:   (213) 489-3939 <br> Fax:  (213) 243-2539 <br><br> *Attorneys for Shareholder Proponents* |

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (SBN 151445)
  (tkeller@kbkllp.com)
Jane Kim (SBN 298192)
  (jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:  (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: <br><br> PG&E CORPORATION <br><br>     - and - <br><br> PACIFIC GAS AND ELECTRIC COMPANY, <br><br><br>                Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **PLAN PROPONENTS' JOINT SUBMISSION OF AMENDED PLAN AND CONFIRMATION ORDER LANGUAGE PARTIALLY RESOLVING CONFIRMATION OBJECTION OF THE PUBLIC EMPLOYEE RETIREMENT ASSOCIATION OF NEW MEXICO** <br><br> Related Docket No: 7296 |

As the Court is aware, the confirmation objection filed by the Public Employee Retirement Association of New Mexico ("PERA") and other entities [Docket No. 7296] (the "PERA Objection") raised a number of issues, three of which were the subject of mediation between the Plan Proponents and PERA: (1) an objection to the Plan's formula for calculating the number of shares a holder of an Allowed HoldCo Rescission or Damage Claim will receive; (2) an objection to the formula's inclusion of a deduction for insurance received by the holder of an Allowed HoldCo Rescission or Damage Claim; and (3) an objection to the scope of the injunction set forth in Section 10.6 of the Plan.[1]

With the assistance of Judge Randall Newsome, the Plan Proponents have agreed on amendments to the Plan and proposed Confirmation Order that resolve issues (1) and (3). Specifically, the non-bracketed amendments to the Plan and Confirmation Order attached as *Exhibit A* resolve all of PERA's confirmation objections other than the issue of the insurance deduction argued at pages 13-16 of the PERA Objection and at pages 63-66 of the Plan Proponents Confirmation Brief [Docket No. 7528]. PERA has agreed to withdraw its confirmation objection on all issues other than the insurance deduction issue.

The bracketed language of *Exhibit A* sets forth the insurance deduction proposed by the Plan Proponents. It provides for a dollar-for-dollar deduction of "any cash payments received from an Insurance Policy (other than cash payments received from a Side A Policy) on account of all or any portion of an Allowed HoldCo Rescission or Damage Claim," and implements a mechanism for allocating insurance payments among the different portions of Allowed HoldCo Rescission or Damage Claims relating to four separate periods in which claimants purchased common stock.

This language implements the agreement made by the Plan Proponents on the record at the hearing on June 8, 2020, to remove "Side A" insurance from the insurance deduction. As the Court noted at that hearing, this agreement is "the end of the story on that issue."

---

[1] Capitalized terms not defined in this Brief have the meanings given in the *Debtors' And Shareholder Proponents' Joint Chapter 11 Plan Of Reorganization Dated May 22, 2020* [Docket No. 7521] (the "Plan").

Case: 19-30088    Doc# 8016    Filed: 06/18/20    Entered: 06/18/20 19:30:30    Page 2 of 4

MR. JOHNSTON: Your Honor, we are prepared to concede that any payment from the Side A coverage should not be deducted from the claim amount.

THE COURT: Well, I mean, that's the end of the story on that issue, isn't it? . . .

THE COURT: [W]e're on the same page. . . I appreciate that you did it, you confirmed it, cleared it. I thought through it a lot since their argument and I couldn't reach my – any other conclusion, and you made my life easier by conceding the point.

Tr. June 8, 2020 at 152:8-12 and 152:25-153:1-5.

Notwithstanding the Court's statements, PERA insists that the deduction be further limited to "an amount necessary to avoid any holder of an Allowed Class 10A-II claim recovering more than 100% of the dollar amount of its Allowed HoldCo Rescission or Damage Claim due to receipt of payments, directly or indirectly, from the proceeds of Side B of an Insurance Policy actually paid to such Allowed Claim holder on behalf of the Debtors."[2] This simply restates the argument PERA made in its Objection and during oral argument. Under PERA's formulation, there would be no deduction when an insurance payment is made in respect of an Allowed HoldCo Rescission or Damage Claim *even when the insurance proceeds come from an insurance policy that provides coverage to the Debtors (and therefore is property of the estate)*. As a practical matter, PERA's formulation results in no insurance deduction at all, because once an Allowed HoldCo Rescission or Damage Claim is paid in full from insurance there will no need to calculate the number of shares of common stock to be distributed in respect of such Claim – by definition, the Claim will have been satisfied and discharged via payment in full in cash from insurance.

For all the reasons set forth in the Plan Proponents' Confirmation Brief (see pages 65-68) and at oral argument, PERA's proposal would lead to improper double payment from estate assets (insurance and new common stock). It appears that the Court agrees. Tr. June 8, 2020 at 151:24-152:7 ("if insurance is property of the estate, this is all a complete red herring because the only way you ever have to worry about someone being paid from some other source is when you

---

[2] PERA intends to submit its proposed insurance deduction language and issue framing by separate filing. The Plan Proponents reserve the right to respond to that filing.

- 2 -

Case: 19-30088    Doc# 8016    Filed: 06/18/20    Entered: 06/18/20 19:30:30    Page 3 of 4

wiped the entire insurance tally B and C, and left the debtor insolvent because you . . . never have to tap the insurance funds that protects non-debtors").

      The Plan Proponents therefore request that the Court approve the amended Plan and Confirmation Order language on *Exhibit A*.

Dated: June 18, 2020                              WEIL, GOTSHAL & MANGES LLP
                                                    KELLER BENVENUTTI KIM LLP

                                                    By: /s/ *Stephen Karotkin*
                                                          Stephen Karotkin

                                                   *Attorneys for the Debtors and*
                                                   *Debtors in Possession*

                                                   JONES DAY

                                                 By: /s/ *James Johnston*
                                                          James Johnston

                                                   *Attorneys for Shareholder Proponents*