| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (415) 636-9251<br><br>*Attorneys for Debtors and Debtors in Possession* | JONES DAY<br>Bruce S. Bennett (SBN 105430)<br>(bbennett@jonesday.com)<br>Joshua M. Mester (SBN 194783)<br>(jmester@jonesday.com)<br>James O. Johnston (SBN 167330)<br>(jjohnston@jonesday.com)<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071-2300<br>Tel: 213 489 3939<br>Fax: 213 243 2539<br><br>*Attorneys for Shareholder Proponents* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**PLAN PROPONENTS' RESPONSE AND PROPOSAL WITH RESPECT TO REMAINING DISPUTES WITH CREDITORS' COMMITTEE**<br><br>**Relates to Docket No. 8001** |

The Plan Proponents hereby submit this Response and Proposal in response to the Court's directions in the *Memorandum Decision – Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization*, entered on June 17, 2020 [Docket No. 8001] (the "**Memorandum Decision**").

I.     **RESPONSE**

As directed in the Memorandum Decision, the Plan Proponents and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") have met and conferred on the two issues noted by the Court, but were not able to achieve a consensual resolution of either issue.

The following is the Plan Proponents' position and recommendation as to how these matters should be addressed in the Plan and the Confirmation Order.

    1.     *Section 8.2(e) of the Plan and Corresponding Paragraph 34(d) of the Confirmation Order.*

As the Court is aware and as reflected in the draft *Debtors' and Shareholder Proponents Joint Chapter 11 Plan of Reorganization* (the "**Plan**") and the draft Confirmation Order filed by the Plan Proponents on June 14, 2020, the Plan Proponents modified Section 8.2(e) of the Plan and Paragraph 34(d) of the Confirmation Order to provide as follows:

> Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims ~~and Causes of Action~~ against any Debtor or defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, ~~including all Claims arising under sections 503(b)(9) or 546(c) of the Bankruptcy Code, any defaults of provisions restricting the change in control or ownership interest composition, or any other bankruptcy-related defaults. Any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.~~ to the fullest extent permitted under applicable law.

In its last submission on that modification, the sole issue raised by the Creditors' Committee was the inclusion of the words "of any Claims" in the above paragraph. *See The Official Committee*

*of Unsecured Creditors' Statement in Response to Plan Proponents' Response and Proposed Modifications* [Docket No. 7896] at 2:17.

To finally resolve this issue, the Plan Proponents will agree to delete the words "Claims against any Debtor or."

Moreover, it is important to note two critical matters with respect to section 365 of the Bankruptcy Code. First, section 1124 of the Bankruptcy Code has no applicability to section 365. Section 1124 deals with the treatment of claims or interests, not the assumption or rejection of executory contracts. In fact, consistent therewith, there is no reference to section 1124 in section 365(b).

Second, cure under section 365 is not limited to monetary defaults. The case law in this District plainly recognizes this. *Arriva Pharms., Inc. v. Lezdey (In re Arriva Pharms., Inc.)*, 456 B.R. 419 (Bankr. N.D. Cal. 2011).

Section 365 of the Bankruptcy Code provides as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform *nonmonetary obligations under an unexpired lease of real property*, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1) (emphasis supplied).

The above provisions are not limited to monetary defaults in connection with the assumption of executory contracts. In fact, the word "monetary" does not even appear. Further, the only mention of nonmonetary defaults with respect to cure is solely with respect to unexpired leases of real property in the limited context where the nonmonetary default essentially is incapable of being cured. Obviously, Congress in enacting section 365 of the Bankruptcy Code knew how to carve out nonmonetary defaults from cure of unexpired leases and could have done so with respect to the cure of executory contracts if that was its intent. It did not.

*Arriva* is directly on point. In ruling on whether a pre-assumption claim for the breach of a patent license had to be raised in connection with the debtor's assumption, the Court could not have been clearer:

- "The cure requirement applies to both *monetary and nonmonetary* defaults." *In re Arriva Pharms. Inc.*, 456 B.R. at 423-24 (emphasis supplied).

- "The burden is on the non-debtor party to assert *any* defaults prior to the debtor's assumption of the executory contract." *Id.* at 424 (emphasis supplied).

- "The non-bankruptcy party to the lease has the burden to assert any defaults prior to [assumption and] assignment. When that party has knowledge of facts sufficient to give the party notice of a pre-petition claim prior to assumption, claim preclusion bars that party's later assertion of a claim based upon a prepetition breach." *Id.* (quoting *In re Hathaway*, 401 B.R. 477, 484 (Bankr. W.D. Wash. 2009)).

The *Arriva* Court appropriately noted the intent and purpose of the executory contract cure provision in section 365 of the Bankruptcy Code:

> To put it simply, the [non-debtor party] may not "lie in wait" by failing to allege prior to the time [the debtor] assumed the Protease License that [the debtor] breached the Protease License by applying for the patents at issue in its own name, and then turn around, after [the debtor] assumed the Protease License, and bring a claim against [the debtor] that is necessarily grounded on [the debtor's] alleged prior breach.

*In re Arriva Pharms., Inc.*, 456 B.R. at 427. The Plan Proponents' prior language was entirely consistent with these well-settled principles, indeed, the same principles articulated by the Court at the Confirmation Hearing.

Nevertheless, to bring this matter to a final resolution, the Plan Proponents will delete the reference to "Claims" in the Plan and Confirmation Order despite the fact that it is entirely consistent with the Bankruptcy Code generally and section 365 specifically. Thus, Section 8.2(e) of the Plan and Paragraph 34(d) of the Confirmation Order would provide as follows:

> Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any defaults by any Debtor arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease, whether monetary or nonmonetary, to the fullest extent permitted under applicable law.

    2.    *Fire Claim.*

As the Court expressly noted in its Memorandum Decision, "[t]he definition [of 'Fire Claim'] is clear." Memorandum Decision at 20. Accordingly, there is no reason to predetermine what particular claim does or does not constitute a Fire Claim. The facts and circumstances of each claim are unique and the determination should be made in that context and at the time, if any, that a dispute arises.

Nevertheless, the Plan Proponents will add a provision to the Confirmation Order as follows, that tracks the Court's Memorandum Decision verbatim:

> A claim asserted by a provider of goods and services, whether or not a counterparty to an assumed executory contract, that suffered damages from the Fires (as defined in Section 1.86 of the Plan), is impaired and should be channeled to the Fire Victim Trust. If its damages were not caused by or "in any way arising out of the Fires" (*See* Section 1.78 of the Plan), but arise out of the rejection of an executory contract or are part of the cure of an assumed one, they should be dealt with under Article VIII of the Plan and section 365 of the Bankruptcy Code.

No more precise formulation is possible in the absence of specific facts. The Court's formulation provides appropriate guidance that will be helpful if a controversy ever arises. Any attempt to legislate a solution now in the absence of a live controversy would be antithetical to the carefully crafted provisions of the Plan.

The Plan Proponents have gone out of their way to address legitimate objections. This exercise should not devolve to modifications that leverage one constituency's position to the detriment of all other parties in interest.

## II. CONCLUSION

The Plan Proponents' proposed further modifications should be implemented and the remaining objections should be overruled.

Dated: June 19, 2020

        **WEIL, GOTSHAL & MANGES LLP**
        **KELLER BENVENUTTI KIM LLP**

        /s/ *Stephen Karotkin*
        Stephen Karotkin

        *Attorneys for Debtors and Debtors in Possession*