Bonnie E. Kane, Esq., SBN: 167700
Steven S. Kane, Esq., SBN: 061670
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619) 236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for KAREN GOWIN, Creditor, and
Many Fire Victim Creditors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No: 19-30088 (DM) |
| **PG&E CORPORATION** | Chapter 11 |
| **And** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **OBJECTION TO FINAL REPORT OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' INVESTIGATION OF VOTING RESULTS** |
| **Debtors.** | |
| Affects both parties | |
| All papers should be filed in the Lead Case | |

The Official Committee of the Tort Claimants ("Committee") has utilized much time and expense in analyzing the results of the Fire Victim voting which is at still at issue in the Motion to Appoint an Examiner of Voting Procedural Irregularities. It reviewed the solicitation and tabulation data provided by Debtors.

*See* 4: 20-22 of Final Report of Tort Claimants' Investigation of Voting Results.

But, it completely misses the point. **The Wildfire Victims had an absolute right as members of an impaired class to vote for or against the Plan**. *In re Quigley Co.* 346 B.R. 647, 653 (2006). The Tort Claimants Committee did not investigate the facts which resulted in disenfranchising Wildfire Victims in this bankruptcy.

On June 4, 2019, at argument the Court was offered the alternative of re-opening the voting for seven to ten days based on the fact that many Wildfire Victims did not receive their ballots or received them too late to vote. Had the Court opted for that alternative to appointing an Examiner, those who had been deprived of voting could have voted and the voting properly would be concluded. Even today, if the Court re-opened the vote, it could be concluded prior to June 30, 2020.

It is a serious matter to deprive the Wildfire Victims the right to vote. As the Court well knows, this is a mass tort bankruptcy. And, the nature of PG&E's actions caused a wide swath of death and destruction. For the last few days, Victim Impact statements were presented in Butte County Superior Court with the Judge echoing Judge Alsup's comment that "If there ever was a corporation that deserved to go to prison, it is PG&E." PG&E pled to 85 felony counts, 84 of which were involuntary manslaughter.

Families who are Wildfire Victims have lost members of their families who were burned to death. Others have lost their homes, all of their belongings and their entire communities. They have been flung across the entire United States in search of shelter. Many are still living in temporary housing. Many are still trying to obtain insurance compensation. Many are still suffering from trauma. It has been nineteen months since the Camp Fire, and much longer for other fires.

The Wildfire Victims do not want to be told, and they should not be told that they have also lost their right as members of an impaired class. They do not want to be disenfranchised by the Court process. Nor should they be.

From the Declarations and statements submitted in the Motion to Appoint an Examiner, and posted by others directly to the Court, it is clear that the mailing of the ballots went terribly

Case: 19-30088    Doc# 8034    Filed: 06/19/20    Entered: 06/19/20 15:40:09    Page 2 of 4

wrong, and there was rife mismanagement. Ballots and solicitation materials could not have been mailed on March 31, 2020, or as soon as was reasonably practicable, as per the Court's order. Dkt No. 6340, 11:3-6  As one example,  Mr. Joseph Luca, an attorney who selected the "Indirect Solicitation Method" did not begin to receive ballots in the mail until April 28, 2020, **over four weeks after the ballots were to be mailed to his office.** Dkt 7014.   It does not take four weeks for mail to be processed; one can only conclude the ballots were not mailed according to the Court's order.

Mr. Dustin Cooper, another attorney who selected the "Indirect Solicitation Method",  had only received three ballots and solicitation packages out of 27, by May 6, 2020, **thirty-six days after the ballots were ordered to have been mailed and only a few days before the voting period ended.**   While the Committee did not believe it should review this issue, KQED did. They interviewed a cross-section of 200 Wildfire Victims and found that **a substantial portion** got their solicitation packets and ballots less than a week before May 15, 2020, and others received their packets **after** the voting deadline.  Dkt 7776.  KQED even included photographs of solicitation packages, one received on May 14, 2020; another on May 17, 2020.

Ms. Pullo stated all ballots were mailed out in a timely manner.  However, she also testified that her company used a vendor to do the mailing, as the Court well knows.  She presented no declaration from that vendor, and the Debtors chose not to present the vendor as a witness.

While the Committee's report may provide a justification "of sorts" to the Court in ignoring the fact that voting was not permitted for many members of an impaired class, the Fire Victims were deprived of their rights under the Bankruptcy Code.  Of course, the simplistic comments in the report of analyzing whether it would have made any difference to the overall

OBJECTION TO FINAL REPORT OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' INVESTIGATION OF VOTING RESULTS

result, is not the point.  There was overwhelming disenfranchisement here.

"It is not possible to be in favor of justice for some people, and not be in favor of justice for all people."  Martin Luther King, Jr.

Respectfully submitted,

THE KANE LAW FIRM

_____/s/ Bonnie E. Kane_____
Bonnie E. Kane
Attorneys for KAREN GOWINS, Creditor, and
Many Wildfire Victim Creditors