**WEIL, GOTSHAL & MANGES LLP**
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DEBTORS' REPLY IN FURTHER SUPPORT OF DEBTORS' MOTION FOR ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors | **[Related to Dkt. No. 7758]** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date:  June 24, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephone/Video Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Reply in Further Support of the Debtors' Motion (the "**Motion**") [Dkt. No. 7758][1] pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the Omnibus Claim Objection Procedures and Omnibus Claim Objection Notice (both as defined in the Motion).

## MEMORANDUM OF POINTS AND AUTHORITIES

Objections to the Motion were filed by the California Franchise Tax Board (the "**FTB Objection**") [Dkt. No. 7975], a group of California state agencies (the "**CSA Objection**") [Dkt. No. 7985], and the PERA lead plaintiffs (the "**PERA Objection**") [Dkt. No. 7995].[2] These Objections collectively raise arguments on five topics. Debtors address and propose resolutions for each below, and attach as **Exhibit A** a *Modified [Proposed] Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* (the "**Modified Proposed Order**") reflecting the proposed resolutions, and as **Exhibit B** a redline comparison with the proposed order filed with the Motion

### I. EVIDENCE SUPPORTING DEBTOR OBJECTIONS

The FTB and PERA argue that the Omnibus Claim Objection Procedures would improperly enable the Debtors to file an omnibus objection without supporting evidence. *See* FTB Obj. at 2; PERA Obj. at 3-4.

The Debtors acknowledge that Ninth Circuit precedent and the Bankruptcy Local Rules contemplate that claim objections must generally be supported by evidence to overcome the threshold presumption of validity of a proof of claim filed in proper form. The Debtors maintain

---

[1] Any capitalized terms defined in the Motion and not otherwise defined in this Reply shall have the meaning defined in the Motion

[2] Joinders to one or more of the objections were filed by State Farm [Dkt. No. 7996], the City and County of San Francisco [Dkt. No. 7994], the South San Joaquin Irrigation District [Dkt. No. 7993], a group of California municipalities [Dkt. No. 7992], and the City of American Canyon [Dkt. No. 8003]. None of the joinders asserts additional grounds of objection.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

that certain omnibus objections can be adequately supported on the face of the claim (*e.g.*, duplicates and amended claims). The Debtors are nevertheless willing to support all omnibus objections with one or more declarations

Accordingly, Debtors propose the following in the first sentence of paragraph 2.D of the **Modified Proposed Order** (deletions indicated by strikethroughs, additions in the text are underlined):

> D. <u>Supporting Documentation</u>. ~~To the extent appropriate, the~~ <u>The</u> Omnibus Objections ~~may~~ <u>shall</u> be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Proofs of Claim included therein and the applicable supporting information and documentation provided therewith, made reasonable efforts to research the Proof of Claim on the Debtors' books and records, and believes the documentation does not provide *prima facie* evidence of the validity and amount of the Proofs of Claim.

## II. SPECIFICITY OF DEBTOR OMNIBUS OBJECTIONS

PERA objects that the Omnibus Claim Objection Procedures do not require sufficient specificity in Debtors' stated grounds for objection. *See* PERA Obj. at 3-4. PERA focuses on one specific proposed additional ground for objection: "claims seek recovery of amounts for which the Debtors are not liable" (item 3.c in the proposed additional grounds for objection in the Motion, and paragraph 2.C.iii in the Proposed Order).

In response, the Debtors propose to modify this stated ground for objection by including the following clause at the end of paragraph 2.C.iii of the Modified Proposed Order: "for the reason or reasons stated in the Objection"

## III. EVIDENCE SUPPORTING OPPOSITONS TO OBJECTIONS

CSA, FTB, and PERA argue that the Omnibus Claim Objection Procedures would improperly require Claimants to provide a declaration under penalty of perjury of the relevant facts in support of the Claimant's response, and <u>all</u> documentation or evidence outside the proof of claim on which the Claimant will rely in opposing an Omnibus Objection. *See* CSA Obj. ¶¶ 1-2; FTB Obj. at 3-4; PERA Obj. at 4-5.

At least one objector concedes that the Local Rules require a declaration supporting the factual contentions in response to an Omnibus Objection. *See* CSA Obj. ¶ 2 ("Bankruptcy Local Rule 9013-1(d) requires a party to support factual contentions made in support of an opposition by

declarations or affidavits."). Normally this requirement should not be unduly burdensome or unfair, because in the normal case a claimant will know or have access to the information on which the claim is based. In some limited circumstances—as may be confronted by a taxing agency such as the FTB—the claimant does not have access to the information supporting the claim, and the Debtors acknowledge that allowances should be made in those circumstances. The Debtors also appreciate that not all supporting evidence is of equal significance, and it is appropriate to strike a balance when the evidence is voluminous.

Accordingly, the Debtors propose the following modifications to the Omnibus Claim Objection Procedures stated in the Motion and Proposed Order:

1. Responses must be supported by a declaration or affidavit and by the documentary and other evidence on which the Claimant relies, to the extent not included in the Proof of Claim.

2. If the evidence is not within the possession of the Claimant, the Response should so state, with a brief explanation of the circumstances.

3. If documentary evidence is overly voluminous such that providing all of it would impose an undue burden, the Response should provide the primary documentary evidence (for example, the governing contract, statements of account, or key correspondence), with a description of other evidence that the Claimant has or of which the Claimant is aware.

The Debtors have proposed revised language embodying these modifications in paragraph 2.I.i.d) of the Modified Proposed Order (added language is underlined):

> d) A copy of any other documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing; <u>provided, however, (1) if the documentary or other evidence is not within the possession of the Claimant, the Response shall provide a brief explanation of the circumstances, and (2) if the evidence is overly voluminous such that providing all of it would be unwieldy or impose an undue burden, the Response shall provide the primary evidence (for example, the governing contract, statement of account, or key correspondence) with a description of other supporting evidence that Claimant has or of which Claimant is aware</u>;

## IV. SERVICE OF RESPONSES TO OBJECTIONS

CSA, FTB, and PERA argue that the only requirement for serving a Response to an Omnibus Objection should be that the response is served by email or mail on counsel for the Debtors on or before the deadline to respond, not that counsel for the Debtors actually receives the response, as stated in the proposed procedures. *See* CSA Obj. ¶ 3; FTB Obj. at 4; PERA Obj. at 5-6.

Timely notice of Responses to objections is a significant case management issue. The Debtors have a legitimate need to know at the response deadline which objections will be opposed, so they—and the Court—can manage the docket in an orderly fashion. Access to electronic mail and the internet is now virtually universal, and there is no reason in the vast majority of cases—including any involving any of the objectors or the parties who filed joinders—to delay notification to the Debtors of Responses until they are received via first class mail, perhaps five to seven days after the Response deadline. Such delay would prejudice the Debtors by unnecessarily compressing their time to reply to a mailed Response.

At the same time, the Debtors do not seek to impose unnecessary burdens on Claimants. For this reason, the Debtors acknowledge that, when a Response is electronically filed via the Court's ECF system, the Debtors will automatically receive service in that manner, and the Debtors agree that no additional service should be required.

In the case of Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Omnibus Objection. In those rare circumstances in which a Claimant does not have the ability to serve a Response electronically, the Debtors propose that the Response be served by a postal or commercial express service that will effect delivery not more than two business days after the Response deadline, with the further requirement that the Claimant inform Debtors' counsel by email, telephone or facsimile before the Response deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express. These proposed modifications are reflected in paragraph 2.I.iv of the Modified Proposed Order.

## V. CSA ADDRESS CHANGE PROCEDURE

CSA objects to the provision in the Motion and the Proposed Order that the "Notice Address" (the address of the designated representative of the Claimant for purposes of a reply to the Response) "will control and will become the service address for future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection . . . ." [CSA Obj. ¶ 4.]

In response to this objection, the Debtors have reevaluated the "Notice Address" provision in the Proposed Order [paragraph 2.I.i.f)] and have revised it to provide that a new "Notice Address" will become an *additional* address for service of notice relating to all of the Claimant's Proofs of Claim that are the subject of the Omnibus Objection, and will not supersede any existing address(es) for service for those Proofs of Claim.

As revised, paragraph 2.I.i.f) states as follows (deleted language is indicated by strikethrough, and added language by underlining):

> f) The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the new Notice Address will ~~control and will become~~ be added to the existing service address(es), and ~~for~~ future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim) ~~and only for those Proofs of Claim in the Omnibus Objection~~ will be sent to the new Notice Address in addition to other service address(es) already on file.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the Debtors' Motion with the modifications proposed in this Memorandum.

Dated: June 22, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/  *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*