# Exhibit A

**Modified Proposed Order**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com))
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **MODIFIED [PROPOSED] ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated June 3, 2020 (the "**Omnibus Objections Motion**")[1] [Dkt. No. 7758], of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an Order Approving (A) Procedures For Filing Omnibus Objections To Claims And (B) The Form And Manner Of The Notice Of Omnibus Objections; and consideration of the Omnibus Objections Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Omnibus Objections Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Omnibus Objections Motion and the McWilliams Declaration submitted in support of the Omnibus Objections Motion; and this Court having determined that the legal and factual bases set forth in the Omnibus Objections Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Omnibus Objections Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Omnibus Objections Motion is granted as provided herein.

2. The Omnibus Claim Objection Procedures are approved as follows:

   A. <u>Form of Omnibus Objection</u>. Omnibus Objections will be numbered consecutively, irrespective of basis.

   B. <u>Number of Proofs of Claim per Omnibus Objection</u>. The Debtors may object to no more than 250 claims per Omnibus Objection.

   C. <u>Grounds for Omnibus Objection</u>. The Debtors may object to the Proofs of Claim on the grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

      i. The amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by

---

[1] Any capitalized terms defined in the Motion and not otherwise defined in this Order shall have the meaning defined in the Motion.

    the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

  ii. The claims were incorrectly classified;

  iii. The claims seek recovery of amounts for which the Debtors are not liable for the reason or reasons stated in the objection;

  iv. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis;

  v. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

  vi. The claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and

  vii. Under the Plan, the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan.

D. <u>Supporting Documentation</u>. The Omnibus Objections shall be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Proofs of Claim included therein and the applicable supporting information and documentation provided therewith, made reasonable efforts to research the Proof of Claim on the Debtors' books and records, and believes the documentation does not provide *prima facie* evidence of the validity and amount of the Proofs of Claim. In that case, the Omnibus Objection will request that the Response (as defined below) include the information relied upon in preparing the Proof of Claim.

E. <u>Proofs of Claim Exhibits</u>. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), Debtors are not required to attach a copy of Proofs of Claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

  i. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

  ii. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

  iii. The amount of claim asserted in the Proof of Claim;

  iv. The grounds for the objection; and

  v. For Omnibus Objections in which the Debtors seek to reduce the amount of any given Proof of Claim, the proposed reduced claim amount.

F. <u>Omnibus Claim Objection Notice</u>. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "**Omnibus Claim Objection Notice**") in substantially the

form attached to the Motion as **Exhibit B**. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 30 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

    i. Describe the basic nature of the Omnibus Objection;

    ii. Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim Objection Notice carefully;

    iii. Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection; and

    iv. Identify a response date (each, a "**Response Deadline**") consistent with Bankruptcy Local Rule 9014-1(c) and describe the procedures for filing a written response (each, a "**Response**") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached to the Omnibus Objections Motion as **Exhibit B**, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

    G. <u>Order if No Response</u>. The Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all Proofs of Claim for which the Debtors did not receive a timely Response, without further notice to the Claimants.

    H. <u>Each Objection Is a Contested Matter</u>. Each Proof of Claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to the Proof of Claim.

    I. <u>Requirements for All Responses to Objections</u>. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Claimant.

        i. <u>Contents</u>. Each Response must contain the following (at a minimum):

            a) A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

            b) The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;

            c) A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the Claimant will reply in opposing the Omnibus Objection;

d) A copy of any other documentation or other evidence of the Proof of Claim, to the extent not already included with the Proof of Claim, upon which the Claimant will rely in opposing the Omnibus Objection at the hearing; provided, however, (1) if the documentary or other evidence is not within the possession of the Claimant, the Response shall provide a brief explanation of the circumstances, and (2) if the evidence is overly voluminous such that providing all of it would be unwieldy or impose an undue burden, the Response shall provide the primary evidence (for example, the governing contract, statement of account, or key correspondence) with a description of other supporting evidence that Claimant has or of which Claimant is aware;

e) A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response;

f) The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim) will be sent to the new Notice Address in addition to other service address(es) already on file.

ii. <u>Additional Information</u>. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf (the "**Additional Addresses**"). Unless an Additional Address is the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

iii. <u>Failure to Timely File a Response</u>. If the Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.

iv. <u>Service of the Response</u>. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, must be timely served on or before the deadline to respond (which deadline will be clearly set forth in the Notice). Responses should be served via the Court's ECF system. In the case of Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Objection. If a Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or commercial express service that will effect delivery not more than two business days after the Response deadline, and the Claimant must inform Debtors' counsel by email, telephone or facsimile before the Response deadline of the Claimant's name and phone number, the number of the

Omnibus Objection, and the fact that a paper Response is being delivered by express.

J. <u>Reservation of Rights</u>. Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other claims against the claimant. Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtors) at a later date; provided, however, that the Omnibus Claim Objection Procedures shall not apply to Fire Claims and Wildfire Subrogation Claims as set forth above. An affected Claimant will receive a separate notice of any such additional objection.

3. Notice of the Omnibus Objections Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

4. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objections Motion.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **