# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br> **PG&E CORPORATION,** <br> -and- <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> Debtors. <br><br> ☐ **Affects PG&E Corporation** <br> ☐ **Affects Pacific Gas and Electric Company** <br> ☒ **Affects both Debtors** <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br><br> Date: June 24, 2020 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 98102 <br><br> **Objection Deadline**: N/A |

**NOTICE OF ERRATA TO JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT AND ERIC AND JULIE CARLSON REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIM CLAIMS RESOLUTION PROCEDURES**

PLEASE TAKE NOTICE that the Joint Statement Of The TCC, Trustee, Debra Grassgreen And Karl Knight, And Eric and Julie Carlson Regarding Unresolved Objections To The Fire Victim Claims Resolution Procedures ("Joint Statement") (Docket No. 8074), inadvertently contained the following errors:

On Page 3, Line 23: "2012 email" should be corrected to "2020 email"

On Page 3, Footnote 2: "statement in the July 8, 2012 email" should be corrected to "statement in the June 8, 2020 email"

On Page 4, Line 2: "June 10, 2012" should be corrected to "June 10, 2020"

On Page 4, Line 5: "June 12, 2012" should be corrected to "June 12, 2020"

A true and correct copy of the corrected pages 3 and 4 of the Joint Statement is attached as Exhibit "1."

Dated: June 23, 2020

            BAKER & HOSTETLER LLP

            // ERIC GOODMAN
            Eric Goodman (admitted *pro hac vice*)
            (egoodman@bakerlaw.com)
            Key Tower, Suite 2000
            127 Public Square
            Cleveland, Ohio 44114
            Telephone: (216) 621-0200
            Facsimile: (216) 696-0740

            Attorney *for the Official Committee of Tort Claimants*

            BROWN RUDNICK LLP

            Joel S. Miliband (SBN 077438)
            (JMiliband@brownrudnick.com)
            2211 Michelson Drive
            Seventh Floor
            Irvine, California 92612
            Telephone: (949) 752-7100
            Facsimile: (949) 252-1514

            and

            BROWN RUDNICK LLP
            David J. Molton (SBN 262075)
            (DMolton@brownrudnick.com)
            Seven Times Square
            New York, New York 10036
            Telephone: (212) 209-4800
            Facsimile: (212) 209-4801

            Attorneys for Trustee and Claims Administrator

DEBRA GRASSGREEN and KARL KNIGHT

//DEBRA GRASSGREEN and KARL KNIGHT
Individual *Fire Victims*

ERIC and JULIE CARLSON

// ERIC and JULIE CARLSON
Individual *Fire Victims*

EXHIBIT "1"

- Disallowing interest for Eligible Individual Fire Victims while the Trustee retains full authority to pay interest to all other Fire Victim;

- Subordinating punitive or exemplary damages for Eligible Individual Fire Victims when all other Fire Victims are not subject to the same subordination;

- Requiring the Eligible Individual Fire Victims to wait for conceivably a decade or more for every last Fire Victim to conclude their process with no reserve to protect against the risk of the Trust's insolvency; and

- After waiting years for the right to judicial review to mature, that right is forfeited unless the Eligible Individual Fire Victim commences a contested matter within 14 calendar days after the Trustee posts a notice on a website and sends one email.

*After raising all of these concerns with the TCC and the Trustee, only minor issues have been addressed in the CRP, but the most critical issues remain.* Unfortunately, it was by sheer happenstance that Eligible Individual Fire Victims discovered these provisions. Neither the Carlson Family nor the Knight family were invited or permitted to participate in the negotiations between the Debtors, the TCC, the Trustee and certain other objectors over the implementation of the Court's ruling. Neither the Debtor, the Trustee nor the TCC reached out to disclose these changes much less provide drafts of the documents or seek input. It was only after seeing the filings outlining the ongoing disputes between the Business Claimants and the Trust, that it became evident that there was an entirely undisclosed framework being negotiated to address these issues in the CRP. Up until that time, attorneys for the TCC provided assurances that the right to judicial review would be addressed in a footnote to the Confirmation Order, which the Eligible Individual Fire Victims were included in that footnote and not to worry because "you're covered" (*see* June 8, 2020 email, attached hereto as **Exhibit 2**)[2].

/ / /

---

[2] Mr. Goodman's statement in the June 8, 2020 email was completely misleading. At the same time that he was advising us that "we were covered" the CRP was fully drafted and being vetted with the Business Claimants. *See* Docket 7851, which laid out the issues with the Business Claimants which was presented the very next day. We were anything but "covered." As the party appointed to look out for fire victims, he should have advised that there was a draft of the CRP in near final form and voluntarily provided that draft.

3

Once it became clear from the filings by the Business Claimants on June 10, 2020 that the CRP, and not just the Confirmation Order, included undisclosed details regarding judicial review, we asked to see a draft of the CRP, and, only then, was one provided (on June 12, 2020). The draft that was provided had four pages of punitive and offensive provisions applicable to parties seeking Court Review. Although certain minor provisions were changed after we raised objections thereto, the CRP, as filed, continues to contain four offensive provisions which are outlined below.

Before addressing those substantive objections to the CRP, it bears repeating that we are not seeking preferential treatment. We have concerns about the lack of judicial review for a number of reasons and the way we have been treated over the past several weeks validates these concerns. Most significantly, we are and remain concerned that while the appeals process is binding on Fire Victims, it is <u>not binding</u> on the Trustee. The CRP provides that after Fire Victims present their claims, take the time and effort to go through an appeal and demonstrate the unique features of their claim to the satisfaction of the "Neutral" assigned to consider an appeal, the Trustee can nonetheless override the appeals determination and the Fire Victims have no further recourse.

The stated reason for opposing judicial review is distraction. However, the Court determined that parties that did not object to the CRP effectively consented to the claims procedures in the CRP. As such, the judicial review only applies to twelve (12) Fire Victims out of over 80,000 and of those only three (3) of those are individual Fire Victims. The Court was advised that the Business Claimants have now agreed to the form of CRP. Thus, it simply cannot hold that the judicial review of three (3) Eligible Individual Fire Victim Claims, if that ever occurs, will disrupt anything the Trust is doing.

**Remaining Unresolved Issues**

**Claimants Cannot Start the Judicial Review Process Until All 80,000
Fire Victims Complete Their Process and Receive Final Determinations.**

The CRP provides that the beginning of the judicial review process is not triggered by the conclusion of the individual claim review process. Instead, even if Eligible Individual Fire Victims have provided all required documentation in response to the claims questionnaire, sought reconsideration, and fully exhausted their remedies of reconsideration and appeal under the CRP,

4