WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| - and - | **THIRD SUPPLEMENTAL APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 AMENDING THE SCOPE OF THE RETENTION OF KPMG LLP AS INFORMATION TECHNOLOGY, RISK, AND LEGAL SUPPORT CONSULTANTS TO THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO APRIL 1, 2020** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | [No Hearing Date Requested] |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this supplemental application (the "**Third Supplemental Application**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' retention of KPMG LLP ("**KPMG**") as information technology, risk, and legal support consultants for the Debtors to perform those additional services (the "**Third Supplemental Services**") each as summarized below.

In support of this Third Supplemental Application, the Debtors submit the Third Supplemental Declaration of Geno Armstrong, a principal of KPMG LLP (the "**Third Supplemental Armstrong Declaration**"), filed concurrently herewith. A proposed form of order approving the amended scope of the retention and employment of KPMG is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.     BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in either of the Chapter 11 Cases.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**").  On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On May 21, 2019, the Debtors filed the *Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Employ and Retain KPMG LLP as Information Technology, Risk and Legal Support Consultants to the Debtors Nunc Pro Tunc to Petition Date* [Docket No. 2171] (the "**KPMG Retention Application**").[1]  The KPMG Retention Application sought the entry of an order authorizing the Debtors to retain KPMG as consultants for the Debtors effective as of the

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the KPMG Retention Application.

Petition Date in accordance with the terms and conditions set forth in the engagement agreements referenced therin (the "**Original Engagements**"). On June 14, 2019, the Court entered an order approving the retention of KPMG [Docket No. 2503] (the "**Initial KPMG Retention Order**").

On November 27, 2019, the Debtors filed the *Supplemental Application of Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 2016 Amending the Scope of the Retention of KPMG LLP as Information Technology, Risk and Legal Support Consultants to the Debtors Nunc Pro Tunc to April 8, 2019* [Docket No. 4900] (the "**First Supplemental Application**"). The First Supplemental Application sought the entry of an order authorizing the Debtors to renew certain expired contracts and enter into new agreements. On December 11, 2019, the Court entered an order approving the First Supplemental Application [Docket No. 5077] (the "**First Supplemental Retention Order**").

On April 17, 2020, the Debtors filed the *Second Supplemental Application of Debtors Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 2016 Amending the Scope of the Retention of KPMG LLP as Information Technology, Risk and Legal Support Consultants to the Debtors Nunc Pro Tunc to December 20, 2019* [Docket No. 6793] (the "**Second Supplemental Application**"). The Second Supplemental Application sought the entry of an order authorizing the Debtors to renew certain expired contracts and enter into new agreements. On May 15, 2020, the Court entered an order approving the Second Supplemental Application [Docket No. 7351] (the "**Second Supplemental Retention Order**").

As described in greater detail in the Third Supplemental Armstrong Declaration, following the Petition Date, the terms of certain previously approved engagements expired and the Debtors have requested that KPMG enter into three distinct contract and three change orders to previously-approved contracts for projects in connection with the Chapter 11 Cases that are consistent with KPMG's core capabilities and expertise (collectively, the "**Third Supplemental MSA Contracts**"). The Third Supplemental MSA Contracts will be performed in accordance with the terms and conditions more specifically set forth in that certain Master Services Agreement dated as of January 17, 2017, together with the change order dated as of November 20, 2018, the extension dated as of June 10, 2019, and the extension dated January 30, 2020. The Debtors submit this Third Supplemental Application for entry of an order authorizing the Debtors to retain KPMG to provide services in accordance with the Third

Supplemental MSA Contracts, the terms of which are described below.

## III. SCOPE OF THIRD SUPPLEMENTAL SERVICES

Pursuant to the terms and conditions of the Third Supplemental MSA Contracts, the Debtors seek to retain KPMG to provide, among other things, the following continued and supplemental information technology and risk advisory services, as requested by the Debtors as summarized herein.[2]

In an effort to ensure continued and uninterrupted provision to the Debtors of necessary services, KPMG and the Debtors entered into agreements for the Third Supplemental MSA Contracts described in greater detail below, recognizing that such agreements would ultimately need to be approved by the Court upon supplemental application. KPMG will provide additional information technology, risk, and consulting services to the Debtors including, without limitation, the following services as more particularly described in the applicable designated agreements:

a) **IT Software Services – Phase III Change Order**. A change order to Exhibit B-1 of the Second Supplemental Armstrong Declaration and Exhibit 1-K of the First Supplemental Armstrong Declaration, in order to continue to assist the Debtors with their migration from Siteminder to Ping (information technology software platforms) (the "**IT Software Services – Phase II**") as described in **Exhibit A-1** and **Exhibit A-2** to the Third Supplemental Armstrong Declaration, including a change order to increase and extend services to the Debtors through July 3, 2020, and a change order to extend services to the Debtors through September 4, 2020.

b) **2020 Bowtie Analysis and RAMP Support Change Order**. A change order to Exhibit B-4 of the Second Supplemental Armstrong Declaration, in order to provide support in the aggregation of information for board-level presentations related to RAMP and other issues ("**Board Presentation Support Services**"), as described in **Exhibit A-3** to the Third Supplemental Armstrong Declaration.

c) **Symantec IT Analytics Reporting**. Provide support to onboard the Symantec Data Loss Prevention IT Analytics application in the PG&E environment (the "**Symantec IT Analytics Reporting Server Project**"), as described **Exhibit A-4** to the Third Supplemental Armstrong Declaration.

d) **De-Identification Tool Deployment**. Provide support in running a pilot project of the tool Dataguise (the "**De-Identification Tool Pilot Project**"), as described in **Exhibit A-5** to the Third Supplemental Armstrong Declaration.

---

[2] The summary of the Third Supplemental MSA Contracts included in this Third Supplemental Application is provided for purposes of convenience only and is qualified in its entirety by reference to the Third Supplemental MSA Contracts. To the extent that this Third Supplemental Application and the terms of particular Third Supplemental MSA Contracts are inconsistent, the terms of the Third Supplemental MSA Contracts shall control.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

e) **Fraud Mitigation, Risk Analytics and Resolution**. Support PG&E's efforts to obtain a better understanding of risks related to fraud, waste and abuse (the "**Fraud Mitigation Project**"), as described in **Exhibit A-6** to the Third Supplemental Armstrong Declaration.

## IV. PROFESSIONAL COMPENSATION

As set forth in the Third Supplemental Armstrong Declaration, KPMG will apply to the Court for allowances and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate KPMG as contemplated in the Third Supplemental MSA Contracts on either an hourly or fixed-fee basis, as designated below. The proposed compensation arrangements for the Third Supplemental MSA Contracts are as follows:

**A. Fixed Fee Arrangements:**

This Third Supplemental Application does not include any fixed-fee arrangements.

**B. Milestone Billing Arrangements:**

The Debtors have agreed to compensate KPMG for the Symantec IT Analytics Reporting Server Project based on defined milestones included in Exhibit A-4 to the Third Supplemental Armstrong Declaration not to exceed $332,000, inclusive of expenses. The Debtors have agreed to compensate KPMG for the De-Identification Tool Pilot Project based on defined milestones included in Exhibit A-5 to the Third Supplemental Armstrong Declaration not to exceed $90,000, inclusive of expenses. Payments for defined milestones will be submitted to, and reviewed by the Debtors prior to payment,

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and will be tracked and logged by KPMG and provided in summary for at the conclusion of these services.

**C.    Hourly Arrangements:**

The hourly rates set forth below are KPMG's applicable hourly rates for the work of its professionals and staff members to be provided to the Debtors other than with respect to the fixed fee and milestone billing engagements described above.  These hourly rates reflect KPMG's normal and customary billing practices for engagements of this complexity and magnitude.  KPMG's hourly rates are subject to periodic adjustment and/or increase from time to time in accordance with KPMG's established billing practices and procedures.  The Debtors have agreed to compensate KPMG for professional services rendered at its normal and customary hourly rates, subject to the reductions discussed below.  To the extent such hourly rates are increased, KPMG will provide reasonable notice of any changes to its hourly rates to the Debtors and the U.S. Trustee.

| Billing Category | IT Software Services – Phase III Change Orders[3] | 2020 Bowtie Analysis and RAMP Support Change Order[4] | Fraud Mitigation, Risk Analytics and Resolution[5] |
|---|---|---|---|
| Partner / Managing Director | N/A | $500 | $625 |
| Director | N/A | $435 | $550 |
| Manager | $260 | $400 | $475 |
| Lead Specialist | $260 | N/A | N/A |
| Senior Associate | $260 | $325 | $425 |
| Associate | N/A | N/A | $325 |
| Analyst (off shore) | N/A | N/A | $150 |

---

[3] The majority of fees to be charged in the IT Software Services engagement reflect a reduction of approximately 70% – 74%% from KPMG's normal and customary rates, depending on the types of services to be rendered.  With the additional fees, this Phase III is billed to a cap of $1,814,055 (inclusive of a $57,735 cap on expenses).

[4] The majority of fees to be charged for the 2020 Bowtie Analysis and RAMP Support reflect a reduction of approximately 39 – 56%% from KPMG's normal and customary rates, depending on the types of services to be rendered and the services are billed at a cap of $1,298,337.

[5] The majority of fees to be charged for Fraud Mitigation, Risk Analytics and Resolution reflect a reduction of approximately 24 – 44%% from KPMG's normal and customary rates, depending on the types of services to be rendered and the services are billed at a cap of $200,000, inclusive of expenses.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Additionally, KPMG will invoice the Debtors for its reasonable out-of-pocket expenses charged during these Chapter 11 Cases, which include, among other things, telephone and other charges, mail and express mail charges, travel expenses, expenses for "working meals" and computerized research, applicable sales, use or value-added tax, as well as non-ordinary costs such as secretarial and other overtime.

The Debtors understand that it is not the practice of KPMG's professionals to keep detailed time records in one-tenth-of-an-hour increments (*i.e.*, six minute increments) as customarily kept by attorneys who are compensated subject to approval of the Bankruptcy Court. Instead, the customary practice of KPMG's professionals is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.5) increments. Thus, consistent with the Initial KPMG Retention Order, KPMG requests that this Court allow KPMG's professionals to provide the following in its monthly, interim, and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) as an exhibit to each monthly, interim, and final fee application that KPMG files in these Chapter 11 Cases, a summary, by project category, of services rendered to the Debtors, which identifies each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered by each professional; and (c) reasonably detailed records of time in half-hour (0.5) increments, describing the services rendered by each professional and the amount of time spent on each date.

The Debtors respectfully submit that KPMG's rates and policies stated in the Third Supplemental Armstrong Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## V.    INDEMNIFICATION

As part of the overall compensation payable to KPMG under the terms of certain of the Third Supplemental MSA Contracts, the Debtors have agreed to certain indemnification obligations as described in such Third Supplemental MSA Contracts. The indemnification provisions contained therein were fully negotiated in good faith and at arm's length. During the pendency of the Debtors' Chapter 11

Cases, the Debtors seek the modification of the following terms described in the Third Supplemental

MSA Contracts:

a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Third Supplemental MSA Contracts and the Third Supplemental Application, unless such services and indemnification therefor are approved by the Court;

b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final) to have arisen, based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Third Supplemental MSA Contracts and Third Supplemental Application, as modified by the Proposed Order; and

c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these Chapter 11 Cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Third Supplemental MSA Contracts (as modified by the Proposed Order) and Third Supplemental Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

## VI. NO DUPLICATION OF SERVICES

The Debtors intend that the services of KPMG will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. KPMG understands that the Debtors have retained and may retain additional professionals during the term of the engagement.

## VII. NOTICE

Notice of this Third Supplemental Application will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the

Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: June 24, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By:  _/s/ Thomas B. Rupp_
Thomas B. Rupp

_Attorneys for Debtors_
_and Debtors in Possession_

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119