Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
kmeredith@dankolaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
**COREY, LUZAICH
DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

Attorneys for
*Ronald Gibson*
*Lynda Gibson*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>&<br>**PACIFIC GAS AND ELECTIC COMPANY,**<br>            **Debtors.** | Case No. 19-30088<br>Chapter 11<br>(Lead Case)<br><br>**AMENDED MOTION TO ALLOW LATE FILING OF PROOF OF CLAIM; DECLARATION OF RONALD GIBSON IN SUPPORT**<br><br>Date: July 7, 2020<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATED TRUTEE, AND ALL INTERESTED PARTIES:

Ronald Gibson and Lynda Gibson respectfully file this motion to allow late filing of proof of claim ('Motion") against the Chapter 11 Bankruptcy of PG&E Corporation and Pacific Gas and Electric Company. In support of the Motion, the Creditors respectfully represent as follows:

1. **Summary of Argument**

A creditor that was not scheduled and did not receive notice of a claims bar date may file a claim and have it deemed timely. In this case, Ronald and Lynda Gibson were neither scheduled nor received notice of the bar date set in PG&E & Pacific Gas and Electric Company's bankruptcy. The Creditor has been diligently pursuing all rights and should not be barred from filing a timely claim against PG&E and Pacific and Gas Electric Company's bankruptcy.

2. **Factual Background**

    A. **The PG&E and Pacific Gas and Electric Company Chapter 11 Case**

On ('Petition Date), PG&E and Pacific Gas and Electric Company filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Case"). See Court's PACER Docket for Case No. 19-30088 as of June 19, 2020.

3. **Legal Argument**

    A. **Creditors were not given notice of the Claims Bar Date**

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect."

2

*Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006]."). In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

"[D]ue process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims bar date before it is effective against the creditor." *Monster Content, LLC v. Homes.com, Inc.*, 331 B.R. 438, 442 (N.D. Cal. 2005). Indeed, the Ninth Circuit has held that "the creditor who is not given notice, even if he has actual knowledge of the reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings." *In re Maya*, 78 F.3d 1395, 1399 (9th Cir.1996). A late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

In this case, the Court should grant the Motion and allow the Trustee to file a timely-claim based on the fact that Ronald and Lynda Gibson ("Gibsons") were in the midst of acquiring permanent housing for the first time since the fire during December of 2019. (Dec. of R. Gibson, ¶¶ 6,11.) In addition to solving their housing crisis caused by PG&E, they also were focused on getting Lynda regular treatment for her numerous medical conditions, and providing assistance to their recently widowed daughter and their grandchildren. (Dec. of R. Gibson, ¶¶ 7, 8, 13.)

The Gibsons, who are each 78 years old, had been forced to live in numerous locations across the central valley following the fire. (Dec. of R. Gibson, ¶¶ 9, 10.) They had to move between hotels, family members, and rentals. (Dec. of R. Gibson, ¶ 10.) The stress from not

3

having permeant housing was immense. All the while, they were making additional trips with up to five-hour roundtrip drives in their attempt to find permanent housing anywhere between Sacramento and Redding. (Dec. of R. Gibson, ¶ 11.) The stress of the housing search wore on them physically and mentally. It would often take multiple days to recover from each of their daylong trips looking for housing.

The stress caused by the fire on both Ronald and Lynda was severe. One morning, Ronald collapsed while brushing his teeth and had to be taken to the hospital. (Dec. of R. Gibson, ¶ 12.) Lynda was, and continues to, battle severe pain from her chronic health conditions. Instead of receiving local treatment, they had to drive hours to and from Chico for her medical care. (Dec. of R. Gibson, ¶¶ 7, 13.)

The first time that Ronald became aware of the deadline was at the start of December of 2019. (Dec. of R. Gibson, ¶¶ 4, 5.) However, this was also the first time that they were close to securing permanent housing since the fire. (Dec. of R. Gibson, ¶ 6.) Having finally found a place that fit their needs, securing it became their priority. They began moving into their new, empty house with very few possessions starting December 19. (Dec. of R. Gibson, ¶ 6.) The house required a lot of time and work to make it livable in the middle of winter. The time and effort required to diligently choose a law firm to represent them in their case made it impossible to file a claim by the deadline given their other, more immediate needs.

The fact that the Gibson's were focused on caring for their family and securing permanent housing for the first time since the fire should permit a finding of excusable neglect and the Court should grant the Motion.

//

//

**4. Conclusion**

For the reasons set forth above, the Creditors request that (1) the Court enter an order allowing the Creditor to file a claim against PG&E and Pacific Gas and Electric Company's Chapter 11 Bankruptcy and have the proof of claim be deemed timely; and (2) for such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: June 25, 2020          **DANKO MEREDITH**

By: */s/ Kristine K. Meredith*
KRISTINE K. MEREDITH
Attorney for Creditors
Ronald Gibson and Lynda Gibson

# Declaration of Ronald Gibson

I, Ronald Gibson, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.
2. I make this Declaration in support of this motion to allow late filing of proof of claim ("Motion"), filed by myself, Ronald Gibson, and my wife, Lynda Gibson, against the Chapter 11 Bankruptcy of PG&E and Pacific Gas and Electric Company.
3. I am informed and believe that facts set forth in this Declaration are true of my personal knowledge, and if called upon to do so I could and would competently testify to these facts.
4. I did not receive a letter in the mail from PG&E and Pacific and Gas Electric Company stating I only had 21 days left to file a proof of claim.
5. I did not learn of the deadline to file a proof of claim until December 2019.
6. My wife and I began to move into our new home in Red Bluff on December 19, 2019.
7. My wife has multiple serious medical conditions that can cause severe pain and have required multiple surgeries.
8. My daughter's husband had recently passed away at the time of the fire.
9. My wife and I are both 78 years old.
10. Following the Camp Fire, my wife and I stayed in multiple hotels, with family, and in a rental.
11. My wife and I were looking for suitable housing for months before we found our new home.
12. I had to be taken to Methodist Hospital following a collapse that I attribute to the fire.
13. My wife now receives her medical treatment in Chico, CA.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2020.

DocuSigned by:

*RONALD GIBSON*

RONALD GIBSON