1    Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
2    333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
3    Telephone: (650) 453-3600
4    Facsimile: (650) 394-8672
kmeredith@dankolaw.com
5

6    Eric Gibbs (SBN 178658)                  Dario de Ghetaldi (SBN 126782)
Dylan Hughes (SBN 209113)              Amanda L. Riddle (SBN 215221)
7    **GIBBS LAW GROUP LLP**               **COREY, LUZAICH**
505 14th Street, Suite 1110                 **DE GHETALDI & RIDDLE LLP**
8    Oakland, California 94612                  700 El Camino Real
Telephone: (510) 350-9700                  P.O Box 669
9    Facsimile: (510) 350-9701                   Millbrae, California 94030
ehg@classlawgroup.com                     Telephone: (650) 871-5666
10   dsh@classlawgroup.com                     Facsimile: (650) 871-4144
deg@coreylaw.com
11                                                  alr@coreylaw.com
12

13   Attorney for
*Laura Schermeister*

14
                         UNITED STATES BANKRUPTCY COURT
15
                          NORTHERN DISTRICT OF CALIFORNIA
16
                                SAN FRANCISCO DIVISION
17

18   **In re:**                                          Case No. 19-30088
                                                   Chapter 11
19   **PG&E CORPORATION,**                         (Lead Case)

20   **&**
                                                   **MOTION TO ALLOW LATE FILING OF**
21   **PACIFIC GAS AND ELECTRIC**         **PROOF OF CLAIM; DECLARATION OF**
    **COMPANY,**                                      **LAURA SHERMEISTER**
22

23                      **Debtors.**                  Date: July 21, 2020
                                                   Time: 10:00 a.m.
24                                                    Place: United States Bankruptcy Court
                                                         Courtroom 17, 16th Floor
25                                                          San Francisco, CA 94102

26

27

28

                                                          1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATED TRUTEE, AND ALL INTERESTED PARTIES:

Laura Schermeister respectfully files this motion to allow late filing of proof of claim ('Motion") against the Chapter 11 Bankruptcy of PG&E Corporation and Pacific Gas and Electric Company. In support of the Motion, the Creditor respectfully represent as follows:

1. **Summary of Argument**

A creditor that was not scheduled and did not receive notice of a claims bar date may file a claim and have it deemed timely. In this case, Laura Schermeister was neither scheduled nor received notice of the bar date set in PG&E & Pacific Gas and Electric Company's bankruptcy. The Creditor has been diligently pursuing all rights and should not be barred from filing a timely claim against PG&E and Pacific and Gas Electric Company's bankruptcy.

2. **Factual Background**

    A. **The PG&E and Pacific Gas and Electric Company Chapter 11 Case**

On ('Petition Date), PG&E and Pacific Gas and Electric Company filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Case"). See Court's PACER Docket for Case No. 19-30088 as of June 19, 2020.

3. **Legal Argument**

    A. **Creditors were not given notice of the Claims Bar Date**

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly

would have been permitted to find 'excusable neglect' [under FRBP 9006]."). In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

"[D]ue process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims bar date before it is effective against the creditor." *Monster Content, LLC v. Homes.com, Inc.*, 331 B.R. 438, 442 (N.D. Cal. 2005). Indeed, the Ninth Circuit has held that "the creditor who is not given notice, even if he has actual knowledge of the reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings." *In re Maya*, 78 F.3d 1395, 1399 (9th Cir.1996). A late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

In this case, the Court should grant the Motion and allow the Trustee to file a timely-claim based on the lack of notice and the fact that leading up to the claim's deadline, Laura Schermeister was consumed with trying to save her small wine making business and taking care of herself and her family from the devastation caused by the Nuns Fire. (Dec. of L. Schermeister, ¶¶ 4, 7, 9.) She had just recently gotten married to her husband, and instead of living their lives in newlywed bliss, they were trying to recover from the horrific impact on their lives caused by the Nuns Fire. (Dec. of L. Schermeister, ¶ 5.)

Mrs. Schermeister was spending nearly 100 hours a week trying to keep the wine business afloat. (Dec. of L. Schermeister, ¶ 7.) The wine industry suffered a major setback due to the lack of tourism in the area after the fires, so they had to work extra hard to get their young business off the ground. Her and her husband were the only two employees, so everything fell onto their shoulders. (Dec. of L. Schermeister, ¶¶ 6, 7.) Mrs. Schermeister

3

spent long days marketing, attending every possible community event, designing the new storefront, and countless other tasks that needed to be done. (Dec. of L. Schermeister, ¶ 7.)

On top of the business concerns, the itemization and time required by insurance, and securing housing, Mrs. Schermeister was also attending counseling to help process the trauma caused by the fire. (Dec. of L. Schermeister, ¶¶ 8, 9.) Her depression had significant effects on her ability to be productive. Eventually she was prescribed antidepressants to help her move forward. (Dec. of L. Schermeister, ¶ 9.) During this turbulent time, Mrs. Schermeister did not receive notice from PG&E and Pacific and Gas Electric Company that the claims deadline was rapidly approaching, and by the time she was able to come up for air, the claims deadline had passed. (Dec. of L. Schermeister, ¶ 4.)

Considering the fact that Mrs. Schermeister did not receive notice and was trying to keep her families livelihood going, while processing the significant emotional impact of losing everything in the fire, a finding of excusable neglect should be permitted, and the Court should grant the motion.

### 4. Conclusion

For the reasons set forth above, the Creditor requests that (1) the Court enter an order allowing the Creditor to file a claim against PG&E and Pacific Gas and Electric Company's Chapter 11 Bankruptcy and have the proof of claim be deemed timely; and (2) for such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: June 24, 2020             **DANKO MEREDITH**

By: */s/ Kristine K. Meredith*
KRISTINE K. MEREDITH
Attorney for Creditor
Laura Schermeister

# Declaration of Laura Schermeister

I, Laura Schermeister, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.
2. I make this Declaration in support of this motion to allow late filing of proof of claim ("Motion"), filed by myself against the Chapter 11 Bankruptcy of PG&E and Pacific Gas and Electric Company.
3. I am informed and believe that facts set forth in this Declaration are true of my personal knowledge, and if called upon to do so I could and would competently testify to these facts.
4. I did not receive a letter in the mail from PG&E and Pacific and Gas Electric Company stating I only had 21 days left to file a proof of claim.
5. I married Robert Schermeister shortly before the Nuns Fire.
6. I am a co-owner of Schermeister Winery with my husband Robert and together, we are the winery's only two employees.
7. Following the fire, I was spending up to 100 hours a week trying to save Schermeister Winery from ruin caused by the fire.
8. My husband and I spent significant time trying to find housing, replace necessary items lost in the fire, and completing an itemized list of all our possessions for insurance.
9. I attended counseling and began taking antidepressants as a result of the depression the fire brought on.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2020.

*Laura Schermeister*
LAURA SCHERMEISTER