| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com) |
| 3 | Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com) |
| 4 | Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com) |
| 5 | Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com) |
| 6 | Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com) |
| 7 | 767 Fifth Avenue<br>New York, NY 10153-0119 |
| 8 | Tel: 212 310 8000<br>Fax: 212 310 8007 |
| 9 | KELLER BENVENUTTI KIM LLP |
| 10 | Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com) |
| 11 | Jane Kim (#298192)<br>(jkim@kbkllp.com) |
| 12 | 650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| 13 | Tel: (415) 496-6723<br>Fax: (415) 636-9251 |

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DEBTORS' OBJECTION TO WILLIAM B. ABRAMS' MOTION FOR RECONSIDERATION AND RELIEF FROM THE ORDERS PURSUANT TO U.S.C. §§ 363(b) AND 105(a) AND BANKRUPTCY RULE 9024 APPROVING THE PARTIES' JOINT STIPULATION REGARDING THE REGISTRATION RIGHTS AGREEMENT AND RELATED AGREEMENTS OF THE FIRE VICTIM TRUST [DKT. NO. 7918]**<br><br>Related Docket Nos. 7918, 7974, 7999, 8000, 8006, 8008, 8023, 8046 |

The Debtors hereby submit this Objection (the "**Objection**") to the *William B. Abrams Motion for Reconsideration and Relief from the Orders Pursuant to U.S.C. §§ 363(b) and 105(a) and Bankruptcy Rule 9024 Approving the Parties' Joint Stipulation Regarding the Registration Rights Agreement and Related Agreements of the Fire Victim Trust [Dkt. No. 7918]* [Docket No. 7974] (the "**Motion**" and Mr. Abrams, "**Abrams**") and the joinders thereto [Docket Nos. 8023 and 8046].[1]

## OBJECTION

By his Motion, Abrams seeks to undo the RRA Stipulation that was the result of a mediated settlement before Ret. Judge Newsome and was the product of extensive and good-faith negotiations among (i) the Debtors, (ii) the TCC, the fiduciary for all wildfire victims in these Chapter 11 Cases, and (iii) Justice John K. Trotter (Ret.), who has been approved by this Court to serve as the Fire Victim Trustee. The RRA Stipulation was a significant achievement in connection with meeting the June 30, 2020 deadline imposed under AB 1054. It also is an important element to the market raise of the equity financing on the most economically advantageous terms that is part of the exit financing for the Debtors' emergence from chapter 11.

The RRA Stipulation sets forth the agreement among the parties thereto as to both the form of the registration rights agreement to be entered into by the Fire Victim Trust (the "**RRA**") and the related equity underwriter lock-up agreements (the "**Underwriter Lock-Ups**"). Absent an agreement regarding the terms of both the RRA and Underwriter Lock-Ups, the Debtors would have been unable to commence the marketing of their public equity offerings to raise the funds needed to make distributions under the Plan, including the $5.4 billion in cash to be distributed to the Fire Victim Trust. Given the impending deadline for confirmation of the Plan, notice of the RRA Stipulation was reasonable and appropriate under the circumstances.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the *Parties' Joint Stipulation Regarding the Registration Rights Agreement and Related Agreements of the Fire Victim Trust* [Docket No. 7913] (the "**RRA Stipulation**") or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Docket No. 8048] (the "**Plan**"), as applicable.

Abrams has presented no evidence of impropriety or conflict of interest, or any evidence that would warrant reconsideration of the RRA Stipulation. In the complete absence of any such evidence, the Court should not undo the good-faith settlement of the parties and potentially jeopardize the Plan that was overwhelmingly accepted by all wildfire victims.

Dated: June 25, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Stephen Karotkin*
Stephen Karotkin

*Attorneys for Debtors and Debtors in Possession*