| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 |

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION ENLARGING TIME FOR AARON DUSHAY MCFALL TO FILE PROOF OF CLAIM**

[Related to Dkt. Nos. 8051-52]

Resolving Motion set for Hearing on July 21, 2020 at 10:00 a.m. PT

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Aaron Dushay McFall ("**Movant**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order enlarging the time for Movant to file a proof of claim in the Chapter 11 Cases as set forth herein. The Debtors and Movant are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A.  On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B.  By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims.

C.  By Order dated November 11, 2019, the Bankruptcy Court extended the Bar Date until December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time), solely for the benefit of any non-governmental Fire Claimants who had not filed proofs of claim by the Original Bar Date.

D.  By Order dated June 20, 2020 [Dkt. No. 8053] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19,*

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order or the Plan (as defined below), as applicable.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

E. On June 20, 2020, Movant filed the *Motion Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) to Deem Aaron Dushay McFall's Claim Timely Filed* [Dkt. No. 8051] (the "**Motion**"), in which Movant asserts he should be permitted to file a late claim for damages allegedly sustained as a result of the Camp Fire (the "**Asserted Claim**"). The Motion is set for hearing on July 21, 2020 (the "**Hearing**"). *See* Dkt. No. 8052.

F. On June 18, 2020, Movant filed Proof of Claim No. 105798 on account of the Asserted Claim that is the subject of the Motion (the "**Proof of Claim**").

G. The Debtors have raised with Movant certain informal objections to the relief requested in the Motion.

H. The Official Committee of Tort Claimants and the Fire Victim Trustee have reviewed the Stipulation and, based on the facts presented in the Motion, have no objection to the agreements set forth herein or to entry of an Order approving the terms of the Stipulation.

I. The Parties hereto desire to resolve their issues regarding the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Proof of Claim shall be deemed timely filed.

2. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or any other party in interest of any right to (i) object to the Asserted Claim or the Proof of Claim on any grounds other than the untimely filing thereof, or (ii) seek to reclassify the Proof of Claim.

3. Nothing herein is intended to, nor shall it be construed to be, a waiver by Movant of his right to seek to reclassify the Proof of Claim or to assert any other right in contravention to or in opposition of any asserted challenge to the Proof of Claim.

4. Upon entry of an Order approving the terms of this Stipulation, the Motion shall be deemed withdrawn with prejudice and the Hearing vacated.

5. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

6. This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | | |
|---|---|---|
| Dated: June 26, 2020 | | Dated: June 26, 2020 |
| WEIL GOTSHAL & MANGES LLP | | THE KANE LAW FIRM |
| /s/ *Matthew Goren* | | /s/ *Bonnie Kane* |
| Matthew Goren, Esq. | | Bonnie Kane, Esq. |
| *Attorneys for Debtors and Debtors in Possession* | | *Attorneys for Aaron Dushay McFall* |