Bill Robins III, Esq. (SBN 296101)
Robert T. Bryson, Esq. (SBN 156953)
Rex Grady, Esq. (SBN 232236)
**ROBINS CLOUD LLP**
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone: (310) 929-4200
Facsimile: (310) 566-5900

Attorneys for Bankruptcy Claimants,
STEPHEN PUTNAM HERRIN, individually and
as Trustee of the DONALD E. RYCKMAN and
ROSEMARY H. RYCKMAN REVOCABLE
TRUST DATED FEBRUARY 25, 1999

Matthew W. Grimshaw, Esq. (SBN 210424)
**GRIMSHAW LAW GROUP, P.C.**
130 Newport Center Drive, Ste. 140
Newport Beach, California 92660
Telephone: (949) 734-0187
Facsimile: (208) 391-7860

Counsel for Robins Cloud LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY<br><br>       Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING WITHDRAWAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES |

/ / /

/ / /

/ / /

1

Case: 19-30088    Doc# 8139    Filed: 06/26/20    Entered: 06/26/20 18:23:09    Page 1 of 6

1  TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT
2  JUDGE, AND ALL INTERESTED PARTIES:
3   NOTICE IS GIVEN that the Firm of ROBINS CLOUD LLP, current attorneys of record for
4  Judgment Creditor, Stephen Putnam Herrin, individually and as Trustee of the Donald E. Ryckman and
5  Rosemary H. Ryckman Revocable Trust Dated February 25, 1999, will and hereby does move this Court
6  for an Order Authorizing Withdrawal of Counsel in the Bankruptcy case referenced above. This Motion
7  is pursuant to the applicable Rules of Procedure and is based upon this notice, the motion itself, the
8  accompanying memorandum of points and authorities, the declaration of Rex Grady, and the pleadings
9  and documents on file in this case.
10   PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 7007-1 of the Local
11  Rules, any response or opposition must be filed with the Clerk of Court no later than fourteen (14) days
12  from the date of service of this Notice, plus an additional three (3) days. Any response must comply
13  with the requirements of Rule 7007-1, 9013-1, 9013-2 and 9013-3 of the Bankruptcy Local Rules.
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27
28

2

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING WITHDRAWAL OF COUNSEL
Case No. 19-30088 (DM)

If there is no timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party.

DATED: 26 June 2020                ROBINS CLOUD LLP

*[signature]*

_____
REX GRADY, Esq.

Attorneys for Judgment Creditor,
STEPHEN PUTNAM HERRIN, individually and as Trustee of the Donald R. Ryckman and Rosemary H. Ryckman Revocable Trust Dated February 25, 1999

GRIMSHAW LAW GROUP, P.C.

*[signature]*

_____
MATTHEW W. GRIMSHAW, Esq.
Counsel for Robins Cloud LLP

## 1. Relevant Facts

Robins Cloud LP ("Firm"), counsel of record[1] for Judgment Creditor, Stephen Putnam Herrin, individually and as Trustee for the Donald E. Ryckman and Rosemary H. Ryckman Revocable Trust Dated February 25, 1999 ("Trust"), respectfully submits this Motion for Order Authorizing Withdrawal of Counsel ("Motion") pursuant to Rule 7007-1, 9013-1, 9013-2, 9013-3 and 9014 of the Bankruptcy Local Rules.

In support of this Motion, the Firm represents as follows:

On or around January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case number 19-30088 in the Bankruptcy Court for the Northern District of California ("Bankruptcy Case"). *Grady Declaration*, at ¶ 5.

On December 26, 2019, Mr. Herrin signed a retainer agreement ("Agreement") with the Firm, engaging the Firm for legal representation in connection with the Bankruptcy Case. *Id.*, at ¶ 6. That same day, the Firm filed Claim No. 91428 on behalf of Mr. Herrin individually and Claim No. 91749 on behalf of the Trust. *Id.*

In the first half of May of 2020, it became clear to the Firm that an irreconcilable breakdown in the attorney-client relationship had occurred.

Unbeknownst to the Firm beforehand, "Withdrawal of Claim" forms bearing Mr. Herrin's signature were filed with the Bankruptcy Court for the Northern District of California, San Francisco Division, through the Prime Clerk web portal, withdrawing the claims the Firm filed on behalf of Mr. Herrin individually and on behalf of the Trust. *Id.*, at ¶ 7.

The logical inference to be drawn from the filing of the "Withdrawal of Claim" forms is that Mr. Herrin no longer wishes to pursue them, either individually or on behalf of the Trust, and has no further need for counsel in this matter.

Based on these circumstances, good cause exists for the Court to enter an Order relieving the

---

[1] Robins Cloud LLP retained Grimshaw Law Group, P.C. as bankruptcy counsel to, among other things, assist it in filing this motion. Grimshaw Law Group has no contractual or attorney/client relationship with Mr. Herrin or the Trust.

Firm as counsel of record for Mr. Herrin individually and as Trustee of the Trust.

## 2. Argument

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

Furthermore, California's professional ethics Standing Committee has opined that when seeking leave of court to withdraw as counsel, it will "ordinarily…be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal or that there has been an irreconcilable breakdown in the attorney-client relationship." Formal Opinion No. 2015-192.

In the case at bar, the existence of an irreconcilable breakdown of the attorney-client relationship is manifest in the withdrawal by Mr. Herrin of the claims filed by the Firm on behalf of himself and the Trust. The withdrawal of the claims is also evidence that no claims which the Firm was assisting Mr. Herrin with are presently before the Court. This constitutes good cause for the Court to grant leave for the Firm to withdraw as counsel of record.

To the extent that Mr. Herrin requests that the Firm turn over any files or information that he is entitled to, the Firm will cooperate and transmit such files. *Grady Declaration*, at ¶ 8.

## 3. Conclusion

For the foregoing reasons and for the reasons set forth in the Declaration of Rex Grady, submitted in support of this Motion, the Firm respectfully requests that the Court enter an Order granting the Firm leave to withdraw as counsel of record for Mr. Herrin and the Trust.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Firm additionally requests that the date of withdrawal be retroactive to the date of the withdrawal by Mr. Herrin of the two claims filed by the Firm for Mr. Herrin personally and for the Trust.

Respectfully submitted.

DATED: 26 June 2020

ROBINS CLOUD LLP

_____
REX GRADY, Esq.

GRIMSHAW LAW GROUP, P.C.

_____
MATTHEW W. GRIMSHAW, Esq.

Attorneys for Judgment Creditor,
STEPHEN PUTNAM HERRIN,
INDIVIDUALLY AND AS TRUSTEE OF THE
DONALD R. RYCKMAN AND ROSEMARY H.
RYCKMAN REVOCABLE TRUST DATED
FEBRUARY 25, 1999