**Entered on Docket**
**June 29, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: June 26, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER DENYING MOTIONS TO SHORTEN TIME AND RECONSIDER

Creditor William Abrams ("Creditor") filed a motion to reconsider this court's order Approving a Joint Stipulation Regarding the Registration Rights Agreement (dkt. #7974) (the "Motion") and a motion to shorten time for the Motion to be heard (dkt. #7999). Two parties joined the Motion (dkt. ##8023, 8046) and the court directed the Tort Claimants Committee ("TCC") and the trustee for the fire victims' trust ("Trustee") to respond (dkt. #8008). Debtors

also filed a response (dkt. #8120). The court has reviewed the pleadings and will dispose of these motions without a hearing.

Creditor seeks reconsideration, which may be accomplished through application of Federal Rules of Civil Procedure ("FRCP") 59(e) or 60(b), made applicable here through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007). Neither rule recognizes a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, FRCP 59(e) contemplates a motion to alter or amend a judgment. Under FRCP 59(e), amendment of a judgment is justified where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party may not use a motion to amend as a vehicle "to present a new legal theory for the first time," "to raise legal arguments which could have been raised in connection with the original motion," or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.*, 344 B.R. 94, 103 (9th Cir. BAP 2006), aff'd and remanded, 277 Fed. Appx. 718 (9th Cir. 2008). Similarly, FRCP 60(b) permits a Court to reconsider a prior judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d at 1263.

The Motion deals primarily with the Registration Rights Agreement (the "Agreement") that was stipulated to and entered into by Debtors, the TCC, and the Trustee (dkt. #7913) regarding the fire victims' trust. Creditor first contends that the Agreement ignores significant conflicts of interest regarding the selection of the Royal Bank of Canada as the investment banking firm for the fire victims' trust. As the Trustee states in his response (dkt. #8118), the Royal Bank of Canada has not been chosen as the investment banking firm for the trust. The trust has not yet chosen a firm to act as its investment advisor, but the Trustee states that the procedure in place involves review of any conflicts of interest, and involves the oversight

committee as well as the Trustee's legal and financial advisors.  The court is satisfied with this explanation and does not perceive this to be newly discovered evidence, nor does it consider this information relevant to its prior approval of the Agreement.  In its response (dkt. #8127), the TCC also points out that Creditor does not have standing to bring the Motion because the court-approved RSA that serves as the operative, negotiated agreement between the parties, only permits the TCC and another group of fire victims to object to or otherwise accept or reject a registration rights agreement as part of that operative RSA.

The Motion also takes issue with the current arrangement regarding the stock in the fire victims' trust, asserting that its value is inflated, and that the Agreement forces victims to hold on to their shares while other parties may freely sell and trade without a significant lock-up period.  Again, this is not newly discovered evidence or a showing of error.  Instead, Creditor objects to the terms of the Agreement, which is not justification to reconsider.

In addition, Creditor points out that the Agreement does not protect victims from the devastating effects of another fire, especially as the lock-up period for the stock falls in the middle of a wildfire season, ensuring that fire victims will hold on to their stock during a fire and consequent stock drop.  The court is sympathetic to this concern but Creditor has raised it before and may not rehash those arguments here.  *See In re JSJF Corp.*, 344 B.R. at 103.

Finally, the Motion and creditor Karen Gowins in her joinder (dkt. #8046) point out that the order approving the stipulation was entered into merely hours after the stipulation was filed.  Neither creditor presents newly discovered evidence or anything else that would alter the outcome here.  In addition, the court and all parties to the Agreement are aware that the timeline for confirmation in this case was expedited and as a result, the court promised a quick turnaround on approving negotiated and stipulated resolutions.  The parties here have not raised any substantive issues regarding the merits of the Agreement, or the agreements that preceded it, that were not evaluated by the court prior to the Motion.

In sum, Creditor has not met his burden for a motion to reconsider.  Consequently, the Motion is hereby DENIED.  The related motion to shorten time is mooted by this denial.

*** END OF ORDER ***

# COURT SERVICE LIST

**William Abrams**
1519 Branch Owl Place
Santa Rosa, CA 95409