*Halima Zahib*
~~Aurang Zaib Khan~~, Et Al
1969 East Cooley Ave.
San Bernardino, CA 92408

Unsecured Creditor In Pro Se

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>                    Debtor.<br><br>In re:<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtor.<br><br>___ Affects PG&E Corporation<br><br>_x_ Affects Pacific Gas and Electric Company<br><br>___ Affects Both Debtors.<br><br>All papers shall be filed in the Lead Case No. 18-30088 (DM), or in the alternative (SC) | Case No.:3:19-bk-30088 (Lead Case)<br>Chapter 11<br>Case No.:3:19-bk-30089<br>Chapter 11<br><br>MOTION FOR RELEIF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE.<br><br>UNSECURED CREDITOR CLAIM NO. 7083<br><br>MOTION TO BE HEARD BY TELEPHONIC MEANS DUE TO THE UNSECURED CREDITOR DETERIORATED BODY'S IMMUNE SYSTEM, CAUSED BY POISONED BODY OF UNSECURED CREDITOR WITH DEBTOR'S BY-PRODUCTS, EITHER OR ALL, ARSENIC, URANIUM IN DECAY AND HEXAVALENT CHROMIUM, OR IN THE ALTERNATIVE HEARD IN THE UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE.<br><br>Date: 05/26/2020<br>Time: 1:30 pm<br>Room: Video Hearing Room 126<br>Place: 3420 12th St., Riverside, California 92501<br>Judge: Hon. Scott C. Clarkson<br>Objection Date Deadline: May 5, 2020 |

-1-

MOTION FOR RELEIF FROM AUTOMATIC STAY

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The undersigned Creditor hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) hereinafter the "Motion" to allow this Creditor's action in the United States Court of Appeals for the Ninth Circuit to continue, per docketed and attached hereto Judicial Notice, hereinafter the "Lis Pendens in the Ninth Circuit Court", that was filed long before the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, which caused an automatic stay pursuant to 11 U.S.C. § 362(a).

This Motion is based on accompanying Declaration, Memorandum of Points and Authorities set forth below, Request for Judicial Notice, and on such other and further evidence and matters that the Court may consider at the Hearing on the Motion, including but not limited on the massive volume of evidentiary moving papers and documents found therein the Judicial Notice, that resulted from five years of litigating the Debtor.

This Motion should be, as well, based upon latest test by WECK LABOLATORIES INC. attached hereto for reference, which reconfirms that the Debtor never abated, nor cleaned the Debtor's deadly by-products, Decomposed Arsenic, Uranium in Decay and Hexavalent Chromium, that resulted from the Debtor's criminal in nature operations in the town of Hinkley, California, where this Creditor resided, now a ghost town and virtually littered with murdered human body, with remaining approximately 120 Victims, out of 3,600 inhabitants.

This Motion is triggered by the massive hemorrhaged injustice that resulted therefrom the "tactical" and "premeditated" filed Chapter 11 in this Court, to procrastinate this Creditor's Lis Pendens in the Ninth Circuit Court and in the U.S. District Court on remand, with utmost disregard of human life and ongoing death (murdered) co-Creditors.

This Motion is also based upon this Creditor's pleas and prays not to be another dead body, before having a day in court, being the Trial by Jury on the Merits, which Merits were never considered by any Court to date, in fact, intentionally disregarded, further triggering the Debtor to "get away with murder", under the disguise and cover of Debtor's Chapter 11.

This Creditor further prays that this Court should consider "Life and Dead" issue, before Ordering Debtor out of Chapter 11 Bankruptcy, being confirmed, at expense of this Creditor.

-2-

MOTION FOR RELEIF FROM AUTOMATIC STAY

## I. Introduction.

As asserted herein, and therein at all of that Volumes within the Judicial Notice, the Lis Pendens against the Debtor by this Creditor were triggered by the genuine and uncontroverted evidence, that was intentionally prevented to be heard in a Trial by Jury, by the two Judges of the U.S. District Court for the Central District of California, and to be before the trier of facts.

This Creditor Complaint was filed before all other cases, being by the gas explosion and fire victims, and the Complaint of this Creditor is considered to be one of the oldest of all.

In fact, because the Debtor used, since 1952, carcinogens in their operations in the Town of Hinkley, California, all Victims from that town were poisoned with the discovered in the year 2000 Hexavalent Chromium, and by the ongoing discovery to date, February 2020, of the Debtors by-products, being Decomposed Arsenic and Uranium in Decay, this Creditor Complaints are one of the oldest unresolved Lis Pendens, triggered by the extreme gross negligence exhibited by the Debtor, and unlawfully protected (cover-up) criminal acts by the State of California Lahontan Regional Water Quality Control Board, a corrupted State of California Agencies, bribed by the Debtor, and by the draconian unscrupulous, in fact, illegal acts by two judges from the U.S. District Court Central District of California – Riverside.

Furthermore, such unprecedented vicious bias and draconian prejudice are so obvious, when any one read the decision made by the two judges from the U.S. District Court Riverside.

As of today, all Creditors from the Related Cases, related case are all of those found in the docketed Judicial Notice, found attached thereto the Declaration by this Creditor, are destined to die (murdered by the Debtor), due to EXTREMELY DAMAGED IMMUNE SYSTEM CAUSED BY ("CAUSATION") DEBTORS BY-PRODUCTS, IF CREDITORS TESTS POSITIVE CORONAVIRUS-19. Blood on the hands of all who ruled against this Creditor.

## II. Arguments

### A  Legal Standard

A party may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court shall grant relief from stay upon a showing of cause. (11 U.S.C. §362(d)(1).

MOTION FOR RELEIF FROM AUTOMATIC STAY

The Court determines cause on a case by case basis. *Christensen v. Tucson Estates, Inc.* in re *Tucson Estates, Inc.* 912 F.2d 1162, 1166 9th Cir.1990 (citation omitted). In determining whether cause exists to permit an action to proceed in a non-bankruptcy forum, courts often analyze the twelve factors set forth in *In re Curtis*, 40 B.R. 795 bankr.D. Utah 1984. These factors, known as the *Curtis* factors, are:

1. Whether the relief will result in a partial or complete resolution of the issues:
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceedings involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular case of action and whether that tribunal has the expertise to hear such case;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditor's, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of any stay and the balance of hurt.

*Curtis*, 40 B.R. at 799-800 (internal citation omitted); see also *In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal.2015); *In re Howrey*, 492 B.R. 19,24 (Bankr. N.D. Cal.2013); *Truebro, Inc. v. Plumberex Specialties Products, Inc.*), 311 B.R. 551,559, (Bankr. C.D. Cal.2004).

The Ninth Circuit has recognized that "*the Curtis* factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." (*In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009).) While the *Curtis* factors are widely used to determine the existence of cause, not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. (*Plumberex*, 311 B.R. at 560.) The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of

-4-

MOTION FOR RELEIF FROM AUTOMATIC STAY

such litigation on the administration of the estate." (*Roger*, 539 B.R. at 846, citing *Curtis*, 40 B.R. at 806.)

**B.    Application of the Curtis Factors**

**(Factors 3, 6, 8, and 9 are inapplicable to this matter.)**

   **1.  Whether the relief will result in a partial or complete resolution of the issues**

In the context of this bankruptcy case, this Creditor has potential claim that is yet to be disputed by the Debtor. Further, the Debtor must address this Creditor's claim in its reorganization plan, and if an objection is made and not resolved, the issue of voting by this Creditor would need to be addressed. Relief from stay as requested by this Creditor completely resolves these issues. **This factor favors relief from stay.**

   **2.  The lack of any connection with or interference with the bankruptcy case**

The resolution of the Ninth Circuit Court and the U.S. District Court will not interfere with the bankruptcy case. **This Creditor did not cause the bankruptcy** and will not be a significant matter in the bankruptcy case. Furthermore, the litigation expense itself is "irrelevant to this *Curtis* factor" and has been repeatedly held to be legally impermissible as basis for denying stay relief. (Roger, 40 B.R. at 847, 848, citing and quoting *Santa Clara City Fair Ass'n*), 180 B.R. 564, 566,-67 (9th Cir.BAP 1995)(Originally, litigation costs to a bankruptcy estate do not compel court to deny stay relief).) **This factor favor relief from stay.**

   **4.   Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases**

The Ninth Circuit has direct and detailed moving papers, documents, exhibits of the genuine and uncontroverted issues as well as the application of federal laws toward those issues. **This factor leans toward relief from stay.**

   **5.   Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation**

It is quite possible that the Debtor maintains insurance, which would cover this Debtor's claim; however, the stay in this case prevents this Creditor from conducting discovery. **Nevertheless, this factor favors relief from stay.**

MOTION FOR RELEIF FROM AUTOMATIC STAY

**7.      Whether the litigation in another forum would prejudice the interest of other creditor's, the creditor's committee and other interested parties**

This Creditor actions against the Debtor are all in the federal courts. Other actions not in any court, but before Law Enforcement Government Agencies are not part of the Debtor's bankruptcy.  Should it be determined that the Debtor's insurance covers Creditor's claims for damages then the Debtor's creditors will not be affected by this claim. **This factor favors relief from the stay.**

**10.      The interest of judicial economy and the expeditious and economical determination of litigation for the parties.**

"Where a bankruptcy court may abstain from deciding issues in favor of an imminent federal court trial involving the same issues, cause may exist for lifting the stay so as to the federal court trial. "(*In re Tucson Estates, Inc.*, 912 F.2d at 1166). **Judicial economy will be well served by granting relief from stay, including but not limited to settle the case for the claimed amount, rather than continue with the review of the massive Volumes of all claims by the Ninth Circuit and District courts on remand, which will trigger substantial cost and no judicial economy.  The Debtor, by initially manipulating the District Court for the Central District of California created such huge cost to all courts, disregarding judicial economy. Creditors have barely money to put food on the table and are not able to cough up with money for this motion. The Debtor are guilty for no judicial economy.** *See In re Kronemyer,* 405 B.R. 915, 922-923 (B.A.P. 9th Cir. 2009.) **The Federal courts action involves issue of federal laws, not bankruptcy issues.**

"[T]here can be no question that it would be 'more appropriate' for the non-bankruptcy court 'to first determine the non-bankruptcy issues, i.e., whether a claim exists and the damages therein ([W]rongful Death) if any.  After such determination, then the bankruptcy issue would become relevant.'"(*In re America West Airlines,* 148 B.R. 920, 924-925 (D.Ariz. 1993).) **[I]t would be waste of [bankruptcy court's]  judicial resources to attempt to estimate the claim and its priority.** (Id., 925; See also, In re Roger 539 B.R. 837; *In re Pac. Gas & Elec. Co.,* 279 B.R. 561, 570-71 (Bank N.D. Cal.2002)(finding that where law issues predominate

MOTION FOR RELEIF FROM AUTOMATIC STAY

over bankruptcy issues" and where all claimants "commenced litigation is in federal courts prior to petition date", abstention is favorable.).)

Many cases have held that a district court may properly consider the factor of judicial economy in deciding whether to lift an automatic stay. (*See Transamerica Insurance Co., v. Olmstead (In re Olmstead), 608 F.2d. 1365, 1368 (10th Cir. 1979); Harris v. Fidelity & Deposit Co. (In re Harris), 7 B.R. 284 (S.D. Fla. 1980).).* Here, there is no prejudice to the bankruptcy estate, only advantage. Furthermore, San Francisco is extremely farther than Hinkley,

**11. Whether the foreign proceedings have progressed to point of prepared for a Trial**

"Courts in the Ninth Circuit have granted relief from stay under § 362(d)(1) when necessary to permit pending litigation to be conclude in another forum if the non-bankruptcy suit involves multiple parties or ready for trial. "(In re Plumberex Specialty Products, Inc., 311 B.R. 551, 566 (Bakr. C.D. Cal.2001) 9Citing Tucson Estates, 912 F.2d at 1166).)

**Due to multiple parties – all related cases, this factor favor relief from stay.**

**12. The impact of the stay and the balance of hurt**

This Creditor stands to face significant harm (Dead by Murder, a Wrongful Death) should the stay persists. The stay have further contributed Extreme Infliction in Emotional Distress, on top of this creditor deteriorated to a point of killed the immune system, and due to such massive damage, CORONAVIRUS -19 will KILL INSTATLY this Creditor.

**THE IMPACT OF THE STAY, OVER A YEAR NOW, WITHOUT RELIEF, AND WITHOUT SETTLEMENT OF THE CLAIM IN THIS COURT, HAVE NOT ONLY PREJUDICED THIS CREDITOR, NOT ONLY HERT IRREPRABLY THIS CREDITOR, BUT IS NOW AT THE TIPING POINT OF DEAD – MURDERED BY THE DEBTOR AND BY THE JUDICIAL HEMORRHAGED SYSTEM.**

**III. Conclusion**

For the reasons outlined above, it is believed that relief from the automatic stay should be granted so that the actions in the Federal Courts be continue to judgment for the purpose of fixing the amount of this Creditor's claim in the Debtor's bankruptcy case. The relevant Curtis factors all point to relief of stay. The Massive Complaints are to continue.

-7-

MOTION FOR RELEIF FROM AUTOMATIC STAY

Dated: June 19, 2020

Respectfully submitted,

By: _____
HALIMA ZAHIB

MOTION FOR RELEIF FROM AUTOMATIC STAY

# MAY GOD HAVE MERCY ON THE MURDERED CREDITORS
## WRONGFUL DEATH.
### NEVER GOT THE PRAY TO HAVE TRIER OF FACTS

+ + + + + + + + + + + + + + + + + + + + + + + + + + + + + + + +

1. Tom Findley.   Massive tumors all over the body. Cancer.

2. Charles Jenkins. Chocked to death from Decomposed Arsenic. Cancer.

3. Gary Halsted. Massive Arsenic blisters all over the body (Cancer)

4. Monica Erving. Heart attack from blood cloth with Uranium in Decay.

5. Olga Richards. Decomposed Arsenic destroy the human bonds. Cancer.

6. Martha Blunt. Decomposed Arsenic damaged the liver. Cancer.

7. Craig Dishmon. Decomposed Arsenic damaged the human lungs.

8. Columbia Garza. Decomposed Arsenic severe damage to kidney.

9. Ronal Brown. Decomposed Arsenic damaged the human liver.

10. Gary Brown. Decomposed Arsenic damaged the human kidney.

11. Sandy Brown. Decomposed Arsenic damaged the urinal system.

12. Noel Corby. Decomposed Arsenic damaged the kidney.

## SEVERELY ILL CREDITOIRS
## MAY GOD HAVE MERCY ON THEIR SOUL

Herb Nethery;  2. Sam Cabrerta;  3. Shirley Holcroft;  4. William Bolin;
5. Carolyn Bolin; 6. Lloyd Vinson;  7. Barbara Vinson; 8. Norman
Halstead; 9. Kimberly Blowney; 10. Sandra Brown; 11. Charles Matthiesen;
12. Darlene Jenkins; 13. Jose Ornelas; 14. Keith Hawes;  15. Nick Panchev;
16. Martin Garza; 17. Saray Ordaz; 18. Daniel Williams; 19. Cindy Downing

Halima Zahib

1  ~~Aurang Zaib Khan~~, Et Al
   1969 East Cooley Ave.
2  San Bernardino, CA 92408

3
4  Unsecured Creditor In Pro Se

5

6              **UNITED STATES BANKRUPTCY COURT**

7          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8                    **SAN FRANCISCO DIVISION**

9

10  In re:                          Case No.:3:19-bk-30088 (Lead Case)
                                    Chapter 11
11  PG&E CORPORATION,               Case No.:3:19-bk-30089
                                    Chapter 11
12
                Debtor.            DECLARATION AND REQUEST FOR
13                                  JUDICIAL NOTICE IN SUPPORT OF MOTION
14  In re:                          FOR RELIEF FROM AUTOMATIC STAY BY
                                    THE UNSECURED CREDITOR IN PRO SE.
15  PACIFIC GAS AND ELECTRIC
16  COMPANY,                        UNSECURED CREDITOR CLAIM NO. 7083

17              Debtor.            TO BE HEARD BY TELEPHONIC
18                                  MEANS DUE TO THE UNSECURED
                                    CREDITOR DETERIORATED BODY'S
19  ___ Affects PG&E Corporation    IMMUNE SYSTEM, CAUSED BY POISONED
20                                  BODY OF UNSECURED CREDITOR WITH
                                    DEBTOR'S BY-PRODUCTS, EITHER OR
21  _x_ Affects Pacific Gas and     ALL, ARSENIC, URANIUM IN DECAY AND
    Electric Company                HEXAVALENT CHROMIUM, OR IN THE
22                                  ALTERNATIVE HEARD IN THE UNITED
23  ___ Affects Both Debtors.       STATES BANKRUPTCY COURT CENTRAL
                                    DISTRICT OF CALIFORNIA – RIVERSIDE.
24
    All papers shall be filed in the
25  Lead Case No. 18-30088 (DM), or  Date: 05/26/2020
26  in the alternative (SC)          Time: 1:30 pm
                                    Room: Video Hearing Room 126
27                                  Place: 3420 12th St., Riverside, California 92501
                                    Judge: Hon. Scott C. Clarkson
28

                                    -1-
   DECLARATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION
   FOR RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE

The undersigned Creditor hereby declares as follows:

1.     This Declaration is made and submitted in support of this Creditor Motion for Relief from Automatic Stay by this Creditor hereinafter the "Motion" and in support of this Request for Judicial Notice.

2.     Except as otherwise indicated, all statements set forth in this Declaration are based upon personal knowledge or review of relevant records and documents, including but not limited to review and use of related cases relevant records and documents, whether all excerpted therefrom, or otherwise applied to this Declaration and all other moving papers and documents. If called upon to testify, due to deteriorated Creditor's body's immune system, triggered by poisoned body of this Creditor with the Debtor's poisonous by-products present in the entire operation of the Debtor's facility and aquifer in the town of Hinkley, California, whether Decomposed Arsenic, and/or Uranium in Decay and/or the "draconian" Hexavalent Chromium, use in the Debtor's facility located in Hinkley California, this Creditor may not be able to be present at any location of the Bankruptcy Court and can hardly communicate telephonically. This Creditor is now destined to die if easily poisoned CV-19, MURDERED.

3.     This Creditor have been tested and show positive by the tests conducted by MYO CLINICAL LABORATORY, being poisoned at up to 500% over the legal limits, codified into law by United State Environmental Protection Agency, whether with the deadly Decomposed Arsenic, and/or Uranium in Decay, and/or with [N]ever removed from the town of Hinkley Aquifer Hexavalent Chromium, as to all being carcinogens, and not only deadly, but have drastically diminish the resistance of the Creditor's immune system to CV-1. A Criminal Act.

4.     The entire Aquifer where Creditor resided have being poisoned with one or more of the Debtor's by-products, and was tested by WECK Laboratories, Inc., not only tested positive but up to 6,000 % over the legal limits codified into law by United State Environmental Protection Agency, and on top of all genuine and uncontroverted evidence, there is a Docketed Letter in both courts, the U.S. District and the Ninth Circuit, from the Debtor top executive to State of California Lahontan Regional Water Quality Control Board, that clearly states that the Debtor is also responsible for poisoning with Arsenic, Uranium and Hexavalent Chromium.

-2

DECLARATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE.

5.     Furthermore, the major engineering and testing company ARCADIS USA Inc. have tested over a thousand water wells in the town of Hinkley, California and all tests exhibited massive poisoning with the Debtor's by-product Uranium in Decay, way over the legal limits, to 700% over. On top of all that testing the United States Geological Survey also tested the entire Aquifer in the town of Hinkley, California, for Debtors by-products: Decomposed Arsenic, Uranium in Decay and Hexavalent Chromium, and all test showed positive, for all carcinogens and deadly by-products.

6.     However, the District Court judges, Hon. Kenly Kyia Kato, Magistrate Judge and the judge assigned to this Creditor case, the Hon. Dolly M. Gee, intentionally, with draconian bias and prejudice, totally ignored all of the facts, all of the conceded guilt by the Debtor, all of the test of the human body of this Creditor, test construed as the ultimate tests by experts, who are currently involved in testing massive population for CV-19, being MAYO CLINICAL LABORATORY, and without any due process of law, nor ethics, nor following the F.R.C.P. whatsoever, manufactured lies, and only and without any de novo, intentionally, ignored all of the genuine and uncontroverted evidence, and only asserted that the this Creditor have presented "Hersey", "Unauthenticated Exhibits" and "Lay Opinions".   We all must ask in front of Federal Bureau of Investigation, if MAYO CLINICAL LABORATORY tests' reports are "Hersey", "Unauthenticated Exhibits" and "Lay Opinions". If that is not true, then the two judges have committed hemorrhaged justice, and must be removed from this Creditor case, when remanded.  Unless, the three judges panel from the Ninth Circuit are blindfolded, and clearly see the "conspiratorial behavior of the District Court judges, this Creditor case must be remanded with other judges and tried by a Jury Trial, after being remanded.

This Creditor prays for Just and Proper, as well as not die by wrongful death (murdered) prior to review by this Court of the massive volume of genuine and uncontroverted evidence (over thousands of pages) found therein at Docketed  JUDICIAL NOTICE 1 Attachment, and take a Judicial Notice, as well as rule on  this Creditor's Motion, in favor of Creditor, or in the alternative, order that Debtor resolves this Creditor Claim, in this Bankruptcy Court, rather than triggering massive complaints filings, Ethics and Criminal in nature, by this Creditor.

DECLARATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE

Case 18-20688  Filed 06/29/20  Entered 06/29/20 11:04:46  Page 12 of 26

Dated: June 19, 2020

Respectfully submitted,

By: _Halima Zahib_
HALIMA  ZAHIB

DECLARATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR
RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE.

Case: 19-30088    Doc# 8166    Filed: 06/23/20    Entered: 06/29/20 11:04:40    Page 13
of 26

# JUDICIAL NOTICE NO. 1

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AURANG ZAIB KHAN; HALIMA ZAHIB,

          Plaintiffs-Appellants,

v.

PACIFIC GAS & ELECTRIC COMPANY, a California corporation; DOES, 1 through 10, inclusive,

          Defendants-Appellees.

No. 18-56498

D.C. No. 5:16-cv-01060-DMG-KK
Central District of California, Riverside

ORDER

This appeal has been held in abeyance since February 25, 2019 due to the automatic stay imposed by 11 U.S.C. § 362.

The Clerk will administratively close this appeal. No mandate will issue in connection with this administrative closure, and this order does not constitute a decision on the merits. Within 28 days after any change to the automatic stay's effect in this appeal, any party may notify this court and move to reopen the appeal or for other appropriate relief.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Nitzana Alzalde
Deputy Clerk
Ninth Circuit Rule 27-7

Halima Zahib
~~Aurang Zaib Khan~~, Et Al
1969 East Cooley Ave.
San Bernardino, CA 92408

Unsecured Creditor In Pro Se

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>                    Debtor.<br><br>In re:<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                    Debtor.<br><br>___ Affects PG&E Corporation<br><br><br>_x_ Affects Pacific Gas and Electric Company<br><br>___ Affects Both Debtors.<br><br>All papers shall be filed in the Lead Case No. 18-30088 (DM), or in the alternative (SC) | Case No.:3:19-bk-30088 (Lead Case)<br>Chapter 11<br>Case No.:3:19-bk-30089<br>Chapter 11<br><br>NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE.<br><br>UNSECURED CREDITOR CLAIM NO. 7083<br><br>TO BE HEARD BY TELEPHONIC MEANS DUE TO THE UNSECURED CREDITOR DETERIORATED BODY'S IMMUNE SYSTEM, CAUSED BY POISONED BODY OF UNSECURED CREDITOR WITH DEBTOR'S BY-PRODUCTS, EITHER OR ALL, ARSENIC, URANIUM IN DECAY AND HEXAVALENT CHROMIUM, OR IN THE ALTERNATIVE HEARD IN THE UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE.<br><br>Date: 05/26/2020<br>Time: 1:30 pm<br>Room: Video Hearing Room 126<br>Place: 3420 12th St., Riverside, California 92501<br>Judge: Hon. Scott C. Clarkson<br>Objection Date Deadline: May 5, 2020 |

-1-

NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY
BY THE UNSECURED CREDITOR IN PRO SE

PLEASE TAKE A NOTICE that on May 26, 2020 at 1:30 pm at the United States Bankruptcy Court for the Central District of California – Riverside, located at 3420 12th St., Riverside, California 92501 at the Video Hearing Room 126, with the Hon. Scott C. Clarkson, alternate presiding judge, this unsecured Creditor will bring on a preliminary hearing its motion for relief from the automatic stay pursuant to 11 U.S.C. 362(d)(1) hereinafter the "Motion", to allow any and all appellate proceedings in the UNITED STATE COURT OF APPEALS FOR THE NINTH CIRCUIT PASADENA, CALIFORNIA, with three judges panel, the Hon. Carlos Tiburcio Bea; Hon. Patrick J. Bumatay; Hon. Lawrence VanDyke, hereinafter the "Ninth Circuit".

PLEASE TAKE FURTHER NOTICE THAT this Creditor was deprived by the Debtor's automatic stay to: (1) Seek Jury Trial, when this Creditor-Plaintiff-Appellant case is remanded by the Ninth Circuit to the U.S. District Court Central District of California Riverside, hereinafter the "District Court", based upon the true, genuine /uncontroverted Trier of Facts, which were intentionally removed from the records, by braking most of the District Court own rules, local rules and these applicable rules by the F.R.C.P., in a "draconian", prejudicial and biased manner, removed from the records by the Magistrate Judge Hon. Kenly Kiya Kato, and by the district judge Hon. Dolly M. Gee, which illegal acts by both judges caused the District Court case to be accepted by the Ninth Circuit; (2) deprived by the Debtor's automatic stay to file Peremptory Challenge against the District Court judges, Hon. Kenly Kiya Kato, and Hon. Dolly M. Gee, and seek other judges to preside in the demanded Jury Trial by this Creditor; (3) Deprived to seek Criminal Referrals by the law enforcement authorities against the Debtor, who was found guilty and declared a Felon in another jurisdiction and venue who has caused wrongful death (Murder), to many of the Creditors, poisoned with the Debtors by-products.

PLEASE TAKE FURTHER NOTICE THAT as provided in Local Rule 9014-1, any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice, but not later than May 5, 2020. As provided in Local Rule 4001-1(a), the Debtor is advised not only to appear, but to either Object to this Creditor's Motion, or in the alternative, offer to settle the case for $ 700,000.

Case: 19-30088    Doc# 8166    Filed: 06/23/20    Entered: 06/29/20 11:04:40    Page 17 of 26

Dated: June 19, 2020

Respectfully submitted,

By: _Halima Zahid_

HALIMA ZAHID

UNITED STATES BANKRUPTCY COURT

Northern District of California

In re: PG&E Corporation
            -and-
Pacific Gas and Electric Company

Debtor(s)

Bankruptcy No.: 19-30088 DM
R.S. No.:
Hearing Date: 05/    /2020
Time: 10:00 am

## Relief From Stay Cover Sheet

Instructions: Complete caption and Section A for all motions.  Complete Section B for mobile homes, motor vehicles, and personal property.  Complete Section C for real property.  Utilize Section C as necessary.  If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A)   Date Petition Filed: 01/29/2019          Chapter: 11
       Prior hearings on this obligation: None       Last Day to File §523/§727 Complaints: _____

(B)   Description of personal property collateral (e.g. 1983 Ford Taurus):

Secured Creditor  [   ] or lessor [   ]
Fair market value:        $_____          Source of value:_____
Contract Balance:        $_____          Pre-Petition Default:    $_____
Monthly Payment:        $_____                No. of months: _____
Insurance Advance:      $_____          Post-Petition Default:   $_____
                                                               No. of months: _____

(C)   Description of real property collateral (e.g. Single family residence, Oakland, CA):

Fair market value: $_____     Source of value:_____     If appraisal, date:_____

Moving Party's position (first trust deed, second, abstract, etc.):

Approx. Bal.         $_____          Pre-Petition Default:    $_____
As of (date): _____                        No. of months: _____
Mo. payment:         $_____          Post-Petition Default:   $_____
Notice of Default (date): _____                 No. of months: _____
Notice of Trustee's Sale: _____          Advances Senior Liens:   $_____

Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| 1st Trust Deed:_____ | $_____ | $_____ | $_____ |
| 2nd Trust Deed:_____ | $_____ | $_____ | $_____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| (Total) | $_____ | $_____ | $_____ |

(D)   ·   Other pertinent information:

Dated: June 19, 2020

_____
Signature

Halima Zahid
Print or Type Name

Attorney for Unsecured Creditor In Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
P.O. Box HD, Barstow, CA 92311

A true and correct copy of the foregoing document entitled (*specify*): RELIEF FROM STAY COVER SHEET;
MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
RELIEF FROM AUTOMATIC STAY BY THE UNSECURED CREDITOR IN PRO SE; NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC
BY MEANS OF TELEPHONIC DEVICE 442-285-7450; NOTICE OF HEARING ON THE MOTION; NOTICE APPEARANCE AND REQUEST FOR NOTICE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) ___04/___/2020___, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or, (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6-19-2020 | Shirley Holcroft | *Shirley Holcroft* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**



WECK LABORATORIES, INC.

# Certificate of Analysis
FINAL REPORT

| | |
|---|---|
| **Report Date:** | 1/27/20 |
| **Received Date:** | 1/13/2020 |
| **Turnaround Time:** | Normal |
| **Phones:** | (702) 32... |
| **Fax:** | |
| **P.O. #:** | |
| **Billing Code:** | |

**Project:** Well Testing

**Attn:** Jack Rosen

**Client:** Water Investigations
848 N. Rainbow Blvd., #122
Las Vegas, NV 89107

## Sample Results

**Sample:** Panchev        Sampled: 01/10/20 10:30 by Nick ......
     0A14064-06 (Water)

| Analyte | Result | MRL | Units | Dil | Analyzed | |
|---|---|---|---|---|---|---|
| Method: EPA 200.8 | Batch ID: W0A0849 | Instr: ICPMS05 | Prepared: 01/21/20 10:05 | | Analyst: dec | |
| Arsenic, Total | 330 | 0.40 | ug/l | 1 | 01/23/20 | |

0A14064

Case: 19-30088    Doc# 8166    Filed: 06/23/20    Entered: 06/29/20 11:04:40    Page 21 of 26


WECK LABORATORIES, INC.

# Certificate of Analysis
## FINAL REPORT

| | |
|---|---|
| **Report Date:** | 1/27/2020 |
| **Received Date:** | 1/13/2020 |
| **Turnaround Time:** | Normal |
| **Phones:** | (702) 301-4167 |
| **Fax:** | |
| **P.O. #:** | |
| **Billing Code:** | |

**Project:** Well Testing

**Attn:** Jack Rosen

**Client:** Water Investigations
848 N. Rainbow Blvd., #122
Las Vegas, NV 89107

## Sample Results

**Sample:** Holcreft

0A14064-03 (Water)

Sampled: 01/10/20 10:30 by Nick Rancha..

| Analyte | | Result | MRL | Units | Dil | Analyzed | Qualifier |
|---|---|---|---|---|---|---|---|
| Method: EPA 200.8 | Batch ID: W0A0849 | Instr: ICPMS05 | Prepared: 01/21/20 10:05 | | | Analyst: dec | |
| Arsenic, Total | | 300 | 0.80 | ug/l | 1 | 01/23/20 | .... |



WECK LABORATORIES, INC.

# Certificate of Analysis
### FINAL REPORT

| | |
|---|---|
| **Report Date:** | 1/27/2020 |
| **Received Date:** | 1/13/2020 |
| **Turnaround Time:** | Normal |
| **Phones:** | (702) 304-4197 |
| **Fax:** | |
| **P.O. #:** | |
| **Billing Code:** | |

**Project:** Well Testing

**Attn:** Jack Rosen

**Client:** Water Investigations
848 N. Rainbow Blvd., #122
Las Vegas, NV 89107

## Sample Results

**Sample:** Carrera
0A14064-01 (Water)

Sampled: 01/11/20 10:30 by Nick Panchev

| Analyte | | Result | MRL | Units | Dil | Analyzed | Qualifier |
|---|---|---|---|---|---|---|---|
| **Method:** EPA 200.8 | **Batch ID:** W0A0849 | **Instr:** ICPMS05 | **Prepared:** 01/21/20 10:05 | | | **Analyst:** dec | |
| Arsenic, Total | | 180 | 0.40 | ug/l | 1 | 01/23/20 | |

0A14064



WECK LABORATORIES, INC.

# Certificate of Analysis
### FINAL REPORT

| | |
|---|---|
| **Report Date:** | 1/27/2020 |
| **Received Date:** | 1/13/2020 |
| **Turnaround Time:** | Normal |
| **Phones:** | (702) 301-4167 |
| **Fax:** | |
| **P.O. #:** | |
| **Billing Code:** | |

**Project:** Well Testing

**Attn:** Jack Rosen

**Client:** Water Investigations
848 N. Rainbow Blvd., #122
Las Vegas, NV 89107

## Sample Results

**Sample:** Williams
0A14064-07 (Water)

Sampled: 01/10/20 10:30 by Nick Panchev

| Analyte | Batch ID | Result | MRL | Units | Dil | Analyzed | Qualifier |
|---|---|---|---|---|---|---|---|
| Method: EPA 200.8 | Batch ID: W0A0849 | Instr: ICPMS05 | Prepared: 01/21/20 10:05 | | | Analyst: dec | |
| Uranium, Total | | 140 | 0.40 | ug/l | 1 | 01/24/20 | M-02 |

Case: 19-30088    Doc# 8166    Filed: 06/23/20    Entered: 06/29/20 11:04:40    Page 24
of 26


**WECK LABORATORIES, INC.**

# Certificate of Analysis
### FINAL REPORT

| | |
|---|---|
| **Report Date:** | 1/27/2020 |
| **Received Date:** | 1/13/2020 |
| **Turnaround Time:** | Normal |
| **Phones:** | (702) 301-4187 |
| **Fax:** | |
| **P.O. #:** | |
| **Billing Code:** | |

**Project:** Well Testing

**Attn:** Jack Rosen

**Client:** Water Investigations
848 N. Rainbow Blvd., #122
Las Vegas, NV 89107

## Sample Results

**Sample:** Garza
0A14064-02 (Water)

Sampled: 01/11/20 10:30 by Nick Panchev

| Analyte | Result | MRL | Units | DF | Analyzed | Qualifier |
|---|---|---|---|---|---|---|
| **Method:** EPA 200.8 | | **Batch ID:** W0A0849 | **Instr:** ICPMS05 | **Prepared:** 01/21/20 10:05 | **Analyst:** dec | |
| Arsenic, Total | 110 | 0.40 | ug/l | 1 | 01/23/20 | |

Case: 19-30088    Doc# 8166    Filed: 06/23/20    Entered: 06/29/20 11:04:40    Page 25 of 26



WECK LABORATORIES, INC.

# Certificate of Analysis
### FINAL REPORT

 Notes and Definitions

| Item | Definition |
|---|---|
| M-02 | Due to the nature of matrix interferences, sample was diluted prior to preparation. The MDL and MRL were raised due to the dilution. |
| % Rec | Percent Recovery |
| Dil | Dilution |
| dry | Sample results reported on a dry weight basis |
| MDA | Minimum Detectable Activity |
| MDL | Method Detection Limit |
| MRL | The minimum levels, concentrations, or quantities of a target variable (e.g., target analyte) that can be reported with a specified degree of confidence. The MRL is also known as Limit of Quantitation (LOQ) |
| ND | NOT DETECTED at or above the Method Reporting Limit (MRL). If Method Detection Limit (MDL) is reported, then ND means not detected at or above the MDL. |
| NR | Not Reportable |
| RPD | Relative Percent Difference |
| Source | Sample that was matrix spiked or duplicated. |
| TIC | Tentatively Identified Compound (TIC) using mass spectrometry. The reported concentration is relative concentration based on the nearest internal standard. If the library search produces no matches at, or above 85%, the compound is reported as unknown. |

Any remaining sample(s) will be disposed of one month from the final report date unless other arrangements are made in advance.

An Absence of Total Coliform meets the drinking water standards as established by the California State Water Resources Control Board (SWRCB)

All results are expressed on wet weight basis unless otherwise specified.

All samples collected by Weck Laboratories have been sampled in accordance to laboratory SOP Number MIS002.

Reviewed by:

*Kim Tu*

Kim G. Tu
Project Manager

  

ELAP-CA #1132 • EPA-UCMR #CA00211 • Guam-EPA #17-008R • HW-DOH # • ISO17025 ANAB #L2457.01 • LACSD #10143 • NELAP-CA #04229CA • NELAP-OR #4047 • NJ-DEP #CA015 • NV-DEP #NAC 445A • SCAQMD #93LA1006

*This is a complete final report. The information in this report applies to the samples analyzed in accordance with the chain-of-custody document. Weck Laboratories certifies that the test results meet all requirements of TNI unless noted by qualifiers or written in the Case Narrative. This analytical report must be reproduced in its entirety.*