# EXHIBIT B

**(Redline Comparison)**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER APPROVING (A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND (B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | [Related to Dkt. No. 7758]<br><br>**Hearing Date:** **June 24, 2020**<br>**Time:** **10:00 am** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Motion, dated June 3, 2020 (the "**Omnibus Objections Motion**")[1] [Dkt. No. 7758], of PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (together, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an Order Approving (A) Procedures For Filing Omnibus Objections To Claims And (B) The Form And Manner Of The Notice Of Omnibus Objections; and consideration of the Omnibus Objections Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and certain objections to the Motion having been filed as well as certain joinders thereto [Dkt. Nos. 7975, 7985, 7992, 7993, 7994, 7995] (collectively, the "**Objections**"); and a hearing having been held on the Motion and the Objections on June 24, 2020 (the "**Hearing**"); and the Court having found and determined that notice of the Omnibus Objections Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Omnibus Objections Motion and the McWilliams Declaration submitted in support of the Omnibus Objections Motion; and this Court having determined that the legal and factual bases set forth in the Omnibus Objections Motion establish just cause for the relief granted herein, as modified in accordance with the record at the Hearing; and it appearing that the relief requested in the Omnibus Objections Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Omnibus Objections Motion is granted as provided herein and modified in accordance with the record at the Hearing. To the extent any Objections have not been resolved or withdrawn prior to, or on the record at, the Hearing, they are hereby overruled.

---

[1] Any capitalized terms defined in the Motion and not otherwise defined in this Order shall have the meaning defined in the Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* (as may be modified, supplemented, or amended from time to time, and together with any schedules of exhibits thereto, the "**Plan**"), as applicable.

2. The Omnibus Claim Objection Procedures are approved as follows:

    A. <u>Form of Omnibus Objection</u>. Omnibus Objections will be numbered consecutively, irrespective of basis.

    B. <u>Number of Proofs of Claim per Omnibus Objection</u>. The Debtors may object to no more than 250 claims per Omnibus Objection.

    C. <u>Grounds for Omnibus Objection</u>. The Debtors may object to the Proofs of Claim on the grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

        i. The amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

        ii. The claims were incorrectly classified;

        iii. The claims seek recovery of amounts for which the Debtors are not liable for the reason or reasons stated in the objection;

        iv. The claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish *prima facie* evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis;

        v. The claims are for reimbursement or contribution and are subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

        vi. The claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, such as the statute of limitations, that applies to 10 or more claims; and

        vii. Under the Plan, the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan.

    D. <u>Supporting Declaration</u>. The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

    E. <u>Proofs of Claim Exhibits</u>. An exhibit listing the Proofs of Claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), Debtors are not required to attach a copy of Proofs of Claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

        i. An alphabetized list of the Claimants whose Proofs of Claim are the subject of the Omnibus Objection;

        ii. The claim numbers of the Proofs of Claim that are the subject of the Omnibus Objection;

        iii. The amount of claim asserted in the Proof of Claim;

      iv.    The grounds for the objection; and

      v.    For Omnibus Objections in which the Debtors seek to reduce the amount of any given Proof of Claim, the proposed reduced claim amount.

F.    <u>Omnibus Claim Objection Notice</u>. Each Claimant whose claim is the subject of an Omnibus Objection will be sent an individualized notice of the Omnibus Objection (each, an "**Omnibus Claim Objection Notice**") in substantially the form attached to this Order as **Exhibit A**. The Omnibus Claim Objection Notice will be served on the individual Claimant by mail, not less than 37 days before the date set for hearing of the Omnibus Objection, at the address specified in the Proof of Claim and on any other representative of the Claimant identified in the Proof of Claim. The Omnibus Claim Objection Notice will, among other things:

      i.    Describe the basic nature of the Omnibus Objection;

      ii.    Inform the Claimant that its rights may be affected by the Omnibus Objection and encourage the Claimant to read the Omnibus Claim Objection Notice carefully;

      iii.    Inform the Claimant how it can readily obtain at no cost a copy of the full Omnibus Objection; and

      iv.    Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing, consistent with Bankruptcy Local Rule 9014-1(c), and describe the procedures for filing a written response (each, a "**Response**") to the Omnibus Objection.

Although the Omnibus Claim Objection Notice generally will be in the form attached to this Order as **Exhibit A**, it may be tailored specifically to address particular Claimants or types of Omnibus Objections.

G.    <u>Order if No Response</u>. The Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all Proofs of Claim for which the Debtors did not receive a timely Response, without further notice to the Claimants.

H.    <u>Each Objection Is a Contested Matter</u>. Each Proof of Claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to the Proof of Claim. <span style="color:red">Consistent with Bankruptcy Rule 3007(f), the finality of any order regarding a claim objection included in an Omnibus Objection shall be determined as though the claim had been subject to an individual objection.</span>

I.    <u>Requirements for All Responses to Objections</u>. Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Claimant whose Proof of Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Claimant.

      i.    <u>Contents</u>. Each Response must contain the following (at a minimum):

<ol type="a">
<li>A caption setting forth the name of the of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;</li>
<li>The Claimant's name, the designated Proof of Claim number(s), and an explanation for the amount of the Proof of Claim;</li>
<li>A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;</li>
<li>A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response;</li>
<li>The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim) will be sent to the new Notice Address in addition to other service address(es) already on file.</li>
</ol>

ii. <u>Additional Information</u>. To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf (the "**Additional Addresses**"). Unless an Additional Address is the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

iii. <u>Failure to Timely File a Response</u>. If the Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Claimant.

iv. <u>Service of the Response</u>. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Omnibus Claim Objection Notice, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice). Responses should be served via the Court's ECF system. In the case of Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Objection. If a Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Claimant must inform Debtors' counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

J.  Reservation of Rights.  Nothing in the Omnibus Claim Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or any other claims against the claimant.  Unless the Bankruptcy Court allows a Proof of Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Proofs of Claim (or to any other Proofs of Claim or causes of action filed by a claimant or that have been scheduled by the Debtors) at a later date; provided, however, that the Omnibus Claim Objection Procedures shall not apply to Fire Claims and Wildfire Subrogation Claims as set forth above..  An affected Claimant will receive a separate notice of any such additional objection.

3.  Notice of the Omnibus Objections Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

4.  **These Omnibus Claim Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.**

4.5.  The Omnibus ObjectionsClaim Objection Procedures set forth herein and approved pursuant to this Order shall not apply to any proofs of claimsclaim with respect to any Subordinated Debt Claims or HoldCo Rescission or Damage Claims as those are defined in the Plan (collectively, the "**Subordinated Securities Claims**").  Omnibus claims resolution and/or objection procedures with respect to the Subordinated Securities Claims, if any, shall be filed by the Debtors or Reorganized Debtors, as applicable, pursuant to a separate motion on appropriate notice.

5.6.  The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objections Motion.

6.7.  This Order is without prejudice to Debtors' ability to raise with this Court any aspect of the Omnibus Claim Objection Procedures, or of this Order, after entry of this Order.

7.8.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Exhibit A**

**Omnibus Claim Objection Notice**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutt@kbkllp.com))
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE COURT TO DISALLOW AND EXPUNGE YOUR CLAIM(S) IDENTIFIED ON THE FOLLOWING PAGE OF THIS NOTICE.**

**CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT PRIME CLERK, LLC, AT [ ]**

**THE LAST PARAGRAPH OF THIS NOTICE EXPLAINS HOW YOU CAN OBTAIN A COMPLETE COPY OF THE OBJECTION, AT NO COST TO YOU.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF THE DEBTORS' [ORDINAL] OMNIBUS OBJECTION TO CLAIMS** |
| **Debtors.** | **Response Deadline:** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Hearing Information If Timely Response Made:**<br><br>**Date:**<br>**Time:** |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

[Claimant Name]

| Filed | | | | | Basis for Objection | Proposed | | | Surviving | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Claim # | Debtor | Classification | Amount | | Debtor | Classification | Amount | Claim # | Amount |
| | | | | | | | | | | |

On [date], PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed their *[Ordinal] Omnibus Objection to Claims* (the "**Omnibus Objection**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**"). [A full copy of the Omnibus Objection may be obtained at no cost, as provided below.]

**Any Response (as defined below) to the Omnibus Objection must be filed and served upon the Debtors' Counsel by [date that is 14 days before hearing date] (the "Response Deadline");**

**Any Response must be accompanied by any declarations or memoranda of law any responding party wishes to present in support of its position;**

**If there is no timely Response, the Bankruptcy Court may enter an order granting the Omnibus Objection to your Proof(s) of Claim by default.**

**If you file a timely Response, the Hearing will be held at the date and time shown below. If factual disputes are presented by the Objection and the Response, the Hearing will proceed as a status conference; factual disputes will <u>not</u> be decided at the Hearing, but at a future evidentiary hearing that may be set at the Hearing. Issues of a purely legal nature, where facts are not in dispute, may be decided at the Hearing. [See Bankruptcy Local Rule 3007-1.]**

**If you file and serve a timely Response, the date, location and time of the Hearing are:**

    **[date and time]**

    **Courtroom 17, 16th Floor, 450 Golden Gate Ave., San Francisco, CA**

The Hearing will be held before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's *Amended General Order No. 38 In re: Coronavirus Disease Public Health Emergency*, dated March 30, 2020, **the Hearing will be conducted telephonically or by video conference. The courtroom will be closed**. All parties who wish to appear at the Hearing should refer to the Bankruptcy Court's website [ link ] for current information about how to appear. Debtors' Counsel will, as a courtesy and on request, provide by email to those who have filed timely Responses updated information regarding how to attend.

<span style="color:red">**These Omnibus Claims Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.**</span>

**BASIS FOR OBJECTION TO YOUR PROOF(S) OF CLAIM:** By the Omnibus Objection, the Debtors seek to disallow or reduce one or more of your Proof(s) of Claim (as defined therein) listed above on the grounds that the Proof(s) of Claim is/are:

[state grounds for objection].

If you do **NOT** oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you do NOT need to file a written Response to this Omnibus Objection and you do NOT need to appear at the Hearing.

**FILING AND SERVICE OF RESPONSE:** If you **DO** oppose the disallowance or reduction of your Proof(s) of Claim listed above, then you MUST file a response (a "**Response**"), in writing, with the Bankruptcy Court, and serve it on the counsel for the Debtors at the above-referenced email addresses so as to be received by no later than **4:00 p.m. (Pacific Time) on [•], 2020 (the "Response Deadline")**: You must file the Response through the Court's electronic case filing ("ECF") system if you have access to the ECF system; service on Debtors' Counsel will occur automatically upon ECF filing; and no separate service of your Response is required. If you do NOT have access to the ECF system, service must be made by electronic mail to the email addresses of the Debtors' counsel as shown on the Objection, and you must arrange for the Response to be filed with the Court within two business days thereafter. If you do not have the ability to serve a Response electronically, the Response must be served by mail, express or some other means so either (a) it is actually received by Debtors' Counsel by the Response Deadline, or (b) it is dispatched not later that the Response Deadline through a postal or commercial express service that will make actual delivery not more than two business days after the Response Deadline, and in that case the Claimant must inform Debtors' counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**CONTENTS OF RESPONSE** The Response must, at a minimum, include the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed; (ii) your name, the assigned number(s) of your Proof(s) of Claim, and an explanation for the amount of the Proof(s) of Claim; (iii) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection; (iv) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; (vi) your name, address, telephone number, and/or the name, address, and telephone number of your attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any; and (vii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on your behalf, if any.

If the Bankruptcy Court does not disallow or reduce your Proof(s) of Claim listed above, then the Debtors have the right to object on other grounds to your Proof(s) of Claim at a later date. You will receive a separate notice of any such objection.

**TO GET COPIES OF THE COMPLETE OBJECTION:** Copies of the complete Omnibus Objection and the other pleadings and documents identified herein can be viewed and/or obtained: (i) by accessing the Bankruptcy Court's website at http://www.canb.uscourts.gov [PACER account required], (ii) for free by download from on the Debtors' approved notice and claim agent's website at https://restructuring.primeclerk.com/pge/Home-DocketInfo, or (iii) by mail, for free, by calling Prime Clerk LLC at (844) 339-4217 (Toll Free) or by email at pgeinfo@primeclerk.com to request a complete copy of the Omnibus Objection, including all Exhibits.

Dated: [•], 2020          **WEIL, GOTSHAL & MANGES LLP**
                               **KELLER BENVENUTTI KIM LLP**

                               /s/ _____
                                 Peter J. Benvenutti

*Attorneys for Debtors and Debtors in Possession*