WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:   (415) 496-6723
Fax:   (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>　　　　　　　　　**Debtors**.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND JOHN LEE CLARK FOR LIMITED RELIEF FROM AUTOMATIC STAY**<br><br>Related to Dkt No. 7964-65<br><br>Resolving Motion set for Hearing on July 7, 2020 at 10:00 am PT |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  This stipulation ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the

2  "**Utility**"), as a debtor and debtor in possession in the above captioned cases (the "**Chapter 11**

3  **Cases**"), on the one hand, and John Lee Clark ("**Clark**"), on the other hand. The Debtors and

4  Clark are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The

5  Parties hereby stipulate and agree as follows:

6  **RECITALS**

7  A.  On July 10, 2018, Clark commenced a civil action against the Utility and Does 1-

8  25, in the Superior Court of the State of California, County of San Francisco (the "**State**

9  **Court**"), styled as *Clark v. Pacific Gas and Electric Company et al.*, Case No. CGC-18-567964

10 (the "**State Court Action**"), in order to pursue alleged claims against the Utility arising out of an

11 explosion and fire that occurred on January 12, 2017, at real property located on 2209 South

12 George Washington Boulevard in Yuba City, California (the "**Claims**").

13 B.  The Utility, along with PG&E Corporation ("**PG&E Corp.**", and together with

14 the Utility, the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition**

15 **Date**").

16 C.  Since the Petition Date, and pursuant to section 362(a) of the title 11 of the United

17 States Code (the "**Bankruptcy Code**"), the State Court Action has been stayed against the

18 Utility.

19 D.  On October 15, 2019, Clark filed Proof of Claim No. 57306 against the Utility on

20 account of the Claims set forth in the State Court Action (the "**Proof of Claim**").

21 E.  On June 15, 2020, Clark filed the *Motion for Relief from Stay to Permit the*

22 *Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial*

23 *Matters in Connection with Creditor, John Lee Clark's Complaint for Damages, or in the*

24 *Alternative, for Abstention* [Dkt. No. 7964] (the "**Motion**"). The Motion seeks relief from the

25 automatic stay to permit Clark to resume prosecuting the State Court Action against the Utility.

26 The Motion is currently set for hearing (the "**Hearing**") before the Bankruptcy Court on July 7,

27 2020. *See* Dkt. No. 7965.

28

WEIL:\97527265\4\67615.0014

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

F.  On June 20, 2020, the Bankruptcy Court entered an order confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* (as may be modified, amended, or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

G.  The Utility believes that the terms set forth herein represent a fair and reasonable resolution of the Motion and that, in view of the benefit to their estates from this Stipulation, it is in the best interest of their estates to avoid the burden and cost that would be associated with opposing the Motion.

H.  The Parties thus agree that, pursuant to section 362(d) of the Bankruptcy Code, it is appropriate to modify the automatic stay for the limited purposes described herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1.  This Stipulation shall be effective as of the date of entry of an order by the Court approving it (the "**Effective Date**").

2.  Upon the Effective Date, the Parties shall engage in mutual good faith efforts to schedule a mediation with respect to the Claims that are the subject of the State Court Action and the Proof of Claim (the "**Mediation**"), to occur within 60-90 days of the Effective Date, with the understanding that the Parties will be unable to fully control the timing of the Mediation and that such timing may be delayed for reasons outside of their control.

3.  Not less than thirty (30) days prior to the first scheduled date of the commencement of the Mediation, Clark shall provide the Utility with the following information: (a) a summary of all claimed damages by category; (b) a complete set of medical records; (c) any support for claimed lost wages or other elements of claimed damages; and (d) a specific monetary demand.

4.  Upon the Effective Date, the automatic stay (or Plan injunction, as applicable) shall be modified, to the extent necessary and with waiver of any stay under Federal Rule of

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Bankruptcy Procedure 4001(a)(3), solely to permit the Parties to engage in the settlement and mediation activities described in paragraphs 2 and 3 above.

5. In the event that, after the Parties have engaged in mutual good faith efforts to settle the Claims that are the subject of the State Court Action and the Proof of Claim, the Mediation fails to result in such settlement of all such claims, the automatic stay (or Plan injunction, as applicable) shall be modified, with waiver of any stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), without further order of the Court and effective as of the date of written notice (including by email to counsel in the State Court Action) by Clark no earlier than five (5) days after the Mediation that the Mediation has failed, to permit Clark to prosecute any unresolved Claims that are the subject of the State Court Action through final judgment and any appeals thereof in order to liquidate the Claims that are asserted therein, but not to permit enforcement of any such judgment, which Clark shall recover solely through the Plan and the claims reconciliation process in these Chapter 11 Cases.

6. Upon the Effective Date, the Motion shall be deemed withdrawn and the Hearing vacated.

7. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Utility or Clark of any claims, defenses, or arguments with respect to Claims that are the subject of the State Court Action and the Proof of Claim.

8. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving it.

*[Remainder of Page Intentionally Left Blank]*

WEIL:\97527265\4\67615.0014

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Dated:  June 30, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*

Peter J. Benvenutti

*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  June 30, 2020

DOWNEY BRAND LLP

/s/

Jamie P. Dreher

*Attorneys for John Lee Clark*