WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>　　　　　**Debtors**.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND RUCKMANS FOR LIMITED RELIEF FROM AUTOMATIC STAY**<br><br>Related to Dkt No. 4491-4497, 4683, 4728, 5583, 7081<br><br>Resolving Motion set for Hearing on July 7, 2020 at 10:00 am PT |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This stipulation ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**"), as a debtor and debtor in possession in the above captioned cases (the "**Chapter 11 Cases**"), on the one hand, and movants Gloria Ruckman, Robert Ruckman, a minor by and through his guardian ad litem Robert Ruckman, Robert Ruckman, Amalia Leal, and Gilardo Leal (the "**Ruckmans**"), on the other hand. The Debtor and the Ruckmans are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On December 16, 2015, the Ruckmans commenced a civil action against the Utility and non-Debtor defendants in the Superior Court of the State of California, County of Kern (the "**State Court**"), styled as *Ruckman,, et al. v. Big N Deep Ag Development Co., et al.*, Case No. BCV-15- 101699-SDS (the "**State Court Action**"), in order to pursue claims against the Utility arising out of an explosion allegedly caused by an agricultural excavator with an expired permit striking one of the Utility's gas lines (the "**Claims**").

B. The Utility, along with PG&E Corporation ("**PG&E Corp.**", and together with the Utility, the "**Debtors**"), filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

C. Since the Petition Date, and pursuant to section 362(a) of the title 11 of the United States Code (the "**Bankruptcy Code**"), the State Court Action has been stayed against the Utility. On February 5, 2019, the State Court stayed the State Court Action in its entirety as to all parties. The State Court's stay of the entire State Court Action remains in effect.

D. On October 28, 2019, the Ruckmans filed the *Motion to Abstain and for Relief from the Automatic Stay to Permit Lawsuit to Proceed to Trial and Conclusion* [Dkt. 4491] (the "**Motion**"). The Motion seeks relief from the automatic stay to permit Ruckman to resume prosecuting the State Court Action against the Utility. The hearing on the Motion was continued by Stipulation dated November 12, 2019 [Dkt No. 4683], which this Court so-ordered on November 14, 2019 [Dkt No. 4728], and thereafter by joint notices of the Parties dated January 31, 2020 [Dkt. No. 5583], and May 6, 2020 [Dkt. No. 7081]. The Motion is currently is set for hearing before this Court on July 7, 2020 at 10:00 a.m. (the "**Hearing**"). *See* Dkt. No. 7081.

E. The Ruckmans, individually or together, filed Proof of Claim Nos. 254-1, 323-1, 324-1, 16810, 17165, 55706 and 58941 against the Utility on account of the Claims set forth in the State Court Action (the "**Proofs of Claim**").

F. On June 20, 2020, the Bankruptcy Court entered an order confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* (as may be modified, amended, or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").

G. The Parties participated in a mediation on June 4, 2020, but did not reach a settlement of the State Court Action.

H. The Parties wish to modify the automatic stay as provided herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective as of the date of entry of an order by the Court approving it (the "**Effective Date**"), notwithstanding any effect of Bankruptcy Rule 4001(a)(3) to the contrary.

2. Upon the Effective Date, the automatic stay (or Plan injunction, as applicable) shall be modified, solely to permit the parties to the State Court Action (whether or not they are Parties to this Stipulation) to participate in mediation and/or informal settlement discussions, enter into settlement agreements, and to file and resolve petitions for minors' compromise and motions for good faith settlement in the State Court (collectively, "**Settlement Activities**"). For the avoidance of doubt, Settlement Activities do not include (a) discovery in support of motions for good faith settlement or otherwise, or (b) the service of offers of entry of judgment pursuant to California Code of Civil Procedure section 998. All other aspects of the State Court Action remain subject to the automatic stay, subject to Paragraph 3 below.

3. Upon the earlier of (1) January 1, 2021, or (2) the Fifth District Court of Appeal's issue of remittitur in the matter of *Ruckman, et al. v. Wildwood Farms, LLC*, Case No. F078655, the automatic stay (or Plan injunction, as applicable) shall be modified, with waiver of any stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), to permit the Ruckmans to prosecute any

Claims that are the subject of the State Court Action through final judgment and any appeals thereof in order to liquidate the Claims asserted therein and in the Ruckman Proofs of Claim, but not to permit enforcement of any such judgment, which the Ruckmans shall recover solely through the Plan and the claims reconciliation process in these Chapter 11 Cases.

4. Upon the Effective Date, the Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

5. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Utility or the Ruckmans of any claims, defenses, or arguments with respect to Claims that are the subject of the State Court Action and the Ruckman Proofs of Claim.

6. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving it.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: July 1, 2020 | Dated: July 1, 2020 |
| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | LAW OFFICES OF LEONARD K. WELSH |
| */s/ Peter J. Benvenutti*<br>Peter J. Benvenutti | */s/ Leonard K. Welsh*<br>Leonard K. Welsh |
| *Attorneys for Debtors*<br>*and Debtors in Possession* | *Attorneys for Ruckmans* |