# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

VIA ECF

**Stephen Karotkin**
+1 (212) 310-8350
stephen.karotkin@weil.com

July 2, 2020

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA  94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM) (Jointly Administered)*

Dear Judge Montali:

We are the attorneys for the above-referenced Reorganized Debtors.  Reference is made to the letter dated June 29, 2020, from David Richardson of the Baker Hostetler firm (the "Baker Letter") to the Court with respect to the TCC's Rule 2004 Subpoena (the "Burns 2004 Subpoena") served on Burns & McDonnell Engineering Co. Inc. ("Burns & McDonnell").  The Baker Letter requests a call with the Court to resolve the dispute with respect to the Burns 2004 Subpoena.

The Burns 2004 Subpoena relates to discovery initiated by the TCC with respect to Assigned Rights and Causes of Action that have now been transferred to the Fire Victim Trust under the Debtors' Plan that became effective on July 1, 2020.  The Baker Letter also refers to other outstanding 2004 discovery being pursued by the TCC with respect to other parties, all of which are similarly within the purview of Assigned Rights and Causes of Action that have been transferred to the Fire Victim Trust.

In view of the foregoing, the Reorganized Debtors submit that pursuit of the Burns 2004 Subpoena and all similar discovery must now be undertaken by the Fire Victim Trust.  The TCC does not represent the Fire Victim Trust and no longer has any standing to pursue the discovery.

Moreover, it seems clear that the TCC intends to impose the costs of its efforts on the Debtors' estates despite the fact that the Plan has become effective.  Now that the claims have been assigned to the Fire Victim Trust, all costs associated with the claims, including all discovery, should be borne by the Fire Victim Trust and not by the Reorganized Debtors or their economic stakeholders.  Indeed, if the Fire Victim Trust believes that the Baker firm can perform these services most economically and expeditiously, it is certainly free to retain them at its expense.  These services under no circumstances should be for the account of the Reorganized Debtors.

The TCC's attempt to shoehorn these services into Section 12.1 of the Plan simply fails. The right to pursue Assigned Rights and Causes of Action belongs solely to the Fire Victim Trust and not the TCC. Accordingly, that litigation may only be pursued by the Fire Victim Trust and not by the TCC.

In view of the foregoing, any disposition of the Burns 2004 Subpoena as well as any other discovery or matters initiated by the TCC with respect to the Assigned Rights and Causes of Action should be deferred pending a determination by the Fire Victim Trust as to how it wishes to proceed.

Respectfully,

*/s/ Stephen Karotkin*

Stephen Karotkin

cc: David Richardson (via email: drichardson@bakerlaw.com)
John H. MacConaghy (via email: macclaw@macbarlaw.com)
Counsel for Burns & McDonnell (via email: luke.eaton@troutman.com; john.conrad@troutman.com; marion.hack@troutman.com)