William B. Abrams
end2endconsulting@gmail.com
1519 Branch Owl Place
Santa Rosa, CA, 95409
Tel: 707 397 5727

*Pro Se Claimant and*

*Party to California Public Utilities Commission Proceeding I.19-09-016 to Consider the Ratemaking and Other Implications of a Proposed Plan for Resolution of Voluntary Case filed by Pacific Gas and Electric Company, pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court, Northern District of California, San Francisco Division, In re Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, Case No. 19- 30088.*

*Party to California Public Utilities Commission Proceeding I.15-08-019 to Determine whether Pacific Gas and Electric Company and PG&E's Corporation's Organizational Culture and Governance Prioritizes Safety*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>　　　　　　Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankr. Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**WILLIAM B. ABRAMS MOTION FOR JUST TREATMENT OF VICTIMS THROUGH THE RECONSTITUTION OF THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE AND EQUITABLE APPLICATION OF THE JUDICIAL REVIEW PROVISIONS PURSUANT TO U.S.C. §§ 1123(A)(4)**<br><br>**Hearing:** Telephonic Appearances Only<br>Date: Earliest Convenience of the Court<br>Time: TBD<br>Place: Courtroom 17<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA, 94102 |

# PRELIMINARY STATEMENT

1. The proposed "Fire Victim Trust Oversight Committee" as stipulated in the "*NOTICE OF APPOINTMENT OF FIRE VICTIM TRUST OVERSIGHT COMMITTEE IN ACCORDANCE WITH CONFIRMATION ORDER [Dkt. No. 8053] FILED BY FIRE VICTIM TRUSTEE*" [Dkt. 8195] ("**Trust Oversight Notice**") and the "*NOTICE OF SUBMISSION OF PROPOSED ORDER ON THE JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT, AND ERIC AND JULIE CARLSON REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIM CLAIMS RESOLUTION PROCEDURES*" [Dkt. 8200] ("**Judicial Review Notice**") is not in keeping with the courts' direction and leaves the trust and victims exposed to inequitable treatment under the plan.

2. The treatment of victim claims as defined in these notices and through the constitution of the Fire Victim Oversight Committee provides pathways for unequitable and unjust treatment that are in direct violation of U.S. Bankruptcy Code Section 1123(a)(4) which requires "*the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest*". Claimants did NOT agree to less favorable treatment or waive their rights for judicial review under the plan. In the following, I will demonstrate how the proposed membership of the Fire Victim Trust Oversight Committee and the selective judicial review process provide favorable paths for some well-connected claimants and less-favorable paths for other claimants:

///

# ARGUMENT

3. **PLEASE TAKE NOTICE** that in the "*Memorandum on Objection of Adventist Health, AT&T, Paradise Entities and Comcast to Trust Documents*" [Dkt. 7597], the court stated unequivocally that "*It should be obvious that the Trustee and all others working with him to implement the Trust Agreement, the CRP and all related documents, **may not hold any financial interest or act as attorney, agent or professional for the fire victim claimants**. The court does not believe that the TCC or the Trustee seriously contend to the contrary.*"[1] Clearly, the oversight provisions and claims review structures provided in these "memorandum" directly contradict this expressed direction of the court.

4. **PLEASE TAKE FURTHER NOTICE** that 8 out of the 9 proposed members of the Victim Trust Oversight Committee have differing levels of undisclosed financial conflicts but all 8 have direct financial interests as attorneys for certain fire victim claimants. The impartiality of the oversight and the degree to which that oversight can be trusted by victims is therefore compromised. The treatment of claims must be equitable according to U.S. Bankruptcy Code Section 1123(a)(4). The proposed constitution of the Victim Trust Oversight Committee leaves the majority of members on that committee with financial interests (20-35% contingent fee) for some claims and 0% financial interest in others. This fiduciary conflict on its face leaves victim claimants with unfair and inequitable treatment under the plan. The degree to which these same attorneys represent victims with certain types of claims (exp. Tubbs Fire claims, Camp Fire claims, smoke damage claims, home loss claims, etc.) may unduly influence their oversight and/or may in some cases conflict with the separate but related fiduciary obligations to their clients.

5. **PLEASE TAKE FURTHER NOTICE** that the selection of Amy Bach, United Policyholders is in keeping with U.S. Bankruptcy Code Section 1123(a)(4) given that Ms. Bach does not have any fiduciary interests or conflicts associated with this case. I propose for the Trustee and

---

[1] See "*Memorandum on Objection of Adventist Health, AT&T, Paradise Entities and Comcast to Trust Documents*" [Dkt. 7597], page 10 (lines 4-9)

the courts' consideration that this model of selecting committee members who have demonstrated service to victim causes and public advocacy be selected and substitute those members of the committee that have any financial interest in the case.  In keeping with this model to ensure victim advocates are represented on the committee, I propose committee members that have a proven track record of public advocacy and NO direct financial interest in this case such as the follow individuals:

- Amy Bach, United Policyholders *(or designee)*
- James Birkelund, Small Business Utility Advocates *(or designee)*
- Jamie Court, Consumer Watchdog *(or designee)*
- Loretta Lynch, Protect Our Communities *(or designee)*
- Jacqueline Martinez Garcel, Latino Community Foundation *(or designee)*
- Michael Ramsey, Butte County District Attorney Designee
- Jill Ravitch, Sonoma County District Attorney Designee
- Allison Haley, Napa County District Attorney Designee
- Governor Gavin Newsom Designee

6. **PLEASE TAKE FURTHER NOTICE** that the carve out for an exclusive group of well-connected victims to have preferential treatment under the plan as articulated in *"NOTICE OF SUBMISSION OF PROPOSED ORDER ON THE JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT, AND ERIC AND JULIE CARLSON REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIM CLAIMS RESOLUTION PROCEDURES"* [Dkt. 8200] is in direct violation of U.S. Bankruptcy Code Section 1123(a)(4).  The PG&E victims were never told of this lack of judicial review before their vote or informed by their attorneys after the vote regarding an option to "opt in" to judicial review.  Indeed, there are no distinguishing characteristics of these prospective claims that are deserving of this special treatment above and beyond those afforded to other victims.

7.     **PLEASE TAKE FURTHER NOTICE** that it is clear that it is in the best interests of victim attorneys but not victims themselves to limit the judicial review in this manner. Simply stated, the limitations around judicial review are designed to limit the amount of time attorneys need to spend to resolve victim claims. Rather than carving out special exceptions for those more connected to key decisions makers connected in this case, I recommend that the Trustee and the court seek a more equitable formula to ensure equal treatment for judicial review. Threshold criteria need to be set for judicial review that are fair, just and provide equal treatment such as the following examples:

- Trustee may designate up to 15% of claims for further judicial review
- There must be disputed material facts related to the claims to trigger review
- Judicial review will only be provided if the difference between the claim request and the Trustee determination of that claim exceed 10%
- Trustee will work to the best of their ability to ensure that claims seeking judicial review will not delay payment of claims to those not seeking further judicial review

While all judicial review criteria will be imperfect-equity, these types of stipulations will avoid the preferential treatment articulated in the Judicial Review Notice and provide a vastly more equitable and fair trust management process.

## **CONCLUSION**

8.     The reconstitution of the Fire Victim Trust Oversight Committee and the recalibration of the judicial review provisions are needed to ensure a greater level of fairness and equity across claims. Otherwise, the claims administration procedures will be perceived to have more to do with WHO you know rather than the strength or validity of your claim. The degree to which a particular victims' attorney is motivated to serve on the oversight committee or how closely victims have been following the 8,000 plus filed documents on the docket should not be the gating factors for fair and equitable treatment under the plan. The Trustee and Your Honor have articulated similar sentiments and I only ask that the framework of the trust administration and claims resolution procedures align

with these just goals and U.S. Bankruptcy Code Section 1123(a)(4) to provide "the same treatment". Myself and many other victims did NOT agree to "less favorable treatment" and without this course correction by the court the efficacy of the claims resolution process will be undermined.

Dated: July 1, 2020

Respectfully submitted,

William B. Abrams

Pro Se Claimant

| | |
|---|---|
| **From:** | CANB Emergency Filings |
| **Sent:** | Thursday, July 2, 2020 7:23 AM |
| **To:** | |
| **Subject:** | FW: 19-30088-DM Abrams Motion for Equitable Trust Provisions |
| **Attachments:** | PDF Abrams Motion for Equal treatment 6.30.20.pdf |

**From:** Will Abrams
**Sent:** Wednesday, July 1, 2020 6:42 PM
**To:** CANB Emergency Filings <CANB-EMERGENCY-FILINGS@canb.uscourts.gov>
**Cc:**
**Subject:** 19-30088-DM Abrams Motion for Equitable Trust Provisions

Attention US Bankruptcy Docket Clerk:

I am emailing the following "**WILLIAM B. ABRAMS MOTION FOR JUST TREATMENT OF VICTIMS THROUGH THE RECONSTITUTION OF THE FIRE VICTIM TRUST OVERSIGHT COMMITTEE AND EQUITABLE APPLICATION OF THE JUDICIAL REVIEW PROVISIONS PURSUANT TO U.S.C. §§ 1123(A)(4)"** according to the COVID response procedures. Please, post this as soon as possible to the docket (Case # 19-30088-DM).

Respectfully submitted,


William B. Abrams
Pro Se Claimant