Entered on Docket
July 02, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: July 2, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Plaintiffs (Debtors and Debtors in Possession)*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br> - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☑ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND JOHN LEE CLARK FOR LIMITED RELIEF FROM AUTOMATIC STAY** |

The Court having considered the *Stipulation Between Pacific Gas and Electric Company and John Lee Clark for Relief from the Automatic Stay* (the "**Stipulation**"),[1] entered into by Pacific Gas and Electric Company (the "**Utility**"), as debtor and debtor in possession in the above captioned cases (the "**Chapter 11 Cases**"), on the one hand, and John Lee Clark ("**Clark**"), on the other hand, filed on July 1, 2020 [Dkt. No. 8229]; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Stipulation shall be effective as of the date of entry of this Order (the "**Effective Date**").

3. The Parties shall engage in mutual good faith efforts to schedule a mediation with respect to the Claims that are the subject of the State Court Action and the Proof of Claim (the "**Mediation**"), to occur within 60-90 days of the Effective Date, with the understanding that the Parties will be unable to fully control the timing of the Mediation and that such timing may be delayed for reasons outside of their control.

4. Not less than thirty (30) days prior to the first scheduled date of the commencement of the Mediation, Clark shall provide the Utility with the following information: (a) a summary of all claimed damages by category; (b) a complete set of medical records; (c) any support for claimed lost wages or other elements of claimed damages; and (d) a specific monetary demand.

5. The automatic stay (or Plan injunction, as applicable) is hereby modified, to the extent necessary and with waiver of any stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), solely to permit the Parties to engage in the settlement and mediation activities described in paragraphs 3 and 4 above.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

6. In the event that, after the Parties have engaged in mutual good faith efforts to settle the Claims that are the subject of the State Court Action and the Proof of Claim, the Mediation fails to result in such settlement of all such claims, the automatic stay (or Plan injunction, as applicable) shall be modified, with waiver of any stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), without further order of the Court and effective as of the date of written notice (including by email to counsel in the State Court Action) by Clark no earlier than five (5) days after the Mediation that the Mediation has failed, to permit Clark to prosecute any unresolved Claims that are the subject of the State Court Action through final judgment and any appeals thereof in order to liquidate the Claims that are asserted therein, but not to permit enforcement of any such judgment, which Clark shall recover solely through the Plan and the claims reconciliation process in these Chapter 11 Cases.

7. The Motion is deemed withdrawn and the Hearing is vacated.

8. Nothing herein shall be construed as a waiver by the Utility or Clark of any claims, defenses, or arguments with respect to Claims that are the subject of the State Court Action and the Proof of Claim.

9. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersede all prior agreements and understandings relating to the subject matter thereof.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*** END OF ORDER ***

Dated: June 20, 2020

DOWNEY BRAND LLP

/s/
Jamie P. Dreher

*Attorneys for Dwayne Little*