**Entered on Docket**
**July 02, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Plaintiffs (Debtors and Debtors in Possession)*

**Signed and Filed: July 2, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☑ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND RUCKMANS FOR LIMITED RELIEF FROM AUTOMATIC STAY**

The Court having considered the *Stipulation Between Pacific Gas and Electric Company and Ruckmans for Limited Relief from Automatic Stay* (the "**Stipulation**"),[1] entered into by Pacific Gas and Electric Company (the "**Utility**"), as a debtor and debtor in possession in the above captioned cases (the "**Chapter 11 Cases**"), on the one hand, and movants Gloria Ruckman, Robert Ruckman, a minor by and through his guardian ad litem Robert Ruckman, Robert Ruckman, Amalia Leal, and Gilardo Leal (the "**Ruckmans**"), on the other hand, filed on July 1, 2020 [Dkt. No. 8239]; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. This Stipulation is effective as of the date of entry of this Order (the "**Effective Date**"), notwithstanding any effect of Bankruptcy Rule 4001(a)(3) to the contrary.

3. The automatic stay (or Plan injunction, as applicable) is hereby modified, solely to permit the parties to the State Court Action (whether or not they are Parties to this Stipulation) to participate in mediation and/or informal settlement discussions, enter into settlement agreements, and to file and resolve petitions for minors' compromise and motions for good faith settlement in the State Court (collectively, "**Settlement Activities**"). For the avoidance of doubt, Settlement Activities do not include (a) discovery in support of motions for good faith settlement or otherwise, or (b) the service of offers of entry of judgment pursuant to California Code of Civil Procedure section 998. All other aspects of the State Court Action remain subject to the automatic stay, subject to Paragraph 4 below.

4. Upon the earlier of (1) January 1, 2021, or (2) the Fifth District Court of Appeal's issue of remittitur in the matter of *Ruckman, et al. v. Wildwood Farms, LLC*, Case No. F078655, the automatic stay (or Plan injunction, as applicable) shall be modified, with waiver of any stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), to permit the Ruckmans to

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

prosecute any Claims that are the subject of the State Court Action through final judgment and any appeals thereof in order to liquidate the Claims asserted therein and in the Ruckman Proofs of Claim, but not to permit enforcement of any such judgment, which the Ruckmans shall recover solely through the Plan and the claims reconciliation process in these Chapter 11 Cases.

5. The Motion is deemed withdrawn with prejudice, and the Hearing is vacated.

6. Nothing herein shall be construed to be a waiver by the Utility or the Ruckmans of any claims, defenses, or arguments with respect to Claims that are the subject of the State Court Action and the Ruckman Proofs of Claim.

7. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersede all prior agreements and understandings relating to the subject matter thereof.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

Dated: July 1, 2020

LAW OFFICES OF LEONARD K. WELSH

*/s/ Leonard K. Welsh*
Leonard K. Welsh

*Attorneys for Ruckmans*

*** END OF ORDER ***

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119