| | |
|---|---|
| Robert A. Julian (SBN 88469)<br>Cecily A. Dumas (SBN 111449)<br>BAKER & HOSTETLER LLP<br>600 Montgomery Street, Suite 3100<br>San Francisco, CA 94111-2806<br>Telephone: 415.659.2600<br>Facsimile: 415.659.2601<br>Email: rjulian@bakerlaw.com<br>Email: cdumas@bakerlaw.com | BROWN RUDNICK LLP<br>Joel S. Miliband (SBN 077438)<br>(JMiliband@brownrudnick.com)<br>2211 Michelson Drive<br>Seventh Floor<br>Irvine, California 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514 |
| Eric E. Sagerman (SBN 155496)<br>David J. Richardson (SBN 168592)<br>Lauren T. Attard (SBN 320898)<br>BAKER & HOSTETLER LLP<br>11601 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90025-0509<br>Telephone: 310.820.8800<br>Facsimile: 310.820.8859<br>Email: esagerman@bakerlaw.com<br>Email: drichardson@bakerlaw.com<br>Email: lattard@bakerlaw.com | BROWN RUDNICK LLP<br>David J. Molton (SBN 262075)<br>(DMolton@brownrudnick.com)<br>Seven Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br><br>*Counsel for Fire Victim Trustee* |
| Elizabeth Green (*pro hac vice*)<br>BAKER & HOSTETLER LLP<br>200 South Orange Avenue, Suite 2300<br>Orlando, FL 32801-3432<br>Telephone: 407.649.4000<br>Facsimile: 407.841.0168<br>Email: egreen@bakerlaw.com | |

*Counsel for the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br><br> -and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINT RESPONSE OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE FIRE VICTIM TRUSTEE TO THERESA ANN MCDONALD'S MOTION FOR RECONSIDERATION [Dkt. No. 8137]** |

The Official Committee of Tort Claimants (the "**TCC**"), in the above-captioned chapter 11 cases of PG&E Corporation and Pacific Gas and Electric Company (collectively, "**PG&E**"), together with Justice John K. Trotter (Ret.), in his capacity as trustee for the Fire Victim Trust (the "**Fire Victim Trustee**"), hereby respond to the motion ("**Motion**"), filed by Theresa Ann McDonald ("**Ms. McDonald**"), for reconsideration of this Court's order confirming PG&E's chapter 11 plan [Dkt. No. 8053] (the "**Confirmation Order**").

## RESPONSE

**1. Ms. McDonald Does Not Meet the Standard for Reconsideration.**

As this Court explained in the Order Denying Motions to Shorten Time and Reconsider [Dkt. No. 8148], the relevant standards for a motion to reconsider are Federal Rules of Civil Procedure ("**FRCP**") 59(e) and 60(b). FRCP 59(e) allows a court to amend a judgment when (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). FRCP 60(b) allows a court to reconsider a judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d at 1263 (internal quotations omitted). Ms. McDonald's Motion meets none of these standards. Ms. McDonald's vote to reject the Plan, and the Court's failure to interpret that vote as an objection to specific provisions in the Fire Victim Trust Agreement and Claims Resolution Procedures, are not newly discovered evidence, clear error, mistake, or any of the other circumstances that would warrant reconsideration of an order.

**2. All Claimants Were on Notice of the Claims Resolution Procedures and Had Opportunity to Object**.

The TCC, seeking input from the Fire Victim Trustee, worked with PG&E to ensure that the disclosure materials sent to victims included easy to understand explanations of the Plan, the Fire Victim Trust Agreement, and the Claims Resolution Procedures. To that end, in addition to

- 2 -

receiving the Disclosure Statement [Dkt. No. 6353] and the Fire Victim Claims Resolution Procedures [Dkt. No. 6049-2], fire victims also received a "Plan Treatment Summary,"[1] which included frequently asked questions. All documents stated that a fire victim would have no right to appeal the Trustee's claim determination to a court.

The Disclosure Statement provided:

> All determinations of Fire Victim Claims, including their eligibility to receive payment from the Fire Victim Trust and in what amount, shall be determined solely under the Fire Victim Claims Resolution Procedures and all such determinations shall be final with no recourse to any court.

Dkt. No. 6353 at 24.

The Fire Victim Claims Resolution Procedures, dated March 3, 2020 [Dkt. No. 6049-2], and distributed with the disclosure packet, states at page 8 (emphasis in original):

> The Trustee Determination will be final, binding, and non-appealable and is not subject to review by any Court, **including right to trial by jury.**

The Plan Treatment Summary also states twice that claimants would have the right to dispute their claim determinations within the Fire Victim Trust procedures and would not have the right to a court appeal. On page 2, the Plan Treatment Summary states:

> **WHAT TO DO IF YOU CONTEST THE FIRE VICTIM TRUST'S TREATMENT OF YOUR CLAIM:** If you do not wish to accept either: (1) the Fire Victim Trust's determination that your claim is ineligible for payment; or (2) the amount awarded by the Fire Victim Trust for your claim, you will have options to seek the review of the determination. Each of these options will be explained in detail in the forthcoming procedures. In all circumstances, after the exhaustion of the review processes contained in the forthcoming procedures, the determination from the Fire Victim Trust, in accordance with the procedures, will be final. If you contest the Fire Victim Trust's award and are not represented by legal counsel, you may wish to consult with legal counsel of your choice.

The FAQ section of the Plan Treatment Summary, on pages 10-11, states:

> 28. What if I do not agree with the amount that the Trustee and Claims Administrator determines is eligible to be paid by the Fire Victim Trust?
>
> Answer: The options and avenues for review of the Trustee's and Claims Administrator's determination will be set out in the Claims Resolution

---

[1] The Plan Treatment Summary is available at https://portal-redirect.epiq11.com/PGE2/document/GetDocument.aspx?DocumentId=3639640.

> Procedures. As a general matter, if you do not agree with the determination of the eligible amount of your claim, you may ask the Claims Administrator to reconsider the determination. If you still do not agree with the Claims Administrator's decision, you can appeal to a neutral arbitrator, who will hold a hearing on the issue. Finally, if you do not agree with the decision of the neutral arbitrator, you may ask for a panel of three neutral arbitrators to review the decision. Then, the Trustee may accept, reject, or revise the decision of this panel. The Trustee will then issue a Trustee Determination to you. The Trustee Determination is final with no further ability to appeal the determination.

The first version of the Plan Treatment Summary was filed on February 21, 2020 [Dkt. No. 5873] and included the above paragraph. On March 9, 2020, the FAQs were added to the Plan Treatment Summary and included the above question as question number 27 [Dkt. No. 6224].

Thus, this issue has been disclosed on the docket since February and was subsequently distributed to fire victims as part of the plan solicitation process in March. This disclosure prompted other parties to object to this issue in various filings and hearings since early March.

- On March 6, 2020, Eric and Julie Carlson filed an objection to the Plan Treatment Summary on the grounds that the document should make clear that the Trustee is the ultimate arbiter of the claim and can override any appeal process [Dkt. No. 6176].
- On May 5, 2020, the Adventist, AT&T, and Paradise entities objected to the provision at issue here [Dkt. No. 7072]. At that time, other claimants, such as Eric and Julie Carlson, also filed joinders to that objection [Dkt. No. 7207].
- On May 15, 2020, other claimants, such as Mary Kim Wallace, filed objections to plan confirmation that included objections on this issue [Dkt. No. 7367], and this issue was raised multiple times as part of the confirmation hearings.

This Court held a hearing on the Fire Victim Trust Agreement issues on May 15, 2020, and issued a memorandum decision on May 26, 2020, ruling that those who filed confirmation objections on this issue may receive court review of their claims [Dkt. No. 7597]. Despite being on notice of this issue since at least February and with various parties raising the same issue at various hearings, Ms. McDonald only filed a confirmation objection on June 15, 2020, one

- 4 -

1 month after the confirmation objection deadline, *and did not raise the issue of judicial review* [Dkt. No. 7943]. Ms. McDonald then filed this Motion on June 26, 2020, 40 days after confirmation objections were due and one month after this Court issued its memorandum decision on the issue. Her untimeliness is not grounds for and indeed should defeat reconsideration.

### 3. All Objections to the Plan Were Required to Be in Writing.

The Claims Resolution Procedures and the Trust Agreement are included in the Plan as part of the Plan Supplement. *See Notice of Filing Ninth Supplement to Plan Supplement*, dated June 21, 2020, Dkt. No. 8057. Bankruptcy Rule 3020 provides that in a chapter 11 case, "[a]n objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the Code and any other entity designated by the court, within a time fixed by the court…An objection to confirmation is governed by Rule 9014." Fed. R. Bankr. P. 3020(b). Local Bankruptcy Rule 3020-1(e) also imposes a meet and confer requirement on parties objecting to confirmation prior to the confirmation hearing on the disputed issues.

Here, the Court fixed May 15, 2020 at 4:00 p.m. as the deadline for filing and serving objections to confirmation. *See* Dkt. No. 5732. The Court approved the Debtors' form of confirmation hearing notice, which required parties who seek to object to confirmation to state their objections in writing, file the objection with the Bankruptcy Court by the May 15, 2020 deadline, and serve it on notice parties, including the Debtors, their attorneys and the TCC's attorneys. In large print, the notice states:

> IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT TIMELY FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.
>
> PURSANT TO THE SCHEDULING ORDER, PRINCIPAL COUNSEL REPRESENTING A PARTY, OR ANY PRO SE PARTY, OBJECTING TO CONFIRMATION OF THE PLAN MUST APPEAR IN PERSON AT A PRE-CONFIRMATION SCHEDULING CONFERENCE ON MAY 19, 2020 AT 10:00 AM (PREVAILING PACIFIC TIME) TO DISCUSS SCHEDULING ANY EVIDENTIARY MATTERS TO BE DEALT WITH IN CONNECTION WITH THE CONFIRMATION HEARING AND

SCHEDULING FOR BRIEFING OF CONTESTED LEGAL ISSUES. FAILURE TO APPEAR MAY RESULT IN THE OBJECTION BEING STRICKEN.

*See* Dkt. No. 6340-4.

Ms. McDonald filed a confirmation objection on June 15, 2020 [Dkt. No. 7943]. This objection was one month late and failed to raise the issues that are raised in the instant Motion. Ms. McDonald asserts for the first time in this Motion that the Court should interpret her "no" vote on the Plan (and all other votes by claimants in the same class to reject the plan), as an objection to "all of the Plan's parts." *See* Motion at 2. A determination that a "no" vote by a creditor constitutes a plan objection on every possible objectionable issue within a plan and all exhibits thereto would lead to the absurd result of a debtor having to anticipate the objections in the heads of those voting to reject a plan and would put a huge undue burden on the courts of trying to resolve unarticulated objections. A court would then have to rule on these unstated and unexplained objections without the objector ever appearing. It would also undermine the finality of a chapter 11 process and open the door for other parties to raise late objections based on their "no" vote on the Plan. Such an outcome would create chaos and ignore basic tenets of procedural rules. The federal and local bankruptcy rules impose requirements on objectors to confirmation – not only must they file an objection in writing by the applicable deadline, but they must also attend a meet and confer. Ms. McDonald's request to treat a "no" vote as an objection is untenable.

This conclusion is further supported by established law that holds that a court of appeals will not hear an issue that was not sufficiently raised before the trial court. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) (following *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Likewise, it is inappropriate for a party to raise a new argument in a motion for reconsideration. *See Trading Bay Energy Corp. v. Union Oil Co. of Cal.*, No. 04-36001, 2006 WL 4381172, at *2 (9th Cir. Nov. 9, 2006); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). By failing to timely file an objection that stated with particularity the basis and nature of their objection to the confirmation of the Plan, Ms. McDonald and the other fire victims that voted against the Plan but did not timely file objections failed to raise any issues before this Court

- 6 -

regarding the confirmation of the Plan. The TCC is not aware of a single case in which a court has ever held that a vote to reject a plan is the equivalent to the filing of an objection setting forth legal and factual arguments against plan confirmation.

### 4. Claimants Who Voted to Reject the Plan Are Still Bound by the Plan.

The provision to which Ms. McDonald is now objecting to was disclosed multiple times in multiple documents and was raised by other parties at several Court hearings. She, and all other claimants, are bound by the provisions in the Plan. Section 1141 of the Bankruptcy Code provides: "***the provisions of a confirmed plan bind*** the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and ***any creditor***, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and ***whether or not such creditor,*** equity security holder, or general partner ***has accepted the plan***." 11 U.S.C. § 1141 (emphasis supplied). Ms. McDonald raises no points of law or fact that require this Court to reconsider its previous rulings on this issue.

### CONCLUSION

For the reasons stated above, the TCC and the Fire Victim Trustee respectfully requests the Court to deny the relief requested by Ms. McDonald's Motion.

Dated: July 8, 2020

BAKER & HOSTETLER LLP

By: __/s/ Elizabeth A. Green__
     Elizabeth A. Green

*Counsel for the Official Committee of Tort Claimants*

BROWN RUDNICK LLP

By: __/s/ David J. Molton__
     David J. Molton

*Counsel for the Fire Victim Trustee*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO