RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
gerald@slffirm.com
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473

Attorneys for SLF Fire Victim Claimants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**RESPONSE BY THE SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS TO THERESA ANN MCDONALD'S MOTION FOR RECONSIDERATION OF THE IDENTIFICATION OF PARTIES WHO TIMELY OBJECTED TO THE FIRE VICTIMS CLAIMS RESOLUTION PROCEDURE**<br><br>[ Docket No. 8137] |

Singleton Law Firm Fire Victim Claimants ("SLF Fire Victim Claimants") hereby file this Response to the *Emergency Pleading Requesting Reconsideration of the Identification of Parties who Timely Objected to the Fire Victims Claims Resolution Procedure* **[Docket No. 8137** filed on June 26, 2020, by Theresa Ann McDonald ("Motion"), pursuant to the *Court's Order Directing Debtors, the TCC and Fire Victims' Trustee to Respond to the Motion* **[Docket No. 8199]**, filed June 29, 2020.

## I. The Claims Resolution Procedure Was Structured to Protect Fire Victims While Expediting Payment

A plan is proposed in good faith, in part, if creditors have been dealt with in a fundamentally fair manner. *See* section 1129(a)(3); *In re Stolrow's Inc.*, 84 B.R. 167, 172 (9th Cir. BAP 1988) (citing *In re Jorgensen*, 66 B.R. 104, 109 (9th Cir. BAP 1986). Fundamental fairness has been achieved here as the Plan consists of consensual resolutions that address all claims and reflects considerable negotiation and agreement with all major parties. As this court previously put it, the "impaired classes have voted for the present Plan, and ***to sustain these objections would be to ignore the wishes of that very strong majority***." *In re PG&E Corp.*, No. 19-30088-DM, 2020 Bankr. LEXIS 1586, at *35 (Bankr. N.D. Cal. June 17, 2020)

As the Court is aware from reports by counsel during the inception of this cases, there were numerous highly specialized lawyers and financial advisors who came up with a process to push funds out as quickly as possible to all fire victims, including Movant. All interests were separately represented in the lengthy, vigorous, complex, and mediated negotiations.

The parties who participated in creating the claims resolution procedures ("CRP") did so recognizing that there were limited funds and traditional methods of disbursement could result in a loss of substantial distributions to fire victims. Indeed, the CRP was crafted with the consent of a team of over 30 lawyers including numerous attorneys for fire victim claimants, like Movant.

All of these attorneys agree the CRP reflects the best process to ensure prompt payment to fire victim claimants who have waited long enough for compensation for their losses. Validating this fact, upwards of 85% of fire victims voted in favor of the Plan to which the CRP was integrated. The CRP is the will of 85% of the people for good reason – it ensures expeditious payment. Expanding the breadth of the CRP risks reducing payments to fire victims who timely participated in the process.

## II. Voting on a Plan and Objecting to A Plan Are Distinct Concepts Such That Movant's Current Request Functions as an Objection to Plan Confirmation and Thus Is Untimely

After the period for voting on a plan has closed and notice of hearing has been given, 11 U.S.C. § 1128 requires a confirmation hearing to be held. While parties in interest may object to confirmation, an objection to confirmation differs from a vote to reject the plan. A vote to reject a plan may be based on any grounds or none at all; it is dependent solely on the preference of the voter and voter's perception of his/her best interests. An objection, on the other hand, must be based on legal ground that the plan fails to meet the requirements for confirmation prescribed by 11 U.S.C. § 1129. If the plan satisfies those requirements, the objection fails and the court issues an order of confirmation under Rule 3020 of the Federal Rules of Bankruptcy Procedure ("FRBP"). Thereafter, the effect of confirmation is stated by 11 U.S.C. § 1141. In general, Section 1141(a) <u>makes the provisions of the confirmed plan binding</u> on all parties in interest – including the debtor, creditors, and shareholders – whether or not the claims were impaired and *whether or not they accepted the plan*. This general rule is subject to the objections to plan confirmation. Fed. R. Bankr. P. 3020(a). But a creditor who fails to object to a plan waives its right to challenge the plan in accordance with Rules 3017(c) and 3020(b)(1).

The Code contemplates that concerned creditors will take an active role in protecting their claims. Otherwise, FRBP 3017, which provides for fixing a deadline for filing rejections of a plan, and FRBP 3020(b), which provides for fixing a deadline for filing objections to confirmation, would have no substance. *See In re Record Club of America*, 38 B.R. 691, 696 (M.D. Penn. 1983).

If the treatment of Movant's claim was unclear in the Plan, Movant could have insisted upon a proper explanation of its rights, or timely objected to confirmation on such grounds. Indeed, Movant was given multiple opportunities during the plan confirmation process to raise any concerns it may have had about the treatment of its claims or the CRP. This is evidenced by the fact that other claimants did in fact timely object to the CRP and were afforded the right to be heard on the very issues that Movant now raises untimely. *See*, Dk. No. 6176, 7072, 7207, 7367, 8235.

//

//

This Court set May 15, 2020, as the final date for filing written objections to confirmation of the Plan. *See*, Dk. No. 5732. Again, while many others did timely object and preserve their rights, Movant did not. Thus, Movant has waived any argument and raising them now is untimely.

### III. Movant's Request is Effectively a Request for Reconsideration Which Burden She Has Failed to Carry

Movant effectively seeks reconsideration of this court's order which may be accomplished through application of Federal Rules of Civil Procedure ("FRCP") 59(e) or 60(b), made applicable through FRBP 9023 and 9024. As this Court previously noted:

> Neither rule recognizes a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, FRCP 59(e) contemplates a motion to alter or amend a judgment. Under FRCP 59(e), **amendment of a judgment is justified where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.** *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party may not use a motion to amend as a vehicle "to present a new legal theory for the first time," "to raise legal arguments which could have been raised in connection with the original motion," or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.*, 344 B.R. 94, 103 (9th Cir. BAP 2006), aff'd and remanded, 277 Fed. Appx. 718 (9th Cir. 2008). Similarly, FRCP 60(b) permits a Court to reconsider a prior judgment or order "**only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief**." *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d at 1263.

*See*, Dk. No. 8148.

Nothing in the Motion meets the standards for reconsideration. Plainly put, there is (i) no demonstration of error by this Court in its previous ruling regarding judicial review, (ii) no newly discovered evidence as all fire victims like Movant received notice of the parameters of the trust; (iii) no intervening change in law. Not only is Movant's request untimely, but it does not make a showing for why changing course on an integral document of a plan that has since been confirmed is prudent.

//

//

//

//

4

## IV. Conclusion

The Motion should be overruled because (i) it is untimely; (ii) does not meet the burden for reconsideration; and (iii) would disenfranchise the overwhelming voice of the majority.

Dated: July 8, 2020     MARSHACK HAYS LLP

By: */s Richard A. Marshack*
Richard A. Marshack
Laila Masud

Dated: July 8, 2020     SINGLETON LAW FIRM, APC

By: */s Gerald Singleton*
Gerald Singleton

Attorneys for the SLF Fire Victim Claimants