WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C.
ray.schrock@weil.com
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br>**SUPPLEMENTAL DECLARATION OF DMITRY KRIVIN IN SUPPORT OF THE DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) FOR AUTHORITY TO ENTER INTO, PERFORM UNDER AND MAKE PAYMENTS UNDER CERTAIN CONSULTING CONTRACTS WITH MCKINSEY & COMPANY, INC. UNITED STATES**<br><br>[No Hearing Date Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I, Dmitry Krivin, declare as follows:

1.     I am employed as a partner at McKinsey & Company, Inc. United States ("McKinsey US") with an office at 175 Greenwich Street, New York City, NY, 10007. McKinsey & Company, Inc. ("McKinsey & Co.") is the ultimate parent company of McKinsey US and the Retained Affiliates[1] (as defined below, and such Retained Affiliates collectively with McKinsey US, the "Proposed Professionals").  I am duly authorized to make this Supplemental Declaration, which is being submitted to supplement my initial declaration (the "Initial Declaration") filed on February 26, 2020, Dkt. 5924, in support of the Debtors' Application Pursuant to 11 U.S.C. §§ 363(b) and 105(a) for Authority to Enter Into, Perform Under and Make Payments Under Certain Consulting Contracts With McKinsey & Company, Inc. United States, Dkt. 3919 (as supplemented, the "Application").

2.     On February 26, 2020, PG&E filed a first supplement to the Application seeking authority to enter into and perform under certain additional agreements that were entered into between the Debtors and McKinsey US in the ordinary course of business that relate to the Application and the Service Contracts. Dkt. 5925.

3.     On June 15, 2020, PG&E filed a second supplement to the Application seeking authority to enter into and perform under one additional such agreement.  Dkt. 7959.

4.     Except as otherwise noted, the statements set forth herein are based on knowledge I have from my employment position and diligence undertaken by me or professionals reporting to me and, if called and sworn as a witness, I would testify competently thereto.

5.     In connection with its proposed retention by the Debtors in these chapter 11 cases, the Proposed Professionals undertook a comprehensive process to determine whether they had any connections or other relationships that might cause them to hold or represent an interest adverse to the Debtors.  Specifically, the Proposed Professionals obtained from the Debtors or their representatives the names of individuals and entities that may be parties in interest in the Debtors' chapter 11 cases (as updated from time to time, the "Potential Parties in Interest"), and such parties were listed on

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms used in the Initial Declaration.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

1  Schedule 1 to the Initial Declaration.

2  6. Subsequent to the preparation of the Initial Declaration, the Debtors and/or their

3  representatives provided the Proposed Professionals with an updated list of Potential Parties in

4  Interest, and such parties are listed on **Schedule 1** attached hereto. The Working Group used the same

5  process described in the Initial Declaration to expand the new Interested Parties on the updated

6  Interested Parties List to include all corporate affiliates that shared a common parent with each new

7  corporate party listed on the Interested Parties List (the "Supplemental Interested Parties"). The

8  Supplemental Interested Parties were then added to the original Expanded IPL (the "Updated

9  Expanded IPL").[2] In sum, the Updated Expanded IPL expanded the list of 23 unique new Interested

10  Parties to 1550 unique parties (i.e., the Supplemental Interested Parties and their affiliates).[3]

11  7. The Working Group also used the same process described in the Initial Declaration to

12  compile an updated Client List, using a "Look-Back Period" starting on January 29, 2016, and ending

13  on April 30, 2020 (the "Updated Client List")

14  8. The Working Group then checked the names on the Updated Client List against the

15  Updated Expanded IPL, and the scope of the check was intentionally broad and inclusive. This search

16  captured not only connections to the Supplemental Interested Parties, but also any new connections on

17  the Updated Client List since the filing of the Initial Declaration. The resulting matches not previously

18  included in the Initial Declaration are set forth on **Schedule 2** hereto. Based upon the results and the

19  questionnaire process described in more detail in the Initial Declaration, to the best of my knowledge,

20  (i) none of these relationships constitute interests adverse to the Debtors, and (ii) all of these

21  relationships involved matters unrelated to the Debtors, except to the extent described in paragraph 9.

22  9. I note that McKinsey consultants advised Hitachi Ltd. in connection with, among other

23  things, an opportunity to provide certain services and products to the Debtors. The McKinsey team

24  did not have any direct contact with the Debtors during this engagement, which was concluded in

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

25
26  [2]    Because of the voluminous nature of the Updated Expanded IPL, it is not attached to this Declaration. Copies are available upon request to the Proposed Professionals' counsel.

27  [3]    The Protocol does not require such an expansion of the Interested Parties List. The Proposed Professionals
28  undertook this analysis out of an abundance of caution, in part to account for the lack of a computerized conflict-checking database.

3

2018.

10. The Working Group also compared the Proposed Professionals' records of ordinary-course vendor and banking relationships during the Look-Back Period against the Updated Expanded IPL, and the resulting matches not previously included in the Initial Declaration are also set forth on **Schedule 2** hereto. To the best of my knowledge, as ordinary-course vendor and banking relationships, none of these relationships constitute interests adverse to the Debtors.

11. In addition, upon receiving the list of additional Potential Parties in Interest, the Working Group sent supplemental Surveys relating to the parties added to the Interested Parties List and the Updated Expanded IPL and connections thereto, to supplement the results of the Surveys described in paragraphs 17-20 of the Initial Declaration. The results of these supplemental Surveys, to the extent not previously disclosed in the Initial Declaration, are reflected in the disclosures set forth herein.

12. The Working Group also used the same process described in the Initial Declaration to determine whether any McKinsey employees had been added to the Engagement Team since the preparation of my Initial Declaration and to further determine whether any such additional employees resulted in any new Retained Affiliates. Any additional Engagement Team members identified were employees of one of the Proposed Professionals previously identified in my Initial Declaration. Such additional Engagement Team members were included in the connection checking process described herein.

13. Other than as disclosed below, no client listed on Schedule 2 accounted for more than 1.00% of the gross revenue of any Proposed Professional during the period from May 1, 2019 through April 30, 2020 (the "Revenue Period").

14. To the best of my knowledge, other than the Debtors, the following clients accounted for more than 1.00% of RTS's gross revenue during the Revenue Period. To the best of my knowledge, based on the results of the Surveys, none of the services provided to any of these clients is or was related to the Debtors or these chapter 11 cases.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

a. Covia Holdings Corp., Cummins Inc., Freeport-McMoRan Inc., Goldman Sachs Group, Macy's Inc., NRG Energy Inc., Government of Puerto Rico, Royal Dutch Shell, SoftBank Group Corp., The Hartford Financial Services Group Inc., and Valaris plc, each accounted for 1.01–3.00% of RTS's gross revenue during the Revenue Period.

b. Dow DuPont and Weatherford each accounted for 3.01–5.00% of RTS's gross revenue during the Revenue Period.

c. American International Group (AIG), Archer Daniels Midland Company and United Technologies Corp. each accounted for 5.01–9.00% of RTS's gross revenue during the Revenue Period.

d. Johnson Controls Inc. accounted for 9.01–12.00% of RTS's gross revenue during the Revenue Period.

15. To the best of my knowledge, the following clients accounted for more than 1.00% of McKinsey US's gross revenue during the Revenue Period. To the best of my knowledge, based on the results of the Surveys, none of the services provided to any of these clients is or was related to the Debtors or their chapter 11 cases.

a. Chevron Corporation, CVS Health, Freeport-McMoRan Inc., Johnson Controls Inc., United Technologies Corp. and Wells Fargo & Company, each accounted for 1.01–3.00% of McKinsey US's gross revenue during the Revenue Period.

b. Verizon Communications accounted for 3.01–5.00% of McKinsey US's gross revenue during the Revenue Period.

16. To the best of my knowledge, the following clients accounted for more than 1.00% of

5

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

McKinsey Canada's gross revenue during the Revenue Period. To the best of my knowledge, based on the results of the Surveys, none of the services provided to any of these clients is or was related to the Debtors or their chapter 11 cases.

    a. ArcelorMittal SA, BC Community Owned Institution, CAE, Inc., Caisse de dépôt et placement du Québec, Enbridge Inc., MasterCard Inc., Sun Life Financial Inc., Suncor Inc., The Vanguard Group Inc. and Toronto-Dominion Bank, each accounted for 1.01–3.00% of McKinsey Canada's gross revenue during the Revenue Period.

    b. Royal Bank Financial Group accounted for 3.01–5.00% of McKinsey Canada's gross revenue during the Revenue Period.

    c. CN Government - Fed/Prov and Teck Resources Limited, each accounted for 5.01-9.00% of McKinsey Canada's gross revenue during the Revenue Period.

17. In addition, consistent with the Protocol, counsel for the Proposed Professionals sent the new names from the Updated Expanded IPL to counsel for MIO to facilitate MIO's search for new connections to Interested Parties. MIO then compared the Updated Expanded IPL to a list, compiled to the best of its knowledge, of its third-party investment managers, direct investments, financial counterparties and service providers (such as vendors). MIO then delivered the results of this comparison, and the resulting matches not previously included in the Initial Declaration are set forth on **Schedule 3** hereto. Based on the results provided by MIO, to the best of my knowledge, none of these relationships result in any Proposed Professional holding an interest adverse to the Debtors.

18. The Proposed Professionals will endeavor to further supplement this Declaration in the event they become aware of any relationship or other information that requires disclosure.

[Remainder of page left intentionally blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  July 8 , 2020
        New York, NY

By: _____
    Dmitry Krivin
    Partner
    McKinsey & Company, Inc. United States

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119