Theresa Ann McDonald
5044 Russell Drive
Paradise, CA 95969
Phone Number: 530-636-3148
Tmcdonald120@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT
### (SAN FRANCISCO DIVISION)

In re:

PG&E CORPORATION

-and-

PG&E GAS AND ELECTRIC COMPANY

Debtors

vs.

Theresa Ann McDonald

Creditor

Bankruptcy Case

No. 19-30088-DM

Chapter 11

(Lead Case)

(Jointly Administered) Case

No. 19-30089-DM

Proof of Claim No. 54975

Filed October 21, 2019

Camp Fire

Judge: Honorable Dennis Montali

Reply To The Response Of The Official Committee Of Tort Claimants And The Fire Victim Trustee To Theresa McDonald's Motion For Reconsideration (Docket # 8137)

Relief Requested: Recognize the Timely Objection of All Fire Victims Who Voted to Reject the Proposed Plan of Reorganization

I am a Fire Victim. My vote to reject the Proposed Plan was correctly registered at Prime Clerk, and was received prior to the May 15, 2020, deadline.

I have read the Parties' response to the Motion To Reconsider the Identification of Those Eligible to Seek Court Review of Their Settlements. I believe the Parties are reaching far overhead for a reason to deny the Motion.

First, they state that I failed to meet the standard for Reconsideration. They cite FRCP 59(e) which, " allows a court to amend a judgment when … (2) the court committed clear error or the initial decision was manifestly unjust." do not know what is more unjust than allowing less than a handful of claimant a potentially very significant benefit and denying others because they voiced their objection to the entire Plan, not simply to the CRP. Clearly failing to interpret a vote to Reject the Plan as an Objection to the Plan (in its entirety) is an error. They cannot possibly be taking the position that a vote to Reject indicates Approval. That would be nonsensical.

Second, they state that all claimants were on notice of the Claims Resolution Procedure and had an opportunity to object. They are correct. And I did object. I objected by voting to Reject the Plan, and I do not understand how I could possibly have objected in a louder voice. I repeat, nothing in any of the documents I received stated that if I wanted to be allowed to considered as objecting to anything in particular I needed to contact the Court and voice that objection separately. And of course, that would have required many communications to the Court, since I am now assuming that the TCC would say I can't object to all of the provisions in the Plan in a single communication. They must feel that I would have to object to each provision of the Plan on an individual basis.

Yes, the parties they named objected specifically to the provision that disallowed an option to go to the Court for resolution of claim disputes. I listened to the hearing, and I heard the Court point out that the ability to take disputed claim settlements to court was an important right, one that should not be taken away lightly. I heard the Court instruct the TCC and the Debtors to come back with language that would preserve that right for those who

objected in a timely manner. And I remained silent. I had objected by voting to Reject the Plan, so there was no need for me to object again. I listened to the Court's repeated request that people not put their hands up only to repeat arguments that had already been made, and I honored that request.

I remained silent until I saw the language that had been inserted into the proposed Confirmation Order that I realized I had to speak up, not only for myself but for all of those who objected to the Plan in its entirety by voting to Reject it. Until then, and indeed even today, I firmly believe that a vote to Reject is the strongest possible Objection that can be raised.

Third, all objections to the Plan were required to be in writing. I am not an attorney. I don't know anything about Bankruptcy Rule 3020. It may say that voting to Reject is going to be interpreted as approval unless you object to specific items in writing. I do know that the TCC was supposed to be working on behalf of the fire victims, and that it had a duty to provide us with important information about the case. They did not send a notification to the fire victims saying that any objection to particular parts of the Plan needed to be made in writing in order to preserve the right to raise the issue at the hearings. If that is in fact true, it is an important point, and one that the TCC should have made clear to the fire victims.

I voted to reject to the Plan through my attorneys. They also never told me that if I wanted to preserve the right to raise an issue at the hearings I needed to notify the Court of my objection to that specific issue in writing.

Fourth, Claimant who voted to Reject the Plan are still bound by the Plan. I am a fan of democracy, and I understand that sometimes the majority wins and the minority has to just go along. I would not have been happy about it, but I would not have complained. I didn't complain until the Court granted special privilege to those who objected in writing to only the provision that denied access to the courts for review and settlement of claim disputes. That is not democracy in action.

I agree that access to the courts is an extremely right. However, it cannot be granted to a few solely on the basis that they are only a few, and certainly not when that basis is built

on the premise that a vote to Reject the Plan constitutes acceptance of all of its provisions.

The Court has said that the right to take matters to court for resolution is an important one. The Court has said that people who did not object to the provision denying access to the courts were indicating their acceptance of that provision.

The question before the Court now is not whether a vote to Reject the Plan is a positive decision to accept all of the provisions of the Plan or a positive decision to object to all of the provisions of the Plan. All of the fancy language and case and code citations that the TCC put into their Response does not change the underlying question. It really is that simple.

This has been written very hastily in my effort to get it to the Court before a decision is made. I apologize if it seems casual or insincere. I assure you that I am very sincere. This is not about the amount of settlement I will receive. It is about peoples' access to the courts. It is about fairness and applying simple common sense to the law rather than demanding the ability to cite cases and codes in order to have a motion approved.



Theresa Ann McDonald