## brownrudnick

JOEL S. MILIBAND
dial: 949.752.7100
jmiliband@brownrudnick.com

July 10, 2020

**VIA ECF**

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA  94102

**RE:**   *In re PG&E Corporation and Pacific Gas and Electric Co.,*
*Case No. 19-30088 (DM) (Jointly Administered)*

Dear Judge Montali:

We represent the Trustee (the "Trustee") of the Fire Victim Trust formed under the Joint Plan of Reorganization (the "Plan") of the above-referenced Debtors (the "Debtors").  As this Court is aware, the Plan went effective just over a week ago on July 1, 2020.   On that day the Fire Victim Trust became effective and was funded with the cash and PG&E stock required under the Plan.

This letter is submitted in response to this Court's Docket Text Order (7/8/20) requesting that the Trustee respond to the Debtors' letter dated July 2, 2020 (Dkt. No. 8242) submitted in response to the letter submitted to the Court by the Official Committee of Tort Claimants (the "TCC") dated June 29, 2020 (the "TCC Letter") (Dkt. No. 8206).  The letters relate to the Rule 2004 subpoena served on Burns & McDonnell Engineering Co. Inc. ("Burns & McDonnell") by the TCC.

The gravamen of the Reorganized Debtors' letter is that since the Assigned Causes of Action have now been transferred to the Trust, and the Burns & McDonnell subpoena relates Assigned Causes of Action, the Debtors or Reorganized Debtors should not have to pay for that discovery.  Both the Reorganized Debtors and the TCC seem to agree that the issue of who pays and the right of the TCC to continue to pursue the Burns & McDonnell subpoena is governed by Section 12.1 of the Plan.  The Trustee does not take a position on the specific disputes between the Debtor and the TCC regarding the interpretation of Section 12.1.

Given the terms of the Plan and the Trust, the Trustee has critically important work to do for the fire victims.  While some of the Trust "machinery" got underway prior to the effective date through the orders appointing Justice Trotter, as Trustee, and Cathy Yanni, as Claims Administrator, the work related to preparing for post Effective Date activities was principally directed to creating the claims submission and processing machinery, establishing accounts necessary to accept cash and stock from the Debtors and assisting with the preparation of the critical plan documents pertaining to the Fire Victim Trust.

**Brown Rudnick LLP** | brownrudnick.com | 2211 Michelson Drive, 7th Floor, Irvine, CA, 92612 | 1.949.752.7100



Work by the Trust on the Assigned Causes of Action could not begin until after the Effective Date. For the reasons set forth in the TCC's letter, time is of the essence with respect to its Rule 2004 discovery that the Court approved.

Accordingly, the Trustee has a significant interest in seeing that the discovery sought through the TCC's Rule 2004 discovery (of which the Burns & McDonnell subpoena is part) is produced. In that vein, the Trustee has been working with counsel for the TCC and the Reorganized Debtors to obtain, in an organized, consensual and expeditious manner, the documents and/or information necessary to investigate and prosecute the Assigned Causes of Action. As the transfer of such data has not yet begun, and as many important documents no doubt fall within the scope of the outstanding Rule 2004 discovery, it is in the best interest of the Fire Victim Trust and its beneficiaries that the Rule 2004 discovery be completed in the most expeditious and efficient manner possible.

To the extent this Court decides this dispute as proposed by the TCC, the Trustee will continue its efforts to work cooperatively with the TCC to transfer the discovery to the Trust. To the extent this Court decides this dispute as proposed by the Reorganized Debtors, the Trustee respectfully requests that such decision not prejudice the Trust by rendering moot the TCC's work to date on the Rule 2004 discovery. The Trustee therefore requests that the Court fashion any such ruling[1] to include a provision that the Trustee be permitted to take the TCC's place as the issuing party under the Burns & McDonnell subpoena (along with the other pending Rule 2004 discovery requests issued by the TCC).

We are available to answer any questions that the Court may have with respect to this matter.

Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Joel s. Miliband*
Joel S. Miliband

cc:     David Richardson (via email: drichardson@bakerlaw.com)
        John H. MacConaghy (via email: macclaw@macbarlaw.com)
        Stephen Karotkin (via email: Stephen.karotkin@weil.com)
        Luke Eaton (via email: luke.eaton@troutman.com)
        John Conrad (via email: john.conrad@troutman.com)
        Marion Hack (via email: marion.hack@troutman.com)

---

[1] The Trustee is, of course, willing to work with the Debtors and TCC on an agreed form of order should the Court render a decision in this fashion.