DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
JOSEPH K. LITTLE (Bar No. 322179)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Chad Carothers

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR CHAD CAROTHERS' TO FILE PROOF OF CLAIM**<br><br>Date:  August 4, 2020<br>Time:  10:00 a.m.<br>Crtrm.:  Courtroom 17<br>    450 Golden Gate Avenue<br>    San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali<br><br>Objection deadline: July 28, 2020<br>         4:00 p.m. (Pacific Time) |

  Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("Motion") Chad Carothers ("Mr. Carothers" or "Movant") seeks an order expanding the time for him to file his proof of claim in these cases, a true copy of which is attached hereto as Exhibit 1. Mr. Carothers (through counsel) filed his claim with Prime Clerk on July 2, 2020. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Richard Frankel ("Frankel Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, Mr. Carothers, by and through his undersigned counsel, respectfully represents as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claims of a fire victim, who suffered losses as a result of the Camp Fire, for devastating and extensive personal injuries. Mr. Carothers is a firefighter who sustained severe injuries from the Camp Fire.

Application of the so-called *Pioneer* factors shows that Movant's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Mr. Carother's late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Mr. Carother's claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, Mr. Carother's delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, the reason for the delay is as described herein. As a firefighter, Mr. Carothers did not believe he was entitled to make a claim until (1) he became aware that PG&E plead guilty to charges of manslaughter stemming from the Camp Fire, during the fighting of which Mr. Carothers was injured, and (2) Mr. Carothers consulted counsel. Promptly after contacting counsel, Mr. Carother's counsel promptly filed the Proof of Claim and contacted bankruptcy counsel for assistance in seeking the instant relief. These inquiries demonstrate Mr. Carother's good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Mr. Carother's neglect having been excusable, late filing of the proof of

claim should be permitted.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

As set forth in the Declarations of Richard Frankel filed contemporaneously herewith, Mr. Carothers contacted Reiner, Slaughter & Frankel for representation in pursuing claims resulting the severe injuries suffered in attempting to save life and property during the fighting of the Camp Fire. Mr. Carothers was unaware of whether he could assert a claim, and contacted counsel as soon as he heard that PG&E plead guilty to the deaths of 84 people arising out of the Camp Fire. After learning of those circumstances, Mr. Carothers contacted counsel who promptly filed the Proof of Claim on his behalf, and contacted bankruptcy counsel for assistance in seeking he instant relief.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of

all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts-- supports the conclusion that Mr. Carothers failure to file his proof of claim prior to the general bar date was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. *See, e.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will

be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be via preferred stock and would not require any disgorgement of funds already paid out even if it might have affected the amount of preferred stock ultimately available to other creditors). The tininess of Movant's claim relative to Debtors' estates speaks to the absence of prejudice. *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Moreover, any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provided for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. While the Trust has recently been funded, distributions from the Trust have not been made, as the Trustee and his professionals and team are in the process of formulating claims resolution calculations and procedures.

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Mr. Carothers. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Mr. Carother's late filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, again leans in favor of excusability. Movant acknowledges this Court's observation, in 2004, that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and

required. *Graphic Communications* at 5.

The reason for the delay was Mr. Carother's uninformed belief regarding whether he could file a claim for injuries resulting from his work fighting the Camp Fire. Once Mr. Carother's learned of PG&E's guilty plea for the deaths caused by the Camp Fire, he contacted counsel who filed the Proof of Claim on his behalf. Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Movant failed to act in good faith.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to Mr. Carother's claim on substantive or legal grounds, other than timeliness.

## **CONCLUSION**

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that the Proof of Claim attached as Exhibit 1 hereto be deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: July 10, 2020                    DOWNEY BRAND LLP


By:    /s/ Jamie P. Dreher
       JAMIE P. DREHER
       Attorneys for Chad Carothers

---

the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration."); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: | Bankruptcy Case |
|---|---|
| PG&E CORPORATION, - and - PACIFIC GAS AND ELECTRIC COMPANY, Debtors. | No. 19-30088 (DM) Chapter 11 (Lead Case) (Jointly Administered) |

## Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Chad Carothers
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Reiner Slaughter & Frankel
Attorney Name (if applicable): Russell Reiner
Attorney Bar Number (if applicable): 84461
Street Address: 2851 Park Marina Dr., Suite 200
City: Redding
State: CA
Zip Code: 96001
Phone Number: 530-2411905
Email Address: rreiner@reinerslaughter.com

Where should payments to the creditor be sent? (if different)
Name: Eric Ratinoff Law Corp Client Trust Account
Attorney Name (if applicable): Eric J. Ratinoff
Attorney Bar Number (if applicable): 166204
Street Address: 401 West Avenue
City: Sacramento
State: CA
Zip Code: 95864
Phone Number: 916-9709100
Email Address: nziegler@ericratinoff.com

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___  MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)  Page 1

## Part 2: Give Information About the Claim as of the Date this Claim Form is Filed

**7. What fire is the basis of your claim?**
Check all that apply.

- [x] Camp Fire (2018)
- [ ] North Bay Fires (2017)
- [ ] Ghost Ship Fire (2016)
- [ ] Butte Fire (2015)
- [ ] Other (please provide date and brief description of fire: _____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): Rattlesnake Flats Road near Clark Road
Oroville, Cal. 95965

**9. How were you and/or your family harmed?**
Check all that apply

- [ ] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  - [ ] Owner [ ] Renter [ ] Occupant [ ] Other (Please specify): _____
- [x] Personal Injury
- [ ] Wrongful Death (if checked, please provide the name of the deceased) _____
- [ ] Business Loss/Interruption
- [x] Lost wages and earning capacity
- [ ] Loss of community and essential services
- [ ] Agricultural loss
- [ ] Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**
Check all that apply

- [x] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- [x] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- [x] Punitive, exemplary, and statutory damages
- [x] Attorney's fees and litigation costs
- [x] Interest
- [x] Any and all other damages recoverable under California law
- [ ] Other (Please specify): _____

**11. How much is the claim?**

- [ ] $_____ (optional)
- [x] Unknown / To be determined at a later date

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Russell Reiner*
Russell Reiner (Jul 2, 2020 17:15 CDT)

**Email:** chadfireski@gmail.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Russell | | Reiner |
| | First name | Middle name | Last name |
| Title | Lawyer | | |
| Company | Reiner, Slaugher & Frankel, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2851 Park Marina Dr., Suite 200 | | |
| | Number  Street | | |
| | Redding | CA | 96001 |
| | City | State | ZIP Code |
| Contact phone | 530-241-1905 | Email | rreiner@reinerslaughter.com |

# You're done signing
# Electronic Proof of Claim_KPFXH27402

Open agreement

Attached is the final agreement for your reference. You can also **open it online** to review its activity history.

Thank you for your electronic submission. Please do not send a duplicate of this submission by any other method of return.

Need your own documents signed? Adobe Sign can help save you time. **Learn more**.

To ensure that you continue receiving our emails, please add echosign@echosign.com to your address book or safe list.

© 2020 Adobe. All rights reserved.