Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619) 236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for Carenet Pregnancy Center of Paradise, Incorporated

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:* <br><br> PG&E CORPORATION <br><br> -and- <br><br> PACIFIC GAS AND ELECTRIC COMPANY <br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas & Electric <br> ■ Affects Both Debtors <br><br> *All papers shall be filed in the Lead Case, No.19-30088 (DM)* <br> _____ | **Case No. 19-30088 (DM)** <br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1) TO DEEM CARENET PREGNANCY CENTER OF PARADISE, INCORPORATED'S CLAIM TIMELY FILED** <br><br> Date: August 4, 2020 <br> Time: 10:00 a.m. <br> Place: To Be Held Telephonically (or Via Video Where Approved and Applicable) <br> Judge: Honorable Dennis Montali |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Claimant Carenet Pregnancy Center of Paradise, Incorporated ("The Center") moves for an entry of an order deeming its proof of claim in these cases timely filed.

## I. SUMMARY OF ARGUMENT

The nonprofit organization, The Center, through excusable neglect of its Executive Director, failed to file a timely claim in this bankruptcy. Ms. Kalanquin and her family not only suffered the loss of four homes which were completely destroyed by the Camp Fire, but several months later was diagnosed with cancer and underwent treatment throughout the year of 2019, which severely lessened her mental acuity due to medications. Although she is improving, she is still suffering from the effects of her current medications. *See* Declaration of Linda Kalanquin. ("Declaration"). Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1983) the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced sophisticated counsel failed to calendar a deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). Because this late-filed claim is the result of Ms. Kalanquin's endurance of difficult and even horrendous circumstances, will not prejudice the Debtor, will not delay the proceedings and is made in good faith, this motion should be granted. To deny this claim would work a severe injustice to the Claimant which is a consideration which must also be weighed. *Id.*

## II. PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019 *See* Dkt. 4872. On June 18, 2020, the Center filed a proof of claim. *See* Exhibit 1, a true and correct copy of which is attached hereto.

2

## III.

## FACTUAL BACKGROUND

Ms. Kalenquin is the Executive Director of the Center. She and her family are Camp Fire survivors. They lost a total of four homes, destroyed by the Camp Fire. After her family safely escaped, she worked on helping to secure stable living accommodations, as well as in the recovery process of clearing the properties. Several months later she was diagnosed with cancer for which she underwent severe radiation and oral chemotherapy treatment. Her treatment affected her mental acuity for all of 2019. She is still on medication which affects her mental status. (Declaration.)

## IV.

## ARGUMENT

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> (b) Enlargement.
> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**. Fed R. Bank. Proc. 9006.1. *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable one:

> "[A]t bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inventory Services v. Brunswick Associates Limited*

3

*Partnership,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors or impact on the bankruptcy proceedings. Where the debtor is solvent, as here, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only." *In re Sheehan Memorial Hospital* 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014). *See also In re Earth Rock, Inc.* 153 B.R. 61, 63 (Bankr D. Idaho 1991) . Nor, is there is any impact on the judicial proceeding.

The reason for the delay has, in part, been the same reason for the claim—the Camp Fire, the magnitude of which regarding community destruction has been almost unequaled. It destroyed the entire Town of Paradise. Ms. Kalanquin was trying to find housing and assist in clearing and restoring family properties completely demolished by fire.

In addition with facing the destruction caused by the Camp Fire to her properties and those of her family, she was caring for her mother and attempting to serve the Center's clients, albeit on a limited basis, as the Center's facilities and equipment were completely destroyed. Her entire staff at the Center lost their homes. Several of the Center's board members lost homes in the Camp Fire. A number of them moved away from the area in order to find housing. It is only recently that the Board has been able to meet and conduct business. (Declaration).

Several months after the fire, Ms. Kalenquin was diagnosed with cancer, which required radiation and oral chemotherapy, the treatment of which has reduced her ability to function. (Declaration.) Even so, excusable neglect is "an elastic concept' and is not limited strictly to omissions cause by circumstances beyond the control of the movant." *Id.* at 392. The present circumstances present a case where the factors causing late filing of a claim were clearly beyond the control of the Claimant. If circumstances are caused by an act of God or other <u>circumstances beyond the control of the claimant, there is no question that the Court can find excusable neglect</u>. *Id.* at 394.

_____

4

"Exigent personal circumstances," especially the medical and mental state of the person, and including moving one's home under difficult circumstances suffice to prove excusable neglect. *TCI Group Life Ins. Plan v. Knoebber* 244 F.3d 691, 699 (9th Cir 2001).

All of these factors are extant here. Ms. Kalanquin was subjected to the horrific disaster of complete destruction of her offices, her home and her community by the Camp Fire. With no home, she was forced to reestablish her household, including for her mother for whom she was caring. Adding to her nightmare of dealing with the consequences of the fire, she was diagnosed with cancer and treated with radiation and various pharmaceuticals which diminished her thought processes and ability to function (See Declaration). Her life has been overwhelming and her mental state confused. (Declaration). Failure for her to file a claim on behalf of the nearly non-functioning non-profit during this time of "extreme personal difficulty" warrants a finding of excusable neglect. *See Id.*

Further, Ms. Kalanquin acted in good faith. Once Ms. Kalanquin realized her very excusable neglect, she immediately contacted counsel and filed a claim on behalf the Center. *See* Exhibit 1. Her failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales & Mkg. LLC* 2016 U.S. Dist LEXIS 141533 (This factor alone weights against finding excusable neglect even when the other *Pioneer* factors are present). This is a situation where Ms. Kalanquin filed a claim once she realized that it was necessary.

And, finally, the likelihood of injustice is great, if this claim is not permitted. The Center, as well as Ms. Kalanquin, is a Camp Fire victim whose only avenue for compensation, other than insurance, is through this bankruptcy. This is a factor which weighs in favor of allowing a late claim and was emphasized by the Court in *Pincay*, *supra,* 389 F.3d at 859.

/ / /

5

# V.

# CONCLUSION

For all of the above reasons, the motion should be granted, and the Center's claim should be deemed timely.

July 10, 2020.                                   Respectfully submitted,

THE KANE LAW FIRM


By:_____/s/ Bonnie E. Kane_____
   BONNIE E. KANE
   Attorneys for CARENET PREGNANCY
   CENTER OF PARADISE, INCORPORATED

6