# Weil, Gotshal & Manges LLP

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Stephen Karotkin**
+1 (212) 310-8350
stephen.karotkin@weil.com

July 13, 2020

Honorable Dennis Montali
United States Bankruptcy Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Company, Case No. 19-30088 (DM) (Jointly Administered)*

Dear Judge Montali:

We are the attorneys for the above-referenced Reorganized Debtors. Reference is made to (a) the letter dated July 10, 2020, from David Richardson of the Baker Hostetler firm (the "Baker Letter") and (b) the letter dated July 10, 2020, from Joel Miliband of the Brown Rudnick firm (the "Brown Rudnick Letter") each in response to my letter, dated July 2, 2020 with respect to the TCC's Rule 2004 Subpoena (the "Burns 2004 Subpoena") served on Burns & McDonnell Engineering Co. Inc. ("Burns & McDonnell") and other 2004 discovery the TCC wishes to continue to pursue.

As stated in my letter of July 2, 2020, the Burns 2004 Subpoena and the other discovery the TCC seeks to pursue relate exclusively to the Assigned Rights and Causes of Action that have been assigned to the Fire Victim Trust in connection with the Debtors' Plan becoming effective on July 1, 2020. As a result, any discovery with respect to the Assigned Rights and Causes of Action must be undertaken by the Fire Victim Trust and not the TCC.

Nevertheless, the TCC seeks authority to continue the discovery and impose the costs associated therewith on the Reorganized Debtors and their economic stakeholders. This is not appropriate.

Importantly, the Reorganized Debtors are not in any way seeking to have the Fire Victim Trust "start over with new subpoenas" or to "start from scratch," as suggested in the Baker Letter. Rather, as both the Baker Letter and the Brown Rudnick Letter recognize, the Fire Victim Trustee can step into the shoes of the TCC to pursue the subpoenas for the benefit of the Fire Victim Trust's constituency and proceed accordingly. Further, if the Fire Victim Trustee desires to retain the Baker Hostetler firm to do so, that certainly is his prerogative.

Case: 19-30088    Doc# 8368    Filed: 07/13/20    Entered: 07/13/20 14:14:19    Page 1 of 2

**Weil, Gotshal & Manges LLP**

And, taking the Fire Victim Trustee up on its offer in that regard, the Reorganized Debtors are more than willing to work with the Fire Victim Trustee and the TCC to submit to the Court an agreed order implementing the foregoing. See Brown Rudnick Letter, footnote 1. That approach is the proper resolution of this matter.

Respectfully,

*/s/ Stephen Karotkin*

Stephen Karotkin

cc: David Richardson (via email: drichardson@bakerlaw.com)
    John H. MacConaghy (via email: macclaw@macbarlaw.com)
    Joel S. Miliband (via email: jmiliband@brownrudnick.com)
    Luke Eaton (via email: luke.eaton@troutman.com)
    John Conrad (via email: john.conrad@troutman.com)
    Marion Hack (via email: marion.hack@troutman.com)