DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
JOSEPH K. LITTLE (Bar No. 322179)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:     916.444.1000
Facsimile:      916.444.2100

Attorneys for Robert Reeve,
Sonntag-Reeve Eye Center, Inc.,
and Sonntag-Reeve Medical Corp.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO JOIN REAL PARTIES IN INTEREST FOR CLAIM PREVIOUSLY FILED, OR IN THE ALTERNATIVE, TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date:       August 4, 2020<br>Time:      10:00 a.m.<br>Crtrm.:    Courtroom 17<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102<br>Judge:    Hon. Dennis Montali<br><br>Objection deadline:     July 28, 2020<br>                              4:00 p.m. (Pacific Time) |

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion") Robert Reeve, Sonntag-Reeve Eye Center, Inc., and Sonntag-Reeve Medical Corp. ("Movants") move to add Sonntag-Reeve Eye Center, Inc., and Sonntag-Reeve Medical Corp. as real parties in interest for certain business and real property damages previously claimed by Robert Reeve in the timely

Claim No. 76934, attached hereto as Exhibit 1. The amended claim, Claim No. 103461, is attached hereto as Exhibit 2. Alternatively, Movants seek an order expanding the time for them to file their amended proof of claim in these cases. Movants filed the amended proof of claim after the deadline to do so. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Richard Frankel ("Frankel Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claims of a doctor and his related entities who suffered property and business losses as a result of the Camp Fire.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporates Federal Rules of Civil Procedure 15(c) and 17(a)(3),) because there is a lack of bad faith on the part of Movants and their counsel in failing to include the correct real parties in interest, this Court should allow addition of real parties in interest to the extent it is proper.

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, the mistake should be corrected by permitting the late filing of the amended proof under Bankruptcy Rule 9006(b).

Application of the so-called *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor,

Movants' late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, Movants' delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, the reason for the delay is that Reeve's counsel learned that certain damages claimed in the initial proof of claim actually belonged to Sonntag-Reeve Eye Center, Inc. and Sonntag-Reeve Medical Corp. This fact was only discoverable when preparing the supporting documentation for the initial claim. Movants' counsel filed the Amended Proof of Claim on April 22, 2020. These inquiries demonstrate Movants' good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movants' "neglect" having been excusable, late filing of the proof of claim should be permitted.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Rules 7015, 7017, and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

As set forth in the Declarations of Richard Frankel filed contemporaneously herewith, Movants contacted Reiner, Slaughter & Frankel for representation in pursuing claims for damages from the Camp Fire. Counsel filed a proof of claim for Robert Reeve on October 18, 2019. After learning that certain business and property damages only belonged to Sonntag-Reeve Eye Center, Inc. and Sonntag-Reeve Medical Corp, and not only Dr. Reeve as an individual, Movants' counsel filed the Amended Proof of Claim on April 22, 2020.

## BASIS FOR RELIEF REQUESTED

Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure incorporate Federal Rules of Civil Procedure 15 and 17. Rule 15(c) applies to amendments of claims that relate back to the time of original filing, while Rule 17(a)(3) applies when a party has been misnamed in any civil claim. Specifically, Rule 17 allows the addition of a real party in interest and provides for the action "to proceed as if it had been originally commenced by the real party in interest." These Rules applies to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a proof of claim"); *Matter of Nelson*, 607 B.R. 685, 705 (Bankr. N.D. Ala. 2019) (applying Rule 7017 to proofs of claim); *In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) ("Federal Rule of Civil Procedure 17, which is applicable to this contested matter through Bankruptcy Rule[] 7017 . . . , requires the real party in interest to file a proof of claim."); *In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004) ("[T]he court concludes that the Amended [Proofs of] Claim[] do not sufficiently relate to the Original[s] . . . for purposes of F.R.C.P. 15(c)."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649, 652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") The rule applies "when an honest mistake has been made in choosing the party in whose name the action is to be filed." 1966 Advisory Committee Notes. Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. Sonntag-Reeve Eye Center, Inc. and Sonntag-Reeve Medical Corp. should be added as claimants, as reflected in the Amended Proof of Claim, to the extent the claimed damages belong to them, and not solely to Dr. Reeve as an individual.

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, the naming mistake should be corrected by permitting the late filing of the amended proof under Bankruptcy Rule 9006(b).

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . . by order of court." Rule 9006(b)(1) further

provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

Because in this case there is no danger of prejudice to the Debtors (or anyone else), the first *Pioneer* factor weighs overwhelmingly in Movants' favor. For starters, Ninth Circuit courts regularly grant late amendments to timely proofs of claim like the ones at issue here. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251-1252 (9th Cir. 1992) ("The decision to allow an amendment to a timely filed proof of claim is within the sound discretion of the bankruptcy court;" holding that the bankruptcy court did not abuse its discretion in allowing late amendment of claim when amendment merely clarified claim without changing nature of claim or amount sought); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–17 (9th Cir. 1985) ("In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity. . . . [Claimant] is not seeking to introduce a new claim in disguise . . . . Thus, the bankruptcy court

abused its discretion in disallowing the amendment in this case."); *In re JSJF Corp.*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006), aff'd and remanded, 277 F. App'x 718 (9th Cir. 2008) ("[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim—there must be some legal detriment to the party opposing."); *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 609 (Bankr. D. Idaho 2014) ("The burden of showing prejudice is on the party objecting to the amendment."); *In re Gordian Med., Inc.*, 499 B.R. 793, 801 (Bankr. C.D. Cal. 2013) (allowing post-deadline amendment of timely original proof of claim when all *Pioneer* factors favored movant except for movant's delay, and suggesting that no showing of excusable neglect is even required when post-deadline amendments assert claims "of the same generic origin"); *In re Nucorp Energy, Inc.*, 52 B.R. 843, 846 (Bankr. S.D. Cal. 1985) ("This Court recognizes the long established liberal policy toward amendment of proofs of claim.").

Other courts would agree, since nothing about this amendment affects what any creditor would receive. *See, e.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be via preferred stock and would not require any disgorgement of funds already paid out even if it might have affected the amount of preferred stock ultimately available to other creditors). Nothing about this amended proof of claims affects how much Debtor will ever have to pay creditors. Moreover, it does not result in any creditor receiving less than it would have otherwise, since the inclusion of the corporate entities does not serve to enlarge the amount of the damages claimed, and is solely designed to ensure the proper parties in interest are listed as claimants. Further, the amended claims contains

the same contact information, even with the new parties in interest, as the original claims.

Finally, any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provided for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. While the Trust has recently been funded, distributions from the Trust have not been made, as the Trustee and his professionals and team are in the process of formulating claims resolution calculations and procedures.

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors the Movants. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). The Movants' "late" filing, if permitted by the Court, would have little to no appreciable impact on these proceedings. Moreover, the amended filing occurred well before Plan confirmation and when the Plan became effective.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, again leans in favor of excusability. Movants acknowledges this Court's observation, in 2004, that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting

required. *Graphic Communications* at 5.

The reason for the delay was simply that, when compiling documents to support Robert Reeve's claim, Dr. Reeve's counsel determined that ownership of certain property was vested in the corporate entities in addition to Dr. Reeve individually, that many of the damages sought were damages of the other Movants. Counsel filed the Amended Proof of Claim upon discovery. Finally, and for the same reasons, as to the fourth *Pioneer* factor there is no reasonable suggestion that Movants failed to act in good faith.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to the Movants' claim on substantive or legal grounds, other than timeliness.

## **CONCLUSION**

For the reasons set forth above, Movants respectfully requests that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that Sonntag-Reeve Eye Center, Inc. and Sonntag-Reeve Medical Corp. be added as real parties in interest in the Amended Proof of Claim.

3. Directing that the Amended Proof of Claim attached as Exhibit 2 hereto be deemed timely filed;

4. Granting such other or further relief as the Court deems just and proper.

DATED: July 14, 2020                    DOWNEY BRAND LLP

By: /s/ Jamie P. Dreher
      JAMIE P. DREHER
      Attorneys for Robert Reeve,
      Sonntag-Reeve Eye Center, Inc.,
      and Sonntag-Reeve Medical Corp.

---

"the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

RECEIVED
OCT 18 2019
PRIME CLERK LLC

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Robert Reeve
Name of the current creditor (the person or entity to be paid for this claim)

] Date Stamped Copy Returned
] No Self-Addressed Stamped Envelope
] No Copy Provided

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☒ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Edelson PC
Attorney Name (if applicable): Rafey Balabanian
Attorney Bar Number (if applicable): 315962
Street Address: 123 Townsend Street Suite 100
City: San Francisco
State: CA
Zip Code: 94107
Phone Number: 415-234-5342
Email Address: rbalabanian@edelson.com

Where should payments to the creditor be sent?
(if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on ___ / ___ / ___
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

193008880030906

Claim Number: 76934

Case: 19-30088  Doc# 8384  Filed: 07/14/20  Entered: 07/14/20 12:02:49  Page 10 of 19

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☒ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 5267 Laguna Ct Paradise, CA 95969 (Primary Residence)<br>6009 Pentz Rd Building A Paradise, CA 95969 (Business Address)<br>6009 Pentz Rd Building B Paradise, CA 95969 (Business Address)<br>6009 Pentz Rd Building D Paradise, CA 95969 (Business Address) |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☒ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☒ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☒ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☒ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☒ Loss of community and essential services<br>☐ Agricultural loss<br>☒ Other (Please specify): **Mental and Emotional Anguish** |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☒ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☒ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☒ Punitive, exemplary, and statutory damages<br>☒ Attorney's fees and litigation costs<br>☒ Interest<br>☒ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. How much is the claim? | ☐ $ _____ (optional)<br>☒ Unknown / To be determined at a later date |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/16/2019  (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Rafey | Sarkis | Balabanian |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Edelson PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 123 | Townsend Street, Suite 100 | |
| | Number | Street | |
| | San Francisco | CA | 94107 |
| | City | State | ZIP Code |
| Contact phone | 415-212-9300 | Email | rbalabanian@edelson.com |



# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
**PG&E CORPORATION,**
- and -
**PACIFIC GAS AND ELECTRIC COMPANY,**
Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

RECEIVED
APR 22 2020
PRIME CLERK LLC

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

[✓] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Robert Reeve, individually and for Sonntag-Reeve Eye Center, Inc and Sonntag-Reeve Medical Corp.
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
[✓] No
[ ] Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
[✓] No
[ ] Yes

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Reiner, Slaughter & Frankel
Attorney Name (if applicable): Russell Reiner
Attorney Bar Number (if applicable): 84461
Street Address: 2851 Park Marina Dr, Suite 200
City: Redding
State: CA
Zip Code: 96001
Phone Number: 530-2411905
Email Address: rreiner@reinerslaughter.com

Where should payments to the creditor be sent? (if different)

Name: Eris Ratinoff Law Corp Client Trust Account
Attorney Name (if applicable): Eric J. Ratinoff
Attorney Bar Number (if applicable): 166204
Street Address: 401 Watt Avenue
City: Sacramento
State: CA
Zip Code: 95864
Phone Number: 916-970-9100
Email Address: nziegler@ericratinoff.com

**5. Does this claim amend one already filed?**
[ ] No
[✓] Yes. Claim number on court claims registry (if known) 76934
Filed on 10/18/2019

**6. Do you know if anyone else has filed a proof of claim for this claim?**
[ ] No
[✓] Yes. Who made the earlier filing? Edelson PC

Claim Number: 103461

Proof of Claim (Fire Related)

Page 1

Case: 19-30088    Doc# 8384    Filed: 07/14/20    Entered: 07/14/20 12:02:49    Page 15 of 19

| | |
|---|---|
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | [✓] Camp Fire (2018)<br>[ ] North Bay Fires (2017)<br>[ ] Ghost Ship Fire (2016)<br>[ ] Butte Fire (2015)<br>[ ] Other (please provide date and brief description of fire: _____ |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | [✓] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    [✓] Owner [ ] Renter [ ] Occupant [ ] Other (Please specify): _____<br>[✓] Personal Injury<br>[ ] Wrongful Death (if checked, please provide the name of the deceased) _____<br>[✓] Business Loss/Interruption<br>[✓] Lost wages and earning capacity<br>[✓] Loss of community and essential services<br>[ ] Agricultural loss<br>[✓] Other (Please specify): **Mental & Emotional Anguish** |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | [✓] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>[✓] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>[✓] Punitive, exemplary, and statutory damages<br>[✓] Attorney's fees and litigation costs<br>[✓] Interest<br>[✓] Any and all other damages recoverable under California law<br>[ ] Other (Please specify): _____ |
| 11. How much is the claim? | [ ] $_____ (optional)<br>[✓] Unknown / To be determined at a later date |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/21/2020  (mm/dd/yyyy)

/s/Russell Reiner
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Russell | | Reiner |
| | First name | Middle name | Last name |
| Title | Lawyer | | |
| Company | Reiner, Slaughter & Frankel | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2851 Park Marina Dr, Suite 200 | | |
| | Number  Street | | |
| | Redding | CA | 96001 |
| | City | State | ZIP Code |
| Contact phone | 530-241-1905 | Email | rreiner@reinerslaughter.com |

Re: <u>Robert Reeve, individually and for Sonntag-Reeve Eye Center, Inc and Sonntag-Reeve Medical Corp. v. PG&E</u>

*AFFIDAVIT OF SERVICE*

Affiant states: I am over the age of 18 years and not a party to the within action. I am employed in Shasta County, California, by the Law Offices of Reiner, Slaughter & Frankel, LLP at their offices located at 2851 Park Marina Drive, Suite 200, Redding, California 96001. On the date this affidavit is signed below, a true copy of the above-described document was served:

EXACT TITLE OF DOCUMENT SERVED:

**PROOF OF CLAIM**

___ By transmitting a true copy thereof by facsimile machine to the telefacsimile number shown following the name of each such party.

_XX_ By FedEx overnight delivery to the person/address set forth below.

___ By United States Post Office Express Mail overnight delivery to the person/address set forth below.

___ By United Postal Service (UPS) overnight delivery to the person/address set forth below.

___ After confirmation of the facsimile, a true and correct copy was sent by United States Post Office regular delivery to the person/address set forth below.

___ By hand-delivery: I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

PG&E Corporation Claims Processing
C/O Prime Clerk LLC
850 3rd Avenue
Brooklyn, NY 11232-1513

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of April 2020, at Redding, California.

CHRISTINA WHITTINGTON

