DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
JOSEPH K. LITTLE (Bar No. 322179)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:  916.444.1000
Facsimile:  916.444.2100

Attorneys for Patrick McCaffrey, Sally McCaffrey, and the McCaffrey Family Trust.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 FOR AN ORDER DEEMING PROPOSED AMENDED CLAIM TO RELATE BACK/OR PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR PATRICK MCCAFFREY, SALLY MCCAFFREY, AND THE MCCAFFREY FAMILY TRUST TO FILE PROOF OF CLAIM**<br><br>Date: August 4, 2020<br>Time: 10:00 a.m.<br>Crtrm.: Courtroom 17<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>Objection deadline: July 28, 2020<br>4:00 p.m. (Pacific Time) |

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, Patrick McCaffrey, Sally McCaffrey, and the McCaffrey Family Trust ("Movants") seek an order deeming that the proposed Amended Proof of Claim described below will relate back to Movants' originally-filed proof of claim; alternatively, Movants seek an order expanding the time for them

to file the proposed Amended Proof of Claim described below. Patrick and Sally McCaffrey (without counsel) filed their original claim with Prime Clerk on August 27, 2019. A copy of this claim (Claim No. 8413) is attached hereto as Exhibit 1. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Richard Frankel ("Frankel Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the amendment of claim of a family of fire victims and their family trust. All Movants – the McCaffrey Family and their trust - suffered losses as a result of the Camp Fire. Now, the Movants seek to enlarge the time (if necessary) so that the McCaffrey Family Trust is appropriately included in the claim.

Application of the so-called *Pioneer* factors shows that Movants' "late" filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first factor, prejudice, the amended proof of claim would change nothing except for nominally adding the trust as a claimant. The trust does not appear in the original proof of claim as a claimant because the trust was inadvertently omitted. The Movants, who filed the proof of claim on their own behalf, did not appreciate the difference between being a trust beneficiary and a trustee of the trust. Instead, the original claim, filed on behalf of the Movants individually, seeks damages for claims that belong to the trust. Adding the trust as a claimant does not change the nature or amount of the

damages. Moreover, Patrick and Sally McCaffrey are trustees of the trust; their contact information is the trust's information. Additionally, the Debtors' Plan has been confirmed and the associated Fire Victim Trust funded, so the inclusion of the trust in Movants' amended claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, the Movants' delay in filing the proposed amended claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, the reason for the delay was the lack of understanding by Movants of the difference between acting individually and as the trustees of the trust that was listed as the owner of the property. In June 2020, Movants hired counsel to gather information and present their claim to the trustee of the Settlement Trust. Promptly after realizing that the McCaffreys' house belonged to a trust and not to Movants individually, Movants' counsel contacted bankruptcy council for assistance in this Motion. This inquiry demonstrates the Movants' good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to the Movants' neglect (if any) having been excusable, late filing of the amended proof of claim should be permitted.

Alternatively, the Ninth Circuit takes a liberal approach to the amendment of proofs of claim, allowing late claims to relate back to timely ones if the claims are of the same origin. Since the proposed Amended Proof of Claim here simply correct the omission of the trust, it has the same origin as the timely claim. And since granting the requested relief would not prejudice Debtors, this Court should deem that Movants' proposed Amended Proof of Claim relates back to the original if filed within one week from this Court's order thereon.

### JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

1646524v1

3

predicates for the relief requested herein are Rules 7015, 7017, and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d

996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--supports the conclusion that the exclusion of the trust in the original claim was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movants' favor. For starters, Ninth Circuit courts regularly grant late amendments to timely proofs of claim like the ones at issue here. *See, e.g.*, *In re Roberts Farms Inc.*, 980 F.2d 1248, 1251-1252 (9th Cir. 1992) ("The decision to allow an amendment to a timely filed proof of claim is within the sound discretion of the bankruptcy court;" holding that the bankruptcy court did not abuse its discretion in allowing late amendment of claim when amendment merely clarified claim without changing nature of claim or amount sought); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–17 (9th Cir. 1985) ("In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity. . . . [Claimant] is not seeking to introduce a new claim in disguise . . . . Thus, the bankruptcy court abused its discretion in disallowing the amendment in this case."); *In re JSJF Corp.*, 344 B.R. 94, 102 (B.A.P. 9th Cir. 2006), aff'd and remanded, 277 F. App'x 718 (9th Cir. 2008) ("[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim—there must be some legal detriment to the party opposing."); *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 609 (Bankr. D. Idaho 2014) ("The burden of showing prejudice is on the party objecting to the amendment."); *In re Gordian Med., Inc.*, 499 B.R. 793, 801 (Bankr. C.D. Cal. 2013) (allowing post-deadline amendment of timely original proof of claim when all *Pioneer* factors favored movant except for movant's delay, and suggesting that no showing of excusable neglect is even required when post-deadline amendments assert claims "of the same generic origin"); *In re Nucorp Energy, Inc.*, 52 B.R. 843, 846 (Bankr. S.D. Cal. 1985) ("This Court recognizes the long established liberal policy toward amendment of proofs of claim.").

Other courts would agree, since the proposed amendment would be "timely" in that it would merely be a nominal change to a timely claim filed well before the Plan was confirmed and

the fire victim trust funded. *See, e.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be via preferred stock and would not require any disgorgement of funds already paid out even if it might have affected the amount of preferred stock ultimately available to other creditors).

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors the Movants. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). The amendments if permitted by the Court, would have little to no appreciable impact on these proceedings. Moreover, the original filing occurred well before Plan confirmation and when the Plan became effective.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, again leans in favor of excusability. Movants acknowledges this Court's observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995)

DOWNEY BRAND LLP

required. *Graphic Communications* at 5.

The reason for the delay was simply a misunderstanding by the Movants who (representing themselves) filed a proof of claim without recognizing that their trust held the right to recover for losses to the property for which it was the lawful owner. Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made that Movants failed to act in good faith.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to the Movants' claim on substantive or legal grounds, other than timeliness.

Alternatively, the court has authority under Fed. R. Bank. P. 7015 and 7017 to enter an order providing that an amended claim relates back to an originally-filed claim. Rule 7015 of the Federal Rules of Bankruptcy Procedure incorporates Federal Rules of Civil Procedure 15. Rule 15(c) applies to amendments of claims that relate back to the time of original filing. Rule 7015 applies to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a proof of claim"); *In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004) ("[T]he court concludes that the Amended [Proofs of] Claim[] do not sufficiently relate to the Original[s] . . . for purposes of F.R.C.P. 15(c)."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649, 652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. The trust should be represented in Movants' proof of claim as any subsequent Amended Proof of Claim would reflect.

---

("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").

Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure incorporate Federal Rules of Civil Procedure 15 and 17. Rule 15(c) applies to amendments of claims that relate back to the time of original filing, while Rule 17(a)(3) applies when a party has been misnamed in any civil claim. Specifically, Rule 17 allows the addition of a real party in interest and provides for the action "to proceed as if it had been originally commenced by the real party in interest." These Rules applies to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a proof of claim"); *Matter of Nelson*, 607 B.R. 685, 705 (Bankr. N.D. Ala. 2019) (applying Rule 7017 to proofs of claim); *In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) ("Federal Rule of Civil Procedure 17, which is applicable to this contested matter through Bankruptcy Rule[] 7017 . . . , requires the real party in interest to file a proof of claim."); *In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004) ("[T]he court concludes that the Amended [Proofs of] Claim[] do not sufficiently relate to the Original[s] . . . for purposes of F.R.C.P. 15(c)."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649, 652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") The rule applies "when an honest mistake has been made in choosing the party in whose name the action is to be filed." 1966 Advisory Committee Notes. Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. And since the trust was omitted from the timely claim by pure honest mistake, this Court should allow amendment and deem such amendment timely.

## CONCLUSION

For the reasons set forth above, Movants respectfully requests that this Court enter an order pursuant to either Bankruptcy Rules 7015 and 7017 and/or 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that any Amended Proof of Claim filed by Movants within one week of this Court's order that simply identifies the McCaffrey Trust be deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.

1646524v1

| | | |
|---|---|---|
| 1 | DATED: July 14, 2020 | DOWNEY BRAND LLP |
| 2 | | |
| 3 | | By: /s/ Jamie P. Dreher |
| 4 | | JAMIE P. DREHER |
| 5 | | Attorneys for Patrick McCaffrey, Sally McCaffrey, and the McCaffrey Family Trust |

# EXHIBIT 1

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Bankruptcy Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

[✓] Date Stamped Copy Returned
[✓] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

## Part 1: Identify the Claim

1. Who is the current creditor?
   **Sally Blackwood McCaffrey**
   Name of the current creditor (the person or entity to be paid for this claim)

2. Has this claim been acquired from someone else?
   [✓] No
   [ ] Yes. From whom? _____

3. Are you filing this claim on behalf of your family?
   [ ] No
   [✓] Yes
   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.
   
   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:
   **Sally B. McCaffrey**
   **Patrick K. McCaffrey**

4. Where should notices and payments to the creditor be sent?
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)
   
   Where should notices to the creditor be sent?
   Name: **Sally B. McCaffrey**
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: **569 Jade Street**
   City: **Petaluma**
   State: **CA**
   Zip Code: **94952**
   Phone Number: **530 521 5272**
   Email Address: **smccaffrey2003@yahoo.com**
   
   Where should payments to the creditor be sent? (if different)
   Name: _____
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: _____
   City: _____
   State: _____
   Zip Code: _____
   Phone Number: _____
   Email Address: _____

5. Does this claim amend one already filed?
   [✓] No
   [ ] Yes. Claim number on court claims registry (if known) _____
   Filed on ___ / ___ / ___ MM / DD / YYYY

6. Do you know if anyone else has filed a proof of claim for this claim?
   [✓] No
   [ ] Yes. Who made the earlier filing? _____



Proof of Claim (Fire Related) — Page 1

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed | |
|---|---|---|
| 7. | What fire is the basis of your claim?<br><br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 239 Eagle Nest Drive<br>Chico, CA 95928 |
| 9. | How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ |
| 10. | What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☐ Attorney's fees and litigation costs<br>☐ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. | How much is the claim? | ☑ $ 1,600,000.00 _____ (optional)<br>☐ Unknown / To be determined at a later date |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **08/27/2019** (mm/dd/yyyy)

*/s/ Sally Blackwood McCaffrey*
Signature

Print the name of the person who is completing and signing this claim:

Name: **Sally** (First name) **Blackwood** (Middle name) **McCaffrey** (Last name)

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: **569 Jade Street**
Number   Street
**Petaluma,      CA    94952**
City            State    ZIP Code

Contact phone: **530 521 5272**   Email: **smccaffrey2003@yahoo.com**

**Proof of Claim (Fire Related)**   Page 3

