# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>    - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SECOND INTERIM APPLICATION OF LYNN A. BAKER, ESQ. FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020**<br><br>[No hearing requested]<br><br>DATE:  TBD<br>TIME:   TBD<br><br>**OBJECTION DATE**:<br>August 3, 2020 at 4:00 p.m. (PDT) |

## GENERAL INFORMATION

| | |
|---|---|
| NAME OF APPLICANT: | LYNN A. BAKER, ESQ. |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | OFFICIAL COMMITTEE OF TORT CLAIMANTS |
| PETITION DATE: | JANUARY 29, 2019 |
| RETENTION DATE: | ORDER ENTERED FEBRUARY 26, 2020, EFFECTIVE AS OF JANUARY 27, 2020 |
| PRIOR APPLICATIONS: | FIRST INTERIM |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THIS APPLICATION

| | |
|---|---|
| TIME PERIOD COVERED BY APPLICATION: | FEBRUARY 1, 2020 THROUGH MAY 31, 2020 |
| TOTAL FEES SOUGHT FOR THIS PERIOD: | $69,120.00 |
| TOTAL EXPENSES SOUGHT FOR THIS PERIOD: | NONE |
| TOTAL FEES ALREADY PAID FOR THIS PERIOD: | $42,528.00 |
| TOTAL EXPENSES ALREADY PAID FOR THIS PERIOD: | N/A |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION AND NOT YET PAID: | $26,592.00 |

**SUMMARY OF SECOND INTERIM FEE APPLICATION**

| Date Filed | Period Covered | Fees Requested (100%) | Fees Paid (80%) | Expenses Requested | Expenses Paid | Unpaid Amounts |
|---|---|---|---|---|---|---|
| 3/16/20 DE 6300 | 2/1/2020-2/29/2020 | $8,880.00 | $7,104.00 | NONE | N/A | $1,776.00 |
| 5/1/2020 DE 7044 | 3/1/2020-3/31/2020 | $44,280.00 | $35,424.00 | NONE | N/A | $8,856.00 |
| 6/1/2020 DE 7698 | 4/1/2020-4/30/2020 | $12,720.00 | $0 | NONE | N/A | $12,720.00 |
| 6/30/2020 DE 8222 | 5/1/2020-5/31/2020 | $3,240.00 | $0 | NONE | N/A | $3,240.00 |
| **TOTAL** | | **$69,120.00** | **$42,528.00** | **NONE** | **N/A** | **$26,592.00** |

Objections to Monthly Fee Statements: No objections have been filed regarding the First, Second, or Third Monthly Fee Statements. The deadline for objections to the Fourth Monthly Fee Statement is July 21, 2020.

Compensation Sought and Not Yet Paid: **$26,592.00**

**HOURS BY PROFESSIONAL**
**FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

| Professional | Position | Year Admitted | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Lynn A. Baker, Esq. | Attorney | Arizona – 1992 (Inactive) Texas 2003 | $1,200.00 | 57.60 | $69,120.00 |
| **TOTAL** | | | | **57.60** | **$69,120.00** |

**HOURS BY TASK**
**FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

| TASK DESCRIPTION | HOURS |
|---|---|
| Telephone Calls, and Emails with Client and/or Client Attorneys | 25.60 |
| Document Review | 10.70 |
| Research and Writing | 18.50 |
| Prepare for/Attend Meetings | 2.80 |
| **TOTAL** | **57.60** |

**SECOND INTERIM APPLICATION OF LYNN A. BAKER, ESQ. FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

Lynn A. Baker, Esq. ("**Professor Baker**" or the "**Applicant**"), the special counsel for the Official Committee of Tort Claimants (the "**TCC**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Bankruptcy Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), hereby submits her *Second Interim Application for Allowance and Payment of Compensation for the Period February 1, 2020 through May 31, 2020* (the "**Application**") seeking entry of an order, on an interim basis, pursuant to Sections 330(a) and 331 of Title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 (the "**Narrative Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 For Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**"), and the revised Fee Examiner Protocol filed on October 24, 2019 (the "**Revised Protocol**") [Docket No. 4473] (collectively, the "**Guidelines**") for interim allowance of compensation for professional services rendered in connection with the Applicant's representation of the TCC in the Bankruptcy Cases.

Applicant seeks interim approval of compensation from February 1, 2020 through May 31, 2020 (the "**Application Period**") totaling **$69,120.00,** which sum represents fees for legal services rendered in the amount of **$69,120.00**.

This Application is based upon the contents hereof, together with the exhibits, the declaration of Lynn A. Baker, Esq. filed concurrently herewith, the pleadings, papers, and records

on file in the Bankruptcy Cases, and any evidence or argument that the Court may entertain at the time of any hearing on the Application.

Pursuant to the Guidelines, a cover letter enclosing this Application is being sent to the Chair of the TCC concurrently. The letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee ("**UST**") any objections, concerns, or questions the Chair may have regarding the requested compensation set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit A**.

## RELEVANT BACKGROUND

1. On January 29, 2019 (the "**Petition Date**"), the Debtors filed the Bankruptcy Cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On February 15, 2019, the Office of the UST filed an Appointment of the Official Committee of Tort Claimants [Docket No. 453]. Following the resignation of Richard Heffern from the original TCC and the addition of Tommy Wehe, on February 21, 2019, the UST filed the Amended Appointment of the Official Committee of Tort Claimants [Docket No. 530]. Following the resignation of Kirk Trostle and GER Hospitality, LLC, the UST filed the Second Amended Appointment of the TCC on March 27, 2020 [Docket No. 6503]. On April 3, 2020, following the resignation of Karen K. Gowins, the UST filed the Third Amended Appointment of the TCC [Docket No. 6613]. The current members of the TCC are: (i) Tommy Wehe; (ii) Angelo Loo; (iii) Agajanian, Inc.; (iv) Susan Slocum; (v) Samuel Maxwell; (vi) Karen M. Lockhart; (vii) Wagner Family Wines-Caymus Vineyards; and (viii) Gregory Wilson.

3. On January 30, 2020, the TCC filed its *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Lynn A. Baker as Special Counsel Effective as of January 27, 2020* [Docket No. 5568] (the "**Retention Application**"). On February 26, 2020, the Court entered its *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Lynn A. Baker as Special Counsel Effective as of*

*January 27, 2020* [Docket No. 5920] (the "**Retention Order**"). A true and correct copy of the Retention Order is attached hereto as **Exhibit B**. The Applicant is not holding, and has not held, any retainer in connection with the Bankruptcy Cases or the work performed on behalf of the TCC.

4. As set forth below, Applicant began working with the TCC and its primary counsel, Baker & Hostetler LLP, to address certain issues relating to the TCC's fiduciary duties. The services for which interim compensation is sought herein were rendered for and on behalf of the TCC. Applicant respectfully submits that the nature of the services has been necessary and beneficial to the TCC.

5. On May 28, 2019, the Court entered an order appointing Bruce A. Markell as fee examiner ("**Fee Examiner**") in the Bankruptcy Cases. [Docket No. 2267]. Applicant has ensured that the Fee Examiner has been served with the Application so that he may evaluate the reasonableness of the compensation sought in this Application.

## RELIEF REQUESTED AND BASIS FOR RELIEF

6. This Application is Applicant's second interim request for allowance and payment of fees as special counsel to the TCC.

7. Pursuant to Bankruptcy Code §§ 330 and 331, Applicant respectfully requests entry of an order, on an interim basis, allowing and approving **$69,120.00** which sum represents fees for legal services rendered. A copy of Applicant's invoices detailing the services rendered during the Application Period are filed on the docket as attachments to Applicant's monthly fee statements (see Docket Nos. 6300, 7044, 7698 and 8222).

8. Applicant has made every effort to ensure that this Application complies with the Guidelines and to avoid unnecessary duplication of effort with other retained professionals in these cases. Applicant has supplied the Fee Examiner with Applicant's monthly fee statement.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

9. These Bankruptcy Cases are exceptionally complex. There are multiple issues impacting the TCC and the exercise of its fiduciary duties. Applicant spent 57.60 hours communicating with and advising the TCC's primary counsel, Baker & Hostetler, LLP, as well as the TCC members and their individual counsel, regarding specialized issues within Applicant's

expertise relating to the Bankruptcy Cases and their ongoing status. These issues included complex questions of legal ethics and professional responsibility as well as complex aspects of the TCC's fiduciary duties and obligations.

**BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

10. Pursuant to the Retention Order, Applicant bills on an hourly basis at a rate of $1,200 per hour.

11. In addition to the requirement that a description of the general services rendered by a professional be provided in a fee application, the Guidelines also require that applications for compensation should:

> "…categorize by subject matter and separately discuss, each project or task. With respect to each project or task, the number of hours spent, the results obtained, and the amount of compensation and expenses requested should be set forth at the conclusion of the discussion of that project or task."

12. For this Application Period, Applicant established the following project categories for her representation of the TCC: (1) Telephone Calls, and Emails with Client and/or Client Attorneys; (2) Document Review; (3) Research and Writing; and (4) Prepare for/Attend Meetings.

13. The project categories enable Applicant to monitor her activities and appropriately account for her time and to better inform the TCC, the Court, the UST, and the Fee Examiner regarding the nature of the services provided and time expended by Applicant. The work Applicant has performed in these categories has generally consisted of communications with the TCC's primary counsel, Baker & Hostetler, LLP, as well as with the TCC members and their individual counsel, regarding specialized issues within Applicant's expertise relating to the Bankruptcy Cases. These issues included complex issues of legal ethics and professional responsibility as well as complex aspects of the TCC's fiduciary duties and obligations. Applicant's activities included reviewing a large number of documents and drafting a lengthy memorandum in connection with one complex issue the TCC requested her to address in writing. She also regularly assisted the TCC and their primary counsel via telephone, emails, and texts on an "on call" basis with regard to various other

issues, as they arose. These issues involved fiduciary obligations including disclosure obligations, potential conflicts of interest, and attorneys' professional responsibilities.

14. In compliance with the Guidelines, Applicant's curriculum vitae is attached hereto as **Exhibit C**.

15. Set forth below is a summary, by project categories, of the services Applicant rendered during the Application Period. The number of hours devoted by Applicant is detailed in the invoices filed on the docket as attachments to Applicant's monthly fee statements (see Docket Nos. 6300, 7044, 7698 and 8222).

| PROJECT CATEGORY | HOURS |
|---|---|
| Telephone Calls, and Emails with Client and/or Client Attorneys | 25.60 |
| Document Review | 10.70 |
| Research and Writing | 18.50 |
| Prepare for/Attend Meetings | 2.80 |
| **TOTAL** | **57.60** |

16. Pursuant to Bankruptcy Code § 504, Applicant has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any fees that may be awarded to Applicant in the Bankruptcy Cases.

17. Applicant submits that all fees incurred during the Application Period are sought in compliance with the Guidelines and should be allowed on an interim basis by the Court.

**THE FEES REQUESTED
SHOULD BE AWARDED BASED UPON APPLICABLE LAW**

18. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

19. Applicant respectfully submits that the amount Applicant requests for compensation is fair and reasonable given the labor required and outcome achieved to date. The compensation Applicant seeks in this Application is the customary compensation commonly sought by Applicant in similar circumstances.

## CONCLUSION

20. Applicant believes that this Application appropriately sets forth the matters handled on behalf of the TCC and provides this Court, the UST, the Fee Examiner, the Debtors' creditors, and other interested parties with an insightful overview of the scope of services rendered. Thus, Applicant respectfully submits that the fees sought herein are reasonable and that the services rendered were necessary, effective, efficient, and economical.

Accordingly, Applicant respectfully requests that this Application for allowance of fees, on an interim basis, be granted in all respects.

WHEREFORE, Applicant respectfully seeks entry of an order, substantially in the form as attached **Exhibit D**:

1. Awarding interim allowance of compensation for professional services rendered during the Application Period in the amount of **$69,120.00** for fees incurred.

2. Authorizing and directing the Debtors to make prompt payment to Applicant in the total amount of **$26,592.00**, which is the difference between the amount requested and the amount already paid by the Debtors pursuant to the Interim Compensation Order.

3. Granting such other and further relief as the Court may deem just and proper.

Dated: July 14, 2020

By: _____
Lynn A. Baker, Esq.

# CERTIFICATION

I, Lynn A. Baker, declare as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am an attorney at law in good standing in the State of Texas and am the applicant (the "**Applicant**"). I submit this certification in support of the *Second Interim Application for Allowance and Payment of Compensation for the Period February 1, 2020 through May 31, 2020* (the "**Application**"). Capitalized terms not defined herein have the meanings given in the Application.

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, conforms with the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and the Guidelines.

4. The compensation requested in this Application is billed at hourly rates in accordance with practices no less favorable than those customarily employed by Applicant and generally accepted by Applicant's clients.

5. I respond to certain questions identified in the UST Guidelines as follows:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard customary billing arrangements for this engagement? |
| Response: | No. |
| Question: | If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did the firm discuss the reasons for the variations with the client? |
| Response: | Not applicable. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |

| | | |
|---|---|---|
| Question: | | Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees. |
| Response: | | No. |
| Question: | | Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| Response: | | No. |
| Question: | | Does the Application include any rate increases since the firm's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the firm to accept all future increases? |
| Response: | | The Application does not include any rate increases. |

Dated: July 14, 2020

By: _____
Lynn A. Baker, Esq.

## Notice Parties

| | |
|---|---|
| PG&E Corporation<br>c/o Pacific Gas & Electric Company<br>Attn: Janet Loduca, Esq.<br>77 Beale Street<br>San Francisco, CA 94105 | Keller & Benvenutti LLP<br>Attn: Tobias S. Keller, Esq.<br>Jane Kim, Esq.<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| The Office of the United States Trustee for Region 17<br>Attn: James L. Snyder, Esq.<br>Timothy Laffredi, Esq.<br>450 Golden Gate Avenue, 5th Floor, Suite #05-0153<br>San Francisco, CA 94102 | Milbank LLP<br>Attn: Dennis F. Dunne, Esq.<br>Sam A. Khalil, Esq.<br>55 Hudson Yards<br>New York, NY 10001-2163 |
| Milbank LLP<br>Attn: Paul S. Aronzon, Esq.<br>Gregory A. Bray, Esq.<br>Thomas R. Kreller, Esq.<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067 | Weil, Gotshal & Manges LLP<br>Attn: Stephen Karotkin, Esq.<br>Jessica Liou, Esq.<br>Matthew Goren, Esq.<br>767 Fifth Avenue<br>New York, NY 10153-0119 |
| Bruce A. Markell<br>Fee Examiner<br>541 N. Fairbanks Court<br>Suite 2200<br>Chicago, IL 60611-3710 | Scott H. McNutt<br>324 Warren Road<br>San Mateo, CA 94402 |