WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

Attorneys for Debtors and Reorganized Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>\* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BETWEEN PACIFIC GAS AND ELECTRIC COMPANY AND THE CITIES OF ARCATA, BLUE LAKE, CHICO, CUPERTINO, DINUBA, MONTEREY, ORANGE COVE, OROVILLE, PACIFIC GROVE, SACRAMENTO, SALINAS, SAN LEANDRO, SANGER, SANTA CRUZ, SUNNYVALE, VALLEJO, WOODLAKE, AND THE COUNTY OF SACRAMENTO FOR LIMITED RELIEF FROM AUTOMATIC STAY OR PLAN INJUNCTION, AS APPLICABLE**<br><br>Related to Dkt Nos. 8143-47<br><br>Resolving Motion set for Hearing on July 21, 2020 at 10:00 am PT |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

This stipulation ("**Stipulation**") is entered into by Pacific Gas and Electric Company (the "**Utility**"), as a reorganized debtor in the above captioned chapter 11 cases (the "**Chapter 11 Cases**"), on the one hand, and the Cities of Arcata, Blue Lake, Chico, Cupertino, Dinuba, Monterey, Orange Cove, Oroville, Pacific Grove, Sacramento, Salinas, San Leandro, Sanger, Santa Cruz, Sunnyvale, Vallejo, Woodlake, and the County of Sacramento (the "**Municipalities**"), on the other hand. The Utility and the Municipalities are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A. The Utility, along with PG&E Corporation ("**PG&E Corp.**", and together with the Utility, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**"), commenced these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), this Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors.

C. On June 20, 2020, this Court entered an Order [Dkt. No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Dkt. No. 8048] (as may be modified, amended, or supplemented from time to time, and together with any exhibits or schedules thereto, the "**Plan**").[1] The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

D. On June 28, 2020, the Municipalities filed the *Motion for Payment of Administrative Expense or, in the Alternative, Relief from Stay or from Discharge Injunction to Permit Proceedings in Non-Bankruptcy Forum* [Dkt. No. 8143] (the "**Motion**"). The Motion seeks entry of an order "directing payment of the under-collected electricity taxes for each City as an administrative expense or, in the alternative, granting relief from the automatic stay or from the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

discharge injunction to commence an action in San Francisco County Superior Court to liquidate the Cities' administrative expense claims and to obtain a declaratory judgment in service of same." *See* Mot. at 2. The Municipalities submitted a declaration in support of the Motion [Dkt. No. 8145] (the "**Declaration**") and a draft complaint was attached as Exhibit 1 thereto (the "**Draft Complaint**"). The Draft Complaint sets forth claims for declaratory, injunctive or monetary relief with respect to the Utility's alleged under-collection of electricity taxes that are the subject of the Motion (the "**Electricity Tax Claims**" and any obligations of the Utility with respect thereto, "**Electricity Tax Obligations**"). The Motion is set for hearing before this Court on July 21, 2020 at 10:00 a.m. (the "**Hearing**"). *See* Dkt. No. 8144.

E. The Utility disagrees with the assertions set forth by the Municipalities in the Motion, the Declaration, and the Draft Complaint.

F. Certain of the Municipalities have filed proofs of claim in these Chapter 11 Cases that they claim are on account of or with respect to the Electricity Tax Claims, including, without limitation, on account of or with respect to any such claims that arose or otherwise relate to the period prior to the Petition Date.

G. The Parties wish to modify the automatic stay or Plan injunction, as applicable, pursuant to the terms set forth herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective as of the date of entry of an order by the Court approving it (the "**Order**"), notwithstanding any effect of Bankruptcy Rule 4001(a)(3) to the contrary.

2. Upon the date of entry of the Order, the automatic stay or Plan injunction, as applicable, shall be modified solely to permit the Municipalities to commence an action (the "**State Court Action**") against the Utility in the Superior Court for the State of California, County of San Francisco, through which the Municipalities may prosecute, through final judgment and any appeals thereof, solely those Electricity Tax Claims that have arisen and relate exclusively to the period following the Petition Date, but not to permit enforcement of any

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

judgment for monetary recovery, which, if granted, the Municipalities shall recover only in accordance with the Plan. Declaratory relief as to any Electricity Tax Obligations of the Utility that have arisen and relate exclusively to the period following the Petition Date, and that is prospective in nature, shall be enforceable in accordance with California law. For the avoidance of doubt, (a) neither the automatic stay nor the Plan injunction, as applicable, shall be modified to permit the Municipalities to prosecute any Electricity Tax Claims that arose or relate to the period prior to the Petition Date, and (b) nothing in this Stipulation or in the Order approving it shall affect any rights of any of the Municipalities under proofs of claim they have filed in the Chapter 11 Cases, or the rights of the Debtors to oppose or object to such proofs of claim.

3. Nothing herein is intended to, nor shall it be construed to, be a waiver by the Utility or the Municipalities of any claims, defenses, or arguments with respect to the Electricity Tax Claims or the State Court Action, including but not limited to any claims, defenses, or arguments that the Utility may have that: (i) any or all of the Electricity Tax Claims are preempted or should be adjudicated before the California Public Utilities Commission, or (ii) the failure by a Municipality to file a proof of claim on account of an Electricity Tax Claim by the Bar Date precludes the Municipality, whether pursuant to the Plan, the Confirmation Order, the Bar Date Order, or otherwise, from recovering from the Utility any amounts on account of, or otherwise seeking relief with respect to, any Electricity Tax Claims that arose prior to the Petition Date.

4. Upon the date of entry of the Order, the Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

5. In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

6. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

7. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving it.

Dated: July 15, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Reorganized Debtors*

Dated: July 13, 2020

COLANTUONO, HIGHSMITH & WHATLEY, PC

/s/ *John L. Jones II*
John L. Jones II

*Attorneys for Cities of Arcata, Blue Lake, Chico, Cupertino, Dinuba, Monterey, Orange Cove, Oroville, Pacific Grove, Sacramento, Salinas, San Leandro, Sanger, Santa Cruz, Sunnyvale, Vallejo, Woodlake, and the County of Sacramento*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119