Theresa McDonald
1832 Knights Ferry Drive
Plumas Lake, CA 95961
530-636-3148
Tmcdonald120@yahoo.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| Theresa Ann McDonald | Bankruptcy Case No. 19-30088-DM |
| Appellant | Chapter 11 |
| vs. | (Lead Case) |
| PG&E Corporation | (Jointly Administered) Case |
| And | No. 19-30089-DM |
| PG&E Gas and Electric Company | Proof of Claim No. 54975 |
| Appellees | Filed October 21, 2019 |
| | Camp Fire |
| | JUDGE: Hon. Dennis Montali |
| | |
| | APPELLANT'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL FROM BANKRUPTCY COURT |

The bankruptcy court erred when it allowed the case to move through Confirmation with the following difficulties:

1. self-contradictory language in the Confirmation Order itself. That such problems were not caught and corrected demonstrated the Court rushed the decision so that

PG&E could obtain its funding and emerge from bankruptcy by that all important date of June 30, 2020, in time to qualify for participation in the AB 1054's Wildfire Fund;

2. failing to obtain an Estimation of Total Damages as required by 11 U.S.C. Section 502(c), 28 U.S.C. 157(b)(2)(B) and 28 U.S.C. 157(c)(1), despite multiple requests that such an Estimation be made prior to Confirmation;

3. approving the Fire Victim Claims Resolution Procedures and Release and Indemnification Forms even though they deny access to the courts for final resolution of settlement disputes to all but a handful of fire victim claimants identified in the Confirmation Order (there is currently a motion before the Bankruptcy Court to revise the language in the Confirmation Order to extend access to the courts to thousands more fire victim claimants but that motion has not yet been ruled upon. Even if the motion is approved the Fire Victim Claims Resolution Procedures will still deny access to the courts to thousands of victims, who for whatever reason did not return a vote, to resolve potentially inequitable settlement decisions by the Fire Victim Trustee);

4. failing to ensure that the types of damages included or excluded from compensation in the proposed Restructuring Plan the impaired class claimants received to vote upon was explained;

5. failing to ensure that the Official Committee of Tort Claimants (the TCC) was meeting its obligation to keep the claimants it was charged with representing informed about important matters in the bankruptcy case;

6. confirming a Plan where the Fire Victim Trust Agreement which holds victims' compensation hostage to the signing of releases that are unconscionable and possibly contrary to California law and public policy;

7. allowing the settlements with the Tubbs Fire Preference Claimants and the 2015 Butte Fire Claimants to be sealed, when that information is essential to properly calculate of an Estimation of Total Damages;

8. requiring claimants to vote on a Reorganization Plan when key elements had yet to be determined instead of requiring parties to reach an agreement before the Plan could be submitted for voting;
9. allowing the Solicitation Packet to be sent out for a vote when it contained no information to allow voters to determine if the proposed aggregate settlement amount of $13.5 billion for fire victims was based upon anticipated full compensation of all costs allowed under California law or a discounted rate of compensation;
10. allowing the Solicitation Packet to be sent out without a clear statement <u>understandable by the average person with a high school education</u> that the $13.5 billion aggregate settlement amount being offered was actually worth a minimum of $6.75 billion and a maximum of more than $13.5 billion, depending upon the unknowable future value of as yet undetermined number of shares of stock that was being transferred into the Fire Victim Trust;
11. failing to treat similarly-situated fire victim claimants in a similar manner. The Tubbs Preference Fire Victims were allowed to pursue their claims in State Court, supposedly because the resolution of those claims would provide important information for the Estimation of Damages, yet the pre-trial settlement of those claims was sealed. Therefore, these 50 claimants received the benefit of knowing what their approved settlement amount will be, and there was no benefit to the remaining claimants and in fact no Estimation of Total Damages was ever made.
12. extending the period of Exclusivity for the Debtors, effectively denying the fire victim claimants the opportunity to be presented with more than one option to resolve the bankruptcy. There were other offers, one of which reportedly would have provided an all-cash settlement of $13.5 billion to the fire victims, but we were never allowed to see or consider those offers. Instead we were given a "take it or leave it" offer, with no time or opportunity to insist on something

better.

13. failing to resist pressure from the California Legislature to reach a hurried and flawed resolution to the bankruptcy in to ensure that PG&E would be able to participate in AB 1054 Wildfire Fund protection. The Court repeatedly referred to the necessity to ensure that PG&E emerged from bankruptcy by June 30, 2020. It seems clear that the need to protect PG&E's ability to participate in AB 1054's Wildfire Fund was assigned greater importance than the need to ensure that fire victims were compensated in as fair, equitable, and timely a means possible. The federal judiciary cannot afford to let the legislature put time limits on legal proceedings, even if the limit is only expressed as a penalty to be imposed upon a litigant in a case. The federal judiciary cannot afford to let the state executive branch intimidate it by threatening to seize control of one litigant. If the State of California is allowed to think it can get away with that type of tactic, it won't be the judiciary that suffers, it will be the people.

14. failing to appoint an independenteExaminer to look into the voting problems, or at least request an appearance by a representative of the firm that did the actual mailing of the solicitation materials to answer questions regarding when the mailings were sent out. Acceptance of the TCC's findings is not sufficient, as they did not address the question of possible delays in the actual mailing of materials.

15. failing to provide any information regarding a possible timeline for the expected payment of claims and winding down of the Fire Victim Trust. There were numerous references to a desire to pay claimants quickly, but the actual documents require the Trustee to file a 5-year budget, and the State Agencies Settlement Agreement has payouts spread out for more than 5 years. Those two factors, together with common sense that says selling off millions of shares of stock must take considerable time to receive a fair price demonstrates that the fire victims are looking at a minimum of several years to receive final payments on

their claims.

16. failing to recognize the unique position of Camp Fire claimants as the only ones with an admission of guilt for criminal conduct from PG&E, and as the only ones whose complete social support structure was destroyed by the fires. The degree of devastation from the Camp Fire is far beyond any seen in any of the other fires. It will be many more years before the Paradise Irrigation District is able to restore full water service to every lot in the Town, and possibly 10 to 20 years before the housing stock that was lost can be fully replaced. During that time the cost of building will continue to increase. There is no mention of a reserve of funds for the fire victims to draw upon to meet those increasing costs or how that will affect other claimants.

17. allowing the Subrogation Claimants to be put into separate classes (Class 5A-II and Class 5B-II) from other Fire Victim Claimants (Class 5A-III and Class 5B-III), with no explanation to justify the separation of the two groups;

18. allowing the Subrogation Claimants to reach a settlement agreement that had an actual dollar amount, even though the Estimation of Total Damages required by 11 U. S. C. 502(c) had not been made and the Court had no means of knowing if the amount offered to actual fire victims would fully compensate them for their losses;

19. finally, proceeding with the confirmation of the Plan despite the Court's inability to provide a clear and workable means of communication and method for the fire victims to participate in the bankruptcy process. It was not the Court's fault that the world was plunged into a pandemic that resulted in services being shut down, but it was the Court's decision to continue with the bankruptcy proceedings. That decision may have been influenced by a feeling that it was necessary to conclude matters before June 30, 2020, so that PG&E could participate in the benefits of AB 1054's Wildfire Fund,

There are undoubtedly many small issues that will be corrected over time in the normal course of moving forward, but the issues above are too significant to be simply worked out over time. Having the hearings available to watch via Zoom made the case more accessible to fire victims, because we did not have to travel to San Francisco to see the hearings. It allowed me the ability to see things that raised great concern not only about the settlement we were being offered but about the unreasonable sense of urgency to conclude the case even if that meant compromising the quality of the result.

The three branches of government are supposed to be separate but equal. The independence and strength of the judiciary can best be demonstrated by correcting the issues that were caused, in part, by PG&E's constant reminders of the artificial and capricious June 30, 2020, deadline for it to emerge from bankruptcy.

Remainder of page left blank intentionally.

# DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Theresa Ann McDonald respectfully designates the following items for inclusion in the record on appeal. Each designated item also includes any and all attachments, annexec declarations, proposed orders and/or exhibits/addenda annexed to and referenced within such item.

Items from Case No 19-30088-DM *In .:re PG&E Corporation et al*

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 2021 | 5/15/2019 | DECLARATION OF ROBERT A. JULIAN IN SUPPORT OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' LIMITED JOINDER, OBJECTION AND COUNTER MOTION TO DEBTORS' WILDFIRE ASSISTANCE MOTION |
| 2741 | 6/25/2019 | MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE |
| 2843 | 7/2/2019 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS |
| 2844 | 7/2/2019 | DECLARATION OF ROBERT A. JULIAN IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT STATE COURT JURY TRIAL OF 2017 TUBBS WILDFIRE CLAIMS |
| 2983 | 7/15/2019 | JOINDER TO THE MOTION OF THE AD HOC GROUP OF SUBROGATION CLAIM HOLDERS FOR RELIEF FROM THE AUTOMATIC STAY |
| 3008 | 7/16/2019 | THE PUBLIC ADVOCATES OFFICE'S STATEMENT OF POSITION RE: MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 3009 | 7/16/2019 | SONOMA CLEAN POWER AUTHORITY AND VALLEY CLEAN ENERGY ALLIANCE'S RESERVATION OF RIGHTS CONCERNING MOTION OF AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVITY PERIODS PURSUANT TO SECTION 1121 (d)(1) OF THE BANKRUPTCY CODE |
| 3010 | 7/16/2019 | RESPONSE OF THE UNITED STATES OF AMERICA TO THE MOTION OF THE AD HOC COMMITTEE OF SENIOR UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE |
| 3069 | 7/18/2019 | OBJECTION OF THE COMMITTEE OF TORT CLAIMANTS TO MOTION OF THE AD HOC COMMITTEE OF UNSECURED NOTEHOLDERS TO TERMINATE THE DEBTORS' EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(d)(1) OF THE BANKRUPTCY CODE [DKT. NO. 2741] |
| 3091 | 7/18/2019 | DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES |
| 3430 | 8/7/2019 | STATEMENT OF CERTAIN PG&E SHAREHOLDERS IN SUPPORT OF DEBTORS' MOTION FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES |
| 3431 | 8/17/2019 | OPPOSITION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§105(a) AND 502(c) FOR THE ESTABLISHMENT OF WILDFIRE CLAIMS ESTIMATION PROCEDURES |
| 3568 | 8/16/2019 | MEMORANDUM DECISION REGARDING MOTIONS TO TERMINATE EXCLUSIVITY |
| 3648 | 8/21/2019 | RECOMMENDATION FOR WITHDRAWAL OF REFERENCE OF PROCEEDING IN PART |
| 3671 | 8/23/2019 | ORDER ADOPTING RECOMMENDATION FOR WITHDRAWAL OF REFERENCE OF PROCEEDINGS IN PART; ORDER OF ASSIGNMENT |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 4540 | 10/31/2019 | ORDER ESTABLISHING PRE-CONFIRMATION BRIEFING AND HEARING SCHEDULE FOR CERTAIN LEGAL ISSUES |
| 4553 | 11/1/2019 | NOTICE OF DEBTORS' DESIGNATION OF CLAIMS FILED BY UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA AND ADVENTIST HEALTH SYSTEM AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 4771 | 11/15/2019 | OPPOSITION OF THE UNITED STATES OF AMERICA TO NOTICE OF DEBTORS' DESIGNATION OF CLAIMS FILED BY THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA AND ADVENTIST HEALTH SYSTEM AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 4774 | 11/15/2019 | RESPONSE OF THE CALIFORNIA STATE AGENCIES TO DEBTORS' NOTICE OF DESIGNATION OF CLAIMS FILED BY THE STATE OF CALIFORNIA AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 4783 | 11/15/2019 | RESPONSE TO THE ADVENTIST CLAIMANTS' OBJECTION TO THE NOTICE OF DEBTORS' DESIGNATION OF CLAIMS FILED BY THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA AND ADVENTIST HEALTH SYSTEM AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 4886 | 11/27/2019 | DEBTORS' AND AD HOC SUBROGATION GROUP'S JOINT BRIEF IN SUPPORT OF THE SUBROGATION WILDFIRE CLAIMS AS IMPARED CLASSES FOR ALL PURPOSES UNDER THE DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION |
| 5004 | 12/5/2019 | RESPONSE DEBETORS' RESPONSE TO THE OPPOSITIONS FILED BY THE UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA AND ADVENTIST HEALTH ON CERTAIN CLAIMS SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 5066 | 12/11/2019 | STIPULATION BY AND AMONG THE DEBTORS, THE UNITED STATES OF AMERICA, CERTAIN CALIFORNIA STATE AGENCIES AND THE ADVENTIST CLAIMANTS RE: DESIGNATION OF CLAIMS AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 5072 | 1/23/2020 | JOINDER BY BAUM HEDLUND ARISTEI GOLDMAN CAMP FIRE VICTIMS CLIENTS IN THE OBJECTION TO DEBTORS' MOTIONS [DKT. NO. 5282] AND [DKT. NO. 5284] FILED BY CLAIMANTS ELIZABETH ADEMS, MARY ADAMS, AND DAVID AGOSTINO, ET AL. [DKT NO. 5459] |
| 5088 | 12/12/2019 | ORDER APPROVING STIPULATION BY AND AMOUNT THE DEBTORS, THE UNITED STATES OF AMERICA, CERTAIN CALIFORNIA STATE AGENCIES AND THE ADVENTIST CLAIMANTS RE: DESIGNATION OF CLAIMS AS UNLIQUIDATED AND SUBJECT TO ESTIMATION UNDER SECTION 502(c) OF THE BANKRUPTCY CODE |
| 5282 | 1/6/2020 | DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF |
| 5283 | 1/6/2020 | DECLARATION OF JANET ODUCA IN SUPPORT OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 5459 | 1/22/2020 | OBJECTION TO THE DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF; AND DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b) AND FED. R. BANKR. P. 9018 FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND SEALING OF CONFIDENTIAL INFORMATION FROM TUBBS SETTLEMENT DOCUMENTS |
| 5485 | 1/24/2020 | DEBTORS' REPLY TO THE OBJECTING CAMP FIRE CLAIMANTS' OBJECTION TO THE TUBBS SETTLEMENT MOTION [DKT. 5459] AND THE ADDITIONAL OBJECTING CAMP FIRE CLAIMANTS' JOINDER [DKT. 5472] |
| 5571 | 1/30/2020 | ORDER PURSUANT TO 11 U.S.C. §363(b) AND 105(a) AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS TO SETTLE THE CLAIMS OF THE TUBBS PREFERENCE CLAIMANTS AND (II) GRANTING RELATED RELIEF |
| 5971 | 2/28/2020 | NOTICE OF FILING OF SUBROGATION WILDFIRE TRUST AGREEMENT |
| 6049 | 3/17/2020 | NOTICE REGARDING/NOTICE OF FILING OF PROPOSED FIRE VICTIM TRUST AGREEMENT AND PROPOSED FIRE VICTIM CLAIMS RESOLUTION PROCEDURES |
| 6353 | 3/17/2020 | DISCLOSURE STATEMENT FOR DEBTORS' AND SHARHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION |
| 7037 | 5/1/2020 | NOTICE OF FILING OF PLAN SUPPLEMENT I CONNECTION WITH DEBTORS' AND SHAREHOLDER PROPONENTS JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 16, 2020 |
| 7394 | 5/18/2020 | AFFIDAVIT OF SERVICE RE: SOLICITATION PACKAGE BALLOTS |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 7399 | 5/18/2020 | ORDER PURSUANT TO 11 U.S.C. §363(b) AND 105(a) AND FED. R. BANKR. P. 9019(I) APPROVING SETTLEMENTS WITH FEDERAL AND STATE AGENCIES OF GOVERNMENTAL AGENCY FIRE CLAIMS, AND (II) GRANTING RELATED RELIEF |
| 7597 | 5/26/2020 | MEMORANDUM OF OBJECTION OF ADVENTIST HEALTH, AT&T, PARADISE ENTITIES AND COMCAST TO TRUST DOCUMENTS |
| 7820 | 6/8/2020 | EMERGENCY PLEADING IN REPLY TO THE DISCUSSION ABOUT THE NEED FOR ESTIMATION OF CLAIMS FROM JUDGE JAMES DONATO, U.S. DISTRICT COURT JUDGE FOR THE NORTHERN CALIFORNIA DISTRICT OF CALIFORNIA FILED BY THERESA ANN MCDONALD |
| 7858 | 6/9/2020 | ORDER TERMINATING ESTIMATION PROCEEDINGS |
| 7882 | 6/10/2020 | JOINDER BY HAUM HEDLUND ARISTEI BOLDMAN CAMP FIRE VICTIMS CLIENTS IN CREDITOR THERESA ANN MCDONALD'S EMERGENCY PEADING IN REPLY RE: NEED FOR ESTIMATION OF CLAIMS FROM JUDGE JAMES DONATO U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| 7890 | 6/11/2020 | EMERGENCY PLEADING BY THERESA ANN MCDONALD IN RESPONSE TO THE ORDER TERMINATING ESTIMATION PROCEEDINGS BY DISTRICT COURT JUDGE JAMES DONATO |
| 7899 | 6/11/2020 | JOINDER BY CERTAIN FIRE VICTIMS TO FURTHER OBJECTIONS REGARDING ESTIMATION AND CONFIRMATION FILED BY MCDONALD AND BY BAUM, ET AL |
| 7918 | 6/12/2020 | ORDER APPROVING THE PARTIES' JOINT STIPULATION REGARDING THE REGISTRATION RIGHTS AGREEMENT AND RELATED AGREEMENTS OF THE FIRE VICTIM TRUST |
| 8022 | 6/19/2020 | FINAL REPORT OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' INVESTIGATION OF VOTING RESULTS |
| 8034 | 6/19/2020 | OBJECTION TO FINAL REPORT OF OFFICIAL COMMITTEE OF TORT CLAIMANTS' INVESTIGATION OF VOTING RESULTS |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 8048 | 6/19/2020 | DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 19, 2020 |
| 8053 | 6/20/2020 | ORDER CONFIRMING DEBTORS' AND SHAREHOLDER PROPONENTS' JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 19, 2020 |
| 8057 | 6/21/2020 | NOTICE OF FILING OF NINTH SUPPLEMENT TO PLAN SUPPLEMENT IN CONNECTION WITH DEBTORS' AND SHAREHOLDER PROPONENET'S JOINT CHAPTER 11 PLAN OF REORGANIZATION |
| 8074 | 6/22/2020 | JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT, AND ERIC AND JULIE CARLSON REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIMS CLAIMS RESOLUTION PROCEDURES |
| 8080 | 6/23/2020 | NOTICE OF ERRATA TO JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT, AND ERIC AND JULIE CARLSON REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIMS CLAIMS RESOLUTION PROCEDURES |
| 8137 | 6/26/2020 | EMERGENCY PLEADING (MOTION) BY THERESA ANN MCDONALD REQUESTING RECONSIDERATION OF THE IDENTIFICATION OF PARTIES WHO TIMELY OBJECTED TO THE FIRE VICTIMS CLAIMS RESOLUTION PROCEDURE |
| 8199 | 6/29/2020 | ORDER DIRECTING DEBTORS, THE TCC AND FIRE VICTIMS' TRUSTEE TO RESPOND TO MOTION |
| 8235 | 7/1/2020 | ORDER ON THE JOINT STATEMENT OF THE TCC, TRUSTEE, DEBRA GRASSGREEN AND KARL KNIGHT, AND ERIC AND JULIE CARLSON, JOIND, IN PART BY MARY WALLACE, REGARDING UNRESOLVED OBJECTIONS TO THE FIRE VICTIM CLAIMS RESOLUTION PROCEDURES |
| 8322 | 7/8/2020 | REORGANIZED DEBTORS' STATEMENT IN RESPONSE TO THE EMERGENCY PLEADING OF THERESA ANN MCDONALD REQUESTING RECONSIDERATION OF THE IDENTIFICATION OF PARTIES WHO TIMELY OBJECTED TO THE FIRE VICTIM CLAIMS RESOLUTION PROCEDURES |

| BANKRUPTCY DOCKET NUMBER | DATE ENTERED IN THE BANKRUPTCY DOCKET | BRIEF DESCRIPTION OF THE DOCUMENT OR TRANSCRIPT |
|---|---|---|
| 8329 | 7/8/2020 | JOINT RESPONSE OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE FIRE VICTIM TRUSTEE TO THERESA ANN MCDONALD'S MOTION FOR RECONSIDERATION |
| 8331 | 7/8/2020 | RESPONSE BY THE SINGLETON LAW FIRM VICTIM CLAIMANTS TO THERESA ANN MCDONALD'S MOTION FOR RECONSIDERATION OF THE IDENTIFICATION OF PARTIES WHO TIMELY OBJECTED TO THE FIRE VICTIMS CLAIMS RESOLUTION PROCEDURE |
| 8340 | 7/8/2020 | REPLY TO THE RESPONSE OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND THE FIRE VICTIM TRUSTEE TO THERESA MCDONALD'S MOTION FOR RECONSIDERATION |
| 8435 | 7/16/2020 | APPELLANTS' STATEMENT (ADVENTISIT'S_ OF ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF RECORD ON APPEAL |

July 16, 2020

*Theresa Ann McDonald* (signature)

Theresa Ann McDonald