WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION RESOLVING PROOF OF CLAIM NO. 59220 AND RELATED DISPUTES WITH CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.**<br><br>No Hearing Requested. |

PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" and, as reorganized debtors pursuant to the Plan (as defined below), collectively, the "**Reorganized Debtors**"), on the one hand, and Cushman & Wakefield of California, Inc. ("**C&W**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order resolving proof of claim number 59220 filed by C&W (the "**Claim No. 59220**") and certain related disputes as set forth herein. The Reorganized Debtors and C&W are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors each filed cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Docket No. 8048] (as may be amended, modified, or supplemented from time to time, and together with all exhibits and scheduled thereto, the "**Plan**").[1] The Plan became effective on July 1, 2020 [Docket No. 8252].

C. The Reorganized Debtors and C&W are party to that certain Master Services Agreement, dated March 1, 2017 (the "**MSA**"), pursuant to which C&W manages certain of the Debtors' and Reorganized Debtors' vendors (the "**Managed Vendors**"), including, without limitation, by supporting the Debtors or Reorganized Debtors, as applicable, in processing Managed Vendor payments and submitting the related invoices to the Debtors for review and payment.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Plan.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

D. C&W timely filed (i) proof of claim number 19899 ("**Claim No. 19899**") on account of services rendered by C&W to the Debtors pursuant to the MSA prior to the Petition Date; and (ii) Claim No. 59220 on account of amounts owed by the Debtors pursuant to the MSA for services rendered by the Managed Vendors to the Debtors for the period prior to the Petition Date.

E. In accordance with the authority granted to the Debtors pursuant to the Court's *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(9) and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers* [Docket No 883], the Parties entered into a vendor agreement, dated October 9, 2019 (the "**Vendor Agreement**"), pursuant to which, among other things, (i) Claim No. 19899 was satisfied in full, and (ii) the term of the MSA was extended to August 28, 2020, which extension was also memorialized by the Parties pursuant to a Contract Change Order dated November 4, 2020. In addition, Paragraph 4 of the Vendor Agreement provides as follows: "The Company recognizes that it is responsible for paying all subcontractors, vendors and other third parties claims under the MSA directly to such subcontractors, vendors, and third parties and as such, the Payment is not intended to benefit or be paid to anyone other than you."

F. The Debtors' *Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts,* dated May 1, 2020 [Docket No. 7037], included the MSA, listed as "Contract Change Order No 1 – All PG&E CRESS Projects FMO Strategy and Transactions", and the Vendor Agreement, listed as "Vendor Agreement with Cushman & Wakefield", (together, the "**Assumed Agreements**") as contracts to be assumed under the Plan. Pursuant to the terms of the Plan and the Confirmation Order, the Assumed Agreements were assumed on the Effective Date of the Plan, July 1, 2020.

G. On July 2, 2020, the Reorganized Debtors made a distribution of $2,882,932.41 to C&W on account of Claim No. 59220 in accordance with the Plan (the "**Initial Distribution**").

H. A dispute has arisen between the Parties regarding certain aspects of the MSA, Claim No. 59220, and the Vendor Agreement, including, without limitation, with respect to Paragraph 4 of the Vendor Agreement, which dispute the Parties desire to resolve as set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Within two (2) calendar days of the date of execution of this Stipulation by the Parties, C&W shall amend Claim No. 59220 to update the Managed Vendor payment information to reflect the Managed Vendor payment information attached hereto as **Exhibit A.**

2. Within seven (7) calendar days of the date of execution of this Stipulation by the Parties, C&W shall provide the Reorganized Debtors with the information reasonably requested by the Reorganized Debtors, to the extent in C&W's possession, that is necessary to enable the Reorganized Debtors to distribute funds directly to the Managed Vendors in accordance with **Exhibit A**, including, without limitation, mailing and contact information and completed Forms W-8 or W-9 (or such other equivalent Internal Revenue Service form which may be applicable) for each Managed Vendor. If such information is not within C&W's possession, the Reorganized Debtors shall request said information from the Managed Vendors.

3. Upon entry of an order approving this Stipulation (the "**Order**"), and subject to the timely satisfaction by C&W of the conditions set forth in Paragraphs 1 and 2 above, Claim No. 59220 shall be deemed an Allowed Class 4B Utility General Unsecured Claim to be satisfied pursuant to, and in accordance with, the Plan with Claim No. 59220 to be paid by the Reorganized Debtors directly to the Managed Vendors. Payment of the amounts listed in **Exhibit A**, plus postpetition interest calculated in accordance with the Plan through the date of the Initial Distribution, directly to the Managed Vendors by the Reorganized Debtors shall be in full and final satisfaction, settlement, release, and discharge of any and all claims asserted in connection with Claim No. 59220 or that could be asserted in connection therewith; *provided that*, notwithstanding

anything herein to the contrary, C&W is not releasing any rights it may have under the Assumed Contracts or at law or equity for payment or reimbursement from the Debtors or Reorganized Debtors solely and exclusively to the extent a Managed Vendor asserts a claim against C&W in connection with any distribution to be made under the Plan on account of Claim No. 59220 (and all of the Debtors' or Reorganized Debtors' rights and defenses shall be preserved with respect to C&W and any such Managed Vendor); *provided further that*, for the avoidance of doubt, C&W will not be obligated or responsible to make any payments to any party, including without limitation, any Managed Vendors, on account of Claim No. 59220.

4. Any proofs of claim filed by any individual Managed Vendors seeking payment on account of any prepetition amounts, including any amounts that will be satisfied in connection with the allowance of Claim No. 59220 hereunder, shall be resolved and/or objected to by the Reorganized Debtors pursuant to the Plan and the claims reconciliation process.

5. Within seven (7) calendar days of entry of the Order, C&W shall return the Initial Distribution to the Reorganized Debtors.

6. Upon entry of the Order, the claims agent appointed in these Chapter 11 Cases shall be authorized to update the official claims register to reflect the terms of this Stipulation.

7. Except as expressly set forth herein with respect to the payment and allowance of Claim No. 59220, nothing herein is intended to, nor shall it be construed to be, a waiver or modification of any of the rights or obligations of either Party under the MSA.

8. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

9. This Stipulation shall be binding on the Parties and each of their successors in interest.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| Dated: July 17, 2020 | Dated: July 17, 2020 |
| WEIL GOTSHAL & MANGES LLP | SHULMAN BASTIAN FRIEDMAN & BUI LLP |
| */s/ Matthew Goren* <br> Matthew Goren, Esq. | */s/ Melissa Davis Lowe* <br> Melissa Davis Lowe, Esq. |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Cushman & Wakefield of California, Inc.* |