**Entered on Docket
July 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 22, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088-DM |
| PG&E CORPORATION, | Chapter 11 |
| - and - | Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

## ORDER DENYING MOTIONS FOR RECONSIDERATION

Creditor Theresa Ann McDonald filed a motion to reconsider this court's order confirming Debtors' plan of reorganization on June 26, 2020 (dkt. #8137) (the "Motion"). Creditor William Abrams also filed a similar motion on July 1, 2020 (dkt. #8247). The court ordered Debtors, the Tort Claimants' Committee ("TCC"), and the Fire Victim Trustee to

respond to the Motion on June 29, 2020 (dkt. #8199). The parties having filed their responses,[1] the court will deny the Motion for the reasons set forth below. In addition, the court will deny Mr. Abrams' motion.

Reconsideration may be accomplished through application of Federal Rules of Civil Procedure ("FRCP") 59(e) or 60(b), made applicable here through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007). Neither rule recognizes a motion for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, FRCP 59(e) contemplates a motion to alter or amend a judgment. Under FRCP 59(e), amendment of a judgment is justified where: (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. Acands Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, FRCP 60(b) permits a Court to reconsider a prior judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263.

Ms. McDonald seeks reconsideration on the basis that she voted to reject the plan of reorganization but should not be bound by unfavorable provisions in the Claims Resolution Procedures, namely a lack of judicial review of claims. She did vote to reject the plan, but rejection of the plan does not ensure the same outcomes as an objection to confirmation of the plan. Ms. McDonald conflates voting with objecting—and she did not object to confirmation.[2]

---

[1] Debtors responded (dkt. #8322), as did the TCC and Fire Victims' Trustee (dkt. #8329). A response was also filed by SLF Fire Victim Claimants (dkt. #8331).

[2] Ms. McDonald has filed several pleadings in this case, including a document that could be construed as an objection to confirmation (dkt. #7943), which was filed a month after the objection deadline of May 15, 2020, and did not mention judicial review of claims. In that document she lists "just a few of the reasons why I object to Confirmation of [the plan]…" Since she has subsequently filed a Notice of Appeal of confirmation (dkt. # 8266), the court considers this document as another motion for reconsideration and denies it as well.

-2-

The court set a deadline for impaired creditors, like Ms. McDonald and Mr. Abrams, to vote to accept or reject the plan. The disclosure statement (dkt. #6353) plainly listed the voting deadline as May 15, 2020. The materials sent to creditors included a ballot (*see e.g.* dkt. #6340-1, p. 20) which iterated the voting deadline and asked claimants to check a box to vote for or to reject the plan. Acceptance and rejection are the only two options available under the Bankruptcy Code. *See* 11 U.S.C. § 1126(a). Thus, despite their rejections of the plan, Ms. McDonald and Mr. Abrams are now bound by it. 11 U.S.C. § 1141(a); Order Confirming Plan (dkt. #8053, p.10).

Objecting to a plan is a different concept. All creditors and equity holders, whether entitled to vote on the plan or not, were given an opportunity to object to confirmation of the plan by May 15, 2020 (dkt. #6340-4, p. 6-9). The happenstance of the same date (May 15, 2020) in both notices is irrelevant. They are separate events with separate legal consequences under the Bankruptcy Code and were separately noticed to all parties.

Many did object, including a group of corporate and individual fire victims who objected to the Claims Resolution Procedures. Both Ms. McDonald and Mr. Abrams take issue with the lack of judicial review afforded to their claims. As the TCC points out in its response, creditors were on notice of the lack of judicial review under the Claims Resolution Procedures (dkt. #8329, p. 3). In addition to the disclosure statement, which offered this information, fire victims received a copy of the Claims Resolution Procedures and a "plan treatment summary" which reiterated the lack of judicial review. *See* dkt. #6338-1, p. 12. Thus, these two creditors cannot now object to those procedures, even though a small number of other creditors did.[3] In her reply (dkt. #8340), Ms. McDonald again conflates a vote to reject a plan with an objection to the plan, but she had notice regarding the lack of judicial review afforded by the plan and did not *object*. Other objecting creditors fought for judicial review and eventually achieved it, but that achievement cannot be applied to all other creditors in a blanket fashion, as they did not request this relief in time and with notice to do so.

---

[3] *See* Order Confirming Plan, which lists the parties who timely objected to confirmation and attained the right of judicial review of their claims (dkt. #8053 p. 26, fn. 7). This was memorialized in this court's memorandum regarding these objections (dkt. #7597).

-3-

For the foregoing reasons, Ms. McDonald and Mr. Abrams have not made a showing for reconsideration, and consequently the court denies both of their motions.[4]

*** END OF ORDER ***

---

[4] The first argument in Mr. Abrams' motion deals with the makeup of the Trust Oversight Committee of the Fire Victim Trust. The court has no authority to review the makeup of this committee or alter the decision of the TCC and attorneys who have acted in accordance with the confirmed plan and related documents.

**COURT SERVICE LIST**

**Theresa Ann McDonald**
5044 Russell Drive
Paradise, CA 95969

**William B. Abrams**
1519 Branch Owl Place
Santa Rosa, CA, 95409