**Entered on Docket
July 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: July 22, 2020**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                              ) Bankruptcy Case
                                    ) No. 19-30088-DM
PG&E CORPORATION,                   )
                                    ) Chapter 11
         - and -                    )
                                    ) Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,   )
                                    )
         Debtors.                   )
                                    )
☐ Affects PG&E Corporation          )
☐ Affects Pacific Gas and           )
     Electric Company               )
☒ Affects both Debtors              )
                                    )
* *All papers shall be filed in*    )
*the Lead Case, No. 19-30088 (DM).* )
                                    )

### ORDER REGARDING TRANSFER OF PENDING RULE 2004 EXAMINATIONS TO THE WILDFIRE VICTIM TRUST

On June 20, 2020, this court entered an order (dkt. 8053) confirming Debtors' and Shareholder Proponents' Joint Plan of Reorganization Dated June 19, 2020 (the "Plan") (dkt. 8053-1). The order authorized the plan proponents to establish a trust (the "Fire Victim Trust") to administer, process, settle, resolve, liquidate, satisfy, and pay all claims of fire victims.

-1-

In addition, Debtors assigned certain rights and causes of action against third parties to the Fire Victim Trust. *Id.*

Prior to confirmation of the Plan, the court entered an order (dkt. 6866) authorizing the Official Committee of Tort Claimants (the "TCC"), which represented the interests of the fire victims in this case, to issue subpoenas pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") to third-party contractors in order to investigate the potential claims being assigned to the Fire Victim Trust and any potential defenses, such as statute of limitations (the "Rule 2004 Order").

On June 29, 2020, counsel for the TCC sent a letter to the court (dkt. 8206) indicating that approximately 80% of the work in obtaining compliance with the subpoenas had been done, but that approximately 20% remained pending because of full or partial non-compliance by the subpoenaed parties. The TCC identified eight contractors who have not complied at all to the subpoenas and thirteen contractors who have only partially complied. At this time, the TCC is seeking full compliance by Burns & McDonnell Engineering Co., Inc. ("B&M") to a Rule 2004 subpoena issued to it.

B&M filed a letter opposing the subpoena (dkt. 8236), contending that Debtors have no claims against it and thus the discovery sought by the TCC fell outside the parameters of the Rule 2004 Order. The court disagrees, as Rule 2004 examinations are broader in scope than ordinary discovery in a contested matter. *In re Mastro*, 585 B.R. 587, 597 (9th Cir. BAP 2018) ("As the Rule's text makes clear, the scope of a Rule 2004

Case: 19-30088    Doc# 8480    Filed: 07/22/20    Entered: 07/22/20 15:00:01    Page 2 of 5

examination is unfettered and broad; the rule essentially permits a fishing expedition. And the examination may extend to third parties who have had dealings with the debtor."). *Id.* (internal quotation marks and citations omitted).

Debtors also filed a letter opposing continued discovery by the TCC (dkt. 8242) on July 2, 2020, contending that the TCC no longer has standing to pursue discovery of claims against contractors, because the claims have been assigned to the Fire Victim Trust and because the Reorganized Debtors should not incur the cost of the TCC's continued pursuit of information from the contractors. In particular, Debtors asserted that the TCC was dissolved pursuant to Section 12.1 of the Plan and thus lacks standing to pursue further discovery:

> **Dissolution of Statutory Committees**. On the Effective Date, the Statutory Committees shall dissolve, the current and former members of the Statutory Committees, including any ex officio members, and their respective officers, employees, counsel, advisors and agents, shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from and in connection with the Chapter 11 Cases, except for the limited purpose of (i) prosecuting requests for allowances of compensation and reimbursement of expenses incurred prior Professionals, including any appeals in connection therewith, (ii) **having standing and a right to be heard in connection with any pending litigation, including appeals, to which such committee is a party,** or (iii) prosecuting any appeals of the Confirmation Order.

See Plan § 12.1 (dkt. 8048)(emphasis added).

In its letters filed on June 29 (dkt. 8206) and July 10, 2020 (dkt. 8350), the TCC argues that it has standing to enforce

-3-

the Rule 2004 Order and related subpoenas under section 12.1 of the Plan because the dispute regarding the Rule 2004 subpoenas constitutes "pending litigation" and thus is excluded from the dissolution discharge of its authority and obligations arising from or in connection with the underlying consolidated cases.

The court is not persuaded. While the term "litigation" is not a defined term in the Plan, the TCC's description of the 2004 orders as "litigation" is not compelling, particularly as Rule 2004 examinations are not available when litigation is pending. As noted in *In re Dinubilo*, 177 B.R. 932, 941 (E.D. Cal. 1993), a "Rule 2004 examination is normally employed at the pre-litigation stage of a bankruptcy case. Once a contested matter is pending, discovery requests are granted under Rule 9014, which invokes the procedural safeguards of the Federal Rules of Civil Procedure."

In light of its holding that the TCC lacks authority to enforce the Rule 2004 subpoenas, the court must determine how the subpoenas can be enforced. The court will adopt the approach suggested by the Trustee of the Fire Victim Trust in the letter dated July 10, 2020 (dkt. 8352). The discovery done by the TCC is not rendered moot, but the Fire Victim Trust (and thus its Trustee) will assume the TCC's rights and responsibilities with respect to enforcement of the various subpoenas previously issued pursuant to the Rule 2004 Order, including the subpoena issued to B&M. The court expects the parties and their counsel to treat this transition the same way they would if a chapter 11 trustee took over from a chapter 11 debtor in possession, or a chapter 7 trustee took over following

-4-

conversion from chapter 11.  This should be a seamless and quick transition.

For the foregoing reasons, it is hereby ORDERED that the pending Rule 2004 subpoenas are enforceable by and shall be transferred to the Wildfire Victim Trust.  Counsel for the TCC and the Fire Victim Trustee should confer and cooperate to ensure an expeditious and efficient transfer of the Rule 2004 discovery.

If counsel for B&M and the Trustee continue to disagree on the scope of the Rule 2004 subpoena after they meet and confer, they should arrange for an expedited telephonic conference with the court in accordance with its regular procedures for such disputes.

**\*\*END OF ORDER\*\***