*** REDACTED VERSION OF DOCUMENT **

**Exhibit 1-B**

**E-Discovery Services**



# Contract Work Authorization (CWA) Change Order

**This is Change Order ("CO") No.** 3 **to Contract Work Authorization No.** 1807451 **dated** 2/24/2020 **issued under and pursuant to the Blanket Agreement or Master Service Agreement No.** 4400011341 **dated** 1/17/17 **(the "MSA") between the below-named Contractor ("Contractor"),** A Delaware Limited Liability Partnership, **and Pacific Gas and Electric Company ("PG&E"), a California corporation with its headquarters located at 77 Beale Street, San Francisco, California 94105. Contractor shall perform all Work under this CWA, as amended by this Change Order, pursuant to and in accordance with the terms and conditions of the MSA.**

| | | | |
|---|---|---|---|
| **Contractor's Legal Name:** | PricewaterhouseCoopers LLP | **This Change Order consists of** 6 **pages.** | |
| **Contractor's Address:** | 300 Madison Avenue<br>New York, NY 10017 | | |

| | |
|---|---|
| **Project Name**: | Camp Fire EDiscovery Support |
| **Job Location**: | Contractor's offices, PG&E offices in San Francisco and other locations as needed. |

**CHANGES:** The Parties hereby modify the Contract Work Authorization referenced above as follows:

3. Your work under this Agreement is subject to the applicable procedures and/or processes approved by the Bankruptcy Court in PG&E's bankruptcy proceeding (Bankruptcy Case No. 19-30088 (DM)) in the United States Bankruptcy Court, Northern District of California, San Francisco Division for the retention of counsel [outside professionals] and those procedures and processes are expressly incorporated herein, as they may be changed from time to time by the Bankruptcy Court.

Change Order 3 adds an additional $350,000 and extends the end date to 6/30/2020.

**ATTACHMENTS:** The following are attached to this CWA Change Order and incorporated herein by this reference.

Attachment No. Amendment to Statement of Work (CWA 1807451) Change Order No. 3
Camp Fire Discovery Support, pages 1-4 below

| **PRICING CHANGES**: | Previous Total CWA Value: | $750,000 |
|---|---|---|
| | Addition or Deduction: | $350,000 |
| | Revised Total CWA Value: | $1,100,000 |

All other terms and conditions of the CWA, as it may have been amended by previous CWA Change Order(s), if any, shall remain the same.

**THE PARTIES, BY SIGNATURE OF THEIR AUTHORIZED REPRESENTATIVES, HEREBY AGREE TO THE TERMS OF THIS CWA CHANGE ORDER.**

| **PACIFIC GAS AND ELECTRIC COMPANY** | | **CONTRACTOR: PRICEWATERHOUSECOOPERS LLP** | |
|---|---|---|---|
| **Signature** | *[signature: Brian Wong]* | **Signature** | Sarah Nolton |
| **Name** | Brian Wong | **Name** | *[signature: Sarah Nolton]* |
| **Title** | Vice President, Deputy General Counsel | **Title** | Principal |
| **Date** | April 3, 2020 | **Date** | March 30, 2020 |

62-1689 CWA (12-1-08)　　　　　　　　　　　　　Sourcing

Case: 19-30088　　Doc# 8496-2　　Filed: 07/22/20　　Entered: 07/22/20 17:42:59　　Page 2 of 7



| ADMINISTRATION | | | |
|---|---|---|---|
| **PG&E Negotiator** | | **Contractor Representative** | Sarah Nolton |
| **Phone** | | **Phone** | 415-361-8740 |
| **Email:** | | **Email:** | sarah.nolton@pwc.com |
| **Accounting Reference** | matter 1807451 - All invoices shall be submitted to Collaborati | | |

| INTERNAL PG&E USE ONLY | | |
|---|---|---|
| **Distribution Date** | | |
| **Distribution of Copies:** | ☐ Document Services (Signed Original Copy) Mail Code N5D 245 MARKET ST., SAN FRANCISCO | ☐ Contractor (Signed Original Copy) |
| | ☐ Work Supervisor | ☐ Manager |
| | ☐ Invoice Approver | ☐ Supervisor |
| | ☐ V.P. | ☐ Sourcing/ Purchasing |
| | ☐ Director | ☐ Law |

# Amendment to Statement of Work (CWA 1807451) Change Order No. 3
## Camp Fire Discovery Support
## PricewaterhouseCoopers LLP

This Contract Work Authorization ("CWA") dated February 24, 2020 outlines the engagement between Pacific Gas and Electric Company ("PG&E" or "Client") with PricewaterhouseCoopers LLP ("PwC" or "Consultant") to perform the services described below (the "Services").

The governing Master Services Agreement ("MSA") for this work is MSA #4400011341 executed on January 17, 2017, as amended, and supersedes all other oral and written representations, understandings, or agreements relating to the subject matter hereof.

## I. Overview

PG&E's Law Department has requested assistance from PwC to:  This work will be performed at the direction of PG&E's Law Department, and is subject to the attorney work product privilege.

## II. Scope of Services



In addition to the identified work activities for the above Services, PG&E may at times request additional support from Consultant specifically related to ██████████████████████████ ████████████████████████ PG&E and PwC will discuss and agree upon the scope of any such additional activities, and the related estimated cost, which will be set forth in a Change Order to this CWA.

The Services do not include the provision of legal advice, and PwC makes no representations regarding questions of legal interpretation. Client should consult with its attorneys with respect to any legal matters or items that require legal interpretation under federal, state, or any other type of law or regulation. Changes in the law and/or its interpretation may take place before PwC's advice is acted upon or may be retrospective in effect; PwC accepts no responsibility for changes in the law or its interpretation that may occur after the provision of the Services.

### III. Deliverables

- PwC's Deliverables will be limited to documentation related to ██████████ ██████████████████████████████████

- Upon request, PwC may also provide oral advice based on our understanding of similar ███ ████████████████ gathering efforts and current industry practices. By "advise" or "provide advice," PwC means that it will share its industry experience, subject-matter knowledge and/or knowledge of current industry practices for Client's consideration in addressing Client's objectives and/or PwC will provide subject-matter advice in response to queries from Client management or based upon observations of Client's efforts.

### IV. Anticipated Timeframe

- Consultant shall commence performance of the Services in coordination with and after obtaining authorization from PG&E. The Services are estimated to begin during the week of January 1, 2018, and currently estimated to be completed on Friday, March 31, 2018.
- Change Order No.1, which accounts for continued Camp Fire Device Collection support is intended to cover work through June 30, 2019.
- Change Order No.2, which accounts for continued Camp Fire Device Collection support is intended to cover work through September 30, 2019.
- Change Order No.3, which accounts for continued Camp Fire Device Collection support is intended to cover work through June 30, 2020.
- Actual weekly staff resources may fluctuate to address Client's requests. The PG&E supervisor will coordinate with PwC to determine increases or decreases in actual PwC staff needs on a weekly basis.

### V. Key Assumptions

- The Services will be performed at the direction of PG&E's Law Department.
- PG&E and/or the PG&E Law Department will provide necessary and required access to all target devices.
- PG&E will determine and identify the actual data collection site locations.
- Any additional requests for assistance beyond the scope of Services described herein will be discussed and confirmed with PG&E's Law Department, and is not included in the cost and time estimates set forth in this CWA.
- ████████████████████████████████████████████████████████████████████████
- PwC will not ████████████████████████████████████████████████████ unless specifically requested by PG&E's Law Department.
- PwC forensic staff will receive devices for the forensic data collection activities on a timely basis while onsite at the defined locations. Depending on the timing, amount of required time, and any restrictions related to the forensic data collection activities and the return of the related devices, the PwC team may charge Client for idle time to the extent that PwC is unable to perform other Services under this CWA during such periods of idle time. The Services described in this CWA will not be performed for devices that are not made available to PwC during the defined/scheduled times.
- Site locations that are more than 1 hour's driving time from San Francisco will result in PwC charging for travel expenses, which will be invoiced to Client in accordance with the MSA terms.

- PwC will take direction from PG&E and/or the PG&E Law Department regarding data retention requirements. PwC will also delete any copies of the data collected and within our possession upon written request from PG&E.

## VI. Team/Resource Description

The key Consultant team members and roles are described below:

- Sarah Nolton, Principal, shall: (i) provide PwC project oversight and guidance, (ii) coordinate staffing such that the required Consultant resources are available, (iii) provide quality control oversight and analysis, and (iv) provide strategic advice and high-level recommendations as it relates to the forensic collection effort to PG&E, as requested.
- Amol Deshpande, Director, is the key point person for PG&E and PG&E Law Department personnel with regard to the Services performed under this CWA
- Consultant shall provide additional team members with the necessary forensic data acquisition skills - primarily at the Senior Associate and Manager level resources who will perform the Services and provide the Deliverables in accordance with the specifications set forth in this CWA.

## VII. Professional Fees and Expenses

PwC's fees are based on estimates of the time to be incurred under this CWA, which will be charged to Client on a time and materials basis, as required.

PwC's fee estimate is subject to change due to a number of project factors, including: (i) potential changes to the specific PG&E custodian/employee schedules who will provide such devices to PwC, (ii) uncertainties related to the types of devices that will be analyzed, including the models and storage capacity of the devices, and (iii) other unforeseen technical challenges that are typically experienced when performing similar activities.

PwC will provide a weekly updates regarding the approximate costs incurred to date. The total number of devices is unknown at this time, and represents one of several factors that will impact the amount of time required to complete the Services. PwC currently estimates a not-to-exceed amount of $350,000 for [REDACTED] excluding expenses. If PwC approaches this not-to-exceed amount it will discuss with, and obtain prior approval from, PG&E's Law Department before performing Services and incurring fees in excess of this not-to-exceed fee amount.

| Grade | Rates (USD) |
|---|---|
| Partner/Principal | $499 |
| Director | $404 |
| Manager | $329 |
| Senior Associate | $267 |
| Associate | $172 |

## VIII. Other Items

- The parties hereby agree that PwC may subcontract the Services to its wholly-owned subsidiary, PricewaterhouseCoopers Advisory Services LLC.
- PwC's Materials and PwC's fees and fee structure are PwC's Confidential Information.
- PG&E shall indemnify and hold PwC harmless from and against any and all third party claims, losses, liabilities and damages arising from or relating to the Services or Deliverables under this CWA, except to the extent finally determined to have resulted from PwC's gross negligence or intentional misconduct relating to such Services and/or Deliverables.
- If PwC is requested or authorized by PG&E or required by government regulation, regulatory agency, subpoena, or other legal process to produce PwC's Deliverables, working papers or personnel for testimony or interview with respect to services PwC performed for PG&E, PG&E will reimburse PwC for PwC's and its counsels' expenses and professional time incurred in responding to such a request.
- PwC understands that PG&E seeks to have the attorney work product doctrine, attorney-client or other privilege apply to some or all of the Services and Deliverables. PG&E and its Law Department are solely responsible for determining whether or not the attorney work product doctrine, attorney-client or other privilege may apply and for managing the establishment and maintenance of any such privilege or protection. PwC makes no representation as to whether the attorney work product doctrine or the attorney-client privilege will apply, as the applicability of the doctrine and privilege are legal questions. However, PwC agrees to assist PG&E and its Law Department in preserving the confidentiality of the information received or provided in connection with the Services contemplated herein in a manner consistent with preserving an attorney-client privilege.
- Client will be solely responsible for any and all communications required with Client's federal and state regulators and/or independent monitor(s) relating to these Services and Deliverables.  PwC is not being engaged to interact or meet with third parties, including but not limited to Client's regulators and/or independent monitor(s).