WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>       - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**MOTION TO FILE REDACTED DOCUMENTS IN SUPPORT OF THIRD SUPPLEMENTAL APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AN ORDER AMENDING THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**<br><br>[No Hearing Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Debtors to file, with certain limited redactions, the Third Supplemental MSA Contracts (as described below) related to the *Third Supplemental Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ PricewaterhouseCoopers LLP as Management, Tax, and Advisory Consultants to the Debtors Nunc Pro Tunc to Petition Date* (the "**Application**"),[1] filed contemporaneously herewith, and (ii) directing that the unredacted copies provided to the Court of the Third Supplemental MSA Contracts shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and the other parties to the Third Supplemental MSA Contracts or further order from the Court.

      In support of the Motion, the Debtors submit the Declaration of Stephen L. Schirle (the "**Schirle Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not defined in this Motion shall have the meaning used in Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## III. THE MSA & ENGAGEMENT LETTERS

Pursuant to the engagement agreements annexed as exhibits to the *Declaration of Daniel Bowman in Support of Debtors' Third Supplemental Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ PricewaterhouseCoopers LLP as Management, Tax, and Advisory Consultants to the Debtors Nunc Pro Tunc to Petition Date*, (the "**Bowman Declaration**"), filed in support of the Application (the "**Third Supplemental MSA Contracts**"), PwC will continue to provide management, tax, and advisory services

to the Debtors, to the extent expressly required by and as more particularly described in the applicable designated agreements. Certain of the descriptions of the various services to be provided by PwC to the Debtors under the Third Supplemental MSA Contracts include confidential and sensitive information relating to, among other things, legal advice and litigation strategies that are protected by the attorney-client privilege and work product doctrine. Accordingly, the following two exhibits to the Bowman Declaration have been redacted on the bases set forth below:

> **Exhibits 1-A**:[2] **Camp Fire Services.** This Third Supplemental MSA Contract describes work to be performed at the direction of counsel. The scope of work includes detail that reflects the considered advice and recommendations of counsel on corporate incident reporting processes, including operations and legal support activities, in preparation for and in connection with ongoing litigation. The redactions include information subject to the attorney–client privilege and attorney work product doctrine.
>
> **Exhibits 1-B: E-Discovery Services.** This Third Supplemental MSA Contract describes work to be performed at the direction of counsel. The scope of work includes detail that reflects the considered advice and recommendations of counsel on corporate incident reporting processes, including operations and legal support activities, in preparation for and in connection with ongoing litigation. The redactions include information subject to the attorney–client privilege and attorney work product doctrine.

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added). Some courts have emphasized, parsing the language of 107(b) (namely, the word "shall"), that once the court determines that the information the moving party seeks to protect falls within one of the categories enumerated in 107(b), it "has no discretion to deny" the protection sought. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

---

[2] Exhibit references are to exhibits to the Bowman Declaration.

Also, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "any entity." 11. U.S.C. § 107(b).

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Courts have found that information protected by the attorney–client communications privilege or the attorney work product doctrine are subject to filing under seal, either on the basis that a lawyer's work product is one type of "confidential research" that falls within the plain language of the protection of section 107 and Rule 9018, *see, e.g.*, *In re 50-Off Stores*, 213 B.R. 646, 655 (Bankr. W.D. Tex. 1997); or because "the public interest in preserving the attorney client privilege ordinarily outweighs the presumption of access to judicial documents." *In re Fibermark, Inc.*, 330 B.R. 480, 494 (Bankr. D. Vt. 2005) (quotation omitted).

The Court in these Chapter 11 Cases has authorized the filing under seal of sensitive commercial information, including for contracts with PwC in its original retention application and prior supplemental application. *See* Dkt. Nos. 1919, 4669, and 6407 (authorizing filing of redacted copies of certain agreements with PwC); *see also* Dkt. Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters) and 1241 (authorizing filing redacted contracts with Quanta Energy Services). Here, the information to be redacted is more than just commercially sensitive; it is confidential and subject to attorney–client privilege and the attorney work product doctrine. Correspondence, bills, ledgers, statements, and time records which reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, may fall within the attorney client privilege or the work product doctrine. *See, e.g.*, *In re Chan*, 2018 Bankr. LEXIS 4120, *2 (Bankr. N.D. Cal. Dec. 20, 2018) (citing *Clark v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*. The Debtors and their professionals have undertaken to redact only material they believe to be protected by the attorney–client privilege and/or the attorney work product doctrine, and will follow

the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the privileged materials *in camera*. *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

Because the Third Supplemental MSA Contracts contain privileged and confidential information that is subject to attorney–client privilege and/or the attorney work product doctrine, the Debtors request that the filing of redacted copies be authorized by the Court.

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; (xii) PwC; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 22, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*