Steven S. Kane, Esq., SBN: 061670
Bonnie E. Kane, Esq., SBN: 167700
**THE KANE LAW FIRM**
402 W. Broadway, Suite 2500
San Diego, CA 92101
Telephone: (619) 236-8700
Facsimile: (619)236-1370
E-mail: skane@thekanelawfirm.com
E-mail: bonnie@thekanelawfirm.com

Attorneys for CLAYTON ENGELBRECHT

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re:*<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas & Electric<br><br>■ Affects Both Debtors<br><br>*All papers shall be filed in the Lead Case, No.19-30088 (DM)* | **Case No. 19-30088 (DM)**<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1) TO DEEM CLAYTON ENGELBRECHT'S CLAIM TIMELY FILED**<br><br>Date: August 25, 2020<br>Time: 10:00 a.m.<br>Place: To Be Held Telephonically (or Via Video Where Approved and Applicable)<br>Judge: Honorable Dennis Montali<br><br>**Objection Deadline: August 11, 2020 at 4:00 p.m. (Pacific Time)** |

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Claimant Clayton Engelbrecht moves for an entry of an order deeming his proof of claim in these cases timely filed.

**I.**

**SUMMARY OF ARGUMENT**

Under the flexible standard for excusable neglect, Mr. Engelbrecht's claim should be allowed.

Mr. Engelbrecht mistakenly believed counsel had been retained on his behalf by his parents and that a claim had been filed for him. Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case clearly present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, no delay to the judicial administration of this case, and is made in good faith. Rather, to deny this claim would work a severe injustice to the Claimant, which should also be weighed. *Id.*

## II.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. *See* Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. *See* Dkt. 2806. That deadline was extended to December 31, 2019 ("the "extended bar date."). *See* Dkt. 4872. On July 28 2020, Mr. Engelbrecht filed a proof of claim after learning that he did not have counsel and a claim had not been filed. *See* Exhibit 1.

## III.

## FACTUAL BACKGROUND

Mr. Engelbrecht suffered significant smoke inhalation and emotional distress as a result of the Camp Fire. The family fought the fire and saved their home but lost many other structures and trees. His mother and father retained counsel to file claims in this bankruptcy. Mr. Engelbrecht mistakenly believed he was represented by counsel and that a claim had been filed for him by the extended bar date. Only recently, did he learn he was not represented by counsel, and no claim had been filed. Immediately upon discovering this, he retained counsel and filed a claim.

# IV.

# **ARGUMENT**

The time in which to make claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) *In general.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.
> Fed R. Bank. Proc. 9006.(b)(1). *Emphasis supplied.*

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude the determination at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . .the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."*Pioneer Inv. Servs v. Brunswick Assoc. Ltd.P'ship,* 507 U.S. 380, 395 (1993)

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897. ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")

Further, the delay is not significant. Mr. Engelbrecht's claim was filed less than eight months after the extended bar date. Allowing the late claim will not delay the proceedings, as the Fire Victim Trust, from which his claim will be paid has not released its final Claims Questionnaire. Mr. Engelbrecht acted as soon as he discovered his belief that he had counsel and that counsel had filed a claim was mistaken. *See* Declaration of Clayton Engelbrecht.

The reason for the delay in filing a claim was that Mr. Engelbrecht simply was mistaken in his belief. Excusable neglect will be found even where sophisticated attorneys miss a deadline.

*ZILOG, Inc. v. Corning (In re ZILOG, Inc.* 450 F.3d 996, 1006). The case for excusable neglect is even more compelling when the mistake was made by an unrepresented layperson. *Id.*

Further, Mr. Engelbrecht acted in good faith. His failure to file was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales & Mkg. LLC* 2016 U.S. Dist LEXIS 141533. (This factor alone weighs against finding excusable neglect even when the other *Pioneer* factors are present). This is a situation where Mr. Engelbrecht promptly filed a proof of claim once he realized that he did not have counsel and that no claim had been filed on his behalf.

And, finally, the likelihood of injustice is great, if this claim is not permitted. Mr. Engelbrecht is a Camp Fire victim whose only avenue for compensation is through this bankruptcy. This is a factor which was properly considered by the Court in *Pincay, supra,* 389 F.3d at 859.

## V.

## **CONCLUSION**

For all of the above reasons, the motion should be granted, and Mr. Engelbrecht's claim should be deemed timely.

Dated: July 28, 2020  Respectfully submitted,

THE KANE LAW FIRM

By:_____/s/ Bonnie E. Kane_____
BONNIE E. KANE
Attorneys for CLAYTON ENGELBRECHT