1   BROWN RUDNICK LLP
    Joel S. Miliband (SBN 077438)
2   (JMiliband@brownrudnick.com)
    2211 Michelson Drive
3   Seventh Floor
    Irvine, California 92612
4   Telephone:     (949) 752-7100
    Facsimile:     (949) 252-1514
5
    BROWN RUDNICK LLP
6   David J. Molton (SBN 262075)
    (DMolton@brownrudnick.com)
7   Seven Times Square
    New York, New York 10036
8   Telephone:     (212) 209-4800
    Facsimile:     (212) 209-4801
9
    *Counsel for Fire Victim Trustee*
10

11                  **UNITED STATES BANKRUPTCY COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
12                      **SAN FRANCISCO DIVISION**

13

14  **In re:**                                   Bankruptcy Case
                                                 No. 19-30088 (DM)
15  **PG&E CORPORATION,**

16                                                Chapter 11
                   **-and-**                      (Lead Case)
17                                                (Jointly Administered)
    **PACIFIC GAS AND ELECTRIC COMPANY,**

18                                                **STIPULATION AMONG THE FIRE**
                   **Debtors.**                   **VICTIM TRUSTEE, REORGANIZED**
19                                                **DEBTORS AND OFFICIAL**
                                                 **COMMITTEE OF TORT CLAIMANTS**
20                                                **PURSUANT TO B.L.R. 9006-1**
                                                 **SHORTENING TIME FOR HEARING**
21                                                **ON THE FIRE VICTIM TRUSTEE'S**
                                                 **APPLICATION FOR**
22                                                **CLARIFICATION AND**
                                                 **MODIFICATION OF PROTECTIVE**
23                                                **ORDER TO PERMIT THE TRANSFER**
                                                 **OF INFORMATION FOR USE BY THE**
24  ☐ **Affects PG&E Corporation**                **FIRE VICTIM TRUST**
    ☐ **Affects Pacific Gas and Electric Company**
25  ☒ **Affects both Debtors**
                                                 Related Document: Dkt. No. 8492
26
    *All papers shall be filed in the Lead Case, No.*
27  *19-30088 (DM).*

28

Case: 19-30088   Doc# 8568   Filed: 07/29/20   Entered: 07/29/20 18:16:18   Page 1 of
4

1  This stipulation and agreement (the "**Stipulation**") for entry of an order shortening time

2  for a hearing pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States

3  Bankruptcy Court for the Northern District of California is entered into by and among Justice

4  John K. Trotter (Ret.), in his capacity as trustee for the Fire Victim Trust (the "**Fire Victim**

5  **Trustee**"), PG&E Corporation and Pacific Gas and Electric Company, as reorganized debtors

6  (together, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the

7  "**Reorganized Debtors**") in the above-captioned cases (the "**Cases**"), and the Official Committee

8  of Tort Claimants (the "**TCC**"),  by and through their respective counsel.  The Fire Victim

9  Trustee, Reorganized Debtors and the TCC hereby stipulate and agree as follows:

10                                                           **RECITALS**

11          A.          On July 22, 2020, the Fire Victim Trustee filed an application [Dkt. No. 8492] (the

12  "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code and Rules 2002(m)

13  and 9007 of the Federal Rules of Bankruptcy Procedure, for entry of an order in the form of

14  Exhibit A to the Motion, which would direct the clarification or modification of certain provisions

15  of the Confidentiality and Protective Order [Dkt. No. 3405] (the "**Protective Order**") to permit

16  the Fire Victim Trustee and his staff, consultants, experts, and counsel and Cathy Yanni in her

17  capacity as Claims Administrator of the Fire Victim Trust (the "**Claims Administrator**") and her

18  staff, consultants, experts, and counsel to access and use information produced and generated in

19  the Cases (the "**Discovery Material**")[1] in connection with the administration of the trust

20  established for the fire victims (the "**Fire Victim Trust**") and the prosecution of the causes of

21  action assigned to the Fire Victim Trust (the "**Assigned Claims**") pursuant to the Court-approved

22  and effective Joint Plan of Reorganization dated June 19, 2020, (the "**Plan**") [Dkt. No. 8053].[2]

23          B.          As noted in the Motion, the requested clarification and modification would enable

24  the TCC to effectuate an efficient and routine transfer of relevant information to the Fire Victim

25  Trust for use in liquidating and administering the Fire Victim Trust for the largest creditor group

---

[1] The Protective Order generally defines "Discovery Material" to include all information produced, generated, or
provided in disclosures or responses to requests in connection with the Cases. See Protective Order at ¶ 2.4.
[2] Capitalized terms have the definitions provided in the Plan or Protective Order, unless otherwise stated.

2

in the Cases, and for prosecuting the Assigned Claims conveyed to the Fire Victim Trust under the Plan.

C.    Also as noted in the Motion, the Debtors, who provided the vast majority of the Discovery Material, consent to the transfer of their documents to the Fire Victim Trust following modification of the Protective Order. The TCC, which continues to exist for certain purposes under the Plan, also consents to the relief requested herein. Other parties that produced documents relevant to the Trust administration, including documents in response to the TCC's 2004 subpoenas relating to the Assigned Claims, will not need to reproduce the same documents to the Trustee (all of which are relevant and would be subject to discovery), saving time and resources of both the Fire Victim Trust and third parties.

D.    The stated goal of the Fire Victim Trust is to provide an efficient process to fairly compensate the holders of timely filed Fire Victim Claims.  Now that the Fire Victim Trust is operational and the TCC is winding down its work in the Cases, time is of the essence with respect to the relief requested in the Motion.

E.    Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on the Motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedures, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

F.    The date currently set for a hearing on the Motion is August 25, 2020.  This delay of more than three weeks will prevent the TCC from effectuating the transfer of data to the Fire Victim Trust that is essential to the work of the Fire Victim Trust and is no longer necessary for the limited post-Effective Date work being performed by the TCC.

G.    No parties will be prejudiced by either an earlier hearing on the Motion or by the grant of relief requested by the Motion, as the Discovery Material was sought by the TCC for the prosecution of the Assigned Claims by the Fire Victim Trust.

/ / /

/ / /

Case: 19-30088    Doc# 8568    Filed: 07/29/20    Entered: 07/29/20 18:16:18    Page 3 of 4

1     UPON THE FOREGOING RECITALS, IT HEREBY IS STIPULATED AND AGREED,

2    BY AND BETWEEN THE PARTIES THROUGH THEIR UNDERSIGNED COUNSEL, AND

3    THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:

4        1.    Notice be shortened to permit the Motion to be heard on August [4], 2020, at 10:00

5    (Prevailing Pacific Time), and for written objections, if any, to be filed and served by 4:00 p.m.

6    (Prevailing Pacific Time) on August [2], 2020.

7    DATED: July 29, 2020        BROWN RUDNICK LLP

8

9                                    By:   _____
                                        Joel S. Miliband

10                                      *Counsel for Fire Victim Trustee*

11    DATED: July 29, 2020        CRAVATH, SWAINE & MOORE

12

13                                    By:   /s/ Kevin J. Orsini
                                        Kevin J. Orsini

14                                        *Counsel for Debtors and Reorganized Debtors*

15    DATED: July 29, 2020        BAKER & HOSTETLER LLP

16

17                                    By:   /s/ Kimberly S. Morris
                                        Kimberly S. Morris

18                                        *Counsel for the Official Committee of Tort Claimants*

19

20

21

22

23

24

25

26

27

28