1  BROWN RUDNICK LLP
   Joel S. Miliband (SBN 077438)
2  (JMiliband@brownrudnick.com)
   2211 Michelson Drive, Seventh Floor
3  Irvine, California 92612
   Telephone:   (949) 752-7100
4  Facsimile:   (949) 252-1514

5  BROWN RUDNICK LLP
   David J. Molton (SBN 262075)
6  (DMolton@brownrudnick.com)
   Seven Times Square
7  New York, New York 10036
   Telephone:   (212) 209-4800
8  Facsimile:   (212) 209-4801

9  *Counsel for Fire Victim Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF JOEL S. MILIBAND IN SUPPORT OF STIPULATION AMONG THE FIRE VICTIM TRUSTEE, REORGANIZED DEBTORS AND OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO B.L.R. 9006-1 SHORTENING TIME FOR HEARING ON THE FIRE VICTIM TRUSTEE'S APPLICATION FOR CLARIFICATION AND MODIFICATION OF PROTECTIVE ORDER TO PERMIT THE TRANSFER OF INFORMATION FOR USE BY THE FIRE VICTIM TRUST**<br><br>Related Document: Dkt. Nos. 8492, 8494<br>**Hearing Date: August 4, 2020**<br>**Time:         10:00 a.m. (Pacific Time)**<br>**Place:        Courtroom 17**<br>                     **450 Golden Gate Ave., 16th Fl.**<br>                     **San Francisco, CA 94102** |

I, Joel S. Miliband, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at Brown Rudnick LLP, attorneys for the Justice John K. Trotter in his capacity as the Trustee of the Fire Victim Trustee (the "**Fire Victim Trustee**").

2. I submit this declaration in support of the Stipulation Among the Fire Victim Trustee, Reorganized Debtors and Official Committee of Tort Claimants (the "**Stipulation**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, for entry of an order shortening time for a hearing on August 4, 2020, at 10:00 a.m. (Prevailing Pacific Time), on the *Trustee's Application for Clarification and Modification of Protective Order to Permit the Transfer of Information for Use by the Fire Victim Trust* (the "**Application**") filed at Dkt. No. 8492 and originally noticed for a hearing by Dkt. No. 8494. The Fire Victim Trustee requests that written objections, if any, be due by 4:00 p.m. (Prevailing Pacific Time) on April 2, 2020.[1]

3. I believe the Application and the clarifications and modifications to the protective order, which would permit the efficient and expedient transfer of discovery and documentation vital to the operation of the Fire Victim Trust, described therein is particularly time-sensitive, given the current stage of these Chapter 11 Cases. The Fire Victim Trust was formed on July 1, 2020 and any delay in receipt of information to be transferred once the Protective Order is amended will necessarily delay the time by which holders of fire victim claims can be compensated with the consideration provided under the Plan. As described in the Application and the Stipulation, the modifications and clarifications to the protective order will allow for the orderly transfer from the TCC (and its professionals) of information and work product to the Fire Victim Trust that will enable the Fire Victim Trustee (and his professionals) to begin the work of the Trust and fulfill its important mandates. The information that will be transferred once the protective order is modified

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application or the Stipulation, as applicable.

2

includes information that will be used in prosecuting the Assigned Claims and administering, evaluating and resolving the fire victim claims channeled to the Fire Victim Trust.

4. I believe that prompt approval of the Application will save the significant time and expense associated with conducting discovery of the parties who have already produced documents subject to the Protective Order.

5. As set forth in the Stipulation the Debtors, who provided the vast majority of the Discovery Material, and the TCC, whose information, data, discovery and work product will be valuable to the Fire Victim Trust in carrying out its mandates, have signed on to the Stipulation and consent to the Application.

6. As set forth in the Stipulation, if the Application is granted, then other parties that produced documents relevant to the administration of the Fire Victim Trust, including documents in response to the TCC's 2004 subpoenas relating to the Assigned Claims, will not need to reproduce the same documents to the Fire Victim Trustee (all of which are relevant and would be subject to discovery), saving time and resources of both the Fire Victim Trust and the third parties. Therefore, I believe that no party in interest should be prejudiced by an expedited hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 29, 2019

/s/ Joel S. Miliband
Joel S. Miliband