XAVIER BECERRA, SBN 118517
Attorney General of California
MARGARITA PADILLA, SBN 99966
Supervising Deputy Attorney General
JAMES POTTER, SBN 166992
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0815
Fax: (510) 622-2270
Margarita.Padilla@doj.ca.gov
James.Potter@doj.ca.gov

XAVIER BECERRA, SBN 118517
Attorney General of California
DANETTE VALDEZ, SBN 141780
ANNADEL ALMENDRAS, SBN 192064
Supervising Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3367
Fax: (415) 703-5480
Danette.Valdez@doj.ca.gov
Annadel.Almendras@doj.ca.gov

STEVEN H. FELDERSTEIN, SBN 059678
PAUL J. PASCUZZI, SBN 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for California Department of Forestry
and Fire Protection, et al.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>　- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　Debtors.<br><br>☐　Affects PG&E Corporation<br>☐　Affects Pacific Gas and Electric Company<br>☑　Affects both Debtors | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>Date:　August 4, 2020<br>Time:　10:00 a.m.<br>Ctrm:　17<br>Judge:　Dennis Montali |

**CALIFORNIA STATE AGENCIES' RESERVATION OF RIGHTS REGARDING THE FIRE VICTIM TRUSTEE'S APPLICATION FOR CLARIFICATION AND MODIFICATION OF PROTECTIVE ORDER TO PERMIT THE TRANSFER OF INFORMATION FOR USE BY THE FIRE VICTIM TRUST [DOCKET NO. 8492]**

The California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation and California Department of Developmental Services (collectively, the "California State Agencies") hereby file this reservation of rights with respect to *The Fire Victim Trustee's Application for Clarification and Modification of Protective Order to Permit the Transfer of Information to the Fire Victim Trust* ("Motion") [Docket No. 8492] based on the following:

1. The California State Agencies raised two issues with counsel for the Fire Victim Trustee with regard to the Motion, both of which we believe to be resolved by agreed upon changes to the Proposed Order for the Motion and the proposed revised Protective Order.[1]

2. As the Court may recall, the California State Agencies entered into a stipulated protective order that incorporated and modified the original protective order entered by the Court. See *Stipulation and Agreement for Order Adding Certain California State Agencies as Parties to Confidentiality and Protective Order [Dkt. No. 3405], as Modified Herein* at Docket No. 4961 ("CSA Stipulation"). That stipulation was approved by the Court at Docket No. 4979 ("CSA Order"). The CSA Stipulation and CSA Order both referenced the prior protective order at Docket No. 3405.

3. The proposed order for the Motion provides that the Court order entered at Docket No. 3405 referenced in the CSA Stipulation and the CSA Order will be superseded by the new protective order the Fire Victim Trustee requests the Court to enter. To ensure that the CSA Stipulation and CSA Order remain valid and enforceable, the California State Agencies requested the Fire Victim Trustee to modify paragraph 2 of the proposed order on the Motion as follows, with the modified language shown in underline:

> "2. The Court directs that the Protective Order be deemed modified in the manner disclosed in the redline to the Protective Order attached to the Motion and that the Protective Order attached hereto as Exhibit 1 be in full force and effect and deemed to supersede the Protective Order entered at Dkt. No. 3405 in all respects; provided however nothing herein affects the validity or enforceability of the

---

[1] Capitalized terms not otherwise defined shall have the same meaning as the Motion.

-1-

<u>Order Adding Certain California State Agencies as Parties to Confidentiality and Protective Order [Dkt. No. 3405], as Modified Herein, which shall remain applicable to the Protective Order attached hereto as Exhibit 1."</u>

4. The California State Agencies raise one other issue with the Motion. The proposed revised protective order needs to be clear that the Fire Victim Trustee and the Claims Administrator are each considered a "Receiving Party" under the Protective Order even though they may have received Discovery Materials "indirectly" through the TCC and not "directly" from the Producing Party. Section 2.10 defines a Receiving Party as "a Party that receives Discovery Material *directly* from the Producing Party" (emphasis added). The term "directly" could imply that the Fire Victim Trustee and Claims Administrator are not a "Receiving Party" as to previously produced Discovery Material that the Fire Victim Trustee or Claims Administrator obtain from the Tort Committee. The Fire Victim Trustee and Claims Administrator need to be considered a "Receiving Party" for the protections afforded a Producing Party to apply. The California State Agencies suggest that the following language be added to section 2.10 of the new protective order: "The Fire Victim Trustee and Claims Administrator are deemed to be each a Receiving Party for the purposes of maintaining the confidentiality of documents as required by this order."

5. The California State Agencies understand that the Fire Victim Trustee has agreed to revise the proposed order on the Motion and the proposed revised Protective Order as set forth herein, which would resolve the California State Agencies' two objections. The California State Agencies reserve any and all rights to oppose the Motion if the requested changes are not addressed as provide herein.

6. Neither this reservation of rights nor any subsequent appearance, pleading, proof of claim, claim or suit is intended or shall be deemed or construed as:

    a. a consent by the California State Agencies to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the California State Agencies;

    b. a waiver of any right of the California State Agencies to (i) have an Article III judge adjudicate in the first instance any case, proceeding, matter or controversy as to

which a Bankruptcy Judge may not enter a final order or judgment consistent with Article III of the United States Constitution, (ii) have final orders in non-core matters entered only after de novo review by a District Court Judge, (iii) trial by jury in any proceeding so triable in the Chapter 11 Cases or in any case, controversy, or proceeding related to the Chapter 11 Cases, (iv) have the United States District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (v) any and all rights, claims, actions, defenses, setoffs, recoupments or remedies to which the California State Agencies are or may be entitled under agreements, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved hereby; or

    c.    a waiver of any objections or defenses that the State of California, the California State Agencies or any other agency, unit or entity of the State of California may have to this Court's jurisdiction over the State of California, the California State Agencies or such other agency, unit or entity based upon the Eleventh Amendment to the United States Constitution or related principles of sovereign immunity or otherwise, all of which objections and defenses are hereby reserved.

Dated: August 3, 2020          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARGARITA PADILLA
Supervising Deputy Attorney General

By: */s/ Paul J. Pascuzzi*
STEVEN H. FELDERSTEIN
PAUL J. PASCUZZI
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
Attorneys for California Department of Forestry and Fire Protection, California Department of Toxic Substances Control, California Governor's Office of Emergency Services, California Department of Veterans Affairs, California State University, California Department of Parks and Recreation, California Department of Transportation and California Department of Developmental Services

## PROOF OF SERVICE

I, Susan R. Darms, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Capitol Mall, Suite 2250, Sacramento, CA 95814. On August 3, 2020, I served the within documents:

**CALIFORNIA STATE AGENCIES' RESERVATION OF RIGHTS REGARDING THE FIRE VICTIM TRUSTEE'S APPLICATION FOR CLARIFICATION AND MODIFICATION OF PROTECTIVE ORDER TO PERMIT THE TRANSFER OF INFORMATION FOR USE BY THE FIRE VICTIM TRUST [DOCKET NO. 8492]**

By Electronic Service only via CM/ECF.

*/s/ Susan R Darms*
Susan R. Darms