# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and – | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **CERTIFICATION OF ERIC TODDERUD IN SUPPORT OF FINAL FEE APPLICATION OF BERMAN AND TODDERUD LLP** |
| **Debtors.** | |

I, Eric Todderud, hereby certify as follows:

1. I am attorney licensed to practice law in the State of Washington. I am a partner in the law firm of Berman and Todderud LLP (the "Firm"), special counsel for the Debtors and am authorized to make this Certification in that capacity. Except as otherwise indicated, all statements in this Certification are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Certification in support of the Final Fee Application of Berman and Todderud LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the period February 1, 2019 through July 1, 2020 (the "Final Fee Application"). I am an attorney designated by the Firm to sign the Final Fee Application on its behalf.

3. Pursuant to the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the United States Bankruptcy Court of the Northern District of California (Feb. 19, 2014) ("Northern District Guidelines"), I certify that:

   a. I have read the Final Fee Application.

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Final Fee Application are in conformity with the Northern District Guidelines.

c. The compensation requested in the Final Fee Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Firm and generally accepted by the Firm's clients.  Debtors have agreed to these rates through agreements that have been provided to the Court.

4. There is no agreement or understanding between the Firm and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent monthly billing statements to Pacific Gas and Electric Company for legal work commencing on February 1, 2019.  I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a copy of the Final Fee Application in accordance with this Court's orders.

6. The Firm responds to the questions identified in the UST Guidelines as follows:

**Question 1:** Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Final Fee Period? If so, please explain.

**Answer:**  Yes.  The Firm has agreed to substantially discount its attorney fees to Debtor Pacific Gas and Electric Company as part of the Firm's negotiated agreement for legal services.

**Question 2:**  If the fees sought in the Final Fee Application as compared to the fees budgeted for the time period covered by the Final Fee Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?

**Answer:**  The fees sought in the Final Fee Application are not higher than those budgeted.

**Question 3:**  Have any of the professionals included in the Final Fee Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

**Answer:**  No.

**Question 4:**  Does the Final Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?  If so, please quantify by hours and fees.

1    **Answer:**  No.  The Final Fee Application does not include fees for preparing and

2    reviewing invoices to the client.  It includes fees for work performed in connection with the

3    preparation of the Firm's monthly fee statements and the Interim Fee Statements.

4    **Question 5:**  Does the Final Fee Application include time or fees for reviewing time

5    records to redact any privileged or other confidential information? If so, please quantify hours

6    and fees.

7    **Answer:**  No.

8    **Question 6:**  Does the Final Fee Application include any rate increases since Berman

9    and Todderud's retention in this case? If so, did the client review and approve those rate

10   increases in advance? Did the client agree when retaining the law firm to accept all future rate

11   increases?

12   **Answer:**  No.  The Final Fee Application does not include any rate increases since the

13   Firm's retention.

14   I declare under penalty of perjury under the laws of the United States that the foregoing is true

15   and correct.

16   Executed this 3rd day of August 2020, in Seattle, Washington.

17

18                                        BERMAN AND TODDERUD LLP

19                                        */s/ Eric Todderud*

20                                        Eric Todderud

21

22

23

24

25

26

27

28