Philip D. Anker (*Pro Hac Vice* forthcoming)
Allyson Pierce (Cal. Bar. No. 325060)
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: 202.230.8800
Facsimile: 202.230.8888
philip.anker@wilmerhale.com
allyson.pierce@wilmerhale.com

Craig Goldblatt (*Pro Hac Vice* admitted)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington DC 20036
Telephone: 202.663.6000
Facsimile: 202.663.6363
craig.goldblatt@wilmerhale.com

*Counsel to Canyon, Citadel, Davidson Kempner, Farallon, Sculptor, and Värde, on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Reorganized Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**JOINDER IN THE PENDING ELLIOTT MOTION AND REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**<br><br>**Hearing**<br>Date: August 25, 2020<br>Time: 10:00 a.m. (PT)<br>Place: Telephone of Video Appearances Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Canyon Capital Advisors LLC ("Canyon"), Citadel Advisors LLC ("Citadel"), Davidson Kempner Capital Management LP ("Davidson Kempner"), Farallon Capital Management, L.L.C. ("Farallon"), Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP (collectively, "Sculptor"), and Värde Partners, Inc. ("Värde"), on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them (the "Additional RSA Noteholders"), hereby submit this Joinder in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Claim ("Joinder and Request for Allowance and Payment of Administrative Claim").

As set forth in the Elliott Motion,[1] and as amplified below, the Debtors breached their post-petition obligations under the Noteholder RSA[2] to use their best efforts to cause Backstop Parties to transfer their rights with respect to up to $2 billion of backstop equity commitments to Consenting Noteholders. Like Elliott, the Additional RSA Noteholders were Consenting Noteholders who were ready, willing and able to participate in the backstop. They agreed to become parties to the Noteholder RSA and to support the Debtors' Plan in consideration of the Debtors' commitments thereunder. But, as the Elliott Motion explains, the Debtors failed to abide by those commitments. The Debtors never contacted any of the Additional RSA Noteholders or apparently made *any* effort, let alone "best efforts," to enable the Additional RSA Noteholders to participate in the backstop for the exit financing. Accordingly, Elliott and the Additional RSA Noteholders are entitled to an allowed administrative expense claim for the damages they have suffered, in the approximate amount of $250 million, with the allocation of that claim and its payment to be determined by the parties or by the Court at a later date as appropriate.

---

[1] *Motion of Elliott Management Corporation For (I) Allowance and Payment of Administrative Expense Claim and (II) To The Extent Necessary, Reconsideration and Relief From The Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* [Dkt. No. 8536].

[2] All capitalized terms not otherwise defined herein shall have their respective meanings as set forth in the Elliott Motion.

In support hereof, the Additional RSA Noteholders respectfully represent as follows:

## BACKGROUND

1. The Additional RSA Noteholders, along with Elliott, entered into the Noteholder RSA with the Debtors and Shareholder Proponents on January 22, 2020. In the aggregate, the Additional RSA Noteholders held a substantially greater amount of Utility Senior Note Claims than did Elliott alone. *See Second Amended Verified Statement of the Ad Hoc Committee of the Senior Unsecured Noteholders Pursuant to Bankruptcy Rule 2019* [Dkt. No. 4369].

2. The Additional RSA Noteholders otherwise join in the recitation of the facts of the Elliott Motion, and adopt and incorporate by reference herein paragraphs 7 through 20 of the Elliott Motion (but with all references therein to Elliott also to include the Additional RSA Noteholders).

## DISCUSSION

3. This Court has seen a lot of paper in these cases. Rather than burden the record further, the Additional RSA Noteholders join in the arguments contained in the Elliot Motion. *See* Elliott Motion ¶¶ 21-41. For the reasons set forth therein, the Additional RSA Parties and Elliott are entitled to an administrative expense claim in an amount to be determined by the Court, arising out of the Debtors' post-petition breach of its post-petition contract with the Additional RSA Parties and Elliott, the Noteholder RSA.

4. The Additional RSA Noteholders simply add three brief points.

5. First, any allocation of the administrative expense claim as among Elliott and the Additional RSA Parties can be deferred until the allowance and aggregate amount of the claim has been finally resolved. The Additional RSA Parties anticipate that the parties will be able to agree on appropriate allocation without requiring this Court to resolve the issue. If not, they will inform the Court and work on streamlined procedures for the adjudication of the matter.

6. Second, the adjudication of the administrative expense claim will affect not only the rights of Elliott, but also of the Additional RSA Parties. Accordingly, the Additional RSA

3

Parties request that they be permitted to participate fully in any status conference, argument, evidentiary presentation, and other hearing with respect to the Elliott Motion and this Joinder and Request for Allowance and Payment of Administrative Claim. To this end, after this Court entered its docket entry on July 30, 2020 asking that the Debtors and Elliott confer on scheduling issues, the undersigned counsel for the Additional RSA Noteholders contacted counsel for Elliott and counsel for the Debtors and requested, in the interests of efficiency, that that they be allowed to participate in any such conference. Counsel for Elliott agreed. But, without providing any explanation for its position, counsel for the Debtors refused. See **Exhibit A**. The Additional RSA Noteholders therefore ask that the Court direct counsel for the Debtors to include counsel for the Additional RSA Noteholders in any further scheduling or related discussions with counsel for Elliott. They also ask for permission to appear and be heard at the status conference set for this Friday, August 7, 2020 on this matter.

7. Finally, the Additional RSA Noteholders presume that the Elliott Motion will not go forward for hearing on August 25, 2020, as currently scheduled. If it will, however, the Additional RSA Noteholders ask that the Court hear this Joinder and Request for Allowance and Payment of Administrative Claim at the same time. To the extent necessary, the Additional RSA Noteholders request that the time for hearing the Joinder and Request for Allowance and Payment of Administrative Claim be shortened, pursuant to Bankruptcy Local Rule 9006-1, so that it may be heard concurrently with the Elliott Motion.[3]

---

[3] Alternatively, the Court may deem this Joinder to be a Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a), in the contested matter initiated by the Elliott Motion. Fed. R. Civ. P. 24(a) is made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7024, which this Court may apply to this contested matter under Federal Rule of Bankruptcy Procedure 9014(c). Rule 24(a) provides for intervention as of right for a party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." If the Court is inclined to treat this Joinder as a Motion to Intervene, and intends to hear the Elliott Motion on August 25, the Additional RSA Noteholders likewise request such Motion to Intervene be heard on shortened time, pursuant to Bankruptcy Local Rule 9006-1, so that it may be heard concurrently with the Elliott Motion.

# CONCLUSION

8. For the reasons stated, the Additional RSA Noteholders respectfully join in the Elliott Motion and ask that they, as well as Elliott, be awarded an administrative expense claim to be paid by the Reorganized Debtors in an amount to be determined by the Court, with the allocation of that claim among the Additional RSA Noteholders either to be agreed by the parties or also to be determined by the Court at a later date.

Respectfully Submitted,

Dated: August 4, 2020

By: */s/ Craig Goldblatt*

Craig Goldblatt (*Pro Hac Vice* admitted)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave., NW
Washington DC 20036
Telephone: 202.663.6000
Facsimile: 202.663.6363
craig.goldblatt@wilmerhale.com

Philip D. Anker (*Pro Hac Vice* forthcoming)
Allyson Pierce (Cal. Bar. No. 325060)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich Street
New York, NY 10007
Telephone: 202.230.8800
Facsimile: 202.230.8888
philip.anker@wilmerhale.com
allyson.pierce@wilmerhale.com

*Counsel to Canyon, Citadel, Davidson Kempner, Farallon, Sculptor, and Värde, on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them*

# CERTIFICATE OF SERVICE

I, Craig Goldblatt, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is at Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006.

On August 4, 2020, I served document(s) described as:

**JOINDER IN THE PENDING ELLIOTT MOTION AND REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

on the interested parties in this action as follows:

[ ]     BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth above.

[X]     BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for all parties and counsel who are registered ECF Users and those identified below:

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on August 4, 2020 in Chevy Chase, Maryland.

*/s/ Craig Goldblatt*
Craig Goldblatt