Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com

Attorneys for HUDSON SKYPORT PLAZA, LLC,
HUDSON SKYPORT PLAZA LAND, LLC,
HUDSON PACIFIC PROPERTIES, INC.,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors. | Case Nos. 19-30088 DM (Lead Case)<br>     19-30089 DM<br><br>Chapter 11<br>*Jointly Administered*<br><br>**STIPULATION AMONG DEBTOR PACIFIC GAS AND ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC., HUDSON PACIFIC PROPERTIES, L.P., SKYPORT PLAZA OWNER'S ASSOCIATION, AND CRISTINA MENDOZA FOR LIMITED RELIEF FROM THE AUTOMATIC STAY AND/OR PLAN INJUNCTION** |

This stipulation (the "Stipulation") is entered into by Pacific Gas and Electric Company (the "Utility" or the "Debtor"), as debtor and debtor in possession, on the one hand, and HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC. (the "Hudson Defendants"), HUDSON PACIFIC PROPERTIES. L.P. ("Hudson LP"), SKYPORT PLAZA OWNER'S ASSOCIATION ("Skyport") and CRISTINA MENDOZA (the "Plaintiff") on the other. The Debtor, the Hudson Defendants, Hudson LP, Skyport and Plaintiff are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On June 21, 2017, Plaintiff filed a complaint in the U.S. District Court for the Northern District of California, San Jose division, case number 5:17-CV-03579 (the "Lawsuit"). PG&E is a defendant along with the Hudson Defendants and other parties. In the Lawsuit, the Plaintiff, *inter alia*, seeks damages for injuries sustained because of what Plaintiff alleges were inaccessible and dangerous walkway conditions caused her to be thrown from her wheelchair. The area where Plaintiff alleges her injury occurred was at a location where a vault cover (that was part of the walkway) over a PG&E underground vault meets another section of the subject walkway.

B. Plaintiff alleged claims against the Hudson Defendants for, inter alia, violation of the Title III of the Americans with Disabilities Act of 1990 (28 U.S.C. Sections 12181 – 12182) (the "ADA")), the California Disabled Persons Act (Civil Code Sections *54 et seq*.), and the California Unruh Act (Civil Code Section 51 *et seq*.). Plaintiff asserted a claim for negligence and negligence per se against PG&E and the Hudson defendants and subsequently has been granted leave by the Court to file a First Amended Complaint which, inter alia, adds Hudson LP (a Maryland limited partnership) and Skyport (a California nonprofit mutual benefit association) as a new defendants in the action.

C. The Magistrate Judge assigned to this matter is Judge Susan van Keulen. Judge van Keulen imposed General Order 56 ("G.O. 56) on the case, in her initial scheduling order. Plaintiff and the Hudson Defendants entered into a Consent Decree for Injunctive Relief only, which was approved by this Court on June 8, 2018. The parties stipulated to continue G.O. 56 deadlines, and

2

the Court granted a stipulation on August 10, 2018, which extended G.O. 56 deadlines and allowed the parties to conduct limited discovery. Judge van Keulen initially set a mediation deadline of March 31, 2020. That date has been continued that date to June 30, 2020. Trial has been set for June 7, 2021.

D. PG&E and its sole owner, PG&E Corporation (collectively, the "Debtors" ) commenced these chapter 11 cases by voluntary petitions filed January 29, 2019, (the "Petition Date") in the United States Bankruptcy Court for the Northern District of California (the "Court").

E. On September 9, 2019, Plaintiff filed a Proof of Claim in the US Bankruptcy Court seeking $3,000,000. The Hudson Defendants filed a timely Proof of Claim seeking unliquidated damages from PG&E. Plaintiff has never made a settlement demand to any of the defendants.

F. On June 20, 2020, the Court entered an order (the "Confirmation Order") [Dkt No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (the "Plan").

G. The Plan became effective on July 1, 2020, whereupon the Debtors were reorganized, revested with their property and discharged from their debts, all as provided in the Plan and the Confirmation Order, and as thus reorganized became and now are the "Reorganized Debtors".

H. Section 10.6 of the Plan and paragraph 52 of the Confirmation Order provide an injunction t(the "Plan Injunction") that, except as otherwise permitted under the Plan or Confirmation Order, prohibits any party from "commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding" to, among other things, recover on claims against either of the Reorganized Debtors that arose before the Petition Date.

I. The Parties have agreed to participate in a mediation (the "Mediation").

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective immediately upon entry of an order by the Court approving it, notwithstanding the stay provided by Bankruptcy Rule 4001(a)(3).

3

2.   To the extent that the automatic stay or Plan Injunction applies to the Mediation, or the participation by the Parties in the Mediation or any continuation thereof, the automatic stay and Plan Injunction are modified to permit the Mediation and the continued participation by Parties therein.

3.   In the event that the Mediation results in a settlement of all claims in the Lawsuit, the Utility shall (if necessary) file and set for hearing a motion to approve the settlement at the earliest reasonable date consistent with the Court's calendar for motions in the Case.

4.   Except as other expressly provided herein, the automatic stay and Plan Injunction shall remain fully effective with regard to the Lawsuit or the assertion of any claims against the Utility.

5.   This Stipulation is without prejudice to any aspect of the underlying Lawsuit, and nothing herein is intended to, nor shall it be construed to be, a waiver by any of the Parties of any claims, defenses, or arguments with respect to the same.

6.   In the event that the terms of this Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7.   This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8.   The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or the Order approving it.

Dated: July 30, 2020

BINDER & MALTER LLP

/s/ *Robert G. Harris*
Robert G. Harris

ROPERS MAJESKI PC

By: _____
David M. McLaughlin

Attorneys for HUDSON SKYPORT PLAZA, LLC,
HUDSON SKYPORT PLAZA LAND, LLC,

4

|   |   |   |
|---|---|---|
| 1 | | HUDSON PACIFIC PROPERTIES, INC., HUDSON PACIFIC PROPERTIES, L.P. |
| 2 | | |
| 3 | Dated: July 29, 2020 | ANDREWS LAGASSE BRANCH + BELL LLP |
| 4 | | |
| 5 | | By: /s/ |
| 6 | | David J. Gibson<br>Attorneys for SKYPORT PLAZA OWNERS ASSOCIATION |
| 7 | | |
| 8 | Dated: July 30, 2020 | WEIL GOTSHAL & MANGES, LLP<br>KELLER BENVENUTTI KIM LLP |
| 9 | | |
| 10 | | By: /s/ Peter J. Benvenutti |
| 11 | | Peter J. Benvenutti |
| 12 | | Attorneys for Reorganized Debtor<br>PACIFIC GAS AND ELECTRIC COMPANY |
| 13 | | |
| 14 | | |
| 15 | Dated: July 30, 2020 | DERBY McGUINNESS & GOLDSMITH LLP |
| 16 | | |
| 17 | | By: |
| 18 | | Anthony Goldsmith<br>Attorneys for Cristina Mendoza |