WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AND THE COURT'S ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS FOR AUTHORITY TO RETAIN AND EMPLOY PILLSBURY WINTHROP SHAW PITTMAN LLP AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Date: August 25, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic or Video Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: August 18, 2020, 4:00 p.m. (PDT) |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Pillsbury Winthrop Shaw Pittman LLP ("**Pillsbury**" or the "**Firm**") as special counsel for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of Pillsbury as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined below), which Pillsbury has performed for the Debtors prior to and during these Chapter 11 Cases in accordance with Pillsbury's existing agreed-upon hourly rates in effect when services are rendered and Pillsbury's existing reimbursement policies applicable to the Debtors.

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. Pillsbury served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Jacob R. Sorensen, On Behalf of Pillsbury Winthrop Shaw Pittman* (the "**Prior Sorensen Declaration**"), annexed as Exhibit A-51 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130].

Because the services the Debtors have asked Pillsbury to perform in connection with the Specific Matters have exceeded the caps set forth in the OCP Order, the Debtors seek approval of Pillsbury as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order. Pillsbury has been paid and will be paid its compensation pursuant to the terms of the OCP Order for all

fees and expenses incurred through May 31, 2020. Pillsbury intends to apply for all compensation and reimbursement of expenses for the period beginning June 1, 2020 through the procedures approved by the Court in the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Docket No. 701] (the "**Interim Compensation Procedures Order**").

On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252]. This retention application relates solely to Pillsbury's post-petition services performed prior to the effective date of the Plan that exceed the Annual Cap (as defined in the OCP Order), for which Pillsbury is not eligible to be compensated under the OCP Order. After the Debtors became aware that Pillsbury would exceed the Annual Cap, counsel for the Debtors approached the Office of the United States Trustee to request that the Annual Cap be lifted for Pillsbury, given that the Plan had already gone effective. The guidance received from the U.S. Trustee was that Pillsbury should file the appropriate applications for retention and compensation.

In support of this Application, the Debtors submit the Declaration of Jacob R. Sorensen, a partner of the Firm (the "**Sorensen Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and General Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith, and incorporate by reference the Prior Sorensen Declaration (as supplemented by the Sorensen Declaration). A proposed form of order approving the retention and employment of Pillsbury is annexed hereto as **Exhibit A** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pillsbury Winthrop Shaw Pittman LLP currently represents and/or advises PG&E in (i) transactional matters relating to PG&E's relocation of its headquarters to Oakland, California (the "**Oakland Office Project**"); (ii) transactional matters relating to local energy generation in connection with mitigation of Public Safety Power Shutoff or PSPS events (the "**Energy Supply Advice**"); (iii) nuclear regulatory advice (the "**Nuclear Work**"); (iv) environmental enforcement defense and compliance advice (the "**Environmental Advice**"); and (v) general pre-litigation advice and strategy (the "**Litigation Advice**") (together, (i) through (v), the "**Specific Matters**"). The Specific Matters are described in more detail below.

Although Pillsbury was approved and has been serving as an Ordinary Course Professional in the Chapter 11 Cases, recent developments—particularly in connection with increasing attention required to facilitate the Oakland Office Project and provide the Energy Supply Advice—have compelled Pillsbury to dedicate significantly more time to its representation of the Debtors, thus increasing Pillsbury's fees beyond the maximum allowable under the OCP Order.

As discussed below, Pillsbury's continued representation of PG&E in these matters, and specifically regarding its work on the Oakland Office Project and the provision of Energy Supply Advice, is the most efficient and cost-effective path for the Debtors. For these reasons, the Debtors request that the Court grant this Application to retain Pillsbury as special counsel.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND ON PG&E MATTERS WHERE PILLSBURY IS COUNSEL

Pillsbury has represented and continues to represent PG&E in the Specific Matters, as further discussed below.

### A. The Oakland Office Project

Pillsbury advised PG&E on the move of its headquarters from San Francisco to Oakland. Since the early 2000s, PG&E had been considering alternatives to its San Francisco headquarters and, in 2018, the Debtors engaged a property developer (TMG Partners R.E., LLC or "TMG") and a real estate company to assist in evaluating its options. Throughout the process, PG&E had been focused on finding a new headquarters that would allow it to consolidate its various Bay Area locations, improve employees' workspace, and increase collaboration and productivity. In 2019, PG&E briefly considered redeveloping and consolidating its operations into one of its San Francisco locations, but this option presented significant shortcomings.

Instead, in late 2019, PG&E found a replacement location in Oakland that could house all its employees. PG&E's board of directors approved a plan wherein TMG would acquire the Oakland property and enter a long-term lease with PG&E with an option for PG&E to acquire the property in 2023. TMG was then selected as the buyer of the property and entered a Lease and Purchase Option Agreement with PG&E in June 2020. This agreement was contingent on the Bankruptcy Court's approval. This process culminated in the filing of the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 363 and 105(A) for an Order Authorizing the Utility to (I) Enter Into Lease and Purchase Option Agreement for Oakland Headquarters and (II) Granting Related Relief* [Dkt. No. 7852], and the Court entering the *Order Granting Motion of the Debtors Pursuant to 11 U.S.C. §§ 363 and 105(a) for an Order Authorizing the Utility to (I) Enter Into Lease and Purchase Option Agreement for Oakland Headquarters and (II) Granting Related Relief* [Dkt. No. 8103] approving the transaction.

### B. Energy Supply Advice

In December 2019 Pillsbury was engaged to represent PG&E in connection with the System Reliability Request for Offers in the initial phase to procure energy resources to provide Distributed Generation Microgrid Services ("**DGEMS**"). PG&E was seeking DGEMS in order to create islanded microgrids, with integrated storage, at up to 20 substation sites to mitigate the effects of public safety power shutoff events, which procurement would qualify towards minimum procurement required under the California Public Utilities Commission ("**CPUC**") Decision D. 19-11-016. PG&E suspended the Request for Offers in early March 2020.

In late March 2020, PG&E identified the 44MW natural gas fired Red Bluff Power Plant (the "**Plant**") as capable of being upgraded to provide islanded microgrid services during PSPS events and engaged Pillsbury for assistance. By creating a microgrid in Red Bluff, CA, PG&E will be able to keep the lights on in Tehama County, California if they need to de-energize transmission lines to two substations (Rawson and Tyler). The Plant is ideally suited to provide microgrid islanding services for several reasons and is owned by a third party. Pillsbury advised PG&E on the contractual structure pursuant to which the Plant would be upgraded to enable it to provide DGEMS and PG&E would purchase the power generated by the plant when operating during PSPS events. Final documentation was executed on May 7, 2020 and CPUC approval was secured on June 11, 2020. Pillsbury continues to advise on issues as they arise during the implementation of the upgrades at the Plant.

### C. Nuclear Work

Pillsbury has advised PG&E regarding the compliance of aspects of the Plan of Reorganization with Nuclear Regulatory Commission ("**NRC**") requirements. Pillsbury has also been advising on strategic planning relating to the decommissioning of the Diablo Canyon nuclear power plant. In addition, Pillsbury has provided advice on other nuclear regulatory issues that have arisen from time to time, such as the effect of the COVID-19 virus on NRC-regulated activities, and compliance with NRC requirements pertaining to the nuclear decommissioning trust for the Diablo Canyon nuclear plant.

### D. Environmental Advice

Pillsbury has been advising PG&E for a number of years with respect to enforcement defense and compliance with federal, state and local environmental, health and safety requirements, including more recently on compliance with California's greenhouse gas regulations, and on air quality compliance and permitting issues associated with provision of emergency power to the grid during Public Power Safety Shutoffs ("**PSPS**").

### E. Litigation Advice

Pillsbury has provided advice and counseling relating to various contract disputes or potential disputes with one of the company's vendors.

## IV. SCOPE OF SERVICES

By this Application, the Debtors seek to engage Pillsbury as special counsel to provide professional services in connection with the Specific Matters. As noted above, the Specific Matters consist primarily of advising and/or representing the Debtors regarding (1) the Oakland Office Project; (2) the Energy Supply Advice; (3) the Nuclear Work; (4) the Environmental Advice; and (5) the Litigation Advice.

As to the Oakland Office Project, Pillsbury's representation of PG&E includes, but is not limited to, counseling PG&E on its recent headquarters move from San Francisco to Oakland.

With respect to the Energy Supply Advice, Pillsbury's representation includes, but is not limited to, representing PG&E in the procurement process to obtain energy resources and advising PG&E on the contractual structure related to the Red Bluff Power Plant.

Regarding the Nuclear Work, Pillsbury's representation of PG&E includes, but is not limited to, strategic planning related to the decommissioning of the Diablo Canyon nuclear power plant and ensuring compliance with NRC requirements.

With respect to the Environmental Advice, Pillsbury's work includes, but is not limited to, guiding PG&E on matters relating to federal, state, and local environmental requirements and ensuring PG&E's compliance with greenhouse gas and air quality regulations.

Finally, regarding the Litigation Advice, Pillsbury's mandate involves the provision of advice concerning various contract disputes.

Pillsbury also will perform all other necessary legal services in connection with the matters described above, and also assist, as requested, with matters related to these services as they may affect the Chapter 11 Cases.

Pillsbury has and will continue to work closely with Weil, Gotshal, & Manges LLP, Cravath, Swaine & Moore LLP, and Keller & Benvenutti LLP and PG&E's other professionals to maximize efficiency and avoid any duplication of effort.

## V. PILLSBURY'S QUALIFICATIONS

The Specific Matters for which Pillsbury's retention is sought hereunder as special counsel are expected to be substantially the same as those performed under the OCP Order; however, the scope of

such services is expected to increase in connection with the Chapter 11 Cases, necessitating the filing of the Application.

Pillsbury's real estate attorneys are highly skilled and experienced in all aspects of real estate law including acquisitions, development projects, and financing. The Firm advises companies across the United States and globally on real estate matters ranging from multijurisdictional portfolio transactions to single-asset deals in local markets.

Pillsbury also has extensive history in the energy industry. Pillsbury has a long record of advising clients on the unique issues related to oil and gas and power companies. In particular, Pillsbury has one of the largest and most preeminent nuclear energy practices in the legal industry. Pillsbury has worked on large-scale energy projects in more than seventy-five countries on six continents.

Moreover, Pillsbury's environmental regulatory practice is experienced in guiding clients through complex environmental law and compliance matters. The Firm's top-notch environmental regulatory attorneys appear for clients before regulatory agencies and advocate for clients on legislation, regulation, and policy.

Lastly, Pillsbury is well qualified with respect to litigation matters in general and with litigation involving contract disputes in particular. Pillsbury has a long history of success in representing many of the nation's leading energy companies in litigation and regulatory matters. Pillsbury's commercial litigation lawyers are known for combining their deep understanding of the energy industry and with their litigation skills and have earned a national reputation for successful advocacy in litigation matters.

Further, as noted above, Pillsbury already has extensive experience advising and representing the Debtors on the various pending litigation matters. In addition, prior to the Petition Date, Pillsbury represented the Debtors in several matters, acquiring considerable knowledge of Debtors' business and operations. Accordingly, Pillsbury is both well qualified and uniquely able to represent the Debtors in the Chapter 11 Cases with respect to the Specific Matters.

## VI. COORDINATION WITH OTHER PROFESSIONALS

Pillsbury is aware that the Debtors have retained other law firms in connection with the Chapter 11 Cases, including in connection with various civil litigation matters. Pillsbury has coordinated

closely with the Debtors and their other retained professionals to delineate the scope of services and avoid duplication of services wherever reasonably possible.

## VII. NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

As set forth in the Sorensen Declaration, incorporated herein by reference, Pillsbury has disclosed any representations of parties adverse to the Debtors that Pillsbury has been able to determine as of the time of filing this Application. In reliance on the Sorensen Declaration, the Debtors believe that Pillsbury does not represent or hold an interest adverse to the Debtors or their estates with respect to the Specific Matters. The Debtors believe that Pillsbury's employment as special counsel with respect to the Specific Matters is in the best interests of their estates and, accordingly, that Pillsbury's retention pursuant hereto is appropriate pursuant to section 327(e) of the Bankruptcy Code.

## VIII. PROFESSIONAL COMPENSATION

Prior to the filing of this Application, Pillsbury was compensated pursuant to the OCP Order. Pursuant to the OCP Order, between the Petition Date and the date hereof, Pillsbury has been paid in the amount of $902,250.99 on account of its post-petition fees and expenses. Currently, Pillsbury is owed approximately $1,320,996.14 in fees and expenses on account of its post-petition services as an ordinary course professional for the Debtors for the months of July 2019 through June 2020. This Application seeks approval of Pillsbury as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order.

On October 15, 2019, Pillsbury filed a proof of claim related a pre-petition claim held against PG&E in the amount of $9,527.98. That claim, which is identified as Claim No. 55145 on the official register of claims in these cases, was transferred to Fair Harbor Capital, LLC, on January 13, 2020. *See Notice of Transfer of Claim Other Than For Security* [Docket No. 5355].

In accordance with the OCP Order, following entry of the order approving the Application (or, in accordance with the OCP Order, for any prior period to the extent Pillsbury's fees and expenses will exceed the applicable caps set forth in the OCP Order), Pillsbury will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the OCP Order, and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the foregoing dates. Pillsbury will seek allowance of its fees and reimbursement of its expenses for all fees and expenses for the period of June 1, 2020 through July 1, 2020.

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Pillsbury for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Sorensen Declaration, and to reimburse Pillsbury according to its customary reimbursement policies. The Debtors respectfully submit that Pillsbury's rates and policies stated in the Sorensen Declaration are reasonable, particularly given the nature of these Chapter 11 Cases.

## IX. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 5, 2020

Respectfully submitted,

By: /s/ Janet Loduca

Name: Janet Loduca
Title: Senior Vice President and General Counsel

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119