1   WEIL, GOTSHAL & MANGES LLP
    Stephen Karotkin (*pro hac vice*)
2   (stephen.karotkin@weil.com)
    Ray C. Schrock, P.C. (*pro hac vice*)
3   (ray.schrock@weil.com)
    Jessica Liou (*pro hac vice*)
4   (jessica.liou@weil.com)
    Matthew Goren (*pro hac vice*)
5   (matthew.goren@weil.com)
    767 Fifth Avenue
6   New York, NY 10153-0119
    Tel: 212 310 8000
7   Fax: 212 310 8007

8   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
9   (tkeller@kbkllp.com)
    Jane Kim (#298192)
10  (jkim@kbkllp.com)
    650 California Street, Suite 1900
11  San Francisco, CA 94108
    Tel: 415 496 6723
12  Fax: 650 636 9251

13  *Attorneys for Debtors*
    *and Reorganized Debtors*

14

15                  **UNITED STATES BANKRUPTCY COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
16                      **SAN FRANCISCO DIVISION**

17  In re:                                    Bankruptcy Case No. 19-30088 (DM)
                                              Chapter 11 (Lead Case) (Jointly Administered)
18  PG&E CORPORATION,
                                              **APPLICATION OF DEBTORS PURSUANT TO 11**
19          - and -                           **U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a)**
                                              **AND 2016 AND THE COURT'S ORDER**
20  PACIFIC GAS AND ELECTRIC                  **AUTHORIZING THE DEBTORS TO EMPLOY**
    COMPANY,                                  **PROFESSIONALS USED IN THE ORDINARY**
21                                            **COURSE OF BUSINESS FOR AUTHORITY TO**
    Debtors.                                  **RETAIN AND EMPLOY CLARENCE DYER &**
22                                            **COHEN LLP AS SPECIAL COUNSEL FOR THE**
                                              **DEBTORS EFFECTIVE AS OF THE PETITION**
23  ☐ Affects PG&E Corporation                **DATE**
    ☐ Affects Pacific Gas and Electric
24  Company                                   Date:   August 25, 2020
    ☒ Affects both Debtors                    Time:   10:00 a.m. (Pacific Time)
25                                            Place:  (Telephonic or Video Appearances Only)
    * *All papers shall be filed in the Lead*         United States Bankruptcy Court
26  *Case, No. 19-30088 (DM).*                        Courtroom 17, 16th Floor
                                                      San Francisco, CA 94102
27
                                              Objection Deadline: August 18, 2020, 4:00 p.m. (PDT)
28

---

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Application (the "**Application**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Clarence Dyer & Cohen LLP ("**CDC**" or the "**Firm**") as special counsel for the Debtors effective as of the Petition Date (as defined below).

The Debtors request the Court approve the retention of CDC as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined below), which CDC has performed for the Debtors prior to and during these Chapter 11 Cases in accordance with CDC's existing agreed-upon hourly rates in effect when services are rendered and CDC's existing reimbursement policies applicable to the Debtors.

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. CDC served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Kate Dyer, On Behalf of Clarence Dyer & Cohen LLP* (the "**Prior Dyer Declaration**"), annexed as Exhibit A-1 to the *Notice of Filing of List of Additional Ordinary Course Professionals* [Dkt. No 2509].

Because the services the Debtors have asked CDC to perform in connection with the Specific Matters have exceeded the caps set forth in the OCP Order, the Debtors seek approval of CDC as special counsel in connection with the Specific Matters pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by paragraph 2(ix) of the OCP Order. CDC has been paid and will be paid its compensation pursuant to the terms of the OCP Order for all fees and expenses incurred through January 31, 2020. CDC intends to apply for all compensation and reimbursement of

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1    expenses for the period beginning February 1, 2020 through the procedures approved by the Court in the

2    *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish*

3    *Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on

4    February 27, 2019 [Docket No. 701] (the "**Interim Compensation Procedures Order**").

5          On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**")

6    confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated*

7    *June 19, 2020* [Docket No. 8048] (the "**Plan**"). The Plan became effective on July 1, 2020 [Docket

8    No. 8252]. This retention application relates solely to CDC's post-petition services performed prior to

9    the effective date of the Plan that exceed the Annual Cap (as defined in the OCP Order), for which CDC

10    is not eligible to be compensated under the OCP Order. After the Debtors became aware that CDC

11    would exceed the Annual Cap, counsel for the Debtors approached the Office of the United States

12    Trustee to request that the Annual Cap be lifted for CDC, given that the Plan had already gone effective.

13    The guidance received from the U.S. Trustee was that CDC should file the appropriate applications for

14    retention and compensation.

15          In support of this Application, the Debtors submit the Declaration of Kate Dyer, a partner of the

16    Firm (the "**Dyer Declaration**"), and the Declaration of Janet Loduca, Senior Vice President and General

17    Counsel of PG&E Corp. (the "**Loduca Declaration**"), each of which is filed concurrently herewith, and

18    incorporate by reference the Prior Dyer Declaration (as supplemented by the Dyer Declaration). A

19    proposed form of order approving the retention and employment of CDC is annexed hereto as **Exhibit A**

20    (the "**Proposed Order**").

21

22

23

24

25

26

27

28

Case: 19-30088    Doc# 8679    Filed: 08/05/20    Entered: 08/05/20 18:28:44    Page 3 of 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Clarence Dyer & Cohen LLP currently represents and/or advises PG&E in (i) the pre-petition Ghost Ship fire litigation pending in state court (the "**Ghost Ship Case**"); (ii) the pre-petition matter pending in federal court arising out of the imposition of a five-year term of probation and federal monitorship in January 2017 (the "**Federal Probation and Monitorship**" matter); and (iii) several other litigation and pre-litigation matters (together, (i) through (iii), the "**Specific Matters**"). The Specific Matters are described in more detail below.

Although CDC was approved and has been serving as an Ordinary Course Professional in the Chapter 11 Cases, recent developments—particularly in connection with increasing attention to the Ghost Ship Case and the Federal Probation and Monitorship—have compelled CDC to dedicate significantly more time to its representation of the Debtors, thus increasing CDC's fees beyond the maximum allowable under the OCP Order.

As discussed below, CDC's continued representation of PG&E in these matters, and specifically regarding its work on the Ghost Ship Case and the Federal Probation and Monitorship, was the most efficient and cost-effective path for the Debtors. For these reasons, the Debtors request that the Court grant this Application to retain CDC as special counsel.

## II. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND ON PG&E MATTERS WHERE CDC IS COUNSEL

CDC has represented and continues to represent PG&E in the Specific Matters, as further discussed below.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## A.     The Ghost Ship Case

Following a tragic warehouse fire in Oakland in December 2016, families of fire victims, as well as survivors, filed suits in Alameda County Superior Court.  Pacific Gas and Electric Company and PG&E Corporation were named as defendants in the Master Complaint filed on May 16, 2017, alleging causes of action for negligence, premises liability, strict liability and nuisance.  Fifty-three lawsuits are pending, involving 78 plaintiffs, which have been related and are proceeding as *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases) (Alameda County Superior Court).  CDC has represented PG&E in this matter since the case was filed.

The Ghost Ship Case was stayed as to PG&E upon PG&E's filing of these Chapter 11 cases on January 29, 2019.  On November 26, 2019, the Plaintiffs' Executive Committee appointed by the Alameda Superior Court in the Ghost Ship Case filed a motion before this Court for relief from the automatic stay.  [*See* Docket No. 4875.]  A hearing on the motion was held on December 17, 2019.  On January 6, 2020, the Court entered the *Order Re: Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with the Ghost Ship Fire Cases* [Docket No. 5280].

Following the lifting of the stay, the Alameda County Superior Court set a trial date of October 19, 2020 in the Ghost Ship Case, and discovery and pretrial matters proceeded.  On July 1, 2020, the Court moved the trial to February 1, 2021 in light of the parties' progress toward resolution and the pandemic's impact on jury trial calendaring.

## B.     Federal Probation and Monitorship

On April 1, 2014, Pacific Gas and Electric Company was indicted in the Northern District of California on multiple counts alleging violation of federal pipeline safety regulations.  After conviction on six of twelve counts in 2016, PG&E was sentenced to a five-year term of probation and a federal monitorship in January 2017.  PG&E's probation and monitorship will continue through January 2022 and are being actively managed by United States District Court Judge William H. Alsup.  CDC has represented PG&E in this matter since April 2015.

Case: 19-30088    Doc# 8679    Filed: 08/05/20    Entered: 08/05/20 18:28:44    Page 5 of
10

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## C. Other Matters

Since October 2017, CDC has represented and advised PG&E in connection with certain potential and actual criminal investigations relating to a series of fires that occurred in Northern California in the fall of 2017 and the November 2018 Camp Fire. With PG&E's guilty plea and sentencing in Butte County in June 2020, these matters have concluded. In addition, since December 2019, CDC has been advising PG&E in connection with issues and litigation arising out of pre-petition wrongful termination and retaliation claims made by five former PG&E employees.[1] CDC also represents PG&E in a post-petition action brought on November 20, 2019 for negligence and breach of contract arising out an alleged reduction in gas service volume. *New Leaf Family Farms, Inc. v. Pac. Gas & Elec. Co., Monterey County Superior Court Case No. 19-CV-004685*. Finally, CDC is advising PG&E in connection with an April 2019 electric incident in Solano County and a May 2020 low-pressure gas leak in San Joaquin County.

## IV. SCOPE OF SERVICES

By this Application, the Debtors seek to engage CDC as special counsel to provide professional services in connection with the Specific Matters. As noted above, the Specific Matters consist primarily of advising and/or representing the Debtors regarding (1) the Ghost Ship Case; (2) the Federal Probation and Monitorship; and (3) the Other Matters.

As to the Ghost Ship Case, CDC's representation of PG&E has included, without limitation, overall case management, development of legal strategy, conducting and responding to discovery, appearing and participating at hearings, drafting and responding to motions and briefs, working with experts and consultants, preparing PG&E's case for trial, and participating in potential settlement efforts.

As to the Federal Probation and Monitorship, CDC's representation of PG&E has included, without limitation, drafting sections of responses to multiple orders from Judge Alsup and coordinating

---

[1] On November 20, 2019, one of these former employees, Todd Hearn, filed before this Court a motion for relief from stay (Dkt. 4820), which motion the Court granted on February 25, 2020 (Dkt. 5893). On April 9, 2020, PG&E and the other four former employees filed a stipulation for limited relief from the automatic stay (Dkt. 6722), which the Court approved on May 6, 2020 (Dkt. 7083). Mr. Hearn filed a lawsuit on June 1, 2020 alleging wrongful termination and retaliation. *Todd Hearn v. Pacific Gas and Electric Company, Napa County Superior Court Case No. 20-CV-000391*.

6

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1   with co-counsel regarding sections of responses drafted by co-counsel; preparing for and participating

2   in probation hearings; attending interviews conducted by the federal monitor and reviewing related

3   documents; preparing and reviewing detailed responses to requests for information from the federal

4   monitor; conducting legal research related to various probation and monitorship issues; and counseling

5   the company in relation to ongoing issues that impact the terms of probation, including ongoing

6   investigations into various wildfires.

7   As to the Other Matters, CDC's representation of PG&E with regard to the wildfire investigations

8   has included, without limitation, advising and representing PG&E in connection with potential or actual

9   criminal investigations and prosecutions, communicating and negotiating with the California Attorney

10  General and certain state District Attorney offices, coordinating with counsel representing PG&E in civil

11  and regulatory actions regarding the potential impact of those proceedings on the criminal investigations

12  and vice-versa. CDC's representation in the remaining matters has included, without limitation, factual

13  analysis, development of legal strategy, conducting and responding to discovery, appearing and

14  participating at hearings, preparing for trial, participating in potential settlement efforts and providing

15  advice and counsel.

16  CDC has also performed all other necessary legal services in connection with the matters

17  described above, and has also assisted, as requested, with matters related to these services as they may

18  affect the Chapter 11 Cases.

19  CDC has and continued to work closely with Weil, Gotshal, & Manges LLP, Cravath, Swaine &

20  Moore LLP, and Keller Benvenutti Kim LLP and PG&E's other professionals to maximize efficiency

21  and avoid any duplication of effort.

22  **V.   CDC'S QUALIFICATIONS**

23  The Specific Matters for which CDC's retention is sought hereunder as special counsel are

24  substantially the same as those performed under the OCP Order; however, the scope of such services has

25  increased in connection with the Chapter 11 Cases, necessitating the filing of the Application.

26  CDC is exceptionally qualified with respect to litigation matters in general and with litigation

27  involving the Debtors in particular.  CDC is a premier Bay Area litigation firm with decades of

28  experience providing aggressive, cost-effective representation to companies and individuals in complex

7

criminal and civil matters. CDC specializes in cases where its clients face parallel criminal, regulatory and civil proceedings and delivers top-quality legal services in the responsive environment of a small law firm. CDC's attorneys have represented both institutional and individual clients under investigation by federal, state and local authorities across the United States and CDC has defended companies and individuals in a wide array of state and federal civil actions ranging from mass tort to wrongful termination to breach of contract matters. In addition, CDC has significant experience conducting internal investigations for clients ranging from Fortune 200 corporations to small, family-owned businesses.

Further, as noted above, CDC already has extensive experience advising and representing the Debtors on the various pending litigation matters. In addition, prior to the Petition Date, CDC represented the Debtors in several matters, acquiring considerable knowledge of Debtors' business and operations. Accordingly, CDC is both well qualified and uniquely able to represent the Debtors in the Chapter 11 Cases with respect to the Specific Matters.

## VI. COORDINATION WITH OTHER PROFESSIONALS

CDC is aware that the Debtors have retained other law firms in connection with the Chapter 11 Cases, including in connection with various civil litigation matters. CDC has coordinated closely with the Debtors and their other retained professionals to delineate the scope of services and avoid duplication of services wherever reasonably possible.

## VII. NO ADVERSE INTEREST WITH RESPECT TO THE SPECIFIC MATTERS

As set forth in the Dyer Declaration, incorporated herein by reference, CDC has disclosed any representations of parties adverse to the Debtors that CDC has been able to determine as of the time of filing this Application. In reliance on the Dyer Declaration, the Debtors believe that CDC does not represent or hold an interest adverse to the Debtors or their estates with respect to the Specific Matters. The Debtors believe that CDC's employment as special counsel with respect to the Specific Matters is in the best interests of their estates and, accordingly, that CDC's retention pursuant hereto is appropriate pursuant to section 327(e) of the Bankruptcy Code.

## VIII. PROFESSIONAL COMPENSATION

Prior to the filing of this Application, CDC was compensated pursuant to the OCP Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

8

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1  Pursuant to the OCP Order, between the Petition Date and the date hereof, CDC has been paid in the

2  amount of $1,049.494.10 on account of its post-petition fees and expenses. Currently, CDC is owed

3  approximately $980,007.69 in fees and expenses on account of its post-petition services as an ordinary

4  course professional for the Debtors for the period of February 1, 2020 through July 1, 2020. This

5  Application seeks approval of CDC as special counsel in connection with the Specific Matters pursuant

6  to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, as contemplated by

7  paragraph 2(ix) of the OCP Order.

8          On October 7, 2019, CDC filed a proof of claim related a pre-petition claim held against the

9  Utility in the amount of $121,007.00.

10          In accordance with the OCP Order, following entry of the order approving the Application (or,

11  in accordance with the OCP Order, for any prior period to the extent CDC's fees and expenses will

12  exceed the applicable caps set forth in the OCP Order), CDC will apply to the Court for allowances of

13  compensation and reimbursement of expenses in accordance with the applicable provisions of the

14  Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy*

15  *Court Northern District of California Guidelines for Compensation and Expense Reimbursement of*

16  *Professionals and Trustees,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee*

17  *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

18  *under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S.**

19  **Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the OCP Order,

20  and any further Orders of the Court (the "**Orders**") for all professional services performed and expenses

21  incurred after the foregoing dates. CDC will seek allowance of its fees and reimbursement of its

22  expenses for all fees and expenses for the period beginning February 1, 2020.

23          Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local

24  Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate CDC for services rendered

25  at its customary hourly rates that are in effect from time to time, as set forth in the Sorensen Declaration,

26  and to reimburse CDC according to its customary reimbursement policies. The Debtors respectfully

27  submit that CDC's rates and policies stated in the Dyer Declaration are reasonable, particularly given

28  the nature of these Chapter 11 Cases.

9

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IX. NOTICE

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) granting the relief requested herein as a sound exercise of the Debtors' business judgment and in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: August 5, 2020

Respectfully submitted,

By: _/s/ Janet Loduca_

Name: Janet Loduca
Title: Senior Vice President and General Counsel

10