WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS PURSUANT TO B.L.R. 9006-1 REQUESTING ORDER SHORTENING TIME FOR HEARING TO CONSIDER APPLICATIONS OF DEBTORS TO RETAIN AND EMPLOY PILLSBURY WINTHROP SHAW PITTMAN LLP AND CLARENCE DYER & COHEN LLP PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AND THE ORDER AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**<br><br>Related Documents: 8676 and 8679<br><br>[No hearing requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion to Shorten**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for entry of an order shortening time for a hearing on August 25, 2020, at 10:00 a.m. (Prevailing Pacific Time), to consider the *Application of Debtors Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 and the Court's Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Pillsbury Winthrop Shaw Pittman LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 8676] and the *Application of Debtors Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a) and 2016 and the Court's Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Clarence Dyer & Cohen LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 8679] (together, the "**Applications**"). Through the Applications, the Debtors request that the Court approve the retention of Pillsbury Winthrop Shaw Pittman LLP ("**Pillsbury**") and Clarence Dyer & Cohen LLP ("**CDC**," together with Pillsbury, the "**Applicants**") as the Debtors' special counsel, pursuant to section 327(e) of the Bankruptcy Code, to perform the Specific Matters (as defined in each Applicant's Application), which the Applicants have performed for the Debtors prior to and during these Chapter 11 Cases.

The Debtors request that any responses or objections be in writing and filed with the Court and served on counsel for the Debtors so as to be received no later than 4:00 p.m. (Pacific Time) on August 18, 2020.

In support of this Motion to Shorten, the Debtors submit the Declaration of Thomas B. Rupp (the "**Rupp Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252].

## III. THE RETENTION APPLICATIONS

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the

terms of the OCP Order. Both Applicants served as counsel to the Debtors prior to the Petition Date and have continued to serve in such capacity pursuant to the OCP Order.

The Applications relate solely to the post-petition services performed by the Applicants prior to the effective date of the Plan that exceed the Annual Cap (as defined in the OCP Order), for which the Applicants are not eligible to be compensated under the OCP Order. After the Debtors became aware that the Applicants would exceed the Annual Cap, counsel for the Debtors approached the Office of the United States Trustee to request that the Annual Cap be lifted for the Applicants, as the Plan had already gone effective. The guidance received from the U.S. Trustee was that the Applicants should file the appropriate applications for retention and compensation.

### IV. SHORTENING TIME FOR HEARING ON THE APPLICATIONS IS WARRANTED

Pursuant to Bankruptcy Local Rule 9014-1(b)(3)(A), a hearing on a motion requires twenty-one (21) days' notice of an opportunity for a hearing. Bankruptcy Local Rule 9006-1(a) provides that, except as set forth therein, "approval of the Court is required to enlarge or to shorten time to perform any act or file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules." B.L.R. 9006-1(a).

The Applicants have worked diligently to prepare their Applications as quickly as possible, however they were unable to be finalized until the date of this filing. The Applicants need to be retained under section 327(e) so they may seek compensation for services and reimbursement of expenses in excess of the Annual Cap. The Debtors request that these retentions be approved prior to August 31, 2020, so the Applicants may file monthly fee statements and submit their final fee applications by the August 31, 2020 deadline set by the Plan. The Debtors submit that allowing the Applicants to file their final fee applications at the same time as the rest of the estate's professionals will promote the orderly review of professional fees and allow for the efficient administration of these Chapter 11 Cases. Furthermore, the Debtors believe that having the Applications set to be heard at a previously-set omnibus hearing, rather than requesting a separate date prior to August 31, 2020, would promote the efficient use of judicial resources.

Based on the foregoing, the Debtors request that notice be shortened by one day to

permit the Applications to be heard at the previously scheduled omnibus hearing on August 25, 2020, at 10:00 a.m. (Prevailing Pacific Time). The Debtors request that any responses or objections be in writing and filed with the Court and served on counsel for the Debtors so as to be received no later than 4:00 p.m. (Pacific Time) on August 18, 2020. As discussed in the Rupp Declaration, counsel for the Debtors contacted counsel for the United States Trustee, the Official Committee of Unsecured Creditors, and the Official Committee of Tort Claimants, and received no opposition to this request to shorten time.

V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Creditors Committee; (iii) counsel to Tort Claimants Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor in possession financing facility; and (xii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 5, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**
/s/ *Thomas B. Rupp*
       Thomas B. Rupp

*Attorneys for Debtors and Reorganized Debtors*