

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Ray C. Schrock, P.C. (*pro hac vice*)<br>(ray.schrock@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | Signed and Filed: August 5, 2020<br><br>*[signature]*<br>_____<br>**DENNIS MONTALI**<br>U.S. Bankruptcy Judge |

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:     (415) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                           Debtors.<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**ORDER APPROVING STIPULATION AMONG DEBTOR PACIFIC GAS AND ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC., HUDSON PACIFIC PROPERTIES, L.P., SKYPORT PLAZA OWNER'S ASSOCIATION, AND CRISTINA MENDOZA FOR LIMITED RELIEF FROM THE AUTOMATIC STAY AND/OR PLAN INJUNCTION** |

The Court having considered the *Stipulation Among Debtor Pacific Gas and Electric Company, Hudson Skyport Plaza, LLC, Hudson Skyport Plaza Land, LLC, Hudson Pacific Properties, Inc., Hudson Pacific Properties, L.P., Skyport Plaza Owner's Association, and Cristina Mendoza for Limited Relief from the Automatic Stay and/or Plan Injunction*, dated July 30, 2020 [Dkt. No. 8664] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC. (the "**Hudson Defendants**"), HUDSON PACIFIC PROPERTIES. L.P. ("**Hudson LP**"), SKYPORT PLAZA OWNER'S ASSOCIATION ("**Skyport**") and CRISTINA MENDOZA (the "**Plaintiff**") on the other hand, and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. To the extent that the automatic stay or Plan Injunction applies to the Mediation, or the participation by the Parties in the Mediation or any continuation thereof, the automatic stay and Plan Injunction are modified to permit the Mediation and the continued participation by Parties therein.

3. In the event that the Mediation results in a settlement of all claims in the Lawsuit, the Utility shall (if necessary) file and set for hearing a motion to approve the settlement at the earliest reasonable date consistent with the Court's calendar for motions in the Chapter 11 Cases.

4. Except as other expressly provided herein, the automatic stay and Plan Injunction shall remain fully effective with regard to the Lawsuit or the assertion of any claims against the Utility.

5. The Stipulation is without prejudice to any aspect of the underlying Lawsuit, and nothing therein shall be construed to be a waiver by any of the Parties of any claims, defenses, or arguments with respect to the same.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

6. In the event that the terms of the Stipulation are not approved by the Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, the Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and shall supersede all prior agreements and understandings relating to the subject matter thereof.

8. The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

** END OF ORDER **

Dated: July 30, 2020

BINDER & MALTER LLP

*/s/ Robert G. Harris*

Robert G. Harris

*Attorneys for HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC., HUDSON PACIFIC PROPERTIES, L.P.*

Dated: July 31, 2020

ROPERS MAJESKI PC

David M. McLaughlin

*Attorneys for HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, HUDSON PACIFIC PROPERTIES, INC., HUDSON PACIFIC PROPERTIES, L.P.*

Dated: July 29, 2020

ANDREWS LAGASSE BRANCH + BELL LLP

*/s/*

David J. Gibson

*Attorneys for SKYPORT PLAZA OWNERS ASSOCIATION*

3

Dated: August 4, 2020

DERBY McGUINNESS & GOLDSMITH LLP

_____
Anthony Goldsmith

*Attorneys for Cristina Mendoza*