| | |
|---|---|
| David P. Simonds (Bar No. 214499) | Michael C. Hefter (*pro hac vice* pending) |
| Edward J. McNeilly (Bar No. 314588) | Matthew Ducharme (*pro hac vice* pending) |
| **HOGAN LOVELLS US LLP** | **HOGAN LOVELLS US LLP** |
| 1999 Avenue of the Stars, Suite 1400 | 390 Madison Avenue |
| Los Angeles, California 90067 | New York, New York 10017 |
| Telephone: (310) 785-4600 | Telephone: (212) 918-3000 |
| Facsimile: (310) 785-4601 | Facsimile: (212) 918-3100 |
| david.simonds@hoganlovells.com | michael.hefter@hoganlovells.com |
| edward.mcneilly@hoganlovells.com | matthew.ducharme@hoganlovells.com |

*Counsel to Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts that were Consenting Noteholders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Reorganized Debtors.** | **JOINDER OF PACIFIC INVESTMENT MANAGEMENT COMPANY LLC IN THE PENDING ELLIOTT MOTION AND REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | **Hearing** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Date: August 25, 2020<br>Time: 10:00 a.m. (PT)<br>Place: Telephone or Video Appearances Only<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Pacific Investment Management Company LLC ("PIMCO"), as investment adviser or manager for certain funds and accounts that were Consenting Noteholders (the "PIMCO Consenting Noteholders"), hereby submits this *Joinder in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Claim* (this "PIMCO Joinder").

As set forth in the Elliott Motion,[1] the Debtors breached their postpetition obligations under the Noteholder RSA[2] to use their best efforts to cause the Backstop Parties to transfer their rights with respect to up to $2 billion of backstop equity commitments to Consenting Noteholders. Like Elliott and the Additional RSA Noteholders (who also filed a joinder to the Elliott Motion),[3] the PIMCO Consenting Noteholders were ready, willing and able to participate in the backstop. The PIMCO Consenting Noteholders agreed to become parties to the Noteholder RSA and to support the Debtors' Plan in consideration of the Debtors' commitments thereunder. But, as described in the Elliott Motion, the Debtors failed to abide by those commitments and did not use their "best efforts" to enable the PIMCO Consenting Noteholders to participate in the backstop for the exit financing. Accordingly, Elliott, the PIMCO Consenting Noteholders and the Additional RSA Noteholders are entitled to an allowed administrative expense claim for the damages they have suffered, in the approximate amount of no less than $250 million, with the allocation of that claim and its payment to be determined by the parties or by the Court at a later date as appropriate.

In support hereof, PIMCO respectfully represents as follows:

//

---

[1] *Motion of Elliott Management Corporation For (I) Allowance and Payment of Administrative Expense Claim and (II) To The Extent Necessary, Reconsideration and Relief From The Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* [Dkt. No. 8536] (the "Elliott Motion").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Elliott Motion.

[3] On August 4, 2020, Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc., on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them (collectively, the "Additional RSA Noteholders") filed the *Joinder in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Expense Claim* [Dkt. No. 8863] (the "Additional RSA Noteholders Joinder").

## BACKGROUND

1. The PIMCO Consenting Noteholders, along with Elliott and the Additional RSA Noteholders, entered into the Noteholder RSA with the Debtors and Shareholder Proponents as of January 22, 2020. PIMCO joins in the recitation of the facts of the Elliott Motion, and adopts and incorporates by reference herein paragraphs 7 through 20 of the Elliott Motion (but with all references therein to Elliott also to include PIMCO and/or the PIMCO Consenting Noteholders, as applicable).

## DISCUSSION

2. PIMCO seeks the relief herein based on the following:

3. *First*, PIMCO joins in the arguments contained in the Elliott Motion (but with all references therein to Elliott also to include PIMCO and/or the PIMCO Consenting Noteholders, as applicable). *See* Elliott Motion ¶¶ 21-41. For the reasons set forth therein, the PIMCO Consenting Noteholders are entitled to an administrative expense claim in an amount to be determined by the Court, arising out of the Debtors' postpetition breach of its postpetition contract (i.e., the Noteholder RSA) with, among others, the PIMCO Consenting Noteholders.

4. *Second*, any allocation of the administrative expense claim as among Elliott, the PIMCO Consenting Noteholders and the Additional RSA Noteholders should be deferred until the allowance and aggregate amount of the claim has been finally resolved. PIMCO agrees with the Additional RSA Noteholders that the parties should be able to agree an appropriate allocation without requiring this Court to resolve the issue. *See* Additional RSA Noteholders Joinder ¶ 5. If this is not possible, PIMCO is, like the Additional RSA Noteholders, willing to work on streamlined procedures for the Court to adjudicate the matter.

5. *Third*, the adjudication of the administrative expense claim will affect not only the rights of Elliott, but also of the PIMCO Consenting Noteholders. Thus, PIMCO requests that it be

permitted to participate fully in any status conference, argument, evidentiary presentation, and any other hearing with respect to the Elliott Motion, the Additional RSA Noteholders' Joinder and this PIMCO Joinder. PIMCO requests that the Court direct counsel for the Debtors to include counsel for PIMCO in any scheduling or related discussions with counsel for Elliott and/or the Additonal RSA Noteholders. PIMCO also requests permission to appear and be heard at the status conference set for today, Friday, August 7, 2020 on this matter.

6. *Fourth*, if the Elliott Motion were to go forward for hearing as scheduled on August 25, 2020, PIMCO requests that the Court hear this PIMCO Joinder at the same time. To the extent necessary, PIMCO requests that the time for hearing this PIMCO Joinder be shortened, pursuant to Bankruptcy Local Rule 9006-1, so that it may be heard concurrently with the Elliott Motion.[4]

## CONCLUSION

7. For the reasons stated above, PIMCO respectfully joins in the Elliott Motion and asks that the PIMCO Consenting Noteholders, as well as Elliott and the Additional RSA Noteholders, be awarded an administrative expense claim to be paid by the Reorganized Debtors in an amount to be determined by the Court, with the allocation of that claim among the PIMCO Consenting Noteholders, Elliott and the Additional RSA Noteholders either to be agreed by the parties or determined by the Court at a later date.

[*Signature Page Follows*]

---

[4] Alternatively, the Court may deem this PIMCO Joinder to be a Motion to Intervene, pursuant to Federal Rule of Civil Procedure 24(a), in the contested matter initiated by the Elliott Motion. Fed. R. Civ. P. 24(a) is made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7024, which this Court may apply to this contested matter under Federal Rule of Bankruptcy Procedure 9014(c). Rule 24(a) provides for intervention as of right for a party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." If the Court is inclined to treat this PIMCO Joinder as a Motion to Intervene, and intends to hear the Elliott Motion on August 25, PIMCO likewise requests such Motion to Intervene be heard on shortened time, pursuant to Bankruptcy Local Rule 9006-1, so that it may be heard concurrently with the Elliott Motion.

DATED: August 7, 2020 By: _/s/ Edward J. McNeilly_

David P. Simonds (Bar No. 214499)
Edward J. McNeilly (Bar No. 314588)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
david.simonds@hoganlovells.com
edward.mcneilly@hoganlovells.com

Michael C. Hefter (*pro hac vice* pending)
Matthew Ducharme (*pro hac vice* pending)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
michael.hefter@hoganlovells.com
matthew.ducharme@hoganlovells.com

*Counsel to Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts that were Consenting Noteholders*