WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION ENLARGING TIME FOR BLAKE ENGELBRECHT TO FILE PROOF OF CLAIM**

[Related to Dkt. Nos. 8559-60]

Resolving Motion set for Hearing on August 25, 2020 at 10:00 am PT

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Blake Engelbrecht ("**Movant**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order enlarging the time for Movant to file a proof of claim in the Chapter 11 Cases as set forth herein. The Reorganized Debtors and Movant are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated July 1, 2019 [Docket No. 2806] (the "**Bar Date Order**"), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors, including all claims of Fire Claimants,[1] Wildfire Subrogation Claimants, Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims.

C. By Order dated November 11, 2019, the Bankruptcy Court extended the Bar Date until December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time), solely for the benefit of any non-governmental Fire Claimants who had not filed proofs of claim by the Original Bar Date.

D. By Order dated June 20, 2020 [Dkt. No. 8053] the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Bar Date Order or the Plan (as defined below), as applicable.

any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. See Dkt. No. 8252.

E. On July 28, 2020, Movant filed the *Motion Pursuant to Fed. R. Bankr. P. 9006(b)(1) to Deem Blake Engelbrecht's Claim Timely Filed* [Dkt. No. 8559] (the "**Motion**"), in which Movant asserts he should be permitted to file a late claim for damages allegedly sustained as a result of the Camp Fire (the "**Asserted Fire Victim Claim**"). The Motion is set for hearing on August 25, 2020 (the "**Hearing**"). See Dkt. No. 8560.

F. On July 28, 2020, Movant filed Proof of Claim No. 105908 on account of the Asserted Fire Victim Claim (the "**Proof of Claim**").

G. Pursuant to the Plan, all Fire Victim Claims were channeled to the Fire Victim Trust on the Effective Date and are subject to the Channeling Injunction, and any liabilities of the Debtors or the Reorganized Debtors, as applicable, for any Fire Victim Claims have been fully assumed by, and are the sole responsibility of, the Fire Victim Trust, and shall be satisfied solely from the assets of the Fire Victim Trust. See Plan §§ 4.7(a), 4.26(c), 6.7(a).

H. The Reorganized Debtors have raised with Movant certain informal objections to the relief requested in the Motion.

I. The Fire Victim Trustee has reviewed the Stipulation and, based on the facts presented in the Motion, has no objection to the agreements set forth herein or to entry of an Order approving the terms of the Stipulation.

J. The Parties hereto desire to resolve their issues regarding the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Proof of Claim shall be deemed timely filed.

2. The Proof of Claim and the Asserted Fire Victim Claim shall for all purposes be treated and classified as Fire Victim Claims under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in

accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Movant shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to the Proof of Claim or the Asserted Fire Victim Claim.

3. Nothing herein is intended to, nor shall it be construed to be, a waiver by the Debtors or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in interest of any right to object to the Asserted Fire Victim Claim or the Proof of Claim on any grounds other than the untimely filing thereof.

4. Nothing herein is intended to, nor shall it be construed to be, a waiver by Movant of his right to assert any right in contravention to or in opposition of any asserted challenge to the Asserted Fire Victim Claim or the Proof of Claim.

5. Upon entry of an Order approving the terms of this Stipulation, the Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

| | | |
|---|---|---|
| Dated: August 10, 2020 | | Dated: August 10, 2020 |
| WEIL GOTSHAL & MANGES LLP | | THE KANE LAW FIRM |
| /s/ *Matthew Goren* | | /s/ *Bonnie E. Kane* |
| Matthew Goren, Esq. | | Bonnie E. Kane, Esq. |
| *Attorneys for Debtors and Reorganized Debtors* | | *Attorneys for Blake Engelbrecht* |