

Signed and Filed: August 10, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Theodore Tsekerides (*pro hac vice*)
3  (theodore.tsekerides@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER BENVENUTTI KIM LLP
   Tobias S. Keller (#151445)
9  (tkeller@kbkllp.com)
   Peter J. Benvenutti (#60566)
10 (pbenvenutti@kbkllp.com)
   Jane Kim (#298192)
11 (jkim@kbkllp.com)
   650 California Street, Suite 1900
12 San Francisco, CA 94108
   Tel: 415 496 6723
13 Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

   - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

   Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION ENLARGING TIME FOR CLAYTON ENGELBRECHT TO FILE PROOF OF CLAIM**

The Court having considered the *Stipulation Enlarging Time for Clayton Engelbrecht to File Proof of Claim*, dated August 10, 2020 [Dkt. No. 8723] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Clayton Engelbrecht ("**Movant**"), on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Proof of Claim is deemed timely filed.

3. The Proof of Claim and the Asserted Fire Victim Claim shall for all purposes be treated and classified as Fire Victim Claims under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Movant shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to the Proof of Claim or the Asserted Fire Victim Claim.

4. Nothing herein shall be construed to be a waiver by the Debtors or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in interest of any right to object to the Asserted Fire Victim Claim or the Proof of Claim on any grounds other than the untimely filing thereof.

5. Nothing herein shall be construed to be a waiver by Movant of his right to assert any right in contravention to or in opposition of any asserted challenge to the Asserted Fire Victim Claim or the Proof of Claim.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

6. By entry of this Order, the Motion is deemed withdrawn with prejudice, and the Hearing vacated.

7. The Stipulation is binding on the Parties and each of their successors in interest.

8. The Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

9. This Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*** END OF ORDER ***

Dated: August 10, 2020

THE KANE LAW FIRM

/s/ Bonnie E. Kane
Bonnie E. Kane, Esq.

*Attorneys for Clayton Engelbrecht*