WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION MODIFYING PLAN INJUNCTION (ENRIQUE GUZMAN)**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Enrique Guzman ("**Guzman,**" and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Plan Injunction (as defined below) to permit the Parties to file a Joint Motion for Determination of Good Faith Settlement pursuant to California Code of Civil Procedure section 877.6 (the "**Joint Good Faith Settlement Motion**") in the Case No. CGC-16-554005 pending in the San Francisco County Superior Court (the "**San Francisco County Action**"). The Parties hereby stipulate and agree as follows:

## RECITALS

A. On September 1, 2016, Guzman filed the San Francisco County Action, seeking damages for injuries allegedly caused by striking one of the Utility's underground electric lines while working on a sewer replacement project.

B. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

C. On March 13, 2019, Guzman timely filed a proof of claim against the Utility for $4 million [Claim No. 1521] (the "**Proof of Claim**").

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims (as defined therein) and to compromise, settle, or otherwise resolve any Disputed

Claims without approval of the Bankruptcy Court.  Pursuant to this provision, the Parties entered into a settlement agreement dated August 4, 2020 (the "**Settlement Agreement**") resolving the Proof of Claim.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**.

F. The Settlement Agreement provides that the Parties filing the Joint Good Faith Settlement Motion in the San Francisco County Action is a condition precedent to the enforcement of the Settlement Agreement, and that the Settlement Agreement shall not be effective until the Joint Good Faith Settlement Motion is granted.

G. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

H. The Parties hereto desire to modify the Plan Injunction in order to carry out the terms of the Settlement Agreement to permit them to file and to litigate to conclusion the Joint Good Faith Settlement Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Plan Injunction shall be modified solely to permit the Parties to file and litigate to conclusion the Joint Good Faith Settlement Motion in the San Francisco County Action.  For the avoidance of doubt, this modification does not include discovery in support of or in opposition to a Joint Good Faith Settlement Motion.

2. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

3. This Stipulation shall be binding on the Parties and each of their successors in interest.

4. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

5. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

| | |
|---|---|
| Dated: August 13, 2020 | Dated: August 13, 2020 |
| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | ARNS LAW FIRM |
| */s/ Peter J. Benvenutti*<br>Peter J. Benvenutti | */s/ Jonathan E. Davis*<br>Jonathan E. Davis |
| *Attorneys for Debtors*<br>*and Reorganized Debtors* | *Attorneys for Enrique Guzman* |