**Exhibit A**

DocuSign Envelope ID: F269FD10-C899-4385-8D3F-EFE0F34FB989

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**") is made as of the Effective Date (as defined herein) by and between Enrique Guzman (the "**Claimant**"), on the one hand, and the Reorganized Debtors (as defined below), on the other hand. Signatories to this Agreement will hereafter be referred to jointly as the "**Parties**."

## PREAMBLE

**WHEREAS,** on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**", and each, a "Debtor"), each commenced with the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") a voluntary case for relief under chapter 11 of title 11 of the United States Code (the "**Chapter 11 Cases**"), which Chapter 11 Cases have been consolidated for procedural purposes only under the lead case styled: *PG&E Corporation and Pacific Gas and Electric Company., Case No. 19-30088.*

**WHEREAS,** by Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set the last date for parties to file proofs of claim against the Debtors in the Chapter 11 Cases as October 1, 2019 at 5:00 p.m. (Prevailing Pacific Time).

**WHEREAS,** Claimant filed a complaint in the San Francisco County Superior Court against the Utility and certain other parties on September 1, 2016, Case No. CGC-16-554005 (the "**San Francisco County Action**").

**WHEREAS,** the Claimant has filed a proof of claim in the Chapter 11 Cases against the Debtors as set forth in **Exhibit A** attached hereto (the "**Proof(s) of Claim**").

**WHEREAS,** the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "**Plan**") was confirmed by order of the Bankruptcy Court entered June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**");

**WHEREAS,** the Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020, whereupon the Debtors were reorganized, revested with their property and discharged from their debts, all as provided in the Plan and the Confirmation Order, and as thus reorganized became and now are the "**Reorganized Debtors**" (and each, a "**Reorganized Debtor**"). The Plan and all provisions of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and in the Confirmation Order) are binding on all holders of claims against, or interests in, the Reorganized Debtors, whether or not the claims or interests of any such holder are impaired under the Plan and whether or not any such holder voted to accept the Plan;

**WHEREAS,** pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any

Case: 19-30088   Doc# 8768-1   Filed: 08/13/20   Entered: 08/13/20 19:29:38   Page 2 of 11

Disputed Claims without approval of the Bankruptcy Court; and

**WHEREAS,** the Parties wish to compromise, resolve, and settle the claims that are asserted by the Claimant in the Proof of Claim and in the San Francisco County Action.

**NOW, THEREFORE,** in consideration of the releases and promises contained herein and other good and valuable consideration exchanged among the Parties, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

### A. Settlement.

1. In full and final satisfaction, settlement, and release of the claims asserted by the Claimant in the Proof of Claim and in the San Francisco County Action, the Parties agree that the Claimant is allowed certain claims against Utility in the amount and classification set forth in **Exhibit B** attached hereto (the "**Allowed Claim**"), which Allowed Claim shall be satisfied pursuant to, and in accordance with, the Plan and the Confirmation Order. All Proofs of Claim filed by Claimant, except to the extent allowed as the Allowed Claim as set forth on **Exhibit B** hereto, shall be disallowed and expunged from the Reorganized Debtors' claims register.

2. The Parties hereby agree that Claimant and the Utility shall file a Joint Motion for Determination of Good Faith Settlement pursuant to California Code of Civil Procedure section 877.6 in the San Francisco County Action seeking to have this Agreement and its terms deemed made in "good faith" (the "**Joint Good Faith Settlement Motion**"). The granting of the Joint Good Faith Settlement Motion is a condition precedent to the enforcement of this Agreement, and this Agreement shall not be effective until such time as the Joint Good Faith Settlement Motion is granted. In the event the Joint Good Faith Settlement Motion is denied with prejudice, this Agreement shall be null and void and all parties shall be released from any duties or obligations hereunder, and the parties hereto shall be in the same position as they were prior to the execution of this Agreement.

3. The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts or on the parts of their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders. The Parties expressly deny any such liability.

4. In consideration of the allowance of the Allowed Claim, as of the Effective Date of this Agreement, Claimant releases each of the Reorganized Debtors and its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders, (collectively the "**Released Parties**"), from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, judgments, liabilities, causes of action, or controversies of any kind whatsoever, whether at law or in equity, whether matured or unmatured, whether before a local, state, or federal court, or state or federal administrative agency or commission, or arbitration administrator, and whether now known or unknown,

-2-

liquidated or unliquidated, that Claimant has, may have had, asserted, and/or may have asserted, against the Released Parties on behalf of himself, or any other person or entity, with respect to the claims asserted in the Proof of Claim and in the San Francisco County Action, or arising from or related to the facts asserted in the Proof of Claim and in the San Francisco County Action (the "**Released Claims**"). The provisions of this Section A.4 are in addition to, and shall in no way be deemed to limit or modify, the release, discharge, injunction and other provisions of the Plan and Confirmation Order. Nothing contained in this release shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Agreement.

5.  Claimant understands that he may have sustained injuries, damages, losses, costs, or expenses that are presently unknown or unsuspected, and that such injuries, damages, losses, costs, or expenses as may have been sustained may give rise to additional injuries, damages, losses, costs, or expenses in the future. Claimant additionally acknowledges that he has negotiated this Agreement taking into account such presently unsuspected and unknown damages, losses, costs, and expenses, and that by executing this document, no further claims may be asserted by Claimant or his assigns against the Released Parties for the Released Claims. Accordingly, Claimant hereby waives any and all rights based upon the provisions, rights, and benefits conferred by California Civil Code section 1542, and any law of any state or territory that is similar, comparable, or equivalent to section 1542, which reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

6.  Claimant acknowledges that: (a) the consideration he is receiving from the Reorganized Debtors is the allowance of the Allowed Claim in the Utility's Chapter 11 Case as provided herein; (b) in accordance with the provisions of bankruptcy law, payment of such claims may only be made pursuant to the provisions of the Plan in the Chapter 11 Cases or otherwise in accordance with bankruptcy law; and (c) as a result, payment of such claims will be on the same terms as other claims of the same legal status, which will result in some delay and may result in ultimate payment of less than the full allowed amount of the Allowed Claims.

7.  Claimant acknowledges and agrees that the Reorganized Debtors or their agents are authorized to adjust the claims register to reflect allowance of the Allowed Claim and the disallowance and expungement of any other claims asserted in the Proof of Claim and in the San Francisco County Action or otherwise released by Claimant pursuant to this Agreement.

**B.  Miscellaneous Terms and Conditions.**

1.  This Agreement contains the complete agreement and understanding between the Parties.

2.  This Agreement is conditioned upon occurrence of all of the following, and shall become effective upon the occurrence of the last to occur of the following (which shall be the "**Effective Date**" of this Agreement):

-3-

      a.   execution of this Agreement by all of the Parties and their counsel; and

      b.   entry of an order that is no longer subject to appeal granting the Joint Good Faith Settlement Motion (as provided in ¶ A.2 of this Agreement) or, in the alternative, the written waiver by all Parties of this condition to the effectiveness of the Agreement.

3.     The Parties agree to cooperate and to use their respective reasonable best efforts in good faith to satisfy all conditions to the effectiveness of this Agreement.

4.     This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original; it may be executed by facsimile or electronic signatures which shall be deemed to have the same force and effect as an original signature.

5.     This Agreement may be modified only by a written document signed by all of the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

6.     Claimant hereby warrants and represents that he owns all of the claims asserted in the Proof of Claim and in the San Francisco County Action or otherwise released in this Agreement and has not assigned or in any way transferred or conveyed all or any portion of such claims and that Claimant has the sole right and exclusive authority to execute this Agreement and receive the sums specified or referenced in this Agreement Claimant acknowledges and agrees that this warranty and representation is an essential and material term of this Agreement, without which the Debtors would not have entered into it.

7.     Claimant agrees to protect, defend, indemnify and hold harmless Debtors against any and all liens, subrogation claims and other rights that may be asserted by any person or entity against the amount paid in settlement to, or recovery by, Claimant arising from the matters alleged in the Proof of Claim and the San Francisco County Action.

8.     Each Party acknowledges that he/it has had the opportunity to consult with legal counsel of his/its choosing prior to entering into this Agreement and that he/it enters this Agreement knowingly and voluntarily.

9.     Each Party shall bear his/its own attorney's fees and costs arising from this Claim or in connection with the Agreement, the Proof of Claim, the San Francisco County Action and the matters and documents referred to herein, and all related matters.

10.    By executing this Agreement, each Party represents to the other that: (a) the person executing this Agreement on his/its behalf is duly authorized and empowered to execute and deliver this Agreement; and (b) this Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Agreement's terms.

11.    Each Reorganized Debtor hereby represents that it has authority pursuant to the Plan to enter into this Agreement without further authorization of the Bankruptcy Court.

DocuSign Envelope ID: F269FD10-C899-4385-8D3F-EFE0F34FB989

12.     The Parties cooperated in the drafting of this Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party.

13.     This Agreement shall be governed and construed, in all respects, in accordance with the laws of the State of California, irrespective of its choice of law rules.

14.     The obligations set forth herein, as well as the releases, waivers, representations and warranties made by the Parties herein shall continue in full force and effect notwithstanding the performance of other obligations hereunder.  The Parties hereby agree to take such steps or execute such documents as may be necessary in the future to effectuate the terms of this Agreement.

15.     The Parties agree that the Bankruptcy Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from the Agreement or the implementation of this Agreement.


IN WITNESS WHEREOF, the Parties hereby execute the Agreement as of the date above written.

Signature: _EnRiguL_____

Claimant Enrique Guzman

Date: ____7/31/2020_____

Signature: _____

Printed Name: __Elliott Seals_____

Title: __Counsel_____

Representative for the Debtors

Date: __8/4/2020_____

-5-

DocuSign Envelope ID: F269FD10-C899-4385-8D3F-EFE0F34FB989

**APPROVED AS TO FORM AND CONTENT:**

Date: July 31, 2020

ARNS LAW FIRM

By:_____  _____
Jonathan E. Davis
Attorneys for Claimant Enrique Guzman

Date: August 4, 2020

LIMNEXUS LLP

By:_____
Mark T. Hansen
Attorneys for Pacific Gas and Electric Company

-6-

DocuSign Envelope ID: F269FD10-C899-4385-8D3F-EFE0F34FB989

# EXHIBIT A

**Exhibit A**
**Summary of Scheduled Claims and Filed Proofs of Claim**

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | C | U | D | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Asserted or Scheduled Amounts | | |
| 1251426 | 1521 | Guzman, Enrique | Filed/Asserted | PG&E Corporation | ☑ | ☑ | ☐ | $0.00 | $0.00 | $0.00 | $4,000,000.00 | $4,000,000.00 |

Where C = contingent, U = unliquidated, D = disputed

1/31/176

DocuSign Envelope ID: F269FD10-C899-4385-8D3F-EFE0F34FB989

# EXHIBIT B

## Exhibit B
## Allowed Claim(s)

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | Allowed Amounts | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Secured | Administrative | Priority | Unsecured | Total |
| 1251426 | 1521 | Guzman, Enrique | Filed/Asserted | Pacific Gas and Electric Company | $0.00 | $0.00 | $0.00 | $750,000.00 | $750,000.00 |
| | | | | Exhibit B Total | $0.00 | $0.00 | $0.00 | $750,000.00 | $750,000.00 |

1251426