RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
Gary LoCurto, SBN 270372
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Email: gerald@slffirm.com
glocurto@slffirm.com

Attorneys for EMD, a minor and
SLF Fire Victim Claimant

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>\* All papers shall be filed in the Lead Case,<br>No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM ON BEHALF OF EMD, A MINOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIKA VASQUEZ IN SUPPORT<br><br>Date: September 8, 2020<br>Time: 10:00 a.m. (Pacific)<br>Place: **Telephonic Appearances Only**<br>United States Bankruptcy<br>Court: Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: September 1, 2020 |

1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent thousands of victims ("SLF Claimants") of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire" and "LaFayette Fire"). SLF respectfully file this motion on behalf of EMD, a minor ("Movant") to deem timely a late filed proof of claim ("Motion").

## I. Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to misunderstandings about retention and clerical error, a timely proof of claim was unable to be filed on behalf of EMD, a minor. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow this young survivor to have her claim deemed timely. This Court must determine whether to grant the Motion.

## II. Factual Background

### A. Movants' Claims Arising From The Camp Fire[1]

Movant EMD, a minor, is a survivor of the 2018 Camp fire. Chad T. Hutchison, Christine A. Davis[2], and minors BAB, JAB, KAH, and EMD all resided at 6212 West Wagstaff Road, in Paradise, California, and were impacted by the Camp Fire. All minors are adult claimants' daughters and stepdaughters. All of these individuals, *except for EMD*, were listed on a group proof of claim timely filed before the bar date.[3]

### B. SLF Audit Procedures[4]

The Singleton Law Firm ("SLF") sends frequent update letters to all SLF Claimants. In the

---

[1] *See*, Declaration of Erika Vasquez, ¶¶5-14.
[2] Chad T. Hutchinson and Christine A. Davis are a married couple.
[3] A duplicate group proof of claim was also filed on December 23, 2019 by SLF to amend the previous proof of claim, unfortunately EMD was not included in the duplicate claim either.
[4] *See*, Declaration of Erika L. Vasquez, ¶¶5-14.

2

Case: 19-30088    Doc# 8793    Filed: 08/17/20    Entered: 08/17/20 19:48:50    Page 2 of 18

general communication letters sent throughout 2019, SLF stressed to clients the importance of confirming their name, date of birth and burn address (impacted address) and notifying SLF of any other persons for Proof of Claim filing purposes, which would then need subsequent confirmation.

Additionally, SLF conducted an audit ("Audit Process") of all SLF Fire Victim Claimants, asking them to confirm their name, date of birth, and burn address in writing. Specifically, the Audit Process included the following:

1. Email all SLF Claimants ("Client(s)") from pgeclaims@slffirm.com stating that SLF needed them to confirm their full legal name, date of birth, and burn address for all parties on their case and to also let us know of any other persons and/or entities that should be included for Proof of Claim purposes.
2. Upon receiving a Client email SLF replied to that email address the information contained in the email was reviewed and compared to that which SLF had in the client's file.
3. If there were discrepancies, then the SLF's handling staff made notes in the "BK audit notes" field in the Client's file and then followed up with the client via email to reconcile.
4. Once the discrepancies were resolved and all the case parties (individuals and entities) confirmed, then those additional parties were added into the Client file as a recognized case party.
5. Alternatively, if the information in the client email response matched, the BK audit on that Client file was deemed complete and no further handling was needed.
6. All Client emails were saved and contact logs were made in the client file.
7. If a new case party was added, a retainer was sent for their signature.

Unfortunately, despite the internal audit protocols, the fact that EMD had not been included in the group proof of claim was not discovered until after the claims bar date. Indeed, it was not until July 2020, that SLF realized that EMD had not been included.

Specifically, on November 14, 2019, SLF received an executed a retainer agreement for Chad T. Hutchison. The retainer was signed by Mr. Hutchison, but along with himself, also identified Christina A. Davis and the minors JAB, BAB, KAH, and **EMD** as members of the household. Ms. Davis did not sign and no one signed on behalf of the minor children.

On December 9, 2019, SLF completed and uploaded a complaint intake, which listed all of the above-mentioned persons, including EMD.

On July 23, 2020, SLF called Mr. Hutchison and completed a Damages Interview. It was after this call and sending out a second retainer for execution by Ms. Davis (as well indicating that a retainer needed to be executed by someone on behalf of the children), that SLF confirmed EMD was mistakenly left of the proof of claim.

3

Ultimately, due to lack of receipt of executed retainers and clerical error, SLF did not *timely* complete and file Movant's proof of claim. Immediately upon discovery of the error, on August 13, 2020, SLF filed claim number QQ$N@27402[[CSLT#4025#CF]] on behalf of EMD ("Subject Proof of Claim"). A true and correct copy of the Subject Proof of Claim is attached to the Vasquez Declaration as Exhibit "1."

Thus, SLF now brings this Motion to have the Subject Proof of Claim deemed timely.

### C. Pertinent Bankruptcy Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date. *See*, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the

4

"Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 1 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. *See*, Dk. No. 8053.

## III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by

inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movant.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movants' favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon discovery of EMD's omission from the group proof of claim, the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering immediately upon becoming aware of the clerical omission, a proof of claim was filed by SLF on EMD's behalf. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movant's claim relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. Conclusion

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed on behalf of EMD is to be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: August 10, 2020

MARSHACK HAYS LLP

By: /s/ Laila Masud
RICHARD A. MARSHACK
LAILA MASUD
Attorneys for SLF CLAIMANTS

Dated: August 10, 2020

SINGLETON LAW FIRM, APC

By: */s/ Gerald Singleton*
GERALD SINGLETON
GARY LOCURTO
Attorneys for the SINGLETON LAW FIRM FIRE VICTIM CLAIMANTS

# Declaration of Erika Vasquez

I, Erika Vasquez, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge except for information related to SLF's communications with Chad T. Hutchison, which I learned second-hand through review of SLF documents and internal communications.

4. I am a partner at Singleton Law Firm and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim of EMD, a minor ("Motion").

5. Movant EMD, a minor, is a survivor of the 2018 Camp Fire. Her father is Chad T. Hutchison, also a survivor of the 2018 Camp Fire.

6. The Singleton Law Firm ("SLF") sends frequent update letters to all SLF Claimants. In the general communication letters sent throughout 2019, SLF stressed to clients the importance of confirming their name, date of birth and burn address (impacted address) and notifying SLF of any other persons for Proof of Claim filing purposes, which would then need subsequent confirmation.

7. Additionally, SLF conducted an audit ("Audit Process") of all SLF Fire Victim Claimants, asking them to confirm their name, date of birth, and burn address in writing. Specifically, the Audit Process included the following:

- Email all SLF Claimants ("Client(s)") from pgeclaims@slffirm.com stating that SLF needed them to confirm their full legal name, date of birth, and burn address for all parties on their case and to also let us know of any other persons and/or entities that should be included for Proof of Claim purposes.
- Upon receiving a Client email SLF replied to that email address the information contained in the email was reviewed and compared to that which SLF had in the client's file.
- If there were discrepancies, then the SLF's handling staff made notes in the "BK audit notes" field in the Client's file and then followed up with the client via email to reconcile.
- Once the discrepancies were resolved and all the case parties (individuals and entities) confirmed, then those additional parties were added into the Client file as a recognized case party.
- Alternatively, if the information in the client email response matched, the BK audit on that Client file was deemed complete and no further handling was needed.
- All Client emails were saved and contact logs were made in the client file.
- If a new case party was added, a retainer was sent for their signature.

8.     Unfortunately, despite the internal audit protocols, the omission of EMD on the group proof of claim was not discovered until after the claims bar date. Indeed, it was not until July 2020, after SLF conducted a Damages Interview that we realized the mistake.

9.     I am informed that on November 14, 2019, a retainer agreement was signed by Mr. Hutchison. The retainer identified Christine A. Davis and the minors JAB, BAB, KAH, and EMD as members of the household. However, Ms. Davis did not sign the retainer and no one signed on behalf of the minor children.

10.    I am informed that on December 9, 2019, Veronica Gomez of SLF completed and uploaded a Complaint Intake, which lists out all of the plaintiffs in the household. The intake listed all of the members of the Hutchison/Davis family, including EMD.

11.    I am informed that on July 23, 2020, SLF legal assistant Landon Southard called Mr. Hutchison and completed a Damages Interview. Mr. Southard then e-mailed the Retainer Request Team to send out a retainer for Ms. Davis, BAB, JAB, and KAH.

12.    I am informed that on July 24, 2020, SLF legal assistant Allison Pamintuan responded so Mr. Southard's request after seeing EMD's name listed on the original retainer but not on the request to determine if EMD was supposed to be mentioned. Mr. Southard then followed up and confirmed with Mr. Hutchison via phone that EMD should be included in the retainer. Ms. Pamintuan corresponded with SLF paralegal Cori Herrera to notify her of the missing proof of claim for EMD. Ms. Herrera then forwarded me the correspondence to inform me of the situation.

13.    Due to misunderstandings involving (i) lack of receipt of an executed retainer by Ms. Davis; (ii) lack of receipt of an executed retainer on behalf of JAB, BAB, KAH, and EMD; and (iii) clerical error by SLF, SLF was unable to timely file EMD's proofs of claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14. Immediately, on August 13, 2020, SLF filed claim number QQ$N@27402[[CSLT#4025#CF]] on behalf of EMD. A true and correct copy of the Subject Proof of Claim is attached as Exhibit "1."

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 14 , 2020.

_____
ERIKA VASQUEZ

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| In re: | Bankruptcy Case |
|---|---|
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **Chapter 11** |
| Debtors. | **(Lead Case)** |
| | **(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
E.M.D, a minor (parent Christine Davis)
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: E.M.D, a minor (parent Christine Davis)
Attorney Name (if applicable): Gerald Singleton
Attorney Bar Number (if applicable): 208783
Street Address: 450 A Street, Fifth Floor
City: San Diego
State: California
Zip Code: 92101
Phone Number: 7606971330
Email Address: SLFBKCorres@slffirm.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___ / ___ / ___ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related) — Page 1

| | |
|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date this Claim Form is Filed** |

| 7. What fire is the basis of your claim?<br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
|---|---|
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 6212 West Wagstaff Road paradise CA 95969 |
| 9. How were you and/or your family harmed?<br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>☐ Owner ☐ Renter ☑ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☑ Other (Please specify): Any and all losses recoverable under CA law |
| 10. What damages are you and/or your family claiming/seeking?<br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Gerald Singleton*

**Email:** SLFBKCorres@slffirm.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Gerald Singleton |
| | First name / Middle name / Last name |
| Title | Attorney |
| Company | Singleton Law Firm |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 450 A Street, Fifth Floor |
| | Number / Street |
| | San Diego / CA / 92101 |
| | City / State / ZIP Code |
| Contact phone | 7606971330 |
| Email | SLFBKCorres@slffirm.com |

Proof of Claim (Fire Related)      Page 3

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
  (attach below)

☒ I do **not** have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent)*. See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

# Electronic Proof of Claim_QQ$N@27402[[CSLT#4025#CF]]

Final Audit Report                                              2020-08-13

| | |
|---|---|
| Created: | 2020-08-13 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAHVthpVUj5sHSnBUZEMuf6StRk8a0ZMGn |

## "Electronic Proof of Claim_QQ$N@27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-08-13 - 5:54:18 PM GMT

- Web Form filled in by Gerald Singleton (SLFBKCorres@slffirm.com)
  2020-08-13 - 5:58:28 PM GMT- IP address: 72.192.134.118

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/84.0.4147.125 Safari/537.36)
  2020-08-13 - 5:58:29 PM GMT- IP address: 72.192.134.118

- Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and Gerald Singleton (SLFBKCorres@slffirm.com)
  2020-08-13 - 5:58:29 PM GMT

Prime Clerk        POWERED BY Adobe Sign