DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
JOSEPH K. LITTLE (Bar No. 322179)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:     916.444.1000
Facsimile:     916.444.2100

Attorneys for Frank Dodini and
The Dodini Revocable Living Trust, Dated
January 12th, 2000.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>       Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 FOR AN ORDER DEEMING PROPOSED AMENDED CLAIM TO RELATE BACK; OR PURSUANT TO FED. R. BANKR. PROC 7017 FOR THE ADDITION OF A REAL PARTY IN INTEREST; OR PURSUANT TO FED. R. BANKR. P. 9006(B)(1) TO ENLARGE THE TIME FOR FRANK DODINI AND THE DODINI REVOCABLE LIVING TRUST, DATED JANUARY 12TH, 2000 TO FILE PROOF OF CLAIM**<br><br>Date:      September 8, 2020<br>Time:     10:00 a.m.<br>Crtrm.:   Courtroom 17<br>          450 Golden Gate Avenue<br>          San Francisco, CA 94102<br>Judge:   Hon. Dennis Montali<br><br>Objection deadline:     September 1, 2020<br>                       4:00 p.m. (Pacific Time) |

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, Frank

Dodini and The Dodini Revocable Living Trust, Dated January 12th, 2000 ("Movants") seek an

1653284v2

order deeming that the proposed Amended Proof of Claim described below will relate back to Frank Dodini's first amended proof of claim. Alternatively, Movants seek an order adding The Dodini Revocable Living Trust, Dated January 12th, 2000 (the "Trust") as real party in interest for the amounts claimed in Frank Dodini's first amended proof of claim. And as a final alternative, Movants seek an order expanding the time for them to file the proposed Amended Proof of Claim described below.

Frank Dodini (through counsel) filed his original claim with Prime Clerk on October 11, 2019. A copy of this claim (Claim No. 20762) is attached hereto as Exhibit 1. Frank Dodini filed an amended proof of claim with the Prime Clerk on December 31, 2019. A copy of this claim (Claim No. 94332) is attached hereto as Exhibit 2. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the second amendment following two timely amendments filed by Frank Dodini. In Frank Dodini's first amended motion on December 31, 2019, he added damages for his lien interest in 6267 Harvey Road, Paradise, California 95969. This property was destroyed in the Camp Fire. However, the Trust is actually the lienholder, and Frank Dodini is merely the trustee for the Trust's deed of trust on that property. Having realized this oversight, Movants now seek to ensure that the Trust is appropriately included in the claim.

DOWNEY BRAND LLP

1653284v2

DOWNEY BRAND LLP

1    Application of the so-called *Pioneer* factors shows that Movants' "late" filing is the result

2    of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first factor,

3    prejudice, the amended proof of claim would change nothing except for nominally adding the

4    Trust as a claimant.  The Trust does not appear in either the original or first amended proof of

5    claim as a claimant because the Trust was inadvertently omitted.  Instead, the original claim seeks

6    damages for claims that belong to the Trust.  Adding the Trust as a claimant does not change the

7    nature or amount of the damages.  Moreover, Frank Dodini is Trustee of the Trust; his contact

8    information is the Trust's contact information.  Additionally, the Debtors' Plan has been

9    confirmed and the associated Fire Victim Trust funded, so the inclusion of the Trust in Movants'

10   amended claim in the pool of fire victim claims will have no impact at all on the Debtors or the

11   bankruptcy estates.  As to the second *Pioneer* factor, the Movants' delay in filing the proposed

12   amended claim and any resultant impact on these proceedings are exceedingly modest and

13   immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor,

14   the reason for the delay and whether it was in Movant's reasonable control, the reason for the

15   delay was ministerial.  The original claim was filed by counsel with information provided by their

16   clients.  The first amended proof of claim was also filed by counsel with information provided by

17   their clients. Promptly after realizing that the lien on the property actually belonged to the Trust

18   and not Frank Dodini,  Movants' counsel contacted bankruptcy council for assistance in this

19   Motion.  This inquiry demonstrates the Movants' good faith, satisfying the fourth *Pioneer* factor.

20   Because consideration of the *Pioneer* factors points overwhelmingly to the Movants' neglect (if

21   any) having been excusable, late filing of the amended proof of claim should be permitted.

22        Alternatively, the Ninth Circuit takes a liberal approach to the amendment of proofs of

23   claim, allowing late claims to relate back to timely ones if the claims are of the same origin.  Since

24   the proposed Amended Proof of Claim here simply corrects the omission of the Trust, it has the

25   same origin as the timely claim.  Alternatively, the Court may simply add the Trust as a claimant

26   sharing in the damages sought by Frank Dodini's first amended proof of claim.  In any event,

27   since granting the requested relief would not prejudice Debtors, this Court should deem that

28   Movants' proposed Amended Proof of Claim relates back to the original if filed within one week

3

1653284v2

from this Court's order thereon.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Rules 7015, 7017, and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

1653284v2

1    In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of

2    claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The

3    Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing

4    test, the hallmark of which is consideration of various factors to aid in determining whether a

5    movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This

6    equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's

7    omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d

8    996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all

9    four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--

10   supports the conclusion that the exclusion of the Trust in the original and first amended proofs of

11   claim was excusable.

12   Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor

13   weighs overwhelmingly in Movants' favor.  For starters, Ninth Circuit courts regularly grant late

14   amendments to timely proofs of claim like the ones at issue here. *See, e.g., In re Roberts Farms*

15   *Inc.*, 980 F.2d 1248, 1251-1252 (9th Cir. 1992) ("The decision to allow an amendment to a timely

16   filed proof of claim is within the sound discretion of the bankruptcy court;" holding that the

17   bankruptcy court did not abuse its discretion in allowing late amendment of claim when

18   amendment merely clarified claim without changing nature of claim or amount sought); *In re*

19   *Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–17 (9th Cir. 1985) ("In the absence of prejudice to

20   an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to

21   proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure

22   a defect in the claim as filed or to describe the claim with greater particularity. . . . [Claimant] is

23   not seeking to introduce a new claim in disguise . . . . Thus, the bankruptcy court abused its

24   discretion in disallowing the amendment in this case."); *In re JSJF Corp.*, 344 B.R. 94, 102

25   (B.A.P. 9th Cir. 2006), aff'd and remanded, 277 F. App'x 718 (9th Cir. 2008) ("[P]rejudice

26   requires more than simply having to litigate the merits of, or to pay, a claim—there must be some

27   legal detriment to the party opposing."); *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 609

28   (Bankr. D. Idaho 2014) ("The burden of showing prejudice is on the party objecting to the

DOWNEY BRAND LLP

amendment."); *In re Gordian Med., Inc.*, 499 B.R. 793, 801 (Bankr. C.D. Cal. 2013) (allowing post-deadline amendment of timely original proof of claim when all *Pioneer* factors favored movant except for movant's delay, and suggesting that no showing of excusable neglect is even required when post-deadline amendments assert claims "of the same generic origin"); *In re Nucorp Energy, Inc.*, 52 B.R. 843, 846 (Bankr. S.D. Cal. 1985) ("This Court recognizes the long established liberal policy toward amendment of proofs of claim.").

Other courts would agree, since the proposed amendment would be "timely" in that it would merely be a nominal change to a timely claim filed well before the Plan was confirmed and the Fire Victim Trust funded. *See, e.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be via preferred stock and would not require any disgorgement of funds already paid out even if it might have affected the amount of preferred stock ultimately available to other creditors).

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors the Movants. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). The amendments if permitted by the Court, would have little to no appreciable impact on these proceedings. Moreover, the original filings occurred well before Plan confirmation and when the Plan became effective.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants'

1653284v2

DOWNEY BRAND LLP

1  reasonable control, again leans in favor of excusability. Movants acknowledges this Court's

2  observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons

3  for the delay factor most heavily." *In re Pacific Gas & Electric, Co*., 311 B.R. 84, 91 (Bankr. N.D.

4  Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing*

5  *Providence, Inc*., 270 F.3d 1 (1st Cir. 2001).[1] A "satisfactory explanation for the late filing" is

6  required. *Graphic Communications at 5.*

7  The reason for the delay was simply a lack of communicated information between the

8  Movants and their counsel regarding record (title) ownership to the property carrying their lien

9  that was damaged. Finally, as to the fourth *Pioneer* factor, no reasonable suggestion can be made

10  that Movants failed to act in good faith.

11  It is also critical to note that an order granting this Motion is of course without prejudice to

12  the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to the

13  Movants' claim on substantive or legal grounds, other than timeliness.

14  Alternatively, the court has authority under Fed. R. Bank. P. 7015 to enter an order

15  providing that an amended claim relates back to an originally-filed claim. Rule 7015 of the

16  Federal Rules of Bankruptcy Procedure incorporates Federal Rule of Civil Procedure 15. Rule

17  15(c) applies to amendments of claims that relate back to the time of original filing. Rule 7015

18  applies to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248,

19  1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a

20  proof of claim*"); In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004) ("[T]he

21

22  ───────────────

23  [1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995)

24  ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance

25  should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D.

26  Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other

27  parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting

28  "the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").

court concludes that the Amended [Proofs of] Claim[] do not sufficiently relate to the Original[s] . . . for purposes of F.R.C.P. 15(c)."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649, 652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. The Trust should be represented in Movants' first amended proof of claim as any subsequent Amended Proof of Claim would reflect.

And, as another alternative, the court has authority under Fed. R. Bank. P. 7017 to enter an order adding the Trust as a real party in interest in Frank Dodini's first amended proof of claim. Rules 7017 of the Federal Rules of Bankruptcy Procedure incorporates Federal Rule of Civil Procedure 17. Rule 17(a)(3) applies when a party has been misnamed in any civil claim. Specifically, Rule 17 allows the addition of a real party in interest and provides for the action "to proceed as if it had been originally commenced by the real party in interest." These Rules applies to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a proof of claim*"); Matter of Nelson*, 607 B.R. 685, 705 (Bankr. N.D. Ala. 2019) (applying Rule 7017 to proofs of claim); *In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) ("Federal Rule of Civil Procedure 17, which is applicable to this contested matter through Bankruptcy Rule[] 7017 . . . , requires the real party in interest to file a proof of claim."); *In re Pac. Gas & Elec. Co.*, 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004) ("[T]he court concludes that the Amended [Proofs of] Claim[] do not sufficiently relate to the Original[s] . . . for purposes of F.R.C.P. 15(c)."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649, 652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") The rule applies "when an honest mistake has been made in choosing the party in whose name the action is to be filed." 1966 Advisory Committee Notes. Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. And since the Trust was omitted from the timely claims by pure honest mistake, this Court should allow amendment and deem such

amendment timely.

**CONCLUSION**

For the reasons set forth above, Movants respectfully requests that this Court enter an order pursuant to either Bankruptcy Rules 7015 and 7017 and/or 9006(b)(1) as follows:

1.      Granting this Motion;

2.      Directing that any Amended Proof of Claim filed by Movants within one with of this Court's order that simply identifies The Dodini Revocable Living Trust, Dated January 12th, 2000.be deemed timely filed;

3.      Granting such other or further relief as the Court deems just and proper.

DATED:  August 18, 2020                    DOWNEY BRAND LLP

By:   _____
              /s/ Jamie P. Dreher
          JAMIE P. DREHER
       Attorneys for Frank Dodini and
     The Dodini Revocable Living Trust, Dated
              January 12th, 2000.

1653284v2

# EXHIBIT 1

| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC<br>COMPANY,**<br>Debtors. | **Bankruptcy Case<br>No. 19-30088 (DM)**<br><br>**Chapter 11<br>(Lead Case)<br>(Jointly Administered)** |
|---|---|

# Proof of Claim (Fire Claim Related)

**Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.**

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

DODINI, FRANK
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☑ No
☐ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name: DODINI, FRANK
Attorney Name (if applicable): Ratinoff, Eric J
Attorney Bar Number (if applicable): 166204
Street Address: 401 WATT AVENUE
City: SACRAMENTO
State: CA
Zip Code: 95864
Phone Number: (916)970-9100
Email Address: eric@ericratinoff.com

**Where should payments to the creditor be sent? (if different)**

Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Page 1

**7. What fire is the basis of your claim?**

Check all that apply.

☑ Camp Fire (2018)
☐ North Bay Fires (2017)
☐ Ghost Ship Fire (2016)
☐ Butte Fire (2015)
☐ Other (please provide date and brief description of fire: _____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s):

5834 Nielsen Dr, Paradise, CA 95969-5444

**9. How were you and/or your family harmed?**

Check all that apply

☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____
☑ Personal Injury
☐ Wrongful Death (if checked, please provide the name of the deceased)
  Name: _____
☐ Business Loss/Interruption
☐ Lost wages and earning capacity
☑ Loss of community and essential services
☐ Agricultural loss
☐ Other (Please specify):

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
☑ Punitive, exemplary, and statutory damages
☑ Attorney's fees and litigation costs
☑ Interest
☑ Any and all other damages recoverable under California law
☐ Other (Please specify): _____

**11. How much is the claim?**

_____ (optional)

☑ Unknown / To be determined at a later date

**Page 2**

| | |
|---|---|
| **Part 3:** | **Sign Below** |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____10/09/2019_____ (mm/dd/yyyy)


_____/s/Eric Ratinoff_____
Signature

| | | | |
|---|---|---|---|
| Name | Eric | | Ratinoff |
| | First name | Middle name | Last name |
| | | | |
| Title | Attorney | | |
| | | | |
| Company | Eric Ratinoff Law Corp | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| | | | |
| | 401 Watt Avenue | | |
| Address | Number        Street | | |
| | | | |
| | Sacramento | CA | 95864 |
| | City | State | ZIP Code |
| | | | |
| Contact phone | 9169709100 | Email | eric@ericratinoff.com |

# EXHIBIT 2

| In re: | Bankruptcy Case |
|---|---|
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
| - and - | |
| **PACIFIC GAS AND ELECTRIC** | **Chapter 11** |
| **COMPANY,** | **(Lead Case)** |
| Debtors. | **(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

DODINI, FRANK

Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☑ No
☐ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

_____     _____

_____     _____

_____     _____

_____     _____

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name DODINI, FRANK

Attorney Name (if applicable) Ratinoff, Eric

Attorney Bar Number (if applicable) 166204

Street Address 401 Watt Avenue

City Sacramento

State California

Zip Code 95864

Phone Number 9169709100

Email Address eric@ericratinoff.com

Where should payments to the creditor be sent? (if different)

Name _____

Attorney Name (if applicable) _____

Attorney Bar Number (if applicable) _____

Street Address _____

City _____

State _____

Zip Code _____

Phone Number _____

Email Address _____

**5. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 20762

Filed on 10/11/2019
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

**7. What fire is the basis of your claim?**

Check all that apply.

- ☑ Camp Fire (2018)
- ☐ North Bay Fires (2017)
- ☐ Ghost Ship Fire (2016)
- ☐ Butte Fire (2015)
- ☐ Other (please provide date and brief description of fire: _____

_____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.)**

Location(s): 5834 Nielsen Drive, Paradise, CA 95969-5444
6267 Harvey Road, Paradise, CA 95969

**9. How were you and/or your family harmed?**

Check all that apply

- ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  - ☑ Owner ☐ Renter ☐ Occupant ☑ Other (Please specify):  Lien-holder on Harvey Address
- ☑ Personal Injury
- ☐ Wrongful Death (if checked, please provide the name of the deceased) _____
- ☑ Business Loss/Interruption
- ☐ Lost wages and earning capacity
- ☑ Loss of community and essential services
- ☐ Agricultural loss
- ☐ Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

- ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- ☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- ☑ Punitive, exemplary, and statutory damages
- ☑ Attorney's fees and litigation costs
- ☑ Interest
- ☑ Any and all other damages recoverable under California law
- ☐ Other (Please specify): _____

**11. How much is the claim?**

- ☐ $_____ (optional)
- ☑ Unknown / To be determined at a later date

Case: 19-30088     Doc# 8807     Filed: 08/18/20     Entered: 08/18/20 14:53:35     Page 16 of 21

## Part 3: Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). | **Check the appropriate box:** |
| | ☐ I am the creditor. |
| | ☑ I am the creditor's attorney or authorized agent. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | **Signature:** *Eric Ratinoff* |
| | **Email:** eric@ericratinoff.com |
| | _____ |
| | Signature |

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Eric | | Ratinoff |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Eric Ratinoff Law Corp | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 401 Watt Avenue | | |
| | Number        Street | | |
| | Sacramento | CA | 95864 |
| | City | State | ZIP Code |
| Contact phone | 9169709100 | Email | eric@ericratinoff.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
   (attach below)                        ☒ I do **not** have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

**You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

Proof of Claim Instructions (Fire Related)                                                                 Page 1

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

---

**Do not file these instructions with your form**

# Electronic Proof of Claim_DPWME27402

**Final Audit Report** 2019-12-31

| | |
|---|---|
| Created: | 2019-12-31 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7DL8thVuOAN1KVpKLEewdU2b1xHiMc4M |

## "Electronic Proof of Claim_DPWME27402" History

📑 Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-12-31 - 0:11:29 AM GMT

📑 Web Form filled in by Eric Ratinoff (eric@ericratinoff.com)
2019-12-31 - 0:18:54 AM GMT- IP address: 69.4.130.98

✎ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/79.0.3945.88 Safari/537.36)
2019-12-31 - 0:19:25 AM GMT- IP address: 69.4.130.98

✅ Signed document emailed to Eric Ratinoff (eric@ericratinoff.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
2019-12-31 - 0:19:25 AM GMT