| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Securities Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Securities Lead Plaintiff and the Class* |

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**EX PARTE APPLICATION OF THE SECURITIES LEAD PLAINTIFF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON PRIME CLERK LLC**<br><br>[No Hearing Required Per L.B.R. 2004-1(a)] |

Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), on behalf of itself, the proposed class it represents in the Securities Litigation (the "**Securities Class**"), and York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (the "**Securities Act Plaintiffs**"), hereby submits this Ex Parte Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1(a) for Entry of an Order Authorizing the Service of a Subpoena (the "**Application**") on Prime Clerk LLC ("**Prime Clerk**"), which has been retained by PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") to assist in processing claims and other matters related to Debtors' Chapter 11 cases..

Specifically, Securities Lead Plaintiff requests that the Court enter an order (*see* **Exhibit A** (proposed order)) authorizing service of the subpoena attached hereto as **Exhibit B** on Prime Clerk as set forth below.

## I.

## DISCUSSION

The Securities Lead Plaintiff and members of the uncertified Securities Class have viable claims against the Debtors and certain non-debtor defendants in the Securities Litigation arising under the federal securities laws. The Court previously denied the Securities Lead Plaintiff's motion to apply Bankruptcy Rule 7023 to Class Proof of Claim in its February 27, 2020 Order. (*See* Dkt. No. 5943). The Court directed individual claims process, resulting in the filing of over 6,000 claims based on the federal securities laws ("**Rescission or Damage Claims**"). *See id.*; June 24, 2020 Hearing Tr. ("Ex. C") at 17.

During the June 24, 2020, hearing, the Court recognized that the Debtors may litigate issues related to the Rescission or Damage Claims and acknowledged the possibility of formal discovery regarding those claims. Ex. C at 36-37, 48. However, the Court also raised concerns

regarding the burden of permitting the Rescission or Damage Claims to proceed individually and favorably discussed the notion of an organized procedure for handling such claims. *Id.* at 19 ("The fact is I wouldn't want 6,000 *pro se* parties on this call trying to each argue why their claims are valid when one lawyer, who you may not think much of the merits of his claim, but at least he speaks for the issues that are involved"); *Id.* at 20 ("[I]t's not constructive for you to be sending out objections to claims to 6,000 investors who have filed things that said that they were defrauded when there's got to be some way to get your arms around it."). In particular, the Court stated that it would be "helpful" if there was some "dialog on both sides as to what would make it more efficient one way or the other" to handle the Rescission or Damage Claims. *Id.* at 48.

In furtherance of the goal of establishing a constructive approach to handling the thousands of Rescission or Damage Claims, it would be useful if all parties had reasonable information regarding the claims that have been submitted. Prime Clerk has been retained by the Debtors to assist in receiving and administering claims in the Debtors' cases and it is expected that Prime Clerk would have such information already prepared in the ordinary course of carrying out those duties. For example, Prime Clerk would likely have spreadsheets, tables, or similar documents reflecting the Rescission or Damage Claim information.

As it pertains to bankruptcies, Prime Clerk touts these capabilities saying on its website that it can "[i]ntake, analyze and format unstructured and structured data from clients and their advisors to create a list of all actual and potential creditors," and that Prime Clerk is capable of "[r]eviewing and processing all incoming claims to create and maintain the official register of all filed claims. Our proprietary system enables us to maintain an auditable trail that accounts for every claim, including any amendment, objection or other interaction between debtors and creditors. **Our system also produces customized reports** while utilizing data analytics to better understand case trends."[1] This Application requests leave to serve a subpoena on Prime Clerk to request that information, so that the Securities Lead Plaintiff can, as the Court suggested, engage in a constructive dialog with Debtors on how to best manage the Rescission or Damage Claims.

---

[1] https://www.primeclerk.com/services/restructuring/end-to-end-support (last visited August 18, 2020) (Emphasis added.).

This information would be useful in understanding the extent to which Rescission or Damage Claims have characteristics that will subject them to similar objections – such that it may be possible to determine a reasonable approach to resolving similar objections efficiently. The information the Securities Plaintiff is requesting would not be burdensome to produce as it would not be voluminous and would merely require production of available documents and readily available information.

This request is squarely permissible under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). Rule 2004 permits any party in interest to take an examination of any entity with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . " and obtain documents. Fed. R. Bankr. P. 2004(b). "It is well established that the scope of a Rule 2004 examination is exceptionally broad." *In re N. Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008); *In re Verity Health Sys. of California*, 2019 Bankr. LEXIS 2055 *35 (Bankr. C.D. Cal. May 24, 2019) ("Rule 2004 contains a mechanism for compelling the production of documents"); *see generally* George L. Blum, Bankruptcy Desk Guide § 10:28 (2020 Update) (stating that the Court may order Rule 2004 examinations if the information being sought is "relevant to the continued postconfirmation administration of the case.").

Moreover, the information sought does not relate to any matter that could be used to supplement the Securities Lead Plaintiff's pleadings against non-Debtors in the District Court. Rather, the information sought merely summarizes and compiles publicly available information about the submission of claims submitted by those seeking to recover from the Debtors.[2]

**TIME AND PLACE FOR PRODUCTION**

The requested date of the document production is twenty-one (21) days from entry of an order granting the Application. This provides a reasonable time for production.

**NO PRIOR REQUEST FOR RELIEF**

No previous application for the relief sought herein has been made to this Court.

---

[2] These requests for production are made without prejudice to the right to request depositions, examinations or other appropriate discovery from You, or Your representatives or agents, regarding these requests for production.

## CONCLUSION

Accordingly, this Application is properly made on an ex parte basis under Local Rule 2004-1(a) and the Securities Lead Plaintiff respectfully requests this Court immediately take notice of the Application and enter an order in substantially the form attached hereto as Exhibit A, granting the relief requested herein, and such other and further relief as may be just.

[signatures on the following page]

| | | |
|---|---|---|
| Dated: August 19, 2020 | | Respectfully submitted, |

**MICHELSON LAW GROUP**

By:   */s/ Randy Michelson*
Randy Michelson (SBN 114095)

Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: 415-512-8600
Facsimile: 415-512-8601
randy.michelson@michelsonlawgroup.com

*Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
Aram Boghosian
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com
aboghosian@labaton.com

*Lead Counsel to Securities Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone: 415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**

Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

*Counsel for Securities Act Plaintiffs*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (pro hac vice)
Andrew Behlmann (pro hac vice)
Scott Cargill
Colleen Maker
One Lowenstein Drive Roseland,
New Jersey 07068
Telephone: 973-597-2500
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com
cmaker@lowenstein.com

*Bankruptcy Counsel to Securities Lead Plaintiff and the Class*

5

# **EXHIBIT A**

| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Securities Lead Plaintiff and the Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Securities Lead Plaintiff and the Class* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING EX PARTE APPLICATION OF SECURITIES LEAD PLAINTIFF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR ENTRY OF AN ORDER AUTHORIZING SERVICE OF A SUBPOENA ON PRIME CLERK**<br><br>[No Hearing Required Per L.B.R. 2004-1(a)] |

**[PROPOSED] ORDER**

The Court, having reviewed the Ex Parte Application of the Securities Lead Plaintiff Pursuant to Bankruptcy Rule 2004 for Entry of an Order Authorizing Service of a Subpoena on Prime Clerk filed on August 18, 2020 (the "Application"), and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted, as provided herein.

2. The Securities Lead Plaintiff is authorized to serve the subpoena attached to the Application as Exhibit B, with a return date of 21 days from the date of this Order.

**END OF ORDER**

# **EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __California__

In re __PG&E Corporation__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-30088 (DM)__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __See attachment Exhibit 1__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| 220 Montgomery Street. Suite 2100, San Francisco, CA 94104 | |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Pub. Empls. Retir. Assoc. of N.M.__, who issues or requests this subpoena, are:
Randy Michelson; 220 Montgomery Street. Suite 2100, San Francisco, CA 94104; Tel: 415-512-8600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT 1

# DEFINITIONS

1. The term "Accessible Format" refers to a generally accepted data format for the transmission of spreadsheet data, in which the recipient of the data can edit, copy and manipulate the data, such as "comma separated value" ("csv") format or as an unlocked .xls or "xlsx" file.

2. The terms "and" and "or" as used herein, shall, where the context permits, be construed to mean "and/or" as necessary to bring within the scope of the subpoena request.

3. The term "Communication(s)" means any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, letter, telephone, radio, electronic mail, teleconference, or any other method of communication or by any medium.

4. The term "Debtors" refers to PG&E Corporation and/or Pacific Gas & Electric Company.

5. The terms "Document" and "Documents" mean any writing, computer file or computer data, or graphic matter of any kind, wherever located, and including all communications, spreadsheets, data sheets, databases, tables, notices, compilations, or similar documentation.

6. The term "Link" refers to a hyperlink or form of cross-reference that can be used to access a given document in its entirety, such as by providing a reference number that corresponds to a file name and also providing the corresponding files in a reasonably accessible format.

7. The term "Rescission or Damage Claim" refers to any Document or Communication in any form asserting a legal claim or right to recovery against the Debtors for rescission or damages under the securities laws based on the purchase or acquisition of PG&E publicly traded debt or equity securities during the period April 29, 2015 through November 15, 2018, and includes any Document or Communication that is identified as a "Claim" or "Proof of Claim" (even if it does not use those precise words) and any information obtained by You due to

any submission made using the webpage https://restructuring.primeclerk.com/pge/EPOC-Index regarding Rescission or Damage Claims.

8. The term "Summarize" means any Document, Communication or Work that was drafted in order to, or which reasonably could be understood to, compile, summarize, organize, synthesize, describe, structure, put into a table, database, spreadsheet, or graphical representation, any information, or otherwise render information more easily understood.

9. The term "Work" means any activity performed by You in fulfillment of Your duties, contractual or otherwise, to PG&E.

10. The terms "You" and "Your" refer to the party responding to this Subpoena.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents or Communications sufficient to Summarize or compile any Rescission or Damage Claim regarding PG&E submitted in the matter *In re PG&E Corporation and Pacific Gas and Electric Company*, Case No. 19-30088 (DM), including any such documents that categorize or classify claims along any characteristics (*e.g.*, "bulk claims", "valid claims" or "invalid claims").

**REQUEST FOR PRODUCTION NO. 2:**

A spreadsheet in an Accessible Format that compiles the following information for each Rescission or Damage Claim: (1) the number assigned to the Rescission or Damage Claim, (2) the Debtor(s) against which the Rescission or Damage Claim is asserted, (3) the creditor's name, (4) the name, role and contact information of the signatory on the Rescission or Damage Claim, (5) whether the Rescission or Damage Claim was acquired from a person other than the creditor identified on it, (6) where notices and payment on the Rescission or Damage Claim are to be sent, (7) whether the Rescission or Damage Claim amends a prior claim, (8) whether any person or entity other than the creditor identified on the Rescission or Damage Claim has filed a proof of claim for that Rescission or Damage Claim, (9) the amount of the Rescission or Damage Claim, (10); whether the claim is based upon equity securities, debt securities, or both; (11) a

Link to any document submitted with the claim identifying or purporting to identify the purchases and sales of securities on which the Rescission or Damage Claim is based, and (12) a Link to any document submitted with the claim related to the authorization of the party submitting the claim to submit the claim.

**REQUEST FOR PRODUCTION NO. 3:**

Communications between You and any creditor or person acting for a creditor regarding any potential or actual Rescission or Damage Claim, any Document about such Communication, and any Document regarding or related to preparing for such Communications.