Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorney for Creditors James Scott, Amanda Olsen,
Cheri Ann Salerno, Susan Farrell, Jason Reid,
Phyllis Hoxie Monroe

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>  and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088-DM<br>Chapter 11<br>Lead Case<br>Jointly Administered<br><br>**MOTION TO DEEM CLAIMS OF SCOTT, AMANDA OLSEN, CHERI ANN SALERNO, SUSAN FARRELL, JASON REID, PHYLLIS HOXIE MONROE TIMELY FILED**<br><br>**Date:** September 22, 2020<br>**Time:** 10:00 am<br>**Location:** United States Bankruptcy Court<br>450 Golden Gate Ave Ctrm 17<br>San Francisco, CA 94102<br>**Judge:** Honorable Dennis Montali |

    Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, Creditors James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe ("Creditors") hereby move for entry of an order deeming their proofs of claim in these cases timely filed.

## SUMMARY OF ARGUMENT

    Under the flexible standard for excusable neglect, Creditors' claims should be deemed timely. Creditors' retained the law firm of Cutter Law, P.C. late in December of 2019 to file claims related to the Camp Fire. The associate attorney to whom the executed retainers were directed was out on vacation

at the time and only upon her return to the office in the middle of January 2020 did the firm realize that Creditors' retainers had been sent to the firm and that no claims had been filed prior to the bar date. Under the factors in the United States Supreme Court case of *Pioneer Investment Services v. Brunswick Associated Ltd. Partnership* 507 U.S. 380 (1993), the circumstances of this case present excusable neglect. In following *Pioneer*, the Ninth Circuit found that even when experienced counsel failed to calendar an appellate deadline with no extraneous circumstances, a finding of excusable neglect was proper. *Pincay v. Andrews* 389 F.3d 853, 859 (9th Cir. 2004). This case presents no prejudice to the Debtors, presents no delay to the judicial administration of this case, and is made in good faith. Rather, to deny this claim would work a severe injustice to Creditors, which is an important factor that should be weighed. *Id*.

## PROCEDURAL BACKGROUND

On January 29, 2019, the Debtors, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") filed a voluntary Chapter 11 Petition. See Dkt. 1. On July 2, 2019, the Court entered an order establishing October 21, 2019 ("the bar date") as the deadline for Fire Victim claimants to file proofs of claim in this bankruptcy. See Dkt. 2806. That deadline was extended to December 31, 2019, ("the extended bar date."). See Dkt. 4872. As more fully discussed below, Creditors' personal injury counsel filed proofs of claim as follows:

Susan Farrell, claim number 97693, filed March 9, 2020

Phyllis Hoxie Monroe, claim number 97683, filed March 9, 2020

James Scott, claim number 97705, filed March 10, 2020

Amanda Olsen, claim number 97714, filed March 10, 2020

Jason Reid, claim number 97684, filed March 10, 2020

Cheri Ann Salerno, claim number 97657, filed March 11, 2020

## FACTUAL BACKGROUND

1. Each of the Creditors have a fire claim related to the 2018 Camp Fire and are represented by John G. Roussas of the Cutter Law P.C. firm in Sacramento, California. *See* Proofs of Claim 97693, 97683, 977095, 97714, 97684, and 9657. The reason for each of Creditors' claims being untimely filed and the resulting actions to resolve this issue are identical.

2.      From September through December 2019, Cutter Law had an established protocol in place for receiving Camp Fire retainer agreements from an agent. The agent would forward executed retainers and documentation to an intake person, a clerical person, and an attorney at Cutter Law for processing. These procedures had been in place and effectively working since September 2019. On December 19, 2019, attorney Jennifer S. Domer left the country for vacation, returning on January 16, 2020. Upon her return, Ms. Domer discovered that the agent had mistakenly forwarded Creditors' retainer agreements only to her email address, contrary to the procedures established earlier that same year. Not only were the retainers not sent to an intake person nor a clerical person, Ms. Domer was not an attorney who they should have been sent. Ms. Domer had not been checking her email during vacation and did not discover the executed retainers until after her return in January. Domer Decl. ¶¶ 2-6.

3.      On January 16, 2020, attorney John Roussas learned of Creditors' misdirected retainer agreements. At that time, he knew that the claims bar date of December 31, 2019 had already passed. He promptly investigated to determine whether claims had been filed for Creditors and discovered that no claims had been filed by the bar date. Roussas Decl. ¶¶ 3-4.

4.      After ascertaining that no claims had been filed for Creditors, Mr. Roussas begun performing legal search as to the best procedure to address late filed claims. Roussas Decl. ¶¶ 5-6.

5.      Mr. Roussas also directed his associate to reach out to the tort claimant committee to see if there would be any late-filed claims procedures for Camp Fire claimants. On February 6, 2020, Mr. Roussas learned that there were no plans to implement a unique procedure to address late-filed claims. Roussas Decl. ¶ 7.

6.      Mr. Roussas consulted with multiple bankruptcy attorneys to seek relief from the late-filed claims. His office ultimately filed claims for the Creditors on March 9, 10, and 11, 2020. Roussas Decl. ¶ 8-9.

7.      Due to the COVID-19 pandemic, Mr. Roussas' office was working remotely and, by the first week of April, was closed to in-person work. Roussas Decl. ¶ 10.

//

//

8. After reviewing the Fire Victim Claims Resolution Procedures on July 8, 2020, Mr. Roussas determined that filing a motion to deem the late-filed claims as timely was the best procedure to protect his Clients' interests in this case. Roussas Decl. ¶¶ 12-14.

**ARGUMENT**

The time in which to file claims in a Chapter 11 Bankruptcy may be extended by motion based on excusable neglect. Federal Rules of Bankruptcy Procedure, Rule 9006(b)(1) provides:

(b) Enlargement.

> (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect**.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

Determination of excusable neglect has been interpreted by the United States Supreme Court as an equitable consideration.

> "We conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, there is no danger of prejudice to the Debtors. Where the claim does not disrupt the distribution process, no prejudice will result. *In re Sacred Heart Hosp.* 186 B.R. 891, 897 (Bankr. E.D.

Pa. 1995) ("Exactly how the debtor's assets are distributed is ultimately of little consequence to the debtor, so long as the claim is not filed so late as to disrupt the distribution process.")**.**

Further, the delay is not significant. Creditors' claims were filed just three months after the extended bar date and allowing the late claims will not delay the proceedings as the Fire Victim Trust, from which his claim will be paid, is still in the early stages of administering claims. Creditors' personal injury counsel acted diligently upon realizing that Creditors' claims had not been filed by the bar date and took appropriate action to research the applicable law and procedures on how to proceed to remedy the problem, including seeking counsel from bankruptcy practitioners. Creditors' personal injury counsel filed claims just three months after the extended bar date and continued to research how to validate the late-filed claims in the midst of a global pandemic. Under these circumstances, Creditors' personal injury counsel's actions were as diligent and prompt as could be expected.

Excusable neglect can be found even where sophisticated attorneys miss a deadline. *ZILOG, Inc. v. Corning (In re ZILOG, Inc.)* 450 F.3d 996, 1006 (9th Cir. 2006). Here, Creditors' personal injury counsel missed the extended bar date by virtue of the fact that one of their associates was out on a planned vacation and did not timely receive executed retainers from Creditors. Further, Creditors' personal injury counsel acted in good faith by diligently investigating late-claims procedures and filing claims upon the conclusion of their research. Creditors' failure to timely file claims was not based on litigation tactics where a party deliberately misses a deadline to gain advantage. *Venice Baking Co. v. Sophast Sales & Mkg. LLC* 2016 U.S. Dist LEXIS 141533.

And, finally, the likelihood of injustice is great if these claims are not permitted. Creditors are Camp Fire victims who seek compensation for their losses through this bankruptcy. Creditors' claims were untimely filed by no fault of their own. Furthermore, Creditors' claims, if deemed timely filed by the Court, would have little to no appreciable impact on these proceedings. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) ("The length of delay in time is only given meaning by its effect on the administration of the case."). Denying compensation to each of the Creditors would result in a severe injustice especially compared the nominal, if any, prejudice that would be suffered by Debtors by deeming Creditors' claims timely filed.

//

**CONCLUSION**

Because consideration of the Pioneer factors points overwhelmingly to Creditors' neglect having been excusable, the motion should be granted and each of the Creditors' claims should be deemed timely. Accordingly, Creditors request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;
2. Directing that the following claims are deemed timely filed:
    a. Susan Farrell, claim number 97693, filed March 9, 2020
    b. Phyllis Hoxie Monroe, claim number 97683, filed March 9, 2020
    c. James Scott, claim number 97705, filed March 10, 2020
    d. Amanda Olsen, claim number 97714, filed March 10, 2020
    e. Jason Reid, claim number 97684, filed March 10, 2020
    f. Cheri Ann Salerno, claim number 97657, filed March 11, 2020
3. Granting such other or further relief as the Court deems just and proper.

Dated: August 21, 2020

Law Office of Rick Morin, PC

By: Richard Morin
Attorney for Creditors James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe