Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorney for Creditors James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>    and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Case No. 19-30088-DM<br>Chapter 11<br>Lead Case<br>Jointly Administered<br><br>**DECLARATION OF JOHN ROUSSAS IN SUPPORT OF MOTION TO DEEM CLAIMS TIMELY FILED OF JAMES SCOTT, AMANDA OLSEN, CHERI ANN SALERNO, SUSAN FARRELL, JASON REID, AND PHYLLIS HOXIE MONROE**<br><br>**Date:** September 22, 2020<br>**Time:** 10:00 am<br>**Location:** United States Bankruptcy Court<br>450 Golden Gate Ave Ctrm 17<br>San Francisco, CA 94102<br>**Judge:** Honorable Dennis Montali |

I, John Roussas, declare:

   1.   I am an attorney at the law firm of Cutter Law P.C., the attorney for James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe.

   2.   I have personal knowledge of the following facts and would testify competently thereto if called as a witness, except as to those matters stated on information and belief, and as to

---

1
DECLARATION OF JOHN ROUSSAS IN SUPPORT OF MOTION
Case No. 19-30088-DM

those matters, I believe them to be true. I make this declaration in support of Motion to Deem Claims Timely Filed of James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe.

3. On Thursday January 16, 2020 when I was out of town in a deposition on another matter, I first learned from Jennifer Domer that Cutter Law had been retained by James Scott, Amanda Olsen, Cheri Ann Salerno, Susan Farrell, Jason Reid, and Phyllis Hoxie Monroe. I knew the claims bar date was December 31, 2019 so I immediately inquired whether Cutter Law had filed claims on behalf of these clients and learned that it had not.

4. Because I was aware of other fire claimants retaining multiple law firms, I had my assistant review the claims register to determine whether any of these clients had retained another law firm to file a claim or had personally filed a claim on their own behalf. They had not. I concluded this work by January 17.

5. I next performed preliminary legal research to determine the appropriate legal procedure for addressing late claims, and the applicable legal standard.

6. I then performed research to determine whether the Bankruptcy Court established a late filed claims procedure specifically for the Camp Fire claimants, separate and apart from the standard bankruptcy procedures. I did not find such a procedure.

7. Concurrently with my own research, I requested that my associate reach out to the tort claimant committee to inquire whether there were any plans to implement a unique late filed claims procedure for Camp Fire claimants, and/or extend the claims bar date for a second time. On February 6, 2020, we learned there were no plans to implement a unique late filed claims procedure for fire claimants, and/or extend the claims bar date for a second time.

8. On March 2, I contacted a local bankruptcy specialist to discuss his retention. He was not available but provided referrals to other bankruptcy specialists.

9. Over the next ten days, I consulted with multiple bankruptcy specialists to whom I was referred, and ultimately engaged The Law Office of Rick Morin, PC. Mr. Morin advised me that he

2
DECLARATION OF JOHN ROUSSAS IN SUPPORT OF MOTION
Case No. 19-30088-DM

would have to perform legal research, but that in the interim, my office should proceed with filing claims on behalf of each claimant. We filed claims for the six clients on March 9, 10, and 11.

10. During this time, the COVID 19 pandemic was spreading. In response, Cutter Law employees and I transitioned to working from home offices. By the first week in April, Cutter Law was closed to in-person work.

11. On March 17, while I was working remotely, Mr. Morin contacted me and informed me that between the chaos of the spreading pandemic and his existing obligations, he would not be able to further assist with these issues.

12. Under the circumstances, and in light of the advice I had received to-date, I believed that the six clients' circumstances might be improved once the claims administrator published its claims resolution procedures.

13. On July 8, 2020, I received notice that the claims administrator published its "Fire Victim Claims Resolution Procedures." I reviewed the procedures, and immediately called Mr. Morin to discuss proceeding with the claims now that the procedures had been published.

14. After Mr. Morin had reviewed the procedures, he and I discussed the next steps that Cutter Law would need to complete in order to file the motions and proceeded with those steps.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 19, 2020, in Sacramento, California.

John Roussas

3
DECLARATION OF JOHN ROUSSAS IN SUPPORT OF MOTION
Case No. 19-30088-DM