# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>     - and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FOURTH INTERIM AND FINAL APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (1) THE INTERIM PERIOD FROM JUNE 1, 2020 THROUGH JUNE 30, 2020 AND (2) THE FINAL PERIOD FROM JULY 18, 2019 THROUGH JUNE 30, 2020**<br><br>[No hearing requested]<br><br>DATE:  TBD<br>TIME:  TBD<br><br>**OBJECTION DATE**:<br>September 16, 2020 at 4:00 p.m. (PDT) |

-1-

## GENERAL INFORMATION

| | |
|---|---|
| NAME OF APPLICANT: | TRIDENT DMG LLC |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | OFFICIAL COMMITTEE OF TORT CLAIMANTS |
| PETITION DATE: | JANUARY 29, 2019 |
| RETENTION DATE: | ORDER ENTERED SEPTEMBER 17, 2019, EFFECTIVE AS OF JULY 18, 2019 |
| PRIOR APPLICATIONS: | FIRST INTERIM APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATON AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 18, 2019 THROUGH SEPTEMBER 30, 2019 [DKT. NO. 4721] |
| | SECOND INTERIM APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATON AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH JANUARY 30, 2020 [DKT. NO. 6297] |
| | THIRD INTERIM APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATON AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020 [DKT. NO. 8395] |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THE FOURTH INTERIM FEE APPLICATION

| | |
|---|---|
| TIME PERIOD COVERED BY APPLICATION: | JUNE 1, 2020 THROUGH JUNE 30, 2020 |
| TOTAL FEES SOUGHT FOR THIS PERIOD: | $35,000.00 (100%) |
| TOTAL EXPENSES SOUGHT FOR THIS PERIOD: | $0.00 |
| TOTAL FEES ALREADY PAID FOR THIS PERIOD: | $14,000.00 |
| TOTAL EXPENSES ALREADY PAID FOR THIS PERIOD: | $0.00 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION AND NOT YET PAID: | $21,000.00 |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN THE FINAL FEE APPLICATION

| | |
|---|---|
| TIME PERIOD COVERED BY APPLICATION: | JULY 18, 2019 THROUGH JUNE 30, 2020 |
| TOTAL FEES SOUGHT FOR THIS PERIOD: | $412,500.00 (100%) |
| TOTAL EXPENSES SOUGHT FOR THIS PERIOD: | $28,846.15 |
| TOTAL FEES ALREADY PAID FOR THIS PERIOD: | $334,421.33 |
| TOTAL EXPENSES ALREADY PAID FOR THIS PERIOD: | $28,846.15 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION AND NOT YET PAID: | $77,578.67[1] |

---

[1] Adjusted by minus $500.00 to reflect fee-reduction agreement noted in Footnote 2.

## SUMMARY OF FOURTH INTERIM AND FINAL FEE APPLICATION

| Date Filed | Period Covered | Fixed Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Amounts |
|---|---|---|---|---|---|---|
| 1st Interim Fee Application 11/14/19 (DE 4721) | 07/18/19-09/30/19 | $97,500.00 | $96,421.33[2] | $12,037.01 | $12,037.01 | $578.67 |
| 2nd Interim Fee Application 03/13/20 (DE 6297) | 10/01/19-01/30/20 | $140,000.00 | $112,000.00 | $13,574.74 | $13,574.74 | $28,000.00 |
| 3rd Interim Fee Application 07/14/20 (DE 8395) | 02/01/20-05/31/20 | $140,000.00 | $112,000.00 | $3,234.40 | $3,234.40 | $28,000.00 |
| 11th Monthly Statement (Portion for Uncovered Period) | 06/01/20-06/17/20 | 17,500.00 | $14,000.00 | $0.00 | N/A | $3,500.00 |
| 12th Monthly Statement 08/03/20 (DE 8621) | 06/18/20-06/30/20 | $17,500.00 | $0.00 | $0.00 | N/A | $17,500.00 |
| **TOTAL** | | **$412,500.00** | **$334,421.33** | **$28,846.15** | **$28,846.15** | **$77,578.67[3]** |

Summary of Any Objections to Interim Fee Applications/Monthly Fee Statement: <u>None</u>

Compensation and Expenses Sought and Not Yet Paid: **$77,578.67**.

---

[2] Trident and the Fee Examiner agreed to a reduction in fees in the amount of $500.00.

[3] Adjusted by minus $500.00 to account for fee reduction noted in Footnote 1.

## HOURS BY PROFESSIONAL
## FOR THE PERIOD JULY 18, 2019 THROUGH JUNE 30, 2020

| PROFESSIONAL | POSITION | TOTAL HOURS |
|---|---|---|
| Lanny Davis | Partner | 35.50 |
| Adam Goldberg | Partner | 103.00 |
| Alexander Lange | Senior Director | 435.00 |
| Eleanor McManus | Partner | 43.00 |
| Emily Seeley | Account Manager | 318.50 |
| **TOTAL** | | **935.00** |

## HOURS BY TASK FOR
## FOR THE PERIOD JULY 18, 2019 THROUGH JUNE 30, 2020

| TASK DESCRIPTION | HOURS |
|---|---|
| Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys | 278.00 |
| Internal Client Meetings | 114.50 |
| Research and Writing | 116.50 |
| Working with the Media | 235.50 |
| Travel | 89.00 |
| Communications with External Stakeholders | 80.50 |
| Attend Court Hearing | 21.00 |
| **TOTAL** | **935.00** |

**EXPENSE SUMMARY**
**FOR THE PERIOD JULY 18, 2019 THROUGH JUNE 30, 2020**

| EXPENSES | AMOUNTS |
|---|---:|
| CourtCall to Attend Court Hearing | $410.00 |
| Media Release | $3,146.90 |
| Airfare/Train Fare | $8,247.20 |
| Lodging | $1,992.50 |
| Ground Transportation | $1,748.53 |
| Business Meals | $375.06 |
| Digital Advertising | $12,417.40 |
| Conference Calls | $508.56 |
| **Total Expenses Requested:** | **$28,846.15** |

**FOURTH INTERIM AND FINAL APPLICATION OF TRIDENT DMG LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 18, 2019 THROUGH JUNE 30, 2020**

Trident DMG LLC ("**Trident**" or the "**Applicant**"), the communications consultant for the Official Committee of Tort Claimants (the "**TCC**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Bankruptcy Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**" or "**Reorganized Debtors**"), hereby submits its *Fourth Interim and Final Application of Trident DMG LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for (1) the Interim Period From June 1, 2020 through June 30, 2020* (the "**Interim Application Period**") *and (2) the Final Period From July 18, 2019 through June 30, 2020* (the "**Final Application Period**" and, together with the Interim Application Period, the "**Application Period**") (the "**Application**") seeking entry of an order, on a final basis, pursuant to Sections 330(a) and 331 of Title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees,* promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 (the "**Narrative Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 For Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Docket No. 701], and the revised Fee Examiner Protocol filed on October 24, 2019 (the "**Revised Protocol**") [Docket No. 4473] (collectively, the "**Guidelines**") for final allowance of compensation for professional services and reimbursement of actual and necessary expenses in connection with the Applicant's representation of the TCC in the Bankruptcy Cases.

Trident seeks final approval of compensation and reimbursement of expenses for the Final Application Period totaling **$441,346.15** which sum represents fees for communications services

rendered in the amount of **$412,500.00** and reimbursement for expenses incurred in the amount of **$28,846.15**.

This Application is based upon the contents hereof, together with the exhibits, the declaration of Adam W. Goldberg filed concurrently herewith, the pleadings, papers, and records on file in the Bankruptcy Cases, and any evidence or argument that the Court may entertain at the time of any hearing on the Application.

Pursuant to the Guidelines, a cover letter enclosing this Application is being sent to the Chair of the TCC concurrently. The letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee ("**UST**") any objections, concerns, or questions the Chair may have regarding the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit A**.

## RELEVANT BACKGROUND

1. On January 29, 2019 (the "**Petition Date**"), the Debtors filed the Bankruptcy Cases. The Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code during the Final Application Period. The Bankruptcy Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On February 15, 2019, the Office of the UST filed an Appointment of the Official Committee of Tort Claimants [Docket No. 453]. Following the resignation of Richard Heffern from the original TCC and the addition of Tommy Wehe, on February 21, 2019, the UST filed the Amended Appointment of the Official Committee of Tort Claimants [Docket No. 530]. Following the resignation of Kirk Trostle and GER Hospitality, LLC, the UST filed the Second Amended Appointment of the TCC on March 27, 2020 [Docket No. 6503]. On April 3, 2020, following the resignation of Karen K. Gowins, the UST filed the Third Amended Appointment of the TCC [Docket No. 6613]. The current members of the TCC are: (i) Tommy Wehe; (ii) Angelo Loo; (iii) Agajanian, Inc.; (iv) Susan Slocum; (v) Samuel Maxwell; (vi) Karen M. Lockhart; (vii) Wagner Family Wines-Caymus Vineyards; and (viii) Gregory Wilson.

3. On July 27, 2019, the TCC filed its *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Trident DMG LLC as Communications Consultant Effective as of July 18, 2019* [Docket No. 3224] (the "**Retention Application**"). On September 17, 2019, the Court entered its *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Trident DMG LLC as Communications Consultant Effective as of July 18, 2019* [Docket No. 3916] (the "**Retention Order**"). A true and correct copy of the Retention Order is attached hereto as **Exhibit B**. The Applicant is not holding, and has not held, any retainer in connection with the Bankruptcy Cases or the work performed on behalf of the TCC.

4. As set forth below, Trident worked with the TCC and its attorneys to address the serious issues involved with communicating with the tort claimants in the Bankruptcy Cases during the Application Period, including helping educate the tort claimants about the Bankruptcy Court's deadline for filing proofs of claim and the Debtors' plan of reorganization. The services and expenses for which final compensation is sought herein were rendered for and on behalf of the TCC. Trident respectfully submits that the nature of the services has been necessary and beneficial to the TCC in maximizing recoveries for tort claimants.

5. On May 28, 2019, the Court entered an order appointing Bruce A. Markell as fee examiner ("**Fee Examiner**") in the Bankruptcy Cases. [Docket No. 2267]. Trident has communicated with the Fee Examiner and has supplied information to the Fee Examiner as requested and necessary for the Fee Examiner to evaluate the reasonableness of the compensation sought in this Application.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

6. This Application is Trident's fourth interim and final request for allowance and payment of fees and expenses as communications consultant to the TCC.

7. Pursuant to Bankruptcy Code §§ 330 and 331, Trident respectfully requests entry of an order, on a final basis, allowing and approving **$441,346.15** which sum represents fees for communications services rendered in the amount of **$412,500.00** and reimbursement for expenses

incurred in the amount of **$28,846.15**. Copies of Applicant's invoices detailing the services rendered during the Application Period can be found on the Court's docket at Doc. Nos. 3995, 4522, 4440, 4890, 5309, 5491, 6043, 6577, 7016, 7690, 8128 and 8621.

8. Trident has made every effort to ensure that this Application complies with the Guidelines and to avoid unnecessary duplication of effort by and among its partners and staff, as well as with other retained professionals in these cases. Trident has supplied the Fee Examiner with Trident's monthly fee statements.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

9. Trident's partners and staff spent 905.50 hours performing the services described in the Application, of which 9.5 hours was spent performing services during the Interim Application Period. The Trident team who rendered professional services during the Final Application Period are as follows: (1) Adam Goldberg (Partner); (2) Lanny Davis (Partner); (3) Eleanor McManus (Partner); (4) Alexander Lange (Senior Director); and (5) Emily Seeley (Account Manager). Adam Goldberg, Alexander Lange, and Emily Seeley rendered professional services during the Interim Application Period.

**FIXED FEE BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

10. Pursuant to the Retention Order, Trident bills on a flat-fee basis. Trident focused its efforts during this period on educating tort claimants and other stakeholders about developments in the proceedings to help tort claimants understand fully how these developments may impact their claims.

11. In addition to the requirement that a description of the general services rendered by a professional be provided in a fee application, the Guidelines also require that applications for compensation should:

> "…categorize by subject matter and separately discuss, each project or task. With respect to each project or task, the number of hours spent, the results obtained, and the amount of compensation and expenses requested should be set forth at the conclusion of the discussion of that project or task."

12. Trident established the following project categories for its representation of the TCC: (1) Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys; (2) Internal Client Meetings; (3) Research and Writing; (4) Working with the Media; and (5) Attending Court Hearings.

13. These project categories enabled Trident to monitor its activities and appropriately account for its professionals' time and to better inform the TCC, the Court, the UST, and the Fee Examiner regarding the nature of the services provided and time expended by its professionals and paraprofessionals. The work in each of these categories generally consisted of the following tasks:

(a) <u>Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys</u>

Essential to Trident's work was coordinating with the TCC and its outside counsel about the status of the Bankruptcy Court's proceedings and about Trident's outreach efforts to the media and public officials regarding issues important to communicate to tort claimants and other stakeholders. Trident held weekly scheduled and ad hoc calls with both the TCC and its outside counsel.

(b) <u>Internal Client Meetings</u>

The Trident team met regularly to coordinate our efforts on the TCC's behalf, evaluate the effectiveness of Trident's efforts to date, monitor the status of Trident's efforts, and plan Trident's next action items.

(c) <u>Research and Writing</u>

Trident's work required reviewing court records and other publicly available information relating to the TCC's claims and assessing the effectiveness of Trident's efforts. Trident's efforts also included written work to carry out assigned tasks and keep the TCC and its outside counsel informed of Trident's efforts.

(d) <u>Working with the Media</u>

Trident spent a substantial portion of its time educating journalists about issues of import to the tort claimants and other stakeholders. This included working with national, regional, and local print, broadcast, and online journalists.

(e) <u>Attending Court Hearings</u>

Trident at times telephonically attended court hearings to ensure Trident fully understood the legal developments and was sufficiently informed to advise the client and educate the media and other stakeholders about those developments.

14. In compliance with the Guidelines, a description of the people employed by Trident who rendered services to the TCC in the Bankruptcy Cases during the Application Period and whose time entries appear in the invoices is included in **Exhibit C**, attached hereto.

15. Set forth below is a summary, by project category, of the services Trident rendered during the Application Period. The number of hours devoted by each Trident professional to each project category is detailed in the invoices that can be found at Doc. Nos. 3995, 4522, 4440, 4890, 5309, 5491, 6043, 6577, 7016, 7690, 8128 and 8621.

| **PROJECT CATEGORY** | **HOURS** |
|---|---:|
| Meetings, Telephone Calls, and Emails with Client and/or Client Attorneys | 278.00 |
| Internal Client Meetings | 114.50 |
| Research and Writing | 116.50 |
| Working with the Media | 235.50 |
| Attending Court Hearings | 21.00 |
| Travel | 89.00 |
| Communications with External Stakeholders | 80.50 |
| **TOTAL** | **935.00** |

16. Pursuant to Bankruptcy Code § 504, Trident has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any fees that may be awarded to Trident in the Bankruptcy Cases, other than as may be shared among the members of the Trident firm.

17. <u>Costs and Expenses:</u> Trident requests allowance and reimbursement of actual, reasonable, and necessary out-of-pocket expenses in the amount of **$3,234.40** incurred while rendering professional services on behalf of the TCC during the Application Period.

18. The expenses Trident incurred during the Application Period are set forth in detail on the invoices that may be found on the Court's docket at Doc. Nos. 3995, 4522, 4440, 4890, 5309, 5491, 6043, and 7016, and are summarized in the following chart:

| **EXPENSES** | **AMOUNTS** |
|---|---:|
| CourtCall to Attend Court Hearings | $410.00 |
| Media Release | $3,146.90 |
| Airfare/Train Fare | $8,247.20 |
| Lodging | $1,992.50 |
| Ground Transportation | $1,748.53 |
| Business Meals | $375.06 |
| Digital Advertising | $12,417.40 |
| Conference Calls | $508.56 |
| **Total Expenses Requested:** | **$28,846.15** |

19. Trident submits that all expenses incurred during the Application Period were reasonable and necessary, are sought in compliance with the Guidelines, and should be allowed on a final basis by the Court.

# THE FEES AND EXPENSES REQUESTED
## SHOULD BE AWARDED BASED UPON APPLICABLE LAW

20. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 331 of the Bankruptcy Code, which provides for interim compensation of professionals, incorporates the substantive standards of Section 330 to govern a court's award of such compensation. 11 U.S.C. § 331.

21. Trident respectfully submits that the amounts Trident requests for compensation and expenses are fair and reasonable given the labor required and outcome achieved. The compensation Trident seeks in this Application is the customary compensation commonly sought by Trident in similar circumstances.

## CONCLUSION

22. Trident believes that this Application appropriately sets forth the significant matters handled on behalf of the TCC and provides this Court, the UST, the Fee Examiner, the Debtors' creditors, and other interested parties with an insightful overview of the scope of services rendered. Thus, Trident respectfully submits that the fees and expenses sought herein are reasonable and that the services rendered were necessary, effective, efficient, and economical.

Accordingly, Trident respectfully requests that this Application for allowance of fees and expenses, on a final basis, be granted in all respects.

WHEREFORE, Trident respectfully seeks entry of an order, substantially in the form as attached **Exhibit D**:

1. Awarding final allowance of compensation for professional services rendered during the Interim Application Period in the amount of **$35,000.00**.

2. Awarding final allowance of compensation for professional services rendered during the Final Application Period in the amount of **$441,346.15**, consisting of **$412,500.00** in fees incurred and **$28,846.15** in actual and necessary expenses.

- 14 -
Case: 19-30088    Doc# 8866    Filed: 08/26/20    Entered: 08/26/20 17:33:08    Page 14 of 17

3. Authorizing and directing the Reorganized Debtors to make prompt payment to Trident in the total amount of **$77,578.67**, which is the difference between the amount requested and the amount already paid by the Debtors pursuant to the Interim Compensation Order and which takes into account the $500.00 agreed-upon fee adjustment to the First Interim Application of Trident DMG LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period From July 18, 2019 through September 30, 2019 [Dkt. No. 4721].

4. Granting such other and further relief as the Court may deem just and proper.

Dated: August 26, 2020                                    TRIDENT DMG LLC

By: _____
Adam W. Goldberg
Partner

# CERTIFICATION

I, Adam W. Goldberg, declare as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am a partner in the communications firm Trident DMG LLC ("**Trident**"). I submit this certification in support of the *Fourth Interim and Final Application of Trident DMG LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for (1) the Interim Period From June 1, 2020 through June 30, 2020 and (2) the Final Period From July 18, 2019 through June 30, 2020* (the "**Application**"). Capitalized terms not defined herein have the meanings given in the Application.

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, conforms with the Bankruptcy Code, the Local Rules, and the Guidelines.

4. The compensation and expense reimbursement requested in this Application are billed at flat fees in accordance with practices no less favorable than those customarily employed by Trident and generally accepted by Trident's clients.

Date: August 26, 2020  TRIDENT DMG LLC

By: /s/ Adam W. Goldberg

Adam W. Goldberg
Partner

**Notice Parties**

| | |
|---|---|
| PG&E Corporation<br>c/o Pacific Gas & Electric Company<br>Attn: Janet Loduca, Esq.<br>77 Beale Street<br>San Francisco, CA 94105 | Keller & Benvenutti LLP<br>Attn: Tobias S. Keller, Esq.<br>Jane Kim, Esq.<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 |
| The Office of the United States Trustee for Region 17<br>Attn: James L. Snyder, Esq.<br>Timothy Laffredi, Esq.<br>450 Golden Gate Avenue, 5th Floor, Suite #05-0153<br>San Francisco, CA 94102 | Milbank LLP<br>Attn: Dennis F. Dunne, Esq.<br>Sam A. Khalil, Esq.<br>55 Hudson Yards<br>New York, NY 10001-2163 |
| Milbank LLP<br>Attn: Paul S. Aronzon, Esq.<br>Gregory A. Bray, Esq.<br>Thomas R. Kreller, Esq.<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067 | Weil, Gotshal & Manges LLP<br>Attn: Stephen Karotkin, Esq.<br>Jessica Liou, Esq.<br>Matthew Goren, Esq.<br>767 Fifth Avenue<br>New York, NY 10153-0119 |
| Bruce A. Markell<br>Fee Examiner<br>541 N. Fairbanks Court<br>Suite 2200<br>Chicago, IL 60611-3710 | Scott H. McNutt<br>324 Warren Road<br>San Mateo, CA 94402 |