# EXHIBIT B

# RETENTION ORDER

**Entered on Docket**
**September 17, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: September 16, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

1  Robert A. Julian (SBN 88469)
   Cecily A. Dumas (SBN 111449)
2  BAKER & HOSTETLER LLP
   1160 Battery Street, Suite 100
3  San Francisco, CA 94111
   Telephone:    628.208.6434
4  Facsimile:    310.820.8859
   Email: rjulian@bakerlaw.com
5  Email: cdumas@bakerlaw.com

6  Eric E. Sagerman (SBN 155496)
   Lauren T. Attard (SBN 320898)
7  BAKER & HOSTETLER LLP
   11601 Wilshire Boulevard
8  Suite 1400
   Los Angeles, CA 90025
9  Telephone:    310.820.8800
   Facsimile:    310.820.8859
10 Email: esagerman@bakerlaw.com
   Email: lattard@bakerlaw.com

*Counsel for Official Committee of Tort Claimants*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>      Debtors. <br><br> ☐ Affects PG&E Corporation <br><br> ☐ Affects Pacific Gas and Electric Company <br><br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **ORDER APPROVING THE APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS PURSUANT TO 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002 TO RETAIN AND EMPLOY TRIDENT DMG LLC AS COMMUNICATIONS CONSULTANT EFFECTIVE AS OF JULY 18, 2019** |

Upon the Application, filed July 27, 2019, Dkt No. 3224, (the "**Application**"),[1] of the Official Committee of Tort Claimants (the "**TCC**") of PG&E Corporation and Pacific Gas and Electric Company (collectively the "**Debtors**") for an order authorizing the retention and employment of Trident DMG LLC ("**Trident**") as communications consultant, effective as of July 18, 2019, pursuant to section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in accordance with the terms and conditions set forth in the Engagement Letter dated July 26, 2019 as such was affixed to the Goldberg Declaration, Dkt No. 3225, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Goldberg Declaration; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved solely to the extent set forth herein.

2. The TCC is authorized, pursuant to section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Trident as its communication consultant in these Cases, effective as of July 18, 2019. The terms of Trident's engagement, with the exception of

---

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Trident's compensation and reimbursement of expenses, will be pursuant to the terms of the Engagement Letter.

3. Trident shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file monthly fee statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the order entered by this Court on February 28, 2019 establishing the procedures for interim compensation and reimbursement of expenses of professionals (Dkt. No. 701), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, and any other order of the Court.

4. Notwithstanding anything to the contrary in the Application or the Engagement Letter, Trident shall not seek reimbursement for any fees or costs arising from the defense of any of Trident's monthly fee statements or fee applications in these Cases. Approval of the Application and any terms of the Engagement Letter shall not alter the result dictated by the holding in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) and its construction of 11 U.S.C. § 330(a)(1).

5. The indemnification provision set forth in the Engagement Letter is approved, subject during the pendency of these Cases to the following:

(a) Trident shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and

(b) notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no indemnification, contribution or reimbursement obligations (i) for any claim or expense that is judicially determined (the

- 3 -

determination having become final) to have arisen from Trident's bad faith, gross negligence, willful misconduct, or negligence, (ii) for a contractual dispute in which the TCC alleges the breach of Trident's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Trident should not receive indemnity, contribution or reimbursement.

6. Notwithstanding any provision in the Engagement Letter to the contrary, there shall be no limitation of liability in connection with this engagement.

7. The initial term of the engagement shall be through and including through the term provided in the Engagement Letter but may be extended by mutual consent of the TCC and Trident. If the TCC and Trident decide to extend the term of Trident's engagement, the TCC will provide the Debtors, United States Trustee and Official Committee of Unsecured Creditors (the "**Notice Parties**") with notice of the proposed extension (the "**Extended Engagement**"). Notice may be made by electronic mail. The Notice Parties shall have ten (10) calendar days from the date of service of the notice to notify the TCC of any objections to the Extended Engagement. If none of the Notice Parties objects to the Extended Engagement, the Extended Engagement shall be deemed fully authorized by the Court and no additional notice or Court approval is required. If, however, a Notice Party notifies the TCC of an objection to the Extended Engagement, the TCC shall file a notice with the Court requesting a hearing on the Extended Engagement. The Extended Engagement shall continue until such date as the Court resolves any objections.

8. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

9. Notwithstanding anything to the contrary in the Application or the Engagement Letter, Trident's allowed compensation shall have the same priority as the allowed professional fees and expenses of other professionals retained in the Cases.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

11. The TCC is authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Trident for this retention.

** END OF ORDER **