**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
 Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **CERTIFICATION OF TOBIAS S. KELLER IN SUPPORT OF FOURTH INTERIM (FEBRUARY 1, 2020 THROUGH JULY 1, 2020) AND FINAL FEE APPLICATION OF KELLER BENVENUTTI KIM LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date:  TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>     Courtroom 17, 16th Floor<br>     San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 18, 2020<br>                    4:00 p.m. (Pacific Time)** |

1    I, Tobias S. Keller, hereby certify as follows:

2        1.    I am attorney licensed to practice law in the State of California.  I am a partner in the

3    law firm of Keller Benvenutti Kim LLP (the "**Firm**"), co-counsel for the Reorganized Debtors [1], and

4    am authorized to make this Certification in that capacity.  Except as otherwise indicated, all statements

5    in this Certification are based on my personal knowledge, and, if called upon to do so, I could and

6    would testify competently thereto.

7        2.    I make this Declaration in support of the *Fourth Interim (February 1, 2020 Through*

8    *July 1, 2020) and Final Fee Application of Keller Benvenutti Kim LLP for Allowance and Payment of*

9    *Compensation and Reimbursement of Expenses* (the "**Application**").  I am an attorney designated by

10   the Firm to sign the Application on its behalf.

11       3.    Pursuant to the Northern District Guidelines, I certify that:

12           a.    I have read the Application.

13           b.    To the best of my knowledge, information and belief formed after reasonable

14                 inquiry, the compensation and expense reimbursement sought in the Application

15                 are in conformity with the Northern District Guidelines except as otherwise

16                 indicated therein.

17           c.    The compensation requested in the Application has been billed at rates and in

18                 accordance with practices no less favorable than those currently employed by

19                 the Firm and generally accepted by the Firm's clients.

20       4.    There is no agreement or understanding between the Firm and any other person other

21   than the partners of the Firm for the sharing of compensation to be received for services rendered in

22   these cases.

23       5.    As required by the Northern District Guidelines, the Firm sent billing statements to the

24   Debtors on a monthly basis during these chapter 11 cases.  I certify that the Reorganized Debtors,

25   counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a

26   copy of the Application in accordance with the Interim Compensation Order.

27

28

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

6.      Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought therein.  To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on August 28, 2020.

7.      The Firm responds to the questions identified in the UST Guidelines as follows:

Question 1:    Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period?  If so, please explain.  Answer:  No.

Question 2:    If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?  Answer:  The fees sought in the Application do not exceed by 10% or more the aggregate fees budgeted for the Firm in the debtor in possession financing budget for the Interim Fee Period.

Question 3:    Have any of the professionals included in the Application varied their hourly rate based on geographic location of the Chapter 11 Cases?  Answer:  No.

Question 4:    Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?  If so, please quantify by hours and fees.  Answer:  The Application includes fees for reviewing and revising time records and preparing and reviewing invoices in connection with the preparation of the Firm's monthly fee statements.  The Firm used a billing code for such tasks that also includes matters relating to the Firm's retention and the preparation of the monthly fee statements; the total hours expended during the Interim Fee Period was 56.2 hours, corresponding to $25,285.00 in fees.  The time spent only on preparing invoices is approximately 16.4 hours, corresponding to $6,120.00 in fees.  The Firm does not typically revise time records and invoices after they are prepared, and I expect that any time spent doing so would be de minimis.

//

//

1    Question 5:    Does the Application include time or fees for reviewing time records to

2  redact any privileged or other confidential information?  If so, please quantify hours and fees.

3  Answer:  No.

4    Question 6:    Does the Application include any rate increases since the Firm's

5  retention in this case?  If so, did the client review and approve those rate increases in advance?  Did the

6  client agree when retaining the law firm to accept all future rate increases?  Answer:  The Application

7  reflects the Firm's increase to its hourly rates effective February 1, 2020.  *See* Docket No. 5224.  The

8  hourly rates of each KBK attorney increased by $50.

9    I declare under penalty of perjury under the laws of the State of California that the foregoing is

10  true and correct.  Executed this 28th day of August, 2020, in San Francisco, California.

11                                                    */s/ Tobias S. Keller*
                                                     Tobias S. Keller
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28