| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FINAL FEE APPLICATION OF AXIOM ADVISORS AS GOVERNMENT AFFAIRS CONSULTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |

**COVER SHEET TO FINAL FEE APPLICATION OF AXIOM ADVISORS AS GOVERNMENT AFFAIRS CONSULTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| Name of Applicant: | Axiom Advisors |
|---|---|
| Applicant's Role in Case: | Government Affairs Consultant for the Official Committee of Unsecured Creditors |
| Date Order of Employment Signed: | May 9, 2019 [Docket No. 1978], effective as of March 15, 2019 |
| Total fees applied for in this Final Fee Application: | $400,000.00 |
| Reimbursable expenses sought in this Final Fee Application: | $542.00 |

**Professionals**

Axiom professionals rendering services during the Fee Period were:

| Professional | Position |
|---|---|
| Cassie Gilson | Partner |
| Jason Kinney | Partner |
| Kevin Schmidt | Partner |
| Silvio Ferrari | Associate |
| Debbie Edgar | Legislative Aide |
| Vanessa Sonnier | Legislative Aide |

**Summary of Hours by Professional**

| Professional | Title | Total |
|---|---|---|
| Cassie Gilson | Partner | 467.0 |
| Jason Kinney | Partner | 31.5 |
| Kevin Schmidt | Partner | 134.5 |
| Silvio Ferrari | Associate | 249.1 |
| Debbie Edgar | Legislative Aide | 18.5 |
| Vanessa Sonnier | Legislative Aide | 64.0 |
| **Total:** | | **1,029.5** |

**Summary of Monthly Fee Applications**

| Filing Date, Docket Number | Compensation Period | Requested Fees[1] | Requested Expenses | Holdback Fees Requested |
|---|---|---|---|---|
| *First Combined Monthly Statement* 9/26/19 [4014] | 3/15/19 - 7/31/19 | $100,000 | $242.00 | $25,000 |
| *Second Combined Monthly Statement* 11/20/19 [4818] | 8/1/19- 10/31/19 | $60,000 | $0 | $15,000 |
| *Third Combined Monthly Statement* 2/26/29 [5914] | 11/1/19- 1/31/20 | $60,000 | $0* | $15,000 |
| *Fourth Combined Monthly Statement* 7/7/2020 [8291] | 2/1/20- 6/30/20 | $100,000 | $300.00 | $25,000 |
| **Total** | | **$320,000** | **$542.00** | **$80,000** |

**Summary of Any Objections to Monthly Fee Applications:** No objections were filed with respect to the First through Fourth Monthly Fee Statements. See *Certificates of No Objection* [Docket Nos. 4793, 5107, 6509 and 8563].

**Interim Applications:** In addition to the four combined monthly statements, Axiom also filed two interim applications (the "Interim Applications") [Docket Nos. 6281 and 8413]. No formal objections were filed to the Interim Applications. Axiom has worked with the Fee Examiner with respect to these applications, and in the course of those conversations, Axiom agreed to voluntarily write-off expenses in the amount of $145.91 which were included in the Third Combined Monthly Statement (*).

---

[1] This amount represents 80% of the total fees incurred and to be paid pursuant to the Interim Fee Order, while the Holdback includes the remaining 20%. Pursuant to the Interim Applications, Axiom sought payment of 100% of its fees; neither of the Interim Applications have been approved to date.

4

**Summary of Expenses**

| Category | Amount |
|---|---|
| Transportation | $242.00 |
| Fees for Preparing Required Quarterly Filings | $300.00 |
| **Total Expenses** | **$542.00** |

# FINAL FEE APPLICATION OF AXIOM ADVISORS AS GOVERNMENT AFFAIRS CONSULTANT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Axiom Advisors ("Axiom"), the government affairs consultant for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its Final Fee Application (the "Final Fee Application") for final allowance of compensation for professional services provided to the Committee in the amount of $400,000.00 and reimbursement of actual and necessary expenses in the amount of $542.00 that Axiom incurred for the period from March 15, 2019 through June 30, 2020 (the "Fee Period"), and payment of such amounts not previously paid pursuant to the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] ("Interim Compensation Order"). In support of this Final Fee Application, Axiom respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction over this Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Final Fee Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On January 29, 2019 (the "Petition Date"), PG&E Corporation and Pacific Gas and Electric Company (collectively, the "Debtors") filed with the United States Bankruptcy Court for the Northern District of California (this "Court") their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the chapter 11 cases.

4. On February 12, 2019, the Office of the United States Trustee for Region 3 (the "US Trustee") filed a *Notice of Appointment of the Official Committee of Unsecured Creditors* [Docket No. 409] pursuant to 11 U.S.C. § 1102(a). At the Formation Meeting, the Committee selected Milbank LLP ("Milbank" or "Counsel") as its counsel and FTI Consulting, Inc. as its financial advisor. On February 15, 2019, the Committee selected Centerview Partners, LLC as its investment banker. On March 15, 2019, the Committee selected Axiom as its government affairs consultant.

**5.** On May 10, 2019, the Court entered the *Order Authorizing the Retention and Employment of Axiom Advisors as the Committee's Government Affairs Consultant, Effective as of March 15, 2019* [Docket No. 1978] (the "Retention Order").

**Summary of Services Rendered During the Fee Period**

6. The confirmation of the Debtors' Plan is a milestone in the history of California and is a culmination of the efforts of numerous advisors, citizens and members of the California legislature. Among the major achievements of the Debtors' cases were: (i) the passage of A.B. 1054, which establishes a $21 billion wildfire fund and imposed a new fire safety regime on the Debtors, conditioned on the Debtors' Plan being confirmed by June 30, 2020, and (ii) the approval by Governor Newsom of the Debtors' Plan pursuant to the agreements reached in the *Debtors' Motion for Entry of an Order (I) Approving Case Resolution Contingency Process and (II) Granting Related Relief* [Docket No. 6398] (the "CRCP Motion"). Both the passage of the legislation and the Governor's approval ultimately permitted the Debtors to emerge from bankruptcy and resolve their liabilities arising from the devastating 2016 and 2017 wildfires. As

7

such, during the Fee Period, Axiom expended significant time and resources meeting with legislators, staff, and stakeholders to discuss various wildfire issues and consulting with the Governor's office regarding the Plan. Axiom also analyzed various bills, including A.B. 1054, and amendments introduced in the California State Legislature and met with numerous parties in an attempt to understand the wildfire legislation, understand the repercussions that could occur if the Plan was not approved prior to June 30, 2020, and understand the Governor's views regarding the Plan. In the course of this work for the Committee, Axiom attended numerous hearings and met periodically with the Governor's office to discuss wildfire policy issues and these chapter 11 cases. Each of these activities developed Axiom's understanding of legislative and stakeholder dynamics for presentation to the Committee.

7. Axiom also participated in regular planning and strategy discussions internally and with the Committee's other advisors to, among other things, explain the workings of the California legislative process and key players to the Committee and the Committee's other advisors. In that effort, Axiom tracked the introduction and progress of various bills and amendments in the California State Legislature. These discussions have included email correspondence, telephone calls, and in-person meetings. Axiom participated in a weekly conference call with the Committee during which Axiom provided legislative updates and discussed recent events occurring in Sacramento with respect to the Debtors, wildfire legislation and the Plan process.

8. Axiom submits that the government affairs consulting services it rendered to the Committee in connection with the chapter 11 cases during the Fee Period, all at the direction of the Committee or its counsel, were necessary and beneficial to the Committee and the constituency represented by the Committee. These services were complex, performed at a high level and were often subject to extreme time constraints. These services were also necessary to address a

multitude of critical issues both unique to these chapter 11 cases and faced by unsecured creditor committees in cases of this size, nature and complexity.

9. Pursuant to the Interim Compensation Order, Axiom is entitled to be paid 80% of its fees and 100% of its expenses following expiration of any objection period with respect to its monthly fee statements. A chart of the various monthly fee statements filed by Axiom is set forth as part of the cover sheet of this Final Fee Application. As is shown, Axiom has previously filed four combined monthly fee statements (the "Fee Statements") [Docket Nos. 4014, 4818, 6509 and 8291]. Pursuant to the Fee Statements, Axiom has requested to be paid $320,000 by the Debtors for services rendered and expenses incurred, with $80,000 being retained pursuant to the Interim Compensation Order (the "Holdback"). As no objections were received with respect to the Fee Statements, Axiom has been paid the amounts requested in the Fee Statements, subject to certain agreements with the Fee Examiner, which included a $145.91 write-down regarding one expense item. Copies of Axiom's contemporaneous time records are attached to Axiom's Fee Statements. Axiom also filed the two Interim Applications [Docket Nos. 6281 and 8413]. To date, the Interim Applications have not yet been approved, although Axiom did not receive any objections to the amount sought therein, aside from a report Axiom received from the Fee Examiner related to certain expenses. The issues in the report received by Axiom from the Fee Examiner have been addressed, and Axiom is continuing to work with the Fee Examiner to resolve any and all issues related to its remaining statements and applications. Axiom is filing this Final Fee Application in compliance with the Plan and to seek final approval of the payment of its fees and expenses.

**Summary of Expenses Incurred During the Fee Period**

10. In accordance with the Engagement Letter and Retention Order, and consistent with Axiom's policy with respect to its other clients, Axiom is seeking reimbursement for charges and

9

disbursements incurred as out-of-pocket expenses in the rendition of necessary services to the Committee on a final basis.

11.    A chart summarizing the expenses for the Fee Period is included at the front of this Final Fee Application. As mentioned, Axiom has agreed to a small reduction to its expense requests with the Fee Examiner.

**Axiom's Requested Compensation and Reimbursement Should Be Allowed**

12.    Section 330 of the Bankruptcy Code provides that, subject to section 328 of the Bankruptcy Code, a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."

13.    The Retention Order approved Axiom's fees as provided in the Engagement Letter pursuant to section 328 of the Bankruptcy Code, subject to the terms of the Retention Order. Accordingly, compensation is sought subject to the standard of review set forth in section 328 of the Bankruptcy Code, and not the standard of review set forth in section 330 of the Bankruptcy Code, but subject to the terms of the Retention Order.

14.    The services summarized by this Final Fee Application and rendered by Axiom to the Committee were substantial, highly professional and instrumental to the Committee in navigating these chapter 11 cases. Axiom respectfully submits that the compensation and reimbursement requested by this Final Fee Application is reasonable in light of the nature and value of such services.

**Reservation of Rights and Notice**

15.    Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Final Fee Application due to

delays caused by accounting and processing during the Fee Period.  Axiom reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

16. Notice of this Final Fee Application has been or will shortly be provided to the Notice Parties (as defined in the Interim Compensation Order).

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Axiom respectfully requests that the Court enter an order: (a) awarding on a final basis Axiom compensation for professional services provided to the Committee during the Fee Period in the amount of $400,000.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $542.00; (b) authorizing and directing the Debtors to remit payment to Axiom for such fees and expenses that have not yet been paid pursuant to the Interim Compensation Order, including the Holdback; and (c) granting such other relief as is appropriate under the circumstances.

Respectfully Submitted,

Dated:  August 28, 2020

/s/ Cassie Gilson
Cassie Gilson
Partner
Axiom Advisors

*Government Affairs Consultant for the Official Committee of Unsecured Creditors*