**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FINAL FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (MARCH 20, 2019 THROUGH OCTOBER 31, 2019)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>[No hearing requested]<br><br>**OBJECTION DATE**:<br>September 18, 2020 |

Development Specialists, Inc. ("**DSI**" or the "**Applicant**"), a financial advisor for the Official Committee of Tort Claimants (the **"TCC"** or **Tort Committee**"), representing the largest group of stakeholders in the jointly administered bankruptcy cases (the "**Chapter 11 Cases**") of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**" or "**Reorganized Debtors**"), hereby submits its Final Fee Application (the "**Final Fee Application**") for allowance and payment of compensation for professional services rendered, and for allowance and reimbursement of actual and necessary expenses incurred for the period commencing March 20, 2019 through and including October 31, 2019 (the "**Compensation Period**") pursuant to Section 2.2 of the Debtors' and Shareholder Proponents Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (the "**Reorganization Plan**"), the Order Pursuant to 11 U.S.C §§ 331 and

105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019 Dkt. No. 701 (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330* (the "**UST Guidelines**"), the revised Fee Examiner Protocol filed on October 24, 2019, and the Local Bankruptcy Rules for the Northern District of California. The Applicant seeks final approval of $1,830,291.72 in total compensation and reimbursement of expenses, consisting of $1,780,836.50 in compensation and $49,455.22 in expenses.

In DSI's first interim application for allowance and payment of fees and expenses (the "**First Interim Application**") [Doc. No. 4731], which covered the period March 20, 2019 to July 31, 2019, DSI sought approval of fees in the amount of $1,090,499.00 and expenses in the amount of $33,407.89. On February 4, 2020, the Court entered an order granting interim approval of fees in the amount of $1,035,499.00 and $33,407.89 in expenses, reflecting a reduction in fees in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner. On February 6, 2020, the Court entered an amended order (the "**First Interim Fee Application Order**") [Doc. No. 5680] granting interim approval of fees in the amount of $1,035,499.00 and $33,407.89 in expenses, reflecting a reduction in fees in the amount of $55,000.00 as agreed upon by the Applicant and the Fee Examiner.

In DSI's second interim application for allowance and payment of fees and expenses (the "**Second Interim Application**") [Doc. No. 6296], which covered the period August 1, 2019 to October 31, 2019, DSI sought approval of fees in the amount of $790,337.50 and expenses in the amount of $16,047.33. On August 5, 2020, the Court entered an order (the "**Second Interim Fee Application Order**") [Doc. No. 8674] granting interim approval of fees in the amount of $745,337.50 and $16,047.33 in expenses, reflecting a reduction in fees in the amount of $45,000.00 as agreed upon by the Applicant and the Fee Examiner.

The Final Fee Application is based upon the points and authorities cited herein, the Declaration of Bradley Sharp filed concurrently herewith, the exhibits attached hereto and thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Final Fee Application.

## CASE BACKGROUND AND STATUS

### A. The Debtors Bankruptcy Proceedings

On January 29, 2019, the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

On February 15, 2019, the Office of the United States Trustee ("**U.S. Trustee**") filed an Appointment of the Official Committee of Tort Claimants [Doc. No. 453]. Following the resignation of Richard Heffern from the original TCC and the addition of Tommy Wehe, on February 21, 2019, the UST filed the Amended Appointment of the Official Committee of Tort Claimants [Doc. No. 530]. The UST filed the Second Amended Appointment of the Official Committee of Tort Claimants on March 27, 2020 following the resignations of Kirk Trostle and GER Hospitality, LLC [Doc. No. 6503], and the Third Amended Appointment of the Official Committee of Tort Claimants on April 3, 2020 following the resignation of Karen K. Gowins [Doc. No. 6613]. The members of the TCC are: (i) Tommy Wehe; (ii) Angelo Loo; (iii) Agajanian, Inc.; (iv) Susan Slocum; (v) Samuel Maxwell; (vi) Karen M. Lockhart; (vii) Wagner Family Wines-Caymus Vineyards; and (viii) Gregory Wilson.

On June 20, 2020, the Court entered the Order confirming the Reorganization Plan [Doc. No. 8053]. The Reorganization Plan states that:

> All final requests for the payment of Professional Fee Claims against a Debtor, including any Professional Fee Claim incurred during the period from the Petition Date through and including the Effective Date, must be filed and served on the Reorganized Debtors no later than sixty (60) days after the Effective Date. All such final requests will be subject to approval by the Bankruptcy Court after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Interim Compensation Order, and any other prior orders of the Bankruptcy Court regarding the payment of Professionals in the Chapter 11 Cases.

**B. The TCC Retention of Development Specialists, Inc.**

On April 15, 2019, the TCC filed the *Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as a Financial Advisor Effective as of March 20, 2019* [Doc. No. 1461] (the "**DSI Application**") and modified it in the *Supplement to the Applications of the Official Committee of Tort Claimants to Retain and Employ Lincoln Partners Advisors LLC and Development Specialists, Inc. As Its Financial Advisors* [Doc. No. 1837]. DSI agreed to provide the following categories of professional services to the TCC:

    i.    Advising the Tort Committee and its counsel regarding the tort claims process, filing and processing of tort claims and estimation of tort claims,

    ii.    Monitor developments in the Debtors' cases and assist counsel,

    iii.    Claims management,

    iv.    Advise the Tort Committee with respect to formulation of a plan and disclosure statement, as well as plan feasibility matters that involve the foregoing,

    v.    Participate in meetings/calls with the Debtors, creditors, other committees, the U.S. Trustee, and other parties in interest and professionals hired by the same, as requested, and

    vi.    Perform such other tasks as may be agreed to by DSI and directed by the Committee or order of any Court having jurisdiction over the Tort Committee.

On May 10, 2019, the Court entered the *Order Approving the Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. Section 1103 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Development Specialists, Inc. as A Financial Advisor Effective as of March 20, 2019* [Doc. No. 1977] (the "**Retention Order**"). A copy of the Retention Order is attached hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse Applicant pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and any orders of the Bankruptcy Court. Subject to the Applicant's application to the Court, the Debtors are

also authorized by the Retention Order to compensate Applicant at its normal hourly rates for services performed and to reimburse Applicant for actual and necessary expenses incurred.

Pursuant to the Narrative Guidelines, a cover letter enclosing this Final Fee Application is being sent to the Chair of the TCC concurrently. This letter invites the Chair to discuss with the Applicant and/or the Office of the United States Trustee any objections, concerns or questions the Chair may have regarding the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit B**.

This Final Fee Application summarizes the services rendered by DSI on behalf of the TCC during the Compensation Period. A summary sheet of fees and expenses from the First Interim Application and Second Interim Application is attached hereto as **Exhibit C**. The First Interim Fee Application Order granting the First Interim Application is attached hereto as **Exhibit D**. The Second Interim Fee Application Order granting the Second Interim Application is attached hereto as **Exhibit E**.

**Professional Compensation and Reimbursement of Expenses Requested**

By this Final Fee Application, the Applicant seeks final allowance of compensation of fees in the amount of $1,780,836.50 and final allowance of reimbursement of expenses in the amount of $49,455.22, for a total allowance of $1,830,291.72 which also reflects $100,000.00 in fee reductions as discussed with the Fee Examiner.

All services for which Applicant requests compensation were performed for or on behalf of the TCC. Applicant has received no payment and no promises of payment from any sources other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Fee Application.

There is no agreement or understanding between Applicant and any other person other than employees of Applicant for the sharing of compensation to be received for services rendered in these cases. As of this date Applicant has been paid $1,667,769.00 in fees for the Compensation Period and has received $49,455.22 in reimbursement for expenses. Fees of $113,067.50 have been allowed pursuant to the Interim Compensation Order but remain unpaid.

The Summary Sheet filed herewith contains tables listing the employees of Applicant who have performed services during the Compensation Period, including their job titles, hourly rates and aggregate number of hours worked in this matter. Applicant maintains computerized time records which have been filed on the Court's docket with the Applicant's monthly fee statements and served to the various notice parties. Applicant respectfully submits that the amounts Applicant requests for compensation and expenses are fair and reasonable given the labor required and outcome achieved. The compensation Applicant seeks in this Final Fee Application is the customary compensation commonly sought by Applicant in similar circumstances

## PROJECT BILLING AND NARRATIVE STATEMENT
## OF SERVICES RENDERED

DSI has not expended any hours on behalf of the TCC subsequent to October 31, 2019 and thus does not apply for any additional fees on an interim and final basis that have not already been approved on an interim basis pursuant to the First Interim Fee Application Order and the Second Interim Fee Application Order.

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES

DSI does not have any actual and necessary expenses incurred subsequent to October 31, 2019 and thus does not seek allowance of reimbursement of actual and necessary expenses incurred other than those already approved on an interim basis pursuant to the First Interim Fee Application Order and the Second Interim Fee Application Order.

## LEGAL BASIS FOR FINAL COMPENSATION

The professional services for which Applicant requests final allowance of compensation and reimbursement of expenses were rendered on behalf of and incurred in connection with the TCC as described above.

Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 1103 of the Bankruptcy Code "reasonable compensation for actual,

6

Case: 19-30088    Doc# 8889    Filed: 08/28/20    Entered: 08/28/20 14:28:27    Page 6 of 10

necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Applicant respectfully submits that the amount requested is reasonable given the complexity of these chapter 11 cases, the time expended, the nature and extent of the services rendered, and the value of such services. Moreover, Applicant has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines and the UST Guidelines and believes that the Final Fee Application complies with all of them.

## **NOTICE**

Notice of the Final Fee Application has been provided to parties in interest. Applicant submits that in view of the facts and circumstances of these chapter 11 cases, such notice is adequate and no additional or further notice need be provided.

## **CONCLUSION**

Applicant believes that this Final Fee Application appropriately sets forth the significant services Applicant performed on behalf of the TCC and provides this Court, the UST, the Fee Examiner, the Debtors' creditors, and other interested parties with an insightful overview of the scope of services rendered. Thus, Applicant respectfully submits that the fees and expenses sought herein are reasonable and that the services rendered were necessary, effective, efficient, and economical. Accordingly, Applicant respectfully requests that this Final Fee Application for allowance of fees and expenses, on a final basis, be granted in all respects.

Dated: August 28, 2020

Respectfully submitted,

_____
**Bradley D. Sharp**

Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants

# **CERTIFICATION**

I, Bradley D. Sharp, certify as follows:

The following facts are personally known to me, and if called to do so, I could and would competently testify thereto.

1. I am President and CEO of Development Specialists, Inc. ("**DSI**"). I submit this declaration in support of the *Final Fee Application of Development Specialists, Inc. For Allowance and Payment of Compensation and Reimbursement of Expenses (March 20, 2019 Through October 31, 2019* (the "**Application**").

2. I have personally reviewed the information contained in the Application and believe its contents to be true to the best of my knowledge, information and belief.

3. The compensation and expense reimbursement sought in this Application, to the best of my knowledge, information and belief, after reasonable inquiry, is in conformity with sections 330, 331, and 1103 of title 11, United States Code; Rule 2016 of the Federal Rules of Bankruptcy Procedure; the Local Rules for the United States Bankruptcy Court for the Northern District of California; the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019; the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013; the revised Fee Examiner Protocol filed on October 24, 2019; and the *Guidelines for Compensation and Expense Reimbursement of Professional and Trustees*, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014.

4. The compensation and expense reimbursement requested in this Application are billed at rates, in accordance with practices, no less favorable than those customarily employed by DSI and generally accepted by DSI's clients.

Date: August 28, 2020

Bradley D. Sharp

Development Specialists, Inc.

Financial Advisors to the Official Committee of Tort Claimants

10