Laurie Edelstein (Bar No. 164466)
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, California 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699
ledelstein@steptoe.com

*Special Counsel to Debtors
and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SUMMARY SHEET TO FIRST INTERIM AND FINAL FEE APPLICATION OF STEPTOE & JOHNSON LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM FEBRUARY 1, 2020 THROUGH JULY 1, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: TBD<br>Time: TBD (Pacific Time)<br>Place: United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 18, 2020, 4:00 p.m. (Pacific Time)** |

## General Information

| | |
|---|---|
| Name of Applicant: | Steptoe & Johnson LLP ("Steptoe") |
| Authorized to Provide Professional Services to: | Special Counsel for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Date of Retention: | April 9, 2020 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | None |

## Summary of Fees and Expenses Sought in this Application

| | |
|---|---|
| Time Period Covered by this Application | February 1, 2020 through and including July 1, 2020 (the "Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,710,586.88 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $41,417.61 |
| Total Compensation and Expenses Requested for the Compensation Period: | $1,752,004.49 |

## Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in February 1, 2020 through July 1, 2020 Monthly Fee Statements) | $1,368,469.81[1] |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in February 1, 2020 through July 1, 2020 Monthly Fee Statements) | $41,417.61[2] |

---

[1] This amount assumes payment received for 80% of fees in April 2020, May 2020, and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

[2] This amount assumes payment received for 100% of expenses in April 2020, May 2020, and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

**Summary of Fees and Expenses Sought in this Application**

| | |
|---|---|
| Total Compensation and Expenses Sought in this Final Application Already Paid But Not Yet Allowed: | $1,409,887.42[3] |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $342,117.07[4] |
| Total Compensation and Expenses Requested for the Compensation Period: | $1,752,004.49 |

**Summary of Rates and Other Related Information in this Application**

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $637.14 |
| Blended Rate in this Application for All Timekeepers: | $482.73 |
| Number of Timekeepers Included in this Application: | 11 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | None |
| Increase in Rates: | None |

This is a(n):  <u>X</u>  Interim  <u>X</u>  Final Application

---

[3] This amount assumes payment received for 80% of fees and 100% of expenses in April 2020, May 2020, and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

[4] This amount assumes payment received for 80% of fees and 100% of expenses in April 2020, May 2020, and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

**STEPTOE & JOHNSON LLP**
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

| Summary of Prior Monthly Fee Statements | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
| May 12, 2020 [Dkt. No. 7160] | 2/01/20 – 2/29/20 | $320,397.61 | $19,884.92 | $256,318.09 | $19,884.92 | $64,079.52 |
| June 10, 2020 [Dkt. No. 7874] | 3/01/20 – 3/31/20 | $371,636.84 | $11,842.98 | $297,309.47 | $11,842.98 | $74,327.07 |
| July 1, 2020 [Dkt. No. 8230] | 4/01/20 – 4/30/20 | $329,997.22 | $10 | $0[5] | $0 | $65,999.44 |
| July 15, 2020 [Dkt. No. 8401] | 5/01/20 – 5/31/20 | $445,058.36 | $2,659.66 | $0[6] | $0 | $89,011.67 |
| August 5, 2020 [Dkt No. 8672] | 6/01/20 – 7/01/20 | $243,496.85 | $7,020.05 | $0[7] | $0 | $48,699.37 |

**Summary of Any Objections to Monthly Fee Statements:**                    **None**

[5] The Firm filed its Certificate of No Objection with respect to its April 2020 fees on July 23 2020 [Docket No. 8502] and has submitted the Certificate of No Objection to its April 2020 invoices to the Debtors but has not yet been paid for 80% of the fees sought and 100% of expenses.

[6] The Firm filed its Certificate of No Objection with respect to its May 2020 fees on August 6, 2020 [Docket No. 8684] and has submitted the Certificate of No Objection and its May 2020 invoices to the Debtors but has not yet been paid for 80% of the fees sought and 100% of expenses.

[7] The Firm filed its Certificate of No Objection with respect to its June 1-July 1, 2020 fees on August 27, 2020 [Docket No. 8870] and has submitted the Certificate of No Objection and its May 2020 invoices to the Debtors but has not yet been paid for 80% of the fees sought and 100% of expenses.

**COMPENSATION BY PROFESSIONAL
FOR THE COMPENSATION PERIOD:
FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

The attorneys and paraprofessionals who rendered professional services in connection with these Chapter 11 Cases during the Fee Period are:

| Name of Professional | Department | Year Admitted | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Laurie Edelstein | Litigation | 1992 | $775 | 797.20 | $617,830.00 |
| Michael Dockterman | Litigation | 1978 | $880 | 66.70 | $58,696.00 |
| **Associates** | | | | | |
| Michael Flynn-O'Brien | Litigation | 2010 | $615 | 167.70 | $103,135.50 |
| Michael Keough | Litigation | 2014 | $615 | 513.20 | $315,618.00 |
| Patrick Casey Matthews | Litigation | 2016 | $525 | 416.00 | $218,400.00 |
| Johanna Oh | Litigation | 2017 | $525 | 693.70 | $364,192.50 |
| Kelly Champ | Litigation | 2017 | $525 | 86.90 | $45,622.50 |
| **Paralegals and Non-Legal Staff** | | | | | |
| Etelle Stephan | N/A | N/A | $250 | 206.60 | $51,650.00 |
| Daniel Huerta | N/A | N/A | $225 | 11.80 | $2,655.00 |
| Christian Escobar | N/A | N/A | $225 | 0.10 | $22.50 |
| Steven McRae | N/A | N/A | $150 | 10.90 | $1,635.00 |
| **Total Hours and Fees Incurred** | | | | **2970.80** | **$1,779,457.00** |
| **Less Volume Discount Per Master Services Agreement** | | | | | **($68,870.12)** |
| **Total Compensation Requested** | | | | | **$1,710,586.88** |

**STEPTOE & JOHNSON LLP**
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $827.50 | 863.90 | $676,526.00 |
| Associates | $561.00 | 1877.50 | $1,046,968.50 |
| Paraprofessionals | $212.50 | 229.40 | $55,962.50 |
| **Blended Attorney Rate** | **$637.14** | | |
| **Blended Rate for All Timekeepers** | **$482.73** | | |
| **Total Hours and Fees Incurred** | | **2970.80** | **$1,779,457.00** |
| **Less Volume Discount Per Master Services Agreement** | | | **($68,870.12)** |
| **Total Compensation Requested** | | | **$1,710,586.88** |

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

**COMPENSATION BY WORK TASK CODE
FOR THE COMPENSATION PERIOD:
FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

Prior to the filing of these Bankruptcy Cases, Steptoe used the following Task Codes and Descriptions in conjunction with pre-petition time entries and invoices pursuant to Debtors' billing procedures and requirements. Steptoe has continued to use these Task Codes and Descriptions in conjunction with post-petition time entries and invoices in these Special Counsel matters.

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| L110 | Fact Investigation/Development | 670.20 | $349,428.00 |
| L120 | Analysis/Strategy | 442.60 | $280,110.00 |
| L130 | Experts/Consultants | 404.70 | $256,209.00 |
| L143 | Discovery-Identification and Preservation | 3.40 | $2,203.00 |
| L160 | Settlement/Non-Binding ADR | 132.10 | $99,035.50 |
| L200 | Pre-Trial Pleadings and Motions | 365.90 | $224,010.50 |
| L310 | Written Discovery | 138.90 | $72,891.50 |
| L330 | Depositions | 503.50 | $306,936.00 |
| L350 | Discovery Motions | 14.50 | $9,602.50 |
| L400 | Trial Preparation and Trial | 180.70 | $126,315.50 |
| L500 | Appeal | 2.30 | $1,467.50 |
| L600 | Identification | 2.50 | $1,052.50 |
| L610 | Preservation | 0.20 | $155.00 |
| L620 | Collection | 0.40 | $310.00 |
| L630 | Processing | 14.40 | $4,107.50 |
| L650 | Review | 53.20 | $27,352.50 |
| L653 | First Pass Document Review | 5.50 | $2,887.50 |
| L654 | Second Pass Document Review | 12.00 | $5,502.50 |
| L656 | Redaction | 13.40 | $4,505.00 |
| L670 | Production | 9.00 | $4,290.50 |
| L900 | Settlement Process | 1.40 | $1,085.00 |
| **Totals** | | **2970.80** | **$1,779,457.00** |
| **Less Volume Discount Per Master Services Agreement** | | | **($68,870.12)** |
| **Total Compensation Requested** | | | **$1,710,586.88** |

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

**COMPENSATION BY ALTERNATIVE MATTER CODE
FOR THE COMPENSATION PERIOD:
FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

To facilitate the Court's, the United States Trustee's, the Fee Examiner's, and parties' review of the fees for which Steptoe seeks approval and payment in the context of this Application, Steptoe provides the following *alternative* Matter Code Table that segregates the Special Counsel matters Steptoe has handled for the Debtors during the Compensation Period by the Steptoe Matter Number and Name for such matters.  The following table reflects the same hours and same amounts as the preceding Task Code Table, but is organized in a different format that Steptoe believes is more consistent with the applicable Guidelines:

| Matter Code | Matter Name | Hours | Fees |
|---|---|---:|---:|
| 024436.00001 | Wilstead, Clarissa v. PG&E | 2.40 | $1,545.00 |
| 084371.00008 | Core Transport Agent Cases | 42.20 | $33,566.00 |
| 084371.00010 | Ghost Ship Fire Litigation | 2669.90 | $1,592,211.50 |
| 084371.00011 | Valero Refinery Outage | 252.20 | $148,957.00 |
| 084371.00015 | Gantner PSPS Class Action | 4.10 | $3,177.50 |
| **Totals:** | | **2970.80** | **$1,779,457.00** |
| **Less Volume Discount Per Master Services Agreement** | | | **($68,870.12)** |
| **Total Compensation Requested** | | | **$1,710,586.88** |

**EXPENSE SUMMARY**
**FOR THE COMPENSATION PERIOD:**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

| Expense | Totals |
|---|---|
| Air Fare | $376.80 |
| Deposition Transcripts | $27,829.85 |
| Fees - Court | $60.50 |
| Filing Fees | $2,047.75 |
| Hearing Transcripts | $151.92 |
| Hotel | $1,138.58 |
| Arbitrators/Mediators | $3,195.28 |
| Meals | $1,232.72 |
| Postage | $1.00 |
| Taxis | $153.55 |
| Trial Transcripts | $4,776.00 |
| Federal Express | $327.16 |
| Publications | $126.50 |
| **Total Expenses Requested:** | **$41,417.61** |

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

Laurie Edelstein (Bar No. 164466)
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, California 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699
ledelstein@steptoe.com

*Special Counsel to Debtors*
*and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **FIRST INTERIM AND FINAL FEE APPLICATION OF STEPTOE & JOHNSON LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM FEBRUARY 1, 2020 THROUGH JULY 1, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date: TBD<br>Time: TBD (Pacific Time)<br>Place: United States Bankruptcy Court<br>    Courtroom 17, 16th Floor<br>    San Francisco, CA 94102<br>Judge: Hon. Dennis Montali |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Objection Deadline:  September 18, 2020,<br>    4:00 p.m. (Pacific Time)** |

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

Steptoe & Johnson LLP ("**Steptoe**" or the "**Applicant**"), special counsel to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ( "**PG&E**") (collectively, the **"Debtors"**), hereby submits its First Interim and Final Fee Application (the "**Application**") for the allowance and payment of compensation for professional services performed by Steptoe for the period commencing February 1, 2020 through July 1, 2020 (the "**Compensation Period**") and for the reimbursement of its actual and necessary expenses incurred during the Compensation Period.

This Application has been prepared in accordance with *the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Docket No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**"), the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**"), and the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5572] entered January 30, 2020 (the "**Second Amended Fee Procedures Order**").

This First Interim and Final Fee Application is based upon the following points and authorities, the attached Certification of Laurie Edelstein, the pleadings, papers, and records on

file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CASE BACKGROUND AND STATUS

### A. The Debtors' Bankruptcy Proceedings

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). While the Chapter 11 petitions for relief were pending, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court [Docket No. 4473-1]. On December 18, 2019, the Court entered the Amended Fee Procedures Order [Docket No. 5168], and on January 30, 2020, the Court entered the Second Amended Fee Procedures Order [Docket No. 5572].

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

1    Additional information regarding the circumstances leading to the commencement of the

2    Chapter 11 Cases and information regarding the Debtors' businesses and capital is set forth in the

3    *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief*

4    [Docket No. 263].

5    On June 20, 2020, the Bankruptcy Court entered an order (the "**Confirmation Order**")

6    [Docket No. 8053], confirming *the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan*

7    *of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or

8    supplemented from time to time, and together with all scheduled and exhibits thereto, the "Plan").

9    The Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020 and the Debtors

10   were reorganized, as provided in the Plan and the Confirmation Order.  The Debtors became and

11   now are the Reorganized Debtors.

12   **B.      The Debtors' Retention of Steptoe**

13   On April 9, 2020, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e), Fed. R.*

14   *Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals*

15   *Used in the Ordinary Course of Business for Authority to Retain and Employ Steptoe & Johnson*

16   *LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Docket No. 6719] (the

17   "**Retention Order**").

18   The Retention Order authorizes the Debtors to compensate and reimburse the Firm

19   pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and the

20   Interim Compensation Order.  Subject to Steptoe's application to the Court, the Debtors also are

21   authorized by the Retention Order to compensate Steptoe at the Firm's standard hourly rates for

22   services performed and to reimburse it for actual and necessary expenses incurred.  The Retention

23   Order authorizes Steptoe to provide the following services to the Debtors, as forth in Steptoe's

24   Retention Application [Docket No. 6458]:

25   - To advise and represent PG&E and PG&E Corporation in connection with the action,
26     *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases)
       (Alameda County Superior Court);

27   - To advise and represent PG&E in connection with the action, *Valero Refining*
28     *Company – California* v. *Pac. Gas & Elec. Co.*, No. 17 Civ. 1350 (E.D. Cal.);

- To advise and represent PG&E and three current and former employees in connection with the action *Tiger Natural Gas, Inc.* v. *Pac. Gas & Elec. Co.*, No. 16 Civ. 6711 (N.D. Cal.);

- To advise PG&E in connection with issues and litigation arising out of the Public Power Safety Shutoffs (PSPS);

- To advise PG&E in connection with a dispute with a customer arising out of a scheduled transmission clearance; and

- To perform any other necessary legal services in connection with these matters and also assist, as requested by Debtors, with other matters related to these services as they may affect the Chapter 11 cases.

## PROFESSIONAL COMPENSATION AND
## REIMBURSEMENT OF EXPENSES REQUESTED

By this Application, Steptoe respectfully requests allowance of compensation for professional services performed during the Compensation Period in the amount of $1,710,586.88 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $41,417.61 for a total allowance of $1,752,004.49, and payment of $342,117.07 (20% of the allowed fees) for the Compensation Period.[8]

During the Compensation Period, Steptoe attorneys and paraprofessionals recorded a total of 2970.80 hours in connection with the necessary services performed. Of the time recorded, 863.90 hours were recorded by Steptoe partners; 1877.50 hours were recorded by associates; and 229.40 hours were recorded by paraprofessionals and other non-legal staff. During the Compensation Period, Steptoe billed the Debtors for time spent by attorneys based on hourly rates ranging from $525.00 to $880.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of $637.14.

There is no agreement or understanding between Steptoe and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth with respect to payments Steptoe received pursuant to the Interim Compensation Order during the Compensation Period, Steptoe received no payment or

---

[8] This amount assumes payment of 80% of fees in Steptoe's April 2020, May 2020 and June 1-July 1, 2020 monthly fee statements in the ordinary course.

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Steptoe has billed the Debtors in these Chapter 11 cases in accordance with terms and conditions and billing procedures set forth in the Master Services Agreement between PG&E and Steptoe, dated January 16, 2018, as modified by a Letter Agreement between PG&E and Steptoe, dated January 16, 2018, and as further amended by an Addendum, dated November 12, 2019, and an Addendum to a Retention Letter, dated December 26, 2019 (collectively, the "Engagement Agreement"). The hourly rates Steptoe negotiated with Debtors in connection with the Engagement Letter and Steptoe has charged Debtors for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are significantly lower than Steptoe's standard hourly rates, which are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Steptoe also provides Debtors with certain volume discounts.

The summary sheets contain a schedule of Steptoe professionals and paraprofessionals who performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Steptoe, the department in which each individual practices, the hourly billing rate Steptoe charged for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed. Biographical information for paraprofessionals can be made available upon request by the Court and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

The summary sheets also contain a summary of Steptoe hours billed during the Compensation Period using billing task codes and also a summary of Steptoe hours billed during the Compensation Period by Steptoe's internal matter name and number. Steptoe maintains computerized records of the time spent by all Steptoe attorneys and paraprofessionals in connection with its representation of the Debtors. Copies of these computerized records have been filed on the docket with Steptoe's monthly fee statements and furnished to the Debtors, counsel

for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheets also contain a schedule specifying the categories of expenses for which Steptoe is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Steptoe's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed as **<u>Exhibit A</u>** is a certification regarding Steptoe's compliance with the Fee Guidelines.

Debtors provide annual budgets to Steptoe for some (but not all) of the matters Steptoe handles for them. These budgets are subject to periodic review and adjustments by the Debtors during the course of each year. To the extent the Debtors have provided current budgets to Steptoe for the matters Steptoe is handling for them, they are being adjusted to cover all fees and expenses incurred during the Compensation Period.

**SUMMARY OF SERVICES PERFORMED BY STEPTOE DURING THE COMPENSATION PERIOD**

In accordance with the Interim Compensation Procedures Order, the Northern District Guidelines, and the Local Rules, Steptoe classified the services it performed for the Debtors during the Compensation Period into the five (5) matters set forth below, which represent Steptoe's internal matter names and numbers under which Steptoe has invoiced the Debtors during the Compensation Period. Detailed time entries for the following matters have been filed with the Court and served in accordance with the Interim Compensation Procedures Order as part of Steptoe's First through Fifth Monthly Fee Statements [Dkt. Nos. 7160, 7874, 8230, 8401, 8672] following entry of the Retention Order. Steptoe incorporates those time entries into this Application and refers any interested party to them.

**1.      Wilstead, Clarissa v. PG&E:  Steptoe Matter No. 024436.00001**

Steptoe represents PG&E in this putative consumer class action that was dismissed on demurrer and is now on appeal to the Court of Appeal for the First Appellate District. The appeal

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

was stayed upon PG&E's filing of these Chapter 11 cases on January 29, 2019. Pursuant to court order, during the Compensation Period, Steptoe has prepared and filed quarterly status reports with the Court of Appeal updating the court of the status of the bankruptcy proceedings.

**Total Hours: 2.40      Total Fees:      \$1,469.68[9]**

### 2.      Core Transport Agent Cases:  Steptoe Matter No. 084371.0008

Steptoe represents PG&E and three current and former employees in an action brought by Tiger Natural Gas, Inc. (Tiger), a core gas transport agent, alleging RICO and federal antitrust claims, among others, arising out of PG&E's billing and collections role, *Tiger Natural Gas, Inc.* v. *Pac. Gas & Elec. Co.*, No. 16 Civ. 6711 (N.D. Cal.). On October 18, 2019, Tiger filed before this Court a motion for relief from stay. [See Docket No. 4322.] On January 21, 2020, Tiger and PG&E filed a stipulation with this Court for limited relief from the automatic stay to participate in mediation. [See Docket No. 5431]. On January 22, 2020, the Court entered the *Order Approving Stipulation Between Debtor Pacific Gas and Electric Company and Tiger Natural Gas, Inc. for Limited Relief from the Automatic Stay* [Docket No. 5455].

During the Compensation Period, Steptoe prepared for and participated in a mediation between the parties on May 11, 2020. In connection with the mediation, Steptoe analyzed Tiger's damages and prepared a mediation brief. Since the mediation, Steptoe has continued to engage in follow up settlement discussions with Tiger and the mediator.

**Total Hours: 42.20      Total Fees:      \$31,992.32[10]**

### 3.      Ghost Ship Fire Litigation:  Steptoe Matter No. 084371.00010

Steptoe represents PG&E and PG&E Corporation in 53 pending suits involving 78 plaintiffs arising out of the tragic fire at a warehouse in Oakland in December 2016. The suits are pending in the Superior Court for the County of Alameda and are proceeding under the caption, *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases) (Alameda County Superior Court) (the "Ghost Ship Case").

---

[9] Net of volume discounts.

[10] Net of volume discounts.

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

The Ghost Ship Case was stayed as to PG&E and PG&E Corporation upon the filing of these Chapter 11 cases on January 29, 2019. On November 26, 2019, the Plaintiffs' Executive Committee appointed by the Alameda Superior Court in the Ghost Ship Case filed a motion before this Court for relief from the automatic stay. [*See* Docket No. 4875.] On January 6, 2020, the Court entered the *Order Re: Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with the Ghost Ship Fire Cases* [Docket No. 5280].

Following the lifting of the stay, the Alameda County Superior Court set a trial date of October 19, 2020. During the Compensation Period, Steptoe rendered the following professional services:

- Conducted overall case management, including tracking and monitoring of litigation; maintenance of case calendars, case materials, and discovery and client database sites; and preparation of weekly key materials for Debtors;

- Participated in numerous meetings and conferences with Debtors and co-counsel to develop overall case strategy and provide advice and counsel regarding the litigation;

- Conducted fact investigation and legal research and prepared associated materials;

- Conducted interviews with employee and subject matter experts;

- Identified, organized, reviewed, and analyzed documents and data in preparation for depositions and case development;

- Retained and worked with experts, identified, prepared, and reviewed materials relating to expert work, and coordinated with experts;

- Identified, collected, and reviewed documents in response to document requests and drafted responses to document requests;

- Drafted and reviewed written discovery and responses to written discovery;

- Prepared for numerous fact depositions, prepared PG&E employees for depositions, and conducted and defended depositions;

- Drafted and reviewed motions, briefs, and supporting documents;

- Prepared for and attended court conferences and hearings;

- Engaged in trial preparation projects; and

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

- Participated in settlement efforts.

**Total Hours:** **2669.90** **Total Fees:** **$1,531,368.71**[11]

**4.** **Valero Refinery Outage: Steptoe Matter No. 084371.00011**

Steptoe represents PG&E in a lawsuit filed by Valero Refining Company – California (Valero) arising out of a May 5, 2017 outage at Valero's Benicia Refinery (the Refinery) in which Valero is seeking more than $75 million in damages, *Valero Refining Company – California* v. *Pac. Gas & Elec. Co.*, No. 17 Civ. 1350 (E.D. Cal.). The Valero Case was set for trial on June 3, 2019, but the case was stayed upon PG&E's filing of these Chapter 11 cases on January 29, 2019. After an unsuccessful mediation, on September 5, 2019, this Court lifted the automatic stay pursuant to a stipulation among the parties. [*See* Docket No. 3819].

During the Compensation Period, Steptoe evaluated and responded to Valero's motion to enforce certain deadlines and for depositions. Steptoe also assessed and retained experts in anticipation of the completion of expert discovery, worked with experts to identify and review relevant materials and develop potential opinions, and engaged in potential settlement discussions.

**Total Hours: 252.20** **Total Fees:** **$142,632.94**[12]

**5.** **Gantner PSPS Class Action: Steptoe Matter No. 084371.00015**

Steptoe provides advice and counsel to PG&E in connection with the adversary proceeding, *Gantner* v. *PG&E*, Adv. Pro. No. 19-03061, and related regulatory issues concerning PG&E's Public Safety Power Shutoff program. During the Compensation Period, time was spent on reviewing and editing motions and briefs in the proceeding and providing related advice to PG&E's in-house legal team on the Public Safety Power Shutoff program and regulatory requirements.

**Total Hours: 4.10** **Total Fees:** **$3,123.23**[13]

---

[11] Net of volume discounts.

[12] Net of volume discounts.

[13] Net of volume discounts.

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

**ACTUAL AND NECESSARY DISBURSEMENTS**

Steptoe has disbursed $41,417.61 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to the professional services Steptoe provided as Special Counsel to Debtors in various litigation matters. Expenses incurred include deposition, trial, and hearing transcript fees, travel in connection with depositions, court filing fees, and fees associated with mediations. Receipts for all significant expenses have been provided to the Debtors and the Fee Examiner.

**LEGAL BASIS FOR ALLOWING THE REQUESTED COMPENSATION**

Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. *Id.* § 330(a)(3).

The professional services for which Steptoe requests allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Steptoe's role and fulfillment of its responsibilities as Special Counsel to Debtors in these Chapter 11 Cases. Steptoe's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest and were consistently performed in a timely and efficient manner commensurate with the complexity, importance, and nature of the issues involved.

Applying the factors enumerated in section 330 of the Bankruptcy Code, Steptoe respectfully submits that the amount Steptoe has requested for compensation and reimbursement of expenses is fair and reasonable given the size and complexity of the litigations in which Steptoe has served as Special Counsel to Debtors, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

Steptoe has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that this Application complies with all of them except as specifically noted.

**AVAILABLE FUNDS**

Steptoe understands that the Debtors' estate has sufficient funds available to pay the fees and expenses costs sought.

**NOTICE**

Notice of Steptoe's First Interim and Final Fee Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Steptoe submits that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

**CONCLUSION**

Steptoe respectfully requests that the Court (i) award an allowance to Steptoe for professional services rendered during the Compensation Period consisting of $1,710,586.88, , which represents 100% of fees incurred during the Compensation Period, and reimbursement of $41,417.61, which represents 100% of actual and necessary expenses incurred during the Compensation Period; (ii) direct payment by the Debtors the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

Dated: August 28, 2020

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: */s/ Laurie Edelstein*
Laurie Edelstein

*Special Counsel to Debtors and Reorganized Debtors*

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

1

**NOTICE PARTIES**

2   PG&E Corporation
    c/o Pacific Gas & Electric Company
3   77 Beale Street
    San Francisco, CA 94105
4   Attn:    John Simon, Esq.

5   Keller & Benvenutti LLP
    650 California Street, Suite 1900
6   San Francisco, CA 94108
    Attn:    Tobias S. Keller, Esq.,
7            Jane Kim, Esq.

8   Weil, Gotshal & Manges LLP
    767 Fifth Avenue
9   New York, NY 10153
    Attn:    Stephen Karotkin, Esq.
10           Jessica Liou, Esq.
             Matthew Goren, Esq.
11
    The Office of the United States Trustee for Region 17
12  450 Golden Gate Avenue, 5th Floor, Suite #05-0153
    San Francisco, CA 94102
13  Attn:    James L. Snyder, Esq.,
             Timothy Laffredi, Esq.
14
    Milbank LLP
15  55 Hudson Yards
    New York, NY 10001-2163
16  Attn:    Dennis F. Dunne, Esq.,
             Sam A. Khalil, Esq.
17
    Milbank LLP
18  2029 Century Park East, 33rd Floor
    Los Angeles, CA 90067
19  Attn:    Paul S. Aronzon, Esq.,
             Gregory A. Bray, Esq.,
20           Thomas R. Kreller, Esq.

21  Baker & Hostetler LLP
    11601 Wilshire Boulevard, Suite 1400
22  Los Angeles, CA 90025-0509
    Attn:    Eric Sagerman, Esq.,
23           Cecily Dumas, Esq.

24  Bruce A. Markell
    Fee Examiner
25  541 N. Fairbanks Ct., Ste 2200
    Chicago, IL 60611-3710
26
    Scott H. McNutt
27  324 Warren Road
    San Mateo, California 94402
28  *Attorney for Fee Examiner*