# Exhibit A

## Certification

Laurie Edelstein (Bar No. 164466)
STEPTOE & JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, California 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699
ledelstein@steptoe.com

*Special Counsel to Debtors
and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br>**PG&E CORPORATION,** <br><br>- and - <br><br>**PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>**Debtors.** <br><br>☐ Affects PG&E Corporation <br>☐ Affects Pacific Gas and Electric Company <br>☒ Affects both Debtors <br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) <br><br> (Jointly Administered) <br><br> **CERTIFICATION OF LAURIE EDELSTEIN IN SUPPORT OF FIRST INTERIM AND FINAL FEE APPLICATION OF STEPTOE & JOHNSON LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM FEBRUARY 1, 2020 THROUGH JULY 1, 2020** |

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

I, Laurie Edelstein, hereby certify that:

1. I am attorney licensed to practice law in the State of California. I am a partner with the applicant firm Steptoe & Johnson LLP ("**Steptoe**" or the "**Firm**"), Special Counsel to PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"), and involved with the representation of Debtors in various litigation matters.

2. I am familiar with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] (the "**Interim Compensation Order**"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**"), the Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**"), and the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5572] entered January 30, 2020 (the "**Second Amended Fee Procedures Order**").

3. This Certification is made in connection with Steptoe's First Interim and Final Fee Application, dated August 28, 2020 (the "**Application**"), for compensation and reimbursement of expenses for the period commencing February 1, 2020 through and including July 1, 2020 (the "**Compensation Period**").

4. Pursuant to the Local Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in the Application,

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

    the compensation and expense reimbursement sought in the Application fall within the Local Guidelines; and

  c. The compensation requested in the Application has been billed at hourly rates significantly lower than the rates Steptoe's generally charges and are generally accepted by Steptoe's clients.

5. There is no agreement or understanding between Steptoe and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

6. As required by the Northern District Guidelines, Steptoe has sent billing statements to the Debtors on a monthly basis during these Chapter 11 cases. I certify that the Debtors, counsel for each of the Official Committees and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

7. Attached as **Exhibit 1** is a true and correct copy of a letter transmitting the Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought. To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on August 28, 2020.

8. Steptoe responds the questions identified in the U.S. Trustee Guidelines as follows:

**Question 1:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Answer:** No. Steptoe billed Debtors in accordance with terms and conditions and billing procedures set forth in the Master Services Agreement between PG&E and Steptoe, dated January 16, 2018, as modified by a Letter Agreement between PG&E and Steptoe, dated January 16, 2018, and as further amended by an Addendum, dated November 12, 2019, and an Addendum to a Retention Letter, dated December 26, 2019 (collectively, the "**Engagement Agreement**").

**Question 2:** If the fees sought in the Interim Application as compared to the fees budgeted for the time period covered by the Interim Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?

**Answer:** N/A. Debtors provide annual budgets to Steptoe for some (but not all) of the matters Steptoe handles for them. These budgets are subject to periodic review and adjustments by the Debtors during the course of each year. To the extent the Debtors have provided current budgets to Steptoe for the matters Steptoe is handling for them, they are being adjusted to cover all fees and expenses incurred during the Compensation Period.

**Question 3:** Have any of the professionals included in the Interim Application varied their hourly rate based on geographic location of the Chapter 11 Cases?

**Answer:** No.

**Question 4:** Does the Interim Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer:** No.

**Question 5:** Does the Interim Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer:** No.

**Question 6:** Does the Interim Application include any rate increases since the Firm's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

**Answer:** No.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of August 2020, in San Francisco, California.

                                                  */s/ Laurie Edelstein*
                                                    Laurie Edelstein

STEPTOE & JOHNSON LLP
One Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105

**Exhibit 1**

Laurie Edelstein
415 365 6770 direct
415 365 6670 fax
ledelstein@steptoe.com

One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
415 365 6700 main
www.steptoe.com

# Steptoe

**VIA EMAIL**

August 28, 2020

John Simon
Executive Vice President, General Counsel, and Chief Compliance Officer
PG&E Corporation
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177
John.Simon@pge-corp.com

Re: In re PG&E Corporation and Pacific Gas and Electric Company

Dear John,

Please find attached for your review a copy of the *First Interim and Final Fee Application of Steptoe & Johnson LLP for Allowance and Payment of Compensation and Reimbursement of Expenses from February 1, 2020 through July 1,* 2020 and my Certification in support of the application.

The Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees provide that a debtor in possession, a trustee or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. We invite you to discuss any objections, concerns or questions you may have with us. The Office of the United State Trustee also will accept your comments, and the Court will consider timely filed objections by any party in interest at the time of the hearing on the application.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

*Laurie Edelstein*

Laurie Edelstein

Attachment
cc: Tyson Smith, Esq. (with attachment)