# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRST INTERIM AND FINAL FEE APPLICATION OF WILLIS TOWERS WATSON US LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH MAY 31, 2020**<br><br>**Date:** TBD<br>**Time:** TBD<br>**Place:** United States Bankruptcy Court<br>Courtroom 17, 16th Floor San Francisco, CA 94102<br>**Judge:** Hon. Dennis Montali<br><br>**Objection Deadline:** September 18, 2020 |

To: The Notice Parties

| | |
|---|---|
| **Name of Applicant:** | Willis Towers Watson US LLC |
| **Authorized to Provide Professional Services to:** | Counsel for Debtors and Debtors in Possession |
| **Date of Retention:** | January 29, 2019[1] |
| **Period for which compensation and reimbursement are sought:** | January 29, 2019 through May 31, 2020 |

---

[1] The *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Debtors to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3856] was entered on September 10, 2019, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for the Authority to Amend the Scope of the Retention of Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to November 19, 2019* [Docket No. 5624] was entered on February 4, 2020.

35991346.6 08/28/2020

| | | |
|---|---|---|
| **Amount of compensation sought as actual, reasonable and necessary:** | | $445,762.78 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | | $27,814.85 |
| **Total amount of compensation paid as actual, reasonable and necessary for applicable period:** | | $336,383.83 |
| **Total amount of expenses paid as actual, reasonable and necessary for applicable period**: | | $27,814.85 |

35991346.6 08/28/2020

# SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Dated Filed/ Docket No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statements | | Total Amount Paid to Date | | Total Amount Unpad |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees | Expenses | |
| 11/5/19, No. 4584 | 1/29/2019-8/31/19 | $330,613.38 | $27,814.85 | $264,490.70 | $27,814.85 | $257,992.41 | $27,814.85 | $72,620.97 |
| 3/4/20, No. 6055 | 9/1/19-1/31/20 | $97,989.27 | $0.00 | $78,391.42 | $0.00 | $78,391.42 | $0.00 | $19,597.85 |
| 8/5/20, No. 8671 | 2/1/2020-5/31/20 | $17,160.13 | $0.00 | $13,728.10 | $0.00 | $0.00 | $0.00 | $17,160.13 |

Summary of Any Objections to Consolidated Monthly Fee Statements:  None

Compensation and Expenses Sought in this Application Not Yet Paid:  $109,378.95 in Compensation
$0.00 in Expenses

35991346.6 08/28/2020

## COMPENSATION BY PROFESSIONAL FOR THE COMPENSATION PERIOD

| Professional | Practice | Position | Hourly Rate | Total Hours Billed | Total Comp. |
|---|---|---|---|---|---|
| Catherine Bermudez Adlawan | Rewards | Business Support Specialist | $214.00 | 2.5 | $535.00 |
| Catherine Bermudez Adlawan | Rewards | Business Support Specialist | $208.65 | 4 | $834.60 |
| Dariusz Nowak | Executive Compensation Practice | Analyst | $342.40 | 0.5 | $171.20 |
| Darren Moshovitz | Executive Compensation Practice | Senior Director | $1,043.25 | 4 | $4,173.00 |
| David J. Wathen | Executive Compensation Practice | Managing Director | $1,048.60 | 0.5 | $524.30 |
| Douglas J. Friske | T&R HQ Operations | Managing Director | $1,177.00 | 30.5 | $35,898.50 |
| Douglas J. Friske | T&R HQ Operations | Managing Director | $1,150.25 | 131.5 | $151,257.88 |
| Frankie Szeto | Executive Compensation Practice | Senior Analyst | $390.55 | 12 | $4,686.60 |
| Georgia Lashon Morris | H&B Large Market | Business Support Specialist | $181.90 | 1 | $181.90 |
| Gwyneth P. Huff | Executive Compensation Practice | Business Support Specialist | $208.65 | 0.5 | $104.33 |
| Josephine Gartrell | Executive Compensation Practice | Director | $738.30 | 9.5 | $7,013.85 |
| Kevin Ernest Ryan | Retirement | Senior Associate | $593.85 | 1.2 | $712.62 |
| Mark J. Kazmierowski | Executive Compensation Practice | Senior Director | $952.30 | 45.75 | $43,567.73 |
| Mark J. Kazmierowski | Executive Compensation Practice | Senior Director | $775.75 | 57.25 | $44,411.69 |
| Mark J. Kazmierowski | Executive Compensation Practice | Senior Director | $930.90 | 134 | $124,740.60 |
| Mark L. Daniels | Retirement | Director | $743.65 | 4.5 | $3,346.43 |
| Marlene R. Crawford | Global Sevice Delivery | Analyst | $294.25 | 2.75 | $809.19 |
| Shui Yu | Executive Compensation Practice | Consultant | $508.25 | 2.5 | $1,270.63 |
| Simon Benfrech | Executive Compensation Practice | Consultant | $508.25 | 1.75 | $889.44 |
| Simon Benfrech | Executive Compensation Practice | Consultant | $615.25 | 19.25 | $11,843.56 |
| Stephen E. Zwicker | Retirement | Senior Director | $813.20 | 9.75 | $7,928.70 |
| Thomas D. Matthews | Account Directors | Managing Director | $861.35 | 1 | $861.35 |

**COMPENSATION BY PROJECT
CATEGORY FOR THE COMPENSATION PERIOD**

| Description | Hours | Amount |
|---|---|---|
| Analytics and Design | 13.5 | $ 8,506.50 |
| Billing & Financial Mgmt | 9.75 | $ 2,283.12 |
| Data Collection/Preparation | 36.95 | $ 24,891.95 |
| Meeting/Communications | 143.5 | $ 161,695.23 |
| PG&E Restructuring | 21.25 | $ 17,362.09 |
| Project Plan & Project Mgmt | 2 | $ 1,043.25 |
| Report/Deliverables | 249.25 | $ 229,980.46 |

## EXPENSE SUMMARY FOR THE COMPENSATION PERIOD

| Expenses | Amount |
|---|---|
| Accommodations | $1,573.29 |
| Bankruptcy CEO pay/Friske | $1,000.00 |
| BK Board pay/Friske | $2,700.00 |
| BK Examples w/ Liability/DF | $3,000.00 |
| BOD 20 cos + stats/MK | $7,500.00 |
| Business Meals | $316.22 |
| Charge PG&E $200 change fee | $200.00 |
| Charge PG&E $200 change fee | $200.00 |
| Emergence equity 19 cos/DF | $4,750.00 |
| GEIDS Research/MK | $2,000.00 |
| Meetings | $853.16 |
| Miscellaneous | $56.35 |
| Travel | $3,665.83 |

35991346.6 08/28/2020

Willis Towers Watson US LLC ("**WTW**" or the "**Applicant**"), human resource and compensation consultants to PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**") in their jointly administered bankruptcy cases (the "**Chapter 11 Cases**"), hereby submits the *First Interim and Final Fee Application of Willis Towers Watson US LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 Through May 31, 2020* (the "**Application**") seeking entry of an order, pursuant to sections 330(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. §330*, and the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] dated February 27, 2019 (the "**Interim Compensation Order**") (collectively, the "**Guidelines**") for interim and final approval of all fees incurred by WTW for professional services and reimbursement of actual and necessary expenses for the period of January 29, 2019 through May 31, 2020 (the "**Compensation Period**").

WTW seeks interim and final approval of all compensation and reimbursement of expenses incurred during the Compensation Period, totaling $473,577.63, which sum represents compensation for services rendered in the amount of $445,762.78 and reimbursement for expenses incurred in the amount of $27,814.85.

This Application is based upon the contents hereof, together with the exhibits, the certification of Mark J. Kazmierowski attached hereto as **Exhibit A**, the pleadings, papers, and records on file in this

35991346.6 08/28/2020

case, and any evidence or argument that the Court may entertain at the time of a hearing on the Application.

Pursuant to the Guidelines, a cover letter enclosing this Application is being sent to Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for the Debtors and Debtors in Possession. The letter invites Weil to discuss with the Applicant and/or the Office of the United States Trustee any objections, concerns, or questions Weil may have regarding the requested compensation and reimbursement set forth in the Application.

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner (the "**Fee Examiner**") for the Chapter 11 Cases.

4. On August 21, 2019, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3649] (the "**Retention Application**"). On September 10, 2019, the Court entered its *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Debtors to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3856] (the "**Retention Order**"). A true and correct copy of the Retention Order is attached hereto as **Exhibit B**.

5. On January 22, 2020, the Debtors filed a *Supplemental Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Amend the Scope of the Retention of Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to November 19, 2019* [Docket No. 5436] (the "**Supplemental Retention Application**"). On February 5, 2020, the Court entered its *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Amend the Scope of the Retention of Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to November 19, 2019* [Docket No. 5624] (the "**Amended Retention Order**"). A true and correct copy of the Amended Retention Order is attached hereto as **Exhibit C**.

6. The Retention Order authorizes the Debtors to compensate and reimburse WTW in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, including the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate WTW at its customary hourly rates for services rendered and to reimburse WTW for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes the Debtors "to employ and retain WTW as human resource and compensation consultants in these Chapter 11 Cases

in accordance with the terms and conditions set forth in the Engagement Agreements to perform the services as contemplated by the Application . . . ." See Retention Order, Docket No. 3856, ¶ 2.

7. Pursuant to the Engagement Agreements, as defined in, and attached as Exhibits 1-A through 1-C to the *Declaration of Mark J. Kazmierowski in Support of Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3650], the Debtors retained WTW to:

- Assist in the formulation of necessary adjustments to the incentive-based components of their employee compensation programs;

- Provide compensation consulting in support of the chapter 11 filing on behalf of the Debtors and its advisors;

- Work with the Board of Directors' Compensation Committee, management, and advisors on competitive benchmarking, incentive design, and other related requests and analyses;

- Provide services related to chapter 11, such as preparation of declarations, participation in depositions and expert testimony, and meetings with management and advisors; and

- Preparation of analyses for presentation to the compensation Committee and/or management and Debtors' advisors.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

8. WTW seeks interim and final approval of compensation for professional services performed during the Compensation Period in the amount of $445,762.78 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $27,814.85. During the Compensation Period, WTW professionals expended a total of 476.2 hours in connection with the necessary services performed.

9. There is no agreement or understanding between WTW and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as provided below, WTW received no payment or promises of payment from any

35991346.6 08/28/2020

Case: 19-30088    Doc# 8897    Filed: 08/28/20    Entered: 08/28/20 16:44:15    Page 10 of 16

source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

10. Prior to the Petition Date, the Debtors paid WTW certain amounts as an advance payment retainer for professional services to be performed and expenses to be incurred in preparation for the commencement of the Chapter 11 Cases. Based on a reconciliation of all charges and expenses through the Petition Date, the balance of the advance payment retainer as of the Petition Date was approximately $33,501.68 (the "**Retainer Balance**"). Pursuant to the Retention Application, WTW may apply the initial retainer to fees approved by the Court.

11. The fees charged by WTW in these Chapter 11 Cases are billed in accordance with WTW's existing billing rates and procedures in effect during the Compensation Period. The rates WTW charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are generally the same rates WTW charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national market.

12. The summary sheets contain a schedule of WTW professionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by WTW, the department in which each individual practices, the hourly billing rate charged by WTW for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed therefor. Biographical information for the professionals can be made available upon request by the Court or the Fee Examiner.

13. The summary sheets also contain a summary of WTW's hours billed during the Compensation Period using project categories (each of which correspond to a billing task code) described

35991346.6 08/28/2020

therein and hereinafter described. WTW maintains computerized records of the time spent by all WTW professionals in connection with its services in these Chapter 11 Cases. Copies of these computerized records have been filed on the docket with WTW's monthly fee statements and furnished to counsel for the Debtors and each of the Committees, the U.S. Trustee and the Fee Examiner in the format specified by the Guidelines.

14. The summary sheets also contain a schedule specifying the categories of expenses for which WTW is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with WTW's monthly fee statements and furnished to counsel for the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner.

15. WTW discussed its rates, fees and staffing with the Debtors at the outset of these cases. WTW estimated its fees for the Compensation Period would be approximately $474,338 and estimated its expenses would be approximately $8,000 per month. The fees sought for the Compensation Period are below that estimate. The Statement of Work for Compensation Consulting, including a Resource Schedule and Project Budget, between the Debtors and WTW, can be found as an exhibit in the *Declaration of Mark J. Kazmierowski in Support of Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Willis Towers Watson US LLC as Human Resource and Compensation Consultants Nunc Pro Tunc to the Petition Date* [Docket No. 3650].

16. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, WTW reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

35991346.6 08/28/2020

**Summary of Services Performed by WTW During the Compensation Period**

17. As described above, during the Compensation Period, WTW rendered substantial professional services to the Debtors in connection with their employee compensation programs. The following is a summary of the significant professional services rendered by WTW during the Compensation Period, organized in accordance with WTW's internal system of project task codes:

   a. Analytics and Design: Work under this task code included, among other things, modeling and data analysis and incentive plan design. The total hours and amount charged by WTW to this matter during the Compensation Period represents **13.5 hours** and **$8,506.50** in fees.

   b. Billing & Financial Management: Work under this task code included, among other things, monthly invoice and expense preparation. The total hours and amount charged by WTW to this matter during the Compensation Period represents **9.75 hours** and **$2,283.12** in fees.

   c. Data Collection/Preparation: Work under this task code included, among other things, tasks related to stock option valuation estimation and volatility analysis. The total hours and amount charged by WTW to this matter during the Compensation Period represents **36.95 hours** and **$24,981.95** in fees.

   d. Meetings/Communications: Work under this task code included, among other things, preparation for and attendance at depositions, meetings and communications with the Debtors and their advisors, preparation of declarations, and analysis of board compensation documents. The total hours and amount charged by WTW to this matter during the Compensation Period represents **143.5 hours** and **$161,695.23** in fees.

   e. PG&E Restructuring: Work under this task code included, among other things, calls with the CEO and other restructuring team members, as well as review of restructuring reports. The total hours and amount charged by WTW to this matter during the Compensation Period represents **21.25 hours** and **$17,362.09** in fees.

   f. Project Plan & Project Management: Work under this task code included, among other things, contract and billing related tasks. The total hours and amount charged by WTW to this matter during the Compensation Period represents **2 hour** and **$1,043.25** in fees.

   g. Report/Deliverables: Work under this task code included, among other things, executive compensation consulting, CEO transition awards, incentive programs, hearing preparation, project management, and board of directors related tasks. The total hours and amount charged by WTW to this matter during the Compensation Period represents **249.25 hours** and **$229,980.46** in fees.

18. The foregoing is merely a summary of the various professional services rendered by WTW during the Compensation Period. Detailed logs may be found in WTW's consolidated monthly fee statements, which can be found at docket numbers 4584, 6055, and 8671. The professional services performed by WTW were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

## Actual and Necessary Disbursements of WTW

19. WTW has disbursed $27,814.85 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to the professional services provided by WTW.

20. WTW has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and their economic stakeholders.

## The Requested Compensation Should Be Allowed

21. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;

35991346.6 08/28/2020

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

22. In the instant case, WTW submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases.

23. The professional services were performed expediently and efficiently. Whenever possible, WTW sought to minimize the costs of its services to the Debtors by utilizing junior professionals and paraprofessionals to handle routine work.

24. In sum, the services rendered by WTW were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

25. Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. WTW submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## Conclusion

26. WTW respectfully requests that the Court (i) grant this Application and authorize interim allowance of compensation in the amount of $445,762.78 for professional services rendered on behalf of the Debtors and reimbursement for actual and necessary expenses in the amount of $27,814.85; (ii) directing payment by the Debtors of the foregoing amounts that remain unpaid to date; and (iii) grant final approval of all compensation and expenses incurred by WTW during the Compensation Period.

Dated: August 28, 2020

WILLIS TOWERS WATSON US LLC

*/s/Mark J. Kazmierowski*
Mark J. Kazmierowski
Senior Director
Willis Towers Watson US LLC
345 California Street, Suite 2000
San Francisco, CA 94104-2612
*Human Resource and Compensation Consultants to the Debtors*

35991346.6 08/28/2020