WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors*
*and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>       **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**SUMMARY SHEET TO FOURTH INTERIM AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE INTERIM PERIOD FEBRUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020, AND (II) THE FINAL COMPENSATION PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020**<br><br>Date:     TBD<br>Time:     TBD<br>Place:    **Telephonic/Video Appearances Only**<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102<br><br>**Objection Deadline:** September 18, 2020, at<br>                          4:00 p.m. (Pacific Time) |

| **General Information** | |
| --- | --- |
| Name of Applicant: | Weil, Gotshal & Manges LLP ("**Weil**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Reorganized Debtors |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 9, 2019 *nunc pro tunc* to the Petition Date |
| Prior Interim Fee Applications: | *First Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 through and Including April 30, 2019* [Docket No. 2988] |
| | *Second Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 through and including September 30, 2019* [Docket No. 4739] |
| | *Third Interim Fee Application of Weil, Gotshal & Manges LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 1, 2019 through and including January 31, 2020* [Docket No. 6643] |

| **Summary of Fees and Expenses Sought for the Fourth Interim Compensation Period** | |
| --- | --- |
| Interim Time Period Covered by this Application: | February 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**")[1] |
| Amount of Interim Compensation Sought as Actual, Reasonable, and Necessary for the Fourth Interim Compensation Period: | $17,253,938.27 |
| Amount of Interim Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Fourth Interim Compensation Period: | $3,872,083.71 |

---

[1] Pursuant to the Interim Compensation Order (as defined below), the Fourth Interim Compensation Period was to include the period from February 1, 2020 through and including May 31, 2020; however, rather than burdening the Court with additional filings and hearings, the Applicant has included the additional monthly periods through the Effective Date as a part of this Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | |
|---|---|
| Total Interim Compensation and Expenses Requested for the Fourth Interim Compensation Period: | $21,126,021.98 |

| **Summary of Voluntary Fee and Expense Reductions for the Fourth Interim Compensation Period** | |
|---|---|
| Amount of Voluntary Reductions to Compensation Sought During the Fourth Interim Compensation Period: | $435,296.50 |
| Amount of Voluntary Reductions to Expenses Incurred During the Fourth Interim Compensation Period: | $39,082.41 |

| **Summary of Fees and Expenses Sought for the Final Compensation Period** | |
|---|---|
| Final Time Period Covered by this Application: | January 29, 2019 through and including July 1, 2020 (the "**Final Compensation Period**") |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $49,972,910.52 |
| Amount of Final Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Final Compensation Period: | $4,774,316.46 |
| Total Final Compensation and Expenses Requested for the Final Compensation Period: | $54,747,226.98 |

| **Summary of Voluntary Fee and Expense Reductions for the Final Compensation Period[2]** | |
|---|---|
| Amount of Voluntary Reductions to Compensation Sought During the Final Compensation Period: | $3,507,359.25 |
| Amount of Voluntary Reductions to Expenses Incurred During the Final Compensation Period: | $358,396.96 |

---

[2] Reflects a reduction of $380,000 in fees and $40,000 in expenses as agreed to between Weil and the Fee Examiner in connection with Weil's first application (the "**First Interim Fee Reduction**"). *See* Docket No. 5594.

| | |
|---|---|
| **Total Fees and Expenses Allowed Pursuant to Prior Interim Fee Applications** | |
| Total Allowed Compensation Paid to Date: | $8,702,288.25 |
| Total Allowed Expenses Paid to Date: | $335,824.67 |
| Total Allowed Compensation and Expenses Paid to Date: | $9,038,112.92[3] |
| **Total Fees and Expenses Paid to Applicant in the Fourth Interim Compensation Period Pursuant to Monthly Fee Statements but Not Yet Allowed** | |
| Compensation Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in Monthly Fee Statements): | $7,803,222.67 |
| Expenses Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in Monthly Fee Statements): | $2,234,848.35 |
| **Summary of Rates and Other Related Information in the Fourth Interim Compensation Period** | |
| Blended Rate in this Application for All Attorneys during the Fourth Interim Compensation Period: | $1,049.56 |
| Blended Rate in this Application for All Timekeepers during the Fourth Interim Compensation Period: | $1,033.96 |
| Number of Timekeepers Included in this Application for the Fourth Interim Compensation Period: | 66 (50 attorneys; 16 paraprofessionals and other non-legal staff) |
| Difference Between Fees Budgeted and Compensation Sought for the Fourth Interim Compensation Period: | The compensation sought is greater than the amount budgeted, which reflects Weil's intensive efforts leading up to and through confirmation of the Plan. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Fourth Interim Compensation Period: | 16 attorneys |
| Increase in Rates during the Fourth Interim Compensation Period: | N/A |

---

[3] Allowed amounts reflect the agreed upon First Interim Fee Reduction.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| **Summary of Rates and Other Related Information in the Final Compensation Period** | |
|---|---|
| Blended Rate in this Application for All Attorneys during the Final Compensation Period: | $1,006.18 |
| Blended Rate in this Application for All Timekeepers during the Final Compensation Period: | $990.14 |
| Number of Timekeepers Included in this Application for the Final Compensation Period: | 119 (89 attorneys; 20 paraprofessionals and other non-legal staff) |
| Difference Between Fees Budgeted and Compensation Sought for the Final Compensation Period: | The compensation sought is less than the aggregate fees budgeted for Weil in the debtor-in-possession financing budget for the Final Compensation Period. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Final Compensation Period: | 22 attorneys |
| Increase in Rates during the Final Compensation Period: | Effective October 1, 2019, Weil implemented a customary, annual increase in billing rates. |

This is a(n):  __X__ Interim  __X__ Final Application

## SUMMARY OF FIRST INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Interim Period Covered | | Total Amount Paid to Date Pursuant to Interim Compensation Order | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 04/16/19 Dkt No. 1472 | 01/29/19– 02/28/19 | $3,133,942.50 | $113,433.45 | $3,133,942.50 | $113,433.45 |
| 06/05/19 Dkt No. 2418 | 03/01/19– 03/31/19 | $3,035,057.25 | $109,952.64 | $3,035,057.25 | $109,952.64 |
| 07/12/19 Dkt No. 2954 | 04/01/19– 04/30/19 | $2,953,288.50 | $112,438.58 | $2,573,288.50 | $72,438.58 |
| **Total:** | | **$9,122,288.25** | **$335,824.67** | **$8,742,288.25**[4] | **$295,824.67**[5] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

---

[4] Reflects the First Interim Fee Reduction of $380,000 in fees as agreed to between Weil and the Fee Examiner.

[5] Reflects the First Interim Fee Reduction of $40,000 in expenses as agreed to between Weil and the Fee Examiner.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Interim Period Covered | | Total Amount Paid to Date Pursuant to Monthly Fee Statements | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) |
| 08/05/19 Dkt No. 3368 | 05/01/19 – 05/31/19 | $2,326,168.75 | $59,807.79 | $1,860,935.00 | $59,807.79 |
| 08/28/19 Dkt No. 3736 | 06/01/19 – 06/30/19 | $2,982,182.50 | $65,049.74 | $2,385,746.00 | $65,049.74 |
| 10/16/19 Dkt No. 4218 | 07/01/19 – 07/31/19 | $3,294,956.50 | $124,121.44 | $2,635,965.20 | $124,121.44 |
| 10/20/19 Dkt No. 4325 | 08/01/19 – 08/31/19 | $2,578,149.25 | $77,426.71 | $2,062,519.40 | $77,426.71 |
| 11/11/19 Dkt. No. 4664 | 09/01/19 – 09/30/19 | $2,392,395.00 | $41,138.79 | $1,913,916.00 | $41,138.79 |
| **Total:** | | **$13,573,852.00** | **$367,544.47** | **$10,859,081.60** | **$367,544.47** |

## SUMMARY OF THIRD INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Interim Period Covered | | Total Amount Paid to Date Pursuant to Monthly Fee Statements | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) |
| 01/09/20 Dkt No. 5315 | 10/01/19 – 10/31/19 | $2,774,552.50 | $78,872.32 | $2,219,642.00 | $78,872.32 |
| 02/07/20 Dkt No. 5694 | 11/01/19– 11/30/19 | $2,563,401.00 | $40,761.62 | $2,050,720.80 | $40,761.62 |
| 02/28/20 Dkt No. 5957 | 12/01/19 – 12/31/19 | $2,378,148.50 | $61,897.98 | $1,902,518.80 | $61,897.98 |
| 03/27/2020 Dkt No. 6511 | 01/01/20 – 01/31/20 | $2,686,730.00 | $57,331.69 | $2,149,384.00 | $57,331.69 |
| **Total:** | | **$10,402,832.00** | **$238,863.61** | **$8,322,265.60** | **$238,863.61** |

## SUMMARY OF FOURTH INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested in Prior Monthly Fee Statement | | Total Amount Paid to Date Pursuant to Monthly Fee Statements | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 05/13/20 Dkt No. 5315 | 02/01/20 – 02/28/20 | $2,863,984.50 | $796,996.35 | $2,291,187.60 | $796,996.35 | $2,291,165.87 | $796,996.35 | $572,796.90 |
| 06/29/20 Dkt No. 8187 | 03/01/20– 03/31/20 | $3,640,402.50 | $346,713.85 | $2,912,322.00 | $346,713.85 | $2,912,322.00 | $346,713.85 | $728,080.50 |
| 07/13/20 Dkt No. 8371 | 04/01/20– 04/30/20 | $3,249,668.50 | $1,091,138.15 | $2,599,734.80 | $1,091,138.15 | $2,599,734.80 | $1,091,138.15 | $649,933.70 |
| 07/28/20 Dkt No. 8550 | 05/01/20– 05/31/20 | $4,175,316.00 | $1,586,983.49 | $3,340,252.80 | $1,586,983.49 | $0.00 | $0.00 | $835,063.20 |
| 08/19/20 Dkt No. 8818 | 06/01/20– 07/01/20 | $3,324,588.50 | $50,251.87 | $2,659,670.80 | $50,251.87 | $0.00 | $0.00 | $664,917.70 |
| **Total:** | | **$17,253,938.27[6]** | **$3,872,083.71** | **$13,803,168.00** | **$3,872,083.71** | **$7,803,222.67** | **$2,234,848.35** | **$3,450,792.00** |

Summary of Any Objections to Monthly Fee Statements:    None.[7]

Compensation and Expenses Sought in this Application Not Yet Paid:  $11,087,950.96

---

[6] Reflects a voluntary reduction of $21.73 in connection with Weil's February 2020 Monthly Fee Statement.

[7] The objection deadline with respect to Weil's May 2020 Monthly Fee Statement was August 18, 2020, and no objections were filed. Accordingly, the Debtors will remit to Weil $3,340,252.80 in compensation for fees and $1,586,983.49 in reimbursement of expenses. The objection deadline with respect to Weil's June 2020 Monthly Fee Statement is September 9, 2020. If the June Fee Statement objection deadline passes without objection, the Debtors will remit to Weil $2,659,670.80 in compensation for fees and $50,251.87 in reimbursement of expenses.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**COMPENSATION BY PROFESSIONAL**
**FEBRUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020**

The attorneys who rendered professional services in these chapter 11 cases during the Fourth Interim Compensation Period are:

| NAME OF PROFESSIONAL (PARTNERS AND COUNSEL) | DEPARTMENT[8] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Karotkin, Stephen | BFR | 1977 | $1,695.00 | 1,275.10 | $2,161,294.50 |
| Bond, W. Michael | Corporate | 1980 | $1,695.00 | 178.60 | $302,727.00 |
| Goldring, Stuart J. | Tax | 1984 | $1,695.00 | 350.90 | $594,775.50 |
| Slack, Richard W. | Litigation | 1987 | $1,325.00 | 575.50 | $762,537.50 |
| Pari, Joseph M. | Tax | 1988 | $1,695.00 | 289.20 | $490,194.00 |
| Wessel, Paul J. | Tax | 1988 | $1,695.00 | 43.60 | $73,902.00 |
| Connolly, Annemargaret | Corporate | 1988 | $1,400.00 | 2.20 | $3,080.00 |
| Pappas, Nicholas J. | Litigation | 1989 | $1,275.00 | 0.30 | $382.50 |
| Adams, Frank R. | Corporate | 1993 | $1,525.00 | 6.40 | $9,760.00 |
| Tsekerides, Theodore E. | Litigation | 1994 | $1,225.00 | 770.10 | $943,372.50 |
| Bodoh, Devon | Tax | 1998 | $1,600.00 | 2.40 | $3,840.00 |
| Heyliger, Adelaja K. | Corporate | 1998 | $1,175.00 | 1.40 | $1,645.00 |
| Goltser, Lyuba | Corporate | 2002 | $1,250.00 | 14.90 | $18,625.00 |
| Featherman, Greg | Tax | 2003 | $1,375.00 | 1.80 | $2,475.00 |
| Liou, Jessica | BFR | 2009 | $1,175.00 | 1,001.70 | $1,176,997.50 |
| Stafford, Caryn R. (Counsel) | Corporate | 1989 | $1,100.00 | 4.00 | $4,400.00 |
| Goslin, Thomas (Counsel) | Corporate | 2003 | $1,100.00 | 28.10 | $30,910.00 |
| Goren, Matthew (Counsel) | BFR | 2007 | $1,125.00 | 1,160.90 | $1,306,012.50 |
| Byrne, Peter M. (Counsel) | Corporate | 2007 | $1,100.00 | 8.20 | $9,020.00 |
| Kramer, Kevin (Counsel) | Litigation | 2010 | $1,100.00 | 909.10 | $1,000,010.00 |
| Silber, Gary (Counsel) | Tax | 2011 | $1,100.00 | 302.80 | $333,080.00 |
| Steiger, Caitlin Fenton (Counsel) | Corporate | 2011 | $1,100.00 | 10.50 | $11,550.00 |
| Swenson, Robert M. (Counsel) | Litigation | 2013 | $1,100.00 | 392.20 | $431,420.00 |
| **Total:** | | | | **7,329.90** | **$9,672,010.50** |

---

[8] BFR – Business Finance & Restructuring

Case: 19-30088    Doc# 8898    Filed: 08/28/20    Entered: 08/28/20 16:55:54    Page 9 of 51

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| NAME OF PROFESSIONAL (ASSOCIATES) | DEPARTMENT[9] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Friedman, Julie T. | BFR | 2003 | $625.00 | 104.50 | $65,312.50 |
| Bitter, Blake | Tax | 2011 (VA) | $1,050.00 | 323.40 | $339,570.00 |
| Minga, Jay | Litigation | 2013 | $1,050.00 | 938.30 | $985,215.00 |
| Rosenblum, Amanda | Tax | 2014 | $1,050.00 | 59.70 | $62,685.00 |
| Schinckel, Thomas Robert | BFR | 2014 (Australia) | $845.00 | 638.00 | $539,110.00 |
| Nolan, John J. | Litigation | 2015 | $1,010.00 | 502.30 | $507,323.00 |
| Smith, Gabriela | BFR | 2015 | $1,010.00 | 34.50 | $34,845.00 |
| Brookstone, Benjamin | Tax | 2015 | $980.00 | 508.80 | $498,624.00 |
| Lane, Erik | Litigation | 2016 | $930.00 | 466.40 | $433,752.00 |
| Anderson, Joseph Caleb | Corporate | 2016 | $845.00 | 1.90 | $1,605.50 |
| Mendelsohn, Evan | Corporate | 2017 | $930.00 | 4.10 | $3,813.00 |
| Niles-Weed, Robert B. | Litigation | 2017 | $930.00 | 59.80 | $55,614.00 |
| McGrath, Colin | Litigation | 2017 | $845.00 | 536.00 | $452,920.00 |
| McNulty, Shawn C. | Litigation | 2017 | $845.00 | 374.90 | $316,790.50 |
| Foust, Rachel L. | BFR | 2018 | $845.00 | 1,007.60 | $851,422.00 |
| Hufendick, Jason | BFR | 2018 | $845.00 | 125.20 | $105,794.00 |
| McMorris, Elisabeth | Corporate | 2018 | $845.00 | 1.60 | $1,352.00 |
| Neuhauser, David | Corporate | 2018 | $845.00 | 6.40 | $5,408.00 |
| Carens, Elizabeth Anne | BFR | 2018 | $730.00 | 795.70 | $580,861.00 |
| Irani, Neeckaun | Litigation | 2018 | $730.00 | 218.10 | $159,213.00 |
| Evans, Steven | Litigation | 2019 | $730.00 | 323.80 | $236,374.00 |
| Green, Austin Joseph | Litigation | 2019 | $730.00 | 307.80 | $224,694.00 |
| Ikram, Maliha | Tax | 2019 | $730.00 | 13.90 | $10,147.00 |
| Sonkin, Clifford | BFR | 2019 | $730.00 | 105.50 | $77,015.00 |
| Hayes, Emily A. | Litigation | 2019 | $595.00 | 335.40 | $199,563.00 |
| Gulyako, Emily | Tax | 2020 | $595.00 | 5.10 | $3,034.50 |
| Morganelli, Brian | BFR | 2020 | $595.00 | 1,200.40 | $714,238.00 |
| **Total:** | | | | **8,999.10** | **$7,466,295.00** |

The paraprofessionals and other non-legal staff who rendered professional services in these

---

[9] BFR – Business Finance & Restructuring

chapter 11 cases during the Fourth Interim Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT [10] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $435.00 | 19.40 | $8,439.00 |
| Stauble, Christopher A. | BFR | $420.00 | 9.00 | $3,780.00 |
| Gilchrist, Roy W. | Litigation | $400.00 | 69.10 | $27,640.00 |
| Hoilett, Leason | Litigation | $400.00 | 13.60 | $5,440.00 |
| Lee, Brian | Corporate | $400.00 | 5.00 | $2,000.00 |
| Ting, Lara | LSS | $375.00 | 10.60 | $3,975.00 |
| Chan, Herbert | Litigation | $370.00 | 3.40 | $1,258.00 |
| Wei, Ni | Corporate | $370.00 | 22.00 | $8,140.00 |
| Robin, Artur | LSS | $360.00 | 3.00 | $1,080.00 |
| Biratu, Sirak D. | Litigation | $345.00 | 22.80 | $7,866.00 |
| Bui, Michelle | Litigation | $345.00 | 8.00 | $2,760.00 |
| Chavez, Miguel | LSS | $345.00 | 2.50 | $862.50 |
| Altman-DeSole, Jacob | BFR | $250.00 | 5.00 | $1,250.00 |
| Keschner, Jason | BFR | $250.00 | 1.80 | $450.00 |
| Peene, Travis J. | BFR | $250.00 | 162.60 | $40,650.00 |
| Pancham, Brenda | Library Staff | $160.00 | 0.40 | $64.00 |
| **Total:** | | | **358.20** | **$115,654.50** |

[10] BFR – Business Finance & Restructuring, LSS – Litigation Support Staff

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The total fees for the Fourth Interim Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (23) | $1,319.53 | 7,329.90 | $9,672,010.50 |
| Associates (27) | $829.67 | 8,999.10 | $7,466,295.00 |
| Paraprofessionals and Other Non-Legal Staff (16) | $322.88 | 358.20 | $115,654.50 |
| Blended Attorney Rate | **$1,049.56** | | |
| Blended Rate for All Timekeepers | **$1,033.96** | | |
| Total Fees Incurred (66 total professionals, paraprofessionals, and other non-legal staff): | | **16,687.20** | **$17,253,938.27[11]** |

---

[11] Reflects a voluntary reduction of $21.73 in connection with Weil's February 2020 Monthly Fee Statement.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## COMPENSATION BY PROJECT CATEGORY
## FEBRUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 001 | Administrative Expense Claims | 1.00 | $739.00 |
| 002 | Asset Sales/ 363 Sales | 33.90 | $32,016.00 |
| 003 | Automatic Stay | 315.10 | $331,579.50 |
| 004 | Bankruptcy Litigation | 2,479.10 | $2,341,229.00 |
| 005 | Bar Date Motion/ Claims Reconciliation/ Claim Reconciliation Issues | 1,111.10 | $1,109,306.50 |
| 006 | Case Administration (docket updates, WIP, and calendar) | 111.50 | $63,937.50 |
| 007 | CCA and other Aggregator Issues | 8.30 | $9,752.50 |
| 008 | Chapter 11 Plan/ Plan Confirmation | 5,131.80 | $5,174,319.00 |
| 009 | Communications with Client | 31.80 | $29,749.00 |
| 010 | Corporate Governance and Board Issues | 233.90 | $310,200.50 |
| 011 | Customer, Supplier and Vendor Issues | 25.50 | $24,187.50 |
| 012 | DIP Financing/ Cash Mgmt./ Hedging Transactions | 0.40 | $574.00 |
| 013 | Disclosure Statement | 919.50 | $905,735.50 |
| 014 | Employee Issues | 606.20 | $605,307.00 |
| 016 | Exclusivity | 18.20 | $14,496.00 |
| 017 | Executory Contracts/ Lease Issues | 773.10 | $722,601.00 |
| 018 | General Case Strategy (includes calls with client and team calls) | 421.30 | $452,473.00 |
| 019 | Hearings and Court Matters | 757.30 | $810,030.50 |
| 021 | Non-Bankruptcy Litigation | 146.60 | $180,245.00 |
| 022 | Non-Working Travel | 91.60 | $119,076.00 |
| 023 | FERC Adversary Proceeding | 0.30 | $352.50 |
| 024 | Reclamation/ 503(b)(9) Claims | 31.60 | $26,154.50 |
| 025 | Regulatory Issues including CPUC and FERC | 287.80 | $290,575.00 |
| 026 | Retention/Billing/Fee Applications: WGM | 223.50 | $183,624.00 |
| 027 | Retention/Fee Applications: Ordinary Course Professionals | 7.40 | $6,309.00 |
| 028 | Retention/Fee Applications: Other Professionals | 45.50 | $38,793.00 |
| 029 | Schedules/ Statement of Financial Affairs | 1.00 | $1,125.00 |
| 030 | Tax Issues | 1,769.60 | $2,248,334.00 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| 031 | U.S. Trustee Issues/ Meetings/ Communications/ Monthly Operating Report | 6.30 | $7,012.50 |
|---|---|---|---|
| 032 | Unsecured Creditor Issues/Communications/Meetings | 1.60 | $1,418.00 |
| 035 | Real Estate and Real Property Issues | 880.50 | $976,979.00 |
| 036 | Tort Claimants Committee, including Wildfire Claimants | 98.40 | $101,260.50 |
| 037 | Insurance Issues | 116.50 | $134,469.00 |
| **Total:** | | **16,687.20** | **$17,253,938.27**[12] |

_____

[12] Reflects a voluntary reduction of $21.73 in connection with Weil's February 2020 Monthly Fee Statement.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## EXPENSE SUMMARY
## <u>FEBRUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020</u>

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Air Courier/ Express Mail | $654.95 |
| Computerized Research | $103,648.63 |
| Consultants and Witness Fees | $3,625,797.67 |
| Court Telephone Call | $1,962.95 |
| Duplicating | $27,482.96 |
| Meals | $2,448.77 |
| Messenger | $4,550.57 |
| Real Estate Closing Costs | $25,000.00 |
| Travel | $71,840.62 |
| Transportation | $8,696.59 |
| **Total:** | **$3,872,083.71** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## COMPENSATION BY PROFESSIONAL
## JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020

The attorneys who rendered professional services in these chapter 11 cases during the Final Compensation Period are:

| NAME OF PROFESSIONAL (PARTNERS AND COUNSEL) | DEPARTMENT[13] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Karotkin, Stephen | BFR | 1977 | $1,695.00 | 2,111.40 | $3,578,823.00 |
| Karotkin, Stephen | BFR | 1977 | $1,600.00 | 2,196.00 | $3,201,520.00 |
| Bond, W. Michael | Corporate | 1980 | $1,695.00 | 196.10 | $332,389.50 |
| Bond, W. Michael | Corporate | 1980 | $1,600.00 | 210.00 | $336,000.00 |
| Goldring, Stuart J. | Tax | 1984 | $1,695.00 | 493.20 | $835,974.00 |
| Goldring, Stuart J. | Tax | 1984 | $1,600.00 | 418.30 | $631,200.00 |
| Radin, Stephen A. | Litigation | 1984 | $1,450.00 | 7.30 | $10,585.00 |
| Slack, Richard W. | Litigation | 1987 | $1,325.00 | 903.90 | $1,197,667.50 |
| Slack, Richard W. | Litigation | 1987 | $1,275.00 | 613.10 | $742,113.75 |
| Pari, Joseph M. | Tax | 1988 | $1,695.00 | 391.50 | $663,592.50 |
| Pari, Joseph M. | Tax | 1988 | $1,600.00 | 307.70 | $492,320.00 |
| Wessel, Paul J. | Tax | 1988 | $1,695.00 | 82.00 | $138,990.00 |
| Wessel Paul J. | Tax | 1988 | $1,600.00 | 146.10 | $233,760.00 |
| Connolly, Annemargaret | Corporate | 1988 | $1,400.00 | 7.10 | $9,940.00 |
| Connolly, Annemargaret | Corporate | 1988 | $1,350.00 | 42.80 | $57,780.00 |
| Pappas, Nicholas J. | Litigation | 1989 | $1,275.00 | 1.50 | $1,912.50 |
| Pappas, Nicholas J. | Litigation | 1989 | $1,225.00 | 5.50 | $6,737.50 |
| Adams, Frank R. | Corporate | 1993 | $1,525.00 | 16.20 | $24,705.00 |
| Adams, Frank R. | Corporate | 1993 | $1,425.00 | 117.10 | $166,867.50 |
| Tsekerides, Theodore E. | Litigation | 1994 | $1,225.00 | 1,265.80 | $1,550,605.00 |
| Tsekerides, Theodore E. | Litigation | 1994 | $1,150.00 | 802.40 | $883,487.50 |
| Bodoh, Devon | Tax | 1998 | $1,600.00 | 2.40 | $3,840.00 |
| Schrock, Ray C. | BFR | 1998 | $1,550.00 | 67.30 | $104,315.00 |
| Heyliger, Adelaja K. | Corporate | 1998 | $1,175.00 | 9.50 | $11,162.50 |
| Heyliger, Adeleja K. | Corporate | 1998 | $1,100.00 | 22.20 | $24,420.00 |
| Goltser, Lyuba | Corporate | 2002 | $1,250.00 | 21.50 | $26,875.00 |
| Goltser, Lyuba | Corporate | 2002 | $1,175.00 | 2.70 | $3,172.50 |

---

[13] BFR – Business Finance & Restructuring

Case: 19-30088    Doc# 8898    Filed: 08/28/20    Entered: 08/28/20 16:55:54    Page 16 of 51

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| NAME OF PROFESSIONAL (PARTNERS AND COUNSEL) | DEPARTMENT[13] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Featherman, Greg W. | Tax | 2003 | $1,375.00 | 1.80 | $2,475.00 |
| Singh, David R. | Litigation | 2004 | $1,175.00 | 6.70 | $7,872.50 |
| Singh, David R. | Litigation | 2004 | $1,125.00 | 433.30 | $483,975.00 |
| Friedmann, Jared R. | Litigation | 2004 | $1,125.00 | 5.50 | $6,187.50 |
| Liou, Jessica | BFR | 2009 | $1,175.00 | 1,766.80 | $2,075,990.00 |
| Liou, Jessica | BFR | 2009 | $1,075.00 | 1,633.60 | $1,651,468.75 |
| Cruz, Mariel E. | Corporate | 2010 | $1,125.00 | 0.20 | $225.00 |
| Bostel, Kevin | BFR | 2012 | $1,125.00 | 4.20 | $4,725.00 |
| Stafford, Caryn R. (Counsel) | Corporate | 1989 | $1,100.00 | 4.00 | $4,400.00 |
| Shulzhenko, Oleksandr (Counsel) | Corporate | 2000 | $1,050.00 | 15.90 | $16,695.00 |
| Morton, Matthew D. (Counsel) | Litigation | 2001 | $1,050.00 | 18.30 | $19,215.00 |
| Goslin, Thomas (Counsel) | Corporate | 2003 | $1,100.00 | 75.70 | $83,270.00 |
| Goslin, Thomas (Counsel) | Corporate | 2003 | $1,050.00 | 188.00 | $197,400.00 |
| Kim, Hansem (Counsel) | Corporate | 2003 | $1,050.00 | 3.90 | $4,095.00 |
| Goren, Matthew (Counsel) | BFR | 2007 | $1,125.00 | 1,830.30 | $2,059,087.50 |
| Goren, Matthew (Counsel) | BFR | 2007 | $1,075.00 | 1,836.00 | $1,883,104.25 |
| Byrne, Peter M. (Counsel) | Corporate | 2007 | $1,100.00 | 15.70 | $17,270.00 |
| Mishkin, Jessie B. (Counsel) | Litigation | 2007 | $1,100.00 | 8.20 | $9,020.00 |
| Mishkin, Jessie B. (Counsel) | Litigation | 2007 | $1,050.00 | 40.30 | $42,315.00 |
| Seales, Jannelle Marie (Counsel) | Corporate | 2009 | $1,100.00 | 2.90 | $3,190.00 |
| Kramer, Kevin (Counsel) | Litigation | 2010 | $1,100.00 | 1,047.80 | $1,152,580.00 |
| Silber, Gary (Counsel) | Tax | 2011 | $1,100.00 | 351.80 | $386,980.00 |
| Steiger, Caitlin Fenton (Counsel) | Corporate | 2011 | $1,100.00 | 10.50 | $11,550.00 |
| Swenson, Robert M. (Counsel) | Litigation | 2013 | $1,100.00 | 445.20 | $489,720.00 |
| **Total:** | | | | **20,207.20** | **$25,883,565.75** |

| NAME OF PROFESSIONAL (ASSOCIATES) | DEPARTMENT[14] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Friedman, Julie T. | BFR | 2003 | $625.00 | 206.20 | $128,875.00 |
| Friedman, Julie T. | BFR | 2003 | $600.00 | 201.10 | $120,660.00 |
| Byrne, Peter M. | Corporate | 2007 | $1,050.00 | 9.10 | $9,555.00 |
| Byrne, Peter M. | Corporate | 2007 | $995.00 | 194.50 | $193,527.50 |
| Zubkis, David | BFR | 2008 | $950.00 | 58.50 | $55,575.00 |
| Seales, Jannelle Marie | Corporate | 2009 | $995.00 | 81.20 | $80,794.00 |
| Tran, Hong-An Nguyen | Litigation | 2009 | $995.00 | 648.50 | $645,257.50 |
| Kramer, Kevin | Litigation | 2010 | $1,050.00 | 466.40 | $489,720.00 |
| Kramer, Kevin | Litigation | 2010 | $995.00 | 1,537.60 | $1,507,226.00 |
| Cruz, Mariel E. | Corporate | 2010 | $995.00 | 9.50 | $9,452.50 |
| Silber, Gary | Tax | 2011 | $1,050.00 | 119.90 | $125,895.00 |
| Silber, Gary | Tax | 2011 | $995.00 | 328.20 | $326,559.00 |
| Bitter, Blake | Tax | 2011 | $1,050.00 | 465.00 | $488,250.00 |
| Bitter, Blake | Tax | 2011 | $980.00 | 136.60 | $133,868.00 |
| Goltser, Jonathan | Corporate | 2011 | $980.00 | 0.20 | $196.00 |
| Goltser, Jonathan | Corporate | 2011 | $875.00 | 41.70 | $36,487.50 |
| Nersesyan, Yelena | Corporate | 2011 | $875.00 | 5.80 | $5,075.00 |
| Friedenberg, Matthew R. | Litigation | 2012 | $1,050.00 | 3.40 | $3,570.00 |
| Bostel, Kevin | BFR | 2012 | $1,050.00 | 196.30 | $206,115.00 |
| Bostel, Kevin | BFR | 2012 | $995.00 | 780.10 | $758,488.50 |
| Cunningham, Nathan | Litigation | 2012 | $950.00 | 8.00 | $7,600.00 |
| Minga, Jay | Litigation | 2013 | $1,050.00 | 1,309.90 | $1,375,395.00 |
| Minga, Jay | Litigation | 2013 | $950.00 | 774.60 | $735,870.00 |
| Swenson, Robert M. | Litigation | 2013 | $1,050.00 | 238.50 | $250,425.00 |
| Silverstein, Chelsea | Litigation | 2013 | $950.00 | 13.80 | $13,110.00 |
| Nikic, Nicholas G. | Corporate | 2013 | $790.00 | 12.60 | $9,954.00 |
| Rosenblum, Amanda | Tax | 2014 | $1,050.00 | 86.40 | $90,720.00 |
| Fink, Moshe A. | BFR | 2014 | $1,050.00 | 7.70 | $8,085.00 |
| Fink, Moshe A. | BFR | 2014 | $950.00 | 396.30 | $376,485.00 |
| Georgallas, Andriana | BFR | 2014 | $980.00 | 41.90 | $35,182.00 |
| Gwen, Daniel | BFR | 2014 | $950.00 | 50.10 | $47,595.00 |

[14] BFR – Business Finance & Restructuring

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Name | Department | Year | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Jones, Hannah L. | Litigation | 2014 | $920.00 | 326.50 | $297,160.00 |
| Schinckel, Thomas Robert | BFR | 2014 (Australia) | $845.00 | 1,057.70 | $893,756.50 |
| Schinckel, Thomas Robert | BFR | 2014 (Australia) | $690.00 | 1,138.90 | $778,182.00 |
| Nolan, John J. | Litigation | 2015 | $1,010.00 | 746.80 | $754,268.00 |
| Nolan, John J. | Litigation | 2015 | $920.00 | 294.60 | $269,652.00 |
| Smith, Gabriela | BFR | 2015 | $1,010.00 | 59.30 | $59,893.00 |
| Brookstone, Benjamin | Tax | 2015 | $980.00 | 714.00 | $699,720.00 |
| Brookstone, Benjamin | Tax | 2015 | $875.00 | 620.70 | $543,112.50 |
| Butler, Ashley Jane | Corporate | 2015 | $920.00 | 21.00 | $19,320.00 |
| Cohen, Dori Y. | Litigation | 2015 | $920.00 | 3.80 | $3,496.00 |
| Engelmyer, Lauren | Litigation | 2015 | $920.00 | 56.50 | $51,980.00 |
| Lane, Erik | Litigation | 2016 | $930.00 | 796.40 | $740,652.00 |
| Pitcher, Justin R. | BFR | 2016 | $930.00 | 0.50 | $465.00 |
| Pitcher, Justin R. | BFR | 2016 | $790.00 | 264.10 | $208,639.00 |
| Pfleger, Kelsey Ann | Corporate | 2016 | $875.00 | 24.30 | $21,262.50 |
| Anderson, Joseph Caleb | Corporate | 2016 | $845.00 | 15.00 | $12,675.00 |
| Anderson, Joseph Caleb | Corporate | 2016 | $690.00 | 2.50 | $1,725.00 |
| Africk, Max M. | Litigation | 2015 | $980.00 | 24.60 | $24,108.00 |
| Africk, Max M. | Litigation | 2015 | $875.00 | 473.60 | $407,137.50 |
| Kleinjan, John M. | Tax | 2017 | $930.00 | 36.80 | $34,224.00 |
| Kleinjan, John M. | Tax | 2017 | $790.00 | 165.90 | $131,061.00 |
| Mendelsohn, Evan | Corporate | 2017 | $930.00 | 4.10 | $3,813.00 |
| Niles-Weed, Robert B. | Litigation | 2017 | $930.00 | 275.80 | $256,494.00 |
| McGrath, Colin | Litigation | 2017 | $845.00 | 952.30 | $804,693.50 |
| McGrath, Colin | Litigation | 2017 | $690.00 | 434.50 | $299,805.00 |
| McNulty, Shawn C. | Litigation | 2017 | $845.00 | 546.30 | $461,623.50 |
| McNulty, Shawn C. | Litigation | 2017 | $690.00 | 103.90 | $71,691.00 |
| Steel, Patrick M. | BFR | 2017 | $790.00 | 159.50 | $126,005.00 |
| Foust, Rachael L. | BFR | 2018 | $845.00 | 1,388.60 | $1,173,367.00 |
| Foust, Rachael L. | BFR | 2018 | $690.00 | 1,121.00 | $773,490.00 |
| Hufendick, Jason | BFR | 2018 | $845.00 | 125.20 | $105,794.00 |
| McMorris, Elisabeth | Corporate | 2018 | $845.00 | 1.60 | $1,352.00 |
| Neuhauser, David | Corporate | 2018 | $845.00 | 6.40 | $5,408.00 |
| Neuhauser, David | Corporate | 2018 | $690.00 | 59.00 | $40,710.00 |

| | | | | | |
|---|---|---|---|---|---|
| Zangrillo, Anthony | Corporate | 2018 | $845.00 | 1.90 | $1,605.50 |
| Zangrillo, Anthony | Corporate | 2018 | $690.00 | 55.60 | $38,364.00 |
| Carens, Elizabeth Anne | BFR | 2018 | $730.00 | 1,294.60 | $939,244.00 |
| Carens, Elizabeth Anne | BFR | 2018 | $560.00 | 1,482.30 | $828,884.00 |
| Irani, Neeckaun | Litigation | 2018 | $730.00 | 232.30 | $169,579.00 |
| Irani, Neeckaun | Litigation | 2018 | $560.00 | 87.60 | $49,056.00 |
| Roarty, Charles | Tax | 2018 | $730.00 | 5.20 | $3,796.00 |
| Roarty, Charles | Tax | 2018 | $560.00 | 10.50 | $5,880.00 |
| Gordan, Anna C. | Litigation | 2018 | $690.00 | 72.90 | $47,472.00 |
| Leung, Victor S. | Litigation | 2018 | $690.00 | 5.70 | $3,933.00 |
| Shaddy, Aaron | Litigation | 2018 | $690.00 | 1,006.90 | $686,067.00 |
| Ikram, Maliha | Tax | 2019 | $730.00 | 13.90 | $10,147.00 |
| Evans, Steven | Litigation | 2019 | $730.00 | 332.30 | $242,579.00 |
| Evans, Steven | Litigation | 2019 | $560.00 | 346.20 | $193,872.00 |
| Green, Austin Joseph | Litigation | 2019 | $730.00 | 646.90 | $472,237.00 |
| Green, Austin Joseph | Litigation | 2019 | $560.00 | 390.90 | $218,904.00 |
| Sonkin, Clifford | BFR | 2019 | $730.00 | 237.20 | $173,156.00 |
| Sonkin, Clifford | BFR | 2019 | $560.00 | 200.00 | $112,000.00 |
| Hayes, Emily A. | Litigation | 2019 | $595.00 | 610.30 | $363,128.50 |
| Hayes, Emily A. | Litigation | 2019 | $560.00 | 1.20 | $672.00 |
| Bruno, Travis | Tax | 2019 | $560.00 | 8.40 | $4,704.00 |
| Gitlin, Adam | Litigation | 2019 | $560.00 | 6.60 | $3,696.00 |
| Jung, Alexandra D'Errico | Litigation | 2019 | $560.00 | 5.10 | $2,856.00 |
| Gulyako, Emily | Tax | 2020 | $595.00 | 5.10 | $3,034.50 |
| Morganelli, Brian | BFR | 2020 | $595.00 | 1,940.50 | $1,154,597.50 |
| **Total:** | | | | **29,451.40** | **$24,081,766.50** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The paraprofessionals and other non-legal staff who rendered professional services in these chapter 11 cases during the Final Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT[15] | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $435.00 | 56.90 | $24,751.50 |
| Lee, Kathleen | BFR | $420.00 | 81.10 | $34,062.00 |
| Stauble, Christopher A. | BFR | $420.00 | 9.40 | $3,948.00 |
| Gilchrist, Roy W. | Litigation | $400.00 | 137.70 | $55,080.00 |
| Hoilett, Leason | Litigation | $400.00 | 25.20 | $10,080.00 |
| Hoilett, Leason | Litigation | $385.00 | 3.80 | $1,463.00 |
| Lee, Brian | Corporate | $400.00 | 5.00 | $2,000.00 |
| Eng-Bendel, Cheryl | LSS | $395.00 | 0.20 | $79.00 |
| Fabsik, Paul | BFR | $390.00 | 13.30 | $5,187.00 |
| Fabsik, Paul | BFR | $375.00 | 9.20 | $3,450.00 |
| Martorell, Jorge | LSS | $380.00 | 6.10 | $2,318.00 |
| Ting, Lara | LSS | $375.00 | 45.30 | $16,987.50 |
| Ting, Lara | LSS | $360.00 | 21.40 | $7,704.00 |
| Wu, Kim L. | LSS | $375.00 | 18.50 | $6,937.50 |
| Wei, Ni | Corporate | $370.00 | 22.00 | $8,140.00 |
| Chan, Herbert | Litigation | $370.00 | 8.70 | $3,219.00 |
| Chan, Herbert | Litigation | $355.00 | 21.00 | $7,455.00 |
| Dang, Thai | LSS | $360.00 | 3.50 | $1,260.00 |
| Dang, Thai | LSS | $345.00 | 1.30 | $448.50 |
| Nudelman, Peter | LSS | $360.00 | 2.60 | $936.00 |
| Nudelman, Peter | LSS | $345.00 | 3.50 | $1,207.50 |
| Robin, Artur | LSS | $360.00 | 3.00 | $1,080.00 |
| Robin, Artur | LSS | $345.00 | 1.10 | $379.50 |
| Olvera, Rene A. | BFR | $355.00 | 6.50 | $2,307.50 |
| Biratu, Sirak D. | Litigation | $345.00 | 69.10 | $23,839.50 |
| Biratu, Sirak D. | Litigation | $330.00 | 86.60 | $28,578.00 |
| Bogota, Alejandro | LSS | $345.00 | 2.00 | $690.00 |
| Bogota, Alejandro | LSS | $330.00 | 4.50 | $1,485.00 |

---

[15] BFR – Business Finance & Restructuring, LSS – Litigation Support Staff

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| | | | | |
|---|---|---|---|---|
| Bui, Michelle | Litigation | $345.00 | 8.00 | $2,760.00 |
| Chavez, Miguel | LSS | $345.00 | 5.50 | $1,897.50 |
| Chavez, Miguel | LSS | $330.00 | 4.10 | $1,353.00 |
| Mo, Suihua | LSS | $345.00 | 2.50 | $862.50 |
| Pacheco, Erika | Litigation | $330.00 | 9.20 | $3,036.00 |
| Callahan, Antonio | Corporate | $300.00 | 13.00 | $3,900.00 |
| Altman-DeSole, Jacob | BFR | $250.00 | 7.60 | $1,900.00 |
| Altman-DeSole, Jacob | BFR | $240.00 | 2.30 | $552.00 |
| Keschner, Jason | BFR | $250.00 | 5.80 | $1,450.00 |
| Keschner, Jason | BFR | $240.00 | 1.40 | $336.00 |
| Kleissler, Matthew | BFR | $250.00 | 0.50 | $125.00 |
| Kleissler, Matthew | BFR | $240.00 | 7.00 | $1,680.00 |
| Peene, Travis J. | BFR | $250.00 | 225.90 | $56,475.00 |
| Peene Travis J. | BFR | $240.00 | 226.90 | $54,456.00 |
| Harrison, Greer | Litigation | $240.00 | 1.90 | $456.00 |
| Zaslav, Benjamin | BFR | $240.00 | 5.10 | $1,224.00 |
| Pancham, Brenda | Library Staff | $160.00 | 0.40 | $64.00 |
| **Total:** | | | **1,195.60** | **$387,600.00** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The total fees for the Final Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (34) | $1,280.91 | 20,207.20 | $25,883,565.75 |
| Associates (55) | $817.68 | 29,451.40 | $24,081,766.50 |
| Paraprofessionals and Other Non-Legal Staff (30) | $324.19 | 1,195.60 | $387,600.00 |
| Blended Attorney Rate | **$1,006.18** | | |
| Blended Rate for All Timekeepers | **$990.14** | | |
| Total Fees Incurred (119 total professionals, paraprofessionals, and other non-legal staff): | | **50,854.20** | **$49,972,910.52[16]** |

[16] Reflects the First Interim Fee Reduction of $380,000 in fees as agreed to between Weil and the Fee Examiner, as well as an additional voluntary reduction of $21.73 in connection with Weil's February 2020 Monthly Fee Statement.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## COMPENSATION BY PROJECT CATEGORY
## JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 001 | Administrative Expense Claims | 18.40 | $10,938.00 |
| 002 | Asset Sales/ 363 Sales | 190.00 | $159,123.50 |
| 003 | Automatic Stay | 2,362.30 | $2,221,408.50 |
| 004 | Bankruptcy Litigation | 6,699.20 | $6,069,153.00 |
| 005 | Bar Date Motion/ Claims Reconciliation/ Claim Reconciliation Issues | 3,226.10 | $3,143,256.00 |
| 006 | Case Administration (docket updates, WIP, and calendar) | 497.20 | $292,212.00 |
| 007 | CCA and other Aggregator Issues | 8.30 | $9,752.50 |
| 008 | Chapter 11 Plan/ Plan Confirmation | 10,059.20 | $10,305,108.00 |
| 009 | Communications with Client | 235.00 | $232,256.50 |
| 010 | Corporate Governance and Board Issues | 1,217.40 | $1,489,756.00 |
| 011 | Customer, Supplier and Vendor Issues | 416.00 | $403,739.50 |
| 012 | DIP Financing/ Cash Mgmt./ Hedging Transactions | 112.80 | $115,402.00 |
| 013 | Disclosure Statement | 1,666.20 | $1,537,174.50 |
| 014 | Employee Issues | 3,573.30 | $3,605,832.50 |
| 015 | Equity Committee | 7.10 | $9,525.00 |
| 016 | Exclusivity | 1,430.90 | $1,464,255.50 |
| 017 | Executory Contracts/ Lease Issues | 1,719.50 | $1,442,501.00 |
| 018 | General Case Strategy (includes calls with client and team calls) | 2,012.50 | $2,058,143.00 |
| 019 | Hearings and Court Matters | 1,809.70 | $1,983,222.50 |
| 020 | Legislative Issues/ Inverse Reform | 50.80 | $61,952.00 |
| 021 | Non-Bankruptcy Litigation | 329.20 | $341,922.50 |
| 022 | Non-Working Travel | 1,394.60 | $1,064,566.75 |
| 023 | FERC Adversary Proceeding | 839.50 | $743,919.50 |
| 024 | Reclamation/ 503(b)(9) Claims | 318.90 | $224,873.00 |
| 025 | Regulatory Issues including CPUC and FERC | 994.70 | $1,075,098.00 |
| 026 | Retention/Billing/Fee Applications: WGM | 862.20 | $649,109.00 |
| 027 | Retention/Fee Applications: Ordinary Course Professionals | 94.80 | $65,927.00 |
| 028 | Retention/Fee Applications: Other Professionals | 760.20 | $560,739.50 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| 029 | Schedules/ Statement of Financial Affairs | 72.20 | $73,939.00 |
|---|---|---|---|
| 030 | Tax Issues | 4,222.50 | $5,190,194.50 |
| 031 | U.S. Trustee Issues/ Meetings/ Communications/ Monthly Operating Report | 125.40 | $136,111.50 |
| 032 | Unsecured Creditor Issues/Communications/Meetings | 278.00 | $280,040.50 |
| 033 | Utility Issues/ Adequate Assurance | 24.20 | $18,582.00 |
| 035 | Real Estate and Real Property Issues | 1,857.20 | $1,965,239.50 |
| 036 | Tort Claimants Committee, including Wildfire Claimants | 984.40 | $966,656.00 |
| 037 | Insurance Issues | 384.30 | $381,302.50 |
| **Total:** | | **50,854.20** | **$49,972,910.52[17]** |

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

---

[17] Reflects the First Interim Fee Reduction of $380,000 in fees as agreed to between Weil and the Fee Examiner, as well as an additional voluntary reduction of $21.73 in connection with Weil's February 2020 Monthly Fee Statement.

**EXPENSE SUMMARY**
**JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Computerized Research | $395,236.87 |
| Consultant and Witness Fees | $3,625,797.67 |
| Corporation Services | $321.38 |
| Court Reporting | $15,437.35 |
| Court Telephone Call | $5,775.45 |
| Duplicating | $103,572.16 |
| Meals | $48,403.13 |
| Messenger | $8,487.44 |
| Travel | $514,023.43 |
| Transportation | $72,261.58 |
| Real Estate Closing | $25,000.00 |
| **Total:** | **$4,774,316.46**[18] |

[18] Reflects the First Interim Fee Reduction of $40,000 in expenses as agreed to between Weil and the Fee Examiner.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors
and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **FOURTH INTERIM AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE INTERIM PERIOD FEBRUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020, AND (II) THE FINAL COMPENSATION PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | |
| | Date:      TBD<br>Time:      TBD<br>Place:     **Telephonic/Video Appearances Only**<br>           United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |
| | **Objection Deadline:  September 18, 2020** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its fourth interim and final application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for (i) the interim allowance of compensation for professional services performed by Weil and for reimbursement of its actual and necessary expenses incurred for the period dated February 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**"), and (ii) final allowance of compensation for professional services performed by Weil and for reimbursement of its actual and necessary expenses incurred for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Final Compensation Period**" and, together with the Fourth Interim Compensation Period, the "**Compensation Periods**"), respectfully represents as follows:

## PRELIMINARY STATEMENT

On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19 2020* [Docket No. 8048] (the "**Plan**").[1] The Plan became effective on July 1, 2020 (the "**Effective Date**"). In accordance with the terms of the Interim Compensation Order (as defined below), the Plan, and the Confirmation Order, this Application seeks approval of compensation and reimbursement of amounts incurred by Weil, as counsel to the Debtors, for the Fourth Interim Compensation Period and the Final Compensation Period.

The Fourth Interim Compensation Period encompassed the culmination and successful conclusion of these Chapter 11 Cases and the Debtors' full compliance with California Assembly Bill 1054 ("**AB 1054**")—under any circumstances, an extraordinary accomplishment. The nature and extent

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

of the services performed by Weil during this period, and indeed, throughout these cases, was critical to those achievements and to the expedited distributions to holders of Fire Victim Claims—the principal goal of the Debtors since these Chapter 11 Cases were commenced. A brief summary of the services performed by Weil during the Fourth Interim Compensation Period, set forth in more detail below, includes the following:

1. Preparing multiple drafts of the Plan to address the evolving negotiations resulting in the largely consensual Plan and the overwhelming acceptance of the Plan by holders of Fire Victim Claims;

2. Finalizing the Disclosure Statement and related solicitation materials in collaboration with the Tort Claimants Committee to ensure the most appropriate and inclusive procedures to solicit votes on the Plan;

3. Participating in mediation with various parties to achieve consensual resolutions of hotly contested issues in order to facilitate a fair and equitable resolution and timely confirmation and consummation of the Plan;

4. Engaging in protracted discussions with the Governor of the State of California and his representatives (the "**Governor's Office**") in order to secure support for the Plan, a prerequisite for the Debtors' ability to comply with AB 1054 and obtain the benefits thereunder;

5. Addressing and largely resolving without Court intervention a multitude of objections to confirmation of the Plan, again ensuring a timely and successful confirmation process; and

6. Coordinating and leading the multi-day confirmation hearings, including witness preparation and declarations, oral and written presentations, and, of course, achieving entry of the Confirmation Order on June 20, 2020 and the occurrence of the Plan Effective Date by July 1, 2020.

What has been achieved in these Chapter 11 Cases, under the auspices of this Court, and with the invaluable assistance of Retired Bankruptcy Judge Randall Newsome, cannot be understated. Weil played a critical role in this remarkable achievement and the compensation requested for both the Fourth Interim Compensation Period and the Final Compensation Period is more than reasonable and justified.

The Debtors commenced these Chapter 11 Cases in order to address their liabilities relating to the devastating 2017 and 2018 Northern California wildfires. By all accounts, these Chapter

11 Cases represented one of the largest and most complicated chapter 11 filings in U.S. history. As set forth in the First Day Declaration (as defined below), the Debtors' principal objectives of the Chapter 11 Cases were as follows:

- <u>First</u>, to establish a process for PG&E to fully address and resolve its liabilities resulting from the 2017 and 2018 Northern California wildfires and to provide compensation to wildfire victims fairly and expeditiously;

- <u>Second</u>, to restore PG&E's financial stability and assure that PG&E had access to the capital and resources necessary to sustain and support its ongoing operations and to enable PG&E to continue investing in its systems infrastructure and critical safety and wildfire prevention initiatives;

- <u>Third</u>, to work collaboratively and constructively with state regulators and policy makers to, among other things, determine the most effective way for PG&E to provide safe and reliable electric and natural gas service to its customers and communities for the long term; and

- <u>Fourth</u>, to enable PG&E to continue its extensive restoration and rebuilding efforts to assist the communities affected by the 2017 and 2018 Northern California wildfires.

The Plan, which successfully and timely achieved all of these objectives, was the culmination of more than sixteen months of arm's length and good faith negotiations by and among the Debtors, the Shareholder Proponents, the Governor's Office, the Ad Hoc Subrogation Group, the Tort Claimants Committee, the Public Entities, the Ad Hoc Committee of Senior Noteholders of the Utility (the "**Ad Hoc Noteholder Committee**"), regulators, and many other parties in interest in these Chapter 11 Cases. Perhaps most importantly, the Plan was overwhelmingly supported by the Fire Victims. In addition, the California Public Utilities Commission (the "**CPUC**") issued a decision that found that the Plan, with the commitments and conditions required by the CPUC, complies with AB 1054, enabling the Debtors to, among other things, participate in the Go-Forward Wildfire Fund.

The Debtors, with the assistance of Weil and their other advisors, have been able to achieve an outstanding result in these Chapter 11 Cases in an extraordinarily compressed timeframe for cases of this complexity—a Plan that embodies a comprehensive restructuring of the Debtors that fairly

and equitably addresses all Fire Claims and other prepetition claims and equity interests, allows the Debtors to timely access the Go-Forward Wildfire Fund, has the support of the Governor's Office, complies with AB 1054, maximizes value for all parties in interest, and ensures that the Utility will be positioned to deliver safe and reliable service to its customers. Weil's guidance and leadership at each stage of these Chapter 11 Cases was critical to achieving such a comprehensive, global resolution in accordance with the timeline established by AB 1054, including paying creditors in full, with postpetition interest.

Weil played a lead and critical role in the successful and timely administration of these Chapter 11 Cases and in assisting the Debtors in successfully achieving the numerous, complex settlements that formed the basis of the Plan (collectively, the "**Plan Settlements**"), including, among others, those settlements embodied in:

(i) the Public Entities Support Agreements, which successfully resolved the wildfire claims of 18 local public entities for approximately $1 billion;

(ii) the Subrogation Claims RSA, which settled and resolved more than $20 billion of potential subrogation liabilities for $11 billion in cash;

(iii) the Tort Claimants RSA, which settled and resolved the claims of individual and other Fire Victims for approximately $13.5 billion plus the assignment under the Plan of certain rights and causes of action to the Fire Victim Trust;

(iv) the Noteholder RSA, which resolved outstanding disputes with the Ad Hoc Noteholder Committee representing holders of billions of dollars in note claims with respect to, among other things, the payment of make-whole premiums and the appropriate rate of postpetition interest to be paid on unsecured claims under the Plan, and resulted in the withdrawal of the alternative plan of reorganization that was filed by the Tort Claimants Committee and the Ad Hoc Noteholder Committee;

(v) the Tubbs Settlements, which liquidated and allowed the Fire Claims of certain elderly or infirm individual plaintiffs for whom the Court granted relief from the automatic stay to pursue their claims relating to the Tubbs fire;

(vi) the Butte County DA Settlement, pursuant to which, the Debtors agreed to plead guilty to certain charges, and pay a fine of approximately $4 million to fully resolve the criminal prosecution of the Debtors arising out of the 2018 Camp Fire;

(vii) the Federal Agency Claims Settlement and the State Agency Claims Settlement, which resolved the treatment of approximately $7.5 billion in aggregate of Fire Claims that were asserted by the various Governmental Agencies in these Chapter 11

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Cases for an allowed $1 billion subordinated claim (to be subordinated and junior in right of payment to all other Fire Victim Claims that may be asserted against the Fire Victim Trust) and certain additional allowed Claims to be satisfied from the Fire Victim Trust that total approximately $321.3 million in the aggregate;

(viii)    the Case Resolution Contingency Process, which approved an agreement with the Governor's Office to address the circumstance in which the Plan was not confirmed or failed to go effective in accordance with certain required dates and was critical to obtaining the support of the Governor's Office for the Plan; and

(ix) the Plan OII, which culminated in the CPUC's final determination that the Plan fully complied with AB 1054, enabling the timely entry of the Confirmation Order and the Reorganized Debtors' ability to participate in the Go Forward Wildfire Fund.

In addition to successfully negotiating, filing, and prosecuting the Plan and the Plan Settlements, Weil worked diligently during these cases with the Debtors' Board of Directors, management, and other employees to provide invaluable advice and services that allowed the Debtors to, among other things, (i) prepare and file these Chapter 11 Cases with minimal disruption to business operations, (ii) stabilize their operations, (iii) secure $5.5 billion in postpetition debtor-in-possession financing, (iv) implement one of the largest and most comprehensive protocols to provide notice to parties in interest of the deadline to file claims in the Chapter 11 Cases, (v) navigate a highly contentious competing plan process, (vi) develop and implement comprehensive procedures for the solicitation and tabulation of votes on the Plan, including special procedures for soliciting the votes of individual Fire Victim Claimants, (vii) address various employee issues, supplier concerns, and other operational issues, and (viii) administer these cases efficiently and economically for the benefit of all of the Debtors' economic stakeholders. Furthermore, Weil has endeavored to monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with the representation of the Debtors in these Chapter 11 Cases and to prevent duplication of services.

The professional services performed and expenses incurred by Weil were actual and necessary to preserve and protect the value of the Debtors' estates and to achieve the highly successful

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

reorganization that became effective on July 1, 2020. The Plan and the settlements embodied therein were the product of rigorous and highly contentious negotiations, which paved the way for the Debtors' timely emergence from chapter 11. In light of the size, complexity, and nature of these Chapter 11 Cases, the efficiency with which they were administered, and the successful outcome for the Debtors and their stakeholders, including, most importantly, Fire Victims, Weil's charges for professional services performed and expenses incurred are reasonable and appropriate under the applicable standards. Weil respectfully requests that the Court grant the Application.

This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Bankruptcy Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**,") and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (as approved by the Court's Order dated November 15, 2019, as amended December 18, 2019 and January 30, 2020, the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date, the Debtors

continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases have been jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed the Tort Claimants Committee (together with the Creditors' Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**").[2]

On June 20, 2020, the Court entered the Confirmation Order confirming the Plan and the Plan became effective on July 1, 2020. Pursuant to Section 2.2(a) of the Plan, final requests for the payment of Professional Fee Claims against a Debtor, including any Professional Fee Claim incurred during the period from the Petition Date through and including the Effective Date, must be filed and served on the Reorganized Debtors no later than sixty (60) days after the Effective Date.

### The Debtors' Retention of Weil

On March 13, 2019, the Debtors filed an application to employ Weil as their attorneys, effective as of the Petition Date [Docket No. 864] (the "**Retention Application**"), which application was approved by Order, dated April 9, 2019 [Docket No. 1298] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit A**.

The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Weil at its customary hourly rates for services rendered and to reimburse Weil for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Weil to provide the following services to the Debtors:

---

[2] Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**First Day Declaration**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

- prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other pleadings and documents in connection with the administration of the Chapter 11 Cases;

- take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

- take all necessary actions to protect and preserve the value of the Debtors' estates, and all related matters; and

- perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; provided, however, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

*Fourth Interim Compensation Period.* Weil seeks interim allowance of compensation for professional services performed during the Fourth Interim Compensation Period in the amount of $17,253,938.27 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $3,872,083.71. During the Fourth Interim Compensation Period, Weil attorneys and paraprofessionals expended a total of 16,687.20 hours in connection with the necessary services performed. During the Fourth Interim Compensation Period, Weil voluntarily reduced the amount of fees requested by $435,296.50, and voluntarily reduced the amount of expenses incurred by $39,082.41. The voluntary reduction in compensation represents approximately 2.25% of the total interim compensation sought pursuant to this Application.

*Final Compensation Period.* Weil seeks final allowance of compensation for professional services performed during the Final Compensation Period in the amount of $49,972,910.52

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $4,774,316.46. During the Final Compensation Period, Weil attorneys and paraprofessionals expended a total of 50,854.20 hours in connection with the necessary services performed. During the Final Compensation Period, Weil voluntarily reduced the amount of fees requested by $3,507,359.25, and voluntarily reduced the amount of expenses incurred by $358,396.96, which numbers include the reduction of $380,000 in fees and $40,000 in expenses as agreed to between Weil and the Fee Examiner in connection with Weil's first interim fee application. The voluntary reduction in compensation represents approximately 7.06% of the total final compensation sought pursuant to this Application.

There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Weil pursuant to the Interim Compensation Order, during the Fourth Interim Compensation Period or the Final Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Prior to the Petition Date, the Debtors paid Weil certain amounts as an advance payment retainer for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11. Based on a reconciliation of all charges and expenses through the Petition Date, the balance of the advance payment retainer as of the date hereof is $1,314,476.78. Since the Petition Date, Weil has received payment from the Debtors of $35,863,939.22 in fees and $3,177,081.10 for reimbursement of expenses pursuant to the Interim Compensation Order.

The fees charged by Weil in these Chapter 11 Cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Periods. The rates Weil charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases generally are the same rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

The summary sheets contain a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Periods, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

The summary sheets also contain a summary of Weil's hours billed during the Compensation Periods using project categories described therein and hereinafter described. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these Chapter 11 Cases. Copies of these computerized records (as modified to address privileged and confidential matters) have been filed on the docket with Weil's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheets also contain a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Weil's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed hereto as **Exhibit B** is a certification regarding Weil's compliance with the Fee Guidelines.

Annexed hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Weil's timekeepers in New York to non-bankruptcy matters during the preceding year on a rolling 12 months year ending July 31, 2020, along with the blended hourly rates billed to the Debtors during the Fourth Interim Compensation Period.

Weil discussed its rates, fees, and staffing with the Debtors at the outset of these Chapter 11 Cases. Further, Weil provided the Debtors with estimated budgets in connection with the Debtors' postpetition financing. A summary of Weil's budget is attached hereto as **Exhibit D**. Weil estimated its fees for the Fourth Interim Compensation Period would be approximately $17,500,000.00. The fees and expenses sought exceed that estimate, which is a result of, among other things, Weil's intensive

efforts to prepare for, and successfully navigate, confirmation of the Plan, including the multi-day Confirmation Hearing and responding to approximately thirty-five filed objections to confirmation, plus numerous informal objections. For the Final Compensation Period, the fees and expenses sought by Weil remain below Weil's estimate of approximately $59,500,000.00 for the Final Compensation Period. A summary of staffing for the Fourth Interim Compensation Period is attached hereto as **Exhibit E**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the successful administration of the Chapter 11 Cases, preservation of the Debtors' assets, and the other matters described herein. The Debtors are aware of the complexities of these cases, the many issues that needed to be addressed, the various disciplines involved, and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

The services provided by Weil during the first three interim compensation periods are described in Weil's prior interim compensation applications.

**Summary of Services Performed by**
**Weil During the Fourth Interim Compensation Period**

During the Fourth Interim Compensation Period, Weil rendered substantial professional services to the Debtors in order to efficiently and economically administer the Chapter 11 Cases and assist the Debtors in achieving confirmation and consummation of the Plan and successfully emerging from chapter 11. The following is a summary of the significant professional services rendered by Weil during the Fourth Interim Compensation Period, organized in accordance with Weil's internal system of project or work codes.[3]

a.    Automatic Stay Issues (Task Code 003)
Fees: $331,579.50; Total Hours: 315.10

- Responded to motions to lift the automatic stay for certain parties, including JH Kelly, LLC and AECOM Technical Services; and
- Prepared stipulations modifying the automatic stay for certain limited purposes.

---

[3] Certain services performed overlap between, or could appropriately be allocated to, more than one task code. If a task code does not appear below, then Weil did not bill significant time for that task code during the Fourth Interim Compensation Period.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

b. <u>Bankruptcy Litigation (Task Code 004) / Non-Bankruptcy Litigation (Task Code 021)</u>
Fees: $2,521,474.00; Total Hours: 2,625.70

- Analyzed, researched, and briefed pre-confirmation and confirmation litigation issues including with respect to, among other things, the treatment under the Plan of contingent indemnification claims, the scope of the Plan release, exculpation and discharge provisions, and objections regarding disparate treatment and classification issues;
- Researched issues, drafted responses, analyzed claims, and appeared at hearings with regard to the securities class action filed by the Public Employees Retirement Association of New Mexico ("**PERA**"), and represented the Debtors in connection with related discovery matters and mediation;
- Represented the Debtors in hearings and status conferences in connection with PERA's motion to allow a class proof of claim (the "**Rescission or Damage Class POC Motion**"), and the extended bar date for Rescission or Damage Claims (the "**Rescission or Damage Claims Extended Bar Date**");
- Advised the Debtors, negotiated with counterparties, and filed pleadings related to the Fire Victim Trust Agreement and Claims Resolution Procedures;
- Researched issues and drafted responses related to the Tort Claimant Committee's objection to FEMA's and Cal OES's Fire Claims;
- Advised the Debtors regarding, and filed pleadings in response to, the Tort Claimant Committee's subpoenas in connection with the Assigned Rights and Causes of Action;
- Advised the Debtors in connection with the resolution of estimation proceedings pending before the District Court;
- Responded to motions to designate votes and appoint an examiner to review alleged voting irregularities and appeared at hearings regarding same;
- Researched issues, drafted responses, and appeared at hearings with regard to the motion to dismiss claimant Anthony Gantner's class proof of claim motion;
- Researched issues and drafted responses with regard to the adversary proceeding filed by Winding Creek Solar LLC; and
- Drafted and filed objections to a motion to reconsider the Court's approval of the Tort Claimants RSA and the Subrogation Claims RSA, and an appeal of the denial of the motion to reconsider approval of the Tort Claimants RSA.

c. <u>Bar Date Motion/Claims Reconciliation/Claim Reconciliation Issues (Task Code 005)</u>
Fees: $1,109,306.50; Total Hours: 1,111.10

- Coordinated with the Debtors, Prime Clerk, LLC ("**Prime Clerk**"), and PERA regarding a customized proof of claim form, notice, noticing procedures, and claim submission process related to the Rescission or Damage Claims Extended Bar Date, which involved sending notice to over 75,000 parties and 795 banks, brokers, and financial institutions;
- Conferred with the Debtors and their other advisors regarding various claim reconciliation issues, including potential claims objections and settlements;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Participated in the negotiation of the Federal Agency Claims Settlement and the State Agency Claims Settlement, which resolved over $7.5 billion in asserted claims, and filed motion to approve the same; and
- Negotiated, reviewed and revised various *de minimis* claim settlement agreements.

    d.    <u>Case Administration (docket updates, WIP, and calendar) (Task Code 006)</u>
Fees: $63,937.50; Total Hours: 111.50

- Maintained ongoing work-in-progress and assignment list and case calendar for use by Weil, the Debtors, and the Debtors' other advisors;
- Coordinated with and assisted Prime Clerk, the Court-appointed claims, noticing, and solicitation agent, in maintaining the website containing information regarding the docket, the Debtors, meetings of creditors, and copies of relevant documents;
- Prepared, filed, and coordinated service of various pleadings with Prime Clerk;
- Reviewed and responded to emails, calls and correspondence from creditors and other parties in interest; and
- Prepared and distributed periodic docket updates and client summaries.

    e.    <u>Chapter 11 Plan/Plan Confirmation (Task Code 008)</u>
Fees: $5,174,319.00; Total Hours: 5,131.80

- Negotiated, prepared, filed, and appeared in Court over multiple days at the Confirmation Hearing in defense of, and ultimately received Court approval of, the Plan, which timely confirmation enabled the Debtors to (i) fairly and expeditiously treat prepetition wildfire claims in full compliance with AB 1054, (ii) achieve a rate-neutral solution, on average, for customers, (iii) meet the AB 1054 June 30, 2020 timeline for confirmation of the Plan, (iv) achieve required approvals from the CPUC and other applicable regulatory authorities, (e) support California's clean energy goals, and (v) ensure that the Reorganized Debtors have access to sufficient liquidity;
- Drafted and filed the memorandum in support of confirmation and in response to objections filed to confirmation of the Plan [Docket No. 7528] (the "**Confirmation Memorandum**");
- Prepared witnesses and represented them in support of confirmation at the Confirmation Hearing;
- Negotiated and filed multiple drafts and versions of the proposed *Findings of Fact, Conclusions of Law, and Order Confirming the Plan* [Docket Nos. 7581, 7938, and 8025];
- Prepared and filed the Plan Supplement [Docket No. 7037] and ten supplements thereto (as supplemented, the "**Plan Supplement**"), which included, among other things, the Schedule of Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan (the "**Schedule of Rejected Contracts**"), the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to the Plan and Proposed Cure Amounts (the "**Schedule of Assumed Contracts**"), the Schedule of Assigned Rights and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Causes of Action, the Subrogation Wildfire Trust Agreement, and the Fire Victim Trust Agreement;

- Conducted numerous meetings, conferences, and teleconferences with the various professionals for the Debtors, the Shareholder Proponents, and other key economic stakeholders regarding the terms of the Plan and the drafting of the Plan and related documents;

- Drafted and filed several amendments and modifications to the Plan and proposed Confirmation Order to address objections and comments raised by interested parties;

- Negotiated with the Tort Claimants Committee and the Fire Victim Trustee on the terms of the Fire Victim Trust Agreement;

- Drafted and filed objections to motions to reconsider the Court's approval of the stipulation with the Tort Claimants Committee regarding the registration rights agreement and related agreements of the Fire Victim Trust and an appeal of the denial of the motion to reconsider approval of the Tort Claimants RSA;

- Participated in the negotiation of the Case Resolution Contingency Process, which resolved ongoing discussions with the Governor's Office over the Plan's compliance, in the Governor's Office's view, with AB 1054, and filed motion to approve, and responded to objections to, the Case Resolution Contingency Process;

- Researched and filed a memorandum of law successfully opposing an interlocutory appeal of the Court's decision on post-petition interest;

- Participated in multiple meetings and teleconferences with the Debtors and their other advisors, including representatives of Lazard Freres & Co. LLC, regarding emergence debt and equity exit financing issues and reviewed and revised various documents with respect thereto;

- Conducted multiple meetings and teleconferences with the Debtors and other parties in interest in connection with the successful implementation of the Plan; and

- Represented the Debtors in mediation with representatives of the Tort Claimants Committee, and other parties in interest regarding the Plan, resulting in the Tort Claimants Committee's full support for confirmation of the Plan.

f. Corporate Governance and Board Issues (Task Code 010)
   Fees: $310,200.50; Total Hours: 233.90

- Prepared for and attended numerous meetings of the Debtors' Board of Directors and various subcommittees of the Board;

- Reviewed Board resolutions and advised the Debtors' directors and officers on issues related to the Chapter 11 Cases and confirmation and consummation of the Plan;

- Reviewed and commented on drafts of various public filings and related documents including drafts of Form 10-Ks, Form 10-Qs, Form 8-Ks, and associated documents, and engaged in conferences and correspondence with the Debtors and their other advisors regarding same;

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Researched and discussed various corporate governance issues and advised the Debtors and their other professionals regarding same; and
- Advised the Board on financing options for emergence from chapter 11.

g. <u>Disclosure Statement (Task Code 013)</u>
Fees: $905,735.50; Total Hours: 919.50

- Prepared, filed, and revised the Disclosure Statement and coordinated with the Debtors and their advisors regarding the content, timing, and distribution of same;
- Responded to formal and informal objections to approval of the Disclosure Statement, attended meet-and-confers regarding Disclosure Statement objections, and represented the Debtors before the Court in support of Court-approval of the Disclosure Statement across a two-day hearing;
- Filed briefs and represented the Debtors before the Court in response to the Tort Claimants Committee's request for supplemental disclosure;
- Successfully received Court approval of a motion to approve comprehensive Plan solicitation procedures, including special procedures for the solicitation, and tabulation of votes of individual Fire Victims, appeared in Court in support of the same, and coordinated with professionals at Prime Clerk, the Debtors' other advisors, the Shareholder Proponents, and the Tort Claimants Committee regarding the same; and
- Coordinated with Prime Clerk and AlixPartners regarding the distribution of the Disclosure Statement and Solicitation Packages.

h. <u>Employee Issues (Task Code 014)</u>
Fees: $605,307.00; Total Hours: 606.20

- Advised the Debtors regarding various issues with respect to employee wages, compensation, and other programs;
- Participated in numerous conferences and teleconferences with the Debtors, their other professionals, the Debtors' Board of Directors, and members of the Debtors' Compensation Committee regarding, among other things, employee compensation, incentive compensation programs, and benefits terms and programs; and
- Drafted, consulted with Debtors, and filed motion to approve the 2020 employee compensation programs.

i. <u>Executory Contracts/Lease Issues (Task Code 017)</u>
Fees: $722,601.00; Total Hours: 773.10

- Drafted, filed, and obtained Court approval of motions to assume certain real property leases and certain environmental-related leases and contracts;
- Analyzed various executory contracts and unexpired leases and the Debtors' rights thereunder;
- Participated on numerous teleconferences with the Debtors and their other professionals regarding the treatment of various executory contracts and unexpired leases under the Plan and otherwise;

- Coordinated with AlixPartners to prepare and file the Schedule of Assumed Contracts and the Schedule of Rejected Contracts and various amendments and supplements thereto; and
- Resolved numerous formal and informal objections to the Schedule of Assumed Contracts and the Schedule of Rejected Contracts, including various cure disputes and other matters related to the assumption of various executory contracts and leases under the Plan.

j.  General Case Strategy (includes calls with client and team calls) (Task Code 018)
    Fees: $452,473.00; Total Hours: 421.30

- Participated in numerous team meetings, conferences, and teleconferences among Weil, the Debtors, and the Debtors' other advisors regarding the status and administration of the Chapter 11 Cases and general case strategy;
- Reviewed and responded to various correspondence regarding the Chapter 11 Cases and various related issues; and
- Advised the Debtors in connection with the negotiation of a settlement with the District Attorney of Butte County to settle and resolve the criminal prosecution and investigation of the Utility arising from the November 8, 2018 Camp fire.

k.  Hearings and Court Matters (Task Code 019)
    Fees: $810,030.50; Total Hours: 757.30

- Prepared for and attended numerous in-person, telephonic, and video hearings before the Bankruptcy Court, including omnibus hearings (many of which were contested), the Disclosure Statement Hearing, the Confirmation Hearing (which encompassed days of hearings and daily preparation therefor), and various discovery and status conferences.
- Prepared for and attended hearings before the District Court regarding estimation of Fire Claim liability;
- Reviewed agenda letters and coordinated with local counsel and the Court regarding hearings and agenda items;
- Prepared pleadings, exhibits, and other documents for hearings; and
- Responded to inquiries from the Court regarding pleadings and case administration issues.

l.  Non-Working Travel (Task Code 022)[4]
    Fees: $119,076.00; Total Hours: 91.60

- Traveled to and from the Debtors' offices in San Francisco, Court hearings, and meetings with creditors and other parties in interest.

m.  Regulatory Issues (including CPUC and FERC) (Task Code 025)
    Fees: $290,575.00; Total Hours: 287.80

---

[4] Pursuant to the Fee Protocol, non-working travel is subject to a two-hour cap.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

- Advised the Debtors regarding the impact of, and interplay between, the Chapter 11 Cases and ongoing proceedings before the CPUC;
- Corresponded with the representatives of the CPUC regarding the review process and timing for CPUC consideration and approval of the Plan;
- Negotiated with the CPUC and California Public Advocates Office regarding certain motions and requests for relief in the Bankruptcy Court, including preparation of motions to approve settlements of certain Orders Instituting Investigation before the CPUC;
- Provided periodic updates on the status of the Chapter 11 Cases to the CPUC's advisors and other regulatory agencies;
- Performed and coordinated document review and productions in response to various governmental and regulatory requests; and
- Participated on calls with the Debtors' senior management and other advisors regarding resolution of certain environmental claims and potential claims of governmental units.

n.  Retention/Billing/Fee Applications: WGM (Task Code 026)
    Fees: $183,624.00; Total Hours: 223.50

- Drafted and filed supplemental declarations in support of Weil's retention; and
- Prepared and filed monthly fee statements and Weil's third interim fee application in accordance with the Interim Compensation Order.

o.  Tax Issues (Task Code 030)
    Fees: $2,248,334.00; Total Hours: 1,769.60

- Thoroughly analyzed and advised the Debtors on various tax matters regarding the Disclosure Statement and the Plan and related settlement agreements, including the drafting of the Tax Benefit Payment Agreement and documents related to the public offerings to be executed pursuant to the Plan;
- Analyzed, revised, and submitted the IRS Qualified Settlement Fund Letter Ruling; and
- Participated in internal conferences and teleconferences with the Debtors, and their other professionals in connection with potential tax consequences of various proposed and/or pursued transactions in the Chapter 11 Cases.

p.  Real Estate and Real Property Issues (Task Code 035)
    Fees: $976,979.00; Total Hours: 880.50

- Prepared and filed brief and expert declarations that resulted in Court approval of a transaction to enter into lease and purchase agreements for a new Oakland headquarters building;
- Researched and advised Debtors in connection with lease and purchase agreements for new headquarters building and reviewed and revised various agreements in connection therewith;
- Prepared, filed, and obtained Court approval of motions to assume certain real property leases;

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

- Reviewed various real property agreements, leases, and easement agreements and advised the Debtors on issues related thereto; and
- Participated in regular calls with the Debtors' real estate team and other advisors regarding real property transactions and related issues.

q.   Tort Claimants Committee, including Wildfire Claimants (Task Code 036)
Fees:  $101,260.50; Total Hours:  98.40

- Prepared for, and participated in meetings, mediation, and teleconferences with, the Tort Claimants Committee regarding pending motions, Plan related matters, and various other related issues.
- Prepared and filed objections to various motions filed by the Tort Claimants Committee; and
- Reviewed and produced documents in connection with various Tort Claimants Committee document and other discovery requests.

r.   Insurance Issues (Task Code 037)
Fees:  $134,469.00; Total Hours:  116.50

- Prepared for and responded to discovery related to D&O insurance requested by PERA; and
- Researched insurance coverage questions related to fire claims and securities litigation.

The foregoing is merely a brief summary of the various professional services rendered by Weil during the Fourth Interim Compensation Period. The professional services performed by Weil during the Fourth Interim Compensation Period were necessary and appropriate to the successful administration of the Chapter 11 Cases and confirmation and consummation of the Plan, and were in the best interests of the Debtors and the estates.   Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

The professional services performed by Weil on behalf of the Debtors during the Fourth Interim Compensation Period required an aggregate expenditure of 16,687.20 recorded hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.   Of the aggregate time expended, 7,329.90 recorded hours were expended by partners and counsel of Weil, 8,999.10 recorded hours were expended by associates, and 358.20 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

During the Fourth Interim Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $595.00 to $1,695.00 per hour for attorneys.

Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,049.56 (based on 16,329.00 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

### Summary of Services Performed by
### Weil During the Final Compensation Period

The professional services summarized above and performed by partners, counsel, and associates of Weil during the Final Compensation Period were primarily rendered by the Business Finance & Restructuring, Corporate, Tax, and Litigation Departments. As set forth in the Retention Application, Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities. Weil also has the foremost experts with respect to tax matters in reorganization cases.

The professional services performed by Weil on behalf of the Debtors during the Final Compensation Period required an aggregate expenditure of 50,854.20 recorded hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 24,862.30 recorded hours were expended by partners and counsel of Weil, 24,796.30 recorded hours were expended by associates, and 1,195.60 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

During the Final Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $560.00 to $1,695.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,006.18 (based on 49,658.60 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

Weil has disbursed $3,872,083.71 as expenses incurred in providing professional services during the Fourth Interim Compensation Period and $4,774,316.46[5] as expenses incurred in providing professional services during the Final Compensation Period.  These expenses are reasonable and necessary and were essential to, among other things, timely respond to motions and objections and the overall successful administration of these Chapter 11 Cases.

Weil has not charged the Debtors for any overtime expenses.  Consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings, on weekends or holidays, or were traveling in connection with these Chapter 11 Cases were reimbursed for their reasonable meal costs and their cost for transportation home from the office.  Weil's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The amounts for which Weil is seeking reimbursement for reasonable meal costs are consistent with the local practice for chapter 11 cases filed in the Southern District of New York and the District of Delaware.

With respect to photocopying expenses, as set forth in the Retention Application, Weil charges all of its clients $.10 per page; for color copies, Weil charges $.50 per page.  Except as set forth herein, each of these categories of expenses does not exceed the maximum rate set by the Local Guidelines.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into the Weil hourly billing rates.  Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service and represents a good faith estimate of the actual cost of the copies.  A determination of the actual expenses per page

---

[5] Reflects a reduction of $40,000 in expenses as agreed to between Weil and the Fee Examiner in connection with Weil's first interim fee application.

for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

On certain occasions, overnight or expedited delivery of documents and other materials was required as a result of circumstances necessitating the use of such services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and their economic stakeholders.

## The Requested Compensation Should Be Allowed

Section 331 of the Bankruptcy Code provides for interim and final compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Id.* § 330(a)(3).

In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly and extremely successful administration of the Chapter 11 Cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors, and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent, and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases.

The professional services were performed expediently and efficiently. Whenever possible and appropriate, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Notice

Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Weil submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## Conclusion

Weil respectfully requests that the Court (i) (a) award an interim allowance of Weil's compensation for professional services rendered during the Fourth Interim Compensation Period in the amount of $21,126,021.98, consisting of $17,253,938.27, representing 100% of fees incurred during the Fourth Interim Compensation Period, and reimbursement of $3,872,083.71, representing 100% of actual and necessary expenses incurred during the Fourth Interim Compensation Period, and (b) award a final allowance of Weil's compensation for professional services rendered during the Final Compensation Period of $54,747,226.98, consisting of $49,972,910.52, representing 100% of fees incurred during the Final Compensation Period, and reimbursement of $4,774,316.46, representing 100% of actual and necessary expenses incurred during the Final Compensation Period, (ii) direct payment by the Reorganized Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order, and (iii) grant such other and further relief as is just.

Dated: August 28, 2020

**WEIL, GOTSHAL & MANGES LLP**

By: /s/  *Stephen Karotkin*
　　Stephen Karotkin

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1                        Notice Parties

2  PG&E Corporation
c/o Pacific Gas & Electric Company

3  77 Beale Street
San Francisco, CA 94105

4  Attn:   Janet Loduca, Esq.

5  Keller Benvenutti Kim LLP
650 California Street, Suite 1900

6  San Francisco, CA 94108
Attn:   Tobias S. Keller, Esq.,

7          Jane Kim, Esq.

8  The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153

9  San Francisco, CA 94102
Attn:   James L. Snyder, Esq.,

10         Timothy Laffredi, Esq.

11  Milbank LLP
55 Hudson Yards

12  New York, NY 10001-2163
Attn:   Dennis F. Dunne, Esq.,

13         Sam A. Khalil, Esq.

14  Milbank LLP
2029 Century Park East, 33rd Floor

15  Los Angeles, CA 90067
Attn:   Paul S. Aronzon, Esq.,

16         Gregory A. Bray, Esq.,
           Thomas R. Kreller, Esq.

17

18  Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400

Los Angeles, CA 90025-0509

19  Attn:   Eric Sagerman, Esq.,
         Cecily Dumas, Esq.

20

21  Bruce A. Markell
Fee Examiner

541 N. Fairbanks Ct., Ste 2200

22  Chicago, IL 60611-3710

23  Scott H. McNutt
324 Warren Road

24  San Mateo, California 94402

25

26

27

28