Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing Date to be Set**<br><br>Place:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

| General Information | |
|---|---|
| Name of Applicant | Simpson Thacher & Bartlett LLP |
| Name of Client | Board of Each of PG&E Corporation and Pacific Gas and Electric Company and Certain Current and Former Independent Directors |
| Petition Date | January 29, 2019 |
| Retention Date | May 10, 2019 *nunc pro tunc* to January 29, 2019 |

| Summary of Fees and Expenses Sought in the Fourth Interim Application | |
|---|---|
| Time Period Covered by Application | January 1, 2020 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $4,856,392.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $2,108,488.00 |
| Amount of Compensation Sought Pursuant to Section 363 | $2,747,904.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 327(e) | $5,535.63 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 363 | $37,156.64 |

| Total Fees and Expenses in Fourth Interim Application Paid But Not Yet Allowed | |
|---|---|
| Total Compensation Paid But Not Yet Allowed | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed | $21,490.38 |

| Summary of Rates and Related Information for Fourth Interim Application | |
|---|---|
| Number of Timekeepers in Fourth Interim Application | 37 (29 attorneys, 8 paraprofessionals) |
| Hours Billed by Timekeepers in Fourth Interim Compensation Period | 3,944.00 |
| Blended Rate for Attorneys | $1,251.74 |
| Blended Rate for all Professionals | $1,231.34 |

This is a(n) __X__ Interim _____Final Application

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| | |
|---|---|
| **Summary of Fees and Expenses Sought in the Final Application** | |
| Time Period Covered by Application | January 29, 2019 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $12,071,175.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $5,066,244.50 |
| Amount of Compensation Sought Pursuant to Section 363 | $7,004,931.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 327(e) | $45,680.93 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary Pursuant to Section 363 | $117,225.79 |
| **Total Fees and Expenses in Final Application Paid But Not Yet Allowed** | |
| Total Compensation Paid But Not Yet Allowed (*i.e.,* compensation paid for Fourth Interim Compensation Period) | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed (*i.e.,* costs paid for Fourth Interim Compensation Period) | $21,490.38 |
| **Total Fees and Expenses Allowed Under First, Second and Third Interim Applications** | |
| Total  Compensation Allowed on Interim Basis  (*i.e.,* compensation allowed under First-Third Interim Applications) | $7,214,783.00[1] |
| Total Expenses Allowed on Interim Basis (*i.e.,* costs allowed under First-Third Interim Applications) | $120,214.45[2] |
| **Summary of Rates and Related Information** | |
| Number of Timekeepers in Final Application | 67 (47 attorneys and 20 paraprofessionals) |
| Hours Billed by Timekeepers for Total Compensation Period | 10,568.40 |
| Blended Rate for Attorneys | $1,188.47 |
| Blended Rate for all Professionals | $1,166.80 |

This is a(n) **____** Interim **___X___** Final Application

---

[1] This amount reflects the reduction of $260,000 pursuant to the compromises between Simpson Thacher and the Fee Examiner regarding the First Interim Application and the Second and Third Interim Applications.

[2] Simpson Thacher was paid an additional $22,000 in expenses that were ultimately not "allowed" because Simpson Thacher agreed, pursuant to its compromise with the Fee Examiner, to reduce the expenses requested under the First, Second and Third Interim Applications by $22,000 ($2,000 under the First Interim Application and $20,000 under the Second and Third Interim Applications).  This $22,000 reduction has been accounted for by subtracting it from the total outstanding amount requested to be paid pursuant to this Fourth Interim and Final Application.

4

# SUMMARY OF FOURTH INTERIM AND FINAL APPLICATION

| Date Filed | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Originally Requested for Compensation Period | | Total Amount Paid to Date | | Amounts Unpaid and Outstanding[3] |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | 80% of Undisputed Fees | Expenses (@ 100%) | Fees | Expenses | |
| First Interim (7/23/19) | 01/29/19 – 04/30/19 | $1,931,632.00 | $16,579.35 | $1,545,305.60 | $16,579.35 | $1,851,632.00 | $14,579.35 | N/A |
| Second Interim (11/15/19) | 05/1/19 – 08/31/19 | $2,837,908.50 | $51,945.60 | $2,243,331.60 | $51,945.60 | $2,243,331.60 | $51,945.60 | $494,576.90 |
| Third Interim (3/16/20) | 09/1/19 – 12/31/19 | $2,705,242.50 | $73,689.50 | $1,770,766.00 | $73,689.50 | $1,770,766.00 | $73,689.50 | $834,476.50 |
| Fourth Interim | 01/1/20 – 07/1/20 | $4,856,392.50 | $42,692.27 | $3,885,114.00 | $42,692.27 | $1,845,634.80 | $21,490.38 | $3,031,959.59 |
| Total | | $12,331,175.50 | $184,906.72 | $9,444,517.20 | $184,906.72 | $7,711,364.40 | $161,704.83 | $4,361,012.99 |

[3] The amounts unpaid and outstanding include: (1) $494,576.90 outstanding under the Second Interim Application, which (x) includes $33,744 in fees objected to by PERA (defined below) and $560,832.90 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (2) $834,476.50 outstanding under the Third Interim Application, which (x) includes $491,785 objected to by PERA and $442,691.50 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (3) $3,031,959.59 outstanding under the Fourth Interim Application, which includes $971,278.50 as the Holdback Amount, $2,039,479.20 in currently unpaid fees under the Thirteenth-Sixteenth Monthly Fee Statements and $21,201.89 in currently unpaid expenses under the Thirteenth-Sixteenth Monthly Fee Statements.

The Public Employees Retirement Association of New Mexico ("**PERA**") objected to fees (collectively, the "**Objection Amount**") in Simpson Thacher's Fourth through Seventh Monthly Fee Statements, which are contained within the Second and Third Interim Applications. PERA did not continue to object beyond the Seventh Monthly Fee Statement and did not pursue its prior objections in connection with Simpson Thacher's request for approval of the Second and Third Interim Applications. Pursuant to the *Docket Text Order* dated August 3, 2020, Simpson Thacher's Second and Third Interim Applications, as amended by Simpson Thacher's compromise with the Fee Examiner, were allowed on an interim basis, which such allowance will be formally ordered in the *Order Granting Second Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 Through August 31, 2019* [Dkt. __] (the "**Second Interim Approval Order**") and the *Order Granting Third Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 1, 2019 Through December 31, 2019* [Dkt. __] (the "**Third Interim Approval Order**") to be entered by this Court.

Simpson Thacher expects that it will be paid (1) the remaining allowed amounts under the Second and Third Interim Applications pursuant to the Second and Third Interim Approval Orders (totaling $1,329.053.40) and (2) the remaining 80% of the fees and 100% of the expenses requested under the Fourth Interim Application (totaling $2,060,681.09 not inclusive of the $971,278.50 Holdback Amount) prior to the hearing on this Fourth Interim and Final Application.

Case: 19-30088    Doc# 8901    Filed: 08/28/20    Entered: 08/28/20 18:14:47    Page 5 of 34

## SUMMARY OF COMPENSATION FOR
## JANUARY 29, 2019 THROUGH JULY 1, 2020

The attorneys and professionals who rendered professional services in these Chapter 11

Cases during the Total Compensation Period are:

| NAME OF PARTNERS AND COUNSEL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Blake, Stephen | Litigation | 2008 | $1,325 | 141.70 | $187,752.50 |
| Brentani, William B. | Corporate | 1990 | $1,535 | 5.10 | $7,828.50 |
| Coll-Very, Alexis | Litigation | 1997 | $1,480 | 0.30 | $444.00 |
| Curnin, Paul C. | Litigation | 1988 | $1,640 | 723.90 | $1,187,196.00 |
| Frahn, Harrison J. | Litigation | 1997 | $1,535 | 0.50 | $767.50 |
| Frankel, Andrew T. | Litigation | 1990 | $1,535 | 26.80 | $41,138.00 |
| Goldin, Nicholas | Litigation | 2000 | $1,480 | 853.90 | $1,263,772.00 |
| Goldin, Nicholas | Litigation | 2000 | $740 | 17.70 | $13,098.00 |
| Grogan, Gregory T. | ECEB | 2001 | $1,535 | 151.20 | $232,092.00 |
| Kelley, Karen H. | Corporate | 2003 | $1,425 | 12.70 | $18,097.50 |
| Kreissman, James G. | Litigation | 1989 | $1,640 | 3.50 | $5,740.00 |
| Lesser, Lori E. | Litigation | 1994 | $1,535 | 0.30 | $460.50 |
| Ponce, Mario A. | Corporate | 1989 | $1,640 | 1,284.20 | $2,106,088.00 |
| Purcell, Andrew  B. | Tax | 2009 | $1,325 | 2.40 | $3,180.00 |
| Purushotham, Ravi | Corporate | 2010 | $1,325 | 489.60 | $648,720.00 |
| Qusba, Sandy | Corporate | 1994 | $1,535 | 839.00 | $1,287,865.00 |
| Steinhardt, Brian M. | Corporate | 1999 | $1,640 | 4.50 | $7,380.00 |
| Torkin, Michael H. | Corporate | 1999 | $1,535 | 233.90 | $359,036.50 |
| Webb, Daniel N. | Corporate | 2002 | $1,480 | 0.80 | $1,184.00 |
| Alcabes, Elisa | Litigation | 1989 | $1,220 | 313.40 | $382,348.00 |
| DeLott, Steven R. | Corporate | 1988 | $1,220 | 18.40 | $22,448.00 |
| Koslowe, Jamin R. | ECEB | 1996 | $1,220 | 2.50 | $3,050.00 |
| McLendon, Kathrine | Corporate | 1985 | $1,220 | 301.10 | $367,342.00 |
| Nadborny, Jennifer  L. | Corporate | 2005 | $1,220 | 0.70 | $854.00 |
| Brunner, Janice G. | Corporate | 2001 | $1,190 | 4.00 | $4,760.00 |
| Kofsky, Andrew M. | ECEB | 2000 | $1,190 | 11.90 | $14,161.00 |
| Rapp, James I. | Corporate | 1999 | $1,190 | 0.20 | $238.00 |
| Ricciardi, Sara A. | Litigation | 2003 | $1,190 | 639.70 | $761,243.00 |
| Wiseman, Stephen M. | Corporate | 1986 | $1,190 | 33.60 | $39,984.00 |
| **Total  Partners and Counsel:** | | | | **6,117.50** | **$8,968,268.00** |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| NAME OF PROFESSIONAL ASSOCIATES | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Calderon, Justin | Litigation | 2018 | $700 | 157.20 | $110,040.00 |
| Campbell, Eamonn W. | Litigation | 2016 | $915 | 217.40 | $198,921.00 |
| Duran, Raul G. | Litigation | 2018 | $590 | 78.30 | $46,197.00 |
| Duran, Raul G. | Litigation | 2018 | $295 | 0.50 | $147.50 |
| Egenes, Erica M. | Corporate | 2018 | $840 | 324.60 | $272,664.00 |
| Fell, Jamie | Corporate | 2015 | $995 | 306.90 | $305,365.50 |
| Hay, Jasmine N. | Tax | 2016 | $915 | 3.80 | $3,477.00 |
| Hinckson, Shanice D. | Litigation | 2019 | $590 | 13.40 | $7,906.00 |
| Isaacman, Jennifer | Litigation | 2019 | $590 | 561.30 | $331,167.00 |
| Kinsel, Kourtney J. | Litigation | 2018 | $590 | 519.80 | $306,682.00 |
| Levine, Jeff P. | Corporate | 2016 | $915 | 180.70 | $165,340.50 |
| Lundqvist, Jacob | Litigation | 2019 | $590 | 195.50 | $115,345.00 |
| Mahboubi, Aria | Corporate | 2018 | $700 | 4.30 | $3,010.00 |
| Phillips, Jacob M. | ECEB | 2017 | $840 | 149.60 | $125,664.00 |
| Phillips, Jacob M.[4] | ECEB | 2017 | $700 | 16.00 | 11,200.00 |
| Sparks Bradley, Rachel | Litigation | 2013 | $1,095 | 497.50 | $544,762.50 |
| Sussman, Rebecca A. | Litigation | 2017 | $840 | 578.60 | $486,024.00 |
| Sussman, Rebecca A. | Litigation | 2017 | $420 | 3.00 | $1,260.00 |
| Vallejo, Melissa A. | Litigation | 2019 | $590 | 297.80 | $175,702.00 |
| Yeagley, Alexander | Corporate | 2018 | $700 | 58.50 | $40,950.00 |
| **Total Associates:** | | | | **4,164.70** | **$3,251,825.00** |

| NAME OF PROFESSIONAL STAFF ATTORNEYS | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Penfold, John | Litigation | | $375 | 19.10 | $7,162.50 |
| Rossi, Adrian D. | Litigation | | $375 | 38.40 | $14,400.00 |
| **Total Staff Attorneys:** | | | | **57.50** | **$21,562.50** |

| NAME OF PARAPROFESSIONAL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| DeVellis, Mary | Resource Center | | $265 | 1.00 | $265.00 |
| Franklin, Janie Marie | Paralegal – Litigation | | $455 | 44.10 | $20,065.50 |
| Fuller, Devin | Resource Center | | $265 | 0.70 | $185.50 |

---

[4] *Jacob M. Phillips was mistakenly billed at the hourly rate of $700 for the month of February rather than his typical hourly rate of $840.

2

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

| Name | Role | | Rate | Hours | Compensation |
|------|------|--|------|-------|--------------|
| Gampper, Krista | Paralegal | | $265 | 0.50 | $132.50 |
| Gedrich, Evan | Resource Center | | $265 | 1.50 | $397.50 |
| Henderson, Douglas | Paralegal - Litigation | | $375 | 2.50 | $937.50 |
| Jacovatos, Nicholas | Resource Center | | $265 | 1.00 | $265.00 |
| Kortright, Magallie | Paralegal – Litigation | | $400 | 23.60 | $9,440.00 |
| Laspisa, Rosemarie | Paralegal – Litigation | | $400 | 56.50 | $22,600.00 |
| Magsino, Luke | Resource Center | | $265 | 1.00 | $265.00 |
| Mierski, Nathan | Resource Center | | $265 | 2.60 | $689.00 |
| O'Connor, Elizabeth | Paralegal - Litigation | | $265 | 10.60 | $2,809.00 |
| Scott, Eric Dean | Resource Center | | $265 | 4.30 | $1,139.50 |
| Terricone, Cyrena | Paralegal - Litigation | | $400 | 7.50 | $3,000.00 |
| Welman, Timothy | Resource Center | | $265 | 12.30 | $3,259.50 |
| Azoulai, Moshe | Knowledge Management | | $455 | 7.40 | $3,367.00 |
| Carney, Michael | Knowledge Management | | $420 | 0.90 | $378.00 |
| Kovoor, Thomas G. | Knowledge Management | | $420 | 44.30 | $18,606.00 |
| Rovner, Grace | Paralegal - Corporate | | $265 | 5.90 | $1,563.50 |
| Tripodi, Lou | Library | | $310 | 0.50 | $155.00 |
| **Total Paraprofessionals:** | | | | **228.70** | **$89,520.00** |

| PROFESSIONALS | BLENDED HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---------------|---------------------|--------------------|--------------------|
| Partners and Counsel | $1,466.00 | 6,117.50 | $8,968,268.00 |
| Associates | $780.81 | 4,164.70 | $3,251,825.00 |
| Staff Attorneys | $375.00 | 57.50 | $21,562.50 |
| Paraprofessionals | $391.43 | 228.70 | $89,520.00 |
| Blended Attorney Rate | $1,188.47 | | |
| **Total Fees Incurred** | | **10,568.40** | **$12,331,175.50** |

3

**SUMMARY OF COMPENSATION BY WORK TASK CODE FOR
THE PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| AA | Asset Analysis and Recovery | | |
| AD | Asset Disposition | | |
| BO | Business Operations | | |
| BU | Budgeting (Case) | | |
| CA | Case Administration | 13.20 | $13,046.00 |
| CC | Creditor Communications | | |
| CG | Corporate Governance and Board Matters | 5,482.70 | $6,802,970.00 |
| CH | Court Hearings | 99.50 | $118,468.00 |
| CM | Claims Administration and Objections | 88.70 | $79,286.00 |
| EC | Executory Leases and Contracts | | |
| EE | Employee Benefits/Pensions | 16.00 | $24,560.00 |
| ES | Equityholder Communications | | |
| FA | Fee/Employment Applications | 611.10 | $665,866.00 |
| FI | Financings/Cash Collateral | | |
| FO | Fee/Employment Application Objections | 25.30 | $27,134.50 |
| FR | Fact Analysis and Related Advice | 1.90 | $1,800.00 |
| IC | Intercompany Issues | | |
| IP | Intellectual Property Issues | | |
| LI | Litigation: Contested Matters and Adversary Proceedings | 72.40 | $75,725.50 |
| LS | Relief From Stay Proceedings | | |
| PL | Plan/Disclosure Statement | 1,518.80 | $2,219,067.50 |
| RE | Reporting | 0.20 | $238.00 |
| TV[5] | Non-Working Travel Time | 41.20 | $44,235.50 |
| TX | Tax Issues | | |
| VA | Valuation | | |
| L110 | Fact Investigation/Development | 1,565.30 | $1,235,737.50 |
| L120 | Analysis/Strategy | 102.90 | $106,368.50 |

[5] Time billed to this task code is billed in accordance with the Fee Guidelines and the Second Amended Fee Procedures Order as of October 24, 2019.

4

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| L130 | Experts/Consultants | | |
| L143 | Discovery - Identification and Preservation | | |
| L160 | Settlement/Non-Binding ADR | | |
| L200 | Pre-Trial Pleadings and Motions | 890.60 | $898,472.50 |
| L241 | Motion to Dismiss: Preemption | | |
| L242 | Motion to Dismiss: Lack of Subject Matter Jurisdiction | | |
| L243 | Motion for Summary Judgment: Kongros | | |
| L244 | Motion for Summary Judgment: Causation | | |
| L245 | Motion for Summary Judgment: Employment | | |
| L246 | Motion for Summary Judgment: Recreational Use Immunity | | |
| L310 | Written Discovery | | |
| L330 | Depositions | | |
| L350 | Discovery Motions | | |
| L400 | Trial Preparation and Trial | | |
| L500 | Appeal | | |
| L600 | eDiscovery - Identification | | |
| L610 | eDiscovery - Preservation | | |
| L620 | eDiscovery - Collection | 3.50 | $1,332.50 |
| L630 | eDiscovery - Processing | 21.60 | $9,027.00 |
| L650 | eDiscovery - Review | 0.20 | $91.00 |
| L653 | eDiscovery - First Pass Document Review | 13.00 | $7,670.00 |
| L654 | eDiscovery - Second Pass Document Review | | |
| L655 | eDiscovery - Privilege Review | | |
| L656 | eDiscovery - Redaction | | |
| L670 | eDiscovery - Production | 0.30 | $79.50 |
| L671 | eDiscovery - Conversion of ESI to Production | | |
| L680 | eDiscovery - Presentation | | |
| L800 | Experts/Consultants | | |
| L900 | Settlement Process | | |
| **TOTAL** | | **10,568.40** | **$12,331,175.50** |

5

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                        **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing Date: To Be Set**<br>**Place**:  United States Bankruptcy Court<br>              Courtroom 17, 16th Floor |

6

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), as counsel for (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**"), pursuant to sections 330(a), 331 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby submits this combined fourth interim application and final application (this "**Fourth Interim and Final Application**") for (I) the allowance and payment of compensation for professional services performed in the amount of $4,856,392.50 and for reimbursement of actual and necessary expenses incurred in the amount of $42,692.27 for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**") and (II) the allowance and payment on a final basis of compensation for professional services performed in the amount of $12,071,175.50 and for reimbursement of actual and necessary expenses incurred in the amount of $162,906.72 for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Total Compensation Period**"), and in support thereof, respectfully states as follows:

## Preliminary Statement

1.      Since January 29, 2019, and throughout the Total Compensation Period, Simpson Thacher has served as counsel for and has provided important and necessary legal advice to the Board and Independent Directors.  Specifically, during the Total Compensation Period, Simpson Thacher has, among other things, provided representation and legal advice in connection with (i) these chapter 11 cases (the "**Chapter 11 Cases**") and material aspects of the

7

bankruptcy process, including the negotiation of various settlements underlying the Debtors' proposed plan of reorganization (the "**Plan**") and financing commitments for implementation of the Plan; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's fiduciary duties, including with respect to maximizing the value of the Debtors' estates for all stakeholders; (v) director liability insurance and indemnification matters; (vi) the review of disclosures to be made with the Securities and Exchange Commission (the "**SEC**"); (vii) director and officer compensation matters; and (viii) general corporate governance matters.

2.      Simpson Thacher's advice to the Board and the Independent Directors and representation of them in connection with the aforementioned matters during the Total Compensation Period were of substantial benefit to the Board and the Independent Directors, and the professional services performed and expenses incurred in connection therewith were actual and necessary.  Importantly, the Board is entitled to engage and retain advisors and experts it determines are necessary and appropriate to properly discharge its fiduciary duties to the Debtors, and the Independent Directors were entitled to maintain the representation of independent counsel in order to continue providing advice on the number of ongoing related matters that were not stayed during the pendency of these Chapter 11 Cases.  Moreover, Simpson Thacher has worked closely with the Debtors' legal and financial advisors to ensure there has been no duplication of efforts with respect to legal matters affecting the Debtors.  In light of the size and complexity of these Chapter 11 Cases, Simpson Thacher's fees for services rendered and incurred expenses are reasonable under the applicable standards as set forth in more detail herein.  Simpson Thacher therefore respectfully requests that the Court grant this Fourth Interim Application and allow interim compensation for professional services performed and reimbursement for expenses as requested herein for the Fourth Interim Compensation Period and grant this Final Application and finally allow compensation for professional services performed and reimbursement for expenses as requested herein for the Total Compensation Period.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

3.      This Fourth Interim and Final Application has been prepared in accordance with and submitted pursuant to the sections 105, 330(a), 331 and 363 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated February 27, 2019 [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (the "**UST Guidelines**") and the *Revised Fee Examiner Protocol,* dated October 24, 2019 [Docket No. 4473] (as approved and modified by the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures*, dated January 30, 2020 [Docket No. 5572] (the "**Second Amended Fee Procedures Order**") (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

4.      The Interim Compensation Order provides that professionals may file a Monthly Fee Statement or a Consolidated Monthly Fee Statement (each as defined in the Interim Compensation Order) and serve it upon certain designated notice parties.  If there is no objection within twenty-one (21) days after service of the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees (with the remaining 20% of the fees requested referred to herein as the "**Holdback Amount**") and 100% of the expenses requested.  If there is an objection to the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees and 100% of the expenses that are not subject to an objection.

5.      On March 30, 2020, April 30, 2020, May 29, 2020, June 30, 2020, July 23, 2020 and July 28, 2020, Simpson Thacher filed and served, respectively, a Tenth Monthly

Case: 19-30088    Doc# 8901    Filed: 08/28/20    Entered: 08/28/20 18:14:47    Page 14 of 34

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Fee Statement covering the period from January 1, 2020 through and including January 31, 2020 [Docket No. 6533] (the "**Tenth Monthly Fee Statement**"), an Eleventh Monthly Fee Statement covering the period from February 1, 2020 through and including February 29, 2020 [Docket No. 7012] (the "**Eleventh Monthly Fee Statement**"), a Twelfth Monthly Fee Statement covering the period from March 1, 2020 through and including March 31, 2020 [Docket No. 7655] (the "**Twelfth Monthly Fee Statement**"), a Thirteenth Monthly Fee Statement covering the period from April 1, 2020 through and including April 30, 2020 [Docket No. 8217] (the "**Thirteenth Monthly Fee Statement**"), a Fourteenth Monthly Fee Statement covering the period from May 1, 2020 through and including May 31, 2020 [Docket No. 8504] (the "**Fourteenth Monthly Fee Statement**"), a Fifteenth Monthly Fee Statement covering the period from June 1, 2020 through and including June 30, 2020 [Docket No. 8553] (the "**Fifteenth Monthly Fee Statement**"), and a Sixteenth Monthly Fee Statement covering July 1, 2020 [Docket No. 8554] (the "**Sixteenth Monthly Fee Statement**" and collectively, the "**Monthly Fee Statements**").

6. In these Monthly Fee Statements with respect to the Fourth Interim Compensation Period, Simpson Thacher requested payment of $3,885,114.00 (80% of total fees, of which $1,686,790.40 was in respect of representation of the Board under section 327(e) and $2,198,323.60 was in respect of representation of the Independent Directors under section 363) as compensation for professional services and $42,692.27 (100% of expenses, of which of which $5,535.63 was in respect of representation of the Board under section 327(e) and $37,156.64 was in respect of representation of the Independent Directors under section 363) as reimbursement for actual and necessary expenses. The total Holdback Amount for the Fourth Interim Compensation Period is $971,278.50 (20% of undisputed fees). To date, Simpson Thacher has received payment of $1,845,634.80 in fees for professional services rendered and $21,490.38 for expenses incurred during the Fourth Interim Compensation Period.

7. The deadlines for any objections to the Tenth through Sixteenth Monthly Fee Statements have passed, and no objections were filed. Consistent with the Interim Compensation Order, Simpson Thacher seeks approval for the allowance and payment (to the

10

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

extent not paid prior to the hearing on this Application) of all outstanding amounts requested under the Monthly Fee Statements, including the Holdback Amount. This request is consolidated with Simpson Thacher's concurrent request for final review and approval of all compensation and expenses in these Chapter 11 Cases.

8.     In addition, with respect to the remainder of the Total Compensation Period, Simpson Thacher previously filed its First Consolidated Monthly Fee Statement covering the period from January 29, 2019 through and including April 30, 2019 (the "**First Interim Compensation Period**"), which is reflected in the First Interim Application [Docket No. 3157]; its Second Monthly Fee Statement through Fifth Monthly Statement collectively covering the period from May 1, 2019 through and including August 31, 2019 (the "**Second Interim Compensation Period**"), which is reflected in the Second Interim Application [Docket No. 4767]; and its Sixth Monthly Fee Statement through Ninth Monthly Fee Statement collectively covering the period from September 1, 2019 through and including December 31, 2019 (the "**Third Interim Compensation Period**"), which is reflected in the Third Interim Application [Docket No. 6331].

9.     Under the First Interim Application, Simpson Thacher requested payment of $1,931,632.00 in fees for professional services rendered (including both the initial 80% requested under the First Consolidated Monthly Fee Statement and the 20% Holdback Amount) and $16,579.35 for expenses incurred during the First Interim Compensation Period. Simpson Thacher reached a compromise with the Fee Examiner to reduce the outstanding fees sought by $80,000 and the expenses by $2,000. This Court approved the First Interim Application as amended by the compromise pursuant to the *Order Granting Amended First Interim Fee Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 29 2019 Through April 30, 2019* [Docket No. 6446]. Accordingly, Simpson Thacher has been paid a total of $1,851,632.00 in allowed fees and $14,579.35 for allowed expenses on account of the First Interim Compensation Period.

11

10.     Under the Second Interim Application, Simpson Thacher requested payment of $2,837,908.50 in fees for professional services rendered (including both the initial 80% requested under the Second, Third, Fourth and Fifth Monthly Fee Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $51,945.60 for expenses incurred during the Second Interim Compensation Period.  Under the Third Interim Application, Simpson Thacher requested $2,705,242.50 in fees for professional services rendered (including both the initial 80% requested under the Sixth, Seventh, Eighth and Ninth Monthly Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $73,689.50 for expenses incurred during the Third Interim Compensation Period.  Simpson Thacher reached a consolidated compromise with the Fee Examiner to reduce the outstanding fees requested under the Second and Third Interim Applications by $180,000 and the expenses by $20,000.  The Court approved  the Second Interim Application and Third Interim Application, each as amended, by amended docket text order [Docket No. 6331], and the Second Interim Approval Order and the Third Interim Approval Order have been submitted and are awaiting entry by the Court. The total outstanding amount to be paid to Simpson Thacher under the Second Interim Application and the Third Interim Application, each as amended, is $1,329,053.40.  As of the date of filing of this Fourth Interim and Final Application, Simpson Thacher has not yet received payment of this amount.

**Jurisdiction**

11.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

12.     On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and

12

1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015.

13. On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Docket No. 409], which was amended on March 20, 2019 [Docket No. 962]. On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants [Docket No. 453], which was amended on February 21, 2019 [Docket No. 530].

14. Additional information regarding the events leading to these chapter 11 cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

15. On June 19, 2020, this Court confirmed the Debtors' Plan. The Plan provides that any final fee applications must be filed within sixty (60) days of the Effective Date (as defined therein). The Effective Date of the Plan occurred on July 1, 2020 [Docket No. 8252].

16. Simpson Thacher was first engaged to represent the Independent Directors in December 2017 to (i) provide legal advice regarding legislation concerning dividends and related issues, (ii) represent the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires and (iii) advise the Independent Directors in connection with a number of ongoing litigations and inquiries.

17. On April 2, 2019, the Debtors filed an application to retain Simpson Thacher as counsel for the Independent Directors under section 363 of the Bankruptcy Code (the "**Retention Application**"). After the filing of the Retention Application, Simpson Thacher was also asked to represent the Board and the members of the Board from time to time in their capacities as members of the Board. The U.S. Trustee then requested that the retention of Simpson Thacher to represent the Board be approved under section 327(e) of the Bankruptcy Code. *See Supplemental Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. §363 Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp. (as Modified as Described*

13

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

*Herein*) [Docket No. 1802] (as amended from time to time, the "**STB Retention Declaration**").

The Retention Application, as modified, was approved by this Court on May 10, 2019 [Docket No. 1979] (the "**Retention Order**"). The Retention Order is attached hereto as **Exhibit A**.

18. The Retention Order authorizes the Debtors to employ and retain Simpson Thacher *nunc pro tunc* to January 29, 2019 as attorneys for the Board and Independent Directors in accordance with Simpson Thacher's normal hourly rates and disbursement policies, as described in the Retention Application. Further, the Retention Order authorizes the Debtors (i) pursuant to section 327(e) of the Bankruptcy Code, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection with the Board Representation (as defined in the Retention Order), including with respect to "all matters related to corporate governance" and "other related matters"; and (ii) pursuant to section 363, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection the Independent Director Representation (as defined in the Retention Order), including with respect to "representation in ongoing litigation and regulatory inquiries," "fact-gathering," and "related matters."

### Summary of Professional Compensation and Reimbursement of Expenses Requested Under Fourth Interim Application

19. Simpson Thacher seeks the interim allowance and payment of (i) compensation for professional services performed during the Fourth Interim Compensation Period in the amount of $4,856,392.50, of which $971,278.50 has been held back as the Holdback Amount; and (ii) $42,692.27 as reimbursement for actual and necessary expenses incurred for the months covered by the Fourth Interim Compensation Period. As of the date of this Fourth Interim and Final Application, $1,845,634.80 in fees and $21,490.38 in expenses have been paid to Simpson Thacher in respect of the Fourth Interim Compensation Period.

20. There is no agreement or understanding between Simpson Thacher and any other person, other than members of the firm, for the sharing of compensation to be received for

14

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

services rendered in these Chapter 11 Cases. Except as otherwise described herein, no payments have heretofore been made or promised to Simpson Thacher for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

21. The fees charged by Simpson Thacher in these cases are billed in accordance with Simpson Thacher's normal and existing billing rates and procedures in effect during the Compensation Period. The rates charged by Simpson Thacher for professional and paraprofessional services in these Chapter 11 Cases are the same rates that Simpson Thacher charges for comparable bankruptcy and non-bankruptcy representations.[6] Such fees are reasonable based on the customary compensation by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

22. Attached hereto as **Exhibit B** is a certification regarding Simpson Thacher's compliance with the Fee Guidelines.

23. Attached hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Simpson Thacher's timekeepers in all domestic offices to non-bankruptcy matters during the prior twelve (12) month rolling period and the blended hourly rates billed to the Debtors during the Compensation Period.

24. With respect to the Independent Director Representation, Simpson Thacher discussed its rates, fees and staffing with the Independent Directors and Debtors at the outset of these Chapter 11 Cases. A summary of Simpson Thacher's budget is attached hereto as **Exhibit D.** Simpson Thacher estimated its fees for the Fourth Interim Compensation Period in

---

[6] By agreement with the Debtors, Simpson Thacher deferred implementation of normal step rate increases for attorneys advancing in seniority, which increases customarily would have taken effect in September, and normal rate increases for all professionals, which increases customarily would have taken effect on January 1.

15

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

connection with the Independent Director Representation would be approximately $3,076,630, and the fees sought for the Fourth Interim Compensation Period are lower than that estimate.

25. With respect to the Board Representation, professional services were or are being provided on the basis of specific assignments, and accordingly no budget was prepared. However, as set forth in the Retention Motion and the STB Retention Declaration, Simpson Thacher's rates, fees and staffing for the Board Representation are the same as those used in connection with the Independent Director Representation. The Board did not request that Simpson Thacher prepare a budget.

26. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein. The Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs. Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

27. The compensation and fees sought for the Fourth Interim Compensation Period are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**. **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by

16

Simpson Thacher for the services of each professional and paraprofessional. **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein. **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour. Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records in LEDES format have been furnished to the Debtors, the U.S. Trustee and the Fee Examiner in the format specified in the Fee Guidelines.

28. Simpson Thacher also hereby requests reimbursement of $42,692.27 for actual and necessary costs and expenses incurred in rendering services to the Board and Independent Directors. Of the total amount of costs and expenses sought, $37,156.64 is being requested for reimbursement in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $5,535.63 is being requested for reimbursement in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code. The costs and expenses sought are described in the Tenth through Sixteenth Monthly Fee Statements and are set forth therein and in **Exhibit G**, which sets forth a summary of costs and expenses incurred during the Fourth Interim Compensation Period, and **Exhibit I**, which sets forth an itemized schedule of all such costs and expenses.

### Summary of Services Performed by Simpson Thacher During the Fourth Interim Compensation Period

29. As described above, during the Fourth Interim Compensation Period, Simpson Thacher rendered substantial professional services to the Board and Independent Directors in connection with ongoing litigation, the exercise of their fiduciary duties to the Debtors and their stakeholders, the protection of the Board's and Independent Directors' interests and other matters

17

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

relating to these Chapter 11 Cases. The following is a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period,[7] organized in accordance with Simpson Thacher's internal system of task codes.[8]

a. <u>Corporate Governance and Board Matters (Task Code: BCG)</u>
Fees: $3,393,018.50; Total Hours: 2,843.00

    i. Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings, and prepared presentations and reviewed and provided comments with respect to Board and committee materials;

    ii. Advised in connection with Directors & Officers insurance ("**D&O Insurance**") issues, including reviewing current policies and preparing overviews and analyses, engaging in discussions with insurance providers and risk management personnel regarding policy terms and conditions;

    iii. Advised in connection with resignation of existing board members and selection of new board members, including participation in onboarding sessions with new directors and review and preparation of Board materials in connection therewith;

    iv. Engaged in discussions, advised on strategy and process, conducted diligence, conducted legal and factual research, prepared presentations and other written materials, and participated in calls and meetings regarding numerous issues including Director compensation, fiduciary duties, insurance coverage, and the bankruptcy process, including settlements with key parties, the Debtors' Plan, exit financing and confirmation;

    v. Advised on strategy, process and substance with respect to strategic alternatives and financing commitments;

    vi. Advised with respect to certain management personnel issues;

---

[7] The summary of professional services rendered during the First Interim Compensation Period, the Second Interim Compensation Period and the Third Interim Compensation Period are provided in the First Interim Application, Second Interim Application and Third Interim Application, respectively, which are fully incorporated herein by reference.

[8] Certain services rendered may overlap between more than one task code. If a task code does not appear below, then Simpson Thacher did not bill significant, if any, time to that task code during the Compensation Period.

18

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

vii. Engaged in discussions, advised on strategy and process, prepared presentations and other written materials, and participated in numerus calls and meetings regarding various modifications to Backstop Commitment Letter

viii. Reviewed and commented on various SEC filings.

b. <u>Court Hearings  (Task Code: BCH)</u>
Fees: $36,514.00; Total Hours: 36.20

i. Prepared for and attended hearings regarding case status, estimation,  approval of settlements, and confirmation.

c. <u>Fee/Employment Applications  (Task Code: BFA)</u>
Fees: $190,654.50; Total Hours: 170.20

i. Reviewed billing records and prepared required monthly fee statements and interim fee applications.

ii. Reviewed all applicable fee guidelines and updated internal systems and coding as necessary for developments regarding retention and billing matters in connection with these Chapter 11 Cases.

d. <u>Fee/Employment Objections (Task Code: BFO)</u>
Fees: $10,390.50; Total Hours: 10.20

i. Reviewed reports from Fee Examiner and provided outlines and responses for discussions with Fee Examiner; drafted notices of amendment and compromise and proposed orders.

e. <u>Plan/Disclosure Statement</u> (Task Code: BPL)
Fees: $888,376.50; Total Hours: 599.60

i. Reviewed and researched, conducted diligence and provided analysis and advice regarding exclusivity and termination thereof, chapter 11 plan proposals, proposed settlement term sheets, equity commitments and funding alternatives, and plan confirmation, and reviewed and commented on drafts of Plan and Plan documentation.

ii. Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings regarding chapter 11 plan proposals, restructuring support agreements, equity commitments, other funding alternatives and related matters.

19

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

f. <u>Pre-Trial Pleadings and Motions  (Task Code: L200)</u>
Fees: $323,860.50; Total Hours: 274.40

    i. Reviewed case dockets and filings and engaged in general coordination and case administration.

    ii. Conducted research, conducted fact diligence and legal analysis, engaged in various meetings and communications in connection with securities and derivative claims, and drafted reply papers on motion to dismiss and related court submissions in connection with securities litigation.

30. The foregoing is merely a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period.  The professional services performed by Simpson Thacher were necessary and appropriate to the representation of the Board and Independent Directors, including in connection with these Chapter 11 Cases, and were in the best interests of the Board, the Independent Directors and the Debtors and their estates. The services provided by Simpson Thacher to the Board and Independent Directors were separate from and not duplicative of any of the services provided to the Debtors by their professionals.  The compensation requested for Simpson Thacher's services is commensurate with the complexity, importance and nature of the issues and tasks involved.

31. The professional services rendered by partners, counsel and associates of Simpson Thacher were rendered primarily by the Litigation, Corporate, Executive Compensation and Executive Benefits, and Bankruptcy and Restructuring Departments.  Simpson Thacher has an esteemed and nationally recognized reputation for its expertise in these fields, particularly in connection with the representation of boards of directors in challenging and complex matters.

32. During the Fourth Interim Compensation Period, a total of 3,944 hours were expended by attorneys and paraprofessionals at Simpson Thacher in connection with the aforementioned services performed.  2,411.5 hours were spent on the Independent Director

20

Representation pursuant to section 363 of the Bankruptcy Code, and 1,532.5 hours were spent on the Board Representation pursuant to section 327(e) of the Bankruptcy Code. In the aggregate, the partners and counsel of Simpson Thacher accounted for 2,820.10 hours (approximately 71.5% of time), associates accounted for 1,031.90 hours (approximately 26.2% of time), and staff attorneys and paraprofessionals accounted for 92 hours (approximately 2.3% of time).

33. During the Fourth Interim Compensation Period, Simpson Thacher billed for time expended by attorneys based on hourly rates ranging from $590 to $1,640 per hour for attorneys. Allowance of compensation in the amount requested herein would result in a blended hourly rate for attorneys of approximately $1,251.74, and a blended rate for all professionals and paraprofessionals of approximately $1,231.34.

34. Consistent with the Second Amended Fee Procedures Order, Simpson Thacher capped Non-Working Travel Time (with respect to airplane travel only) at two hours per airplane trip for billing purposes as of October 1, 2019. Prior to the approval of the Fee Examiner Protocol, Simpson Thacher had discounted Non-Working Travel Time by 50%, which is reflected in Monthly Fee Statements prior to the Seventh Monthly Fee Statement. This prior billing approach has been explained to and resolved with the Fee Examiner pursuant to the compromise reached in connection with the Second Interim Application and Third Interim Application.

**Actual and Necessary Disbursements of Simpson Thacher**

35. Simpson Thacher has disbursed $42,692.27 as expenses incurred in providing professional services during the Fourth Interim Compensation Period. These expenses were reasonable and necessary and were essential to, among other things, participate in necessary meetings or hearings, timely respond to client or counsel inquiries and provide effective

21

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

representation in ongoing regulatory and litigation-related matters. The costs and expenses are not incorporated into Simpson Thacher's hourly billing rates because it is Simpson Thacher's policy to charge such costs and expenses to those clients requiring such expenditures in connection with the services rendered to them.

36. Simpson Thacher began applying the rates and guidelines as set forth in the Fee Examiner Protocol as of October 24, 2019. The amounts for which Simpson Thacher is seeking reimbursement for reasonable meal and transportation costs are thus consistent with the Fee Guidelines. Additionally, as of October 24, 2019, Simpson Thacher charged for disbursements in accordance with the Fee Guidelines. With respect to photocopying and duplicating expenses, reimbursement for costs is at an average rate of $.20 per page. Computer-assisted legal research, court conferencing participation and mail services are charged at actual cost. Only clients who use services of the types set forth in **Exhibits G** and **I** are separately charged for such services.

37. Simpson Thacher has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were reasonable, necessary and justified under the circumstances.

### Basis for Allowance of Requested Compensation and Reimbursement for Fourth Interim Compensation Period and Total Compensation Period

38. With respect to the Board Representation, section 331 of the Bankruptcy Code provides for the interim compensation of professionals pursuant to the standards set forth in section 330 governing the Court's award of any such compensation. 11 U.S.C. § 331. Section 330 provides that a professional employed under section 327 of the Bankruptcy Code may be awarded "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

39. Section 330 further provides that, "[i]n determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent and the value of such services, taking into account" the following factors:

g.   Time spent on the services performed;

h.   Rates charged for the services performed;

i.   Whether the services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the applicable chapter 11 case;

j.   Whether the services were performed in a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed";

k.   Whether the professional is board certified or otherwise has demonstrated skill and experience in bankruptcy; and

l.   Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

40. With respect to the Independent Director Representation, section 363 of the Bankruptcy Code applies.  Section 363(b) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363.  In considering whether to approve use of estate property under section 363(b), the bankruptcy judge examines whether there is a sound business purpose for the proposed use and in doing so, "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988).  Courts have found business justification for and approved the payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363.  *See, e.g.,*

23

*In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No. 485]. The Debtors explained in the Retention Motion that (i) the Debtors' Articles of Incorporation and board resolutions authorize the payment of the fees and expenses of professionals for the Independent Directors, and (ii) it is common for a company the size of the Debtors to engage and pay for separate counsel to provide independent advice to its directors, and asserted that the retention of Simpson Thacher by the Board and the payment of its reasonable fees and expenses were an exercise of the Debtor's sound business judgment.

41. Simpson Thacher submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fourth Interim and Final Application were necessary for and beneficial to, among other things, the Board's and the Independent Directors' exercise of their fiduciary duties, the need for the Board and Independent Directors to continue receiving objective and independent legal advice, and the protection of their interests in these unique and challenging circumstances. Specifically, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher has represented and advised the Board and Independent Directors in connection with (i) these Chapter 11 Cases and key aspects of the bankruptcy process, including the estimation of wildfire-related claims, the restructuring settlements with subrogation claimholders and tort claimants, the obtaining of backstop commitments and exit financing, discussions with the Governor's Office and the analysis of various chapter 11 plan proposals; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's and the Independent Directors' fiduciary duties to the Debtors and their stakeholders; (v) director

24

liability and indemnification matters; (vi) director and officer compensation matters; and (vii) general corporate governance matters applicable to the board of directors and management. Additionally, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher reviewed and advised on SEC disclosures; attended and provided legal advice during in-person and telephonic board and committee meetings; reviewed and commented on various pleadings and motions filed in connection with, among other things, the categories listed in this paragraph 41, and advised the Board and Independent Directors on appropriate courses of action; and drafted or participated in the drafting of all necessary motions, applications, stipulations, orders, responses and other papers in support of the positions or interests of the Board and Independent Directors.

42. Simpson Thacher not only has extensive experience in representing directors in such complex situations, but it also had an established history with the Independent Directors prior to the Petition Date regarding many of the matters referenced herein. The compensation and reimbursement requested herein are reasonable in light of the nature, extent and value of such services to the Board and Independent Directors, and accordingly, should be approved and allowed both for the Fourth Interim Compensation Period and for all fees and disbursements requested in the First, Second, Third and Fourth Interim Applications (as reduced, as applicable in the First, Second and Third Interim Approval Orders) for the Total Compensation Period on a final basis.

**The PERA Fee Objections Should be Overruled on a Final Basis**

43. PERA objected to $525,529 in fees reported in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements primarily on the grounds that the disputed fees are for services rendered to the Independent Directors in connection with the Securities Litigation and that the

Debtors are not authorized to pay such fees under the Retention Order. As a threshold matter, PERA is incorrect regarding the Retention Order, which expressly authorizes the Debtors to pay Simpson Thacher's fees for services rendered in connection with its representation of the Independent Directors in "ongoing litigation," which includes the Securities Litigation. Moreover, the PERA Fee Objections incorrectly classified many Simpson Thacher time entries as relating directly to the Securities Litigation. Such fees were not Securities Litigation fees but rather fees for legal advice and analysis provided to the Board and Independent Directors regarding matters related to D&O Insurance and/or these Chapter 11 Cases. Finally, Simpson Thacher addressed the prior PERA objections and requested that they be overruled on an interim basis in the Second and Third Interim Applications, which this Court approved on an interim basis on August 3, 2020 (via docket text order), which Simpson Thacher expects will be reflected in the Second and Third Interim Approval Orders that have been submitted to the Court but not yet entered as of the date hereof. PERA did not respond to Simpson Thacher nor did it pursue its objections in connection with Simpson Thacher's request for interim approval of the fees and expenses set forth in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements. For these reasons, Simpson Thacher requests that the PERA Fee Objections be overruled on a final basis. If necessary, Simpson Thacher will file separate papers further responding to the PERA Fee Objections prior to any hearing on this Fourth Interim and Final Application and reserves all rights with respect thereto.

**Notice and Objections**

44. Notice of this Application has been provided to parties in interest (the "**Notice Parties**") in accordance with the Interim Compensation Order, and a joint notice of hearing on this Application and other interim/final compensation applications will be filed as determined by

26

the Fee Examiner with this Court and served upon all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. Such notice is sufficient and no other or further notice need be provided.

45. In accordance with the Interim Compensation Order, responses and objections (by any party other than the Fee Examiner) to this Fourth Interim and Final Application, if any, must be filed and served on Simpson Thacher and the Notice Parties on or before 4:00 pm on the 20th day (or the next business day if such day is not a business day) following the date this Fourth Interim and Final Application is served.

## Conclusion

46. Simpson Thacher respectfully requests that the Court enter an Order (i) allowing on a final basis Simpson Thacher's (A) compensation for professional services rendered during the Total Compensation Period in the amount of $12,071,175.50, consisting of (x) $7,214,783.00 previously allowed on an interim basis and (y) $4,856,392.50 in undisputed fees requested in the Fourth Interim Application; and (B) reimbursement for actual and necessary costs and expenses incurred during the Total Compensation Period in the amount of $162,906.72, consisting of (x) $120,214.45 previously allowed on an interim basis and (y) $42,692.27 in expenses requested in the Fourth Interim Application; and (ii) granting such other and further relief and this Court deems just.

27

Dated: August 28, 2020

Respectfully submitted,

/s/ Jonathan C. Sanders

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell

SIMPSON THACHER & BARTLETT LLP

*Counsel for the Board of Each of PG&E Corporation and Pacific Gas and Electric Company and for Certain Current and Former Independent Directors*

28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

## NOTICE PARTIES

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: Janet Loduca, Esq.

Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153-0119
Attn: Stephen Karotkin, Esq.,
Rachael Foust, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn: Tobias S. Keller, Esq.,
Jane Kim, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn: James L. Snyder, Esq.,
Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq.,
Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq.,
Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn: Eric Sagerman, Esq.,
Cecily Dumas, Esq.

Bruce A. Markell
541 N. Fairbanks Court, Suite 2200
Chicago, IL 60611-3710
bamexampge@gmail.com
pge@legaldecoder.com
traceygallegos@gmail.com

Case: 19-30088    Doc# 8901    Filed: 08/28/20    Entered: 08/28/20 18:14:47    Page 34 of 34