GROOM LAW GROUP, CHARTERED
David N. Levine, *pro hac vice*
dnl@groom.com
Katherine B. Kohn, *pro hac vice*
kkohn@groom.com
1701 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel:     (202) 857-0620
Fax:     (202) 659-4503

*Special Counsel for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and -** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | EIGHTH MONTHLY FEE STATEMENT AND FINAL APPLICATION OF GROOM LAW GROUP, CHARTERED FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (1) THE PERIOD OF JUNE 1, 2020 THROUGH JULY 1, 2020, AND (2) THE FINAL PERIOD OF JANUARY 29, 2019, THROUGH JULY 1, 2020 |
| □ Affects PG&E Corporation | |
| □ Affects Pacific Gas and Electric Company | |
| x   Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Objection Deadline**: September 22, 2020 at 4:00 p.m. (Pacific Time) |

1

To: The Notice Parties

| | |
|---|---|
| Name of Applicant | Groom Law Group, Chartered |
| Authorized to Provide Professional Services to: | <u>Debtors</u> |
| Date of Retention: | <u>June 10, 2019 *nunc pro tunc* to January 29, 2019</u> |
| Prior Interim Applications: | Dkt. No. 6283, filed March 13, 2020 |

**<u>Eighth Consolidated Monthly Period</u>**

| | |
|---|---|
| Period for which compensation reimbursement is sought: | <u>June 1, 2020 through July 1, 2020</u> |
| Amount of compensation sought as actual, reasonable, and necessary | <u>$50,247.28 (80% of $62,809.10)</u> |
| Amount of expense reimbursement sought as actual, reasonable, and necessary | <u>$0</u> |

**<u>Final Period</u>**

| | |
|---|---|
| Period for which Compensation and Reimbursement Are Sought: | January 29, 2019 through July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | <u>$1,311,040.80</u> |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | <u>$783.46</u> |
| Total Compensation and Expenses Requested for the Final Period: | <u>$1,311,824.26</u> |

**<u>Total Fees and Expenses Allowed Pursuant to Prior Applications</u>**

| | |
|---|---|
| Total Allowed Compensation and Expenses: | $805,717.86[1] |
| Total Allowed Compensation Paid to Date: | <u>$702,359.68</u> |

---

[1] This total includes $42,000 reduction agreed to with Fee Examiner.

2

Total Allowed Expenses Paid to Date:                $783.46

Total Allowed Compensation and Expenses:            $703,143.14
Paid to Date

**Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but not yet Allowed**

Compensation Sought in this Application            $58,876.40
Already Paid Pursuant to the Interim
Compensation Order but Not Yet Allowed
(*i.e.*, 80% of Fees in January 1, 2020, through
July 1, 2020 Monthly Fee Statements):

Expenses Sought in this Application Already          --
Paid Pursuant to the Interim Compensation
Order but Not Yet Allowed (100% of Expenses)

**Total Fees and Expenses Sought in this Application**

Total Compensation and Expenses Sought in          $1,311,824.26
this Application:

Total Compensation and Expenses Sought in          $466,358.20
this Application Not Yet Allowed:

Total Compensation and Expenses Sought in          $58,876.40 this Application Already Paid
Pursuant to the
Interim Compensation Order but Not Yet Allowed:

Total Compensation and Expenses Sought in          $510,839.08
this Application Not Yet Paid:

  The Groom Law Group, Chartered ("**Groom**" or "**Applicant**"), special employee

benefits counsel to PG&E Corporation and Pacific Gas and Electric Company ("**Debtors**"),

hereby submits its Eighth Monthly Fee Statement[2] and Final Fee Application (together, the "**Fee**

---

[2] Groom filed its First Consolidated Monthly Fee Statement covering the period from January 29, 2019, to July 31, 2019, on September 27, 2019 [Dkt. No. 4031]. Groom filed a Certificate of No Objection with respect to the Consolidated Monthly Fee Statement on October 21, 2019 [Dkt. No. 4350]. Groom filed its First Monthly Fee Statement covering August 2019 on December 2, 2019 [Dkt. No. 4936]. Groom filed a Certificate of No Objection

3

**Application**") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred (1) for the period commencing June 1, 2020, through July 1, 2020 (the "**Monthly Fee Period**"), and (2) the Final Fee Period from January 29, 2019 through July 1, 2020 ("**Final Fee Period**", and together with the Monthly Fee Period, the "**Application Period**"). The Fee Application is made pursuant to *the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bank. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Dkt. 701] (the "**Interim Compensation Procedures Order**") and the *Order Appointing Fee Examiner And Establishing Procedures For Consideration Of Requested Fee Compensation And Reimbursement Of Expenses* [Dkt. 2267], and the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Dkt. 8053].

By this Fee Application, Groom requests (1) allowance and payment of $50,247.28 (80% of $62,809.10) as compensation for professional services rendered to the Debtors during the Monthly Fee Period, and (2) allowance and payment of $466,358.20, representing 100% of

---

with respect to the First Monthly Fee Statement on December 23, 2019 [Dkt. 5195]. Groom filed its Second Consolidated Monthly Fee Statement covering September and October 2019 on December 8, 2019 [Dkt. 5022]. Groom filed a Certificate of No Objection with respect to the Second Consolidated Monthly Fee Statement on December 30, 2019 [Dkt. No. 5225]. Groom had previously numbered its Fee Statements for individual months and its Consolidated Fee Statements separately, but at the recommendation of the Fee Examiner now numbers all of its Fee Statements consecutively, regardless of whether the Fee Statement is for an individual month or is consolidated. Groom filed its Fourth Consolidated Fee Statement on February 2, 2020 [Dkt. No. 5843]. Groom filed a Certificate of No Objection with respect to its Fourth Consolidated Fee Statement on March 12, 2020 [Dkt. No. 6269]. Groom filed its First Interim Fee Application on March 13, 2020 [Dkt. No. 6283]. Groom filed its Fifth Consolidated Fee Statement on May 1, 2020 [Dkt. No. 7047]. Groom filed a Certificate of No Objection with respect to its Fifth Consolidated Fee Statement on May 21, 2020 [Dkt. No. 7456]. Groom filed its Sixth Consolidated Fee Statement on June 24, 2020 [Dkt. No. 8097]. Groom filed a Certificate of No Objection with respect to its Sixth Consolidated Fee Statement on July 14, 2020 [Dkt. No. 8394]. Groom filed its Seventh Consolidated Fee Statement on July 24, 2020 [Dkt. No. 8518]. Groom filed a Certificate of No Objection with respect to its Seventh Consolidated Fee Statement on August 17, 2020 [Dkt. No. 8784].

4

Groom's fees not yet allowed (including the 20% holdback applicable to Groom's Eighth Monthly Fee Statement), as compensation for professional services rendered to the Debtors during the Final Fee Period. With respect to the Final Fee Period, no objections have been raised to Groom's previous Fee Applications. With respect to Groom's First Interim Fee Application, no objections were raised, though Groom reached a compromise with the Fee Examiner to reduce its fees by $42,000.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core preceding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced in this Court voluntary cases under Chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rile 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors. On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants.

On February 27, 2019, the Court entered the Interim Compensation Procedure Order, which generally sets forth the procedures for interim compensation and expense reimbursement for retained professionals.

5

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding Debtors' business and capital structure are set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Dkt No. 263].

## RETENTION OF GROOM

On April 17, 2019, the Debtors filed the *Application to Employ Groom Law Group, Chartered as Special Employee Benefits Counsel* [Dkt No. 1527] (the "**Retention Application**").

On June 10, 2019, the Court entered an order approving the Retention Application [Dkt No. 2469] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit F.** The Retention Order authorizes the Debtors to compensate and reimburse Groom in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Oder. The Retention Order also authorizes the Debtors to compensate Groom at its customary hourly rates for services rendered and to reimburse Groom for its actual and necessary expenses incurred, subject to application to this Court.

Specifically, the Retention Order authorizes Groom "to provide legal services to the Debtors with respect to legal issues related to their employee benefit plans, including, but not limited to, issues related to Debtors' employee benefit obligations under the Employee Retirement Income Security Act of 1974, as amended, the Internal Revenue Code of 1986, as amended, and the Bankruptcy Code" [Dkt No. 2469 ¶ 3].

## RELIEF REQUESTED

By this Fee Application, Groom respectfully requests (1) allowance and payment of $50,247.28 (80% of $62,809.10) as compensation for professional services rendered to the

6

Debtors during the Monthly Fee Period, and (2) allowance and payment of $466,358.20, representing 100% of Groom's fees not yet allowed (including the 20% holdback applicable to Groom's Eighth Monthly Fee Statement), as compensation for professional services rendered to the Debtors during the Final Fee Period.

## I.    MONTHLY FEE PERIOD

Groom provided legal services to Debtors related to five different matters during the Monthly Fee Period. The following Exhibits are attached herein to Groom's Eighth Monthly Fee Statement:

1. Matter A: Counseling re: Defined Benefit Plan

   a. Exhibit A-1 is the name of each professional who performed services for one or both of the Debtors in connection with these Chapter 11 cases during the Monthly Fee Period and the hourly rate and total fees for each professional.

   b. Exhibit A-2 is a summary of hours during the Monthly Fee Period by task.

   c. Exhibit A-3 is the detailed time entries for the Monthly Fee Period.

2. Matter B: Counseling re: Defined Contribution Plan

   a. Exhibit B-1 is the name of each professional who performed services for one or both of the Debtors in connection with these Chapter 11 cases during the Monthly Fee Period and the hourly rate and total fees for each professional.

   b. Exhibit B-2 is a summary of hours during the Monthly Fee Period by task.

   c. Exhibit B-3 is the detailed time entries for the Monthly Fee Period.

7

3. <u>Matter C: Counseling re: Health and Welfare Plan</u>

    a. <u>Exhibit C-1</u> is the name of each professional who performed services for one or both of the Debtors in connection with these Chapter 11 cases during the Monthly Fee Period and the hourly rate and total fees for each professional.

    b. <u>Exhibit C-2</u> is a summary of hours during the Monthly Fee Period by task.

    c. <u>Exhibit C-3</u> is the detailed time entries for the Monthly Fee Period.

4. <u>Matter D: Counseling re: Bankruptcy Matter</u>

    a. <u>Exhibit D-1</u> is the name of each professional who performed services for the Debtors in connection with these Chapter 11 cases during the Monthly Fee Period and the hourly rate and total fees for each professional.

    b. <u>Exhibit D-2</u> is a summary of hours during the Monthly Fee Period by task.

    c. <u>Exhibit D-3</u> is the detailed time entries for the Monthly Fee Period.

5. <u>Matter E: Counseling re: Voluntary Disability Plan</u>

    a. Exhibit E-1 is the name of each professional who performed services for the Debtors in connection with these Chapter 11 cases during the Monthly Fee Period and the hourly rate and total fees for each professional.

    b. Exhibit E-2 is a summary of hours during the Monthly Fee Period by task.

    c. Exhibit E-3 is the detailed time entries for the Monthly Fee Period.

## II.    FINAL FEE PERIOD

Groom provided legal services to Debtors related to seven different matters during the Final Fee Period. The following Exhibits are attached herein to Groom's Final Fee Statement:

1. <u>Exhibit F: Order Approving Retention of Groom Law Group, Chartered</u>

8

2. Exhibit G: Detailed Statement of Services Rendered

3. Exhibit H: Summary of Prior Fee Statements

4. Exhibit I: Compensation by Professional for The Final Period

5. Exhibit J: Customary and Comparable Compensation Disclosure

6. Exhibit K: Summary of Compensation Requested by Project Category

7. Exhibit L: Certification of David N. Levine in Support of Final Fee Application

Groom has been subject to a 20% holdback imposed by the Court on allowance of fees, the aggregate amount of which is $262,691.21, $93,271.64 of which represents the holdback amount on Groom's fees incurred since January 1, 2019, that have not yet been allowed. Groom respectfully requests the Court allow the payment to Groom of this holdback amount. Groom submits this Fee Application in accordance with the Interim Compensation Procedures Order and the Retention Order. All services for which Groom requests compensation were performed for the Debtors.

There is no agreement or understanding between Groom and any other person, other than members of the firm, for the sharing of compensation received for services rendered to the Debtors in these Chapter 11 Cases. Except with respect to payments received by Groom pursuant to the Interim Compensation Order, during the Final Period, Groom received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Prior to the Petition Date, the Debtors paid Groom certain amounts as an advance payment retainer totaling $245,000 for professional services to be performed and expenses to be incurred in connection with its representation of Debtors and in preparation for the

9

commencement of the Chapter 11 Cases. The retainers has been fully used and the remaining balance is $0. Groom has waived all replenishment rights under the retainer agreement.

The fees charged by Groom in these Chapter 11 Cases are billed in accordance with Groom's existing billing rates and procedures in effect during the Final Period. The rates Groom charges for services rendered by professionals and paraprofessionals in these Chapter 11 Cases are generally the same rates Groom charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy related matters in a competitive national legal market.

A detailed statement of hours spent rendering professional services to the Debtors in support of Groom's request for compensation for fees incurred during the Application Period is annexed hereto as **Exhibit G**, which (1) identifies the professionals and paraprofessionals who rendered services in each matter; and (ii) describes each service such professionals and paraprofessionals performed. A summary of prior fee statements is annexed hereto as **Exhibit H**. Compensation by professionals for the Final Period is annexed hereto as **Exhibit I**. A comparison of the aggregate blended hourly rates billed by Groom's attorneys on all matters during the preceding year and the blended hourly rates billed to the Debtors during the Final Period is annexed hereto as **Exhibit J**. A summary of compensation by Project Category is annexed hereto as **Exhibit K**. A certificate of Groom's compliance with the Fee Guidelines is annexed hereto as **Exhibit L**.

10

## **BASIS FOR RELIEF**

In connection with the professional services rendered, Groom requests (1) allowance and payment of <u>$50,247.28 (80% of $62,809.10)</u> as compensation for professional services rendered to the Debtors during the Monthly Fee Period, and (2) allowance and payment of $466,358.20, representing 100% of Groom's fees not yet allowed (including the 20% holdback applicable to Groom's Eighth Monthly Fee Statement), as compensation for professional services rendered to the Debtors during the Final Fee Period. Groom maintains computerized records of the time expended in the rendering of professional services required by the Debtors. These records are maintained in the ordinary course of Groom's business.

The professional services performed by Groom were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

The professional services performed by Groom on behalf of the Debtors during the Final Fee Period required an aggregate expenditure of 1,877.70 recorded hours by Groom's partners, of counsel, associates, and paraprofessionals. Of the aggregate time expended, 1,215.30 recorded hours were expended by Groom partners and of counsel; 578.40 recorded hours were expended by associates; and 84 recorded hours were expended by paraprofessionals and other non-legal staff of Groom.

During the Final Fee Period, Groom billed the Debtors for time expended by attorneys based on hourly rates ranging from $655 to $1,055 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately

11

$698.22 (based on 1,877.70 recorded hours for attorneys at Groom's billing rates in effect at the time of the performance of services).

Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> > (A)   the time spent on such services;
> >
> > (B)   the rates charged for such services;
> >
> > (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> >
> > (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> >
> > (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

12

Groom respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. Groom further submits that the services were performed economically, effectively, and efficiently. Groom further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors. Further, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of the fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. Accordingly, the approval of the compensation sought herein is warranted.

In accordance with the Interim Compensation Procedures Order, responses or objections to this Fee Application, if any, must be filed and served on or before the 21st day (or the next business day if such day is not a business day) following the date the Fee Application is served with this Court (the "**Objection Deadline**").

Upon expiration of the Objection Deadline, the Applicant shall file a certificate of no objection with the Court, after which the Debtors are authorized and directed to pay the Applicant an amount equal to 100% of the fees and expenses requested in this Fee Application (which includes the 20% holdback applicable to Groom's Eighth Monthly Fee Statement). If an objection is properly filed, the Debtors shall be authorized and directed to pay the Applicant the amounts not subject to objection, and the Applicant will forgo payment of any amounts subject

13

to objection until the hearing to consider final fee applications, at which time the Court will adjudicate any unresolved objections.

## **NOTICE**

Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Groom submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **CONCLUSION**

Groom respectfully requests that the Court (i) award of $50,247.28 (80% of $62,809.10) as compensation for professional services rendered to the Debtors during the Monthly Fee Period (including the 20% holdback); (ii) award a final allowance of Groom's compensation for professional services rendered during the Final Period in the amount of $466,358.20, representing 100% of fees incurred during the Final Period not yet allowed; (iii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iv) grant such other and further relief as is just.

Dated: August 30, 2020

GROOM LAW GROUP, CHARTERED

By: /s/ Katherine B. Kohn
*Special Counsel for Debtors and Debtors in Possession*

14

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn:   Janet Loduca, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Stephen Karotkin, Esq.
Rachael Foust, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn:   Tobias S. Keller, Esq.,
        Jane Kim, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn:   James L. Snyder, Esq.,
        Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn:   Dennis F. Dunne, Esq.,
        Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn:   Paul S. Aronzon, Esq.,
        Gregory A. Bray, Esq.,
        Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn:   Eric Sagerman, Esq.,
 Cecily Dumas, Esq.

1

Bruce Markell
Fee Examiner
Northwestern University Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3069

2

**EXHIBIT A-1**

**COMPENSATION BY PROFESSIONAL**
**JUNE 1, 2020, THROUGH JULY 1, 2020**

The attorneys and paraprofessionals who rendered professional services to one or more of the Debtors relating to the Defined Benefit Plan during the Monthly Fee Period are:

| Names of Partners and Counsel | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David Levine | 1998 | $860 | 0.8 | $688.00 |
| Jeff Witt | 1999 | $751 | 1.9 | $1,426.90 |
| *Total Partners and Counsel* | | | *2.7* | *$2,114.90* |

| Names of Associates | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David Ashner | 2014 | $556 | 0.50 | $278.00 |
| Stacey Bradford | 1996 | $637 | 0.70 | $445.90 |
| *Total Associates* | | | *1.20* | *$723.90* |

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $783.30 | *2.7* | *$2,114.90* |
| Associates | $603.25 | *1.2* | *$723.90* |
| Blended Attorney Rate | $727.90 | | |
| *Total Fees Incurred* | | *3.9* | *$2,838.80* |

1

## <u>EXHIBIT A-2</u>

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED ON MATTER DURING MONTHLY FEE PERIOD**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *3.9* | *$2,838.80* |

1

## EXHIBIT A-3

## ITEMIZED SERVICES

| Date | Timekeeper | Hours | Task | Narrative | Amount |
|------|-----------|-------|------|-----------|--------|
| 6/32020 | ASHNER | 0.20 | C200 | Draft/revise response to R. Reilly re: Principal transition agreement | $111.20 |
| 6/3/2020 | ASHNER | 0.30 | C200 | Review/analyze WF service continuity agreement and prior edits / open items. | $166.80 |
| 6/1/2020 | BRADFORD | 0.50 | C200 | Review amendments to be adopted at June 6th EBC meeting. | $318.50 |
| 6/15/2020 | BRADFORD | 0.20 | C200 | Exchange emails with R. Reilly regarding representation regarding transactions with parties-in-interest. | $127.40 |
| 6/3/2020 | LEVINE | 0.50 | C200 | Review updated service continuity agreements. | $430.00 |
| 7/1/2020 | LEVINE | 0.3 | C200 | Review PBGC response and PIP. | $258.00 |
| 6/4/2020 | WITT | 0.70 | C200 | Analyze 409A penalty calculation. | $525.70 |
| 6/5/2020 | WITT | 1.2 | C200 | Prepare spreadsheet to estimate 409A penalty taxes. | $901.20 |
| **GRAND TOTAL** | | | | | **$2,838.80** |

2

**EXHIBIT B-1**

**COMPENSATION BY PROFESSIONAL**
**JUNE 1, 2020, THROUGH JULY 31, 2020**

The attorneys and paraprofessionals who rendered professional services to one or both of the Debtors relating to the Debtors' Defined Contribution Plan during the Monthly Fee Period are:

| Name of Partners and Counsel | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | | | | |
| Allison Itami | 2009 | $713.00 | 2.0 | $1,426.00 |
| David Levine | 1998 | $860.00 | 3.0 | $2,580.00 |
| Richard Matta | 1982 | $917.00 | 0.5 | $458.5 |

| Names of Associates | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Stacey Bradford | 1996 | $637.00 | 2.4 | $1,528.80 |
| Michael Cook | 2017 | $413.00 | 5.9 | $2,436.70 |
| Arsalan Malik | 2015 | $504.00 | 4.0 | $2,016 |

| Name of Paraprofessionals | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andi Shahinllari | -- | $214.00 | 0.8 | $171.20 |

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $811.73 | 5.5 | $4,464.50 |
| Associates | $486.30 | 12.3 | $5,981.50 |
| Blended Attorney Rate | $586.85 | | |
| *Total Fees Incurred* | | *18.6* | *10,617.20* |

3

**EXHIBIT B-2**

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED ON MATTER DURING THE FEE PERIOD**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| C200 | Researching Law | *18.6* | *$10,617.20* |

4

**EXHIBIT B-3**

**ITEMIZED SERVICES**

| Date | Timekeeper | Hours | Task | Narrative | Amount |
|---|---|---|---|---|---|
| 6/2/2020 | BRADFORD | 0.5 | C200 | Review and analyze 415 definition of compensation and options for amending. | 318.5 |
| 6/8/2020 | BRADFORD | 0.6 | C200 | Review draft amendment concerning transfer of accounts between plans. | 382.2 |
| 6/11/2020 | BRADFORD | 0.7 | C200 | Review draft letter regarding bankruptcy claims regarding benefit programs. | 445.9 |
| 6/24/2020 | BRADFORD | 0.6 | C200 | Review loan provisions in Fidelity administration manual and spousal consent requirement for specific groups. | 382.2 |
| 6/1/2020 | COOK | 4.5 | C200 | Review, draft, and revise plan-to-plan transfer amendment for EBC meeting. | 1,858.50 |
| 6/2/2020 | COOK | 1.4 | C200 | Finalize draft transfer amendments for EBC consideration. | 578.2 |
| 6/18/2020 | ITAMI | 2 | C200 | Review question regarding insider trading limitation. | 1,426.00 |
| 6/3/2020 | LEVINE | 0.2 | C200 | Review Jander follow-up. | 172 |
| 6/7/2020 | LEVINE | 0.2 | C200 | Follow-up re: outside broker inquiries. | 172 |
| 6/14/2020 | LEVINE | 0.6 | C200 | Review and comment on rep letter responses. | 516 |
| 6/15/2020 | LEVINE | 0.2 | C200 | Review and follow-up re: audit letter. | 172 |
| 6/18/2020 | LEVINE | 0.5 | C200 | Follow-up on 401(k) investment question from R. Reilly. | 430 |
| 6/22/2020 | LEVINE | 0.3 | C200 | Jander case follow-up. | 258 |
| 6/24/2020 | LEVINE | 0.2 | C200 | Follow-up on loans and spousal consent. | 172 |

5

| 6/25/2020 | LEVINE | 0.3 | C200 | Review plan to plan transfer analysis. | 258 |
|---|---|---|---|---|---|
| 6/26/2020 | LEVINE | 0.3 | C200 | Review and follow-up re: Fidelity disclosure question. | 258 |
| 6/29/2020 | LEVINE | 0.2 | C200 | Review company stock write-up. | 172 |
| 6/3/2020 | MALIK | 0.2 | C200 | Finalize and send summary of Jander remand briefs to R. Reilly. | 100.8 |
| 6/3/2020 | MALIK | 2.8 | C200 | Review/analyze filings for Jander v. IBM remand and draft summary re: same to client. | 1,411.20 |
| 6/29/2020 | MALIK | 1 | C200 | Review/analyze stock drop litigation developments and draft email to client re: same. | 504 |
| 6/18/2020 | MATTA | 0.5 | C200 | Review/analyze question re: employer stock in index funds. | 458.5 |
| 6/18/2020 | SHAHINLLARI | 0.8 | C200 | Review and analyze the audit letter for PG&E Corporation Retirement Savings Plan and PG&E Corporation. | 171.2 |
| **GRAND TOTAL** | | | | | **$10,617.2** |

6

# **EXHIBIT C-1**

## **COMPENSATION BY PROFESSIONAL**
## **JUNE 1, 2020, THROUGH JULY 1, 2020**

The attorneys and paraprofessionals who rendered professional services to one or both of the Debtors related to Health and Welfare Plans during the Monthly Fee Period are:

| Name of Partners and Counsel | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| David Levine | 1998 | $860.00 | 0.6 | $516.00 |
| Allison Ullman | 2008 | $755.00 | 2.3 | $1,736.50 |

| Names of Associates | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Hoffmann-Richards | 2007 | $504.00 | 0.8 | $403.20 |
| Nancy McTyre (Legal Consultant) | 2010 | $675.00 | 3.4 | $2,295.00 |

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $776.72 | 2.9 | $2,252.50 |
| Associates | $642.43 | 4.2 | $2,698.20 |
| Blended Attorney Rate | $697.28 | | |
| *Total Fees Incurred* | | **7.1** | **$4,950.70** |

7

**<u>EXHIBIT C-2</u>**

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED DURING THE MONTHLY FEE PERIOD**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| C200 | Researching Law | **7.1** | **$4,950.70** |

8

**<u>EXHIBIT C-3</u>**

**ITEMIZED SERVICES**

| Date | Timekeeper | Hours | Task | Narrative | Amount |
|---|---|---|---|---|---|
| 6/22/2020 | HOFFMANN-RICHARDS | 0.8 | C200 | Internal discussion re: D. T. appeal. | 403.2 |
| 6/22/2020 | LEVINE | 0.2 | C200 | D.T. follow-up. | 172 |
| 6/23/2020 | LEVINE | 0.2 | C200 | D.T. follow-up. | 172 |
| 6/29/2020 | LEVINE | 0.2 | C200 | Review document production follow-up. | 172 |
| 6/22/2020 | MCTYRE | 1.9 | C200 | Analyze D. T. document request and draft response to same. | 1,282.50 |
| 6/23/2020 | MCTYRE | 0.2 | C200 | Analyze D. T. document request. | 135 |
| 6/25/2020 | MCTYRE | 0.3 | C200 | Analyze D. T. document request. | 202.5 |
| 6/26/2020 | MCTYRE | 0.5 | C200 | Analyze D. T. document request. | 337.5 |
| 6/27/2020 | MCTYRE | 0.4 | C200 | Draft note to R. Reilly requesting documents to respond to D. T. document request. | 270 |
| 6/28/2020 | MCTYRE | 0.1 | C200 | Communicate with client re: requesting documents to respond to D. T. document request. | 67.5 |
| 6/22/2020 | ULLMAN | 0.5 | C200 | Follow up on D. T. document request. | 377.5 |
| 6/23/2020 | ULLMAN | 0.4 | C200 | Review D.T. document production. | 302 |
| 6/23/2020 | ULLMAN | 0.2 | C200 | Review/analysis re: record retention. | 151 |
| 6/25/2020 | ULLMAN | 0.5 | C200 | Review draft D.T. document production. | 377.5 |
| 6/26/2020 | ULLMAN | 0.4 | C200 | Follow up on D.T. production. | 302 |
| 6/28/2020 | ULLMAN | 0.2 | C200 | Follow up on D. T. document production. | 151 |
| 7/1/2020 | ULLMAN | 0.1 | C200 | Review/respond to email from R. Reilly re: DT production. | 75.5 |

9

| GRAND TOTAL | $4,950.70 |
|---|---|

# EXHIBIT D-1

## COMPENSATION BY PROFESSIONAL
## JUNE 1, 2020, THROUGH JULY 1, 2020

The attorneys and paraprofessionals who rendered professional services to the Debtors in connection with benefits issues related to bankruptcy (2018 Wildfires) during the Monthly Fee Period are:

| Name of Partners and Counsel | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Allie Itami | 2009 | $713 | 1.0 | $713.00 |
| Katherine Kohn | 2009 | $708 | 17.7 | $12,531.60 |
| David Levine | 1998 | $860 | 21.3 | $18,318 |
| Allison Ullman | 2008 | $755.00 | 0.2 | $151.00 |

| Names of Associates | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Arsalan Malik | 2015 | $504.00 | 2.50 | $1,260.00 |
| Ross McSweeney | 2012 | $637.00 | 15.1 | $9,618.70 |

| Names of Paraprofessionals | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andi Shahinllari | -- | $214.00 | 7.4 | $1,583.60 |

***

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $788.90 | 40.2 | $31,713.60 |
| Associates | $618.11 | 17.6 | $10,878.70 |
| Paraprofessionals | $214.00 | 7.4 | $1,583.60 |

11

| | | | |
|---|---|---|---|
| Blended Attorney Rate | $736.89 | | |
| *Total Fees Incurred* | | *57.8* | *$42,592.30* |

12

## EXHIBIT D-2

### COMPENSATION BY WORK TASK CODE FOR SERVICES
### RENDERED ON MATTER DURING THE MONTHLY FEE PERIOD

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| C200 | Researching Law | *228.60* | *$165,067.00* |

13

**EXHIBIT D-3**

**ITEMIZED SERVICES**

| Date | Timekeeper | Hours | Task | Narrative | Amount |
|------|-----------|-------|------|-----------|--------|
| 6/2/2020 | ITAMI | 1 | C200 | Revise memo regarding claims discharged in bankruptcy. | 713 |
| 6/1/2020 | KOHN | 0.7 | C200 | Analyze excessive research and time, dispersed work, and other fee examiner issues. | 495.6 |
| 6/4/2020 | KOHN | 1.1 | C200 | Attend confirmation hearing re: PBGC objection and fiduciary issues. | 778.8 |
| 6/4/2020 | KOHN | 0.2 | C200 | Analyze PBGC confirmation issues. | 141.6 |
| 6/4/2020 | KOHN | 0.2 | C200 | Analyze and respond to R. Reilly's question regarding PBGC. | 141.6 |
| 6/5/2020 | KOHN | 2.4 | C200 | Attend confirmation hearing regarding PBGC and plan fiduciary issues. | 1,699.20 |
| 6/8/2020 | KOHN | 1.8 | C200 | Attend confirmation hearing regarding PBGC and fiduciary/rights offering issues. | 1,274.40 |
| 6/8/2020 | KOHN | 0.2 | C200 | Analyze issues re: vague entries in fee applications. | 141.6 |
| 6/9/2020 | KOHN | 1.3 | C200 | Analyze issues re: PBGC statutory authority. | 920.4 |
| 6/9/2020 | KOHN | 0.8 | C200 | Follow up with PBGC re: PBGC requests. | 566.4 |
| 6/9/2020 | KOHN | 0.5 | C200 | Review response to fee examiner. | 354 |
| 6/9/2020 | KOHN | 0 | C200 | Correspond with PBGC re: PBGC requests and follow-up with client re: same. | 0 |
| 6/9/2020 | KOHN | 0.3 | C200 | Follow up with client re: PBGC. | 212.4 |

14

| Date | Name | Hours | Code | Description | Amount |
|---|---|---|---|---|---|
| 6/9/2020 | KOHN | 0.3 | C200 | Call with PBGC regarding PBGC requests and communications processes. | 212.4 |
| 6/9/2020 | KOHN | 0.7 | C200 | Call with R. Reilly regarding PBGC requests and communications processes and other follow-up from PBGC call. | 495.6 |
| 6/10/2020 | KOHN | 0.1 | C200 | Analyze issues re: fee examiner response. | 70.8 |
| 6/11/2020 | KOHN | 0.3 | C200 | Review and revise draft letter to benefits participants dismissing claims. | 212.4 |
| 6/12/2020 | KOHN | 0.7 | C200 | Attend weekly benefits call. | 495.6 |
| 6/15/2020 | KOHN | 1.5 | C200 | Call with PBGC regarding outstanding defined benefit plan issues and follow-up with client re: same. | 1,062.00 |
| 6/15/2020 | KOHN | 0.5 | C200 | Call with R. Reilly and T. Huntley regarding PBGC issues. | 354 |
| 6/19/2020 | KOHN | 0.1 | C200 | Analyze benefits claims issues. | 70.8 |
| 6/19/2020 | KOHN | 0.5 | C200 | Call with client and AlixPartners re: benefit claims. | 354 |
| 6/19/2020 | KOHN | 0.4 | C200 | Review/revise fee application. | 283.2 |
| 6/22/2020 | KOHN | 0.3 | C200 | Review May monthly fee application entries. | 212.4 |
| 6/22/2020 | KOHN | 0.6 | C200 | Review/revise monthly fee application and respond to Alix Partners requests re: fees for emergence. | 424.8 |
| 6/26/2020 | KOHN | 0.3 | C200 | Attend weekly benefits meeting. | 212.4 |
| 6/29/2020 | KOHN | 0.9 | C200 | Call with T. Huntley and R. Reilly re: PBGC offer. | 637.2 |

15

| Date | Name | Hours | Code | Description | Amount |
|---|---|---|---|---|---|
| 6/29/2020 | KOHN | 1 | C200 | Analyze PBGC email proposal and draft response. | 708 |
| 6/1/2020 | LEVINE | 0.8 | C200 | Review itinerant billing for call with examiner. | 688 |
| 6/2/2020 | LEVINE | 0.3 | C200 | Follow-up on PBGC response. | 258 |
| 6/2/2020 | LEVINE | 0.8 | C200 | Follow-up on company stock and right offerings matters. | 688 |
| 6/3/2020 | LEVINE | 0.2 | C200 | Review benefit plan bankruptcy claims. | 172 |
| 6/3/2020 | LEVINE | 0.4 | C200 | Review and follow-up re: questions re: post-bankruptcy liabilities under plan. | 344 |
| 6/3/2020 | LEVINE | 0.3 | C200 | Review PBGC follow-up. | 258 |
| 6/3/2020 | LEVINE | 0.2 | C200 | Stock rights and DOL follow-up. | 172 |
| 6/4/2020 | LEVINE | 0.2 | C200 | Follow-up on impact of bankruptcy claims. | 172 |
| 6/4/2020 | LEVINE | 0.5 | C200 | Follow-up on bankruptcy emergency impact on plans question. | 430 |
| 6/4/2020 | LEVINE | 0.2 | C200 | PG&E follow-up. | 172 |
| 6/5/2020 | LEVINE | 1.5 | C200 | Review PBGC testimony/POR position statements. | 1,290.00 |
| 6/5/2020 | LEVINE | 0.7 | C200 | Analysis and follow-up re: PBGC requests/testimony. | 602 |
| 6/7/2020 | LEVINE | 0.3 | C200 | Review issues for implementing rights offerings. | 258 |
| 6/7/2020 | LEVINE | 0.3 | C200 | Draft response language for qualified plan claims. | 258 |
| 6/8/2020 | LEVINE | 1 | C200 | Review bankruptcy hearing for rights offering impact. | 860 |
| 6/9/2020 | LEVINE | 0.2 | C200 | Review PBGC follow-up. | 172 |
| 6/9/2020 | LEVINE | 0.3 | C200 | Analyze early warning process. | 258 |
| 6/9/2020 | LEVINE | 1.2 | C200 | Prepare for PBGC call and follow-up from call. | 1,032.00 |

16

Case: 19-30088    Doc# 8913    Filed: 08/30/20    Entered: 08/30/20 13:39:04    Page 33 of 55

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/9/2020 | LEVINE | 2.1 | C200 | Follow-up on PBGC funding request items and review with client. | 1,806.00 |
| 6/11/2020 | LEVINE | 0.2 | C200 | Review and follow-up re: bankruptcy claim question from J. Redmond. | 172 |
| 6/11/2020 | LEVINE | 0.3 | C200 | Review bankruptcy claim letter template. | 258 |
| 6/12/2020 | LEVINE | 0.5 | C200 | Review and analyze open claim letter items. | 430 |
| 6/12/2020 | LEVINE | 0.2 | C200 | Review for PBGC call. | 172 |
| 6/14/2020 | LEVINE | 0.4 | C200 | Correspondence with client re: PBGC strategy. | 344 |
| 6/15/2020 | LEVINE | 2.9 | C200 | Review and prep for call with PBGC and call with PBGC. | 2,494.00 |
| 6/18/2020 | LEVINE | 0.3 | C200 | Review and follow-up on PBGC claims. | 258 |
| 6/18/2020 | LEVINE | 0.4 | C200 | Review claims items for post-emergence questions. | 344 |
| 6/19/2020 | LEVINE | 0.6 | C200 | Attention to bankruptcy exit items and follow-up. | 516 |
| 6/19/2020 | LEVINE | 0.3 | C200 | Review updated fee application. | 258 |
| 6/21/2020 | LEVINE | 0.2 | C200 | Fee application follow-up. | 172 |
| 6/22/2020 | LEVINE | 0.3 | C200 | Bankruptcy billing follow-up. | 258 |
| 6/23/2020 | LEVINE | 0.4 | C200 | Follow-up re: fee application and follow-up. | 344 |
| 6/24/2020 | LEVINE | 0.7 | C200 | Review pension, SERP and other emergence items and follow-up with R. Reilly. | 602 |
| 6/26/2020 | LEVINE | 0.2 | C200 | Weekly status call with client re: emergence items. | 172 |
| 6/26/2020 | LEVINE | 0.3 | C200 | Follow-up on plan terms and bankruptcy/Fidelity disclosure. | 258 |
| 6/27/2020 | LEVINE | 0.5 | C200 | Review fee application materials. | 430 |
| 6/29/2020 | LEVINE | 1.1 | C200 | Review and attention to strategy re: PBGC proposals/inquiry. | 946 |

17

| Date | Name | Hours | Code | Description | Amount |
|---|---|---|---|---|---|
| 6/2/2020 | MALIK | 2.5 | C200 | Draft memo re: bankruptcy discharge with respect to EBC and plans. | 1,260.00 |
| 6/1/2020 | MCSWEENEY | 1.1 | C200 | Call re: fee examiner's analysis re: blocking billing. | 700.7 |
| 6/4/2020 | MCSWEENEY | 0.8 | C200 | Attend bankruptcy court confirmation hearing. | 509.6 |
| 6/5/2020 | MCSWEENEY | 2.4 | C200 | Attend bankruptcy court confirmation hearing. | 1,528.80 |
| 6/8/2020 | MCSWEENEY | 4.8 | C200 | Review Fee Examiner's initial report of first interim fee application and prepare response to same. | 3,057.60 |
| 6/8/2020 | MCSWEENEY | 0.5 | C200 | Attend bankruptcy court confirmation hearing. | 318.5 |
| 6/9/2020 | MCSWEENEY | 4.9 | C200 | Draft response to Fee Examiner's Initial Report. | 3,121.30 |
| 6/10/2020 | MCSWEENEY | 0.6 | C200 | Draft response to Fee Examiner's Initial Report. | 382.2 |
| 6/1/2020 | SHAHINLLARI | 0.7 | C200 | Discussing Fee Examiner's Initial report regarding First Interim Fee Application. | 149.8 |
| 6/15/2020 | SHAHINLLARI | 1.4 | C200 | Draft and revise the sixth monthly fee application. | 299.6 |
| 6/16/2020 | SHAHINLLARI | 3.2 | C200 | Draft and revise the sixth monthly fee application. | 684.8 |
| 6/23/2020 | SHAHINLLARI | 0.8 | C200 | Update and revise the Sixth Fee Application for Compensation. | 171.2 |
| 6/24/2020 | SHAHINLLARI | 0.6 | C200 | Review and electronically file with the Court the Sixth Fee Application for Compensation. | 128.4 |
| 6/29/2020 | SHAHINLLARI | 0.7 | C200 | Preparing the final Court filing, Ledes files, attorney bios and emailing to the Fee Examiner. | 149.8 |
| 6/22/2020 | ULLMAN | 0.2 | C200 | Follow up on professional fees through emergence. | 151 |
| **GRAND TOTAL** | | | | | **$44,175.90** |

18

## EXHIBIT E-1

## COMPENSATION BY PROFESSIONAL
## JUNE 1, 2020, THROUGH JULY 1, 2020

The attorneys and paraprofessionals who rendered professional services to the debtors relating to the Voluntary Disability Plan during the Monthly Fee Period are:

| Names of Partners and Counsel | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Allison Ullman | 2008 | $755 | 0.30 | $226.50 |
| *Total Partners and Counsel* | | | *0.30* | *$226.50* |

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $755 | 0.30 | $226.50 |
| *Total Fees Incurred* | | *0.30* | *$226.50* |

19

# **EXHIBIT E-2**

## **COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED ON MATTER DURING MONTHLY FEE PERIOD**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *0.30* | *$226.50* |

20

**EXHIBIT E-3**

**ITEMIZED SERVICES**

| Date | Timekeeper | Hours | Task | Narrative | Amount |
|------|-----------|-------|------|-----------|--------|
| 6/1/2020 | ULLMAN | 0.2 | C200 | Follow up on final VP document. | 151 |
| 6/4/2020 | ULLMAN | 0.1 | C200 | Review email from R. Reilly re: EDD verification. | 75.5 |
| **GRAND TOTAL** | | | | | **$226.50** |

21

1

**EXHIBIT F**

2

**Order Approving Retention of Groom Law Group, Chartered**

3

4

**See Attachment.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

1

**<u>EXHIBIT G</u>**

2

**<u>Detailed Statement of Services Rendered</u>**

3

4

**See Attachment.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit H
## SUMMARY OF PRIOR FEE STATEMENTS

| Date Filed & Dkt No. | Period | Total Fees and Expenses Incurred | | Total Amount Requested in Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses | Fees (@ 80%) | Expenses | Fees (@ 20%) |
| 9/27/19 Dkt No. 4031 | 1/29/19-7/31/19 | $598,381.80 | $163.46 | $478,705.44 | $163.46 | $478,705.44 | $163.46 | $119,709.05 |
| 12/2/19 Dkt No. 4936 | 8/1/19-8/31/19 | $63,022.50 | -- | $50,418.00 | -- | $50,418.00 | -- | $12,604.50 |
| 12/8/19 Dkt No. 5022 | 9/1/19-10/31/19 | $130,150.10 | $620.00 | $104,120.08 | $620.00 | $104,120.08 | $620.00 | $26,030.02 |
| 2/20/20 Dkt No. 5843 | 11/1/19-12/31/19 | $55,380.00 | -- | $44,304.00 | -- | $0.00 | -- | $11,076.00 |
| **TOTAL** | | **$846,934.40** | **$783.46** | **$677,547.52** | **$783.46** | **$633,243.52** | **$783.46** | **$169,419.57** |

**First Interim Fee Application Approved July 31, 2020:** Pursuant to agreement with the Fee Examiner, Dkt. No. 8329, Groom reduced its fee claim by $42,000 to $804,934.40.

| Date Filed & Dkt No. | Period | Total Fees and Expenses Incurred | | Total Amount Requested in Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses | Fees (@ 80%) | Expenses | Fees (@ 20%) |
| 5/1/20 Dkt No. 7047 | 1/1/20-2/29/20 | $73,595.50 | -- | $58,876.40 | -- | $58,876.40 | -- | $14,719.10 |
| 6/24/20 Dkt No. 8089 | 3/1/20-3/31/20 | $104,944.40 | -- | $83,955.52 | -- | $0 | -- | $20,988.88 |
| 07/24/20 Dkt No. 8518 | 4/1/20-5/31/20 | $225,009.20 | -- | $180,007.36 | -- | $0 | -- | $45,001.84 |
| -- | 6/1/20-7/1/20 | $62,809.10 | -- | $50,247.28 | -- | $0 | -- | $12,561.82 |
| **TOTAL** | | **$466,358.20** | **--** | **$373,086.56** | **--** | **$58,876.40** | **--** | **$93,271.64** |

**Summary of Any Objections to Monthly Fee Statements**:  None

**Compensation and Expenses Sought in this Application Not Yet Paid**:  **$407,481.80**

24

**Exhibit I**
**COMPENSATION BY PROFESSIONAL**
**FOR THE FINAL PERIOD**

The attorneys and paraprofessionals who rendered services in these Chapter 11 Cases during the Final Fee Period are:

**Defined Benefit Plan**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Alvaro Anillo | Attorney | 1992 | $898 | 1.5 | $1,347.00 |
| Kimberly Boberg | Attorney | 2009 | $708 | 10.6 | $7,504.80 |
| Jim Cole II | Attorney | 1996 | $751 | 0.3 | $225.30 |
| Michael Del Conte | Attorney | 2008 | $713 | 0.3 | $213.90 |
| Elizabeth Dold | Attorney | 1994 | $898 | 0.5 | $449.00 |
| William Fogleman | Attorney | 2011 | $675 | 17.8 | $12,015.00 |
| Daniel Hogans | Attorney | 1993 | $836 | 2.0 | $1,672.00 |
| Allison Itami | Attorney | 2009 | $713 | 1.0 | $713.00 |
| Katie Kohn | Attorney | 2009 | $708 | 7.8 | $5,522.40 |
| David Levine | Attorney | 1998 | $860 | 50.8 | $43,688.00 |
| Lou Mazawey | Attorney | 1975 | $1,055 | 0.3 | $316.50 |
| Michael Prame | Attorney | 1994 | $860 | 0.4 | $344.00 |
| Allison Ullman | Attorney | 2008 | $755 | 0.7 | $528.50 |
| Kevin Walsh | Attorney | 2009 | $708 | 2.7 | $1,911.60 |
| Brigen Winters | Attorney | 1994 | $860 | 11.6 | $9,976.00 |
| Jeff Witt | Attorney | 1999 | $751 | 2.2 | $1,652.20 |
| Rose Zaklad | Attorney | 2006 | $732 | 0.5 | $366.00 |
| **Associates** | | | | | |
| David Ashner | Attorney | 2014 | $556 | 4.3 | $2,390.80 |
| Stacey Bradford | Attorney | 1996 | $637 | 43.7 | $27,836.90 |
| Mark Carolan | Attorney | 2010 | $675 | 18.7 | $12,622.50 |
| Micheal Cook | Attorney | 2017 | $417 | 1.2 | $500.40 |
| Zach Isenhour | Attorney | 2019 | $413 | 0.5 | $206.50 |
| Arsalan Malik | Attorney | 2015 | $504 | 8.1 | $4,082.40 |
| Nancy Mctyre | Attorney | 2010 | $675 | 33.4 | $22,545.00 |

25

| Paraprofessionals | | | | | |
|---|---|---|---|---|---|
| Amy Latalladi-Fulton | Paraprofessional | | $328 | 1.5 | $492.00 |
| Andi Shahinllari | Paraprofessional | | $214 | 0.4 | $85.60 |
| Josh Shapiro | Paraprofessional | | $751 | 8.1 | $6,083.10 |
| **Grand Total** | | | | **230.9** | **$165,290.40** |

**Defined Contribution Plan**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 0.1 | $71.30 |
| Michael Del Conte | Attorney | 2008 | $713 | 4.3 | $3,065.90 |
| Elizabeth Dold | Attorney | 1994 | $898 | 0.3 | $269.40 |
| Ellen Goodwin | Attorney | 1999 | $751 | 1.6 | $1,201.60 |
| Allison Itami | Attorney | 2009 | $713 | 50.6 | $36,077.80 |
| Katie Kohn | Attorney | 2009 | $708 | 0.2 | $141.60 |
| Jason Lee | Attorney | 2006 | $751 | 0.2 | $150.20 |
| David Levine | Attorney | 1998 | $860 | 31.8 | $27,348.00 |
| Richard Matta | Attorney | 1982 | $917 | 0.5 | $458.50 |
| Alexander Ryan | Attorney | 2001 | $732 | 9.7 | $7,100.40 |
| Allison Ullman | Attorney | 2008 | $755 | 2.1 | $1,585.50 |
| Rose Zaklad | Attorney | 2006 | $732 | 0.3 | $219.60 |
| **Associates** | | | | | |
| David Ashner | Attorney | 2014 | $556 | 45.3 | $25,186.80 |
| John Barlow | Attorney | 2015 | $561 | 6.8 | $3,814.80 |
| Stacey Bradford | Attorney | 1996 | $637 | 94.9 | $60,451.30 |
| Micheal Cook | Attorney | 2017 | $417 | 22.8 | $9,507.60 |
| Arsalan Malik | Attorney | 2015 | $504 | 22.2 | $11,188.80 |
| Nancy Mctyre | Attorney | 2010 | $675 | 6.9 | $4,657.50 |
| **Paraprofessionals** | | | | | |
| Amy Latalladi-Fulton | Paraprofessional | | $328 | 1.1 | $360.80 |
| Andi Shahinllari | Paraprofessional | | $214 | 1.5 | $321.00 |
| **Grand Total** | | | | **303.2** | **$193,178.40** |

26

**Health & Welfare**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 4.7 | $3,351.10 |
| Elizabeth Dold | Attorney | 1994 | $898 | 1.6 | $1,436.80 |
| Allison Itami | Attorney | 2009 | $713 | 2.4 | $1,711.20 |
| Michael Junk | Attorney | 2001 | $812 | 0.9 | $730.80 |
| Katherine Kamen | Attorney | 1990 | $751 | 0.2 | $150.20 |
| Christine Keller | Attorney | 1996 | $812 | 1.5 | $1,218.00 |
| Katie Kohn | Attorney | 2009 | $708 | 0.6 | $424.80 |
| David Levine | Attorney | 1998 | $860 | 37 | $31,820.00 |
| Rachel Levy | Attorney | 2007 | $732 | 0.3 | $219.60 |
| Mark Nielsen | Attorney | 1997 | $812 | 1 | $812.00 |
| Malcolm Slee | Attorney | 2000 | $751 | 1.2 | $901.20 |
| Christy Tinnes | Attorney | 1998 | $812 | 4.3 | $3,491.60 |
| Vivian Turner | Attorney | 2005 | $732 | 0.5 | $366.00 |
| Allison Ullman | Attorney | 2008 | $755 | 136.8 | $103,284.00 |
| Brigen Winters | Attorney | 1994 | $860 | 9.6 | $8,256.00 |
| Joel Wood | Attorney | 2009 | $713 | 5.3 | $3,778.90 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 4.9 | $3,121.30 |
| Zachary Hoffman-Richards | Attorney | 2009 | $504 | 15.3 | $7,711.20 |
| Nancy Mctyre | Attorney | 2010 | $675 | 33.1 | $22,342.50 |
| Arsalan Malik | Attorney | 2015 | $504 | 4.1 | $2,066.40 |
| **Paraprofessionals** | | | | | |
| Amy Latalladi-Fulton | Paraprofessional | | $328 | 5.6 | $1,836.80 |
| **Grand Total** | | | | **270.9** | **$199,030.40** |

**Executive Compensation**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Elizabeth Dold | Attorney | 1994 | $898 | 0.9 | $808.20 |
| William Fogelman | Attorney | 2011 | $675 | 7.5 | $5,062.50 |
| Daniel Hogans | Attorney | 1993 | $836 | 0.6 | $501.60 |

27

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Jeff Witt | Attorney | 1999 | $751 | 0.5 | $375.50 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 9.7 | $6,178.90 |
| Kelly Geloneck | Attorney | 2014 | $594 | 0.2 | $118.80 |
| **Grand Total** | | | | **11.3** | **$7,481.40** |

## 2018 Wildfires

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Amin | Attorney | 2009 | $713 | 0.1 | $71.30 |
| Jim Cole II | Attorney | 1996 | $751 | 0.7 | $525.70 |
| Michael Del Conte | Attorney | 2008 | $713 | 5.7 | $4,064.10 |
| William Fogleman | Attorney | 2011 | $675 | 6.3 | $4,252.50 |
| Daniel Hogans | Attorney | 1993 | $836 | 2 | $1,672.00 |
| Allison Itami | Attorney | 2009 | $713 | 127.8 | $91,121.40 |
| Katie Kohn | Attorney | 2009 | $708 | 207.7 | $147,051.60 |
| Jeffrey Kroh | Attorney | 2001 | $751 | 0.3 | $225.30 |
| David Levine | Attorney | 1998 | $860 | 284.1 | $244,326.00 |
| Mark Lofgren | Attorney | 1992 | $898 | 1.8 | $1,616.40 |
| Richard Matta | Attorney | 1982 | $917 | 0.2 | $183.40 |
| Edward Meehan | Attorney | 1985 | $1,021 | 3 | $3,063.00 |
| David Powell | Attorney | 1982 | $931 | 0.6 | $558.60 |
| George Sepsakos | Attorney | 2009 | $713 | 0.3 | $213.90 |
| Andree St. Martin | Attorney | 1983 | $998 | 1.5 | $1,497.00 |
| Allison Ullman | Attorney | 2008 | $755 | 11.1 | $8,380.50 |
| Kevin Walsh | Attorney | 2009 | $708 | 34.9 | $24,709.20 |
| Brigen Winters | Attorney | 1994 | $860 | 0.4 | $344.00 |
| Jeff Witt | Attorney | 1999 | $751 | 0.2 | $150.20 |
| Rose Zaklad | Attorney | 2006 | $676 | 0.3 | $202.80 |
| **Associates** | | | | | |
| David Ashner | Attorney | 2014 | $556 | 3.3 | $1,834.80 |
| Stacey Bradford | Attorney | 1996 | $637 | 5.4 | $3,439.80 |
| Mark Carolan | Attorney | 2010 | $675 | 8 | $5,400.00 |
| Charles Filips | Attorney | 2019 | $413 | 7.2 | $2,973.60 |
| Arsalan Malik | Attorney | 2015 | $504 | 5.7 | $2,872.80 |

28

| Scott Mayland | Attorney | 2014 | $556 | 12.3 | $6,838.80 |
|---|---|---|---|---|---|
| Ross McSweeney | Attorney | 2012 | $637 | 108.4 | $69,050.80 |
| Nancy McTyre | Attorney | 2010 | $675 | 4.9 | $3,307.50 |
| Anthony Onuoha | Attorney | 2019 | $413 | 8.5 | $3,510.50 |
| **Paraprofessionals** | | | | | |
| Julia Columbro | Paraprofessional | | $174 | 2.7 | $469.80 |
| Amy Latalladi-Fulton | Paraprofessional | | $328 | 4.5 | $1,476.00 |
| Andi Shahinllari | Paraprofessional | | $214 | 57.1 | $12,219.40 |
| Josh Shapiro | Paraprofessional | | $751 | 0.3 | $225.30 |
| Lindsey Stiles | Paraprofessional | | $190 | 1.2 | $228.00 |
| **Grand Total** | | | | **918.5** | **$648,076.00** |

**Project Falcon**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Katie Kohn | Attorney | 2009 | $708 | 2.3 | $1,628.40 |
| David Levine | Attorney | 1998 | $860 | 3.3 | $2,838.00 |
| Allison Ullman | Attorney | 2008 | $755 | 0.2 | $151.00 |
| Jeff Witt | Attorney | 1999 | $751 | 14.9 | $11,189.90 |
| **Associates** | | | | | |
| Kelly Geloneck | Attorney | 2014 | $594 | 2.9 | $1,722.60 |
| **Grand Total** | | | | **23.6** | **$17,529.90** |

**Voluntary Disability Plan**

| Timekeeper | Title | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners and Of Counsel** | | | | | |
| Allison Itami | Attorney | 2009 | $713 | 1 | $713.00 |
| David Levine | Attorney | 1998 | $860 | 11.3 | $9,718.00 |
| Allison Ullman | Attorney | 2008 | $755 | 63.2 | $47,716.00 |
| **Associates** | | | | | |
| Stacey Bradford | Attorney | 1996 | $637 | 0.2 | $127.40 |
| Arsalan Malik | Attorney | 2015 | $504 | 0.2 | $100.80 |
| Ross McSweeney | Attorney | 2012 | $637 | 2 | $1,274.00 |
| Paul Rinefierd | Attorney | 2013 | $556 | 7.9 | $4,392.40 |

| | | | | | |
|---|---|---|---|---|---|
| Stephen Pennartz | Attorney | 2017 | $413 | 6.8 | $2,808.40 |
| Jessica Winslow | Attorney | 2018 | $413 | 17 | $7,021.00 |
| **Grand Total** | | | | **109.6** | **$73,871.00** |

30

**Exhibit J**

**Customary and Comparable Compensation Disclosure**

| CATEGORY OF TIMEKEEPER (using categories already maintained by the firm) | BLENDED HOURLY RATE BILLED OR COLLECTED Firm or offices for preceding year, excluding bankruptcy |
|---|---|
| Principals | $718.33 |
| Of Counsel | $643.90 |
| Associate | $511.31 |
| Paraprofessionals | $232.06 |
| **Grand Total** | **$609.09** |

| BLENDED HOURLY RATE | |
|---|---|
| **Billed by Attorneys in 2019** | **Billed in this Application** |
| $655 | $723.76 |

**1. Defined Benefit Plan**

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $796.80 | 111 | $88,445.20 |
| Associates | $638.62 | 109.9 | $70,184.50 |
| Paraprofessionals | $666.07 | 10 | $6,660.70 |
| Blended Attorney Rate | $715.85 | | |
| *Total Fees Incurred* | | *230.9* | *$165,290.40* |

**2. Defined Contribution Plan**

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $763.91 | 101.7 | $77,689.80 |
| Associates | $577.21 | 198.9 | $114,806.80 |
| Paraprofessionals | $262.23 | 2.6 | $681.80 |
| Blended Attorney Rate | $637.13 | | |
| *Total Fees Incurred* | | *303.2* | *$193,178.40* |

31

### 3. Health & Welfare

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $778.99 | 207.9 | $161,952.20 |
| Associates | $613.96 | 57.4 | $35,241.40 |
| Paraprofessionals | $328.00 | 5.6 | $1,836.80 |
| Blended Attorney Rate | $734.70 | | |
| *Total Fees Incurred* | | *270.9* | *$199,030.40* |

### 4. Executive Compensation

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | 710.29 | 9.5 | $6,747.80 |
| Associates | 636.25 | 11.5 | $7,316.90 |
| Blended Attorney Rate | | | |
| *Total Fees Incurred* | *669.75* | *21* | *$14,064.70* |

### 5. 2018 Wildfires

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $775.37 | 689 | $534,228.90 |
| Associates | $606.16 | 163.7 | $99,228.60 |
| Paraprofessionals | $222.17 | 65.8 | $14,618.50 |
| Blended Attorney Rate | $705.58 | | |
| *Total Fees Incurred* | | *918.5* | *$648,076.00* |

### 6. Project Falcon

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $763.64 | *20.7* | *$15,807.30* |
| Associates | $594.00 | *2.9* | *$1,722.60* |
| Blended Attorney Rate | $742.79 | | |
| *Total Fees Incurred* | | *23.6* | *$17,529.90* |

32

**7. Voluntary Disability Plan**

| Professionals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel | $770.16 | 75.5 | $58,147.00 |
| Associates | $461.11 | 34.1 | $15,724.00 |
| Blended Attorney Rate | $674.01 | | |
| *Total Fees Incurred* | | *109.6* | *$73,871.00* |

33

**Exhibit K**

**Summary of Compensation Requested by Project Category**

**1. Defined Benefit Plan**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *230.9* | *$165,290.40* |

**2. Defined Contribution Plan**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *303.2* | *$193,178.40* |

**3. Health and Welfare**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *270.9* | *$199,030.40* |

**4. Executive Compensation**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *21.0* | *$14,064.70* |

**5. 2018 Wildfires**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *918.50* | *$648,076.00* |

**6. Project Falcon**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | *23.6* | *$17,529.90* |

**7. Voluntary Disability Plan**

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| C200 | Researching Law | **109.60** | **$73,871.00** |

34

**Exhibit L**

**Certification**

GROOM LAW GROUP, CHARTERED
David N. Levine, *pro hac vice*
dnl@groom.com
Katherine B. Kohn, *pro hac vice*
kkohn@groom.com
1701 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel:     (202) 857-0620
Fax:     (202) 659-4503

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>      **- and -**<br><br>**PACIFIC GAS AND ELECTRIC**<br>**COMPANY,**<br><br>                    **Debtors.**<br>☐  Affects PG&E Corporation<br>☐  Affects Pacific Gas and Electric Company<br>x   Affects both Debtors<br>*\* All papers shall be filed in the Lead Case*<br>*No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**CERTIFICATION OF DAVID N.**<br>**LEVINE IN SUPPORT FINAL FEE**<br>**APPLICATION OF GROOM LAW**<br>**GROUP, CHARTERED**<br><br>**Objection Deadline**: September 22, 2020 at<br>4:00 p.m. (Pacific Time) |

35

I, David N. Levine, hereby certify that:

1.  I am a partner at the applicant firm, Groom Law Group, Chartered ("**Groom**"), and am involved in Groom's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I am familiar with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 701] (the "**Interim Compensation Order**"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and, collectively, the "**Fee Guidelines**").

2.  This Certification is made in connection with Groom's Final Fee Application, dated August 30, 2020 (the "**Application**"), for interim compensation and reimbursement of expenses for the period commencing January 29, 2019 (the "**Petition Date**") through and including July 1, 2020 (the "**Final Period**").

3.  Pursuant to the Local Guidelines, I certify that:

    a.  I have read the Application;

    b.  To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; and

    c.  The fees and disbursements sought are billed at rates in accordance with those generally charged by Groom and generally accepted by Groom's clients.

Case: 19-30088    Doc# 8913    Filed: 08/30/20    Entered: 08/30/20 13:39:04    Page 53 of 55

4.      I certify that the Debtors, counsel for each of the Official Committees and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5.      Exhibit J to the Application compares the blended hourly rate billed by attorneys in Groom's Washington, D.C. office (its sole office) to all matters during the preceding year with the blended hourly rate billed by attorneys to the Debtors in connection with the Chapter 11 Cases during the Compensation Period.  Groom does not charge a premium for bankruptcy-related services as compared to other services.

6.      Groom responds to the questions identified in the U.S. Trustee Guidelines as follows:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> **Response**: No.
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> **Response**: N/A.
>
> **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> **Response**: No.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.
>
> **Response**: This Application includes time and fees related to reviewing or revising time records and preparing, reviewing or revising invoices, as well as

Case: 19-30088    Doc# 8913    Filed: 08/30/20    Entered: 08/30/20 13:39:04    Page 54 of 55

preparing the Retention Application and monthly fee statements. Approximately 183 hours were spent on such work, generating approximately $97,502.10 in fees sought in this Application. These fees include those described in response to the next question, and represent approximately 7% of the fees sought in this Application. Such fees are reasonable in light of the scope and complexity of Groom's work on behalf of the Debtors and are compensable in these Chapter 11 Cases.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: Yes. Approximately 12.9 hours were spent on such work, generating approximately $8,480.00 in fees sought in this Application. Such fees represent less than 1% of the aggregate fees sought in this Application.

**Question**: If the fee application includes any rate increases since retention:

    i.    Did your client review and approve those rate increases in advance?

    ii.    Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**: The Application does not include any rate increases since the Court's approval of Groom's retention.

Dated: August 30, 2020

Washington, D.C.


                                  */s/ David N. Levine*
                                    David N. Levine