# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

**- and –**

**PACIFIC GAS AND ELECTRIC COMPANY,**

                                        **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas & Electric Company
☑ Affects both Debtors

*All papers shall be filed in the Lead Case No. 19-30088 (DM)*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**SECOND INTERIM AND FINAL FEE APPLICATION OF LAZARD FRÈRES & CO. LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**

Date:  TBD, 2020
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court
        Courtroom 17, 16th Floor
        450 Golden Gate Avenue
        San Francisco, CA 94102

Re: Dockets Nos.: 2769 & 3403

**Objection Deadline:**
September  21, 2020 at 4:00p.m (Pacific Time)

1

| General Information | |
| --- | --- |
| Name of Applicant: | Lazard Frères & Co. LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors-In-Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | May 24, 2019 *nunc pro tunc* January 29, 2019 |
| Prior Applications: | January 29, 2019 through March 31, 2019 |

| Summary of Fees and Expenses Sought in this Application | |
| --- | --- |
| Time Period Covers by this Application: | January 29, 2019 through July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Interim Compensation Period: | $30,300,000.00 (100%) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Interim Compensation Period: | $858,673.48 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $31,200,000.00 (100%)[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $1,093,273.01 |
| Total Compensation and Expenses Requested for the Final Compensation Period: | $32,293,273.01 |
| Compensation and Expenses Sought in this Application Not Yet Paid: | $29,219,571.51 |

---

[1] Lazard's retention was approved pursuant to the terms and conditions set forth in its engagement letter dated January 4, 2019 (the "Engagement Letter") as limited or modified by the Retention Order [Dkt. No. 2229]. Prior to the commencement of these cases, the PG&E Debtors paid Lazard $300,000 for the month of February 2019 pursuant to the Engagement Letter.

2

This is a:  ___ monthly   _x_ interim   _x_ final application

**SUMMARY OF MONTHLY FEE STATEMENTS FOR THE FINAL COMPENSATION PERIOD**

| Date Filed Docket No. | Period Covered | Fees Due (80% Fees) | Holdback (20% Fees) | Expenses Requested (100% Expenses) | Amounts Paid to Date | Remaining Unpaid Amount |
|---|---|---|---|---|---|---|
| 06/26/19 Dkt. #2769 | 1/29/19 – 4/30/19 | $480,000.00[2] | $120,000.00[2] | $193,796.88 | $673,796.88 | $120,000.00 |
| 08/07/19 Dkt. #3403 | 5/1/19 – 5/31/19 | $240,000.00 | $60,000.00 | $40,802.65 | $280,802.65 | $60,000.00 |
| 10/11/19 Dkt. #4192 | 6/1/19 – 6/30/19 | $240,000.00 | $60,000.00 | $186,460.68 | $426,460.68 | $60,000.00 |
| 11/21/19 Dkt. #4834 | 7/1/19 – 7/31/19 | $240,000.00 | $60,000.00 | $112,808.63 | $352,808.63 | $60,000.00 |
| 11/26/19 Dkt. #4871 | 8/1/19 – 8/30/19 | $240,000.00 | $60,000.00 | $38,012.36 | $278,012.36 | $60,000.00 |
| 01/22/20 Dkt. #5448 | 9/1/19 – 9/30/19 | $240,000.00 | $60,000.00 | $38,498.27 | $278,498.27 | $60,000.00 |
| 01/30/20 Dkt. #5560 | 10/1/19 – 10/31/19 | $240,000.00 | $60,000.00 | $99,007.83 | $339,007.83 | $60,000.00 |
| 02/06/20 Dkt. #5677 | 11/1/19 – 11/30/19 | $240,000.00 | $60,000.00 | $204,314.20 | $444,314.20 | $60,000.00 |
| 03/23/20 Dkt. #6422 | 12/1/19 – 12/31/19 | $240,000.00 | $60,000.00 | $17,859.47 | $0.00 | $317,859.47 |
| 04/28/20 Dkt. #6961 | 1/1/20 – 1/31/20 | $240,000.00 | $60,000.00 | $27,492.51 | $0.00 | $327,492.51 |
| 05/20/20 Dkt. #7434 | 2/1/20 – 2/29/20 | $240,000.00 | $60,000.00 | $32,007.09 | $0.00 | $332,007.09 |
| 06/03/20 Dkt. #7836 | 3/1/20 – 3/31/20 | $240,000.00 | $60,000.00 | $14,098.16 | $0.00 | $314,098.16 |
| 06/15/20 Dkt. #7954 | 4/1/20 – 4/30/20 | $240,000.00 | $60,000.00 | $0.00 | $0.00 | $300,000.00 |
| 07/07/20 Dkt. #8293 | 5/1/20 – 5/31/20 | $240,000.00 | $60,000.00 | $0.00 | $0.00 | $300,000.00 |
| 08/06/20 Dkt. #8691 | 6/1/20 – 6/30/20 | $240,000.00 | $60,000.00 | $88,114.28 | $0.00 | $388,114.28 |
| 08/31/20 Current | Current | $21,120,000.00 | $5,280,000.00 | $0.00 | $0.00 | $26,400,000.00 |
| **TOTAL** | | **$24,960,000.00** | **$6,240,000.00** | **$1,093,273.01** | **$3,073,701.50** | **$29,219,571.51** |

[2] Lazard's retention was approved pursuant to the terms and conditions set forth in its engagement letter dated January 4, 2019 (the "Engagement Letter") as limited or modified by the Retention Order [Dkt. No. 2229]. Prior to the commencement of these cases, the PG&E Debtors paid Lazard $300,000 for the month of February 2019 pursuant to the Engagement Letter.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Summary of Any Objections to Monthly Fee Statements:  None

Compensation and Expenses Sought in this Application Not Yet Paid:  $29,219,571.51

4

## COMPENSATION BY PROFESSIONAL
## FOR THE FINAL PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020

| Name of Professional Individual | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Kenneth M. Jacobs | Chief Executive Office | n/a | 12.0 | n/a |
| David S. Kurtz | Vice Chairman | n/a | 31.0 | n/a |
| Mary Ann Deignan | Managing Director | n/a | 5.0 | n/a |
| Tomer Perry | Managing Director | n/a | 133.0 | n/a |
| Ken Ziman | Managing Director | n/a | 3,067.8 | n/a |
| Christopher Couvelier | Director | n/a | 7.5 | n/a |
| Gregory Hort | Director | n/a | 761.1 | n/a |
| Christian Tempke | Director | n/a | 457.8 | n/a |
| Charles H. Kim | Vice President | n/a | 4.0 | n/a |
| Komu Kumar | Vice President | n/a | 127.5 | n/a |
| Craig Durrant | Vice President | n/a | 3.0 | n/a |
| Eli Silverman | Vice President | n/a | 5,327.8 | n/a |
| Andrew Wood | Vice President | n/a | 3.0 | n/a |
| Daniel Bier | Associate | n/a | 828.5 | n/a |
| Garrett Deutsch | Associate | n/a | 84.0 | n/a |
| Leah Friedman | Associate | n/a | 7.0 | n/a |
| Daniel Katz | Associate | n/a | 2,153.0 | n/a |
| Alexander Lotz | Associate | n/a | 14.5 | n/a |
| Nathan Mooney | Associate | n/a | 3,131.5 | n/a |
| Erik Overman | Associate | n/a | 101.0 | n/a |
| Matt Strain | Associate | n/a | 1,459.5 | n/a |
| Luke Cummings | Analyst | n/a | 834.5 | n/a |
| Liam Fine | Analyst | n/a | 1,690.5 | n/a |
| Kevin Hatch | Analyst | n/a | 2,314.8 | n/a |
| Michael Hinz | Analyst | n/a | 22.0 | n/a |
| Dan Liotta | Analyst | n/a | 2,267.3 | n/a |
| Maxwell Lubkeman | Analyst | n/a | 8.0 | n/a |
| Quinn Pitcher | Analyst | n/a | 19.0 | n/a |
| Caroline Sambuco | Analyst | n/a | 25.5 | n/a |

Case: 19-30088    Doc# 8914    Filed: 08/30/20    Entered: 08/30/20 20:11:42    Page 5 of 23

| Name of Professional Individual | Position of the Applicant and Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Katherine Tobeason | Analyst | n/a | 160.0 | n/a |
| Bryant Wang | Analyst | n/a | 327.5 | n/a |
| TJ Nzewi | Analyst | n/a | 54.0 | n/a |
| Logan Piper | Analyst | n/a | 93.0 | n/a |
| Mackenzie Peebles | Analyst | n/a | 61.0 | n/a |
| Scott Belinsky | Analyst | n/a | 1,507.0 | n/a |
| William Zhao | Analyst | n/a | 152.5 | n/a |
| **TOTAL** | | | **27,256.1** | **$31,200,000.00** |

## COMPENSATION BY WORK TASK CODE
## FOR THE FINAL PERIOD JANUARY 29, 2020 THROUGH JULY 1, 2020

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Interface with Professionals, Official Committees, and Other Parties-In-Interest | 7,690.8 | n/a |
| Business Operations Planning, Monitoring, Reporting and Analysis and Projections | 905.3 | n/a |
| Preparation and/or review of Court Filings | 310.4 | n/a |
| Court Testimony/Deposition and Preparation | 975.9 | n/a |
| Valuation Analysis | 836.2 | n/a |
| Capital Structure Review and Analysis | 4,571.9 | n/a |
| Merger & Acquisition Activity | 112.4 | n/a |
| Financing including DIP and Exit Financing | 3,692.8 | n/a |
| General Corporate Finance, Research and Analysis, and Other Due Diligence | 8,098.2 | n/a |
| Fee Application, Engagement | 60.1 | n/a |
| Employee Retention Program | 2.0 | n/a |
| **TOTAL** | **27,256.1** | **$31,200,000.00** |

Case: 19-30088    Doc# 8914    Filed: 08/30/20    Entered: 08/30/20 20:11:42    Page 7 of 23

**EXPENSE SUMMARY**
**FOR THE FINAL PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Car Services and Taxis | | $49,169.50 |
| Employee Meals | | 3,314.47 |
| Legal Expenses | | 4,167.58 |
| Legal Fees | | 699,510.93³ |
| Meals – Meetings/Travel | | 20,085.23 |
| Travel | | 317,025.30 |
| **Total Expenses** | | **$1,093,273.01** |

---

³ Lazard is seeking reimbursement for less than the amount of their total legal fees from Debevoise based on an agreement between Lazard and the Debtors that only a portion of the full Debevoise invoices would be reimbursable

8

Case: 19-30088    Doc# 8914    Filed: 08/30/20    Entered: 08/30/20 20:11:42    Page 9 of
23

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

**PG&E CORPORATION,**

**- and –**

**PACIFIC GAS AND ELECTRIC COMPANY,**
                              **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas & Electric Company
☑ Affects both Debtors

*All papers shall be filed in the Lead Case No. 19-30088 (DM)*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**SECOND INTERIM AND FINAL FEE APPLICATION OF LAZARD FRÈRES & CO. LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**

Date: TBD, 2020
Time: 9:30 a.m. (Pacific Time)
Place: United States Bankruptcy Court
       Courtroom 17, 16th Floor
       450 Golden Gate Avenue
       San Francisco, CA 94102

Re: Dockets Nos.: 2769 & 3403

**Objection Deadline:**
September  21, 2020 at 4:00p.m (Pacific Time)

Lazard Frères & Co. LLC (**"Lazard"** or the **"Applicant"**), investment banker to PG&E Corporation and Pacific Gas and Electric Company (the **"Debtors"**), hereby submits its Second Interim and Final Fee Application (the **"Final Fee Application"**), pursuant to section 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of California (the "Local Rules"). By this Final Fee Application, Lazard seeks allowance

of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred by Lazard for the period from June 1, 2019 through and including July 1, 2020 (the **"Interim Compensation Period"**) in the amount of $31,158,673.48 and allowance of compensation for professional services rendered and actual and necessary expenses incurred by Lazard for the period from January 29, 2019 through and including July 1, 2020 (the **"Final Compensation Period"**) on a final basis in the amount of $32,293,273.24 and respectfully represents as follows:

## **BACKGROUND**

1. On January 29, 2019 (the **"Petition Date"**), each of the Debtors filed voluntary petition for relief under chapter 11 of the Bankruptcy Code. Prior to their emergence from Chapter 11 on July 1, 2020, the Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of title 11 of the Bankruptcy Code.

10

2.      On February 28, 2019, this Court entered an Order establishing procedures for interim compensation and reimbursement of expenses during these chapter 11 cases [Docket No. 701] (the **"Interim Compensation Order"**).

3.      On May 24, 2019, this Court entered certain Order Pursuant to 11 U.S.C. §§ 327(a) and 328 (a) and Fed. R. Bankr. P. 2014(a) and 2016 Authorizing the Retention and Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors Effective as of Petition Date [Docket No. 2229] (the **"Retention Order"**) attached hereto as **Exhibit A**.

4.      Cases in accordance with the terms and conditions set forth in the Engagement Letter (including the terms of the Indemnification Letter). The terms of the Engagement Letter reflect the mutual agreement between the Debtors and Lazard as to the substantial efforts that may be required of Lazard throughout the course of these proceedings. The Engagement Letter provides, in consideration for the compensation contemplated thereby, that Lazard will, to the extent reasonably requested by the Debtors, render the following investment banking services (collectively, the **"Services"**)[4]

    a)  Reviewing and analyzing the Debtors' business, operations and financial projections;

    b)  Assisting to formulate strategic and structural alternatives in connection with any Transaction, Restructuring, and/or Financing, as applicable;

    c)  Evaluating the Debtors' potential debt capacity in light of its projected cash flows;

    d)  Assisting in the determination of a capital structure for the Debtors;

---

[4] In the event of any inconsistency between the description of the Services as set forth herein and the Engagement Letter, the Engagement Letter shall control.

11

e)  Assisting in the determination of a range of values for the Debtors on a going concern basis;

f)  Advising the Debtors on tactics and strategies for negotiating with their Stakeholders;

g)  Rendering financial advice to the Debtors and participating in meetings or negotiations with their Stakeholders and/or rating agencies or other appropriate parties in connection with any Transaction, Restructuring, and/or Financing;

h)  Advising the Debtors on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to any Transaction, Restructuring, and/or Financing;

i)  Advising and assisting the Debtors in evaluating any potential Financing, and, subject to Lazard's agreement to act and, if requested by Lazard, to the execution of appropriate agreements, contacting potential sources of capital as the Debtors may designate and assisting the Debtors in implementing such Financing;

j)  Assisting the Debtors in preparing documentation within Lazard's area of expertise that is required in connection with any Transaction and/or Restructuring;

k)  Assisting the Debtors in identifying and evaluating candidates for any potential Transaction, advising the Debtors in connection with negotiations, and aiding in the consummation of any Transaction;

12

l)  Attending meetings of the Boards of Directors of the Debtors with respect to matters on which Lazard has been engaged to advise pursuant to the Engagement Letter;

m) Providing testimony, as necessary, with respect to matters on which Lazard has been engaged to advise pursuant to the Engagement Letter in any proceeding before the Court;

n)  Providing the Debtors with shareholder advisory services and advice on corporate preparedness matters; and

o)  Providing the Debtors with other investment banking and financial restructuring advice.

5.      On June 20, 2020, the Court entered the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "Plan").

6.      On July 1, 2020, the Effective Date of the Plan occurred, and the Plan was consummated. Therefore, pursuant to sections 2(c) and 2(d) of the Engagement Letter, as amended by the Retention Order, Lazard is billing a Restructuring/Financing fee in the amount of $26,400,000 in this Final Application.

## JURISDICTION

7.      This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue of the Chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

13

8. The statutory and legal bases for the relief requested herein (collectively, the 'Guidelines") are sections 327(a), 328(a), 330 and 331 of title 11 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, the Local Bankruptcy Rules, and the Retention Order.

## COMPENSATION REQUEST

9. Lazard seeks allowance of compensation for professional services rendered to the Debtors during the Interim Compensation Period in the aggregate amount of $30,300,000.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $858,673.48, for a total amount due of $31,158,673.48 (the **"Interim Compensation Amount"**) and on a final basis, allowance of compensation for professional services rendered to the Debtors during the Final Compensation Period in the aggregate amount of $31,200,000.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $1,093,273.01, for a total amount due of $32,293,273.01 (the **"Final Compensation Amount"**).

10. Lazard is entitled to payment of several fees as set forth in the Retention Application and the Engagement Letter, as approved by the Retention Order. A summary of the compensation earned by Lazard in the Final Compensation Period is set forth below.

| Monthly Fees | $4,800,000[5] |
|---|---|
| Financing Fees | $172,700,000 |
| Restructuring Fee | $25,000,000 |
| Monthly Fee Crediting | ($750,000) |
| Financing Fee Crediting per Engagement Letter | ($18,000,000) |
| Additional Crediting per Retention Order | (147,550,000) |
| Agreed Fee Accommodation | ($5,000,000)[6] |
| **Total** | **$31,200,000** |

[5] Prior to the commencement of these cases, the PG&E Debtors paid Lazard $300,000 for the month of February 2019 pursuant to the Engagement Letter.
[6] This represents a voluntary reduction of Lazard's aggregate fees for these Cases by $5,000,000, made at the request of, and as an accommodation to, the Debtors.

14

11. Pursuant to, and consistent with, the relevant requirements of the applicable provisions of the Guidelines, the following exhibits are attached hereto:

   a) **Exhibit A** contains the Retention Order:

   b) **Exhibit B** contains Lazard's detailed time records for the Interim Compensation Period; and

   c) **Exhibit C** contains Lazard's expense detail for the Interim Compensation Period, including the invoices and supporting time records of its external counsel.

   d) **Exhibit D** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

12. First, Lazard earned a Monthly Fee of $300,000.00 for each month during the Final Compensation Period—*i.e.*, one Monthly Fee for March 2019 through and including June 2020 — for a total of $4,800,000.00 of Monthly Fees. Pursuant to the Engagement Letter as modified by the Retention Order, commencing with the Monthly Fee earned by Lazard for February 2020, Lazard has credited an amount equal to 50% of any Monthly Fees paid to Lazard, totaling $750,000.

13. Second, Lazard earned several post-petition Financing Fees totaling $172,700,000 on account of its work facilitating the issuance of $9 billion of Equity Financing, $11.925 billion of Utility Secured Debt Financing and $4.75 billion of HoldCo Secured Debt Financing. The Financing Fees also account for Lazard's role in the Company obtaining revolving credit facility commitments for $3.5 billion of Secured Debt Financing at the Utility and $500 million of Secured Debt Financing at the HoldCo. Lazard's work related to the Equity Financing entailed ongoing dialogue and negotiation with potential investors and backstop

Case: 19-30088    Doc# 8914    Filed: 08/30/20    Entered: 08/30/20 20:11:42    Page 15 of 23

parties, structuring and analysis of potential financing transactions and liaising with equity underwriting banks. Lazard's work related to Secured Debt Financing entailed recurring analysis of potential debt financing structures to fund the Company's emergence from Chapter 11, negotiations with lenders and liaising with debt underwriting banks. Per Lazard's engagement letter with the Company, one-half of the Financing Fees paid in connection with debtor-in-possession Financing and Equity Financing are credited (without duplication) against the Restructuring Fee. In addition, $1.5 million of monthly fees paid to Lazard from prior engagements with the Company are credited against the Financing Fees payable in connection with debtor-in-possession Financing and Secured Debt Financing (without duplication). Per Lazard's engagement letter, the maximum fee crediting is $18.75 million.

14. Third, Lazard earned a Restructuring Fee in the amount of $25,000,000. Pursuant to the Engagement Letter as modified by the Retention Order, a fee equal to $25,000,000 shall be payable upon consummation of any Restructuring.

15. At the request of, and as an accommodation to the Debtors, Lazard voluntarily agreed to reduce its aggregate fees for these Cases by $5,000,000. Accordingly the aggregate fees requested hereunder reflect the requested accommodation.

16. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary setting forth the name of each professional for whose work on these reorganization cases compensation is sought.

## SUMMARY OF SERVICE

17. The bankers of Lazard who rendered professional services during the Final Compensation Period in these cases are as follows: Kenneth M. Jacobs (CEO); David S. Kurtz (Vice Chairman); Mary Ann Deignan (Managing Director); Tomer Perry (Managing Director);

16

Ken Ziman (Managing Director); Christopher Couvelier (Director); Greg Hort (Director):
Christian Tempke (Director); Dan Katz (Vice President); Charles Kim (Vice President); Komu
Kumar (Vice President); Craig Durrant (Vice President); Eli Silverman (Vice President);
Andrew Wood (Vice President); Daniel Bier (Associate); Garrett Deutsch (Associate); Leah
Friedman (Associate); Alexander Lotz (Associate); Nathan Mooney (Associate); Erik Overman
(Associate); Logan Piper (Associate); Matthew Strain (Associate); Scott Belinsky (Analyst);
Luke Cummings (Analyst); Liam Fine (Analyst); Kevin Hatch (Analyst); Michael Hinz
(Analyst); Dan Liotta (Analyst); Maxwell Lubkeman (Analyst); TJ Nzewi (Analyst); Mackenzie
Peebles (Analyst); Quinn Pitcher (Analyst); Caroline Sambuco (Analyst); Katherine Tobeason
(Analyst); Bryant Wang (Analyst) and William Zhao (Analyst).

18. During the Final Compensation Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described below. Lazard's highly skilled restructuring and M&A professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

19. A summary of some of the services rendered by Lazard during the Final Compensation Period is as follows:

    a. *First Day Hearing Support/DIP Financing* – Lazard provided material assistance for the Debtors during the first day hearing, including financial analyses and review of the declaration of David Kurtz in support of the DIP financing, which explained the process that Lazard undertook to help the Debtors raise the financing and the Debtors' need for post-petition financing.

    b. *Review and Diligence of Business Plan* – Beginning after the Petition Date, Lazard professionals expended significant resources and time reviewing the Debtors' business plan and conducting due diligence of various financial forecasts and operating scenarios. Lazard professionals met at length with the Debtors' management to review capital spending programs, cost reduction opportunities and wildfire safety initiatives.

    c. *General Stakeholder Communications* – Lazard prepared, reviewed, advised and assisted in the preparation of presentation materials for the advisors to the

17

unsecured creditors' committee, wildfire victims' committee, subrogation claimants, shareholders, regulators and government leaders. These presentation materials were intended to keep them informed about the Debtors' operations, financial projections and liquidity and strategies for progressing the cases to timely confirmation. Lazard participated in regular conversations with multiple parties and their advisors about due diligence materials and case issues as they arose.

d. *Financing and Capital Structure Evaluation* – Lazard prepared analysis of potential capital structure alternatives for the Debtors to fund the emergence from Chapter 11, including an assessment of debt capacity, credit rating implications and regulatory compliance. As part of this work, Lazard analyzed available capital sources and potential financing structures, including debt, equity and municipal financing that the Company can utilize.

e. *Capital Raising and Advisory* - Lazard directly interfaced with equity and debt investors and worked with financing banks to raise the necessary capital to finance the Debtors' emergence from Chapter 11. Ken Ziman, a senior Managing Director, provided declarations with respect to the Debtors' financing package and overall capital raising process. Lazard's work included negotiation of key agreements, financial analysis, delivery of presentations to the Debtors' Board of Directors and engagement with credit rating agencies regarding ratings on the newly issued debt financing. Furthermore, Lazard was centrally involved in the negotiation and structuring of registration rights with respect to newly issued equity securities under the Debtors' Plan of Reorganization.

f. *General Bankruptcy Assistance* – Lazard participated in regular planning sessions and other periodic meetings with the Debtors, their legal counsel and their other advisors concerning process and strategy issues related to the bankruptcy. Lazard monitored and reviewed operating results of the business, the budget and performance against the budget. In addition, Lazard participated in discussions with various stakeholders and constituencies to keep them informed about the Debtors' operations, financial projections, capital structure and other key events. Further, Lazard participated in regularly scheduled board calls and assisted in the preparation of board materials.

g. *Assistance with Regulatory Filings* – Lazard analyzed, reviewed and advised the Debtors on their regulatory filings with respect to the California Public Utilities Commission. Lazard's work included financial analysis, peer comparison and capital structure review and was completed in coordination with members of the management team and other advisors. As part of this effort, Lazard provided integral support in developing and analyzing the Debtors' securitization application that was filed with the California Public Utilities Commission during the Chapter 11 case.

h. *Assistance with Governmental Legislation* – Lazard analyzed, reviewed and advised the Debtors on various governmental legislative proposals related to the financing of utilities in the securitization market, the provision of

18

insurance to companies in the industry and the treatment of claimants from future potential wildfires. Lazard's work included financial analysis, review of government-sponsored insurance programs and engagement with key constituencies on behalf of the Debtors.

i. *General Financial Analysis* – Lazard professionals assisted the Debtors' management and other advisors in preparing various analyses related to the Debtors' capital structure, financial projections and cash flow forecasts.

20.     During the Final Compensation Period, Lazard incurred legal expenses in connection with document collection, review and production conducted at the request of, in consultation with and for the benefit of the Debtors. These expenses primarily involved collection, review and production of documents in Lazard's possession that were potentially responsive to discovery requests served on the Debtors by the Official Committee of Unsecured Creditors and the Official Committee of Tort Claimants. Lazard's counsel reviewed these materials in order to identify and withhold privileged materials and materials that reflected confidential information belonging to Lazard clients from other engagements. The potentially responsive materials not falling into either of these categories were then provided to Debtors' counsel for responsiveness review. Lazard's counsel also assisted Lazard and Debtors' counsel in connection with preparation for an anticipated deposition of a Lazard witness. These legal expenses were necessary and beneficial to the Debtors' estates in enabling them to comply with their discovery obligations. In addition, Lazard incurred legal expenses in connection with preparing its fee requests and applications.

## ACTUAL AND NECESSAY DISBURSEMENTS OF LAZARD

21.     As set forth in **Exhibit C** hereto, Lazard expended $1,093,273.01 in out-of-pocket expenses relating to its professional services during the Final Compensation Period. These charges are intended to cover Lazard's out-of-pocket costs paid to third parties related to this engagement, which costs are not incorporated into Lazard's aggregate fees. Lazard has maintained detailed records of actual and necessary expenses incurred during the Final Compensation Period. With respect to expenses, it should be noted that Lazard has absorbed

19

certain expenses customarily charged by other professionals in bankruptcy cases. For example, Lazard does not allocate office telephonic charges by client and thus these costs are absorbed by Lazard in its overhead and not charged to the Debtors' estate. Lazard respectfully submits that the expenses for which it seeks allowance during the Interim Application Period are necessary and reasonable both in scope and amount.

## LEGAL BASIS FOR INTERIM COMPENSAITION

22.     The professional services for which Lazard requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Lazard's professional responsibilities as investment banker for the Debtors in these Chapter 11 Cases.  Lazard's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest.

23.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Lazard respectfully submits that the amount requested by Lazard is fair and reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.   Moreover, Lazard has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## RESERVATION

24.     Although every effort has been made to include all fees and expenses incurred in the Interim Compensation Period and Final Compensation Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Interim Compensation Period and Final Compensation Period.  Lazard

20

reserves the right to make further application to the Court for allowance of such fees and expenses not included herein.

## NOTICE

25. Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Lazard submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

26. It is respectfully submitted that the Final Compensation Amount requested by Lazard is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

**WHEREFORE**, Lazard respectfully requests the Court enter an order, substantially in the form for the Proposed Order:

(i) awarding on a final basis aggregate fees in the amount of $31,200,000.00 and reimbursement of aggregate expenses in the amount of $1,093,273.01 for the Final Application Period;

(ii) approving and directing the Debtors' payment of all allowed fees for services rendered and expenses incurred by Lazard in connection with this chapter 11 case that remains unpaid as of the date of entry of the Order; and

21

1              (iii) granting Lazard such other and further relief as is just and proper.

LAZARD FRÈRES & CO. LLC,


*/s/ Ken Ziman*

Ken Ziman
Managing Director
Lazard Frères & Co. LLC
30 Rockefeller Plaza, 61st Floor
New York, NY  10112
(212/632-6000)
Investment Banker to the Debtors