PRIME CLERK LLC
Shira D. Weiner (sweiner@primeclerk.com)
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165
Tel:     (212) 257-5450

*Administrative Advisor to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION**<br>– and –<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FINAL APPLICATION OF PRIME CLERK LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>Objection Deadline:  September 21, 2020 at 4:00 p.m. (Pacific Time)<br><br>[Hearing Date:  TBD] |

Prime Clerk LLC ("**Prime Clerk**"), in its capacity as administrative advisor to PG&E Corporation and Pacific Gas & Electric Company (together, the "**Debtors**"), hereby submits the *Final Application of Prime Clerk LLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 through July 1, 2020* (the "**Application**").

The Application requests entry of an order allowing on a final basis compensation to Prime Clerk for services rendered to the Debtors and expenses incurred during the period from January 29, 2019 through July 1, 2020 (the "**Fee Period**").

Prime Clerk seeks final approval of compensation and reimbursement of expenses during the Fee Period totaling $1,083,148.23, which sum represents compensation for services rendered in the amount of $1,082,104.96 and reimbursement for expenses incurred in the amount of $1,043.27. Summary charts detailing the amount of fees charged and hours worked by each of Prime Clerk's professionals during the Fee Period are attached hereto as **Exhibit A**.

This Application is based upon contents hereof and the exhibits, including the declaration of Shira D. Weiner filed concurrently herewith, the pleadings, papers, and records on file in these chapter 11 cases, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

# I.
# INTRODUCTION

A. **General Background**

On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. **Employment of Prime Clerk**

On February 1, 2019, the Court entered the *Order Pursuant to 28 U.S.C. §156(c) Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 245] (the "**Claims and Noticing Agent Order**"), which authorized the Debtors to retain Prime Clerk as the Claims and Noticing Agent in these chapter 11 cases. On April 9, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §327(a) Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Docket No. 1300] (the "**Administrative Advisor Order**"), which authorized the Debtors to retain Prime Clerk as the Administrative Advisor

in these chapter 11 cases. A true and correct copy of the Administrative Advisor Order is attached hereto as **Exhibit B**.

The fees and expenses sought by this Application do not include any fees that may be payable by the Debtors for services provided by Prime Clerk under the Claims and Noticing Agent Order. Procedures for payment of such fees or disbursements are separately addressed in the Claims and Noticing Agent Order. Additionally, no fees and disbursements for services provided to the Debtors under the Administrative Advisor Order have been sought to be paid under the Claims and Noticing Agent Order.

In accordance with the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), during the Fee Period, Prime Clerk filed with the Court the following monthly fee statements:

| Date Filed; ECF No. | Period Covered | Requested | | Paid or to be Paid[1] | | Holdback (20%) |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees |
| 1/31/20; ECF No. 5575 | 2/1/19 – 12/31/19 | $5,678.40 | $0.00 | $4,542.72 | $0.00 | $1,135.68 |
| 3/2/20; ECF No. 5993 | 1/1/20 – 1/31/20 | $20,614.00 | $20.00 | $16,491.20 | $20.00 | $4,122.80 |
| 4/1/20; ECF No. 6584 | 2/1/20 – 2/29/20 | $26,269.76 | $16.55 | $21,015.81 | $16.55 | $5,253.95 |
| 5/1/20; ECF No. 7042 | 3/1/20 – 3/31/20 | $86,680.00 | $126.58 | $69,344.00 | $126.58 | $17,336.00 |
| 6/1/20; ECF No. 7688 | 4/1/20 – 4/30/20 | $272,687.80 | $0.00 | $218,150.24 | $0.00 | $54,537.56 |
| 6/30/20; ECF No. 8215 | 5/1/20 – 5/31/20 | $591,459.88 | $880.14 | $473,167.90 | $880.14 | $118,291.98 |

---

[1] To date, the Debtors have not yet paid any amounts to Prime Clerk for fees and expenses incurred in its capacity as administrative advisor to the Debtors.

4

| | | | | | |
|---|---|---|---|---|---|
| 7/30/20; ECF No. 8576 | 6/1/20 – 7/1/20 | $78,715.12 | $0.00 | $62,972.10 | $0.00 | $15,743.02 |
| **TOTAL** | | **$1,082,104.96** | **$1,043.27** | **$865,683.97** | **$1,043.27** | **$216,420.99** |

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, Prime Clerk classified all services performed for which compensation is sought into categories. Prime Clerk attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtors' chapter 11 cases affected multiple categories, services pertaining to one category may occasionally be included in another category. Prime Clerk has established the following billing categories in these chapter 11 cases to date:

- Ballots
- Call Center / Credit Inquiry
- Corporate Actions
- Disbursements
- Retention / Fee Application
- Solicitation

**Exhibit C** includes Prime Clerk's invoices for the Fee Period, which include a detailed breakdown of the time entries and expenses incurred.

**A.    Ballots**

Ballots services included processing incoming ballots, including receiving, reviewing and analyzing incoming ballots for timeliness and validity, inputting ballots into the voting database and auditing same, and providing technical support for processing of electronically filed ballots.

**Total Hours 4,780.60 / Total Fees $674,345.65[2]**

**B.    Call Center / Creditor Inquiry**

Call Center / Creditor Inquiry services provided included: (i) responding to creditor and nominee inquiries regarding the solicitation of the Plan, including balloting, voting deadlines, ad tabulation; (ii) responding to nominee inquiries related to the issuance of new securities and performing quality assurance review of such responses; (iii) conferring and coordinating among the

---
[2] The fees as set forth in this section do not take into account the applied discount.

5

Prime Clerk case team regarding responses to inquiries related to solicitation, the fire victims directive, rescission and damage claims, and the new securities; (iv) responding to creditor and law firm inquiries related to the fire victims Plan solicitation directive and performing quality assurance review of same; (v) preparing, reviewing and revising responses to frequently asked questions to be used by the Prime Clerk call center and communications teams; (vi) responding to creditor and nominee inquires related to damage or rescission claims; and (vii) responding to creditor and nominee inquiries regarding distributions.

**Total Hours 1,506.50 / Total Fees $304,180.95**

C. **Corporate Actions**

Corporate Actions services provided included: (i) conferring and coordinating among the Prime Clerk case team and Debtors' counsel regarding the issuance of new securites and related mechanics; (ii) reviewing and providing comments to subscription procedures to be used in connection with the issuance of the new securities; (iii) conferring among the Prime Clerk case team regarding procedures for obtaining registration information and brokerage account information for use in connection with distributions of new securities; (iv) processing registration forms for the new securities to be issued under the Plan and performing quality assurance review of same; (v) updating Prime Clerk's proprietary database regarding security registration information; and (vi) coordinating the collection of registration information from lenders and brokerage accounts.

**Total Hours 114.40 / Total Fees $23,009.00**

D. **Disbursements**

Disbursements services provided included: (i) conferring and coordinating among the Prime Clerk case team and Debtors' counsel regarding distribution matters, including timing, process and related mechanics; (ii) reviewing the distribution mechanics set forth in the Plan; (iii) conferring and coordinating among the Prime Clerk case team regarding distributions to holders of rescission and damage claims; (iv) reviewing and providing comments to documents requested by the Debtors to be executed in connection with upcoming distributions and participating in telephone conferences among the Debtors, Debtors' counsel, and the Prime Clerk case team regarding same; (v) processing distribution registration forms; (vi) updating Prime Clerk's proprietary fire directive distribution

database and performing quality assurance review of same; (vii) reviewing, analyzing and revising distribution control mechanisms and coordinating with the Debtors regarding same; (viii) coordinating among the Debtors, Debtors' counsel, and other case professionals regarding post-effective date distributions; (ix) preparing and revising payment files and performing quality assurance review of same; (x) conferring and coordinating among the Prime Clerk case team regarding the distribution timeline; (xi) preparing the instruction letter for the Depository Trust Company ("**DTC**") for new notes; (xii) conferring and coordinating among the Prime Clerk case team and DTC regarding eligibility of new securities and related documentation; (xiii) coordinating with Debtors' counsel and other case professionals regarding finalizing distribution mechanics; and (xiv) preparing and performing quality assurance review of distribution files to be sent to the indenture trustee.

**Total Hours 200.00 / Total Fees $42,050.80**

E. **Retention / Fee Application**

Retention / Fee Application services provided included preparing, reviewing and revising Prime Clerk's monthly fee statements, filed with the Court at Docket Nos. 5575, 5993, 6584, 7042, 7688, 8215 and 8576.

**Total Hours 7.00 / Total Fees $1,510.30**

F. **Solicitation**

Solicitation services provided included: (i) researching outstanding securities and updating the case file regarding same; (ii) reviewing and providing comments to solicitation documents to Debtors' counsel; (iii) coordinating among the Prime Clerk case team regarding solicitation matters, including balloting, tabulation, and the solicitation timetable; (iv) conferring and coordinating with, and responding to inquiries from, Debtors' counsel regarding solicitation matters, including the solicitation process, voting records, voting process, and vote tabulation; (v) conferring and coordinating with Debtors' counsel regarding the solicitation of fire victims and related mechanics; (vi) coordinating among the Prime Clerk case team regarding logistics for the fire victim solicitation directive, including related processes and procedures; (vii) reviewing the results of the fire victims plan solicitation directive and updating Prime Clerk's proprietary database regarding same; (viii)

7

conferring and coordinating among the Prime Clerk case team and Debtors' counsel regarding the solicitation of holders of rescission and damage claims; (ix) coordinating with Broadridge regarding the voting record date; (x) preparing, reviewing and revising Plan class reports and performing quality assurance review of same; (xi) coordinating among the Prime Clerk case team regarding solicitation and voting records; (xii) updating the master ballot form tracker; (xiii) preparing and formatting the voting reports for circulation to case professionals and performing quality assurance review of same; (xiv) coordinating with Debtors' counsel regarding the voting declaration; (xv) drafting the voting declaration and performing quality assurance review of same; (xvi) conferring with Debtors' counsel regarding responses to the TCC's information requests in connection with confirmation of the Plan; (xviii) coordinating information for Debtors' counsel in response to the motion to appoint an examiner and preparing, reviewing and revising the declaration of Christina Pullo support of the Debtors' objection to the examiner motion; and (xix) preparing for and participating in the confirmation hearing.

**Total Hours 1,503.60 / Total Fees $307,534.50**

**G.** **List of Expenses by Category**

During the Fee Period, Prime Clerk incurred a total of $1,043.27 in expenses for after-hours transportation ($852.36) and overtime meals ($249.54). Prime Clerk made every effort to keep the costs in these chapter 11 cases to a minimum.

**H.** **Hourly Rates**

The hourly rates of all Prime Clerk professionals rendering services in these chapter 11 cases are set forth on the Billing Summary Chart on **Exhibit A** hereto.

**I.** **Prime Clerk Professionals**

Prime Clerk has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees to be awarded in these proceedings, except to be shared among affiliates, partners, members, managers, directors or employees of Prime Clerk.

8

**J.      Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Debtors concurrently with the filing of this Application. The letter invites the Debtors to discuss with Prime Clerk and/or the Office of the United States Trustee any objections, concerns, or questions the Debtors may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit D**.

**K.      Notice of Application and Hearing**

Notice of the submission of this Application and the hearing thereon has been provided to the Office of the United States Trustee, the Debtor, all parties requesting special notice and other interested parties in accordance with the Local Bankruptcy Rules. Complete copies of the Application will be promptly furnished to any other party upon specific request. Therefore, notice should be deemed adequate under the circumstances and in accordance with Federal Bankruptcy Rules 2002(a)(6) and 2002(c)(2).

**L.      Voluntary Reductions**

Pursuant to the engagement agreement between Prime Clerk and the Debtor, Prime Clerk has provided the Debtors with the agreed upon monthly courtesy discount.

**III.**

**THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED**

**BASED UPON APPLICABLE LAW**

The fees and expenses requested by this Application are an appropriate award for Prime Clerk's services in acting as counsel to the Debtors.

**A.      Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which Prime Clerk requests compensation and the costs incurred for which Prime Clerk requests reimbursement are for actual and necessary services rendered and costs incurred.

9

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of professionals' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974, a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson)* criteria applicable in bankruptcy cases.

The time for which compensation is sought is detailed in Prime Clerk's professional fee statements contained in **Exhibit C** hereto. Prime Clerk's services and time expenditures are reasonable in light of the labor required in these chapter 11 cases. Prime Clerk's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation Prime Clerk seeks by way of this Application is the customary compensation commonly sought by Prime Clerk and other similar professionals representing debtors in similar circumstances.

B.  **Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness

of Prime Clerk's performance, and the complexity of the case) were addressed above, Prime Clerk believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. Prime Clerk believes the facts of these chapter 11 cases make it evident that Prime Clerk's services were both necessary and beneficial to the estates.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners or professionals in cases other than cases under the Bankruptcy Code. Prime Clerk believes its professionals are skilled and have performed well in these chapter 11 cases, and that the fees charged by Prime Clerk are commensurate with the fees charged by Prime Clerk's counterparts engaged in non-bankruptcy specialties of the law.

**C.** **Available Funds**

Prime Clerk understands that the Debtors have sufficient funds available for the payment of fees and costs requested herein.

IV.

**CONCLUSION**

The compensation presently sought by Prime Clerk is final. Prime Clerk does not have have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded Prime Clerk with any other person or entity, except among affiliates, partners, members, managers, directors or employees of Prime Clerk.

Prime Clerk believes that the services rendered for which compensation is sought in this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, Prime Clerk respectfully requests that this Court (a) authorize allowance and direct payment of fees and costs, and (b) award final compensation, as follows:

11

Case: 19-30088    Doc# 8916    Filed: 08/30/20    Entered: 08/30/20 20:17:10    Page 10 of 11

1. Allow final compensation to Prime Clerk in the amount of $1,083,148.23, inclusive of all fees and costs for the period from January 29, 2019 through July 1, 2020, comprising $1,082,104.96 of fees and $1,043.27 of expenses, and directing payment of such amounts to Prime Clerk; and

2. Grant such other and further relief as may be appropriate under the circumstances.

Dated: August 31, 2020

PRIME CLERK LLC

By: */s/ Shira D. Weiner*
Shira D. Weiner

*Administrative Advisor to the Debtors and Debtors in Possession*