1  Kate Dyer (Bar No. 171891)
   CLARENCE DYER & COHEN LLP
2  899 Ellis Street
   San Francisco, California 94109
3  Telephone: (415) 749-1800
   Facsimile:  (415) 749-1694
4  kdyer@clarencedyer.com

5

6  *Special Counsel to Debtors*
   *and Reorganized Debtors*

7

8              **UNITED STATES BANKRUPTCY COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
9               **SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| 11  **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 12  **PG&E CORPORATION,** | Chapter 11 |
| 13  **- and -** | (Lead Case) |
| 14  **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| 15  **Debtors.** | **SUMMARY SHEET TO FIRST INTERIM AND FINAL FEE APPLICATION OF CLARENCE DYER & COHEN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM FEBRUARY 1, 2020 THROUGH JULY 1, 2020** |
| 16 | |
| 17  ☐ Affects PG&E Corporation | |
| 18  ☐ Affects Pacific Gas and Electric Company | |
| 19  ☒ Affects both Debtors | Date:  TBD |
| 20  *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Time: TBD (Pacific Time) |
| 21 | Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| 22 | Judge: Hon. Dennis Montali |
| 23 | **Objection Deadline:   September 21, 2020** |
| 24 | **4:00 p.m. (Pacific Time)** |

25

26

27

28

## General Information

| | |
|---|---|
| Name of Applicant: | Clarence Dyer & Cohen LLP ("CDC") |
| Authorized to Provide Professional Services to: | Special Counsel for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Date of Retention: | August 24, 2020 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | None |

## Summary of Fees and Expenses Sought in this Application

| | |
|---|---|
| Time Period Covered by this Application | February 1, 2020 through and including July 1, 2020 (the "Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $914,032.12[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $19,553.77 |
| Total Compensation and Expenses Requested for the Compensation Period: | $933,585.89 |

## Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed | None. |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed | None. |

---

[1] This amount reflects the volume discount per the Master Services Agreement. As set forth in the Firm's Consolidated Monthly Fee Statement filed August 24, 2020 [Dkt. 8842], "Clarence Dyer & Cohen will calculate and apply the volume discounts triggered by its collection in 2020 of $500,000 and $1 million, respectively, once the allowed amount of fees is known. Clarence Dyer & Cohen will then credit the applicable discount from the portion of its fees held back prior to allowance." For purposes of this application, the Firm has assumed that all fees requested are allowed, and has calculated the discount based on that full amount.

| **Summary of Fees and Expenses Sought in this Application** | |
|---|---|
| Total Compensation and Expenses Sought in this Final Application Already Paid But Not Yet Allowed: | None. |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $131,699.02[2] |
| Total Compensation and Expenses Requested for the Compensation Period: | $933,585.89 |

| **Summary of Rates and Other Related Information in this Application** | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $514 |
| Blended Rate in this Application for All Timekeepers: | $494 |
| Number of Timekeepers Included in this Application: | 8 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | 3 |
| Increase in Rates: | None |

This is a(n):  X  Interim  X  Final Application

---

[2] Assumes payment of 80% of the Firm's February 1 – July 1 fees and 100% of the Firm's expenses prior to the hearing hereon.  The objection deadline for the Firm's February 1 – July 1 Consolidated Fee Statement [Dkt. 8842] is September 14, 2020 at 4:00 p.m. Pacific Time. Assuming no objections are received, once the objection deadline lapses, the Firm will file its Certificate of No Objection and submit the Certificate of No Objection to the Debtors for payment of 80% of the fees sought ($762,779.33) and 100% of the expenses ($19,553.77).

| Summary of Prior Monthly Fee Statements | | | | | | |
|---|---|---|---|---|---|---|
| **Date Filed** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Paid Fees** | **Paid Expenses** | **Holdback Fees Requested** |
| August 24, 2020[3]<br><br>[Dkt. No. 8842] | 2/01/20 – 7/1/20 | $762,779.33 | $19,553.77 | None | None | $131,699.02[4] |

**Summary of Any Objections to Monthly Fee Statements:**　　　　　**None**[5]

---

[3] The objection deadline for the Firm's February 1 – July 1 consolidated fee statement [Dkt. 8842] is September 14, 2020 at 4:00 p.m. Pacific Time.  *See* fn 2.

[4] This amount reflects the volume discount per the Master Services Agreement applied to the holdback amount, as contemplated in the Firm's Consolidated Monthly Fee Statement filed August 24, 2020 [Dkt. 8842].  *See* fn 1.

[5] No objections have been received to date. *See* fn 2.

**COMPENSATION BY PROFESSIONAL**
**FOR THE COMPENSATION PERIOD:**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

The attorneys and paraprofessionals who rendered professional services in connection with these Chapter 11 Cases during the Fee Period are:

| Name of Professional | Department | Year Admitted | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Kate Dyer | N/A | 1994 | $575 | 794.3 | $456,722.5[6] |
| Nanci Clarence | N/A | 1985 | $575 | 1.3 | $747.50 |
| Josh Cohen | N/A | 2001 | $575 | 0.5 | $287.50 |
| **Associates** | | | | | |
| Shaneeda Jaffer | N/A | 2007 | $495 | 506.9 | $250,915.50 |
| Adam Shearer | N/A | 2011 | $440 | 509.44 | $224,150.66 |
| Jonathan Baum | N/A | 2015 | $440 | 12.8 | $5,632.00 |
| **Paralegals and Non-Legal Staff** | | | | | |
| Abbie Chin | N/A | N/A | $150 | 22.95 | $3,442.50 |
| Anne Hunt | N/A | N/A | $150 | 82.4 | $12,360.00 |
| **Total Hours and Fees Incurred** | | | | **1,930.59** | **$954,258.16** |
| **Less Volume Discount Per Master Services Agreement** | | | | | **($40,226.04)** |
| **Total Compensation Requested** | | | | | **$914,032.12** |

---

[6] This figure reflects a $784 adjustment from the Firm's Consolidated Monthly Fee Statement [Dkt. 8842] due to a correction in Ms. Dyer's hourly rate from $495 to $575 in the San Joaquin County Matter.

| Professionals | Blended Rate (rounded to nearest dollar) | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $575 | 796.1 | $457,757.5 |
| Associates | $467 | 1,029.14 | $480,698.16 |
| Paraprofessionals | $150 | 105.35 | $15,802.50 |
| **Blended Attorney Rate** | **$514** | | |
| **Total Hours and Fees Incurred** | | **1,930.59** | **$954,258.16** |
| **Less Volume Discount Per Master Services Agreement** | | | **($40,226.04)** |
| **Total Compensation Requested** | | | **$914,032.12** |

**COMPENSATION BY WORK TASK CODE**
**FOR THE COMPENSATION PERIOD:**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

Prior to the filing of these Bankruptcy Cases, CDC used the following Task Codes and Descriptions in conjunction with pre-petition time entries and invoices pursuant to Debtors' billing procedures and requirements. CDC has continued to use these Task Codes and Descriptions in conjunction with post-petition time entries and invoices in these Special Counsel matters.

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| L110 | Fact Investigation/Development | 404.45 | $183,891.50 |
| L120 | Analysis/Strategy | 564.44 | $307,972.31 |
| L130 | Experts/Consultants | 125.49 | $66,212.16 |
| L160 | Settlement/Non-Binding ADR | 56.1 | $30,493.00 |
| L200 | Pre-Trial Pleadings and Motions | 86.62 | $36,442.68 |
| L310 | Written Discovery | 61.16 | $27,327.34 |
| L330 | Depositions | 377.76 | $175,814.34 |
| L350 | Discovery Motions | 50.42 | $23,878.18 |
| L400 | Trial Preparation and Trial | 198.7 | $101,409.15 |
| L610 | Preservation | 0 | $0 |
| L620 | Collection | 0 | $0 |
| L630 | Processing | 5.45 | $817.50 |
| L654 | Second Pass Document Review | 0 | $0 |
| L670 | Production | 0 | $0 |
| **Totals** | | **1,930.59** | **$954,258.16** |
| **Less Volume Discount Per Master Services Agreement** | | | **($40,226.04)** |
| **Total Compensation Requested** | | | **$914,032.12** |

**COMPENSATION BY ALTERNATIVE MATTER CODE**
**FOR THE COMPENSATION PERIOD:**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

To facilitate the Court's, the United States Trustee's, the Fee Examiner's, and parties' review of the fees for which CDC seeks approval and payment in the context of this Application, CDC provides the following *alternative* Matter Code Table that segregates the Special Counsel matters CDC has handled for the Debtors during the Compensation Period by the CDC Matter Number and Name for such matters. The following table reflects the same hours and same amounts as the preceding Task Code Table, but is organized in a different format that may be more consistent with the applicable Guidelines:

| Matter Code | Matter Name | Hours | Fees |
|---|---|---:|---:|
| 170222 | Ghost Ship Fire Litigation | 1,338.61 | $658,313.46 |
| 170424 | Federal Probation/Monitorship | 402.58 | $205,649.82 |
| 1807414 | Camp Fire | 16.20 | $9,315.00 |
| 180535 | North Bay Fires | 3.40 | $1,017.00 |
| 200130 | Todd Hearn | 6.20 | $3,565.00 |
| 200507 | Michael Dion | 0.40 | $230.00 |
| 200510 | Steve Frediani | 2.00 | $1,150.00 |
| 200511 | Richard Troche | 0.30 | $172.50 |
| 200512 | Robert Rigley | 0.30 | $172.50 |
| 191211 | New Leaf Family Farms | 136.32 | $62,369.68 |
| 200430 | Solano County Matter | 2.20 | $1,265.00 |
| 200617 | San Joaquin County Matter | 22.08 | $11,038.20 |
| **Totals:** | | **1,930.59** | **$954,258.16** |
| **Less Volume Discount Per Master Services Agreement** | | | **($40,226.04)** |
| **Total Compensation Requested** | | | **$914,032.12** |

**EXPENSE SUMMARY**
**FOR THE COMPENSATION PERIOD:**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**

| Expense | Totals |
|---|---|
| Arbitrators and Mediators | $7,157.04 |
| Conference Call Hosting | $131.37 |
| Court Fees (Appearance/Filing) | $109.55 |
| Delivery Services/Messengers | $41.00 |
| Transcripts (Deposition) | $6,760.00 |
| Transcripts (Trial/Hearing) | $1,290.50 |
| Travel Expenses (Local) | $398.00 |
| Travel Expenses (Out-of-Town) | $3,665.91 |
| **Total Expenses Requested:** | **$19,553.77** |

1   Kate Dyer (Bar No. 171891)
    CLARENCE DYER & COHEN LLP
2   899 Ellis Street
    San Francisco, California 94109
3   Telephone: (415) 749-1800
    Facsimile: (415) 749-1694
4   kdyer@clarencedyer.com

5
    *Special Counsel to Debtors*
6   *and Reorganized Debtors*

7

8                 **UNITED STATES BANKRUPTCY COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
9                 **SAN FRANCISCO DIVISION**

10

11  **In re:**                          Bankruptcy Case No. 19-30088 (DM)

12  **PG&E CORPORATION,**                Chapter 11

13          **- and -**                 (Lead Case)

14  **PACIFIC GAS AND ELECTRIC**        (Jointly Administered)
    **COMPANY,**
15                                       **FIRST INTERIM AND FINAL FEE**
            **Debtors.**                 **APPLICATION OF CLARENCE DYER &**
16                                       **COHEN LLP FOR ALLOWANCE AND**
                                         **PAYMENT OF COMPENSATION AND**
17  ☐ Affects PG&E Corporation          **REIMBURSEMENT OF EXPENSES FROM**
    ☐ Affects Pacific Gas and Electric  **FEBRUARY 1, 2020 THROUGH JULY 1, 2020**
18  Company
    ☒ Affects both Debtors              Date:  TBD
19                                       Time: TBD (Pacific Time)
    *All papers shall be filed in the Lead*  Place: United States Bankruptcy Court
20  *Case, No. 19-30088 (DM).*                    Courtroom 17, 16th Floor
                                                  San Francisco, CA 94102
21                                       Judge: Hon. Dennis Montali

22                                       **Objection Deadline:  September 21, 2020**
23                                                             **4:00 p.m. (Pacific Time)**

24

25

26

27

28

Clarence Dyer & Cohen LLP ("CDC" or the "**Applicant**"), special counsel to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company ( "**PG&E**") (collectively, the "**Debtors**"), hereby submits its First Interim and Final Fee Application (the "**Application**") for the allowance and payment of compensation for professional services performed by CDC for the period commencing February 1, 2020 through July 1, 2020 (the "**Compensation Period**") and for the reimbursement of its actual and necessary expenses incurred during the Compensation Period.

This Application has been prepared in accordance with *the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Docket No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**"), the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**"), and the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5572] entered January 30, 2020 (the "**Second Amended Fee Procedures Order**").

This First Interim and Final Fee Application is based upon the following points and authorities, the attached Certification of Kate Dyer, the pleadings, papers, and records on file in

this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

**JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**CASE BACKGROUND AND STATUS**

A. **The Debtors' Bankruptcy Proceedings**

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). While the Chapter 11 petitions for relief were pending, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court [Docket No. 4473-1]. On December 18, 2019, the Court entered the Amended Fee Procedures Order [Docket No. 5168], and on January 30, 2020, the Court entered the Second Amended Fee Procedures Order [Docket No. 5572].

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

On June 20, 2020, the Bankruptcy Court entered an order (the "**Confirmation Order**") [Docket No. 8053], confirming *the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020 and the Debtors were reorganized, as provided in the Plan and the Confirmation Order. The Debtors became and now are the Reorganized Debtors.

### B. The Debtors' Retention of CDC

On August 24, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Clarence Dyer & Cohen LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Docket No. 8838] (the "**Retention Order**").

The Retention Order authorizes the Debtors to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and the Interim Compensation Order. Subject to CDC's application to the Court, the Debtors also are authorized by the Retention Order to compensate CDC at the Firm's standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order authorizes CDC to provide the following services to the Debtors, as forth in CDC's Retention Application [Docket No. 8679]:

- To advise and represent PG&E and PG&E Corporation in connection with the action, *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases) (Alameda County Superior Court);

- To advise and represent PG&E in connection with its ongoing Federal Probation and Monitorship in the Northern District of California;

- To advise and represent PG&E in connection with certain potential and actual criminal investigations relating to a series of fires that occurred in Northern California in the fall of 2017 and the November 2018 Camp Fire;

- To advise PG&E in connection with issues and litigation arising out of pre-petition wrongful termination and retaliation claims made by five former PG&E employees;

- To advise and represent PG&E in connection with the action *New Leaf Family Farms, Inc. v. Pac. Gas & Elec. Co.*, Case No. 19-CV-004685. (Monterey County Superior Court);

- To advise PG&E in connection with an April 2019 electric incident in Solano County;

- To advise PG&E in connection with a May 2020 low-pressure gas leak in San Joaquin County; and

- To perform any other necessary legal services in connection with these matters and also assist, as requested by Debtors, with other matters related to these services as they may affect the Chapter 11 cases.

### PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

By this Application, CDC respectfully requests allowance of compensation for professional services performed during the Compensation Period in the amount of $914,032.12 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $19,553.77 for a total allowance of $933,585.89, and payment of $131,699.02 (20% of the allowed fees) for the Compensation Period.[7]

During the Compensation Period, CDC attorneys and paraprofessionals recorded a total of 1,930.59 hours in connection with the necessary services performed. Of the time recorded, 796.1

---

[7] This amount assumes payment of 80% of the Firm's February 1 – July 1 fees and 100% of the Firm's expenses prior to the hearing hereon. The objection deadline for the Firm's February 1 – July 1 Consolidated Fee Statement [Dkt. 8842] is September 14, 2020 at 4:00 p.m. Pacific Time. Assuming no objections are received, once the objection deadline lapses, the Firm will file its Certificate of No Objection and submit the Certificate of No Objection to the Debtors for payment of 80% of the fees sought ($762,779.33) and 100% of the expenses ($19,553.77)

This amount also reflects the volume discount per the Master Services Agreement. As set forth in the Firm's Consolidated Monthly Fee Statement filed August 24, 2020 (Dkt. 8842), "Clarence Dyer & Cohen will calculate and apply the volume discounts triggered by its collection in 2020 of $500,000 and $1 million, respectively, once the allowed amount of fees is known. Clarence Dyer & Cohen will then credit the applicable discount from the portion of its fees held back prior to allowance." For purposes of this application, the Firm has assumed that all fees requested are allowed, and calculated the discount based on that full amount.

hours were recorded by CDC partners; 1,029.14 hours were recorded by associates; and 105.35 hours were recorded by paraprofessionals and other non-legal staff. During the Compensation Period, CDC billed the Debtors for time spent by attorneys based on hourly rates ranging from $440.00 to $575.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of $514.

There is no agreement or understanding between CDC and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. CDC received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

CDC has billed the Debtors in these Chapter 11 cases in accordance with terms and conditions and billing procedures set forth in the Master Services Agreement between PG&E and CDC, dated January 8, 2018, as modified by an Addendum, dated November 18, 2019 (collectively, the "Engagement Agreement"). The hourly rates CDC negotiated with Debtors in connection with the Engagement Letter and CDC has charged Debtors for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are significantly lower than CDC's standard hourly rates, which are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. CDC also provides Debtors with certain volume discounts.

The summary sheets contain a schedule of CDC professionals and paraprofessionals who performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by CDC, the department in which each individual practices, the hourly billing rate CDC charged for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed. Biographical information for paraprofessionals can be made available upon request by the Court and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

The summary sheets also contain a summary of CDC hours billed during the Compensation Period using billing task codes and also a summary of CDC hours billed during the Compensation Period by CDC's internal matter name and number. CDC maintains computerized records of the time spent by all CDC attorneys and paraprofessionals in connection with its representation of the Debtors. Copies of these computerized records have been filed on the docket with CDC's Consolidated Monthly Fee Statement and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheets also contain a schedule specifying the categories of expenses for which CDC is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with CDC's consolidated monthly fee statement, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed as **Exhibit A** is a certification regarding CDC's compliance with the Fee Guidelines.

Debtors provide annual budgets to CDC for some (but not all) of the matters CDC handles for them. These budgets are subject to periodic review and adjustments by the Debtors during the course of each year. To the extent the Debtors have provided current budgets to CDC for the matters CDC is handling for them, they have been adjusted to cover all fees and expenses incurred during the Compensation Period.

**SUMMARY OF SERVICES PERFORMED BY CLARENCE DYER & COHEN DURING THE COMPENSATION PERIOD**

In accordance with the Interim Compensation Procedures Order, the Northern District Guidelines, and the Local Rules, CDC classified the services it performed for the Debtors during the Compensation Period into the seven (7) matters set forth below, which represent CDC's internal matter names and numbers under which CDC has invoiced the Debtors during the Compensation Period. Detailed time entries for the following matters have been filed with the Court and served in accordance with the Interim Compensation Procedures Order as part of

CDC's Consolidated Monthly Fee Statement [Docket No. 8842] following entry of the Retention Order. CDC incorporates those time entries into this Application and refers any interested party to them.

**1.      Ghost Ship Fire Litigation:  CDC Matter No. 170222**

CDC represents PG&E and PG&E Corporation in 53 pending suits involving 78 plaintiffs arising out of the tragic fire at a warehouse in Oakland in December 2016.  The suits are pending in the Superior Court for the County of Alameda and are proceeding under the caption, *In re Ghost Ship Fire Litigation*, Lead Case No. RG16843631 (and related cases) (Alameda County Superior Court) (the "Ghost Ship Case").

The Ghost Ship Case was stayed as to PG&E and PG&E Corporation upon the filing of these Chapter 11 cases on January 29, 2019.  On November 26, 2019, the Plaintiffs' Executive Committee appointed by the Alameda Superior Court in the Ghost Ship Case filed a motion before this Court for relief from the automatic stay.  [*See* Docket No. 4875.]  On January 6, 2020, the Court entered the *Order Re: Motion for Relief from Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with the Ghost Ship Fire Cases* [Docket No. 5280].

Following the lifting of the stay, the Alameda County Superior Court set a trial date of October 19, 2020.  During the Compensation Period, CDC rendered the following professional services:

- Participated in numerous meetings and conferences with Debtors and co-counsel to develop overall case strategy and provide advice and counsel regarding the litigation;

- Conducted fact investigation and legal research and prepared associated materials;

- Conducted interviews with employee and subject matter experts;

- Identified, organized, reviewed, and analyzed documents and data in preparation for depositions and case development;

- Retained and worked with experts, identified, prepared, and reviewed materials relating to expert work, and coordinated with experts;

- Identified, collected, and reviewed documents in response to document requests and drafted responses to document requests;

- Drafted and reviewed written discovery and responses to written discovery;

- Prepared for numerous fact depositions, prepared PG&E employees for depositions, and conducted and defended depositions;

- Drafted and reviewed motions, briefs, and supporting documents;

- Prepared for and attended court conferences and hearings;

- Engaged in trial preparation projects; and

- Participated in settlement efforts.

Total Hours: 1338.61    Total Fees: $658,313.46

**2.     Federal Probation and Monitorship:  CDC  Matter No. 170424**

On April 1, 2014, Pacific Gas and Electric Company was indicted in the Northern District of California on multiple counts alleging violation of federal pipeline safety regulations. After conviction on six of twelve counts in 2016, PG&E was sentenced to a five-year term of probation and a federal monitorship in January 2017. PG&E's probation and monitorship will continue through January 2022 and are being actively managed by United States District Court Judge William H. Alsup. CDC has represented PG&E in this matter since April 2015.

During the Compensation Period, CDC participated in numerous meetings and conferences with Debtors and co-counsel to develop overall strategy and provide advice and counsel; drafted sections of responses to multiple court orders and coordinated with co-counsel; prepared for and participated in probation and status hearings; attended interviews conducted by the federal monitor and reviewed related documents; prepared and reviewed detailed responses to requests for information; conducted legal research related to various probation and monitorship issues; and counseled Debtors in relation to ongoing issues that impact the terms of probation, including ongoing investigations into various wildfires.

Total Hours: 402.58    Total Fees: 205,649.82

**3.     Camp/North Bay Wildfires:  CDC Matter Nos. 1807414 and 180535**

Since October 2017, CDC has represented and advised PG&E in connection with certain potential and actual criminal investigations relating to a series of fires that occurred in Northern

California in the fall of 2017 and the November 2018 Camp Fire. With PG&E's guilty plea and sentencing in Butte County in June 2020, these matters have concluded.

During the Compensation Period, CDC participated in numerous meetings and conferences with Debtors and co-counsel to develop overall strategy and provide advice and counsel; represented PG&E in connection with potential or actual criminal investigations and prosecutions; communicated and negotiated with governmental agencies; and coordinated with counsel representing Debtors in civil and regulatory actions regarding the potential impact of those proceedings on the criminal investigations and vice-versa.

| | | | |
|---|---|---|---|
| Total Hours Camp: | 16.2 | Total Fees Camp: | $9,315 |
| Total Hours N. Bay: | 3.4 | Total Fees N. Bay: | $1,017 |
| Total Hours | 19.6 | Total Fees | $10,332 |

**4. Claims of Five Former Employees: CDC Matter Nos. 200130, 200507, 200510, 200511, 200512**

Since December 2019, CDC has advised Debtors connection with issues and litigation arising out of pre-petition wrongful termination and retaliation claims made by five former PG&E employees. During the Compensation Period, CDC participated in numerous meetings and conferences with Debtors and co-counsel to develop overall strategy and provide advice and counsel; reviewed pleadings; and conducted fact investigation and legal research.

Total Hours: 9.2          Total Fees: $5,290

**5. New Leaf Family Farms: CDC Matter No. 191211**

CDC represents Debtors in a post-petition action brought on November 20, 2019 for negligence and breach of contract arising out an alleged reduction in gas service volume. *New Leaf Family Farms, Inc. v. Pac. Gas & Elec. Co.*, Monterey County Superior Court Case No. 19-CV-004685. During the Compensation Period, CDC conducted fact investigation and legal research and prepared associated materials; conducted interviews with employee and subject matter experts; identified, collected, and reviewed documents in response to document requests and drafted responses to document requests; drafted responses to written discovery; prepared for and attended court conferences and hearings; and participated in settlement efforts.

Total Hours:   136.32          Total Fees:    $62,369.68

**6.      Solano County Matter:  CDC Matter No.  200430**

CDC is advising Debtors in connection with an April 2019 electric incident in Solano County.  During the Compensation Period, CDC conducted factual analysis and provided advice and counsel.

Total Hours:   2.2          Total Fees:      $1,265

**7.      San Joaquin County Matter.  CDC Matter No. 200617**

CDC is advising Debtors in connection with a May 2020 low-pressure gas leak in San Joaquin County.  During the  Compensation Period, CDC conducted factual analysis, review collected and reviewed documents and provided advice and counsel.

Total Hours:   22.08         Total Fees:      $11,038.20

**ACTUAL AND NECESSARY DISBURSEMENTS**

CDC has disbursed $19,553.77 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the professional services CDC provided as Special Counsel to Debtors in various litigation matters.  Expenses incurred include deposition and hearing transcript fees, travel in connection with depositions, court filing fees, and fees associated with mediations.  Receipts for all significant expenses have been provided to the Debtors and the Fee Examiner.

**LEGAL BASIS FOR ALLOWING THE REQUESTED COMPENSATION**

Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement.  *Id.* § 330(a)(3).

The professional services for which CDC requests allowance of compensation and reimbursement of expenses were rendered and incurred in connection with CDC's role and fulfillment of its responsibilities as Special Counsel to Debtors in these Chapter 11 Cases.  CDC's

services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest and were consistently performed in a timely and efficient manner commensurate with the complexity, importance, and nature of the issues involved.

Applying the factors enumerated in section 330 of the Bankruptcy Code, CDC respectfully submits that the amount CDC has requested for compensation and reimbursement of expenses is fair and reasonable given the size and complexity of the litigations in which CDC has served as Special Counsel to Debtors, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

CDC has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that this Application complies with all of them except as specifically noted.

## AVAILABLE FUNDS

CDC understands that the Debtors' estate has sufficient funds available to pay the fees and expenses costs sought.

## NOTICE

Notice of CDC's First Interim and Final Fee Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. CDC submits that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

CDC respectfully requests that the Court (i) award an allowance to CDC for professional services rendered during the Compensation Period consisting of $914,032.12, which represents 100% of fees incurred during the Compensation Period less volume discounts per the Master Services Agreement, and reimbursement of $19,553.77, which represents 100% of actual and necessary expenses incurred during the Compensation Period; (ii) direct payment by the Debtors the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

1

2  Dated:  August 30, 2020                    Respectfully submitted,

3                                             CLARENCE DYER & COHEN LLP

4                                             By: _/s/_____

5                                                   Kate Dyer

6                                             *Special Counsel to Debtors and*
                                              *Reorganized Debtors*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE PARTIES**

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn:    John Simon, Esq.

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn:    Tobias S. Keller, Esq.,
         Jane Kim, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:    Stephen Karotkin, Esq.
         Jessica Liou, Esq.
         Matthew Goren, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn:    James L. Snyder, Esq.,
         Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn:    Dennis F. Dunne, Esq.,
         Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn:    Paul S. Aronzon, Esq.,
         Gregory A. Bray, Esq.,
         Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn:    Eric Sagerman, Esq.,
         Cecily Dumas, Esq.

Bruce A. Markell
Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402
*Attorney for Fee Examiner*