Joshua D. Morse (SBN 211050)
Lee Brand (SBN 287110)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: joshua.morse@pillsburylaw.com
lee.brand@pillsburylaw.com

*Special Counsel to Debtors
and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11 (Lead Case) (Jointly Administered)<br><br>**SUMMARY SHEET TO FIRST INTERIM AND FINAL FEE APPLICATION OF PILLSBURY WINTHROP SHAW PITTMAN LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FROM DECEMBER 1, 2019 THROUGH JULY 1, 2020**<br><br>Date: TBD<br>Time: TBD (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 20, 2020, 4:00 p.m. (Pacific Time** |

| General Information | |
|---|---|
| Name of Applicant: | Pillsbury Winthrop Shaw Pittman LLP |
| Authorized to Provide Professional Services to: | Special Counsel for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Date of Retention: | August 24, 2020 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | None |
| **Summary of Fees and Expenses Sought in This Application** | |
| Period for which compensation and reimbursement are sought: | December 1, 2019 through July 1, 2020 (the "Compensation Period") |
| Amount of compensation sought as actual, reasonable, and necessary: | $402,124.80 |
| Amount of expenses sought as actual, reasonable, and necessary: | $0.00 |
| Total compensation and expenses requested for the Compensation Period: | $402,124.80 |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements, but Not Yet Allowed** | |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in December, February, April, May and June/July Monthly Fee Statements): | $321,699.84[1] |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in December, February, April, May and June/July Monthly Fee Statements): | $0.00 |

---

[1] This amount assumes payment received for 80% of fees in December 2019, February 2020, April 2020, May 2020 and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

| | |
|---|---|
| **Summary of Fees and Expenses Sought in this Application** | |
| Total Compensation and Expenses Sought in this Final Application Already Paid But Not Yet Allowed: | $321,699.84[2] |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $80,424.96[3] |
| Total Compensation and Expenses Requested for the Compensation Period: | $402,124.80 |
| **Summary of Rates and Other Related Information in this Application** | |
| Blended Rate in this Application for All Attorneys: | $737.00 |
| Blended Rate in this Application for All Timekeepers: | $737.00 |
| Number of Timekeepers Included in this Application: | 17 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | 10 |
| Increase in Rates: | Michael McDonough - $745.00 (2019) / $820.00 (2020) |

This is a(n):  X Interim X Final Application

---

[2] This amount assumes payment received for 80% of fees in December 2019, February 2020, April 2020, May 2020 and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

[3] This amount assumes payment received for 80% of fees in December 2019, February 2020, April 2020, May 2020 and June 1-July 1, 2020 monthly fee statements on or prior to the hearing on this First Interim and Final Fee Application.

| Summary of Prior Monthly Fee Statements | | | | | |
|---|---|---|---|---|---|
| **Date File** | **Period Covered** | **Requested Fees** | **Requested Expenses** | **Paid Fees** | **Holdback Fees Requested** |
| Aug 29, 2020 [Dkt. No. 8904] | 12/01/19-12/31/19 | $21,605.00 | $0.00 | $0.00 | $4,321.00 |
| Aug 29, 2020 [Dkt. No. 8905] | 02/01/20-02/29/20 | $8,539.20 | $0.00 | $0.00 | $1,707.84 |
| Aug 29, 2020 [Dkt. No. 8906] | 04/01/20-04/30/20 | $186,732.00 | $0.00 | $0.00 | $37,346.40 |
| Aug 29, 2020 [Dkt. No. 8907] | 05/01/20-05/31/20 | $109,003.60 | $0.00 | $0.00 | $21,800.72 |
| Aug 29, 2020 [Dkt. No. 8908] | 06/01/20-07/01/20 | $76,245.00 | $0.00 | $0.00 | $15,249.00 |

| | |
|---|---|
| **Summary of Any Objection to Monthly Fee Statements:** | <u>None</u> |

## COMPENSATION BY PROFESSIONAL
## FOR THE COMPENSATION PERIOD

The attorneys who rendered professional services in connection with these Chapter 11 Cases during the Fee Period are:

| Name of Professional Person | Department | Year Admitted | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Noa L. Clark | Real Estate | 2007 | $752.00 | 5.8 | $4,361.60 |
| John M. Grenfell | Litigation | 1979 | $1,008.00 | 0.4 | $403.20 |
| Rachel B. Horsch | Real Estate | 1999 | $828.00 | 70.4 | $58,291.20 |
| David R. Lewis | Energy | 1985 | $948.00 | 19.0 | $18,012.00 |
| Michael S. McDonough | Environmental | 1997 | $820.00 | 55.9 | $43,663.00 |
| Alicia M. McKnight | Finance | 2010 | $730.00 | 144.3 | $105,339.00 |
| Jay E. Silberg | Energy | 1968 | $948.00 | 0.2 | $189.60 |
| Jacob R. Sorensen | Litigation | 2000 | $820.00 | 4.9 | $4,018.00 |
| **Counsel/Of Counsel/Senior Counsel** | | | | | |
| Anne Leidich | Energy | 2012 | $692.00 | 6.2 | $4,290.40 |
| Josh D. Morton | Real Estate | 2004 | $664.00 | 5.5 | $3,652.00 |
| Patricia F. Young | Corporate & Securities | 1991 | $832.00 | 8.9 | $7,402.40 |
| **Associates** | | | | | |
| Robert G. Howard | Real Estate | 2014 | $632.00 | 23.3 | $5,498.40 |
| Alexandra Murphy | Finance | 2016 | $580.00 | 90.7 | $6,670.00 |
| Matt Olhausen | Real Estate | 2018 | $476.00 | 0.4 | $190.40 |
| Irina Tsveklova | Finance | 2017 | $680.00 | 111.9 | $76,092.00 |
| Alexander P. Walker | Real Estate | 2018 | $536.00 | 8.9 | $4,770.40 |
| Sydney Ward | Litigation | 2016 | $580.00 | 7.1 | $4,118.00 |
| **Total Hours and Fees Incurred/Requested** | | | | 563.8 | $402,124.80 |

| Professionals | Blended Rate (rounded to nearest $) | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners | $857.00 | 300.9 | $234,277.60 |
| Counsel / Of Counsel / Senior Counsel | $729.00 | 20.6 | $15,344.80 |
| Associates | $581.00 | 242.3 | $152,502.40 |
| Blended Attorney Rate | $737.00 | | |
| **Total Fees Incurred/Requested** | | | $402,124.80 |

## COMPENSATION BY WORK TASK CODE
## FOR THE COMPENSATION PERIOD

Prior to the filing of these Bankruptcy Cases, Pillsbury used the following Task Codes and Descriptions in conjunction with pre-petition time entries and invoices pursuant to Debtors' billing procedures and requirements. Pillsbury has continued to use these Task Codes and Descriptions in conjunction with post-petition time entries and invoices in these Special Counsel matters.

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| BTI01 | Business Transformation Initiative | 8.9 | $7,402.40 |
| C300 | Analysis and Advice | 4.2 | $3,290.40 |
| L100 | Case Assessment, Development and Administration | 0.2 | $149.00 |
| L110 | Fact Investigation/Development | 12.5 | $11,850.00 |
| L120 | Analysis/Strategy | 26.5 | $20,318.80 |
| P240 | Real and Personal Property | 76.5 | $57,343.60 |
| P300 | Structure/Strategy/Analysis | 50.3 | $39,086.00 |
| P500 | Negotiation/Revision/Responses | 345.3 | $232,869.00 |
| P600 | Completion/Closing | 39.4 | $29,815.60 |
| **Total Hours and Fees Requested** | | 563.8 | $402,124.80 |

1  Joshua D. Morse (SBN 211050)
   Lee Brand (SBN 287110)
2  PILLSBURY WINTHROP SHAW PITTMAN LLP
   Four Embarcadero Center, 22nd Floor
3  San Francisco, CA 94111
   Telephone: (415) 983-1000
4  Facsimile: (415) 983-1200
   Email: joshua.morse@pillsburylaw.com
5         lee.brand@pillsburylaw.com

6  *Special Counsel to Debtors
   and Reorganized Debtors*

7

8                    **UNITED STATES BANKRUPTCY COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9                         **SAN FRANCISCO DIVISION**

10 | In re: | Bankruptcy Case No. 19-30088 (DM) |
   | | Chapter 11 (Lead Case) (Jointly Administered) |
11 | PG&E CORPORATION, | |
   | | **FIRST INTERIM AND FINAL FEE** |
12 | - and - | **APPLICATION OF PILLSBURY WINTHROP** |
   | | **SHAW PITTMAN LLP FOR ALLOWANCE AND** |
13 | PACIFIC GAS AND ELECTRIC | **PAYMENT OF COMPENSATION AND** |
   | COMPANY, | **REIMBURSEMENT OF EXPENSES FROM** |
14 | | **DECEMBER 1, 2019 THROUGH JULY 1, 2020** |
15 | | Date: TBD |
   | | Time: TBD (Pacific Time) |
16 | | Place: United States Bankruptcy Court |
   | | Courtroom 17, 16th Floor |
17 | | San Francisco, CA 94102 |
   | | Judge: Hon. Dennis Montali |
18

19                                  **Objection Deadline: September 20, 2020,**
                                    **4:00 p.m. (Pacific Time**
20

21

22

23

24

25

26

27

28

Pillsbury Winthrop Shaw Pittman LLP ("**Pillsbury**" or the "**Applicant**"), special counsel to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits its First Interim and Final Fee Application (the "**Application**") for allowance and payment of compensation for professional services performed by Pillsbury for the period commencing December 1, 2019 through July 1, 2020 (the "**Compensation Period**").

This Application has been prepared in accordance with *the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 27, 2019* [Docket No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**"), the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**"), and the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5572] entered January 30, 2020 (the "**Second Amended Fee Procedures Order**").

This First Interim and Final Fee Application is based upon the following points and authorities, the attached Certification of Joshua D. Morse, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CASE BACKGROUND AND STATUS

### A. The Debtors' Bankruptcy Proceedings

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). While the Chapter 11 petitions for relief were pending, the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court [Docket No. 4473-1]. On December 18, 2019, the Court entered the Amended Fee Procedures Order [Docket No. 5168], and on January 30, 2020, the Court entered the Second Amended Fee Procedures Order [Docket No. 5572].

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

On June 20, 2020, the Bankruptcy Court entered an order (the "**Confirmation Order**") [Docket No. 8053], confirming *the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020 and the Debtors were reorganized, as provided in the Plan and the Confirmation Order. The Debtors became and now are the Reorganized Debtors.

### B. The Debtors' Retention of Pillsbury

On April 9, 2020, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Pillsbury Winthrop Shaw Pittman LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Docket No. 8837] (the "**Retention Order**").

The Retention Order authorizes the Debtors to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and the Interim Compensation Order. Subject to Pillsbury's application to the Court, the Debtors also are authorized by the Retention Order to compensate Pillsbury at the Firm's standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order authorizes Pillsbury to provide legal services to the Debtors related to the Specific Matters (as forth in Pillsbury's Retention Application [Docket No. 8676]).

## PROFESSIONAL COMPENSATION AND
## REIMBURSEMENT OF EXPENSES REQUESTED

By this Application, Pillsbury respectfully requests allowance of compensation for professional services performed during the Compensation Period in the amount of $402,124.80 and payment of $80,424.96 (20% of the allowed fees) for the Compensation Period.[4]

During the Compensation Period, Pillsbury attorneys recorded a total of 563.8 hours in connection with the necessary services performed. Of the time recorded, 300.9 hours were recorded by

---

[4] This amount assumes payment of 80% of fees in Pillsbury's December 2019, February 2020, April 2020, May 2020 and June 1-July 1, 2020 monthly fee statements in the ordinary course.

Pillsbury partners; 20.6 hours were recorded by Counsel / Of Counsel / Senior Counsel; and 242.3 hours were recorded by associates. During the Compensation Period, Pillsbury billed the Debtors for time spent by attorneys based on hourly rates ranging from $536.00 to $1,008.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of $737.00.

There is no agreement or understanding between Pillsbury and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth with respect to payments Pillsbury to be received pursuant to the Interim Compensation Order, Pillsbury received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Pillsbury has billed the Debtors in these Chapter 11 cases in accordance with terms and conditions and billing procedures set forth in the Engagement Agreement(as defined in the Sorensen Declaration field in connection with Pillsbury retention in these cases [Docket No. 8677]). The hourly rates Pillsbury negotiated with Debtors in connection with the Engagement Letter and Pillsbury has charged Debtors for the services rendered by its professionals in these Chapter 11 cases are significantly lower than Pillsbury's standard hourly rates, which are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

The summary sheets contain a schedule of Pillsbury professionals who performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Pillsbury, the department in which each individual practices, the hourly billing rate Pillsbury charged for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed. Biographical information for paraprofessionals can be made available upon request by the Court and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

The summary sheets also contain a summary of Pillsbury hours billed during the Compensation Period using billing task codes and also a summary of Pillsbury hours billed during the Compensation

Period. Pillsbury maintains computerized records of the time spent by all Pillsbury attorneys in connection with its representation of the Debtors. Copies of these computerized records have been filed on the docket with Pillsbury's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

Attached as **Exhibit A** is a certification regarding Pillsbury's compliance with the Fee Guidelines.

The Debtors provide annual budgets to Pillsbury for some (but not all) of the matters Pillsbury handles for them. These budgets are subject to periodic review and adjustments by the Debtors during the course of each year. To the extent the Debtors have provided current budgets to Pillsbury for the matters Pillsbury is handling for them, they are being adjusted to cover all fees and expenses incurred during the Compensation Period.

**SUMMARY OF SERVICES PERFORMED BY PILLSBURY**

**DURING THE COMPENSATION PERIOD**

In accordance with the Interim Compensation Procedures Order, the Northern District Guidelines, and the Local Rules, Pillsbury classified the services it performed for the Debtors during the Compensation Period into the Specific Matters identified in Pillsbury's Retention Application, which represent Pillsbury's internal matter names under which Pillsbury has invoiced the Debtors during the Compensation Period. Detailed time entries for the following matters have been filed with the Court and served in accordance with the Interim Compensation Procedures Order as part of Pillsbury's Monthly Fee Statements [Docket Nos. 8904, 8905, 8906, 8907, 8908] following entry of the Retention Order. Pillsbury incorporates those time entries into this Application and refers any interested party to them.

**LEGAL BASIS FOR ALLOWING THE REQUESTED COMPENSATION**

Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary

services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement. *Id.* § 330(a)(3).

The professional services for which Pillsbury requests allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Pillsbury's role and fulfillment of its responsibilities as Special Counsel to Debtors in these Chapter 11 Cases. Pillsbury's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest and were consistently performed in a timely and efficient manner commensurate with the complexity, importance, and nature of the issues involved.

Applying the factors enumerated in section 330 of the Bankruptcy Code, Pillsbury respectfully submits that the amount Pillsbury has requested for compensation is fair and reasonable given the size and complexity of the Special Matters in which Pillsbury has served as Special Counsel to Debtors, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

Pillsbury has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that this Application complies with all of them except as specifically noted.

## AVAILABLE FUNDS

Pillsbury understands that the Debtors' estate has sufficient funds available to pay the fees and expenses costs sought.

## NOTICE

Notice of Pillsbury's First Interim and Final Fee Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Pillsbury submits that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

Pillsbury respectfully requests that the Court (i) award an allowance to Pillsbury for professional services rendered during the Compensation Period consisting of $402,124.80, which represents 100% of fees incurred during the Compensation Period; (ii) direct payment by the Debtors the difference between

7

4828-6044-6665

| | |
|---|---|
| 1 | the amounts allowed and any amounts previously paid (or to be paid) by the Debtors pursuant to the |
| 2 | Interim Compensation Order; and (iii) grant such other and further relief as is just. |
| 3 | Dated: August 30, 2020            Respectfully submitted, |
| 4 | **PILLSBURY WINTHROP SHAW PITTMAN** LLP |
| 6 | By:    */s/ Joshua D. Morse* |
| 7 | Joshua D. Morse |
| 8-9 | *Special Counsel to Debtors and Reorganized Debtors* |

## NOTICE PARTIES

| | |
|---|---|
| PG&E Corporation<br>c/o Pacific Gas & Electric Company<br>Attn: Janet Loduca, Esq.<br>77 Beal Street<br>San Francisco, CA 94105 | Bruce A. Markell<br>Fee Examiner<br>541 N. Fairbanks Ct., Ste 2200<br>Chicago, IL 60611-3710 |
| Keller & Benvenutti LLP<br>Attn: Tobias S. Keller, Esq.<br>      Jane Kim, Esq.<br>650 California Street, Suite 1900<br>San Francisco, CA 94108 | Scott H. McNutt<br>324 Warren Road<br>San Mateo, California 94402 |

Weil, Gotshal & Manges LLP
Attn: Stephen Karotkin, Esq.
      Jessica Liou, Esq.
      Matthew Goren, Esq.
767 Fifth Avenue
New York, NY 10153

The Office of the United States Trustee for Region 17
Attn: Andrew Vara, Esq.
      Timothy Laffredi, Esq.
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102

Milbank LLP
Attn: Dennis F. Dunne, Esq.
      Sam A. Khalil, Esq.
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
Attn: Paul S. Aronzon, Esq.
      Gregory A. Bray, Esq.
      Thomas R. Kreller, Esq.
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

Baker & Hostetler LLP
Attn: Eric Sagerman, Esq.,
      Cecily Dumas, Esq.
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

4828-6044-6665