COVINGTON & BURLING LLP
David B. Goodwin (#104469)
(DGoodwin@cov.com)
Jeffrey M. Davidson (#248620)
(JDavidson@cov.com)
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Tel: 415-591-6000
Fax: 415-955-6574

*Special Counsel for the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**FIRST AND FINAL FEE APPLICATION OF COVINGTON & BURLING LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JANUARY 1, 2020 THROUGH JULY 1, 2020**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco |

| General Information | |
|---|---|
| Name of Applicant: | Covington & Burling LLP ("**Covington**") |
| Authorized to Provide Professional Services to: | Special counsel to the Debtors and Debtors-in-Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 9, 2020, *nunc pro tunc* to January 1, 2020 |
| Prior Applications: | N/A |
| **Summary of Fees and Expenses Sought for the Final Fee Period** | |
| Time Period Covered By This Application: | January 1, 2020 through July 1, 2020 ("**Final Fee Period**") |
| Amount of Compensation Sought to Be Allowed as Actual, Reasonable, and Necessary for the Final Fee Period: | $714,007.00[1] |
| Amount of Expense Reimbursement Sought to Be Allowed as Actual, Reasonable, and Necessary for the Final Fee Period: | $9,903.14 |
| Total Compensation and Expense Reimbursement Sought to Be Allowed for the Final Fee Period: | $723,910.14 |
| Fees (80%) and Expenses (100%) Previously Paid for the Final Fee Period: | $581,108.74 (expected to be paid upon expiration of objection deadline for Covington's first consolidated monthly fee statement on September 16, 2020 at 4:00 p.m. (P.S.T.)) |
| Holdback Amount (20% of Fees): | $142,801.40 (expected to be held back upon expiration of objection deadline for Covington's first consolidated monthly fee statement on September 16, 2020 at 4:00 p.m. (P.S.T.)) |
| **Summary of Rates and Other Related Information for the Final Fee Period** | |
| Blended Rate in This Application for All Attorneys: | $1,001.62 |
| Blended Rate in This Application for All Timekeepers: | $986.06 |

---

[1] Covington was initially retained as an ordinary course professional ("**Ordinary Course Professional**") pursuant to the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [ECF No. 707] ("**OCP Order**"), and received compensation totaling $3,734.50 for fees and expenses incurred during November and December 2019 ("**OCP Fees and Expenses**") pursuant to the OCP Order. The order retaining Covington as special counsel *nunc pro tunc* to January 1, 2020 [ECF No. 6720] ("**Retention Order**") provided that "[f]ees paid, and expenses reimbursed prior to entry of [the Retention Order] under the OCP Order shall not be subject to [the Retention Order]." *See* Retention Order, ¶ 6. Accordingly, Covington has not included the OCP Fees and Expenses in this Final Fee Application.

2

| | |
|---|---|
| Difference Between Fees Budgeted and Compensation Sought for This Period: | $104,007.00 (14.57%) |
| Are Any Rates Higher Than Those Approved or Disclosed At Retention: | No |
| Amount of Voluntary Reductions to Fees and Expenses During the Final Fee Period: | $59,127.00 in Reductions to Fees; $844.10 in Reductions to Expenses |
| Number of Attorneys Billing Fewer than 15 Hours to the Debtors' Chapter 11 Cases During the Final Fee Period: | 0 |
| Increases in Rates: | None |
| This is a(n): | _____ Interim __x__ Final Application |

# SUMMARY OF PRIOR FEE APPLICATIONS

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed / Docket No. | Period Covered | Total Amount Requested | | Total Amount Paid to Date | | Holdback Fees Requested |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses | Fees (@ 20%) |
| 8/26/2020 (ECF No. 1034) | 1/1/2020 - 7/1/2020 | $714,007.00 | $9,903.14 | $0.00 | $0.00 | $142,801.40 |
| **Total** | **1/1/2020 - 7/1/2020** | **$714,007.00** | **$9,903.14** | **$0.00** | **$0.00** | **$142,801.40** |

Summary of Any Objections to Monthly Fee Statements:  None, but the objection period to Covington's first monthly fee statement has not yet expired.

Compensation and Expenses Sought in this Final Application Not Yet Paid:  $723,910.14

4

# COMPENSATION BY PROFESSIONAL
## JANUARY 1, 2020 THROUGH JULY 1, 2020

The attorneys and paraprofessionals who rendered legal services in these Chapter 11 Cases from January 1, 2020 through July 1, 2020 are:

| NAME OF PROFESSIONAL: | POSITION & DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| David B. Goodwin | Partner, Litigation | 1982 | $1,210.00 | 281.3 | $340,373.00 |
| Jeffrey M. Davidson | Partner, Litigation | 2007 | $935.00 | 167.6 | $156,706.00 |
| Heather W. Habes | Associate, Litigation | 2011 | $825.00 | 193.9 | $159,967.50 |
| Hakeem S. Rizk | Associate, Litigation | 2014[2] | $780.00 | 59.6 | $46,488.00 |
| Ellen D. Chiulos | Paralegal, Litigation | N/A | $525.00 | 10.2 | $5,355.00 |
| Janet B. Glick | Paralegal, Litigation | N/A | $445.00 | 11.5 | $5,117.50 |
| **Total Professionals:** | | | | **724.1** | **$714,007.00** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,107.33 | 448.9 | $497,079.00 |
| Associates | $814.42 | 142.2 | $206,455.50 |
| **Blended Attorney Rate** | **$1,001.62** | **702.4** | **$703,534.50** |
| Paraprofessionals and other non-legal staff | $482.60 | 21.7 | $10,472.50 |
| **Total Fees Incurred** | **$986.06** | 724.1 | **$714,007.00** |

---

[2]     Mr. Rizk was admitted to the New York Bar in 2014 and to the California Bar in 2019.

**COMPENSATION BY PROJECT MATTER FOR
SERVICES RENDERED BY COVINGTON & BURLING LLP
JANUARY 1, 2020 THROUGH JULY 1, 2020**

| PROJECT MATTER | HOURS | AMOUNT |
|---|---|---|
| D&O Insurance Advice | 669.7 | $665,488.00 |
| D&O Insurance Renewal Advice | 15.2 | $18,007.00 |
| Bankruptcy Retention Applications | 39.2 | $30,512.00 |
| **TOTAL** | **724.1** | **$714,007.00[3]** |

[3]    Covington voluntarily reduced its fees by $59,127.00 in the exercise of its billing discretion.

6

## EXPENSE SUMMARY
## JANUARY 1, 2020 THROUGH JULY 1, 2020

| EXPENSES | AMOUNTS |
|---|---|
| Travel - Air/Rail[45] | $5,351.70 |
| Travel - Cabs/Public Transportation | $428.06 |
| Travel - Lodging | $1,788.11 |
| Travel Meals | $44.77 |
| Telephone Calls - WiFi | $114.96 |
| Outside Printing | $1,175.54 |
| Mediation Services | $1,000.00 |
| **TOTAL EXPENSES REQUESTED** | **$9,903.14[6]** |

[4]    Covington notes that it has reduced the airfare of David Goodwin on the February invoice for D&O Insurance Advice from $2,056.19 to $1,524.04.  Mr. Goodwin booked a business class fare.  Jeffrey M. Davidson, who traveled on the same flights, booked a coach fare for $1,524.04.  Accordingly, Covington reduced Mr. Goodwin's fare to the applicable coach fare.

[5]    Covington notes that the April invoice for D&O Insurance Advice contains an expense for airfare from Orlando to Newark and then to San Francisco in the amount of $2,273.12.  A portion of the airfare, from Newark to San Francisco, was a business class fare, which cost $1,734.12.  Covington conferred with the travel agency responsible for booking the itinerary to verify what the applicable price for a refundable coach fare would have been for travel on the same date, which the travel agency confirmed was $1,933.00.  Given that the business class fare was lower than the comparable coach fare in this instance, Covington is requesting the amount of the business class fare.

[6]    In total, Covington voluntarily reduced its expenses by $844.10 in the exercise of its billing discretion.

7

Covington & Burling LLP ("**Covington**"), special counsel to PG&E Corporation and Pacific Gas and Electric Company, as debtors and debtors in possession (collectively, "**Debtors**") in the above-captioned chapter 11 cases ("**Chapter 11 Cases**"), submits this *First and Final Fee Application of Covington and Burling LLP as Special Counsel to the Debtors and Debtors in Possession for Compensation for Services Rendered and Reimbursement of Expenses Incurred from the Period From January 1, 2020 Through July 1, 2020* ("**Final Fee Application**") for allowance of compensation for professional services rendered in the amount of $714,007.00, and reimbursement of actual and necessary expenses in the amount of $9,903.14, which Covington incurred for the period from January 1, 2020 through July 1, 2020 ("**Final Fee Period**"). In further support of the Final Fee Application, Covington respectfully submits as follows.

### Jurisdiction and Basis for Relief

The Court has jurisdiction over the Final Fee Application under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the *Local Bankruptcy Rules for the Northern District of California* ("**Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

The basis for the relief sought in this Final Fee Application are sections 330 and 331 of the United States Code, 11 11 U.S.C. §§ 101 et seq. ("**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the *Order Pursuant to 11 U.S.C. §§ 130 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 701] ("**Interim Compensation Order**"), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("**Northern District Fee Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("**UST Guidelines**"), the revised F*ee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [ECF No. 4473-1] filed on October

24, 2019 ("**Revised Protocol**," and, together with the Northern District Fee Guidelines and the U.S. Trustee Guidelines, "**Fee Guidelines**"), the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [ECF No. 5572] entered on January 30, 2020 ("**Amended Fee Procedures Order**") and the Local Rules.

**Background**

**I.  The Debtors' Bankruptcy Filings and Case Background**

On January 29, 2019 ("**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Throughout the Chapter 11 Cases, the Debtors operated their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee ("**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors ("**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants ("**Tort Claimants Committee**" and, together with the Creditors Committee, "**Committees**").  On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases ("**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [ECF No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court.  On January 30, 2020, the Court entered the Amended Fee Procedures Order.

On June 20, 2020, the Court entered an order [ECF No. 8053] ("**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [ECF No. 8048] ("**Plan**").  On July 1, 2020, the Debtors filed the *Notice of Entry of Confirmation Order and Occurrence of Effective Date of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [ECF No. 8252] ("**Notice of Effective Date**") stating that the Effective Date (as defined in the Plan) of the Plan occurred on July 1, 2020.   The Notice

9

of Effective Date further stated that in accordance with Section 2.2 of the Plan, final fee applications from professionals would be due no later than sixty days after July 1, 2020, which is August 31, 2020.

Additional information regarding the circumstances surrounding the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief [ECF No. 263] ("**Wells Declaration**").

## II. Retention of Covington

Covington was first retained pursuant to the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [ECF No. 707] ("**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business, subject to the terms of the OCP Order. Covington received compensation totaling $3,734.50 for fees and expenses incurred during November and December 2019 ("**OCP Fees and Expenses**"), which was paid pursuant to the OCP Order.[7] In January 2020, when Covington's fees and expenses exceeded the caps provided for in the OCP Order, the Debtors filed an application ("**Retention Application**") [ECF No. 6462] to retain Covington as special counsel to the Debtors pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to January 1, 2020, as contemplated by paragraph 2(ix) of the OCP Order. The Retention Application provided that Covington would assist with insurance issues arising out of the Company's director and officer ("**D&O**") liability insurance program, in connection with (i) two securities actions, (ii) six derivative actions related to either the 2017 North Bay Fires or the 2018 Camp Fire, (iii) various books and records demands to the Company related to the above, (iv) settlement of the securities actions and derivative actions (together, (i) through (iv), "**D&O Insurance Advice**"); and (v) the Company's current and proposed renewal D&O liability insurance programs ("**D&O Insurance Renewal Advice**," and, together with the D&O Coverage Matters, "**Specific Matters**").

---

[7] Covington's Retention Order (defined below) provides that "[f]ees paid, and expenses reimbursed prior to entry of [the Retention Order] under the OCP Order shall not be subject to [the Retention Order]." *See* Retention Order, ¶ 6. Accordingly, Covington has not included the OCP Fees and Expenses in this Final Fee Application.

10

On April 9, 2020, the Court entered an order [ECF No. 6720] ("**Retention Order**") approving the Retention Application, which stated that the Debtors were "authorized to continue to employ Covington in connection with the Specific Matters."

### Prior Fee Applications

On August 26, 2020, Covington filed its *First Consolidated Monthly Fee Statement of Covington & Burling LLP as Special Counsel to the Debtors and Debtors in Possession for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from January 1, 2020 through July 1, 2020* [ECF No. 8863] ("**First Monthly Fee Statement**"). The First Monthly Fee Statement requested approval and allowance of eighty percent (80%) of $714,007.00 in fees and one hundred percent (100%) of $9,903.14 in reimbursable expenses for services rendered during the period from January 1, 2020 through July 1, 2020. The objection period for the First Monthly Fee Statement has not expired and Covington has not received any comments to date on the First Monthly Fee Statement. Covington has not filed any previous interim fee applications.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

Covington seeks final allowance of compensation for professional services rendered during the Final Fee Period in the amount of $714,007.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $9,903.14. Additionally, Covington voluntarily reduced its fees by $59,127.00 in the exercise of its billing discretion. During the Final Fee Period, Covington professionals and paraprofessionals expended a total of 724.1 hours in connection with the necessary services performed. Of the aggregate time expended, 448.9 hours were expended by partners; 253.5 hours were expended by associates; and 21.7 recorded hours were expended by paraprofessionals.

During the Final Fee Period, Covington billed the Debtors for time expended by attorneys based on hourly rates ranging from $780.00 to $1,210.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $1,001.62.

The fees charged by Covington in the Debtors' Chapter 11 Cases have been billed in accordance with Covington's existing billing rates and procedures in effect during the Final Fee Period. The rates

11

Covington charged for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are the same rates Covington charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Covington maintains computerized records of the time spent by all Covington professionals and paraprofessionals in connection with its representation of the Debtors. Copies of these computerized records have been filed on the docket with Covington's First Monthly Fee Statement and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner in the format specified by the Fee Guidelines. Covington has also submitted itemized records of all expenses incurred during the Fee Period as part of Covington's First Monthly Fee Statement to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner.

The summary sheets included at the beginning of this Final Fee Application contain a schedule of Covington professionals and paraprofessionals who have performed services for the Debtors during the Final Fee Period, the aggregate hours spent by each professional or paraprofessional, the applicable hourly billing rate, and the amount of fees attributable to each professional and paraprofessional, as well as the hours and time spent by position (*e.g.*, partner, associate, or paralegal). Biographical information for paraprofessionals can be made available upon request by the Court, and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

The summary sheets also contain a summary of Covington's hours billed during the Final Fee Period by project matters, which are discussed and explained in further detail below. The summary sheets also contain a schedule specifying the categories of expenses for which Covington is seeking reimbursement and the total amount for each such expense category.

In further support of the Final Fee Application, Covington & Burling LLP attaches the following:

     i.    **Exhibit A** is a certification regarding Covington's compliance with the Fee Guidelines.

     ii.    **Exhibit B** contains a comparison of the fees requested for services rendered during the Final Fee Period against the fees budgeted for the Final Fee Period.

Case: 19-30088   Doc# 8920   Filed: 08/31/20   Entered: 08/31/20 09:17:46   Page 12 of 18

iii. **Exhibit C** contains a comparison of the blended hourly rates for amounts requested in the Final Fee Application against the blended hourly rates for amounts billed by all U.S. based Covington lawyers (excluding all data from timekeepers practicing primarily in Covington's bankruptcy group) during the preceding year based on a rolling 12-month year ending June 30, 2020.

### Summary of Services Rendered During the Final Fee Period

**I.  Narrative Summary of Services Rendered by Project Category and Task Code**

Covington performed services in three project categories: (i) D&O Insurance Advice, (ii) D&O Insurance Renewal Advice, and (iii) retention applications for Covington to be retained by the Debtors ("**Bankruptcy Retention Applications**").  The following is a summary of the principal activities of Covington's professionals and paraprofessionals during the Final Fee Period for each of the foregoing project categories, consistent with the requirements of section C(8)(c) of the U.S. Trustee Guidelines and section I.3 of the Local Guidelines.

### A.  D&O Insurance Advice, Fees: $665,488.00, Total Hours: 669.7

Covington was engaged by the Debtors to handle D&O insurance coverage issues arising from two securities actions and six derivative actions relating to the 2017 North Bay Fires, the 2018 Camp Fire, and the Debtors' Public Safety Power Shutoff activities in the fall of 2019 to mitigate the risk of wildfires. Covington attorneys began by analyzing the D&O coverage provided under the Debtors' numerous D&O insurance programs.  Covington also analyzed the complaints underlying the pending securities and derivative actions filed against the Debtors, as well as the factual background underlying the complaints. Covington managed communications with over 13 D&O insurers in the 2017-2018 program and the 17 D&O insurers in the 2018-2020 program on behalf of the Debtors, which included analyzing coverage and reservation of rights letters and drafting detailed responses to coverage denials by certain of the Debtors' D&O insurers.

Covington attorneys also advised the debtors in connection with a mediation with the Debtors' D&O insurers, developed the Debtors' general strategy for addressing coverage issues with the D&O insurers, and advised the Debtors' regarding acceptable structures for settlement with the D&O insurers. Covington attorneys attended two in-person meetings with the Debtors' various D&O insurers in February

to plan for mediation of the securities and derivatives actions. Covington attorneys represented the Debtors at virtual mediation sessions in late March and April, and engaged in settlement discussions and correspondence with the D&O insurers.

When the mediations were unsuccessful, Covington represented the Debtors with respect to commencement of an arbitration proceeding against the D&O insurers, including advising on the relevant procedural steps for commencing arbitration under the Debtors' D&O insurance policies. Covington prepared and served an arbitration complaint on the D&O insurers and commenced an arbitration proceeding against certain of the D&O insurers in June of 2020. Covington also advised the Debtors on the selection of an arbitrator and interviewed potential arbitrator candidates on behalf of the Debtors.

Covington also advised the Debtors in connection with the drafting of provisions in the Debtors' Plan addressing the treatment of existing D&O insurance policies and represented the Debtors in negotiations with the Debtors' D&O insurers regarding the Plan provisions. Covington advised the Debtors in responding to *The Official Committee of Tort Claimants' Motion for Standing to Prosecute Claims of the Debtors' Estates* [ECF No. 5972] with respect to the Tort Claimants Committee's request for standing to prosecute certain D&O insurance claims.

**B. D&O Insurance Renewal Advice, Fees: $18,007.00, Total Hours: 15.2**

Covington advised the Debtors on the renewal of their D&O insurance program for the next policy year, which included an analysis of proposed policy provisions and communications with the Debtors' general counsel and insurance brokers regarding the selection of a new D&O policy program. Covington also liaised with members of the Debtors' boards of directors and candidates for Debtors' boards of directors regarding the D&O coverage renewal and insurance policies.

**C. Retention Applications, Fees: $30,512.00, Total Hours: 39.2**

Covington prepared the Retention Application, which included the preparation of two related declarations and the Retention Order.

The foregoing is merely a summary of the various professional services rendered by Covington during the Final Fee Period. The professional services performed by Covington were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and

14

their estates. Compensation for such professional services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

**Actual and Necessary Disbursements During the Final Fee Period**

Covington maintains records of all actual and necessary expenses incurred in connection with the rendition of professional services. Covington has disbursed $9,903.14 as expenses incurred in providing professional services during the Final Fee Period. Additionally, Covington voluntarily reduced its expenses by $844.10 in the exercise of its billing discretion. These expenses were reasonable and necessary and were essential to, among other things, attending meetings with the D&O insurers (including the preparation of materials for the same) and paying arbitration fees relating to the Debtors' complaint against the D&O insurers. Covington made efforts to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors and their estates.

**Legal Basis for Final Compensation**

Section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that a court may award to a professional person, including a debtor's attorney, "reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person," together with "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The Congressional intent and policy expressed in section 330 of the Bankruptcy Code is to provide for adequate compensation to attract qualified and competent practitioners to bankruptcy cases.

Section 330 sets forth the criteria for the award of such compensation and reimbursement. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

(a) the time spent on such services;

(b) the rates charged for such services;

(c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

15

*See* 11 U.S.C. § 330(a)(3).

The services for which Covington seeks compensation were necessary and beneficial to the Debtors' estates, were not unnecessarily duplicative, and were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the issues. *See* § 330(a)(3)–(4). Covington submits that its request for interim allowance of compensation is reasonable. The services rendered, as highlighted above, were necessary to assist the Debtors' estates in preserving rights and recovering proceeds under relevant insurance policies. Covington performed its services during the Final Fee Period diligently and efficiently.

### Notice

The Debtors will provide notice of this Fee Application in accordance with the Interim Compensation Order. Covington submits that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

### No Prior Request

No prior application (other than the First Monthly Fee Statement) for the relief requested herein has been made to this or any other court.

### Available Funds

Covington understands that the Debtors' estates have sufficient funds available to pay the fees and expenses sought in this Final Fee Application.

16

## Conclusion

WHEREFORE, Covington respectfully requests that the Bankruptcy Court enter an order: (a) awarding Covington compensation for professional and paraprofessional services provided during the Final Fee Period in the amount of $714,007.00, and reimbursement of actual, reasonable and necessary expenses in the amount of $9,903.14; (b) authorizing and directing the Debtors to remit payment to Covington for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

DATED: August 31, 2020
San Francisco, California

Respectfully submitted,

COVINGTON & BURLING LLP

By:     /s/ David B. Goodwin

David B. Goodwin
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Tel: 415-591-6000
Email: DGoodwin@cov.com

**NOTICE PARTIES**

PG&E Corporation
c/o Pacific Gas & Electric Company
Attn: John Simon, Esq.
77 Beale Street
San Francisco, CA 94105

Weil, Gotshal & Manges LLP
Attn: Stephen Karotkin, Esq.
Jessica Liou, Esq.
Matthew Goren, Esq.
767 Fifth Avenue
New York, NY 10153

Keller & Benvenutti LLP
Attn: Tobias S. Keller, Esq.
Jane Kim, Esq.
650 California Street, Suite 1900
San Francisco, CA 94108

The Office of the United States Trustee for Region 17
Attn: James L. Snyder, Esq.
Timothy Laffredi, Esq.
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102

Milbank LLP
Attn: Dennis F. Dunne, Esq.
Sam A. Khalil, Esq.
55 Hudson Yards
New York, NY 10001-2163

Milbank LLP
Attn: Paul S. Aronzon, Esq.,
Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067

Baker & Hostetler LLP
Attn: Eric Sagerman, Esq. and
Cecily Dumas, Esq.
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

Scott H. McNutt, counsel for Bruce A. Markell, Fee Examiner
324 Warren Road
San Mateo, California 94402

Case: 19-30088    Doc# 8920    Filed: 08/31/20    Entered: 08/31/20 09:17:46    Page 18
of 18