# Exhibit A

## Certification of David B. Goodwin

COVINGTON & BURLING LLP
David B. Goodwin (#104469)
(DGoodwin@cov.com)
Jeffrey M. Davidson (#248620)
(JDavidson@cov.com)
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Tel: 415-591-6000
Fax: 415-955-6574

*Special Counsel for the Debtors and Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br><br>     - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**CERTIFICATION OF DAVID B. GOODWIN IN RESPECT OF FIRST AND FINAL FEE APPLICATION OF COVINGTON & BURLING LLP AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JANUARY 1, 2020 THROUGH JULY 1, 2020** |

  I am a member of the firm of Covington & Burling LLP ("***Covington***" or "***Firm***"), which serves as special counsel for PG&E Corporation and Pacific Gas and Electric Company, which are debtors in the above-captioned chapter 11 cases (collectively, "***Debtors***").

  I am the professional designated by Covington with the responsibility for compliance with the *Order Pursuant to 11 U.S.C. §§ 130 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 701]

("**Interim Compensation Order**"), the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("**Northern District Fee Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* ("**UST Guidelines**"), the revised F*ee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [ECF No. 4473-1] filed on October 24, 2019 ("**Revised Protocol**," and, together with the Northern District Fee Guidelines and the U.S. Trustee Guidelines, "**Fee Guidelines**").

I make this certification regarding the *First and Final Fee Application of Covington & Burling LLP as Special Counsel to the Debtors and Debtors In Possession for Compensation for Services Rendered and Reimbursement of Expenses for the Period from January 1, 2020 Through July 1, 2020* ("**Final Fee Application**") to certify compliance with certain matters set forth in the Fee Guidelines.[1]

I have personally performed many of the legal services rendered by Covington as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the Firm.

I have reviewed the foregoing Final Fee Application, including the First Monthly Fee Statement, and I hereby certify that the Final Fee Application substantially complies with the Fee Guidelines and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, except as otherwise indicated in the Final Fee Application.  To the extent that the Final Fee Application does not comply in all respects with the requirements set forth in the Fee Guidelines,  I submit that any such nonconformities are immaterial and respectfully request that compliance with any such requirement be waived.

---

[1] Terms not otherwise defined herein shall have the meanings given to them in the Final Fee Application.

There is no agreement or understanding between Covington and any other person for a division of compensation as special counsel for the Debtors. No such division prohibited by the Bankruptcy Code has been or will be made by Covington. No agreement prohibited by Title 18, Section 155 has been made.

As required by the Northern District Fee Guidelines, the Firm has sent billing statements to the Debtors on a monthly basis during these chapter 11 cases. I certify that the Debtors, counsel for the Creditors Committee, counsel for the Tort Claimants Committee, and the U.S. Trustee have been provided a copy of Covington's First Monthly Fee Statement and are each being provided with a copy of the Final Fee Application in accordance with the Interim Compensation Order.

### Disclosures Pursuant to the U.S. Trustee Guidelines

The fees and disbursements sought are billed at Covington's customary rates in accordance with practices customarily employed by Covington and generally accepted by Covington's clients. Covington has not raised or altered its rates since being retained from those approved by the Court when Covington was retained pursuant to an order entered on April 9, 2020 (ECF No. 6720) ("***Retention Order***"). The billing rates in this Final Fee Application are higher than those disclosed and approved at retention.

Four (4) professionals are included in this Final Fee Application for the Final Fee Period. Of those four (4) professionals, none billed fewer than fifteen (15) hours during the Final Fee Period.

Covington discussed its rates, fees, and budget with the Debtors when it was in initially retained by the Debtors in January of this year. Further, Covington provided the Debtors with a budget ("***Budget***") for the period from January 1, 2020 through July 31, 2020, which is summarized on **Exhibit B** to the Final Fee Application. The difference between the fees budgeted and the compensation sought for the Final Fee Period is $104,007.00, which is approximately 14.57% higher than the budgeted amount. The variance between the fees budgeted and the actual, reasonable, and necessary compensation sought for the Final Fee Period is attributable to the shift in the nature of the D&O insurance work that was contemplated when

3

the Budget was initially created. When the Budget was created, the Debtors and Covington expected that the underlying securities and derivative actions, and the D&O insurance coverage issues related to them, would be resolved at certain mediation sessions that were scheduled for early March 2020. The mediations were moved at the D&O insurers' request to late March. Due to the Covid-19 crisis and related shelter-in-place orders, the in-person mediations were canceled, and replaced by a series of virtual mediation sessions in late March, and April. However, the virtual mediation sessions did not results in settlement due to the difficult nature of settling such complicated claims in a virtual mediation environment. Because no settlement was reached, Covington was instructed by the Debtors to commence arbitration. Together, these activities involved substantially more work than was initially anticipated.

In accordance with the U.S. Trustee Guidelines, Covington responds to the questions identified therein as follows:

<u>Question 1</u>: Did Covington agree to any variations from, or alternatives to, Covington's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

<u>Answer</u>: No.

<u>Question 2</u>: If the fees sought for the Final Fee Period as compared to the fees budgeted for the Final Fee Period are higher by 10% or more, did Covington discuss the reasons for the variation with the Debtors?

<u>Answer</u>: Yes. Covington discussed the reasons for variation with the Debtors and obtained their approval to proceed.

<u>Question 3</u>: Have any of the professionals included in the Final Fee Application varied their hourly rate based on the geographic location of the bankruptcy case?

<u>Answer</u>: No.

<u>Question 4</u>: Does the Final Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

<u>Answer</u>: No.

4

Case: 19-30088    Doc# 8920-1    Filed: 08/31/20    Entered: 08/31/20 09:17:46    Page 5 of 6

Question 5: Does the Final Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Does the Final Fee Application include any rate increases since Covington's retention in the Debtors' chapter 11 cases?

Answer: No.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Certification is executed this 31st day of August 2020, in Oakland, California.

/s/ David B. Goodwin
David B. Goodwin