**EXHIBIT B**

**Certification**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **CERTIFICATION OF MICHAEL F. FITZPATRICK IN SUPPORT OF FIRST AND FINAL FEE APPLICATION OF HUNTON ANDREWS KURTH LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020** |

I, Michael F. Fitzpatrick, hereby certify that:

1. I am a partner with the applicant firm, Hunton Andrews Kurth LLP ("**Hunton**"), and involved in Hunton's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I am familiar with the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**"), and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

2. This Certification is made in connection with Hunton's Application, dated August 31, 2020 (the "**Application**")[1], for final compensation and reimbursement of expenses for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Compensation Period**").

3. Pursuant to the Local Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information, and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought fall within the Local Guidelines; and

---

[1] Capitalized terms used by not herein defined shall have the meanings ascribed to such terms in the Application.

Case: 19-30088    Doc# 8925-2    Filed: 08/31/20    Entered: 08/31/20 13:24:25    Page 3 of 5

c. The fees and disbursements sought are billed at rates in accordance with those generally charged by Hunton and generally accepted by Hunton's clients.

4. I certify that the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5. **Exhibit C** to the Application compares the blended hourly rate billed by attorneys and paralegals in Hunton to non-bankruptcy matters during the preceding year on a rolling 12 months year ending December 31, 2019, with the blended hourly rate billed by attorneys and paralegals to the Debtors in connection with the Chapter 11 Cases during the Compensation Period. Hunton did not charge a premium for the services provided to the Debtors as compared to other services provided in non-bankruptcy matters.

6. Hunton response to the questions identified in the UST Guidelines as follows:

Question 1: Did Hunton agree to any variations from, or alternatives to, Hunton's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Hunton discuss the reasons for the variation with the client?

Answer: Yes. Hunton regularly communicated with the Debtors concerning the increased volume of work required by Hunton to perform the services requested by the Debtors, particularly in connection with the substantial capital markets transactions necessary for the Debtors to exit bankruptcy.

Question 3: Have any of the professionals included in the Application varied in their hourly rate based on geographic location of the Chapter 11 Cases?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees.

Answer: This Application includes time related to preparing a memorandum and corresponding with members of the Hunton team regarding

compliance with the Fee Guidelines. This time was essential because the vast majority of Hunton's timekeepers for this matter are not bankruptcy or restructuring professionals and had no prior experience with the Fee Guidelines. The total time expended for such matters during the Compensation Period is 11.3 hours and the corresponding compensation requested is $6,458.80.

<u>Question 5</u>: Does the Application include time for fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>: No. Timekeepers were instructed not to enter privileged or confidential information in their timekeeping entries.

<u>Question 6</u>: Does the Application include any rate increases since Hunton's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: No.

Dated: August 31, 2020
New York, New York

                                            <u>/s/ Michael F. Fitzpatrick, Jr.</u>
                                                Michael F. Fitzpatrick, Jr.