**LATHAM & WATKINS LLP**
Michael J. Reiss (#275021)
(michael.reiss@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO SECOND INTERIM AND FINAL FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JULY 1, 2020)**<br><br>Date:  TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 21, 2020**<br>          **4:00 p.m. (Pacific Time)**<br><br>No hearing requested |

## GENERAL INFORMATION

| | |
|---|---|
| Name of Applicant: | Latham & Watkins LLP |
| Authorized to Provide Professional Services to: | Special Counsel for the Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Order Date: | February 24, 2020, *nunc pro tunc* to January 29, 2019 |
| Interim Compensation Period for which compensation and reimbursement are sought: | February 1, 2020 - July 1, 2020 ("**Second Interim Fee Period**") |
| Final Compensation Period for which compensation and reimbursement are sought: | November 1, 2019 through July 1, 2020 ("**Final Fee Period**") |

## SUMMARY OF FEES AND EXPENSES SOUGHT IN SECOND INTERIM FEE PERIOD

Amount of Compensation Sought as Actual, Reasonable, and Necessary: **$2,676,794.00**

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: **$20,894.27**

Total Compensation and Expenses Requested for the Compensation Period: **$2,697,688.27**

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 6/8/2020 [Dkt. No. 7837] | 11/1/19 – 01/31/20 | $856,907.00 | $7,412.10 | $685,525.60 | $7,412.10 |
| - | - | **$856,907.00** | **$7,412.10** | | |

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 4/30/2020 [Dkt. No. 7017][1] | 11/1/19 – 02/29/20 | $1,589,000.00 | $18,878.16 | $1,270,801.60 | $18,878.16 | $317,800.00 |
| 6/30/2020 [Dkt. No. 8226] | 03/01/20 – 05/31/20 | $1,723,968.50 | $9,372.11 | CNO Pending [Dkt. No. 8774] | CNO Pending [Dkt. No. 8774] | $344,793.70 |

---

[1] The First Monthly Fee Application (as defined below) includes fees for the period of February 1, 2020 through February 29, 2020, which are covered in the Second Interim Fee Period.

US-DOCS\116897970

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| 8/28/2020 [Dkt. No. 8882] | 06/01/20- 07/01/20 | $220,732.50 | $56.10 | Application Pending | Application Pending | $44,146.50 |
| - | - | **$3,533,701.00** | **$28,306.37** | | | - |

Summary of Any Objections to Monthly Fee Statements: **None.**

Compensation and Expenses Sought in Second Interim Fee Period Not Yet Paid: **$2,100,547.81**

US-DOCS\116897970

## COMPENSATION BY PROFESSIONALS
## FEBRUARY 1, 2020 THROUGH JULY 1, 2020

The attorneys and paraprofessionals who rendered legal services in these Chapter 11 Cases during the Second Interim Fee Period are:

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Richard A. Levy | Partner | 1983 | $1,325.00 | 3.5 | $4,637.50 |
| James E. Brandt | Partner | 1983 | $1,290.00 | 333.2 | $429,828.00 |
| Robert A. Koenig | Partner | 1986 | $1,235.00 | 0.5 | $617.50 |
| Janice M. Schneider | Partner | 1992 | $1,100.00 | 9.4 | $10,340.00 |
| Robert W. Perrin | Partner | 1998 | $1,070.00 | 505.9 | $541,313.00 |
| Ted A. Dillman | Partner | 2008 | $1,005.00 | 3.3 | $3,316.50 |
| Gavin M. Masuda | Partner | 2008 | $975.00 | 12.4 | $12,090.00 |
| Drew T. Gardiner | Partner | 2004 | $950.00[2] | 22.9 | $21,329.00 |
| James I. Mann | Partner | 2006 | $950.00 | 18.9 | $17,955.00 |
| Michael J. Reiss | Partner | 2010 | $950.00 | 577.5 | $548,625.00 |
| Meryn C. Grant | Associate | 2013 | $895.00 | 133.3 | $119,303.50 |
| Tiffany M. Ikeda | Associate | 2011 | $895.00 | 106.2 | $95,049.00 |
| Shawn P. Hansen | Associate | 2015 | $810.00 | 42.7 | $34,587.00 |
| John D. Niemeyer | Associate | 2015 | $810.00 | 3 | $2,430.00 |
| Setareh Homayoni | Associate | 2016 | $760.00 | 47.6 | $36,176.00 |
| Ellina Chulpaeff | Associate | 2017 | $695.00 | 111.2 | $77,284.00 |
| Diego E. Flores | Associate | 2017 | $695.00 | 6.3 | $4,378.50 |
| Michael A. Hale | Associate | 2017 | $695.00 | 408 | $283,560.00 |
| Caitlin J. Campbell | Associate | 2018 | $590.00 | 400.5 | $236,295.00 |
| Alexandra H. Gianelli | Associate | 2018 | $590.00 | 90.7 | $53,513.00 |
| Robert Medina | Associate | 2019 | $500.00 | 278.1 | $139,050.00 |
| Gamelin-Arnold Telesfort | Litigation Services Attorney | -- | $360.00 | 0.6 | $216.00 |

[2] Drew Gardiner's hourly rate increased from $920 to $950 when he was promoted to Partner in March 2020. The hourly rate included here reflects his current hourly rate.

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Andrea Casalett | Litigation Services Supervising Attorney | -- | $360.00 | 0.3 | $108.00 |
| John M. Eastly | Senior Paralegal | -- | $355.00 | 13.5 | $4,792.50 |
| **Total Professionals:** | **24** | **--** | **--** | **3,129.5** | **$2,676,794.00** |

US-DOCS\116897970

| PROFESSIONALS | BLENDED RATE (rounded to nearest dollar) | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,069 | 1,487.5 | $1,590,051.50 |
| Associates | $665 | 1,627.6 | $1,081,626.00 |
| **Blended Attorney Rate** | **$858** | **3,115.1** | **$2,671,677.50** |
| Paraprofessionals and other non-legal staff | $355 | 14.4 | $5,116.50 |
| **Total Fees Incurred** | **$855** | **3,129.5** | **$2,676,794.00** |

**COMPENSATION BY WORK TASK CODE FOR**
**SERVICES RENDERED BY LATHAM & WATKINS LLP**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020[3]**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|-----------|-------------|-------|--------|
| 118 | Derivative Action: Wollman v. Andrews, et. al. | 4.5 | $4,297.50 |
| 145 | Advice on Tribal Matters | 13.3 | $12,209.00 |
| 165 | Insurance Counseling | 37.4 | $38,652.00 |
| 166 | North Bay Fires Securities Class Action[4] | 2,928.1 | $2,491,132.50 |
| 167 | OFPRS v. Chew, et al. | 9.9 | $7,966.00 |
| 172 | Bowlinger Derivative Action | 1.6 | $1,470.00 |
| 173 | Public Safety Power Shutoffs Class Action | 113.4 | $100,602.50 |
| 174 | BIOMAT | 21.3 | $20,464.50 |
| **TOTAL** | | **3129.5** | **$2,676,794.00** |

[3] The total amounts do not include expenses.

[4] This task code also includes time spent on preparation of the monthly fee statements and interim fee applications.

**EXPENSE SUMMARY**
**FEBRUARY 1, 2020 THROUGH JULY 1, 2020**[5]

| EXPENSES | AMOUNTS |
|----------|---------|
| Fixed Asset Sale | $950.00 |
| Telephone Conferencing / Video Conferencing | $238.60 |
| Meals | $4,442,38 |
| Travel / Transportation | $22,675.39 |
| **Total Expenses Requested:** | **$20,894.27** |

---

[5] Explanations of the enumerated expenses are provided along with the detailed time entries for each task code for (i) February 2020 in the *Monthly Fee Statement of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of November 1, 2019 through February 29, 2020* [Dkt. No. 7017] ("**First Monthly Fee Application**"), (ii) March 2020 through May 2020 in the *Monthly Fee Statement of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of March 1, 2020 through May 31, 2020* [Dkt. No. 8226] ("**Second Monthly Fee Application**") and (iii) June 1 2020, through July 1, 2020 in the *Monthly Fee Statement of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of June 1, 2020 through July 1, 2020* [Dkt. No. 8882] ("**Third Monthly Fee Application**").

## COMPENSATION BY PROFESSIONALS
## NOVEMBER 1, 2019 THROUGH JULY 1, 2020

The attorneys and paraprofessionals who rendered legal services in these Chapter 11 Cases during the Final Fee Period are:

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE (2019)[6] | HOURLY RATE (2020)[7] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Richard A. Levy | Partner | 1983 | $1,270.00 | $1,325.00 | 13.3 | $17,204.50 |
| James E. Brandt | Partner | 1983 | $1,235.00 | $1,290.00 | 386 | $495,910.50 |
| Robert A. Koenig | Partner | 1986 | -- | $1,235.00 | 0.5 | $617.50 |
| Janice M. Schneider | Partner | 1992 | -- | $1,100.00 | 9.4 | $10,340.00 |
| Robert W. Perrin | Partner | 1998 | $1,000.00 | $1,070.00 | 775 | $818,204.00 |
| Ted A. Dillman | Partner | 2008 | $960.00 | $1,005.00 | 21.7 | $21,205.50 |
| James Ktsanes | Partner | 2007 | $960.00 | -- | 2.5 | $2,400.00 |
| Gavin M. Masuda | Partner | 2008 | $910.00 | $975.00 | 13.4 | $13,052.00 |
| Drew T. Gardiner | Partner | 2004 | $885.00 | $920.00 | 38.6 | $35,542.00 |
| James I. Mann | Partner | 2006 | -- | $950.00 | 18.9 | $17,955.00 |
| Michael J. Reiss | Partner | 2010 | $870.00 | $950.00 | 814.8 | $764,260.00 |
| Meryn C. Grant | Associate | 2013 | $830.00 | $895.00 | 219.5 | $191,447.50 |
| Tiffany M. Ikeda | Associate | 2011 | $860.00 | $895.00 | 180.9 | $159,648.00 |
| Devin O' Connor | Associate | 2013 | $830.00 | -- | 0.6 | $498.00 |
| Shawn P. Hansen | Associate | 2015 | $670.00 | $810.00 | 66.5 | $51,667.00 |
| John D. Niemeyer | Associate | 2015 | -- | $810.00 | 3 | $2,430.00 |
| Setareh Homayoni | Associate | 2016 | $590.00 | $760.00 | 84.8 | $59,229.00 |
| Ellina Chulpaeff | Associate | 2017 | -- | $695.00 | 111.2 | $77,284.00 |
| Diego E. Flores | Associate | 2017 | -- | $695.00 | 6.3 | $4,378.50 |
| Michael A. Hale | Associate | 2017 | -- | $695.00 | 410.7 | $285,436.50 |
| Caitlin J. Campbell | Associate | 2018 | -- | $590.00 | 402.4 | $237,416.00 |
| Alexandra H. Gianelli | Associate | 2018 | -- | $590.00 | 90.7 | $53,513.00 |
| Macaulay Ivory | Associate | -- | $480.00 | -- | 28.5 | $13,680.00 |

---

[6] Rates are not included if a professional did not render services in that particular year.

[7] Fees attributable to the period after December 31, 2019 are charged at the Applicant's 2020 rates, subject to a customary rate adjustment that was negotiated and agreed to by the Debtors and the Applicant in a manner consistent with past practice.

| NAME OF PROFESSIONAL: | POSITION | YEAR ADMITTED | HOURLY RATE (2019)[6] | HOURLY RATE (2020)[7] | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Robert Medina | Associate | 2019 | $380.00 | $500.00 | 390.1 | $190,442.00 |
| Gamelin-Arnold Telesfort | Litigation Services Attorney | -- | -- | $360.00 | 0.6 | $216.00 |
| Andrea Casalett | Litigation Services Supervising Attorney | | $340.00 | $360.00 | 2.6 | $890.00 |
| John M. Eastly | Senior Paralegal | -- | $345.00 | $355.00 | 25.1 | $8,834.50 |
| **Total Professionals:** | **27** | | | | **4,117.6** | **$3,533,701.00** |

| PROFESSIONALS (Final Period) | BLENDED RATE (rounded to nearest dollar) (Final Period) | TOTAL HOURS BILLED (Final Period) | TOTAL COMPENSATION (Final Period) |
|---|---|---|---|
| Partners and Counsel | $1,049 | 2,094.1 | $2,196,691.00 |
| Associates | $665 | 1,995.2 | $1,327,069.50 |
| **Blended Attorney Rate** | **$862** | **4,089.3** | **$3,523,760.50** |
| Paraprofessionals and other non-legal staff | $351 | 28.3 | $9,940.50 |
| **Total Fees Incurred** | **$858** | **4,117.6** | **$3,533,701.00** |

US-DOCS\116897970

**COMPENSATION BY WORK TASK CODE FOR
SERVICES RENDERED BY LATHAM & WATKINS LLP
<u>NOVEMBER 1, 2019 THROUGH JULY 1, 2020</u>**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 118 | Derivative Action: Wollman v. Andrews, et. al. | 6 | $5,759.50 |
| 145 | Advice on Tribal Matters | 13.3 | $12,209.00 |
| 146 | CERCLA Clean Up – Topock | 0.6 | $498.00 |
| 161 | North Bay Fires – Derivative Litigation | 43.9 | $42,091.00 |
| 165 | Insurance Counseling | 73.9 | $59,650.50 |
| 166 | North Bay Fires Securities Class Action[8] | 3,817.6 | $3,269,106.50 |
| 167 | OFPRS v. Chew, et al. | 11.6 | $9,053.00 |
| 171 | Williams Derivative Litigation | 0.4 | $236.00 |
| 172 | Bowlinger Derivative Litigation | 12.5 | $11,195.50 |
| 173 | Public Safety Power Shutoffs Class Action | 116.5 | $103,437.50 |
| 174 | BIOMAT | 21.3 | $20,464.50 |
| **TOTAL** | | **4,117.6** | **$3,533,701.00** |

---

[8] This task code also includes time spent on the preparation of monthly fee applications, interim fee applications, the final fee application, and the Applicant's retention application. This includes a total of 160.2 hours devoted to such matters, totaling $118,590 in fees.

US-DOCS\116897970

**EXPENSE SUMMARY**
**NOVEMBER 1, 2019 THROUGH JULY 1, 2020**

| EXPENSES | AMOUNTS |
|---|---|
| Fixed Asset Sale | $950.00 |
| Telephone Conferencing / Video Conferencing | $238.60 |
| Meals | $4,442.38 |
| Travel / Transportation | $22,675.39 |
| **Total Expenses Requested:** | **$28,306.37** |

US-DOCS\116897970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LATHAM & WATKINS LLP**
Michael J. Reiss (#275021)
(Michael.reiss@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>       **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SECOND INTERIM AND FINAL FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JULY 1, 2020)**<br><br>Date:  TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 21, 2020**<br>                      **4:00 p.m. (Pacific Time)**<br><br>No hearing requested |

Latham & Watkins LLP ("**Latham**" or the "**Firm**"), special counsel for PG&E Corporation and Pacific Gas and Electric Company (the **"Debtors"**) in the above-captioned chapter 11 cases

(the "**Chapter 11 Cases**"), hereby submits its Second Interim and Final Fee Application (the "**Final Application**") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the interim period commencing February 1, 2020, through July 1, 2020 (the "**Second Interim Fee Period**") and the final period commencing November 1, 2019 through July 1, 2020 (the "**Final Fee Period**"), pursuant to the *Order Pursuant to 11 U.S.C §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on February 27, 2019 [Dkt. No. 701] (the "**Interim Compensation Procedures Order**"), sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "**Northern District Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "**UST Guidelines**"), the Fee Examiner Protocol [Dkt. No. 4473], and the Local Bankruptcy Rules for the Northern District of California.

The Final Application is based upon the points and authorities cited herein, the Declaration of Michael J. Reiss (the "**Reiss Declaration**") filed concurrently herewith, the exhibit attached thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Final Application.

## CASE BACKGROUND AND STATUS

### A.    The Debtors' Bankruptcy Proceedings

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on January 29, 2019 (the "**Petition Date**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 12, 2019, the Office of the United States Trustee for the Northern District of California (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the Debtors' cases (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**"). On May 29, 2019, upon the request of the U.S. Trustee, the

Court appointed Professor Bruce A. Markell as the fee examiner in these Chapter 11 Cases (the "**Fee Examiner**").

B. **The Debtors' Retention of Latham**

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt. No. 707] (the "**OCP Order**") authorizing the Debtors to retain and compensate legal services professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**") subject to the terms of the OCP Order. Latham has served as counsel to the Debtors prior to the Petition Date and has continued to serve in such capacity pursuant to the OCP Order. Pursuant to the OCP Order, the Debtors previously filed the *Declaration and Disclosure Statement of Robert W. Perrin on Behalf of Latham & Watkins LLP*, annexed as Exhibit A-29 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130].

While Latham was approved and had been serving as an Ordinary Course Professional in the Chapter 11 Cases, developments in these cases—particularly in the securities class actions—have compelled Latham to dedicate significantly more time to its representation of the Debtors. Accordingly, on February 5, 2020, the Debtors filed the *Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5645] and the *Declaration of Robert W. Perrin in Support of Application of Debtors Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5646] (the "**Perrin Retention Declaration**"). On February 24, 2020, the Court entered the *Order Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a) and 2016, and the Order Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business for Authority to Retain and Employ Latham & Watkins LLP as*

*Special Counsel for the Debtors Effective as of the Petition Date* [Dkt. No. 5886] (the "**Retention Order**"). A copy of the Retention Order is attached hereto as <u>Exhibit A</u>.

The Retention Order authorizes the Debtors to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Northern District Guidelines, and the Interim Compensation Order. Subject to the Firm's application to the Court, the Debtors also are authorized by the Retention Order to compensate Latham at the Firm's standard hourly rates for services performed and to reimburse the Firm for actual and necessary expenses incurred. The Retention Order authorized Latham to counsel, advise, and represent the Debtors regarding:

- two securities class actions, one of which was filed pre-petition and one that was filed post-petition, including related insurance counseling;
- with respect to six pre-petition derivative actions pending in federal and state court related to the 2017 and 2018 Northern California wildfires;
- regarding compliance issues stemming from the settlement of a derivative action in connection with the San Bruno accident; and
- in a variety of environmental matters.

**C.      Professional Compensation and Reimbursement of Expenses Requested**

By this Final Application, the Firm seeks (i) allowance of compensation in the amount of $2,676,794.00 and actual and necessary expenses in the amount of $20,894.27, for a total allowance of $2,697,688.27, and payment of $535,358.80 (20% of the allowed fees)[9] for the Second Interim Fee Period, and (ii) final allowance of compensation in the amount of $3,533,701.00 and actual and necessary expenses in the amount of $28,306.37 for the Final Fee Period.

All services for which Latham requests compensation were performed for or on behalf of the Debtors. Latham has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application.

---

[9] This figure assumes payment of the Firm's fees pursuant to the First Monthly Fee Application, the Second Monthly Fee Application, and the Third Monthly Fee Application.

US-DOCS\116897970

There is no agreement or understanding between Latham and any other person other than the partners of Latham for the sharing of compensation to be received for services rendered in these cases. In connection with these Chapter 11 Cases, as of this date, Latham has been paid $959,903.00 in fees and reimbursed $8,741.10 in expenses as an Ordinary Course Professional, and $1,271,200.00 in fees and reimbursed $18,878.16 in expenses as a retained professional.

The Firm has billed the Debtors in these Chapter 11 Cases in accordance with its existing billing rates and procedures in effect during the Second Interim Fee Period and the Final Fee Period. Subject to the disclosures contained in the Perrin Retention Declaration and the Reiss Declaration, these rates are the same rates Latham charges for services rendered by its attorneys and paraprofessionals in comparable matters, and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets. The Summary Sheet filed herewith contains tables listing the Latham attorneys and paraprofessionals who have performed services for the Debtors during the Second Interim Fee Period and the Final Fee Period, including their job titles, hourly rates, aggregate number of hours worked in this matter, and, for attorneys, the year in which each professional was licensed to practice law. The Summary Sheet also contains a table summarizing the hours worked by the Firm's attorneys and paraprofessionals. Latham maintains computerized time records, which have been filed on the docket with the Firm's monthly fee statements and furnished to the Debtors, counsel for the Creditors' Committee and the TCC, the U.S. Trustee, and the Fee Examiner in the format specified by the Interim Compensation Order.

**D.    Budget and Budget-to-Actual Performance**

For the months of February 2020, March 2020, April 2020, May 2020, and June 2020, Latham provided budget estimate ranges to the Debtors of $400,000 to $600,000, $400,000 to $1,000,000, $300,000 to $1,000,000, $200,000 to $800,000, and $200,000 to $700,000 respectively. The actual fees for March, April, May *and* June 2020 ultimately proved to be materially lower than the Firm's high-end estimates. In total, the Firm's actual fees of $2,676,794.00 for the Second Interim Fee Period fall below the midpoint of the provided total estimated range of $1,500,000 to $4,100,000, and over $1,400,000 below the high-end estimate.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## PROJECT BILLING AND NARRATIVE
## STATEMENT OF SERVICES RENDERED

During the Second Interim Fee Period, Latham professionals expended 3,129.5 total hours on behalf of the Debtors: 1,487.5 hours were expended by partners and counsel; 1,627.6 by associates; and 14.4 by paraprofessionals. Latham's attorneys billed at hourly rates ranging from $590 to $1,325. Based on the foregoing, the blended rate for the Second Interim Fee Period is $855. Moreover, during the Final Fee Period, Latham Professionals expended 4,117.6 total hours on behalf of the Debtors: 2,094.1 were expended by partners and counsel; 1,995.2 by associates; and 28.3 by paraprofessionals. Latham's attorneys billed at hourly rates ranging from $380 to $1,325. Based on the foregoing, the blended rate for the Final Fee Period is $858.

In accordance with the Interim Compensation Procedures Order, the Northern District Guidelines, and the Local Rules, the Firm has classified services performed into specific categories set forth below. Latham has attempted to place the services provided in the category that best relates to such services; because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.

### A. Wollman v. Andrews, et al.

Latham continues to represent the Debtors in connection with their obligation arising under the settlement of the San Bruno Fire Derivative Cases (Case No. JCCP 4648-C) to report the Debtors' progress implementing corporate governance and gas operations therapeutics on a quarterly basis to the San Mateo Superior Court and City of San Mateo. Such reporting obligations continue through January

16, 2023.

| | | | |
|---|---|---|---|
| Second Interim Fee Period: | Total Hours: 4.5 | | Total Fees: $4,297.50 |
| Final Fee Period: | Total Hours: 6 | | Total Fees: $5,759.50 |

**B.     CERCLA Clean Up – Topock**

Latham has been representing and advising the Debtors regarding federal law compliance issues associated with the Debtors' implementation of a remedy to address contamination at the Topock Compressor Station Project Site pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund Act), including on compliance with respect to the National Historic Preservation Act and Endangered Species Act.

| | | | |
|---|---|---|---|
| Second Interim Fee Period: | Total Hours: 0 | | Total Fees: $0 |
| Final Fee Period: | Total Hours: 0.6 | | Total Fees: $498.00 |

**C.     Pending Derivative Litigation Matters**

Latham continues to represent the Debtors in connection with six pre-petition derivative actions pending in federal and state court. These matters include: *Oklahoma Firefighters Pension & Retirement System v. Chew et al.* (No. 18-cv-04698, N.D. Cal.), *Williams v. Earley et al.* (No. 18-cv-7128, N.D. Cal.), *Blackburn v. Meserve et al.* (No. 19-cv-00501, N.D. Cal.), *In re California North Bay Fire Derivative Litigation* (No. CGC-17-562591, SF Superior Court), *Bowlinger v. Chew et al.* (No. CGC-18-572326, SF Superior Court), and *Hagberg v. Chew et al.* (No. CGC-19-573190, SF Superior Court). While all of these matters were stayed as a result of the bankruptcy during the applicable period, Latham continued to advise Debtors on strategic considerations and possible resolutions of the matters.

The total hours and fees attributable to each task code concerning the derivative actions are as follows:

- North Bay Fires – Derivative Litigation

| | | | |
|---|---|---|---|
| Second Interim Fee Period: | Total Hours: 0 | | Total Fees: $0 |
| Final Fee Period: | Total Hours: 43.9 | | Total Fees: $42,091.00 |

- OFPRS v. Chew, et al.

| | | |
|---|---|---|
| Second Interim Fee Period: | Total Hours: 9.9 | Total Fees: $7,966.00 |

| | | | | |
|---|---|---|---|---|
| | Final Fee Period: | Total Hours: 11.6 | Total Fees: $9,053.00 |
| • | Williams Derivative Litigation | | |
| | Second Interim Fee Period: | Total Hours: 0 | Total Fees: $0 |
| | Final Fee Period: | Total Hours: 0.4 | Total Fees: $236.00 |
| • | Bowlinger Derivative Litigation | | |
| | Second Interim Fee Period: | Total Hours: 1.6 | Total Fees: $1,470.00 |
| | Final Fee Period: | Total Hours: 12.5 | Total Fees: $11,195.50 |

**D.     North Bay Fires Securities Class Actions**

Work in this billing category relates to a pre-petition putative securities class action (*In re PG&E Corporation Securities Litigation (Case No. 18-CV-359, N.D. Cal.)*, [Dkt. No. 62]) arising from the 2017 and 2018 Northern California wildfires.  Plaintiff Public Employees Retirement Association of New Mexico ("**PERA**") alleges that the Debtors and certain of PG&E's current and former officers made numerous false statements and/or failed to disclose required information regarding PG&E's fire safety practices during the putative class period of April 29, 2015 through June 8, 2018, and asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Plaintiff additionally alleges claims under Section 11 and 15 of the Securities Act of 1933 against certain current and former directors and officers of the Debtors, and also the underwriters of four Senior Note offerings by the Debtors during the putative class period.

Latham attorneys performed extensive work during the Final Fee Period relating to these claims, including but not limited to coordinating with counsel for the Debtors' current and former directors and officers and with counsel for the underwriters, assisting with the analysis and presentation of issues concerning the litigation to this Court, preparing for potential estimation proceedings, assisting PG&E with issues related to Plan confirmation (including preparation of PG&E's confirmation reply brief), assisting with PG&E's response to PERA's appeal of this Court's order regarding the application of Bankruptcy Rule 7023, and coordinating mediation efforts.  This category also includes time spent on the preparation of the monthly fee statements, interim fee applications, and the Firm's retention

US-DOCS\116897970

application and related materials.

| | | |
|---|---|---|
| Second Interim Fee Period: | Total Hours: 2,928.1 | Total Fees: $2,491,132.50 |
| Final Fee Period: | Total Hours: 3,817.6 | Total Fees: $3,269,106.00 |

**E.  Public Safety Power Shutoffs Class Action**

Latham continues to assist Debtors in connection with this securities class action, styled *Vataj v. Johnson, et al.* (Case No. 19-cv-6996, N.D. Cal.), Dkt. No. 1, which was filed post-petition on October 25, 2019.  Plaintiff alleged that Debtors and certain of PG&E's officers made pre- and post-petition misrepresentations regarding PG&E's wildfire prevention efforts and safety protocols related to rolling power cuts that PG&E implemented to minimize wildfire risk during a putative class period of December 13, 2018 through October 28, 2019, and asserted claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  Plaintiff filed an amended complaint on April 17, 2020 that names PG&E Corporation as a defendant, and asserts a putative class period of December 13, 2018 through October 28, 2019 for the officer defendants and a putative class period of January 30, 2018 through October 28, 2019 for PG&E Corporation.

Latham's work during the Final Fee Period included advising Debtors in connection with these claims, analyzing the amended complaint, and coordinating with counsel to the officer defendants.

| | | |
|---|---|---|
| Second Interim Fee Period: | Total Hours: 113.4 | Total Fees: $100,602.50 |
| Final Fee Period: | Total Hours: 116.5 | Total Fees: $103,437.50 |

**F.  Insurance Counseling**

Latham continues to advise the Debtors in connection with issues relating to their directors and officers insurance policies, including but not limited to issues arising in connection with the above securities and derivative litigation matters.

| | | |
|---|---|---|
| Second Interim Fee Period: | Total Hours: 37.4 | Total Fees: $38,652.00 |
| Final Fee Period: | Total Hours: 73.9 | Total Fees: $59,650.50 |

**G.  Advice on Tribal Matters**

Latham continues to represent PG&E as special tribal counsel in connection with the negotiation

of easements, grant deeds and related documents with Indian tribes.

Second Interim Fee Period:    Total Hours: 13.3      Total Fees: $12,209.00

Final Fee Period:           Total Hours: 13.3      Total Fees: $12,209.00

**H.**     **Biomat**

Latham is representing PG&E in connection with the drafting of a rider to the form of bioenergy market adjusting tariff power purchase agreement to be included in agreements that are entered into with Indian tribes or other tribal instrumentalities.

Second Interim Fee Period:    Total Hours: 21.3      Total Fees: $20,464.50

Final Fee Period:           Total Hours: 21.3      Total Fees: $20,464.50

### EXPENSE SUMMARY
### SECOND INTERIM FEE PERIOD AND FINAL FEE PERIOD

As is typical practice in chapter 11 cases, the Firm advanced costs on behalf of the Debtors in connection with the discharge of the duties described in the Final Application. During the Second Interim Fee Period, Latham incurred a total of $20,894.27 in expenses. These expenses, which include travel to and from New York, meals during travel and for mediations, and transportation are reasonable and necessary to the smooth administration of these Chapter 11 Cases. During the Final Fee Period, Latham incurred a total of $28,306.37 in expenses. Receipts for all significant expenses have been provided to the Debtors and the Fee Examiner.

### LEGAL BASIS FOR FINAL COMPENSATION

The professional services for which Latham requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Latham's professional responsibilities as special counsel for the Debtors in these Chapter 11 Cases. Latham's services have been necessary and beneficial to the Debtors and their estates, creditors, and other parties in interest.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Latham respectfully submits that the amount requested by Latham is fair and reasonable given the complexity of these Chapter 11 Cases, the time expended, the nature and extent of the services rendered, the value of

such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Latham has reviewed the requirements of the Interim Compensation Procedures Order, the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

**RESERVATION OF RIGHTS**

It is possible that some professional time expended or expenses incurred during the Final Fee Period are not reflected in this Final Application. Latham reserves the right to include such amounts in future fee applications.

**AVAILABLE FUNDS**

The Firm understands that the Debtors' estate has sufficient funds available to pay the fees and costs sought herein.

**NOTICE**

Notice of the Final Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. We submit that, in view of the facts and circumstances of these Chapter 11 Cases, such notice is sufficient and no other or further notice need be provided.

**CONCLUSION**

Latham respectfully requests a final allowance to Latham for (i) compensation in the amount of $3,533,701.00 and actual and necessary expenses in the amount of $28,306.37, for a total allowance of $3,562,007.37 for the Final Fee Period, which includes compensation in the amount of $2,676,794.00 and actual and necessary expenses in the amount of $20,894.27, for a total allowance of $2,697,688.27 for the Second Interim Fee Period; (ii) an authorization for payment of $535,358.80 (20% of the allowed

fees for the Second Interim Fee Period), as related to the Second Interim Fee Period, and (iii) for such other and further relief as this Court deems proper.

Dated: August 31, 2020

Respectfully submitted,

**LATHAM AND WATKINS LLP**

By: ___/s/ Michael J. Reiss___
Michael J. Reiss

*Special Counsel for Debtors and Debtors in Possession*

US-DOCS\116897970

## Notice Parties

1

2   PG&E Corporation
    c/o Pacific Gas & Electric Company
3   Attn:   Janet Loduca, Esq.
    77 Beale Street
4   San Francisco, CA 94105

5   Keller Benvenutti Kim LLP
    Attn:   Tobias S. Keller, Esq.,
6           Jane Kim, Esq.
    650 California Street, Suite 1900
7   San Francisco, CA 94108

8   Weil, Gotshal & Manges LLP
    Attn:   Stephen Karotkin, Esq.
9           Jessica Liou, Esq.
            Matthew Goren, Esq.
10  767 Fifth Avenue
    New York, NY 10153

11  The Office of the United States Trustee for Region 17
12  Attn:   Andrew Vara, Esq.
            Timothy Laffredi, Esq.;
13  450 Golden Gate Avenue, 5th Floor, Suite #05-0153
    San Francisco, CA 94102

14  Milbank LLP
15  Attn:   Dennis F. Dunne, Esq.
            Sam A. Khalil, Esq.
16  55 Hudson Yards
    New York, NY 10001-2163

17  Milbank LLP
18  Attn:   Paul S. Aronzon, Esq.,
            Gregory A. Bray, Esq.,
19          Thomas R. Kreller, Esq.
    2029 Century Park East, 33rd Floor
20  Los Angeles, CA 90067

21  Baker & Hostetler LLP
            Attn: Eric Sagerman, Esq. and
22              Cecily Dumas, Esq.
    11601 Wilshire Boulevard, Suite 1400
23  Los Angeles, CA 90025-0509

24  Bruce A. Markell, Fee Examiner
    541 N. Fairbanks Ct., Ste 2200
25  Chicago, IL 60611-3710

26  Scott H. McNutt
    324 Warren Road
27  San Mateo, California 94402

28