**LATHAM & WATKINS LLP**
Michael J. Reiss (#275021)
(Michael.reiss@lw.com)
Ted A. Dillman (#258499)
(ted.dillman@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for the Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**CERTIFICATION OF MICHAEL J. REISS IN SUPPORT OF SECOND INTERIM AND FINAL FEE APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (NOVEMBER 1, 2019 THROUGH JULY 1, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline: September 21, 2020<br>4:00 p.m. (Pacific Time)**<br><br>No hearing requested |

I, Michael J. Reiss, hereby certify as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner at the law firm of Latham & Watkins LLP, special counsel for the Debtors[1], and am authorized to make this Declaration in that capacity. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge, and, if called upon to do so, I could and would testify competently thereto.

2. I make this Declaration in support of the *Second Interim and Final Fee Application of Latham & Watkins LLP for Allowance and Payment of Compensation and Reimbursement of Expenses (November 1, 2019 Through July 1, 2020)* (the "**Final Application**"). I am an attorney designated by the Firm to sign the Final Application on its behalf.

3. Pursuant to the Northern District Guidelines, I certify that:

   a. I have read the Final Application.

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Final Application are in conformity with the Northern District Guidelines except as otherwise indicated in the Final Application.

   c. The compensation requested in the Final Application has been billed at rates and in accordance with practices no less favorable than those currently employed by the Firm and generally accepted by the Firm's clients.

4. There is no agreement or understanding between the Firm and any other person other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent billing statements to the Debtors on a monthly basis during these chapter 11 cases. I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee are each being provided with a copy of the Final Application in accordance with the Interim Compensation Order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Final Application (as defined herein).

6. On February 24, 2020, the Court entered the Retention Order, authorizing the Debtors to compensate and reimburse the Firm.

7. Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Final Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought therein. To the best of my knowledge, information, and belief, this letter was transmitted to the Debtors by electronic mail on the date hereof.

8. The Firm responds to the questions identified in the UST Guidelines as follows:

Question 1: Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Second Interim Fee Period? If so, please explain.

Answer: Yes. The rates used herein were specifically negotiated with the Debtors and are substantially lower than Latham's standard hourly rates.

Question 2: If the fees sought in the Final Application for the Second Interim Fee Period as compared to the fees budgeted for the time period covered by the Final Application are higher by 10% or more, did the Firm discuss the reasons for the variation with the client?

Answer: The fees sought in the Final Application for the Second Interim Fee Period are approximately $1.4 million (~34%) *lower* than the aggregate fees budgeted for the Firm for the Second Interim Fee Period.

Question 3: Have any of the professionals included in the Final Application for the Second Interim Fee Period varied their hourly rate based on geographic location of the Chapter 11 Cases?

Answer: No.

Question 4: Does the Final Application include time or fees for the Second Interim Fee Period related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer: Yes. The Final Application includes time and fees for the Second Interim Fee Period related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee applications relating to the Second Interim Fee Period covered by

the Final Application. Latham is seeking compensation for approximately 160.2 hours and $118,590.00 in fees with respect to such matters.

<u>Question 5</u>: Does the Final Application include time or fees for the Second Interim Fee Period for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>: Any such time is included within the response to Question 4.

<u>Question 6</u>: Does the Final Application include any rate increases since the Firm's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: The Final Application includes the Firm's 2019 and 2020 rates, which were addressed in previous fee applications. The customary rate adjustment from 2019 to 2020 was negotiated and agreed to by the Debtors and the Firm in a manner consistent with past practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of August, 2020, in Los Angeles, California.

Dated: August 31 2020

Respectfully submitted,
**LATHAM & WATKINS LLP**

By: _/s/ Michael J. Reiss_
Michael J. Reiss

*Special Counsel for Debtors and Debtors in Possession*