1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Ray C. Schrock, P.C. (*pro hac vice*)
3  (ray.schrock@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER & BENVENUTTI LLP
   Tobias S. Keller (#151445)
9  (tkeller@kellerbenvenutti.com)
   Jane Kim (#298192)
10 (jkim@kellerbenvenutti.com)
   650 California Street, Suite 1900
11 San Francisco, CA 94108
   Tel: 415 496 6723
12 Fax: 650 636 9251

13 *Attorneys for Debtors*
   *and Debtors in Possession*

14

### UNITED STATES BANKRUPTCY COURT
15
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION
16

| | |
|---|---|
| 17 | Bankruptcy Case No. 19-30088 (DM) |
| 18 **In re:** | Chapter 11 |
| 19 **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| 20 **- and -** | **SUMMARY SHEET TO AMENDED FIRST AND FINAL FEE APPLICATION OF HUNTON ANDREWS KURTH LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020** |
| 21 **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| 22 **Debtors.** | |
| 23 ☐ Affects PG&E Corporation | |
| 24 ☐ Affects Pacific Gas and Electric Company | Date:     TBD |
| 25 ☒ Affects both Debtors | Time:     TBD |
| | Place:    United States Bankruptcy Court |
| 26 *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Courtroom 17, 16th Floor |
| | San Francisco, CA  94102 |
| 27 | Objection Deadline:  September 21, 2020 |
| | 4:00 p.m. (Pacific Time) |

28

| General Information | |
| --- | --- |
| Name of Applicant: | Hunton Andrews Kurth LLP |
| Authorized to Provide Professional Services To: | Special Counsel for the Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Date of Retention: | March 20, 2020 |
| Prior Applications: | None |
| **Summary of Fees and Expenses Sought in this Application** | |
| Period for which compensation and reimbursement are sought: | January 1, 2020 through, July 1, 2020 |
| Amount of compensation sought as actual, reasonable, and necessary: | $4,872,350.20 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $11,256.21 |
| Total Compensation and Expenses Requested for the Compensation Period: | $4,883,606.41 |
| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date | N/A |
| Total Allowed Compensation and Expenses Paid to Date | N/A |
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements but Not Yet Allowed** | |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (80% of Fees in Monthly Statements): | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed (100% of Expenses in Monthly Statements): | $0.00 |
| **Summary of Rates and Other Related Information in this Application** | |
| Blended Rate in this Application for All Attorneys: | $655.42 |

| | |
|---|---|
| Blended Rate in this Application for All Timekeepers: | $647.98 |
| Number of Timekeepers Included in this Application: | 67 (61 attorneys; 6 paraprofessionals and other non-legal staff) |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | The compensation sought is more than the fees initially budgeted for the Compensation Period due to the enlarged role for Hunton, as explained in more detail in this Application. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Compensation Period: | 26 |
| Increase in Rates: | None. |

This is a(n): _____ Interim ___X___ Final Application

## SUMMARY OF MONTHLY FEE STATEMENTS

| Date Filed and Dkt. No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Not Yet Paid |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 4/3/2020 Dkt. No. 6621 | 1/1/2020 – 2/29/2020 | $557,861.50 | $348.92 | $0.00 | $0.00 | $0.00 |
| 5/5/2020 Dkt. No. 7071 | 3/1/2020 – 3/31/2020 | $559,586.70 | $594.57 | $0.00 | $0.00 | $0.00 |
| 6/2/2020 Dkt. No. 7722 | 4/1/2020 – 4/30/2020 | $1,104,823.70 | $855.87 | $0.00 | $0.00 | $0.00 |
| 7/8/2020 Dkt. No. 8303 | 5/1/2020 – 5/31/2020 | $1,134,314.50 | $2,396.65 | $0.00 | $0.00 | $0.00 |
| 8/7/2020 Dkt. No. 8712 | 6/1/2020 – 6/30/2020 | $1,461,071.20 | $5,208.98 | $0.00 | $0.00 | $0.00 |
| 8/31/2020 Dkt. No. 8924 | 7/1/2020 | $54,692.60 | $1,851.22 | $0.00 | $0.00 | $0.00 |
| Total: | | **$4,872,350.20** | **$11,256.21** | | | $0.00 |

Summary of any Objections to Monthly Fee Statements:     None

Compensation and Expenses Sought in This Application Not Yet Paid:     $4,872,350.20

## COMPENSATION BY PROFESSIONAL DURING COMPENSATION PERIOD

The attorneys who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| Name of Professional (Partners, Counsel, and Associates) | Primary Practice Group | First Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| H. Havre / Partner | Corporate / Capital Markets | 1989 | $1,089.00 | 119.5 | $130,135.50 |
| W. Taylor, Jr. / Partner | Corporate / Capital Markets | 1990 | $1,089.00 | 6.6 | $7,187.40 |
| S. H. Kimpel / Partner | Corporate / Capital Markets | 1998 | $1,080.00 | 0.3 | $324.00 |
| G. C. Howell, III / Partner | Tax & Erisa | 1981 | $1,058.00 | 5.1 | $5,395.80 |
| A. J. Duncan / Partner | Structured Finance and Securitization | 1989 | $1,040.00 | 0.3 | $312.00 |
| R. McNamara / Partner | Tax & Erisa | 1997 | $981.00 | 29.1 | $28,547.10 |
| L. Okinaka / Partner | Tax & Erisa | 1990 | $981.00 | 4.0 | $3,924.00 |
| S. P. Regan / Partner | Corp & Securities Lit | 1997 | $981.00 | 1.5 | $1,471.50 |
| M. Fitzpatrick / Partner / Partner | Corporate / Capital Markets | 1991 | $936.00 | 869.2 | $813,571.20 |
| D. A. Zdunkewicz / Partner | Capital Finance & Real Estate | 1989 | $923.00 | 2.8 | $2,584.40 |
| L. Shelton / Partner | Administrative Law/Environmental | 1987 | $896.00 | 1.2 | $1,075.20 |
| D. J. Jordanger / Partner | Administrative Law/Environmental | 1988 | $869.00 | 1.4 | $1,254.40 |
| B. C. Tolley, III / Partner | Tax & Erisa | 1977 | $896.00 | 13.8 | $12,364.80 |
| S. C. Friend / Partner | Corporate / Capital Markets | 2002 | $891.00 | 1.8 | $1,603.80 |
| R. M. Johnson / Partner | Capital Finance & Real Estate | 1984 | $887.00 | 208.8 | $185,205.60 |
| K. Felz / Partner | Corporate / Capital Markets | 2003 | $873.00 | 291.3 | $254,304.90 |
| J. Buonanno / Partner | Corporate / Capital Markets | 1990 | $873.00 | 50.5 | $44,086.50 |
| R. Hahn / Partner | Structured Finance and Securitization | 1985 | $873.00 | 111.4 | $97,252.20 |
| A. M. Williams / Partner | Structured Finance and Securitization | 1990 | $873.00 | 0.8 | $698.40 |
| T. Kracht / Partner | Commercial Litigation | 1998 | $797.00 | 0.5 | $398.50 |
| S. Kwon / Partner | Corporate / Capital | 2006 | $779.00 | 491.2 | $382,644.80 |

| Name of Professional (Partners, Counsel, and Associates) | Primary Practice Group | First Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| | Markets | | | | |
| J. Hirsch / Partner | Corporate / Capital Markets | 2007 | $765.00 | 1.1 | $841.50 |
| E. Nedell / Partner | Energy and Infrastructure | 2004 | $720.00 | 488.3 | $351,576.00 |
| A. O'Brian / Partner | Corporate / Capital Markets | 2009 | $720.00 | 164.4 | $118,368.00 |
| J. Harbour / Partner | Bankruptcy /Restructuring | 2001 | $698.00 | 25.8 | $18,008.40 |
| M. R. Reynolds / Partner | EIT - Energy: Reg Pract | 2001 | $698.00 | 0.6 | $418.80 |
| T. R. Urbantke / Partner | EIT - Energy: Reg Pract | 2002 | $684.00 | 1.3 | $889.20 |
| P. Tiao / Partner | Global Technology, Outsourcing & Privacy | 2000 | $670.00 | 84.1 | $56,347.00 |
| J. Chenault / Partner | Capital Finance & Real Estate | 2005 | $639.00 | 0.5 | $319.50 |
| J. Boer / Partner | Administrative Law/Environmental | 1998 | $595.00 | 4.0 | $2,380.00 |
| A. Kintzinger / Counsel | Capital Finance & Real Estate | 1981 | $837.00 | 144.2 | $120,695.40 |
| B. J. Mulligan / Counsel | Business Finance & Health | 1998 | $779.00 | 6.4 | $4,985.60 |
| D. Murphy / Counsel | Energy: Transactions and Development | 2002 | $770.00 | 317.9 | $244,783.00 |
| J. Chandapillai / Counsel | Corporate / Capital Markets | 2007 | $747.00 | 65.7 | $49,077.90 |
| A. O'Brian / Counsel | Corporate / Capital Markets | 2009 | $720.00 | 130.6 | $94,032.00 |
| J. Paget / Counsel | Bankruptcy /Restructuring | 2008 | $590.00 | 118.30 | $69,797.00 |
| B. M. Zimmet / Associate | Energy: Transactions and Development | 1995 | $648.00 | 2.3 | $1,490.40 |
| M. Goswell / Associate | Energy: Transactions and Development | 2015 | $585.00 | 152.4 | $89,154.00 |
| C. Hasbrouck / Associate | Capital Finance & Real Estate | 2013 | $572.00 | 399.2 | $228,342.40 |
| J. B. Feingertz / Associate | Tax & Erisa | 2013 | $540.00 | 2.0 | $1,080.00 |
| J. R. Eisenberg / Associate | Tax & Erisa | 2017 | $518.00 | 23.7 | $12,276.60 |
| R. Nolan / Staff Attorney | Capital Finance & Real Estate | 2013 | $518.00 | 181.6 | $94,068.80 |
| L. Freeland / Associate | EIT - Energy: Reg Pract | 2012 | $509.00 | 2.3 | $1,170.70 |

| Name of Professional (Partners, Counsel, and Associates) | Primary Practice Group | First Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| M. R. Yi / Associate | Energy: Transactions and Development | 2016 | $509.00 | 52.1 | $26,518.90 |
| B. Harney / Associate | Corporate / Capital Markets | 2010 | $504.00 | 604.5 | $304,668.00 |
| M. G. Chan / Associate | Corporate / Capital Markets | 2016 | $500.00 | 32.6 | $16,300.00 |
| S. A. Jaber / Associate | Corporate / Capital Markets | 2015 | $500.00 | 40.7 | $20,350.00 |
| P. Jamieson / Associate | Corporate / Capital Markets | 2015 | $491.00 | 1,091.3 | $535,828.30 |
| B. M. Staley / Associate | Capital Finance & Real Estate | 2012 | $482.00 | 4.3 | $2,072.60 |
| M. Watson / Associate | Capital Finance & Real Estate | 2016 | $473.00 | 20.5 | $9,696.50 |
| F. Vehbiu / Associate | Corporate / Capital Markets | 2018 | $446.00 | 64.8 | $28,900.80 |
| N. Kramer / Associate | Bankruptcy /Restructuring | 2014 | $437.00 | 11.6 | $5,069.20 |
| C. Butler / Associate | Commercial Litigation | 2017 | $419.00 | 8.0 | $3,352.00 |
| M. Hayes / Associate | Corporate / Capital Markets | 2019 | $405.00 | 59.1 | $23,935.50 |
| S. Stanton / Associate | Corporate / Capital Markets | 2019 | $405.00 | 46.6 | $18,873.00 |
| S. Wilson / Associate | Capital Finance & Real Estate | 2019 | $383.00 | 334.6 | $128,151.80 |
| T. Strother / Associate | Tax & Erisa | 2019 | $383.00 | 8.5 | $3,255.50 |
| A. M. Kliner / Associate | EIT - Energy: Reg Pract | 2016 | $383.00 | 3.2 | $1,225.60 |
| C. Matthews / Associate | Corporate / Mergers & Acquisitions | 2016 | $374.00 | 37.4 | $13,987.60 |
| R. Hoffman / Associate | Capital Finance & Real Estate | 2017 | $374.00 | 382.4 | $143,017.60 |
| S. Bell / Associate | Corporate / Structured Finance & Securitization | 2016 | $374.00 | 54.8 | $20,495.20 |
| **TOTAL:** | | | | **7,384.8** | **$4,840,142.30** |

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| Name of Paraprofessionals and Other Non-Legal Staff | Primary Practice Group | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| M. A. Caramore / Paralegal | Corporate / Structured Finance & Securitization | $243.00 | 2.3 | $558.90 |
| T. Canada / Paralegal | Bankruptcy /Restructuring | $243.00 | 107.8 | $26,195.40 |
| G. Ognjanovic / Paralegal | Commercial Litigation | $240.00 | 1.2 | $288.00 |
| A. R. Waszilycsak / Paralegal | Capital Finance & Real Estate | $225.00 | 15.0 | $3,375.00 |
| S. Huerta / Paralegal | Capital Finance & Real Estate | $185.00 | 4.6 | $851.00 |
| D. Nicholson / Librarian | Research Informational Services | $261.00 | 3.6 | $939.60 |
| **TOTAL:** | | | **134.5** | **$32,207.90** |

The total fees for the Compensation Period are:

| Professionals Totals | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Partners and Counsel (36) | $825.35 | 3,764.3 | $3,106,861.30 |
| Associates and Staff Attorney (25) | $478.74 | 3,620.5 | $1,733,281.00 |
| Paraprofessionals and other non-legal staff (6) | $239.46 | 134.5 | $32,207.90 |
| **Blended Attorney Rate** | **$655.42** | | |
| **Blended Rate for All Timekeepers** | **$647.98** | | |
| **Total Fees Incurred** (67 total professionals, paraprofessionals, and other non-legal staff): | | **7,519.3** | **$4,872,350.20** |

**COMPENSATION BY PROJECT CATEGORY DURING COMPENSATION PERIOD**

| Task Code[1] | Description | Total Hours Billed | Amount |
|---|---|---|---|
| C300 | Analysis and Advice | 84.1 | $56,347.00 |
| L120 | Analysis/Strategy | 3.2 | $1,904.00 |
| L140 | Document / File Management | 1.2 | $288.00 |
| L160 | Settlement / Non-Binding ADR | 0.8 | $476.00 |
| P100 | Project Administration | 151.7 | $69,883.80 |
| P210 | Corporate Review | 1,835.0 | $1,329,585.90 |
| P220 | Tax | 230.7 | $185,806.80 |
| P230 | Environmental | 2.6 | $2,329.60 |
| P240 | Real and Personal Property | 1,513.0 | $776,809.60 |
| P250 | Employee / Labor | 1.0 | $981.00 |
| P270 | Regulatory Reviews | 2.3 | $1,490.40 |
| P280 | Other | 116.5 | $71,757.10 |
| P300 | Structure / Strategy / Analysis | 1,869.3 | $1,255,913.30 |
| P400 | Initial Document Preparation / Filing | 841.2 | $501,666.90 |
| P500 | Negotiation / Revision / Responses | 654.3 | $487,777.40 |
| P600 | Completion / Closing | 210.2 | $128,253.20 |
| P700 | Post-Completion / Post-Closing | 2.2 | $1,080.20 |
| **Total:** | | **7,519.3** | **$4,872,350.20** |

---

[1] These Task Codes and Descriptions were used by Hunton in conjunction with pre-petition time entries and invoices as required by the Debtors prior to the filing of these Bankruptcy Cases, and Hunton continued to use them in conjunction with post-petition time entries and invoices in these Special Counsel matters.

## EXPENSE SUMMARY FOR COMPENSATION PERIOD

| Expense Category | Amount |
|---|---|
| Delivery/Messenger Service | $413.06 |
| Filing Fees | $635.04 |
| Certified Copy Fees | $255.98 |
| Online Research | $1,612.74 |
| Entity formation and registered agent fees | $480.97 |
| Secretary of State Fees | $1,998.00 |
| Lien Searches | $2,984.20 |
| S&P Global Market Intelligence LLC | $1,639.75 |
| Local Travel | $13.00 |
| Meals | $443.14 |
| Out-of-Town Travel | $246.64 |
| Postage | $1.40 |
| Outside Printing | $532.29 |
| **Total Expenses** | **$11,256.21** |

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| **- and -** | **AMENDED FIRST AND FINAL FEE APPLICATION OF HUNTON ANDREWS KURTH LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2020 THROUGH AND INCLUDING JULY 1, 2020** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | Date:    TBD<br>Time:    TBD<br>Place:    United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Objection Deadline: September 21, 2020<br>                    4:00 p.m. (Pacific Time) |

Hunton Andrews Kurth LLP ("**Hunton**" or "**Applicant**"), special counsel to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits its first application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the allowance of compensation for professional services performed by Hunton for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents.

## **PRELMINIARY STATEMENT**

The Debtors initially retained Hunton pursuant to the OCP Order (defined below) to provide advice on capital markets transactions and related due diligence, 1934 Act reporting requirements, other corporate regulatory filings, securitization of receivables, privacy and cybersecurity issues, SAFETY Act certification assessment and application, environmental litigation and other general corporate matters. When it became apparent that the volume of services the Debtors required of Hunton had increased such that Hunton would generate fees in excess of the OCP Monthly Cap and the OCP Annual Cap (each as defined below), the Court approved Hunton's retention pursuant to section 327(e) of the Bankruptcy Code. The increase in volume of services Hunton provided was primarily due to the Debtors' need for significant debt and equity issuances and bank financings for their eventual exit from Chapter 11. Specifically, during the Compensation Period, Hunton assisted the Debtors in connection with, among other things, the following:

(a)     Hunton advised the Utility in connection with its SEC-registered offering of $8.925 billion of First Mortgage Bonds;

(b)     Hunton advised PG&E Corp in connection with its SEC-registered offering of $2 billion of Senior Secured Notes;

(c)     Hunton advised the Utility in connection with the issuance of $11.8 billion of

new first mortgage bonds in order to refinance certain of its prepetition senior unsecured debt;

(d)      Hunton advised the Debtors in connection with four bank credit facilities comprised of (i) a $3.5 billion senior secured revolving facility for the Utility, (ii) a $3.0 billion senior secured term loan facility for the Utility, (iii) a $500 million senior secured revolving credit facility for PG&E Corp. and (iv) A $2.75 billion senior secured term loan facility for PG&E Corp; and

(e)      Hunton also advised PG&E Corp as special California counsel on various equity offerings totaling more than $9 billion of PG&E Corp common stock.

Hunton also continued to assist the Debtors during the Compensation Period with other matters including, but not limited to, environmental litigation issues, data security matters, and SEC reporting responsibilities. In providing the foregoing services, Hunton has endeavored to monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors and to prevent duplication of services. The professional services performed and expenses incurred by Hunton were actual and necessary to preserve and protect the value of the Debtors' assets and estates.

This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**"), and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] ((the "**Fee Protocol**") and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

In light of the size, complexity, and nature of these Chapter 11 Cases, Hunton's charges for professional services performed and expenses incurred are reasonable under the applicable standards. Hunton respectfully requests that the Court grant the Application and allow compensation for professional services performed and reimbursement for expenses as requested herein on a final basis.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**TCC**" and, together with the Creditor Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

**The Debtors' Retention of Hunton**

On February 27, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing the Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date* [Dkt No. 707] (the "**OCP Order**"). By the OCP order, the Court established certain procedures to retain and compensate certain professionals (collectively, the "**Ordinary Course Professionals**") that the Debtors employ in the ordinary course of business subject to, among other things, a monthly cap (the "**OCP Monthly Cap**") and an annual cap (the "**OCP Annual Cap**") on fees incurred.

On March 29, 2019, in accordance with the OCP Order, the Debtors filed the Declaration and Disclosure Statement of Paul M. Tiao on Behalf of Hunton Andrews Kurth LLP (the "**Tiao Declaration**"), annexed as Exhibit A-24 to the *Notice of Filing of (I) Ordinary Course Professional Declarations and Retention Questionnaires and (II) List of Additional Ordinary Course Professionals* [Dkt. No 1130]. The Debtors did not receive any objections to the retention of Hunton as an Ordinary Course Professional within the time provided under the OCP Order. Hunton's employment as an Ordinary Course Professional was therefore deemed approved under the OCP Order. Hunton received compensation as an Ordinary Course Professional in accordance with the terms of the OCP Order up through and including December 31, 2019.

Having determined that Hunton's fees likely would exceed the OCP Monthly Cap and OCP Annual Cap primarily due to the Debtors' need for Hunton to provide advice on significant capital markets and bank financed transactions necessary for the Debtors' exit from bankruptcy, on March 4, 2020, the Debtors filed an application to retain Hunton as special counsel effective *nunc pro tunc* to the Petition Date [Docket No. 6072] (the "**Retention Application**"), which application was approved by Order, dated March 20, 2020 [Docket No. 6406] (the "**Retention Order**"). A copy of the

Retention Order is annexed hereto as **<u>Exhibit A</u>**.

The Retention Order authorizes the Debtors to compensate and reimburse Hunton in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Hunton at its customary hourly rates for services rendered and to reimburse Hunton for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Hunton to provide the following services to the Debtors:

- Advise and represent the Utility with respect to federal and state laws and regulations as they relate to (1) developing and structuring a securitization program pursuant to Article 5.8 of the California Public Utilities Code to provide for the recovery of costs and expenses in connection with catastrophic wildfires; (2) the registering of securities under the federal securities laws with respect to the securitization program; and (3) advising on the public offering and sale of the securities;

- Advise and represent the Debtors with respect to federal and state laws and regulations as they relate to (1) the drafting of secured and unsecured indentures and offering documents to enable the Debtors to sell secured and unsecured debt securities and to participate in tax-exempt financings; (2) the registering of certain secured and unsecured debt securities under the federal securities laws: (3) advising on the public and private offerings and sales of the secured, unsecured, and tax-exempt securities; and (4) establishing an account receivables securitization program;

- Advise and represent the Debtors with respect to cybersecurity and privacy matters, including enhancing cybersecurity preparedness, responding to cyber incidents, and ensuring compliance with cybersecurity and privacy laws;

- Advise and represent the Debtors in connection with environmental matters, including continuing representation of the Debtor in the implementation of the Consent Decree entered by Judge Seeborg, of the United States District Court for the Northern District of California, on September 7, 2018 in Ecological Rights Foundation v. Pacific Gas and Electric Company, Case No. 3:10-cv-00121-RS;

- Advise and represent the Debtors in furnishing documents regarding their interest rate swaps and other derivative products in connection with (1) avoiding insolvency-related defaults under their swap and other derivatives documents, (2) adopting board and/or board committee resolutions and other documents governing their use of swaps and other derivative products, (3) engaging in management oversight and board and/or board committee governance of their swap and other derivative products usage, (4) applying to the California Public Utilities Commission for authorization to enter into interest rate hedges related to their financing activities, (5) determining that they are not required to be registered with the Commodity Futures Trading Commission or the Securities and Exchange Commission as swap dealers or major swap participants, security-based swap dealers or major security-based swap participants, (6)

amending their swap and other derivatives documents to observe the qualified financial contract rules applicable to their global systemically important bank counterparties, (7) complying with the requirements of the end-user exception providing an exemption from mandatory swap clearing and exchange-trading requirements, (8) utilizing their exemptions from having to post margin for swaps, (9) entering into swaps and other derivatives transactions with their swap and security-based swap dealer counterparties and (10) entering into forward contracts and other derivatives transactions exempt from regulation as swaps and security-based swaps (including purchase and sale agreements for electric power and natural gas), among other things;

- Advise and represent the Debtors in providing all other necessary legal services for the Debtors, as related to the above matters, in connection with the above captioned Chapter 11 Cases and the Debtors' financing plans to exit bankruptcy including drafting of financing orders, security documents, registration statements, offering documents, legal opinions, and other transactional documents; and

- Perform any other necessary legal services requested by the Debtors, and accepted by Hunton, during the pendency of these Chapter 11 Cases

### **Summary of Professional Compensation and Reimbursement of Expenses Requested**

Hunton seeks allowance of compensation for professional services performed during the Compensation Period in the amount of $4,872,350.20 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $11,256.21. During the Compensation Period, Hunton attorneys and paraprofessionals expended a total of 7,519.3 hours in connection with the necessary services performed.

There is no agreement or understanding between Hunton and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to any payments received by Hunton pursuant to the Interim Compensation Order, during the Compensation Period, Hunton received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.[2]

---

[2]  For the avoidance of doubt, Hunton is not seeking approval of payments received pursuant to the OCP Order prior to entry of the Retention Order, which payments did not exceed the OCP Monthly Cap or OCP Annual Cap.

The fees charged by Hunton in these Chapter 11 Cases are billed in accordance with Hunton's existing billing rates and procedures in effect during the Compensation Period. The rates Hunton charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases generally are consistent with the rates Hunton charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

The summary sheets contain a schedule of Hunton professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Hunton, the department in which each individual practices, the hourly billing rate charged by Hunton for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

The summary sheets also contain a summary of Hunton's hours billed during the Compensation Period using project categories described therein and hereinafter described. Hunton maintains computerized records of the time spent by all Hunton attorneys and paraprofessionals in connection with the services Hunton provided to the Debtors during the pendency of these Chapter 11 Cases. Copies of these computerized records (as modified to address privileged and confidential matters) have been filed on the docket with Hunton's monthly fee statements, and with this Application with respect to the July 1, 2020 period, and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheet also contain a schedule specifying the categories of expenses for which Hunton is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Hunton's monthly fee statements, and with this Application with respect to the July 1, 2020 period, and furnished to the

Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed hereto as **Exhibit B** is a certification regarding Hunton's compliance with the Fee Guidelines.

Annexed hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Hunton's timekeepers to non-bankruptcy matters during the preceding year on a rolling 12 months year ending December 31, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

On or prior to entry of the Retention Order, Hunton prepared a budget in connection with the work Hunton proposed to provide the Debtors in connection with their post-petition capital markets transaction. However, the work the Debtors required during the Compensation Period exceeded this initial budget. At all times during the Compensation Period, Hunton remained in communication with the Debtors concerning the scope of Hunton's retention and the anticipated volume of work required to perform the services the Debtors requested of Hunton.

A summary of staffing is attached hereto as **Exhibit D**, which includes attorneys and paraprofessionals that were necessary to perform the services Hunton agreed to provide the Debtors pursuant to the Retention Order.

**Summary of Services Performed by Hunton During the Compensation Period**

The following is a summary of the significant professional services rendered by Hunton during the Compensation Period, organized in accordance with Hunton's internal system of project or work codes.[3]

1. Matter 026915.0000015 – Privacy and Security:

For this matter, Hunton represented PG&E with respect to cybersecurity and privacy matters, including enhancing cybersecurity preparedness, responding to cyber incidents, and ensuring compliance with cybersecurity and privacy laws.

---

[3] Certain services performed overlap between, or could appropriately by allocated to, more than one task code.

a.   Analysis and Advice (Task Code C300)
     Fees: $56,347.00; Total Hours:  84.1

2.  Matter 026915.0000018 – Ecological Rights Foundation v. PG&E:

For this matter, Hunton represented PG&E in litigation, which will be on remand from the
United States Court of Appeals for the Ninth Circuit to the Northern District of California.
The legal issue is regulation of the use of pentachlorophenol at utility service centers and
liability for discharges pursuant to RCRA and the Clean Water Act, No. 15-15424; D.C. No.
3:10-cv-00121-RS.

a.   Analysis/Strategy (Task Code L120)
     Fees: $1,904.00; Total Hours:  3.2

b.   Document/File Management (Task Code L140)
     Fees: $288.00; Total Hours:  1.2

c.   Settlement/Non-Binding ADR (Task Code L160)
     Fees: $476.00; Total Hours:  0.8

3.  Matter 026915.0000025 – ISDA-General Corporate (Energy Supply, Core Gas Supply and
    Gas Transmission):

For this matter, Hunton represented the Debtors regarding their interest rate swaps and other
derivative products in connection with (1) avoiding insolvency-related defaults under their
swap and other derivatives documents, (2) adopting board and/or board committee
resolutions and other documents governing their use of swaps and other derivative products,
(3) engaging in management oversight and board and/or board committee governance of their
swap and other derivative products usage, (4) applying to the California Public Utilities
Commission for authorization to enter into interest rate hedges related to their financing
activities, (5) determining that they are not required to be registered with the Commodity
Futures Trading Commission or the Securities and Exchange Commission as swap dealers or
major swap participants, security-based swap dealers or major security-based swap
participants, (6) amending their swap and other derivatives documents to observe the
qualified financial contract rules applicable to their global systemically important bank
counterparties, (7) complying with the requirements of the end-user exception providing an
exemption from mandatory swap clearing and exchange-trading requirements, (8) utilizing
their exemptions from having to post margin for swaps, (9) entering into swaps and other
derivatives transactions with their swap and security-based swap dealer counterparties and
(10) entering into forward contracts and other derivatives transactions exempt from
regulation as swaps and security-based swaps (including purchase and sale agreements for
electric power and natural gas), among other things.

a.   Structure / Strategy / Analysis (Task Code P300)
     Fees: $31,864.50; Total Hours:  36.50

4.  Matter 026915.0000027 – North Bay Fires (Strategic Advice and Counsel):

For this matter, Hunton represented the Utility with respect to federal and state laws and regulations as they relate to (1) developing and structuring a securitization program pursuant to Article 5.8 of the California Public Utilities Code to provide for the recovery of costs and expenses in connection with catastrophic wildfires; (2) advising on the filing of an application, testimony and draft financing order with the CPUC in order to issue securitization bonds pursuant to Article 5.8 of the California Public Utilities Code; and (3) advising on the public offering and sale of the securitization bonds.

a.  Corporate Review (Task Code P210)
Fees: $173,822.40; Total Hours: 201.7

b.  Tax (Task Code P220)
Fees: $31,117.20; Total Hours: 44.6

c.  Structure / Strategy / Analysis (Task Code P300)
Fees: $62,437.80; Total Hours: 72.3

d.  Initial Document Preparation / Filing (Task Code P400)
Fees: $167,954.40; Total Hours: 237.8

e.  Negotiation / Revision / Responses (Task Code P500)
Fees: $1,072.80; Total Hours: 1.7

5.  Matter 026915.0000032 – Utility Financing Advice:

For this matter, Hunton represented the Debtors with respect to federal and state laws and regulations as they relate to (1) the drafting of secured and unsecured indentures and offering documents to enable the Debtors to sell secured and unsecured debt securities and to participate in additional debt financings; (2) the registering of certain secured and unsecured debt securities under the federal securities laws: (3) advising on the public and private offerings and sales of the secured, unsecured, and debt securities; and (4) advising Debtors on various equity offerings including private and public offerings.

a.  Project Administration (Task Code P100)
Fees: $44,353.20; Total Hours: 97.0

b.  Corporate Review (Task Code P210)
Fees: $454,637.10; Total Hours: 666.3

c.  Tax (Task Code P220)
Fees: $3,811.80; Total Hours: 4.8

d.  Environment (Task Code P230)
Fees: $1,254.40; Total Hours: 1.4

e.  Real and Personal Property (Task Code P240)
Fees: $16,667.10; Total Hours: 27.0

f.        Regulatory Reviews (Task Code P270)
Fees: $1,490.40; Total Hours: 2.3

g.        Other (Task Code P280)
Fees: $60,640.70; Total Hours: 102.5

h.        Structure / Strategy / Analysis (Task Code P300)
Fees: $242,230.30; Total Hours: 391.20

i.        Initial Document Preparation / Filing (Task Code P400)
Fees: $90,135.30; Total Hours: 186.7

j.        Negotiation / Revision / Responses (Task Code P500)
Fees: $28,050.40; Total Hours: 48.0

k.        Completion / Closing (Task Code P600)
Fees: $58,654.00; Total Hours: 106.4

6.   Matter 026915.0000034 – Accounts Receivables Securitization:

For this matter, Hunton represented PG&E in connection with its accounts receivable securitization.

a.        Project Administration (Task Code P100)
Fees: $112.20; Total Hours: 0.3

b.        Corporate Review (Task Code P210)
Fees: $5,821.20; Total Hours: 6.3

c.        Tax (Task Code P220)
Fees: $3,227.90; Total Hours: 3.9

d.        Employee / Labor (Task Code P250)
Fees: $981.00; Total Hours: 1.0

e.        Other (Task Code P280)
Fees: $410.40; Total Hours: 0.6

f.        Structure / Strategy / Analysis (Task Code P300)
Fees: $44,412.60; Total Hours: 59.1

g.        Initial Document Preparation / Filing (Task Code P400)
Fees: $18,644.20; Total Hours: 43.6

h.        Negotiation / Revision / Responses (Task Code P500)
Fees: $64,064.40; Total Hours: 78.7

      i.        Completion / Closing (Task Code P600)
Fees: $145.80; Total Hours:  0.6

7.   Matter 026915.0000037 – 2020 Utility Tax-Exempt Advice:

For this matter, Hunton represented PG&E in connection with providing the client with strategy, policy and advice concerning its utility tax-exempt portfolio with no additional parties.

     a.     Project Administration (Task Code P100)
Fees: $241.00; Total Hours:  0.5

     b.     Corporate Review (Task Code P210)
Fees: $1,328.80; Total Hours:  1.8

     c.     Tax (Task Code P220)
Fees: $122,527.00; Total Hours:  148.0

     d.     Structure / Strategy / Analysis (Task Code P300)
Fees: $1,459.20; Total Hours:  2.7

     e.     Initial Document Preparation / Filing (Task Code P400)
Fees: $589.20; Total Hours:  1.2

8.   Matter 026915.0000038 – 2020 Utility FMB Indenture:

For this matter, Hunton represented PG&E in connection with providing the client with strategy, policy and advice concerning the establishment of a Utility FMB Indenture structure including the drafting of an indenture and the public sale of several billion of First Mortgage Bond securities.

     a.     Project Administration (Task Code P100)
Fees: $13,872.50; Total Hours:  35.2

     b.     Corporate Review (Task Code P210)
Fees: $237,088.40; Total Hours:  318.9

     c.     Real and Personal Property (Task Code P240)
Fees: $759,856.50; Total Hours:  1,485.5

     d.     Structure / Strategy / Analysis (Task Code P300)
Fees: $411,339.80; Total Hours:  697.7

     e.     Initial Document Preparation / Filing (Task Code P400)
Fees: $20,716.90; Total Hours:  35.7

     f.     Negotiation / Revision / Responses (Task Code P500)
Fees: $73,530.90; Total Hours:  98.4

g.     Completion / Closing (Task Code P600)
Fees: $15,755.70; Total Hours: 22.9

h.     Post-Completion / Post-Closing (Task Code P700)
Fees: $1,080.20; Total Hours: 2.2

9.  Matter 026915.0000039 – 2020 PG&E Corp Secured Debt Offering:

For this matter, Hunton represented PG&E in connection with providing strategy, policy and advice concerning the establishment of a Senior Secured Notes structure for PG&E Corp and the issuance of $2 billion of senior secured notes.

a.     Project Administration (Task Code P100)
Fees: $1,013.40; Total Hours: 1.1

b.     Corporate Review (Task Code P210)
Fees: $433,283.60; Total Hours: 595.5

c.     Tax (Task Code P220)
Fees: $22,231.10; Total Hours: 25.1

[insert description of tasks]
d.     Other (Task Code P280)
Fees: $10,296.50; Total Hours: 12.7

e.     Structure / Strategy / Analysis (Task Code P300)
Fees: $68,764.30; Total Hours: 81.9

f.     Initial Document Preparation / Filing (Task Code P400)
Fees: $165,354.40; Total Hours: 273.5

g.     Negotiation / Revision / Responses (Task Code P500)
Fees: $107,390.30; Total Hours: 112.8

h.     Completion / Closing (Task Code P600)
Fees: $13,311.20; Total Hours: 23.6

10. Matter 026915.0000041 – PG&E Utility 2020 Credit Facility:

For this matter, Hunton represented PG&E in connection with providing the client with strategy, policy and advice concerning the establishment of several Utility credit facilities and bank term loan facilities.

a.     Project Administration (Task Code P100)
Fees: $7,465.50; Total Hours: 13.6

b.     Corporate Review (Task Code P210)
Fees: $14,793.10; Total Hours: 33.9

    c.     <u>Tax (Task Code P220)</u>
Fees: $2,125.80; Total Hours: 2.3

    d.     <u>Environment (Task Code P230)</u>
Fees: $1,075.20; Total Hours: 1.2

    e.     <u>Real and Personal Property (Task Code P240)</u>
Fees: $286.00; Total Hours: 0.5

    f.     <u>Other (Task Code P280)</u>
Fees: $234.00; Total Hours: 0.4

    g.     <u>Structure / Strategy / Analysis (Task Code P300)</u>
Fees: $240,768.00; Total Hours: 324.0

    h.     <u>Initial Document Preparation / Filing (Task Code P400)</u>
Fees: $18,243.00; Total Hours: 29.5

    i.     <u>Negotiation / Revision / Responses (Task Code P500)</u>
Fees: $121,072.10; Total Hours: 182.1

    j.     <u>Completion / Closing (Task Code P600)</u>
Fees: $22,392.00; Total Hours: 31.1

11. <u>Matter 026915.0000042 – PG&E Corp 2020 Credit Facility:</u>

For this matter, Hunton represented PG&E in connection with providing the client with strategy, policy and advice concerning the establishment of several PG&E Corp credit facilities.

    a.     <u>Project Administration (Task Code P100)</u>
Fees: $2,826.00; Total Hours: 4.0

    b.     <u>Corporate Review (Task Code P210)</u>
Fees: $8,623.70; Total Hours: 10.4

    c.     <u>Tax (Task Code P220)</u>
Fees: $766.00; Total Hours: 2.0

    d.     <u>Other (Task Code P280)</u>
Fees: $175.50; Total Hours: 0.3

    e.     <u>Structure / Strategy / Analysis (Task Code P300)</u>
Fees: $152,824.00; Total Hours: 204.1

    f.     <u>Initial Document Preparation / Filing (Task Code P400)</u>
Fees: $20,029.50; Total Hours: 33.2

g.      <u>Negotiation / Revision / Responses (Task Code P500)</u>
Fees: $92,596.50; Total Hours:  132.6

h.      <u>Completion / Closing (Task Code P600)</u>
Fees: $17,994.59; Total Hours:  25.6

      The foregoing is merely a summary of the various professional services rendered by Hunton during the Compensation Period.  The professional services performed by Hunton were necessary and appropriate and were in the best interests of the Debtors and the estates.  Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

      The professional services performed by Hunton on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 7,519.3 recorded hours by Hunton's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, 3,764.3 recorded hours were expended by partners and counsel of Hunton, 3,620.5 recorded hours were expended by associates and staff attorneys, and 134.5 recorded hours were expended by paraprofessionals and other non-legal staff of Hunton.

      During the Compensation Period, Hunton billed the Debtors for time expended by attorneys based on hourly rates ranging from $374.00 to $1,089.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $655.42 (based on 7,384.8 records hours for attorneys at Hunton's billing rates in effect at the time of the performance of services).

**<u>Actual and Necessary Disbursements of Hunton</u>**

      Hunton has disbursed $11,256.21 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to performing the services required pursuant to the Retention Order.

Hunton has not charged the Debtors for any overtime expenses. Consistent with firm policy, attorneys and other employees of Hunton who worked late into the evenings, on weekends or holidays, or were traveling in connection with providing services to the Debtors pursuant to the Retention Order were reimbursed for their reasonable meal costs and their cost for transportation home from the office. Hunton's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.

On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Hunton's overhead for the purpose of setting billing rates.

### The Requested Compensation Should be Allowed

Section 330 of the Bankruptcy Code provides for "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)   the time spent on such services;

(B)   the rates charged for such services;

(C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and

experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

        In the instant case, Hunton submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and the completion of the Chapter 11 Cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors, and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent, and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Notice

        Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Hunton submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### Conclusion

        Hunton respectfully requests that the Court (i) award and allow on a final basis Hunton's compensation for professional services rendered during the Compensation Period in the amount of $4,883,606.41, consisting of $4,872,350.20, representing 100% of fees incurred during the Compensation Period, and reimbursement of $11,256.21, representing 100% of actual and necessary expenses incurred during the Compensation Period, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order during the Compensation Period, and (iii) grant such other and

1 further relief as is just.

2 Dated: August 31, 2020

3                                                              Respectfully submitted,

4

5                                                               _/s/ Michael F. Fitzpatrick, Jr._

6                                                              Michael F. Fitzpatrick, Jr.
                                                             HUNTON ANDREWS KURTH LLP

7                                                              200 Park Avenue
                                                             New York, New York 10166-0005

8                                                              Tel: (212) 309-1071
                                                             mfitzpatrick@HuntonAK.com

9

10                                                             *Special Counsel to Debtors*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28