1 | BRENDAN KUNKLE (State Bar # 173292)
bkunkle@abbeylaw.com
2 | ABBEY, WEITZENBERG, WARREN & EMERY, PC
100 Stony Point Road, Suite 200
3 | Santa Rosa, CA 95402
Telephone: (707) 542-5050
4 | Fax: (707) 542-2589

5 | MAX SCHUVER (SBN 273004)
WALKUP, MELODIA, KELLY & SCHOENBERGER
6 | 650 California Street, 26th Floor
San Francisco, CA 94108
7 | Telephone: (415) 981-7210
Facsimile: (415) 391-6965
8 | mschuver@walkuplawoffice.com

9 | *Attorneys for Estate of Arvel Rogers*

10

11

12 | UNITED STATES BANKRUPTCY COURT

13 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15 | In re — Bankruptcy Case No. 19-30088 (DM)

16 | **PG&E CORPORATION** — Chapter 11
(Lead Case)
17 | **-and-** — (Jointly Administered)

18 | **PACIFIC GAS AND ELECTRIC COMPANY,** — **MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY GLEN EATON, ADMINISTRATOR OF THE ESTATE OF ARVEL ROGERS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK JOHNSON; DECLARATION OF BRENDAN KUNKLE**

19 |                          **Debtors**.

20

21 | □ Affects PG&E Corporation

22 | □ Affects Pacific Gas and Electric Company

23 | ■ Affects both Debtors — Judge:   Hon. Dennis Montali
Date:    October 13, 2020
24 | — Time:    10:00 a.m.
*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* — Place.:   (Telephonic/Video Appearances Only)
25 | — United States Bankruptcy Court
Courtroom 17,
26 | — 450 Golden Gate Ave., 16th Floor
San Francisco, CA
27

28 | Objection Deadline:   October 6, 2020

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The firms of Abbey, Weitzenberg, Warren & Emery and Walkup, Melodia, Kelly & Schoenberger, together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire").

Abbey, Weitzenberg, Warren & Emery and Walkup, Melodia, Kelly & Schoenberger respectfully file this motion "Motion" on behalf of Glen Eaton ("Movant"), Administrator of the Estate of Arvel Rogers ("Estate") to deem timely late filing of proof of claim ("Subject Proof of Claim").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to factors outside of Movant's control, Movant was unable to timely file a proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow Movant to have Subject Proof of Claim deemed timely. This Court must determine whether to grant the Motion.

## II. II. FACTUAL BACKGROUND

### A. Movants' Claims Arising From Camp Fire

Arvel Rogers died on March 21, 2018 owning two parcels of property in Paradise, California on which were located a residence, a rental house, and a business. Debbie Dutter lived with the decedent in his Paradise home. Ms. Dutter worked part-time at the decedent's business, Antiques and Uniques, which was across the street from the decedent's residence.

Following the death of Mr. Rogers, Ms. Dutter and her attorney Thomas E. Baker petitioned to be appointed as the Estate representative of Arvel Rogers. This case is docketed in the County of Butte as 18PR00249. Butte County issued letters of

administration to Debbie Dutter on October 19, 2018. A true and correct copy of these letters is attached as Exhibit A.

On November 8, 2018, the Camp Fire destroyed all that Arvel Rogers had owned at his residence, rental house, and his business. In addition, the Camp Fire destroyed Debbie Dutter's residence, her part-time job, as well as all of her possessions. The Camp Fire left Ms. Dutter without a home, clothes, or transportation. She was unemployed and indebted. As such, Debbie Dutter's primary focus was on resolving her own personal disaster, which drew her attention away from the needs of the decedent's Estate. Moreover, the Camp Fire rendered Ms. Dutter unbondable.

Without the requisite bonding, the Estate was left without a representative who could handle the many tasks necessary to protect Estate assets, to process insurance claims, and to ensure that the Estate's claims against the Debtors were protected. Despite repeated efforts, the bonding issue was never resolved, and it continued to hamper Ms. Dutter's abilities to marshal Estate assets, to determine Estate creditors, to inventory and to appraise Estate assets, and to manage Estate beneficiaries, creditors, vendors, and insurance agents, as well as liaise with attorneys and city, county, state and federal officials.

Ms. Dutter was repeatedly in court to resolve the bonding issue, which had become her sole focus in administering the Estate. To complicate matters further, the Camp Fire destroyed both the home and business of Debbie Dutter's attorney, Thomas E. Baker. Mr. Baker's focus was likewise trained on recovering from these devastating losses, rather than on the matters of the Estate.

By July 2019, the challenges of administering the Estate while managing personal losses appeared to have overwhelmed Ms. Dutter and Mr. Baker. In an apparent attempt to resolve these challenges, Ms. Dutter and Mr. Baker filed an account and report asserting that all of the business of the Estate had been concluded, which implied that all the issues raised by the Camp Fire had been

resolved, and that the Estate was ready to make a final distribution and then close.

Review of Ms. Dutter's petition revealed a host of substantial defects, including: Estate assets had not been inventoried or appraised; creditor claims had not been addressed; approval to pay improper creditor claims had been requested; insurance payments with creditors had not been resolved; and the account failed to balance. Due to these shortcomings, the Estate beneficiaries petitioned to replace Ms. Dutter with Glen Eaton, a professional fiduciary. Ms. Dutter opposed the petition.

On November 26, 2019, the Butte County Superior Court issued new letters of administration, naming Glen Eaton as the Administrator of the Estate. A true and correct copy of these letters is attached as Exhibit B. Ms. Dutter did not cooperate with Mr. Eaton in the transition of the Estate administration. While Ms. Dutter timely filed multiple proofs of claim for her personal damages, she did not file any claims for the Estate.

After Mr. Eaton assumed the role of Estate representative, he was unable to obtain any substantial Estate files or information from Ms. Dutter. Ms. Dutter persisted in asserting that the estate was ready to close, and that all that remained was for Ms. Dutter to paid. Mr. Eaton worked diligently to administer the Estate, to locate Estate assets, to recover missing and lost bank statements, to identify Estate creditors, to address creditor claims, to sort out the insurance payments and claims on those payments, and to account for assets, receipts and expenditures. Mr. Eaton conducted all of these activities without any physical paper trail because Ms. Dutter had not replaced any of the Estate records burnt in the Camp Fire. It took months of investigation for Mr. Eaton to determine that neither Ms. Dutter nor the Estate attorney, Mr. Thomas Baker, had filed a proof of claim on behalf of the Estate.  In April 2020, Mr. Baker conveyed to Mr. Eaton for the first time that no proof of claim had been filed on behalf of the Estate. Upon learning this, Mr. Eaton contacted retained counsel to file a proof of claim on behalf of the estate.

It was subsequently discovered that no one had properly filed a proof of claim

naming the Estate as Creditor, though various creditors have filed no fewer than 17 proofs of claim asserting claims stemming from damage to parcels held by the Estate at the time of the Camp Fire (Claim Numbers 43629, 39200, 75843, 79606, 69025, 39202, 39201, 86358, 70244, 61796, 59818, 84618, 85716, 97671, 61084, 103411 and 60119). None of these proofs of claims asserted claims on behalf of the Estate.

On May 22, 2020, Walkup, Melodia, Kelly & Schoenberger filed claim number 105645 ("Subject Proof of Claim") on behalf of Movant. A true and correct copy of the Subject Proof of Claim is attached as Exhibit C.

**B.    General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C.    Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of

1  an Order (I) Approving Form and Manner of Notice of Hearing on Proposed

2  Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting

3  Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related

4  Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

5      On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter

6  11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of

7  Reorganization Dated March 16, 2020.

8      On March 17, 2020, the Solicitations Procedures Motion was approved and the

9  Disclosure Statement and Plan circulated for votes.

10     The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents'

11  Joint Chapter 11 Plan of Reorganization Dated March 16, 2020  [Docket No. 6320]

12  was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket

13  8048].

14     On June 20, 2020, an order was issued confirming Debtors' and Shareholder

15  Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket

16  No. 8053].

17          **D.      Extended Bar Date for Fire Victim Creditors**

18     The deadline for filing proofs of claim with respect to any prepetition claim

19  including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation

20  Claimants, Governmental Units and Customers, and for the avoidance of doubt,

21  including all secured claims and priority claims, against either of the Debtors was

22  October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims

23  was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of

24  any non-governmental Fire Claimants who did not filed Proofs of Claim by the

25  General Bar Date.

26  **III.   LEGAL ARGUMENT**

27     In a Chapter 11 case, the time to file a proof of claim may be extended under

28  certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1).

The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006]."). In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors – as well as a fifth engrafted onto the *Pioneer* analysis by some courts – weighs in favor of Movant.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent,

and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proofs of Claim is reasonable considering at the time of the bar date Movant had only recently assumed administration of the Estate, and it took months to get the information he needed from the previous Administrator and other sources in order to comprehend that the Estate had not filed a Proof of Claim. By the time Movant understood that no proof of claim had been filed naming the Estate as creditor, the Extended Bar Date had passed. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV.   CONCLUSION

For the reasons set forth above, the Movant respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1.   Granting the Motion;

2.   Finding that Subject Proof of Claim filed by Movant is to be allowed as having been timely filed; and

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

3. Granting such other or further relief as the Court deems just and proper.

Dated: August 31, 2020    ABBEY, WEITZENBERG, WARREN & EMERY, PC

By: _____/s/ Brendan Kunkle_____
BRENDAN KUNKLE (SBN 173292)
ABBEY, WEITZENBERG, WARREN &
EMERY, PC
100 Stony Point Road, Suite 200
Santa Rosa, CA 95402
Telephone: (707) 542-5050
Facsimilie: (707) 542-2589
bkunkle@abbeylaw.com
Attorneys for Estate of Arvel Rogers

Dated: August 31, 2020    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____/s/ Max Schuver_____
MAX SCHUVER (SBN 273004)
WALKUP, MELODIA, KELLY &
SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
mschuver@walkuplawoffice.com
Attorneys for Estate of Arvel Rogers

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.


By: _____ /s/ *Brendan Kunkle*
BRENDAN KUNKLE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## DECLARATION OF MARK JOHNSON

I, MARK JOHNSON, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before the courts of the State of California.

5. I am probate counsel of record for Glen Eaton ("Movant"), Administrator of the Estate of Arvel Rogers ("Estate").

6. On November 8, 2018, the day the Camp Fire ignited, the Estate held among its assets two parcels of land in Paradise, California. The Estate continues to hold these two parcels to the present day.

7. The Camp Fire destroyed all property owned by the Estate on the two parcels held by the Estate.

8. At the time of the Camp Fire, the Administrator of the Estate was Debbie Dutter, who was living and working on Estate property. This case is docketed in the County of Butte as 18PR00249. Butte County issued letters of administration to Debbie Dutter on October 19, 2018. A true and correct copy of these letters is attached as **Exhibit A**.

9. Ms. Dutter was left homeless and without her possessions in the wake of the Camp Fire.

10. Ms. Dutter, as Administrator of the Estate, was represented by attorney Thomas E. Baker.

11. Mr. Baker also lost his home and his place of business in the Camp Fire.

12. Following the Camp Fire, Ms. Dutter attempted without success for months to obtain the proper bonding required to facilitate management of the Estate

1    assets.

2         13.    On November 26, 2019, the Butte County Superior Court issued new

3    letters of administration, naming as Administrator of the Estate Glen Eaton, a

4    professional fiduciary. A true and correct copy of these letters is attached hereto as

5    **Exhibit B**.

6         14.    While Mr. Eaton was putting the affairs of the Estate in order, and

7    before Mr. Eaton discovered that the previous Administrator had not properly filed a

8    proof of claim on behalf of the Estate, the Extended Bar Date, December 31, 2019

9    passed.

10        15.    In April 2020, Mr. Baker conveyed to Mr. Eaton for the first time that

11   no proof of claim had been filed on behalf of the Estate.

12        I declare under penalty of perjury under the laws of the State of California

13   that the forgoing is true and correct and executed this 31st day of August 2020.

14

15

16        By:    _/s/ Mark Johnson_

17               MARK JOHNSON

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF BRENDAN KUNKLE

I, BRENDAN KUNKLE, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

5. I am an attorney with the law firm of Abbey, Weitzenberg, Warren & Emery, PC, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the numerous fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

6. I make this Declaration in support of the motion to allow late filing of a proof of claim ("Motion") on behalf of Glen Eaton ("Movant") in his capacity as Administrator of the Estate of Arvel Rogers ("Estate"). The Estate is represented by Walkup, Melodia, Kelly & Schoenberger.

7. Movant did not have a claim filed before the December 31, 2019 claims bar date due to unavoidable and excusable delay and should be allowed to file a proof of claim after the bar date.

8. Following the Debtors' petition for chapter 11 bankruptcy, no fewer than 17 proofs of claim were filed in the instant docket asserting claims of damages related to the addresses of the Estate properties described above. These proofs of claim include claim numbers 43629, 39200, 75843, 79606, 69025, 39202, 39201, 86358, 70244, 61796, 59818, 84618, 85716, 97671, 61084, 103411 and 60119.

9. Among those enumerated above are multiple proofs of claim filed by Ms. Dutter, Administrator of the Estate during that time.

10. None of those proofs of claim enumerated above asserted claims on

1  behalf of the Estate, the true and correct Creditor in possession of asserted real
2  property claims.

3      11.    On May 22, 2020, my co-counsel at Walkup, Melodia, Kelly &
4  Schoenberger filed claim number 105645 ("Subject Proof of Claim") on behalf of the
5  Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as
6  **Exhibit C**.

7      I declare under penalty of perjury under the laws of the State of California
8  that the forgoing is true and correct and executed this 31st day of August 2020.

11  By:    _/s/ *Brendan Kunkle*_
       BRENDAN KUNKLE

1
2
3
4
5
6
# EXHIBIT A
7
8
Letters of Administration
9
issued October 19, 2018
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

Thomas E. Baker, Esq     SBN: 161514
A Law Corporation
722 Fir Street
Paradise, Ca 95969

TELEPHONE AND FAX NOS.: 530-872-3515

ATTORNEY FOR *(Name):* Debra J. Dutter

FOR COURT USE ONLY

F I L E D
Superior Court of California
County of Butte

OCT 19 2018

Kimberly Flener, Clerk
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Butte
STREET ADDRESS: 1775 Concord Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Chico, CA 95928
BRANCH NAME:                AMENDED

ESTATE OF *(Name):*

Arvel Russell Rogers

DECEDENT

| LETTERS | CASE NUMBER: |
|---|---|

☐ TESTAMENTARY          ☑ OF ADMINISTRATION
☐ OF ADMINISTRATION WITH WILL ANNEXED   ☐ SPECIAL ADMINISTRATION

CASE NUMBER: 18PR00249

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

   a. ☐ executor.
   b. ☐ administrator with will annexed.

2. ☑ The court appoints *(name):*
   Debra J. Dutter
   a. ☑ administrator of the decedent's estate.
   b. ☐ special administrator of decedent's estate
      (1) ☐ with the special powers specified in the *Order for Probate.*
      (2) ☐ with the powers of a general administrator.
      (3) ☐ letters will expire on *(date):*

3. ☑ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☐ with full authority
   ☑ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)

Date: OCT 19 2018

Clerk, by KIMBERLY FLENER

(DEPUTY) H. AVRIT

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☑ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

   **I solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   *(Name and title):*

4. Executed on *(date):* 10/18/18
   at *(place):* Paradise                    , California.

   *(signature)* Debra J. Dutter
   (SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date:

Clerk, by

(DEPUTY)

**LETTERS**
**(Probate)**
AMENDED

Probate Code, §§ 1001, 8403, 8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

# EXHIBIT B

## Letters of Administration issued November 26, 2019

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
— Mark Johnson
142984
Attorney at Law
2531 Forest Avenue Suite 100
Chico, CA 95928
ATTORNEY FOR *(Name)* Glen Eaton

TELEPHONE AND FAX NOS.:
(530) 345-6801
(530) 302-3592

FOR COURT USE ONLY

F I L E D
Superior Court of California
County of Butte
11/26/2019
Kimberly Flener, Clerk
By _____ Deputy
*Electronically FILED*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Butte
STREET ADDRESS: 1775 Concord Avenue
MAILING ADDRESS: 1775 Concord Avenue
CITY AND ZIP CODE: Chico, 95928
BRANCH NAME: North Butte Courthouse

ESTATE OF *(Name):*
Arvel Russell Rogers

DECEDENT

| LETTERS | | CASE NUMBER: |
|---|---|---|
| ☐ TESTAMENTARY ☒ OF ADMINISTRATION ☐ OF ADMINISTRATION WITH WILL ANNEXED ☐ SPECIAL ADMINISTRATION | | 19PR00451 |

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name)* :

   a. ☐ executor.
   b. ☐ administrator with will annexed.
2. ☒ The court appoints *(name)* :
   Glen Eaton
   a. ☒ administrator of the decedent's estate.
   b. ☐ special administrator of decedent's estate
      (1) ☐ with the special powers specified
         in the *Order for Probate*
      (2) ☐ with the powers of a general
         administrator.
      (3) ☐ letters will expire on *(date)* :

3. ☒ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☒ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☒ INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name)* :

I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
*(Name and title):*

4. Executed on *(date):* 10/1/2019
at *(place):* Chico       , California.

▶ _____
(SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.



(SEAL)
Date: 11/26/2019
**KIMBERLY FLENER**
Clerk, by
_____
(DEPUTY)



(SEAL)
Date: JAN 2 4 2020
**KIMBERLY FLENER**
Clerk, by
_____
(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]
CEB® | Essential
ceb.com | Forms™

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

1
2
3
4
5
6
7

# EXHIBIT B

8

9

## Filed Proof of Claim

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br>   **PG&E CORPORATION,**<br>   **- and -**<br>   **PACIFIC GAS AND ELECTRIC COMPANY,**<br>              **Debtors.** | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

**Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.**

> **Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| **1. Who is the current creditor?** | Glen Eaton, Administrator of Estate of Arvel Russell Rogers BCSC 19 PR 00451<br>Name of the current creditor (the person or entity to be paid for this claim) |

| | |
|---|---|
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |

| | |
|---|---|
| **3. Are you filing this claim on behalf of your family?**<br>A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family. | ☑ No<br>☐ Yes     **If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:** |

| **4. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name:  Glen Eaton, Administrator of Estate of Arvel Russell Rogers BCSC 19 PR 00451<br>Attorney Name (if applicable):  Baghdadi, Khaldoun<br>Attorney Bar Number (if applicable):  190111<br>Street Address:  650 CALIFORNIA ST., 26TH FLOOR<br>City:  SAN FRANCISCO<br>State:  CA<br>Zip Code:  94108<br>Phone Number:  (415)981-7210<br>Email Address:  kbaghdadi@walkuplawoffice.com | **Where should payments to the creditor be sent? (if different)**<br><br>Name: _____<br>Attorney Name (if applicable): _____<br>Attorney Bar Number (if applicable): _____<br>Street Address: _____<br>City: _____<br>State: _____<br>Zip Code: _____<br>Phone Number: _____<br>Email Address: _____ |
|---|---|---|

| | | |
|---|---|---|
| **5. Does this claim amend one already filed?** | ☐ No<br>☑ Yes. Claim number on court claims registry (if known)    103488 | Filed on    4/30/2020<br>         MM / DD / YYYY |

| | |
|---|---|
| **6. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Page 1**

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

**7. What fire is the basis of your claim?**

Check all that apply.

☑ Camp Fire (2018)
☐ North Bay Fires (2017)
☐ Ghost Ship Fire (2016)
☐ Butte Fire (2015)
☐ Other (please provide date and brief description of fire: _____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s):

8132 Skyway, Paradise, CA 95969-3316

8122 Skyway, Paradise, CA 95969-3316

8099 Skyway, Paradise, CA 95969-3314

**9. How were you and/or your family harmed?**

Check all that apply

☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
   ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____
☑ Personal Injury
☐ Wrongful Death (if checked, please provide the name of the deceased)
   Name: _____
☑ Business Loss/Interruption
☑ Lost wages and earning capacity
☑ Loss of community and essential services
☐ Agricultural loss
☐ Other (Please specify):

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
☑ Punitive, exemplary, and statutory damages
☑ Attorney's fees and litigation costs
☑ Interest
☑ Any and all other damages recoverable under California law
☐ Other (Please specify): _____

**11. How much is the claim?**

_____ (optional)

☑ Unknown / To be determined at a later date

| Part 3: | Sign Below |
|---------|------------|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☑ I am the creditor's attorney or authorized agent.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date     04/29/2020    (mm/dd/yyyy)<br><br><br>/s/Khaldoun Baghdadi<br>Signature |

| Name | Khaldoun | | Baghdadi |
|------|----------|---|----------|
| | First name | Middle name | Last name |

| Title | Shareholder |
|-------|-------------|

| Company | Walkup, Melodia, Kelly & Schoenberger |
|---------|---------------------------------------|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 650 California Street, 26th Floor | | |
|---------|-----------------------------------|---|---|
| | Number      Street | | |
| | San Francisco | CA | 94108 |
| | City | State | ZIP Code |

| Contact phone | 4159817210 | Email | kbaghdadi@walkuplawoffice.com |
|---------------|------------|-------|-------------------------------|

Case: 19-30088    Doc# 8930    Filed: 08/31/20    Entered: 08/31/20 14:26:07    Page 23 of 23