BRENDAN M. KUNKLE (SBN 173292) bkunkle@abbeylaw.com
MICHAEL D. GREEN (SBN 214142) mgreen@abbeylaw.com
**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Telephone: 707-542-5050
Facsimile: 707-542-2589

*Attorneys for Fire Victim Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY SONOMA LAND TRUST, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRENDAN M. KUNKLE**<br><br>Date: October 13, 2020<br>Time: 10:00 a.m.<br>Place: (Telephonic/Video Appearances Only)<br>Judge: Hon. Dennis Montali<br><br>Objection Deadline: October 6, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Abbey, Weitzenberg, Warren & Emery ("Abbey Law"), together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire").

Abbey Law respectfully files this motion ("Motion") on behalf of Sonoma Land Trust ("Movant"), to deem timely the late filing of proof of claim ("Subject Proof of Claim").

# I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to misunderstandings about attorney retention, Movant was unable to timely file a proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow Movant to have Subject Proof of Claim deemed timely. This Court must determine whether to grant the Motion.

# II. FACTUAL BACKGROUND

## A. Movant's Claims Arising From North Bay Fires

Movant, Sonoma Land Trust, is a local, non-governmental, non-profit organization that protects and conserves the scenic, natural, agricultural and open landscapes of Sonoma County, and has several properties in Glen Ellen and Calistoga, California that were devastated by the 2017 North Bay Fires, beginning on October 8, 2017.

Four of Movant's properties, which collectively total over 1,000 acres, were incinerated by the 2017 North Bay Fires. Movant's properties sustained damage to various species of trees, vegetation, historical buildings, and also suffered a loss of income from a rental property. Movant's properties that were damaged as a result of the North Bay Fires are located at 3865 Cavedale Road, Glen Ellen, California ("Secret Pasture"), 13375, 13165 and 13255 Sonoma Highway/Highway 12, Glen Ellen, California ("Glen Oaks Ranch"), 13300 Sonoma Highway, Glen Ellen, California ('Stewart Creek Hill"), and 18775 Foss Hill Road, Calistoga, California ("Live Oaks Ranch").

Movant's Executive Director contacted counsel at the Abbey Law Firm on December 20, 2019 to inquire about the claims process, as Movant was unclear what constituted a viable claim. Counsel at Abbey Law directed his paralegal to contact Movant's Stewardship Director for an intake over the phone that same day, December 20, 2019. Upon completion of the paralegal's intake call with the Stewardship Director for Movant, Abbey Law's paralegal emailed a fee agreement to Movant and advised that the fee agreement and other documents needed to be

completed by Movant and returned to Abbey Law in order to file the Subject Proof of Claim for Movant. Movant's Stewardship Director confirmed receipt of the email and advised Abbey Law's paralegal that he would convey the information to the Movant's Executive Director. Subsequently, the Movant's Stewardship Director and Executive Director each believed that the other had submitted a signed fee agreement to Abbey Law before the Claims Bar Date of December 31, 2019. Due to the miscommunication, no fee agreement was actually sent to Abbey Law until after the Claims Bar Date. As a result, no proof of claim form was filed before the Claims Bar Date.

On January 7, 2020, Movant submitted a signed fee agreement to Abbey Law.

On January 7, 2020, Abbey Law filed claim number 96388 ("Subject Proof of Claim") on behalf of the Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as **Exhibit A**. Later, on this same date, January 7, 2020, Abbey Law filed an amended claim, claim number 96397 ("Subject Proof of Claim"), on behalf of the Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as **Exhibit B**.

**B. General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under Chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C**. **Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31,

2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved and the Disclosure Statement and Plan circulated for votes.

The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket No. 8048].

On June 20, 2020, an order was issued confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8053].

**D**. **Extended Bar Date for Fire Victim Creditors**

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

### III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of allowing Movant to file a late proof of claim.

The first *Pioneer* factor weighs overwhelmingly in Movant's favor because there is no danger of prejudice to the Debtors in this case. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate

is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

The second *Pioneer* factor is also satisfied by Movant because the length of its delay in filing a Proof of Claim form was minimal. Movant filed the Subject Proof of Claim on January 7, 2020, immediately after realizing it had not formally retained counsel. Movant therefore filed its Claim Form only one week after the Claim Bar Date.

The third and fourth *Pioneer* factors, the reasonableness in the delayed filing and whether Movant acted in good faith, are also met. Movant's Executive Director contacted the Abbey Firm on December 20, 2019, prior to the filing deadline, to inquire about the claims process. Movant did not contact the Abbey Firm sooner because Movant was unclear about what constituted a viable claim. Movant sought attorney representation once it learned it had a claim. However, finalizing representation was delayed just two weeks because of an innocent miscommunication between Movant's Stewardship Director and Executive Director during the holidays about who returned the signed fee agreement. As soon as Movant realized its mistake, it took action by sending a signed fee agreement and filing a Proof of Claim. Movant's delay was therefore the result of reasonable and excusable neglect.

Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that Subject Proof of Claim filed by Movant is to be allowed as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 31, 2020 | **ABBEY, WEITZENBERG, WARREN & EMERY PC** |
| 3 | | |
| 4 | | By: _/s/ Brendan M. Kunkle_ |
| | | BRENDAN M. KUNKLE (SBN 173292) |
| 5 | | **ABBEY, WEITZENBERG, WARREN & EMERY PC** |
| 6 | | 100 Stony Point Road, Suite 200 |
| | | Santa Rosa, CA 95401 |
| 7 | | Telephone: 707-542-5050 |
| | | Facsimile: 707-542-2589 |
| 8 | | bkunkle@abbeylaw.com |
| 9 | | *Attorneys for Numerous Fire Claimants* |

## DECLARATION OF BRENDAN M. KUNKLE

I, BRENDAN M. KUNKLE, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

5. I am an attorney with the law firm of Abbey, Weitzenberg, Warren & Emery, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the numerous fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

6. I make this Declaration in support of the motion to allow late filing of a proof of claim ("Motion") on behalf of Sonoma Land Trust ("Movant"). Movant is represented by Abbey, Weitzenberg, Warren & Emery.

7. Movant did not have a claim filed before the December 31, 2019 claims bar date due to unavoidable and excusable delay and should be allowed to file a proof of claim after the bar date.

8. Movant, is a local, non-governmental, non-profit organization that protects and conserves the scenic, natural, agricultural and open landscapes of Sonoma County, and has several properties in Glen Ellen and Calistoga, California that were devastated by the 2017 North Bay Fires, beginning on October 8, 2017.

9. Four of Movant's properties, which collectively total over 1,000 acres, were incinerated by the 2017 North Bay Fires. Movant's properties sustained damage to various species of trees, vegetation, historical buildings, and also suffered a loss of income from a rental property.

10. Movant's properties that were damaged as a result of the North Bay Fires are located at 3865 Cavedale Road, Glen Ellen, California ("Secret Pasture"), 13375, 13165 and

| | |
|---|---|
| 1 | 13255 Sonoma Highway/Highway 12, Glen Ellen, California ("Glen Oaks Ranch"), 13300 |
| 2 | Sonoma Highway, Glen Ellen, California ('Stewart Creek Hill"), and 18775 Foss Hill Road, |
| 3 | Calistoga, California ("Live Oaks Ranch"). |

4  10. Movant's Executive Director contacted the Abbey Firm on December 20, 2019 to inquire about the claims process, as Movant did not know what constituted a viable claim. I directed my paralegal to contact Movant's Stewardship Director for an intake over the phone that same day, December 20, 2019. Upon completion of the paralegal's intake call with the Stewardship Director for Movant, my paralegal emailed a fee agreement to Movant and advised that the fee agreement and other documents needed to be completed by Movant and returned to Abbey Law in order to file the Subject Proof of Claim for Movant. Movant's Stewardship Director confirmed receipt of the email and advised my paralegal that he would convey the information to the Movant's Executive Director. Subsequently, the Movant's Stewardship Director and Executive Director each believed that the other had submitted a signed fee agreement to Abbey Law before the Claims Bar Date of December 31, 2019. Due to the miscommunication, no fee agreement was actually sent to Abbey Law until after the Claims Bar Date. As a result, no proof of claim form was filed before the Claims Bar Date.

20. On January 7, 2020, Abbey, Weitzenberg, Warren & Emery filed claim number 96388 ("Subject Proof of Claim") on behalf of the Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as **Exhibit A**. Later, on this same date, January 7, 2020, Abbey, Weitzenberg, Warren & Emery filed an amended claim, claim number 96397 ("Subject Proof of Claim"), on behalf of the Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and executed this 31st day of August 2020.

/s/ *Brendan M. Kunkle*
BRENDAN M. KUNKLE

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
            Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
SONOMA LAND TRUST
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: SONOMA LAND TRUST
Attorney Name (if applicable): Kunkle, Brendan
Attorney Bar Number (if applicable): 173292
Street Address: 100 Stony Point Road, Suite 200
City: Santa Rosa
State: California
Zip Code: 95401
Phone Number: 7075425050
Email Address: BKunkle@abbeylaw.com

Where should payments to the creditor be sent? (if different)
Name:
Attorney Name (if applicable):
Attorney Bar Number (if applicable):
Street Address:
City:
State:
Zip Code:
Phone Number:
Email Address:

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM/DD/YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed | |
|---|---|---|
| 7. | What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____) |
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?) | Location(s): 3865 Cavedale Road, Glen Ellen, CA 95442<br><br>13375 Sonoma Hwy, Glen Ellen CA 95442<br><br>13165 Sonoma Hwy, Glen Ellen CA 95442<br><br>13255 Sonoma Hwy, Glen Ellen CA 95442<br><br>13300 Sonoma Hwy, Glen Ellen CA 95442<br><br>18775 Foss Hill Road, Calistoga, CA 94515 |
| 9. | How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ |
| 10. | What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. | How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Brendan M. Kunkle*
(Brendan M. Kunkle (Jan 7, 2020))

Email: BKunkle@abbeylaw.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Brendan | M | Kunkle |
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Abbey, Weitzenberg, Warren & Emery PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 100 Stony Point Road, Suite 200 | | |
| | Number     Street | | |
| | Santa Rosa | CA | 95401 |
| | City | State | ZIP Code |
| Contact phone | 7075425050 | Email | BKunkle@abbeylaw.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
(attach below)

☒ I do **not** have supporting documentation.

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# EXHIBIT B

| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
|---|---|

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
SONOMA LAND TRUST
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: SONOMA LAND TRUST
Attorney Name (if applicable): Kunkle, Brendan
Attorney Bar Number (if applicable): 173292
Street Address: 100 Stony Point Road, Suite 200
City: Santa Rosa
State: California
Zip Code: 95401
Phone Number: 7075425050
Email Address: BKunkle@abbeylaw.com

Where should payments to the creditor be sent? (if different)

**5. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) _____
Filed on 01/07/2020
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☑ Yes. Who made the earlier filing? Brendan M. Kunkle, Esq.

| | | |
|---|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date this Claim Form is Filed** | |
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☑ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ | |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 3865 Cavedale Road, Glen Ellen, CA 95442<br><br>13375 Sonoma Hwy, Glen Ellen CA 95442<br><br>13165 Sonoma Hwy, Glen Ellen CA 95442<br><br>13255 Sonoma Hwy, Glen Ellen CA 95442<br><br>13300 Sonoma Hwy, Glen Ellen CA 95442<br><br>18775 Foss Hill Road, Calistoga, CA 94515 | |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☑ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ | |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ | |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Brendan M. Kunkle*
(Brendan M. Kunkle (Jan 7, 2020))

Email: aproulx@abbeylaw.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Brendan | M | Kunkle |
| | First name | Middle name | Last name |
| Title | Partner | | |
| Company | Abbey, Weitzenberg, Warren & Emery PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 100 Stony Point Road, Suite 200 | | |
| | Number   Street | | |
| | Santa Rosa | CA | 95401 |
| | City | State | ZIP Code |
| Contact phone | 7075425050 | Email | BKunkle@abbeylaw.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.　　　☒ I do not have supporting documentation.
　(attach below)

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                        */s/ Brendan M. Kunkle*
                                         Brendan M. Kunkle