JOSHUA HILL JR. (SBN 250842)
jhill@mofo.com
CHRISTINE Y. WONG (SBN 284026)
christinewong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

*Special Regulatory Counsel to Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **SUMMARY OF APPLICATION OF MORRISON & FOERSTER LLP FOR FINAL ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>**Objection Deadline:** September 21, 2020, at 4:00 p.m. (Pacific Time) |

| General Information | |
| --- | --- |
| Name of Applicant: | Morrison & Foerster LLP ("**Morrison & Foerster**") |
| Authorized to Provide Professional Services to: | Special Regulatory Counsel to Debtors and Debtors in Possession |
| Retention Date: | June 12, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | None. |

| Summary of Fees and Expenses Sought in this Application | |
| --- | --- |
| Time Period Covered by this Application: | January 29, 2019 through and including July 1, 2020 (the "**Final Compensation Period**") |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Final Compensation Period: | $3,640,643.07 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Final Compensation Period: | $50,309.08 |
| Total Compensation and Expenses Requested for the Final Compensation Period: | $3,690,952.15 |

| Summary of Voluntary Fee and Expense Reductions for the Final Compensation Period | |
| --- | --- |
| Amount of Voluntary Reductions to Compensation Sought During the Final Compensation Period: | $89,445.26 |
| Amount of Voluntary Reductions to Expenses Incurred During the Final Compensation Period: | $0.00 |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
| --- | --- |
| Total Allowed Compensation Paid to Date: | $0.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |
| Total Allowed Compensation and Expenses Paid to Date: | $0.00 |

| | | |
|---|---|---|
| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements but Not Yet Allowed** | | |
| Compensation Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $2,798,239.61 | |
| Expenses Sought Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $50,176.68 | |

| | |
|---|---|
| **Summary of Rates and Other Related Information in this Application** | |

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $645.51 |
| Blended Rate in this Application for All Timekeepers: | $616.16 |
| Number of Timekeepers Included in this Application: | 48 (40 attorneys; 8 paraprofessionals and other non-legal staff) |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | The compensation sought is less than the aggregate fees budgeted for Morrison & Foerster in the debtor-in-possession financing budget for the Final Compensation Period. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Final Compensation Period: | 25 attorneys |
| Increase in Rates: | Morrison & Foerster and the Debtors previously agreed to a rate structure governing the period from January 1, 2019 through December 31, 2020, as described more fully herein. |

This is a(n):___ Interim _X_ Final Application

1

**SUMMARY OF PRIOR INTERIM FEE APPLICATIONS**

2

None.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPENSATION BY PROFESSIONAL**
**JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020**

| Name of Professional Person | Department, Date of First Admission *or* Years in Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Partners and Of Counsel** | | | | |
| Aizen, Ron | Dep't: Tax<br>Admission: 2006 | $977.50 (2019) | 23.5 | $22,971.25 |
| Becchina, Ann | Dep't: Tax<br>Admission: 1996 | $977.50 (2019) | 0.5 | $488.75 |
| Belonick, Alexa | Dep't: Corporate<br>Admission: 2012 | $637.50 (2019) | 0.9 | $573.75 |
| Chudd, Daniel E. | Dep't: Litigation<br>Admission: 2003 | $828.75 (2019) | 3.8 | $3,149.25 |
| Hill, Joshua | Dep't: Litigation<br>Admission: 2002 | $905.25 (2019) | 504.6 | $456,791.00 |
| | | $882.57 (2020) | 16.1 | $14,209.38 |
| | | $905.25 (2020) | 233.3 | $211,195.32 |
| Hines Gold, Amanda | Dep't: Tax<br>Admission: 2007 | $760.75 (2019) | 1.3 | $988.98 |
| Kaufmann, Steven M. | Dep't: Corporate<br>Admission: 1984 | $977.50 (2019) | 3 | $2,932.50 |
| Lesmes, Scott | Dep't: Corporate<br>Admission: 1996 | $871.25 (2019) | 0.5 | $435.63 |
| Liu, Jaclyn | Dep't: Corporate<br>Admission: 1998 | $977.50 (2019) | 8.6 | $8,406.50 |
| Lynn, David M. | Dep't: Corporate<br>Admission: 1995 | $1,487.50 (2019) | 0.1 | $148.75 |
| Mac Cormac, Susan H. | Dep't: Corporate<br>Admission: 1997 | $1,020.00 (2019) | 43.3 | $44,166.00 |
| | | $1,020.00 (2020) | 0.5 | $510.00 |
| Parris, Brandon C. | Dep't: Corporate<br>Admission: 1998 | $1,041.25 (2019) | 7.1 | $7,392.90 |
| Rivera, Sylvia | Dep't: Litigation<br>Admission: 2002 | $858.50 (2020) | 5.3 | $4,550.05 |
| Tate, Eric A. | Dep't: Litigation<br>Admission: 1995 | $956.25 (2019) | 0.3 | $286.88 |
| Wong, Christine Y. | Dep't: Litigation<br>Admission: 2001 | $828.75 (2019) | 527.2 | $436,918.35 |

| Name of Professional Person | Department, Date of First Admission *or* Years in Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| | | $807.98 (2020) | 0.5 | $403.99 |
| | | $828.75 (2020) | 34 | $28,177.65 |
| Arnsbarger, Linda A. | Dep't: Tax Admission: 1985 | $845.75 (2019) | 5.3 | $4,482.48 |
| Aubry, Lloyd W. | Dep't: Litigation Admission: 1975 | $760.75 (2019) | 14.1 | $10,726.62 |
| Lucia, Seth T. | Dep't: Finance & Projects Admission: 2006 | $760.75 (2019) | 47.8 | $36,363.89 |
| Nardali, Ali U. | Dep't: Tax Admission: 2008 | $760.75 (2019) | 7.9 | $6,009.97 |
| **Associates and Attorneys** | | | | |
| Abbot, Lisa H. | Dep't: Corporate Admission: | $722.50 (2019) | 13.9 | $10,042.75 |
| Annobil, Yacoba Elsie | Dep't: Litigation Admission: 2015 | $590.75 (2019) | 418.4 | $247,170.30 |
| | | $637.50 (2020) | 2.1 | $1,338.75 |
| Barr, Sarah Elizabeth | Dep't: Litigation Admission: 2017 | $467.50 (2019) | 1113.6 | $520,608.00 |
| | | $493.08 (2020) | 13.2 | $6,508.65 |
| | | $505.75 (2020) | 1.4 | $708.06 |
| Bausback, Ian K. | Dep't: Litigation Admission: 2014 | $590.75 (2019) | 5.7 | $3,367.32 |
| Butterfield, Benjamin | Dep't: Business Restructuring & Insolvency Admission: 2014 | $684.25 (2019) | 5.6 | $3,831.81 |
| Carter, Will Talcott | Dep't: Corporate Admission: 2019 | $433.50 (2019) | 3.8 | $1,647.30 |
| Finfrock, Jesse M. | Dep't: Corporate Admission: 2015 | $590.75 (2019) | 4.4 | $2,599.32 |
| Fisch, Justin | Dep't: Litigation Admission: 2017 | $467.50 (2019) | 0.2 | $93.50 |
| Floyd, Amani Solange | Dep't: Litigation Admission: 2014 | $590.75 (2019) | 486.2 | $287,223.67 |

| Name of Professional Person | Department, Date of First Admission *or* Years in Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Fox, Benjamin T.R. | Dep't: Corporate Admission: 2014 | $590.75 (2019) | 40.1 | $23,689.16 |
| Kissner, Andrew | Dep't: Business Restructuring & Insolvency Admission: 2017 | $531.25 (2019) | 50 | $26,562.76 |
| | | $580.09 (2020) | 1.8 | $1,044.18 |
| | | $595.00 (2020) | 14.5 | $8,627.50 |
| Neitzey, Christina Nic | Dep't: Litigation Admission: 2018 | $467.50 (2019) | 307.1 | $143,569.25 |
| | | $493.08 (2020) | 18.4 | $9,072.67 |
| | | $505.75 (2020) | 293.5 | $148,437.95 |
| Nelson, R. Benjamin | Dep't: Litigation Admission: 2014 | $552.50 (2019) | 140.1 | $77,405.25 |
| Nicholson, Julie A. | Dep't: Litigation Admission: 2012 | $680.00 (2019) | 911.5 | $619,820.00 |
| | | $691.96 (2020) | 32.2 | $22,281.10 |
| | | $709.75 (2020) | 78.9 | $55,999.43 |
| Park, Kwan | Dep't: Litigation Admission: 2016 | $552.50 (2019) | 26.4 | $14,586.00 |
| Parnell, Jason R. | Dep't: Corporate Admission: 2012 | $552.50 (2019) | 13.8 | $7,624.50 |
| Plymale, Rachael K. | Dep't: Litigation Admission: 2015 | $590.75 (2019) | 3.5 | $2,067.63 |
| Sandoval, Robert Santo | Dep't: Litigation Admission: 2016 | $552.50 (2020) | 10.9 | $6,022.25 |
| See, Chere C. | Dep't: Corporate Admission: 2015 | $590.75 (2019) | 1.4 | $827.05 |
| Smith, Robin A. | Dep't: Litigation Admission: 2017 | $467.50 (2019) | 3.5 | $1,636.25 |
| Walchuk, Andrew J. | Dep't: Litigation Admission: 2017 | $467.50 (2019) | 15.4 | $7,199.50 |
| **Paralegals and Non-Legal Staff** | | | | |
| Caballero, Jennifer | Dep't: Corporate Title: Impact Analyst Years in Position: 3 ½ | $233.75 (2019) | 5 | $1,168.75 |

| Name of Professional Person | Department, Date of First Admission *or* Years in Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Guido, Laura | Dep't: Business Restructuring & Insolvency<br>Title: Senior Paralegal<br>Years in Position: 12 ½ | $318.75 (2019) | 32.8 | $10,455.08 |
| | | $310.76 (2020) | 5.5 | $1,709.18 |
| | | $318.75 (2020) | 14.4 | $4,590.05 |
| Hurley, Teresa M. | Dep't: Litigation<br>Title: Senior Paralegal<br>Years in Position: 21 | $335.75 (2019) | 2 | $671.50 |
| Im, Amanda | Dep't: Litigation<br>Title: Senior Paralegal<br>Years in Position: 2 ½ | $310.25 (2019) | 56.8 | $17,622.37 |
| | | $310.25 (2020) | 12.7 | $3,940.18 |
| Manshardt, David J. | Dep't: Corporate<br>Title: Paralegal<br>Years in Position: 6 ½ | $267.75 (2019) | 1.9 | $508.73 |
| Middleman, Caitlin K. | Dep't: Litigation<br>Title: Senior Paralegal<br>Years in Position: 9 ½ | $306.00 (2019) | 34.5 | $10,557.00 |
| | | $314.50 (2019) | 232.6 | $73,152.70 |
| | | $306.62 (2020) | 18.2 | $5,580.49 |
| | | $314.50 (2020) | 108.8 | $34,217.60 |
| Williams, Jenn J. | Dep't: Tax<br>Title: Paralegal<br>Years in Position: 1 | $221.00 (2019) | 0.5 | $110.50 |
| Research Services | Dep't: Library<br>Title: Various<br>Years in Position: Various | $255.00 (2019) | 4.5 | $1,147.50 |
| | | $297.50 (2019) | 1.5 | $446.25 |
| | | $318.75 (2019) | 1 | $318.75 |
| **Total Incurred:** | | | **6,053.7** | **$3,730,088.33** |
| **Less Client Accommodation for Time Entry Review (100% of Fees Incurred):** | | | **n/a** | **$(11,112.09)** |
| **Less Client Accommodation for Non-Working Travel (50% of Fees Incurred):** | | | **n/a** | **$(39,590.24)** |
| **Additional Client Accommodation:** | | | **n/a** | **$38,742.93** |
| **Total Requested:** | | | **6,053.7** | **$3,640,643.07** |

## Summary of Total Fees

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (19) | $874.30 | 1,489.5 | $1,302,279.84 |
| Associates (21) | $560.98 | 4,031.5 | $2,261,611.86 |
| **Total Incurred by All Attorneys:** | **$645.51** | **5,521.0** | **$3,563,891.70** |
| Paraprofessionals and Other Non-Legal Staff (8) | $311.98 | 532.7 | $166,196.63 |
| **Subtotal (48 total professionals, paraprofessionals, and other non-legal staff):** | **$616.16** | **6,053.7** | **$3,730,088.33** |
| Less Client Accommodation for Time Entry Review (100% of Fees Incurred): | n/a | n/a | $(11,112.09) |
| Less Client Accommodation for Non-Working Travel (50% of Fees Incurred): | n/a | n/a | $(39,590.24) |
| Additional Client Accommodation: | n/a | n/a | $38,742.93 |
| **Total (48 total professionals, paraprofessionals, and other non-legal staff):** | **$601.39** | **6,053.7** | **$3,640,643.07** |

## COMPENSATION BY PROJECT CATEGORY
## JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020

| TASK CODE | DESCRIPTION | TIME BILLED | AMOUNT OF COMPENSATION |
|---|---|---|---|
| **Matter 18 – Securities and Disclosure** | | | |
| C100 | Fact Gathering | 0.5 | $435.63 |
| | *Subtotal* | *0.5* | *$435.63* |
| **Matter 19 – Corporate Governance (General)** | | | |
| C100 | Fact Gathering | 0.7 | $728.88 |
| C200 | Researching Law | 1.4 | $827.05 |
| P210 | Corporate Review | 1.9 | $1,615.01 |
| P220 | Tax | 3.2 | $2,706.40 |
| P270 | Regulatory Reviews | 0.2 | $93.50 |
| P300 | Structure/Strategy/Analysis | 10 | $6,268.75 |
| | *Subtotal* | *17.4* | *$12,239.59* |
| **Matter 20 – CPUC Investigation/OII** | | | |
| C100 | Fact Gathering | 1,314.9 | $745,556.31 |
| C200 | Researching Law | 127.8 | $68,281.01 |
| C312 | Client Counsel -Stat/Reg/Judicial | 527.2 | $373,037.72 |
| P100 | Project Administration | 74.9 | $24,811.21 |
| P210 | Corporate Review | 7.6 | $6,812.69 |
| P280 | Other | 11.8 | $9,220.84 |
| P300 | Structure/Strategy/Analysis | 3,277.7 | $2,060,684.95 |
| P400 | Initial Document Preparation/Filing | 198.3 | $103,713.04 |
| Z016 | Non-Working Travel | 156.4 | $79,180.48 |
| Z032 | Time Entry Review | 20.1 | $11,112.09 |
| | Client Accommodation (Time Entry Review) | | $ (11,112.09) |
| | Client Accommodation (50% Non-Working Travel) | | $ (39,590.24) |
| | Additional Discount | | $ (36,627.48) |
| | *Subtotal* | *5,716.7* | *$3,395,080.53* |
| **Matter 21 – Management Compensation** | | | |
| C200 | Researching Law | 37.8 | $24,670.01 |
| P210 | Corporate Review | 13.7 | $11,733.43 |
| P250 | Employee/Labor | 19.1 | $16,214.64 |
| P280 | Other | 8.1 | $7,968.75 |
| | *Subtotal* | *78.7* | *$60,586.83* |

| TASK CODE | DESCRIPTION | TIME BILLED | AMOUNT OF COMPENSATION |
|---|---|---|---|
| **Matter 24 – Ruby Pipeline Dispute** | | | |
| C200 | Researching Law | 0.8 | $724.20 |
| C312 | Client Counsel -Stat/Reg/Judicial | 0.7 | $633.68 |
| C341 | Business Disputes | 5.3 | $5,014.58 |
| P300 | Structure/Strategy/Analysis | 1.2 | $1,086.30 |
| | *Subtotal* | *8* | *$7,458.76* |
| **Matter 25 – Corporate Structure** | | | |
| C100 | Fact Gathering | 3.7 | $1,071.00 |
| C200 | Researching Law | 19 | $10,848.13 |
| P210 | Corporate Review | 29.8 | $27,886.82 |
| P220 | Tax | 2.1 | $1,776.08 |
| P300 | Structure/Strategy/Analysis | 143.8 | $104,220.77 |
| | *Subtotal* | *198.4* | *$145,802.80* |
| **Matter 27 – Employee Discount** | | | |
| C100 | Fact Gathering | 0.6 | $543.15 |
| C200 | Researching Law | 16.2 | $10,572.30 |
| | Client Accommodation | | $ (2,115.45) |
| | *Subtotal* | *16.8* | *$9,000.00* |
| **Matter 28 – Irrigation Districts** | | | |
| C200 | Researching Law | 12 | $5,916.96 |
| C341 | Business Disputes | 5.2 | $4,121.97 |
| | *Subtotal* | *17.2* | *$10,038.93* |
| | **Total:** | **6,053.7** | **$3,640,643.07** |

**EXPENSE SUMMARY**
**JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020**

| EXPENSE CATEGORY | AMOUNT |
|---|---:|
| Photocopies | $998.10 |
| Color Copies | $14,987.00 |
| Outside Copying Svcs | $57.40 |
| Reporting Fees | $372.00 |
| Travel | $26,411.62 |
| On-line Research - OTHER DATABASE | $3.00 |
| Epiq eDiscovery Managed Services | $2,181.50 |
| Court Filing Service | $77.50 |
| Business Meals | $250.26 |
| Travel Meals | $3,948.58 |
| Outside Copying Service | $487.50 |
| Air Freight | $32.63 |
| Messenger Service | $116.34 |
| Miscellaneous Disbursement | $60.96 |
| Meals | $146.47 |
| Transportation | $178.22 |
| **Total:** | **$50,309.08** |

1   JOSHUA HILL JR. (SBN 250842)
    jhill@mofo.com
2   CHRISTINE Y. WONG (SBN 284026)
    christinewong@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, CA 94105
    Tel: (415) 268-7000
5   Fax: (415) 268-7522
    *Special Regulatory Counsel to Debtors*
6   *and Debtors in Possession*

7

8               **UNITED STATES BANKRUPTCY COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
9                  **SAN FRANCISCO DIVISION**

10  **In re:**                            Bankruptcy Case No. 19-30088 (DM)

11  **PG&E CORPORATION,**                 Chapter 11

12       **- and –**                      (Lead Case)

13  **PACIFIC GAS AND ELECTRIC**          (Jointly Administered)
    **COMPANY,**
14                                        **FINAL FEE APPLICATION OF**
               **Debtors.**               **MORRISON & FOERSTER LLP FOR**
15                                        **ALLOWANCE AND PAYMENT OF**
    ☐ Affects PG&E Corporation            **COMPENSATION AND**
16  ☐ Affects Pacific Gas and Electric Company **REIMBURSEMENT OF EXPENSES**
    ☒ Affects both Debtors                **FOR THE PERIOD JANUARY 29, 2019**
17                                        **THROUGH AND INCLUDING JULY 1,**
    *All papers shall be filed in the Lead Case No.* **2020**
18  *19-30088 (DM).*
                                          Date:     TBD
19                                        Time:     TBD
                                          Place:    United States Bankruptcy Court
20                                                   Courtroom 17, 16th Floor
                                                     San Francisco, CA 94102
21
                                          **Objection Deadline:** September 21, 2020, at
22                                                      4:00 p.m. (Pacific Time)

23

24

25

26

27

28

Morrison & Foerster LLP ("**Morrison & Foerster**"), special regulatory counsel to the Debtors and Debtors in Possession (the "**Debtors**" in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its final application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the final allowance of compensation for professional services performed by Morrison & Foerster for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Final Compensation Period**") and for reimbursement of its actual and necessary expenses incurred during the Final Compensation Period, respectfully represents:

**PRELIMINARY STATEMENT AND CASE STATUS**

Since early 2018—and throughout the Chapter 11 Cases—Morrison & Foerster has served as regulatory defense counsel to the Debtors, and have provided the Debtors with legal advice concerning investigations by the Safety and Enforcement Division ("**SED**") of the California Public Utilities Commission (the "**CPUC**"). As a result of Morrison & Foerster's efforts, the Debtors were able to resolve the CPUC's Order Instituting Investigation (an "**OII**"), a formal investigation into the PG&E's role in wildfires that took place in 2017 and 2018. After hard fought litigation and arms' length negotiations, the parties agreed on a settlement in which PG&E agreed to forego rate recovery of certain wildfire-related expenditures to fund certain system enhancement initiatives. Although the intervenors in the OII advocated for a more punitive settlement structure, a large monetary fine, and increased financial penalties, the CPUC approved the settlement with modifications to the disallowance provision and the tax treatment of disallowed operating expenditures, and permanently suspended the payment of a cash fine.

In addition to its role as regulatory defense counsel, Morrison & Foerster has also advised the Debtors with respect to certain capital markets, corporate governance, and employee compensation matters that have arisen over the course of the Chapter 11 Cases.

During the Final Compensation Period, Morrison & Foerster assisted the Debtors in connection with, among other things, the following:

(a) advising and representing the Debtors generally in connection with

investigations conducted by SED, including by performing legal and factual due diligence, analyzing documents, conducting interviews, and formulating responses to inquiries received from CPUC (including the following data requests issued by the SED: Camp Fire SED-001 through SED-006; North Bay Fire SED-006 and SED-007; and other miscellaneous data requests);

(b) formulating strategy in advance of and preparing on behalf of the Debtors necessary motions, applications, objections, and other filings in any OIIs commenced by the SED relating to alleged violations of state laws and regulations in connection with the 2017 and 2018 wildfires;

(c) advising and representing the Debtors generally in connection with any Notices of Violation or Electric Safety Citations, pursuant to CPUC Resolution ALJ-274, commenced by the SED relating to alleged violations of state laws and regulations in connection with the 2017 and 2018 wildfires;

(d) negotiating with the SED and other regulatory bodies, as appropriate;

(e) advising and representing the Utility regarding its rights and obligations under its Transportation Services Agreements with Ruby Pipeline, L.L.C.;

(f) preparing memoranda analyzing compensation, corporate, and labor law considerations relating to the PG&E Corp. and Utility Executive Incentive Compensation Recruitment Policy;

(g) formulating strategy and providing general legal advice with respect to executive compensation policies; and

(h) advising the Debtors with respect to regulatory disclosures, corporate governance, and the Debtors' corporate form.

Morrison & Foerster has endeavored to monitor and coordinate with the other professionals in these Chapter 11 Cases to ensure a clear delineation of each firm's respective roles in connection with the representation of the Debtors in these Chapter 11 Cases and to prevent duplication of services. The professional services performed and expenses incurred by Morrison & Foerster were actual and necessary to preserve and protect the value of the Debtors' assets and estates.

This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District*

*of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**,") and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (as approved by the Court's Order dated November 15, 2019, as amended December 18, 2019 and January 30, 2020, the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

In light of the size, complexity, and nature of these Chapter 11 Cases, Morrison & Foerster's charges for professional services performed and expenses incurred are reasonable under the applicable standards. Morrison & Foerster respectfully requests that the Court grant the Application and allow compensation for professional services performed and reimbursement for expenses as requested herein on a final basis.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019,

the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

### The Debtors' Retention of Morrison & Foerster

On May 22, 2019, the Debtors filed an application to employ Morrison & Foerster as special regulatory counsel, effective as of the Petition Date [Docket No. 2193] (the "**Initial Retention Application**"), which application was approved by Order, dated June 11, 2019 [Docket No. 2502] (the "**Retention Order**"). A copy of the Retention Order is annexed hereto as **Exhibit A**.

Subsequently, on December 2, 2019, Morrison & Foerster filed a supplemental application to amend the scope of the Debtors' retention of Morrison & Foerster as special regulatory counsel, effective as of the Petition Date [Docket No. 4947] (together with the Initial Retention Application, the "**Retention Application**"), which application was approved by Order, dated December 31, 2019 [Docket No. 5242] (the "**Supplemental Retention Order**," and, along with the Retention Order, the "**Retention Orders**"). A copy of the Supplemental Retention Order is annexed hereto as **Exhibit B**.

The Retention Orders authorize the Debtors to compensate and reimburse Morrison & Foerster in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines, and the Interim Compensation Order. The Retention Orders also authorize the Debtors to compensate Morrison & Foerster at its customary hourly rates for services rendered and to reimburse Morrison & Foerster for its actual and necessary expenses incurred, subject to application to this Court.

### Summary of Professional Compensation
### and Reimbursement of Expenses Requested

Morrison & Foerster seeks allowance of compensation for professional services

performed during the Final Compensation Period in the amount of $3,640,643.07 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $50,309.08. During the Final Compensation Period, Morrison & Foerster attorneys and paraprofessionals expended a total of 6,053.7 hours in connection with the necessary services performed. During the Final Compensation Period, Morrison & Foerster voluntarily reduced the amount of fees requested by $89,445.26, and voluntarily reduced the amount of expenses incurred by $0.00.

There is no agreement or understanding between Morrison & Foerster and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Morrison & Foerster pursuant to the Interim Compensation Order, during the Final Compensation Period, Morrison & Foerster received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

Since the Petition Date, Morrison & Foerster has received payment from the Debtors of $2,798,239.61 in fees and $50,176.68 for reimbursement of expenses pursuant to the Interim Compensation Order. The fees charged by Morrison & Foerster in these Chapter 11 Cases are billed in accordance with Morrison & Foerster's existing billing rates and procedures in effect during the Final Compensation Period. The rates Morrison & Foerster charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Morrison & Foerster charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

The summary sheets contain a schedule of Morrison & Foerster professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during the Final Compensation Period, the capacities in which each individual is employed by Morrison & Foerster, the department in which each individual practices, the hourly billing rate charged by

Morrison & Foerster for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

The summary sheets also contain a summary of Morrison & Foerster's hours billed during the Final Compensation Period using project categories described therein and hereinafter described. Morrison & Foerster maintains computerized records of the time spent by all Morrison & Foerster attorneys and paraprofessionals in connection with the prosecution of these Chapter 11 Cases. Copies of these computerized records (as modified to address privileged and confidential matters) have been filed on the docket with Morrison & Foerster's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner in the format specified by the Fee Guidelines.

The summary sheets also contain a schedule specifying the categories of expenses for which Morrison & Foerster is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Morrison & Foerster's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee, and the Fee Examiner.

Annexed hereto as **Exhibit C** is a certification regarding Morrison & Foerster's compliance with the Fee Guidelines.

Annexed hereto as **Exhibit D** is a summary and comparison of the aggregate blended hourly rates billed by Morrison & Foerster's timekeepers in New York to non-bankruptcy matters during the preceding year on a rolling 12 months year ending July 1, 2020, along with the blended hourly rates billed to the Debtors during the Final Compensation Period.

Morrison & Foerster discussed its rates, fees, and staffing with the Debtors at the outset of these cases. Further, Morrison & Foerster provided the Debtors with estimated budgets in connection with these cases. A summary of Morrison & Foerster's budget is attached hereto as **Exhibit E**. A summary of staffing is attached hereto as **Exhibit F**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the Chapter 11 Cases, preservation of the Debtors' assets, and the other matters described herein. The Debtors are aware

of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved, and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Compensation Period, but were not processed prior to the preparation of this Application, Morrison & Foerster reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services Performed by
### Morrison & Foerster During the Final Compensation Period

As described above, during the Final Compensation Period, Morrison & Foerster rendered substantial professional services to the Debtors. The following is a summary of the significant professional services rendered by Morrison & Foerster during the Final Compensation Period, organized in accordance with Morrison & Foerster's internal system of project or work codes.[1]

*Matter 18 – Securities and Disclosure*

    a.  Fact Gathering (Project Category C100)
        Fees: $435.63; Total Hours: .5

- Analyzed the Debtors' public disclosures regarding ratio of executive compensation to employee compensation, and proposed revisions to same.

*Matter 19 – Corporate Governance (General)*

    a.  Fact Gathering (Project Category C100)
        Fees: $728.88; Total Hours: 0.7

- Analyzed eligibility and filing requirements for conducting business under Colorado law.

    b.  Researching Law (Project Category C200)
        Fees: $827.05; Total Hours: 1.4

- Analyzed eligibility and filing requirements for conducting business under Colorado law.

---

[1] Certain services performed overlap between, or could appropriately be allocated to, more than one task code.

c. Corporate Review (Project Category P210)
   Fees: $1,615.01; Total Hours: 1.9

   - Conducted legal review of Debtors' audit committee charter and compliance with applicable law.

d. Tax (Project Category P220)
   Fees: $2,706.40; Total Hours: 3.2

   - Analyzed tax issues with respect to joint ownership of business entity with a municipality.

e. Regulatory Reviews (Project Category P270)
   Fees: $93.50; Total Hours: 0.2

   - Analyzed regulatory implications of certain state enforcement matters.

f. Structure/Strategy/Analysis (Project Category P300)
   Fees: $6,268.75; Total Hours: 10

   - Considered potential changes to Debtors' corporate form and structure; and
   - Drafted memorandum regarding implications of same.

### Matter 20 – CPUC Investigation/OII

a. Fact Gathering (Project Category C100)
   Fees: $745,556.31; Total Hours: 1,314.9

   - Analyzed data and information requests received from various parties in connection with investigation and enforcement actions;
   - Coordinated response strategy with respect to the foregoing, along with, among others, subject matter experts, the Morrison & Foerster team, the Debtors, and their outside counsel;
   - Prepared responses and objections to requests received from SED, The Utility Reform Network, CalPA, and other parties, including drafting extensive narrative responses to certain requests;
   - Formulated discovery plan for CPUC investigation, coordinated with the Debtors on search terms, custodians, and collection of emails and other correspondence, and advised the Debtors regarding privilege issues and defenses to production;
   - Drafted correspondence to and engaged in meet-and-confers with SED with respect to data requests;
   - Conducted interviews with the Debtors' employees regarding subjects of CPUC investigation;
   - Prepared, compiled, and analyzed for privilege / confidentiality various document productions;
   - Prepared for and developed response strategy with respect to additional OII commenced by CPUC; and

- Participated in numerous meetings, conference calls, and other discussions with the Debtors, the Morrison & Foerster team, and other parties regarding the foregoing.

b. <u>Researching Law (Project Category C200)</u>
Fees: $68,281.01; Total Hours: 127.8

- Conducted legal research regarding numerous topics and issues, including, but not limited to, percipient and expert witnesses, appellate rights, statutory penalties, agency deference under state and federal administrative law, public records laws, and standards for settlement approval; and

- Drafted memoranda analyzing the foregoing.

c. <u>Client Counsel – Statutory/Regulatory/Judicial (Project Category C312)</u>
Fees: $373,037.72; Total Hours: 527.2

- Participated on numerous calls and in-person meetings with the Debtors regarding, among other things, CPUC investigations, discovery requests, general case status, identification of potential witnesses, the development of corrective actions and work plans, and the settlement of investigations and enforcement actions;

- Advised the Debtors regarding potential impact of investigation and enforcement actions, including damages and penalties;

- Coordinated with the Debtors to obtain documents, materials, and other information responsive to discovery requests;

- Met with the Debtors' employees to draft and review written statements and prepare oral testimony; and

- Drafted, revised, and conducted presentations on the foregoing to the Debtors' management team.

d. <u>Project Administration (Project Category P100)</u>
Fees: $24,811.21; Total Hours: 74.9

- Analyzed various pleadings filed with the Bankruptcy Court and their impact on various workstreams;

- Maintained case calendar and submissions file; and

- Downloaded, compiled, and distributed periodic docket updates to members of the Morrison & Foerster team.

e. <u>Corporate Review (Project Category P210)</u>
Fees: $6,812.69; Total Hours: 7.6

- Analyzed and revised draft securities law disclosures with respect to ongoing investigations and enforcement actions.

f. <u>Other (Project Category P280)</u>
Fees: $9,220.84; Total Hours: 11.8

- Analyzed miscellaneous documents, including proposed securities law disclosures, media statements, and bankruptcy court filings, to

consider their impact on various workstreams.

g. Structure/Strategy/Analysis (Project Category P300)
Fees: $2,060,684.95; Total Hours: 3,277.7

- Participated in numerous meetings and conference calls with the Morrison & Foerster team to discuss case status, project management, and overall strategy;

- Met and participated on calls with co-counsel to formulate and discuss strategy with respect to CPUC investigations and data requests;

- Engaged in motion practice before administrative law judge, including drafting, revision, and analysis of various procedural and substantive pleadings to be filed by the Debtors or filed by other parties in interest;

- Prepared for and participated in status conferences and hearings before administrative law judge;

- Drafted responses to OIIs, as well as developing and compiling materials in support of same;

- Worked with fact witnesses to prepare for written and oral testimony;

- Analyzed expert witness reports;

- Drafted corrective actions reports, formulated go-forward mitigation plans, and consulted on development of Debtors' mobile application;

- Attended numerous meetings and conference calls with SED regarding case status and potential settlement;

- Developed, negotiated, finalized, and implemented terms of global settlement among the Debtors, regulatory authorities, and other interested parties, including drafting and prosecuting a motion for judicial approval of the settlement agreement;

- Prepared supplemental information regarding proposed settlement in response to administrative law judge request; and

- Represented the Debtors in the CPUC appellate process with respect to the settlement agreement.

h. Initial Document Preparation/Filing (Project Category P400)
Fees: $103,713.04; Total Hours: 198.3

- Drafted, revised, and prepared for filing the Retention Applications and Morrison & Foerster's monthly fee statements; and

- Prepared and filed various pleadings and miscellaneous filings in the Bankruptcy Court and before administrative law judge.

i. Non-Working Travel Time (Project Category Z016)
Fees: $79,180.48; Total Hours: 156.4

- Fees incurred in this category represented non-working travel and, in accordance with the UST Guidelines, 50% of the time in this

category was written off.[2]

j. Time Entry Review (Project Category Z032)
Fees: $11,112.09; Total Hours: 20.1

- Fees incurred in this category were for time spent analyzing invoices for compliance with the UST Guidelines, the Local Guidelines, and the Fee Protocol, and revising time entries to redact confidential information. In accordance with the UST Guidelines, all time in this category was written off.

### Matter 21 – Management Compensation

a. Researching Law (Project Category C200)
Fees: $24,670.01; Total Hours: 37.8

- Analyzed the Debtors' public disclosures regarding ratio of executive compensation to employee compensation, and conducted legal research with respect to sufficiency of same;
- Conducted legal research regarding Debtors' executive compensation policies and conditions for "clawback" of incentive pay; and
- Drafted memoranda with respect to the foregoing.

b. Corporate Review (Project Category P210)
Fees: $11,733.43; Total Hours: 13.7

- Analyzed the Debtors' proxy statement with respect to executive compensation issues and proposed revisions to same;
- Revised proposed employment agreements for newly-hired management team members; and
- Considered various deferred compensation structures.

c. Employee/Labor (Project Category P250)
Fees: $16,214.64; Total Hours: 19.1

- Participated on calls regarding executive compensation policies;
- Advised the Debtors on "clawback" and indemnification provisions in executive compensation plans; and
- Drafted memorandum with respect to the foregoing.

---

[2] As a further accommodation to the Debtors, Morrison & Foerster agreed to write off approximately $37,000 in additional non-working travel time (*i.e.*, nearly all of the remaining 50%), which was reflected as an additional discount on the *Second Monthly Fee Statement of Morrison & Foerster LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period from August 1, 2019 through August 31, 2019* [Docket. No. 4598].

d.  Other (Project Category P280)
    Fees: $7,968.75; Total Hours: 8.1

    • Advised the Debtors on best practices with respect to engagement
      of independent compensation consultant.

**Matter 24 – Ruby Pipeline Dispute**

a.  Researching Law (Project Category C200)
    Fees: $724.20; Total Hours: 0.8

    • Conducted legal research regarding Transportation Services
      Agreement provisions, potential claims and defenses, and various
      statutory remedies.

b.  Client Counsel – Statutory/Regulatory/Judicial (Project Category C312)
    Fees: $633.68; Total Hours: 0.7

    • Advised Debtors with respect to expiration and extension of
      standstill agreement.

c.  Business Disputes (Project Category C341)
    Fees: $5,014.58; Total Hours: 5.3

    • Advised Debtors regarding bankruptcy impact on Ruby issues;

    • Drafted and revised correspondence relating to standstill agreement
      and extension thereof; and

    • Analyzed impact of plan of reorganization on the foregoing.

d.  Structure/Strategy/Analysis (Project Category P300)
    Fees: $1,086.30; Total Hours: 1.2

    • Conducted strategic overview of legal arguments relating to Ruby
      dispute.

**Matter 25 – Corporate Structure**

a.  Fact Gathering (Project Category C100)
    Fees: $1,071.00; Total Hours: 3.7

    • Conducted factual research to identify precedent relating to
      corporate structure of electric cooperatives, municipal utilities, and
      public benefit corporations.

b.  Researching Law (Project Category C200)
    Fees: $10,848.13; Total Hours: 19

    • Conducted legal research regarding various regulatory requirements
      relating to corporate structure, bond issuance, and government
      dealings; and

    • Analyzed impact of California procurement laws on various
      corporate structures.

e. <u>Corporate Review (Project Category P210)</u>
Fees: $27,886.82; Total Hours: 29.8

- Drafted and revised memoranda analyzing potential corporate structures and impact on directors and officers;
- Advised Debtors regarding feasibility of various structures and participated in management meetings with respect to same; and
- Considered various plan of reorganization provisions to effectuate changes to corporate form.

f. <u>Tax (Project Category P220)</u>
Fees: $1,776.08; Total Hours: 2.1

- Drafted memorandum addressing tax consequences of certain corporate structures.

g. <u>Structure/Strategy/Analysis (Project Category P300)</u>
Fees: $104,220.77; Total Hours: 143.8

- Prepared for and participated in management meetings regarding corporate restructuring options;
- Analyzed impact of the foregoing on public reporting requirements, capital raising, and government procurement;
- Drafted and revised white paper regarding potential conversion to public benefit corporation;
- Coordinated with Debtors' outside counsel regarding alternative reorganization structures;
- Considered potential bankruptcy issues arising from the foregoing; and
- Advised the Debtors on post-emergence corporate governance matters.

*Matter 27 – Employee Discount*

a. <u>Fact Gathering (Project Category C100)</u>
Fees: $543.15; Total Hours: 0.6

- Analyzed prior work product regarding employee discount program and potential consumer protection issues arising from changes to same.

b. <u>Researching Law (Project Category C200)</u>
Fees: $10,572.30; Total Hours: 16.2

- Conducted legal research on consumer protection laws, automatic billing and related opt-out requirements, and retroactive modifications to existing contracts.

***Matter 28 – Irrigation Districts***

    a.   Business Disputes (Project Category C341)
          Fees: $5,916.96; Total Hours: 12

- Advise the Debtors with respect to various Federal Energy Regulatory Commission ("**FERC**") issues arising from irrigation district dispute; and
- Drafted settlement proposal with respect to the foregoing.

    b.   Researching Law (Project Category C200)
          Fees: $4,121.97; Total Hours: 5.2

- Conducted legal research regarding potential FERC damages.

The foregoing is merely a summary of the various professional services rendered by Morrison & Foerster during the Final Compensation Period. The professional services performed by Morrison & Foerster were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.

The professional services performed by partners, counsel, and associates of Morrison & Foerster were primarily rendered by the Litigation and Corporate Departments. As set forth in the Retention Applications, Morrison & Foerster has extensive general experience in and knowledge of the energy industry, as well as Morrison & Foerster's reorganized expertise in the field of regulatory defense, criminal investigations, and litigation involving state and federal government entities.

The professional services performed by Morrison & Foerster on behalf of the Debtors during the Final Compensation Period required an aggregate expenditure of 6,053.7 recorded hours by Morrison & Foerster's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, 1,489.5 recorded hours were expended by partners and counsel of Morrison & Foerster, 4,031.5 recorded hours were expended by associates, 532.7 recorded hours were expended by paraprofessionals and other non-legal staff of Morrison & Foerster.

During the Final Compensation Period, Morrison & Foerster billed the Debtors for

time expended by attorneys based on hourly rates ranging from $1,487.50 to $433.50 per hour for attorneys.[3]  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $645.51 (based on 5,521 recorded hours for attorneys at Morrison & Foerster's billing rates in effect at the time of the performance of services).

### **Actual and Necessary Disbursements of Morrison & Foerster**

Morrison & Foerster has disbursed $50,309.08 as expenses incurred in providing professional services during the Final Compensation Period.  These expenses are reasonable and necessary and were essential to, among other things, timely respond to motions and objections and the overall administration of these Chapter 11 Cases.

Morrison & Foerster has not charged the Debtors for any overtime expenses. Consistent with firm policy, attorneys and other employees of Morrison & Foerster who worked late into the evenings, on weekends or holidays, or were traveling in connection with these Chapter 11 Cases were reimbursed for their reasonable meal costs and their cost for transportation home from the office.  Morrison & Foerster's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The amounts for which Morrison & Foerster is seeking reimbursement for reasonable meal costs are consistent with the local practice for chapter 11 cases filed in the Southern District of New York and the District of Delaware.

With respect to photocopying expenses, as set forth in the Retention Application, Morrison & Foerster charges all of its clients $.10 per page; for color copies, Morrison & Foerster charges $.50 per page.  Except as set forth herein, each of these categories of expenses does not exceed the maximum rate set by the Local Guidelines.  These charges are intended to cover Morrison & Foerster's direct operating costs, which costs are not incorporated into the Morrison & Foerster hourly billing rates.  Only clients who actually use services of the types set forth in the

---

[3] The rates charged by Morrison & Foerster are discussed in greater detail in the certification attached hereto as **Exhibit C**.

summary sheet are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Morrison & Foerster to cover the related expenses of its photocopying service and represents a good faith estimate of the actual cost of the copies. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Morrison & Foerster's overhead for the purpose of setting billing rates. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and their economic stakeholders.

### The Requested Compensation Should Be Allowed

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In the instant case, Morrison & Foerster submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases. Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors, and all other parties in interest. The compensation requested herein is reasonable and appropriate in light of the nature, extent, and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases.

The professional services were performed expediently and efficiently. Whenever possible and appropriate, Morrison & Foerster sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

In sum, the services rendered by Morrison & Foerster were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order. Morrison & Foerster submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be

provided.

**Conclusion**

Morrison & Foerster respectfully requests that the Court (i) award an interim allowance of Morrison & Foerster's compensation for professional services rendered during the Final Compensation Period in the amount of $3,690,952.15, consisting of $3,640,643.07, representing 100% of fees incurred during the Final Compensation Period, and reimbursement of $50,309.08, representing 100% of actual and necessary expenses incurred during the Final Compensation Period, and that such allowance be without prejudice to Morrison & Foerster's right to seek additional compensation for services performed and expenses incurred during the Final Compensation Period which were not processed at the time of this Application, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order, and (iii) grant such other and further relief as is just.

Dated: August 31, 2020

**MORRISON & FOERSTER LLP**

By: */s/ Joshua Hill Jr.*
    Joshua Hill Jr.

*Special Regulatory Counsel to Debtors
and Debtors in Possession*

|    | **Notice Parties** |
|----|---|
| 1  |  |
| 2  | PG&E Corporation |
|    | c/o Pacific Gas & Electric Company |
| 3  | 77 Beale Street |
|    | San Francisco, CA 94105 |
| 4  | Attn:   Janet Loduca, Esq. |
| 5  | Keller Benvenutti Kim LLP |
|    | 650 California Street, Suite 1900 |
| 6  | San Francisco, CA 94108 |
|    | Attn:   Tobias S. Keller, Esq., |
| 7  |         Jane Kim, Esq. |
| 8  | The Office of the United States Trustee for Region 17 |
|    | 450 Golden Gate Avenue, 5th Floor, Suite #05-0153 |
| 9  | San Francisco, CA 94102 |
|    | Attn:   James L. Snyder, Esq., |
| 10 |         Timothy Laffredi, Esq. |
| 11 | Milbank LLP |
|    | 55 Hudson Yards |
| 12 | New York, NY 10001-2163 |
|    | Attn:   Dennis F. Dunne, Esq., |
| 13 |         Sam A. Khalil, Esq. |
| 14 | Milbank LLP |
|    | 2029 Century Park East, 33rd Floor |
| 15 | Los Angeles, CA 90067 |
|    | Attn:   Paul S. Aronzon, Esq., |
| 16 |         Gregory A. Bray, Esq., |
|    |         Thomas R. Kreller, Esq. |
| 17 |  |
|    | Baker & Hostetler LLP |
| 18 | 11601 Wilshire Boulevard, Suite 1400 |
|    | Los Angeles, CA 90025-0509 |
| 19 | Attn:   Eric Sagerman, Esq., |
|    |         Cecily Dumas, Esq. |
| 20 |  |
|    | Bruce A. Markell Fee Examiner |
| 21 | 541 N. Fairbanks Ct., Ste 2200 |
|    | Chicago, IL 60611-3710 |
| 22 |  |
|    | Scott H. McNutt 3 |
| 23 | 24 Warren Road |
|    | San Mateo, California 94402 |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |