# Exhibit C
## Certification

JOSHUA HILL JR. (SBN 250842)
jhill@mofo.com
CHRISTINE Y. WONG (SBN 284026)
christinewong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522
*Special Regulatory Counsel to Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**CERTIFICATION OF JOSHUA HILL JR. IN SUPPORT OF FINAL FEE APPLICATION OF MORRISON & FOERSTER LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |

ny-1976739

I, Joshua Hill Jr., hereby certify that:

1. I am a partner with the applicant firm, Morrison & Foerster LLP ("**Morrison & Foerster**"), and involved in Morrison & Foerster's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I am familiar with the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**,"), and the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] (as approved by the Court's Order dated November 15, 2019, as amended December 18, 2019 and January 30, 2020, the "**Fee Protocol**" and, together with the Local Guidelines and the UST Guidelines, the "**Fee Guidelines**").

2. This Certification is made in connection with Morrison & Foerster's Application, dated August 31, 2020 (the "**Application**"),[1] for final compensation and reimbursement of expenses for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Final Compensation Period**").

3. Pursuant to the Local Guidelines, I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information, and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought fall within the Local Guidelines; and

   c. The fees and disbursements sought are billed at rates in accordance with those generally charged by Morrison & Foerster and generally

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to such terms in the Application.

accepted by Morrison & Foerster's clients.

4. I certify that the Debtors, counsel for each of the Committees, and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5. **Exhibit D** to the Application compares the blended hourly rate billed by attorneys and paralegals in Morrison & Foerster's Denver and San Francisco offices to non-bankruptcy matters during the preceding year on a rolling 12 months year ending July 1, 2020 with the blended hourly rate billed by attorneys and paralegals to the Debtors in connection with the Chapter 11 Cases during the Final Compensation Period. Morrison & Foerster does not charge a premium for bankruptcy related services as compared to other services.

6. Morrison & Foerster responds to the questions identified in the UST Guidelines as follows:

> Question 1: Did Morrison & Foerster agree to any variations from, or alternatives to, Morrison & Foerster's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Final Compensation Period? If so, please explain.
>
> Answer: Yes. In connection with the competitive RFP process through which Morrison & Foerster was selected to represent the Debtors, the Debtors negotiated certain billing rate and volume discounts from its standard rates. For the period January 1, 2019 through December 31, 2020, the substantial majority of timekeepers were billed at Morrison & Foerster's standard 2019 rates (*i.e.*, with no increase in rates for 2020). In addition, all timekeepers' rates were subject to volume discounts based upon aggregate annual billing.
>
> Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Morrison & Foerster discuss the reasons for the variation with the client?
>
> Answer: The aggregate fees sought in the Application do not exceed by 10% or more the aggregate fees budgeted for Morrison & Foerster for the Final Compensation Period.
>
> Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the Chapter 11 Cases?
>
> Answer: No.
>
> Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.
>
> Answer: Yes. Consistent with the UST Guidelines, all such time was

written off.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: Yes. Consistent with the UST Guidelines, all such time was written off.

Question 6: Does the Application include any rate increases since Morrison & Foerster's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

Answer: See answer to question 1 above.

Dated: August 31, 2020
Oakland, California

/s/ Joshua Hill Jr.
Joshua Hill Jr.