GREGG M. FICKS (State Bar No. 148093)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-gmf@cpdb.com

*Special Counsel to Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS & ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* *All papers shall be filed in Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**CERTIFICATION OF GREGG M. FICKS IN SUPPORT OF THIRD INTERIM AND FINAL FEE APPLICATION OF COBLENTZ PATCH DUFFY & BASS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES (FEBRUARY 1, 2020 THROUGH JULY 1, 2020; JANUARY 29, 2019 THROUGH JULY 1, 2020)**<br><br>Date: TBD<br>Time: TBD<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>**Objection Deadline:** September 21, 2020 at 4:00 p.m. (Pacific Time) |

I, Gregg M. Ficks, hereby certify as follows:

1. I am attorney licensed to practice law in the State of California. I am a partner at the law firm of Coblentz Patch Duffy & Bass LLP, Special Counsel to the Debtors,[1] and am authorized to make this Declaration in that capacity. Except as otherwise may be stated herein, all statements in this Certification are based on my personal knowledge, and, if called upon to do so, I could and would testify to them.

2. I make this Certification in support of the *Third Interim and Final Fee Application of Coblentz Patch Duffy & Bass LLP for Allowance and Payment of Compensation and Reimbursement of Expenses (February 1, 2020 through July 1, 2020; January 29, 2019 through July 1, 2020)* (the "**Interim and Final Application**") filed herewith. I am the attorney designated by Coblentz to sign the Interim and Final Application on its behalf.

3. Pursuant to the Northern District Guidelines, I certify that:

    A. I have read the Interim and Final Application.

    B. To the best of my knowledge, information, and belief formed after reasonable inquiry, the compensation and expense reimbursement sought in the Interim and Final Application are in conformity with the Northern District Guidelines, except as otherwise may be indicated in the Interim and Final Application.

    C. The compensation requested in the Interim and Final Application has been billed at rates, and in accordance with, practices no less favorable to the Debtors than those currently employed by the Firm and generally accepted by the Firm's clients.

4. There is no agreement or understanding between Coblentz and any other person or entity other than the partners of the Firm for the sharing of compensation to be received for services rendered in these cases.

5. As required by the Northern District Guidelines, the Firm has sent billing

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Interim and Final Application described in Paragraph 2 herein.

statements to the Debtors on a monthly basis. I certify that the Debtors, counsel for the Creditors Committee and the TCC, and the U.S. Trustee each are being provided with a copy of the Interim and Final Application in accordance with the Interim Compensation Order.

6. Attached hereto as **Exhibit A** is a true and correct copy of a letter transmitting the Interim and Final Application to the Debtors and advising them of their rights to review and object to the compensation and expense reimbursement sought therein.

7. The Firm responds to the questions identified in Item C.4. of the U.S. Trustee Guidelines as follows:

Question 1: Did the Firm agree to any variations from, or alternatives to, the Firm's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim and Final Fee Periods? If so, please explain. Answer: The Firm discounted its 2019 standard rates for the Debtors as described in the Application seeking the Firm's retention as Special Counsel [Dkt. No. 2595], and discounted its 2020 standard rates for the Debtors as set forth in the Notice Regarding Rate Changes filed November 22, 2019 [Dkt. No. 4845].

Question 2: If the fees sought in the Interim Application as compared to the fees budgeted for the time period covered by the Interim Application are higher by 10 percent or more, did the Firm discuss the reasons for the variation with the client? Answer: The Debtors provide annual budgets to the Firm for some of the matters the Firm handles for them. These budgets are subject to periodic adjustment by the Debtors as each calendar year progresses. To the extent the Debtors provided annual and current budgets to the Firm for the matters the Firm is handling for them as Special Counsel, the Firm has not exceeded those budgets by ten (10) percent or more during the Interim Fee Period or the Final Fee Period.

Question 3: Have any of the professionals included in the Interim Application varied their hourly rate based on geographic location of the Chapter 11 Cases? Answer: No.

Question 4: Does the Interim Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees. Answer: The Interim and Final Application includes fees for reviewing and

reducing proposed invoices just prior to the invoices being issued and transmitted to the Debtors, and/or in conjunction with preparation of the Firm's Monthly Fee Statements, in order to seek to conform the invoices to the Northern District Guidelines and the U.S. Trustee Guidelines. The Firm billed for such tasks as part of a category designated as Bankruptcy-Related Matters in the Interim and Final Application. The time and fees so incurred during the Interim Fee Period total approximately 4.2 hours, corresponding to approximately $2,956.80 in fees, and approximately 13.3 hours, corresponding to approximately $8,706.90 in fees, during the Final Fee Period. However, 9.1 of these hours during the Final Fee Period, corresponding to approximately $5,750.10 in fees, already have been the subject of fee negotiation and reduction with the Fee Examiner in connection with Coblentz's First and Second Interim Fee Applications, as described in Section I.C. of the Interim and Final Application.

<u>Question 5</u>: Does the Interim Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees. <u>Answer</u>: No.

<u>Question 6</u>: Does the Interim Application include any rate increases since the Firm's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases? <u>Answer</u>: Yes, Interim and Final Application includes rate increases since the Firm's retention in this case, which increases became effective January 1, 2020. The Firm previously had advised the Debtors that the Firm typically increases its hourly rates annually. The rate increases that became effective January 1, 2020, were discussed with, and approved by, the Debtors prior to the implementation of the new rates at such date. The new rates continue to be discounted from Coblentz's standard hourly rates.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 31st day of August, 2020, in San Francisco, California.

<i>/s/ Gregg M. Ficks</i><br>Gregg M. Ficks