MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First Street West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Email: macclaw@macbarlaw.com

*Special Counsel for the
Official Committee of Tort Claimants*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    -and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Debtors<br><br>☐   Affects PG&E Corporation<br>☐   Affects Pacific Gas & Electric<br>■   Affects both Debtors<br><br>*All papers shall be filed in the Lead Case 19-30088 DM* | Case No. 19-30088 DM<br>(Chapter 11)<br>(Lead Case)<br>(Jointly Administered)<br><br>**FIRST AND FINAL MOTION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR THE OFFICIAL COMMITTEE OF TORT CLAIMANTS [MacConaghy & Barnier, PLC]** |

      MacConaghy & Barnier, PLC, Special Counsel for the Official Committee of Tort Claimants in this proceeding, hereby moves the Court for an Order Authorizing Final Compensation and Reimbursement of Expenses pursuant to the provisions of 11 U.S.C. Section 330. Specifically, Movant seeks approval of compensation and reimbursement of expenses for the period from April 24, 2020 through August 31, 2020, and an order directing the Debtor to pay such award to Movant, less those sums previously paid pursuant to the Court's "Interim Compensation Procedures Order" entered in this case as Dkt. No. 701. In support thereof, Movant represents the following:

# SUMMARY TABLE

| | |
|---|---|
| Name of applicant | MacConaghy & Barnier, PLC Special Counsel |
| Client | Official Committee of Tort Claimants |
| Time period covered by this application | 4/24/2020 - 8/31/2020 |
| Total allowance of compensation sought during this period | $125,595.90 |
| Total allowance of expenses sought during this period | $364.90 |
| Date application for employment filed | 4/28/20 |
| Date of order approving employment | 5/28/20, retroactive to 4/23/20 |
| Total compensation approved to date | $91,992.00 [per "Interim Compensation Procedures Order" only] |
| Total expenses approved to date | $364.90 [per "Interim Compensation Procedures Order" only] |
| Total compensation paid to date | $91,992.00 |
| Total expenses paid to date | $364.90 |
| Time period covered by prior "Consolidated Monthly Fee Statement, etc", Dkt. No. 8231 | 4/24/2020 - 6/30/2020 |
| Compensation sought and unpaid from prior "Consolidated Monthly Fee Statement" period | $22,998.00 |
| Expenses unpaid from prior "Monthly Fee Statement" period | $0.00 |
| Compensation sought and unpaid for period from 7/1/2020 - 8/31/2020 | $10,605.00 |
| Total payment of unpaid compensation sought | $33,603.00 |
| Total payment of expenses sought | $0.00 |
| Blended rate in this application for all attorneys | $523.74 |
| Blended rate in this application for all timekeepers | Same |
| Number of professionals included in this application | 2 |
| Are rates higher than previously disclosed ? | No |

## SUMMARY OF COMPENSATION BY PROFESSIONAL

| Attorney | Year of Admission | Hourly Rate | Compensation |
|---|---|---|---|
| John H. MacConaghy | 1978 | $525.00 | $122,745.00 |
| Jean Barnier | 2004 | $475.00 | $2,850.00 |

## PROJECT FEE SUMMARY

| | |
|---|---|
| General Administration and Investigation | $15,697.50 |
| Plan Confirmation | $100,132.50 |
| Employment and Compensation | $9,765.00 |

## PROJECT EXPENSE SUMMARY

| | |
|---|---|
| General Administration and Investigation | $320.00 |
| Plan Confirmation | $44.90 |
| Employment and Compensation | 0 |

## NARRATIVE DESCRIPTION OF SERVICES

### OVERVIEW OF MOVANT'S ROLE

1. Due to the numerous eight-figure applications for compensation already filed by the lead estate professionals in this case, Movant does not believe that it would be an efficient use of Estate resources to provide yet another narrative of the circumstances of the Debtors' business, the wildfire tort claims precipitating the filing, the formation and role of the Official Committee of Tort Claimants ("TCC"), and/or the developments in the case leading to the confirmation of the Debtor's Plan.

2. Among other things, the confirmed Plan and the pre-confirmation "Restructuring Support Agreement" executed by the TCC provided that the Debtor would assign to the TCC certain causes of action for indemnity and other third party claims (the "Assigned Rights and Causes of Action") arising out of the 2017 & 2018 wildfires which gave rise to the massive tort claims in the case. There were and are multiple third parties potentially liable to the TCC's constituency on these Assigned Rights and Causes of Action.

3. Movant was originally retained as Special Counsel for the TCC to assist it in

investigating and conducting discovery as to two potential third party defendants for which the TCC's general counsel Baker & Hostetler ("B&H") had unwaived conflicts of interest – KPMG LLP and Quanta Services.

4. While this discovery was pending, a multi-billion dollar dispute developed over the operation of the "Fire Victims Trust" to be created and funded by the Plan between the TCC and certain other large institutional clients of B&H, who declined to waive any purported conflict arising out of this situation. This required Movant to take over the final briefing and argument of these issues as to these parties and appear at the Confirmation trial.

5. During the period of its engagement by the TCC, Movant expended 239.8 hours of professional time in this matter for which it seeks a final award of compensation in the amount of $125,595.00. Movant further incurred reasonable expenses in the amount of $364.90. These are accurately set forth in Movant's chronological invoice attached as Exhibit 1.

**SPECIFIC SERVICES**

6. Movant's specific services rendered to the TCC during the period of time covered by this Motion consist of the following:

(a) <u>General Administration and Investigation</u>

For this project billing category, Movant prepared and filed two Motions for Rule 2004 Examinations directed to KPMG, LLP and Quanta Services. The Orders were promptly granted and Movant prepared the appropriate subpoenas. Although KPMG was also an Estate professional which at the time had been paid millions of dollars in fees, it declined to voluntarily accept service of process. Quanta Services likewise declined to do so. This necessitated Movant causing the subpoenas and related documents to be served on the Delaware agents for service of process.

By the time the documents were due, it was apparent that only subsidiaries of Quanta Services were potential defendants on the Assigned Rights and Causes of Action, so this matter was not pursued further.

KPMG, on the other hand prepared a 17 page letter in response to the subpoena in which it raised multiple objections, and refused to produce a single document. Movant prepared and

submitted a lengthy response and proceeded with the "meet and confer" process. By the time the matter was ripe for Court intervention, the Plan and been confirmed.  The confirmation order resulted in standing to investigate and pursue this claim being transferred from the TCC to the Fire Victims Trust.  Movant assisted in an orderly transition of this matter to counsel for the FVT.

Movant has expended 29.9 hours on this project, for a total charge of $15,697.50, which is itemized on the attached Exhibit 2.

(b)     Employment and Compensation

With the assistance of B&H Movant prepared and filed its Application for Employment. Due to the size of the case and number of interested parties, completion of the employment application took an unusual amount of time due to the need to vet and disclose all possible "material connections."

Movant thereafter complied with the detailed procedures set forth in the Court's "Interim Procedures Order", Dkt. No. 701.  Once Movant's "First Consolidated Monthly Fee Statement", etc. Dkt. No. 8231, was filed and allowed by default, Movant was requested to reformat its attached invoices two different ways by the Fee Examiner and the Debtor's in-house professional compensation team.  Movant complied without billing the Estate for these services.

Movant then prepared and filed the instant Motion for Final CompensationMovant has expended 18.6 hours on this project, for a total charge of $9,765.00, which is itemized on the attached Exhibit 3.  This includes 8.6 hours of time incurred by Movant in preparing this Final Motion for Compensation for a charge of $4,615.00, less than 5% of the total compensation sought.

(c)     Plan Confirmation

Prior to Movant's involvement in the case, a settlement was reached among the major constituencies of the case providing for the formation, funding, and administration of a $35 Billion "Fire Victims Trust" to compensate the Debtor's wildfire tort victims. The responsibilities of the Fire Victims Trust included (a) managing $35 Billion in PG&E stock and cash, (b) devising a system to efficiently and fairly evaluate and allow individual claims, and ( c) determining the timing of payment of allowed claims.

Important details which were unresolved as of the time of Movant's engagement included (a) the right to final judicial review of the final determination of a disputed claim by the Fire Victims Trustee and (b) whether the "Ivanhoe Doctrine" and/or the "collateral source rule" barred the Fire Victims Trust from requiring individual claimants to credit insurance recoveries against any sums due on account of their claims.

As this dispute intensified, some of the major institutional wildfire victims; e.g. AT&T, Comcast, and Adventist Health (the "Ad Hoc Business Claimants"), took positions adverse to the TCC, and asserted a conflict of interest as to the TCC's general counsel. Movant was required to step in on an expedited basis to represent the TCC's position on the matter. Although this was technically a confirmation issue, the Court set a special hearing on this dispute prior to the confirmation trial.

Movant reviewed and researched the extensive briefs filed by the Ad Hoc Business Claimants and prepared extensive revisions to the TCC's partially completed response. After the TCC's response was filed, Movant extensively prepared for the lengthy oral argument on the matter. Movant appeared on behalf of the TCC at that argument on 5/15, and dealt with post-hearing briefing. Prior to the Confirmation trial, the Court issued a Memorandum of Decision which largely agreed with the TCC's position and (a) limited the right to judicial review to those fire victims which expressly objected and (b) agreed that the Fire Victims Trust could require claimants to credit insurance recoveries against amounts received from the Trust. General counsel for the TCC estimated that this "insurance credit" preserves approximately $2 Billion of the Trust corpus for under-insured and uninsured victims.

Movant was further required to represent the TCC in extensive further negotiations on the language of the Trust Documents, which were not finally resolved until the conclusion of the Confirmation trial.

During the period covered by this Motion, Movant has expended 191.30 hours on this project for a total charge of $100,132.50 which is itemized on the attached Exhibit 4.

### QUALIFICATIONS OF BILLING PROFESSIONALS

7. The principal attorney timekeeper of MacConaghy & Barnier, PLC providing

services in ths matter is John H. MacConaghy, who bills at $525.00/hr. Mr. MacConaghy received his J.D. from the University of California, Hastings College of Law in 1978, and was admitted to the California bar in November of that year. Since 1983, his practice has focused primarily on bankruptcy and insolvency matters. He has been "av" rated in the Martindale-Hubbell legal directory since 1985, and since 1995 has been a Certified Specialist in Bankruptcy Law by the California State Bar Board of Legal Specialization. Among other things, he has confirmed over 100 contested Chapter 11 Plans, has acted as successful lead counsel in a number of complex adversary proceedings. Mr. MacConaghy has been lead counsel in a number of published Ninth Circuit decisions including *In re Warren*, 568 F.3d 1113 (9th Cir. 2009); *In re Carraher*, 971 F.2d 327 (9th Cir. 1992); and *In re Marino*, 813 F.2d 1562 (9th Cir. 1987), as well as numerous published BAP and District Court appellate decisions.

## REASONABLE VALUE OF SERVICES RENDERED

8. During the period of its engagement by the TCC, Movant expended 239.8 hours of professional time in this matter for which it seeks a final award of compensation in the amount of $125,595.00. The time expended by Movant during the period covered by this Motion is set forth in the bills attached hereto as Exhibits 1-4. For this period of time, John H. MacConaghy had a normal hourly billing rate of $525.00; and Jean Barnier had a normal hourly billing rate of $475.00. The services attributable to each professional are set forth on the respective Exhibits.

9. These hourly billing rates are within the norm of hourly rates charged by professionals of similar experience and expertise in complex Chapter 11 matters in the State of California. MacConaghy & Barnier, PLC has received awards of compensation based on these hourly rates in well over 100 Chapter 11 and Chapter 7 cases filed throughout California.

10. During the period of time covered by this Motion, Movant has additionally incurred expenses totaling $ 364.90 (including process server charges and courtcall fees), all of which were necessary for the performance of services herein and which are particularly itemized on Exhibit 1.

11. Movant contends that the entire amount of time and expenses represented by its invoices set forth in Exhibits 1-4 are necessary and reasonable given the time demands and

complexity presented by this case, and the other factors set forth in 11 U.S.C. Section 330(a)(3).

12. Movant's statement to the Chair of the TCC as to the requirement to exercise independent billing judgment of Movant's invoices is set forth in the attached Exhibit 5.

**PRIOR PAYMENTS**

13. Movant previously utilized the Court's "Interim Compensation Procedures Order", Dkt. No. 701, and on July 1, 2020, filed its "First Consolidated Monthly Fee Statement of MacConaghy & Barnier, PLC for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of April 24, 2020 through June 30, 2020", Dkt. No. 8231. Pursuant to that Statement, Movant has previously been paid 80% of its billed fees for that period of time; i.e., $91,992.00 and 100% of its expenses; i.e., $364.90.

WHEREFORE, Movant prays that the Court, after notice and hearing, allow to Movant as a final award of compensation for the period from April 24, 2020, through August 31, 2020, fees in the amount of $125,595.00, together with reimbursement of expenses in the sum of $364.90; confirm this as a final award; direct the Debtor to pay the balance due and unpaid in the amount of $33,603.00; and for such other and further relief as the Court deems proper.

Dated: August 31, 2020                         MacConaghy & Barnier, PLC

/s/ John H. MacConaghy
John H. MacConaghy
Special Counsel for the Official
Committee of Tort Claimant

**DECLARATION OF JOHN H. MacCONAGHY**

I, John H. MacConaghy, declare:

1. I am an attorney duly admitted to practice before this Court, am currently the responsible principal of MacConaghy & Barnier, PLC, ("M&B") the Special Counsel for the Official Committee of Tort Claimants in this proceeding.

2. I have read the foregoing First and Final Motion for Compensation and Reimbursement of Expenses of Special Counsel for the Official Committee of Tort Claimants ("TCC"), and the facts stated therein are true and correct.

3. To the best of my knowledge, the form and substance of the motion comply with the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under United States Code by Attorneys in Larger Chapter 11 Cases* promulgated by the Office the United States Trustee, and the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* promulgated by this Court.

4. The compensation and expenses sought herein were billed at rates no less favorable than those customarily billed by applicant and accepted by M&B's clients. No billing rates have been increased on account of, or during the pendency of M&B's representation of the TCC in this case.

5. No agreement or understanding exists between declarant and any other person for division of compensation to be paid from the assets of this estate, other than matters which are internal to the declarant's law firm.

6. I have not entered into any agreement with any party in interest or attorney for such party for the purpose of fixing any compensation to be paid from the assets of this estate.

7. I will not make any such agreement or any other division of fees.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, that I have personal first hand knowledge thereto, and that this declaration was executed on August 31, 2020, at Sonoma, California.

/s/ John H. MacConaghy
John H. MacConaghy