**EXHIBIT B**

**RETENTION ORDERS**



Signed and Filed: April 24, 2019

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | Stephen Karotkin (*pro hac vice*) (stephen.karotkin@weil.com) |
| 3 | Ray C. Schrock, P.C. (*pro hac vice*) (ray.schrock@weil.com) |
| 4 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 5 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 6 | 767 Fifth Avenue |
| 7 | New York, NY 10153-0119 Tel: 212 310 8000 |
| 8 | Fax: 212 310 8007 |
| 9 | KELLER & BENVENUTTI LLP |
| 10 | Tobias S. Keller (#151445) (tkeller@kellerbenvenutti.com) |
| 11 | Jane Kim (#298192) (jkim@kellerbenvenutti.com) |
| 12 | 650 California Street, Suite 1900 San Francisco, CA 94108 |
| 13 | |
| 14 | Tel: 415 496 6723 Fax: 650 636 9251 |
| 15 | |
| 16 | *Attorneys for Debtors and Debtors in Possession* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case)(Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014(a) AND 2016 AUTHORIZING THE DEBTORS TO RETAIN JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE COUNSEL EFFECTIVE AS OF THE PETITION DATE** |
| Debtors. | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas & Electric Company X Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

1   Upon the Application dated March 15, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order, pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to retain Jenner & Block LLP ("**Jenner & Block**") as special corporate defense counsel to the Debtors *nunc pro tunc* to the Petition Date, all as more fully described in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, the Mehrberg Declaration and the Loduca Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**

    1.    The Application is granted as set forth herein.

    2.    The retention and employment of Jenner & Block as special corporate defense

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

counsel to the Debtors pursuant to section 327(e) and Fed. R. Bankr. P. 2014(a) and 2016, on the terms set forth in the Application and in the Mehrberg Declaration, is hereby approved, effective as of the Petition Date.

3. Jenner & Block is authorized to render the following services to the Debtor during the pendency of these Chapter 11 Cases:

a) draft motions and briefs, appear at hearings, and otherwise represent the Utility in connection with the probation and the monitorship resulting from the criminal investigation and convictions relating to the natural gas explosion that occurred in the City of San Bruno, California, on September 9, 2010 (the "**Criminal Case**");

b) advise the Debtors in complying with the probationary measures imposed in the Criminal Case;

c) advise the Debtors in connection with various regulatory and enforcement matters involving the Federal Energy Regulatory Commission, Department of the Interior, Federal Communications Commission, and other federal agencies, and/or California state agencies, including the California Public Utilities Commission;

d) conduct internal investigations and advise the Debtors with respect to remediation of same, including in defending the Debtors in any regulatory actions taken against the Debtors;

e) assist, as requested, with matters relating to the aforementioned services as they may impact the Chapter 11 Cases; and

f) perform all other necessary legal services required by the Debtors during the pendency of their Chapter 11 Cases.

4. Jenner & Block shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules,

the Fee Guidelines, and any further Order of the Court;

5. Jenner & Block shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Jenner & Block shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation of this Order.

** END OF ORDER **



WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (pro hac vice)
(stephen.karotkin@weil.com)
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

Signed and Filed: April 7, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>            **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas & Electric Company<br>X Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ORDER AMENDING THE SCOPE OF THE RETENTION OF JENNER & BLOCK LLP AS SPECIAL CORPORATE DEFENSE AND ENERGY COUNSEL EFFECTIVE AS OF THE PETITION DATE** |

| | |
|---|---|
| 1 | Upon the application dated March 16, 2020 (the "**Supplemental Application**"),[1] of PG&E |
| 2 | Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors |
| 3 | and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter |
| 4 | 11 cases (the "**Chapter 11 Cases**"), pursuant to section 327 of title 11 of the United States Code |
| 5 | (the "**Bankruptcy Code**") and Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy |
| 6 | Procedure (the "**Bankruptcy Rules**"), for entry of an order amending the scope of the Debtors' |
| 7 | retention of Jenner & Block LLP ("**Jenner & Block**") as special corporate defense and energy |
| 8 | counsel to the Debtors *nunc pro tunc* to the Petition Date, all as more fully described in the |
| 9 | Supplemental Application; and this Court having jurisdiction to consider the Supplemental |
| 10 | Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order* |
| 11 | *Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule |
| 12 | 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern |
| 13 | District of California (the "**Bankruptcy Local Rules**"); and consideration of the Supplemental |
| 14 | Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and |
| 15 | venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper |
| 16 | notice of the Supplemental Application having been provided to the parties listed therein, and it |
| 17 | appearing that no other or further notice need be provided; and this Court having reviewed the |
| 18 | Supplemental Application and the Mehrberg Declarations; and upon the record of the Hearing (if |
| 19 | any was held) and all of the proceedings had before the Court; and this Court having found and |
| 20 | determined that the relief sought in the SupplementalApplication is in the best interests of the |
| 21 | Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and |
| 22 | factual bases set forth in the Supplemental Application establish just cause for the relief granted |
| 23 | herein; and after due deliberation and sufficient cause appearing therefor, |
| 24 | **IT IS HEREBY ORDERED** |
| 25 | 1.   The Supplemental Application is granted as set forth herein. |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Application.

2. The retention and employment of Jenner & Block as special corporate defense and energy counsel to the Debtors pursuant to section 327(e) and Fed. R. Bankr. P. 2014(a) and 2016, on the terms set forth in the Supplemental Application and in the Third Supplemental Mehrberg Declaration, is hereby approved, effective as of the Petition Date.

3. Jenner & Block is authorized to render the following services to the Debtors during the pendency of these Chapter 11 Cases, in addition to those previously approved by the Court:

(a) Investigate, litigate, and provide strategic advice related to an Order to Show Cause and to an Order Instituting Investigation issued by the CPUC in November 2019 regarding the 2019 Public Safety Power Shutoff events (the (the "**PSPS Matter**");

(b) Conduct an investigation into metrics regarding gas operations procedures and practices (the "**Metrics Investigation**");

(c) Assist the Debtors in litigation arising out of a fatality that occurred in 2015 when an excavator struck a PG&E natural gas line (the "**Bakersfield Litigation**"); and

(d) Provide the Debtors with legal assistance in monitoring substantive orders, rules, policy statements, notices of proposed rulemaking, notices of investigation, notices of technical conferences, guidances and other official Issuances of select state and federal regulatory agencies and departments that, on their face, create or propose to create new law applicable to PG&E, that impose new compliance obligations on PG&E, or that would materially alter pre-existing law applicable to, or compliance obligations of, the Debtors (the "**Agency Monitoring Matters**").

4. Jenner & Block shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any further Order of the Court; *provided, however*, that Jenner & Block is not required to file or summarize detailed time records with respect to the Agency Monitoring Matters.

5. Jenner & Block shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of its hourly rates.

6. Jenner & Block shall use its best efforts to avoid any duplication of services

provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of the Supplemental Application;

9. In the event of any inconsistency between the Engagement Agreement, the Supplemental Application and the Order, the Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation of this Order.

**\*\*\*END OF ORDER\*\*\***