CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **SUMMARY SHEET TO FIFTH INTERIM AND FINAL FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE FIFTH INTERIM PERIOD JUNE 1, 2020 THROUGH AND INCLUDING JULY 1, 2020 AND (II) THE FINAL FEE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | |
| | Date: TBD<br>Time: TBD (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |
| | **Objection Deadline:** September 21, 2020 at 4:00 p.m. (Pacific Time) |

| General Information | |
|---|---|
| Name of Applicant: | Cravath, Swaine & Moore LLP ("**Cravath**") |
| Authorized to Provide Professional Services to: | Attorneys for Debtors and Debtors in Possession |
| Petition Date: | January 29, 2019 |
| Retention Date: | April 25, 2019 *nunc pro tunc* to January 29, 2019 |
| Prior Applications: | *First Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 29, 2019 Through and Including May 31, 2019* [Docket No. 3683] (the "**First Interim Fee Application**"); |
| | *Second Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period June 1, 2019 Through and Including September 30, 2019* [Docket No. 4804] (the "**Second Interim Fee Application**"); |
| | *Third Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period October 1, 2019 Through and Including January 30, 2020* [Docket No. 6334] (the "**Third Interim Fee Application**"); and |
| | *Fourth Interim Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period February 1, 2020 Through and Including May 31, 2020* [Docket No. 8419] (the "**Fourth Interim Fee Application**") |

| | |
|---|---|
| **Summary of Fees and Expenses Sought for the Fifth Interim Period** | |
| Interim Time Period Covered by this Application Not Previously Covered by Prior Applications: | June 1, 2020 through and including July 1, 2020 (the "**Fifth Interim Period**") |
| Amount of Interim Compensation Sought as Actual, Reasonable and Necessary for the Fifth Interim Period: | $4,769,933.00 |
| Amount of Interim Expense Reimbursement Sought As Actual, Reasonable and Necessary for the Fifth Interim Period: | $727,249.65 |
| Total Interim Compensation and Expenses Requested for the Fifth Interim Period: | $5,497,182.65 |
| **Summary of Voluntary Fee Reductions for the Fifth Interim Period** | |
| Amount of Voluntary Reductions to Compensation Incurred During the Fifth Interim Period: | $60,704.50 in voluntary write offs |
| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
| Total Allowed Compensation Paid to Date: | $29,043,099.00 |
| Total Allowed Expenses Paid to Date: | $1,022,061.82 |
| Total Allowed Compensation and Expenses Paid to Date: | $30,065,160.82 |
| **Total Fees and Expenses Paid to Applicant for the Fifth Interim Period Pursuant to Monthly Statements, but Not Yet Allowed** | |
| Interim Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Interim Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |

| **Summary of Interim Fees and Expenses Sought in this Application** | |
| --- | --- |
| Total Interim Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order but Not Yet Allowed: | $0.00 |
| Total Interim Compensation and Expenses Sought in this Application Not Yet Paid: | $5,497,182.65 |

| **Summary of Rates and Other Related Information for the Fifth Interim Period** | |
| --- | --- |
| Blended Rate in this Application for All Attorneys during the Fifth Interim Period: | $846.70 |
| Blended Rate in this Application for All Timekeepers during the Fifth Interim Period: | $805.92 |
| Number of Timekeepers Included in this Application during the Fifth Interim Period: | 50 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for the Fifth Interim Period | In the aggregate, $193,956.84 over the "high-case" budget for the Fifth Interim Period |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Fifth Interim Period: | 1 attorney |
| Increase in Rates since Date of Retention: | None |

| **Summary of Fees and Expenses Sought for the Final Fee Period** | |
| --- | --- |
| Time Period Covered by This Application on a Final Basis: | January 29, 2019 through and including July 1, 2020 (the "**Final Fee Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Final Fee Period: | $116,733,043.00 |

| | |
|---|---|
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary for the Final Fee Period: | $27,503,094.16[1] |
| Total Compensation and Expenses Requested for the Final Fee Period: | $144,236,137.16 |

**Summary of Voluntary Fee and Expense Reductions for the Final Fee Period**

| | |
|---|---|
| Amount of Credits and Voluntary Reductions to Compensation Incurred During Final Fee Period: | $11,898,584.00 (including $2,636,140.00 in voluntary write-offs[2] and the credits and discounts described in the Application) |

**Summary of Rates and Other Related Information in the Final Fee Period**

| | |
|---|---|
| Blended Rate in this Application for All Attorneys during the Final Fee Period: | $743.84 |
| Blended Rate in this Application for All Timekeepers during the Final Fee Period: | $683.52 |
| Number of Timekeepers Included in this Application during the Final Fee Period: | 221 |
| Number of Attorneys in this Application Not Included in Staffing Plan Approved by Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for the Final Fee Period: | In the aggregate for the Final Fee Period, the compensation and reimbursement sought is less than the amounts budgeted. |
| Number of Attorneys Billing Fewer than 15 Hours to the Cases During the Final Fee Period: | 10 attorneys |
| Increase in Rates since Date of Retention: | None |

This is a(n):  __X__ Interim __X__  Final Application

---

[1] Including $25,198,823.68 of Special Disbursements, the vast majority of which are pass-through expenses for subject matter experts.

[2] Meaning the reductions made during the billing review process prior to the submission of the fee statements.

## SUMMARY OF FIRST INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 06/19/2019 Dkt. No. 2645 | 01/29/19 – 02/28/19 | $7,350,674.50 | $410,918.01 | $7,035,746.98 | $410,918.01 |
| 07/18/2019 Dkt. No. 3084 | 03/01/19 – 03/31/19 | $7,888,829.00 | $247,388.40 | $7,550,845.14 | $247,388.40 |
| 08/08/2019 Dkt No. 3484 | 04/01/19 – 04/30/19 | $7,599,874.75 | $219,270.08 | $7,274,270.66 | $219,270.08 |
| 08/20/2019 Dkt. No. 3614 | 05/01/19 – 05/31/19 | $7,503,720.75 | $144,485.33 | $7,182,236.22 | $144,485.33 |
| **Total:** | | **$30,343,099.00[3]** | **$1,022,061.82** | **$29,043,099.00** | **$1,022,061.82** |
| **Fee Compromise:** | | **($1,300,000.00))** | | | |
| **Adjusted Total:** | | **$29,043,099.00** | | | |

## SUMMARY OF SECOND INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 09/13/2019 Dkt. No. 3892 | 06/01/19 – 06/30/19 | $6,470,439.25 | $374,444.13 | $5,176,351.40 | $374,444.13 | $1,294,087.85 |
| 10/31/2019 Dkt. No. 4539 | 07/01/19 – 07/31/19 | $7,788,617.50 | $1,058,420.09 | $6,230,894.00 | $1,058,420.09 | $1,557,723.50 |
| 11/15/2019 Dkt. No. 4764 | 08/01/19 – 08/31/19 | $9,705,244.75 | $1,164,938.29 | $7,764,195.80 | $1,164,938.29 | $1,941,048.95 |
| 11/15/2019 Dkt. No. 4765 | 09/01/19 – 09/30/19 | $12,059,050.75 | $1,255,193.70 | 9,647,240.60 | $1,255,193.70 | $2,411,810.15 |
| **Total:** | | **$36,023,352.25[4]** | **$3,852,996.21** | **$28,818,681.80** | **$3,852,996.21** | **$7,204,670.45** |
| **Travel Adjustment:[5]** | | | | | | **($122,214.25)** |
| **Adjusted Total:** | | | | | | **$7,082,456.20** |

## SUMMARY OF THIRD INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 01/24/2020 Dkt. No. 5496 | 10/01/19 – 10/31/19 | $14,978,292.00 | $1,763,779.26 | $11,982,633.60 | $1,763,779.26 | $2,995,658.40 |
| 02/12/2020 Dkt. No. 5742 | 11/01/19 – 11/30/19 | $12,656,220.00 | $4,461,012.65 | $10,124,976.00 | $4,461,012.65 | $2,531,244.00 |
| 03/16/2020 Dkt. No. 6310 | 12/01/19 – 12/31/19 | $6,723,651.50 | $6,940,665.00 | $5,378,921.20 | $6,940,665.00 | $1,344,730.30 |
| 03/16/2020 Dkt. No. 6311 | 01/01/20 – 01/31/20 | $3,928,779.00 | $3,182,955.45 | $3,143,023.20 | $3,182,955.45 | $785,755.80 |
| **Total:** | | **$38,286,942.50[6]** | **$16,348,412.36** | **$30,629,554.00** | **$16,348,412.36** | **$7,657,388.50** |

---

[3] Net of $1,139,607.50 in voluntary write offs and $1,300,000.00 fee compromise with Fee Examiner.

[4] Net of $444,744.00 in voluntary write offs.

[5] As described in the Second Interim Fee Application.

[6] Net of $534,162.00 in voluntary write offs and $1,360,000.00 of one-time credits described in Cravath's Tenth and Twelfth Monthly Fee Statements.

## SUMMARY OF FOURTH INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 04/28/2020 Dkt. No. 6974 | 02/01/20 – 02/29/20 | $3,180,216.50 | $1,265,473.25 | $2,544,173.20 | $1,265,473.25 | $2,544,173.20 | $1,265,473.25 | $636,043.30 |
| 06/18/2020 Dkt. No. 8014 | 03/01/20 – 03/31/20 | $2,916,391.50 | $1,112,093.79 | $2,333,113.20 | $1,112,093.79 | $2,333,113.20 | $1,112,093.79 | $583,278.30 |
| 07/15/2020 Dkt. No. 8415 | 04/01/20 – 04/30/20 | $3,282,677.00 | $1,655,571.77 | $2,626,141.60 | $1,655,571.77 | $689,071.20[7] | $1,655,571.77 | $656,535.40 |
| 07/15/2020 Dkt. No. 8416 | 05/01/20 – 05/31/20 | $5,055,672.00 | $1,519,235.31 | $4,044,537.60 | $1,519,235.31 | $674,289.20[7] | $1,519,235.31 | $1,011,134.40 |
| **Total:** | | **$14,434,957.00[8]** | **$5,552,374.12** | **$11,547,965.60** | **$5,552,374.12** | **$6,240,646.80** | **$5,552,374.12** | **$2,886,991.40** |
| **Less Credit:[9]** | | | | | | | | **($68,454.50)** |
| **Adjusted Total:** | | | | | | | | **$2,818,536.90** |

[7]  The objection deadline with respect to Cravath's Fifteenth and Sixteenth Monthly Fee Statements was August 5, 2020.  Cravath filed certificates of no objection with respect to Cravath's Fifteenth and Sixteenth Monthly Fee Statements on August 6, 2020 [Docket Nos. 8696, 8697].  As of the date of this Application, the Reorganized Debtors have remitted payment of 100% of the requested expenses, but only a portion of the 80% of the requested fees for each period.  Accordingly, $5,307,318.80 in respect of Cravath's Fifteenth and Sixteenth Monthly Fee Statements remains due and payable in accordance with the terms of the Interim Compensation Order as of the date of this Application.

[8]  Net of $456,922.00 in voluntary write offs.

[9]  As described in the Fourth Interim Fee Application.

## SUMMARY OF FIFTH INTERIM FEE APPLICATION

| Date Filed and Dkt No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 08/28/2020 Dkt. No. 8902 | 06/01/20 – 07/01/20 | $4,769,933.00 | $727,249.65 | $3,815,946.40 | $727,249.65 | $0.00 | $0.00 | $953,986.60 |
| **Total:** | | **$4,769,933.00**[10] | **$727,249.65** | **$3,815,946.40** | **$727,249.65** | **$0.00** | **$0.00** | **$953,986.60** |

Summary of Any Objections to Monthly Fee Statements: None[11]
Compensation and Expenses Sought in this Application
for the Fifth Interim Period Not Yet Paid:                    $5,497,182.65

---

[10]  Net of $60,704.50 in voluntary write offs.

[11]  The objection deadline with respect to Cravath's Seventeenth Monthly Fee Statement is September 18, 2020.  If the deadline passes without objection, the Reorganized Debtors will remit payment of 80% of the requested fees and 100% of the requested expenses for each period.

**COMPENSATION BY PROFESSIONAL**
**FOR THE FIFTH INTERIM PERIOD**

The attorneys who rendered professional services in these Chapter 11 Cases during the Fifth Interim Period are:

| NAME OF PROFESSIONAL PARTNERS: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Richard A. Hall | Corporate | 1989 | $1,500 | 104.00 | $156,000.00 |
| Andrew W. Needham | Tax | 1995 | 1,500 | 52.60 | 78,900.00 |
| George E. Zobitz | Corporate | 1996 | 1,500 | 12.40 | 18,600.00 |
| Paul H. Zumbro | Corporate | 1998 | 1,500 | 62.70 | 94,050.00 |
| Kevin J. Orsini | Litigation | 2004 | 1,500 | 178.80 | 268,200.00 |
| Omid H. Nasab | Litigation | 2007 | 1,350 | 171.20 | 231,120.00 |
| Nicholas A. Dorsey | Corporate | 2010 | 1,100 | 257.40 | 283,140.00 |
| C. Daniel Haaren | Corporate | 2013 | 1,100 | 284.10 | 312,510.00 |
| Evan Norris | Litigation | 2003 | 1,100 | 30.40 | 33,440.00 |
| **Total Partners:** | | | | **1,153.60** | **$1,475,960.00** |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Lillian S. Grossbard | Litigation | 1998 | $1,020 | 35.10 | $35,802.00 |
| Scott Reents | Litigation | 2008 | 975 | 29.80 | 29,055.00 |
| Arvind Ravichandran | Tax | 2013 | 960 | 93.50 | 89,760.00 |
| David H. Korn | Litigation | 2014 | 960 | 27.60 | 26,496.00 |
| Christopher Beshara | Litigation | 2015 | 940 | 270.70 | 254,458.00 |
| Michael Zaken | Litigation | 2015 | 940 | 52.70 | 49,538.00 |
| Matthias Thompson | Litigation | 2016 | 890 | 45.00 | 40,050.00 |
| Norman J. Walczak | Corporate | 2016 | 890 | 223.30 | 198,737.00 |
| Salah M. Hawkins | Litigation | 2016 | 890 | 39.70 | 35,333.00 |
| Alexander Gerten | Corporate | 2017 | 855 | 80.10 | 68,485.50 |
| Nicholas Medling | Litigation | 2017 | 855 | 169.70 | 145,093.50 |
| Aashim Usgaonkar | Corporate | 2018 | 840 | 61.30 | 51,492.00 |
| Monica D. Kozycz | Litigation | 2018 | 840 | 149.60 | 125,664.00 |
| Patrick S. Taylor | Corporate | 2018 | 840 | 374.80 | 314,832.00 |
| Brittany Sherman | Litigation | 2019 | 750 | 172.20 | 129,150.00 |
| Caleb Robertson | Litigation | 2019 | 750 | 201.00 | 150,750.00 |
| Margaret Fleming | Corporate | 2019 | 750 | 243.60 | 182,700.00 |
| Seann Archibald | Corporate | 2019 | 750 | 347.00 | 260,250.00 |
| Ya Huang | Corporate | 2019 | 750 | 243.50 | 182,625.00 |
| Kyle Jorstad | Tax | 2020 | 750 | 79.80 | 59,850.00 |
| Andrew Astore | Corporate | 2019 | 595 | 248.10 | 147,619.50 |
| Harold King | Corporate | 2020 | 595 | 204.00 | 121,380.00 |
| William LaRosa | Litigation | 2020 | 595 | 34.80 | 20,706.00 |
| Ori Oren | Corporate | 2020* | 595 | 250.70 | 149,166.50 |
| Benjamin Wylly | Litigation | 2020** | 595 | 118.00 | 70,210.00 |
| Raffaele DiMaggio | Litigation | 2004 | 565 | 126.10 | 71,246.50 |
| Trebor Lloyd | Litigation | 1993 | 415 | 123.60 | 51,294.00 |
| Andrew Weiner | Litigation | 1997 | 415 | 153.20 | 63,578.00 |
| Donald Sanyi | Litigation | 2011 | 415 | 161.30 | 66,939.50 |
| **Total Associates:** | | | | **4,359.80** | **$3,192,261.00** |

\* - Admitted during Fifth Interim Period.
\*\* - Admitted following Fifth Interim Period.

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Fifth Interim Period are:

| NAME OF PARAPROFESSIONALS: | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Chamblee Shufflebarger | Corporate Legal Assistant | $310 | 11.50 | $3,565.00 |
| Stephanie Scanzillo | Litigation Legal Assistant | 310 | 60.90 | 18,879.00 |
| Veronica Velasco | Litigation Legal Assistant | 310 | 27.30 | 8,463.00 |
| Vivian Fernandez | Litigation Legal Assistant | 310 | 15.30 | 4,743.00 |
| Ainslie Martin | Corporate Legal Assistant | 290 | 41.50 | 12,035.00 |
| Josephine Lovejoy | Corporate Legal Assistant | 290 | 31.90 | 9,251.00 |
| Justin Poitras | Corporate Legal Assistant | 290 | 23.00 | 6,670.00 |
| Michael Kotowski | Corporate Legal Assistant | 290 | 88.30 | 25,607.00 |
| Rachael Hall | Corporate Legal Assistant | 290 | 12.00 | 3,480.00 |
| Husniye Cogur | Litigation Legal Assistant | 290 | 59.90 | 17,371.00 |
| Nicole Jakobson | Litigation Legal Assistant | 290 | 31.60 | 9,164.00 |
| Ryan Render | Litigation Legal Assistant | 290 | 37.10 | 10,759.00 |
| **Total Paraprofessionals:** | | | **440.30** | **$129,987.00** |

The total fees for the Fifth Interim Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,279.44 | 1,153.60 | $1,475,960.00 |
| Associates | 732.20 | 4,359.80 | 3,192,261.00 |
| Paraprofessionals | 295.22 | 440.30 | 129,987.00 |
| **Blended Attorney Rate** | **846.70** | | |
| **Blended Rate for All Timekeepers** | **805.92** | | |
| **Total Hours and Fees Incurred** | | **5,953.70** | **$4,798,208.00**[12] |
| **Less Credits**[13] | | | **($28,275.00)** |
| **Total Adjusted Fees** | | | **$4,769,933.00** |

---

[12] Net of $60,704.50 in voluntary write offs.

[13] Consistent with the Court's determination at the October 7, 2019 omnibus hearing regarding pre-admitted attorney rates, Cravath has capped pre-admitted attorney rates for billing purposes at $450 per hour resulting in a discount of $28,275.00 for the Fifth Interim Period.

## COMPENSATION BY PROFESSIONAL
## <u>FOR THE FINAL FEE PERIOD</u>

The attorneys who rendered professional services in these Chapter 11 Cases during the Final Fee Period are:

| NAME OF PROFESSIONAL PARTNERS: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| John W. White | Corporate | 1974 | $1,500 | 19.80 | $29,700.00 |
| Evan R. Chesler | Litigation | 1976 | 1,500 | 143.30 | 214,950.00 |
| Peter T. Barbur | Litigation | 1989 | 1,500 | 685.20 | 1,027,800.00 |
| Richard A. Hall | Corporate | 1989 | 1,500 | 1,166.10 | 1,749,150.00 |
| Julie A. North | Litigation | 1990 | 1,500 | 869.70 | 1,304,550.00 |
| Andrew W. Needham | Tax | 1995 | 1,500 | 335.30 | 502,950.00 |
| Antony L. Ryan | Litigation | 1997 | 1,500 | 81.60 | 122,400.00 |
| George E. Zobitz | Corporate | 1996 | 1,500 | 535.90 | 803,850.00 |
| Darin P. McAtee | Litigation | 1993 | 1,500 | 365.70 | 548,550.00 |
| Timothy G. Cameron | Litigation | 1999 | 1,500 | 1,384.70 | 2,077,050.00 |
| Paul H. Zumbro | Corporate | 1998 | 1,500 | 1,310.20 | 1,965,300.00 |
| Erik R. Tavzel | Corporate | 1999 | 1,500 | 430.20 | 645,300.00 |
| Kevin J. Orsini | Litigation | 2004 | 1,500 | 3,159.70 | 4,739,550.00 |
| John D. Buretta | Litigation | 1997 | 1,350 | 49.20 | 66,420.00 |
| J. Wesley Earnhardt | Litigation | 2005 | 1,350 | 102.00 | 137,700.00 |
| Benjamin Gruenstein | Litigation | 2000 | 1,350 | 64.40 | 86,940.00 |
| Stephen M. Kessing | Corporate | 2006 | 1,350 | 42.90 | 57,915.00 |
| David M. Stuart | Litigation | 1996 | 1,350 | 281.00 | 379,350.00 |
| Omid H. Nasab | Litigation | 2007 | 1,350 | 1,755.10 | 2,369,385.00 |
| Damaris Hernandez | Litigation | 2008 | 1,350 | 990.20 | 1,336,770.00 |
| Nicholas A. Dorsey | Corporate | 2010 | 1,100 | 703.00 | 773,300.00 |
| Andrew C. Elken | Corporate | 2009 | 1,100 | 799.30 | 879,230.00 |
| Lauren R. Kennedy | Litigation | 2011 | 1,100 | 52.60 | 57,860.00 |
| C. Daniel Haaren | Corporate | 2013 | 1,100 | 1,351.80 | 1,486,980.00 |
| Evan Norris | Litigation | 2003 | 1,100 | 248.90 | 273,790.00 |
| **Total Partners:** | | | | **16,927.80** | **$23,636,740.00** |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Christopher J. Kelly | Corporate | 2000 | $1,240 | 80.40 | $99,696.00 |
| Joyce Law | Corporate | 1998 | 1,080 | 16.20 | 17,496.00 |
| Evan Norris | Litigation | 2003 | 1,025 | 2,298.00 | 2,355,450.00 |
| Lillian S. Grossbard | Litigation | 1998 | 1,020 | 2,646.90 | 2,699,838.00 |
| Lindsay J. Timlin | Litigation | 2010 | 1,010 | 502.00 | 507,020.00 |
| David A. Herman | Litigation | 2008 | 975 | 1,060.20 | 1,033,695.00 |
| Deborah L. Fox | Litigation | 2008 | 975 | 152.00 | 148,200.00 |
| Scott Reents | Litigation | 2008 | 975 | 1,653.90 | 1,612,552.50 |
| Megan Y. Lew | Litigation | 2011 | 975 | 37.70 | 36,757.50 |
| Nathan Denning | Litigation | 2011 | 960 | 1,378.30 | 1,323,168.00 |
| Brian Budnick | Corporate | 2012 | 960 | 15.20 | 14,592.00 |
| Brittany L. Sukiennik | Litigation | 2012 | 960 | 1,430.60 | 1,373,376.00 |
| C. Daniel Haaren | Corporate | 2013 | 960 | 1,825.70 | 1,752,672.00 |
| Arvind Ravichandran | Tax | 2013 | 960 / 940 | 207.30 / 23.80 | 199,008.00 / 22,372.00 |
| Paul Sandler | Corporate | 2014 | 960 / 940 | 214.30 / 500.40 | 205,728.00 / 470,376.00 |
| David H. Korn | Litigation | 2014 | 960 | 27.60 | 26,496.00 |
| Jordan Peterson | Litigation | 2014 | 960 | 658.40 | 632,064.00 |
| Morgan Cohen | Litigation | 2014 | 960 | 120.70 | 115,872.00 |
| Katherine D. Janson | Litigation | 2006 | 945 | 235.10 | 222,169.50 |
| Holden K. Sumner | Corporate | 2014 | 940 | 13.70 | 12,878.00 |
| Christopher Beshara | Litigation | 2015 | 940 / 890 | 2,361.50 / 1,877.50 | 2,219,810.00 / 1,670,975.00 |
| Kelsie Docherty | Litigation | 2015 | 940 / 890 | 933.50 / 272.40 | 877,490.00 / 242,436.00 |
| Michael Zaken | Litigation | 2015 | 940 / 890 | 1,127.10 / 691.00 | 1,059,474.00 / 614,990.00 |
| Michelle Swan | Litigation | 2015 | 940 | 22.40 | 21,056.00 |
| Sanjay Murti | Corporate | 2015 | 890 | 16.10 | 14,329.00 |
| Alison Miller | Litigation | 2015 | 890 | 184.40 | 164,116.00 |
| Maurio Fiore | Corporate | 2016 | 890 | 24.60 | 21,894.00 |
| Norman J. Walczak | Corporate | 2016 | 890 | 563.20 | 501,248.00 |
| Brendan Benedict | Litigation | 2016 | 890 / 855 | 228.80 / 120.40 | 203,632.00 / 102,942.00 |
| Charles E. Loeser | Litigation | 2016 | 890 / 855 | 86.60 / 38.00 | 77,074.00 / 32,490.00 |
| Christina Barreiro | Litigation | 2016 | 890 / 855 | 676.20 / 176.50 | 601,818.00 / 150,907.50 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Clay H. Greenberg | Litigation | 2016 | 890 855 | 265.40 85.30 | 236,206.00 72,931.50 |
| Matthias Thompson | Litigation | 2016 | 890 855 | 774.40 1,044.60 | 689,216.00 893,133.00 |
| Max A. Winograd | Litigation | 2016 | 890 855 | 611.30 38.20 | 544,057.00 32,661.00 |
| Molly Jamison | Litigation | 2016 | 890 | 209.30 | 186,277.00 |
| Peter Fountain | Litigation | 2016 | 890 855 | 17.80 1,201.00 | 15,842.00 1,026,855.00 |
| Salah M. Hawkins | Litigation | 2016 | 890 855 | 1,056.70 754.20 | 940,463.00 644,841.00 |
| Jana Hymowitz | Executive Compensation and Benefits | 2015 | 855 | 12.40 | 10,602.00 |
| Alexander Gerten | Corporate | 2017 | 855 | 435.90 | 372,694.50 |
| Evan E. H. Schladow | Corporate | 2017 | 855 840 | 18.70 98.40 | 15,988.50 82,656.00 |
| Timothy Nguyen | Corporate | 2017 | 855 | 24.40 | 20,862.00 |
| Flora Ng | Litigation | 2017 | 855 | 23.80 | 20,349.00 |
| Grant S. May | Litigation | 2017 | 855 840 | 777.10 1,608.90 | 664,420.50 1,351,476.00 |
| Justin Mungai | Litigation | 2017 | 855 | 34.40 | 29,412.00 |
| Marco Wong | Litigation | 2017 | 855 840 | 728.30 1,198.50 | 622,696.50 1,006,740.00 |
| Melissa Valladares | Litigation | 2017 | 855 | 541.30 | 462,811.50 |
| Nicholas Medling | Litigation | 2017 | 855 | 1,230.60 | 1,052,163.00 |
| Rebecca Schindel | Litigation | 2017 | 855 | 61.40 | 52,497.00 |
| Sarah V. Warburg-Johnson | Litigation | 2017 | 855 840 | 421.80 48.70 | 360,639.00 40,908.00 |
| Caleb Rosser | Corporate | 2017 | 840 | 4.60 | 3,864.00 |
| Sarah K. Johnson | Corporate | 2017 | 840 | 15.00 | 12,600.00 |
| Valerie Sapozhnikova | Corporate | 2017 | 840 | 542.00 | 455,280.00 |
| Beatriz Paterno | Litigation | 2017 | 840 | 813.90 | 683,676.00 |
| Samantha Bui | Litigation | 2017 | 840 | 150.90 | 126,756.00 |
| Aashim Usgaonkar | Corporate | 2018 | 840 | 61.30 | 51,492.00 |
| Christina S. Shin | Corporate | 2018 | 840 750 | 55.90 47.50 | 46,956.00 35,625.00 |
| Patrick S. Taylor | Corporate | 2018 | 840 750 | 1,306.80 74.40 | 1,097,712.00 55,800.00 |
| Alex Weiss | Litigation | 2018 | 840 750 | 625.60 657.60 | 525,504.00 493,200.00 |
| Alexander L. Mills | Litigation | 2018 | 840 | 69.60 | 58,464.00 |
| Allison Kempf | Litigation | 2018 | 840 750 | 711.10 1,193.20 | 597,324.00 894,900.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Allison Tilden | Litigation | 2018 | 840<br>750 | 847.40<br>1,145.80 | 711,816.00<br>859,350.00 |
| Bradley R. Niederschulte | Litigation | 2018 | 840<br>750 | 785.00<br>126.40 | 659,400.00<br>94,800.00 |
| Dean M. Nickles | Litigation | 2018 | 840 | 530.00 | 445,200.00 |
| Jessica Choi | Litigation | 2018 | 840<br>750 | 248.10<br>918.80 | 208,404.00<br>689,100.00 |
| Jonathan D. Mooney | Litigation | 2018 | 840<br>750 | 392.90<br>9.60 | 330,036.00<br>7,200.00 |
| Katherine O'Koniewski | Litigation | 2018 | 840<br>750 | 432.70<br>332.70 | 363,468.00<br>249,525.00 |
| Michael Ardeljan | Litigation | 2018 | 840<br>750 | 158.70<br>103.20 | 133,308.00<br>77,400.00 |
| Monica D. Kozycz | Litigation | 2018 | 840<br>750 | 1,913.80<br>1,450.50 | 1,607,592.00<br>1,087,875.00 |
| Sarah M. Topol | Litigation | 2018 | 840<br>750 | 802.80<br>111.10 | 674,352.00<br>83,325.00 |
| Sophia Suarez | Litigation | 2018 | 840 | 36.90 | 30,996.00 |
| Gabriella Abdalla | Litigation | 2013 (Admitted in Brazil) | 750 | 13.40 | 10,050.00 |
| Marie Faber | Litigation | 2014 (Admitted in Amsterdam) | 750 | 12.00 | 9,000.00 |
| Lukas Ritzenhoff | Litigation | 2016 (Admitted in Berlin) | 750 | 32.50 | 24,375.00 |
| Edgar Myer | Litigation | 2017 (Admitted in New South Wales) | 750 | 1,345.40 | 1,009,050.00 |
| Catriela Cohen | Corporate | 2018 | 750 | 225.70 | 169,275.00 |
| Jieun Lim | Corporate | 2018 | 750 | 26.60 | 19,950.00 |
| Melanie Cook | Corporate | 2018 | 750 | 44.30 | 33,225.00 |
| Michael Fahner | Corporate | 2018 | 750 | 975.10 | 731,325.00 |
| Christopher J. Charlton | Litigation | 2018 (Admitted in England and Wales) | 750 | 338.90 | 254,175.00 |
| Jeffrey Then | Litigation | 2018 | 750 | 67.50 | 50,625.00 |
| Victoria Ryan | Litigation | 2018 | 750 | 370.90 | 278,175.00 |
| Margaret Fleming | Corporate | 2019 | 750<br>595 | 1,477.10<br>1,112.90 | 1,107,825.00<br>662,175.50 |
| Seann Archibald | Corporate | 2019 | 750<br>595 | 1,025.40<br>242.40 | 769,050.00<br>144,228.00 |
| Sylvia Mahaffey | Corporate | 2019 | 750<br>595 | 233.50<br>940.30 | 175,125.00<br>559,478.50 |
| Ya Huang | Corporate | 2019 | 750<br>595 | 747.60<br>693.20 | 560,700.00<br>412,454.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Aishlinn R. Bottini | Litigation | 2019 | 750<br>595 | 230.10<br>826.90 | 172,575.00<br>492,005.50 |
| Andrea Thompson | Litigation | 2019 | 750 | 18.40 | 13,800.00 |
| Brittany Sherman | Litigation | 2019 | 750 | 1,607.00 | 1,205,250.00 |
| Caleb Robertson | Litigation | 2019 | 750<br>595 | 1,964.30<br>1,658.90 | 1,473,225.00<br>987,045.50 |
| Derek Mong | Litigation | 2019 | 750 | 468.80 | 351,600.00 |
| Feyilana Lawoyin | Litigation | 2019 | 750<br>595 | 571.70<br>940.80 | 428,775.00<br>559,776.00 |
| Kalana Kariyawasam | Litigation | 2019 | 750<br>595 | 804.20<br>1,127.00 | 603,150.00<br>670,565.00 |
| Lauren A. Cole | Litigation | 2019 | 750<br>595 | 985.50<br>191.30 | 739,125.00<br>113,823.50 |
| Mika Madgavkar | Litigation | 2019 | 750<br>595 | 472.50<br>196.30 | 354,375.00<br>116,798.50 |
| Sara Bodner | Litigation | 2019 | 750<br>595 | 917.20<br>1,307.60 | 687,900.00<br>778,022.00 |
| Sofia Gentel | Litigation | 2019 | 750<br>595 | 695.90<br>1,186.50 | 521,925.00<br>705,967.50 |
| Kyle Jorstad | Tax | 2020 | 750 | 273.90 | 205,425.00 |
| Vanessa Isler | Corporate | 2015 (Admitted in Switzerland) | 645 | 160.00 | 103,200.00 |
| Emily Tomlinson | Corporate | 2019 | 595 | 184.80 | 109,956.00 |
| Michael Kahn | Corporate | 2019 | 595 | 15.70 | 9,341.50 |
| Ciara Grubbs | Litigation | 2019 | 595 | 475.60 | 282,982.00 |
| Courtney Gans | Litigation | 2019 | 595 | 11.00 | 6,545.00 |
| Lauren Phillips | Litigation | 2019 | 595 | 1,094.00 | 650,930.00 |
| Rebecca Schwarz | Litigation | 2019 | 595 | 1,022.80 | 608,566.00 |
| Ryan Sila | Litigation | 2019 | 595 | 468.20 | 278,579.00 |
| Andrew Astore | Corporate | 2019 | 595 | 1,186.10 | 705,729.50 |
| Harold King | Corporate | 2020 | 595 | 1,300.50 | 773,797.50 |
| Ori Oren | Corporate | 2020 | 595 | 742.90 | 442,025.50 |
| Benjamin Wylly | Litigation | 2020* | 595 | 1,615.90 | 961,460.50 |
| Cristopher Ray | Litigation | 2020* | 595 | 265.30 | 157,853.50 |
| Evan Siegel | Litigation | 2020 | 595 | 594.80 | 353,906.00 |
| Shanique Campbell | Litigation | 2020 | 595 | 426.70 | 253,886.50 |
| Swara Saraiya | Litigation | 2019 | 595 | 739.90 | 440,240.50 |
| William LaRosa | Litigation | 2020 | 595 | 780.20 | 464,219.00 |
| Lavinia Borzi | Corporate | 2020 | 595 | 71.70 | 42,661.50 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Tammuz Huberman | Corporate | 2020 | 595 | 95.90 | 57,060.50 |
| Joachim Trautmann | Litigation | 2001 | 565 | 143.40 | 81,021.00 |
| Marisa Wheeler | Litigation | 2003 | 565 | 1,862.50 | 1,052,312.50 |
| Raffaele DiMaggio | Litigation | 2004 | 565 | 3,435.80 | 1,941,227.00 |
| Joel Hagood | Litigation | 2010 | 565 | 786.90 | 444,598.50 |
| Jay Holt | Litigation | 1977 | 415 | 1,412.80 | 586,312.00 |
| Katherine Geraci | Litigation | 1984 | 415 | 681.90 | 282,988.50 |
| Alain Rozan | Litigation | 1985 | 415 | 2,779.40 | 1,153,451.00 |
| Andrea Naham | Litigation | 1987 | 415 | 2,543.90 | 1,055,718.50 |
| Matthew Goetz | Litigation | 1992 | 415 | 808.40 | 335,486.00 |
| Louise Quick | Litigation | 1993 | 415 | 893.60 | 370,844.00 |
| Trebor Lloyd | Litigation | 1993 | 415 | 2,551.70 | 1,058,955.50 |
| Grace Sommero | Litigation | 1995 | 415 | 920.40 | 381,966.00 |
| Andrew Weiner | Litigation | 1997 | 415 | 2,770.80 | 1,149,882.00 |
| Jianlong Sun | Litigation | 1998 | 415 | 472.80 | 196,212.00 |
| Samuel McLamore | Litigation | 2000 | 415 | 281.20 | 116,698.00 |
| Bradley Hillis | Litigation | 2002 | 415 | 212.40 | 88,146.00 |
| Peter Lee | Litigation | 2004 | 415 | 1,818.30 | 754,594.50 |
| Peter Truong | Litigation | 2004 | 415 | 2,526.30 | 1,048,414.50 |
| Andrew Sreniawski | Litigation | 2005 | 415 | 201.50 | 83,622.50 |
| Karen Dodson-Dobson | Litigation | 2005 | 415 | 414.30 | 171,934.50 |
| Alejandro MacLean | Litigation | 2005 | 415 | 1,394.80 | 578,842.00 |
| Robert Njoroge | Litigation | 2008 | 415 | 1,798.70 | 746,460.50 |
| Moshe K. Silver | Litigation | 2009 | 415 | 1,993.30 | 827,219.50 |
| Daniel Berkowitz | Litigation | 2010 | 415 | 678.90 | 281,743.50 |
| Michael Pfeffer | Litigation | 2010 | 415 | 2,147.70 | 891,295.50 |
| Dianne Rim | Litigation | 2011 | 415 | 2,386.70 | 990,480.50 |
| Donald Sanyi | Litigation | 2011 | 415 | 1,412.10 | 586,021.50 |
| Elizabeth Shura | Litigation | 2011 | 415 | 781.60 | 324,364.00 |
| Jane Dryer | Litigation | 2011 | 415 | 159.80 | 66,317.00 |
| Michael Fessler | Litigation | 2011 | 415 | 2,251.50 | 934,372.50 |
| Elizabeth Varas | Litigation | 2013 | 415 | 908.00 | 376,820.00 |
| Joanna Ingalls | Litigation | 2013 | 415 | 479.70 | 199,075.50 |
| Ryan Spence | Litigation | 2013 | 415 | 1,550.20 | 643,333.00 |

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Kimberly Tolman | Litigation | 2014 | 415 390 | 675.00 832.00 | 280,125.00 324,480.00 |
| Matthew Ng | Litigation | 2014 | 415 | 1,732.90 | 719,153.50 |
| Sherif Khalil | Litigation | 2015 | 415 | 165.90 | 68,848.50 |
| Nathan Ancheta | Litigation | 2017 | 415 | 1,801.20 | 747,498.00 |
| **Total Associates:** | | | | **142,787.00** | **$95,165,020.00** |

\* - Admitted following Final Fee Period.

The paraprofessionals and other non-legal staff who rendered professional services in these Chapter 11 Cases during the Final Fee Period are:

| NAME OF PARAPROFESSIONALS: | DEPARTMENT | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Alex Kol | Litigation Technology | $400 | 42.00 | $16,800.00 |
| Brian Ross | Litigation Technology | 400 | 8.50 | 3,400.00 |
| Janet Venegas Fernando | Litigation Technology | 400 | 653.10 | 261,240.00 |
| Justin McMullen | Litigation Technology | 400 | 18.00 | 7,200.00 |
| Miguel Gonzalez | Litigation Technology | 385 | 260.80 | 100,408.00 |
| Vaughn Harper | Litigation Technology | 385 | 116.50 | 44,852.50 |
| Lee Michael Stein | Litigation Technology | 375 | 138.70 | 52,012.50 |
| John C. McCormack | Litigation Support | 360 | 144.50 | 52,020.00 |
| Jonathan Morales | Litigation Technology | 360 | 127.80 | 46,008.00 |
| Roberto Severini | Litigation Technology | 360 | 575.90 | 207,324.00 |
| Lauren Ruffin | Litigation Legal Assistant | 335 | 51.90 | 17,386.50 |
| Somaiya Kibria | Litigation Legal Assistant | 335 | 1,389.50 | 465,482.50 |
| Brittany Dobson | Litigation Support | 335 | 429.90 | 144,016.50 |
| Justin Kim | Litigation Support | 335 | 30.20 | 10,117.00 |
| Dana Crandall | Litigation Support Administrator | 335 | 165.00 | 55,275.00 |
| Chamblee Shufflebarger | Corporate Legal Assistant | 310 | 11.50 | 3,565.00 |
| David Sizer | Litigation Support | 310 | 428.00 | 132,680.00 |
| Elizabeth Greene | Litigation Legal Assistant | 310 | 681.50 | 211,265.00 |
| Elizabeth Lewis | Litigation Legal Assistant | 310 | 74.60 | 23,126.00 |
| Erin Munro | Litigation Legal Assistant | 310 290 | 40.50 11.00 | 12,555.00 3,190.00 |
| Jessica Farrell | Litigation Legal Assistant | 310 290 | 150.10 274.00 | 46,531.00 79,460.00 |
| Jim V. Bell | Litigation Legal Assistant | 310 290 | 1,007.20 667.50 | 312,232.00 193,575.00 |
| Joan Lewandowski | Litigation Legal Assistant | 310 | 1,254.40 | 388,864.00 |
| Kathleen Driscoll | Litigation Legal Assistant | 310 290 | 804.20 317.20 | 249,302.00 91,988.00 |
| Katie Dillon | Litigation Legal Assistant | 310 | 16.50 | 5,115.00 |
| Laura De Feo | Litigation Legal Assistant | 310 | 588.70 | 182,497.00 |
| Matthew London | Litigation Legal Assistant | 310 | 626.80 | 194,308.00 |
| Sarah Lim | Litigation Legal Assistant | 310 | 50.90 | 15,779.00 |
| Scott Levinson | Litigation Legal Assistant | 310 | 386.60 | 119,846.00 |
| Stephanie Scanzillo | Litigation Legal Assistant | 310 290 | 1,855.90 750.40 | 575,329.00 217,616.00 |
| Veronica Velasco | Litigation Legal Assistant | 310 290 | 340.00 1,903.20 | 105,400.00 551,928.00 |
| Vivian Fernandez | Litigation Legal Assistant | 310 290 | 359.20 1,863.10 | 111,352.00 540,299.00 |

| | | | | |
|---|---|---|---|---|
| Zachary Sanders | Litigation Legal Assistant | 310<br>290 | 264.20<br>433.40 | 81,902.00<br>125,686.00 |
| Ainslie Martin | Corporate Legal Assistant | 290 | 41.50 | 12,035.00 |
| Josephine Lovejoy | Corporate Legal Assistant | 290 | 57.20 | 16,588.00 |
| Justin Poitras | Corporate Legal Assistant | 290 | 23.00 | 6,670.00 |
| Michael Kotowski | Corporate Legal Assistant | 290 | 103.70 | 30,073.00 |
| Rachael Hall | Corporate Legal Assistant | 290 | 12.00 | 3,480.00 |
| Charlie Zhen | Litigation Legal Assistant | 290 | 1,153.30 | 334,457.00 |
| David Gonyer | Litigation Legal Assistant | 290 | 10.50 | 3,045.00 |
| Husniye Cogur | Litigation Legal Assistant | 290 | 1,511.50 | 438,335.00 |
| Nicole Jakobson | Litigation Legal Assistant | 290 | 1,460.40 | 423,516.00 |
| Raley Abramczyk | Litigation Legal Assistant | 290 | 1,238.80 | 359,252.00 |
| Rebecca O'Neill | Litigation Legal Assistant | 290 | 423.60 | 122,844.00 |
| Ryan Render | Litigation Legal Assistant | 290 | 294.00 | 85,260.00 |
| **Total Paraprofessionals:** | | | **25,642.40** | **$7,894,487.50** |

The total fees for the Final Fee Period are:

| PROFESSIONALS | BLENDED RATE | HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,396.33 | **16,927.80** | **$23,636,740.00** |
| Associates | 666.48 | **142,787.00** | 95,165,020.00 |
| Paraprofessionals | 307.87 | **25,642.40** | 7,894,487.50 |
| **Blended Attorney Rate** | **743.84** | | |
| **Blended Rate for All Timekeepers** | **683.52** | | |
| **Total Hours and Fees Incurred:** | | **185,357.20** | **$126,696,247.50[14]** |
| Less Compromise in respect of First Interim Fee Application | | | ($1,300,000.00) |
| Less Travel Adjustments for First and Second Interim Fee Applications[15] | | | ($1,479,567.00) |
| Less Prior Credits[16] | | | ($1,360,000.00) |
| Less Adjustments[17] | | | ($823,637.50) |
| Less Final Credit[18] | | | ($5,000,000.00) |
| **Total Adjusted Fees:** | | | **$116,733,043.00** |

---

[14] Net of $2,636,140.00 in voluntary write offs.

[15] Such amount is not counted towards the voluntary reductions or credits in the Application.

[16] As described in Cravath's Tenth and Twelfth Monthly Fee Statements.

[17] Consistent with the Court's determination at the October 7, 2019 omnibus hearing regarding pre-admitted attorney rates, Cravath has capped pre-admitted attorney rates for billing purposes at $450 per hour resulting in a discount of $823,637.50 in respect of the Second, Third, Fourth and Fifth Interim Fee Applications. Certain of Cravath's monthly fee statements did not reflect a discounted rate due to the expectation that Cravath would reach an agreement with the Fee Examiner regarding the specific discount to be applied. In light of the upcoming hearing on this Application, Cravath has reflected a discounted amount. Such amount is not counted towards the voluntary reductions or credits in the Application.

[18] As described further below, in respect of the Final Fee Period Cravath and the Debtors have agreed to a further credit in the amount of $5,000,000.00, to be applied to this Application.

## COMPENSATION BY PROJECT CATEGORY
## FOR THE FIFTH INTERIM PERIOD

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| ADMN | Case Administration (Incl. Docket Updates and Case Calendar) | 44.90 | $13,345.00 |
| ADVS | Adversary Proceedings | 119.00 | 111,494.50 |
| CASE | General Case Strategy | 72.10 | 63,509.00 |
| CASH | Financing / Cash Collateral | 2,494.20 | 1,995,398.00 |
| COMM | Committee Matters | 12.20 | 10,500.00 |
| CRAV | Cravath Retention and Fee Application | 180.80 | 85,050.00 |
| GOVR | Corporate Governance and Securities Matters | 1,237.00 | 1,111,327.00 |
| HEAR | Hearings and Court Matters | 90.80 | 114,124.00 |
| INVS | Investigations | 689.90 | 388,755.50 |
| NONB | Non-Bankruptcy Litigation | 486.50 | 484,261.00 |
| OPRS | Business Operations Matters | 13.00 | 11,705.00 |
| PLAN | Plan of Reorganization / Plan Confirmation | 159.50 | 186,576.00 |
| REGS | Regulatory & Legislative Matters | 178.60 | 103,125.00 |
| WILD | Wildfire Claims Matters | 175.20 | 119,038.00 |
| **Total:** | | **5,953.70** | **$4,798,208.00*** |

* - Net of $60,704.50 in voluntary write offs.

## COMPENSATION BY PROJECT CATEGORY
## FOR THE FINAL FEE PERIOD

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| ADMN | Case Administration | 2,615.60 | $858,023.00 |
| ADVS | Adversary Proceedings | 611.50 | 545,512.50 |
| ASST | Use and Sale of Assets, Including 363 Sales | 185.10 | 172,899.00 |
| AUTO | Automatic Stay | 154.30 | 127,680.00 |
| BARN | Bar Date and Claims Noticing Matter | 293.90 | 263,110.50 |
| CASE | General Case Strategy | 4,472.60 | 3,727,035.50 |
| CASH | Financing / Cash Collateral | 9,219.10 | 7,935,182.50 |
| COMM | Committee Matters | 17,055.40 | 9,259,218.00 |
| CRAV | Cravath Retention and Fee Application | 4,455.00 | 2,549,824.50 |
| CRED | Creditor Inquiries | 23.10 | 25,661.50 |
| DSSV | Disclosure Statement / Solicitation / Voting Matters | 118.50 | 119,068.50 |
| ECUL | Executory Contracts and Unexpired Leases | 0.30 | 282.00 |
| FEEO | Retention and Fee Application of Non-Cravath Professionals | 377.40 | 330,117.00 |
| GOVR | Corporate Governance and Securities Matters | 9,112.40 | 8,611,755.50 |
| HEAR | Hearings and Court Matters | 1,366.60 | 1,322,279.50 |
| INVS | Investigations | 12,855.00 | 8,766,065.50 |
| NONB | Non-Bankruptcy Litigation | 47,761.30 | 30,024,631.00 |
| OCMS | Other Contested Matters | 341.90 | 320,922.00 |
| OPRS | Business Operations Matters | 2,197.40 | 1,813,570.00 |
| PLAN | Plan of Reorganization / Plan Confirmation | 1,552.10 | 1,637,829.00 |
| PUBL | Public Relations Strategy | 328.30 | 345,301.50 |
| REGS | Regulatory & Legislative Matters | 22,631.70 | 13,896,766.50 |
| TRVL | Non-Working Travel Time | 4,071.50 | 2,635,633.50* |
| USTM | U.S. Trustee Matters/Meetings/Communications/Reports | 47.60 | 37,424.50 |
| WILD | Wildfire Claims Matters | 43,509.60 | 30,528,045.00 |
| **Total:** | | **185,357.20** | **$125,853,838.00**\*\* |

\* - Non-Working Travel Time (airplane travel) capped at two hours for billing purposes (including a $842,409.50 adjustment as described in the Second Interim Fee Application).

\*\* - Net of $2,636,140.00 in voluntary write offs.

**EXPENSE SUMMARY**
**FOR THE FIFTH INTERIM PERIOD**

| EXPENSES | AMOUNT |
|---|---|
| Courier/Mail Services | $64.54 |
| Special Disbursements (Including Expert Fees) | 726,345.13 |
| Travel | 839.98 |
| **Total:** | **$727,249.65** |

## EXPENSE SUMMARY
## FOR THE FINAL FEE PERIOD

| EXPENSES | AMOUNT |
|---|---|
| Business Meals | $102,228.97 |
| Courier/Mail Services | 38,956.01 |
| Duplicating | 27,661.64 |
| Meeting/Deposition Rooms | 468.30 |
| Miscellaneous | 5,969.71 |
| Special Disbursements (Including Expert Fees) | 25,198,823.68 |
| Transportation | 117,080.54 |
| Travel | 2,011,905.31* |
| **Total** | **$27,503,094.16** |

* - Hotel expenses have been capped for reimbursement purposes at $600.00/night.

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| **- and -** | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **FIFTH INTERIM AND FINAL FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE FIFTH INTERIM PERIOD JUNE 1, 2020 THROUGH AND INCLUDING JULY 1, 2020 AND (II) THE FINAL FEE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | |
| | Date:     TBD<br>Time:    TBD (Pacific Time)<br>Place:   United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |
| | **Objection Deadline:** September 21, 2020 at<br>        4:00 p.m. (Pacific Time) |

Cravath, Swaine & Moore LLP ("**Cravath**"), attorneys for PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for its fifth interim and final fee application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for (i) the interim allowance of compensation for professional services performed by Cravath and for reimbursement of its actual and necessary expenses incurred for the period commencing on June 1, 2020 through and including July 1, 2020 (the "**Fifth Interim Period**") and (ii) the final allowance of compensation for professional services performed by Cravath and for reimbursement of its actual and necessary expenses incurred for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Final Fee Period**"), respectfully represents:

## PRELIMINARY STATEMENT AND CASE STATUS

1.     On June 20, 2020, the Court entered the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (the "**Plan**"). On July 1, 2020, the effective date of the Plan occurred (the "**Effective Date**"). In accordance with the terms of the Interim Compensation Order (as defined below), the Plan, and the Confirmation Order, this Application seeks approval of compensation and reimbursement of amounts incurred by Cravath, as counsel to the Debtors, for the Fifth Interim Period and the Final Fee Period.

2.     The Chapter 11 Cases and the hundreds of stayed and contemplated litigations concerning the 2015 Butte fire, the 2017 North Bay fires (including the 2017 Tubbs fire) and the 2018 Camp fire (collectively, the "**Wildfire Litigations**") were large, complex actions. Since January 29, 2019, and throughout the Final Fee Period, Cravath provided critical advice and services to the Debtors as described herein and in Cravath's First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application and Fourth Interim Fee Application.

3. With respect to the Fifth Interim Period, Cravath's role in representing the Debtors was expansive and concerned six primary areas, among several others. *First*, Cravath was lead counsel in all the Wildfire Litigations and the 2019 Kincade fire. The Wildfire Litigations comprised claims by thousands of plaintiffs—including individuals, insurance companies and public entities—with potential liabilities in excess of $30 billion if the Debtors were to be found liable for certain or all of the alleged damages (excluding potential punitive damages, fines and penalties and damages from claims that have not manifested yet). During the Fifth Interim Period, Cravath spent over 170 hours of attorney and para-professional time (under task code "WILD") on matters related to the Wildfire Litigations and the Kincade fire, including working with experts, responding to data requests and negotiating with opposing counsel. *Second*, Cravath, along with the Debtors' other professionals, advised the Debtors on financing matters, spending over 2,400 hours of professional time in connection the exit financing for the Debtors' plan of reorganization (under task code "CASH"). *Third*, Cravath advises the Debtors on all wildfire and related issues that have arisen in connection with the Utility's corporate probation resulting from its January 27, 2017 federal criminal convictions. This has entailed drafting detailed responses to the federal monitor appointed to oversee that probation, as well as to the Hon. William H. Alsup. Cravath recorded over 480 hours of professional time (under task code "NONB") in connection with the criminal probation and other criminal inquiries. *Fourth*, Cravath has represented the Debtors in responding to detailed data requests from state regulatory agencies, municipalities and consumer groups, spending over 170 hours of professional time on such responses (under task code "REGS"), including the California Public Utilities Commission (the "**CPUC**") and CAL FIRE. *Fifth*, during the Fifth Interim Period, Cravath conducted other categories of investigations, spending over 680 hours of professional time on such investigations (primarily under task code "INVS"). *Sixth*, Cravath advised the Debtors during the Fifth Interim Period on corporate governance matters and participated in the arbitrations with the TCC, spending over 1,200 hours of professional time on such responses (under task code "GOVR"), including in connection with the drafting and/or review of the Debtors' SEC filings and other public disclosures to investors. *Lastly*, Cravath participated in various aspects of these Chapter 11 Cases with

the Debtors' other professionals with such bankruptcy work divided among several task codes, including "CASE", "PLAN" and "CRAV" (for drafting documents related to Cravath's retention and fee applications and related matters). These categories—among several others—are described in greater detail below. Given the breadth, complexity and volume of the work for which Cravath seeks compensation on behalf of its team of 50 professionals—who in the aggregate recorded 5,953.70 hours during the Fifth Interim Period—the descriptions herein are necessarily summary in fashion.

4. This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**") and the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**").

<u>**JURISDICTION**</u>

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.) and Rule 5011-1(a) of the Local Rules. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4

## BACKGROUND

6. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

7. On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors' Committee, the "**Committees**"). On May 29, 2019, the Court entered an order appointing Bruce A. Markell as the fee examiner for the Chapter 11 Cases (the "**Fee Examiner**"). On August 30, 2019, the Fee Examiner filed the *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 3762-1] with the Court. On October 24, 2019, having met and conferred with the Debtors, the U.S. Trustee and the Committees, the Fee Examiner filed the Revised Protocol with the Court. On December 18, 2019, the Court entered the Amended Fee Procedures Order.

8. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

## THE DEBTORS' RETENTION OF CRAVATH

9. On March 22, 2019, the Debtors filed an application to employ Cravath as their attorneys, effective as of the Petition Date [Docket No. 1024] (the "**Retention Application**"), which application was approved by the Court by Order entered April 25, 2019 [Docket No. 1683] (the "**Retention Order**").

10. The Retention Order authorizes the Debtors to compensate and reimburse Cravath in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Fee Guidelines and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Cravath

Case: 19-30088   Doc# 8951   Filed: 08/31/20   Entered: 08/31/20 21:03:10   Page 31 of 45

at its customary hourly rates for services rendered and to reimburse Cravath for its actual and necessary expenses incurred, subject to application to this Court. Specifically, the Retention Order authorizes Cravath "to render the professional services specified in or contemplated by the [Retention] Application" [Docket No. 1683 ¶ 3], which are:

- "advising and representing the Debtors with respect to the Wildfire Litigation Matters, including by prosecuting actions on the Debtors' behalf, defending actions commenced or ongoing against the Debtors, negotiating disputes in which the Debtors are involved and preparing objections to motions or to claims filed against the Debtors' estates;

- advising and representing the Debtors in connection with claims allowance, claims estimation and related settlement and plan of reorganization matters with respect to claims in connection with the Wildfire Litigation Matters;

- representing the Debtors in connection with investigations and inquiries by regulators and prosecuting authorities related to the Northern California wildfires, and advising the Debtors in connection with wildfire issues that have arisen or may arise in connection with their criminal probation arising from the San Bruno gas explosion;

- advising and representing the Debtors with respect to (i) any sale or other disposition or separation of assets or other strategic transactions; (ii) any financing transactions, including any amendment to, or incremental borrowing under, the DIP Financing, and bankruptcy exit financings; (iii) corporate governance and disclosure matters; and (iv) tax and employee benefits matters; in each case including negotiating and preparing on the Debtors' behalf any agreements, applications, motions and other filings related thereto;

- in consultation with the Debtors' other professionals, taking all necessary actions in connection with any Chapter 11 plan and related disclosure statement and/or other related documents, including in particular as they relate to the matters specified above; and

- performing all other necessary legal services in connection with these Chapter 11 Cases as requested by the Debtors and without duplication of other professionals' services."

[Docket No. 1024 at 8.]

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

11. For the Fifth Interim Period, Cravath seeks interim allowance of compensation for professional services performed during the Fifth Interim Period in the amount of $4,769,933.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the

6

amount of $727,249.65. During the Fifth Interim Period, Cravath attorneys and paraprofessionals expended a total of 5,953.70 hours in connection with the necessary services performed.

12. For the Final Fee Period, Cravath seeks final allowance of compensation for professional services performed during the Final Fee Period in the amount of $116,733,043.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $27,503,094.16 (including $4,769,933.00 in fees and $727,249.65 in expenses for the Fifth Interim Period). During the Final Fee Period, Cravath attorneys and paraprofessionals expended a total of 185,357.20 hours in connection with the necessary services performed (including 5,953.70 hours during the Fifth Interim Period).

13. The $116,733,043.00 sought for professional services performed during the Final Fee Period reflects certain credits, adjustments and reductions, including, (i) $2,636,140.00 in voluntary write offs, (ii) a $1,300,000.00 fee compromise agreed to with the Fee Examiner in respect of the First Interim Fee Application, (iii) $1,360,000.00 in one-time credits agreed to with the Debtors as described in the Third Interim Fee Application, (iv) a discount of $1,602,444.00 resulting from the voluntary continuation by Cravath of its 2019 hourly rates to professional services performed during these Chapter 11 Cases in 2020 in light of the high volume of professional services provided by Cravath to the Debtors during 2019 and (v) a further final $5,000,000.00 credit agreed to by Cravath and the Debtors to be applied to this Application. In the aggregate, these reductions amount to nearly $11.9 million or approximately 10.2% of the $116,733,043.00 final compensation sought pursuant to this Application.

14. There is no agreement or understanding between Cravath and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Except as set forth below with respect to payments received by Cravath pursuant to the Interim Compensation Order, during the Final Fee Period, Cravath received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

15.     The fees charged by Cravath in these Chapter 11 Cases are billed in accordance with Cravath's existing billing rates[1] and procedures in effect during the Final Fee Period.  Except as described herein and in Cravath's prior fee applications, the rates Cravath charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases are generally the same rates Cravath charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

16.     The summary sheets contain a schedule of Cravath professionals and paraprofessionals who have performed services for the Debtors during the Fifth Interim Period and during the Final Fee Period, the capacities in which each individual is employed by Cravath, the department in which each individual practices, the hourly billing rate charged by Cravath for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.  Biographical information for paraprofessionals can be made available upon request by the Court, and has been provided to the Fee Examiner pursuant to the Amended Fee Procedures Order.

17.     The summary sheets also contain a summary of Cravath's hours billed during the Fifth Interim Period and during the Final Fee Period using project categories (each of which correspond to a billing task code) described therein and hereinafter described.  Cravath maintains computerized records of the time spent by all Cravath attorneys and paraprofessionals in connection with its representation of the Debtors.  Copies of these computerized records have been filed on the docket with Cravath's monthly fee statements and furnished to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner in the format specified by the Fee Guidelines.

---

[1] As previously noted, consistent with its customary practices, on January 1, 2020, Cravath's standard hourly rates for attorneys and paraprofessionals increased; however, in light of the high volume of professional services provided by Cravath to the Debtors during 2019, Cravath and the Debtors agreed to maintain Cravath's 2019 hourly rates for 2020, resulting in a net discount to the Debtors' estates of $1,602,444.00.

18.     The summary sheets also contain a schedule specifying the categories of expenses incurred during the Fifth Interim Period and during the Final Fee Period for which Cravath is seeking reimbursement and the total amount for each such expense category. Itemized schedules of all such expenses have been filed on the docket with Cravath's monthly fee statements, provided to the Debtors, counsel for each of the Committees, the U.S. Trustee and the Fee Examiner.

19.     Annexed hereto as **Exhibit A** is a certification regarding Cravath's compliance with the Fee Guidelines.

20.     Annexed hereto as **Exhibit B** is a summary and comparison of the aggregate blended hourly rates billed by Cravath's timekeepers in its New York office (Cravath's sole domestic office) on all matters during the preceding year on a rolling 12-months year ending June 30, 2020 and the blended hourly rates billed to the Debtors during the Fifth Interim Period.

21.     Cravath discussed its rates, fees and staffing with the Debtors at the outset of these cases. Further, Cravath provided the Debtors with an estimated budget in connection with the Debtors' postpetition financing, which, as to the Fifth Interim Period, was most recently amended and agreed-upon on June 22, 2020. A summary of Cravath's budget, as applicable for the Fifth Interim Period, is attached hereto as **Exhibit C**. For the Fifth Interim Period, Cravath estimated its fees and expenses, including pass-through expenses for retained experts, would be approximately $5,303,226 (pro-rating for July 1, 2020) in the "high-case", and the fees and expenses sought for the Fifth Interim Period are within 10% of that estimate. A summary of staffing is attached hereto as **Exhibit D**. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the administration of the Chapter 11 Cases, preservation of the Debtors' assets and the other matters described herein. The Debtors are aware of the complexities of these cases, the many issues that need to be addressed, the various disciplines involved and that staffing needs are dynamic based on a number of factors, many of which are unpredictable, including the activities of other parties in interest in these Chapter 11 Cases.

22.     To the extent that pass-through expenses incurred relating to the Final Fee Period (including the Fifth Interim Period) were not invoiced to Cravath or otherwise processed prior

Case: 19-30088    Doc# 8951    Filed: 08/31/20    Entered: 08/31/20 21:03:10    Page 35 of 45

to the preparation of this Application, Cravath reserves the right to request additional reimbursement of such expenses directly from the Reorganized Debtors without any further application.

## SUMMARY OF SERVICES PERFORMED BY
## CRAVATH DURING THE FIFTH INTERIM PERIOD

23.     As described above, during the Fifth Interim Period, Cravath rendered substantial professional services to the Debtors in connection with their ongoing restructuring efforts, corporate governance matters, regulatory investigations and financing maters.  The following is a summary of the significant professional services rendered by Cravath during the Fifth Interim Period, organized in accordance with Cravath's internal system of project or work codes:

    a.    <u>Case Administration (Incl. Docket Updates and Case Calendar) (Task Code ADMN)</u>
<u>Fees:  $13,345.00; Total Hours:  44.90</u>

- Managed and tracked litigation, arbitration and investigation materials, including collecting and saving pertinent case materials and correspondence; and updating a calendar of deadlines across multiple matters;
- Maintained credentials for secure File Transfer Protocol sites and transmission of files through the same; and
- Compiled and organized attorney-requested materials for attorney and client review.

    b.    <u>Adversary Proceedings (Task Code ADVS)</u>
<u>Fees:  $111,494.50; Total Hours:  119.00</u>

- Drafted, reviewed and commented on filings related to the appeal of the bankruptcy court's dismissal of the adversary proceeding regarding public safety power shutoffs ("PSPS appeal");
- Conducted and reviewed legal research relevant to the PSPS appeal; and
- Corresponded with co-counsel regarding the PSPS appeal.

    c.    <u>General Case Strategy (Task Code CASE)</u>
<u>Fees:  $63,509.00; Total Hours:  72.10</u>

- Participated in numerous meetings, conferences and teleconferences and engaged in written communications among Cravath, the Debtors and the Debtors' other advisors regarding general case strategy and status;
- Prepared for and participated in meetings and teleconferences concerning case resolution and strategy, including relating to section 502(c) matters;
- Prepared key legal matters update for the Debtors' Board of Directors;
- Drafted and reviewed Chapter 11 timelines and related emergence planning materials; and
- Organized and tracked legal holds and document collection work in support of all matters.

10

d.     <u>Financing / Cash Collateral (Task Code CASH)</u>
        <u>Fees: $1,995,398.00; Total Hours: 2,494.20</u>

- Negotiated and/or revised transaction documentation related to the Debtors' proposed Exit Financing, including the amended Equity Backstop Commitment Letters and related subscription agreements, and private investment in public equity ("**PIPE**") investment agreement;
- Drafted, negotiated, and revised registration rights agreements related to the Fire Victim Trust;
- Drafted and revised prospectus supplement riders related to the debt-financing component of Debtors' Exit Financing;
- Drafted and revised prospectus supplements related to the equity-financing component of Debtors' Exit Financing;
- Drafted and revised the motion to approve amendments to the Equity Backstop Commitment Letters;
- Participated in conferences and teleconferences with the Debtors, other Debtor professionals, the Equity Backstop and Backstop Debt Commitment Parties and their professionals regarding the Exit Financing and Exit Financing orders, and prepared and reviewed certain related presentations and other materials;
- Prepared and/or reviewed drafts of various public and/or regulatory filings in respect of the Exit Financing; and
- Attention to matters regarding the DIP facility.

e.     <u>Committee Matters (Task Code COMM)</u>
        <u>Fees: $10,500.00; Total Hours: 12.20</u>

- Responded to Committee discovery requests;
- Corresponded with third parties regarding document subpoenas from the Tort Claimant Committee;
- Responded to inquiries from third parties regarding document subpoenas from the Tort Claimant Committee;
- Coordinated productions for Committee discovery requests; and
- Responded to informal Committee inquiries.

f.     <u>Cravath Retention and Fee Applications (Task Code CRAV)</u>
        <u>Fees: $180.80; Total Hours: 85,050.00</u>

- Prepared guidance and provided advice regarding proper time entry preparation; and
- Reviewed and revised time entries prepared for submission with monthly fee statements to prevent the disclosure of privileged information or attorney work product.

g.     <u>Corporate Governance and Securities Matters (Task Code GOVR)</u>
        <u>Fees: $1,111,327.00; Total Hours: 1,237.00</u>

- Drafted and edited numerous of the Debtors' SEC filings;
- Reviewed and provided comments to the Debtors' press releases and investor communications;
- Prepared for and participated in the arbitrations with the TCC regarding the registration rights agreement and related matters;
- Corresponded with shareholders and their representatives;
- Prepared materials for and participated in meetings of the Debtors' boards of directors and related committees;

11

- Conferred with the Debtors' auditors and financial advisors regarding securities, accounting and other governance issues; and
- Corresponded with the Debtors' officers and directors on corporate governance matters.

h.  <u>Hearings and Court Matters (Task Code HEAR)</u>
    <u>Fees: $114,124.00; Total Hours: 90.80</u>

- Prepared for and attended certain in-person and telephonic hearings before the Court, including hearings related to plan confirmation and exit financing.

i.  <u>Investigations (Task Code INVS)</u>
    <u>Fees: $388,755.50; Total Hours: 689.90</u>

- Conducted factual investigations regarding various electric operations issues and the cause and origin of the Kincade Fire, including interviewing Debtor personnel and reviewing Debtor documents regarding the same.

j.  <u>Non-Bankruptcy Litigation (Task Code NONB)</u>
    <u>Fees: $484,261.00; Total Hours: 486.50</u>

- Reviewed and commented on responses to numerous requests from the federal monitor appointed in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA; and
- Conducted numerous meetings and interviews with subject matter experts and PG&E leadership, engaged in discussions with federal monitor concerning probation conditions, and prepared multiple submissions in response to court orders in *United States of America v. Pacific Gas and Electric Company*, No. 3:14-cr-00175-WHA.

k.  <u>Business Operations Matters (Task Code OPRS)</u>
    <u>Fees: $11,705.00; Total Hours: 13.00</u>

- Provided legal advice relating to numerous business operations matters;
- Responded to inquiries from third-party counsel concerning subpoenas served by Tort Claimants Committee;
- Drafted weekly key items update and prepared investigation update materials for presentation to Board of Directors; and
- Advised on protocol for access to restricted sites for inspection and maintenance work and coordinated site access for same with external counsel.

l.  <u>Plan of Reorganization / Plan Confirmation (Task Code PLAN)</u>
    <u>Fees: $186,576.00; Total Hours: 159.50</u>

- Participated in internal and external conferences and teleconferences with the Debtors, other Debtor professionals and other parties in interest regarding Debtors' Plan of Reorganization;
- Analyzed and revised wildfire claims, governance and exit financing related aspects of Debtors' Plan of Reorganization, proposed Confirmation Order and confirmation brief; and
- Drafted and reviewed certain stipulations with the TCC and the Fire Victim Trust.

12

m.   Regulatory & Legislative Matters (Task Code REGS)
     Fees:  $103,125.00; Total Hours:  178.60

- Conducted meetings and interviews with Debtor personnel to determine location and collection strategy for documents responsive to data requests served by the CPUC pertaining to the 2019 Kincade Fire and other areas contemplated by the requests;
- Collected and reviewed documents for responsiveness to data requests served by the CPUC pertaining to the 2019 Kincade Fire and other areas contemplated by the requests;
- Reviewed and redacted documents responsive to CPUC data requests for privilege and prepared confidentiality declarations;
- Produced documents responsive to CPUC data requests and coordinated with document vendors with respect to the same; and
- Drafted narrative responses to questions posed by CPUC pertaining to the 2019 Kincade Fire and other areas contemplated by the requests.

n.   Wildfire Claims Matters (Task Code WILD)
     Fees:  $119,038.00; Total Hours:  175.20

- Managed the preservation and collection of evidence related to the Kincade fire;
- Conducted ongoing factual investigations of Kincade fire, including interviewing Debtor personnel, reviewing Debtor documents, conducting site visits and reviewing physical evidence;
- Conducted and reviewed legal research relevant to wildfire claims; and
- Analyzed and tracked claims data.

24.    The foregoing is merely a summary of the various professional services rendered by Cravath during the Fifth Interim Period.  The professional services performed by Cravath were necessary and appropriate to the administration of the Chapter 11 Cases and were in the best interests of the Debtors and the estates.  Compensation for such services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

25.    The professional services performed by Cravath on behalf of the Debtors during the Fifth Interim Period required an aggregate expenditure of 5,953.70 recorded hours by Cravath's partners, counsel, associates and paraprofessionals.   Of the aggregate time expended, 1,153.60 recorded hours were expended by Cravath partners; 4,359.80 recorded hours were expended by associates, counsel, practice area attorneys and discovery attorneys; and 440.30 recorded hours were expended by paraprofessionals and other non-legal staff of Cravath.

26.    During the Fifth Interim Period, Cravath billed the Debtors for time expended by attorneys based on hourly rates ranging from $415.00 to $1,500.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for

13

attorneys of approximately $846.70 (based on 5,513.40 recorded hours for attorneys at Cravath's billing rates in effect at the time of the performance of services).

**SUMMARY OF SERVICES PERFORMED BY**
**CRAVATH DURING THE FINAL FEE PERIOD**

27.     The professional services summarized above and performed by partners, counsel and associates of Cravath during the Final Fee Period were primarily rendered by the Corporate and Litigation Departments.[2] The professional services performed by Cravath on behalf of the Debtors during the Final Fee Period required an aggregate expenditure of 185,357.20 recorded hours by Cravath's partners, counsel, associates and paraprofessionals.  Of the aggregate time expended, 16,927.80 recorded hours were expended by Cravath partners; 142,787.00 recorded hours were expended by associates, counsel, practice area attorneys and discovery attorneys; and 25,642.40 recorded hours were expended by paraprofessionals and other non-legal staff of Cravath.

28.     During the Final Fee Period, Cravath billed the Debtors for time expended by attorneys based on hourly rates ranging from $415.00 to $1,500.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $743.84 (based on 159,714.80 recorded hours for attorneys at Cravath's billing rates in effect at the time of the performance of services).

**ACTUAL AND NECESSARY DISBURSEMENTS OF CRAVATH**

29.     Cravath has disbursed $27,503,094.16[3] as expenses incurred in providing professional services during the Final Fee Period (including $727,249.65 during the Fifth Interim Period).  These expenses are reasonable and necessary and were essential to, among other things, ongoing work of subject matter experts retained for purposes of the Wildfire Litigations, travel to and from court hearings and preparation of materials for the same.  Pursuant to arrangements agreed to between the Debtors and the Office of the U.S. Trustee (and disclosed to the Committees), expenses for subject matter experts relating to the Wildfire Litigations and associated claims are included as

---

[2] Cravath's Financial Restructuring and Reorganization ("**FR&R**") practice group is organizationally located in the Corporate Department, but involves the participation of attorneys from both the Corporate and Litigation Departments.

[3] Including $25,198,823.68 of Special Disbursements, the vast majority of which are pass-through expenses for subject matter experts.

14

pass-through expenses under the line item "Special Disbursements", and separate approval by the Court of the employment of these subject matter experts by Cravath has not been sought or obtained.

30. Cravath has made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors, their estates and their economic stakeholders.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

31. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

15

32.     In the instant case, Cravath submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Chapter 11 Cases.  The Debtors sought Chapter 11 protection "to find the quickest and most efficient way to provide compensation" to the victims "of the tragic 2017 and 2018 wildfires" who are entitled to compensation.  (Aug. 14, 2019 Hr'g Tr. 22:21-23:2 (Statement of K. Orsini); *accord* Aug. 13, 2019 Hr'g Tr. 7:13-8-23 (Statement of the Court).)  Cravath's work, as summarized above and detailed in its time entries, is focused on the resolution of claims stemming from the wildfires, as well as related regulatory compliance investigations and activities.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates, creditors and all other parties in interest.  The compensation requested herein is reasonable and appropriate in light of the nature, extent and value of such services to the Debtors, as well as the size and complexity of these Chapter 11 Cases, the Wildfire Litigations and related investigations and corporate governance matters.

33.     The professional services were performed expediently and efficiently. Whenever possible, Cravath sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle routine work and initial drafting of litigation materials.

34.     The amounts sought for final allowance in the Application reflect voluntary reductions and credits of nearly $11.9 million.  On a percentage basis, the aggregate reductions included in the Application amount to approximately 10.2% of the $116,733,043.00 final compensation sought, which is more than three times the amount, on a percentage basis, of the compromises obtained by the Fee Examiner from the other retained professionals as of the Fee Examiner's second status report.  (*Fee Examiner's Second Report on Status of Fee and Expense Applications Submitted, Approved and Pending filed August 28, 2020* [Docket No. 8900 ¶12], indicating an aggregate of $5,144,716.33 of reductions relating to $166,693,007.35 of fees and

Case: 19-30088    Doc# 8951    Filed: 08/31/20    Entered: 08/31/20 21:03:10    Page 42
of 45

expenses, or 3.0%.)  Therefore, the Application should be approved on the basis requested without further reduction or adjustment.

35.     In sum, the services rendered by Cravath were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## NOTICE

36.     Notice of this Application has been provided to parties in interest in accordance with the procedures set forth in the Interim Compensation Order.  Cravath submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

37.     Cravath respectfully requests that the Court (i) (a) award interim allowance of Cravath's compensation for professional services rendered during the Fifth Interim Period in the amount of $5,497,182.65, consisting of $4,769,933.00, representing 100% of fees incurred during the Fifth Interim Period, and reimbursement of $727,249.65, representing 100% of actual and necessary expenses incurred during the Fifth Interim Period and (b) award final allowance of Cravath's compensation for professional services rendered during the Final Fee Period in the amount of $144,236,137.16, consisting of $116,733,043.00, representing 100% of fees incurred during the Final Fee Period, and reimbursement of $27,503,094.16, representing 100% of actual and necessary expenses, in all instances as incurred during the Final Fee Period, and that such allowance be without prejudice to Cravath's right to seek additional reimbursement of pass-through expenses incurred during the Final Fee Period, which were not invoiced to Cravath or otherwise processed at the time of this Application; (ii) direct payment by the Reorganized Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as is just.

Case: 19-30088    Doc# 8951    Filed: 08/31/20    Entered: 08/31/20 21:03:10    Page 43 of 45

Dated: August 31, 2020

CRAVATH, SWAINE & MOORE LLP

_____/s/ *Paul H. Zumbro*_____

Paul H. Zumbro

*Attorneys for Debtors and Debtors in Possession*

**Notice Parties**

PG&E Corporation
c/o Pacific Gas & Electric Company
77 Beale Street
San Francisco, CA 94105
Attn: John R. Simon, Esq.

Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
Attn:   Tobias S. Keller, Esq.,
        Jane Kim, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Stephen Karotkin, Esq.
        Jessica Liou, Esq.
        Matthew Goren, Esq.

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Attn:   James L. Snyder, Esq.,
        Timothy Laffredi, Esq.

Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Attn:   Dennis F. Dunne, Esq.,
        Sam A. Khalil, Esq.

Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Attn:   Paul S. Aronzon, Esq.,
        Gregory A. Bray, Esq.,
        Thomas R. Kreller, Esq.

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Attn:   Eric Sagerman, Esq.,
        Cecily Dumas, Esq.

Bruce A. Markell
Fee Examiner
541 N. Fairbanks Ct., Ste 2200
Chicago, IL 60611-3710

Scott H. McNutt
324 Warren Road
San Mateo, California 94402

19