**Exhibit A**

**<u>Certification</u>**

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
| - and - | |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **CERTIFICATION OF PAUL H. ZUMBRO IN SUPPORT OF FIFTH INTERIM AND FINAL FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE FIFTH INTERIM PERIOD JUNE 1, 2020 THROUGH AND INCLUDING JULY 1, 2020 AND (II) THE FINAL FEE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020** |
| **Debtors.** | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * All papers shall be filed in the Lead Case No. 19-30088 (DM). | |

I, Paul Zumbro, hereby certify that:

1. I am a partner with the applicant firm, Cravath, Swaine & Moore LLP ("**Cravath**"), and involved in Cravath's representation of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**") in connection with the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I am familiar with the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California*, dated February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the revised *Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company* [Docket No. 4473-1] filed on October 24, 2019 (the "**Revised Protocol,**" and, together with the Local Guidelines and the U.S. Trustee Guidelines, the "**Fee Guidelines**") and the *Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures* [Docket No. 5168] entered on December 18, 2019 (the "**Amended Fee Procedures Order**").

2. This Certification is made in connection with Cravath's Fifth Interim and Final Fee Application, dated August 31, 2020 (the "**Application**"),[1] for (i) interim allowance of compensation and reimbursement of expenses for the period commencing June 1, 2020 through and including July 1, 2020 (the "**Fifth Interim Period**") and (ii) final allowance of compensation and reimbursement of expenses for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Final Fee Period**").

3. Pursuant to the Local Guidelines, I certify that:

    a. I have read the Application;

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Application.

3

the Application, the fees and disbursements sought fall within the Local Guidelines; and

c. The fees and disbursements sought are billed at rates in accordance with those generally charged by Cravath and generally accepted by Cravath's clients.

4. I certify that the Debtors, counsel for each of the Official Committees and the U.S. Trustee are each being provided with a copy of the Application in accordance with the Interim Compensation Order.

5. Exhibit B to the Application compares the blended hourly rate billed by attorneys and paraprofessionals in Cravath's New York office (its sole domestic office) to all matters during the preceding year on a rolling 12 months year ending June 30, 2020 with the blended hourly rate billed by attorneys and paraprofessionals to the Debtors in connection with the Chapter 11 Cases during the Fifth Interim Period. Cravath does not charge a premium for bankruptcy related services as compared to other services.

6. Cravath responds to the questions identified in the U.S. Trustee Guidelines as to the Fifth Interim Period[2] follows:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**: Yes. Consistent with its customary practices, on January 1, 2020, Cravath's standard hourly rates for attorneys and paraprofessionals increased; however, in light of the high volume of professional services provided by Cravath to the Debtors during 2019, Cravath and the Debtors have agreed to maintain Cravath's 2019 hourly rates for 2020 (*i.e.*, the rates previously disclosed in the *Application of Debtors Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ Cravath, Swaine & Moore LLP as Corporate and Litigation Counsel for the Debtors Effective as of the Petition Date* [Docket No. 1024] will remain in effect notwithstanding Cravath's generally applicable 2020 rate increase).

In addition, Cravath and the Debtors agreed to a further credit $5,000,000.00 to be applied to the Application.

---

[2] Cravath's responses to the questions identified in the U.S. Trustee Guidelines for prior interim compensation periods are included in Cravath's First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application and Fourth Interim Fee Application.

4

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**: N/A.

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response**: This Application includes time and fees related to reviewing or revising time records and preparing, reviewing or revising invoices, as well as preparing the Retention Application and monthly fee statements. During the Fifth Interim Period, approximately 180.80 hours were spent on such work under the task code "CRAV", generating approximately $85,050.00 in fees sought in this Application, which amounts include the 13.50 hours and $11,399.00 in associated fees described in the question immediately below. The fees under the task code "CRAV" represent less than 1.8% of the fees sought in this Application for the Fifth Interim Period. Such fees are reasonable in light of the scope and complexity of Cravath's work on behalf of the Debtors and are compensable in these Chapter 11 Cases.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: Yes. During the Fifth Interim Period, approximately 13.50 hours were spent on such work, generating approximately $11,399.00 in fees sought in this Application. Such fees represent less than 0.3% of the aggregate fees sought in this Application for the Fifth Interim Period.

**Question**: If the fee application includes any rate increases since retention:

**Response**: No.

i. Did your client review and approve those rate increases in advance?

ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

5

**Response**:  The client was notified at the outset of the engagement that Cravath's hourly rates are reviewed and revised from time to time.

Dated:  August 31, 2020

New York, New York

/s/ *Paul H. Zumbro*

Paul H. Zumbro