**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**FIRST AND FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing:** Not Set – To be Determined<br>Objection Deadline: September 21, 2020 |
| To: The Notice Parties | |
| Name of Applicant: | PricewaterhouseCoopers LLP |
| Authorized to Provide Professional Services to: | Management, Tax, Internal Accounting, and Advisory Consultants to the Debtors and Debtors in Possession |
| Date of Retention: | May 23, 2019 *nunc pro tunc* to January 29, 2019[1] |
| Period for which compensation and reimbursement are sought: | January 29, 2019 through July 1, 2020 |
| Final Amount of compensation sought as actual, reasonable, and necessary: | $36,829,980.90 |
| Final Amount of expense reimbursement sought as actual, reasonable, and necessary: | $ 2,304,158.22 |

This is a(n): ______ monthly __X___ interim __X___ final application

[1] On May 23, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ PricewaterhouseCoopers LLP as Management, Tax, Internal Accounting, and Advisory Consultants to the Debtors nunc pro tunc to Petition Date* [Dkt. No. 2230].

## PRIOR MONTHLY FEE APPLICATIONS FILED

| App No | App Date / Docket No. | Period Covered | Period Covered | Period Covered | Approved Fees | Approved Expenses | 20% Holdback |
|---|---|---|---|---|---|---|---|
| 1 | 7/1/2019 [2802] | 01/29/2019 - 02/28/2019 | $3,381,442.30 | $282,748.33 | $2,705,153.84 | $ 282,748.33 | $ 676,288.46 |
| 2 | 7/1/2019 [2803] | 03/01/2019 - 03/31/2019 | $3,550,472.70 | $265,480.14 | $2,840,378.16 | $ 265,480.14 | $ 710,094.54 |
| 3 | 7/1/2019 [2805] | 04/01/2019 - 04/30/2019 | $1,292,147.30 | $54,067.22 | $1,033,717.84 | $ 54,067.22 | $ 258,429.46 |
| 4 | 10/4/2019 [4111] | 05/01/2019 - 05/31/2019 | $717,456.30 | $51,637.09 | $ 573,965.04 | $ 51,637.09 | $ 143,491.26 |
| 5 | 10/24/2019 [4459] | 06/01/2019 - 06/30/2019 | $902,329.70 | $26,931.58 | $ 721,863.76 | $ 26,931.58 | $ 180,465.94 |
| 6 | 12/31/2019 [5228] | 07/01/2019 - 07/31/2019 | $4,535,314.30 | $364,079.41 | $3,628,251.44 | $ 364,079.41 | $ 907,062.86 |
| 7 | 12/31/2019 [5229] | 08/01/2019 - 08/31/2019 | $143,538.50 | | $ 114,830.80 | $ - | $ 28,707.70 |
| 8 | 12/31/2019 [5230] | 09/01/2019 - 09/30/2019 | $2,508,649.50 | $193,160.24 | $2,006,919.60 | $ 193,160.24 | $ 501,729.90 |
| 9 | 12/31/2019 [5231] | 10/01/2019 - 10/31/2019 | $1,216,959.00 | | $ 973,567.20 | $ - | $ 243,391.80 |
| 10 | 6/19/2020 [8032] | 11/01/2019 - 11/30/2019 | $6,624,982.10 | $378,526.69 | $5,299,985.68 | $ 378,526.69 | $ 1,324,996.42 |
| 11 | 6/19/2020 [8033] | 12/01/2019 - 12/31/2019 | $1,849,343.70 | $182,721.43 | $1,479,474.96 | $ 182,721.43 | $ 369,868.74 |
| 12 | 6/19/2020 [8035] | 01/01/2020 - 01/31/2020 | $1,996,785.50 | $127,922.70 | $1,597,428.40 | $ 127,922.70 | $ 399,357.10 |
| 13 | 6/19/2020 [8038] | 02/01/2020 - 02/29/2020 | $2,298,370.00 | $167,800.59 | $1,838,696.00 | $ 167,800.59 | $ 459,674.00 |
| 14 | 6/19/2020 [8039] | 03/01/2020 - 03/31/2020 | $1,033,394.10 | $135,562.97 | $ 826,715.28 | $ 135,562.97 | $ 206,678.82 |
| 15 | 6/19/2020 [8041] | 04/01/2020 - 04/30/2020 | $1,883,292.80 | $26,529.00 | $1,506,634.24 | $ 26,529.00 | $ 376,658.56 |
| 16 | 8/28/2020 [8892] | 05/01/2020 - 05/31/2020 | $976,078.00 | $26,990.83 | $ 780,862.40 | $ 26,990.83 | $ 195,215.60 |
| 17 | 8/31/2020 [8952] | 06/01/2020 - 07/01/2020 | $1,919,425.10 | $20,000.00 | $1,535,540.08 | $ 20,000.00 | $ 383,885.02 |
| | | | **$36,829,980.90** | **$2,304,158.22** | **$29,463,984.72** | **$ 2,304,158.22** | **$ 7,365,996.18** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category and Billing Category | Hours | Total Compensation |
|---|---|---|
| **Fixed Fee Services** | | |
| ***Claims Services*** | ***Retention Exhibit #: 01-B*** | |
| Claims Coding | 181.60 | $20,500.00 |
| ***Subtotal - Claims Services*** | ***181.60*** | ***$20,500.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: 01-C; 01-D*** | |
| North Bay & Camp Fire Services | 9,225.20 | $2,816,500.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***9,225.20*** | ***$2,816,500.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-A; 01-D*** | |
| North Bay & Camp Fire Services - C.O. #10 & C.O. #1 | 11,662.70 | $3,610,000.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***11,662.70*** | ***$3,610,000.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-B; 01-E*** | |
| North Bay & Camp Fire Services - C.O. #11 & C.O. #2 | 5,024.30 | $2,334,422.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***5,024.30*** | ***$2,334,422.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-C; 01-F*** | |
| North Bay & Camp Fire Services - C.O. #12 & C.O. #3 | 4,039.50 | $2,005,000.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***4,039.50*** | ***$2,005,000.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 2 01-A*** | |
| Camp Fire Services - C.O. #4 | 2,518.40 | $1,225,325.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***2,518.40*** | ***$1,225,325.00*** |
| ***Offshore Support Services*** | ***Retention Exhibit #: 01-E*** | |
| Offshore Support Services | 0.00 | $95,228.00 |
| ***Subtotal - Offshore Support Services*** | ***0.00*** | ***$95,228.00*** |
| ***Internal Audit Assessment Services*** | ***Retention Exhibit #: 01-F*** | |
| Internal Audit Assessment Services | 128.50 | $99,000.00 |
| ***Subtotal - Internal Audit Assessment Services*** | ***128.50*** | ***$99,000.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 3 01-A*** | |
| Camp Fire Services - C.O. #5 | 573.80 | $220,000.00 |
| ***Subtotal - North Bay & Camp Fire Services*** | ***573.80*** | ***$220,000.00*** |
| ***IT Implementation Services*** | ***Retention Exhibit #: 01-G*** | |
| IT Implementation Services | 2,533.00 | $417,000.00 |
| ***Subtotal - IT Implementation Services*** | ***2,533.00*** | ***$417,000.00*** |
| ***Compliance Services*** | ***Retention Exhibit #: 01-H*** | |
| Compliance Services | 2,553.20 | $1,006,000.00 |
| ***Subtotal - Compliance Services*** | ***2,553.20*** | ***$1,006,000.00*** |
| ***Controls Testing Services*** | ***Retention Exhibit #: 01-I*** | |
| Controls Testing Services | 2,904.10 | $470,455.00 |
| ***Subtotal - Controls Testing Services*** | ***2,904.10*** | ***$470,455.00*** |

| Project Category and Billing Category | Hours | Total Compensation |
|---|---|---|
| ***EO Reorganization Support Services*** | ***Retention Exhibit #: SUPP 01-R*** | |
| EO Reorganization Support Services | 1,761.00 | $625,000.00 |
| ***Subtotal - EO Reorganization Support Services*** | ***1,761.00*** | ***$625,000.00*** |
| ***Rule 21 Readiness & Pilot Testing Services*** | ***Retention Exhibit #: SUPP 01-K & 01-L*** | |
| Rule 21 Readiness & Pilot Testing Services | 1,212.70 | $371,000.00 |
| ***Subtotal - Rule 21 Readiness & Pilot Testing Services*** | ***1,212.70*** | ***$371,000.00*** |
| ***Legal Observation Support Services*** | ***Retention Exhibit #: SUPP 01-M & 01-N*** | |
| Legal Observation Support Services | 1,298.60 | $820,000.00 |
| ***Subtotal - Legal Observation Support Services*** | ***1,298.60*** | ***$820,000.00*** |
| ***WDT Support Services*** | ***Retention Exhibit #: SUPP 01-O*** | |
| WDT Support Services | 117.50 | $58,000.00 |
| ***Subtotal - WDT Support Services*** | ***117.50*** | ***$58,000.00*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 01-P*** | |
| PSPS Program Support Services | 4,953.70 | $1,750,000.00 |
| ***Subtotal - PSPS Program Support Services*** | ***4,953.70*** | ***$1,750,000.00*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 2 01-F*** | |
| PSPS Program Training Services - C.O. 2 | 4,163.40 | $1,363,000.00 |
| ***Subtotal - PSPS Program Support Services*** | ***4,163.40*** | ***$1,363,000.00*** |
| ***Ariba Supply Chain Support Services*** | ***Retention Exhibit #: SUPP 3 01-E*** | |
| Design Acceptance Procedures | 1,299.00 | $250,000.00 |
| ***Subtotal - Ariba Supply Chain Support Services*** | ***1,299.00*** | ***$250,000.00*** |
| ***Electric Asset Excellence Program Services*** | ***Retention Exhibit #: SUPP 3 01-D*** | |
| Electric Asset Excellence Program Services | 1,194.00 | $715,000.00 |
| ***Subtotal - Electric Asset Excellence Program Services*** | ***1,194.00*** | ***$715,000.00*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 2 01-G*** | |
| PSPS Program Training Services - C.O. 3 | 1,761.50 | $732,000.00 |
| PSPS Data Automation & Analytics Services | 2,550.00 | $605,000.00 |
| PSPS Program Support Services - 2020 Services | 1,208.50 | $360,000.00 |
| ***Subtotal - PSPS Program Support Services*** | ***5,520.00*** | ***$1,697,000.00*** |
| ***Cybersecurity Assessment Services*** | ***Retention Exhibit #: SUPP 01-Q*** | |
| Cybersecurity Assessment Services | 1,930.00 | $867,400.00 |
| ***Subtotal - Cybersecurity Assessment Services*** | ***1,930.00*** | ***$867,400.00*** |
| ***Cybersecurity Assessment Services*** | ***Retention Exhibit #: SUPP 2 01-H*** | |
| Cybersecurity Assessment Services - Phase 2 | 2,650.00 | $869,366.00 |
| ***Subtotal - Cybersecurity Assessment Services*** | ***2,650.00*** | ***$869,366.00*** |
| ***MetricStream Implementation Services*** | ***Retention Exhibit #: SUPP 01-S*** | |
| MetricStream Implementation Services | 1,059.40 | $95,000.00 |
| ***Subtotal - MetricStream Implementation Services*** | ***1,059.40*** | ***$95,000.00*** |

| Project Category and Billing Category | Hours | Total Compensation |
|---|---|---|
| ***EO MPP Org Standup Support Services*** | ***Retention Exhibit #: SUPP 01-T*** | |
| EO MPP Org Standup Support Services | 3,029.00 | $950,000.00 |
| ***Subtotal - EO MPP Org Standup Support Services*** | ***3,029.00*** | ***$950,000.00*** |
| ***Tax R&D Tax Credit Services*** | ***Retention Exhibit #: SUPP 04*** | |
| Tax R&D Tax Credit Services | 869.90 | $325,000.00 |
| ***Subtotal - Tax R&D Tax Credit Services*** | ***869.90*** | ***$325,000.00*** |
| ***2020 WMP Plan Support Services*** | ***Retention Exhibit #: SUPP 2 01-J*** | |
| 2020 WMP Plan Support Services | 1,897.40 | $737,000.00 |
| ***Subtotal - 2020 WMP Plan Support Services*** | ***1,897.40*** | ***$737,000.00*** |
| ***2020 WMP Plan Post Filing Services*** | ***Retention Exhibit #: SUPP 2 01-K*** | |
| 2020 WMP Plan Post Filing Services | 3,048.60 | $1,035,000.00 |
| ***Subtotal - 2020 WMP Plan Post Filing Services*** | ***3,048.60*** | ***$1,035,000.00*** |
| ***Compliance and Ethics Support Services*** | ***Retention Exhibit #: SUPP 2 01-L*** | |
| Compliance and Ethics Support Services | 1,424.80 | $430,650.00 |
| ***Subtotal - Compliance and Ethics Support Services*** | ***1,424.80*** | ***$430,650.00*** |
| **Subtotal - Hours and Compensation - Fixed Fee Services** | **78,773.30** | **$27,277,846.00** |
| **Hourly Services** | | |
| ***E-Discovery Services*** | ***Retention Exhibit #: 01-J & 01-K; SUPP 01-H & 01-I*** | |
| Project Management | 508.60 | $196,672.40 |
| Forensic Collections | 3,574.00 | $706,086.00 |
| ***Subtotal - E-Discovery Services*** | ***4,082.60*** | ***$902,758.40*** |
| ***Rate Case Support Services*** | ***Retention Exhibit #: 01-L; SUPP 01-J*** | |
| Rate Case Support Services | 2,119.80 | $674,360.00 |
| ***Subtotal - Rate Case Support Services*** | ***2,119.80*** | ***$674,360.00*** |
| ***Wildfire Mitigation Plan Support Services*** | ***Retention Exhibit #: SUPP 01-U*** | |
| WMP Support Services | 133.00 | $41,717.50 |
| ***Subtotal - Wildfire Mitigation Plan Support Services*** | ***133.00*** | ***$41,717.50*** |
| ***Strategic Analysis Services*** | ***Retention Exhibit #: 03*** | |
| Project Management Office | 1,085.60 | $557,213.70 |
| Human Resources Services | 93.30 | $54,013.20 |
| Accounting & Reporting Services | 7,867.10 | $4,026,743.20 |
| Operations Model Services | 652.00 | $254,935.00 |
| Travel Time - Nonworking (@ 50%) | 43.70 | $16,323.10 |
| ***Subtotal - Strategic Analysis Services*** | ***9,741.70*** | ***$4,909,228.20*** |
| ***Bankruptcy Accounting Advisory Services*** | ***Retention Exhibit #: 04; SUPP-02*** | |
| Accounting Services | 1,315.10 | $998,171.50 |
| ***Subtotal - Bankruptcy Accounting Advisory Services*** | ***1,315.10*** | ***$998,171.50*** |

| Project Category and Billing Category | Hours | Total Compensation |
|---|---|---|
| ***Bankruptcy Tax Advisory Services*** | ***Retention Exhibit #: 05*** | |
| Tax Services | 1,798.30 | $1,114,318.40 |
| Travel Time - Nonworking (@ 50%) | 9.40 | $7,209.60 |
| ***Subtotal - Bankruptcy Tax Advisory Services*** | ***1,807.70*** | ***$1,121,528.00*** |
| ***Regulatory Inquiry Assistance Services*** | ***Retention Exhibit #: SUPP 03*** | |
| Document Review | 238.00 | $135,541.10 |
| Document Follow-Up | 8.20 | $3,601.60 |
| Interview Prep | 18.50 | $10,383.10 |
| Interviews | 25.10 | $16,982.40 |
| Interview Debrief | 4.80 | $3,156.00 |
| Accrual Analysis and Reconciliation | 373.50 | $140,345.70 |
| Disclosure Analysis and Reconciliation | 85.60 | $34,720.20 |
| FAS 5 Analysis and Reconciliation | 15.80 | $12,295.70 |
| Meetings with Counsel | 42.90 | $29,896.90 |
| Internal Meetings/Status Updates | 140.80 | $69,769.30 |
| Strategy - Approach and Execution | 24.20 | $13,305.30 |
| Other | 9.70 | $5,134.50 |
| ***Subtotal - Regulatory Inquiry Assistance Services*** | ***987.10*** | ***$475,131.80*** |
| **Subtotal - Hours and Compensation - Hourly Services** | **20,187.00** | **$9,122,895.40** |
| **Case Administration** | | |
| ***Bankruptcy Requirements and Other Court*** | ***Retention Exhibit #: CASE*** | |
| Employment Applications and Other Court Filings | 176.10 | $97,267.50 |
| Relationship Check and Disinterestedness | 31.70 | $8,283.00 |
| Monthly, Interim and Final Fee Applications | 658.30 | $323,689.00 |
| ***Subtotal - Bankruptcy Requirements and Other Court Obligations*** | ***866.10*** | ***$429,239.50*** |
| **Subtotal - Hours and Compensation - Case Administration** | **866.10** | **$429,239.50** |
| **Total - Hours and Compensation Sought for Reimbursement** | **99,826.4** | **$36,829,980.90** |

## EXPENSE SUMMARY

| Transaction Type by Project | Total Expenditures |
|---|---|
| **Fixed Fee Services** | |
| ***Claims Services*** | ***Retention Exhibit #: 01-B*** |
| Airfare | $1,492.57 |
| Lodging | $1,500.00 |
| Meals | $71.51 |
| Public/Ground Transportation | $202.34 |
| ***Subtotal - Expenditures Sought for Claims Services*** | ***$3,266.42*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: 01-C; 01-D*** |
| Airfare | $60,064.50 |
| Lodging | $188,447.66 |
| Meals | $28,538.52 |
| Parking | $1,038.80 |
| Public/Ground Transportation | $34,529.01 |
| Rental Car | $1,782.25 |
| Sundry - Other | $481.91 |
| Expense Reduction | ($33,232.65) |
| ***Subtotal - Expenditures Sought for North Bay & Camp Fire Services*** | ***$281,650.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-A; 01-D*** |
| Airfare | $120,380.36 |
| Lodging | $313,974.19 |
| Meals | $47,903.14 |
| Parking | $1,143.69 |
| Public/Ground Transportation | $50,563.94 |
| Rental Car | $493.07 |
| Server Supplies | $5,198.27 |
| Expense Reduction | ($178,656.66) |
| ***Subtotal - Expenditures Sought for North Bay & Camp Fire Services*** | ***$361,000.00*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-B; 01-E*** |
| Airfare | $56,352.98 |
| Lodging | $100,368.85 |
| Meals | $19,386.39 |
| Parking | $195.00 |
| Public/Ground Transportation | $15,554.74 |
| Rental Car | $48.39 |
| ***Subtotal - Expenditures Sought for North Bay & Camp Fire Services*** | ***$191,906.35*** |

| Transaction Type by Project | Total Expenditures |
|---|---|
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 01-C; 01-F*** |
| Airfare | $42,286.25 |
| Lodging | $82,807.28 |
| Meals | $14,535.87 |
| Parking | $85.00 |
| Public/Ground Transportation | $15,556.48 |
| ***Subtotal - Expenditures Sought for North Bay & Camp Fire Services*** | ***$155,270.88*** |
| ***North Bay & Camp Fire Services*** | ***Retention Exhibit #: SUPP 2 01-A*** |
| Airfare | $18,995.15 |
| Lodging | $31,961.38 |
| Meals | $6,008.38 |
| Parking | $232.75 |
| Public/Ground Transportation | $6,763.34 |
| ***Subtotal - Expenditures Sought for North Bay & Camp Fire Services*** | ***$63,961.00*** |
| ***Internal Audit Assessment Services*** | ***Retention Exhibit #: 01-F*** |
| Airfare | $3,079.15 |
| Lodging | $3,030.17 |
| Meals | $356.52 |
| Parking | $96.00 |
| Public/Ground Transportation | $653.05 |
| ***Subtotal - Expenditures Sought for Internal Audit Assessment Services*** | ***$7,214.89*** |
| ***Compliance Services*** | ***Retention Exhibit #: 01-H*** |
| Airfare | $1,171.53 |
| Meals | $66.36 |
| Public/Ground Transportation | $1,212.86 |
| ***Subtotal - Expenditures Sought for Compliance Services*** | ***$2,450.75*** |
| ***Controls Testing Services*** | ***Retention Exhibit #: 01-I*** |
| Meals | $1,809.71 |
| Mileage Allowance | $249.40 |
| Public/Ground Transportation | $132.24 |
| ***Subtotal - Expenditures Sought for Controls Testing Services*** | ***$2,191.35*** |
| ***Rule 21 Readiness & Pilot Testing Services*** | ***Retention Exhibit #: SUPP 01-K & 01-L*** |
| Airfare | $5,865.02 |
| Lodging | $15,886.49 |
| Meals | $2,283.85 |
| Parking | $81.00 |
| Public/Ground Transportation | $1,881.49 |
| ***Subtotal - Expenditures Sought for Rule 21 Readiness & Pilot Testing Services*** | ***$25,997.85*** |

| Transaction Type by Project | Total Expenditures |
|---|---|
| ***Legal Observation Support Services*** | ***Retention Exhibit #: SUPP 01-M & 01-N*** |
| Airfare | $11,821.09 |
| Lodging | $24,666.19 |
| Meals | $4,585.73 |
| Public/Ground Transportation | $3,919.70 |
| Rental Car | $43.54 |
| ***Subtotal - Expenditures Sought for Legal Observation Support Services*** | ***$45,036.25*** |
| ***WDT Support Services*** | ***Retention Exhibit #: SUPP 01-O*** |
| Airfare | $1,290.39 |
| Lodging | $1,229.79 |
| Meals | $130.80 |
| Public/Ground Transportation | $187.86 |
| ***Subtotal - Expenditures Sought for WDT Support Services*** | ***$2,838.84*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 01-P*** |
| Airfare | $47,658.46 |
| Lodging | $106,577.45 |
| Meals | $14,241.11 |
| Parking | $96.00 |
| Public/Ground Transportation | $17,744.07 |
| Rental Car | $387.62 |
| Expense Reduction | ($11,704.71) |
| ***Subtotal - Expenditures Sought for PSPS Program Support Services*** | ***$175,000.00*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 2 01-F*** |
| Airfare | $33,310.50 |
| Lodging | $67,264.41 |
| Meals | $8,799.19 |
| Parking | $419.00 |
| Public/Ground Transportation | $8,543.22 |
| Rental Car | $216.70 |
| ***Subtotal - Expenditures Sought for PSPS Program Support Services*** | ***$118,553.02*** |
| ***PSPS Program Support Services*** | ***Retention Exhibit #: SUPP 2 01-G*** |
| Airfare | $30,622.84 |
| Lodging | $32,003.35 |
| Meals | $4,880.80 |
| Parking | $376.20 |
| Public/Ground Transportation | $6,188.40 |
| Rental Car | $3,326.21 |
| Expense Reduction | ($4,397.80) |

| Transaction Type by Project | Total Expenditures |
|---|---|
| ***PSPS Program Support Services (continued)*** | ***Retention Exhibit #: SUPP 2 01-G*** |
| Product License | $40,000.00 |
| ***Subtotal - Expenditures Sought for PSPS Program Support Services*** | ***$113,000.00*** |
| ***Cybersecurity Assessment Services*** | ***Retention Exhibit #: SUPP 01-Q*** |
| Airfare | $18,491.42 |
| Lodging | $64,627.53 |
| Meals | $8,451.77 |
| Mileage Allowance | $124.12 |
| Parking | $329.00 |
| Public/Ground Transportation | $14,264.69 |
| ***Subtotal - Expenditures Sought for Cybersecurity Assessment Services*** | ***$106,288.53*** |
| ***Cybersecurity Assessment Services*** | ***Retention Exhibit #: SUPP 2 01-H*** |
| Airfare | $11,073.46 |
| Lodging | $31,436.49 |
| Meals | $5,488.03 |
| Public/Ground Transportation | $6,135.21 |
| ***Subtotal - Expenditures Sought for Cybersecurity Assessment Services*** | ***$54,133.19*** |
| ***MetricStream Implementation Services*** | ***Retention Exhibit #: SUPP 01-S*** |
| Lodging | $1,553.11 |
| Meals | $688.88 |
| Mileage Allowance | $741.78 |
| ***Subtotal - Expenditures Sought for MetricStream Implementation Services*** | ***$2,983.77*** |
| ***EO MPP Org Standup Support Services*** | ***Retention Exhibit #: SUPP 01-T*** |
| Airfare | $13,412.32 |
| Lodging | $32,339.07 |
| Meals | $4,681.13 |
| Parking | $10.50 |
| Public/Ground Transportation | $8,551.90 |
| Rental Car | $411.88 |
| ***Subtotal - Expenditures Sought for EO MPP Org Standup Support Services*** | ***$59,406.80*** |
| ***2020 WMP Plan Support Services*** | ***Retention Exhibit #: SUPP 2 01-J*** |
| Airfare | $9,953.55 |
| Lodging | $32,830.16 |
| Meals | $4,791.99 |
| Parking | $472.00 |
| Public/Ground Transportation | $3,941.85 |
| ***Subtotal - Expenditures Sought for 2020 WMP Plan Support Services*** | ***$51,989.55*** |

| Transaction Type by Project | Total Expenditures |
| --- | --- |
| ***2020 WMP Plan Post Filing Services*** | ***Retention Exhibit #: SUPP 2 01-K*** |
| Airfare | $4,482.39 |
| Lodging | $17,066.52 |
| Meals | $2,790.16 |
| Parking | $186.00 |
| Public/Ground Transportation | $2,003.93 |
| ***Subtotal - Expenditures Sought for 2020 WMP Plan Post Filing Services*** | ***$26,529.00*** |
| **Subtotal - Expenditures Sought for Fixed Fee Services** | **$1,850,668.44** |
| **Hourly Services** | |
| ***E-Discovery Services*** | ***Retention Exhibit #: 01-J & 01-K; SUPP 01-H & 01-I*** |
| Airfare | $1,083.51 |
| Lodging | $1,754.10 |
| Meals | $4,076.17 |
| Mileage Allowance | $910.02 |
| Parking | $1,068.28 |
| Public/Ground Transportation | $1,670.52 |
| Rental Car | $7,107.17 |
| Server Supplies | $42,632.93 |
| ***Subtotal - Expenditures Sought for E-Discovery Services*** | ***$60,302.70*** |
| ***Strategic Analysis Services*** | ***Retention Exhibit #: 03*** |
| Airfare | $91,078.17 |
| Lodging | $212,733.22 |
| Meals | $38,015.84 |
| Mileage Allowance | $624.66 |
| Parking | $2,038.74 |
| Public/Ground Transportation | $31,399.47 |
| ***Subtotal - Expenditures Sought for Strategic Analysis Services*** | ***$375,890.10*** |
| ***Bankruptcy Accounting Advisory Services*** | ***Retention Exhibit #: 04; SUPP-02*** |
| Airfare | $8,862.18 |
| Lodging | $9,147.16 |
| Meals | $1,226.71 |
| Mileage Allowance | $57.42 |
| Parking | $389.00 |
| Public/Ground Transportation | $1,225.15 |
| Expense Reduction | ($5,693.48) |
| ***Subtotal - Expenditures Sought for Bankruptcy Accounting Advisory Services*** | ***$15,214.14*** |

| Transaction Type by Project | Total Expenditures |
|---|---|
| ***Bankruptcy Tax Advisory Services*** | ***Retention Exhibit #: 05*** |
| Airfare | $1,487.56 |
| Meals | $43.91 |
| Parking | $64.00 |
| Public/Ground Transportation | $429.87 |
| ***Subtotal - Expenditures Sought for Bankruptcy Tax Advisory Services*** | ***$2,025.34*** |
| **Subtotal - Expenditures Sought for Hourly Services** | **$453,432.28** |
| **Case Administration** | |
| ***Bankruptcy Requirements and Other Court Obligations*** | ***Retention Exhibit #: CASE*** |
| External Charges | $57.50 |
| ***Subtotal - Expenditures Sought for Bankruptcy Requirements and Other Court Obligations*** | ***$57.50*** |
| **Subtotal - Expenditures Sought for Case Administration** | **$57.50** |
| **Total - Expenditures Sought for Reimbursement** | **$2,304,158.22** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**FIRST AND FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS FOR THE PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing:** Not Set – To be Determined<br>Objection Deadline: September 21, 2020 |

PricewaterhouseCoopers LLP ("**PwC**" or the "**Applicant**"), management, tax, internal accounting, and advisory consultants for PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), hereby submits its First and Final Fee Application (this "**Fee Application**") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by PwC for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing January 29, 2019 through and including July 1, 2020 and final approval of its fees and expenses for the period commencing January 29, 2019 through July 1, 2020 (the "**Final Application Period**").

This Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the Northern District of California (the "**Local Rules**"), the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish

Procedures for Interim Compensation and Reimbursement of Expenses of Professional dated February 27, 2019 [Docket No. 701] (the "**Interim Compensation Procedures Order**"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California, dated February 19, 2014 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, effective January 30, 1996 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the Fee Examiner Protocol for Chapter 11 Cases of PG&E Corporation and Pacific Gas and Electric Company [Docket No.4473-1] (the "**Fee Protocol**").

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the

*Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263] (the "**Wells Declaration**").

On May 1, 2019, the Debtors filed the *Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority to Retain and Employ PricewaterhouseCoopers LLP as Management, Tax, and Advisory Consultants to the Debtors Nunc Pro Tunc to Petition Date* [Docket No. 1791] (the "**Initial Application**").[2] The Initial Application sought the entry of an order authorizing the Debtors to retain PwC as management, tax, and advisory consultants for the Debtors effective as of the Petition Date in accordance with the terms and conditions set forth in the MSA and Engagement Letters (each as defined below and, together, the "**Original Engagements**"). On May 24, 2019, the Court entered an order approving the retention of PwC [Docket No. 2230] (the "**Initial Retention Order**").

On November 7, 2019, the Debtors filed a Supplemental Retention Application amending the scope of PwC's retention by requesting approval for its Supplemental Engagements representing continuation of expired Original Engagements and new projects requested to be performed by the Debtors (the "**Supplemental Engagements**"). On December 2, 2019, the Court entered the Supplemental Retention Order approving the Supplemental Retention Application and authorizing PwC to amend and expand their Original Engagements and approve Supplemental Engagements *nunc pro tunc* to the Petition Date [Docket No. 4959] (the "**Supplemental Retention Order**").

On March 18, 2020, the Debtors filed a Second Supplemental Retention Application amending the scope of PwC's retention by requesting approval for its Additional Engagements representing continuation of expired Supplemental Engagements and new projects requested to be performed by the Debtors (the "**Additional Engagements**"). On April 13, 2020, the Court entered the Order authorizing PwC to amend and expand their Additional Engagements *nunc pro tunc* to the Petition Date [Docket No. 6751] (the "**Additional Retention Order**", together with the Supplemental Retention Order and Initial Retention Order, the "**Retention Orders**").

On July 22, 2020, the Debtors filed a Third Supplemental Retention Application amending the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Initial Application.

scope of PwC's retention by requesting approval for additional supplemental management and advisory services requested to be performed by the Debtors (the "**Additional Supplemental MSA Contracts**", together with the Original Engagements, and the Supplemental Engagements, the "**Approved Engagements**"). On August 5, 2020, the Court entered the Order authorizing PwC to amend and expand their Additional Engagements *nunc pro tunc* to the Petition Date [Docket No. 8685] (the "**Third Retention Order**", together with the Additional Retention Order, the Supplemental Retention Order and Initial Retention Order, the "**Retention Orders**", attached as Exhibit A).

## III. RELIEF REQUESTED

By this Fee Application, PwC respectfully requests compensation of 100% of its fees incurred in the amount of $36,829,980.90, together with reimbursement of its reasonable and necessary expenses incurred in the amount of $2,304,158.22 on a final basis, for the Final Application Period. PwC has been subject to a 20% holdback imposed by the Court on the allowance of fees. The aggregate amount of the Applicant's holdback during the Final Application Period is $7,365,996.18. PwC respectfully requests the Court allow the payment to PwC of this holdback amount on a final basis. PwC submits this Fee Application in accordance with the Interim Compensation Procedures Order and the Retention Orders. All services for which PwC requests compensation were performed for the Debtors.

Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and the skill required, PwC requests that it be allowed, on a final basis, compensation for the professional services rendered during the Final Application Period.

During the Final Application Period, allowance of compensation in the amount requested result in a blended hourly rate for professionals of approximately $368.94.

PwC respectfully submits that the professional services rendered by PwC on behalf of the Debtors during the Final Application Period were reasonable, necessary and appropriate to the administration of these Chapter 11 Cases and related matters.

No agreement or understanding exists between PwC and any nonaffiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

## IV. PREVIOUSLY FILED MONTHLY FEE STATEMENTS

PwC has previously submitted seventeen Monthly Fee Statements with the Court corresponding with the Total Compensation Request for services rendered and expenditures incurred on behalf of the Debtors during the Final Application Period (the "**Monthly Fee Statements**"). Additionally, a copy of the Monthly Fee Statements representing the services rendered has also been submitted to the Notice Parties pursuant to the Interim Compensation Order. These Monthly Fee Statements, shown below, represents the final allowance and payment of the compensation and expense reimbursement within this Final Fee Application.

a) On July 1, 2019, PwC submitted its first Monthly Fee Statement for services and expenses incurred from January 29, 2019 through February 28, 2019, requesting $3,381,442.30 in fees and $282,748.33 in expenses [Docket No. 2802].

b) On July 1, 2019, PwC submitted its second Monthly Fee Statement for services and expenses incurred from March 1, 2019 through March 31, 2019, requesting $3,355,472.70 in fees and $265,480.14 in expenses [Docket No. 2803].

c) On July 1, 2019, PwC submitted its third Monthly Fee Statement for services and expenses incurred from April 1, 2019 through April 30, 2019, requesting $1,292,147.30 in fees and $54,067.22 in expenses [Docket No. 2805].

d) On October 4, 2019, PwC submitted its fourth Monthly Fee Statement for services and expenses incurred from May 1, 2019 through May 31, 2019, requesting $717,456.30 in fees and $51,637.09 in expenses [Docket No. 4111].

e) On October 24, 2019, PwC submitted its fifth Monthly Fee Statement for services and expenses incurred from June 1, 2019 through June 30, 2019, requesting $902,329.70 in fees and $26,931.58 in expenses [Docket No. 4459].

f) On December 31, 2019, PwC submitted its sixth Monthly Fee Statement for services and expenses incurred from July 1, 2019 through July 31, 2019, requesting $4,535,314.30 in fees and $364,079.41 in expenses [Docket No. 5228].

g) On December 31, 2019, PwC submitted its seventh Monthly Fee Statement for services and expenses incurred from August 1, 2019 through August 31, 2019, requesting $143,538.50 in fees and $0.00 in expenses [Docket No. 5229].

h) On December 31, 2019, PwC submitted its eighth Monthly Fee Statement for services and expenses incurred from September 1, 2019 through September 30, 2019, requesting $2,508,649.50 in fees and $193,160.24 in expenses [Docket No. 5230].

i) On December 31, 2019, PwC submitted its ninth Monthly Fee Statement for services and expenses incurred from October 1, 2019 through October 31, 2019, requesting $1,216,959.00 in fees and $0.00 in expenses [Docket No. 5231]

j) On June 19, 2020, PwC submitted its tenth Monthly Fee Statement for services and expenses incurred from November 1, 2019 through November 30, 2019, requesting $6,624,982.10 in fees and $378,526.69 in expenses [Docket No. 8032].

k) On June 19, 2020, PwC submitted its eleventh Monthly Fee Statement for services and expenses incurred from December 1, 2019 through December 31, 2019, requesting $1,849,343.70 in fees and $182,721.43 in expenses [Docket No. 8033].

l) On June 19, 2020, PwC submitted its twelfth Monthly Fee Statement for services and expenses incurred from January 1, 2020 through January 31, 2020, requesting $1,996,785.50 in fees and $127,922.70 in expenses [Docket No. 8035].

m) On June 19, 2020, PwC submitted its thirteenth Monthly Fee Statement for services and expenses incurred from February 1, 2020 through February 29, 2020, requesting $2,298,370.00 in fees and $167,800.59 in expenses [Docket No. 8038].

n) On June 19, 2020, PwC submitted its fourteenth Monthly Fee Statement for services and expenses incurred from March 1, 2020 through March 31, 2020, requesting $1,033,394.10 in fees and $135,562.97 in expenses [Docket No. 8039].

o) On June 19, 2020, PwC submitted its fifteenth Monthly Fee Statement for services and expenses incurred from April 1, 2020 through April 30, 2020, requesting $1,883,292.80 in fees and $26,529.00 in expenses [Docket No. 8041].

p) On August 28, 2020, PwC submitted its sixteenth Monthly Fee Statement for services and expenses incurred from May 1, 2020 through May 31, 2020, requesting $976,078.00 in fees and $26,990.83 in expenses [Docket No. 8892].

q) On August 31, 2020, PwC submitted its seventeenth Monthly Fee Statement for services and expenses incurred from June 1, 2020 through July 1, 2020, requesting $1,919,425.10 in fees and $20,000.00 in expenses [Docket No. 8952].

By this Fee Application, PwC respectfully requests compensation of 100% of its fees incurred in the amount of $36,829,980.90, together with reimbursement of its reasonable and necessary expenses incurred in the amount of $2,304,158.22 on a final basis, for the Final Application Period. PwC has been subject to a 20% holdback imposed by the Court on the allowance of fees. The aggregate amount of the Applicant's holdback during the Final Application Period is $7,365,996.18. PwC respectfully requests the Court allow the payment to PwC of this holdback amount on a final basis. PwC submits this Fee Application in accordance with the Interim Compensation Procedures Order and the Retention Orders. All services for which PwC requests compensation were performed for the Debtors.

## V. DESCRIPTION OF SERVICES RENDERED

PwC provides below an overview of the services it rendered as management, tax, internal accounting, and advisory consultants to the Debtors during the Final Fee Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout this period have been annexed within each of the Monthly Fee Statements.

### A. Fixed-Fee Engagements – 78,773.3 hours, $27,277.846.00

a) **Claims Services** - Perform support activities related to evidence evaluation for the 2017 North Bay Fires and 2018 Camp Fire and assist the Debtors in the development and formalization of consistent claims-coding processes and procedures which will help the Debtors to facilitate better data quality and enhanced reporting;

b) **North Bay Services and Camp Fire Services** - Assist the Debtors with their corporate incident reporting processes related to the 2017 North Bay Fires and 2018 Camp Fire and other major events in the Debtors' service territory, including, operations and legal support activities;

c) **Offshore Support Services** - Provide off shore assistance surrounding the management of technical support issues pertaining to Ariba (the Debtors' purchasing system);

d) **Internal Audit Assessment Services** - Undertake external assessments to determine that the internal auditors are fulfilling the expectations of the Debtors' Audit Committee and its effectiveness in carrying out its mission;

e) **IT Implementation Services -** Assist the Debtors in implementing a digital contract management process, including, but not limited to: implementing a model to assist the Debtors with design recommendations, assisting with the data migration; testing, deployment and implementation of the new business processes;

f) **Compliance Services -** Assist the Debtors' Compliance and Ethics department ("**C&E**") in assessments of their compliance programs, including, but not limited to: reviews of the compliance program elements, analyzing documentation, drafting results of assessments, and supporting its compliance and ethics road map;

g) **Controls Testing Services -** Assist the Debtors in the assessment of the design and operations of compliance controls across the Debtors' business, including, but not limited to: providing recommendations on the control design as a result of controls testing, and provide controls training to the Debtors' business units;

h) **Rule 21 Readiness & Pilot Testing Services -** Assist the Debtors in assessments of their compliance with Rule 21 of the California Public Utilities Commission ("**CPUC Rule 21**"), including but not limited to: readiness assessment and roadmap; Assist the Debtors in pilot assessment of their compliance with CPUC Rule 21, including assessment of their program, including, but not limited to: reviews of the compliance program elements, analyzing documentation, drafting results of assessment, and supporting its compliance;

i) **Legal Observation Support Services –** Perform observations of data from third party vendors' e-discovery process and provide observations and project management supplemental support regarding the Debtors' vendors compliance, including, but not limited to: reviews of the underlying contractual requirements, perform interviews, observe work processes, and documenting observations related to the third party vendors for the Debtors' consideration;

j) **WDT Support Services -** Assist the Debtors in response to compliance assessments with the Federal Energy Regulatory Commission Wholesale Distribution Tariff ("**WDT**"), including but not limited to: training and assist in the development of interim controls tracking dashboard;

k) **PSPS Program Support Services -** Assist the Debtors with their approach and response reporting processes related to the Community Wildfire Safety Program through the Public Safety Power Shutoff ("**PSPS**") program, including but not limited to: process development of the program, documentation and training, and execution of the PSPS program;

l) **Cybersecurity Assessment Services -** Assist the Debtors with their approach and assessment of the organization of the Debtors' Chief Security Officer organization (the

"**CSO**"), cybersecurity division, including but not limited to: recommendations regarding preliminary organization, governance, and operating model recommendations within the PG&E CSO organization;

m) **EBO Reorganization Support Services -** Assist the Debtors with their reorganization effort and coordinate all aspects relating to the Electric Business Operations ("**EBO**"), including, organizational design, governance model, reporting and program management support activities;

n) **Metric Stream Implementation Services -** Assist the Debtors with the implementation of a Governance Risk and Compliance ("**GRC**") software platform, including but not limited to: supporting procedures, job aids, training materials and user guides;

o) **EO MPP Org Standup Support Services -** Assist the Debtors with the Major Projects and Programs ("**MPP**") organization stand-up support including aligning on 200 workplan execution, establishing execution governance and controls and benchmarking leading practices within utility and other capital-intensive industries;

p) **Tax R&D Tax Credit Services -** Assist the review of the Debtors' Credits for Increasing Research Activities under Internal Revenue Code Section 41 and research tax credits under applicable U.S. and state authorities, including but not limited to: computation of the research credits and presentation of the results to Debtors' management;

q) **2020 WMP Plan Support Services -** Assist the Debtors with their consolidation of its 2020 Wildfire Mitigation Plan ("**WMP**") obligations to file in compliance with the California Public Utilities Commission;

r) **2020 WMP Plan Post-Filing Support Services -** Assist the Debtors with the discovery process post-WMP submission;

s) **Compliance and Ethics Support Services -** Assist the Debtors' Compliance & Ethics team with certification requests, controls testing, assisting Debtors' management with development of reports and other C&E activities, as mutually agreed;

t) **PSPS Program Support Services -** Assist the Debtors with their approach and response

reporting processes related to the Public Safety Power Shutoff ("**PSPS**") program, including but not limited to: process development of the program, documentation and training, and execution of the PSPS program;

u) **Electric Asset Excellence Program Services -** Assist the Debtors with their assessment of the Electric Operations team with plans, strategy and documentation, assisting Debtors' management with the training and implementation of certifications, as mutually agreed; and

v) **Ariba Supply Chain Support Services** - Assist the Debtors with its Ariba Supply Chain including streamline the supplier onboarding process, automation of the supplier data registration and implementation of a process to support solutions for cost management and reporting.

**B. Hourly Engagements – 21,053.1 hours, $9,552,134.90**

a) **E-Discovery Services** - Perform forensic collection of data from electronic devices related to the 2017 North Bay Fires and 2018 Camp Fire;

b) **Rate Case Support Services** - Provide assistance and support services related to the Debtor's general rate case, including certain administrative and logistical support tasks;

c) **Strategic Analysis Services -** Support the Debtors regarding the analysis of potential restructuring scenarios supporting their strategic priorities, including but not limited to holding discussions with certain of the Debtors' officers, employees and outside consultants of the Debtors, and providing advice on the Debtors' strategic analysis of certain corporate structure decisions across various work streams including: project management, accounting and finance, tax, regulatory, legal, other functional areas (e.g. information technology, human resources, etc.) and operating model;

d) **Bankruptcy Accounting Services -** Perform the accounting advisory services related to the Debtors' evaluation of their accounting for bankruptcy under ASC 852, reorganization, and provide advice and assistance in connection with the Debtors' accumulation of data and preparation of various schedules, account analyses, and

reconciliations, including reconciliations of claims, information needed for the Debtors' schedules and statements of financial affairs and other reports required by the Court, any information needed in connection with the Debtors' plan of reorganization and such other documentation that is customarily issued by debtors in chapter 11 cases of this size and complexity;

e) **Bankruptcy Tax Services -** Perform various bankruptcy tax advisory services, including but not limited to: preparation of a tax model to illustrate U.S. federal and California income tax implications of the bankruptcy and related transactions, calculation of ownership changes for Internal Revenue Code ("**IRC**") section 382 purposes and advising management whether one or more private letter rulings with the IRS and/or California tax agencies may be required to address significant tax issues that arise through the bankruptcy process, and consulting with management throughout the bankruptcy process to advise management of expected tax issues and any additional mutually agreed services subsequently requested by members of the Debtors' management team that are related to the bankruptcy;

f) **WMP Support Services -** Assist the Debtors in the assessment of the design roadmap to track and manage compliance of its Wildfire Mitigation Plan ("**WMP**"), including, but not limited to: development of roadmap, and documentation of compliance items and timeline for completion;

g) **Regulatory Inquiry Assistance Services -** Assist the Debtors and their counsel in response to regulatory inquiries, including but not limited to: providing observations and advisory services at the direction of the Debtors' counsel;

h) **Case Administration** – Assist the PG&E client-engagement teams with the required Court filings, including preparation of the Retention Applications, corresponding supporting disclosures, and the preparation of the Monthly Fee Statements. These hours and corresponding fees represents the additional time incurred by PwC's bankruptcy retention and billing advisors to prepare the additional documentation needed for Court

submission in accordance with the Compensation Guidelines. All of these services are incremental to the normal billing procedures performed by PwC for its non-bankruptcy clients.

**C. Expenses - $2,304,158.22**

a) PwC professionals adhere to our internal expense policy regarding the processing and treatment for expenditures and when/how to charge clients. These policies outline the importance of using the most cost effective and economical treatment for expenses. PwC utilizes American Express Travel Services and on-line reservation systems to search for cost-efficient expenses, including airfare, lodging and rental cars, as well as ensuring the safety of our professionals (e.g. allowing transportation home if working late). Mileage expense reimbursement is calculated automatically through our expense reports when each professional enters the total miles, starting location and ending location per the IRS guidelines effective on the date of travel. Our internal policies also state the non-reimbursable expenses per PwC's travel and expense policy. In addition to our internal expense policy, PwC's bankruptcy retention and billing professionals review the expense submissions and request additional documentation from the professionals, as needed, to ensure compliance.

## VI. REQUESTED COMPENSATION SHOULD BE ALLOWED

Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including --
>
> (a) the time spent on such services;

(b)　　the rates charged for such services;

(c)　　whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(d)　　whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)　　with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field, and;

(f)　　whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PwC is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

In rendering these services, PwC made every effort to maximize the benefit for the debtors and debtors in possession and to work with other professionals employed in the case to avoid duplication of effort. PwC believes that the level of services rendered to achieve the results obtained for the benefit of the Debtors' estates was reasonable in light of the number and complexity of the issues involved in this case at the time the services were rendered. PwC judiciously allocated responsibilities to minimize possible duplication of effort.

## VII.　CERTIFICATION OF COMPLIANCE AND WAIVER

To the best of its knowledge, PwC believes that this Final Fee Application and the description of services set forth herein of work performed are in compliance with the requirements as outlined within the Compensation Guidelines, as well as its Retention Orders which granted a limited waiver of the information requirements relating to compensation requests set forth in the Local Rules; *provided, however*, PwC shall be excused from keeping time records for services rendered in one-tenth (0.1) of an hour increments, and instead PwC shall be allowed to submit records of time in half-hour (0.5)

increments. To the extent that this Final Fee Application does not comply in all respects with the requirements of the Compensation Guidelines, PwC believes that such deviations are not material and respectfully requests that such requirements be waived.

WHEREFORE, PwC respectfully requests that the Court enter an order: (i) granting PwC final allowance of compensation for professional services rendered to the Debtors by PwC in the amount of $36,829,980.90; (ii) granting the final allowance of reimbursement of $2,304,158.22 for the actual and necessary costs and expenses incurred by PwC in these cases during the Final Application Period; (iii) authorizing and directing the Debtors to pay all of the compensation held back in connection with the monthly invoices in the amount of $7,365,996.18; and (v) granting such other and relief as may be just and proper.

Dated: August 31, 2020

By: ______________________________

Daniel Bowman
Principal
PricewaterhouseCoopers LLP

*Management, Tax, Internal Accounting, and Advisory Consultants to the Debtors*



**Entered on Docket**
**May 24, 2019**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: May 23, 2019**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088 Doc# 2230 Filed: 05/23/19 Entered: 05/24/19 17:14:59 Page 1 of 5

Upon the Application, dated May 1, 2019 (the "**Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ PricewaterhouseCoopers LLP ("**PwC**") as management, tax, internal accounting, and advisory consultants for the Debtors, effective as of the Petition Date, under a general retainer, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application, and the Bowman Declaration; and upon the record of the Hearing (if any was held) and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain PwC as management, tax, internal accounting, and advisory consultants in these Chapter 11 Cases in accordance with the terms and

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

conditions set forth in the MSA and the Engagement Letters to perform the services as contemplated by the Application, *nunc pro tunc* to the Petition Date.

3. If the Debtors and PwC enter into any additional agreements for the provision of additional services by PwC, PwC and the Debtors will seek separate retention orders with regard to any such additional agreements.

4. Notwithstanding anything to the contrary contained herein or in the Application, the MSA, and the Engagement Letters, PwC shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "**Local Guidelines**"), the U.*S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 701], and any further Orders of the Court in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses (the "**Orders**").

5. Notwithstanding the prior paragraph, the fixed fees payable to PwC pursuant to the MSA Contracts are hereby approved as reasonable and shall be (i) compensated and reimbursed pursuant to the Bankruptcy Code in accordance with the terms of the MSA Contracts, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and the Orders and (ii) subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee may review such compensation under sections 330 and 331 of the Bankruptcy Code and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to PwC's interim and final fee applications on all grounds, including, but not limited to,

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

reasonableness pursuant to section 330 of the Bankruptcy Code.

6. PwC shall include in its fee applications, among other things, time records setting forth a summary description of the services rendered by each professional, with the exception of clerical staff, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour (0.5) increments.

7. PwC shall provide reasonable notice to the Debtors and the U.S. Trustee of any increase of the hourly rates listed in the Bowman Declaration and the U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

8. Subject to PwC's compliance with applicable professional standards in its performance of the Services, PwC shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

9. The indemnification, contribution, reimbursement, limitation of liability and related provisions set forth in the MSA and the Engagement Letters are approved, *provided, however,* that during the pendency of the Cases, (a) the limitations of liability provisions set forth in the Bankruptcy Accounting Advisory Services Engagement Letter and the Bankruptcy Tax Advisory Services Engagement Letter (the "**Bankruptcy Engagement Letters**") shall be unenforceable and (b) the indemnification, contribution, reimbursement and related provisions set forth in the Bankruptcy Engagement Letters are, subject to the following terms:

    a. PwC shall not be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Bankruptcy Engagement Letters, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and

    b. Notwithstanding any provisions of the Bankruptcy Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify an Indemnified Person or provide contribution or reimbursement to an Indemnified Person (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from such Indemnified Person's bad faith, gross negligence, negligence, or willful misconduct, or (ii) for any indemnification, contribution, reimbursement claim or related expense that is judicially determined to be prohibited by the application of applicable contractual law.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088 Doc# 2230 Filed: 05/23/19 Entered: 05/24/19 17:14:59 Page 5 of 5



**Entered on Docket**
**December 03, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: December 2, 2019**

DENNIS MONTALI
U.S. Bankruptcy Judge

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO AMEND THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |

Case: 19-30088 Doc# 4959 Filed: 12/02/19 Entered: 12/03/19 15:09:10 Page 1 of 3

Upon the Application, dated November 7, 2019 (the "**Supplemental Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to amend the scope of the retention of PricewaterhouseCoopers LLP ("**PwC**") as management, tax, internal accounting, and advisory consultants for the Debtors approved by the Court in an order entered on May 24, 2019 [Dkt. No. 2230] (the "**Initial Retention Order**"), all as more fully set forth in the Supplemental Application; and this Court having jurisdiction to consider the Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Supplemental Application, and the Bowman Declaration; and upon the record of all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Supplemental Application is granted as provided herein.

2. The Initial Retention Order is amended to include the Supplemental Engagements.

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Supplemental Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

** END OF ORDER **

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119



**Entered on Docket**
**April 13, 2020**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: April 13, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors*
*and Debtors in Possession*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>**- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO AMEND THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE** |

Case: 19-30088 Doc# 6751 Filed: 04/13/20 Entered: 04/13/20 17:41:56 Page 1 of 3

Upon the Application, dated March 18, 2020 (the "**Second Supplemental Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to amend the scope of the retention of PricewaterhouseCoopers LLP ("**PwC**") as management, tax, internal accounting, and advisory consultants for the Debtors approved by the Court in an order entered on May 24, 2019 [Dkt. No. 2230] (the "**Initial Retention Order**"), all as more fully set forth in the Second Supplemental Application; and this Court having jurisdiction to consider the Second Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Second Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Supplemental Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Second Supplemental Application, the Bowman Declaration, and the conditional consent filed by the Official Committee of Tort Claimants [Dkt. No 6405]; and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Second Supplemental Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Second Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Second Supplemental Application is granted as provided herein.

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Second Supplemental Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088 Doc# 6751 Filed: 04/13/20 Entered: 04/13/20 17:41:56 Page 2 of 3

2.      The Initial Retention Order is amended to include the Additional Supplemental Engagements.

3.      To the extent the Second Supplemental Application is inconsistent with this Order, the terms of the Order shall govern.

4.      This Order shall not be construed to bar any claims against PwC arising out of or in connection with prepetition services rendered to the Debtors on the basis of res judicata or any other doctrine or theory.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119



**Entered on Docket**
**August 06, 2020**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: August 5, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO AMEND THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP AS MANAGEMENT, TAX, INTERNAL ACCOUNTING, AND ADVISORY CONSULTANTS TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE**

Case: 19-30088 Doc# 8695 Filed: 08/06/20 Entered: 08/06/20 12:26:16 Page 38 of 40

Upon the Application, dated July 22, 2020 [Docket No. 8495] (the "**Third Supplemental Application**"),[1] of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to amend the scope of the retention of PricewaterhouseCoopers LLP ("**PwC**"), as set forth more fully in the Third Supplemental Application, as the Debtors' management, tax, internal accounting, and advisory consultants, pursuant to the Court's order entered on May 24, 2019 [Docket No. 2230] (the "**Initial Retention Order**"), as amended by the Court's prior Orders entered on December 2, 2019 [Docket No. 4959] and April 13, 2020 [Docket No. 6751]; and this Court having jurisdiction to consider the Third Supplemental Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"); and consideration of the Third Supplemental Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Third Supplemental Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Third Supplemental Application, and the Bowman Declaration; and upon the record of all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Third Supplemental Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and that the legal and factual bases set forth in the Third Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Third Supplemental Application is granted as provided herein.

[1] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Third Supplemental Application.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2. The Initial Retention Order is amended to include the Third Supplemental Engagements.

3. To the extent the Third Supplemental Application is inconsistent with this Order, the terms of the Third Supplemental Engagements, as modified, if at all by this Order, shall govern.

4. This Order shall not be construed to bar any claims against PwC arising out of or in connection with prepetition services rendered to the Debtors on the basis of res judicata or any other doctrine or theory.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119