FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
ALISON E. CORDOVA (SBN 284942)
acordova@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697 0577

BRENDAN M KUNKLE (SBN 173292)
bkunkle@abbeylaw.com
MICHAEL GREEN (SBN 214142)
mgreen@abbeylaw.com
SCOTT MONTGOMERY
smontgomery@abbeylaw.com
**ABBEY, WEITZENBERG, WARREN & EMERY**
100 Stony Point Road
Santa Rosa, CA 95402
Telephone: (707) 542-5050
Facsimile: (707) 542-2589

*Attorneys for Fire Victim Claimants*
*Rest of Co-Counsel Listed Under Signature Block*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY KIM REEG, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIM REEG**<br><br>Date: October 13, 2020<br>Time: 10:00 a.m.<br>Place: **Telephonic/Video Appearances Only**<br>      United States Bankruptcy Court<br>      450 Golden Gate Ave.<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br><br>Objection Deadline: October 6, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Cotchett, Pitre & McCarthy LLP, together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire") and 2019 ("Kincade Fire").

Cotchett, Pitre & McCarthy LLP respectfully files this motion on behalf of Kim Reeg ("Movant") to deem timely late filing of proofs of claims ("Motion").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to factors outside of Movant's control, Movant was unable to timely file his proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow this heir of Camp Fire decedent James Kinner to have his claim deemed timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

### A. Movants' Claims Arising From Tubbs Fire

Creditor Kim Reeg is the son of James Kinner, a victim of the Camp Fire who died due to fire related injuries. The heirs of James Kinner are making a wrongful death claim accordingly. At the time of James Kinner's death, Kim Reeg was unaware that James Kinner was his father, however he had been undertaking efforts to locate his father. These efforts were successful when, after the December 31, 2019 claims bar date, Kim Reeg located his half-sister and daughter of James Kinner, Irene Wickert in early 2020. Irene Wickert and Kim Reeg undertook a DNA test which revealed a 99% match. Though Kim Reeg has now located his half-siblings, he sadly will never get to meet and connect with his father James Kinner.

On June 30, 2020, Cotchett, Pitre & McCarthy LLP filed claim number 105996 behalf of Movant ("Subject Proof of Claim"). True and correct copies of the Subject Proof of Claim are attached to the Alison E. Cordova Declaration as Exhibit "B".

Thereafter, a copy of Movant's Subject Proof of Claim was not made available by PrimeClerk until August 7, 2020,

/ / /

B. **General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

C. **Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved and the Disclosure Statement and Plan circulated for votes.

The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket No. 8048].

On June 20, 2020, an order was issued confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8053].

### D. Extended Bar Date for Fire Victim Creditors

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

## III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006]."). In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact

on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movant.

      Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proofs of Claim is reasonable considering at the time of the bar date Movant had no knowledge of his relation to the deceased James Kinner and had no information available to reasonably believe he was related at the time. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

/ / /

/ / /

## IV. CONCLUSION

For the reasons set forth above, the Movant respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that Subject Proof of Claim filed by Movant is to be allowed as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: August 31, 2020  **COTCHETT, PITRE & McCARTHY, LLP**

By: _____/s/ Alison E. Cordova_____
ALISON E. CORDOVA (SBN 284942)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697 0577
acordova@cpmlegal.com

| | |
|---|---|
| Brendan M Kunkle<br>bkunkle@abbeylaw.com<br>Michael Green<br>mgreen@abbeylaw.com<br>Scott Montgomery<br>smontgomery@abbeylaw.com<br>**ABBEY, WEITZENBERG, WARREN & EMERY**<br>100 Stony Point Road<br>Santa Rosa, CA 95402<br>Telephone: (707) 542-5050<br>Facsimile: (707) 542-2589 | MICHAEL A. KELLY (SB #71460)<br>mkelly@walkuplawoffice.com<br>KHALDOUN A. BAGHDADI (SB #190111)<br>kbaghdadi@walkuplawoffice.com<br>**WALKUP, MELODIA, KELLY & SCHOENBERGER**<br>650 California Street, 26th Floor<br>San Francisco, CA 94108<br>Telephone: (415) 981-7210 |
| BRIAN J. PANISH (SBN 116060)<br>panish@psblaw.com<br>RAHUL RAVIPUDI (SBN 204519)<br>ravipudi@psblaw.com<br>LYSSA ROBERTS (SBN 235049)<br>roberts@psblaw.com<br>**PANISH, SHEA & BOYLE LLP**<br>11111 Santa Monica Blvd., Suite 700<br>Los Angeles, CA 90025<br>Telephone: (310) 477-1700<br>Facsimile: (310) 477-1699 | STEVEN M. CAMPORA (SBN 110909)<br>scampora@dbbwc.com<br>**DREYER, BABICH, BUCCOLA, WOOD, CAMPORA LLP**<br>20 Bicentennial Circle<br>Sacramento, CA 95826<br>Telephone: (916) 379-3500<br>Facsimile: (916) 379-3599 |

*Attorneys for Numerous Fire Claimants*

## DECLARATION OF ALISON E. CORDOVA

I, ALISON CORDOVA, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

5. I am an attorney with the law firm of Cotchett, Pitre & McCarthy, LLP, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the twenty fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

6. I make this Declaration in support of the motion to allow late filing of a proof of claim ("Motion") on behalf of Kim Reeg ("Movant"), whom lost his father in the Camp Fire. Kim Reeg is represented by Cotchett, Pitre & McCarthy, LLP

7. This client did not have a claim filed before the December 31, 2019 claims bar date due to unavoidable and excusable delay in discovering who his father was and should be allowed to file a proof of claim after the bar date.

8. Movant lost his father James Kinner in the Camp Fire, though Movant did not know of their relation until 2020 when he conducted a DNA test with Irene Wickert, daughter of the deceased James Kinner. A copy of the DNA test results is attached to this declaration as **Exhibit A**.

9. On June 30, 2020, Cotchett, Pitre & McCarthy, LLP filed claim number 105996 on behalf of the Movant ("Subject Proof of Claim"). True and correct copies of the Subject Proof of Claim are attached collectively hereto as **Exhibit B.**

///

///

10. PrimeClerk was contacted several times after filing to request the proof of claim number, but I was informed that PrimeClerk needed additional time to process the claim as it underwent their quality assurance review. I was not provided with a proof of claim number or a copy of the Subject Proof of Claim from PrimeClerk until August 7, 2020.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and executed this 31st day of August, 2020.

*/s/ Alison E. Cordova*
ALISON E. CORDOVA

# EXHIBIT A

Case: 19-30088    Doc# 8958    Filed: 09/01/20    Entered: 09/01/20 12:49:16    Page 9 of 19

**Relationship to IRENE WICKERT**

When two people have a DNA match, it means they inherited DNA from one or more recent common ancestors. The length of DNA they have in common is estimated in centimorgans (cM). The higher the number, the closer the relationship.



**1,622 centimorgans** shared across **56 DNA segments**

**DNA Relationship**

You and IRENE WICKERT share 1,622 cM. This table shows the percentage of the time people sharing 1,622 cM have the following relationships:

| Percent | Relationship |
|---|---|
| **99%** | Grandparent |
| | Grandchild |
| | Half sibling |
| | Aunt/uncle |
| | Niece/nephew |

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br>   PG&E CORPORATION,<br>   - and -<br>   PACIFIC GAS AND ELECTRIC COMPANY,<br>             Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
REEG, KIM
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: REEG, KIM
Attorney Name (if applicable): ALISON E. CORDOVA
Attorney Bar Number (if applicable): 284942
Street Address: 840 MALCOLM ROAD
City: BURLINGAME
State: CA
Zip Code: 94010
Phone Number: (650) 697-6000
Email Address: acordova@cpmlegal.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____ (MM/DD/YYYY)

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| | | |
|---|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date this Claim Form is Filed** | |
| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ | |
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): | |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☐ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>    ☐ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☑ Wrongful Death (if checked, please provide the name of the deceased) **JAMES KINNER**<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ | |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☐ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ | |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Alison E. Cordova*
Alison E. Cordova (Jan 30, 2020 15:54 PDT)

Email: acordova@cpmlegal.com

Signature

Print the name of the person who is completing and signing this claim:

Name: Alison Elizabeth Cordova
First name / Middle name / Last name

Title: Partner

Company: Cotchett, Pitre & McCarthy, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 840 Malcolm Rd., Suite 200
Number Street

Burlingame    CA    94010
City    State    ZIP Code

Contact phone: (650) 697-6000    Email: acordova@cpmlegal.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
(attach below)

☒ I do *not* have supporting documentation.

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

# Electronic Proof of Claim_HHKMC27402

Final Audit Report                                                    2020-06-30

| | |
|---|---|
| Created: | 2020-06-30 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAvq42yCxahZs7QbpReAmSmJncmweP1EIo |

## "Electronic Proof of Claim_HHKMC27402" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-06-30 - 10:48:40 PM GMT

- Web Form filled in by Alison E. Cordova (acordova@cpmlegal.com)
  2020-06-30 - 10:54:58 PM GMT- IP address: 50.225.50.115

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64; rv:77.0) Gecko/20100101 Firefox/77.0)
  2020-06-30 - 10:55:01 PM GMT- IP address: 50.225.50.115

- Signed document emailed to Alison E. Cordova (acordova@cpmlegal.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-06-30 - 10:55:01 PM GMT



Prime Clerk | POWERED BY Adobe Sign

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ *Brendan Kunkle*
BRENDAN KUNKLE