# EXHIBIT A

**(Proposed Order)**

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (415) 636-9251

*Attorneys for Debtors and
Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

|  |  |
|---|---|
| **In re:** | Case Nos. 19-30088 (DM) (Lead Case) (Jointly Administered) |
| **PG&E CORPORATION,** | |
| - and - | **[PROPOSED] ORDER APPROVING SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
| **Debtors.** | |
| ☐ Affects PG&E Corporation ☐ Affects Pacific Gas and Electric Company ☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the motion, dated September 1, 2020 (the "**Motion**"),[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order:

    (a)    approving the procedures, attached hereto as **Exhibit A-1** (the "**Securities Claim Information Procedures**"), requiring Subordinated Securities Claimants to submit to the Reorganized Debtors the trading data information with respect to the Subordinated Securities Claims necessary to allow the Reorganized Debtors to evaluate the individual Subordinated Securities Claims;

    (b)    approving the procedures, attached hereto as **Exhibit A-2** (the "**Securities ADR Procedures**"), designed to facilitate the potential settlement of Subordinated Securities Claims, including, without limitation, (i) procedures to allow the Reorganized Debtors and the Subordinated Securities Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory non-binding mediation of Subordinated Securities Claims, including, without limitation, approving the form of Abbreviated Mediation Notice and Standard Mediation Notice; and

    (c)    approving the procedures, attached hereto as **Exhibit A-3** (the "**Securities Omnibus Objection Procedures**," and, together with the Securities Claims Information Procedures and the Securities Omnibus Objection Procedures, the "**Securities Claims Procedures**"), to allow the Reorganized Debtors to lodge objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are procedurally defective;

and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on the Motion; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Keable Declaration submitted in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), as applicable.

their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Securities Claim Information Procedures attached hereto as **Exhibit A-1** are approved, and the Reorganized Debtors are authorized to implement the Securities Claim Information Procedures as set forth therein.

3. The Trading Information Request Form, substantially in the form attached hereto as **Annex 1**, is approved. The Reorganized Debtors are authorized to serve the Trading Information Request Form in accordance with the Securities Claims Information Procedures.

4. The Securities ADR Procedures attached hereto as **Exhibit A-2**, including without limitation, the Offer Procedures and the Securities Mediation Procedures, are approved and the Reorganized Debtors are authorized to implement the Securities ADR Procedures as set forth therein.

5. The Abbreviated Mediation Notice and the Standard Mediation Notice, substantially in the forms annexed hereto as **Annex 2** and **Annex 3**, respectively, are approved. The Reorganized Debtors are authorized to send the Abbreviated Mediation and the Standard Mediation Notice in accordance with the Securities ADR Procedures.

6. The Securities Omnibus Objection Procedures attached hereto as **Exhibit A-3** are approved, and the Reorganized Debtors are authorized to implement the Securities Omnibus Objection Procedures as set forth therein.

7. The Reorganized Debtors may object to the Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as on any of the following grounds:

    (a)    the Subordinated Securities Claims seek to recover amounts paid to purchase PG&E debt or equity securities where such purchase(s) occurred outside of the Subject Period set forth in the Extended Bar Date Order;

    (b)    the holder of a Subordinated Securities Claims sold his or her position(s) before the release of any purported "corrective disclosure(s)";

    (c)    the holder of a Subordinated Securities Claim (or such holders' authorized representative) failed to timely submit a properly completed Trading

Information Request Form by the Reminder Deadline or otherwise comply with the Securities Claim Information Procedures;

(d)    the Subordinated Securities Claims constitute Unauthorized Bulk Claims; and

(e)    the Subordinated Securities Claims are otherwise objectionable under applicable bankruptcy or non-bankruptcy law, including due to the failure to file timely claims by the Extended Bar Date, and statute of limitations defects.

8.    The permission for the Reorganized Debtors to object in an omnibus motion on the grounds set forth in Paragraph 7 above is without prejudice to an individual Subordinated Securities Claimant filing an opposition with respect to their claim to a motion asserting any of those grounds.

9.    In the event a Subordinated Securities Claim designated for the Securities ADR Procedures is not resolved through the Offer Procedures or the Securities Mediation Procedures, as applicable, the deadline for the Reorganized Debtors to object to such Subordinated Securities Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan, and (ii) sixty (60) days after the termination of such Offer or Securities Mediation Procedures.

10.    Notice of the Securities Claims Procedures Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

11.    The Debtors are authorized to take all necessary actions to effect the relief granted pursuant to this Order.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**The Securities Claims Procedures**

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors and
Reorganized Debtors*

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:     (415) 636-9251

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS** |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities Claims Procedures**") for resolving claims, other than Excluded Claims (defined below), that are subject to subordination pursuant to section 510(b) of title 11 of the United States Code (the "**Bankruptcy Code**") (collectively, the "**Subordinated Securities Claims**" and the holders of Subordinated Securities Claims, the "**Subordinated Securities Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2020 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

### SUMMARY OF THE SECURITIES CLAIM PROCEDURES

These Securities Claims Procedures are designed to facilitate and simplify the resolution of certain proofs of claim that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to explore expedient resolutions of those claims through settlement. The Securities Claims Procedures apply to certain purported creditors who filed proofs of claim based on their alleged losses incurred related to purchases of publicly-traded PG&E debt and/or equity securities as a result of alleged inadequate or fraudulent disclosures or non-disclosures of information from April 29, 2015 through November 15, 2018, inclusive.

To that end, the Securities Claims Procedures—which are diagrammed in a user-friendly format in Exhibit B attached hereto—first provide that each claimant will receive and respond to a targeted information request regarding the claimant's trading history. The Reorganized Debtors will then decide whether to: (i) attempt to negotiate a settlement directly with the claimant; (ii) mediate with the claimant; (iii) file an omnibus objection on grounds that are common to that claimant and other claimants; and/or (iv) object to the claim on the basis that it lacks merit under the applicable federal securities laws. The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

These procedures are summarized more fully below:

1. **Securities Claims Information Procedures**.  To allow the Reorganized Debtors to properly assess each of the individual Subordinated Securities Claims and determine the appropriate path forward for each claim under the other Securities Claims Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that all Subordinated Securities Claimants be required to provide the Reorganized Debtors by mail or via a user-friendly online portal with complete trading data in connection with their asserted Subordinated Securities Claims.

2. **Securities ADR Procedures.**  Recognizing that the Subordinated Securities Claims are comprised of different types of claimants and varying amounts of asserted and potential damages, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of Subordinated Securities Claims, each of which is explain in further detail below:

   a. *The Offer Procedures*.  These procedures will allow the Reorganized Debtors and Subordinated Securities Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

   b. *The Abbreviated Mediation Process.*  These are procedures for abbreviated mandatory, non-binding mediation because formal mediation may not be appropriate for all Subordinated Securities Claims, especially those with smaller asserted or potential claim amounts; and

   c. *The Standard Mediation Process.*  These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted or have larger potential Subordinated Securities Claims.

3. **Securities Omnibus Objection Procedures.**  The Securities Omnibus Objection Procedures, which are substantially similar to those already adopted by the Court with respect to claims other than Subordinated Securities Claims, will allow the Reorganized Debtors to lodge objections, on an omnibus basis, to Subordinated Securities Claims that are not otherwise settled and/or are facially or procedurally defective.  This process will eliminate the need to potentially file thousands of duplicative individual objections to Subordinated Securities Claims, as well as the associated expense and administrative burden both to the Reorganized Debtors and the Court.

The Reorganized Debtors believe these processes will facilitate prompt settlement and/or resolution of the Subordinated Securities Claims.  If the above-described procedures do not resolve all Subordinated Securities Claims and merits-based objections to remaining claims (if any) are required, such objections will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). If any claims remain unresolved after the implementation of these procedures, the Reorganized Debtors will propose a methodology for resolving the outstanding Subordinated Securities Claims.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

# CLAIMS SUBJECT TO THE SECURITIES CLAIMS PROCEDURES

## A.  Subordinated Securities Claims

The claims subject to these Securities Claims Procedures include all Subordinated Securities Claims other than Excluded Claims, as defined below.  Specifically, these Securities Claims Procedures are limited to claims that fall into the following classes of claims under the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**").[1]

### Subordinated Debt Claims

(i)  Class 9A – HoldCo Subordinated Debt Claims – any Claim against HoldCo that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution, but excluding any HoldCo Rescission or Damage Claims.

(ii)  Class 10B – Utility Subordinated Debt Claims – any Claim against the Utility that is subject to subordination under section 510(b) of the Bankruptcy Code, including any Claim for reimbursement, indemnification or contribution.

### Subordinated Equity Claims

(iii)  Class 10A-II – HoldCo Rescission or Damage Claims – any Claim against HoldCo subject to subordination pursuant to section 510(b) of the Bankruptcy Code arising from or related to the common stock of HoldCo.

## B.  Excluded Claims

These Securities Claims Procedures shall not apply to any Subordinated Securities Claim filed by: (i) the Public Employees Retirement Association of New Mexico ("**PERA**"), (ii) York County on behalf of County of York Retirement Fund ("**York County**"), (iii) City of Warren Police and Fire Retirement System ("**City of Warren**"), and (iv) Mid-Jersey Trucking Industry & Local No. 701 Pension Fund ("**Mid-Jersey**") (collectively, the "**Excluded Claims**").  The holders of Excluded Claims are collectively referred to herein as "**Excluded Claimants**."[2]

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

[2] The Excluded Claimants each filed proofs of claim through counsel, referencing a complaint, filed in another proceeding, which sets out in detail the claims asserted by the Excluded Claimants.  The Reorganized Debtors have been actively engaged in mediation with the Excluded Claimants and their counsel.  Consequently, these procedures are not necessary to continue to engage in communications or otherwise attempt to resolve claims of the Excluded Claimants.  In contrast, the other Subordinated Securities Claimants have not filed accompanying complaints, provided complete trading data, or engaged in mediation or other settlement efforts with the Reorganized Debtors.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Exhibit A-1

## The Securities Claims Information Procedures

The following procedures (the "**Securities Claims Information Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2020 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I.    THE SECURITIES CLAIMS INFORMATION PROCEDURES

The Securities Claims Information Procedures are intended to, in the simplest and most expedient way, get complete trading information from the Subordinated Securities Claimants that is necessary for the Reorganized Debtors to evaluate whether a claim can be resolved consensually and the amount of any offer to settle that the Reorganized Debtors may make to each claimant.

### A.    Initiating the Securities Claims Information Procedures

The Securities Claims Information Procedures begin when the Reorganized Debtors, at their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Claim Information Materials**"): (i) a request for trading information (the "**Trading Information Request Form**"); and (ii) a copy of these Securities Claims Information Procedures.

The Reorganized Debtors will send the Claim Information Materials to a Subordinated Securities Claimant at the address listed on that claimant's most recently filed proof of claim. If the proof of claim indicates that the claimant is represented by counsel, the Reorganized Debtors will also send the Claim Information Materials to that claimant's counsel.

Subordinated Securities Claimants must complete and return the Trading Information Request Form no later than twenty-eight days after the mailing of the Trading Information Request Form (the "**Information Deadline**"). The completed Trading Information Request Form must be received by the Reorganized Debtors before the Information Deadline.

### B.    The Trading Information Request Form

Each Trading Information Request Form will direct the Subordinated Securities Claimant to an online portal where the Trading Information Request Form can be completed. The Trading

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Information Request Form will provide clear instructions and credentials for securely accessing, and submitting information through, the online portal.

Each Subordinated Securities Claimant has already submitted a proof of claim. The *Rescission or Damage Claim Proof of Claim* form attached a list of the Reorganized Debtors' publicly traded debt and/or equity securities (the "**Securities**").

As part of the Trading Information Request, Subordinated Securities Claimants shall provide their complete trading history, in transaction-level detail, of the Securities during the following periods:

- **Common Stock:** April 29, 2015 through February 12, 2019;[3]
- **Debt Securities:** April 29, 2015 through July 1, 2020;[4]
- **Preferred Stock:** April 29, 2015 through July 1, 2020; and
- **Options:** April 29, 2015 through July 1, 2020.

Individual sections of the online portal will be dedicated to the different types of securities listed above. For each category, the relevant Securities will be available from a drop-down menu so that Subordinated Securities Claimants can be sure they are providing the information in the appropriate place.

**C.  Returning the Trading Information Request**

Trading Information Request Forms must be returned to the Reorganized Debtors on or before the Information Deadline. To reduce delays and avoid further costs to the Subordinated Securities Claimants, Trading Information Request Forms shall be submitted through the online portal, unless return by electronic submission is impracticable or impossible.

If electronic submission through the online portal is impracticable or impossible, responses to the Trading Information Request Forms must be returned to the Reorganized Debtors by mail so that they are actually received by the Reorganized Debtors on or before the Information Deadline. Mail deliveries shall be directed to:

---

[3] This information is necessary to calculate potential damages (and therefore potential settlement amounts) under 15 U.S.C. § 78u-4(e) of the PSLRA.

[4] This information is necessary to calculate potential damages (and therefore potential settlement amounts) under section 11 of the Securities Act of 1933.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| If by first class mail: | If by overnight courier or hand-delivery: |
|---|---|
| PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station, PO Box 4850 New York, New York 10163-4850 | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 3rd Avenue, Suite 412 Brooklyn, New York 11232 |

**D.  Failure to Return Trading Information Request Form by Information Deadline**

If a Trading Information Request Form is not returned to the Reorganized Debtors by the Information Deadline, the Reorganized Debtors shall send an information reminder (the "**Information Reminder**") to the Subordinated Securities Claimant.  The Information Reminder will provide the Subordinated Securities Claimant with an additional fourteen (14) days from the date the Information Reminder is sent to return the Trading Information Request Form (the "**Reminder Deadline**").

The Reorganized Debtors will send the Information Reminder to the e-mail address listed on the Subordinated Securities Claimant's proof of claim.  If no e-mail address is listed, the Reorganized Debtors will send the Information Reminder by mail.

Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s).

**E.  Next Steps**

Following the timely return of a Trading Information Request, the Reorganized Debtors may, in their sole discretion: (i) make a settlement offer to a Subordinated Securities Claimant; (ii) designate the Subordinated Securities Claim(s) for mandatory mediation; or (iii) both.

The Reorganized Debtors reserve the right to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

## II.     COMPUTING TIME FOR DEADLINES

Consistent with Rule 6(a)(1) of Federal Rules of Civil Procedure, when computing any time period specified in these Securities Claims Information Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A-2**

**The Securities ADR Procedures**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The following procedures (the "**Securities ADR Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [●], 2020 [Dkt. No. [●]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I.    THE SECURITIES ADR PROCEDURES

The Securities ADR Procedures are designed to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation. There are two major components to the Securities ADR Procedures: (i) a process by which the Reorganized Debtors exchange settlement offers with Subordinated Securities Claimants (the "**Offer Procedures**"); and (ii) mandatory, nonbinding mediation (the "**Securities Mediation Procedures**").

The Offer Procedures are described in section II, below. The Mediation Procedures are described in section III, below. For the avoidance of doubt, section IV applies to all aspects of the Securities ADR Procedures.

## II.    THE OFFER PROCEDURES

The Offer Procedures generally contemplate a process by which the Reorganized Debtors will make written, confidential settlement offers to certain claimants as a means to resolve claims efficiently, where possible.

The Offer Procedures begin when the Reorganized Debtors, at their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Offer Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Offer Procedures (an "**Offer Notice**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim; and (iii) a copy of these Offer Procedures.[5]

The Reorganized Debtors will send the Offer Materials to a Subordinated Securities Claimant at the address listed on that claimant's most recently filed proof of claim. If the proof of claim

---

[5] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

indicates that the claimant is represented by counsel, the Reorganized Debtors will also send the Offer Materials to that claimant's counsel.

**A.    The Offer Notice**

The Offer Notice will include an offer by the Reorganized Debtors to settle the Subordinated Securities Claim (a "**Settlement Offer**").  A response to the Settlement Offer must be received by the Reorganized Debtors no later than twenty-one (21) days after the mailing of the Offer Notice (the "**Settlement Response Deadline**").  The Reorganized Debtors, in their sole discretion, may agree to extend the Settlement Response Deadline.

**B.    Response to the Settlement Offer**

The only permitted responses to a Settlement Offer are (i) signed acceptance, or (ii) rejection and a counteroffer.  A rejection of the Settlement Offer must include a counteroffer.  The response to the Settlement Offer must be sent by e-mail and regular mail to the addresses provided in the Settlement Offer.

**C.    The Counteroffer**

The counteroffer shall be signed by the Subordinated Securities Claimant and shall identify the specific amount that the Subordinated Securities Claimant will accept in full settlement and satisfaction of the Subordinated Securities Claim.  A counteroffer may not be for an unknown, unliquidated, or indefinite amount.

**D.    The Reorganized Debtors' Response to a Counteroffer**

The Reorganized Debtors must respond in writing within twenty-one (21) days after the receipt of a counteroffer (the "**Counteroffer Response**").  The Counteroffer Response shall indicate that the Reorganized Debtors either (i) accept the counteroffer, or (ii) reject the counteroffer.

*1.    Acceptance of the Counteroffer*

If the Reorganized Debtors accept the Counteroffer, the Reorganized Debtors will provide written confirmation to the Subordinated Securities Claimant.

*2.    Rejection*

If the Reorganized Debtors reject the counteroffer, they may make a revised settlement offer (a "**Revised Settlement Offer**").  Alternatively, the Reorganized Debtors may terminate the Offer

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Procedures. The Reorganized Debtors must indicate which option they have chosen in the Counteroffer Response.

If the Reorganized Debtors reject the Counteroffer without making a Revised Settlement Offer, the Reorganized Debtors will provide written notification of their rejection to the Subordinated Securities Claimant and the Subordinated Securities Claim will, in the Reorganized Debtors' sole discretion, either be (i) submitted to nonbinding, mandatory mediation, or (ii) resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

### a) Revised Settlement Offer

The only permitted responses to a Revised Settlement Offer are (i) signed acceptance, or (ii) rejection. A rejection of the Settlement Offer may, but need not, include a counteroffer. The Subordinated Securities Claimant must respond in writing within fourteen (14) days (the "**Revised Settlement Offer Deadline**"). The Reorganized Debtors may, in their sole discretion, agree to extend the Revised Settlement Offer Response Deadline to permit the exchange of additional offers.

The Subordinated Securities Claimant's response to the Revised Settlement Offer shall be sent by email and regular mail to the addresses provided in the Revised Settlement Offer.

### b) Termination of Offer Procedures

The Reorganized Debtors may, in their sole discretion, terminate the Offer Procedures and either (i) submit the claim to nonbinding, mandatory mediation, or (ii) seek to resolve the claim in the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

The Reorganized Debtors reserve the right to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

### E. Extension of Claim Objection Deadline

In the event that these Offer Procedures have been invoked as to a Subordinated Securities Claim but have not resolved the Subordinated Securities Claim, the deadline to object to the

Subordinated Securities Claim under section 7.1 of the Plan shall be automatically extended until sixty (60) days after the termination of the Offer Procedures to allow the Reorganized Debtors to either (i) submit the Subordinated Securities Claim to nonbinding, mandatory mediation, or (ii) object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order. For the avoidance of doubt, this provision in no way shortens the deadline to object to Subordinated Securities Claims under section 7.1 of the Plan.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

### III. THE SECURITIES MEDIATION PROCEDURES

The Securities Mediation Procedures are designed to consensually resolve Subordinated Securities Claims without the cost and expense of formal litigation or the need for claimants to hire attorneys or incur attorneys' fees.

The Securities Mediation Procedures create two separate processes for mandatory, non-binding mediation: (i) the Abbreviated Mediation Process, presumptively for claims where the amounts at issue do not justify a more comprehensive mediation process; and (ii) the Standard Mediation Process, for larger claims. Each process involves specified procedures appropriate to the size of the claim at issue. The Reorganized Debtors, in their sole discretion, may designate a Subordinated Securities Claim for mandatory participation in either mediation process.

The Abbreviated Mediation Process is described in section III.A, below. The Standard Mediation Process is described in section III.B below. For the avoidance of doubt, section IV applies to all aspects of the Securities ADR Procedures.

### A. The Abbreviated Mediation Process

The Abbreviated Mediation Process is meant to be more efficient and less costly than formal mediation and briefing. The Abbreviated Mediation Process begins when the Reorganized Debtors, in their sole discretion, send a Subordinated Securities Claimant the following materials (collectively, the "**Abbreviated Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Abbreviated Mediation Process (a "**Notice of Abbreviated Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim and; and (iii) a copy of these Securities ADR Procedures.[6]

#### 1. The Notice of Abbreviated Mediation

The Notice of Abbreviated Mediation shall provide the applicable Subordinated Securities Claimant with notice of the date, time, identity of the mediator, and duration of the mediation (the "**Abbreviated Mediation**") at least twenty-eight (28) days prior to the mediation date, unless otherwise agreed to by the parties.

---

[6] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

If the chosen date and/or time of the Abbreviated Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

All Abbreviated Mediations shall be conducted virtually via videoconference over Zoom. Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Abbreviated Mediation via telephonic conference.

### 2.	Appointment of Mediator

The Reorganized Debtors will present to the Bankruptcy Court for approval a panel of qualified and experienced mediators (the "**Panel of Mediators for Abbreviated Mediations**"). The Reorganized Debtors work with the Panel of Mediators for Abbreviated Mediations to develop a process of fair distribution of Abbreviated Mediations among the mediators (each a "**Mediator**").

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias. In the event a Mediator discloses any circumstances likely to create a reasonable inference of bias, such Mediator shall be replaced prior to the mediation.

### 3.	Fees and Costs

The Reorganized Debtors shall pay the Mediator's fees and expenses. The parties shall each bear their own costs of the Abbreviated Mediation Process.

### 4.	Appearance of Abbreviated Mediation

The Subordinated Securities Claimant must appear at the Abbreviated Mediation. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending Abbreviated Mediation, the Reorganized Debtors and the Subordinated Securities Claimant will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Abbreviated Mediation. If the Subordinated Securities Claimant is not a natural person,

an authorized representative must appear at the Abbreviated Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Abbreviated Mediation.

5. *Abbreviated Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Ten (10) days before the Abbreviated Mediation.** The Reorganized Debtors must e-mail the mediator and the Subordinated Securities Claimant the following:

- A settlement offer (the "**Abbreviated Mediation Settlement Offer**"); and
- A confidential background statement (the "**Background Statement**"). The Background Statement must not exceed five (5) pages.

The Reorganized Debtors must e-mail both the Abbreviated Mediation Settlement Offer and the Background Statement no later than 4:00 pm (Pacific Time) ten (10) days before the Abbreviated Mediation.

**Three (3) days before the Abbreviated Mediation.** The Subordinated Securities Claimant must e-mail the mediator and the Reorganized Debtors with a response. For example, the claimant may accept the Abbreviated Mediation Settlement Offer.

If the claimant rejects the Abbreviated Mediation Settlement Offer, the claimant may include the following:

- A counteroffer to the Abbreviated Mediation Settlement Offer; and
- A confidential response to the Background Statement (the "**Response Statement**"). The Response Statement must not exceed five (5) pages.

The Subordinated Securities Claimant must e-mail the response no later than 4:00 pm (Pacific Time) three (3) days before the Abbreviated Mediation.

If the Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, but elects not to make a counteroffer, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counteroffer at the Abbreviated Mediation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Failure to comply with the deadlines set forth in the Securities ADR Procedures may result in sanctions under section IV.E below.

   *6. Next Steps*

If any Subordinated Securities Claims is not settled through the Abbreviated Mediation Process, the Reorganized Debtors may, in their sole discretion, (i) designate the Subordinated Securities Claim(s) for the Standard Mediation Process, or (ii) seek to resolve the claim in the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

The Reorganized Debtors reserve the right to object to a Subordinated Securities Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

**B.     The Standard Mediation Process**

The Standard Mediation Process begins when the Reorganized Debtors send a Subordinated Securities Claimant the following materials (collectively, the "**Standard Mediation Materials**"): (i) notice that the Subordinated Securities Claim has been submitted to the Standard Mediation Process (a "**Notice of Standard Mediation**"); (ii) a copy of the Subordinated Securities Claimant's applicable proof(s) of claim; and (iii) a copy of these Securities ADR Procedures.[7]

*1.     Notice of Standard Mediation*

The Reorganized Debtors shall provide the applicable Subordinated Securities Claimant with notice of the date, time, location, identity of the mediator, and duration of the mediation (the "**Standard Mediation**") at least forty-two (42) days prior to the mediation date (the "**Standard Mediation Scheduling Notice**"), unless otherwise agreed to by the parties.

If the chosen date and/or time of the Standard Mediation is not agreeable to the Subordinated Securities Claimant, the Subordinated Securities Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

Absent further order from the Bankruptcy Court, all Standard Mediations shall be conducted virtually via videoconference over Zoom.     Subordinated Securities Claimants without videoconferencing capabilities may nevertheless participate in Standard Mediation via telephonic conference.

*2.     Appointment of Mediator*

The Reorganized Debtors will present to the Bankruptcy Court for approval a panel of qualified and experienced mediators for the Standard Mediations (the "**Panel of Mediators for Standard Mediations**").  The Reorganized Debtors will work with the Panel of Mediators for Standard Mediations to develop a process of fair distribution of Standard Mediations among the mediators (each a "**Mediator**").

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in

---

[7] For transferred claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

any related matter, and (iii) upon appointment, disclose any circumstances likely to create a reasonable inference of bias. In the event a mediator discloses any circumstances likely to create a reasonable inference of bias, such mediator shall be replaced prior to the mediation.

### 3. Fees and Costs

The Reorganized Debtors shall pay the mediator's fees and expenses. The parties shall each bear their own costs of the Standard Mediation Process.

### 4. Appearance at Standard Mediation

The Subordinated Securities Claimant must appear at the Standard Mediation. If a Subordinated Securities Claimant that is a natural person has a hardship preventing that individual from attending Standard Mediation, the Reorganized Debtors and the Subordinated Securities Claimant will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the Subordinated Securities Claimant, filed the Subordinated Securities Claim on behalf of the Subordinated Securities Claimant, that person or entity must also appear at the Standard Mediation. If the Subordinated Securities Claimant is not a natural person, an authorized representative must appear at the Standard Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Standard Mediation.

### 5. Standard Securities Mediation Procedures

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Standard Mediation.** The Subordinated Securities Claimant must e-mail the mediator and the Reorganized Debtors the following:

- A settlement demand (the "**Settlement Demand**"); and

- A confidential pre-mediation statement (the "**Opening Statement**"). The Opening Statement must not exceed fifteen (15) pages, excluding any attachments, and identify each cause of action or theory the Subordinated Securities Claimant asserts, including a short and plain statement of the facts and law upon which the Subordinated

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Securities Claimant relies for recovery and maintains entitle it to relief. The Opening Statement shall include, as exhibits or annexes, all documents (or summaries of voluminous documents), affidavits, and other materials on which the Subordinated Securities Claimant relies.

The Subordinated Securities Claimant must e-mail both the Settlement Demand and the Opening Statement no later than 4:00 pm (Pacific Time) twenty-one (21) days before the Standard Mediation.

**Seven (7) days before the Standard Mediation.** The Reorganized Debtors must e-mail the mediator and the Subordinated Securities Claimant the following:

- A response to the settlement demand (the "**Settlement Demand Response**"); and

- A confidential response statement (the "**Rebuttal Statement**"). The Rebuttal Statement must not exceed fifteen (15) pages, excluding any attachments.

The Reorganized Debtors must e-mail both the Settlement Demand Response and the Rebuttal Statement no later than 4:00 pm (Pacific Time) seven (7) days before the Standard Mediation.

If the Settlement Demand Response contains a counteroffer to the Settlement Demand, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counter-counteroffer at the Standard Mediation.

Failure to comply with the deadlines set forth in the Securities ADR Procedures may result in sanctions under section IV.E below.

### 6. *Mediators-Eyes-Only*

At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

### 7. *Termination of the Mediation*

The Standard Mediation may only be terminated by the Mediator, who shall agree to terminate the mediation only if an impasse has been reached and in the judgment of the Mediator, there is no reasonable opportunity to settle the claim in mediation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

8.    *Next Steps*

If any Subordinated Securities Claims is not settled through the Standard Mediation Process and the mediation is terminated by the Mediator, then the Subordinated Securities Claim shall be resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the Securities Omnibus Objection Procedures set forth in Securities Claims Procedures Order.

**C.    Extension of Claim Objection Deadline**

In the event that these Securities ADR Procedures have been invoked as to a Subordinated Securities Claim but have not resolved the Subordinated Securities Claim, the deadline to object to the Subordinated Securities Claim under section 7.1 of the Plan shall be automatically extended until sixty (60) days after the termination of the final such Securities ADR Procedure.  For the avoidance of doubt, this provision in no way shortens the deadline to object to Subordinated Securities Claims under section 7.1 of the Plan.

**IV.    MISCELLANEOUS PROVISIONS APPLICABLE TO THE SECURITIES ADR PROCEDURES**

**A.    Settlement in Securities ADR Procedures**

If a Subordinated Securities Claim is settled through the Securities ADR Procedures, the parties will execute a settlement agreement.

**B.    Duty to Negotiate in Good Faith**

The Subordinated Securities Claimants and the Reorganized Debtors shall negotiate in good faith in an attempt to reach an agreement for the settlement of the Subordinated Securities Claims.

**C.    Confidentiality of Negotiations**

The settlement and mediation process is confidential and Reorganized Debtors and Subordinated Securities Claimants cannot disclose the offers made or the communications in connection with settlement offers to any other person.  Absent express agreement between the parties, no person may rely on, seek discovery of, or introduce as evidence in connection with any judicial or other proceeding, any offer, counteroffer, discussions or negotiations between the parties, or any other aspect of the Securities ADR Procedures.

### D. Modification of the Securities ADR Procedures

The Reorganized Debtors and a Subordinated Securities Claimant may enter into a written agreement, without further approval of the Bankruptcy Court, to modify the foregoing Securities ADR Procedures at their mutual discretion.

### E. Failure to Comply with the Securities ADR Procedures

If a Subordinated Securities Claimant or the Reorganized Debtors fail to comply with the Securities ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the Securities ADR Procedures, the Bankruptcy Court may, after notice and hearing, find such conduct to be in violation of the Securities Claims Procedures Order or, with respect to a Subordinated Securities Claimant, an abandonment of or failure to prosecute the Subordinated Securities Claim, or both. Upon such findings the Bankruptcy Court may, among other things, disallow and expunge the Subordinated Securities Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party. In consideration of any motion relating to the failure to comply in good faith with the Securities ADR Procedures, the Bankruptcy Court may solicit and receive the views of the Mediator in the particular mediation *in camera*, notwithstanding any confidentiality provisions applicable to such mediation.

### F. Prioritization and Referral of Subordinated Securities Claims to Mediation

Given the number of Subordinated Securities Claims, the Reorganized Debtors shall have the discretion to prioritize the initiation of mandatory mediations as they see fit.

### G. Mandatory Mediation Rules

Mandatory mediation shall be governed by the Mediator's regular procedures, except where expressly modified in the Securities ADR Procedures. In the event of a conflict, the Securities ADR Procedures shall control. Any party to a mandatory mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under section IV.E above.

### H. Termination of the Securities ADR Procedures

Notwithstanding anything herein, the Reorganized Debtors may terminate the Securities ADR Procedures with respect to a particular Subordinated Securities Claim at any time and have

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

such claim be resolved in the claims reconciliation and objection process before the Bankruptcy Court.

### I. Computing Time for Deadlines

Consistent with Rule 6(a)(1) of Federal Rules of Civil Procedure, when computing any time period specified in these Securities ADR Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5

**Exhibit A-3**

6

**The Securities Omnibus Objection Procedures**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The following procedures (the "**Securities Omnibus Objection Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2020 [Dkt. No. [•]] (the "**Securities Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**").

## I.  SECURITIES OMNIBUS OBJECTION PROCEDURES

The Securities Omnibus Objection Procedures allow the Reorganized Debtors to object to multiple Subordinated Securities Claims in a single-filed objection document (each such document, an "**Omnibus Objection**") and apply as follows:

### A.  Form of Omnibus Objection

Omnibus Objections will be numbered consecutively, irrespective of basis.

### B.  Number of Proofs of Claim per Omnibus Objection

The Reorganized Debtors may object to no more than 250 Subordinated Securities Claims per Omnibus Objection.

### C.  Grounds for Omnibus Objection

The Reorganized Debtors may object to Subordinated Securities Claims on the grounds identified in Bankruptcy Rule 3007(d) as well as any of the following grounds:

#### 1.  Outside Subject Period

Certain Subordinated Securities Claimants filed claims based on purchases of securities outside of the period from April 29, 2015 through November 15, 2018, inclusive (the "**Subject Period**").  *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Claims for Rescission or Damages* [Dkt. No. 5943], Ex. C (the "**Extended Securities Bar Date Order**").

#### 2.  Liquidation of Position Prior to a "Corrective Disclosure"

Certain Subordinated Securities Claimants suffered no alleged harm where a Subordinated Securities Claimant sold his or her entire positions before any alleged "corrective disclosure"—in other words, the claimant both bought and sold securities at allegedly inflated prices.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

### 3. *Failure to Comply with Securities Claims Information Procedures*

Those Subordinated Securities Claimants who failed to timely submit a properly completed Trading Information Request Form or otherwise failed to comply with the Securities Claims Information Procedures, including after receiving a Reminder Notice.

### 4. *Unauthorized Bulk Claims*

Certain claims were not filed by individual claimants as contemplated by the Extended Securities Bar Date Order, but instead by third parties, typically Nominees, seeking to file on behalf of multiple individuals, even though these Nominees received notice of the Original Bar Date and could have filed any such bulk claim, if appropriate, in the original notice period.

### 5. *Otherwise Objectionable*

Certain Subordinated Securities Claims are objectionable on some other common basis under applicable bankruptcy or non-bankruptcy law, including failure to file timely claims by the Extended Securities Bar Date and statute of limitations defects.

### D. Supporting Declaration

The Omnibus Objections shall be accompanied by an affidavit or declaration that supports the Omnibus Objections.

### E. Proof of Claim Exhibits

An exhibit listing the proofs of claim that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Notwithstanding Bankruptcy Local Rule 3007-1(a), the Reorganized Debtors are not required to attach a copy of proofs of claim that are the subject of the objection. Each exhibit will include, among other things, the following information:

    i.    An alphabetized list of the claimants whose proofs of claim are subject to the Omnibus Objection;

    ii.    The claim numbers of the proofs of claim that are the subject of the Omnibus Objection;

    iii.    The amount of claim asserted in the proof of claim, or a statement that the claim seeks an unliquidated amount;

    iv.    The grounds for objection; and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

v.      For Omnibus Objections in which the Reorganized Debtors seek to reduce the amount of any given proof of claim, the proposed reduced claim amount.

**F.      Notice of Securities Omnibus Objection to Subordinated Securities Claimants**

Each Subordinated Securities Claimant whose claim is subject to an Omnibus Objection will be sent a copy of the Omnibus Objection, including all exhibits and attachments thereto.  The Omnibus Objection will be served on the individual claimant by mail, not less than forty-two (42) days before the date set for hearing of the Omnibus Objection at the address on the claimant's most recently filed proof of claim, as well as upon any counsel of record in these cases for the Subordinated Securities Claimant.  The Omnibus Objection, among other things, will:

i.      Describe the nature of the Omnibus Objection;

ii.      Inform the Subordinated Securities Claimant that its rights may be affected by the Omnibus Objection and encourage the Subordinated Securities Claimant to read Omnibus Objection carefully;

iii.      Identify a response date (each, a "**Response Deadline**") not less than 14 calendar days before the date set for hearing, consistent with Bankruptcy Local Rule 9014-a(c); and

iv.      Attach a copy of these Securities Omnibus Objection Procedures, which describe the requirements for filing a written response (each, a "**Response**") to the Omnibus Objection.

**G.      Order if No Response**

The Reorganized Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to all proofs of claim for which the Reorganized Debtors did not receive a timely response, without further notice to the Subordinated Securities Claimants.

**H.      Each Omnibus Objection is a Contested Matter**

Each proof of claim subject to an Omnibus Objection and the Response thereto will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to each proof of claim.  Consistent with Bankruptcy Rule 9014(f), the finality of any order regarding a claim objection included in an

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Omnibus Objection shall be determined as though the claim had been subject to an individual objection.

### I. Requirements for All Responses to Omnibus Objections

Subordinated Securities Claimants who disagree with the relief sought in an Omnibus Objection are required to file a written Response in accordance with the procedures set forth herein and the Bankruptcy Local Rules. If a Subordinated Securities Claimant whose proof of claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below and the Bankruptcy Local Rules, the Bankruptcy Court may sustain the Omnibus Objection with respect to the Proof of Claim without further notice to the Subordinated Securities Claimant.

#### 1. Contents

Each Response must contain the following (at a minimum):

i. A caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and title of the Omnibus Objection to which the Response is directed;

ii. The Subordinated Securities Claimant's name, the applicable proof of claim number(s), and an explanation for the amount of the proof of claim;

iii. A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection;

iv. A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; and

v. The Subordinated Securities Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Subordinated Securities Claimant's attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any (each, a "**Notice Address**"). If a Response contains a Notice Address that is different from the name and/or address listed on the proof of claim, the new Notice Address will be added to the existing service address(es), and future

Weil, Gotshal & Manges LLP<br/>767 Fifth Avenue<br/>New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

service of papers with respect to all of the Subordinated Securities Claimant's proofs of claim listed in the Omnibus Objection (including all proofs of claim to be disallowed and the surviving proofs of claim) will be sent to the new Notice Address in addition to other service address(es) already on file.

### 2. *Additional Information*

To facilitate a resolution of the Omnibus Objection, the Response must include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection. If such person is not the Subordinated Securities Claimant, the Response must also include the name, address, telephone number, and email address of the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Subordinated Securities Claimant's behalf (the "**Additional Address**"). Unless an Additional Address is the same as the Notice Address, the Additional Address will not become the service address for future service of papers.

### 3. *Failure to Timely File a Response*

If the Subordinated Securities Claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Reorganized Debtors will present to the Bankruptcy Court an appropriate Order granting the relief requested in the Omnibus Objection without further notice to the Subordinated Securities Claimant.

### 4. *Service of the Response*

A written response to an Omnibus Objection, consistent with the requirements described herein, must be timely served on or before the Response Deadline (which will be clearly set forth in the Notice). Responses should be served via the Court's ECF system. In the case of Subordinated Securities Claimants who are not able to use the ECF system, service must be made by electronic mail to the email addresses of the Reorganized Debtors' counsel as shown on the Omnibus Objection. If a Subordinated Securities Claimant does not have the ability to serve a Response electronically, the Response must be served by a postal or other commercial express service that will effect delivery not more than two business days after the Response Deadline, and the Subordinated Securities Claimant must inform the Reorganized Debtors' counsel by email, telephone, or facsimile before the

Response Deadline of the Subordinated Securities Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**J.      Reservation of Rights**

Nothing in the Securities Omnibus Objection Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other claims against the Subordinated Securities Claimant. Unless the Bankruptcy Court allows a proof of claim or specifically orders otherwise, the Reorganized Debtors have the right to object on any grounds to the proofs of claim (or to any other proofs of claim or causes of action filed by a claimant or that have been scheduled by the Reorganized Debtors) within sixty (60) days of the later of the Bankruptcy Court's order resolving the Omnibus Objection, or the termination of the final Securities ADR Procedure.  An affected Subordinated Securities Claimant will receive a separate notice of any such additional objection.

**II.     MISCELLANEOUS PROVISIONS**

**A.      Settlement of Subordinated Securities Claims**

The Reorganized Debtors and a Subordinated Securities Claimant may settle any Subordinated Securities Claim subject to these Securities Claims Procedures through the Offer Procedures, Securities Mediation Procedures, or by agreement at any point.  Nothing herein shall limit, expand, or otherwise modify the Reorganized Debtors' authority to settle claims pursuant to the Plan or the Confirmation Order or as otherwise authorized by the Bankruptcy Court or applicable law.

**B.      Computing Time for Deadlines**

Consistent with Rule 6(a)(1) of Federal Rules of Civil Procedure, when computing any time period specified in these Securities Omnibus Objection Procedures: (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5

**Exhibit B**

6

**Securities Claims Procedures Roadmap**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Securities Claims Procedures Roadmap

## STEP 1: FILL OUT AND RETURN THE TRADING INFORMATION REQUEST FORM

You have 28 days from when PG&E sent you the Trading Information Request Form to provide your trading data during the relevant period. *See* Ex. A-1 §§ I.A-D. Electronic versions of the Claim Information Materials and instructions regarding how to fill out the form can be found at [INSERT WEBSITE].

## STEP 2: THERE ARE FOUR WAYS YOUR CLAIM(S) CAN BE RESOLVED

After receiving your completed Information Request Form, PG&E will employ at least one of the four below methods to try to resolve your claim, and may attempt others if the first does not succeed.

### Settlement Negotiations

PG&E may decide to make an offer to you to settle your claim. You can accept the offer or make a counteroffer. *See* Ex. A-2 § II.

### Mediation

PG&E may decide to mediate your claim before a mediator to see whether a settlement can be reached, either in an abbreviated or standard format. *See* Ex. A-2 § III.

### Omnibus Claim Objection

PG&E may object to your claim as one of a group of claims that PG&E believes suffers from similar defects. *See* Ex. A-3.

### Claim Objection

PG&E may object to your claim on the basis that your claim lacks merit, including under applicable federal securities law.

1
2
3
4
5

**<u>Annex 1</u>**

6

**<u>Trading Information Request Form</u>**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

## TRADING INFORMATION REQUEST FORM

**THIS TRADING INFORMATION REQUEST FORM CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY AND IT IS IMPORTANT THAT YOU READ THIS TRADING INFORMATION REQUEST FORM AND COMPLY WITH ITS INSTRUCTIONS BY ORDER OF THE BANKRUPTCY COURT**

Mailing Date:

Subordinated Securities Claimant(s):

Subordinated Securities Claimant Address:

Subordinated Securities Claimants Email (if applicable):

Subordinated Securities Proof of Claim Number(s):

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**"), on June 20, 2020. The Plan became effective on July 1, 2020.

On [●], the Bankruptcy Court approved certain procedures the ("**Securities Claims Procedures**") to facilitate the resolution of certain proofs of claim that have been submitted in these chapter 11 cases. Because you have filed a proof of claim concerning the purchase of securities of PG&E, you are now required to provide certain information in connection with your proof of claim. Enclosed with this request form are the information procedures approved by the Bankruptcy Court (the "**Securities Claims Information Procedures**"). Copies of the Securities Claims Procedures and the Securities Claims Information Procedures are available for viewing at [https://restructuring.primeclerk.com/pge/].

Pursuant to the Securities Claims Information Procedures, you **must complete** a Trading Information Request Form **and return** it to the Reorganized Debtors so that it is **received** by the Reorganized Debtors **within twenty-eight (28) days** of the above-indicated Mailing Date of this Trading Information Request Form (the "**Information Deadline**"). For ease of submission, the Debtors have provided an online portal that allows the electronic submission of the requested information.

**FAILURE TO COMPLETE AND RETURN A TRADING INFORMATION REQUEST FORM ON OR BEFORE THE INFORMATION DEADLINE MAY RESULT IN A FORMAL OBJECTION BEING FILED SEEKING DISALLOWANCE OF YOUR PROOF OF CLAIM.**

## A. Completing the Trading Information Request Form

You **must** complete, and return, the Trading Information Request Form **electronically**, unless electronic submission is impracticable or impossible. Paper copies of the Trading Information Request Form are enclosed for your convenience in the event that it is impracticable or impossible to submit an online form.

To complete the Trading Information Request Form electronically, visit the online portal located here: [PORTAL WEB ADDRESS] (the "**Portal**").

To access the Portal, login with the below ID and password:

[UNIQUE ID]

[UNIQUE PASSWORD]

Once you login to the Portal, you will be asked to provide certain information.

### 1. Contact Information

Section I of the Trading Information Request Form has required fields relating to your contact information (name, address, email, etc.).

Please provide **current** contact details because the Reorganized Debtors will use this contact information for any further communications and correspondence regarding your proof of claim(s).

### 2. Trading Information

Section II relates to information about your trading in PG&E securities relevant to your filed proof of claim(s). You must provide your complete trading history of the publicly traded debt and/or equity PG&E securities for the periods set forth below.

You **must** provide a complete trading history, including, among other things, each purchase and sale separately along with the trade date of each separate transaction, identification of the type of transaction, e.g., a purchase or sale, the number of securities involved in the transaction, and the price of the transaction on a per security basis. The trading information relating to PG&E securities must be provided for the following periods:

- **Common Stock:** April 29, 2015 through February 12, 2019;

- **Debt Securities:** April 29, 2015 through July 1, 2020;

- **Preferred Stock:** April 29, 2015 through July 1, 2020; and

- **Options:** April 29, 2015 through July 1, 2020.

2

Individual sections of the Portal are dedicated to the different types of securities listed above. For each category, the relevant Securities will be available from a drop-down menu.

Certain information is required. The Portal will **not** allow you to submit a Trading Information Request Form if one or more required fields are blank. Before submitting a Trading Information Request Form, you **must** certify that the information you are providing is accurate as follows:

> I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. I UNDERSTAND THAT A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPORISONED FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 157, AND 3571.

### B. Returning the Trading Information Request Form

Pursuant to the Securities Claims Information Procedures, you **must complete** a Trading Information Request Form **and return** it to the Reorganized Debtors so that it is **received** by the Reorganized Debtors by the Information Deadline (*e.g.*, within twenty-eight (28) days of the above-indicated Mailing Date).

If it is **impracticable or impossible** for you to complete and submit the Trading Information Request Form electronically, you may mail a fully completed Trading Information Request Form to:

| If by first class mail: | If by overnight courier or hand-delivery: |
|---|---|
| PG&E Corporation Claims Processing Center c/o Prime Clerk LLC Grand Central Station, PO Box 4850 New York, New York 10163-4850 | PG&E Corporation Claims Processing Center c/o Prime Clerk LLC 850 3rd Avenue, Suite 412 Brooklyn, New York 11232 |

### C. Contacting the Reorganized Debtors

Questions regarding the Securities Claims Information Procedures should be directed to PG&E Claims Information Center hotline:

- (844) 339-4217 (Toll Free)

- +1 (929) 333-8977 (International)

[Signature of the Reorganized Debtors' Authorized Person]

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**Annex 2**</u>

<u>**Notice of Abbreviated Mediation**</u>

## NOTICE OF ABBREVIATED MEDIATION

**THIS NOTICE CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY AND IT IS IMPORTANT THAT YOU READ THIS NOTICE AND COMPLY WITH ITS INSTRUCTIONS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date:

Subordinated Securities Claimant(s):

Subordinated Securities Claimant Address:

Subordinated Securities Claimant Email (if applicable):

Subordinated Securities Proof of Claim Number(s):

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**") on June 20, 2020. The Plan became effective on July 1, 2020.

On [___], 2020, the Bankruptcy Court approved certain procedures the ("**Securities Claims Procedures**") to facilitate the resolution of certain claims that have been submitted in these chapter 11 cases. The Securities Claim Procedures include the ability for a claimant who has filed a proof of claim concerning the purchase of securities of PG&E and the Reorganized Debtors to attempt to resolve consensually such claims without the cost and expense of formal litigation through mediation with an experienced mediator (the "**Securities ADR Procedures**"). A complete copy of the Securities ADR Procedures is enclosed for your reference.

The Reorganized Debtors have designated your filed proof of claim (set forth above) for participation in the Abbreviated Mediation Process (as defined and described in the Securities ADR Procedures).

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the mediation at the date and/or time listed above, please contact the Mediator within seven (7) business days of the date of the notice using the contact information provided in the attached schedule so that you, the Reorganized Debtors, and the Mediator may find a mutually agreeable date and time to reschedule your Abbreviated Mediation. If you do not reach out to reschedule within seven (7) business days, the date and time of the mediation will be set and your attendance at the mediation will be required.

You will receive an email from the Reorganized Debtors no later than ten (10) days prior to the Mediation Date containing (i) a settlement offer to resolve your claim, and (ii) a confidential statement setting forth the position of the Reorganized Debtors. **You must respond to the Mediator and the Reorganized Debtors by email no later than three (3) days prior to the Mediation Date. In your response, you may either accept or reject the Reorganized Debtors' settlement offer, or, alternatively, you may submit a counteroffer**. If you accept the Reorganized Debtors' settlement offer, your attendance at the mediation will no longer be required. If you do not accept the Reorganized Debtors' settlement offer, you will need to attend the mediation and you may (but need not) submit a confidential counter-statement setting forth your response to the Reorganized Debtors' statement (a "Response Statement"). Please refer to section III.A of the Securities ADR Procedures for more information regarding the Abbreviated Mediation Process, including the option to submit a Response Statement if you do not accept the Reorganized Debtors' settlement offer.

At least one (1) day prior to the Mediation Date, you will receive an email with a link and instructions on how to attend the Abbreviated Mediation on the Mediation Date. The Mediation will continue until it is completed which could be a few hours or the entire day.

[Signature of the Reorganized Debtors' Authorized Person]

Case: 19-30088    Doc# 8964-1    Filed: 09/01/20    Entered: 09/01/20 18:07:01    Page 46 of 51

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Annex 3</u>**

**<u>Notice of Standard Mediation</u>**

## <u>NOTICE OF STANDARD MEDIATION</u>

**THIS NOTICE CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY AND IT IS IMPORTANT THAT YOU READ THIS NOTICE AND COMPLY WITH ITS INSTRUCTIONS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE BANKRUPTCY COURT.**

<u>Mailing Date</u>:

<u>Subordinated Securities Claimant(s)</u>:

<u>Subordinated Securities Claimant Address</u>:

<u>Subordinated Securities Claimant E-mail (if applicable)</u>:

<u>Subordinated Securities Proof of Claim Number(s)</u>:

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**") on June 20, 2020. The Plan became effective on July 1, 2020.

On [●], 2020, the Bankruptcy Court approved certain procedures the ("**Securities Claims Procedures**") to facilitate the resolution of certain claims that have been submitted in these chapter 11 cases. The Securities Claim Procedures include the ability for a claimant who has filed a proof of claim concerning the purchase of securities of PG&E and the Reorganized Debtors to attempt to resolve consensually such claims without the cost and expense of formal litigation through mediation with an experienced mediator (the "**Securities ADR Procedures**"). A complete copy of the Securities ADR Procedures is enclosed for your reference.

**T**he Reorganized Debtors have designated your filed proof of claim (set forth above) for participation in the Standard Mediation Process (as defined and described in the Securities ADR Procedures).

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the mediation at the date and/or time listed above, please contact the Mediator within seven (7) business days of the date of the notice using the contact information provided in the attached schedule so that you, the Reorganized Debtors, and the Mediator may find a mutually agreeable date and time to reschedule your Abbreviated Mediation. If you do not reach out to reschedule within seven (7) business days, the date and time of the mediation will be set and your attendance at the mediation will be required.

As set forth in section III.B.5 of the Securities ADR Procedures, **<u>no later than twenty-one (21) days prior to the Mediation Date, you must email the Mediator and the Reorganized Debtors (i) a settlement demand, and (ii) a confidential mediation statement</u>**. No later than seven (7) days prior to the Mediation Date, you will receive an email from the Reorganized Debtors containing (i) a response to the settlement demand, and (ii) a confidential rebuttal statement. Please refer to section III.B of the Securities ADR Procedures for more information regarding the Standard Mediation Process.

At least one (1) day prior to the Mediation Date, you will receive an email with a link to access the Standard Mediation on the Mediation Date. The Mediation will continue until it is completed which could be a few hours or the entire day.

[Signature of the Reorganized Debtors' Authorized Person]

Case: 19-30088    Doc# 8964-1    Filed: 09/01/20    Entered: 09/01/20 18:07:01    Page 50 of 51

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

Case: 19-30088    Doc# 8964-1    Filed: 09/01/20    Entered: 09/01/20 18:07:01    Page 51
of 51