# EXHIBIT 2

# EXHIBIT 1

# Exhibit 4

ADR Procedures

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The following sets forth the alternative dispute resolution procedures (the "**ADR Procedures**") to be implemented in the post-confirmation chapter 9 case of the City of San Bernardino (the "**City**").  Capitalized terms not defined herein shall have the meanings ascribed to such terms in the City's *Third Amended Plan for the Adjustment of Debts (July 29, 2016)* (the "**Chapter 9 Plan**").

Notwithstanding anything to the contrary herein, nothing in these ADR Procedures is intended, and shall not be deemed, to (a) interfere with the rights of the City under applicable insurance and reinsurance policies and pooling arrangements (including the BICEP Agreement and the Reinsurance Policies) and all such rights are hereby reserved and preserved, or (b) modify the rights of the City and the Big Independent Cities Excess Pool Joint Powers Authority ("BICEP") with respect to the BICEP Master Memorandum of Liability Coverage ("BICEP Agreement") and related contracts, documents, certificates and declarations, including the Reinsurance Policies (as defined in the Chapter 9 Plan).

I.  **CLAIMS SUBJECT TO THE ADR PROCEDURES AND ADR INJUNCTION**

 A. **Claims Subject to the ADR Procedures.**

The claims subject to the ADR Procedures consist of all Disputed Claims that the City has determined could be resolved through the ADR Procedures. The City may designate for resolution pursuant to the ADR Procedures any Disputed Claim by serving a notice (the "**ADR Notice**") on the applicable claimant by the 180 Day Deadline (the "**Designated Claims**"), if the City believes, in its sole discretion, that the ADR Procedures would promote the resolution of such claim. The holders of the Designated Claims are referred to herein as the "**Designated Claimants**."

 B. **Stay of Non-bankruptcy Proceedings**

Pursuant to the Section XI of the Plan, all holders of Designated Claims are enjoined from commencing or continuing any action or proceeding to prosecute their Designated Claims other than through the ADR Procedures; provided, however, that, if the ADR Procedures prove unsuccessful in resolving any Designated Claim, the City shall file its claim objection and proceed in the Bankruptcy Court.

 C. **Tolling of the Statute of Limitations**

Any applicable statute of limitations that may be set to expire during the ADR Procedures and any subsequent claims litigation shall be tolled or extended pursuant to any applicable statutes or laws in effect, including without limitation, section 108 of the Bankruptcy Code.

1

SR 010

## II.    THE ADR PROCEDURES

### A.  Offer Exchange Procedures

The first stage of the ADR Procedures will be the following offer exchange procedures that require the parties to exchange settlement offers and thereby provide an opportunity to resolve the underlying Designated Claim on a consensual basis without further legal proceedings (the "**Offer Exchange Procedures**").

1. *Service of the ADR Notice on Designated Claimant and Settlement Offer by the City*

At any time following the Effective Date and until the 180 Day Deadline, the City may serve upon the Designated Claimant, at the address on the Designated Claimant's most recently filed proof of claim or amended proof of claim, as well as upon any counsel of record in these cases for the Designated Claimant, the following materials (collectively, the "**ADR Materials**"): (i) an ADR Notice, (ii) a copy of the Confirmation Order and (iii) a copy of these ADR Procedures. The form of the ADR Notice is attached hereto as **Annex I**.  For transferred claims, the City also shall serve a copy of the ADR Materials on the transferee identified in the notice of transfer of claim.  The ADR Notice shall serve as notice that a claim has been designated by the City as a Designated Claim and that the ADR Procedures shall apply. The City shall file a consolidated notice with the Bankruptcy Court listing all of the Designated Claimants at least once every 180 days.

In the ADR Notice, the City: (i) may request that the Designated Claimant verify or, as needed, correct, clarify or supplement certain information regarding the Designated Claim; and (ii) shall include an offer by the City to settle the Designated Claim (a "**Settlement Offer**"). The ADR Notice shall require the Designated Claimant to sign and return the ADR Notice along with a **Permitted Response** (as defined below) to the City no later than 30 days after the mailing of the ADR Notice.  The parties may agree to extend the 30 day Permitted Response deadline.  The form of ADR Notice is attached hereto as Annex 1.

2. *The Permitted Responses*

The only permitted responses to a Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (as further defined below, a "**Counteroffer**").

3. *The Counteroffer*

The Counteroffer shall be signed by an authorized representative of the Designated Claimant and shall identify the proposed amount that the Designated Claimant will accept in settlement of the Designated Claim.  A Counteroffer may not be

2

SR 011

for an unknown, unliquidated or indefinite amount. The Counteroffer may include any other proposed terms of settlement.

### 4.  *The City's Response to a Counteroffer*

The City will respond to any Counteroffer within 30 days after its receipt of the Counteroffer by returning a written Response Statement. The Response Statement shall indicate that the City either: (a) accepts the Counteroffer; (b) rejects the Counteroffer, with or without making a revised Settlement Offer; (c) requests additional information or documentation so that the City may respond in good faith to the Counteroffer; or (d) terminates the Offer Exchange Procedures and advances the Designated Claim the next step of the ADR Procedures, as set forth below.

#### a.  *The City's Acceptance of the Counteroffer*

If the City accepts the Counteroffer, the City will provide written confirmation to the Designated Claimant. The parties will then execute a settlement agreement, which may include a general release and confidentiality provisions. If the matter is in litigation, the Designated Claimant shall dismiss the lawsuit with prejudice upon execution of the settlement agreement. Unless otherwise directed by the Bankruptcy Court, after the Effective Date the City shall have the discretion to settle pending lawsuits without the necessity of Bankruptcy Court approval.

#### b.  *The City's Rejection of the Counteroffer Without Making a Revised Settlement Offer*

If the City rejects the Counteroffer without making a Revised Settlement Offer, the Offer Exchange Procedures will be deemed terminated and the Designated Claim will advance to the next step of the ADR Procedures, as set forth below.

#### c.  *Revised Settlement Offer*

If the City makes a Revised Settlement Offer, the Designated Claimant may accept the Revised Settlement Offer by providing the City with a written statement of acceptance no later than 28 days after receipt of the Revised Settlement Offer. If the Designated Claimant does not accept the Revised Settlement Offer, the Designated Claim automatically will advance to the mediation step of the ADR Procedures, as set forth below.

#### d.  *Request for Additional Information*

If the City requests additional information or documentation, the Designated Claimant shall deliver such additional information or documentation so that it is received by the City within 21 days after such request.

5. *Offer Exchange Termination Date*

Upon mutual written consent, the City and a Designated Claimant may exchange additional Revised Settlement Offers and Counteroffers. Otherwise the ADR Procedures will advance to mediation.

6. *Ability to Settle Claims*

Nothing herein shall limit the ability of a Designated Claimant and the City to settle a Designated Claim by mutual consent at any time.

7. *City's Ability to Terminate the ADR Process*

Notwithstanding anything herein, the City may determine at any time, and in its sole and absolute discretion, to terminate the ADR Procedures with regard to any Designated Claim and to proceed to liquidation of the Designated Claim in Bankruptcy Court by the filing of a claim objection.

**B. Mediation**

Subject to paragraph II.A.7. immediately above, all Designated Claims not settled through the Offer Exchange Procedures will proceed to mediation. Unless otherwise agreed to by the City and the Designated Claimant, mediations shall not commence until 45 days after the completion of the Offer Exchange Procedures.

1. *Prioritization of Referral of Designated Claims to Mediation*

As soon as reasonably practicable following the termination of the Offer Exchange Procedures with respect to any Designated Claim, the City shall issue to the Designated Claimant a mediation notice (a "**Mediation Notice**"). The form of Mediation Notice is attached hereto as **Annex II**. Given the large number of Disputed Claims, the City shall have the discretion to prioritize the initiation of the mediations. In prioritizing among Designated Claims, the City may consider, along with any other factors the City deems relevant or appropriate in its sole discretion, (a) the absolute or relative difference between the final offers made by the City and the applicable Designated Claimant during the Offer Exchange Procedures, (b) the nature and complexity of the Designated Claim, (c) the status of any underlying lawsuit or and (d) whether the Designated Claimant returned the ADR Notice and its level of participation in the ADR Procedures. The City will appoint a panel of qualified and experienced mediators, and will select a mediator from the panel with respect to each Designated Claim. The mediations will be held in the City of San Bernardino.

Any and all documents, statements, evidence, or similar information produced, offered or shared or any communication (oral or written) made during mediation are subject to Federal Rule of Evidence 408, offered for settlement purposes only and therefore, inadmissible in any future proceedings or litigation. A mediator cannot be

called as a witness in any claims objection proceedings.

2. *Fees and Costs for Mediation*

The City shall pay the mediation fee.

3. *Scheduling of Mediations*

The City shall provide the applicable Designated Claimant with notice, substantially in the form annexed hereto as **Annex III** of the date, time, applicable mediation site, identity of the mediator, and duration of the mediation at least thirty (30) days prior to the mediation date (the "**Mediation Scheduling Notice**"), unless otherwise agreed to by the parties.

4. *Mediation Statements*

The parties shall exchange and serve upon the assigned mediator mediation statements (the "**Mediation Statements**") no later than ten (10) days prior to the scheduled mediation. The Mediation Statements must identify all claims, defenses, and supporting evidence related thereto. Parties may elect to submit a confidential portion of such documents to a mediator so long as the confidential portion does not exceed three pages. Any such documents and all discussions that occur at the mediations shall remain confidential and privileged and shall not be admissible as evidence in any subsequent liquidation of the Designated Claim or elsewhere.

5. *Appearance At Mediation*

The Designated Claimant and its attorney, if any, shall appear personally at the mediation unless otherwise agreed by the City; however, the City may agree that, for good cause shown, a party may appear at the mediation solely through counsel if counsel is fully authorized to settle the claim on behalf of his or her client, in which event, Designated Claimant(s) may appear and participate at mediation by telephone.

6. *Settlements at Mediations*

If a Designated Claim is settled at mediation, the parties will then execute a settlement agreement (including a confidentiality provision) and a general release and, if the matter is in litigation, the Designated Claimant shall dismiss the lawsuit with prejudice as part of the release.

7. *Mediation Termination Date*

If any Designated Claim is not settled through the mediation process, then the parties shall have a further 30 days to negotiate a consensual settlement of the Designated Claim. If no settlement is reached by the end of this period (the "**Mediation Termination Date**") then the City shall file a claim objection and the Designated Claim shall be administered in accordance with the claims allowance procedures.

5

### C. Duty to Negotiate in Good Faith

During the period of the ADR Procedures, the Designated Claimant and the City shall negotiate in good faith in an attempt to reach an agreement for the settlement of the Designated Claim.

### D. Failure to Comply with the ADR Procedures

If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the Confirmation Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

### E. Discretion of the City to Enter into Settlements

After the Effective Date, unless otherwise directed by the Bankruptcy Court, the City shall have the discretion to enter into settlements regarding the allowance and payment of Designated Claims without further order of the Bankruptcy Court, subject to the terms and conditions of the BICEP Agreement where applicable, and BICEP shall receive a general release from the Designated Claimant in any such settlement.

# ANNEX I

# ADR NOTICE

Service Date:

Designated Claimant(s):

Claimant's Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

**Deadline to Respond:  [30  days from the Service Date listed above.]**

By this ADR Notice, the City of San Bernardino (the "**City**") hereby submits the above-identified claim(s) (the "**Designated Claim(s)**") in the City's chapter 9 case to alternative dispute resolution, pursuant to the procedures (the "**ADR Procedures**") under the City's *Third Amended Plan for the Adjustment of Debts (July 29, 2016)* (the "**Chapter 9 Plan**").  The United States Bankruptcy Court for the Central District of California, Riverside Division (the "**Bankruptcy Court**") entered its order confirming the Chapter 9 Plan on **[_____]**, 2016.  A copy of the ADR Procedures is enclosed for your reference.

The City has reviewed your Designated Claim(s) and, pursuant to the ADR Procedures, offers the amount(s) set forth below as a general unsecured nonpriority claim in full and final settlement of your Designated Claim(s) (the "**Settlement Offer**").

*You are required to return this ADR Notice with a Permitted Response (as defined below) to the Settlement Offer by no later than the **Deadline to Respond** indicated above.*

In addition, to the extent your most recent proof(s) of claim does not, then: (a) state the correct amount of your Designated Claim(s); (b) expressly identify each and every cause of action and legal theory on which you base your Designated Claim(s); (c) include current, correct and complete contact information of your counsel or other representative; or (d) provide all documents on which you rely in support of your Designated Claim(s), you hereby are requested to provide all such information and documentation with your Permitted Response.

7

SR 016

YOU MUST RESPOND TO THE FOLLOWING SETTLEMENT OFFER

**Settlement Offer**: The City offers you an allowed general unsecured nonpriority claim in the amount of **[$_____]** against the City in full satisfaction of your Designated Claim(s), to be satisfied in accordance with the Chapter 9 Plan.

The only permitted responses (the "**Permitted Responses**") to the Settlement Offer are (a) acceptance of the Settlement Offer or (b) rejection of the Settlement Offer coupled with a counteroffer (a "**Counteroffer**"). Accordingly, please select your Permitted Response below:

____ I/we agree to and accept the terms of the Settlement Offer.

**or**

____ I/we reject the Settlement Offer. However, I/we will accept an allowed general unsecured nonpriority claim against the City in the amount of $_____ in full satisfaction of the Designated Claim(s), to be satisfied in accordance with the Chapter 9 Plan.

or

_____ I/we propose alternative settlement terms as described in the attached addendum.

[Signature of the Designated Claimant's Authorized Representative]

By: _____

[Printed Name]

**[Additional Signature Lines as Needed.]**

[Signature of the Designated Claimant's Authorized Representative]

By: _____

[Printed Name]

8

SR 017

# ANNEX II

# MEDIATION NOTICE

Service Date:

Designated Claimant(s):

Claimant's Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

      By this Mediation Notice, the City of San Bernardino (the "**City**") hereby submits the above-identified claim(s) (the "**Designated Claim(s)**") in the City's chapter 9 case to **mediation**, pursuant to the procedures (the "**ADR Procedures**") established by the City's *Third Amended Plan for the Adjustment of Debts (July 29, 2016)*. The City has been unable to resolve your Designated Claim(s) on a consensual basis through the offer exchange component of the ADR Procedures. THEREFORE, YOUR DESIGNATED CLAIM(S) WILL PROCEED TO MEDIATION PURSUANT TO THE ADR PROCEDURES.

      At least thirty (30) days' prior to the scheduled mediation date, you will receive a "Mediation Scheduling Notice" from the City, setting forth the date, time, applicable mediation site, identity of the mediator, and duration of the mediation. Rescheduling of the mediation hearing may be granted only by agreement of the City. The ADR Procedures also require you and the City to each pay one-half of the mediation fee.

      A complete copy of the ADR Procedures is enclosed for your reference. Please refer to Section II.B of the ADR Procedures concerning mediation.

                                      [Signature of the City's Authorized Person]

# ANNEX III

## MEDIATION SCHEDULING NOTICE

Service Date:

Designated Claimant(s):

Claimant's Address:

Designated Claim Number(s):

Amount(s) Stated in Proof(s) of Claim:

Mediation Date and Time:

Expected Duration of Mediation:  Not more than 4 hours.

Location of Mediation:

Name of Mediator:

Mediator's Mailing Address and Email Address:

      Please take notice that the City of San Bernardino (the "**City**") has scheduled a mediation for the resolution of the above-identified claim(s) (the "**Designated Claim(s)**") in the City's chapter 9 case, pursuant to the procedures (the "**ADR Procedures**") under the City's *Third Amended Plan for the Adjustment of Debts (July 29, 2016)*.

      IF YOU ARE UNABLE TO ATTEND THE MEDIATION ON THE DATE AND AT THE TIME AND LOCATION SET FORTH ABOVE, PLEASE NOTIFY THE CITY IMMEDIATELY, AND **NOT LATER THAN TEN (10) DAYS** FROM THE "SERVICE DATE" OF THIS NOTICE, BY CONTACTING _____. THE CITY WILL ATTEMPT TO RESCHEDULE THE MEDIATION.

      A complete copy of the ADR Procedures was enclosed with the ADR Notice and the Mediation Notice that you previously received. If you need another copy of the ADR Procedures, please contact the City at _____. Please refer to Section II.B of the ADR Procedures concerning mediation.

      You must provide a Mediation Statement to the Mediator identified on the first page of this Mediation Scheduling Notice, either by sending it to the Mediator at the mailing address set forth on the first page of this notice, or by sending the statement via electronic mail to the Mediator's email address, so that, in either case, the Mediation Statement is received not later than ten (10) days prior to the scheduled Mediation Date.

      As set forth in Section II.B. of the ADR Procedures, you and your attorney, if any,

10

SR 019

must appear personally at the mediation unless the City agrees otherwise, in writing. You may request, for good cause, to appear at the mediation solely through your counsel, if your counsel is fully authorized to settle the claim on your behalf, in which event, you may appear and participate at mediation by telephone. Such request must be made to the City at _____

     PLEASE CAREFULLY READ ALL OF THE MEDIATION REQUIREMENTS SET FORTH IN THE ADR PROCEDURES TO MAKE SURE THAT YOU COMPLY WITH ALL OF THE REQUIREMENTS PRIOR TO THE MEDIATION AND AT THE TIME OF MEDIATION.

     If you have any questions relating to the Mediation, please contact _____.

     [Signature of the City's Authorized Person]