WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors and
Reorganized Debtors*

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:     (650) 636-9251

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' MOTION TO APPROVE ADR AND RELATED PROCEDURES FOR RESOLVING GENERAL CLAIMS**<br><br>Date:    September 22, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   **(Telephonic or Video Only)**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102<br><br>**Objection Deadline: September 15, 2020, 4:00 pm (PT)** |

PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"):

(a) approving the procedures, attached to the Proposed Order as **Exhibit A-1** (the "**General Claims Information Procedures**"), requiring General Claimants (as defined below) to submit to the Reorganized Debtors certain limited and targeted information necessary to allow the Reorganized Debtors to evaluate individual General Claims (as defined below) for potential resolution;

(b) approving the procedures, attached to the Proposed Order as **Exhibit A-2** (the "**General ADR Procedures**"), for the potential settlement of General Claims without the need for expensive and protracted litigation on the merits, including, without limitation, (i) procedures to allow the Reorganized Debtors and the General Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory, non-binding mediation of General Claims, including, without limitation, approving the form of Abbreviated Mediation Notice and Standard Mediation Notice (each as defined below); and

(c) providing, in order to advance the settlement objectives of this Motion, the related relief of:

    i. authority for the Reorganized Debtors to agree to modification of the Plan Injunction in connection with pending actions involving General Claims solely to permit the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors;

    ii. authority for the Reorganized Debtors and a holder of a General Claim to jointly agree to modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court; and

    iii. an extension of the deadline for the Reorganized Debtors to object to any Claim that has been made subject to any of the General Claims Procedures

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**").

until the later of (a) the general Claims objection deadline set by Plan § 7.1 (as it may be extended by the Court for cause shown), or (b) 60 days after the termination of the last General Claims Procedure employed; on the condition that there is no interim gap of more than 60 days between the termination of one and the commencement of another General Claims Procedure (collectively, the "**Related Relief**").[2]

In support of the Motion, the Reorganized Debtors submit the Declaration of Robb McWilliams (the "McWilliams Declaration"), filed concurrently herewith.

---

[2] References to "Exhibit [●]" or "Annex [●]" are references to the exhibits or annexes to the Proposed Order.

# **TABLE OF CONTENTS**

I.      Preliminary Statement ................................................................................................1

II.     Jurisdiction .................................................................................................................3

III.    Background .................................................................................................................3

IV.     Overview of the General Claims Procedures ............................................................4

        A.      The General Claims Information Procedures ................................................4

        B.      The General ADR Procedures .....................................................................5

                1.      The Offer Procedures .......................................................................6

                2.      The General Mediation Procedures ..................................................6

        C.      Related Relief...............................................................................................7

                1.      Limited Modification of the Plan Injunction. ..................................7

                2.      Leave to Modify Procedures in Furtherance of Negotiations. .....................8

                3.      Extension of Claim Objection Deadline. ..........................................8

V.      Basis for Relief Requested ........................................................................................9

        A.      The General Claims Procedures Are an Efficient Means for Resolving General
                Claims. ..........................................................................................................9

        B.      Preserving the Reorganized Debtors' Ability to Prioritize Claims in Their
                Discretion is Necessary to Achieve the Expeditious and Economic Resolution
                of General Claims. ........................................................................................9

        C.      The General Claim Information Procedures Are Narrowly Tailored and
                Appropriate. ................................................................................................10

        D.      The General ADR Procedures Are Appropriately Designed to Facilitate the
                Potential Settlement and Resolution of General Claims.............................11

        E.      The Related Relief Is Necessary to Advance the Objectives of this Motion.........13

VI.     Notice.......................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Heath v. Am. Expr. Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424 (B.A.P. 9th Cir. 2005).. 10

*In re Ames Department Stores, Inc.*, No. 01-42217 (REG) (Bankr. S.D.N.Y. Jun. 25, 2007) .......... 12

*In re Chong Sang Tak*, No. 2:18-AP-01217-ER (Bankr. C.D. Cal. Feb. 4, 2019) ........................... 12

*In re City of Detroit, Mich.*, No. 13-53846 (TJT) (Bankr. E.D. Mich. Dec. 24, 2013) ..................... 9

*In re City of Detroit, Mich.*, No. 13-53846 (SWR) (Bankr. E.D. Mich. Dec. 24, 2013) ................. 12

*In re City of San Bernardino*, No. 6:12-bk-28006 (MJ) (Bankr. C.D. Cal. Sept. 30, 2016).............. 12

*In re City of San Bernardino*, No. 6:12-bk-28006 (Bankr. C.D. Cal. July 29, 2016)................... 9, 10

*In re Clayton*, 168 B.R. 700, 705 (Bankr. N.D. Cal. 1994) ............................................... 12

*In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006)........................... 12

*In re Enron Corp., et al.*, No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 4, 2003) ........................ 12

*In re Lehman Bros. Holding Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. April 19, 2010) ......... 9, 12

*In re Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010).............. 10, 12

*In re Sasson*, 424 F.3d 864, 874 (9th Cir. 2005).......................................................... 9

*In re Tara Retail Grp., LLC*, 595 B.R. 215 (Bankr. N.D.W. Va. 2018) ................................... 10

*Moses H. Cone Hosp. v. Mercury Constr.*, 460 U.S. 1 (1983)) ........................................... 12

*Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439 (4th Cir. 1999)......................... 10

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) ......................................................... 12

**Statutes**

11 U.S.C. § 105.................................................................................. *passim*

28 U.S.C. §§ 157, 1334, 1408, 1409............................................................... 3

**Rules**

Bankr. L. R. 5011-1(a)........................................................................... 3

Bankr. L. R. 9040-2(a)........................................................................... 12

# I. PRELIMINARY STATEMENT

The Reorganized Debtors seek authority from the Court to implement a comprehensive set of procedures to facilitate the efficient resolution of Claims other than (i) Fire Victim Claims, (ii) Subrogation Wildfire Claims, and (iii) Subordinated Securities Claims[3] (all Claims not excluded in (i) through (iii) are collectively described herein as the "**General Claims**," and the holders of General Claims as the "**General Claimants**").

These procedures—which are based on protocols that have previously been adopted by Bankruptcy Courts in other large and complex chapter 11 cases—are designed to use traditional tools of the Bankruptcy Code and bankruptcy practice to resolve proofs of claim more quickly, efficiently, and cost-effectively than typical protracted and expensive litigation.

Accordingly, the Reorganized Debtors have proposed General Claims Procedures that will allow: (i) General Claimants to submit, by mail or via a secure online portal, information necessary to allow the Reorganized Debtors to evaluate their claims and develop settlement proposals for General Claimants; and (ii) the parties to exchange settlement offers or engage in standard or abbreviated forms of mediation to resolve General Claims. As discussed in further detail below, these procedures are designed to work together and, along with the procedures set forth in the Bankruptcy Court's *June 30, 2020 Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [Dkt. No. 8228] (the "**General Omnibus Procedures Order**"), to form a comprehensive and efficient pre-litigation approach to resolve General Claims.

More specifically, the General Claims Procedures consist of the following two elements, designed to enable the Reorganized Debtors and the holders of General Claims to resolve asserted claims without the need for expensive and protracted litigation:

1. **General Claims Information Procedures**. To provide the Reorganized Debtors with sufficient information to determine the appropriate path forward for General Claims under the General ADR Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that General Claimants be required to provide the Reorganized Debtors (1) a description of the general nature

---

[3] For purposes of this Motion, "Subordinated Securities Claims" shall mean Subordinated Debt Claims and HoldCo Rescission or Damage Claims (as such terms are defined the Plan).

of the General Claim (*e.g.*, contract, personal injury, cessation of service, etc.); (2) a statement of, and supporting documents indicating, the underlying basis for such General Claim; (3) a statement of the liquidated amount allegedly owing on such General Claim, including documentation as available; and (4) any additional information the General Claimant believes is necessary or appropriate to allow the Reorganized Debtors to evaluate the General Claim. To simplify this process, the Reorganized Debtors will both mail and make available on an online portal the templates for the General Claimants to complete.

2. **General ADR Procedures.** Recognizing that General Claims are held by different types of claimants with varying amounts of asserted and potential damages, from relatively *de minimis* amounts to hundreds of millions of dollars, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of General Claims without the need for expensive and protracted litigation on the merits, each of which is explain in further detail below:

(a) ***The Offer Procedures***. These procedures will allow the Reorganized Debtors and General Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

(b) ***The Abbreviated Mediation Process.*** These are procedures for abbreviated mandatory, non-binding mediation since formal mediation may not be appropriate for all General Claims, especially those with smaller asserted General Claim amounts; and

(c) ***The Standard Mediation Process.*** These are procedures for regular mandatory, non-binding mediation, principally for General Claimants that have asserted larger General Claims.

The Reorganized Debtors believe that resolving General Claims through settlement, where possible, is beneficial to both the Reorganized Debtors and General Claimants. However, the biggest challenge standing between the Reorganized Debtors and potential settlements with General Claimants is the lack of sufficient information necessary to mediate or negotiate with individual General Claimants or provide informed settlement offers. The General Claims Information Procedures are designed to address this threshold issue by providing an information-gathering protocol whereby General Claimants will be required to provide the Reorganized Debtors with information that will enable the Reorganized Debtors, where appropriate, to fashion settlement proposals.

Once the Reorganized Debtors have received and evaluated this information, they can make an informed decision as to how best to attempt to resolve these General Claims under the General ADR Procedures, without the need for contested litigation. This may involve a simple exchange of confidential settlement offers or participation in one (or both) of the two forms of mandatory, non-

binding mediation depending upon, among other factors, the size and complexity of the General Claim and the gap between offers and counteroffers in settlement exchanges prior to mediation. Like similar procedures used by Bankruptcy Courts to resolve claims in other large and complex bankruptcies, the General ADR Procedures are designed to facilitate prompt settlements with individual General Claimants as opposed to resolution of these General Claims on the merits.

## II. JURISDICTION

This Court has jurisdiction to consider these issues pursuant to 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. Prior to the Effective Date of the Plan, the Debtors continued to operate their businesses and manage their properties during the Chapter 11 Cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

On June 20, 2020, this Court entered the Order confirming the Plan [Dkt. No. 8053] (the "**Confirmation Order**"). The Plan became effective on July 1, 2020 [Dkt. No. 8252] (the "**Effective Date**"). Pursuant to Section 7.1 and 7.2 of the Plan, the Reorganized Debtors may object to Claims until the later of (i) one-hundred and eighty (180) days after the Effective Date (*i.e.*, December 28, 2020) and (ii) such later date as may be fixed by the Bankruptcy Court for cause shown. Plan § 7.1. The Plan further vests the Reorganized Debtors with the discretion and authority to compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims and to compromise, settle, or otherwise resolve Disputed Claims. Plan § 7.2.

As set forth in the McWilliams Declaration, as of the date of this Motion, the Reorganized Debtors have received in excess of 12,000 Proofs of Claim from over 8,000 General Claimants. McWilliams Decl. ¶ 4. As discussed further below, the Reorganized Debtors anticipate requiring substantial additional information to resolve these Proofs of Claim expeditiously.

On June 3, 2020, the Debtors filed the Omnibus Claims Objection Procedure Motion [Dkt. No. 7758]. On June 30, 2020, the Court entered the General Omnibus Procedures Order approving the Omnibus Claims Objection Procedures Motion [Dkt. No. 8228].

## IV. OVERVIEW OF THE GENERAL CLAIMS PROCEDURES[4]

The General Claims Procedures consist of two related sets of procedures that will (i) elicit sufficient information from General Claimants to provide the Reorganized Debtors with necessary information confidentially through the General Claims Information Procedures and expedite the consensual claims resolution process, and (ii) create opportunities to resolve General Claims prior to litigation on the merits, including allowing individual General Claimants the opportunity to realize prompt settlements on their General Claims through the General ADR Procedures.

### A. The General Claims Information Procedures

Critical to any successful ADR process is sufficient information for parties to assess potential liability and damages, which allows the parties to develop reasonable and informed settlement proposals. Many General Claimants have not provided such information to the Reorganized Debtors.

To address this, the General Claims Information Procedures allow the Reorganized Debtors to send out an Information Request Form, substantially in the form attached as Annex 1 to the Proposed Order (the "**Information Request Form**"), to General Claimants.[5] The Information

---

[4] The description of the General Claims Procedures contained herein is intended to be a summary for the convenience of the Court and parties in interest and is not intended to modify any of the General Claims Procedures set forth more fully in the Proposed Order. As such, the descriptions of the General Claims Procedures provided herein are qualified in all respects by the terms of the General Claims Procedures as set forth in the Proposed Order.

[5] Although the Reorganized Debtors anticipate that the Information Request Form will be substantially in the form as Annex 1, the Reorganized Debtors reserve the right to make non-substantive modifications to the Information Request Form, as necessary or appropriate, consistent with the terms of the General Claims Procedures approved by the Court.

Request Form will provide clear instructions and credentials for securely accessing, and submitting information through, an online portal. Each Information Request may seek information regarding the following: (1) a description of the general nature of the General Claim (*e.g.*, contract, personal injury, cessation of service, etc.); (2) a statement of, and supporting documents indicating, the underlying basis for such General Claim; (3) a statement of the liquidated amount allegedly owing on such General Claim, including documentation as available; and (4) any additional information the General Claimant believes is necessary or appropriate to enable the Reorganized Debtors to evaluate the General Claim. Importantly, the information sought is limited and targeted. The General Claims Information Procedures are, therefore, designed to pave the way towards consensual resolution of General Claims promptly and in a less expensive manner than if the parties were to immediately proceed to litigation on the merits.

General Claimants will have twenty-eight (28) days to return a completed Information Request Form either by mail or via the online portal (the "**Information Deadline**"). If there is no response before the Information Deadline, the Reorganized Debtors will send a reminder (the "**Information Reminder**") to the General Claimant, providing that individual or entity another fourteen (14) days to return a completed Information Request Form (the "**Reminder Deadline**"). The Reorganized Debtors will send the Information Reminder to the e-mail address listed on the Proof of Claim, but if no e-mail address is listed, the Reorganized Debtors will send the Information Reminder by mail. Any General Claim filed by a General Claimant who fails to timely return an Information Request Form by the Reminder Deadline in accordance with the Information Procedures shall be subject to an objection and may be disallowed in accordance with the General Omnibus Objection Procedures.

**B.      The General ADR Procedures**

Following the receipt and evaluation of information through the General Claims Information Procedures, the Reorganized Debtors will seek, where appropriate, to resolve General Claims

through the General ADR Procedures, which consist of: (i) the Offer Procedures, and (ii) the General Mediation Procedures.[6]

       1.   *The Offer Procedures*

The Offer Procedures allow the Reorganized Debtors and General Claimants to exchange settlement offers without the need for mediation or litigation on the merits. General Claimants who receive and accept an offer may immediately have their Claims allowed, and promptly thereafter receive payment of the settlement amount, without facing the need to hire counsel. General Claimants may also provide a counteroffer, which the Reorganized Debtors may either accept, reject, or counter in turn. This process will continue until the parties either reach an agreement or the Offer Procedures are terminated. Should the Offer Procedures terminate without settlement, the Reorganized Debtors may (i) submit the General Claim to nonbinding, mandatory mediation pursuant to the General Mediation Procedures, or (ii) seek to resolve the General Claim in the claims reconciliation and objection process before the Bankruptcy Court.

       2.   *The General Mediation Procedures*

The General Mediation Procedures provide a more comprehensive process for General Claims where the Offer Procedures have not been successful or where the magnitude of the claim asserted or complexity of the contentions may warrant a more formal process. Each General Claimant designated for the General Mediation Procedures will receive a notice informing the Claimant that they have been designated for either the Abbreviated Mediation Process or the Standard Mediation Process.[7]

---

[6] The Offer Procedures are set forth in full in section II of Exhibit A-2 to the Proposed Order. Each of the proposed General Mediation Procedures are set forth in full in section III of Exhibit A-2 to the Proposed Order.

[7] The form of the Abbreviated Mediation Notice is attached as **Annex 2** to the Proposed Order, and the form of the Standard Mediation Notice is attached as **Annex 3** to the Proposed Order. Although the Reorganized Debtors anticipate that the Abbreviated and Standard Mediation Notices will be substantially in those forms, the Reorganized Debtors reserve the right to make non-substantive modifications as necessary or appropriate, consistent with the terms of the General Claims Procedures approved by the Court.

The Abbreviated Mediation Process is designed to provide the parties the opportunity to mediate without the burden of preparing lengthy mediation submissions and marshalling evidence to support legal and factual arguments. Thus, it provides the parties with the opportunity to resolve their General Claims with the help of an experienced and independent Court-approved mediator (paid for by the Reorganized Debtors) without the expense of a typical standard mediation, including the hiring of counsel. The Standard Mediation Process, in contrast, will provide a more formal process, typically for larger asserted General Claims.

In both processes, the Reorganized Debtors will pay the mediator's fees and expenses, and the parties will bear their own costs of participation. In determining whether to refer a particular General Claimant to the Abbreviated or Standard Mediation Process, the Reorganized Debtors may consider, among other factors, the asserted amount or the potential amount of the General Claim and whether the General Claimant is an individual or an entity.

**C.      Related Relief**

In further support of the General ADR Procedures, the Reorganized Debtors seek the following Related Relief.

*1.   Limited Modification of the Plan Injunction.*

The Reorganized Debtors request that they be authorized by the Order on this Motion to agree to modify the Plan Injunction without need for further order of this Court, solely to permit the parties to stayed actions on General Claim pending in non-bankruptcy forums to engaged in settlement-related activities and proceedings, including participation in mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors. For the avoidance of doubt, the relief requested herein does not include modification of the Plan Injunction to permit (a) discovery in support of motions for good faith settlement or otherwise or (b) the service of offers of entry of judgment pursuant to California Code of Civil Procedure section 998.

2.    *Leave to Modify Procedures in Furtherance of Negotiations.*

Notwithstanding the Reorganized Debtors' hope and expectation that the General ADR Procedures will provide a useful and efficient framework to address and resolve General Claims, it is likely that the parties will want or need adjustments and modifications to the General ADR Procedures in individual instances in order to advance the information sharing and settlement objectives of this Motion.  In order to avoid unnecessary motion practice before this Court, the Reorganized Debtors request that they and a holder of a General Claim may jointly agree to modify the General ADR Procedures to accommodate their circumstances without the need for a further order of this Court, which modifications shall be binding on the parties as if ordered by the Court.

3.    *Extension of Claim Objection Deadline.*

The Plan provides that the Reorganized Debtors may object to Claims within 180 days after the Plan's Effective Date, or by such later date as the Court sets for cause shown.  To date, the Reorganized Debtors have not sought a later date for bringing objections to Claims generally, and they may elect to do so.  To afford sufficient time to accommodate, and to realize the benefits of, the General Claims Procedures, the Reorganized Debtors also seek by the Motion an extension of the deadline for objections to those Claims that they choose to make subject to the General Claims Procedures.  Specifically, the Reorganized Debtors request that the Court extend the deadline for objecting to any Claim that has been made subject to any of the General Claims Procedures until the later of (a) the general Claims objection deadline set by Plan § 7.1 (as it may be extended by the Court for cause shown), or (b) 60 days after the termination of the last General Claims Procedure employed, recognizing that the procedures may, and likely will, be employed sequentially; on the condition that there is no interim gap of more than 60 days between the termination of one and the commencement of another General Claims Procedure.  The Reorganized Debtors submit that the efficiency and economy to be provided by the General Claims Procedures to the parties and to the Court constitute good cause for this requested Claim-by-Claim extension of the objection deadline.

1    **V.    BASIS FOR RELIEF REQUESTED**

2             This Court has the authority to implement the General Claims Procedures pursuant to section

3    105 of the Bankruptcy Code because these procedures are "necessary or appropriate" to ensure that

4    these Chapter 11 Cases are "handled expeditiously and economically."  *See* 11 U.S.C. § 105(a),

5    (d)(2); *see, e.g.*, *In re Lehman Bros. Holding Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. April

6    19, 2010) [Dkt. No. 8474] (implementing ADR procedures involving mandatory, non-binding

7    mediation, pursuant to section 105 of the Bankruptcy Code); *see also In re Sasson*, 424 F.3d 864,

8    874 (9th Cir. 2005) ("[T]he bankruptcy court may use its inherent equitable power to fashion relief,

9    so long as the remedy is consistent with the objectives of the Bankruptcy Code.") (citation omitted).

10            **A.    The General Claims Procedures are an Efficient Means for Resolving General
11                    Claims.**

12            Through the General Claims Procedures, the Reorganized Debtors are proposing

13    comprehensive procedures that will promote confidential and consensual resolutions between the

14    Reorganized Debtors and individual General Claimants without the need to engage in protracted and

15    expensive litigation on the merits of the General Claims.  The General Claims Procedures allow for

16    individualized resolution of General Claims using traditional bankruptcy procedures, which courts

17    have recognized provide significant advantages over expensive and lengthy litigation.

18            **B.    Preserving the Reorganized Debtors' Ability to Prioritize Claims in Their
19                    Discretion is Necessary to Achieve the Expeditious and Economic Resolution of
                        General Claims.**

20            Courts in similar cases frequently approve ADR procedures that provide debtors the

21    discretion to determine how and in what order to resolve claims.  *See, e.g.*, ADR Resolution

22    Procedures, *In re City of San Bernardino*, No. 6:12-bk-28006 (Bankr. C.D. Cal. July 29, 2016) [Dkt.

23    No. 1882-4] ("Given the large number of Disputed Claims, the City shall have the discretion to

24    prioritize the initiation of the mediations."); Order Approving ADR Procedures, *In re City of Detroit,*

25    *Mich.*, No. 13-53846 (TJT) (Bankr. E.D. Mich. Dec. 24, 2013) [Dkt. No. 2302] (approving ADR

26    procedures that allowed the City "to prioritize the initiation of Case Evaluation proceedings" in light

27    of "the large number of actual and potential prepetition litigation claims asserted . . . against the

28    City").

Moreover, reserving these decisions to the discretion of the Reorganized Debtors "maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process." *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 442 (4th Cir. 1999). Were it otherwise, there would be a "rush to judgment whose organizing principle could only be first-come-first-served." *See id.* (quoting *American Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1274 (5th Cir.1983)); *see also In re Tara Retail Grp., LLC*, 595 B.R. 215, 224 (Bankr. N.D.W. Va. 2018) ("To avoid hijacking a [right] that belongs to a bankruptcy estate, the general rule is that a creditor may assert rights that are personal to the creditor but not matters that are generalized for the bankruptcy estate.") (citing cases).

Here, the General Claims are large in number and diverse in complexity, and the Reorganized Debtors should be afforded the typical flexibility to address each General Claim at the appropriate time and in the most appropriate manner based on the characteristics of each claim and claimant.

### C. The General Claim Information Procedures Are Narrowly Tailored and Appropriate.

Implementing the General Claims Information Procedures is an appropriate exercise of this Court's discretion under section 105 of the Bankruptcy Code. As discussed above, the General Claims Information Procedures are a simple information-gathering protocol through which General Claimants will provide, through an efficiently-designed Information Request, relevant information in a standardized manner. Such procedures are frequently approved by Bankruptcy Courts as part of claims resolution procedures. *See, e.g.*, *In re Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) [Dkt. No. 5037], Ex. A § II.A.5(c) (approving ADR procedures that provided for limited discovery); *In re City of San Bernardino*, No. 6:12-bk-28006 (Bankr. C.D. Cal. July 29, 2016) [Dkt. No. 1882-4] § II.A.4(d) (same).

Likewise, the General Claims Information Procedures are appropriate because, as this Court has recognized, the majority of courts "agree . . . that creditors have an obligation to respond to formal or informal requests for information." *See Heath v. Am. Expr. Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 436 (B.A.P. 9th Cir. 2005) (Montali, J.). The General Claims Information Procedures are particularly appropriate in these circumstances, where more complete information is

necessary to assess merits of the General Claim and the potential damage amount that each General Claimant would be asserting.

As of the date of this Motion, the Reorganized Debtors have received in excess of 12,000 Proofs of Claim from over 8,000 General Claimants. McWilliams Decl. ¶ 4. These General Claims include numerous informational gaps. For example, there are approximately 900 filed Proofs of Claim that assert claims or amounts that the Reorganized Debtors have been unable, based on the ongoing claims review and reconciliation effort, to locate in their books and records. *See id.* The Debtors have also identified over 2,000 Proofs of Claim for which absolutely no documentation or information beyond the General Claimant's name and address was provided. *See id.* The Debtors have informally solicited additional information from over 90% of these General Claimants, but the vast majority of them have not provided further information. *See id.* Over 3,500 General Claims have been resolved to date, largely through the procedures set forth in the Bankruptcy Court's July 30, 2020 *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [Dkt. No. 8228]. *See id.*

Without more complete information, the Reorganized Debtors cannot reasonably develop settlement offers for many General Claimants. To properly resolve General Claims in an efficient and cost-effective manner, General Claimants should be required to provide information necessary to allow the Reorganized Debtors to evaluate their liability exposure and the amount of potential damages for each individual General Claimant.

Accordingly, the General Claims Information Procedures are both necessary and appropriate to ensure the expeditious and economic resolution of General Claims.

### D. The General ADR Procedures Are Appropriately Designed to Facilitate the Potential Settlement and Resolution of General Claims.

The General ADR Procedures are appropriately designed to resolve individual General Claims expeditiously without first expending significant amounts on litigating the merits of the claims. Alternative methods of dispute resolution, such as those embodied in the General ADR Procedures, facilitate the expeditious and economic handling of chapter 11 cases because, as noted in the Local Bankruptcy Rules governing this District's Bankruptcy Dispute Resolution Program,

"[a] Court authorized dispute resolution program . . . offers an opportunity to parties to settle legal disputes promptly and less expensively, to their mutual satisfaction."  *See* Bankr. L. R. 9040-2(a).

Courts have recognized that "[m]ediation is a crucial component of the adjudicative process" that furthers "[t]he public's interest in expeditious resolution of litigation."  *See In re Chong Sang Tak*, No. 2:18-AP-01217-ER, 2019 WL 451225, at *2 (Bankr. C.D. Cal. Feb. 4, 2019); *see also In re Clayton*, 168 B.R. 700, 705 (Bankr. N.D. Cal. 1994) (noting "the strong national policy interest in favor of alternative dispute resolution") (citing *Southland Corp. v. Keating*, 465 U.S. 1 (1984), and *Moses H. Cone Hosp. v. Mercury Constr.*, 460 U.S. 1, 23–25 (1983)).  Indeed, this Court has already recognized the benefits of alternative dispute resolution procedures by ordering mediation in these Chapter 11 Cases.  *See Order Appointing Mediator* [Dkt. No. 4488] (Oct. 28, 2019); *Order for Further Mediation* [Dkt. No. 5810] (Feb. 18, 2020).

For these reasons, among others, courts in this and other Circuits have implemented similar alternative dispute resolution procedures in complex bankruptcy cases pursuant to section 105 of the Bankruptcy Code.  *See, e.g.*, *In re City of San Bernardino, Calif.*, No. 6:12-bk-28006 (MJ) (Bankr. C.D. Cal. Sept. 30, 2016) [Dkt. No. 164] (directing "[a]ll holders of claims against the City or the Indemnified Parties . . . to participate in the ADR Procedures prior to pursuing allowance of their claims in this Court or liquidation of their claims in any other court"); *see also In re City of Detroit, Mich.*, No. 13-53846 (SWR) (Bankr. E.D. Mich. Dec. 24, 2013) [Dkt. No. 2302] (approving alternative dispute resolution procedures to promote the liquidation of certain prepetition claims); *In re Lehman Bros. Holding Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. April 19, 2010) [Dkt. No. 8474] (implementing ADR procedures, which included mandatory, non-binding mediation); *Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) [Dkt. No. 5037] (implementing mandatory, non-binding mediation procedures for designated claims); *In re Delphi Corp.*, No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) [Dkt. No. 6089] (implementing mandatory, nonbinding mediation procedures for all unresolved claims); *In re Enron Corp., et al.*, No. 01-16034 (AJG) (Bankr. S.D.N.Y. Mar. 4, 2003) [Dkt. No. 9533] and (Bankr. S.D.N.Y. Mar. 20, 2003) [Dkt. No. 9862] (ordering mediation procedures with respect to twenty-four adversary proceedings regarding certain trading disputes); *In re Ames Department Stores, Inc.*, No. 01-42217

(REG) (Bankr. S.D.N.Y. Jun. 25, 2007) [Dkt. No. 3195] (ordering mandatory mediation procedures with respect to over 900 adversary proceedings that the debtors commenced against various preference defendants).

As was the case in these other complex chapter 11 cases, approval of the General ADR Procedures here will promote expeditious resolution of General Claims without the Reorganized Debtors and General Claimants expending significant amounts on litigating the merits of the claims and, accordingly, they should be approved.

### E. The Related Relief Is Necessary to Advance the Objectives of this Motion.

The three forms of Related Relief that the Reorganized Debtors have requested are modest and pragmatic measures that are necessary to advance the objectives of this Motion.

*First*, the Reorganized Debtors request authority to modify the Plan Injunction, based on the Reorganized Debtors' agreement to do so, in connection with pending actions involving General Claims. The pre-authorized Plan Injunction modifications would be limited to permitting the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors. *Second*, the Reorganized Debtors request authority to jointly agree with the holder of a General Claim to modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court. *Third*, to afford the Reorganized Debtors sufficient time to accommodate, and to realize the benefits of, the General Claims Procedures, the Reorganized Debtors request that the Court extend the deadline for objecting to any Claim that has been made subject to any of the General Claims Procedures until the later of (a) the general Claims objection deadline set by Plan § 7.1 (as it may be extended by the Court for cause shown), or (b) 60 days after the termination of the last General Claims Procedure; on the condition that there is no interim gap of more than 60 days between the termination of one and the commencement of another General Claims Procedure.

These three limited measures will advance the settlement objectives of this Motion by providing the Reorganized Debtor and General Claimants the necessary flexibility to pursue settlement-related activities and, ultimately, claim resolution based on the individual circumstances of each General Claim, with sufficient time to engage in those activities in good faith and without in each instance burdening this Court with requests for approval of those activities. Because the Related Relief will, like the General Claims Information Procedures and General ADR Procedures, promote expeditious resolution of General Claims without the Reorganized Debtors and General Claimants expending undue resources, they should be approved.

## VI. NOTICE

Notice of this Motion will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of the Proposed Order granting (i) the relief requested herein, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: September 1, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: _____*/s/ Tobias S. Keller*_____

*Attorneys for the Debtors and Reorganized Debtors*