1   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
2   (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
3   (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
4   (jkim@kbkllp.com)
5   650 California Street, Suite 1900
    San Francisco, CA 94108
6   Tel: 415 496 6723
    Fax: 650 636 9251
7
    *Attorneys for Debtors and Reorganized Debtors*
8
                    **UNITED STATES BANKRUPTCY COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**
10

11                                              | Bankruptcy Case No. 19-30088 (DM)

12  **In re:**                                   Chapter 11

13  **PG&E CORPORATION,**                        (Lead Case) (Jointly Administered)

14        **- and -**                            **DECLARATION OF ROBB MCWILLIAMS
                                                 IN SUPPORT OF REORGANIZED
15  **PACIFIC GAS AND ELECTRIC                   DEBTORS' SIXTH AND SEVENTH
    COMPANY,**                                   OMNIBUS OBJECTIONS TO CLAIMS
16                                               (SATISFIED CLAIMS)**
                    **Debtors.**
17                                               **Response Deadline:
    ☐ Affects PG&E Corporation                   September 29, 2020, 4:00 p.m. (PT)**
18  ☐ Affects Pacific Gas and Electric Company
    ☒ Affects both Debtors                       **Hearing Information If Timely Response Made:**
19                                               Date:  October 13, 2020
    *\* All papers shall be filed in the Lead Case, No.*   Time:  10:00 a.m. (Pacific Time)
20  *19-30088 (DM).*                             Place: (Telephonic Appearances Only)
                                                        United States Bankruptcy Court
21                                                      Courtroom 17, 16th Floor
                                                        San Francisco, CA 94102
22

23

24

25

26

27

28

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provided interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors,**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Sixth Omnibus Objection to Claims (Satisfied Claims)* and the *Reorganized Debtors' Seventh Omnibus Objection to Claims (Satisfied Claims)* (together, the "**Omnibus Objections**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objections.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim that have been fully paid—and thus completely satisfied—over the course of these Chapter 11 Cases. The Omnibus Objections are directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to each of the Omnibus Objections, in the column headed "Claims To Be Disallowed And Expunged," and referred to in the Omnibus Objections as "Satisfied Claims." **Exhibit 1** to each Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

5. Each **Exhibit 1** also identifies in the "Basis for Objection" that the Satisfied Claims are classified as one of the following:

    a. "Beneficial Bondholder Claims," which means that the Satisfied Claims were asserted by individual bondholders and are redundant of claims held by (a) BOKF, NA, in its capacity as successor indenture trustee under the Indentures dated as of (i) April 22, 2005 Supplementing, Amending and Restating the Indenture of Mortgage Dated March 11, 2004 (ii) November 29, 2017 and (iii) August 6, 2018, each as supplemented or amended and (b) Deutsche Bank National Trust Company, in its capacity as Indenture Trustee under the Indentures dated as of (i) September 1, 2008 and (ii) April 1, 2010. Not only are these Satisfied Claims essentially

duplicative of each respective indenture trustee's claims, they also have been satisfied pursuant to the Plan.

b. "Cure Payments," referring to Claims paid in their entirety as a cure as part of the assumption of an executory contract pursuant to the Plan.

c. "Tax Claims," meaning claims relating to property and other taxes that have been paid by the Debtors and Reorganized Debtors either pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a), and 541 and Fed. R. Bankr. P. 6003 and 6004 Authorizing Debtors to Pay Prepetition Taxes and Assessments and Granting Related Relief* [Docket No. 698] or in the ordinary course of business and thus are fully satisfied. Each Claimant retains its non-bankruptcy remedies with respect to post-petition tax claims.

d. "MLX Claims" or "Engineering Advances Claims" based on prepetition refund obligations asserted under one of the following of the Debtors' customer programs: (1) the mainline extension and interconnection programs (the "**MLX Programs**") or (2) engineering advances when Customers apply for new line extension or relocation projects, which are applied to the cost of the project (the "**Engineering Advance**s"). Refunds pursuant to the MLX Programs and Engineering Advances were either paid by the Debtors pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfer* [Docket No. 843] (the "**Customer Programs Order**") or are authorized to be paid in the ordinary course going forward pursuant to the Customer Programs Order. Each Claimant retains its non-bankruptcy remedies with respect to post-petition claims under the MLX Programs or Engineering Advances.

e. "Other Satisfied," referring to claims that have otherwise been satisfied during the

pendency of these Chapter 11 Cases, in most cases by payments pursuant to an order granting one of the Debtors' first day motions.

6.      Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel, each of the Satisfied Claims identified on each **Exhibit 1** has been satisfied over the course of the Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this third day of September, 2020, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams