KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>September 29, 2020, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: October 13, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this ninth omnibus objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the

*Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.      RELIEF REQUESTED**

The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**")

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

seeking entry of an order disallowing Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Liability Claims**"). The No Liability Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Disallowed and Expunged." Exhibit 1 also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as one of the following:

(1) "Equity Interest Claims," which means that they were based purely upon the Claimant's holding of the Debtors' common stock, which interests remain outstanding subject to dilution in accordance with the Plan, and are not otherwise entitled to a distribution or right to payment under the Plan.

(2) "Protective Claims," which means that they assert protective, unliquidated claims arising post-petition pursuant to an assumed executory agreement.[2] The Reorganized Debtors have no current liability for these kind of contingent future claims because (a) the Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed and (b) the Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-assumption failure of the Reorganized Debtors to perform or honor their obligations under such agreements.

IV. ARGUMENT

A. The No Liability Claims Should be Disallowed

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the No Liability Claims identified on **Exhibit 1** and have determined that they do not state a basis for a current right to payment, either because they are based solely on the ownership of the Debtors' stock or because they are purely protective and based upon potential future breach by the Reorganized Debtors. As to the former, ownership of does not in and of itself provide a holder with a "right to

---

[2] Section 8.1(a) of the Plan, which deemed all executory contracts and unexpired leases of the Reorganized Debtors assumed as of, and subject to, the occurrence of the Effective Date and the payment of any applicable Cure Amount (as defined therein).

payment" and as such does not constitute a "claim" under the Bankruptcy Code. 11 U.S.C. § 101(5); *see also In re Hedged Investments Associates*, 84 F.3d 1267, 1272 (10th Cir. 1996) (an equity interest is not a claim against the debtor"); *In re Pine Lake Vill. Apartment Co.*, 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (an equity interest is not a claim against the debtor and the equity holder is only entitled to a proof of interest). As to the latter, the very fact of contract assumption forming the basis of the Protective Claims indicates no current right to payment: the plain language of the Bankruptcy Code provides that a contract may not be assumed until prepetition defaults under it are cured. 11 U.S.C. § 365(b)(1)(A). And, as discussed above, each Claimant retains its non-bankruptcy remedies with respect to post-petition claims.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the No Liability Claims.

**B.     The Claimants Bear the Burden of Proof**

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039

---

[3] Under Section 7.1 of the Plan, the Reorganized Debtors have until 180 days after the Plan's Effective Date to bring objections to claims, which deadline may be extended by the Court.

(9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the No Liability Claims do not represent a current right to payment and therefore should be disallowed in their entirety. If any Claimant believes that a No Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

| | | |
|---|---|---|
| 1 | Dated: September 3, 2020 | **KELLER BENVENUTTI KIM LLP** |
| 2 | | By: /s/ *Peter J. Benvenutti* |
| 3 | | Peter J. Benvenutti |
| 4 | | *Attorneys for Debtors and Reorganized Debtors* |