CHRISTOPHER W. WOOD, SBN 193955
LARRY Q. PHAN, SBN 284561
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone: (916) 641-2288
Facsimile: (916) 244-0989

Attorneys for the Creditors, Ravin Skondin.

THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

-and-

In re:

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

\* All papers shall be filed in the lead case, No. 19-30088(DM)

Case Nos. 19-30088 (DM)

Chapter 11

**STIPULATION RESOLVING THE REORGANIZED DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS) RE: PROOFS OF CLAIM OF RAVIN SKONDIN**

RELATED DOCKET NOS.: 8753

This stipulation ("Stipulation") is entered into by and amongst (i) PG&E Corporation ("HoldCo") and Pacific Gas and Electric Company ("Utility"), as debtors and debtors in

possession (collectively the Debtors or the "Reorganized Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and creditor Ravin Skondin ("Ms. Skondin"), an individual. The Reorganized Debtors and Ms. Skondin shall hereinafter collectively be referred to as the "Parties." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On October 25, 2018, Ms. Skondin, by and through Dreyer Babich Buccola Wood Campora ("Dreyer Babich"), filed a "Complaint for Damages" against the Reorganized Debtors in the Superior Court of the State of California, in and for the County of San Francisco ("Superior Court"), which was assigned case number CGC-18-570858 (the "Skondin State Court Action").

B. On January 29, 2019, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), initiating the Chapter 11 Cases which are pending before the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "Bankruptcy Court").

C. Since the commencement of the Chapter 11 Cases, the Skondin State Court Action had been stayed against the Debtors pursuant to the automatic stay under section 362 of the Bankruptcy Code (the "Automatic Stay").

D. On September 25, 2019, Ms. Skondin timely filed Proofs of Claim against the Debtors in these Chapter 11 Cases, based on the claims asserted in the Skondin State Court Action: (1) Proof of Claim No. 9825 against HoldCo (the "Skondin HoldCo Proof of Claim") and (2) Proof of Claim No. 9819 against the Utility (the "Skondin Utility Proof of Claim").

E. On October 7, 2019, Ms. Skondin filed Proof of Claim No. 17172 against HoldCo, which amended Proof of Claim No. 9825 (the "Skondin Amended HoldCo Proof of Claim"), and Proof of Claim No. 17143 against the Utility, which amended Proof of Claim No. 9819 (the "Skondin Amended Utility Proof of Claim").

F. On March 16, 2020, the Debtors filed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, dated March 16, 2020 [Dkt, No. 6320] (as it may be

amended, modified or supplemented from time to time, and together with any exhibits or schedules thereto, the "Plan").

G. On May 15, 2020, Ms. Skondin filed a timely Objection to confirmation of the Plan [Dkt. No. 7295] (the "Objection"). Ms. Skondin also filed joinders in objections to Plan confirmation filed by other creditors and interested parties [Dkt. No. 7337] (the "Joinder to Objections to Plan")

H. On June 3, 2020, Ms. Skondin filed a Motion for Relief from the Automatic Stay to Permit the Courts of the State of California to Conduct a Jury Trial and Related Pretrial and Post Trial Matters in Connection with Creditor, Ravin Skondin's Complaint for Damages, or in Alternative, for Abstention [Dkt. No. 7764] (the "Skondin Stay Relief Motion"), along with supporting documents [Dkt Nos. 7765, 7767, 7768, and 7769].

I. On June 17, 2020, Ms. Skondin, along with Daniel Franklin ("Mr. Franklin"), entered into a Stipulation Resolving Objections to Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization, Dated March 16, 2020, Filed by Ravin Skondin and Daniel Franklin and For Relief from the Automatic Stay with the Debtors resolving the Objection, Joinder to Objections to Plan, and Mr. Franklin's objections to the Plan [Dkt No. 7986] (the "Stipulation Re Objections").

J. Pursuant to the Stipulation Re Objections, the operative Proof of Claim against the HoldCo is the Skondin Amended HoldCo Proof of Claim, Proof of Claim number 17172.

K. Further, pursuant to the Stipulation Re Objections, the operative Proof of Claim against the Utility is the Skondin Amended Utility Proof of Claim, Proof of Claim number 17143.

L. On June 17, 2020, the Bankruptcy Court entered on the docket of the Bankruptcy Case an Order approving the Stipulation Re Objections [Dkt. No. 8009] (the "Order Approving Stipulation Re Objections").

M. On June 20, 2020, the Bankruptcy Court entered an order confirming the Plan [Dkt. No. 8053].

N. On August 13, 2020, the Reorganized Debtors filed the Reorganized Debtors' Third Omnibus Objection to Claims (Duplicate Claims) [Dkt. No. 8753] (the "Omnibus Objection to Claims").

O. Within Exhibit 1 to the Omnibus Objection to Claims, the Reorganized Debtors list the Proofs of Claim that will be disallowed and expunged and also state the corresponding surviving Proof of Claim number.

P. Within Exhibit 1 to the Omnibus Objection to Claims, it is reflected that:

    a. The Skondin Utility Proof of Claim, Proof of Claim number 9819, will be disallowed and expunged, and it will be replaced and survived by the Skondin Amended Utility Proof of Claim, Proof of Claim number 17143; and

    b. The Skondin HoldCo Proof of Claim, Proof of Claim number 9825, will be disallowed and expunged, and it will be replaced and survived by Proof of Claim number 17143, which is the Skondin Amended Utility Proof of Claim,

this is inconsistent with the Stipulation Re Objections and the Order Approving Stipulation Re Objections.

Q. Counsel for the Reorganized Debtors and counsel for Ms. Skondin conferred on August 25, 2020, regarding the Omnibus Objection to Claims, and have agreed to resolve the issue to the Omnibus Objection to Claims, as set forth herein.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED COUNSEL, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an Order by this Court approving it (the "Stipulation Effective Date"), and resolves disputes related to the Omnibus Objection to Claims with regards to Ms. Skondin's proofs of claim; and

2. The Skondin HoldCo Proof of Claim, Proof of Claim number 9825, shall be disallowed and expunged; and

3. The Skondin Amended HoldCo Proof of Claim, Proof of Claim number 17172, shall be deemed the operative and the surviving Proof of Claim with respect to claims asserted by Ms. Skondin against HoldCo; and

4. The Skondin Utility Proof of Claim, Proof of Claim number 9819, shall be disallowed and expunged; and

5. The Skondin Amended Utility Proof of Claim, Proof of Claim number 17143, shall be deemed the operative and the surviving Proof of Claim with respect to claims asserted by Ms. Skondin against the Utility; and

6. Nothing herein is intended, nor shall it be construed, to be a waiver by any of the Parties of any claims, defenses, objections, or arguments in or with respect to the Skondin State Court Action or (except as expressly stated herein) the Skondin Amended Utility Proof of Claim or the Skondin Amended HoldCo Proof of Claim; and all such claims, defenses, objections, and arguments are preserved; and

7. Nothing herein is intended nor shall it be construed to modify the Stipulation Re Objections [Dkt. No. 7986] or the Order Approving Stipulation Re Objections [Dkt. No. 8009], which shall remain in full force and effect; and

8. The Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine any and all disputes or controversies arising from or related to the implementation, interpretation, or enforcement of this Stipulation or the Order approving this Stipulation; and

9. The Parties shall each bear their own attorneys' fees and costs in connection with the Omnibus Objection to Claims and this Stipulation; and

///
///
///
///
///
///
///

10. Each attorney whose signature appears below represents and warrants that he or she is authorized to enter into the instant Stipulation on behalf of his or her respective client; and

11. Lodged concurrently herewith is a proposed Order. It is respectfully requested that the Court enter said proposed Order approving the instant Stipulation.

Dated: September 10, 2020

Respectfully submitted,
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: _____
Larry Q. Phan, Attorneys for Ravin Skondin.

**PINO & ASSOCIATES**

By: _____
Estela O. Pino, Attorneys for Ravin Skondin.

Dated: September 10, 2020

**KELLER BENVENUTTI KIM LLP**

By: _____
Peter J. Benvenutti, Attorneys for Reorganized Debtors.