KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF ELEVENTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**<br><br>**Response Deadline:**<br>**October 14, 2020, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:   October 28, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provided interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Eleventh Omnibus Objection to Claims (Amended and Superseded Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records  AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

5. The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as "Amended and Superseded Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

6. The Amended and Superseded Claims have been identified as duplicates of other claims that are not being objected to—the Surviving Claims, identified as such in the column bearing the heading "Surviving Claims" on **Exhibit 1**. The duplication arises because the Amended and Superseded Claim was superseded by a subsequently filed Proof of Claim that expresses that intention either on the face of, or in the attachments to, the later-filed Proof of Claim (*e.g.*, the Surviving Claim).

7. The Omnibus Objection does not affect any of the Surviving Claims. There is a single Surviving Claim for each underlying claim asserted against the Debtors by an Amended and Superseded

Claim that is the subject of the Omnibus Objection.² If the Omnibus Objection is sustained and the Amended and Superseded Claims are disallowed, the Surviving Claims will remain as active claims on the claims register.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this seventeenth day of September, 2020, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams

---

² In some instances the same Surviving Claim appears in multiple entries in the "Surviving Claims" column on **Exhibit 1**. The multiple entries mean that there were multiple Amended and Superseded Claims filed with respect to the same underlying obligation, and the identified Surviving Claim listed in multiple entries is the sole remaining Proof of Claim for all of the corresponding Amended and Superseded Claims listed in the "Claims To Be Disallowed and Expunged" column.