KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)**<br><br>**Response Deadline:**<br>**October 14, 2020, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: October 28, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this fourteenth omnibus objection (the "**Objection**") to the claims identified in the column headed "Claims To Be Reduced or Disallowed" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

On February 12, 2019, the United States Trustee (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Creditors Committee**"). On February 15, 2019, the U.S. Trustee appointed an Official Committee of Tort Claimants (the "**Tort Claimants Committee**" and, together with the Creditors Committee, the "**Committees**").

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.    RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for*

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

*Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order allowing in reduced amounts the claims identified herein that the Reorganized Debtors have determined demand higher amounts than are reflected in the Reorganized Debtors' books and records (the "**Books and Records Claims**"). The Books and Records Claims are identified on **Exhibit 1**, in the row titled "Creditor," and the amount that corresponds to the Reorganized Debtors' books and records is listed in the row titled "Reduced Amount." The Reorganized Debtors request that the Books and Records Claims be allowed in the amount listed in the "Reduced Amount" row, or, if that amount is zero, disallowed.

IV.     **ARGUMENT**

    A.     **The Books and Records Claims Should be Allowed in the Reduced Amount or Disallowed**

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he amount claimed contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the Claimant, deny liability in excess of the amount reflected in the Debtors' books and records." Omnibus Objections Procedures Order, ¶2(C)(i). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. Each of the Books and Records Claims identified on **Exhibit 1** lists an amount that contradicts the Reorganized Debtors' books and records. The Reorganized Debtors have determined that the Books and Records Claims assert liabilities in excess of the amounts for which the Reorganized Debtors are liable as reflected in their books and records, and as stated in the Reduced Amounts column on **Exhibit 1**. In some cases, parts of the excess amounts asserted in the Books and Records Claims were satisfied by, among other things, payments made during the Chapter 11 Cases pursuant to Court orders or as cure payments made in connection with the Reorganized Debtors' assumption of executory contracts. In other cases, since the Debtors filed their schedules in March 2019, they have issued a number of payments pursuant to Court orders and as cure payments, and have conducted reconciliation of all prepetition liabilities in the ordinary course. Accordingly, Books and Records Claims based on the

schedules reflect a higher amount than that for which the Reorganized Debtors currently are liable based on their books and records.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Books and Records Claims. The Reorganized Debtors request that the Court allow the Books and Records Claims in the reduced amounts listed on **Exhibit 1** or, if that amount is zero, disallowed.

### B.     The Claimants Bear the Burden of Proof

A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors are not liable on any of the Books and Records Claims beyond the "Reduced Amount" listed on **Exhibit 1**—which, in some cases, is zero—and they deny any liability in excess of the Reduced Amount. On that basis, the Reorganized Debtors submit that the Books and Records Claims should be allowed in their respective Reduced Amounts and disallowed

---

[2] Under Section 7.1 of the Plan, the Reorganized Debtors have until 180 days after the Plan's Effective Date to bring objections to claims, which deadline may be extended by the Court.

as to any and all amounts in excess thereof (or, disallowed in their entirety if the Reduced Amount is zero). If any Claimant believes that it is owed more than the Reduced Amount, it must present affirmative evidence to establish its entitlement to such excess amount.

## V. RESERVATION OF RIGHTS

Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the Books and Records Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Books and Records Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: September 17, 2020

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors and Reorganized Debtors*