**EXHIBIT A**

**(Amended Proposed Order)**

WEIL, GOTSHAL & MANGES LLP
~~Stephen Karotkin (*pro hac vice*)~~
~~(stephen.karotkin@weil.com)~~
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and*
*Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and -**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                         **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No.*<br>*19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**[PROPOSED] ORDER APPROVING ADR AND RELATED PROCEDURES FOR RESOLVING GENERAL CLAIMS**<br><br>[Refers to Dkt. No. <span style="color:purple">8970</span>~~————~~]<br><br>Date:    September 22, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  **(Telephonic or Video Only)**<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

Upon the motion, dated September 1, 2020 (the "**Motion**"),[1] [Dkt. No. 8970———] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or, as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order:

    (a)    approving the procedures, attached hereto as **Exhibit A-1** (the "**General Claims Information Procedures**"), requiring General Claimants to submit to the Reorganized Debtors certain limited and targeted information necessary to allow the Reorganized Debtors to evaluate individual General Claims for potential resolution, including without limitation, approving the form of Information Request Form;

    (b)    approving the procedures, attached hereto as **Exhibit A-2** (the "**General ADR Procedures**"), for the potential settlement of General Claims, including, without limitation, (i) procedures to allow the Reorganized Debtors and General Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory non-binding mediation of General Claims, including, without limitation, approving the form of Abbreviated Mediation Notice and Standard Mediation Notice; and

    (c)    providing:

        i.    authority for the Reorganized Debtors to agree to modification of the Plan Injunction in connection with pending actions involving General Claims solely to permit the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors;

        ii.    authority for the Reorganized Debtors and a holder of a General Claim to jointly agree to modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court, in order to advance the settlement objectives of this Motion; and

        iii.    an extension of the deadline for the Reorganized Debtors to object to any Claim that has been made subject to any of the General Claims Procedures until the later of (a) the general Claims objection deadline set by Plan § 7.1

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] as applicable.

(as it may be extended by the Court for cause shown), or (b) 60 days after the termination of the last General Claims Procedure employed; on the condition that there is no interim gap of more than 60 days between the termination of one and the commencement of another General Claims Procedure,

and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on the Motion; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the McWilliams Declaration submitted in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The General Claims Information Procedures attached hereto as **Exhibit A-1** are approved, and the Reorganized Debtors are authorized to implement the General Claims Information Procedures as set forth therein.

3. The Information Request Form, substantially in the form attached hereto as **Annex 1**, is approved. The Reorganized Debtors are authorized to serve the Information Request Form in accordance with the General Claims Information Procedures.

4. The General ADR Procedures attached hereto as **Exhibit A-2**, including without limitation, the Offer Procedures and the General Mediation Procedures, are approved and the Reorganized Debtors are authorized to implement the General ADR Procedures as set forth therein.

5. The Abbreviated Mediation Notice and the Standard Mediation Notice, substantially in the forms annexed hereto as **Annex 2** and **Annex 3**, respectively, are approved. The Reorganized Debtors are authorized to send the Abbreviated Mediation and the Standard Mediation Notice in accordance with the General ADR Procedures.

6. The Reorganized Debtors may employ sequentially any combination of the General

Claims Information Procedures and any or all of the General ADR Procedures. In the event a General Claim designated for the General Claims Information Procedures, the Offer Procedures, or the General Mediation Procedures is not resolved through the Offer Procedures or the General Mediation Procedures, as applicable, and no more than sixty (60) days has elapsed between the completion of one of such procedures and the commencement of another of such procedures, the deadline for the Reorganized Debtors to object to such General Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan (as it may be extended for cause shown), and (ii) sixty (60) days after the termination of the last of such Information, Offer, or General Mediation Procedures.

7. The Reorganized Debtors are authorized, without further order of this Court, to agree to modification of the Plan Injunction in connection with pending actions involving General Claims solely to permit the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors.

8. The Reorganized Debtors have authority to agree with a holder of a General Claim to jointly modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court.

9. For purposes of the General Claims Information Procedures, the General ADR Procedures, or any other relief granted in connection with the Motion, the definition of General Claims shall exclude the following Claims: Environmental Claims; 2001 Utility Exchange Claims; 2003 Watershed Lands Obligations; Claims related to the DWR Bond Charge; and Claims based on FERC Tariff Rate Proceedings.

10. The Claims listed on **Exhibit A-3** hereto are exempted from the General Claims Information Procedures and General ADR Procedures.

11. Notwithstanding anything to the contrary in the Motion, this Order, the General ADR Procedures or any notice pursuant thereto, the General ADR Procedures shall not apply to and

General Claims shall not include (a) Workers' Compensation Claims; (b) claims asserted under the Reorganized Debtors' directors' and officers', crime and fiduciary Insurance Policies (as defined in the next paragraph); (c) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (d) direct action claims against any of the Reorganized Debtors' insurers under applicable non-bankruptcy law; (e) any claims or actions relating to any claims between the Reorganized Debtors' insurers, on the one hand, and the Reorganized Debtors, on the other hand; and (f) any declaratory judgment actions regarding insurance coverage issues.

8.12.  Nothing in this Order, the General ADR Procedures or any notice pursuant thereto (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to or providing coverage to the Reorganized Debtors at any time and any related agreements (collectively, the "Insurance Policies"); or (ii) any duty or right of the Reorganized Debtors or any insurers under the Insurance Policies; (b) creates or permits a direct right of action against any of the Reorganized Debtors' insurers; (c) obligates an insurer to be bound by a resolution of the General Claim; (d) requires an insurer to pay, in whole or in part, a General Claim resolved through the General ADR Procedures; or (e) obligates an insurer to participate in or in any way administer the General ADR Procedures or any notices required pursuant thereto.

9.13.  Notice of the General Claims Procedures Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

10.14. The Debtors are authorized to take all necessary actions to effect the relief granted pursuant to this Order.

11.15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **

**EXHIBITS A-1 AND A-2**

**(General Claims Information Procedures)**

**(General ADR Procedures)**

WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

*Attorneys for Debtors and*
*Reorganized Debtors*

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:     (650) 636-9251

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**ADR AND RELATED PROCEDURES FOR RESOLVING GENERAL CLAIMS** |

The following procedures (the "**General Claims Procedures**") for resolving all Claims other than (i) Fire Victim Claims, (ii) Subrogation Wildfire Claims, and (iii) Subordinated Securities Claims[1] (all Claims not excluded in (i) through (iii) are collectively described herein as the "**General Claims**," and the holders of General Claims, the "**General Claimants**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2020 [Dkt. No. [•] (the "**General Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## SUMMARY OF THE GENERAL CLAIMS PROCEDURES

These General Claims Procedures are designed to facilitate and simplify the resolution of the General Claims that have been submitted in these Chapter 11 Cases, and specifically to allow the Reorganized Debtors to explore expedient resolutions of those General Claims through settlement.

To that end, the General Claims Procedures first provide that General Claimants may receive and respond to a targeted information request regarding the facts and legal predicate underlying their respective General Claim(s), which will supply the Reorganized Debtors with sufficient information to allow the Reorganized Debtors to assess next steps, including to be able to provide settlement offers to General Claimants pursuant to these procedures. The Reorganized Debtors will then, with respect to a given General Claimant, decide whether to: (i) attempt to negotiate a settlement directly with the General Claimant, (ii) mediate with the General Claimant, (iii) file an omnibus objection on grounds that are common to that General Claimant and other General Claimants, and/or (iv) object to the General Claim on the basis that it lacks merit under applicable law. The Reorganized Debtors may employ one or more of these processes in an effort to resolve General Claims, and may do so sequentially for any General Claim.

These procedures are summarized more fully below:

---

[1] For purposes of these General Claims Procedures, "Subordinated Securities Claims" shall mean Subordinated Debt Claims and HoldCo Rescission or Damage Claims (as such terms are defined the Plan). Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Plan.

1. **General Claims Information Procedures (Exhibit A-1)**. To provide the Reorganized Debtors with sufficient information to determine the appropriate path forward for General Claims under the General ADR Procedures (*e.g.*, settlement offer, mediation, or potential objection), the Reorganized Debtors are requesting that General Claimants be required to provide the Reorganized Debtors (1) a description of the general nature of the General Claim (*e.g.*, contract, personal injury, cessation of service, etc.); (2) a statement of, and supporting documents indicating, the underlying basis for such General Claim; (3) a statement of the liquidated amount allegedly owing on such General Claim, including documentation as available; and (4) any additional information the General Claimant believes is necessary or appropriate to allow the Reorganized Debtors to evaluate the General Claim. To simplify this process, the Reorganized Debtors will both mail and make available on a secure online portal the templates for General Claimants to complete.

2. **General ADR Procedures (Exhibit A-2)**. Recognizing that General Claims are held by different types of claimants with varying amounts of asserted and potential damages, from relatively *de minimis* amounts to hundreds of millions of dollars, the Reorganized Debtors are proposing three (3) separate mechanisms for potential settlement of General Claims without the need for expensive and protracted litigation on the merits, each of which is explained in further detail below:

   (a) **The Offer Procedures**. These procedures will allow the Reorganized Debtors and General Claimants to exchange settlement offers and counteroffers confidentially and without mediation;

   (b) **The Abbreviated Mediation Process.** These are procedures for abbreviated mandatory, non-binding mediation since formal mediation may not be appropriate for all General Claims, especially those with smaller asserted claim amounts; and

   (c) **The Standard Mediation Process.** These are procedures for regular mandatory, non-binding mediation, principally for claimants that have asserted larger General Claims.

The Reorganized Debtors believe these processes will facilitate prompt settlement and/or resolution of General Claims. If the above-described procedures do not resolve any General Claim and merits-based objections are required, such objections, if any, will be made pursuant to section 502 of the Bankruptcy Code and consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). If any General Claims remain unresolved after the implementation of these procedures, the Reorganized Debtors may propose a methodology for resolving the outstanding General Claims.

1    **CLAIMS SUBJECT TO THE GENERAL CLAIMS PROCEDURES**

2        The Claims subject to these General Claims Procedures include any and all Claims other than

3    (i) Fire Victim Claims, (ii) Subrogation Wildfire Claims, and (iii) Subordinated Securities Claims.

1
2
3
4
5

**Exhibit A-1**

6

**The General Claims Information Procedures**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The following procedures (the "**General Claims Information Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [●], 2020 [Dkt. No. [●]] (the "**General Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## I.  THE GENERAL CLAIMS INFORMATION PROCEDURES

The General Claims Information Procedures are intended, in the simplest and most expedient way, to get sufficient information from General Claimants to enable the Reorganized Debtors to evaluate whether a General Claim can be resolved consensually and determine the amount of any offer to settle that the Reorganized Debtors may make to each General Claimant.

### A.  Initiating the General Claims Information Procedures

The General Claims Information Procedures begin when the Reorganized Debtors, at their sole discretion, send a General Claimant the following materials (collectively, the "**Claim Information Materials**"): (i) a request for information (the "**Information Request Form**"), and (ii) a copy of these General Claims Information Procedures.  The Reorganized Debtors will send the Claim Information Materials to the e-mail address listed on the General Claimant's proof of claim. If no e-mail address is listed, the Reorganized Debtors will send the Claim Information Materials by mail.

The Reorganized Debtors will send the Claim Information Materials to a General Claimant at the address listed on that claimant's most recently filed proof of claim.  If the proof of claim indicates that the General Claimant is represented by counsel, the Reorganized Debtors will also send the Claim Information Materials to that General Claimant's counsel, if known.

General Claimants must complete and return the Information Request Form no later than twenty-eight (28) days after the mailing (whether by email or standard mail) of the Information Request Form (the "**Information Deadline**").  The completed Information Request Form must be received by the Reorganized Debtors before the Information Deadline.

**B.     The Information Request Form**

Each Information Request Form will direct the General Claimant to an online portal where the Information Request Form can be completed. The Information Request Form will provide clear instructions and credentials for securely accessing, and submitting information through, the online portal. Each Information Request Form may seek information regarding the following: (1) a description of the general nature of the General Claim (*e.g.*, contract, personal injury, cessation of service, etc.); (2) a statement of, and supporting documents indicating, the underlying basis for such General Claim; (3) a statement of the liquidated amount allegedly owing on such General Claim, including documentation as available; and (4) any additional information the General Claimant believes is necessary or appropriate to enable the Reorganized Debtors to evaluate the General Claim.

**C.     Returning the Information Request Form**

Information Request Forms must be returned to the Reorganized Debtors on or before the Information Deadline. To reduce delays and avoid further costs to General Claimants, completed Information Request Forms shall be submitted through the online portal, unless return by electronic submission is impracticable or impossible.

If electronic submission through the online portal is impracticable or impossible, responses to the Information Request Form must be returned to the Reorganized Debtors by mail so that they are actually received by the Reorganized Debtors on or before the Information Deadline. Mail deliveries shall be directed to:

> [ADDRESS 1]
> [ADDRESS 2]
> [ADDRESS 3]
> [CITY, STATE ZIP]

**D.     Failure to Return Information Request Form by Information Deadline**

If an Information Request Form is not returned to the Reorganized Debtors by the Information Deadline, the Reorganized Debtors shall send an information reminder (the "**Information Reminder**") to the General Claimant. The Information Reminder will provide the General Claimant with an additional fourteen (14) days from the date the Information Reminder is sent to return the Information Request Form (the "**Reminder Deadline**").

Failure to respond in good faith to, or to provide information in the General Claimant's possession or control requested in, the Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the General Claim(s). (For avoidance of doubt, nothing herein shall preclude the Reorganized Debtor from declining to designate any General Claim for General ADR Procedures notwithstanding the General Claimant's timely and good faith response to the Information Request.)

### E. Next Steps

Following the timely response to an Information Request, the Reorganized Debtors may, in their sole discretion, (i) make a settlement offer to a General Claimant, (ii) designate the General Claim(s) for mandatory mediation, or (iii) both.

The Reorganized Debtors reserve the right to object to a General Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as under the procedures set forth in the Bankruptcy Court's July 30, 2020 *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections* [Dkt. No. 8228] (the "**General Omnibus Procedures Order**").

### F. Extension of Claim Objection Deadline

The Reorganized Debtors may employ sequentially any combination of the General Claims Information Procedures and any or all of the General ADR Procedures. In the event a General Claim designated for the General Claims Information Procedures, the Offer Procedures, or the General Mediation Procedures is not resolved through the Offer Procedures or the General Mediation Procedures, as applicable, and no more than sixty (60) days has elapsed between the completion of one of such procedures and the commencement of another of such procedures, the deadline for the Reorganized Debtors to object to such General Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan (as it may extended for cause shown), and (ii) sixty (60) days after the termination of the last of such Information, Offer, or General Mediation Procedures.

## II. COMPUTING TIME FOR DEADLINES

Consistent with Rule 6(a)(1) of Federal Rules of Civil Procedure, when computing any time period specified in these General Claims Information Procedures: (a) exclude the day of the event

that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**ANNEX 1**

**INFORMATION REQUEST FORM**

**THIS INFROMATION REQUEST FORM CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY. IT IS IMPORTANT THAT YOU READ THIS INFORMATION REQUEST FORM AND COMPLY WITH ITS INSTRUCTIONS BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date:

General Claimant(s):

General Claimant's Address:

General Claimant's Email (if applicable):

Proof of Claim Number(s):

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**"), on June 20, 2020. The Plan became effective on July 1, 2020.

On [●], 2020, the Bankruptcy Court approved certain procedures the ("**General Claims Procedures**") to facilitate the resolution of certain proofs of claim that have been submitted in these chapter 11 cases. Because you have filed a proof of claim, you are now required to provide certain information in connection with your proof of claim. Enclosed with this request form are the information procedures approved by the Bankruptcy Court (the "**General Claims Information Procedures**"). Copies of the General Claims Procedures and the General Claims Information Procedures are available for viewing at [https://restructuring.primeclerk.com/pge/].

Pursuant to the General Claims Information Procedures, you **must complete** an Information Request Form **and return** it to the Reorganized Debtors so that it is **received** by the Reorganized Debtors **within twenty-eight (28) days** of the above-indicated Mailing Date of this Information Request Form (the "**Information Deadline**"). For ease of submission, the Debtors have provided an online portal that allows the electronic submission of the requested information.

**FAILURE TO COMPLETE AND RETURN AN INFORMATION REQUEST FORM ON OR BEFORE THE INFORMATION DEADLINE MAY RESULT IN A FORMAL OBJECTION BEING FILED SEEKING DISALLOWANCE OF YOUR PROOF OF CLAIM.**

### A. Completing the Information Request Form

You **must** complete, and return, the Information Request Form **electronically**, unless electronic submission is impracticable or impossible. Paper copies of the Information Request Form are enclosed for your convenience in the event that it is impracticable or impossible to submit an online form.

To complete the Information Request Form electronically, visit the online portal located here: [PORTAL WEB ADDRESS] (the "**Portal**").

To access the Portal, login with the below ID and password:

[UNIQUE ID]

[UNIQUE PASSWORD]

Once you login to the Portal, you will be asked to provide certain information.

#### 1. Contact Information

Section I of the Information Request Form has required fields relating to your contact information (name, address, email, etc.).

Please provide **current** contact details because the Reorganized Debtors will use this contact information for any further communications and correspondence regarding your proof of claim(s).

#### 2. Claim-Related Information

Section II relates to information relevant to your filed proof of claim(s). You must provide the following information:

(a) a description of the general nature of the claim (*e.g.*, contract, personal injury, cessation of service, etc.);

(b) a statement of, and supporting documents indicating, the underlying basis for the claim;

(c) a statement of the liquidated amount allegedly owing on the Claim, including documentation as available; and

(d) any additional information you believe is necessary or appropriate to allow the Reorganized Debtors to evaluate the claim.

Before submitting an Information Request Form, you **must** certify that the information you are providing is accurate as follows:

[I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. I UNDERSTAND THAT A PERSON WHO FILES A FRAUDULENT CLAIM

COULD BE FINED UP TO $500,000, IMPORISONED FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 157, AND 3571.]

**B.** **Returning the Information Request Form**

Pursuant to the General Claims Information Procedures, you **must complete** an Information Request Form **and return** it to the Reorganized Debtors so that it is **received** by the Reorganized Debtors by the Information Deadline (*i.e*, within twenty-eight (28) days of the above-indicated Mailing Date).

If it is **impracticable or impossible** for you to complete and submit the Information Request Form electronically, you may mail a fully completed Information Request Form to:

> [ADDRESS 1]
> [ADDRESS 2]
> [CITY, STATE ZIP]

**C.** **Contacting the Reorganized Debtors**

Questions regarding the General Claims Information Procedures should be directed to [INSERT].

[Signature of the Reorganized Debtors' Authorized Person]

1
2
3
4
5
6 **Exhibit A-2**
7 **The General ADR Procedures**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The following procedures (the "**General ADR Procedures**") have been adopted and approved by Order of the Bankruptcy Court, dated [•], 2020 [Dkt. No. [•]] (the "**General Claims Procedures Order**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of PG&E Corporation ("**HoldCo**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**").

## I. THE GENERAL ADR PROCEDURES

The General ADR Procedures are designed to resolve General Claims consensually without the cost and expense of formal litigation. There are two major components to the General ADR Procedures: (i) a process by which the Reorganized Debtors exchange settlement offers with General Claimants (the "**Offer Procedures**"), and (ii) mandatory, nonbinding mediation (the "**General Mediation Procedures**").

The Offer Procedures are described in section II, below. The General Mediation Procedures are described in section III, below. For the avoidance of doubt, section IV applies to all aspects of the General ADR Procedures.

## II. THE OFFER PROCEDURES

The Offer Procedures contemplate a process by which the Reorganized Debtors will make written settlement offers to certain General Claimants as a means to resolve General Claims efficiently, where possible.

The Offer Procedures begin when the Reorganized Debtors, at their sole discretion, send a General Claimant the following materials (collectively, the "**Offer Materials**"): (i) notice that the General Claim has been submitted to the Offer Procedures (an "**Offer Notice**") and (ii) a copy of these Offer Procedures.[2] The Reorganized Debtors will send the Offer Materials to the e-mail address listed on the General Claimant's proof of claim. If no e-mail address is listed, the Reorganized Debtors will send the Offer Materials by mail. If the proof of claim indicates that the

---

[2] For transferred General Claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

General Claimant is represented by counsel, the Reorganized Debtors will also send the Offer Materials to that General Claimant's counsel, if known.

**A.     The Offer Notice**

The Offer Notice will include an offer by the Reorganized Debtors to settle the General Claim (a "**Settlement Offer**"). A response to the Settlement Offer must be received by the Reorganized Debtors no later than twenty-one (21) days after the mailing of the Offer Notice (the "**Settlement Response Deadline**"). The Reorganized Debtors, in their sole discretion, may agree to extend the Settlement Response Deadline.

**B.     Response to the Settlement Offer**

The only permitted responses to a Settlement Offer are (i) signed acceptance, or (ii) rejection and a counteroffer. A rejection of the Settlement Offer must include a counteroffer. The response to the Settlement Offer must be sent by e-mail and regular mail to the addresses provided in the Settlement Offer.

**C.     The Counteroffer**

The counteroffer shall be signed by the General Claimant and shall identify the specific amount that the General Claimant will accept in full settlement and satisfaction of the General Claim. A counteroffer may not be for an unknown, unliquidated, or indefinite amount.

**D.     The Reorganized Debtors' Response to a Counteroffer**

The Reorganized Debtors must respond in writing within twenty-one (21) days after the receipt of a counteroffer (the "**Counteroffer Response**"). The Counteroffer Response shall indicate that the Reorganized Debtors either (i) accept the counteroffer, or (ii) reject the counteroffer.

*1.     Acceptance of the Counteroffer*

If the Reorganized Debtors accept the Counteroffer, the Reorganized Debtors will provide written confirmation to the General Claimant.

*2.     Rejection*

If the Reorganized Debtors reject the counteroffer, they may make a revised settlement offer (a "**Revised Settlement Offer**"). Alternatively, the Reorganized Debtors may terminate the Offer

Procedures. The Reorganized Debtors must indicate which option they have chosen in the Counteroffer Response.

If the Reorganized Debtors reject the Counteroffer without making a Revised Settlement Offer, the Reorganized Debtors will provide written notification of their rejection to the General Claimant and the General Claim will, in the Reorganized Debtors' sole discretion, either be (i) submitted to nonbinding, mandatory mediation, or (ii) resolved through the claims reconciliation and objection process before the Bankruptcy Court, including the procedures set forth in the General Omnibus Procedures Order.

### a) Revised Settlement Offer

The only permitted responses to a Revised Settlement Offer are (i) signed acceptance, or (ii) rejection. A rejection of the Settlement Offer may, but need not, include a counteroffer. The General Claimant must respond in writing within fourteen (14) days (the "**Revised Settlement Offer Deadline**"). The Reorganized Debtors may, in their sole discretion, agree to extend the Revised Settlement Offer Response Deadline to permit the exchange of additional offers.

The General Claimant's response to the Revised Settlement Offer shall be sent by email and regular mail to the addresses provided in the Revised Settlement Offer.

### b) Termination of Offer Procedures

The Reorganized Debtors may, in their sole discretion, terminate the Offer Procedures and (i) submit the General Claim to nonbinding, mandatory mediation (as set forth in the General Mediation Procedures, below), or (ii) seek to resolve the General Claim in the claims reconciliation and objection process before the Bankruptcy Court, including the procedures set forth in the General Omnibus Procedures Order.

The Reorganized Debtors reserve the right to object to a General Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well as under the procedures set forth in the General Omnibus Procedures Order.

### E. Extension of Claim Objection Deadline

The Reorganized Debtors may employ sequentially any combination of the General Claims Information Procedures and any or all of the General ADR Procedures. In the event a General Claim

designated for the General Claims Information Procedures, the Offer Procedures, or the General Mediation Procedures is not resolved through the Offer Procedures or the General Mediation Procedures, as applicable, and no more than sixty (60) days has elapsed between the completion of one of such procedures and the commencement of another of such procedures, the deadline for the Reorganized Debtors to object to such General Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan (as it may be extended for cause shown), and (ii) sixty (60) days after the termination of the last of such Information, Offer, or General Mediation Procedures.

## III. THE GENERAL MEDIATION PROCEDURES

The General Mediation Procedures are designed to resolve General Claims consensually without the cost and expense of formal litigation or the need for General Claimants to hire attorneys or incur attorneys' fees. The General Mediation Procedures create two separate processes for mandatory, non-binding mediation: (i) the Abbreviated Mediation Process, presumptively for General Claims where the amounts or contentions at issue do not justify a more comprehensive mediation process, and (ii) the Standard Mediation Process, for larger General Claims or more complex issues. Each process involves specified procedures appropriate to the size of the General Claim at issue. The Reorganized Debtors, in their sole discretion, may designate a General Claim for mandatory participation in either mediation process.

The Abbreviated Mediation Process is described in section III.A below. The Standard Mediation Process is described in section III.B below. For the avoidance of doubt, section IV applies to all aspects of the General ADR Procedures.

### A. The Abbreviated Mediation Process

The Abbreviated Mediation Process is meant to be simpler, more streamlined and less costly than formal mediation and briefing. The Abbreviated Mediation Process begins when the Reorganized Debtors, in their sole discretion, send a General Claimant the following materials (collectively, the "**Abbreviated Mediation Materials**"): (i) notice that the General Claim has been submitted to the Abbreviated Mediation Process (a "**Notice of Abbreviated Mediation**") and (ii) a

copy of these General ADR Procedures.[3]  The Reorganized Debtors will send the Abbreviated Mediation Materials to the e-mail address listed on the General Claimant's proof of claim.  If no e-mail address is listed, the Reorganized Debtors will send the Abbreviated Mediation Materials by mail.  If the proof of claim indicates that the General Claimant is represented by counsel, the Reorganized Debtors will also send the Abbreviated Mediation Materials to that General Claimant's counsel, if known.

1. *The Notice of Abbreviated Mediation*

The Notice of Abbreviated Mediation shall provide the applicable General Claimant with notice of the date, time, identity of the mediator, and duration of the mediation (the "**Abbreviated Mediation**") at least twenty-eight (28) days prior to the mediation date, unless otherwise agreed to by the parties.

If the chosen date and/or time of the Abbreviated Mediation is not agreeable to the General Claimant, the General Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

All Abbreviated Mediations shall be conducted virtually via videoconference over Zoom. General Claimants without videoconferencing capabilities may nevertheless participate in Abbreviated Mediation via telephonic conference.

2. *Appointment of Mediator*

The Reorganized Debtors will present to the Bankruptcy Court for approval a panel of qualified and experienced mediators (the "**Panel of Mediators for Abbreviated Mediations**").  The Reorganized Debtors will work with the Panel of Mediators for Abbreviated Mediations to develop a process of fair distribution of Abbreviated Mediations among the mediators (each a "**Mediator**").

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) upon appointment, disclose any circumstances likely to create a

---

[3] For transferred General Claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

reasonable inference of bias. In the event a Mediator discloses any circumstances likely to create a reasonable inference of bias, such Mediator shall be replaced prior to the mediation.

### 3. Fees and Costs

The Reorganized Debtors shall pay the Mediator's fees and expenses. The parties shall each bear their own costs of the Abbreviated Mediation Process.

### 4. Appearance at Abbreviated Mediation

The General Claimant must appear (via videoconference or telephonically) at the Abbreviated Mediation. If a General Claimant that is a natural person has a hardship preventing that individual from attending Abbreviated Mediation, the Reorganized Debtors and the General Claimant will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the General Claimant, filed the General Claim on behalf of the General Claimant, that person or entity must also appear at the Abbreviated Mediation. If the General Claimant is not a natural person, an authorized representative must appear at the Abbreviated Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Abbreviated Mediation.

### 5. Abbreviated Mediation Procedures

Unless the parties agree otherwise, the following deadlines apply:

**Ten (10) days before the Abbreviated Mediation.** The Reorganized Debtors must e-mail the mediator and the General Claimant the following:

- A settlement offer (the "**Abbreviated Mediation Settlement Offer**"); and

- A non-confidential background statement (the "**Background Statement**"). The Background Statement must not exceed five (5) pages.

The Reorganized Debtors must e-mail both the Abbreviated Mediation Settlement Offer and the Background Statement no later than 4:00 pm (Pacific Time) ten (10) days before the Abbreviated Mediation.

**Three (3) days before the Abbreviated Mediation.** The General Claimant must e-mail the mediator and the Reorganized Debtors with a response. For example, the General Claimant may accept the Abbreviated Mediation Settlement Offer.

If the General Claimant rejects the Abbreviated Mediation Settlement Offer, the General Claimant may include the following:

- A counteroffer to the Abbreviated Mediation Settlement Offer; and

- A response to the Background Statement (the "**Response Statement**"). The Response Statement must not exceed five (5) pages.

The General Claimant must e-mail the response no later than 4:00 pm (Pacific Time) three (3) days before the Abbreviated Mediation.

If the General Claimant rejects the Abbreviated Mediation Settlement Offer, but elects not to make a counteroffer, the General Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counteroffer at the Abbreviated Mediation.

Failure to comply with the deadlines set forth in the General ADR Procedures may result in sanctions under section IV.E below.

6. *Next Steps*

If any General Claim is not settled through the Abbreviated Mediation Process, the Reorganized Debtors may, in their sole discretion, (i) designate the General Claim(s) for the Standard Mediation Process, or (ii) seek to resolve the General Claim in the claims reconciliation and objection process before the Bankruptcy Court, including the procedures set forth in the General Omnibus Procedures Order.

The Reorganized Debtors reserve the right to object to a General Claim under section 502 of the Bankruptcy Code, consistent with Rule 3007 of the Federal Rules of Bankruptcy Procedure, as well the procedures set forth in the General Omnibus Procedures Order.

**B.     The Standard Mediation Process**

The Standard Mediation Process begins when the Reorganized Debtors send a General Claimant the following materials (collectively, the "**Standard Mediation Materials**"): (i) notice that the General Claim has been submitted to the Standard Mediation Process (a "**Notice of Standard**

**Mediation**") and (ii) a copy of these General ADR Procedures.[4]  The Reorganized Debtors will send the Standard Mediation Materials to the e-mail address listed on the General Claimant's proof of claim.  If no e-mail address is listed, the Reorganized Debtors will send the Standard Mediation Materials by mail.  If the proof of claim indicates that the General Claimant is represented by counsel, the Reorganized Debtors will also send the Standard Mediation Materials to that General Claimant's counsel, if known

### 1. *Notice of Standard Mediation*

The Reorganized Debtors shall provide the applicable General Claimant with notice of the date, time, location, identity of the mediator, and duration of the mediation (the "**Standard Mediation**") at least forty-two (42) days prior to the mediation date (the "**Standard Mediation Scheduling Notice**"), unless otherwise agreed to by the parties.

If the chosen date and/or time of the Standard Mediation is not agreeable to the General Claimant, the General Claimant may so inform the Mediator (defined below) so that the parties, and the Mediator, may find a mutually agreeable date and time.

Absent further order from the Bankruptcy Court, all Standard Mediations shall be conducted virtually via videoconference over Zoom.  General Claimants without videoconferencing capabilities may nevertheless participate in Standard Mediation via telephonic conference.

### 2. *Appointment of Mediator*

The Reorganized Debtors will present to the Bankruptcy Court for approval a panel of qualified and experienced mediators for the Standard Mediations (the "**Panel of Mediators for Standard Mediations**").  The Reorganized Debtors will work with the Panel of Mediators for Standard Mediations to develop a process of fair distribution of Standard Mediations among the mediators (each a "**Mediator**").

A person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings or, except when otherwise agreed by the parties, in any related matter, and (iii) upon appointment, disclose any circumstances likely to create a

---

[4] For transferred General Claims, the Reorganized Debtors will also serve a copy of the Offer Materials on the transferee identified in the notice of transfer of claim.

reasonable inference of bias. In the event a mediator discloses any circumstances likely to create a reasonable inference of bias, such mediator shall be replaced prior to the mediation.

       *3.     Fees and Costs*

The Reorganized Debtors shall pay the mediator's fees and expenses. The parties shall each bear their own costs of the Standard Mediation Process.

       *4.     Appearance at Standard Mediation*

The General Claimant must appear (via videoconference or telephonically) at the Standard Mediation. If a General Claimant that is a natural person has a hardship preventing that individual from attending Standard Mediation, the Reorganized Debtors and the General Claimant will meet and confer in good faith to resolve the issue and, if necessary, either party may ask the Bankruptcy Court for relief.

If a person or entity, other than the General Claimant, filed the General Claim on behalf of the General Claimant, that person or entity must also appear at the Standard Mediation. If the General Claimant is not a natural person, an authorized representative must appear at the Standard Mediation (the "**Authorized Representative**"). Unless otherwise agreed by the Reorganized Debtors, the Authorized Representative must have complete (and not limited) authority to settle without reversion to others not attending the Standard Mediation.

       *5.     Standard General Mediation Procedures*

Unless the parties agree otherwise, the following deadlines apply:

**Twenty-one (21) days before the Standard Mediation.** The General Claimant must e-mail the mediator and the Reorganized Debtors the following:

- A settlement demand (the "**Settlement Demand**"); and

- A non-confidential pre-mediation statement (the "**Opening Statement**"). The Opening Statement must not exceed fifteen (15) pages, excluding any attachments, and identify each cause of action or theory the General Claimant asserts, including a short and plain statement of the facts and law upon which the General Claimant relies for recovery and maintains entitle it to relief. The Opening Statement shall include,

as exhibits or annexes, all documents (or summaries of voluminous documents), affidavits, and other materials on which the General Claimant relies.

The General Claimant must e-mail both the Settlement Demand and the Opening Statement no later than 4:00 pm (Pacific Time) twenty-one (21) days before the Standard Mediation.

**Seven (7) days before the Standard Mediation.** The Reorganized Debtors must e-mail the mediator and the General Claimant the following:

- A response to the settlement demand (the "**Settlement Demand Response**"); and
- A non-confidential response statement (the "**Rebuttal Statement**"). The Rebuttal Statement must not exceed fifteen (15) pages, excluding any attachments.

The Reorganized Debtors must e-mail both the Settlement Demand Response and the Rebuttal Statement no later than 4:00 pm (Pacific Time) seven (7) days before the Standard Mediation.

If the Settlement Demand Response contains a counteroffer to the Settlement Demand, the General Claimant or, if applicable, the Authorized Individual, shall come prepared with and be expected to make a counter-counteroffer at the Standard Mediation.

Failure to comply with the deadlines set forth in the General ADR Procedures may result in sanctions under section IV.E below.

*6.    Mediator's-Eyes-Only*

At the Mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the Mediator, which shall receive "Mediator's-eyes-only" treatment.

*7.    Termination of the Mediation*

The Standard Mediation may only be terminated by the Mediator, who shall agree to terminate the mediation only if an impasse has been reached and in the judgment of the Mediator, there is no reasonable opportunity to settle the General Claim in mediation.

*8.    Next Steps*

If any General Claim is not settled through the Standard Mediation Process and the mediation is terminated by the Mediator, then the General Claim shall be resolved through the claims

reconciliation and objection process before the Bankruptcy Court, including the procedures set forth in the General Omnibus Procedures Order.

### C. Extension of Claim Objection Deadline

The Reorganized Debtors may employ sequentially any combination of the General Claims Information Procedures and any or all of the General ADR Procedures. In the event a General Claim designated for the General Claims Information Procedures, the Offer Procedures, or the General Mediation Procedures is not resolved through the Offer Procedures or the General Mediation Procedures, as applicable, and no more than sixty (60) days has elapsed between the completion of one of such procedures and the commencement of another of such procedures, the deadline for the Reorganized Debtors to object to such General Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan (as it may be extended for cause shown), and (ii) sixty (60) days after the termination of the last of such Information, Offer, or General Mediation Procedures.

## IV. MISCELLANEOUS PROVISIONS APPLICABLE TO THE GENERAL ADR PROCEDURES

### A. Settlement in General ADR Procedures

If a General Claim is settled through the General ADR Procedures, the parties will execute a settlement agreement.

### B. Duty to Negotiate in Good Faith

The General Claimants and the Reorganized Debtors shall negotiate in good faith in an attempt to reach an agreement for the settlement of the General Claims.

### C. Confidentiality of Negotiations

The settlement and mediation process is confidential, and the Reorganized Debtors and General Claimants cannot disclose any settlement offers (or communications in connection with settlement offers) to any other person. Absent express agreement between the parties, no person may rely on, seek discovery of, or introduce as evidence in connection with any judicial or other proceeding, any offer, counteroffer, discussions or negotiations between the parties, or any other aspect of the General ADR Procedures.

### D. Modification of the General ADR Procedures

The Reorganized Debtors and a General Claimant may enter into a written agreement, without further approval of the Bankruptcy Court, to modify the foregoing General ADR Procedures at their mutual discretion.

### E. Failure to Comply with the General ADR Procedures

If a General Claimant or the Reorganized Debtors fail to comply with the General ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the General ADR Procedures, the Bankruptcy Court may, after notice and hearing, find such conduct to be in violation of the General ADR Procedures Order or, with respect to a General Claimant, an abandonment of or failure to prosecute the General Claim, or both. Upon such findings the Bankruptcy Court may, among other things, disallow and expunge the General Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party. In consideration of any motion relating to the failure to comply in good faith with the General ADR Procedures, the Bankruptcy Court may solicit and receive the views of the Mediator *in camera*, notwithstanding any confidentiality provisions applicable to such mediation.

### F. Prioritization and Referral of General Claims to Mediation

Given the number of General Claims, the Reorganized Debtors shall have the discretion to prioritize the initiation of mandatory mediations as they see fit.

### G. Mandatory Mediation Rules

Mandatory mediation shall be governed by the Mediator's regular procedures, except where expressly modified in the General ADR Procedures. In the event of a conflict, the General ADR Procedures shall control. Any party to a mandatory mediation that fails to participate in good faith, on the terms described herein, may be subject to sanctions under section IV.E above.

### H. Termination of the General ADR Procedures

Notwithstanding anything herein, the Reorganized Debtors may terminate the General ADR Procedures with respect to a particular General Claim at any time and have such claim be resolved in the claims reconciliation and objection process before the Bankruptcy Court.

1

## I.     Computing Time for Deadlines

2

Consistent with Rule 6(a)(1) of Federal Rules of Civil Procedure, when computing any time period specified in these General ADR Procedures:  (a) exclude the day of the event that triggers the period; (b) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANNEX 2

## NOTICE OF ABBREVIATED MEDIATION

**THIS NOTICE CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY. IT IS IMPORTANT THAT YOU READ THIS NOTICE AND COMPLY WITH ITS INSTRUCTIONS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date:

General Claimant(s):

Claimant's Address:

Claimant Email (if applicable):

Proof of Claim Number(s):

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**") on June 20, 2020. The Plan became effective on July 1, 2020.

On [●], 2020, the Bankruptcy Court approved certain procedures the ("**General Claims Procedures**") to facilitate the resolution of certain claims that have been submitted in these chapter 11 cases. The General Claims Procedures include the ability for a claimant who has filed a proof of claim to attempt to resolve consensually such claim without the cost and expense of formal litigation through mediation with an experienced mediator (the "**General ADR Procedures**"). A complete copy of the General ADR Procedures is enclosed for your reference.

The Reorganized Debtors have identified your filed proof of claim (set forth above) for participation in the Abbreviated Mediation Process (as defined and described in the General ADR Procedures).

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the mediation at the date and/or time listed above, please contact the Mediator within seven (7) business days of the date of the notice using the contact information provided in the attached schedule so that you, the Reorganized Debtors, and the Mediator may find a mutually agreeable date and time to reschedule your Abbreviated Mediation. If you do not reach out to reschedule within seven (7) business days, the date and time of the mediation will be set and your attendance at the mediation will be required.

You will receive an email from the Reorganized Debtors no later than ten (10) days prior to the Mediation Date containing (i) a settlement offer to resolve your claim, and (ii) a confidential statement setting forth the position of the Reorganized Debtors. **You must respond to the Mediator and the Reorganized Debtors by email no later than three (3) days prior to the Mediation Date. In your response, you may either accept or reject the Reorganized Debtors' settlement offer, or, alternatively, you may submit a counteroffer**. If you accept the Reorganized Debtors' settlement offer, your attendance at the mediation will no longer be required. If you do not accept the Reorganized Debtors' settlement offer, you will need to attend the mediation and you may (but need not) submit a confidential counter-statement setting forth your response to the Reorganized Debtors' statement (a "Response Statement"). Please refer to section III.A of the General ADR Procedures for more information regarding the Abbreviated Mediation Process, including the option to submit a Response Statement if you do not accept the Reorganized Debtors' settlement offer.

At least one (1) day prior to the Mediation Date, you will receive an email with a link and instructions on how to attend the Abbreviated Mediation on the Mediation Date. The Mediation will continue until it is completed, which could be a few hours or the entire day.

[Signature of the Reorganized Debtors' Authorized Person]

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

## ANNEX 3

## NOTICE OF STANDARD MEDIATION

**THIS NOTICE CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY. IT IS IMPORTANT THAT YOU READ THIS NOTICE AND COMPLY WITH ITS INSTRUCTIONS.**

**AS SET FORTH BELOW, THE MEDIATION OF YOUR PROOF OF CLAIM IS MANDATORY AND YOUR PARTICIPATION IS REQUIRED BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date:

General Claimant(s):

Claimant's Address:

Claimant E-mail (if applicable):

Proof of Claim Number(s):

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**") on June 20, 2020. The Plan became effective on July 1, 2020.

On [●], 2020, the Bankruptcy Court approved certain procedures the ("**General Claims Procedures**") to facilitate the resolution of certain claims that have been submitted in these chapter 11 cases. The General Claims Procedures include the ability for a claimant who has filed a proof of claim to attempt to resolve consensually such claim without the cost and expense of formal litigation through mediation with an experienced mediator (the "**General ADR Procedures**"). A complete copy of the General ADR Procedures is enclosed for your reference.

The Reorganized Debtors have identified your filed proof of claim (set forth above) for participation in the Standard Mediation Process (as defined and described in the General ADR Procedures).

The Mediation will be conducted via videoconference on [**DATE**], at [**TIME**] (the "**Mediation Date**"), before [**MEDIATOR**] (the "**Mediator**"). If you are unable to attend the mediation at the date and/or time listed above, please contact the Mediator within seven (7) business days of the date of the notice using the contact information provided in the attached schedule so that you, the Reorganized Debtors, and the Mediator may find a mutually agreeable date and time to reschedule your Abbreviated Mediation. If you do not reach out to reschedule within seven (7) business days, the date and time of the mediation will be set and your attendance at the mediation will be required.

As set forth in section III.B.5 of the General ADR Procedures, **no later than twenty-one (21) days prior to the Mediation Date, you must email the Mediator and the Reorganized Debtors (i) a settlement demand, and (ii) a confidential mediation statement**. No later than seven (7) days prior to the Mediation Date, you will receive an email from the Reorganized Debtors containing (i) a response to the settlement demand, and (ii) a confidential rebuttal statement. Please refer to section III.B of the General ADR Procedures for more information regarding the Standard Mediation Process.

At least one (1) day prior to the Mediation Date, you will receive an email with a link to access the Standard Mediation on the Mediation Date. The Mediation will continue until it is completed, which could be a few hours or the entire day.

[Signature of the Reorganized Debtors' Authorized Person]

[SCHEDULE OF APPROVED MEDIATORS AND CONTACT INFORMATION]

**Exhibit A-3**

**Claims Exempted from General Claims Information Procedures and General ADR Procedures**

The following General Claims are exempted from the General Claims Information Procedures and the General ADR Procedures:

No. 59493

No. 59662

No. 59664

No. 59712

No. 62632

No. 63092

No. 63748

No. 63756

No. 63837

No. 79094

No. 87868