WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119

1  WEIL, GOTSHAL & MANGES LLP
2  Richard W. Slack (*pro hac vice*)
   (richard.slack@weil.com)
3  Theodore Tsekerides (*pro hac vice*)
   (theodore.tsekerides@weil.com)
4  Jessica Liou (*pro hac vice*)
   (jessica.liou@weil.com)
5  Matthew Goren (*pro hac vice*)
   (matthew.goren@weil.com)
6  767 Fifth Avenue
   New York, NY 10153-0119
7  Tel: 212 310 8000
   Fax: 212 310 8007
8
   KELLER BENVENUTTI KIM LLP
9  Tobias S. Keller (#151445)
   (tkeller@kbkllp.com)
10 Peter J. Benvenutti (#60566)
   (pbenvenutti@kbkllp.com)
11 Jane Kim (#298192)
   (jkim@kbkllp.com)
12 650 California Street, Suite 1900
   San Francisco, CA 94108
13 Tel: 415 496 6723
   Fax: 650 636 9251
14
   *Attorneys for Debtors*
15 *and Reorganized Debtors*

16              **UNITED STATES BANKRUPTCY COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
17                  **SAN FRANCISCO DIVISION**

18                              | Bankruptcy Case
19 **In re:**                   | No. 19-30088 (DM)
20 **PG&E CORPORATION,**        | Chapter 11
21      **- and -**             | (Lead Case)
22 **PACIFIC GAS AND ELECTRIC** | (Jointly Administered)
   **COMPANY,**
23                              | **STIPULATION WITH**
                     **Debtors.** | **EP COUNTERPARTIES CONFIRMING**
24                              | **APPLICATION OF CONFIDENTIALITY**
                                | **AND PROTECTIVE ORDER TO ENERGY**
25 ☐ Affects PG&E Corporation   | **PROCUREMENT CURE DISPUTES**
   ☐ Affects Pacific Gas and Electric Company
26 ☒ Affects both Debtors       | Related Docket No. 3405
27 * *All papers shall be filed in the Lead Case,* | [No Hearing Date Requested]
   *No. 19-30088 (DM).*
28

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and the non-Debtor counterparties to the Energy Procurement Agreements[1] listed on **Exhibit A** hereto (collectively, the "**EP Counterparties**," and, together with the Reorganized Debtors, the "**Parties**") by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an Order confirming the application of the *Confidentiality and Protective Order* [Docket No. 3405] (as modified, supplemented and amended by the *Order on the Fire Victim Trustee's Application for Clarification and Modification of Protective Order* dated August 4, 2020 [Docket No. 8662], the "**Protective Order**"), to documents produced by the Parties in connection with certain Cure Disputes (as defined below) arising from the assumption of the Energy Procurement Agreements.  The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (the "**Plan**").  The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

B.      Paragraph 43 of the Confirmation Order provides, among other things, that all Energy Procurement Agreements were assumed by the Reorganized Debtors on the Effective Date pursuant to Article VIII of the Plan.  Paragraph 43 of the Confirmation Order further provides that the parties to any such Energy Procurement Agreements shall attempt to resolve any Claims, Causes of Action or defaults in the ordinary course; provided that if no such resolution is reached within forty-five (45) days following the entry of the Confirmation Order (the "**Resolution Period**"), either party may submit the dispute to the Court; provided further, that the failure of either party to submit to the Court any such dispute following the expiration of such 45 day period shall not result in the discharge, release, or deemed satisfaction of the disputed amount.  The Parties

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Confirmation Order or the Protective Order (each as defined below), as applicable.

have agreed to several extensions of the Resolution Period, which period is currently set to expire on October 3, 2020.

C. The EP Counterparties have asserted that they are owed sums in addition to those sums already paid by the Reorganized Debtors in order to cure the existing defaults under their Energy Procurement Agreements, which Claims the Reorganized Debtors dispute (the "**Cure Disputes**").

D. On August 7, 2019, the Court entered the Protective Order to govern the production, review, disclosure, and handling of Discovery Materials by any person or entity in connection with the Chapter 11 Cases.

E. The Parties have agreed that the Protective Order as modified by this Stipulation shall govern the production of documents in connection with the Cure Disputes.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. The Parties acknowledge and agree that, notwithstanding anything to the contrary therein, the terms of the Protective Order shall govern and apply to any Discovery Material produced by the Parties in connection with the Cure Disputes, subject to the modifications set forth in Paragraphs 2 and 3 below, which modifications shall apply solely with respect to the production of documents in connection with any Cure Disputes and shall not otherwise modify or amend the terms of the Protective Order with respect to any other parties or disputes.

2. Notwithstanding anything in the Protective Order to the contrary and unless otherwise ordered by the Court, in connection with any Cure Dispute, each Receiving Party must return all Protected Material to the Producing Party or destroy such material within 90 days after the resolution, either consensually or by Final Order of the Court, of the applicable Cure Dispute.

3. The Parties agree that the documents listed in **Exhibit B** hereto are appropriately designated as "Confidential" Discovery Materials under the Protective Order (the "**Designated Confidential Documents**"). The Reorganized Debtors agree (i) not to publically file

the Designated Confidential Documents other than under seal or in redacted form as agreed with the applicable Producing Party and (ii) not to challenge the confidentiality designation of the Designated Confidential Documents pursuant to Paragraph 6 of the Protective Order, unless an application by the Reorganized Debtors to file the Designated Confidential Documents under seal or in redacted form has been denied by the Bankruptcy Court or other court of competent jurisdiction, in which case the Reorganized Debtors may challenge the confidentiality designation in accordance with the terms of the Protective Order.

4.      Nothing in this Stipulation is intended to nor shall it affect, amend, modify, or supplement the provisions of the Protective Order except as expressly set forth above in Paragraphs 1 - 3 of this Stipulation.

5.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof.

6.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

7.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and any order that may be entered pursuant to this Stipulation.

**Debtors and Reorganized Debtors**

Dated:  September 22, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

*/s/  Matthew Goren*
Matthew Goren

*Attorneys for the Debtors and Reorganized Debtors*

**EP Counterparties**

Dated: September 22, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Hugh M. McDonald*

Hugh M. McDonald (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212.858.1170
Email: hugh.mcdonald@pillsburylaw.com

*Attorneys for Consolidated Edison Development, Inc. on behalf of itself and its affiliates*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Lorraine McGowen*
Lorraine McGowen
51 West 52nd Street
New York NY 10019
Telephone: (212) 506-5114
Email: lmcgowen@orrick.com

and

Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8567
Email: dfelder@orrick.com

*Attorneys for Hatchet Ridge Wind, LLC*

KTBS LAW LLP, *f/k/a* KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: */s/ Samuel M. Kidder*
Kenneth N. Klee (State Bar No. 63372)
David M. Stern (State Bar No. 67697)
Samuel M. Kidder (State Bar No. 284015)
1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067
Telephone:      (310) 407-4000
Facsimile:      (310) 407-9090
Email:          kklee@ktbslaw.com
                dstern@ktbslaw.com
                skidder@ktbslaw.com

*Attorneys for NextEra Energy, Inc. and NextEra Energy Partners, L.P. and all projects, affiliates, and subsidiaries directly or indirectly owned or controlled in whole or in part by them*

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Richard W. Esterkin*
Richard W. Esterkin
*Attorney for AV Solar Ranch 1, LLC*

CROWELL & MORING LLP

By: */s/ Thomas F. Koegel*
Thomas F. Koegel

*Attorney for Vantage Wind Energy LLC, and Kes Kingsburg, L.P.*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jeffrey C. Krause*
Jeffrey C. Krause
Alan Moskowitz

*Attorneys for Topaz Solar Farms LLC*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ James Eric Ivester*
James Eric Ivester
4 Times Square
New York, Ny 10036
(212) 735-3111
Eric.Ivester@Skadden.com

*Attorneys for Mojave Solar LLC*

STOEL RIVES LLP

*/s/ Jennifer Slocum*
David B. Levant (*pro hac vice*)
Andrew H. Morton (*pro hac vice*)
Jennifer N. Slocum (*pro hac vice*)

*Attorneys for RE Mustang LLC, RE Mustang 3 LLC, RE Mustang 4 LLC, Avangrid Renewables LLC, Capital Dynamics, Inc., FTP Power, LLC, and their respective projects, affiliates, and subsidiaries, directly or indirectly owned or controlled in whole or in part*

KIRKLAND & ELLIS LLP

By: */s/ Michael P. Esser*
Mark E. McKane, P.C. (SBN 230552)
Michael P. Esser (SBN 268634)
555 California Street
San Francisco, CA 94104
T: (415) 439-1400 / F: (415) 439-1500
mark.mckane@kirkland.com
michael.esser@kirkland.com

David R. Seligman, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
T: (312) 862-2000 / F: (312) 862-2200
dseligman@kirkland.com

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800 / F: (212) 446-4900
aparna.yenamandra@kirkland.com

*Counsel for Calpine Corporation, et al.*

## Exhibit A

### EP Counterparties

- Consolidated Edison Development, Inc. on behalf of itself and its affiliates, including, without limitation, Alpaugh 50, LLC, Alpaugh North, LLC, CED Corcoran Solar, LLC, CED Corcoran Solar 3, LLC, CED White River Solar, LLC, CED White River Solar 2, LLC, Coram California Development, LP, CED Avenal Solar, LLC, CED Oro Loma Solar, LLC, CED Lost Hills Solar, LLC, Mesquite Solar 1, LLC, Copper Mountain Solar 1, LLC, Copper Mountain Solar 2, LLC, and Great Valley Solar 4, LLC

- RE Mustang LLC, RE Mustang 3 LLC, RE Mustang 4 LLC, Avangrid Renewables LLC, Capital Dynamics, Inc., FTP Power, LLC, and their respective projects, affiliates, and subsidiaries, directly or indirectly owned or controlled in whole or in part, including, without limitation, CA Flats Solar 150, LLC, CA Flats Solar 130, LLC, Solar Star California XIII, LLC, 87RL 8me, LLC, 67RK 8me, LLC, 65 HK 8me, LLC, Aspiration Solar G, LLC, Bayshore Solar A, LLC, Bayshore Solar B, LLC, Bayshore Solar C, LLC, Western Antelope Blue Sky Ranch A, LLC, Adera Solar, LLC, Klondike Wind Power III LLC, Shiloh I Wind Project LLC, Gill Ranch Storage, LLC, Lost Hills Solar, LLC, Blackwell Solar, LLC, Parrey, LLC, and North Star Solar, LLC

- Hatchet Ridge Wind, LLC

- Mojave Solar LLC

- AV Solar Ranch 1, LLC

- NextEra Energy Partners, LP, NextEra Energy, Inc., and all projects, affiliates, and subsidiaries directly or indirectly owned or controlled in whole or in part by them

- Topaz Solar Farms LLC

- Calpine Corporation, on behalf of itself and its subsidiaries, including without limitation, Russell City Energy Company, LLC, Los Esteros Critical Energy Facility, LLC, Geysers Power Company, LLC, Gilroy Energy Center, LLC, Creed Energy Center, LLC, and Goose Haven Energy Center, LLC

- Vantage Wind Energy LLC

- Kes Kingsburg, L.P

**<u>Exhibit B</u>**

<u>Designated Confidential Documents</u>

- All power purchase agreements ("**PPAs**"), amendments and schedules.
- All invoices and correspondence related to amounts due under PPAs.
- All documents related to any project financings that EP Counterparties and their respective affiliates have executed.
- All interconnection agreements, amendments and schedules.
- All documents that contain Critical Energy Infrastructure Information (CEII), in compliance with applicable FERC regulations.
- All documents that contain personal identifiable information (PII).
- All narratives from any invoices, bills and correspondence relating to attorneys' fees, costs and expenses.