Signed and Filed: September 23, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Robert A. Julian (SBN 88469)
Cecily A. Dumas (SBN 111449)
BAKER & HOSTETLER LLP
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone:    628.208.6434
Facsimile:    310.820.8859
Email: rjulian@bakerlaw.com
Email: cdumas@bakerlaw.com

Eric E. Sagerman (SBN 155496)
David J. Richardson (SBN 168592)
Lauren T. Attard (SBN 320898)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone:    310.442.8875
Facsimile:    310.820.8859
Email: esagerman@bakerlaw.com
Email: drichardson@bakerlaw.com
Email: lattard@bakerlaw.com

*Counsel for the Official Committee of Tort Claimants*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>   - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>   **Debtors.**<br><br>☐  Affects PG&E Corporation<br><br>☐  Affects Pacific Gas and Electric Company<br><br>■  Affects both Debtors<br><br>\* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER GRANTING FOURTH INTERIM APPLICATION OF BAKER & HOSTETLER LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FERUARY 1, 2020 THROUGH MAY 31, 2020**<br><br>[Relates to Dkt. No.: 8911, 8403] |

Baker & Hostetler LLP
Attorneys at Law
San Francisco

**THIS MATTER** came before the Court upon the Fourth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses [Docket No. 8403] ("**Application**") for the period February 1, 2020 through May 31, 2020 ("**Application Period**") filed by Baker & Hostetler LLP ("**Baker**"), counsel for the Official Committee of Tort Claimants ("**TCC**"), and upon the Second Amended Notice of Hearing on Interim Applications Allowing and Authorizing Payment of Fees and Expenses of Multiple Fee Applicants Based Upon Compromises with the Fee Examiner, filed on August 29, 2020, Docket No. 8911, of which **Exhibit A** is attached hereto; seeking the entry of an order, on an interim basis, pursuant to sections 330(a) and 331 of title 11, United States Code ("**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, ("**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Northern District of California ("**Local Rules**") the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, promulgated pursuant to Local Rule 9029-1, governing the narrative portion of fee applications, effective February 19, 2014 ("**Narrative Guidelines**"), the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 ("**UST Guidelines**"), and the Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals ("**Interim Compensation Order**") (collectively, the "**Guidelines**"), for allowance of compensation for professional services and reimbursement of actual and necessary expenses in connection with Baker's representation of the TCC in the above-captioned cases.

Based upon the Court's review and consideration of the Application, the certification in support thereof, and the other records and pleadings filed in the above-captioned chapter 11 cases,

**THE COURT HEREBY FINDS** that notice of and opportunity for a hearing on the Application was duly given and that such notice was appropriate and sufficient; the relief requested is in the best interests of the Debtors, their estates, creditors, shareholders and all parties in interest; good cause exists for interim approval of the fees and expenses requested by Baker in the Application, pursuant to section 330 of the Bankruptcy Code and Bankruptcy Rule 2016; and that

the fees and expenses requested in the Application are reasonable and have been earned; and the Court having issued a Docket Order on September 18, 2020, allows the Interim Fee Applications in the reduced amounts reflected in the Second Amended Notice.

**THE COURT FURTHER FINDS** that (i) to date, Baker has been paid $11,650,880.00 in fees and $1,847,978.50 in expenses for the Application Period; (ii) the amount of fees and expenses initially requested by Baker in the Application was $14,563,600.00 in fees and $1,847,978.50 in expenses, (iii) the amount of fees and non-expert expenses[1] stipulated and agreed upon in the Application is $13,981,056.00 in fees and $229,484.47 in non-expert expenses, which reflects a reduction of $582,544.00 in fees and $9,561.85 in non-expert expenses; and (iv) the remaining fees due and owing to Baker for the Application Period is $2,320,614.15[2].

**THE COURT FURTHER FINDS** that in exchange for the reductions agreed to by Baker, the Fee Examiner waives any further objections to the Application, and preserves his right to object to Baker's Final Fee Application, and that Baker's agreement to the reductions is conditioned upon no further or additional objections being asserted by the United States Trustee.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Fourth Interim Application is approved on an interim basis as reflected herein:

2. Baker is awarded interim fees and non-expert expenses during the Application Period in the total amount of **$14,210,540.47**, consisting of $13,981,056.00 in fees and $229,484.47 in non-expert expenses.

3. This order is effective immediately and no stay shall apply. As such, the Debtors are authorized and directed to make immediate payment to Baker in the total remaining amount owed of **$2,320,614.15** for the Application Period.

---

[1] "Expenses" in the Application include charges for expert witnesses that were paid directly to these expert witnesses, via Baker & Hostetler, and are not included in the Fee Examiner compromise. Thus, these expert witness expenses were deducted from the expense totals before calculating the compromise reduction. As a result, the expenses requested reflects lower amounts than in the Application. The Fee Examiner is separately reviewing the charges reflected for the expert witnesses.

[2] This amount reflects a non-expert expense compromise reduction of $9,561.85, which is a compromise reduction from the original amount of $239,046.32, which was previously paid pursuant to the Interim Compensation Procedures.

4. The Court retains jurisdiction over any issues or disputes arising out of or relating to this Order.

**\*\*\* END ORDER \*\*\***

Approved by:

*/s/ Scott H. McNutt*
Scott H. McNutt
Counsel to the Fee Examiner

# EXHIBIT A

**EXHIBIT A**
to
**NOTICE OF HEARING ON INTERIM AND FINAL FEE APPLICATIONS ALLLOWING
AND AUTHORIZING PAYMENT OF FEES AND EXPENSES
OF MULTIPLE FEE APPLICANTS BASED ON COMPROMISES WITH THE FEE EXAMINER**

(Noticed for Hearing September 22, 2020)

Page 1 of 2

| Retained Professional DEBTORS | Fee Request | Filing Date | Docket No. | Request Date Range | Objection Date | Fees Requested | Expenses Requested | Total Compromised Reduction with Fee Examiner | Net Amount Claimed | Total Payments | Net Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Berman & Todderud* | Second Interim | 11/13/2019 | 4705 | 6/2/2019 - 9/30/2019 | 12/3/2019 | $375,994.00 | $5,588.33 | | | | |
| | Third Interim | 3/11/2020 | 6252 | 10/1/2019 - 1/31/2020 | 3/31/2020 | $376,556.82 | $0.00 | | | | |
| | Fourth Interim | 7/8/2020 | 8298 | 2/1/2020 - 5/31/2020 | 7/28/2020 | $333,492.00 | $0.00 | | | | |
| | Jun-Jul 1 2020 | 7/31/2020 | 8592 | 6/1/2020 - 7/1/2020 | 8/21/2020 | $45,719.20 | $0.00 | | | | |
| | | | | | | $1,131,762.02 | $5,588.33 | $39,000.00 | $1,098,350.35 | $853,214.91 | $245,135.44 |
| | | | | | | | | | | | |
| KPMG | Third Interim | 7/9/2020 | 8341 | 10/10/19 - 1/31/2020 | 7/29/2020 | $5,105,788.04 | $291,865.26 | $75,000.00 | $5,322,653.30 | $4,371,323.79 | $951,329.51 |
| | | | | | | | | | | | |
| Latham & Watkins** | Monthly | 4/30/2020 | 7017 | 11/1/2019 - 2/29/2020 | 5/21/2020 | | | | | | |
| | Fourth Interim | 6/8/2020 | 7837 | 11/1/2019 - 1/31/2020 | 6/29/2020 | | | | | | |
| | | | | | | $1,589,000.00 | $18,878.16 | $37,500.00 | $1,570,378.16 | $1,290,078.16 | $280,300.00 |
| | | | | | | | | | | | |
| Munger Tolles & Olson | Fourth Interim | 7/15/2020 | 8406 | 2/1/2020 - 5/31/2020 | 7/28/2020 | $10,143,473.50 | $672,541.33 | $330,000.00 | $10,486,014.83 | $5,440,065.78 | $5,045,949.05 |

| Retained Professional UNSECURED CREDITORS | Fee Request | Filing Date | Docket No. | Request Date Range | Objection Date | Fees Requested | Expenses Requested | Total Compromised Reduction with Fee Examiner | Net Amount Claimed | Total Payments | Net Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Centerview Partners*** | Fourth Interim | 7/15/2020 | 8412 | 2/1/2020 -6/30/2020 | 8/5/2020 | $1,250,000.00 | $9,722.68 | $1,236.01 | $1,258,486.67 | $409,722.68 | $848,763.99 |
| | | | | | | | | | | | |
| FTI Consulting**** | Fourth Interim | 7/15/2020 | 8414 | 2/1/2020 - 5/31/2020 | 8/5/2020 | $2,428,251.00 | $16,780.69 | $2,532.54 | $2,442,499.15 | $1,959,381.49 | $483,117.66 |

*Regarding Berman & Todderud, Court approval of this compromise constitutes approval of this firm's Final Fee Application [Docket No. 8624] because the time periods
subject to this compromise as well as a prior Court approved compromise cover all time and expenses subject to the Final Fee Application.

**As regards Latham & Watkins, this compromise relates to compensation and expenses sought for the period from November 1, 2019 to February 29, 2020, which is covered by the
monthly fee application [Docket No. 7017] filed on April 30, 2020.  The First Interim Fee Application filed by Latham & Watkins LLP [Docket No. 7837] covers the period from
November 1,2019 through January 31, 2020.  Accordingly, reference to "First Interim" is a reference to November 1, 2019 through February 29, 2020, which is the period covered by the compromise.

*** As regards Centerview, this compromise concerns only expenses.  Under Centerview's employment order, any objection to fees may only be made in response fo final fee applications.

****As regards FTI Consulting, the indicated reduction is in addition to FTI's voluntary reduction of $132,543.00 as set forth in the FTI Fourth Interim Fee Application.

| Retained Professional TORT CLAIMANTS | Fee Request | Filing Date | Docket No. | Request Date Range | Objection Date | Fees Requested | Expenses Requested | Total Compromised Reduction with Fee Examiner | Net Amount Claimed | Total Payments | Net Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Baker & Hostetler***** | Second Interim | 11/14/2019 | 4733 | 6/1/2019 - 9/30/2019 | 12/4/2019 | $11,494,553.25 | $ 1,899,103.14 | $ 474,363.45 | $12,919,292.94 | $ 11,094,745.74 | $ 1,824,547.20 |
| | Third Interim | 3/13/2020 | 6286 | 10/1/2019 - 1/31/2020 | 4/2/2020 | $15,252,640.50 | $ 3,574,530.67 | $ 634,315.48 | $18,192,855.69 | $ 15,776,643.07 | $ 2,416,212.62 |
| | Fourth Interim | 7/15/2020 | 8403 | 2/1/2020 - 5/31/2020 | 8/4/2020 | $14,563,600.00 | $ 1,847,978.50 | $ 592,105.85 | $15,819,472.65 | $ 13,498,858.50 | $ 2,320,614.15 |
| | | | | | | $41,310,793.75 | $ 7,321,612.31 | $ 1,700,784.78 | $46,931,621.28 | $ 40,370,247.31 | $6,561,373.97 |
| Lincoln Partners | Fourth Interim | 7/15/2020 | 8402 | 1/1/2020 - 5/31/2020 | 8/4/2020 | $8,766,589.50 | $41,284.46 | $225,000.00 | $8,582,873.96 | $2,564,736.19 | $6,018,137.77 |
| Lynn A. Baker, Esq. | First Interim | 3/16/2020 | 6325 | 1/27/2020 -1/31/2020 | 4/6/2020 | $720.00 | $0.00 | | | | |
| | Second Interim | 7/14/2020 | 8396 | 2/1/2020 -5/31/2020 | 8/3/2020 | $69,120.00 | $0.00 | | | | |
| | | | | | | $69,840.00 | $0.00 | $2,500.00 | $67,340.00 | $55,870.00 | $11,470.00 |
| Trident DMG LLC | Third Interim | 7/14/2020 | 8395 | 2/1/2020 0 5/31/2020 | 8/3/2020 | $140,000.00 | $3,234.40 | $0.00 | $143,234.40 | $ 115,234.40 | $28,000.00 |

***** As regards Baker & Hostetler, this firm's compromise is to reduce the firm's fees and expenses by 4%. Baker and Hostetler's "Expenses" in the Interim Applications include charges for expert witnesses that were paid directly to these expert witnesses and not to Baker & Hostetler and are not included in the compromise.
Thus, these expert witness charges were deducted from the Baker & Hostetler expense totals before calculating the 4% reduction. As a result, the Expenses Requested column reflects lower amounts than in the interim applications. The Fee Examiner is separately reviewing the charges reflected for the expert witness charges.