Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for WESTERN ENVIRONMENTAL CONSULTANTS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PG&E CORPORATION,<br>   - and –<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>             Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**WESTERN ENVIRONMENTAL CONSULTANTS, LLC'S OPPOSITION TO REORGANIZED DEBTORS' NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br>Date:  October 13, 2020<br>Time:  10:00 a.m.<br>Place: (Telephonic Appearance Only)<br>450 Golden Gate Avenue<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>Related Docket No. 8986 |

Western Environmental Consultants, LLC ("WEC") opposes the Reorganized Debtors' Ninth Omnibus Objection to Claims (No Liability Claims) [Dkt #8986] ("Objection") with respect to the Debtors' proposed treatment of WEC's Claim No. 97053. As grounds therefor, WEC respectfully states as follows:

## I. INTRODUCTION

The Objection requests that the Court disallow and expunge WEC's Claim No. 97053 ("Indemnity Claim"), which asserts a contingent, unliquidated indemnity claim related to certain pre-petition services that WEC provided to debtor Pacific Gas and Electric Company (the "Utility"). The basis for the Objection is that the Indemnity Claim is supposedly a "Protective Claim" that "assert[s] [a] protective, unliquidated claim[ ] *arising post-petition pursuant to an assumed executory agreement*." (emphasis added) As discussed below, the Debtors did not assume any executory contract with WEC because none exists. All contracts were terminated prepetition, as the Debtors confirmed in their confirmation brief and in an email to WEC's counsel. Moreover, the Indemnity Claim does not arise post-petition, as the Debtors contend, but rather arises pre-petition based upon pre-petition services that WEC provided to the Debtor. Finally, the Debtors appear to infer that the Indemnity Claim is not a "Fire Victim Claim" as defined in the Plan. WEC disputes this contention and reserves rights.

## II. BACKGROUND

On August 28, 2019, WEC filed Claim No. 8072 in the Utility's case in the amount of $796,948.83 (the "Prepetition Services Claim").[1] The rider attached to the Prepetition Services Claim states that WEC "provided pre-inspection services along existing power lines, and conducted an inventory of trees to be removed or trimmed" (the "Prepetition Services").[2] The Debtors have paid the Prepetition Services Claim.[3] Hence, there does not appear to be any dispute that WEC provided the Prepetition Services to the Debtor.

On February 27, 2020, WEC filed the Indemnity Claim in an amount to be determined.[4] The rider to the Indemnity Claim states, in part:

---

[1] WEC respectfully requests that the Court take judicial notice of the claims and pleadings referenced herein, which are of record in these cases.

[2] The Prepetition Services Claim amended Claim No. 2888 filed April 30, 2019.

[3] WEC has received a check from Prime Clerk, LLC for Pacific Gas & Electric Company Plan Distribution Account, Check No. 112448, in the amount of $830,637.36, consisting of $796,948.83 in "Principal" and $33,688.53 in "Income."

[4] The Indemnity Claim amended Claim No. 64130 filed October 18, 2019.

> To the extent that any claim is brought by PG&E Corp., the Utility or any other party against Claimant arising from or related in any way to the Pre-petition Services (a "Pre-petition Services Claim"), the Utility may be liable to the Claimant for contribution, indemnification, liability over, and/or as joint tortfeasor. Alternatively, the Utility may be directly liable to a third party in connection with the Pre-petition Services Claim.
>
> Based upon the foregoing, the Utility may be liable to the Claimant in a contingent and unliquidated amount.

Rider to Indemnity Claim at ¶¶ 4 – 5.

The Indemnity Claim preserves rights to indemnification and contribution from the Utility in the event that any party brings fire-related claims against WEC related to the Prepetition Services. As such, the Indemnity Claim qualifies as a "Fire Victim Claim" under the Plan. See Plan [Dkt #8053-1] at ¶¶ 1.78 ("Fire Claim means any Claim against the Debtors *in any way arising out of the Fires*…." (emphasis added)) and 1.79 ("Fire Victim Claim means any Fire Claim that is not a Public Entities Wildfire Claim, Subrogation Wildfire Claim, or a Subrogation Butte Fire Claim.")

WEC is informed that the Debtors previously considered the Indemnity Claim to be a Fire Victim Claim, and so instructed Prime Clerk to send WEC (as well as other vendors asserting indemnification and contribution claims) a Fire Victim Plan Solicitation Directive. See **Exhibit A** to the Declaration of Geoffrey A. Heaton filed herewith ("Heaton Decl."). WEC's counsel, in turn, sent Prime Clerk an executed Fire Victim Plan Solicitation Directive on behalf of WEC and certain other entities. Heaton Decl., **Exhibit B**.

On May 1, 2020, the Debtors filed their Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Dkt #7037] ("Plan Supplement"). Exhibit B to the Plan Supplement is a schedule of purported executory contracts that the Debtors intended to assume through the plan ("Exhibit B Schedule"). Among the purported executory contracts listed in the spreadsheet attached to the Exhibit B Schedule were two purported executory contracts with WEC.

WEC filed an Objection and Reservation of Rights [Dkt. #7242] ("Assumption Objection") in response to the Plan Supplement, confirming that WEC did not have any executory contracts with the Utility as of the Petition Date, and that all contracts between WEC and the Utility had been terminated prepetition. Assumption Objection at ¶ 13. On May 22, 2020, the Debtors filed Plan

Proponents' Joint Memorandum of Law and Omnibus Response in Support of Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization [Dkt #7528] ("Plan Proponents' Omnibus Response"), in which the Debtors <u>agreed that there were no executory contracts between either of the Debtors and WEC</u>.  Specifically, the Debtors stated:

> Certain unsecured creditors, including Arbor Metrics, LLC [Docket No. 7233] … *and others*, contended in cure objections that their contracts with the Debtors had terminated prior to the Petition Date, and therefore were erroneously listed in the Assumption Schedule…. ***The Debtors, upon further review, have determined that they agree with these parties that their contracts were previously terminated and are not executory***.

Plan Proponents' Omnibus Response at p. 55, n. 22 (emphasis added).

Likewise, in the "Summary Chart of Objections to Confirmation of Plan" attached to the Plan Proponents' Omnibus Response, the Debtors state, with respect to WEC (pages 3 – 4 of 21, row 4), that "[t]he Plan Proponents agree that none of the agreements between the Debtors and each of the parties are executory[.]"

Moreover, on May 22, 2020, Debtors' counsel at the Weil, Gotshal firm sent ArborMetrics' undersigned counsel an email stating, "Upon further review, the Debtors have determined that they agree that PG&E's contracts with your clients … ***have all previously expired or terminated and are, therefore, not executory***." WEC is among the "clients" identified in the email.  <u>See</u> Heaton Decl., **Exhibit C**.

On September 3, 2020, the Debtors filed the Objection, contending that the Indemnity Claim should be disallowed because it is one of various "Protective Claims," defined as claims that "assert protective, unliquidated claims ***arising post-petition pursuant to an assumed executory agreement***."  Objection at p. 4 of 7 (emphasis added).  The Debtors aver that they "will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-assumption failure of the Reorganized Debtors to perform or honor their obligations under such agreements."  <u>Id.</u>

Moreover, the Notice of the Reorganized Debtors' Ninth Omnibus Objection to Claims (No Liability Claims) ("Objection Notice"), served on WEC in connection with the Objection, contains the following language in bold font:

**These Omnibus Claims Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.**

Objection Notice at p. 3 (Heaton Decl., **Exhibit D**). WEC is uncertain whether this language means that no Fire Victim Claims are the subject of the Objection, and, therefore, the Debtors do not consider the Indemnity Claim to be a Fire Victim Claim, or if it simply means that certain procedures for responding to the Objection do not apply to holders of Fire Victim Claims.

### III. DISCUSSION

#### A. The Entire Premise of the Objection Is Inapplicable to WEC.

The premise of the Objection is that the Indemnity Claim is an unliquidated claim "arising post-petition pursuant to an assumed executory agreement." This is incorrect in two respects. First, the claim does not arise pursuant to an assumed executory contract, because, as the Debtors previously conceded in both the Plan Proponents' Omnibus Response (quoted above) and in an email to WEC's counsel (Heaton Decl., Exhibit C), there are no executory contracts between WEC and the Debtors. Any agreements were terminated prepetition.

Second, the Indemnity Claim does not arise post-petition. Rather, it is a contingent, unliquidated claim that arose prepetition in connection with the Prepetition Services. While the claim may become liquidated and non-contingent post-petition, it is nonetheless a prepetition claim. See SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.), 571 F.3d 826, 839 (9th Cir. 2009) ("It is well-established that a claim is ripe as an allowable claim in a bankruptcy proceeding even if it is a cause of action that has not yet accrued.")

In short, the Indemnity Claim is not based upon an assumed executory contract, and is not a post-petition claim. The concerns that the Debtors articulate in the Objection are nonexistent, and the entire premise of the Objection is inapplicable to the Indemnity Claim. Accordingly, the Court should overrule the Objection with respect to the Indemnity Claim.

#### B. The Indemnity Claim Is a Fire Victim Claim.

As mentioned, the Objection Notice states, "These Omnibus Claims Objection Procedures DO NOT APPLY to any proofs of claim with respect to … FIRE VICTIM CLAIMS…" Heaton Decl., Exhibit D. The Debtors appear to infer that the Objection does not apply to Fire Victim

Claims, and therefore the Indemnity Claim is not a Fire Victim Claim. Or, perhaps the Debtors mean that none of the procedures described in the Objection (e.g., deadline to file a response, required contents of a response, etc.) apply to Fire Victim Claims, in which case why include Fire Victim Claims in the Objection at all?

It appears the Debtors previously considered the Indemnity Claim to be a Fire Victim Claim, and so instructed Prime Clerk to send WEC's counsel a Fire Victim Plan Solicitation Directive, which WEC filled out and returned to Prime Clerk. Heaton Decl., Exhibits A and B.

Nonetheless, apart from how the Debtors now classify the Indemnity Claim, it indisputably is a Fire Victim Claim because it (1) is a "Claim against the Debtors in any way arising out of the Fires" (Plan at ¶ 1.78), and (2) is "not a Public Entities Wildfire Claim, Subrogation Wildfire Claim, or a Subrogation Butte Fire Claim" (Plan at ¶ 1.79). Specifically, the Indemnity Claim asserts rights of indemnification and contribution against the Utility should any party bring fire-related claims against WEC arising from the Prepetition Services.[5]

In any event, to the extent that the Debtors contend that the Indemnity Claim is not a Fire Victim Claim under the Plan, WEC disputes this contention and reserves rights.

## IV. CONCLUSION

The Debtors' stated bases for the Objection are non-existent as to WEC. For all the foregoing reasons, the Court should overrule the Objection with respect to the Indemnity Claim.

Dated: September 25, 2020

**DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (206990)
GEOFFREY A. HEATON
Attorneys for WESTERN ENVIRONMENTAL CONSULTANTS, LLC

---

[5] As an aside, WEC questions why the Debtors use estate funds to object to a Fire Victim Claim, since any recovery will come from the Fire Victim Trust.