WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>         - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                              **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br><br>**REORGANIZED DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018 FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF (1) CONFIDENTIAL SETTLEMENT AND (2) MOTION FOR ORDER APPROVING SAME**<br><br>[No Hearing Requested] |

| | |
|---|---|
| 1 | PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the |
| 2 | "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Reorganized** |
| 3 | **Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this |
| 4 | Motion (the "**Motion to Seal**"), pursuant to sections 105(a) and 107(b) of title 11 of the United |
| 5 | States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure |
| 6 | (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States |
| 7 | District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *New* |
| 8 | *District Wide Procedures for Electronically Filing Sealed and Redacted Documents* adopted by the |
| 9 | United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), |
| 10 | for entry of an order authorizing the Reorganized Debtors to file the Agreement (as defined below) |
| 11 | and the Motion for its approval, including supporting declaration(s) (the "**Approval Motion**") |
| 12 | under seal and (ii) directing that the Agreement and the Approval Motion shall remain under seal |
| 13 | and confidential and not be made available to anyone (except for the parties identified in the |
| 14 | immediately following sentence) without the consent of the Reorganized Debtors and the |
| 15 | Counterparty (as defined below) or further order from the Court. The Reorganized Debtors shall |
| 16 | provide the Approval Motion and Agreement to the Court and the Office of the United States |
| 17 | Trustee for the Northern District of California (the "**U.S. Trustee**") on a confidential basis. |
| 18 | In support of the Motion to Seal, the Reorganized Debtors respectfully refer to the |
| 19 | Approval Motion, filed contemporaneously herewith. A proposed form of order granting the relief |
| 20 | requested herein is submitted concurrently herewith in accordance with the Local Procedures (the |
| 21 | "**Proposed Order**"). |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On June 20, 2020, the Court entered an Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, supplemented, or amended from time to time, and together with all schedules and exhibits thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252].

After much negotiation, the Reorganized Debtors and a certain party (the "**Counterparty**") have reached an agreement to resolve a dispute which affects the implementation of the Plan. The Reorganized Debtors and the Counterparty have documented their agreement (the "**Agreement**"), together with the Approval Motion, both of which are filed concurrently herewith under seal pursuant to the Local Procedures.

Because the Agreement includes sensitive and confidential commercial information, the Reorganized Debtors and the Counterparty have agreed that it is essential that the Agreement would not be publicly disclosed. The Counterparty has, however, consented to the Reorganized Debtors filing the Agreement and Approval Motion under seal with the Court and providing the Agreement and Approval Motion to the U.S. Trustee on a confidential basis.

## III. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—

> (1) protect an entity with respect to a trade secret or *confidential* research, development, or *commercial information* . . . .

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application". *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity". 11 U.S.C. § 107(b). Unlike its counterpart Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause". *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature". *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors", *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that "§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Finally, Local Procedures require that a request for

seal is narrowly tailored to sealable materials. *New District Wide Procedures For Electronically Filing Sealed and Redacted Documents*.

The Reorganized Debtors respectfully submit that the entire subject matter of the Agreement is confidential in nature, and its public disclosure would cause commercial injury to the Reorganized Debtors' estates and the reorganization process. Specifically, disclosure of the terms of the resolution provided by the Agreement could adversely affect the Reorganized Debtors' relationships with other parties who are in a similar relationship to the Reorganized Debtors as the Counterparty. Because the Agreement contains confidential commercial information within the scope of section 107(b), this Court should grant the Reorganized Debtors' request. The same considerations apply equally to the Approval Motion.

The Agreement is the product of arm's length, extensive and good faith negotiations, and due to the commercially sensitive nature of the contents of the Agreement, the public disclosure of the Agreement would likely cause substantial harm to the Debtors and the Counterparty. Accordingly, the Debtors and the Counterparty have agreed to keep the Agreement confidential.

**IV. NOTICE**

Notice of this Motion to Seal will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew Vara, Esq. and Timothy Laffredi, Esq.); (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Tort Claimants; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the Office of the California Attorney General; (vii) the California Public Utilities Commission; (viii) the Nuclear Regulatory Commission; (ix) the Federal Energy Regulatory Commission; (x) the Office of the United States Attorney for the Northern District of California; (xi) counsel for the agent under the Debtors' debtor-in-possession financing facilities; (xii) counsel for the Counterparty; and (xiii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 25, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

　　/s/ *Theodore E. Tsekerides*

Theodore E. Tsekerides

*Attorneys for Debtors and Reorganized Debtors*