Alan J. Jang (SBN 83409)
Stephanie A. Yee (SBN 172251)
**Jang & Associates, LLP**
1766 Lacassie Avenue, Suite 200
Walnut Creek, California 94596
Telephone: (925) 937-1400
Facsimile: (925) 937-1414
*ajang@janglit.com*
*syee@janglit.com*

Attorneys for
CSAA INSURANCE EXHANGE

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case – Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY CSAA INSURANCE EXCHANGE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAURA BROWN AND DECLARATION OF STEPHANIE A. YEE**<br><br>Date: October 28, 2020<br>Time: 10:00 a.m. (Pacific)<br>Place: Telephonic/ Video Appearances Only United States Bankruptcy Court, Courtroom 17, 450 Golden Gate Ave., 16th Floor, San Francisco, CA<br>Judge: Honorable Dennis Montali<br><br>Objection Deadline: October 21, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Jang & Associates, LLP, represents several subrogation plaintiffs, including CSAA Insurance Exchange ("CSAA" or "Movant"), concerning the 2017 "North Bay fires," 2018 "Camp Fire," and 2015 "Butte Fire." In addition, Jang & Associates, LLP filed proof of claim forms on behalf of a few Individual Plaintiffs and Subrogation Plaintiffs in non-wildfire matters against the Debtors.

Jang & Associates, LLP respectfully files, on behalf of CSAA, this motion to deem timely the late filing of a proof of claim form regarding a subrogation claim for damages which arises out of a residential fire which occurred on or about January 17, 2019.

## I.     Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this action, due to mistake, carelessness and inadvertence, a proof of claim was not timely filed. There is no prejudice to the Debtor as the Debtors' estates are solvent and will continue to be solvent after all creditors in this bankruptcy matter are satisfied. In addition, the equities would favor granting this motion as this case has a date of loss of January 17, 2019 and the statute of limitations would not normally expire until January 17, 2022.

## II.    Factual Background

Movant CSAA is fully licensed to do business as an insurance carrier in the State of California. Charles Hemingway ("Hemingway" or "Insured"), who resides at 24257 Sugarpine Drive, Sugarpine, California ("Insured's Property"), holds a homeowner's insurance policy with CSAA. Hemingway's insurance policy obligated CSAA to indemnify Hemingway against loss or damage to the Insured's Property for losses covered under the CSAA insurance policy.

CSAA alleges that a fire ignited on or about January 17, 2019 at the Insured's Property when a transformer that was owned, operated and maintained by Debtor exploded, causing a fire to travel down a conductor to the Insured's residence. The Insured suffered losses to his real and personal property as a result of the fire, and CSAA has reimbursed its Insured for said losses.

CSAA seeks to file a late proof of claim for its subrogation interests arising from this fire. CSAA is subrogated to the rights of its Insured, and stands in the shoes of its Insured, to recover payments it made to its Insured from the Debtor, the alleged third party responsible for starting

this fire.

Due to mistake and excusable neglect, a proof of claim form was not filed for this claim. At all relevant times prior to and after the bar date for filing a proof of claim form, this matter was being handled by Laura Young, a member of CSAA's subrogation unit.

On or about January 8, 2019, this claim was referred to CSAA's subrogation department for review and potential subrogation recovery from PG&E. CSAA employee Laura Young was assigned to this file. On or about March 25, 2019, Laura Young was provided instructions from CSAA on how to file a claim against PG&E in bankruptcy court. The email provided a link to the prime clerk page, which stated the deadline to file a Proof of Claim.

On or about July 8, 2019, Laura Young sent a demand letter to PG&E. PG&E assigned claim number A19131330 to this claim. PG&E advised Ms. Young that PG&E filed for bankruptcy on January 20, 2019, and that this claim would need to be filed with the bankruptcy court. PG&E did not advise Ms. Young that there was a bar date to do so.

Laura Young did not file a Proof of Claim form on behalf of CSAA for this claim. Ms. Young continued to handle this claim file until her employment with CSAA ended in February of 2020.

On September 2, 2020, Laura Brown, senior subrogation specialist with CSAA, spoke to Laura Young to ascertain why a proof of claim form was not timely filed for this claim. Ms. Young advised that she knew that this claim needed to be filed with bankruptcy court, but was unaware of a bar date. Ms. Young further stated that she understood that filing deadlines are important and that if she knew that there was a bar date, she would have timely filed a proof of claim form.

Since Laura Young was provided instructions on how to timely and properly file a proof of claim form, her failure to do so was a mistake due to her inadvertence, neglect and carelessness.

After receiving the necessary information from Movants, Jang & Associates LLP filed proof of claim number 106473 on behalf of Movant on September 14, 2020. A true and correct copy of the proof of claim form is attached as Exhibit 1 to the Declaration of Stephanie A. Yee.

Jang & Associates, LLP now brings this Motion to deem the proof of claim form, 106473 as being timely filed.

Jang & Associates, LLP filed several proof of claim forms for subrogation plaintiffs, including CSAA Insurance Exchange ("CSAA" or "Movant"), concerning the 2017 "North Bay Fires," 2018 "Camp Fire," and 2015 "Butte Fire." In addition, Jang & Associates, LLP filed proof of claim forms on behalf of a few Individual Plaintiffs and Subrogation Plaintiffs in non-wildfire matters against the Debtors. With respect to the proof of claim forms filed by Jang & Associates, LLP regarding non-wildfire matters, none of these matters have yet to resolve with PG&E. In addition, formal discovery has been stayed concerning these matters during the time in which PG&E has been in bankruptcy.

**III.     Bankruptcy Procedural Background**

On January 29, 2019, PG&E Corporation ("PG&E Corp.") and its primary operating subsidiary, Pacific Gas and Electric Company ("PG&E Company" or together with "PG&E Corp.," "PG&E" or "Debtors"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California.

The deadline for filing all proofs of claim in respect of any prepetition claim against PG&E was October 21, 2019 (the "General Bar Date"). The deadline for filing claims was extended to December 31, 2019 (the "Extended Bar Date") solely for the benefit of any non-governmental Fire Claimants who have not filed Proofs of Claim by the General Bar Date.

On June 20, 2020, the Bankruptcy Court entered an order [Docket No. 8053] (the "Confirmation Order") confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020 [Docket No. 8048]. The Effective Date of the Plan occurred on July 1, 2020.

**IV.     Legal Analysis**

Rule 3003(c) of the Federal Rules of Bankruptcy Procedure ("Rule") sets out the requirements for filing proofs of claim. Rule 3003(c)(3) allows the time to file a proof of claim to be extended under certain circumstances. Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of

excusable neglect." Excusable neglect has been interpreted by the courts to include inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 U.S. 380, 388 ("*Pioneer*").

In Chapter 11 matters, bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization. *Id.* This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry. *Id.*

Factors for determining what sorts of neglect will be considered "excusable" include the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Services, Co., supra,* 507 U.S. 380 at 395.

In the case of *Pioneer*, the court held that an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute "excusable neglect" within the meaning of the Rule. The attorney was an experienced bankruptcy attorney who received the complete case file from his client. Within the case file included a "Notice for Meeting of Creditors" which included an announcement that "You must file a proof of claim if your claim is scheduled as disputed, contingent, or unliquidated, is unlisted or you do not agree with the amount. … Bar date is August 3, 1989." When the client inquired about a deadline to file claims, the attorney assured the client that no bar date had been set and there was no urgency in filing proofs of claim. Both client and attorney attended the meeting of creditors.

In *Pioneer*, the U.S. Supreme Court found that the notice of the bar date was not prominently displayed in the notice, which is out of the ordinary, but that the bankruptcy attorney was still remiss in failing to apprehend the notice. However, because there was no evidence of prejudice to the petitioner or to the judicial administration in the case, or any indication at all of bad faith, the court concluded that the neglect of the bankruptcy attorney was, under all the circumstances, "excusable." *Pioneer Inv. Services Co., supra,* 507 U.S. at 398-399.

Similar to the facts in *Pioneer*, analysis of the factors for determining whether neglect is "excusable" favor a determination that Movant's neglect is "excusable." Foremost, there is no danger of prejudice to the Debtors, as the Debtors' estates are solvent and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc.,* (Bankr. S.D.N.Y. 2015) 523 B.R. 54, 75-76 and *In re Sheehan Mem'l Hosp.*, (Bankr. W.D.N.Y 2014) 507 B.R. 802, 803 (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.) In addition, if this matter was not in bankruptcy court, the statute of limitations for this claim would not otherwise run until January of 2022. Further, the value of this claim is inconsequential relative to the value of Debtors' estates. This claim provides no threat to the successful reorganization of Debtor.

Secondly, the delay in filing the subject Proof of Claim will not impact the judicial proceedings. On June 20, 2020, the Bankruptcy Court entered an order confirming the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020. This plan was confirmed prior to the time that all Proof of Claim forms had resolved. Indeed, each claim form filed by Jang & Associates, LLP which did not involve a wildfire have yet to resolve. In addition, formal discovery has been stayed while this matter has been in bankruptcy court. This instant claim is not necessarily "delayed or behind" other claims in which a Proof of Claim form was timely filed. Therefore, the judicial proceedings will not be affected by this request for a late filed Proof of Claim form.

Third, the reason for the delay in filing a Proof of Claim form is simply mistake, inadvertence, neglect and carelessness. The CSAA subrogation specialist assigned to this claim failed to properly read, apprehend and appreciate an email which provided instructions to timely file a claim in the bankruptcy court against PG&E. There was no intent to deceive or bad faith involved. Indeed, Movant had nothing to gain but everything to lose by missing the Bar Date.

///

///

///

///

## V. Conclusion

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that the Proof of Claim filed by Movant (Exhibit 1) be allowed as having been timely filed;
3. Granting such other and further relief as the Court deems just and proper.

Date: September 25, 2020

**JANG & ASSOCIATES, LLP**

By: /s/ Stephanie A. Yee
Alan J. Jang, Esq.
Stephanie A. Yee, Esq.
Attorneys for CSAA Insurance Exchange

# DECLARATION OF LAURA BROWN

I, Laura Brown, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.
2. The facts set forth below are true and correct of my personal knowledge.
3. I am a Senior Subrogation Specialist with CSAA Insurance Group, a AAA insurer.
4. I have reviewed the claim file for the claim at issue, CSAA Claim No. 1003-07-9024, concerning the insured, Charles Hemingway.
5. This case involves a date of loss on January 17, 2019.
6. On or about January 18, 2019, this claim was forwarded to the CSAA subrogation department for review and potential subrogation recovery from PG&E.
7. Laura Young from the CSAA subrogation department was assigned to this file.
8. On or about March 25, 2019, I sent an email to the CSAA subrogation team, including Laura Young, to provide the team with instructions on how to file a claim against PG&E in bankruptcy court. The email provided a link to the prime clerk page, which stated the deadline to file a Proof of Claim.
9. On or about July 8, 2019, Laura Young sent a demand to PG&E, PG&E claim #A19131330.
10. PG&E advised Ms. Young that PG&E filed for bankruptcy on January 20, 2019, and that this case would need to be filed with the bankruptcy court. PG&E did not advise Ms. Young that there was a bar date to do so.
11. Laura Young did not file a proof of claim form on behalf of CSAA for this claim file at issue.
12. Laura Young's employment at CSAA ended in February of 2020. Laura Young continued to be assigned to this case from January 2019 to February 2020.
13. On September 2, 2020, I spoke with Laura Young concerning this claim file. Ms. Young stated that she was aware that this claim needed to be filed with the

bankruptcy court. However, she did not know that there was a bar date. Ms. Young is aware that filing deadlines are important. If she had realized that there was a bar date, she would have timely filed the Proof of Claim form.

14. Since I provided Laura Young with instructions on how to timely and properly file a proof of claim form on or about March 25, 2019, her failure to do so was a mistake due to her inadvertence, neglect and carelessness.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this  15  day of September 2020.

*Laura M Brown*
Laura Brown

# DECLARATION OF STEPHANIE A. YEE

I, Stephanie A. Yee, declare:

1. I am an attorney with Jang & Associates, LLP, attorneys for movant CSAA Insurance Exchange, and am duly licensed to practice before all courts in the State of California.
2. I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I would and could competently testify, therewith.
3. Our office represents several subrogation plaintiffs, including CSAA Insurance Exchange ("CSAA" or "Movant"), concerning the 2017 "North Bay Fires," 2018 "Camp Fire," and 2015 "Butte Fire." In addition, Jang & Associates, LLP filed proof of claim forms on behalf of a few Individual Plaintiffs and Subrogation Plaintiffs in non-wildfire matters against the Debtors.
4. If our office received the referral of this claim file prior to the General Bar Date, a proof of claim would have been timely filed on behalf of CSAA concerning this claim.
5. In the weeks prior to the General Bar Date, our office was focused on timely filing all applicable proof of claims which we had in our office prior to the deadline.
6. A true and correct copy of the Proof of Claim form filed for this claim is attached as Exhibit 1. This Proof of Claim form was filed on September 14, 2020.
7. With respect to the proof of claim forms which my office filed against Debtors, outside of the 2017 "North Bay Fires," 2018 "Camp Fire," and 2015 "Butte Fire," none of those cases have resolved with PG&E. Indeed, while our office has engaged in negotiations with PG&E concerning these other cases, there has been no exchange of formal discovery during the time in which PG&E has been in bankruptcy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 25, 2020 in Orinda, California.

*/s/ Stephanie A. Yee*
Stephanie A. Yee

# EXHIBIT 1

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
Debtors.

Bankruptcy Case No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
CSAA Insurance Exchange as subrogee of Charles Hemingway
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? ____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes

A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Jang & Associates, LLP
Attorney Name (if applicable): Stephanie A. Yee
Attorney Bar Number (if applicable): 172251
Street Address: 1766 Lacassie Avenue, Suite 200
City: Walnut Creek
State: California
Zip Code: 94596
Phone Number: 9259371400
Email Address: klockwood@janglit.com

Where should payments to the creditor be sent? (if different)
Name: ____
Attorney Name (if applicable): ____
Attorney Bar Number (if applicable): ____
Street Address: ____
City: ____
State: ____
Zip Code: ____
Phone Number: ____
Email Address: ____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) ____ Filed on ____ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? ____

| | | |
|---|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date this Claim Form is Filed** | |
| 7. | What fire is the basis of your claim?<br>Check all that apply. | ☐ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☑ Other (please provide date and brief description of fire): On January 17, 2019, a transformer on a telephone pole blew out during a wind storm, causing fire to travel down the wire to the insured's home. |
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?) | Location(s): 24257 Sugarpine Road<br>Sugarpine, CA 95383 |
| 9. | How were you and/or your family harmed?<br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>☑ Owner ☐ Renter ☐ Occupant ☑ Other (Please specify): CSAA as subrogee<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☐ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☑ Other (Please specify): CSAA is the homeowner's insurance carrier who paid for the repairs. |
| 10. | What damages are you and/or your family claiming/seeking?<br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☐ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☑ Other (Please specify): Inverse condemnation costs per CCP § 1036. |
| 11. | How much is the claim? | ☑ $ 372,993.41 _____ (optional)<br>☐ Unknown / To be determined at a later date |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Stephanie A. Yee*
Stephanie A. Yee (Sep 14, 2020 15:25 PDT)

Email: klockwood@janglit.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Stephanie A. | Yee, Esq | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Jang & Associates, LLP. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1766 Lacassie Avenue, Suite 20 | | |
| | Number  Street | | |
| | Walnut Creek | CA | 94596 |
| | City | State | ZIP Code |
| Contact phone | 9259371400 | Email | syee@janglit.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation. (attach below)  ☒ I do not have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date this claim form is filed.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent)*. See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

Do not file these instructions with your form

# Electronic Proof of Claim_@#PU!27402[[CSLT#4025#CF]]

Final Audit Report 2020-09-14

| Created: | 2020-09-14 |
|---|---|
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAARFh3tNFeqVm6qTeXpVG6l7t93UWoJVoP |

## "Electronic Proof of Claim_@#PU!27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-09-14 - 10:10:38 PM GMT

- Web Form filled in by Stephanie A. Yee (klockwood@janglit.com)
  2020-09-14 - 10:25:38 PM GMT- IP address: 73.222.166.82

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/85.0.4183.102 Safari/537.36)
  2020-09-14 - 10:25:40 PM GMT- IP address: 73.222.166.82

- Signed document emailed to Stephanie A. Yee (klockwood@janglit.com) and Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-09-14 - 10:25:40 PM GMT

Prime Clerk | POWERED BY Adobe Sign