1

WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and*
*Reorganized Debtors*

**Signed and Filed: September 25, 2020**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

17
18
19
20
21
22
23
24
25
26

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>           **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING ADR AND RELATED PROCEDURES FOR RESOLVING GENERAL CLAIMS**<br><br>[Refers to Dkt. No. 8970]<br><br>Date: September 22, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: **(Telephonic or Video Only)**<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

27
28

Upon the motion, dated September 1, 2020 (the "**Motion**"),[1] [Dkt. No. 8970] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or, as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order:

    (a)    approving the procedures, attached hereto as **<u>Exhibit A-1</u>** (the "**General Claims Information Procedures**"), requiring General Claimants to submit to the Reorganized Debtors certain limited and targeted information necessary to allow the Reorganized Debtors to evaluate individual General Claims for potential resolution, including without limitation, approving the form of Information Request Form;

    (b)    approving the procedures, attached hereto as **<u>Exhibit A-2</u>** (the "**General ADR Procedures**"), for the potential settlement of General Claims, including, without limitation, (i) procedures to allow the Reorganized Debtors and General Claimants to exchange settlement offers, and (ii) procedures for both standard and abbreviated mandatory non-binding mediation of General Claims, including, without limitation, approving the form of Abbreviated Mediation Notice and Standard Mediation Notice; and

    (c)    providing:

        i.    authority for the Reorganized Debtors to agree to modification of the Plan Injunction in connection with pending actions involving General Claims solely to permit the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors;

        ii.    authority for the Reorganized Debtors and a holder of a General Claim to jointly agree to modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court, in order to advance the settlement objectives of this Motion; and

        iii.    an extension of the deadline for the Reorganized Debtors to object to any Claim that has been made subject to any of the General Claims Procedures until the later of (a) the general Claims objection deadline set by Plan § 7.1

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] as applicable.

<blockquote>
(as it may be extended by the Court for cause shown), or (b) 60 days after the termination of the last General Claims Procedure employed; on the condition that there is no interim gap of more than 60 days between the termination of one and the commencement of another General Claims Procedure,
</blockquote>

and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on the Motion; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the McWilliams Declaration submitted in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The General Claims Information Procedures attached hereto as **Exhibit A-1** are approved, and the Reorganized Debtors are authorized to implement the General Claims Information Procedures as set forth therein.

3. The Information Request Form, substantially in the form attached hereto as **Annex 1**, is approved. The Reorganized Debtors are authorized to serve the Information Request Form in accordance with the General Claims Information Procedures.

4. The General ADR Procedures attached hereto as **Exhibit A-2**, including without limitation, the Offer Procedures and the General Mediation Procedures, are approved and the Reorganized Debtors are authorized to implement the General ADR Procedures as set forth therein.

5. The Abbreviated Mediation Notice and the Standard Mediation Notice, substantially in the forms annexed hereto as **Annex 2** and **Annex 3**, respectively, are approved. The Reorganized Debtors are authorized to send the Abbreviated Mediation and the Standard Mediation Notice in accordance with the General ADR Procedures.

6. The Reorganized Debtors may employ sequentially any combination of the General

Claims Information Procedures and any or all of the General ADR Procedures.  In the event a General Claim designated for the General Claims Information Procedures, the Offer Procedures, or the General Mediation Procedures is not resolved through the Offer Procedures or the General Mediation Procedures, as applicable, and no more than sixty (60) days has elapsed between the completion of one of such procedures and the commencement of another of such procedures, the deadline for the Reorganized Debtors to object to such General Claim shall be the later of (i) the deadline set forth in Section 7.1 of the Plan (as it may be extended for cause shown), and (ii) sixty (60) days after the termination of the last of such Information, Offer, or General Mediation Procedures.

7.    The Reorganized Debtors are authorized, without further order of this Court, to agree to modification of the Plan Injunction in connection with pending actions involving General Claims solely to permit the parties to those pending actions to participate in settlement-related activities, including mediation and/or informal settlement discussions, entering into settlement agreements, and filing and having heard and decided in and by the non-bankruptcy courts in which such actions are pending, motions to determine settlements to be in good faith and petitions to authorize compromises by minors.

8.    The Reorganized Debtors have authority to agree with a holder of a General Claim to jointly modify the General ADR Procedures in individual instances, in each instance without the need for further order of this Court.

9.    For purposes of the General Claims Information Procedures, the General ADR Procedures, or any other relief granted in connection with the Motion, the definition of General Claims shall exclude the following Claims: Environmental Claims; 2001 Utility Exchange Claims; 2003 Watershed Lands Obligations; Claims related to the DWR Bond Charge; and Claims based on FERC Tariff Rate Proceedings.

10.    The Claims listed on **Exhibit A-3** hereto are exempted from the General Claims Information Procedures and General ADR Procedures.

11.    Notwithstanding anything to the contrary in the Motion, this Order, the General ADR Procedures or any notice pursuant thereto, the General ADR Procedures shall not apply to and

General Claims shall not include (a) Workers' Compensation Claims; (b) claims asserted under the Reorganized Debtors' directors' and officers', crime and fiduciary Insurance Policies (as defined in the next paragraph); (c) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (d) direct action claims against any of the Reorganized Debtors' insurers under applicable non-bankruptcy law; (e) any claims or actions relating to any claims between the Reorganized Debtors' insurers, on the one hand, and the Reorganized Debtors, on the other hand; and (f) any declaratory judgment actions regarding insurance coverage issues.

12. Nothing in this Order, the General ADR Procedures or any notice pursuant thereto (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to or providing coverage to the Reorganized Debtors at any time and any related agreements (collectively, the "Insurance Policies"); or (ii) any duty or right of the Reorganized Debtors or any insurers under the Insurance Policies; (b) creates or permits a direct right of action against any of the Reorganized Debtors' insurers; (c) obligates an insurer to be bound by a resolution of the General Claim; (d) requires an insurer to pay, in whole or in part, a General Claim resolved through the General ADR Procedures; or (e) obligates an insurer to participate in or in any way administer the General ADR Procedures or any notices required pursuant thereto.

13. Notice of the General Claims Procedures Motion as provided therein shall be deemed good and sufficient and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

14. The Debtors are authorized to take all necessary actions to effect the relief granted pursuant to this Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **