# EXHIBIT D

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 8-K

### CURRENT REPORT

Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

**Date of Report: August 3, 2020**
(Date of earliest event reported)

| Commission File Number | Exact Name of Registrant as specified in its charter | State or Other Jurisdiction of Incorporation or Organization | IRS Employer Identification Number |
|---|---|---|---|
| 001-12609 | PG&E CORPORATION | California | 94-3234914 |
| 001-02348 | PACIFIC GAS AND ELECTRIC COMPANY | California | 94-0742640 |




**77 BEALE STREET**
**P.O. BOX 770000**
**SAN FRANCISCO, California 94177**
(Address of principal executive offices) (Zip Code)
**(415) 973-1000**
(Registrant's telephone number, including area code)

**77 BEALE STREET**
**P.O. BOX 770000**
**SAN FRANCISCO, California 94177**
(Address of principal executive offices) (Zip Code)
**(415) 973-7000**
(Registrant's telephone number, including area code)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b)
☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common stock, no par value | PCG | The New York Stock Exchange |
| Equity Units | PCGU | The New York Stock Exchange |
| First preferred stock, cumulative, par value $25 per share, 5% series A redeemable | PCG-PE | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 5% redeemable | PCG-PD | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 4.80% redeemable | PCG-PG | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 4.50% redeemable | PCG-PH | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 4.36% series A redeemable | PCG-PI | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 6% nonredeemable | PCG-PA | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 5.50% nonredeemable | PCG-PB | NYSE American LLC |
| First preferred stock, cumulative, par value $25 per share, 5% nonredeemable | PCG-PC | NYSE American LLC |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company     PG&E Corporation     ☐
Emerging growth company     Pacific Gas and Electric Company     ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.

Pacific Gas and Electric Company

**Item 8.01. Other Events.**

*Equity Units Over-Allotment Option Issuance*

As previously disclosed, on June 25, 2020, PG&E Corporation (the "Corporation") entered into an underwriting agreement with Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC, as representatives of the several underwriters named in Schedule I thereto (the "Units Underwriters"), pursuant to which the Corporation agreed to sell 14,545,455 prepaid forward stock purchase contracts (the "Purchase Contracts") to the Units Underwriters in order for the Units Underwriters to sell 14,545,455 equity units (the "Units"), with each Unit having a stated amount of $100.00 (the "Units Offering"). In connection with the Units Offering, the Corporation granted the Units Underwriters a 30-day option (the "Units Over-Allotment Option") to purchase up to an additional 1,454,545 Purchase Contracts to be used by the Units Underwriters to create up to an additional 1,454,545 Units. The Units Offering closed on July 1, 2020, and the Corporation issued and sold a total of 14,545,455 Units.

As previously announced by the Corporation, on July 24, 2020, the Units Underwriters exercised in full the Units Over-Allotment Option. Accordingly, on August 3, 2020, the Corporation issued and sold an additional 1,454,545 Purchase Contracts to be used by the Units Underwriters to create an additional 1,454,545 Units (such issuance, the "Additional Units Issuance"). The Additional Units Issuance was made pursuant to the Corporation's Registration Statement on Form S-3 (File No. 333-236629-01).

*Greenshoe Backstop Issuance*

Also as previously disclosed, the Corporation entered into Forward Stock Purchase Agreements (the "Forward Stock Purchase Agreements") with certain investors (the "Backstop Parties"), pursuant to which the Backstop Parties severally agreed, subject to certain terms and conditions, to purchase up to an aggregate amount of shares of common stock of the Corporation, no par value ("Common Stock"), equal to $522,727,273 (the "Aggregate Greenshoe Backstop Purchase Amount"), at a price per share equal to $9.50 (the "Settlement Price"), in order to backstop, in part, the Units Over-Allotment Option.

In connection with the Additional Units Issuance and pursuant to the terms of the Forward Stock Purchase Agreements, on August 3, 2020, the Corporation (i) redeemed a portion of the rights under the Forward Stock Purchase Agreements to receive shares of Common Stock and returned approximately $120,523,000 to the Backstop Parties and (ii) issued and delivered to the Backstop Parties 42,337,173 shares of Common Stock, representing the unredeemed portion of the Aggregate Greenshoe Backstop Purchase Amount *divided by* the Settlement Price (without any issuance in respect of fractional shares).

*Additional Fire Victim Trust Share Issuance*

Also as previously disclosed, on July 1, 2020, pursuant to the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020 [Docket No. 8048] (the "Plan"), Pacific Gas and Electric Company (the "Utility") transferred to the PG&E Fire Victim Trust (the "Fire Victim Trust") 476,995,175 shares of Common Stock.

In connection with the Additional Units Issuance and pursuant to certain adjustment rights set forth in the Plan and in an assignment agreement entered into among the Corporation, the Utility and the Fire Victim Trust, on August 3, 2020, the Utility transferred an additional 748,415 shares of Common Stock to the Fire Victim Trust. Such shares, together with the 476,995,175 shares previously transferred to the Fire Victim Trust, represent 22.19% of the number of fully diluted shares of Common Stock (using the treasury stock method) that would have been outstanding as of the effective date of the Plan assuming all the equity transactions specified in the Plan were consummated on such effective date.

**Item 9.01. Financial Statements and Exhibits.**

(d) Exhibits

| **Exhibit Number** | **Description** |
|---|---|
| Exhibit 5.1 | Opinion of Hunton Andrews Kurth LLP |
| Exhibit 5.2 | Opinion of Cravath, Swaine & Moore LLP |
| Exhibit 23.1 | Consent of Hunton Andrews Kurth LLP (included in Exhibit 5.1) |
| Exhibit 23.2 | Consent of Cravath, Swaine & Moore LLP (included in Exhibit 5.2) |
| 104 | Cover Page Interactive Data File - the cover page XBRL tags are embedded within the Inline XBRL document |

# SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrants have duly caused this report to be signed on their behalf by the undersigned thereunto duly authorized.

**PG&E CORPORATION**

Date: August 3, 2020    By:    /s/ JASON P. WELLS
                                Name: Jason P. Wells
                                Title: Executive Vice President and Chief Financial Officer

**PACIFIC GAS AND ELECTRIC COMPANY**

Date: August 3, 2020    By:    /s/ JANET C. LODUCA
                                Name: Janet C. Loduca
                                Title: Senior Vice President and General Counsel



**Exhibit 5.1**

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL     212 • 309 • 1000
FAX    212 • 309 • 1100

FILE NO:  26915.32

August 3, 2020

PG&E Corporation
77 Beale Street
San Francisco, California 94105

Re:     PG&E Corporation
        Registration Statement on Form S-3

Ladies and Gentlemen:

    We have served as special California counsel to PG&E Corporation, a California corporation (the "Company"), in connection with the Registration Statement on Form S-3 (Registration Statement No. 333-236629-01), as amended (the "Registration Statement") relating to 1,454,545 Equity Units of the Company (the "Units"), each consisting of (A) a prepaid forward stock purchase contract (each, a "Purchase Contract", and collectively, the "Purchase Contracts") being issued by the Company under the Purchase Contract and Unit Agreement dated as of July 1, 2020 (the "Purchase Contract Agreement"), between the Company and The Bank of New York Mellon Trust Company, N.A., as purchase contract agent and as attorney-in-fact for the holders of the Purchase Contracts from time to time, pursuant to which the holder thereof will agree to purchase from the Company and the Company will agree to sell to the holder thereof an amount of shares of common stock of the Company, no par value (the "Shares") as set forth in the Purchase Contract Agreement and (B) a 1/48,000th undivided beneficial ownership interest in specified zero-coupon U.S. treasury strips.

    In rendering the opinions in this opinion letter, we have examined the following documents:

    (a)     The Registration Statement;

    (b)     The Amended and Restated Articles of Incorporation of the Company dated June 20, 2020, as certified by the Secretary of State of the State of California (the "California SOS") on June 22, 2020 and the Bylaws of the Company amended as of June 22, 2020 (collectively, the "Organizational Documents");

    (c)     That certain entity status letter dated as of July 22, 2020 with respect to the Company issued by the Franchise Tax Board of the State of California and that certain certificate of status dated as of July 22, 2020 with respect to the Company issued by the California SOS (collectively, the "Company Status Certificates");

(d) The Underwriting Agreement dated June 25, 2020 (the "<u>Underwriting Agreement</u>"), among the Company and the Underwriters named therein, as executed;

(e) The Purchase Contract and Unit Agreement dated as of July 1, 2020 (the "<u>Purchase Contract Agreement</u>"), among the Company and The Bank of New York Mellon Trust Company, N.A., as purchase contract agent and as attorney-in-fact for the holders of the Purchase Contracts from time to time;

(f) The form of Unit and the form of Purchase Contract included in the Purchase Contract Agreement;

(g) The Custodial Agreement dated as of July 1, 2020 between The Bank of New York Mellon Trust Company, N.A., as purchase contract agent and custodian, and the holders of the Units;

(h) Resolutions of the Board of Directors of the Company adopted on April 29, 2020 and resolutions of the Pricing Committee of the Board of Directors of the Company adopted on June 25, 2020; and

(i) That certain letter of the Representatives of the Underwriters dated July 24, 2020 addressed to the Company regarding exercise of their option pursuant to Section 2(b) of the Underwriting Agreement.

In rendering the opinions expressed below, we have examined and relied upon a copy of the Registration Statement and the exhibits to be filed therewith. We have also examined originals, or copies of originals certified to our satisfaction, of such agreements, documents, certificates and statements of government officials and other instruments, and have examined such questions of law and have satisfied ourselves as to such matters of fact, as we have considered relevant and necessary as a basis for this opinion letter. We have assumed: (i) the genuineness of all signatures; (ii) the legal capacity of natural persons; (iii) the authenticity of all documents submitted to us as originals and (iv) the conformity to original documents of all documents submitted to us as certified or photostatic copies and the authenticity of the originals of such latter documents and (v) the due authorization, execution and delivery of all documents by all parties, except as to the Company, as set forth in numbered paragraph 3 below, and the validity, binding effect and enforceability of all documents by all parties.

Based upon the foregoing and such other documents and matters as we have deemed necessary and appropriate to render the opinions set forth herein, and subject to the limitations, assumptions and qualifications noted herein, we are of the opinion that:

1. Based solely on our review of the Company Status Certificates, the Company is a corporation in good standing under the laws of the State of California as of the date of the Company Status Certificates.

      2.      The Company has the requisite corporate power and authority to execute and deliver the Purchase Contract Agreement, the Purchase Contracts and the Units and to consummate the transactions contemplated thereby.

      3.      The Purchase Contract Agreement, the Purchase Contracts and the Units have each been duly authorized by all necessary corporate action of the Company and have each been duly executed and delivered by the Company.

      4.      The Shares initially issuable by the Company upon settlement of the Purchase Contracts at the maximum settlement rate provided for therein have been duly authorized and reserved for issuance upon settlement and, when issued and delivered in accordance with the terms of the Purchase Contract Agreement, will be validly issued, fully paid and non-assessable, and the issuance of the Shares will not be subject to any preemptive or similar rights.

We do not express any opinion herein concerning any law other than the General Corporation Law of the State of California. With respect to the opinion expressed herein relating to matters of the General Corporation Law of the State of California, we hereby consent to the reliance of Cravath, Swaine & Moore LLP in rendering its Exhibit 5 opinion, of even date herewith, in connection with the Registration Statement.

We are aware that we are referred to under the heading "Legal Matters" in the prospectus forming a part of the Registration Statement. We hereby consent to such use of our name therein and the filing of this opinion letter as Exhibit 5.1 to the Registration Statement. In giving the foregoing consent, we do not hereby admit that we come within the category of persons whose consent is required under Section 7 of the Securities Act or the rules and regulations of the Commission thereunder. This opinion letter is limited to the matters stated in this opinion letter, and no opinion may be implied or inferred beyond the matters expressly stated in this opinion letter. This opinion letter is given as of the date hereof. We assume no obligation to advise you after the date hereof of facts or circumstances that come to our attention or changes in the law, including judicial or administrative interpretations thereof, that occur which could affect the opinions contained herein.

      Very truly yours,

      /s/ Hunton Andrews Kurth LLP

13936/13951/14929/09310

Exhibit 5.2

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE, EVAN R. CHESLER, RICHARD W. CLARY, STEPHEN L. GORDON, ROBERT H. BARON, DAVID MERCADO, CHRISTINE A. VARNEY, PETER T. BARBUR, THOMAS G. RAFFERTY, MICHAEL S. GOLDMAN, RICHARD HALL, JULIE A. NORTH, ANDREW W. NEEDHAM, STEPHEN L. BURNS, KATHERINE B. FORREST, KEITH R. HUMMEL, DAVID J. KAPPOS, DANIEL SLIFKIN, ROBERT I. TOWNSEND, III, PHILIP J. BOECKMAN, WILLIAM V. FOGG, FAIZA J. SAEED, RICHARD J. STARK, THOMAS E. DUNN, MARK I. GREENE, DAVID R. MARRIOTT, MICHAEL A. PASKIN, ANDREW J. PITTS, MICHAEL T. REYNOLDS, ANTONY L. RYAN, GEORGE E. ZOBITZ, GEORGE A. STEPHANAKIS, DARIN P. MCATEE, GARY A. BORNSTEIN, TIMOTHY G. CAMERON, KARIN A. DEMASI, DAVID S. FINKELSTEIN, DAVID GREENWALD, RACHEL G. SKAISTIS, PAUL H. ZUMBRO, ERIC W. HILFERS, GEORGE F. SCHOEN, ERIK R. TAVZEL, CRAIG F. ARCELLA, DAMIEN R. ZOUBEK, LAUREN ANGELILLI, TATIANA LAPUSHCHIK, ALYSSA K. CAPLES, JENNIFER S. CONWAY, MINH VAN NGO, KEVIN J. ORSINI, MATTHEW MORREALE, JOHN D. BURETTA, J. WESLEY EARNHARDT, YONATAN EVEN, BENJAMIN GRUENSTEIN, JOSEPH D. ZAVAGLIA, STEPHEN M. KESSING, LAUREN A. MOSKOWITZ, DAVID J. PERKINS, JOHNNY G. SKUMPIJA, J. LEONARD TETI, II, D. SCOTT BENNETT, TING S. CHEN, CHRISTOPHER K. FARGO, KENNETH C. HALCOM, DAVID M. STUART, AARON M. GRUBER, O. KEITH HALLAM, III, OMID H. NASAB, DAMARIS HERNÁNDEZ, JONATHAN J. KATZ, MARGARET SEGALL D'AMICO, RORY A. LERARIS, KARA L. MUNGOVAN, NICHOLAS A. DORSEY, ANDREW C. ELKEN, JENNY HOCHENBERG, VANESSA A. LAVELY, G.J. LIGELIS JR., MICHAEL E. MARIANI, LAUREN R. KENNEDY, SASHA ROSENTHAL-LARREA, ALLISON M. WEIN, MICHAEL P. ADDIS, JUSTIN C. CLARKE, SHARONMOYEE GOSWAMI, C. DANIEL HAAREN, EVAN MEHRAN NORRIS, LAUREN M. ROSENBERG

SPECIAL COUNSEL
SAMUEL C. BUTLER

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

August 3, 2020

PG&E Corporation
1,454,545 Equity Units

Ladies and Gentlemen:

  We have acted as counsel for PG&E Corporation, a California corporation (the "Company"), in connection with the public offering and sale by the Company of an aggregate of 1,454,545 prepaid forward stock purchase contracts of the Company (the "Purchase Contracts"), which form one component of the 1,454,545 Equity Units (the "Units") to be issued under the Purchase Contract and Units Agreement dated as of July 1, 2020 (the "Purchase Contract Agreement"), among the Company and The Bank of New York Mellon Trust Company, N.A., as purchase contract agent and as attorney-in-fact for the holders of the Purchase Contracts from time to time (the "Purchase Contract Agent"), in accordance with the Underwriting Agreement dated as of June 25, 2020 (the "Underwriting Agreement"), among Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC, as Representatives of the several Underwriters listed on Schedule I thereto (the "Underwriters"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Underwriting Agreement.

  In connection with this opinion, we have examined originals, or copies certified or otherwise identified to our satisfaction, of such corporate records, certificates of corporate officers and government officials and such other documents as we have deemed necessary or appropriate for the purposes of this opinion, including: (a) the Purchase Contract Agreement and the form of Unit and the form of Purchase Contract included therein and (b) the Registration Statement on Form S-3 (Registration No. 333-236629-01) filed with the Securities and Exchange Commission (the "Commission") on February 25, 2020 (the "Registration Statement"), with respect to the registration under the Securities Act of 1933, as amended (the "Securities Act"), of $25,675,000,000 aggregate amount of various securities of the Company, including the Units and the Purchase Contracts, to be issued from time to time by the Company, as amended by Amendment No. 1 thereto filed with the Commission on April 13, 2020, Amendment No. 2 thereto filed with the Commission on May 22, 2020 and Amendment No. 3 thereto filed with the Commission on May 29, 2020 (such Registration Statement, as amended by such amendments, being hereinafter referred to as the "Registration Statement").

In rendering this opinion, we have assumed, with your consent and without independent investigation or verification, the genuineness of all signatures, the legal capacity and competency of all natural persons, the authenticity of all documents submitted to us as originals and the conformity to authentic original documents of all documents submitted to us as duplicates or copies. We also have assumed, with your consent, that the Purchase Contract Agreement has been duly authorized, executed and delivered by, and represents a legal, valid and binding obligation of, the Purchase Contract Agent and that the form of Unit and the form of Purchase Contract will conform to that included in the Purchase Contract Agreement.

Based on the foregoing and subject to the qualifications set forth herein, we are of opinion as follows:

1. Assuming that the Purchase Contract Agreement has been duly authorized, executed and delivered by the Company, the Purchase Contract Agreement constitutes a legal, valid and binding obligation of the Company, enforceable against the Company in accordance with its terms (subject to applicable bankruptcy, insolvency, reorganization, fraudulent conveyance, moratorium or other similar laws affecting creditors' rights generally from time to time in effect and subject to general principles of equity, including, without limitation, concepts of materiality, reasonableness, good faith and fair dealing, regardless of whether such enforceability is considered in a proceeding in equity or at law);

2. Assuming that the Purchase Contracts have been duly authorized by the Company, the Purchase Contracts will, when executed, authenticated (including the due authentication of the Purchase Contracts by the Purchase Contract Agent), issued and delivered in accordance with the provisions of the Purchase Contract Agreement and the Underwriting Agreement, and upon payment of the consideration therefor as provided for therein, such Purchase Contracts will constitute legal, valid and binding obligations of the Company, entitled to the benefits of the Purchase Contract Agreement and enforceable against the Company in accordance with their terms (subject to applicable bankruptcy, insolvency, reorganization, fraudulent conveyance, moratorium or other similar laws affecting creditors' rights generally from time to time in effect and subject to general principles of equity, including, without limitation, concepts of materiality, reasonableness, good faith and fair dealing, regardless of whether such enforceability is considered in a proceeding in equity or at law); and

3. Assuming that the Units have been duly authorized by the Company, the Units will, when executed, authenticated (including the due authentication of the Units by the Purchase Contract Agent), issued and delivered in accordance with the provisions of the Purchase Contract Agreement and the Underwriting Agreement, and upon payment of the consideration therefor as provided for therein, such Units will constitute legal, valid and binding obligations of the Company, entitled to the benefits of the Purchase Contract Agreement and enforceable against the Company in accordance with their terms (subject to applicable bankruptcy, insolvency, reorganization, fraudulent conveyance, moratorium or other similar laws affecting creditors' rights generally from time to time in effect and subject to general principles of equity, including, without limitation, concepts of materiality, reasonableness, good faith and fair dealing, regardless of whether such enforceability is considered in a proceeding in equity or at law).

We express no opinion herein as to any provision of the Purchase Contract Agreement, the Units or the Purchase Contracts that (a) relates to the subject matter jurisdiction of any Federal court of the United States of America, or any Federal appellate court, to adjudicate any controversy related to the Purchase Contract Agreement, the Units or the Purchase Contracts, (b) contains a waiver of an inconvenient forum or (c) relates to the waiver of rights to jury trial. We also express no opinion as to whether a state court outside the State of New York or a Federal court of the United States would give effect to the choice of New York law provided for in the Purchase Contract Agreement, the Units or the Purchase Contracts.

We are admitted to practice only in the State of New York and express no opinion as to matters governed by any laws other than the laws of the State of New York and the Federal laws of the United States of America. In particular, we do not purport to pass on any matter governed by the laws of the State of California. In rendering this opinion, we have assumed, without independent investigation, the correctness of, and take no responsibility for, the opinion dated August 3, 2020, of Hunton Andrews Kurth LLP, California counsel to the Company, a copy of which shall be filed with the Commission as Exhibit 5.1 to the Current Report on Form 8-K dated the date hereof and incorporated by reference into the Registration Statement, as to all matters of law covered therein relating to the laws of California.

We hereby consent to the filing of this opinion with the Commission as Exhibit 5.2 to the Current Report on Form 8-K dated the date hereof and incorporated by reference into the Registration Statement. We also consent to the reference to our firm under the caption "Legal Matters" in the Prospectus Supplement constituting part of the Registration Statement. In giving this consent, we do not thereby admit that we are included in the category of persons whose consent is required under Section 7 of the Securities Act or the rules and regulations of the Commission promulgated thereunder.

Very truly yours,

/s/ Cravath, Swaine & Moore LLP

PG&E Corporation
    77 Beale Street
        San Francisco, CA 94177

O