Kizzy L. Jarashow (*pro hac vice*)
Stacy Dasaro (*pro hac vice pending*)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
The New York Times Building
New York, NY 10018
Tel.: +1 212 813 8800
Fax.: +1 212 355 3333
Email: kjarashow@goodwinlaw.com
      sdasaro@goodwinlaw.com

*Attorneys for MML Investment Advisers, LLC on behalf of the MassMutual Funds*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,<br><br>           Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>**Hearing**<br>Date: October 28, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Telephone or Video Appearances Only<br>United States Bankruptcy Court, Courtroom 17, 16th Floor; San Francisco, CA 94102 |

**JOINDER OF MML INVESTMENT ADVISERS, LLC ON BEHALF OF THE MASSMUTUAL FUNDS, TO THE OBJECTION OF SECURITIES LEAD PLAINTIFF TO REORGANIZED DEBTORS' MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS**

MML Investment Advisers, LLC ("MML Advisers") hereby submits this joinder (the "Joinder") on behalf of MM S&P 500® Index Fund; MM Select Equity Asset Fund; MassMutual Select BlackRock Global Allocation Fund; MassMutual Select Diversified Value Fund; MassMutual Select Equity Opportunities Fund; MassMutual Select Mid-Cap Value Fund; MassMutual Select T. Rowe Price Large Cap Blend Fund; MassMutual Select T. Rowe Price Small and Mid-Cap Blend Fund; MassMutual Premier Balanced Fund; MassMutual Premier Disciplined Value Fund; MassMutual Premier Main Street Fund; MML Blend Fund; MML Equity Fund; MML Equity Income Fund; MML Equity Index Fund; MML Income & Growth Fund; MML Managed Volatility Fund; MML Mid Cap Value Fund; MassMutual Select Strategic Bond Fund; MassMutual Premier Diversified Bond Fund; and MML Dynamic Bond Fund (collectively, the "MassMutual Funds"), to the *Objection of Securities Lead Plaintiff* (the "Securities Lead Plaintiff Objection") [ECF No. 9189] to *Reorganized Debtors' Motion To Approve Securities ADR and Related Procedures For Resolving Subordinated Claims* (the "Securities Claims Procedures Motion") [ECF No. 8964]. In support hereof, MML Advisers respectfully states as follows:

## BACKGROUND

1. As set forth in the Securities Lead Plaintiff Objection, the Securities Lead Plaintiff is the court-appointed lead plaintiff in the securities class action captioned *In re PG&E Corp. Sec. Litig.*, Case No. 18-03509 pending in the United States District Court for the Northern District of California (the "Securities Litigation").

2. On February 27, 2020, in connection with the denial of Securities Lead Plaintiff's motion to permit the filing of a single class proof of claim for all holders of claims against the Debtors based on the allegations set forth in the Securities Litigation ("Securities Litigation Claims"), this Court entered the order setting a bar date of April 16, 2020 (the "Extended Bar Date Order") for holders of claims based upon allegations in the Securities Litigation (the "Securities Claimants"). *See Order*

1

*(I) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (II) Extending Bar Date For Certain Holders of Securities Claims For Rescission or Damages* (ECF No. 5943).

3. Each MassMutual Fund is a Securities Claimant who timely filed proofs of claims against the Debtors in accordance with the Extended Bar Date Order and the *Notice of Extended Deadline For Claims For Filing Certain Securities Claims For Rescission or Damages* [available on the Prime Clerk website]. Specifically, on April 14 and April 15, 2020, the MassMutual Funds filed forty-two (42) proofs of claim (the "MassMutual R&D Claims") against PG&E Corporation ("PG&E") and Pacific Gas and Electric Company ("Pacific Gas and Electric", and together with PG&E, the "Debtors").

4. The MassMutual Funds complied in all respects with the procedures set forth in the Extended Bar Date Order and provided all data requested on the *Rescission or Damage Claim Proof of Claim Form*, including providing purchase and sale data from April 29, 2015 through November 15, 2018 (both dates inclusive). Annexed hereto as Exhibit A is a complete list of the MassMutual R&D Claims.

5. Each MassMutual R&D Claim specifically incorporates by reference the allegations set forth in the *Third Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws*, filed in the securities class action captioned *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "Securities Litigation"), pending in the United States District Court for the Northern District of California.

6. On September 1, 2020, the Debtors filed the Securities Claims Procedures Motion seeking approval of the "Securities Claims Information Procedures," the "Securities ADR Procedures" and the "Securities Omnibus Objection Procedures" (in each case, as defined in the Securities Claims Procedures Motion, and collectively, the "Securities Claims Procedures").

2

Case: 19-30088    Doc# 9197    Filed: 10/05/20    Entered: 10/05/20 15:38:23    Page 3 of 6

ACTIVE/105288933.6

7. The proposed Securities Claims Procedures exclude from the procedures claims filed by the Securities Lead Plaintiff, because such "claimant[] [is a] named plaintiff[] already pursuing separate litigation in federal court and [is] involved in separate mediation and settlement discussions with the Reorganized Debtors." *See* Securities Claims Procedures Motion at 27 and note 3.

**DISCUSSION**

8. MML Advisers joins in the arguments contained in the Securities Lead Plaintiff Objection in all respects, and adopts and incorporates them herein by reference. As set forth in the Securities Lead Plaintiff Objection, the Securities Claims Procedures are unduly burdensome, impermissibly shift the burden of proof to the Securities Claimants, and create "unnecessary roadblocks to recovery."

9. This Court previously ordered Securities Claimants like the MassMutual Funds to comply with detailed procedures under the Extended Bar Date Order, including listing beginning and ending holdings and, for each purchase and sale of equity and debt securities between April 29, 2015 and November 15, 2018, detailing the transaction date, the number of shares, the price per share/note, and the total cost (excluding Commissions, Taxes and Fees). The Debtors admit that the information requested in the Securities Claims Procedures Motion "is largely the same information previously requested in the *Rescission or Damage Claim Proof of Claim Form* approved by this Court in connection with the [Extended Bar Date Order,]" but claim that they now need this (and other) information because "most claimants provided little or incomplete information." *See* Securities Claims Procedures Motion at 3.

10. Notably, however, the MassMutual Funds have already complied in all respects with the procedures set forth in the Extended Bar Date Order and have timely submitted a complete and accurate set of historical trading data with the MassMutual R&D Claims – the very same information that the Debtors now seek to require the Securities Claimants to resubmit in a different format. The

3

MassMutual Funds should not now be subjected to different, more stringent, requirements when they have already complied with the requirements of the Extended Bar Date Order and submitted ample evidence in support of their claims.[1]

11. For these reasons, and for the reasons set forth in the Securities Lead Plaintiff Objection, MML Advisers respectfully submits that this Court should deny the Securities Claims Procedures Motion.[2] MML Advisers reserves its right to supplement this Joinder and to participate in any hearing to consider the Securities Claims Procedures Motion, including its rights to make any arguments and to examine witnesses.

## CONCLUSION

12. For the reasons set forth herein, MML Advisers joins in the Securities Lead Plaintiff Objection and asks that this Court enter an Order denying the Securities Claims Procedures Motion and such other and further relief as may be just and proper.

Dated: October 5, 2020

Respectfully submitted,

By: /s/ *Kizzy L. Jarashow*

Kizzy L. Jarashow (*pro hac vice*)
Stacy Dasaro (*pro hac vice pending*)
**GOODWIN PROCTER LLP**
620 Eighth Avenue
The New York Times Building
New York, NY 10018
Tel.: +1 212 813 8800
Fax.: +1 212 355 3333
Email: kjarashow@goodwinlaw.com
sdasaro@goodwinlaw.com

---

[1] In the event that this Court approves the Securities Claims Procedures, MML Advisers respectfully submits that it should be excluded from the Securities Claims Information Procedures because the MassMutual Funds have already provided all of the trading history that was requested in the Extended Bar Date Order. If the Securities Claims Information Procedures are to apply, they should only apply to those Securities Claimants whose claims were incomplete or did not otherwise comply with the requirements articulated in the Extended Bar Date Order.

[2] MML Advisers is in favor of and supports the relief requested in the Securities Lead Plaintiffs' *Memorandum of Points and Authorities in Support of Motion To Apply Bankruptcy Rule 7023 and Certify a Limited Class* (ECF No. 9152) and strongly believes that the claims resolution procedures proposed by the Securities Lead Plaintiff will lead to a more equitable and efficient outcome for all interested parties.

*Attorneys for MML Investment Advisers LLC, on behalf of the MassMutual Funds*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 19-30088    Doc# 9197    Filed: 10/05/20    Entered: 10/05/20 15:38:23    Page 6 of 6
ACTIVE/105288933.6