Christopher D. Moon, SBN 246622
chris@moonlawapc.com
Kevin O. Moon, SBN 246792
kevin@moonlawapc.com
**MOON LAW APC**
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

*Attorneys for Bryar Hopkins and E.M.H.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E Corporation, | Chapter 11<br>Lead Case, Jointly Administered |
| and | |
| PACIFIC GAS AND ELECTRIC COMPANY, | **MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO JOIN REAL PARTY IN INTEREST FOR CLAIM PREVIOUSLY FILED; OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)** |
| Debtors. | |

[ ] Affects PG&E Corporation
[ ] Affects Pacific Gas and Electric Company
[x] Affects both Debtors

*All papers shall be filed in the Lead Case, No. 19-30088-DM

Date:    November 17, 2020
Time:    10 a.m. (Pacific Time)
Place:   **Telephonic/Video Appearances Only**
         United States Bankruptcy Court
         Courtroom 17,
         450 Golden Gate Ave., 16th Floor
         San Francisco, CA
Judge:   Hon. Dennis Montali

Objection deadline:  November 10, 2017

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion") Bryar Hopkins and E.M.H. (a minor child) ("Movants") move to add E.M.H. as an additional claimant and family member of Bryar Hopkins, who is E.M.H's father.  Mr. Hopkins previously and timely filed Claim No. 53653, attached hereto as Exhibit A. The amended claim, Claim No. 106471, is attached hereto as Exhibit B. Alternatively, Movants seek an order expanding the time for them to file their amended proof of claim. Movants filed the amended proof of claim after the deadline.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Christopher D. Moon ("Moon Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Bryar Hopkins, whose minor daughter, E.M.H., was erroneously not included as a claimant on Mr. Hopkin's claim form at the time Mr. Hopkins originally submitted his claim for damages and losses that resulted from the Camp Fire.  As will be explained in more detail *infra*, Mr. Hopkins has been battling Stage Four cancer (Hogkins Lymphoma) and incorrectly believed his daughter was automatically deemed part of his claim for purposes of seeking damages in this action.  As a result, Mr. Hopkins did not inform his counsel of the existence of his daughter until early September 2020.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal

Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of Movants and their counsel in failing to include E.M.H. as part of Mr. Hopkin's original claim, this Court should allow the addition of his party.

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, the mistake should be corrected by permitting the late filing of the amended proof under Bankruptcy Rule 9006(b).

Application of the so-called *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Movants' late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, Movants' delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, is that Mr. Hopkin's counsel just learned of the existence of Mr. Hopkin's daughter and that Mr. Hopkins incorrectly believed his daughter was automatically included as part of his originally filed claim. Movants' counsel filed the Amended Proof of Claim on September 14, 2020. The Movants (one of whom is a minor and the other who is battling Stage Four cancer) acted in good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movants' "neglect" having been excusable, late filing of the proof of claim should be permitted.

### JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-l(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Rules 7015, 7017, and 9006(b)(l) of the Federal 21 Rules of Bankruptcy Procedure.

///

///

## BACKGROUND

As set forth in the Declaration of Christopher D. Moon filed contemporaneously herewith, Moon Law was first contacted about Mr. Hopkins's claim in October 2019. Mr. Hopkins incorrectly believed his daughter would be included in his claim for damages against PG&E; accordingly, Mr. Hopkins did not mention to his counsel the existence of his daughter, who is five years old, until early September 2020. As mentioned, Mr. Hopkins has been understandably consumed with his battle against Stage Four cancer, including the substantial and debilitating chemotherapy he has received. Upon learning of Mr. Hopkins's daughter, E.M.H., counsel promptly filed the Amended Proof of Claim on September 14, 2020.

## BASIS FOR RELIEF REQUESTED

Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure incorporate Federal Rules of Civil Procedure 15 and 17. Rule 15(c) applies to amendments of claims that relate back to the time of original filing, while Rule 17(a)(3) applies when a party has been misnamed in any civil claim. Specifically, Rule 17 allows the addition of a real party in interest and provides for the action "to proceed as if it had been originally commenced by the real party in interest." These Rules apply to the amendment of proofs of claims. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251 (9th Cir. 1992) (citing Rule 7015 in support of a "liberal policy that permits amendments to a proof of claim'".); *Matter of Nelson*, 607 B.R. 685,705 (Bankr. N.D. Ala. 2019) (applying Rule 7017 to proofs of claim); *In re Smoak*, 461 B.R. 510, 517 (Bankr. S.D. Ohio 2011) ("Federal Rule of Civil Procedure 17, which is applicable to this contested matter through Bankruptcy Rule[] 7017 ... , requires the real party in interest to file a proof of claim."); *In re Edwards Theatres Circuit, Inc.*, 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002); *In re Circle K Corp.*, 165 B.R. 649,652 (Bankr. D. Ariz. 1994) ("A claim filed after the bar date qualifies as an amendment to a timely claim, if both are of the same generic origin.") The rule applies "when an honest mistake has been made in choosing the party in whose name the action is to be filed." 1966 Advisory Committee Notes. Absent evidence of prejudice from substitution, this Court should allow amendment in the interests of justice. As such, E.M.H. should be added as a claimant, as reflected in the Amended Proof of Claim.

///

///

///

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, the mistake should be corrected by permitting the late filing of the amended proof under Bankruptcy Rule 9006(b).

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act ... required or allowed to be done at or within a specified period ... by order of court." Rule 9006(b)(l) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified four non-exclusive factors to be considered:

> With regard to determining whether a party's neglect of a deadline is excusable ... we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380,395, 113 S.Ct. 1489,1498 (1993) (citations omitted); s*ee also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(l) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In this case, because there is no danger of prejudice to the Debtors (or anyone else), the first *Pioneer* factor weighs overwhelmingly in Movants' favor. Indeed, courts in the Ninth Circuit regularly grant late amendments to timely proofs of claim like the ones at issue here. *See, e.g., In re Roberts Farms Inc.*, 980 F.2d 1248, 1251-1252 (9th Cir. 1992) ("The decision to allow an amendment to a timely filed proof of claim is within the sound discretion of the bankruptcy court," holding that the bankruptcy court did not abuse its discretion in allowing late amendment of claim when amendment merely clarified claim without changing nature of claim or amount sought); *In re JSJF Corp.*, 344 B.R. 94,102 (B.A.P. 9th Cir. 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008) ("[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim-there must be some legal detriment to the party opposing."); *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 609(Bankr. D. Idaho 2014) ("The burden of showing prejudice is on the party objecting to the amendment."); *In re Gordian Med., Inc.*, 499 B.R. 793, 801 (Bankr. C.D. Cal. 2013) (allowing post-deadline amendment of timely original proof of claim when all *Pioneer* factors favored movant except for movant's delay, and suggesting that no showing of excusable neglect is even required when post-deadline amendments assert claims "of the same generic origin"); *In re Nucorp Energy, Inc.*, 52 B.R. 843, 846 (Ban1a. S.D. Cal. 1985) ("This Court recognizes the long established liberal policy toward amendment of proofs of claim.").

Finally, any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provided for a lump-sum payment for the benefit of fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. While the Trust has recently been funded, distributions from the Trust have not been made, as the Trustee and his professionals and team are in the process of formulating claims resolution calculations and procedures.

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors the Movants. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). The Movants' "late" filing, if permitted by the Court, would have little to no appreciable impact on these proceedings. That is because claims will continue to be processed by the Trust through the end of 2020.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movants' reasonable control, again weighs in favor of excusability. Movants acknowledges this Court's observation, in 2004, that "[o]n balance, ... the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing G*raphic Communications Int 'I Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is required. *Graphic Communications* at 5. Here, as mentioned previously, Mr. Hopkins has been battling Stage Four cancer, which has consumed every aspect of his life. Mr. Hopkins incorrectly assumed that his minor daughter's claim for damages would be automatically included as part of his own claim. As such, Mr. Hopkins did not advise his counsel regarding the existence of his daughter until early September 2020. Counsel promptly filed the Amended Proof of Claim upon discovery.

Finally, and for the same reasons, as to the fourth *Pioneer* factor there is no reasonable suggestion that Movants failed to act in good faith.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to the Movants' claim on substantive or legal grounds, other than timeliness.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(l) as follows:

1. Granting this Motion;

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under *Pioneer*, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609,614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [Pioneer] factor ... is that of prejudice to the debtor.").

2. Directing that E.M.H. be added as a claimant in the Amended Proof of Claim.

3. Directing that the Amended Proof of Claim, attached as Exhibit B hereto, be deemed timely filed;

4. Granting such other or further relief as the Court deems just and proper.

Dated: October 5, 2020                    **MOON LAW APC**

By:

CHRISTOPHER D. MOON
KEVIN O. MOON
*Attorneys for Bryar Hopkins and E.M.H.*

Christopher D. Moon, SBN 246622
*chris@moonlawapc.com*
Kevin O. Moon, SBN 246792
*kevin@moonlawapc.com*
**MOON LAW APC**
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

*Attorneys for Bryar Hopkins and E.M.H.*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON

| | |
|---|---|
| In re | Case No. 19-30088-DM |
| PG&E Corporation, | Chapter 11<br>Lead Case, Jointly Administered |
| and | |
| PACIFIC GAS AND ELECTRIC<br>COMPANY,<br>              Debtors. | **DECLARATION OF CHRISTOPHER D.<br>MOON IN SUPPORT OF MOTION<br>PURSUANT TO FED. R. BANKR. PROC.<br>7015 AND 7017 TO ADD CLAIMANT TO<br>CLAIM PREVIOUSLY FILED; OR, IN<br>THE ALTERNATIVE, TO ENLARGE<br>TIME TO FILE PROOF OF CLAIM<br>PURSUANT TO FED. R. BANKR. PROC.<br>9006(b)(1)** |
| [ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No.<br>19-30088-DM | Date:     November 17, 2020<br>Time:    10 a.m. (Pacific Time)<br>Place:   **Telephonic/Video Appearances Only**<br>         United States Bankruptcy Court<br>         Courtroom 17,<br>         450 Golden Gate Ave., 16th Floor<br>         San Francisco, CA<br>Judge:   Hon. Dennis Montali<br><br>Objection deadline: November 10, 2017 |

I, Christopher D. Moon, hereby declare:

1. I am an attorney at law duly licensed to practice before all state and federal courts of the State of California. I am a founding partner and principal attorney at Moon Law APC, based in Palo Alto, California.

2. My law firm represents wildfire victims who sustained losses from the Camp Fire in 2018. My firm has timely filed over 50 Proof of Claim forms with Prime Clerk for losses clients have suffered as a result of the fire.

3. Claimant Bryar Hopkins timely filed a claim in this matter on October 19, 2019 for various losses caused by the Camp Fire.

4. I am aware that Mr. Hopkins has been battling Stage Four cancer (Hodgkin's Lymphoma), and has undergone extensive chemotherapy. In addition, I am aware that Mr. Hopkin's battle with cancer has consumed every aspect of his life.

5. Mr. Hopkins informed me in early September 2020 that he has a five-year-old daughter, E.M.H., who has suffered losses and damages as a result of the Camp Fire. Mr. Hopkins informed me that he incorrectly believed his daughter's claim was automatically included as part of his claim for losses caused by the Camp Fire. Upon learning that this is not necessarily true, Mr. Hopkins asked that a claim be filed on E.M.H.'s behalf.

6. On September 14, 2020, my firm filed an Amended Proof of Claim that included E.M.H.

7. I am over eighteen years of age, of sound mind, and fully competent to make this declaration. All statements in this declaration are based on my own personal knowledge and observation and from my review of the court and business records in this case, or upon information and belief as indicated. If called to testify on this matter, I can and would competently testify to the matters set forth in this Declaration.

8. I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

///

///

1  Executed this 5th day of October, 2020, in Palo Alto, California.

2

3                                            **MOON LAW APC**

4                              By:

5

6                                    _____

7                                    CHRISTOPHER D. MOON
                                     KEVIN O. MOON
8                                    *Attorneys for Bryar Hopkins and E.M.H.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re:<br>    **PG&E CORPORATION,**<br>    **- and -**<br>    **PACIFIC GAS AND ELECTRIC**<br>    **COMPANY,**<br>                            **Debtors.** | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>**Chapter 11**<br>**(Lead Case)**<br>**(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

**Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.**

> **Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| Part 1: | Identify the Claim |
|---|---|

| | |
|---|---|
| **1. Who is the current creditor?** | HOPKINS, BRYAR<br><br>Name of the current creditor (the person or entity to be paid for this claim) |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| **3. Are you filing this claim on behalf of your family?**<br>A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family. | ☑ No<br>☐ Yes      **If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:** |

| **4. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
|---|---|---|
| | Name:   HOPKINS, BRYAR | Name: _____ |
| | Attorney Name (if applicable):   Moon, Christopher D | Attorney Name (if applicable): _____ |
| | Attorney Bar Number (if applicable):   246622 | Attorney Bar Number (if applicable): _____ |
| | Street Address:   600 WEST BROADWAY, SUITE 700 | Street Address: _____ |
| | City:   SAN DIEGO | City: _____ |
| | State:   CA | State: _____ |
| | Zip Code:   92101 | Zip Code: _____ |
| | Phone Number:   (619)915-9432 | Phone Number: _____ |
| | Email Address:   chris@moonlawapc.com | Email Address: _____ |

| | |
|---|---|
| **5. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____<br>                                                                            MM / DD / YYYY |
| **6. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

| 7. | What fire is the basis of your claim?<br><br>Check all that apply. | ☒ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
|---|---|---|
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s):<br><br>6484 Fir Park Dr, Magalia, CA 95954-9341 |
| 9. | How were you and/or your family harmed?<br><br>Check all that apply | ☒ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br><br>   ☐ Owner  ☒ Renter  ☐ Occupant  ☐ Other (Please specify): _____<br><br>☒ Personal Injury<br><br>☐ Wrongful Death (if checked, please provide the name of the deceased)<br><br>   Name: _____<br><br>☐ Business Loss/Interruption<br><br>☐ Lost wages and earning capacity<br><br>☒ Loss of community and essential services<br><br>☐ Agricultural loss<br><br>☐ Other (Please specify): |
| 10. | What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☒ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br><br>☒ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br><br>☒ Punitive, exemplary, and statutory damages<br><br>☒ Attorney's fees and litigation costs<br><br>☒ Interest<br><br>☒ Any and all other damages recoverable under California law<br><br>☐ Other (Please specify): _____ |
| 11. | How much is the claim? | _____ (optional)<br><br>☒ Unknown / To be determined at a later date |

Page 2

Case: 19-30088   Doc# 9204   Filed: 10/05/20   Entered: 10/05/20 17:14:05   Page 14 of 23

| **Part 3:** | Sign Below |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☑ I am the creditor's attorney or authorized agent.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date     ___10/18/2019___ (mm/dd/yyyy) |

      /s/Christopher D. Moon
      Signature

| | | | |
|---|---|---|---|
| Name | Christopher | Decker | Moon |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Moon Law APC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 600 West Broadway, Suite 700 | | |
| | Number      Street | | |
| | San Diego | CA | 92101 |
| | City | State | ZIP Code |
| Contact phone | 6199159432 | Email | chris@moonlawapc.com |

**Page 3**

# EXHIBIT B

| In re: | |
|---|---|
| **PG&E CORPORATION,** <br> - and - <br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> Debtors. | **Bankruptcy Case No. 19-30088 (DM)** <br><br> **Chapter 11** <br> **(Lead Case)** <br> **(Jointly Administered)** |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Hopkins, Bryar, individually and on behalf of E.M.H (a minor child)

Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☐ No
☑ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

E.M.H. (a minor child)

_____  _____

_____  _____

_____  _____

_____  _____

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name Hopkins, Bryar
Attorney Name (if applicable) Moon, Christopher
Attorney Bar Number (if applicable) 246622
Street Address 600 West Broadway, Suite 700
City San Diego
State CA
Zip Code 92101
Phone Number 619.915.9432
Email Address chris@moonlawapc.com

Where should payments to the creditor be sent? (if different)

Name _____
Attorney Name (if applicable) _____
Attorney Bar Number (if applicable) _____
Street Address _____
City _____
State _____
Zip Code _____
Phone Number _____
Email Address _____

**5. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 53653    Filed on 10/19/2019
MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Claim Number: 106471

Proof of Claim (Fire Related)

Page 1

**Part 2:** Give Information About the Claim as of the Date this Claim Form is Filed

**7. What fire is the basis of your claim?**

Check all that apply.

- ☑ Camp Fire (2018)
- ☐ North Bay Fires (2017)
- ☐ Ghost Ship Fire (2016)
- ☐ Butte Fire (2015)
- ☐ Other (please provide date and brief description of fire: _____

_____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): 6484 Fir Park Drive, Magalia, CA 95954-9431

**9. How were you and/or your family harmed?**

Check all that apply

- ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  - ☐ Owner ☑ Renter ☐ Occupant ☐ Other (Please specify): _____
- ☑ Personal Injury
- ☐ Wrongful Death (if checked, please provide the name of the deceased) _____
- ☐ Business Loss/Interruption
- ☐ Lost wages and earning capacity
- ☑ Loss of community and essential services
- ☐ Agricultural loss
- ☐ Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

- ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- ☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- ☑ Punitive, exemplary, and statutory damages
- ☑ Attorney's fees and litigation costs
- ☑ Interest
- ☑ Any and all other damages recoverable under California law
- ☐ Other (Please specify): _____

**11. How much is the claim?**

- ☐ $_____ (optional)
- ☐ Unknown / To be determined at a later date

Case: 19-30088    Doc# 9204    Filed: 10/05/20    Entered: 10/05/20 17:14:05    Page 18 of 23

**Part 3:** **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Christopher D. Moon*
Christopher D. Moon (Sep 14, 2020 11:11 PDT)

Email: chris@moonlawapc.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Christopher | Decker | Moon |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | Moon Law APC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 600 West Broadway, Suite 700 | | |
|---|---|---|---|
| | Number    Street | | |
| | San Diego | CA | 92101 |
| | City | State | ZIP Code |

| Contact phone | 619.915.9432 | Email | chris@moonlawapc.com |
|---|---|---|---|

Proof of Claim (Fire Related)                     Page 3

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
  (attach below)

☒ I do **not** have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

> ## Do not file these instructions with your form

# Electronic Proof of Claim_POLWV27402[[CSLT #4025#CF]]

**Final Audit Report** 2020-09-14

| | |
|---|---|
| Created: | 2020-09-14 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFZj3S97LqizgaWkoFOgM7dfdfndZPsRp |

## "Electronic Proof of Claim_POLWV27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-09-14 - 6:04:57 PM GMT

- Web Form filled in by Christopher D. Moon (chris@moonlawapc.com)
  2020-09-14 - 6:11:46 PM GMT- IP address: 67.180.9.97

- (User email address provided through API User-Agent: Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_6) AppleWebKit/605.1.15 (KHTML, like Gecko) Version/13.1.2 Safari/605.1.15)
  2020-09-14 - 6:11:49 PM GMT- IP address: 67.180.9.97

- Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and Christopher D. Moon (chris@moonlawapc.com)
  2020-09-14 - 6:11:49 PM GMT

Prime Clerk

POWERED BY
Adobe Sign