**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>     - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                              Debtors.<br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br><br><br>**NOTICE OF JOINDER BY CLAIMANT IN SECURITIES LEAD PLAINTIFF PERA'S OBJECTION TO REORGANIZED DEBTORS' MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS** |

Silver Creek CS SAV - Nantahala ("**Claimant**"), the holder of a Securities Claim[1] and a creditor in the chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned reorganized debtors (the "**Debtors**", or as reorganized pursuant to the Plan, the "**Reorganized Debtors**"), hereby submits this Notice of Joinder (the "**Joinder**") to *Securities Lead Plaintiff's Objection to Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* (the "**Securities ADR Objection**") in opposition to *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Docket No. 8964] (the "**Securities ADR Motion**"). In support of this Joinder, Claimant respectfully states as follows:

## JOINDER AND RESERVATION OF RIGHTS

1. The above-named Claimant hereby joins the Securities ADR Objection filed by the Public Employees Retirement Association of New Mexico's ("Securities Lead Plaintiff" or "PERA") on September 28, 2020. Claimant joins the Securities ADR Objection in full, for all the reasons stated therein, and reserves all rights.

2. In addition to all the reasons stated in the Securities ADR Objection, which Claimant hereby incorporates by reference and joins, Claimant underscores that Debtors' proposal outlined in their Securities ADR Motion is transparently unfair because it increases Reorganized Debtors' bargaining power for resolving the very wrongdoing for which they are accused, including by granting Reorganized Debtors inappropriate authority over the selection of, payment to, and submissions before proposed mediators. In the event that the Court adopts some form of ADR process, we believe it is imperative that the Court select a nationally-recognized mediator experienced in securities damages matters, who will be compensated by all parties. The unfair and inefficient aspects of the present Securities ADR Motion are incurable.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Securities ADR Objection (as defined herein) and the Securities ADR Motion (as defined herein), as applicable.

**CONCLUSION**

For all of the foregoing reasons, Claimant respectfully joins Securities Lead Plaintiff's request that this Court enter an order denying the Securities ADR Motion, as well as granting such other and further relief as may be just and proper.

Dated: October 5, 2020　　　　　　　　　Respectfully submitted,

By: _/s/ LeAnne Kolb_

　　　LeAnne Kolb, CFO