**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Richard W. Slack**
+1 (212) 310-8017
richard.slack@weil.com

VIA ECF

October 7, 2020

The Honorable Dennis Montali
United States Bankruptcy Judge
United States Bankruptcy Court
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

Re: *In re PG&E Corporation and Pacific Gas and Electric Co*.
    Case No. 19-30088 (DM) (Jointly Administered) (the "**Chapter 11 Cases**")

Dear Judge Montali:

On behalf of PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable), we submit this letter to the Court regarding the *Securities Lead Plaintiff's Memorandum of Points and Authorities in Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9152] (the "**Renewed 7023 Motion**"), recently filed by the Public Employees Retirement Association of New Mexico ("**PERA**").[1] As set forth below, the Reorganized Debtors respectfully request a conference before the Court to discuss scheduling with respect to the Renewed 7023 Motion.

Notwithstanding this Court's prior order [Dkt. No. 5943] (the "**7023 Order**") denying PERA's earlier motion under Bankruptcy Rule 7023 [Dkt. No. 5042] (the "**7023 Motion**"), which PERA has treated as a final order and has appealed, as well as the extensive efforts undertaken by the Reorganized Debtors in accordance with the 7023 Order to provide actual notice of the extended deadline to file rescission or damage claims to more than 300,000 potential securities claimants, PERA is seeking a "do-over" and asking this Court again to certify a class. Thousands of claimants have filed proofs of claim raising securities claims against the Reorganized Debtors, many with the assistance of their own counsel. The Renewed 7023 Motion seeks to have this Court mandate that <u>every</u> claimant included in the proposed

---

[1] Capitalized terms used but not herein defined have the meaning ascribed to them in the Renewed 7023 Motion or the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), as applicable.

class subject itself to representation by PERA,[2] a named plaintiff in a separate securities action that has its own conflicting interests as a result of that securities action.

PERA filed the Renewed 7023 Motion on September 28, 2020, and has noticed it for hearing before the Court on October 28, 2020, with oppositions or responses due on October 14, 2020, just sixteen days after the Renewed 7023 Motion was filed. *See* [Dkt. No. 9154].

As the Court is aware, application of Bankruptcy Rule 7023 requires a two-step process. *First*, the Court must apply the factors set out in *In re Musicland Holding Corporation*, 362 B.R. 644 (Bankr. S.D.N.Y. 2007), to determine if application of Bankruptcy Rule 7023 is warranted. *Second*, if and only if the Court makes that determination, then it must engage in a typical analysis under Civil Rule 23 to determine if a class should actually be certified. Unlike its prior 7023 Motion, where PERA sought to bifurcate the *Musicland* analysis and the Civil Rule 23 determination, the Renewed 7023 Motion seeks to have the Court determine both issues at the same time.

The Reorganized Debtors believe that certain initial facial issues and the Civil Rule 23 determination should be bifurcated here (as PERA did in its first 7023 Motion). Threshold legal issues exist with respect to the Renewed 7023 Motion that—if decided in accordance with the principles of *res judicata* and law of the case, as well as a simple and straightforward application of the laws of conflicts and the *Musicland* factors—would obviate the need to burden the parties or the Court with briefing, discovery, and testimony on the Civil Rule 23 part of the Renewed 7023 Motion. While the parties may disagree as to the scope of discovery necessary to provide the Court with a full record on the Civil Rule 23 portion of the Renewed 7023 Motion, it is typical for certification disputes to be accompanied by discovery and the Reorganized Debtors would be entitled to discovery as a matter of due process. In short, if the Court were to determine that a class could potentially be certified here under Bankruptcy Rule 7023 as an initial matter, the parties could then engage in the time and expense of discovery, briefing, and an evidentiary hearing with respect to the Civil Rule 23 issues.[3] But that will all be time, expense, and judicial resource wasted if PERA cannot get out of the gate as a matter of law.

---

[2] PERA attempts to certify a securities class under Civil Rule 23(b)(1)—which is a mandatory class and does not provide class members opt-out rights. *See, e.g.*, *In re Syncor Erisa Litig.*, 227 F.R.D. 338, 346 n.11 (C.D. Cal. 2005) ("When a class is certified under Rule 23(b)(1) or (b)(2), class members do not have mandatory 'opt out' rights."). It is particularly inappropriate to apply Civil Rule 23(b)(1) here, which in effect would force thousands of claimants who received actual notice and took the time and effort to file a proof of claim, often with their own counsel, to submit to class treatment represented by a representative (and its chosen counsel) with its own separate and conflicting interests.

[3] Although Reorganized Debtors seek to take discovery on the Civil Rule 23 portion to enable them to raise all of their defenses at one time, the proposed class claims here under Civil Rule 23(b)(1)(A) and 23(b)(1)(B) are also improper on their face. For example, because Civil Rule 23(b)(1)(A) exists to protect

On multiple occasions, the Reorganized Debtors attempted to schedule a conference call with PERA regarding the Renewed 7023 Motion's briefing schedule. PERA did not agree to set a meet and confer until Monday, October 5 and then was not available to discuss these matters until Tuesday, October 6. Yesterday, the Reorganized Debtors conferred with PERA, which would not agree to bifurcation or an extension of the Reorganized Debtors' response date, absent an adjournment of the hearing on the *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 8964] (the "**Securities Claims Procedures Motion**"). Of course, PERA could have raised the issue of another motion under Bankruptcy Rule 7023 and sought a briefing schedule at the time the parties decided on a schedule for the Securities Claims Procedures Motion—long before it filed its Renewed 7023 Motion. It chose not to do so for tactical reasons. PERA should not now be permitted to force the Reorganized Debtors into a Hobson's Choice of squeezing a multi-month process into a sixteen-day period or delaying their own motion that has been on file since September 1, 2020, and was already delayed to accommodate PERA (who, again, chose not to even mention its intention to file another motion under Bankruptcy Rule 7023).

Accordingly, the Reorganized Debtors propose that the Court bifurcate the Renewed 7023 Motion and consider application of initial matters such as the application of *res judicata*/law of the case, conflicts of interest, and the *Musicland* analysis first, and only schedule and consider the Civil Rule 23 determination after it makes this initial determination. Further the Reorganized Debtors propose the following briefing schedule for those initial matters:

- **Deadline to Object or Respond:** November 3, 2020 at 4:00 p.m. (Pacific Time);

- **Reply Deadline:** November 10, 2020 at 4:00 p.m. (Pacific Time); and

- **Hearing Date:** November 17, 2020 at 10:00 a.m. (Pacific Time).

---

the party opposing class certification, *i.e.*, the defendant, it is inappropriate to certify a class over the Reorganized Debtors' objection. *See, e.g., Corley v. Entergy Corp.*, 222 F.R.D. 316, 320 (E.D. Tex. 2004); *Alsup v. Montgomery Ward & Co.*, 57 F.R.D. 89, 92 (N.D. Cal. 1972). Moreover, controlling Ninth Circuit authority precludes class certification under Rule 23(b)(1)(A) in an action for damages. *See, e.g.*, *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). As to Civil Rule 23(b)(1)(B), certification is "wholly inappropriate" where investors' claims vary with their unique personal factual situations and "[o]nly subdivision 23(b)(3) should be applicable" to securities fraud claims. *In re Home-Stake Prod. Co. Sec. Litig.*, 76 F.R.D. 351, 376 (N.D. Okla. 1977) (plaintiffs alleged violations of the Securities Exchange Act); *see also Tober v. Charnita, Inc.*, 58 F.R.D. 74, 81 (M.D. Pa. 1973) ("Only subdivision 23(b)(3) should be applicable to a cause of action, such as the instant one, involving the aggregation of individual claims arising out of one alleged wrong or common course of conduct") (denying certification of putative securities class under Rule 23(b)(1)).

Lastly, there is no reason that the Securities Claims Procedures Motion, scheduled to go forward on October 28, 2020, cannot proceed as scheduled. PERA can argue that it believes its proposed collective 7023 method, if ultimately approved by the Court, is preferable to the procedures proposed by the Reorganized Debtors and the Reorganized Debtors can respond to that objection. In the alternative, the Reorganized Debtors would be prepared as a compromise to adjourn the Securities Claims Procedures Motion also until November 17, 2020, with the Reply deadline with respect to the Securities Claims Procedures Motion also adjourned to November 10, 2020, so both PERA and the Reorganized Debtors are submitting their final briefs before the hearing at the same time. The Court could then decide the Securities Claims Procedures Motion and the initial phase of the Renewed 7023 Motion at the same time.

*   *   *

For the reasons set forth above, the Reorganized Debtors request a conference to establish a schedule to address the issues raised in PERA's Renewed 7023 Motion. The Reorganized Debtors are available at the Court's earliest convenience.

Respectfully submitted,


/s/ Richard W. Slack


Richard W. Slack


cc:
Michael S. Etkin (via electronic mail)
Randy Michelson (vial electronic mail)
Thomas A. Dubbs (via electronic mail)