| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Richard W. Esterkin (SBN 70769)<br>300 South Grand Ave.<br>Los Angeles, CA 90071-3132<br>Tel:   +1.213.612.2500<br>Fax:  +1.213.612.2501<br>richard.esterkin@morganlewis.com<br><br>*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund.* | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| **In re**<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br><br>☐ Affects Pacific Gas and Electric Company<br><br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**JOINDER TO SECURITIES LEAD PLAINTIFF'S OBJECTION TO REORGANIZED DEBTORS' MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS**<br>**[DOCKET NO. 9189]**<br><br>**Hearing Date:** October 28, 2020<br>Time:  10:00 a.m. (PST)<br><br>Before: Video Conference |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

The State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund ("**Oregon**"), hereby joins the Securities Lead Plaintiff's objection [Docket No. 9189] (the "**Objection**") to *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resoling Subordinated Securities Claims* [Docket No. 8964] (the "**Motion**").

1. As set forth more fully in the Objection, the Securities ADR Procedures[1] proposed in the Motion are unduly burdensome on Securities Claimants like Oregon. Oregon, and other holders of the Debtors' debt and equity securities, were already required to expend significant resources and time complying with the Debtors' extensive Rescission and Damages Proof of Claim Form which required, in addition to typical claim information, detailed information (including supporting records) on claims trading activity from April 29, 2015, to November 15, 2018, including each and every sale and purchase of securities between those two dates and final holdings as of November 15, 2018. These claims are deemed allowed unless and until the Debtors prevail in an objection to them.

2. Rather than comply with the Bankruptcy Code and Bankruptcy Rules, the Reorganized Debtors now seek to impose significant, additional hurdles on Securities Claimants, including the Securities ADR Procedures that turn the Bankruptcy Code burdens of proof on their head. Specifically, without asserting a single substantive or procedural objection to the filed Rescission and Damages Proofs of Claim, the Debtors ask for additional information, including information that was previously requested in the Rescission and Damages Proof of Claim Forms, on a new, compressed 28-day timetable. Although the Debtors have yet to detail the full extent of the additional information they are seeking, at minimum, they request all trading activity between April 29, 2015, and July 1, 2020 — despite July 1, 2020, extending far outside the period relevant to the Rescission and Damages Proofs of Claim (*i.e.*, April 29, 2015 – November 15, 2018). The Debtors also ask for unfettered authority to determine which claims to address and when (with

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection and the Motion, as applicable.

seemingly no outside cutoff date) and for the ability to force otherwise valid claims into an onerous, opaque and one-sided ADR process that they exclusively control. The Debtors' efforts to disqualify on technicalities as many otherwise valid claims as possible and make the process lengthy, onerous and expensive so claimants have no choice but to settle for a fraction of the consideration they are entitled to under the Debtors' chapter 11 plan should be denied.

3. Given the manifest unfairness and impropriety of the process outlined by the Debtors, proposed without any meaningful attempt to solicit input from Securities Claimants, Oregon joins the Objection and requests that the Debtors' Motion be denied. Oregon believes the Debtors should be required to respond to Rescission and Damages Proofs of Claim strictly in accordance with section 502 of the Bankruptcy Code. Nevertheless, to the extent there are ADR procedures, such procedures should be fair to both the Debtors and claimants and should be subject to the burdens of proof set forth in the Bankruptcy Code. Oregon further reserves all rights with respect to any further changes to the Securities ADR Procedures proposed by the Debtors and the right to join in any other objections to the Motion that may be filed.

Dated: October 8, 2020  **MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Richard W. Esterkin*
Richard W. Esterkin (SBN 70769)

*Attorneys for the State of Oregon by and through the Oregon Investment Council on behalf of each of the Oregon Public Employees Retirement Fund, Common School Fund, Oregon Short Term Fund and Industrial Accident Fund*

# CERTIFICATE OF SERVICE

I, Renee Robles, declare as follows:

I am a citizen of the United States and over the age of eighteen (18) years and not a party to the within action. My business address is at Morgan Lewis & Bockius, LLP, located at 300 South Grand Avenue, Twenty-second Floor, in Los Angeles, California 90071-3132.

On October 8, 2020, I served document(s) described as:

**JOINDER TO SECURITIES LEAD PLAINTIFF'S OBJECTIONS TO REORGANIZED DEBTORS' MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS [DOCKET NO. 9189]**

on the interested parties in this action as follows:

[ ] BY MAIL: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth above.

[X] BY E-MAIL/NEF: Service was accomplished through the Notice of Electronic Filing ("NEF") for all parties and counsel who are registered ECF Users and those identified below:

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. This declaration was executed on October 8, 2020, in Los Angeles, California.

*Renee Robles*
Renee Robles