1

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

2

3

4

5

6

7

*Attorneys for Debtors and Reorganized Debtors*

8

9

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

10

11

| | |
|---|---|
| | Bankruptcy Case No. 19-30088 (DM) |
| **In re:** | Chapter 11 |
| **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
|     - and - | **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)** |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | |
|                **Debtors.** | **Response Deadline:** |
| ☐ Affects PG&E Corporation | **November 3, 2020, 4:00 p.m. (PT)** |
| ☐ Affects Pacific Gas and Electric Company | **Hearing Information If Timely Response Made:** |
| ☒ Affects both Debtors | Date:  November 17, 2020 |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Time:  10:00 a.m. (Pacific Time) |
| | Place:  (Telephonic Appearances Only) |
| |        United States Bankruptcy Court |
| |        Courtroom 17, 16th Floor |
| |        San Francisco, CA 94102 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby

2   declare under penalty of perjury that the following is true and correct to the best of my knowledge,

3   information, and belief:

4        1.     I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is

5   an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provided interim

6   management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as

7   debtors and reorganized debtors (collectively, the "**Debtors,**" or, as reorganized pursuant to the Plan, the

8   "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit

9   this Declaration in support of the *Reorganized Debtors' Nineteenth Omnibus Objection to Claims*

10   *(Duplicative Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

11        2.     In my current position, I am responsible for overseeing the Bankruptcy Case Management

12   component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related

13   to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination

14   with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors,

15   other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with

16   respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day

17   operations, financing arrangements, business affairs, and books and records. Except as otherwise

18   indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the

19   knowledge of other APS professionals working under and alongside me on this matter, my discussions

20   with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel,

21   and my review of relevant documents and information prepared by the Reorganized Debtors. If called

22   upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to

23   submit this declaration on behalf of the Reorganized Debtors.

24        3.     The AlixPartners team under my supervision has been actively and intimately involved

25   in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

26   AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the

27

28   [1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4.    As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

5.    The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objection as "Duplicative Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

6.    The Duplicative Claims have been identified as duplicates of other claims that are not being objected to—the Surviving Claims, identified as such in the column bearing the heading "Surviving Claims" on **Exhibit 1**. The duplication arises because the Duplicative Claim and the Surviving Claim are (1) identical (both were filed against the same Debtor on account of the same obligation for the same amount and priority); (2) substantively identical (both were filed against the same Debtor on account of the same obligation for the same amount but assert a different priority); or (3) partially identical (the asserted amount of one Claim is subsumed within a larger claim). In all cases, the later-filed identical claim does not express an intention to amend the earlier filed claim. The Surviving Claim, which may have been filed earlier or later than the other identical claim(s), has been designated as such for the administrative convenience of the Reorganized Debtors. In cases where the

Duplicative Claims assert different priorities, the Reorganized Debtors seek to disallow and expunge unsecured claims and leave the asserted priority claims as Surviving Claims.

7.     The Omnibus Objection does not affect any of the Surviving Claims. There is a single Surviving Claim for each underlying claim asserted against the Debtors by a Duplicative Claim that is the subject of the Omnibus Objection.[2] If the Omnibus Objection is sustained and the Duplicative Claims are disallowed, the Surviving Claims will remain as active claims on the claims register.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this eighth day of October, 2020, in Dallas, Texas.

/s/ Robb McWilliams
Robb McWilliams

---

[2] In some instances the same Surviving Claim appears in multiple entries in the "Surviving Claims" column on **Exhibit 1**. The multiple entries mean that there were multiple Duplicative Claims filed with respect to the same underlying obligation, and the identified Surviving Claim listed in multiple entries is the sole remaining Proof of Claim for all of the corresponding Duplicative Claims listed in the "Claims To Be Disallowed and Expunged" column.