KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>November 3, 2020, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: November 17, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"), which provided interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Twenty-Third Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records  AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed and/or expunged, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

5. The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and/or Expunged," and referred to in the Omnibus Objection as "No Liability Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

6. The No Liability Claims are either:

   a. "Equity Interest Claims." These are proofs of claim that are based purely upon the Claimant's holding of the Debtors' common stock, which interests remain outstanding subject to dilution in accordance with the Plan, and are not otherwise entitled to a distribution or right to payment under the Plan.

   b. "MLX Claims." These Claims are based on prepetition refund obligations asserted under the Debtors' mainline extension and interconnection programs (the "**MLX Programs**"). In a limited number of cases, the Reorganized Debtors have no liability for the

MLX Claims listed on **Exhibit 1** because the nature of the underlying agreement does not warrant a refund. In most cases, the Reorganized Debtors have no current liability for the MLX Claims because they have not yet come due. Such unpaid refund claims arguably are not claims for which Claimants were required to submit a proof of claim either under the Bankruptcy Code or the Bar Date Order; certain of these obligations did not arise until after the Petition Date and therefore are not properly reconciled and paid pursuant to the bankruptcy claims process. For the avoidance of doubt, with respect to all of these Claims, the Reorganized Debtors seek only to expunge the Claims, and any ongoing obligations will not be discharged and will be paid in the ordinary course.

  c. "Engineering Advances." These Claims assert prepetition refund obligations pursuant to the Debtors' engineering advances program, whereby Customers apply for new line extension or relocation projects, which are applied to the cost of the project (the "**Engineering Advances**"). In some cases, the Reorganized Debtors have no liability for the Engineering Advances listed on **Exhibit 1** because the refund will be applied to contract or cancellation costs and therefore not returned to the Claimant or there are no outstanding Engineering Advances under the Claimant's name. In most cases, the Reorganized Debtors have no current liability for the Engineering Advances because they have not yet come due. Such unpaid refund claims arguably are not claims for which Claimants were required to submit a proof of claim either under the Bankruptcy Code or the Bar Date Order; certain of these obligations did not arise until after the Petition Date and therefore are not properly reconciled and paid pursuant to the bankruptcy claims process. For the avoidance of doubt, with respect to

all of these Claims, the Reorganized Debtors seek only to expunge the Claims, and any ongoing obligations will not be discharged and will be paid in the ordinary course.

    d. "Protective Claims." These are proofs of claim that assert protective, unliquidated claims arising post-petition pursuant to an assumed executory agreement. The Reorganized Debtors have reviewed their books and records and have determined that they have no known liability as of the Petition Date with respect to the Protective Claims.

7. Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel, each of the No Liability Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors do not have any liability.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this eighth day of October, 2020, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams