

Entered on Docket
October 09, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 8, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

 - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Bankruptcy Case No. 19-30088 (DM)

Chapter 11

(Lead Case) (Jointly Administered)

**ORDER EXPUNGING PROOFS OF CLAIM PURSUANT TO REORGANIZED DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS (PLAN PASSTHROUGH ENVIRONMENTAL CLAIMS)**

[Re: Dkt. No. 8988]

Upon the *Reorganized Debtors' Report on Responses to Tenth Omnibus Objection to Claims (Plan Passthrough Environmental Claims) and Request for Order by Default as to Unopposed Objections* [Docket No. 9217], as supplemented by the *Reorganized Debtors' Supplemental Report on Responses to Tenth Omnibus Objection to Claims (Plan Passthrough Environmental Claims) and Request for Order by Default as to Unopposed Objections* [Docket No. 9247] (as supplemented, the "**Request**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**"), that the Court enter an order by default on the *Reorganized Debtors' Tenth Omnibus Objection to Claims (Plan Passthrough Environmental Claims)* [Docket No. 8988] (the "**Tenth Omnibus Objection**")[1], all as more fully set forth in the Request, and this Court having jurisdiction to consider the Request and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Request and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Request as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The below Proofs of Claims shall be treated as follows:

---

[1] Capitalized terms used herein not otherwise defined have the meanings given to them in the Tenth Omnibus Objection, the Plan or the Confirmation Order as applicable.

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| Informal | California Air Resources Board | 73078 | Claimant has not objected to the expungement of this Claim, which shall be expunged pursuant to this Order. However, Exhibit 1 has been updated to reflect that the Claim is for $9,011,210. |

2. The Proofs of Claims listed in the column headed "Claims to be Expunged" in **Exhibit 1** hereto are expunged.

3. For the avoidance of doubt, nothing herein shall modify the Plan or the Confirmation Order [Docket No. 8053], including without limitation paragraph 67(b) of the Confirmation Order, which provides that all Environmental Claims held by any Governmental Unit (as defined therein) and Environmental Performance Obligations to any Governmental Unit shall survive the Chapter 11 Cases as if they had not been commenced and be determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such Environmental Claims or Environmental Performance Obligations would have been resolved or adjudicated if the Chapter 11 Cases had not been commenced; provided, that nothing in the Confirmation Order, the Plan, or the Plan Documents shall alter any legal or equitable rights or defenses of the Debtors or the Reorganized Debtors under non-bankruptcy law with respect to any such Environmental Claims or Environmental Performance Obligations. For the avoidance of doubt, the Debtors and the Reorganized Debtors shall not raise the discharge injunction as a defense to the Environmental Claims or Environmental Performance Obligations.

4. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

*** END OF ORDER ***