

Signed and Filed: October 12, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**  **PG&E CORPORATION,**  - and -  **PACIFIC GAS AND ELECTRIC COMPANY,**  Debtors.  ☐ Affects PG&E Corporation  ☐ Affects Pacific Gas and Electric Company  ☒ Affects both Debtors  * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)  Chapter 11  (Lead Case) (Jointly Administered)  **AMENDED ORDER DISALLOWING AND EXPUNGING PROOFS OF CLAIM PURSUANT TO REORGANIZED DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**  [Re: Dkt. No. 8983] |

Upon the *Reorganized Debtors' Report on Responses to Eighth Omnibus Objection to Claims (No Liability Claims) and Request for Order by Default as to Unopposed Objections* [Docket No. 9257] and the *Reorganized Debtors' Revised Report on Responses to Eighth Omnibus Objection to Claims (No Liability Claims) and Request for Order by Default as to Unopposed Objections* [Docket No. 9284] (together, the "**Request**") of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**"), that the Court enter an order by default on the *Reorganized Debtors' Eighth Omnibus Objection to Claims (No Liability Claims)* [Docket No. 8983] (the "**Eighth Omnibus Objection**"), all as more fully set forth in the Request, and this Court having jurisdiction to consider the Request and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a); and consideration of the Request and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Request as provided to the parties listed therein is reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief sought; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The below Proofs of Claims shall be treated as follows:

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| Informal | Mendocino County Inland Water Agency and Power Commission (MCIWAPC) | 86469 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to October 15, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on October 28, 2020, at 10:00 a.m. |
| Informal | California Department of Water Resources | 66196 | The Eighth Omnibus Objection is SUSTAINED with respect to this Claim; provided however, pursuant to Paragraph 67(k) of the Confirmation Order, notwithstanding anything in the Plan, the Confirmation Order, or this Order to the contrary, DWR shall be entitled to pursue any Claim against or otherwise exercise any rights against the Debtors and Reorganized Debtors in respect of the proceeds of the DWR Bond Charge as if the Chapter 11 Cases had not been commenced; and further provided that any such action shall be subject to the terms of the CPUC-DWR Rate Agreement, applicable CPUC decisions and orders, the California Water Code, and any other applicable law. |
| Informal | California Department of Fish and Wildlife | 72176 | The Eighth Omnibus Objection is WITHDRAWN with respect to this Claim. |
| Informal | Central Valley Regional Water Quality Control Board | 72173 | The Eighth Omnibus Objection is WITHDRAWN with respect to this Claim. |
| 9134 | ArborMetrics Solutions, LLC | 97050 | Claimant contends that its Claim is a Fire Victim Claim as defined in the Plan. Accordingly, Claim No. 97050 will be disallowed because it is not an obligation of the Debtors' estate. Instead, the Claim is channeled to the Fire Victims Trust to be addressed there as a Fire Victim Claim, all rights reserved. |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| 9135 | Trees, LLC | 97048 | Claimant contends that its Claim is a Fire Victim Claim as defined in the Plan. Accordingly, Claim No. 97048 will be disallowed because it is not an obligation of the Debtors' estate. Instead, the Claim is channeled to the Fire Victims Trust to be addressed there as a Fire Victim Claim, all rights reserved. |
| Informal | Irene George | 5239 | Claimant directed the Reorganized Debtors to re-serve the Eighth Omnibus Objection on her next of kin. The Reorganized Debtors have done so, and will grant Claimant's sons an extension the response deadline to October 13, 2020, and the hearing will be continued to the next omnibus hearing, on October 28, 2020, at 10:00 a.m. |

2. The Proofs of Claims listed in the column headed "Claims to be Disallowed and Expunged" in **Exhibit 1** hereto are disallowed and expunged.

3. With respect to the Claims identified in **Exhibit 1** as Protective Claims, Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed. The Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-assumption failure of the Reorganized Debtors to perform or honor their obligations under such agreements.

4. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

*** END OF ORDER ***