1                UNITED STATES BANKRUPTCY COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                    -oOo-

4  In Re:                  ) Case No. 19-30088
                             ) Chapter 11

5  PG&E CORPORATION AND PACIFIC  )
    GAS AND ELECTRIC COMPANY     ) San Francisco, California

6                        ) Thursday, October 15, 2020
               Debtors.  ) 10:00 AM

7  _____  )
                          STATUS CONFERENCE REGARDING

8                          MOTION SECURITIES LEAD
                          PLAINTIFFS' MOTION TO APPLY

9                          BANKRUPTCY RULE 7023 AND
                          CERTIFY A LIMITED CLASS FILED

10                        BY SECURITIES LEAD PLAINTIFF
                          AND THE PROPOSED CLASS [9152]

11

12                  TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE DENNIS MONTALI
              UNITED STATES BANKRUPTCY JUDGE

13

14  APPEARANCES (Via CourtCall):
    For the Debtors:         RICHARD W. SLACK, ESQ.

15                        Weil, Gotshal & Manges LLP
                        767 Fifth Avenue

16                        New York, NY 10153
                        (212)310-8000

17

18  For Public Employees     THOMAS A. DUBBS, ESQ.
    Retirement Association of  Labaton Sucharow LLP
    New Mexico (PERA):      140 Broadway

19                        New York, NY 10005
                        (212)907-0700

20

21  For Public Employees     MICHAEL S. ETKIN, ESQ.
    Retirement Association of  Lowenstein Sandler LLP
    New Mexico (PERA):      One Lowenstein Drive

22                        Roseland, NJ 07068
                        (973)597-2500

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18   Court Recorder:                LORENA PARADA/ANKEY THOMAS
     United States Bankruptcy Court
     450 Golden Gate Avenue
19   San Francisco, CA 94102

20

21   Transcriber:                   COLIN RICHILANO
     eScribers, LLC
     7227 N. 16th Street
22   Suite #207
     Phoenix, AZ 85020
23   (973)406-2250

24   Proceedings recorded by electronic sound recording;
     transcript provided by transcription service.
25

(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    SAN FRANCISCO, CALIFORNIA, THURSDAY, OCTOBER 15, 2020, 10:00 AM

2                              -oOo-

3        (Call to order of the Court.)

4            THE CLERK:  Court is now in session.  The Honorable

5    Dennis Montali presiding.  Calling the matter of PG&E

6    Corporation.

7            THE COURT:  Well, good morning, everyone.  This is

8    Judge Montali.  We -- once again, we've attracted a crowd for

9    what I thought was a small matter, so I'm going to ask again

10   that you make your appearance only if you have something to

11   say.

12           I will ask first, though, Mr. Slack, are you on the

13   call?

14           MR. SLACK:  I am, Your Honor.

15           THE COURT:  Okay.  And Mr. Dubbs?

16           MR. DUBBS:  Yes, Your Honor.

17           THE COURT:  All right.  For the -- I don't know if

18   anyone else needs to be on the call because, Mr. Dubbs, you

19   were the one that asked for the hearing, and I thought

20   everything was clear in the email exchange, so I'm not sure

21   where we're going today.  You tell me where we're going.

22           MR. DUBBS:  Well, I think we seek the guidance of the

23   Court.  I made a mistake in terms of -- for which I

24   apologize --

25           THE COURT REPORTER:  Excuse me, Counsel.

PG&E Corporation and Pacific Gas and Electric Company

1      MR. DUBBS:  -- in terms of --

2      THE COURT REPORTER:  Counsel, this is Lorena Parada.

3      MR. DUBBS:  This is Thomas Dubbs.

4      THE COURT REPORTER:  Please state your -- yes, thank

5  you.

6      THE COURT:  Okay.  Go ahead.

7      MR. DUBBS:  This is Thomas Dubbs.  I'm sorry.

8      We seek the guidance of the Court.  I made a mistake,

9  for which I apologize.  Mr. Slack can tell us what the

10  prejudice is, and we're prepared to take the short end of the

11  stick if there's any prejudice.  And I agreed to what I thought

12  was a scheduling matter but was presented as an alternative but

13  had incorporated into it, in the Weil Gotshal letter, what they

14  call a bifurcation concept, which we -- depending upon how one

15  defines it -- we strongly object to.  And we wanted to have

16  this discussion with the Court to try to make sure that

17  everyone was on the same page and knew what the issues were and

18  what the timing of the issues were.  And that's the reason I

19  wrote the letter.

20      Now, to that end, just by way of a very short

21  paragraph of background, the Court asked all counsel to come up

22  with proposals or structures that would help address the

23  problem facing the Court and facing all of us of how to deal

24  with 6,000 claimants in a constructive, equitable fashion.  And

25  Mr. Slack and his colleagues have come up with an ADR proposal,

PG&E Corporation and Pacific Gas and Electric Company

1  and we came up with another proposal, which is in the form of a

2  specific, narrow kind of class action, coupled with a mediation

3  component, which we believe is more equitable and more

4  efficient.

5          Now, our proposal legally implicates both 7023 and

6  Rule 23, and my colleagues on the other side believe strongly

7  that 7023 issues and Rule 23 issues have to be separated out,

8  for which they use the term "bifurcated".  We briefed them

9  together as if they were one package.

10          We've assumed, with some reason, that the Court

11  understands 7023 and Musicland as well as he understands the

12  back of his hand, so we focused mainly on the Rule 23 issues

13  and the narrowness of the Rule 23 issues, because this is an

14  issue class focusing on specific, narrow issues, including the

15  administration of the estate and how that interacts with a

16  mediation structure that we submit can be successful, so long

17  as we mediate and decide roughly nine separate issues, and once

18  we have nine buckets we can put the 6,000 claimants into one of

19  those nine or ten buckets, and that that's ultimately more

20  efficient.

21          Now, my colleagues on the other side, what we are

22  fearful of -- and this may be paranoia on our part, but even

23  paranoids have enemies -- we think that the attempt to --

24          THE COURT:  Even paranoid people get picked on

25  sometimes, right, Mr. Dobbs?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          MR. DUBBS:  That's true.

2          THE COURT:  Right.  Okay.

3          MR. DUBBS:  And that's fine, and we're all big boys.

4          The problem that we have, fundamentally, is that if

5   the 7023 is split off from the Rule 23, the Court will not be

6   addressing more or less simultaneously what are two very

7   different, competing structures to handle the same problem and

8   that the specter of discovery, which we strongly disagree with,

9   will be used as an excuse to delay the addressing of the Rule

10  23 narrow class so that that would drive incentives to adopting

11  their ADR approach, which, as the Court knows or will know, has

12  been objected to by seventy institutions, including CalPERS,

13  CalSTRS, and Chevron, as well as a bunch of other big money

14  institutions.  And that's what we --

15         THE COURT:  Let me interrupt you --

16         MR. DUBBS:  -- that's what we're afraid of.

17         THE COURT:  -- only to say, Mr. Dubbs -- Mr. Dubbs,

18  let me just tell you.

19         MR. DUBBS:  I'm sorry, Your Honor.

20         THE COURT:  The Court has not, and I do not, review

21  things in advance.  So the ADR motion is two weeks out, and I

22  haven't looked at anything.  So I don't know who's objected or

23  not, and similarly I haven't drilled down on your motion to

24  even understand much about it, other than what I did with the

25  prior 723 (sic) motion last year.  So I don't -- I'm somewhat

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    naive about what's been going on on the docket, but go ahead.

2         MR. DUBBS:  Well --

3         THE COURT:  Tell me what you think we should do, and

4    then I'll see what Mr. Slack thinks we should do.

5         MR. DUBBS:  Well, what I think we should do -- and I

6    want to put aside timing for a moment -- what I think we should

7    do is we should have briefing on our motion, which incorporates

8    7023 concepts and the class concepts and how the class concepts

9    incorporate a mediation component; that's our structure.  And

10   that structure should be compared by the Court to their

11   structure.

12        And after there's argument and discussion about that

13   structure and the Court has reviewed the papers on those two

14   structures, then the table is set and Mr. Slack can say, well,

15   that's great, but we need discovery on this, this, and this, or

16   he can say whatever he wants to say.  But to break our

17   structure into component parts ab initio before the Court has

18   viewed what our structure is, we have problems with.

19        THE COURT:  So if I could turn it around --

20        MR. DUBBS:  And I think that's the --

21        THE COURT:  -- I mean, to use your term and what

22   you -- you don't want to bifurcate your motion; you want your

23   motion unbifurcated (sic), considered concurrently with what

24   we'll call the debtors' ADR motion.  That work?

25        MR. DUBBS:  That's correct?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  Is that correct?

2    MR. DUBBS:  Yep.

3    THE COURT:  Okay.

4    MR. DUBBS:  Absolutely.  And if there are issues that

5    flow from that that Mr. Slack convinces the Court he needs

6    discovery on or he needs something else on or he needs more

7    briefing on, that's fine.  We will accept that risk.  But we

8    don't want half a loaf before the Court with their full

9    structure before the Court, and so we don't have a real

10   comparison for the Court of our two usable rules.

11   THE COURT:  Okay.  Mr. Slack, are you --

12   MR. SLACK:  Your Honor, Richard Slack from Weil,

13   Gotshal for the reorganized debtor.

14   So from our perspective, we made our motion on

15   September 1st, and we'd like to get started with resolving the

16   securities' proofs of claim.  And we believe that the

17   reorganized debtors' proposed ADR procedure, as well as the

18   briefing schedule that we set out in our letter, is the most

19   efficient way to do that.

20   Your Honor, it's important right up front to

21   understand sort of the practical impact of PERA's request to

22   put everything on the same schedule, and that is that moving

23   forward with everything now will require discovery on the Rule

24   23.  And I think, Your Honor, even though it probably isn't a

25   major portion of what you pay attention to, the fact is is that

PG&E Corporation and Pacific Gas and Electric Company

1    Rule 23 motions, especially securities Rule 23 motions, it is
2    very -- not only typical to have discovery, but that discovery
3    can last up to five, six months.  I don't think it's going to
4    take that here, but there's clearly going to be some discovery
5    that we're entitled to as a matter of due process before we
6    have to file our brief.  And so there's going to be a delay of
7    some number of months before this could all get heard together
8    if we go from their schedule.

9        And as Your Honor knows from doing the prior 7023
10   motion, there's a two-step process.  The movant has to satisfy
11   the initial gatekeeping factors, and then there's a Rule 23
12   factor.  And in fact, in their last motion, Your Honor, as
13   you'll recall, they bifurcated and said it was fine.  They
14   bifurcated the initial matters dealing with Musicland and the
15   other factors with the Rule 23.  So they did the bifurcation
16   then, and we think that that is the right way of doing this.

17       And when you look at the -- you put their 7023 motion
18   in perspective, I heard Mr. Dubbs talking about it, what PERA
19   actually seeks here -- and it's extraordinary -- is to have a
20   class of people who file proofs of claim certified under
21   specific provisions of Rule 23, and those provisions are
22   mandatory, nonopt-out classes, which means that thousands of
23   individuals who file their own proofs of claim here, including
24   those that have their own counsel, filed with their own
25   counsel, would have to accept, mandatorily, their class with

PG&E Corporation and Pacific Gas and Electric Company

1    PERA as their representative and not be able to settle without

2    PERA's say-so.  And so ultimately, when we get to the class

3    issues, we think they're going to fail out of the gate.

4         And the other thing, Your Honor, is PERA really -- and

5    again, we're going to get to these up front -- is completely

6    conflicted here.  They seek to represent one class in the

7    district court and it's a very different class.  What they want

8    to represent here are people who filed claims against a

9    different entity, and some people who have those claims aren't

10   even in the class action.  So you have different claims,

11   different classes; they're in a total conflict situation and

12   can't represent them.

13        So what that means, Your Honor, is that all of those

14   issues can get addressed in the initial phase of the 7023

15   motion.

16        THE COURT:  Mr. Slack, am I correct --

17        MR. SLACK:  So what --

18        THE COURT:  -- am I -- hold on.  Am I correct, Mr.

19   Slack, if I go with your proposed ADR procedure, that loops the

20   whole 723/23 (sic) option, doesn't it?

21        MR. SLACK:  It does, Your Honor.  And what I would

22   say, though, is that they've made an objection which we're all

23   going to deal with.  And our suggestion and our compromise

24   suggestion, Your Honor, is that Your Honor can hear the first

25   phase -- the Musicland, the conflicts issues, the law of the

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1     case and res judicata issues -- up front.  And then the parties

2     don't have to engage in any discovery, we don't have to do

3     briefing on the Rule 23, and --

4               THE COURT:  No, I got it.

5               MR. SLACK:  -- if Your Honor --

6               THE COURT:  I got it.  I got it.

7               MR. SLACK:  Yeah.  So the one other point I want to

8     make, Your Honor -- can I make one other point, because I think

9     it's an important one --

10              THE COURT:  Of course.

11              MR. SLACK:  -- is our proposal, Your Honor, comes with

12    what I'll call a judge safety valve, and that is if we

13    bifurcate and we get to the hearing and Your Honor, at that

14    point, thinks that it would be better, more appropriate to

15    actually go through the Rule 23 issues, all you have to do,

16    Your Honor, is take the procedures motion under advisement and

17    order the parties to go and do that discovery and come back,

18    and there will be a delay of a month doing that, at most,

19    because we've got our hearing in a month.

20              And so I think, Judge, you can, sort of, guard against

21    this, and if it comes up that you think we need to do that

22    discovery at the hearing, we can go do it.  You are the safety

23    valve.

24              THE COURT:  So but Mr. Slack, also am I right, if you

25    persuade me to go with the ADR procedure entirely then that

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  kills both sides of the PERA's procedure?  They don't need to

2  bifurcate if you're denying it in any event.  In other words,

3  stated differently, if I'm persuaded to go with the ADR

4  procedure, why would I consider any Rule 723 (sic), Rule 23

5  option?

6          MR. SLACK:  Your Honor --

7          THE COURT:  Isn't that right?

8          MR. SLACK:  -- we agree with that.  We absolutely

9  agree with that, and as I -- but as I said, as a compromise, we

10 were willing to have sort of that first phase heard at the same

11 time.

12         THE COURT:  No, I'm not -- okay.

13         MR. SLACK:  We don't think it's necessary, and that's

14 why it was a compromise.

15         THE COURT:  Well, that's right, and that's why my

16 courtroom deputy informed you all that I was willing to do

17 that.  And so it says the renewed motion, meaning the PERA

18 motion, would be bifurcated with the first hearing on November

19 17th.  Mr. Tubbs is saying, no, let's have it unbifurcated

20 because of all these other things.

21         Okay.  Well, I --

22         MR. DUBBS:  May I be heard briefly, Your Honor?

23         THE COURT:  Is that Mr. Dubbs again?  Again, you

24 need --

25         MR. DUBBS:  Yes, it is, Your Honor.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  Okay, yeah.  Please, and anyone else who

2  speaks, too, you have to state your name.

3    Yes, sir, go ahead.

4    MR. DUBBS:  I know.  I apologize.  Thomas Dubbs for

5  PERA.

6    The fundamental premise of their argument is two-fold.

7  One, it's an either/or choice, and what we're afraid of is that

8  the contours of the choice will not be presented to the Court,

9  and only half the choice will be presented to the Court.  And

10  then they're going to say let's let the ADR train leave the

11  station, and we're stuck in the station; that's number one.

12    Number two is there's a fundamental misunderstanding

13  which can only be resolved by, unfortunately, a review of the

14  papers which Your Honor has not done, but I represent, having

15  done this for thirty years, that all class actions are not the

16  same.  And this is not the kind of class action that is typical

17  in large securities cases which, Mr. Slack is correct, often

18  entail discovery up front.

19    The way this has been tailored has been under Rule 23,

20  to pick several discrete issues that don't require discovery

21  and have as their -- there are vectors that go to mediation of

22  critical issues to get the thing done.  And if it's one whole

23  piece, and we would respectfully suggest that, Your Honor,

24  before you make a decision, because it is a bit of an either/or

25  decision, look at our whole proposal together which means

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  looking at the 7023, looking at Rule 23 and how narrow we say

2  it is, even though Mr. Slack says it's very broad and he needs

3  tons of discovery -- but take a look at that, and if he's right

4  and it takes lots of discovery and you say to me, you know,

5  it's a great idea, but it's going to take six months of

6  discovery and we don't have six months, then so be it.  We'll

7  pack our tent and go home.  But I respectfully suggest you have

8  to look at both structures and compare them.

9       THE COURT:  But your motion that you filed for the 723

10 (sic) lays out the two parts of it, right?  In other words --

11      MR. DUBBS:  That's correct.

12      THE COURT:  Yeah.  So you filed that on -- whenever

13 you filed it.  It's document 9512.  I mean, I have a copy of it

14 here.  The footer doesn't show me exactly when it got filed,

15 but you know when you filed it.  I just haven't read it yet.

16 So when I read it, I will get your take as to how this thing

17 bifurcates.

18      And so now fast forward to a hearing when we're

19 following Mr. Slack's proposal, where he's arguing his ADR

20 procedure should control and you're arguing that your

21 nonbifurcated procedure should control, you will argue to me

22 why I should put -- to use Mr. Slack's term, I should use my

23 safeguard and put the ADR thing on the back burner while I go

24 through whatever step you want to do.  So all you have to do,

25 perhaps, at the hearing on the November 17th date is convince

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   me that I need to wait; I need to go to that second phase.

2       I have to be honest with you, Mr. Dubbs, that -- I

3   shouldn't say that.  I'm supposed to be honest with you whether

4   I say I'm being honest with you or not.  When I learned that

5   you had filed this renewed 723 (sic) motion, my first reaction

6   to myself was why are they doing that again?  They did that

7   last year, and I went with the claims procedure -- over their

8   objection, but that was the procedure -- and it just seemed

9   like a natural course that would follow was some way to resolve

10  it without using Rule 723 (sic).  So whether it's 723 (sic) or

11  23 isn't the point.  I made a note in my mind I've got to

12  understand what it is that PERA wants to do that I decided a

13  year ago we're not going to do, and what was so faulty with the

14  claims procedure that I'm just -- I don't want you to answer my

15  question; I'm just telling you that's what's going through my

16  head.

17      I think what I'm going to do, unless somebody

18  persuades me otherwise, is do my best to simply review the

19  underlying motions and decide whether to stick with the

20  compromised procedure or some other variation consistent with

21  Mr. Dubbs' request.  I don't feel that I'm equipped with the

22  background that two large documents that I'm holding in my

23  hand, the two competing motions, are what I need to read.  Some

24  of you were on the call two days ago when my internet wasn't

25  working very well.  I've got a, important matter I'm working on

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1 that's submitted, but I can give this some immediate attention

2 and, a procedural matter, go with either the bifurcated

3 procedure or nonbifurcated, consists of Mr. Dubbs' request.

4 And I think I don't need anymore argument now, unless somebody

5 really needs to be heard, because I'm honestly telling you I

6 haven't got the background until I read these two papers.

7 So does anyone other than --

8 MR. DUBBS:  I think that's --

9 THE COURT:  -- the two counsel who have spoken --

10 MR. DUBBS:  -- that's sufficient, Your Honor.

11 THE COURT:  Okay.  Well, other than Mr. Dubbs and Mr.

12 Slack, does anyone else wish to be heard on today's matter?

13 MR. ETKIN:  Your Honor, it's Michael Etkin; I guess I

14 can't help myself.

15 THE COURT:  Yes, sir.  Yes, Mr. Etkin.

16 MR. ETKIN:  And Mr. Dubbs can slap me down, but

17 assuming that this is the way Your Honor proceeds, I think one

18 little missing piece is that the reorganized debtors did

19 provide the Court with a four-page letter outlining their

20 substantive views on some of these issues.  And I think in

21 order for the Court to have the full sense of not only what's

22 in the papers -- I think that given where we are right now, we

23 would like the opportunity to respond to that letter.

24 THE COURT:  Well, that's the October 7th --

25 MR. ETKIN:  -- which we have not done.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  --  Slack letter --

2          MR. ETKIN:  That's correct, Your Honor.

3          THE COURT:  -- (indiscernible).

4          MR. SLACK:  Your Honor, I --

5          THE COURT:  And what am I going to do when he asks for

6     a reply to your letter?

7          MR. SLACK:  I mean -- Your Honor, Richard Slack.  Can

8     I at least be heard for a moment on that request?

9          THE COURT:  Yep.

10         MR. SLACK:  And typically, if they were going to file

11    a letter, you file a letter and then you -- they could have

12    filed a letter in the last twenty-four hours, and then you have

13    argument.  I think it's unfair to have argument where Mr. Dubbs

14    has been able to say whatever he's going to say in a letter and

15    then have a letter-writing campaign.  And we would, of course,

16    want to be able to reply because, typically, you'd have the

17    letter and then you'd come and you'd have argument and we'd be

18    able to say what we're going to say.

19         So I think it's improper to have a letter at this

20    point, and if you do we would like to reply.

21         MR. DUBBS:  This is Tom Dubbs, Your Honor.

22         I think, given Mr. Slack's response, which is not

23    surprising, and if I were in his shoes I'd probably be saying

24    the same thing, but the Court has said that you will review our

25    papers before coming up with a -- or view our papers as a whole

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   before coming up with a scheduling order; that's good enough

2   for us, and a letter-writing campaign should not get in the way

3   of a review of the papers as a whole.

4           THE COURT:  Okay.  Mr. Dubbs, if you're colleague, Mr.

5   Etkin, slaps you down you've got to -- you guys can work that

6   out on your own.  I'll go with that.  I'm not going to take

7   anything more.  I'll take the -- I've only got a thirty-five-

8   page motion from PERA, and I will -- look, let's do this.

9           I will try to do something very quickly that will

10  probably be nothing more than a docket text or something about

11  as long, but the default here is the schedule that has the

12  renewed motion bifurcated, per Mr. Slack's -- or was it --

13  yeah -- whoever wrote the email that came from my courtroom

14  deputy that said I'm willing to take Mr. Slack's proposal.  So

15  that's a letter from Ms. Parada of my court on October 8th at

16  1:09 p.m., and that text just said Judge Montali is willing

17  to -- the default will be that procedure.

18          I will take what we said today and what the papers

19  say, and if I'm inclined to depart from that default, I will so

20  advise.  So the deal is if I don't change anything, it's to go

21  with that procedure.

22          Okay.  I want to conclude the hearing.  I said I'd

23  call for comments from others, but I think I've got the

24  picture, and I'll leave it at that.  I'll thank you all for

25  your time, and I will try to get something around on this very

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   quickly.  Thank you very much.

2          MR. SLACK:  Thank you, Your Honor.

3          MR. DUBBS:  Thank you very much, Your Honor.

4          THE COURT:  Have a good day.

5          MR. ETKIN:  Thank you, Your Honor.

6          THE COURT:  Thank you.

7          MR. DUBBS:  Bye-bye.

8          THE COURT:  Thank you.

9          Thank you, Ms. Parada.

10          Thank you, CourtCall.

11          Thank you, gentlemen.

12          THE COURTCALL OPERATOR:  Thank you, Your Honor.

13      (Whereupon these proceedings were concluded)

14

15

16

17

18

19

20

21

22

23

24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1        C E R T I F I C A T I O N

2

3    I, Colin Richilano, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7

8    _____

9    /s/ COLIN RICHILANO

10

11    eScribers

12    7227 N. 16th Street, Suite #207

13    Phoenix, AZ 85020

14

15    Date:  October 16, 2020

16

17

18

19

20

21

22

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

## A

**ab (1)**
7:17
**able (4)**
10:1;17:14,16,18
**Absolutely (2)**
8:4;12:8
**accept (2)**
8:7;9:25
**action (3)**
5:2;10:10;13:16
**actions (1)**
13:15
**actually (2)**
9:19;11:15
**address (1)**
4:22
**addressed (1)**
10:14
**addressing (2)**
6:6,9
**administration (1)**
5:15
**adopting (1)**
6:10
**ADR (11)**
4:25;6:11,21;7:24;
8:17;10:19;11:25;12:3;
13:10;14:19,23
**advance (1)**
6:21
**advise (1)**
18:20
**advisement (1)**
11:16
**afraid (2)**
6:16;13:7
**again (6)**
3:8;9;10:5;12:23,23;
15:6
**against (2)**
10:8;11:20
**ago (2)**
15:13,24
**agree (2)**
12:8,9
**agreed (1)**
4:11
**ahead (3)**
4:6;7:1;13:3
**alternative (1)**
4:12
**anymore (1)**
16:4
**apologize (3)**
3:24;4:9;13:4
**appearance (1)**
3:10
**approach (1)**
6:11
**appropriate (1)**

11:14
**argue (1)**
14:21
**arguing (2)**
14:19,20
**argument (6)**
7:12;13:6;16:4;
17:13,13,17
**around (2)**
7:19;18:25
**aside (1)**
7:6
**assumed (1)**
5:10
**assuming (1)**
16:17
**attempt (1)**
5:23
**attention (2)**
8:25;16:1
**attracted (1)**
3:8

## B

**back (3)**
5:12;11:17;14:23
**background (3)**
4:21;15:22;16:6
**best (1)**
15:18
**better (1)**
11:14
**bifurcate (3)**
7:22;11:13;12:2
**bifurcated (6)**
5:8;9:13,14;12:18;
16:2;18:12
**bifurcates (1)**
14:17
**bifurcation (2)**
4:14;9:15
**big (2)**
6:3,13
**bit (1)**
13:24
**both (3)**
5:5;12:1;14:8
**boys (1)**
6:3
**break (1)**
7:16
**brief (1)**
9:6
**briefed (1)**
5:8
**briefing (4)**
7:7;8:7,18;11:3
**briefly (1)**
12:22
**broad (1)**
14:2
**buckets (2)**

5:18,19
**bunch (1)**
6:13
**burner (1)**
14:23
**Bye-bye (1)**
19:7

## C

**CALIFORNIA (1)**
3:1
**Call (8)**
3:3,13,18;4:14;7:24;
11:12;15:24;18:23
**Calling (1)**
3:5
**CalPERS (1)**
6:12
**CalSTRS (1)**
6:13
**came (2)**
5:1;18:13
**campaign (2)**
17:15;18:2
**can (16)**
4:9;5:16,18;7:14,16;
9:3;10:14,24;11:8,20,
22;13:13;16:1,16;17:7;
18:5
**case (1)**
11:1
**cases (1)**
13:17
**certified (1)**
9:20
**change (1)**
18:20
**Chevron (1)**
6:13
**choice (3)**
13:7,8,9
**claim (3)**
8:16;9:20,23
**claimants (2)**
4:24;5:18
**claims (5)**
10:8,9,10;15:7,14
**class (13)**
5:2,14;6:10;7:8,8;
9:20,25;10:2,6,7,10;
13:15,16
**classes (2)**
9:22;10:11
**clear (1)**
3:20
**clearly (1)**
9:4
**CLERK (1)**
3:4
**colleague (1)**
18:4
**colleagues (3)**

4:25;5:6,21
**coming (2)**
17:25;18:1
**comments (1)**
18:23
**compare (1)**
14:8
**compared (1)**
7:10
**comparison (1)**
8:10
**competing (2)**
6:7;15:23
**completely (1)**
10:5
**component (3)**
5:3;7:9,17
**compromise (3)**
10:23;12:9,14
**compromised (1)**
15:20
**concept (1)**
4:14
**concepts (3)**
7:8,8,8
**conclude (1)**
18:22
**concluded (1)**
19:13
**concurrently (1)**
7:23
**conflict (1)**
10:11
**conflicted (1)**
10:6
**conflicts (1)**
10:25
**consider (1)**
12:4
**considered (1)**
7:23
**consistent (1)**
15:20
**consists (1)**
16:3
**constructive (1)**
4:24
**contours (1)**
13:8
**control (2)**
14:20,21
**convince (1)**
14:25
**convinces (1)**
8:5
**copy (1)**
14:13
**Corporation (1)**
3:6
**Counsel (6)**
3:25;4:2,21;9:24,25;
16:9
**coupled (1)**

5:2
**course (3)**
11:10;15:9;17:15
**Court (68)**
3:3,4,7,15,17,23,25;
4:2,4,6,8,16,21,23;
5:10,24;6:2,5,11,15,17,
20,20;7:3,10,13,17,19,
21;8:1,3,5,8,9,10,11;
10:7,16,18;11:4,6,10,
24;12:7,12,15,23;13:1,
8,9;14:9,12;16:9,11,15,
19,21,24;17:1,3,5,9,24;
18:4,15;19:4,6,8
**CourtCall (2)**
19:10,12
**courtroom (2)**
12:16;18:13
**critical (1)**
13:22
**crowd (1)**
3:8

## D

**date (1)**
14:25
**day (1)**
19:4
**days (1)**
15:24
**deal (3)**
4:23;10:23;18:20
**dealing (1)**
9:14
**debtor (1)**
8:13
**debtors (1)**
16:18
**debtors' (2)**
7:24;8:17
**decide (2)**
5:17;15:19
**decided (1)**
15:12
**decision (2)**
13:24,25
**default (3)**
18:11,17,19
**defines (1)**
4:15
**delay (3)**
6:9;9:6;11:18
**Dennis (1)**
3:5
**denying (1)**
12:2
**depart (1)**
18:19
**depending (1)**
4:14
**deputy (2)**
12:16;18:14

Case: 19-30088    Doc# 9314    Filed: 10/16/20    Entered: 10/16/20 13:01:19    Page 21
of 25

**different (5)**
6:7;10:7,9,10,11
**differently (1)**
12:3
**disagree (1)**
6:8
**discovery (15)**
6:8;7:15;8:6,23;9:2,
2,4;11:2,17,22;13:18,
20;14:3,4,6
**discrete (1)**
13:20
**discussion (2)**
4:16;7:12
**district (1)**
10:7
**Dobbs (1)**
5:25
**docket (2)**
7:1;18:10
**document (1)**
14:13
**documents (1)**
15:22
**done (4)**
13:14,15,22;16:25
**down (3)**
6:23;16:16;18:5
**drilled (1)**
6:23
**drive (1)**
6:10
**Dubbs (39)**
3:15,16,18,22;4:1,3,
3,7,7;6:1,3,16,17,17,
19;7:2,5,20,25;8:2,4;
9:18;12:22,23,25;13:4,
4;14:11;15:2;16:8,10,
11,16;17:13,21,21;
18:4;19:3,7
**Dubbs' (2)**
15:21;16:3
**due (1)**
9:5

**E**

**efficient (3)**
5:4,20;8:19
**either (1)**
16:2
**either/or (2)**
13:7,24
**else (4)**
3:18;8:6;13:1;16:12
**email (2)**
3:20;18:13
**end (2)**
4:10,20
**enemies (1)**
5:23
**engage (1)**
11:2

**enough (1)**
18:1
**entail (1)**
13:18
**entirely (1)**
11:25
**entitled (1)**
9:5
**entity (1)**
10:9
**equipped (1)**
15:21
**equitable (2)**
4:24;5:3
**especially (1)**
9:1
**estate (1)**
5:15
**Etkin (8)**
16:13,13,15,16,25;
17:2;18:5;19:5
**even (6)**
5:22,24;6:24;8:24;
10:10;14:2
**event (1)**
12:2
**everyone (2)**
3:7;4:17
**exactly (1)**
14:14
**exchange (1)**
3:20
**Excuse (2)**
3:25;6:9
**extraordinary (1)**
9:19

**F**

**facing (2)**
4:23,23
**fact (2)**
8:25;9:12
**factor (1)**
9:12
**factors (2)**
9:11,15
**fail (1)**
10:3
**fashion (1)**
4:24
**fast (1)**
14:18
**faulty (1)**
15:13
**fearful (1)**
5:22
**feel (1)**
15:21
**file (5)**
9:6,20,23;17:10,11
**filed (9)**
9:24;10:8;14:9,12,

13,14,15;15:5;17:12
**fine (3)**
6:3;8:7;9:13
**first (5)**
3:12;10:24;12:10,18;
15:5
**five (1)**
9:3
**flow (1)**
8:5
**focused (1)**
5:12
**focusing (1)**
5:14
**follow (1)**
15:9
**following (1)**
14:19
**footer (1)**
14:14
**form (1)**
5:1
**forward (2)**
8:23;14:18
**four-page (1)**
16:19
**FRANCISCO (1)**
3:1
**front (4)**
8:20;10:5;11:1;
13:18
**full (2)**
8:8;16:21
**fundamental (2)**
13:6,12
**fundamentally (1)**
6:4

**G**

**gate (1)**
10:3
**gatekeeping (1)**
9:11
**gentlemen (1)**
19:11
**given (2)**
16:22;17:22
**good (3)**
3:7;18:1;19:4
**Gotshal (2)**
4:13;8:13
**great (2)**
7:15;14:5
**guard (1)**
11:20
**guess (1)**
16:13
**guidance (2)**
3:22;4:8
**guys (1)**
18:5

**H**

**half (2)**
8:8;13:9
**hand (2)**
5:12;15:23
**handle (1)**
6:7
**head (1)**
15:16
**hear (1)**
10:24
**heard (7)**
9:7,18;12:10,22;
16:5,12;17:8
**hearing (8)**
3:19;11:13,19,22;
12:18;14:18,25;18:22
**help (2)**
4:22;16:14
**hold (1)**
10:18
**holding (1)**
15:22
**home (1)**
14:7
**honest (3)**
15:2,3,4
**honestly (1)**
16:5
**Honor (34)**
3:14,16;6:19;8:12,
20,24;9:9,12;10:4,13,
21,24,24;11:5,8,11,13,
16;12:6,22,25;13:14,
23;16:10,13,17;17:2,4,
7,21;19:2,3,5,12
**Honorable (1)**
3:4
**hours (1)**
17:12

**I**

**idea (1)**
14:5
**immediate (1)**
16:1
**impact (1)**
8:21
**implicates (1)**
5:5
**important (3)**
8:20;11:9;15:25
**improper (1)**
17:19
**incentives (1)**
6:10
**inclined (1)**
18:19
**including (3)**
5:14;6:12;9:23

**incorporate (1)**
7:9
**incorporated (1)**
4:13
**incorporates (1)**
7:7
**indiscernible (1)**
17:3
**individuals (1)**
9:23
**informed (1)**
12:16
**initial (3)**
9:11,14;10:14
**initio (1)**
7:17
**institutions (2)**
6:12,14
**interacts (1)**
5:15
**internet (1)**
15:24
**interrupt (1)**
6:15
**into (3)**
4:13;5:18;7:17
**issue (1)**
5:14
**issues (17)**
4:17,18;5:7,7,12,13,
14,17;8:4;10:3,14,25;
11:1,15;13:20,22;
16:20

**J**

**Judge (4)**
3:8;11:12,20;18:16
**judicata (1)**
11:1

**K**

**kills (1)**
12:1
**kind (2)**
5:2;13:16
**knew (1)**
4:17
**knows (2)**
6:11;9:9

**L**

**large (2)**
13:17;15:22
**last (5)**
6:25;9:3,12;15:7;
17:12
**law (1)**
10:25
**lays (1)**
14:10

Case: 19-30088    Doc# 9314    Filed: 10/16/20    Entered: 10/16/20 13:01:19    Page 22
of 25

**learned (1)**
15:4
**least (1)**
17:8
**leave (2)**
13:10;18:24
**legally (1)**
5:5
**less (1)**
6:6
**letter (14)**
4:13,19;8:18;16:19,
23;17:1,6,11,11,12,14,
17,19;18:15
**letter-writing (2)**
17:15;18:2
**little (1)**
16:18
**loaf (1)**
8:8
**long (2)**
5:16;18:11
**look (5)**
9:17;13:25;14:3,8;
18:8
**looked (1)**
6:22
**looking (2)**
14:1,1
**loops (1)**
10:19
**Lorena (1)**
4:2
**lots (1)**
14:4

**M**

**mainly (1)**
5:12
**major (1)**
8:25
**mandatorily (1)**
9:25
**mandatory (1)**
9:22
**matter (7)**
3:5,9;4:12;9:5;
15:25;16:2,12
**matters (1)**
9:14
**may (2)**
5:22;12:22
**mean (3)**
7:21;14:13;17:7
**meaning (1)**
12:17
**means (3)**
9:22;10:13;13:25
**mediate (1)**
5:17
**mediation (4)**
5:2,16;7:9;13:21

**Michael (1)**
16:13
**mind (1)**
15:11
**missing (1)**
16:18
**mistake (2)**
3:23;4:8
**misunderstanding (1)**
13:12
**moment (2)**
7:6;17:8
**money (1)**
6:13
**Montali (3)**
3:5,8;18:16
**month (2)**
11:18,19
**months (4)**
9:3,7;14:5,6
**more (8)**
5:3,3,19;6:6;8:6;
11:14;18:7,10
**morning (1)**
3:7
**most (2)**
8:18;11:18
**motion (19)**
6:21,23,25;7:7,22,23,
24;8:14;9:10,12,17;
10:15;11:16;12:17,18;
14:9;15:5;18:8,12
**motions (4)**
9:1,1;15:19,23
**movant (1)**
9:10
**moving (1)**
8:22
**much (3)**
6:24;19:1,3
**Musicland (3)**
5:11;9:14;10:25
**myself (2)**
15:6;16:14

**N**

**naive (1)**
7:1
**name (1)**
13:2
**narrow (4)**
5:2,14;6:10;14:1
**narrowness (1)**
5:13
**natural (1)**
15:9
**necessary (1)**
12:13
**need (8)**
7:15;11:21;12:1,24;
15:1,1,23;16:4
**needs (6)**

3:18;8:5,6,6;14:2;
16:5
**nine (3)**
5:17,18,19
**nonbifurcated (2)**
14:21;16:3
**nonopt-out (1)**
9:22
**note (1)**
15:11
**November (2)**
12:18;14:25
**number (3)**
9:7;13:11,12

**O**

**object (1)**
4:15
**objected (2)**
6:12,22
**objection (2)**
10:22;15:8
**OCTOBER (3)**
3:1;16:24;18:15
**off (1)**
6:5
**often (1)**
13:17
**once (2)**
3:8;5:17
**one (12)**
3:19;4:14;5:9,18;
10:6;11:7,8,9;13:7,11,
22;16:17
**only (7)**
3:10;6:17;9:2;13:9,
13;16:21;18:7
**oOo- (1)**
3:2
**OPERATOR (1)**
19:12
**opportunity (1)**
16:23
**option (2)**
10:20;12:5
**order (4)**
3:3;11:17;16:21;
18:1
**others (1)**
18:23
**otherwise (1)**
15:18
**out (6)**
5:7;6:21;8:18;10:3;
14:10;18:6
**outlining (1)**
16:19
**over (1)**
15:7
**own (4)**
9:23,24,24;18:6

**P**

**pack (1)**
14:7
**package (1)**
5:9
**page (2)**
4:17;18:8
**papers (8)**
7:13;13:14;16:6,22;
17:25,25;18:3,18
**Parada (3)**
4:2;18:15;19:9
**paragraph (1)**
4:21
**paranoia (1)**
5:22
**paranoid (1)**
5:24
**paranoids (1)**
5:23
**part (1)**
5:22
**parties (2)**
11:1,17
**parts (2)**
7:17;14:10
**pay (1)**
8:25
**people (4)**
5:24;9:20;10:8,9
**per (1)**
18:12
**PERA (7)**
9:18;10:1,4;12:17;
13:5;15:12;18:8
**PERA's (3)**
8:21;10:2;12:1
**perhaps (1)**
14:25
**perspective (2)**
8:14;9:18
**persuade (1)**
11:25
**persuaded (1)**
12:3
**persuades (1)**
15:18
**PG&E (1)**
3:5
**phase (4)**
10:14,25;12:10;15:1
**pick (1)**
13:20
**picked (1)**
5:24
**picture (1)**
18:24
**piece (2)**
13:23;16:18
**Please (2)**
4:4;13:1

**pm (1)**
18:16
**point (5)**
11:7,8,14;15:11;
17:20
**portion (1)**
8:25
**practical (1)**
8:21
**prejudice (2)**
4:10,11
**premise (1)**
13:6
**prepared (1)**
4:10
**presented (3)**
4:12;13:8,9
**presiding (1)**
3:5
**prior (2)**
6:25;9:9
**probably (3)**
8:24;17:23;18:10
**problem (3)**
4:23;6:4,7
**problems (1)**
7:18
**procedural (1)**
16:2
**procedure (14)**
8:17;10:19;11:25;
12:1,4;14:20,21;15:7,8,
14,20;16:3;18:17,21
**procedures (1)**
11:16
**proceedings (1)**
19:13
**proceeds (1)**
16:17
**process (2)**
9:5,10
**proofs (3)**
8:16;9:20,23
**proposal (7)**
4:25;5:1,5;11:11;
13:25;14:19;18:14
**proposals (1)**
4:22
**proposed (2)**
8:17;10:19
**provide (1)**
16:19
**provisions (2)**
9:21,21
**put (6)**
5:18;7:6;8:22;9:17;
14:22,23

**Q**

**quickly (2)**
18:9;19:1

Case: 19-30088    Doc# 9314    Filed: 10/16/20    Entered: 10/16/20 13:01:19    Page 23
of 25

## R

reaction (1)
15:5
read (4)
14:15,16;15:23;16:6
real (1)
8:9
really (2)
10:4;16:5
reason (2)
4:18;5:10
recall (1)
9:13
renewed (3)
12:17;15:5;18:12
reorganized (3)
8:13,17;16:18
reply (3)
17:6,16,20
REPORTER (3)
3:25;4:2,4
represent (4)
10:6,8,12;13:14
representative (1)
10:1
request (4)
8:21;15:21;16:3;
17:8
require (2)
8:23;13:20
res (1)
11:1
resolve (1)
15:9
resolved (1)
13:13
resolving (1)
8:15
respectfully (2)
13:23;14:7
respond (1)
16:23
response (1)
17:22
review (5)
6:20;13:13;15:18;
17:24;18:3
reviewed (1)
7:13
Richard (2)
8:12;17:7
right (11)
3:17;5:25;6:2;8:20;
9:16;11:24;12:7,15;
14:3,10;16:22
risk (1)
8:7
roughly (1)
5:17
Rule (19)
5:6,7,12,13;6:5,9;
8:23;9:1,1,11,15,21;
11:3,15;12:4,4;13:19;
14:1;15:10
rules (1)
8:10

## S

safeguard (1)
14:23
safety (2)
11:12,22
same (6)
4:17;6:7;8:22;12:10;
13:16;17:24
SAN (1)
3:1
satisfy (1)
9:10
saying (2)
12:19;17:23
say-so (1)
10:2
schedule (4)
8:18,22;9:8;18:11
scheduling (2)
4:12;18:1
second (2)
15:1
securities (2)
9:1;13:17
securities' (1)
8:16
seek (3)
3:22;4:8;10:6
seeks (1)
9:19
seemed (1)
15:8
sense (1)
16:21
separate (1)
5:17
separated (1)
5:7
September (1)
8:15
session (1)
3:4
set (2)
7:14;8:18
settle (1)
10:1
seventy (1)
6:12
several (1)
13:20
shoes (1)
17:23
short (2)
4:10,20
show (1)
14:14

sic (8)
6:25;7:23;10:20;
12:4;14:10;15:5,10,10
side (2)
5:6,21
sides (1)
12:1
similarly (1)
6:23
simply (1)
15:18
simultaneously (1)
6:6
situation (1)
10:11
six (3)
9:3;14:5,6
Slack (30)
3:12,14;4:9,25;7:4,
14;8:5,11,12,12;10:16,
17,19,21;11:5,7,11,24;
12:6,8,13;13:17;14:2;
16:12;17:1,4,7,7,10;
19:2
Slack's (5)
14:19,22;17:22;
18:12,14
slap (1)
16:16
slaps (1)
18:5
small (1)
3:9
somebody (2)
15:17;16:4
sometimes (1)
5:25
somewhat (1)
6:25
sorry (2)
4:7;6:19
sort (3)
8:21;11:20;12:10
speaks (1)
13:2
specific (3)
5:2,14;9:21
specter (1)
6:8
split (1)
6:5
spoken (1)
16:9
started (1)
8:15
state (2)
4:4;13:2
stated (1)
12:3
station (2)
13:11,11
step (1)
14:24

stick (2)
4:11;15:19
strongly (3)
4:15;5:6;6:8
structure (8)
5:16;7:9,10,11,13,17,
18;8:9
structures (4)
4:22;6:7;7:14;14:8
stuck (1)
13:11
submit (1)
5:16
submitted (1)
16:1
substantive (1)
16:20
successful (1)
5:16
sufficient (1)
16:10
suggest (2)
13:23;14:7
suggestion (2)
10:23,24
supposed (1)
15:3
sure (2)
3:20;4:16
surprising (1)
17:23

## T

table (1)
7:14
tailored (1)
13:19
talking (1)
9:18
telling (2)
15:15;16:5
ten (1)
5:19
tent (1)
14:7
term (3)
5:8;7:21;14:22
terms (2)
3:23;4:1
thirty (1)
13:15
thirty-five- (1)
18:7
Thomas (3)
4:3,7;13:4
though (4)
3:12;8:24;10:22;
14:2
thought (3)
3:9,19;4:11
thousands (1)
9:22

THURSDAY (1)
3:1
timing (2)
4:18;7:6
today (2)
3:21;18:18
today's (1)
16:12
together (1)
5:9;9:7;13:25
Tom (1)
17:21
tons (1)
14:3
total (1)
10:11
train (1)
13:10
true (1)
6:1
try (3)
4:16;18:9,25
Tubbs (1)
12:19
turn (1)
7:19
twenty-four (1)
17:12
two (11)
6:6,21;7:13;8:10;
13:12;14:10;15:22,23,
24;16:6,9
two-fold (1)
13:6
two-step (1)
9:10
typical (2)
9:2;13:16
typically (2)
17:10,16

## U

ultimately (2)
5:19;10:2
unbifurcated (2)
7:23;12:19
under (3)
9:20;11:16;13:19
underlying (1)
15:19
understands (2)
5:11,11
unfair (1)
17:13
unfortunately (1)
13:13
unless (2)
15:17;16:4
up (11)
4:21,25;5:1;8:20;
9:3;10:5;11:1,21;
13:18;17:25;18:1

Case: 19-30088    Doc# 9314    Filed: 10/16/20    Entered: 10/16/20 13:01:19    Page 24
of 25

**upon (1)**
  4:14
**usable (1)**
  8:10
**use (4)**
  5:8;7:21;14:22,22
**used (1)**
  6:9
**using (1)**
  15:10

### V

**valve (2)**
  11:12,23
**variation (1)**
  15:20
**vectors (1)**
  13:21
**view (1)**
  17:25
**viewed (1)**
  7:18
**views (1)**
  16:20

### W

**wait (1)**
  15:1
**wants (2)**
  7:16;15:12
**way (7)**
  4:20;8:19;9:16;
  13:19;15:9;16:17;18:2
**weeks (1)**
  6:21
**Weil (2)**
  4:13;8:12
**what's (3)**
  7:1;15:15;16:21
**whenever (1)**
  14:12
**Whereupon (1)**
  19:13
**whole (5)**
  10:20;13:22,25;
  17:25;18:3
**who's (1)**
  6:22
**willing (4)**
  12:10,16;18:14,16
**wish (1)**
  16:12
**without (2)**
  10:1;15:10
**words (2)**
  12:2;14:10
**work (2)**
  7:24;18:5
**working (2)**
  15:25,25
**wrote (2)**

  4:19;18:13

### Y

**year (3)**
  6:25;15:7,13
**years (1)**
  13:15
**Yep (2)**
  8:2;17:9

### 1

**1:09 (1)**
  18:16
**15 (1)**
  3:1
**17th (2)**
  12:19;14:25
**1st (1)**
  8:15

### 2

**2020 (1)**
  3:1
**23 (18)**
  5:6,7,12,13;6:5,10;
  8:24;9:1,1,11,15,21;
  11:3,15;12:4;13:19;
  14:1;15:11

### 6

**6,000 (2)**
  4:24;5:18

### 7

**7023 (9)**
  5:5,7,11;6:5;7:8;9:9,
  17;10:14;14:1
**723 (6)**
  6:25;12:4;14:9;15:5,
  10,10
**723/23 (1)**
  10:20
**7th (1)**
  16:24

### 8

**8th (1)**
  18:15

### 9

**9512 (1)**
  14:13

Case: 19-30088   Doc# 9314   Filed: 10/16/20   Entered: 10/16/20 13:01:19   Page 25 of 25