WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice*)
(ray.schrock@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).*

Case Nos. 19-30088 (DM) (Lead Case)
(Jointly Administered)

**DECLARATION OF HAL SMELTZER IN SUPPORT OF REORGANIZED DEBTORS' OPPOSITION TO MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY CSAA INSURANCE EXCHANGE**

Date: October 28, 2020
Time: 10:00 a.m. (Pacific Time)
Place: **(Telephonic or Video Only)**
United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

I, Hal D. Smeltzer, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Claims Investigator in the Law-Claims Unit of the Law Department of Pacific Gas and Electric Company ("**PG&E**"). I submit this Declaration in support of the *Reorganized Debtors' Opposition to Motion to Allow/Deem Timely Late Filing of Proof of Claim by CSAA Insurance Exchange* (the "**Opposition**"),[1] filed contemporaneously herewith.

2. My duties at PG&E include investigating and evaluating claims asserted against PG&E by customers and others and attempting to negotiate a settlement of those claims where appropriate. I have 27 years of experience in this position at PG&E, and over that time have been personally involved in investigating and resolving over 9,000 claims. In the course of my duties, I was assigned responsibility for investigating the fire at the property at 24257 Sugarpine Drive, Sugarpine, California that is the subject of the Motion (the "Sugarpine Property").

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E Claims personnel working under and alongside me on this matter, my discussions with the PG&E personnel, PG&E's various other advisors and counsel, and my review of relevant documents and information prepared by PG&E. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. On January 17, 2019, a fire occurred at the Sugarpine Property. I investigated the fire the same day. During a severe windstorm, a huge (100-plus foot tall) tree was uprooted by the wind and fell across PG&E power lines located approximately 60 feet away on the opposite side of the street. As a result of the damage to the power lines, a nearby transformer serving four dwellings failed. One – the Sugarpine Property – caught fire. My preliminary evaluation was that the immediate cause of the fire was faulty wiring, or faulty grounding of the wiring, in the Sugarpine Property, which made it incapable of withstanding a power surge from the transformer triggered by the tree falling across PG&E's distribution line, and that as a result PG&E was not responsible for the loss or was, at most, only partially liable.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Opposition.

Case: 19-30088    Doc# 9330    Filed: 10/21/20    Entered: 10/21/20 15:32:53    Page 2 of 4

5.     On July 8, 2019, Laura Young of CSAA sent an e-mail about the Sugarpine Property incident to the PG&E Law-Claims group. Attached to Ms. Young's e-mail was a 'preliminary estimate' of the damages to the Sugarpine Property. Debbie Whisenhunt of the Law-Claims unit initially received the email, spoke with Ms. Young about it, and, because the incident had already been investigated by me and occurred in territory that I am responsible for, referred the matter to me to respond to CSAA. To the best of my knowledge, until receipt of Ms. Young's email, I was not aware that CSAA was the insurer for the owner of the Sugarpine Property, nor was anyone else in the Law-Claims unit.

6.     On July 9, 2019, I responded to Ms. Young by e-mail. A true and correct copy of this e-mail to Ms. Young is attached hereto as **Exhibit A**. In this e-mail, I advised Ms. Young and CSAA of PG&E's bankruptcy and that, because the Sugarpine Property incident occurred prior to the Petition Date, CSAA would need to file a proof of claim in the Chapter 11 Cases in order to preserve and pursue any claim relating to the incident. My email provided contact information for Prime Clerk, as well as a link to the website managed by Prime Clerk that contained the necessary information any claimant would need to file a proof of claim.

7.     On November 26, 2019, I received a voicemail from Jason Calvert of CSAA following up on a demand letter. I believe the "demand letter" referred to Ms. Young's July 8 email, as to the best of my recollection that is the only prior written communication that I received from Ms. Young or anyone else at CSAA relating to the Sugarpine Property or any losses associated with it. Mr. Calvert informed me Ms. Young was handling the claim for CSAA and asked that I contact her at the phone number he provided. I called Ms. Young the same day and reached her voicemail. I left a voicemail message for her informing her that CSAA's claim was subject to PG&E's bankruptcy, and that CSAA had to file a claim in the Chapter 11 Cases; and if it had failed to do so CSAA possibly lost its chance to recover from PG&E.

8.     I did not receive any communications about the Sugarpine Property or related claims after November 27, 2019, from anyone on behalf CSAA until July 20, 2020, when I was notified we had received a letter from a law firm representing CSAA, dated July 2, 2020 – two days after PG&E emerged from bankruptcy, and requesting PG&E to retain evidence regarding the Sugarpine Property incident.

I declare under penalty of perjury, as set forth in 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 21st day of October, 2020, in Fresno, California.

/s/ Hal D. Smeltzer