KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF DARA L. SILVEIRA IN FURTHER SUPPORT OF REORGANIZED DEBTORS' THIRD, FIFTH, SIXTH, SEVENTH, AND FOURTEENTH OMNIBUS OBJECTIONS TO CLAIMS**<br><br>**[Re: Dkt. No. 8753, 8759, 8978, 8981, 9070]**<br><br>**Regarding Objections Set for Hearing October 28, 2020 at 10:00 a.m. (Pacific Time)** |

I, Dara L. Silveira, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an attorney at Keller Benvenutti Kim LLP, co-counsel to PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

2. I submit this Declaration in support of the *Reorganized Debtors' Third Omnibus Objection to Claims (Duplicate Claims)* [Docket No. 8753] (the "**Third Omnibus Objection**"), the *Reorganized Debtors' Fifth Omnibus Objection to Claims (Duplicate Claims)* [Docket No. 8759] (the "**Fifth Omnibus Objection**"), the *Reorganized Debtors' Sixth Omnibus Objection to Claims (Satisfied Claims)* [Docket No. 8978] (the "**Sixth Omnibus Objection**"), the *Reorganized Debtors' Seventh Omnibus Objection to Claims (Satisfied Claims)* [Docket No. 8981] (the "**Seventh Omnibus Objection**"), and the *Reorganized Debtors' Fourteenth Omnibus Objection to Claims (Books and Records Claims)* [Docket No. 9070] (the "**Fourteenth Omnibus Objection**," and, collectively, the "**Omnibus Objections**"). Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. The Reorganized Debtors received a timely response to the Third Omnibus Objection and the Fifth Omnibus Objection from Pedro Noyola and Barbara Bayardo (Claims No. 3763, 103647 and 103648). The Reorganized Debtors have executed a Settlement Agreement dated October 19, 2020, with Mr. Noyola and Ms. Bayardo. That Settlement Agreement allows Claim No. 3763 in a compromise amount, provides for withdrawal of all other claims filed by these Claimants, and renders the Third Omnibus Objection and the Fifth Omnibus Objection moot.

4. The Reorganized Debtors received a timely response to the Fifth Omnibus Objection from the Mendocino County Inland Water Agency and Power Commission ("**MCIWAPC**") (Claim Nos. 79361 and 86469). With MCIWAPC's agreement, the Fifth Omnibus Objection will be SUSTAINED with respect to Claim No. 79361 without prejudice to the continued prosecution of Claim No. 86469

1 against Pacific Gas and Electric Company. An order granting the Fifth Omnibus Objection with respect to Claim No. 79361 is being uploaded concurrently herewith.

5. The Reorganized Debtors received a timely response to the Sixth Omnibus Objection from Righetti Ranch, LP (Claim Nos. 74986 and 78306). With Claimant's agreement, the Sixth Omnibus Objection will be SUSTAINED with respect to Claim Nos. 74986 and 78306, with the clarification that the Reorganized Debtors view this claim objection as a purely administrative matter, leaving the claims to be handled/resolved in the Reorganized Debtor's ordinary-course-of-business. The Reorganized Debtors seek only to expunge Claim Nos. 74986 and 78306, filed on account of MLX Claims, but do not seek to discharge the MLX Claims and neither the order sustaining the Debtor's MLX Claim objection, nor the Debtor's Plan or any order confirming the Plan, shall operate to discharge the MLX Claims made in Claim Nos. 74986 and 78306. Any amounts the Reorganized Debtors are determined to owe on account of the MLX Claims will be paid in the ordinary course. Righetti Ranch retains its non-bankruptcy remedies with respect to post-petition claims under the MLX Programs. An order granting the Sixth Omnibus Objection with respect to Claim Nos. 74986 and 78306 is being uploaded concurrently herewith.

6. The Reorganized Debtors received a timely response to the Seventh Omnibus Objection from David Parks [Docket No. 9163]. I spoke to Mr. Parks on October 23, 2020 and confirmed that, with his agreement, the Seventh Omnibus Objection will be SUSTAINED with respect to Claim No. 17117. An order granting the Seventh Omnibus Objection with respect to Claim No. 17117 is being uploaded concurrently herewith.

7. The Reorganized Debtors received a timely response to the Fourteenth Omnibus Objection from Dun & Bradstreet (Claim No. 2929). After the Reorganized Debtors filed the *Report on Responses to Eleventh Through Seventeenth Omnibus Objections to Claims and Request for Orders by Default as to Unopposed Objections* [Docket No. 9342], I spoke with counsel for Claimant, and we reached a settlement on the Claim that moots the Fourteenth Omnibus Objection.

//

//

//

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this twenty-seventh day of October, 2020, in San Francisco, California.

        */s/ Dara L. Silveira*
        Dara L. Silveira