1  Aron M. Oliner (SBN: 152373)
   Geoffrey A. Heaton (SBN: 206990)
2  **DUANE MORRIS LLP**
3  One Market Plaza
   Spear Street Tower, Suite 2200
4  San Francisco, CA 94105-1127
   Telephone: (415) 957-3000
5  Facsimile: (415) 957-3001
   Email: gheaton@duanemorris.com
6
7  Attorneys for ASPLUNDH CONSTRUCTION, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| - and – | (Lead Case) |
| PACIFIC GAS AND ELECTRIC COMPANY, | (Jointly Administered) |
| Debtors. | **ASPLUNDH CONSTRUCTION, LLC'S RESPONSE AND RESERVATION OF RIGHTS RE REORGANIZED DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: November 17, 2020<br>Time: 10:00 a.m.<br>Place: (Telephonic Appearance Only)<br>450 Golden Gate Avenue<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Related Docket No. 9278 |

Asplundh Construction, LLC ("Asplundh") responds as follows to the Reorganized Debtors' Twenty-Third Omnibus Objection to Claims (No Liability Claims) [Dkt #9278] ("Objection") with respect to the Debtors' proposed treatment of Asplundh's Claim No. 97049:

The Objection requests that the Court disallow and expunge Asplundh's Claim No. 97049 ("Indemnity Claim"). The Indemnity Claim asserts a contingent, unliquidated indemnity claim related to certain pre-petition services that Asplundh provided to debtor Pacific Gas and Electric Company (the "Utility"). Under the terms of the Debtors' confirmed plan, the Indemnity Claim qualifies as a Fire Victim Claim, and is therefore channeled to the Fire Victim Trust to be addressed there.

Asplundh's undersigned counsel has been in communications with Debtors' counsel concerning the Objection, the proposed treatment of the Indemnity Claim, and the Indemnity Claim's status as a Fire Victim Claim. The Debtors have confirmed that the default application and proposed order on the Objection will contain the following language with respect to the Indemnity Claim (adjusted to reflect the claim number of the Indemnity Claim): "Claimant contends that its Claim is a Fire Victim Claim as defined in the Plan. Accordingly, Claim No. ## will be disallowed because it is not an obligation of the Debtors' estate. Instead, the Claim is channeled to the Fire Victims Trust to be addressed there as a Fire Victim Claim, all rights reserved." Asplundh is agreeable with this language.

Asplundh disputes the substantive basis for the Objection, *i.e.*, that the Indemnity Claim supposedly "arise[s] post-petition pursuant to an assumed executory contract[,]" and reserves all rights to contest the asserted grounds for objection at a later date as necessary.[1]

Dated: October 27, 2020

**DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (206990)
GEOFFREY A. HEATON
Attorneys for ASPLUNDH
CONSTRUCTION, LLC

---

[1] Among other things, the Debtors conceded in their confirmation brief that there are no executory contracts between Asplundh and the Debtors, and that any contracts between the parties terminated pre-petition. See Dkt #7528 at p. 55, n. 22, and pp. 3-4 of the "Summary of Objections to Confirmation of Plan" attached thereto.