

Entered on Docket
October 28, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
|   | Richard W. Slack (*pro hac vice*) |
| 2 | (richard.slack@weil.com) |
|   | Jessica Liou (*pro hac vice*) |
| 3 | (jessica.liou@weil.com) |
|   | Matthew Goren (*pro hac vice*) |
| 4 | (matthew.goren@weil.com) |
|   | 767 Fifth Avenue |
| 5 | New York, NY 10153-0119 |
|   | Tel: 212 310 8000 |
| 6 | Fax: 212 310 8007 |

Signed and Filed: October 27, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

| In re: | Case No. 19-30088 (DM) |
|---|---|
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **ORDER APPROVING MEDIATORS FOR GENERAL ADR PROCEDURES** |
| **Debtors.** | [Refers to Dkt. No. 9148] |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

Upon the Notice of Submission, dated October 26, 2020 (the "**Notice**"),[1] [Dkt. No. 9347] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or, as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to the procedures set forth in the *Order Approving ADR and Related Procedures for Resolving General Claims* [Dkt. No. 9148] entered on September 25, 2020 (the "**General Claims ADR Order**"), of two panels of qualified and experienced mediators that the Reorganized Debtors propose for service on, respectively, the Panel of Mediators for Abbreviated Mediations and the Panel of Mediators for Standard Mediations (collectively, the "**Proposed Mediation Panels**"), along with biographical information for each; and consideration of the Notice and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held prior to entry of the General Claims ADR Order; and the Court having found and determined that notice of the Notice is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Proposed Mediation Panels and accompanying biographical information; and this Court having determined just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Reorganized Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The mediators listed in the attachment hereto as **Exhibit A-1** are approved as the Panel of Mediators for Abbreviated Mediations conducted pursuant to the General ADR Procedures.

2. The mediators listed in the attachment hereto as **Exhibit A-2** are approved as the Panel of Mediators for Standard Mediations conducted pursuant to the General ADR Procedures.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] as applicable.

3. The Reorganized Debtors are authorized to take all necessary actions to effect the relief granted pursuant to this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **