WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 415 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and -**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

** ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).*

Case Nos. 19-30088 (DM) (Lead Case)
(Jointly Administered)

**DECLARATION OF EDWARD J. RADETICH, JR. IN SUPPORT OF THE REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF THE MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS**

I, Edward J. Radetich, Jr., pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Director of Heffler Claims Group ("**Heffler**"), an affiliate of Prime Clerk LLC ("**Prime Clerk**"). Heffler's main office is located in Philadelphia, Pennsylvania.

2. I am providing this declaration in support of PG&E Corporation's and Pacific Gas and Electric Company's (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable) reply, filed contemporaneously herewith, in further support of the *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 8964] (the "**Securities Claims Procedures Motion**"),[1] and to provide the Court and the parties in interest in these Chapter 11 Cases with information relating to the procedures proposed in the Securities Claims Procedures Motion for gathering and processing claims data. I make this declaration based on my personal knowledge and experience overseeing hundreds of securities-related matters over my 45-year career in claims administration.

3. I have extensive experience and expertise in all aspects of claims administration, including direct notice, paper and electronic publication, nominee outreach, website design, claimant communication, claims intake and processing, distribution of payments, and tax reporting. Notably, I personally oversaw the very first securities class action, the Atlantic Department Stores class action lawsuit in 1975. Since then, our team has administered more than 3,000 matters involving securities fraud, antitrust, consumer, employment and labor, and government enforcement actions. Our team and I have handled all aspects of claims administration in many noteworthy securities class action settlements in recent years, including *Bank of America Corporation Securities Litigation*, No. 11-CV-00733-WHP (S.D.N.Y); *In re Longwei Petroleum Investment Holding Limited Securities Litigation*, No. 13 Civ. 214 (RMB) (S.D.N.Y); and *In re The Bank of New York Mellon ADR FX Litigation*, No.

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together with any exhibits or schedules thereto, the "**Plan**"), or the Securities Claims Procedures Motion, as applicable.

1:16-cv-00212 (S.D.N.Y). A detailed description of my experience and qualifications is attached as Exhibit A.

4. Prime Clerk has been asked by counsel for the Reorganized Debtors to support the Reorganized Debtors' efforts in connection with the Securities Claims Procedures. These efforts include or, following approval of the Securities Claims Procedures, will include the following:

a. Creating and maintaining a readily accessible and easy-to-use online portal for use by Subordinated Securities Claimants when submitting Trading Information Request Forms;

b. Receiving, scanning, reviewing, and processing Trading Information Request Forms, whether received via paper, online submission, or electronic-file submission;

c. Managing claimant data in a secure, dedicated proprietary database established exclusively for this matter;

d. Communicating with Subordinated Securities Claimants via telephone, mail, and email regarding the status of their claims; and

e. Ongoing reporting to the parties concerning information received from and communications with the Subordinated Securities Claimants.

5. As is typical in large, complex securities-related matters, Subordinated Securities Claimants will be asked to submit information that is necessary to calculate damages, including: (i) contact information for the beneficial owner/entity for which the securities are being claimed; (ii) purchase and sale transactional information for each security beginning on April 28, 2015 through the relevant time period (February 12, 2019 for equity securities, and July 1, 2020 for debt securities); (iii) documentation for any transactions occurring after November 15, 2018; and (iv) a certification and attestation that the information they have provided is accurate and complete to the best of their knowledge. Based on my prior experience, this type of information is typically collected in large, complex securities litigations such as this, and would need to be collected even in a class action scenario as proposed by PERA in connection with its Renewed 7023 Motion.

6. In addition, the Securities Claims Information Procedures contemplate multiple methods for submitting the information requested on the Trading Information Request Forms, including (i) submission of hard copies by regular mail, (ii) electronic submission of the Trading

Information Request Forms through an online claim submission portal, and (iii) for banks, institutions, brokers, third-party filers, and individual investors with more than 50 transactions occurring during the relevant time, electronic filing of the Trading Information Request Forms through a website established for this matter.

7. A substantially final form of the Trading Information Request Form, subject to finalization by the parties, is attached hereto as Exhibit B, and the documentation requirements for submitting information through the website established for this matter are outlined in the detailed instructions attached hereto as Exhibit C.

8. In my experience, the procedures outlined herein are in keeping with procedures typically employed to receive, process and calculate financial losses on securities transactions.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on October 29, 2020, in Philadelphia, Pennsylvania.

Edward J. Radetich, Jr.