| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| | Richard W. Slack (*pro hac vice*) |
| 2 | (richard.slack@weil.com) |
| | Theodore E. Tsekerides (*pro hac vice*) |
| 3 | (theodore.tsekerides@weil.com) |
| | Jessica Liou (*pro hac vice*) |
| 4 | (jessica.liou@weil.com) |
| | Matthew Goren (*pro hac vice*) |
| 5 | (matthew.goren@weil.com) |
| | 767 Fifth Avenue |
| 6 | New York, NY 10153-0119 |
| | Tel: 212 310 8000 |
| 7 | Fax: 212 310 8007 |
| 8 | KELLER BENVENUTTI KIM LLP |
| | Tobias S. Keller (#151445) |
| 9 | (tkeller@kbkllp.com) |
| | Jane Kim (#298192) |
| 10 | (jkim@kbkllp.com) |
| | 650 California Street, Suite 1900 |
| 11 | San Francisco, CA 94108 |
| | Tel: 415 496 6723 |
| 12 | Fax: 650 636 9251 |
| 13 | *Attorneys for Debtors and Reorganized Debtors* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | *EX PARTE* APPLICATION FOR ORDER PURSUANT TO L.B.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR (1) REORGANIZED DEBTORS' OBJECTION TO SECURITIES LEAD PLAINTIFF'S RENEWED MOTION TO APPLY BANKRUPTCY RULE 7023 AND CERTIFY A LIMITED CLASS AND |
| Debtors. | |
| ☐ Affects PG&E Corporation | (2) REORGANIZED DEBTORS' REPLY IN FURTHER SUPPORT OF THE MOTION TO APPROVE SECURITIES ADR AND RELATED PROCEDURES FOR RESOLVING SUBORDINATED SECURITIES CLAIMS |
| ☐ Affects Pacific Gas and Electric Company | |
| ☒ Affects both Debtors | |
| * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | [No hearing requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized under the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Ex Parte* Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Reorganized Debtors to file oversized briefs in connection with (i) the *Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* (the "**7023 Objection**") and (ii) the *Reorganized Debtors' Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* (the "**ADR Procedures Reply**," and together with the **7023 Objection**, the "**Memoranda**"),[1] each of which the Reorganized Debtors filed on the date hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Memoranda.

### III. ISSUES ADDRESSED IN THE MEMORANDA

As the Court is aware, the Memoranda address separate although somewhat interrelated issues regarding the resolution of Subordinated Securities Claims that have been filed in these Chapter 11 Cases. The matters being presented to the Court are hotly contested and, the Reorganized Debtors are responding to a number of legal and factual issues requiring additional briefing.

The 7023 Objection responds to PERA's Renewed 7023 Motion, pursuant to which PERA seeks again to certify a class of Subordinated Securities Claims in the Chapter 11 Cases notwithstanding the Court's prior denial of the Original 7023 Motion. The issues that the Renewed 7023 Motion implicates are numerous, and the Reorganized Debtors submit that a full and thorough presentation of the factual background and arguments is necessary for the Court to reach an informed decision. Unlike PERA's prior 7023 motion, PERA's Renewed 7023 Motion raises both the application of the *Musicland* factors necessary for the Court to invoke Bankruptcy Rule 7023, and the question of whether PERA satisfies the requirements of class certification under Civil Rule 23, including the requirements for certification under either Civil Rule 23(a) and (b)(1)(A) or (B) (as the Court may recall, PERA's prior 7023 motion bifurcated those issues). In addition, PERA's 7023 Motion also raises important issues of jurisdiction, *res judicata*, and law of the case. Again, these issues require thorough briefing and explanation.

The ADR Procedures Reply provides further support for the *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 8964] (the "**Securities Claims Procedures Motion**", and collectively with the Renewed 7023 Motion, the "**Motions**"), and in response to the two separate substantive objections and multiple "cut and paste" joinders filed in opposition thereto. The ADR Procedures Reply is an omnibus reply responding to all objections – rather than filing separate replies to each substantive objection. The ADR Procedures Reply sets forth and explains the considerable revisions and amendments that the Reorganized Debtors have made to the Securities Claims Procedures since the filing of the Securities Claims Procedures Motion as a result of discussions with various Subordinated Securities Claimants. As set forth in the ADR Procedures Reply, the Reorganized Debtors have expended considerable efforts to address the issues raised in both formal and informal objections to the Securities Claims

Procedures. Notwithstanding these efforts, however, a number of Objections remain outstanding, for which the Reorganized Debtors require additional briefing to respond and address.

IV. **OVERSIZE BRIEFING FOR THE MEMORANDA IS WARRANTED**

Bankruptcy Local Rule 9013-1(c) provides that, "Unless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c).

The Reorganized Debtors submit that sufficient cause exists for the Court to allow oversize briefing for the Memoranda. As set forth above, the process for resolving the Subordinated Securities Claims is a highly contested matter, and additional briefing is necessary to thoroughly address the legal and factual issues in dispute. Moreover, because the Court has expanded the briefing schedule for the Motions, with PERA's reply in support of the Renewed 7023 Motion due eleven days after this filing and with oral argument set for nearly three weeks from this filing, the Reorganized Debtors respectfully submit that no party will be prejudiced by this request. *See* Judge Docket Order (Oct. 15, 2020). *Cf.* L.B.R. 9014-1(c).

The Court has granted similar relief, including for reply briefs, to both PERA and the Reorganized Debtors in these Chapter 11 Cases. *See e.g.*, Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 5461 (PERA Rule 7023 Motion); Dkt. No. 4410 (Debtors' Subrogation Claims Settlement and RSA Motion); Dkt. No. 3511 (Debtors' Wildfire Claims Estimation Motion). Further, in consideration of the paramount interests of all creditors in these Chapter 11 Cases, the Court has regularly allowed oversize briefing for matters involving the claims resolution process and the rights of creditors. *See* Dkt. No. 5849 (Solicitation Procedures Motion); Dkt. No. 2718 (Debtors' Bar Date Motion); Dkt. No. 5461 (PERA Rule 7023 Motion).

Accordingly, the Reorganized Debtors believe it is appropriate to request authority for the 7023 Objection and the ADR Procedures Reply to exceed the 25 and 15 pages allowed under Bankruptcy Local Rule 9013-1(c).

V. **NOTICE**

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) all counsel and parties receiving

electronic notice through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

**WHEREFORE,** the Reorganized Debtors respectfully request entry of an order (i) authorizing the Reorganized Debtors to file and serve the 7023 Objection in excess of 25 pages, but not to exceed 34 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), (ii) authorizing the Reorganized Debtors to file and serve the ADR Procedures Reply in excess of 15 pages, but not to exceed 28 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith), and (iii) such other and further relief as the Court may deem just and appropriate.

Dated: October 29, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*
Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*