| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Richard W. Slack (*pro hac vice*)<br>(richard.slack@weil.com)<br>Theodore E. Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 415 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO SECURITIES LEAD PLAINTIFF'S RENEWED MOTION TO APPLY BANKRUPTCY RULE 7023 AND CERTIFY A LIMITED CLASS** |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**", and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Objection to Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* (the "**Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' engagement to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other APS professionals working under and alongside me on this matter, my discussions with other members of the Reorganized Debtors' management team, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. As part of the work done to reconcile the proofs of claim filed in these Chapter 11 Cases, the AlixPartners team under my supervision was asked to conduct a preliminary review of a subset of approximately 4,125 of the approximately 7,448 Rescission or Damage Proofs of Claim (the "**Proofs of**

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Objection.

Case: 19-30088    Doc# 9381    Filed: 10/30/20    Entered: 10/30/20 04:45:05    Page 2 of 3

**Claim**") processed and identified by PrimeClerk LLC, the claims agent appointed in these Chapter 11 Cases.

4. As a part of this preliminary review, AlixPartners reviewed, through a combination of manual and automated means, approximately 4,125 Proofs of Claim to identify, to the extent possible, (i) whether each Proof of Claim on its face asserted Subordinated Securities Claims based on debt securities, equity securities, or both, and (ii) which CUSIPs (i.e., specific debt and equity securities) were implicated by the asserted Subordinated Securities Claims.

5. Based on our review of the information set forth in the subset of Proofs of Claim reviewed, we were able to establish, among other things, the following:

   a. AlixPartners was able to identify approximately 3,785 Subordinated Securities Claims that identified one or more of the debt or equity CUSIPs listed on Annex A to the Proof of Claim form.

   b. All 130 different CUSIPs for the Debtors' debt and equity securities listed on Annex A to the Proofs of Claim form were identified at least once across the subset that AlixPartners reviewed.

   c. One Proof of Claim reviewed by AlixPartners listed all 130 Annex A CUSIPs. Excluding this one Proof of Claim, the AlixPartners team was able to identify Subordinated Securities Claims based on at least 67 different CUSIPs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 30th day of October, 2020, in Dallas, Texas.

   /s/ Robb McWilliams
   Robb McWilliams

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119