BRENDAN M. KUNKLE (SBN 173292) bkunkle@abbeylaw.com
MICHAEL D. GREEN (SBN 214142) mgreen@abbeylaw.com
**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Telephone:  707-542-5050
Facsimile:  707-542-2589

*Attorneys for Fire Victim Claimants*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOFS OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRENDAN M. KUNKLE**<br><br>Date: December 15, 2020<br>Time: 10:00 a.m.<br>Dept: Telephonic/Video Appearances Only<br>United States Bankruptcy Court<br>450 Golden Gate Ave.<br>Courtroom 17, 16th Floor, San Francisco, CA<br>Judge: Hon. Dennis Montali<br><br>Objection Deadline: December 8, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Abbey, Weitzenberg, Warren & Emery ("Abbey Law"), together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire").

Abbey Law respectfully files this motion ("Motion") to allow late filing of proofs of claim and deem the proofs of claim as having been timely filed for the fire victims ("Movants") listed

in Exhibit A, attached hereto.

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, Movants were unable to timely file proof of claim forms because they reasonably did not know they had valid claims for damages until after the Claims Bar Date. Movants are young adults that were attending college when their family's homes were destroyed by the North Bay Fires. After the Claims Bar Date, Movants learned that they had valid claims for non-economic damages they suffered from the destruction of their personal property even though they were not present at their respective family's home at the time of the fire. See *Hensley v. San Diego Gas and Electric* (2017) 7 Cal.App.5th 1337, 1352 – "fear, stress and anxiety suffered as a direct and proximate result of the fire and its attendant damage, loss of use and enjoyment are compensable as damages for annoyance and discomfort." Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted and Movants should be allowed to file Proofs of Claim and have them deemed as timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

### A. Movants' Claims Arising From North Bay Fires

Movants are young adults who were attending college and living away from their family homes at the time of the 2017 North Bay Fires. Movants' permanent residence at the time was their family's home. While at college, Movants' personal property was kept at their family's home. Each of the Movants' family homes, and Movants' personal property within those homes, were destroyed by the fire. Movants were not present at their family's home at the time of the fire.

Prior to the Claims Bar Date on December 31, 2019, Movants believed they did not have a claim because they were not living at home when the fire occurred. Subsequently, Movants learned that they had a valid claim despite not being present when the fire occurred because their personal property was destroyed. Movants then contacted Abbey Law to submit a claim for the non-economic damages associated with the destruction of their personal property. As a result,

proof of claim forms were not filed on behalf of Movants before the Claims Bar Date.

**B. General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under Chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C**. **Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved and the Disclosure Statement and Plan circulated for votes.

The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket No. 8048].

On June 20, 2020, an order was issued confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8053].

**D**. **Extended Bar Date for Fire Victim Creditors**

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

## III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission,"

including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of allowing Movants to file late proofs of claim.

The first *Pioneer* factor weighs overwhelmingly in Movants' favor because there is no danger of prejudice to the Debtors in this case. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc*., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

The second *Pioneer* factor is also satisfied by Movants because the length of the delay in filing Proof of Claim forms was minimal and will not impact the bankruptcy proceeding. Movants contacted Abbey Law as soon they realized they had a valid claim for "annoyance and discomfort" non-economic damages based on their personal property being destroyed by the fire. See *Hensley v. San Diego Gas and Electric* (2017) 7 Cal.App.5th 1337, 1352 – "fear, stress and anxiety suffered as a direct and proximate result of the fire and its attendant damage, loss of use and enjoyment are compensable as damages for annoyance and discomfort." Counsel for Movants then filed the subject motion expeditiously. The claims process is ongoing and, as such, Movants' delay in filing their claims is negligible relative to the bankruptcy proceeding. Permitting Movants to file late claims will have no effect on the bankruptcy given its current status.

The third and fourth *Pioneer* factors, the reasonableness in the delayed filing and whether Movants acted in good faith, are also met. Movants contacted the Abbey Firm as soon as they learned that they had valid claims based on the destruction of their personal property by the fire. Unfortunately, Movants learned about the validity of their claims after the Claims Bar Date. Movants' delay in learning that they had claims despite not evacuating their homes was reasonable and in good faith. Movants were all young adults in their early 20's when the Claims Bar Date passed and could not reasonably be expected to know that they had valid claims despite not being physically present at their respective family's home at the time of the fire. Movants' delay was therefore the result of reasonable and excusable neglect.

Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that Movants be allowed to file Proofs of Claim and deem them as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: November 4, 2020         **ABBEY, WEITZENBERG, WARREN & EMERY PC**

By:      */s/ Brendan M. Kunkle*
         BRENDAN M. KUNKLE (SBN 173292)
         **ABBEY, WEITZENBERG, WARREN & EMERY PC**
         100 Stony Point Road, Suite 200
         Santa Rosa, CA 95401
         Telephone:    707-542-5050
         Facsimile:    707-542-2589
         bkunkle@abbeylaw.com
         *Attorneys for Numerous Fire Claimants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 4th, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                          */s/ Brendan M. Kunkle*
                                          Brendan M. Kunkle

# DECLARATION OF BRENDAN M. KUNKLE

I, BRENDAN M. KUNKLE, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

4. I am an attorney with the law firm of Abbey, Weitzenberg, Warren & Emery, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the numerous fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

5. I make this Declaration in support of the motion to allow late filing of proofs of claim ("Motion") on behalf of the fire victims ("Movants") listed in Exhibit A, attached hereto. Movants are represented by Abbey, Weitzenberg, Warren & Emery.

6. Movants did not file claims before the December 31, 2019 claims bar date due to reasonable and excusable delay and should be allowed to file proofs of claim after the bar date.

7. Movants are young adults who were attending college and living away from their family homes at the time of the 2017 North Bay Fires. Movants' permanent residence at the time was their family's home. While at college, Movants' personal property was kept at their family's home. Each of the Movants' family homes, and Movants' personal property within those homes, were destroyed by the fire. Movants were not present at their family's home at the time of the fire.

8. Prior to the Claims Bar Date on December 31, 2019, Movants believed they did not have claims because they were not living at home when the fire occurred. Subsequently, Movants learned that they had valid claims despite not being present when the fire occurred because their personal property was destroyed. Movants then contacted Abbey Law to submit claims for the non-economic damages associated with the destruction of their personal property. As a result, no proof of claim forms were filed on behalf of Movants before the Claims Bar Date.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and executed this 4th day of November 2020.

/s/ *Brendan M. Kunkle*
BRENDAN M. KUNKLE

# EXHIBIT A
## LIST OF MOVANTS

1. Gearing, Olivia Claire
   2150 Vintage Cir
   Santa Rosa, CA 95404-1351
   Date of Birth: June 5, 1998
   Parents: Vincent and Christina Gearing

2. Gearing, Samuel Vincent
   2150 Vintage Cir
   Santa Rosa, CA 95404-1351
   Date of Birth: June 5, 1998
   Parents: Vincent and Christina Gearing

3. Gustavson, Max
   1328 Cashew Rd
   Santa Rosa, CA 95403-1543
   Date of Birth: March 30, 1999
   Parents: Andy and Susan Gustavson

4. Harrison, Riley
   3609 Aaron Dr
   Santa Rosa CA 95404-1504
   Date of Birth: October 31, 1997
   Parents: Jennifer and Miles Harrison

5. Vidaurri, Marina
   2220 Newgate Court
   Santa Rosa CA 95404
   Date of Birth: May 23, 1998
   Parents: David Vidaurri and Margaret Marquez

6. Weil, Sydney
   190 Ursuline Road
   Santa Rosa CA 95403
   Date of Birth: January 31, 1996
   Parents: Joshua Weil and Claire Mollard

7. Weil, Caleb
   190 Ursuline Road
   Santa Rosa CA 95403
   Date of Birth: September 27, 1997
   Parents: Joshua Weil and Claire Mollard

| | |
|---:|---|
| 1 | 8. Weinert, Dana<br>4465 Parker Hill Rd |
| 2 | Santa Rosa, CA 95405<br>Date of Birth: April 4, 1997 |
| 3 | Parents: Ashley Weinert and Melinda Lansdowne |
| 4 | 9. Weitzenberg, Gavin |
| 5 | 3554 Southridge Drive<br>Santa Rosa CA 95403 |
| 6 | Date of Birth: March 11, 1999<br>Parents: Todd and Tracy Weitzenberg |
| 7 | |
| 8 | 10. Weitzenberg, Trevor<br>3554 Southridge Drive |
| 9 | Santa Rosa CA 95403<br>Date of Birth: April 30, 1997 |
| 10 | Parents: Todd and Tracy Weitzenberg |
| 11 | 11. Welch, Travis |
| 12 | 3963 Shelter Glen Way<br>Santa Rosa CA 95404 |
| 13 | Date of Birth: December 30, 1996<br>Parents: David and Lydia Welch |
| 14 | |
| 15 | 12. Wulbrecht, Derek Douglas<br>3942 Shelter Glen Way |
| 16 | Santa Rosa CA 95404<br>Date of Birth: October 26, 1992 |
| 17 | Parents: Angela and Doug Wulbrecht |
| 18 | 13. Wulbrecht, Tamara Sakile<br>3942 Shelter Glen Way |
| 19 | Santa Rosa CA 95404<br>Date of Birth: August 22, 1995 |
| 20 | Parents: Angela and Doug Wulbrecht |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |