# U.S. Bankruptcy Court
# California Northern Bankruptcy Court (San Francisco)
# Bankruptcy Petition #: 19−30088

*Assigned to:* Judge Dennis Montali
Chapter 11
Voluntary
Asset

*Date filed:* 01/29/2019
*Plan confirmed:* 06/20/2020
*341 meeting:* 04/29/2019
*Deadline for filing claims:* 10/21/2019
*Deadline for filing claims (govt.):* 10/21/2019

***Debtor***
**PG&E Corporation**
77 Beale Street
P.O. Box 770000
San Francisco, CA 94177
SAN FRANCISCO−CA
(929) 333−8977
Tax ID / EIN: 94−3234914

represented by **Max Africk**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000
*TERMINATED: 11/12/2019*

**Peter J. Benvenutti**
Keller Benvenutti Kim LLP
650 California St. 19th Fl.
San Francisco, CA 94108
(415) 364−6798
Email: pbenvenutti@kbkllp.com

**Kevin Bostel**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Lee Brand**
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Fl.
San Francisco, CA 94111−5998
415−983−1116
Email: lee.brand@pillsburylaw.com

**Timothy G. Cameron**
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Ave.
New York, NY 10019
(212) 474−1120

**Jared R. Friedmann**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310−8000

**Andriana Georgallas**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Stuart J. Goldring**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
(212) 310−8000

**Matthew Goren**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**David A. Herman**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212−474−1000

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Tobias S. Keller**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108
(415) 796−0709
Email: tkeller@kbkllp.com

**Jane Kim**
Keller Benvenutti Kim LLP
650 California St, Suite 1900
San Francisco, CA 94108
(415) 364−6793
Email: jkim@kbkllp.com

**Katherine Kohn**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861−2607
Email: kkohn@groom.com

**Kevin Kramer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**David Levine**
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW #1200
Washington, DC 20006
(202) 861−5436
Email: dnl@groom.com

**Dara Levinson Silveira**
Keller Benvenutti Kim LLP
650 California St. #1900
San Francisco, CA 94108

415−364−6793
Email: dsilveira@kbkllp.com

**Jessica Liou**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Omid H. Nasab**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212−474−1000

**John Nolan**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Kevin J. Orsini**
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212−474−1000

**Thomas B. Rupp**
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
415−636−9015
Email: trupp@kbkllp.com

**Bradley R. Schneider**
Munger Tolles and Olson LLP
350 S Grand Ave., 50th Fl.
Los Angeles, CA 90071
(213) 683−9100
Email: bradley.schneider@mto.com

**Ray C. Schrock**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Richard W. Slack**
Weil Gotshal and Manges, LLP
767 Fifth Ave.
New York, NY 10153−0119
(212) 310−8000
Email: richard.slack@weil.com

**Theodore Tsekerides**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
212−310−8000

**Paul H. Zumbro**
Cravath, Swaine & Moore LLP
85 Eighth Avenue

New York, NY 10019
2124741000
Email: mao@cravath.com

***Responsible Ind***
**Jason P. Wells**
Senior Vice President
Chief Financial Officer PG&E Corporation
77 Beale St.
San Francisco, CA 94177
(929) 333−8977

***U.S. Trustee***
**Office of the U.S. Trustee / SF**
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415)705−3333

represented by **Jason Blumberg**
Office of the U.S. Trustee
501 I St. #7−500
Sacramento, CA 95814
(916) 930−2076
Email: jason.blumberg@usdoj.gov

**Cameron Gulden**
Office of the United States Trustee
300 Booth St., Room 3009
Reno, NV 89509
(775) 784−5335
Email: cameron.m.gulden@usdoj.gov

**Lynette C. Kelly**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415) 252−2065
Email: ustpregion17.oa.ecf@usdoj.gov

**Timothy S. Laffredi**
Office of the U. S. Trustee − San Jose
280 South 1 St., Suite 268
San Jose, CA 95113
(408) 535−5525
Email: timothy.s.laffredi@usdoj.gov

**Timothy S. Laffredi**
Office of the U.S. Trustee − SF
450 Golden Gate Ave.
Suite 05−0153
San Francisco, CA 94102
(415) 705−3333
Email: timothy.s.laffredi@usdoj.gov

**Marta Villacorta**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05−0153
San Francisco, CA 94102
(415) 252−2062
Email: marta.villacorta@usdoj.gov

***Creditor Committee***
**Official Committee Of Unsecured Creditors**

represented by **Paul S. Aronzon**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386−4000

Email: paronzon@milbank.com

**James C. Behrens**
Milbank, LLP
2029 Century Park E, 33rd Fl.
Los Angeles, CA 90067
(424) 386−4436
Email: jbehrens@milbank.com

**Gregory A. Bray**
Milbank LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
(424) 386−4470
Email: gbray@milbank.com

**Erin Elizabeth Dexter**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835−7500
Email: edexter@milbank.com

**Dennis F. Dunne**
Milbank, LLP
55 Hudson Yards
New York, NY 10001−2163
(212) 530−5000
Email: ddunne@milbank.com

**Samuel A. Khalil**
Milbank, LLP
55 Hudson Yards
New York, NY 10001−2163
(212) 530−5000
Email: skhalil@milbank.com

**Thomas R. Kreller**
Milbank LLP
2029 Century Park East, 33rd
Los Angeles, CA 90067
(424) 386−4463
Email: tkreller@milbank.com

**Andrew Michael Leblanc**
Milbank LLP
1850 K St., NW, #1100
Washington, DC 20006
(202) 835−7500
Email: ALeblanc@milbank.com

**Alan J. Stone**
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530−5000
Email: AStone@milbank.com

***Creditor Committee***
**Official Committee of Tort Claimants**

represented by **Lauren T. Attard**
Baker Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025−0509

(310) 820−8800
Email: lattard@bakerlaw.com

**Chris Bator**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621−0200
Email: cbator@bakerlaw.com

**Dustin M. Dow**
Baker & Hostetler LLP
127 Public Square #2000
Cleveland, OH 44114
(216) 621−0200
Email: ddow@bakerlaw.com

**Cecily Ann Dumas**
Baker and Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111−2806
415−659−2600
Email: cdumas@bakerlaw.com

**Joseph M. Esmont**
Baker & Hostetler LLP
127 Public Sq., #2000
Cleveland, OH 44147
(216) 861−7835
Email: jesmont@bakerlaw.com

**Lars H. Fuller**
Baker & Hostetler LLP
1801 California St #4400
Denver, CO 80202
(303) 764−4114
Email: lfuller@bakerlaw.com

**Eric R. Goodman**
Baker & Hostetler LLP
Key Tower, 127 Public Sq., #2000
Cleveland, OH 44114−1214
(216) 621−0200
Email: egoodman@bakerlaw.com

**Elizabeth A. Green**
BakerHostetler LLP
200 S. Orange Ave. #2300
Orlando, FL 32801
(407) 649−4000
Email: egreen@bakerlaw.com

**Robert A. Julian**
Baker and Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111−2806
(415) 569−2600
Email: rjulian@bakerlaw.com

**Elyssa S. Kates**
Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111
(212) 589−4227
Email: ekates@bakerlaw.com

**Kody D. L. Kleber**
Baker & Hostetler LLP
811 Main St., #1100
Houston, TX 77005
(713) 703−1315
Email: kkleber@bakerlaw.com

**John H. MacConaghy**
MacConaghy and Barnier
645 1st St. W #D
Sonoma, CA 95476
(707) 935−3205
Email: macclaw@macbarlaw.com

**Kimberly S. Morris**
Baker & Hostetler LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
(415) 659−2600
Email: kmorris@bakerlaw.com

**David J. Richardson**
Baker & Hostetler, LLP
11601 Wilshire Blvd.,
14th Floor
Los Angeles, CA 90025
(310) 442−8858
Email: drichardson@bakerlaw.com

**David B. Rivkin, Jr.**
Baker and Hostetler LLP
1050 Connecticut Ave., N.W., #1100
Washington, DC 20036
(202) 861−1731
Email: drivkin@bakerlaw.com

**Jorian L. Rose**
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589−4200
Email: jrose@bakerlaw.com

**Eric E. Sagerman**
Baker and Hostetler LLP
11601 Wilshire Blvd. #1400
Los Angeles, CA 90025
(310) 442−8875
Email: esagerman@bakerlaw.com

**Catherine E. Woltering**
Baker & Hostetler LLP
Key Tower, 127 Public Sq., #2000
Cleveland, OH 44114−1214
(614) 462−2677
Email: cwoltering@bakerlaw.com
*TERMINATED: 04/01/2020*

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 10/22/2020 | | 9333 | Memorandum Decision Disallowing Administrative Expense Claims (RE: related document(s)8536 Motion to Reconsider filed by Interested Party Elliott Management Corporation, 8663 Joinder filed by Interested Party Canyon Capital Advisors LLC, Interested Party Citadel Advisors LLC, Interested Party Davidson Kempner Capital Management LP, Interested Party Farallon Capital Management, L.L.C., Interested Party Sculptor Master Fund, Ltd., Interested Party Varde Partners, Inc., Interested Party Sculptor Enhanced Master Fund, Ltd., Interested Party Sculptor Credit Opportunities Master Fund, Ltd., Interested Party Sculptor GC Opportunities Master Fund, Ltd., Interested Party Sculptor SC II, LP, 8704 Joinder filed by Interested Party Pacific Investment Management Company LLC). (lp) (Entered: 10/22/2020) |
| 10/22/2020 | | 9336 | Order Disallowing Administrative Expense Claims of Pacific Investment Management Company LLC (RE: related document(s)8704 Joinder filed by Interested Party Pacific Investment Management Company LLC, 9034 Response filed by Interested Party Canyon Capital Advisors LLC, Interested Party Citadel Advisors LLC, Interested Party Davidson Kempner Capital Management LP, Interested Party Farallon Capital Management, L.L.C., Interested Party Sculptor Master Fund, Ltd., Interested Party Varde Partners, Inc., Interested Party Sculptor Enhanced Master Fund, Ltd., Interested Party Sculptor Credit Opportunities Master Fund, Ltd., Interested Party Sculptor GC Opportunities Master Fund, Ltd., Interested Party Sculptor SC II, LP, Interested Party Pacific Investment Management Company LLC). (lp) (Entered: 10/22/2020) |
| 11/04/2020 | | 9405 | Notice of Appeal and Statement of Election *to Have Appeal Heard by District Court*, Fee Amount $ 298. (RE: related document(s)9333 Memorandum Decision, 9336 Order). Appellant Designation due by 11/20/2020. Transmission of Record to District Court due by 12/4/2020. Statement of Issues due by 11/20/2020. Filed by Interested Party Pacific Investment Management Company LLC (McNeilly, Edward) (Entered: 11/04/2020) |
| 11/04/2020 | | 9406 | Certificate of Service (RE: related document(s)9405 Notice of Appeal and Statement of Election). Filed by Interested Party Pacific Investment Management Company LLC (McNeilly, Edward) (Entered: 11/04/2020) |



**Entered on Docket**
**October 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: October 22, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: October 13, 2020<br>Time: 10:30 a.m.<br>Hearing held via Zoom |

**MEMORANDUM DECISION DISALLOWING ADMINISTRATIVE EXPENSE CLAIMS**

**I. INTRODUCTION.**

A group of claimants ("the RSA Noteholders") have asserted administrative expense claims arising from the Reorganized Debtors' purported breach of a post-petition restructuring agreement, estimated to be in the aggregate of $250,000,000, against the Reorganized Debtors. For the reasons explained

below, the court will sustain the objections of the Reorganized Debtors and disallow the claims.

**II. PARTIES.**

Elliott Management Corporation ("Elliott") on its own behalf and on behalf of certain funds and accounts managed, advised, or sub-advised by it, filed the *Motion for (i) Allowance and Payment of an Administrative Expense Claim and (ii) to the Extent Necessary, Reconsideration and Relief from the Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* on July 24, 2020 (Dkt. 8536). This motion and request for allowance and payment of an administrative expense is based on a purported breach by Debtors of a post-petition restructuring agreement that they entered with certain noteholders (the "Noteholder RSA"). Elliott was joined by several similarly situated claimants who filed their *Joinder in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Expense Claim* on August 4, 2020 (Dkt. 8663).[1] Pacific Investment Management Company LLC ("PIMCO") joined them and Elliott when it filed its *Joinder of Pacific Investment Management Company LLC in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Expense Claim* on August 7, 2020 (Dkt. 8704).

---

[1] Joining Elliott at that time were: Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc., on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them.

PG&E Corporation and Pacific Gas and Electric Company ("Reorganized Debtors") filed *Reorganized Debtors' Initial Opposition to Elliott Management Corporation's Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* as an initial opposition to Elliott's Motion on August 26, 2020 (Dkt. 8864). Elliott and the others filed their respective responses: *Elliott Management Corporation's Response to Reorganized Debtors' Initial Opposition to Motion for (i) Allowance and Payment of an Administrative Expense Claim and (ii) to the Extent Necessary, Reconsideration and Relief from the Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* (Dkt. 9032) and *Additional RSA Noteholders' Response to Reorganized Debtors' Initial Opposition to Elliott Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* (Dkt. 9034) on September 14. Reorganized Debtors filed their *Reply in Support of Initial Opposition to Elliott Management Corporation's Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* on September 25, 2020 (Dkt. 9143).

The motion came on for hearing on October 13, 2020. Appearances were noted on the record.

## III. CRITICAL DATES, PLAN PROVISIONS AND PARAGRAPHS OF THE OCP.

On February 5, 2020, the court approved the Noteholder RSA following extensive negotiations among the Reorganized Debtors

Case: 19-30088 Doc# 9412-2 Filed: 10/25/20 Entered: 10/25/20 15:43:31 Page 3 of 43

(prior to confirmation of their Plan), certain Shareholders Proponents, and certain holders of funded debt claims.

The court entered its *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (the "OCP") on June 20, 2020, confirming the Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (the "Plan") (Dkt. 8053). The Plan became effective as of July 1, 2020 (the "Effective Date").

The critical and determinative provisions relevant to this decision are as follows:

Plan, Article 2.1 **Administrative Expense Claims**

Plan, Article 10.8 **Exculpation**

Plan, Article 10.9(b) ***Releases by Holders of Claims and Interest***

OCP, ¶ 54 **Exculpation**

OCP, ¶ 56 **Releases by Holders of Claims and Interest.**

The Noteholder RSA contains a provision ("the best efforts provision"} that the RSA Noteholders contend the Reorganized Debtors breached, thus establishing a basis for their administrative expense claims. That is found in Section 3(a)(iv) of the Noteholder RSA and obligates the debtors (prior to confirmation and up to the Effective Date), and their attorneys, advisors, and agents to:

> use their best efforts, which shall not require the Debtors to pay any consideration, breach any obligations, or otherwise violate the terms of any Backstop Commitment Letter, to cause various Backstop Parties to transfer (whether by assignment, participation, or otherwise) to

Consenting Noteholders that were parties to the AHC Commitment Letter and any Consenting Noteholders that were offered the opportunity to participate in any subsequent commitment in connection with the Alternative Plan, their rights (subject to Section 7 hereof) (including the right to receive fees thereunder) and obligations under applicable Backstop Commitment Letters relating to up to $2 billion of commitments.

## IV. PROCEDURAL STATUS.

On August 11, 2020, the court entered an *Order Regarding Scheduling with Respect to Elliott Management Corporation Motion for Allowance and Payment of Administrative Expense Claim and Related Joinders* (Dkt. 8746). There the court established a procedure to determine whether the Reorganized Debtors could prevail on the face of Elliott's motion, as joined by the others, as a matter of law, avoiding the need for discovery or other unnecessary delay. The Reorganized Debtors' challenge to the administrative expense claims of the RSA Noteholders is a contested matter under Fed. R. Bankr. P. 9014; that rule in turn incorporates relevant provisions of the Federal Rules of Civil Procedure via the Federal Rules of Bankruptcy Procedure.

Accordingly, the court treats the matters that were briefed and argued on October 13, 2020 as the functional equivalent of a motion for a judgment on the pleadings, taking all facts as uncontested for these purposes. It determines as a matter of law that the Reorganized Debtors are correct and their objections should be sustained.

//

//

Case: 19-30088 Doc# 9433 Filed: 11/05/20 Entered: 11/05/20 11:43:43 Page 5 of 14

## V. DISCUSSION.

### A. Administrative Expense Claims – Allowed or Disallowed

The RSA Noteholders make much of a statement in Section 2.1 of the Plan that no administrative expense claims shall be discharged and contend that their claim for breach of the Noteholder RSA constitutes an administrative expense claim and that Debtors' proposed treatment of the claim conflicts with Articles 10.8 and 10.9 of the Plan and paragraphs 54 and 56 of the OCP.

The court disagrees. Article 1.4 preserves expenses of administration that are **allowable**; the corollary is that administrative expense claims that are not allowable will be discharged and, of course, will not be paid. As stated at the outset, the court is disallowing the administrative expense claims of the RSA Noteholders. The concern about discharge is moot and no further action by the court is necessary as to this issue.

### B. Negotiation and Pursuit of the Noteholder RSA

In the *Memorandum of Decision – Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (Dkt. 8001), the court referred to the recent Ninth Circuit *Blixseth* decision[2] in support of the proposition that exculpation provisions permit protection of various parties "who participated in the approval process", pointing out that the exculpation provisions of the Plan cover a multitude of

[2] Blixseth v. Credit Suisse (*In re Blixseth*), 961 F.3d 1074 (9th Cir. 2020).

players, a number of documents and a number of events and
activities, consistent with the complexity and difficulties of
these cases. *Blixseth* itself cited *In re PWS Holding Corp.*, 228
F.3d 224 (3d Cir. 2000), for the notion that partial exculpation
is the norm for acts committed during the process of developing
and confirming a chapter 11 plan. Such provisions do not
conflict with 11 U.S.C. § 524(e).

For this reason, it is appropriate and consistent with
*Blixseth,* to extend exculpation to parties who participated,
negotiated and even "pursued" the Noteholder RSA and countless
other documents. But once the negotiation was completed, the
pursuit was over. Article 10.8 provides the safe harbor for all
who accomplished that end, for all who were "involved in the
process of developing and confirming [the Plan]". When the
Noteholder RSA was approved by the court on February 5, 2020
(Dkt. 5637) there was nothing further to negotiate or pursue
concerning that document. To use the vernacular, it was a "done
deal".

The RSA Noteholders are correct that they had the right to
contend at a later date that Reorganized Debtors, prior to or
concurrent with confirmation of the Plan, breached the best
efforts provision, subject to whatever defenses the Reorganized
Debtors may assert. Thus, the court concludes that the
exculpation provisions of Article 10.8, and the parallel
provisions of paragraph 54 of the OCP provide no relief for the
Reorganized Debtors.

//

**C. Releases by Holders of Claims and Interest**

In contrast to the narrow exculpation provisions dealing with "negotiation and pursuit" of various documents and including a fairly typical carveout for actual fraud or willful misconduct, the release provisions and the parallel paragraph 56 of the OCP are quite a different story. There, there is no carveout for actual fraud or willful misconduct nor any limitation on the extent and breadth of what has been released. The provisions are lengthy, somewhat redundant and very lawyerlike. Below the court highlights certain provisions to emphasize how far reaching they are and how readily they encompass any alleged breach of the best efforts provision:

> "**Released Parties** [including the Reorganized Debtors] are deemed forever **released** and discharged . . . from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and **liabilities whatsoever** . . . based on or relating to, or in any manner arising from, in **whole or in part**, the Debtors', the Fires', the Chapter 11 Cases . . . the subject matter of, or the **transactions** or events giving rise to any Claim . . . the business or contractual arrangements between any Debtor and any Released Parties . . . the **Plan Funding**, the Restructuring . . . before or during the Chapter 11 Cases . . . the **Backstop Commitment** Letters . . . the **Noteholder RSA** . . . the negotiation, formulation, or preparation of . . . the Plan and related agreements . . . , and "other documents (including Plan documents) . . . , the **Noteholder RSA** . . . ."

Based upon these broad provisions the court determines that the RSA Noteholders are bound by the releases they agreed to, thus relieving the Reorganized Debtors of any exposure to claims

by the RSA Noteholders for breach of the Noteholder RSA and in particular the best efforts provisions.

**D. Post Effective Date Claims**

The RSA Noteholders point to the preamble of Article 10.9(b) to maintain that somehow their right to assert the administrative expense claims survives confirmation and the Effective Date, and thus can be asserted, subject to substantive defenses, at this juncture. The court rejects that argument.

Article 10.9(b) begins:

> "*Releases by Holders of Claims and Interests.* As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan . . . ."

The RSA Noteholders argue that the Reorganized Debtors breached the best efforts provision by not even attempting to have any of the Backstop Commitment parties share with them any of the fees and other entitlements up to $2 billion of commitments as provided in the portion of the Noteholder RSA quoted above. The best efforts provision was a continuing obligation for the duration of the RSA Support Period, defined as running from the date of execution of the Noteholder RSA through the Effective Date of the Plan. The provisions of Section 3(a)(4) ended on that Effective Date and thus do not come within the phrase "rights that **remain** in effect **from and after** the Effective Date." The RSA Noteholders had no right to complain about the Reorganized Debtors' lack of best efforts once the obligations to exercise them ceased. The releases

became effective at the same time that the right to assert best efforts ended. Whether the RSA Noteholders could have asserted some sort of a breach prior to the Effective Date, and prior to the effectiveness of the broad releases, is pure speculation. It did not happen. The after-the-fact assertions of the administrative expense claims were barred as a matter of law by the operation of the releases in Article 10.9(b) and OCP ¶ 56 as of the Effective Date.

**E. Other Issues**

Because the court is disallowing the RSA Noteholders' administrative expense claims for the reasons stated above, it need not address the alternative theories of waiver or forfeiture asserted by the Reorganized Debtors.

RSA Noteholders ask for alternative relief from the OCP. Reorganized Debtors are correct that modification of the Plan could only be attempted in accordance with 11 U.S.C. § 1127(b). And the RSA Noteholders are correct that Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b), has been a basis for relief from orders confirming plans. On this record, however, nothing justifies granting the extraordinary alternative relief they seek.

The record does show that at a lightning fast pace in June, 2020, this complicated case proceeded quickly to meet state-imposed deadlines and presented myriad obstacles for all principal players and the court. Given that history, the court believes that Elliott and the other concerned RSA Noteholders could have dealt with procedural difficulties such as the

original confirmation objection deadline or the fact that the confirmation record had been closed by the time of the June 9, 2020, Backstop Motion. They could have sought some form of expedited relief before entry of the OCP were they so included.

All major players are and were represented by some of the most experienced and qualified bankruptcy counsel in the country, and they know how to act quickly and effectively when they need to. While the court will not engage in a theoretical debate about whether one side waited in the weeds or the other side tried to hide the ball, it will decline to excise its discretion by reconsidering the OCP under Fed. R. Bankr. P. 9024 or otherwise.

**VI. CONCLUSION.**

The court is concurrently issuing orders disallowing the administrative expense claims of Elliott, the Additional RSA Noteholders and PIMCO for the reasons stated in this memorandum decision.

*** END OF MEMORANDUM DECISION***



**Entered on Docket**
**October 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: October 22, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: October 13, 2020<br>Time: 10:30 a.m.<br>Hearing held via Zoom |

**ORDER DISALLOWING ADMINISTRATIVE EXPENSE CLAIMS OF PACIFIC INVESTMENT MANAGEMENT COMPANY LLC**

For the reasons stated in the Memorandum Decision Disallowing Administrative Expense Claims issued this date, the administrative expense claims asserted by Pacific Investment Management Company LLC (Dkts. 8704 and 9034), and opposed by the Reorganized Debtors, are DISALLOWED.

*** END OF ORDER***

David P. Simonds (Cal. Bar No. 214499)
Edward J. McNeilly (Cal. Bar No. 314588)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310.785.4600
Facsimile: 310.785.4601
david.simonds@hoganlovells.com
edward.mcneilly@hoganlovells.com

Michael C. Hefter (Admitted *Pro Hac Vice*)
Matthew Ducharme (Admitted *Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Telephone: 212.918.3000
Facsimile: 212.918.3100
michael.hefter@hoganlovells.com
matthew.ducharme@hoganlovells.com

*Counsel to Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**- and –**

**PACIFIC GAS AND ELECTRIC COMPANY,**

Reorganized Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

**All papers shall be filed in the Lead Case, No. 19-30088 (DM)*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT**

**NOTICE IS HEREBY GIVEN** that Pacific Investment Management Company LLC ("PIMCO" or the "Appellant"), as investment adviser or manager for certain funds and accounts, by and through its undersigned counsel, hereby appeals to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 158(a) and Rule 8003 of the Federal Rules

of Bankruptcy Procedure, from the *Order Disallowing Administrative Expense Claims of Pacific Investment Management Company LLC* [Bankr. Dkt. No. 9336] (the "Order") and the related *Memorandum Decision Disallowing Administrative Expense Claims* [Bankr. Dkt. No. 9333] (the "Memorandum Decision") entered in the above-captioned case on October 22, 2020. A copy of the Order is attached hereto as **Exhibit A**. A copy of the Memorandum Decision is attached hereto as **Exhibit B**. Notices of appeal of related orders [Bankr. Dkt. Nos. 9334, 9335] and the Memorandum Decision have been filed by Elliott Management Company ("Elliott") [Bankr. Dkt. No. 9398], and by Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc., on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them (collectively, the "Additional RSA Noteholders") [Bankr. Dkt. No. 9403].

Pursuant to 28 U.S.C. § 158(a), the Order and Memorandum Decision are appealable as a matter of right. Pursuant to 28 U.S.C. § 158(c)(1), the Appellants hereby elect to have this appeal heard by the United States District Court for the Northern District of California.

The parties to the Order (or related orders) and Memorandum Decision and the names, addresses and telephone numbers of their respective attorneys are set forth below.

//

//

//

//

**APPELLANT**

| Party | Counsel |
|---|---|
| **PIMCO, as investment adviser or manager for certain funds and accounts** | David P. Simonds (Cal. Bar No. 214499)<br>Edward J. McNeilly (Cal. Bar No. 314588)<br>**HOGAN LOVELLS US LLP**<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>Telephone: 310.785.4600<br>Facsimile: 310.785.4601<br>david.simonds@hoganlovells.com<br>edward.mcneilly@hoganlovells.com<br><br>Michael C. Hefter (Admitted *Pro Hac Vice*)<br>Matthew Ducharme (Admitted *Pro Hac Vice*)<br>**HOGAN LOVELLS US LLP**<br>390 Madison Avenue<br>New York, New York 10017<br>Telephone: 212.918.3000<br>Facsimile: 212.918.3100<br>michael.hefter@hoganlovells.com<br>matthew.ducharme@hoganlovells.com |

**APPELLEE**

| Party | Counsel |
|---|---|
| **Reorganized Debtors** | **WEIL, GOTSHAL & MANGES LLP**<br>Stephen Karotkin (*Pro Hac Vice* admitted)<br>Ray C. Schrock, P.C. (*Pro Hac Vice* admitted)<br>Jessica Liou (*Pro Hac Vice* admitted)<br>Theodore E. Tsekerides (*Pro Hac Vice* admitted)<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212.310.8000<br>Facsimile: 212.310.8007<br>stephen.karotkin@weil.com,<br>ray.schrock@weil.com,<br>jessica.liou@weil.com,<br>theodore.tsekerides@weil.com |

| | |
|---|---|
| | **KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (Cal. Bar No.151445)<br>Peter J. Benvenutti (Cal. Bar No. 60566)<br>Jane Kim (Cal. Bar No. 298192)<br>650 California Street, Suite 1900<br>San Francisco, California 94108<br>Telephone: 415.496.6723<br>Facsimile: 650.636.9251<br>tkeller@kbkllp.com<br>pbenvenutti@kbkllp.com<br>jkim@kbkllp.com |

**OTHER PARTIES TO THE ORDER (OR RELATED ORDERS) AND MEMORANDUM DECISION**

| Party | Counsel |
|---|---|
| **Elliott** | **ROPES & GRAY LLP**<br>Rocky C. Tsai (Cal. Bar No. 221452)<br>3 Embarcadero Center<br>San Francisco, CA 94111<br>Telephone: 415.315.6369<br>Facsimile: 415.315.6350<br>rocky.tsai@ropesgray.com<br><br>**ROPES & GRAY LLP**<br>Andrew G. Devore (*Pro Hac Vice* admitted)<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199<br>Telephone: 617.951.7000<br>Facsimile: 617.951.7050<br>andrew.devore@ropesgray.com<br><br>**ROPES & GRAY LLP**<br>Gregg M. Galardi (*Pro Hac Vice* admitted)<br>Keith H. Wofford (*Pro Hac Vice* admitted)<br>Daniel G. Egan (*Pro Hac Vice* admitted)<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212.596.9000<br>Facsimile: 212.596.9090<br>gregg.galardi@ropesgray.com<br>keith.wofford@ropesgray.com<br>daniel.egan@ropesgray.com |

| Additional RSA Noteholders | Christopher T. Casamassima (Cal. Bar No. 211280)<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Telephone: 213.443.5300<br>Facsimile: 213.443.5400<br>chris.casamassima@wilmerhale.com<br><br>Philip D. Anker (*Pro Hac Vice* forthcoming)<br>Allyson Pierce (Cal. Bar No. 325060)<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: 212.230.8800<br>Facsimile: 212.230.8888<br>philip.anker@wilmerhale.com<br>allyson.pierce@wilmerhale.com |
|---|---|

[*Continued on following page*]

Dated: November 4, 2020

*/s/ Edward J. McNeilly*

David P. Simonds (Cal. Bar No. 214499)
Edward J. McNeilly (Cal. Bar No. 314588)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310.785.4600
Facsimile: 310.785.4601
david.simonds@hoganlovells.com
edward.mcneilly@hoganlovells.com

Michael C. Hefter (Admitted *Pro Hac Vice*)
Matthew Ducharme (Admitted *Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Telephone: 212.918.3000
Facsimile: 212.918.3100
michael.hefter@hoganlovells.com
matthew.ducharme@hoganlovells.com

*Counsel to Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts*

## Exhibit A

**Order**



**Entered on Docket**
**October 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: October 22, 2020**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088-DM |
| PG&E CORPORATION, | Chapter 11 |
| - and - | Jointly Administered |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
| Reorganized Debtors. | Date: October 13, 2020<br>Time: 10:30 a.m.<br>Hearing held via Zoom |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| ** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | |

**ORDER DISALLOWING ADMINISTRATIVE EXPENSE CLAIMS OF PACIFIC INVESTMENT MANAGEMENT COMPANY LLC**

For the reasons stated in the Memorandum Decision Disallowing Administrative Expense Claims issued this date, the administrative expense claims asserted by Pacific Investment Management Company LLC (Dkts. 8704 and 9034), and opposed by the Reorganized Debtors, are DISALLOWED.

*** END OF ORDER***

<u>**Exhibit B**</u>

**Memorandum**



**Entered on Docket**
**October 22, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: October 22, 2020**

DENNIS MONTALI
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>** All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date: October 13, 2020<br>Time: 10:30 a.m.<br>Hearing held via Zoom |

**MEMORANDUM DECISION DISALLOWING ADMINISTRATIVE EXPENSE CLAIMS**

**I. INTRODUCTION.**

A group of claimants ("the RSA Noteholders") have asserted administrative expense claims arising from the Reorganized Debtors' purported breach of a post-petition restructuring agreement, estimated to be in the aggregate of $250,000,000, against the Reorganized Debtors. For the reasons explained

below, the court will sustain the objections of the Reorganized Debtors and disallow the claims.

## II. PARTIES.

Elliott Management Corporation ("Elliott") on its own behalf and on behalf of certain funds and accounts managed, advised, or sub-advised by it, filed the *Motion for (i) Allowance and Payment of an Administrative Expense Claim and (ii) to the Extent Necessary, Reconsideration and Relief from the Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* on July 24, 2020 (Dkt. 8536). This motion and request for allowance and payment of an administrative expense is based on a purported breach by Debtors of a post-petition restructuring agreement that they entered with certain noteholders (the "Noteholder RSA"). Elliott was joined by several similarly situated claimants who filed their *Joinder in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Expense Claim* on August 4, 2020 (Dkt. 8663).[1] Pacific Investment Management Company LLC ("PIMCO") joined them and Elliott when it filed its *Joinder of Pacific Investment Management Company LLC in the Pending Elliott Motion and Request for Allowance and Payment of Administrative Expense Claim* on August 7, 2020 (Dkt. 8704).

---

[1] Joining Elliott at that time were: Canyon Capital Advisors LLC, Citadel Advisors LLC, Davidson Kempner Capital Management LP, Farallon Capital Management, L.L.C., Sculptor Master Fund, Ltd., Sculptor Enhanced Master Fund, Ltd., Sculptor Credit Opportunities Master Fund, Ltd., Sculptor GC Opportunities Master Fund, Ltd., Sculptor SC II, LP, and Värde Partners, Inc., on behalf of themselves, and/or certain funds and accounts managed, advised, or sub-advised by them.

PG&E Corporation and Pacific Gas and Electric Company ("Reorganized Debtors") filed *Reorganized Debtors' Initial Opposition to Elliott Management Corporation's Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* as an initial opposition to Elliott's Motion on August 26, 2020 (Dkt. 8864). Elliott and the others filed their respective responses: *Elliott Management Corporation's Response to Reorganized Debtors' Initial Opposition to Motion for (i) Allowance and Payment of an Administrative Expense Claim and (ii) to the Extent Necessary, Reconsideration and Relief from the Confirmation Order Pursuant to Federal Rule of Civil Procedure 60(b)* (Dkt. 9032) and *Additional RSA Noteholders' Response to Reorganized Debtors' Initial Opposition to Elliott Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* (Dkt. 9034) on September 14. Reorganized Debtors filed their *Reply in Support of Initial Opposition to Elliott Management Corporation's Motion for Allowance and Payment of Administrative Expense Claim and Reconsideration of Confirmation Order and Related Joinders* on September 25, 2020 (Dkt. 9143).

The motion came on for hearing on October 13, 2020. Appearances were noted on the record.

## III. CRITICAL DATES, PLAN PROVISIONS AND PARAGRAPHS OF THE OCP.

On February 5, 2020, the court approved the Noteholder RSA following extensive negotiations among the Reorganized Debtors

(prior to confirmation of their Plan), certain Shareholders Proponents, and certain holders of funded debt claims.

The court entered its *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (the "OCP") on June 20, 2020, confirming the Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (the "Plan") (Dkt. 8053). The Plan became effective as of July 1, 2020 (the "Effective Date").

The critical and determinative provisions relevant to this decision are as follows:

Plan, Article 2.1 **Administrative Expense Claims**

Plan, Article 10.8 **Exculpation**

Plan, Article 10.9(b) ***Releases by Holders of Claims and Interest***

OCP, ¶ 54 **Exculpation**

OCP, ¶ 56 **Releases by Holders of Claims and Interest.**

The Noteholder RSA contains a provision ("the best efforts provision"} that the RSA Noteholders contend the Reorganized Debtors breached, thus establishing a basis for their administrative expense claims.  That is found in Section 3(a)(iv) of the Noteholder RSA and obligates the debtors (prior to confirmation and up to the Effective Date), and their attorneys, advisors, and agents to:

> use their best efforts, which shall not require the Debtors to pay any consideration, breach any obligations, or otherwise violate the terms of any Backstop Commitment Letter, to cause various Backstop Parties to transfer (whether by assignment, participation, or otherwise) to

> Consenting Noteholders that were parties to the AHC Commitment Letter and any Consenting Noteholders that were offered the opportunity to participate in any subsequent commitment in connection with the Alternative Plan, their rights (subject to Section 7 hereof) (including the right to receive fees thereunder) and obligations under applicable Backstop Commitment Letters relating to up to $2 billion of commitments.

## IV. PROCEDURAL STATUS.

On August 11, 2020, the court entered an *Order Regarding Scheduling with Respect to Elliott Management Corporation Motion for Allowance and Payment of Administrative Expense Claim and Related Joinders* (Dkt. 8746). There the court established a procedure to determine whether the Reorganized Debtors could prevail on the face of Elliott's motion, as joined by the others, as a matter of law, avoiding the need for discovery or other unnecessary delay. The Reorganized Debtors' challenge to the administrative expense claims of the RSA Noteholders is a contested matter under Fed. R. Bankr. P. 9014; that rule in turn incorporates relevant provisions of the Federal Rules of Civil Procedure via the Federal Rules of Bankruptcy Procedure.

Accordingly, the court treats the matters that were briefed and argued on October 13, 2020 as the functional equivalent of a motion for a judgment on the pleadings, taking all facts as uncontested for these purposes. It determines as a matter of law that the Reorganized Debtors are correct and their objections should be sustained.

//

//

Case: 19-30088 Doc# 9412-2 Filed: 11/02/20 Entered: 11/02/20 19:43:31 Page 34 of 43

## V. DISCUSSION.

### A. Administrative Expense Claims – Allowed or Disallowed

The RSA Noteholders make much of a statement in Section 2.1 of the Plan that no administrative expense claims shall be discharged and contend that their claim for breach of the Noteholder RSA constitutes an administrative expense claim and that Debtors' proposed treatment of the claim conflicts with Articles 10.8 and 10.9 of the Plan and paragraphs 54 and 56 of the OCP.

The court disagrees. Article 1.4 preserves expenses of administration that are **allowable**; the corollary is that administrative expense claims that are not allowable will be discharged and, of course, will not be paid. As stated at the outset, the court is disallowing the administrative expense claims of the RSA Noteholders. The concern about discharge is moot and no further action by the court is necessary as to this issue.

### B. Negotiation and Pursuit of the Noteholder RSA

In the *Memorandum of Decision – Confirmation of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization* (Dkt. 8001), the court referred to the recent Ninth Circuit *Blixseth* decision[2] in support of the proposition that exculpation provisions permit protection of various parties "who participated in the approval process", pointing out that the exculpation provisions of the Plan cover a multitude of

[2] Blixseth v. Credit Suisse (*In re Blixseth*), 961 F.3d 1074 (9th Cir. 2020).

players, a number of documents and a number of events and activities, consistent with the complexity and difficulties of these cases. *Blixseth* itself cited *In re PWS Holding Corp.*, 228 F.3d 224 (3d Cir. 2000), for the notion that partial exculpation is the norm for acts committed during the process of developing and confirming a chapter 11 plan. Such provisions do not conflict with 11 U.S.C. § 524(e).

For this reason, it is appropriate and consistent with *Blixseth,* to extend exculpation to parties who participated, negotiated and even “pursued” the Noteholder RSA and countless other documents. But once the negotiation was completed, the pursuit was over. Article 10.8 provides the safe harbor for all who accomplished that end, for all who were “involved in the process of developing and confirming [the Plan]”. When the Noteholder RSA was approved by the court on February 5, 2020 (Dkt. 5637) there was nothing further to negotiate or pursue concerning that document. To use the vernacular, it was a “done deal”.

The RSA Noteholders are correct that they had the right to contend at a later date that Reorganized Debtors, prior to or concurrent with confirmation of the Plan, breached the best efforts provision, subject to whatever defenses the Reorganized Debtors may assert. Thus, the court concludes that the exculpation provisions of Article 10.8, and the parallel provisions of paragraph 54 of the OCP provide no relief for the Reorganized Debtors.

//

**C. Releases by Holders of Claims and Interest**

In contrast to the narrow exculpation provisions dealing with "negotiation and pursuit" of various documents and including a fairly typical carveout for actual fraud or willful misconduct, the release provisions and the parallel paragraph 56 of the OCP are quite a different story. There, there is no carveout for actual fraud or willful misconduct nor any limitation on the extent and breadth of what has been released. The provisions are lengthy, somewhat redundant and very lawyerlike. Below the court highlights certain provisions to emphasize how far reaching they are and how readily they encompass any alleged breach of the best efforts provision:

> "**Released Parties** [including the Reorganized Debtors] are deemed forever **released** and discharged . . . from any and all claims, interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, remedies, and **liabilities whatsoever** . . . based on or relating to, or in any manner arising from, in **whole or in part**, the Debtors', the Fires', the Chapter 11 Cases . . . the subject matter of, or the **transactions** or events giving rise to any Claim . . . the business or contractual arrangements between any Debtor and any Released Parties . . . the **Plan Funding**, the Restructuring . . . before or during the Chapter 11 Cases . . . the **Backstop Commitment** Letters . . . the **Noteholder RSA** . . . the negotiation, formulation, or preparation of . . . the Plan and related agreements . . . , and "other documents (including Plan documents) . . . , the **Noteholder RSA** . . . ."

Based upon these broad provisions the court determines that the RSA Noteholders are bound by the releases they agreed to, thus relieving the Reorganized Debtors of any exposure to claims

by the RSA Noteholders for breach of the Noteholder RSA and in particular the best efforts provisions.

**D. Post Effective Date Claims**

The RSA Noteholders point to the preamble of Article 10.9(b) to maintain that somehow their right to assert the administrative expense claims survives confirmation and the Effective Date, and thus can be asserted, subject to substantive defenses, at this juncture. The court rejects that argument.

Article 10.9(b) begins:

> "*Releases by Holders of Claims and Interests.* As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan . . . ."

The RSA Noteholders argue that the Reorganized Debtors breached the best efforts provision by not even attempting to have any of the Backstop Commitment parties share with them any of the fees and other entitlements up to $2 billion of commitments as provided in the portion of the Noteholder RSA quoted above. The best efforts provision was a continuing obligation for the duration of the RSA Support Period, defined as running from the date of execution of the Noteholder RSA through the Effective Date of the Plan. The provisions of Section 3(a)(4) ended on that Effective Date and thus do not come within the phrase "rights that **remain** in effect **from and after** the Effective Date." The RSA Noteholders had no right to complain about the Reorganized Debtors' lack of best efforts once the obligations to exercise them ceased. The releases

became effective at the same time that the right to assert best efforts ended. Whether the RSA Noteholders could have asserted some sort of a breach prior to the Effective Date, and prior to the effectiveness of the broad releases, is pure speculation. It did not happen. The after-the-fact assertions of the administrative expense claims were barred as a matter of law by the operation of the releases in Article 10.9(b) and OCP ¶ 56 as of the Effective Date.

**E. Other Issues**

Because the court is disallowing the RSA Noteholders' administrative expense claims for the reasons stated above, it need not address the alternative theories of waiver or forfeiture asserted by the Reorganized Debtors.

RSA Noteholders ask for alternative relief from the OCP. Reorganized Debtors are correct that modification of the Plan could only be attempted in accordance with 11 U.S.C. § 1127(b). And the RSA Noteholders are correct that Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(b), has been a basis for relief from orders confirming plans. On this record, however, nothing justifies granting the extraordinary alternative relief they seek.

The record does show that at a lightning fast pace in June, 2020, this complicated case proceeded quickly to meet state-imposed deadlines and presented myriad obstacles for all principal players and the court. Given that history, the court believes that Elliott and the other concerned RSA Noteholders could have dealt with procedural difficulties such as the

original confirmation objection deadline or the fact that the confirmation record had been closed by the time of the June 9, 2020, Backstop Motion. They could have sought some form of expedited relief before entry of the OCP were they so included.

All major players are and were represented by some of the most experienced and qualified bankruptcy counsel in the country, and they know how to act quickly and effectively when they need to. While the court will not engage in a theoretical debate about whether one side waited in the weeds or the other side tried to hide the ball, it will decline to excise its discretion by reconsidering the OCP under Fed. R. Bankr. P. 9024 or otherwise.

## VI. CONCLUSION.

The court is concurrently issuing orders disallowing the administrative expense claims of Elliott, the Additional RSA Noteholders and PIMCO for the reasons stated in this memorandum decision.

*** END OF MEMORANDUM DECISION***

David P. Simonds (Bar No. 214499)
Edward J. McNeilly (Bar No. 314588)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
david.simonds@hoganlovells.com
edward.mcneilly@hoganlovells.com

Michael C. Hefter (*pro hac vice* pending)
Matthew Ducharme (*pro hac vice* pending)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-310
michael.hefter@hoganlovells.com
matthew.ducharme@hoganlovells.com

*Counsel to Pacific Investment Management Company LLC, as investment adviser or manager for certain funds and accounts that were Consenting Noteholders*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**In re:**

**PG&E CORPORATION,**

**-and-**

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Reorganized Debtors.**

☐ Affects PG&E Corporation

☐ Affects Pacific Gas and Electric Company

☒ Affects both Debtors

**All papers shall be filed in the Lead Case, No. 19-30088 (DM)*

Case No. 19-30088 (DM)

Chapter 11

(Lead Case)

(Jointly Administered)

**CERTIFICATE OF SERVICE**

TRACY SOUTHWELL

1. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. I am employed by Hogan Lovells US LLP and my business address is 1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067.

2. I certify that on November 4, 2020, I caused a true copy of the *Notice of Appeal and Statement of Election to Have Appeal Heard by District Court* [ECF 9405] to be served via email on the parties listed on the annexed **Exhibit A**.

Los Angeles, California

Dated: November 4, 2020

/s/ *Tracy Southwell*

Tracy Southwell

**EXHIBIT A**

| Party | Counsel | Email |
|---|---|---|
| **Reorganized Debtors** | **WEIL, GOTSHAL & MANGES LLP**<br>Stephen Karotkin<br>Ray C. Schrock, P.C<br>Jessica Liou<br>Theodore E. Tsekerides<br><br>**KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller<br>Peter J. Benvenutti<br>Jane Kim | stephen.karotkin@weil.com,<br>ray.schrock@weil.com,<br>jessica.liou@weil.com,<br>theodore.tsekerides@weil.com<br><br>tkeller@kbkllp.com<br>pbenvenutti@kbkllp.com<br>jkim@kbkllp.com |
| **Elliott** | **ROPES & GRAY LLP**<br>Rocky C. Tsai<br>Andrew G. Devore<br>Gregg M. Galardi<br>Keith H. Wofford<br>Daniel G. Egan | rocky.tsai@ropesgray.com<br>andrew.devore@ropesgray.com<br>gregg.galardi@ropesgray.com<br>keith.wofford@ropesgray.com<br>daniel.egan@ropesgray.com |
| **Additional RSA Noteholders** | **WILMER CUTLER PICKERING HALE AND DORR LLP**<br>Christopher T. Casamassima<br>Philip D. Anker<br>Allyson Pierce | chris.casamassima@wilmerhale.com<br>philip.anker@wilmerhale.com<br>allyson.pierce@wilmerhale.com |