1   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
2   (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
3   (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
4   (jkim@kbkllp.com)
    650 California Street, Suite 1900
5   San Francisco, CA 94108
    Tel: 415 496 6723
6   Fax: 650 636 9251

7
    *Attorneys for Debtors and Reorganized Debtors*
8
                    UNITED STATES BANKRUPTCY COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
                        SAN FRANCISCO DIVISION
10

11                                          | Bankruptcy Case No. 19-30088 (DM)

12  **In re:**                              | Chapter 11

13  **PG&E CORPORATION,**                   | (Lead Case) (Jointly Administered)

14      **- and -**                         | **DECLARATION OF RENEE RECORDS IN
                                            | SUPPORT OF REORGANIZED DEBTORS'
15  **PACIFIC GAS AND ELECTRIC              | FORTIETH THROUGH FORTY-THIRD
    COMPANY,**                              | OMNIBUS OBJECTIONS TO CLAIMS (NO
16                                          | LIABILITY / PASSTHROUGH CLAIMS)
                        **Debtors.**
17                                          | **Response Deadline:**
    ☐ Affects PG&E Corporation              | **December 1, 2020, 4:00 p.m. (PT)**
18  ☐ Affects Pacific Gas and Electric Company
    ☒ Affects both Debtors                  | **Hearing Information If Timely Response Made:**
19                                          | Date:  December 15, 2020
    *All papers shall be filed in the Lead Case, No.* | Time:  10:00 a.m. (Pacific Time)
20  *19-30088 (DM).*                        | Place: (Telephonic Appearances Only)
                                            |        United States Bankruptcy Court
21                                          |        Courtroom 17, 16th Floor
                                            |        San Francisco, CA 94102
22

23

24

25

26

27

28

I, Renee Records, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am the Claims Manager at Pacific Gas and Electric Company (the "**Utility**" or "**PG&E**," and, with PG&E Corporation, the "**Debtors,**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").  I submit this Declaration in support of the Reorganized Debtors' Fortieth through Forty-Third Omnibus Objections to Claims (No Liability / Passthrough Claims) (together, the "**Omnibus Objections**"),[1] filed contemporaneously herewith.

2.      As part of my job duties, I manage, administer, and monitor third-party claims, investigations, and incidents for final determination of property damage, bodily injury, and business interruption. I oversee department caseload to ensure integrity and regulatory compliance. I develop and present key analysis and reporting to enterprise officers, operations managers and clients regarding third-party incidents.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other PG&E personnel working under and alongside me on this matter, my discussions with the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.  I am authorized to submit this declaration on behalf of the Reorganized Debtors.

4.      The No Liability / Passthrough Claims are identified on **Exhibit 1** to each Omnibus Objection, in the columns headed "Claims To Be Disallowed and Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability / Passthrough Claims are classified as one of the following:

a.      Damage Not Caused by PG&E.   These are Proofs of Claim where the Reorganized Debtors, after reviewing their books and records and any information submitted in connection with the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objections.

Proofs of Claim, have determined that the harm or damage described in the Proof of Claim was not caused by the Debtors. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be expunged.

b. <u>No Liability Claims</u>. These Proofs of Claims provide no supporting documentation to enable the Reorganized Debtors to understand the purported basis for liability and, after reviewing their books and records, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims. In all cases, the Reorganized Debtors' Third-Party Claims Team contacted the Claimant either by telephone or in writing for more information, and did not receive a response.

c. <u>Post-Petition Claims</u>. These Proofs of Claim assert Claims for amounts that arose after the Petition Date and, thus, do not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of such Claims should be expunged and the surviving claims may be asserted and resolved in the ordinary course of business.

d. <u>Rule 14 Claims</u>. Certain of the Proofs of Claim assert amounts for food losses, business losses, or wage losses. Pursuant to Pacific Gas and Electric Company Tariff Electric Rule 14 ("**Rule 14**"), approved by the California Public Utilities Commission, PG&E is required to exercise "reasonable diligence and care to furnish and deliver a continuous and sufficient supply of electric energy to the customer, but does not guarantee continuity or sufficiency of supply." Rule 14 goes on to provide that "PG&E will not be liable for interruption or shortage or insufficiency of supply, or any loss or damage of any kind of character occasioned thereby, if same is caused by inevitable accident, act of God, fire, strikes, riots, war, or any other cause except that arising from its failure to exercise reasonable diligence." Accordingly, the Rule 14 Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

A significant subset of the Rule 14 Claims assert Claims for food losses, business losses, or wage losses arising out of or relating to the Public Safety Power Shutoff ("**PSPS**") program, which aims to reduce wildfire risks. The PSPS program, which began in 2018, involves proactive power shutoffs during extreme weather events (*e.g.*, strong winds, very low humidity levels, critically dry vegetation, and other on-the-ground, real-time observations from field crews). In preparation for this safety measure, the Utility contacts customers directly and provides early warning notification, when and where possible, via automated calls, texts and emails. Under Rule 14, the Debtors are not liable for any losses arising out of PSPS-related outages. Accordingly, the PSPS Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

The CPUC requires that all Claims be treated equally. Accordingly, the Reorganized Debtors are not permitted to pay any Rule 14 Claims without being required to pay *all* Rule 14 Claims. The same is true for the Rule 16 Claims and Rule 2 Claims described below.

e. Rule 16 Claims. Certain of the Proofs of Claim assert amounts for removal/trimming of trees, overgrown vegetation impeding access to the Debtors' facilities, and/or the consequences of opening locked gates. Pursuant to Pacific Gas and Electric Company Tariff Electric Rule 16 ("**Rule 16**"), PG&E shall "at all times have the right to enter and leave Applicant's Premises for any purpose connected with the furnishing of electric service (meter reading, inspection, testing, routine repairs, replacement, maintenance, vegetation management, emergency work, etc.) and the exercise of any and all rights secured to it by law, or under PG&E's tariff schedules." Accordingly, the Rule 16 Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

f. Rule 2 Claims. Pacific Gas and Electric Company Tariff Electric Rule 2 ("**Rule 2**") sets forth the general contours of the voltage provided to consumers. Rule 2(C)(1)(b) provides that voltage may be outside the limits specified when the variations (i) arise from the temporary action of the elements; (ii) are infrequent momentary fluctuations of a short duration; (iii) arise from service interruptions; (iv) arise from temporary separation of parts of the system from the main system; or (v) are from causes beyond the control of the Utility. Rule 2(E) states that customers are responsible for furnishing, installing, inspecting, and keeping in good and safe condition, at their own risk and expense,

all protective devices required to protect customers' property.  Rule 2(E) further provides that "PG&E shall not be responsible for any loss or damage occasioned or caused by the negligence, or wrongful act of the applicant or of any of his agents, employees or licensees in omitting, installing, maintaining, using, operating or interfering with any such protective devices."  Certain of the Proof of Claim assert amounts for damages caused to electronics, appliances, pumps, and HVAC, which under Rule 2, the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

g. <u>Statute of Limitations Passed</u>.  Certain of the Proofs of Claim assert Claims for which California's three-year statute of limitations with respect to property damage (*see* Cal. Code Civ. P. § 338(c)(1)) expired before the Petition Date.  Accordingly, the Debtors are not liable for such Claims and the corresponding Proofs of Claim should be disallowed and expunged.

5. If not disallowed and expunged, the No Liability / Passthrough Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.  Executed this fifth day of November , 2020, in San Ramon, California.

*/s/ Renee Records*
Renee Records