| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors and Reorganized Debtors* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY / PASSTHROUGH CLAIMS)**<br><br>**Response Deadline:**<br>**December 1, 2020, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  December 15, 2020<br>Time:  10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>         United States Bankruptcy Court<br>         Courtroom 17, 16th Floor<br>         San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this forty-fourth omnibus objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

### I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III. RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and/or expunging Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Liability / Passthrough Claims**"). After reviewing their books and

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

records and the limited information submitted with the Proofs of Claim, the Reorganized Debtors have determined that each of the No Liability / Passthrough Claims either (i) asserts a Claim seeking payment of amounts for which the Reorganized Debtors are not liable and/or the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims, or (ii) seeks payment of amounts that arose after the Petition Date that are not due and payable and, to the extent allowed, will be paid in the ordinary course in accordance with Section 2.1 of the Plan.

The No Liability / Passthrough Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Disallowed and Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability / Passthrough Claims are classified as one of the following:

(1) <u>Damage Not Caused by PG&E</u>. These are Proofs of Claim where the Reorganized Debtors, after reviewing their books and records and any information submitted in connection with the Proofs of Claim, have determined that the harm or damage described in the Proof of Claim was not caused by the Debtors. Accordingly, the Reorganized Debtors have determined they are not liable for these amounts and the corresponding Proofs of Claim should be expunged.

(2) <u>No Liability Claims</u>. These Proofs of Claims provide no supporting documentation to enable the Reorganized Debtors to understand the purported basis for liability and, after reviewing their books and records, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims. In all cases, the Reorganized Debtors' Third-Party Claims Team contacted the Claimant either by telephone or in writing for more information, and did not receive a response.

(3) <u>Post-Petition Claims</u>. These Proofs of Claim assert Claims for amounts that arose after the Petition Date and, thus, do not represent prepetition liabilities of the Debtors subject to payment through the chapter 11 claims process. Pursuant to Section 2.1 of the Plan, any Allowed Administrative Expense Claim that is not due and payable prior to the Effective Date, shall be paid by the Debtors or the Reorganized Debtors, as applicable, in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities. Accordingly, there is nothing for this Court to resolve with respect to any such Claims and any Proofs of Claim filed on account of

such Claims should be expunged and the surviving claims may be asserted and resolved in the ordinary course of business.

        (4)      <u>Rule 14 Claims</u>. Certain of the Proofs of Claim assert amounts for food losses, business losses, or wage losses. Pursuant to Pacific Gas and Electric Company Tariff Electric Rule 14 ("**Rule 14**"), approved by the California Public Utilities Commission, PG&E is required to exercise "reasonable diligence and care to furnish and deliver a continuous and sufficient supply of electric energy to the customer, but does not guarantee continuity or sufficiency of supply." Rule 14 goes on to provide that "PG&E will not be liable for interruption or shortage or insufficiency of supply, or any loss or damage of any kind of character occasioned thereby, if same is caused by inevitable accident, act of God, fire, strikes, riots, war, or any other cause except that arising from its failure to exercise reasonable diligence." Accordingly, the Rule 14 Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

        A significant subset of the Rule 14 Claims assert Claims for food losses, business losses, or wage losses arising out of or relating to the Public Safety Power Shutoff ("**PSPS**") program, which aims to reduce wildfire risks. The PSPS program, which began in 2018, involves proactive power shutoffs during extreme weather events (*e.g.*, strong winds, very low humidity levels, critically dry vegetation, and other on-the-ground, real-time observations from field crews). In preparation for this safety measure, the Utility contacts customers directly and provides early warning notification, when and where possible, via automated calls, texts and emails. Under Rule 14, the Debtors are not liable for any losses arising out of PSPS-related outages. Accordingly, the PSPS Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

        The CPUC requires that all Claims be treated equally. Accordingly, the Reorganized Debtors are not permitted to pay any Rule 14 Claims without being required to pay *all* Rule 14 Claims. The same is true for the Rule 16 Claims and Rule 2 Claims described below.

        (5)      <u>Rule 16 Claims</u>. Certain of the Proofs of Claim assert amounts for removal/trimming of trees, overgrown vegetation impeding access to the Debtors' facilities, and/or the consequences of opening locked gates. Pursuant to Pacific Gas and Electric Company Tariff Electric Rule 16 ("**Rule 16**"), PG&E shall "at all times have the right to enter and leave Applicant's Premises for any purpose

connected with the furnishing of electric service (meter reading, inspection, testing, routine repairs, replacement, maintenance, vegetation management, emergency work, etc.) and the exercise of any and all rights secured to it by law, or under PG&E's tariff schedules." Accordingly, the Rule 16 Claims assert amounts for which the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

(6) <u>Rule 2 Claims</u>. Pacific Gas and Electric Company Tariff Electric Rule 2 ("**Rule 2**") sets forth the general contours of the voltage provided to consumers. Rule 2(C)(1)(b) provides that voltage may be outside the limits specified when the variations (i) arise from the temporary action of the elements; (ii) are infrequent momentary fluctuations of a short duration; (iii) arise from service interruptions; (iv) arise from temporary separation of parts of the system from the main system; or (v) are from causes beyond the control of the Utility. Rule 2(E) states that customers are responsible for furnishing, installing, inspecting, and keeping in good and safe condition, at their own risk and expense, all protective devices required to protect customers' property. Rule 2(E) further provides that "PG&E shall not be responsible for any loss or damage occasioned or caused by the negligence, or wrongful act of the applicant or of any of his agents, employees or licensees in omitting, installing, maintaining, using, operating or interfering with any such protective devices." Certain of the Proof of Claim assert amounts for damages caused to electronics, appliances, pumps, and HVAC, which under Rule 2, the Debtors are not liable and the corresponding Proofs of Claim should be disallowed and expunged.

(7) <u>Statute of Limitations Passed</u>. Certain of the Proofs of Claim assert Claims for which California's three-year statute of limitations with respect to property damage (*see* Cal. Code Civ. P. § 338(c)(1)) expired before the Petition Date. Accordingly, the Debtors are not liable for such Claims and the corresponding Proofs of Claim should be disallowed and expunged.

IV. **ARGUMENT**

    A. **The No Liability / Passthrough Claims Should be Disallowed and Expunged**

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). The Reorganized Debtors and their professionals have reviewed each of the No Liability / Passthrough

Claims identified on **Exhibit 1** and have determined that each such Claim either (i) asserts a Claim seeking payment of amounts for which the Reorganized Debtors are not liable and/or the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims, or (ii) seeks payment of amounts that arose after the Petition Date that are not due and payable and, to the extent allowed, will be paid in the ordinary course in accordance with Section 2.1 of the Plan. If not disallowed and expunged, No Liability / Passthrough Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled. Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the No Liability / Passthrough Claims.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity*

---

[2] Under Section 7.1 of the Plan, the Reorganized Debtors have until 180 days after the Plan's Effective Date to bring objections to Claims, which deadline may be extended by the Court. On October 27, 2020, the Reorganized Debtors filed the *Motion for Entry of an Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9355], which seeks to extend this deadline 180 days, through and including June 26, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof.

*Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the No Liability / Passthrough Claims do not represent a current right to payment and, therefore, should be disallowed and expunged in their entirety.[3] If any Claimant believes that a No Liability / Passthrough Claim is valid or otherwise represents a current right to payment, it must present affirmative evidence demonstrating the validity of that Claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the No Liability / Passthrough Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Liability / Passthrough Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

---

[3] As noted above, Claims objected to on the basis that they arose after the Petition Date will be expunged from the claims register but not disallowed; such Claims may still be asserted and, if valid, will be satisfied in the ordinary course of business pursuant to Section 2.1 of the Plan.

1     WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: November 5, 2020

**KELLER BENVENUTTI KIM LLP**

By:  */s/ Peter J. Benvenutti*
        Peter J. Benvenutti

*Attorneys for Debtors and Reorganized Debtors*