BROWN RUDNICK LLP
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:   (212) 209-4800
Facsimile:   (212) 209-4801

Attorneys for the Fire Victim Trustee

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 3:19-bk-030088 DM |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | MOTION FOR PARTIAL WITHDRAWAL OF THE BANKRUPTCY REFERENCE FOR THE LIMITED PURPOSE OF APPOINTING THE HON. ELLEN SICKLES JAMES (RET.) AS SPECIAL MASTER PURSUANT TO FED. R. CIV. PROC. 53 |
| ☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors**<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Date: TBD<br>Time: TBD<br>Ctrm: TBD<br>Place: TBD<br>Judge: TBD |

  The Honorable John K. Trotter (Ret.), in his official capacity as trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Fire Victim Trust**" or the "**Trust**"), by and through his attorneys, Brown Rudnick LLP, hereby moves the Court pursuant to 28 U.S.C. § 157(d) to

partially withdraw the reference to the bankruptcy court[1] for the limited purpose of appointing the Hon. Ellen Sickles James (Ret.) pursuant to Fed. R. Civ. Proc. 53 as Special Master to oversee the discharge of the special duty owed by the Court to minors and persons with a disability for the protection of money to be paid to such persons as distributions from the Fire Victim Trust.

**INTRODUCTION**

1. The Fire Victim Trust was created to implement certain of the terms of the *Joint Chapter 11 Plan of Reorganization dated June 19, 2020* (together with all exhibits and schedules thereto, the "**Plan**"), confirmed by an order entered on June 20, 2020 [Bankr. Docket No. 8053] (the "**Confirmation Order**") by the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") in the chapter 11 cases of PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**") (collectively, the "**Debtors**"), jointly administered under Case No. 19-30088 (the "**Chapter 11 Cases**").

2. The Trustee was appointed in the Chapter 11 Cases by order of the Bankruptcy Court entered April 14, 2020 [Bankr. Docket No. 6760] and has been serving as the Trustee[2] pursuant to the Confirmation Order since the Trust became effective on July 1, 2020.

3. The Fire Victim Trust Agreement, dated as of July 1, 2020, (the "**Trust Agreement**") provides for the Trust to evaluate claims for damages brought by victims of the wildfires identified in the Trust Agreement and, to the extent either approved and liquidated pursuant to the Fire Victim Claims Resolution Procedures set forth in the Trust Agreement (the "**CRP**") or Approved, to satisfy and pay claims from assets provided by the Debtors pursuant to the Plan.

---

[1] The United States District Court for the Northern District of California referred the Chapter 11 Cases to the Bankruptcy Court pursuant to General Order No. 24, *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges and Authorizing Bankruptcy Appeals to be Decided by the Ninth Circuit Bankruptcy Appellate Panel.*

[2] The Trustee is one of two trustees of the Fire Victim Trust and the sole trustee with authority to participate in proceedings on behalf of the Trust. Trust Agreement, at §2.1(e)(xi). The other trustee is Wilmington Trust, N.A., appointed for the limited purpose of fulfilling the requirements of Section 3807(a) of the Delaware Statutory Trust Act (12 Del. Code § 3801 *et seq.*) and for taking such actions as are required to be taken by a Delaware trustee thereunder.

4. The Trustee acts as the fiduciary to the Trust in accordance with the provisions of the Trust Agreement. Trust Agreement, § 2.1. The Trustee is assisted in the discharge of his duties by the Claims Administrator, who, pursuant to the Trust Agreement, is given reasonable discretion in the means and methods in carrying out the duty of resolving fire victim claims consistently with the Plan, the Trust Agreement and the CRP. Cathy Yanni has been appointed and is serving as the Claims Administrator of the Trust (the "**Claims Administrator**").

5. In accordance with the Plan and the Trust Agreement, the Trustee is authorized under the CRP to determine the eligibility of claims for payment and the amount awarded for any approved claim. Plan, § 4.26. ("Each holder of a Fire Victim Claim shall receive payment as determined in accordance with the Fire Victim Claims Resolution Procedures."); Trust Agreement, § 2.4(b) ("In furtherance of, and consistent with, the purpose of the Trust Documents, the Plan and the Confirmation Order, the Claims Administrator, in conjunction with the Trustee, shall have the power and authority to determine the eligibility, amount, and allowance of Fire Victim Claims, at all times subject to the CRP (as may be amended, modified or supplemented."). After the exhaustion of the review processes contained in CRP, the determination of the amount payable from the Fire Victim Trust to any claimant is final. CRP, Article VIII; Trust Agreement § 2.4(d) ("The Claims Administrator's determination, as confirmed by the Trustee, of eligibility, amount, and allowance of each Fire Victim Claim shall be final and binding, and shall not be subject to any challenge or review of any kind, by any court or other person or entity, except as set forth in Section IX of the CRP.").[3]

6. The Trustee is advised by the Claims Administrator that over 9,000 of the Claimants with claims to be determined by the Trust have been or will be asserted by or on behalf of minors or adult persons with a disability ("**Protected Persons**"). District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are Protected Persons. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). To facilitate and enable the safeguarding of the interests of Protected Persons, the Trust

---

[3] Judicial review is available for a limited number of claims identified in the Confirmation Order at paragraph 18(k). See CRP, Article IX, A.

Agreement authorizes the Trustee to petition the District Court for the Northern District of California for the appointment of a special master (the "**Special Master**") to propose, implement and enforce measures and procedures necessary for the protection of the financial interests of Protected Persons in funds disbursed to satisfy their claims and otherwise to protect the interests of such persons consistent with Fed. R. Civ. Proc. 17(c), federal law, the Plan and the Trust Agreement.[4]

7. The Trustee proposes the appointment of the Hon. Ellen Sickles James (Ret.), as Special Master to undertake these duties and responsibilities. Judge James is eminently qualified to discharge the duties of this appointment. Her declaration in support of this motion is annexed hereto as Exhibit B.

## JURISDICTION

8. The Court has jurisdiction pursuant to 28 U.S. Code § 1334 over all civil proceedings arising under title 11 or arising in or related to cases under title 11.

9. Additionally, the Trust Agreement identifies the Court as having concurrent jurisdiction with the Bankruptcy Court over certain Trust matters relating to claims involving personal injury and wrongful death. Trust Agreement, § 1.6.

## RELIEF SOUGHT

10. The Trustee hereby seeks the appointment, subject to her qualification, of the Hon. Ellen Sickles James (Ret.) as Special Master pursuant to Fed. R. Civ. Proc. 53, to have the duties and authority conferred on the Special Master pursuant to an Order for Appointment as Special Master, a proposed form of which annexed hereto as Exhibit A.

11. Due to the exclusive authority of the district court to appoint a Special Master pursuant to Rule 53, the Trustee hereby seeks the partial withdrawal of the reference pursuant to 28 U.S. Code § 157(d) for the limited purpose of appointing the Special Master.

---

[4] The Trustee is in the process of amending the Trust Agreement in accordance with the terms thereof and in consultation with the Trust Advisory Committee.

12. Under Rule 53(a)(1)(C), the district court may appoint a special master to "address post-trial matters that cannot be effectively and timely addressed by a judge of the court." Fed. R. Civ. Proc. 53(a).

**BACKGROUND**

A. <u>The Claims Resolution Process</u>.

13. Pursuant to the Plan, certain pre-petition claims against the Debtors, including claims for personal injury, wrongful death and property damage, ("**Fire Victim Claims**") were deemed satisfied, settled, released and discharged through the funding by the Debtors of the Trust. Plan, §4.26 ("Funding of the Fire Victim Trust as provided [in the Plan] shall be in restitution and full and final satisfaction, release, and discharge of all Fire Victim Claims.").

14. The Fire Victim Trust Agreement authorizes the determination of eligibility for, and the amount of compensation to be paid to, the holders of timely filed Fire Victim Claims (respectively, "**Claimants**" and "**Claims**") in an equitable manner and on a *pro rata* basis "consistent with the terms of the Trust Documents, the Plan, the Confirmation Order and California and federal law." Trust Agreement, Preamble.

15. The implementation and administration of the CRP is discharged under the Trust Agreement by the Claims Administrator in consultation with the Trustee, the Claims Processor, Neutrals, and Trust Professionals with the goal of securing the just, speedy, and cost-efficient determination of every Claim. Those entrusted with the consideration and determination of Claims are required to treat all Claimants with abiding respect and to strive to balance the prudent stewardship of the Trust with care in its administration, allocation, and distribution.

16. The procedures established pursuant to the Trust Agreement for the determination of the amount to be paid in satisfaction of claims are set forth in the CRP, which is incorporated into and comprises part of the Trust Agreement. The CRP applies to all Claims, other than claims liquidated pursuant to a settlement approved by the bankruptcy court or a claim subject to a final judicial determination.

17. The CRP governs the process by which each Claim is reviewed, including determining whether a Claim is eligible or ineligible for payment and, if eligible, the amount

approved for payment (the "**Claims Determination Amount**"). Principles underlying the review process include the objective of consistent outcomes regardless of the asserted amount of the Fire Victim Claim and the independence of the Trustee, Claims Administrator and other persons that under the Trust Agreement participate in the CRP. *See* Trust Agreement, Preamble.

18. After the Trust has fully evaluated a Claim, the Claims Processor will issue a notice to the Claimant explaining the result of the review (the "**Claims Determination**"). If the Claimant accepts the Claims Determination, it becomes the final determination of the Claim (the "**Final Determination**"). CRP, § VII.A.

19. The CRP includes dispute resolution procedures. If Claimants are dissatisfied with a Claims Determination, they may seek reconsideration by the Claim Administrator and the Claim Processor who may, following reconsideration, modify the Claim Determination. If accepted by a Claimant, a determination pursuant to reconsideration (a "**Reconsideration Determination**") will become a Final Determination. CRP, § VIII.A.

20. If dissatisfied with a Reconsideration Determination, the Claimant may follow the CRP appeal process. Pursuant to the CRP process, the Claim will be considered *de novo* by a neutral selected in accordance with the CRP, who shall issue a determination (the "**Appeals Determination**"). CRP, § VIII.B.7. The Trustee is authorized to accept, revise or reject any Appeals Determination (the "**Trustee Determination**"). *Id.* Unless a Claimant is eligible to seek a judicial review of the Trustee Determination and acts to do so within a prescribed period, the Trustee Determination is a Final Determination. *Id.*

21. A Final Determination is final and binding and is not subject to challenge or review of any kind by any court or other person or entity except as set forth in Section IX of the CRP. Trust Agreement, §2.4(d).

22. The Claims Administrator and the Claims Processor have estimated that over 9,000 Fire Victim Claims have been or will be asserted on behalf of Protected Persons. While the vast majority of these claims have been or will be submitted through attorneys, claims on behalf of some minors have been or will be submitted *pro se*.

23. The Trust Agreement provides that distributions in satisfaction of approved Fire Victim Claims ("**Approved Claims**") are to be made (a) if the beneficial owner of an Approved Claim (the "**Beneficial Owner**") is represented by counsel, to such counsel, or, (b) if the Beneficial Owner is not represented, directly to the Beneficial Owner. *Id.,* § 4.3.

24. Any and all distributions of Trust Assets are required by the Trust Agreement to be made in compliance with applicable laws. Trust Agreement, § 8.15. Distributions shall be made only after the Trustee has determined that all obligations of the Trust with respect to each such Approved Claim have been satisfied. *Id.,* § 4.2 (a).

B. <u>Federal and State Law Principles Concerning Litigation Proceeds to Protected Persons</u>.

25. California state law imposes restrictions on the disbursement and investment of money or other property paid pursuant to a settlement or judgment for the benefit of a Protected Person. Probate Code. Cal. Prob. Code § 3600 (West). In all cases over which the state court has jurisdiction, an order approving the settlement or issuing a judgment is required to set forth the expenses, costs and attorneys' fees, if any, that can be paid from the money or other property paid to satisfy the settlement or judgment. Cal. Prob. Code § 3601 (West); Cal. Rule of Ct. 7.955.5 (setting the standard for allowance of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability). Under state law, in instances where a contingency fee has been proposed, a showing of good cause may be required to award more than 25% of any recovery for the benefit of a minor. <u>Schwall v. Meadow Wood Apts</u>., No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (*citing, inter alia,* a "leading California practice guide," internal quotation marks omitted). *See also* <u>Napier v. San Diego</u>, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. No. 28, 2017) ("Generally, fees in minors' cases have historically been limited to 25% of the gross recovery").

26. Subject to certain exceptions, California state law requires the remaining balance of the money and other property to which the Protected Person has become entitled to either be placed in an insured account or an annuity and to be subject to withdrawal only upon

1  authorization of the court. Cal. Prob. Code § 3611 (West). However, if a guardianship or conservatorship is already in existence, the remaining balance can be paid or delivered to the guardian or conservator of the estate. Cal. Prob. Code § 3602 (West).

27. A federal district court exercising jurisdiction over a civil proceeding involving a minor's claim has a duty to safeguard the interests of the minor litigant in the proceeds of litigation on their behalf. Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a *guardian ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). The typical practice in the district courts in this Circuit has been to apply state law and local rules governing the award of attorney's fees in cases involving minors. *Id.* In Robidoux, however, the Court instructed that the district court may apply federal standards in a case within its jurisdiction.

28. Unlike some of its sister district courts, the local rules of this district do not include specific provisions governing the disbursement of the proceeds of litigation of minor's claims. *See* S.D.Cal. L.R. 17.1 (incorporating by reference the provisions of California Probate Code Section 3600, et seq.). However, the Court of Appeals made plain that even in the absence of a specific rule of procedure, the district court has a duty to protect the interests of minors in the proceeds of litigation on their behalf. Robidoux, 638 F.3d at 1181.

29. The CRP provides that "any award of attorneys' fees with respect to a Claim shall be determined in accordance with the laws of the State of California." CRP, § XI.A. However, neither the Trust Agreement nor CRP specifically authorizes the Trustee to approve or restrict the payment of attorneys' fees from Claims Determination Amounts, nor does either expressly authorize the Trustee to direct the manner in which Claims Determination Amounts payable to minors must be invested or whether and how Claims Determination Amounts distributed for the benefit of a Protected Person must be protected from unauthorized use. For example, with regard to the handling of Claims Determination amount distribution, the Trust Agreement provides only that any Claimant who was represented by an attorney at the time must agree to receive their award through their attorney or provide evidence that no attorneys' lien or potential attorney's

lien is asserted or assertible. CRP, § XI.B. Furthermore, if there is an attorney's lien asserted or assertible, the Trust may be required to hold back any disputed portion of the Claims Determination Amount until the dispute is resolved. *Id.*

30. The Trustee has accordingly identified the need for a means to implement measures, consistent with state and federal law, for the protection of Protected Persons' interests in Claims Determination Amounts. In view of the numerosity of Claims that have been asserted on behalf of Protected Persons, the Trustee believes that the interests of efficiency and the convenience of the Court will be served by the appointment of a Special Master authorized to discharge the following duties and issue the following orders, all such authority to be exercised consistent with Rule 53:

(a) To assess whether, in advance or and in conjunction with the CRP process, a *guardian ad litem* must be appointed for a Protected Person on whose behalf a Claim has been submitted in order to make decisions regarding participation in the dispute resolution process and to oversee such appointment as necessary;

(b) For any Protected Person entitled to payment of a Claims Determination Amount and represented by an attorney, to obtain disclosure of the following matters: by whom and the terms under which the attorney was employed; whether the attorney has received or expects to receive any compensation, from whom, and the amount;

(c) To propose, or review the measures proposed by a *guardian ad litem*, guardian or other authorized representative of the Protected Person for the protection of a Protected Person's interests in a Claims Determination Amount, such as the creation and maintenance of a blocked account;

(d) To determine whether proposed measures to protect a Protected Person's interests in Claims Determination Amount are at least as protective as measures used by California state courts for such purposes and are otherwise consistent with federal and law and, on such basis, to issue orders approving such measures;

(e) To issue orders determining the reasonableness of attorneys' fees and allowing or restricting the payment of attorneys' fees and other costs and expenses from any Claims Determination Amount;

(f) To propose procedures for obtaining authorization of future disbursements from any account established for a Protected Person and to recommend the adoption of such procedures to the Claims Administrator;

(g) To make findings and recommendations for measures to protect the interests of Protected Persons who are Beneficial Owners of Claims and to report such findings to the Claims Administrator and the Trustee, including, in the interests of efficiency, omnibus measures to be generally applicable to disbursements to or on behalf of Protected Persons;

(h) To oversee the implementation of any measures approved by the Court for the protection of Protected Persons and to issue orders enforcing such protective measures; and

(i) To make periodic reports to the Claims Administrator and the Trustee setting forth the findings and recommendations referred to hereinabove and concerning such other matters as the Court or the Trustee shall request.

31. The Trustee requests that the appointment of the Special Master continue until the Trustee notifies the Court that all Claims duly filed with the Trust on behalf of Protected Person have been liquidated, approved or disallowed, accepted, and paid to the extent possible based upon funds available through the Plan and as provided in the Trust Agreement; provided however, that the Trustee may seek the appointment to continue to the extent the procedures adopted for the protection of Protected Persons shall require the continued oversight of the Special Master.

32. The Trustee proposes that the Special Master shall be compensated at an hourly rate of $1,100, which compensation shall be paid from assets of the Trust.

**CONCLUSION**

It is hereby respectfully requested that the Court appoint the Special Master pursuant to an Order in the form annexed hereto.

DATED: November 6, 2020

BROWN RUDNICK LLP

/s/ Joel S. Miliband
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

and

BROWN RUDNICK LLP
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Attorneys for the Fire Victim Trustee

EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ **Affects PG&E Corporation**<br>☐ **Affects Pacific Gas and Electric Company**<br>☒ **Affects both Debtors** | Bankruptcy Case No. 3:19-bk-030088 DM<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**[PROPOSED] ORDER FOR APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. PROC. 53** |

*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

## APPOINTMENT OF SPECIAL MASTER

1. Upon consideration of the motion of the Trustee of the PG&E Fire Victim Trust (the "**Fire Victim Trust**") for withdrawal of the reference and to appoint a Special Master, the motion is hereby granted to the extent herein provided.[1]

2. The reference to the bankruptcy court is withdrawn pursuant to 28 U.S.C. § 157(d) solely for the purpose of the Trustee's motion for the appointment of a Special Master.

---

[1] Capitalized terms used but not herein defined shall have the meanings ascribed to them in the PG&E Fire Victim Trust Agreement.

3. The Court deems it necessary and desirable to appoint the Hon. Ellen Sickles James (Ret.) as Special Master in this matter.

4. The Special Master's appointment will become effective upon her filing an affidavit disclosing that there is no ground for disqualification under 28 U.S.C.§ 455. *See* Fed. R. Civ. P. 53(a)(2) & (b)(3).

5. Unless her service is earlier terminated by the Court, the Special Master shall serve until the Trustee notifies the Court that all Fire Victim Claims duly filed with the Trust on behalf of Protected Person have been liquidated, approved or disallowed, accepted, and paid to the extent possible based upon Trust assets available through the Plan and as provided in this Trust Agreement; provided, however, the Trustee may seek the appointment to continue for a longer period for good cause shown.

6. The Special Master shall proceed with all reasonable diligence to perform her duties. *See* Fed. R. Civ. P. 53(b)(2).

7. Specifically, the Trustee requests the Court to appoint the Special Master to perform the following duties:

    (a) To assess whether, in advance or and in conjunction with the CRP process, a *guardian ad litem* must be appointed for a Protected Person on whose behalf a Fire Victim Claim has been submitted in order to make decisions regarding participation in the dispute resolution process and to oversee such appointment as necessary;

    (b) For any Protected Person entitled payment of a Claim Determination Amount who represented by an attorney, to obtain disclosure of the following matters: by whom and the terms under which the attorney was employed; whether the attorney has received or expects to receive any compensation, from whom, and the amount;

    (c) To propose, or review the measures proposed by a *guardian ad litem*, guardian or other authorized representative of the Protected Person for the protection of a

Protected Person's interests in a Claim Determination Amount, such as the creation and maintenance of a blocked account;

(d) To determine whether proposed measures to protect a Protected Person's interests in Claim Determination Amount are at least as protective as measures used by California state courts for such purposes and are otherwise consistent with federal and law and, on such basis, to issue orders approving such measures.

(e) To issue orders determining the reasonableness of attorneys' fees and allowing or restricting the payment of attorneys' fees and other costs and expenses from any Claims Determination Amount;

(f) To propose procedures for obtaining authorization of disbursements from any account established for a Protected Person and to recommend the adoption of such procedures to the Claims Administrator;

(g) To make findings and recommendations for measures to protect the interests of Protected Persons who are Beneficial Owner of Claims and to report such findings to the Claims Administrator and the Trustee, including, in the interests of efficiency, omnibus measures to be generally applicable to disbursements to or on behalf of Protected Persons;

(h) To oversee the implementation of any measures approved by the Court for the protection of Protected Persons and to issue orders enforcing such protective measures; and

(i) To make periodic reports to the Claims Administrator and the Trustee setting forth the findings and recommendations referred to hereinabove and concerning such other matters as the Court or the Trustee shall request.

8. The Special Master shall have the authority to take appropriate measures in compliance with the terms of the Plan, Confirmation Order, Trust Documents and applicable law to perform her/his duties fairly and efficiently, to regulate all proceedings before her and to issue orders necessary to discharge the duties and responsibilities conferred on her. *See* Fed. R. Civ. P. 53(c)(1).

1. The Special Master may communicate *ex parte* with the Court, Trustee, and Claims Administrator.

9. All orders of the Special Master are final and binding.

10. The Special Master shall be compensated at an hourly rate of $1,100, which compensation shall be paid from assets of the Trust.

**END OF ORDER**