| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>Aram Boghosian<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Class*<br><br>**MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Nicole Fulfree<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF SECURITIES LEAD PLAINTIFF PURSUANT TO B.L.R. 9006-1 TO EXTEND TIME TO FILE REPLY TO REORGANIZED DEBTORS' OBJECTION [DKT NO. 9375] AND BAUPOST GROUP SECURITIES, L.L.C.'S OBJECTION [DKT NO. 9374] TO SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 AND CERTIFY A LIMITED CLASS [DKT NO. 9152]**<br><br>Related Document: Dkt Nos. 9152, 9375<br><br>[No hearing requested] |

Securities Lead Plaintiff,[1] on behalf of itself and the Class, hereby submits this Motion (the "**Motion to Extend Time**"), pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, for entry of an order briefly

---

[1] Capitalized terms used but not defined herein have the meanings given in *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt No. 9152].

extending the time for Securities Lead Plaintiff to file a reply to the Reorganized Debtors' Objection [Dkt No. 9375] (the "**Reorganized Debtors' Objection**") and Baupost Group Securities, L.L.C.'s ("**Baupost**") Objection [Dkt No. 9374] (the "**Baupost Objection**") to Securities Lead Plaintiff's Motion to Apply Rule 7023 and Certify a Limited Class (the "**Rule 7023 Motion**") [Dkt No. 9152]. Securities Lead Plaintiff requests that the deadline for its reply be extended by one and one-half days, from November 9, 2020 to November 11, 2020 at noon, Pacific Time. The Rule 7023 Motion is currently set for hearing on November 17, 2020 at 11:00 a.m. Securities Lead Plaintiff does not seek to change that hearing date.

Securities Lead Plaintiff sought the Reorganized Debtors' consent to the extension sought in this Motion to Extend Time, and Reorganized Debtors indicated that because the current reply deadline was set by Court Order, they were not in a position to agree to change it and were taking no position on whether the deadline should be moved.

In support of this Motion to Extend Time, Securities Lead Plaintiff submits the Declaration of Michael S. Etkin (the "**Etkin Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein will be uploaded contemporaneously herewith.

**JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

On September 1, 2020, the Reorganized Debtors filed a Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, proposing an alternative dispute resolution procedure to resolve thousands of subrogated securities claims (the "**Reorganized Debtors' ADR Motion**") [Dkt No. 8964]. On September 14, 2020, the Court extended the deadline to file objections to the Reorganized Debtors' ADR Motion from September 15, 2020 to October 5, 2020, set an October 23, 2020 reply deadline and adjourned the hearing on the Reorganized Debtors' ADR Motion to October 28, 2020. *See* Order Granting Stipulation

Continuing Hearing on the Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claim and Other Scheduling Matters [Dkt No. 9036].

On September 28, 2020, Securities Lead Plaintiff filed the Rule 7023 Motion [Dkt No. 9152], which proposes an alternative collective process to deal with the same securities claims that are the subject of the Reorganized Debtors' ADR Motion. Specifically, the Rule 7023 Motion seeks entry of an order applying Bankruptcy Rule 7023 and certifying a limited class of the securities claims. When it was filed, the Rule 7023 Motion was set for hearing on October 28, 2020, with oppositions due on October 14, 2020.

On October 5, 2020, Securities Lead Plaintiff filed its Objection to Reorganized Debtors' ADR Motion [Dkt No. 9189]. At least thirty-nine (39) joinders in Securities Lead Plaintiff's Objection were filed between October 5, 2020 and October 7, 2020 [Dkt Nos. 9191-9196, 9198-9201, 9207-9211, 9213-9214, 9216, 9218-9220, 9225-9230, 9233-9244].

On October 7, 2020, the Reorganized Debtors filed a letter with the Court regarding the briefing and hearing schedule for the Rule 7023 Motion [Dkt No. 9245]. On October 15, 2020, after a hearing, the Court entered a Docket Text Order (the "**October 15 Order**") recognizing that the Reorganized Debtors' ADR Motion and the Rule 7023 Motion are alternative ways of dealing with the same several thousand securities claims. The Court accordingly set a coordinated briefing and hearing schedule for the two motions. Pursuant to the October 15 Order: (a) the Reorganized Debtors' Reply in support of their ADR Motion as well as their Opposition to the Rule 7023 Motion were due on October 29, 2020; (b) Securities Lead Plaintiff's reply to the Reorganized Debtor's Opposition to the Rule 7023 Motion is due on November 9, 2020; and (c) the hearing on both motions is set for November 17, 2020 at 11:00 a.m.

Pursuant to the October 15 Order, the Reorganized Debtors filed their Reply in support of the Reorganized Debtors' ADR Motion, with one supporting declaration, as well as their Objection to Securities Lead Plaintiff's Rule 7023 Motion (the "**Reorganized Debtors' Objection**"), with three supporting declarations, on October 29, 2020 [Dkt Nos. 9375-9379, 9381] — twenty-four (24) days after Securities Lead Plaintiff's Objection to the Reorganized Debtors' ADR Motion and

thirty-one (31) days after the Rule 7023 Motion was filed. On October 29, 2020, Baupost filed its objection to the Rule 7023 Motion [Dkt No. 9374].

With a November 9, 2020 due date, Securities Lead Plaintiff will have had only eleven (11) days to reply to the Reorganized Debtors' Objection and Baupost's Objection to the Rule 7023 Motion. Securities Lead Plaintiff needs just one and one-half additional days.

On November 5, 2020, Securities Lead Plaintiff asked the Reorganized Debtors to agree to the requested one and one-half day extension of Securities Lead Plaintiff's reply deadline. The Reorganized Debtors' indicated that because the briefing schedule was reflected in an Order of the Court, they were not in a position to agree to change it and thus were not taking a position on whether Securities Lead Plaintiffs' reply deadline should be moved. *See* accompanying Etkin Decl., ¶ 10 & Ex. A. Securities Lead Plaintiff thus seeks relief from the Court.

## A ONE AND ONE-HALF DAY EXTENSION OF THE REPLY DEADLINE IS WARRANTED

Absent a stipulation, under Bankruptcy Local Rule 9006-1(a), "approval of the Court is required to enlarge or shorten time to perform any act or to file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Rules." B.L.R. 9006-1(a); *see also* Fed. R. Bankr. P. 9006(b) ("[W]hen an act is required or allowed to be done at or within a specific period … by order of [the] court, the court for cause shown may at any time in its discretion … order the period enlarged …."). Good cause exists here to approve an extension of Securities Lead Plaintiff's reply deadline by one and one-half days, from November 9, 2020 to November 11, 2020 at noon, Pacific Time.

The importance and reach of the Rule 7023 Motion (and the competing proposal in Reorganized Debtors' ADR Motion) is significant: the two motions deal with the resolution of over 7,000 proofs of claim, 4,400 of which the Reorganized Debtors have admitted assert an aggregate value of over $6 billion. *See* Debtors' Status Letter [Dkt No. 7048] ("[A]s of April 26, 2020, the Debtors have received more than 4,400 Rescission or Damage Claims, with the aggregate asserted value of those claims exceeding $6 billion."); Rule 7023 Motion [Dkt No. 9152] at 10:9-16. The Reorganized Debtors' Objection to the Rule 7023 Motion [Dkt No. 9375] is over thirty

1  (30) pages long, raises a myriad of distinct and complex legal issues and is supported by three
2  separate declarations (including the declaration of the Reorganized Debtors' economist) [Dkt Nos.
3  9376, 9377, 9381]. Given the stakes, and the significance, importance and number of issues
4  presented, Securities Lead Plaintiff respectfully submits that extending its reply deadline by one
5  and one-half days is necessary, reasonable and appropriate.

  The briefing and hearing schedule on the Rule 7023 Motion was previously modified once by the Court in its October 15 Order, as discussed above. Securities Lead Plaintiff has made no previous request for a modification of the briefing or hearing schedule on the Rule 7023 Motion. As Securities Lead Plaintiff does not seek to change the hearing date set by the Court on the Rule 7023 Motion, the effect of the time modification requested here will have no effect on the schedule for the Rule 7023 Motion (or the case more generally), unless the Court determines an extension of the hearing date is appropriate.

## NOTICE

Notice of this Motion to Extend Time will be provided to all counsel and parties receiving electronic notice through the Court's electronic case filing system. Securities Lead Plaintiff respectfully submits that no further notice is required.

## CONCLUSION

For the foregoing reasons, Securities Lead Plaintiff respectfully requests that the grant this Motion to Extend Time.

Dated: November 6, 2020           Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By:  */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

- and -

**LABATON SUCHAROW LLP**

*Lead Counsel to Lead Plaintiff and the Class*

- and -

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

*Liaison Counsel for the Class*

- and -

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*