| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>Aram Boghosian<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Nicole Fulfree<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Bankruptcy Counsel to Lead Plaintiff and the Class* |

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>☒ Affects Both Debtors<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company | Case No. 19-30088 (DM) (Lead Case)<br>Chapter 11<br>(Jointly Administered)<br><br>**DECLARATION OF MICHAEL S. ETKIN IN SUPPORT OF *EX PARTE* MOTION OF SECURITIES LEAD PLAINTIFF PURSUANT TO B.L.R. 9006-1 TO EXTEND TIME TO FILE REPLY TO REORGANIZED DEBTORS' OBJECTION [DKT NO. 9375] AND BAUPOST GROUP SECURITIES, L.L.C'S OBJECTION [DKT NO. 9374] TO SECURITIES LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 AND CERTIFY A LIMITED CLASS [DKT NO. 9152]**<br><br>[No hearing requested] |

I, Michael S. Etkin, Esq., hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am a Partner of the law firm of Lowenstein Sandler LLP, bankruptcy counsel in these chapter 11 cases of the above-captioned debtors in possession (the "**Reorganized Debtors**") to

Public Employees Retirement Association of New Mexico, the court-appointed lead plaintiff ("**Securities Lead Plaintiff**") in the securities class action styled as *In re PG&E Corporation Securities Litigation,* Case No. 3:18-cv-03509-RS, pending in the United States District Court for the Northern District of California.

2. I submit this Declaration in support of the *Ex Parte Motion of Securities Lead Plaintiff Pursuant to B.L.R. 9006-1 to Extend Time to File Reply to Reorganized Debtors' Objection [Dkt No. 9375] and Baupost Group Securities, L.L.C.'s Objection [Dkt No. 9374] to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class [Dkt No. 9152]* (the "**Motion to Extend Time**"), filed contemporaneously herewith.[1] Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by Securities Lead Plaintiff, or based upon my knowledge and belief. I am authorized to submit this Declaration on behalf of Securities Lead Plaintiff.

3. In the Motion to Extend Time, Securities Lead Plaintiff requests entry of an order briefly extending the time for Securities Lead Plaintiff to file a reply to the Reorganized Debtors' Objection [Dkt No. 9375] and Baupost Group Securities, L.L.C.'s ("**Baupost**") Objection [Dkt No. 9374] to Securities Lead Plaintiff's Motion to Apply Rule 7023 and Certify a Limited Class (the "**Rule 7023 Motion**") [Dkt No. 9152]. Specifically, Securities Lead Plaintiff requests that the deadline for its reply be extended by one and one-half days, from November 9, 2020 to November 11, 2020 at noon, Pacific Time. The Rule 7023 Motion is currently set for hearing on November 17, 2020 at 11:00 a.m. Securities Lead Plaintiff does not seek to change that hearing date.

4. On September 1, 2020, the Reorganized Debtors filed a Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims, proposing an alternative dispute resolution procedure to resolve thousands of subrogated securities claims (the "**Reorganized Debtors' ADR Motion**") [Dkt No. 8964]. On September 14, 2020, the Court extended the deadline to file objections to the Reorganized Debtors' ADR Motion from September

---

[1] Capitalized terms used but not defined herein have the meanings given in *Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt No. 9152] or the Motion to Extend Time, as applicable.

15, 2020 to October 5, 2020, set an October 23, 2020 reply deadline and adjourned the hearing on the Reorganized Debtors' ADR Motion to October 28, 2020. *See* Order Granting Stipulation Continuing Hearing on the Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claim and Other Scheduling Matters [Dkt No. 9036].

5. On September 28, 2020, Securities Lead Plaintiff filed the Rule 7023 Motion [Dkt No. 9152], which proposes an alternative collective process to deal with the same securities claims that are the subject of the Reorganized Debtors' ADR Motion. Specifically, the Rule 7023 Motion seeks entry of an order applying Bankruptcy Rule 7023 and certifying a limited class of the securities claims. When it was filed, the Rule 7023 Motion was set for hearing on October 28, 2020, with oppositions due on October 14, 2020.

6. On October 5, 2020, Securities Lead Plaintiff filed its Objection to Reorganized Debtors' ADR Motion [Dkt No. 9189]. At least thirty-nine (39) joinders in Securities Lead Plaintiff's Objection were filed between October 5, 2020 and October 7, 2020 [Dkt Nos. 9191-9196, 9198-9201, 9207-9211, 9213-9214, 9216, 9218-9220, 9225-9230, 9233-9244].

7. On October 7, 2020, the Reorganized Debtors filed a letter with the Court regarding the briefing and hearing schedule for the Rule 7023 Motion [Dkt No. 9245]. On October 15, 2020, after a hearing, the Court entered a Docket Text Order (the "**October 15 Order**") recognizing that the Reorganized Debtors' ADR Motion and the Rule 7023 Motion are alternative ways of dealing with the same several thousand securities claims. The Court accordingly set a coordinated briefing and hearing schedule for the two motions. Pursuant to the October 15 Order: (a) the Reorganized Debtors' Reply in support of their ADR Motion as well as their Opposition to the Rule 7023 Motion were due on October 29, 2020; (b) Securities Lead Plaintiff's reply to the Reorganized Debtor's Opposition to the Rule 7023 Motion is due on November 9, 2020; and (c) the hearing on both motions is set for November 17, 2020 at 11:00 a.m.

8. The Reorganized Debtors filed their Reply in support of the Reorganized Debtors' ADR Motion, with one supporting declaration, as well as their Objection to the Rule 7023 Motion (the "**Reorganized Debtors' Objection**"), with three supporting declarations, on October 29,

2020 [Dkt Nos. 9375-9379, 9381] — twenty-four (24) days after Securities Lead Plaintiff's Objection to the ADR Motion and thirty-one (31) days after the Rule 7023 Motion was filed. On October 29, 2020, Baupost filed its objection to the Rule 7023 Motion (the "**Baupost Objection**") [Dkt. No. 9374].

9. With a November 9, 2020 due date, Securities Lead Plaintiff will have had only eleven (11) days to reply to the Reorganized Debtors' Objection and the Baupost Objection to the Rule 7023 Motion. Securities Lead Plaintiff needs just one and a half additional days.

10. On November 5, 2020, I emailed counsel for the Reorganized Debtors requesting that they agree to the requested one and one-half day extension of Securities Lead Plaintiff's reply deadline. The Reorganized Debtors' counsel indicated that because the briefing schedule was reflected in an Order of the Court, the Reorganized Debtors were not in a position to agree to change it and thus were not taking a position on whether Securities Lead Plaintiffs' reply deadline should be extended. Attached as **Exhibit A** hereto is a true and correct copy of my November 5, 2020 email exchange with Debtors' counsel.

11. The importance and reach of the Rule 7023 Motion (and the competing proposal in Reorganized Debtors' ADR Motion) are significant: the two motions deal with the resolution of over 7,000 proofs of claim, 4,400 of which the Reorganized Debtors have admitted assert an aggregate value of over $6 billion. *See* Debtors' Status Letter [Dkt No. 7048] ("[A]s of April 26, 2020, the Debtors have received more than 4,400 Rescission or Damage Claims, with the aggregate asserted value of those claims exceeding $6 billion."); Rule 7023 Motion [Dkt No. 9152] at 10:9-16. The Reorganized Debtors' Objection to the Rule 7023 Motion [Dkt No. 9375] is over thirty (30) pages long, raises a myriad of distinct and complex legal issues and is supported by three separate declarations (including the declaration of the Reorganized Debtors' economist) [Dkt Nos. 9376, 9377, 9381]. Given the stakes, and the significance, importance and number of issues presented, extending Securities Lead Plaintiff's reply deadline by one and one-half days is necessary, reasonable and appropriate.

12. The briefing and hearing schedule on the Rule 7023 Motion was previously modified once by the Court in its October 15 Order, as discussed above. Securities Lead Plaintiff

has made no previous request for a modification of the briefing or hearing schedule on the Rule 7023 Motion. As Securities Lead Plaintiff does not seek to change the hearing date set by the Court on the Rule 7023 Motion, the effect of the requested time modification will have no effect on the schedule for the Rule 7023 Motion (or the case more generally), unless the Court determines an extension of the hearing date is appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Roseland, New Jersey on November 6, 2020.

                                         */s/ Michael S. Etkin*
                                         Michael S. Etkin

# EXHIBIT A

| | |
|---|---|
| **From:** | Etkin, Michael S. |
| **Sent:** | Friday, November 6, 2020 4:35 PM |
| **To:** | Lawler, Elizabeth B. |
| **Cc:** | Maker, Colleen |
| **Subject:** | Fwd: 7023 Motion |

Sent from my iPhone

Begin forwarded message:

> **From:** "Etkin, Michael S." <metkin@lowenstein.com>
> **Date:** November 5, 2020 at 5:45:15 PM EST
> **To:** "Goren, Matthew" <matthew.goren@weil.com>
> **Cc:** "Slack, Richard" <richard.slack@weil.com>, "Kramer, Kevin" <Kevin.Kramer@weil.com>
> **Subject: Re: 7023 Motion**
>
> Matt -
>
> Given your email, we will advise the Court accordingly.
>
> On your other point, our 7023 motion was filed on September 28 and our objection to the procedures motion was filed on October 5, providing you with significantly more than 14 days to prepare your objection and reply.
>
> Sent from my iPad
>
>> On Nov 5, 2020, at 5:22 PM, Goren, Matthew <matthew.goren@weil.com> wrote:
>>
>> Mickey,
>>
>> Given that the Court set this schedule via its October 15 order, we don't believe the Reorganized Debtors are in a position to agree to change it, and therefore don't take a position on whether your deadline should be moved.
>>
>> We do note that the Court's order gave the Reorganized Debtors only 14 days from its issuance to both object to your 7023 motion and reply in support of our procedures motion, both of which were due on the same day. Meanwhile, PERA's current deadline allows it 11 days from our filings to file only your 7023 reply.
>>
>> **From:** Etkin, Michael S. <metkin@lowenstein.com>
>> **Sent:** Thursday, November 5, 2020 2:04 PM
>> **To:** Slack, Richard <richard.slack@weil.com>; Goren, Matthew

<matthew.goren@weil.com>
**Subject:** 7023 Motion

We have run into a couple of timing issues. Are you okay with extending our reply deadline to Wednesday at noon?

**Michael S. Etkin**
Partner
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, New Jersey 07068

**T:** 973.597.2312
**M:** 973.454.2283
**F:** 973.597.2313
New York: 212.262.6700

<image001.jpg>

<image002.jpg>

<image003.jpg>

<image004.jpg>

NEW YORK  PALO ALTO  ROSELAND
WASHINGTON, DC  UTAH

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.