WILCOXEN CALLAHAM, LLP
DREW M. WIDDERS, SBN 245439
2114 K Street
Sacramento, CA 95816
Telephone: (916) 442-2777
Facsimile: (916) 442-4118

Attorney for Claimants
Rebecca Cleary and S.F. a minor

# UNITED STATES BANKRUPTCY COURT

# NORTHER DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[] Affects PG&E Corporation<br>[] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All paper shall be filed in the Lead Case, No. 19-20088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO JOIN REAL PARTY IN INTEREST FOR CLAIM PREVIOUSLY FILED; OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date: 12/15/20<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Telephonic/Video Appearances Only<br>      United States Bankruptcy Court<br>      Courtroom 17,<br>      450 Golden Gate Ave., 16th Floor<br>      San Francisco, CA<br>Judge: Hon. Dennis Montali<br><br>Objection Deadline: December 8, 2020 |

## BACKGROUND

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion") Rebecca Cleary and S.F. (a minor child age 13) ("Movants") move to add S.F. as an additional claimant and family member of Rebecca Cleary, S.F.'s mother, to claim number 89917. Ms. Cleary previously filed Proof of Claim Number 89917, attached to the Declaration of Drew M. Widders as Exhibit 1. As a result of counsel's mistaken omission, S.F. was not included in Ms. Cleary's claim. They lived in the same household at the time of the fire and S.F. should have been included in the Proof of Claim. Alternatively, Movants seek an order expanding the time for them to file their Proof of Claim and allow Proof of Claim, Claim Number 105845, to be considered timely filed after the deadline on June 17, 2020. A copy of said amended Claim is attached to the Declaration of Drew M. Widders as Exhibit 2.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Drew M. Widders in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## BASIS FOR RELIEF REQUESTED

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Rebecca Cleary, whose minor daughter, S.F., was

erroneously not included as a claimant on Ms. Cleary's original claim form at the time Mr. Widders originally submitted the claim for damages and losses that resulted from the Camp Fire. Claimant's counsel sought to remedy this oversight through a request to the Fire Victim Trust to add the individual, but it appears that leave of the Court will be required and therefore it is respectfully requested the Court grant such relief.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of Movants and their counsel in failing to include S.F. as part of Mr. Cleary's original claim, it is respectfully requested the Court allow the addition S.F. to the original claim.

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the amended proof under Bankruptcy Rule 9006(b).

Application of the so-called Pioneer factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). In permitting a creditor's late filing under Bankruptcy Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, (1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id.* at 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first such factor, Movants' late filing will cause no prejudice to Debtors,

inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second Pioneer factor, Movants' delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third Pioneer factor, the reason for the delay and whether it was in Movants' reasonable control, claimant's counsel has no excuse as to why S.F. was not included in the claim. Claimant's counsel assigned an attorney with significant experience in handling personal injury claims to contact claimants about there losses and other family members impacted by the Camp Fire and draft the claim forms on behalf of the victims. Unfortunately, during the process the attorney inadvertently left out and/or did not discover this claimant along with three other claimants that had claims that should have been included with the related family members. The three other claimants motions for relief have been filed concurrently with this motion. Those other motions request to add Richard Mark Ruhman and his wife Denise Ann Caton-Ruhman to Claim Number 89484, and request to add A.E.P. to Claim Number 89927. Claimant's counsel did not uncover these omissions until our office began preparing the transmission of supporting documents and the Claims Questionnaire due on December 31, 2020, to the Fire Victim's Trust.

As to the final factor, Movants are acting in good faith in filing the claim as they are victim's of the Camp Fire that but for the mistake, they would have been included in claims already timely filed in the Court. Based on the above, Claimant's counsel request the claims be allowed due to his own neglect as opposed to that of the victim of the Camp Fire.

**CONCLUSION**

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(l) as follows:

1. Granting this Motion;

2. Directing that S.F. be added as a claimant to Exhibit 1, to the Proof of Claim, Claim

WILCOXEN CALLAHAM, LLP,
2114 K Street, Sacramento, California 95816

00254758

Number 89917; or

3. Directing that Exhibit 2, the amended Proof of Claim, Claim Number 105845, be deemed timely filed;

4. Granting such other or further relief as the Court deems just and proper.

Dated: November 6, 2020.                    WILCOXEN CALLAHAM, LLP


By: _/s/ Drew M. Widders_
      DREW M. WIDDERS
Attorneys for Claimants

WILCOXEN CALLAHAM, LLP,
2114 K Street, Sacramento, California 95816