| | |
|---|---|
| 1 | UNITED STATES DEPARTMENT OF JUSTICE |
| | CIVIL DIVISION |
| 2 | JEFFREY BOSSERT CLARK |
| | Acting Assistant Attorney General |
| 3 | RUTH A. HARVEY |
| | Director |
| 4 | KIRK MANHARDT |
| | Deputy Director |
| 5 | MATTHEW J. TROY (GABN 717258) |
| | Senior Trial Counsel |
| 6 | P.O. Box 875 |
| | Ben Franklin Station |
| 7 | Washington, DC 20044-0875 |
| | Telephone: (202) 514-9038 |
| 8 | E-mail: matthew.troy@usdoj.gov |
| 9 | DAVID L. ANDERSON (CABN 149604) |
| | United States Attorney |
| 10 | |
| | Attorneys for the United States of America |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| - and - | Chapter 11 |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Lead Case) |
| | (Jointly Administered) |
| **Debtors.** | |
| | Date: November 17, 2020 |
| | Time: 10:00 a.m. (Pacific Time) |
| | Place: **(Telephonic or Video Only)** |
| ☐ Affects PG&E Corporation | United States Bankruptcy Court |
| ☐ Affects Pacific Gas and Electric Company | Courtroom 17, 16th Floor |
| ■ Affects both Debtors | San Francisco, CA 94101 |
| | Judge: Hon. Dennis Montali |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | RE: Docket No. 9355 |

## LIMITED OBJECTION OF THE UNITED STATES OF AMERICA TO MOTION FOR ENTRY OF AN ORDER EXTENDING DEADLINE FOR THE REORGANIZED DEBTORS TO OBJECT TO CLAIMS

The United States of America, on behalf of various federal agencies, hereby objects to the

*Motion for Entry of an Order Extending Deadline for the Reorganized Debtors to Object to Claims*

(the "Motion").[1]

In the Motion, the Reorganized Debtors seek a six-month extension of the Current Objection Deadline of December 28, 2020, to June 26, 2021 – five days short of the one-year anniversary of the Plan's Effective Date. The United States acknowledges that the Plan vests the Court with the discretion to extend the Current Objection Deadline for cause shown and does not oppose *an* extension of that deadline; however, six months is too long and prejudicial to creditors, and for the reasons below, suggests an extension until March 31, 2021.

The United States holds a number of substantial Class 4B Utility General Unsecured Claims under the Plan that the Reorganized Debtors have neither objected to nor paid. Under the Plan, Class 4B claims were to be paid "on the Effective Date or as soon as reasonably practicable thereafter, but in no event later than thirty (30) days after the later to occur of (i) the Effective Date and (ii) the date such Claim becomes an Allowed Claim." Plan, § 4.23(b). The Plan defines "Allowed," in part, as "any Claim or Interest arising on or before the Effective Date as to which no objection to allowance has been interposed within the time period set forth in the Plan," *id*. § 1.7(f), i.e., the Current Objection Deadline. The Plan deemed Class 4B claims unimpaired and therefore, not entitled to vote. *Id*. § 4.23(b).

If the Court grants the Motion as requested, the practical effect of these provisions means that Class 4B creditors, despite being unimpaired and denied the right to vote on the Plan, will wait almost a year before knowing whether the Reorganized Debtors will pay their claims or object to them – a period which could be even longer since the Reorganized Debtor's current request is without prejudice to further extension requests. Such treatment is inequitable and contrary to the concept of unimpaired as understood under the Bankruptcy Code. *See Mutual Life Ins. Co. of N.Y. v. Patrician St. Joseph Partners Ltd. P'ship* (*In re Patrician St. Joseph Partners Ltd. P'ship*), 169 B.R. 669, 678 (D. Ariz. 1994) (holding

---
[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and accompanying exhibits.

90-day delay in paying administrative convenience class of creditors was impairment); *In re Haardt*, 65 B.R. 697, 701 (Bankr. E.D. Pa. 1986) (holding potential 120-day delay in payment after confirmation impaired class).

The United States acknowledges the Reorganized Debtors' progress to date in (1) resolving approximately 7,200 Proofs of Claim with minimal court involvement and (2) making distributions on approximately 3,400 Claims. Mot. at 2. But those claims receiving distributions represent only 15% of the approximate total of 22,440 Claims, and the Reorganized Debtors admit there are over 15,000 unresolved claims aggregating $17.7 billion, *id.*[2] Given the number and amount of such claims being held in limbo, claims that the Plan deemed unimpaired, the Court should require the Reorganized Debtors to return sooner than June 26, 2021, if they need a further extension.

For the foregoing reasons, the Court should deny the requested extension and grant an extension only until March 31, 2021, without prejudice to the Reorganized Debtors' right to seek additional extensions.

Date: November 10, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
DAVID L. ANDERSON (CABN 149604)
United States Attorney

/s/ Matthew J. Troy
RUTH A. HARVEY
Director
KIRK MANHARDT
Deputy Director
MATTHEW J. TROY
Senior Trial Counsel
Attorneys for the United States

---

[2] To some degree, the Motion's numbers cannot be reconciled. With 15,200 Claims unresolved, 7,200 Claims resolved, and 3,400 Claims receiving distributions, there should be 25,800 total claims not 22,440, unless there is overlap between Claims resolved and Claims receiving distributions.

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2020, I electronically filed the foregoing Limited Objection with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Matthew J. Troy
Matthew J. Troy
Senior Trial Counsel
Attorney for the United States