| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br><br>*Lead Counsel to Lead Plaintiff and the Class* | **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin (*pro hac vice*)<br>Andrew Behlmann (*pro hac vice*)<br>Scott Cargill<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>*Special Bankruptcy Counsel to Lead Plaintiff and the Class* |
| **MICHELSON LAW GROUP**<br>Randy Michelson (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, California 94104<br><br>*Local Bankruptcy Counsel to Lead Plaintiff and the Class* | *(additional counsel on Exhibit A)* |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>***EX PARTE* APPLICATION FOR ORDER PURSUANT TO B.L.R. 9013-1(c) AUTHORIZING OVERSIZE BRIEFING FOR SECURITIES LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO APPLY BANKRUPTCY RULE 7023 AND CERTIFY A LIMITED CLASS**<br><br>[No hearing requested] |

Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**" or "**PERA**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), on behalf of itself and the proposed class it represents in the Securities Litigation (the "**Class**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund, hereby submit this Ex Parte Application (the "**Application**"), pursuant to Rule 9013-1(c) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"), for an order authorizing the Securities Lead Plaintiff to file an oversized brief in connection with the Securities Lead Plaintiff's Reply in Further Support of the Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class (the "**Reply**").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. On June 20, 2020, this Court entered the Order [Dkt. No. 8053] confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on July 1, 2020 [Docket No. 8252] (the "**Effective Date**").

On September 28, 2020 Securities Lead Plaintiff filed its Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class. [Dkt. No. 9152]. On October 29, 2020, Reorganized Debtors filed their Objection to Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class. [Dkt. No. 9380]. Reorganized Debtors also filed their Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures. [Dkt. No. 9378]. The Reorganized Debtors' briefing was in excess of the page limit provided by the Local Rules. Concurrent with their briefing, Reorganized Debtors also filed an Ex Parte Application seeking authorization of its already filed oversized briefing. [Dkt. No. 9380]. Thereafter, this Court granted the application, permitting Reorganized Debtors to file an Objection not to exceed 34 pages, as well as a Reply not to exceed 28 pages. [Dkt. No. 9386].

### III. OVERSIZE BRIEFING FOR THE REPLY IS WARRANTED

As the Court is aware, the Reorganized Debtors filed briefing well in excess of the Local Rules. Bankruptcy Local Rule 9013-1(c) provides that, "[u]nless the Court expressly orders otherwise, the initial and response memoranda of points and authorities shall not exceed 25 pages of text, and reply memorandum shall not exceed 15 pages of text." B.L.R. 9013-1(c). To fairly and adequately respond to Reorganized Debtors' arguments raised in their oversized *Opposition to the Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class*, Securities Lead Plaintiff requests additional briefing in the Reply.

Securities Lead Plaintiff submits that sufficient cause exists for the Court to allow oversize briefing. The process for resolving the Securities Claims at issue is a highly contested matter; Reorganized Debtors' *Objection to the Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* exceeded the Local Rules by 9 pages (exclusive of any schedules or exhibits), and their *Reply in Further Support of the Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* exceeded the Local Rules by 13 pages. Accordingly, Reorganized Debtors' sought 24 pages of briefing in excess of the Local Rules on the pertinent issues, before the Court ordered such excess briefing was permitted. Securities Lead Plaintiff is requesting no more pages for its Reply brief than Reorganized Debtors requested, and received, for their Reply brief. Securities Lead Plaintiff notes that,

Case: 19-30088    Doc# 9493    Filed: 11/11/20    Entered: 11/11/20 11:51:17    Page 3 of 5

1. although Reorganized Debtors had 24 days to complete their Reply brief (responding to Securities Lead Plaintiff's *undersized* Objection), Securities Lead Plaintiff had only 13 days to respond to Reorganized Debtors' *oversized* Objection.

In their excess pages of briefing, Reorganized Debtors raised, among other things, legal arguments related to *res judicata*, law of the case, and importantly, the court's jurisdiction. Furthermore, Reorganized Debtors argue that an "irreconcilable" conflict of interest may arise between members of the putative Securities Litigation class and the proposed Bankruptcy Class. Securities Lead Plaintiff disputes that these issues are controlling and believes that they lack merit, but nevertheless requires briefing in excess of the 15 pages to address Reorganized Debtors' arguments.

Accordingly, Securities Lead Plaintiff believes it is appropriate to request authority for the Reply to exceed the 15 pages allowed under Bankruptcy Rule 9013-1(c).

### IV. NOTICE

Notice of this Application will be provided to: (i) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service under Bankruptcy Rule 2002. Securities Lead Plaintiff respectfully submits that no further notice is required.

No previous request for the relief sought herein has been made by the Securities Lead Plaintiff to this or any other court.

**WHEREFORE**, Securities Lead Plaintiff respectfully requests entry of an order authorizing the Securities Lead Plaintiff to file and serve the Reply in excess of 15 pages, but not to exceed 28 pages (exclusive of any schedules or exhibits thereto and/or any declarations filed in connection therewith)

Dated: November 11, 2020         Respectfully submitted,

**MICHELSON LAW GROUP**

By: _/s/ Randy Michelson_
Randy Michelson (SBN 114095)

| | |
|---|---|
| 1 | |
| 2 | *Local Bankruptcy Counsel to Lead Plaintiff and the Class* |
| 3 | - and - |
| 4 | **LABATON SUCHAROW LLP** |
| 5 | *Lead Counsel to Lead Plaintiff and the Class* |
| 6 | - and - |
| 7 | **LOWENSTEIN SANDLER LLP** |
| 8 | *Special Bankruptcy Counsel to Lead Plaintiff and the Class* |
| 9 | - and - |
| 10 | |
| 11 | **WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP** |
| 12 | *Liaison Counsel for the Class* |
| 13 | - and - |
| 14 | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| 15 | *Counsel for the Securities Act Plaintiffs* |
| 16 | - and - |
| 17 | **VANOVERBEKE, MICHAUD & TIMMONY, P.C.** |
| 18 | *Additional Counsel for the Securities Act Plaintiffs* |