WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:    (415) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' MOTION TO STRIKE CHEVRON'S IMPROPER RESPONSE TO THE REORGANIZED DEBTORS' OBJECTION TO RENEWED 7023 MOTION [DKT. NO. 9487]**<br><br>Date:   November 17, 2020<br>Time:  11:00 a.m. (Pacific Time)<br>Place:  Video conference<br><br>**Related Docket No.:**  9487 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned Chapter 11 Cases, hereby move the Court for entry of an order striking the *Response to the Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9487] (the "**Chevron Sur-Reply**"), filed by Chevron Master Pension Trust and Chevron UK Pension Trust (together, "**Chevron**"). In support of this Motion, the Reorganized Debtors respectfully state the following:

## BACKGROUND

The Renewed 7023 Motion was made solely by PERA; Chevron did not join in that motion. Although Chevron filed an objection to the Reorganized Debtors' Securities Claims Procedures Motion, the briefing on that motion was completed when the Reorganized Debtors filed their reply on October 29, 2020. The October 15, 2020 Scheduling Order (the "**Scheduling Order**") entered by the Court did not permit sur-replies on the Securities Claims Procedures Motion, and neither Chevron nor any other party sought leave to file one.

Yet, on November 9, 2020, Chevron went ahead and filed a sur-reply on the Debtors' Securities Claims Procedures Motion styled as a "response" in further support of PERA's Renewed 7023 Motion (as to which Chevron is not the movant or a joining party). Chevron's pleading is improper. The Chevron Sur-Reply is a substantive brief which is not permitted by the rules of this Court or this Court's Scheduling Order, and as to which the Reorganized Debtors have no chance to respond. The Court should accordingly strike it from the record.

## ARGUMENT

The Court's October 15 Scheduling Order does not permit non-movants to submit a reply in support of PERA's Renewed 7023 Motion. That is as it should be: the Bankruptcy Local Rules make clear that reply papers are reserved for "the initiating party." Bankr. L.R. 9014-1(c)(3). PERA, not Chevron, is the "initiating party" of the Renewed 7023 Motion. Because Chevron did not initiate

---

[1] Capitalized terms used but not herein defined have the meaning given them in the Reorganized Debtors' Objection to Securities Lead Plaintiff's Renewed Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class [Dkt. No. 9036].

the Renewed 7023 Motion, Chevron is not entitled to a "reply" of any kind. This makes sense as a matter of fairness. If a new party to a motion is permitted to file a "reply" to an objection, the objector never has an opportunity to file a written response to the arguments of that new party with respect to that motion.

Even if the Court ignores this procedural defect, the Chevron Sur-Reply should be viewed with "disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). Sur-replies should generally be denied "absent an articulation of good cause why such leave should be granted." *Id.* Chevron, however, has not made any showing here why leave should be granted.

The Chevron Sur-Reply is a transparent attempt by Chevron to inappropriately bootstrap the briefing on PERA's Renewed 7023 Motion to "get the last word" on the Debtors' Securities Claims Procedures Motion. Indeed, Chevron waited until after the Reorganized Debtors had completed their briefing as to both sets of motions to raise arguments in a filing which—whether couched as a "response" in support of a motion Chevron did not initiate or join, or a sur-reply for which Chevron did not seek leave—is entirely improper as a matter of procedure and fairness. Chevron's actions foreclose the Reorganized Debtors' opportunity to file a response without first seeking leave from the Court—as Chevron should have done. To avoid successive rounds of further briefing, the Court should strike the Chevron Sur-Reply.

## CONCLUSION

WHEREFORE the Reorganized Debtors respectfully request that the Court strike the Chevron Sur-Reply from the record and disregard it in connection with the Court's consideration of both the (i) Securities Claims Procedures Motion, and (ii) Renewed 7023 Motion, and grant such other relief as the Court deems appropriate under the circumstances.

Dated: November 12, 2020

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

By: /s/ *Richard W. Slack*
Richard W. Slack

*Attorneys for the Debtors and Reorganized Debtors*