1 KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
2 (tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
3 (pbenvenutti@kbkllp.com)
Jane Kim (#298192)
4 (jkim@kbkllp.com)
650 California Street, Suite 1900
5 San Francisco, CA 94108
Tel: 415 496 6723
6 Fax: 650 636 9251
7
*Attorneys for Debtors and Reorganized Debtors*
8

9 **UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
10 **SAN FRANCISCO DIVISION**
11

| | |
|---|---|
| 12 **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 13 **PG&E CORPORATION,** | Chapter 11 |
| 14     - and - | (Lead Case) (Jointly Administered) |
| 15 **PACIFIC GAS AND ELECTRIC COMPANY,** | **REORGANIZED DEBTORS' REPORT ON RESPONSES TO EIGHTEENTH THROUGH TWENTY-FOURTH OMNIBUS OBJECTIONS TO CLAIMS AND REQUEST FOR ORDERS BY DEFAULT AS TO UNOPPOSED OBJECTIONS** |
| 16 | |
| 17         **Debtors.** | |
| 18 ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **[Re: Dkt. Nos. 9263, 9266, 9269, 9272, 9275, 9278, 9281]** |
| 19 | |
| 20 *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Resolving Objections Set for Hearing November 17, 2020 at 10:00 a.m. (Pacific Time)** |
| 21 | |

22

23

24

25

26

27

28

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**"), that the Court enter orders by default on the following omnibus claims objections (collectively, the "**Omnibus Objections**"):  (i) the *Reorganized Debtors' Eighteenth Omnibus Objection to Claims (Amended and Superseded Claims)* [Docket No. 9263] (the "**Eighteenth Omnibus Objection**"); (ii) the *Reorganized Debtors' Nineteenth Omnibus Objection to Claims (Duplicative Claims)* [Docket No. 9266] (the "**Nineteenth Omnibus Objection**"); (iii) the *Reorganized Debtors' Twentieth Omnibus Objection to Claims (Incorrect Debtor Claims)* [Docket No. 9269] (the "**Twentieth Omnibus Objection**"); (iv) the *Reorganized Debtors' Twenty-First Omnibus Objection to Claims (Books and Records Claims)* [Docket No. 9272] (the "**Twenty-First Omnibus Objection**"); (v) the *Reorganized Debtors' Twenty-Second Omnibus Objection to Claims (Satisfied Claims)* [Docket No. 9275] (the "**Twenty-Second Omnibus Objection**"); (vi) the *Reorganized Debtors' Twenty-Third Omnibus Objection to Claims (No Liability Claims)* [Docket No. 9278] (the "**Twenty-Third Omnibus Objection**"); and (vii) the *Reorganized Debtors' Twenty-Fourth Omnibus Objection to Claims (Plan Passthrough Environmental Claims)* [Docket No. 9281] (the "**Twenty-Fourth Omnibus Objection**").

## RELIEF REQUESTED IN THE OMNIBUS OBJECTIONS

The Omnibus Objections seek to disallow and/or expunge the Proof(s) of Claim listed in Exhibit 1 to each Omnibus Objection.

## NOTICE AND SERVICE

The Reorganized Debtors filed a Notice of Hearing with respect to each Omnibus Objection [Docket Nos. 9265, 9268, 9271, 9274, 9277, 9280, and 9283].  The Omnibus Objections also were supported by the respective declarations of Robb McWilliams [Docket Nos. 9264, 9267, 9270, 9273,

9276, and 9279], and, in the case of the Twenty-Fourth Omnibus Objection, the declaration of David Kraska [Docket No. 9282]. The Omnibus Objections, the Notices of Hearing, and the Declarations were served as described in the *Certificate of Service of Andrew G. Vignali*, filed on October 19, 2020 [Docket No. 9320] (the "**Certificate of Service**"). As further described in the Certificate of Service, on October 9, 2020, each Proof of Claim listed on Exhibit 1 to the Omnibus Objections received a notice customized to include (i) the claim number, debtor, claim amount and priority, and the basis for Reorganized Debtors' objection with respect to the applicable claim to be disallowed and/or expunged, and (ii) the claim number, claim amount and priority of the surviving claim for each counterparty.

The deadline to file responses or oppositions to the Omnibus Objections has passed. The Reorganized Debtors have received the following formal and informal responses:

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| **Eighteenth Omnibus Objection** | | | |
| Informal | Rosemount, Inc. | 2718 10085 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| 9351 | Asplundh Construction, LLC | 7976 17001 | Claimant does not oppose disallowance of its Claim as set forth in the *Statement of Non-Opposition and Reservation of Rights re Reorganized Debtors' Eighteenth Omnibus Objection to Claims* [Docket No. 9351]. |
| Informal | TRC Master Fund LLC as transferee of B&B Plumbing & Construction Inc. | 2733 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |
| Informal | TRC Master Fund LLC as transferee of B&B Plumbing & Construction Inc. | 16919 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |
| Informal | VonWin Capital Management, L.P. as transferee of Craig Communications Inc. | 1743 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| Informal | Citigroup Financial Products Inc. | 75045 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |
| Informal | Citigroup Financial Products Inc. as transferee of Phillips and Jordan, Incorporated | 3447 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |
| Informal | Marble Ridge TC LP as Transferee of Marble Ridge Master Fund LP | 64138 | The Reorganized Debtors have reached a settlement of this Claim that moots the Eighteenth Omnibus Objection. |
| **Nineteenth Omnibus Objection** | | | |
| Informal | Angela Rodgers | 31029 56866 | The Nineteenth Omnibus Objection is WITHDRAWN with respect to this Claim. |
| Informal | SPCP Group, LLC | 3255 27374 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| 9340 | Edgar Perry | 92615 106158 | The Reorganized Debtors' counsel spoke to Claimant by telephone on November 10, 2020, and attempted to explain that the Reorganized Debtors only were seeking to disallow and expunge one of his claims, Claim No. 92615, and that Claim No. 106158 would remain on the claims register subject to further objection. Claimant requested this message be conveyed by United States Mail, which the Reorganized Debtors' counsel did on November 12.

If necessary, the Reorganized Debtors are prepared to address the Nineteenth Omnibus Objection with respect to this Claim at the hearing. |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| Informal | Burney Forest Products | 53844 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | Ernie & Sons Scaffolding Inc. | 6967 | The Reorganized Debtors have reached a settlement of this Claim that moots the Nineteenth Omnibus Objection. |
| **Twentieth Omnibus Objection** | | | |
| Informal | Bestwall, LLC | 65587 65524 | The Twentieth Omnibus Objection is WITHDRAWN with respect to this Claim. |
| Informal | State Farm General Insurance Company | 58088 58302 | By agreement with Claimant, Claim No. 58088 shall be disallowed and expunged, and Claim No. 58302 shall survive. |
| Informal | Monica Staar | 86862 86898 | The Reorganized Debtors' counsel emailed Claimant on November 9, 2020, and explained that the Reorganized Debtors are only objecting to one of her claims, Claim No. 86862, asserted against PG&E Corporation. That claim is substantively identical to Claim No. 86898, asserted against Pacific Gas and Electric Company. The Reorganized Debtors have not yet received a response.

If necessary, the Reorganized Debtors are prepared to address the Twentieth Omnibus Objection with respect to this Claim at the hearing. |
| Informal | Gowan Construction Company, Inc. | 64156 | The Reorganized Debtors have reached a settlement of this Claim that moots the Twentieth Omnibus Objection. |
| Informal | Vedder Price P.C. | 1227 | The Reorganized Debtors have reached a settlement of this Claim that moots the Twentieth Omnibus Objection. |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| **Twenty-First Omnibus Objection** | | | |
| Informal | Asplundh Construction, LLC | 17001 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | Sierra Pacific Industries | 2377 | The Claimant has confirmed to the Reorganized Debtors that Claim No. 2377 has been satisfied in its entirety. Accordingly, it will be expunged. |
| Informal | W. Bradley Electric, Inc. | 67191 | The Reorganized Debtors have reached a settlement of this Claim that moots the Twenty-First Omnibus Objection. |
| Informal | Aramark Refreshment Services, LLC | 3582 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | McMaster-Car Supply Co. | 2362 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | Burney Forest Products | 2255 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| Informal | Southwest Research Institute | 1787 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020.  If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | Burns & McDonnell Engineering Company, Inc. | 76752 | The Reorganized Debtors have reached a settlement of this Claim that moots the Twenty-First Omnibus Objection. |
| Informal | Airgas Specialty Products | 2175 | The Reorganized Debtors have reached a settlement of this Claim that moots the Twenty-First Omnibus Objection. |
| **Twenty-Second Omnibus Objection** | | | |
| Informal | CA BTM Energy Storage, LLC | 30941 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 29, 2020.  If the objection cannot be resolved, it will be continued to the omnibus hearing, on January 12, 2021, at 10:00 a.m. |
| Informal | CA Energy Storage Holdings, LLC | 30944 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 29, 2020.  If the objection cannot be resolved, it will be continued to the omnibus hearing, on January 12, 2021, at 10:00 a.m. |
| Informal | GSA Solar, LLC | 31024 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 29, 2020.  If the objection cannot be resolved, it will be continued to the omnibus hearing, on January 12, 2021, at 10:00 a.m. |
| Informal | Global Ampersand LLC | 27367 | The Reorganized Debtors are attempting to resolve this matter |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| | | | consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| Informal | Panoramic Investments | 1932 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to December 1, 2020. If the objection cannot be resolved, it will be continued to the next omnibus hearing, on December 15, 2020, at 10:00 a.m. |
| **Twenty-Third Omnibus Objection** | | | |
| Informal | Phillips 66 Pipeline LLC | 97934 | Following consultation with the Claimant, the Reorganized Debtors agreed to revise the proposed order granting the Twenty-Third Omnibus Objection to include the additional language in para. 2 that references MLX Claims. |
| 9352 | Asplundh Construction, LLC | 97049 | Claimant contends that Claim No. 97049 is a Fire Victim Claim as defined in the Plan. Claim No. 97049 thus shall for all purposes be treated and classified as a Fire Victim Claim under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Claimant shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to Claim No. 97049 or the Fire Victim Claim asserted therein. |
| 9353 | Utility Tree Service, LLC | 97051 | Claimant contends that Claim No. 97051 is a Fire Victim Claim as |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| | | | defined in the Plan. Claim No. 97051 thus shall for all purposes be treated and classified as a Fire Victim Claim under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Claimant shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to Claim No. 97051 or the Fire Victim Claim asserted therein. |
| **Twenty-Fourth Omnibus Objection** | | | |
| Informal | California State Agencies | | Following consultation with the Claimant, the Reorganized Debtors agreed to revise the proposed order granting the Twenty-Fourth Omnibus Objection to include the additional language in paragraph 2 that references the Plan's treatment of Environmental Claims and Environmental Performance Obligations. |
| Informal | Federal Agencies | | Following consultation with the Claimant, the Reorganized Debtors agreed to revise the proposed order granting the Twenty-Fourth Omnibus Objection to include the additional language in paragraph 2 that references the Plan's treatment of Environmental Claims and Environmental Performance Obligations. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.     I am an attorney with the law firm of Keller Benvenutti Kim LLP, co-counsel for the Reorganized Debtors

1    2.    I have reviewed the Court's docket in the Chapter 11 Cases and have determined that no

2  responses have been filed with respect to the Omnibus Objections except as described herein.

3    3.    This declaration was executed in San Francisco, California.

4    WHEREFORE, the Reorganized Debtors hereby request entry of Orders disallowing and

5  expunging the Proofs of Claims listed in the column headed "Claims to be Disallowed and Expunged"

6  in **Exhibit 1** to this Request, which listed Claims are identical to those listed in Exhibit 1 to the

7  Omnibus Objections, except as otherwise discussed above.

8  Dated: November 13, 2020                          **KELLER BENVENUTTI KIM LLP**

9                                                     By:  /s/ *Dara L. Silveira*
                                                           Dara L. Silveira
10
                                                     *Attorneys for Debtors and Reorganized Debtors*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28