WEIL, GOTSHAL & MANGES LLP
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:  (415) 496-6723
Fax:  (415) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* ALL PAPERS SHALL BE FILED IN THE LEAD CASE, NO. 19-30088 (DM).* | Case Nos. 19-30088 (DM) (Lead Case)<br>(Jointly Administered)<br><br>**REORGANIZED DEBTORS' MOTION TO STRIKE DECLARATION OF ANDREW D. BRADT**<br><br>Date:  November 17, 2020<br>Time: 11:00 a.m. (Pacific Time)<br>Place: Video conference<br><br>**Related Docket No.:** 9492 |

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move this Court for entry of an order striking the *Declaration of Andrew D. Bradt Concerning Securities Plaintiff's Reply in Further Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9492-2] (the "**Bradt Declaration**"), offered by the Public Employee Retirement Association of New Mexico ("**PERA**") to prop up its *Reply in Further Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9492] (the "**Renewed 7023 Reply**")[1]:

### I. PRELIMINARY STATEMENT

Unable to stretch the law to support their flawed legal theories or overcome the various obstacles to class certification presented by its Renewed 7023 Motion, PERA instead submitted an eleventh-hour expert declaration by Andrew D. Bradt, a law professor at the University of California, Berkley School of Law, to offer legal commentary in support of its Renewed 7023 Reply. PERA does not claim to offer Professor Bradt as a rebuttal expert, nor could it since the Reorganized Debtors did not proffer a legal expert in their opposition. Rather, nearly two months after filing its motion and less than a week before the hearing, PERA seeks to use Professor Bradt to affirmatively bolster its case. Indeed, PERA relies entirely on Professor Bradt to: (i) instruct this Court on the law regarding the "mandatory" nature of notice and opt-out rights in Rule 23(b)(1) classes (Renewed 7023 Reply at 11-12, 13 (citing Bradt Decl. ¶ 18)); (ii) opine that class certification is proper in this case under either Rule 23(b)(1)(A) or Rule 23(b)(1)(B) (*id.* at 23 (citing Bradt Decl. ¶¶ 19-25; *id.* at 28 (citing Bradt Decl. ¶¶ 26-30); and (iii) defend the adequacy of PERA's representation from collateral attack (*id.* at 18 (citing Bradt Decl. ¶¶ 9, 37)).[2] PERA offers Professor Bradt, who is a

---

[1] Capitalized terms used but not herein defined have the meaning given them in either the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented, and together with any exhibits or schedules, the "**Plan**") or the Bradt Declaration, as applicable.

[2] PERA also cites Professor Bradt's declaration to support the proposition that "PERA's damages theory is typical of the proposed Class's and can be applied on a classwide basis." Renewed 7023 Reply at 16 (citing Bradt Decl. ¶¶ 17, 38-46). However, Professor Bradt does not, in fact, offer any opinions on typicality. *See* Bradt Decl. ¶¶ 17, 38-46.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

professor of law, as a mere mouthpiece to regurgitate what PERA would like the law to be and how it would like the Court to analyze the legal issues, no doubt hoping to sway the Court with the weight of his tenure. Simply put, this is not a proper use of expert testimony.

It is well-settled in the Ninth Circuit that "an expert cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (citing Fed. R. Evid. 702(a)); *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1052 (9th Cir. 2012) (recognizing that "matters of law are inappropriate subjects for expert testimony"). That is because divining the applicable law "is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citation omitted); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (describing such testimony as "utterly unhelpful"). Nor are experts permitted to testify where, as here, the expert would "usurp . . . the role of the [factfinder] in applying that law to the facts before it." *S.E.C. v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *9 (N.D. Cal. July 29, 2010) (citation omitted)). Because the Ninth Circuit has "condemned the practice of attempting to introduce law as evidence," PERA may not use Professor Bradt to usurp the Court's role in this case and impose its own version of the law and analysis of the facts under the guise of expert testimony. *See, e.g.*, *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) (citation omitted) (granting motion to strike affidavits from the record "because they constitute[d] legal argument rather than evidentiary matter").

Not only are Professor Bradt's opinions improper subjects for expert testimony, PERA's attempt to introduce an affirmative expert at this late stage of the proceedings is, in and of itself, grounds for exclusion. As discussed further below, Courts routinely exclude late-filed expert reports, often disguised as "rebuttal" reports, where, as here, the offering party unjustifiably fails to timely disclose the report and thereby deprives its adversary of the opportunity to take appropriate discovery of the expert and submit a rebuttal. This presents an even easier case, as PERA does not even attempt to conceal the Bradt Declaration, which responds only to legal arguments and does not purport to "rebut" any expert report of the Reorganized Debtors. And, because PERA left the Reorganized Debtors with no opportunity to take discovery of and rebut Professor Bradt's testimony, it should not be allowed to rely on his legal opinions.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Accordingly, the Reorganized Debtors respectfully request that the Court strike the Bradt Declaration.

## II. BACKGROUND

On December 9, 2019, PERA and certain other claimants (the "**Securities Plaintiffs**") filed a *Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim* [Dkt. No. 5042] (the "**Original 7023 Motion**"). In the Original 7023 Motion, the Securities Plaintiffs asked this Court to treat their proofs of claim as class proofs of claim, even though no class had been certified prepetition in their separate federal securities litigation.[3] *See id.* PERA did not offer any declarations, let alone the Bradt Declaration, in support of the Original 7023 Motion. *See id.* Nor did PERA indicate any intention to rely on expert testimony. This Court denied the Original 7023 Motion by Order dated February 27, 2020. *See Order (i) Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Proof of Claim and (ii) Extending Bar Date for Certain Holders of Securities Rescission or Damages* [Dkt. No. 5943].

On September 28, 2020, PERA filed a renewed *Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9152] (the "**Renewed 7023 Motion**"). As in the Original 7023 Motion, PERA moved to certify a class of subordinated securities claims asserted against the Reorganized Debtors pursuant to Bankruptcy Rule 7023. *See id.* At that time, PERA offered only the *Declaration of Chad Coffman, CFA* [Dkt. No. 9157] in support of the Renewed 7023 Motion. Again, PERA did not indicate any intent to present or rely on expert witnesses, especially a law professor to instruct the Court on the law of class actions.

On October 15, 2020, this Court entered an Order on the docket, directing that the hearing on PERA's Renewed 7023 Motion be heard jointly with the *Reorganized Debtors' Motion to Approve Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* [Dkt. No. 8964] (the "**Securities Procedures Motion**"), on November 17, 2020. Pursuant to that Order, on October 29, 2020, the Reorganized Debtors timely filed both their reply in further support of the Securities Procedures Motion [Dkt. No. 9378], and their Objection to PERA's Renewed 7023 Motion

---

[3] Both the Debtors and the TCC opposed the Original 7023 Motion. *See* Dkt. Nos. 5369 and 5373.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

[Dkt. No. 9375]. PERA filed the Renewed 7023 Reply, together with the Bradt Declaration, nearly two weeks later on November 11, 2020.

Only then, nearly two months after PERA submitted its Renewed 7023 Motion, and less than one week before the November 17 hearing scheduled by the Court, did the Reorganized Debtors learn, for the first time and without any prior notice, that PERA had retained Professor Bradt as an "expert" on its behalf. *See* Bradt Decl. ¶ 1. PERA asked Professor Bradt to "analyze" the Renewed 7023 Motion, "the Reorganized Debtors' opposition thereto, and related exhibits, from the perspective of an expert in class actions, so as to give the Court necessary background, context, and . . . [his] opinions," which he states are based on his "research, teaching, and other experience." Bradt Decl. ¶¶ 2, 7. In other words, PERA engaged Professor Bradt to fill the gaping holes in their legally deficient arguments.

In his declaration, Professor Bradt: (i) offers his general opinions on Rule 23(b)(3), under which he admits "[m]ost securities class actions are certified" (Bradt Decl. ¶¶ 13-16); (ii) applies Rule 23(b)(1) and 23(c)(4) to the facts of this case (*id.* ¶¶ 17-30); (iii) purports to explain "a common misconception about what the 'mandatory' nature of [Rule 23(b)(1)] classes means with regard to a party's ability to opt out" (*id.* ¶ 18); (iv) opines that this case is both "the specialized situation for which a Rule 23(b)(1)(A) class may be maintained" (*id.* ¶¶ 19-25), as well as "exactly the kind of specialized situation that would" allow for certification of a "limited fund" class under Rule 23(b)(1)(B) (*id.* ¶¶ 26-30); (v) provides observations on PERA's unduly complicated certification options (*id.* ¶¶ 31-32); (vi) argues that additional discovery regarding PERA's adequacy as class representative is not warranted in this case under Supreme Court precedent (*id.* ¶¶ 33-37); and (vii) concludes that there would be no conflict of interest if PERA were appointed class representative as part of a certified class in both the district court and bankruptcy court actions (*id.* ¶¶ 38-46). All of these legal opinions are ones where the law is at best (and generously characterized as) scant and on legal topics where PERA was left with gaping holes in its legal arguments. As discussed below, none of these opinions are proper subjects of expert testimony.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## III. ARGUMENT

### A. The Bradt Declaration is Replete with Impermissible Legal Opinions

The Bradt Declaration must be excluded because Professor Bradt's legal opinions and argument, including his discussion of the law and its application to the facts of this case, are "utterly unhelpful," failing the threshold requirement for "expert" testimony. *See Aguilar*, 966 F.2d at 447. Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony offered in support of a motion for class certification. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir.2011); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 548 (C.D. Cal. 2014). To be admissible under Rule 702, the proffered testimony must, *inter alia*, be able to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) ("Expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a fact in issue." (citation omitted)). Expert **legal** opinions, however, are "utterly unhelpful" to the factfinder, as matters of law are solely "for the court's determination." *Aguilar*, 966 F.2d at 447; *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044 (D. Ariz. 2005) ("[*Aguilar*] emphasized the rule applicable to expert legal opinion evidence and explained that although Fed. R. Evid. 702 allows for expert testimony if 'scientific, technical, or other specialized knowledge will assist the trier of fact,' this rule does not permit expert opinion concerning legal matters.").

Thus, it is well-settled in the Ninth Circuit that "matters of law are inappropriate subjects for expert testimony." *See Hooper*, 688 F.3d at 1052; *Aguilar*, F.2d at 447 ("Here, the reasonableness and foreseeability of the casual workers' reliance were matters of law for the court's determination. As such, they were inappropriate subjects for expert testimony." (citation omitted)); *see also Tamman*, 782 F.3d at 552 ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion." (citations omitted)); *Cass Info.*, 523 F.3d at 1058 (explaining that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law," and that "instructing the jury as to the applicable law is the distinct and exclusive province of the court" (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.2004))); *United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) (same); *Weitzenhoff*, 35 F.3d at 1287

(noting that "[i]t is well settled" that "the judge instructs the jury in the law," and that "[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge" (citation omitted)).

Indeed, the Ninth Circuit has consistently "condemned the practice of attempting to introduce law as evidence." *G.F.*, 23 F.3d at 1507 n.6 (citation omitted) (granting motion to strike affidavits from the record "because they constitute[d] legal argument rather than evidentiary matter"). For that reason, courts in this circuit, and indeed every circuit,[4] "typically prohibit lawyers, professors" – like Professor Bradt – "and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Sportvision, Inc. v. SportsMEDIA Tech. Corp.*, No. C 04-03115 JW, 2005 WL 8177792, at *2 (N.D. Cal. Apr. 12, 2005) (citation omitted); *Pinal Creek*, 352 F. Supp. 2d at 1042 (same); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1246-47 (N.D. Cal. 2000) (striking the declarations of three law professors, which "offer[ed] few facts or any admissible expert opinions, instead proffering various and sundry conclusions of law"). Yet, that is precisely what PERA seeks to do here.

PERA purports to use Professor Bradt to interpret the law by attesting to "a common misconception" about the "mandatory" nature of notice and opt-out rights in Rule 23(b)(1) classes. *See* Renewed 7023 Reply at 11-12 (citing Bradt Decl. ¶ 18). But PERA's reliance on Professor Bradt's testimony is wholly improper: whether notice and opt-out provisions are necessary or mandatory in Rule 23(b)(1) classes is a legal issue, and "[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Cass Info.*, 523 F.3d at 1058–59 (quoting *Weitzenhoff*, 35 F.3d at 1287 (internal quotation marks omitted)). Clearly, this is a difficult issue of law for PERA to establish because, were it otherwise, PERA would have no need to resort to expert testimony in place of proper legal authority. In any event, there simply is no justification for allowing Professor Bradt to interpret the law for the Court in this case. *See Leslie*, 2010 WL 2991038, at *9 (holding that portions of expert's report that "discusse[d] legal materiality by providing actual

---

[4] *See In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("[E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law. (citing and canvassing case law)).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Case: 19-30088    Doc# 9522    Filed: 11/14/20    Entered: 11/14/20 10:58:30    Page 7 of 11

citations to several judicial opinions on the subject" and "also quote[d] Securities Exchange Rule 13b2–2 in its entirety" were "inappropriate" because they "usurp[ed] the role of the trial judge").

Professor Bradt's testimony runs further afoul of binding Ninth Circuit precedent by applying the law to the facts of this case on a variety of issues that PERA must overcome to prevail on its Renewed 7023 Motion. *See Sportvision*, 2005 WL 8177792, at *3-4 (disqualifying expert who merely "articulate[d] and applie[d] the relevant law," and therefore "circumvent[ed] the fact finder's decision-making function by telling it how to decide the case"). *First*, Professor Bradt opines that this is "precisely the specialized situation for which a Rule 23(b)(1)(A) class may be maintained." Bradt Decl. ¶¶ 19, 25. To maintain an action under Rule 23(b)(1)(A), PERA must demonstrate that, in lieu of class certification, there would be "a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for" the Reorganized Debtors. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001) (quoting Fed. R. Civ. P. 23(b)(1)(A)). Professor Bradt has not, however, provided any factual evidence, let alone any special insight or expertise, to aid the factfinder's determination as to whether the Reorganized Debtors would be subjected to "incompatible standards of conduct" absent class certification. Rather, Professor Bradt does nothing more than argue the case on PERA's behalf. *See* Bradt Decl. ¶ 24. Because his testimony "constitute[s] legal argument rather than evidentiary matter," his opinions must be stricken. *See G.F.*, 23 F.3d at 1507 n.6 (9th Cir. 1994) (citation omitted) (striking affidavits that were "written in the form of a legal document, complete with subdivisions for discussion of the issues, the law, and the conclusions," which "is impermissible").

*Second*, Professor Bradt opines that, coincidentally, this also is "exactly the kind of specialized situation that would" allow for certification of a "limited fund" class under Rule 23(b)(1)(B). Bradt Decl. ¶¶ 27-28. To prevail as a Rule 23(b)(1)(B) class, PERA must demonstrate the existence of a "'fund' with a definitely ascertained limit," which is insufficient "to satisfy all those with liquidated claims . . . by an equitable, pro rata distribution." *See Zinser*, 253 F.3d at 1197 (citation omitted). Moreover, "[t]he Supreme Court has held that certain characteristics are 'presumptively necessary, and not merely sufficient, to satisfy the limited fund rationale.'" *Id.* (citation omitted). Again, Professor Bradt offers no special skill, training, or expertise to help the

Court determine whether a "limited fund" exists here. On the contrary, Professor Bradt simply assumes, without citation to any basis or support, that "the amount of stock PG&E can issue is limited." Bradt Decl. ¶ 28. Without even the most basic predicates of foundation, Professor Bradt's "various and sundry conclusions of law" fail to qualify as expert testimony. *See McKesson*, 126 F. Supp. 2d at 1246-47 (striking the declarations of three law professors, which "offer[ed] few facts or any admissible expert opinions, instead proffering various and sundry conclusions of law").

*Finally*, after analyzing the Advisory Committee notes to Rule 23 and related caselaw, Professor Bradt concludes that additional discovery regarding PERA's adequacy as class representative is "unnecessary and unsupported by Supreme Court precedent and customary practice" – i.e., customary judicial decision-making – and that there would be no conflict of interest if PERA were appointed class representative as part of a certified class in both the district court and bankruptcy court actions. Bradt Decl. ¶¶ 31-46. Again, Professor Bradt impinges on a purely judicial function. It is the Court's function alone to manage discovery and fashion discovery orders. *See, e.g.*, *UMG Recordings, Inc. v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. July 30, 2008) ("district courts wield broad discretion" in fashioning discovery orders, "as they do when managing any aspect of discovery"). And, it is solely for the Court to decide whether PERA has satisfied Rule 23(a)'s adequacy requirement. Because Professor Bradt does not purport to aid the Court in that determination, but would rather simply say what the law is and instruct the Court as to how to apply the law to the facts of this case, his bare-bones legal conclusions are improper, and must be excluded. *See Cass Info*, 523 F.3d at 1058-59 (expert's testimony regarding UCC provisions and how they applied to facts of the case was not admissible).

After being stripped of its legal conclusions and opinions, the Bradt Declaration offers nothing that "would assist the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702; *Cass Info*, 523 F.3d at 1059-60 ("[T]estimony that simply tells the jury how to decide is not considered 'helpful'"). Accordingly, the Bradt Declaration should be excluded in its entirety. *See Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2007 WL 1932322, at *3 (N.D. Cal. June 29, 2007) (declining to salvage portions of law professor's declaration, in which "legal conclusions [we]re pervasive").

## B. PERA May Not Introduce a New Expert Witness at the Eleventh Hour

The Bradt Declaration also should be excluded because it is not being offered as a rebuttal report to any expert by the Reorganized Debtors, and therefore was improperly introduced for the first time on reply. Courts frequently exclude self-labeled "rebuttal" expert reports that are, in reality, offered to support the party's case-in-chief, particularly where, as here, the offering party offers no justification for its untimely disclosure and deprives its adversary of the opportunity to submit any meaningful rebuttal. *See, e.g.*, *Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2020 WL 4051299, at *4 (N.D. Cal. July 20, 2020) (holding that "Rule 37(c)(1) demands that the Court strike" an expert report disguised as a "rebuttal" where defendants "offer[ed] no justification for the failure to timely disclose the Rebuttal Report, and . . . deprived Plaintiffs of the opportunity to submit an expert report to rebut the Rebuttal Report"); *see also* Fed. Bankr. R. 9014(c) (applying Federal Rule 37(c)(1) to contested matters). Indeed, Courts recognize that permitting parties to "backdoor such expert testimony under the guise of 'rebuttal' testimony" would allow them "to engage in substantial gamesmanship," *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015), and deprive their adversaries of the opportunity to provide a rebuttal expert, *Abdo*, 2020 WL 4051299, at *4.

Here, the Bradt Declaration is not offered to rebut any expert proffered by the Reorganized Debtors; at best, it responds only to the Reorganized Debtors' legal arguments in their 7023 Objection. Tellingly, PERA does not even seek to justify Professor Bradt as a rebuttal witness. Nor does PERA claim that Professor Bradt was previously unavailable to them. And, because PERA submitted the Bradt Declaration for the first time less than a week before the hearing and did not disclose their intent to offer Professor Bradt as an expert witness before that time, PERA deprived the Reorganized Debtors of the opportunity to take appropriate discovery of their expert or offer a rebuttal expert witness. Accordingly, Professor Bradt should be precluded from testifying in any form. *See, e.g.*, *Clear-View*, 2015 WL 3509384, at *5 ("Because McCune was not disclosed as an affirmative expert," and because "Defendants did not attempt to" show that "the failure to disclose was harmless or substantially justified . . . Rule 37(c)(1) demands that his report be STRICKEN and that he not be permitted to testify at trial.") (citation omitted).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that the Motion be granted and the Bradt Declaration stricken.

Dated: November 14, 2020

        **WEIL, GOTSHAL & MANGES LLP**

        **KELLER BENVENUTTI KIM LLP**

        By:   /s/ *Richard W. Slack*
                   Richard W. Slack

*Attorneys for the Debtors and Reorganized Debtors*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119