Entered on Docket
November 16, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PG&E CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ABRAMS,<br><br>　　　　Defendant. | Case No. 20-cv-01612-HSG<br><br>**ORDER DENYING LEAVE TO APPEAL** |

　　Pending before the Court is the motion of William B. Abrams ("Abrams") for leave to appeal (Dkt. No. 1, "Motion for Leave") an order of the Bankruptcy Court denying reconsideration of the order authorizing the Debtors and the TCC to enter into a Restructuring Support Agreement. BR Dkt. No. 5948.[1] Having carefully considered the briefs,[2] the Court **DENIES** the Motion for Leave.

**I.　BACKGROUND**

　　On December 6, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors") entered into the Restructuring Support Agreement ("RSA") with the Official Committee of Tort Claimants ("TCC"), and filed their motion for entry of an order authorizing the Debtors and TCC to enter into the RSA. BR Dkt. No. 5038, ("RSA Motion"). The RSA largely eliminated for both the Debtors and certain wildfire victims the risks, costs, uncertainties, and delay arising from the complicated and highly contested estimation proceedings relating to the fire victim claims and the trials for certain preference plaintiffs relating to the Tubbs fire that had been

---

[1] "BR Dkt. No." references are to the Bankruptcy Court's docket, Case No. 19-30088 (DM) (Bankr. N.D. Cal.). "Dkt. No." references are to this Court's docket.
[2] Including Dkt. No. 5 ("Opp."); Dkt. No. 6 ("Debtors' Opp.").

allowed to proceed in the California Superior Court. *Id.*

Through the RSA, the TCC agreed to support the Plan that, as described and defined in the RSA, creates a $13.5 billion "Fire Victim Trust" to satisfy the claims of fire victims like Abrams. RSA Mot. at 11–13. The RSA permits termination of the agreement if, among other reasons, certain milestones are not met by stated deadlines, or the Debtors do not obtain the necessary number of individual wildfire claimant votes by certain deadlines. *See id.* at 15–16. Abrams filed an objection to the RSA Motion, BR. Dkt. No. 5139 ("RSA Objection"), and appeared at the December 17, 2019 hearing on the RSA Motion.

Abrams argued that the RSA Motion should be denied because it "eliminate[d] a court trial for the Tubbs Fire," shared the $13.5 billion settlement with government agencies, and did not address corporate governance or "post-bankruptcy wildfire risks and climate change adaptation more broadly." RSA Obj. at 2–4. The Bankruptcy Court found these arguments irrelevant to the question of whether the RSA should be approved, and entered an order granting the RSA Motion on December 19, 2019. BR Dkt. No. 5174 ("RSA Order"). Abrams filed a motion seeking reconsideration of the RSA Order on January 31, 2020. BR Dkt. No. 5577 ("Motion for Reconsideration"). Citing results from an informal survey he conducted, Abrams argued that tort claimants "never told their attorneys they were in favor of this plan." Mot. Recons. ¶ 4. He alleged that the tort claimants "have not been informed and therefore could not have provided feedback regarding significant material provisions within the RSA," *id.* ¶ 6, and faulted the RSA for requiring the TCC to recommend that wildfire claimants vote to accept the Plan, *id.* ¶ 11.

At the February 11, 2020 hearing on the Motion for Reconsideration, the Bankruptcy Court recognized that "once I approve the disclosure statement, [Mr. Abrams is] free to argue and lobby for people that he thinks and persuade them to vote against it." February 11 Hr'g Tr. at 58:6–9.3 The Bankruptcy court denied the Motion for Reconsideration and entered the order on February 12, 2020. BR Dkt. No. 5766. Abrams subsequently filed his Notice of Appeal and Motion for Leave.

## II. LEGAL STANDARD

The Court has jurisdiction to hear an appeal of an interlocutory order of a bankruptcy court

if it grants leave to appeal. *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002, 8004(a)(2)(b). As the Ninth Circuit has held, interlocutory appeals should be allowed "sparingly and only in exceptional circumstances." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Leave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *See id.* at 1026 (under Section 1292(b), an interlocutory appeal is within court's discretion where there is a controlling question of law, substantial grounds for difference of opinion, and the appeal may materially advance the ultimate termination of the litigation, as well as under "exceptional circumstances"). In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the analogous provisions of 28 U.S.C. Section 1292(b) governing review of interlocutory district court orders by the courts of appeal. *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001); *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10, 2014).

      First, a question of law is "controlling" if its resolution on appeal could "materially affect the outcome of the litigation in district court." *Cement*, 673 F.2d at 1026; *Helman v. Alcoa Global Fasteners, Inc.*, 637 F3d 986, 990-992 (9th Cir. 2011) (permission to appeal under 1292(b) granted where issue of definition of "high seas" in federal statute was determinative of the viability of the complaint). On the second factor, substantial grounds for a difference of opinion on a legal question are generally found to exist where (1) the relevant circuit court has not spoken on the point and other circuits are in dispute, (2) complicated questions of foreign law are involved, or (3) the issue presents novel and difficult questions of first impression. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). On the third factor, appeal of an interlocutory order must serve judicial economy by materially advancing the ultimate termination of the litigation. *See In re Travers*, 202 B.R. 624, 626 (9th Cir. B.A.P. 1996). This factor is met when resolution of the controlling question of law "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *Cement*, 673 F.2d at 1027.

### III.   DISCUSSION

#### A.   Abrams Raises No Controlling Question of Law as to Which There Is Substantial Ground for Difference of Opinion

Abrams does not dispute the legal standard governing the Bankruptcy Court's approval of the RSA or the denial of the Motion for Reconsideration.  In the RSA Motion, the Debtors cited authority from the Second, Fifth, and Ninth Circuits establishing that a bankruptcy court has discretion under sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019 to approve a restructuring support agreement where the debtor's actions satisfy the business judgment rule.  *See* RSA Mot. 17–18, 20–23.  Abrams has not suggested that there is "substantial ground for difference of opinion" as to this binding precedent.  To the contrary, it is clear to the Court from the arguments raised in the Motion for Leave that the appeal would turn on questions of fact rather than questions of law, which weighs against permitting an interlocutory appeal.

Abram's primary contention is that the RSA "does not represent a valid and sound exercise of the Debtors' business judgment, and is not in the best interest of the tort claimants . . . ."  Mot. 2.  The question of whether the RSA reflects sound business judgment is fundamentally one of fact.  *Fed. Deposit Ins. Corp. v. Switzer*, No. 13- cv-03834-RS, 2014 WL 12696532, at *2 (N.D. Cal. Apr. 9, 2014) ("[R]uling on the applicability of the business judgment rule is peculiarly a question of fact . . . .") (citing *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1064 (N.D. Cal. 1988)).  Accordingly, there is no controlling question of law for this Court to resolve, and the Motion for Leave can be denied on that ground alone.[3]

#### B.   Abrams Failed To Seek A Stay Pending Appeal

Abrams also failed to seek a stay pending appeal.  Federal Rule of Bankruptcy Procedure 8007 requires that any stay pending appeal must be sought initially in the Bankruptcy Court, absent a showing to justify the failure to do so.  Abrams failed to seek a stay pending appeal

---

[3] It logically follows that Abram's failure to establish the first prong, "a controlling question of law," means that he cannot establish the second prong, that there is a "substantial ground for difference of opinion."  *See Couch*, 611 F.3d at 633 ("Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'") (internal citations omitted).  In any event, because the Court finds that a controlling question of law does not exist, the Court need not address the other two prongs of the test.

pursuant to Rule 8007 in either the Bankruptcy Court or this Court.  This is also fatal to the present appeal.

The Debtors' plan was confirmed by the Bankruptcy Court on June 20, 2020 and became effective on July 1, 2020.  Accordingly, because the RSA provides for the TCC's support for a Plan that contains certain terms, and the Plan has been confirmed, unraveling the RSA will not unravel the Plan and will not negate the votes of creditors.  The Plan has superseded the RSA by implementing its terms, and the subsequent votes of creditors deprived the RSA of any ongoing meaning.  Accordingly, Abram's failure to seek a stay pending appeal renders the present appeal moot.

### IV. CONCLUSION

The Motion for Leave is **DENIED**.  The Clerk is directed to close this appeal and terminate the case.

**IT IS SO ORDERED.**

Dated:  11/12/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge