Signed and Filed: November 16, 2020

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>  - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>Date:  November 17, 2020<br>Time:  11:00 AM (PST)<br>Hearing via Zoom Webinar |

**ORDER REGARDING M0TIONS (1) TO APPROVE SECURITIES ADR PROCEDURES AND (2) TO APPLY FRBP 7023**

On November 17, 2020, at 11:00 AM via video conference, the court will begin with the Reorganized Debtors' ADR Motion (Dkt. No. 8964). Reorganized Debtors' counsel will have a total of thirty minutes for oral argument, including time for rebuttal. Securities Lead Plaintiff's counsel will also have thirty minutes for oral argument, to be shared as its counsel and

-1-

counsel for Chevron, MML Investment Advisers and others joining the opposition agree.

For the Rule 7023 Motion (Dkt. No. 9152), Securities Lead Plaintiff's counsel will also have a total of thirty minutes for oral argument, including time for rebuttal. Reorganized Debtors' counsel will also have thirty minutes, to be shared as their counsel and counsel for Baupost Group agree.

The two motions have been extensively briefed and the court has studied all of the relevant submissions. For that reason the court is limiting the time for oral argument as noted. It prefers to focus the argument on some critical issues.

For the ADR motion, counsel should address:

1. Why shouldn't certain omnibus objections such as Superseded Claims, Claims Outside of the Subject Period, Claims Liquidated Prior to Corrective Disclosure, be dealt with at the outset, even if some sort of Rule 7023 procedure is ultimately implemented? This could be much like similar omnibus objections have been implemented for non-securities objections in the case.

2. Why should the court permit the omnibus objection procedures to apply at all to Failure To Comply With Securities Claims Procedures, Bulk Claims objections or "truth-in-the-Market" defenses at all?

3. What assures the court that securities fraud claimants will know and understand the consequences of their choices of acceptance of offers of settlement, the Abbreviated Mediation Process, the Standard Mediation Process, or the Claims Reconciliation and Objection Process? Under a plan, a

-2-

disclosure statement would possibly accomplish that, but not under the proposed ADR procedures.

   4. How do Reorganized Debtors avoid wasteful and confusing duplication of effort by claimants in responding to the second round of Securities Claims Information Procedures? Why can't the approximately 30% of the claimants be spared the need to submit the same information a second time (See Reply, Dkt. No. 9378, at p. 10)?

   5. What efficiencies are realized if any significant number of respondents decline the offer or mediation options?

For the 7023 Motion:

   1. The court wants a better understanding of the likely timetable that would be followed for either of the two suggested approaches. What happens and when?

   2. If the court permits opt-outs from the class, doesn't that exacerbate rather than facilitate the possible efficiency and equal treatment that class actions are intended to promote if any significant number of claimants opt out of the so-called "mandatory" class?

   3. If the 7023 Motion is granted, what happens to the district court appeal of the prior Rule 7023 order?

   The court SUSTAINS the Reorganized Debtors' objection to the Reply filed by Chevron (Dkt. No. 9487) as it addresses issues relevant to the 7023 motion, not the ADR Motion, which Chevron did not join or deal with in its initial filing (Dkt. No. 9190.

   Counsel for the Securities Lead Plaintiff should include in the oral argument in support of the 7023 motion any response the

Reorganized Debtors' motion to strike the Bradt declaration (Dkt. No. 9492-2). Counsel should also advise the court if Reorganized Debtors wish an additional two weeks to respond to that declaration with their own expert declaration.

The court will treat the motion to strike as part of all issues that will stand submitted on both motions after conclusion of the hearing.

**\*\*END OF ORDER\*\***