**LABATON SUCHAROW LLP**
Thomas A. Dubbs (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Jeffrey A. Dubbin (SBN 287199)
140 Broadway
New York, New York 10005

*Lead Counsel to Lead Plaintiff and the Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Nicole Fulfree
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**MICHELSON LAW GROUP**
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, California 94104

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

PG&E CORPORATION

- and –

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

☒ Affects Both Debtors
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company

Case No. 19-30088 (DM) (Lead Case)

Chapter 11

(Jointly Administered)

**OPPOSITION TO REORGANIZED DEBTORS' MOTION TO STRIKE DECLARATION OF ANDREW D. BRADT**

Date: November 17, 2020
Time: 11:00 a.m. (Pacific Time)
Place: Video conference

Related Docket Nos. 9492, 9522

I. **Background**

The Public Employees Retirement Association of New Mexico ("PERA" or "Securities Lead Plaintiff") hereby submits this Objection to Reorganized Debtors' Motion to Strike Declaration of Andrew D. Bradt (the "Motion") filed by PG&E Corporation and Pacific Gas and Electric Company, debtors and reorganized debtors (collectively, the "Debtors" or "Reorganized Debtors") in the above-captioned Chapter 11 Cases. On September 28, 2020, PERA filed a *Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9152] (the "7023 Motion"). On October 29, 2020, Debtors filed their *Objection to PERA's 7023 Motion* [Dkt. No. 9375] (the "Objection"). The Objection was replete with misinterpretations of the law of class actions. Most glaring was Debtors' tormented reading of the word "mandatory." Then on, November 11, 2020, PERA filed its *Reply in Further Support of Motion to Apply Bankruptcy Rule 7023 and Certify a Limited Class* [Dkt. No. 9492] (the "7023 Reply") with a declaration to rebut misinterpretations in the Objection from Andrew D. Bradt [Dkt. No. 9492-2] (the "Bradt Declaration"). The Bradt declaration filed "***Concerning*** Securities Lead Plaintiff's Reply" provides much needed context on the academic community's views which largely dispel Debtors' misinterpretations of the Federal Rules of Civil Procedure ("F.R.C.P").[1] Rather than acknowledge that their misinterpretations are widely rejected by legal scholars, common sense, and relevant case law, Debtors seek to exclude the Bradt Declaration in its entirety.

---

[1] Debtors claim that Bradt is a "mere mouthpiece" for PERA (Motion at 2) is entirely off-base. Bradt's declaration was "concerning" the motion, not "in support of" the motion. The fact that a leading legal scholar on class actions is able to debunk Debtors misinterpretations in a few paragraphs doesn't make him a mouthpiece, it makes his testimony highly relevant on a potentially decisive issue.

## II. Argument

### A. The Bradt Declaration Rebuts Assertions Made By Debtors and Assists This Court

Debtors have moved to strike the declaration based in no small part on their misunderstanding of what the word "mandatory" means. Therefore, the Court can consider this declaration.

To be admissible under Rule 702, the testimony must, *inter alia,* be able to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "To be admissible, expert testimony must (1) address an issue beyond the common knowledge of the average layman, (2) be presented by a witness having sufficient expertise, and (3) assert a reasonable opinion given the state of the pertinent art or scientific knowledge." *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). Finally, to the extent an expert offers statements of law that the parties rely on in their motions, "the Court may consider them in determining … a question of law for the Court to resolve." *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1029 (C.D. Cal. 2017), *aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP*, 787 F. App'x 369 (9th Cir. 2019); *see also* Wright & Miller, 29 Fed. Prac. & Proc. Evid. § 6265.2 (2d ed.) ("[C]ourts seem more open to the admission of expert legal opinions where the subject is the application of some complex regulatory or legal standard to a specific factual background. In such a context, the opinions often involve questions of law and fact that overlap to the extent they are virtually indistinguishable.").

Bradt's Declaration is offered to aid the court in its analysis of complex issues and does not run the risk of improperly influencing the jury's interpretation of the law. *See United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993).

1. **Bradt's Declaration Rebuts Debtors' Misinterpretation of the Word "Mandatory"**

Debtors' position asserted to the Court in their Objection is as follows: ". . . PERA's proposal to make the Proposed Bankruptcy Class a ***mandatory*** class. . .will rob potential class members of any ability to opt out. . . ." and "…the class PERA seeks to represent cannot be certified under either Civil Rule 23(b)(1)(A) or 23(b)(1)(B)—both of which create ***mandatory***, non-opt-out classes." *See* Objection at 17, 2. This is incorrect. Bradt explains that "there is a ***common misconception*** about what the '***mandatory***' nature of these classes means with regard to a party's ability to opt out. Notice and opt out rights are not required in Rule 23(b)(1) class actions, but they are discretionary, may be permitted, and have been employed under Rule 23(c)(2)(A)." Bradt ¶18. This testimony will aid the Court and clarifying that Debtors' interpretation is nothing more than a common misconception.

Furthermore, Bradt's declaration does not "usurp the Court's role", as Debtors suggest.[2] (Motion at 2). In fact, Debtors are the ones attempting to usurp the Court's role in their misguided attempt to put blinders on the fact finder by striking the opinion of an expert opining on a common misconception. Bradt's declaration rebuts the Objection insofar as it clarifies misinterpretations of law without instructing the fact finder.[3]

---

[2] Debtors also suggest that *United States v. Tamman,* 782 F.3d 543, 552 (9th Cir. 2015) requires the Court to exclude Bradt's declaration is misplaced. In *Tamman*, the Court found that the expert, a non-lawyer, was unqualified to render a legal conclusion. Surely there is no dispute that a Law Professor is qualified to render a legal conclusion.

[3] Any testimony that is "utterly unhelpful" should be excluded. *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). Here, unlike the declaration in *Aguilar*, which was submitted (i) by the parties; and (ii) in support of an element of their claim, Bradt does not provide a conclusion directing what the Court should do here. Instead he explains what a Court *may* do. See Bradt Decl. ¶ 18 "courts *may* nevertheless impose a judicially crafted right to opt out…." Testimony on what a court *may* do is not usurping the court's power. Debtors' failure to discern the distinction between what a court *may* do and what a court *must* do is why Bradt's Declaration is needed in the first place.

## 2. Bradt's Declaration Will Aid the Court By Providing Clarity On The Applicability of Class Actions in Non-Monetary Situations

In their Objection, Debtors claim as follows: "All members of PERA's proposed Rule 23(b)(1)(A) class, i.e., the Subordinated Securities Claimants, are seeking monetary damages or its equivalent. In short, a class under Civil Rule 23(b)(1)(A) is simply not available here." And, "[I]f the defendants are solvent (or insured by a solvent indemnifier) . . . **the funds available to pay the claims are not limited**." See Objection at 13. Again, this is incorrect. Bradt's Declaration rebuts these misinterpretations by testifying, that "[g]iven the **widely shared conclusion** that such 'incompatible standards of conduct' class actions are generally **limited to non-monetary situations**. . . the reported securities cases certified under Rule 23(b)(1)(A). . . are in any opinion still good law. Legal scholars believe that such certification in securities cases should be reserved for particular situations." Bradt ¶19. Debtors' offer no explanation for how testimony regarding what legal scholars believe amounts to a "legal conclusion" (Motion at 3). Bradt's testimony is a direct response to Debtors' assertions. Such testimony is helpful in explaining the misinterpretations in the Objection.[4] See Agui*lar*, 966 F.2d at 447 (9th Cir. 1992)(rejecting testimony that is "utterly unhelpful."). Moreover, Debtors' attempt to rely on *S.E.C. v. Leslie,* 2010 WL 2991038, at *9 (N.D. Cal. July 29, 2010), is equally unpersuasive. In *Leslie*, the Court excluded the expert opinion because the expert's opinion cited to case law in a persuasive manner. See Id.[5] Bradt's declaration is distinguishable because he testifies to the conclusions of legal scholars, while referencing *Newberg on Class Actions*, the leading treatise in the discipline.

---

[4] Debtors' suggestion that "PERA relies entirely on Professor Bradt" (Motion at 2) is ludicrous. There is ample support in the case law and treatises referenced in PERA's oversized Reply Brief.

[5] Debtors' reference to the *Sportvision* is also unavailing. There, the expert's declaration circumvented the fact-finder by "telling it how to decide the case." See *Sportvision, Inc. v. SportsMEDIA Tech. Corp.*, No. C 04-03115 JW, 2005 WL 8177792, at *2 (N.D. Cal. Apr. 12, 2005). Debtors do not and cannot argue that Bradt's Declaration does anything of the sort.

### 3. Bradt's Explanation Clarifies the Fact that Discovery is Not Required For the Relief PERA Seeks Here

Bradt also opines on the extent to which discovery is necessary at the class certification stage. This is in response to Debtors' misconceptions regarding the scope of discovery at the class certification stage. Debtors contend that, "[e]ven preliminary approval of the…7023 Motion would needlessly delay resolution of the Subordinated Securities Claims by saddling the parties for months with the ***comprehensive discovery*** necessary to address these potentially dispositive issues." *See* Objection at 21. This, too, is incorrect. Bradt rebuts this misconception by testifying that, "courts generally tailor class-certification discovery as closely as possible to the Rule 23(a) and (b) factors that are actually shown to be in dispute." Bradt ¶19. Bradt's Declaration is a direct response to an argument based on a misinterpretation raised in the Objection. Importantly, Debtors do not suggest that Bradt's declaration is unhelpful to or would not aid the Court, his declaration is only unhelpful to them.

### B. Debtors Procedural Objections Fail Because They Do Not Meet Their Burden

Debtors' claim that the Bradt Declaration should be stricken because it "deprives" them of the opportunity to "submit a meaningful rebuttal" (*see* Motion at 9) misses the mark. PERA filed the Bradt declaration to rebut Debtors' assertions in the Objection, and therefore it is properly raised in the Reply. Moreover, Professor Bradt does not opine on any issues that were not previously raised. And certainly, the declaration mindful of the role the Court plays, and at no point attempts to usurp to power of the court. As such, Debtors' have not met their burden of showing that Declaration would not be helpful to the trier of fact.

Debtors' further claim that depriving them of a rebuttal violates F.R.C.P. 37(c)(1). This is equally unavailing. In order to exclude evidence under Rule 37(c)(1), the court must find that (i) there was a violation of Rule 26(a); (ii) the violation was unjustified; and (iii) the violation was prejudicial. *See* Rule 37(c)(1). Debtors do not meet their burden on any of the three prongs.

First, not only was the motion to strike brought under a different Federal Rule, Debtors make no claim that the Bradt declaration was offered in violation of Rule 26(a). Nor could they. Second, as described above, Bradt's declaration is offered to aid the court in its discretional analysis. An analysis that Debtors failed to properly undertake in their Objection. Thus, it is not "unjustified."[6] But, rather than examine Bradt on their tormented interpretations, which would build a more complete record and aid the fact-finder, Debtors' prefer that Bradt's testimony be excluded.

For all the reasons described above, the Court should deny the motion to strike and consider the Bradt Declaration.

Dated: November 16, 2020                Respectfully submitted,

                                                 **MICHELSON LAW GROUP**

                                                 By:   */s/ Randy Michelson*
                                                 Randy Michelson (SBN 114095)

                                               *Local Bankruptcy Counsel to Lead Plaintiff and the Class*

                                               - and -

                                               **LABATON SUCHAROW LLP**

                                               *Lead Counsel to Lead Plaintiff and the Class*

                                               - and -

                                               **LOWENSTEIN SANDLER LLP**

                                               *Special Bankruptcy Counsel to Lead Plaintiff and the Class*

                                               - and -

                                               **WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**

                                               *Liaison Counsel for the Class*

                                               - and -

---

[6] In addition, Debtors had the opportunity to file their own expert declaration in support of their Reply. *See* [Dkt. Nos. 9378, 7379].

**ROBBINS GELLER RUDMAN & DOWD LLP**

*Counsel for the Securities Act Plaintiffs*

- and -

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**

*Additional Counsel for the Securities Act Plaintiffs*

# EXHIBIT A
## COUNSEL

| | |
|---|---|
| **LABATON SUCHAROW LLP**<br>Thomas A. Dubbs<br>Carol C. Villegas<br>Jeffrey A. Dubbin (SBN 287199)<br>140 Broadway<br>New York, New York 10005<br>Telephone 212-907-0700<br>tdubbs@labaton.com<br>cvillegas@labaton.com<br>jdubbin@labaton.com | **WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**<br>James M. Wagstaffe (SBN 95535)<br>Frank Busch (SBN 258288)<br>100 Pine Street, Suite 725<br>San Francisco, California 94111<br>Telephone 415-357-8900<br>wagstaffe@wvbrlaw.com<br>busch@wvbrlaw.com |
| *Lead Counsel to Lead Plaintiff and the Class* | *Liaison Counsel for the Class* |
| **LOWENSTEIN SANDLER LLP**<br>Michael S. Etkin *(pro hac vice)*<br>Andrew Behlmann *(pro hac vice)*<br>Scott Cargill<br>Colleen Maker<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone 973-597-2500<br>Facsimile 973-597-2333<br>metkin@lowenstein.com<br>abehlmann@lowenstein.com<br>scargill@lowenstein.com<br>cmaker@lowenstein.com | **MICHELSON LAW GROUP**<br>Randy Michelson, Esq. (SBN 114095)<br>220 Montgomery Street, Suite 2100<br>San Francisco, CA 94104<br>Telephone 415-512-8600<br>Facsimile 415-512-8601<br>randy.michelson@michelsonlawgroup.com |
| *Special Bankruptcy Counsel to Lead Plaintiff and the Class* | *Local Bankruptcy Counsel to Lead Plaintiff and the Class* |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Darren J. Robbins (SBN 168593)<br>Brian E. Cochran (SBN 286202)<br>655 West Broadway, Suite 1900<br>San Diego, California 92101<br>Telephone 619-231-1058<br>darrenr@rgrdlaw.com<br>bcochran@rgrdlaw.com | **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Willow E. Radcliffe (SBN 200089)<br>Kenneth J. Black (SBN 291871)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, California 94104<br>Telephone 415-288-4545<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| **VANOVERBEKE, MICHAUD & TIMMONY, P.C.**<br>Thomas C. Michaud<br>79 Alfred Street<br>Detroit, Michigan 48201<br>Telephone 313-578-1200<br>tmichaud@vmtlaw.com | |

*Additional Counsel for the Securities Act Claims*

# EXHIBIT B
# RESERVATION OF RIGHTS

This Notice, and any subsequent pleading, appearance, argument, claim, or suit made or filed by Lead Plaintiff, either individually or for the Class or any member thereof, do not, shall not, and shall not be deemed to:

    a.    constitute a submission by Lead Plaintiff, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

    b.    constitute consent by Lead Plaintiff, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order or judgment, or any other order having the effect of a final order or judgment, in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter or proceeding;

    c.    waive any substantive or procedural rights of Lead Plaintiff or the Class or any member thereof, including but not limited to (a) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment, or any other order having the effect of a final order or judgment, on any matter; (b) the right to have final orders and judgments, and any other order having the effect of a final order or judgment, in non-core matters entered only after de novo review by a United States District Court judge; (c) the right to trial by jury in any proceedings so triable herein, in the Chapter 11 Cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, the Chapter 11 Cases, any Related Proceedings, or the Securities Litigation; (d) the right to seek withdrawal of the bankruptcy reference by a United States District Court in any matter subject to mandatory or discretionary withdrawal; or (e) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Lead Plaintiff or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

For the avoidance of doubt, Lead Plaintiff, on behalf of itself and the Class, does not, and will not impliedly, consent to this Court's adjudication of the claims asserted against any Non-Debtor Defendants now or hereafter named in the Securities Litigation.

1