**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:    (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND ISMAEL ARREAZOLA**

[No Hearing Requested]

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Ismael Arreazola ("**Arreazola**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On April 14, 2017, Arreazola filed a complaint (the "**Complaint**") in the San Francisco County Superior Court seeking damages from the Utility in connection with an explosion that occurred in 2015 in the County of Fresno, California. The action initiated by the Complaint was later transferred to the Fresno County Superior Court and consolidated with other lawsuits arising out of the same incident. That consolidated action is currently pending in the Fresno County Superior Court (the "**State Court**") under the lead case *Ouk, et al. v. Pacific Gas and Electric Company*, Case No. 15CECG0127 (the "**State Court Action**"). Separate proceedings relating to the incident are also currently ongoing before the Workers' Compensation Appeals Board of the State of California (the "**WCAB Proceedings**"). On December 24, 2015, the State Court issued an order staying the State Court Action as to all parties, pending resolution of the WCAB Proceedings (the "**WCAB Stay**"). The State Court has since confirmed that the WCAB Stay applies to the Complaint.

B. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). As of the Petition Date, the State Court Action, which was already stayed as a result of the WCAB Stay, was also subject to the automatic stay as to the Debtors pursuant to section 362(a) of the Bankruptcy Code.

C. On October 15, 2019, Arreazola filed Proof of Claim No. 66779 (the "**Original Proof of Claim**") on account of the claims asserted in the Complaint. On December 18, 2019,

WEIL:\97680552\4\67615.0014

1  Arreazola filed Proof of Claim No. 89898 against the Utility (the "**Amended Proof of Claim**"),
2  which amended and superseded the Original Proof of Claim.

3      D.    By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the
4  Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*
5  *Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from
6  time to time, and together with any exhibits or scheduled thereto, the "**Plan**").[1] The Effective Date
7  of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

8      E.    Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation
9  Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and
10 expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly,
11 any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the
12 Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment
13 based on any pre-petition claims.

14     F.    On September 25, 2020, the Bankruptcy Court entered the *Order Approving ADR and*
15 *Related Procedures for Resolving General Claims* [Dkt. No. 9148] (collectively, the "**General**
16 **Claims ADR Procedures Order**" and the procedures approved therein, the "**General Claims ADR**
17 **Procedures**"), which, among other things, approved (i) procedures requiring General Claimants (as
18 defined in the General Claims ADR Procedures) to submit to the Reorganized Debtors certain
19 limited and targeted information necessary to allow the Reorganized Debtors to evaluate individual
20 General Claims (as defined in the General Claims ADR Procedures) for potential resolution, and (ii)
21 procedures to allow the Reorganized Debtors and General Claimants to exchange settlement offers,
22 and (iii) procedures for both standard and abbreviated mandatory non-binding mediation of General
23 Claims.

24     G.    The Parties desire to attempt to resolve the claims set forth in the Complaint, the State
25 Court Action, and the Amended Proof of Claim pursuant to the General Claims ADR Procedures and
26 on the terms otherwise set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Parties shall attempt to settle and resolve the claims set forth in the Complaint and the Amended Proof of Claim pursuant to the General Claims ADR Procedures. The Parties agree that the Amended Proof of Claim and the claims set forth therein shall enter, and be subject to, the General Claims ADR Procedures as approved by the General Claims ADR Procedures Order.

2. In the event the Parties are unable to settle and resolve the claims set forth in the Complaint and the Amended Proof of Claim pursuant to the General Claims ADR Procedures as set forth in Paragraph 1 above, effective as of the date of the expiration of the WCAB Stay, the Plan Injunction shall be modified solely to permit Arreazola to liquidate the Amended Proof of Claim by prosecuting the Complaint in the State Court Action through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

3. Nothing herein is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Amended Proof of Claim on any grounds, or

   b. a waiver by Arreazola of his rights to assert any right in opposition of any asserted challenge to the Amended Proof of Claim, or

   c. a waiver by any Party of any claim or defense in the State Court Action.

4. Upon the date of the entry of an order approving this Stipulation, the Original Proof of Claim shall be deemed expunged, and Prime Clerk LLC, the claims agent appointed in the Chapter 11 Cases, shall be authorized to update the official claims register to reflect the terms set forth herein.

5. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

6. This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: November 19, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

*/s/ Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Reorganized Debtors*

Dated: November 19, 2020

COREY, LUZAICH, DE GHETALDI & RIDDLE LLP

*/s/ Dario de Ghetaldi*
Dario de Ghetaldi

*Attorneys for Ismael Arreazola*