**Entered on Docket**
**November 23, 2020**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: November 23, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>Paul H. Zumbro (*pro hac vice*)<br>(pzumbro@cravath.com)<br>Kevin J. Orsini (*pro hac vice*)<br>(korsini@cravath.com)<br>Omid H. Nasab (*pro hac vice*)<br>(onasab@cravath.com)<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212 474 1000<br>Fax: 212 474 3700<br><br>KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251<br><br>*Attorneys for Debtors*<br>*and Debtors in Possession* | SCOTT H. MCNUTT (CSBN 104696)<br>324 Warren Road<br>San Mateo, CA 94402<br>Tel: 415 760 5601<br>E-mail: smcnutt@ml-sf.com<br><br>*Counsel to the Fee Examiner* |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION**,<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtors**.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the lead case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**ORDER APPROVING FIFTH INTERIM AND FINAL FEE APPLICATION OF CRAVATH, SWAINE & MOORE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR (I) THE FIFTH INTERIM PERIOD JUNE 1, 2020 THROUGH AND INCLUDING JULY 1, 2020 AND (II) THE FINAL FEE PERIOD JANUARY 29, 2019 THROUGH AND INCLUDING JULY 1, 2020**<br><br>Re: Docket Nos. [8951, 9358] |

Upon consideration of the *Fifth Interim and Final Fee Application of Cravath, Swaine & Moore LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for (i) the Fifth Interim Period June 1, 2020 Through and Including July 1, 2020 and (ii) the Final Fee Period January 29, 2019 Through and Including July 1, 2020* [Docket No. 8951] (the "**Final Application**"[2]); and this Court having jurisdiction to consider the Final Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Final Application having been provided in accordance with the procedures set forth in the Interim Compensation Order and as otherwise required under the Bankruptcy Code and Bankruptcy Rules; and no objections or responses to the Final Application having been filed; and upon consideration of the proposed reductions to the compensation and expense reimbursements sought in the Final Application resulting from the compromise between Cravath, Swaine & Moore LLP (the "**Applicant**") and the Fee Examiner as set forth in that certain *Notice of Hearing on Final Applications Allowing and Authorizing Payment of Fees and Expenses of Multiple Fee Applicants Based Upon Compromises with the Fee Examiner (1st Set)* [Docket No. 9358] (the "**Notice of Hearing**"); and the Court having issued a Docket Order, on November 13, 2020, approving the compromise set forth in the Notice of Hearing; and good and sufficient cause having been shown therefor,

**IT IS HEREBY ORDERED:**

1. The Final Application is granted on a final basis as provided herein.

2. Applicant is awarded final allowance of its fees and expenses for the Final Fee Period in the amount of $143,236,137.16, consisting of $115,733,043.00 of fees and

---

[2] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Final Application.

reimbursement of $27,503,094.16 of actual and necessary expenses incurred during the Final Fee Period.

3. The Reorganized Debtors are directed to pay Applicant $11,888,453.80 (*i.e.*, the difference between the amounts allowed in paragraph 2 above and any amounts previously paid by the Debtors or Reorganized Debtors pursuant to the Interim Compensation Order).

4. The Court shall retain jurisdiction to determine any controversy arising in connection with this Order.

**\*\*\*END OF ORDER\*\*\***