RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Gerald Singleton, SBN 208783
Gary LoCurto, SBN 270372
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Email: gerald@slffirm.com
glocurto@slffirm.com

Attorneys for SLF Fire Victim Claimants

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>MOTION TO ALLOW/DEEM TIMELY LATE FILING OF AMENDED PROOF OF CLAIM BY MICHAEL LYNN MARHENKE, MICHELE MARIE HOOKER, BRUCE ROBERT MARHENKE, AND STEVE ROBERT MARHENKE, AS VESTED BENEFICIARIES OF THE 1999 MARHENKE FAMILY TRUST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEX DE ARANA-LEMICH<br><br>Date: January 15, 2021<br>Time: 10:00 a.m. (Pacific)<br>Place: **Telephonic Appearances Only**<br>United States Bankruptcy Court: Courtroom 17, 16th Floor San Francisco, CA 94102<br><br>Objection Deadline: December 29, 2020 |

1

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Singleton Law Firm ("SLF") and Marshack Hays LLP, together with several other firms, represent thousands of victims ("SLF Claimants") of the fires started by PG&E in 2015 ("Butte Fire"), 2017 (the twenty fires generally referred to as the "North Bay" and "Wind Complex Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire" and "LaFayette Fire").

SLF respectfully file this motion on behalf of Michael Lynn Marhenke ("Mike"), Michele Marie Hooker ("Michele"), Bruce Edward Marhenke ("Bruce"), and Steve Robert Marhenke ("Steven") (collectively "Beneficiaries" or "Movants") to deem timely an amended proof of claim ("Motion").

## I. Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to the vesting of a trust, some but not all beneficiaries of a trust were unable to timely file their proofs of claim. Because there is no danger of prejudice to the Reorganized Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted. This Court must determine whether to grant the Motion.

## II. Factual Background

### A. Movants' Claims Arising From Butte Fire[1]

In 1999, Bruce R. Mahrenke and Nancy A. Marhenke settled under a Declaration of Trust dated January 25, 1999, as amended on May 16, 2016, the 1999 Mahrenke Trust ("Trust"). The beneficiaries of the Trust were their 4 children: Michael Lynn Marhenke ("Mike"), Michele Marie Hooker ("Michele")[2], Bruce Edward Marhenke ("Bruce"), and Steve Robert Marhenke ("Steven"). Among the Trust res was property located at 7103 Eagle View Drive Mountain Ranch, Calaveras County, California 95246 ("Lake Property").

---

[1] *See*, Arana-Lemich Declaration, ¶¶4-13.
[2] Michele is also the Trustee of the Trust.

On September 9, 2015, the Butte Fire devastated the region, burning 70,868 acres with a total of 965 structures destroyed/damaged and two lives lost. The Lake Property was one of those destroyed.

On April 29, 2016, Nancy A. Mahrenke passed away making her husband Bruce R. Marhenke the surviving spouse with the sole ability to exercise control over the Trust.

On August 9, 2016, SLF was retained by Mike as to damages arising from the Butte Fire.

On August 24, 2016, Bruce R. Marhenke passed away and with his passing the Trust vested as to the beneficiaries. Thereafter, on August 24, 2017, Michele, as Trustee of the Trust, retained SLF for the Trust's damages arising from the Butte Fire.

In 2017, the Trust was dissolved pursuant to a Trust Distribution Agreement ("TDA"). Per the TDA, Movants became tenants-in-common as to the Lake Property with each receiving a 25% ownership interest. SLF was not informed at this time that the Trust was dissolved nor of the TDA.

On October 17, 2019, SLF filed a proof of claim in bankruptcy case for the Trust[3] and Michael[4], only, but not for any of the other beneficiaries.

In September 2020, SLF learned from Michele that a TDA was entered into changing the owners of the Lake Property to the now vested beneficiaries of the Trust. On November 3, 2020, Michele provided SLF with all the pertinent information evidencing the change in ownership.

Ultimately, due to lack of knowledge of the vesting of the Trust, SLF did not receive the appropriate information in order to *correctly* complete and file *all* Movants' proofs of claim, as vested beneficiaries.

After receiving the necessary information from Movants, on November 20, 2020, SLF filed an amended claim $BW*E27402[[CSLT#4025#CF]] on behalf of Movants to ensure that all vested beneficiaries of the Trust were included ("Subject Proof of Claim"). A true and correct copy of the Subject Proof of Claim is attached to the Declaration of Alex De Arana-Lemich as Exhibit "1." Thus, to the extent necessary, SLF brings this Motion to have the Subject Proof of Claim deemed timely.

---

[3] Claim No. 31510.
[4] Claim No. 31509.

## B. Pertinent Bankruptcy Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date. *See*, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 1 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. *See*, Dk. No. 8053.

## III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movants.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movants' favor. Debtors' estates are solvent, and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re*

5

Case: 19-30088    Doc# 9611    Filed: 11/25/20    Entered: 11/25/20 13:01:19    Page 5 of 17

*Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering immediately upon becoming aware that certain beneficiaries of the now vested Trust were omitted, an amended proof of claim was filed by SLF on Movants' behalf. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not yet been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. Conclusion

For the reasons set forth above, the Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed by Movants is to be allowed as having been timely filed;
3. Granting such other or further relief as the Court deems just and proper.

Dated: November 24, 2020   MARSHACK HAYS LLP

By: /s/ Laila Masud
RICHARD A. MARSHACK
LAILA MASUD
Attorneys for SLF CLAIMANTS

Dated: November 24, 2020   SINGLETON LAW FIRM, APC

By: /s/ Gerald Singleton
GERALD SINGLETON
GARY LOCURTO
Attorneys for the SINGLETON LAW
FIRM FIRE VICTIM CLAIMANTS

# Declaration of Alex De Arana-Lemich

I, ALEX DE ARANA-LEMICH, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge or through information collected by my staff from Mr. Mike Marhenke or Ms. Michele Hooker.

3. I am an attorney with Singleton Law Firm and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Amended Proof of Claim.

4. In 1999, Bruce R. Mahrenke and Nancy A. Marhenke settled under a Declaration of Trust dated January 25, 1999, as amended on May 16, 2016, the 1999 Mahrenke Trust ("Trust"). The beneficiaries of the Trust were their 4 children: Michael Lynn Marhenke ("Mike"), Michele Marie Hooker ("Michele")[5], Bruce Edward Marhenke ("Bruce"), and Steve Robert Marhenke ("Steven"). Among the Trust res was property located at 7103 Eagle View Drive Mountain Ranch, Calaveras County, California 95246 ("Lake Property").

5. On September 9, 2015, the Butte Fire devastated the region, burning 70,868 acres with a total of 965 structures destroyed/damaged and two lives lost. The Lake Property was one of those destroyed.

6. On April 29, 2016, Nancy A. Mahrenke passed away making her husband Bruce R. Marhenke the surviving spouse with the sole ability to exercise control over the Trust.

7. On August 9, 2016, SLF was retained by Mike as to damages arising from the Butte Fire.

8. On August 24, 2016, Bruce R. Marhenke passed away and with his passing the Trust vested as to the beneficiaries. Thereafter, on August 24, 2017, Michele, as Trustee of the Trust, retained SLF for the Trust's damages arising from the Butte Fire.

9. In 2017, the Trust was dissolved pursuant to a Trust Distribution Agreement

---

[5] Michele is also the Trustee of the Trust.

("TDA"). Per the TDA, Movants became tenants-in-common as to the Lake Property with each receiving a 25% ownership interest. SLF was not informed at this time that the Trust was dissolved nor of the TDA.

10. On October 17, 2019, SLF filed a proof of claim in bankruptcy case for the Trust[6] and Michael[7], only, but not for any of the other beneficiaries.

11. In September 2020, SLF learned from Michele that a TDA was entered into changing the owners of the Lake Property to the now vested beneficiaries of the Trust. On November 3, 2020, Michele provided SLF with all the pertinent information evidencing the change in ownership.

12. Ultimately, due to lack of knowledge of the vesting of the Trust, SLF did not receive the appropriate information in order to *correctly* complete and file *all* Movants' proofs of claim, as vested beneficiaries.

13. After receiving the necessary information from Movants, on November 20, 2020, SLF filed an amended claim $BW*E27402[[CSLT#4025#CF]] on behalf of Movants to ensure that all vested beneficiaries of the Trust were included ("Subject Proof of Claim"). A true and correct copy of the Subject Proof of Claim is attached as Exhibit "1." Thus, to the extent necessary, SLF brings this Motion to have the Subject Proof of Claim deemed timely.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 24, 2020.

ALEX DE ARANA-LEMICH

---

[6] Claim No. 31510.
[7] Claim No. 31509.

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC COMPANY,
    Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
The 1999 Marhenke Family Trust, pursuant to trust distribution agreement entered on October 13, 2017
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: The 1999 Marhenke Family Trust, pursuant to trust distribution agreement entered on October 13, 2017
Attorney Name (if applicable): Gerald Singleton
Attorney Bar Number (if applicable): 208783
Street Address: 450 A STREET FIFTH FLOOR
City: SAN DIEGO
State: CA
Zip Code: 92101
Phone Number: 7606971330
Email Address: SLFBKCorres@SLFfirm.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 31510   Filed on 10/17/2019 (MM/DD/YYYY)

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                                                Page 1

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

| 7. What fire is the basis of your claim?<br><br>Check all that apply. | ☐ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☑ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
|---|---|
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 7103 Eagle View Drive, Mountain Ranch, California 95246 |
| 9. How were you and/or your family harmed?<br><br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☐ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☐ Loss of community and essential services<br>☐ Agricultural loss<br>☑ Other (Please specify): Any and all other damages recoverable under California law |
| 10. What damages are you and/or your family claiming/seeking?<br><br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☐ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Gerald Singleton*
Gerald Singleton (Nov 20, 2020 15:22 PST)

Email: SLFBKCorres@SLFfirm.com

Signature

Print the name of the person who is completing and signing this claim:

Name: Gerald Singleton
First name / Middle name / Last name

Title: Attorney

Company: Singleton Law Firm
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 450 A STREET FIFTH FLOOR
Number / Street
SAN DIEGO          CA          92101
City / State / ZIP Code

Contact phone: 7606971330          Email: SLFBKCorres@SLFfirm.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation. (attach below)   ☐ I do <u>not</u> have supporting documentation.

 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.
- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

The 1999 Marhenke Family Trust was transmuted into a tenancy in common reflecting the following four beneficiaries:

1) Michele Marhenke Hooker
2) Bruce Edward Marhenke
3) Michael Lynn Marhenke
4) Steven Robert Marhenke

The <u>Creditor Name</u> should read as follows (though Prime Clerk's Creditor Name character limit prevents this):

**Michael Lynn Marhenke, Michele Hooker, Bruce Robert Marhenke, and Steve Robert Marhenke, as vested beneficiaries of The 1999 Marhenke Family Trust, pursuant to trust distribution agreement entered on October 13, 2017.**

# Electronic Proof of Claim_$BW*E27402[[CSLT#4025#CF]]

Final Audit Report 2020-11-20

| | |
|---|---|
| Created: | 2020-11-20 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAzWye2y1YwbmM4wIs7I_BO2LBkaLe81Ik |

## "Electronic Proof of Claim_$BW*E27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2020-11-20 - 11:11:19 PM GMT

- Gerald Singleton (SLFBKCorres@SLFfirm.com) uploaded the following supporting documents:
  Attachment
  2020-11-20 - 11:23:00 PM GMT

- Web Form filled in by Gerald Singleton (SLFBKCorres@SLFfirm.com)
  2020-11-20 - 11:23:00 PM GMT- IP address: 76.232.123.17

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/87.0.4280.66 Safari/537.36)
  2020-11-20 - 11:23:02 PM GMT- IP address: 76.232.123.17

- Agreement completed.
  2020-11-20 - 11:23:02 PM GMT

Prime Clerk | POWERED BY Adobe Sign