E. Elliot Adler, Esq., SBN 229030
Geoffrey E. Marr, Esq., SBN 120640 (*Of Counsel*)
ADLER LAW GROUP, APLC
402 West Broadway, Ste. 860
San Diego, CA 92101
Tel: (619) 531-8700
Fax: (619) 342-9600

Attorneys for Creditor,
Onnyx Walker

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors.<br><br>Affects Both Debtors | Case No. 19-30088<br><br>[Lead Case - Jointly Administered]<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS & AUTHORITIES FILED BY ONNYX WALKER IN OPPOSTION TO DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (REDUCED AND ALLOWED CLAIMS)**<br><br>Onnyx Walker Claim No: 30795<br><br>**DATE: December 15, 2020<br>TIME: 10:00 a.m.<br>PLACE: U.S. Bankruptcy Court, Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>JUDGE: Hon. Dennis Montali** |

Creditor, ONNYX WALKER, respectfully files his Memorandum of Points & Authorities in Opposition to Debtors' Forty-Fifth Omnibus Objection to Claims as follows:

## INTRODUCTION

Onnyx Walker's ("Mr. Walker") claim against Pacific Gas & Electric ("Debtor") is a straight forward personal injury claim. On October 10, 2018, Mr. Walker suffered a serious fall resulting in substantial personal injuries as the result of negligence committed by the Debtor and its agents.

**The Accident:**

On the evening of October 10, 2018, at approximately 11:00 p.m., Mr. Walker was out in his neighborhood walking his dog on San Bruno Avenue toward the intersection with Dwight Street in San Francisco.

As he was walking down the street, he unsuspectingly encountered a 4 x 8 foot piece of plywood that had been placed on the sidewalk by the Debtor or its agents. <u>The piece of plywood was unmarked and there were no signs or barriers to place pedestrians on notice it was present.</u> The construction crew utilized by the Debtor, had placed a piece of plywood on the street, but failed to make sure its edges were flush with the surface of the sidewalk or mark it anyway so that it stood out to a pedestrian walking at nighttime. The exposed edges of the piece of plywood were raised up several inches from the surface of the sidewalk creating a tripping hazard to pedestrians. As Mr. Walker proceeded down the street his toes went under the edge of the plywood and he flew awkwardly forward onto the ground. It happened so quickly, he was unable to position his hands to break his fall and landed with great force onto the cement sidewalk. As he fell, he also twisted his back around and landed full force onto his shoulder.

He was stunned by the force of the fall and laid on the street for several minutes experiencing significant pain. Due to the time of night, there were no other pedestrians to render aid. Eventually, he was able to crawl over to the electric box nearby where he fell and make it back onto his feet. After several minutes, he was

able to hail a bus driver across the street that dropped him off near his home. [See Decl. O. Walker ¶¶ 3-5 and **Exhibit "A"** pictures of accident scene].

### CPMC Mission Bernal Hospital & Recuperation At Home:

The accompanying Declaration of Mr. Walker explains in detail that on October 13, 2018 he went to the emergency room at CPM Mission Bernal Hospital located in San Francisco. After his examination, he was diagnosed with injuries to his large great toe and lower back, subsequently discharged and ordered to recuperate at home.

Mr. Walker had to recuperate at home from his injuries for the next 4 weeks while in significant pain. His pain level was sharp and throbbing the majority of the time and it was constantly present and rarely subsiding. As a result of his injuries, Mr. Walker was unable to work at the computer, attend his college classes or work at Randstad USA.

Mr. Walker is legally entitled to all economic and non-economic damages related to the accident which was caused by the Debtor or its agents. His <u>economic damages</u> include both out-of-pocket medical expenses and lost wages. His <u>non-economic damages</u> include his pain and suffering, emotional distress and loss of enjoyment of the normal activities of life. [See Decl. O. Walker ¶¶ 6-11 and **Exhibit "B"** medical records and **Exhibit "C"** medical invoices].

### **RECOVERABLE DAMAGES**

A person who "suffers" a "loss or harm" to her person or property due to another's "unlawful act or omission" may sue for "damages" that "compensate" for all of the loss or harm proximately caused by that act or omission. (Civ. Code, §§ 3281–3283 & 3333; accord, Meister v. Mensinger (2014) 230 Cal.App.4th 381, 396, 178 Cal.Rptr.3d 604

Compensable damages are categorized as either "general" or "special." General damages are those damages that "necessarily result from the act complained of." (Beeman v. Burling (1990) 216 Cal.App.3d 1586, 1599, 265 Cal.Rptr. 719.) Put differently, general damages "flow from the injuries received." (Treadwell v. Whittier (1889) 80 Cal. 574, 581, 22 P. 266.)

**1. Medical Expenses:**

An injured claimant is entitled to recover the reasonable value of all medical expenses that have been incurred as a result of the injury. [Howell v. Hamilton Meats & Provisions, Inc. (2011) 52 C4th 541, 551, 129 CR3d 325, 330-331]

Mr. Walker claims include both out-of-pocket medical expenses and lost wages. He <u>did not have</u> medical insurance at the time of the accident and paid the out-of-pocket the medical expenses listed below:

Medical Expenses – ($3,130.00 Total)

A. Sutter Health: $2,532.80

B. Palomar CA Advance Imaging Med Associates: $101.00

C. San Francisco Emergency Medical Associates: $436.00

D. Other Out of Pocket Expenses: $40 back brace / $20 Motrin

**2. Lost Wages**

A claimant is also entitled to recover the reasonable value of working time lost on account of the injury. Thus, wages, commissions, bonuses and all other earnings and fringe benefits that a claimant has lost are compensable damage elements. [CACI 3903C; BAJI 14.11; Bonneau v. North Shore R.R. Co. (1907) 152 C 406, 414, 93 P 106, 110] Further, personal injury claimants are entitled to recover the gross amount of their lost income … regardless of whether their earnings or salaries would ordinarily yield a net, after-tax amount. [Rodriguez v. McDonnell Douglas Corp. (1978) 87 CA3d 626, 667-668, 151 CR 399, 442]

At the time of the accident, Mr. Walker was attending San Francisco Community College while working 30-40 hours per week through an outsourcing, staffing, and consulting entity known as Randstad USA. Randstad USA paid him between $17.00 to $25.00 per hour for these employment positions. Mr. Walker was physically <u>unable</u> to work for 4 weeks due to the injuries associated with his fall. In computing my lost wages for the four-week period, Mr. Walker has taken

the midpoint in hours worked (35) and hourly rate ($21). Four weeks times 35 hours per week equals 140 hours times $21 per hour equals $2,940.00 in lost wages.

### 3. Pain & Suffering:

"In general, courts have not attempted to draw distinctions between the elements of 'pain' on the one hand, and 'suffering' on the other; rather, the unitary concept of 'pain and suffering' has served as a convenient label under which a plaintiff may recover not only for physical pain but for fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal … Admittedly these terms refer to subjective states, representing a detriment which can be translated into monetary loss only with great difficulty. … But the detriment, nevertheless, is a genuine one that requires compensation." (Capelouto v. Kaiser Foundation Hosp. (1972) 7 C.3d 889, 893, 103 C.R. 856 at page 892.)

Mr. Walker may recover damages for his pain and suffering, emotional distress and loss of enjoyment of the normal activities of life. In this matter, Mr. Walker clearly was injured from his fall which was the direct result of the negligence of the Debtor and its agents. His testimony and medical records establish injuries to his lower back, big left toe and front shoulder. For nearly a month he suffered sharp and throbbing pain to these body parts on a constant basis. He was unable to do many of the normal daily activities we take for granted and unable to attend college classes or work. His pain and suffering he endured is described in detail in his accompanying declaration. [See Decl. O Walker ¶¶ 8-11].

Damages associated with pain and suffering, emotional distress and loss of enjoyment fall into the category of non-economic damages. These damages are normally calculated as a multiple (3 to 5 times) of the medical expenses incurred by an injured person. Mr. Walker's unreimbursed medical expenses total $3,130.00. He requests that the court award him 3 times his unreimbursed medical damages for my non-economic damages for pain and suffering, emotional distress and loss of enjoyment of the normal activities of life in the amount of $9,300.00.

**4. Summary of Claim:**

The total of above itemized damages are as follows: 1) Unreimbursed medical expenses $3,130.00, 2) Lost wages $2,940.00 and 3) Pain & Suffering $9,300.00 equals $15,370.00.  Mr. Walker timely filed his original proof of claim for $15,000.00 and requests that the court allow his claim in the amount of $15,000.00.

## **CONCLUSION**

Mr. Walker has repeatedly requested that the Debtor reimburse him for his out-of-pocket medical expenses and other damages since they were incurred in 2018.  Counsel has also presented this same information and documents on May 1, 2020, to Debtor's representative Mr. Anthony Keir, Sr. Law-Claims Investigator at Pacific Gas & Electric Company.  Mr. Walker has been forced to present the same information and documents – a third time in response to this claim objection.  At no time has the Debtor denied liability for Mr. Walker's injuries or sought to genuinely evaluate and settle the claim.  Instead, the Debtor and its employees have refused to evaluate his claim or engage in good-faith negotiations to resolve the claim and without explanation or analysis, stubbornly seek to reduce his claim to the arbitrary figure of $3,500.00 knowing full well there is no basis for the reduction.

Mr. Walker requests that the court stop this endless run around and allow his claim in the amount of $15,000.00 and order it paid immediately by the Debtor.

**ADLER LAW GROUP, APLC**

Dated: November 25, 2020            By: */s/ Geoffrey E. Marr*
                                                              Counsel for Creditor,
                                                              Onnyx Walker