Tracy Green (Bar No. 114876)
tgreen@wendel.com
Miguel Saldaña (Bar No. 299960)
msaldana@wendel.com
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Tel.: (510) 834-6600
Fax: (510) 834-1928

Attorneys for Claimant
Etta Bacharach Testamentary A & B Trusts

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION<br><br>- and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY, a California corporation,<br><br>Debtors. | Case No. 19-30088 (DM)<br>Chapter 11<br><br>**CLAIMANT'S OPPOSITION TO REORGANIZED DEBTOR'S FORTY-FOURTH OMNIBUS OBJECTION**<br><br>**[RE CLAIM NO. 56201]**<br><br>Date: December 15, 2020<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>San Francisco, California<br>Judge: Hon. Dennis Montali |

The Etta Bacharach Testamentary A & B Trusts (the "Claimant") opposes the Reorganized Debtor's objection to Proof of Claim No. 56201 filed in the amount of $66,428.29 (the "Claim") for the reasons set forth below.

**I.       INTRODUCTION**

At the core of PG&E's confirmed plan is the utility company's promise to provide safe and reliable services to the public.  Unfortunately, in 2017,  PG&E provided negligent plans that failed to properly map out underground electrical conduit lines.  Relying on PG&E's faulty plans, Claimant's contractor began digging at the exact location where PG&E's plans indicated it was

safe to do so, only to find an unmapped underground electrical conduit line. By sheer luck no one was physically injured – but PG&E's mistake caused significant delays and added costs to the project. Ultimately, PG&E admitted its error, and provided an alternative plan that was accurate.

Now, surprisingly, the Reorganized Debtor objects to the Claim on the basis that PG&E has no liability. As provided in the supporting documentation attached to the Claim, and as further detailed herein, nothing could be further from the truth. PG&E must be held liable for providing faulty underground plans, and if it is not held accountable, no contractor will be able to rely on any PG&E plans and will be forced to dig in the dark, hoping that they are not electrocuted. Surely PG&E does not intend to abdicate its duties.

## II.  FACTS

Claimant is the owner of the commercial building located at 4881 Telegraph Ave. in Oakland, CA ("Property"). [Declaration of Mark Borsuk in Opposition to Reorganized Debtor's Objection to Claim ("Borsuk Decl.") at ¶ 1.]  As required by California law, beginning in 2017, PG&E was contacted by Claimant's tenant, the Children's Hospital Pediatric Dental Clinic, and subsequently Claimant's property manager and successor trustee, Mark Borsuk ("Borsuk"), to obtain the necessary plans to expand the power supply to the Property ("Project"). [*Id*. at ¶ 2.]

On April 11, 2017, PG&E provided engineering plans that supposedly mapped out the location of existing underground power lines and also mapped the location where the holes and trenches should be dug in furtherance of the Project (the "Plans"). [Borsuk Decl. at ¶ 3, Exhibit A.]  A true and correct copy of the initial Plans is attached as **Exhibit A** to the Borsuk Decl.

Beginning on January 19, 2018, Claimant's contractor for the Project, Gill's Electric, Inc. ("Contractor") began digging the 5'x10' trenches in the exact location specified in PG&E's Plans. [Borsuk Decl. at ¶ 4]. Several feet into the excavations, the Contractor's employees encountered three large electrical conduits. [*Id*.] Luckily, the employees noticed the conduits just in time, and immediately ceased all work on the Project before someone was electrocuted. [*Id*., Exhibit B.] A picture of the previously unmarked electrical conduits is attached as **Exhibit B** to the Borsuk Decl.

On April 26, 2018, Borsuk contacted Thomas Guarino of the PG&E East Bay Public

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Affairs Team (e-mail: TGG3@pge.com) ("Guarino"). [Borsuk Decl. at ¶ 5.] Borsuk informed Guarino about the unmapped underground lines, and Guarino acknowledged that PG&E provided wrong information. [*Id*.] Accordingly, Mr. Guarino e-mailed his PG&E colleague, Terry Walker-Mullings, to request that PG&E expedite the processing of revised plans. [*Id*.] Specifically, Guarino's e-mail states as follows: "Terry: given **PG&E's role in providing wrong information** initially is there any way we can help Mark out and move this up the queue?" [*Id*., Exhibit C. (emphasis added.)] A true and correct copy of the April 26, 2020 e-mail is attached as **Exhibit C** to the Borsuk Decl.

In recognition of their error, PG&E provided revised plans that accurately mapped the underground lines and Claimant was ultimately able to proceed with the Project in a new location. [*Id*. at ¶ 6.] However, PG&E's error caused substantial delay to the Project. [*Id*.] Moreover, Claimant had to accrue costs for remediation work and to effectively re-do the excavation work for the Project. [*Id*.]

Claimant timely filed its Claim on October 10, 2019. [*Id*. at ¶ 7.] The Claim amount is $66,428.29 and documentation was submitted with a breakdown of the damages calculation (Exhibit B to the Claim) as well as individual invoices/statements to substantiate the amounts incurred by Claimant (Exhibits B-D). [*Id*.]

### III. LEGAL ARGUMENT

Claimant has a straightforward negligence claim for damages of $66,429.00 in delay and change order costs that were the proximate result of PG&E's Engineering and Planning Department's failure to provide plans that accurately mapped underground power lines. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.)

PG&E had a duty to provide accurate plans mapping out the location of underground electrical conduit lines to ensure that the Project was properly and safely implemented. By not providing accurate plans, PG&E not only put workers at harm's risk (and threatened the services of customers in the area), but it also breached it duty. The direct cause of claimant's damages were PG&E's failure to provide accurate plans and thus Claimant's project was substantially delayed, and required additional costs to ensure that the first hole and trenches were properly

1 covered, and a new excavation in the correct locations was started to avoid underground conduit
2 lines, plus the costs for additional inspections of the Project.

3     Responding Party's contention that there is no information to properly assess the Claim is
4 perplexing. As set forth above, PG&E conceded that it provided the wrong information, and the
5 mistake was theirs. Further, Claimant's damages was the exact amount of $66,428.29, and those
6 damages were substantiated in the Claim by attaching the invoices.

7     The Reorganized Debtor's attempt to claim that no liability exists is legally without merit
8 and factually inaccurate. PG&E's faulty plan could have resulted in severe bodily injury or death,
9 and its denial of liability shows a shocking disregard for performing services in a safe and reliable
10 manner. PG&E's denial of liability for damages that arose due to its inaccurate plans does not
11 portend a positive future for the utility company or the customers that it services.

12     The timely-filed Claim in the amount of $66,428.29 should be allowed, and the
13 Reorganized Debtor's objection thereto should be overruled.

## IV. CONCLUSION

For the reasons stated above, Claimant opposes the Reorganized Debtor's Objection to Claim No. 56201 and respectfully requests that the Court overrule the Objection.

Dated: November 25, 2020          WENDEL ROSEN LLP

By: */s/ Tracy Green*
    Tracy Green
    Miguel Saldaña
    Attorneys for Claimant Etta Bacharach
    Testamentary A & B Trusts

Wendel Rosen LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036