# RESPONSE
# TO
# NOTICE OF THE REORGANIZED DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)

**SENT VIA:** Email (PGEclaims@kbkllp.com) & Express US Mail

**TO:** UNITED STATES BANKRUPTCY COURT; NORTHERN DISTRICT OF CALIFORNIA; SAN FRANCISCO DIVISION

**FROM:** CHRISTOPHER A. MUESSEL (Proof of Claim No. 75887); 7730 Silverado Trail; Napa, CA 94558; Mobile: 707-787-8405 (the "**CLAIMANT**")

**REORGANIZED DEBTORS:** PG&E CORPORATION and PACIFIC GAS AND ELECTRIC COMPANY **("DEBTORS" or "PG&E")**; Bankruptcy Case No. 19-30088(DM)

**CLAIM AMOUNT:** $100,000 claim for 10 CA native oak trees ($10,000/tree) damaged by DEBTORS and/or their subcontractors via unauthorized cuttings

**RE**: NOTICE OF THE REORGANIZED DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS) filed November 5, 2020 ("**OMNIBUS OBJECTION**")

**Dear Honorable Judge Dennis Montali,**

This response ("**RESPONSE**") is filed in reply to the above-referenced OMNIBUS OBJECTION, and relies on the original "Official Form 410 Proof of Claim" filed in this matter on October 18, 2019, including several photographs of damaged native oak trees attached thereto, which was registered as Claim No. 75887, as supplemented by a follow-up correspondence to PG&E dated January 26, 2020 (emailed to Ms. Jodi Zamora, PG&E, Santa Rosa, CA at jxzi@pge.com) (collectively, the "**CLAIM**").

The reasons why the Bankruptcy Court **should not sustain the OMNIBUS OBJECTION** are as follows:

1. **DEBTORS' BASIS FOR OBJECTION IS FALLACIOUS AND MISLEADING:**
   The DEBTORS' basis for objection — "damage not caused by PG&E" — is entirely

fallacious and misleading, since any/all tree cuttings along PG&E's power lines are done by — and **ONLY** by — PG&E and/or its subcontractors. *Ipso facto*, the DEBTORS and/or its subcontractors are the only entities that could have caused the damage during 2016-2017 for which remedy is sought under the CLAIM. In other words, since CLAIMANT purchased the property in 2013, no other entities — private, quasi-public or public — have cut the trees along PG&E's power lines adjacent to CLAIMANT's property, EXCEPT THE DEBTORS AND/OR THEIR SUBCONTRACTORS. Therefore, the photographs of damaged trees due to unauthorized cuttings submitted with the CLAIM provide *PRIMA FACIE* **EVIDENCE** that PG&E and/or its subcontractors have in fact cut/damaged the referenced trees.

2. **DEBTORS EMPLOYEES/SUBCONTRACTORS HAVE PREVIOUSLY ACKNOWLEDGED CAUSING THE REFERENCED DAMAGE, AND ARE THEREFORE ESTOPPED FROM DENYING SAME:** Contrary to the OMNIBUS OBJECTION, the DEBTORS appear to have failed to sufficiently review "their books and records and any information submitted in connection with the Proofs of Claim," since they have overlooked discussions/communications between CLAIMANT and employees of PG&E and its subcontractors, including (among others) Ms. Carol Sefranka, Lead Land Tech, Land Mgmt, PGE, Santa Rosa, CA at CSSb@pge.com), who acknowledged during a site visit to CLAIMANT'S property in September 2017 that 10 native oak trees (pursuant to a joint accounting) had been cut by PG&E and/or its subcontractors. At the end of her visit, Ms. Sefranka said she would revert to CLAIMANT with a proposed compensation amount, but no compensation proposal was forthcoming (likely due to PG&E's shifting its claims focus to claims stemming from the October 2017 North Bay fires). Notwithstanding this, however, this PG&E employee's acknowledgement (and acknowledgments by other employees of PG&E and its subcontractors) that the subject tree damage was caused by PG&E and/or its subcontractors, **ESTOPPES THE DEBTORS FROM STATING IN THE OMNIBUS OBJECTION "that the harm or damage described in the [CLAIM] was not caused by the Debtors."**

3. **DEBTORS ARE LIABLE FOR DAMAGES BECAUSE THEY DO NOT HAVE AN EASEMENT**: As stated previously in the CLAIM, even if PG&E reverses its preliminary findings and admits that it caused the referenced tree damage, it cannot contend that it is not liable for such damage on the basis that it has an easement. This is because **PG&E DOES NOT HAVE AN EASEMENT** on the portion of CLAIMANT'S private property where the tree cuttings took place. Devoid of such easement, PG&E and/or its subcontractors had no authority to cut the referenced trees, and therefore, PG&E must be held fully liable for the damage it has caused. Accordingly**, THE DEBTORS CANNOT REASONABLY ARGUE IN THE OMNIBUS OBJECTION that the DEBTORS "are not liable for [the] amounts and the corresponding [CLAIM] should be expunged."**

4. **DEBTORS ARE ON RECORD -- AND HAVE ESTABLISHED A PRECEDENT-- OF COMPENSATING CLAIMANT WHEN ITS REPRESENTATIVES HAVE CAUSED DAMAGE TO CLAIMANT'S TREES**: Prior to the dates covered by the CLAIM, namely, in April 2014, PG&E compensated the CLAIMANT for damage that PG&E caused when one of its crane trucks hit and damaged a CA native oak tree on CLAIMANT's property (very near to, and of the same type of, trees which are the subject of the CLAIM). **(See PG&E Claim No. 2014350076;** further information regarding this claim and PG&E's compensation will be provided upon request.) Accordingly, PG&E has established a precedent for compensating CLAIMANT for damage it has wrongly caused to CLAIMANT's trees, and such precedent should be applied to the present CLAIM.

**DECLARATION**: I declare under penalty of perjury that I, CHRISTOPHER A. MUESSEL, am the person with knowledge of the relevant facts that support this RESPONSE, and I am authorized to reconcile, settle or otherwise resolve the OMNIBUS OBJECTION.

**SIGNED**: _____*Christopher A. Muessel*_____

CHRISTOPHER A. MUESSEL

(Proof of Claim No. 75887)

7730 Silverado Trail

Napa, CA  94558

Mobile: 707-787-8405

**DATED**: November 27, 2020