Dorcas Wheeler, In Pro Per
3019 Shasta Way
Santa Rosa, CA 95403
(559) 917-8557
dorcaswheeler@gmail.com

DORCAS WHEELER, IN PRO PER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PG&E Corporation<br><br>-and-<br><br>Pacific Gas and Electric Company,<br><br>Debtors | Bankruptcy Case No.: 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>RESPONSE TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)<br><br>DATE: December 15, 2020<br>TIME: 10:00 a.m. (Pacific Time)<br><br>PLACE: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom: 17, 16th Floor<br>San Francisco, CA 94102 |

**RESPONSE OF CREDITOR DORCAS WHEELER TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)**

Creditor has 3 claims on file with the Prime Clerk:

1. 55395-is a pass through claim to an unrelated and separate fire claim issue(s).
2. 79932-is a claim filed against Pacific Gas and Electric Company for $30,020.00. (typo made-The amount should have been $31,020.00)
3. 80179-is an identical claim against PG&E Corporation for $31,020.00, the correct amount of the claim.

In short, there is only one claim that creditor wishes to pursue in this matter in the amount of $31,020.00 against whichever debtor the court determines is responsible for this type of claim.

- 1 -
RESPONSE TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)

# THE COURT SHOULD NOT SUSTAIN THE DEBTOR'S BLANKET ASSERTION OF "NO LIABILITY" AS TO CREDITOR'S CLAIM

A review of the exhibit attached to Debtor's objection to claim indicates that the objection to this Creditor's claim is a "Rule 16 Claims" objection. Whether this is a reference to Federal Rules of Civil Procedure, Rule 16 or Rule 16 of the California Public Utilities Commission is not clear not does either clarify the basis of the naked objection of "no liability" found in the body of the objection pleading nor give it any more weight or credibility.

## THE CLAIM

This claim arises out of Debtor's unauthorized, improper, and negligent pruning of trees belonging to creditor on her residential property located at 1721 N. Recreation, Fresno, CA, on April 28, 2017.

At no time prior to April 28, 2017 was Creditor approached by Debtors in any fashion with a request to trim her trees and Creditor did not consent to Debtor's tree trimming, nor was she advised that Debtor's believed that the trees needed trimming. At the time of the "pruning", the late afternoon and evening of April 28, 2017, creditor's tenants notified creditor of the unauthorized trimming and creditor spoke by phone with the Debtor's subcontracted worker(s) (of Tree's Inc.) (specifically to the crew foreman, Jeff Spartz) and instructed him/them to cease and desist, they did not, they continued in their destruction of creditor's personal property.

Creditor immediately thereafter, filed a claim with innumerable PG&E telephonic claims representatives and thereafter with Joe Stewart of PG&E Vegetative Management (Fresno/Kern) (Claim #8191058109). In the following week, Mr. Stewart is the individual in the PG&E organization who sent workers out to at least clean up the organic debris left behind from the massacre of creditor's trees. Mr. Stewart suggested that Creditor email lawclaims@pge.com for any further relief. Creditor repeated the claim in an email to lawclaims@pge.com on 5/11/2017. (See attached Creditor's Exhibit 1). Later that day

- 2 -
RESPONSE TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)

Case: 19-30088    Doc# 9632    Filed: 11/30/20    Entered: 11/30/20 16:03:19    Page 2 of 8

creditor received an email from Kristen Jensen, Pacific Gas & Electric-Law Department at 1455 E. Shaw Ave. Fresno, CA 93710, who acknowledged receipt of creditors claim. The email informed creditor that Ms. Jensen was the claims administrator but that there was a new claim number to reference: 2017400625 (See attached Exhibit 2). The following day, 5/12/220, Creditor received another email from Ms. Jensen informing creditor that she "regret(s) that we cannot accept your claim".

   Contemporaneously, Creditor engaged the firm of Kuhtz-Pape, Registered and Certified Consulting Arborists to assess creditor's damages. (See attached Letter Exhibit 3). Creditor's attempts to include the extensive and thorough report (that includes photographs) with the online claim submission(s) were unsuccessful due to the size of the file document(s). The report can be submitted prior to the December 15, 2020 hearing if the court and/or Debtor's counsel provides a methodology to do so. The report shows damage of $31,020.00 to four trees on Creditor's rear boundary to the residence at 1721 N. Recreation, Fresno, CA.

   No other communication between creditor and debtors on this matter has transpired since the May 12, 2017 email from Ms. Jensen.

DATED: November 30, 2020

                            _____
                            Dorcas Wheeler
                            In Pro Per

 Gmail

Dorcas Wheeler <dorcaswheeler@gmail.com>

# Claim #8191058109 1721 N. Recreation Fresno, CA
1 message

**Dorcas Wheeler** <dorcaswheeler@gmail.com>  Thu, May 11, 2017 at 9:06 AM
To: lawclaims@pge.com

Hello,

I understand from Joe Stewart at Vegatative Management (Fresno/Kern) that this department is the next step in the process towards resolution of my claim for the damages occasioned by Trees Inc. on my property at 1721 N. Recreation, Fresno, CA.

No less than 5 customer service representatives have told me (upon accessing the PG&E database), on 4.28.17 and in the days following the 4.28.17 incident, that there was no activity or notes relating to my address (or in the area) dating back to 2013.

Joe Stewart will tell you he that he now (as of 5.10.17) has an outage report though he cannot share that with me. I am very curious why it took 12 days for that outage report to materialize.

I dispute the contention that there was an outage, and further, even assuming arguendo that there is a legitimate outage report (rather than a backdated one, as I suspect), it is not germane to the negligence of Trees Inc.

Jeff Spartz shared with me that when he arrived at my house on 4.28.17 to get started, he and his crew had already put in a 10 hour day. That is negligent management and probably a California Labor Code violation to boot. They were tired, it was a Friday night, they worked well past dark and rather than follow PG&E guidelines for Vegatative Management, they butchered the trees so they could end their shift and go home.

The trees on the western boundary of my property now look as if someone intentionally tried to destroy those trees. **No alleged "outage" justifies the total lack of "professional services" rendered by the Trees Inc. team, on Arbor Day (no less).**

The before and after pictures speak for themselves (attached). I have hired a true professional Arborist and am awaiting his report.

Though we had to wait 11 days for cleanup, Joe Stewart did send out a crew to cleanup, and I am grateful for that first step.

Please let me know which of our representatives will be handling my claim so that I may start sending receipts related to my damages and other pertinent documentation.

Thank You,

Dorcas Wheeler

3 attachments


**Before.jpeg**
1266K

**After.jpg**
932K

Exhibit #1





Pge Trees inc..jpg
677K

 Gmail      Dorcas Wheeler &lt;dorcaswheeler@gmail.com&gt;

## PG&E claim# 2017400625
3 messages

---

**Jensen, Kristin L (Law-Claims)** &lt;KLJJ@pge.com&gt;      Thu, May 11, 2017 at 10:01 AM
To: "dorcaswheeler@gmail.com" &lt;dorcaswheeler@gmail.com&gt;

We would like to acknowledge receipt of your claim.

It is Pacific Gas and Electric Company's policy to promptly and fairly respond to customers' claims. All claims are evaluated on a case-by-case basis. It is our goal to resolve your claim within 30 days of receipt. However, some claims do take longer to investigate and resolve. When our investigation is complete, we will either call you or send you a letter explaining what we found and the basis for our decision. If you have questions or concerns, please give us a call, at your convenience, to check on the status of your claim.

In the meantime, please direct any future correspondence to my attention at the address below, or feel free to contact me at (559) 263-5290 if you have any questions. To help expedite your claim, please include your claim number with all correspondence.

Thank you for your courtesy and cooperation in this matter.

**Kristin Jensen**

**Investigator - Litigation and Claims**

**Pacific Gas & Electric - Law Department**

1455 E. Shaw Avenue

Fresno, CA 93710

(559)263-5290


Pacific Gas and Electric Company

*Exhibit #2* (handwritten)

---

**Dorcas Wheeler** &lt;dorcaswheeler@gmail.com&gt;      Thu, May 11, 2017 at 10:09 AM
To: "Jensen, Kristin L (Law-Claims)" &lt;KLJJ@pge.com&gt;

Hello Kristen,

Just left you a VM, return #559 917-8557, I would like to discuss this claim with you and next steps; it would be nice to settle this claim within 30 days but I am not too optimistic about that and under the circumstances I am not pushing for that, merely to get the ball rolling.

 Gmail

Dorcas Wheeler <dorcaswheeler@gmail.com>

## PG&E claim# 2017400625
1 message

**Jensen, Kristin L (Law-Claims)** <KLJJ@pge.com>  Fri, May 12, 2017 at 10:02 AM
To: "dorcaswheeler@gmail.com" <dorcaswheeler@gmail.com>

Thank you for your patience while we investigated your claim.

On the above date our representative responded to an electrical problem at your residence, upon arrival, he found trees on your property had grown into our service line causing damage.

The outage time was reported at 5:19 pm, the outage was resolved at 11:40 pm.

As stated in Rule 16.D.1.i., on file with the California Public Utilities Commission (copy attached), "Applicant (meaning customer) shall exercise reasonable care to prevent PG&E's service lateral, meters, and other facilities owned by PG&E on the Applicant's Premises from being damaged or destroyed, …". This means that you have the responsibility for keeping your tree/branches away from our service lines. Further, Rule 35 of General Order 95 (Rules for Overhead Electric Line Construction prescribed by the California Public Utilities Commission), states that the utility is not required to trim trees on a regular basis around conductors of 750 volts or less. Pacific Gas and Electric Company is not responsible for maintaining customer or city owned trees.

Also, PG&E has a regulatory obligation as well as our commitment to public safety, we are required to ensure vegetation will not interfere with the safe and reliable operation of high voltage electric transmission lines. The rear of your property is traversed by one or more high voltage electric transmission lines. They are placed within granted, prescriptive, public utility or franchise easements which allow PG&E to operate and maintain the facilities to ensure their safe and reliable operation pursuant to State and Federal regulations. Plants and trees that have the potential to grow within certain distances of the transmission lines can create safety hazards and potential widespread outages.

I have attached a copy of the rule for your review. Based on the above, we do not believe that PG&E was responsible for your loss. As a result, we regret that we cannot accept your claim.

If you have any questions or additional information that you wish us to consider, please contact me at (559) 263-5290. Please always refer to your claim number in any communication.

**Kristin Jensen**

**Investigator - Litigation and Claims**

**Pacific Gas & Electric - Law Department**

1455 E. Shaw Avenue

Fresno, CA 93710

*Exhibit #3*

Case: 19-30088    Doc# 9632    Filed: 11/30/20    Entered: 11/30/20 16:03:19    Page 7 of 8

(559)263-5290




Rule 16.pdf
44K