```
 1  Dorcas Wheeler, In Pro Per
    3019 Shasta Way
 2  Santa Rosa, CA 95403
    (559) 917-8557
 3  dorcaswheeler@gmail.com

 4  DORCAS WHEELER, IN PRO PER

 5

 6

 7                    UNITED STATES BANKRUPTCY COURT

 8                    NORTHERN DISTRICT OF CALIFORNIA

 9  PG&E Corporation                    ) Bankruptcy Case No.: 19-30088 (DM)
                                        ) Chapter 11
10  -and-                               ) (Lead Case) (Jointly Administered)
                                        )
11  Pacific Gas and Electric Company,   ) POINTS AND AUTHORITIES IN SUPPORT
                                        ) OF CREDITOR'S
12     Debtors                          ) RESPONSE
                                        ) TO THE NOTICE OF THE REORGANIZED
13                                      ) DEBTORS' FORTY-THIRD OMNIBUS
                                        ) OBJECTION TO CLAIMS
14                                      ) (NO LIABILITY/PASSTHROUGH CLAIMS)
                                        )
15                                      ) DATE:  December 15, 2020
                                        ) TIME:  10:00 a.m. (Pacific Time)
16                                      )
                                        ) PLACE: (Telephonic Appearances Only)
17                                      )        United States Bankruptcy Court
                                                 Courtroom: 17, 16th Floor
18                                               San Francisco, CA 94102
```

**POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE OF CREDITOR DORCAS WHEELER TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)**

**THE COURT SHOULD NOT SUSTAIN THE DEBTOR'S BLANKET ASSERTION OF "NO LIABILITY" AS TO CREDITOR'S CLAIM**

### THE CLAIM

This claim arises out of Debtor's unauthorized, improper, and negligent pruning of trees belonging to creditor on her residential property located at 1721 N. Recreation, Fresno, CA, on April 28, 2017.

- 1 -

POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)

Case: 19-30088    Doc# 9632-2    Filed: 11/30/20    Entered: 11/30/20 16:03:19    Page 1 of 4

## PRIMA FACIE VALIDITY OF PROOFS OF CLAIM

"The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. Fed. R. Bankr. P. 3001(f); *In re Planet Hollywood International,* 274 B.R. 391, 394 (D. Del. 2001); citing *In re Allegheny Intern Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). Thus, pursuant to Rule 3001(f), an objecting debtor has the burden of producing evidence rebutting the *prima facie* validity of such a claim. Stated otherwise, "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkley,* 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); aff'd., 89 B.R. 608; aff'd., 879 F.2d 859; *see, also, In re Lewis,* 80 B.R. 39, 40 (E.D. Pa. 1987); citing 3 Collier on Bankruptcy ¶502.02 at 502-22."

Once a debtor has fulfilled this burden of production, the burden then shifts to the creditor. *See Smith v. Sprayberry Square Holdings Inc. (In re Smith),* 249 B.R. 382, 332-33 (Bankr. S.D. Ga. 2000). In fact, it is the creditor that has the ultimate burden of persuasion. *In re Reilly,* 245 B.R. 768, 773 (2d Cir. B.A.P. 2000); *see, also, In re Circle J Dairy,* 92 B.R. 832, 833 (Bankr. W.D. Ark. 1988). However, the burden reverts back to the creditor upon the debtor's meeting its burden to produce evidence that rebuts the initial presumption. *Id.* at 773-74; *see, also, In re Brown,* 221 B.R. 46, 47-8 (Bankr. S.D. Ga. 1998)." American Bankruptcy Institute

## THE NECESSARY EVIDENTIARY PROOF TO REBUT A TIMELY FILED PROOF OF CLAIM

"Based on Rule 3001(f)'s express language, more than conclusory statements denying liability are necessary to rebut the presumption raised by the timely filing of a proof of claim. *See In re Brown,* 221 B.R. 46, 48 (Bankr. S.D. Ga. 1998). Indeed, "[t]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000)." American Bankruptcy Institute.

Debtors have provided not one scintilla of evidence that Creditor's claim is not valid other than the naked assertion that there is "no liability" based on "Rule 16"

"No liability" is not a factual basis with which to overcome the Prima Facie validity of Creditor's claim.

Rule 16, assuming arguendo that this is the Rule 16 that is the basis of Debtor's "Objection to Claim" is attached herein as Exhibit #4 and is specific to Applicants for New Service. Creditor's property and service with PG&E has been in existence for decades.

"No liability" is a self-serving conclusion that is not sufficient to shift the burden back to Creditor.

Further, in the "Rejection of Claim" email from Kristen Jensen on May 12, 2017 (Exhibit 3 to Creditor's Response-see for reference), Kristen admits that "the rear of your property is traversed by one or more high voltage electric transmission lines" and that under "Rule 35 of General Order 95 (Rules for Overhead Electric Line Construction prescribed by the California Public Utilities Commission), states that the utility is not required to trim trees on a regular basis around conductors of 750 volts or less". Apparently, Debtor's have a higher responsibility for maintaining their high voltage lines than it does for lower voltage lines of 750 volts or less. Interesting, but not the point. Creditor's claim is based on unauthorized, improper, and negligent pruning of trees belonging to creditor on her residential property located at 1721 N. Recreation, Fresno, CA, on April 28, 2017 regardless of the voltage of the lines impacted.

Since Debtor's have not provided **any facts** rebutting this claim (of "improper pruning"), Creditor asks the Court to **DENY THE OBJECTION TO CLAIM**.

DATED: November 30, 2020

*/s/ Dorcas Wheeler*
Dorcas Wheeler
In Pro Per

- 3 -
POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO THE NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS)

Case: 19-30088    Doc# 9632-2    Filed: 11/30/20    Entered: 11/30/20 16:03:19    Page 3 of 4



| Pacific Gas and Electric Company<br>San Francisco, California<br>U 39 | Cancelling | Revised<br>Original | Cal. P.U.C. Sheet No.<br>Cal. P.U.C. Sheet No. | 15604-E<br>14883-E |

**ELECTRIC RULE NO. 16**  
**SERVICE EXTENSIONS**  
Sheet 13

D. RESPONSIBILITIES FOR NEW SERVICE EXTENSIONS (Cont'd.) (T)

1. APPLICANT RESPONSIBILITY (Cont'd.)

   i. REASONABLE CARE. Applicant shall exercise reasonable care to prevent PG&E's Service Extensions, other PG&E facilities, and meters owned by PG&E or others, on the Applicant's Premises from being damaged or destroyed, and shall refrain from interfering with PG&E's operation of the facilities and shall notify PG&E of any obvious defect. Applicant may be required to provide and install suitable mechanical protection (barrier posts, etc.) as required by PG&E. (T)

2. PG&E RESPONSIBILITY

   a. SERVICE, METER, AND TRANSFORMER. PG&E will furnish, install, own, and maintain the following Service Facilities as applicable after Applicant meets all requirements to receive service:

      1) UNDERGROUND SERVICE. A set of service conductors to supply permanent service from the Distribution Line source to the Service Delivery Point approved by PG&E. (T)

      2) RISER MATERIALS. Any necessary pole riser material for connecting underground services to an overhead Distribution Line.

      3) OVERHEAD SERVICE. A set of overhead service conductors and support poles to supply permanent service from a Distribution Line source to a suitable support at the Service Delivery Point approved by PG&E. Such support shall be of a type and located such that service wires may be installed in accordance with good engineering practice and in compliance with all applicable laws, ordinances, rules, and regulations including those governing clearances and points of attachment. (T)

*Exhibit #4*

(Continued)

| Advice Letter No: 1765-E<br>Decision No. 97-12-098<br>13C1 | Issued by<br>**Thomas E. Bottorff**<br>Vice President<br>Rates Account Services | Date Filed<br>Effective<br>Resolution No. | May 11, 1998<br>July 1, 1998 |

Case: 19-30088    Doc# 9632-2    Filed: 11/30/20    Entered: 11/30/20 16:03:19    Page 4 of 4