THOMAS E. BOZE, COUNTY COUNSEL (SBN 209790)
Todd E. James, Deputy County Counsel (SBN 279339)
Daniel P. Solish, Deputy County Counsel (SBN 279446)
Stanislaus County Counsel
1010 10th Street, Suite 6400
Modesto, CA 95354
(209) 525-6376
(209) 525-4473 (fax)
cocolaw@stancounty.com

Attorneys for County of Stanislaus

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br>and<br>Pacific Gas and Electric Company,<br><br>Debtors.<br><br>_ Affects PG&E Corporation<br>X Affects Pacific Gas and Electric Company<br>_ Affects Both Debtors | Bankruptcy Case No. 19-30088(DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**RESPONSE TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY/PASSTHROUGH CLAIMS) – STANISLAUS COUNTY PUBLIC WORKS CLAIM NO. 56952**<br><br>Date: December 15, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearance Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

Stanislaus County Public Works ("County") submits this response to the Reorganized Debtors' *Forty-Fourth Omnibus Objection to Claims (No Liability/Passthrough Claims)* [Dkt. No. 9487] and respectfully requests that this Court overrule the Reorganized Debtors' objection to Claim No. 56952 based on the following:

I. **Background**

In 2017, Pacific Gas and Electric Company ("Utility") applied for and received an encroachment permit from the County for traffic control and road closure in order to replace three existing valves in Riverbank, CA. Clark Decl., ¶ 3. In violation of the terms of the

1

County's Response to Reorganized Debtors' Forty-Fourth Omnibus Objection

Case: 19-30088    Doc# 9638    Filed: 12/01/20    Entered: 12/01/20 10:20:45    Page 1 of 4

Encroachment Permit ("Permit") and the Stanislaus County Code, Utility failed to leave Central Ave., Mesa Dr., and Snedigar Rd. in as good a condition as before the encroachment on the County's Right of Way. Clark Decl., ¶¶ 4-5. In accordance with the Permit and the Stanislaus County Code, the County repaired the damage and charged Utility for the cost of repair. Clark Decl., ¶ 6. On July 3, 2018, the County invoiced the Utility for the costs of the repair. Clark Decl., ¶ 6. On April 19, 2019, the County sent a second invoice the Utility in the amount of $147,927.76.[1] Clark Decl., ¶ 7, Ex. C. As of the date of this response, the invoice remains unpaid. Clark Decl., ¶ 7.

On January 29, 2019, PG&E Corporation and Utility commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. The County timely filed Claim No. 56952 to recover the outstanding $147,927.76 on October 15, 2019. Clark Decl., ¶ 8. Reorganized Debtors object to Claim No. 56952 on the sole ground that the proof of claim provides "no supporting documentation to enable the Reorganized Debtors to understand the purported basis for liability and, after reviewing their books and records, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claim[]." Records Decl., ¶ 4(b), Dkt. No. 9456.

## II. Argument

The County respectfully requests that the Court overrule the Reorganized Debtors' objection for several reasons. Preliminarily, the County's proof of claim supported by April 19, 2019 invoice constitutes prima facie evidence of its validity, which the Reorganized Debtors' fail to rebut. In any event, the objection should be overruled because the Utility's work resulted in damage to the County right-of-way, the Utility failed to repair the damage, and the Utility did not reimburse the County for the cost of repair in violation of the Permit, Stanislaus County Code, and the Streets and Highways Code.

---

[1] The County reasonably expended $237,927.76 to repair the roadways. Clark Decl., ¶ 6. The County credited the Utility for a previous $90,000 payment, leaving $147,927.76 outstanding. Clark Decl., ¶ 7.

### A. The County's Proof of Claim Constitutes Prima Facie Evidence of Validity that the Utility Fails to Overcome.

A proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). There are no specific requirements for documentation of unsecured claims. *In re Thompson* (Bankr. W.D. Mo. 2001) 260 B.R. 484, 486 (overruling objection to proof of claim supported by a billing statement). "Upon objection, the proof of claim provides some evidence as to its validity and amount and is strong enough to carry over a mere formal objection without more." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000)(internal citations omitted). To defeat the claim, the objector must produce sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).

The County timely filed a proof of claim, supported by an invoice stating the amount due and owing, the basis for the claim, and identifying the encroachment permit number. Clark Decl., ¶ 8, Ex. D. In contrast, the Utility's sole evidence is a declaration stating that the proof of claim provides no supporting documentation to enable the Reorganized Debtors to understand the basis for liability and cannot determine any liability or basis for the asserted claim. Records Decl., ¶ 4(b), Dkt. No. 9456. Because the County provides specific supporting documentation in support of its claim, the objection should be overruled for this reason alone.

### B. The Objection should be Overruled because the Utility's Actions Resulted in Damage to the County's Right-of-Way, the Utility Failed to Repair the Damage, and the Utility did not Reimburse the County for the Cost of Repair.

Under California Streets and Highways Code Chapter 5.5, the Road Commissioner has the authority to issue encroachment permits and places the onus on the permittee to incur the entire expense of "placing the highway in as good condition as before." (Sts. & Hy. Code § 1462). Stanislaus County has incorporated this provision in its County Code and encroachment permits, requiring permittees to restore the roadway to its original condition or reimburse the County for remedying the damage. (Stanislaus County Code, Chapter 13.04; Permit Conditions, § 16.)

3

Here, the Utility breached the terms of the Permit, the Stanislaus County Code, and the Streets and Highways Code when it failed to place Central Ave., Mesa Dr., and Snedigar Rd. to the condition the roads were prior to the work in question. Clark Decl., ¶ 5. As a result of these violations, the County incurred $147,927.76 in damages. Clark Decl., ¶¶ 6-7. Because the County has produced evidence establishing the validity and amount of the claim in question by a preponderance of the evidence, the objection should be overruled for this reason as well.

Date: 11/30/2020

Respectfully submitted,

THOMAS E. BOZE
County Counsel

By /s/ Daniel Solish
Todd E. James
Deputy County Counsel

Daniel P. Solish
Deputy County Counsel

Attorneys for Stanislaus County Public Works