**THIS DOCUMENT IS 5 PAGES**

**Filed via email: CANB-EMERGENCY- FILINGS@canb.uscourts.gov**

Steven J. McDonald (Creditor Claim 80425)
3175 Somerset Drive
Lafayette, CA 94549
(415) 860-9905
Email: zzzsjm@gmail.com

Creditor in pro se

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION, PACIFIC GAS ELECTRIC COMPANY,<br><br>Debtors.<br>. | Case No: 19–30088 (DM)<br><br>**Chapter 11**<br><br>CREDITOR (CLAIM 80425) STEVEN J. McDONALD'S RESPONSE TO RE-ORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIM 80425; DECLARATION; PROOF OF SERVICE<br><br>Hearing Date: December 15, 2020<br>Time: 10:00 AM<br>Courtroom: 17 |

CREDITOR'S RESPONSE

Creditor (Claim 80425) Steven J. McDonald responds to the Re-Organized Debtors' Forty-Third Omnibus Objection to Claim 80425, as follows.

Re-Organized Debtors' objection should be denied as it off point and fails to address the facts and the claim 80425. Re-Organized Debtors' Basis For Objection is "Rule 16 Claims." It appears Re-Organized Debtors are alleging that they have the right to enter private property to perform maintenance on trees that impact their power lines. They do have the right to trim trees 8-10 feet away from power lines but that is not the case in this instance.

Here, Re-Organized Debtors' (PGE) agents instructed PGE agents to secure Creditor's approval and permission to completely cut down his tree as the tree did not need to be removed. But said agents

CREDITOR STEVEN J. McDONALD'S RESP. TO RE-ORGANIZED DEBTORS' 43rd OMNIBUS OBJECTION
-1-

never secured such approval – never even asked - yet they erroneously cut down the tree nonetheless. Re-Organized Debtors' agents <u>admitted</u> their error/negligence and that the tree should never have been cut down. Here are the basic facts as set forth in the attached declaration.

On March 19, 2018, Re-Organized Debtors (PGE) agents completely cut down Creditor's 25-year old tree without <u>any</u> notification (verbal, written or otherwise) and without his permission. The tree was an approximate 25-foot tall liquid amber that provided critical privacy, shade, and beauty. The stately tree enhanced Creditor's house and increased its property value. The tree was clearly on Creditor's property. *See attached declaration paragraphs 2 & 3*.

Re-Organized Debtors (PGE) agents admitted to Creditor that it was 100% their fault and even provided him with documentation to support his Claim 80425. PGE agent records clearly confirmed the tree was on Creditor's property. PGE agent records confirmed that PGE was required to get Creditor's approval to cut down or trim his tree as the tree did not need to be removed. They did not and they cut the tree completely down to the ground. The Davey Tree employees, who were agents of the Re-Organized Debtors, were so upset that they cut down Creditor's tree without his permission that they gave him the PGE paperwork confirming these facts. Thereafter, the Creditor contacted multiple agents of Re-Organized Debtors (PGE) who admitted to Creditor that they failed to get his required approval and that the tree should not have been cut down. Those agents include George Weiss, Peter Bennet, and Davey Tree managers. Said agents offered inadequate monetary compensation to Creditor for their wrongs and damage done. Creditor demanded reasonable compensation. *See attached declaration paragraphs 2 & 3*.

To now turn tail and argue that Re-Organized Debtors had the right to cut down the tree is disingenuous and plain wrong.

Therefore, Re-Organized Debtors' Forty-Third Omnibus Objection to Claim 80425 should be denied.

Dated: November 30, 2020

*Steven J McDonald*
_____
STEVEN J. McDONALD
Creditor in pro se

# DECLARATION

I, STEVEN J. McDONALD, declare:

1. I am a Creditor in pro se in this action. My claim is 80425. The matters stated herein are known to me by personal knowledge, unless otherwise stated, and if called to do so I will testify before the court to the same effect.

2. On March 19, 2018, PGE agents completely cut down my 25-year old tree without any notification and without my permission. The tree was an approximate 25-foot tall liquid amber that provided critical privacy, shade and beauty. The stately tree enhanced our house and increased our property value. The tree was clearly on our property.

3. PGE agents admitted to me that it was 100% their fault and even provided me with documentation to support my claim. I am informed and believe and thereon allege that my next-door neighbor indicated to PGE agents that the tree was his. However, PGE agent records clearly confirmed the tree was on my property. PGE agent records confirmed that PGE agents were required to get my approval to cut down the tree as the tree did not need to be removed. They did not and they cut the tree completely down to the ground. The Davey Tree employees were so upset that they cut down my tree without my permission that they gave us the paperwork confirming the above facts. Thereafter I contacted PGE agents who admitted to me that they failed to get our required approval and the tree should not have been cut down. Those agents include George Weiss, Peter Bennet, and Davey Tree managers. Said agents offered inadequate monetary compensation to me for their wrongs and damage done. I demanded reasonable compensation.

4. The tree was priceless; certainly worth at least $10,000. My property value has gone down. My other plants have been damaged. There is significant less privacy. Also, I spent approximately $3000 in the past 15 years to properly maintain the tree to keep it away from PGE power lines.

5. I am informed and believe and thereon allege that this is inexcusable negligence by PGE and its agents. I have documentary evidence in support of my claim including a PGE agent form confirming the tree is on my property at 3175 Somerset and instructing PGE agents to get my approval to cut down the tree. I also have photographs of the aftermath of the tree cut down.

1 | I declare under penalty of perjury under the laws of California that the foregoing is true and correct
2 | and that this declaration was executed at Lafayette, California.

Dated: November 30, 2020

*Steven J McDonald*
STEVEN J. McDONALD
Creditor in pro se

## PROOF OF SERVICE

I am a citizen of the United States. I am over the age of eighteen years. My address is 3175 Somerset Drive, Lafayette, California. On this date I served the foregoing document(s) described as:

CREDITOR (CLAIM 80425) STEVEN J. McDONALD'S RESPONSE TO RE-ORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIM 80425; DECLARATION; PROOF OF SERVICE

on the interested parties in this action by placing [ ] the original [X] a true copy thereof as follows:

Reorganized Debtors Counsel, Tobias Keller and Jane Kim
PGEclaims@kbkllp.com

[X} BY EMAIL: Sent via email to the addressee(s) directly above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on November 30, 2020 at Lafayette, California.

Dated: November 30, 2020

*Steven J McDonald*
STEVEN J. McDONALD

CREDITOR STEVEN J. McDONALD'S RESP. TO RE-ORGANIZED DEBTORS' 43rd OMNIBUS OBJECTION
-5-

Case: 19-30088  Doc# 9641  Filed: 11/30/20  Entered: 12/01/20 10:59:07  Page 5 of 5