JOHN A. VOS
1430 LINCOLN
SAN RAFAEL, CA 94901
(415) 485-5330
For myself

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PG&E CORPORATION,
PACIFIC GAS & ELECTRIC
Debtors.

(Affects both Debtors, maybe)

BK Case No.: 19-30088 (DM)

Chapter 11

**RESPONSE AND OPPOSITION TO OBJECTION TO CLAIM**

I, John A. Vos, comes now and informs:

**A. Name of Creditor: John A. Vos**

**B. Concise Statement of Reasons for Over-Ruling Debtors' Objection**:

Objector says nothing about WHY it objects to the presumptively valid claim which I have filed (claim #62490 in the sum of $600.00), stating only that "no liability claims".

Worse, the objection is not even support by a declaration under penalty of perjury. The objection is not well based in law nor rules and must be overruled.

**PRIMA FACIE VALIDITY OF PROOFS OF CLAIM**

"The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. Fed. R. Bankr. P 3001(f), In re Planet Hollywood International 274 B.R. 391, 394 (D.

- 1 -

Response and opposition to unsupported objection to claim

Case: 19-30088  Doc# 9642  Filed: 12/01/20  Entered: 12/01/20 11:08:57  Page 1 of 3

Del 2001), citing In re Allegheny Inter Inc. 954 F. 2d 167, 173 (3rd Cir 1992) thus, pursuant to Rule 3001(f), an objecting debtor has the burden of producing evidence rebutting the prima facie validity of such a claim. Stated otherwise,"[a] party objecting to the claim has the initial burden of presenting a substantial factual basis to overcome the prima facie validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim" In re Hinkley, 58 B.R. 339, 348 (Bankr. S. D Tex 1986), aff'd, 89 B.R. 608, aff'd 879 F.2d 859; see, also In re Lewis 80 B.R. 39, 40 (E.D. Pa. 1987); citing 3 Collier on Bankruptcy ¶ 502.02 at 502-22."

Here, debtor seeks to turn this well-established process on it's head, seeking to have the Court sustain an objection to a presumptively valid proof of claim merely by saying "it ain't so", without any factual rebuttal even offered.

### THE NECESSARY EVIDENTIARY PROOF TO REBUT A TIMELY FILED PROOF OF CLAIM IS WHOLLY ABSENT FROM DEBTOR'S OBJECTION

"Based on Rule 301(f)'s express language, more than conclusory statements denying liability are necessary to rebut the presumption raised by the timely filing of a proof of claim. See In re Brown, 221 B.R. 46,38 (Bankr. S.D. Ga 1998). Indeed, "[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim" In re Reilly, 245 BR. 768, 773 (B.A.P. 2nd Cir 2000)."

Debtor has provided not one scintilla of evidence that creditor's claim is not valid, other than the naked assertion that there is "no liability". "No liability" is not a factual basis with which to overcome the Prima Facie validity of creditor's claim. "No liability" is an unsupported conclusion that is not sufficient to shift the burden back to creditor.

Since Debtors have not provided **any facts** rebutting this presumptively valid claim, claimant asks the Court to **DENY THE OBJECTION TO CLAIM**.

- 2 -

Response and opposition to unsupported objection to claim

**C. Declaration**:

The claim remains as stated: PG&E directed that my plumber install a gas line at one location in my property, then later directed that the gas line be moved. The cost of moving the gas line was $600.00.

I, John A. Vos, state and declare under penalty of perjury and under the laws of the State of California and United States of America that the above is true and correct of my own personal knowledge or on information and belief.

Date: 1 Dec 2020 \_\_\_/s/_____
John A. Vos, Declarant

**D. Name and Address**: John A. Vos, 1430 Lincoln, San Rafael, CA 94901 (415) 485-5332

**E. Name and Address of Person with Authority**: John A. Vos, 1430 Lincoln, San Rafael, CA 94901 (415) 485-5332

Dated: 1 December 2020 \_\_/s/_____
John A. Vos, Esq.
Counsel for Claimant John A. Vos

Response and opposition to unsupported objection to claim