DARREN EASTMAN
21446 Oneda Court
Los Gatos, CA 95033
*Pro Se*

# UNITED STATES BANKRUPCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

*In re*

PG&E CORPORATION, PACIFIC GAS AND ELECTRIC COMPANY

*Debtors*

Case No. 19-30088 (DM)

**OPPOSITION TO PG&E's OPPOSITION TO REORGANIZED FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY / PASSTHROUGH CLAIMS)**

Date: December 15, 2020

Time: 10:00 AM

## TABLE OF CONTENTS

Page

I. INTRODUCTION ……..…………………………………………………............... 1

II. ARGUMENT

    1. Proof of Claim Timely Filed …………………………………………………….. 2

    2. Objection Untimely and Incorrectly Served ………………..…………………... 2

    3. Debtor Offers no Objection ……………………………………………….…… 2

    4. Debtor Admitted Fault and Destroyed Property ………………………………. 2

    5. Judicial Estoppel Doesn't Apply ………………………………………………. 3

    6. Creditor Has Standing ……………………………………….……...………… 3

    7. Creditors' Injuries Are Redressable ……………………….…………………... 3

    8. Creditors' Claim Was Filed in Good Faith ……………….…………………... 3

    9. Rule 14 Claim Not Valid For Opposition ……………………………………...… 4

III. CONCLUSION ……….…..…………...…………………..…...... 4

# TABLE OF AUTHORITIES

**CASES** Page

*Arizonans for Official English v. Arizona*
520 U.S. 43, 64 (1997) ……………………………………………………………………...… 3

*Greenway Ctr., Inc. v. Essex Insurance Company*
475 F.3d 139, 151 (3d Cir. 2007) ……………………………………………………..……... 3

*Hiroshima v. PG&E*
18 Cal.App.2d 24, 28 (1936) …………………………………………………………..…..... 2

*In re Sletteland*
260 B.R. 657, 662 (Bankr.S.D.N.Y.2001) …………………………………………………… 3

*In re Woodbrook Associates*
19 F.3d 312, 317 (7th Cir.1994) ………………………………………………………...…... 4

*Johnson v. Monson*
183 Cal.149, 151 (1920) ……………………………………………………………………... 2

*Lujan v. Defenders of Wildlife*
504 U.S. 555, 560 (1992) ……………………………………………………………..……... 3

*Martin v. Leatham*
22 Cal.App.2d 442, 445 (1937) …………………………………………………………..….. 2

*Morris v. Rumsfeld*
No. CIV.A. 101-CV-1729, 2007 WL 951450 ……………………………………………...… 3

*New Hampshire v. Maine*
532 U.S. 742, 750 (2001) …………………………………………………………...………... 3

*Stansell v. Safeway Stores, Inc.*
44 Cal.App.2d 822, 824 (1941) …………………………………………………….......…… 2

*Yates v. Taft Elks Lodge #15276*
Cal.App.2d 389, 390 (1935) ……………………………………………………….……….. 2

*Zedner v. United States*
547 U.S. 489, 506 (2006) ……………………………………………………………...…..... 3

**RULES**
Rule 7 …………………………………………………………………………………………. 1
Rule 15 …………………………………………………………………………………………. 2
Rule 27(d) ……………………………………………………………………………………... 2
Rule 32 ………………………………………………………………………………………... 2

**TABLE OF AUTHORITIES (continued)**

**OTHER AUTHORITIES**
Collier On Bankruptcy, Volume 7, ¶ 11.04 ……………………………………………....  4

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2020, this OPPOSITION TO PG&E's OPPOSITION TO REORGANIZED FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY / PASSTHROUGH CLAIM herein was mailed to the Court via USPS and served electronically to opposing counsel at PGECLAIMS@kbkllp.com.

s/ Darren Eastman
DARREN EASTMAN
*Pro Se*


DARREN EASTMAN
21446 Oneda Court
Los Gatos, CA 95033

# I. INTRODUCTION

The creditor (Eastman) received a notice of omnibus objection to his claim of less than $227. The proof of claim was correctly and timely filed with the Court. No legal argument or reason is provided in PG&E's objection, which was untimely served to creditor via USPS just before the stated December 1, 2020 deadline…despite being filed November 5, 2020. It appears PG&E issued a blanket objection to 43 different types of claims without offering any authorities or legal argument, as required by federal procedure—likely in a longshot effort to hoodwink the Court into not awarding a dividend or interest to thousands of creditors.

# II. ARGUMENT

### 1. Proof of Claim Timely Filed

The creditors claim of less than $227 was correctly and timely filed. In PG&E's boilerplate objection without rationale or legal argument, it must be assumed PG&E's counsel are attempting to argue every claim made against it (except for fire victim claims or subrogation wildfire claims) should be expunged, without offering any basis or rationale. Even when trying to *assume* this is PG&E's argument, it fails; the creditors claim was correctly and timely filed with the Court.

### 2. PG&E's Objection Untimely and Incorrectly Served

PG&E served the vast majority of debtors incorrectly for this omnibus objection—nearly all of whom either cannot or did not consent to electronic service. A cryptic sentence in the content-free 2-page objection states that to view the "complete" opposition, to visit PACER and pay for a copy, despite it being required to be included with the same letter in the mail. Most all creditors don't have a PACER account and legally aren't required, since they never consented to electronic service. Finally, requiring creditors to pay a fee for each page to view an objection they're entitled to receive in the mail is both wrongful and unreasonable. Thus, Eastman may echo the Court's likely opinion that violating federal rules of service is egregious enough a trier of fact must therefore assume the full contents of PG&E's particular objection only exist in the 2-page "letter brief" sent via US Mail. This means no objection of any kind is/was presented by PG&E in accordance with Rule 7. It's impossible for the creditor to properly respond within the allowable time frame when he has one week (over a holiday) before the hearing.

Additionally, PG&E's counsel sent this opposition to Eastman on November 23, despite being filed with the Court on November 5, and responses due December 1. See EXHIBIT A. Federal rules give all parties at least 21 days to respond to a pleading. PG&E's counsel waited until the Thanksgiving holiday week to mail a defective opposition; knowing many creditors

would never receive it in good faith—until after responses were due December 1. It's unreasonable the largest electric utility in the country cannot mail a true and original copy of their opposition to affected parties who haven't consented to electronic service, particularly given most creditors aren't attorneys and are without counsel. This wasn't well-taken by Eastman.

### 3. Debtor Offers No Objection

As discussed *supra*, PG&E failed to include even a boilerplate argument with their objection. Therefore, by federal rule, *they do not oppose creditors objections*. Since all pleadings must be properly plead, their opposition doesn't meet basic standards, containing no valid argument, authorities or rationale why the Court should expunge thousands of valid debts. As such, the Court must vacate the hearing and deny the motion as incomplete and wrongly formatted. PG&E failed to follow Rule 27(d) and Rule 32. While Eastman has meticulously followed Rule 15, PG&E hasn't. Given their pleading is an opposition, they must include authorities and a legal argument—nothing is contained as shown in EXHIBIT A.

### 4. Debtor Admitted Fault and Destroyed Property

PG&E already admitted fault—their faulty and unmaintained equipment were solely the cause of the claim in-question. The power pole which collapsed was solely the product of never being maintained, and far exceeding its practical usage life, destroying Eastman's chattels. Given PG&E replaced it with a composite material pole (alone) proves they're aware of their liability. Seeking to expunge valid debts caused in by arbitrary and capricious neglect isn't well taken. Providing a vigorous defense for a client is one thing—attempting to deny an admission of guilt *ex post facto* (which Eastman must assume without a valid pleading) is unreasonable.

The risk of having an enterprise means no liability can be transferred from the fault of another party or subordinate—the wrongful acts the company make aren't immune from liability. This was explained to PG&E in state court in 1936. *Hiroshima v. PG&E*, 18 Cal.App.2d 24, 28 (1936). See also: *Stansell v. Safeway Stores, Inc.* 44 Cal.App.2d 822, 824 (1941), *Johnson v. Monson*, 183 Cal.149, 151 (1920), *Martin v. Leatham*, 22 Cal.App.2d 442, 445 (1937), *Yates v. Taft Elks Lodge #1527*6, Cal.App.2d 389, 390 (1935). Simply because PG&E is in bankruptcy court herein makes no difference in dodging liability resulting from damage it caused in bad faith.

### 5. Judicial Estoppel Doesn't Apply

Since PG&E doesn't provide any basis or content for their objection, Eastman must assume PG&E will make a poor argument *in re* estoppel at the hearing—part of a "grasping at straws" defense. Judicial estoppel applies only if "the party against whom it is sought has taken a position

inconsistent with a position previously taken." *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 151 (3d Cir. 2007). See also *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("a party's later position must be 'clearly inconsistent' with its earlier position"). Eastman hasn't changed his position, nor have the many other creditors included in this omnibus.

Second, judicial estoppel cannot apply because the position PG&E has advanced is not "clearly inconsistent" with Eastman's position here; with Eastman making no changes since filing his claim. See *New Hampshire*, 532 U.S. at 750; *Zedner v. United States*, 547 U.S. 489, 506 (2006) (no judicial estoppel where positions were not "clearly inconsistent"); *Morris v. Rumsfeld*, No. CIV.A. 101-CV-1729, 2007 WL 951450, at *3 (M.D. Pa. Mar. 27, 2007). In fact, they are not inconsistent at all.

### 6. Creditor Has Standing

"To qualify as a party with standing to litigate, a person must show, first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 64 (1997) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). Creditor has appropriate standing to litigate, he suffered invasion of a legally protected interest, and his showing has concrete evidence—hence his proof of claim was impeccably pled.

### 7. Creditors' Injuries Are Redressable

Creditors injuries are easily cured by PG&E writing a check for less than $227. It should be noted counsel may bill more than $227 simply to read this pleading, exposing the bigger question for the Court of what PG&E's actual motive is—a wonton attempt to remove additional debt already agreed upon as terms of approving PG&E's bankruptcy. Most of PG&E's claims are redressable by writing a check. No shared liability exists—damages would not have occurred if not for PG&E's gross negligence. Thus, however tempting, it's impossible for PG&E to claim its bankrupty debts are all various Acts of God.

### 8. Creditors' Claim Was Filed in Good Faith

The Court should find that creditor's claim was filed in good faith, that there is no "new debtor syndrome" here, and that debtor's statements regarding its existence are consistent. "Many cases hold that courts should dismiss on bad faith grounds sparingly." *In re Sletteland,* 260 B.R. 657, 662 n.2 (Bankr.S.D.N.Y.2001). The movant has the burden of prove by a preponderance of the evidence. *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir.1994); COLLIER ON BANKRUPTCY ¶ 11.04[7]. PG&E has failed to carry its burden of proof, much less by a

3

Opposition to PG&E's Omnibus
Opposition to Claims
19-30088 (DM)

Case: 19-30088    Doc# 9648    Filed: 12/01/20    Entered: 12/01/20 12:28:16    Page 8 of 13

preponderance of the evidence.

### 9. Rule 14 Claim Not Valid For Opposition

The only element remotely matching the basis for an argument is contained in debtors 2-page "letter brief" which cryptically states "Rule 14 Claims" under the column listed as, "Basis of Objection." Sadly, there is no Rule 14 in the federal bankruptcy code. The closest match is Rule 1014, which concerns dismissals and changes of venue—none of it concerns expunging claims. Next, we must examine Rule 14 of the federal rules, which cover unrelated third-party practice and maritime claims. PG&E's nonexistent "Rule 14" defense has no basis in reality or substance. Further, quoting a federal rule that doesn't exist as a means of expunging claims (or for any purpose) has no place in any Court and wasn't well-taken.

Fortunately for PG&E, their incorrectly formatted and served opposition must fail on its face by federal rule—meaning the Court needn't reach this far in denying their motion. It's impossible for PG&E to prevail with their imaginary "Rule 14" defense; even if they had properly served their pleading to affected parties who didn't consent to electronic service—many of whom don't even know what PACER or electric service are; they likely would assume the imaginary "Rule 14" was something tangible they couldn't argue with any reasonable success. Per the Courts guidance, the creditor will file a motion for sanctions if so desired. There's a limit to the madness of a vigorous defense being so unreasonable it poisons the profession and the public trust.

### III. CONCLUSION

For at least the reasons stated above, the creditor (Eastman) respectfully requests PG&E's motion for opposing his valid claim be DENIED, with prejudice. PG&E cannot cure its many defects—thus, not realizing any benefit from amendment.

Respectfully submitted on November 25, 2020

s/ Darren Eastman
DARREN EASTMAN
*Pro Se*

DARREN EASTMAN
21446 Oneda Court
Los Gatos, CA 95033

4     Opposition to PG&E's Omnibus Opposition to Claims
19-30088 (DM)

# EXHIBIT A

RF 47877

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

> **THE OBJECTION DESCRIBED IN THIS NOTICE ASKS THE COURT TO DISALLOW AND/OR EXPUNGE YOUR CLAIM(S) IDENTIFIED AS "OBJECTED-TO" ON THE FOLLOWING PAGE OF THIS NOTICE.**
>
> **CLAIMANTS RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY BECAUSE THE OBJECTION MAY AFFECT YOUR RIGHT TO RECEIVE A DISTRIBUTION ON YOUR CLAIM IN THIS CASE.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT PRIME CLERK, LLC, AT (844) 339-4217**
>
> **THE LAST PARAGRAPH OF THIS NOTICE EXPLAINS HOW YOU CAN OBTAIN A COMPLETE COPY OF THE OBJECTION, AT NO COST TO YOU.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **NOTICE OF THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS** |
| Debtors. | **(NO LIABILITY / PASSTHROUGH CLAIMS)** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Response Deadline:**<br>December 1, 2020, 4:00 p.m. (PT) |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | **Hearing Information If Timely Response Made**<br>Date: December 15, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

19-30088 (DM)

**Creditor Name: Eastman, Darren**

| Claim/Schedule to be Disallowed and Expunged | Debtor | Date Filed / Scheduled | Secured | Admin | Priority | General Unsecured | Total Amount | Basis for Objection |
|---|---|---|---|---|---|---|---|---|
| 64083 | Pacific Gas and Electric Company | 10/17/2019 | $0.00 | $0.00 | $226.78 | $0.00 | $226.78 | Rule 14 Claims |

On November 5, 2020, PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed their *Forty-Third Omnibus Objection to Claims (No Liability / Passthrough Claims)* (the "**Omnibus Objection**") with the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "**Bankruptcy Court**"). A full copy of the Omnibus Objection may be obtained at no cost, as provided below.

Any Response (as defined below) to the Omnibus Objection must be filed and served upon the Reorganized Debtors' Counsel by December 1, 2020 (the "**Response Deadline**");

Any Response must be accompanied by any declarations or memoranda of law any responding party wishes to present in support of its position;

If there is no timely Response, the Bankruptcy Court may enter an order granting the Omnibus Objection to your Proof(s) of Claim by default.

If you file a timely Response, the Hearing will be held at the date and time shown below. If factual disputes are presented by the Objection and the Response, the Hearing will proceed as a status conference; factual disputes will <u>not</u> be decided at the Hearing, but at a future evidentiary hearing that may be set at the Hearing. Issues of a purely legal nature, where facts are not in dispute, may be decided at the Hearing. See Bankruptcy Local Rule 3007-1.

If you file and serve a timely Response, the date, location and time of the Hearing are:

**December 15, 2020 at 10:00 a.m. (Pacific Time)**

**Courtroom 17, 16th Floor, 450 Golden Gate Ave., San Francisco, CA**

The Hearing will be held before the Honorable Dennis Montali, United States Bankruptcy Judge. Pursuant to the Bankruptcy Court's *Fourth Amended General Order No. 38 In re: Coronavirus Disease Public Health Emergency*, **all hearings through March 1, 2021 will be held by video or teleconference. The courtroom will be closed.** All parties who wish to appear at the Omnibus Hearing must make arrangements to appear telephonically with CourtCall at 1-866-582-6878 no later than 4:00 p.m. (Pacific Time) on the day before the Omnibus Hearing. Further information regarding telephonic appearances via CourtCall can be found on the Bankruptcy Court's website, at the following location: www.canb.uscourts.gov > Rules and Procedures > District Procedures > Policy and Procedure for Appearances by Telephone. Charges have been waived by CourtCall for pro se parties

Reorganized Debtors' Counsel will, as a courtesy and on request, provide by email to those who have filed timely Responses updated information regarding how to attend.

These Omnibus Claims Objection Procedures DO NOT APPLY to any proofs of claim with respect to (a) FIRE VICTIM CLAIMS or (b) SUBROGATION WILDFIRE CLAIMS.

**BASIS FOR OBJECTION TO YOUR PROOF(S) OF CLAIM:** By the Omnibus Objection, the Reorganized Debtors seek to disallow and/or expunge one or more of your Proof(s) of Claim (as defined therein) listed above as "Objected-To Claim(s)" on the grounds that the designated Proof(s) of Claim seek recovery of amounts for which the Debtors are not liable.

If you do **NOT** oppose the disallowance and/or expungement of your Objected-To Proof(s) of Claim listed above, then you do NOT need to file a written Response to this Omnibus Objection and you do NOT need to appear at the Hearing. If you do nothing, the Objected-To Claim(s) will be disallowed and/or expunged.

**FILING AND SERVICE OF RESPONSE:** If you **DO** oppose the disallowance and/or expungement of your Objected-To Proof(s) of Claim listed above, then you MUST file a response (a "Response"), in writing, with the Bankruptcy Court, and serve it on the counsel for the Reorganized Debtors at PGEclaims@kbkllp.com so as to be received by no later than **4:00 p.m. (Pacific Time) on December 1, 2020 (the "Response Deadline")**: You must file the Response through the Court's electronic case filing ("ECF") system if you have access to the ECF system; service on the Reorganized Debtors' Counsel will occur automatically upon ECF filing; and no separate service of your Response is required. If you do NOT have access to the ECF system, service must be made by electronic mail to the Reorganized Debtors' counsel at PGEclaims@kbkllp.com, and you must arrange for the Response to be filed with the Court within two business days thereafter. If you do not have the ability to serve a Response electronically, the Response must be served by mail, express or some other means so either (a) it is actually received by the Reorganized Debtors' Counsel by the Response Deadline, or (b) it is dispatched not later that the Response Deadline through a postal or commercial express service that will make actual delivery not more than two business days after the Response Deadline, and in that case the Claimant must inform the Reorganized Debtors' counsel by email, telephone or facsimile before the Response Deadline of the Claimant's name and phone number, the number of the Omnibus Objection, and the fact that a paper Response is being delivered by express.

**CONTENTS OF RESPONSE** The Response must, at a minimum, include the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Reorganized Debtor, the case number and title of the Omnibus Objection to which the Response is directed; (ii) your name, the assigned number(s) of your Proof(s) of Claim, and an explanation for the amount of the Proof(s) of Claim; (iii) a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection; (iv) a declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response; (vi) your name, address, telephone number, and/or the name, address, and telephone number of your attorney and/or designated representative to whom counsel for the Reorganized Debtors should serve a reply to the Response, if any; and (vii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on your behalf, if any.

If the Bankruptcy Court does not disallow and/or expunge your Objected-To Proof(s) of Claim listed above, then the Reorganized Debtors have the right to object on other grounds to your Proof(s) of Claim at a later date. You will receive a separate notice of any such objection.