Malcolm A. Mackenzie, SBN 48278
Valerie E. Clemen, SBN 253849
Coombs & Dunlap, LLP
1211 Division Street
Napa, California 94559
Telephone: (707) 252-9100
Facsimile: (707) 252-8516

Attorneys for Claimant
Glenn Gary Baker

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and – <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **RESPONSE TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY / PASSTHROUGH CLAIMS)** <br><br> **[RE CLAIM NO. 69361]** <br><br> **Hearing Information**: <br> Date: December 15, 2020 <br> Time: 10 a.m. (Pacific Time) <br> Place: (Telephonic Appearances Only <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

Claimant Glenn Gary Baker ("Claimant Baker"), through his attorney, Valerie E. Clemen, hereby responds to Reorganized Debtors' Forty-Fourth Omnibus Objection to Claims (No Liability / Passthrough Claims) [Doc. 9464] (hereinafter "Objection") as follows:

**I. Claimant Baker Has Been In Contact With Reorganized Debtors and Has Been Prevented From Submitting Documentation By Reorganized Debtors**

Exhibit 1 to the Objection lists the basis for objection to Claimant Baker's claim number 69361 as "No Liability Claims." The Objection, on page 4, states that the Proofs of Claim in that

category were unsupported and that the claimants were contacted and no response was received. This is completely false as to Claimant Baker. Claimant Baker's undersigned counsel has been in contact with the Reorganized Debtors' claims team and counsel via telephone and email multiple times over the past year. (See Declaration of Valerie E. Clemen, filed herewith.) The undersigned counsel contacted Reema Bains of PG&E via telephone March 12, 2020, in response to PG&E's letter dated February 17, 2020. (*Id.* at ¶¶ 2-3.) Claimant's counsel explained that claim 69361 consisted of claims from damage and losses from the October 2017 Northern California fires, but also claims from damages and losses after the fire related to PG&E's tree removal activities. (*Id.* at ¶ 3.) Claimant's counsel asked Ms. Bains whether or not to include documentation with Claimant's response if part of the claim arose from the fires. (*Ibid.*) Ms. Bains said that if the bulk of the losses were from the fires, "yes" should be checked in response to question 3, and the form should be returned without the need for supporting documentation. (*Ibid.*) Based on Claimant's counsel's discussion with Ms. Bains, the form was completed and emailed to PG&E as directed on March 16, 2020. (*Id.* at ¶ 4, Exh. B.)

From July through October 2020, Claimant's counsel exchanged several emails with Jill Pestka, Case Manager, BROWNGREER PLC, the Claims Processor for the Fire Victim Trust, regarding Claimant Baker's claim number not being channeled to the Fire Victim Trust. (*Id.* at ¶ 5.) Without the claim number being added to the Fire Victim Trust, Claimant's counsel has been unable to upload documentation in support of Claimant Baker's claims. (*Ibid.*)

On September 4, 2020, Claimant's Counsel reached out directly to Debtors Counsel Jane Kim via email regarding Claimant Baker's claims. (*Id.* at ¶ 6, Exh. C.) No response has been received. (*Ibid.*)

**II. Claimant Baker's Damages and Losses Were Caused By Both the October 2017 Northern California Fires Started By PG&E and PG&E's Subsequent Tree Clearing Activities**

Claimant Baker has documentation in support of his claims, but has been thus far prevented from submitting it on the Fire Victims Trust portal. Patrick Feistel, the Property Manager for Claimant Baker, details Claimant Baker's claims from damage and losses from the October 2017

Northern California fires and from PG&E's tree removal activities. (See Declaration of Patrick Feistel, filed herewith.) The fire destroyed the water tanks, lines, piping, and attachments at Claimant Baker's Property. (*Id.* at ¶ 3.) The cost for new water tanks, lines, piping, and attachments totaled $10,503.21 for materials and $9,000 for labor. (*Ibid.*) The fire also destroyed approximately 75% of the two miles of cattle fencing on the Property. (*Id.* at ¶ 4.) The total materials cost to replace the cattle fencing was $7,391.08 and the total cost of labor was $7,500. (*Ibid.*)

The fire further destroyed approximately 40 trees that required removal. (*Id.* at ¶ 5.) Approximately 20 trees have been removed thus far, but the rest of the dead trees still need to be removed. (*Ibid.*)The cost to remove the burned trees has totaled $2,000 thus far. (*Ibid.*) The value of the destroyed trees is to be determined by an arborist. (*Ibid.*)

After the fire, PG&E entered the Property without permission and cut down five old growth Redwood trees, the largest measuring five feet in diameter. (*Id.* at ¶ 6.) The Redwood trees were located near the top of the Property near the spring, nowhere near the power lines. (*Ibid.*)After cutting down the trees, PG&E left all of the logs and debris at the location and never hauled it away. (*Ibid.*) The value of these trees is to be determined by an arborist. (*Ibid.*)

There was additional extensive tree removal by PG&E at the front of the Property, with over 150 trees cut down, even though some of those trees were over 60 feet away from the power lines. (*Id.* at ¶ 7.) During this work, PG&E demolished approximately 25% of the two miles of cattle fencing on the Property with their bulldozers and heavy equipment. (*Ibid.*) The total materials cost to replace the destroyed cattle fencing was $2,463.69. (*Ibid.*) The total cost of labor to repair the cattle fencing destroyed by the fire was $2,500. (*Ibid.*) The value of the trees PG&E cut down is to be determined by an arborist. (*Ibid.*)

Claimant Baker's timely-filed claim in the amount of $50,000 is valid, fully supported, and should clearly be allowed to proceed. Reorganized Debtors would have had this information to assess the claim if Claimant Baker's claim number was properly included in the Fire Victim Trust portal. Claimant Baker's claim number should be channeled to the Fire Victim Trust so Claimant Baker may submit documents in support of his claim.

### III. Conclusion

For the reasons stated above, Claimant Baker opposes the Reorganized Debtor's Objection to Claim No. 69361 and respectfully requests that the Court overrule the Objection.

Date: December 1, 2020        COOMBS & DUNLAP, LLP

By:   /s/ Malcolm A. Mackenzie

Malcolm A. Mackenzie
Valerie E. Clemen
Attorneys for Claimant
Glenn Gary Baker