Jerome M. Behrens, SBN 60550
Shawn A. VanWagenen, SBN 295146
**LOZANO SMITH**
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Telephone:     (559) 431-5600
Facsimile:     (559) 261-9366

Attorney for Creditor
KINGS CANYON UNIFIED SCHOOL DISTRICT

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:**<br><br>PG&E CORPORATION,<br><br>- and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>**Debtors** | **Case No. 19-30088**<br><br>**RESPONSE TO DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO ALLOWANCE OF CLAIM NO. 3866 FILED BY KINGS CANYON UNIFIED SCHOOL DISTRICT**<br><br>**HEARING INFORMATION**<br><br>Date:     **December 15, 2020**<br>Time:     **10:00 a.m.**<br>Place:    **Telephonic Appearance Only**<br>              **US Bankruptcy Courtroom 17**<br>              **San Francisco, CA 94102** |

KINGS CANYON UNIFIED SCHOOL DISTRICT ("DISTRICT"), claimant in the above-referenced matter, hereby submits its opposition to the Objection to allowance of Claim No. 3866 in the amount of $19,577.94 filed against PG&E Corporation ("PG&E") ("Claim"). In support of the Response, DISTRICT submits the Declaration of Dr. Terry Bradley ("Bradley Decl."), filed contemporaneously herewith.

DISTRICT timely filed its Claim on July 22, 2020. The Claim alleges that PG&E's design

standards were defective, requiring the removal and replacement of a transformer pad after its completion. This led to an additional cost of $19,577.94 incurred by DISTRICT. <u>PG&E now seeks to avoid liability for its defective design by misclassifying the nature of the Claim</u>.

**BACKGROUND & ANALYSIS**

In its Forty-Third Omnibus Objection to Claims, PG&E, in relevant part, alleges that the Claim "assert[s] amounts for removal/trimming of trees, overgrown vegetation impeding access to the Debtors' facilities, and/or the consequences of open locking gates." As such, PG&E contends that the Claim "assert[s] amounts for which the debtors are not liable and the corresponding Proofs of Claims should be disallowed and expunged" pursuant to PG&E Tariff Electric Rule 16 ("Rule 16").

DISTRICT does not contest that that Rule 16 disallows claims for "removal/trimming of trees, overgrown vegetation impeding access to the Debtors' facilities and/or the consequences of open locking gates." However, this description mischaracterizes the nature of the Claim.

DISTRICT's Claim is a result of PG&E's failure to provide electronic underground specifications that met its own standards for design. The Claim states that the "Electronic Underground Specifications [were] prepared by PG&E with Edwin Rodriguez designated as PG&E's representative." (Bradley Decl., Ex. A at 7.) The overall design plans for DISTRICT's school facility project, including the transformer pad, were prepared by DISTRICT's contractor as permitted by Rule 16. (Bradley Decl., Ex. A at 7 & 8.) PG&E reviewed the overall design plans and even inspected the transformer pad once it had been staked. (Bradley Decl., Ex. A at 7 & 8.) At no time did PG&E express a concern with the depth of the transformer pad. (Bradley Decl., Ex. A at 7 & 8).

DISTRICT constructed the transformer pad in accordance with PG&E's standards for design and the overall design plans prepared by DISTRICT's contractor as reviewed and approved by PG&E. (Bradley Decl., Ex. A at 7 & 8.) After the transformer pad was completed, PG&E's representative visited the site and insisted that the transformer pad be dropped by eighteen inches. (Bradley Decl., Ex. A at 7). PG&E stated that this was "due to PG&E's stated need for additional protection and to add 3 bollards AFTER the transformer pad was constructed." The change in standard forced DISTRICT to remove the completed transformer pad in order to lower it by eighteen inches. (Bradley Decl., Ex. A at 8). This resulted in an addition cost of $19,577.94. (Bradley Decl., Ex. A at 8).

Rule 16 states that "PG&E will be responsible for planning, designing, and engineering its Service Extensions using PG&E's standards for design, materials and construction." DISTRICT asserts that PG&E's design failed to meet its own standard. The Claim in no way "assert[s] amounts for removal/trimming of trees, overgrown vegetation impeding access to the Debtors' facilities, and/or the consequences of open locking gates." Instead, the Claim asserts damage as a result of defective design. As such, DISTRICT's Claim is not barred by Rule 16 and PG&E's Objection must be denied as to the Claim.

## CONCLUSION

For the foregoing reasons, DISTRICT respectfully requests that this Court deny the relief requested in the Objection and allow DISTRICT's Claim against PG&E in the amount of $19,577.94.

## OTHER INFORMATION

Notices and/or replies should be sent to the undersigned at:

> Jerome M. Behrens
> Shawn A. VanWagenen
> LOZANO SMITH
> 7404 N. Spalding Avenue
> Fresno, CA 93720-3370
> (559) 431-5600

In addition to the above, the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf is:

> John Campbell, Superintendent
> Kings Canyon Unified School District
> 1801 10th Street
> Reedley, CA 93654
> (559) 305-7010
> Campbell-j@kcusd.com

Respectfully submitted,

Dated: December 1, 2020　　　　　　LOZANO SMITH

_____
Jerome M. Behrens
Shawn A. VanWagenen

J:\wdocs\00049\602\PLD\00825831.DOC;2