Paul R. Glassman (SBN 76536)
STRADLING YOCCA CARLSON & RAUTH, P.C.
10100 N. Santa Monica Boulevard, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
Email: pglassman@sycr.com

Mia S. Brown (SBN 242268)
General Counsel
SOUTH SAN JOAQUIN IRRIGATION DISTRICT
11011 E. Highway 120
Manteca, CA 95336
Telephone: (209) 249-4600
Facsimile: (209) 249-4692
Email: mbrown@ssjid.com

Attorneys for Creditor and Party-In-Interest,
South San Joaquin Irrigation District

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**PG&E CORPORATION**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19 - 30088 (DM)<br><br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**STIPULATION BETWEEN REORGANIZED DEBTORS AND SOUTH SAN JOAQUIN IRRIGATION DISTRICT REGARDING THE STATE COURT ACTIONS IN WHICH SSJID AND THE UTILITY ARE PARTIES**<br><br>Related to Dkt. Nos. 8015, 8048, and 8053<br><br>No Hearing Required |

| | |
|---|---|
| 1 | This stipulation and agreement for order ("**Stipulation**") is entered into by Pacific Gas |
| 2 | and Electric Company (the "**Utility**") and PG&E Corporation, as reorganized debtors |
| 3 | (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable) in the above-captioned |
| 4 | cases (the "**Chapter 11 Cases**"), on the one hand, and South San Joaquin Irrigation District |
| 5 | ("**SSJID**"), on the other. The **Reorganized Debtors** and SSJID are referred to in this Stipulation |
| 6 | collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as |
| 7 | follows: |

**RECITALS**

A. The Debtors filed these Chapter 11 Cases on January 29, 2019 (the "**Petition Date**").

B. On June 19, 2020, the Debtors filed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt No. 8048] (together with all exhibits and schedules thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**").[1] The Plan was confirmed by an order [Dkt No. 8053] of this Court entered on June 20, 2020 (the "**Confirmation Order**").

C. As of the Petition Date, two actions (the "State Court Actions") were pending involving SSJID and the Utility as follows:

    i. The first pending action (the "**LAFCo Action**") was initially filed by the Utility against SSJID in the San Joaquin County Superior Court (the "**Superior Court**"), styled *Pacific Gas & Electric v. San Joaquin Local Agency Formation Commission; South San Joaquin Irrigation District et al.*, Case No. STK-CV-UJR-2015-000-1266. It is currently on appeal in the California Court of Appeal, Third Appellate District ("**Court of Appeal**"), Case No. C086008, following a trial court decision in the Utility's favor that SSJID appealed; the Utility filed a cross appeal challenging certain of the trial court's rulings in SSJID's favor.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Plan.

-1-

ii. The second pending action is an eminent domain action (the "**Eminent Domain Action**") which SSJID filed in the Superior Court, styled *South San Joaquin Irrigation District v. Pacific Gas and Electric Company et al.*, Case No. STK-CV-UED-2016-0006638. It is currently on appeal in the Court of Appeal, Case No. C086319, following a trial court decision in the Utility's favor.

D. SSJID filed the *South San Joaquin Irrigation District's Request for Modification of Proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization and Request to be Heard* [Dkt. No. 8015] (the "**Request**") on June 18, 2020.

E. A hearing was held on June 19, 2020 in which among other things the Court and the Parties addressed the Request.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. This Stipulation shall be effective upon entry of an order by the Court approving it.

2. The Eminent Domain Action and the LAFCo Action do not assert Claims as defined in section 101(5) of the Bankruptcy Code and are actions "to exercise the power of eminent domain and any related or ancillary power or authority of a Governmental Unit" within Section 10.13(e) of the Plan and Paragraph 65a.(v) of the Confirmation Order. Copies of Section 10.13 of the Plan and Paragraph 65 of the Confirmation Order are annexed hereto as **Exhibit A**.

3. Nothing contained herein shall in any way affect or prejudice any of the Parties' rights, claims, or remedies in connection with the State Court Actions, except as may be necessary to enforce this Stipulation.

4. Upon its approval by the Court, this Stipulation shall be binding on the Parties and each of their successors in interest.

-2-

5. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any order approving the terms of this Stipulation.

| Dated: December 2, 2020 | Dated: December 2, 2020 |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | STRADLING YOCCA CARLSON &<br>RAUTH, P.C. |
| */s/ Jessica Liou*<br>Jessica Liou | */s/ Paul R. Glassman*<br>Paul R. Glassman |
| *Attorneys for Reorganized Debtors* | *Attorneys for SSJID* |

**EXHIBIT A**

**Copy of Section 10.13 of the Plan:**

**10.13 Special Provisions for Governmental Units.** Solely with respect to Governmental Units, nothing herein shall limit or expand the scope of discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under the Bankruptcy Code. Further, nothing herein, including Sections 10.8 and 10.9 hereof, shall discharge, release, enjoin, or otherwise bar (a) any liability of the Debtors or the Reorganized Debtors to a Governmental Unit arising on or after the Confirmation Date, (b) any liability to a Governmental Unit that is not a Claim, (c) any affirmative defense, valid right of setoff or recoupment of a Governmental Unit, (d) any police or regulatory action by a Governmental Unit (except with respect to any monetary amount related to any matter arising prior to the Petition Date), (e) any action to exercise the power of eminent domain and any related or ancillary power or authority of a Governmental Unit, (f) any environmental liability to a Governmental Unit that the Debtors, the Reorganized Debtors, any successors thereto, or any other Person or Entity may have as an owner or operator of real property after the Confirmation Date, or (g) any liability to a Governmental Unit on the part of any Persons or Entities other than the Debtors or the Reorganized Debtors, except that nothing in this Section 10.13 shall affect the exculpation in Section 10.8 hereof or the Debtors' releases in Section 10.9 hereof. Nothing herein shall enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any of the matters set forth in clauses (a) through (g) above. Nothing herein shall affect the treatment of Environmental Claims and Environmental Performance Obligations as specified in Sections 4.10 and 4.30 hereof.

\*\*\*

**Copy of Paragraph 65 of the Confirmation Order:**

65. Special Provisions for Governmental Units.

   a.  Solely with respect to Governmental Units, nothing in the Plan or this Confirmation Order shall limit or expand the scope of discharge, release, or injunction to which the Debtors or the Reorganized Debtors are entitled under the Bankruptcy Code. Further, nothing in the Plan or this Confirmation Order, including Sections 10.8 and 10.9 of the Plan, shall discharge, release, enjoin, or otherwise bar (i) any liability of the Debtors or the Reorganized Debtors to a Governmental Unit arising on or after the Confirmation Date, (ii) any liability to a Governmental Unit that is not a Claim, (iii) any affirmative defense, valid right of setoff or recoupment of a Governmental Unit, (iv) any police or regulatory action by a Governmental Unit (except with respect to any monetary amount related to any matter arising prior to the Petition Date), (v) any action to exercise the power of eminent domain and any related or ancillary power or authority of a Governmental Unit, (vi) any environmental liability to a Governmental Unit that the Debtors, the Reorganized Debtors, any successors thereto, or any other Person or Entity may have as an owner or operator of real property after the Confirmation Date, or (vii) any liability to a Governmental Unit on the part of any Persons or Entities other than the Debtors or the Reorganized Debtors, except that nothing in Section 10.13 of the Plan or in this Paragraph 65 shall affect the exculpation in Section 10.8 of the Plan and Paragraph 54 of this Confirmation Order or the Debtors' releases in Section 10.9 of the

Plan and Paragraph 55 of this Confirmation Order. Nothing in the Plan or this Confirmation Order shall enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any of the matters set forth in clauses (i) through (vii) above. Nothing in the Plan or this Confirmation Order shall affect the treatment of Environmental Claims and Environmental Performance Obligations as specified in Sections 4.10 and 4.30 of the Plan.

    b. The identification of amounts paid under the Plan and this Confirmation Order as "restitution" does not preempt the California Franchise Tax Board's rights of review and determination as to the deductibility of such amounts as having been paid in restitution for California franchise tax purposes.

## CERTIFICATE OF SERVICE

I hereby certify that the attached document was properly filed on December 2, 2020 with the ECF/CM system of the United States Bankruptcy Court for the Northern District of California and that a Notification of Electronic Filing of this document was sent via the ECF/CM noticing system to all ECF Registered Participants in this case.

Dated: December 2, 2020 　　　　　　　　　　　　 */s/ Paul R. Glassman*
　　　　　　　　　　　　　　　　　　　　　　　　　 Paul R. Glassman

Case: 19-30088    Doc# 9673    Filed: 12/02/20    Entered: 12/02/20 14:13:12    Page 7 of 7