Kristine K. Meredith (SBN 158243)
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, California 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672
kmeredith@dankolaw.com

Eric Gibbs (SBN 178658)
Dylan Hughes (SBN 209113
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
dsh@classlawgroup.com

Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221
**COREY, LUZAICH**
**DE GHETALDI & RIDDLE LLP**
700 El Camino Real
P.O Box 669
Millbrae, California 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
deg@coreylaw.com
alr@coreylaw.com

Attorney for
*Dan Beach*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**In re:**

**PG&E CORPORATION,**

**&**

**PACIFIC GAS AND ELECTIC COMPANY,**

**Debtors.**

Case No. 19-30088
Chapter 11
(Lead Case)

**MOTION TO ALLOW LATE FILING OF PROOF OF CLAIM; DECLARATION OF DAN BEACH**

**Date: December 15, 2020**
**Time: 10:00 a.m.**
**Place: United States Bankruptcy Court**
**Courtroom 17, 16th Floor**
**San Francisco, CA 94102**

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATED TRUTEE, AND ALL INTERESTED PARTIES:

Dan Beach ("Movant") respectfully files this motion to allow late filing of proof of claim ("Motion") against the Chapter 11 Bankruptcy of PG&E Corporation and Pacific Gas and Electric Company. In support of the Motion, the Creditor respectfully represent as follows:

**1. Summary of Argument**

A creditor that was not scheduled and did not receive notice of a claims bar date may file a claim and have it deemed timely. In this case, Dan Beach was neither scheduled nor received notice of the bar date set in PG&E and Pacific Gas and Electric Company's bankruptcy. The Creditor has been diligently pursuing all rights and should not be barred from filing a timely claim against PG&E and Pacific and Gas Electric Company's bankruptcy. Furthermore, because there is no danger of prejudice to the Debtors, the length of the delay and its potential impact on judicial proceedings is minimal, the reason for the delay is justifiable, and because the movant acted in good faith, a finding of excusable neglect is warranted and the Motion should be granted to allow the claim deemed timely.

**2. Factual Background**

**A. Movant's Claims Arising From The Camp Fire[1]**

Dan Beach is the son of Stanley Beach. Stanley Beach owned the property at 1252 Tahoe Way, Paradise, CA 95969 ("the property"). Stanley Beach died on March 29, 2018 at which time his estate entered probate ("the estate"). Dan Beach struggled with grief due to his father's passing and found it difficult to manage the proceedings related to the distribution of his father's estate. On November 8, 2018, while the estate was in probate, the property was destroyed by the Camp Fire. By October 1, 2019, the executioner of the estate had distributed the assets, and Dan Beach, along with his siblings, Susie Mitchell and Steve Beach, became title owners of the property. Furthermore, Dan did not receive a letter in the mail from PG&E

[1] *See*, Declaration of Dan Beach ¶¶4-11

and Pacific Gas and Electric Company stating that he had only 21 days to file a proof of claim, nor did Dan otherwise contemplate that he had a right to file a claim before the filing deadline.

**B. The PG&E and Pacific Gas and Electric Company Chapter 11 Case**

On January 29, 2019, PG&E and Pacific Gas and Electric Company filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Case"). See Court's PACER Docket for Case No. 19-30088 as of June 19, 2020. PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing all proofs of claim in respect of any prepetition claim including all claims of Fire Claimants and for the avoidance of doubt, all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. (the "General Bar Date"). However, this deadline was extended to December 31, 2019 (the "Extended Bar Date") solely for the benefit of any non-governmental Fire Claimants who did not file a proof of claim by the General Bar Date. (*See*, Dk. No. 4672.)

**3. Legal Argument**

**A. Application of The *Pioneer* Factors Justify a Finding of Excusable Neglect**

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* at 394–95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006]."). In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including

"the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

In this case, application of all four *Pioneer* factors weigh in favor of the Movant. First, there is no danger of prejudice as only the parties involved in the claim have changed while the substantive claim remains constant. Prior to the distribution of assets by October 1, 2019, the estate held the claim arising from the destruction of the property by the Camp Fire. Dan Beach only joins this case after the executor of the estate distributed title to the property to Dan Beach, his brother Steve Beach, and his sister Susie Beach. Therefore, granting Dan Beach's motion will not substantially affect the debtor's legal rights. Furthermore, Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

Secondly, the length of the delay is reasonable as the Subject Proof of Claim was filed immediately upon receiving all the necessary information. *See* Bateman v. US Postal Service, 231 F. 3d 1220, 1225 (9th Cir. 2000) (holding that a delay of "a little more that on month… was still not long enough to justify denying relief.").

Third, the Movant has a compelling reason for the delay. Dan Beach only finds himself in this situation due to the death of his father. Dan was understandably preoccupied with his father's estate and neglected to consider how the death of a loved one would change his right to file a claim in this matter. *See* Id. (holding that delays from mere "negligence and carelessness" do not preclude a finding of excusable neglect.).

Finally, Movant acted in good faith. Dan Beach did not contemplate that he had the right to file a claim before the filing deadline. Furthermore, he did not receive notice of his right to file a claim that would lead him to consider whether he should pursue a claim in this action. Upon learning of the implications of his situation, the Movant immediately brings this motion before the court. *See,* Ahanchian v. Xenon Pictures, Inc., 624 F. 3d 1253, 1262 (9th Cir.

2000) (holding that a party demonstrates good faith by “promptly seeking extensions of time where necessary”).

**B. Creditors Were Not Given Notice of The Claims Bar Date**

[D]ue process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims bar date before it is effective against the creditor.” *Monster Content, LLC v. Homes.com, Inc.*, 331 B.R. 438, 442 (N.D. Cal. 2005). The Federal Rules of Bankruptcy Procedure specify that “the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days’ notice by mail of… the time fixed for filing proofs of claims pursuant to Rule 3003(c).” Fed. R. Bankr. P. 2002(a). Indeed, the Ninth Circuit has held that “the creditor who is not given notice, even if he has actual knowledge of the reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings.” *In re Maya*, 78 F.3d 1395, 1399 (9th Cir. 1996). A late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g.*, *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003–07 (9th Cir. 2006) (applying the *Pioneer* factors). Therefore, a creditor who does not receive 21 days’ notice of a claims bar date and does not otherwise contemplate that she is required to file a proof of claim, should be permitted to file a proof of claim after the bar date.

In this case, the Court should grant the Motion and allow the claimant to file a timely-claim because leading up to the claim’s deadline, Dan Beach did not receive notice from PG&E and Pacific Gas and Electric Company that the claims deadline was rapidly approaching. At the time of the General Bar Date, Stanley Beach’s estate was in probate and Dan Beach could not have filed a proof of claim as he had not yet acquired title to the property. Furthermore, when Dan did acquire title to the property, he did not contemplate that he had a claim separate from the claim made by his father’s estate which he could pursue on his own behalf. By the time that Dan did understand that he had a claim separate from the estate, the claim deadline had passed.

Considering that Dan Beach did not receive notice of the claim deadline, and that Dan was grieving from the death of his father while dealing with a complex probate process of his father's estate, a finding of excusable neglect should be permitted, and the Court should grant the motion.

**4. Conclusion**

For the reasons set forth above, the Creditor requests that (1) the Court enter an order allowing the Creditor to file a claim against PG&E and Pacific Gas and Electric Company's Chapter 11 Bankruptcy and have the proof of claim be deemed timely; and (2) for such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: December 2, 2020

**DANKO MEREDITH**

By: *_/s/ Kristine K. Meredith_*
KRISTINE K. MEREDITH
Attorney for Creditor
Dan Beach

# Declaration of Dan Beach

I, Dan Beach, say and declare as follows:

**1.** I am an individual over 18 years of age and competent to make this Declaration.

**2.** I make this Declaration in support of this motion to allow late filing of proof of claim ("Motion"), filed by myself against the Chapter 11 Bankruptcy of PG&E and Pacific Gas and Electric Company.

**3.** I am informed and believe that facts set forth in this Declaration are true of my personal knowledge, and if called upon to do so I could and would competently testify to these facts.

**4.** My father, Stanley Beach, owned the property located at 1252 Tahoe Way, Paradise, CA 95969 ("the property").

**5.** On March 29, 2018, my father died. His estate later entered probate.

**6.** My father's death was emotional for me and I struggled with the grief of his passing.

**7.** I also struggled under the stress of handling my father's estate.

**8.** On November 8, 2018, the property was destroyed by the Camp Fire.

**9.** By October 1, 2019, the property was no longer in probate and I, along with my siblings Susie Mitchell and Steve Beach, had title to the property.

**10.** I did not know that I might have the right to file a claim before the filing deadline.

**11.** I did not receive a letter in the mail from PG&E and Pacific Gas Electric Company stating I only had 21 days left to file a proof of claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2020.

DocuSigned by:
Dan Beach
78C450A35EA149B

DAN BEACH

# ATTACHMENT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re: PG&E CORPORATION, - and - PACIFIC GAS AND ELECTRIC COMPANY, Debtors. | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11 (Lead Case) (Jointly Administered) |
|---|---|

# Proof of Claim (Fire Claim Related)

**Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.**

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   Dan Beach
   Name of the current creditor (the person or entity to be paid for this claim)

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ______

3. **Are you filing this claim on behalf of your family?**
   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

   ☑ No
   ☐ Yes

   **If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:**

4. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Name | Corey, Luzaich, de Ghetaldi & Riddle LLP | |
| Attorney Name (if applicable) | Amanda L. Riddle | |
| Attorney Bar Number (if applicable) | 215221 | |
| Street Address | 700 El Camino Real | |
| City | Millbrae | |
| State | CA | |
| Zip Code | 94030 | |
| Phone Number | (650) 871-5666 | |
| Email Address | contact@norcalfirelawyers.com | |

5. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known)______ Filed on ______ (MM / DD / YYYY)

6. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ______

**Part 2:** **Give Information About the Claim as of the Date this Claim Form is Filed**

| | |
|---|---|
| 7. **What fire is the basis of your claim?**<br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: ______ |
| 8. **What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?** | Location(s): 1252 Tahoe Way, Paradise, CA 95969 |
| 9. **How were you and/or your family harmed?**<br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): ______<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) ______<br>☐ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): ______ |
| 10. **What damages are you and/or your family claiming/seeking?**<br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): ______ |
| 11. **How much is the claim?** | ☐ $______ (optional)<br>☑ Unknown / To be determined at a later date |

Case: 19-30088 Doc# 9688 Filed: 12/02/20 Entered: 12/02/20 16:50:54 Page 10 of 15

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** Amanda L. Riddle
Amanda L. Riddle (Nov 28, 2020 19:15 PST)

**Email:** contact@norcalfirelawyers.com

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Amanda L. Riddle
First name | Middle name | Last name

Title: Partner

Company: Corey, Luzaich, de Ghetaldi & Riddle LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 700 El Camino Real
Number Street

Millbrae CA 94030
City State ZIP Code

Contact phone: (650) 871-5666 Email: contact@norcalfirelawyers.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation. (attach below)

☒ I do not have supporting documentation.

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

**You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.
- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

Case: 19-30088 Doc# 9688 Filed: 12/02/20 Entered: 12/02/20 16:50:54 Page 14 of 15

# Electronic Proof of Claim_Z@YTW27402[[CSLT#4025#CF]]

Final Audit Report 2020-11-21

| | |
|---|---|
| Created: | 2020-11-21 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcrzZdLfTuaVXeboGIPhVcPBGculHPRqc |

## "Electronic Proof of Claim_Z@YTW27402[[CSLT#4025#CF]]" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)

2020-11-21 - 3:11:56 AM GMT

Web Form filled in by Amanda L. Riddle (contact@norcalfirelawyers.com)

2020-11-21 - 3:15:48 AM GMT- IP address: 162.229.56.1

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/86.0.4240.198 Safari/537.36)

2020-11-21 - 3:15:50 AM GMT- IP address: 162.229.56.1

Agreement completed.

2020-11-21 - 3:15:50 AM GMT