EDWARD J. TREDINNICK (#84033)
GREENE RADOVSKY MALONEY
  SHARE & HENNIGH LLP
One Front Street, Suite 3200
San Francisco, California 94111-5357
Telephone:   (415) 981-1400
Facsimile:   (415) 777-4961
E-mail: etredinnick@greeneradovsky.com

Attorneys for Creditor,
City and County of San Francisco

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors,<br><br>☐ Affects PG&E Corporation<br>☒ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Case No.: 19-30088-DM<br><br>Chapter 11<br><br>**MOTION BY THE CITY AND COUNTY OF SAN FRANCISCO TO ALLOW FILING OF LATE PROOF OF CLAIM AND FOR RELATED RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:   January 12, 2021<br>TIME:   10:00 a.m.<br>PLACE:  Telephonic/Video Appearances Only, Courtroom 17<br>        450 Golden Gate Avenue<br>        16th Floor<br>        San Francisco, California<br>JUDGE:  Hon. Dennis Montali<br><br>Objection Deadline: December 29, 2020 |

## I.     INTRODUCTION

The City and County of San Francisco ("**San Francisco**" or "**City**") hereby moves this Court for an order authorizing the filing of a late indemnity claim against the Pacific Gas and Electric Company ("**PG&E**") for damages arising from a trip and fall incident that occurred on or about June 15, 2018. San Francisco also requests relief from the discharge injunction put in place by the Order

GREENE RADOVSKY
MALONEY SHARE &
HENNIGH LLP
ONE FRONT STREET
SUITE 3200
SAN FRANCISCO, CA
94111-5357

579972.1

1

Case: 19-30088    Doc# 9782    Filed: 12/10/20    Entered: 12/10/20 09:42:18    Page 1 of 8

Confirming the Debtors' Plan of Reorganization to allow the City to serve its Cross-Complaint in the pending litigation described herein.

This Motion is based on this Motion and the Memorandum of Points and Authorities set forth herein, the Declaration of Hunter Sims in Support thereof submitted herewith ("**Sims Declaration**"), and on such other evidence that the Court may consider at the hearing on the Motion.

## II. STATEMENT OF FACTS

On or about June 15, 2018, Louise Wiltz (hereinafter "**Ms. Wiltz**" or "**Plaintiff**") alleges she was injured while walking in the vicinity of her home.

On or about July 19, 2018, Ms. Wiltz filed an administrative claim with the City Controller's Office in San Francisco. The administrative claim was denied on November 13, 2018.

On May 10, 2019, Ms. Wiltz filed a Complaint in the San Francisco Superior Court against the City and County of San Francisco for personal injury based on Premises Liability and Dangerous Condition of a Public Property (Case # CGC-19-575888) (the "**Complaint**") Sims Declaration ¶ 3. A copy of the Complaint is attached to the Sims Declaration as Exhibit "A".

In the Complaint, the Plaintiff alleges that while walking on the sidewalk in front of 121 Farnum Street in San Francisco, the Plaintiff tripped, resulting in her injuries, due to a "…dangerous condition in that the cover of a Water Power Sewer Department utility box insert into the sidewalk was installed in a manner that was not level with the surrounding sidewalk, so that the sidewalk was uneven; the utility box cover was lower than the surrounding sidewalk, and the edges of the hole constituted an abrupt barrier or ledge." *See* Complaint, pg. 5, lines 7-11.

San Francisco filed an Answer to the Complaint on November 12, 2019, denying any liability to the Plaintiff under the Complaint. Sims Declaration ¶ 4.

On June 18, 2020, the City deposed Ms. Wiltz who testified that she tripped and fell over a utility box in front of a residence at 121 Farnum Street. Ms. Wiltz also identified Damian Molinari as a witness. Sims Declaration ¶ 5.

On July 16, 2020, Ms. Wiltz and San Francisco participated in a private mediation. At the mediation, Plaintiff submitted a Declaration of Damian Molinari dated as of July 15, 2020. Sims Declaration ¶ 6. A copy of the Molinari Declaration is attached to the Sims Declaration as

Exhibit "B".

Mr. Molinari's Declaration states that he resides at 121 Farnum Street and that he saw Ms. Wiltz on the ground shortly after she had fallen on June 15, 2018. Mr. Molinari's declaration further states, as follows:

> Some months before this incident I remember utility workers were doing a job on the street in front of my house. They had a backhoe (or similar heavy equipment) digging up the street. I am not sure if they were working on water or sewer pipes, but both services are provided by the City and County of San Francisco. The backhoe was positioned so that one of the outrigger legs was directly on top of one of the utility boxes in the sidewalk in front of my house. Prior to the work being done, the utility box had been flush with the sidewalk. After the backhoe leg had been placed on the utility box, the box was pushed down below the level of the sidewalk.

This was the first time that San Francisco became aware of the connection between work that had been done at the Farnum Street location relative to the incident where Ms. Wiltz was allegedly injured. The mediation ended without a resolution of the dispute. Sims Declaration ¶¶ 7 & 8.

Thereafter, the City Attorney's Office investigated whether any construction work had been done at the Farnum Street location in the months prior to June 2018. The City Attorney's Office learned that PG&E had applied for and been issued a Utility Excavation Permit from the San Francisco Department of Public Works for the vicinity around Farnum Street on January 2, 2018 for the purposes of replacing the gas main in that location. (Permit # 17-EXC-5466). That Permit expired on March 31, 2018. A renewed permit was issued on April 2, 2018 (Permit 18EXC-1272), which extended the time for the work through May 1, 2018 (hereinafter the **"Permits"**). Sims Declaration ¶ 9. Copies of each of the Permits are attached to the Sims Declaration as Exhibits "C" and "D".

Each of the Permits contain a provision that provides in pertinent part, that the Permitee (PG&E) "…agrees to hold harmless, defend and indemnify the City and County of San Francisco, …from and against any and all losses liabilities, expenses, claims, demands, injuries, damages…arising directly or indirectly from…(iii) injuries or damages to real or personal property, good will, and persons in, upon or in any way allegedly connected with the work authorized by this Permit from any cause or claims arising at any time, …" *See* Permits, pg. 5, ¶ 15.

After obtaining this information, in October of 2020, San Francisco prepared a cross-complaint and sent a tender letter to PG&E. Counsel for PG&E has asserted that the claim and cross-complaint are barred by the automatic stay and that the claims are late. Sims Declaration ¶ 10.

### III.	CURRENT STATUS OF BANKRUPTCY CASE

These bankruptcy cases for PG&E Corporation and its primary subsidiary, Pacific Gas and Electric Company were filed on January 29, 2019.

The deadline for the filing of all proofs of claim in respect of any prepetition claim was October 21, 2019.[1] On or about October 18, 2019, San Francisco filed eight proofs of claim in the PG&E cases on behalf of its various agencies and departments. Among these claims was Claim # 64163 which San Francisco filed on behalf of several of its agencies which included litigation claims that were pending at the time of the filing of the bankruptcy case, including several personal injury cases in which PG&E and San Francisco were co-defendants or cross defendants. A copy of Claim #64163 is attached hereto as Exhibit "A".

On June 20, 2020 this court entered its order confirming the Debtor' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020 (the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. The cases remain pending while the Debtors process claims in the case including the payment of allowed claims and the filing of objections to disputed claims.

Under Section 7.1 of the Plan, the initial deadline for the Debtors' to file objections to claims filed in these cases was December 31, 2020. On November 17, 2020, this court entered its "Order Extending Deadline for the Reorganized Debtors to Object to Claims", by which the deadline for filing objections to claims, except for the claims of the United States and its agencies, was extended to June 26 2021. [Docket # 9563].

### IV.	ARGUMENT

Bankruptcy courts are often asked to excuse the late filing of claims in Chapter 11

---

[1] This deadline was thereafter extended to December 31, 2019 for the wildfire-related claims which does not apply to this claim

cases for a variety of reasons. Bankruptcy Rule 3003(c)(3) provides that a court in a Chapter 11 shall ". . . fix and for cause shown extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b) provides for the extension of a bar date once it has passed if the failure to act is based on excusable neglect.

*The United States Supreme Court in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) adopted a liberal standard for the filing of late filed claims in Chapter 11 cases holding that such extensions should not be limited to situations in which the delay in filing is caused by circumstances beyond the control of the party filing the proof of claim. The Supreme Court stated in *Pioneer* that the concept of neglect "encompasses both simple, faultless omissions to act and more commonly, omissions caused by carelessness." *Pioneer*, 113 S.Ct. at 1495.

In addition, the Supreme Court noted that bankruptcy courts are "necessarily entrusted with broad equitable powers to balance the interests of the effected parties, and that determination for the allowance of late claims due to excusable neglect entails a correspondingly equitable inquiry." *Pioneer*, 113 S.Ct. at 1495.

The Supreme Court set out the four criteria that bankruptcy courts should consider in determining whether neglect in filing a late claim is excusable and therefore the extension of the bar date or allowance of a late filed claim appropriate. These factors are (1) whether granting the extension will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer*, 113 S.Ct. at 1498.

In considering each of these factors, bankruptcy courts are instructed to balance these various factors. No one factor is determinative. *See Pincay v. Andrews*, 389 F. 3d 853 (9th Cir. 2004), *In re Zilog, Inc.*, 450 F. 3d 996 (9th Cir. 2006).

As will be shown below, each of the factors weighs in favor of San Francisco and the allowance of its claim.

(a) No Prejudice to Debtor. The filing of the San Francisco's additional claim will have no negative impact upon the Debtors. The Debtors and their estates are solvent and

Case: 19-30088 Doc# 9782 Filed: 12/10/20 Entered: 12/10/20 09:42:18 Page 5 of 8

under the Plan all unsecured creditors will be paid in full with interest at the federal rate. *See*, *In re Best Payphones, Inc.* (Bankr. S.D.N.Y. 2015) 523 B. R. 54, 75-6; *In re Sheehan Memorial Hospital*, (Bankr. W. D. N.Y. 2014) 507 B.R. 802, 803 (where the chapter 11 debtor is solvent, "the proper remedy for a late filing is not the expungement of a claim but its allowance as a tardily filed claim only".) The claim involved in Ms. Wiltz's litigation is similar to other personal injury litigation claims that the City filed in Claim #64163 and will not be significant relative to the value of the Debtors' estates and will not in any way jeopardize the successful reorganization of the Debtor. Further, as this is not a wildfire related claim, it will have no impact on the Fire Victims nor the Fire Victims Trust established by the Plan, which have often been stated by the Debtors as being the principal underlying rationales for filing of these bankruptcy cases.

    (b) <u>No impact on court administration</u>. Similarly, the allowance of the potential indemnity claim in Ms. Wiltz's case will not hamper the court's administration of these bankruptcy cases. The Debtors' and Shareholder Proponents' Plan has been confirmed and gone effective. The Debtors continue to address the claims process and have recently obtained a 6-month extension of time to object to claims through June 26, 2021. During the course of the bankruptcy cases, claims similar to the Plaintiff's claim were granted relief from stay in order to pursue litigation of common trip and fall and other personal injury cases in state court with the resulting claims to be administered through the Plan. Several of the litigation claims filed by San Francisco in its Claim # 64163 are in this situation now. This court will not be delayed in resolving these bankruptcy cases by the addition of this indemnity claim asserted by San Francisco.

    (c) <u>Reason for Delay</u>. As noted in the recitation of facts, San Francisco had no knowledge of the possible involvement of PG&E until after the private mediation in late July of this year, after the claims bar date had passed and after the Debtors' and Shareholder Proponents' Plan had been confirmed and became effective. San Francisco acted prudently and as efficiently as possible given the current circumstances in pursuing the information disclosed in the Molinari Declaration and tying it to PG&E through its examination of the DPW Permit records.

    (d) <u>Good Faith of San Francisco</u>. Finally, there is nothing among the facts set forth herein that suggests that San Francisco has acted in bad faith. San Francisco only learned of

GREENE RADOVSKY
MALONEY SHARE &
HENNIG LLP
ONE FRONT STREET,
SUITE 3200
SAN FRANCISCO, CA
94111-5357

579972.1

6

Case: 19-30088 Doc# 9782 Filed: 12/10/20 Entered: 12/10/20 09:42:18 Page 6 of 8

the potential involvement of PG&E and the indemnity claim at the July 2020 mediation through the Molinari Declaration. San Francisco promptly acted to determine the facts and brought them to the attention of PG&E  It is beyond argument that San Francisco would have included this claim in its Claim # 64163 if it had known prior to the Claims Bar Date that there was a potential indemnity claim against PG&E, since it listed several similar claims in its original claim.

It is clear that all the criteria set forth in the *Pioneer* case weigh in favor of this claim being allowed as a late filed claim. San Francisco had no knowledge of this claim prior to the Claims Bar Date and thus had no capability to file a timely proof of claim for indemnity on the Plaintiff's trip and fall claim. Allowance of San Francisco's late claim will not prejudice the Debtor or any other creditor in this solvent bankruptcy case, nor will it interfere with the administration of this case. There was clearly no bad faith on behalf of San Francisco regarding this matter. Further, given the unique circumstances of the situation presented in this Motion, it is unlikely that granting the late filing of the City's claim will result in a multitude of claims from other creditors who either missed or ignored the bar date.

## V. RELATED RELIEF FROM DISCHARGE INJUNCTION

As noted above, throughout this bankruptcy case the Debtors' have stipulated to relief from stay to allow similar "trip and fall" or non-wildfire related personal injury cases to proceed in state courts where they can be properly litigated and resolved with any resulting judgments or settlements to be resolved through the bankruptcy claims process. *See, e.g.* Stipulation Between Debtor Pacific Gas and Electric Company and Movants Marina and Mikhail Gelman for Limited Relief from The Automatic Stay [Docket # 3939]; Stipulation Between Debtors and Kayla Ruhnke and E.R., A Minor, for Relief from The Automatic Stay [Docket #6384].

San Francisco requests similar limited relief from the discharge injunction pursuant to Section 10.6 of the Plan, so that it may pursue its cross-complaint against PG&E for any relief that Ms. Wiltz may recover against San Francisco from this incident set forth her Complaint now pending in the San Francisco Superior Court.

## VI. CONCLUSION

WHEREFORE, San Francisco respectfully requests that the court enter an order allowing it to file the late filed claim described herein [2] and for other orders as may be appropriate in the circumstances.

Dated: December 10, 2020

Respectfully submitted,

GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP

By: /s/ Edward Tredinnick
Edward J. Tredinnick
Attorneys for Creditor,
City and County of San Francisco

---

[2] A form of the City's Proof of Claim is attached hereto as Exhibit "B"

GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP
ONE FRONT STREET, SUITE 3200
SAN FRANCISCO, CA 94111-5357

579972.1