| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION MODIFYING PRIOR STIPULATION AND ORDER REGARDING PROOF OF CLAIM OF DR. JIRIES MOGANNAM AND CINDY MOGANNAM**<br><br>[Related to Dkt. Nos. 9700, 9740] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Dr. Jiries Mogannam and Cindy Mogannam ("**Movants**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On December 3, 2020, the Parties entered into that certain *Stipulation Permitting Dr. Jiries Mogannam and Cindy Mogannam to Amend Previously Filed Proof of Claim*, dated December 3, 2020 [Dkt. No. 9700] (the "**Original Stipulation**").

B. On December 4, 2020, the Court entered the corresponding *Order Approving Stipulation Permitting Dr. Jiries Mogannam and Cindy Mogannam to Amend Previously Filed Proof of Claim*, dated December 4, 2020 [Dkt. No. 9740] (the "**Original Order**").

C. The Original Stipulation inadvertently defined the term "**Original Proof of Claim**" to mean "Proof of Claim No. 10160."[1] The Parties intended to define the term "Original Proof of Claim" to mean "Proof of Claim No. 31120, filed on October 17, 2019, by Dr. Jiries Mogannam."

D. The Fire Victim Trustee has reviewed this Stipulation and has no objection to the agreements set forth herein or to entry of an Order approving the terms of this Stipulation.

E. The Parties hereto desire to revise the definition of "Original Proof of Claim" for all purposes with respect to the Original Stipulation and Original Order.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The definition of "Original Proof of Claim" as set forth in the Original Stipulation and incorporated by reference into the Original Order shall be amended and restated in its entirety as "Proof of Claim No. 31120, filed on October 17, 2019, by Dr. Jiries Mogannam". Any

---

[1] Prime Clerk has not taken any action with respect to the claims register pursuant to the Original Stipulation or Original Order.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

reference to Proof of Claim No. 10160 shall be stricken from the Original Stipulation and Original Order.

2. Except as expressly modified and amended pursuant to Paragraph 1 above, the terms of the Original Stipulation and Original Order shall remain in full force and effect and shall not otherwise be modified or amended by the terms hereof.

3. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

4. This Stipulation shall be binding on the Parties and each of their successors in interest.

5. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

| | |
|---|---|
| Dated: December 10, 2020 | Dated: December 10, 2020 |
| WEIL GOTSHAL & MANGES LLP | LAW OFFICE OF ROBERT M. BONE |
| /s/ *Matthew Goren* | /s/ *Robert M. Bone* |
| Matthew Goren, Esq. | Robert M. Bone, Esq. |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for Dr. Jiries Mogannam and Cindy Mogannam* |