BRENDAN M. KUNKLE (SBN 173292) bkunkle@abbeylaw.com
MICHAEL D. GREEN (SBN 214142) mgreen@abbeylaw.com
**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Telephone:   707-542-5050
Facsimile:   707-542-2589

*Attorneys for Fire Victim Claimants*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOFS OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRENDAN M. KUNKLE** <br><br> Date: January 12, 2021 <br> Time: 10:00 a.m. <br> Dept: Telephonic/Video Appearances Only <br> United States Bankruptcy Court <br> 450 Golden Gate Ave. <br> Courtroom 17, 16th Floor, San Francisco, CA <br> Judge: Hon. Dennis Montali <br><br> Objection Deadline: January 5, 2021 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Abbey, Weitzenberg, Warren & Emery ("Abbey Law"), together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire").

Abbey Law respectfully files this motion ("Motion") to allow late filing of proofs of claim and deem the proofs of claim as having been timely filed for the fire victims ("Movants") listed

in Exhibit A, attached hereto.

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, Movants did not file timely proof of claim forms because they reasonably did not know they had valid claims for damages until after the Claims Bar Date. Movants are young adults that had their parents' homes as their permanent residence when the North Bay Fires occurred. Each of Movants' homes were destroyed by the North Bay Fires. Movants believed they did not have a valid claim because they were not the owners of the burned homes. After the Claims Bar Date, Movants learned that they had valid claims based on the destruction of their personal property and their evacuation experience. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted and Movants should be allowed to file Proofs of Claim and have them deemed as timely. This Court must determine whether to grant the Motion.

## II. FACTUAL BACKGROUND

**A. Movants' Claims Arising From North Bay Fires**

Movants were young adults when the North Bay Fires occurred. Movants' primary and permanent residence at the time was their parents' homes. Each of their parents' homes was destroyed by the North Bay Fires. Movants were either present at their parents' homes or were temporarily away at the time of the fires. Movants who were temporarily away suffered the destruction of their personal property that was within their parents' homes. Movants who were present at their parents' homes at time of the fire evacuated and suffered the destruction of their personal property.

Prior to the Claims Bar Date on December 31, 2019, Movants believed they did not have a claim because they were not the owners of the destroyed homes. Subsequently, Movants learned that they had a valid claim despite not owning their homes because their personal property was destroyed and they evacuated or just their personal property was destroyed. Movants then

contacted Abbey Law to submit a claim. As a result, proof of claim forms were not filed on behalf of Movants before the Claims Bar Date.

**B. General Procedural Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under Chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's Chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

**C. Plan, Disclosure Statement, and the Solicitation Procedures Motion**

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved and the

Disclosure Statement and Plan circulated for votes.

The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket No. 8048].

On June 20, 2020, an order was issued confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8053].

### D. Extended Bar Date for Fire Victim Creditors

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

### III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of allowing Movants to file late proofs of claim.

The first *Pioneer* factor weighs overwhelmingly in Movants' favor because there is no danger of prejudice to the Debtors in this case. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc*., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

The second *Pioneer* factor is also satisfied by Movants because the length of the delay in filing Proof of Claim forms was minimal and will not impact the bankruptcy proceeding. Movants contacted Abbey Law as soon they realized they had a valid claim despite not owning their home based on the destruction of their personal property and evacuation experience. Counsel for Movants then filed the subject motion expeditiously. The claims process is ongoing and, as such, Movants' delay in filing their claims is negligible relative to the bankruptcy proceeding. Permitting Movants to file late claims will have no effect on the bankruptcy given its current status.

The third and fourth *Pioneer* factors, the reasonableness in the delayed filing and whether Movants acted in good faith, are also met. Movants contacted the Abbey Firm as soon as they learned that they had valid claims. Unfortunately, Movants learned about the validity of their claims after the Claims Bar Date. Movants' delay in learning that they had claims despite not owning their homes was reasonable and in good faith. Movants were all young adults when the Claims Bar Date passed and could not reasonably be expected to know that they had valid claims despite their parents' ownership of the destroyed home. Movants' delay was therefore the result of reasonable and excusable neglect.

Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

### IV. CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;

2. Finding that Movants be allowed to file Proofs of Claim and deem them as having been timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: December 11, 2020        **ABBEY, WEITZENBERG, WARREN & EMERY PC**

By:    */s/ Brendan M. Kunkle*
     BRENDAN M. KUNKLE (SBN 173292)
     **ABBEY, WEITZENBERG, WARREN & EMERY PC**
     100 Stony Point Road, Suite 200
     Santa Rosa, CA 95401
     Telephone:    707-542-5050
     Facsimile:    707-542-2589
     bkunkle@abbeylaw.com
     *Attorneys for Numerous Fire Claimants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                              */s/ Brendan M. Kunkle*
                                              Brendan M. Kunkle

## DECLARATION OF BRENDAN M. KUNKLE

I, BRENDAN M. KUNKLE, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

4. I am an attorney with the law firm of Abbey, Weitzenberg, Warren & Emery, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the numerous fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

5. I make this Declaration in support of the motion to allow late filing of proofs of claim ("Motion") on behalf of the fire victims ("Movants") listed in Exhibit A, attached hereto. Movants are represented by Abbey, Weitzenberg, Warren & Emery.

6. Movants did not file claims before the December 31, 2019 claims bar date due to reasonable and excusable delay and should be allowed to file proofs of claim after the bar date.

7. Movants were young adults when the North Bay Fires occurred. Movants' primary and permanent residence at the time was their parents' homes. Each of their parents' homes was destroyed by the North Bay Fires. Movants were either present at their parents' homes or were temporarily away at the time of the fires. Movants who were temporarily away suffered the destruction of their personal property that was within their parents' homes. Movants who were present at their parents' homes at time of the fire evacuated and suffered the destruction of their personal property.

8. Prior to the Claims Bar Date on December 31, 2019, Movants believed they did not have a claim because they were not the owners of the destroyed homes. Subsequently, Movants learned that they had a valid claim despite not owning their homes because their personal property was destroyed and they evacuated or just their personal property was destroyed. Movants then

contacted Abbey Law to submit a claim.  As a result, proof of claim forms were not filed on behalf of Movants before the Claims Bar Date.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and executed this 11th day of December 2020.

/s/ *Brendan M. Kunkle*
BRENDAN M. KUNKLE

# EXHIBIT A
## LIST OF MOVANTS

1. Burchfield, Lisa
   3614 Coffey Lane
   Santa Rosa, CA  95403
   Date of Birth: May 17, 1982
   Parents: Douglas and Vickie Pettit
   Nature of Claim: Personal property destroyed.

2. Burchfield, Madison
   3614 Coffey Lane
   Santa Rosa, CA  95403
   Date of Birth: January 3, 2005
   Parent: Lisa Burchfield
   Nature of Claim: Personal property destroyed.

3. East, Daniel
   3614 Coffey Lane
   Santa Rosa, CA  95403
   Date of Birth: October 16, 2007
   Parent: Lisa Burchfield
   Nature of Claim: Personal property destroyed.

4. Olson, Cory
   3739 Lakebriar Place
   Santa Rosa, CA 95403
   Date of Birth: February 6, 2000
   Parents: Gary and Lisa Olson
   Nature of Claim: Evacuated and personal property destroyed.

5. Olson, Kylie
   3729 Lakebriar Place
   Santa Rosa, CA 95403
   Date of Birth: February 6, 2000
   Parents: Gary and Lisa Olson
   Nature of Claim: Evacuated and personal property destroyed.

6. Perry, Samantha
   2855 Rollo Road
   Santa Rosa, CA 95404
   Date of Birth: July 25, 1997
   Parents: Michael and Elysa Perry
   Nature of Claim: Personal property destroyed.

7. Reese, Cambria

Case: 19-30088    Doc# 9796    Filed: 12/11/20    Entered: 12/11/20 15:36:58    Page 10 of 11

|   | 5262 Vista Grande Drive |
|---|---|
| 1 | Santa Rosa, CA 95403 |
| 2 | Date of Birth: September 7, 1992 |
|   | Parents: Daryl and Janice Reese |
| 3 | Nature of Claim: Personal property destroyed. |

8. Shepperd, David
   1935 Lyon Court
   Santa Rosa, CA 95403
   Date of Birth: November 10, 1994
   Parents: Charles and Anne Shepperd
   Nature of Claim: Personal property destroyed.