1  STEVEN SKIKOS (SB #148110)
   **SKIKOS, CRAWFORD, SKIKOS & JOSEPH, LLP**
2  1 Sansome Street, Ste. 2830
   San Francisco, CA 94104
3  Telephone: (415) 546-7300
   Facsimile: (415) 547 7301
4  sskikos@skikos.com

5  *Counsel for Aleece Feldhaus*

6

7              **UNITED STATES BANKRUPTCY COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
8                **SAN FRANCISCO DIVISION**

9

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION** | |
| -and- | Chapter 11 (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** **Debtors.** | **MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY ALEECE FELDHAUS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF UZAIR SALEEM IN SUPPORT** |
| ☐ Affects PG&E Corporation | |
| ☐ Affects Pacific Gas and Electric Company | |
| ■ Affects both Debtors | Date: January 12, 2020 Time: 10a.m. (Pacific Time) Place: United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Judge: Hon. Dennis Montali |

20  TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCH COURT

21  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

22  PARTIES:

23       Skikos, Crawford, Skikos, & Joseph LLP represents thousands of victims of the Fires

24  started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp

25  Fire") and 2019 ("Kincade Fire").

26       Skikos, Crawford, Skikos, & Joseph LLP respectfully files this motion on behalf of

27  CLIENT ("Movant") to deem timely late filing of proofs of claims ("Motion").

28

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice to the Debtors. In this case, Movant's husband at the time of the fire was an employee of the Debtor PG&E and feared retaliatory consequences for filing an action against his employer. Movant and her husband did not seek action against PG&E due to his understanding that such a decision could jeopardize his employment. Movant has since separated from her husband and seeks to file to claim to compensate her significant damages. Ultimately, Movant's fear of employment retaliation against her husband prevented the Movant from timely filing a proof of claim. Because her claim is a consequence of excusable neglect, there is no danger of prejudice to the Debtors, and the claim was made in good faith, this Motion should be granted to allow Aleece Feldhaus to have her claim deemed timely.

## II. FACTUAL BACKGROUND

### A. Movants' Claims Arising from Camp Fire

Creditor Aleece Feldhaus ("Feldhaus") lived at 6439 North Point Drive, Paradise, CA. Feldhaus worked as an elementary school teacher at Paradise Elementary School. Her husband was employed by PG&E. Feldhaus and her husband purchased their home in 2018. Feldhaus is a survivor of the Camp Fire that burned through her hometown of Paradise within hours. On October 8, 2018, Feldhaus barely escaped the fire with her life. Given no notice, she was forced to evacuate from her elementary school with minutes to spare. After Feldhaus evacuated her students from the school, she frantically drove to her home in time to rescue her pets and gather a few personal belongings. After getting her dog, her neighbor's cat, and a few belongings, she left Paradise only to be stuck in gridlock traffic for three hours as everyone was desperate to leave the burning town at the same time. *See* Declaration of Uzair Saleem ("Saleem Decl.")

The fire did not destroy Feldhaus's home, but it did cause significant damage to structures on the property and to its extensive landscaping. All of the other homes on Feldhaus's street were destroyed by the fire. Feldhaus was displaced for several months after the fire and would spend significant time living in hotels and motorhomes. Feldaus was not allowed to return to her Paradise home until it was deemed safe to do so by Butte County officials. Feldaus found herself

overwhelmed by her debilitating psychological trauma and the logistical demands of temporarily

reestablishing her life elsewhere. Feldhaus's husband at the time of the fire was an employee of

the Debtor PG&E and feared retaliatory consequences for filing an action against his employer.

Consequently, Feldhaus and her husband did not seek action against PG&E due to his

understanding that such a decision could jeopardize his employment. Once Feldhaus had

separated from her husband she decided to pursue the claim that he feared would destroy his

career. *See* ("Saleem Decl.")

### III.    LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings,

including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R.

Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings

caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond

the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389

(1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be

allowed on grounds of excusable neglect. See e.g., *In re Nw. Territorial Mint*, LLC, No. AP 16

1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can

include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the

party."); *In re Schultz*, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); TCI Group Life Ins. Plan

v. Knoebber, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing

extreme personal difficulties and was "distraught") (overruled on other grounds); Comm. for

Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling

circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." *Pioneer Inv. Servs.*

*Co.,* 507 U.S. at 395. Courts in the Ninth Circuit generally examine four (4) factors in

their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its

potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the

movant acted in good faith. See id. Each of these four factors weighs heavily in favor of

Feldhaus. Accordingly, her late proof of claim should be deemed timely.

1	First, the Feldhaus claim will not prejudice PG&E, there is no danger of prejudice here.

2	The value of the Feldhaus claim is marginal relative to the Debtors' estates and the allowance of

3	that claim will not disrupt the reorganization or distribution process. Debtors' estates are solvent,

4	and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr.

5	S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014)

6	(where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the

7	expungement of a claim, but its allowance as a tardily filed claim only).

8	Second, despite the late filing, the Feldhaus claim will have essentially zero impact on the

9	judicial proceedings and will not change PG&E's reorganization process. There are tens of

10	thousands of similarly situated claimants as Feldhaus and her claim will be placed among them,

11	resulting in no noticeable impact upon the distribution process. See e.g., *In re Dix*, 95 B.R. 134,

12	138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no

13	indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153

14	B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization

15	proceedings).

16	Third, the totality of the factual circumstances in Feldhaus's survival warrants excusable

17	neglect. On October 8, 2018, Feldhaus barely escaped the fire with her life. Given no notice, she

18	was forced to evacuate from her elementary school with minutes to spare. After Feldhaus

19	evacuated her students from the school, she frantically reached her home in time to rescue her

20	pets and gather a few personal belongings. After getting her dog, her neighbor's cat, and a few

21	belongings she left Paradise only to be stuck in gridlock traffic for 3 hours as everyone was

22	desperate to leave the burning town at the same time.

23	In the aftermath of the fire, Feldhaus was displaced for several months and was forced to

24	live in hotels and motor homes until Butte County allowed residents whose homes did not burn to

25	return.  While her home was not destroyed by the fire, her land and structures were significantly

26	damaged.  Additionally, all of the homes on her street were destroyed.  Feldaus found herself

27	overwhelmed by her debilitating psychological trauma and the logistical demands of temporarily

28	reestablishing her life elsewhere. Feldhaus's husband at the time of the fire was an employee of

the Debtor PG&E and feared retaliatory consequences for filing an action against his employer. Consequently, Feldhaus and her husband did not seek action against PG&E due to his understanding that such a decision could jeopardize his employment. Only after Feldhaus had separated from her husband did she no longer fear pursuing a claim that could harm his career. *See* ("Saleem Decl.") See e.g., Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect).

Ultimately, Feldhaus's claim was made in good faith. Feldhaus did not contact an attorney until after the bar date and once she had separated from her husband. Had she been informed or aware that filing a claim would bear no consequence upon her husband's employment with PG&E, she would have timely filed a proof of claim.

### IV.    CONCLUSION

For the foregoing reasons, this Motion should be granted and Aleece Feldhaus's claim should be deemed timely.

Dated:  December 11, 2020

By: /s/ Steven J. Skikos

Steven J. Skikos (SBN 148110)
Skikos, Crawford, Skikos & Joseph, LLP
1 Sansome Street, Suite 2830
San Francisco, California 94104
Tel: 415.546.7300
Fax: 415-546-7301

## Declaration of Uzair Saleem

I, Uzair Saleem, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to testify, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true based on my personal knowledge or through information obtained my staff.

3. I am an attorney of the law firm Skikos, Crawford, Skikos, & Joseph LLP and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim.

4. Creditor Aleece Feldhaus ("Feldhaus") is a survivor of the Camp Fire that occurred in 2018.

5. Feldhaus lived at 6439 North Point Drive, Paradise, CA 95926.

6. Feldhaus was a lifelong resident of Paradise and a teacher at Paradise Elementary School.

7. As a result of the Camp Fire, Feldhaus was displaced from her home for several months. While her home was not destroyed, her structures and land sustained significant damage. Additionally, all of the other homes on her street were destroyed.

8. Overwhelmed by her loss and debilitating psychological trauma, Feldhause was then forced to grapple with the logistical demands of temporarily reestablishing her life elsewhere. Feldhaus's husband, from whom she is now separated, works for PG&E. The couple feared employer retaliation if a claim was filed. Only once the bar date had passed and the couple had separated did Feldhaus understand that she could have filed a proof of claim.

9. On February 6, 2020, Feldhaus retained Skikos, Crawford, Skikos, & Joseph LLP.

10. On December 6, 2020, a Proof of Claim was filed on behalf of Feldhaus, Claim Number 106853. A true and correct copy of the Subject Proof of Claim is attached to this Declaration as Exhibit 1.

1    I declare under penalty of perjury that the foregoing is true and correct. Executed on

2    December 11, 2020.

3

4                                                        /s/ Uzair Saleem
                                                         Uzair Saleem
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC<br>COMPANY,**<br>Debtors. | **Bankruptcy Case<br>No. 19-30088 (DM)**<br><br>**Chapter 11<br>(Lead Case)<br>(Jointly Administered**) |
|---|---|

# Proof of Claim (Fire Claim Related)

**Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.**

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Please type or print in the spaces below. Do NOT use red ink or pencil.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Aleece Feldhaus

Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

☑ No
☐ Yes

**If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:**

_____  _____

_____  _____

_____  _____

_____  _____

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name  Skikos Crawford Skikos & Joseph

Attorney Name (if applicable)  Matthew Skikos

Attorney Bar Number (if applicable)  269765

Street Address  One Sansome Street, Suite 2830

City  San Francisco

State  CA

Zip Code  94104

Phone Number  415-546-7300

Email Address  mskikos@skikos.com

**Where should payments to the creditor be sent?** (if different)

Name _____

Attorney Name (if applicable) _____

Attorney Bar Number (if applicable) _____

Street Address _____

City _____

State _____

Zip Code _____

Phone Number _____

Email Address _____

**5. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)_____      Filed on _____ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                                             Page 1

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |

**7. What fire is the basis of your claim?**

Check all that apply.

- ☑ Camp Fire (2018)
- ☐ North Bay Fires (2017)
- ☐ Ghost Ship Fire (2016)
- ☐ Butte Fire (2015)
- ☐ Other (please provide date and brief description of fire: _____

_____

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): 6439 North Point Dr, Paradise, CA 95969

**9. How were you and/or your family harmed?**

Check all that apply

- ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)
  - ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____
- ☑ Personal Injury
- ☐ Wrongful Death (if checked, please provide the name of the deceased) _____
- ☐ Business Loss/Interruption
- ☑ Lost wages and earning capacity
- ☑ Loss of community and essential services
- ☐ Agricultural loss
- ☐ Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

- ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- ☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- ☑ Punitive, exemplary, and statutory damages
- ☑ Attorney's fees and litigation costs
- ☑ Interest
- ☑ Any and all other damages recoverable under California law
- ☐ Other (Please specify): _____

**11. How much is the claim?**

- ☐ $_____ (optional)
- ☑ Unknown / To be determined at a later date

Proof of Claim (Fire Related)                                                   Page 2

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐    I am the creditor.

☑    I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Matthew Skikos*
Matthew Skikos (Dec 6, 2020 12:25 PST)

**Email:**  mskikos@skikos.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Matthew Skikos | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Skikos Crawford Skikos & Joseph LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | One Sansome Street, Suite 2830 | | |
| | Number        Street | | |
| | San Francisco | CA | 94104 |
| | City | State | ZIP Code |
| Contact phone | 415-546-7300 | Email | mskikos@skikos.com |

Proof of Claim (Fire Related)                                    Page 3

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
(attach below)

☒ I do not have supporting documentation.

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

**You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.

- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.

- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

Case: 19-30088   Doc# 9804   Filed: 12/11/20   Entered: 12/11/20 18:00:47   Page 13 of 16

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

Case: 19-30088    Doc# 9804    Filed: 12/11/20    Entered: 12/11/20 18:00:47    Page 14 of 16

# Electronic Proof of Claim_MJYQO27402[[CSLT #4025#CF]]

Final Audit Report                                           2020-12-06

| | |
|---|---|
| Created: | 2020-12-06 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAArJdEDUOo15rMP885ddFiZEdVdEas6gtS |

## "Electronic Proof of Claim_MJYQO27402[[CSLT#4025#CF]]" History

🗎 Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2020-12-06 - 8:22:39 PM GMT

🗎 Web Form filled in by Matthew Skikos (mskikos@skikos.com)
2020-12-06 - 8:25:31 PM GMT- IP address: 104.57.224.90

✎ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/87.0.4280.88 Safari/537.36)
2020-12-06 - 8:25:33 PM GMT- IP address: 104.57.224.90

✔ Agreement completed.
2020-12-06 - 8:25:33 PM GMT

Case: 19-30088    Doc# 9804    Filed: 12/11/20    Entered: 12/11/20 18:00:47    of 16

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, a copy of the following was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Steven J. Skikos
Steven J. Skikos