Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for ASPLUNDH CONSTRUCTION, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and –<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                  Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>X Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**ASPLUNDH CONSTRUCTION, LLC'S RESPONSE TO REORGANIZED DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)**<br><br>Date: January 27, 2021<br>Time: 10:00 a.m.<br>Place: (Telephonic Appearance Only)<br>450 Golden Gate Avenue<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Related Docket No. 9272 |

      Asplundh Construction, LLC ("<u>Asplundh</u>") responds as follows to the Reorganized Debtors' Twenty-First Omnibus Objection to Claims (Books and Records Claims) [Dkt #9272] ("<u>Objection</u>") with respect to the Debtors' proposed treatment of Asplundh's Claim No. 17001:[1]

---

[1] Asplundh's deadline to file a response to the Objection was extended by agreement with the Debtors to January 15, 2021.

The Objection requests that the Court disallow a portion of Asplundh's Claim No. 17001 ("Prepetition Services Claim"). The Prepetition Services Claim, in the amount of $4,170,913.06, is based upon prepetition electric transmission and distribution construction services that Asplundh provided to debtor Pacific Gas and Electric Company ("Utility"), including, but not limited to, erection and replacement of poles, wires, equipment and electric appurtenances. See Declaration of David G. McGinley, filed herewith.

An invoice summary reflecting the amount due and owing to Asplundh as of the petition date is attached to the Prepetition Services Claim. Several months ago, Asplundh voluntarily produced to representatives of the Debtors copies of all invoices and other relevant documents related to the Prepetition Services Claim. Asplundh also communicated in good faith with the Debtors' claims representatives concerning the Prepetition Services Claim and supporting documentation.

On October 8, 2020, the Debtors filed the Objection, contending that the Prepetition Services Claim (among others listed) "assert[s] liabilities in excess of the amounts for which the Reorganized Debtors are liable as reflected in their books and records," and requesting that the Prepetition Services Claim be allowed at the reduced amount of $3,263,290.04, a reduction of approximately $907,623.02. Unfortunately, the vague language used in the Objection does not explain why the disputed amount is not a liability of the Utility per its "books and records."

Accordingly, Asplundh contacted the Debtors' claims representatives to request an explanation of the objection grounds. Eventually, Asplundh obtained a document providing some additional information about the basis for the Objection, which Asplundh has reviewed. Following further investigation, Asplundh will agree to reduce its claim by $263,000, leaving the sum of $644,623.02 in dispute ("Remaining Disputed Amount").

Unfortunately, however, based upon what the Debtors' claims representatives have provided to date, Asplundh cannot ascertain the purported basis for disallowance of the Remaining Disputed Amount. The Debtors' claims representatives have simply informed Asplundh that the invoices associated with the Remaining Disputed Amount have been "rejected by PG&E." This is not helpful. Asplundh has repeatedly attempted to obtain information from the Debtors' claims representatives regarding why the subject invoices were "rejected," or otherwise obtain feedback from them in an

effort to resolve the Objection, but has not received a substantive response. See Declaration of Geoffrey A. Heaton, filed herewith.

Either the Debtors must provide a substantive response to Asplundh's reasonable inquiries concerning the Remaining Disputed Amount, or they should withdraw the Objection. Absent a substantive response, Asplundh is left in the untenable position of responding to the Objection when it does not understand the basis for the Objection. Accordingly, Asplundh reserves all rights to supplement this Response if and when additional information is provided to Asplundh.

If the Court is not prepared to overrule the Objection as to the Remaining Disputed Amount, then Asplundh respectfully requests that the Court continue the hearing on this matter and direct the Debtors' claims representatives to provide the requested information, and meet and confer in good faith with Asplundh, concerning the Remaining Disputed Amount.

Dated: December 15, 2020

**DUANE MORRIS LLP**

By: /s/ Geoffrey A. Heaton (206990)
GEOFFREY A. HEATON
Attorneys for ASPLUNDH
CONSTRUCTION, LLC