| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Peter J. Benvenutti (#60566)<br>(pbenvenutti@kbkllp.com)<br>Jane Kim (#298192)<br>(jkim@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**STIPULATION WITHDRAWING MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY CSAA INSURANCE EXCHANGE [DKT. NO 9140]**

[Related to Dkt. Nos. 9140, 9142]

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and CSAA Insurance Exchange ("**Movant**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") to withdraw with prejudice the *Motion to Allow/Deem Timely Late Filing of Proof of Claim by CSAA Insurance Exchange*, dated September 25, 2020 [Dkt. No. 9140] (the "**Motion**"). The Reorganized Debtors and Movant are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. By Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors.

C. On September 14, 2020, Movant filed Proof of Claim No. 106473 (the "**Proof of Claim**") on account of an asserted subrogation claim for alleged damages arising out of a residential fire which occurred on or about January 17, 2019.

D. On September 25, 2020, Movant filed the Motion, in which Movant asserts the Proof of Claim should be deemed timely filed. Movant noticed the Motion for a hearing (the "**Hearing**") on October 28, 2020. *See* Dkt. No. 9142.

E. On October 21, 2020, the Reorganized Debtors filed the *Reorganized Debtors' Opposition to Motion to Allow/Deem Timely Late Filing of Proof of Claim by CSAA Insurance Exchange*. *See* Dkt. No. 9329.

F. On October 27, 2020, the Bankruptcy Court continued the Hearing to November 17, 2020, per agreement of the Parties.

G. On November 12, 2020, the Bankruptcy Court further continued the Hearing to December 15, 2020, per agreement of the Parties.

H. On December 8, 2020, the Parties settled their dispute by agreeing to allowance of the Proof of Claim in a compromised amount, per a separate agreement (the "**Claim Settlement Agreement**") that, pursuant to the Plan, does not require Court approval and has become effective.

I. On December 9, 2020, the Bankruptcy Court took the Motion off calendar, without setting a new date for the Hearing, per agreement of the Parties.

J. The Parties hereto desire to formalize the disposition of the Motion, based upon their settlement.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon entry of an Order approving the terms of this Stipulation, the Motion shall be deemed withdrawn with prejudice.

2. Nothing in this Stipulation or any Order approving the terms hereof shall modify in any way the terms of the Claim Settlement Agreement, which shall in all respects govern any subject matter within the scope of the Claim Settlement Agreement, including without limitation the resolution of the Motion and of the Parties' dispute concerning the Proof of Claim.

3. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

| Dated: December 15, 2020 | Dated: December 15, 2020 |
|---|---|
| KELLER BENVENUTTI KIM LLP | JANG & ASSOCIATES LLP |
| /s/ *Peter J. Benvenutti* | /s/ *Stephanie Yee* |
| Peter J. Benvenutti, Esq. | Stephanie Yee, Esq. |
| *Attorneys for Debtors and Reorganized Debtors* | *Attorneys for CSAA Insurance Exchange* |