# EXHIBIT A

EXHIBIT A
To

Notice of Hearing on Final Fee Applications (2nd Set)

(Baker & Hostetler LLP)

(Noticed for Hearing December 15, 2020)

Prior Compromises and Currently Proposed Compromise

The First Interim Fee Application of Baker & Hostetler LLP ("Baker") [Dkt. No. 2995] resulted in a voluntary reduction by Baker of $370,716.33 and an interim award. Baker's Second Interim Fee Application [Dkt. No. 4733] resulted in a voluntary reduction by Baker of $474,363.45 and an interim award. Baker's Third Interim Fee Application [Dkt. No. 6286] resulted in a voluntary reduction by Baker of $634,315.48 and an interim award. Baker's Fourth Interim Fee Application [Dkt. No. 8403] resulted in a voluntary reduction by Baker of $592,105.85 and an interim award. The amounts of these voluntary reduced Interim Awards are reflected in the approved sums re: Baker's, First, Second, Third and Fourth Fee Applications set forth below, and reflect voluntary reductions of $2,071,501.11 to Baker's previously filed First, Second, Third and Fourth Interim Fee Applications. Following the filing of Baker's Fifth Interim and Final Fee Application [Dkt. No. 8895], Baker has agreed to a voluntary reduction of $157,280.65 in connection with its Fifth Interim and Final Fee Application, which sum is reflected as a separate line item below. Baker's total voluntary reductions to its filed Fee Applications in these Bankruptcy Cases, therefore, total $2,228,781.76.

Expert and Pass-Through Expenses

Please note: Of the $7,738,395.46 dollars indicated as expenses, approximately 82 percent were Expert Pass Through Expenses. Of these, the majority 55% were for one expert, StoneTurn. This expert was the TCC's principal expert on modeling damages in all the contexts this issue arose during the course of the bankruptcy proceedings. The remaining amounts were spread between fifteen other experts, who included linemen, vegetation experts formally employed by other power companies, a mapping and PTSD expert . Because the treatment of experts is complicated, and the role of the Fee Examiner in reviewing these fees was unusual, some background explanation is useful.

In a letter agreement between the TCC and the Office of the UST, TCC's counsel was authorized to employ experts and to bill these experts as expenses on Baker's invoices. In this way the confidentiality of the expert's work would be maintained. This arrangement was in place before the employment of the Fee Examiner. Baker passed-through more than $6,000,000 in expert fees in this manner. The Fee Examiner determined that he was required to review the Expert Pass Through Expenses for two reasons. First, the supervising law firm is obligated to supervise experts, and the Fee Examiner is obligated to ensure the supervising firm is in fact supervising the subject experts' fees. Second, since the experts were employed for litigation and did not assist the TCC with their duties some of the experts are not professionals, however arguably some of the

11/23/2020 3:30 PM FINAL

experts, and likely StoneTurn could be a professional and the Fee Examiner should have a role in reviewing these fees.

As regards the Expert Pass Through Expenses, the Fee Examiner and Baker (on behalf of StoneTurn) have agreed to a reduction of $48,000.00 on total StoneTurn fees of $ 4,336,352.08 . Of the remaining $1, 986,092.83 in Expert Pass Through Expenses, the great majority of issues related to sorting out the application of retainers received by nearly a dozen experts. These were complex as Baker, as a firm, had advanced these retainers in order to get up to speed as quickly as possible on behalf of the wildfire victims. This led to some complicated accounting issues, all of which have been accounted for between the Fee Examiner and Baker. Baker has demonstrated that all of the experts who received retainers, in fact applied the retainer except one expert, who will refund $2,515.52.

Summary of All Fees and Expenses and Total Amount Outstanding

| | |
|---|---|
| Name of Final Fee Applicant: | Baker & Hostetler LLP |
| Party Represented: | Counsel to the Official Committee of Tort Claimants |
| Date Range for Which Compensation is Sought: | February 15, 2019 to July 1, 2020 |
| Total Fees Approved by Interim Orders to Date (Re: Baker's First, Second, Third and Fourth Interim Fee Applications For Date Range February 15, 2019 to May 31, 2020) : | $46,478,496.67 |
| Total Non-Expert Pass Through Expenses Approved by Interim Orders to Date (Re: Baker's First, Second, Third and Fourth Interim Fee Applications For Date Range February 15, 2019 to May 31, 2020): | $ 1,393,903.30 |
| Amount of Negotiated Fees Not Subject To Previous Interim Orders (Re: Baker's Fifth Interim and Final Fee Application For Date Range June 1, 2020 to July 1, 2020): | $ 3,748,676.16 |
| Amount of Negotiated Non-Expert Pass Through Expenses Not Subject To Previous Interim Orders (Re: Baker's Fifth Interim and Final Fee Application For Date Range June 1, 2020 to July 1, 2020): | $   26,059.62 |
| Total Interim Approved and Negotiated Fees and Non-Expenses Requested: | $51,647,135.75 |

| | |
|---|---|
| Total Expert Pass Through Expenses: | $ 6,322,444.91 |
| (Less) Reduction per Compromise with Fee Examiner re Expert Pass Through Expenses (Stone Turn Compromise): | ($ 50,515.52) |
| Grand Total Amount Requested to be Awarded per Final Fee Application: | $ 57,919,065.14 |
| (Less) Total Allowed Fees and Costs Paid To Date: | ($57,292,435.86) |
| Total Amount Outstanding: | $ 626,629.28 |