1    KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
2    (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
3    (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
4    (jkim@kbkllp.com)
    650 California Street, Suite 1900
5    San Francisco, CA 94108
    Tel: 415 496 6723
6    Fax: 650 636 9251

7

    *Attorneys for Debtors and Reorganized Debtors*
8

9               **UNITED STATES BANKRUPTCY COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
10                 **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12   **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| 13 | Chapter 11 |
| 14   **PG&E CORPORATION,** | (Lead Case) (Jointly Administered) |
| 15         **- and -** | **REORGANIZED DEBTORS' FIFTY-FIFTH** |
| 16   **PACIFIC GAS AND ELECTRIC COMPANY,** | **OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)** |
| 17             **Debtors.** | **Response Deadline:** |
| 18   ☐ Affects PG&E Corporation | **January 26, 2021, 4:00 p.m. (PT)** |
| 19   ☐ Affects Pacific Gas and Electric Company<br>  ☒ Affects both Debtors | **Hearing Information If Timely Response Made:** |
| 20   * *All papers shall be filed in the Lead Case, No.* | Date:   February 9, 2021 |
| 21   *19-30088 (DM).* | Time:   10:00 a.m. (Pacific Time)<br>Place:   (Telephonic Appearances Only) |
| 22 |        United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

23

24

25

26

27

28

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Fifty-Fifth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a),* *Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for* *Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving* *Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential* *Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors'* *and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective** **Date**"). *See* Dkt. No. 8252.

## III.     RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for* *Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus* *Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing Proofs of Claim that duplicate others already submitted in these Chapter 11 Cases (referred to hereafter as the "**Duplicative Claims**"). The Duplicative Claims and the

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

Proofs of Claims of which they are duplicates (the "**Surviving Claims**") are both identified on

**Exhibit 1**, in the columns headed "Claims To Be Disallowed and Expunged" and "Surviving Claims,"

respectively.  **Exhibit 1** also specifically identifies in the "Basis for Objection" that the Claims are

classified either as "Duplicative," which means that the Duplicative Claim and the Surviving Claim are

(1) identical (both were filed against the same Debtor on account of the same obligation for the same

amount and priority); (2) substantively identical (both were filed against the same Debtor on account of

the same obligation for the same amount but assert a different priority); or (3) partially identical (the

asserted amount of one Claim is subsumed within a larger claim).  In all cases, the later-filed identical

claim does not express an intention to amend the earlier filed claim.  The Surviving Claim, which may

have been filed earlier or later than the other identical claim(s), has been designated as such for the

administrative convenience of the Reorganized Debtors.  In cases where the Duplicative Claims assert

different priorities, the Reorganized Debtors seek to disallow and expunge unsecured claims and leave

the asserted priority claims as Surviving Claims.  The Reorganized Debtors request that the Duplicative

Claims be disallowed and expunged.  The Objection does not affect any of the Surviving Claims.  There

is a Surviving Claim for each underlying claim asserted against the Debtors by a Duplicative Claim that

is the subject of this Objection.[2]

## IV.     ARGUMENT

### A.      The Duplicative Claims Should be Disallowed

Bankruptcy Rules 3007(d) and (e) and the Omnibus Objections Procedures Order govern

omnibus objections to claims in these Chapter 11 Cases.  Pursuant to Bankruptcy Rule 3007(d)(1),

objections to more than one claim may be joined if the objections are based solely on the grounds that

the claims should be disallowed, in whole or in part, because they duplicate other claims.  Bankruptcy

Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-

reference to claim numbers.  Each of the Duplicative Claims identified on **Exhibit 1** hereto duplicates

---

[2] In some instances the Surviving Claim appears in multiple entries in the "Surviving Claims" column on **Exhibit 1**.  The multiple entries mean that there were multiple Duplicative Claims filed with respect to the same underlying obligation, and the identified Surviving Claim listed in multiple entries is the sole remaining Proof of Claim for all of the corresponding Objected-To Claims listed in the "Claims To Be Disallowed and Expunged" column.

another claim, which the Reorganized Debtors have referenced. Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Duplicative Claims. The Reorganized Debtors request that the Court disallow the Duplicative Claims in their entirety. For the avoidance of doubt, the Surviving Claims are not affected by this Objection.

The Reorganized Debtors and their professionals have reviewed the Duplicative Claims, all documents furnished by the Claimants with respect to the Duplicative Claims, and the Reorganized Debtors' books and records, and have determined that each Duplicative Claim is duplicative of the applicable Surviving Claim because the Duplicative Claim is identical to another Proof of Claim filed by the same Claimant in the same Chapter 11 Case. To avoid multiple recoveries by the same Claimant on the same potential obligation, the Reorganized Debtors request that the Court disallow and expunge in their entirety the Duplicative Claims. The Surviving Claims will remain on the claims register, subject to pending and further objections.

**B.    The Claimants Bear the Burden of Proof as to the Duplicative Claims**

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re*

---

[3] On November 17, 2020, the Court entered the *Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9563], which extended the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims through and including June 26, 2021 (except for claims of the United States which deadline was extended to March 31, 2021), without prejudice to the right of the Reorganized Debtors seek further extensions thereof.

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Duplicative Claims are duplicates and should be disallowed. If any Claimant believes that a Duplicative Claim is valid and non-duplicative, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection (including the Duplicative Claims and the Surviving Claims) on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the Duplicative Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Duplicative Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

1   WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the

2   relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the

3   best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other

4   and further relief as the Court may deem just and appropriate.

5   Dated: December 23, 2020                          **KELLER BENVENUTTI KIM LLP**

6                                                     By:  _/s/ Dara L. Silveira_
                                                            Dara L. Silveira
7
                                                    *Attorneys for Debtors and Reorganized Debtors*
8