KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (ADR NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**January 26, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: February 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Fifty-Sixth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and/or Expunged" on **Exhibit 1** annexed hereto.

## I.   JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.   BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner was appointed in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III.  RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), and the *Order Approving ADR and Related Procedures for Resolving General Claims*, dated September 25, 2020 [Docket No. 9148] (the "**ADR Procedures Order**"), seeking entry of an order disallowing and

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

expunging Proofs of Claim identified on **Exhibit 1** hereto, in the columns headed "Claims To Be Disallowed and/or Expunged" (the "**ADR No Liability Claims**"), for which the Reorganized Debtors, after reviewing their books and records, have been unable to identify any basis for liability. The Reorganized Debtors sent each of the Claimants an Information Request Form in accordance with the General Claims Information Procedures approved by the Court in connection with the ADR Procedures Order. The Reorganized Debtors did not receive a response to the Information Request Forms from any of the Claimants. In support of the Objection, the Reorganized Debtors submit the Declaration of Robb McWilliams, filed contemporaneously herewith (the "**McWilliams Declaration**").

As set forth in the McWilliams Declaration, Part 2, Question 8 of the Court-approved Proof of Claim form asks "What is the basis of the claim?" It lists several examples, and instructs Claimants to attach documents supporting the Claim as required by Bankruptcy Rule 3001(c). The ADR No Liability Claims answer this question in a cursory fashion but do not provide a basis for the Reorganized Debtors to analyze liability (*e.g.*, "injury," "personal injury," or "goods sold") and do not provide any additional explanation or relevant supporting documentation.

The Reorganized Debtors' personnel conducted a rigorous review of their records to attempt to determine any basis under which the Reorganized Debtors might be liable for the ADR No Liability Claims. First, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims and did not identify any potential liability as a result of these searches or in connection with these Claims. Second, the Reorganized Debtors reviewed their accounts payable records and recorded prepetition liabilities and were unable to identify any other potential liabilities in connection with these Claims. Third, the Reorganized Debtors conducted a review of their records across various customer-focused departments, and ultimately were not able to establish that any of the Claims were associated with current or former customers.

Finally, as noted above, the Reorganized Debtors sent each of the Claimants an Information Request Form, in accordance with the General Claims Information Procedures, in order to acquire certain limited and targeted information necessary to allow the Reorganized Debtors to evaluate the Claims for potential resolution. In accordance with the ADR Procedures Order, the Information Request Form was

required to be returned by no later than twenty-eight (28) days after the mailing (whether by email or standard mail) (the "**Information Deadline**"). In the event a Claimant failed to return the Information Request Form by the Information Deadline, the Reorganized Debtors sent such Claimant an information reminder (the "**Information Reminder**"). The Information Reminder provided the Claimant with an additional fourteen (14) days from the date the Information Reminder is sent to return the Information Request Form (the "**Reminder Deadline**"). As set forth in the McWilliams Declaration, the Reorganized Debtors did not receive any responses by the Information Deadline or the Reminder Deadline with respect to any of the Claims identified on **Exhibit 1** hereto. Accordingly, the Reorganized Debtors did not identify any potential liability in connection with these Claims.

## IV.    ARGUMENT

### A.    The ADR No Liability Claims Should be Disallowed and/or Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the ADR No Liability Claims identified on **Exhibit 1** and have determined that they do not state a basis for a current right to payment. As detailed above, after a rigorous review of their records and after availing themselves of the General Claims Information Procedures, the Reorganized Debtors have not been able to determine any basis under which they are liable. Furthermore, the ADR Procedures Order permits the Reorganized Debtors to seek disallowance of Claims where the respective holders failed to respond to Information Request Forms.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the ADR No Liability Claims.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the ADR No Liability Claims do not represent a current right to payment and, therefore, should be disallowed and/or expunged in their entirety. If any Claimant believes that an ADR No Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

### V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein,

---

[2] On November 17, 2020, the Court entered the *Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9563], which extended the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims through and including June 26, 2021 (except for claims of the United States which deadline was extended to March 31, 2021), without prejudice to the right of the Reorganized Debtors seek further extensions thereof.

or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the ADR No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the ADR No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: December 23, 2020

**KELLER BENVENUTTI KIM LLP**

By: _/s/ Dara L. Silveira_
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*