**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND CARA FENEIS**<br><br>[Related to Dkt. No. 9583]<br><br>Resolving Motion set for Hearing on January 12, 2021 |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Cara Feneis ("**Feneis**", and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On July 5, 2017, Feneis filed a complaint (the "**Complaint**") in the Superior Court of California, County of Alameda (the "**State Court**") in which she asserted against the Utility and DOES 1-20 various employment-related claims. The action initiated by the Complaint is currently pending in the State Court, and is titled *Feneis v. Pacific Gas and Electric Company et al.*, Case No. RG17866484 (the "**State Court Action**").

B. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The State Court Action was subject to the automatic stay as to the Utility, pursuant to section 362(a) of the Bankruptcy Code.

C. On September 13, 2019, Feneis filed Proof of Claim No. 8956 (the "**Proof of Claim**") on account of the claims asserted in the Complaint.

D. On December 26, 2019, Feneis filed *Claimant Cara Feneis' Motion for Relief From Automatic Stay to Permit State Court Jury Trial of Cara Feneis v. Pacific Gas and Electric Company (Case No. RG17866484)* [Dkt. No. 5207-1] (the "**Original Motion**"), in which Feneis

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

requested that the Court modify the automatic stay to permit her to continue to prosecute the State Court Action during the Chapter 11 Cases.

E. On January 17, 2020, the Parties entered into a stipulation [Dkt No. 5410] (the "**Stipulation**"), pursuant to which they agreed to: (i) engage in a formal mediation (the "**Mediation**") to attempt to settle the disputes that are the subject of the Complaint, the State Court Action, and the Proof of Claim, (ii) modify the automatic stay, to the extent necessary, solely to permit the Parties to engage in the Mediation, (iii) take the Motion off the Bankruptcy Court's calendar, and (iv) permit Feneis to put the Motion back on the Bankruptcy Court's calendar if the Mediation did not result in a settlement. On January 21, 2020, the Bankruptcy Court entered an order approving the Stipulation. *See* Dkt. No. 5440. The Parties participated in the Mediation in good faith, but were unable to reach a settlement.

F. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

G. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

H. On November 20, 2020, Feneis filed *Claimant Cara Feneis' Motion for Relief from Automatic Stay to Permit State Court Jury Trial of Cara Feneis v. Pacific Gas and Electric Company (Case No. RG17866484)* [Dkt. No. 9583] (the "**Renewed Motion**", and together with the Original Motion, the "**Motions**"), which is substantively identical to the Original Motion, and in which Feneis again requests that the Bankruptcy Court modify the automatic stay to permit Feneis to continue to prosecute the State Court Action. Feneis noticed the Renewed Motion for a hearing on December 15, 2020, which the Parties subsequently agreed to continue to January 12, 2021 (the "**Hearing**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

I. The Parties desire to attempt to resolve their issues regarding the Complaint, State Court Action, the Proof of Claim, and the Motions.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Effective as of February 1, 2021, the Plan Injunction shall be modified solely to permit Feneis to liquidate the claims asserted in the Proof of Claim by prosecuting the State Court Action against the Utility through final judgment and any appeals thereof, provided, however, that this Stipulation is not intended to, and shall not, affect or modify (a) the applicability of the Plan Injunction in any other respect, or (b) the rights or obligations of the Parties under the Plan and the Confirmation Order with respect to enforcement of any judgment or any other matter not expressly addressed herein.

2. Upon the modification of the Plan Injunction described in paragraph 1 above, and no later than February 10, 2021, Feneis shall dismiss the Superior Court Lawsuit with prejudice as to DOES 1-20.

3. Feneis shall not sue any current or former employees of either of the Reorganized Debtors, or any affiliate of either of them, in the State Court Action or in any other action or proceeding, on any of the claims alleged in the State Court Action, the Complaint, the Proof of Claim, or on any other claims based on or arising from the same or materially the same common nucleus of facts, events, and circumstances alleged in the State Court Action, the Complaint, or the Proof of Claim.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proof of Claim on any grounds, or

    b. a waiver by Feneis of her rights to assert any right in opposition of any asserted challenge to the Proof of Claim, or

    c. a waiver by any Party of any claim or defense in the State Court Action.

5. Upon the date of the entry of an Order approving this Stipulation, the Motions shall be deemed withdrawn with prejudice, and the Hearing vacated.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: December 28, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ Peter J. Benvenutti
Peter J. Benvenutti
*Attorneys for Debtors
and Reorganized Debtors*

Dated: December 28, 2020

PERETZ & ASSOCIATES

/s/ Yosef Peretz
Yosef Peretz
*Attorneys for Cara Feneis*

Dated: December 21, 2020

/s/
CARA FENEIS
*Claimant*