1  JENNIFER A. BECKER, Bar No. 121319
   LONG & LEVIT LLP
2  465 California Street, Suite 500
   San Francisco, California 94104
3  Telephone:    (415) 397-2222
   Facsimile:    (415) 397-6392
4  Email:        jabecker@longlevit.com

5  Attorney for Creditor
   Creditor Randall Louis Zamarra
6

7                  IN THE UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 In re:                                 BK Case No. 19-30088 (DM)

11                                        **MOTION FOR RELIEF FROM THE**
                                          **AUTOMATIC STAY AND ABSTENTION**
12 PG& E Corporation                      **UNDER 28 U.S.C. 1334(C)(1);**
                                          **MEMORANDUM OF POINTS AND**
13 and                                    **AUTHORITIES IN SUPPORT**

14
   Pacific Gas and Electric Company,
15                                        Date:   January 27, 2021
                                          Time:   10:00 a.m.
16              .                         Ctrm    Hon. Dennis Montali
                                                  450 Golden Gate Ave.
17                                                16th Floor, Courtroom 17
                                                  **San Francisco, CA 94102**
18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

                                          1                  BK Case No. 19-30088 (DM)
Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 1 of    MOTION FOR RELIEF FROM THE
                                          48                                   AUTOMATIC STAY

## I. INTRODUCTION AND REQUEST FOR RELIEF

Movant Randall Louis Zamarra was confronted in his private gated yard by a P.G. & E. worker.  Movant has no P.G & E equipment in his yard, and had received no notice the utility needed to access his property.  The worker refused Movant's request to leave, stood her ground, and the dispute escalated into a physical confrontation.  Law enforcement arrived, credited the worker's version of events, and Movant was arrested and detained.  Movant asserts the incident would not have occurred if P.G. & E had properly trained and supervised its employee, who was in Movant's yard in the course and scope of her employment.

Movant and the worker have cross-complained against each other in a civil action in Alameda County Superior court.  P.G. & E's bankruptcy declaration precluded Movant from asserting his claims against P. G. & E in that forum.

In this motion Movant request the court lift the automatic stay to allow Movant to add Debtor to the State Court action.  Movant asserts the State Court Action is the best place to liquidate the claim.  The pending action involves the same facts that form the premise of Movant's claims against P.G.&E.  Discovery in the action to date is limited to written discovery; oral discovery has yet to commence.  The trial date in the State Court action is September 2021 – there is ample time for P.G. & E to join and meaningfully participate.  With all the players at the table in the State Court action, it is probable there will be a global resolution.  If not, the claim can be liquated and then returned to the bankruptcy court for distribution.  It is likely that P.G. & E has insurance coverage for the dispute, and the bankruptcy estate will not be hurt.

## II. STATEMENT OF FACTS

On September 28, 2018, Movant Randall Louis Zamarra, an accountant, was at his home office in the backyard of his residence at 3819 Cerrito Ave., Oakland, CA.  Movant Zamarra was conducting a meeting with a prospective client.  He noticed a stranger had entered his backyard through a closed gate.  Alarmed, Movant Zamarra exited his office and asked the stranger, who turned out to be Darlene Michele Ford, to leave his premises.

Ms. Ford was employed by Debtor P.G.& E. She knew the property occupant had no prior notice P. G. & E needed to access the premises.  She should have known there was no P. G. & E

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 2 of MOTION FOR RELIEF FROM THE
                                              48                                    AUTOMATIC STAY

equipment in the gated yard she entered. Nonetheless, instead of immediately leaving the yard upon Movant Zamarra's request, she refused and "stood her ground" claiming that she could be there on P.G. & E. business.

Movant Zamarra, who had not been notified P.G. & E. needed to conduct activities on his property, was alarmed. He had not been notified, he did not have P.G. & E. equipment in his yard, and he did not recognize Ms. Ford's clothing as a P.G. & E. uniform. Both parties commenced taking pictures of the other with their cell phones.

The dispute escalated quickly. Movant Zamarra and Ms. Ford dispute who initiated a physical altercation. Movant Zamarra claims Ms. Ford initiated the contact and quickly maneuvered him into a head lock. Ms. Ford claims Movant Zamarra demanded she get on the ground, initiated the physical altercation, and prevented her from leaving his yard.

Movant Zamarra's client came to his aid and separated the parties, releasing Movant Zamarra from the head lock. By this time the police were en-route. When they arrived, they credited Ms. Ford's version of events, arrested Movant Zamarra, and transported him to the Alameda County jail facility. He was booked, search, humiliated, and incarcerated for two days.

Movant Zamarra was charged with assault and battery. After investigating the disputed facts and circumstances, the DA allowed Movant Zamarra to plead to an infraction – disturbance of the peace. There was no evidence to support that Mr. Zamarra had assaulted Ms. Ford, a trespasser in his private yard.

Ms. Ford sued Movant on September 17, 2019 alleging Movant instigated the altercation. (Exhibit 1) By this date P.G. & E was under the protection of its Chapter 11 bankruptcy filing. Movant Zamarra filed a cross-complaint against Ms. Ford on December 6, 2019. (Exhibit 2) Mr. Zamarra was precluded from suing P.G. & E. by the bankruptcy stay. However, Movant Zamarra filed claims 61278; 71633; and 80892 on October 21, 2019 to preserve his rights against P.G. & E. (Exhibit 3a; 3b; 3c)

///

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 3 of 48

# III. ANALYSIS

## A. There is Cause to Grant Relief From the Stay

A creditor can move for relief from the stay under 11 U.S.C. § 362, which provides the Court "shall grant relief from the stay" for "cause." 11 U.S.C. § 362 (d). "Cause" is determined case-by-case . *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir.1990).

In determining whether there is cause to grant relief, courts consider the factors set out in *In re Curtis,* 40 B.R. 795 (Bankr.D.Utah 1984):

1. Whether the relief will cause a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal hears the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would cause a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to where the parties are prepared for trial, and
12. The impact of the stay and the "balance of hurt."

40 B.R. at 799–800 (internal citations omitted). See also *In re Plumberex Specialty Prods., Inc.,* 311 B.R. 551, 559 (Bankr.C.D.Cal.2004) (adopting the Curtis factors and recognizing that courts in other circuits that have done the same). See also *In re Tucson Estates, Inc.,* 912 F.2d at 1166-67 (approving similar factors that a court should consider when deciding whether to abstain). These factors are not exclusive – courts have wide latitude in crafting relief from the automatic stay. *See Bladino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997); Siciliano, 13 F.3d 748, 751 (3d Cir.1994). For example, in *Matter of Rexene Products Co.* (Bankr. D. Del. 1992) 141 B.R. 574, 577 the court held a three factor test was appropriate: whether there will be great prejudice to

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 4 of 48

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

the Debtor; the balance of hardships to the Movant in continuing the stay against the hardship to Debtor in lifting the stay; and a "very slight" showing of the probability of Movant's success on the merits.

The legislative history to § 362 provides that "cause" may be established by a single factor such as "lack of any connection with or interference with the pending bankruptcy case". *Rexene, supra.* at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

Here, the following *Curtis* factors apply: (1) Whether the relief will cause a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties; (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to where the parties are prepared for trial, and (12) The impact of the stay and the "balance of hurt

The party requesting relief from the stay bears the initial burden to show "cause" exists, but once a *prima facie* case of "cause" is established, the party opposing relief must disprove the existence of "cause". *Id*. at 577; 11 U.S.C. §362(g).

1. The Liquidation in State Court Will Likely Result in Complete Resolution (Factor 1); The Interests of Judicial Economy (Factor 10); the Status of the Foreign Proceedings (Factor 11)

Ms. Ford and Movant have competing claims against each other in their State Court action, but Debtor's policy, procedures, training, and supervision is at the heart of their claims. Without P.G. & E's participation, its role in the dispute will cause duplicative litigation in State and Federal Courts.

The State Court action is a superior venue for resolving the entire dispute, or absent resolution, liquidating Movant's claim against P. G. & E. It is already pending and involves the same issues that pertain to the value of Movant's claim against Debtor; there is no compelling reason to litigate those issues once in State Court and again in this court. The parties in the State Court action have agreed to attempt ADR; with Debtor's participation a global resolution can likely

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

be reached.

The status of the State Court action makes lifting the stay now imperative. Discovery to date consists of written discovery and document production, easily obtained by Debtor. Oral discovery has not yet commenced, and Debtor will have a full opportunity to participate if the stay is lifted. The State Court action is set for trial on September 20, 2021, which leaves ample time for Debtor to become involved and conduct discovery.

2. The Claim Lacks a Substantive Connection to the Issues in the Bankruptcy Case (Factor 2)

The liquidation of Movant's personal injury claim is not a "core proceeding" under 28 U.S.C. § 157(b)(2)(B). The Bankruptcy Code provides personal injury tort and wrongful death claims shall be tried in the District Court. *See* 28 U.S.C. § 157(b)(5). Thus, while the Bankruptcy Court has "core" jurisdiction over determining claims made against the bankruptcy estate, the Bankruptcy Court may not liquidate personal injury and wrongful death claims for distribution. *Id*.

In addition, the right to a jury trial is reserved in the Bankruptcy Code. *See* 28 U.S.C. §1411(a) ("… this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death claim."). Unless the parties consent, Bankruptcy Court findings are subject to *de novo* District Court review, leading to the inefficiency of two trials in the same matter. 28 U.S.C. § 157(c)(1). *See In re Clay*, 35 F.3d 190, 195 (5th Cir. 1994) ("If anything, jury trials in bankruptcy courts would impede efficiency. These speedy courts were not designed to conduct long jury trials, and most bankruptcy judges and lawyers are unused to jury procedures.").

3. No Prejudice Will Occur (Factors 5 and 7)

Debtor likely has insurance coverage for Movants' claims. The stay has precluded discovery, but it stands to reason that there is insurance given Debtor's liability is predicated on its relationship to Ms. Ford, not on intentional, criminal conduct.

Debtor has no protectable interest in insurance proceeds because they are available only to claimants with the claims covered by the policy. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687-90, (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009). In such cases,

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

"there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to go forward." *Id*. at 689

Insurance proceeds are unnecessary to Debtors' reorganization, and are not property in which the Debtor has equity. Therefore, neither the other Creditors nor the Debtors will suffer any -- much less "great" – prejudice if the stay is annulled and lifted.  *Id.*; and see *International Bus. Mach. v. Ferstrom Stor. and Van Co.* 938 F.2d 731, (7th Cir. 1991)  "[D]ebtor-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.").

4.     The Hardship to Movant Outweighs Hardship to Debtor (Factor 12)

If the automatic stay is not modified, Movant will be forced to defend himself against Ms. Ford's claims without the participation or presence of a key player, Ms. Ford's employer.   As the P.G. & E employees involved move and transfer to other duties, the memories of the witnesses will fade, which will hinder Movants' efforts to obtain accurate and complete discovery.

"A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate: The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships*." In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); *In re 15375 Memorial Corp,* 382 B.R. at 690 (lifting stay because, among other reasons, movant was "prejudiced by the lapse of time in terms of its ability to effectively prosecute its claims"); *see also In re Robertson,* 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000).

The automatic stay is causing significant hardship to the Movant with no corresponding benefit to the Debtors. "the only party that stands to benefit financially if the stay is not lifted is [the Debtors' insurance company]." *In re Robertson,* 244 B.R. at 883.

5.     The Movant Can Demonstrate Probability of Success On the Merits

The showing of probability of success on the merits "is very slight." *Rexene, supra,* at 578 (citation omitted). It requires merely a *prima facie* case.  *Peterson v. Cundy (In re Peterson),* 116 B.R. 247, 250 (D. Colo. 1990) (foregoing merits analysis in a relief from stay motion merely to

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

liquidate claim)). "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay." *Fonseca v. Philadelphia Housing Authority (In re Fonseca),* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)).

The complaint and cross-complaint in the pending action, attached as Exhibits 1 and 2, show that P.G. & E is at the center of the encounter that occurred on September 28, 2018. It hired, trained, and supervised Ms. Ford. It presumably provided her with the guidance for encountering a surprised and scared homeowner on private property. The encounter should have ended promptly after Movant objected to Ms. Ford's presence. It is within the realm of probability a trier of fact will find Debtor's errors or omissions in training or supervision led to the altercation. Movant has met the low threshold of proving success on the merits.

## IV. CONCLUSION

Equity and logic dictate the existing State Court action is the appropriate venue to liquidate Movant's claims against P. G. & E. The facts in the dispute between Movant and the worker are the premise of Movant's claims against P. G. & E. The written discovery to date can easily provided to P.G. & E; there is ample time for P.G. & E to engage in both written discovery and oral discovery. There is time for P.G. & E to prepare for a September 2021 trial date. Participation of all the key players, including P. G. & E., in the dispute is the best chance for a global resolution. P.G. & E.'s insurance carrier will likely ameliorate any effect on the bankruptcy estate.

Respectfully submitted,

Dated: December 28, 2020                    LONG & LEVIT LLP


_____
   */s/ Jennifer A. Becker*
JENNIFER A. BECKER

Attorneys for Creditor
Randall Louis Zamarra

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

**DECLARATION OF JENNIFER A. BECKER IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION UNDER 28 U.S.C. 1334(C)(1)**

I, Jennifer A. Becker, declare as follows from my own personal knowledge:

1. I am an attorney licensed to practice law in the State of California and represent the moving party.

2. Attached as Exhibit 1 is a copy of a pending action in Alameda County Superior Court, *Ford v. Zamarra,* RG19035284. Attached as Exhibit 2 is a copy of a pending cross-complaint in that action, *Zamarra v. Ford.* Attached as Exhibits 3a, 3b, and 3c are copies of claims filed by movant in the P.G. & E bankruptcy, Nos. 61278; 71633; 80892. All exhibits are true and correct copies of what they purport to be.

3. To date, all discovery conducted in the State Court Action has been written discovery; oral discovery has not yet been set or commenced. Trial in the State Court Action is set for September 20, 2021. The parties in the State Court action have all agreed to pursue ADR, specifically, mediation.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed on December 28, 2020 in Moraga, CA.

*/s/ Jennifer A. Becker*

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 10:21:07    Page 9 of 48

# EXHIBIT 1

Constantin V. Roboostoff [69328]
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
Phone: (415) 732-0282
Fax:    (415) 732-0287

Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

SEP 17 2019

CLERK OF THE SUPERIOR COURT
By _____ Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

DARLENE MICHELE FORD,

    Plaintiff,

v.

RANDALL LOUIS ZAMARRA
and DOES 1 through 10,
inclusive,

        Defendants.

NO. **RG19035284**

COMPLAINT FOR DAMAGES
1. ASSAULT AND BATTERY
2. INTENTIONAL INFLICTION
   OF EMOTIONAL DISTRESS
3. NEGLIGENCE

Plaintiff complains of defendants and alleges as follows:

FIRST CAUSE OF ACTION
(Assault and Battery)

1.    Plaintiff does not know the true names or capacities, whether individual,

corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive.

Said names are fictitious and plaintiff prays that when the true names and capacities have been

ascertained, they will be inserted herein with apt and proper words to charge them.  Plaintiff is

informed and believes and thereon alleges that each of said fictitiously named defendants is

negligently responsible in some manner for the occurrence herein alleged, and plaintiff's injuries

Complaint for Damages

1

1 | as herein alleged were proximately caused by said negligence.

2 | 2. At all times herein mentioned, the defendants, and each of them, were the agents,
3 | servants and employees of all the other defendants, and each of them, and at all times mentioned,
4 | were acting within the course and scope of their employment by and with the other defendants,
5 | and each of them.

6 | 3. At all times herein mentioned, the defendants, and each of them, directed, ratified
7 | and approved all acts of their agents and employees mentioned herein and were on notice,
8 | constructive, or actual, of their propensity for violence and brutality prior to the incident alleged
9 | herein.

10 | 4. Plaintiff is informed and believes and thereon alleges that defendant RANDALL
11 | LOUIS ZAMARRA ("ZAMARRA") is, and at all times herein mentioned, was, a resident of
12 | Oakland, Alameda County, California.

13 | 5. That on or about September 28, 2018, ZAMARRA, willfully, intentionally and
14 | maliciously perpetrated a brutal and vicious attack on plaintiff by striking her about the face and
15 | body without plaintiff's consent or prior knowledge.

16 | 6. As a proximate result of the aforementioned assault and battery by ZAMARRA,
17 | plaintiff was placed in a great deal of fear for her life and well being.

18 | 7. As a further proximate result of said assault and battery, plaintiff suffered severe
19 | personal injuries; she was injured in health, strength and activity, sustaining injury to her body
20 | and shock and injury to her nervous system and person, which said injuries have caused and
21 | continue to cause plaintiff great mental, physical and nervous pain and suffering. The exact
22 | nature and extent of plaintiff's injuries are unknown to her at this time and plaintiff prays leave to
23 | amend and insert the same herein when fully ascertained.

24 | 8. As a further proximate result of said assault and battery, plaintiff has incurred
25 | medical and incidental expenses in an amount not presently known and plaintiff prays leave to
26 |
27 | Complaint for Damages
28 | 2

1 amend and insert the same herein when fully ascertained.

2 9. Plaintiff is informed and believes and thereon alleges that as a proximate result of
3 said assault and battery, plaintiff will incur additional medical expenses, the exact amount of
4 which are unknown. Plaintiff prays leave to amend and insert the same herein when fully
5 ascertained.

6 10. By reason of these premises, plaintiff has suffered a loss of wages and earning
7 capacity and will suffer an additional loss thereof. Plaintiff does not at this time know the full
8 extent of said loss of wages and earning capacity and prays leave to amend her complaint herein
9 when the same has been ascertained.

10 11. By reason of said assault and battery, plaintiff has suffered general damages in an
11 amount exceeding the jurisdictional limit of the Court of Limited Jurisdiction.

12 12. The aforementioned acts of defendants, and each of them, were willful, wanton,
13 malicious, and oppressive and justify the awarding of exemplary and punitive damages in a sum
14 according to proof at trial.

15 WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

16 SECOND CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

17
18 13. Plaintiff realleges and repleads the allegations of paragraphs 1 through 11 as
though fully set forth herein.

19
20 14. The actions of defendants, and each of them, as set forth above, constitute
outrageous conduct, were not privileged and were likely to cause plaintiff emotional distress and
21 suffering.

22
23 15. The actions of defendants, and each of them, have caused plaintiff to incur general
damages including the infliction of mental and emotional anguish, distress and suffering. As a
24 result of said infliction of mental and emotional anguish, distress and suffering, plaintiff has
25 become ill, nervous and upset to the detriment of her general health, in an amount not yet
26

27 _____
Complaint for Damages
28 3

1  ascertained.

2      16.    Each of the aforesaid actions was done willfully, maliciously and oppressively,

3  with conscious disregard for plaintiff's rights and safety and with the intention of inflicting severe

4  emotional and mental distress upon plaintiff, and plaintiff is therefore entitled to recover

5  exemplary damages from defendants, and each of them.

6      WHEREFORE, plaintiff prays for judgment as hereinafter set

7  forth.

8                          THIRD CAUSE OF ACTION
                                (Negligence)
9

10     17.    Plaintiff realleges and repleads the allegations in paragraphs 1 through 11 as

   though fully set forth herein.
11

12     18.    ZAMARRA knew or reasonably should have known that his actions were likely to

   result in physical and emotional harm, anguish and distress to plaintiff.
13

14     19.    As a proximate result of the actions of ZAMARRA, plaintiff did sustain physical

15  and emotional injury, including the infliction of mental anguish, stress and suffering, which has

   caused plaintiff to become ill, nervous and upset to the detriment of her general health in an
16

   amount not yet ascertained and as is more fully set forth in the First Cause of Action.
17

       WHEREFORE, plaintiff prays for judgment against defendants as follows:
18

       FOR THE FIRST AND SECOND CAUSES OF ACTION:
19

20     1.     For general damages in a sum exceeding the jurisdictional limit of the  Court of

   Limited Jurisdiction;
21

22     2.     For medical and related expenses according to proof;

23     3.     For loss of wages and earning capacity according to proof;

24     4.     For exemplary and punitive damages in an amount appropriate to punish or set an

   example of defendants;
25

26     5.     For costs of suit herein; and

27  _____
   Complaint for Damages
28                                      4

1    6.    For other and further relief as the court deems proper and just.

2    FOR THE THIRD CAUSE OF ACTION:

3    1.    For general damages in a sum exceeding the jurisdictional limit of the Court of

4    Limited Jurisdiction;

5    2.    For medical and related expenses according to proof;

6    3.    For loss of wages and earning capacity according to proof;

7    4.    For costs of suit herein; and

8    5.    For other and further relief as the court deems proper and just.

9

10                                           ROBOOSTOFF & KALKIN

11

12    DATED: September 16, 2019        By: _____
                                           Constantin V. Roboostoff
13                                         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____
      Complaint for Damages
28                                    5

# EXHIBIT 2


1  Jennifer A. Becker, Bar No. 121319
   jabecker@longlevit.com
2  LONG & LEVIT LLP
   465 California Street, 5th Floor
3  San Francisco, California 94104
   (415) 397-2222
4  Telephone:  (415) 397-2222
   Facsimile:  (415) 397-6392
5
   Attorneys for Defendant and Cross-Complainant
6  Randall Louis Zamarra

**FILED**
ALAMEDA COUNTY

DEC 09 2019

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  Darlene Michele Ford,                    Case No.  RG19035284

12              Plaintiff,                    CROSS-COMPLAINT FOR DAMAGES

13       v.

14  Randall Louis Zamarra,

15              Defendant.

16  Randall Louis Zamarra,                    Action Filed:      September 17, 2019

17              Cross-Complainant,

18       v.

19  Darlene Michele Ford,

20              Cross-Defendant.

21

22          1.  Cross-Complainant Randall Louis Zamarra is informed and believes Cross-

23  Defendant Darlene Michele Ford was employed in Oakland, Alameda County, California.

24          2.  On September 28, 2018, Cross-Defendant Ford entered the real property of Cross-

25  Complainant Zamarra without permission and without his prior knowledge.  Cross-Complainant

26  Zamarra requested Cross-Defendant Ford leave his real property, which Cross-Defendant Ford

27  refused to do.

28          3.  Cross-Complainant Zamarra does not know the true names or capacities, whether

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

1 individual, corporate, associate or otherwise, of the Cross-Defendants sued fictitiously as DOES 1

2 through 10, inclusive. Cross-Complainant requests that when their true names and capacities

3 have been ascertained, they be inserted into this Cross-Complaint.

4     4. Cross-Complainant is informed, believes, and alleges that each of the fictitiously

5 named Cross-Defendants is responsible for the occurrence alleged, and Cross-Complainant's

6 injuries were proximately caused by their negligence.

7     5. Cross-Defendants were the agents, servants and employees of all the other Cross-

8 Defendants, and were acting within the course and scope of their employment with the other

9 Cross-Defendants.

10     6. Cross-Defendants directed, ratified, and approved all acts of their agents and

11 employees and were on notice of their propensity for violence prior to the incident.

12

**FIRST CAUSE OF ACTION**
(Assault and Battery)

13

14     7. Cross-Complainant realleges the prior allegations of the Cross-Complaint.

15     8. On September 28, 2018, Cross-Defendant willfully, intentionally and maliciously

16 attacked Cross-Complainant after refusing to leave Cross-Complainant's real property.

17     9. As a proximate result of the attack, Cross-Complainant feared for his physical

18 safety, suffered severe personal injuries, including mental and physical pain and suffering, and

19 has suffered loss of earning and earning capacity.

20     10. The exact nature and extent of Cross-Complainant's past and future injuries and

21 damages are in an amount according to proof.

22     11. Cross-Defendant's actions were willful, malicious, oppressive, or were done with

23 conscious disregard for Cross-Complainant's rights and safety, and justify the awarding of

24 punitive damages according to proof.

25

**SECOND CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

26     12. Cross-Complainant realleges the prior allegations of the Cross-Complaint.

27     13. Cross-Defendant's actions were outrageous, not privileged, and Cross-Defendant

28 knew or should have known were likely to cause Cross-Complainant emotional distress and

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 2 -

Case: 19-30088   Doc# 9917   Filed: 12/28/20   Entered: 12/28/20 17:21:07   Page 18 of 48

suffering.

14. Cross-Complainant has suffered damages including the infliction of mental and emotional anguish, distress and suffering, causing damages in an amount according to proof.

15. Cross-Defendant's actions were willful, malicious, oppressive, or were done with conscious disregard for Cross-Complainant's rights and safety with the intention of inflicting severe emotional and mental distress on Cross-Complainant, and justify the awarding of punitive damages according to proof.

### THIRD CAUSE OF ACTION
#### (Negligence)

16. Cross-Complainant realleges the prior allegations of the Cross-Complaint.

17. Cross-Defendant knew or reasonably should have known that her actions were likely to result in physical and emotional harm, anguish, and distress to Cross-Complainant.

18. Cross-Complainant has suffered damages including the infliction of mental and emotional anguish, distress and suffering, causing damages in an amount according to proof.

### FOURTH CAUSE OF ACTION
#### (Trespass)

19. Cross-Complainant realleges the prior allegations of the Cross-Complaint.

20. Cross-Defendant entered Cross-Complainant's real property without permission and without his prior knowledge.

21. Cross-Defendant's actions constitute trespass.

22. Cross-Complainant has suffered damages in an amount according to proof as a result of Cross-Defendant's trespass.

Cross-Complainant prays for judgment against Cross-Defendants as follows:

FOR THE FIRST AND SECOND CAUSES OF ACTION:

1.  For damages in a sum exceeding the jurisdictional limit of the Court of Limited Jurisdiction;

2.  For punitive damages in an amount appropriate to punish or set an example of Cross-Defendants;

3.  For costs of suit; and

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 3 -

1    4.    For other relief as the court deems just.

2    FOR THE THIRD AND FOURTH CAUSES OF ACTION:

3    1.    For general damages in a sum exceeding the jurisdictional limit of the Court of

4         Limited Jurisdiction;

5    2.    For costs of suit herein; and

6    3.    For other relief as the court deems just.

7    Dated: December 6, 2019                    LONG & LEVIT LLP

8

9                                        By: _____

10                                        JENNIFER A. BECKER
                                         Attorneys for Cross-Defendant
11                                        Randall Louis Zamarra

12   4834-7116-3310, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104
(415) 397-2222

- 4 -

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 20
                                        of 48

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

## PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 3480 Buskirk Avenue, Suite 250, Pleasant Hill, CA 94523.

On this date I served the foregoing **CROSS-COMPLAINT FOR DAMAGES** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Pleasant Hill, California, addressed as follows:

**Attorneys For Plaintiff:**

Constantin V. Roboostoff, Esq.
Roboostoff & Kalkin
369 Pine Street, Suite 820
San Francisco, CA 94104

Phone: 415-732-0282
Fax: 415-732-0287
E-Mail: cvr1@earthlink.net

**Attorneys For Defendant/Cross-Complainant, Randall Louis Zamarra:**

Jennifer A. Becker, Esq.
Long & Levit LLP
465 California Street, Suite 500
San Francisco, CA 94104

Phone: 415-397-2222
Fax: 415-397-6392
E-Mail: jabecker@longlevit.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 6, 2019 at Pleasant Hill, California.

Jessica L. Perry

# EXHIBIT 3a

# United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

R.L. Zamarra

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Randall Louis Zamarra, Luigi Zamarra

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Contact phone  415-568-7004
Contact email  arramaz@gmail.com

**Where should payments to the creditor be sent?** (if different)

Contact phone  415-568-7004
Contact email  arramaz@gmail.com

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on ____ / ____ / ____
             MM    DD    YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 23 of 48

Claim Number: 61278

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?**

$ _According to proof_____

**. Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**       $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\*  Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:**  *R.L. Zamarra*
R.L. Zamarra (Oct 21, 2019)

**Email:**  arramaz@gmail.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  Randall  Louis  Zamarra
First name          Middle name          Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  3819 Cerrito Avenue
Number          Street
Oakland                          CA          94611
City                          State          ZIP Code

Contact phone  415-568-7004          Email  arramaz@gmail.com

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
(attach below)

☐ I do **not** have supporting documentation.

 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA  95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

## Do not file these instructions with your form

# Claim for Damages from Personal Injury

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization.  Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest.

PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

# Claim for Indemnity

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization.  Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest.

PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

Mr. Zamarra has now been sued by Ms. Ford, *Ford v. Zamarra*, Alameda County Superior Court No. RG19035284.

Mr. Zamarra is entitled to defense and indemnity from PG&E for the causes of action in the above-captioned matter.

# Electronic Proof of Claim_FUTJX27395

Final Audit Report

2019-10-21

| | |
|---|---|
| Created: | 2019-10-21 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAS30VSkeYMxJFq-WqrbB9SAVG-cU77Tme |

## "Electronic Proof of Claim_FUTJX27395" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-21 - 5:05:15 PM GMT

R.L. Zamarra (arramaz@gmail.com) uploaded the following supporting documents:
Attachment
2019-10-21 - 5:29:19 PM GMT

Web Form filled in by R.L. Zamarra (arramaz@gmail.com)
2019-10-21 - 5:29:19 PM GMT- IP address: 99.189.175.155

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.3; WOW64; Trident/7.0; Touch; ASU2JS; rv:11.0) like Gecko)
2019-10-21 - 5:29:22 PM GMT- IP address: 99.189.175.155

Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and R.L. Zamarra (arramaz@gmail.com)
2019-10-21 - 5:29:22 PM GMT

# EXHIBIT 3b

# United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

## Part 1: Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | R.L. Zamarra <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor    Randall Louis Zamarra or Luigi Zamarra |
| 2. **Has this claim been acquired from someone else?** | ☒ No <br> ☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Contact phone   415-568-7004 <br> Contact email   arramaz@gmail.com | Contact phone   415-568-7004 <br> Contact email   arramaz@gmail.com |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on ____ / ____ / _____ <br>                                                   MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 32 of 48

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?**

$ <u>According to Proof</u> . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 33 of 48

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:**  *R.L. Zamarra*
R.L. Zamarra (Oct 21, 2019)

**Email:**  arramaz@gmail.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Randall  Louis  Zamarra |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 3819 Cerrito Av. |
| | Number          Street |
| | Oakland                      CA          94611 |
| | City                          State        ZIP Code |
| Contact phone | 415-568-7004 |
| Email | arramaz@gmail.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
    (attach below)

☐ I do **not** have supporting documentation.

 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**

  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA  95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

## Do not file these instructions with your form

# Claim for Damages from Personal Injury

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization. Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest. PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

# Claim for Indemnity

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization. Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest. PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

Mr. Zamarra has now been sued by Ms. Ford, *Ford v. Zamarra*, Alameda County Superior Court No. RG19035284.

Mr. Zamarra is entitled to defense and indemnity from PG&E for the causes of action in the above-captioned matter.

# Electronic Proof of Claim_ZFHEK27386

Final Audit Report                                                                    2019-10-21

| | |
|---|---|
| Created: | 2019-10-21 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPm_fPfdTPC9UvvTAeuvXI22S84ao_Fna |

## "Electronic Proof of Claim_ZFHEK27386" History

📄 Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-21 - 5:44:21 PM GMT

📎 R.L. Zamarra (arramaz@gmail.com) uploaded the following supporting documents:
📎 Attachment
2019-10-21 - 5:49:13 PM GMT

📄 Web Form filled in by R.L. Zamarra (arramaz@gmail.com)
2019-10-21 - 5:49:13 PM GMT- IP address: 99.189.175.155

✍️ (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.3; WOW64; Trident/7.0; Touch; ASU2JS; rv:11.0) like Gecko)
2019-10-21 - 5:49:16 PM GMT- IP address: 99.189.175.155

✅ Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and R.L. Zamarra (arramaz@gmail.com)
2019-10-21 - 5:49:16 PM GMT

# EXHIBIT 3c

# United States Bankruptcy Court, Northern District of California

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ PG&E Corporation (19-30088)

☒ Pacific Gas and Electric Company (19-30089)

<u>Official Form 410</u>

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

**Unless an exception in the Bar Date Order applies to you, you should not use this form to submit a claim that arises out of or relates to the fires that occurred in Northern California prior to January 29, 2019.**

---

**Part 1:** **Identify the Claim**

| | |
|---|---|
| **1. Who is the current creditor?** | Randall Louis Zamarra<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor    Luigi Zamarra |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Contact phone  415-397-2222 | Contact phone  415-558-7004 |
| Contact email  jabecker@longlevit.com | Contact email  arramaz@gmail.com |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____<br>                                                     MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? |

Case: 19-30088    Doc# 9917    Filed: 12/28/20    Entered: 12/28/20 17:21:07    Page 41 of 48

Claim Number: 80892

| | |
|---|---|
| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?**

$ According to Proof

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case: 19-30088   Doc# 9917   Filed: 12/28/20   Entered: 12/28/20 17:21:07   Page 42
of 48

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). ................ $_____

☐ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). ............ $_____

☐ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). ................ $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). ........ $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). ............ $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. .......... $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Jennifer A. Becker*
Jennifer A. Becker (Oct 21, 2019)

**Email:**   jabecker@longlevit.com

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Jennifer | | Becker |
|---|---|---|---|
| | First name | Middle name | Last name |

Title  Attorney

Company  Long & Levit, LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

| Address | 465 California St. 5th Floor | | |
|---|---|---|---|
| | Number        Street | | |
| | San Francisco | CA | 94104 |
| | City | State | ZIP Code |
| Contact phone | 415-397-2222 | Email | jabecker@longlevit.com |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.
   (attach below)

☐ I do __not__ have supporting documentation.

 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 29, 2019.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.primeclerk.com/pge.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Case: 19-30088     Doc# 9917     Filed: 12/28/20     Entered: 12/28/20 17:21:07     Page 45 of 48

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your claim if you wish to receive a date-stamped copy.**

## Do not file these instructions with your form

# Claim for Damages from Personal Injury

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization.   Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest.

PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

# Claim for Indemnity

On September 28, 2018 Darlene Michele Ford, an employee of PG&E, entered the backyard of Randall Louis Zamarra's residential property without authorization.   Ms. Ford entered a fenced yard through a closed gate so without invitation or authority to do so, allegedly on PG & E business, although no PG&E equipment was located in the area.

Ms. Ford refused to identify herself, refused to leave the premises when asked respectfully to do so, and then assaulted and battered Mr. Zamarra, causing him bodily injury.

When Oakland Police were summoned Ms. Ford misrepresented the facts and Mr. Zamarra was placed under arrest.

PG&E:

- Failed to properly uniform their employees to allow private property owners to clearly identify their workers;
- Failed to properly train their employees as to appropriate professional behavior and normal communication protocols with property owners;
- Failed to properly train their employees to not ignore private property owners while such employee is on or inside of the private property of such person;
- Failed to properly instruct employees as to the location of PG&E subsystems on particular properties;
- Failed to properly train their employees that they are required by law to leave private property when requested to do so by the property owner (except in cases of emergency when community safety is at risk).

Mr. Zamarra has now been sued by Ms. Ford, *Ford v. Zamarra*, Alameda County Superior Court No. RG19035284.

Mr. Zamarra is entitled to defense and indemnity from PG&E for the causes of action in the above-captioned matter.

# Electronic Proof of Claim_*PFMB27395

**Final Audit Report**                                      2019-10-21

| | |
|---|---|
| Created: | 2019-10-21 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXV3k9roerlzeI3hzm69PjM0aB9I5J9aJ |

## "Electronic Proof of Claim_*PFMB27395" History

Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
2019-10-21 - 8:49:54 PM GMT

Jennifer A. Becker (jabecker@longlevit.com) uploaded the following supporting documents:
   Attachment
2019-10-21 - 8:54:47 PM GMT

Web Form filled in by Jennifer A. Becker (jabecker@longlevit.com)
2019-10-21 - 8:54:47 PM GMT- IP address: 12.89.123.206

(User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64; rv:69.0) Gecko/20100101 Firefox/69.0)
2019-10-21 - 8:54:49 PM GMT- IP address: 12.89.123.206

Signed document emailed to Prime Clerk E-Filing (efiling@primeclerk.com) and Jennifer A. Becker (jabecker@longlevit.com)
2019-10-21 - 8:54:49 PM GMT

Prime Clerk   POWERED BY Adobe Sign