TODD J. WENZEL, ESQ. (SB #158880)
WENZEL LAW
4225 Solano Avenue, #700
Napa, CA 94558
Tel: 707/639-2097
E-mail: todd@wenzellawoffices.com

Attorney for Creditor, SANDERS ERGAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>**CREDITOR SANDERS ERGAS' RESPONSE TO PG&E'S NOTICE OF THE REORGANIZED DEBTOR'S FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS; DECLARATION OF WHITNEY TAYLOR STANIER IN SUPPORT**<br><br>**Hearing Information:**<br><br>Date: January 12, 2021<br>Time: 10:00 a.m.<br>Place: US Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

COMES NOW, PG&E Creditor, **SANDERS ERGAS ("Creditor")**, who hereby files his response to the Omnibus Objection of Debtors, PG&E CORPORATION and/or PACIFIC GAS & ELECTRIC COMPANY regarding the Notice Of The Reorganized Debtors' Forty-Ninth Omnibus Objection To Claims.

**CLAIM INFORMATION**

Creditor Name: SANDERS ERGAS

Assigned Number of Proof of Claim: 86730

1

SANDERS ERGAS' RESPONSE TO PG&E'S NOTICE OF THE REORGANIZED DEBTOR'S FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS; DECLARATION OF WHITNEY TAYLOR STANIER IN SUPPORT

Explanation for the amount of claim: PG&E failed to trench and prepare an area of Creditor's real property located at 1251 Jefferson St, Napa CA, 94559 (the "**Property**") for which they were responsible (and for which PG&E agreed was its responsibility during pre-construction meetings). The amount claimed is the amount it cost Creditor to rehire crews, rent equipment, pay for soil removal, and all other expense to perform work PG&E acknowledged that it was obligated to perform.

## STATEMENT FOR WHY THE BANKRUPTCY COURT SHOULD NOT SUSTAIN PG&E'S OMNIBUS OBJECTICON TO CREDITOR'S CLAIM

Creditor's claim should not be thrown out due to the fact that PG&E told Creditor that it/they would be responsible for trenching work at Creditor's Property. Creditor acted in good faith and completed the portion of the project that he was responsible for preparing. Weeks later (after Creditor's crews had already left the job) PG&E sent an email stating they had made a mistake at the pre-construction meetings and they claimed for the first time that Creditor was now responsible for all the work. It cost us $17,200 to rehire crews, re-rent equipment, and purchase materials. This mistake by PG&E resulted in considerable added expense that Creditor would not have incurred had either: a) PG&E performed the work as first agreed to in the pre-construction meeting; or b) had PG&E informed Creditor of their mistake in a timely manner so that Creditor could have finished the work with his original crews and equipment.

See Declaration of Whitney Taylor Stanier filed in support of this response for further details. Further communications regarding Creditor's claim, PG&E's response thereto, and discussions to potentially reconcile, settle, or otherwise resolve the Omnibus Objection on Creditor's behalf, if any may be directed to counsel for Creditor as identified on this pleading.

Dated: December 28, 2020

WENZEL LAW

By: _____.
TODD J. WENZEL
Attorney for Creditor,
SANDERS ERGAS

2

SANDERS ERGAS' RESPONSE TO PG&E'S NOTICE OF THE REORGANIZED DEBTOR'S FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS; DECLARATION OF WHITNEY TAYLOR STANIER IN SUPPORT

Case: 19-30088    Doc# 9926    Filed: 12/31/20    Entered: 12/31/20 14:20:57    Page 2 of 8

# DECLARATION OF WHITNEY TAYLOR STANIER

I, Whitney Taylor Stanier, hereby declare:

1. My name is Whitney Stanier, and I am the wife of Creditor, Sanders Ergas, owner of 1251 Jefferson St, Napa CA 94559 ("**Property**"), and I was the Project Manager for the construction work and trenching done at the Property. I submit this declaration in support of Creditor's Response to the Notice Of The Reorganized Debtors' Forty-Ninth Omnibus Objection To Claims. All of the matters declared herein are true based on my personal knowledge, except for those matters declared herein based on information and belief, and as to those matters, I believe them to be true. If called to testify as to the matters stated herein, I would competently testify thereto.

2. I am informed and believe that as a result of the Napa earthquake of August 2014, the electrical power had been cut off to the Property, as the building had come off its foundation it created a potential fire hazard. My husband, Creditor SANDERS ERGAS, acquired the Property in 2018, and the Property needed much work due to damage sustained in the 2014 earthquake. I was in charge of the construction as the Project Manager. I worked with PG&E to restore both electrical and gas to the building. After many months, I had pre-construction meetings with PG&E, during which Creditor and I were advised by PG&E that a trench needed to be dug from the junction box to the electrical panel on the building. PG&E committed to trench from the junction box to the main box located in front of the neighboring property located at 1261 Jefferson Street, Napa, CA 94559.

3. As Project Manager, I oversaw the work performed on Creditor's behalf, and the Creditor's work concluded quickly and then we waited for PG&E to conclude their work. I was in communication with my contact at PG&E, Mr. Habideen Molake, numerous times on the start date for their construction. On December 6, 2018 (approx. 1 month after our project was finished and our contractor was already gone and onto other projects) I received a carbon copy of an email message from PG&E to our contractor stating that PG&E had made a mistake at the pre-construction meeting(s) about the division of labor and responsible work for trenching. (A true and correct copy of the email communication from Habideen Molake of PG&E to contractor Mike Craig at Emil Meyers Construction dated December 6, 2018 is attached hereto as **Exhibit "1."**) This email was the first time since PG&E had been notified of the electrical issues at the Property due to the

3
SANDERS ERGAS' RESPONSE TO PG&E'S NOTICE OF THE REORGANIZED DEBTOR'S FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS; DECLARATION OF WHITNEY STANIER IN SUPPORT

Case: 19-30088    Doc# 9926    Filed: 12/31/20    Entered: 12/31/20 14:20:57    Page 3 of 8

earthquake, PG&E disclaimed responsible for any of the trenching work and reconnection of the junction boxes to the electrical panels. After many conversations with Mr. Molake and his supervisor Mr. Steven Bovaird at PG&E, I was forced to rehire work crews (at significantly higher costs than if we had been able to do the work during the main construction period), re-rent equipment, purchase materials, and pay for all the costs to trench and perform the work in the area that PG&E agreed was their responsibility during the pre-construction meeting. Shortly after receiving Mr. Molake's email of 12/6/2018, I solicited an estimate for the additional trenching work that was originally promised to be performed by PG&E. (A true and correct copy of estimate from Connor & Sons Concrete, Inc. for the subject trenching work dated December 23, 2018, is attached hereto as **Exhibit "2."**)

4. After several unsuccessful attempts to be reimbursed by PG&E, it was suggested by Steven Bovaird that we file a claim to recoup our losses. Which we did soon after.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 28, 2020, at Napa, California.

WHITNEY TAYLOR STANIER

4
SANDERS ERGAS' RESPONSE TO PG&E'S NOTICE OF THE REORGANIZED DEBTOR'S FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS; DECLARATION OF WHITNEY TAYLOR STANIER IN SUPPORT

Case: 19-30088    Doc# 9926    Filed: 12/31/20    Entered: 12/31/20 14:26:57    Page 4 of 8

# EXHIBIT 1

From: **Molake Jr., Habideen** HAMF@pge.com
Subject: **1251 Jefferson St. Napa PM: 35053066**
Date: **Dec 6, 2018 at 8:26:30 AM**
To: michael@emilmeyersconstruction.com
Cc: **Whitney Stanier** wstanier@msn.com

Good morning Mike,

I know when we met onsite for our pre con meeting with our inspector, it was said that PGE would be taking care of replacement of the existing #1 box with a #2 box and the trenching back over to the existing #2 box in front of 1261 Jefferson but this was actually estimated for that to be the applicant's responsibility. That was always the plan but my inspector misspoke by accident and I didn't catch it. I know that's why you only trenched from the panel to the existing #1 box in the sidewalk. I included the drawing here as well.

Thank you

# EXHIBIT 2

Case: 19-30088    Doc# 9926    Filed: 12/31/20    Entered: 12/31/20 14:20:57    Page 7 of 8



Paul Connor

Lic. #1028044
1440 Carol Drive
Napa, Ca 94558
(707) 312-1577
connorandsonsconcrete@gmail.com

Attn:   Whitney Stanier
Phone:  707-438-9688
Email:  whitneystanier@icloud.com

1251/1261 Jefferson Street                         $17,200.00
(PG&E reroute main electrical lines)

Excavate approx. 85' of trench for new PG&E lines, set
new christy boxes, soils removed and hauled away. Sand
hauled in and placed in trench. Electrical lines placed,
90'd into christy boxes and electrical safety tape set
backfilled all areas per PG&E requirements and re-
graded front yards.

                                Invoice Total $17,200.00

Thank you for your business!
            Invoice #269
Paul Connor
            Date 12/23/18