## Exhibit 3

## Notice Regarding Approval of Securities Claims Procedures

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL, GOTSHAL & MANGES LLP
Rickard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                  **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br><br><br><br><br><br>**NOTICE REGARDING APPROVAL OF SECURITIES CLAIMS PROCEDURES** |

**PLEASE READ THE FOLLOWING NOTICE REGARDING
YOUR SUBORDINATED SECURITIES CLAIM(S) FILED IN THE PG&E
CHAPTER 11 CASES AND HOW YOUR CLAIM(S) MAY BE RESOLVED
UNDER THE SECURITIES CLAIMS PROCEDURES APPROVED BY THE
BANKRUPTCY COURT ON JANUARY [27], 2021.**

**SUBORDINATED SECURITIES CLAIMS**: You are receiving this Notice because our records indicate that you filed a Subordinated Securities Claim against PG&E Corporation and/or Pacific Gas And Electric Company (collectively, "**PG&E**") in their chapter 11 cases in the United States Bankruptcy Court for the Northern District of California. A Subordinated Securities Claim is a claim for rescission or damages under the federal securities laws relating to the purchase or acquisition of PG&E's publicly traded debt and/or equity securities during the period from April 29, 2015 through November 15, 2018, inclusive.

**THE SECURITIES CLAIMS PROCEDURES**: On January [XX], 2021, the Bankruptcy Court approved the Securities Claims Procedures to assist in resolving Subordinated Securities Claims against PG&E, such as yours. This Notice and the summary provided below has been approved by the Bankruptcy Court in connection with the Court's approval of the Securities Claims Procedures.

**Please be advised that, pursuant to the Bankruptcy Court's Order, your Subordinated Securities Claims filed against PG&E in the chapter 11 cases are subject to the Securities Claims Procedures.**

**A copy of the Bankruptcy Court Order approving the Securities Claims Procedures is enclosed with this Notice for your reference. A copy of the Securities Claims Procedures is annexed to the enclosed Bankruptcy Court Order. Please read this Notice, the Bankruptcy Court Order, and the Securities Claims Procedures carefully. You may want to consult with an attorney regarding the Securities Claims Procedures or your Subordinated Securities Claim(s).**

The Securities Claims Procedures are comprised of the following items, each of which is summarized below: (i) Securities Claims Information Procedures; (ii) Settlement Offer and Mediation Procedures; and (iii) Securities Omnibus Objection Procedures.

**I. SECURITIES CLAIMS INFORMATION PROCEDURES AND TRADING INFORMATION REQUEST FORM**: As a part of the Securities Claims Procedures approved by the Bankruptcy Court, you may receive a Trading Information Request Form from Heffler Claims Group on behalf of PG&E. The Trading Information Request Form requires you to provide certain specified trading information that was not previously submitted and is necessary to evaluate the potential alleged damages with respect to your asserted claim(s). The Trading Information Request Form includes instructions as to how, and where, to provide this information, including the ability to submit your information via an online portal.

If you receive a Trading Information Request Form, it must be completed and returned no later than forty-five (45) days after the Trading Information Request Form is mailed to you. This deadline and where the Trading Information Request Form must be sent will be noted on the Trading Information Request Form. If you do not return the Trading Information Request Form, you may not receive a settlement offer or an opportunity to participate in mediation. Failure to return the Trading Information Request Form by the Reminder Deadline may result in a formal objection seeking disallowance of the Subordinated Securities Claim(s) on the basis that the information provided is insufficient to establish Debtors' liability or some other basis.

Please contact Heffler Claims Group at [HEFFLER CONTACT INFO] if you have any questions regarding the completion or submission of your Trading Information Request Form.

## II. SETTLEMENT OFFER PROCEDURES AND MEDIATION PROCEDURES

**A. SETTLEMENT OFFER PROCEDURES**: After PG&E has reviewed the trading information, PG&E may extend to you an offer in full and final satisfaction of your Subordinated Securities Claim(s). If you receive a settlement offer from PG&E, you may choose to:

- Accept the offer;
- Reject the offer; or
- Propose a counteroffer.

**The decision to accept or reject PG&E's offer, or to propose a counteroffer, is yours alone**. If you propose a counter-settlement offer, PG&E may accept or reject your counteroffer, or propose a revised offer. The parties may continue to exchange offers and counteroffers in this manner, if they so choose, until an offer or counteroffer is finally accepted or rejected.

If you accept PG&E's offer to settle your Subordinated Securities Claim(s), you will be sent a settlement agreement setting forth the agreement for you to review and, if acceptable, sign. Once the settlement agreement has been signed and returned to PG&E, the agreed settlement will be delivered to you promptly. **The settlement shall be in full and final satisfaction and release of your Subordinated Securities Claim(s) against PG&E**.

If a settlement cannot be reached through the Settlement Offer Procedures, PG&E may direct your claim(s) to mandatory, ***non-binding*** mediation (described more fully below).

**B. MEDIATION PROCEDURES**: If a settlement is not reached through the Offer Procedures, or PG&E otherwise decides to proceed with mediation of your Subordinated Securities Claim(s), your claim(s) may be designated for one of two types of mandatory, ***non-binding*** mediation selected by PG&E: (1) the Abbreviated Mediation Process; or (2) the Standard Mediation Process (each summarized below). **The costs of the Mediator shall be paid by PG&E. You shall have no responsibility for the costs of the Mediator.**

If PG&E directs your claim(s) to either the Abbreviated Mediation Process or Standard Mediation Process, you should read the Mediation Procedures carefully. The Mediation Procedures are included in the attached Securities Claims Procedures. As detailed in the Mediation Procedures, you will receive a notice with instructions and information, including the date and time of the mediation, the name of the Mediator assigned to your mediation and a reference or link to his or her biographical information, the estimated duration of the mediation, and other important dates and deadlines at least [28] days in advance of your scheduled mediation. **<u>All mediations will take place on the scheduled mediation date (or a mutually agreeable date and time) via videoconference over Zoom or, alternatively, via telephonic conference</u>**. You must make arrangements, such as ensuring internet connections, to ensure you

3

Case: 19-30088    Doc# 9931-3    Filed: 01/04/21    Entered: 01/04/21 18:15:16    Page 4 of 7

can participate in the mediation. Unless you otherwise agree in writing, you will only be required to participate in one (1) mediation process.

The **Abbreviated Mediation Process** is a simple and streamlined process that provides you and PG&E with the opportunity to resolve your Subordinated Securities Claim(s) with the help of an experienced and independent Bankruptcy Court-approved mediator, without the expense of a typical standard mediation, including the hiring of attorneys. Prior to the mediation date, if you are one of the claimants designated for the Abbreviated Mediation Process, you and the Mediator will receive (i) a settlement offer from PG&E, and (ii) a confidential background statement explaining PG&E's position. Claimants may, but are not required to, submit a response statement and a counteroffer to PG&E and the Mediator in advance of the mediation date. If you and PG&E reach a settlement in advance of or during the Abbreviated Mediation, the parties will enter into a settlement agreement, and the agreed settlement will be delivered to you promptly after the settlement agreement has been signed and returned to PG&E. **The settlement shall be in full and final satisfaction and release of your Subordinated Securities Claim(s)**.

The **Standard Mediation Process** is a more formal process that PG&E expects to be utilized more for institutional investors and larger asserted Subordinated Securities Claims. Prior to the mediation date, claimants designated for the Standard Mediation Process will submit to PG&E and the Mediator (i) a settlement demand from PG&E, and (ii) a confidential opening statement as described in Section III.B.5 of the enclosed Securities ADR Procedures. PG&E will then submit to the claimant and the Mediator (i) a response to the settlement demand and (ii) a response statement setting forth PG&E's position with respect to the claim(s). If you and PG&E reach a settlement in advance of or during the Standard Mediation, the parties will enter into a settlement agreement, and the agreed settlement will be delivered to you promptly after the settlement agreement has been signed and returned to PG&E. **The settlement shall be in full and final satisfaction and release of your Subordinated Securities Claim(s)**.

**MEDIATORS**: The Bankruptcy Court will approve a panel of qualified and experienced Mediators to preside over the Abbreviated Mediation and Standard Mediation. The Securities Claims Procedures require that each person appointed as a Mediator must (i) be an impartial, neutral person, (ii) have no financial or personal interest in the proceedings, and (iii) disclose any circumstances likely to create a reasonable inference of bias. Once the panel of Mediators is approved by the Bankruptcy Court, information about each Mediator will be made available at [WEBSITE].

**CONFIDENTIALITY**: All information provided in connection with the Securities Claims Procedures, including the Trading Information Request Form, the Offer Procedures, and the Mediation Procedures, is confidential. Neither you, PG&E, nor the Mediator may disclose any offers or communications made or documents submitted in connection with the Securities Claims Procedures to any other person or entity for any purpose.

**GOOD FAITH REQUIREMENT**: The parties must negotiate and otherwise act in good faith throughout the Securities Claims Mediation Procedures. However, as noted above, you are not required to accept any offer from PG&E, enter into any settlement agreement, or otherwise resolve your Subordinated Securities Claim(s) through mediation. Either you or PG&E may

4

request the Mediator to terminate the Mediation Procedures, and the Mediator will do so if the Mediator believes that an impasse has been reached and there is no reasonable opportunity to settle the Subordinated Securities Claim(s) through mediation.

**IF YOUR CLAIM IS NOT RESOLVED PURSUANT TO THE SETTLEMENT OFFER PROCEDURES OR THE MEDIATION PROCEDURES, YOUR CLAIM WILL BE SUBJECT TO RESOLUTION BY THE BANKRUPTCY COURT, WITH ALL OF YOUR RIGHTS TO ADJUDICATE YOUR CLAIM BEFORE THE BANKRUPTCY COURT PRESERVED AND ALL OF PG&E'S RIGHTS TO OBJECT TO AND DISPUTE YOUR CLAIM ALSO PRESERVED.**

**SETTLEMENT AND RELEASE:** If you reach an agreement with PG&E to settle your Subordinated Securities Claim(s) through either the Settlement Offer Procedures or the Mediation Procedures, you and PG&E will enter into a settlement agreement to document the agreement. The settlement agreement shall provide that the agreed settlement shall be in full and final satisfaction and release of your Subordinated Securities Claim(s) against PG&E.

**III. SECURITIES OMNIBUS OBJECTION PROCEDURES**: Under the Securities Omnibus Objection Procedures approved by the Bankruptcy Court on January [27], 2021, PG&E may file objections to certain categories of Subordinated Securities Claims. If PG&E determines that your Subordinated Securities Claim falls under one of these categories, or if PG&E determines that your claim is deficient or not otherwise entitled to a recovery, PG&E may file an objection to your claim in the Bankruptcy Court at any time.

In the event that PG&E files an objection to your Subordinated Securities Claim(s), you will receive notice of the objection, and you will have an opportunity to respond to the objection before the Bankruptcy Court. You will also receive a warning that failure to respond to the objection may result in the Bankruptcy Court sustaining the objection, which may result in disallowance of your claim(s). Please consult the Securities Omnibus Objection Procedures for more information.

PG&E may object to your claim(s) at any time up until any deadline set by the Bankruptcy Court, regardless of whether PG&E has previously sought to resolve such claim(s) through the Securities Claims Procedures prior to filing any such objection.

**Again, please review the enclosed Securities Claims Procedures in their entirety**.

Dated: January [XX], 2021

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By: /s/
    Richard W. Slack

*Attorneys for the Debtors and Reorganized Debtors*