NOSSAMAN LLP
CHRISTOPHER D. HUGHES (SBN 254864)
chughes@nossaman.com
621 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:     916.442.8888
Facsimile:     916.442.0382

Attorneys for Panoramic Investments,
Creditor

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>        Debtors. | Case No: 19-30088 (DM)<br>Chapter 7<br><br>**PANORAMIC INTERESTS' RESPONSE TO DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIM (SATISFIED CLAIMS)**<br><br>Date:    November 17, 2020<br>Time:   10:00 a.m. (Pacific Time)<br>Room:  (Telephonic Appearances Only)<br>            United States Bankruptcy Court<br>            Courtroom 17, 16th Floor<br>            San Francisco, CA 94102 |

Panoramic Interests ("Panoramic" or "Creditor") hereby submit this *Response* ("**Response**") *to Debtors' Twenty Second Omnibus Objection to Claim (Satisfied Claims)* ("**Objection to Claim**"). This Response is supported by the declaration of Patrick Kennedy and the Exhibit A, (the "**Panoramic Proof of Claim**").

According to the Objection to Claim, Debtors are asserting that the Panoramic Proof of Claim should be disallowed because the claim was already paid by the Debtors pursuant to the

- 1 -          Case No. 19-30088

*Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfer* [Docket No. 843]

The documents submitted with the Panoramic Proof of Claim accurately reflect the services provided and the fees that were to be paid for the services. The services relate to a PG&E gas installation at 2711 Shattuck, Berkeley, California. The Panoramic Proof of Claim accurately reflects the events that transpired between April 22, 2017 and June 4, 2018.

Contrary to Debtors' assertion in the Objection to Claim, Panoramic did not receive any payment for the services identified on the documents submitted with the Panoramic Proof of Claim.

On October 28, 2020, emails were sent to counsel for the Debtors, asking for a copy of any payment to Panoramic which would support the Debtors' assertion in the Objection to Claim. Several follow up emails were also sent in November and December, 2020. Although Debtors' counsel twice agreed to continue the hearing on the Objection to Claim while they investigated, Debtors have not provided any documents to support the assertion in the Objection to Claim. On the morning of January 4, 2021 (the current due date for Panoramic's Response to the Objection to Claim), an additional email was sent to Debtors' counsel and a voice message was left for Debtors' counsel. No response was received before this Response was filed. While Creditor acknowledges the unenviable task of administrating all of the pending objections to claims in this case, Creditor cannot risk missing the deadline of 4:00 p.m.

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed.R.Bankr.P. 3001(f). Only after the objecting party raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," (*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)), then "the burden reverts to the

claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623.

In this case, the Panoramic Proof of Claim sets forth all facts necessary to establish the validity of the claim and the amount owed to Panoramic. The proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. While Panoramic appreciates the Debtors acknowledging that the services identified in the Panoramic Proof of Claim should have been paid in full pursuant to the Court's March 12, 2019 order [Docket No. 843], Panoramic was not paid for the services identified in the Panoramic Proof of Claim. Other than a conclusory declaration, Debtors have not provided any evidence to reflect that they have paid Panoramic in full for the services identified in the Panoramic Proof of Claim. Debtors have not provided a copy of the payment they assert was made to Panoramic, nor have Debtors provided any additional details such as the amount or date of the purported payment. Mr. Kennedy's declaration states that no such payment was received by Panoramic. Consequently, the Objection to Claim should be denied.

Date: January 4, 2021

NOSSAMAN LLP

*/s/ Christopher D. Hughes*
Christopher D. Hughes, Attorney for
Panoramic Interests, Creditor