KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' REPORT ON RESPONSES TO FORTY-SIXTH THROUGH FIFTIETH OMNIBUS OBJECTIONS TO CLAIMS AND REQUEST FOR ORDERS BY DEFAULT AS TO UNOPPOSED OBJECTIONS** <br><br> **[Re: Dkt. Nos. 9702, 9705, 9708, 9711, 9714]** <br><br> **Resolving Objections Set for Hearing January 12, 2021 at 10:00 a.m. (Pacific Time)** |

## REQUEST FOR ENTRY OF ORDER BY DEFAULT

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby request, pursuant to Rule 9014-1(b)(4) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California, as made applicable to these Chapter 11 Cases by the *Second Amended Order Implementing Certain Notice and Case Management Procedures*, entered on May 14, 2019 [Dkt No. 1996] ("**Case Management Order**"), that the Court enter orders by default on the following omnibus claims objections (collectively, the "**Omnibus Objections**"):

| Docket Number | Omnibus Objection |
|---|---|
| 9702 | *Reorganized Debtors' Forty-Sixth Omnibus Objection to Claims (Books and Records Claims)* (the "**Forty-Sixth Omnibus Objection**") |
| 9705 | *Reorganized Debtors' Forty-Seventh Omnibus Objection to Claims (Untimely No Liability Claims)* (the "**Forty-Seventh Omnibus Objection**") |
| 9708 | *Reorganized Debtors' Forty-Eighth Omnibus Objection to Claims (Untimely Customer No Liability Claims)* (the "**Forty-Eighth Omnibus Objection**") |
| 9711 | *Reorganized Debtors' Forty-Ninth Omnibus Objection to Claims (Untimely No Liability/Passthrough Claims)* (the "**Forty-Ninth Omnibus Objection**") |
| 9714 | *Reorganized Debtors' Fiftieth Omnibus Objection to Claims (Reduced and Allowed Claims)* (the "**Fiftieth Omnibus Objection**") |

## RELIEF REQUESTED IN THE OMNIBUS OBJECTIONS

The Omnibus Objections seek to either (a) disallow and/or expunge or (b) allow in reduced amounts the Proofs of Claim listed in Exhibit 1 to each Omnibus Objection.

## NOTICE AND SERVICE

The Reorganized Debtors filed a Notice of Hearing with respect to each Omnibus Objection [Docket Nos. 9704, 9707, 9710, 9713, and 9716]. The Omnibus Objections also were supported by the respective declarations of Robb McWilliams [Docket Nos. 9703, 9706, and 9709], and, in the case of the Forty-Ninth and Fiftieth Omnibus Objections, the declarations of Renee Records [Docket Nos. 9712 and 9715]. The Omnibus Objections, the Notices of Hearing, and the Declarations were served

as described in the *Certificate of Service of Alain B. Francoeur*, filed on December 11, 2020 [Docket No. 9790] (the "**Certificate of Service**"). As further described in the Certificate of Service, on December 4, 2020, each holder of a claim listed on Exhibit 1 to the Omnibus Objections received a notice customized to include (i) the claim number, debtor, claim amount and priority, and the basis for Reorganized Debtors' objection with respect to the applicable claim to be disallowed and/or expunged or allowed in a reduced amount, and, if applicable (ii) the claim number, claim amount and priority of the surviving claim for each counterparty.

The deadline to file responses or oppositions to the Omnibus Objections has passed. The Reorganized Debtors have received the following formal and informal responses:

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| **Forty-Sixth Omnibus Objection** | | | |
| Informal | Hain Capital Holdings, LLC as Transferee of Hain Capital Investors Master Fund Ltd. | 9634 | The Reorganized Debtors are attempting to resolve this matter consensually, and have agreed to an extension of Claimant's response deadline to January 13, 2021. If the objection cannot be resolved, it will be continued to January 27, 2021 at 10:00 a.m. |
| **Forty-Eighth Omnibus Objection** | | | |
| 9922 | Paul and Tamara Attard | 86968 | Claimants' response does not state a cognizable theory of liability. Accordingly, the Reorganized Debtors are prepared to address the Forty-Eighth Omnibus Objection with respect to this Claim at the hearing. |
| **Forty-Ninth Omnibus Objection** | | | |
| 9920 | Stephen B. Pree | 87101 | The Reorganized Debtors' counsel attempted to contact Claimant to request a continuance to March 24, 2021, in line with the relief granted in Docket No. 9754 for similarly situated Claims, but have not yet received a response. |

| Docket No. | Claimant | Claim No. | Resolution |
|---|---|---|---|
| | | | Accordingly, the Reorganized Debtors request that the hearing be continued. |
| 9926 | Sander Ergas | 86730 | The Reorganized Debtors' counsel contacted Claimant's counsel to request a continuance to March 24, 2021, in line with the relief granted in Docket No. 9754 for similarly situated Claims, but have not yet received a response. Accordingly, the Reorganized Debtors request that the hearing be continued. |
| Informal | Kevin Rivera | 86915 | The Reorganized Debtors' counsel attempted to contact Claimant to request a continuance to March 24, 2021, in line with the relief granted in Docket No. 9754 for similarly situated Claims, but have not yet received a response. Accordingly, the Reorganized Debtors request that the hearing be continued. |

## DECLARATION OF NO OPPOSITION RECEIVED

The undersigned hereby declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am an attorney with the law firm of Keller Benvenutti Kim LLP, co-counsel for the Reorganized Debtors

2. I have reviewed the Court's docket in the Chapter 11 Cases and have determined that no responses have been filed with respect to the Omnibus Objections except as described herein.

3. This declaration was executed in San Francisco, California.

WHEREFORE, the Reorganized Debtors hereby request entry of Orders (1) disallowing and expunging the Proofs of Claims listed in the column headed "Claim/Schedule To Be Disallowed and Expunged" in **Exhibit 1** to this Request and (2) allowing in the specified "Reduced Claim Amount"

the Claims listed in **Exhibit 1** to this Request, which listed Claims are identical to those listed in Exhibit 1 to the Omnibus Objections, except as otherwise discussed above.

Dated: January 5, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*