**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION REGARDING MOTION BY THE CITY AND COUNTY OF SAN FRANCISCO TO ALLOW LATE FILING OF PROOF OF CLAIM AND RELATED RELIEF**<br><br>Related to Dkt. No. 9782, 9880, 9884<br><br>Adjourning Hearing scheduled for January 27, 2021 |
|---|---|

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and the City and County of San Francisco ("**CCSF**", and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On May 10, 2019, Louise Wiltz ("**Wiltz**") filed a complaint (the "**Complaint**") in the San Francisco Superior Court (the "**State Court**") in which she asserts against CCSF and Does 1-100 claims for premises liability and personal injury (the "**Wirtz Claims**"). The action initiated by the Complaint is currently pending in the State Court, and is titled *Wiltz v. City and County of San Francisco et al.*, Case No. CGC-19-575888 (the "**State Court Action**").

C. By Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any of prepetition claim (as defined in section 101(5) of the Bankruptcy Code) against either of the Debtors.

D. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

E. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims

against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

F. On October 5, 2020, CCSF filed a cross-complaint (the "**Cross-Complaint**") in the State Court Action in which it asserts against the Utility claims for equitable contribution and indemnity relating to the Wirtz Claims (the "**CCSF Claims**"). CCSF has not served the Cross-Complaint on the Utility. The Plan Injunction prohibits CCSF from prosecuting the Cross-Complaint against the Utility.

G. On December 10, 2020, CCSF filed the *Motion by the City and County of San Francisco to Allow Late Filing of Proof of Claim and for Related Relief* [Dkt. No. 9782] (the "**Motion**"), in which CCSF requests that the Bankruptcy Court (1) deem timely a draft proof of claim [Dkt. No. 9782-2] (the "**Draft Proof of Claim**") that CCSF intends to file after the Bar Date on account of the CCSF Claims, (2) modify the Plan Injunction to permit CCSF to prosecute the Cross-Complaint in the State Court Action. Also on December 10, 2020, CCSF noticed the Motion for hearing (the "**Hearing**") on January 12, 2021. *See* Dkt. No. 9784.

H. On December 21, 2020, the Parties entered into the *Stipulation Continuing Hearing and Extending Briefing Deadlines With Respect to the Motion by the City and County of San Francisco to Allow Late Filing of Proof of Claim and Related Relief* [Dkt. No. 9880] (the "**Scheduling Stipulation**"), pursuant to which they agreed to (1) extend the Reorganized Debtors' deadline to submit any response to the Motion (the "**Response Deadline**") to January 13, 2021, (2) extend CCSF's deadline to submit any reply in furtherance of the Motion (the "**Reply Deadline**") to January 20, 2021, and (3) continue the Hearing to January 27, 2021. On December 22, 2020, the Bankruptcy Court entered an order approving the Scheduling Stipulation. *See* Dkt. No. 9884.

I. The Parties desire to attempt to resolve their issues regarding the State Court Action, the Cross-Complaint, the Draft Proof of Claim, and the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation (the "**Approval Order**"), the Plan Injunction shall be modified, to the extent necessary, solely to permit the parties to the State Court Action to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Cross-Complaint and the Draft Proof of Claim.

2. Upon the date of the entry of the Approval Order, the Response Deadline and Reply Deadline shall be extended indefinitely, and Hearing shall be adjourned without setting a new date but subject to being re-set as provided in paragraph 4 below.

3. The Parties will cooperate in arranging for and scheduling the Mediation, will use their reasonable best efforts to obtain the participation in the Mediation of Wiltz and any other party or prospective party to the State Court Action, and will participate in good faith in the Mediation, including in any sessions after the initial session recommended by the mediator with the agreement of Wiltz and the other Party to this Stipulation (each a "Subsequent Session").

4. In the event that the Parties are unable to settle and resolve at the Mediation (including any Subsequent Session) the claims that are the subject of the Cross-Complaint and the Draft Proof of Claim, CCSF shall be permitted to set a new date for the Hearing, provided that such date occur on a regularly scheduled omnibus hearing date, and that CCSF provides at least thirty (30) days' notice to the Bankruptcy Court and the Reorganized Debtors of such date. In such event, the Response Deadline shall be the date that is fourteen (14) days prior to the Hearing, and the Reply Deadline shall be the date that is seven (7) days prior to the Hearing. If a subsequent hearing date is set, the Parties agree that the time between the date of the filing of the Motion and the date of the actual hearing on the Motion will not be considered by the Bankruptcy Court as any further delay on the part of CCSF in bringing the Motion.

5. Nothing herein is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Draft Proof of Claim on any grounds, including the untimely filing thereof.

   b. a waiver by CCSF to assert any right in opposition of any asserted challenge to the Draft Proof of Claim, or

      c.    a waiver by any Party of any claim or defense with respect to the Cross-Complaint or the State Court Action.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

| | |
|---|---|
| Dated: January 14, 2021 | Dated: January 14, 2021 |
| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | FOX ROTHSCHILD LLP |
| */s/ Peter J. Benvenutti*<br>Peter J. Benvenutti | */s/ Edward J. Tredinnick*<br>Edward J. Tredinnick |
| *Attorneys for Debtors*<br>*and Reorganized Debtors* | *Attorneys for the City and County of San Francisco* |