

Signed and Filed: January 15, 2021

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

    - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

    **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION REGARDING MOTION BY THE CITY AND COUNTY OF SAN FRANCISCO TO ALLOW LATE FILING OF PROOF OF CLAIM AND RELATED RELIEF**

Related to Dkt. No. 9782, 9880, 9971

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered the *Stipulation Regarding Motion by the City and County of San Francisco to Allow Late Filing of Proof of Claim and Related Relief*, dated January 14, 2021 [Dkt. No. 9971] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, the City and County of San Francisco ("**CCSF**"), on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Plan Injunction is modified, to the extent necessary, solely to permit the parties to the State Court Action to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Cross-Complaint and the Draft Proof of Claim.

3. The Response Deadline and Reply Deadline is extended indefinitely, and Hearing shall be adjourned without setting a new date, subject to being re-set as provided in paragraph 5 below.

4. The Parties shall cooperate in arranging for and scheduling the Mediation, shall use their reasonable best efforts to obtain the participation in the Mediation of Wiltz and any other party or prospective party to the State Court Action, and shall participate in good faith in the Mediation, including in any sessions after the initial session recommended by the mediator and agreed to by the Parties (each a "**Subsequent Session**").

5. In the event that the Parties are unable to settle and resolve at the Mediation (including any Subsequent Session) the claims that are the subject of the Cross-Complaint and the Draft Proof of Claim, CCSF shall be permitted to set a new date for the Hearing, provided that such date occur on a regularly scheduled omnibus hearing date, and that CCSF provides at least thirty

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

(30) days' notice to the Bankruptcy Court and the Reorganized Debtors of such date. In such event, the Response Deadline shall be the date that is fourteen (14) days prior to the Hearing, and the Reply Deadline shall be the date that is seven (7) days prior to the Hearing. If a subsequent hearing date is set, the time between the date of the filing of the Motion and the date of the actual hearing on the Motion will not be considered by this Court as any further delay on the part of CCSF in bringing the Motion.

6. Nothing herein shall be construed to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Draft Proof of Claim on any grounds, including the untimely filing thereof.

   b. a waiver by CCSF to assert any right in opposition of any asserted challenge to the Draft Proof of Claim, or

   c. a waiver by any Party of any claim or defense with respect to the Cross-Complaint or the State Court Action.

7. The Stipulation shall be binding on the Parties and each of their successors in interest.

8. The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*** END OF ORDER ***

Approved:

Dated: January 14, 2021

FOX ROTHSCHILD LLP

*/s/ Edward J. Tredinnick*
Edward J. Tredinnick, Esq.

*Attorneys for the City and County of San Francisco*