| | |
|---|---|
| **LABATON SUCHAROW LLP** | **LOWENSTEIN SANDLER LLP** |
| Thomas A. Dubbs | Michael S. Etkin (*pro hac vice*) |
| Carol C. Villegas | Andrew Behlmann (*pro hac vice*) |
| Jeffrey A. Dubbin (SBN 287199) | Scott Cargill |
| 140 Broadway | Colleen Maker |
| New York, New York 10005 | One Lowenstein Drive |
| | Roseland, New Jersey 07068 |
| *Lead Counsel to Lead Plaintiff and the Proposed Class* | *Special Bankruptcy Counsel to Lead Plaintiff and the Proposed Class* |
| **MICHELSON LAW GROUP** | |
| Randy Michelson (SBN 114095) | |
| 220 Montgomery Street, Suite 2100 | |
| San Francisco, California 94104 | |
| *Local Bankruptcy Counsel to Lead Plaintiff and the Proposed Class* | *Additional counsel listed on Exhibit A* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION

- and –

PACIFIC GAS AND ELECTRIC COMPANY,

Debtors.

☒ Affects Both Debtors
☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company

Case No. 19-30088 (DM) (Lead Case)

Chapter 11

(Jointly Administered)

**SECURITIES LEAD PLAINTIFF'S OBJECTION TO REORGANIZED DEBTORS' REVISED PROPOSED ORDER APPROVING THE SECURITIES CLAIM PROCEDURES**

Date: January 27, 2021
Time: 10:00 a.m. Pacific Time
Before: Video Conference

**Objection Deadline:** January 15, 2021

# **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................................. 1

OBJECTION ..................................................................................................................................... 2

I.    THE REVISED PROPOSED ORDER DOES NOT ADHERE TO THE COURT'S ORAL RULING ............................................................................................... 2

    A.    Reorganized Debtors Require Claimants to Make a Counteroffer in Violation of the Court's Oral Ruling ................................................................. 2

    B.    Reorganized Debtors Should Not Be Including Untrue Assertions about Ongoing Mediation Efforts with Securities Lead Plaintiff ..................................... 3

    C.    Reorganized Debtors Declined to Provide Disclosure Concerning Any Relationship between a Mediator and Reorganized Debtors' Primary Counsel ............................................................................................................. 4

    D.    Reorganized Debtors Should Be Prohibited From Filing an Objection to a Claim While the Offer Procedures or Mediation is Scheduled or Ongoing ........... 4

    E.    The Revised Proposed Order Improperly Requires Responses to the Trading Information Request Form to be Made Under Penalty of Perjury ............ 5

    F.    Reorganized Debtors' Proposal Mistreats Claimants Who Already Provided All Relevant Trading Information by Requiring Duplicative Information ............................................................................................................ 6

    G.    Reorganized Debtors Include Incorrect "Next Steps" ........................................... 7

II.    PROPOSED REVISIONS TO CURE THE FOREGOING PROBLEMS ........................ 8

CONCLUSION ................................................................................................................................ 10

Public Employees Retirement Association of New Mexico ("**Securities Lead Plaintiff**" or "**PERA**"), the court-appointed lead plaintiff in the securities class action captioned as *In re PG&E Corporation Securities Litigation*, Case No. 18-03509 (the "**Securities Litigation**") pending in the U.S. District Court for the Northern District of California (the "**District Court**"), as lead plaintiff for the proposed class it represents in the Securities Litigation (the "**Class**") and as a creditor in the Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors (as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**"), together with York County on behalf of the County of York Retirement Fund, City of Warren Police and Fire Retirement System, and Mid-Jersey Trucking Industry & Local No. 701 Pension Fund (together with Securities Lead Plaintiff, "**Securities Plaintiffs**"), hereby submit this objection (the "**Objection**") to the Revised Proposed Order Approving Securities ADR and Related Procedures For Resolving Subordinated Securities Claims and the exhibits and documents appended thereto (collectively, the "Revised Proposed Order") [ECF No. 9931] submitted by the Reorganized Debtors. In support of its objection, Securities Lead Plaintiff respectfully states as follows:

## BACKGROUND

In its December 4, 2020 oral ruling, the Court ordered Reorganized Debtors' counsel and Securities Lead Plaintiff's counsel to "meet and confer, and to see if they can agree on suitable disclosures and . . . explanations both as to the offer and acceptance procedures, and the mediation process, but also as to the narrowing of the information that must be provided from claimants who have already completed portions of the requisite forms." Dec. 4, 2020 Tr. at 16:3-9. Reorganized Debtors did not complete the meet and confer process with Securities Lead Plaintiff as ordered by this Court, but that is not what compels this Objection. Their Revised Proposed Order fails to implement simple aspects of the ADR process that the Court ordered the parties to address in its December 4, 2020 oral ruling.

On December 18, 2020, the parties discussed Securities Lead Plaintiff's proposed necessary revisions to the prior proposed order. Securities Lead Plaintiff further attempted to
1

advise Reorganized Debtors that these revisions were necessary to bring the Proposed Order in line with the Court's instructions, including providing a redline. On January 4, 2021, Reorganized Debtors unilaterally submitted the Revised Proposed Order accepting or rejecting proposed revisions as they saw fit, as well as adding new material Securities Lead Plaintiff never had a chance to review.

**OBJECTION**

Reorganized Debtors seek approval of the "**Securities Claims Information Procedures**," the "**Securities ADR Procedures**," and the "**Securities Omnibus Objection Procedures**" as described below (collectively, the "**Revised Securities Claims Procedures**"). These documents fail to adhere to the Court's instructions during its December 4, 2020 oral ruling in the following respects.

**I. THE REVISED PROPOSED ORDER DOES NOT ADHERE TO THE COURT'S ORAL RULING[1]**

In continued adherence to this Court's instructions at the December 4, 2020 hearing, and without prejudice to the numerous substantive objections Securities Lead Plaintiff has previously made (and maintains), Securities Lead Plaintiff believes that the following seven parts of the Revised Proposed Order violate or are inconsistent with this Court's instructions.

**A. Reorganized Debtors Require Claimants to Make a Counteroffer in Violation of the Court's Oral Ruling**

This Court explicitly ordered the provisions requiring a Claimant to submit a counteroffer to be removed from the procedure. *See* December 4, 2020 Tr. at 8:22-25 ("***I will not require a claimant to submit a counteroffer.*** While that might facilitate the goal of consensual resolution, I don't think it is fair for the Court to require it."). Despite the Court's oral ruling, and the fact that counsel for Securities Lead Plaintiff highlighted the Court's language at the beginning of the meet-and-confer process, Reorganized Debtors' final submissions require Claimants to submit

---

[1] For the avoidance of doubt, the failures described below are not comprehensive and are limited to what Securities Lead Plaintiff believes necessarily must be addressed to implement the Court's oral ruling, and they are without prejudice to other aspects of the ADR proposal that Securities Lead Plaintiff has objected to and continues to oppose.

counteroffers.  *See* Revised Proposed Order at 8 ("If a Subordinated Securities Claimant rejects the Abbreviated Mediation Settlement Offer, but elects not to make a counteroffer, the Subordinated Securities Claimant or, if applicable, the Authorized Individual, ***shall come prepared with and be expected to make a counteroffer at the Abbreviated Mediation.***" (Emphasis added.)).  This plainly violates the Court's oral ruling.  Accordingly, Securities Lead Plaintiff objects and believe this language should be stricken.

      **B.**    **Reorganized Debtors Should Not Be Including Untrue Assertions about Ongoing Mediation Efforts with Securities Lead Plaintiff**

The Revised Proposed Order excludes Securities Lead Plaintiff and other "Excluded Parties" from participation in the ADR process.  Because the process appears to be entirely voluntary for Reorganized Debtors, it is unclear why any exclusion is necessary.  Yet, what is specifically objectionable about this exclusion is the false and inappropriate statements included in Reorganized Debtors' apparent justification for the exclusion, contained in Footnote 2 of Exhibit A, which reads as follows:

> The Excluded Claimants each filed proofs of claim through counsel, referencing a complaint, filed in another proceeding that sets out in detail the claims asserted by the Excluded Claimants. The Reorganized Debtors have been actively engaged in mediation with the Excluded Claimants and their counsel. Consequently, these procedures are not necessary to continue to engage in communications or otherwise attempt to resolve the claims of the Excluded Claimants.

But this description of the Parties' mediation efforts is simply false.  And it is hard to fathom why it would be appropriate for Reorganized Debtors to ask this Court to enter any factual observations about the Parties' mediation efforts into an Exhibit incorporated into the Court's Order, true or false, in any event.  The mediation in question originated with the District Court Securities Action, and any commentary by this Court about its status or Reorganized Debtors' purported state of being "actively engaged" therein – true or false – would unnecessarily interfere with that separate case pending in another court's jurisdiction.  The entire footnote is unnecessary, inaccurate, and inappropriate for the Court to include in its Order.  Accordingly, Securities Lead Plaintiff objects and requests that the entire footnote be stricken.

3

**C. Reorganized Debtors Declined to Provide Disclosure Concerning Any Relationship between a Mediator and Reorganized Debtors' Primary Counsel**

Reorganized Debtors refused to change the proposed ADR Procedures to require mediators to disclose relationships with the Reorganized Debtors' primary legal counsel, or business partners of the same, before serving as a mediator. In the December 4, 2020 oral ruling, this Court acknowledged that Reorganized Debtors' local counsel cannot act as a mediator without disclosure. *See* December 4, 2020 Tr. 11:3 ("[T]he very first person listed on the Bankruptcy Dispute and (sic) Resolution Program is . . . Peter Benvenutti, one of debtors' counsel. I don't know whether he'll be on the mediator's list, or ***I'm presuming he won't be, he can't be*** . . ."). During the meet and confer, counsel for Securities Lead Plaintiff explained that adding a short clause to require warnings about whether proposed mediators have performed work for, or on behalf of, the Reorganized Debtors and/or their primary legal counsel to the "Appointment of Mediator" section would be sufficient to comply with the Court's oral ruling. Instead, and inconsistent with the Court's oral ruling, Reorganized Debtors submitted a Revised Proposed Order permitting Reorganized Debtors to select mediators with existing or recent relationships with the Weil Gotshal or Keller Benvenutti firms, without even disclosure of that fact, as mediators to resolve claims against Reorganized Debtors.

**D. Reorganized Debtors Should Be Prohibited From Filing an Objection to a Claim While the Offer Procedures or Mediation is Scheduled or Ongoing**

The Revised Securities Claim Procedures allow Reorganized Debtors to object to a claim even when that claim is proceeding or scheduled to proceed through the Offer Procedures or mediation. This potential tactic for Reorganized Debtors has no basis in the Court's oral ruling and has no apparent purpose other than to strong-arm claimants. Further, it is antithetical to the concept of a mediated resolution in the first instance. Reorganized Debtors' counsel unilaterally decided to keep this option open. The unfairness of this provision is further exacerbated by the fact that only the Reorganized Debtors can terminate the Offer Procedures without cause or a good faith requirement. *See* Revised Proposed Order Exhibit A-2, II.A.2 ("In that case, the process shall continue as long as the parties desire. Alternatively, the Reorganized Debtors may

terminate the Offer Procedures.). Thus, for example, nothing in the Revised Securities Claim Procedures precludes Reorganized Debtors from filing an objection while an offer is pending or while a mediation is ongoing. This is inconsistent with the ADR Process that the Court contemplated in its oral ruling.

Of course, Reorganized Debtors can file timely objections after the offer and/or mediation procedures have run their course, consistent with the other terms of the Revised Proposed Order.

### E. The Revised Proposed Order Improperly Requires Responses to the Trading Information Request Form to be Made Under Penalty of Perjury

The Trading Information Request Form (Annex 1) requires Claimants to submit their trading information under penalty of perjury as to all information therein—a much more significant and burdensome obligation than what the Rescission or Damages Claim Proof of Claim imposed. *See* Revised Proposed Order, Annex 1, at 50. There is no legitimate reason for Reorganized Debtors to impose this heightened responsibility on responses to Trading Data Request Forms. There is certainly no basis in the Court's oral ruling to add this strict requirement. Tellingly, Reorganized Debtors have made it a part of their Annex 1 ("Trading Information Request Form"), though not the Revised Proposed Order itself. As a result, there is no basis for this in the Revised Proposed Order, either.

Signatories to each Proof of Claim declared under penalty of perjury only ***that he or she examined the form and had a reasonable belief*** that the information contained in it was true and correct. *See* Rescission or Damages Claim Proof of Claim Form at 3. Here, Reorganized Debtors, through the Trading Information Request Form, would further require Claimants to certify their responses in every respect under penalty of perjury – every individual share amount, dollar value, trade date/time, and so forth – information typically maintained by claimants' brokers, investment advisers, and other third parties that signatories did not previously have to independently verify and take responsibility for. *See* Revised Proposed Order, Annex 1, at 50. This unnecessary barrier and intimidation tactic is especially problematic given that Reorganized

5

Debtors ceased any engagement once Securities Lead Plaintiff's counsel raised this issue during the parties' meet and confer.

Each Subordinated Securities Claimant has already filed a proof of claim with an appropriate representation. Because the Trading Information Request Form is in the context of supplying supplemental trading information for settlement offers, further representations under penalties of perjury are inappropriate. Accordingly, Securities Lead Plaintiff objects and requests that the Court strike this heightened perjury requirement.

### F. Reorganized Debtors' Proposal Mistreats Claimants Who Already Provided All Relevant Trading Information by Requiring Duplicative Information

The Revised Proposed Order improperly empowers Reorganized Debtors to request duplicative trading information and prejudice claimants' recoveries if they should fail to provide that information again. *See* Revised Proposed Order at 19 ("If the Trading Information Request Form is not returned on time, the Claimant may not receive a settlement offer or an opportunity to participate in mediation, and may be required to respond to a formal claims objection to be resolved by the Bankruptcy Court."). This is contrary to the representations that Reorganized Debtors made to the Court during both the November 17, 2020 hearing and this Court's December 4, 2020 oral ruling. Nor does the Trading Information Request Form (Annex 1) inform Claimants that they are under no obligation to produce duplicative information. *But see* December 4, 2020 Tr. at 12:18-23 ("Another legitimate concern . . . is if [Claimants] have already provided the requisite information to support their claims, [they] shouldn't have to do it again. . . Mr. Karotkin assured me that parties who have already provided extensive information to support their claim will not have to do it a second time."); *see also* November 18, 2020 Tr. at 86:19 ("And as we said, we will go through the claims to make sure that to the extent someone has provided information, we will not, ask Ms. Feldsher or her clients to duplicate that to avoid any burden." (Statement of Mr. Karotkin)). Despite these assurances, Reorganized Debtors failed to include protections in the Revised Proposed Order for those Claimants who have already submitted extensive, sufficient information. Further, Reorganized Debtors' proposal gives them the right to unilaterally determine whether a request is duplicative or relevant.

6

As written, the Revised Proposed Order (and attachments related thereto) indicate to all Claimants that failure to return a request for duplicative information is potential grounds for a claim to be rejected. To adhere to the Court's oral ruling and prevent certain Claimants from believing they have to engage in duplicative production, the Securities Claims Information Procedures section in the Revised Proposed Order should make this explicit (*e.g.*, by so stating in the Order itself, and by including the clause, "to the extent the information requested herein has not already been provided" where appropriate). Counsel for Reorganized Debtors rejected Securities Lead Plaintiff's suggestions in this regard without explanation, and failed to comply with the Court's oral ruling.

### G. Reorganized Debtors Include Incorrect "Next Steps"

The Summary of the Securities Claim Procedures (an Exhibit incorporated into the Revised Proposed Order) states, "[i]f any claims remain unresolved after the implementation of these procedures, the Reorganized Debtors will propose a methodology for resolving the outstanding Subordinated Securities Claims." Revised Proposed Order Exhibit A at 2. This is incorrect and contradicts the Court's oral ruling. The Court said nothing to suggest that Reorganized Debtors would propose a new or additional methodology to resolve outstanding claims. In fact, the only indication from the Court on this subject was where the Court explicitly stated that if the ADR procedures did fail, the Court would consider alternative remedies in mind. *See* December 4, 2020 Tr. at 9:2-6 ("If it turns out that the offer and acceptance, mediation, and related procedures failed significantly, we can revisit the question of whether remaining securities fraud claimants would be better served by some variation on a Rule 7023 process."). Counsel for Securities Lead Plaintiff maintained during the meet-and-confer process that, to accurately reflect the Court's oral ruling, the above-mentioned sentence should be omitted or replaced. Counsel for Reorganized Debtors cited no support for the sentence, and submitted the inappropriate and inaccurate language as part of their Revised Proposed Order anyway.

## II. PROPOSED REVISIONS TO CURE THE FOREGOING PROBLEMS

To remedy the issues described above, Securities Lead Plaintiff requests that the following changes be made to the Revised Proposed Order.

- The Court should include a paragraph in its Order stating, "Nothing in this Order (or the Exhibits and Annexes thereto) shall be construed to require claimants to produce information duplicative of what the claimants have previously provided. Claimants have the right to cure any potential deficiencies with respect to responding to the Trading Information Request Form or challenge the relevancy of any requested information. Nothing herein shall be construed to alter the rights of the parties with respect to their burdens of proof in connection with a Subordinated Securities Claim."

- The Court should strike Footnote 2 of Exhibit A, regarding the Parties' separate mediation efforts, entirely.

- The Court should add the following clause where relevant, including to the last sentence of the second paragraph in the "Summary of the Securities Claim Procedures" section of Exhibit A: "provided, however, that the Reorganized Debtors may not file an objection to any claim while any Offer Procedures and/or Securities Mediation Procedures are scheduled or pending with respect to that claim," so that it reads, "The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim; ***provided, however, that the Reorganized Debtors may not file an objection to any claim while any Offer Procedures and/or Securities Mediation Procedures are scheduled or pending with respect to that claim.***"[2]

---

[2] The Court may also consider inserting the same clause, for the avoidance of doubt, to similar language elsewhere in the Revised Proposed Order, *e.g.*, Exhibit A-1 Part I.E, "Next Steps"; Exhibit A-1 Part II.E, "Termination of Offer Procedures"; and *id.* Part III.A.7, "Next Steps." To fully cure this issue, Securities Lead Plaintiff believes it would be most accurate to insert the requested "provided, however" proviso at the following specific points of the redline submitted by Reorganized Debtor: Page 10 of 63, line 28; Page 17 of 63, line 7; Page 23 of 63, line 4; Page 28 of 63, line 15; and Page 35 of 63, line 6.

- The Court should strike the sentence "If any claims remain unresolved after the implementation of these procedures, the Reorganized Debtors will propose a methodology for resolving the outstanding Subordinated Securities Claims," from the last paragraph in the "Summary of Securities Claim Procedures" section. In addition, the Court should replace it with the following sentence: "If numerous claims remain unresolved after the conclusion of the Offer Procedures and/or the Securities Mediation Procedures, the Bankruptcy Court may revisit the question of whether the Subordinated Securities Claims that remain unsettled should be resolved through an appropriate collective alternative process."
    - The Court should also monitor the progress of the ADR process by requiring Reorganized Debtors to submit to the Court, on a monthly basis, the number of settlements and their amounts, as well as the number of impasses reached, with appropriate contextual information such as claim sizes.
- The Court should require Mediators to disclose any recent relationship with the Reorganized Debtors' primary legal counsel by adding the clause, "and their primary legal counsel (individuals who are currently employed by Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, or individuals who were employed by or performed work on behalf of Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, in the past five years)," to the "Appointment of Mediator" section so that it reads: "As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors ***and their primary legal counsel (individuals who are currently employed by Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, or individuals who were employed by or performed work on behalf of Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, in the past five years)***, and other potential conflicts, disclosed by the Mediator to the

Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias."

- The Trading Information Request Form should be altered with the following changes:
    - The Court should strike "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. I UNDERSTAND THAT A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPRISONED FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 157, AND 3571" and replace it with: "IF YOU HAVE ALREADY PROVIDED ALL OF YOUR TRADING INFORMATION, NO FURTHER ACTION IS REQUIRED FROM YOU."
        - Claimants should also have an option of indicating that their submissions are based on information received from brokers/dealers, investment advisers, or similar third parties as the good faith basis for their submissions.
    - The Court should add: "TO THE EXTENT THAT YOU HAVE NOT ALREADY PROVIDED ALL OF YOUR TRADING INFORMATION," as an introductory phrase to the final paragraph of the Notice regarding the Trading Information Request Form.

## CONCLUSION

For all of the foregoing reasons, Securities Plaintiffs respectfully request that the Revised Proposed Order be revised in accordance with this Objection.

Dated: January 15, 2021

**LOWENSTEIN SANDLER LLP**
**MICHELSON LAW GROUP**

By: */s/ Randy Michelson*
Randy Michelson (SBN 114095)

*Bankruptcy Counsel to Lead Plaintiff and the Class*

# EXHIBIT A
## COUNSEL

**LABATON SUCHAROW LLP**
Thomas A. Dubbs
Carol C. Villegas
Jeffrey A. Dubbin (SBN 287199)
140 Broadway
New York, New York 10005
Telephone    212-907-0700
tdubbs@labaton.com
cvillegas@labaton.com
jdubbin@labaton.com

*Lead Counsel to Lead Plaintiff and the Proposed Class*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Scott Cargill
Colleen Maker
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone    973-597-2500
Facsimile    973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com

*Special Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**MICHELSON LAW GROUP**
Randy Michelson, Esq. (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone    415-512-8600
Facsimile    415-512-8601
randy.michelson@michelsonlawgroup.com

*Local Bankruptcy Counsel to Lead Plaintiff and the Proposed Class*

**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK, LLP**
James M. Wagstaffe (SBN 95535)
Frank Busch (SBN 258288)
100 Pine Street, Suite 725
San Francisco, California 94111
Telephone    415-357-8900
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

*Liaison Counsel for the Proposed Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins (SBN 168593)
Brian E. Cochran (SBN 286202)
655 West Broadway, Suite 1900
San Diego, California 92101
Telephone    619-231-1058
darrenr@rgrdlaw.com
bcochran@rgrdlaw.com

**VANOVERBEKE, MICHAUD & TIMMONY, P.C.**
Thomas C. Michaud
79 Alfred Street
Detroit, Michigan 48201
Telephone    313-578-1200
tmichaud@vmtlaw.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Willow E. Radcliffe (SBN 200089)
Kenneth J. Black (SBN 291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone    415-288-4545
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

*Additional Counsel for the Securities Act Plaintiffs*