**LAW OFFICE OF ROBERT M. BONE**
ROBERT M. BONE, SBN 181526
bob@robertbonelaw.com
645 Fourth Street, Suite 205
Santa Rosa, CA 95404
Telephone: (707) 525-8999
Facsimile: (707) 542-4752

DANIEL F. CROWLEY, ESQ. (SBN 130261)
DANIEL CROWLEY & ASSOCIATES
P. O. Box R
San Rafael, California 94913
Telephone: (415) 723-5800
Facsimile: (415) 785-3389

Attorney for Claimant
Sara Jacobson, Clifford Jacobson,
Benjamin Jacobson, and Anna Jacobson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[] Affects PG&E Corporation<br>[] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All paper shall be filed in the Lead Case, No. 19-30088-DM | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date: February 9, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Telephonic/Video Appearances Only<br>    United States Bankruptcy Court<br>    Courtroom 17,<br>    450 Golden Gate Ave., 16th Floor<br>    San Francisco, CA<br>Judge: Hon. Dennis Montali<br><br>Objection Date: February 2, 2021 |

- 1 -

## BACKGROUND

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Sara Jacobson, Clifford Jacobson, Benjamin Jacobson and Anna Jacobson ("Movants") move the court for an order expanding the time to file a Proof of Claim, and allow, Claim Number (not yet assigned), attached to the Declaration of Robert M. Bone as Exhibit 1, to be considered timely filed. Claim Number 106912 was filed with Prime Clerk on January 14, 2021.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Robert M. Bone in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## BASIS FOR RELIEF REQUESTED

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Sara Jacobson and her family members Clifford Jacobson, Jr., Sara's Husband, Benjamin Jacobson, Sara's minor son, and Anna Jacobson, Sara's minor daughter, who never submitted a claim until she hired counsel in January 2021 and a claim was prepared and submitted on her behalf on January 14, 2021 (Claim No. 106912). Ms. Jacobson's claim includes losses associated with her property in Paradise, CA and the emotion distress associated with the evacuation of herself and her family. The Jacobson property and losses were caused by the Camp Fire in Paradise, CA in November 2018. Unfortunately, the only relief available to Ms. Jacobson and her family is through this motion for a late filed claim to be allowed

by this court and the claim considered by the Fire Victim Trust. Therefore, it is respectfully requested the Court grant such relief.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of Movants and their counsel in failing to submit Mr. Hein's original claim, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7017, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the so-called Pioneer factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). In permitting a creditor's late filing under Bankruptcy Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, (1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id.* at 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first such factor, Movants' late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second Pioneer factor, Movants' delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third Pioneer factor, the reason for the delay and whether it was in Movants' reasonable control, claimant's counsel can only rely on the explanation of his client and that is that Ms. Jacobson and her family, including her two minor children, were overwhelmed by addressing the needs of her family, including caring for her mother who was suffering from cancer, and has since passed away. During this time she never took the time to meet with an attorney nor did she research her legal obligation to submit a timely claim.

As to the final factor, Movants are acting in good faith in filing the claim as they are victims of the Camp Fire that but for the mistake, she would have been included in claims already timely filed in the Court. Based on the above, Claimants' counsel requests the claim be allowed due to his client's remarkable circumstance, her mother's failing health and ultimate death, and his client's obligation to care for her mother during her final days.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(l) as follows:

1. Granting this Motion;

2. Directing that Exhibit 1, the Proof of Claim, Claim Number 106912, be deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.

Dated: January 19, 2021         Law Office of Robert M. Bone

By: */s/ Robert M. Bone*
ROBERT M. BONE
Attorneys for Claimants