

Signed and Filed: January 22, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

  - and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

           **Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION ENLARGING TIME FOR SARA JACOBSON ET AL. TO FILE PROOF OF CLAIM**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered the *Stipulation Enlarging Time for Sara Jacobson et al. to File Proof of Claim*, dated January 21, 2021 [Dkt. No. 9993] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Sara Jacobson, Clifford Jacobson, Jr., B.J. (a minor), and A.J. (a minor) (collectively, the "**Movants**"), on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Amended Proof of Claim is deemed timely filed.

3. The Proofs of Claim and the Asserted Fire Victim Claims shall for all purposes be treated and classified as Fire Victim Claims under the Plan, and shall be fully assumed by, and the sole responsibility of, the Fire Victim Trust and subject to the Channeling Injunction, to be administered, processed, settled, disallowed, resolved, liquidated, satisfied, and/or paid in accordance with the Fire Victim Trust Agreement and the Fire Victim Claims Resolution Procedures. Movants shall have no further recourse against the Debtors or Reorganized Debtors, as applicable, with respect to the Proofs of Claim or the Asserted Fire Victim Claims.

4. Nothing herein shall be construed to be a waiver by the Debtors or the Reorganized Debtors, as applicable, the Fire Victim Trust, or any other party in interest of any right to object to the Asserted Fire Victim Claims or the Proofs of Claim on any grounds other than the untimely filing thereof.

5. Nothing herein shall be construed to be a waiver by Movants of their right to assert any right in contravention to or in opposition of any asserted challenge to the Asserted Fire Victim Claims or the Amended Proof of Claim.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

6. The Original Proof of Claim is deemed expunged, and Prime Clerk LLC, the claims agent appointed in the Chapter 11 Cases, is authorized to update the official claims register to reflect the terms set forth herein.

7. By entry of this Order, the *Motion Pursuant to Fed. R. Bankr. Proc. 7015 and 7017 to Enlarge Time to File Proof of Claim Pursuant to Fed. R. Bankr. Proc. 9006(b)(1)* [Dkt. No. 9989] is deemed withdrawn with prejudice, and the Hearing is vacated.

8. The Stipulation is binding on the Parties and each of their successors in interest.

9. The Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

10. This Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*** END OF ORDER ***

Dated: January 21, 2021

LAW OFFICE OF ROBERT M. BONE

/s/  Robert M. Bone
Robert M. Bone, Esq.

*Attorneys for Sara Jacobson, Clifford Jacobson, Jr., B.J. (a minor), and A.J. (a minor)*