# Exhibit 3

|   | PERA's Proposed Revision | Agreed Resolution |
|---|---|---|
| 1. | "Nothing in this Order (or the Exhibits and Annexes thereto) shall be construed to require claimants to produce information duplicative of what the claimants have previously provided. Claimants have the right to cure any potential deficiencies with respect to responding to the Trading Information Request Form or challenge the relevancy of any requested information. Nothing herein shall be construed to alter the rights of the parties with respect to their burdens of proof in connection with a Subordinated Securities Claim." | "Nothing in this Order (or the Exhibits and Annexes thereto) shall be construed to require claimants to produce information duplicative of what the claimants have previously provided. Nothing herein shall be construed to alter the rights of the parties with respect to their burdens of proof in connection with a Subordinated Securities Claim." |
| 2. | "The Court should strike Footnote 2 of Exhibit A, regarding the Parties' separate mediation efforts, entirely." | The parties agree to strike Footnote 2 |
| 3. | "The Court should add the following clause where relevant, including to the last sentence of the second paragraph in the 'Summary of the Securities Claim Procedures' section of Exhibit A: 'provided, however, that the Reorganized Debtors may not file an objection to any claim while any Offer Procedures and/or Securities Mediation Procedures are scheduled or pending with respect to that claim,' so that it reads, 'The Reorganized Debtors may employ one or more of these processes to resolve the Subordinated Securities Claims, and may do so sequentially for any Subordinated Securities Claim; ***provided, however, that the Reorganized Debtors may not file an objection to any claim while any Offer Procedures and/or Securities Mediation Procedures are scheduled or pending with respect to that claim***.' The Court may also consider inserting the same clause, for the avoidance of doubt, to similar language elsewhere in the Revised Proposed Order, e.g., Exhibit A-1 Part I.E, 'Next Steps'; Exhibit A-1 Part II.E, 'Termination of Offer Procedures'; and id. Part III.A.7, 'Next Steps.' To fully cure this issue, Securities Lead Plaintiff believes it would be most accurate to insert the requested 'provided, however' proviso at the following specific points of the redline submitted by Reorganized Debtor: Page 10 of 63, line 28; Page 17 of 63, line 7; Page 23 of 63, line 4; Page 28 of 63, line 15; and Page 35 of 63, line 6." | The parties agree to add the following language only to Section IV.H of Exhibit A-2: "Notwithstanding the foregoing, the Reorganized Debtors shall not file an objection (other than an Omnibus Objection) to any Subordinated Securities Claim while any Securities Mediation Procedures are scheduled or pending with respect to that claim." |

| | **PERA's Proposed Revision** | **Agreed Resolution** |
|---|---|---|
| 4. | "The Court should strike the sentence 'If any claims remain unresolved after the implementation of these procedures, the Reorganized Debtors will propose a methodology for resolving the outstanding Subordinated Securities Claims,' from the last paragraph in the 'Summary of Securities Claim Procedures' section. In addition, the Court should replace it with the following sentence: 'If numerous claims remain unresolved after the conclusion of the Offer Procedures and/or the Securities Mediation Procedures, the Bankruptcy Court may revisit the question of whether the Subordinated Securities Claims that remain unsettled should be resolved through an appropriate collective alternative process.'" | The parties agree to strike the existing language and not replace it with the language proposed by PERA, thereby leaving the matter completely neutral. |
| 5. | "As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors *and their primary legal counsel (individuals who are currently employed by Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, or individuals who were employed by or performed work on behalf of Weil, Gotshal & Manges LLP or Keller Benvenutti Kim LLP, in the past five years)*, and other potential conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias." | "As part of their submission(s), the Reorganized Debtors shall seek from each proposed Mediator and disclose information regarding any current or past work that the proposed Mediator has performed for, or on behalf of, the Debtors or Reorganized Debtors *and their primary legal counsel (Weil, Gotshal & Manges LLP, Keller Benvenutti Kim LLP, or Cravath, Swaine & Moore LLP) in the past five years*, and other potential conflicts, disclosed by the Mediator to the Reorganized Debtors, that, in the Mediator's view, could create a reasonable inference of bias." |

| | PERA's Proposed Revision | Agreed Resolution |
|---|---|---|
| 6. | <u>Strike</u>: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. I UNDERSTAND THAT A PERSON WHO FILES A FRAUDULENT CLAIM COULD BE FINED UP TO $500,000, IMPRISONED FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 157, AND 3571."<br><br><u>Replace with</u>: "I HAVE EXAMINED "I HAVE EXAMINED THIS SUBMISSION AND HAVE A GOOD FAITH BASIS THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT, INCLUDING THAT THE INFORMATION PROVIDED HEREIN WAS PROVIDED BY MY BROKER, DEALER, INVESTMENT ADVISER, OR SIMILAR THIRD PARTY." | "I HAVE EXAMINED THIS SUBMISSION AND BELIEVE IN GOOD FAITH THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT" |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119