| | |
|---|---|
| 1 | **WEIL, GOTSHAL & MANGES LLP** |
| 2 | Theodore E. Tsekerides (*pro hac vice*) (theodore.tsekerides@weil.com) |
| 3 | Jessica Liou (*pro hac vice*) (jessica.liou@weil.com) |
| 4 | Matthew Goren (*pro hac vice*) (matthew.goren@weil.com) |
| 5 | 767 Fifth Avenue New York, NY 10153-0119 |
| 6 | Tel: (212) 310-8000 Fax: (212) 310-8007 |
| 7 | **KELLER BENVENUTTI KIM LLP** |
| 8 | Tobias S. Keller (#151445) (tkeller@kbkllp.com) |
| 9 | Peter J. Benvenutti (#60566) (pbenvenutti@kbkllp.com) |
| 10 | Jane Kim (#298192) (jkim@kbkllp.com) |
| 11 | 650 California Street, Suite 1900 San Francisco, CA 94108 |
| 12 | Tel: (415) 496-6723 Fax: (650) 636 9251 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br>**PG&E CORPORATION,** <br><br>- and - <br><br>**PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>Debtors. <br><br>☐ Affects PG&E Corporation <br>☐ Affects Pacific Gas and Electric Company <br>☒ Affects both Debtors <br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM) <br>Chapter 11 <br>(Lead Case) <br>(Jointly Administered) <br><br>**STIPULATION CONTINUING HEARING AND FIXING BRIEFING SCHEDULE ON MOTION OF RANDALL ZAMARRA FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION UNDER 28 U.S.C. 1334(C)(1)** <br><br>Related to Dkt. No. 9918, 9986 <br><br>Current Hearing Date: February 9, 2021 <br>New Hearing Date: February 24, 2021 <br>　　　　　　　　Time: 10:00 am |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Randall Louis Zamarra ("**Zamarra**", and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

C. On December 28, 2020, Zamarra filed the *Motion for Relief From the Automatic Stay and Abstention Under 28 U.S.C. 1334(C)(1)* [Dkt. No. 9918] (the "**Motion**"), in which Zamarra requests that the Bankruptcy Court modify the automatic stay to permit him to file and prosecute a cross-complaint (the "**Cross-Complaint**") asserting claims against the Utility in the matter of *Ford v. Zamarra et al.*, Case No. RG19035284 (the "**State Court Action**"), currently pending in the Superior Court of California, County of Alameda. Zamarra initially designated the Motion for a hearing on January 27, 2021, but has noticed it for February 9, 2021 (the "**Hearing**"). *See* Dkt. No. 9986.

D. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

E. The Parties are attempting to consensually resolve their issues regarding the Motion, and seek to continue the Hearing and extend the briefing deadlines in order to provide additional time to facilitate such potential resolution.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Motion, although denominated as a motion for relief from the automatic stay of Bankruptcy Code §362, shall be considered as requesting the Bankruptcy Court to modify the Plan Injunction to permit Zamarra to file and prosecute the Cross-Complaint in the State Court Action.

2. The Hearing shall be continued to February 24, 2021 at 10:00 a.m. (Pacific Time).

3. The time for the Reorganized Debtors to submit any opposition to the Motion shall be extended to February 10, 2021.

4. The time for Zamarra to submit any reply in furtherance of the Motion shall be extended to February 17, 2021.

5. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

6. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: January 25, 2021

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Reorganized Debtors*

Dated: January 25, 2021

LONG & LEVIT LLP

Jennifer A. Becker

*Attorneys for Randall Louis Zamarra*