**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn No. 119366)
Aaron A. Avery (CA Bar Assn No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for Creditor
Eagle Ridge Preserve LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| In re<br><br>PG&E CORPORATION<br><br>    and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Debtor,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>\* All papers shall be filed in the Lead Case No. 19-30088 DM. | Case No. 19-30088 DM (Lead Case)<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 19-30089 DM)<br><br>**EAGLE RIDGE PRESERVE LLC'S OPPOSITION TO REORGANIZED DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)**<br><br>**Response Deadline:**<br>**January 26, 2021, 4:00 p.m. (PT)**<br><br>Hearing Information If Timely Response Made:<br><br>Date:    February 9, 2021<br>Time:   10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

Eagle Ridge Preserve LLC ("ERP" or "Claimant"), a creditor in the above-referenced case, by and through its undersigned counsel, submits this Opposition ("Opposition") to the Reorganized Debtors' Fifty-First Omnibus Objection to Claims (Books and Records Claims) ("Objection") (Docket 9888), as it relates to ERP's Proof of Claim #8501 filed herein. This

Case: 19-30088    Doc# 10012    Filed: 01/25/21    Entered: 01/25/21 16:24:43    Page 1 of 5

1

\\hsmfs2.hsmlaw.com\Clients\Eagle Ridge Preserve LLC\PG&E Corporation (8778-0001)\pldg opposition to claims objection\pldg opposition to claims objection.docx

Opposition is filed in accordance with this court's Order Approving (A) Procedures For Filing Omnibus Objections to Claims And (B) The Form And Manner Of Notice Of Omnibus Objections filed in this case on June 30, 2020. (Docket 8228) (the "June 20, 2020 Order") In support of the Opposition, ERP respectfully represents as follows:

**Claimant's name, Designated Proof of Claim number, and Explanation for the Amount of ERP's Claim**

As noted above, the Claimant submitting this Opposition is Eagle Ridge Preserve LLC. ERP filed its Proof of Claim (the "POC") herein, number 8501, on September 8, 2019. ERP's POC is in the amount of $376,500.00. Its claim is based on damages caused to ERP's property (the "Property" or "Preserve") in connection with PG&E's failure to properly maintain its road pursuant to an easement to access PG&E's substation at the top of a hill. Given the substantial passage of time that has elapsed since ERP has been attempting to get PG&E to perform the required repair work, the responsibility for which PG&E admitted over five (5) years ago, ERP's claim may in fact be greater than the $376,500.00 originally asserted. Suffice it to say at this point that, through January 29, 2019 (the "Petition Date"), the amount owing to ERP is at least $376,500.00, exclusive of accruing interest and other charges, with additional amounts owed and accrued after the Petition Date.

**A concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection**

ERP's timely filed claim is *prima facie* valid, and allowed in this case, unless and until PG&E carries its initial burden of demonstrating otherwise. ERP submits that PG&E has failed to carry that burden. By their very nature, omnibus claims objections are typically devoid of any facts directly relevant to individual claims. That is exactly the case here, as PG&E has not proffered any evidence in its Omnibus Objection to call ERP's claim into question. It merely states, in effect, that PG&E has reviewed its books and records and does not see a debt owed to ERP, nor to numerous other claimants. Even if PG&E had proffered such evidence, however, the admissible evidence filed by ERP in support of its Opposition, through the declaration of Jeff Olberding (the "Olberding Declaration")

demonstrates the validity and enforceability of ERP's claim. This evidence clearly shows that PG&E acknowledged its liability to ERP many years ago, undertook steps to satisfy that liability, but ceased its efforts in that regard following the devastating wildfires and the commencement of PG&E's bankruptcy case.

**A declaration under penalty of perjury of a person with personal knowledge of the relevant facts that support the Response**

As noted above, the Olberding Declaration filed herewith, supports the validity and allowability of ERP's claim. Mr. Olberding's declaration demonstrates his personal knowledge of the relevant facts and has been executed under penalty of perjury.

**The Claimant's name, address, telephone number, and/or the name, address, and telephone number of the Claimant's attorney and/or designated representative to whom counsel for the Debtors should serve a reply to the Response, if any (each, a "Notice Address")**

All of the above information required by this court's June 20, 2020 Order is provided in ERP's claim and in these Opposition papers.

**If a Response contains a Notice Address that is different from the name and/or address listed on the Proof of Claim, the new Notice Address will be added to the existing service address(es), and future service of papers with respect to all of the Claimant's Proofs of Claim listed in the Omnibus Objection (including all Proofs of Claim to be disallowed and the surviving Proofs of Claim) will be sent to the new Notice Address in addition to other service address(es) already on file.**

ERP's counsel in this matter should be added to the service list for this claim objection.

## ARGUMENT IN SUPPORT OF ERP'S CLAIM

As set forth in the Olberding Declaration, the erosional damage to the Preserve and PG&E's legal responsibility to repair such damage was acknowledged as early as 2014. The facts set forth in that declaration, and the numerous emails and other documents authenticated therein, establish this fundamental assertion. PG&E undertook steps to perform three major activities on the Preserve to satisfy its liability to ERP: dredging of two seasonal ponds, the filling of and stabilization of sinkhole areas, and road repair. Substantial work was performed toward those goals between 2015 and 2019. For example, but by no

means to limit what was done, PG&E investigated ERP's complain (later its claim) by, among other things, communicating frequently with representatives and agents of ERP, various consultants, and numerous state and federal governmental agencies including U.S. Fish and Wildlife, U.S. Army Corps of Engineers, the California Department of Fish and Wildlife, and the Regional Water Quality Control Board.  PG&E worked for years to obtain the necessary permits for the project.  PG&E worked on CEQA matters related to the project between 2017 and 2019.  PG&E went so far as to coordinate fencing for the work area and coordination with the cattle grazer on the Property.  In short, the repair project was finally, after years of work and delays, ready to go.  Then, the wildfires erupted and PG&E ended up in this bankruptcy.  That spelled the end of the project, at least for the time being.

But ERP is obligated to fulfill the requirements of the Conservation Easement, which entails taking all steps necessary to protect the specified endangered species and the habitat for those species.

**THE POSSIBLE NEED FOR DISCOVERY AND A SCHEDULING ORDER HEREIN**

In response to this Opposition, ERP anticipates that PG&E will investigate ERP's claim with the relevant departments and employees of PG&E.  ERP hopes, of course, that PG&E will, following that investigation, withdraw its Objection to such claim.  At a minimum, PG&E should commence a dialogue with ERP's counsel in an effort to resolve any lingering issues in connection with the Objection.  Should those discussions fail to result in a complete resolution of the Objection, however, ERP believes that discovery will be necessary prior to further briefing and a final hearing on the Objection.  Some of the individuals with knowledge of the events set forth in this Opposition and in the Olberding Declaration filed herewith, include Abdulah Arakozie and Azadeh Faghihi, biologists with PG&E, Kevin O'Brien, an outside natural resource management consultant hired by PG&E, Doug Edwards with PG&E, and Erin Hitchcock with ICF, a consulting firm retained by PG&E.  ERP anticipates that it will serve written discovery in the form of interrogatories, requests for admissions, and requests for the production of documents, if necessary.  Depositions may be required as well.  Accordingly, ERP respectfully requests an appropriate scheduling order on the

Objection to permit discovery, further briefing and a final hearing should this matter remain disputed.

**CONCLUSION**

For the foregoing reasons, PG&E's Objection should be overruled and ERP's claim should be allowed in full. Should this matter remain in dispute, cause exists for this court to issue an appropriate scheduling order to enable the parties to conduct discovery, after which further briefing and a final hearing may be conducted.

Dated: January 25, 2021      HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for EAGLE RIDGE PRESERVE LLC, Creditor