**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION TO MODIFY PLAN INJUNCTION AND PERMIT LATE-FILED CLAIM (JEFF ALEXANDER)**<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") and Jeff Alexander, doing business as Big- N- Deep Agricultural Development and Jeff Alexander Farming ("**Alexander**," and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order: (i) enlarging the time for Alexander to file a proof of claim in these Chapter 11 Cases, and (ii) modifying the Plan Injunction (as defined below) to permit the Parties to litigate Kern County Superior Court Case No. BCV-15-101623 TSC, pending in the Superior Court of California, County of Kern, as more specifically set forth below. The Parties hereby stipulate and agree as follows hereby stipulate and agree as follows:

## RECITALS

A. On December 7, 2015, the Utility filed *Pacific Gas and Electric Company v. Jeff Alexander*, Kern County Superior Court Case No. BCV-15-101623 TSC (the "**State Court Action**"), seeking injunctive relief based on various events in 2014 and 2015 as alleged in the Complaint. The Utility later amended its complaint to assert property damage claims against Alexander. In addition to the Utility's claims, the State Court Action includes a cross-complaint by Alexander against the Utility seeking damages for property loss, based on claims of negligence and defamation.

B. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). On October 24, 2019, Alexander filed a proof of claim against the Utility for $434,823.07 and "business loss TBD" (the "**Proof of Claim**"), on account of the claims asserted in his cross-complaint in the State Court Action. The Proof of Claim was not timely filed.

C. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

*Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

D. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

E. Alexander desires to modify the Plan Injunction so that he may prosecute his cross-complaint in the State Court Action in order to liquidate the Proof of Claim.

F. The Parties desire to resolve the issues regarding the State Court Action and Proof of Claim.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Effective January 1, 2021, the Plan Injunction shall be modified solely to permit the Parties to litigate the State Court Action through final judgment and any appeals thereof. The Proof of Claim will be liquidated through the litigation of Alexander's cross-complaint in the State Court Action. The modification of the Plan Injunction pursuant to this Stipulation and the Order approving it (the "**Approval Order**") shall not permit enforcement against the Utility of any judgment in the State Court Action in favor of Alexander, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

2. Upon entry of the Approval Order, the Proof of Claim shall be considered (a) timely filed, and (b) timely objected to by the Reorganized Debtors.

//

//

{01326074}

3.  Nothing herein is intended, nor shall it be construed, to be:

    a.  a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proof of Claim on any grounds other than the untimely filing thereof, or

    b.  a waiver by any Party of any claim or defense in the State Court Action.

4.  In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

5.  This Stipulation shall be binding on the Parties and each of their successors in interest.

6.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

7.  This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

8.  The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

January 26, 2021

Dated: October__, 2020

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ Peter J. Benvenutti
_____
Peter J. Benvenutti

*Attorneys for Debtors
and Reorganized Debtors*

Dated: ~~October~~ Jan 20, ~~2020~~

LAW OFFICES OF RALPH B. WEGIS

_____
Ralph B. Wegis

*Attorneys for Jeff Alexander*

{01326074}