NEWMEYER & DILLION LLP
JOHN A. O'HARA, CBN 122377
John.Ohara@ndlf.com
JAMES J. FICENEC, CBN 152172
James.Ficenec@ndlf.com
1333 N. California Blvd., Suite 600
Walnut Creek, CA 94596
(925) 988-3200; (925) 988-3290 (Fax)

Attorneys for Creditor
PASO ROBLES MULTIFAMILY LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   -and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>               Debtors. | BANKRUPTCY CASE NO.: 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF SUNTI KUMJIM IN SUPPORT OF PASO ROBLES MULTIFAMILY LLC'S OPPOSITION TO THE REORGANIZED DEBTORS' FIFTY-FIRST OMNIBUS OBJECTIONS TO CLAIMS (BOOKS AND RECORDS)**<br><br>Date:     February 9, 2021<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   (Telephonic Appearances Only)<br>           United States Bankruptcy Court<br>           Courtroom 17, 16th Floor<br>           San Francisco, CA 94102 |

I, Sunti Kumjim, declare:

     1.     I am the Vice President of Development and Forward Planning for MBK Rental Living LLC, the manager of claimant Paso Robles Multifamily LLC ("PRM"). I am authorized to submit this declaration on behalf of PRM. Unless otherwise stated below,

this declaration is based on my personal knowledge. If so required, I would and could competently testify as to the matters stated in this declaration.

2. PRM is a California limited liability company. It was formed in May of 2016 and has remained in good standing since its formation.

3. PRM was the developer of an apartment project known as Blue Oak Apartments in Paso Robles, California.

4. In connection with the construction of the Blue Oak Apartments, PRM entered into an agreement for the extension of PG&E's facilities to provide power to the apartments. The agreement provides that PRM would provide the trench and substructure for electrical distribution and electrical service facilities and that the costs of providing that work would be refunded by PG&E to PRM. A true and correct copy of the agreement between PRM and PG&E is attached as Exhibit A.

5. PG&E provided the plans for the work to be performed by PRM.

6. In or about April 2018, PG&E provided verbal instructions requiring PRM's contractor (Spurr Co.) to dig up conduit in certain areas and encase it in concrete. This work was not reflected in the plans provided by PG&E.

7. PRM's utility engineering consultant, Utility Specialists Southwest, Inc., wrote to Robert Burke of PG&E asking that the change instructions be acknowledged and that PG&E provide direction for PRM to be reimbursed for this additional work. In response, Mr. Burke stated "I am aware of the situation. We will have Dave add it to the bill for reimbursement to MBK." Attached as Exhibit B is a true and correct copy of the e-mail chain (on which I was copied) documenting these conversations.

8. Attached as Exhibit C is a true and correct copy of the contract change order from PRM's contractor, Spurr Co., in the amount of $49,805.52, for the extra work directed by PG&E and for which Mr. Burke promised reimbursement. PRM paid Spurr $49,805.52 for the extra work. PRM's claim that is that subject of its proof of claim is for the reimbursement for PRM's payment to Spurr for the extra work.

763.007 / 9149496.1 - 2 -
DECLARATION IN SUPPORT OF OPPOSITION TO THE REORGANIZED DEBTORS' FIFTY-FIRST OMNIBUS OBJECTIONS TO CLAIMS

Case: 19-30088    Doc# 10023    Filed: 01/26/21    Entered: 01/26/21 15:13:26    Page 2 of 3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 26, 2021

*/s/ Sunti Kumjim*
SUNTI KUMJIM

