MATTHEW W. GRIMSHAW, SBN 210424
GRIMSHAW LAW GROUP, P.C.
130 Newport Center Drive, Ste. 140
Newport Beach, California 92660
Tel: (949) 734-0187
Email: matt@grimshawlawgroup.com

BILL ROBINS III, SBN 296101
ROBERT T. BRYSON, SBN 156953
KEVIN POLLACK, SBN 272786
ROBINS CLOUD LLP
808 Wilshire Blvd., Ste. 450
Santa Monica, CA 90401
Tel: (310) 929-4200
Email:  rbryson@robinscloud.com

Attorneys for Phillip S. Rush

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088 (DM) |
| PG&E CORPORATION, | ) |
| and | ) Chapter 11 |
| PACIFIC GAS AND ELECTRIC COMPANY | ) (Lead Case–Jointly Administered) |
| Debtors | ) **Motion to Amend Proof of Claim No. 54699 Filed by Phillip Rush** |
| Affects: | ) Date:  February 24, 2021 |
| ☐ PG&E Corporation | ) Time: 10:00 a.m. (Pacific) |
| ☐ Pacific Gas & Electric Company | ) Place: Telephonic/Video Appearance Only |
| ☒ Both Debtors | )        United States Bankruptcy |
| | )        Courtroom 17, |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | )        450 Golden Gate Ave.,16th Floor |
| | )        San Francisco, CA 94102 |
| | ) |
| | ) Objection Deadline: February 17, 2021 |

/ / /

TO THE HON. DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, AND ALL OTHER PARTIES-IN-INTEREST:

In October 2019, Phillip Rush ("Movant") filed Proof of Claim No. 54699 (the "Claim") against Debtors, asserting a claim for $525,000 in economic damages suffered as a result of the 2017 Tubbs Fire. Specifically, the Claim seeks damages for the loss of Movant's home. At the time, Movant was not represented by counsel and did not understand that he is also entitled to a recovery based on the non-economic and personal injuries that he suffered as a result of the Tubbs Fire.

In December 2020, Movant retained counsel to represent him. As a result, under Federal Rule of Bankruptcy Procedure ("FRBP") 7015, Movant now seeks to amend his timely-filed Claim to include additional damages ("Motion"). In particular, Movant seeks to add claims to recover for the non-economic damages and personal injury damages that he suffered as a result of the Tubbs Fire. Movant also seeks an award of attorneys' fees, costs, and interest.

This Motion is based on the Points and Authorities set forth herein, the concurrently filed Notice of Hearing, the Declaration of Robert Bryson in support of the Motion, and any other evidence or argument presented to the Court at or before the time of the hearing on this matter.

## POINTS AND AUTHORITIES

1. ### FACTS

   a. **General Background**

In January 2019, the Debtors filed voluntary Chapter 11 petitions, commencing these cases. Dkt No. 1.

Initially, the Court set a claims bar of October 21, 2019. Dkt. No. 2806. The claims bar date was extended to December 31, 2019, to allow certain fire victims additional time to file claims against the Debtors. Dkt. No. 4651.

Jointly, the Debtors proposed a chapter 11 plan of reorganization that, among other things, channeled all fire victim claims to the Fire Victim Trust ("Plan"). Dkt. No. 8048. On June 20, 2020, the Court entered an order confirming Debtors' Plan. Dkt. No. 8053.

   b. **Movant's Claim Against the Debtors**

On October 9, 2019, acting in *pro per*, Movant filed the Claim, asserting damages of

$525,000 against the Debtors for the loss of his home in the Tubbs Fire. Declaration of Robert Bryson ("Bryson Decl.") ¶5. In December 2020, Movant retained counsel to assist him in recovering damages in connection with the destruction his home. *Id.* at ¶3. After reviewing the Claim and other evidence available, it was determined that, in addition to economic damages, Movant suffered non-economic and personal injury damages when his home was destroyed. *Id.* at ¶¶ 6-7. As a result, Movant seeks to amend the Claim.

## 2. <u>MOVANT IS ENTITLED TO AMEND POC 54699 UNDER FRBP 7015</u>.

FRBP 7015 governs "[a]mended and [s]upplemental pleadings." Applying this Rule, courts consistently recognize that "[a] party that wishes to amend its claim after the bar date has passed must obtain permission of the bankruptcy court." *In re Quinn*, 423 B.R. 454, 463 (Bankr. D. Del. 2009). *See also, In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3rd Cir. 1999).

Like other courts, the Ninth Circuit has "consistently applied the 'so called rule of liberality in amendments' to creditors' proofs of claim,'" such that amended claims relate back to the previously filed claim. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991) (*quoting In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986). *See also,* 4 Collier on Bankruptcy Proc. §501.02 (16th ed. 2020) (noting that courts freely allow amendments to a proof of claim, both before and after the bar date). Summarizing the liberality in amendment standard as applied to a proof of claim, one court stated, "[a]mendments to proofs of claim should be freely allowed where the purpose is to cure defects in the claim as originally filed, to describe a claim with greater particularity, or to plead new theories of recovery on facts set forth in the original claim." *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309.

In the context of a motion to amend a complaint, the Ninth Circuit considers five factors in deciding whether to permit an amended pleading: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendments, and (5) whether plaintiff has previously amended [its] complaint." *Learjet, Inc. v. Oneok, Inc. (In re Western States Wholesale Natural Gas Antitrust Litigation)*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "It is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

Here, Movant seeks to amend the Claim to include averments for the non-economic and personal injury damages that he suffered as a result of the destruction of his home in the Tubbs Fire. Bryson Decl. ¶¶6-7. It is clear that the amendment should be allowed. Bad faith and undue delay are not present. Indeed, when Movant filed the Claim, he was not represented by counsel and did not understand all of potential theories for recovery available to him as a result of his losses in the Tubbs Fire. Shortly after Movant retained counsel, this Motion was filed, representing Movant's first request to amend the Claim. Bryson Decl. ¶¶3-9. Further, the amendment is not futile. Movant undeniably suffered non-economic and personal injury damages in connection with the destruction of his home, meaning the proposed amendment merely adds a theory of recovery based on the same facts alleged in the Claim. *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309. Most importantly, the Debtors will not be prejudiced by the amendment as all fire-related claims have been channeled to the Fire Victim Trust, which was established to fully compensate victims for Debtors' wrong-doing.

Thus, the Motion should be granted. Movant should be permitted to add allegations for the recovery of non-economic and personal injury damages to the Claim based on the destruction of his home. Movant should also be allowed to seek an award of attorneys' fees and interest. The Debtors will not be harmed by the amendment as all fire-related claims have been channeled to the Fire Victim Trust. And Movant sought the amendment shortly after retaining counsel and understanding that he had a right to such recovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## 3. <u>CONCLUSION</u>

For the foregoing reasons, the Motion should be granted. Movant should be allowed to amend the Claim to include the non-economic and personal injury damages that he suffered in connection with the destruction of his home in the Tubbs Fire. Movant should also be allowed to pursue his attorneys' fees and interest in connection with the Claim.


Respectfully submitted,

Dated: January 25, 2021              GRIMSHAW LAW GROUP, P.C.


By: _____
     MATTHEW W. GRIMSHAW
     Attorneys for Phillip Rush

Dated: January 25, 2021              ROBINS CLOUD LLP


By: _____
     ROBERT T. BRYSON
     Attorneys for Phillip Rush

5