**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND RANDALL LOUIS ZAMARRA**<br><br>Resolving Motion Noticed for Hearing on February 24, 2021<br><br>[Related to Dkt. No. 9918, 10013] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Randall Louis Zamarra ("**Zamarra**", and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. On September 17, 2019, Darlene Michelle Ford ("**Ford**") filed a complaint (the "**Complaint**") in the Superior Court of California, County of Alameda (the "**State Court**") in which she asserted against Zamarra and DOES 1-10 various claims arising out of an incident (the "**Incident**") between her and Zamarra that occurred on September 28, 2018. The action initiated by the Complaint is currently pending in the State Court, and is titled *Ford v. Zamarra et al.*, Case No. RG19035284 (the "**State Court Action**"). On December 9, 2019, Zamarra filed a cross-complaint in the State Court Action in which he asserted against Ford claims arising out of the Incident.

C. On October 21, 2019, Zamarra filed Proof of Claim No. 61278 (the "**Original Proof of Claim**"), asserting claims against the Utility arising out of the Incident. Also on October 21, 2019, Zamarra filed Proofs of Claim Nos. 71633, 80544 and 80892 (collectively, the "**Duplicate**

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

1  **Proofs of Claim**", and together with the Original Proof of Claim, the "**Proofs of Claim**"), asserting

2  claims against the Utility or PG&E Corp. arising out of the Incident.[2]

3      D.    By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the

4  Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See*

5  Dkt. No. 8252.

6      E.    On December 28, 2020, Zamarra filed the *Motion for Relief From the Automatic Stay*

7  *and Abstention Under 28 U.S.C. 1334(C)(1)* [Dkt. No. 9918] (the "**Motion**"), in which Zamarra

8  requests that the Bankruptcy Court modify the automatic stay to permit him to liquidate the Original

9  Proof of Claim by filing and prosecuting against the Utility during the Chapter 11 Cases either a

10 cross-complaint in the State Court Action or a complaint initiating a new action to be consolidated

11 with the existing State Court Action (such proposed complaint or cross-complaint hereafter referred

12 to as the "**Zamarra-PG&E Complaint**"). Zamarra initially designated the Motion for a hearing on

13 January 27, 2021, but has noticed it for February 9, 2021 (the "**Hearing**"); the Hearing has been

14 continued by stipulation and order to February 24, 2021. *See* Dkt. Nos. 10007, 10013.

15     F.    Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation

16 Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and

17 expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly,

18 any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the

19 Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment

20 based on any pre-petition claims.

21     G.    The Parties desire to attempt to resolve their issues regarding the Zamarra-PG&E

22 Complaint, the State Court Action, the Proofs of Claim, and the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

---

[2] Claim No. 80892 was disallowed and expunged as duplicative by Order entered September 28, 2020. *See* Dkt. No. 9155.

1. Upon the entry of an order approving this Stipulation (the "**Approval Order**"), the Plan Injunction shall be modified, to the extent necessary, solely to permit the parties to the State Court Action to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Zamarra-PG&E Complaint and the Original Proof of Claim, as well as all other claims asserted in the State Court Action. The Plan Injunction is not modified pursuant to this paragraph 1 to permit formal discovery from the Reorganized Debtors, but the Parties may agree to provide information voluntarily in connection with the Mediation.

2. The Parties shall cooperate in good faith to arrange for and schedule the Mediation, to provide pre-mediation exchanges of information, including documents, to facilitate a productive mediation, to use reasonable efforts to obtain the participation of Ford in the Mediation, and to each participate in good faith in the Mediation, including in any mediation sessions after the initial session recommended by the mediator and agreed to by the Parties (each a "**Subsequent Session**").

3. Any Party may, as provided in this paragraph 3, give written notice (the "**Injunction Modification Notice**") to the other Party that he or it desires to proceed with litigation of the State Court Action. The Injunction Modification Notice may be given at any time after the conclusion of the initial session of the Mediation and the noticing Party's fulfillment of its obligations under Paragraph 2 herein with respect the Mediation, provided, however, that the Injunction Modification Notice may not be given if, prior to the giving of such Notice, the Parties have agreed to participate in a Subsequent Session, in which case the Injunction Modification Notice may be given after the conclusion of the Subsequent Session. Thirty (30) days after the Injunction Modification Notice has been properly given, the Plan Injunction shall be further modified, without further Order of the Bankruptcy Court, solely to permit Zamarra to liquidate the claims asserted in the Original Proof of Claim by prosecuting the Zamarra-PG&E Complaint against the Utility through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

4. Upon entry of the Approval Order:

   a. the Duplicate Proofs of Claim shall be deemed disallowed and expunged, and Prime Clerk LLC, the claims agent appointed in the Chapter 11 Cases, shall be authorized to update the official claims register to reflect the terms set forth herein; and

   b. this Stipulation shall be deemed an objection by the Reorganized Debtors to the Original Proof of Claim, which shall then be considered a Disputed Claim. The Original Proof of Claim shall be deemed an Allowed Claim on the earlier of (i) the date on which the Original Proof of Claim becomes an Allowed Claim pursuant to written agreement between Zamarra and the Reorganized Debtors, or (ii) sixty (60) days after a judgment liquidating the claims asserted in the Original Proof of Claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided, however, that if, as permitted by paragraph 6(a) hereof, the Reorganized Debtors further object to the Original Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Original Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

5. Upon entry of the Approval Order, the Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

6. Nothing herein is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proofs of Claim on any grounds not precluded by a final judgment in the State Court Action, or

   b. a waiver by Zamarra of his rights to oppose any asserted challenge to the Original Proof of Claim, or

   c. a waiver by any Party of any claim or defense in the State Court Action.

7. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

8. This Stipulation shall be binding on the Parties and each of their successors in interest.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: January 28, 2021

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ Peter J. Benvenutti
Peter J. Benvenutti

*Attorneys for Debtors
and Reorganized Debtors*

Dated: January 27, 2021

LONG & LEVIT LLP

Jennifer A. Becker

*Attorneys for Randall Louis Zamarra*