KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br> - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **REORGANIZED DEBTORS' FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)** <br><br> **Response Deadline:** <br> **February 23, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date: March 9, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: (Telephonic Appearances Only) <br> United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 |

**TO:  (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Fifty-Ninth Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claims To Be Disallowed and/or Expunged" on **Exhibit 1** annexed hereto.

## I.  JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II.  BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner was appointed in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and/or expunging Proofs of Claim for which the Reorganized Debtors are not liable (the "**No Liability Claims**"). The No Liability Claims are identified on

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

**Exhibit 1**, in the columns headed "Claims To Be Disallowed and/or Expunged." **Exhibit 1** also specifically identifies in the "Basis for Objection" that the No Liability Claims are classified as either:

(1) "Equity Interest Claims." These are Claims that are based purely upon the Claimant's holding of the Debtors' common stock, which interests remain outstanding subject to dilution in accordance with the Plan, and are not otherwise entitled to a distribution or right to payment under the Plan.

(2) "Protective Claims." These are proofs of claim that assert protective, unliquidated claims potentially owing post-petition. The Reorganized Debtors have reviewed their books and records and have determined that they have no known liability as of the Petition Date with respect to the Protective Claims. Approval of the relief requested herein will not prejudice the holders of any of the Protective Claims because (a) the Claimants retain all non-bankruptcy remedies that would have existed had these Chapter 11 Cases not been filed and (b) the Debtors commit that they will not raise any bankruptcy defenses to future assertion of claims based on the alleged post-petition failure of the Reorganized Debtors to perform or honor their obligations relating to such claims.

(3) "No Liability Subcontractor Claims," all of which relate to Proofs of Claim asserted against the Debtors for amounts incurred by subcontractors indirectly retained by the Debtors. After reviewing their books and records and the information submitted with the Proofs of Claim, the Reorganized Debtors have determined that each of the Subcontractor Claims is attributable to the relevant general contractor on each project. The Reorganized Debtors determined this either from the face of the Proof of Claim listing the general contractor or by follow-up correspondence with the Claimant. In all cases, the Reorganized Debtors took the additional step of confirming that if the general contractor had filed a Claim, it had already been satisfied, such that any payment on account of the Subcontractor Claims would be duplicative. The Reorganized Debtors thus do not have any direct liability for the Subcontractor Claims.

(4) "Untimely No Liability Claims." These Proofs of Claims provide no supporting documentation to enable the Reorganized Debtors to understand the purported basis for liability and, after reviewing their books and records, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims In addition, as indicated by the dates identified in the column headed "Date Filed" on **Exhibit 1**, each of the Untimely No Liability Claims was filed well after the General

Bar Date (with no applicable exception under the Bar Date Order that may render such Claim timely) and none of the Claimants have sought or obtained relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim. Accordingly, in addition to the Debtors not being liable for the amounts sought, the Untimely No Liability Claims should be disallowed and/or expunged as untimely as well.

## IV. ARGUMENT

### A. The No Liability Claims Should be Disallowed and/or Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. The Reorganized Debtors and their professionals have reviewed each of the No Liability Claims identified on **Exhibit 1** and have determined that they do not state a basis for a current right to payment. As to the Equity Interest Claims, ownership of the Debtors' common equity does not in and of itself provide a holder with a "right to payment" and as such does not constitute a "claim" under the Bankruptcy Code. 11 U.S.C. § 101(5); *see also In re Hedged Investments Associates*, 84 F.3d 1267, 1272 (10th Cir. 1996) (an equity interest is not a claim against the debtor"); *In re Pine Lake Vill. Apartment Co.*, 21 B.R. 478, 480 (Bankr. S.D.N.Y. 1982) (an equity interest is not a claim against the debtor and the equity holder is only entitled to a proof of interest). As to the No Liability Subcontractor Claims, the Reorganized Debtors and their professionals reviewed and determined that each such Claim does not represent a direct right to payment because the general contractor has been satisfied. If not disallowed and expunged, the No Liability Subcontractor Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled. As to the Untimely No Liability Claims, as detailed above, after a review of their books and records, the Reorganized Debtors have not been able to determine any basis under which they are liable. Furthermore, as described above, the Reorganized Debtors have established that each of the Untimely No Liability Claims is also untimely under the Bar Date Order and should be disallowed in its entirety pursuant to section 502(b)(9) of the Bankruptcy Code.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the No Liability Claims.

B. **The Claimants Bear the Burden of Proof**

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the No Liability Claims do not represent a current right to payment and, therefore, should be disallowed and/or expunged in their entirety. If any Claimant believes that a No Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

---

[2] On November 17, 2020, the Court entered the *Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9563], which extended the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims through and including June 26, 2021 (except for claims of the United States which deadline was extended to March 31, 2021), without prejudice to the right of the Reorganized Debtors seek further extensions thereof.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized Debtors reserve the right to object to the No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) counsel to the Creditors Committee; (iv) counsel to Tort Claimants Committee; (v) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (vi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: January 28, 2021

**KELLER BENVENUTTI KIM LLP**

By: */s/ Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*