MATTHEW W. GRIMSHAW, SBN 210424
GRIMSHAW LAW GROUP, P.C.
130 Newport Center Drive, Ste. 140
Newport Beach, California 92660
Tel: (949) 734-0187
Email: matt@grimshawlawgroup.com

BILL ROBINS III, SBN 296101
ROBERT T. BRYSON, SBN 156953
KEVIN POLLACK, SBN 272786
ROBINS CLOUD LLP
808 Wilshire Blvd., Ste. 450
Santa Monica, CA 90401
Tel: (310) 929-4200
Email: rbryson@robinscloud.com

Attorneys for Raam Pandeya and Sophia Ali

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors<br><br>Affects:<br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**Motion to Amend Proofs of Claim Nos. 27893 Filed by Raam Pandeya and 28997 Filed by Sophia Ali, or Alternatively, for the Allowance of a Late-Filed Claim**<br><br>Date: February 24, 2021<br>Time: 10:00 a.m. (Pacific)<br>Place: Telephonic/Video Appearance Only<br>    United States Bankruptcy<br>    Courtroom 17,<br>    450 Golden Gate Ave., 16th Floor<br>    San Francisco, CA 94102<br><br>Objection Deadline: February 17, 2021 |

/ / /

TO THE HON. DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, AND ALL OTHER PARTIES-IN-INTEREST:

Raam Pandeya ("Pandeya") and Sophia Ali ("Ali," and together with Pandeya, "Movants") jointly own various parcels of property that were damages or destroyed in the 2017 North Bay Fire ("Fire"). In October 2019, Pandeya filed Proof of Claim No. 27893 ("Pandeya Claim") and Sopia Ali filed Proof of Claim No. 28997 ("Ali Claim," and together with the Pandeya Claim, "Claims") against Debtors for damages they suffered in the Fire. Unfortunately, due to an error by counsel, Claims did not seek damages for all of Movants' real property damaged by the Fire. Specifically, the Claims only included damages for Movants' home, and omitted claims related to other jointly owned real property that Movants lost in the Fire. Movants now seek to (a) amend the Claims to include a recovery for the damage done to their other real property by the Fire under Federal Rule of Bankruptcy Procedure ("Rule") 7015; or (b) have their otherwise late-filed claim related to the Other Property deemed timely under Rule 9006(b).

This Motion is based on the Points and Authorities set forth herein, the concurrently filed Notice of Hearing, the Declaration of Robert Bryson in support of the Motion, and any other evidence or argument presented to the Court at or before the time of the hearing on this matter.

## POINTS AND AUTHORITIES

1. **FACTS**

    a. **General Background**

In January 2019, the Debtors filed voluntary Chapter 11 petitions, commencing these cases. Dkt No. 1.

Initially, the Court set a claims bar of October 21, 2019. Dkt. No. 2806. The claims bar date was extended to December 31, 2019, to allow certain fire victims additional time to file claims against the Debtors. Dkt. No. 4651.

Jointly, the Debtors proposed a chapter 11 plan of reorganization that, among other things, channeled all fire victim claims to the Fire Victim Trust ("Plan"). Dkt. No. 8048. On June 20, 2020, the Court entered an order confirming Debtors' Plan. Dkt. No. 8053.

///

### b. The Claims Against the Debtors

On October 16, 2019, the Pandeya Claim was filed asserting a claim for, among other things, damages to Pandeya's home, which is located at 4901 Warm Springs Road, Glen Ellen, CA ("Home"). A true and correct copy of the Pandeya Claim is attached to the declaration of Robert Bryson ("Bryson "Decl.") as Exhibit 1. The Home was destroyed in the Fire. Although Pandeya owns other real property near the Home, including 13370 Saddle Road, Glen Ellen CA (collectively, "Other Property"), that suffered significant damage as a result of the Fire, claims relating to the Other Property were inadvertently omitted from the Pandeya Claim by counsel. Bryson Decl., ¶¶5-9.

On October 16, 2019, the Ali Claim was filed asserting damages relating to the destruction of the Home, which Ali and Pandeya jointly own. A true and correct copy of the Ali Claim is attached to the Bryson Decl. at Exhibit 2. When the Ali Claim was filed, counsel again inadvertently omitted claims relating to damage to the Other Property, which Ali and Pandeya also own jointly. Bryson Decl., ¶¶5-9.

In a review of the Claims performed in January 2021, the omission of the Other Property from the Claims was discovered. Bryson Decl., ¶9.

## 2. MOVANTS ARE ENTITLED TO AMEND THE CLAIMS.

Movants are entitled to assert claims related to the damage done to the Other Property. Under Rule 7015, Movants are entitled to amend the Claims because the amendments merely add averments permitting a recovery for damages to the Other Property based on the same set of facts. Alternatively, Rule 9006(b)(1) allows Claimants to have a timely-filed claim related to the damages to the Other Property under because the exclusion of such damages from the Claims was the result of counsel's inadvertent error.

For the following reasons, the Motion should be granted.

### a. The Claims Can Be Amended Under Rule 7015.

FRBP 7015 governs "[a]mended and [s]upplemental pleadings." Applying this Rule, courts consistently recognize that "[a] party that wishes to amend its claim after the bar date has passed must obtain permission of the bankruptcy court." *In re Quinn*, 423 B.R. 454, 463 (Bankr. D. Del. 2009). *See also, In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3rd Cir. 1999).

Like other courts, the Ninth Circuit has "consistently applied the 'so called rule of liberality in amendments' to creditors' proofs of claim,'" such that amended claims relate back to the previously filed claim. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991) (*quoting In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986). *See also,* 4 Collier on Bankruptcy Proc. §501.02 (16th ed. 2020) (noting that courts freely allow amendments to a proof of claim, both before and after the bar date). Summarizing the liberality in amendment standard as applied to a proof of claim, one court stated, "[a]mendments to proofs of claim should be freely allowed where the purpose is to cure defects in the claim as originally filed, to describe a claim with greater particularity, or to plead new theories of recovery on facts set forth in the original claim." *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309.

In the context of a motion to amend a complaint, the Ninth Circuit considers five factors in deciding whether to permit an amended pleading: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendments, and (5) whether plaintiff has previously amended [its] complaint." *Learjet, Inc. v. Oneok, Inc. (In re Western States Wholesale Natural Gas Antitrust Litigation)*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "It is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

Here, Movants undeniably suffered harm when the Fire damaged the Other Property. Movants seek to amend the Claims to include averments for such damages, which were inadvertently omitted by counsel when the Claims were prepared and filed. Bryson Decl. ¶¶5-9. This is Movants' first request to amend the Claims and bad faith and undue delay are not present. Indeed, the Claims were timely-filed and Movants believed that all relevant assertions had been included. *Id*. Further, the amendment is not futile. Movants undeniably suffered both economic and non-economic harm as a result of the destruction of the Other Property, meaning the proposed amendments merely add a theory of recovery based on the same facts alleged in the Claims. *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309. Most importantly, the Debtors will not be prejudiced by the amendments as the estates are solvent and all fire-related claims have been channeled to the Fire Victim Trust, which was established to fully compensate victims for Debtors' wrong-doing.

Thus, Movants should be permitted to amend the Claims to include claims for the damage done to the Other Property by the Fire.

### b. Alternatively, The Time For Movants To File A Claim Related To The Other Property Should Be Extended Under Rule 9006.

Alternatively, the time for Movants to file a claim relating to the harm done to the Other Property should be extended under Rule 9006(b)(1). The court has "broad equitable powers" to extend the time for filing a proof of claim. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Rule 9001(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstance beyond a party's control." *Id.* at 381. Indeed, even a creditor that received notice of a bar date may file a proof of claim in a Chapter 11 case with a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In determining if a creditor's failure to act was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. A late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., In re Zilog, Inc.*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

Here, the *Pioneer* factors weigh in favor of permitting Claimants to amend the Claims. First, there is no danger of prejudice to the Debtors as the estates are solvent and all creditors will be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015). Second, the delay in amending the Claims will have no impact on the administration of the case as all fire-related claims have been channeled to the Fire Victims' Trust. Third, the omission of damages related to the Other Property from the Claims was the result of counsel's error, not the actions of Claimants. Bryson

Decl., ¶¶5-9. Indeed, Claimants have, at all times, acted in good faith as they attempt to recover for the harm inflicted on them by the Fire. Finally, there is no prospect of prejudice beyond solvency as distributions have not yet been made to fire victims and the value of Claimants' amended claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

### 3. CONCLUSION

For the foregoing reasons, the Motion should be granted. When the Claims were submitted, allegations of damages to the Other Property were inadvertently omitted by counsel. As a result, Movants should be allowed either (a) to amend the Claims under Rule 7015 to include the damages caused to the Other Property by the Fire; or (b) a timely-filed claim related to the damage to the Other Property under Rule 9006(b).

Respectfully submitted,

Dated: January 28, 2021    GRIMSHAW LAW GROUP, P.C.

By: _____
MATTHEW W. GRIMSHAW
Attorneys for Phillip Rush

Dated: January 27, 2021    ROBINS CLOUD LLP

By: _____
ROBERT T. BRYSON
Attorneys for Phillip Rush