

**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

Signed and Filed: January 28, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

**Debtors.**

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☑ Affects both Debtors

*\* All papers shall be filed in the Lead Case,*
*No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND RANDALL LOUIS ZAMARRA**

Resolving Motion Noticed for Hearing on February 24, 2021

[Related to Dkt. Nos. 9918, 10013, 10036]

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The Court having considered the *Stipulation By and Between the Reorganized Debtors and Randall Louis Zamarra*, dated January 28, 2021 [Dkt. No. 10036] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Randall Louis Zamarra ("**Zamarra**", and, together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand; and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Plan Injunction is modified, to the extent necessary, solely to permit the parties to the State Court Action to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Zamarra-PG&E Complaint and the Original Proof of Claim, as well as all other claims asserted in the State Court Action. The Plan Injunction is not modified pursuant to this paragraph 2 to permit formal discovery from the Reorganized Debtors, but the Parties may agree to provide information voluntarily in connection with the Mediation.

3. The Parties shall cooperate in good faith to arrange for and schedule the Mediation, to provide pre-mediation exchanges of information, including documents, to facilitate a productive mediation, to use reasonable efforts to obtain the participation of Ford in the Mediation, and to each participate in good faith in the Mediation, including in any sessions after the initial session recommended by the mediator and agreed to by the Parties (each a "**Subsequent Session**").

4. . Any Party may, as provided in this paragraph 4, give written notice (the "**Injunction Modification Notice**") to the other Party that he or it desires to proceed with litigation of the State Court Action. The Injunction Modification Notice may be given at any time after the conclusion of the initial session of the Mediation and the noticing Party's fulfillment of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

its obligations under Paragraph 3 herein with respect the Mediation, provided, however, that the Injunction Modification Notice may not be given if, prior to the giving of such Notice, the Parties have agreed to participate in a Subsequent Session, in which case the Injunction Modification Notice may be given after the conclusion of the Subsequent Session. Thirty (30) days after the Injunction Modification Notice has been properly given, the Plan Injunction shall be further modified, without further Order of this Court, solely to permit Zamarra to liquidate the claims asserted in the Original Proof of Claim by prosecuting the Zamarra-PG&E Complaint against the Utility through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

5. The Duplicate Proofs of Claim are deemed disallowed and expunged, and Prime Clerk LLC, the claims agent appointed in the Chapter 11 Cases, is authorized to update the official claims register to reflect the terms set forth herein.

6. The Stipulation shall be deemed an objection by the Reorganized Debtors to the Original Proof of Claim, which shall then be considered a Disputed Claim. The Original Proof of Claim shall be deemed an Allowed Claim on the earlier of (i) the date on which the Original Proof of Claim becomes an Allowed Claim pursuant to written agreement between Zamarra and the Reorganized Debtors, or (ii) sixty (60) days after a judgment liquidating the claim asserted in the Original Proof of Claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided, however, that if, as permitted by paragraph 8.a hereof, the Reorganized Debtors further object to the Original Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Original Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

7. The *Motion for Relief From the Automatic Stay and Abstention Under 28 U.S.C. 1334(C)(1)* [Dkt. No. 9918] is deemed withdrawn with prejudice, and the Hearing is vacated.

8. Nothing in the Stipulation or this Order shall be construed to be:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

1                a.   a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other

2                     party in interest, of any right to object to the Proofs of Claim on any grounds not

3                     precluded by a final judgment in the State Court Action, or

4                b.   a waiver by Zamarra of his rights to oppose any asserted challenge to the Original

5                     Proof of Claim, or

6                c.   a waiver by any Party of any claim or defense in the State Court Action.

7        9.      The Stipulation is binding on the Parties and each of their successors in interest.

8        10.     The Stipulation constitutes the entire agreement and understanding of the Parties

9 relating to the subject matter thereof and supersede all prior agreements and understandings relating

10 to the subject matter thereof.

11        11.     This Court shall retain jurisdiction to resolve any disputes or controversies arising

12 from the Stipulation or this Order.

*** END OF ORDER ***

13 APPROVED:

14

15 Dated: January 28, 2021

16 LONG & LEVIT LLP

17 _(signature)_

18 Jennifer A. Becker

19 *Attorneys for Randall Louis Zamarra*

20

21

22

23

24

25

26

27

28