Kenneth B Salomon, *Pro Se*
740 Chiles Avenue
St. Helena, CA 94574
(707) 244-2672
kellysalomon@yahoo.com



FILED

JAN 29 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:

**PG&E CORPORATION,**

and

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
■ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

Case Nos. 19-30088 DM (Lead Case)
19-30089 DM
Chapter 11
*Jointly Administered*

**NOTICE OF REQUEST AND REQUEST TO MEDIATE CLAIM OF KENNETH B. SALOMON AND FOR SANCTIONS**

Date: March 9, 2021
Time: 10:00 a.m. (PST)
Place: **(Telephonic or Video Only)**
U.S. Bankruptcy Court
Dept. 17, 16th Floor
450 Golden Gate Ave
San Francisco, CA 94101
Judge: Hon. Dennis Montali

"All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website."

**TO THE COURT AND PACIFIC GAS AND ELECTRIC COMPANY'S ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:**

At the above-referenced time, place and date Kenneth B. Salomon, holder of timely-filed proof of claim 1139, as a Class 4B Utility General Unsecured Creditor, will request:

1

(i) that his claim be immediately referred to Standard Mediation as provided in Section III.D of the General ADR Procedures, notwithstanding Section IV.F thereof, and

(ii) sanctions on the Debtors under Section IV.E of the General ADR Procedures;

on the basis that the Offer Procedures under Section II of the General ADR Procedures:

(a) have been improperly implemented by Reorganized Debtors through their noticing agent,

(b) lack due process even if properly implemented, and

(c) are inappropriate to resolving his claim in which the lawsuit forming the basis of the claim attributes gross negligence to current senior management of Debtors.

## I. Basis of Claim, Status

On October 1, 2018 Kenneth B. Salomon ("**Salomon**") filed a limited civil complaint in the State of California Napa Superior Court, Case number 18CV001346 (the "**Lawsuit**"), against the Utility[1] seeking $10,001 damages for gross negligence in failing to true-up his billings as a Smartmeter opt-out customer under Electric Rule 9.O. Utility's Sr. V-P and Chief Consumer Officer Giammona is alleged to have acknowledged and acquiesced in this corporate gross negligence. The stayed/enjoined Lawsuit is the basis of the Claim (the "**Claim**"). (The complaint is appended to proof of claim 1139.). No discovery occurred.

The state trial court erroneously sustained, without leave to amend, Utility's demurrer as to all causes of action of the Lawsuit in an order dated January 25, 2019 on the basis of divestiture of jurisdiction under California Public Utilities Code §1759. As conceded by the court at an OSC hearing, and in violation of California Evidence Code §453, the order fails to acknowledge Salomon's Request for Judicial Notice of a CPUC Advisor's Office document regarding the requirement under law of filing a civil claim in court for damages. Accordingly, Salomon has prepared a Motion for Reconsideration and the 10-day filing period is still open as Utility's petition for bankruptcy was filed on January 29, 2019 staying the Lawsuit.

## II. Bases of Request for Immediate Referral to Mediation

### A. Debtor's Failure to Properly Implement Offer Procedures

Salomon received an initial offer from the Utility dated December 22, 2020 and on December 24,

---

[1] All capitalized terms not otherwise defined herein have the same meaning as in the *Order Approving the ADR Procedures For Resolving General Claims* entered September 25, 2020 (Dkt. No. 9128).

2

attempted to present a counteroffer via the online portal indicated at Page 2 of the Offer Notice but the portal was inoperative[2]. The Offer Notice at Page 2 states in that case to send the counteroffer to Utility c/o Prime Clerk's postal address in Brooklyn, New York. Salomon did so by USPS Certified Mail, even though Section II.B of the Offer Procedures requires both postal mail and electronic mail.

The Debtors submitted a Revised Settlement Offer dated January 19, 2021 **(Exhibit B)** received only in the postal mail by Salomon on January 25, 2021 which the Offer Procedures state at Section II.D.2.a that the response must be by both postal and electronic mail. However the electronic portal (Page 2 of Revised Settlement Offer) remained inoperative and the period of time for response ambiguously stated on Page 1 of the Revised Settlement Offer "Pursuant to the Offer Procedures, you **must respond** to the Revised Settlement Offer in writing **within twenty-one (14) days** of the above-indicated Mailing Date of this Offer Notice …." Section II.D.2.a of the Offer Procedures provides a 14 day window which may be extended by Debtors, leaving unclear exactly when the response is due.

The Claim is deemed unimpaired per Section 1124(1) of the Bankruptcy Code because the Reorganization Plan itself does not alter a claimant's legal, equitable, or contractual rights. However, Debtor's failure to follow the Plan's claim's processing procedures renders the Claim impaired to the extent that it imposes further delay and obstacles to resolution beyond the Plan's requirements. The Court should remedy such impairment by immediate referral to mediation; <u>not permitting Debtor discretion</u> to prioritize such referral as is provided by Section IV.F of the General ADR Procedures.

### B. Offer Procedures Lack Basic Due Process

Salomon as an unimpaired general claimant had no voice in the Reorganization Plan nor its implementation of the General ADR Procedures under which Salomon was required to submit an abstract of his Lawsuit via an information questionnaire, disclosing to Debtors the factual and legal basis of the case underlying the Claim. Having had no discovery in the Lawsuit and as no information is disclosed by Debtors to Salomon, he cannot evaluate Debtors seemingly arbitrary settlement offers[3].

---

[2] Salomon so-notified Prime Clerk to no avail; the portal remained inoperative throughout Salomon's 21-day counteroffer window December 22, 2020 to January 12, 2021 as well as the period for a response to the Revised Settlement Offer. *See* **Exhibit A**.
[3] Salomon asked Debtor's Counsel Peter J.Benvenutti in August of 2020 for resolution other than by the ADR Procedures for this reason among others but Benvenutti said he wanted the claim processed through the normal ADR procedures.

3

### III. Mediation Mitigates Debtor's Influence on Offer Procedures

The Lawsuit seeks exemplary/punitive treble damages based on Utility's Sr. V-P and Chief Consumer Officer Laurie Giammona's knowledge of, and subsequent ratification of, Utility's failure to the true-up billings as required by Electric Rule 9.O. California Civil Code § 3294 provides for exemplary/punitive damages in that case. Since Giammona occupied her position at Utility at the time referenced in the Lawsuit, just as she does currently, it is reasonable to conclude that her alleged involvement could influence Debtor's negotiations under the Offer Procedures. For that reason, Salomon requests referral of Claim to standard mediation, as well as for the complex issues of statutory and case law involved.

### IV. Allowance of Claim Plus Court Costs is Just and Appropriate under Section IV.E of the General ADR Procedures.

By extending statutory claim resolution deadlines, the Court has been tolerant of Debtor's unprecedented number of claims, leaving "unimpaired" stayed cases such as Lawsuit in limbo. It would thus augur well for Debtors through their agent to repair a site designed to efficiently process claims. By failing to act after notice, Debtors benefit from inaction; claims go unresolved and stale. In fact, Section II of the Offer Procedures states they are "… a means to resolve General Claims efficiently, where possible." In addition, limited Court resources are expended as a result of Debtor's inaction.

The Court should convince Debtors through just and appropriate sanctions of the need to take action, otherwise Debtors will conclude that dilatory inaction confers a no-cost benefit on them. In as much as Section IV.E of the General ADR Procedures, provide that a *Claimant's* failure to comply with the General ADR Procedures may result in disallowance and expunging of their claim, shouldn't *Debtor's* similar behavior result in allowance of a claim? Salomon requests full allowance plus court costs.

### V. Right to Hearing

Salomon has a right to appear and be heard as a party in interest under United States Bankruptcy Code 11 U.S. Code § 1109 (b), as well as under Section IV.E of the General ADR Procedures, regarding Debtors improper implementation of the Court-approved Offer Procedures through its agent Prime Clerk LLC, lack of due process in said Offer Procedures, immediate referral of Claim to Standard Mediation and for sanctions on Utility.

4

I declare under penalty of perjury that all statements of fact in the foregoing are true and correct of my personal knowledge.

St. Helena, California,

January 25, 2021.

*Kenneth B. Salomon*

# EXHIBIT A

1/12/2021

restructuring

# This site can't be reached

Check if there is a typo in restructuring.

If spelling is correct, try running Connectivity Diagnostics.

DNS_PROBE_FINISHED_NXDOMAIN

restructuring/primeclerk.com/PGE-AORSettlementOffer

# EXHIBIT B

## OFFER NOTICE

**THIS OFFER NOTICE CONCERNS THE PROOF OF CLAIM YOU FILED IN THE PG&E BANKRUPTCY. IT IS IMPORTANT THAT YOU READ THIS OFFER NOTICE AND COMPLY WITH ITS INSTRUCTIONS BY ORDER OF THE BANKRUPTCY COURT.**

Mailing Date: 1/19/2021

General Claimant(s): Salomon, Kenneth B

General Claimant's Address: 740 Chiles Ave
St. Helena CA 94574

General Claimant's Email (if applicable): kellysalomon@yahoo.com

Proof of Claim Number(s): 1139

ADR Settlement Number:

**Revised Settlement Offer:**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") filed voluntary cases for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California. The Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Bankr. N.D. Cal. Dkt. No. 8048] (the "**Plan**"), on June 20, 2020. The Plan became effective on July 1, 2020.

On September 25, 2020, the Bankruptcy Court approved certain procedures the ("**General Claims Procedures**") to facilitate the resolution of certain proofs of claim that have been submitted in these chapter 11 cases. Enclosed with this Offer Notice are procedures approved by the Bankruptcy Court for the exchange of settlement offers with respect to certain proofs of claim (the "**Offer Procedures**"). You are required to participate in the Offer Procedures with respect to your proof of claim. Copies of the General Claims Procedures and the Offer Procedures are available for viewing at https://restructuring.primeclerk.com/pge/.

This Offer Notice includes a revised offer by the Reorganized Debtors to settle your claim (the "**Revised Settlement Offer**"). Pursuant to the Offer Procedures, you **must respond** to the Revised Settlement Offer in writing **within twenty-one (14) days** of the above-indicated Mailing Date of this Offer Notice (the "**Revised Settlement Offer Deadline**"). The Reorganized Debtors, in their sole discretion, may agree to extend the Revised Settlement Offer Deadline to permit the exchange of additional offers.

There are two permitted responses to a Revised Settlement Offer: (i) a signed acceptance, or (ii) a rejection. A rejection of the Revised Settlement Offer may, but need not, include a counteroffer.

The Reorganized Debtors may, in their sole discretion, terminate the Offer Procedures and (i) submit the General Claim to nonbinding, mandatory mediation, or (ii) seek to resolve the General Claim through the claims reconciliation and objection process before the Bankruptcy Court.

Please submit your settlement offer response electronically by visiting the online portal located here: http://restructuring/primeclerk.com/PGE-ADRSettlementOffer (the "Portal").

To access the Portal, login with the below ADR Settlement Number:

ADR Settlement Number:    779000101184331

Once you login to the Portal, you will be asked to indicate whether you accept or reject the enclosed Settlement Offer.

If it is impracticable or impossible for you to complete and submit the Settlement Offer Response electronically, you may mail a fully completed Settlement Offer Response using the enclosed form to:

PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**FAILURE TO RESPOND TO THE SETTLEMENT OFFER ON OR BEFORE THE SETTLEMENT RESPONSE DEADLINE MAY RESULT IN A FORMAL OBJECTION BEING FILED SEEKING DISALLOWANCE OF YOUR PROOF OF CLAIM.**

Questions regarding this Offer Notice of the General Claims Procedures should be directed to the Reorganized Debtors' Claims and Noticing Agent, Prime Clerk LLC, at 844-339-4217 (toll-free), +1 929-333-8977 (international), or by email at pgeinfo@primeclerk.com.

Yours truly,

PG&E Corporation and Pacific Gas and Electric Company

2

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br><br>**and**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors. | Case Nos. 19-30088 DM (Lead Case)<br>19-30089 DM<br>Chapter 11<br>*Jointly Administered*<br><br>**CERTIFICATE OF SERVICE**<br><br>Date: March 9, 2021<br>Time: 10:00 a.m. (PST)<br>Place: **(Telephonic or Video Only)**<br>U.S. Bankruptcy Court<br>Dept. 17, 16th Floor<br>450 Golden Gate Ave<br>San Francisco, CA 94101<br>Judge: Hon. Dennis Montali |
| ☐ Affects PG&E Corporation<br>■ Affects Pacific Gas and Electric Company<br>☐ Affects both Debtors | |

## CERTIFICATE OF SERVICE

On January 25, 2021 I served a true and correct copy of the following document:

**NOTICE OF REQUEST AND REQUEST TO MEDIATE CLAIM OF KENNETH B. SALOMON AND FOR SANCTIONS**

on Peter J. Benvenutti, KELLER BENVENUTTI KIM LLP, Attorneys of Record for Debtors PG&E Corporation and Pacific Gas and Electric Company by electronically transmitting the document listed above to the email address pbenvenutti@kbkllp.com **and** by USPS First Class Mail in a postage-paid sealed envelope addressed to Peter J. Benvenutti, KELLER BENVENUTTI KIM LLP, Attorneys of Record for Debtors PG&E Corporation and Pacific Gas and Electric Company, 650 California Street, Suite 1900, San Francisco, CA 94108 and deposited at the St. Helena CA Post Office prior to pickup.

I am not a party to this proceeding, my street address is 740 Chiles Ave, St. Helena CA and my email address is kellysalomon@yahoo.com.

I certify under the penalty of perjury that the foregoing is true and correct of my own personal knowledge.

At St. Helena, CA on January 25, 2021.

*Sharon K. Kelly*
Sharon K. Kelly



Case: 19-30088    Doc# 10054    Filed: 01/29/21    Entered: 01/29/21 12:12:28    Page 12 of 12