Francis O. Scarpulla (CA SB No. 41059)
Patrick B. Clayton (CA SB No. 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
3708 Clay Street
San Francisco, CA 94118
Telephone: (415) 751-4193
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
pbc@scarpullalaw.com

Jeremiah F. Hallisey (SBN 40001)
Karen J. Chedister (SBN 99473)
HALLISEY AND JOHNSON PC
465 California St, Ste 405
San Francisco, CA 94104
Telephone: (415) 433—5300
Email: jfhallisey@gmail.com
kchedister@h-jlaw.com

Quentin L. Kopp (SBN 25070)
Daniel S. Mason (SBN 54065)
Thomas W. Jackson (SBN 107608)
FURTH SALEM MASON & LI LLP
640 Third Street, 2nd Floor
Santa Rosa, CA 95404-4445
Telephone: (707) 244-9422
Email: quentinlkopp@gmail.com
dmason@fsmllaw.com
tjackson@fsmllaw.com

*Counsel for Katherine and Harold Schooler*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION** <br><br> -and- <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br> **Debtors.** <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ■ Affects both Debtors <br><br> *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No.: 19-30088 (DM) <br><br> Chapter 11 <br> (Lead Case) <br> (Jointly Administered) <br><br> **MOTION TO ALLOW/DEEM TIMELY LATE-FILED PROOF OF CLAIM OF KATHERINE AND HAROLD SCHOOLER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF FRANCIS O. SCARPULLA IN SUPPORT** <br><br> Date: March 8, 2021 <br> Time: 10:00 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br> Courtroom 17, 16th Floor <br> San Francisco, CA 94102 <br> Judge: Hon. Dennis Montali |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Creditors Katherine and Harold Schooler ("Schoolers" or "Movants"), by and through undersigned counsel, respectfully move for an Order to allow/deem timely their late-filed proof of claim arising from the Camp Fire.

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice to the Debtors. In this case, Movants are two individuals who did not understand that their claim is not limited to physical property damage. They were uninsured for their losses and overwhelmed. Subsequently, they became better educated about the extent of their damages as a result of the Camp Fire. Ultimately, Movants' misunderstanding as to the extent of their claim prevented Movants from timely filing a proof of claim. Because their claim is a consequence of excusable neglect, there is no danger of prejudice to the Debtors, and as the claims were made in good faith, this Motion should be granted to allow Katherine and Harold Schooler to have their late-filed proof of claim deemed timely.

## II. FACTUAL BACKGROUND

### A. Movants' Claims Arising from Camp Fire

The Schoolers, long-time residents of Butte County, own their home at 4702 Cable Bridge Road, Chico, California, which is located in Butte Creek Canyon near the town of Paradise.

The Schoolers purchased four acres in Butte Creek Canyon in 1971. Eventually, this property became 4702 Cable Bridge Dr., well within the Camp Fire burn scar. There were no roads or improvements of any kind, so everything was created by the Schoolers. Over the course of 50 years, the Schoolers built a 2,400 sq. ft. home of high quality and a 1,000 sq. ft. barn, along with other improvements. All work was performed by the Schoolers, themselves.

On November 8, 2018, the Camp Fire began burning through Butte County. Just prior to dawn on November 8, 2018, as Mr. Schooler started out on his morning bicycle ride, he saw a strange orange glow in the area – it was the Camp Fire. The Schoolers immediately understood that they would have to fight for their home and possibly their lives. Mr. Schooler,

with a background in engineering, had a good understanding of the massive energy headed his way: a force so great it wipes out everything in its path with fierce, merciless efficiency.

However, throughout the years, the Schoolers had created a defensible fire-fighting physical space around their home. As the preparations to defend their home were underway, it became apparent that Mrs. Schooler was going to have to evacuate at some point without her husband, and this weighed heavily upon Mr. Schooler. Nevertheless, they both worked together for a few hours as the devastation was getting closer. The power was off, no sound of fire-fighting aircraft, no fire hand crews, no phones – cell or landline – the Schoolers realized they were on their own. A spot fire started below the Schoolers' house along the road to Chico, which meant the escape route was in jeopardy. About the time Mr. Schooler was trying to cope with the spot fire, the ridge behind and above the house ignited, and the fire began ripping through faster than a person could run. Mrs. Schooler was screaming as she got in the car and evacuated at her husband's insistance. Mr. Schooler stayed behind to fight the fire. As the taillights of Mrs. Schooler's car quickly disappeared into the smoke, Mr. Schooler did not know if they would ever see each other again.

Mr. Schooler fought off flames at the back side of the barn. To the north, Mr. Schooler saw his neighbor's house starting to burn. Mr. Schooler knew the wind would bring all kinds of flaming debris on his house; however, he was able to stop the debris from lighting his house on fire. The fire then started coming from below, burning uphill toward the Schooler home. At that time, Mr. Schooler was close to the end – both emotionally and physically. He did not know if his wife made it out, or if she had perished. Throughout the night, Mr. Schooler walked the perimeter established around his home. By the morning of November 9, 2018, Mr. Schooler knew his home would not burn.

However, there was no power to the home, so Mr. Schooler had no way to communicate with the outside world. Mr. Schooler had food for only a few days. Without communication, Mr. Schooler could only hope his wife made it out and had found shelter.

After three or four days of complete isolation, Mr. Schooler strapped on his activated carbon respirator for smoke protection and set out on foot to find a cell signal. By climbing

around a half-mile to the top of the ridge behind his home, he found a spot with one bar of reception. He was able to speak with Mrs. Schooler, and they tried to support each other, but they were emotionally exhausted. Mrs. Schooler found shelter with a friend in Chico. Each day Mr. Schooler tried to work on fire mop-up, but this was a double-edged sword because if he worked too long and hard, the smoke would take its toll on his lungs. On the other hand, the burn scar was still on fire so with any wind the Schoolers' home would be threatened again. After about three weeks, the area was opened up to residents only, and Mrs. Schooler returned to her home.

In the aftermath of the fire, the Schoolers were overcome by their own emotional distress from their fire evacuation, displacement, and the logistical demands of finding a new place to live. The Schoolers were displaced for many months as they oversaw the exhausting and complicated process of restoring their home. Their home was uninsured at the time. The cost and energy to just clear the property prompted the Schoolers to assess and understand the scope of the emotional and financial toll these damages were causing to them.

At that time, the Schoolers mistakenly believed that they could only file a claim in the PG&E bankruptcy if their home had burned down, which it had not because of Mr. Schooler's heroic effort.

In January 2021, the Schoolers contacted the Law Offices of Francis O. Scarpulla to evaluate their claims against PG&E for damages sustained from the Camp Fire. It was not until they sought the advice of counsel regarding their 2018 Camp Fire damages that the Schoolers learned that the loss of a home was not the only damage they could claim and, therefore, did not appreciate the viability of their claims related to their 2018 Camp Fire damages. As a result, due to excusable unawareness, Katherine and Harold Schooler did not timely file a proof of claim for their 2018 damages until after the bar date. *See* Scarpulla Declaration, attached hereto.

### III.     LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings

caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. See e.g., *In re Nw. Territorial Mint*, LLC, No. AP 16 1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018); *In re Schultz*, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395. Courts in the Ninth Circuit generally examine four factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. See id. Each of these four factors weighs heavily in favor the Schoolers. Accordingly, their late-filed proof of claim should be deemed timely.

<u>First</u>, the Schoolers' claim will not prejudice PG&E, thus satisfying the "prejudice" element of excusable neglect. The value of the Schoolers' claims is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors stand to be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

<u>Second</u>, allowing the Schoolers' claim at this time will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as the Schoolers and their claims will be placed among them, resulting in no noticeable impact upon the distribution process. See e.g., *In re Dix*, 95 B.R.

134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); *In re Earth Rock, Inc.*, 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

Third, the reason for the delay in filing their claim was because the Schoolers did not know that they could file a claim even if their real property was not completely destroyed by the Camp Fire. *See* Scarpulla Decl. *See, e.g., Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824 (9th Cir. 1996) ("compelling circumstances" in one's personal life may constitute excusable neglect).

Fourth, and finally, the Schoolers' claim is made in good faith. Overwhelmed by staggering emotional and psychological losses and trying to manage the logistical challenges of recovering from the fire, the Schoolers were not represented by counsel until after the bar date and did not have the time or opportunity to comprehend filing a claim in the bankruptcy for their non-property losses. Had they been informed or aware that they could make a claim for non0property losses, they would have timely filed a proof of claim.

### IV. CONCLUSION

For the foregoing reasons, this Motion should be granted and the Schoolers' claim should be deemed timely.

Dated: February 1, 2021     By: /s/ Francis O. Scarpulla

Francis O. Scarpulla (CA SB No. 41059)
Patrick B. Clayton (CA SB No. 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
3708 Clay Street
San Francisco, CA 94118
Telephone: (415) 751-4193
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
pbc@scarpullalaw.com

Jeremiah F. Hallisey (SBN 40001)
Karen J. Chedister (SBN 99473)
HALLISEY AND JOHNSON PC
465 California St, Ste 405
San Francisco, CA 94104
Telephone: (415) 433—5300
Email: jfhallisey@gmail.com
kchedister@h-jlaw.com

Quentin L. Kopp (SBN 25070)
Daniel S. Mason (SBN 54065)
Thomas W. Jackson (SBN 107608)
FURTH SALEM MASON & LI LLP
640 Third Street, 2nd Floor
Santa Rosa, CA 95404-4445
Telephone: (707) 244-9422
Email: quentinlkopp@gmail.com
         dmason@fsmllaw.com
         tjackson@fsmllaw.com

*Counsel for Katherine and Harold Schooler*

**Declaration of Francis O. Scarpulla**

I, Francis O. Scarpulla, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.
2. If called upon to testify, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true based on my personal knowledge or through information obtained from Katherine and Harold Schooler.
3. I am an attorney, and I make this declaration in support of the Motion to Allow/Deem Timely Late Filing of Proof of Claim.
4. Creditors Katherine and Harold Schooler (the "Schoolers") are survivors of the Camp Fire that occurred on November 8, 2018.
5. The Schoolers live at 4702 Cable Bridge Road, Chico, CA, which property is in the Butte Creek Canyon area.
6. The Schoolers are long-time residents of Butte County. They purchased about four acres and built their home and barn in 1971.
7. As a result of the Camp Fire, Mrs. Schooler fled from her home in the middle of the night and suffered severe emotional distress and physical injury as a result of her evacuation. Mr. Schooler stayed behind to successfully fight the fire around his home, suffering physical and emotional distress.
8. The Schoolers did not understand that they potentially had recourse against PG&E for their 2018 fire damages even if they did not lose their home. It was only in late December 2020 that the Schoolers learned from another Camp Fire victim that claims could be made for non-real property losses.
9. On January 21, 2021, the Schoolers retained the Law Offices of Francis O. Scarpulla.
10. On January 25, 2021, a Proof of Claim was filed on behalf of Katherine and Harold Schooler, a true and correct copy of which is attached to this Declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2021.

/s/ Francis O. Scarpulla
Francis O. Scarpulla

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors. | **Bankruptcy Case**<br>**No. 19-30088 (DM)**<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

> Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

**Part 1: Identify the Claim**

1. **Who is the current creditor?**
   Katherine and Harold Schooler
   Name of the current creditor (the person or entity to be paid for this claim)

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Are you filing this claim on behalf of your family?**
   ☐ No
   ☑ Yes
   *A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.*

   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:
   Katherine Ellen Schooler
   Harold Lee Schooler

4. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**
   Name: Katherine and Harold Schooler
   Attorney Name (if applicable): _____
   Attorney Bar Number (if applicable): _____
   Street Address: 4702 Cable Bridge Drive
   City: Chico
   State: CA
   Zip Code: 95928
   Phone Number: 530-343-3834
   Email Address: schoolerkat@gmail.com

   **Where should payments to the creditor be sent?** (if different)
   Name: Law Offices of Francis O. Scarpulla
   Attorney Name (if applicable): Francis O. Scarpulla
   Attorney Bar Number (if applicable): CA SB No. 41059
   Street Address: 3708 Clay Street
   City: San Francisco
   State: CA
   Zip Code: 94118
   Phone Number: 415-751-4193
   Email Address: fos@scarpullalaw.com

5. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/____ MM/DD/YYYY

6. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)      Page 1

## Part 2: Give Information About the Claim as of the Date this Claim Form is Filed

**7. What fire is the basis of your claim?**

Check all that apply.

- [x] Camp Fire (2018)
- [ ] North Bay Fires (2017)
- [ ] Ghost Ship Fire (2016)
- [ ] Butte Fire (2015)
- [ ] Other (please provide date and brief description of fire: _____)

**8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.?**

Location(s): 4702 Cable Bridge Drive, Chico CA 95928

**9. How were you and/or your family harmed?**

Check all that apply

- [ ] Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage).
    - [ ] Owner [ ] Renter [ ] Occupant [ ] Other (Please specify): _____
- [x] Personal Injury
- [ ] Wrongful Death (if checked, please provide the name of the deceased) _____
- [ ] Business Loss/Interruption
- [ ] Lost wages and earning capacity
- [x] Loss of community and essential services
- [ ] Agricultural loss
- [ ] Other (Please specify): _____

**10. What damages are you and/or your family claiming/seeking?**

Check all that apply

- [x] Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)
- [x] Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)
- [ ] Punitive, exemplary, and statutory damages
- [ ] Attorney's fees and litigation costs
- [ ] Interest
- [ ] Any and all other damages recoverable under California law
- [ ] Other (Please specify): _____

**11. How much is the claim?**

- [ ] $_____ (optional)
- [x] Unknown / To be determined at a later date

Proof of Claim (Fire Related)     Page 2

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/22/2021  (mm/dd/yyyy)

*Katherine E. Schooler*
Signature

Print the name of the person who is completing and signing this claim:

Name: Katherine Ellen Schooler
First name / Middle name / Last name

Title: Creditor

Company: 
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 4702 Cable Bridge Drive
Number  Street
Chico    CA   95928
City     State  ZIP Code

Contact phone: 530-343-3834
Email: schoolerkat@gmail.com

Proof of Claim (Fire Related)                                     Page 3

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Francis O. Scarpulla
Francis O. Scarpulla