**LAW OFFICE OF ROBERT M. BONE**
ROBERT M. BONE, SBN 181526
bob@robertbonelaw.com
645 Fourth Street, Suite 205
Santa Rosa, CA 95404
Telephone:   (707) 525-8999
Facsimile:    (707) 542-4752

DANIEL F. CROWLEY, ESQ. (SBN 130261)
DANIEL CROWLEY & ASSOCIATES
P. O. Box R
San Rafael, California 94913
Telephone:   (415) 723-5800
Facsimile:    (415) 785-3389

Attorney for Claimants
Ryan Hernandez, Jessica Hernandez,
I.M.H., a minor, and L.R.H. a minor

UNITED STATES BANKRUPTCY COURT

NORTHER DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>                                    Debtors.<br><br>[] Affects PG&E Corporation<br>[] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All paper shall be filed in the Lead Case, No. 19-30088-DM | Case No.  19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. PROC. 7015 AND 7017 TO JOIN REAL PARTY IN INTEREST FOR CLAIM PREVIOUSLY FILED; OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO FILE PROOF OF CLAIM PURSUANT TO FED. R. BANKR. PROC. 9006(b)(1)**<br><br>Date: 2/24/21<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Telephonic/Video Appearances Only<br>         United States Bankruptcy Court<br>         Courtroom 17,<br>         450 Golden Gate Ave., 16th Floor<br>         San Francisco, CA<br>Judge: Hon. Dennis Montali<br><br>   Objection Deadline: February 17, 2021 |

## BACKGROUND

Pursuant to Rules 7015 and 7017 of the Federal Rules of Bankruptcy Procedure, which incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Ryan and Jessica Hernandez and their minor children I.M.H., a minor, and L.R.H., a minor ("Movants") move to add I.M.H., a minor, and L.R.H., a minor as additional claimants and family members of Ryan Hernandez, I.M.H., a minor, and L.R.H., a minor's, father. Mr. Hernandez previously filed Proof of Claim, Claim Number 31139, attached to the Declaration of Robert M. Bone as Exhibit 1. As a result of counsel's mistaken omission, I.M.H. and L.R.H., minor children of Ryan and Jessica Hernandez were not included in Mr. Hernandez's Proof of Claim. They lived in the same household at the time of the fire and I.M.H. and L.R.H., minors, should have been included in the Proof of Claim. Alternatively, Movants seek an order expanding the time for them to file their Proof of Claim, and allow, Claim Number (not yet assigned), attached to the Declaration of Robert M. Bone as Exhibit 2, to be considered timely filed. Claim Number (not yet assigned) was filed on January 28, 2021.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Robert M. Bone in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

## BASIS FOR RELIEF REQUESTED

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Mr. Hernandez, whose minor children I.M.H. and L.R.H., were erroneously not included as a claimant on Mr. Hernandez's original claim form at the time Mr. Bone originally submitted the claim for damages and losses that resulted from the Tubbs Fire. Claimant's counsel sought to remedy this oversight through a request to the Fire Victim Trust to add the individuals. Unfortunately, it does not appear this can be done without leave of the Court and therefore it is respectfully requested the Court grant such relief.

Under Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)) because there is a lack of bad faith on the part of Movants and their counsel in failing to include I.M.H. and L.R.H. as part of Mr. Hernandez's original claim, it is respectfully requested the Court allow the addition of I.M.H. and L.R.H. to the original claim, Claim Number 31139 .

In the alternative, to the extent that an extension of the bar date is required to effectuate the purpose of Rules 7015 and 7017, it is respectfully requested the mistake should be allowed to be corrected by permitting the late filing of the amended Proof of Claim under Bankruptcy Rule 9006(b).

Application of the so-called Pioneer factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). In permitting a creditor's late filing under Bankruptcy Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, (1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id.* at 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay,

Case: 19-30088   Doc# 10074   Filed: 02/02/21   Entered: 02/02/21 13:49:24   Page 3 of 6

including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first such factor, Movants' late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second Pioneer factor, Movants' delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third Pioneer factor, the reason for the delay and whether it was in Movants' reasonable control, claimant's counsel has no excuse as to why I.M.H. and L.R.H., minor children of Mr. Hernandez, were not included in the claim. Claimant's counsel assigned an attorney with significant experience in handling personal injury claims to contact claimants about their losses and other family members impacted by the Tubbs Fire and draft the claim forms on behalf of the victims.

As to the final factor, Movants are acting in good faith in filing the claim as they are victims of the Tubbs Fire that but for the mistake, they would have been included in claims already timely filed in the Court. Based on the above, Claimant's counsel requests the claims be allowed due to his own neglect as opposed to that of the victim of the Tubbs Fire.

**CONCLUSION**

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, and 9006(b)(l) as follows:

1. Granting this Motion;

2. Directing that I.M.H. and L.R.H., minor children, be added as claimants to Exhibit 1, the Claim Number 31139; or in the alternative;

3. Directing that Exhibit 2, the Proof of Claim, Claim Number (not yet assigned), be deemed timely filed;

4. Granting such other or further relief as the Court deems just and proper.

- 4 -

Dated: February 2, 2021.   Law Office of Robert M. Bone

By: /s/   Robert M. Bone
ROBERT M. BONE
Attorneys for Claimants

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Jackie Campbell
Jackie Campbell

Law Office of Robert M. Bone
645 Fourth Street, Suite 205
Santa Rosa, California 95404
Telephone: (707) 525-8999