| | |
|---|---|
| 1 | Bill Robins III, Esq. (SBN 296101)<br>Robert T. Bryson, Esq. (SBN 156953) |
| 2 | Rex Grady, Esq. (SBN 232236)<br>**ROBINS CLOUD LLP** |
| 3 | 808 Wilshire Blvd., Suite 450<br>Santa Monica, California 90401 |
| 4 | Telephone: (310) 929-4200<br>Facsimile: (310) 566-5900 |
| 5 | |
| 6 | Attorneys for Creditor, Eduardo Lopez |
| 7 | Matthew W. Grimshaw, Esq. (SBN 210424)<br>**GRIMSHAW LAW GROUP, P.C.** |
| 8 | 26 Executive Park, Ste. 250<br>Irvine, California 92614 |
| 9 | Telephone: (949) 734-0187<br>Facsimile: (208) 391-7860 |
| 10 | Counsel for Robins Cloud LLP |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>   and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>            Debtors<br><br>Affects:<br><br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>\* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | ) Case No. 19-30088 (DM)<br>)<br>) Chapter 11<br>)<br>) (Lead Case–Jointly Administered)<br>)<br>)<br>) **MOTION FOR ORDER**<br>) **AUTHORIZING WITHDRAWAL OF**<br>) **COUNSEL TO EDUARDO LOPEZ**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Robins Cloud LP ("Firm"), counsel of record[1] for creditor, Eduardo Lopez ("Creditor"), respectfully submits this Motion for Order Authorizing Withdrawal of Counsel ("Motion") pursuant to Rules 1001-2, 9013-1, 9013-2, 9013-3 and 9014 of the Bankruptcy's Local Rules.

In support of this Motion, the Firm represents as follows:

## 1. Relevant Facts

### a. General Background

In January 2019, the Debtors filed voluntary Chapter 11 petitions, commencing these cases. Dkt No. 1; Bryson Decl. ¶4.

Initially, the Court set a claims bar of October 21, 2019. Dkt. No. 2806. The claims bar date was extended to December 31, 2019, to allow certain fire victims additional time to file claims against the Debtors. Dkt. No. 4651.

Jointly, the Debtors proposed a chapter 11 plan of reorganization that, among other things, channeled all fire victim claims to the Fire Victim Trust ("Plan"). Dkt. No. 8048. On June 20, 2020, the Court entered an order confirming Debtors' Plan. Dkt. No. 8053.

### b. Creditor's Refusal to Communicate with the Firm

In October 2019, the Firm filed Proof of Claim No. 33112 ("Claim") on behalf of Creditor. Since filing the Claim, the Firm has been unable to communicate with Creditor. Bryson Decl. ¶5. The Firm has attempted to contact Creditor by telephone, email, and letter, all to no avail. *Id*. Creditor refuses to speak or otherwise communicate with the Firm. *Id*. Further, the Firm hired a private investigator to locate Creditor and facilitate communication between the Firm and Creditor. The investigator failed to locate Creditor. Bryson Decl. ¶6.

Creditor's refusal to communicate with the Firm confirms that an irreconcilable breakdown in the attorney-client relationship has developed and Creditor no longer desires to be represented by the Firm. Bryson Decl. ¶7. Based on these circumstances, good cause exists for the Court to enter an order relieving the Firm as counsel of record for Creditor.

---

[1] Robins Cloud LLP retained Grimshaw Law Group, P.C. as bankruptcy counsel to, among other things, assist it in filing this motion. Grimshaw Law Group has no contractual or attorney/client relationship with Creditor. Declaration of Robert Bryson in Support of Motion for Order Authorizing Withdrawal of Counsel ("Bryson Decl."), ¶2, fn.1.

## 2. Argument

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

Furthermore, California's professional ethics Standing Committee has opined that when seeking leave of court to withdraw as counsel, it will "ordinarily…be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal or that there has been an irreconcilable breakdown in the attorney-client relationship." Formal Opinion No. 2015-192.

In the case at bar, the existence of an irreconcilable breakdown of the attorney-client relationship is manifest in Creditor's refusal to communicate with the Firm. This constitutes good cause for the Court to grant leave for the Firm to withdraw as counsel of record.

To the extent that Creditor requests that the Firm turn over any files or information to which Creditor is entitled, the Firm will cooperate and transmit such files. Bryson Decl., ¶8.

## 3. Conclusion

For the foregoing reasons and for the reasons set forth in the Declaration of Robert Bryson, submitted in support of this Motion, the Firm respectfully requests that the Court enter an Order granting the Firm leave to withdraw as counsel of record for Creditor.

DATED: February 5, 2021                ROBINS CLOUD LLP

_____
ROBERT BRYSON
Attorneys for Creditor, Eduardo Lopez

GRIMSHAW LAW GROUP, P.C.

_____
MATTHEW W. GRIMSHAW
Counsel for Robins Cloud LLP