STEVEN M. CAMPORA, SBN 110909
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

ESTELA O. PINO, SBN 112975
**PINO & ASSOCIATES**
1520 Eureka Rd., Suite 101,
Roseville, CA 95661
Telephone: (916) 641-2288
Facsimile: (916) 244-0989

Attorneys for the Creditor, SLC Soda Canyon, LLC

THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>In re:<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the lead case, No. 19-30088(DM) | Case Nos. 19-30088 (DM)<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION PURSUANT TO RULE 9006(b)(1) of THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO ENLARGE TIME TO FILE A PROOF OF CLAIM**<br><br>DATE: March 9, 2021<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 17<br>450 Golden Gate Avenue,<br>16th Floor,<br>San Francisco, California<br><br>JUDGE: Hon. Dennis Montali<br><br>OBJECTION DEADLINE: **February 23, 2021 (4:00 P.M. Prevailing Pacific Time)** |

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE..........................................................................4

II. RELIEF SOUGHT.........................................................................................4

III. EVIDENTIARY SUPPORT FOR THE MOTION..............................................4

IV. STATEMENT OF FACTS..............................................................................5

    A. FACTS RELATING TO THE STATUS OF THE CHAPTER 11 CASES...................5

    B. FACTS RELATED TO THE SODA CANYON LLC PROOF OF CLAIM..................7

V. ARGUMENT...............................................................................................12

VI. CONCLUSION...........................................................................................18

# TABLE OF AUTHORITY

CASE LAW

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)............12, 13

*Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006)......................................... 13

*In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016).....................................16

FEDERAL STATUTORY AUTHORITY

28 U.S.C. § 1334(b)......................................................................................................................4

28 U.S.C. § 157(b)(2)(A)..............................................................................................................4

28 U.S.C. § 157(b)(2)(B)..............................................................................................................4

28 U.S.C. § 157(b)(2)(O)..............................................................................................................4

28 U.S.C. § 1409 (a).....................................................................................................................4

11 U.S.C. § 101(5).......................................................................................................................5

11 U.S.C. § 101(27).....................................................................................................................5

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure..............................................12, 18

Creditor, SLC Soda Canyon, LLC ("Soda Canyon LLC"), by and through its attorneys of record, hereby respectfully submits the following Memorandum of Points and Authorities in support of the Motion Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure to Enlarge Time to File a Proof of Claim (hereinafter referred to as the "Motion").

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. The Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). As such this Court may enter a final order with regards to the Motion, to which Soda Canyon LLC consents.

3. Venue is proper before this Court pursuant to 28 U.S.C. Section § 1409(a).

## II.
## RELIEF SOUGHT

The Motion seeks the entry of an order enlarging time for Soda Canyon LLC to file a Proof of Claim in this bankruptcy case. The Motion further seeks entry of an order deeming the Proof of Claim, claim number 106942, filed by Soda Canyon LLC on February 4, 2021, which is attached as **Exhibit 5** to the *Declaration of Sean Erik Hoel,* filed concurrently herewith, as being timely filed.

## III.
## EVIDENTIARY SUPPORT FOR THE MOTION

The Motion is supported by the Declaration of Sean Erik Hoel, filed concurrently herewith and the exhibits thereto (the "Hoel Declaration").

It is respectfully requested that the Court take judicial notice of the Notice of Filing of Letter to Fire Victims on Behalf of the Fire Victim Trust (Dkt. No. 10026) (hereinafter referred to as the "Notice Re Letter to Fire Victims"), along with the Exhibit A thereto, filed with the Court on January 26, 2021.

## IV.
## STATEMENT OF FACTS

**A.  FACTS RELATING TO THE STATUS OF THE CHAPTER 11 CASES**

1. On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company (hereinafter collectively referred to as the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code and commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (hereinafter referred to as the "Bankruptcy Court")..

2. By Order dated July 1, 2019 (hereinafter referred to as the "Bar Date Order") (Dkt. No. 2806), the Bankruptcy Court set October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (hereinafter referred to as the "Original Bar Date") as the deadline in these Chapter 11 Cases for filing proofs of claim in respect of any pre-petition claim (as defined in 11 U.S.C. §101(5)) against either of the Debtors, including all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units (as defined in 11 U.S.C. §101(27)), and Customers, and for the avoidance of doubt, including all secured claims and priority claims.

3. Within the Bar Date Order, it was provided that,

> [a]ll Proofs of Claim must be filed either . . . or (ii) by delivering the original Proof of Claim form by hand, or mailing the original Proof of Claim form so that is received on or before the Bar Date as follows:
>
> If by first class mail:
>
> PG&E Corporation Claims Processing Center

c/o Prime Clerk LLC

Grand Central Station, PO Box 4850

New York, NY 10163-4850

. . .

*See Bar Date Order,* Pg. 6 (ln. 15-18).

4. By Order dated November 11, 2019, the Bankruptcy Court extended the Bar Date until December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time), solely for the benefit of any non-governmental Fire Claimants who had not filed proofs of claim by the Original Bar Date (hereinafter referred to as the "Extended Bar Date").

5. By Order dated June 20, 2020 (Dkt. No. 8053), the Bankruptcy Court confirmed the Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "Plan"). The Effective Date of the Plan occurred on July 1, 2020. (Dkt. No. 8252).

6. Pursuant to the Plan, all Fire Victim Claims were channeled to the Fire Victim Trust on the Effective Date and are subject to the Channeling Injunction, and any liabilities of the Debtors or the Reorganized Debtors, as applicable, for any Fire Victim Claims have been fully assumed by, and are the sole responsibility of, the Fire Victim Trust, and shall be satisfied solely from the assets of the Fire Victim Trust. *See Plan* §§ 4.7(a), 4.26(c), 6.7(a).

7. The Honorable John Trotter (Ret.) (hereinafter referred to as "Trustee Trotter") is the trustee of the Fire Victim Trust.

8. On January 26, 2021, Trustee Trotter filed with the Bankruptcy Court the Notice Re Letter to Fire Victims attaching as Exhibit A the letter he wrote to the Fire Victims in his capacity as

the Fire Victim Trustee, dated January 26, 2021 (hereinafter rafterted to as the "Letter to Fire Victims").

9. As articulated by Trustee Trotter in his Letter to Fire Victims,

> [t]he Fire Victim Trust was formed and funded on July 1, 2020, when I and Claims Administrator Cathy Yanni were appointed.

*See* Notice Re Letter to Fire Victims, Pg. 4 (Exhibit A).

10. As further articulated by Trustee Trotter in his Letter to Fire Victims,

> [t]he claim filed with the Bankruptcy Court was not intended to be fact-specific but more a notice of intent to file a more complete claim.

*See* Notice Re Letter to Fire Victims, Pg. 5 (Exhibit A).

11. Trustee Trotter further articulated in the Letter to Fire Victims that,

> [t]he original deadline for filing claims with the Trust was December 31, 2020, but the COVID pandemic upended our timetable. . . . Therefore, the Trust moved the filing date to February 26, 2021.

*See* Notice Re Letter to Fire Victims, Pg. 5 (Exhibit A).

**B.** **FACTS RELATED TO THE SODA CANYON LLC PROOF OF CLAIM**

12. SLC Soda Canyon, LLC (hereinafter referred to as the "Soda Canyon LLC") is a limited liability company which is organized under the laws of the State of California. *See Declaration of Sean Erik Hoel* ¶ 3, filed concurrently herewith.

13. Soda Canyon LLC owns the real property located at 2297 Soda Canyon Road, Napa, Napa County, California 94559 (hereinafter referred to as the "Property"), which consists of 80 acres. *See Declaration of Sean Erik Hoel* ¶ 4, filed concurrently herewith.

14. Parts of the Property, including full grown oaks, manzanita tress, and chaparrals; well systems, including pumps and tanks; and power and septic systems were scorched by the series of wildfires that started burning across the State of California during October 2017, commonly known

as the North Bay Fires (hereinafter referred to as the "North Bay Fires")[1]. *See Declaration of Sean Erik Hoel* ¶ 5, filed concurrently herewith.

15. Sean Erik Hoel (hereinafter referred to as "Mr. Hoel") is the manager/member of Soda Canyon LLC. *See Declaration of Sean Erik Hoel* ¶ 3, filed concurrently herewith.

16. At the time of the North Bay Fires Mr. Hoel's elderly parents resided in Oslo, Norway. *See Declaration of Sean Erik Hoel* ¶ 8, filed concurrently herewith. Mr. Hoel's mother was terminally ill and eventually passed away on September 27, 2018. *See Declaration of Sean Erik Hoel* ¶ 8, filed concurrently herewith.

17. Mr. Hoel's father was greatly affected by the passing of his wife of over fifty (50) years and his health rapidly deteriorated. *See Declaration of Sean Erik Hoel* ¶ 9, filed concurrently herewith. On May 29, 2019, Mr. Hoel's father passed away. *See Declaration of Sean Erik Hoel* ¶ 9, filed concurrently herewith.

18. From prior to Mr. Hoel's mother's death and for quite some time after his father's death, Mr. Hoel was frequently traveling to Oslo, Norway to be with his elderly parents and to deal with related family matters. *See Declaration of Sean Erik Hoel* ¶ 10, filed concurrently herewith.

19. After his father's death, Mr. Hoel assisted his sister with family matters, including travel to Oslo Norway, until March 2020 when the last of the estate matters were dealt with. *See Declaration of Sean Erik Hoel* ¶ 11, filed concurrently herewith.

20. In short, at the time the Property was ravaged by the North Bay Fires and in the period thereafter, Mr. Hoel's family was his first priority and he made numerous trips abroad to support

---

[1] As of yet, the Property has not been cleaned of the scorched dead materials. The Property will require substantial remediation. *See Declaration of Sean Erik Hoel* ¶ 6, filed concurrently herewith.

Case: 19-30088   Doc# 10184   Filed: 02/09/21   Entered: 02/09/21 19:10:57   Page 8 of 18

them, often leaving my own wife and kids behind in the process. *See Declaration of Sean Erik Hoel* ¶ 12, filed concurrently herewith.

21. Despite the personal issues he was facing, on or about October 11, 2019, Mr. Hoel prepared a Proof of Claim for Soda Canyon LLC (hereinafter referred to as the "October 11, 2019, Proof of Claim"). *See Declaration of Sean Erik Hoel* ¶ 14, filed concurrently herewith. A true and correct copy of the October 11, 2019, Proof of Claim is attached as **Exhibit 1** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith.

22. After completing the October 11, 2019, Proof of Claim, Mr. Hoel mailed it to the following address, on or about October 11, 2019:

> PG&E Corporation Claims Processing Center
> C/O Prime Clerk LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850.

*See Declaration of Sean Erik Hoel* ¶ 16, filed concurrently herewith.

23. On July 2, 2020, having heard nothing about the status of the October 11, 2019, Proof of Claim, Mr. Hoel contacted Tobias Keller (hereinafter referred to as "Mr. Keller") and Jane Kim of Keller Benvenutti Kim LLP (hereinafter referred to as "Ms. Kim"), via electronic mail, to inquire about the status of the October 11, 2019, Proof of Claim. *See Declaration of Sean Erik Hoel* ¶ 18, filed concurrently herewith. *See Declaration of Sean Erik Hoel* ¶ 18, filed concurrently herewith. A true and correct copy of Mr. Hoel's e-mail to Mr. Keller and Ms. Kim, dated July 2, 2020, including a copy of the October 11, 2019, Proof of Claim that was attached, is attached as **Exhibit 2** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith.

///

24. On July 2, 2020, Mr. Hoel promptly received an e-mail from Thomas Rupp (hereinafter referred to as "Mr. Rupp") responding to his e-mail to Mr. Keller and Ms. Kim, which read as follows,

> Mr. Hoel,
>
> I have copied Prime Clerk, LLC, PG&E's claims and noticing agent in its chapter 11 case. They should be able to answer questions you have about your proof of claim.

*See Declaration of Sean Erik Hoel* ¶ 19, filed concurrently herewith. A true and correct copy of the e-mail Mr. Hoel received from Mr. Rupp, dated July 2, 2020, is attached as **Exhibit 3** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith.

25. Thereafter, on July 2, 2020, Mr. Hoel received a call from Prime Clerk, LLC, (hereinafter referred to as "Prime Clerk") requesting that he contact it at (844) 339-4217 with information regarding the October 11, 2019, Proof of Claim. *See Declaration of Sean Erik Hoel* ¶ 20, filed concurrently herewith.

26. Mr. Hoel attempted to contact Prime Clerk; however, he was unable to speak with a live person. *See Declaration of Sean Erik Hoel* ¶ 21, filed concurrently herewith. Mr. Hoel, therefore, sent an e-mail to Prime Clerk providing the address to which he had mailed the October 11, 2019, Proof of Claim and attaching another copy of the October 11, 2019, Proof of Claim. *See Declaration of Sean Erik Hoel* ¶ 21, filed concurrently herewith. A true and correct copy of the e-mail Mr. Hoel sent to Prime Clerk, dated July 2, 2020, including a copy of the October 11, 2019, Proof of Claim that was attached, is attached as **Exhibit 4** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith.

///

///

27. After engaging in several frustrating communication with Prime Clerk, on July 13, 2020, Mr. Hoel received an e-mail from Prime Clerk stating,

> Sean
>
> Thank you for contacting Prime Clerk.
>
> Please note that we have consulted our mailing team and they indicated they have no record of receiving your claim. If you have tracking information, we may be able to research further.
>
> The deadline for filing a claim has passed and, while Prime Clerk will process a claim if you wish to file one at this time, the claim may be objected to by the Debtors due to lateness. Information on filing a claim may be found here: https://restructuring.primeclerk.com/pge/EPOC-Index.
>
> Please let us know if we can be of further assistance.
>
> Regards,

*See Declaration of Sean Erik Hoel* ¶ 24, filed concurrently herewith.

28. Mr. Hoel did not have any tracking information for the October 11, 2019, Proof of Claim he mailed to Prime Clerk in October 2019, since he had sent it First Class, with postage pre-paid. *See Declaration of Sean Erik Hoel* ¶ 25, filed concurrently herewith.

29. The envelope in which Mr. Hoel had mailed the October 11, 2019, Proof of Claim to Prime Clerk had **not** been returned to him as undelivered or undeliverable. *See Declaration of Sean Erik Hoel* ¶ 26, filed concurrently herewith.

30. Mr. Hoel believed that Prime Clerk had received the October 11, 2019, Proof of Claim. Mr. Hoel, however, was troubled by the situation and he decided to consult with an attorney. *See Declaration of Sean Erik Hoel* ¶ 27, filed concurrently herewith.

31. Mr. Hoel then consulted with and retained Steven Campora of Dreyer Babich Buccola Wood Campora, LLP (hereinafter referred to as "Mr. Campora") as counsel for Soda Canyon LLC. *See Declaration of Sean Erik Hoel* ¶ 28, filed concurrently herewith.

32. After reviewing the claims register maintained by Prime Clerk in connection with these Chapter 11 Cases, neither Mr. Campora nor Ms. Pino were able to find the October 11, 2019, Proof of Claim, which Mr. Hoel mailed to Prime Clerk in October 2019 in the system.

33. As soon as it was confirmed that the October 11, 2019, Proof of Claim, which Mr. Hoel had mailed to Prime Clerk, was not on the claims register maintained by Prime Clerk, a Proof of Claim was prepared (hereinafter referred to as "Soda Canyon Proof of Claim").

34. On February 4, 2021, the Soda Canyon Proof of Claim was filed with Prime Clerk and was assigned claim number 106942. A true and correct filed/endorsed copy of the Soda Canyon Proof of Claim, claim number 106942, is attached as **Exhibit 5** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith.

## V.
## ARGUMENT

Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure,

> [w]hen an act is required or allowed to be done at or within a specified period by these rules. . ., the court for cause shown may at any time in its discretion . . . . or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

"Excusable neglect" under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure is a flexible concept and case law has identified four non-exclusive factors to be considered:

> [w]ith regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (citations omitted). Bracketed materials added. Further, Rule 9006(b)(1) of the Federal Rules of Bankruptcy

Procedure allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.* at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395; see also *Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). In this case, consideration of the totality of the circumstances supports the conclusion that Soda Canyon LLC's failure to file its proofs of claim prior to the Extended Bar Date was excusable.

In this case, despite his personal difficulties, Mr. Hoel, Soda Canyon LLC's member/manager, mailed the October 11, 2019, Proof of Claim (*See* **Exhibit 1** *to Declaration of Sean Erik Hoel*) to Prime Clerk on or about October 11, 2019, via first class mail. Mr. Hoel mailed the October 11, 2019, Proof of Claim to the address stated in the Bar Date Order. Therefore, the October 11, 2019, Proof of Claim was timely mailed to the correct address.

The envelope, containing the October 11, 2019, Proof of Claim, was never returned as being undelivered or undeliverable to Mr. Hoel. It was Mr. Hoel's understanding, after speaking with some neighbors, that nothing would be happening in these Chapter 11 Cases until summer of 2020. After that, when Mr. Hoel did not hear anything about the status of the October 11, 2019, Proof of Claim, Mr. Hoel reached out to Mr. Keller and Ms. Kim, Debtors' counsel, via e-mail on July 2,

2020, attaching a copy of the October 11, 2019, Proof of Claim (*See* **Exhibit 2** *to Declaration of Sean Erik Hoel*)[2]. Thus, the Debtors were given actual notice of the claim of Soda Canyon LLC.

Mr. Hoel received an immediate response from Debtors' counsel, Mr. Rupp and was directed to speak with Prime Clerk, Debtors' claim and processing agent. *See* **Exhibit 3** *to Declaration of Sean Erik Hoel*. Mr. Hoel, also sent an e-mail to Prime Clerk on July 2, 2020, attaching an additional copy of the October 11, 2019, Proof of Claim. *See* **Exhibit 4** *to Declaration of Sean Erik Hoel*. Mr. Hoel's experience with Prime Clerk was rather frustrating. *See Declaration of Sean Erik Hoel,* filed concurrently herewith. He was eventually informed by Prime Clerk that it had no record of receiving the October 11, 2019, Proof of Claim, which Mr. Hoel had mailed. Mr. Hoel was incredulous because the envelope in which he mailed the October 11, 2019, Proof of Claim had never been returned to him as undelivered or undeliverable.

The whole situation bothered Mr. Hoel and he decided to consult with an attorney. Mr. Hoel, therefore, recently consulted with and then retained Mr. Campora for assistance. After review of the claims registered maintained by Prime Clerk for these Chapter 11 Cases, Mr. Campora and Ms. Pino ascertained that the October 11, 2019, Proof of Claim was not reflected on the claims register. Thereafter, the Soda Canyon Proof of Claim, claim number 106942, was prepared and electronically filed with Prime Clerk (*See* **Exhibit 5** to *Declaration of Sean Erik Hoel*), as soon as practicable.

In this case, there is no possible prejudice to the Debtors if the Soda Canyon Proof of Claim is deemed to be considered as timely filed; thus, the first *Pioneer* factors weighs in favor of granting the Motion.

///

---

[2] On July 2, 2020, when Mr. Hoel reached out to Mr. Keller and Ms. Kim he did not know that they were the Debtors' counsel and he stated in his e-mail to them that "I saw your names listed on a form in my file from last year. If you are not the right parties please point me in the right direction." *See* **Exhibit 2** *to Declaration of Sean Erik Hoel*.

The Debtors and their counsel were on actual notice of the claim of Soda Canyon LLC because Mr. Hoel had e-mailed the October 11, 2019, Proof of Claim to the Debtors' counsel and then to the Debtors' claims and noticing agent, Prime Clerk.

Moreover, the claims process is ongoing. As articulated by Trustee Trotter within his Letter to Fire Victims,

> [t]he original deadline for filing claims with the Trust was December 31, 2020, but the COVID pandemic upended our timetable. . . . Therefore, the Trust moved the filing date to February 26, 2021. . . .
>
> . . . [t]he claim filed with the Bankruptcy Court was not intended to be fact-specific but more a notice of intent to file a more complete claim.

*See Notice Re Letter to Fire Victims*, Pg. 5 (Exhibit A).

Trustee Trotter also states in the Letter to Fire Victims that, "[i]t is anticipated that 400,000 individual claims will ultimately be submitted to the [Fire Victim] Trust for evaluation and payment." *Id.* Bracketed materials added. Trustee Trotter further states in the Letter to Fire Victims that, "[t]o date, 30,000 Claims Questionnaires have been started." *Id.* Soda Canyon LLC will be able to fulfill the requirements and meet the deadline established by Trustee Trotter.

Furthermore, any prospect of prejudice is especially unlikely here because the Debtors' Plan provides for chanelling of the fire victim claims to the Fire Victim Trust. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or the estate in any fashion.

As such, Soda Canyon LLC's late filing will cause no prejudice to the Debtors, in as much as the Plan has been confirmed, the associated Fire Victim Trust has been funded, the claims are still being processed by the Fire Victim Trust, and so the inclusion of Soda Canyon LLC's claim in the pool of fire victims will have no impact at all on the Debtors or the bankruptcy estates. Therefore, there is no danger of prejudice to the Debtors and/or to the bankruptcy estates.

As to the second *Pioneer* factor, "the length of delay and its potential impact on judicial proceedings," Soda Canyon LLC actually mailed the October 11, 2019, Proof of Claim in a timely manner and the envelope containing the October 11, 2019, Proof of Claim was also mailed to the address designated in the Bar Date Order for Debtors' claim and processing agent, Prime Clerk.

Mr. Hoel, Soda Canyon LLC's member/manager, made every attempt to locate and resolve any issues related to the filing of the October 11, 2019, Proof of Claim. He consulted with and retained counsel. Thereafter, Soda Canyon's Proof of Claim, claim number 106942, was filed as soon as practicable. Although, when Soda Canyon's Proof of Claim, claim number 106942, was filed the Extended Bar Date had passed, there is no substantive impact on the proceedings in these Chapter 11 Cases and the administration of these Chapter 11 Cases. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Soda Canyon LLC's late filing, if permitted by the Bankruptcy Court, would have little to no appreciable impact on these proceedings for the same reasons that the Debtors will not be prejudiced because the submission of the claims to the Fire Victim Trust is still in process. Moreover, the Debtors were on actual notice of Soda Canyon LLC's claim at least as of July 2, 2020 (*See* **Exhibit 2** and **Exhibit 4** to the *Declaration of Sean Erik Hoel*).

As to the third *Pioneer* factor, "reason for delay, including whether it was within the reasonable control of the movant," favors excusability. Despite the fact that Mr. Hoel was dealing with pressing personal situations, he timely submitted the October 11, 2019, Proof of Claim, for filing with Prime Clerk, as allowed by this Court, via first class mail. Mr. Hoel, however, did not follow up until summer of 2020, because it was his understanding from speaking with individuals similarly situated that nothing was going to happen in these Chapter 11 Cases unite summer of 2020. *See Declaration of Sean Erik Hoel* (¶ 17), filed concurrently herewith. After he made inquires

regarding the October 11, 2019, Proof of Claim from Debtors' counsel and Prime Clerk, Mr. Hoel learned that the October 11, 2019, Proof of Claim had not been received. *See Declaration of Sean Erik Hoel* (¶ ¶ 18-24), filed concurrently herewith. Although, Mr. Hoel could not believe that the claim had not been received, the situation bothered Mr. Hoel and he consulted and retained an attorney. *See Declaration of Sean Erik Hoel* (¶ ¶ 27-28), filed concurrently herewith.

Soda Canyon LLC's counsel, Mr. Campora and Ms. Pino, reviewed the claims register and ascertained that October 11, 2019, Proof of Claim was in fact not on the claims register maintained by Prime Clerk. Thereafter, Soda Canyon's Proof of Claim, claim number 106942, was immediately filed with Prime Clerk.

Soda Canyon LLC made all efforts to and did in fact submit for filing a timely Proof of Claim, which was apparently not received by Prime Clerk, Debtors' claims and processing agent. The missed deadline is an unfortunate result of entrusting the October 11, 2019, Proof of Claim to the first class mail, postage prepaid. Therefore, the third *Pioneer* factors weighs in favor of granting the Motion.

As to the fourth and last *Pioneer* factor, Soda Canyon LLC acted in "good faith" in filing its claim as it is a victim of the North Bay Fires and but for an unfortunate event (beyond its control) it would have been included in the claims already timely filed with the Bankruptcy Court. Furthermore, no reasonable suggestion can be made that Soda Canyon LLC failed to act in good faith, particularly in as much as its member/manager timely submitted for filing the October 11, 2019, Proof of Claim; its member/manager communicated with Debtors' counsel and claim and processing agent - Prime Clerk and provided them with copies of the October 11, 2019, Proof of Claim. Finally, its counsel acted responsibly and with expedition upon realizing Soda Canyon LLC's claim had not been filed by filing the Soda Canyon's Proof of Claim, claim number 106942,

and seeking relief from the Court.

## VI.
## CONCLUSION

For the reasons set forth above, Soda Canyon LLC respectfully requests that the Court enter an order pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, as follows:

1. Granting the Motion; and

2. Enlarging the time for Soda Canyon LLC to file a Proof of Claim in these bankruptcy cases, up to and including February 4, 2021; and

3. Directing that the Soda Canyon Proof of Claim, claim number 106942, (**Exhibit 5** to the *Declaration of Sean Erik Hoel*, filed concurrently herewith) be deemed timely filed; and

4. Granting such other relief as is fair, just, and equitable, whether or not specifically requested herein.

Dated: February 9, 2021

Respectfully submitted,

**PINO & ASSOCIATES**

By: _____
Estela O. Pino, Attorneys for
SLC Soda Canyon, LLC.