**FRANTZ LAW GROUP, APLC**
James P. Frantz, Esq., SBN. 87492
Philip C. Aman, Esq., SBN 137831
William P. Harris III, Esq., SBN 123575
M. Regina Bagdasarian, Esq., SBN. 296219
George T. Stiefel III, Esq., SBN. 297611
71 Stevenson Building, Suite 400
San Francisco, CA 94105
Telephone: (415) 282-2928
Facsimile: (619) 525-7672
E-mail: jpf@frantzlawgroup.com
regina@frantzlawgroup.com
gstiefel@frantzlawgroup.com

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
James P. Hill, SBN 90478
Gary B. Rudolph, SBN 101921
600 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-4100
Facsimile: (619) 231-4372
E-mail: hill@sullivanhill.com;
rudolph@sullivanhill.com

Counsel for Darlene Gay Hancock

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT CALIFORNIA OF SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors | Case No. 19-30088 (DM)<br><br>Chapter 11<br>(lead case)<br>(jointly administered)<br><br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY DARLENE GAY HANCOCK, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 24, 2021<br>Time: 10:00 a.m.<br>Place: Telephonic/Video Appearances Only: United States Bankruptcy Court<br>450 Goldengate Avenue<br>Courtroom 16, 17th Flr<br>San Francisco, CA 94102<br>Judge: Hon. Dennis Montali<br>Objection Deadline: February 24, 2021(March 1, 2021 if served by mail-FRBP 9006(f) |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES**:

Frantz Law Group, APLC represents thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires"), 2018 ("Camp Fire") and 2019 ("Kincade Fire"). This motion is filed on behalf of Darlene Gay Hancock to deem timely late filing of her proof of claim ("Motion"). A copy of the Proof of Claim is attached hereto as Exhibit 1 and herein incorporated by reference.

## I. FACTUAL BACKGROUND

Movant, Darlene Hancock (hereinafter, "Darlene" or "Movant"), is 83 years old. Darlene and her husband, Gene, moved to Paradise, California in 1969. They built their lives in Paradise, raised children to adulthood in Paradise and then helped raise their grandchildren in Paradise. Paradise was home to three generations of their family.

In 2017, the year before the Camp Fire, Gene died suddenly. Darlene and Gene had been married 50 years, and Gene had been, in Darlene's words, her "rock". By all measures an astute businessman, he managed all their finances - saving money for retirement, investing wisely, collecting the rent from the four small rental units they owned, paying mortgages, and maintaining their bank accounts.

Shortly after Gene died, Darlene fell into a deep depression and developed severe inflammatory bowel disease (IBD), which her doctors determined was exacerbated by the stress of her husband, Gene's death. The IBD kept Darlene housebound and incapacitated for over six months.

Darlene was still grieving the loss of her husband, Gene -- working to recover from the depression and recovering from the IBD when the Camp Fire roared through Paradise on November 8, 2018. That day, Darlene fled the home she and Gene had built together and watched her house and community burn, literally, in her rearview mirror.

In the months following the fire, Darlene fell into an even deeper depression, suffering what her friends and family describe as a "mental breakdown." The IBD had returned – worse than ever before. She was again housebound, unable to leave the small home she had purchased with her homeowner's insurance proceeds. Her adult daughter, who lived with her and who also lost her home in the Camp Fire, cared for Darlene the best she could, but she too was suffering from depression, anxiety and sleeplessness, all symptoms of post-traumatic stress disorder. Darlene's other children and grandchildren brought her food and provided what care they could, but they too were struggling and had lost their homes, livelihoods and community in the Camp Fire.

It took Darlene more than a year to come to grips with the loss of the "love of her life", her husband of 50 years, and the loss of all her worldly possessions accumulated over a lifetime. In a matter of eighteen months, she had lost her husband, her home, her community, and her health. Prior to this, Darlene had been healthy – vibrant, and had never suffered from depression. She has always seen herself as a survivor who gets back up and carries on. She is now disheartened by how debilitated she has become as a result of the many losses. Within the last few months, Darlene has begun to start recovering from the depression, IBD and PTSD and is only now beginning to mend.

Darlene is also by nature skeptical and highly independent in her thinking, and never envisioned herself as someone who would become involved in a "lawsuit". She and Gene always took care of their own needs. In her words, "we never depended on the government or anyone else to take care of us, we are from that strong generation that never expected a handout." Compounding Darlene's tardiness in bringing her claim is what she describes as her "computer illiteracy" – she is, as she says, barely able to navigate a cellular telephone. Her relatively recent reluctance to contact this attorney to bring this motion and her claim is attributable to all these factors.

In sum, Darlene's advanced age, combined with the loss of her husband, and

Case: 19-30088    Doc# 10187    Filed: 02/10/21    Entered: 02/10/21 16:18:28    Page 3 of 13

416435-v1

3

then losing her home and life possessions in the fire, led to physical and mental/emotional debilitation that prevented her from timely filing a proof of claim. Because her claim is a consequence of excusable neglect and made in good faith, and because there is no danger of prejudice to the debtors from the delay, this motion should be granted to allow movant, Darlene Gay Hancock to have her claim deemed timely.

In the opinion of this attorney who is filing this claim and has interviewed Darlene extensively, this movant is one of the finest persons he has met during his work as an attorney and is exactly the kind of hard-working, upstanding citizen who deserves to be compensated for the loss of everything she and Gene spent their lifetimes creating, through hard work and dedication. Her ability to be financially secure for the duration of the years she has left, and to receive the medical and nursing care she may need in the future as someone who has no spouse to care for her, is dependent on her receiving compensation for her losses, as her insurance claims left her considerably less than whole. She has never wanted to be a burden to the state or taxpayer dollars, and the PG&E victims compensation fund is the appropriate remedy, rather than potentially becoming dependent on public benefits in the future.

In sum, it is in the interest of equity, fairness and justice that it is requested that the Movant claim be deemed timely filed is made.

## II. LEGAL ARGUMENT

In Chapter 11 proceedings, bankruptcy courts have broad discretion to accept late filings, including proofs of claim, where tardiness is the consequence of "excusable neglect." Fed. R. Bank. Pro. 9006(b)(1). This standard is "flexible," and permits the Court to allow "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389 (1993). Where the party's delay is caused by overwhelming personal distress, a late filing may be allowed on grounds of excusable neglect. See e.g., In re Nw. Territorial Mint,

LLC, No. AP 16 1217-CMA, 2018 WL 6187762, at *5 (B.A.P. 9th Cir. Nov. 27, 2018) ("Excusable neglect can include sudden death, disability or illness of counsel, a close family member of counsel, or . . . the party."); In re Schultz, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (same); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 699 (9th Cir. 2001) (excusable neglect where party was experiencing extreme personal difficulties and was "distraught") (overruled on other grounds); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 824 (9th Cir. 1996) (holding that "compelling circumstances" in one's personal life may constitute excusable neglect).

The test for excusable neglect is "at bottom an equitable [inquiry]." Pioneer Inv. Servs. Co., 507 U.S. at 395. Courts in the Ninth Circuit generally examine four (4) factors in their analysis: (i) the danger of prejudice to the non-movant, (ii) the length of delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, and (iv) whether the movant acted in good faith. See id. Each of these four factors weighs heavily in favor of Darlene Gay Hancock. Accordingly, her late proof of claim should be deemed timely.

First, Darlene Hancock's claim will not prejudice PG&E. And there is no danger of prejudice here. The value of Darlene Hancock's claim is marginal relative to the Debtors' estates and the allowance of those claims will not disrupt the reorganization or distribution process. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., In re Best Payphones, Inc., 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and In re Sheehan Mem'l Hosp., 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.).

Second, despite the late filing, Darlene Hancock's claim will have essentially zero impact on the judicial proceedings and will not change PG&E's reorganization process. There are tens of thousands of similarly situated claimants as Darlene Hancock's and their claims will be placed among them, resulting in no noticeable

Case: 19-30088    Doc# 10187    Filed: 02/10/21    Entered: 02/10/21 16:18:28    Page 5 of 13

416435-v1                                    5

impact upon the distribution process.  See e.g., In re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988) (allowing proof of claim filed two-years late because "there is no indication [of] a negative impact on efficient court administration"); In re Earth Rock, Inc., 153 B.R. at 63 (finding excusable neglect where eight-month delay would not impact reorganization proceedings).

Third, the factual circumstances in Darlene Hancock's case warrants a finding of excusable neglect.

Ultimately, Darlene Hancock's claim was made in good faith.  Overwhelmed by staggering economic losses, ill health and overwhelming psychological, physical and financial challenges, Darlene Hancock was not represented by counsel until after the bar date and did not have the time or opportunity to comprehend filing a claim in the bankruptcy for her losses.

### III. CONCLUSION

For the foregoing reasons, this Motion should be granted, and Darlene Hancock's claim should be deemed timely.

Dated: February 10, 2021         **FRANTZ LAW GROUP, APLC**

By:  /s/ James P. Frantz
     James P. Frantz, Esq.
     M. Regina Bagdasarian, Esq.
     George T. Stiefel III, Esq.
     Counsel for Darlene Gay Hancock

Dated: February 10, 2021         SULLIVAN HILL REZ & ENGEL
                                 A Professional Law Corporation

By:  /s/ James P. Hill
     James P. Hill
     Gary B. Rudolph
     Counsel for Darlene Gay Hancock

Exhibit 1 - Page 7

# EXHIBIT 1

Exhibit 1 - Page 8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| In re:<br>PG&E CORPORATION,<br>- and -<br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered) |
|---|---|

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Darlene Gay Hancock
Name of the current creditor (the person or entity to be paid for this claim)

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Are you filing this claim on behalf of your family?**
☑ No
☐ Yes
A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

**4. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Darlene Gay Hancock
Attorney Name (if applicable): James P. Frantz
Attorney Bar Number (if applicable): 87492
Street Address: 402 W Broadway # 860
City: San Diego
State: CA
Zip Code: 92101
Phone Number: 855-735-5945
Email Address: wildfires@frantzlawgroup.com

Where should payments to the creditor be sent? (if different)
Name: _____
Attorney Name (if applicable): _____
Attorney Bar Number (if applicable): _____
Street Address: _____
City: _____
State: _____
Zip Code: _____
Phone Number: _____
Email Address: _____

**5. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___ MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Exhibit 1 - Page 9

| Part 2: | Give Information About the Claim as of the Date this Claim Form is Filed |
|---|---|

| 7. | What fire is the basis of your claim?<br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
|---|---|---|
| 8. | What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 100 Indian Drive, Magalia, CA 95954<br><br>5808 Foster Road, Paradise, CA 95969<br><br>5814 Foster Road, Paradise, CA 95969<br><br>7043 Molokai Drive, Paradise, CA 95969<br><br>5266 Country Club Drive, Paradise, CA. 95969 |
| 9. | How were you and/or your family harmed?<br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>   ☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☐ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☑ Other (Please specify): Any and all other damages recoverable under California law. |
| 10. | What damages are you and/or your family claiming/seeking?<br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. | How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

Exhibit 1 - Page 10

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *James P. Frantz*
James P. Frantz (Jan 15, 2021 12:14 PST)

Email: jthickstun@frantzlawgroup.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | James P. Frantz | | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Frantz Law Group, APLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 402 W Broadway # 860 | | |
| | Number Street | | |
| | San Diego | CA | 92101 |
| | City | State | ZIP Code |
| Contact phone | 855-735-5945 | Email | wildfires@frantzlawgroup.com |

Exhibit 1 - Page 11

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
(attach below)

☒ I do not have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Exhibit 1 - Page 12

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent)*. See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.

- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

Exhibit 1 - Page 13

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):**

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**