DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
JOSEPH K. LITTLE (Bar No. 322179)
Email: jdreher@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100

Attorneys for Donald G. Rogers

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E Corporation,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>[ ] Affects PG&E Corporation<br>[ ] Affects Pacific Gas and Electric Company<br>[x] Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088-DM, | Case No. 19-30088-DM<br><br>Chapter 11<br>Lead Case, Jointly Administered<br><br>**MOTION PURSUANT TO FED. R. BANKR. P. 9006(b)(1) TO ENLARGE THE TIME FOR TO DONALD G. ROGERS TO FILE PROOF OF CLAIM**<br><br>Date:    March 9, 2021<br>Crtrm.:   Courtroom 17<br>           450 Golden Gate Avenue<br>           San Francisco, CA 94102<br>Judge:  Hon. Dennis Montali<br><br>Objection deadline:  March 2, 2021<br>                                  4:00 p.m. (Pacific Time) |

      Pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, by this motion ("Motion") Donald G. Rogers ("Movant") seeks an order expanding the time for him to file his proof of claim in these cases. Movant (through counsel) filed an amended claim with Prime Clerk on February 3, 2021, withdrew that proof of claim on February 12, 2021, and filed a new proof of claim on February 12, 2021. This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing and Declaration of Eric Ratinoff ("Ratinoff Decl.") in support of the Motion, in addition to any evidence or oral argument presented at the time of any

hearing on this matter. In support thereof, Movant, by and through his undersigned counsel, respectfully represents as follows:

## SUMMARY OF ARGUMENT

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims has continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt# 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claims of Donald G. Rogers, a Camp Fire victim who suffered both property and personal injury damages from the Camp Fire.

On October 17, 2019, counsel for Mr. Rogers filed a proof of claim for Mr. Rogers' family trust (claim no. 32846). The claim reflects that Mr. Rogers is the trustee of his family trust. Upon filing the family trust's proof of claim, counsel for Mr. Rogers was not aware that Mr. Rogers had a personal injury claim from the Camp Fire, as Mr. Rogers was an absentee property owner of a commercial property that was affected by the fire. As a result, the family trust's proof of claim did not seek personal injury damages.

On information and belief, Mr. Rogers was under the impression that the family trust's proof of claim would encompass his personal injury claims, which generally would be for nuisance and having to flee the fire. When counsel for Mr. Rogers became aware that the family trust claim did not encompass his personal injury damages, it immediately contacted bankruptcy counsel, who assisted with filing an amended claim to encompass both his personal damages and the family trust's damages.

Bankruptcy counsel filed proof of claim no. 106936 on February 3, 2021. Bankruptcy counsel sought to reach an agreement with the Fire Victim Trust to deem claim no. 106936 timely. On February 11, 2021, the Fire Victim Trustee notified our bankruptcy counsel that he could not

agree to the timelessness of the amended claim as he had no lack authority to do so, and because the amended claim appeared to supersede the originally-filed claim, and was filed by a new/separate claimant. The next day, on February 12, 2021, bankruptcy counsel withdrew proof of claim no. 106936, filed a new proof of claim, and file the instant Motion.

Application of the so-called *Pioneer* factors shows that Movant's late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1). As to the first such factor, Movant's late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of Movant's claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates. As to the second *Pioneer* factor, Movant's delay in filing his claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced. As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, the reason for the delay is as described herein. There was miscommunication between Movant and his counsel that led to a failure to file a timely proof of claim for Movant's personal injury damages. Once Movant's counsel learned of this, they immediately attempted to remedy it. Once that remedy failed, they immediately sought an alternative remedy, the instant Motion. These efforts demonstrate Movant's good faith, satisfying the fourth *Pioneer* factor. Because consideration of the *Pioneer* factors points overwhelmingly to Movant's neglect having been excusable, late filing of the proof of claim should be permitted.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

As set forth in the Declaration of Eric Ratinoff filed contemporaneously herewith, on

October 17, 2019, counsel for Mr. Rogers filed a proof of claim for Mr. Rogers' family trust (claim no. 32846). The claim reflects that Mr. Rogers is the trustee of his family trust. Upon filing the family trust's proof of claim, counsel for Mr. Rogers was not aware that Mr. Rogers had a personal injury claim from the Camp Fire, as Mr. Rogers was an absentee property owner of a commercial property that was affected by the fire. As a result, the family trust's proof of claim did not seek personal injury damages.

On information and belief, Mr. Rogers was under the impression that the family trust's proof of claim would encompass his personal injury claims, which generally would be for nuisance and having to flee the fire. When counsel for Mr. Rogers became aware that the family trust claim did not encompass his personal injury damages, it immediately contacted bankruptcy counsel, who assisted with filing an amended claim to encompass both his personal damages and the family trust's damages.

Bankruptcy counsel filed proof of claim no. 106936 on February 3, 2021. Bankruptcy counsel sought to reach an agreement with the Fire Victim Trust to deem claim no. 106936 timely. On February 11, 2021, the Fire Victim Trustee notified our bankruptcy counsel that he could not agree to the timelessness of the amended claim as he had no lack authority to do so based on the identity of the claimant and the form of the amended claim. The next day, on February 12, 2021, bankruptcy counsel withdrew proof of claim no. 106936, filed a new proof of claim, and filed the instant Motion.

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(b)(1) allows the enlargement of time for "an act . . . required or allowed to be done at or within a specified period . . .by order of court." Rule 9006(b)(1) further provides:

> [T]he court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1). "Excusable neglect" under Bankruptcy Rule 9006(b)(1) is a flexible concept and case law has identified a four non-exclusive factors to be considered:

DOWNEY BRAND LLP

> With regard to determining whether a party's neglect of a deadline is excusable . . . we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993) (citations omitted); *see also In re Orthopedic Bone Screw Prods. Liability Litig.*, 246 F.3d 315, 323 (3d Cir. 2001) (citing *Pioneer*, 507 U.S. at 395). Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

In *Pioneer*, a creditor represented by experienced bankruptcy counsel missed the proof of claim deadline because his lawyer overlooked the filing date in the bankruptcy court's notice. The Supreme Court affirmed the Sixth Circuit's finding of excusable neglect and endorsed a balancing test, the hallmark of which is consideration of various factors to aid in determining whether a Movant's neglect of a bar date was excusable, thereby justifying a late proof of claim filing. This equitable determination is to "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S. Ct. at 1498; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts--supports the conclusion that Movant's failure to file this proof of claim prior to the general bar date was excusable.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. *See, e.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 128 (3d Cir. 1999) (overruling bankruptcy court's finding of prejudice when allowing a late claim would not require disgorgement to paid creditors and the claim could not jeopardize the debtor's recovery since debtor was a "large, successful company with annual revenues and earnings in the millions"); *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) (citing Scott I. Davidson & Jennifer A. Bender, *Late-Filed Claims are not Always Excluded from the Distribution Party*, AM. BANKR. INST. J. 16, 62 (Jan. 2014)) (where unsecured creditors will

be made whole, "the debtor will not be able to object to a proof of claim solely on the grounds that the proof of claim was filed after the bar date"); *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006) (finding no prejudice in late claim when payout of the claim would be via preferred stock and would not require any disgorgement of funds already paid out even if it might have affected the amount of preferred stock ultimately available to other creditors). The tininess of Movant's claim relative to Debtors' estates speaks to the absence of prejudice. *See, e.g., In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Moreover, any prospect of prejudice is especially unlikely here because of the form of Debtors' Plan, which provided for a lump-sum payment for the benefit of all fire victims. Adding or subtracting claims from the totals does not affect that formulation of the Plan, or in any real way affect the estate. While the Trust has recently been partially funded, distributions from the Trust have not been made, as the Trustee and his professionals and team are in the process of formulating claims resolution calculations and procedures.

Consideration of the second *Pioneer* factor, the length of the delay and its potential impact on these proceedings, also strongly favors Movant. Here, although the claims bar date has passed, there is no substantive impact on these proceedings and the administration of this case. *See In re Lyondell Chemical Co.*, 543 B.R. 400, 410 (Bankr. S.D.N.Y. 2016) (length of delay is only given meaning by its effect on the administration of the case). Movant's late filing, if permitted by the Court, would have little to no appreciable impact on these proceedings.

As to the third *Pioneer* factor, the reason for the delay and whether it was in Movant's reasonable control, again leans in favor of excusability. Movant acknowledge this Court's observation, in 2004, that "[o]n balance, … the authorities construing *Pioneer* weigh the reasons for the delay factor most heavily." *In re Pacific Gas & Electric, Co.*, 311 B.R. 84, 91 (Bankr. N.D. Cal. 2004) (citing *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001)).[1] A "satisfactory explanation for the late filing" is

---

[1] That said, the Fifth and Eleventh Circuits and courts in at least two other circuits (the Third and

DOWNEY BRAND LLP

required. *Graphic Communications* at 5.

The reason for the delay was there was miscommunication between Movant and his counsel that led to the failure to file a timely proof of claim for Movant's personal injury damages only. Once Movant's counsel learned of this, they immediately attempted to remedy it. Once that remedy failed, they immediately sought an alternative remedy, the instant Motion.

It is also critical to note that an order granting this Motion is of course without prejudice to the rights of relevant parties (the Trustee of the Fire Victim Trust for example) to object to Movant's claim on substantive or legal grounds, other than timeliness.

## CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that the Proof of Claim attached as Exhibit 1 to the concurrently filed Declaration of Eric Ratinoff be deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.

DATED: February 16, 2021     DOWNEY BRAND LLP

By: /s/ Jamie P. Dreher
JAMIE P. DREHER
Attorneys for Donald G. Rogers

---

the Eighth) have identified the danger of prejudice is the most important of the Pioneer factors. *See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the debtor will be prejudiced."); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration."); *In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614 (Bankr. D. Del. 2006) (quoting *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 755 (D.N.J. 1999) ("In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim."); *Matter of Papp Intern., Inc.*, 189 B.R. 939, 944 (Bankr. D. Neb. 1995) (citing *In re Sacred Heart Hos. of Norristown*, 186 B.R. 891 as suggesting "the most significant [*Pioneer*] factor … is that of prejudice to the debtor.").