MATTHEW W. GRIMSHAW, SBN 210424
GRIMSHAW LAW GROUP, P.C.
130 Newport Center Drive, Ste. 140
Newport Beach, California 92660
Tel: (949) 734-0187
Email: matt@grimshawlawgroup.com

BILL ROBINS III, SBN 296101
ROBERT T. BRYSON, SBN 156953
KEVIN POLLACK, SBN 272786
ROBINS CLOUD LLP
808 Wilshire Blvd., Ste. 450
Santa Monica, CA 90401
Tel:  (310) 929-4200
Email:   rbryson@robinscloud.com

Attorneys for Robert Michael Mondavi, Jr.,
individually and as *guardian ad litem* for RMM
and RARM; and Lydia Abernathy Mondavi

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>    and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>                    Debtors<br><br>Affects:<br><br>☐ PG&E Corporation<br>☐ Pacific Gas & Electric Company<br>☒ Both Debtors<br><br>\* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**Motion to Amend Proof of Claim No. 91790 Filed by Robert Michael Mondavi, or Alternatively, for the Allowance of a Late-Filed Claim**<br><br>Date:  March 9, 2021<br>Time: 10:00 a.m. (Pacific)<br>Place: Telephonic/Video Appearance Only<br>          United States Bankruptcy<br>          Courtroom 17,<br>          450 Golden Gate Ave.,16th Floor<br>          San Francisco, CA 94102<br><br>Objection Deadline: March 2, 2021 |

TO THE HON. DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, AND ALL OTHER PARTIES-IN-INTEREST:

In December 2019, Robert Michael Mondavi, Jr. ("Mr. Mondavi") filed Proof of Claim No. 91790 ("Claim") against Debtors for damages suffered as a result of the 2017 North Bay Fires ("Fire"). Unfortunately, due to an error by counsel, the Claim did not include damages for the harm suffered by Mr. Mondavi's family members, including Lydia Abernathy Mondavi ("Ms. Mondavi)—Mr. Mondavi's wife, and their two minor children—RMM and RARM (collectively, "Additional Claimants," and together with Mr. Mondavi, "Movants").

Movants now seek to (a) amend the Claim to include the damages suffered by the Additional Claimants under Federal Rule of Bankruptcy Procedure ("Rule") 7015; or (b) have the Additional Claimants otherwise late-filed claim related to the harm caused by the Fire deemed timely under Rule 9006(b). This Motion is based on the Points and Authorities set forth herein, the concurrently filed Notice of Hearing, the Declaration of Kevin M. Pollack in support of the Motion, and any other evidence or argument presented to the Court at or before the time of the hearing on this matter.

## POINTS AND AUTHORITIES

1. **FACTS**

   a. **General Background**

   In January 2019, the Debtors filed voluntary Chapter 11 petitions, commencing these cases. Dkt No. 1.

   Initially, the Court set a claims bar of October 21, 2019. Dkt. No. 2806. The claims bar date was extended to December 31, 2019, to allow certain fire victims additional time to file claims against the Debtors. Dkt. No. 4651.

   Jointly, the Debtors proposed a chapter 11 plan of reorganization that, among other things, channeled all fire victim claims to the Fire Victim Trust ("Plan"). Dkt. No. 8048. On June 20, 2020, the Court entered an order confirming Debtors' Plan. Dkt. No. 8053.

   b. **The Claim Against the Debtors**

   On December 27, 2019, the Claim was filed asserting damages for, among other things, economic and noneconomic damages associated with having evacuate their home as a result of the

Atlas Peak Fire. A true and correct copy of the Claim is attached to the declaration of Kevin M. Pollack ("Pollack Decl.") as Exhibit 1. Although the Additional Claimants also resided in the Home and were forced to evacuate, claims relating to their losses were inadvertently omitted from the Claim by counsel. Pollack Decl., ¶¶5-9.

In February 2021, the Claim's omission of the damages suffered by the Additional Claimants was discovered. Bryson Decl., ¶9.

## 2. MOVANTS ARE ENTITLED TO AMEND THE CLAIMS.

Movants are entitled to assert claims related to the damages suffered by the Additional Claimants. Under Rule 7015, Movants are entitled to amend the Claim because the amendments merely add averments permitting a recovery for damages to the Additional Claimants based on the same set of facts—the damage to their the Home and its contents by the Fire. Alternatively, Rule 9006(b)(1) allows the Additional Claimants to have a timely-filed claim related to the damages they suffered because the exclusion of such damages from the Claim was the result of counsel's inadvertent error.

For the following reasons, the Motion should be granted.

### a. The Claims Can Be Amended Under Rule 7015.

FRBP 7015 governs "[a]mended and [s]upplemental pleadings." Applying this Rule, courts consistently recognize that "[a] party that wishes to amend its claim after the bar date has passed must obtain permission of the bankruptcy court." *In re Quinn*, 423 B.R. 454, 463 (Bankr. D. Del. 2009). *See also, In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3rd Cir. 1999).

Like other courts, the Ninth Circuit has "consistently applied the 'so called rule of liberality in amendments' to creditors' proofs of claim,'" such that amended claims relate back to the previously filed claim. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991) (*quoting In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1287 (9th Cir. 1986). *See also,* 4 Collier on Bankruptcy Proc. §501.02 (16th ed. 2020) (noting that courts freely allow amendments to a proof of claim, both before and after the bar date). Summarizing the liberality in amendment standard as applied to a proof of claim, one court stated, "[a]mendments to proofs of claim should be freely allowed where the purpose is to cure defects in the claim as originally filed, to describe a claim with greater particularity, or to plead new

theories of recovery on facts set forth in the original claim." *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309.

In the context of a motion to amend a complaint, the Ninth Circuit considers five factors in deciding whether to permit an amended pleading: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendments, and (5) whether plaintiff has previously amended [its] complaint." *Learjet, Inc. v. Oneok, Inc. (In re Western States Wholesale Natural Gas Antitrust Litigation)*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "It is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

Here, Movants undeniably suffered harm when their home was placed in the Fire's crosshairs and they were forced to evacuate when they feared for their very lives. Movants seek to amend the Claim to include averments for the harm that the Additional Claimants suffered, which were inadvertently omitted by counsel when the Claim was prepared and filed. Bryson Decl. ¶¶5-9. This is Movants' first request to amend the Claim and bad faith and undue delay are not present. Indeed, the Claim was timely-filed and Movants believed that all relevant assertions had been included. *Id*. Further, the amendment is not futile. Movants undeniably suffered both economic and non-economic harm as a result of the damages they suffered as a result of the Fire, meaning the proposed amendments merely add another theory of recovery based on the same facts alleged in the Claim. *In re Ben Franklin Hotel Assocs.*, 186 F.3d at 309. Most importantly, the Debtors will not be prejudiced by the amendments as the estates are solvent and all fire-related claims have been channeled to the Fire Victim Trust, which was established to fully compensate victims for Debtors' wrong-doing.

Thus, Movants should be permitted to amend the Claim to include the damages suffered by the Additional Claimants as a result of the Fire.

### b. <u>Alternatively, The Time For The Additional Claimants To File A Claim Should Be Extended Under Rule 9006.</u>

Alternatively, the time for the Additional Claimants to file a claim relating to the harm done by the Fire should be extended under Rule 9006(b)(1). The court has "broad equitable powers" to extend the time for filing a proof of claim. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507

4

U.S. 380, 389 (1993). Rule 9001(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstance beyond a party's control." *Id.* at 381. Indeed, even a creditor that received notice of a bar date may file a proof of claim in a Chapter 11 case with a showing of "excusable neglect." *Id.* at 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In determining if a creditor's failure to act was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. A late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., In re Zilog, Inc.*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors).

Here, the *Pioneer* factors weigh in favor of permitting the Additional Claimants to assert a claim for the harm they suffered from the Fire. First, there is no danger of prejudice to the Debtors as the estates are solvent and all creditors will be paid. *See*, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015). Second, the delay in asserting the damages suffered by the Additional Claimants will have no impact on the administration of the cases as all fire-related claims have been channeled to the fire victims' trust. Third, the Claim's omission of the damages suffered by the Additional Claimants was the result of counsel's error, not the actions of Movants. Pollack Decl., ¶¶5-9. Indeed, the Additional Claimants have, at all times, acted in good faith as they attempt to recover for the harm inflicted on them by the Fire. Finally, there is no prospect of prejudice beyond solvency as distributions have not yet been made to fire victims and the value of Additional Claimants' damages relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## 3. CONCLUSION

For the foregoing reasons, the Motion should be granted. When the Claim was submitted, allegations of damages suffered by the Additional Claimants were inadvertently omitted by counsel. As a result, Movants should be allowed either (a) to amend the Claim under Rule 7015 to include the damages suffered by the Additional Claimants; or (b) a timely-filed claim related to the damage that the Additional Claimants suffered under Rule 9006(b).

Respectfully submitted,

Dated: February 18, 2021　　GRIMSHAW LAW GROUP, P.C.

By: _____
　　MATTHEW W. GRIMSHAW

Dated: February 18, 2021　　ROBINS CLOUD LLP

By: _____
KEVIN M. POLLACK
Attorneys for Robert Michael Mondavi, Jr., individually and as *guardian ad litem* for RMM and RARM; and Lydia Abernathy Mondavi