BRENDAN KUNKLE (State Bar # 173292)
bkunkle@abbeylaw.com
ABBEY, WEITZENBERG, WARREN & EMERY, PC
100 Stony Point Road, Suite 200
Santa Rosa, CA 95402
Telephone: (707) 542-5050
Fax: (707) 542-2589

MAX SCHUVER (SBN 273004)
WALKUP, MELODIA, KELLY & SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
mschuver@walkuplawoffice.com

*Attorneys for Movant Shogi Dinyari*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>**PG&E CORPORATION**<br>-and-<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>■ Affects both Debtors<br>**All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Bankruptcy Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**MOTION TO ALLOW/DEEM TIMELY LATE FILING OF PROOF OF CLAIM BY MOVANT SHOGI DINYARI; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MAX SCHUVER**<br>Judge: Hon. Dennis Montali<br>Date: March 24, 2021<br>Time: 10:00 a.m.<br>Place.: (Telephonic/Video Appearances Only)<br>United States Bankruptcy Court Courtroom 17,<br>450 Golden Gate Ave., 16th Floor<br>San Francisco, CA<br>Objection Deadline: March 17, 2021 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The firms of Abbey, Weitzenberg, Warren & Emery and Walkup, Melodia, Kelly & Schoenberger, together with several other firms, represent thousands of victims of the Fires started by PG&E in 2017 (generally referred to as the "North Bay Fires") and 2018 ("Camp Fire").

Abbey, Weitzenberg, Warren & Emery and Walkup, Melodia, Kelly & Schoenberger respectfully file this motion "Motion" on behalf of Shogi Dinyari ("Movant") to deem timely late filing of proof of claim ("Subject Proof of Claim").

## I. SUMMARY OF ARGUMENT

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, due to factors outside of Movant's control, Movant was unable to timely file a proof of claim. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow Movant Shogi Dinyari to have his claim to the Fire Victim Trust deemed timely. This Court must determine whether to grant the Motion.

## II. II. FACTUAL BACKGROUND

### A. Movants' Claims Arising From Camp Fire

Claimant Shogi Dinyari was a twenty-one-year-old property owner who used his life's savings to purchase the parcel associated with 5615 Skyway in Paradise, California three months prior to the Camp Fire. The parcel hosted a mobile home park with over 17 units and associated outbuildings, such as a laundry unit and a studio. He worked there daily, interacting with the residents and strengthening his investment. On November 8, 2018, the Camp Fire destroyed the entire parcel that

Shogi owned, including all of the homes on the mobile home park and their possessions. The Camp Fire left Shogi without a source of income, having depleted his savings. He also suffered from feelings of guilt and failure as a result of the destruction.

In the weeks and months following the Camp Fire, Shogi encountered significant complications with the previous owner of the property and the insurance company, all of which were unavoidable and out of Shogi's control. Shogi's insurer issued his insurance proceeds check to both Shogi and the previous owner as co-recipients, which led to a lengthy delay in getting his funds. By the time Shogi settled the dispute over the funds with the previous owner, the insurance check had expired and they needed to request a replacement check. Over a year and a half later, Shogi finally concluded his negotiations with insurance and the previous property owner, but his compensation was far less than what was initially offered.

Unfortunately, this ordeal also was an acute strain on Shogi's mental health. He slipped into a clinical depression due to his young age, general inexperience with property ownership, and guilt he felt about the loss of the mobile home park. Farbod Dinyari, Shogi's father, recognized his son's struggles and began working to become Shogi's power of attorney so he could help Shogi file a claim and rebuild from the fire. It took several months to accomplish this, but on August 4, 2020, Farbod Dinyari became Shogi's power of attorney and immediately started work to file his son's claim.

These complications were not in Shogi or Farbod's control, and finalizing disputes with these third parties proved more time consuming than anticipated. Solving these conflicts and recouping from the event took up the majority of Shogi's time and mental energy, and thus, he failed to adhere to the December 31, 2019 filing deadline. On January 26, 2021, Walkup, Melodia, Kelly & Schoenberger filed a claim in this action on behalf of the Movant. A true and correct copy of the Subject Proof of

Claim is attached hereto as **Exhibit A**.

### B. General Procedural Background

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California prior to the Petition Date, and PG&E's potential liabilities arising therefrom.

Since, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) & 1108, the Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP").

### C. Plan, Disclosure Statement, and the Solicitation Procedures Motion

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief (the "Solicitation Procedures Motion").

On March 16, 2020, as Dk. No. 6320, the Debtors filed the Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of

4

Reorganization Dated March 16, 2020.

On March 17, 2020, the Solicitations Procedures Motion was approved and the Disclosure Statement and Plan circulated for votes.

The Debtors Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020 [Docket No. 6320] was amended on May 22, 2020 [Docket No. 7521], and on June 19, 2020 [Docket No. 8048].

On June 20, 2020, an order was issued confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020 [Docket No. 8053].

### D. Extended Bar Date for Fire Victim Creditors

The deadline for filing proofs of claim with respect to any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date"). The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely for the benefit of any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date.

### III. LEGAL ARGUMENT

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case with respect to the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a

creditor that did in fact receive notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon a showing of "excusable neglect." *Id.* At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *see also Corning v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer*'s non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. *See, e.g., ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). All in all, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—as well as a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Movant.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Movant's favor. Debtors' estates are solvent, and all creditors stand to be paid. *See, e.g., In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy

for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, immediately, upon receiving all the necessary information, the Subject Proof of Claim was filed. Thirdly, the delay in filing the Subject Proofs of Claim is reasonable considering that, at the time of the bar date, Movant had not yet been a claimant in this action. This delay was beyond Movant's control, as explained in detail above. As soon as was feasible, Movant filed a claim in this action. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) distributions have not been made; and (b) the value of Movants' claims relative to the value of Debtors' estates is low. *See*, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

## IV. CONCLUSION

For the reasons set forth above, Movant Shogi Dinyari respectfully requests that this Court enter an order pursuant to Bankruptcy Rule 9006(b)(1) as follow:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed by Movant is to be allowed as having been timely filed; and
3. Granting such other or further relief as the Court deems just and proper.

Dated: February 22, 2021    ABBEY, WEITZENBERG, WARREN & EMERY, PC

By: */s/ Brendan Kunkle*
BRENDAN KUNKLE (SBN 173292)
ABBEY, WEITZENBERG, WARREN &
EMERY, PC
100 Stony Point Road, Suite 200
Santa Rosa, CA 95402
Telephone: (707) 542-5050
Facsimilie: (707) 542-2589
bkunkle@abbeylaw.com
Attorneys for Movant Shogi Dinyari

Dated: February 22, 2021    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: */s/ Max Schuver*
MAX SCHUVER (SBN 273004)
WALKUP, MELODIA, KELLY &
SCHOENBERGER
650 California Street, 26th Floor
San Francisco, CA 94108
Telephone: (415) 981-7210
Facsimile: (415) 391-6965
mschuver@walkuplawoffice.com
Attorneys for Movant Shogi Dinyari

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By:     */s/ Brendan Kunkle*
        BRENDAN KUNKLE

# EXHIBIT 1

# DECLARATION OF MAX SCHUVER

I, MAX SCHUVER, say and declare as follows:

I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am an attorney at law duly admitted to practice before this Court and courts of the State of California.

5. I am an attorney with the law firm of Walkup, Melodia, Kelly & Schoenberger, attorneys of record for hundreds of victims of the fires started by PG&E in 2017 (the numerous fires generally referred to as the "North Bay"), and 2018 ("Camp Fire").

6. I make this Declaration in support of the motion to allow late filing of a proof of claim ("Motion") on behalf of Shogi Dinyari and his power of attorney, Farbod Dinyari. Mr. Dinyari is represented by Walkup, Melodia, Kelly & Schoenberger.

7. This client did not have a claim filed before the December 31, 2019 claims bar date due to unavoidable and excusable delay and should be allowed to file a proof of claim after the bar date.

8. Shogi Dinyari purchased the parcel associated with 5615 Skyway in Paradise, California three months prior to the Camp Fire.

9. On or soon after November 8, 2018, the Camp Fire caused catastrophic property damage to the 5615 Skyway parcel.

10. Shogi Dinyari's insurer issued his insurance proceeds check to both Shogi and the previous owner of the property, which led to a lengthy delay in getting his funds. During this delay, the insurance check had expired, requiring Shogi to request a new one. Over a year and a half later, Shogi Dinyari finally concluded his

11

negotiations with the insurance carrier and the previous property owner, but his compensation was far less than what was initially offered.

11. This ordeal also was an acute strain on Shogi's mental health. He slipped into a clinical depression due to his young age, general inexperience with property ownership, and guilt he felt about the loss of the mobile home park.

12. Farbod Dinyari became Shogi's power of attorney on August 4, 2020 and immediately started work to file his son's claim.

13. Because of these complications and stressors, Shogi Dinyari missed the filing deadline of December 31, 2019.

14. On February 19, 2021 Walkup, Melodia, Kelly & Schoenberger filed a claim in this action on behalf of the Movant. A true and correct copy of the Subject Proof of Claim is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and executed this 22nd day of February 2021.

By: _____*/s/ Mark Johnson*_____
MARK JOHNSON

# EXHIBIT A

# Filed Proof of Claim

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

In re:
PG&E CORPORATION,
- and -
PACIFIC GAS AND ELECTRIC
COMPANY,
                    Debtors.

Bankruptcy Case
No. 19-30088 (DM)

Chapter 11
(Lead Case)
(Jointly Administered)

# Proof of Claim (Fire Claim Related)

Read the instructions before filing this claim form. This form is for tort claimants who have a claim against the Debtors (i.e. PG&E Corporation and Pacific Gas and Electric Company) that arose prior to the Debtors filing for bankruptcy (i.e. prior to January 29, 2019) and that arose from, or relates to, a fire.

**Do not use this form for non-fire claims. Non-fire tort claimants should use Form 410.**

Do NOT file a fraudulent claim. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Please type or print in the spaces below. Do NOT use red ink or pencil.

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   SHOGI DINYARI
   Name of the current creditor (the person or entity to be paid for this claim)

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Are you filing this claim on behalf of your family?**
   ☑ No
   ☐ Yes
   A family is a group of two or more people related by birth, marriage, domestic partnership, or adoption and residing together. All such people are considered as members of one family.

   If you checked "Yes", please provide the full name of each family member that you are filing on behalf of:

4. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Name SHOGI DINYARI
   Attorney Name (if applicable) Baghdadi, Khaldoun
   Attorney Bar Number (if applicable) 190111
   Street Address 650 California Street, 26th Floor
   City San Francisco
   State California
   Zip Code 94108
   Phone Number 4159817210
   Email Address kbaghdadi@walkuplawoffice.com

   Where should payments to the creditor be sent?
   (if different)
   Name _____
   Attorney Name (if applicable) _____
   Attorney Bar Number (if applicable) _____
   Street Address _____
   City _____
   State _____
   Zip Code _____
   Phone Number _____
   Email Address _____

5. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____
   Filed on ___/___/___
   MM / DD / YYYY

6. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Proof of Claim (Fire Related)                                                                 Page 1

**Part 2:** Give Information About the Claim as of the Date this Claim Form is Filed

| 7. What fire is the basis of your claim?<br>Check all that apply. | ☑ Camp Fire (2018)<br>☐ North Bay Fires (2017)<br>☐ Ghost Ship Fire (2016)<br>☐ Butte Fire (2015)<br>☐ Other (please provide date and brief description of fire: _____ |
|---|---|
| 8. What are the loss location(s) where you and/or your family suffered harm? (e.g. home or business address, place of injury, place from which you were evacuated, if different.? | Location(s): 5615 Skyway, Paradise, CA 95969-4933 |
| 9. How were you and/or your family harmed?<br>Check all that apply | ☑ Property Damage (homes, structures, personal property, land, trees, landscaping, and all other property damage)<br>　☑ Owner ☐ Renter ☐ Occupant ☐ Other (Please specify): _____<br>☑ Personal Injury<br>☐ Wrongful Death (if checked, please provide the name of the deceased) _____<br>☑ Business Loss/Interruption<br>☑ Lost wages and earning capacity<br>☑ Loss of community and essential services<br>☐ Agricultural loss<br>☐ Other (Please specify): _____ |
| 10. What damages are you and/or your family claiming/seeking?<br>Check all that apply | ☑ Economic damages (including replacement cost of damaged property, diminution in value, loss of use, lost inventory, lost profits, and other economic damage)<br>☑ Non-economic damages (including loss of society and support, loss of consortium, pain and suffering, emotional distress, annoyance and discomfort, and other non-economic damage)<br>☑ Punitive, exemplary, and statutory damages<br>☑ Attorney's fees and litigation costs<br>☑ Interest<br>☑ Any and all other damages recoverable under California law<br>☐ Other (Please specify): _____ |
| 11. How much is the claim? | ☐ $_____ (optional)<br>☑ Unknown / To be determined at a later date |

**Proof of Claim (Fire Related)** Page 2

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *Khaldoun Baghdadi*
Khaldoun Baghdadi (Feb 19, 2021 16:22 PST)

Email: ostephens@walkuplawoffice.com

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Khaldoun Baghdadi |
| | First name   Middle name   Last name |
| Title | Shareholder |
| Company | Walkup, Melodia, Kelly & Schoenberger |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 650 California Street, 26th Floor |
| | Number   Street |
| | San Francisco          CA    94108 |
| | City          State   ZIP Code |
| Contact phone | 4159817210   Email  kbaghdadi@walkuplawoffice.com |

Proof of Claim (Fire Related)          Page 3

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation. (attach below)  ☒ I do **not** have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim (Fire Claim Related)

United States Bankruptcy Court

You may have a claim against the Debtors for monetary loss, personal injury (including death), or other asserted damages arising out of or related to a fire. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the chapter 11 process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date this claim form is filed.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **For a minor child, fill in only the child's initials and the full name of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent)*. See Bankruptcy Rule 9037.
- **You may but are not required to attach supporting documents to this form.**
  Supporting documents will be gathered, maintained, and provided at a later date as instructed by the Court. If you do attach documents, you should attach redacted documents as supporting documentation will be made publicly available and will not be kept confidential. *See* the definition of *redaction* of information below.
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **Question 3.** Members of a family may but are not required to file a proof of claim as a family but may, if they choose, submit individual claim forms for each family member that has a claim against the debtors.
- **Question 9.** If you suffered property damage, then provide the street address of each real property parcel where you suffered property damage. If you were personally evacuated as the result of a fire, then provide the address or intersection closest to where you encountered the fire and began evacuation. If you suffered property damage and were evacuated from a different location, include both. If you were a renter, provide the address of your residence.
- **Question 10.** This question requests general statements of underlying facts relating to harm and is not intended to be exhaustive or preclusive.
- **Question 11.** You are not required to include a claim amount with your proof of claim. Providing a claim amount at this time is optional.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form together with the original. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://restructuring.primeclerk.com/pge.

Proof of Claim Instructions (Fire Related)  Page 1
Case: 19-30088   Doc# 10246   Filed: 02/22/21   Entered: 02/22/21 11:52:26   Page 18 of 20

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. In this instance, PG&E Corporation and Pacific Gas & Electric Company.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the creditor has a claim against the debtors on or before the date of the bankruptcy filing (in these cases, January 29, 2019). The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
PG&E Corporation Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also hand deliver your completed Proof(s) of Claim to any of the following service center offices (beginning July 15, 2019 through the Bar Date (October 21, 2019) during the hours of 8:30 a.m. – 5:00 p.m. Prevailing Pacific Time):

Chico Service Center
350 Salem Street
Chico, CA 95928

Marysville Service Center
231 "D" Street
Marysville, CA 95901

Napa Service Center
1850 Soscol Ave. Ste 105
Napa, CA 94559

Oroville Service Center
1567 Huntoon Street
Oroville, CA 95965

Redding Service Center
3600 Meadow View Road
Redding, CA 96002

Santa Rosa Service Center
111 Stony Circle
Santa Rosa, CA 95401

**Photocopy machines will not be available at the Claim Service Centers; you must bring a photocopy of your Proof of Claim if you wish to receive a date-stamped copy.**

**Do not file these instructions with your form**

# Electronic Proof of Claim_JZC$X27402[[CSLT#4025#CF]]

Final Audit Report                                              2021-02-20

| | |
|---|---|
| Created: | 2021-02-20 |
| By: | Prime Clerk E-Filing (efiling@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAOBoMlIJCV9j9pN65B9o30uIXxHgKRZek |

## "Electronic Proof of Claim_JZC$X27402[[CSLT#4025#CF]]" History

- Web Form created by Prime Clerk E-Filing (efiling@primeclerk.com)
  2021-02-20 - 0:12:39 AM GMT

- Web Form filled in by Khaldoun Baghdadi (ostephens@walkuplawoffice.com)
  2021-02-20 - 0:22:02 AM GMT- IP address: 67.180.77.161

- (User email address provided through API User-Agent: Mozilla/5.0 (Macintosh; Intel Mac OS X 11_2_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/88.0.4324.182 Safari/537.36)
  2021-02-20 - 0:22:04 AM GMT- IP address: 67.180.77.161

- Agreement completed.
  2021-02-20 - 0:22:04 AM GMT

Prime Clerk | POWERED BY Adobe Sign