Northern California Law Group, PC.
Joseph Feist, SBN 249447
2611 Esplanade
Chico, CA 95973
Tel: 530-433-0233 | Fax: 916-426-7848
info@norcallawgroup.net

Attorney for Claimant
Misti Mosley

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 19-30088-DM |
| | ) |
| PG&E Corporation, | ) Chapter 11 |
| | ) Lead Case, Jointly Administered |
| and | ) |
| | ) **MOTION PURSUANT TO FED. R. BANKR.** |
| PACIFIC GAS AND ELECTRIC | ) **PROC. 7015 AND 7017 TO ENLARGE TIME** |
| COMPANY, | ) **TO FILE PROOF OF CLAIM PURSUANT** |
| | ) **TO FED. R. BANKR. PROC. 9006(b)(1)** |
| Debtors. | ) |

Date:
Time: 10:00 a.m. (Pacific Time)
Place: Telephonic/Video Appearances Only
    United States Bankruptcy Court
    Courtroom 17,
    450 Golden Gate Ave., 16th Floor
    San Francisco, CA
Judge: Hon. Dennis Montali

[x] Affects both Debtors

*All paper shall be filed in the Lead Case,
No. 19-30088-DM

    Objection Date: March 31, 2021

**BACKGROUND**

Pursuant to Rules 7015 and 7017 of Federal Rules of Bankruptcy Procedure, which

incorporate Federal Rules of Civil Procedure 15 and 17, by this motion ("Motion"), Misti Mosley

("Movant") moves the court for an order expanding the time to file a Proof of Claim, and allow,

Claim Number (not yet assigned) that was filed February 23, 2021 with Prime Clerk and submitted with this motion as "Exhibit A", to be considered timely filed.

This Motion is based upon the points and authorities set forth herein and the concurrently filed Notice of Hearing, Declaration of Misti Mosley, and Declaration of attorney Joseph Feist in support of the Motion, in addition to any evidence or oral argument presented at the time of any hearing on this matter. In support thereof, the Movants, by and through their undersigned counsel, respectfully represent as follows:

**BASIS FOR RELIEF REQUESTED**

The general bar date in these cases was October 21, 2019 ("Original Bar Date"). The process for submission of timely claims was continued after the Original Bar Date. Pursuant to the Stipulation Between Debtors and Official Committee of Tort Claimants to Extend Bar Date for Fire Claimants and for Appointment of Claims Representative (Dkt No. 4651), the Original Bar Date was extended for the benefit of Unfiled Fire Claimants to December 31, 2019 at 5:00 p.m. (Prevailing Pacific Time). The Debtors' Chapter 11 plan ("Plan") was confirmed by court order on June 20, 2020, and pursuant to the Notice of Effective Date, the Plan became effective as of July 1, 2020.

This Motion concerns the claim of Misti Mosley who never submitted a claim until she hired counsel on February 22, 2021 and a claim was prepared and submitted on her behalf on February 23, 2021 (Exhibit "A"). Mrs. Mosley's claim includes losses associated with personal property caused by the LaPorte Fire on October 10, 2017 and then subsequent damage sustained by the Camp Fire on November 8, 2018. Unfortunately, the only relief available to Mrs. Mosley is through this motion for her late filed claim to be allowed by this court and the claim considered by the Fire Victim Trust. Therefore, it is respectfully requested the Court grant such relief.

Pursuant to Rules 7015 and 7017 of Federal Bankruptcy Procedure (which incorporate Federal Rules of Civil Procedure 15(c) and 17(a)(3)), because there is a lack of bad faith on the part

of the Movant and her counsel in failing to submit Mrs. Mosley's original claim timely, it is respectfully requested the Court allow an extension of the bar date required to effectuate the purpose of Rules 7015 and 7015, and the mistake should be allowed to be corrected by permitting the late filing of the Proof of Claim under Bankruptcy Rule 9006(b).

Application of the *Pioneer* factors shows that Movants' late filing is the result of excusable neglect and therefore permissible under Rule 9006(b)(1), the Supreme Court explained that Congress, by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, (1993) 507 U.S. 380 at 388. The Supreme Court further clarified that whether a claimant's neglect of a deadline is excusable is an equitable determination, taking account of all the relevant circumstances surrounding the claimant's omission. See *id*. At 395. These equitable considerations include (1) The danger of prejudice to the debtor, (2) The length of the delay and its potential impact on judicial proceedings, (3) The reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

As to the first such factor, Movants' late filing will cause no prejudice to Debtors, inasmuch as the Plan has been confirmed, the associated Fire Victim Trust funded, and so the inclusion of the Movants' claim in the pool of fire victim claims will have no impact at all on the Debtors or the bankruptcy estates.

As to the second factor, Movants' delay in filing this claim and any resultant impact on these proceedings are exceedingly modest and immaterial for the same reasons that Debtors will not be prejudiced.

As to the third factor, the reason for the delay and whether it was in Movants' reasonable control, claimant's counsel can only rely on the explanation of his client and that is that Mrs. Mosely reasonably relied on her husband Clifford Mosely's assertions when he expressed to her that he had taken the reasonable measures to retain counsel for both of them when he hired our firm on August 20, 2019. On February 5, 2021 after several months of attempting to reach Mr. Mosely with unsuccessful results, our office subsequently hired a private investigator to locate Mr. Mosely. We subsequently discovered he had passed away and through the private investigator we were able to locate his next of kin, the Movant herein. On February 17, 2021 we were able to make contact with Mrs. Mosely, at which time we informed her she was not represented by our firm in her claims in the said action. This was the first time she was made aware that a timely Proof of Claim was not filed on her behalf. Unfortunately, Mrs. Mosely is not legally sophisticated and did seek to confirm whether or not her husband filed a timely Proof of Claim and/or hire counsel on her behalf. On February 22, 2021, the Movant hired our firm to represent her in the matter at hand.

As to the final factor, the Movant is acting in good faith in filing her proof of claim as she is a victim of both the LaPorte and the Camp Fire and that but for the mistake, she would have been included in the claims already timely filed in the Court. Based on the above, Claimant's counsel requests the claim be allowed and deemed timely filed due to Movant's lack of bad faith in her reliance on her deceased husband's assertion that he had secured counsel for her and filed a timely Proof of Claim on her behalf.

### CONCLUSION

For the reasons set forth above, Movants respectfully request that this Court enter an order pursuant to Bankruptcy Rules 7015, 7017, 9006(b)(1) as follows:

1. Granting this Motion;

2. Directing that Exhibit A, the Proof of Claim, Claim Number (not yet assigned), be

   deemed timely filed;

3. Granting such other or further relief as the Court deems just and proper.


Dated: February 23, 2021

__/s/ Joseph Feist___

Joseph K. Feist
Attorney for Claimant