Angela Jae Chun, SBN 248571
ajc@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Claimant Linda Garwood

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>and<br><br>PACIFIC GAS AND ELECTRIC COMPANY<br><br>Debtors.<br><br>Affects:<br><br>PG&E Corporation<br>Pacific Gas & Electric Company<br>**<u>Both Debtors</u>**<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM). | Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case–Jointly Administered)<br><br>**LINDA GARWOOD'S MOTION TO DEEM HER LATE-FILED PROOF OF CLAIM TIMELY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 24, 2021<br>Time: 10:00 a.m. (Pacific)<br>Place: **Telephonic Appearances Only**<br>     United States Bankruptcy Court: Courtroom 17, 16th Floor<br>     San Francisco, CA 94102<br><br>Objection Deadline: December 1, 2020 |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

Claimant Linda Gardwood ("Ms. Garwood") moves to deem her late-filed proof of claim ("POC") timely.

-1-      Case No. 19-30088 (DM)
Linda Garwood's Memo of Ps & As ISO Motion to Deem POC Timely
Case: 19-30088   Doc# 10308-1   Filed: 03/24/21   Entered: 03/24/21 16:44:36   Page 1 of 6

I.      **Summary of Argument**

A POC may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, because Ms. Garwood's prior attorneys inadvertently neglected to file a timely POC on her behalf even though her 1500 square foot home and large detached garaged was completely destroyed by the 2018 Camp Fire.

Ms. Garwood then came to her new attorney of record for help to rectify an error not of her own creation. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to allow this fire victim survivor to have her POC deemed timely.

II.     **Factual Background**

A.      **Garwood's Claims Arising From Camp Fire and Retention of New Counsel.**

Ms. Garwood is a survivor of the 2018 Camp Fire. Specifically, at the time of the fire, she resided at 4031 Pentz Road, Paradise, California 95969 ("Property") and evacuated from this location, which ultimately resulted in the total loss of her home and all personal property, among other damages.

Ms. Garwood sought counsel from attorneys. However, these attorneys inadvertently neglected to timely file a POC on her behalf. Accordingly, Ms. Garwood sought the legal services of a new attorney.

Ms. Garwood's new attorneys told her a motion must be filed make her proof of claim timely. In the meantime, Ms. Garwood's new attorneys and her team worked up Ms. Garwood's case and are expected to ask for approximately $770,000 just for damage to her real property structures. Undeniably, Ms. Garwood has significant damages in personal property loss, zone of danger and nuisance damages as well. She must not be denied justice because her prior attorneys inadvertently did not file a timely POC.

B.      **Pertinent Bankruptcy Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric

Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California before the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing POCs regarding any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and to avoid doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely to benefit any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date. See, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. See, Dk. No. 8053.

### III. Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case regarding the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Altogether, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.*, at 381. Even a creditor that received notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon showing "excusable neglect." *Id*. At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395; see also *Corning v. Corning* (*In re Zilog, Inc.*), 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer's* non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of claim or did not realize that she had to, before the bar date. See, e.g., *ZiLOG, Inc. v. Corning* (*In re ZiLOG, Inc.*), 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). Altogether, Rule 9006(b)(1) allows "late filings caused by

inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—and a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Ms. Garwood

Because in this case, there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Ms. Garwood favor. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, upon understanding the Ms. Garwood had no POC on file, her new attorney will file a POC concurrent with this Motion and before the deadline to submit claims. Ms. Garwood's worked up claim will be submitted to the Fire Victims Trust before the deadline of February 26, 2021. Thirdly, the delay in filing the Subject Proof of Claim is reasonable considering it was no fault of her own that she failed to file a POC. That mistake was made by her prior attorneys. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not been made; and (b) the value of Ms. Garwood's claim relative to the value of Debtors' estates is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice).

Again, Ms. Garwood's claim has been fully worked up by her new attorney who can file her claim immediately after so long as this Motion is granted. Accordingly, granting this Motion shall prejudice no other party's rights or interests. Denying this motion because of her prior attorney's mistake in failing to file a timely proof of claim, on the other hand, would severely prejudice Ms. Garwood for the rest of her life.

### IV. Conclusion

Ms. Garwood respectfully requests this Court enter an order under Bankruptcy Rule 9006(b)(1) as follows:

1. Granting the Motion;
2. Finding that Subject Proof of Claim filed by Ms. Garwood is to be deemed timely;
3. Granting such other or further relief as the Court deems just and proper.

Dated: February 23, 2021

CASEY GERRY SCHENK
FRANCAVILLA BLATT & PENFIELD, LLP

By: s/Angela Jae Chun
ANGELA JAE CHUN
*ajc@cglaw.com*
Attorneys for Claimant