Angela Jae Chun, SBN 248571
*ajc@cglaw.com*
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Claimant Kimberly Locke-Russell

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re | Case No. 19-30088 (DM) |
| PG&E CORPORATION, | Chapter 11 |
| and | (Lead Case–Jointly Administered) |
| PACIFIC GAS AND ELECTRIC COMPANY | **KIMBERLY LOCKE-RUSSELL'S MOTION TO DEEM HER LATE-FILED PROOF OF CLAIM TIMELY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Debtors. | |
| Affects: | Date: March 24, 2021 |
| PG&E Corporation | Time: 10:00 a.m. (Pacific) |
| Pacific Gas & Electric Company | Place: **Telephonic Appearances Only** |
| **Both Debtors** | United States Bankruptcy Court: Courtroom 17, 16th Floor |
| * All papers shall be filed in the Lead Case, No. 19-30088 (DM). | San Francisco, CA 94102 |
| | Objection Deadline: December 1, 2020 |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES

BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES

TRUSTEE, AND ALL INTERESTED PARTIES:

By virtue of the Motion, Ms. Kimberly Locke-Russell ("Ms. Locke-Russell")

seeks to deem her late-filed proof of claim timely.

# I. Summary of Argument

A proof of claim may be deemed timely upon a showing of excusable neglect and lack of prejudice. In this case, Ms. Locke-Russell was stationed with her husband on a military base. Her grandmother's house which she had hoped to inherit someday was completed destroyed. She wasn't in Paradise at the time of the fire, but her family and friends were. She lived on the military base with her husband and took care of her autistic son. Her things back home in Paradise were packed in storage. In conversations with her family, she truly believed that she was put on her parents' proof of Claim. Unfortunately, she later learned that she was not put on her parents' proof of claim and thereafter came to an attorney for help in remedying an error not of her own creation. Because there is no danger of prejudice to the Debtors as Debtors' estates are solvent, and all creditors stand to be paid, the Motion should be granted to have Ms. Locke-Russell, military spouse and proud mother of an autistic son, to have her late-filed claim deemed timely.

# II. Factual Background

## A. Locke-Russell's Claims Arising From Camp Fire and Retention of Counsel.

Ms. Garwood was not in Paradise at the time of the Camp Fire. However, she was specifically affected by it as that is where all her friends and family resides. Her grandmother's home – the one she hoped to inherit someday – burned down to the ground. All of her personal property left behind at her grandmother's home in Paradise was destroyed.

Ms. Locke-Russell rightly believed PG&E and the Camp Fire it created caused her significant damages compensable by law. She believed that she could pursue her claims by being named on the proof of claim of her parents (also Camp Fire Victims). However, Ms. Locke-Russell came to learn that she was not, in fact, listed as a claimant on her parent's proof of claim, but wishes to submit a for damages with the Fire Victim's Trust before the February 26, 2021 deadline to do so. Undeniably, she

has significant damages in personal property loss and nuisance damages.

**B.      Pertinent Bankruptcy Background**

On January 29, 2019, PG&E Corporation and Pacific Gas and Electric Company ("Debtors" or "PG&E") commenced with the Court voluntary cases ("Chapter 11 Cases") under chapter 11 of the United States Code ("Bankruptcy Code"). PG&E's chapter 11 filings were necessitated by a confluence of factors resulting from catastrophic fires that occurred in Northern California before the Petition Date, and PG&E's potential liabilities arising therefrom.

The deadline for filing proofs of claim regarding any prepetition claim including, but not limited to, all claims of Fire Claimants, Wildfire Subrogation Claimants, Governmental Units and Customers, and to avoid doubt, including all secured claims and priority claims, against either of the Debtors was October 21, 2019 at 5:00 p.m. ("General Bar Date").

The deadline for filing claims was extended to December 31, 2019 ("Extended Bar Date"), solely to benefit any non-governmental Fire Claimants who did not filed Proofs of Claim by the General Bar Date. See, Dk. No. 4672.

On January 31, 2020, as Dk. No. 5590, the Debtors filed an Amended Chapter 11 Plan Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated January 31, 2020.

On February 7, 2020, as Dk. No. 5700, the Debtors filed a Disclosure Statement for the Amended Plan.

On February 19, 2020, as Dk. No. 5835, the Debtors filed Motion for Entry of an Order (I) Approving Form and Manner of Notice of Hearing on Proposed Disclosure Statement; (II) Establishing and Approving Plan Solicitation and Voting Procedures; (III) Approving Forms of Ballots, Solicitation Packages, and Related Notices; and (IV) Granting Related Relief ("Solicitation Procedures Motion").

On March 17, 2020, the Solicitations Procedures Motion was approved.

After filing multiple iterations of the plan, on June 19, 2020, as Dk. No 8048, the Debtors filed an Amended Joint Chapter 11 Plan of Reorganization dated June 19, 2020 ("Final Plan").

On June 20, 2020, post-voting and hotly contested confirmation hearings, the bankruptcy court entered an order confirming the Final Plan. See, Dk. No. 8053.

## III.   Legal Argument

In a Chapter 11 case, the time to file a proof of claim may be extended under certain circumstances. Fed. R. Bank. Pro. 3003(c)(3); Fed. R. Bank. Pro. 9006(b)(1). The bankruptcy court has "broad equitable powers" in a Chapter 11 case regarding the timing requirement for proofs of claim. *Pioneer Inventory Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 389 (1993). Altogether, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id*., at 381. Even a creditor that received notice may file a proof of claim notwithstanding the expiration of a claims bar date in a Chapter 11 case upon showing "excusable neglect." *Id*. At 394-95 ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect' [under FRBP 9006].").

In considering whether a creditor's failure was the product of "excusable neglect," the court should take "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395; see also *Corning v. Corning* (*In re Zilog, Inc.*), 450 F.3d 996 (9th Cir. 2006) (noting *Pioneer's* non-exhaustive list of relevant factors). Again, a late-filed proof of claim is allowable where a creditor had actual notice of the bankruptcy but, due to some external reason, failed to file a proof of

claim or did not realize that she had to, before the bar date. See, e.g., *ZiLOG, Inc. v. Corning* (*In re ZiLOG, Inc.*), 450 F.3d 996, 1003-07 (9th Cir. 2006) (applying the *Pioneer* factors). Altogether, Rule 9006(b)(1) allows "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381. Here, consideration of all four *Pioneer* factors—and a fifth engrafted onto the *Pioneer* analysis by some courts—weighs in favor of Ms. Locke-Russell.

Because in this case there is no danger of prejudice to the Debtors, the first *Pioneer* factor weighs overwhelmingly in Ms. Locke-Russell's favor. Debtors' estates are solvent, and all creditors stand to be paid. See, e.g., *In re Best Payphones, Inc.*, 523 B.R. 54, 75-6 (Bankr. S.D.N.Y. 2015) and *In re Sheehan Mem'l Hosp.*, 507 B.R. 802, 803 (Bankr. W.D.N.Y. 2014) (where the chapter 11 estate is solvent, "the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.). Secondly, when she received information she was not on her parents' proof of claim she relayed that information to her attorney. So, any delay in filing the Subject Proof of Claim is reasonable considering the circumstances of Ms. Locke Russell at a military base with her husband and child thinking she had been placed on her parents' proof of claim, only to find out later she was not. Lastly, any prospect of prejudice beyond solvency is unlikely given (a) all distributions have not been made; and (b) the value of Ms. Garwood's claim relative to the value of Debtors' estates is low. See, e.g., *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995) (size of the late claim in relation to the estate is a consideration in determining prejudice). Furthermore, Ms. Locke-Russell's claim has been fully worked up by attorney whose office can submit her claim with the Fire Victim's Trust immediately as long as this Motion is granted. Accordingly, granting this Motion shall prejudice no other party's rights or interests. Denying this motion because of her mistaken belief she was listed as a claimant on her parents' claim on the other hand, would severely prejudice Ms. Locke-Russell for the rest of her life.

## IV.  Conclusion

Ms. Locke-Russell respectfully requests this Court enter an order under Bankruptcy Rule 9006(b)(1) as follows:

1.  Granting the Motion;

2.  Finding that Subject Proof of Claim filed by Ms. Locke-Russell is to be deemed timely filed;

3.  Granting such other or further relief as the Court deems just and proper.

Dated:  February 23, 2021      CASEY GERRY SCHENK
                          FRANCAVILLA BLATT & PENFIELD, LLP


                          By:   s/Angela Jae Chun
                                ANGELA JAE CHUN
                                *ajc@cglaw.com*
                                Attorneys for Plaintiff