SCOTT H. MCNUTT (CSBN 104696)
324 Warren Road
San Mateo, California 94402
Telephone: (415) 760-5601
Email: smcnutt@ml-sf.com

Counsel to the Fee Examiner

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>     - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case<br>No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION OF THE FEE EXAMINER TO (i) APPROVE FINAL FEES OF FEE EXAMINER; (ii) TERMINATE FEE EXAMINER'S SERVICES; AND (iii) CONFIRM SURVIVAL OF PRIOR ORDERS**<br><br>Date:  March 24, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  United States Bankruptcy Court<br>        Courtroom 17,<br>        450 Golden Gate Avenue<br>        16th Floor<br>        San Francisco, CA<br>(Telephonic/Video Appearances Only)<br><br>Judge:  Hon. Dennis Montali<br><br>Deadline for Objection:  March 17, 2021 |

Bruce A. Markell, the Court Appointed "**Fee Examiner**" in these jointly administered proceedings, hereby submits and requests relief as follows:

1. On May 29, 2019, this court originally appointed Professor Bruce A. Markell as the Fee Examiner ("Fee Examiner") in these cases (Doc# 2267; hereafter, "**Appointment Order**").

2. Since his appointment, the Fee Examiner has reviewed the fees and expenses of 33 separate retained professionals. In the aggregate, these retained professionals claimed approximately $540,324,000 in fees and expenses. The Fee Examiner's work involved drafting, negotiating and obtaining approval of a Fee Protocol, and thereafter reviewing well over a million lines of data entry with the assistance of 8 individual fee reviewers.

3. The Fee Examiner was able to reduce the aggregate amounts claimed by all professionals by approximately $22,481,000. A detailed chart of the fees, expenses, and reductions appears as Exhibit A to this motion. The aggregate reduction is 4.16% of all claimed fees and expenses. This reduction is in addition to reduced fees and expenses that result from the Protocol's prohibition of certain billing practices. All reductions were achieved by compromise noticed to all parties in interest. No proposed compromise drew any objection from any creditor, any professional or the Office of the United States Trustee.

4. The Fee Examiner's fees were set by Paragraph 14 of the Appointment Order, which approved and adopted the compensation scheme outlined in the Motion of the United States Trustee for Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Compensation and Reimbursement of Expenses (Doc#1370; hereafter, "Motion"), and in the declaration filed by the Fee Examiner in support of the relief requested in the Motion (Doc#1307-1; hereafter, "**Declaration**").

5. The Appointment Order approved a flat monthly fee of $75,000, to be paid as an administrative expense of the estate, together with a $25,000 set up fee. From flat fee, the Fee Examiner was to (and did) pay all relevant expenses related to his duties under the Appointment Order. The Debtors in these cases have paid this fee promptly each month since the entry of the Appointment Order.

6. As the fee arrangement was for a flat monthly fee, the Fee Examiner did not keep detailed time records of his time. He estimates, however, that he spent no less that 10-15 hours per week on matters related to examining fees and expenses, and during some weeks (after interim applications were filed and for the periods following confirmation with respect to final fee applications), he spent considerably more.

7. One expense not related to the monthly fee, and expressly authorized by the Appointment Order, was the employment of professionals. In this case, the Fee Examiner sought and obtained the appointment of Scott H. McNutt as his counsel, and Mr. McNutt has served in that capacity for the entire case. His separate fee application is set for hearing at the same time as this motion.

8. Paragraph 14 of the Appointment Order also provided that the Fee Examiner's fees and expenses would be

> subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, *the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, the U.S. Trustee Guidelines, and the Interim Compensation Order. . . . The fees paid to the Fee Examiner for his services shall be determined and charged in accordance with sections 327-331 of the Bankruptcy Code and shall not include any success fees.

9. Through and including the payment to be received March 1, 2021, the aggregate amount of monthly fees paid to the Fee Examiner will total $1,720,000. From this, the Fee Examiner has paid approximately $1,028,000 in related expenses, as shown on Exhibit B to this motion. The largest single expenditure has been the fees paid to Legal Decoder, Inc., the firm hired by the Fee Examiner to initially analyze the fee data. The aggregate fees paid to Legal Decoder, Inc. have been $774,000.

10. There are no fees or expenses related to the Fee Examiner's duties not disclosed or summarized on Exhibit B. The Fee Examiner did not share, or agree to share, any fees earned in this case.

11. Given the fixed fee nature of the Fee Examiner's compensation as set forth in the Appointment Order, the Fee Examiner submits that his fees and expenses should be assessed

under Section 328 of title 11. That section provides that fixed fees agreed at employment should be confirmed in a final fee application unless "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

12. The Fee Examiner experienced nothing unusual or unanticipated in the performance of his duties under the Appointment Order. The $75,000 monthly fee was not objected to by any creditor, any party in interest or the Office of the United States Trustee, and was approved by this court without adjustment in the Appointment Order. In short, nothing has come to light or occurred since the entry of the Appointment Order that would make the monthly fee "improvident."

13. To date, no professional, creditor or party in interest has made any claim against the Fee Examiner related to his duties under the Appointment Order. Undoubtedly, that is because of Paragraph 16 of that order which states:

> "The Fee Examiner, as an officer of the court, and those employed or paid by him with respect to this appointment shall have the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties."

14. To avoid any doubt, the Fee Examiner requests a confirmation that this provision retains its vitality, and that this Court retains jurisdiction with respect to any claims related to such provision, after the termination of the Fee Examiner's duties as anticipated by this Motion.

15. The Fee Examiner thus requests that this Court enter its order:

    a. Approving the fees paid through March 1, 2021;

    b. Terminating the service of the Fee Examiner as of March 31, 2021;

    c. Requiring the Debtors in this case to cease payments to the Fee Examiner as of March 31, 2021 (with the payment due March 1 being the last payment to be made);

    d. Confirming the immunity conferred upon the Fee Examiner in Paragraph 16 of the Appointment Order; and

e. Confirming that this Court will have exclusive jurisdiction over any claims or disputes related to or within the scope of Paragraph 16 of the Appointment Order.

DATED: February 24, 2021

SCOTT H. McNUTT

By: */s/ Scott H. McNutt*
Scott H. McNutt
Counsel to the Fee Examiner

# EXHIBIT A

# Exhibit A
## Fees Requested and Reductions Obtained

| Professional | Fees Requested | Expenses Requested | Total Request | Total Reductions |
|---|---|---|---|---|
| Axiom Advisors | $400,000.00 | $1,229.91 | $401,229.91 | $145.91 |
| Baker & Hostetler | $52,035,799.42 | $7,738,395.46 | $59,774,194.88 | $2,228,781.76 |
| Berman and Todderud | $1,518,054.42 | $5,588.33 | $1,523,642.75 | $49,000.00 |
| Centerview Partners | $15,625,000.00 | $129,542.53 | $15,754,542.53 | $81,236.01 |
| Clarence Dyer & Cohen LLP | $914,032.12 | $19,553.77 | $933,585.89 | $27,421.00 |
| Coblentz Patch Duffy & Bass | $2,797,605.27 | $43,093.82 | $2,840,699.09 | $82,500.00 |
| Covington & Burling | $714,007.00 | $9,903.14 | $723,910.14 | $20,000.00 |
| Cravath, Swaine, & Moore | $116,733,043.00 | $27,503,094.16 | $144,236,137.16 | $10,963,204.00 |
| Deloitte & Touche LLP | $7,880,663.00 | $30,000.35 | $7,910,663.35 | $85,000.00 |
| Development Specialists, Inc. | $1,780,836.50 | $49,455.22 | $1,830,291.72 | $100,000.00 |
| Dundon Advisers LLC | $152,954.00 | $5,370.24 | $158,324.24 | $3,000.00 |
| FTI Consulting | $18,226,516.25 | $140,583.20 | $18,367,099.45 | $230,032.54 |
| Groom Law Group | $1,311,040.80 | $783.46 | $1,311,824.26 | $60,500.00 |
| Hunton Andrews Kurth | $4,872,350.20 | $11,256.21 | $4,883,606.41 | $225,000.00 |
| Jenner & Block | $11,517,007.20 | $79,866.21 | $11,596,873.41 | $225,000.00 |
| Keller & Benvenutti LLP | $3,441,585.00 | $195,682.81 | $3,637,267.81 | $112,500.00 |
| KPMG | $18,333,482.93 | $822,358.45 | $19,155,841.38 | $260,000.00 |
| Latham & Watkins | $3,533,701.00 | $28,306.37 | $3,562,007.37 | $87,500.00 |
| Lazard Freres & Co., LLC | $31,200,000.00 | $1,093,273.01 | $32,293,273.01 | $200,000.00 |
| Lincoln Partners Advisors LLC | $22,923,197.63 | $289,667.63 | $23,212,865.26 | $715,000.00 |
| Lynn A. Baker | $73,080.00 | $0.00 | $73,080.00 | $2,500.00 |
| MacConaghy & Barnier | $125,595.90 | $364.90 | $125,960.80 | $2,000.00 |
| Milbank | $28,307,647.25 | $922,318.05 | $29,229,965.30 | $1,461,498.00 |
| Morrison & Foerster | $3,640,643.07 | $50,309.08 | $3,690,952.15 | $125,000.00 |
| Munger Tolles & Olson | $41,011,523.90 | $1,534,945.09 | $42,546,468.99 | $1,465,000.00 |
| Pillsbury | $402,124.80 | $0.00 | $402,124.80 | $20,000.00 |
| PricewaterhouseCoopers LLP | $36,829,980.90 | $2,304,158.22 | $39,134,139.12 | $650,000.00 |
| Prime Clerk | $1,082,104.96 | $1,043.27 | $1,083,148.23 | $20,000.00 |
| Simpson Thacher & Bartlett | $12,331,175.50 | $184,906.45 | $12,516,081.95 | $567,000.00 |
| Steptoe & Johnson | $1,710,586.88 | $41,417.61 | $1,752,004.49 | $50,000.00 |
| Trident DMG LLC | $412,500.00 | $28,846.15 | $441,346.15 | $500.00 |
| Weil Gotshal | $49,972,910.52 | $4,774,316.46 | $54,747,226.98 | $2,344,607.15 |
| Willis Towers Watson | $445,762.78 | $27,814.85 | $473,577.63 | $18,000.00 |
| **Totals:** | **$492,256,512.20** | **$48,067,444.41** | **$540,323,956.61** | **$22,481,926.37** |

# EXHIBIT B

**Exhibit B**
Compensation Analysis
Fee Examiner, Pacific Gas & Electric Company and PG&E Corp.
May 2019 to March 2021

**Income**:

| | |
|---|---|
| Monthly Fee Payments | $1,720,000.00 |

**Expenses**:

| | |
|---|---|
| Legal Decoder, Inc. | $774,000.00 |
| Fee Reviewers | $225,306.19 |
| Rent | $22,275.00 |
| Electronic Storage | $2,726.62 |
| Accounting, Billing Software and Miscellaneous | <u>$3,586.33</u> |
| Total Expenses: | $1,027,894.14 |
| ***Net Income Before Taxes:*** | $692,105.86 |