SCOTT H. MCNUTT (CSBN 104696)
324 Warren Road
San Mateo, California 94402
Telephone: (415) 760-5601
Email: smcnutt@ml-sf.com

Counsel to the Fee Examiner

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bankruptcy Case No. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF BRUCE A. MARKELL, COURT APPOINTED FEE EXAMINER IN THESE JOINTLY ADMINISTERED CASES, IN SUPPORT OF THE MOTION OF THE FEE EXAMINER TO (i) APPROVE FINAL FEES OF FEE EXAMINER; (ii) TERMINATE FEE EXAMINER'S SERVICES; AND (iii) CONFIRM SURVIVAL OF PRIOR ORDERS**<br><br>Date: March 24, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 17,<br>      450 Golden Gate Avenue<br>      16th Floor<br>      San Francisco, CA<br>(Telephonic/Video Appearances Only)<br><br>Judge: Hon. Dennis Montali<br><br>Deadline for Objection: March 17, 2021 |

I, Bruce A. Markell, declare as follows:

1. I submit this declaration in support of the Motion of the Fee Examiner to (i) Approve Final Fees of Fee Examiner; (ii) Terminate Fee Examiner's Services; and (iii) Confirm Survival of Prior Orders (the "**Fee Examiner's Motion**") filed simultaneously herewith.

2. On May 29, 2019, this court originally appointed me as the Fee Examiner in these jointly administered cases(Doc. No. 2267; hereafter, "**Appointment Order**").

3. Since my appointment, I have reviewed the fees and expenses of 33 different retained professionals, who in the aggregate claimed approximately $540,324,000 in fees and expenses. This work involved drafting, negotiating and obtaining approval of a fee protocol, and thereafter reviewing well over a million lines of data entry with assistance of 8 individual fee reviewers.

4. Through the course of the case, I was able to negotiate reductions to the aggregate amounts claimed by all professionals by approximately $22,481,000. A detailed chart of the fees, expenses, and reductions appears as Exhibit A to the Fee Examiner's Motion.

5. My fees were set by Paragraph 14 of the Appointment Order which approved the compensation scheme outlined in the Motion of the United States Trustee for Order Appointing Fee Examiner and Establishing Procedures for Consideration of Requested Compensation and Reimbursement of Expenses (Doc#1370; hereafter, "Motion"), and in my declaration filed in support of the relief requested in the Motion. (Doc#1307-1; hereafter, "Declaration")

6. The Appointment Order approved a flat monthly fee of $75,000, to be paid as an administrative expense of the estate. From this fee, I was to (and did) pay all relevant expenses related to my duties under the Appointment Order. The debtors in these cases have paid this fee promptly each month since the entry of the Appointment Order.

7. As the fee arrangement was for a flat monthly fee, I have not kept detailed time records of my time. I estimate, however, that during the time of my appointment I spent no less that 10-15 hours per week on matters related to examining fees and expenses, and during some

weeks (after interim applications were filed and for the periods following confirmation with respect to final fee applications), I spent considerably more.

8. One expense not related to the monthly fee was the employment of professionals. In this case, I sought and obtained the appointment of Scott H. McNutt as my counsel, and Mr. McNutt has served in that capacity for the entire case. His separate fee application is set for hearing at the same time as the Fee Examiner's Motion.

9. Paragraph 14 of the Appointment Order also provided that my fees and expenses would be

> subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, *the United States Bankruptcy Court Northern District of California Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, the U.S. Trustee Guidelines, and the Interim Compensation Order. . . . The fees paid to the Fee Examiner for his services shall be determined and charged in accordance with sections 327-331 of the Bankruptcy Code and shall not include any success fees.

10. Through and including the payment to be received on March 1, 2021, the aggregate amount of monthly fees paid to me will total $1,720,000. From this, I paid approximately $1,028,000 in related expenses, as shown on Exhibit B to the Fee Examiner's Motion. The largest single expenditure has been the fees paid to Legal Decoder, Inc., the firm I hired to initially analyze the fee data. The aggregate fees paid to Legal Decoder, Inc. have been $774,000.

11. There are no fees or expenses related to my duties not disclosed or summarized on Exhibit B. I did not share, or agree to share, any fee earned in this case.

12. Given the fixed fee nature of my compensation as set forth in the Appointment Order, I submit that my fees and expenses should be assessed under Section 328 of title 11. That section provides that fixed fees agreed at employment should be confirmed in a final fee application unless "such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

3

DECLARATION OF B. MARKELL, FEE EXAMINER

Case: 19-30088    Doc# 10273    Filed: 02/24/21    Entered: 02/24/21 19:50:08    Page 3 of 4

13. I experienced nothing unusual or unanticipated in the performance of my duties under the Appointment Order. The $75,000 monthly fee was not objected to by any creditor, any party in interest or the Office of the United States Trustee, and was approved by this court without adjustment in the Appointment Order. In short, nothing has come to light or occurred since the entry of the Appointment Order that would make the monthly fee "improvident."

14. To date, no professional, creditor or party in interest has made any claim against me related to my duties under the Appointment Order. Undoubtedly, that is because of Paragraph 16 of that order which states:

> The Fee Examiner, as an officer of the court, and those employed or paid by him with respect to this appointment shall have the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

15. To avoid any doubt, I am requesting the Court's confirmation that this provision retains its vitality, and that this Court retains jurisdiction with respect to any claims related to such provision, after the termination of my duties as anticipated by this Motion.

16. The facts set forth herein are true and correct to the best of my knowledge, information, and belief. To the extent that the Fee Examiner's Motion presents tabular or summary data (as it does in Exhibits A and B), the tabular or summary data summarizes voluminous writings that cannot be conveniently examined in court. Should there be any inquiry, I will make copies of my records available for examination or copying, or both, at a reasonable time and place.

I declare under penalty of perjury that the foregoing is true and correct.

Signed February 24, 2021 at Chicago, Illinois.

*/s/ Bruce A. Markell*

Bruce A. Markell

4

DECLARATION OF B. MARKELL, FEE EXAMINER

Case: 19-30088    Doc# 10273    Filed: 02/24/21    Entered: 02/24/21 19:50:08    Page 4 of 4