```
 1  KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
 2  (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
 3  (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
 4  (jkim@kbkllp.com)
    650 California Street, Suite 1900
 5  San Francisco, CA 94108
    Tel: 415 496 6723
 6  Fax: 650 636 9251
 7
    *Attorneys for Debtors and Reorganized Debtors*
 8
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (ADR NO LIABILITY CLAIMS)** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | **Response Deadline:**<br>**March 24, 2021, 4:00 p.m. (PT)** |
| *\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **Hearing Information If Timely Response Made:**<br>Date: April 7, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the Reorganized Debtors' Sixty-Sixth Omnibus Objection to Claims (ADR No Liability Claims) (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases. AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of filed Proofs of Claim for which the Reorganized Debtors are not liable. If not disallowed and/or expunged, these Proofs of Claim potentially could allow the applicable claimants to receive recoveries to which they are not entitled.

5. The Omnibus Objection is directed to some of those Proofs of Claim—those specifically identified in **Exhibit 1** to the Omnibus Objection, in the column headed "Claims To Be Disallowed and/or Expunged," and referred to in the Omnibus Objections as "ADR No Liability Claims." **Exhibit 1** to each Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

6. Part 2, Question 8 of the Court-approved Proof of Claim form asks "What is the basis of the claim?" It lists several examples, and instructs Claimants to attach documents supporting the Claim as required by Bankruptcy Rule 3001(c). The Claimants' answers to this question set forth in the ADR No Liability Claims do not provide a sufficient basis for the Reorganized Debtors to analyze liability and do not provide adequate or relevant supporting documentation.

7. The Reorganized Debtors' personnel conducted a rigorous review of their records to attempt to determine any basis under which the Reorganized Debtors might be liable for the ADR No Liability Claims. The Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims and did not

1. identify any potential liability as a result of these searches or in connection with these Claims. Furthermore, the Reorganized Debtors reviewed their accounts payable records and recorded prepetition liabilities and were unable to identify any other potential liabilities in connection with these Claims.

8. Finally, as noted above, the Reorganized Debtors sent each of the Claimants an Information Request Form, in accordance with the General Claims Information Procedures, in order to acquire certain limited and targeted information necessary to allow the Reorganized Debtors to evaluate the Claims for potential resolution. In accordance with the ADR Procedures Order, the Information Request Form was required to be returned by no later than twenty-eight (28) days after the mailing (whether by email or standard mail) (the "**Information Deadline**"). In the event a Claimant failed to return the Information Request Form by the Information Deadline, the Reorganized Debtors sent such Claimant an information reminder (the "**Information Reminder**"). The Information Reminder provided the Claimant with an additional fourteen (14) days from the date the Information Reminder is sent to return the Information Request Form (the "**Reminder Deadline**"). The Reorganized Debtors did not receive any responses by the Information Deadline or the Reminder Deadline with respect to any of the Claims identified on **Exhibit 1**. The Reorganized Debtors have excluded from **Exhibit 1** any Claims for which a mediation has been scheduled, regardless of whether the Claimant responded to the Information Request Form.

9. Based on AlixPartners' review of the Reorganized Debtors' books and records and my team's consultations with the Reorganized Debtors' personnel, each of the ADR No Liability Claims identified on **Exhibit 1** represents a Proof of Claim for which the Reorganized Debtors do not have any liability.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this twenty-fifth day of February, 2021, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams