1    KELLER BENVENUTTI KIM LLP
     Tobias S. Keller (#151445)
2    (tkeller@kbkllp.com)
     Peter J. Benvenutti (#60566)
3    (pbenvenutti@kbkllp.com)
     Jane Kim (#298192)
4    (jkim@kbkllp.com)
     650 California Street, Suite 1900
5    San Francisco, CA 94108
     Tel: 415 496 6723
6    Fax: 650 636 9251

7
     *Attorneys for Debtors and Reorganized Debtors*
8

9                    **UNITED STATES BANKRUPTCY COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
10                        **SAN FRANCISCO DIVISION**

11

12   **In re:**                              Bankruptcy Case No. 19-30088 (DM)

13   **PG&E CORPORATION,**                   Chapter 11

14           **- and -**                     (Lead Case) (Jointly Administered)

15   **PACIFIC GAS AND ELECTRIC**            **REORGANIZED DEBTORS' SIXTY-**
     **COMPANY,**                            **SEVENTH OMNIBUS OBJECTION TO**
16                                           **CLAIMS (PLAN PASSTHROUGH**
                                             **WORKERS' COMPENSATION CLAIMS)**
17                        **Debtors.**
                                             **Response Deadline:**
18   ☐ Affects PG&E Corporation             **March 24, 2021, 4:00 p.m. (PT)**
     ☐ Affects Pacific Gas and Electric Company
19   ☒ Affects both Debtors                  **Hearing Information If Timely Response**
                                             **Made:**
20   * *All papers shall be filed in the Lead Case, No.*   Date:   April 7, 2021
       *19-30088 (DM).*                      Time:   10:00 a.m. (Pacific Time)
21                                           Place:  (Telephonic Appearances Only)
                                                     United States Bankruptcy Court
22                                                   Courtroom 17, 16th Floor
                                                     San Francisco, CA 94102
23

24

25

26

27

28

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Sixty-Seventh Omnibus Objection (the "**Objection**") to the claims identified in the column headed "Claims To Be Expunged" on **Exhibit 1** annexed hereto.

## I.    JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.    BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.  Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner was appointed in either of the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

## III.    RELIEF REQUESTED

The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**") seeking entry of an order expunging Proofs of Claim designated under the Plan as "HoldCo Workers' Compensation Claims" or "Utility Workers' Compensation Claims." The Plan defines Workers'

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

Compensation Claims as "any Claim against the Debtors by an employee of the Debtors for the payment of workers' compensation benefits under applicable law." Plan § 1.270. Plan § 1.122 defines "HoldCo Workers' Compensation Claims" as "any Workers' Compensation Claim against HoldCo," and section 1.261 defines "Utility Workers' Compensation Claims" as "any Workers' Compensation Claim against the Utility." Section 4.9 of the Plan provides that "[o]n and after the Effective Date, each holder of a HoldCo Workers' Compensation Claim shall be entitled to pursue its Claim against Reorganized HoldCo as if the Chapter 11 Cases had not been commenced." Section 4.28 provides the same for Utility Workers' Compensation Claims. Accordingly, the HoldCo Workers' Compensation Claims and the Utility Workers' Compensation Claims (together, the "**Plan Passthrough Workers' Compensation Claims**") are unimpaired and are to be resolved in the ordinary course as if the Chapter 11 Cases had not been commenced, there is nothing for this Court to resolve with respect to any such claims and, therefore, any proofs of claim filed on account of any Plan Passthrough Workers' Compensation Claims should be expunged.

For the avoidance of doubt, nothing herein in this Objection shall alter the unimpaired status under the Plan of any Plan Passthrough Workers' Compensation Claims or alter or impair the ability of any holder of a Plan Passthrough Workers' Compensation Claim to pursue such claim in the ordinary course against the Reorganized Debtors as if the Chapter 11 Cases had not been commenced. The Plan Passthrough Workers' Compensation Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Expunged." The Reorganized Debtors request that the Plan Passthrough Workers' Compensation Claims be expunged.

IV.     ARGUMENT

A.     **The Plan Passthrough Workers' Compensation Claims Should be Expunged**

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if, "Under the Plan, the claims have been disallowed or expunged or the Debtors' liability has otherwise been resolved or will pass through the Chapter 11 Cases unaffected by the Plan." Omnibus Objections Procedures Order, ¶2(C)(vii). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. Each of the Plan Passthrough Workers' Compensation Claims

identified on **Exhibit 1** hereto will pass through the Chapter 11 Cases unaffected by the Plan, as provided for in sections 4.9 and 4.28 of the Plan. As stated expressly in these sections, these Claims are unimpaired, and the holders of these Claims are free to pursue them unaffected by the Plan. Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Plan Passthrough Workers' Compensation Claims. The Reorganized Debtors request that the Court expunge the Plan Passthrough Workers' Compensation l Claims in their entirety.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Plan Passthrough Workers' Compensation Claims will pass through the Chapter 11 Cases unaffected by the Plan and, therefore, any

---

[2] On November 17, 2020, the Court entered the *Order Extending Deadline for the Reorganized Debtors to Object to Claims* [Docket No. 9563], which extended the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims through and including June 26, 2021 (except for claims of the United States which deadline was extended to March 31, 2021), without prejudice to the right of the Reorganized Debtors seek further extensions thereof.

1  proofs of claim filed on account of such Plan Passthrough Workers' Compensation Claims should be

2  expunged.

3  **V.      RESERVATION OF RIGHTS**

4      The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of

5  the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this

6  Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs

7  of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein,

8  or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to

9  this Objection.  A separate notice and hearing will be scheduled for any such objections.  Should the

10  grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Reorganized

11  Debtors reserve the right to object to the Plan Passthrough Workers' Compensation Claims on any other

12  grounds that the Reorganized Debtors may discover or deem appropriate.

13  **VI.     NOTICE**

14      Notice of this Objection will be provided to (i) holders of the Plan Passthrough Workers'

15  Compensation Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and

16  Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's

17  electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11

18  Cases and requested service pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors respectfully

19  submit that no further notice is required.  No previous request for the relief sought herein has been made

20  by the Reorganized Debtors to this or any other Court.

21      WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the

22  relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the

23  best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other

24  and further relief as the Court may deem just and appropriate.

25  Dated: February 26, 2021                **KELLER BENVENUTTI KIM LLP**

26                                          By:  /s/ *Dara L. Silveira*
                                                   Dara L. Silveira
27
                                            *Attorneys for Debtors and Reorganized Debtors*
28