**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:   (212) 310-8000
Fax:   (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS, DAWNYA WALKER, A.K. BARA, INC. DBA SAN PABLO CHEVRON, AND THE CITY OF SAN PABLO** |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), Dawnya Walker ("**Walker**"), A.K. Bara, Inc. dba San Pablo Chevron ("**Bara**"), and the City of San Pablo (the "**City**", and collectively with the Debtors and Reorganized Debtors, Walker, and Bara, the "**Parties**"), by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. On March 21, 2019, Walker filed in the Superior Court of California, County of Contra Costa (the "**State Court**") a complaint (the "**Complaint**") in which she asserted personal injury claims against, among others, the City. The action initiated by the Complaint is currently pending in the State Court, and is titled *Walker v. City of San Pablo, et al.*, Case No. CIVMSC19-00548 (the "**State Court Action**"). On June 3, 2019, Walker filed in the State Court Action an amended complaint (the "**First Amended Complaint**"), through which she added Bara and Ghilotti Bros., Inc. ("**Ghilotti**") as defendants in the State Court Action.

C. On June 20, 2019, Bara filed in the State Court Action a cross-complaint (the "**Bara Cross-Complaint**") in which it asserts claims for indemnity and equitable contribution against the City, Ghilotti and ROES 1-50. On July 11, 2019, Bara filed in the State Court Action an amendment to the Bara Cross-Complaint through which it added the Utility as a named cross-defendant in the Bara Cross-Complaint.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

D. On August 19, 2019, Walker filed Proof of Claim Nos. 7658 and 7660 (the "**Walker Proofs of Claim**") on account of the claims asserted in the Complaint.

E. On September 3, 2019, the Utility sent a letter to counsel for Bara in which it: (i) stated that the State Court Action was subject to the automatic stay as to the Utility, pursuant to section 362(a) of the Bankruptcy Code; (ii) requested that Bara file in the State Court Action a notice of the automatic stay, and (iii) provided instructions regarding how to file a proof of claim in these Chapter 11 Cases, and the deadline by which such proofs of claim were to be filed.

F. On September 18, 2019, Bara filed in the State Court Action a notice of the automatic stay.

G. On October 10, 2019, the City filed Proof of Claim No. 30966 (the "**City Proof of Claim**") on account of the claims asserted in the City Cross-Complaint (as defined below).

H. On October 18, 2019, Bara filed Proof of Claim No. 79367 (the "**Bara Proof of Claim**", and collectively with the Walker Proofs of Claim and the City Proof of Claim, the "**Proofs of Claim**") on account of the claims asserted in the Bara Cross-Complaint.

I. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Plan. The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

J. On October 19, 2020, the City filed in the State Court Action a cross-complaint (the "**City Cross-Complaint**", and collectively with the First Amended Complaint and Bara Cross-Complaint, the "**Complaints**") in which it asserts claims for indemnity and equitable contribution against the Utility and DOES 1-100.

K. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

L. Walker, Bara and the City acknowledge that the claims that are the subject of their respective Proofs of Claim, including those asserted against the Utility in the Bara Cross-Complaint and City Cross-Complaint, are: (i) pre-petition claims that are disputed, contingent and unliquidated; (ii) recoverable solely as General Unsecured Claims in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases; and (iii) currently enjoined by the Plan Injunction from prosecution in the State Court Action or any forum other than the Bankruptcy Court.

M. The Parties desire to attempt to resolve their issues regarding the Complaints and the Proofs of Claim.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Upon the date of the entry of an order approving this Stipulation, the Plan Injunction shall be modified, to the extent necessary, solely to permit: (i) the Parties to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Complaints and the Proofs of Claim, and (ii) any Party to request from any other Party any information that such Party believes would assist her or it in settling the claims that are the subject of the Complaints and the Proofs of Claim; provided, however, that if the Party from whom such information is requested declines to provide such information, the Parties' obligations set forth in Paragraph 2 of this Stipulation shall remain in full force and effect.

2. The Parties shall cooperate in arranging for and scheduling the Mediation, shall use their reasonable best efforts to obtain the participation of Ghilotti in the Mediation, and shall participate in good faith in the Mediation, including in any sessions after the initial session recommended by the mediator and agreed to by the Parties within 30 days after conclusion of a prior session of the Mediation (each a "**Subsequent Session**"). The Parties that have appeared in the State Court Action shall request the Superior Court to defer all proceedings in the State Court Action against PG&E pending conclusion of the Mediation.

3. In the event that the Parties are unable to settle and resolve at the Mediation (including any Subsequent Session) the claims that are the subject of the Proofs of Claim, including

those asserted against the Utility in the Bara Cross-Complaint and City Cross-Complaint, and upon no less than ten (10) days' written notice by any Party to all other Parties that she or it desires to proceed with litigation of the State Court Action (such notice in no event to be provided prior to 30 days after the conclusion of the Mediation, including any Subsequent Session), the Plan Injunction shall be further modified, without further order of the Bankruptcy Court, solely to permit Walker, Bara, and the City to liquidate the claims asserted in their respective Proofs of Claim by prosecuting the State Court Action against the Utility through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

4. To the extent the Plan Injunction is not modified pursuant to the procedures described in paragraph 3 by July 16, 2021, the Plan Injunction shall be modified on that date, without further order of the Bankruptcy Court, in the same manner and with the same effect as specified in paragraph 3, unless before that date all of the Parties to this Stipulation agree in a writing filed with the Bankruptcy Court to fix a later date.

5. Upon the date of the entry of an order approving this Stipulation, this Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Proofs of Claim, and each Proof of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) sixty (60) days after a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 6(a) hereof, the Reorganized Debtors further object to the Proof of Claim on any specific grounds not precluded by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

6. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proofs of Claim on any grounds not precluded by a final judgment in the State Court Action, or

    b. a waiver by Walker of her rights to oppose any asserted challenge to the Walker Proof of Claim, or

    c. a waiver by Bara of its rights to oppose any asserted challenge to the Bara Proof of Claim, or

    d. a waiver by the City of its rights to oppose any asserted challenge to the City Proof of Claim, or

    e. a waiver by any Party of any claim or defense in the State Court Action.

7. In consideration of the Parties' agreement reflected in this Stipulation, the Reorganized Debtors waive any claim or remedy against the City, Bara, or Walker based on or relating to any violation of the automatic stay or Plan Injunction arising from the filing or prosecution of the Bara Cross-Complaint or the City Cross-Complaint or any other action heretofore taken by the City, Bara or Walker in the State Court Action.

8. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

9. This Stipulation shall be binding on the Parties and each of their successors in interest.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: February 26, 2021

WEIL, GOTSHAL & MANGES LLP
KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti

*Attorneys for Debtors
and Reorganized Debtors*

Dated: February 22, 2021

FORD, WALKER, HAGGERTY & BEHAR

/s/
Charlie Schmitt

*Attorneys for A.K. Bara, Inc. dba San Pablo Chevron*

Dated: February 22, 2021

GIBBONS & CONLEY

/s/
Peter A. Urhausen, Esq.

*Attorneys for City of San Pablo*

Dated: February 25, 2021

JONES CLIFFORD, LLP

/s/
Ross J. Psyhogios, Esq.

*Attorneys for Dawnya Walker*