

Signed and Filed: March 1, 2021

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: (212) 310-8000
Fax: (212) 310-8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636-9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

**PG&E CORPORATION,**

- and -

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
☐ Affects Pacific Gas and Electric Company
☒ Affects both Debtors

*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).*

Case No. 19-30088 (DM)
Chapter 11
(Lead Case)
(Jointly Administered)

**ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS, DAWNYA WALKER, A.K. BARA, INC. DBA SAN PABLO CHEVRON, AND THE CITY OF SAN PABLO**

[Related to Dkt. No. 10314]

The Court having considered the *Stipulation By and Between Reorganized Debtors, Dawnya Walker, A.K. Bara, Inc., dba San Pablo Chevron, and the City of San Pablo*, dated February 26, 2021 [Dkt. No. 10314] (the "**Stipulation**"),[1] entered into by PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), Dawnya Walker ("**Walker**"), A.K. Bara, Inc. dba San Pablo Chevron ("**Bara**"), and the City of San Pablo (the "**City**", and, collectively with the Debtors and Reorganized Debtors, Walker, and Bara, the "**Parties**"); and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Plan Injunction is modified, to the extent necessary, solely to the permit: (i) the Parties to engage in a formal mediation (the "**Mediation**") in order to attempt to settle the claims that are the subject of the Complaints and the Proofs of Claim, and (ii) any Party to request from any other Party any information that such Party believes would assist her or it in settling the claims that are the subject of the Complaints and the Proofs of Claim; provided, however, that if the Party from whom such information is requested declines to provide such information, the Parties' obligations set forth in Paragraph 3 of this Order shall remain in full force and effect.

3. The Parties shall cooperate in arranging for and scheduling the Mediation, shall use their reasonable best efforts to obtain the participation of Ghilotti in the Mediation, and shall participate in good faith in the Mediation, including in any sessions after the initial session recommended by the mediator and agreed to by the Parties within 30 days after conclusion of a prior session of the Mediation (each a "**Subsequent Session**"). The Parties that have appeared in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

the State Court Action shall request the Superior Court to defer all proceedings in the State Court Action against PG&E pending conclusion of the Mediation.

4. In the event that the Parties are unable to settle and resolve at the Mediation (including any Subsequent Session) the claims that are the subject of the Proofs of Claim, including those asserted against the Utility in the Bara Cross-Complaint and City Cross-Complaint, and upon no less than ten (10) days' written notice by any Party to all other Parties that she or it desires to proceed with litigation of the State Court Action (such notice in no event to be provided prior 30 days after to the conclusion of the Mediation, including any Subsequent Session ), the Plan Injunction shall be further modified, without further order of this Court, solely to permit Walker, Bara, and the City to liquidate the claims asserted in their respective Proofs of Claim by prosecuting the State Court Action against the Utility through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

5. To the extent the Plan Injunction is not modified pursuant to the procedures described in paragraph 4 by July 16, 2021, the Plan Injunction shall be modified on that date, without further order of this Court, in the same manner and with the same effect as specified in paragraph 4, unless before that date all of the Parties to this Stipulation agree in a writing filed with the Bankruptcy Court to fix a later date.

6. Upon the date of the entry of this Order, the Stipulation shall be deemed an objection by the Reorganized Debtors to each of the Proofs of Claim, and each Proof of Claim shall be considered a Disputed Claim. Each Proof of Claim shall be deemed an Allowed Claim on the earlier of (a) the date on which the Proof of Claim becomes an Allowed Claim pursuant to written agreement between the claimant and the Reorganized Debtors, or (b) sixty (60) days after a judgment liquidating the underlying claim has been entered in the State Court Action and all appeals from such judgment have been concluded or the time to appeal has expired, provided that if, as permitted by paragraph 7(a) hereof, the Reorganized Debtors further object to the Proof of Claim on

any specific grounds not precluded by a final judgment in the State Court Action, the Proof of Claim shall remain Disputed and shall not be Allowed without further Order of the Bankruptcy Court.

7. Nothing herein or in the Stipulation is intended, nor shall it be construed, to be:

   a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest, of any right to object to the Proofs of Claim on any grounds not precluded by a final judgment in the State Court Action, or

   b. a waiver by Walker of her rights to oppose any asserted challenge to the Walker Proof of Claim, or

   c. a waiver by Bara of its rights to oppose any asserted challenge to the Bara Proof of Claim, or

   d. a waiver by the City of its rights to oppose any asserted challenge to the City Proof of Claim, or

   e. a waiver by any Party of any claim or defense in the State Court Action.

8. The Reorganized Debtors have waived, and shall not pursue, any claim or remedy against the City, Bara, or Walker based on or relating to any violation of the automatic stay or Plan Injunction arising from the filing or prosecution of the Bara Cross-Complaint or the City Cross-Complaint or any other action heretofore taken by the City, Bara or Walker in the State Court Action.

9. The Stipulation is binding on the Parties and each of their successors in interest.

10. The Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

11. This Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

*** END OF ORDER ***

APPROVED AS TO FORM AND CONTENT:

| Dated: February 26, 2021 | Dated: February 22, 2021 |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>KELLER BENVENUTTI KIM LLP | GIBBONS & CONLEY |
| */s/ Peter J. Benvenutti*<br>Peter J. Benvenutti | */s/ Peter A. Urhausen*<br>Peter A. Urhausen, Esq. |
| *Attorneys for Debtors*<br>*and Reorganized Debtors* | *Attorneys for City of San Pablo* |
| Dated: February 22, 2021 | Dated: February 25, 2021 |
| FORD, WALKER, HAGGERTY & BEHAR | JONES CLIFFORD, LLP |
| */s/ Charlie Schmitt*<br>Charlie Schmitt | */s/ Ross J. Psyhogios*<br>Ross J. Psyhogios, Esq. |
| *Attorneys for A.K. Bara, Inc. dba San Pablo Chevron* | *Attorneys for Dawnya Walker* |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119