# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | **Bankruptcy Case** |
| **PG&E CORPORATION,** | **No. 19-30088 (DM)** |
| - and - | |
| **PACIFIC GAS AND ELECTRIC** | **Chapter 11** |
| **COMPANY,** | **(Lead Case)** |
| **Debtors.** | **(Jointly Administered)** |

## CERTIFICATE OF SERVICE

I, Victor Wong, do declare and state as follows:

1.      I am employed at Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the debtors in the above-referenced chapter 11 bankruptcy cases.

2.      On March 1, 2021, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Shou Kun Huang at an address redacted in the interest of privacy; a copy of which is attached hereto as **Exhibit A**:

- Settlement Agreement

3.      On March 1, 2021, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on John Vos at an address redacted in the interest of privacy; a copy of which is attached hereto as **Exhibit B**:

- Settlement Agreement

4.       On March 1, 2021, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on Robert Wister at an address redacted in the interest of privacy; a copy of which is attached hereto as **Exhibit C**:

- Settlement Agreement

5.      I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that if called upon as a witness, I could and would competently testify thereto.

Executed this 4th day of March 2021, at New York, NY.

/s/ Victor Wong
Victor Wong

2

SRF 51492

# **Exhibit A**

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement (this "**Agreement**") is made as of Wednesday, February 17, 2021 by and between Shou Kun Huang/Henry Huang (the "**Claimant**") and the Reorganized Debtors (as defined below). Signatories to this Agreement will hereafter be referred to jointly as the "**Parties**."

<u>**PREAMBLE**</u>

**WHEREAS,** on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors,**" and each, a "Debtor") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") each commenced with the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") a voluntary case for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), which Chapter 11 Cases have been consolidated for procedural purposes only under the lead case styled: *PG&E Corporation and Pacific Gas and Electric Company., Case No. 19-30088.*

**WHEREAS**, on March 14, 2019 [Docket Nos. 897-908], the Debtors filed their Schedules of Assets and Liabilities, which scheduled the claims designated as "Scheduled" in <u>**Exhibit A**</u>, if any, as claims held by Claimant against the Debtors as of the Petition Date (the "**Scheduled Claims**");

**WHEREAS**, by Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set the last date for parties to file proofs of claim against the Debtors in the Chapter 11 Cases as October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time);

**WHEREAS**, the Claimant has filed proof(s) of claim in the Chapter 11 Cases against the Debtors as set forth as "Filed/Asserted" in <u>**Exhibit A**</u> attached hereto (the "**Proof(s) of Claim**" and, together with the Scheduled Claims, the "**Claims**");

**WHEREAS**, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "**Plan**") was confirmed by order of the Bankruptcy Court entered June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**");

**WHEREAS**, the Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020, whereupon the Debtors were reorganized, revested with their property and discharged from their debts, all as provided in the Plan and the Confirmation Order, and as thus reorganized became and now are the "**Reorganized Debtors**" (and each, a "**Reorganized Debtor**"). The Plan and all provisions of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and in the Confirmation Order) are binding on all holders of claims against, or interests in, the Reorganized Debtors, whether or not the claims or interests of any such holder are impaired under the Plan and whether or not any such holder voted to accept the Plan;

**WHEREAS**, pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized

to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court; and

**WHEREAS,** the Parties wish to compromise, resolve, and settle the claims that are asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims.

**NOW, THEREFORE,** in consideration of the releases and promises contained herein and other good and valuable consideration exchanged among the Parties, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

A.    **Settlement.**

1.      In full and final satisfaction, settlement, and release of the claims asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims, the Parties agree that the Claimant is allowed certain claims against the Reorganized Debtors in the amount(s) and classification(s) set forth in **Exhibit B** attached hereto (the "**Allowed Claim(s)**"), which Allowed Claim(s) shall be satisfied pursuant to, and in accordance with, the Plan and Confirmation Order.  All Proofs of Claim filed by the Claimant, except to the extent allowed as the Allowed Claim(s) as set forth on **Exhibit B** hereto, shall be disallowed and expunged from the Reorganized Debtors' claims register. The agreed amount of the Allowed Claim(s) is inclusive of any right or entitlement of Claimant for or on account of post-petition interest; and notwithstanding any provision of the Plan or Confirmation Order or other applicable law, Claimant shall not have any additional right or entitlement to post-petition interest on the Allowed Claim(s).

2.      The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts or on the parts of their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders.  The Parties expressly deny any such liability.  In consideration of the allowance of the Allowed Claim(s), as of the Effective Date of the Plan, Claimant releases each Reorganized Debtor and its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders, (collectively the "**Released Parties**"), from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, judgments, liabilities, causes of action, or controversies of any kind whatsoever (including, without limitation, any claim for post-petition interest), whether at law or in equity, whether matured or unmatured, whether before a local, state, or federal court or state or federal administrative agency or commission, or arbitration administrator, and whether now known or unknown, liquidated or unliquidated, that Claimant has, may have had, asserted, and/or may have asserted, against the Released Parties on behalf of itself, or any other person or entity, with respect to the Claims, or arising from or related to the facts asserted in the Proof(s) of Claim and/or the Scheduled Claims.  The provisions of this Section A.2 are in addition to, and shall in no way be deemed to limit or modify, the release, discharge, injunction and other provisions of the Plan and Confirmation Order.  Nothing contained in this release shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Agreement.

3. Claimant understands that by the execution of this document, no further claims may be asserted by Claimant or its assigns against the Released Parties for these Claims. Accordingly, Claimant hereby waives any and all rights based upon the provisions, rights, and benefits conferred by any law of any state or territory that is similar, comparable, or equivalent to the California Civil Code section 1542, which reads as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

4. Claimant understands and acknowledges that it may have sustained or in the future may sustain additional injuries, damages or losses which may manifest themselves and which are presently unknown, but nevertheless it deliberately intends to, and hereby does, release the Released Parties and all other entities described in this Agreement from all such injuries, damages and losses occurring before the Petition Date. Claimant understands and agrees that this waiver is an essential and material term of this Agreement and the settlement which leads to it and that, without such waiver, the settlement would not have been entered into by Reorganized Debtors.

5. Claimant acknowledges and agrees that the Reorganized Debtors or their agents are authorized to adjust the claims register to reflect allowance of the Allowed Claim(s) and the disallowance and expungement of any other claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released by Claimant pursuant to this Agreement.

### B. Miscellaneous Terms and Conditions.

1. This Agreement contains the complete agreement and understanding between the Parties.

2. This Agreement shall be effective upon execution by the Parties.

3. This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original; it may be executed by facsimile or electronic signatures which shall be deemed to have the same force and effect as an original signature.

4. This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

5. Claimant hereby warrants and represents that it owns all of the claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released in this Agreement and has not assigned or in any way transferred or conveyed all or any portion of such claims and that Claimant has the sole right and exclusive authority to execute this Agreement and receive the sums specified or reference in this Agreement  Claimant acknowledges and agrees that this warranty and representation is an essential and material term of this Agreement, without which the Reorganized Debtors would not have entered into it, and Claimant agrees to indemnify the

Reorganized Debtors against any losses they incur (a) as a result of (a) a breach of this warranty and representation, or (b) the invalidity of the transfer to Claimant of any of the Claims.

6.    Each party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Agreement and that it enters this Agreement knowingly and voluntarily.

7.    Each party shall bear his, her or its own attorney fees and costs arising from this Claim or in connection with the Agreement, the Proof of Claim and the matters and documents referred to herein, and all related matters.

8.    By executing this Agreement, each Party represents to the other that (a) the person executing this Agreement on its behalf is duly authorized and empowered to execute and deliver this Agreement; and (b) this Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Agreement's terms.

9.    Each Reorganized Debtor hereby represents that it has authority pursuant to the Plan to enter into this Agreement without further authorization of the Bankruptcy Court.

10.    The Parties cooperated in the drafting of this Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party.

11.    The Parties agree that the terms of this Agreement, other than the identification of the Claims resolved hereby and the amount of the Allowed Claim(s), are confidential.  The Parties and their respective counsel agree to keep all other terms of this settlement completely confidential and agree not to disclose any information concerning this Agreement, the terms of the settlement, or the settlement communications between the Parties, to any person or entity, unless such disclosure is:  (a) necessary to report the settlement to their respective lawyers, tax advisors, accountants, and/or insurers; (b) lawfully required by any governmental agency; (c) otherwise required to be disclosed by law; or (d) necessary in any legal proceeding to enforce any provision of this Agreement.

12.    This Agreement shall be governed, in all respects, under the laws of the State of California, irrespective of its choice of law rules.

13.    The Parties agree that the Bankruptcy Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from the Agreement or the implementation of this Agreement.

*[Remainder of Page Intentionally Blank]*

IN WITNESS WHEREOF, the Parties hereby execute the Agreement as of the date above written.

Signature:_____     Signature:_____

Printed Name: Renee Records                    Printed Name: _____

Title: Claims Investigator, Manager            Title:_____

Representative for the Reorganized Debtors     Representative for the Claimant

# Exhibit A
## Summary of Scheduled Claims and Filed Proofs of Claim

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | C | U | D | Asserted or Scheduled Amounts | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Secured | Administrative | Priority | Unsecured | Total |
| 1352296 | 7920 | Shou Kun Huang/Henry Huang | Filed/Asserted | Pacific Gas and Electric Company | ☐ | ☐ | ☐ | $0.00 | $0.00 | $0.00 | $8,200.00 | $8,200.00 |

Where C = contingent, U = unliquidated, D = disputed

1352296

# Exhibit B
## Allowed Claim(s)

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | Allowed Amounts | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Secured | Administrative | Priority | Unsecured | Total |
| 1352296 | 7920 | Shou Kun Huang/Henry Huang | Filed/Asserted | Pacific Gas and Electric Company | $0.00 | $0.00 | $0.00 | $5,581.93 | $5,581.93 |
| | | | | **Exhibit B Total** | **$0.00** | **$0.00** | **$0.00** | **$5,581.93** | **$5,581.93** |

1352296

# **Exhibit B**

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Agreement**") is made as of Wednesday, February 17, 2021 by and between Vos, John A. (the "**Claimant**") and the Reorganized Debtors (as defined below). Signatories to this Agreement will hereafter be referred to jointly as the "**Parties**."

# PREAMBLE

**WHEREAS,** on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors,**" and each, a "**Debtor**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") each commenced with the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") a voluntary case for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), which Chapter 11 Cases have been consolidated for procedural purposes only under the lead case styled: *PG&E Corporation and Pacific Gas and Electric Company., Case No. 19-30088.*

**WHEREAS**, on March 14, 2019 [Docket Nos. 897-908], the Debtors filed their Schedules of Assets and Liabilities, which scheduled the claims designated as "Scheduled" in **Exhibit A**, if any, as claims held by Claimant against the Debtors as of the Petition Date (the "**Scheduled Claims**");

**WHEREAS**, by Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set the last date for parties to file proofs of claim against the Debtors in the Chapter 11 Cases as October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time);

**WHEREAS**, the Claimant has filed proof(s) of claim in the Chapter 11 Cases against the Debtors as set forth as "Filed/Asserted" in **Exhibit A** attached hereto (the "**Proof(s) of Claim**" and, together with the Scheduled Claims, the "**Claims**");

**WHEREAS**, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "**Plan**") was confirmed by order of the Bankruptcy Court entered June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**");

**WHEREAS**, the Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020, whereupon the Debtors were reorganized, revested with their property and discharged from their debts, all as provided in the Plan and the Confirmation Order, and as thus reorganized became and now are the "**Reorganized Debtors**" (and each, a "**Reorganized Debtor**"). The Plan and all provisions of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and in the Confirmation Order) are binding on all holders of claims against, or interests in, the Reorganized Debtors, whether or not the claims or interests of any such holder are impaired under the Plan and whether or not any such holder voted to accept the Plan;

**WHEREAS**, pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to

Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court; and

**WHEREAS,** the Parties wish to compromise, resolve, and settle the claims that are asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims.

**NOW, THEREFORE,** in consideration of the releases and promises contained herein and other good and valuable consideration exchanged among the Parties, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

A.   **Settlement.**

1.     In full and final satisfaction, settlement, and release of the claims asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims, the Parties agree that the Claimant is allowed certain claims against the Reorganized Debtors in the amount(s) and classification(s) set forth in **Exhibit B** attached hereto (the "**Allowed Claim(s)**"), which Allowed Claim(s) shall be satisfied pursuant to, and in accordance with, the Plan and Confirmation Order. All Proofs of Claim filed by the Claimant, except to the extent allowed as the Allowed Claim(s) as set forth on **Exhibit B** hereto, shall be disallowed and expunged from the Reorganized Debtors' claims register. The agreed amount of the Allowed Claim(s) is inclusive of any right or entitlement of Claimant for or on account of post-petition interest; and notwithstanding any provision of the Plan or Confirmation Order or other applicable law, Claimant shall not have any additional right or entitlement to post-petition interest on the Allowed Claim(s).

2.     The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts or on the parts of their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders. The Parties expressly deny any such liability. In consideration of the allowance of the Allowed Claim(s), as of the Effective Date of the Plan, Claimant releases each Reorganized Debtor and its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders, (collectively the "**Released Parties**"), from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, judgments, liabilities, causes of action, or controversies of any kind whatsoever (including, without limitation, any claim for post-petition interest), whether at law or in equity, whether matured or unmatured, whether before a local, state, or federal court or state or federal administrative agency or commission, or arbitration administrator, and whether now known or unknown, liquidated or unliquidated, that Claimant has, may have had, asserted, and/or may have asserted, against the Released Parties on behalf of itself, or any other person or entity, with respect to the Claims, or arising from or related to the facts asserted in the Proof(s) of Claim and/or the Scheduled Claims. The provisions of this Section A.2 are in addition to, and shall in no way be deemed to limit or modify, the release, discharge, injunction and other provisions of the Plan and Confirmation Order. Nothing contained in this release shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Agreement.

3.      Claimant understands that by the execution of this document, no further claims may be asserted by Claimant or its assigns against the Released Parties for these Claims.  Accordingly, Claimant hereby waives any and all rights based upon the provisions, rights, and benefits conferred by any law of any state or territory that is similar, comparable, or equivalent to the California Civil Code section 1542, which reads as follows:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

4.      Claimant understands and acknowledges that it may have sustained or in the future may sustain additional injuries, damages or losses which may manifest themselves and which are presently unknown, but nevertheless it deliberately intends to, and hereby does, release the Released Parties and all other entities described in this Agreement from all such injuries, damages and losses occurring before the Petition Date.  Claimant understands and agrees that this waiver is an essential and material term of this Agreement and the settlement which leads to it and that, without such waiver, the settlement would not have been entered into by Reorganized Debtors.

5.      Claimant acknowledges and agrees that the Reorganized Debtors or their agents are authorized to adjust the claims register to reflect allowance of the Allowed Claim(s) and the disallowance and expungement of any other claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released by Claimant pursuant to this Agreement.

**B.      Miscellaneous Terms and Conditions.**

1.      This Agreement contains the complete agreement and understanding between the Parties.

2.      This Agreement shall be effective upon execution by the Parties.

3.      This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original; it may be executed by facsimile or electronic signatures which shall be deemed to have the same force and effect as an original signature.

4.      This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

5.      Claimant hereby warrants and represents that it owns all of the claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released in this Agreement and has not assigned or in any way transferred or conveyed all or any portion of such claims and that Claimant has the sole right and exclusive authority to execute this Agreement and receive the sums specified or reference in this Agreement  Claimant acknowledges and agrees that this warranty and representation is an essential and material term of this Agreement, without which the Reorganized Debtors would not have entered into it, and Claimant agrees to indemnify the

Reorganized Debtors against any losses they incur (a) as a result of (a) a breach of this warranty and representation, or (b) the invalidity of the transfer to Claimant of any of the Claims.

6.      Each party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Agreement and that it enters this Agreement knowingly and voluntarily.

7.      Each party shall bear his, her or its own attorney fees and costs arising from this Claim or in connection with the Agreement, the Proof of Claim and the matters and documents referred to herein, and all related matters.

8.      By executing this Agreement, each Party represents to the other that (a) the person executing this Agreement on its behalf is duly authorized and empowered to execute and deliver this Agreement; and (b) this Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Agreement's terms.

9.      Each Reorganized Debtor hereby represents that it has authority pursuant to the Plan to enter into this Agreement without further authorization of the Bankruptcy Court.

10.      The Parties cooperated in the drafting of this Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party.

11.      The Parties agree that the terms of this Agreement, other than the identification of the Claims resolved hereby and the amount of the Allowed Claim(s), are confidential.  The Parties and their respective counsel agree to keep all other terms of this settlement completely confidential and agree not to disclose any information concerning this Agreement, the terms of the settlement, or the settlement communications between the Parties, to any person or entity, unless such disclosure is:  (a) necessary to report the settlement to their respective lawyers, tax advisors, accountants, and/or insurers; (b) lawfully required by any governmental agency; (c) otherwise required to be disclosed by law; or (d) necessary in any legal proceeding to enforce any provision of this Agreement.

12.      This Agreement shall be governed, in all respects, under the laws of the State of California, irrespective of its choice of law rules.

13.      The Parties agree that the Bankruptcy Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from the Agreement or the implementation of this Agreement.

*[Remainder of Page Intentionally Blank]*

IN WITNESS WHEREOF, the Parties hereby execute the Agreement as of the date above written.

Signature:_____    Signature:_____

Printed Name: Renee Records                  Printed Name: _____

Title: Claims Investigator, Manager          Title:_____

Representative for the Reorganized Debtors    Representative for the Claimant

## Exhibit A
## Summary of Scheduled Claims and Filed Proofs of Claim

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | C | U | D | Asserted or Scheduled Amounts | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Secured | Administrative | Priority | Unsecured | Total |
| 1405992 | 61461 | Vos, John A. | Filed/Asserted | Pacific Gas and Electric Company | ☐ | ☐ | ☐ | $0.00 | $0.00 | $0.00 | $600.00 | $600.00 |
| 1405992 | 62354 | Vos, John A | Filed/Asserted | PG&E Corporation | ☐ | ☐ | ☐ | $0.00 | $0.00 | $0.00 | $600.00 | $600.00 |
| 1405992 | 62490 | Vos, John A. | Filed/Asserted | Pacific Gas and Electric Company | ☐ | ☐ | ☐ | $0.00 | $0.00 | $0.00 | $600.00 | $600.00 |

Where C = contingent, U = unliquidated, D = disputed

1405992

# Exhibit B
## Allowed Claim(s)

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | Allowed Amounts | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Secured | Administrative | Priority | Unsecured | Total |
| 1405992 | 62490 | Vos, John A. | Filed/Asserted | Pacific Gas and Electric Company | $0.00 | $0.00 | $0.00 | $240.00 | $240.00 |
| | | | | **Exhibit B Total** | **$0.00** | **$0.00** | **$0.00** | **$240.00** | **$240.00** |

1405992

**Exhibit C**

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement (this "**Agreement**") is made as of Wednesday, February 17, 2021 by and between Wister, Robert B. (the "**Claimant**") and the Reorganized Debtors (as defined below). Signatories to this Agreement will hereafter be referred to jointly as the "**Parties**."

<u>**PREAMBLE**</u>

**WHEREAS,** on January 29, 2019 (the "**Petition Date**"), PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors,**" and each, a "Debtor") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") each commenced with the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**") a voluntary case for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), which Chapter 11 Cases have been consolidated for procedural purposes only under the lead case styled: *PG&E Corporation and Pacific Gas and Electric Company., Case No. 19-30088.*

**WHEREAS**, on March 14, 2019 [Docket Nos. 897-908], the Debtors filed their Schedules of Assets and Liabilities, which scheduled the claims designated as "Scheduled" in **Exhibit A**, if any, as claims held by Claimant against the Debtors as of the Petition Date (the "**Scheduled Claims**");

**WHEREAS**, by Order dated July 1, 2019 [Docket No. 2806], the Bankruptcy Court set the last date for parties to file proofs of claim against the Debtors in the Chapter 11 Cases as October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time);

**WHEREAS**, the Claimant has filed proof(s) of claim in the Chapter 11 Cases against the Debtors as set forth as "Filed/Asserted" in **Exhibit A** attached hereto (the "**Proof(s) of Claim**" and, together with the Scheduled Claims, the "**Claims**");

**WHEREAS**, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8048] (as may be modified, amended, or supplemented from time to time, and together with all scheduled and exhibits thereto, the "**Plan**") was confirmed by order of the Bankruptcy Court entered June 20, 2020 [Docket No. 8053] (the "**Confirmation Order**");

**WHEREAS**, the Effective Date of the Plan (as defined in the Plan) occurred on July 1, 2020, whereupon the Debtors were reorganized, revested with their property and discharged from their debts, all as provided in the Plan and the Confirmation Order, and as thus reorganized became now are the "**Reorganized Debtors**" (and each, a "**Reorganized Debtor**"). The Plan and all provisions of the Plan (including, without limitation, all discharge, injunction, exculpation, and release provisions contained in the Plan and in the Confirmation Order) are binding on all holders of claims against, or interests in, the Reorganized Debtors, whether or not the claims or interests of any such holder are impaired under the Plan and whether or not any such holder voted to accept the Plan;

**WHEREAS**, pursuant to section 7.2 of the Plan, the Reorganized Debtors are authorized to, among other things, compromise, settle, otherwise resolve, or withdraw any objections to

Disputed Claims (as defined in the Plan) and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court; and

**WHEREAS,** the Parties wish to compromise, resolve, and settle the claims that are asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims.

**NOW, THEREFORE,** in consideration of the releases and promises contained herein and other good and valuable consideration exchanged among the Parties, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

A.    **Settlement.**

1.    In full and final satisfaction, settlement, and release of the claims asserted by the Claimant in the Proof(s) of Claim and/or the Scheduled Claims, the Parties agree that the Claimant is allowed certain claims against the Reorganized Debtors in the amount(s) and classification(s) set forth in **Exhibit B** attached hereto (the "**Allowed Claim(s)**"), which Allowed Claim(s) shall be satisfied pursuant to, and in accordance with, the Plan and Confirmation Order.  All Proofs of Claim filed by the Claimant, except to the extent allowed as the Allowed Claim(s) as set forth on **Exhibit B** hereto, shall be disallowed and expunged from the Reorganized Debtors' claims register. The agreed amount of the Allowed Claim(s) is inclusive of any right or entitlement of Claimant for or on account of post-petition interest; and notwithstanding any provision of the Plan or Confirmation Order or other applicable law, Claimant shall not have any additional right or entitlement to post-petition interest on the Allowed Claim(s).

2.    The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on their parts or on the parts of their predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders.  The Parties expressly deny any such liability.  In consideration of the allowance of the Allowed Claim(s), as of the Effective Date of the Plan, Claimant releases each Reorganized Debtor and its predecessors, successors, parents, direct subsidiaries, indirect subsidiaries, affiliates, assigns, agents, their current and former directors, officers, employees, representatives, insurers, attorneys, and shareholders, (collectively the "**Released Parties**"), from any and all claims, proofs of claim, debts, demands, damages, attorneys' fees, judgments, liabilities, causes of action, or controversies of any kind whatsoever (including, without limitation, any claim for post-petition interest), whether at law or in equity, whether matured or unmatured, whether before a local, state, or federal court or state or federal administrative agency or commission, or arbitration administrator, and whether now known or unknown, liquidated or unliquidated, that Claimant has, may have had, asserted, and/or may have asserted, against the Released Parties on behalf of itself, or any other person or entity, with respect to the Claims, or arising from or related to the facts asserted in the Proof(s) of Claim and/or the Scheduled Claims.  The provisions of this Section A.2 are in addition to, and shall in no way be deemed to limit or modify, the release, discharge, injunction and other provisions of the Plan and Confirmation Order.  Nothing contained in this release shall prevent the Parties from asserting or pursuing any claim to enforce the terms of this Agreement.

3.      Claimant understands that by the execution of this document, no further claims may be asserted by Claimant or its assigns against the Released Parties for these Claims.  Accordingly, Claimant hereby waives any and all rights based upon the provisions, rights, and benefits conferred by any law of any state or territory that is similar, comparable, or equivalent to the California Civil Code section 1542, which reads as follows:

>"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

4.      Claimant understands and acknowledges that it may have sustained or in the future may sustain additional injuries, damages or losses which may manifest themselves and which are presently unknown, but nevertheless it deliberately intends to, and hereby does, release the Released Parties and all other entities described in this Agreement from all such injuries, damages and losses occurring before the Petition Date.  Claimant understands and agrees that this waiver is an essential and material term of this Agreement and the settlement which leads to it and that, without such waiver, the settlement would not have been entered into by Reorganized Debtors.

5.      Claimant acknowledges and agrees that the Reorganized Debtors or their agents are authorized to adjust the claims register to reflect allowance of the Allowed Claim(s) and the disallowance and expungement of any other claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released by Claimant pursuant to this Agreement.

### B.      Miscellaneous Terms and Conditions.

1.      This Agreement contains the complete agreement and understanding between the Parties.

2.      This Agreement shall be effective upon execution by the Parties.

3.      This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original; it may be executed by facsimile or electronic signatures which shall be deemed to have the same force and effect as an original signature.

4.      This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

5.      Claimant hereby warrants and represents that it owns all of the claims asserted in the Proof(s) of Claim and/or Scheduled Claims or otherwise released in this Agreement and has not assigned or in any way transferred or conveyed all or any portion of such claims and that Claimant has the sole right and exclusive authority to execute this Agreement and receive the sums specified or reference in this Agreement  Claimant acknowledges and agrees that this warranty and representation is an essential and material term of this Agreement, without which the Reorganized Debtors would not have entered into it, and Claimant agrees to indemnify the

Reorganized Debtors against any losses they incur (a) as a result of (a) a breach of this warranty and representation, or (b) the invalidity of the transfer to Claimant of any of the Claims.

6.      Each party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Agreement and that it enters this Agreement knowingly and voluntarily.

7.      Each party shall bear his, her or its own attorney fees and costs arising from this Claim or in connection with the Agreement, the Proof of Claim and the matters and documents referred to herein, and all related matters.

8.      By executing this Agreement, each Party represents to the other that (a) the person executing this Agreement on its behalf is duly authorized and empowered to execute and deliver this Agreement; and (b) this Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Agreement's terms.

9.      Each Reorganized Debtor hereby represents that it has authority pursuant to the Plan to enter into this Agreement without further authorization of the Bankruptcy Court.

10.      The Parties cooperated in the drafting of this Agreement, and in the event that it is determined that any provision herein is ambiguous, that provision shall not be presumptively construed against any Party.

11.      The Parties agree that the terms of this Agreement, other than the identification of the Claims resolved hereby and the amount of the Allowed Claim(s), are confidential.  The Parties and their respective counsel agree to keep all other terms of this settlement completely confidential and agree not to disclose any information concerning this Agreement, the terms of the settlement, or the settlement communications between the Parties, to any person or entity, unless such disclosure is:  (a) necessary to report the settlement to their respective lawyers, tax advisors, accountants, and/or insurers; (b) lawfully required by any governmental agency; (c) otherwise required to be disclosed by law; or (d) necessary in any legal proceeding to enforce any provision of this Agreement.

12.      This Agreement shall be governed, in all respects, under the laws of the State of California, irrespective of its choice of law rules.

13.      The Parties agree that the Bankruptcy Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from the Agreement or the implementation of this Agreement.

*[Remainder of Page Intentionally Blank]*

IN WITNESS WHEREOF, the Parties hereby execute the Agreement as of the date above written.

Signature:_____     Signature:_____

Printed Name: Renee Records     Printed Name: _____

Title: Claims Investigator, Manager     Title:_____

Representative for the Reorganized Debtors     Representative for the Claimant

# Exhibit A
## Summary of Scheduled Claims and Filed Proofs of Claim

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | C | U | D | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Asserted or Scheduled Amounts | | | |
| 1353008 | 8671 | Wister, Robert B. | Filed/Asserted | Pacific Gas and Electric Company | ☐ | ☑ | ☐ | $0.00 | $0.00 | $0.00 | $440.00 | $440.00 |

Where C = contingent, U = unliquidated, D = disputed

1353008

# Exhibit B
## Allowed Claim(s)

| Creditor ID | Claim # | Claimant | Claim Type | Debtor Entity | Secured | Administrative | Priority | Unsecured | Total |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Allowed Amounts** | | | | |
| 1353008 | 8671 | Wister, Robert B. | Filed/Asserted | Pacific Gas and Electric Company | $0.00 | $0.00 | $0.00 | $176.00 | $176.00 |
| | | | | **Exhibit B Total** | **$0.00** | **$0.00** | **$0.00** | **$176.00** | **$176.00** |

1353008