Kenneth B Salomon, *Pro Se*
740 Chiles Avenue
St. Helena, CA 94574
(707) 244-2672
kellysalomon@yahoo.com



FILED

MAR - 5 2021

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

In re:
**PG&E CORPORATION,**

and

**PACIFIC GAS AND ELECTRIC COMPANY,**

Debtors.

☐ Affects PG&E Corporation
■ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

Case Nos. 19-30088 DM (Lead Case)
19-30089 DM

Chapter 11
*Jointly Administered*

**REPLY TO DEBTORS' RESPONSE TO KENNETH B SALOMON'S REQUEST FOR MEDIATION AND FOR SANCTIONS**

Date: March 9, 2021
Time: 10:00 a.m. (PST)
Place: **(Telephonic or Video Only)**
United States Bankruptcy Court
450 Golden Gate Avenue
Courtroom 17, 16th Floor
San Francisco, CA 94101
Judge: Hon. Dennis Montali

**RELATED DKT. NOS. 10259, 10054**

    KENNETH B SALOMON hereby replies to *Debtor's Response to Notice of Request and Request to Mediate Claim of Kenneth B Salomon and for Sanctions* (the "**Response**") of February 23, 2021. Debtor's Response does not object to the Request, in particular the case made therein for sanctions, rather it

    (i) misinforms the Court that "Mr. Salomon's …claim has been settled *pursuant to the General ADR Procedures,*" Response p. 2, lines 7-8, (emphasis added), and

    (ii) argues that the Request be denied because mediation of the claim and sanctions are mooted - coincidentally by Debtor's acceptance on February 23, 2021 of a counteroffer made on January 25, 2021.

### I. Debtors settled in order to evade Court's ruling on sanctions.

. The obstacles and dilatory impediments to settlement identified in the Request (Heading II.A) were present in the Original Notice of Offer of December 24, 2020 and remained so in the Notice of Revised Offer of January 25, 2021 even after notice to Debtor's agent Prime Clerk. Only upon *filing the Request* did Debtor fix the Portal. Importantly, through Debtor's intransigence they did achieve a significant delay in the Offer process; a total of 30 days elapsed between the making of the counter offer on January 25th and its acceptance on February 23rd! One is left to ponder what took so long? Besides the inoperative Portal, the answer is Debtor's Response to the Request was due on the 23rd and the issue of sanctions would have been reached absent a claim of settlement. Thus it is submitted that it was the Request, not the General ADR Procedures, through which settlement was achieved..

### II. Sanctions on Debtors not mooted by the Settlement but made more appropriate.

Despite this intransigence a settlement was reached, nevertheless sanctions are warranted not only for the reasons cited in Request (Heading IV) but, as it turns out, for failing to negotiate in good faith.as required by the Offer Procedures. Again, only upon filing the Request did Debtors accept a counteroffer; the Offer Procedures were unavailing until the Request was filed and their Response was due. Furthermore, settlement was arrived at *not on the relative merits* of the Lawsuit underlying the Claim, or on its defenses (*Id.*, II.B), but to enable Debtors' argument that sanctions are mooted somehow by reaching settlement.

Initial and Revised Offers by Debtor were far from credible or satisfactory (*Id.*). Debtor agreed to the counteroffer to their Revised Offer *on the same day* their Response seeking denial of sanctions was filed with this Court exhibiting lack of good faith negotiations by Debtors in the Offer Procedures up to the very day a Response to the Request was due in Court.

Sanctions as measured by the difference between the settlement amount and the amount stated in the Proof of Claim are just and appropriate under Section IV.E of the General ADR Procedures as notice to Debtors to employ the Offer Procedures in good faith without the need for court intervention.

Respectfully submitted,    Dated: March / , 2021, at St. Helena CA.

*Kenneth B Salomon*
Kenneth B Salomon

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:
**PG&E CORPORATION,**

and

**PACIFIC GAS AND ELECTRIC COMPANY,**

           **Debtors.**

☐ Affects PG&E Corporation
■ Affects Pacific Gas and Electric Company
☐ Affects both Debtors

Case Nos. 19-30088 DM (Lead Case)
              19-30089 DM
Chapter 11
*Jointly Administered*

**CERTIFICATE OF SERVICE**

Date: March 9, 2021
Time: 10:00 a.m. (PST)
Place: **(Telephonic or Video Only)**
       U.S. Bankruptcy Court
       Dept. 17, 16th Floor
       450 Golden Gate Ave
       San Francisco, CA 94101
Judge: Hon. Dennis Montali

## CERTIFICATE OF SERVICE

On March /, 2021 I served a true and correct copy of the following document:

**REPLY TO DEBTOR'S RESPONSE TO KENNETH B. SALOMON'S REQUEST FOR MEDIATION AND FOR SANCTIONS**

on Dara L. Silveira, KELLER BENVENUTTI KIM LLP, Attorneys of Record for Debtors PG&E Corporation and Pacific Gas and Electric Company by electronically transmitting the document listed above to the email address dlsilveira@kbkllp.com **and** by USPS First Class Mail in a postage-paid sealed envelope addressed to Dara L. Silveira, KELLER BENVENUTTI KIM LLP, Attorneys of Record for Debtors PG&E Corporation and Pacific Gas and Electric Company, 650 California Street, Suite 1900, San Francisco, CA 94108 and deposited at the St. Helena CA Post Office prior to pickup.

I am not a party to this proceeding, my street address is 740 Chiles Ave, St. Helena CA and my email address is kellysalomon@yahoo.com.

I certify under the penalty of perjury that the foregoing is true and correct of my own personal knowledge.

At St. Helena, CA on March 1, 2021.

                                                      *Sharon K. Kelly*
                                                      Sharon K. Kelly

K SALOMON
740 CHILES AVE
ST HELENA CA 94574

OAKLAND CA 945
26 FEB 2021 PM 7 L

RECEIVED
MAR - 5 2021
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA
3L

U.S. Bankruptcy Court
450 Golden Gate Ave
Mail Box 36099
San Francisco CA 94102

94102-341024