KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** <br><br> **PG&E CORPORATION,** <br><br>     - and - <br><br> **PACIFIC GAS AND ELECTRIC COMPANY,** <br><br>                    Debtors. <br><br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br><br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM) <br><br> Chapter 11 <br><br> (Lead Case) (Jointly Administered) <br><br> **DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)** <br><br> **Response Deadline:** <br> **April 14, 2021, 4:00 p.m. (PT)** <br><br> **Hearing Information If Timely Response Made:** <br> Date:  April 28, 2021 <br> Time:  10:00 a.m. (Pacific Time) <br> Place: (Telephonic Appearances Only) <br>         United States Bankruptcy Court <br>         Courtroom 17, 16th Floor <br>         San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Sixty-Ninth Omnibus Objection to Claims (Books and Records Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records.  As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records.  AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims.  AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of scheduled claims and Proofs of Claim that list higher amounts than are reflected in the Reorganized Debtors' books and records.

5. The Omnibus Objection is directed to some of these claims—those identified on **Exhibit 1**, in the row titled "Creditor" (the "**Books and Records Claims**").

6. **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

7. Each of the Books and Records Claims identified on **Exhibit 1** seeks an amount that contradicts the Reorganized Debtors' books and records.  The Reorganized Debtors have determined that the Books and Records Claims assert liabilities in excess of the amounts for which the Reorganized Debtors are liable as reflected in their books and records, and as stated in the Reduced Amounts column on **Exhibit 1**.[2]  In some cases, parts of the excess amounts asserted in the Books and Records Claims were satisfied by, among other things, payments made during the Chapter 11 Cases pursuant to Court orders or as cure payments made in connection with the Reorganized Debtors' assumption of executory

---

[2] Claims listed on Exhibit 1 as "Unliquidated Claims" assert unliquidated amounts.  The Reorganized Debtors do not dispute the liquidated amounts asserted—the asserted amount and the Reduced Amount are the same—but simply seek to eliminate the unliquidated amounts, which do not reconcile with the Reorganized Debtors' books and records.

contracts. In other cases, since the Debtors filed their schedules in March 2019, they have made accounting adjustments and reconciliations that have modified the initial claim amounts scheduled. Accordingly, the Reorganized Debtors are seeking to reduce the filed claims or the scheduled claims to the amounts for which they are liable based on their current books and records. Through the Omnibus Objection, the Reorganized Debtors seek to allow the Books and Records Claims in each respective Reduced Amount, or disallow and expunge the Books and Records Claims in their entirety if the Reduced Amount is zero.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this nineteenth day of March, 2021, in Dallas, Texas.

*/s/ Robb McWilliams*
Robb McWilliams