**Exhibit C**

Mr Peter J. Benvenutti (#60566)  
(pbenvenutti@kbkllp.com)  
KELLER BENVENUTTI KIM LLP  
650 California Street, Suite 1900  
San Francisco, CA 94108  

Nov. 27, 2020

Re: Bankruptcy Case No 19-30088 (DM)

Chapter 11   NOTICE OF THE REORGANIED DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (REDUCED AND ALLOWED CLAIMS)

Creditor Name: Weaver, John I      Claim # 2932

Dear Mr. Benvenutti:

Please reconsider the Bankruptcy Court's proposal to reduce of my claim of $8,000.00 to $3,000.00 because PG&E's agent, Anthony Keir, implied that an agreement that had been made with PGE's (his) verbally designated representative, was acceptable. Mr Keir then used his position to delay compliance, and then unilaterally attempted to change the verbal agreement. This caused a claim #2932 to the Bankruptcy Court, regarding PG&E, to be submitted.

THE COMMUNITY, WILSONIA, WHERE OUR VACATION HOME IS LOCATED, WAS CREATED IN 1919, NEAR GRANT GROVE. KINGS CANYON NATIONAL PARK WAS EXPANDED AND ENCIRCLED THE PRIVATE LAND OF WISONIA IN 1940. ELECTRICAL SERVICE WAS EXTENDED TO WILSONIA ABOUT 1947, WITH FEW, IF ANY, RESTRICTIONS CONCERNING THE PLACEMENT OF ELECTRICAL DISTRIBUTION WIRES. MANY OF THE ELECTRICAL DISTRIBUTION LINES WERE SUPPORTED BY TREES. SINCE THEN, UTILITY POLES HAVE BEEN GRADUALLY REPLACING THE SUPPORTING TREES, HOWEVER THERE ARE STILL MANY TREES BEING USED TO SUPPORT ELECTRICAL LINES WITHIN WILSONIA.

A large sugar pine tree was being used to support electrical wire serving neighboring properties, across my property at 86388 Presidents Lane, from a transformer at the transmission line. A letter, dated September 26, 2018, from John Ramaley, RPF # 2504, of the California Department of Forestry and Fire Protection, was received, approving an exemption (# 4-16EX-851-YUL) to the harvesting of trees that are over 48" in diameter at the stump. This exemption that had been requested by Leon J Manich, Forester, agent for Pacific Gas and Electric, was for my address.

On October 14, 2016, during a telephone call with Shane Kuhn (530-227-0973), ACRT Supervisor for PG&E, he indicated I would be notified before the big Pine tree would be removed. On November 3, 2016 he again indicated I would be notified before removal. Additional telephone calls were made during the Spring of 2017. The large dead Pine tree was still standing May 16, 2017. I was never notified, however on June 6, 2017 I discovered the

large dead Pine tree had been topped. The remaining tall dead stump was leaning toward my vacation home, and my property had been damaged.

After several telephone calls to PG$E, Anthony Keir, Sr. Law-Claim Investigator, Pacific Gas & Electric Co, indicated I would be contacted by their representative. The enclosed copy of "Description of Incident Supplement", dated September 20, 2018, provides additional details concerning the claim.

Because the remaining dead Pine tree stump was creating a perceived hazard to our Vacation Home, our family curtailed it's use, our Grand-daughter's wedding ceremony was performed elsewhere, and Family Reunions had to be held elsewhere. A $4,000.00 reduction of my claim seemed reasonable in exchange for quickly removing the perceived hazard, and gaining safer occupancy of our 3 Bedroom, 2 Bath Vacation Home, and surroundings.

During telephone conversations with PG&E representatives it was agreed the amount of the claim was valid. A check was then received for part of the claim. Anthony Keir implied he was was proceeding to have the dead Pine stump removed, but was encountering delays obtaining approvals from governmental agencies, and various PG&E Departments. Enclosed is a copy of a message sent to Anthony Keir, on December 31, 2018. Anthony Keir did not fulfill PG&E's part of the agreement, but provided misleading information as to why there was a delay in removal of the dead Pine tree stump.

At PGE's direction, it's contractor performed work that damaged my property. A claim was filed with PG&E, and their agent (Anthony Keir) directed me to settle with their representative (Steve Gunther of Mario"s Tree Service). An agreement was reached whereby I would receive $ 6,000,00 plus the removal of a perceived hazardous tall large Pine tree stump before snow falls the upcoming winter. A partial payment of $ 3,000.00 was received. During the following months, several telephone calls were made to Anthony Keir and Steve Gunther, and verbal reassurances were received that they were in the process of removing the Hazard, but that Anthony Keir was having difficulty obtaining necessary clearances. A $ 3,000.00 check, dated 12/18/18, was received from PG&E stipulating it was a compromise settlement. The check was not cashed. When Anthony Keir was contacted about it's inadequacy, by E-mail dated Jan 3, 2019, he indicated PG&E was not a party to that discussion nor advised upon time frame. A letter was received from PG&E, dated January 29, 2019, indicating the check was no longer valid. If PG&E's agent (Anthony Keir) had not implied agreement, then implied attempting to fulfill it, but apparently was just stalling, and then attempted to unilateral change the agreement, my claim would not have been submitted. Please reconsider the reduction.

Thank you,

*John I Weaver* (signature)

John I Weaver - 2948 E Joaquin Place, Fresno Calif. 93726 - -559-229-3368 - Ljweav@att,net

# Description of Incident Supplement

September 20, 2018

Correspondence Management Center
P. O. Box 99731
Sacramento CA 95899-7310

Dear Sirs:

Re: Account Number 3335680162

In May, and June and August 2016 PGE Tree Work Notice Forms (008307, 005308, 3771944, 3963403, 3963403), were created. September 26, 2016 permission was granted, by the California Department of Forestry and Fire Protection, to PG&E's request to harvest a tree over 48 inches in diameter at the stump. During August and September, 2016 information about a Septic System leach field in the area was conveyed to PG&E Veg. Mgt., Rachel Mathews at 559-753-3367. On 10/14/16 Shane Kuhn, 530-227-0973 ACRT Supervisor said we would be notified before the tree was removed.

The tree was topped, leaving a stump about 40 feet tall which is being used to support electrical wires. In the process the Corral and Gate, made of Oak, plus the stone Retaining Wall was damaged. Multiple telephone contacts with Veg. Mgt. personnel indicated the damage would be repaired after the tree logs were removed. Subsequently additional trees were cut in this area, with the assurance any damage would be repaired after the logs etc. were removed.

- Included are a copy of an E-mail to jwke@pge.com., dated Oct. 6, 2017; plus photographs of Corral and Retaining Wall, and also of Retaining Wall taken 9/5/17,

By July 2018 the logs and debris were finally removed, however no repairs have been made. To repair the Corral and Gate the cost would be $600.00, for the Retaining Wall the cost would be $10,000.00, a total of $10,600.00. [Gate, 4 Oak boards $200.00 material plus, &400.00 labor, a total of 600.00. Retaining wall, labor 400 sq. ft. @ $25.00/sq.ft., total $10,000.00.]

The 40 feet tall Stump is hazardous and is leaning toward an occupied single family dwelling unit. It should be completely removed. Presently it is supporting electrical wires, as are some other stumps in the area. Allegedly they are to be removed after the electrical wires are moved to future Utility Poles. Daily, this stump becomes more hazardous as it rots and deteriorates.

John I Weaver

Mr. & Mrs. John Weaver
2948 E Joaquin Pl
Fresno, CA 93726

PGE Claim 181231

Dear Mr. Keir,

Please let me begin by expressing my appreciation for your assistance with this claim. However there appears to be some confusion regarding the settlement. October 2018, I was contacted by Mr. Steve Gauthier (Contract Manager for Mario's Tree Service) in response to the subject claim. He indicated that he was authorized to negotiate a settlement. We discussed the history of the events leading up to the claim and my current concerns. At the conclusion of our negotiations, I understood that the terms of the settlement would be that I would receive compensation in the amount of $600 for the damage done to the corral and $6,000 for the damage done to a stone retaining wall. Further, two dead tree stems would be removed or shortened so that they would no longer pose any danger to our property. I understood the tree removal work would be done very soon (before winter 2018 snow fall). One is leaning toward and if it fell, the top could fall upon our mountain home.

Mr. Gauthier indicated that Mario's would pay $3,600 and that they would try to secure another $3,000 from another tree service that did work in the area, or PG&E. I received the $3,600 compensation from Mario's. Recently you sent me a check in the amount of $3,000 to cover the balance of the settlement funds agreed upon. However, the agreed upon settlement amount of $6,600 was predicated on the removal of the two dead tree stumps, which has not yet been accomplished.

In your last email you indicated that the Law-Claims Section has no authority over the Vegetation Management Section and that you had done all you can do. While I understand your accretion, the fact remains that PG&E has not yet fully fulfilled the agreed upon settlement. This is further exacerbated by a statement that was placed on the $3,000 check you recently sent me. That states "In compromise settlement of all claims arising out of that accident, casualty or event which occurred on or about 2016424383, State of California". To be quite clear, I agreed to reduce my $10,600 claim to $6,600 provided the hazardous dead tree that currently threatens our property, which was previously left by PG&E and attached to PG&E owned services, be corrected before snow fall in 2018.

There are several tree stems supporting electrical wires in Wilsonia, which are to be removed and replaced with Utility poles, sometime in the future. Enclosed is a picture of the hazardous tree with the electrical wires connected about half way to the top. Sleeping in our mountain home is not comfortable with an eminent hazard, the leaning dead tree over us. If another 20 feet had been removed when the tree was topped, the remaining stem would still support the electrical wires, and would relieve the eminent hazard to our home.

PG&E has failed to accomplish the tree removal within the agreed upon time frame. While I still desire to abide by our negotiated settlement, I believe it is necessary for PG&E to acknowledge their commitment.

Thank you again for your previous assistance and I look forward to hearing from you very soon.

Best regards,

