WEIL, GOTSHAL & MANGES LLP
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☑ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION (I) ENLARGING TIME FOR SARAH PAZDAN TO FILE PROOFS OF CLAIM; (II) MODIFYING PLAN INJUNCTION; (III) RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)(1); AND (IV) GRANTING RELATED RELIEF**<br><br>[Related to Dkt. Nos. 6423 - 6429]<br><br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Sarah Pazdan ("**Pazdan**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order (i) enlarging the time for Pazdan to file a proof of claim in the Chapter 11 Cases; (ii) modifying the Plan Injunction (as defined below) to permit Pazdan to file and prosecute a proposed employment lawsuit to liquidate her claim; (iii) resolving Pazdan's pending *Motion for Relief from the Automatic Stay and Abstention Pursuant to 28 U.S.C. § 1334(c)(1)* [Docket No. 6423] (the "**Motion**"); and (iv) granting related relief. The Reorganized Debtors and Pazdan are referred to in this Stipulation collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019, the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**").

B. On November 11, 2019, Pazdan filed proofs of claim against PG&E Corp. [Claim No. 87164] and the Utility [Claim No. 87100] (together, the "**Pazdan Proofs of Claim**"), each in the amount of $4,000,000, based on certain employment related and wrongful termination claims. The Reorganized Debtors assert that the Pazdan Proofs of Claim are untimely because they were filed after October 21, 2019 at 5:00 p.m. (Prevailing Pacific Time) (the "**Original Bar Date**"). Pazdan asserts that the filing of the Pazdan Proofs of Claim after the Original Bar Date was excusable and that the Pazdan Proofs of Claim should be deemed timely.

C. On March 23, 2020, Pazdan filed the Motion, seeking relief from the automatic stay in order to file an employment lawsuit (the "**Superior Court Lawsuit**") against the Debtors in the Superior Court of California, County of San Francisco in order to liquidate the Pazdan Proofs of Claim. Annexed to the Motion as Exhibit A was a proposed complaint (the "**Original Proposed Complaint**") by which Pazdan sought to initiate the Superior Court Lawsuit.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

D. By stipulation filed April 21, 2020 [Dkt. No.6868], approved by order entered April 22, 2020 [Dkt. No. 6889], the Motion was taken off calendar.

E. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

F. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "Plan Injunction," which supersedes the automatic stay in most respects and expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

G. The Parties hereto desire to resolve their issues regarding the Proofs of Claim and the Motion.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Pazdan Proofs of Claim shall be deemed timely filed.

2. The Plan Injunction shall be modified solely to permit Pazdan to liquidate the Pazdan Proofs of Claim by filing a revised version of the Original Proposed Complaint (the "**Amended Proposed Complaint**"), attached hereto as Exhibit A, in order to initiate the Superior Court Lawsuit, and by prosecuting the Superior Court Lawsuit against the Reorganized Debtors through final judgment and any appeals thereof, but not to permit enforcement of any such judgment, which judgment, if any, shall be recoverable solely as a General Unsecured Claim in accordance with the Plan and through the claims reconciliation process in these Chapter 11 Cases.

3. Pazdan, by and through her attorneys, agrees not to sue any individual employees or former employees (including but not limited to the three employees identified in the Original

Proposed Complaint) of either the Reorganized Debtors or any affiliated corporate defendant, in the Superior Court Lawsuit or in any other action or proceeding, on any of the claims alleged in the Superior Court Lawsuit, the Original Proposed Complaint, the Amended Proposed Complaint, the Pazdan Proofs of Claim, or on any other claims based on or arising from the same or materially the same common nucleus of facts, events, and circumstances alleged in the Superior Court Lawsuit, the Original Proposed Complaint, the Amended Proposed Complaint, or the Pazdan Proofs of Claim.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest of any right to object to the Pazdan Proofs of Claim on any grounds other than the untimely filing thereof, or

    b. a waiver by any party of any claim or defense in the Superior Court Action other than as provided in paragraph 3 above.

5. Upon entry of an Order approving the terms of this Stipulation, the Motion shall be deemed withdrawn with prejudice.

6. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

7. This Stipulation shall be binding on the Parties and each of their successors in interest.

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: March 19, 2021

KELLER BENVENUTTI KIM LLP

/s/ *Peter J. Benvenutti*
Peter J. Benvenutti
*Attorneys for Debtors and
Reorganized Debtors*

Dated: March 16, 2021

ERNST LAW GROUP

/s/
Taylor Ernst
*Attorneys for Sarah Pazdan*

Dated: March 8, 2021

FARMER & READY

/s/
Paul F. Ready
*Attorneys for Sarah Pazdan*

Dated: March 16, 2021

/s/ *Sarah Pazdan*
SARAH PAZDAN
*Plaintiff and Claimant*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

WEIL:\97693108\1\67615.0014