1  CRAIG S. SIMON (SBN 78158)
   csimon@bergerkahn.com
2  BERGER KAHN, A Law Corporation
   1 Park Plaza, Suite 340
3   Irvine, California  92614-8516
   Tel: (949) 474-1880 • Fax: (949) 313-5029
4
5  Attorneys for Mid-Century Insurance Company

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| -and- | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **CREDITOR MID-CENTURY INSURANCE COMPANY'S RESPONSE TO THE REORGANIZED DEBTORS' SIXTIETH OMNIBUS OBJECTION TO CLAIMS:** |
| Debtors. | |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | 1. **DECLARATION OF ANNE BRITO**<br>2. **MEMORANDUM OF POINTS AND AUTHORITIES** |
| *All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | **Response Deadline:**<br>**March 24, 2021, 4:00 p.m. (PT)** |
| | **Hearing Information:**<br>Date:   April 7, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |
| | **Creditor:   Mid-Century Insurance Company**<br>**Proof of Claim No:  79157**<br>**Claim Amount:   $19,669.93** |

Creditor Mid-Century Insurance Company ("Mid-Century") filed Proof of Claim No. 79157 for recovery in subrogation in the amount of $19,669.93. Mid-Century paid its insured for the repair and cleanup of damage to business property insured under a contract of Insurance. The damage to business property of Mid-Century's insured, Premier Auto Sound, located at 1814 Broadway St., Vallejo, California was caused after PG&E crews performing work on gas lines crushed a sewage line underground, causing a sewage backup to the interior of Mid-Century's Insured's business.

Mid-Century responds to PG&E's Objection to Claim Proof of Claim 79157 as follows:

**Declaration of Anne Brito, Authorized Representative for Mid-Century**

I, Anne Brito, declare:

1. I have personal knowledge of the facts stated herein, unless stated on information and belief, and if called upon to testify to those facts I could and would competently do so. I am an employee of Mid-Century Insurance Company, a Farmers company. I have reviewed the claim materials related to Claim No. 3011311133, which is the basis for Mid-Century's Proof of Claim No. 79157. All statements herein are on information and believed based upon my past experience with Farmers' claim system, policies and procedures, and my review of the Mid-Century claim file documents and notes in the Farmers claim system.

2. The claim involves damage to business property of Mid-Century's insured, Premier Auto Sound, located at 1814 Broadway St., Vallejo, California which was caused when a sewage line backed up and flooded in the interior of the business. [See Claim Notes attached as Exhibit "A", Page 2]

3. Mid-Century's insured noticed that toilets were not flushing normally and hired a plumber to investigate the problem. The insured's plumber found a blockage in the sewer line that could not be cleared by snaking the line and opined that it may be rocks or dirt in the line. The insured's plumber did not utilize a camera to view the pipe, and so was unable to clear the blockage. The insured filed a claim with Mid-Century for

BERGER KAHN
A Law Corporation
1 Park Plaza, Suite 340
Irvine, CA 92614

damage to property, and it was decided to bring in a plumber to inspect the sewer line using a camera. [See Claim Notes attached as Exhibit "A", Pages 23-24]

4. Mid-Century retained Bullseye Leak Detection to investigate the cause of the backup. Bullseye Leak Detection utilized cameras to view the interior of the plumbing lines and found an obstruction in the line approximately 60 feet in which the camera could not pass. On investigation, the obstruction was the result of a crushed sewer pipe located immediately adjacent to the edge of trench recently dug by PG&E crews. The plumber determined that the sewage backup to Mid-Century's insured's business was caused by a crushed sewer line caused when PG&E equipment was used to dig the trench. [See Claim Notes attached as Exhibit "A", Page 24; See Exhibit "B" attached, Bullseye Leak Detection, Inc., Invoice/Report dated 8/15/2018]

5. Bullseye Leak Detection opined that the trenching done by PG&E was above the level of the sewer line, and that PG&E crews likely did not realize they damaged the sewer line while digging the trench to the gas line. [See Bullseye Leak Detection, Inc., Invoice/Report dated 8/15/2018]

6. Mid-Century notified PG&E of the damage and made a claim in November, 2018. [See Exhibit "C", PG&E Demand Letter 11/6/2018]

7. Receipt of the Mid-Century claim was acknowledged by PG&E Law-Claims representative Stacey Lam. [See Exhibit "D", email from Stacey Lam, Page 2.]

8. The insured has not had any previous losses reported to Mid-Century related to sewage or water-related claims. The insured runs an auto parts store and has been in continuous operation at this location for 26 years. [See Claim Notes attached as Exhibit "A", Page 2-3]

9. It is Mid-Century's position that there is no alternative theory or explanation for the crushed sewer line that caused the sewage backup into the insured's business other than PG&E's activity immediately adjacent to where the damage occurred. PG&E is liable for the resulting damage to the insured's business.

10. A summary of all amounts paid to the Insured for repair of damage resulting from the blocked sewage line is attached hereto as Exhibit "E". The total indemnity paid by Mid-Century on the claim is $19,669.93.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this __22__ day of March 2021 in Austin, Texas.

_____*Anne Brito*_____
Anne Brito

**Memorandum of Law**

**1. PG&E Liability under Negligence**

PG&E's negligence based on the acts and omissions of PG&E in conducting repairs, maintenance or other work on gas lines adjacent to Mid-Century's insured's business premises.

The elements of a cause of action for negligence are duty, breach, causation, and damages. See, e.g., *Friedman v. Merck & Co*. (2003) 107 Cal.App.4th 454, 463. PG&E is under a duty codified in California Civil Code §1714(a), which provides for the liability when the "want of ordinary care" causes injury. PG&E has a duty of safe construction, operation and maintenance of public utility facilities. PG&E negligently crushed a sewer line servicing Mid-Century's Insured's business while conducting service, repair or maintenance on PG&E owned gas lines directly above the sewer line. The crushed sewer line resulted in a backup of contaminated water into the Insured's business, causing damage and requiring repairs and cleanup. PG&E is responsible for the damage to Mid-Century's Insured's property and is liable to Creditor Mid-Century under subrogation for all amounts paid under its policy of insurance for repairs.

**2. PG&E Liability under Inverse Condemnation**

Article 1, § 19 of the California Constitution imposes an obligation on the state to pay "just compensation" to property owners injured as a result of certain kinds of governmental actions.

The "just compensation" clause in the California Constitution applies to the state's exercise of its eminent domain power, constraining it by requiring that when the state takes private property for public use, the private property owner is justly compensated. *Customer Co. v. City of Sacramento* (1995) 10 Cal.4th, 368, 376-377[41 Cal.Rptr.2d 658, 895 P.2d 900)

One such action is "inverse condemnation", which may be initiated by a private property owner seeking compensation for a taking or damage to his or her property. (See *Customer Co. v. City of Sacramento* (1995) 10 Cal.4th, 368, 367-377[41 Cal.Rptr.2d 658, 895 P.2d 900)

The *Holtz v. Superior Court* case clarified that the just compensation clause is the distinct constitutional source that underlies a public entity's responsibility to compensate homeowners for damages to private property resulting from the construction of a public improvement. (See *Holtz v. Superior Court* (1970) 3 Cal.3d 296, 302 [90 Cal.Rptr. 345, 475 P.2d 441).

In the *Holtz* case, an underground excavation project proximately caused damage to the plaintiffs' home by damaging the lateral support resulting in shifting. The Court determined that inverse condemnation applied because such injuries to Plaintiffs' real property were proximately caused by the excavation and construction work as deliberately designed and constructed by the public entity defendants.

Similarly, to *Holtz*, plaintiffs in this proof of claim had damage to their real property, which was proximately caused by Defendant PG&E's excavation and repair work to their gas lines, as deliberately designed and constructed. That excavation work of the gas line caused in the collapse of a sewage line that ran directly beneath the gas line. That sewage line fed Plaintiff's business and when it collapsed caused sewage flooding into the business.

More importantly, the *Albers v. County of Los Angeles* makes it clear that "any actual physical injury to real property proximately caused by the improvement as deliberately designed and constructed is compensable under article I, section 14 of [the

4

CREDITOR MID-CENTURY INSURANCE COMPANY'S RESPONSE TO OBJECTION OF CLAIM 79157

Case: 19-30088    Doc# 10441    Filed: 03/22/21    Entered: 03/22/21 14:42:57    Page 5 of 7

CA] Constitution, whether foreseeable or not." (*Albers v. County of Los Angeles* (1965) 62 Cal.2d 250, 263-264 [42 Cal.Rptr. 89, 398 P.2d 129]).

In the *Belair v. Riverside County Flood Control District* (1988) 47 Cal.3d 550, 559 [253 Cal.Rptr. 693, P.2d 1070] the court restates the inverse test to eschew the term "proximate" with the term "substantial causation".

The Court moves on to explain that "the destruction or damaging of property is sufficiently connected with "public use" as required by the Constitution, if the injury is the result of dangers inherent in the construction of the public improvement. *Youngblood v. Los Angeles County Flood Control District* (1961) 56 Cal.2d 603, 610 [15 Cal.Rptr. 904, 364 P.2d 840].

Even though PG&E claims it was not aware of the sewage line's existence, under *Albers* foreseeability is not an element to inverse condemnation. Furthermore, this case meets the test in *Youngblood*. PG&E deliberately designed and constructed their gas lines. Part of that construction was the deliberate performance of excavation work that substantially caused Plaintiffs' damages. Damage to surrounding sewage lines while performing excavation work on a gas line provided the causal nexus between the risks inherent in PG&E's public improvement and the harm to Plaintiffs' property. This causal nexus was sufficiently robust to create a pronounced likelihood of damage. (See Customer Co, at 382).

The *City of Oroville* case is clear that "useful public improvements must eventually be maintained and not merely designed and built. So the 'inherent risk' aspect of inverse condemnation inquiry is not limited to deliberate design or construction of the public improvement. It also encompasses risks from maintenance or continued upkeep of the public work. (*City of Oroville* at 1107).

The damage to Plaintiffs' property was substantially caused by PG&E's maintenance and continued upkeep on its gas lines. This upkeep and need to maintain the gas lines encompassed performing excavation work that created a risk of causing damage

5

to nearby sewage lines. Mid-Century paid its Insured for the damages caused by sewage line crushed by PG&E's crews, and seeks recovery from PG&E in subrogation.

Thus, Plaintiffs' proof of claim meets the elements of inverse condemnation.

DATED: March 19, 2021  BERGER KAHN, A Law Corporation

By: /s/ Craig S. Simon
CRAIG S. SIMON
Attorneys for MID-CENTURY INSURANCE COMPANY