1  Lathrop GPM LLP
   Caroline A. H. Sayers, SBN 209815
2  caroline.sayers@lathropgpm.com
   1888 Century Park East, Suite 1000
3  Los Angeles, CA 90067
   310.789.4600
4  310.789.4601

5  Attorneys for Garney Pacific, Inc.

6              UNITED STATES BANKRUPTCY COURT
               NORTHERN DISTRICT OF CALIFORNIA
7                 SAN FRANCISCO DIVISION

8

| | |
|---|---|
| **In re:** | **Case No. 19-30088 (DM)** |
| **PG&E CORPORATION,** | **Chapter 11** |
|    **-and-** | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | **VERIFIED RESPONSE OF GARNEY PACIFIC, INC. IN OPPOSITION TO REORGANIZED DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS) – CLAIM NO 2942.** |
|           **Debtors.** | |
| ☐ Affects PG&E Corporation ☐ Affects Gas and Electric Company ☒ Affects both Debtors | **Hearing**: Date: April 7, 2021 Time: 10:00 a.m. (Pacific Time) Place: (Telephonic Appearances Only) United States Bankruptcy Court Courtroom 17, 16th Floor San Francisco, CA 94102 |

9
10
11
12
13
14
15
16
17
18
19
20
21

22      Creditor/Respondent Garney Pacific, Inc. ("**Garney**"), offers the following Verified

23  Response in opposition to Debtors' Objection to Claims (Books and Records Claims) (the

24  "**Objection**")(Doc. 10287) as it relates to Garney's Claim No. 2942 (the "**Proof of Claim**").  For

25  the following reasons, the Objection must be denied.

26

27

28

## I. Claim Information

a) **Claimant Name:  Garney Pacific, Inc.**

b) **Claim Number:  2942**

c) **Claim Amount:  $85,465.83**

d) **Basis of Claim:  Service Performed – Costs incurred by Claimant due to mismarking of Field Marks by PG&E in area excavated by Claimant, as described in more detail below.**

e) **Person with Settlement Authority:  Steve Sutton, Lathrop GPM LLP, 2345 Grand Blvd, Suite 2200, Kansas City, MO 64108 / 816-460-5526 / steve.sutton@lathropgpm.com**

**Memorandum of Points and Authorities**

## II. Introduction

Debtor's Objection is made on the grounds that "[t]he Reorganized Debtors have determined that the Books and Records Claims assert liabilities for which the Reorganized Debtors are not liable or in excess of the amounts as reflected in their books and records." Objection at p. 5.  The Objection fails for a complete lack of support of the Debtors' position – the Affidavit accompanying the Objection is nothing more than a boilerplate affidavit that lacks any specificity as to the Proof of Claim.  With this response Garney will provide the Court with information that provides cause to deny the Objection and, for the forgoing reasons, the Objection must be denied.

## III. Basis for Claim

Garney's Proof of Claim derives from work done on three (3) contracts (the "**Contracts**") for the City of Fresno, California by Garney.  True and correct copies of the Contracts are attached hereto and incorporated by this reference as group Exhibit A.  Pursuant to the Contracts, Garney performed services relating to Water and Wastewater Management Construction (the "**Services**"). In order to perform the Services, Garney was required to conduct excavation.  Because the area of excavation contained already existing utility lines (the "**Existing Lines**") maintained or used by

Debtors, Debtors were required to field mark the location of the Existing Lines (the "**Field Marks**") so that Garney could avoid contact with the Existing Lines.  In short, Debtors mismarked the Existing Lines in two separate excavation areas, instead marking older, unused lines (the "**Unused Lines**").  Garney relied on the Field Marks when performing the Services and as a result Existing Lines were struck and damaged, and repair costs and expenses were incurred.  Debtors are obligated to Garney for repayment thereof.

**IV.    Argument**

California Government Code Section 4216, *et seq.* governs the liabilities between the parties.  Section 4216.3 requires that the operator of sub-surface installations (Debtors) locate and field mark the subsurface installations within an area that is to be excavated.   Cal. Gov't Code § 4216.3 (West).  Section 4216.4 requires the excavating party (Garney) to use hand tools if the excavation is within the tolerance zone.  Cal. Gov't Code § 4216.4 (West) (the "tolerance zone" being defined as "24 inches on each side of the field marking placed by the operator . . .".  Cal. Gov't Code § 4216 (West)).  Thus, if work is being done outside the tolerance zone, hand tools are not required.  Finally, Section 4216.7(a) and (c) define liabilities should either the line operator or the excavator fail to comply with the provisions of the Chapter.  Cal. Gov't Code § 4216.7 (West).

Here, Debtors, as operator of the Existing Lines, failed to comply with Section 4216.3 of the Cal. Gov't Code by incorrectly placing the Field Marks and marking the incorrect, Unused Lines.  True and correct copies of claims submissions and related correspondence provided to Debtors which detail the incorrect Field Marks and which include measurements showing that the excavation was performed by Garney outside of the 24-inch tolerance zone provided for in Section 4126.4, are attached hereto and incorporated by this reference as Exhibit B.  As such, Debtors are "liable for damages to [Garney] . . . including liquidated damages, liability, losses, costs, and expenses, actually incurred by the excavator, resulting from the operator's failure to comply with these specified requirements to the extent the damages, costs, and expenses were proximately

caused by the operator's failure to comply." Cal. Gov't Code § 4216.7(c) (West). Moreover, because the inaccurate Field Marks by Debtors were the cause of the damage, Garney "shall not be liable for damages, replacement costs, or other expenses arising from damages" to the Existing Lines. Cal. Gov't Code § 4216(d) (West).

The Proof of Claim is supported by line items of Garney's actual damages incurred as a result of the incorrect Field Marks. While Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor under any agreement under applicable law," the foregoing shows, the opposite is true and that the claim is enforceable against Debtors – applicable law specifically identifies liabilities and as such authorizes Garney's claim. The Objection cites authority that discusses shifting the burden back to Garney, however in order to do so the Debtors must raise "facts tending to defeat the claim by probative force equal force to that of the allegations of the proofs of claim themselves." Objection at p. 5, citing *Wright v. Holm (in re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991). The Debtors have done nothing to shift the burden. Debtors correctly note that if they raise facts to defeat the Proof of Claim, the "burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." Objection at p. 5, citing *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178, B.R. 222, 226 (B.A.P. 9th Cir. 1995). However, the Debtors have raised no "facts tending to defeat" Garney's Proof of Claim – they raise no facts at all, save generic statements about the grouping of claims they are objecting to. The Proof of Claim and the attachments to this Response prove the validity of the claim by a preponderance of the evidence. Accordingly, the Objection must be overruled the Proof of Claim allowed to stand.

Based on the foregoing argument and authorities, Debtor's Motion must be denied.

1         WHEREFORE, Garney Pacific, Inc. respectfully requests that the Court enter an order

2 denying Debtors' Objection to Claim Number 2942, and for such other relief as this Court deems

3 just and proper.

4

5 Dated: March 23, 2021                       LATHROP GPM LLP

6                                          By:     */s/ Caroline A. H. Sayers*

                                              Caroline A. H. Sayers

7                                               Attorneys for Creditor/Respondent

                                              Garney Pacific, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Verification

2    The undersigned Bill E. Williams, states that he is an Officer of Garney Pacific, Inc, and in that
3    capacity did execute this Verification on its behalf and is duly authorized to do so. The
     undersigned is either personally familiar with the matters stated herein or have become familiar
4    through the review of the business records of Garney Pacific, Inc., which were made at or around
     the time of the events described. The statements made are true and correct to the best of his
5    knowledge, information, and belief.

6    Pursuant to 11 U.S.C §1746, I declare verify under penalty of perjury that the foregoing is true and
7    correct.

8    _____
     Bill E. Williams
9    Officer, Garney Pacific, Inc.

10   Executed on 3-22-21 , in ___Tracy, CA___ (City, State)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28