Anthony P. Condotti, City Attorney, SBN 149886
acondotti@abc-law.com
Barbara H. Choi, Senior Deputy City Attorney, SBN 156088
bchoi@abc-law.com
ATCHISON, BARISONE & CONDOTTI
A Professional Corporation
PO Box 481
Santa Cruz, CA 95061
Telephone:    (831) 423-8383
Facsimile:     (831) 576-2269

Attorneys for Creditor
CITY OF SANTA CRUZ

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>      - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>              Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**CITY OF SANTA CRUZ'S OPPOSITION TO REORGANIZED DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BOOKS AND RECORDS CLAIMS)**<br><br>[Related to Dkt. No. 10287]<br><br>**Hearing Information:**<br>Date:    April 7, 2021<br>Time:   10:00 a.m. (Pacific Time)<br>Place:   (Telephonic Appearances Only)<br>             United States Bankruptcy Court<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102 |

The CITY OF SANTA CRUZ ("CITY"), a claimant in the above-referenced case, by and through its undersigned counsel, submits this Opposition to the Reorganized Debtors' Sixty-Second Omnibus Objection to Claims (Books and Records) [Dkt. No. 10287], as it relates to CITY's Proof of Claim No. 2838 filed herein. This Opposition is filed in accordance with this court's Order Approving (A) Procedures

-1-

for Filing Omnibus Objections to Claims and (B) the Form and Manner of Notice of Omnibus Objections filed in this case on June 30, 2020. [Dkt. No. 8228]

In support of its Opposition, the CITY provides the following information:

**Claimant's Name:** The City of Santa Cruz

**Designated Proof of Claim Number:** 2838

### Explanation for the Amount of CITY's Claim

The CITY timely filed its Proof of Claim ("POC"), herein, number 2838, on April 29, 2019 in the total amount of $32,423.64. The CITY's claim is based on fees for street opening permits, water services, returned checks, and license agreement fees for PG&E's use of CITY property to perform its staging activities. Since filing the POC, PG&E has made payments totaling $13,719.00 in connection with amounts owed for street opening permits. In addition, PG&E has paid $487.86 for water services provided by the CITY. Therefore, at this point, the amount owing to the CITY is $18,216.78, consisting of unpaid license agreement fees and a returned check fee.

On or about September 6, 2018, the CITY entered into a temporary license agreement (the "Letter Agreement") with PG&E for the right to enter and use the CITY's property for staging purposes for emergency PG&E maintenance, known as the Scotts Valley Skypark, 361 Kings Village Road, Assessor's Parcel Numbers 022-721-07-000, 022-721-08-000, and 022-721-09-000 (the "Property"). See Declaration of Debra Allen in Support of the City of Santa Cruz's Opposition to the Reorganized Debtors' Sixty-Second Omnibus Objection to Claims (Books and Records) ("D. Allen Decl.") ¶ 4, filed concurrently herewith and the Letter Agreement which is attached thereto as Exhibit A). In or about November 2018, the CITY and PG&E amended the Letter Agreement to provide for compensation related to the use of the Property. (D. Allen Decl., ¶ 5, Ex. B). In or about March 2019, the City issued an invoice to PG&E for payment related to use of the Property from December 10, 2018 until January 29, 2019, totaling $18,214.28. (D. Allen Decl., ¶ 8, Ex. D). To this point, PG&E has not paid its outstanding invoice owed to the CITY.

### Reasons Why the Bankruptcy Court Should Not Sustain the Omnibus Objection

The CITY's timely filed claim is *prima facie* valid, and allowed in this case, unless and until PG&E carries its initial burden of demonstrating otherwise. It is settled law that a proof of claim

constitutes prima facie evidence of the validity and the amount of claim. *See Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). The evidentiary presumption created by a proof of claim is strong enough to carry over a mere formal objection, without more. *See In re Holm*, 931 F2d 620, 623 (9th Cir. 1991). Accordingly, in response to a proof of claim, the "burden of going forward shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *In re Consolidated Pioneer Mortg.*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). It is only then that the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. If the objector fails to meet this burden, the claim should be allowed without any evidentiary burden to the claimant. *See Lundell*, 233 F.3d at 1041.

The CITY submits that PG&E has failed to satisfy its burden of proof. PG&E's omnibus objection is devoid of any facts directly relevant to the CITY's individual claim. Rather, the omnibus objection merely states that PG&E has reviewed its books and records and does not see a debt owed to the CITY, nor to numerous other claimants. Even if PG&E had proffered such evidence, the admissible evidence filed by the CITY in support of its Opposition, through the declaration of Debra Allen (the "D. Allen Decl."), demonstrates the validity and enforceability of the CITY's claim. This evidence clearly shows that PG&E acknowledged its liability to the CITY but ceased efforts to fulfill its payment obligations with the commencement of PG&E's bankruptcy case.

## Other Information

Notices and/or replies should be sent to the undersigned at:

> Barbara H. Choi, Senior Deputy City Attorney
> ATCHISON, BARISONE & CONDOTTI
> A Professional Corporation
> PO Box 481
> Santa Cruz, CA 95061
> (831) 423-8383

In addition to the above, the person with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the Claimant's behalf is:

Debra Allen
City of Santa Cruz
Collections Specialist
333 Front Street, Suite 200
Santa Cruz, Ca 95060-4533
(831) 420-5052

**Conclusion**

For the foregoing reasons, the CITY respectfully requests that this Court deny the relief requested in the Objection and allow CITY's Claim against PG&E in the amount of $18,216.78.

ATCHISON, BARISONE & CONDOTTI, APC

Dated: March 23, 2021  By: /s/ *Barbara H. Choi*
BARBARA H. CHOI, Senior Deputy City Attorney
Attorneys for Creditor City of Santa Cruz