**LATHAM & WATKINS LLP**
   James E. Brandt (*pro hac vice* forthcoming)
(james.brandt@lw.com)
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200
Fax: (212) 751-4864

   Gavin M. Masuda (#260480)
(gavin.masuda@lw.com)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095

   Michael J. Reiss (#275021)
(michael.reiss@lw.com)
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

*Special Counsel for Debtors and Reorganized Debtors*

**WEIL, GOTSHAL & MANGES LLP**
Richard W. Slack (*pro hac vice*)
(richard.slack@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br>        -and-<br>PACIFIC GAS & ELECTRIC COMPANY,<br>    Debtors. | Case No. 19-30088<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>Adv. Pro. _____<br><br>**DEBTORS' NOTICE OF REMOVAL OF LAWSUIT PENDING IN CALIFORNIA SUPERIOR COURT TO BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 1452, FED. R. BANKR. P. 9027 AND BANKR. LOCAL RULES 5011-1(A) & 9027-1**<br><br>San Francisco Superior Court<br>Case No. CGC-21-590296 |

| | |
|---|---|
| JUSTICE JOHN TROTTER (RET.), TRUSTEE OF THE PG&E FIRE VICTIM TRUST,<br>        Plaintiff,<br><br>        v.<br><br>PG&E CORPORATION, PACIFIC GAS & ELECTRIC COMPANY, ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, ENERGY INSURANCE MUTUAL LIMITED, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, GREAT LAKES REINSURANCE (UK) SE, ENDURANCE RISK SOLUTIONS ASSURANCE COMPANY, BERKLEY INSURANCE COMPANY, AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD., ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS, INC., STARR INDEMNITY & LIABILITY COMPANY, U.S. SPECIALTY INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, BARBICAN MANAGING AGENCY LIMITED, TWIN CITY FIRE INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, HOUSTON CASUALTY COMPANY, and DOES 1-20, inclusive,<br>        Defendants. | |

**TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSEL OF RECORD:**

**I.      INTRODUCTION**

1. On January 29, 2019, Pacific Gas and Electric Company and its parent company, PG&E Corporation (collectively, "**PG&E**" or the "**Debtors**"), filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of California, in jointly administered cases assigned lead Case No. 19-30088 (the "**Chapter 11 Cases**").

2. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). [*See* Dkt. No. 8252.]

3. Pursuant to the Plan, PG&E assigned certain rights and causes of action ("**Assigned Rights and Causes of Action**") to the Fire Victim Trust (as defined in the Plan), including certain claims against PG&E's former directors and officers. The Plan provides that the Fire Victim Trust's recovery for such claims against PG&E's former directors and officers is limited solely to the extent of any PG&E directors and officers insurance policy proceeds paid by an insurance carrier to reimburse the Debtors for amounts paid pursuant to their indemnification obligations ("**Side B Insurance Coverage**"). Thus, PG&E assigned to the Fire Victim Trust the right to pursue certain of PG&E's claims against its former directors and officers, but the Fire Victim Trust's recovery is limited solely to the available Side B Insurance Coverage.

4. On February 24, 2021, Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust, filed a complaint against certain of PG&E's former officers and directors, alleging breaches of fiduciary duties relating to the 2017 North Bay Fires and separately relating to the 2018 Camp Fire. *Trotter v. Chew, et al.*, San Francisco Superior Court Case No. CGC-18-572326.

5. On March 17, 2021, Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust ("**Plaintiff**"), commenced a declaratory relief action (the "**Action**") against PG&E and its directors and officers' liability insurance carriers (the "**Insurers**") in San Francisco Superior Court. *Trotter v. PG&E Corp., et al.*, Case No. CGC-21-590296 (the "**Complaint**"). Plaintiff seeks judicial declarations that (i) Plaintiff is an indispensable party to any arbitration and/or judicial proceedings between PG&E and

its Insurers; (ii) PG&E and its Insurers must permit Plaintiff to participate in any arbitration, judicial proceedings, and/or mediation relating to insurance coverage issues; and (iii) PG&E and its Insurers are enjoined from participating in an arbitration currently set for April 30, 2021 and on any date thereafter, and are directed to the San Francisco Superior Court to resolve issues pertaining to insurance coverage unless Plaintiff is allowed to participate in the arbitration. Complaint Preamble & ¶¶ 65-67.

6. Plaintiff contends in the Action that he "is entitled to a seat at the table" in the confidential arbitration between PG&E and its Insurers based on an incorrect assertion that the Plan somehow grants the Fire Victim Trust the right to "step into PG&E's shoes" with respect to insurance coverage disputes between PG&E and its Insurers, or makes it a third-party beneficiary of the policies. *Id*. ¶¶ 57, 30. In so alleging, the Action necessarily seeks a judicial declaration regarding the scope of the Fire Victim Trust's rights under the Plan.

7. This Court has post-confirmation jurisdiction over matters affecting the interpretation, implementation, consummation, execution, or administration of the Plan. *See, e.g.,* Confirmation Order ¶ 78; Plan § 11.1. Further, this Court has "exclusive jurisdiction with respect to any action relating to or arising out of the [Fire Victim] Trust," except for personal injury or wrongful death claims. *PG&E Fire Victim Trust Agreement* ¶ 1.6 (the "**Fire Victim Trust Agreement**"), attached hereto as **Exhibit A**. The Fire Victim Trust Agreement is expressly authorized by, and an integral aspect of, the Plan. The Action brought by Plaintiff clearly arises out of the Assigned Rights and Causes of Action that are subject to this Court's exclusive jurisdiction under the Fire Victim Trust Agreement. Resolution of the Action also necessarily will require the Court to interpret the scope of the assignment to the Fire Victim Trust under the Plan, the outcome of which will affect the administration of the Plan. Accordingly, removal to this Court is proper pursuant to 28 U.S.C § 1452(a).

II. **THE NATURE OF THIS ACTION AND ITS RELATION TO PG&E'S CHAPTER 11 CASES**

8. Pursuant to the Plan, PG&E assigned certain rights and causes of action to the Fire Victim Trust. As set forth in Section 1.8 of the Plan, the Assigned Rights and Causes of Action include: "any and all rights, claims, causes of action, and defenses thereto relating directly or indirectly to any of the Fires that the Debtors may have against . . . former directors and officers of the Debtors solely to the

extent of any directors and officers' Side B Insurance Coverage . . . ." Plan § 1.8.  As Plaintiff acknowledges in the Complaint, the Fire Victim Trust's recovery, if any, is expressly limited to the extent of any directors and officers' Side B Insurance Coverage.  *See, e.g.*, Complaint ¶ 28.

9.  PG&E long ago disclosed to this Court that its Insurers have asserted that the securities and derivative claims arising out of the 2017 North Bay Fires and the separate securities and derivative claims arising out of the 2018 Camp Fire share a "common nexus," such that all of the securities and derivative claims fall exclusively within the 2017 policy year.  *See Debtors' Statement Regarding the Official Committee of Tort Claimants' Motion for Standing to Prosecute Claims of the Debtors' Estates* (April 10, 2020) [Dkt. No. 6739], at 8-9.  PG&E further informed the Court that PG&E disagreed with the Insurers' position.  *Id*. at 8.  Finally, PG&E informed the Court that the "issue will be resolved separately between the insureds and their insurers." *Id*. at 9.  Thereafter, PG&E initiated arbitration proceedings against the Insurers to resolve that very dispute.  The arbitration is governed by confidentiality rules that prohibit PG&E from disclosing confidential information regarding the arbitration to non-parties, including the Fire Victim Trust.

10.  In the Action, Plaintiff alleges that the Plan somehow granted the Fire Victim Trust the "right to step into PG&E's shoes with regards to pursuing any dispute to receive the proceeds from any Side B coverage" from the Insurers.  Complaint ¶ 30 (emphasis omitted).  Plaintiff further alleges that he is a "third-party claimant who may sue the insurer directly as a third-party beneficiary of relevant Side B insurance policies because the Reorganization Plan expressly provides that certain claims assigned to the [Fire Victim] Trust may only be satisfied from Side B insurance policies." *Id*. Accordingly, the Fire Victim Trust's claim in the Action rests on allegations implicating the meaning of the Plan.

11.  PG&E disagrees with Plaintiff's allegations with respect to the Plan.  The Plan expressly provides only that (1) PG&E assigned to the Fire Victim Trust certain claims "that [PG&E] may have *against* . . . [its] former directors and officers" and (2) such claims are available "solely to the extent of *any* directors and officers' Side B Insurance Coverage." Plan § 1.8 (emphases added).  PG&E did not assign to the Fire Victim Trust its directors and officers insurance policies or any of PG&E's rights under those policies.

12.     Regardless of the merits (or lack thereof) of Plaintiff's position, however, the resolution of the Action necessarily will require the determination of the scope of the Plan's assignment to the Fire Victim Trust.  The Bankruptcy Court has *exclusive* and broad jurisdiction over that question.  *See, e.g.*, Fire Victim Trust Agreement ¶ 1.6 ("The Bankruptcy Court shall have exclusive jurisdiction with respect to any action relating to or arising out of the Trust"); *id.* ¶ 8.20 ("The parties also acknowledge and agree that the [Bankruptcy Court] . . . shall have exclusive continuing jurisdiction over all other matters relating to the Trust and its administration").  Indeed, the Confirmation Order expressly authorized the Fire Victim Trust "in accordance with the terms of [the] Confirmation Order, the Plan [and] the Fire Victim's Trust Agreement . . ." Confirmation Order ¶¶ 18-19, Plan §§ 6.7 (providing for the Fire Victim Trust), 6.8 (providing for the Fire Victim Trustee), and specifically contemplated that the Bankruptcy Court "shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Confirmation Order and as provided in Section 11.1 of the Plan." Confirmation Order ¶ 78.  *See* Plan § 11.1(i) (retaining Bankruptcy Court jurisdiction over "all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan . . . [in order to, among other things,] hear and determine disputes arising in connection with or related to the interpretation, implementation, or enforcement of the Plan").

13.     Moreover, the Fire Victim Trust's Action may frustrate PG&E's ability to maximize the utility of its directors and officers insurance proceeds for the benefit of the Debtors' Estates, including to the extent any delay hinders PG&E's ability to efficiently resolve the securities proofs of claim, as is expressly contemplated in the Plan.  *See, e.g.*, Plan § 1.109 (contemplating an "Insurance Deduction" consisting of "cash payments received" from PG&E's directors and officers insurance policies for equity securities claims); *see also Order Approving Securities ADR and Related Procedures for Resolving Subordinated Securities Claims* (January 25, 2021) [Dkt. No. 10015].  The Fire Victim Trust's attempt to interfere with the administration of the Plan constitutes a separate basis for removal.

14.     Because this Action arises out of the Assigned Rights and Causes of Action that are subject to this Court's exclusive jurisdiction under Fire Victim Trust Agreement paragraph 1.6, and any resolution of this Action bears on the interpretation, implementation, execution, and administration of Plan Sections 1.8, 6.7, and 6.8 regarding the Plan's Assigned Rights and Causes of Action and the Fire

6

Victim Trust, there is more than a sufficiently close nexus with the Plan to justify bankruptcy subject-matter jurisdiction over this post-confirmation dispute.

**III.     REMOVAL AND NOTICE**

15.     PG&E hereby removes the Action—*Trotter v. PG&E Corp., et al.*, Case No. CGC21590296, pending in the Superior Court of California, County of San Francisco—pursuant to 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027(a), and Local Bankruptcy Rule 9027-1, and will give notice of such removal to each of the following:

<u>Superior Court of California, County of San Francisco:</u>

Civic Center Courthouse
400 McAllister St.
San Francisco, CA 94102-4514

<u>Counsel for Plaintiff Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust:</u>

Cotchett, Pitre & McCarthy LLP
Frank M. Pitre
Mark C. Molumphy
Karin B. Swope
Nabilah A. Hossain
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Bottini & Bottini, Inc.
Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037

16.     PG&E will serve a copy of this notice on counsel to Plaintiff at the address set forth above and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, as required by Federal Rule of Bankruptcy Procedure 9027(b) and (c).

17.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), attached as **Exhibits B to E** are true and correct copies of all process, pleadings, motions, and orders obtained from the Court's file in the Action as of the time of this removal.

18.     Pursuant to 28 U.S.C. § 1452(a), removal of the Action is proper on the grounds that the claims raised in the Action arise under title 11 of the United States Code, arise in a case under title 11 of

the United States Code, or otherwise have a close nexus with a case under title 11 of the United States Code, such that this Court has jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b).

19. The Action is not a proceeding before the United States Tax Court. The Action is not a civil action by a government unit to enforce its police or regulatory power.

20. Venue is proper in this Court under 28 U.S.C. § 1452(a), because this Court is the Bankruptcy Court located in the District where the Action was located.

21. Pursuant to Local Bankruptcy Rule 5011-1(a), "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges of this District."

22. Pursuant to Local Bankruptcy Rule 9027-1, PG&E consents to entry of final orders or judgment by the Bankruptcy Court.

Dated: March 25, 2021

Respectfully submitted,
**WEIL, GOTSHAL & MANGES LLP**

By: _/s/ Richard W. Slack_
      Richard W. Slack

*Attorneys for Debtors and Reorganized Debtors*