# Exhibit B

1 | COTCHETT, PITRE & MCCARTHY LLP
Frank M. Pitre (SBN 100077)
2 | Mark C. Molumphy (SBN 168009)
Karin B. Swope *pro hac pending*
3 | Nabilah A. Hossain (SBN 329689)
840 Malcolm Road, Suite 200
4 | Burlingame, California 94010
Telephone:    (650) 697-6000
5 | Facsimile:    (650) 697-0577
E-mail:fpitre@cpmlegal.com
6 |         mmolumphy@cpmlegal.com
7 |         kswope@cpmlegal.com
         nhossain@cpmlegal.com
8 |

**FILED**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 1 7 2021

CLERK OF THE COURT
BY: _____
Deputy Clerk

ANGELICA SUNGA

9 | *Counsel for Plaintiff Justice John Trotter (Ret.),*
10 | *Trustee of the PG&E Fire Victim Trust*

11 | [Additional co-counsel listed on the signature page]

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **FOR THE COUNTY OF SAN FRANCISCO**

14 | **JUSTICE JOHN TROTTER (RET.),**
**TRUSTEE OF THE PG&E FIRE VICTIM**
15 | **TRUST,**

16 |                   Plaintiff,
17 |          v.

18 | **PG&E CORPORATION,**
**PACIFIC GAS & ELECTRIC COMPANY,**
19 | **ASSOCIATED ELECTRIC & GAS**
**INURANCE SERVIES LIMITED,**
20 | **ENERGY INSURANCE MUTUAL**
**LIMITED, NORTH AMERICAN**
21 | **SPECIALITY INSURANCE COMPANY,**
**GREAT LAKES REINSURANCE (UK) SE,**
22 | **ENDURANCE RISK SOLUTIONS**
**ASSURANCE COMPANY,**
23 | **BERKLEY INSURANCE COMPANY,**
**AMERICAN INTERNATIONAL**
24 | **REINSURANCE COMPANY, LTD.,**
25 | **ALLIANZ GLOBAL RISKS US**
**INSURANCE COMPANY,**
26 | **LIBERTY INSURANCE**
27 | **UNDERWRITERS, INC.,**
28 |

Case No. **CGC-21-590296**

**COMPLAINT FOR DECLATORY RELIEF**
**PURSUANT TO CALIFORNIA CIVIL CODE**
**SECTION 1060**

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA**
**CIVIL CODE SECTION 1060**

```
 1  │  STARR INDEMNITY & LIABILITY
    │  COMPANY,
 2  │  U.S. SPECIALTY INSURANCE
    │  COMPANY CONTINENTAL CASUALTY
 3  │  COMPANY,
    │  BARBICAN MANAGING AGENCY
 4  │  LIMITED,
    │  TWIN CITY FIRE INSURANCE
 5  │  COMPANY,
    │  ARGONAUT INSURANCE COMPANY,
 6  │  HOUSTON CASUALTY COMPANY, and
 7  │  DOES 1-20, inclusive,
 8  │
    │              Defendants.
 9  │
10  │
11  │
12  │
13  │
14  │
15  │
16  │
17  │
18  │
19  │
20  │
21  │
22  │
23  │
24  │
25  │
26  │
27  │
28  │
```

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA
CIVIL CODE SECTION 1060**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | PARTIES | 2 |
|  | A. Plaintiff | 2 |
|  | B. Defendants | 2 |
|  | C. Other Defendants | 5 |
| II. | JURISDICTION AND VENUE | 5 |
| III. | FACTUAL BASIS FOR THE RELIEF SOUGHT | 6 |
|  | A. The Trust was assigned certain rights pursuant to PG&E's Bankruptcy Reorganization Plan | 6 |
|  | B. PG&E and INSURER DEFENDANTS dispute the amount of coverage available under the D&O Liability Insurance policies | 9 |
|  | C. PG&E and the INSURER DEFENDANTS are in arbitration without PLAINTIFF | 10 |
|  | D. The controversy between the parties is ripe for declaratory relief | 12 |
| V. | CAUSE OF ACTION | 13 |
| VI. | PRAYER FOR RELIEF | 15 |

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

1

**PLAINTIFF** Justice John Trotter (Ret.), the Trustee of the PG&E Fire Victim Trust ("Trust"), a California resident, brings this declaratory relief action seeking judicial declarations (1) that **PLAINTIFF** is an indispensable party to any current or future arbitrations and/or judicial proceedings between **DEFENDANTS** regarding insurance issues, including the amount of insurance available from **INSURER DEFENDANTS** for claims related to the extensive damages arising from the separate 2017 North Bay Fires and 2018 Camp Fire; (2) requiring **DEFENDANTS** to permit **PLAINTIFF** to participate in any arbitration, judicial proceedings and/or mediation that seeks to determine the nature, extent, or amount of available insurance coverage available from the **INSURER DEFENDANTS** (or any other limitations on coverage) for claims asserted against the former officers and directors arising from the separate 2017 North Bay Fires and 2018 Campfires; (3) enjoining **DEFENDANTS** from participating in the arbitration hearing presently set for April 30, 2021 unless **PLAINTIFF** is permitted to participate, and directing all **DEFENDANTS** to this Court to resolve ongoing and future disputes pertaining to insurance coverage, or in the alternative, a declaration permitting **PLAINTIFF** to participate in the arbitration hearing presently set for April 30, 2021; and (4) any further equitable and legal relief as the Court may deem proper.

## I.     PARTIES

### A.     Plaintiff

1.     **PLAINTIFF JUSTICE JOHN TROTTER (RET.)** is the **TRUSTEE OF THE PG&E FIRE VICTIM TRUST** and is a citizen and resident of California.  The PG&E Fire Victim Trust is a Delaware trust established by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").  **PLAINTIFF** was retained as Trustee of the PG&E Fire Victim Trust and was assigned certain claims and causes of action through PG&E's Chapter 11 plan of reorganization in bankruptcy.

### B.     Defendants

2.     Defendant **PG&E CORPORATION** is a California corporation with corporate headquarters at 77 Beale Street, San Francisco, California.  **PG&E CORPORATION** provides

---

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

2

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

power and energy services throughout the State of California and is the primary provider of power and energy to northern and central California.

3. **PACIFIC GAS AND ELECTRIC COMPANY** is a California corporation with corporate headquarters at 77 Beale Street, San Francisco, California. **PACIFIC GAS AND ELECTRIC COMPANY** is the operating subsidiary of **PG&E CORPORATION** and is regulated by the California Public Utilities Commission. **PACIFIC GAS AND ELECTRIC COMPANY** provides power and energy services throughout the State of California and is the primary provider of power and energy in northern and central California.

4. **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED ("AEGIS")**, a corporation, is headquartered in East Rutherford, New Jersey, in Bergen County.

5. **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT ENERGY INSURANCE MUTUAL LIMITED ("EIM")**, a corporation, is headquartered in Tampa, Florida, in Hillsboro County.

6. **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT NORTH AMERICAN SPECIALTY INSURANCE COMPANY ("SWISS RE")**, a corporation, is headquartered in Kansas City, Missouri, in Jackson County. **SWISS RE** is an operating unit of Swiss Reinsurance Company Ltd.

7. **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT GREAT LAKES REINSURANCE (UK) SE ("GREAT LAKES")**, a corporation, is headquartered in London, United Kingdom. **GREAT LAKES** is an operating unit of Munich Reinsurance Company.

8. **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT ENDURANCE RISK SOLUTIONS ASSURANCE COMPANY ("ENDURANCE")**, a corporation, is headquartered in Purchase, New York, in Westchester County. **ENDURANCE** is an operating unit of Sompo International Holdings Ltd.

---

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

3

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1   9.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

2   **BERKLEY INSURANCE COMPANY ("BERKLEY")**, a corporation, is headquartered in

3   Greenwich, Connecticut, in Fairfield County.  **BERKLEY** is an operating unit of W.R. Berkley

4   Corporation.

5   10.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

6   **AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD. ("AIG BERMUDA")**

7   a corporation, is headquartered in Pembroke, Bermuda.  **AIG BERMUDA** is a part of American

8   International Group, Inc.

9   11.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

10  **ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("ALLIANZ")**, a corporation, is

11  headquartered in Chicago, Illinois, in Cook County.

12  12.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

13  **LIBERTY INSURANCE UNDERWRITERS, INC. ("LIBERTY")**, a corporation, is

14  headquartered in Boston, Massachusetts, in Suffolk County.  **LIBERTY** is registered to do

15  business in California with several offices in Northern California, including San Ramon, Elk

16  Grove, and Brentwood.

17  13.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

18  **STARR INDEMNITY & LIABILITY COMPANY ("STARR")**, is headquartered in New

19  York, New York.  **STARR** is a part of Starr Insurance Companies.  **STARR** is currently registered

20  to do business in California, with a regional office in San Francisco, California.

21  14.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

22  **U.S. SPECIALTY INSURANCE COMPANY ("USIC")**, a corporation, is headquartered in

23  Houston Texas, in Harris County.  **USIC** is an operating unit of HCC Insurance Holdings.

24  15.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

25  **CONTINENTAL CASUALTY COMPANY ("CNA")**, a corporation, is headquartered in

26  Chicago, Illinois, in Cook County.  **CNA** has four offices in California, including an office in San

27  Francisco.

28  **COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA**                                   4
    **CIVIL CODE SECTION 1060**

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1    16.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

2    **BARBICAN MANAGING AGENCY LIMITED ("BARBICAN")**, a corporation, is

3    headquartered in London, United Kingdom.

4    17.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

5    **TWIN CITY FIRE INSURANCE COMPANY ("HARTFORD")**, a corporation, is

6    headquartered in Hartford, Connecticut, in Hartford County.

7    18.    **PLAINTIFF** is informed and believes, and thereupon alleges, that **DEFENDANT**

8    **ARGONAUT INSURANCE COMPANY ("ARGO")**, a corporation, is headquartered in San

9    Antonio, Texas, in Bexar County.  **ARGO** has two office locations in California, including an

10    office in San Francisco.

11    19.    Plaintiff is informed and believes, and thereupon alleges, that **DEFENDANT**

12    **HOUSTON CASUALTY COMPANY ("HCC")**, a corporation, is headquartered in Houston,

13    Texas, in Harris County.  **HCC** is an operating unit of HCC Insurance.

14    **C.    Other Defendants**

15    20.    The true names and capacities, whether individual, corporate, associate or

16    otherwise of the defendant **DOES 1–20**, inclusive, are unknown to **PLAINTIFF** who therefore

17    sues said defendants by such fictitious names pursuant to Code of Civil Procedure section 474.

18    **PLAINTIFF** further alleges that each of said fictitious defendants is in some manner responsible

19    for the acts and occurrences herein set forth.  **PLAINTIFF** will amend this Complaint to show

20    their true names and capacities when the same are ascertained, as well as the manner in which

21    each fictitious defendant is responsible.

22    **II.    JURISDICTION AND VENUE**

23    21.    This court has jurisdiction over this action pursuant to California Code of Civil

24    Procedure section 410.10.  The Court has personal jurisdiction over defendant **PG&E**

25    **CORPORATION** and **PACIFIC GAS AND ELECTRIC COMPANY** (collectively "**PG&E**")

26    because they are headquartered in California and because **PG&E's** actions injured and will injure

27    **PLAINTIFF** in California.

28    **COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA**
     **CIVIL CODE SECTION 1060**                                                    5

22. This Court has jurisdiction over each of the insurers named in Paragraphs 4 through 19 above ("**INSURER DEFENDANTS**") because all of **INSURER DEFENDANTS** conduct business in California including, but not limited to, the conduct alleged in this Complaint, and have sufficient contacts with California to render the exercise of jurisdiction by this Court over them permissible under California Code of Civil Procedure section 410.10 as well as the United States and California Constitutions and traditional notions of fair play and substantial justice.

23. Venue is proper in San Francisco County pursuant to California Code of Civil Procedure section 395 because a substantial part of the events or omissions giving rise to the claims alleged occurred in San Francisco, California, which is located within this jurisdiction. Because a significant amount of the harm, as well as important evidence, is located within this jurisdiction, this is the best venue for this action. Each **DEFENDANT** has sufficient contacts with this jurisdiction that venue in this jurisdiction is appropriate.

### III. FACTUAL BASIS FOR THE RELIEF SOUGHT

#### A. The Trust was assigned certain rights pursuant to PG&E's Bankruptcy Reorganization Plan

24. On January 29, 2019, **PG&E** filed for Chapter 11 Bankruptcy in the Northern District of California under Case Number 19-BK-3008. On June 20, 2020, the Honorable Dennis Montali approved **PG&E's** Chapter 11 Reorganization Plan ("Reorganization Plan") to exit bankruptcy, which included the creation of the Fire Victim Trust ("Trust"). The Trust was established to serve as a vehicle to compensate over 70,000 victims who filed claims against **PG&E** for scores of deaths, personal injury, damage or destruction to property and emotional distress. As part of the Reorganization Plan, **PG&E** agreed to establish the Trust, which is a limited fund comprised of cash, stock, and an assignment of specific claims, to help fairly compensate the victims. The Trust is responsible for administering, processing, settling, resolving, liquidating, satisfying, and paying all outstanding fire victim claims, and prosecuting or settling all assigned rights and causes of action assigned to it through the Fire Victim Trust Agreement and PG&E's Reorganization Plan.

---

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

6

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

25.   Amongst the assigned rights and causes of action assigned to the Trust as part of the Reorganization Plan was **PG&E**'s causes of action against its former directors and officers relating to the 2017 North Bay Fires and the 2018 Camp Fire. In exchange for this assignment, **PLAINTIFF** agreed to only assert new litigation claims against **PG&E**'s former officers and directors and not against any current officers or directors. **PLAINTIFF** also agreed that any recovery for these claims would be limited to the proceeds of Directors and Officers Liability Insurance policies discussed below and that **PLAINTIFF** would not pursue the personal assets of former officers and directors.

26.   Therefore, the right to sue **PG&E**'s former directors and officers for their various managerial decisions or conduct that led to the separate 2017 North Bay Fires and the 2018 Camp Fire, belongs to the **PLAINTIFF**, as Trustee, to pursue on behalf of the Trust.

27.   Each Directors and Officers Liability Insurance Policy ("D&O Liability Insurance") purchased by **PG&E** provides coverage designated as Side A, Side B or Side C. Side A typically insures the directors and officers against non-indemnified or non-indemnifiable losses. Side B coverage typically covers the insured for the costs incurred in indemnifying its directors and officers for defense costs and liability for actions brought against them, including securities, derivative, and other actions for alleged Wrongful Acts, including claims alleging breach of duty, neglect, error, misstatement, misleading statement or omission as they might be covered under the policies. Side C coverage typically insures **PG&E** for Securities Claims, as defined by the particular policies of insurance.

28.   Under the Reorganization Plan, the asset specified to satisfy the Trust's assigned claims is the "Side B" coverage available under two D&O Liability Insurance policies that **PG&E** purchased from the **INSURER DEFENDANTS** to cover alleged wrongful acts in 2017 and 2018. Side B coverage refers to the amount, under the operative policies, that the **INSURER DEFENDANTS** are obligated to pay to **PG&E** to reimburse it for the defense costs and liability amounts incurred indemnifying its past or present directors and officers in connection with a lawsuit or other claims asserted against **PG&E** directors and officers. It is clear that, under the Reorganization Plan, the proceeds of "Side B" coverage under the 2017 and 2018 D&O Liability

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Insurance policies are intended to benefit the victims of the 2017 North Bay Fires and 2018 Camp Fire. Accordingly, **PLAINTIFF** has a right to step into **PG&E**'s shoes with regards to pursuing any dispute to receive the proceeds from any Side B coverage from the **INSURER DEFENDANTS** that will satisfy the Trust's claims against the former officers and directors relating to the separate 2017 North Bay Fires and the 2018 Camp Fire.

29.    Due to the assignment of the underlying claims and causes of action, the Trust is a third-party claimant, who under contract principles may sue as a third-party beneficiary. A claimant may sue the insurer directly as a third-party beneficiary utilizing traditional contract principles. Under California law, third-party beneficiaries of contracts have the right to enforce the terms of the contract under Civil Code section 1559 which provides: "A contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Traditional third-party beneficiary principles do not require that the person to be benefited be named in the contract. **PG&E** intended to benefit the Trust with respect to the proceeds of the D&O Liability Insurance policies because a critical piece of the Reorganization Plan (and the settlements that allowed **PG&E** to exit bankruptcy) was the assignment of claims to the Trust that could only be satisfied out of the D&O Liability Insurance policies. Thus, **PLAINTIFF** has a right to be heard with respect to the pending arbitration.

30.    Accordingly, **PLAINTIFF** has a right to step into **PG&E**'s shoes with regards to pursuing any dispute to receive the proceeds from any Side B coverage from **INSURER DEFENDANTS** that will satisfy the Trust's assigned claims against the former officers and directors relating to the relating to the separate 2017 North Bay Fires and the 2018 Camp Fire. Although **PLAINTIFF** is not a named party to any insurance contract or policy between **DEFENDANTS** and **INSURER DEFENDANTS**, **PLAINTIFF** is third-party claimant who may sue the insurer directly as a third-party beneficiary of relevant Side B insurance policies because the Reorganization Plan expressly provides that certain claims assigned to the Trust may only be satisfied from Side B insurance policies.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

31. Based upon the assignments of these rights and claims under the Reorganization Plan in 2020, **PLAINTIFF** was required to intervene as the new plaintiff in several shareholder derivative actions that had been filed as far back as 2017 and were stayed due to **PG&E's** bankruptcy. A stipulation and order substituting the Fire Victim Trust as the Plaintiff in these cases, under Superior Court Case No. CGC-18-572326, was granted by this Court on November 5, 2020.

32. On February 24, 2021, **PLANTIFF** filed an Amended Complaint under the same Superior Court Case number, against former officers and directors of **PG&E** for breaches of fiduciary duty related to the 2017 North Bay Fires and for separate breaches of fiduciary duty related to the 2018 Camp Fire. This Amended Complaint, filed less than a month ago, is the first complaint filed by **PLANTIFF** and contains allegations germane to Side B coverage issues. Any judgement issued in these actions will be satisfied by the Side B coverage provided by the 2017 and the 2018 D&O Liability Insurance policies issued to **PG&E** by the **INSURER DEFENDANTS**.

**B. PG&E and INSURER DEFENDANTS dispute the amount of coverage available under the D&O Liability Insurance policies**

33. **PLAINTIFF** alleges, upon information and belief, that in 2017, **PG&E** purchased a tower of "claims made" D&O Liability Insurance policies from certain **INSURER DEFENDANTS** to protect **PG&E** and its directors and officers against claims arising from catastrophic events. This 2017 tower provides coverage for claims arising between May 20, 2017 to May 20, 2018. In 2018, **PG&E** purchased another tower of insurance from **INSURER DEFENDANTS,** and the 2018 tower provides coverage for claims arising between May 20, 2018 to May 20, 2019.

34. The rights and obligations of **PG&E** and the **INSURER DEFENDANTS** under the policies are reflected in written contracts and policies. As referenced above, under the Reorganization Plan, the Side B coverage under these policies is the asset assigned to satisfy **PLAINTIFF**'s assigned claims and **PLAINTIFF** is a third-party beneficiary of the Side B policy provisions.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

35.     On information and belief, there is a dispute between **PG&E** and the **INSURER DEFENDANTS** concerning the amount of Side B coverage available under the policies to cover the **PLAINTIFF**'s claims and other suits arising from of the 2017 North Bay Fires and the 2018 Camp Fire, which were two separate catastrophic events arising from completely separate causes and harming unique victims.  On information and belief, the **INSURER DEFENDANTS** will or may take the position that only the 2017 tower of insurance applies and therefore the amount of Side B coverage is limited to $200,000,000.  On information and belief, **PG&E** will or may contest the **INSURER DEFENDANTS**' position and instead will or may take the position that both the 2017 and 2018 towers of insurance are applicable and the amount of Side B coverage available is $400,000,000, if not more.

**C.  PG&E and the INSURER DEFENDANTS are in arbitration without PLAINTIFF**

36.     **PLAINTIFF** alleges that after the claims were assigned to **PLANTFF** under the Reorganization Plan, **PG&E**, without the advice, consent, or participation of **PLAINTIFF**, commenced arbitration with the **INSURER DEFENDANTS** to resolve a dispute regarding the amount of Side B coverage available for claims arising out of the separate 2017 North Bay Fires and the 2018 Camp Fire.  An arbitration hearing, to which **PLANITFF** is not a party, is currently scheduled for April 30, 2021.

37.     The arbitration began at least six months before **PLAINTIFF** filed his Amended Complaint.  Instead of waiting for **PLAINTIFF** to file his operative complaint, **DEFENDANTS** rushed to convene a private arbitration in which they could attempt to resolve coverage disputes based on pleadings that are at least four years old, several before the Camp Fire even occurred, and filed by shareholders and not the Trust, and which no longer apply given the Amended Complaint now filed by the Trust.  The allegations in the Amended Complaint are the most important factor affecting the resolution of the arbitration dispute.

38.     Upon learning of the arbitration, counsel for **PLAINTIFF** requested an opportunity to participate in the arbitration on several occasions.  The arbitration will determine the value of an asset that is the sole source of recovery for claims that belong to the Trust and the Trust's interests

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

10

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

are not currently represented at the arbitration. The **INSURER DEFENDANTS** have an obvious conflict of interest with the Trust, since the carriers will likely seek to minimize their exposure and assert that only the 2017 tower of insurance is applicable. Moreover, **PG&E** is conflicted and cannot adequately represent **PLAINTIFF**'s interests since **PLAINTIFF**'s claims in the underlying litigation are against **PG&E**'s former officers and directors. **PG&E** also has a continuing business relationship with the **INSURED DEFENDANTS,** and therefore its interest in this dispute does not fully align with that of the Trust. Most importantly, none of the parties in the arbitration have the familiarity or expertise with **PLAINTIFF**'s claims that **PLAINTIFF** does, and therefore cannot adequately advocate for a position that both towers of insurance are implicated.

39.     Specifically, on February 17, 2021, counsel for **PLAINTIFF** requested that **PG&E** consent to **PLANTIFF**'s intervention of the arbitration based upon **PLAINITFF**'s contention that the Trust was an indispensable party to the arbitration because Side B coverage is an asset that belongs to the Trust for the satisfaction of the Claims that were assigned to the Trust during the Reorganization Plan. *See* Exhibit A. **PG&E** rejected **PLAINTIFF**'s request to consent to intervene.

40.     On February 22, 2021, counsel for **PLAINTIFF** requested that **PG&E** provide **PLANTIFF** with information regarding the terms of the arbitration agreement, the identity of the arbitrators, the address of the venue for the arbitration, and/or contact information for a case manager so that **PLAINTIFF** could take independent action to request to intervene on behalf of the Trust. Again**, PG&E** refused to provide **PLAINTIFF** with this information claiming that it was confidential. However, **PG&E** agreed to inform the Arbitration Panel of **PLAINTFF**'s request on **PLAINTIFF**'s behalf. **PLAINTIFF** prepared a letter requesting this information understanding that it would be provided to the Arbitration Panel by **PG&E.** *See* Exhibit B.

41.     On March 8, 2021, counsel for **PLAINTIFF** was informed by counsel for **PG&E** that the Arbitration Panel purportedly denied **PLAINTIFF'S** request to intervene in the arbitration.

---

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**                                                                              11

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

42.     On March 10, 2021, counsel for **PLAINTIFF** requested that **PG&E** provide all materials submitted in support or opposition of the Trust's request to intervene as well as any written ruling explaining the basis for denial of **PLAINTIFF**'s request to intervene. *See* Exhibit C.

43.     To date, **PLAINTIFF** has not received any materials submitted in support or opposition to the Trust's request to intervene, nor any written ruling or other documentation articulating the Arbitration Panel's purported basis for denying **PLANTIFF**'s request to participate in the arbitration.

44.     On information and belief, the arbitration hearing is scheduled on April 30, 2021 without **PLAINTIFF**'s participation. If the arbitration proceeds as presently scheduled without **PLAINTIFF**'s participation, there is a significant potential for prejudice to the asset assigned to the Trust for satisfaction of its claims, which will be to the great detriment of the 70,000 victims of the two fires who must look to the Side B proceeds to satisfy their claims under the Reorganization Plan ordered by the Bankruptcy Court.

**D.  The controversy between the parties is ripe for declaratory relief**

45.     **DEFENDANTS** have commenced an arbitration concerning D&O Liability Insurance policies that are the sole source of recovery and satisfaction for certain causes of action that were assigned to the Trust by **DEFENDANTS**.

46.     Under **PG&E**'s Reorganization Plan, **PLAINTIFF** has an assigned, cognizable right in the value of the asset that is the subject of the arbitration between the **DEFENDANTS**.

47.     **PLAINTIFF** has exhausted all legal avenues to intervene and participate in the arbitration between the **DEFENDANTS**. The dispute amongst the parties as to whether and how **PLAINTIFF** may intervene and participate in the arbitration is sufficiently certain and concrete to warrant declaratory relief by this Court.

48.     **PLAINTIFF** has no other alternative remedy to safeguard the value of the asset assigned to satisfy its claims as a condition of **PG&E**'s Reorganization Plan as the source of the fire victims' recovery.

---

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

12

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

49.     The **INSURER DEFENDANTS** have obvious conflicts of interests with the Trust, since the carriers seek a ruling that only one tower of insurance is applicable. **PG&E** is also conflicted since **PLAINTIFF**'s claims in the relevant litigation are against **PG&E's** former officers and directors. There is also a competing interest between **PLAINTIFF** and **PG&E** shareholders who seek financial returns but have not been victims of the 2017 North Bay Fires and the 2018 Camp Fire. Most importantly, none of the parties in the arbitration have **PLAINTIFF**'s familiarity and expertise with **PLAINTIFF**'s claims, and the basis for those claims, to adequately advocate for the fact that both towers of insurance are implicated.

50.     **PLAINTIFF** will suffer imminent and significant hardship without a judicial decree from this Court. The value of the asset which funds the recovery to the victims of the separate 2017 North Bay Fires and 2018 Camp Fire, may be substantially undermined without an opportunity for **PLAINTIFF** to explain the nature of the wrongs giving rise to claims against the D&O Liability Insurance policies, and to take steps to protect all of the assets assigned to satisfy the Trustee's assigned claims by the Bankruptcy Court.

## V.     CAUSE OF ACTION

### DECLARATORY RELIEF

#### (Against ALL DEFENDANTS and DOES 1–20)

52.     **PLAINTIFF** hereby re-alleges and incorporates by reference each allegation set forth above, as if fully set forth in detail herein.

53.     Pursuant to the Reorganization Plan and its assignment to the Trust of the right to prosecute the claims, the Trust is a third-party beneficiary of the Side B coverage under the 2017 and 2018 D&O Liability Insurance towers.

54.     **PLAINTIFF** alleges, upon information and belief, that **PG&E** and **INSURER DEFENDANTS** dispute some or all of **PLAINTIFF'S** contentions as set forth above and as enumerated in this Complaint. **PG&E** misunderstands the factual basis for **PLAINTIFF**'s claims against **PG&E**'s former directors and officers and cannot adequately represent

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**                    13

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  **PLAINTIFF**'s interests in addressing the amount and extent of Side B coverage under the 2017
2  and 2018 D&O Liability Insurance policies.

3      55.     There are also competing interests in those funds between **PLAINTIFF** and
4  **PG&E** shareholders who seek financial returns but have not lost their homes, property, and
5  livelihoods like the victims of the separate 2017 North Bay Fires and 2018 Camp Fire.

6      56.     The positions taken by **PG&E** and the **INSURER DEFENDANTS** in the
7  arbitration will directly impact the **PLAINTIFF**'s rights under the policies that, by the
8  Reorganization Plan, are the sole source of recovery for causes of action assigned to the Trust.

9      57.     The arguments and issues addressed in arbitration, and the potential rulings that can
10  be issued by the Arbitration Panel, are therefore an essential part of the Reorganization Plan, and
11  to the extent that there is any dispute regarding the full availability of both towers of insurance
12  coverage, **PLAINTIFF** is entitled to a seat at the table to address the full extent of coverage.

13      58.     Without judicial intervention by this Court, the foundational premise of the
14  Reorganization Plan, including the right to seek recovery under the Side B coverage under the
15  D&O Liability Insurance towers, a right which fire victims relied upon in agreeing to the
16  Reorganization Plan, will be jeopardized.

17      59.     A dispute is present, and an actual controversy exists between **PLAINTIFF** and
18  **DEFENDANTS** as to whether **PLAINTIFF** has a right to participate in the arbitration between
19  **PG&E** and **INSURER DEFENDANTS**.

20      60.     **PLAINTIFF** will suffer irreparable harm unless it is recognized as a third-party
21  beneficiary and indispensable party to any current or future proceedings addressing the nature,
22  extent, and availability of Side B insurance coverage and other coverage issues, including but not
23  limited to the arbitration hearing currently set to take place on April 30, 2021 without
24  **PLAINTIFF'S** participation. Being deprived of the rights to address and protect the insurance
25  coverage that is a critically important source of recovery under the Reorganization Plan would
26  constitute irreparable harm to **PLAINTIFF**.

27

28  **COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA
    CIVIL CODE SECTION 1060**                                                              14

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

61.     Unless enjoined, **PG&E** and the **INSURER DEFENDANTS** issuing the D&O Liability Insurance towers could enter into agreements that would limit or foreclose the **PLAINTIFF**'s ability to proceed against the Side B coverage that was designated by the Bankruptcy Court as its source for recovery for the tens of thousands of victims' claims.

62.     **PLAINTIFF** therefore seeks a judicial declaration that **PLAINTIFF** is an indispensable party to current or future proceedings addressing the of Side B insurance coverage issues, and that **PLAINTIFF** is therefore an indispensable party to any action seeking to construe, interpret, or regulate the insurance coverage that might be available to the various claims that have been asserted for the benefit of the multiple sets of claimants represented by the Trust.

63.     **PLAINTIFF** also seeks a judicial declaration that enjoins **DEFENDANTS** from participating in the arbitration prior to the April 30, 2021 unless **PLAINTIFF** is permitted to participate, and that directs all **DEFENDANTS** to this Court to resolve ongoing and future issues pertaining to insurance coverage.  In the alternative, at a bare minimum, **PLAINTIFF** seeks and hereby requests a judicial declaration that **PLAINITFF** be permitted to participate in the arbitration hearing presently set for April 30, 2021 or any future arbitration proceedings regarding disputes over insurance coverage under the 2017 and 2018 towers of insurance.

64.     Wherefore, **PLAINTIFF** prays for relief as hereinafter set forth.

## VI.     PRAYER FOR RELIEF

WHEREFORE, **PLAINTIFF** prays that this Court enter declarations in his favor as follows:

65.     A declaration that that **PLAINTIFF** is an indispensable party to any current or future arbitrations and/or judicial proceedings between **PG&E AND INSURER DEFENDANTS** regarding insurance issues, including the amount of insurance available from **INSURER DEFENDANTS** for claims related to the extensive damages arising from the 2017 North Bay Fires and 2018 Camp Fire.

66.     A declaration that **DEFENDANTS** permit **PLAINTIFF** to participate in any arbitration and/or judicial proceedings that seek to determine the nature, extent or amount of

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**                                                              15

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

available insurance coverage available from the **INSURER DEFENDANTS** (or any other limitations on coverage) for claims asserted against the former officers and directors arising from the separate 2017 North Bay Fires and 2018 Camp Fire.

67. A declaration that enjoins **DEFENDANTS** from participating in the arbitration hearing presently set for April 30, 2021 and directs all **DEFENDANTS** to this Court to resolve ongoing and future issues pertaining to insurance coverage, or in the alternative, a declaration permitting **PLAINTIFF** to participate in the arbitration hearing presently scheduled on April 30, 2021 or any later date that might be selected.

68. For such other and further equitable and legal relief as the Court may deem proper.

Dated: March 17, 2021

**COTCHETT, PITRE & MCCARTHY, LLP**
Frank M. Pitre (SBN 100077)
Mark C. Molumphy (SBN 168009)
Karin B. Swope *Pro Hac Pending*
Nabilah A. Hossain (SBN 329689)

_____
Frank M. Pitre
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email:    fpitre@cpmlegal.com
          mmolumphy@cpmlegal.com
          kswope@cpmlegal.com
          nhossain@cpmlegal.com

**BOTTINI & BOTTINI, INC**.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
E-mail:    fbottini@bottinilaw.com
           achang@bottinilaw.com
           ykolesnikov@bottinilaw.com

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1060**

16

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

WALKUP, MELODIA, KELLY &
SCHOENBERGER
Michael A. Kelly (SBN 71460)
Khaldoun A. Baghdadi (SBN 190111)
650 California Street
San Francisco, CA 94108
Telephone: (415) 889-2919
Facsimile: (415) 391-6965
E-mail:   mkelly@WalkupLawOffice.com
          kbaghdadi@WalkupLawOffice.com

DREYER, BABICH, BUCCOLA, WOOD,
CAMPORA LLP
Steven M. Campora (SBN 110909)
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
E-mail:   scampora@dbbwc.com

COREY, LUZAICH, DE GHETALDI &
RIDDLE LLP
Dario de Ghetaldi (SBN 126782)
Amanda L. Riddle (SBN 215221)
700 El Camino Real
Millbrae, CA 94030
Telephone: (650) 871-5666
Facsimile: (650) 871-4144
E-mail:   deg@coreylaw.com
          alr@coreylaw.com

*Attorneys for Plaintiff Justice John Trotter*
*(Ret.), Trustee of the PG&E Fire Victim Trust*

**COMPLAINT FOR DECLATORY RELIEF PURSUANT TO CALIFORNIA
CIVIL CODE SECTION 1060**

17

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**EXHIBIT A**

LOS ANGELES

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
www.cpmlegal.com

NEW YORK

February 17, 2021

***VIA U.S. MAIL AND E-MAIL***
James Brandt
LATHAM WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
james.brandt@lw.com

  ***Re:***   ***PG&E vs. Associated Electric & Gas Insurance Services Ltd., et al.***

Dear Jimmy:

  Last week you informed me that PG&E had commenced an arbitration with its insurers over the extent of D&O coverage available for certain claims arising out of the 2017 and 2018 Northern California Wildfires. As we discussed, although I was aware that PG&E's "Tower of Insurance" was contesting whether the extent of available coverage was $200 million or $400 million, I was not informed until last week that PG&E **had actually commenced an arbitration proceeding** to address this issue and that a hearing date of April 30th was set.

  I informed you on Monday, February 15th that the Fire Victims Trust ("FVT") intended to intervene in that action, because in my opinion the FVT is an indispensable party that has a specific interest in Side B coverage under the D&O policy an asset that belongs to the FVT for satisfaction of the claim PG&E assigned to the Trust as a condition of exiting Bankruptcy.

  I explained to you that **this is a significant asset**, and the FVT has no alternative remedy to safeguard the value of this asset without participation in the pending arbitration.

Our informal discussions have unfortunately failed to lead to a resolution of our intent to intervene. Accordingly, I now write formally to request PG&E's consent to our intervention as a participant in the upcoming arbitration proceeding. Additionally, I request copies of the following:

1. All documents, pleadings or other materials submitted to the arbitrators.

2. A service list of all parties and counsel participating in the arbitration.

3. The contact information for the arbitrators and venue of the arbitration.

4. Any reservation of rights letter sent to PG&E regarding the D&O policies at issue in the arbitration.

Given the time constraints, I would appreciate a response, on or before close of business Friday, February 19th.

Please treat this letter and our prior communications the past week as my effort to meet and confer and avoid unnecessary court intervention.

Sincerely,

FRANK M. PITRE

cc:     Justice Trotter, Trustee FVT
        Pat Kelly
        Michael A. Kelly
        Steven M. Campora
        Dario de Ghetaldi
        Amanda L. Riddle
        Francis A. Bottini
        Mark C. Molumphy
        Kevin J. Orsini

Case: 19-30088    Doc# 10460-3    Filed: 03/25/21    Entered: 03/25/21 10:31:25    Page
24 of 32
**EXHIBIT B**

· LAW OFFICES

COTCHETT, PITRE & McCARTHY, LLP

LOS ANGELES                SAN FRANCISCO AIRPORT OFFICE CENTER                NEW YORK
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
www.cpmlegal.com

February 22, 2021

*VIA U.S. MAIL AND E-MAIL*
James Brandt
LATHAM WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
james.brandt@lw.com

   *Re: PG&E vs. Associated Electric & Gas Insurance Services Ltd., et al.*

Dear Mr. Brandt:

## Introduction

   I am co-counsel for the Trustee of the Fire Victims Trust ("FVT") which was established to compensate over 70,000 victims who have filed claims against PG&E for scores of deaths, personal injury, damage or destruction to property and emotional distress. As you are no doubt aware, PG&E's bankruptcy revealed the possibility that there were inadequate financial resources to compensate all victims at full value. Accordingly, PG&E agreed to establish a limited fund comprised of cash, stock and an assignment of specific claims, in order to help fairly compensate victims.

## Side B Coverage

   Among the assets included to fund the Fire Victims Trust was the assignment of PG&E's claims against its former officers and directors who abdicated their fiduciary duties to PG&E by failing to adopt robust policies and procedures for vegetation management or provide oversight of PG&E's aging transmission tower infrastructure. The asset specifically identified for

satisfaction of these claims was Side B of the applicable D&O insurance coverage. Accordingly, the extent of insurance coverage available under the towers of insurance currently serves as a limit to the value of the assigned claims. Ironically, this limit does not apply to claims of shareholders against Directors and Officers.

## **The Arbitration**

Last week, for the first time, the undersigned became aware that an arbitration had been commenced that may determine the amount of available coverage for PG&E's claims assigned to the FVT, and that a hearing date had already been set. On Monday, February 15th, I contacted you to obtain information about the arbitration proceeding in order that the FVT could intervene, as it was my opinion that the FVT was an indispensable party to the proceeding and had no alternative remedy to safeguard the value of the asset assigned to it as a condition to PG&E exiting bankruptcy.

In this regard, I requested that PG&E, as part of its duty of cooperation in connection with the assignment of its claims, provide the FVT with the following:

1. The contact information for the arbitrators or arbitration case manager and venue of the arbitration;

2. A service list of all parties and counsel participating in the arbitration;

3. All documents, pleadings or other material submitted to the arbitrators in connection with the hearing;

4. Permission to intervene without the necessity of seeking assistance through the Court.

### Request

You have advised me that you are constrained by the terms of the arbitration agreement and/or applicable insurance contracts, and cannot provide me with this information because it is "Confidential." Since it is your position that you cannot provide the identity of the arbitrators, the address of the venue for the arbitration, or a case manager who can be reached to inform them of the request by the Trustee of the FVT to intervene, **I am writing this letter to you in a desperate effort to obtain your cooperation in alerting the arbitrators and other parties of this request**.

### Summary

Time is of the essence. The value of these claims as constrained by the extent of coverage available under the towers of insurance for 2017 and 2018 is significant to the interests of fire victims. Denial of the right to intervene would be yet another blow to the FVT's ability to fairly compensate victims.

The Trustee of the FVT has now taken over in all pending shareholder derivative lawsuits previously filed in State and Federal Court. An Amended Complaint will be filed on behalf of the Trustee of the FVT next week. Based on my review, the shareholder derivative complaints show a complete misunderstanding of the factual basis for PG&E's claims against its former Officers and Directors. I do not say this cavalierly. I say this because the lawyers retained by the Trustee have over a decade of history with the distinct failures of PG&E's Officers and Directors, and served as lead counsel in the underling litigation concerning the 2017 North Bay Fires as well as lead counsel in litigation concerning the 2018 Camp Fire.

Please confirm that this request will be conveyed to the appropriate representatives and parties involved in the arbitration. If I do not receive confirmation and a response to this request

by 5pm pt on Tuesday, February 23rd, you leave us no alternative but to seek appropriate relief

through the Court.

Very truly yours,

FRANK M. PITRE

cc:    Justice Trotter, Trustee FVT
        Pat Kelly
        Michael A. Kelly
        Steven M. Campora
        Dario de Ghetaldi
        Amanda L. Riddle
        Francis A. Bottini
        Mark C. Molumphy
        Kevin J. Orsini

**LAW OFFICES**
COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
www.cpmlegal.com

LOS ANGELES

NEW YORK

March 10, 2021

***VIA U.S. MAIL AND E-MAIL***
James Brandt
LATHAM WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
james.brandt@lw.com

  *Re:*   *Justice John Trotter (Ret.) Trustee of the Fire Victims Trust vs. Chew, et al.*

Dear Mr. Brandt:

  On Monday, March 8th, the Fire Victims Trust (hereafter "FVT or Trust") learned that the Arbitration Panel denied its request to intervene in the current arbitration dispute between PG&E and its insurers. The dispute affects the amount of Side B insurance coverage available for the claims that PGE specifically assigned to the Trust against its former Directors and Officers to help pay the claims of fire victims.

  Since the Trust was precluded from receiving any materials submitted in opposition to their request and denied the right to participate or attend the hearing conducted by the Arbitration Panel, the Trust is left in the dark over the basis of the denial. It is our understanding that the Arbitration Panel had issued a written ruling. However, as of the date of this letter, no such ruling has been provided to the Trust to validate that its request was given due consideration. Moreover, the Trust was denied any guidance as to the rules, law or procedures that the Arbitration Panel would use to make its decision – because "the proceedings and process was confidential". As a "concession," the Trust was informed that the Arbitration Panel would

consider its request **only if a letter was submitted to you,** and that you would in turn provide it to the Panel and the Insurers. Clearly, this is not due process.

I write now to demand that all material submitted in support or opposition to the Trust's request to intervene, together with any ruling explaining the basis for denial of the Trust's request, be provided to the undersigned on behalf of the FVT, **by no later than 12:00 noon Pacific time on Friday, March 12.**

Very truly yours,

FRANK M. PITRE

cc:     Michael Kelly
        Steve Campora
        Frank Bottini
        Dario De Ghetaldi
        Amanda Riddle
        Mark C. Molumphy
        Pat Kelly
        David Molton
        Kevin Orsini

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Frank M. Pitre (100077)/Mark C. Molum (168009)
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Ste. 200, Burlingame, CA 94010

TELEPHONE NO.: 650-697-6000      FAX NO. *(Optional):* 650-697-0577
ATTORNEY FOR *(Name):* Plaintiff, Hon. John K. Trotter (Ret.), Trustee of the PG&E FVT

**FOR COURT USE ONLY**

**F I L E D**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

MAR 1 7 2021

CLERK OF THE COURT
BY: _____
ANGELICA SUNGA  Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS: SAN FRANCISCO, CA 94102
CITY AND ZIP CODE:
BRANCH NAME: CIVIL DIVISION

CASE NAME:
Justice Trotter (Ret.), Trustee of the PG&E Fire Victim Trust v. PG&E Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-21-590296** <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[x] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more counties in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1; Declaratory Relief
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2021
FRANK M. PITRE
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Case: 19-30088   Doc# 10460-3   Filed: 03/25/21   Entered: 03/25/21 10:31:25   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10