1          UNITED STATES BANKRUPTCY COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3                    -oOo-

4   In Re:                      ) Case No. 19-30088
                                ) Chapter 11
5   PG&E CORPORATION AND PACIFIC )
    GAS AND ELECTRIC COMPANY, ET ) San Francisco, California
6   AL.                         ) Wednesday, March 24, 2021
                                ) 10:00 AM
7                   Debtors.    )
    _____) ADV#: 20-03122
8                                 PG&E CORPORATION, ET AL. v.
                                  CITY OF LAFAYETTE
9
                                  SCHEDULING CONFERENCE
10
                                  APPLICATION OF SCOTT H.
11                                MCNUTT FOR FINAL ALLOWANCE
                                  AND PAYMENT OF COMPENSATION
12                                FOR THE PERIOD OF APRIL 12,
                                  2019 THROUGH AND INCLUDING
13                                APRIL 1, 2021 FILED BY SCOTT
                                  MCNUTT. [10263]
14
                                  MOTION OF THE FEE EXAMINER TO
15                                (I) APPROVE FINAL FEES OF FEE
                                  EXAMINER; (II) TERMINATE FEE
16                                EXAMINER'S SERVICES; AND
                                  (III) CONFIRM SURVIVAL OF
17                                PRIOR ORDERS FILED BY BRUCE
                                  MARKELL. [10272]
18
                                  REORGANIZED DEBTORS' TWENTY-
19                                SECOND OMNIBUS OBJECTION TO
                                  CLAIMS (SATISFIED CLAIMS)
20                                FILED BY PG&E CORPORATION
                                  [9275]
21
                                  REORGANIZED DEBTORS' FORTIETH
22                                OMNIBUS OBJECTION TO CLAIMS
                                  (NO LIABILITY / PASSTHROUGH
23                                CLAIMS) FILED BY PG&E
                                  CORPORATION [9455]
24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1          REORGANIZED DEBTORS' FORTY-
           FIRST OMNIBUS OBJECTION TO
2          CLAIMS (NO LIABILITY /
           PASSTHROUGH CLAIMS) FILED BY
3          PG&E CORPORATION [9458]

4          REORGANIZED DEBTORS' FORTY-
           SECOND OMNIBUS OBJECTION TO
5          CLAIMS (NO LIABILITY /
           PASSTHROUGH CLAIMS) FILED BY
6          PG&E CORPORATION [9460]

7          REORGANIZED DEBTORS' FORTY-
           THIRD OMNIBUS OBJECTION TO
8          CLAIMS (NO LIABILITY /
           PASSTHROUGH CLAIMS) FILED BY
9          PG&E CORPORATION [9462]

10         REORGANIZED DEBTORS' FORTY-
           FOURTH OMNIBUS OBJECTION TO
11         CLAIMS (NO LIABILITY /
           PASSTHROUGH CLAIMS) FILED BY
12         PG&E CORPORATION [9464]

13         REORGANIZED DEBTORS' FORTY-
           FIFTH OMNIBUS OBJECTION TO
14         CLAIMS (NO LIABILITY /
           PASSTHROUGH CLAIMS) FILED BY
15         PG&E CORPORATION [9466]

16         REORGANIZED DEBTORS' FORTY-
           NINTH OMNIBUS OBJECTION TO
17         CLAIMS (UNTIMELY NO LIABILITY
           / PASSTHROUGH CLAIMS) FILED
18         BY PG&E CORPORATION [9711

19         REORGANIZED DEBTORS' FIFTY-
           EIGHTH OMNIBUS OBJECTION TO
20         CLAIMS (SATISFIED CLAIMS)
           FILED BY PG&E CORPORATION
21         [10040]

22

                    TRANSCRIPT OF PROCEEDINGS
23          BEFORE THE HONORABLE DENNIS MONTALI
                 UNITED STATES BANKRUPTCY JUDGE
24

25

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

```
1   APPEARANCES (All present by video or telephone):

2   For the Debtors:          DARA L. SILVEIRA, ESQ.
                              Keller Benvenutti Kim LLP
3                             650 California Street
                              Suite 1900
4                             San Francisco, CA 94108
                              (415)496-6723
5
    For Todd Greenberg:       RICHARD A. LAPPING, ESQ.
6                             Trodella & Lapping LLP
                              540 Pacific Avenue
7                             San Francisco, CA 94133
                              (415)399-1015
8
    For D.A. Wood             BLAINE R. COX, ESQ.
9   Construction, Inc.:       Damrell, Nelson, Schrimp, Pallios
                              & Silva
10                            1601 I Street
                              Fifth Floor
11                            Modesto, CA 95354
                              (209)526-3500
12
    Also Present:             Haisam Nijem
13                            Claimant

14                            John Weaver
                              Claimant
15
                              Mark Klein
16                            Claimant

17                            G. Larry Engel
                              Claimant
18
                              Thomas Sinkiewicz
19                            EBEN 818 LLC

20                            Martha Gerstner
                              Claimant
21
                              Dorcas Wheeler
22                            Claimant

23

24

25
```

eScribers
(973)406-2250 | operations@escribers.net | www.escribers.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18   Court Recorder:              LORENA PARADA/ANKEY THOMAS
                                 United States Bankruptcy
                                 Court
19                               450 Golden Gate Avenue
                                 San Francisco, CA 94102

20

21   Transcriber:                MICHAEL DRAKE
                                 eScribers, LLC
22                               7227 N. 16th Street
                                 Suite #207
23                               Phoenix, AZ 85020
                                 (973)406-2250

24

     Proceedings recorded by electronic sound recording;
25   transcript provided by transcription service.

eScribers
(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    SAN FRANCISCO, CALIFORNIA, WEDNESDAY, MARCH 24, 2021, 10:00 AM

2                              -oOo-

3         (Call to order of the Court.)

4              THE CLERK:  Calling the matter of PG&E Corporation.

5              THE COURT:  Good morning, everyone.  This is Judge

6    Montali on the call.  I don't -- I don't any appearances for

7    the moment.  I will just make a couple of preliminary

8    announcements.  And then I'll ask for debtors' counsel to

9    identify themselves.

10             I would ask for those of you participating by phone,

11   if you are able to mute your phone until it's time for you to

12   speak, that would help us avoid talking, dog barking, or other

13   background noises to cut down on the confusion.

14             And this is the first hearing, I believe, since we've

15   gone to the specific claim objections.  And I'm going to run

16   through the -- in a moment the claims that I'll be addressing

17   today.

18             Let me say also that a number of you have logged in on

19   AT&T and put your name on the screen which is fine.  Some of

20   you, however, have been identified by -- so for me and for my

21   staff only as guests by number.  That's -- you're entitled to

22   be a guest by number, but when you speak, I'll need you to

23   identify yourself by name so we can keep track of who's

24   appearing on the record.

25             So in a -- I'll take a few -- I have a few questions

PG&E Corporation and Pacific Gas and Electric Company

1   for PG&E's counsel. And then after that, I intend to follow

2   the proposed agenda that PG&E's counsel filed yesterday. And I

3   will take the individual claimants in the order on that agenda.

4   And so if you are high on the list, I'll be hearing from you

5   soon. If you're low on the list, unfortunately it's going to

6   take a little bit.

7           So the order that I'm going to take them will be EBEN

8   818 then Todd Greenberg then D.A. Wood Construction.

9           Then after that, Mr. Mark Klein then Mr. Larry Engel

10  then Ms. Dorcas Wheeler then Mr. Bruce -- excuse me, Bruce or

11  Kathleen Shaw, then Tracy Nick or Haisam Nijem then John Weaver

12  then Martha Gerstner Then Rhonda Miller then Annette Hicks.

13          And if I've gone through that entire list, I believe

14  those are the only people that I expect to hear from today. If

15  there are others that expect to be heard, I'll ask you simply

16  to wait. And I'll call for your appearances as we get through

17  the agenda.

18          Now, may I have the appearances by the PG&E lawyers

19  who are taking the lead on the discussion today?

20          MS. SILVEIRA: Good morning, Your Honor. This is Dara

21  Silveira from Keller Benvenutti Kim on behalf of the debtors

22  and reorganized debtors. And my colleague, Peter Benvenutti,

23  is on the line as well.

24          THE COURT: Good morning, MS. Silveira. I saw your

25  name, and I thought you were going to be the attorney

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   appearing.  But I also saw Mr. Benvenutti's name.  I'll assume

2   you're going to answer my questions unless we hear from him.

3          So I want to make sure I'm clear what you expect when

4   we are dealing with a claimant that have been identified as

5   being dealt with by a status conference today.  And more

6   specifically though, I want to ask a couple of fundamental

7   questions.

8          In some of the -- obviously, a number of the matters

9   that were on for today's calendar have been continued to a

10  later date.  And we don't need any discussion about that.

11         But as far as claimants where PG&E has withdrawn the

12  objection or there's been a resolution by agreement, is it fair

13  to assume that those claims will be paid in due course and

14  soon?

15         MS. SILVEIRA:  Yes.  Where there has been a resolution

16  reached or we've withdrawn and allowed the claim, those are

17  being paid.  I believe our timeline is checks go out every two

18  to three weeks.

19         THE COURT:  Okay.  Okay.  Again, there's no immediate

20  feedback from my point of view.  And I don't know what the

21  distribution timing is.  But at least claimants who are in the

22  call today, they may be more inclined to agree to things if

23  they know they're going to get paid quickly.  That's for a

24  specific discussion on any particular claim.

25         Then next, what is your expectation for some of these

PG&E Corporation and Pacific Gas and Electric Company

1   claims where there are disputes of legal theories but not

2   necessarily amounts but you want to have it as a status

3   conference today?  What is your expectation of what I should be

4   doing today?

5          MS. SILVEIRA:  Your Honor, where we've indicated

6   something will go forward as a status conference, these are

7   ones where there are factual disputes that will need to be

8   resolved through an evidentiary hearing.

9          THE COURT:  Well, how would --

10         Well, whoever is speaking, I'd like you to -- please

11  mute your line, ma'am, whoever is speaking.  Can you folks --

12  can you folks mute your lines?

13         Well, that's a failed effort.  Someone is having a

14  conversation with someone else on this call.  And we're just

15  going to have to stop the hearing until you mute your line and

16  not let the rest of us hear your conversation.

17         So, Ms. Silveira, what I'm getting at is in a

18  traditional manner, if we have a dispute, a status conference,

19  and we can set a deadline for discovery and a deadline for

20  exchange of documents and all the normal things, every claimant

21  in this dispute with PG&E is entitled to that.  But it may well

22  be that, if the parties will agree on facts or certain things

23  aren't disputed or, alternatively, if the matter can be

24  disposed of by a point of law, then that changes the schedules.

25         What I don't want to do is have a dozen claimants

escribers
(973)406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  lined up for the next hearing when it's time to get down to the

2  merits.  And so I don't need you to answer my question now, but

3  I just want you to be aware that I want to explore the

4  possibility.  For example, if one side says, well, my claim is

5  X dollars and the debtors' side is no, we don't owe you any

6  money at all, then perhaps there's no reason to have any

7  evidentiary hearing if the assertion is the right amount and

8  your question -- your response, rather, is a legal argument.

9  Again, I'll be more specific when we come to the individual

10  claims.

11          But another preliminary question for you, some of

12  these may be appropriate to send to mediation.  And is there

13  any reason why the mediation program that's in place for the

14  general claims, not the -- not the securities claims and not

15  the fire claims, but the other group, why some of these

16  disputes couldn't be referred to mediation if that's acceptable

17  to the claimant.

18          MS. SILVEIRA:  Certainly, Your Honor.

19          With respect to most of these, we're very flexible

20  about using the ADR procedures.  We believe that they can be

21  resolved with a fairly straightforward evidentiary presentation

22  in front of Your Honor which is why we haven't referred them

23  immediately.  But it's certainly something we're willing to

24  discuss as to most of these claimants.

25          THE COURT:  One of the things that was a little

(973)741-0011 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   confusing to me when I prepared for this hearing and I reviewed

2   all the twelve claims that are sort of on the table today was

3   your omnibus objection, at least the fortieth omnibus

4   objection, which summarized the debtors' position on the

5   so-called Rule 14 and 16 and 2, Rule 2 issues.  Those seem to

6   be questions of law.  And yet your response for some of them

7   leave open the question of fact.

8          So I guess what I'm putting to you is, even if we have

9   a status conference for a particular plan and we set it for

10  another hearing, is it something that you believe could be

11  dealt with by the equivalent of a summary judgment motion?

12  Because maybe there aren't facts that are material to the

13  dispute.  Is that -- is that a possibility?

14         MS. SILVEIRA:  In some cases, yes, Your Honor.

15  Specifically with respect to the forty-second omnibus objection

16  that deals with the Rule 14 claims, we have a proposal for Your

17  Honor that was agreed to by claimants in terms of how to move

18  forward.

19         THE COURT:  Okay.  All right.  Well, if you want, I

20  could take those two out of order now if you could get some --

21  in and out of the hearing.  And I was going to take them in

22  order as I indicated.  But that -- if I'm not mistaken, that is

23  Mr. Klein and Mr. Engel.  They are the two under the

24  forty-second omnibus objection; is that right?  Right?

25         MS. SILVEIRA:  Yes, Your Honor.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1     THE COURT:  All right.  Let's -- go ahead.  I'm sorry,
2  Ms. Silveira.

3     MS. SILVEIRA:  So these are -- Mr. Klein and Ms.
4  Klein's claim and Mr. Engel's claim relate to the reorganized
5  debtors' public safety power shutoff or PSPS program.

6     THE COURT:  Right.

7     MS. SILVEIRA:  We initially reported to the Court
8  these could be resolved as a matter of law.  Upon further
9  reflection, as we reported yesterday, we believe we need to
10  proceed with the status conference today.

11     Yesterday we reached agreement with both Mr. Klein and
12  Mr. Engel, both of whom I believe are on the line, regarding a
13  schedule for these claims moving forward.  If the date works
14  for the Court, we'll have a further status and scheduling
15  conference on June 15th.  And on or before April 23rd, which is
16  thirty days from today, PG&E will file a further objection to
17  each claim which will include additional grounds for objection.
18  And the claimants will have --

19     THE COURT:  But, Ms. Silveira, it'll be additional
20  grounds for objections, but it'll still be within the context
21  of the PSP, yes, that they both base their claims on.  Is that
22  right?

23     MS. SILVEIRA:  Yes, Your Honor.

24     THE COURT:  Okay.  All right.  Yes, go ahead.

25     MS. SILVEIRA:  And then the claimant would have until

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    May 14th to reply to the -- to the larger objection, should he

2    choose.

3            And then between the May 14th filing of the reply and

4    the June 15th status conference, the parties would meet and

5    confer about an agreed-upon schedule for further proceedings

6    and, if applicable, seek to narrow the issues that are

7    presented to the Court.

8            THE COURT:  All right.  In view of that, Ms. Silveira,

9    I will change the sequence.  And I'll ask Mr. Klein and Mr.

10   Engel just to state their appearance for the record.  And then

11   I have a couple questions for them.  And then I'll hear from

12   them.

13           So, Mr. Klein, why don't you make your appearance,

14   first?

15           MR. KLEIN:  Thank you, Your Honor.  Mark Klein for

16   Mark Klein and Janet Klein.

17           THE COURT:  All right.  Mr. Engel?

18           MR. ENGEL:  Yes.  Larry Engel for Larry Engel.

19           THE COURT:  Okay.  So those dates, Ms. Silveira, I

20   didn't clear -- or I don't know if you cleared the June 15th

21   date with my courtroom deputy.  But that's fine if it's clear

22   on our schedule.

23           And so, Mr. Klein and Mr. Engel, is that acceptable to

24   you?  We just put these over to the June 15th hearing and then

25   we'll follow the schedule Ms. Silveira just described?

escribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          MR. ENGEL:  That's acceptable to Larry Engel, Your

2    Honor.

3          THE COURT:  And Mr. Klein?  Mr. Klein?

4          MR. KLEIN:  I'm sorry, Your Honor.  I'm sorry.  I'm

5    on.

6          THE COURT:  You're muted.  Mr. Klein, can you hear me?

7          Mr. Engel, can you still hear me?

8          MR. ENGEL:  I can hear you, Your Honor, yes.

9          THE COURT:  All right.  Mr. Klein, did we lose you?

10   All right.

11         Ms. Parada, let's go back to you.  We have -- the June

12   15th is a PG&E date, right?  Correct?

13         THE CLERK:  Yes, Your Honor, at 10 a.m.

14         THE COURT:  Okay.  Mr. Klein, are you there now?

15         MR. KLEIN:  I'm trying to be, Your Honor.  Can you

16   hear me?

17         THE COURT:  Yes.  Yes, I can hear you.  Can you hear

18   me?

19         MR. KLEIN:  Yes, sir.  I'm sorry.  I'm not used to

20   using mute.

21         THE COURT:  Well, so I don't --

22         MR. KLEIN:  It's all acceptable -- it's all acceptable

23   to me.

24         THE COURT:  I don't want you using mute now.

25         All right.  Mr. Klein, if I -- if I understand your

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   position and your response, you have a claim of approximately

2   18,000 dollars for the acquisition of a standby generator.  And

3   that -- am I correct that is the -- that's the theory or the

4   universe of your claim?  And obviously, it is based upon the

5   PSPS.  Have I got it right or is there --

6           MR. KLEIN:  No, Your Honor.  You have it right.

7           THE COURT:  Okay.  Well, I have to give you one

8   compliment, Mr. Klein, because I thought the use of the term

9   "UNLAW" for utilities negligence liability avoidance way was

10  very clever.

11          Mr. Engel, I've known you for a long time.  I've never

12  known you to be quite so verbose.  But you've overdone me.

13  You've completely buried me with verbiage.  And you're going to

14  have to get a little more -- how can I say -- you're going to

15  have to narrow the issue.  I mean, the --

16          MR. ENGEL:  Your Honor, I -- if I may.  I understand.

17  A part of the problem here is that I wasn't sure exactly how

18  things were going to play out in the -- in the class action and

19  PG&E, what PG&E was going to argue, and what they weren't going

20  to argue.  So I was trying to cover myself and to be able to go

21  in different directions.

22          However, to get to the core of it, which I understand

23  you want to do, the key areas for me are following up on a

24  case.  I found a winning case, by the way, that isn't in my

25  brief.  With --

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  No, that's I really want to hear.

2          MR. ENGEL:  Yeah.  It's Elder v. Pacific Telephone

3    Company.

4          THE COURT:  Mr. Engel, I don't want to get into the

5    merits.  I just want to know am I right you have a claim for

6    approximately 25,000 dollars.  Is it -- is there to the claim

7    than that?

8          MR. ENGEL:  Yeah.  The core of it is the generator,

9    and that's 25,000 dollars as I've documented.  On some theories

10   I have some additional amounts, but the core of it is the 25-.

11         THE COURT:  Okay.  But again, I -- the reason why I

12   made my opening comments is that I'm going to deal with today,

13   I believe, on the merits.  And I simply can't give you the

14   benefit of the time it takes to have you summarize calling

15   up --

16         MR. ENGEL:  No, I don't think you need to.  That's why

17   we agreed with the debtor to sharpen and narrow the issues.  I

18   think by the time of the next status conference when PG&E

19   stated what their position is, I'll be able to narrow my

20   position in response to their position.

21         THE COURT:  Okay.  Well, do me that favor and do so

22   because I practically burned up my laptop trying to read

23   everything that you filed.

24         Ms. Silveira --

25         MR. ENGEL:  Yes.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  -- I will -- I will move Mr. Klein and Mr.

2    Engel's claims to the June 15th status conference.  I will ask

3    that you circulate an agreed order or stipulation or something

4    memorializing in written form what you've agreed with each of

5    these two gentlemen for the deadline for each side to do what

6    you did.  You summarized it, but I didn't keep track of

7    everything.  And unless Mr. Klein or Mr. Engel want to add any

8    further, I will just take those two claimants off the calendar

9    for now.  Okay.  Thank you both.

10    MR. KLEIN:  Thank you, Your Honor.

11    MR. ENGEL:  Thank you, Your Honor.

12    THE COURT:  All right.  All right.  Ms. Silveira, then

13    going back to the opening comments, I'll go back to the

14    sequence that I called unless you think it would be more

15    efficient to do anything else out of order.  If you've made any

16    other arrangements with any of the claimants, speak up.

17    Otherwise, I'll take them in order.

18    MS. SILVEIRA:  Yes, Your Honor.  There are two other

19    claims where the status has changed since we last reported to

20    the Court.

21    THE COURT:  All right.

22    MS. SILVEIRA:  The first of those is the forty-fourth

23    omnibus objection with respect to the claim of Tracy Nick and

24    Haisam Nijem.

25    THE COURT:  All right.  What's the arrangement there?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    MS. SILVEIRA:  So there's not actually an arrangement,

2  Your Honor.  We thought we had a settlement, but it seems like

3  there was a miscommunication.  In reviewing the objection to

4  move forward today, we notice that it doesn't square up with

5  the nature of the dispute as we now understand it.  We objected

6  as a no liability claim which is one for which there's no

7  supporting documentation provided.  That's not the case here.

8  So our plan is to withdraw the forty-fourth omnibus objection

9  with respect to this claim.  If we can't reach a resolution in

10  the meantime, we'll reobject on an alternative ground.

11    THE COURT:  Okay.  One second and I'll hear from the

12  claimant.  I just need to get some papers out of the way.

13    So all right.  Is Ms. Nick or Mr. Nijem -- are you on

14  the phone?  No appearance?

15    So once again, so have you heard from them in

16  connection with today's hearing, or did you just agree that you

17  would be taking it off?

18    MS. SILVEIRA:  I have not heard from them in

19  connection with today's hearing.

20    THE COURT:  Okay.  So once again, is there anyone --

21    MR. NIJEM:  We're -- we're here --

22    THE COURT:  -- on the call --

23    MR. NIJEM:  -- Your Honor.

24    THE COURT:  Who is that speaking, please?

25    MR. NIJEM:  I'm sorry.  This is Haisam Nijem and Tracy

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    Nicks.

2            THE COURT:  Okay.

3            MR. NIJEM:  We are --

4            THE COURT:  Okay.  Mr. Nijem, yes, sir.  So you

5    understood that -- did you hear what Ms. Silveira said?

6            MR. NIJEM:  I -- we heard her.  I'm not a hundred

7    percent sure we understood.

8            THE COURT:  Well, the company has filed -- excuse me.

9    The company has filed what they call their forty-fourth omnibus

10   objection.  And you filed a written brief -- a written response

11   and indicate two things, as I understand it.  You claim a

12   thousand dollars because of a line repair, and you claimed some

13   other amount for -- I believe it's 18,000 dollars -- no, I'm

14   sorry.  I'm sorry.  One second.  Let me look at my notes here.

15   Yes, 23,000 dollars for damage to some of your property.

16           And Ms. Silveira indicated that they were going to

17   withdraw that objection if they haven't been able to reach a

18   settlement with you, and they will refile a new objection.  So

19   there's no action necessary from you or from me today.  And do

20   you understand that that -- do you understand that?

21           MR. NIJEM:  Yes.

22           THE COURT:  And am I right?  Is your claim as I

23   indicated a thousand dollars -- and again, roughly a thousand

24   dollars for a broken sewage lateral and approximately 20- or --

25   what did I say -- I can't see with all these amounts.  But

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  23,500 dollars for damage to stairs and other part of your

2  property?  Is that correct?

3      MR. NIJEM:  Yes.  However, the -- and I don't know for

4  sure if it's important.  The thousand dollars was actually a

5  reimbursement.  But the numbers are correct.

6      THE COURT:  It doesn't matter what it -- to me.

7      MR. NIJEM:  Okay.

8      THE COURT:  What matters to me for now is that I'm not

9  going to do anything.  Ms. Silveira indicated that maybe this

10  case would be settled.  I don't want to know the details of

11  that.  If you and your wife settle with the company, the

12  company within a short period of time will be able to make a

13  payment to you.  And I encourage you to consider settlement.

14      But if there is no settlement, then PG&E will be

15  filing a new objection to your claim.  And that will come on

16  the calendar sometime in the future.  So for today's purposes,

17  I'm going to take yours off of our calendar.  I just wanted to

18  make sure you understand that.  There's nothing more for you to

19  do this morning.

20      MR. NIJEM:  Okay.  We understand.

21      THE COURT:  All right.  And you -- okay.  And you can

22  stay on the call if you want to, but you certainly don't need

23  to.  All right.

24      MR. NIJEM:  Okay.  Thank you.

25      THE COURT:  Thank you, sir.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1        All right.  And, Ms. Silveira, you said there was one

2  other one that maybe isn't -- there's been a change?

3        MS. SILVEIRA:  Yes, Your Honor.  It's the forty-fifth

4  omnibus objection with respect to the claim of John Weaver.

5        THE COURT:  All right.  Mr. Weaver, are you on the

6  call?

7        MR. WEAVER:  Yes.  Can you hear me?

8        THE COURT:  Yes, sir.  All right.  And, Ms. Silveira,

9  what can you tell for Mr. Weaver?

10        MS. SILVEIRA:  We just reached a settlement with Mr.

11  Weaver, and it's in the process of being documented.  So we'll

12  update the Court once it's fully executed.

13        THE COURT:  So, Mr. Weaver, can you just confirm that?

14  And again, I don't need the details.  Ms. Silveira said you've

15  reached a settlement.  And if that's settled, I'll congratulate

16  you and take this off our calendar for today.

17        MR. WEAVER:  Yes.  If they follow through with what

18  they say, yes, we have.

19        THE COURT:  Well, I think they will.  That's their

20  game.  And if they don't follow through in what they say, you

21  can take it up with me.

22        MR. WEAVER:  Thank you.

23        THE COURT:  All right.  Good luck.  You're welcome to

24  hang up now.  Thank you, sir.

25        MR. WEAVER:  May I listen in?

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  You certainly can listen in.

2          MR. WEAVER:  Thank you.

3          THE COURT:  This is an open court.

4          All right.  So now I'm going to go back -- Ms.

5   Silveira, that takes care of then four of the twelve that we

6   had on the list for today.  So that's --

7          MS. SILVEIRA:  Yes.

8          THE COURT:  -- one-third of the customers.  Let's see

9   if we can keep on a roll here.

10          Is there an appearance by Mr. Sinkiewicz for EBEN 818?

11          MR. SINKIEWICZ:  Yes, Your Honor.  I am -- I am here.

12   You did a good job pronouncing that name.

13          THE COURT:  Well, thank you.

14          So, Mr. Sinkiewicz, by my understanding, you have a

15   claim for -- let me see if I can state it back to you -- you

16   have a claim for 20,000 dollars because you contend that

17   PG&E -- they left you holding the bag while you had lined up

18   some other work, and you got stuck with a claim by the -- by

19   the contractor who was there to do the undergrounding work.

20   And PG&E didn't do the connection.  Is that the thrust of your

21   claim?

22          MR. SINKIEWICZ:  Yes, sir.  That's correct, Your

23   Honor.

24          THE COURT:  So, Ms. Silveira, is there any dispute

25   about the fact that the company did schedule the hookup or the

PG&E Corporation and Pacific Gas and Electric Company

1  connection and --

2  MS. SILVEIRA:  Yes, Your Honor.  The factual dispute

3  here is that the reorganized debtors can put forward evidence

4  demonstrating the claimant was notified in advance that the

5  work had been rescheduled.

6  THE COURT:  I see.  And so do you -- you believe

7  that -- well, then if that is a fact that's established, it

8  could be done essentially by a summary judgment, couldn't it?

9  MS. SILVEIRA:  Certainly, Your Honor.

10  THE COURT:  Mr. Sinkiewicz, do you understand what the

11  company's theory of the defense is here?

12  MR. SINKIEWICZ:  Yeah, I do, Your Honor.  However, I

13  don't believe that.  I mean, they can say whatever they want.

14  They can say the called and they canceled, they did this and

15  they did that.  The fact is I had a dozen -- more than a dozen

16  standing around with machines running.

17  THE COURT:  No, I understand.  I understand that, sir.

18  And no, I'm --

19  MR. SINKIEWICZ:  Okay.

20  THE COURT:  I'm not --

21  MR. SINKIEWICZ:  Thank you.

22  THE COURT:  -- going to make a decision today.  I --

23  MR. SINKIEWICZ:  Okay.

24  THE COURT:  Unless you want me to.  But the point is,

25  what I'm hearing from PG&E's lawyers is they gave you notice

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    that there would be a reschedule. You dispute that. So that's

2    what we would call a material fact in dispute. And if the

3    company can demonstrate in admissible written evidence that you

4    were given notice, your job will be to show by admissible

5    evidence that it is no so and that you're entitled to it. So I

6    don't know whether you want to explore this and see if you can

7    settle it or you want to oppose it. I don't know if you want

8    to defend it as a -- without hiring a lawyer. But my job today

9    is simply to figure out what we do next to try to have you have

10   your day in court. But PG&E is also entitled to its day in

11   court.

12         So when I ask you -- okay. So she might -- she might

13   file -- or she, meaning the company through its counsel --

14   might file a motion that says here is why, as a matter of law,

15   PG&E is not liable. And you'll have to respond to that. And

16   then I'll either decide it on the papers submitted or have a

17   hearing. And if necessary, we'll have to have a trial and

18   people testify and so on.

19         And I'm trying to give you the benefit of being able

20   to do that efficiently, but, obviously, you have a right to all

21   of the -- and so does the company, all of the defenses, okay?

22         So, Ms. Silveira, can you make me a proposal for

23   timing on this?

24         MS. SILVEIRA: For briefing, Your Honor, we would

25   propose the next thirty days.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  And we should then perhaps just put it on

2    a -- well, wait a minute.  Let me back up.  You believe you can

3    make a prima facie case for summary judgment?

4    MS. SILVEIRA:  I believe so, Your Honor.  We were -- I

5    was going to propose if we were setting an evidentiary hearing

6    that it be set for the end of May.  In terms -- if we're going

7    to be doing briefings first, I think thirty days should be

8    sufficient.

9    THE COURT:  Mr. Sinkiewicz, what I will do is I will

10   give PG&E a deadline to file what I'm going to call a motion

11   for summary judgment.  And then that -- again, under the law,

12   that means that PG&E will show from its point of view there are

13   no facts in dispute and they -- it does not owe you the 20,000

14   dollars.  You have a right to show through evidence that there

15   are facts in dispute.

16   And so, in other words, if you have a letter -- or if

17   they produce a letter or a communication that was given to you

18   and says this is why we're rescheduling, this is why we're not

19   liable, you have a right to contest that.  But it can't be they

20   just didn't prove it or I had the people there.  That's not the

21   point.  You'll have to rebut what they're showing.

22   And I can do it -- what I will do is I will give PG&E

23   thirty days to make that showing in writing.  And I'll give you

24   a reasonable period of time to respond in writing.  And then

25   I'll either decide it on the papers or set a hearing for

PG&E Corporation and Pacific Gas and Electric Company

1    argument or, if necessary, set an evidentiary hearing.  I'll do

2    that.  So the sequence will be -- today is March 24th.  I'm

3    going to give PG&E until April 24th to file a motion.  I'll

4    give you three weeks after that to respond in writing.

5        And I will then -- based upon those papers, I'll

6    decide what to do next.  So maybe I'll rule on the papers.

7    Maybe I'll say no, I have to have a trial in which case I will

8    set a hearing date or perhaps even a brief telephone conference

9    with you and PG&E's lawyers to figure out how to do the trial,

10   whether we're still doing it remotely, who will be called, et

11   cetera.  Okay?  You following me?

12       MR. SINKIEWICZ:  All right.  So --

13       THE COURT:  So far -- okay.  So what's important to

14   you -- and again, I'm not going to tell you you have to have a

15   lawyer.  You don't have to.  Normally the corporations and LLCs

16   are supposed to appear by counsel, but I'll overlook that this

17   time because you made the representation that your LLC is a

18   solely owned entity by your -- by you.

19       And so by April 24th the company will file in the

20   court and serve on you what I'm calling is a motion for summary

21   judgment.  And you will have three weeks after that to respond.

22   And then I'll -- the ball will be in my court to tell you what

23   happens next.

24       MR. SINKIEWICZ:  Okay.

25       THE COURT:  And you're welcome to -- you're also

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  welcome to have discussions one-on-one with Ms. Silveira and

2  the company if there's still a chance to settle this case

3  before then.  Okay?  So you can stay on the call if you want or

4  not.  I'm going to go ahead and conclude the matter for you

5  today then.  All right?

6          MR. SINKIEWICZ:  Okay.  All right, Your Honor.  I'll

7  just --

8          THE COURT:  Okay.

9          MR. SINKIEWICZ:  I'll get something in the mail to

10  respond to --

11          THE COURT:  Okay.  Yes, sir.  And those dates are

12  critical.  Three weeks from April 24th.

13          MR. SINKIEWICZ:  I have to answer their letter or

14  their --

15          THE COURT:  Well, what's important -- here's what's

16  critical for you to understand because I assume you don't have

17  the legal training.  They will have to support their position

18  with a sworn statement under oath by somebody that knows the

19  facts that they're relying on.  And you will have to do --

20          MR. SINKIEWICZ:  Um-hum.

21          THE COURT:  You will have to do the same if you

22  believe the facts are not as they say.  Again, I'm not -- it's

23  not a question of people lying.  It's not a question of -- and

24  I'm assuming everybody is being truthful about this.  But

25  sometimes different people have different points,

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  recollections. And there are material facts in dispute. And

2  that's why we normally can't decide them on the papers if --

3  unless everybody agrees that we can.

4          But what's critical for you -- remember, PG&E has got

5  very capable lawyers. They know the rules and they know the

6  deadlines. So you need to be mindful of that deadline also.

7  Let's just -- let's just make sure something else is not in

8  doubt. I'm going to make it -- give me just one second, and

9  I'll tell you what I'm referring to here.

10          So their papers are going to be due by -- actually,

11  Ms. Silveira offered the -- or I did, the 24th is a Saturday.

12  So I'm going to make that the 23rd. And so I'm going to make

13  your papers and your response due -- one second. I'm just

14  checking here. Yeah. May 14th.

15          MR. SINKIEWICZ: Okay.

16          THE COURT: Okay?

17          MR. SINKIEWICZ: I have to -- I have to respond by the

18  14th of April -- 14th of May?

19          THE COURT: Yes. It has to be in the -- in the court,

20  electronically with the court. And you can file --

21          MR. SINKIEWICZ: 14th --

22          THE COURT: -- you can file electronically on our

23  court system, May 14th response.

24          And there's no reply, Ms. Silveira. It'll be on the

25  papers.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          MS. SILVEIRA:  Okay.

2          MR. SINKIEWICZ:  And I send that to you, sir; is that

3     correct?

4          THE COURT:  You file it with the court.

5          MR. SINKIEWICZ:  Yeah.

6          THE COURT:  You filed it with --

7          MR. SINKIEWICZ:  Yeah.

8          THE COURT:  -- the court.  And I receive it

9     electronically.  And PG&E's lawyers receive it electronically.

10    And then I have --

11         MR. SINKIEWICZ:  All right.

12         THE COURT:  And I will review that and then decide

13    what to do next.  Okay.  Good luck.  Thank you very much for

14    your time.

15         MR. SINKIEWICZ:  Okay.  Thank you, Your Honor.

16         THE COURT:  Thank you.

17         All right.  Next is Todd Greenberg.

18         Mr. Greenberg, are you on the call or someone

19    representing you?

20         MR. LAPPING:  Good morning, Your Honor.  Richard

21    Lapping appearing for Mr. Greenberg.

22         THE COURT:  Good morning, Mr. Lapping.

23         So, Mr. Lapping, I'm -- if I understand it, Mr.

24    Greenberg is claiming approximately 37,000 dollars for

25    fluctuations and damage to personal property and to his home

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

         PG&E Corporation and Pacific Gas and Electric Company

1  because of the power fluctuations.  Have I got it right?

2        MR. LAPPING:  Generally, yes.

3        THE COURT:  And there are two other claims that are

4  not the subject of the dispute today; is that right, Ms.

5  Silveira?

6        MS. SILVEIRA:  That's correct, Your Honor.

7        THE COURT:  So what's your proposal for this?  Could

8  you do this by a summary judgment also?

9        MS. SILVEIRA:  I believe so, Your Honor.  But we would

10 ask for slightly more time on this one.

11       THE COURT:  Well, what's the substance of your

12 defense?  This is not a Rule 2 defense though, right?

13       MS. SILVEIRA:  Correct, Your Honor.  We will

14 demonstrate that there were not power surges on the dates in

15 issue.

16       THE COURT:  Well --

17       MS. SILVEIRA:  But we'll also do contest the measure

18 of damages if we get there.

19       THE COURT:  I just want to know what to expect from

20 you.

21       MS. SILVEIRA:  Certainly.

22       THE COURT:  I'm sorry.

23       MS. SILVEIRA:  So, yeah, the evidence will center

24 around the fact that there were not power surges at the

25 premises on the date in question.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    THE COURT:  But what about the day before or the day

2    after?  I mean, if he was away, I think the papers say that he

3    was away.  If you come back and you find your damage, do you

4    have to know what day it happened?

5    MS. SILVEIRA:  Right.  I believe -- and we'll

6    certainly confirm this on our papers, but our search covered

7    the entire period he indicated that he was away.

8    THE COURT:  Okay.  Well, can you -- so, again, Mr.

9    Lapping, I don't know if you were listening on the prior

10   matter.  But I believe that in the prior matter, I was offered

11   the ability to dispose of this by summary judgment.  Do you

12   have any objection?  If Ms. Silveira believes --

13   MR. LAPPING:  Well, Your Honor --

14   THE COURT:  -- that the company can make a summary

15   judgment, they certainly have a right to do it, don't they?

16   MR. LAPPING:  Yes, Your Honor.  But, I mean, they have

17   a big burden to overcome because their own email says that they

18   had -- they already made an offer to pay the deductible.  And

19   they're going to argue that there were no surges and that res

20   ipsa loquitur.  Things don't just blow up electronically

21   because of the absence of any event.  There clearly was some

22   sort of event.

23   So we're happy to engage in -- I guess I would like to

24   see some preliminary discovery from PG&E as to how they come to

25   the conclusion that there were no surges.  If they want to do

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  that in a motion for summary judgment, that's fine as well.  I

2  think if we get -- once I see what it is that they're going to

3  actually argue and the evidence, I may want an opportunity to

4  take somebody's deposition.

5          THE COURT:  Well, okay.  You're entitled to do that.

6  But again, I -- when I started this discussion and asking Ms.

7  Silveira how we should go about this -- and this was one where

8  she believes she can make a case for summary judgment.  You

9  know if the debtor -- if the company makes a motion for summary

10  judgment, you have under the rules -- there are procedures that

11  give the opponent an opportunity to take discovery.  On the

12  other hand, there isn't -- who are we going to take the

13  discovery from?  I mean, your own client can opine and give us

14  a declaration that he suffered this damage on or about a

15  certain date.  And if -- and if he can relate it to power

16  surges, then there may be a material fact in dispute.

17          I'm willing to let you take discovery.  I'm trying to

18  see if we can move these things smoothly and quickly for -- to

19  avoid -- if it comes out to this, avoid even wasting time with

20  the summary judgment if we need to set it immediately for

21  trial.

22          So what discovery would you take?

23          MR. LAPPING:  Well, Your Honor, I don't know what the

24  condition of the -- what records the PG has -- PG&E has that

25  proves a negative like this.  We may not need to take any

(973) 406-2250 | operations@escribers.net | www.escribers.net

          PG&E Corporation and Pacific Gas and Electric Company

1   discovery because have evidence of our own that they were

2   working next door, doing this massive project with these poles

3   and the city managers aware of the surges.  And so I don't

4   understand the nature of the factual dispute at this point.

5   And so without really knowing exactly how they're going to

6   present this, I'm at a loss as to say what we're going to do

7   next.

8          THE COURT:  Okay.  Ms. Silveira, make me a proposal

9   for your motion, please.

10         MS. SILVEIRA:  I was going to propose May 21st.  But

11  in the interim, perhaps we could set another status conference

12  at the omnibus hearing on the 28th.  And I'll meet and confer

13  with Mr. Lapping in the interim.

14         THE COURT:  So that'll be April 28th?

15         MS. SILVEIRA:  Yes.

16         THE COURT:  Again, I haven't -- I haven't memorized

17  all of our upcoming dates.

18         But let's do this:  I will take your proposal, Mr.

19  Lapping -- and I think this is probably consistent with your

20  wishes.  I'll put this over to April 28th at 10 o'clock for

21  further status.  But before then, I want the two of you to meet

22  and confer and agree on when there needs to be a deadline

23  either for a motion or for end of discovery.  I won't impose it

24  on you today on either side.  But certainly on the 28th I want

25  to have a pinned-down schedule for motion or discovery cut-off

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    so we can set an evidentiary hearing.

2            MS. SILVEIRA:  Certainly, Your Honor.

3            THE COURT:  Okay?

4            MR. LAPPING:  Thank you, Your Honor.

5            THE COURT:  Okay.  Thank you very much.  And I'll see

6    you in April 28th at 10 o'clock.

7            MR. LAPPING:  And that's at 10 o'clock I assume?

8            THE COURT:  Yeah.  Stay tuned.  We may be doing that

9    by Zoom.  We'll figure out what we're doing next time around.

10           MR. LAPPING:  I will check the calendar.

11           THE COURT:  Okay.

12           MR. LAPPING:  Thank you, Your Honor.

13           THE COURT:  All right.  Thanks.

14           Next up is D.A. Wood.  We have appearance for someone

15   for D.A. Wood today?

16           MR. COX:  Good morning, Your Honor.  Blaine Cox on

17   behalf of D.A. Wood.

18           THE COURT:  All right.  Good morning, Mr. Cox.

19           Now, if I've got it correctly on this one, let me see

20   if I've done my homework, this is approximately a 27,000-dollar

21   claim because PG&E, if I understand it, you contend that they

22   failed to mark out an underground gas line.  And somebody, I

23   guess your client, then broke it.

24           MR. COX:  That is generally correct, Your Honor.

25           THE COURT:  All right.  Ms. Silveira, see, I'm doing

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1  my homework.  I know what the claims are.  But what's your

2  proposal on this one, Ms. Silveira?

3           MS. SILVEIRA:  We believe this one would be

4  appropriate for summary judgment briefing as well.

5           THE COURT:  And what would it be, that you did mark

6  out the lines?

7           MS. SILVEIRA:  Yes, Your Honor.

8           THE COURT:  Okay.  Mr. Cox, I guess if you heard the

9  conversation on the other matters, it seems like the way to do

10  it if that's what the company can do.

11           MR. COX:  Not getting into the merits, Your Honor, but

12  I just dispute their -- there's disputed facts whether it was

13  marked.  Obviously it was broken.  I don't think we could set a

14  summary judgment motion to have an undisputed fact that it was

15  actually marked.  I mean, we've got correspondences that it

16  wasn't, records from supervisors from PG&E that were on-site

17  that said it wasn't marked.  So I just don't think it's

18  appropriate for summary judgment.

19           I guess my request would just be that we set it for a

20  further status conference and a meet-and-confer so I can speak

21  with debtors' counsel and maybe we could work this out, would

22  be my preferred method.  But --

23           THE COURT:  Well, to clarify, if they file a motion

24  for summary judgment from a person that says I was the person

25  in charge of this thing and we marked it out, then how would

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1   you show -- you then have to dispute that with competent

2   contrary evidence.  In other words --

3           MR. COX:  Yes, we --

4           THE COURT:  In other words, how would you do it?

5           MR. COX:  Yes, Your Honor.  We'd have a declaration as

6   well saying that it wasn't marked.  And I believe we have

7   multiple declarations to that effect as well for supporting

8   evidence to back that up.

9           THE COURT:  Well, again, I'm not going to waste

10  everybody's time with a summary judgment motion that's doomed

11  to fail.  But, Ms. Silveira, we'll treat this the way we just

12  did the last case unless you have another alternative way to do

13  it.  What do you think?  What's your pleasure?  Treat the same

14  way --

15          MS. SILVEIRA:  So --

16          THE COURT:  -- we did Mr. Greenberg?

17          MS. SILVEIRA:  Yes.  We'll set this for a further

18  status conference on April 28th.  And I'll meet and confer with

19  claimant's counsel in the interim.

20          THE COURT:  Okay.  But the same thing.  By then I want

21  deadline, an agreed deadline, for a motion or discovery so we

22  can schedule a trial.  And again, Mr. Cox, like everything else

23  in life, this may be fruitful for exploring a settlement.  I'll

24  leave that to you all.  And I'll just continue this to the 28th

25  at 10 o'clock.

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          MS. SILVEIRA:  Thank you. Your Honor.

2          MR. COX:  Thank you very much, Your Honor.

3          THE COURT:  Okay.  Thank you both.

4          All right.  Next on my list is Dorcas Wheeler.  Ms.

5     Wheeler, are you there today?  Yeah, you were on the call

6     before.  Are you there?

7          MR. WEAVER:  Was that Weaver?

8          THE COURT:  Mr. Wheeler, no.  Ms. Wheeler.  Wheeler.

9          MS. WHEELER:  Yes, Your Honor.  Good morning.

10         THE COURT:  Good morning.

11         MS. WHEELER:  Dorcas Wheeler for Dorcas Wheeler.

12         THE COURT:  Okay.  Ms. Wheeler, let me see.  Now, this

13    is a claim of 31,000 or so dollars.  You claim that PG&E messed

14    up the pruning on tress -- a tree or trees on your property.

15         MS. WHEELER:  That is correct, Your Honor.  That is

16    correct.

17         THE COURT:  Okay.  Ms. Silveira?

18         MS. SILVEIRA:  Your Honor, this --

19         MS. WHEELER:  I -- I don't believe there's any -- I

20    don't believe there's any facts in dispute.  And I can't find a

21    single reference in any of the debtors' pleadings.  All I see

22    is yesterday when I received the agenda, that they didn't like

23    my argument.  But they have not proffered any one single fact

24    to dispute my declaration or my arborous report.

25         THE COURT:  Well, they don't -- they don't have to do

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    that under our rules of the status conference.  In other

2    words --

3         MS. WHEELER:  Okay.  This -- this is a status

4    conference then?

5         THE COURT:  Well, this is the first status conference,

6    yes.  That's what the company said in the papers.

7         MS. WHEELER:  I thought it was a continuance of the

8    omnibus hearing from December and --

9         THE COURT:  Well, the --

10        MS. WHEELER:  -- for the purpose of settling.

11        THE COURT:  Well, Ms. Wheeler, everything is

12   settleable.  And if there's a fruitful discussion that you have

13   with somebody at the company not involving me, then I would

14   encourage you to do that.  But if the company is not inclined

15   to offer you anything and you're not inclined to come down from

16   your demand, that's not going to get settled at this point.

17   But under our --

18        MS. WHEELER:  Okay.

19        THE COURT:  -- procedures, the difference between the

20   hearing in December and today was just because these things

21   have to play out.  This is the first hearing where I've been

22   talking about a schedule of what comes next.  And what Ms.

23   Silveira wrote in her filing yesterday was that there were

24   factual disputes.  And there are factual disputes that -- and

25   she, Ms. Silveira, does not say your claim can be kicked out as

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    a matter of law.  And I don't -- you haven't, at least at this

2    point, attempted to show as a factual matter, as a legal matter

3    that there are no facts in dispute.  And you're entitled to it.

4         So think of it this way.  Again, I don't know how much

5    experience you have in bankruptcy procedure.  But a claim

6    objection, which is what this is, is more like the claimant has

7    filed the equivalent of a complaint and the objector has filed

8    an answer saying I deny the liability.  And so then the issue

9    is joined.  It's just that the parties are in reverse order.

10   So the debtor -- it's the debtor who initiated the omnibus

11   procedures but did so in response to your proof of claim.

12        So it would seem to me, Ms. Silveira, that this one

13   just needs to be set for trial unless there's a possibility of

14   settling it.  What do you think?

15        MS. SILVEIRA:  I agree, Your Honor.  We're certainly

16   open to discussions in the interim, but we're prepared to set

17   this for trial.

18        THE COURT:  Ms. Wheeler, would you be amenable to at

19   least one try at mediating a result here?

20        MS. WHEELER:  Yes, I would be amenable to mediation.

21        THE COURT:  Ms. Silveira, this would be -- in my

22   opinion this case would be a perfect example of what we call

23   the mini-mediation that was done in place, as you know, in the

24   securities litigation and also in the -- in those other matters

25   that are going to mediation.  I would think that this would be

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    fruitful.  And I'd like to order that PG&E put Ms. Wheeler

2    and -- Ms. Wheeler and her claim on that -- what we'll call the

3    short-form mediation and put her on -- and take it off calendar

4    until that is either successful or completed unsuccessfully.

5         MS. SILVEIRA:  Certainly, Your Honor.  We'll begin

6    that process right away.

7         THE COURT:  So, Ms. Wheeler, you may not be familiar

8    with it, but there is in place already for some claims.  And

9    what's happening that PG&E is picking up the tab for

10   independent mediator.  And the parties, with or without

11   counsel, are in -- and I don't -- I'm not privy to what's

12   happening.  I just know that it's underway.  And that would be

13   perhaps the most sufficient way to do it.

14        So Ms. Silveira has acknowledged it.  I will say that

15   she -- the ball will be in her court to bring you up to speed

16   on what should happen.  But the first thing that should happen

17   is that some dialog where there will be a date and a time and a

18   mediator lined up to try to see if he or she can help both

19   sides reach an agreement here.

20        MS. WHEELER:  I think, Your Honor, that would be the

21   most sufficient use of the Court's time.

22        THE COURT:  Well, and your time.  Ms. Silveira, I'll

23   take this off calendar and understand that we're putting this

24   into the mediation pipeline.  And hopefully I won't hear from

25   Ms. Wheeler again.  But if I do, we'll take it up again.

PG&E Corporation and Pacific Gas and Electric Company

1          MS. SILVEIRA:  Certainly.  There's just --

2          MS. WHEELER:  It would be my pleasure, Your Honor.

3          THE COURT:  Ms. Silveira, were you going to say

4    something else?

5          MS. SILVEIRA:  Yeah.  There's just one housekeeping

6    point with respect to Ms. Wheeler's claims.  She has two

7    asserted claims, 79932 and 80179.  We'll get this cleared up

8    through the ADR process.  But Ms. Wheeler has acknowledged

9    there is one claim in the amount of 31,020 dollars.

10          THE COURT:  Well, Ms. Wheeler, can't we just agree

11    that --

12          MS. WHEELER:  Yes.

13          THE COURT:  -- you only have one claim?  And what --

14          MS. WHEELER:  No, that's correct.  That is correct.

15          THE COURT:  Shouldn't the lower -- Ms. Silveira,

16    shouldn't the lower number just be treated as superseded by the

17    later number?

18          MS. SILVEIRA:  Yes, sir.  And honestly I do not have

19    the filing dates in front of me, but we are willing to

20    stipulate that 80179 is the surviving claim.

21          THE COURT:  Okay.  Ms. Wheeler, our electronic record,

22    or this audio record, will reflect that you're agreeing that

23    79932 is treated as replaced by 80179.  And that's your

24    surviving claim.  You already acknowledged it's approximately

25    31,000 -- well, I can see it, 31,020 dollars.  And --

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          MS. WHEELER:  Yes.

2          THE COURT:  -- I will wish you good luck in trying to

3    come up with a mediated resolution of it.  So, Ms. Silveira, I

4    will -- the ball is in your court.  And I will assume that

5    you'll get -- this will go into the mediation pipeline here

6    promptly.

7          MS. SILVEIRA:  Yes.  We'll begin the process.

8          THE COURT:  Okay.  Thank you.

9          Ms. Wheeler, good luck.  Thank you very much for your

10   time.

11         MS. WHEELER:  Thank you, Your Honor.  I appreciate it.

12         THE COURT:  Next we have Bruce and Kathleen Shaw.  Is

13   someone on the call for Mr. or Ms. Shaw?  Is there an

14   appearance by Bruce or Kathleen Shaw on the forty-third

15   objection?  Anyone?

16         Ms. Silveira, have you heard from the Shaws?

17         MS. SILVEIRA:  I have not, Your Honor.

18         THE COURT:  Well, what would you like me to do?  This

19   need to be defaulted?

20         MS. SILVEIRA:  That would be our request.  I emailed

21   Mr. and Ms. Shaw yesterday afternoon with instructions on

22   making an appearance, but we haven't heard from them otherwise.

23         THE COURT:  All right.  I will let the minutes reflect

24   there's no appearance by the claimants, Mr. Bruce and Kathleen

25   Shaw, on claim number 1722 as part of the forty-third omnibus

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1    objection.  And the objection will be sustained by default.

2           Ms. Silveira, you should submit an order.  And,

3    obviously, if the Shaws file something that indicate they tried

4    to get in or they had telephonic connections or something, I'll

5    be more amenable to giving them another shot at it.  And I

6    suspect you will too.  But we'll take that --

7           MS. SILVEIRA:  Of course, Your Honor.

8           THE COURT:  Okay.  All right.  Next in my calculation

9    would be -- I believe we're down to Ms. Gerstner.  Let me just

10   make sure that -- one second.  Yeah, is Martha Gerstner on the

11   phone?  Ms. Gerstner, are you there?

12          MS. GERSTNER:  Yes, I am.  Good afternoon, Your Honor.

13          THE COURT:  All right.  Good afternoon.  All right.

14   One second.  Let me make sure I know about your situation.  All

15   right.

16          Ms. Gerstner, as I understand your claim, you have

17   some construction work done or PG&E was working on a line, an

18   underground line, that adjoins your home.  And the work was not

19   done correctly.  And you believe there is something of a claim

20   for about 16,000 dollars for what happened.  Do I have it

21   right, roughly?

22          MS. GERSTNER:  Yes, that's correct.

23          THE COURT:  Ms. Silveira, what's the company's

24   position on this one?

25          MS. SILVEIRA:  Your Honor, we were prepared to go

PG&E Corporation and Pacific Gas and Electric Company

1    forward and argue it to be disallowed as a matter of law.

2         Ms. Gerstner and I emailed last night, and she sent me

3    some additional documentation that we're still assessing and

4    likely will raise some factual issues.  So I think in the

5    interim, I would request that we use this as a status

6    conference -- or, excuse me, that we continue this until April

7    28th and treat that as a further status conference.

8         THE COURT:  If she hadn't given you more information,

9    was this a Rule 16 issue or something else?

10        MS. SILVEIRA:  No, Your Honor.  We're contesting that

11   the damage was not caused by PG&E.

12        THE COURT:  Oh, causal.  All right.

13        Ms. Gerstner, did you hear the discussion I had with

14   some of the other claimants about putting these over so people

15   can -- the company can absorb and work on what you have in

16   mind?

17        MS. GERSTNER:  Yes, I did listen to the previous

18   conversations.

19        THE COURT:  Well, there have been several, obviously.

20   And sorry to make you wait.  I mean, we've gone through all

21   sorts of things like continued hearings to settlements to

22   mediation.

23        MS. GERSTNER:  Yep.

24        THE COURT:  In this one, what Ms. Silveira was just

25   saying is that she'd like to continue it just so they can

(973)406-2250 | operations@escribers.net | www.escribers.net

                    PG&E Corporation and Pacific Gas and Electric Company

1    consider what you've submitted.  So if there's no resolution,

2    it'll just be deferred.  But maybe they'll withdraw it.  Maybe

3    they'll make you a proposal.  Maybe something will happen.

4              And are you satisfied with at least treating it that

5    way today?

6              MS. GERSTNER:  Yes, that sounds acceptable.

7              THE COURT:  Okay.  Thank you very much.  I'll do that.

8    You should be ready for a hearing on April 28th at 10 o'clock.

9    Whether it's by phone or Zoom, we'll figure that out later.

10   But I'll talk to you then.  Good luck.  Thank --

11             MS. GERSTNER:  Very --

12             THE COURT: -- you for your time.

13             MS. GERSTNER:  Thank you, too, Your Honor.

14             THE COURT:  Okay.  One second.

15             All right.  The next on my list is Rhonda Miller.  Is

16   Ms. Miller on the call?  Is Rhonda Miller on our phone call

17   today?

18             Ms. Silveira, have you heard from Ms. Miller?

19             MS. SILVEIRA:  I have not, Your Honor.

20             THE COURT:  As I understand it -- one second.  I have

21   too many papers.  Ms. Miller's claim is a little confusing to

22   me.  And there's not a lot of information that you -- I believe

23   your objection is there's no supporting documentation.  And the

24   claim appears to be for 7,375 dollars?

25             MS. SILVEIRA:  Yes, Your Honor.

(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1          THE COURT:  All right.  One more time.

2          MS. SILVEIRA:  That's our understanding.

3          THE COURT:  Is Rhonda Miller on the call?  All right.

4   I will indicate that Ms. Miller was properly served with the

5   continued hearing today, and she is not appearing.  So I'll

6   enter the default and confirm that there's no supporting

7   information in which -- consistent with the fortieth omnibus

8   objection and the claim should be disallowed and the objection

9   sustained.  Ms. Silveira will treat this the same way we've

10  treated the other ones that you will serve on Ms. Miller an

11  order disallowing her claim for those reasons.

12         MS. SILVEIRA:  Thank you, Your Honor.

13         THE COURT:  And next we come to Annette Hicks.  Is Ms.

14  Hicks on the phone call today?  Annette Hicks, are you on the

15  call?

16         Ms. Silveira, what I see from Ms. Annette Hicks's

17  claim is unsupported list of damages to various appliances

18  without any -- well, I mean, the handwritten documents you

19  filed indicate some power surges, but there's no specifics.  Do

20  you have any information or any communication from Ms. Hicks?

21         MS. SILVEIRA:  I haven't received any communication

22  from her, Your Honor.

23         THE COURT:  And am I correct that is the -- that is

24  the fortieth -- you said the fortieth omnibus category.  So

25  it's unsupported claim.

eScribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

PG&E Corporation and Pacific Gas and Electric Company

1        MS. SILVEIRA:  Yes, Your Honor.

2        THE COURT:  One more time, is Annette Hicks on the

3  phone call?  All right.

4        Ms. Silveira, I will note that and enter her default

5  for nonresponse.  She was served with a notice of the hearing.

6  The objections are well-taken and will be sustained and the

7  claim disallowed.  And I'll ask you to serve Ms. Hicks with the

8  order that disallows her claim.

9        By my calculation --

10       MS. SILVEIRA:  I'll do that, Your Honor.

11       THE COURT:  -- we have covered all the claimants.  Is

12  any claimant on the call who expects and believes you should be

13  heard today that I overlooked?

14       Ms. Silveira, how about you?  Have I covered all the

15  bases that you set out there for me?

16       MS. SILVEIRA:  Yes, Your Honor.  Those were the claims

17  we expected to go forward today.

18       THE COURT:  Okay.  Well, then, I guess we can conclude

19  the hearing.  And any -- do we have any unfinished business?  I

20  guess not.

21       All right.  Thank you all for your time and

22  participation at the hearing.  And thank you to my staff.  I

23  will conclude the hearing now.

24       MS. SILVEIRA:  Thank you, Your Honor.

25     (Whereupon these proceedings were concluded)

escribers
(973) 406-2250 | operations@escribers.net | www.escribers.net

1              C E R T I F I C A T I O N

2

3    I, Michael Drake, certify that the foregoing transcript is a

4    true and accurate record of the proceedings.

5

6

7

8    _____

9    /s/ MICHAEL DRAKE, CER-513, CET-513

10

11   eScribers

12   7227 N. 16th Street, Suite #207

13   Phoenix, AZ 85020

14

15   Date:  March 25, 2021

16

17

18

19

20

21

22

23

24

25

(973) 406-2250 | operations@escribers.net | www.escribers.net

## A

**ability (1)**
30:11
**able (6)**
5:11;14:20;15:19;
18:17;19:12;23:19
**absence (1)**
30:21
**absorb (1)**
43:15
**acceptable (6)**
9:16;12:23;13:1,22,
22;44:6
**acknowledged (3)**
39:14;40:8,24
**acquisition (1)**
14:2
**action (2)**
14:18;18:19
**actually (5)**
17:1;19:4;27:10;
31:3;34:15
**add (1)**
16:7
**additional (4)**
11:17,19;15:10;43:3
**addressing (1)**
5:16
**adjoins (1)**
42:18
**admissible (2)**
23:3,4
**ADR (2)**
9:20;40:8
**advance (1)**
22:4
**afternoon (3)**
41:21;42:12,13
**Again (18)**
7:19;9:9;15:11;
17:15,20;18:23;20:14;
24:11;25:14;26:22;
30:8;31:6;32:16;35:9,
22;38:4;39:25,25
**agenda (4)**
6:2,3,17;36:22
**agree (6)**
7:22;8:22;17:16;
32:22;38:15;40:10
**agreed (5)**
10:17;15:17;16:3,4;
35:21
**agreed-upon (1)**
12:5
**agreeing (1)**
40:22
**agreement (3)**
7:12;11:11;39:19
**agrees (1)**
27:3
**ahead (3)**
11:1,24;26:4
**allowed (1)**
7:16
**alternative (2)**
17:10;35:12
**alternatively (1)**
8:23
**amenable (1)**
38:18,20;42:5
**amount (3)**
9:7;18:13;40:9
**amounts (3)**
8:2;15:10;18:25
**Annette (5)**
6:12;45:13,14,16;
46:2
**announcements (1)**
5:8
**appear (1)**
25:16
**appearance (8)**
12:10,13;17:14;
21:10;33:14;41:14,22,
24
**appearances (3)**
5:6;6:16,18
**appearing (4)**
5:24;7:1;28:21;45:5
**appears (1)**
44:24
**appliances (1)**
45:17
**applicable (1)**
12:6
**appreciate (1)**
41:11
**appropriate (3)**
9:12;34:4,18
**approximately (6)**
14:1;15:6;18:24;
28:24;33:20;40:24
**April (11)**
11:15;25:3,19;26:12;
27:18;32:14,20;33:6;
35:18;43:6;44:8
**arborous (1)**
36:24
**areas (1)**
14:23
**argue (5)**
14:19,20;30:19;31:3;
43:1
**argument (3)**
9:8;25:1;36:23
**around (3)**
22:16;29:24;33:9
**arrangement (2)**
16:25;17:1
**arrangements (1)**
16:16
**asserted (1)**
40:7
**assertion (1)**
9:7
**assessing (1)**
43:3
**assume (5)**
7:1,13;26:16;33:7;
41:4
**assuming (1)**
26:24
**AT&T (1)**
5:19
**attempted (1)**
38:2
**attorney (1)**
6:25
**audio (1)**
40:22
**avoid (3)**
5:12;31:19,19
**avoidance (1)**
14:9
**aware (1)**
9:3;32:3
**away (4)**
30:2,3,7;39:6

## B

**back (8)**
13:11;16:13,13;21:4,
15;24:2;30:3;35:8
**background (1)**
5:13
**bag (1)**
21:17
**ball (3)**
25:22;39:15;41:4
**bankruptcy (1)**
38:5
**barking (1)**
5:12
**base (1)**
11:21
**based (2)**
14:4;25:5
**bases (1)**
46:15
**begin (2)**
39:5;41:7
**behalf (1)**
6:21;33:17
**believes (1)**
30:12;31:8;46:12
**benefit (2)**
15:14;23:19
**Benvenutti (2)**
6:21,22
**Benvenutti's (1)**
7:1
**big (1)**
30:17
**bit (1)**
6:6
**Blaine (1)**

**blow (1)**
30:20
**both (6)**
11:11,12,21;16:9;
36:3;39:18
**brief (3)**
14:25;18:10;25:8
**briefing (2)**
23:24;34:4
**briefings (1)**
24:7
**bring (1)**
39:15
**broke (1)**
33:23
**broken (2)**
18:24;34:13
**Bruce (5)**
6:10,10;41:12,14,24
**burden (1)**
30:17
**buried (1)**
14:13
**burned (1)**
15:22
**business (1)**
46:19

## C

**calculation (2)**
42:8;46:9
**calendar (8)**
7:9;16:8;19:16,17;
20:16;33:10;39:3,23
**CALIFORNIA (1)**
5:1
**Call (24)**
5:3,6;6:16;7:22;
8:14;17:22;18:9;19:22;
20:6;23:2;24:10;26:3;
28:18;36:5;38:22;39:2;
41:13;44:16,16;45:3,
14,15;46:3,12
**called (3)**
16:14;22:14;25:10
**Calling (3)**
5:4;15:14;25:20
**can (50)**
5:23;8:11,12,19,23;
9:20;13:6,7,8,15,17,17;
14:14;19:21;20:7,9,13,
21;21:1,9,15;22:3,13,
14;23:3,6,22;24:2,22;
26:3;27:3,20,22;30:8,
14;31:8,13,15,18;33:1;
34:10,20;35:22;37:25;
39:18;40:25;43:15,15,
25;46:18
**canceled (1)**
22:14
**capable (1)**

**27:5
care (1)**
21:5
**case (10)**
14:24,24;17:7;19:10;
24:3;25:7;26:2;31:8;
35:12;38:22
**cases (1)**
10:14
**category (1)**
45:24
**causal (1)**
43:12
**caused (1)**
43:11
**center (1)**
29:23
**certain (2)**
8:22;31:15
**Certainly (13)**
9:18,23;19:22;21:1;
22:9;29:21;30:6,15;
32:24;33:2;38:15;39:5;
40:1
**cetera (1)**
25:11
**chance (1)**
26:2
**change (2)**
12:9;20:2
**changed (1)**
16:19
**changes (1)**
8:24
**charge (1)**
34:25
**check (1)**
33:10
**checking (1)**
27:14
**checks (1)**
7:17
**choose (1)**
12:2
**circulate (1)**
16:3
**city (1)**
32:3
**claim (44)**
5:15;7:16,24;9:4;
11:4,4,17;14:1,4;15:5,
6;16:23;17:6,9;18:11,
22;19:15;20:4;21:15,
16,18,21;33:21;36:13,
13;37:25;38:5,11;39:2;
40:9,13,20,24;41:25;
42:16,19;44:21,24;
45:8,11,17,25;46:7,8
**claimant (8)**
7:4;8:20;9:17;11:25;
17:12;22:4;38:6;46:12
**claimants (12)**
6:3;7:11,21;8:25;

Case: 19-30088    Doc# 10461    Filed: 03/25/21    Entered: 03/25/21 11:58:18    Page 48
of 55

9:24;10:17;11:18;16:8,
16;41:24;43:14;46:11
**claimant's (1)**
35:19
**claimed (1)**
18:12
**claiming (1)**
28:24
**claims (19)**
5:16;7:13;8:1;9:10,
14,14,15;10:2,16;
11:13,21;16:2,19;29:3;
34:1;39:8;40:6,7;46:16
**clarify (1)**
34:23
**class (1)**
14:18
**clear (3)**
7:3;12:20,21
**cleared (2)**
12:20;40:7
**clearly (1)**
30:21
**CLERK (2)**
5:4;13:13
**clever (1)**
14:10
**client (2)**
31:13;33:23
**colleague (1)**
6:22
**comments (2)**
15:12;16:13
**communication (3)**
24:17;45:20,21
**Company (18)**
15:3;18:8;9;19:11,
12;21:25;23:3,13,21;
25:19;26:2;30:14;31:9;
34:10;37:6,13,14;
43:15
**company's (2)**
22:11;42:23
**competent (1)**
35:1
**complaint (1)**
38:7
**completed (1)**
39:4
**completely (1)**
14:13
**compliment (1)**
14:8
**conclude (3)**
26:4;46:18,23
**concluded (1)**
46:25
**conclusion (1)**
30:25
**condition (1)**
31:24
**confer (4)**
12:5;32:12,22;35:18

**conference (19)**
7:5;8:3,6,18;10:9;
11:10,15;12:4;15:18;
16:2;25:8;32:11;34:20;
35:18;37:1,4,5;43:6,7
**confirm (3)**
20:13;30:6;45:6
**confusing (2)**
10:1;44:21
**confusion (1)**
5:13
**congratulate (1)**
20:15
**connection (4)**
17:16,19;21:20;22:1
**connections (1)**
42:4
**consider (2)**
19:13;44:1
**consistent (2)**
32:19;45:7
**Construction (2)**
6:8;42:17
**contend (2)**
21:16;33:21
**contest (2)**
24:19;29:17
**contesting (1)**
43:10
**context (1)**
11:20
**continuance (1)**
37:7
**continue (3)**
35:24;43:6,25
**continued (3)**
7:9;43:21;45:5
**contractor (1)**
21:19
**contrary (1)**
35:2
**conversation (3)**
8:14,16;34:9
**conversations (1)**
43:18
**core (3)**
14:22;15:8,10
**Corporation (1)**
5:4
**corporations (1)**
25:15
**correctly (2)**
33:19;42:19
**correspondences (1)**
34:15
**counsel (8)**
5:8;6:1,2;23:13;
25:16;34:21;35:19;
39:11
**couple (3)**
5:7;7:6;12:11
**course (2)**
7:13;42:7

**Court (161)**
5:3,5;6:24;7:19;8:9;
9:25;10:19;11:1,6,7,14,
19,24;12:7,8,17,19;
13:3,6,9,14,17,21,24;
14:7;15:1,4,11,21;16:1,
12,20,21,25;17:11,20,
22,24;18:2,4,8,22;19:6,
8,21,25;20:5,8,12,13,
19,23;21:1,3,3,8,13,24;
22:6,10,17,20,22,24;
23:10,11,24:1,9;25:13,
20,22,25;26:8,11,15,
21;27:16,19,19,20,22,
23;28:4,4,6,8,8,12,16,
22;29:3,7,11,16,19,22;
30:1,8,14;31:5;32:8,14,
16;33:3,5,8,11,13,18,
25;34:5,8,23;35:4,9,16,
20;36:3,8,10,12,17,25;
37:5,9,11,19;38:18,21;
39:7,15,22;40:3,10,13,
15,21;41:2,4,8,12,18,
23;42:8,13,23;43:8,12,
19,24;44:7,12,14,20;
45:1,3,13,23;46:2,11,
18
**courtroom (1)**
12:21
**Court's (1)**
39:21
**cover (1)**
14:20
**covered (3)**
30:6;46:11,14
**Cox (10)**
33:16,16,18,24;34:8,
11;35:3,5,22;36:2
**critical (1)**
26:12,16;27:4
**customers (1)**
21:8
**cut (1)**
5:13
**cut-off (1)**
32:25

**D**

**DA (4)**
6:8;33:14,15,17
**damage (6)**
18:15;19:1;28:25;
30:3;31:14;43:11
**damages (2)**
29:18;45:17
**Dara (1)**
6:20
**date (8)**
7:10;11:13;12:21;
13:12;25:8;29:25;
31:15;39:17
**dates (5)**

12:19;26:11;29:14;
32:17;40:19
**day (5)**
23:10,10;30:1,1,4
**days (4)**
11:16;23:25;24:7,23
**deadline (8)**
8:19,19;16:5;24:10;
27:6;32:22;35:21,21
**deadlines (1)**
27:6
**deal (1)**
15:12
**dealing (1)**
7:4
**deals (1)**
10:16
**dealt (2)**
7:5;10:11
**debtor (4)**
15:17;31:9;38:10,10
**debtors (3)**
6:21,22;22:3
**debtors' (6)**
5:8;9:5;10:4;11:5;
34:21;36:21
**December (2)**
37:8,20
**decide (5)**
23:16;24:25;25:6;
27:2;28:12
**decision (1)**
22:22
**declaration (3)**
31:14;35:5;36:24
**declarations (1)**
35:7
**deductible (1)**
30:18
**default (3)**
42:1;45:6;46:4
**defaulted (1)**
41:19
**defend (1)**
23:8
**defense (3)**
22:11;29:12,12
**defenses (1)**
23:21
**deferred (1)**
44:2
**demand (1)**
37:16
**demonstrate (2)**
23:3;29:14
**demonstrating (1)**
22:4
**deny (1)**
38:8
**deposition (1)**
31:4
**deputy (1)**
12:21

**described (1)**
12:25
**details (1)**
19:10;20:14
**dialog (1)**
39:17
**difference (1)**
37:19
**different (3)**
14:21;26:25,25
**directions (1)**
14:21
**disallowed (3)**
43:1;45:8;46:7
**disallowing (1)**
45:11
**disallows (1)**
46:8
**discovery (10)**
8:19;30:24;31:11,13,
17,22;32:1,23,25;35:21
**discuss (1)**
9:24
**discussion (6)**
6:19;7:10,24;31:6;
37:12;43:13
**discussions (2)**
26:1;38:16
**dispose (1)**
30:11
**disposed (1)**
8:24
**dispute (19)**
8:18,21;10:13;17:5;
21:24;22:2;23:1,2;
24:13,15;27:1;29:4;
31:16;32:4;34:12;35:1;
36:20,24;38:3
**disputed (2)**
8:23;34:12
**disputes (5)**
8:1,7,9;16;37:24,24
**distribution (1)**
7:21
**documentation (3)**
17:7;43:3;44:23
**documented (1)**
15:9;20:11
**documents (2)**
8:20;45:18
**dog (1)**
5:12
**dollars (19)**
9:5;14:2;15:6,9;
18:12,13,15,23,24;
19:1,4,21;16:2,14;
28:24;36:13;40:9,25;
42:20;44:24
**done (5)**
22:8;33:20;38:23;
42:17,19
**doomed (1)**
35:10

Min-U-Script®

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

(2) claimant's - doomed

Case: 19-30088   Doc# 10461   Filed: 03/25/21   Entered: 03/25/21 11:58:18   Page 49
of 55

**door (1)**
32:2
**Dorcas (4)**
6:10;36:4,11,11
**doubt (1)**
27:8
**down (4)**
5:13;9:1;37:15;42:9
**dozen (3)**
8:25;22:15,15
**due (3)**
7:13;27:10,13

**E**

**EBEN (2)**
6:7;21:10
**effect (1)**
35:7
**efficient (1)**
16:15
**efficiently (1)**
23:20
**effort (1)**
8:13
**either (5)**
23:16;24:25;32:23,
24;39:4
**Elder (1)**
15:2
**electronic (1)**
40:21
**electronically (5)**
27:20,22;28:9,9;
30:20
**else (6)**
8:14;16:15;27:7;
35:22;40:4;43:9
**email (1)**
30:17
**emailed (2)**
41:20;43:2
**encourage (2)**
19:13;37:14
**end (2)**
24:6;32:23
**engage (1)**
30:23
**Engel (22)**
6:9;10:23;11:12;
12:10,17,18,18,18,23;
13:1,1,7,8;14:11,16;
15:2,4,8,16,25;16:7,11
**Engel's (2)**
11:4;16:2
**enter (2)**
45:6;46:4
**entire (2)**
6:13;30:7
**entitled (6)**
5:21;8:21;23:5,10;
31:5;38:3
**entity (1)**

**25:18**
**equivalent (2)**
10:11;38:7
**essentially (1)**
22:8
**established (1)**
22:7
**et (1)**
25:10
**even (3)**
10:8;25:8;31:19
**event (2)**
30:21,22
**everybody (2)**
26:24;27:3
**everybody's (1)**
35:10
**everyone (1)**
5:5
**evidence (9)**
22:3;23:3,5;24:14;
29:23;31:3;32:1;35:2,8
**evidentiary (6)**
8:8;9:7,21;24:5;
25:1;33:1
**exactly (2)**
14:17;32:5
**example (2)**
9:4;38:22
**exchange (1)**
8:20
**excuse (3)**
6:10;18:8;43:6
**executed (1)**
20:12
**expect (4)**
6:14,15;7:3;29:19
**expectation (2)**
7:25;8:3
**expected (1)**
46:17
**expects (1)**
46:12
**experience (1)**
38:5
**explore (2)**
9:3;23:6
**exploring (1)**
35:23

**F**

**facie (1)**
24:3
**fact (9)**
10:7;21:25;22:7,15;
23:2;29:24;31:16;
34:14;36:23
**facts (10)**
8:22;10:12;24:13,15;
26:19,22;27:1;34:12;
36:20;38:3
**factual (7)**

8:7;22:2;32:4;37:24,
24;38:2;43:4
**fail (1)**
35:11
**failed (2)**
8:13;33:22
**fair (1)**
7:12
**fairly (1)**
9:21
**familiar (1)**
39:7
**far (2)**
7:11;25:13
**favor (1)**
15:21
**feedback (1)**
7:20
**few (2)**
5:25,25
**figure (4)**
23:9;25:9;33:9;44:9
**file (11)**
11:16;23:13,14;
24:10;25:3,19;27:20,
22;28:4;34:23;42:3
**filed (9)**
6:2;15:23;18:8,9,10;
28:6;38:7,7;45:19
**filing (4)**
12:3;19:15;37:23;
40:19
**find (2)**
30:3;36:20
**fine (3)**
5:19;12:21;31:1
**fire (1)**
9:15
**first (7)**
5:14;12:14;16:22;
24:7;37:5,21;39:16
**flexible (1)**
9:19
**fluctuations (2)**
28:25;29:1
**folks (2)**
8:11,12
**follow (4)**
6:1;12:25;20:17,20
**following (2)**
14:23;25:11
**form (1)**
16:4
**fortieth (4)**
10:3;45:7,24,24
**forty-fifth (1)**
20:3
**forty-fourth (3)**
16:22;17:8;18:9
**forty-second (2)**
10:15,24
**forty-third (2)**
41:14,25

**forward (7)**
8:6;10:18;11:13;
17:4;22:3;43:1;46:17
**found (1)**
14:24
**four (1)**
21:5
**FRANCISCO (1)**
5:1
**front (2)**
9:22;40:19
**fruitful (3)**
35:23;37:12;39:1
**fully (1)**
20:12
**fundamental (1)**
7:6
**further (9)**
11:8,14,16;12:5;
16:8;32:21;34:20;
35:17;43:7
**future (1)**
19:16

**G**

**game (1)**
20:20
**gas (1)**
33:22
**gave (1)**
22:25
**general (1)**
9:14
**Generally (2)**
29:2;33:24
**generator (1)**
14:2;15:8
**gentlemen (1)**
16:5
**Gerstner (14)**
6:12;42:9,10,11,12,
16,22;43:2,13,17,23;
44:6,11,13
**given (3)**
23:4;24:17;43:8
**giving (1)**
42:5
**Good (17)**
5:5;6:20,24;20:23;
21:12;28:13,20,22;
33:16,18;36:9,10;41:2,
9;42:12,13;44:10
**Greenberg (6)**
6:8;28:17,18,21,24;
35:16
**ground (1)**
17:10
**grounds (2)**
11:17,20
**group (1)**
9:15
**guess (7)**

**10:8;30:23;33:23;
34:8;19;46:18,20
guest (1)**
5:22
**guests (1)**
5:21

**H**

**Haisam (3)**
6:11;16:24;17:25
**hand (1)**
31:12
**handwritten (1)**
45:18
**hang (1)**
20:24
**happen (3)**
39:16,16;44:3
**happened (2)**
30:4;42:20
**happening (2)**
39:9,12
**happens (1)**
25:23
**happy (1)**
30:23
**hear (16)**
6:14;7:2;8:16;12:11;
13:6;7,8,16,17,17;15:1;
17:11;18:5;20:7;39:24;
43:13
**heard (9)**
6:15;17:15,18;18:6;
34:8;41:16,22;44:18;
46:13
**hearing (29)**
5:14;6:4;8:8,15;9:1,
7;10:1,10,21;12:24;
17:16,19;22:25;23:17;
24:5,25;25:1,8;32:12;
33:1;37:8,20,21;44:8;
45:5;46:5,19,22,23
**hearings (1)**
43:21
**help (2)**
5:12;39:18
**here's (1)**
26:15
**Hicks (7)**
6:12;45:13,14,14,20;
46:2,7
**Hicks's (1)**
45:16
**high (1)**
6:4
**hiring (1)**
23:8
**holding (1)**
21:17
**home (2)**
28:25;42:18
**homework (2)**

Min-U-Script®
eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net
(3) door - homework
Case: 19-30088    Doc# 10461    Filed: 03/25/21    Entered: 03/25/21 11:58:18    Page 50
of 55

33:20;34:1
**honestly (1)**
40:18
**Honor (70)**
6:20;8:5;9:18,22;
10:14,17,25;11:23;
12:15;13:2,4,8,13,15;
14:6,16;16:10,11,18;
17:2,23;20:3;21:11,23;
22:2,9,12;23:24;24:4;
26:6;28:15,20;29:6,9,
13;30:13,16;31:23;
33:2,4,12,16,24;34:7,
11;35:5;36:1,2,9,15,18;
38:15;39:5,20;40:2;
41:11,17;42:7,12,25;
43:10;44:13,19,25;
45:12,22;46:1,10,16,24
**hookup (1)**
21:25
**hopefully (1)**
39:24
**housekeeping (1)**
40:5
**hundred (1)**
18:6

**I**

**identified (2)**
5:20;7:4
**identify (2)**
5:9,23
**immediate (1)**
7:19
**immediately (2)**
9:23;31:20
**important (3)**
19:4;25:13;26:15
**impose (1)**
32:23
**inclined (3)**
7:22;37:14,15
**include (1)**
11:17
**independent (1)**
39:10
**indicate (4)**
18:11;42:3;45:4,19
**indicated (6)**
8:5;10:22;18:16,23;
19:9;30:7
**individual (2)**
6:3;9:9
**information (4)**
43:8;44:22;45:7,20
**initially (1)**
11:7
**initiated (1)**
38:10
**instructions (1)**
41:21
**intend (1)**

6:1
**interim (5)**
32:11,13;35:19;
38:16;43:5
**into (4)**
15:4;34:11;39:24;
41:5
**involving (1)**
37:13
**ipsa (1)**
30:20
**issue (4)**
14:15;29:15;38:8;
43:9
**issues (4)**
10:5;12:6;15:17;
43:4

**J**

**Janet (1)**
12:16
**job (3)**
21:12;23:4,8
**John (2)**
6:11;20:4
**joined (1)**
38:9
**Judge (1)**
5:5
**judgment (17)**
10:11;22:8;24:3,11;
25:21;29:8;30:11,15;
31:1,8,10,20;34:4,14,
18,24;35:10
**June (6)**
11:15;12:4,20,24;
13:11;16:2

**K**

**Kathleen (4)**
6:11;41:12,14,24
**keep (3)**
5:23;16:6;21:9
**Keller (1)**
6:21
**key (1)**
14:23
**kicked (1)**
37:25
**Kim (1)**
6:21
**Klein (26)**
6:9;10:23;11:3,11;
12:9,13,15,15,16,16,
23;13:3,3,4,6,9,14,15,
19,22,25;14:6,8;16:1,7,
10
**Klein's (1)**
11:4
**knowing (1)**
32:5

known (2)
14:11,12
**knows (1)**
26:18

**L**

**LAPPING (15)**
28:20,21,22,23;29:2;
30:9,13,16;31:23;
32:13,19;33:4,7,10,12
**laptop (1)**
15:22
**larger (1)**
12:1
**Larry (4)**
6:9;12:18,18;13:1
**last (3)**
16:19;35:12;43:2
**later (3)**
7:10;40:17;44:9
**lateral (1)**
18:24
**law (7)**
8:24;10:6;11:8;
23:14;24:11;38:1;43:1
**lawyer (2)**
23:8;25:15
**lawyers (5)**
6:18;22:25;25:9;
27:5;28:9
**lead (1)**
6:19
**least (5)**
7:21;10:3;38:1,19;
44:4
**leave (2)**
10:7;35:24
**left (1)**
21:17
**legal (4)**
8:1;9:8;26:17;38:2
**letter (3)**
24:16,17;26:13
**liability (3)**
14:9;17:6;38:8
**liable (2)**
23:15;24:19
**life (1)**
35:23
**likely (1)**
43:4
**line (8)**
6:23;8:11,15;11:12;
18:12;33:22;42:17,18
**lined (3)**
9:1;21:17;39:18
**lines (2)**
8:12;34:6
**list (7)**
6:4,5,13;21:6;36:4;
44:15;45:17
**listen (3)**

20:25;21:1;43:17
**listening (1)**
30:9
**litigation (1)**
38:24
**little (4)**
6:6;9:25;14:14;
44:21
**LLC (1)**
25:17
**LLCs (1)**
25:15
**logged (1)**
5:18
**long (1)**
14:11
**look (1)**
18:14
**loquitur (1)**
30:20
**lose (1)**
13:9
**loss (1)**
32:6
**lot (1)**
44:22
**low (1)**
6:5
**lower (2)**
40:15,16
**luck (3)**
20:23;28:13;41:2,9;
44:10
**lying (1)**
26:23

**M**

**ma'am (1)**
8:11
**machines (1)**
22:16
**mail (1)**
26:9
**makes (1)**
31:9
**making (1)**
41:22
**managers (1)**
32:3
**manner (1)**
8:18
**many (1)**
44:21
**MARCH (2)**
5:1;25:2
**Mark (5)**
6:9;12:15,16;33:22;
34:5
**marked (5)**
34:13,15,17,25;35:6
**Martha (2)**
6:12;42:10

massive (1)
32:2
**material (4)**
10:12;23:2;27:1;
31:16
**matter (12)**
5:4;8:23;11:8;19:6;
23:14;26:4;30:10,10;
38:1,2,2;43:1
**matters (4)**
7:8;19:8;34:9;38:24
**may (19)**
6:18;7:22;8:21;9:12;
12:1,3;14:16;20:25;
24:6;27:14,18,23;31:3,
16,25;32:10;33:8;
35:23;39:7
**maybe (9)**
10:12;19:9;20:2;
25:6,7;34:21;44:2,2,3
**mean (8)**
14:15;22:13;30:2,16;
31:13;34:15;43:20;
45:18
**meaning (1)**
23:13
**means (1)**
24:12
**meantime (1)**
17:10
**measure (1)**
29:17
**mediated (1)**
41:3
**mediating (1)**
38:19
**mediation (9)**
9:12,13,16;38:20,25;
39:3,24;41:5;43:22
**mediator (2)**
39:10,18
**meet (4)**
12:4;32:12,21;35:18
**meet-and-confer (1)**
34:20
**memorializing (1)**
16:4
**memorized (1)**
32:16
**merits (4)**
9:2;15:5,13;34:11
**messed (1)**
36:13
**method (1)**
34:22
**might (3)**
23:12,12,14
**Miller (8)**
6:12;44:15,16,16,18;
45:3,4,10
**Miller's (1)**
44:21
**mind (1)**

43:16
**mindful (1)**
27:6
**mini-mediation (1)**
38:23
**minute (1)**
24:2
**minutes (1)**
41:23
**miscommunication (1)**
17:3
**mistaken (1)**
10:22
**moment (2)**
5:7,16
**money (1)**
9:6
**Montali (1)**
5:6
**more (13)**
7:5,22;9:9;14:14;
16:14;19:18;22:15;
29:10;38:6;42:5;43:8;
45:1;46:2
**morning (10)**
5:5;6:20,24;19:19;
28:20,22;33:16,18;
36:9,10
**most (4)**
9:19,24;39:13,21
**motion (14)**
10:11;23:14;24:10;
25:3,20;31:1,9;32:9,23,
25;34:14,23;35:10,21
**move (4)**
10:17;16:1;17:4;
31:18
**moving (1)**
11:13
**much (6)**
28:13;33:5;36:2;
38:4;41:9;44:7
**multiple (1)**
35:7
**mute (6)**
5:11;8:11,12,15;
13:20,24
**muted (1)**
13:6
**myself (1)**
14:20

**N**

**name (5)**
5:19,23;6:25;7:1;
21:12
**narrow (4)**
12:6;14:15;15:17,19
**nature (2)**
17:5;32:4
**necessarily (1)**
8:2

**necessary (3)**
18:19;23:17;25:1
**need (3)**
5:22;7:10;8:7;9:2;
11:9;15:16;17:12;
19:22;20:14;27:6;
31:20,25;41:19
**needs (2)**
32:22;38:13
**negative (1)**
31:25
**negligence (1)**
14:9
**new (2)**
18:18;19:15
**next (19)**
7:25;9:1;15:18;23:9,
25;25:6,23;28:13,17;
32:2,7;33:9,14;36:4;
37:22;41:12;42:8;
44:15;45:13
**Nick (3)**
6:11;16:23;17:13
**Nicks (1)**
18:1
**night (1)**
43:2
**Nijem (15)**
6:11;16:24;17:13,21,
23,25,25;18:3,4,6,21;
19:3,7,20,24
**noises (1)**
5:13
**nonresponse (1)**
46:5
**normal (1)**
8:20
**Normally (2)**
25:15;27:2
**note (1)**
46:4
**notes (1)**
18:14
**notice (4)**
17:4;22:25;23:4;
46:5
**notified (1)**
22:4
**number (7)**
5:18,21,22;7:8;
40:16,17;41:25
**numbers (1)**
19:5

**O**

**oath (1)**
26:18
**objected (1)**
17:5
**objection (24)**
7:12;10:3,4,15,24;
11:16,17;12:1;16:23;

17:3,8;18:10,17,18;
19:15;20:4;30:12;38:6;
41:15;42:1,1;44:23;
45:8,8
**objections (3)**
5:15;11:20;46:6
**objector (1)**
38:7
**obviously (6)**
7:8;14:4;23:20;
34:13;42:3;43:19
**o'clock (5)**
32:20;33:6,7;35:25;
44:8
**off (6)**
16:8;17:17;19:17;
20:16;39:3,23
**offer (2)**
30:18;37:15
**offered (2)**
27:11;30:10
**omnibus (14)**
10:3,3,15,24;16:23;
17:8;18:9;20:4;32:12;
37:8;38:10;41:25;45:7,
24
**once (4)**
17:15,20;20:12;31:2
**one (29)**
9:4,25;14:7;17:6,11;
18:14;20:1,2;27:8,13;
29:10;31:7;33:19;34:2,
3;36:23;38:12,19;40:5,
9,13;42:10,14,24;
43:24;44:14,20;45:1;
46:2
**one-on-one (1)**
26:1
**ones (2)**
8:7;45:10
**one-third (1)**
21:8
**only (3)**
5:21;6:14;40:13
**on-site (1)**
34:16
**oOo- (1)**
5:2
**open (3)**
10:7;21:3;38:16
**opening (2)**
15:12;16:13
**opine (1)**
31:13
**opinion (1)**
38:22
**opponent (1)**
31:11
**opportunity (2)**
31:3,11
**oppose (1)**
23:7
**order (13)**

5:3;6:3,7;10:20,22;
16:3,15,17;38:9;39:1;
42:2;45:11;46:8
**others (1)**
6:15
**Otherwise (2)**
16:17;41:22
**out (18)**
7:17;10:20,21;14:18;
16:15;17:12;23:9;25:9;
31:19;33:9,22;34:6,21,
25;37:21,25;44:9;
46:15
**over (3)**
12:24;32:20;43:14
**overcome (1)**
30:17
**overdone (1)**
14:12
**overlook (1)**
25:16
**overlooked (1)**
46:13
**owe (2)**
9:5;24:13
**own (3)**
30:17;31:13;32:1
**owned (1)**
25:18

**P**

**Pacific (1)**
15:2
**paid (3)**
7:13,17,23
**papers (13)**
17:12;23:16;24:25;
25:5,6;27:2,10,13,25;
30:2,6;37:6;44:21
**Parada (1)**
13:11
**part (3)**
14:17;19:1;41:25
**participating (1)**
5:10
**participation (1)**
46:22
**particular (2)**
7:24;10:9
**parties (4)**
8:22;12:4;38:9;
39:10
**pay (1)**
30:18
**payment (1)**
19:13
**people (6)**
6:14;23:18;24:20;
26:23,25;43:14
**percent (1)**
18:7
**perfect (1)**

38:22
**perhaps (5)**
9:6;24:1;25:8;32:11;
39:13
**period (3)**
19:12;24:24;30:7
**person (2)**
34:24,24
**personal (1)**
28:25
**Peter (1)**
6:22
**PG (1)**
31:24
**PG&E (28)**
5:4;6:18;7:11;8:21;
11:16;13:12;14:19,19;
15:18;19:14;21:17,20;
23:10,15;24:10,12,22;
25:3;27:4;30:24;31:24;
33:21;34:16;36:13;
39:1,9;42:17;43:11
**PG&E's (5)**
6:1,2;22:25;25:9;
28:9
**phone (8)**
5:10,11;17:14;42:11;
44:9,16;45:14;46:3
**picking (1)**
39:9
**pinned-down (1)**
32:25
**pipeline (2)**
39:24;41:5
**place (3)**
9:13;38:23;39:8
**plan (2)**
10:9;17:8
**play (2)**
14:18;37:21
**pleadings (1)**
36:21
**please (3)**
8:10;17:24;32:9
**pleasure (2)**
35:13;40:2
**point (9)**
7:20;8:24;22:24;
24:12,21;32:4;37:16;
38:2;40:6
**points (1)**
26:25
**poles (1)**
32:2
**position (7)**
10:4;14:1;15:19,20,
20;26:17;42:24
**possibility (3)**
9:4;10:13;38:13
**power (6)**
11:5;29:1,14,24;
31:15;45:19
**practically (1)**

Case: 19-30088    Doc# 10461    Filed: 03/25/21    Entered: 03/25/21 11:58:18    Page 52
of 55

15:22
**preferred (1)**
34:22
**preliminary (3)**
5:7;9:11;30:24
**premises (1)**
29:25
**prepared (3)**
10:1;38:16;42:25
**present (1)**
32:6
**presentation (1)**
9:21
**presented (1)**
12:7
**previous (1)**
43:17
**prima (1)**
24:3
**prior (2)**
30:9,10
**privy (1)**
39:11
**probably (1)**
32:19
**problem (1)**
14:17
**procedure (1)**
38:5
**procedures (4)**
9:20;31:10;37:19;
38:11
**proceed (1)**
11:10
**proceedings (2)**
12:5;46:25
**process (4)**
20:11;39:6;40:8;
41:7
**produce (1)**
24:17
**proffered (1)**
36:23
**program (2)**
9:13;11:5
**project (1)**
32:2
**promptly (1)**
41:6
**pronouncing (1)**
21:12
**proof (1)**
38:11
**properly (1)**
45:4
**property (4)**
18:15;19:2;28:25;
36:14
**proposal (7)**
10:16;23:22;29:7;
32:8,18;34:2;44:3
**propose (3)**
23:25;24:5;32:10

**proposed (1)**
6:2
**prove (1)**
24:20
**proves (1)**
31:25
**provided (1)**
17:7
**pruning (1)**
36:14
**PSP (1)**
11:21
**PSPS (2)**
11:5;14:5
**public (1)**
11:5
**purpose (1)**
37:10
**purposes (1)**
19:16
**put (7)**
5:19;12:24;22:3;
24:1;32:20;39:1,3
**putting (3)**
10:8;39:23;43:14

**Q**

**quickly (2)**
7:23;31:18
**quite (1)**
14:12

**R**

**raise (1)**
43:4
**rather (1)**
9:8
**reach (3)**
17:9;18:17;39:19
**reached (4)**
7:16;11:11;20:10,15
**read (1)**
15:22
**ready (1)**
44:8
**really (2)**
15:1;32:5
**reason (3)**
9:6,13;15:11
**reasonable (1)**
24:24
**reasons (1)**
45:11
**rebut (1)**
24:21
**receive (2)**
28:8,9
**received (2)**
36:22;45:21
**recollections (1)**
27:1

**record (4)**
5:24;12:10;40:21,22
**records (2)**
31:24;34:16
**reference (1)**
36:21
**referred (2)**
9:16,22
**referring (1)**
27:9
**refile (1)**
18:18
**reflect (2)**
40:22;41:23
**reflection (1)**
11:9
**regarding (1)**
11:12
**reimbursement (1)**
19:5
**relate (2)**
11:4;31:15
**relying (1)**
26:19
**remember (1)**
27:4
**remotely (1)**
25:10
**reobject (1)**
17:10
**reorganized (3)**
6:22;11:4;22:3
**repair (1)**
18:12
**replaced (1)**
40:23
**reply (3)**
12:1,3;27:24
**report (1)**
36:24
**reported (3)**
11:7,9;16:19
**representation (1)**
25:17
**representing (1)**
28:19
**request (3)**
34:19;41:20;43:5
**res (1)**
30:19
**reschedule (1)**
23:1
**rescheduled (1)**
22:5
**rescheduling (1)**
24:18
**resolution (5)**
7:12,15;17:9;41:3;
44:1
**resolved (3)**
8:8;9:21;11:8
**respect (6)**
9:19;10:15;16:23;

17:9;20:4;40:6
**respond (6)**
23:15;24:24;25:4,21;
26:10;27:17
**response (8)**
9:8;10:6;14:1;15:20;
18:10;27:13,23;38:11
**rest (1)**
8:16
**result (1)**
38:19
**reverse (1)**
38:9
**review (1)**
28:12
**reviewed (1)**
10:1
**reviewing (1)**
17:3
**Rhonda (4)**
6:12;44:15,16;45:3
**Richard (1)**
28:20
**right (60)**
9:7;10:19,24,24;
11:1,6,22,24;12:8,17;
13:9,10,12,25;14:5,6;
15:5;16:12,12,21,25;
17:13;18:22;19:21,23;
20:1,5,8,23;21:4;
23:20;24:14,19;25:12;
26:5,6;28:11,17;29:1,4,
12;30:5,15;33:13,18,
25;36:4;39:6;41:23;
42:8,13,13,15,21;
43:12;44:15;45:1,3;
46:3,21
**roll (1)**
21:9
**roughly (2)**
18:23;42:21
**Rule (6)**
10:5,5,16;25:6;
29:12;43:9
**rules (3)**
27:5;31:10;37:1
**run (1)**
5:15
**running (1)**
22:16

**S**

**safety (1)**
11:5
**same (4)**
26:21;35:13,20;45:9
**SAN (1)**
5:1
**satisfied (1)**
44:4
**Saturday (1)**
27:11

**saw (2)**
6:24;7:1
**saying (3)**
35:6;38:8;43:25
**schedule (8)**
11:13;12:5,22,25;
21:25;32:25;35:22;
37:22
**schedules (1)**
8:24
**scheduling (1)**
11:14
**screen (1)**
5:19
**search (1)**
30:6
**second (8)**
17:11;18:14;27:8,13;
42:10,14;44:14,20
**securities (2)**
9:14;38:24
**seek (1)**
12:6
**seem (2)**
10:5;38:12
**seems (2)**
17:2;34:9
**send (2)**
9:12;28:2
**sent (1)**
43:2
**sequence (3)**
12:9;16:14;25:2
**serve (1)**
25:20;45:10;46:7
**served (2)**
45:4;46:5
**set (15)**
8:19;10:9;24:6,25;
25:1,8;31:20;32:11;
33:1;34:13,19;35:17;
38:13,16;46:15
**setting (1)**
24:5
**settle (3)**
19:11;23:7;26:2
**settleable (1)**
37:12
**settled (3)**
19:10;20:15;37:16
**settlement (7)**
17:2;18:18;19:13,14;
20:10,15;35:23
**settlements (1)**
43:21
**settling (2)**
37:10;38:14
**several (1)**
43:19
**sewage (1)**
18:24
**sharpen (1)**
15:17

Case: 19-30088    Doc# 10461    Filed: 03/25/21    Entered: 03/25/21 11:58:18    Page 53
of 55

**Shaw (6)**
6:11;41:12,13,14,21,
25
**Shaws (2)**
41:16;42:3
**short (1)**
19:12
**short-form (1)**
39:3
**shot (1)**
42:5
**show (5)**
23:4;24:12,14;35:1;
38:2
**showing (2)**
24:21,23
**shutoff (1)**
11:5
**side (4)**
9:4,5;16:5;32:24
**sides (1)**
39:19
**SILVEIRA (106)**
6:20,21,24;7:15;8:5,
17;9:18;10:14,25;11:2,
3,7,19,23,25;12:8,19,
25;15:24;16:12,18,22;
17:1,18;18:5,16;19:9;
20:1,3,8,10,14;21:5,7,
24;22:2,9;23:22,24;
24:4;26:1;27:11,24;
28:1;29:5,6,9,13,17,21,
23;30:5,12;31:7;32:8,
10,15;33:2,25;34:2,3,7;
35:11,15,17;36:1,17,
18;37:23,25;38:12,15,
21;39:5,14,22;40:1,3,5,
15,18;41:3,7,16,17,20;
42:2,7,23,25;43:10,24;
44:18,19,25;45:2,9,12,
16,21;46:1,4,10,14,16,
24
**simply (3)**
6:15;15:13;23:9
**single (2)**
36:21,23
**Sinkiewicz (24)**
21:10,11,14,22;
22:10,12,19,21,23;
24:9;25:12,24;26:6,9,
13,20;27:15,17,21;
28:2,5,7,11,15
**situation (1)**
42:14
**slightly (1)**
29:10
**smoothly (1)**
31:18
**so-called (1)**
10:5
**solely (1)**
25:18
**somebody (3)**

26:18;33:22;37:13
**somebody's (1)**
31:4
**Someone (5)**
8:13,14;28:18;33:14;
41:13
**sometime (1)**
19:16
**sometimes (1)**
26:25
**soon (2)**
6:5;7:14
**sorry (9)**
11:1;13:4,4,19;
17:25;18:14,14;29:22;
43:20
**sort (2)**
10:2;30:22
**sorts (1)**
43:21
**sounds (1)**
44:6
**speak (4)**
5:12,22;16:16;34:20
**speaking (3)**
8:10,11;17:24
**specific (3)**
5:15;7:24;9:9
**specifically (2)**
7:6;10:15
**specifics (1)**
45:19
**speed (1)**
39:15
**square (1)**
17:4
**staff (2)**
5:21;46:22
**stairs (1)**
19:1
**standby (1)**
14:2
**standing (1)**
22:16
**started (1)**
31:6
**state (2)**
12:10;21:15
**stated (1)**
15:19
**statement (1)**
26:18
**status (20)**
7:5;8:2,6,18;10:9;
11:10,14;12:4;15:18;
16:2,19;32:11,21;
34:20;35:18;37:1,3,5;
43:5,7
**stay (3)**
19:22;26:3;33:8
**still (5)**
11:20;13:7;25:10;
26:2;43:3

**stipulate (1)**
40:20
**stipulation (1)**
16:3
**stop (1)**
8:15
**straightforward (1)**
9:21
**stuck (1)**
21:18
**subject (1)**
29:4
**submit (1)**
42:2
**submitted (2)**
23:16;44:1
**substance (1)**
29:11
**successful (1)**
39:4
**suffered (1)**
31:14
**sufficient (3)**
24:8;39:13,21
**summarize (1)**
15:14
**summarized (2)**
10:4;16:6
**summary (17)**
10:11;22:8;24:3,11;
25:20;29:8;30:11,14;
31:1,8,9,20;34:4,14,18,
24;35:10
**superseded (1)**
40:16
**supervisors (1)**
34:16
**support (1)**
26:17
**supporting (4)**
17:7;35:7;44:23;
45:6
**supposed (1)**
25:16
**sure (8)**
7:3;14:17;18:7;19:4,
18;27:7;42:10,14
**surges (7)**
29:14,24;30:19,25;
31:16;32:3;45:19
**surviving (2)**
40:20,24
**suspect (1)**
42:6
**sustained (3)**
42:1;45:9;46:6
**sworn (1)**
26:18
**system (1)**
27:23

**T**

**tab (1)**
39:9
**table (1)**
10:2
**talk (1)**
44:10
**talking (2)**
5:12;37:22
**Telephone (2)**
15:2;25:8
**telephonic (1)**
42:4
**term (1)**
14:8
**terms (2)**
10:17;24:6
**testify (1)**
23:18
**Thanks (1)**
33:13
**that'll (1)**
32:14
**theories (2)**
8:1;15:9
**theory (2)**
14:3;22:11
**thirty (4)**
11:16;23:25;24:7,23
**though (2)**
7:6;29:12
**thought (4)**
6:25;14:8;17:2;37:7
**thousand (4)**
18:12,23,23;19:4
**three (4)**
7:18;25:4,21;26:12
**thrust (1)**
21:20
**timeline (1)**
7:17
**timing (2)**
7:21;23:23
**today (30)**
5:17;6:14,19;7:5,22;
8:3,4;10:2;11:10,16;
15:12;17:4,18;19:
20:16;21:6;22:22;23:8;
25:2;26:5;29:4;32:24;
33:15;36:5;37:20;44:5,
17;45:5,14;46:13,17
**today's (4)**
7:9;17:16,19;19:16
**Todd (2)**
6:8;28:17
**track (2)**
5:23;16:6
**Tracy (3)**
6:11;16:23;17:25
**traditional (1)**
8:18
**training (1)**
26:17
**treat (4)**

35:11,13;43:7;45:9
**treated (3)**
40:16,23;45:10
**treating (1)**
44:4
**tree (1)**
36:14
**trees (1)**
36:14
**tress (1)**
36:14
**trial (7)**
23:17;25:7,9;31:21;
35:22;38:13,17
**tried (1)**
42:3
**truthful (1)**
26:24
**try (3)**
23:9;38:19;39:18
**trying (6)**
13:15;14:20;15:22;
23:19;31:17;41:2
**tuned (1)**
33:8
**twelve (2)**
10:2;21:5
**two (10)**
7:17;10:20,23;16:5,
8,18;18:11;29:3;32:21;
40:6

**U**

**Um-hum (1)**
26:20
**under (6)**
10:23;24:11;26:18;
31:10;37:1,17
**underground (2)**
33:22;42:18
**undergrounding (1)**
21:19
**understood (2)**
18:5,7
**underway (1)**
39:12
**undisputed (1)**
34:14
**unfinished (1)**
46:19
**unfortunately (1)**
6:5
**universe (1)**
14:4
**UNLAW (1)**
14:9
**unless (7)**
7:2;16:7,14;22:24;
27:3;35:12;38:13
**unsuccessfully (1)**
39:4
**unsupported (2)**

Case: 19-30088    Doc# 10461    Filed: 03/25/21    Entered: 03/25/21 11:58:18    Page 54
of 55

45:17,25
**up (20)**
  9:1;14:23;15:15,22;
  16:16;17:4;20:21,24;
  21:17;24:2;30:20;
  33:14;35:8;36:14;39:9,
  15,18,25;40:7;41:3
**upcoming (1)**
  32:17
**update (1)**
  20:12
**Upon (3)**
  11:8;14:4;25:5
**use (3)**
  14:8;39:21;43:5
**used (1)**
  13:19
**using (3)**
  9:20;13:20,24
**utilities (1)**
  14:9

**V**

**various (1)**
  45:17
**verbiage (1)**
  14:13
**verbose (1)**
  14:12
**view (3)**
  7:20;12:8;24:12

**W**

**wait (3)**
  6:16;24:2;43:20
**waste (1)**
  35:9
**wasting (1)**
  31:19
**way (11)**
  14:9,24;17:12;34:9;
  35:11,12,14;38:4;
  39:13;44:5;45:9
**Weaver (13)**
  6:11;20:4,5,7,9,11,
  13,17,22,25;21:2;36:7,
  7
**WEDNESDAY (1)**
  5:1
**weeks (4)**
  7:18;25:4,21;26:12
**welcome (3)**
  20:23;25:25;26:1
**well-taken (1)**
  46:6
**weren't (1)**
  14:19
**What's (12)**
  16:25;25:13;26:15,
  15;27:4;29:7,11;34:1;
  35:13;39:9,11;42:23

**Wheeler (34)**
  6:10;36:4,5,8,8,8,9,
  11,11,11,12,15,19;
  37:3,7,10,11,18;38:18,
  20;39:1,2,7,20,25;40:2,
  8,10,12,14,21;41:1,9,
  11
**Wheeler's (1)**
  40:6
**Whereupon (1)**
  46:25
**who's (1)**
  5:23
**wife (1)**
  19:11
**willing (3)**
  9:23;31:17;40:19
**winning (1)**
  14:24
**wish (1)**
  41:2
**wishes (1)**
  32:20
**withdraw (3)**
  17:8;18:17;44:2
**withdrawn (2)**
  7:11,16
**within (2)**
  11:20;19:12
**without (4)**
  23:8;32:5;39:10;
  45:18
**Wood (4)**
  6:8;33:14,15,17
**words (4)**
  24:16;35:2,4;37:2
**work (7)**
  21:18,19;22:5;34:21;
  42:17,18;43:15
**working (2)**
  32:2;42:17
**works (1)**
  11:13
**writing (3)**
  24:23,24;25:4
**written (4)**
  16:4;18:10,10;23:3
**wrote (1)**
  37:23

**Y**

**Yep (1)**
  43:23
**yesterday (6)**
  6:2;11:9,11;36:22;
  37:23;41:21

**Z**

**Zoom (2)**
  33:9;44:9

**1**

**10 (6)**
  13:13;32:20;33:6,7;
  35:25;44:8
**14 (2)**
  10:5,16
**14th (7)**
  12:1,3;27:14,18,18,
  21,23
**15th (6)**
  11:15;12:4,20,24;
  13:12;16:2
**16 (2)**
  10:5;43:9
**16,000 (1)**
  42:20
**1722 (1)**
  41:25
**18,000 (2)**
  14:2;18:13

**2**

**2 (3)**
  10:5,5;29:12
**20- (1)**
  18:24
**20,000 (2)**
  21:16;24:13
**2021 (1)**
  5:1
**21st (1)**
  32:10
**23,000 (1)**
  18:15
**23,500 (1)**
  19:1
**23rd (2)**
  11:15;27:12
**24 (1)**
  5:1
**24th (5)**
  25:2,3,19;26:12;
  27:11
**25- (1)**
  15:10
**25,000 (2)**
  15:6,9
**27,000-dollar (1)**
  33:20
**28th (9)**
  32:12,14,20,24;33:6;
  35:18,24;43:7;44:8

**3**

**31,000 (2)**
  36:13;40:25
**31,020 (2)**
  40:9,25
**37,000 (1)**

28:24

**7**

**7,375 (1)**
  44:24
**79932 (2)**
  40:7,23

**8**

**80179 (3)**
  40:7,20,23
**818 (2)**
  6:8;21:10

Case: 19-30088   Doc# 10461   Filed: 03/25/21   Entered: 03/25/21 11:58:18   Page 55
of 55