**BROWN RUDNICK LLP**
Joel S. Miliband (SBN 077438)
(JMiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

**BROWN RUDNICK LLP**
David J. Molton (SBN 262075)
(DMolton@brownrudnick.com)
Seven Times Square
New York, New York 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

*Attorneys for Fire Victim Trustee*

**COTCHETT, PITRE & McCARTHY, LLP**
Frank M. Pitre (SBN 100077)
(fpitre@cpmlegal.com)
Mark C. Molumphy (SBN 168009)
(mmolumphy@cpmlegal.com)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697 0577

*Special Counsel for Fire Victim Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION<br><br>-and-<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>                   Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>Adv. Pro. 21-03012<br><br>San Francisco Superior Court<br>Case No. CGC-21-590296 |
| JUSTICE JOHN TROTTER (RET.), TRUSTEE OF THE PG&E FIRE VICTIM TRUST,<br><br>                   Plaintiff,<br><br>                   v.<br><br>PG&E CORPORATION, PACIFIC GAS & ELECTRIC COMPANY, ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, ENERGY INSURANCE MUTUAL LIMITED, NORTH AMERICAN SPECIALTY INSURANCE COMPANY, GREAT LAKES REINSURANCE (UK) SE, ENDURANCE | **DECLARATION OF FRANK M. PITRE IN SUPPORT OF FIRE VICTIM TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ABSTAINING FROM HEARING REMOVED ACTION AND REMANDING TO STATE COURT**<br><br>Date:   April 20, 2021<br>Time:  9:30 AM (Pacific Time)<br>Place: **Via Zoom Webinar**<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 98102<br><br>Objection Deadline: April 13, 2021<br>                     4:00 p.m. (Pacific Time) |

| | |
|---|---|
| RISK SOLUTIONS ASSURANCE COMPANY, BERKLEY INSURANCE COMPANY, AMERICAN INTERNATIONAL REINSURANCE COMPANY, LTD., ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, LIBERTY INSURANCE UNDERWRITERS, INC., STARR INDEMNITY & LIABILITY COMPANY, U.S. SPECIALTY INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, BARBICAN MANAGING AGENCY LIMITED, TWIN CITY FIRE INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, HOUSTON CASUALTY COMPANY, and DOES 1-20, inclusive,<br><br>                    Defendants. | |

I, Frank M. Pitre, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my personal knowledge and belief:

1. I am an attorney at law admitted to practice law before all courts in the State of California and in the United States District Court for the Northern District of California. I am a partner at Cotchett, Pitre & McCarthy LLP ("**CPM**"). CPM was engaged by the Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**") to prosecute certain claims and causes of action relating directly or indirectly to any of the 2017 North Bay Fires or 2018 Camp Fire that PG&E Corporation and Pacific Gas and Electric Company (collectively, the "**Debtors**" or "**Reorganized Debtors**") have against their former directors and officers (the "**D&O Claims**"), which claims were assigned to the Trust for the benefit of its beneficiaries. Prior to CPM's engagement by the Trust, I served as a member of the Tort Creditor's Committee and was actively engaged in the negotiations which led to the resolution of the Fire Victims' claims against the Debtors. The facts set forth below are based on my direct personal involvement in the events set forth and fell within the scope of my responsibilities assigned by the Trust.

///

2

Case: 19-30088   Doc# 10472-1   Filed: 03/29/21   Entered: 03/29/21 18:23:48   Page 2 of 5

2. The Trust's recovery from the D&O Claims is limited solely to the extent of any director and officer insurance policy proceeds paid by any insurance carrier (all such carriers, collectively, the "**Insurance Carriers**") to reimburse the Reorganized Debtors for amounts paid pursuant to their indemnification obligations to such former directors and officers (the "**Side B Insurance Coverage**"). The Side B Coverage is one of three silos of coverage under the director and officer liability policies of the Debtors (the "**D&O Policies**").

3. Pursuant to CPM's engagement by the Trust, CPM serves as co-counsel for the Trust in related actions filed in the Superior Court of California for the County of San Francisco (the "**State Court**"), with the lead case entitled, *John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust v. Williams et al.*, Case No. CGC-17-562591 (the "**D&O Actions**"). The D&O Actions are assigned for all purposes to State Court Judge Andrew Y.S. Cheng.

4. The Reorganized Debtors commenced an arbitration with the Insurance Carriers to resolve disputes regarding the scope of insurance coverage provided by the D&O Policies for claims against Officers and Directors of the Debtors during the 2017 and 2018 policy periods, including the shareholder derivative claims (the "**Arbitration**"). A hearing has been set in the Arbitration for April 30, 2021.

5. On behalf of the Trustee and Trust, I requested that the Trust be allowed to intervene and participate in the Arbitration since the D&O Policies are the sole source of the Trust's recovery for the D&O Claims. I was informed by James Brandt of Latham & Watkins, counsel the Reorganized Debtors, that the Arbitration Panel denied my request for the Trust to intervene and participate in the Arbitration. Despite repeated requests, I have not to this date received any written ruling articulating the Arbitration Panel's basis for denying the Trust's request to intervene and participate in the Arbitration.

6. On March 17, 2021, I caused a *Complaint for Declaratory Relief Pursuant to California Civil Code Section 1060*, Case No. CGC-21-590296 (the "**Declaratory Relief Action**") to be filed on behalf of the Trust in State Court.

7. The Declaratory Relief Action seeks judicial declarations that: (1) the Trust is an indispensable party to any current or future arbitrations and/or judicial proceedings between the

Reorganized Debtors and the Insurance Carriers regarding insurance issues, including the amount of insurance available from the Insurance Carriers for claims related to damages arising from the separate 2017 North Bay Fires and 2018 Camp Fire; (2) requiring the Reorganized Debtors and the Insurance Carriers to permit the Trust to participate in any arbitration, judicial proceedings and/or mediation that seeks to determine the nature, extent, or amount of available insurance coverage available from the Insurance Carriers (or any other limitations on coverage) for claims asserted against the former officers and directors arising from the separate 2017 North Bay Fires and 2018 Campfires; (3) enjoining the Reorganized Debtors and the Insurance Carriers from participating in the arbitration hearing presently set for April 30, 2021 unless the Trust is permitted to participate and directing all the Reorganized Debtors and the Insurance Carriers to the State Court to resolve ongoing and future disputes pertaining to insurance coverage, or in the alternative, a declaration permitting the Trust to participate in the arbitration hearing presently set for April 30, 2021.

8. On March 18, 2021, I attended a case management conference for the D&O Actions in State Court. I advised Judge Cheng that the Trust had filed the Declaratory Relief Action and that the Trust intended to file an *ex parte* application for a temporary restraining order to temporarily delay the Arbitration until such time as the Court is able to hear a fully-noticed motion for preliminary injunction to compel the Trust's participation in the arbitration pursuant to California law.

9. Counsel for the Reorganized Debtors also appeared at the case management conference, confirmed that the Reorganized Debtors did not object to expedited consideration of the Trust's *ex parte* application for a temporary restraining order, but advised the Court that the Reorganized Debtors intended to remove the Declaratory Relief Action to this Court.

10. In response to the foregoing information, Judge Cheng set a March 25, 2021 deadline for the parties to either (1) advise the Court if the Declaratory Relief Action had been removed or (2) submit 5-page letter briefs addressing the *ex parte* relief sought in State Court.

11. If this Court does find that it has subject matter jurisdiction over the Declaratory Relief Action (which we dispute and do not concede), I respectfully submit that all relevant factors support abstention by this Court and remand to State Court in this matter, to wit: (i) the Trust has filed this motion at its earliest opportunity—immediately after being served with Notice of Removal; (ii) the

underlying Declaratory Relief Action asserts a single California state law claim for declaratory relief and is based on resolution of purely state law, including interpretation of the contracts that comprise the D&O Policies and whether the Trust is an indispensable party in a dispute as to those D&O Policies between the insurers and the insureds under established California law; (iii) the Declaratory Relief Action is a non-core proceeding; (iv) there is no federal question involved in the Declaratory Relief Action and the citizenship of the parties does not create diversity jurisdiction; (v) the Declaratory Relief Action was filed in the California Superior Court, which is a state forum of appropriate jurisdiction; and (vi) the Declaratory Relief Action can be timely adjudicated in the State Court.

12. Importantly, with respect to the timely adjudication of the Declaratory Relief Action, Judge Cheng set an expedited schedule to consider relief as soon as he was informed of the April 30, 2021 arbitration hearing and PG&E's counsel agreed to expedited consideration.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct and that this declaration was executed at Burlingame, California, on March 29, 2021.

/s/ Frank M. Pitre
Frank M. Pitre