March 24, 2021



TO
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

PG&E CORPORATION
-and-
PACIFIC GAS AND ELECTRIC COMPANY,

Bankruptcy Case No. 19-30088 (DM)

**RESPONSE TO**
**NOTICE OF REORGANIZED DEBTORS' SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY / PASSTHROUGH CLAIMS)**

**Proof of Claim**
Boris V Jacoubowsky, Jr
Barbara Jacoubowsky
Claim # 78854
$415.00

**Explanation:**
Smart Meter opt-out fees charged to our PG&E customer account

**Statement:**
Our claim is not an "ordinary and customary" customer billing item. We have a special type of billing claim dispute that rises on the fact that I am disabled, and unlawful charges were placed on the household account that interfered with my disabled accommodation. Those unlawful charges were surcharges that are not allowed under the ADA/ADAA and FHAA.

This is a meritorious disabled rights claim that was never resolved. It should be resolved by a full and complete refund

Closing my claim would be yet another burden, abrogating my civil rights.

Please ensure that my rights are protected.

Please see Attachment A in support of our position.

I, Nina Beety, declare under penalty of perjury that I have personal knowledge of the relevant facts that support this response.

I have authority to reconcile, settle, or otherwise resolve the Omnibus Objection

*Nina Beety* (signature)

Nina Beety
Representative for
Boris V. Jacoubowsky, Jr.
Barbara Jacoubowsky
277 Mar Vista Dr.
Monterey, CA 93940
831-655-9902

March 24, 2021

Attachment
2019 letter requesting disabled accommodation

# Attachment

October 7, 2019

Designated ADA Ombudsman
Pacific Gas and Electric
77 Beale St.
P. O. Box 770000
San Francisco, CA 94177

Service address: 277 Mar Vista Dr. Monterey
Account number: 0489224993-1
Account name: Boris V. Jacoubowsky Jr.
Barbara Jacoubowsky

Subject: ADA/Fair Housing accommodation/modification request

To Pacific Gas and Electric Company:

I request disabled accommodation under the Americans with Disabilities Act/Fair Housing.

I am disabled by electromagnetic sensitivity. The EMF-emissions from your company's Smart/AMI meters cause me disabling health effects. My doctor has advised avoidance of RF-EMF-emitting technology including the type of exposure from near proximity of your EMF emitting invoicing tools. I request that PG&E modify its policies.

This is to formalize requests I've made to PG&E since 2010. In approximately 2010, I requested by phone to PG&E customer service as a person disabled by electromagnetic sensitivity an analog electromechanical non-transmitting gas and electric meter for my family's home where I reside and also for the neighbors in proximity to my home. When a "delay" list was created, I called and put our family on that list. However, at no time, did PG&E personnel address my requests or grant me disabled accommodation. Approximately 2011, PG&E began installing in my neighborhood and on my immediate neighbors' homes. I had to physically block a PG&E worker to stop EMF-emitting invoicing tools from being installed on my immediate neighbors' homes.

I experienced increased disabling health effects as EMF-emitting invoicing tools were installed around my neighborhood. In 2012, when the CPUC granted an opt-out, my family was forced to choose between "opting out" or being disconnected from electricity. They enrolled in the program and paid "opt-out" fees under duress. At that time, many neighbors who had previously refused EMF-emitting invoicing tools on their homes were forced to pay to "opt-out", and as a result, accepted EMF-emitting invoicing tools on their homes, increasing my exposure and disability.

At no time did PG&E respond to my request for accommodation. Instead, I was slandered, and my character was defamed for exercising my free speech rights.

I was fortunate that the neighbor behind our home also "opted out". However, after he put the house up for sale approximately 2012-2013 and then it sold, I suddenly began experiencing worsening disability for which I had no explanation. After two weeks without relief, I walked up to his house and discovered that PG&E had installed an EMF-emitting invoicing tool on the house, and it faces my bedroom.

My complaint is an ADA/Fair Housing issue. PG&E personnel should have put an ADA/Fair Housing flag on my family's account, and PG&E's ADA coordination with Fair Housing should have speedily contacted me and resolved this situation. PG&E has failed to follow proper procedures with me, and failed to install a proper policy to deal with an EMS-disabled customer per Access Board recommendations, harming me by doing so. PG&E mis-categorized our account and improperly charged my family an opt-out fee as if we were a regular customer account.

Therefore, P&GE has discriminated against me and acquired the liability of violating federal statutes, interfering with my equal protections under the law, while also acquiring a liability for my compensation for personal injury, including pain and suffering. The present actual cost to my family alone is $415., and this amount may be up to 13 times more according to what accommodation should have been given to me. You are required to turn over this liability to bankruptcy court.

This pattern of failure to acknowledge or formalize my disabled needs is an ongoing and imminent threat to my health and well-being and my rights under the Americans with Disabilities Act/Fair Housing and interferes with my doctor's treatment plan for me. On this basis, therefore, and on the assertion of my disabled rights, I request reasonable accommodation that you:
1. Send me written acknowledgement of my disabled status in your files and confirm that the present meters are, and will remain as, mechanical, non-digital analog meters. Put a flag on me and my address so that this accommodation will follow me wherever I reside within your service territory and for any subsequent new owners of the company.
2. Refund the "opt-out" fees improperly charged to my family.
3. Replace the neighbors' meters, using the same manual-read non-digital mechanical measuring practice on properties which touch me or are immediately adjacent and refund opt-out fees paid as an improper surcharge fee.
4. Ensure that other PG&E EMF-emitting device under your control have not been placed in similar proximity, and if so, remove and replace them with a manual read, or relocate them.
5. Put a flag on my address regarding similar tools or field activities that will follow me and my address.

It is urgent that a dialogue can be opened to resolve this matter. Wireless and digital meters substantially exacerbate my condition and constitute a barrier to access to the use and enjoyment of my home. As such, I take very seriously any failure to resolve this matter as a violation of the Americans with Disabilities Act/Fair Housing and a violation of State rules for equivalent enforcement of the ADA/Fair Housing under local statutes.

Please contact me via someone with authority and knowledge to effect a meaningful dialogue under the state and federal rules and to effect a reasonable and swift resolution of this matter. I have all the proper medical qualifications that I am "actually" disabled by Electromagnetic Sensitivities, a condition formally recognized at ADA.gov's policy arm, The Access Board (https://www.access-board.gov/research/completed-research/indoor-environmental-quality). I am requesting accommodation and the modification of your policy and immediate contact about how you intend to proceed for the resolution of this issue.

Enclosed is my doctor's letter for your information and for your files. Please call me if you need something more specific.

If Pacific Gas and Electric Company does not respond promptly with a policy modification and an achievable solution for me, I will immediately file a civil rights complaint at the State office empowered to enforce disabled access and rights.

Sincerely


Nina Beety
nbeety@netzero.net

Enclosed:
Doctor's letter
PG&E opt-out form and letter from account holder
Initial bill with $75. charge

Mr. and Mrs. Boris Jacoubows
277 Mar Vista Dr
Monterey, CA 93940

SAN JOSE CA 950
24 MAR 2021 PM 1 L

RECEIVED
MAR 30 2021
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

United States Bankruptcy Court
Northern District of California —
San Francisco Division
450 Golden Gate Ave. 18th Floor
San Francisco, CA
94102

94102-342818



Case: 19-30088    Doc# 10477    Filed: 03/30/21    Entered: 03/30/21 13:49:45    Page 7 of 7