KELLER BENVENUTTI KIM LLP
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
David Taylor (#247433)
(dtaylor@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

DUANE MORRIS LLP
Marcus O. Colabianchi (#208698)
(MColabianchi@duanemorris.com)
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415 957 3101
Fax: 415 723 7402

*Attorneys for Reorganized Debtors*

*Counsel for the Chubb Companies*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19 -30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**STIPULATION FOR AGREED ORDER BETWEEN THE CHUBB COMPANIES AND THE DEBTORS REGARDING CERTAIN CLAIMS OF THE CHUBB COMPANIES** |

        This Stipulation (the "Stipulation") is entered into by and between PG&E Corporation

and Pacific Gas and Electric Company (together, the "Reorganized Debtors"), and ACE American

Insurance Company, Federal Insurance Company, Illinois Union Insurance Company, Indemnity

Insurance Company of North America, Westchester Fire Insurance Company, Executive Risk

Indemnity Inc., and Vigilant Insurance Company (together with each of their respective U.S.-based

affiliates, the "Chubb Companies," and, collectively with the Reorganized Debtors, the "Parties"), by

and through their undersigned counsel, providing for the withdrawal of the Chubb Proofs of Claim

(as defined herein) which were filed in the Debtors' bankruptcy cases, and which are more specifically

described below.

## **RECITALS**

A. On January 29, 2019 (the "<u>Petition Date</u>"), the Debtors[1] filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Northern District of California (the "<u>Court</u>").

B. Prior to the Petition Date, ACE American Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Westchester Fire Insurance Company (together with their U.S.-based affiliates and successors, the "<u>ACE Companies</u>") issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "<u>ACE Policies</u>") to the Debtors, or their predecessors, as named insureds.

C. Pursuant to the ACE Policies (together with any agreements related thereto, the "<u>ACE Insurance Program</u>"), the ACE Companies provide, *inter alia*, certain general liability, agency domestic, excess commercial crime, umbrella, directors and officers, property, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the ACE Companies certain amounts, including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (the "<u>ACE Program Obligations</u>").

D. Prior to the Petition Date, Federal Insurance Company, Executive Risk Indemnity Inc., and Vigilant Insurance Company (together with their U.S.-based affiliates and successors, the "<u>Federal Companies</u>") issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "<u>Federal Policies</u>" and, together with the ACE Policies, the "<u>Policies</u>") to the Debtors, or their predecessors, as named insureds.

---

[1] Capitalized terms used herein and not defined shall have the meaning given to such terms in the Plan (as defined herein).

E.      Pursuant to the Federal Policies (together with any agreements related thereto, the "Federal Insurance Program," and collectively with the ACE Insurance Program, the "Insurance Programs"),[2] the Federal Companies provide, *inter alia*, certain crime, excess crime, environmental, fiduciary, general liability, inland marine, mail insurance, umbrella, directors and officers, excess, export package, pollution liability, and certain other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein; and the insureds, including one or more of the Debtors, are required to pay to the Federal Companies certain amounts, including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Federal Insurance Program (the "Federal Program Obligations," and collectively with the ACE Program Obligations, the "Obligations").[3]

F.      The Obligations are payable over an extended period of time and are subject to future audits and adjustments.

G.      The last day for creditors and parties-in-interest to file claims against the Debtors was October 21, 2019 at 5:00 p.m. Pacific Time (the "Bar Date") [Docket No. 2806].[4]

H.      Prior to the Bar Date, ACE American Insurance Company, Federal Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Westchester Fire Insurance Company, Executive Risk Indemnity Inc., and Vigilant Insurance Company each timely filed proofs of claim (collectively, the "Chubb Proofs of Claim")[5] against each of the Debtors for Claims (as defined in the Chubb Proofs of Claim) arising under insurance policies

---

[2] The descriptions of the Insurance Programs set forth herein are not intended to, and shall not be deemed to, amend, modify or waive any of the terms or conditions of the Insurance Programs.  Reference is made to the Insurance Programs for a complete description of their terms and conditions.

[3] The Obligations include both monetary and non-monetary obligations that the insureds, including one or more of the Debtors, may have.

[4] This deadline was later extended for certain non-governmental Fire Claimants (as defined in the October 21, 2019 Bar Date order [Docket No. 2806]) [Doc. No. 4672] and subsequently for certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages [Docket No. 5943].

[5] For the avoidance of doubt, the Chubb Proofs of Claim include only those claims specifically listed in Recital I hereof, and do not include any other claims that may have been filed on behalf of the Chubb Companies and/or their affiliates, which other claims are not subject to this Stipulation.

1  and related agreements.[6]

2       I.     The Chubb Proofs of Claim are the following:

3              1.     ACE American Insurance Company filed proof of claim numbers 79709
4                     and 78055;

5              2.     Illinois Union Insurance Company filed proof of claim numbers 78048
                      and 78445;
6
7              3.     Indemnity Insurance Company of North America filed proof of claim
                      numbers 78250 and 77966;
8
9              4.     Westchester Fire Insurance Company filed proof of claim numbers
                      77846 and 78116;
10
11             5.     Federal Insurance Company filed proof of claim numbers 79708 and
                      78060;
12
13             6.     Executive Risk Indemnity Inc. filed proof of claim numbers 79911 and
                      78724; and
14
15             7.     Vigilant Insurance Company filed proof of claim numbers 77948 and
                      80150.

16       J.     On September 9, 2019, the Debtors filed *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 3841] (the "Initial Plan").

17       K.     The Initial Plan was amended several times, and on June 19, 2020, the Debtors

18  and the Shareholder Proponents (as defined therein) filed *Debtors' and Shareholder Proponents' Joint*

19  *Chapter 11 Plan of Reorganization Dated June 19, 2020* (the "June 19, 2020 Plan") [Docket No.

20  8048] and the *Notice of Filing of Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of*

21  *Reorganization Dated June 19, 2020* [Docket No. 8049].

22       L.     On June 20, 2020, the Court entered the *Order Confirming Debtors' and*

23  *Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No.

24  8053] (the "Confirmation Order"), which approved the June 19, 2020 Plan, as modified by the

25  Confirmation Order (the "Plan").

26       M.     With respect to the Debtors' Insurance Policies, the Plan provides that:

27              All Insurance Policies (including all D&O Liability Insurance

28

---

[6] The insurance policies and related agreements are more particularly described in the Filed Prepetition Claims.

Policies and tail coverage liability insurance), surety bonds, and indemnity agreements entered into in connection with surety bonds to which any Debtor is a party as of the Effective Date shall be deemed to be and treated as executory contracts and shall be assumed by the applicable Debtors or Reorganized Debtor and shall continue in full force and effect thereafter in accordance with their respective terms.

N.   On July 1, 2020, the Effective Date of the Plan occurred.  [*See* Docket No. 8252].

O.   On the Effective Date, the Insurance Programs were assumed by the Reorganized Debtors, pursuant to the Plan.

P.   In light of the treatment of the Insurance Programs under the Plan, the Parties hereby wish to stipulate to the withdrawal of the Chubb Proofs of Claim listed in Recital I, above (and, for the avoidance of doubt this Stipulation does not relate to any other claims filed on behalf of the Chubb Companies and/or their affiliates).

### **STIPULATION**

**NOW**, **THEREFORE,** the Parties hereby **STIPULATE AND AGREE** as follows:

1.   **Incorporation.**  The Recitals set forth above are incorporated herein as though fully set forth at length.

2.   **Stipulation Effective Date.**  This Stipulation shall be effective upon the date the order approving this Stipulation (the "Consent Order") becomes a final, non-appealable order that is not subject to an appeal (the "Stipulation Effective Date").

3.   **Stipulated Withdrawal.**  Upon the Stipulation Effective Date, the Chubb Proofs of Claim shall be deemed withdrawn (the "Stipulated Withdrawal").  The Clerk of the Court and the Solicitation Agent are hereby authorized to reflect the Stipulated Withdrawal on the docket and claims register for the above-referenced case or any affiliated case of a Reorganized Debtor.

4.   **No Alteration.**  Nothing herein shall alter the Insurance Programs, the Plan, the Confirmation Order, or any other document, agreement, or order.

5.   **Construction.**  For purposes of construction, this Stipulation shall be deemed to have been jointly drafted by the respective Parties and their counsel, and any rule of construction

1 of contracts that would otherwise provide that ambiguities are to be construed against the drafting

2 party shall not be applied against any Party.

3        6.   **No Amendment or Modification.**  This Stipulation shall not be modified,

4 altered, or amended without the prior written consent of all Parties hereto.

5        7.   **Representations and Warranties.**  Each person signing this Stipulation

6 represents and warrants that he or she has been duly authorized and has the requisite authority to

7 execute and deliver this Stipulation on behalf of such party and to bind his or her respective Party to

8 the terms and conditions of the Stipulation. All representations, warranties, inducements, and/or

9 statements of intention made by the Parties that relate to this Stipulation are embodied in the

10 Stipulation, and none of the Parties relied upon, will be bound by or will be liable for any alleged

11 representation, warranty, inducement or statement of intention that is not expressly set forth in this

12 Stipulation.

13        8.   **Counterparts.**  This Stipulation may be executed in counterparts, each of

14 which when so executed shall be deemed to be an original and all of which when taken together shall

15 constitute one and the same Stipulation.  Delivery of an executed counterpart of a signature page of

16 this Stipulation by telecopy shall be as effective as delivery of a manually executed copy of this

17 Stipulation.

18        9.   **Entire Agreement**. This Stipulation constitutes the entire agreement

19 between the Parties with respect to the matters addressed herein and may not be modified except in a

20 writing signed by the parties.

21        10.   **Headings.**  The underlined headings of the paragraphs contained in this

22 Stipulation are inserted for convenience only and shall not affect the meaning or interpretation of this

23 Stipulation or any provision hereof.

24

25

26

27

28

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed as of the day and year written below.

Dated: April 1, 2021                          Dated: March 23, 2021

KELLER BENVENUTTI KIM LLP          DUANE MORRIS LLP

*/s/ Peter J. Benvenutti*                      */s/ Marcus O. Colabianchi*
Peter J. Benvenutti                            Marcus O. Colabianchi

*Counsel for Reorganized Debtors*          *Counsel for the Chubb Companies*