

1

2  WEIL, GOTSHAL & MANGES LLP
Richard K. Slack (*pro hac vice*)
(richard.slack@weil.com)
3  Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
4  Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
5  New York, NY 10153-0119
Tel:    (212) 310-8000
6  Fax:   (212) 310-8007

7  KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
8  (tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
9  (pbenvenutti@kbkllp.com)
Jane Kim (#298192)
10 (jkim@kbkllp.com)
650 California Street, Suite 1900
11 San Francisco, CA 94108
Tel:    (415) 496-6723
12 Fax:   (650) 636-9251

13

14 *Attorneys for Debtors and*
*Reorganized Debtors*

15

**Signed and Filed: April 5, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

16              UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF CALIFORNIA
17                      SAN FRANCISCO

18  **In re:**                                    Case Nos. 19-30088 (DM) (Lead Case)
                                                  (Jointly Administered)
19  **PG&E CORPORATION,**
                                                  **ORDER FURTHER EXTENDING**
20        - and -                                 **DEADLINE FOR THE REORGANIZED**
                                                  **DEBTORS TO OBJECT TO CLAIMS AND**
21  **PACIFIC GAS AND ELECTRIC**                  **GRANTING RELATED RELIEF**
    **COMPANY,**
22

23              **Debtors.**

24  ☐ Affects PG&E Corporation
25  ☐ Affects Pacific Gas and Electric Company
    ☒ Affects both Debtors
26
    * *All papers shall be filed in the Lead Case, No.*
27  *19-30088 (DM).*

28

Upon the Motion, dated March 17, 2021 (the "**Motion**")[1] of PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (together, the "**Debtors**" or the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), in accordance with Section 7.1 of the Plan, sections 105(a) and 1142 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order extending the deadline for the Reorganized Debtors to object to claims by an additional one hundred eighty (180) days, through and including December 23, 2021, without prejudice to the Reorganized Debtors' right to seek additional extensions thereof; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and a hearing having been held on the Motion; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the McWilliams Declaration submitted in support thereof; and the Court having issued a tentative ruling with respect to the Motion on April 3, 2021 (the "**Tentative Ruling**"); and the Reorganized Debtors having accepted the Court's Tentative Ruling; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The deadline for the Reorganized Debtors to object to Claims under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is further extended by one hundred

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to such terms in the Motion, the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"), or the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**"), as applicable.

eighty (180) days, through and including December 23, 2021, without prejudice to the right of the Reorganized Debtors to seek additional extensions thereof.

3.    Consistent with the Plan and the Confirmation Order, the Debtors and Reorganized Debtors shall have no obligation to object to Fire Victim Claims or Subrogation Wildfire Claims, nor shall any such non-objection constitute an allowance or deemed allowance of any Fire Victim Claim or Subrogation Wildfire Claim.  Pursuant to the Plan and the Confirmation Order, all Fire Victim Claims and Subrogation Wildfire Claims have been channeled to the Fire Victim Trust or the Subrogation Wildfire Trust, as applicable, and shall be resolved by the applicable Fire Victim Trust or Subrogation Wildfire Trust, in each case, without any recourse to or Claims whatsoever against the Debtors or Reorganized Debtors or their assets and properties.

4.    Notwithstanding the foregoing paragraphs, the deadline for the Reorganized Debtors to object to the CAL FIRE Claims under Section 7.1 of the Plan (as approved by Paragraph 31 of the Confirmation Order) is extended through and including September 30, 2021, without prejudice to the right of the Reorganized Debtors to move for a further extension of such date.  As used in this paragraph, "CAL FIRE Claims" shall mean Class 4B Utility General Unsecured Claims of the California Department of Forestry and Fire Protection enumerated in the *Limited Objection of California Department of Forestry and Fire Protection to Motion for Entry of an Order Further Extending Deadline for the Reorganized Debtors to Object to Claims and for Related Relief* [Docket No. 10480].

5.    When a Claim is being contested or liquidated through litigation in a non-bankruptcy forum pursuant to an order of this Court for relief from the automatic stay or modification of the Plan Injunction, the Reorganized Debtors' contest of the Claimant's position in the non-bankruptcy litigation is an "objection" for purposes of the Plan's definition of "Allowed" [Plan, Section 1.7(f)] and no separate formal objection must be filed in this Court.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

** END OF ORDER **