WEIL, GOTSHAL & MANGES LLP
Jessica Liou (pro hac vice)
(jessica.liou@weil.com)
Matthew Goren (pro hac vice)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

BROWN RUDNICK LLP
Joel S. Miliband (#077438)
(jmiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Tel: 949 725 7100
Fax: 949 2521514

David J. Molton (#262075)
(dmolton@brownrudnick.com)
Seven Times Square
New York, NY 10036
Tel: 212 209 4800
Fax: 212 209 4801

*Attorneys for the Hon. John K. Trotter (Ret.) as Trustee of PG&E Fire Victim Trust*

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**DECLARATION OF FIRE VICTIM TRUSTEE IN SUPPORT OF JOINT MOTION REGARDING EXCHANGE TRANSACTION IN SUPPORT OF A GRANTOR TRUST TAX ELECTION**<br><br>**Hearing**<br>**Date:** April 28, 2021<br>**Time:** 10:00 a.m.<br>**Place:** (Telephone or Video Only)<br>Courtroom 17, 16th Fl.<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

I, John K. Trotter, hereby declare under penalty of perjury that the following is true to the

best of my knowledge, information, and belief:

1. I was retained as Trustee of the PG&E Fire Victim Trust ("**Trustee**") by Order of this Court dated April 14, 2020 [Docket No. 6760]. I am duly authorized to make this Declaration (the "**Declaration**") on behalf of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"). Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2. I am a former justice of the California Court of Appeals. Since retiring from the bench in 1987, I have served as a Special Master in several Multi District Litigation Pharmaceutical matters and other complex cases in both federal and state court, including supervising the resolution of the wildfire victim claims resulting from the Witch Creek Fire and the Rice Canyon Fire caused by San Diego Gas & Electric power lines in 2007.

3. I submit this Declaration in support of the *Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Tax Election* (the "**Motion**").

4. On behalf of the Trust, I intend to finalize an agreement (the "**Exchange Transaction Agreement**") based on substantially the same terms as are set forth in the Exchange Transaction Term Sheet attached to the Motion as Exhibit B (the "**Term Sheet**"), with PG&E Corporation and Pacific Gas and Electric Company, as reorganized debtors (collectively, the "**Reorganized Debtors**" and together with the Trustee, the "**Parties**") regarding the Reorganized Debtors' election (the "**Grantor Trust Election**") to treat the Trust as a grantor trust for U.S. federal income tax purposes pursuant to the terms of the Plan, Confirmation Order and Trust Documents.[1]

5. The potential benefit to the Trust of the Exchange Transaction Agreement is hundreds of millions of dollars of tax savings, which then could be available for distribution to Fire Victims. I understand that this tax benefit turns on the status of the Trust as a grantor trust for tax purposes.

---

[1] "**Trust Documents**" means the PG&E Fire Victim Trust Agreement dated July 1, 2020 (the "**Trust Agreement**") together with the Claims Resolution Procedures attached as Exhibit 2 thereto, including all related exhibits.

6. Section 6.7(b) of the Plan and Paragraph 18(b) of the Confirmation Order provide that the Reorganized Debtors may elect to treat the Trust as a grantor trust for U.S. federal income tax purposes, in which case the Trust shall be treated consistently for state and local tax purposes, to the extent applicable. I am obligated by these provisions to report consistently with any such election and by Section 6.7(b) of the Plan to cooperate fully with the Reorganized Debtors in connection with tax-related matters to the extent they relate to any transfers to, distributions by, or the operations of the Trust.

7. I have been advised by the Reorganized Debtors that they have spent months in discussions with the Internal Revenue Service ("**IRS**") to ensure compliance with applicable Treasury Regulations, which resulted in a confidential private letter ruling ("**PLR**") that approved a series of steps, consistent with applicable Treasury Regulations, which the Reorganized Debtors and the Trust could follow to meet the requirements of the applicable Treasury Regulations and achieve the desired tax benefits of grantor trust status. Based on this information, I understand that the necessary series of securities transactions regarding the sale of PG&E Stock (as defined below) by the Trust to achieve the Grantor Trust Election tax benefits, which are described in the PLR, were neither known nor anticipated at the time the Plan was filed or the Confirmation Order was entered.

8. For the Reorganized Debtors to make the Grantor Trust Election, they must be assured that the Trust will be able to comply with applicable Treasury Regulations requirements as described in the PLR. If the Reorganized Debtors make the election and the Trust is unable to comply with the requirements of the applicable Treasury Regulations, the Reorganized Debtors will recognize taxable gain that they would not otherwise recognize.

9. The potential savings of many hundreds of millions of dollars in tax liability under the Exchange Transaction Agreement depends upon the appreciation of the shares of PG&E Corporation common stock issued to the Trust pursuant to the Plan (the "**PG&E Stock**"). As of the time of this declaration, there is unrealized appreciation in the value of the PG&E Stock held by the Trust of nearly $1.2 billion.[2]

---

[2] Based on a stock price of $11.50 per share as of market close on April 1, 2021.

10. There is no assurance that the Trust will be able to realize any or all of the currently unrealized appreciation. The future appreciation to be realized by the Trust may be larger or smaller, potentially materially so, depending on the future value of PG&E Stock. The potential tax savings can be illustrated with a hypothetical:

> Pursuant to the Plan, Confirmation Order and Trust Documents, the Trust received approximately 478 million shares of PG&E Stock at a market value at the time of approximately $9 per share. This would be the tax basis of the shares, *but for* the proposed Grantor Trust Election. *If* the Trust were to sell all of its PG&E Stock for approximately $11 per share, there would be gain of approximately $2.00 per share, for a total gain of approximately $954 million. Absent the Grantor Trust Election, the Trust would pay California income tax on this gain at the rate of 8.84% (more than $84 million), plus federal income tax at the rate of 37% (more than $320 million, after the benefit of a federal tax deduction in respect of California income taxes). Thus, under this hypothetical, *but for* the Grantor Trust Election, there would be a tax burden to the Trust of more than $400 million. On these same hypothetical facts, **all** of this tax burden would be saved if the series of securities transactions described in the PLR are followed.

11. The Trust has been negotiating with the Reorganized Debtors in good faith to assure the favorable tax outcome to the Trust and to the Reorganized Debtors through compliance with the steps required under the applicable Treasury Regulations as set forth in the PLR. I have been evaluating the Term Sheet negotiations in consultation with Houlihan Lokey Capital, Inc. (advisors to the Trust in connection with matters pertaining to the PG&E Stock), Brown Rudnick LLP (counsel to the Trust) and Morgan Stanley & Co. LLC (capital markets advisor to the Trust) (collectively, the "**Trust Advisors**") and I believe that the Trust's execution of the Exchange Transaction Agreement will be prudent and consistent with the terms of the Trust Documents, the Plan and the Confirmation Order.

12. Section 1.4(c) of the Trust Agreement requires that the Reorganized Debtors inform me by April 1, 2021 of their decision with respect to the Grantor Trust Election. The Reorganized Debtors informed me on March 29, 2021 that, in the event that the Reorganized Debtors and the Trust enter into definitive documentation consistent with the Term Sheet (or as otherwise agreed between the Parties) on or prior to the date required to make a timely Grantor Trust Election, the Reorganized Debtors will make the Grantor Trust Election. The Parties must therefore be able to act with certainty before the tax election deadline that will occur later this year.

13. I have sought and obtained the consent of the Trust Oversight Committee (the "**TOC**") with regard to the Term Sheet and the contemplated Exchange Transaction Agreement and have made the Trust Advisors available to the TOC on several occasions, in accordance with the provisions of the Trust Agreement.

14. I believe that the execution of the Exchange Transaction Agreement on behalf of the Trust is in the best interests of Fire Victims and is consistent with the Plan, Confirmation Order and Trust Documents. In the interest of transparency, I am seeking this Court's approval of the Exchange Transaction Agreement and the transactions contemplated thereby as consistent with the Plan, Confirmation Order, and Trust Documents, and within my authority as Trustee of the Fire Victim Trust.

I declare under penalty of perjury, as set forth in 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 5th day of April, 2021, in Santa Ana, California.

By: _____
Hon. John K. Trotter (Ret.), in his capacity as
Trustee of the PG&E Fire Victim Trust