**WEIL, GOTSHAL & MANGES LLP**
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel:     (212) 310-8000
Fax:    (212) 310-8007

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>**STIPULATION SETTING ASIDE DISALLOWANCE ORDER WITH RESPECT TO CLAIM NO. 55953 (YUROK TRIBE) AND ALLOWING CLAIM AS FILED**<br>Related to Dkt. Nos. 10104, 10238, 10239, 10399<br>Resolving Motion Set for Hearing on April 28, 2021, at 10:00 a.m. (Pacific Time) |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan,[1] the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and the Yurok Tribe (together with the Debtors and Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

## RECITALS

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. On October 18, 2019, the Yurok Tribe filed Claim No. 55953 (the "**Claim**"), asserted in the amount of $88,365.26.

C. On February 19, 2021, the Yurok Tribe filed the *Motion of the Yurok Tribe for Reconsideration of the Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifty-Third Omnibus Objection to Claims (No Liability Subcontractor Claims)* [Docket No. 10238] (the "**Motion**"), in which it requested that the Bankruptcy Court reconsider the *Order Disallowing and Expunging Proofs of Claim Pursuant to Reorganized Debtors' Fifth-Third Omnibus Objection to Claims (No Liability Subcontractor Claims)* [Docket No. 10104], entered on February 5, 2021 (the "**Disallowance Order**"), with respect to the disallowance and expungement of the Claim. The hearing on the Motion (the "**Hearing**") initially was scheduled for March 24, 2021 at 10:00 a.m. Pacific Time.

D. On March 10, 2021, the Parties agreed to continue the Hearing to April 28, 2021 at 10:00 a.m. (Pacific Time) [Docket Nos. 10395, 10399].

E. Based upon the additional information provided in the Motion, the Reorganized Debtors have determined that the Claim should be allowed as filed.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**").

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Disallowance Order is set aside and vacated with respect to the Claim.

2. The Claim shall be allowed as filed and satisfied in accordance with Article IV, Section 4.23 of the Plan.

3. Upon entry of an Order approving the terms of this Stipulation, the Motion shall be deemed withdrawn with prejudice, and the Hearing vacated.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same agreement.

5. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

Dated: April 23, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

*/s/ Dara L. Silveira*
Dara L. Silveira

*Attorneys for Debtors
and Reorganized Debtors*

Dated: April 23, 2021

**HOGAN LOVELLS US LLP**

*/s/ Erin N. Brady*
Erin N. Brady

*Attorneys for the Yurok Tribe*