BROWN RUDNICK LLP
Joel S. Miliband (#077438)
(jmiliband@brownrudnick.com)
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Tel: 949 725 7100
Fax: 949 252 1514

David J. Molton (#262075)
(dmolton@brownrudnick.com)
Seven Times Square
New York, NY 10036
Tel: 212 209 4800
Fax: 212 209 4801

*Attorneys for the Hon. John K. Trotter (Ret.)
as Trustee of PG&E Fire Victim Trust*

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 3:19-bk-030088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**REPLY OF FIRE VICTIM TRUSTEE IN RESPONSE TO OBJECTION OF THERESA MCDONALD TO MOTION REGARDING EXCHANGE TRANSACTION IN SUPPORT OF A GRANTOR TRUST TAX ELECTION**<br><br>Date:    April 28, 2021<br>Time:    10:00 a.m.<br>Place:   (Telephonic or Video Only)<br>          Courtroom 17, 16th Fl.<br>          450 Golden Gate Ave.<br>          San Francisco, CA 94102 |

The Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**," and its beneficiaries, the "**Fire Victims**"), submits this Reply (the "**Reply**") to the *Emergency Pleading: Objection to the Joint Motion of Fire Victim Trustee and Reorganized Debtors Regarding Exchange Transaction in Support of a Grantor Trust Election* [Docket No. 10517] (the "**McDonald Objection**"), and in further support of the Joint Motion of Fire Victim Trustee and Reorganized Debtors in Support of Motion Regarding Exchange Transaction in Support of a Grantor Trust Tax Election [Docket No. 10497] (the "**Motion**"),[1] and respectfully states as follows:

## REPLY

The Motion seeks the Court's authorization and approval of the Movants' negotiated method of exercising a right of the Reorganized Debtors preserved in the Plan and Confirmation Order. The Trustee thoroughly considered all aspects of the Exchange Transaction Agreement in consultation with his advisors and concluded that the potential monetary value to the Trust in preserving hundreds of millions of Trust dollars—rather than using them to pay taxes—far outweighs any potential risks or costs associated with the Exchange Transaction Agreement. The concerns raised in the McDonald Objection do not directly bear on the narrow relief requested in the Motion. The agreement outlined in the Motion creates a mutually agreeable structure between the Movants to accomplish tax savings for the Trust and the Reorganized Debtors. The Reorganized Debtors' Plan specifically provided a right to elect treatment of the Trust as a grantor trust for tax purposes. As set forth in the Motion, and as further explained in the concurrently filed Declaration of the Honorable John K. Trotter (Ret.) in his capacity as Trustee of the Trust, the Trustee has concluded and is confident that obtaining the relief requested in the Motion and then executing on it is in the best interests of the Fire Victims.

The Trustee acknowledges Ms. McDonald's desire for information, disclosure, open communication, and ultimately her concerns regarding the treatment of Fire Victims under the Plan. Indeed, a major motivation for the Motion's filing was disclosure to the Fire Victims. Open communication with Fire Victims is one of the Trustee's top priorities, which is why the Trustee and the Claims Administrator regularly provide updates and information on Trust administration on the Trust's website, issues letters to

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

the Fire Victim community which are filed on this Court's docket as well as published in the Trust's website, and provide recorded interviews answering questions.

The agreement outlined in the Motion will create a structure between the Movants to accomplish tax savings for both Parties pursuant to the Reorganized Debtors' right under the Plan to elect grantor trust treatment for the Fire Victim Trust. The tax savings to the Trust materially benefit its beneficiaries, the Fire Victims, by eliminating any federal or state income tax on any gains obtained by the Trust's sale of PG&E stock. Neither the Trustee nor the Reorganized Debtors undertook to renegotiate the Plan terms, including the consideration provided to the Fire Victim Trust. The Trustee was required to accept the consideration provided to the Trust under the Plan and Confirmation Order and act in the manner that is in the best interests of the Trust's beneficiaries, the Fire Victims.

An Order granting the Motion will permit the Movants to finalize an agreement on the terms submitted in the Exchange Transaction Term Sheet, which discloses all material terms of the Exchange Transaction Agreement. The Trustee and Reorganized Debtors have competent advisors who are charged with documenting an agreement that correctly reflects the Exchange Transaction Term Sheet. The Reorganized Debtors' grantor trust election decision can be made as soon as the Motion is granted. Each week of delay in the Court granting the Motion simply adds costs and uncertainties and impacts the flexibility of the Trustee to monetize the PG&E Stock in a cost-effective manner. These circumstance support granting the Motion promptly.

The Trustee also addresses the specific points raised in the McDonald Objection as follows:

    a) *Trust Communication with Represented Beneficiaries*.

The McDonald Objection states that Fire Victims that are "represented by attorneys, cannot get the answers to their questions because Trust personnel have consistently refused to answer any inquiries from represented beneficiaries, insisting that the [claimant's] attorney be involved." Obj. at p. 3. This is true but not remarkable; indeed, this policy is appropriate. The Claims Processor, BrownGreer, a law firm, has established the legal ethics-based policy that communications with Fire Victims represented by counsel are done through the counsel of record for that Fire Victim.

/ / /

/ / /

b) *Costs of Operating under the Exchange Transaction Agreement.*

The McDonald Objection asks whether "entering into an Exchange Transaction Agreement [would] cause the Trust to experience costs that it would otherwise not incur?" Obj. at p. 3. The Trustee cannot guarantee that operating under the Exchange Transaction Agreement will not result in reasonable administrative expenses. The Trustee has, for example, incurred costs in negotiating the terms of the Exchange Transaction Agreement to obtain what is expected to be substantial economic benefits inuring to the benefit of Fire Victims. The Reorganized Debtors are not required to reimburse the Trust for administrative costs, including the administrative costs of the Exchange Transaction Agreement. *See* Confirmation Order [Docket No. 10517] at ¶ 18(o) ("Except as otherwise provided in Subparagraph h of this Paragraph 18, the Fire Victim Trust shall pay all expenses of the Fire Victim Trust from the assets of the Fire Victim Trust, as provided in the Fire Victim Trust Documents and under no circumstances shall any such expenses be paid by the Reorganized Debtors.").

c) *The State Agency Settlement Agreement.*

The Proposed Order makes clear that the Exchange Transaction Agreement and the Trustee's performance and implementation thereunder does not affect the State Agency Settlement Agreements, and that the sale of New Shares shall constitute New Holdco Common Stock (as defined in and for all purposes under the State Agency Settlement Agreement) [Docket No. 7399-2].

The McDonald Objection asks if "the Trustee does not anticipate that the stock will be held long enough to reach a price where the State Agencies might actually be paid." Obj. at p. 4. Based upon professional advice, the Trustee will not comment publicly on the Trust's stock monetization timeline or strategy.

d) *The "Final" Exchange Transaction Agreement and Further Objection Period.*

The McDonald Objection requests the Court to require the final Exchange Transaction Agreement be provided "14 days prior to the objection deadline" so that Fire Victims may assess the final terms of the agreement and interpose additional objections prior to a future hearing. *See* Obj. at p. 5. The Trustee will publicly file with the Court and post on the Trust's public-facing website the Exchange Transaction Agreement once it is executed by the parties thereto. Additionally, the results of California Fairness Hearing will be publicly available information.

The Trustee does ask that the Court reject the request for a further objection deadline and continued hearing. As part of the Motion, the Movants provided the eight-page (with exhibit) Exchange Transaction Term Sheet that set forth in detail the material terms of the Exchange Transaction Agreement. As noted in the Motion, the Exchange Transaction Agreement (and any Ancillary Agreements) will be based on "substantially the same terms" as the Exchange Transaction Term Sheet. *See* Motion at p. 5. The Exchange Transaction Term Sheet provides Fire Victims and other interested parties with notice of the material terms of the agreement and any interested party has had the opportunity to review the terms and raise their concerns to the Movants and the Court. The documentation of the final Exchange Transaction Agreement is still underway. The Trustee has committed to disclosing it to the Fire Victims once it is executed by the parties thereto. A further objection period and additional hearing(s) will only increase administrative expenses and uncertainties and interposes delay, which, while continuing, limits the flexibility of the Trustee to monetize in a cost-effective manner.

**NOTICE**

Notice of this Reply will be provided to (i) the Office of the U.S. Trustee for Region 17 (Attn: Timothy Laffredi, Esq., James L. Snyder, Esq. and Marta Villacorta, Esq.); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the California Attorney General; (v) the California Public Utilities Commission; (vi) the Nuclear Regulatory Commission; (vii) the Federal Regulatory Commission; (viii) the Office of the United States Attorney for the Northern District of California; (ix) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; and (x) beneficiaries of the Trust, through postings on the Trust website and portals in accordance with Section 8.6(d) of the Trust Agreement. The Movants respectfully submit that no further notice is required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

WHEREFORE, for the good cause shown and reasons presented above, and in the Motion, the Movants respectfully request that the Court overrule the McDonald Objection and approve entry of an Order granting the relief requested and any further relief the Court may deem just and proper.

DATED:  April 23, 2021						BROWN RUDNICK LLP


									By:	/s/ *Joel S. Miliband*
										Joel S. Miliband (SBN 077438)
										(JMiliband@brownrudnick.com)
										2211 Michelson Drive
										Seventh Floor
										Irvine, California 92612
										Telephone:	(949) 752-7100
										Facsimile:	(949) 252-1514

										and

										BROWN RUDNICK LLP
										David J. Molton (SBN 262075)
										(DMolton@brownrudnick.com)
										Seven Times Square
										New York, New York 10036
										Telephone:	(212) 209-4800
										Facsimile:	(212) 209-4801

										*Attorneys for the Hon. John K. Trotter (Ret.)*
										*as Trustee of PG&E Fire Victim Trust*