Theresa Ann McDonald
5044 Russell Drive
Paradise, CA 95969
Phone Number: 530-636-3148
Tmcdonald120@yahoo.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT
# (SAN FRANCISCO DIVISION)

In re:

PG&E CORPORATION                           Bankruptcy Case

                                                     No. 19-30088-DM

   -and-                                                Chapter 11

                                                   (Lead Case)

PG&E GAS AND ELECTRIC COMPANY      (Jointly Administered) Case

    Debtors                                            No. 19-30089-DM

    vs.

Theresa Ann McDonald                         Proof of Claim No. 54975

    Creditor                                           Filed October 21, 2019

                                                   Camp Fire

                                                   Judge: Honorable Dennis Montali

                                                   Emergency Pleading: Request for Explanation of More Than $12.7 Million Discrepancy in the Cash Due to the Fire Victim Trust From PG&E and the Cash Received From PG&E as Reported in the Annual Report's Financial Statements and Notes

                                                 Relief Requested: Order Fire Victim Trustee to Explain the Discrepancy and Make Financial Documents Available At Least to Trust Beneficiaries

I am an accountant, with more than 40 years experience in the accounting field.

In reviewing the Annual Report I found a major discrepancy in the Trust's initial cash. Without access to actual documents I cannot resolve the discrepancy, all I can do is point it out to the court, something the Fire Victim Trustee failed to do when he transmitted the documents to the court.

The Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization called for the Fire Victim Trust to receive $5.4 billion in cash on the effective date. The Special-Purpose Financial Statements in the Annual Report state that in the period between July 1, 2020, and December 31, 2020, the Fire Victim Trust received two cash payments from PG&E totaling $5,387,275,981. The financial statements report a shortfall of $12,724,019 in the cash the Trust received from PG&E.

In the Notes to the Special-Purpose Financial Statements section 3 Trust Funding, which begins on page 16 of attached Docket #10601, the Annual Report states that the Trust was funded with an initial cash payment of $5,385,484,815. The Annual Report further states that during the period of July 1, 2020, through December 31, 2020, the Trust was funded by PG&E with an additional cash contribution of $1,811,166. The date of the second payment is not given. There is no mention of the $12,724,019 difference between the cash the Trust received and the cash the Plan required PG&E to pay, much less any explanation for this major cash discrepancy.

If one combines the reported cash transfers totaling $5,387,275,981 and the reported stock transfers totaling $4,314,077,007 shown in the Notes to the Special-Purpose Financial Statements, page 17 of Docket 10601, it does add up to the $9,701,352,988 shown as the Trust Funding amount on the Special-Purpose Statement of Changes in Net Claimants' Equity on page 12 of Docket 10601. That indicates there are no obvious internal

discrepancies within the audited Annual Report, only the unexplained underpayment of cash to the Trust on July 1, 2020.

Because beneficiaries of the Trust have been denied access to any of the Trust's financial records there is no way that I can verify the amount of cash the Trust actually received from PG&E. This very clearly demonstrates exactly why the Trust beneficiaries **need** to have access to the Trust's financial documents.

This is not a minor error, or one that would have been easy for an adequate auditing firm to overlook. The first thing the auditing firm should have done was confirm the accuracy of the initial entries in the Trust's books. The Trust either received $5.4 billion on July 1, 2020, as required by the Plan and the Confirmation Order, or it did not receive $5.4 billion. If it did not then the fire victims deserve to know exactly why not.

The Trust either had $40,056,822 cash on hand at December 31, 2020, or it had $52,780,841 on hand. An auditing firm should be looking at banking records to confirm the cash on hand, looking at investment account records to confirm the total investments, and should confirm the interest receivable with the institutions responsible for paying that interest.

If the financial statements are correct, then the Fire Victim Trustee needs to explain to the court and to the fire victims why he was either unaware that there was a shortage of more than $12.7 million in the cash received from PG&E or why, if he was aware of it, he failed to inform the court. Also, if PG&E underpaid the Trust by more than $12.7 million it needs to explain why, and it needs to make the $12,724,019 cash payment immediately along with interest from July 1, 2020, at no less than the Federal Rate.

If the financial statements are incorrect, then the Fire Victim Trustee needs to explain to the court and to the fire victims why he did not notice the error. Assets are either

understated by more than $12.7 million or the Approved Claims or Operating Expenses are understated by more than $12.7 million. Either way, this is a major error in financial statements that should have been extremely easy to prepare.

Had the Trust's financial documents been available to the public, or at least to the beneficiaries, I would be able to quickly and easily determine if the Trust actually received the cash it was due. If there was a shortage in the cash received, I could have notified the court back in July or August of 2020. Because the Trust's financial transactions are sealed I have no way of knowing where the error lies, and no way of discovering if there are other, more substantial errors in the financial statements. By sealing the financial records the court has made it impossible for me and the tens of thousands of other fire victims to safeguard the funds set aside to compensate us for our loss.

I ask you to require both a prompt explanation for the discrepancy, and to remove the seal on the Trust's financial documents. What should have been a very clean financial statement has now cast justified doubt upon the ability of the Trustee and the Trust Oversight Committee to properly manage and account for the Trust's funds, funds which belong to the Trust's beneficiaries and not to the Trustee, the Trust Oversight Committee, or to the court.

Respectfully submitted,

May 2, 2021  
Date

*Theresa Ann McDonald*  
Signature