WEIL, GOTSHAL & MANGES LLP
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| - and - | (Lead Case) (Jointly Administered) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** <br> **Debtors.** <br> ☐ Affects PG&E Corporation <br> ☐ Affects Pacific Gas and Electric Company <br> ☒ Affects both Debtors <br> * *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | **MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL AND IN REDACTED FORM IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CONSOLIDATED EDISON DEVELOPMENT, INC.'S AMENDED CURE PAYMENT CLAIM DEMAND** <br><br> [No Hearing Requested] |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**" or "**Reorganized Debtors**," as applicable) in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 1001-2(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**") and the *Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents* adopted by the United States Bankruptcy Court for the Northern District of California (the "**Local Procedures**"), for entry of an order (i) authorizing the Reorganized Debtors to file the *Reorganized Debtors' Objection to Consolidated Edison Development, Inc.'s Amended Cure Payment Claim Demand* (the "**Objection**")[1] and Con Ed's Demands (each as defined below) with certain limited redactions, (ii) authorizing the Reorganized Debtors to file under seal certain Confidential Documents (as described below) in support of the Objection, and (iii) directing that the unredacted copies provided to the Court of the Objection, the Demands, and the Confidential Documents shall remain under seal and confidential and not be made available to anyone without the consent of the Reorganized Debtors and Con Ed or further order from the Court.

In support of the Motion, the Debtors submit the Declaration of Tyson R. Smith (the "**Smith Declaration**"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is being uploaded concurrently herewith in accordance with the Local Procedures (the "**Proposed Order**").

---

[1] Capitalized terms used but not herein defined have the meanings ascribed to them in the Objection.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

By order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**"), the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

Pursuant to Paragraphs 32b and 43 of the Confirmation Order and Section 8.1 of the Plan, all power purchase agreements ("**PPAs**") and interconnection agreements ("**IAs**") were assumed on the Effective Date of the Plan. Pursuant to Paragraph 43 of the Confirmation Order, the parties to any cure disputes related to the assumption of the PPAs and IAs were to attempt to resolve an such disputes in the ordinary course, provided that if no resolution could be reached within 45 days of the Confirmation Order, either party may submit the dispute to this Court. The Reorganized Debtors in August 2020 received the first cure demand (the "**First Cure Demand**") from Consolidated Edison Development, Inc., on behalf of itself and certain of its affiliates (collectively, "**Con Ed**") and, following ultimately unsuccessful mediation, in March 2021 received an amended cure demand (the "**Amended Cure Demand**" and, together with the First Cure Demand, the "**Demands**"). The Amended Cure Demand

asserts $11,844,598.00 in purported cure claims for breach of contract and indemnification in connection with the Reorganized Debtors' assumption of certain PPAs and IAs between Con Ed and the Debtors (collectively, the "**CED Agreements**").

### III. THE DOCUMENTS

The Objection seeks to have Con Ed's Amended Cure Demand denied and the claims asserted therein in connection with the assumption of the CED Agreements disallowed. The subject matter of the Objection and the Demands involves interpreting the terms of several agreements between the parties (as well as certain agreement to which the Debtors were not parties) that were heavily negotiated and are commercially sensitive and, include, among other things, the terms of the CED Agreements, certain financing agreements entered into by Con Ed and its third-party financing sources, certain Consents and Agreements executed in connection with those third party financing transaction, and certain related notices and correspondence between Con Ed and its lenders (collectively, the "**Confidential Documents**"). The Confidential Documents contain highly sensitive and confidential commercial information, including the pricing and terms for the Reorganized Debtors' purchase of electricity and ancillary products from Con Ed and Con Ed's financing terms and negotiations with its creditors. In fact, the PPAs specifically provide that "[n]either Party shall disclose the non-public terms or conditions of this Agreement or any Transaction hereunder," except in certain limited circumstances. PPA § 10.7. Similarly, the IAs provide that "each Party shall hold in confidence and shall not disclose to any person Confidential Information." LGIA Art. 22.1.1; *see also* SGIA Art. 9.2 ("Each Party receiving Confidential Information shall hold such information in confidence and shall not disclose it to any third party nor to the public without the prior written authorization from the Party providing that information, except to fulfill obligations under this Agreement, or to fulfill legal or regulatory requirements.").

The Objection and the Demands each reference certain confidential provisions from or related to these documents, as well as other confidential and sensitive information related to Con Ed's financing agreements with its lenders. Additionally, certain of the Confidential Documents were provided to the Reorganized Debtors pursuant to the *Order Approving Stipulation with EP*

*Counterparties Confirming Application of Confidentiality and Protective Order to Energy Procurement Cure Disputes* [Docket No. 9115]. Con Ed has similarly requested to the Reorganized Debtors that the Confidential Documents and related confidential, sensitive information be filed under seal or redacted, as applicable.

## IV. BASIS FOR RELIEF REQUESTED

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) further provides:

> On request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) Protect any entity with respect to a trade secret or *confidential* research, development, or commercial information.

11 U.S.C. § 107(b) (emphasis added). Parsing the language of 107(b), courts have emphasized that once the court determines that the information falls within one of the enumerated 107(b) categories, the court "is *required* to protect [the movant] and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). In addition, section 107(b) expressly authorizes the court to grant protection, where warranted, to the confidential commercial information of "an entity." 11 U.S.C. § 107(b). Unlike its counterpart, Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures Corp.*, 21 F.3d at 28. Indeed, under section 107(b) the movant need only show "that the information it [seeks] to seal [is] 'confidential' and 'commercial' in nature." *Id.* at 27. Commercial information is broadly defined to include information that would produce "an unfair advantage to competitors by providing them information as to the commercial operations" of the entity seeking protection, *see In re Itel Corp.*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982), or information that could have a "chilling effect on [business] negotiations, ultimately affecting the viability of Debtors," *see In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). Significantly, commercial information need not rise to the level of a trade secret to warrant section 107(b)'s protection. *See Orion Pictures Corp.*, 21 F.3d at 28 (finding that

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

"§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

The Bankruptcy Rules similarly authorize the Court to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other *confidential* research, development, or *commercial information*." Fed. R. Bankr. P. 9018 (emphasis added), *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y 2003) ("[T]he whole point of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

The Court in these Chapter 11 Cases has authorized the filing under seal of sensitive commercial information. *See* Dkt. Nos. 286 (authorizing filing under seal of DIP Financing Fee Letters), 1241 (authorizing filing redacted contracts with Quanta Energy Services), and 7605 (authorizing the filing under seal of certain Exit Financing Fee Letters). Here, the information to be redacted is commercially sensitive, because it contains, among other provisions, the rates and terms on which the Reorganized Debtors purchase electricity and related products from Con Ed, who is just one of the Reorganized Debtors' many different, competing PPA and IA counterparties.

Finally, the Local Procedures require that a request for seal be narrowly tailored to sealable materials. The Reorganized Debtors and their professionals have undertaken to redact and file under seal only material they believe to be confidential commercial information, and will follow the Court's procedures to provide unredacted copies to the Court, filed under seal, so the Court may conduct its own review of the privileged materials *in camera*.[2] *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 559 (Bankr. D. Nev. 2011) (privileged information redacted from professionals' fee application could be filed under seal so bankruptcy court could uphold its duty to review fees).

For the reasons set forth herein, this Court should grant the Reorganized Debtors' request to file the Confidential Documents under seal and redact as appropriate the Objection, the First Demand, and the Amended Demand.

---

[2] Several of the exhibits to the Objection include documents that were provided to the Reorganized Debtors with redactions made by Con Ed. The unredacted version of the Objection filed with the Court contains these redactions.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## V. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the California Attorney General; (v) the California Public Utilities Commission; (vi) the Nuclear Regulatory Commission; (vii) the Federal Energy Regulatory Commission; (viii) the Office of the United States Attorney for the Northern District of California; (ix) Con Ed; and (x) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 3, 2021

**WEIL, GOTSHAL & MANGES LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Theodore E. Tsekerides*
Theodore E. Tsekerides

*Attorneys for Debtors and Reorganized Debtors*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119