1  BROWN RUDNICK LLP
   Joel S. Miliband (#077438)
2  (jmiliband@brownrudnick.com)
   2211 Michelson Drive
3  Seventh Floor
4  Irvine, CA 92612
   Tel: 949 725 7100
5  Fax: 949 252 1514

6
   David J. Molton (#262075)
7  (dmolton@brownrudnick.com)
   Seven Times Square
8  New York, NY 10036
   Tel: 212 209 4800
9  Fax: 212 209 4801

10
   *Attorneys for the Hon. John K. Trotter (Ret.)*
11 *as Trustee of PG&E Fire Victim Trust*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>-and-<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 3:19-bk-030088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**RESPONSE OF FIRE VICTIM TRUSTEE TO EMERGENCY PLEADING OF THERESA MCDONALD SEEKING EXPLANATION OF FIRE VICTIM TRUST ANNUAL REPORT**<br><br>**NO HEARING REQUESTED** |

The Honorable John K. Trotter (Ret.), in his capacity as the Trustee (the "**Trustee**") of the PG&E Fire Victim Trust (the "**Trust**"), submits this Response (the "**Response**") to the *Emergency Pleading: Request for Explanation of More Than $12.7 Million Discrepancy in the Cash Due to the Fire Victim Trust From PG&E and the Cash Received From PG&E as Reported in the Annual Report's Financial Statements and Notes* [Docket No. 10607] (the "**Emergency Pleading**"), and respectfully states as follows:

The answer to the relief requested by Ms. McDonald in her Emergency Pleading is simple: The Debtors have fully satisfied their obligation under the Confirmation Order to, on the Effective Date,[1] fund into the Trust $5.4 billion in Cash less any amounts already paid by the Debtors through Cash advances that were authorized and directed by this Court (the "**Trust Advances**") to fund the pre-Effective Date costs of the Trust.

## *The Pre-Effective Date Trust Advances*

An extensive amount of pre-formation work was necessary for the documentation of the Trust, for the retention of professionals to assist the Trustee in administering the Trust, to establish the financial accounts and tax identification number necessary to receive and hold the Trust asset as of the Effective Date and to build an online platform to handle the massive claims submission process. The Debtors and the Official Committee of Tort Claimants reached an agreement under which the Debtors would fund the pre-effective date work with advances on the Cash portion of the Aggregate Fire Victim Consideration, and that agreement was approved by this Court. An escrow account, the "Pre-Effective Date Operating Account," was opened with the approval of this Court to accept the Debtors' funding for these purposes.

Paragraph 6 of the *Order Granting Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Cathy Yanni as Claims Administrator Nunc Pro Tunc to January 13, 2020* [Docket No. 6759] (the "Yanni Retention Order") and Paragraph 5 of the *Order Granting Application of the Official Committee of Tort Claimants Pursuant to 11 U.S.C. §§1103 and 363 and Fed. R. Bankr. P. 2014 and 5002 to Retain and Employ Hon. John K. Trotter (Ret.) as Trustee Nunc Pro Tunc to January 13, 2020* [Docket No. 6760]

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the *Order Confirming Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* [Docket No. 8053] (the "**Confirmation Order**").

(together with the Yanni Retention Order, the "**Trust Retention Orders**") authorized the Debtors to pay up to $19,302,777 as follows:

> The Debtors are further authorized and directed to pay to the Pre-Effective Date Operating Account (as defined below) so long as the Engagement Term has not terminated prior to the date of performance set forth below, by wire transfer pursuant to wire instructions to be provided to the Debtors by the Claims Administrator and FVT Trustee, on account of all reasonable and documented fees, costs, and out-of-pocket expenses of the Claims Administrator, the FVT Trustee and the Trust Professionals incurred on or after January 12, 2020 in accordance with the terms of this Order and the Budget, the sum of $21,802,777.00 as follows: (i) $2,500,000.00 within 3 business days from entry of this Order;[2] (ii) **$9,767,593.00** on or before May 30, 2020; (iii) **$4,767,592.00** on or before June 30, 2020; and (iv) $4,767,592.00 on or before July 31, 2020 (the total of the amounts in (ii) through (iv) above, the "Trust Advance"). ***The Trust Advance shall be credited dollar for dollar against the Cash to be distributed to the Fire Victim Trust on the Effective Date pursuant to the Plan***.

(Emphasis added).

The two figures bolded above ($9,676,593.00 plus $4,767,592) were advanced to the Pre-Effective Date Operating Account pursuant to the Trust Retention Orders. After the Effective Date occurred on July 1, 2020, the last $4,767,592 installment was no longer necessary and was instead paid as part of the $5,385,464,815 in Cash paid to the Trust on the Effective Date. The total paid to the Pre-Effective Date Operating Account prior to the July 1, 2020 Effective Date was **$14,535,185**, *which was credited dollar for dollar against the $5.4 billion in Cash to be distributed to the Trust on the Effective Date pursuant to the Plan*.

*Payment of the Remainder of the Cash to the Trust*

As stated in Note 3 to the Annual Report, **$5,385,464,815** was paid to the Trust on the Effective Date. This amount is the remainder of the Cash payment due to the Trust under the Plan ($5,400,000,000 less $14,535,185, or $5,385,464,815) and was wired to the Trust pursuant to the terms of the Confirmation Order, which provides in Paragraph 18 (h):

> **Funding on the Effective Date.** On the Effective Date of the Plan: (i) the Debtors shall fund $5.4 billion in Cash *less any amounts as provided in the orders appointing Cathy Yanni and Justice John K. Trotter, entered at Docket Nos. 6759 and 6760 respectively*, to the Fire Victim Trust by wiring instructions to be provided to the Debtors by the Fire Victim Trustee no less than two (2) business days prior to the Effective Date; and (ii) the Debtors

---

[2] The $2,500,000.00 payment was made to BrownGreer for fees related to the claims process under the September 17, 2019 Order Re: The Production of the BrownGreer Database [Docket No. 3922], for work performed prior to January 1, 2020. This amount was a separate obligation of the Debtors and was **not** credited against the Cash to be distributed to the Fire Victim Trust on the Effective Date pursuant to the Plan.

or Reorganized Debtors, as applicable, shall transfer to the Fire Victim Trust the New HoldCo Common Stock as provided in Sections 4.7 and 4.26 of the Plan.

(Emphasis added).

In short, the Trust has received the full $5.4 billion Cash as required under the Plan, with a Court-approved portion advanced as pre-Effective Date expenses.

Finally, Note 3 to the Annual Report also states that there was an "additional Cash contribution" of $1,811,166. This amount was transferred from the Pre-Effective Date Operating Account and is primarily comprised of funds remaining in that account from the pre-Effective Date transfer of $14,535,185 after all pre-Effective Date fees and expenses were paid. The $1,811,166 was then transferred to the Trust's operating account when the Pre-Effective Date Operating Account was closed.

As the foregoing clearly explains, there are no "missing" Trust assets and the Reorganized Debtors have fully satisfied their obligation under the Plan and Confirmation Order to distribute $5.4 billion in cash to the Trust on the Effective Date.

The Trustee is administering the Trust in accordance with his fiduciary duties, with the advice and assistance of experienced professionals. The Trustee submits that the Annual Report complies in all respects with the Trust Agreement, the Plan and the Confirmation Order. As the Independent Auditor's Report concludes, the Trust's financial statements present fairly, in all material respects, the Trust financial position as of December 31, 2020.

## CONCLUSION

WHEREFORE, for the good cause shown and reasons presented in this Response, the Trustee respectfully submits that no further action is necessary or warranted with respect to the Emergency Pleading.

DATED: May 4, 2021      BROWN RUDNICK LLP

By:    /s/ *Joel S. Miliband*
        Joel S. Miliband (SBN 077438)
        David J. Molton (SBN 262075)

*Attorneys for the Hon. John K. Trotter (Ret.)*
*as Trustee of PG&E Fire Victim Trust*