WEIL, GOTSHAL & MANGES LLP
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: (415) 496-6723
Fax: (650) 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>Debtors.<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br>**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND ROGELIO RAMIREZ LOPEZ**<br>[No Hearing Requested] |

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as reorganized debtors (collectively, the "**Debtors**" and as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), on the one hand, and Rogelio Ramirez Lopez ("**Lopez**," and together with the Debtors and the Reorganized Debtors, the "**Parties**"), on the other hand, by and through their respective counsel, hereby stipulate and agree as follows:

**RECITALS**

A. On January 29, 2019 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases in the United States Bankruptcy Court for the Northern District of California (the "**Bankruptcy Court**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

B. By Order dated, July 1, 2019, the Bankruptcy Court set October 21, 2019, at 5:00 p.m. (Pacific Time) as the deadline for filing proofs of claim against the Debtors in the Chapter 11 Cases (the "**Bar Date**").

C. By Order dated June 20, 2020 [Dkt. No. 8053] (the "**Confirmation Order**") the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020. *See* Dkt. No. 8252.

D. Lopez received notice of the Bar Date and the Plan but did not file a proof of claim in the Chapter 11 Cases.

E. On August 20, 2020, Lopez filed a complaint (the "**Complaint**") initiating a lawsuit (the "**Superior Court Lawsuit**") in Alameda County Superior Court (the "**Superior Court**"), in which he asserted against the Utility and an employee of the Debtors, as well as certain other named and unnamed defendants, claims for property damage and personal injury relating to an alleged motor vehicle incident that occurred prior to the Petition Date.

F. Sections 10.5 and 10.6 of the Plan and Paragraphs 51 and 52 of the Confirmation Order establish the "**Plan Injunction**," which supersedes the automatic stay in most respects and

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

expressly prohibits (1) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind with respect to any pre-petition claims against the Debtors or Reorganized Debtors, and (2) any effort to enforce, collect or recover on any judgment based on any pre-petition claims.

G. The Reorganized Debtors assert that Lopez's filing of the Complaint as against the Utility violates the Plan Injunction. Lopez has agreed to dismiss the Superior Court Lawsuit with prejudice as against the Utility and the individual employee identified in the Complaint if the Reorganized Debtors will permit Lopez to file a proof of claim based on the causes of action asserted in the Complaint against the Utility.

H. The Parties hereto desire to resolve their issues regarding the Plan Injunction and the timeliness of any proofs of claim that would be filed by Lopez with respect to the causes of action asserted in the Complaint.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. Lopez shall promptly dismiss the Superior Court Lawsuit with prejudice as against the Utility and the individual employee identified in the Complaint and shall not sue the individual employee identified in the Complaint, or any other current or former employees of either of the Reorganized Debtors or of any affiliated corporate defendant, in the Superior Court Lawsuit or in any other action or proceeding, on any of the claims alleged in the Superior Court Lawsuit, the Complaint, or on any other claims based on or arising from the same or materially the same common nucleus of facts, events, and circumstances alleged in the Superior Court Lawsuit or the Complaint (collectively, the "**Claims**"), whether such claims arose before or after the Petition Date.

2. Any proof of claim filed by Lopez in the Chapter 11 Cases based on the Claims shall be deemed timely filed if it is filed within 30 days of the date of this Stipulation (the "**Extended Deadline**"), and the Debtors and the Reorganized Debtors shall not object to any such proof of claim filed by the Extended Deadline on the basis of untimeliness or that such claims are barred by the dismissal of the Superior Court Lawsuit.

3. The Parties expressly agree that the Bankruptcy Court shall have exclusive jurisdiction over the Claims and that any trial of the Claims shall be held in the Bankruptcy Court. In connection with this agreement, Lopez hereby waives his right to a jury trial.

4. Nothing herein is intended, nor shall it be construed, to be:

    a. a waiver by the Debtors or the Reorganized Debtors, as applicable, or any other party in interest of any right to object to any proof of claim filed by Lopez consistent with this Stipulation on any grounds other than the untimely filing thereof, or

    b. a waiver by any party of any claim or defense in the Superior Court Action other than as provided in paragraph 1 above.

5. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect and the Parties agree that, in such circumstances, this Stipulation shall be of no evidentiary value whatsoever in any proceedings.

6. This Stipulation shall be binding on the Parties and each of their successors in interest.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and shall supersede all prior agreements and understandings relating to the subject matter hereof.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation or any Order approving the terms of this Stipulation.

[*Signatures on next page*]

| | |
|---|---|
| Dated: May 11, 2021 | Dated: May 7, 2021 |
| KELLER BENVENUTTI KIM LLP | SOUTHWEST LEGAL GROUP |
| */s/ Jane Kim* | */s/ Tina Abdolhosseini* |
| Jane Kim<br>*Attorneys for Debtors and Reorganized Debtors* | Tina Abdolhosseini<br>*Attorneys for Rogelio Ramirez Lopez* |
| | */s/ Rogelio Ramirez Lopez*<br>ROGELIO RAMIREZ LOPEZ<br>*Plaintiff and Claimant* |