LIOR KATZ | CA BAR No. 284559
KATZ LAW, APC
11620 Wilshire Blvd., Suite 900
Los Angeles, California 90025
Tel: (310) 444-9444
Fax: (310) 382-2110
Email: Lior@KatzLaw.com

Attorneys for Movant
BRIAN ANTHONY FREITAS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| In re<br><br>PG&E CORPORATION and<br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors.<br><br>*Affects Pacific Gas and Electric Company*<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM) | Bk. No.: 19-30088-DM<br><br>R.S. No: KL-3<br><br>Chapter 11<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY AND MODIFICATION OF PLAN INJUNCTION, OR ALTERNATIVELY, FOR ABSTENTION UNDER 28 U.S.C. 1334(C)(1); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing -<br>Date:  June 15, 2021<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>        450 Golden Gate Avenue, 16th Floor<br>        Courtroom 17<br>        San Francisco, CA<br><br>Honorable Dennis Montali |

BRIAN ANTHONY FREITAS ("Movant" herein), moves and notices the Court for relief from the Automatic Stay provided by 11 U.S.C. § 362. This motion seeks an order terminating the Automatic Stay of 11 U.S.C. § 362 and modifying the Confirmed Plan's injunction, or alternatively, for abstention as to moving party so that moving party can resume its state court litigation involving the Debtor, Pacific Gas Electric Company ("Debtor"). Movant maintains that

since the claim of Movant concerns the personal injuries sustained as a result of an auto incident that occurred on October 2015 involving Debtor's employee, the state court is the best forum to liquidate the claim. Movant has already filed a lawsuit in the Superior Court of the State of California, County of Merced (Case no. 17CV-03528), on October 18, 2017 ("State Court Lawsuit") and has been litigating that case for almost four (4) years. Due to the instant bankruptcy and the injunction set forth in the Chapter 11 Plan, Movant has been stagnant and unable to proceed with its state court claim. Despite engaging in mediation after the Order Confirming Plan was entered, the parties were unable to settle Movant's claim. Movant now seeks relief from the automatic stay and modification of the Injunction in the Debtor's confirmed Chapter 11 Plan, so that Movant can liquidate his claims in state court. Said claims do not bear any connections to the fire claims that results in the filing of the instant bankruptcy by the Debtor, and Movant's claim should not barred any further from proceeding in state court.

Motion thus moves for an Order terminating the automatic stay and modifying the Plan injunction to allow Movant to proceed with its claim in the State Court Lawsuit, or alternatively, an Order Abstaining pursuant to 28 U.S. Code 1334(c)(1), an order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3), and for such other and further relief as this Court deems just and proper.

This Motion is made and based upon this Motion, the concurrently filed Memorandum Points and Authorities, Notice of Motion, Declaration of Roy Huntsman in Support, the Court file, and the hearing on this matter.

DATED: May 13, 2021                  KATZ LAW, APC

By: _____
LIOR KATZ
Attorney for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

On or about October 20, 2015, Movant was driving a 2001 Toyota Corolla travelling northbound on SR-165, near the intersection of Santa Fe Grade. At the same time and place, an individual named Daryl Michael Mello ("Mr. Mello"), who was employed by Debtor Pacific Gas Electric Company ("Debtor") at the time, was driving a vehicle owned by the Debtor, a 2014 GMC Sierra. While driving, Mr. Mello was distracted and rear-ended Debtor's vehicle (which was stopped) at a high speed of 65 mph. The impact from the collision was so severe that Debtor's vehicle travelled forward and collided with a third vehicle. Movant sustained severe injuries as a result of the incident and was transported to the hospital.

The injuries to Movant included, but were not limited to, sprain in the cervical and lumbar spine, contusion of face, chronic pain syndrome, concussion, traumatic brain injury, headaches, dizziness, Thoracic Outlet Syndrome, Sacroiliac joint injury, and vertigo. Movant received treatment continuously for at least two years post-accident, including orthopedic and neurological evaluations, chiropractic treatment, cortisone shots, physical therapy, and other treatment to help alleviate his pain. Movant continues to have bilateral arm peripheral neuropathy, right more than left. He is right-handed. His cephalgia, neck pain, upper back pain, mid-back pain and low back pain are unchanged and continue to constantly plague him. His hips, right more than left, still bother him and limit his activities. The past medical expenses that Movant is responsible for were $86,488.75.

As a result of these injuries, Movant proceeded with filing a personal injury lawsuit against Mr. Mello and Debtor in the Superior Court of the State of California, County of Merced (Case no. 17CV-03528), on October 18, 2017 ("State Court Lawsuit"). A copy of the Summons and Complaint is attached as **Exhibit "A"** to the Declaration in Support. A copy of the docket of the

State Court Lawsuit is attached as **Exhibit "B"** to the Declaration in Support.

After the State Court Lawsuit was filed, Movant and the Defendants in the State Court Lawsuit engaged in written discovery for more than a year. A deposition of Movant was also taken. Trial in the State Court Lawsuit was expected to take place in the Spring or Summer of 2019, but the instant bankruptcy was filed before then, resulting in a halt on the State Court Lawsuit.

On January 29, 2019, Debtor filed the instant bankruptcy largely due to wildfire-related claims against the Debtor. The automatic stay that came about as a result of this bankruptcy halted Movant's State Court Lawsuit. Movant filed a Proof of Claim in the instant bankruptcy on or about September 16, 2019 (Claim No. 9137). The Chapter 11 Plan in the instant bankruptcy apparently contains an injunction against proceeding with Movant's claim. The injunction provision in the confirmed Plan (Par. 52) provides, in pertinent part, as follows:

> Except as otherwise provided in the Plan or in this Confirmation Order, as of the entry of this Confirmation Order but subject to the occurrence of the Effective Date, all Entities who have held, hold, or may hold Claims or Interests are, with respect to any such Claim or Interest, permanently enjoined after the entry of the Confirmation Order from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, any proceeding in a judicial, arbitral, administrative, or another forum) against or affecting, directly or indirectly, a Debtor, a Reorganized Debtor, or an estate or the property of any of the foregoing, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons mentioned in this subsection . . . .

During the course of this bankruptcy, Movant had agreed to engage in mediation with the Debtor, and said mediation took place on March 26, 2021. Nonetheless, the parties were unable to resolve Movant's case at the mediation, and Movant's case is now in limbo and remains unresolved.

Movant had completed a majority of his discovery in the State Court Lawsuit. The only thing that remains for Movant in order to prepare for trial is to take oral depositions and conduct expert discovery. Movant has been unable to accomplish that and now seeks relief from the

automatic stay to bring this six-year old case into resolution in state court. Movant files this Motion so that he can get his "day in court."

## II. RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED PURSUANT TO 11 U.S.C. 362(d)(1) AND PLAN INJUNCTION SHOULD BE MODIFIED SO THAT MOVANT CAN PROCEED WITH HIS STATE COURT LAWSUIT

11 U.S.C. 362(d)(1) provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Relief from the automatic stay may be granted to allow a state court litigation in another forum to proceed to conclusion. *See, e.g.,* Packerland Packing Co. v. Griffith Beverage Co. (In re Kimble), 776 F.2d 802, 807 (9th Cir. 1985). Courts have routinely considered the following twelve (12) distinct factors in determining whether to lift the stay to permit a state court litigation to continue in another forum:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and
12. The impact of the stay on the parties and the "balance of hurt"

Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.), 311 B.R. 551, 558 (C.D. Cal. 2004) (citing In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)). However, not all twelve (12) factors are relevant in every case. Id. at 560.

The party requesting relief from the stay bears the initial burden to show "cause" exists, but once a prima facie case of "cause" is established, the party opposing relief must disprove the existence of "cause". 11 U.S.C. §362(g). The legislative history to § 362 provides that "cause" may be established by a single factor such as "lack of any connection with or interference with the pending bankruptcy case". H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

An analysis of the factors relevant to this case supports granting relief from the automatic stay "for cause" pursuant to 11 U.S.C. 362(d)(1) so that Movant can proceed with his State Court Lawsuit and have his personal injury claim liquidated in state court. In this case, the following factors apply: (1) Whether the relief will cause a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties; (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to where the parties are prepared for trial, and (12) The impact of the stay on the parties and the "balance of hurt."

  A. <u>Allowing Movant to Proceed in State Court Will Completely Resolve Movant's Personal Injury Claims (First Factor), Movant's Claims Lack Connection with or Interference with the Instant Bankruptcy (Second Factor), and There Will Not Be Prejudice to Other Creditors, the Creditor's Committee and Other Interested Parties (Seventh Factor)</u>

With respect to the first factor, allowing Movant to proceed with his litigation against the Debtor will result in a complete resolution of the matter. At the heart of Movant's State Court Lawsuit is a personal injury claim, where the Superior Court is often the proper venue for

resolving such claim. Movant has already filed the State Court Lawsuit, and the State Court Lawsuit has been pending in that forum for more than four (4) years. Movant had conducted discovery, and seeks to continue completing discovery and bring this dated case to trial. There is no legitimate reason why the State Court Lawsuit cannot be fully resolved in state court.

With respect to the second factor, the liquidation of Movant's personal injury claim is not a "core proceeding" under 28 U.S.C. § 157(b)(2)(B). The Bankruptcy Code provides personal injury tort and wrongful death claims shall be tried in the District Court. See 28 U.S.C. § 157(b)(5). Thus, while the Bankruptcy Court has "core" jurisdiction over determining claims made against the bankruptcy estate, the Bankruptcy Court may not liquidate personal injury and wrongful death claims for distribution. Id. In addition, the right to a jury trial is reserved in the Bankruptcy Code. See 28 U.S.C. §1411(a) ("…this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death claim.").

Further, Bankruptcy Court findings are subject to de novo District Court review, leading to the inefficiency of two trials in the same matter. 28 U.S.C. § 157(c)(1). See In re Clay, 35 F.3d 190, 195 (5th Cir. 1994) ("If anything, jury trials in bankruptcy courts would impede efficiency. These speedy courts were not designed to conduct long jury trials, and most bankruptcy judges and lawyers are unused to jury procedures.").

There is no real connection between Movant's personal injury claims and the claims that resulted in the instant bankruptcy – specifically the wildfire claims. Movant's claims only concern Debtor to the extent that Debtor owned the vehicle involved in the incident, and employed Mr. Mello (the individual who caused the incident) at the time. Movant's claims will not interfere with the bankruptcy case but do the opposite. Lifting the automatic stay and modifying the Plan injunction would allow Movant to proceed with its State Court Lawsuit and not burden this

Bankruptcy Court with a trial of Movant's claims.

In addition, with respect to the seventh factor, there would be no prejudice to the interests of other creditors, the creditors' committees, or other interested parties. Movant's State Court Lawsuit has been pending since 2017, before the bankruptcy action, and so Claimant's claims are unrelated to the bankruptcy action entirely. Claimant is an individual who is seeking recovery for personal injuries cause by the Debtor's employee at the time that this employee was employed by the Debtor. Debtor bears responsibility for negligence committed by its employees during the course and scope of their employment. Movant has already filed a Proof of Claim in this case, thus putting all creditors on notice of the potential injury claim against the Debtor. Movant clearly has sufficient funds to pay such a claim, and thus, recovery by Movant in state court will not prejudice the right of other creditors to the benefit received in the Chapter 11 Plan.

    B.    <u>Allowing Movant to Proceed in State Court Will Be in the Interest of Judicial Economy (Tenth Factor), The Proceedings Have Lasted Long Enough So that the Parties Can Complete Discovery and Proceed to Trial (Eleventh Factor), and The Balance of the Hurt Weighs in Favor of Granting the Instant Motion (Twelfth Factor)</u>

As to the tenth factor, Movant's claim concerns matters of state law that need not be decided by this Court. As such, it would be more expeditious and economical to allow Movant to proceed in state court against the Debtor, where the State Court Lawsuit has already been pending for several years and significant amount of discovery has been completed.

As set forth above, Movant's State Court Lawsuit has been pending since 2017. Movant and Defendant have believed to have completed discovery, and Movant has already been deposed. Trial in the State Court Lawsuit was expected to take place in the Spring or Summer of 2019, but the instant bankruptcy was filed before then.

During the course of this bankruptcy, and after the Chapter 11 Plan was confirmed, Movant had engaged in mediation, but the case did not resolve. Although the State Court Lawsuit

was stayed due to the instant bankruptcy, Movant is ready and willing to complete discovery, and conduct expert discovery and engage in trial when the automatic stay is vacated. As such, the eleventh factor also weighs in favor of granting the Motion.

As to the twelfth and final factor, which inquires as to "the impact of the stay on the parties and the 'balance of hurt'", the "balance of the hurt" strongly favors granting relief from the automatic stay. If this Court does not grant the instant Motion, Movant will likely not be able to proceed with his claims and would lose his ability to recover compensation for the injuries he sustained as a result of negligence by Debtor's employee while driving a vehicle owned by the Debtor. Movant is an innocent party who suffered significant injuries; as a result, Movant should be entitled to recover compensation for said injuries from the Debtor.

"A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate: The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships." In re Bock Laundry Machine Co., 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); In re 15375 Memorial Corp., 382 B.R. at 690 (lifting stay because, among other reasons, movant was "prejudiced by the lapse of time in terms of its ability to effectively prosecute its claims"); see also In re Robertson, 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000). The automatic stay has caused significant hardship to the Movant since he has been unable to litigate his claims resulting from an incident that occurred approximately six (6) years ago. The balance of the hurt clearly weighs in favor of granting the Motion.

C. Lifting the Automatic Stay and Modifying the Plan Injunction Will Be in the Best Interest of Justice

Aside from the factors discussed above, the interest of justice weighs in favor of granting the instant Motion. Debtor, who employed and who owned the vehicle driven by Mr. Mello (the defendant driver who caused the incident), should not escape liability for the negligence of its

employee due to the bankruptcy that was filed for reasons unrelated to the incident. Allowing the automatic stay to continue, as well as the injunction set forth in the confirmed Plan, and forcing Movant to pause his State Court Lawsuit indefinitely would allow Debtor (which has sufficient means to pay for the injuries caused to Movant) to benefit from the negligent actions of its employee against Movant, an innocent party. Movant should be given his "day in court". For these reasons, relief from the automatic stay pursuant to 11 U.S.C. 362(d)(1) should be granted.

## III. THE COURT SHOULD ABSTAIN AND ALLOW MOVANT'S CLAIM TO BE LITIGATED AT THE SUPERIOR COURT

In addressing whether the Court should abstain from hearing Movant's claim, the Court must first consider whether it has jurisdiction over Movant's Claims. The Court has jurisdiction under the "related to" prong of 28 U.S.C. § 1334(b). The second statute to consider is 28 U.S.C. § 1334(c). This section provides for discretionary abstention and mandatory abstention. Because the Claims relate to labor law and discrimination, mandatory abstention pursuant to § 1334(c)(2) is not applicable. Id. The Court, though, may in its discretion abstain from hearing Movant's claim pursuant to the discretionary abstention principles set out in § 1334(c)(1). Id. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State Court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In In re Tucson Estates, Inc., 912 F.2d at 1166-67, the Ninth Circuit set out these factors to consider in determining whether to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with

enforcement left to the bankruptcy court, (9) burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

Applying these factors, this Court's abstention would promote the efficient administration of the estate. Abstention would relieve this Court of the burden of the lawsuit that Movant had filed approximately four (4) years ago. Second, the claims only involve state law issues better litigated in state court. Third, the law applicable to the claims may not be difficult for the Superior Court because it is California law. Forth, the claims will be in a related proceeding already commenced in state court. Fifth, there is no jurisdictional basis other than § 1334. Sixth, there is little relationship between the claims and the main bankruptcy case. Seventh, the claims (and the State Court Lawsuit) are not "core" proceedings. Eighth, it would be feasible to sever the state law claims from the core bankruptcy matters to allow judgment to be entered in the Superior Court with enforcement left to this Court; there are no core matters. Ninth, this Court's docket is already overly burdened with all matters entered in this bankruptcy; thus, it would benefit all to leave all of Movant's claims to the Superior Court. The tenth factor does not apply; no one contends the Debtors engaged in forum shopping by their bankruptcy filing. The eleventh factor applies in favor of abstention; all the parties to the claims have a right to a jury trial. The twelfth factor also applies in favor of abstention since there is one (1) non-debtor party who had actually caused the incident resulting in the personal injuries to Movant. Thus, the factors weigh wholly in favor of abstention.

### IV. BANKRUPTCY RULE 4001(a)(3) SHOULD BE WAIVED

Should the Court grant this Motion, there is cause to waive any waiting period that may be imposed by Bankruptcy Rule 4001(a)(3). There is no reason to allow for an additional waiting period after entry of a relief Order, as granting the instant Motion will not have an immediate effect on the Debtor. For this reason, Movant requests that the Court waive the waiting period

pursuant to Bankruptcy Rule 4001(a)(3).

## V. CONCLUSION

For the reasons set forth above, sufficient cause exists for granting the instant Motion. Movant requests that this Court issue an Order granting relief from the automatic stay and modifying any injunction in Debtor's confirmed Chapter 11 Plan prohibiting Movant from proceeding with its State Court Lawsuit; alternatively, Movant requests that the Court enter an order abstaining, permitting Movant to proceed to final judgment in his State Court Lawsuit. Movant further requests a waiver of the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3).

Respectfully Submitted,

DATED: May 13, 2021                                    KATZ LAW, APC

By: _____
LIOR KATZ
Attorney for Movant