

**Signed and Filed: May 17, 2021**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>    - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>    Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

### ORDER REGARDING QUESTIONS BY THERESA ANN MCDONALD

On April 29, 2021, counsel for Justice John Trotter (Ret.), Trustee, filed a *Notice of Filing of Annual Report of Fire Victim Trust and Claims Report of Fire Victim Trust Pursuant to Fire Victim Trust Agreement* (Dkt. No. 10601). Since then, Ms. Theresa Ann McDonald and the Trustee have filed the following documents:

- *Emergency Pleading: Request for Explanation of More Than $12.7 Million Discrepancy in the Cash Due to the Fire Victim Trust From PG&E and the Cash Received From PG&E as Reported in the Annual Reports Financial Statements and Notes* (Dkt. No. 10607).
- *Response of Fire Victim Trustee to Emergency Pleading of Theresa McDonald Seeking Explanation of Fire Victim Trust Annual Report* (Dkt. No. 10619).
- *Reply (signed version) of Theresa McDonald* (Dkt. No. 10648).

For the most part, Ms. McDonald is taking issue with some of the Trustee's accounting and the Trustee has responded, but apparently not to Ms. McDonald's satisfaction.

While the court appreciates Ms. McDonald's taking the initiative to bring up issues to the court's attention and the Trustee's effort in responding to Ms. McDonald in a prompt manner, a back and forth debate on the docket is neither efficient nor productive.

A preferable option is for an accountant or financial person, not one of the Trustee's attorneys, to set up an informal meet and confer session by telephonic or video conference with Ms. McDonald to discuss her concerns and attempt to provide a satisfactory explanation to her. If she is not satisfied with such an explanation, or believes that something is amiss and merits court intervention, she may have her day in court and be heard. But if that occurs, she must follow the national and local rules governing the procedures for obtaining relief by

filing a proper motion, on proper notice.[1]  She may also refer to the *Second Amended Order Implementing Certain Notice and Case Management Procedures* (Dkt. No. 1996).

Ms. McDonald also added at the end of her last filing:

> "Finally, I need to repeat my request that the court reconsider its decision to deny Trust Beneficiaries access to the Trust's financial records. We should have the ability to require a full accounting from the Trustee, without having to spend the court's valuable time serving as a mediator. The Trust was established for our benefit. We should be able to see how it is being managed."

This is not a proper request for reconsideration, and the court will not act on it.  This, too, requires a properly noticed motion for reconsideration, with citation to appropriate authorities and specifically to any applicable provisions of the Fire Victim Trust or other document that would entitle her to such relief.

**\*\*END OF ORDER\*\***

---

[1] See, https://www.canb.uscourts.gov/procedures/local-rules.

COURT SERVICE LIST

Theresa Ann McDonald
5044 Russell Drive
Paradise, CA  95969