```
 1  KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
 2  (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
 3  (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
 4  (jkim@kbkllp.com)
    650 California Street, Suite 1900
 5  San Francisco, CA 94108
    Tel: 415 496 6723
 6  Fax: 650 636 9251
 7
    Attorneys for Debtors and Reorganized Debtors
 8
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS)**<br><br>**Response Deadline:**<br>**June 16, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, the "**Debtors**," or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Eightieth Omnibus Objection (the "**Objection**") to the claims identified in the column headed "Claim/Schedule To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

**III. RELIEF REQUESTED**

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(5), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging claims that the Reorganized Debtors have determined were satisfied or released during or prior to the commencement of these Chapter 11 Cases

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

in accordance with the Bankruptcy Code, any applicable rules, or Court orders (the "**Satisfied Claims**"). The Satisfied Claims are identified on **Exhibit 1**, in the columns headed "Claim/Schedule To Be Disallowed and Expunged," and are classified in the "Basis for Objection" column as:

(1) "Cure Payments," referring to Claims paid in their entirety as a cure as part of the assumption of an executory contract or unexpired leased that was assumed during the bankruptcy proceeding or on the Effective Date pursuant to the Plan and Confirmation Order.

(2) "Customer Program Rebates," referring to Claims asserting prepetition rebate obligations under the Debtors' customer programs, including the California Solar Initiative and solar programs, the Clean Energy Transportation Programs, the Energy Efficiency Programs, the Self-Generation Incentive Program, and various other small rebate programs.[2] These rebates were paid by the Debtors pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfer* [Docket No. 843].

(3) "Other Satisfied," referring to claims that have otherwise been satisfied prior to or during the pendency of these Chapter 11 Cases, in some cases by payments pursuant to an order granting one of the Debtors' first day motions.

The Reorganized Debtors request that the Satisfied Claims be disallowed and expunged.

**IV.   ARGUMENT**

   **A.   The Satisfied Claims Should be Disallowed and Expunged**

Bankruptcy Rule 3007 permits a debtor to object to more than one claim if "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5). Bankruptcy Rule 3007(e) requires that an omnibus objection must list the claimants alphabetically and by cross-reference to claim numbers. Each of the Satisfied Claims

---

[2] More information about these customer programs is set forth in the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a)(7) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfer* [Docket No. 16].

identified on **Exhibit 1** has been satisfied prior to or over the course of the Chapter 11 Cases. Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Satisfied Claims. The Reorganized Debtors request that the Court disallow and expunge the Satisfied Claims in their entirety.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Satisfied Claims already have been satisfied prior to or over the course of the Chapter 11 Cases and, therefore, should be disallowed and

---

[3] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States has been further extended by stipulation and order [Docket Nos. 10459, 10463].

expunged.  If any Claimant believes that a Satisfied Claim has not been satisfied in full, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the claims listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection.  A separate notice and hearing will be scheduled for any such objections.  Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Satisfied Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Satisfied Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  The Reorganized Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 20, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
  Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*