```
1   KELLER BENVENUTTI KIM LLP
    Tobias S. Keller (#151445)
2   (tkeller@kbkllp.com)
    Peter J. Benvenutti (#60566)
3   (pbenvenutti@kbkllp.com)
    Jane Kim (#298192)
4   (jkim@kbkllp.com)
    650 California Street, Suite 1900
5   San Francisco, CA 94108
    Tel: 415 496 6723
6   Fax: 650 636 9251
```

*Attorneys for Debtors and Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>June 16, 2021, 4:00 p.m. (PT)<br><br>**Hearing Information If Timely Response Made:**<br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>   United States Bankruptcy Court<br>   Courtroom 17, 16th Floor<br>   San Francisco, CA 94102 |

**TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:**

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Eighty-Second Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claim To Be Disallowed and Expunged" on **Exhibit 1** annexed hereto.

### I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

### II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and Customers, and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943].

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(6), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order disallowing and expunging Proofs of Claim filed by certain of the Reorganized Debtors' Customers that do not state a basis for the Claim or do not provide sufficient supporting

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

documentation, such that the Reorganized Debtors have been unable to determine validity of the Claim (the "**Customer No Liability Claims**"). The Customer No Liability Claims are identified on **Exhibit 1**, in the columns headed "Claim To Be Disallowed and Expunged."

In connection with the Bar Date Order, the Debtors served specially tailored and customized notices of the Bar Date (the "**Customer Bar Date Notice**") together with Proof of Claim forms on all of the Utility's nearly 6.2 million customers (each, a "**Customer**"). *See* Dkt. No. 4687. The Customer Bar Date Notice made clear that Customers were not required to file Proofs of Claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items.

Each of the Customer No Liability Claims was filed by a Customer of the Utility, however, after reviewing their books and records and the limited information submitted with the Proofs of Claim, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims. As set forth in the McWilliams Declaration, Part 2, Question 8 of the Court-approved Proof of Claim form asks "What is the basis of the claim?" It lists several examples and instructs Claimants to attach documents supporting the Claim as required by Bankruptcy Rule 3001(c). In most cases, the Customer No Liability Claims do not provide an answer to this question, nor do they attach any relevant supporting documentation. In some cases, the Customer No Liability Claims provide an answer, but it is one of the examples provided (*e.g.*, "good[s] sold") without additional explanation or relevant supporting documentation. In other cases, the answer is filled out but does not provide a basis for the Reorganized Debtors to analyze liability (*e.g.*, "?", "don't know," "PGE bankruptcy," or "personal loss"). In these cases as well, no relevant supporting documentation was provided.

The Reorganized Debtors' personnel conducted a rigorous review of their records to attempt to determine any basis under which the Reorganized Debtors might be liable for the Customer No Liability Claims. First, the Reorganized Debtors' Billing Operations Department established that all Claimants were current or former Customers of the Utility and confirmed that there were no outstanding prepetition billing issues relating to these Customers. Second, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked these Claims against records maintained with respect to non-energy billing, security deposits, rebates, and refunds and confirmed that they did not correspond to known prepetition claims. Third, the Reorganized

Debtors' Customer Relations Department cross-checked the Claims against complaints made to the California Public Utilities Commission. Finally, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims. Any matches have been excluded and are not the subject of this Objection.

Accordingly, for the reasons set forth herein, the Customer No Liability Claims should be disallowed and expunged. In accordance with the Bar Date Order, to the extent it is later determined that any of the Customer No Liability Claims represent Customer claims limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items such matters will be resolved in the ordinary course, and the disallowance and expungement of Customer No Liability Claims as requested here will not preclude such ordinary course customer claims.

## IV. ARGUMENT

### A. The Customer No Liability Claims Should Be Disallowed and Expunged

Bankruptcy Rule 3007(d)(6) states that a debtor may object on an omnibus basis to claims that "were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6). The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the claims' validity, the Debtors have no other information to support the claims' validity, and the Debtors deny liability on that basis." Omnibus Objections Procedures Order, ¶2(C)(iv). The Reorganized Debtors and their professionals have reviewed their books and records in connection with each of the Customer No Liability Claims identified on **Exhibit 1** and have been unable to determine any liability or basis for the asserted Claims and/or they do not provide sufficient information or supporting documents to establish prima facie (or any) evidence of their validity. This Court previously has ruled against debtors arguing that a claim providing insufficient documentation was in and of itself subject to disallowance. *See Heath v. Am. Express Travel Related Servs. Co. (In re Heath),* 331 B.R. 424 (B.A.P. 9th Cir. 2005) (Montali, J.); *Campbell v. Verizon Wireless S-CA (In re*

*Campbell)*, 336 B.R. 430 (B.A.P. 9th Cir. 2005) (Montali, J.). Rather than simply arguing that the Customer No Liability Claims are subject to disallowance because they do not provide any evidentiary support, the Reorganized Debtors and their professionals have conducted the detailed analysis described above to attempt to discern the basis on which the Customer No Liability Claims assert liability, to no avail. Accordingly, the Reorganized Debtors have no choice but to deny liability with respect to the Customer No Liability Claims because there is no additional research that can be conducted that might yield a basis for liability.

Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Customer No Liability Claims.

### B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02 at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting

---

[2] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No. 10494]. The deadline with respect to Claims of the United States has been further extended by stipulation and order [Docket Nos. 10459, 10463].

King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Customer No Liability Claims do not comply with the requirements for a proof of claim in that they lack required information or documents necessary to establish prima facie evidence of the Claims' validity. The Reorganized Debtors have been unable to locate any information that would support the Claims' validity, and therefore deny liability. The Reorganized Debtors therefore submit that the Customer No Liability Claims should be disallowed and expunged in their entirety. If any Claimant believes that a Customer No Liability Claim is valid, it must present affirmative evidence demonstrating the validity of that claim.

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve the right to object to the Customer No Liability Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the No Liability Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 20, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*