KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                      **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY CLAIMS)**<br><br>**Response Deadline:**<br>**June 16, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>        United States Bankruptcy Court<br>        Courtroom 17, 16th Floor<br>        San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC ("**APS**"). APS was previously retained to provide interim management services to Pacific Gas and Electric Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," or, as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Seventy-Fourth Omnibus Objection to Claims (Satisfied Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

1 AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records. AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of Proofs of Claim filed by Customers that do not state a basis for the Claim and do not provide any supporting documentation, such that the Reorganized Debtors have been unable to determine the validity of the Claim, and accordingly deny liability. The Omnibus Objections are directed to those Proofs of Claim, which are identified in **Exhibit 1** to each Omnibus Objection, in the column headed "Claims To Be Disallowed and Expunged," and referred to in the Omnibus Objections as "Customer No Liability Claims." **Exhibit 1** to each Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

5. I am informed and believe that the Reorganized Debtors have been able to discern that Each of the Customer No Liability Claims was filed by a Customer of the Utility, however, after reviewing their books and records and the limited information submitted with the Proofs of Claim, the Reorganized Debtors are unable to determine any liability or basis for the asserted Claims.

6. Part 2, Question 8 of the Court-approved Proof of Claim form asks "What is the basis of the claim?" It lists several examples and instructs Claimants to attach documents supporting the Claim as required by Bankruptcy Rule 3001(c). In most cases, the Customer No Liability Claims do not provide an answer to this question, nor do they attach any relevant supporting documentation. In some cases, the Customer No Liability Claims provide an answer, but it is one of the examples provided (*e.g.*,

"good[s] sold") without additional explanation or relevant supporting documentation. In other cases, the answer is filled out but does not provide a basis for the Reorganized Debtors to analyze liability (*e.g.*, "?", "don't know," "PGE bankruptcy," or "personal loss"). In these cases as well, no relevant supporting documentation was provided.

7. I am informed and believe that the Reorganized Debtors/ personnel conducted a rigorous review of their records to attempt to determine any basis under which the Reorganized Debtors might be liable for the Customer No Liability Claims. First, the Reorganized Debtors' Billing Operations Department established that all Claimants were current or former Customers of the Utility and confirmed that there were no outstanding prepetition billing issues relating to these Customers. Second, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked these Claims against records maintained with respect to non-energy billing, security deposits, rebates, and refunds and confirmed that they did not correspond to known prepetition claims. Third, the Reorganized Debtors' Customer Relations Department cross-checked the Claims against complaints made to the California Public Utilities Commission. Finally, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims. Any matches have been excluded and are not the subject of these Objections.

8. If not disallowed and expunged, the Customer No Liability Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this twentieth day of May, 2021.

*/s/ Robb McWilliams*
Robb McWilliams