| | KELLER BENVENUTTI KIM LLP
1 | Tobias S. Keller (#151445)
2 | (tkeller@kbkllp.com)
  | Peter J. Benvenutti (#60566)
3 | (pbenvenutti@kbkllp.com)
  | Jane Kim (#298192)
4 | (jkim@kbkllp.com)
  | 650 California Street, Suite 1900
5 | San Francisco, CA 94108
6 | Tel: 415 496 6723
  | Fax: 650 636 9251
7 |
  | *Attorneys for Debtors and Reorganized Debtors*
8 |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**REORGANIZED DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY / PASSTHROUGH CLAIMS)**<br><br>**Response Deadline:**<br>**June 16, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date: June 30, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Telephonic Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 17, 16th Floor<br>      San Francisco, CA 94102 |

TO: (A) THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE; (B) THE OFFICE OF THE UNITED STATES TRUSTEE; (C) THE AFFECTED CLAIMANTS; AND (D) OTHER PARTIES ENTITLED TO NOTICE:

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and reorganized debtors (collectively, "**PG&E**" or the "**Debtors**" or as reorganized pursuant to the Plan (as defined below), the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submit this Eighty-Third Omnibus Objection (the "**Objection**") to the Proofs of Claim (as defined below) identified in the column headed "Claim To Be Expunged" on **Exhibit 1** annexed hereto.

## I. JURISDICTION

This Court has jurisdiction over this Objection under 28 U.S.C. §§ 157 and 1334; the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.); and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "**Bankruptcy Local Rules**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are section 502 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**").

## II. BACKGROUND

On January 29, 2019 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. Prior to the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in either of the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the *Amended Declaration of Jason P. Wells in Support of the First Day Motions and Related Relief* [Docket No. 263].

On July 1, 2019, the Court entered the *Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors* [Docket No. 2806] (the "**Bar Date Order**"). The Bar Date Order set the deadline to file all proofs of claim (each, a "**Proof of Claim**") in respect of any prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including all claims of Fire Claimants (as defined therein), Wildfire Subrogation Claimants (as defined therein), Governmental Units (as defined in section 101(27) of the Bankruptcy Code), and the Debtors' customers (the "**Customers**"), and for the avoidance of doubt, including all secured claims and priority claims, against either of the Debtors as October 21, 2019 at 5:00 p.m. Pacific Time (the "**Bar Date**"). The Bar Date later was extended solely with respect to unfiled, non-governmental Fire Claimants to December 31, 2019 [Docket No. 4672][1]; and subsequently with respect to certain claimants that purchased or acquired the Debtors' publicly held debt and equity securities and may have claims against the Debtors for rescission or damages to April 16, 2020 [Docket No. 5943]. Pursuant to Paragraph 3(o) of the Bar Date Order, any Customer whose claim was limited exclusively to ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items was not required to file a Proof of Claim.

By Order dated June 20, 2020 [Dkt. No. 8053], the Bankruptcy Court confirmed the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization Dated June 19, 2020* (as may be further modified, amended or supplemented from time to time, and together with any exhibits or scheduled thereto, the "**Plan**"). The Effective Date of the Plan occurred on July 1, 2020 (the "**Effective Date**"). *See* Dkt. No. 8252.

### III. RELIEF REQUESTED

The Reorganized Debtors file this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007(d)(6), Bankruptcy Local Rule 3007-1, and the *Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) the Form and Manner of the Notice of Omnibus*

---

[1] The claims of Fire Claimants will be administered through the Fire Victim Trust and the claims of Wildfire Subrogation Claimants through the Subrogation Wildfire Trust in accordance with the Plan.

*Objections*, dated June 30, 2020 [Docket No. 8228] (the "**Omnibus Objections Procedures Order**"), seeking entry of an order expunging Proofs of Claim filed by certain Customers that will be resolved in the ordinary course (the "**Customer No Liability / Passthrough Claims**"). The Customer No Liability / Passthrough Claims are identified on **Exhibit 1**, in the columns headed "Claims To Be Expunged."

As the Court is aware, in connection with the Bar Date Order, the Debtors served specially tailored and customized notices of the Bar Date (the "**Customer Bar Date Notice**") together with Proof of Claim forms on all of the Utility's nearly 6.2 million customers. *See* Docket Nos. 2806, 3159. The simpler Customer Bar Date Notice made clear that Customers were not required to file Proofs of Claim for ordinary and customary refunds, overpayments, billing credits, deposits, or similar billing items. The Customer No Liability / Passthrough Claims listed on **Exhibit 1** arise from either (1) Customer Security Deposits[2] or (2) Claims that arise from Customer Billing Disputes (here, "**Energy Billings**").

The Reorganized Debtors' personnel conducted a rigorous review of their records to confirm that the holders of the Customer No Liability / Passthrough Claims did not hold any valid non-ordinary course prepetition Claims. First, the Reorganized Debtors and their advisors either established that all Claimants were current or former Customers of the Utility or that the Claims sought amounts solely arising from Customer Security Deposits or Energy Billings. Next, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked these Claims against records maintained with respect to non-energy billing issues and confirmed that they did not correspond to known prepetition claims relating to these Customers. Third, the Reorganized Debtors' Customer Relations Department cross-checked the Claims against complaints made to the

---

[2] As defined in the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 16], "Security Deposits" are those Deposits required for certain customers to demonstrate sufficient creditworthiness prior to the Debtors providing gas and electric services. Security Deposits are credited to customer accounts or refunded directly to customers if (a) a Customer has no more than two past-due bills during the twelve-month period after commencing service and/or has not had service otherwise discontinued for non-payment during such twelve-month period; (b) a Customer voluntarily discontinues service; or (c) a Customer otherwise meets the Debtors' criteria for creditworthiness and requests the return of a Security Deposit.

California Public Utilities Commission and excluded any claims where a formal complaint was also filed. Finally, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims. Any matches have been excluded and are not the subject of this Objection.

Accordingly, for the reasons set forth herein, the Customer No Liability / Passthrough Claims should be expunged because, in accordance with the Bar Date Order, they will be resolved in the ordinary course.

IV. ARGUMENT

A. The Customer No Liability / Passthrough Claims Should Be Expunged

The Omnibus Objections Procedures Order supplemented Bankruptcy Rule 3007(d) to permit the Reorganized Debtors to file objections to more than one claim if "[t]he claims seek recovery of amounts for which the Debtors are not liable." Omnibus Objections Procedures Order, ¶2(C)(iii). The Reorganized Debtors and their professionals have reviewed each of the Customer No Liability / Passthrough Claims identified on **Exhibit 1** and have determined that each such Claim does not represent a current right to payment because it will be resolved in the ordinary course.

If not expunged, the Customer No Liability / Passthrough Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled. Each of the Claimants is listed alphabetically, and the claim number and amount are identified in accordance with Bankruptcy Rule 3007(e). Furthermore, in accordance with the Omnibus Objections Procedures Order, the Reorganized Debtors have sent individualized notices to the holders of each of the Customer No Liability / Passthrough Claims.

B. The Claimants Bear the Burden of Proof

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim

---

[3] Upon the Reorganized Debtors' request, the deadline under Section 7.1 of the Plan for the Reorganized Debtors to bring objections to Claims initially was extended through and including June 26, 2021 (except for Claims of the United States, which deadline was extended to March 31, 2021) [Docket No. 9563]. That deadline has been further extended through December 23, 2021, except for Claims of the California Department of Forestry and Fire Protection, which deadline was extended to September 30, 2021, without prejudice to the right of the Reorganized Debtors seek further extensions thereof [Docket No.

may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), quoting 3 L. King, *Collier on Bankruptcy* § 502.02at 502-22 (15th ed. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence," *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)), *aff'd without opinion* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623 (quoting King, *Collier on Bankruptcy*); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (BAP 9th Cir. 1993); *In re Fidelity Holding Co.,* 837 F.2d 696, 698 (5th Cir. 1988).

As set forth above, the Reorganized Debtors submit that the Customer No Liability / Passthrough Claims will be resolved in the ordinary course and do not represent a current right to payment such that they should be expunged in their entirety. If any Claimant believes that a Customer No Liability / Passthrough Claim is valid or otherwise represents a current right to payment, it must present affirmative evidence demonstrating the validity of that Claim

## V. RESERVATION OF RIGHTS

The Reorganized Debtors hereby reserve the right to object, as applicable, in the future to any of the Proofs of Claim listed in this Objection on any ground, and to amend, modify, or supplement this Objection to the extent an objection to a claim is not granted, and to file other objections to any proofs of claims filed in these cases, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtors, regardless of whether such claims are subject to this Objection. A separate notice and hearing will be scheduled for any such objections. Should the grounds of objection specified herein be overruled, wholly or in part, the Reorganized Debtors reserve

---

10494]. The deadline with respect to Claims of the United States has been further extended by stipulation and order [Docket Nos. 10459, 10463].

the right to object to the Customer No Liability / Passthrough Claims on any other grounds that the Reorganized Debtors may discover or deem appropriate.

## VI. NOTICE

Notice of this Objection will be provided to (i) holders of the Customer No Liability / Passthrough Claims; (ii) the Office of the U.S. Trustee for Region 17 (Attn: Andrew R. Vara, Esq. and Timothy Laffredi, Esq.); (iii) all counsel and parties receiving electronic notice through the Court's electronic case filing system; and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Reorganized Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of an order granting (i) the relief requested herein as a sound exercise of the Reorganized Debtors' business judgment and in the best interests of their estates, creditors, shareholders, and all other parties interests, and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: May 20, 2021

**KELLER BENVENUTTI KIM LLP**

By: _/s/ Dara L. Silveira_
      Dara L. Silveira

*Attorneys for Debtors and Reorganized Debtors*