KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Attorneys for Debtors and Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PG&E CORPORATION,**<br><br>     - and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>    Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case) (Jointly Administered)<br><br>**DECLARATION OF ROBB MCWILLIAMS IN SUPPORT OF REORGANIZED DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (CUSTOMER NO LIABILITY / PASSTHROUGH CLAIMS)**<br><br>**Response Deadline:**<br>**June 16, 2021, 4:00 p.m. (PT)**<br><br>**Hearing Information If Timely Response Made:**<br>Date:  June 30, 2021<br>Time:  10:00 a.m. (Pacific Time)<br>Place:  (Telephonic Appearances Only)<br>          United States Bankruptcy Court<br>          Courtroom 17, 16th Floor<br>          San Francisco, CA 94102 |

I, Robb C. McWilliams, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director at the firm of AlixPartners, LLP ("**AlixPartners**"), which is an affiliate of both AlixPartners, LLC and AP Services, LLC, ("**APS**"). APS was previously retained to provide interim management services to PG&E Corporation and Pacific Gas and Electric Company, as debtors and reorganized debtors (collectively, the "**Debtors**," and as reorganized pursuant to the Plan, the "**Reorganized Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this Declaration in support of the *Reorganized Debtors' Eighty-Third Omnibus Objections to Claims (Customer No Liability / Passthrough Claims)* (the "**Omnibus Objection**"),[1] filed contemporaneously herewith.

2. In my current position, I am responsible for overseeing the Bankruptcy Case Management component of AlixPartners' assignment to assist the Reorganized Debtors with various matters related to these Chapter 11 Cases. My area of responsibility includes the effort by AlixPartners, in coordination with the Reorganized Debtors, to review and assess the validity of all claims asserted against the Debtors, other than (a) Fire Claims and Subrogation Wildfire Claims and (b) providing limited support with respect to Securities Claims. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, the knowledge of other AlixPartners professionals working under and alongside me on this matter, my discussions with the Reorganized Debtors' personnel, the Reorganized Debtors' various other advisors and counsel, and my review of relevant documents and information prepared by the Reorganized Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this declaration on behalf of the Reorganized Debtors.

3. The AlixPartners team under my supervision has been actively and intimately involved in the claims review and reconciliation process since shortly after the filing of these Chapter 11 Cases.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Omnibus Objection.

AlixPartners initially assisted the Debtors in the preparation of their bankruptcy schedules based on the Debtors' books and records. As claims were filed, AlixPartners coordinated with the Debtors the process of reconciling filed claims with the Debtors' schedules and books and records to determine the validity of filed claims based on those schedules and books and records AlixPartners has developed and maintains a claims reconciliation database and various data management applications that are used by the Reorganized Debtors and AlixPartners to identify both valid claims as well as claims that are not valid in whole or in part and the appropriate grounds for objection to such claims. AlixPartners is now supporting, and will continue to support, the efforts of the Reorganized Debtors and their counsel to resolve disputed claims, including by formal objections as necessary.

4. As part of the claims review and reconciliation process described above, the AlixPartners team, working with the Reorganized Debtors' personnel and other professionals, has identified a number of Proofs of Claim filed by Customers that arise from either (1) Customer Security Deposits[2] or (2) Claims that arise from Customer Billing Disputes (here, "**Energy Billings**"). The Omnibus Objection is directed to those Proofs of Claim, which are identified in **Exhibit 1** to each Omnibus Objection, in the column headed "Claims To Be Expunged," and referred to in the Omnibus Objections as "Customer No Liability / Passthrough Claims." **Exhibit 1** to the Omnibus Objection was prepared by the AlixPartners team under my overall supervision, and I am familiar with both documents, their contents, and the process under which they were prepared.

5. Customers were not required to file Proof(s) of Claim for Energy Billings. The Customer No Liability / Passthrough Claims will be resolved in the ordinary course, and do not represent a current right to payment.

---

[2] As defined in the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 507(a) and Fed. R. Bankr. P. 6003 and 6004 for Interim and Final Orders (I) Authorizing Debtors to (A) Maintain and Administer Customer Programs, Including Public Purpose Programs, and (B) Honor Any Prepetition Obligations Relating Thereto; and (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 16], "Security Deposits" are those Deposits required for certain customers to demonstrate sufficient creditworthiness prior to the Debtors providing gas and electric services. Security Deposits are credited to customer accounts or refunded directly to customers if (a) a Customer has no more than two past-due bills during the twelve-month period after commencing service and/or has not had service otherwise discontinued for non-payment during such twelve-month period; (b) a Customer voluntarily discontinues service; or (c) a Customer otherwise meets the Debtors' criteria for creditworthiness and requests the return of a Security Deposit.

6. I am informed and believe that the Reorganized Debtors' personnel conducted a rigorous review of their records to confirm that the holders of the Customer No Liability / Passthrough Claims did not hold any valid non-ordinary course prepetition Claims. First, the Reorganized Debtors and their advisors either established that all Claimants were current or former Customers of the Utility or that the Claims sought amounts solely arising from Customer Security Deposits or Energy Billings. Second, the Reorganized Debtors' Customer Fund Management and Customer Energy Solutions Program Operations Departments cross-checked these Claims against records maintained with respect to non-energy billing issues and confirmed that they did not correspond to known prepetition claims relating to these Customers. Third, the Reorganized Debtors' Customer Relations Department cross-checked the Claims against complaints made to the California Public Utilities Commission and excluded any claims where a formal complaint was also filed. Finally, the Reorganized Debtors and their professionals checked Claimants' names against parties with known litigation claims, Fire Victim Claims, and other property damage claims. Any matches have been excluded and are not the subject of this Objection.

7. If not expunged, the Customer No Liability / Passthrough Claims potentially could allow the applicable Claimants to receive recoveries to which they are not entitled.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this twentieth day of May, 2021.

*/s/ Robb McWilliams*
Robb McWilliams