**Entered on Docket
May 24, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



Signed and Filed: May 24, 2021

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>   - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>     Reorganized Debtors.<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and<br>    Electric Company<br>☒ Affects both Debtors<br><br>* All papers shall be filed in the Lead Case, No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088-DM<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER REGARDING CLAIM OF EDGAR PERRY**

Mr. Edgar Perry has filed three proofs of claim in these cases, each in the amount of $3,000, as follows:

| Date | Claim Amount | Proof of Claim # |
|---|---|---|
| 8/14/2019 | $3,000 | # 7087 |
| 12/11/2019 | $3,000 | # 92615 |
| 7/23/2020 | $3,000 | # 106185 |

The three claims appear to be identical, and all assert damages to Mr. Perry's property arising from tree trimming.

At a hearing on November 17, 2020, counsel for Reorganized Debtors argued that Claim # 92615, that had been objected to as part of the Nineteenth (19th) Omnibus Claims Objection, was duplicative of Claim # 106185, so the earlier claim was disallowed. Mr. Perry appeared telephonically and did not object. Counsel for Reorganized Debtors did not mention that Claim # 106185 had not been filed until July 23, 2020.

As part of the Fortieth (40th) Omnibus Claims Objection, Reorganized Debtors objected to Mr. Perry's Claim # 7087 on the basis that the Reorganized Debtors are not liable for the claim. The last day for claimants to respond was December 1, 2020. Mr. Perry did not respond, so that claim was disallowed by order filed December 18, 2020 at Dkt. No. 9866.

Now, as part of the Seventy-Seventh (77th) Omnibus Claims Objection, Reorganized Debtors contend that Mr. Perry's Claim # 106185 should be disallowed as untimely. This is unacceptable and will not be permitted. Mr. Perry has appeared *in pro se* and should not have been misled, whether intentionally or inadvertently, about this anomalous result. His timely filed claim should not have been disallowed as duplicative, or his later claim should be allowed as a timely amendment of the original claim.

Based upon this record, there is no pending objection to Mr. Perry's singular claim, regardless of which claim number applies. As an allowed claim, it should be paid unless there is a substantive objection. See 11 U.S.C. § 502(a).

Accordingly, the court is dropping the May 26, 2021 hearing on the claim objection as to Mr. Perry's claim and giving Reorganized Debtors twenty days from the date of entry of this order to object on any ground other than timeliness or duplication. If they do not object, the claim should be paid promptly. Because of this size of this claim, it should not be referred to mediation under the General ADR Procedures as referenced in the court's *Order Approving ADR and Related Procedures for Resolving General Claims* of September 25, 2020 (Dkt. No. 9148).

**\*\*END OF ORDER\*\***

| | |
|---|---|
| 1 | <u>COURT SERVICE LIST</u> |
| 2 | |
| 3 | Edgar Perry<br>2540 Market Avenue |
| 4 | San Pablo, CA  94806-4542 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |